**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SOROKER – AGMON AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM
COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
MAY 1, 2013 THROUGH JULY 31, 2013**

Soroker - Agmon ("Soroker"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $187,952.44 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $74.34 for the period from May 1, 2013 through July 31, 2013 (the "Compensation Period"). In support of the Application, Soroker respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on September 20, 2011, Soroker has served as special counsel for the Trustee.

4. On December 7, 2011, this Court entered an order approving the Trustee's motion for authority to retain Soroker as special counsel to the Trustee in matters pertaining to Israel *nunc pro tunc* to September 20, 2011.

5. The Trustee's motion to retain Soroker established a fee arrangement pursuant to which Soroker agreed to a fee reduction in the amount of 10%. Soroker also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SOROKER

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. Soroker provided legal research and advice regarding third party actions pending in Israel.

2

8.  Soroker provided advice to the Trustee on Israeli law in connection with Israeli defendants and pending actions in Israel. Soroker provided advice to the Trustee on Israeli law in connection with potential actions against Israeli subsequent transferees.

## COMPENSATION REQUESTED

9.  The Application demonstrates how Soroker has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

10. Soroker has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

11. From May 1, 2013 through July 31, 2013, Soroker provided a total of 515.7 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $176,979.70 and the total blended rate for professional services was $343.18/hour. After applying the 10% discount, the total fees incurred is $159,281.73 and the total blended rate is $308.87/hour. Soroker's fees are also subject to an 18% value added tax. After applying the 18% value added tax to the discounted fees in the amount of $28,670.71, the total compensation requested is $187,952.44. Soroker has agreed to a further 20% holdback of fees in the amount of $37,590.49 resulting in the present request for compensation in the amount of $150,361.95.

12. A breakdown of the total number of hours performed by each Soroker timekeeper is provided on **Exhibit A** annexed hereto.

13. Soroker seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $63.00. Some of Soroker out-of-pocket expenses are subject to a 18% value added tax. After applying

3

the 18% value added tax to certain out-of-pocket expenses in the amount of $11.34, the total out-of-pocket expenses incurred are $74.34. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### III. **GENERAL MATTERS**

14. All of the professional services for which compensation is requested herein were performed by Soroker for and on behalf of the Trustee and not on behalf of any other person or entity.

15. No agreement or understanding exists between Soroker and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Soroker with compensation for the legal services described herein.

16. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

17. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Soroker (*see* SIPA § 78fff-3(b)(2)).

4

18. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

19. Therefore, with respect to this Application, Soroker requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Soroker expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Soroker respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $187,952.44, of which $150,361.95 is to be paid currently and $37,590.49 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Soroker to the Trustee from May 1, 2013 through July 31, 2013; and

c. Allowing payment to Soroker in the amount of $74.34 for reimbursement of expenses incurred by Soroker from May 1, 2013 through July 31, 2013; and

      d.      Granting Soroker such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 21, 2013

Soroker-Agmon

By: *s/Jonathan Agmon*
Jonathan Agmon
Nolton House
14 Shenkar Street
P.O.B. 12425 Herzliya 46725
Israel
Telephone: +972-9-950-7000

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF SOROKER - AGMON FOR SERVICES RENDERED
## FOR THE PERIOD MAY 1, 2013 THROUGH JULY 31, 2013

| Professional | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Jonathan Agmon | $445.00 | 162.7 | $72,401.50 |
| Ady Nordman | $445.00 | 10.2 | $4,539.00 |
| Eran Soroker | $382.00 | 2.5 | $955.00 |
| Hagar Raved | $382.00 | 60.6 | $23,149.20 |
| Raanan Ben - Ishay | $286.00 | 244.2 | $69,841.20 |
| Hila Moran Cherny | $286.00 | 11.9 | $3,403.40 |
| Natalie Elkayam | $114.00 | 23.6 | $2,690.40 |
|  |  |  |  |
| Total | $343.18 | 515.7 | $176,979.70 |
| Total minus 10% discount | $308.87 |  | $159,281.73 |
| Value Added Tax (18%) |  |  | $28,670.71 |
| Total Plus Value Added Tax (18%) |  |  | $187,952.44 |
| **Total Net 20% Holdback** |  |  | **$150,361.95** |

## EXHIBIT B

## EXPENSE SUMMARY OF SOROKER - AGMON
## FOR THE INTERIM PERIOD
## OF MAY 1, 2013 THROUGH JULY 31, 2013

| EXPENSES | AMOUNTS |
| --- | --- |
| Postage* | $63.00 |
|  |  |
| Total | $63.00 |
| Value Added Tax | $11.34 |
| **Total Requested:** | **$74.34** |

\* Subject to the 18% Israeli Value Added Tax