**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF TAYLOR WESSING AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
<u>EXPENSES INCURRED FROM MAY 1, 2013 THROUGH JULY 31, 2013</u>**

Taylor Wessing, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Amended Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $3,609,012.69 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $2,056,092.17 for the period from May 1, 2013 through July 31, 2013 (the "Compensation Period"). In support of the Application, Taylor Wessing respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on November 4, 2010, Taylor Wessing has served as special counsel for the Trustee.

4. On December 7, 2010, this Court entered an order approving the Trustee's motion for authority to retain Taylor Wessing as special counsel to the Trustee in matters pertaining to the United Kingdom.

5. The Trustee's motion to retain Taylor Wessing established a fee arrangement pursuant to which Taylor Wessing agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY TAYLOR WESSING

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Madoff Securities International Limited*

7.  Taylor Wessing prepared and issued a detailed claim on December 8, 2010 on behalf of the Trustee and Madoff Securities International Limited (in liquidation) ("MSIL") against certain defendants for breach of fiduciary duties and trust claims seeking total damages in excess of $60 million.

8.  In preparation for a hearing on certain applications on September 12-15, 2011, Taylor Wessing has served detailed evidence on certain defendants resisting the jurisdiction of the English court with respect to certain claims, and has reviewed and analyzed the evidence served by those defendants in response. Taylor Wessing has also prepared additional evidence in reply. This has entailed interviewing witnesses, liaising with the Trustee's U.S. counsel, and advisers, as well as conducting research of issues to be considered by the English court.

9.  Taylor Wessing has also filed an application for a trust injunction and an asset freezing order against certain defendants and has submitted detailed evidence in support of that application.

10. Taylor Wessing reviewed and evaluated disclosure of assets provided by certain defendants to this action and subsequently prepared an application in support of striking these defendants. These same defendants made an application seeking a release of funds from the frozen accounts to meet legal fees and living expenses. The Court heard both applications at a March 7, 2012 case management conference, granting a limited release of funds to defendants and ordering further disclosure.

11. Following the case management conference, Taylor Wessing undertook the necessary preparatory work to comply with the Court's timetable leading to trial, including coordinating with the Trustee's counsel and advisors to provide further disclosure in the

3

proceedings and to prepare witness evidence, including the selection, appointment and ultimately, service of expert witnesses.

12. Taylor Wessing also assisted with preparation of the case for trial, including preparation and maintenance of disclosure, preparation of trial bundles and negotiation of pre-trial settlements. Taylor Wessing also communicated with counsel for the defendants at issue and liaised with the Trustee's advisors regarding the funds requested by the defendants before and during the trial.

13. Taylor Wessing has continued to liaise with the Trustee's special counsel in certain overseas jurisdictions, including Austria, Israel and Gibraltar, in relation to the gathering of relevant information from those jurisdictions and the need for local court relief in those jurisdictions.

### *Kingate Management Limited et al.*

14. Taylor Wessing has prepared and arranged for service of the Particulars of Claim, involving detailed analysis of documents and liaising with the Trustee's U.S. counsel.

15. Taylor Wessing also joined issue with the joint provisional liquidators of Kingate Management Limited over the proof of debt lodged in that liquidation by BLMIS.

16. Taylor Wessing has been assisting with the Trustee's ongoing factual investigation and settlement negotiations with certain parties.

### *Madoff-Related Funds in Other Jurisdictions*

17. Taylor Wessing has also advised the Trustee on proceedings in Bermuda and the Cayman Islands against certain Madoff-related funds. This has included advice on disclosure of documents under relevant bankruptcy legislation, hearings to determine preliminary issues of law, and case management conferences.

18. Taylor Wessing has also advised the Trustee on the preparation and commencement of proceedings in Bermuda and the British Virgin Islands against a number of Madoff-related funds.

*Proceedings in the United States*

19. Taylor Wessing has supported the Trustee in effecting service of multiple U.S. proceedings against defendants domiciled in the U.K. and in certain overseas territories.

20. Taylor Wessing has also assisted the Trustee in obtaining advice relating to obtaining discovery in foreign jurisdiction.

