UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF MUNARI GIUDICI MANIGLIO PANFILI E ASSOCIATI AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 1, 2013 THROUGH JULY 31, 2013**

Munari Giudici Maniglio Panfili E Associati ("MGMP"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the consolidated liquidation under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $56,337.36 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $201.21 for the period from May 1, 2013 through July 31, 2013 (the "Compensation Period"). In support of the Application, MGMP respectfully submits as follows:

1

# I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 21, 2013, MGMP has served as special counsel for the Trustee.

4. On April 8, 2013, this Court entered an order approving the Trustee's motion for authority to retain MGMP as special counsel to the Trustee in matters pertaining to Italy *nunc pro tunc* to March 21, 2013.

5. The Trustee's motion to retain MGMP established a fee arrangement pursuant to which MGMP agreed to a fee reduction in the amount of 10%. MGMP also agreed to an additional holdback of fees in the amount of 20%.

# II. SERVICES RENDERED BY MGMP

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. MGMP advised the Trustee on Italian law in connection with matters currently pending against certain defendants in Italy and enforcement of possible judgments against same.

2

8.    MGMP also advised the Trustee as to the enforcement of judgments obtained outside Italy against Italian domiciled defendants.

9.    MGMP also provided legal advice regarding documents pertaining to certain Italy-domiciled defendants and confidentiality issues affecting same.

### III. COMPENSATION REQUESTED

10.    The Application demonstrates how MGMP has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11.    MGMP has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

12.    From May 1, 2013 through July 31, 2013, MGMP provided a total of 169 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $60,189.49 and the total blended rate for professional services was $356.15/hour. After applying the 10% discount, the total fees incurred is $54,170.54 and the total blended rate is $320.54/hour. MGMP's fees are also subject to a 4% compulsory national bar pension fund contribution. After applying the 4% to the discounted fees in the amount of $2,166.82, the total compensation requested is $56,337.36. MGMP has agreed to a further 20% holdback of fees in the amount of $11,267.47, resulting in the present request for compensation in the amount of $45,069.89.

13.    A breakdown of the total number of hours performed by each MGMP timekeeper is provided on **Exhibit A** annexed hereto. .

3

14. MGMP seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $201.21. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV. GENERAL MATTERS

15. All of the professional services for which compensation is requested herein were performed by MGMP for and on behalf of the Trustee and not on behalf of any other person or entity.

16. No agreement or understanding exists between MGMP and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide MGMP with compensation for the legal services described herein.

17. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

4

18. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of MGMP (*see* SIPA § 78fff-3(b)(2)).

19. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

20. Therefore, with respect to this Application, MGMP requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). MGMP expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, MGMP respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $56,337.36, of which $45,069.89 is to be paid currently and $11,267.47 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by MGMP to the Trustee from May 1, 2013 through July 31, 2013; and

c. Allowing payment to MGMP in the amount of $201.21 for reimbursement of expenses incurred by MGMP from May 1, 2013 through July 31, 2013; and

5

      d.      Granting MGMP such other and further relief as the Court deems just and proper.

      Respectfully submitted,

Dated:  November 21, 2013      MGMP

      By:  *s/Paolo Giudici*
      Paolo Giudici
      Largo San Giuseppe 3-23b
      I-16121
      Genova ,Italy
      Telephone: +(39) 010565529

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF MGMP FOR SERVICES RENDERED
## FOR THE PERIOD MAY 1, 2013 THROUGH JULY 31, 2013

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Francesco Munari | $667.93 | 13.3 | $8,883.44 |
| Paolo Giudici | $668.86 | 39.4 | $26,353.03 |
| Matteo Rossini | $222.81 | 41.4 | $9,224.39 |
| Simone Pedemonte | $222.54 | 66.5 | $14,798.71 |
| Alessandro Dona | $110.70 | 8.4 | $929.91 |
|  |  |  |  |
| Total: | $356.15 | 169.0 | $60,189.49 |
| Total minus 10% Discount | $320.54 |  | $54,170.54 |
| 4% Compulsory National Bar Pension Fund Contribution[1] |  |  | $2,166.82 |
| Total: |  |  | $56,337.36 |
| **Total Net of 20% Holdback:** |  |  | **$45,069.89** |

---

[1] As per Italian law (Law 31st December 2012 n. 247), on top of fees for services rendered, Italian attorneys must charge clients an additional 4% for compulsory national bar pension fund contribution.

## EXHIBIT B

## EXPENSE SUMMARY OF MGMP
## FOR THE INTERIM PERIOD
## OF MAY 1, 2013 THROUGH JULY 31, 2013

| EXPENSES | AMOUNTS |
|---|---|
|  |  |
| Database Fees | $201.21 |
|  |  |
| **Total Expenses Requested:** | **$201.21** |