BECKER & POLIAKOFF LLP
Helen Davis Chaitman (4266)
45 Broadway
New York, NY 10006
(212) 599-3322
hchaitman@beckerny.com

*Attorneys for Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff-Applicant,<br><br>                 v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |

### NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE,** pursuant to Federal Rules of Civil Procedure 45 as made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure, that claimants Barbara & Bruce Aymes; Kathryn Babcock; Kathryn L. Babcock; Natale Barbara Trust F/B/O Mary Barbara; Martin L. Braun; Walter M. & Brenda J. Buckley; Walter M. Buckley IRA; Carone Family Trust; Carone Gallery Inc. Pension Trust; Carone Martial Trust #1;

{N0039268 }

Carone Martial Trust #2; Matthew D. Carone Revocable Trust; Brenda J. Chapman; Joyce Forte or Bruce Cummings or Lynn Cummings; Diane M. Den Bleyker; Donald A. & M. Carolyn Dunkle; Fernando M. Esteban; Margaret E. Knopf de Esteban; Fox Family Partnership; Myra Friedman Revocable Trust; Martha S. Gennett; Martha S. Gennett, IRA; Martha S. Gennett, Roth IRA; Guardian Angel Trust; Guardian Angel Trust., L.L.C.; Robert & Dorothy Henley; Phillip A. & Jolene O. Hocott; Phillip A. Hocott Living Trust, Phillip A. & Jolene O. Hocott, Trustees; Adam S. Holloway; Alicia N. Holloway Revocable Trust; Don G. Holloway; Scott W. Holloway; Holy Ghost Fathers - SW Brazil; Holy Ghost Fathers of Ireland, Inc.; Alice B. Iuen Revocable Living Trust Dated 3/21/1994; Marvin F. Iuen, Trustee; Jenny Jacob, UGMA; Matthew F.V. Jacob; Michael F. Jacob; Edward M. Jacobs; James A. Jordan Living Trust; James Allen Jordan; Andrea King; Henry C. & Irmgard M. Koehler, Trustees; Stanley & Emilie Leonardi; Gerald Login; Richard P. & Dora F. Long; Richard P. Long; Susan Michaelson Trust Dated 2/8/05; Dorothea V. Marema; Abraham & Rita Newman; Mark & Karen Newman; Trisha Nichols; Louis S. O'Neal Jr.; Louis S., Jr. or Darlene A. O'Neal; Paroquia De Santa Luzia c/o Fr. John Fitzpatrick; Scott S. Patience; Edith Pillsbury; Robert & Suzanne Plati; Suzanne King Plati Revocable Trust; Corinne G. Playso; Michael J. Podwill; Robert R. & Gail Podwill; Jeffrey & Joan Posser; Bette Anne Powell; Harvey L. Powell; Densel L. Raines; Irwin B. Reed Trust DTD 6/7/00; Sam & Edith Rosen; Donna Jean Rowan, IRA Account; Charles M. Rowan Jr. IRA Account; Abraham & Shirley Saland; E. Anne Sanders; Ellen W. Sanders; Craig Snyder; Craig Snyder Trust; Jane Gray Solomon Trust; SPJ Investments, Limited Partnership; SPJ Investments, LTD.; Cristina P. Strobel Trust; Edward J Strobel Trust; Ann M. Sullivan; Ann or Michael Sullivan; Jess L. and/or Alice B. Taylor; Wallick Family Educational Trust c/o Gregg and Cindy Wallick; Cindy Wallick; George & Sybil Wirick, through their undersigned counsel, will serve a

Subpoena in the form attached hereto, on Philip J. von Kahle, as conservator for S&P Associates, General Partnership, and P&S Associates, General Partnership, January 15, 2014, or as soon thereafter as service may be effectuated.

Dated: New York, New York
       January 15, 2014

Respectfully submitted,

BECKER & POLIAKOFF LLP
By /s/ Helen Davis Chaitman
45 Broadway
New York, NY 10006
(212) 599-3322
Hchaitman@bplegal.com

*Attorneys for Claimants*

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Bernard L. Madoff Investment Securities LLC,
Debtor

Case No. 08-01789 (BRL)

*(Complete if issued in an adversary proceeding)*

Chapter SIPA Liquidation (Substantively Consolidated)

Plaintiff
v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Philip J. von Kahle, conservator for S&P Associates, General Partnership and P&S Associates, General Partnership
*(Name of person to whom the subpoena is directed)*
c/o Michael Moeckler & Associates, Inc., 3613 North 29th Avenue, Hollywood, FL 33020

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Those documents identified on Addendum A to this Subpoena.

| PLACE | Becker & Poliakoff, P.A.<br>1 East Broward Blvd., Suite 1800<br>Fort Lauderdale, Florida 33301 | DATE AND TIME<br>January 31, 2014 |
|---|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 15, 2014

