K&L GATES       K&L GATES LLP
                1601 K STREET NW
                T 202.778.9000    www.klgates.com

February 6, 2014

Richard A. Kirby
D (202) 661-3730
F (202) 778-9100
richard.kirby@klgates.com

**BY ECF & EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10007-1312
bernstein.chambers@nysb.uscourts.gov

Re:     *Securities Inv. Protection Prot. Corp. v. Bernard L. Madoff Inv. Securities LLC, (In re Bernard L. Madoff),* No. 08-1789 (SMB) and related adversary proceedings

Dear Judge Bernstein:

We represent the defendants in more than a hundred adversary proceedings in the above-referenced case.[1] We write to request that the Court convene a case management conference pursuant to Section 105(a) of the Bankruptcy Code and Rule 7016 of the Federal Rules of Bankruptcy Procedure to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the adversary proceedings. We further request that the Court stay the application of the November 10, 2010 Order Establishing Litigation Case Management Procedures until after the case management conference, so that the parties are not forced to conduct individual case management conferences prior to receiving guidance from the Court, for the reasons discussed below.

The Trustee commenced over a thousand separate adversary proceedings, asserting avoidance claims against thousands of former Madoff Securities customers. The current procedures do not provide a coordinated mechanism for defendants in avoidance actions to receive notice when other parties are litigating issues of vital interest in an individual, although parallel, adversary proceeding. To date, approximately eighty motions to dismiss have been filed in individual avoidance actions, many of which raise legal and factual matters that are of significant common concern to all avoidance defendants. At least two such motions have been fully briefed (or are nearly fully briefed) and await consideration by the Court. In addition, hundreds of other adversary actions, involving thousands of parties,

---

[1] None of these defendants are alleged to have known of or participated in the broker's fraud in any manner.

Honorable Stuart M. Bernstein
February 6, 2014
Page 2

have recently been returned from the District Court and have April 2014 answer and motion deadlines.

Each of the defendants we represent has raised common legal issues, either as affirmative defenses, in motions to dismiss, or previously, in their motions to withdraw the reference. The disposition of the pending motions on the same issues may affect other parties' substantive rights and remedies across multiple actions. Rather than litigate common legal issues piecemeal in individual avoidance actions, defendants propose that they be handled in a coordinated manner that allows all interested parties to be heard and permits the development of a full record, before any ruling is made. Consolidated proceedings would avoid the duplication of effort, the waste of resources and potential inconsistency that could otherwise result, and we ask the Court to consider consolidation of common material issues of law and fact as permitted by Bankruptcy Rule 7042. We are prepared to file an appropriate motion to facilitate that process if that would be helpful to the Court.

Similarly, now that many avoidance actions are moving into the discovery phase, defendants would like to confer with the Court and Trustee about streamlining and consolidating the process for disclosures and coordinated discovery. We have spoken with counsel for the Trustee regarding streamlined procedures for the adversary proceedings, and counsel indicated a willingness to consider consolidated case management procedures. To date, however, the parties have not been able to agree on a specific proposal, thus necessitating the requested conference.

For these reasons, we respectfully request that the Court schedule a case management conference to explore the most effective and efficient way to proceed in all pending avoidance actions, and that the Court stay all pending motions to dismiss until after the proposed case management conference can be conducted. We appreciate the Court's consideration of this request.

Respectfully,

*/s/   Rick Kirby*

**K&L GATES LLP**
Richard A. Kirby
Laura K. Clinton
1601 K Street NW
Washington, DC 20006-1600

Honorable Stuart M. Bernstein
February 6, 2014
Page 3

**DENTONS (US) LLP**
Carole Neville
1221 Avenue of the Americas
New York, New York 10020

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
David Parker
Matthew J. Gold
551 Fifth Avenue
New York, New York 10176

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley
Elise S. Frejka
1177 Avenue of the Americas
New York, New York 10036

**LOEB & LOEB LLP**
Greg Schwed
Daniel Besikof
345 Park Avenue
New York, NY 10154
Tel: 212-407-4815
Fax: 212-937-4689

**MILBERG LLP**
Matthew A. Kupillas
Jennifer L. Young
One Pennsylvania Plaza
49th Floor
New York, New York 10119

Honorable Stuart M. Bernstein
February 6, 2014
Page 4


**PRYOR CASHMAN LLP**
Richard Levy, Jr.
David C. Rose
7 Times Square
New York, New York 10036-6569


**SCHULTE ROTH & ZABEL LLP**
Marcy Ressler Harris
Jennifer M. Opheim
Mark D. Richardson
919 Third Avenue
New York, New York 10022


**SEEGER WEISS LLP**
Parvin K. Aminolroaya
77 Water Street
New York, New York 10005


cc (via email):
    David Sheehan, Esq.
    Nicholas Cremona, Esq.
    Kevin Bell, Esq.