# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Heather J. McDonald
direct dial: 212.589.4285
hmcdonald@bakerlaw.com

February 10, 2014

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC, Case No. 08-01789 (SMB), Claim No. 000458; Picard v. Leif, Adv. Pro. No. 10-04601 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"). We write in response to the February 6, 2014 letter submitted by Laurence E. Leif seeking to bifurcate the court-ordered mediation of the Trustee's avoidance action against Mr. Leif (Adv. Pro. No. 10-04601, the "Adversary Proceeding") and the related dispute regarding Mr. Leif's objection to the Trustee's determination of his SIPA-allowed claim for BLMIS account no. 1L0139, designated by the Trustee as claim number 000458 (the "Claim Dispute"). See Order Directing Mediation and Appointing Mediator, Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC, No. 08-01789 (SMB) (Bankr. S.D.N.Y. entered Oct. 21, 2013) [Dkt. #5549]; Order Directing Mediation and Appointing Mediator, Picard v. Leif, Adv. Pro. No. 10-04601 (SMB) (Bankr. S.D.N.Y. entered Oct. 21, 2013) [Dkt. #22] (the "Mediation Referral Order").

In his letter, Mr. Leif attempts to characterize and detail prior settlement discussions with him and his counsel. Given the confidential nature of settlement discussions, we will not respond in kind but we do feel that it is necessary to note that the statements he attributes to me are incorrect and the specifics of these discussions have been completely mischaracterized. In particular, the Trustee has never asked Mr. Leif to "give up [his] home" and the Trustee has never sought to "access [his] IRA." The Trustee has made every effort to pursue a reasonable settlement with Mr. Leif and now seeks to move forward with mediation as contemplated by the Mediation Referral Order.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Honorable Stuart M. Bernstein
February 10, 2014
Page 2

The Mediation Referral Order contemplates one mediation of the issues that exist with respect to the Claim Dispute and Adversary Proceeding. Undoubtedly, Judge Lifland recognized that a free-flowing mediated dialogue led by Judge Cyganowski of all the issues that divide the parties is the appropriate way to proceed in order to maximize the likelihood that a settlement can be reached. Indeed, there are many common issues which pervade both the Adversary Proceeding and Claim Dispute. Among other commonalities, the Claim Dispute and the Adversary Proceeding involve: (i) identical parties; (ii) the same underlying SIPA proceeding; (iv) common methodology for the analysis of the debtor's books and records which form the basis of the determination of Mr. Leif's SIPA claims and how much he received in recoverable fictitious profits; and (iv) the same individualized factual issues relating to the origin and amounts of Mr. Leif's purported balances in his BLMIS accounts. It is the Trustee's position that it would be duplicative, inefficient, and unnecessarily costly to mediate the Adversary Proceeding and the Claim Dispute separately, and that to do so would also undermine the potential for a viable resolution of all of the parties' pending disputes with each other. In any event, however, the Trustee believes that Judge Cyganowski, an accomplished former jurist and an experienced mediator, should be afforded the appropriate discretion to conduct the mediation in the manner she believes will maximize the likelihood of a successful outcome. Therefore, the Trustee respectfully requests that this Court deny Mr. Leif's request for separate mediations under the Mediation Referral Order so that Judge Cyganowski can conduct the mediation in the manner she determines to be appropriate.

Sincerely,

*/s/ Heather J. McDonald*

Heather J. McDonald

cc:    Laurence E. Leif
       Matthew A. Kupillas, Esq.