# Lowenstein Sandler LLP

**Bruce Buechler**
Partner

65 Livingston Avenue
Roseland, NJ 07068
T  973 597 2308
F  973 597 2309
bbuechler@lowenstein.com

February 11, 2014

**VIA ECF/ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY  10004

**Re:    SIPC v. Bernard L. Madoff Investment Securities LLC, Case No. 08-01879 (SMB)**

Dear Judge Bernstein:

We are counsel to the Irrevocable Charitable Remainder Trust of Yale Fishman (the "Yale Trust") and the Glenn Akiva Fishman Charitable Remainder Unitrust (the "Glenn Trust," and together with the Yale Trust, the "Trust Claimants").

We write in response to the letter dated February 10, 2014 (the "Letter") filed by counsel to Irving H. Picard (the "Trustee") for the for the substantively consolidated liquidation proceedings of  Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.*

On February 7, 2014, the Trust Claimants filed the *Motion of the Irrevocable Charitable Remainder Trust of Yale Fishman and the Glenn Akiva Fishman Charitable Remainder Unitrust for (I) a Hearing to Determine Allowance of Claims and (II)  Entry of an Order Allowing the Trust Claimants' Claims and Granting Related Relief* [Docket No. 5646] (the "Motion").[1]  As set forth in the Certification of Bruce Buechler attached as Exhibit E to the Motion (the "Buechler Certification"), in November of 2013, we were advised by the Trustee's counsel that that the Trustee would file a motion in the Bankruptcy Court by the end of December 2013 to deal with all claimants asserting claims arising out of inter-account transfers (the "Inter-Account Transfer Issue"), such as the Claims of the Trust Claimants.  The Trust Claimants have been requesting that the Trustee schedule a hearing on their objections to the Trustee's Determination Letters for more than three years.  Nonetheless, we advised the Trustee in November of 2013 that the Trust

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Honorable Stuart M. Bernstein, U.S.B.J.                                    February 11, 2014
Page 2

Claimants would wait for the Trustee to file a motion to deal with the Inter-Account Transfer Issue by the end of December 2013. On December 24, 2013, the Trustee advised us that such a motion would not be filed by the end of 2013. It was not until we reached out to the Trustee to propose a briefing schedule for the pending Motion that the Trustee decided to move forward with an omnibus motion relating to the Inter-Account Transfer Issue, after subjecting the Trust Claimants to further delay.

The Trustee's Letter is an inappropriate response to the Motion which was filed on February 7, 2014 with the Court's permission and in accordance with all applicable rules and procedures. In accordance with the Local Rules of this Court, the Trustee is required to file a written response to the Motion on or before the objection deadline of March 5, 2014 at 4:00 p.m. The Letter does not constitute such a response and is merely a delay tactic. Furthermore, the Trustee alleges that there are approximately 440 docketed customer determination objections that raise the Inter-Account Transfer Issue, however, the Trustee has presented no evidence to support that statement. In fact, the Trustee admits in the Letter that only one claimant has agreed to participate in an omnibus motion on the Inter-Account Transfer Issue. Thus, it would be inequitable to require the Trust Claimants to participate in such a motion, which is likely to be occasioned by adjournments and significant delay, when the Trust Claimants have already filed the Motion and are prepared to move forward with the issues raised in their objections to the Trustee's Determination Letters.

We have no clue what relief the Trustee seeks by way of the Letter. It is not an objection to the Trust Claimants' Motion. The Trust Claimants have no objection if the Trustee wants to file its own motion, but the Trust Claimants do not consent to any delay in their pending Motion just because the Trustee has belatedly agreed to do what the Trust Claimants have asked for a long time. The Trustee's Letter is simply inappropriate. Relief is sought by filing motions – not by letters.

For all of the foregoing reasons, the Trust Claimants respectfully request that the Letter be disregarded and the Motion be heard on April 2, 2014 at 10:00 a.m. as previously scheduled by the Court.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Bruce Buechler*

Bruce Buechler

cc:   David J. Sheehan, Esq.
      All parties entitled to receive notice via ECF