# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 14, 2014

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ECF/ ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (SMB) (Substantively Consolidated)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*.

We write in response to the letter dated February 11, 2014 from counsel for the Irrevocable Charitable Remainder Trust of Yale Fishman and the Glenn Akiva Fishman Charitable Remainder Unitrust (the "Fishman Trusts"). The Fishman Trusts filed a motion, dated February 7, 2014, seeking to have the Court determine that the Trustee's treatment of transfers between BLMIS accounts on a cash-in and cash-out basis (the "Inter-Account Transfer issue") was improper. For the reasons set forth in our letter dated February 10, 2014 and those identified below, the Trustee believes that proceeding by individual motion on an omnibus claims determination issue is inappropriate and requests a court conference to discuss the appropriate scheduling for this matter.

Over the last five years, the Trustee has worked diligently to determine over 16,000 customer claims, resolve thousands of claims objections, and schedule omnibus motions

Judge Stuart M. Bernstein
February 14, 2014
Page 2

to address certain case-wide claims issues in the most efficient manner possible. Because of the size and nature of the BLMIS liquidation, resolution of these issues involves numerous parties and has, in almost every instance, generated significant appeals. As a threshold matter, many customer claim issues—including this one—could not be addressed until a determination was made as to whether the Trustee's cash-in/cash-out methodology (the "Net Investment Method") for calculating claims was appropriate. The propriety of the Net Investment Method was an essential common issue affecting every customer claim and the order approving the Net Investment Method did not become final until June 2012. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *cert. den.*, 2012 WL 396489, 2012 WL 425188 (Jun. 25, 2012).

After the final order issued upholding the Net Investment Method, the Trustee then requested a hearing to determine whether the definition of "net equity" under SIPA includes adjustments to claim amounts to account for the length of time customers were invested with BLMIS ("Time-Based Damages"). The Bankruptcy Court rendered its decision on Time-Based Damages on September 13, 2013. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744 (Bankr. S.D.N.Y. Sept. 10, 2013). This decision is currently on appeal at the Second Circuit after the parties' request for a direct appeal under 28 U.S.C. § 158(d) was granted. Similar to the determination of Net Investment Method, the Time-Based Damages issue affects the calculation of every customer claim in this liquidation.[1]

---

[1] While awaiting resolution of appeals on these case-wide issues, the Trustee continued to resolve claims-related issued to the extent possible. *See, e.g.*, *Sec. Investor Prot. Corp. v. Jacqueline Green Rollover Account*, No. 12 Civ. 1039 (DLC), 2012 WL 3042986 (S.D.N.Y. July 25, 2012); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013); Order Denying Surabians' Request to Strike Trustee's Objections and SIPC's Opposition Memorandum, Mar. 20, 2013, ECF No. 5284; *Surabian v. Picard*, No. 12 Civ. 7999 (KBF) (S.D.N.Y. Jan. 28, 2013) (order granting motion to dismiss); *Surabian v. Picard*, No. 13 CV 2649 (AKH) (S.D.N.Y. July 30, 2013) (order granting motion to dismiss); Order Granting Trustee's First Omnibus Motion Seeking To Expunge Objections Of Parties That Did Not File Claims, April 19, 2012, ECF Nos. 4777, 4780; Order Granting Trustee's Second Omnibus Motion Seeking to Expunge Objections of Parties That Did Not File Claims, April 19, 2012, ECF No. 4778; Order Granting Trustee's Third Omnibus Motion Seeking to Expunge Claims and Objections of Claimants That Did Not Invest With BLMIS or in Entities That Invested in BLMIS, April 19, 2012, ECF No. 4779.

Judge Stuart M. Bernstein
February 14, 2014
Page 3

In each of these instances, the Trustee filed a motion for a scheduling order after an extensive review of the claims and objections. The scheduling motions and subsequent orders permitted all interested parties, including affected customers, SIPC, and the SEC, to participate in the scheduling and briefing of the matters. ECF Nos. 437, 4920. Proceeding in this manner allowed all parties in interest to be heard and avoided duplicative filings and hearings by this Court on issues that affected all (or nearly all) customers. The orders entered in these matters resolved thousands of claims objections, permitting the Trustee to make progress in resolving such objections.[2]

The Inter-Account Transfer issue is another such issue. Over 440 objections raise this issue—as a review of the docket will reveal—all of which will be included in the Trustee's proposed motion. The Trustee anticipates that numerous parties will participate in briefing on the motion, as has occurred every single time that omnibus briefing on a claims determination issue previously has been ordered.

While the Fishman Trusts argue about delay, the Inter-Account Transfer issue was not ripe for resolution by this Court until recently. A related issue was pending before the District Court regarding the calculation of antecedent debt under section 548(c) of the Bankruptcy Code for defendants to the Trustee's avoidance actions. Part of that briefing included the treatment of inter-account transfers. While that issue was pending before the District Court, the Trustee could not seek a simultaneous hearing in this Court due to the risk of inconsistent rulings. Moreover, determining how to proceed on the Inter-Account Transfer issue for customer claims was impracticable until the District Court issued its determination and included its rationale therefor. Thus, the Trustee could not have proceeded on the Inter-Account Transfer issue in this Court until after the District Court's antecedent debt decision issued in mid-October 2013. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 2013 U.S. Dist. LEXIS 148568 (S.D.N.Y. Oct. 15, 2013). Once the District Court entered the antecedent debt decision, the Trustee finalized his review of the objections that raised the Inter-Account Transfer issue and prepared the proposed scheduling motion.

Unsurprisingly, counsel for the Fishman Trusts would like to have their clients' interests adjudicated ahead of hundreds of other claimants. However, given the number of claims and objections implicated by this issue, addressing the Inter-Account Transfer issue on a "one-off" basis would create vast inefficiencies and an unworkable precedent for the remaining claims objections to be resolved. By seeking to proceed in an omnibus fashion on the Inter-Account Transfer Issue, as he has on each of the other case-wide

---

[2] The Trustee also addressed in an omnibus fashion the issue of whether claimants who did not have BLMIS accounts were "customers" under SIPA. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd.*, 480 B.R. 117, *aff'd sub nom, Kruse*, 708 F.3d 422.

300311815

Judge Stuart M. Bernstein
February 14, 2014
Page 4

issues, the Trustee is merely seeking to resolve claims issues in the most efficient manner. Moreover, the Trustee's proposed method for addressing the Inter-Account Transfer Issue is consistent with the Claims Procedures Order which allows him to efficiently schedule resolutions of objections. *See* Claims Procedures Order, ECF No. 12 (stating that the Trustee shall obtain hearing dates in connection with resolution of objections to claims determinations).

We are available to respond to any questions regarding the foregoing, and respectfully request a conference with opposing counsel at the Court's first convenient date.

The Securities Investor Protection Corporation has informed the Trustee that it joins in this letter.

Respectfully submitted,

/s/ David J. Sheehan

David J. Sheehan



cc:   Kevin H. Bell
      Bruce Buechler, Lowenstein Sandler LLP

300311815