**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>DOS BFS FAMILY PARTNERSHIP II, L.P., DONALD AND BETTE STEIN FAMILY TRUST, DONALD O. STEIN, WILLIAM STEIN, JAMIE STEIN WALKER, and BARBARA STEIN JAFFE,<br><br>Defendants. | Adv. Pro. No. 10-4378 (SMB) |

**ANSWER TO COUNTERCLAIM**

Plaintiff Irving H. Picard, (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa, *et seq.*, and the substantively consolidated estate of Bernard L. Madoff, by and through his undersigned counsel, for his answer to the Counterclaim and Jury Demand asserted by defendant DOS BFS Family Partnership II, L.P. ("Defendant") hereby responds as follows:

FIRST COUNTERCLAIM

1. The Trustee admits the allegations contained in Paragraph 112 of the Counterclaim.

2. The Trustee admits the allegations contained in Paragraph 113 of the Counterclaim.

3. The Trustee admits the allegations contained in Paragraph 114 of the Counterclaim to the extent that they refer to the "market value of securities" reported in the November 30, 2008 BLMIS account statement for Account Number 1CM644.

4. The Trustee is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 115 of the Counterclaim, and thus denies the same and leaves Defendant to its proofs.

5. In response to Paragraph 116 of the Counterclaim, the Trustee admits that Defendant filed a customer claim with respect to BLMIS Account Number 1CM644 (the "Customer Claim").

6. The Trustee admits the allegations contained in Paragraph 117 of the Counterclaim.

7. The Trustee denies the allegations contained in Paragraph 118 of the Counterclaim, and the Trustee further denies Defendant has any cause of action relating to the Customer Claim which it may properly assert against the Trustee in this adversary proceeding.

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief may be granted, and the Trustee reserves the right to move to dismiss the same.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim is merely a reformulation of the Customer Claim, and therefore impermissibly seeks to circumvent the *Order on Application for Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims, and Providing Other Relief* entered by the Court on December 23, 2008 in the underlying substantively consolidated SIPA case pending before this Court, Case No. 08-01789 (SMB). The Counterclaim therefore should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred to the extent it seeks to assert impermissible setoffs of its pre-petition claims against the Trustee's avoidance claims against Defendant in this adversary proceeding.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred to the extent that it asserts a cause or causes of action in Bankruptcy Court relating to pre-petition claims against the estate of BLMIS or Bernard Madoff and thus impermissibly seeks to interfere with the orderly bankruptcy administration of the BLMIS estate.

## FIFTH AFFIRMATIVE DEFENSE

Unless and until Defendant returns to the Trustee the transfers that the Trustee seeks to avoid and recover in this adversary proceeding, Defendant's Counterclaim must be disallowed under section 502(d) of the Bankruptcy Code.

SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrine of ripeness.

The Trustee reserves the right to amend this answer to assert additional affirmative defenses based on continuing discovery.

RESPONSE TO JURY DEMAND

Defendant is not entitled to a trial by jury on any of the claims asserted by the Trustee against Defendant in the Complaint or on any claim asserted by Defendant in the Counterclaim. Defendant invoked the equitable jurisdiction of this Court to hear all such claims by, among other actions, its filing of the Customer Claim (012099) in the underlying substantively consolidated SIPA case pending before this Court, Case No. 08-01789 (SMB).

Dated:  February 18, 2014

By: */s/ Marc E. Hirschfield*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky
Peter B. Shapiro

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*