**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Geraldine E. Ponto  
Email: gponto@bakerlaw.com  

Hearing Date: March 13, 2014  
Time: 10:30 a.m.  

Objection Deadline: March 6, 2014  
Time: 5:00 p.m.  

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERICO CERETTI, ET AL.<br><br>    Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

**I.     INTRODUCTION**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by his undersigned counsel, seeks leave under Rule 7015 of the Federal Rules of Bankruptcy Procedure and Rule 15 of the Federal Rules of Civil Procedure to file a Fourth Amended Complaint (the "FAC"), substantially in the form attached as *Exhibit 1* to the Trustee's Notice of Motion.

**II.    STANDARD FOR GRANTING LEAVE TO AMEND**

Rule 15 of the Federal Rules of Civil Procedure, which applies to this adversary proceeding under Federal Rule of Bankruptcy Procedure 7015, allows a party to amend its pleading upon leave of court, which should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2).  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  *See also Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995).

In deciding whether to grant the Trustee's the adversary Motion, this Court should consider whether: (i) the timing of the Motion and proceeding's procedural history evidence undue delay; (ii) the Trustee seeks leave in good faith; (iii) defendants will suffer undue prejudice if leave is granted; and (iv) the FAC asserts causes of action and seeks relief that are not futile.  As the *Foman* Court explained:

2

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman,* 371 U.S. at 182; *see also Ruotlo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (recognizing that delay standing alone in the absence of prejudice or bad faith cannot support a denial of leave to amend). No circumstances that could support denial of leave exist here, and the Court should accordingly grant the Trustee's Motion.

### III.    GROUNDS AND REASONS FOR GRANTING LEAVE TO AMEND

In June 2011, the Trustee filed a Third Amended Complaint (the "TAC") upon leave of the Bankruptcy Court to add certain defendants that had been identified as actors and subsequent transferees during the Trustee's on-going investigation of Madoff's epic fraud. Through his investigation, the Trustee obtained evidence that the defendants added in the TAC possessed significant connections to Madoff and BLMIS and had received immediate or mediate transfers of hundreds of millions of dollars that initially flowed out of the Ponzi scheme into Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (the "Kingate Funds"). The evidence the Trustee has developed to date supports the conclusion that defendants Federico Ceretti, Carlo Grosso, and the defendant entities that they beneficially owned and controlled *knew* that Madoff was engaged in fraudulent activity (or knew facts suggesting a high probability that Madoff was engaging in fraud through BLMIS). The FAC sets forth numerous additional facts pertinent to pleading defendants' knowledge of fraud.

The FAC has a second significant purpose. In the two-and-a-half years since the TAC was filed, the district court has issued opinions addressing numerous legal issues, including the applicability of sections 502(d), 546(e), and 550(a) of the Bankruptcy Code, the meaning of

3

"value" under section 548(c), the impact of the United States Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and the Trustee's standing to assert common law claims against third parties on behalf of the debtors' estate and their creditors. The Trustee seeks to file the FAC in light of the district court's intervening decisions as they affect the allegations against the defendants in this proceeding. Because many of those decisions were rendered in only the last few months, the Trustee has not unduly delayed in requesting leave to do so.

No defendant will be prejudiced if the Court grants leave. To date, no defendant has responded to the TAC, no pre-trial scheduling conference has been held, no pre-trial scheduling order has been entered, and, consequently, no discovery has occurred in this proceeding. The FAC does not, moreover, add any defendants, and it seeks effectively the same relief through substantially the same causes of action brought in the TAC.[1]

Finally, the FAC is not futile and is, in many respects, very similar to the TAC. The FAC expands upon the facts with data supporting the Trustee's allegations and causes of action in light of the current law of the case. *See Sumitomo Electric Research Triangle, Inc. v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y. 1986) (stating that to grant leave to amend, the court must merely be satisfied that the amendment is colorable and not frivolous).

---

[1] With the FAC, the Trustee withdraws without prejudice causes of action based upon unjust enrichment, conversion, money had and received, and declaratory relief, which were previously asserted as Counts Twelve through Fifteen of the TAC. The Trustee adds a subsequent transfer claim against previously named defendant HSBC Bank Bermuda Limited. When a claim is subject to temporary disallowance under section 502(d) of the Bankruptcy Code, it is necessary to determine whether the claimant is a transferee of an avoidable transfer before it can be determined whether the claimant's claim should be allowed or disallowed. *See Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 490 B.R. 46, 54-55 (S.D.N.Y. 2013). Accordingly, to have all issues related to the allowance of the Kingate Funds' claims determined at the same time, the Trustee has asserted in the FAC the Tenth Count based upon disallowance of the Kingate Funds' claims under sections 502(a) and 502(b), and the Twelfth Count based upon equitable disallowance of those claims.

4

**IV.     CONCLUSION**

Accordingly, the Trustee respectfully requests that the Court grant leave to file the proposed Fourth Amended Complaint.[2]

Dated: February 18, 2014
      New York, NY

/s/ David J. Sheehan
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

Of Counsel:

Anthony M. Gruppuso
Email: agruppuso@bakerlaw.com

---

[2] The Trustee notified all defendants on January 7, 2014, of his intent to file the FAC and requested that they consent to leave to file it. At defendants' request, the Trustee provided defendants with a draft of the FAC on February 12, 2014, and renewed his request for consent, asking defendants to respond to the Trustee's request by 12:00 p.m. on February 18, 2014. No defendant provided the Trustee with a response.