**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Attorneys for Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,**<br><br>**PLAINTIFF-APPLICANT,**<br><br>**V.**<br><br>**BERNARD L. MADOFF INVESTMENT SECURITIES LLC,**<br><br>**DEFENDANT.** | **NO. 08-01789 (SMB)**<br><br>**SIPA LIQUIDATION**<br><br>**(SUBSTANTIVELY CONSOLIDATED)** |
| **IN RE:**<br>**BERNARD L. MADOFF,**<br>**DEBTOR.** | |
| **IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC**<br><br>**PLAINTIFF**<br><br>**V.**<br><br>**KINGATE GLOBAL FUND, LTD., by its Liquidators, and KINGATE EURO FUND, LTD., by its Liquidators.**<br><br>**DEFENDANTS.** | **Adv. Pro. No. 12-01920 (SMB)** |

# DECLARATION OF ROBERT S. LOIGMAN IN SUPPORT OF OPPOSITION OF KINGATE GLOBAL FUND, LTD. AND KINGATE EURO FUND, LTD. TO TRUSTEE'S APPLICATION FOR ENFORCEMENT OF AUTOMATIC STAY AND INJUNCTION[1]

[1] Capitalized terms not defined herein shall take the meaning ascribed to them in *The Opposition of Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. to Trustee's Application for Enforcement of Automatic Stay and Injunction*, which is being filed contemporaneously herewith.

I, Robert S. Loigman, hereby declare:

1. I am a member of the bar of the State of New York and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for the defendants, Kingate Global Fund, Ltd. ("Kingate Global") and Kingate Euro Fund, Ltd. ("Kingate Euro" and together with Kingate Global, the "Kingate Funds").

2. This declaration is submitted to provide the Court with certain evidentiary materials and a chronology of facts in support of the *Opposition of Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. to Trustee's Application for Enforcement of Automatic Stay and Injunction.* Unless otherwise indicated, I make this declaration of personal knowledge.

**Chronology of Facts**

**The Kingate Funds' Liquidation**

3. On June 4, 2009, as a result of the massive losses[2] related to the collapse of Bernard L. Madoff Investment Securities LLC ("BLMIS"), the Kingate Funds became subject to a formal liquidation order and are now engaged in a permanent liquidation process under the direction of the High Court of Justice of the British Virgin Islands.

**The Kingate Funds' Relationship With—and Subsequent Suit Against—the Bermuda Defendants**

4. Kingate Management Limited ("Kingate Management"), with the assistance of FIM Limited or FIM Advisors (together "FIM"), managed (1) Kingate Global from 1995 until its liquidation on June 4, 2009, and (2) Kingate Euro from 2000 until its liquidation on June 4, 2009. The management relationship between each of the Kingate Funds, on the one hand, and Kingate Management and FIM, on the other hand, is documented by contracts that were executed by and between the Kingate Funds and the managers. Neither BLMIS nor Irving Picard, the

[2] As a result of BLMIS's collapse, the Kingate Funds lost approximately $800 million, when measured using the net equity method employed by the Trustee.

SIPA Trustee (the "Trustee") appointed to oversee the liquidation of BLMIS, was a party to, or third party beneficiary of, these agreements.

5. I understand that FIM was created and operated by Carlo Grosso and Federico Ceretti, who, through a series of trusts, were the ultimate owners of Kingate Management.

6. On December 22, 2010, the Kingate Funds filed suit in Bermuda against the Bermuda Defendants, asserting claims against the Bermuda Defendants for unjust enrichment arising from the Bermuda Defendants' receipt of unearned management fees, and for damages for breach of contract and negligence flowing from duties owed directly to the Kingate Funds.

**The Trustee Has Long Been Aware of the Kingate Funds' Claims in Bermuda**

7. Following the December 2008 collapse of BLMIS and the subsequent appointment of the Trustee, the Trustee filed suit against the Kingate Funds.[3] The Kingate Funds have engaged in settlement discussions with the Trustee at various points in time since the Trustee filed his initial complaint against the Kingate Funds. Throughout these discussions, the Kingate Funds have discussed the Bermuda Action claims with the Trustee. For example:

(a) On December 15, 2009, counsel for the Joint Liquidators spoke with Frederick Chockley and Marc Hirschfield, counsel to the Trustee, to explain that Kingate Management and FIM were primary targets for potential claims by the Kingate Funds.

(b) On February 25, 2010, counsel for the Joint Liquidators sent to Messrs. Chockley and Hirschfield discovery demands they had served upon Kingate Management and FIM. Additional discovery demands were similarly provided to the Trustee's counsel on March 12, 2010.

[3] The Trustee has since amended his complaint three times, filing the Third Amended Complaint in May 2011. Based on communications with the Trustee, it is expected that the Trustee will propose an additional amendment to his complaint in February 2014.

