# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 24, 2014

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Picard v. Brierpatch Investment LLC*, Adv. Pro. No. 10-04402; *Picard v. Levy Trust*, Adv. No. 10-04721; *Picard v. DPF Investors*, Adv. Pro. No. 10-04475; *Picard v. Persky Foundation*, Adv. Pro. No. 10-05057; *Picard v. Berkowitz*, Adv. Pro No. 10-5388

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA").

We write in response to the letter submitted by LaShann M. DeArcy of Morrison & Foerster LLP requesting guidance on the treatment of the motions to dismiss (the "Motions") filed in the above-referenced adversary proceedings (the "Adversary Proceedings"). Specifically, counsel has requested guidance from the Court concerning whether the pending the Motions, which were filed in October 2011, are subject to mediation under the procedures set forth in the Order Establishing Case Management Litigation Procedures dated November 10, 2010 ("Litigation Procedures Order").

At the time the Motions were filed, the Trustee did not file a Notice of Mediation Referral pursuant to the Litigation Procedures Order because several issues that could impact the Adversary Proceedings were pending before the District Court. However, the parties agree that all issues that might have had any impact on the Trustee's claims in the Adversary Proceedings have now been resolved by the District Court.

Hon. Stuart M. Bernstein
February 24, 2014
Page 2

The Litigation Procedures Order specifically provides that parties can agree that mediation is unlikely to resolve issues raised by a motion to dismiss. At the hearing held on February 14, 2014 (the "Hearing") with respect to, *inter alia*, the pending motions to dismiss in the innocent investor BLMIS adversary proceedings, certain parties requested that their motions be scheduled for briefing and argument, and the parties agreed to dispense with mediation in those cases. Several of those motions, which are now scheduled for briefing, join in and adopt the arguments asserted in all other motions to dismiss filed in innocent investor adversary proceedings. As such, in accordance with the Court's rulings made during the Hearing, all motions to dismiss, including the Motions, must be addressed by the Trustee. The Court subsequently memorialized the rulings in the Case Management Order Regarding Certain Pending Motions to Dismiss dated February 24, 2014 (ECF 5695) (the "Case Management Order"). The Trustee submits that the Court's rulings and subsequent Case Management Order supersede any requirement to conduct mediation in the Adversary Proceedings that may otherwise be required by the Litigation Procedures Order.

Accordingly, the Trustee intends to respond to the pending Motions in his omnibus opposition to all pending motions to dismiss on or before March 10, 2014, pursuant to the Case Management Order.

The Trustee is available to respond to any questions regarding the foregoing and to participate in a conference with defense counsel if the Court deems it to be appropriate.

Respectfully submitted,

/s/ David J. Sheehan

David J. Sheehan

cc (via email):

    LaShann M. DeArcy, Esq.
    Kevin H. Bell, Esq.
    Nicholas J. Cremona, Esq.
    Edward J. Jacobs, Esq.
    Amy E. Vanderwal, Esq.