MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

February 21, 2014

Writer's Direct Contact
+1 (212) 336.4317
LDeArcy@mofo.com

By E-mail

Hon. Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Re:   *Picard v. Brierpatch Investment LLC*, Adv. Pro. No. 10-04402; *Picard v. Levy Trust*, Adv. No. 10-04721; *Picard v. DPF Investors*, Adv. Pro. No. 10-04475; *Picard v. Persky Foundation*, Adv. Pro. No. 10-05057; *Picard v. Berkowitz*, Adv. Pro No. 10-5388.

Dear Judge Bernstein:

We represent the defendants in the above-referenced adversary proceedings. We moved to dismiss the Trustee's claims in each of the above actions in October 2011. We write to seek clarification from the Court regarding a letter we received from the Trustee yesterday that indicates a memorialization of this Court's order on February 14, 2014 (attached for the Court's reference as Exhibit A). In particular, we seek the Court's guidance on its directive that the Trustee respond to all pending motions to dismiss by March 10, 2014.

As you may be aware, this Court previously issued Avoidance Procedures that govern the Trustee's clawback actions (attached as Exhibit B). Pursuant to those Avoidance Procedures, because the amount at issue in each case is less than $20 million, each case was referred to mandatory mediation prior to any briefing by the Trustee. The Trustee was required to initiate mediation by filing a Notice of Mediation Referral. To date, no such Notice has been filed. However, based on the Avoidance Procedures, we understand that these actions will proceed to mediation upon the filing of the Notice by the Trustee.

According to yesterday's letter from the Trustee, these cases are now slated for briefing on the motions to dismiss, as the above-referenced cases appear in Appendix A to the Trustee's letter. The Trustee's letter did note that certain cases which had previously been stayed were still subject to the Litigation Procedures Order, but made no mention of whether cases slated for mediation under the Avoidance Procedures were likewise excepted from this briefing.

**MORRISON | FOERSTER**

Judge Bernstein
February 21, 2014
Page Two

Accordingly, we respectfully request that the Court instruct us as to whether the Avoidance Procedures mandating mediation in this case are still in effect or, in the alternative, if the Trustee will now be required to oppose our clients' motions to dismiss.

We are available to discuss further if additional information would assist the Court.

Respectfully submitted,

LaShann M. DeArcy

Enclosures

cc: Mark Hirschfield

# Exhibit A

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

February 20, 2014

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment*
       *Securities LLC,* 08-01789 (SMB) (Substantively Consolidated)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively
consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC
("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection
Act, 15 U.S.C. § 78aaa et seq. ("SIPA").

We write to memorialize and provide parties with notice of the Court's rulings made
during the hearing held on February 14, 2014 (the "Hearing") with respect to, *inter alia,*
the pending motions to dismiss in the innocent investor BLMIS adversary proceedings set
forth on Appendix A hereto (the "Adversary Proceedings"). Specifically, the Court directed
the Trustee and the parties as follows:

- the Trustee shall submit the instant letter identifying the Adversary
  Proceedings with pending motions to dismiss;

- the reply to the Trustee's Opposition to the Omnibus Motion to Dismiss
  filed by Becker & Poliakoff LLP shall be filed on or before February 21,
  2014, with oral argument thereon to be held on March 12, 2014.

- other than the Becker & Poliakoff omnibus motion to dismiss referenced
  above, the Trustee shall file one omnibus opposition to all pending motions
  to dismiss pending in the Adversary Proceedings on or before March 10,
  2014; and

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Hon. Stuart M. Bernstein
February 20, 2014
Page 2

- all defendants party to pending motions to dismiss in the Adversary Proceedings shall coordinate with defense counsel copied on this letter and file one consolidated reply on or before March 17, 2014.

The Trustee reserves the right to supplement the list of Adversary Proceedings to the extent any (i) cases with pending motions to dismiss were inadvertently omitted or (ii) additional motions to dismiss that raise the same issues are filed after the date of this letter which the Trustee determines should be included in his Omnibus Opposition and subject to the Court's consolidated reply deadline.

In addition, with respect to certain parties' letter request for a stay and conference on this Court's Order Establishing Case Management Litigation Procedures dated November 10, 2010 ("Litigation Procedures Order"), the Court ruled as follows:

- the Litigation Procedures Order is not stayed and remains fully in effect; and

- the parties shall meet and confer to discuss coordinated discovery in the Adversary Proceedings and appear for another hearing before the Court on discovery matters on March 18, 2014.

The Trustee is available to respond should the Court have any questions.

Respectfully submitted,

/s/ David J. Sheehan

David J. Sheehan

cc (via email):

Kevin H. Bell, Esq.
Nicholas J. Cremona, Esq.
Edward J. Jacobs, Esq.
Amy E. Vanderwal, Esq.

