DAY PITNEY LLP
7 Times Square
New York, NY 10036
Telephone: (212) 297-5800
Thomas D. Goldberg (TG-7251)
Margarita Y. Ginzburg (MG-6240)

*Attorneys for Defendant Edmond A. Gorek*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-4623 (SMB) |
| Plaintiff, | |
| v. | |
| EDMOND A. GOREK, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS COUNTS 2-6 OF THE COMPLAINT**

72217986.2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND FACTS ............................................................................................................1

ARGUMENT .................................................................................................................................3

    I.    STANDARD OF REVIEW...............................................................................................3

    II.    THE TRUSTEE'S CLAIMS FOR CONSTRUCTIVE FRAUD AND UNDER THE DCL (COUNTS 2-6) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(E) AND THE DISTRICT COURT RULINGS IN RELATED CASES ..................................................................................................4

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ..................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ......................................................................................................... 3

*Picard v. Katz*,
 462 B.R. 447 (S.D.N.Y. 2011) ..................................................................................... 4, 5

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
 476 B.R. 715 (S.D.N.Y. 2012) ................................................................................ 1, 4, 5

*Whitfield v. O'Connell*,
 402 F. App'x 563 (2d Cir. 2010) ................................................................................. 3, 4

**Statutes**

11 U.S.C. § 275 ........................................................................................................................ 3

11 U.S.C. § 276 ........................................................................................................................ 3

11 U.S.C. § 544 ..................................................................................................................... 3, 6

11 U.S.C. § 546 ..................................................................................................................... 4, 5

11 U.S.C. § 548 ................................................................................................... 1, 2, 3, 4, 5, 6

11 U.S.C. § 550 ..................................................................................................................... 3, 5

11 U.S.C. § 551 ........................................................................................................................ 3

15 U.S.C. § 78fff-2 .................................................................................................................. 3

15 U.S.C. § 78o ........................................................................................................................ 1

N.Y. Debt. & Cred. Law §§ 273-79 ....................................................................................... 3

**Rules**

Fed. R. Bankr. P. 7012 ............................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 3

Defendant Edmond A. Gorek ("Dr. Gorek" or the "Defendant"), as beneficiary of his individual retirement account ("IRA"), respectfully submits this memorandum of law in support of his motion to dismiss Counts 2-6 of the Trustee's complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012(b)(6), and to require the Trustee to replead Count 7 to the extent it seeks recovery of subsequent transfers other than transfers avoided pursuant to Section 548(a)(1) of the Bankruptcy Code.

## PRELIMINARY STATEMENT

The Trustee's Complaint raises seven (7) counts which seek to recover fraudulent transfers based upon federal and state securities laws and title 11 of the United States Code (the "Bankruptcy Code"). As a result of the District Court's ruling in *SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012), Dr. Gorek believes that all causes of action other than the Trustee's actual fraudulent conveyance claim asserted pursuant to Section 548(a)(1)(A) of the Bankruptcy Code must be dismissed. As set forth below, Dr. Gorek is entitled to dismissal of Counts 2-6 of the Complaint as a matter of law. To the extent Count 7 of the Complaint seeks to recover subsequent transfers on theories other than actual fraudulent conveyance pursuant to Section 548(a)(1)(A), the Trustee must be required to replead it.

## BACKGROUND FACTS

Dr. Gorek is a former customer of Bernard L. Madoff Investment Securities LLC ("BLMIS"). BLMIS was registered with the Securities and Exchange Commission ("SEC") as a securities broker-dealer under Section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(b), and by that registration was a member of SIPC. (Compl. ¶ 21)

Dr. Gorek opened his IRA account with BLMIS more than 30 years ago, and by 1997 it had a value of over $1.8 million. (Compl. Ex. A) Thereafter, Dr. Gorek received regular

account statements and trade confirmations reflecting purported trades in listed securities. (*See* Compl. ¶ 24) Unaware that BLMIS was a Ponzi scheme, Dr. Gorek made annual withdrawals from his account. Because he reached age 70 ½ many years ago, Dr. Gorek was required to take minimum distributions from his IRA or pay a 50% penalty tax on any amounts that should have been withdrawn.

