DAY PITNEY LLP
7 Times Square
New York, NY 10036
Telephone: (212) 297-5800
Thomas D. Goldberg (TG-7251)
Margarita Y. Ginzburg (MG-6240)

*Attorneys for Defendants Edmond A. Gorek and Marguerite M. Gorek*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-4797 (SMB) |
| Plaintiff, | |
| v. | |
| EDMOND A. GOREK and MARGUERITE M. GOREK, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS COUNTS 2-6 OF THE COMPLAINT**

85163652.3

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND FACTS ..............................................................................................................1

ARGUMENT...................................................................................................................................3

    I.     STANDARD OF REVIEW ................................................................................................3

    II.    THE TRUSTEE'S CLAIMS FOR CONSTRUCTIVE FRAUD AND UNDER THE DCL (COUNTS 2-6) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(E) AND THE DISTRICT COURT RULINGS IN RELATED CASES ................................4

CONCLUSION................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................3

*Picard v. Katz*,
   462 B.R. 447 (S.D.N.Y. 2011) ................................................................................4, 5

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
   476 B.R. 715 (S.D.N.Y. 2012) ............................................................................1, 4, 5

*Whitfield v. O'Connell*,
   402 F. App'x 563 (2d Cir. 2010) ................................................................................3

**Statutes**

11 U.S.C. § 544 ....................................................................................................................3, 6

11 U.S.C. § 546 ....................................................................................................................4, 5

11 U.S.C. § 548 ....................................................................................................1, 2, 3, 4, 5, 6

15 U.S.C. § 78o .........................................................................................................................1

N.Y. Debt. & Cred. Law §§ 273-79 ..........................................................................................3

**Rules**

Fed. R. Bankr. P. 7012 ..............................................................................................................3

Fed. R. Civ. P. 12(b)(6) .............................................................................................................3

Defendants Edmond A. Gorek ("Dr. Gorek") and Marguerite M. Gorek (collectively, the "Goreks") respectfully submit this memorandum of law in support of their motion to dismiss Counts 2-6 of the Trustee's complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012(b)(6).

## PRELIMINARY STATEMENT

The Trustee's Complaint raises six (6) counts which seek to recover fraudulent transfers based upon federal and state securities laws and title 11 of the United States Code (the "Bankruptcy Code"). As a result of the District Court's ruling in *SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012), Defendants believe that all causes of action other than the Trustee's actual fraudulent conveyance claim asserted pursuant to Section 548(a)(1)(A) must be dismissed. As set forth below, Defendants are entitled to dismissal of Counts 2-6 of the Complaint as a matter of law.

## BACKGROUND FACTS

The Goreks are former customers of Bernard L. Madoff Investment Securities LLC ("BLMIS"). BLMIS was registered with the Securities and Exchange Commission ("SEC") as a securities broker-dealer under Section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(b), and by that registration was a member of SIPC. (Compl. ¶ 19)

Dr. Gorek opened an IRA account with BLMIS more than 30 years ago and the Goreks opened a joint account shortly thereafter, and by 1997 the joint account had a value of over $1.7 million. (Compl. Ex. A) Thereafter, the Goreks received regular account statements and trade confirmations reflecting purported trades in listed securities. (*See* Compl. ¶ 22) Unaware that BLMIS was a Ponzi scheme, the Goreks made annual withdrawals from their account to pay taxes on the fictitious income that BLMIS reported to the IRS.

In December 2008, the Goreks received their final account statement, which showed a value of $7,064,296.00. Shortly thereafter, Madoff's fraud was exposed, and it was revealed that the account statements and trade confirmations that BLMIS had sent to the Goreks were fraudulent. (Compl. ¶ 22) The fraud resulted in the loss of all of the Goreks' savings that had been in their joint account.

On December 15, 2008, SIPC commenced a proceeding against BLMIS, and the court appointed the Trustee for the liquidation of the business of BLMIS. (Compl. ¶¶ 10, 11) In late 2010, the Trustee commenced this adversary proceeding, which is one of over 900 proceedings against innocent investors in BLMIS.[1] The Complaint alleges that the Goreks received $800,000 in fictitious profits paid in the six years before filing of the SIPC proceeding (the "Six Year Transfers"). (Compl. ¶ 36) It further alleges that the Goreks received the same amount of fictitious profits during the two years before the filing (the "Two Year Transfers"). (Compl. ¶ 7)[2]

On the basis of these allegations, the Trustee asserts six claims against the Goreks under various provisions of SIPA and title 11 of the United States Code. Count 1 asserts a claim to recover the Two Year Transfers under Section 548(a)(1)(A) of the Bankruptcy Code, which permits a trustee to avoid transfers made within two years before the petition date "with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . ., indebted." Count 2 asserts a claim to recover the Two Year

---

[1] Those cases also include a related case, *Picard v. Gorek.*, Adv. No. 10-4623 (Bankr. S.D.N.Y.), with respect to Dr. Gorek's IRA account. Dr. Gorek is filing a motion to dismiss Counts 2-6 of the complaint in that case.

[2] The Goreks' net withdrawals during the two-year period were only $300,000, but the Trustee seeks a higher recovery based on the fact that the Goreks withdrew $600,000 on December 22, 2006, even though the same amount was remitted back to BLMIS two weeks later. Although the Goreks dispute the Trustee's calculation of fictitious profits, that dispute is not at issue on this motion.

Transfers under the constructive fraud provisions of Section 548(a)(1)(B) of the Bankruptcy Code. Counts 3-6 assert claims to recover the Six Year Transfers under Section 544(b) of the Bankruptcy Code and various provisions of the New York Uniform Fraudulent Conveyance Act, New York Debtor and Creditor Law ("DCL") §§ 273-79.

