**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Jorian L. Rose
Seanna R. Brown
Bik Cheema

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

Hearing Date: March 27, 2014
Time: 10:00 a.m.

Objections Due: March 13, 2014
Time: 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**NOTICE OF MOTION FOR ORDER SCHEDULING HEARING
ON TRUSTEE'S MOTION AFFIRMING APPLICATION OF NET INVESTMENT
METHOD TO DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS
ACCOUNTS**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York,

New York 10004-1408, on **March 27, 2014, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, seeking entry of a scheduling order regarding the appropriate methodology for calculating customer claims involving transfers between BLMIS accounts (collectively referred to herein as the "Inter-Account Transfer Issue"), as described more fully in the attached Scheduling Motion.

**PLEASE TAKE FURTHER NOTICE** that written objections to the Scheduling Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **4:00 p.m., on March 13, 2014** (with a courtesy copy delivered to the Chambers of the Honorable Stuart M. Bernstein) and must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.  Any objection must specifically state the interest that the objecting party has in these proceedings and the basis of the objection to the Scheduling Motion.

Dated: New York, New York
       February 27, 2014

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

2

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Jorian L. Rose
Seanna R. Brown
Bik Cheema

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: March 27, 2014
Time: 10:00 a.m.

Objections Due: March 13, 2014
Time: 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>             v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

### MOTION FOR ORDER SCHEDULING HEARING
### ON TRUSTEE'S MOTION AFFIRMING APPLICATION OF NET INVESTMENT METHOD TO DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard

3

L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, hereby moves this Court (the "Scheduling Motion") to enter the scheduling order proposed herein regarding the appropriate methodology for calculating customer claims involving transfers between BLMIS accounts (collectively referred to herein as the "Inter-Account Transfer Issue"). The Scheduling Motion seeks to obtain a briefing schedule and set a hearing date to affirm and adjudicate the Trustee's determination regarding the customer claims and corresponding objections filed by claimants relating to the Inter-Account Transfer Issue.

The Trustee, in support of the Scheduling Motion, states as follows:

## PRELIMINARY STATEMENT

1.  As is now well-known, the Trustee determined net equity of customer claims under SIPA using the Net Investment Method, which was approved by this Court and affirmed by the Second Circuit. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010); *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *cert. den.*, 2012 WL 396489, 2012 WL 425188 (Jun. 25, 2012). While reviewing customer claims, the Trustee encountered thousands of instances in which BLMIS customers made transfers from one BLMIS account to other BLMIS accounts. In determining such customer claims, the Trustee allowed for each transfer to be effected to the extent there was sufficient principal in the account based on the Net Investment Method. In other words, the Trustee credited the transfer in an amount up to the available net balance in the transferor account at the time of the transfer, to the extent there was such a balance in the transferor's account. If the BLMIS transferor account did not have any principal at the time of the desired transfer, no credit was given to the transferee account because no real dollars existed to transfer. For clarification, a few examples are set forth below.

2. Assume a customer's statement indicated a balance of $5,000,000 in her sole account on January 31, 2007 but that the customer's true net investment as of that date was $2,000,000. Assume further that the customer requested that BLMIS transfer the balance of her account to a new account held by her son. Assuming there were no additional facts, transactions, or accounts involved, the Trustee's claim determination would result in a finding that the transferor's net equity is $0 and the transferee's net equity is $2,000,000.

3. As a second example, assume a customer's statement indicated a balance of $7,000,000 but that the customer's true net investment as of that date was $2,000,000. Assume further that the customer requested that BLMIS transfer $1,000,000 into another account in favor of a transferee. Again assuming there were no additional facts, transactions, or accounts involved, the Trustee's claim determination would result in a finding that that the transferor's net equity is $1,000,000 and the transferee's net equity is $1,000,000.

4. As a third example, assume that a customer's statement indicated a balance of $3,000,000 but that the customer's true net investment as of that date was $400,000. Assume further that the customer requested that BLMIS transfer $1,000,000 into another account in favor of a transferee. Again assuming there were no additional facts, transactions, or accounts involved, the Trustee's claim determination would result in a finding that that the transferor's net equity is $0 and the transferee's net equity is $400,000.

5. In connection with the customer claim reconciliation process, the Trustee issued determination letters using the methodology exemplified above for calculating the net equity of customer claims. A number of claimants objected to the Trustee's methodology for calculating transfers, most arguing that the Trustee was required to use the amount requested in the original transfer whether or not the requested transfer included amounts that were fictitious.

