**DORSEY & WHITNEY LLP**

Jessica D. Mikhailevich
51 W. 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: mikhailevich.jessica@dorsey.com

-and-

Robert A. Franklin
Stephen T. O'Neill
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 843-2741
Facsimile: (650) 644-0362
Email: franklin.robert@dorsey.com
        oneill.stephen@dorsey.com

*Attorneys for Defendant Gerald J. Block*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. | Adv. Pro. No. 10-05401 (BLR) <br><br> Civil Action No. 11-cv-4397 (JSR) |

1

ESTATE OF ELEANOR MYERS a/k/a
ELEANOR BLOCK a/k/a LEE BLOCK,

TRUST U/W/O HARRIET MYERS,

MARK E. BLOCK, in his capacity as Personal
Representative and Beneficiary of the Estate of
Eleanor Myers, and as Trustee of the Trust U/W/O/
Harriet Myers,

GERALD J. BLOCK, individually and as
Beneficiary of the Estate of Eleanor Myers,

MELISSA MYERS, as Beneficiary of the Trust
U/W/O Harriet Myers, and

JASON MYERS, as Beneficiary of the Trust
U/W/O Harriet Myers,

                  Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendant Gerald J. Block (the "Defendant"), by and through his undersigned attorneys, hereby files this answer (the "Answer") to the Amended Complaint (the "Complaint") filed December 12, 2011 by plaintiffs Securities Investor Protection Corporation and Irving Picard, as Trustee (collectively, the "Plaintiffs") for the liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and allege as follows:

## NATURE OF PROCEEDING

1.      Answering Paragraphs 1, 2 and 3, of the Complaint, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

## JURISDICTION AND VENUE

2.      Answering Paragraphs 4, 5 and 6 of the Complaint, Defendant asserts that these Paragraphs contain only legal conclusions to which a response is not required.  To the extent a response is required, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraphs.

2

## DEFENDANTS

3.      Answering Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis

4.      Answering Paragraphs 8, 9 and 10 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

5.      Answering Paragraph 11 of the Complaint, Defendant admits that he is a resident of California, held an account at BLMIS and is a beneficiary of the Estate of Eleanor Myers. Except as expressly admitted, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

6.       Answering Paragraphs 12 and 13 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

## BACKGROUND, THE TRUSTEE AND STANDING

7.      Answering Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24,  to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

3

## THE FRAUDULENT PONZI SCHEME

8.      Answering Paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39, to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

## THE ACCOUNT AGREEMENTS

9.      Answering Paragraphs 40 and 41,  Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis

## THE OBLIGATIONS

10.      Answering Paragraphs 42, 43 and 44, to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

## THE TRANSFERS

11.      Answering Paragraphs 45, 46, 47, 48, 49, 50, 51 and 52, to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

## CUSTOMER CLAIMS

12.      Answering Paragraphs 53, 54, 55, and 56, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

## COUNT ONE
## FRAUDULENT TRANSFERSAND OBLIGATIONS
## 11 U.S.C §§548(a)(1)(A), 550(a) AND 551

13.    Defendant incorporates by reference the responses set forth in each of the

previous paragraphs of this Answer with the same force and effect as if set forth more fully again

herein.

14.    Answering Paragraphs 57, 58, 59, 60, 61, 62, and 63, to the extent that these

Paragraphs contain legal conclusions, no response is required.  To the extent a response is

required, Defendant lacks sufficient knowledge and information to form a belief about the truth

of the matters asserted therein and therefore denies any and all such allegations on that basis.

## COUNT TWO
## FRAUDULENT TRANSFERS AND OBLIGATIONS
## 11 U.S.C §§548(a)(1)(B), 550(a) AND 551

15.    Defendant incorporates by reference the responses set forth in each of the

previous paragraphs of this Answer with the same force and effect as if set forth more fully again

herein.

16.    Answering Paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73, to the extent that

these Paragraphs contain legal conclusions, no response is required.  To the extent a response is

required, Defendant lacks sufficient knowledge and information to form a belief about the truth

of the matters asserted therein and therefore denies any and all such allegations on that basis.

## COUNT THREE
## FRAUDULENT TRANSFERSAND OBLIGATIONS – NEW YORK DEBTOR
## AND CREDITOR LAW §§ 276, 278 AND/OR 279 AND
## 11 U.S.C §§544(b), 550(a) AND 551

17.    Defendant incorporates by reference the responses set forth in each of the

previous paragraphs of this Answer with the same force and effect as if set forth more fully again

herein.

18.    Answering Paragraphs 74, 75, 76, 77, and 78, to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

### COUNT FOUR
### FRAUDULENT TRANSFERSAND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279 AND 11 U.S.C §§544(b), 550(a) AND 551

19.    Defendant incorporates by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

20.    Answering Paragraphs 79, 80, 81, 82, 83, and 84, to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

### COUNT FIVE
### FRAUDULENT TRANSFERSAND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279 AND 11 U.S.C §§544(b), 550(a) AND 551

21.    Defendant incorporates by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

22.    Answering Paragraphs 85, 86, 87, 88, 89, and 90, to the extent that these Paragraphs contain legal conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore denies any and all such allegations on that basis.

### COUNT SIX
### FRAUDULENT TRANSFERSAND OBLIGATIONS – NEW YORK DEBTOR

**AND CREDITOR LAW §§ 275, 278 AND/OR 279 AND**
**11 U.S.C §§544(b), 550(a) AND 551**

23.    Defendant incorporates by reference the responses set forth in each of the

previous paragraphs of this Answer with the same force and effect as if set forth more fully again

herein.

