Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   CASE NO. 08-01789-smb

4   - - - - - - - - - - - - - - - x

5   SECURITIES INVESTOR PROTECTION

6   CORPORATION

7   v.

8   BERNARD L. MADOFF INVESTMENT

9   SECURITIES, LLC, et al,

10            Debtors.

11  - - - - - - - - - - - - - - - x

12                    U.S. Bankruptcy Court

13                    One Bowling Green

14                    New York, New York

15

16                    MARCH 4, 2014

17                    2:00 PM

18

19

20

21  B E F O R E :

22  HON. STUART M. BERNSTEIN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  MATTHEW

Page 2

1    HEARING Matter:  OSC - hearing to discuss certain pending

2    motions to dismiss and mediation

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sheila Orms

1   A P P E A R A N C E S :

2   BAKER HOSTETLER

3        Attorneys for SIPA Trustee

4        45 Rockefeller Plaza

5        New York, NY   10111

6

7   BY:   NICHOLAS J. CREMONA, ESQ.

8        EDWARD J. JACOBS, ESQ.

9

10  SIPC

11       Attorneys for SIPC

12       805 15th St., N.W.

13       Suite 800

14       Washington, DC   20005

15

16

17  BY:   KEVIN H. BELL, ESQ.

18

19  WINDELS, MARX, LANE & MITTENDORF, LLP

20       Attorney for Windels Marx

21       156 W. 56TH

22       New York, NY   10019

23

24  BY:   KIM M. LONGO, ESQ.

25

Page 4

1   MORRISON & FOERSTER

2        Attorneys for Levy, Persky, Zorkowitz

3

4   BY:  HASHANN DEARCY, ESQ.

5

6   LAW OFFICE OF RICHARD (NOT LEGIBLE)

7        Attorneys for various defendants in adversary

8        proceedings

9

10  BY:  BRYAN HA, ESQ.

11

12  MILBERG LLP

13       Attorneys for (Not Identified)

14       One Pennsylvania Plaza

15       New York, NY  10119

16

17  BY:  MATTHEW A. KUPILLAS, ESQ.

18

19  BECKER & POLIAKOFF

20       Attorneys for (Not Identified)

21       45 Broadway

22       8th Floor

23       New York, NY  10006

24

25  BY:  JULIE GORCHKOVA, ESQ.

```
 1   PRYOR CASHMAN, LLP

 2        Attorneys for (Not Identified)

 3        7 Times Square

 4        New York, NY  10036

 5

 6   BY:  DAVID C. ROSE, ESQ.

 7

 8   SEEGER WEISS LLP

 9        Attorneys for (Not Identified)

10        77 Water Street

11        New York, NY  10005

12

13   BY:  PARVIN AMINOLROAYA, ESQ.

14

15   LAX & NEVILLE LLP

16        Attorneys for (Not Identified)

17        1450 Broadway

18        35th Floor

19        New York, NY  10018

20

21   BY:  GABRIELLE J. PRETTO, ESQ.

22

23

24

25
```

Page 6

1   BERNFELD DEMATREE & (NOT LEGIBLE)

2        Attorneys for various Madoff adv.

3        600 Third Avenue

4        18th Floor

5        New York, NY

6

7   BY:  JEFFREY BUNFELD, ESQ.

8

9   WACHTEL MISSRY

10       Attorneys for adversary defendants

11       885 Second Avenue

12       New York, NY   10017

13

14  BY:  SARA SPIEGELMAN, ESQ.

15

16  HUNTON & WILLIAMS

17       Attorneys for (Not Identified)

18       200 Park Avenue

19       New York, NY   10166

20

21  BY:  ROBERT A. RICH, ESQ.

22

23

24

25

Page 7

1    COLE SCHOTZ

2         Attorneys for Defendants in Adversary 10-04405

3         900 Third Avenue

4         16th Floor

5         New York, NY  10022

6

7    BY:  LAURENCE MAY, ESQ.

8

9    GARVEY SCHUBERT BARER

10        Attorneys for (Not Identified)

11        100 Wall Street

12        New York, NY  10005

13

14   BY:  (Name on card blacked out)

15        (Name on card blacked out)

