UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>  MADOFF SECURITIES | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DEFENDANTS LISTED ON APPENDIX A ATTACHED HERETO,<br><br>  Defendants. | Adv. Pro. Nos. listed on Appendix A Attached Hereto |

**MEMORANDUM OF LAW OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
<u>IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>**

SECURITIES INVESTOR PROTECTION CORPORATION
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution
LAUREN T. ATTARD
Assistant General Counsel

# TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS .......................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

   I.  ARGUMENTS IN THE MOTIONS ARE DUPLICATIVE OF THE ARGUMENTS ADDRESSED IN THE SIPC OPPOSITION TO THE B&P MOTIONS .................................................................. 2

  II.  MANY ARGUMENTS IN THE MOTIONS HAVE BEEN RESOLVED BY THE SECOND CIRCUIT OR THE DISTRICT COURT .................................................................................................. 3

 III. VARIATIONS ON THE "RESET TO ZERO" AND "REPLENISHMENT CREDIT" THEORIES HAVE BEEN REJECTED BY THE DISTRICT COURT AND MUST FAIL .................................... 5

 IV. THE TRUSTEE HAS MET THE FRAUD PLEADING STANDARD UNDER BANKRUPTCY CODE SECTION 548(A)(1)(A) ................................................................................................... 6

  V.  THE TRUSTEE MAY AVOID CHARITABLE CONTRIBUTIONS ................................................. 6

CONCLUSION ............................................................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

### <u>CASES</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 2

*In re Bernard L. Madoff Inv. Sec. LLC,* 654 F.3d 229 (2d Cir.), *reh'g and reh'g en banc denied*
(2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S.Ct. 2712 (2012), *and cert. denied*, 133 S. Ct.
24 and 133 S. Ct. 25 (2012) .............................................................................................. 3

*In re Bernard L. Madoff Inv. Sec., LLC*, 440 B.R. 243 (Bankr. S.D.N.Y. 2010), *leave to appeal
denied,* 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011) ............................................................ 7

*In re Madoff Securities*, 12-mc-0115, Order, entered Feb. 13, 2013 (ECF No. 435) ..................... 4

*Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y.2012) .................................................................... 3

*Rosenman Family, LLC v. Picard,* 395 F. App'x 766 (2d Cir. 2010) ............................................ 2

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 12 MC 115 JSR, 2013 WL
1609154 (S.D.N.Y. Apr. 15, 2013) .................................................................................. 3

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715 (S.D.N.Y. 2012),
supplemented (May 15, 2012) ........................................................................................ 5

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46 (S.D.N.Y. 2013) ...... 5

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744
(Bankr. S.D.N.Y. 2013) ................................................................................................ 6

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
499 B.R. 416 (S.D.N.Y. 2013) ................................................................................. 4, 7

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26 (S.D.N.Y. 2013) ...... 5

### <u>STATUTES</u>

Securities Investor Protection Act, as amended, 15 U.S.C. § 78fff-2(c)(3) ................................... 2

Bankruptcy Code, 11 U.S.C. §

502(d) ..................................................................................................................... 4
546(e) ..................................................................................................................... 3
548(a)(1)(a) ............................................................................................................. 6
550(a) ..................................................................................................................... 4

26 U.S.C. § 501(c)(3) ................................................................................................... 7

### <u>OTHER AUTHORITY</u>

U.S. Constitution, Article VI ......................................................................................... 7

The Securities Investor Protection Corporation ("SIPC") submits this memorandum of law (1) in opposition to motions to dismiss (the "Motions") filed by the Defendants Listed on Appendix A attached hereto (the "Defendants"), and (2) in support of the position taken with regard to these Motions by Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] and Bernard L. Madoff.  The Motions seek dismissal of the complaints or amended complaints (the "Complaints" or "Avoidance and Recovery Actions") filed in the respective adversary proceedings by the Trustee.  In light of the Court's Order Adjourning Hearing on Becker & Poliakoff LLP Motions to Dismiss *Sine Die*, dated March 5, 2014 (ECF No. 5771), and in view of the common issues presented, SIPC incorporates herein by reference the arguments set forth in its Opposition to the Becker & Poliakoff LLP Motions to Dismiss, dated January 17, 2014 ("SIPC Opposition to B&P Motions"), Adv. Pro. No. 10-04380, ECF No. 32.