### III. COMPENSATION REQUESTED

21. The Application demonstrates how Taylor Wessing has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

22. Taylor Wessing has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Taylor Wessing has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, David de Ferrars.

23. From May 1, 2013 through July 31, 2013, Taylor Wessing provided a total of 8,504.7 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $3,341,678.42 and the total blended rate for professional services was $392.92/hour. After the 10% discount, the total amount of fees incurred is $3,007,510.58 and the total blended rate is $353.63/hour. Some of Taylor Wessing fees are also subject to a 20% value added tax. After applying the 20% value added tax to the discounted fees in the amount of $601,502.12, the total fees incurred are $3,609,012.69. Taylor

5

Wessing has agreed to a further holdback of 20% of its fees in the amount of $721,802.54 resulting in the present request for compensation in the amount of $2,887,210.15.

24. A breakdown of the total number of hours performed by each Taylor Wessing timekeeper is provided on **Exhibit A** annexed hereto.

25. Taylor Wessing seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $1,713,410.14. Some of Taylor Wessing out-of-pocket expenses are subject to a 20% value added tax. After applying the 20% value added tax to certain out-of-pocket expenses in the amount of $342,682.03, the total out-of-pocket expenses incurred are $2,056,092.17. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV.  GENERAL MATTERS

26. All of the professional services for which compensation is requested herein were performed by Taylor Wessing for and on behalf of the Trustee and not on behalf of any other person or entity save for services in connection with the MSIL engagement where a joint litigation agreement[1] exists between the Trustee and the liquidator of MSIL.

27. No agreement or understanding exists between Taylor Wessing and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Taylor Wessing with compensation for the legal services described herein.

28. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services

---

[1] The Trustee filed the Motion of the Trustee for Authorization to Enter into Joint Litigation Agreement (Dkt. 3254) on November 29, 2010, seeking, among other relief, authorization to enter into a joint litigation agreement (the "Litigation Agreement") with the liquidators of MSIL. On December 7, 2010, this Court entered the Order Authorizing Trustee to Enter into Joint Litigation Agreement (Dkt. 3306), authorizing the Trustee to enter into the Litigation Agreement.

6

rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

29. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Taylor Wessing (*see* SIPA § 78fff-3(b)(2)).

30. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

31. Therefore, with respect to this Application, Taylor Wessing requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Taylor Wessing expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Taylor Wessing respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $3,609,012.69, of which $2,887,210.15 is to be paid

7

    currently and $721,802.54 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Taylor Wessing to the Trustee from May 1, 2013 through July 31, 2013; and

c.   Allowing payment to Taylor Wessing in the amount of $2,056,092.17 for reimbursement of expenses incurred by Taylor Wessing from May 1, 2013 through July 31, 2013; and

d.   Granting Taylor Wessing such other and further relief as this Court deems just and proper.

                                        Respectfully submitted,

Dated: November 21, 2013                     Taylor Wessing LLP

                                        By:   *s/ David De Ferrars*
                                              5 New Street Square
                                              London EC4A 3TW
                                              Telephone: +44 (0)20 7300 7000
                                              Fax: +44 (0)20 7300 7100

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF TAYLOR WESSING FOR SERVICES RENDERED
## FOR THE PERIOD MAY 1, 2013 THROUGH JULY 31, 2013