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Claimants as defined in addendum A to this Subpoena who issues or requests this subpoena, are: Helen Davis Chaitman, Esq., Becker & Poliakoff, 45 Broadway, 8th Fl, New York, New York 10006; HChaitman@beckerny.com; 212-599-3322

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**ADDENDUM A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Claimants" shall include:

   Barbara & Bruce Aymes;
   Kathryn Babcock;
   Kathryn L. Babcock;
   Natale Barbara Trust F/B/O Mary Barbara;
   Martin L. Braun;
   Walter M. & Brenda J. Buckley;
   Walter M. Buckley IRA;
   Carone Family Trust;
   Carone Gallery Inc. Pension Trust;
   Carone Martial Trust #1;
   Carone Martial Trust #2;
   Matthew D. Carone Revocable Trust;
   Brenda J. Chapman;
   Joyce Forte or Bruce Cummings or Lynn Cummings;
   Diane M. Den Bleyker;
   Donald A. & M. Carolyn Dunkle;
   Fernando M. Esteban;
   Margaret E. Knopf de Esteban;
   Fox Family Partnership;
   Myra Friedman Revocable Trust;
   Martha S. Gennett;
   Martha S. Gennett, IRA;
   Martha S. Gennett, Roth IRA;
   Guardian Angel Trust;
   Guardian Angel Trust., L.L.C.;
   Robert & Dorothy Henley;
   Phillip A. & Jolene O. Hocott;
   Phillip A. Hocott Living Trust, Phillip A. & Jolene O. Hocott, Trustees;
   Adam S. Holloway;
   Alicia N. Holloway Revocable Trust;
   Don G. Holloway;
   Scott W. Holloway;
   Holy Ghost Fathers - SW Brazil;
   Holy Ghost Fathers of Ireland, Inc.;
   Alice B. Iuen Revocable Living Trust Dated 3/21/1994;
   Marvin F. Iuen, Trustee;
   Jenny Jacob, UGMA;
   Matthew F.V. Jacob;
   Michael F. Jacob;
   Edward M. Jacobs;

   James A. Jordan Living Trust;
   James Allen Jordan;
   Andrea King;
   Henry C. & Irmgard M. Koehler, Trustees;
   Stanley & Emilie Leonardi;
   Gerald Login;
   Richard P. & Dora F. Long;
   Richard P. Long;
   Susan Michaelson Trust Dated 2/8/05;
   Dorothea V. Marema;
   Abraham & Rita Newman;
   Mark & Karen Newman;
   Trisha Nichols;
   Louis S. O'Neal Jr.;
   Louis S., Jr. or Darlene A. O'Neal;
   Paroquia De Santa Luzia c/o Fr. John Fitzpatrick;
   Scott S. Patience;
   Edith Pillsbury;
   Robert & Suzanne Plati;
   Suzanne King Plati Revocable Trust;
   Corinne G. Playso;
   Michael J. Podwill;
   Robert R. & Gail Podwill;
   Jeffrey & Joan Posser;
   Bette Anne Powell;
   Harvey L. Powell;
   Densel L. Raines;
   Irwin B. Reed Trust DTD 6/7/00;
   Sam & Edith Rosen;
   Donna Jean Rowan, IRA Account;
   Charles M. Rowan Jr. IRA Account;
   Abraham & Shirley Saland;
   E. Anne Sanders;
   Ellen W. Sanders;
   Craig Snyder;
   Craig Snyder Trust;
   Jane Gray Solomon Trust;
   SPJ Investments, Limited Partnership;
   SPJ Investments, LTD.;
   Cristina P. Strobel Trust;
   Edward J Strobel Trust;
   Ann M. Sullivan;
   Ann or Michael Sullivan;
   Jess L. and/or Alice B. Taylor;
   Wallick Family Educational Trust c/o Gregg and Cindy Wallick;
   Cindy Wallick; and

   George & Sybil Wirick;

including all affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on their behalf.

  2. "S&P" means S & P Associates, General Partnership, the entity that held account number 1ZA874 at Bernard L. Madoff Investment Securities LLC ("BLMIS") into which some of the Claimants invested, including its affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on its behalf.

  3. "Guardian Angel" means Guardian Angel Trust, LLC, a Florida limited liability company, including its affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on its behalf.  Guardian Angel was a general partner of S&P.

  4. "SPJ" means SPJ Investments, LTD., a Florida limited partnership, including its affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on its behalf.  SPJ was a general partner of S&P.

  5. "P&S" means P & S Associates, General Partnership, the entity that held account number 1ZA873 at BLMIS into which some of the Claimants invested, including its affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on its behalf.

  6. "Contribution" means deposit made with P&S, S&P, SPJ, or Guardian Angel for investment into BLMIS.