(c) On April 28, 2010, the Trustee's counsel provided questions to the Joint Liquidators to ask Messrs. Grosso and Ceretti in formal interviews. When doing so, the Trustee noted his common interest in the Kingate Funds' claims.

(d) The Trustee's counsel spoke directly with counsel to the Joint Liquidators to discuss the claims less than a week after the Bermuda Action was filed in December 2010.

(e) In August 2011, the Joint Liquidators provided a complete copy of the complaint in the Bermuda Action to the Trustee.

8. Since the beginning of the parties' settlement discussions, now several years ago, the parties repeatedly have discussed the Kingate Funds' claims in Bermuda, including the specific claims asserted and the specific defendants.

9. On July 15, 2010, counsel for the Joint Liquidators sent to the Trustee's counsel a preliminary tracing analysis demonstrating that the substantial majority of money paid by the Kingate Funds to Kingate Management never flowed through BLMIS. On November 12, 2010, counsel for the Joint Liquidators provided the Trustee with a more detailed analysis (subject to further revision, if required), again demonstrating that most payments to Kingate Management did not involve monies withdrawn from BLMIS. In January 2012, the trust defendants in the Bermuda Action separately provided the Trustee with yet another, much more detailed analysis demonstrating that the substantial majority of the money used to pay Kingate Management's fees was never held by BLMIS.

10. In January 2012, long after both the Kingate Funds and the Trustee had commenced claims against the Bermuda Defendants, the Joint Liquidators and the Trustee entered into a common interest agreement with respect to certain actions relating to Kingate

Management in Bermuda. The agreement arose because each of the Trustee and the Kingate Funds were pursuing claims against some of the same defendants in Bermuda. The agreement expired after several months.

11. Despite the Trustee's long-standing knowledge of both the claims and sources of Kingate Management Limited's funds, on October 15, 2012, the Trustee sent a letter to counsel for the Kingate Funds asserting that the automatic stay precluded the Kingate Funds from continued prosecution of the Bermuda Action. The Trustee's counsel demanded a response by 4 p.m. the following day, but upon the request of counsel for the Joint Liquidators, extended the response time to Thursday, October 18, 2012. Counsel for the Joint Liquidators sent the Trustee a response to his letter, but did not receive a response. On Monday, October 22, 2012, the Trustee commenced this adversary proceeding.

**Exhibits**

12. Attached as Exhibit A is a true and correct copy of the Third Amended Complaint filed in May 2011 by Irving Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC, against the Kingate Funds, *et al.*

13. Attached as Exhibit B is a true and correct copy of the Manager's Agreement between Kingate Global and Kingate Management dated March 1, 1995.

14. Attached as Exhibit C is a true and correct copy of the Consulting Agreement between Kingate Global, Kingate Management, and FIM Limited dated December 1, 1995.

15. Attached as Exhibit D is a true and correct copy of the Deed of Novation between Kingate Management, FIM Limited, and FIM Advisors respecting obligations related to Kingate Global dated July 29, 2005.

16. Attached as Exhibit E is a true and correct copy of the Manager's Agreement between Kingate Euro and Kingate Management dated May 1, 2000.

17. Attached as Exhibit F is a true and correct copy of the Consulting Agreement between Kingate Euro, Kingate Management, and FIM Limited dated April 23, 2001.

18. Attached as Exhibit G is a true and correct copy of the Deed of Novation between Kingate Management, FIM Limited, and FIM Advisors respecting obligations related to Kingate Euro dated July 29, 2005.

19. Attached as Exhibit H is a true and correct copy of a February 25, 2010 e-mail from Robert Loigman to Frederick W. Chockley III and Marc E. Hirschfield, attaching letters between counsel for the Joint Liquidators of the Kingate Funds and, *inter alia*, Kingate Management and FIM.

20. Attached as Exhibit I is a true and correct copy of a March 12, 2010 email from Robert Dakis to Marc Hirschfield and Frederick Chockley attaching correspondence between counsel to the Joint Liquidators and counsel to Kingate Management and FIM regarding the Kingate Funds' discovery requests.

21. Attached as Exhibit J is a true and correct copy of a July 15, 2010 e-mail from Robert S. Loigman to Marc E. Hirschfield and Frederick W. Chockley III, attaching a draft tracing analysis.

22. Attached as Exhibit K is a true and correct copy of a November 12, 2010 e-mail from Robert Dakis to Frederick Chockley, *et al.*, attaching the summary pages of the draft tracing analysis (the email attached the entire draft tracing analysis, which backs up the summaries).

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed on February 18, 2014, at New York, New York.

/s/ Robert S. Loigman
Robert S. Loigman