**K&L GATES LLP**
Richard A. Kirby
Laura K. Clinton
1601 K Street NW
Washington, DC 20006-1600

**DENTONS (US) LLP**
Carole Neville
1221 Avenue of the Americas
New York, New York 10020

Hon. Stuart M. Bernstein
February 20, 2014
Page 3

**KLEINBERG, KAPLAN, WOLFF
& COHEN, P.C.**
David Parker
Matthew J. Gold
551 Fifth Avenue
New York, New York 10176

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
Philip Bentley
Elise S. Frejka
1177 Avenue of the Americas
New York, New York 10036

**LOEB & LOEB LLP**
Greg Schwed
Daniel Besikof
345 Park Avenue
New York, NY 10154
Tel: 212-407-4815
Fax: 212-937-4689

**MILBERG LLP**
Matthew A. Kupillas
Jennifer L. Young
One Pennsylvania Plaza
New York, New York 10119

**PRYOR CASHMAN LLP**
Richard Levy, Jr.
David C. Rose
7 Times Square
New York, New York 10036-6569

**SCHULTE ROTH & ZABEL LLP**
Marcy Ressler Harris
Jennifer M. Opheim
Mark D. Richardson
919 Third Avenue
New York, New York 10022

**SEEGER WEISS LLP**
Parvin K. Aminolroaya
77 Water Street
New York, New York 10005

| | | APPENDIX A | | |
|---|---|---|---|---|
| | **Adv. Pro. No.** | **Defendant(s)**[1] | **Date MTD Filed** | **Counsel for Defendant(s)** |
| 1. | 10-04349 | Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 2. | 10-04394 | Frederic Z. Konigsberg | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04396 | Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04408 | Cheryl Yankowitz | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04468 | Ken-Wen Family Limited Partnership | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04560 | Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04561 | Jeffrey R. Werner 11/1/98 Trust | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04717 | William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-05094 | The Estate of Carolyn Miller | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05231 | Trust under Deed of Suzanne R. May | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04361 | Harvey L. Werner Revocable Trust | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-04569 | Stephen H. Stern | 2/14/14 | Richard E. Signorelli |
| 13. | 10-05393 | Francis G. Rea | 1/31/14 | Richard E. Signorelli |
| 14. | 10-04772 | M. Elliot Schnall | 1/24/14 | Herbert Biegel |
| 15. | 10-04421 | A&G Goldman Partnership | 1/17/14 | Akerman LLP |
| 16. | 10-04850 | Nathan Cohen Trust | 1/17/14 | Akerman LLP |
| 17. | 10-04843 | Nathan Cohen | 1/17/14 | Akerman LLP |
| 18. | 10-04936 | L. Rags, Inc. | 1/17/14 | Akerman LLP |
| 19. | 10-04962 | Estate of Alvin Rush | 1/17/14 | Akerman LLP |
| 20. | 10-05046 | Martin Gettinger | 1/17/14 | Akerman LLP |
| 21. | 10-05108 | Marilyn Davimos 1999 Grat | 1/17/14 | Akerman LLP |
| 22. | 10-05399 | Martin Lifton | 1/17/14 | Akerman LLP |
| 23. | 10-05433 | Merida Associates, Inc. | 1/17/14 | Akerman LLP |
| 24. | 10-04404 | Empire Prospect Partnership | 1/17/14 | Akerman LLP |
| 25. | 10-04423 | Joel Busel Rev Trust | 1/17/14 | Akerman LLP |
| 26. | 10-04832 | Richard E. Winter Rev Trust | 1/17/14 | Akerman LLP |
| 27. | 10-04713 | Marsy Mittleman | 1/17/14 | Akerman LLP |
| 28. | 10-05436 | Just Empire, LLC | 1/17/14 | Akerman LLP |

---

[1] This column does not list all participating Defendants, but is merely indicative of the actions that filed motions to dismiss.