In December 2008, Dr. Gorek received his final account statement, which showed a value of $2,698,544.78. (*See* Exhibit A to the Complaint) Shortly thereafter, Madoff's fraud was exposed, and it was revealed that the account statements and trade confirmations that BLMIS had sent to Dr. Gorek were fraudulent. (Compl. ¶ 24) The fraud resulted in the loss of all of Dr. Gorek's savings that had been in his retirement account.

On December 15, 2008, SIPC commenced a proceeding against BLMIS and the court appointed the Trustee for the liquidation of the business of BLMIS. (Compl. ¶¶ 12, 13) In late 2010, the Trustee commenced this adversary proceeding, which is one of over 900 proceedings against innocent investors in BLMIS.[1] The Complaint alleges that Dr. Gorek received $1,450,000 in fictitious profits paid in the six years before filing of the SIPC proceeding (the "Six Year Transfers"). (Compl. ¶ 38) It further alleges that, during the two years before the filing, Dr. Gorek received transfers totaling $550,000 (the "Two Year Transfers"). (Compl. ¶ 39)

On the basis of these allegations, the Trustee asserts seven claims against Dr. Gorek under various provisions of SIPA and the title 11 of the United States Code. Count 1 asserts a claim to recover the Two Year Transfers under Section 548(a)(1)(A) of the Bankruptcy Code,

---

[1] Those cases also include a related case, *Picard v. Gorek et al.*, Adv. No. 10-4797), with respect to a joint account held by Dr. Gorek and his wife (the "Goreks"). The Goreks are filing a motion to dismiss Counts 2-6 of the complaint in that case.

which permits a trustee to avoid transfers made within two years before the petition date "with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . ., indebted." Count 2 asserts a claim to recover the Two Year Transfers under the constructive fraud provision of Section 548(a)(1)(B) of the Bankruptcy Code. Counts 3-6 assert claims to recover the Six Year Transfers under the New York Uniform Fraudulent Act, New York Debtor Creditor Law ("DCL") §§ 273-79. Count 7 of the Complaint seeks to recover subsequent transfers pursuant to Sections 544, 548, 550(a) and 551 of the Bankruptcy Code and DCL sections 278 and/or 279 with respect to transfers that the Trustee alleges are avoidable pursuant to Sections 544, 548, 550(a) and 551 of the Bankruptcy Code, DCL sections 273, 274, 275 and/or 276 and sections 78fff-2(c)(3) of SIPA.

## ARGUMENT

**I.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) applies in adversary proceedings such as this. Fed. R. Bankr. P. 7012. A complaint must be dismissed under Rule 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitfield v. O'Connell*, 402 F. App'x 563, 565 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). Factual allegations in the complaint must be enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Although a court must "accept as true all factual allegations in a complaint, this tenet is 'inapplicable to legal conclusions.'"

*Whitfield*, 402 Fed. App'x at 565 (quoting *Iqbal*, 129 S. Ct. at 1949-50). The Federal Rules do not "require courts to credit a complaint's conclusory statements without reference to its factual context," *Iqbal*, 129 S. Ct. at 1954, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *id.* at 1949. Similarly, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

## II.   THE TRUSTEE'S CLAIMS FOR CONSTRUCTIVE FRAUD AND UNDER THE DCL (COUNTS 2-6) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(E) AND THE DISTRICT COURT RULINGS IN RELATED CASES

Section 546(e) of the Bankruptcy Code, which is a limitation on the general avoiding powers of a trustee, prohibits a trustee from avoiding certain "settlement payments" unless the transfer is avoidable under the Bankruptcy Code as actual fraudulent transfers under Section 548(a)(1)(A):

> Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, <u>the trustee may not avoid a transfer that is a</u> margin payment, as defined in section 101, 741 or 761 of this title, or <u>settlement payment</u>, as defined in section 101 or 741 of this title, <u>made by</u> or to <u>a</u> commodity broker, forward contract merchant, <u>stockbroker</u>, financial institution, financial participant, or securities clearing agency, that is made before the commencement of the case, <u>except under section 548(a)(1)(A) of this title</u>.