## ARGUMENT

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) applies in adversary proceedings such as this. Fed. R. Bankr. P. 7012. A complaint must be dismissed under Rule 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitfield v. O'Connell*, 402 F. App'x 563, 565 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). Factual allegations in the complaint must be enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Although a court must "accept as true all factual allegations in a complaint, this tenet is 'inapplicable to legal conclusions.'" *Whitfield*, 402 Fed. App'x at 565 (quoting *Iqbal*, 129 S. Ct. at 1949-50). The Federal Rules do not "require courts to credit a complaint's conclusory statements without reference to its factual context," *Iqbal*, 129 S. Ct. at 1954, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *id.* at 1949. Similarly, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

## II. THE TRUSTEE'S CLAIMS FOR CONSTRUCTIVE FRAUD AND UNDER THE DCL (COUNTS 2-6) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(E) AND THE DISTRICT COURT RULINGS IN RELATED CASES

Section 546(e) of the Bankruptcy Code, which is a limitation on the general avoiding powers of a trustee, prohibits a trustee from avoiding certain "settlement payments" unless the transfer is avoidable under the Bankruptcy Code as actual fraudulent transfers under Section 548(a)(1)(A):

> Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, <u>the trustee may not avoid a transfer that is a</u> margin payment, as defined in section 101, 741 or 761 of this title, or <u>settlement payment</u>, as defined in section 101 or 741 of this title, <u>made by</u> or to <u>a</u> commodity broker, forward contract merchant, <u>stockbroker</u>, financial institution, financial participant, or securities clearing agency, that is made before the commencement of the case, <u>except under section 548(a)(1)(A) of this title</u>.

Bankruptcy Code § 546(e) (emphasis added). Thus, to the extent the transfers at issue here are settlement payments made by a stockbroker, the Trustee may not avoid the transfers except pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

In *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011), the district court addressed precisely this issue, in a case brought by this same Trustee on identical facts, and dismissed all of the Trustee's avoidance claims except the claim for actual fraud under Section 548(a)(1)(A) of the Bankruptcy Code. More recently, in *Picard v. Greiff*, 476 B.R. 715, appeal pending, *In re Madoff Sec.*, No. 12-2557 (2d Cir.), the Court concluded "that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."[3]

In *Greiff*, the Court concluded that, "§ 546(e) 'precludes the Trustee from bringing any action to recover from any of Madoff's customers any of the monies paid by Madoff Securities

---

[3] *See also In re Madoff Securities*, 12-mc-0115 (JSR), Document No. 460, Opinion and Order Pertaining to Consolidated proceedings on 1 U.S.C. § 546(e), dated April 15, 2013.

to those customers except in the case of actual fraud,'" and dismissed any claims seeking to avoid transfers except those raised under §§ 548(a)(1)(A) and 550(a). *Id.*; *see also Katz*, 462 B.R. at 452. The Court in *Greiff* further determined that § 548(a)(1)(A) allows the Trustee to avoid transfers made to BLMIS customers within the two (2) years prior to the bankruptcy filing if the transfers were made with "intent to hinder, delay or defraud," as well as transfers under § 550(a) from "any immediate or mediate transferee of [the] initial transfer." *Greiff*, 476 B.R. at 723. The Court held that under ordinary principles of collateral estoppel, the Trustee is barred from relitigating these issues against the defendants in those actions, who were "for all relevant purposes similarly situated to the defendants in Katz." *Id.* at 719; citing *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006). That ruling should be equally applicable to the Defendants in this case.

In this case, Dr. Gorek's trade confirmations, withdrawal confirmations and account statements evidenced completed settlements of securities transactions entitled to Section 546(e) protection. His withdrawals from the account listed on the schedule to the Complaint were undertaken at his direction to liquidate securities positions in his account. The cash payments represented "settlement payments" on account of those transactions. *See Katz*, 462 B.R. at 452 ("From the standpoint of Madoff Securities' customers (except for any who were actual participants in the fraud), the settlement payments made to them by Madoff Securities were entirely bona fide, and they therefore are fully entitled to invoke the protections of section 546(e).").

Thus, as a result of proceedings and rulings in the District Court in connection with related cases brought by the Trustee, the Trustee's only remaining viable avoidance claims are those under Bankruptcy Code Section 548(a)(1)(A) for avoidance of actual fraudulent transfers

-5-

85163652.3

during the federal two-year "reach back" period. Nonetheless, the Trustee's constructive fraudulent transfer claims asserted under Bankruptcy Code Sections 548(a)(1)(B), 544 and state law avoidance claims, which seek to avoid transfers made during a six-year "reach back" period, continue to be asserted against the Defendants in this action. In light of the District Court decisions, Defendants submit that all causes of action other than the Trustee's Section 548(a)(1)(A) claim should be formally dismissed.

85163652.3

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss Counts 2-6 of the Complaint against the Goreks and grant such other relief as is just and proper.

Dated: February 27, 2014
       New York, New York

Respectfully submitted,

DAY PITNEY LLP

By: */s/ Thomas D. Goldberg*
    7 Times Square
    New York, NY 10036
    Telephone: (212) 297-5800

Thomas D. Goldberg
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Telephone: (203) 977-7383
Telecopier: (203) 977-7301
E-mail: tgoldberg@daypitney.com

Margarita Y. Ginzburg
1 Jefferson Rd.
Parsippany, NJ 07054
Telephone: (973) 966-6300
Facsimile: (973) 966-1015
E-mail: mginzburg@daypitney.com

*Attorneys for Defendants Edmond A. Gorek and Marguerite M. Gorek*