5

6. Since the time the objections were filed, the Bankruptcy Court and the Second Circuit determined that Net Investment Method was the correct methodology for calculating customer claims. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010). The District Court also recently upheld this methodology in connection with calculating the amount of antecedent debt a defendant may use to offset potential avoidance liability, specifically addressing the Inter-Account Transfer Issue. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 2013 U.S. Dist. LEXIS 148568 (S.D.N.Y. Oct. 15, 2013) ("Antecedent Debt Decision"). The Trustee submits that his methodology for calculating the amount transferred is an extension of the Net Investment Method and has been upheld by the District Court in connection with the Antecedent Debt Decision. *See id.*

7. The purpose of this Motion is to resolve the Inter-Account Transfer issue for all customer claim objections that raised such issue.

## BACKGROUND

8. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08-CV-10791 (LLS) (the "Civil Case").

9. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities

6

customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

10. On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

(a) appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

(c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

(d) authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

11. Under SIPA, the Trustee is responsible for determining claims, recovering and distributing customer property to BLMIS customers, and liquidating assets of the Debtor for the benefit of the estate and its creditors.

12. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this liquidation proceeding.

13. The Claims Procedures Order authorizes the Trustee to determine claims, provides claimants with the right to oppose the Trustee's determinations of their claims by filing their objections with this Court, and directs the Trustee to request a hearing date for the objections and notify the objecting claimants thereof.

14. Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date[.]." Furthermore, section 78fff-2(b) of SIPA provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

15. On this basis, the Trustee determined that net equity claims should be calculated based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts (the "Net Investment Method"). Some claimants argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 customer statements (the "Last Customer Statement Method").

16. The Trustee's use of the Net Investment Method was upheld by this Court, reported at 424 B.R. 122 (Bankr. S.D.N.Y. 2010). This Court's decision was affirmed by the United States Court of Appeals for the Second Circuit, reported at 654 F.3d 229, 241 (2d Cir. 2011). On June 25, 2012, the United States Supreme Court denied *certiorari*, and thus the Trustee's use of the Net Investment Method has been upheld.

17. Prior to the decisions regarding the Net Investment Method, the Inter-Account Transfer Issue was raised in excess of 440 docketed objections to the Trustee's claims determinations relating to almost 600 claims.

18. Holders of 389 claims raised the Inter-Account Transfer Issue in objections and are also defendants subject to avoidance actions filed by the Trustee (the "Avoidance Action Defendants"). The Inter-Account Transfer Issue with respect to the Avoidance Action Defendants was determined by the Antecedent Debt Decision. The Antecedent Debt Decision determined that the amount of the defendants' antecedent debt to be credited should be determined by utilizing the

8

Net Investment Method. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 2013 U.S. Dist. LEXIS 148568 (S.D.N.Y. Oct. 15, 2013).

19. Thus, the Trustee now seeks entry of a Scheduling Order establishing a briefing schedule and hearing date to address the Inter-Account Transfer Issue as it relates to customer claims as described in the objections filed by claimants.

## RELIEF REQUESTED

20. In accordance with the Claims Procedures Order, which requires the Trustee to obtain a hearing date to adjudicate objections to claims determinations, the proposed Scheduling Order would establish an orderly procedure for this Court to resolve objections filed by claimants alleging an Inter-Account Transfer Issue in connection with the allowance of their customer claims. The Trustee proposes the following:

    A. On or before March 31, 2014, the Trustee shall file a Motion For An Order To Affirm the Trustee's Determinations of Customer Claims Regarding Transfers Between BLMIS Accounts, and a corresponding memorandum of law (together, the "Inter-Account Transfer Motion") seeking to affirm the Trustee's determination of claims regarding the application of the Net Investment Method to the determination of customer claims transfers between BLMIS accounts. The sole purpose of the Inter-Account Transfer Motion is to resolve the issue raised by objections to the methodology used to calculate the amount transferred between BLMIS accounts in connection with customer claims. The Inter-Account Transfer Motion will be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to be receive notice

      should contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.

B.    SIPC may file a brief with respect to the Inter-Account Transfer Motion on or before March 31, 2014. SIPC's brief will be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560).

C.    Claimants who wish to participate in the briefing on this issue ("Objecting Claimants") shall file a memorandum of law in opposition ("Opposition Briefs") to the Inter-Account Transfer Motion on or before April 30, 2014. Objecting Claimants must identify: (i) the claimant's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) their customer claim number(s), and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. Failure to timely file Opposition Briefs will bar those claimants from being heard on the Inter-Account Transfer Issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the Inter-Account Transfer Motion will be binding on them. If any Opposition Briefs raise a factual issue for which the Trustee requires discovery, the Trustee may notify such party and obtain a hearing date(s) at an appropriate time following the hearing on the Inter-Account Transfer Motion to resolve such factual issue(s).

D. The Objecting Claimants are encouraged, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate.

E. Any Interested Parties (as defined in paragraph 21) may file briefs relating to the Inter-Account Transfer Issue on or before May 7, 2014. Any such briefs must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.