24.    Answering Paragraphs 91, 92, 93, 94, 95, and 96, to the extent that these

Paragraphs contain legal conclusions, no response is required.  To the extent a response is

required, Defendant lacks sufficient knowledge and information to form a belief about the truth

of the matters asserted therein and therefore denies any and all such allegations on that basis.

**COUNT SEVEN**
**FRAUDULENT TRANSFERSAND OBLIGATIONS – NEW YORK DEBTOR**
**AND CREDITOR LAW §§ 278 AND/OR 279 AND**
**11 U.S.C §§544, 548, 550(a) AND 551**

25.    Defendant incorporates by reference the responses set forth in each of the

previous paragraphs of this Answer with the same force and effect as if set forth more fully again

herein.

26.    Answering Paragraphs 97, 98, 99, 100, 101, and 102, to the extent that these

Paragraphs contain legal conclusions, no response is required.  To the extent a response is

required, Defendant lacks sufficient knowledge and information to form a belief about the truth

of the matters asserted therein and therefore denies any and all such allegations on that basis.

**AFFIRMATIVE DEFENSES**

AS AND FOR A SEPARATE DEFENSE TO EACH OF THE CAUSES OF ACTION

CONTAINED IN THE COMPLAINT, THE DEFENDANT HEREBY ASSERTS THE

FOLLOWING AFFIRMATIVE DEFENSES:

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Cause of Action)

As and for a First Affirmative Defense, Defendant alleges that the Complaint, in its

7

entirety, and each and every purported cause of action thereof, fails to state facts sufficient to constitute a cause of action upon which relief against Defendant can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

As and for a Second Affirmative Defense, Defendant is informed and believes, and thereon allege, that the Complaint, and each and every cause of action contained therein, is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

As and for a Third Affirmative Defense, Defendant is informed and believes, and thereon allege, that the Complaint, and each and every cause of action contained therein, is barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

As and for a Fourth Affirmative Defense, Defendant is informed and believes, and thereon allege, that the Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As and for a Fifth Affirmative Defense, Defendant is informed and believes, and hereon allege, that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Ratification)

As and for a Sixth Affirmative Defense, Defendant is informed and believes, and thereon allege, that Plaintiff and its agents accepted and thereby ratified the conduct about which Plaintiff complains in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
(In Pari Delicto)

As and for a Seventh Affirmative Defense, Defendant is informed and believes, and thereon allege, that Plaintiff is barred from pursuing the relief and prayer sought under the Complaint under the *in pari delicto* doctrine.

## EIGHTH AFFIRMATIVE DEFENSE
(Good Faith)

As and for an Eighth Affirmative Defense, the Trustee's claims and causes of actions are barred because the Defendant acted in good faith, and without any fraudulent intent, at all relevant times with regard to the transfers at issue in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
(Reasonably Equivalent Value Given)

As and for an Ninth Affirmative Defense, the Trustee's claims and causes of actions are barred because the Defendant gave reasonably equivalent value and consideration for the transfers at issue in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
(Defendant Not At Fault)

As and for an Tenth Affirmative Defense, assuming, solely for the purpose of pleading this defense, that the Trustee or the estate of BLMIS sustained any cognizable damages, such damages are not recoverable from the Defendant because all or a portion of such damages resulted from actions by persons other than the Defendant and from causes other than any alleged act or omission by the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
(On Account Of Antecedent Debt)

As and for an Eleventh Affirmative Defense, the Trustee is not entitled to avoid and

recover the transfers at issue in the Complaint and any amounts the Defendant received from

BLMIS because such transfers and amounts received were on account of an antecedent debt.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Harm Suffered)

As and for an Twelfth Affirmative Defense, the Trustee's claims and causes of actions

are barred, in whole or in part, because the Trustee cannot establish that he was harmed by any

action taken by the Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

As and for an Thirteenth Affirmative Defense, any recovery by the Trustee is subject to

credits, set-off and/or recoupment.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Jury Trial)

As and for a Fourteenth Affirmative Defense, the Trustee is not entitled to a jury trial on

certain of his claims.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Safe Harbor – 11 U.S.C. § 546(e))

As and for a Fifteenth Affirmative Defense, the Defendant asserts that the safe harbor of

11 U.S.C. 546(e) bars the Plaintiff from seeking avoidance and recovery of preferential transfers

or fraudulent transfers under §§ 547 and 548.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Rescission)

As and for a Sixteenth Affirmative Defense, Defendant is entitled to rescind the contract

with BLMIS to the extent of principal invested.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Subsequent Transferee)

As and for a Seventeenth Affirmative Defense, Defendant alleges that to the extent he is a subsequent transferee, the value of the property transferred is not recoverable by the Plaintiff to the extent that the Defendant (1) took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) is a mediate or immediate good faith transferee.

WHEREFORE, the Defendant respectfully requests that judgment be entered on his behalf and that:

1. Plaintiff take nothing by his complaint;

2. The Complaint be dismissed with prejudice;

3. For such other and further relief as the Court deems proper and just.

Dated:  March 3, 2014

                                        **DORSEY & WHITNEY LLP**

                                        By: /s/ *Jessica D. Mikhailevich*_____
                                        Jessica D. Mikhailevich
                                        51 W. 52nd Street
                                        New York, New York 10019
                                        Telephone: (212) 415-9200
                                        Facsimile: (212) 953-7201
                                        Email: mikhailevich.jessica@dorsey.com

                                        -and-

                                        Robert A. Franklin
                                        Stephen T. O'Neill
                                        305 Lytton Avenue
                                        Palo Alto, CA 94301
                                        Telephone: (650) 843-2741
                                        Facsimile: (650) 644-0362
                                        Email: franklin.robert@dorsey.com
                                              oneill.stephen@dorsey.com

                                        *Attorneys for Defendant Gerald J. Block*