16

17   TELEPHONIC APPEARANCES:

18

19   MICHAEL GOLDBERG, AKERMAN LLP FOR VARIOUS CREDITORS

20   CAROLE NEVILLE, DENTONS US LLP, FOR CREDITOR HAROLD J. HEIN

21

22

23

24

25

1                    P R O C E E D I N G S

2            THE CLERK:  -- reason for this hearing, at the

3    February 14th hearing, some parties expressed a concern

4    about Ms. Chatman's (ph) pending omnibus motion to dismiss

5    and their desire to be heard on some of these issues, and at

6    some point as I recall, the trustee proposed to file an

7    omnibus reply to all pending motions to dismiss, and

8    subsequently filed a schedule identifying 146 motions.

9            I subsequently received letters from Lashann

10   DeArcy at Morrison Foerster which had filed five motions to

11   dismiss in October 2011 and raised at least two issues in my

12   mind, it appears that the consideration of these pending

13   motions to dismiss was inconsistent with the litigation

14   management order which was entered earlier in the case by

15   Judge Lifland, and in particular, required mediation before

16   the trustee filed a response.

17           In addition, the Morrison & Foerster clients

18   simply didn't want to participate in a motion to dismiss,

19   they believed that the motions had been decided by Judge

20   Rakoff, these motions had been made early, and wanted to

21   proceed immediately with mediation.  So I issued an order

22   scheduling this hearing to consider the status of the

23   mediation requirement that might have -- the procedure that

24   I adopted, which permitted the trustee to file omnibus

25   motions to all these pending motions, omnibus objections to

1    all these pending motions to dismiss, and to determine

2    whether anybody wanted to opt out of the procedure, for

3    whatever reason, to save money, if they didn't think it was

4    worth their time and effort to then have to file a reply,

5    and proceed immediately to mediation.  There were also some

6    other issues which I'll get to later.

7              But that's where we are.  Do you want to be heard?

8              MS. DEARCY:  Yes, Your Honor.  I had intended on

9    giving you a summary, but I appreciate you --

10              THE COURT:  Do you think I left anything out, or

11    do you think -- you know, this is your chance.

12              MS. DEARCY:  No.  I represent the Levy, Persky and

13    Borkowitz families in five separate avoidance actions that

14    have been brought by the trustee.

15              You are absolutely correct, Your Honor, that

16    pursuant to the avoidance procedures that were established

17    prior to the cases being filed against my clients in this

18    case, automatic mediation was expected for any case where

19    the amounted issue was less than $20 million.  And I assure

20    you, sir, that is the case in our clients' adversary

21    proceedings.

22              Upon our filing of the motion to dismiss, the

23    trustee was obligated to file a notice of mediation which

24    would have triggered the process of mediation.  That didn't

25    happen.

Page 10

1           After some time, and given the fact that we were

2     keenly aware that a number of cases were pending before

3     Judge Rakoff that would certainly impact the legal landscape

4     of the cases that we were going to mediate.

5           We agreed with the trustee that we would wait

6     until the outcome of the cases before Rakoff, before

7     proceeding with mediation.  And I spoke directly with one of

8     Mr. Sheehan's colleagues, a Hakthmeth Varell (ph) who I

9     believe works out of their Ohio office.

10          All of the issues that were raised in our motions

11    to dismiss were virtually the same, so to the extent that

12    that applied to any of the cases pending, it applied to all

13    of them.

14          Your Honor, we represent individuals here, right.

15    These are people who need certainty in their lives --

16          THE COURT:  Uh-huh.

17          MS. DEARCY:  -- their lives are on hold pending

18    the outcome of these cases.  The trustee's absolutely

19    correct, the legal landscape has been set.  I would submit

20    respectfully, Your Honor, that because the legal landscape

21    has been set, this case is ripe for mediation.

22          I believe that if we all got in a room knowing

23    what we know, that we could resolve this case without

24    further briefing, and give my clients the certainty that

25    they've been waiting over two years at least since the

1    motion to dismiss, and even longer if you count the time the

2    case has been -- was filed.

3            MR. CREMONA:  Good afternoon, Your Honor, Nicholas

4    Cremona of Baker Hostetler appearing on behalf of the

5    trustee.