## STATEMENT OF FACTS

In the Avoidance and Recovery Actions at hand, the Trustee seeks to recapture, for the benefit of all BLMIS customers, stolen BLMIS customer funds transferred to the Defendants, either as initial or subsequent transferees.  Because BLMIS ran a Ponzi scheme, none of the funds received by the Defendants were generated through investment, but, in reality, were other customers' stolen funds.

## STANDARD OF REVIEW

On a motion to dismiss, all factual allegations in the Complaint are to be taken as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  A motion to dismiss is denied

---

[1] For convenience, references to provisions of SIPA shall omit "15 U.S.C."

when the complaint contains sufficient facts to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## **ARGUMENT**

**I.    Arguments in the Motions are Duplicative of the Arguments
       Addressed in the SIPC Opposition to the B&P Motions**

Certain Defendants raise the following arguments which are addressed by SIPC in its Opposition to the B&P Motions:

- The Trustee lacks standing to bring the actions because, as they argue, sufficient funds exist to compensate customers and thus the requirements of SIPA section 78fff-2(c)(3) have not been met. *See, e.g.,* Adv. Pro. No. 10-5400, ECF No. 17, at 2-3. *But see* SIPC Opposition to B&P Motions, at 5.

- The Trustee "improperly combines accounts." *See, e.g.*, Adv. Pro No. 10-05224, ECF No. 20, at 21. *But see* SIPC Opposition to B&P Motions, at 24.

- The Trustee fails to adequately plead a subsequent transfer claim. *See, e.g.*, Adv. Pro. No. 10-05194, ECF No. 18, at 37. *But see* SIPC Opposition to B&P Motions at 25.

- The Trustee lacks standing because the property sought does not belong to the Debtor. *See, e.g.,* Adv. Pro. No. 10-04865, ECF No. 22 at 9. *But see* SIPC Opposition to the B&P Motions, at 8-11. The Second Circuit rejected a similar argument in *Rosenman Family, LLC v. Picard,* 395 F. App'x 766, 769 (2d Cir. 2010) (rejecting an argument that a deposit "never became the debtor's property").

## II.    Many Arguments in the Motions Have Been Resolved
by the Second Circuit or the District Court

Certain Defendants renew arguments previously made and discounted either by the Second Circuit in connection with the "Net Equity Decision," *see In re Bernard L. Madoff Inv. Sec. LLC,* 654 F.3d 229 (2d Cir.), *reh'g and reh'g en banc denied* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S.Ct. 2712 (2012), *and cert. denied*, 133 S. Ct. 24 and 133 S. Ct. 25 (2012), or  by the United States District Court for the Southern District of New York (Rakoff, J.) in response to similar motions to dismiss.   These arguments, and the related prior decisions, are as follows:

- Whether section 546(e) of title 11 of the United States Code (the "Bankruptcy Code") applies:  *Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y. 2012) (holding that section 546(e) protects some transfers from avoidance); and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 12 MC 115 JSR, 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) (holding that those defendants with actual knowledge are not protected by section 546(e));

- Whether Defendants have valid antecedent debt[2]:  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 499 B.R. 416 (S.D.N.Y. 2013) (holding that a defendant's antecedent debt is limited to the amount of his investment) (the "Antecedent Debt Opinion");

---

[2] The Antecedent Debt Opinion also rejected the following arguments:  (1) that the Trustee cannot avoid obligations of the debtor, *see, e.g.,* Adv. Pro. No. 10-04725, ECF No. 21, at 15*, and see* Antecedent Debt Opinion, 499 B.R. at 421 n.4; (2) that defendants should receive credit for inter-account transfers of fictitious profits as if the transfers constituted principal, *see, e.g.*, Adv. Pro No. 10-05397, ECF No. 20, at 33, *and see* Antecedent Debt Opinion, 499 B.R. at 428-29 ("The funds at issue are still other people's money, and shifting them among accounts, whether those accounts are owned by the same person or entity or, for example, transfers among family members, does not morph those funds into actual new principal."); and (3) that use of the avoidance provisions here is unfair, *see, e.g.*, Adv. Pro No. 10-05255, ECF No. 23, at 20, *and see* Antecedent Debt Opinion, 499 B.R. at 425-26.