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Shane Gleghorn | $812.64 | 273 | $221,851.99 |
| David de Ferrars | $812.55 | 130.7 | $106,199.92 |
| Nicholas Moser | $811.08 | 247.2 | $200,499.16 |
| Laurence Lieberman | $792.44 | 6.8 | $5,388.57 |
| Paul Glass | $652.65 | 3.1 | $2,023.22 |
| Julie Simpson Day | $649.90 | 0.7 | $454.93 |
| Sascha Foulkes | $646.42 | 547.1 | $353,657.28 |
| Malcolm Fitzsimons | $645.45 | 552.7 | $356,741.18 |
| Jack Cundy | $627.82 | 457.9 | $287,478.16 |
| Katie Chandler | $578.37 | 35.8 | $20,705.50 |
| Jonathan Beran | $576.12 | 392.7 | $226,242.73 |
| Richard Doble | $564.50 | 1 | $564.50 |
| Duncan Bryden | $552.60 | 2.2 | $1,215.72 |
| Amy Patterson | $520.05 | 374.3 | $194,653.06 |
| Katy Brewster | $458.80 | 241.6 | $110,846.54 |
| David King | $458.38 | 361.5 | $165,705.59 |
| Nageen Arasteh | $457.43 | 167.4 | $76,574.26 |
| Alexa Segal | $426.04 | 317.1 | $135,097.94 |
| Richard Colebourn | $394.53 | 6.7 | $2,643.32 |
| Jessica Wild | $292.15 | 8.5 | $2,483.27 |
| Neeta Chityal | $292.03 | 11.2 | $3,270.73 |
| Jonathan Hamil | $275.25 | 15.4 | $4,238.86 |
| Andrea Mohan | $268.56 | 423.3 | $113,681.36 |
| Michael Kelly | $268.23 | 59.7 | $16,013.14 |
| Andrew Kollington | $191.11 | 246.9 | $47,185.32 |
| Zach Levy | $190.57 | 271 | $51,645.05 |
| Lea Urien | $190.55 | 230.3 | $43,884.01 |
| Dominique Wilson | $190.54 | 292.9 | $55,809.31 |
| Jamila Hassan | $190.44 | 375.8 | $71,566.45 |
| Nyasha Samuriwo | $190.26 | 191.7 | $36,472.96 |

| | | | |
|---|---|---|---|
| Leigh Simons | $190.21 | 248.2 | $47,209.51 |
| Felicity Hines | $190.03 | 439.5 | $83,516.03 |
| Lebo Maapesa | $190.00 | 403.4 | $76,644.48 |
| Pooja Patel | $189.76 | 159.9 | $30,342.39 |
| Binura Baibatyrova | $189.67 | 165.4 | $31,371.24 |
| Genna Broughall | $189.62 | 152.5 | $28,916.59 |
| Simon Lickley | $189.62 | 41 | $7,774.30 |
| Rickin Patel | $189.62 | 49.7 | $9,423.96 |
| Matty Kopolo | $189.51 | 238.2 | $45,140.80 |
| Diane Tran-Ubeda | $188.10 | 17 | $3,197.63 |
| Kate Cook | $184.31 | 343.7 | $63,347.50 |
| | | | |
| **Total** | **$392.92** | **8,504.7** | **$3,341,678.42** |
| **Total minus 10% Discount** | **$353.63** | | **$3,007,510.58** |
| **Value Added Tax (20%)[2]** | | | **$601,502.12** |
| **Total Plus Value Added Tax** | | | **$3,609,012.69** |
| **Total New of 20% Holdback** | | | **$2,887,210.15** |

---

[2] As of January 1, 2012, certain activities performed by Taylor Wessing LLP, are subject to the UK Value Added Tax of 20%.

**EXHIBIT B**

**EXPENSE SUMMARY OF TAYLOR WESSING
FOR THE PERIOD
OF MAY 1, 2013 THROUGH JULY 31, 2013**

| **Expenses** | **Amounts** |
|---|---:|
| Accommodation | $3,401.65 |
| Travel Related Expenses | $9,333.44 |
| Company Search Fees | $23.20 |
| Conference Calls | $84.33 |
| Courier | $508.97 |
| Court Fees | $120.66 |
| Photocopying | $247.45 |
| Printing | $2,935.63 |
| Stationery | $715.29 |
| Miscellaneous | $4,253.45 |
| Overtime Travel | $147.31 |
| Translation | $17,369.05 |
| Counsel Fees | $1,329,458.65 |
| Foreign Lawyers' fees | $144,969.05 |
| Search fees | $38.66 |
| Expert Fees | $199,803.33 |
|  |  |
| **Total** | **$1,713,410.14** |
| **Value Added Tax (20%)[3]** | **$342,682.03** |
| **Grand Total** | **$2,056,092.17** |

---

[3] As of January 1, 2012, certain out of pocket expenses incurred by Taylor Wessing LLP, are subject to the UK Value Added Tax of 20%.