  7. "Distribution" means withdrawal received from P&S, S&P, SPJ, or Guardian Angel in connection with BLMIS investments.

  8. "Document" is used in its broadest sense and means any attempts to record or transmit information or knowledge and includes the original and all drafts of a writing, which

includes, without limitation, all written, recorded, digital, graphic or photographic matter, including electronically stored information ("ESI"), however produced, reproduced or stored, of every kind and description including any agenda, supplements, amendments, revisions, exhibits or appendices thereto, and includes, without limiting the generality of the foregoing, originals (or copies where originals are not available) and drafts of the following: all papers, emails, letters, notes, memoranda, pamphlets, correspondence, telegrams, cables, photographs, microfilm, prints, recordings, transcriptions, blueprints, drawings, books, accounts, objects, notes, electronic or magnetic recordings or sound recordings of any type of personal or telephone conversations or meetings or conferences, minutes of directors or committee meetings, other minutes, reports, studies, written forecasts, projects, analyses, contracts, licenses, agreements, ledgers, journals, books of account, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, telephone slips, wire transfer slips and logs, diaries, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, however denominated by you.

9. "Related to" and "relating to" or any variation thereof shall be construed to include refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence, discuss, describe, comment upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, identifying, or proving.

10. "You" shall mean Philip J. von Kahle, as conservator for S&P and P&S, as well as any of your agents, accountants, attorneys, employees, servants, assigns, or any individual or entity acting or purporting to act on your behalf.

{N0039304 }                                    4

11. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes this request more inclusive.

12. The singular number and masculine gender used within this document embraces and shall be read and applied as the plural or the feminine or neuter as circumstances make it appropriate.

13. To the extent not clarified above, these requests specifically include documents in electronic form, including emails and other Electronically Stored Information ("ESI") which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, backup tapes, or other storage media. ESI should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

14. Responsive documents shall be produced in electronic format.

15. In the event You object to the production of any document responsive to this request, as privileged or confidential, please state:

    a. the name of each author, writer, sender or initiator of the document, if any;

    b. the name of each recipient, addressee, or party for whom the document was intended or received, if any;

    c. the date of the document, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

    d. a description of the general nature of the document and a description of the general subject matter as described in the document, or if no description appears, then sufficient other description to identify the document for a subpoena duces tecum, including the number of pages and attachments;

    e. the specific privilege or objection that you contend applies to the document (e.g., attorney-client privilege).

## **REQUESTS**

1. All documents relating in any way to the Contributions or Distributions of any of the Claimants from S&P from the inception of their relationship to the present.

2. All documents relating in any way to the Contributions or Distributions of any of the Claimants from Guardian Angel from the inception of their relationship to the present.

3. All documents relating in any way to the Contributions or Distributions of any of the Claimants from SPJ from the inception of their relationship to the present.

4. All documents relating in any way to the Contributions or Distributions of any of the Claimants from P&S from the inception of their relationship to the present.

5. All communications relating in any way to any of the Claimants, including but not limited to communications between S&P and BLMIS.


Dated: New York, New York
         January 15, 2014

Respectfully submitted,

BECKER & POLIAKOFF LLP
By /s/ Helen Davis Chaitman
45 Broadway
New York, NY 10006
(212) 599-3322
Hchaitman@bplegal.com

*Attorneys for Claimants*

United States Code Annotated
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    Title VI. Trials

Federal Rules of Civil Procedure Rule 45

Rule 45. Subpoena

Currentness

**(a) In General.**

  **(1)** *Form and Contents*.

  **(A)** *Requirements--In General*. Every subpoena must:

  **(i)** state the court from which it issued;

  **(ii)** state the title of the action and its civil-action number;

  **(iii)** command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

  **(iv)** set out the text of Rule 45(d) and (e).

  **(B)** *Command to Attend a Deposition--Notice of the Recording Method*. A subpoena commanding attendance at a deposition must state the method for recording the testimony.

  **(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information*. A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

  **(D)** *Command to Produce; Included Obligations*. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

  **(2)** *Issuing Court*. A subpoena must issue from the court where the action is pending.

**(3)** *Issued by Whom*. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4)** *Notice to Other Parties Before Service*. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1)** *By Whom and How; Tendering Fees*. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2)** *Service in the United States*. A subpoena may be served at any place within the United States.

**(3)** *Service in a Foreign Country*. 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4)** *Proof of Service*. Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

      **(i)** is a party or a party's officer; or

      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery*. A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection*.

**(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena*.

**(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:

**(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery

from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**CREDIT(S)**
(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 29, 1985, effective August 1, 1985; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 25, 2005, effective December 1, 2005; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 16, 2013, effective December 1, 2013.)

**PRACTICE COMMENTARIES**
*by David D. Siegel*

TABLE OF CONTENTS

C45-1.        Introductory.