| | Adv. Pro. No. | Defendant(s) | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 29. | 10-04638 | The Mittleman Family Foundation | 1/17/14 | Akerman LLP |
| 30. | 10-05223 | Estate of Sam W. Klein | 1/17/14 | Akerman LLP |
| 31. | 10-04655 | Jaffe Family Partnership | 1/17/14 | Lax & Neville LLP |
| 32. | 10-04756 | Stephen B. Kaye | 1/17/14 | Lax & Neville LLP |
| 33. | 10-04900 | Bonnie J. Kansler | 1/17/14 | Lax & Neville LLP |
| 34. | 10-04881 | Jillian Wernick Livingston | 1/17/14 | Lax & Neville LLP |
| 35. | 10-04481 | Armand Lindenbaum | 1/17/14 | Lax & Neville LLP |
| 36. | 10-04467 | David S. Wallenstein | 1/17/14 | Lax & Neville LLP |
| 37. | 10-04307 | Howard Solomon | 1/17/14 | Lax & Neville LLP |
| 38. | 10-04988 | Wallenstein / NY Partnership | 1/17/14 | Lax & Neville LLP |
| 39. | 10-04827 | Madeline Gins Arakawa | 1/17/14 | Lax & Neville LLP |
| 40. | 10-04289 | John Fujiwara | 1/17/14 | Lax & Neville LLP |
| 41. | 10-04301 | Frieda Bloom | 1/17/14 | Lax & Neville LLP |
| 42. | 10-04304 | Elinor Solomon | 1/17/14 | Lax & Neville LLP |
| 43. | 10-04647 | Abbit Family Trust | 1/17/14 | Lax & Neville LLP |
| 44. | 10-05169 | Fairfield Pagma Associates | 1/17/14 | Lax & Neville LLP |
| 45. | 10-05246 | Frances J. Le Vine Rev. Trust | 1/17/14 | Lax & Neville LLP |
| 46. | 10-04954 | Ruth Kahn | 1/17/14 | Lax & Neville LLP |
| 47. | 10-04966 | Onesco International | 1/17/14 | Lax & Neville LLP |
| 48. | 10-05036 | Elinor Friedman Felcher | 1/17/14 | Lax & Neville LLP |
| 49. | 10-05048 | Armand L. Greenhall | 1/17/14 | Lax & Neville LLP |
| 50. | 10-05160 | Lanny Rose Rev. Trust | 1/17/14 | Lax & Neville LLP |
| 51. | 10-04573 | Bruce Leventhal 2001 Irrevocable Trust | 1/17/14 | Lax & Neville LLP |
| 52. | 10-05400 | Ted Goldberg | 1/17/14 | Wachtel Missry LLP |
| 53. | 10-04726 | Lori Chemla | 1/17/14 | Wachtel Missry LLP |
| 54. | 10-04579 | Shetland Fund Limited Partnership | 1/17/14 | Wachtel Missry LLP |
| 55. | 10-04896 | Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |
| 56. | 10-05372 | O.D.D. Investment LP | 1/17/14 | Wachtel Missry LLP |
| 57. | 10-04502 | Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 58. | 10-04363 | Schiff Family Holdings | 1/17/14 | Wachtel Missry LLP |
| 59. | 10-04447 | Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 60. | 10-04472 | Daniel N. Silna | 1/17/14 | Wachtel Missry LLP |
| 61. | 10-04470 | Silna Family Inter Vivos Trust | 1/17/14 | Wachtel Missry LLP |
| 62. | 10-04357 | James Greiff | 1/17/14 | Dentons LLP |
| 63. | 10-04796 | Howard Kaye | 1/17/14 | McClaughlin & Stern LLP |
| 64. | 10-04735 | Kara Fishbein Goldman | 1/17/14 | Pryor Cashman LLP |
| 65. | 10-04944 | Pergament Equities | 1/17/14 | Pryor Cashman LLP |

|  | Adv. Pro. No. | Defendant(s) | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 66. | 10-05194 | Bruce D. Pergament | 1/17/14 | Pryor Cashman LLP |
| 67. | 10-05087 | Steven J. Lifton | 1/17/14 | Meyer, Suozzi, English & Klein, P.C. |
| 68. | 10-04906 | Steven V Marcus Separate Property of the Marcus Family Trust | 1/16/14 | Milberg LLP |
| 69. | 10-04861 | Harold J. Hein | 3/22/13 | Dentons LLP |
| 70. | 10-04921 | Stanley T. Miller | 3/22/13 | Dentons LLP |
| 71. | 10-04672 | Sidney Cole | 3/22/13 | Dentons LLP |
| 72. | 10-04415 | Barbara J. Berdon | 3/22/13 | Dentons LLP |
| 73. | 10-05209 | Lapin Children LLC | 3/22/13 | Dentons LLP |
| 74. | 10-04332 | Barry Weisfeld | 3/22/13 | Dentons LLP |
| 75. | 10-04401 | Rose Gindel Trust | 3/22/13 | Dentons LLP |
| 76. | 10-05085 | Eugene J. Ribakoff 2006 Trust | 3/22/13 | Dentons LLP |
| 77. | 10-05424 | Frederia Ripley French Rev. Trust | 3/22/13 | Dentons LLP |
| 78. | 10-05224 | David R. Markin | 3/22/13 | Dentons LLP |
| 79. | 10-04925 | Alvin Gindel Rev. Trust | 3/22/13 | Dentons LLP |
| 80. | 10-05384 | Neil Reger Profit Sharing Keogh | 3/22/13 | Dentons LLP |
| 81. | 10-05058 | America Israel Cultural Foundation | 3/22/13 | Dentons LLP |
| 82. | 10-04951 | Harold A. Thau | 3/22/13 | Milberg LLP |
| 83. | 10-04946 | Stephen R. Goldenberg | 3/22/13 | Milberg LLP |
| 84. | 10-05089 | John Denver Concerts | 3/22/13 | Milberg LLP |
| 85. | 10-04335 | Melvin Knyper and Aspen Fine Arts Co. | 3/22/13 | Milberg LLP |
| 86. | 10-04966 | Onesco International | 3/22/13 | Milberg LLP |
| 87. | 10-04978 | Estate of Ira S. Rosenberg | 3/22/13 | Milberg LLP |
| 88. | 10-04725 | Ruth E. Goldstein | 3/22/13 | Milberg LLP |
| 89. | 10-04601 | Laurence E. Leif | 3/22/13 | Milberg LLP |
| 90. | 10-05069 | Potamkin Family Foundation | 3/22/13 | Milberg LLP |
| 91. | 10-04576 | Norton A. Eisenberg | 3/22/13 | Milberg LLP |
| 92. | 10-04741 | William M. Woessner Family Trust | 3/22/13 | Milberg LLP |
| 93. | 10-04724 | P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 94. | 10-04582 | Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 95. | 10-05136 | Richard Roth | 3/22/13 | Milberg LLP |
| 96. | 10-04540 | Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 97. | 10-04341 | James P. Marden | 3/22/13 | Pryor Cashman LLP |
| 98. | 10-04348 | Marden Family Limited | 3/22/13 | Pryor Cashman LLP |
| 99. | 10-05194 | Bruce D. Pergament | 3/22/13 | Pryor Cashman LLP |