Bankruptcy Code § 546(e) (emphasis added). Thus, to the extent the transfers at issue here are settlement payments made by a stockbroker, the Trustee may not avoid the transfers except pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

In *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011), the district court addressed precisely this issue, in a case brought by this same Trustee on identical facts, and dismissed all of the Trustee's avoidance claims except the claim for actual fraud under Section 548(a)(1)(A) of the Bankruptcy Code. More recently, in *Picard v. Greiff*, 476 B.R. 715, appeal pending, *In re*

*Madoff Sec.*, No. 12-2557 (2d Cir.), the Court concluded "that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."[2]

In *Greiff*, the Court concluded that, "§ 546(e) 'precludes the Trustee from bringing any action to recover from any of Madoff's customers any of the monies paid by Madoff Securities to those customers except in the case of actual fraud,'" and dismissed any claims seeking to avoid transfers except those raised under §§ 548(a)(1)(A) and 550(a). *Id.*; *see also Katz*, 462 B.R. at 452. The Court in *Greiff* further determined that § 548(a)(1)(A) allows the Trustee to avoid transfers made to BLMIS customers within the two (2) years prior to the bankruptcy filing if the transfers were made with "intent to hinder, delay or defraud," as well as transfers under § 550(a) from "any immediate or mediate transferee of [the] initial transfer." *Greiff*, 476 B.R. at 723. The Court held that under ordinary principles of collateral estoppel, the Trustee is barred from relitigating these issues against the defendants in those actions, who were "for all relevant purposes similarly situated to the defendants in Katz." *Id.* at 719; citing *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006). That ruling should be equally applicable to Dr. Gorek in this case.

In this case, Dr. Gorek's trade confirmations, withdrawal confirmations and account statements evidenced completed settlements of securities transactions entitled to Section 546(e) protection. His withdrawals from the account listed on the schedule to the Complaint were undertaken at his direction to liquidate securities positions in his account. The cash payments represented "settlement payments" on account of those transactions. *See Katz*, 462 B.R. at 452 ("From the standpoint of Madoff Securities' customers (except for any who were actual participants in the fraud), the settlement payments made to them by Madoff Securities were

---

[2] *See also In re Madoff Securities*, 12-mc-0115 (JSR), Document No. 460, Opinion and Order Pertaining to Consolidated proceedings on 1 U.S.C. § 546(e), dated April 15, 2013.

entirely bona fide, and they therefore are fully entitled to invoke the protections of section 546(e).").

Thus, as a result of proceedings and rulings in the District Court in connection with related cases brought by the Trustee, the Trustee's only remaining viable avoidance claims are those under Bankruptcy Code Section 548(a)(1)(A) for avoidance of actual fraudulent transfers during the federal two-year "reach back" period. Nonetheless, the Trustee's constructive fraudulent transfer claims asserted under Bankruptcy Code Sections 548(a)(1)(B) and 544 and state law avoidance claims, which seek to avoid transfers made during a six-year "reach back" period, continue to be asserted against the Defendant in this action. In light of the District Court decisions, Defendant submits that all causes of action other than the Trustee's Section 548(a)(1)(A) claim should be formally dismissed and the Trustee must be required to replead Count 7 to the extent that count seeks the recovery of subsequent transfers made during a six-year "reach back" period.

## CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that the Court dismiss Counts 2-6 of the Complaint against him, require the Trustee to replead Count 7 and grant such other relief as is just and proper.

Dated: February 27, 2014  
      New York, New York

Respectfully submitted,

DAY PITNEY LLP

By: */s/ Thomas D. Goldberg*  
    7 Times Square  
    New York, NY 10036  
    Telephone: (212) 297-5800

    Thomas D. Goldberg  
    One Canterbury Green  
    201 Broad Street  
    Stamford, CT 06901  
    Telephone: (203) 977-7383  
    Telecopier: (203) 977-7301  
    E-mail: tgoldberg@daypitney.com

    Margarita Y. Ginzburg  
    1 Jefferson Rd.  
    Parsippany, NJ 07054  
    Telephone: (973) 966-6300  
    Facsimile: (973) 966-1015  
    E-mail: mginzburg@daypitney.com

    *Attorneys for Defendants Edmond A. Gorek*