F. The Trustee may file any reply papers on or before May 14, 2014. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. above.

G. SIPC may file any reply papers on or before May 14, 2014. Any such briefs must be served upon be served upon (a) counsel for Objecting Claimants, and (b) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. above.

H. The Court shall hold a hearing on the Inter-Account Transfer Motion on May 29, 2014, at 10:00 a.m., or such other time as the Court determines. The Court will consider the Inter-Account Transfer Issue, whether the

Objecting Claimants are entitled to have their net equity claims recalculated based upon the argument that the cash-in/cash out methodology is inapplicable to transfers between BLMIS accounts and that they are entitled to more credit notwithstanding that the transferor accounts contained insufficient principal under the Net Investment Method, to be paid from the fund of customer property. Any other issues raised by Objecting Claimants will be resolved in subsequently scheduled hearings.

21. "Interested Parties" are limited to governmental entities, and specifically include the Securities & Exchange Commission ("SEC") and the Internal Revenue Service (the "IRS").

## NOTICE

22. Notice of this Scheduling Motion will be provided by U.S. Mail, postage prepaid or email to (i) all claimants whose objections are pending before this Court; (ii) all parties on the Master Service List; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560) (collectively, the "Notice Parties"). The Trustee submits that no other or further notice is required. In addition, all of the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

**WHEREFORE**, the Trustee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
      February 27, 2014

*/s/ David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

## [PROPOSED] SCHEDULING ORDER

This matter came before the Court on March [_], 2014 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to schedule a hearing and a briefing schedule regarding the appropriate methodology for calculating customer claims involving transfers between BLMIS accounts (collectively referred to herein as the "Inter-Account Transfer Issue"), as more fully set forth in the Scheduling Motion (ECF No. __); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

(LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that on or before March 31, 2014, the Trustee shall file a Motion For An Order To Affirm the Trustee's Determinations of Customer Claims Regarding Transfers between BLMIS Accounts, and a corresponding memorandum of law (together, the "Inter-Account Transfer Motion") seeking to affirm the Trustee's determination of claims regarding the application of the Net Investment Method to the determination of customer transfers between BLMIS accounts. The sole purpose of the Inter-Account Transfer Motion shall be to resolve the legal issue raised by objections to the methodology used to calculate the amount transferred between BLMIS accounts in connection with customer claims. The Inter-Account Transfer Motion shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED,** that on or before March 31, 2014, SIPC may file a brief with respect to the Inter-Account Transfer Motion. SIPC's brief shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York

2

10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED**, that on or before April 30, 2014, claimants who wish to participate in the briefing on this issue ("Objecting Claimants") shall file a memorandum of law in opposition ("Opposition Briefs") to the Inter-Account Transfer Motion. Objecting Claimants must identify: (i) the claimant's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) the timely-filed customer claim, if applicable, and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. If any Opposition Briefs raise a factual issue for which the Trustee requires discovery, the Trustee may notify such party and obtain a hearing date(s) at an appropriate time following the hearing on the Inter-Account Transfer Motion to resolve such factual issue(s); and it is further

**ORDERED**, that the Objecting Claimants are encouraged by the Court, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate; and it is further

**ORDERED**, that on or before May 7, 2014, any Interested Parties, defined as governmental entities, and specifically including the Securities & Exchange Commission, and the Internal Revenue Service, may file briefs relating to the Inter-Account Transfer Issue. Any such briefs must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.; and it is further

**ORDERED**, that the Trustee may file any reply papers on or before May 14, 2014. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005,

Attn: Kevin H. Bell, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that SIPC may file any reply papers on or before May 14, 2014. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that the Court shall hold a hearing on the Inter-Account Transfer Motion on May 29, 2014, at 10:00 a.m., or such other time as the Court determines. The sole purpose of the Inter-Account Transfer Motion shall be to resolve the legal issue raised by objections to the methodology used to calculate the amount transferred between BLMIS accounts in connection with customer claims. Any other issues raised by Objecting Claimants will be resolved in subsequently scheduled hearings; and it is further

**ORDERED,** that only persons or entities that filed customer claims may participate in the Inter-Account Transfer Motion, except as provided by order of this Court; and it is further

**ORDERED,** that the Trustee shall prepare a notice that sets forth the date, time, and location of the hearing and apprise the Notice Parties of the relevant legal issues, their ability to file briefs, the deadline for any such filings, and the hearing date. The Trustee shall serve notice by U.S. mail, postage prepaid, email, or by ECF. The Trustee shall also post comparable information on his web site; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      March [_], 2014

                                                                                  HONORABLE STUART M. BERNSTEIN

4

UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY JUDGE