6            If I might, Your Honor, I'd just like to give a

7    little bit of background before addressing my colleague, Ms.

8    DeArcy's presentation.  We presently have about 150 motions

9    to dismiss that are on file, and as Your Honor can see from

10   the schedules we've provided, they've been filed from the

11   inception of the case, early 2011 through -- even through

12   yesterday.

13           At the same time in early 2011, we had the process

14   of defendants moving to withdraw the reference en mass, and

15   we had an excursion to the district court that lasted about

16   two and a half years.  And a number of issues were raised

17   and Judge Rakoff withdrew a number of discreet issues that

18   impacted the innocent investor, cases that are now before

19   Your Honor.

20           The last issue that was relevant to the good faith

21   cases was determined by Judge Rakoff's antecedent debt

22   decision on October 15th of last year, and we commonly refer

23   to that, that is the decision whereby -- wherein Judge

24   Rakoff found that the defendants' various claims for damages

25   and rescission under federal and state law do not constitute

Page 12

1    value or antecedent debt within the meaning of Section

2    548(c) of the Bankruptcy Code.

3              It was everyone's understanding that we would be

4    holding those motions to dismiss in abeyance pending the

5    resolution of the issues before the district court as I

6    think Ms. DeArcy just articulated.  That occurred October

7    15th.

8              At that point in time, we had about seven -- about

9    80 motions to dismiss that were pending.  And it was the

10   view -- the trustee's view at the time that many of those

11   motions, if not substantially all of them had effectively

12   been determined by intervening decisions of Judge Lifland

13   and/or Judge Rakoff, again as I think Ms. DeArcy would agree

14   with.

15             At that point in time, or shortly thereafter on

16   November 1, we had the omnibus motion to dismiss filed by

17   Ms. Chatman's firm, the Becker and Polikoff (ph) motion

18   which is presently fully briefed and scheduled to be argued

19   on March 10th.

20             That motion -- the trustee's rationale in dealing

21   with the motions to dismiss, and whether to go to mediation,

22   was informed by the direction of Judge Lifland.  At the

23   time, the Judge directed the parties to dispense with

24   mediation and to move forward immediately on briefing.  That

25   motion -- that omnibus motion to dismiss.

Page 13

```
 1              So although we had gotten the clarity we wanted on

 2    October 15th that allowed us to now move forward with the

 3    over 600 cases that had now been sent back before Your

 4    Honor, we were informed that we should dispense with

 5    mediation and go forward on certain of those motions to

 6    dismiss.

 7              So given that back drop, we felt that -- and given

 8    the rulings that Your Honor made on February 14th indicating

 9    that to the extent motions to dismiss raise the same issues

10    based on the same predicate facts, the rulings would be

11    dispositive of other similar motions.

12              THE COURT:  Well, that's sort of what I said, but

13    look, the question really is, if somebody doesn't want to go

14    forward with this, because they don't want to spend the time

15    and money, why should they have to?

16              MR. CREMONA:  We don't disagree with that, Your

17    Honor.  We think that -- we would -- well, based on what --

18    I think one simple solution to what Ms. DeArcy said is that

19    her motion has been determined, the issues in her motion

20    have been determined by the decisions of the district court

21    and/or Judge Lifland.  If that's the case, we would suggest

22    that the motion to dismiss be withdrawn, and we'd be happy

23    to go forward --

24              THE COURT:  Do you have any objection to

25    withdrawing the motion to dismiss?
```

1              MS. DEARCY:  I'm sorry.  Yes, Your Honor.  I

2    believe that the adversary procedures contemplated allowing

3    us an opportunity to mediate and see if we could come to a

4    resolution without waiving our ability --

5              THE COURT:  Well, you could withdraw without

6    prejudice, because you made your motion very early, it's one

7    of the issues I want to raise with you --

8              MS. DEARCY:  Yes.

9              THE COURT:  -- later, but you made the motion very

10   early.

11             MS. DEARCY:  Yes.

12             THE COURT:  You'd have to make a different motion

13   to dismiss at this point, wouldn't you?