- Whether Bankruptcy Code section 502(d) applies in a SIPA liquidation: *In re Madoff Securities*, 12-mc-0115, Order, entered Feb. 13, 2013 (ECF No. 435) (holding that SIPA does not preclude the application of Bankruptcy Code section 502(d));

- Whether a trustee needs to avoid a transfer in order to recover against a subsequent transferee: *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 31 (S.D.N.Y. 2013) ("Thus, there is no basis in the language of either section 550(a) or the Bankruptcy Code's avoidance provisions to assume that avoidance actions must be brought—or fully adjudicated—against an initial transferee for recovery proceedings to go forward against a subsequent transferee.");

- Whether the Bankruptcy Court has jurisdiction under *Stern v. Marshall*: *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 58 (S.D.N.Y. 2013) (holding that the Bankruptcy Court "has the power to hear the matter in the first instance and recommend proposed findings of fact and conclusions of law");

- Whether IRA withdrawals are protected: *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 729 (S.D.N.Y. 2012), supplemented (May 15, 2012) (holding that the Internal Revenue Code and its requirement for minimum distributions for IRA accounts does not require dismissal of the Trustee's claims).

Finally, this Court recently ruled that calculation of a customer's net equity does not include an adjustment for time-based damages. *Sec. Investor Prot. Corp. v. Bernard L. Madoff*

4

*Inv. Sec. LLC*, 496 B.R. 744, 750 (Bankr. S.D.N.Y. 2013). The issue has been appealed directly to the United States Court of Appeals for the Second Circuit. *See* Case No. 14-97-bk (2d Cir.).

Accordingly, SIPC submits that the above decisions are dispositive of all of the above issues as presented by Defendants in their Motions.

### III.    Variations on the "Reset to Zero" and "Replenishment Credit" Theories Have Been Rejected by the District Court and Must Fail

Certain Defendants advance variations on the "reset to zero" or "replenishment credit" theories in asserting that they are entitled to a credit in the calculation of their avoidance liability. For example, some Defendants erroneously contend that BLMIS was not created until 2001,[3] and therefore, the amount of fictitious profits received by them should be reduced by amounts of fictitious profit paid to them prior to that date. *See* Adv. Pro. No. 10-04561, ECF No. 24, at 10. Others argue that the Trustee's calculation of the avoidable transfer violates the two year reach back period in Bankruptcy Code section 548 and Defendants should receive credit for their fictitious profits prior to the reach back period. *See, e.g.*, Adv. Pro. No. 10-04565, ECF No. 19, at 27. In its Antecedent Debt Opinion, the District Court explained the origin of Defendants' arguments: "Under the Net Investment Method, defendants receive credit to the extent that they provided value to Madoff Securities over the life of their investment relationship, whereas the Replenishment Credit Method shifts the point at which principal turns into fictitious profits for some defendants, granting them a windfall based on the happenstance of the timing of those investments of principal." 499 B.R. at 427-28. This Replenishment Credit Method was rejected

---

[3] Certain Defendants state, without authority, that BLMIS was created in 2001. *See, e.g.*, Adv. Pro. No. 10-04561, ECF No. 24, at 10. In point of fact, BLMIS has been registered with the Securities and Exchange Commission since 1960, and has been a SIPC member since the inception of SIPC in 1970. Accordingly, Defendants' argument that the transfers made prior to 2001 were not made by BLMIS and thus should not factor into the calculation of their fraudulent transfer liability is without factual basis.

twice by the District Court:  first, as part of the *Katz* case, *see* Order, Case No. 11-cv-03605-JSR,

ECF No. 142, at 3, and second, as part of the consolidated briefing on antecedent debt, 499 B.R.

at 427-28.  These variations on that theme must fail here as well, for the reasons provided by the

District Court in the Antecedent Debt Opinion.

IV.    **The Trustee Has Met the Fraud Pleading Standard
         Under Bankruptcy Code Section 548(a)(1)(A)**

Certain Defendants argue that the Trustee has failed to meet the pleading requirements

for an actual fraudulent transfer under section 548(a)(1)(A).  *See, e.g.*, Adv. Pro. No. 10-04978,

ECF No. 22, at 7-8.  As this Court has previously held, "[i]t is now well recognized that the

existence of a Ponzi scheme establishes that transfers were made with the intent to hinder, delay

and defraud creditors."  *In re Bernard L. Madoff Inv. Sec., LLC*, 440 B.R. 243, 255 (Bankr.