| | Adv. Pro. No. | Defendant(s) | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 100. | 10-05239 | Robert Fried | 3/22/13 | Pryor Cashman LLP |
| 101. | 10-05439 | Avram J. Goldberg | 3/22/13 | Pryor Cashman LLP |
| 102. | 10-05118 | Charlotte M. Marden | 3/22/13 | Pryor Cashman LLP |
| 103. | 10-04575 | Boslow Family Limited | 3/22/13 | Pryor Cashman LLP |
| 104. | 10-05397 | Oakdale Foundation | 3/22/13 | Pryor Cashman LLP |
| 105. | 10-04565 | Murray & Irene Pergament Foundation | 3/22/13 | Pryor Cashman LLP |
| 106. | 10-05022 | Montbarry Inc. | 1/18/13 | Simon & Partners LLP |
| 107. | 10-04998 | Estate of Hermen Greenberg | 6/15/12 | Arent Fox LLP |
| 108. | 10-05027 | 1776 K Street Associates | 4/20/12 | Arent Fox LLP |
| 109. | 10-04976 | Eleven Eighteen Limited Partnership | 4/20/12 | Arent Fox LLP |
| 110. | 10-04865 | Edward H. Kaplan | 4/20/12 | Arent Fox LLP |
| 111. | 10-05179 | Liselotte J. Leeds Lifetime Trust | 4/2/12 | Dow Lohnes PLLC |
| 112. | 10-04336 | Estate of Doris Igoin | 4/2/12 | Kelley Drye & Warren LLP |
| 113. | 10-04405 | Estate of Elaine S. Fox | 3/6/12 | Cole, Schotaz, Meisel, Forman, & Leonard, P.A. |
| 114. | 10-05257 | Edward A. Zraick | 2/17/12 | Hunton & Williams LLP |
| 115. | 10-04799 | Marvin L. Olshan | 2/3/12 | Olshan Grundman Frome Rosenzweig & Wolosky LLP |
| 116. | 10-04774 | Diane Wilson | 1/31/12 | Simon & Partners LLP |
| 117. | 10-05416 | Ostrin Family Partnership | 1/31/12 | Richard Signorelli |
| 118. | 10-04338 | Financière Agache | 1/10/12 | Barack Ferrazzano Kirschbaum & Nagelberg LLP |
| 119. | 10-04551 | Douglas D. Johnson | 1/4/12 | Herrick, Feinstein LLP |
| 120. | 10-05255 | Stefanelli Investors Group | 12/20/11 | Rattet Pasternak, LLP |
| 121. | 10-04629 | Frank J. Lynch | 12/14/11 | McDermott Will & Emery LLP |
| 122. | 10-05109 | F&P Lynch Family Partnership | 12/14/11 | McDermott Will & Emery LLP |
| 123. | 10-04959 | Judith Pisetzner | 12/14/11 | Greenberg Traurig LLP |
| 124. | 10-05097 | Pisetzner Family Limited Partnership | 12/14/11 | Greenberg Traurig LLP |
| 125. | 10-04463 | Triangle Diversified Investments LLC | 11/30/11 | Dickstein Shapiro LLP |
| 126. | 10-05388 | Lilyan Berkowitz | 10/18/11 | Morrison & Foerster LLP |
| 127. | 10-04475 | DPF Investors | 10/3/11 | Morrison & Foerster LLP |
| 128. | 10-04402 | Brierpatch Investments LLC | 10/3/11 | Morrison & Foerster LLP |
| 129. | 10-04721 | George D. Levy Trust | 10/3/11 | Morrison & Foerster LLP |
| 130. | 10-05057 | Joseph Persky Foundation | 10/3/11 | Morrison & Foerster LLP |
| 131. | 10-04460 | Lexus Worldwide | 10/3/11 | Dickstein Shapiro LLP |
| 132. | 10-04370 | Sidney Marks Trust 2002 | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |

|  | Adv. Pro. No. | Defendant(s) | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 133. | 10-04698 | Nancy J. Marks Trust 2002 | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 134. | 10-04511 | Weithorn/ Casper Associates | 6/24/11 | Becker Meisel LLC |
| 135. | 10-04419 | Katz Group Ltd Partnership | 6/20/11 | Becker Meisel LLC |
| 136. | 10-04495 | Carl Glick | 6/15/11 | Becker Meisel LLC |
| 137. | 10-04435 | Prospect Capital Partners | 6/13/11 | Becker Meisel LLC |
| 138. | 10-04662 | Lexington Capital Partners | 6/13/11 | Becker Meisel LLC |
| 139. | 10-04294 | David T. Washburn | 6/13/11 | Becker Meisel LLC |
| 140. | 10-04323 | Weiner Family Ltd. Partnership | 6/1/11 | Fox Rothschild LLP |
| 141. | 10-04293 | Marvin M. Weiner | 6/1/11 | Fox Rothschild LLP |
| 142. | 10-05371 | L.H. Rich Companies | 5/10/11 | Garvey Schubert Baker |
| 143. | 10-04759 | Howard Klee | 4/1/11 | *Pro se* |
| 144. | 10-04744 | Irving J. Pinto 1996 Grantor Retained Trust | 1/26/11 | Filed By Bruce S. Schaeffer, but now unrepresented; Estate's Counsel: Joseph A. Roman |
| 145. | 10-04538 | James B. Pinto Rev. Trust and James B. Pinto | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph A. Roman |
| 146. | 10-04588 | Amy Pinto Lome Rev. Trust | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph Roman |

Exhibit B

### The Avoidance Procedures

1. **Notice of Applicability:**

   A.    The Avoidance Procedures apply only to Avoidance Actions commenced
         by the Trustee after the approval of these Avoidance Procedures in which
         (a) the amount demanded in the complaint commencing the Avoidance
         Action (the "Complaint") is $20 million or less and (b) the Trustee or the
         defendant files in such adversary proceeding a "Notice of Applicability"
         of these Avoidance Procedures . The Trustee or defendant may also file a Notice
         of Applicability in Adv. Pro. Nos. 10-3222 and 10-3223 pending in this
         Court (the "Bankruptcy Court"), in which case, the Avoidance Procedures
         will become applicable to such Avoidance Actions prospectively without
         extending any dates or deadlines that expired prior to the date such Notice
         of Applicability is filed. A Notice of Applicability may also be filed in
         Avoidance Actions where the amount demanded in the Complaint is more
         than $20 million by mutual consent of the Trustee and the defendant(s) in
         such Avoidance Action. For purposes of these Avoidance Procedures,
         "Avoidance Actions" shall mean adversary proceedings commenced by
         the Trustee seeking the avoidance and recovery of preferences or fictitious
         profits (but not principal) under sections 78fff(b), 78fff-l(a) and 78fff-
         2(c)(3) of SIPA, sections 541, 542, 544, 547, 548,550 and 551 of the
         Bankruptcy Code, sections 273 to 279 of New York Debtor and Creditor
         Law, and other applicable law.

2. **Response:**

   A.    Except as provided below, the defendant(s) shall file and serve an answer
         or response to the Complaint within 60 days from the date of the issuance
         of the summons (the "Response Due Date"). Where a defendant is located
         in a country outside the United States, the time allotted for the Trustee to
         serve the summons shall be the date that is 120 days after the date of the
         issuance of the summons and the Response Due Date for such defendant
         shall be 180 days after the date of the issuance of the summons.

   B.    No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be
         held in the Avoidance Actions and, accordingly, the summons filed and
         served by the Trustee will not include a date for a pre-trial conference.

   C.    Upon request by a defendant, the Trustee may agree to one or more
         extensions of the Response Due Date with the extension(s) totaling no
         more than 90 days without further Court order. A "Notice of Extended
         Response Due Date" shall be filed in the adversary proceeding by the
         Trustee memorializing such agreement (whereupon, thereafter, the
         Response Due Date shall be the date set forth in the Notice).

D.  If a defendant files a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (a "Dismissal Motion"), made applicable by Bankruptcy Rule 7012, in response to the Complaint, the issues raised in such motion, together with the issues raised in the Complaint, are immediately referred to mediation; provided, however, that if the parties mutually agree that mediation is unlikely to resolve the issues raised by any such Dismissal Motion. that motion will not be referred to mediation and, instead, the parties will jointly request in a letter to the Court that the Court hear the Dismissal Motion on such schedule as the Court may determine. If a party brings any dismissal motion other than a motion under Federal Rule of Civil Procedure 12(b)(6), the Court will hear the matter on such schedule as the Court may determine.