14             MS. DEARCY:  Sort of.  I mean, if withdrawal of

15   this motion would be without prejudice to our ability to

16   file another motion to dismiss --

17             THE COURT:  Any objection to that?

18             MR. CREMONA:  None whatsoever.

19             THE COURT:  Okay.  So why don't you just file a

20   notice so we have it on file withdrawing it without

21   prejudice your motions to dismiss.

22             MS. DEARCY:  And the trustee would then proceed

23   with filing mediation?

24             THE COURT:  And I'll direct immediate mediation in

25   these matters, and I don't know if there's anybody else who

1    wants to go through this -- who doesn't want to participate

2    in this procedure under the same terms.  And particularly,

3    you do have a lot of these older motions, I know it's not

4    your issue, but --

5            MR. CREMONA:  Your Honor, we would be happy to

6    entertain a procedure whereby we could allow parties to

7    agree to withdraw the motions as moot because we --

8            THE COURT:  Well, why don't you contact them?  You

9    know, I don't know if this is the right place to ask for a

10   vote of anybody, but.

11           MR. CREMONA:  We haven't -- we absolutely will do

12   that, Your Honor.  That was sort of contemplated.  We

13   intended to do that.  We -- if there was an intervening

14   event as they described, the motion that was filed and 128

15   actions and we did get some direction from Judge Lifland at

16   the time which informed our decision as to how to proceed --

17           THE COURT:  Uh-huh.

18           MR. CREMONA:  -- but at this point in time, we'd

19   be happy to do that.  It was just that given the rulings

20   that we thought occurred on 2/14 and the rights that -- of

21   parties that were implicated, we wanted to provide the

22   widest opportunity and notice for people to have an

23   opportunity --

24           THE COURT:  I didn't say that.  And the provenance

25   of this was and I think Ms. Neville is on the phone --

Page 16

1          MS. NEVILLE:  Yes.

2          THE COURT:  -- she's arguing for the right to be

3    heard, which I understood, and then the trustee stood up,

4    and said, fine, I'll file an omnibus reply to all of the

5    pending motions.  But, you know, frankly I was not familiar

6    with the litigation order.  But in addition, people had not

7    come into the hearing necessarily or not come to the hearing

8    at all, understanding that that's what would occur, and this

9    just gives them an opportunity to opt out of the procedure.

10         So why don't you contact the parties.  There

11   aren't that many law firms involved, I looked at your

12   list --

13         MR. CREMONA:  Uh-huh.

14         THE COURT:  -- and find out if there's anybody

15   else who simply wants to forego the procedure with -- if

16   they think their motion has been denied, or has been

17   resolved by Judge Rakoff to withdraw their motion.

18         Now, I don't have a problem with them pursuing the

19   motion and also going through mediation.  It happens all the

20   time.  It's no extra work for you because you're going to

21   file an omnibus reply.  And if they want to spend the time,

22   you know, filing a reply to your reply, I guess they can do

23   that.

24         MR. CREMONA:  The only response I would have, Your

25   Honor, is we didn't think that it would be efficient or

Page 17

1    appropriate to mediate the very same issues that are all, at

2    this point, sub judice will be determined in the very near

3    future.

4              The reason we had -- and I would also just point

5    out, Your Honor, if I could, that the LPO provides that the

6    parties can agree that mediation will not be productive.

7              THE COURT:  They can usually agree to that.

8              MR. CREMONA:  Yes.

9              THE COURT:  And there's no mutual agreement here.

10   And in addition, you know, these -- you say these issues are

11   decided, in fact, there's an argument in the Second Circuit

12   tomorrow, no one knows what's going to happen, my

13   understanding is Judge Rakoff still has a couple of issues

14   that he hasn't decided.

15             As I said the last time, this thing can't go on

16   until the last issue is decided.  And one of the things I

17   was going to raise with you, my understanding is the trial

18   at the end of the month has been settled?

19             MR. CREMONA:  Yes, that's correct.

20             THE COURT:  I wanted to find out if there are any

21   other cases ready to go?

22             MR. CREMONA:  Uh-huh.

23             THE COURT:  In other words, any two year reach

24   back cases where there were no motions to dismiss pending,

25   because I want to start trying these cases.

1              MR. CREMONA:  Understood, Your Honor, and we're

2       looking into that.