S.D.N.Y. 2010), *leave to appeal denied,* 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011) ("The

breadth and notoriety of the Madoff Ponzi scheme leave no basis for disputing the application of

the Ponzi scheme presumption to the facts of this case. Accordingly, the debtor's fraudulent

intent has been adequately pled for purposes of actual fraud under the Code.").  Thus, by alleging

that BLMIS was a Ponzi scheme and that Defendants received transfers of fictitious profits from

this Ponzi scheme, the Trustee has met the pleading standard under Bankruptcy Code Section

548(a)(1)(A).

V.    **The Trustee May Avoid Charitable Contributions**

Defendant America-Israel Cultural Foundation ("AICF") and others argue that non-

bankruptcy law protects transfers to charitable organizations.  *See, e.g.*, Adv. Pro. No. 10-05058,

ECF No. 18, at 13.  For example, AICF asserts that because "no part of the net earnings of which

inures to the benefit of any private shareholder or individual" may be tax-exempt under 26

U.S.C. section 501(c)(3), AICF would violate the Internal Revenue Code if the fictitious profits

received by AICF were returned to the Trustee, a "private individual." This argument, however, incorrectly presumes that the fictitious profits constitute "earnings" under 26 U.S.C. section 501(c)(3), even once those earnings are disgorged to the Trustee. As such, this argument fails. In addition, AICF argues that New York Not-for-Profit Law section 513 requires that funds must be used as intended by the donor. In essence, AICF contends that BLMIS, the debtor that made the actually fraudulent transfer, has a state-law right to dictate how its charitable donation must be used, and that the state-law right trumps the federal Bankruptcy Code. On the basis of the Supremacy Clause alone, this argument must fail. *See* U.S. Const., art. VI, cl.2. AICF also argues that avoidance of the fraudulent transfer is akin to taking property of the Israeli nationals that AICF helps. Even assuming, *arguendo*, that such a prohibition existed, the Trustee has not filed a claim against Israeli nationals, but against a United States-based organization. Here too, AICF's argument fails. Finally, AICF argues that the Trustee's avoidance action violates the Religious Freedom Restoration Act. This argument was refuted in SIPC's Opposition to the B&P Motions, at 29.

## CONCLUSION

For all of the reasons stated herein and incorporated herein by reference, the Motions should be denied.

Dated: Washington, D.C.
       March 10, 2014

Respectfully submitted,

JOSEPHINE WANG
General Counsel

 /s/ Kevin H. Bell
KEVIN H. BELL
Senior Associate General Counsel for Dispute
  Resolution

LAUREN T. ATTARD
Assistant General Counsel

SECURITIES INVESTOR
  PROTECTION CORPORATION
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: lattard@sipc.org

# APPENDIX A
## Included Motions to Dismiss[1]

| | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 1. | 10-05401 | Picard v. Estate of Eleanor Myers a/k/a Eleanor Block a/k/a Lee Block, et al. | 3/3/14 | Milberg LLP |
| 2. | 10-05255 | Picard v. Stefanelli Investors Group, et al.[2] | 2/28/14 | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 3. | 10-04797 | Picard v. Edmond A. Gorek, et al | 2/27/14 | Day Pitney LLP |
| 4. | 10-04623 | Picard v. Edmond A. Gorek | 2/27/14 | Day Pitney LLP |
| 5. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 13. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |

[1] This list identifies all defendants participating in this omnibus briefing process as of the filing date of the Trustee's memorandum of law in opposition to the motions to dismiss.

[2] Note that this motion to dismiss was filed in response to the amended complaint filed on January 10, 2012 and is substituted in place of the prior motion to dismiss filed on December 20, 2011 in response to the initial complaint, that was included on the original Appendix A filed with the Trustee's Letter dated February 20, 2014.