E.  If the parties jointly agree in writing (which agreement the Trustee will file in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be the date that is 30 days following the completion of the mediation. A "Notice of Extended Response Due Date" shall be filed in the adversary proceeding by the Trustee upon the termination of mediation setting forth the new Response Due Date (whereupon, thereafter, the Response Due Date shall be the date set forth in the Notice of Extended Response Due Date).

F.  Except as set forth above, further extensions of the Response Due Date shall not be granted except on motion upon a showing of good cause or by stipulation of the parties.

G.  Within 30 days after a defendant or, if more than one, the last defendant, files an answer to the Complaint, the parties shall meet, either in person or by teleconference, and confer on a mediation, discovery and litigation plan (the "Initial Case Conference"). The parties may agree to alter the deadlines set forth below upon mutual consent. Following the Initial Case Conference, the Trustee shall file with the Court a case management notice (the "Case Management Notice") (substantially in the form annexed hereto as Exhibit 2) which sets forth the various deadlines that will apply to the proceeding. The parties, upon mutual consent, may agree to alter the dates set forth in the Case Management Notice. Any such modifications shall be the subject of an amended case management notice (the "Amended Case Management Notice") which the Trustee shall file with the Court in the adversary proceeding.

3.  **Filing and Service of Pleadings:**

A.  All pleadings shall be electronically filed with the Court in accordance

with Superseding General Order M-399 which is available on the Bankruptcy Court's website: (www.nysb.uscourts.gov). A copy of such order is also available on the Trustee's website: (http://www.madofftrustee.com/documents/Order_M-399.pdf).

B.    The Complaint and the summons must be served in accordance with the Bankruptcy Rules, unless the parties agree otherwise. If a defendant is known by the Trustee to be represented by counsel, the Trustee shall concurrently send to such counsel a courtesy copy of the summons and Complaint; provided, however, that the failure by the Trustee to provide such a courtesy copy shall not be deemed to constitute ineffective service of process if proper service was effected on the defendant in accordance with the Bankruptcy Rules. After a defendant has appeared, service of all pleadings in each Avoidance Action shall be made by email (i) to counsel of record or (ii) on the defendant if proceeding *pro se*. Except as set forth below with respect to *pro se* litigants, there shall be no obligation to serve paper copies of pleadings other than the Complaint and the summons.

C.    Parties subject to these Avoidance Procedures who file a pleading with the Bankruptcy Court are not required to serve the Trustee with such pleading and the Trustee will be deemed to have received notice of and been served with such filing via the Court's ECF notification. If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Bankruptcy Court, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

D.    Parties subject to these Avoidance Procedures who wish to serve the Trustee with a document not filed with the Bankruptcy Court (such as, for example, discovery requests) shall email such document to Trustee@MadoffLitigation.com and include the adversary proceeding number in the subject line of the email. Compliance with the foregoing shall be deemed effective service on the Trustee. If a defendant is appearing *pro se* and is not able to serve documents by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

E.    Each defendant shall file a notice with the Court, on or before the Response Due Date, specifying the email address(es) for service of pleadings and documents on it. If a defendant is appearing *pro se* and is not able to receive pleadings and documents by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and the Trustee shall thereafter serve such *pro se* defendant via United States Mail at such

address as the defendant shall request.

F.    All parties must send a courtesy copy, in paper form, of each motion, pleading or other filing to Judge Lifland at the following address: The Honorable Burton R. Lifland, United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408. The parties shall not, however, send to Chambers copies of discovery requests other than as a part of, and in connection with, a discovery motion.

4.    **Discovery:**

A.    The discovery provisions of the Federal Rules of Bankruptcy Procedure and this Court's Local Bankruptcy Rules shall govern the discovery to be conducted in the Avoidance Actions, unless otherwise provided herein.

B.    Unless the parties agree to a different date, the initial disclosures provided by Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") shall be made within the later of (i) 60 days from the date of the Initial Case Conference or (ii) 180 days from the date the Complaint was filed (the "Initial Disclosure Date"). The parties shall have a continuing obligation to disclose discoverable information as well as to supplement all existing disclosures in accordance with Federal Rule 26(e)(1).

C.    The Trustee or a defendant may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Trustee or a defendant may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the defendants. With regard to documents produced or made available electronically:

1.    Information and documents disclosed shall be text searchable;

2.    Upon request, the Trustee or a defendant, as the case may be, shall provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity);

3.    The Trustee and defendant(s) shall produce any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

4.    To the extent that documents are organized by date,

custodian, or subject matter, either because they were so maintained or because the Trustee so organized them, the Trustee shall produce such documents as organized; and

5.    Nothing herein shall preclude the parties from requesting additional formats of production, metadata, or native documents.