3              THE COURT:  All right.  Yes?

4              MS. NEVILLE:  Your Honor, this is Carol Neville.

5              THE COURT:  Yes.

6              MS. NEVILLE:  I'd like to raise one point.  The

7       procedures called for mediation before the motion to dismiss

8       was fully briefed.  And I know that there are a number of

9       people who would consider mediation at some point when we've

10      narrowed the issues.

11             So I'm hoping that what you just said would give

12      us the opportunity to mediate at some point down the road

13      when we've narrowed some of the issues.

14             THE COURT:  Ms. Neville, you can always mutually

15      agree --

16             MS. NEVILLE:  Okay.

17             THE COURT:  -- to mediate.  I don't know how much

18      narrower the issues are going to become.  Obviously there

19      are some undecided issues, but it's been pretty much

20      narrowed by the Second Circuit and Judge Rakoff.

21             Let me ask you a question, in your reply -- so

22      we've taken care of --

23             MS. DEARCY:  Yes.

24             THE COURT:  -- your issue.  In your omnibus reply,

25      are you going to identify which defendants made which

Page 19

```
 1   arguments?

 2          MR. CREMONA:  We have planned to do so, Your

 3   Honor.

 4          THE COURT:  Okay, fine.  Also I want all of the

 5   defendants to deliver bindings that contain their pleadings,

 6   so we don't need the trustee's omnibus reply, we'll have one

 7   copy of that.  And obviously to the extent that a law firm

 8   represents more than one defendant, and itself made an

 9   omnibus motion to dismiss like Ms. Chatman, for example, I

10   only need one binder.

11          One other thing you had in your letter, you said

12   you were going to add names or add cases to your list.  No

13   cases can be added or dropped without my approval, because I

14   have to know which motions I'm deciding and which motions

15   I'm not deciding.  All right?

16          MR. CREMONA:  Understood, Your Honor, and I guess

17   that's what I wanted to address at this point.  If there is

18   going to be an opt out procedure, we would then have to

19   modify our exhibit and there have been, I think when we

20   originally submitted our letter, there were 144 cases on --

21          THE COURT:  146.

22          MR. CREMONA:  -- I apologize, now there are 151

23   because we -- and that's through yesterday afternoon.  How -

24   - but we can --

25          THE COURT:  That assumes they want to participate
```

Page 20

1      I guess.

2              MR. CREMONA:  Uh-huh.

3              THE COURT:  I mean, if they want to participate,

4      that's fine with me.

5              MR. CREMONA:  Uh-huh.

6              THE COURT:  It sounds to me like it's going to be

7      -- what I'll call the same post Rakoff arguments.  If it's a

8      fresh motion to dismiss.

9              MR. CREMONA:  Well, we would take a different

10     view.  I think some of the --

11             THE COURT:  I haven't looked at them.

12             MR. CREMONA:  Yes.  I mean, some of the -- the

13     motion that was filed, in fact, yesterday raises antecedent

14     debt, which we would take the position that it's been

15     resolved, but.

16             THE COURT:  All right.  Well, that one won't take

17     long.

18             MR. CREMONA:  Uh-huh.

19             THE COURT:  But -- all right.  So why don't you

20     survey the defendants, find out if any of the others want to

21     opt out, it's -- as I say, it's not going to affect the work

22     you're going to do, and assuming you're going to file your

23     reply on time, you can just file something subsequently

24     that's -- that informs me that these cases are not the

25     subject in the motion to dismiss anymore.

1           MR. CREMONA:  There were two housekeeping items

2      I'd like to address with Your Honor.  One, we had a meet and

3      confer with the defense, with certain members of the defense

4      group, and they had requested additional time to file their

5      reply.  And given the fact that there is now this potential

6      --

7           THE COURT:  So until the last person files a

8      reply, this matter won't be ready, I guess?

9           MR. CREMONA:  Well, I mean, given that now we're

10     going to have an amended, possibly an amended exhibit, it

11     would also be helpful to the trustee to have a short

12     extension of time.  It wasn't a long period.  We had agreed

13     with -- among the parties that our -- the trustee's and

14     SIPC's opposition would be filed instead of March 10 on

15     March 19, and the defendants would have until April 2nd to

16     file their replies.