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 14. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 15. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 16. | 10-04772 | Picard v. M. Elliot Schnall | 1/24/14 | Herbert Biegel |
| 17. | 10-04655 | Picard v. Jaffe Family Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 18. | 10-04756 | Picard v. Stephen B. Kaye, et al. | 1/17/14 | Lax & Neville LLP |
| 19. | 10-04900 | Picard v. Bonnie J. Kansler | 1/17/14 | Lax & Neville LLP |
| 20. | 10-04881 | Picard v. Jillian Wernick Livingston | 1/17/14 | Lax & Neville LLP |
| 21. | 10-04481 | Picard v. Armand Lindenbaum | 1/17/14 | Lax & Neville LLP |
| 22. | 10-04467 | Picard v. David S. Wallenstein | 1/17/14 | Lax & Neville LLP |
| 23. | 10-04307 | Picard v. Howard Solomon | 1/17/14 | Lax & Neville LLP |
| 24. | 10-04988 | Picard v. Wallenstein / NY Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 25. | 10-04827 | Picard v. Madeline Gins Arakawa, et al. | 1/17/14 | Lax & Neville LLP |
| 26. | 10-04289 | Picard v. John Fujiwara, et al | 1/17/14 | Lax & Neville LLP |
| 27. | 10-04301 | Picard v. Frieda Bloom | 1/17/14 | Lax & Neville LLP |
| 28. | 10-04304 | Picard v. Elinor Solomon | 1/17/14 | Lax & Neville LLP |
| 29. | 10-04647 | Picard v. Abbit Family Trust, et al | 1/17/14 | Lax & Neville LLP |
| 30. | 10-05169 | Picard v. Fairfield Pagma Associates, LP, et al. | 1/17/14 | Lax & Neville LLP |
| 31. | 10-05246 | Picard v. Frances J. Le Vine Rev. Trust, et al. | 1/17/14 | Lax & Neville LLP |
| 32. | 10-04954 | Picard v. Ruth Kahn | 1/17/14 | Lax & Neville LLP |
| 33. | 10-05036 | Picard v. Elinor Friedman Felcher | 1/17/14 | Lax & Neville LLP |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 34. | 10-05048 | Picard v. Armand L. Greenhall, et al. | 1/17/14 | Lax & Neville LLP |
| 35. | 10-05160 | Picard v. The Lanny Rose Rev. Trust, et al | 1/17/14 | Lax & Neville LLP |
| 36. | 10-04573 | Picard v. Bruce Leventhal 2001 Irrevocable Trust, et al. | 1/17/14 | Lax & Neville LLP |
| 37. | 10-04966 | Picard v. Onesco International, Ltd., et al. | 1/17/14 | Lax & Neville LLP |
| 38. | 10-05400 | Picard v. Ted Goldberg, et al. | 1/17/14 | Wachtel Missry LLP |
| 39. | 10-04726 | Picard v. Lori Chemla, et al. | 1/17/14 | Wachtel Missry LLP |
| 40. | 10-04579 | Picard v. Shetland Fund Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 41. | 10-04896 | Picard v. Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |
| 42. | 10-05372 | Picard v. O.D.D. Investment LP, et al. | 1/17/14 | Wachtel Missry LLP |
| 43. | 10-04502 | Picard v. Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 44. | 10-04363 | Picard v. Schiff Family Holdings Nevada Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 45. | 10-04447 | Picard v. Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 46. | 10-04472 | Picard v. Daniel N. Silna, et al. | 1/17/14 | Wachtel Missry LLP |
| 47. | 10-04470 | Picard v. Silna Family Inter Vivos Trust, et al. | 1/17/14 | Wachtel Missry LLP |
| 48. | 10-04357 | Picard v. James Greiff | 1/17/14 | Dentons LLP |
| 49. | 10-04796 | Picard v. Howard Kaye | 1/17/14 | McClaughlin & Stern LLP |
| 50. | 10-04735 | Picard v. Kara Fishbein Goldman, et al. | 1/17/14 | Pryor Cashman LLP |
| 51. | 10-04944 | Picard v. Pergament Equities LLC, et al. | 1/17/14 | Pryor Cashman LLP |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 52. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 1/17/14 | Pryor Cashman LLP |
| 53. | 10-05087 | Picard v. Steven J. Lifton | 1/17/14 | Meyer, Suozzi, English & Klein, P.C. |
| 54. | 10-04906 | Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al. | 1/16/14 | Milberg LLP |
| 55. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
| 56. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 57. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 58. | 10-04415 | Picard v. Barbara J. Berdon | 3/22/13 | Dentons LLP |
| 59. | 10-05209 | Picard v. Lapin Children LLC | 3/22/13 | Dentons LLP |
| 60. | 10-04332 | Picard v. Barry Weisfeld | 3/22/13 | Dentons LLP |
| 61. | 10-04401 | Picard v. Rose Gindel Trust, et al. | 3/22/13 | Dentons LLP |
| 62. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 3/22/13 | Dentons LLP |
| 63. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | 3/22/13 | Dentons LLP |