D.    Notwithstanding the Global Protective Order dated February 16, 2010 [Docket No. 1951] (the "Global Protective Order"), materials containing non-public personal information and/or sensitive financial information, including, Confidential Account Material (as defined in the Global Protective Order) may be designated by the Trustee as "Professionals' Eyes Only." The Trustee will provide access to such Confidential Account Materials only to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or the other professional executes a non-disclosure agreement in substantially the form attached hereto as <u>Exhibit 3</u> (the "Non-Disclosure Agreement"). Copies of the Global Protective Order and Non-Disclosure Agreement are available on the Trustee's website: (http://www.madofftrustee.com/documents/Non-Disclosure_Agreement.pdf). Nothing herein or in the Global Protective Order shall prevent any defendant from sharing Confidential Account Material pertaining to that defendant with other defendants in other Avoidance Actions, with accountants, financial or other consultants, or as deemed appropriate by the defendant to whom the Confidential Account Material relates.

E.    In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

F.    Unless the parties agree to a different schedule, all fact discovery in an Avoidance Action shall be completed within 210 days after the Initial Disclosure Date. No further fact discovery shall be conducted after that date absent order of the Court upon a showing of good cause.

G.    Unless the parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters to the extent discoverable under Federal Rule 26(b)(1) which relate to: (a) the calculation of net equity for the defendant's BLMIS account; (b) the financial condition of BLMIS; (c) the activities of BLMIS, including both fraudulent conduct, including the Ponzi scheme, and legitimate operations; (d) the defendant's account documents and customer correspondence and interactions with BLMIS, its

records of BLMIS;  (e) the internal records of BLMIS; (f) transfers of money by and among BLMIS; (g) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; (h) disclosures made by BLMIS under federal and/or state laws, such as disclosures to the SEC; and (i) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.

H.      The parties may take depositions of fact witnesses during the period for fact discovery after initial disclosures have been made. The Trustee shall make his financial professionals submitting expert evidence on behalf of the Trustee available for depositions and may coordinate such depositions in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date. time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

I.      Notwithstanding Local Bankruptcy Rule 7033-1(b), the parties arc permitted to serve substantive interrogatories at any time prior to the date which is 90 days prior to the completion of fact discovery. Unless the parties otherwise agree or the Court otherwise orders upon a showing of good cause, each party will limited to propounding no more than 25 interrogatories (inclusive of subparts).

J.      Unless the parties agree otherwise, Federal Rule 26(a)(2) disclosures of the experts on any issue a party must prove in connection with a claim or defense shall be made within 60 days after the deadline for completion of fact discovery.

K.      Unless the parties agree otherwise, Federal Rule 26(a)(2) disclosures of the parties' rebuttal experts, if any, shall be made within 90 days after the deadline for completion of fact discovery or 30 days after receipt of the other party's corresponding expert report, whichever is later.

L.      Unless the parties agree otherwise, all expert discovery shall be concluded within 180 days after the deadline for completion of fact discovery.

M.      To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated

in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

N.      All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of other parties' expert and fact witnesses shall occur at such place as the parties shall mutually agree.

O.      Any party seeking to make a discovery-related motion shall comply with Local Bankruptcy Rule 7007-1.

P.      Except as specifically set forth in these Avoidance Procedures, the Global Protective Order shall apply to all discovery in the Adversary Proceedings. Notwithstanding the applicability of the Global Protective Order, nothing therein or herein shall prevent any defendant from sharing Confidential Information with codefendants or defendants named in other Avoidance Actions, or with accounting, financial, or other consultants retained in the litigation, provided that such persons have executed the Non-Disclosure Agreement. A copy of the Global Protective Order is available on the Trustee's website: (http://www.madofftrustee.com/documents/Global_Protective_Order.pdf).

5.      **Mediation Procedures:**

A.      All of the Avoidance Actions are referred to mandatory mediation. Except as set forth above or unless the parties opt for mediation at an earlier stage of the litigation, each Avoidance Action shall be referred to mediation upon the completion of discovery. The Trustee shall file in the adversary proceeding a notice of mediation referral (the "Notice of Mediation Referral") at the time the litigation is being referred to mediation.

B.      Except as is set forth herein, the mediation shall be conducted in accordance with General Order M-390 (the "Mediation Order") which is available on the Bankruptcy Court's website: (www.nysb.uscourts.gov). A copy of such order is also available on the Trustee's website: (http://www.madofftrustee.com/documents/Order_M-390.pdf)

C.      Within 14 calendar days after the filing of the Notice of Mediation Referral, the Trustee and defendant(s) shall choose a mediator in accordance with the Mediation Order. If the parties are unable to agree on

a mediator, the Court shall appoint one in accordance with the Mediation Order.

D.  Promptly after the filing of the Notice of Mediator Selection, the Trustee and defendant's counsel (or the defendant if appearing *pro se)* shall jointly contact the selected Mediator to discuss the mediation.

E.  The parties shall exchange position statements, which may not exceed twenty pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least 10 days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

F.  All mediations must be concluded within 120 days of the date of the Notice of Mediator Selection, which deadline may be extended by the mutual consent of the parties to the mediation and the Mediator.