17          THE COURT:  All of the defendants?

18          MR. CREMONA:  Again, those that wish to

19     participate, which we would have to crystalize between now

20     and then, which is why I --

21          THE COURT:  Why don't you file your reply on time,

22     find out who doesn't want to participate.  It gives you a

23     week, because your reply I think is due the 10th, right?

24          MR. CREMONA:  It is.

25          THE COURT:  And you're ready to file it?  You're

Page 22

1   going to file the same reply, aren't you?

2           MR. CREMONA:  Yes, that's true.  The arguments are

3   substantially the same so if people drop out --

4           THE COURT:  All right.  So then you can advise me

5   between the 10th and the 17th when you can communicate with

6   counsel, who's not participating in this motion to dismiss.

7   I want to move this along.

8           MR. CREMONA:  I agree, Your Honor.  The only thing

9   I would point out, I mean, there are some aberrational

10  issues that if they -- if those parties dropped out, would

11  influence the briefing.

12          THE COURT:  Call them right now, you know.

13          MR. CREMONA:  We will.

14          So -- just so I walk away with clarity, the

15  schedule remains the same?

16          THE COURT:  The schedule remains the same.

17          MR. CREMONA:  Okay.  For both the trustee and the

18  defendant?

19          THE COURT:  Yes.

20          MR. CREMONA:  Okay.

21          THE COURT:  All right.  Anything else?

22          MR. MAY:  May I?

23          THE COURT:  Yes, sir.

24          MR. MAY:  Your Honor, just briefly, Your Honor,

25  Laurence May of Cole Schotz.  Our firm represents the

 1    defendants in Adversary 10-04405.  That's the Fox adversary

 2    proceeding.  It's one of them on the Appendix A to Mr.

 3    Sheehan's letter.

 4         Your Honor, I had discussions with counsel, with

 5    Mr. Cremona, and I have a -- we have a little bit -- I think

 6    I understand what's happening to my client, but I'm not

 7    entirely sure.  We have a little bit different

 8    circumstances.  We have only in our case a six year look --

 9    claw back claim.

10         We made a motion in March of 2012 to have the

11    reference withdrawn.  That motion was granted.  Our case has

12    now been entirely dismissed.  We have no pending motion

13    before this Court, we have no pending motion anywhere.  The

14    only thing that possibly --

15         THE COURT:  No transfers within two years?

16         MR. MAY:  No.  So I --

17         THE COURT:  Unless the Second Circuit reverses it.

18         MR. MAY:  Unless the Second Circuit reverses, but

19    as things stand right now, my view is we shouldn't be on

20    that list, we shouldn't be subject to the court order with

21    respect to filing briefs, opt out or otherwise.

22         I submitted that we were put on that list in

23    error, but -- and requested that we be withdrawn, and so far

24    we're still on the list.  As I understand circumstances, I

25    don't believe this Court has any jurisdiction over my case

Page 24

1    because --

2              THE COURT:  So why don't you withdraw your motion

3    to dismiss?

4              MR. MAY:  I don't have a motion to dismiss.

5              THE COURT:  Oh, then why are you on the list?

6              MR. MAY:  I don't know.

7              THE COURT:  Which number -- do you know which

8    number you are on the list?  I assumed that this list

9    consisted of pending motions to dismiss.

10             MR. CREMONA:  It does, Your Honor.  As a technical

11   matter, we included all motions, out of an abundance of

12   caution and for completeness, so they're --

13             THE COURT:  Well, out of an abundance of caution

14   if the case is no longer pending, there's nothing to

15   consider.

16             MR. CREMONA:  Well, as I explained to Mr. May, I

17   think the way that Judge Rakoff certified the appeal, the

18   case is still pending, and the remaining -- the -- their --

19   the claims are dismissed, but the case is pending.  We

20   included them in out of an abundance of caution in case they

21   wanted to have an opportunity to be heard, in the event that

22   we are successful on appeal, which we think we will be and

23   the case is reinstated, I wanted them to have the

24   opportunity, if they so chose, to participate.

25             THE COURT:  So what are they supposed to do when

Page 25

1    they get your omnibus reply?