| 64. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| 65. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | 3/22/13 | Dentons LLP |
| 66. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | 3/22/13 | Dentons LLP |
| 67. | 10-05058 | Picard v. America Israel Cultural Foundation | 3/22/13 | Dentons LLP |
| 68. | 10-04966 | Picard v. Onesco International, Ltd., et al | 3/22/13 | Milberg LLP |
| 69. | 10-04951 | Picard v. Harold A. Thau | 3/22/13 | Milberg LLP |
| 70. | 10-04946 | Picard v. Stephen R. Goldenberg | 3/22/13 | Milberg LLP |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 71. | 10-05089 | Picard v. John Denver Concerts, Inc., et al. | 3/22/13 | Milberg LLP |
| 72. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | 3/22/13 | Milberg LLP |
| 73. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | 3/22/13 | Milberg LLP |
| 74. | 10-04725 | Picard v. Ruth E. Goldstein | 3/22/13 | Milberg LLP |
| 75. | 10-04601 | Picard v. Laurence E. Leif | 3/22/13 | Milberg LLP |
| 76. | 10-05069 | Picard v. Potamkin Family Foundation | 3/22/13 | Milberg LLP |
| 77. | 10-04576 | Picard v. Norton A. Eisenberg | 3/22/13 | Milberg LLP |
| 78. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | 3/22/13 | Milberg LLP |
| 79. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 80. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 81. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 82. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 83. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 84. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 85. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 86. | 10-05239 | Picard v. Robert Fried, et al. | 3/22/13 | Pryor Cashman LLP |
| 87. | 10-05439 | Picard v. Avram J. Goldberg, et al. | 3/22/13 | Pryor Cashman LLP |
| 88. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 89. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 90. | 10-05397 | Picard v. Oakdale Foundation Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 91. | 10-04565 | Picard v. Murray & Irene Pergament Foundation, Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 92. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |
| 93. | 10-05027 | Picard v. 1776 K Street Associates Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 94. | 10-04976 | Picard v. Eleven Eighteen Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 95. | 10-04865 | Picard v. Edward H. Kaplan, et al. | 4/20/12 | Arent Fox LLP |
| 96. | 10-04336 | Picard v. The Estate of Doris Igoin, et al. | 4/2/12 | Kelley Drye & Warren LLP |
| 97. | 10-04799 | Picard v. Marvin L. Olshan | 2/3/12 | Olshan Grundman Frome Rosenzweig & Wolosky LLP |
| 98. | 10-04774 | Picard v. Diane Wilson | 1/31/12 | Simon & Partners LLP |
| 99. | 10-04551 | Picard v. Douglas D. Johnson | 1/4/12 | Herrick, Feinstein LLP |
| 100. | 10-04370 | Picard v. Sidney Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 101. | 10-04698 | Picard v. Nancy J. Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 102. | 10-04511 | Picard v. Weithorn/ Casper Associates For Selected Holdings, LLC, et al. | 6/24/11 | Becker Glynn, Melamed & Muffly LLP |
| 103. | 10-04419 | Picard v. Katz Group Limited Partnership, et al. | 6/20/11 | Becker Meisel LLC |
| 104. | 10-04495 | Picard v. Carl Glick | 6/15/11 | Becker Glynn, Melamed & Muffly LLP |
| 105. | 10-04435 | Picard v. Prospect Capital Partners, et al. | 6/13/11 | Becker Glynn, Melamed & Muffly LLP |

| | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 106. | 10-04294 | Picard v. David T. Washburn | 6/13/11 | Becker Glynn, Melamed & Muffly LLP |
| 107. | 10-04323 | Picard v. Weiner Family Limited. Partnership, et al. | 6/1/11 | Fox Rothschild LLP |
| 108. | 10-04293 | Picard v. Marvin M. Weiner | 6/1/11 | Fox Rothschild LLP |
| 109. | 10-05371 | Picard v. L.H. Rich Companies, et al. | 5/10/11 | Garvey Schubert Baker |
| 110. | 10-04759 | Picard v. Lewis R. Franck, et al. | 4/1/11 | *Pro se* Defendant |
| 111. | 10-04744 | Picard v. Irving J. Pinto 1996 Grantor Retained Annuity Trust, et al. | 1/26/11 | Filed By Bruce S. Schaeffer, but now unrepresented; Estate's Counsel: Joseph A. Roman |
| 112. | 10-04538 | Picard v. James B. Pinto Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph A. Roman |
| 113. | 10-04588 | Picard v. Amy Pinto Lome Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph Roman |