G.  The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. The mediation(s) shall be attended by a representative for each of the parties with full settlement authority and, if a defendant is represented, their counsel, as well as counsel for the Trustee (who shall have settlement authority). Any defendant shall be able to participate in the mediation telephonically and if a defendant is unable to attend the mediation in person or telephonically because of advanced age or poor health, the mediation may be attended by the defendant's counsel only, provided that he or she has settlement authority.

H.  In mediations where the allegedly fraudulent transfers or preferences sought in the Complaint total $20 million or less, the Trustee shall pay the reasonable fees and reasonable expenses of the Mediator. Fees and expenses in all other mediations win be apportioned as set forth in the Mediation Order, unless otherwise agreed by the parties.

I.  No Mediator shall mediate a case in which he/she or his/her law firm currently represents a party with respect to the BLMIS proceeding without the prior written consent of all parties to the mediation. Prior to accepting an Avoidance Action for mediation, the Mediator shall disclose to the Trustee and the defendant(s) any such representations. If a Mediator's law firm represents any defendant in the Avoidance Actions or other avoidance actions brought by the Trustee, then (a) the Mediator shall not personally participate in the representation of that defendant and (b) the Mediator's law firm shall impose an ethical wall which ensures that the Mediator will not have access to the defendant's file and/or communicate about the defendant's case or the mediation with anyone working on the defendant's case. The Mediator's participation in mediation pursuant to

the Avoidance Procedures shall not create a conflict of interest with
respect to the representation of such defendant by the Mediator's law firm.

6.    **Motion Practice:**

A.    Prior to the close of discovery, no motions may be made without the
Court's prior approval, which may be sought, on notice to other parties to
the action, by letter to the Court; provided, however, that (i) motions to
dismiss, motions for withdrawal of the reference, and motions for default
judgment may be made without the Court's prior approval, and (ii) routine
procedural motions (e.g., motions to intervene or to amend a pleading)
may be made without the Court's prior approval only if the moving party
obtains the consent of all other parties to the action. Notwithstanding
anything contained herein to the contrary, a letter request for a pre-motion
conference with the Court shall be sufficient to be deemed compliant with
the requisite time period for the motion or answer.

B.    Any party seeking to file a summary judgment motion shall comply with
Local Bankruptcy Rule 7056-1.

C.    All matters concerning any Avoidance Action shall, barring exigent
circumstances, only be heard on an omnibus hearing date before the
Honorable Burton R. Lifland (collectively, the "Avoidance Action
Omnibus Hearings"). The initial Avoidance Actions Omnibus Hearings
shall be held on January 26, 2011, February 16, 2011, March 23, 2011,
April 27, 2011 , May 25, 2011 and June 29, 2011. Thereafter, Avoidance
Actions Omnibus Hearings shall be scheduled approximately every thirty
(30) days at the convenience of the Court. The Trustee shall file and serve
notices of the scheduling of the omnibus hearings in the Avoidance
Actions and post the scheduled dates on the Trustee's website:
(http://www.madofftrustee.com/documents/Omnibus_Hearing_Dates.pdf).

D.    The Trustee shall file a report in the main SIPA proceeding (Adv. Pro. No.
08-01789) at least one week prior to each Avoidance Action Omnibus
Hearing setting forth the status of each of the Avoidance Actions
scheduled to be heard at the Avoidance Action Omnibus Hearing. The
Trustee shall also deliver a copy of the report to Judge Lifland's Chambers
and serve each of the applicable defendants.

7.    **Pre-trial Conference / Trial:**

A.    After all discovery has been completed and after the completion of
mediation without a settlement, the parties to the Avoidance Action shall
so inform the Court at the next scheduled Avoidance Actions Omnibus
Hearing. At such time, the Court will address any additional issues, set

additional deadlines, if necessary, establish a due date by which the parties must file a joint pre-trial order, and schedule a trial. The parties to an Avoidance Action in which discovery has been completed need not await the completion of discovery in all Avoidance Actions before scheduling trial.

8. **Miscellaneous:**

   A.   These Avoidance Procedures shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

   B.   Nothing herein shall prevent the Trustee or any defendant in an Avoidance Action from seeking relief from the provisions of these Avoidance Procedures, upon a showing of good cause, by appropriate application to the Court in accordance with the procedures set forth herein.

   C.   Nothing herein shall prevent the parties to any Avoidance Action from voluntarily exchanging information or engaging in settlement discussions at any time; provided, however, that any such voluntary exchange of information shall in no way be construed as a waiver of any of the requirements or limitations contained in these Avoidance Procedures.

   D.   Noncompliance with the Avoidance Procedures may result in such sanctions as the Court deems appropriate on the non-complying party after notice and a hearing.

   E.   The Trustee shall serve a copy of the Order approving these Avoidance Procedures on each defendant in the Avoidance Action at the time he serves the summons and Complaint.

   F.   The Trustee shall post and maintain a copy of these Avoidance Procedures (together with any amendments or modifications thereto) on his website: (http://www.madofftrustee.com/documents/Avoidance_Procedures.pdf).