2              MR. CREMONA:  I --

3              MR. MAY:  My comment, Your Honor, was that the

4    Court will decide what it decides, it should not have any

5    collateral estoppel effect.  We recognize that it may have

6    some precedential effect that's against us.

7              THE COURT:  Is there an order dismissing your --

8              MR. MAY:  Yes.  Our case is on appeal to the

9    Second Circuit, Your Honor.

10             THE COURT:  Okay.

11             MR. MAY:  There's nothing left of our case.  Judge

12   Rakoff's order dismissing the case, dismissed all the claims

13   against our client.  So our case is done from our

14   perspective.

15             THE COURT:  Are there any other cases in the same

16   --

17             MR. CREMONA:  There are seven cases in that

18   posture.

19             THE COURT:  Well, why don't you identify them?  I

20   don't see why they should have to participate in this

21   procedure.  Obviously if the Second Circuit or the Supreme

22   Court reaches a different conclusion, it's going to change

23   the case.

24             MR. CREMONA:  Uh-huh.  I'm happy to remove them,

25   Your Honor.

Page 26

1            THE COURT:  I think that's a good idea, as well as

2    the other six.

3            MR. CREMONA:  Uh-huh.

4            MR. MAY:  Thank you, Judge.

5            THE COURT:  Make sure the parties know they've

6    been removed.  All right?

7            MR. CREMONA:  Thank you.

8            THE COURT:  So we've made progress today, we've

9    removed 12 cases.

10           MS. SPIEGELMAN:  Good afternoon, Your Honor, Sara

11   Spiegelman of Wachtel Missry.  My firm represents the

12   defendants in adversary proceedings 52 through 61 on the

13   schedule.

14           THE COURT:  Uh-huh.

15           MS. SPIEGELMAN:  We don't want to opt out of the

16   procedure, but we just want to make sure that our issues are

17   addressed on the omnibus reply, and we'd like an opportunity

18   to submit an additional reply if the lead defendants don't

19   address our issues in the way that we would like them to.

20           THE COURT:  I don't understand.  The trustee's

21   going to file a reply to your motion.

22           MS. SPIEGELMAN:  Right.  And then --

23           THE COURT:  And then you have the right to file a

24   reply, right?

25           MS. SPIEGELMAN:  Right.  But according to the

Page 27

1   order, it looks like it's one reply drafted by the lead

2   defendant's counsel.

3           THE COURT:  Yes.  How many cases do you have?

4           MS. SPIEGELMAN:  I have ten cases.

5           THE COURT:  So file one reply, and if you have a

6   particular argument for one of your cases or two of your

7   cases, point it out in your reply, I don't need ten replies

8   from you.

9           MS. SPIEGELMAN:  Okay.  My understanding from

10  Baker Hostetler's letter was that all defendants shall

11  coordinate with defense counsel copied on this letter and

12  file one consolidated reply --

13          THE COURT:  But there's an order which is

14  different.

15          MS. SPIEGELMAN:  Okay.

16          THE COURT:  I didn't expect defense counsel to get

17  together and file one reply.  It'd be nice if he did, don't

18  get me wrong, but I didn't expect that.

19          MS. SPIEGELMAN:  Okay.  Thank you, Your Honor.

20          THE COURT:  All right.  Anything else?

21      (No response)

22          THE COURT:  All right.  Thank you very, very much.

23          MR. CREMONA:  Thank you, Your Honor.

24  (Proceedings concluded at 2:22 PM)

25                        * * * * *

Page 28

1

CERTIFICATION

2

3          I, Sheila G. Orms, certify that the foregoing is a

4     correct transcript from the official electronic sound

5     recording of the proceedings in the above-entitled matter.

6

      Date:  March 6, 2014

7

8     Sheila          Digitally signed by Sheila Orms
                      DN: cn=Sheila Orms, o, ou,
                      email=digital1@veritext.com,
9     Orms            c=US
                      Date: 2014.03.06 10:28:35 -05'00'

10

11      Signature of Approved Transcriber

12

13

      Veritext

14

      330 Old Country Road

15

      Suite 300

16

      Mineola, NY 11501

17

18

19

20

21

22

23

24

25