BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON APPENDIX A ATTACHED HERETO,<br><br>          Defendants. | Adv. Pro. Nos. listed on Appendix A Attached Hereto |

## TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................... 1

ARGUMENT ....................................................................... 2

I.     STANDARD OF REVIEW ..................................................... 2

II.    THE TRUSTEE HAS STANDING TO BRING THE AVOIDANCE
ACTIONS ..................................................................... 4

     A.     The Trustee Has Standing to Recover Customer Property ....................... 5

     B.     The 2001 Modification of BLMIS's Corporate Form Does Not
Affect the Trustee's Standing .................................................. 8

     C.     The Current Value of the Customer Property Fund Has No Impact
on the Trustee's Authority to Bring Avoidance Actions ....................... 11

III.   THIS COURT HAS JURISDICTION TO ADJUDICATE THE
AVOIDANCE ACTIONS .................................................... 14

     A.     This Court has Subject-Matter Jurisdiction ............................... 14

IV.   THE COURT SHOULD NOT STAY THE AVOIDANCE ACTIONS ............. 16

V.    THE PONZI SCHEME PRESUMPTION IS APPLICABLE IN THIS
CASE ....................................................................... 18

VI.   THE TRUSTEE HAS ADEQUATELY PLED FRAUD WITH
PARTICULARITY UNDER FRCP 9(B), THE BANKRUPTCY CODE,
AND THE NYDCL ...................................................... 20

VII.  THE DISTRICT COURT HAS ALREADY DISPOSED OF ALL
ARGUMENTS RELATED TO ANTECEDENT DEBT .................................. 22

     A.     The Net Equity Calculation Fixes "Value" As Contemplated By
Section 548(c)—As Principal Invested, Not Fictitious Customer
Amounts .................................................................. 23

     B.     The Appropriate Method For Calculating Clawback Exposure Has
Been Decided ............................................................ 24

     C.     The Defendants' Unproven Claims for Damages Do Not Constitute
"Value" .................................................................. 25

VIII. THE TRUSTEE HAS APPROPRIATELY CALCULATED AND
SUFFICIENTLY IDENTIFIED INTER-ACCOUNT TRANSFERS ................. 29

# TABLE OF CONTENTS
(continued)

**Page**

IX. THE TRUSTEE HAS ADEQUATELY PLEADED HIS CLAIMS IN COMPLAINTS WITH MULTIPLE ACCOUNTS ............................................. 30

X. THE TRUSTEE MAY BRING CLAIMS TO AVOID OBLIGATIONS ........... 31

    A. SIPA Authorizes the Trustee to Avoid Obligations, and the Trustee Has Adequately Pleaded the Obligations to be Avoided ......................... 31

    B. Defendants Cannot Rely On Inconsistent State and Federal Law to Reduce Their Liabilities to the BLMIS Estate ......................................... 33

    C. Avoiding Obligations is Entirely Consistent With the Trustee's Ability to Avoid Transfers ........................................................................ 34

XI. THE TRUSTEE HAS PROPERLY PLEADED HIS SUBSEQUENT TRANSFER CLAIMS ........................................................................................ 34

    A. The Trustee Has Adequately Pleaded his Subsequent Transfer Claims ................................................................................................... 35

    B. Subsequent Transferees Have All Available Defenses Under the Bankruptcy Code and Applicable Law ..................................................... 37

XII. THE TRUSTEE CAN AVOID TRANSFERS FROM ACCOUNTS HELD IN THE NAME OF AN IRREVOCABLE TRUST ........................................... 38

    A. Defendants' IRA or Other Trust Withdrawals Are Fraudulent Transfers Which Are Not Protected from Avoidance ............................. 38

    B. Internal Revenue Code Requirements Are Irrelevant In Determining Avoidance Liability ............................................................ 40

XIII. THE AVOIDANCE OF FRAUDULENT TRANSFERS IS NOT ONLY CONSISTENT WITH, BUT ALSO NECESSARY TO EFFECTUATE, THE GOALS OF SIPA ........................................................................................ 41

XIV. MISCELLANEOUS ISSUES ................................................................................ 43

    A. SIPA Does Not Prevent the Trustee From Avoiding Fraudulent Transfers Beyond the Preference Period ................................................. 43

    B. The Trustee's Disallowance of Claims Is Not Inconsistent with SIPA ....................................................................................................... 43

    C. State Law Regarding Partnership Liability Cannot Trump Federal Bankruptcy Law ...................................................................................... 45

# TABLE OF CONTENTS
(continued)

**Page**

D.    The Trustee is Not Relying on Florida Fraudulent Transfer Statutes ...... 46

E.    The Trustee's Avoidance Actions Against Charitable Trusts and
Organizations are Proper and Do Not Violate the Religious Liberty
and Charitable Donation Act of 1998 nor Non-Bankruptcy Law ............ 46

F.    The District of Columbia's Nonclaim Statute Does Not Bar the
Trustee's Claims ................................................................................. 49

G.    The Trustee Properly Served Defendants L.H. Rich Companies,
N.R. Investment Associates, and M.R. Investment Associates .............. 52

H.    The Trustee Has Sufficiently Pled Its Claims Against General
Partners ............................................................................................. 55

I.    This Court has Personal Jurisdiction Over Diane Wilson ..................... 56

CONCLUSION ................................................................................................... 61

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. S.S. Owners Mut. Prot. and Indem. Ass'n v. Lafarge N. Am. Inc.*,
474 F.Supp.2d 474 (S.D.N.Y.2007)...................................................................17

*Am. Sur. Co. of N.Y. v. Sampsell*,
327 U.S. 269 (1946).........................................................................................46

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. Cal.*,
480 U.S. 102 (1987).............................................................................57, 59, 60

*In re Asia Global Crossing, Ltd.*,
333 B.R. 199 (Bankr. S.D.N.Y. 2005)..............................................................44

*In re Bayou Grp., LLC*,
396 B.R. 810 (Bankr. S.D.N.Y. 2008), *aff'd*, 439 B.R. .....................................29

*In re Bayou Grp.*, LLC,
439 B.R. 284 (S.D.N.Y. 2010)..........................................................................29

*Bayou Superfund LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp., LLC)*,
362 B.R. 624 (Bankr. S.D.N.Y. 2007)..............................................................21

*Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*,
397 B.R. 1 (S.D.N.Y. 2007)..............................................................................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................2, 3, 18

*In re Bernard L. Madoff Inv. Sec. LLC*,
424 B.R. 122 (Bankr. S.D.N.Y. 2010)..............................................4, 23, 24, 26

*In re Bernard L. Madoff Inv. Sec. LLC*,
654 F.3d 229 (2d Cir. 2011), *cert. denied sub nom.* ...................................... *passim*

*BFP v. Resolution Trust Corp.*,
511 U.S. 531 (1994)..........................................................................................33

*Bogart v. Israel Aerospace Indus. Ltd.*,
No. 09 Civ. 4783 (LAP), 2010 WL 517582 (S.D.N.Y. Feb. 5, 2010)...................5

*Buena Vista TV v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*,
307 B.R. 404 (Bankr. S.D.N.Y. 2004)..............................................................57

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)..........................................................................................59

TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Butner v. United States,*
    440 U.S. 48 (1979)...........................................................................................27, 45

*Campbell v. Computer Task Group, Inc.,*
    No. 00 Civ. 9543 (RWS), 2001 WL 815575 (S.D.N.Y. July 19, 2001) ....................................3

*Cargo Partner AG v. Albatrans, Inc.,*
    352 F.3d 41 (2d Cir. 2003)...........................................................................................2, 18

*In re CBI Holding Co.,*
    529 F.3d 432 (2d Cir. 2008)............................................................................................57

*Cunningham v. Brown,*
    265 U.S. 1 (1924)............................................................................................................42

*Denney v. Deutsche Bank AG,*
    443 F.3d 253 (2d Cir. 2006).............................................................................................5

*DiStefano v. Carozzi North America, Inc.,*
    286 F.3d 81 (2d Cir. 2001)..............................................................................................57

*District of Columbia v. Gantt,*
    558 A.2d 1120 (D.C. 1989) ............................................................................................49

*Domenikos v. Roth,*
    288 F. App'x 718 (2d Cir. 2008) ....................................................................................26

*Donell v. Kowell,*
    533 F.3d 762 (9th Cir. 2008) ................................................................................. *passim*

*In re Dreier LLP,*
    429 B.R. 112 (Bankr. S.D.N.Y. 2010) ............................................................................45

*Drenis v. Haligiannis,*
    452 F. Supp. 2d 418 (S.D.N.Y. 2006).............................................................................20

*Duffy v. Futter (In re Futter Lumber Corp.),*
    No. 09-73291-478, 2011 WL 5417094 (Bankr. E.D.N.Y. Nov. 8, 2011) .............................44

*In re Estate of Monge,*
    841 A.2d 769 (D.C. 2004) ..............................................................................................49

*In re Estate of Phillips,*
    532 A.2d 654 (D.C. 1987) ..............................................................................................49

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,*
    218 F.Supp.2d 369 (S.D.N.Y.2002)...........................................................................59, 60

# TABLE OF AUTHORITIES
(continued)

*First Fed. Sav. & Loan Ass'n of Lincoln v. Bevill, Bresler & Schulman, Inc. (In the Matter of Bevill, Bresler & Schulman, Inc.)*,
   59 B.R. 353 (D.N.J. 1986), *appeal dismissed*, 802 F.2d 445 (3d Cir. 1986) ......................... 46

*Focht v. Athens (In re Old Naples Sec., Inc.)*,
   311 B.R. 607 (M.D. Fla. 2002) .................................................................................. 42

*Gibbs v. Hawaiian Eugenia Corp.*,
   581 F.Supp. 1269 (S.D.N.Y. 1984) ........................................................................... 53

*GMAM Inv. Funds Trust I v. Globo Comunicacoes E Participacoes S.A. (In re Globo Comunicacoes E Participacoes S.A.)*,
   317 B.R. 235 (S.D.N.Y. 2004) .................................................................................. 58

*Gowan v. Amaranth Advisors L.L.C. et al. (In re Dreier LLP)*,
   Adv. Pro. No. 10-03493 (SMB), 2014 WL 47774 (Bankr. S.D.N.Y. Jan. 3, 2014) ............................................................................................................... 19

*Gowan v. Patriot Grp., LLC (In re Dreier LLP)*,
   452 B.R. 391 (Bankr. S.D.N.Y. 2011) ............................................................. 19, 21, 22

*Grammenos v. C.M. Lemos*,
   457 F.2d 1067 (2d Cir. 1972) .......................................................................... 53, 54, 55

*Greystone CDE, LLC v. Santa Fe Pointe, L.P.*,
   No. 07 Civ. 8377 (RPP), 2008 WL 482291 (S.D.N.Y. Feb. 20, 2008) ................... 18

*GTFM, Inc. v. Park*,
   No. 02 Civ. 7020 (DLC), 2002 WL 31890940 (S.D.N.Y. Dec. 30, 2002) ............. 17

*Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Products Corp.)*,
   896 F.2d 1384 (2d Cir. 1990) ................................................................................... 56

*HBE Leasing Corp. v. Frank*,
   61 F.3d 1054 (2d Cir. 1995) ..................................................................................... 21

*Hicks v. City of New York*,
   268 F.Supp.2d 238 (E.D.N.Y. 2003) ......................................................................... 17

*Hill v. Spencer Sav. & Loan Ass'n (In re Bevill, Bresler & Schulman, Inc.)*,
   94 B.R. 817 (D.N.J. 1989) ................................................................................. 11, 12

*Hill v. Spencer Sav. & Loan Ass'n (In re Bevill, Bresler & Schulman, Inc.)*,
   83 B.R. 880 (D.N.J. 1988) ............................................................................. 11, 12, 13

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*,
  408 F.3d 689 (11th Cir. 2005) ...........................................................................36

*Ins. Co. of No. America v. S/S "Hellenic Challenger"*,
  88 F.R.D. 545 (S.D.N.Y. 1980) .........................................................................52

*In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.*,
  815 F. Supp. 620 (S.D.N.Y. 1993) ....................................................................11

*Ivey v. Swofford (In re Whitley)*,
  463 B.R. 775 (Bankr. M.D.N.C. 2012) ................................................................6

*In re J.P. Jeanneret Assocs., Inc.*,
  769 F. Supp. 2d 340 (S.D.N.Y. 2011) ............................................................2, 18

*Jacobs v. State Bank of Long Island (In re AppOnline.com, Inc.)*,
  296 B.R. 602 (Bankr. E.D.N.Y. 2003) ...............................................................37

*Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)*,
  399 B.R. 352 (Bankr. D. Mass. 2009) ...............................................................36

*Jobin v. Lalan (In re M&L Bus. Mach. Co., Inc.)*,
  160 B.R. 851 (Bankr. D. Col. 1993) ....................................................................6

*Jobin v. Youth Benefits Unlimited, Inc. (In re M&L Bus. Mach. Co., Inc.)*,
  59 F.3d 1078 (10th Cir. 1995) .............................................................................6

*Keller v. Blinder (In re Blinder Robinson & Co., Inc.)*,
  135 B.R. 892 (D. Col. 1991) .............................................................................57

*Kirschner v. Agoglia*,
  476 B.R. 75 (S.D.N.Y. 2012) ............................................................................16

*In re Klein, Maus & Shire, Inc.*,
  301 B.R. 408 (Bankr. S.D.N.Y. 2003) ...............................................................34

*Langenkamp v. Culp*,
  498 U.S. 42 (1990) ............................................................................................57

*Lasala v. Needham & Co.*,
  399 F.Supp.2d 421 (S.D.N.Y.2005) ...................................................................17

*Lerner v. Fleet Bank, N.A.*,
  318 F.3d 113 (2d Cir. 2003) ................................................................................3

*Lustig v. Weisz & Assocs., Inc. (In re Unified Commercial Capital)*,
  No. 01-MBK-6004L, 2002 WL 32500567 (W.D.N.Y. June 21, 2002) ..................42

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Madoff*,
   848 F.Supp.2d 469 (S.D.N.Y. 2012), *affirmed* 740 F.3d 81 (2d Cir. 2014) ...........................28

*Marine Midland Bank, N.A. v. Miller*,
   664 F.2d 899 (2d Cir.1981).........................................................................................56

*Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*,
   740 F.3d 81 (2d Cir. 2014)..........................................................................................32

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)........................................................................................14

*McDonald v. Piedmont Aviation*,
   625 F.Supp. 762 (S.D.N.Y. 1986) ..............................................................................17

*McGann v. State of N.Y.*,
   77 F.3d 672 (2d. Cir. 1996).........................................................................................54

*McHale v. Boulder Capital LLC (In re 1031 Tax Grp. LLC)*,
   439 B.R. 47 (Bankr. S.D.N.Y. 2010) ..........................................................................21

*Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*,
   84 F.3d 560 (2d Cir.1996)...........................................................................................57

*In re Mid Atl. Fund, Inc.*,
   60 B.R. 604 (Bankr. S.D.N.Y. 1986) ..........................................................................44

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L.*
   *Madoff Inv. Sec.)*,
   (No. 12 Misc. 0115 (JSR), 501 B.R. 26 (Bankr. S.D.N.Y. 2013)....................37, 52

*Motorola, Inc. v. Abeckaser*,
   No. 07 Civ. 3963 (CPS), 2009 WL 816343 (E.D.N.Y. Mar. 25, 2009) ...................18

*Nisselson v. Drew Indus. Inc. (In re White Metal Rolling & Stamping Corp.)*,
   222 B.R. 417 (Bankr. S.D.N.Y. 1998) ........................................................................20

*Official Comm. of Unsecured Creditors of the Estate of Fitness Holdings Int'l,*
   *Inc. v. Hancock Park Capital II, L.P.*, *(In re Fitness Holdings Int'l, Inc.)*,
   No. 11-56677, 2013 WL 1800000 (9th Cir. Apr. 30, 2013) ........................26, 27, 28

*Perkins v. Parise (In re Global Trading Invs. LLC)*,
   No. 04-41297, 2006 WL 3040918 (Bankr. D.N.J. 2006) ...........................................42

*Picard v. Bureau of Labor Insurance*,
   480 B.R. 501 (Bank. S.D.N.Y. 2012) ..........................................................................58

**TABLE OF AUTHORITIES**
(continued)

*Picard v. Chais*,
　　445 B.R. 206 (Bankr. S.D.N.Y. 2011) ........................................................... *passim*

*Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*,
　　418 B.R. 75 (Bankr. S.D.N.Y. 2009) .............................................................58, 59

*Picard v. Cohmad Sec. Corp.*,
　　454 B.R. 317 (Bankr. S.D.N.Y. 2011) ........................................................... *passim*

*Picard v. Conn. Gen. Life Ins. Co.*,
　　11 Civ 7174 (JSR), 2012 WL 1981486 (S.D.N.Y. May 30, 2012).........................16

*Picard v. Flinn Inv. LLC*,
　　463 B.R. 280 (S.D.N.Y. 2011)...................................................................12, 13

*Picard v. Greiff*,
　　476 B.R. 715 (S.D.N.Y. 2012).................................................................. *passim*

*Picard v. Katz*,
　　11 Civ. 3605 (JSR), 2012 WL 691551 (S.D.N.Y. 2012)....................................24, 26

*Picard v. Katz*,
　　462 B.R. 447 (S.D.N.Y. 2011)...........................................................................19

*Picard v. Marden Family Ltd. P'ship, et al.*,
　　Adv. Pro. No. 10-04348 (SMB) (Bankr. S.D.N.Y. March 22, 2013) ......................30

*Picard v. Merkin*,
　　440 B.R. 243 (Bankr. S.D.N.Y. 2010) .............................................19, 20, 35, 36

*Picard v. Merkin*,
　　No. 11 MC 0012 (KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011) ........19, 21

*Picard v. Peter Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*,
　　458 B.R. 87 (Bankr. S.D.N.Y. 2011) ...............................................................19, 45

*Picard v. Roman*,
　　No. 12 Civ. 2318 (JSR), 2012 WL 5816849 (S.D.N.Y. Nov. 13, 2012) ...................7

*Picard v. Stahl*,
　　443 B.R. 295 (Bankr. S.D.N.Y. 2011) ..................................................................57

*Pickett v. LeClaire*,
　　No. 08 Civ 7291 (PKC), 2009 WL 3320676 (S.D.N.Y. Oct. 13, 2009)...................3

*In re Ramirez Rodriguez*,
　　209 B.R. 424 (Bankr. S.D. Tex. 1997) ...................................................................6

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*Reisman v. First New York Bank for Bus. (In re Reisman),*
  139 B.R. 797 (Bankr. S.D.N.Y. 1992) ...................................................53

*Rosa v. C.P.P. Corp. (In re Legend Indus., Inc.),*
  49 B.R. 935 (Bankr. E.D.N.Y. 1985) ...............................................52, 54

*Rosenman Family, LLC v. Picard,*
  395 F. App'x. 766 (2d Cir. 2010) ......................................................6, 7

*Rosenman Family, LLC v. Picard,*
  401 B.R. 629 (Bankr. S.D.N.Y. 2009) ................................................6, 7

*Ryan v. Picard,*
  133 S. Ct. 24 (2012) .......................................................................24

*Savage & Assoc., P.C. v. 1201 Owner Corp. (In re Telligent Inc.)*
  485 B.R. 62 (Bankr. S.D.N.Y. 2013) ...................................................54

*Scerba v. Allied Pilots Ass'n,*
  No. 13 Civ. 3694(LAK) (AJP), 2013 WL 6481583 (S.D.N.Y. Dec. 10, 2013) ....................14

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),*
  499 B.R. 416 (S.D.N.Y. 2013) ("*Antecedent Debt Decision*")......................................... *passim*

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),*
  490 B.R. 46 (S.D.N.Y. 2013)..............................................14, 15, 16

*Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.,*
  234 B.R. 293 (Bankr. S.D.N.Y. 1999) ................................................20, 35

*Sedona Corp. v. Ladenburg Thalman & Co.,*
  No. 03 Civ. 3120 (LTS), 2005 WL1902780, at *7 (S.D.N.Y. Aug. 9, 2005).........................26

*Sender v. Buchanan (In re Hedged-Invs. Assocs., Inc.),*
  163 B.R. 841 (Bankr. D. Col. 1994) .....................................................6

*Sharp Int'l Corp. v. State St. Bank and Trust Co. (In re Sharp Int'l Corp.),*
  403 F.3d 43 (2d Cir. 2005)...............................................................21

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib., Inc.),*
  379 B.R. 5 (Bankr. E.D.N.Y. 2007)......................................................35

*In re St. Vincent's Catholic Med. Ctrs. of N.Y.,*
  445 B.R. 264 (Bankr. S.D.N.Y. 2011)...................................................56

*Stafford v. Giddens (In re New Times Sec. Servs., Inc.),*
  463 F.3d 125 (2d Cir. 2006)..............................................................42

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In the Matter of Standing Order of Reference Re: Title 11*,
12 Misc. 32 (S.D.N.Y. Feb. 1, 2012) ...................................................................16

*Stapo Indus., Inc. v. M/V Henry Hudson Bridge*,
190 F.R.D. 124 (S.D.N.Y. 1999) ........................................................................54

*Stern v. Marshall*,
131 S. Ct. 2594 (2011)................................................................................14, 15

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*,
549 U.S. 443 (2007).........................................................................................27

*Tulsa Prof'l Collection Servs., Inc. v. Pope*,
485 U.S. 478 (1988).........................................................................................50

*U.S. Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Indus. Inc.)*,
68 B.R. 690 (Bankr.S.D.N.Y.1986) .....................................................................59

*United States v. Madoff*,
No. 09-CR-213 (DC) (S.D.N.Y. March 12, 2009) ..................................................19

*Universal Church v. Geltzer*,
463 F.3d 218 (2d Cir. 2006)...............................................................................47

*Unsecured Creditors of Cruisephone, Inc., v. Cruise Ships Catering and Serv.
N.V. (In re Cruisephone, Inc.)*,
278 B.R. 325 (Bankr. E.D.N.Y. 2002)............................................................53, 57

*Velvel v. Picard*,
133 S. Ct. 25 (2012)........................................................................................24

*In re Weis Sec., Inc.*,
No. 73 Civ. 2332, 1976 WL 820 (S.D.N.Y. Aug. 2, 1976) ....................................33

*Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*,
No. 12 Civ. 5141 (JMF), 2012 WL 5512164 (S.D.N.Y. Nov. 14, 2012) ............3, 56

## STATUTES

11 U.S.C. § 502(d) ..................................................................................... *passim*

11 U.S.C. § 544.................................................................................................32

11 U.S.C. § 544(a) ............................................................................................32

11 U.S.C. § 544(b) ..............................................................................................9

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

11 U.S.C. § 546(e) ............................................................................................2, 9

11 U.S.C. § 548 ............................................................................................ *passim*

11 U.S.C. § 548(a) .......................................................................................9, 32

11 U.S.C. § 548(a)(1)(A) .............................................................................20, 21

11 U.S.C. § 548(a)(1)(B)(i) ..........................................................................32

11 U.S.C. § 548(a)(2) ...................................................................................47

11 U.S.C. § 548(c) ....................................................................................... *passim*

11 U.S.C. § 550 ............................................................................................44

11 U.S.C. §550(f) .........................................................................................52

11 U.S.C. § 551 ............................................................................................44

15 U.S.C. § 78a ............................................................................................26

15 U.S.C. § 78eee(b)(3) ...............................................................................8

15 U.S.C. § 78fff ..........................................................................................43

15 U.S.C. § 78fff-1 .......................................................................................4

15 U.S.C. § 78fff-1(a) ..................................................................................4, 8, 31

15 U.S.C. § 78fff-2(c)(1) ..............................................................................12, 41

15 U.S.C. §78fff-2(c)(3) ............................................................................... *passim*

15 U.S.C. § 78fff-3 .......................................................................................30

15 U.S.C. § 78fff(b) .....................................................................................4

15 U.S.C. § 78*lll* (11) ................................................................................27

15 U.S.C. § 78*lll*(4) ..................................................................................5

15 U.S.C. § 771(a)(2) ...................................................................................26

26 U.S.C. § 501(c)(3) ...................................................................................48

28 U.S.C.A. 1658(b) .....................................................................................26

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

D.C. Code § 20-704(b)..................................................................................................50

D.C. Code § 20-903.....................................................................................................49

D.C. Code § 20-903(a)..................................................................................................49

D.C. Code § 20-905.....................................................................................................49

D.C. Code § 20-905(c)..................................................................................................49

Florida Stat. 222.21(2)(A).............................................................................................38

N.Y. Debt. & Cred. Law § 270 ............................................................................... *passim*

N.Y. Debt. & Cred. Law § 273 .......................................................................................32

N.Y. Debt. & Cred. Law § 275 .......................................................................................32

N.Y. Debt. & Cred. Law § 276 .......................................................................................32

N.Y. Non Profit Law § 513.............................................................................................48

N.Y.C.P.L.R. § 5205 ............................................................................................... *passim*

U.C.C. § 8-503 cmt.1 (2009).........................................................................................28

**RULES**

Fed. R. Bankr. P. 7004(a)(1)..........................................................................................54

Fed. R. Bankr. P. 7004(b)(3)..........................................................................................52

Fed. R. Bankr. P. 7004(f)..........................................................................................57, 58

Fed. R. Civ. P. 4(m)......................................................................................................54

Fed. R. Civ. P. 8..........................................................................................................35

Fed. R. Civ. P. 8(a)(2)...................................................................................................36

Fed. R. Civ. P. 9(b)......................................................................................................20

Fed. R. Civ. P. 12(b).....................................................................................................31

Fed. R. Civ. P 12(b)(1)................................................................................................2, 3

Fed. R. Civ. P 12(b)(2)...........................................................................................2, 3, 56

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

Fed. R. Civ. P. 12(b)(5)...............................................................................................................53

Fed. R. Civ. P 12(b)(6)........................................................................................................2, 3, 53

Fed. R. Civ. P. 12(d) ...................................................................................................................53

Fed. R. Civ. P. 15(c) ...................................................................................................................11

**OTHER AUTHORITIES**

17 C.F.R. § 240.10b-5.................................................................................................................26

U.S. Const., art. VI, cl. 2.............................................................................................................46

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), submits this memorandum of law in opposition (the "Opposition") to the Motions to Dismiss (collectively, the "Motions") filed by Defendants listed on Appendix A[1] attached hereto ("Defendants"), in which Defendants move this Court to dismiss the complaints ("Complaints") filed against them by the Trustee seeking to avoid and recover transfers of fictitious profits made by BLMIS to or for the benefit of Defendants.

## PRELIMINARY STATEMENT

The Trustee and this Court are presented with numerous Defendants who are seeking to treat this case as if it was just filed by turning back the clock and ignoring court rulings that have been years in the making. Defendants raise numerous arguments in an effort to avoid the straightforward application of SIPA and the Bankruptcy Code. The positions articulated by Defendants have, almost without exception, already been considered and rejected by this Court, the District Court and the Second Circuit in this SIPA proceeding.[2] To the extent Defendants raise novel arguments, they have no legal support and should be disregarded.

Many of the issues raised by Defendants, particularly those involving the Trustee's standing to prosecute the avoidance actions, this Court's jurisdiction to consider these actions, and defenses based on value provided or claims purportedly held against the BLMIS estate, have

---

[1] Appendix A identifies all Defendants participating in this omnibus briefing process and Appendix B identifies all Defendants that have opted out as of the filing date of this Opposition. Appendix C identifies which Defendants have raised each argument addressed herein.

[2] Certain older Motions raised challenges to the validity of the Trustee's net equity calculations; however, the Second Circuit has since affirmed the Trustee's approach (the "Net Investment Method"). *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231 (2d Cir. 2011), *cert. denied sub nom.* ("*Second Circuit Net Equity Decision*"). These issues will not be re-briefed here. *See, e.g.*, Adv. Pro. Nos. 10-04538, 10-04588, 10-04744.

1

been decided.  To the extent Defendants continue to assert such claims, they are moot.[3]  In

addition, Defendants grasp at various other straws in an attempt to delay the actions against

them, including arguing that the Trustee has failed to satisfy his pleading burden with respect to

initial, subsequent and inter-account transfers.  None of these assertions are sustainable because,

as discussed below, the Trustee has provided Defendants with more than enough information to

provide sufficient notice of the claims asserted against them.

The Trustee respectfully requests that this Court deny the Motions and allow the Trustee

to move forward with his efforts to recover property for distribution to customers with valid

claims against the estate.

## ARGUMENT

## I.    STANDARD OF REVIEW

Defendants have moved under Federal Rules of Civil Procedure 12(b)(1), (2) and (6).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a cause of action for

"failure to state a claim upon which relief can be granted."  In reviewing a motion to dismiss

pursuant to Rule 12(b)(6), a court "must liberally construe all claims, accept all factual

allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff."

*In re J.P. Jeanneret Assocs., Inc.*, 769 F. Supp. 2d 340, 353 (S.D.N.Y. 2011) (citing *Cargo

Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003)); *see also Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 572 (2007).  The only issue on a motion to dismiss is whether the

---

[3] The Trustee notes that Motions seeking dismissal of complaints asserting only claims for fraudulent transfers within the 6 year period or preference claims (*see, e.g.*, Adv. Pro. Nos. 10-05022, 10-05179, 10-04405, 10-05416, 10-04338, 10-04460, and 10-04662) have not been included in this Opposition, consistent with this Court's direction at the hearing held on March 4, 2014, and given the District Court's ruling regarding section 546(e) (*see Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y. 2012) which the Trustee has appealed to the Second Circuit.  Until the Second Circuit issues a decision, the Trustee will not address arguments relating to the 546(e) issue and the dismissal of the Trustee's constructive fraud claims.  *See, e.g.*, Adv. Pro. Nos. 10-04797, 10-04623, 10-05194, and 10-04336.

plaintiff has adequately pleaded his claims.  To do so here, the Trustee is not required to plead detailed factual allegations, but rather must simply plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, in moving to dismiss under Rule 12(b)(6), the moving party has "a substantial burden" to demonstrate that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Campbell v. Computer Task Group, Inc.*, No. 00 Civ. 9543 (RWS), 2001 WL 815575, at *2 (S.D.N.Y. July 19, 2001).  In other words, Defendants, as the moving parties, carry the burden of demonstrating how the Trustee's allegations are deficient and require dismissal.  *Pickett v. LeClaire*, No. 08 Civ. 7291 (PKC), 2009 WL 3320676, at *1 (S.D.N.Y. Oct. 13, 2009).[4]

Certain Defendants also move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, but in the absence of discovery or an evidentiary hearing, the plaintiff "need only make a prima facie showing that jurisdiction exists and venue is proper." *Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*, No. 12 Civ. 5141 (JMF), 2012 WL 5512164, at *1 (S.D.N.Y. Nov. 14, 2012).

Defendants cannot meet their burden under Rules 12(b)(1), (2), or (6), and in fact raise issues that already have been fully adjudicated and decided, or are plainly not ripe for consideration on a motion to dismiss, as explained further below.  The Motions lack merit and should be denied.

---

[4] Defendants also move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), which provides for dismissal for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion is decided under substantially the same standard as a motion to dismiss under Rule 12(b)(6). *See Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003).

## II.    THE TRUSTEE HAS STANDING TO BRING THE AVOIDANCE ACTIONS

The Trustee's standing emanates from SIPA, which provides that the Trustee has the general powers of a bankruptcy trustee and the authority to conduct a SIPA liquidation proceeding "in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."[5]  In addition, SIPA § 78fff-2(c)(3) expressly incorporates the Bankruptcy Code's avoidance provisions and specifically authorizes a SIPA trustee to recover any fraudulent transfers made by the debtor, including those made to customers.[6]

Despite prior determinations by the Second Circuit, the District Court and the Bankruptcy Court affirming the Trustee's standing, multiple Defendants continue to argue that the Trustee lacks standing in an effort to delay or in hopes of somehow obtaining a different ruling.  For example, the District Court has already determined that the Trustee has standing to bring avoidance actions to recover customer property, thus defeating Defendants' entire argument.  *See Picard v. Greiff*, 476 B.R. 715, 728 (S.D.N.Y. 2012) (stating "the Trustee may . . . avoid those fraudulent transfers of customer property for distribution in accordance with SIPA's priorities.") (citing SIPA § 78fff–2(c)(3)). [7]

Defendants raise the following issues related to the Trustee's standing:

---

[5] *See* SIPA §§ 78fff(b), 78fff-1(a);  *Second Circuit Net Equity Decision* 654 F.3d  at 231 ("Pursuant to SIPA, Mr. Picard has the general powers of a bankruptcy trustee, as well as additional duties, specified by the Act, related to recovering and distributing customer property.") (citing SIPA § 78fff-1).

[6] *See* SIPA § 78fff-2(c)(3); *Second Circuit Net Equity Decision*, 654 F.3d at 242 n.10 ("SIPA and the [Bankruptcy] Code intersect to ... grant a SIPA trustee the power to avoid fraudulent transfers for the benefit of customers.") (alterations in original) (quoting *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 136 (Bankr. S.D.N.Y. 2010) ("*Net Equity Decision*").

[7] Several Defendants participated in the very proceeding in which this ruling was made: *Picard v. Greiff*, No. 11 Civ. 3775; *Picard v. Blumenthal*, No. 11 Civ. 4293; *Picard v. Goldman*, No. 11 Civ. 4959; *Picard v. Hein*, No. 11 Civ. 4936.

4

- the Trustee cannot recover transfers because the funds transferred were never property of BLMIS;

- the 2001 modification of the corporate form of BLMIS affects the Trustee's standing; and

- based on the current value of the customer property fund, the Trustee cannot bring avoidance actions.

Defendants' arguments are contrary to settled authority, and inconsistent with the fundamental purposes of SIPA and the statutory authority it grants to the Trustee.

### A.    The Trustee Has Standing to Recover Customer Property

Defendants' argument is based primarily on the erroneous position that the transfers the Trustee is seeking to avoid and recover were never BLMIS property and, as such, the Trustee cannot satisfy the injury in fact requirement for Article III standing. [8]

However, SIPA expressly defines "customer property" as "cash and securities … at any time received, acquired, or held by or for the account of a debtor … including property unlawfully converted."  SIPA §78*lll*(4).  SIPA provides that the Trustee can recover any property transferred by the debtor which, except for such transfer, would have been customer property to the extent such transfer is void or voidable.  *Id.* at § 78fff-2(c)(3).  For purposes of such recovery, the property so transferred shall be deemed to have been the property of the debtor.  *Id.* Through these statutory provisions, BLMIS's transfers of customer property are transfers of an interest of the debtor, the predicate for a trustee's avoidance powers.  The plain language of SIPA is clear:  the Trustee has standing to avoid and recover such transfers from Defendants.

---

[8] Article III standing is satisfied when the litigant has "suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision."  *Bogart v. Israel Aerospace Indus. Ltd.*, No. 09 Civ. 4783 (LAP), 2010 WL 517582, at *3 (S.D.N.Y. Feb. 5, 2010) (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)).

Well-settled case law also holds that funds transferred in furtherance of a fraudulent scheme constitute property of the estate under the Bankruptcy Code and customer property under SIPA. *See, e.g.*, *Rosenman Family, LLC v. Picard*, 395 F. App'x. 766, 769 (2d Cir. 2010); *Rosenman Family, LLC v. Picard*, 401 B.R. 629, 635-36 (Bankr. S.D.N.Y. 2009) (ruling that funds deposited by an investor to BLMIS's bank account at JPMorgan Chase constituted customer property); *Jobin v. Lalan (In re M&L Bus. Mach. Co., Inc.)*, 160 B.R. 851, 857 (Bankr. D. Col. 1993) ("There is no argument but that the investors gave their money to the Debtor voluntarily. Thus, at the time of each investment, the Debtor had at least the legal right to possession… All that § 548 requires is the transfer of an 'interest' by the Debtor."); s*ee also Sender v. Buchanan (In re Hedged-Invs. Assocs., Inc.)*, 163 B.R. 841, 850 (Bankr. D. Col. 1994); *In re Ramirez Rodriguez*, 209 B.R. 424, 432 (Bankr. S.D. Tex. 1997); *Jobin v. Youth Benefits Unlimited, Inc. (In re M&L Bus. Mach. Co., Inc.)*, 59 F.3d 1078, 1081 (10th Cir. 1995); *Ivey v. Swofford (In re Whitley)*, 463 B.R. 775, 780 (Bankr. M.D.N.C. 2012).

Defendants further attempt to argue that BLMIS only held the funds in trust as a custodian, and therefore the funds did not become property of BLMIS. Based on this, they posit that "[a]t all times, the money belonged to [the Defendants], not to BLMIS."[9] However, this argument was also flatly rejected previously in this SIPA proceeding. In *Rosenman Family*, the appellant claimed that (i) it was "neither a customer or general creditor because . . . the debtor never acquired title to the $10 million it wired" and (ii) "[b]ecause the money never became the debtor's property, . . .it cannot form part of the bankruptcy estate." 395 Fed. Appx. at 769. However, the Second Circuit held:

---

[9] *See, e.g.*, Motions as filed in Adv. Pro. Nos. 10-04865, 10-04976, 10-05027.

> [N]one of the facts alleged in Appellant's complaint support such a
> conclusion, or any other conclusion that would exclude this money
> from the debtor's property under either New York or bankruptcy
> law. The $10 million was voluntarily transferred by the Appellant,
> was never diverted by the debtor … and remained with the debtor.
> Accordingly, we need not consider whether New York or
> bankruptcy law applies. Under either, given the allegations in the
> complaint, the $10 million is part of the debtor's estate.

*Id.* at 769. In rendering its decision, the Second Circuit affirmed both the District and

Bankruptcy Court's rulings that funds transferred by an investor to BLMIS's bank account at

JPMorgan Chase constituted customer property and property of the estate. The Bankruptcy

Court stated:

> Plaintiff's attempt to compare the circumstances surrounding the
> allegations in the Complaint to a thief who breaks into an
> individual's home and steals money is completely unfounded.
> Unlike the victim of a theft, Plaintiff voluntarily entrusted funds
> with BMIS for a purpose; namely, to purchase securities through
> BMIS.

*Rosenman*, 401 B.R. at 635, n. 10. Because the funds at issue are property of the BLMIS estate,

the Trustee's claims are properly brought on behalf of BLMIS's estate and the Trustee has

Article III standing.[10]

This identical argument was previously raised in a motion to withdraw the reference in

these proceedings, but the District Court, in declining to withdraw the reference on that issue,

stated that "SIPA and the Bankruptcy Code work in tandem to grant the Trustee the authority to

bring statutory avoidance and recovery claims on behalf of the estate itself, see 15 U.S.C. §78fff-

2(c)(3)." *Picard v. Roman*, No. 12 Civ. 2318 (JSR), 2012 WL 5816849, at *2 (S.D.N.Y. Nov.

---

[10] Defendants' arguments that a statute alone cannot bestow standing miss the mark because, while SIPA grants the
authority for the Trustee to pursue and recover customer property, the loss of customer property is the relevant
injury required by Article III.

13, 2012).  The overwhelming weight of existing authority, including law of this case, defeats

Defendants' position on this issue.

### B.    The 2001 Modification of BLMIS's Corporate Form Does Not Affect the Trustee's Standing

Contrary to Defendants' argument, the Trustee clearly has the statutory authority to bring

these actions to recover funds that would have been customer property but for their fraudulent

conveyance by BLMIS.

As an initial matter, Defendants base their arguments on inaccurate facts regarding the

operation of BLMIS.  Defendants assert that BLMIS was created in 2001.  To the contrary,

BLMIS has been registered with the Securities and Exchange Commission since 1960, and with

SIPC since its formation in 1970.[11]  Further, the Trustee asserts in his complaint that BLMIS

began operating in 1959, which fact must be accepted as true for motion to dismiss purposes.[12]

Defendants' arguments that BLMIS did not make transfers prior to 2001 is thus factually

incorrect.

In any event, Defendants' legal argument are entirely without merit.  On December 15,

2008, Judge Stanton of the Southern District of New York entered an order finding BLMIS was

in need of the protection afforded by SIPA and, pursuant to 15 U.S.C. § 78eee(b)(3), appointed

Irving H. Picard as trustee for the liquidation of the business of BLMIS.  *See* Order, *S.E.C. v.

Madoff, et al.*, No. 08-cv-10791 (S.D.N.Y. entered Dec. 15. 2008), ECF No. 4.  Pursuant to SIPA

§ 78fff-1(a), the Trustee has the same powers and rights as a trustee appointed under title 11 of

the Bankruptcy Code.  Moreover, the SIPA statute expressly bestows upon the Trustee the

---

[11] See Memorandum of Law of the Securities Investor Protection Corporation in Opposition to Defendants' Motions to Dismiss dated March 10, 2014, p. 5, n. 3.

[12] Complaint at ¶19, *Picard v. Pauline B. Feldman*, Adv. Pro. No. 10-04349 (SMB) (Bankr. S.D.N.Y. Nov. 30, 2010), ECF No. 1.

authority to recover fraudulent conveyances of customer property made by BLMIS.  Specifically,

SIPA § 78fff-2(c)(3) provides:

> Whenever customer property is not sufficient to pay in full the claims set forth in
> subparagraphs (A) through (D) of paragraph (1), the trustee may recover any
> property transferred by the debtor which, except for such transfer would have
> been customer property if and to the extent that such transfer is voidable or void
> under the proivisons of Title 11.

Thus, both SIPA and the Bankruptcy Code expressly provide the Trustee with the power to avoid

and recover fraudulent transfers made by BLMIS, including those which took place within the

six year period prior to his appointment, which is the relevant window in which the Trustee seeks

to recover transfers from Defendants here.  *See, e.g.*, SIPA § 78fff-2(c)(3); 11 U.S.C. § 548(a);

11 U.S.C. § 544(b); NYDCL § 270 *et seq.*[13]

Despite this clear grant of statutory authority, Defendants cite no case law in support of

their argument that somehow a change in corporate form some *seven years before* the BLMIS

estate was even created and the Trustee appointed could now operate to limit the extent of the

Trustee's statutory authority to recover customer property.  SIPA certainly provides no such

support – indeed, under SIPA § 78fff-2(c)(3), the only two relevant issues to determine the

Trustee's authority to bring these actions are (i) whether the Trustee is the appointed estate

representative for BLMIS, and (ii) whether the funds the Trustee seeks to recover would have

been customer property but for the fraudulent transfer.   The corporate form of BLMIS at any

given time in history is entirely irrelevant under SIPA with respect to the issue of the Trustee's

authority.

---

[13] The application of section 546(e) to the Trustee's ability to avoid transfers beyond the two year period prior to
BLMIS's collapse is a separate issue *sub judice* before the Second Circuit.

9

Here, there is no question that the Trustee was duly appointed and that he seeks the recovery of funds that would have been customer property but for their fraudulent transfer by BLMIS.  Indeed, when BLMIS technically changed in form from a sole proprietorship to a limited liability company in 2001, its "business" remained the same, and the bank accounts into which customer property was deposited and from which they were fraudulently transferred remained the same.

Defendants do not even attempt to assert that the Trustee is not seeking to recover customer property.  They also do not assert that the Trustee is seeking to avoid transfers Defendants received prior to the relevant statutory period.  Nor do Defendants claim that the Trustee is seeking to avoid any fraudulent transfers made by Bernard Madoff individually out of his private bank accounts which were not used by the BLMIS business, it is only the BLMIS business accounts that are at issue.  Defendants merely assert that the Trustee's exhibits and net-equity calculations take into account transfers made by BLMIS to the Defendants prior to the date of BLMIS's change to the LLC form.  The Defendants are simply improperly conflating the Trustee's authority to bring these actions with the merits of his causes of action and the amounts he is allowed to recover.

Essentially, Defendants are attempting to side-step the District Court's prior determination regarding the proper calculation of their avoidance liability.  As held by the District Court, while the Trustee may not recover transfers beyond the applicable statutory period, transfers that were made prior to that time by BLMIS are properly included in determining a defendant's avoidance liability.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 499 B.R. 416, 427 (S.D.N.Y. 2013) ("*Antecedent Debt Decision*").  This holding is consistent with the Net Investment Method.

10

From a customer's perspective, to the extent they were even aware of the change in corporate form, it was a mere technicality. There is utterly no support for Defendants' assertion, and their Motions in this respect should be denied.[14]

### C.    The Current Value of the Customer Property Fund Has No Impact on the Trustee's Authority to Bring Avoidance Actions

Defendants argue that the Trustee has violated SIPA § 78fff-2(c)(3) by bringing avoidance actions when he purportedly holds sufficient money in the customer property fund to satisfy all allowed claims. Defendants are incorrect factually, and their argument has previously been rejected in prior SIPA cases as well as in these proceedings.

Under Defendants' reading of SIPA, the Trustee's avoidance powers would come and go depending upon the value of the customer fund as measured against the amount of allowed claims as of any particular moment. Such a position defies logic. To the contrary, it is well settled that the date to be used for valuation of the fund of customer property is not an arbitrary date chosen by defendants, but the SIPA filing date. *See Hill v. Spencer Sav. & Loan Ass'n (In re Bevill, Bresler & Schulman, Inc.)*, 94 B.R. 817, 823 (D.N.J. 1989) (holding that "the date on which the value of the customer fund should be measured for purposes of determining the Trustee's avoidance powers under section 78fff-2(c)(3) of SIPA" is the filing date) (citing *Hill v. Spencer Sav. & Loan Ass'n (In re Bevill, Bresler & Schulman, Inc.)*, 83 B.R. 880, 892 (D.N.J. 1988) ("*Bevill I*")).

---

[14] For argument's sake, even if there was any support for Defendants' position that the Chapter 7 trustee is a necessary party to allow for the inclusion of BLMIS transfers that took place prior to 2001 in avoidance liability calculations, it is respectfully submitted that the Court could grant the Trustee permission to amend his complaints to add the Chapter 7 trustee as a plaintiff in accordance with Rules 15(c) and 17 of the Federal Rules of Civil Procedure. *See, e.g.*, *In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.*, 815 F. Supp. 620, 643-44 (S.D.N.Y. 1993) (allowing amendment to add additional plaintiff after the statute of limitations had run where defendants were on notice of the lawsuit from the time of the original complaint). Such an amendment would not prejudice Defendants in any way, as at all times they have been aware of the claims for recovery of fictitious profits against them. A technical change in BLMIS's form seven years prior to the filing date has no bearing on the calculation of Defendants' avoidance liability.

In the *Bevill I* SIPA liquidation, defendant customers in an avoidance action similarly argued that the trustee should be required to prove the insufficiency of the fund of customer property for purposes of SIPA § 78fff-2(c)(3), either as of the time an avoidance complaint was filed or when a judgment was entered. *Bevill I*, 83 B.R. at 892. The court rejected the imposition of these "enormous administrative expenses" even where there was a possibility that avoidance of a particular transfer was not necessary to bring the fund of customer property to 100%, finding that the "purpose of SIPA, and the responsibility of the court, is to administer the estate in a manner that benefits all customers, not just defendants in avoidance actions." *Id.* at 893. As the *Bevill* court recognized, if by the passage of time, a trustee recovered 100% of the funds necessary to satisfy all net equity claims and SIPC, a defendant in an avoidance action would receive the benefit of that recovery by asserting a claim against the general estate after satisfying the avoidance action judgment. *Id.* at 891.[15] Indeed, SIPA expressly contemplates this possibility. *See* SIPA § 78fff-2(c)(1) ("Any customer property remaining after allocation in accordance with this paragraph shall become part of the general estate of the debtor.").

Thus, even if the Trustee had enough money today to satisfy customer claims (which he does not),[16] it would not impact the Trustee's ability to pursue his avoidance actions against Defendants. The amount of customer property on the Filing Date was less than $1 billion,[17]

---

[15] The District Court has cited this holding with approval. *See Picard v. Flinn Inv. LLC*, 463 B.R. 280, 284 (S.D.N.Y. 2011).

[16] Defendants' argument that the Trustee can satisfy allowed claims as of today ignores the mechanics of bankruptcy law and the status of this case. It fails to account for the net loser BLMIS claimants with whom the Trustee is in litigation. Some of these defendants hold the largest claims against the estate, which are subject to section 502(d) of the Bankruptcy Code and will not be determined until the avoidance litigation is resolved. As net loser customers, upon satisfaction of their avoidance liability, they may be entitled to an allowed claim. Thus, the amount of allowed claims as of today is merely a preliminary estimate of the amount of allowable claims against the estate.

[17] *See* Trustee's First Interim Report For The Period December 11, 2008 Through June 30, 2009, at ¶¶ 33-34, 37, 40, 43-51, 57 n.7, *In re Madoff Sec.*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.), ECF No. 314.

clearly insufficient to pay: (1) the amount of current allowed claims, $11.402 billion,[18] or (2) the

amount of potentially allowable customer claims, $17.5 billion (the amount of principal lost by

customers who filed claims).[19]    Thus, the Trustee is authorized under SIPA to pursue his

avoidance claims, and to the extent that he yields a 100% distribution on net equity claims—a

questionably likely but decidedly positive result—defendants such as those herein may be able to

assert a general estate claim and yield the benefit of the Trustee's work on behalf of all

customers and the estate.

The argument made by Defendants was previously considered and rejected by the District

Court in denying a motion to withdraw the reference on this issue, finding that:

> it has long been held "that the fund of customer property shall be
> valued for the purposes of 15 U.S.C. §78fff-2(c)(3) as of [the filing
> date]," *In re Bevill, Bresler & Schulman, Inc.*, 83 B.R. 880, 898
> (Bankr. D.N.J. 1988), and no "substantial and material
> consideration of non-Bankruptcy Code federal statutes" is required
> to see why this is so: any different interpretation of §78fff-2(c)(3)
> would cause the Trustee's powers to fluctuate, leading to a
> 'logistical nightmare.'  *Id.* at 893.  The Trustee might file a
> meritorious claim, but find himself unable to pursue it later for
> reasons wholly unrelated to the claim itself.  Moreover, if the
> Trustee does avoid more than he needs to satisfy customer claims,
> SIPA provides that a recipient of an avoided transfer "shall be
> deemed to have been a creditor," allowing her to recover at least
> some of what the Trustee avoided.  15 U.S.C. § 78fff-2(c)(3).

*Picard v. Flinn Inv. LLC*, 463 B.R. at 284.

Beyond being an issue decided by other Courts, at a recent hearing, when counsel for

certain Defendants argued that the Trustee "is sitting on a huge fund," and that "the customers

who actually lost money could be fully compensated by the money the trustee is holding," this

---

[18] See *Claims*, The Madoff Recovery Initiative, http://www.madofftrustee.com/claims-03.html (last visited March 10, 2014).

[19] *See Recoveries*, The Madoff Recovery Initiative, http://www.madofftrustee.com/recoveries-04.html (last visited March 10, 2014).

Court acknowledged that the argument was before it, but stated "it doesn't sound appropriate for a motion to dismiss" because a determination of the issue would require the Court to go outside of the record before the Court. Transcript of Hearing at 38, *In re Madoff Sec.*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 14, 2014).[20] *See e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (when deciding a motion to dismiss, the Court's review is limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."); *Scerba v. Allied Pilots Ass'n*, No. 13 Civ. 3694(LAK) (AJP), 2013 WL 6481583, at *7 (S.D.N.Y. Dec. 10, 2013) (stating that the Court must limit its analysis to the four corners of the complaint).

For all of the above reasons, Defendants' motion to dismiss on the Trustee's purported lack of standing and authority to pursue the avoidance actions should be denied.

## III.    THIS COURT HAS JURISDICTION TO ADJUDICATE THE AVOIDANCE ACTIONS

Defendants argue that this Court lacks jurisdiction to adjudicate the Trustee's adversary proceedings. This argument has been addressed previously and the Court should, like others before it, reject them.

### A.    This Court has Subject-Matter Jurisdiction

The District Court previously determined in this SIPA proceeding that the Bankruptcy Court has jurisdiction to adjudicate avoidance actions. Defendants misapply the District Court's holding regarding the impact of *Stern v. Marshall*, 131 S. Ct. 2594 (2011),[21] to suggest that

---

[20] A copy of the transcript is annexed hereto as Exhibit 1 to the Declaration of Nicholas J. Cremona dated March 10, 2014 (the "Cremona Declaration").

[21] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 490 B.R. 46 (S.D.N.Y. 2013) ("*Stern v. Marshall Consol. Briefing*").

because (i) a bankruptcy court may not have the authority to finally determine certain avoidance actions; and (ii) certain Defendants intend to seek to proceed by way of jury trials, the avoidance actions must be dismissed.  This is incorrect both substantively and procedurally.

In addition, this is not an issue that is relevant to a motion to dismiss.  Neither the Supreme Court's *Stern* decision, nor the District Court's interpretation of *Stern* and its application in these proceedings, provide any basis for dismissal of the Complaints due to lack of jurisdiction.  Whether the Bankruptcy Court or District Court finally adjudicates these actions has no effect whatsoever on the validity of the Trustee's Complaints and therefore Defendants' argument has no relevance on a motion to dismiss.

Setting the relevance of the argument aside, the District Court has held that section 502(d) applies in a SIPA proceeding (*see Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 0115 (JSR) (S.D.N.Y. Feb. 12, 2013), ECF No. 435), and has determined that whenever the Bankruptcy Court must resolve a section 502(d) claim, it may also finally decide avoidance actions to the extent that those actions involve the same issues as the section 502(d) claim and thus would "necessarily" be resolved by it.  *See Stern v. Marshall Consol. Briefing*, 490 B.R. at 54-55.  Indeed, anytime the Trustee pursues an avoidance action against any individual and/or other entity that also filed a claim with the BLMIS estate, section 502(d) is implicated.   Therefore, the Trustee's avoidance actions brought against those Defendants who filed a claim may be finally adjudicated by this Court.

With respect to avoidance actions where section 502(d) is not implicated because claims were not filed, while a bankruptcy court might not be able to exercise the judicial power necessary to finally decide the action, it may nonetheless hear the case in the first instance and recommend proposed findings of fact and conclusions of law.  *Stern v. Marshall Consol.*

15

*Briefing*, 490 B.R. at 49; s*ee also Kirschner v. Agoglia*, 476 B.R. 75, 81-82 (S.D.N.Y. 2012). This is also consistent with the amended standing order of referral of cases to the bankruptcy court which provides that:

> [i]f a bankruptcy judge or a district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution…the bankruptcy judge shall …submit proposed findings of fact and conclusions of law to the district court.

Amended Standing Order of Reference, *In the Matter of Standing Order of Reference Re: Title 11*, 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012).

Certain Defendants further assert that because they may have a right to a jury trial, such right warrants dismissal of the Trustee's actions. However, to state the obvious, a right to a jury trial does not equate with a right to dismissal of an entire action. *See generally Stern v. Marshall Consol. Briefing*, 490 B.R. 46. Indeed, as the District Court previously confirmed, a party may seek withdrawal of their case to the District Court based on right to a jury trial but "only much later in the case," at a point where only issues of fact remain to be determined. *Picard v. Conn. Gen. Life Ins. Co.*, 11 Civ. 7174 (JSR), 2012 WL 1981486, at *1, n.1 (S.D.N.Y. May 30, 2012). Defendants' motion to dismiss on subject matter jurisdiction grounds should be denied.[22]

## IV.    THE COURT SHOULD NOT STAY THE AVOIDANCE ACTIONS

Defendants have argued that the Court should stay the avoidance actions. However, this Court has already made quite clear that a stay of litigation would not be appropriate, stating that "the bottom line is that I'm not going to stay anything." *See* Exhibit 1 at 41-42.

---

[22] Certain Defendants argue that the summons issued by the Bankruptcy Court is defective because the Bankruptcy Court lacks jurisdiction to adjudicate the instant adversary proceedings. *See e.g.*, Motions as filed in Adv. Pro. Nos. 10-04349, 10-04394, 10-04396, 10-04408, and 10-04468. However, for all the same reasons that the Bankruptcy Court has been determined to have subject matter jurisdiction to consider the Trustee's avoidance actions, the summons as issued is proper.

In determining whether a stay request should be granted, courts in this Circuit generally consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Am. S.S. Owners Mut. Prot. and Indem. Ass'n v. Lafarge N. Am. Inc.*, 474 F.Supp.2d 474, 482 (S.D.N.Y.2007) (quoting *GTFM, Inc. v. Park*, No. 02 Civ. 7020 (DLC), 2002 WL 31890940, at *2 (S.D.N.Y. Dec. 30, 2002)). Defendants have not cited any authority for the proposition that this Court should stay the Trustee's adversary proceedings in any of the following ways suggested by Defendants: (1) until all pending appeals involving section 546(e)'s safe harbor are resolved, (2) until the litigation of the "inflation adjustment issue" is resolved, or (3) until it is determined whether the assets recovered by the Trustee and the Department of Justice are sufficient to pay all claims pending against the estate.

Courts generally give weight to a plaintiff's strong interest in proceeding with its litigation. *See Lasala v. Needham & Co.*, 399 F.Supp.2d 421, 428 (S.D.N.Y.2005) ("Courts are generally reluctant to stay proceedings because they are concerned with vindicating the plaintiff's right to proceed with its case"); *see also Hicks v. City of New York*, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003) ("[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim.") (internal citations and quotations omitted); *McDonald v. Piedmont Aviation*, 625 F.Supp. 762, 767 (S.D.N.Y. 1986) (in denying defendant's motion for a stay, court "upholds plaintiff's right to chart the course of his own litigation and to prosecute his claims in the manner of his choice").

17

Here, the Trustee would be prejudiced if a stay were issued, because a stay would yet again further delay and hinder the Trustee's avoidance and recovery of fictitious profits for Madoff's victims. The inference to be drawn is that Defendants are hoping to use this stay as a means to continue utilizing, and thereby potentially depleting, assets which should otherwise be returned to the estate for equitable distribution. Allowing Defendants to do so further harms and disadvantages those customers with valid net equity claims against the estate that remain unsatisfied. *See Greystone CDE, LLC v. Santa Fe Pointe, L.P.*, No. 07 Civ. 8377 (RPP), 2008 WL 482291, at *2 (S.D.N.Y. Feb. 20, 2008) (denying stay when it would prejudice plaintiff from seeking payment of claims against defendants). In requesting a stay, Defendants do not demonstrate unfair prejudice, but merely argue that they want to preserve their financial resources until obligated otherwise. This is insufficient to justify a stay under the circumstances here. *See Motorola, Inc. v. Abeckaser*, No. 07 Civ. 3963 (CPS), 2009 WL 816343 (E.D.N.Y. Mar. 25, 2009). While every Defendant would surely prefer to have its case be the last prosecuted, the Trustee must be able to move these cases forward.

## V.    THE PONZI SCHEME PRESUMPTION IS APPLICABLE IN THIS CASE

One of the more incredible assertions found in Defendants' Motions is the claim that BLMIS was not a Ponzi scheme and thus the Trustee should not receive the benefit of the Ponzi scheme presumption. As an initial matter, the Trustee has asserted in the Complaints that the investment advisory business of BLMIS, with which the Defendants were invested, operated as a Ponzi scheme. For purposes of a motion to dismiss, this fact must be accepted as true.[23]

---

[23] *See In re J.P. Jeanneret Assocs.*, 769 F. Supp. 2d at 353 (citing *Cargo Partner AG*, 352 F.3d at 44); *see also Twombly*, 550 U.S. at 572.

In any event, as this Court and the District Court have determined on numerous occasions, the breadth and notoriety of the Madoff Ponzi scheme leave no basis for disputing the application of the Ponzi scheme presumption to the facts of this case, particularly in light of Madoff's criminal admission that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]," and admitted that "[a]s I engaged in my fraud, I knew what I was doing [was] wrong, indeed criminal."  Transcript of Plea Hearing, *United States v. Madoff*, No. 09-CR-213 (DC) (S.D.N.Y. March 12, 2009).  *See e.g.*, *Picard v. Chais*, 445 B.R. 206 (Bankr. S.D.N.Y. 2011); *Picard v. Cohmad Sec. Corp.*, 454 B.R. 317 (Bankr. S.D.N.Y. 2011); *Picard v. Peter Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87 (Bankr. S.D.N.Y. 2011) ("*Madoff Family Action*"); *Picard v. Merkin*, 440 B.R. 243 (Bankr. S.D.N.Y. 2010); *see also Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011); *Picard v. Merkin*, No. 11 MC 0012 (KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011).  As this Court has observed, Madoff perpetrated an "infamous Ponzi scheme" for decades.  *Merkin*, 440 B.R. at 249.

The summary judgment decision recently issued in *Gowan v. Amaranth Advisors L.L.C. et al. (In re Dreier LLP)*, Adv. Pro. No. 10-03493 (SMB), 2014 WL 47774 (Bankr. S.D.N.Y. Jan. 3, 2014) is readily distinguishable, as the *Dreier* trustee failed to proffer any admissible evidence, including any expert testimony in support of the existence of a Ponzi scheme.[24]  In fact, in *Dreier*, this Court quoted directly from the Madoff Family Action decision, recognizing that there was no basis to dispute the application of the Ponzi scheme presumption to the facts of the BLMIS case, particularly in light of Madoff's criminal admission.  *Id.* at *12 (citing *Madoff Family Action*, 458 B.R. at 104).  Defendants' arguments to the contrary are meritless.

---

[24] Notwithstanding the overwhelming recognition of the existence of a Ponzi scheme in the Madoff case, the Trustee has retained an expert who will provide a report and testimony regarding the BLMIS Ponzi scheme at the appropriate time in these cases.

## VI.    THE TRUSTEE HAS ADEQUATELY PLED FRAUD WITH PARTICULARITY UNDER FRCP 9(B), THE BANKRUPTCY CODE, AND THE NYDCL

Defendants argue that the Trustee has failed to meet the pleading standard in connection with his fraudulent transfer counts.  That is not the case.

Actual fraudulent transfer claims brought under either section 548(a)(1)(A) of the Bankruptcy Code or section 276 of the NYDCL generally must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"), however, it is only the intent of the transferor that is subject to this heightened standard.  *Merkin*, 440 B.R. 243, 254 (Bankr. S.D.N.Y. 2010).

Further, "this Court is mindful of the vastness and complexity of the Trustee's investigation of the Madoff Ponzi scheme, and the disadvantage the Trustee faces in pleading fraud against multiple defendants."  *Id.*  Courts have accorded a trustee "[g]reater liberality in the pleading of fraud" because the trustee is a third party outsider to the fraudulent transaction who must plead the fraud on secondhand knowledge.  *Id.* (citing *Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999)); *Nisselson v. Drew Indus. Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 428 (Bankr. S.D.N.Y. 1998) (explaining a bankruptcy trustee may plead scienter based upon information and belief because he rarely has personal knowledge of the events preceding his appointment).

Here, in the context of an admitted Ponzi scheme, transfers made by a Ponzi entity are presumed to have been made by the debtor with the "actual intent to hinder, delay, or defraud." 11 U.S.C. § 548(a)(1)(A); *see also Cohmad*, 454 B.R. at 330; *Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 11 (S.D.N.Y. 2007) ("[T]he Ponzi scheme presumption remains the law of this Circuit . . . ."); *Drenis v. Haligiannis*, 452 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2006) (finding that a debtor operating a Ponzi scheme is presumed to have

20

made transfers with fraudulent intent); *Bayou Superfund LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp., LLC)*, 362 B.R. 624, 633–34 (Bankr. S.D.N.Y. 2007) (same); *Gowan v. Patriot Grp., LLC (In re Dreier LLP)*, 452 B.R. 391, 435 (Bankr. S.D.N.Y. 2011) (Ponzi scheme presumption also applies to claims brought under NYDCL § 276).   Thus, where an entity functioned as a Ponzi scheme, as a matter of law, transfers from the entity were made with the requisite fraudulent intent.  *Cohmad*, 454 B.R. at 330 ("[T]he fraudulent intent on the part of the debtor/transferor . . . is established as a matter of law by virtue of the 'Ponzi scheme presumption.'"); *McHale v. Boulder Capital LLC (In re 1031 Tax Grp. LLC)*, 439 B.R. 47, 72 (Bankr. S.D.N.Y. 2010) ("If the Ponzi scheme presumption applies, actual intent for purposes of section 548(a)(1)(A) is established 'as a matter of law.'").   Moreover, the Trustee's Complaints specifically pleaded the existence of Madoff's Ponzi scheme.  *See, e.g.*, Complaint at ¶¶ 1, 19-33, *Picard v. Richard E. Feldman*, Adv. Pro. No. 10-04560 (SMB) (Bankr. S.D.N.Y. Dec. 1, 2010), ECF No. 1.

The Ponzi scheme presumption applies to the transferor's intent, because that is the only relevant inquiry.  Defendants' arguments to the contrary have no basis.  The Second Circuit has determined that there is no requirement under the Bankruptcy Code's avoidance provisions or NYDCL § 276 that the Trustee prove that the transferee also acted with fraudulent intent.  *See Sharp Int'l Corp. v. State St. Bank and Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005) (citing *HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1059 n.5 (2d Cir. 1995)) ("[T]o prove actual fraud under section 276, a creditor must show intent to defraud on the part of the transferor.")); *Picard v. Merkin*, No. 11 Misc. 0012 (KMW), 2011 WL 3897970, at *4 (S.D.N.Y. Aug. 31, 2011) ("Whether a conveyance is fraudulent under section 548(a)(1)(A) is thus determined by reference to the intent of the debtor-transferor in making the transfer; "the state of

21

mind of the transferee is irrelevant."); *Cohmad*, 454 B.R. at 331 (quoting *Gowan v. Patriot Group, LLC* (*In re Dreier LLP*), 452 B.R. 391, 433 (Bankr. S.D.N.Y. 2011) ("[I]t is the transferor's intent alone, and not the intent of the transferee, that is relevant under NYDCL § 276."). Accordingly, the Trustee has satisfied the relevant pleading standard.

## VII.    THE DISTRICT COURT HAS ALREADY DISPOSED OF ALL ARGUMENTS RELATED TO ANTECEDENT DEBT

In direct contravention of the final determination of the "net equity" issue in these proceedings, and the District Court's decision regarding antecedent debt, Defendants once again argue that the Trustee's method of calculating Defendants' clawback exposure is improper. However, the District Court, in its decisions regarding antecedent debt and *Grieff*, fully resolved all arguments made by Defendants in a manner consistent with the resolution of the net equity issue. *See generally Antecedent Debt Decision*, 499 B.R. 416. The Trustee recognizes that many of the Motions were filed prior to the *Antecedent Debt Decision*. These arguments are now moot. Yet, other Defendants continue to make the same antecedent debt arguments, which assertions are inconsistent with the law of this case and must be denied.

Defendants assert that:

- their withdrawals from their BLMIS account statements discharged antecedent debts owed by BLMIS, and thus constituted "value" pursuant to section 548(c);

- the "netting" method used by the Trustee to calculate clawback amounts is improper; and

- the Trustee improperly seeks to avoid transfers that were made for value because Defendants have federal securities and state law tort claims against BLMIS, pursuant to which they are entitled to recover not only the principal invested but also interest, damages, and costs.

In addition to the fact that these arguments have already been presented and rejected by the District Court, at best they would have been merely defenses to the amount of the Trustee's

claims not evident from the face of the relevant Complaints, and are thus not proper arguments on a motion to dismiss.

### A. The Net Equity Calculation Fixes "Value" As Contemplated By Section 548(c)—As Principal Invested, Not Fictitious Customer Amounts

In *Greiff*, the District Court rejected the Defendants' contentions that their monthly account statements from BLMIS gave them a claim against BLMIS, that BLMIS's transfers discharged its liability on defendants' claim, and that the defendants thus took for "value" under section 548(d)(2)(A). Rather, the District Court held "those transfers from BLMIS to defendants that exceeded the return of defendants' principal, i.e., that constituted profits, were *not* 'for value.'" 476 B.R. at 725 (emphasis added). The District Court concluded that "the transfers must be assessed on the basis of what they really were; and they really were artificial transfers designed to further the fraud, rather than any true return on investments." *Id.;  see also Antecedent Debt Decision*, 499 B.R. at 421.

Similarly, the Second Circuit affirmed that "value" is inextricably tied to the calculation of Defendants' net equity, such that a customer can be said to have given "value" to the debtor in the amount of the net equity provided to the debtor. Here, net equity is calculated according to the Net Investment Method, which credits for the life of the account the total amount of cash a customer deposited into their BLMIS account less any amounts withdrawn. *Second Circuit Net Equity Decision*, 654 F.3d at 241. The Second Circuit ruled that the Net Investment Method was the only legally sound and fair approach by which to calculate a customer's net equity claim in Madoff's Ponzi scheme, and any reliance on fabricated account statements to determine "value" would be "unworkable" and create "potential absurdities." *Id.; see also Net Equity Decision*, 424 B.R. at 135 (finding the last customer statements were "entirely fictitious" and did "not reflect actual securities positions that could be liquidated").

23

**B.     The Appropriate Method For Calculating Clawback Exposure Has Been Decided**

This Court, the District Court, and the Second Circuit have all adopted and upheld the

Trustee's Net Investment Method, and the District Court has recently confirmed that this method

rather than the "replenishment credit method" proposed by certain Defendants,[25] should also be

utilized to calculate avoidance liability.[26]   In particular, the District Court held that the Trustee's

"approach harmonizes the avoidance and recovery scheme with the Second Circuit's decision

upholding the Trustee's net-equity calculation, even if the issue of the scope of the Trustee's

avoidance power was not explicitly before the Second Circuit in that case."   *Antecedent Debt*

*Decision*, 499 B.R. at 428 (citing *Second Circuit Net Equity Decision*, 654 F.3d at 242 n. 10).[27]

In the *Antecedent Debt Decision*, the District Court further held that Defendants

mischaracterized the impact of the Net Investment Method by arguing that the Trustee's

approach improperly circumvented the statutory reach-back period to recover time-barred

---

[25] According to the "replenishment credit method" argued by certain Defendants but rejected by the courts in this SIPA proceeding, credit would be given to customers who replenished the BLMIS estate with new funds during the six-year or two-year period prior to the filing of the bankruptcy petition. *See e.g.*, Memorandum of Law in Support of Defendant Bonnie Kansler's Motion to Dismiss the Trustee's Complaint, at 20, n.17, Adv. Pro. No. 10-04900 (SMB) (Bankr. S.D.N.Y. Jan. 17, 2014), ECF No. 33.

[26] *See, e.g., Second Circuit Net Equity Decision*, 654 F.3d 229; *Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012); *Net Equity Decision*, 424 B.R. 122; *Greiff*, 476 B.R. 715; *Picard v. Katz*, 11 Civ. 3605 (JSR), 2012 WL 691551 (S.D.N.Y. 2012); *Antecedent Debt Decision*, 499 B.R. 416.

[27] Similarly, in *Greiff*, the District Court stated:

> As for the calculation of how much the Trustee may recover under these claims, the Court adopts the two-step approach set forth in *Donell v. Kowell*, 533 F.3d 762, 771-72 (9th Cir. 2008).  First, amounts transferred by Madoff Securities to a given defendant at any time are netted against the amounts invested by that defendant in Madoff Securities at any time.  Second, if the amount transferred to the defendant exceeds the amount invested, the Trustee may recover these net profits from that defendant to the extent that such monies were transferred to that defendant in the two years prior to Madoff Securities' filing for bankruptcy.

*Greiff*, 476 B.R. at 729.

withdrawals by applying deposits made during the reach back period against withdrawals made beyond the reach back period. Instead, the District Court found that while section 548(a)(1) allows the Trustee to avoid only those transfers made in the two years before the filing date, there is no similar limitation in section 548(c) with respect to whether a transfer is given for value. *Antecedent Debt Decision*, 499 B.R. at 427. The District Court noted the distinction between the concept of harm to the estate and the concept of reach-back periods. *Id.* The District Court also observed that when calculating net equity claims, defendants were given credit for principal invested before the reach-back period and not withdrawn. The Court stated that "it makes little sense to draw a boundary at the beginning of the reach-back period for purposes of recovery but not for purposes of net-equity claims." *Id.* (*citing Donell*, 533 F.3d at 773-74).

The District Court specifically considered and rejected the "replenishment credit method" asserted here again by certain Defendants, and concluded that "a straight netting method— subtracting total withdrawals from total deposits of principal—is the appropriate way to calculate not only net equity but also a defendant's fraudulent-transfer liability." *Id.* at 430. The District Court also disposed of Defendants' argument that utilizing the Net Investment Method would allow the Trustee a double recovery, stating that "[t]o the extent that defendants assert that the Net Investment Method allows the Trustee to obtain a 'double recovery' of transfers, that is only a concern so long as one accepts the premise that the estate is fixed as of the beginning of the reach-back period, which the Court does not." *Id.* at 427 n.8. This holding disposes of the Defendants' argument in its entirety.

**C.    The Defendants' Unproven Claims for Damages Do Not Constitute "Value"**

Defendants advance a variety of federal securities and state tort law theories purportedly giving rise to interest, out-of-pocket expenses and lost opportunity costs, including (1) violations

of 17 C.F.R. § 240.10b-5 ("Rule 10b-5") under 15 U.S.C. § 78a,[28] (2) rescission under 15 U.S.C.

§ 771(a)(2), (3) violations of the Uniform Commercial Code ("UCC"), and (4) intentional torts

and miscellaneous remedies.   By arguing that these claims constitute "value" in any amount

above their principal investment, Defendants blatantly disregard the long line of decisional

authority holding that, in a Ponzi scheme, investors cannot provide value in excess of their

principal investment.[29]   In fact, the District Court recently rejected these arguments, ruling that

"to effectuate SIPA's mandate, a customer may only seek the protections of section 548(c) to the

extent of investments of principal, and federal and state law claims cannot be used to increase the

amount to which a customer is entitled from the customer property estate."   *Antecedent Debt*

*Decision*, 499 B.R. at 425-26.

Defendants' heavy emphasis on the Ninth Circuit's ruling in *Official Comm. of*

*Unsecured Creditors of the Estate of Fitness Holdings Int'l, Inc. v. Hancock Park Capital II,*

*L.P.*, *(In re Fitness Holdings Int'l, Inc.)*, No. 11-56677, 2013 WL 1800000 (9th Cir. Apr. 30,

2013) ("*Fitness Holdings*") is misplaced.   There, the court held that state law determines

property rights in a bankruptcy case, "unless Congress has spoken," particularly in the context of

---

[28] While Defendants may or may not have had state and federal causes of action against BLMIS, the statute of limitations has run for at least those claims under section 10b of the Exchange Act and Rule 10b-5. *See Domenikos v. Roth*, 288 F. App'x 718, 720 (2d Cir. 2008) ("Section 804(b) of SOX extended the limitations period for securities fraud actions to the lesser of two years from discovery of the fraud or five years from the date of the fraud."); *Sedona Corp. v. Ladenburg Thalman & Co.*, No. 03 Civ. 3120 (LTS), 2005 WL1902780, at *7 (S.D.N.Y. Aug. 9, 2005) (stating that under 28 U.S.C.A. 1658(b) "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of . . . the [federal] securities laws . . . may be brought not later than the earlier of: (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation").

[29] *See generally Second Circuit Net Equity Decision*, 654 F.3d 229; *Net Equity Decision*, 424 B.R. 122; *Greiff*, 476 B.R. 715. *See also Donell v. Kowell*, 533 at 772.   ("Payments up to the amount of the initial investment are considered to be exchanged for 'reasonably equivalent value,' and thus not fraudulent, because they proportionally reduce the investors' rights to restitution."); *Picard v. Katz*, No. 11 Civ. 3605 (JSR) 2012 WL 691551 (S.D.N.Y. March 5, 2012) (granted the Trustee partial summary judgment, finding that fictitious profits from  BLMIS is not taken for "value").

"claim[s]" and "right[s] to payment." *Fitness Holdings*, at *3-4 (citing *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007), and *Butner v. United States*, 440 U.S. 48 (1979)). In *Greiff*, the District Court cited *Travelers* and *Butner* with approval on the same issue, holding that a "claim" typically refers "to a right to payment recognized under state law," *but* that state law does not apply if "some federal interest requires a different result." *Greiff*, 476 B.R. at 724 (S.D.N.Y. 2012) (internal quotations omitted); *see also Antecedent Debt Decision*, 499 B.R. at 421-22.

Defendants ignore both this Court's prior rulings and the statute itself, as it is clear that "Congress has spoken." *Fitness Holdings*, 2013 WL 1800000, at *3. Defendants' tenuous claims rooted in state law do not constitute "value" under section 548, whether under *Butner* and *Travelers* (and therefore *Fitness Holdings*) or otherwise. Here, 15 U.S.C. § 78*lll*(11) defines "net equity" explicitly, and preempts any state law property rights that could otherwise inform a protected "customer" claim in a SIPA liquidation.

Even if this were not the case, Defendants' reliance on *Fitness Holdings* is meritless because it involves a loan payment made by the debtor to its sole shareholder—here there is no loan and Defendants are not shareholders. Defendants argue that *Fitness Holdings* overrules another Ninth Circuit decision, *Donell v. Kowell*, 533 F.3d 762 (9th Cir. 2008), cited with approval in both *Greiff* and the *Antecedent Debt Decision*.[30] The *Fitness Holdings* court does not even mention *Donell*, and Defendants fail to cite or elucidate any factual or legal issues in

---

[30] In the course of the Antecedent Debt proceedings, certain Defendants provided the District Court with *Fitness Holdings* as supplemental authority. *See* Letter from select defense counsel to the Honorable Jed S. Rakoff (May 9, 2013); *see also* Letter from Baker & Hostetler LLP, counsel for Plaintiff Irving H. Picard, to the Honorable Jed S. Rakoff (May 10, 2013), annexed hereto as Exhibit 2 and 3, respectively to the Cremona Declaration. Yet, the District Court completely disregarded it after it was brought to the Court's attention, and instead relied upon *Donell*. *See Antecedent Debt Decision*, 499 B.R. at 422, 425–27. Thus, the Trustee submits that there is no reason for this Court to ascribe any weight to the *Fitness Holdings* decision.

common among the cases.  The reason is obvious: *Fitness Holdings* is irrelevant to both *Donell* and more importantly, this present SIPA liquidation proceeding.

In addition, with respect to Defendants' Uniform Commercial Code claims, the UCC itself is clear that it does not operate here.  *See* U.C.C. § 8-503 cmt.1 (2009) ("[A]pplicable insolvency law governs how the various parties having claims against the firm are treated.  For example, the distributional rules for stockbroker liquidation proceedings under the Bankruptcy Code and Securities Investor Protection Act ("SIPA") provide that all customer property is distributed pro rata among all customers.").

Certain Defendants also argue that taxes paid by Defendants on fictitious gains should be included in the calculation of value under section 548(c).  However, the District Court has already explicitly stated that doing so would be inconsistent with the approved manner for calculating net equity.  The District Court determined that any claims involving taxes paid on gains that never existed is a general creditor claim that may be filed against the general estate, stating that "every BLMIS investor did not receive their final BLMIS balance, and thus lost the time-value of their investment, as well as any taxes paid on gains that never existed."  *In re Madoff*, 848 F.Supp.2d 469, 480-81 (S.D.N.Y. 2012), *affirmed* 740 F.3d 81 (2d Cir. 2014). [31]

Contrary to Defendants' arguments, neither damages, taxes, nor any other claim or remedy Defendants attempt to tack onto principal is relevant to a calculation of their avoidance liability.

---

[31] Defendants also argue that the Trustee failed to take into account the effects of inflation, constant dollar, or time value of money in calculating "value."  The District Court has specifically held that such claims could not constitute antecedent debt.  *See Antecedent Debt Decision* 499 B.R. at 422.

## VIII.    THE TRUSTEE HAS APPROPRIATELY CALCULATED AND SUFFICIENTLY IDENTIFIED INTER-ACCOUNT TRANSFERS

Defendants next assert that the Trustee failed to give Defendants full credit for inter-account transfers of fictitious profits and has not sufficiently pled facts related to the inter-account transfers.

In deciding the antecedent debt issues, the District Court wholly rejected such arguments, explaining that:

> the true substance of transfers of fictitious profits from one account to another remains the same: The funds at issue are still other people's money, and shifting them among accounts, whether those accounts are owned by the same person or entity or, for example, transfers among family members, does not morph those funds into actual new principal.

*Antecedent Debt Decision*, 499 B.R. at 428-29.  "In other words, no new value was created by moving these funds between different accounts." *Id.* at 429.

The District Court further noted that this was the same result reached in an analogous Ponzi scheme case, *In re Bayou Grp., LLC*, 439 B.R. 284, 338 (S.D.N.Y. 2010), in which the defendants had sought to have their "fraudulent-conveyance liability calculated not on the basis of their original principal investments but rather the amount they rolled over into new accounts when the original Bayou Fund split into four successor funds." *Id.* at 429.  The bankruptcy court dismissed that suggestion, stating that "in no event is it appropriate to pile fiction on fiction by deeming these investors' final Bayou Fund account statements, including fictitious profits, to be the value of their investments contributed to the Bayou hedge funds." *In re Bayou Grp., LLC*, 396 B.R. 810, 885 (Bankr. S.D.N.Y. 2008), *aff'd*, 439 B.R. at 338–39.  The Defendants have no

basis for raising inter-account arguments here when such arguments are inconsistent with the *Antecedent Debt Decision*. [32]

Defendants' argument that the inter-account transfers were not sufficiently identified also fails.  The Trustee need only satisfy a notice pleading standard in connection with these transfers, which he has met by identifying the amounts, dates and recipients of the transfers at issue.  This is sufficient for purposes of a motion to dismiss; more information will be made available to Defendants through the discovery process.  This is particularly true because the account transfers at issue are neither extensive nor complicated.  As a practical manner, the Trustee has provided more than enough information to allow Defendants to identify the transfers at issue.

## IX.    THE TRUSTEE HAS ADEQUATELY PLEADED HIS CLAIMS IN COMPLAINTS WITH MULTIPLE ACCOUNTS

Defendants argue that those Complaints which include multiple accounts must be dismissed because SIPA provides that "a customer who holds accounts with the debtor in separate capacities shall be deemed to be a different customer in each capacity."  *See* SIPA § 78fff-3.  However, Defendants' reliance on this provision of SIPA as a basis for dismissal is wholly unfounded because the provision addresses a customer's qualification for a SIPA advance if holding multiple accounts in different capacities.  It has nothing to do with pleading standards for filing avoidance complaints in a SIPA liquidation.  Indeed, Defendants provide no rules,

---

[32] In *Picard v. Marden Family Ltd. P'ship, et al.*, the Defendants argue that the Trustee improperly aggregated all transactions in a single account, where the name on the account changed from "Bernard A. Marden Revocable Trust" to "Marden Family Limited Partnership." *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint at 29-32, *Picard v. Marden Family Ltd. P'ship, et al.*, Adv. Pro. No. 10-04348 (SMB) (Bankr. S.D.N.Y. March 22, 2013), ECF No. 25.  This argument is without merit as this is the same account, comprised of the same principal investment.  Even so, the District Court has previously rejected this argument.  *See Antecedent Debt Decision*, 499 B.R. at 429-30 ("Finally, contrary to the defendants' assertion, it is irrelevant that certain of these pre-reach-back-period transfers established new accounts and therefore new customer-broker relationships. . . . [a]t heart, the substance of these transactions was merely to perpetuate a cycle of artificial profits and further investments; where there was no new investment of new principal, even those pre-reach-back-period transfers establishing new accounts failed to provide any new value.").

statutes, or legal authority that states that the Trustee must file separate complaints for each and every account held by an individual and/or entity, simply because each account may be viewed to be held by a different customer for purposes of distribution of SIPC funds.

This is not surprising because the Trustee has followed normal pleading conventions, and in the interest of judicial efficiency and conservation of resources, has tried to include accounts relating to one individual, trust, partnership, limited liability company, or any other entity within a combined complaint to the extent possible where the entities, issues involved, and discovery may be related or connected. The fact that claims relating to more than one account have been combined in a single count is also a common pleading convention. Doing so does not violate SIPA nor cause confusion regarding the nature of claim the Trustee is asserting, nor is it in any way violative of the Federal Rules of Civil Procedure. This is not a basis for dismissal.

## X.    THE TRUSTEE MAY BRING CLAIMS TO AVOID OBLIGATIONS

Defendants posit several bases on which they assert the Trustee cannot seek to avoid obligations, contrary to the plain language of the Bankruptcy Code and the *Antecedent Debt Decision*. Defendants fail to provide this Court with any persuasive ground to dismiss these claims under Rule 12(b).

### A.    SIPA Authorizes the Trustee to Avoid Obligations, and the Trustee Has Adequately Pleaded the Obligations to be Avoided

SIPA authorizes the Trustee to avoid obligations in accordance with § 78fff(b), which grants the Trustee authority to conduct a SIPA liquidation proceeding "to the extent consistent with [SIPA] . . . in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11." *See also* SIPA § 78fff-1(a) (giving a SIPA trustee the powers of a bankruptcy trustee that enable him to perform the special functions of a SIPA liquidator). SIPA § 78fff-2(c)(3) also explicitly incorporates the Bankruptcy Code,

31

thus authorizing the Trustee to avoid any obligations incurred under sections 544 and 548 of the

Code.  As the Second Circuit recently confirmed, "a SIPA trustee's authority to bring claims in

administering a SIPA liquidation is coextensive with the powers of a Title 11 bankruptcy

trustee."  *Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 740 F.3d 81, 88 n.8 (2d

Cir. 2014).

Section 548(a) of the Bankruptcy Code expressly provides that the Trustee may avoid

obligations incurred by the debtor, as it states:

> *The trustee may avoid any* transfer . . . of an interest of the debtor
> in property, or *any obligation . . . incurred by the debtor*, that was
> made or incurred on or within 2 years before the date of the filing
> of the petition, if the debtor voluntarily or involuntarily . . .
> received less than a reasonably equivalent value in exchange for
> such transfer or obligation.

11 U.S.C. § 548(a)(1)(B)(i) (emphasis added); *see also* 5 Collier On Bankruptcy ¶ 548.03[4]

(16th ed. 2013) ("Section 548 not only gives the estate representative the power to avoid

transfers, but also the power to avoid obligations.").  The Trustee is also given this authority

pursuant to section 544 of the Bankruptcy Code, which states "[t]he trustee shall have, as of the

commencement of the case, and without regard to any knowledge of the trustee or of any

creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any

obligation incurred by the debtor that is voidable [by a creditor]."  *See* 11 U.S.C. § 544(a).

Applicable state law, the New York Debtor & Creditor Law, provides for the avoidance of

"[e]very conveyance made and *every obligation* incurred."  N.Y. Debt. & Cred. Law §§ 273,

275, 276 (emphasis added).  Nothing in SIPA is inconsistent with this authority.  *See* SIPA §

78fff(b).

Furthermore, the Complaints adequately plead (1) the obligations incurred by BLMIS, (2)

the occurrence of obligations within two years of filing, (3) the insolvency of BLMIS, and (4)

32

that BLMIS did not receive any value for any obligations relating to fictitious profits. *See* 11

U.S.C. § 548; *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535 (1994). The Trustee has

adequately pleaded the obligations to be avoided.[33]

### B.  Defendants Cannot Rely On Inconsistent State and Federal Law to Reduce Their Liabilities to the BLMIS Estate

Defendants, unable to argue that they can rely on BLMIS statements in an attempt to

reduce the avoidance liability owed to the Trustee,[34] attempt instead to argue that the Trustee

cannot avoid obligations that "arise on operation of federal and state statutes, regulations, and

laws." *See, e.g.*, Memorandum of Law in Support of Defendant's Motion to Dismiss the

Amended Complaint, at 17, *Picard v. Harold J. Hein*, Adv. Pro. No. 10-04861 (SMB) (Bankr.

S.D.N.Y. March 22, 2013), ECF No. 30. However, as previously stated in Section VII,

Defendants cannot rely on federal and state law to "increase the amount to which a customer is

entitled from the customer property estate." *Antecedent Debt Decision*, 499 B.R. at 426.

Regardless, any such claims would be claims against any general BLMIS estate, not

against the customer property fund. *See Antecedent Debt Decision*, 499 B.R. at 425. The

subordination of damages claims in SIPA proceedings is entirely consistent with the priority

scheme created by SIPA. Customers of failed brokerages receive a priority of payment with

respect to their customer property. *See In re Weis Sec., Inc.*, No. 73 Civ. 2332, 1976 WL 820, at

*6 (S.D.N.Y. Aug. 2, 1976). There is no such priority for damages claims. While damages can

be the subject of claims in a SIPA case, those claims are relegated to general estate status and

---

[33] As a practical matter, any purported "obligations" to pay fictitious profits as reflected on BLMIS customer statements have already been rejected by the District Court through its determination that fictitious profits do not form the basis for a claim. *See, e.g.*, *Greiff*, 476 B.R. at 728, n.12 (concluding "that defendants' customer statements do not entitle [defendants] to § 548(c)'s affirmative defense").

[34] *See id.*

can only be paid from property other than customer property.  *In re Klein, Maus & Shire, Inc.*, 301 B.R. 408, 420–21 (Bankr. S.D.N.Y. 2003).

### C. Avoiding Obligations is Entirely Consistent With the Trustee's Ability to Avoid Transfers

Defendants' claims that the Trustee cannot avoid obligations incurred before the statutory reach-back period, or obligations already satisfied by BLMIS based on Defendants' fictitious statements, are without merit.  BLMIS's fabricated monthly statements do not entitle the Defendants to the fictitious securities listed on those statements.  *Second Circuit Net Equity Decision*, 654 F.3d at 235.  Indeed, the District Court effectively rejected any reliance on the fictitious account statements in *Greiff*, 476 B.R. at 728, n.12 (concluding "that defendants' customer statements do not entitle [defendants] to § 548(c)'s affirmative defense").

Furthermore, Defendants' argument that the Trustee cannot avoid all obligations BLMIS incurred over the life of a customer account is incorrect because the Trustee can avoid obligations in the same manner as he avoids transfers, which approach has been approved by this Court, the District Court and the Second Circuit.[35]  The avoidance of any purported obligations, and the avoidance of related transfers, are two sides of the same coin.

There is no basis to dismiss the Trustee's counts to avoid obligations as pleaded in the relevant amended Complaints.

## XI. THE TRUSTEE HAS PROPERLY PLEADED HIS SUBSEQUENT TRANSFER CLAIMS

Defendants assert that Complaints containing counts seeking to recover subsequent transfers should be dismissed for pleading shortcomings.  Defendants have not met their burden, and their arguments should be rejected.

---

[35] *See supra* n. 29.

34

## A.    The Trustee Has Adequately Pleaded his Subsequent Transfer Claims

Contrary to Defendants' arguments, the Complaints adequately plead the Trustee's right to avoid and recover funds transferred by BLMIS to initial transferee defendants, and then, where applicable, recover funds thereafter transferred to subsequent transferee defendants.

As this Court previously held, Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") applies in determining whether the Trustee has sufficiently pleaded his claim to recover fraudulent transfers from subsequent transferees.  *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 243, 269 (Bankr. S.D.N.Y. 2010) (finding that the Court "need only apply a Rule 8 analysis" to determine "whether a claim to recover fraudulent transfers from a subsequent transferee is adequately pled"); *Picard v. Chais (In Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 235 (Bankr. S.D.N.Y. 2011) (same); *Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 317-18 (Bankr. S.D.N.Y. 1999) ("[R]ecovery under § 550(a) is not subject to a particularized pleading standard.").   In *Merkin*, this Court found that the Trustee's subsequent transfer claims satisfied Rule 8.  *Merkin*, 440 B.R. at 269-70.  The Trustee met his burden where the initial transfers were set forth in an exhibit "specifying the dates upon which they took place, the method of transfer, the transferor, and the specific transferees," and the Trustee has pleaded on information and belief that some or all of those transfers were subsequently transferred by the initial transferees directly or indirectly to the subsequent transferees.  *Id.*; *Chais*, 445 B.R. at 235–36 (same).

A trustee's burden is simply to "demonstrate 'sufficient facts to show, if proved, that the funds at issue originated with the debtor'"—dollar-for-dollar tracing is not required.  *Chais*, 445 B.R. at 235 (quoting *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007)); *see also Merkin*, 440 B.R. at 270.  As such, the Trustee must provide only a "short and plain statement of the claim showing that [he] is entitled to relief" and

only "identif[y] relevant pathways" through which the funds flowed.  Rule 8(a)(2); *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 709 (11th Cir. 2005).

In addition, as this Court has acknowledged, the Trustee has a reduced burden with respect to pleading subsequent transfer claims because he has no first-hand knowledge regarding the transfers.  *See Chais*, 445 B.R. at 236 (acknowledging the difficulties faced by the Trustee, including that the Trustee "is an outsider to these transactions and will need discovery to identify the specific Subsequent Transfers by date, amount and the manner in which they were effected") (*citing Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)*, 399 B.R. 352, 365 (Bankr. D. Mass. 2009)).  This Court has relaxed the tracing burden where the defendants are individuals and entities who are interrelated and closely associated, because they alone have detailed information about the transfers.  *Chais*, 445 B.R. at 236.

The Complaints in question here contain sufficient information to satisfy the standard set out by this Court in *Merkin* and *Chais*.  In fact, the relevant Complaints' allegations and exhibits set forth the precise manner in which funds that originated with specific BLMIS accounts were transferred to the initial transferee defendants (including dates and amounts), and provides the amount of transfers, some or all of which were then transferred to one or more subsequent transferee defendants.

Contrary to the cases relied upon by Defendants, the actions here do not involve complex transactions with a tangled web of individuals and/or entities, and/or multiple BLMIS accounts. Instead, these are clear-cut avoidance actions that involve initial transfers to a BLMIS account opened in the name of an individual, family trust, joint tenancy, or a retirement plan, from which, in numerous instances, subsequent transfers were then made to family members and friends.  It is in the interest of judicial efficiency to consolidate in each Complaint all initial transferee

36

defendants and subsequent transferee defendants to the extent known to address shared issues and engage in common discovery and litigation.

The Trustee's Complaints with respect to subsequent transfers are adequately pleaded and should not be dismissed on this basis.

**B.     Subsequent Transferees Have All Available Defenses Under the Bankruptcy Code and Applicable Law**

Defendants also argue that the Trustee "attempts to bypass any protections afforded subsequent transferees by summarily pleading that they may be beneficiaries of the initial transfer." Memorandum of Law in Support of Motion By Defendants Robert Pergament and Lois Pergament To Dismiss the Claims Asserted Against Them in the Amended Complaint at 10-12, *Picard v. Pergament Equities, LLC.*, Adv. Pro. No. 10-04944 (SMB) (Bankr. S.D.N.Y. Jan. 17, 2014), ECF No. 58-1.

This assertion is misleading and incorrect because the Trustee has not sought to convert subsequent transferees into initial transferees. In the Complaints, it is clear that the subsequent transferee defendants are considered just that—subsequent transferee defendants. The subsequent transferee defendants are afforded all rights provided to them by the Bankruptcy Code. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec.)*, (No. 12 Misc. 0115 (JSR), 501 B.R. 26, 30 (Bankr. S.D.N.Y. 2013).

If, during litigation, it is determined that the initial fraudulent transfers were actually "for the benefit of" the defendants identified as subsequent transferees, only then would such defendants be liable equally with an initial transferee, as provided under the Bankruptcy Code. *See, e.g.*, *Jacobs v. State Bank of Long Island (In re AppOnline.com, Inc.)*, 296 B.R. 602, 622 (Bankr. E.D.N.Y. 2003) ("The 'initial transferees' of the checks that cleared . . . are the payees of those checks. They are the ones who received something of value"). The Trustee is not

precluded from pleading in the alternative and the Complaints specifically provide for that possibility. Defendants' Motions on this issue should be denied.

## XII.   THE TRUSTEE CAN AVOID TRANSFERS FROM ACCOUNTS HELD IN THE NAME OF AN IRREVOCABLE TRUST

### A.   Defendants' IRA or Other Trust Withdrawals Are Fraudulent Transfers Which Are Not Protected from Avoidance

Defendants assert that section 5205 of the N.Y. C.P.L.R. protects withdrawals from IRA accounts and irrevocable trusts from the reach of the Trustee because such accounts are included among the categories of personal property specifically protected from judgment creditors' claims.[36] The District Court has, however, held otherwise. *See Greiff*, 476 B.R. at 728-29. Defendants also argue that section 5205(c)(5), which provides that the exemption does not apply to "[a]dditions to" the trusts that are "fraudulent conveyances," is inapplicable here because the District Court determined that the Trustee cannot pursue state law claims.

Defendants cannot have it both ways. They cannot claim that section 5205(c)—which is a state law—acts as a safe harbor for IRA accounts and irrevocable trusts, and then simultaneously insist that the exception for fraudulent conveyances contained within the very same statute under section 5205(c)(5) should be entirely disregarded.[37] The fact that the District Court ruled that the Trustee may not pursue state law claims in his avoidance actions does not undermine the Trustee's authority to avoid or recover BLMIS property as expressly provided by

---

[36] Section 5205(c) specifically states in relevant part, "[A]ll property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment." N.Y. C.P.L.R. § 5205(c).

[37] The Markin Motion asserts that the charitable remainder unitrusts ("CRUTs") at issue are protected under Florida law, which they argue does not have a fraudulent transfer exception. However, the Florida statute cited in the Markin Motion does not apply to CRUTs. CRUTs are covered by section 664 of the Internal Revenue Code, which is not referenced in the Florida statute. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint at 28 (citing Florida Stat. 222.21(2)(A)), *Picard v. David R. Markin,* Adv. Pro. No. 10-05224 (SMB) (Bankr. S.D.N.Y. March 22, 2013), ECF No. 20 (the "Markin Motion").

the Bankruptcy Code under section 548.  At most, the IRA account issue would be relevant to the Trustee's recovery of an avoided transfer, but even then the fraudulent transfer exception operates to deny the protection that Defendants seek.

To avoid the operation of the fraudulent transfer exception, Defendants allege that it applies only to "additions" to the account, and that such "additions" could only be made by the customer.  However, Defendants ignore the basis of the Trustee's litigation—all "additions" beyond the Defendants' principal investment were "fraudulent conveyances" made by Madoff using money that was stolen from other investors.  The money "added" by Madoff was the very fictitious profits that the Defendants thereafter withdrew.[38]  These illegal transfers are not protected from avoidance by the Trustee.  As the District Court ruled, "where Madoff Securities fraudulently transferred profits into [Defendants' IRAs], distributions of those profits are *not protected by § 5205(d)(1)*."  *Greiff*, 476 B.R. at 728, n.13 (emphasis added).

To rebut this, Defendants insist that "withdrawals" as opposed to "additions" by the customer are purportedly not covered by the section 5205(c)(5) exception, and therefore cannot be avoided by the Trustee.  This argument ignores the fact that section 5205(d)(1) exempts withdrawals from trusts *only* where "the principal . . . is exempt under subdivision (c)."  *Greiff*, 476 B.R. at 728, n.13.  All withdrawals beyond the Defendants' principal investment are "fraudulent conveyances" that are subject to avoidance and recovery by the Trustee.

---

[38] The District Court noted that "[s]ince Madoff Securities apparently did not segregate customer accounts as it claimed to do . . . additions to and distributions from IRAs occurred simultaneously in the form of payment to the transferee."  *Greiff*, 476 B.R. at 728, n.13 (citing Decl. of Joseph Looby ¶ 18).

**B.    Internal Revenue Code Requirements Are Irrelevant In Determining Avoidance Liability**

Defendants also argue that because the Internal Revenue Code (the "IRC") requires IRA account holders over the age of 70 and-a-half years to withdraw minimum distributions from their account each year, they should be permitted to keep other people's money.    Not surprisingly, Defendants cite to no relevant case law in support of this theory.    In fact, the District Court already ruled that "the IRC does not require dismissal of the Trustee's claims under § 548(a)(1)(A) and § 550(a)."    *Greiff*, 476 B.R. at 729.    The District Court stated:

> [T]he Internal Revenue Code did not require Madoff Securities to make any payment, but instead ostensibly required [Defendants] to receive payments.    Thus, no third party . . . sought to enforce the law's requirements against Madoff Securities, and avoidance of transfers will not deprive any such third party of its legal rights. Having rejected the claim that Madoff Securities owed the defendants the profits that it transferred to them, the Court declines to conclude that [Defendants] may now keep their profits because they feared that the IRC would deprive them of half of a benefit to which they had no entitlement.

*Id.*    The Court further noted that "where Congress intends to exempt certain types of transfers from avoidance, it does so *not* by implication through other law, but instead directly through the fraudulent transfer provisions."    *Id.* (emphasis added).

Therefore, Defendants' reasons for their withdrawals have no relevance here—it is not an element of the Trustee's cause of action or of any defense available to the Defendants.    The amount the Trustee seeks to recover is based purely on a cash-in/cash-out analysis.    *See Second Circuit Net Equity Decision*, 654 F.3d at 233-34.    Any calculation incorporating the compulsory expenses incurred by the individual investor would only "aggravate the injuries caused by Madoff's fraud."    *Id.* at 235; *see also Donell v. Kowell*, 533 F.3d 762, 779 (9th Cir. 2008) ("[E]ven if we could limit permissible offsets to a few areas such as taxes paid, this would introduce complex problems of proof and tracing into each case.    This would severely reduce the

receiver's ability to effectively gather what few assets can be located in the wake of a failed

Ponzi scheme").

## XIII.  THE AVOIDANCE OF FRAUDULENT TRANSFERS IS NOT ONLY CONSISTENT WITH, BUT ALSO NECESSARY TO EFFECTUATE, THE GOALS OF SIPA

Defendants try to assail the Trustee's fraudulent transfer claims by asserting that pursuing

fraudulent transfer claims against customers is improper and state that "this Court should treat

the customers as victims, rather than as thieves." *See, e.g.*, Adv. Pro. Nos. 10-04538, 10-04588,

and 10-04744.  This rhetoric is misplaced, and meritless.  The Trustee's actions are not aimed at

harming customers, but to ensure, as provided for under SIPA and the Bankruptcy Code, that all

customers and creditors are treated fairly.  SIPA § 78fff-2(c)(1).  Part of this responsibility

includes recovering fraudulently transferred property for the benefit of the estate.  Recovery of

fictitious profits is elemental to this goal.

The salutary purpose of SIPA is to protect customers, which it does by giving customers

with valid net equity claims a priority over other creditors.  The Bankruptcy Code works in

tandem with SIPA to permit the Trustee, where "customer property" is insufficient to satisfy

those preferred customer claims, to avoid and recover fraudulent transfers for the benefit of the

estate that will be distributed, in the first instance, to the preferred customer class.  Thus, the

Trustee's use of his avoidance powers and the application of the *pro rata* distribution scheme

under SIPA, as approved by the Second Circuit in the Net Equity Decision, constitutes an

attempt to ensure that no customer improperly receives more favorable treatment than any other

customer.  SIPA §§ 78fff-2(c)(1), (3).

Very simply, Defendants are seeking to retain millions worth of "profits" that consist

only of other investors' money.  The injustice is clear.  Treating the phony "profits" concocted

by Madoff as real would give claimants such as Defendants, all of whom have already received

41

back their principal plus hundreds of thousands of dollars of other people's misappropriated investment funds, an unfair advantage at the expense of those customers who have not yet recovered their principal. There is no result less equitable than that.[39]

In a Ponzi scheme, as among equally innocent victims, "equality is equity." *Cunningham v. Brown*, 265 U.S. 1, 13 (1924). Contrary to the Defendants' protests, the antithesis of equity would be to twist a statute designed for the protection of all customers to allow a select few— either those chosen by Madoff himself or those who by chance withdrew money prior to the collapse—to profit from the Ponzi scheme by keeping stolen money, while there remain innocent investors who have not been made whole. Fortunately, there is no basis in either SIPA or the Bankruptcy Code for this result.

---

[39] Indeed, no investor can have any "legitimate" expectation that it would profit from a fraudulent scheme. *See Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*, 463 F.3d 125, 130 (2d Cir. 2006) (finding "fictitious paper profits" not "within the ambit of the customers' legitimate expectations"). First, the scheme has no real "profits," just money stolen from new participants. "If a person invests money with the understanding that he will share in the profits produced by his investment, and it turns out there are no profits, it is difficult to see how that person can make a claim to receive any more than the return of his principal investment." *Lustig v. Weisz & Assocs., Inc. (In re Unified Commercial Capital)*, No. 01-MBK-6004L, 2002 WL 32500567, at *8 (W.D.N.Y. June 21, 2002). Second, it is equally difficult to imagine that a party could have a legitimate expectation in distributions—or in account statements reflecting "profits"—that act to perpetuate a fraud. Such payments are used to lure new investors and continue the Ponzi scheme, and are funded by later investors who are left out in the cold when the scheme collapses. For this reason, courts in both SIPA and non-SIPA cases have refused to entertain claims brought by investors to recover fictitious profits in Ponzi schemes. *See, e.g.*, *Focht v. Athens (In re Old Naples Sec., Inc.)*, 311 B.R. 607, 616–17 (M.D. Fla. 2002); *Perkins v. Parise (In re Global Trading Invs. LLC)*, No. 04-41297, 2006 WL 3040918, *7–8 (Bankr. D.N.J. 2006).

## XIV.    MISCELLANEOUS ISSUES

The following section addresses unique issues raised.

### A.    SIPA Does Not Prevent the Trustee From Avoiding Fraudulent Transfers Beyond the Preference Period

Defendants in one Motion argue that while SIPA empowers the Trustee to avoid and recover preferential transfers, "it does not authorize [the Trustee] to pursue those customers for transfers made outside the preference period as fraudulent transfers."  Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint at 27, *Picard v. Stefanelli Investors Group*, Adv. Pro. No. 10-05255 (SMB) (Bankr. S.D.N.Y. Feb. 28, 2014), ECF No. 60-1.  Defendants provide no legal support for this argument because there is none.  There is no distinction between the Trustee's powers to avoid preferential and fraudulent transfers:  both avenues are available to the Trustee through the Bankruptcy Code and SIPA, and the Trustee is entitled—indeed, obligated—to use both avenues to increase the pool of customer property available for distribution to all customers.  Indeed, SIPA expressly provides that the Trustee has authority thereunder to avoid preferential and fraudulent transfers of customer property.  SIPA § 78fff-(2)(c)(3); SIPA Rule 503.

### B.    The Trustee's Disallowance of Claims Is Not Inconsistent with SIPA

Defendants in the *Picard v. David R. Markin* action argue that section 502(d), as applied by the Trustee to disallow claims involving "separate accounts, held by different entities" is inconsistent with SIPA and must be dismissed.[40]  However, this argument falls flat because Defendants rely wholly on a SIPA provision (SIPA §§ 78fff) involving the distribution of SIPA advances—not the disallowance of claims—and ignore the plain language and purpose of section

---

[40] Markin Motion at 30.

502(d). Indeed, section 502(d) explicitly mandates the disallowance of a defendant's claims, as it prevents the transferee of an avoidable transfer from receiving any distribution unless he first returns the transfer.

The very purpose of section 502(d) is to "preclude entities that have received voidable transfers from sharing in the distribution of assets unless and until the voidable transfer has been returned to the estate." *Chais*, 445 B.R. at 239 (quoting *In re Mid Atl. Fund, Inc.*, 60 B.R. 604, 609 (Bankr. S.D.N.Y. 1986)); *see also Duffy v. Futter (In re Futter Lumber Corp.)*, No. 09-73291-478, 2011 WL 5417094, at *6 (Bankr. E.D.N.Y. Nov. 8, 2011) ("[Section 502(d)] provides a mechanism that enables a trustee to recover assets of the estate from a recipient of an avoidable transfer, unless the claimant has paid or turned over property that is the subject of the turnover or avoidance."). In other words, so long as the sued entity retains fraudulently transferred property subject to avoidance, that same entity is not eligible to receive distributions from the estate, even from other accounts not subject to avoidance.

Here, the Trustee brought claims against the Defendants for the receipt of fraudulent transfers which are avoidable and recoverable under sections 548, 550, 551 of the Code. None of the Defendants have returned their fraudulent transfers to the Trustee. Thus, section 502(d) clearly applies to *any* claims filed by such defendants—whether or not they involve BLMIS accounts subject to avoidance—as they have failed to repay or turn over property recoverable under sections 548, 550, and 551 of the Code. *See, e.g.*, *In re Asia Global Crossing, Ltd.*, 333 B.R. 199, 202 (Bankr. S.D.N.Y. 2005) (stating that "[s]ection 502(d) prevents the transferee of an avoidable transfer from receiving a distribution . . . unless he first returns the transfer").

The Markin Motion further asserts that no court has yet determined this particular issue where the claim sought to be disallowed was in connection with an account different from the

44

one in which the fraudulent transfers occurred. *See* Markin Motion at 30, n.20.  However, in numerous rulings, both the Bankruptcy Court and District Court found that the Trustee sufficiently pleaded his claims to disallow the defendants' SIPA claims under section 502(d) of the Bankruptcy Code, which included customer claims that involved BLMIS accounts *not* subject to avoidance.  *See e.g.*, *Chais*, 445 B.R. at 239; *Cohmad*, 454 B.R. at 341; *Madoff Family Action*, 458 B.R. at 120-21 (all finding that the Trustee sufficiently pleaded to disallow all SIPA claims filed by defendants).  Accordingly, the Trustee has pleaded a legal basis for disallowing Defendants' SIPA claims.

### C.       State Law Regarding Partnership Liability Cannot Trump Federal Bankruptcy Law

Defendant Katz Group LP, a Wyoming limited partnership, asserts in its Motion that the Trustee cannot recover funds from the named partners/defendants in *Picard v. Katz Group Ltd. Partnership*, Adv. Pro. No. 10-04419 (SMB) because the Wyoming Uniform Limited Partnership Act provides that a partner of a limited partnership who receives a return of any part of his contribution to the partnership, is only liable to the partnership for one year for the return of such funds.[41]

These arguments fail because the District Court made explicit in ruling on the *Greiff* motion to dismiss that "state law need not apply if 'some federal interest requires a different result.'"  *Greiff*, 476 B.R. at 724 (citing *Butner v. United States*, 440 U.S. 48, 55 (1979); s*ee also In re Dreier LLP*, 429 B.R. 112, 125 (Bankr. S.D.N.Y. 2010) (finding state law or other applicable non-bankruptcy law normally determines the extent of the debtor's interest in property, absent an overriding federal policy; bankruptcy law determines whether that interest is

---

[41] *See* Memorandum of Law In Support of Defendants' Motion to Dismiss at 16-17, *Picard v. Katz Group Ltd.*, Adv. Pro. No. 10-04419 (SMB) (Bankr. S.D.N.Y. June 20, 2011), ECF No. 12.

property of the estate). Moreover, any purported reliance on state law is preempted under the Supremacy Clause of the United States Constitution.[42] This is not an appropriate basis for dismissal.

### D. The Trustee is Not Relying on Florida Fraudulent Transfer Statutes

Similarly relying on state law, Defendant Howard Klee seems to assert as the only grounds for his Motion that the Trustee cannot recover funds because the transfers were purportedly proper under the Florida Uniform Fraudulent Transfer Act stating:

> per enclosed Florida Fraudulent Transfer Law page 2 paragraph 3 underlined, Florida Statute of limitation for application of the Florida Uniform Fraudulent Transfer Act is (4) four years from the transfer or the obligation was incurred. As a Florida resident on April 9, 2009 and March 25, 2011 I evoke my rights under the Florida Fraudulent Conveyance Law.

*See* Letter Dated March 25, 2011, *Picard v. Klee*, Adv. Pro. No. 10-04759 (SMB) (Bankr. S.D.N.Y. April 1, 2011), ECF No. 7. However, the Trustee is not seeking any recoveries under the Florida statute. Thus, this motion should be denied.

### E. The Trustee's Avoidance Actions Against Charitable Trusts and Organizations are Proper and Do Not Violate the Religious Liberty and Charitable Donation Act of 1998 nor Non-Bankruptcy Law

Certain Defendants, including the America-Israel Cultural Foundation ("AICF"), assert that the Trustee's actions seeking to avoid fraudulent transfers made to certain charitable trust or organization defendants violate the free exercise of religion.[43] This argument is wholly frivolous. As Defendants explain it, the Religious Liberty and Charitable Donation Act of 1998

---

[42] *See* U.S. Const., art. VI, cl. 2; *First Fed. Sav. & Loan Ass'n of Lincoln v. Bevill, Bresler & Schulman, Inc. (In the Matter of Bevill, Bresler & Schulman, Inc.)*, 59 B.R. 353, 378 (D.N.J. 1986), *appeal dismissed*, 802 F.2d 445 (3d Cir. 1986) (holding that any state law that is inconsistent with SIPA is preempted under the Supremacy Clause); *see also Am. Sur. Co. of N.Y. v. Sampsell*, 327 U.S. 269, 272 (1946) ("[F]ederal bankruptcy law, not state law, governs the distribution of a bankrupt's assets to his creditors.").

[43] *See* Markin Motion at 30-32; Memorandum of Law in Support of the Motion to Dismiss the Complaint By Defendant America-Israel Cultural Foundation at 13-18, *Picard v. America-Israel Cultural Found., Inc.*, Adv. Pro. No. 10-05058 (SMB) (Bankr. S.D.N.Y. April 5, 2013), ECF No. 18 ("AICF Motion").

("RLCDA") amended section 548(a)(2) of the Bankruptcy Code to state that a transfer to a religious or charitable organization cannot be avoided where the amount is below fifteen percent of the debtor's gross annual income, or if exceeding such income, if the transfer is consistent with the debtor's practice of making charitable donations. *See* AICF Motion at 16-17; Markin Motion at 31.

It is evident from the language of the amendment and the face of the Defendants' briefs that this measure was taken to protect charitable donations made by U.S. citizens who have declared bankruptcy. *See e.g.*, *Universal Church v. Geltzer*, 463 F.3d 218 (2d Cir. 2006) (addressing a bankruptcy trustee's efforts to avoid debtor's transfers to the Universal Church). [44] It is also clear that the relevant Defendants were not recipients of charitable donations, but rather investors within BLMIS, just like every other customer. Defendants fail to cite even a single legal authority to support these arguments.[45] The weakness of this argument is made more obvious by the explicit provision in the Bankruptcy Code stating that the charitable contribution exception only applies to donations made by a natural person, which BLMIS clearly is not. *See* 11 U.S.C. §§ 548(a)(2); 548(d)(3)(A).

AICF goes further to argue that the funds sought by the Trustee are "protected under the laws and/or treaties of the United States, New York State, and the State of Israel." AICF Motion at 13-16. Specifically, AICF states that its status as a § 501(c)(3) federal tax-exempt and New York not-for-profit organization prevents it from returning transfers to the Trustee because those

---

[44] *See also* AICF Motion at 17 n.13 (quoting William J. Clinton "Statement on Signing the Religious Liberty and Charitable Donation Protection Act," June 19, 1998, available at http://www.presidency.ucsb.edu/ws/?pid=56175) ("This bill protects the religious and charitable contributions made by people who later declare bankruptcy.").

[45] The AICF Motion and Markin Motion's references to the Trustee's settlement with Jeanne Levy-Church and Francis Levy, the heirs of Madoff co-conspirator, Norman Levy, is not evidence that the Trustee considered or recognized the principles of the RLCDA, nor was there any reference to the RLCDA in the settlement agreement. *See In re Bernard L. Madoff*, No. 08-01789, ECF No. 1833, ¶12 (Bankr. S.D.N.Y. Jan. 27, 2010).

funds would not be going towards a charitable purpose.  AICF Motion at 14-15 (citing 26 U.S.C. § 501(c)(3) and N.Y. Non Profit Law § 513).  However, the Trustee is not asking AICF to provide funding to the BLMIS estate as part of its charitable mission—rather, the Trustee is seeking to avoid and recover fictitious profit transfers received by AICF as an investor of BLMIS to which it has no right.  Moreover, as explained above, Congress has already crafted a religious and charitable donation exception in the Bankruptcy Code, and it does not apply here.

AICF also contends that because its charitable purpose is to support the study of the arts by Israeli youth and that its beneficiaries are Israeli nationals, "the claw back of their property would, at a minimum, violate at least one treaty between the United States and the State of Israel," namely the U.S.-Israel Friendship, Commerce, and Navigation Treaty of 1951 ("U.S.-Israel Friendship Treaty").  AICF Motion at 15-16.  However, AICF overstates the purpose of the U.S.-Israel Friendship Treaty, which is to simply ensure Israeli nationals, corporations, and philanthropic organizations are treated the same as United States nationals, corporations, and philanthropic organization within the borders of the United States, and vice versa.[46]  The U.S.-Israel Friendship Treaty is not applicable here, as it has no bearing on the Trustee's ability to avoid and recover fraudulent transfers that AICF received as a BLMIS investor.  The Trustee's actions against the charitable trust and organization defendants are appropriate and therefore the Motions should be denied.

---

[46] Friendship, Commerce, and  Navigation Treaty, U.S.-Israel, art. VIII, § 3, Aug. 23, 1951, 5 U.S.T. 550 ("Nationals and companies of either Party shall be accorded national treatment . . . with respect to engaging in . . . philanthropic activities within the territories of the other party."); *id.* at art. XXII, §1 ( "The term 'National treatment' means treatment accorded within the territories of a Party upon terms no less favorable than the treatment accorded . . . to nationals, companies . . . or other objects . . . of such Party.").

48

**F.     The District of Columbia's Nonclaim Statute Does Not Bar the Trustee's
Claims**

Defendants in *Picard v. Estate of Hermen Greenberg* assert that the Trustee's claims
were barred as a matter of law because the Trustee purportedly did not present his claims against
the Estate of Hermen Greenberg (the "Greenberg Estate") before October 1, 2010, the six-month
deadline provided in the District of Columbia's statutory provisions.[47]   As support, Defendants
cite to D.C. Code sections 20-903 and 20-905, which bar all claims against a decedent's estate,
the estate's personal representatives, and the heirs and legatees unless the claimant presents
written and verified claims to the estate's personal representative or the Register of Wills,
"within 6 months after the date of the first publication of the notice of the appointment of a
personal representative."   D.C. Code § 20-903(a).

However, the law in the District of Columbia is clear that the Court has discretion to
allow a claim that does not meet the statutory presentation requirements.   *See* D.C. Code § 20-
905(c).   The case law has consistently held that a personal representative is obliged to consider
all valid claims of which he has actual knowledge even if the creditors fail to comply with the
statutory formalities.   *In re Estate of Monge*, 841 A.2d 769, 774 (D.C. 2004); *see also District of
Columbia v. Gantt*, 558 A.2d 1120, 1125 (D.C. 1989) (noting that the court has discretion to
allow a claim about which personal representative had actual knowledge); *In re Estate of
Phillips*, 532 A.2d 654, 656 (D.C. 1987) (holding that because personal representative had actual
notice of claims, no discretionary basis existed for disallowing claim).   Moreover, under the
District of Columbia Code, a personal representative is required to give actual notice to all

---

[47] *See* Defendants' Memorandum of Law in Support of Motion to Dismiss Amended Complaint at 12-14, *Picard v.
Estate of Hermen Greenberg*, Adv. Pro. No. 10-04998 (SMB) (Bankr. S.D.N.Y. June 15, 2012), ECF No. 22
("Greenberg Motion").

known or reasonably ascertainable creditors. D.C. Code § 20-704(b) provides that notice by publication is not sufficient for this class of creditors.[48]

While there is a legitimate state interest in providing for the swift settlement of estates, even the Supreme Court recognized that notice by publication does not adequately protect the property rights of a known creditor:

> Providing actual notice to known or reasonably ascertainable creditors, however, is not inconsistent with the goals reflected in nonclaim statutes. Actual notice need not be inefficient or burdensome. We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.

*Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 489-90 (1988). The Supreme Court further held that the Due Process Clause required that a personal representative or executor give actual notice by mail or other means to known or reasonably ascertainable creditors. *Id.*

The personal representatives of the Greenberg Estate did not comply with the requirements of D.C. Code § 20-704(b), enacted after *Tulsa*, by sending the required notice of appointment to the Trustee. Indeed, the Greenberg Estate's personal representatives had actual knowledge of the Trustee's claim at the time of their appointment and during the six month period. John J. Schofield, one of the Greenberg Estate's three personal representatives, assisted in the preparation of the customer claim that Mr. Greenberg submitted to the Trustee on June 29,

---

[48] Specifically, D.C. Code § 20-704(b) provides:

> Not later than 20 days after appointment, a personal representative (except when notice under this subsection has already been given) shall send by registered or certified mail to the heirs and legatees of the decedent and to all creditors whose identities are known or whose identities are reasonably ascertainable by reasonably diligent efforts, the text of the newspaper notice of the appointment of such representative, and the following general information in a form developed by the Court…

D.C. Code § 20-704(b).

2009.  Mr. Schofield was also directly sent a copy of the "Notice of Trustee's Determination of Claim" ("Notice of Determination") regarding Mr. Greenberg's customer claim, dated August 28, 2009.  The Notice of Determination stated that no securities were ever purchased by BLMIS for Mr. Greenberg's account, any profits reported on Mr. Greenberg's account statements were fictitious, and that the amount Mr. Greenberg received from BLMIS was greater than the amount deposited by Mr. Greenberg in his BLMIS account.  The Notice of Determination went on to state that, "[n]othing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the trustee against you."[49]  It is clear that the Trustee was a known or, at the very least, reasonably ascertainable creditor of Mr. Greenberg.  Accordingly, the Court may exercise its discretion to allow the Trustee's claim against the Greenberg Estate. The Trustee's claims against the Greenberg Estate are not barred as a matter of law.

Even if Defendants respond that it is not ascertainable as to whether or not the personal representatives had actual knowledge of the Trustee's claims, or whether the Trustee was a known creditor or a reasonably ascertainable creditor, those are facts which the Trustee has the right to explore through discovery, and are not grounds for dismissal, as it would require a factual determination.

---

[49] *See* Exhibit C to the Complaint, *Estate of Hermen Greenberg*, Adv. Pro. No. 10-04998 (SMB) (Bankr. S.D.N.Y. Dec. 2, 2010), ECF No. 1.

### G.    The Trustee Properly Served Defendants L.H. Rich Companies, N.R. Investment Associates, and M.R. Investment Associates[50]

The Trustee properly served Defendants L.H. Rich Companies, N.R. Investment Associates, and M.R. Investment Associates (the "L.H. Rich Defendants") through their agent David Stern.[51]  The L.H. Rich Defendants contend that the Trustee's service of process was deficient because he used the incorrect address or, alternatively, failed to address the envelope to the attention of an agent.[52] Neither argument is persuasive.

Federal Rule of Bankruptcy Procedure 7004(b)(3) states in pertinent part that service may be made by "first class mail postage prepaid" within the United States "upon a partnership . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment."   The determination as to whether an individual is a managing or general agent is factual and depends on the individual's authority.  *Rosa v. C.P.P. Corp. (In re Legend Indus., Inc.)*, 49 B.R. 935, 937 (Bankr. E.D.N.Y. 1985) (citing *Ins. Co. of No. America v. S/S "Hellenic Challenger"*, 88 F.R.D. 545, 547-48 (S.D.N.Y. 1980)).  The purported agent must "have sufficient authority or responsibility within the organization so as to make it reasonable to assume that 'he will realize his responsibility and know what he should do with any legal papers served upon him.'"  *Id.* (citations omitted).

---

[50] The Trustee concedes that subsequent transferee Defendants Jack Polack and James Polack were not served and does not contest dismissal of these Defendants without prejudice. Regardless, the Trustee has until one year after avoidance to sue a subsequent transferee. *See* 11 U.S.C. §550(f); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)* (No. 12 Misc. 115 (JSR), 2013 WL 5813881 (S.D.N.Y. Oct. 28, 2013) ("*550(a) Consol. Briefing*").

[51] *See* Affidavit of Service, *Picard v. L.H. Rich Co.*, Adv. Pro. No. 10-05371 (SMB) (Bank. S.D.N.Y. Mar. 15, 2011), ECF No. 4.

[52] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b), at 6-15, *Picard v. L.H. Rich Co.*, Adv. Pro. No. 10-05371 (SMB) (Bankr. S.D.N.Y. May 10, 2011), ECF No. 6 ("L.H. Rich Motion").

An "agent authorized by appointment" can be either expressly or impliedly appointed to accept service on a business entity's behalf. *Unsecured Creditors of Cruisephone, Inc., v. Cruise Ships Catering and Serv. N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002) (citing *Reisman v. First New York Bank for Bus. (In re Reisman)*, 139 B.R. 797, 800 (Bankr. S.D.N.Y. 1992)).   Where the agent's activities are "are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept process." *Gibbs v. Hawaiian Eugenia Corp.*, 581 F.Supp. 1269, 1271 (S.D.N.Y. 1984) (citing *Grammenos v. C.M. Lemos*, 457 F.2d 1067, 1072–73 (2d Cir. 1972)).

Here, service of process on agent Stern was appropriate.[53]   The L.H. Rich Defendants entered into a Partnership Account Agreement with BLMIS that stated BLMIS was "instructed to direct all notices or communications including demands, notices, confirmation, reports and statements of account, for the Partnership [L.H. Rich Companies] in connection with the Partnership accounts as follows," and then specifically listed Stern and his Illinois address at that time.[54]   Throughout the L.H. Rich Defendants' relationship with BLMIS, Stern corresponded with Madoff regarding the L.H. Rich Defendants' requests for withdrawals.[55]   In February 1997, Stern sent Madoff a letter asking Madoff to "[p]lease change the address of the following investor to: L.H. Rich Companies 1515 Fifth Avenue, Suite 104, Moline, Illinois 61265," which

---

[53] Where Defendant seeks to dismiss the Trustee's Complaint under Fed.R.Civ.P. 12(b)(5) for insufficient service of process, the Court may consider evidence outside the pleadings. *Compare* Fed.R.Civ.P. 12(d) (which prohibits consideration of matters outside the pleadings for motions brought under Rule 12(b)(6) or 12(c) without converting the motion to one for summary judgment).

[54] A copy of the Partnership Account Agreement is annexed hereto as Exhibit 4 to the Cremona Declaration.

[55] Copies of letters from L.H. Rich Companies, requesting withdrawals from its BLMIS account, dated May 31, 2000, December 21, 2004, January 11, 2006, and March 17, 2008, are annexed hereto as Exhibit 5 to the Cremona Declaration.

is where service of process was sent, as the L.H. Rich Defendants note in their motion.  L.H. Rich Motion at 11.[56]

Stern clearly had sufficient authority to "realize his responsibility and know what he should do with any legal papers served upon him." *In re Legend Indus., Inc.*, 49 B.R. at 937. The fact that the service envelope was not specifically addressed to Stern is of no moment— BLMIS was directed to send any communications regarding the L.H. Rich Defendants to Stern at the address where the papers were served and therefore, the L.H. Rich Defendants were not prejudiced.  *Savage & Assoc., P.C. v. 1201 Owner Corp. (In re Telligent Inc.)* 485 B.R. 62, 68-70 (Bankr. S.D.N.Y. 2013) (Bernstein, J.) (explaining that the purpose of mailing to the attention of an agent is to "ensure that the summons and complaint expeditiously reaches the appropriate decision maker," which was of no concern here); *Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125 (S.D.N.Y. 1999) (finding the "failure to specify an officer or agent" caused no prejudice because there was "no claim that the request was delayed in any way from reaching the appropriate person").  Moreover, the Second Circuit has held that the service requirements should be liberally construed.  *See, e.g.*, *McGann v. State of N.Y.*, 77 F.3d 672, 674 (2d. Cir. 1996); *Grammenos*, 457 F.2d at 1070.[57]

The L.H. Rich Defendants' motion to dismiss for insufficient service of process should be denied.  Alternatively, under the circumstances here, the Trustee should be permitted to

---

[56] A copy of the letter from L.H. Rich Companies, requesting the change of address, dated February 24, 1997 is annexed hereto as Exhibit 6 to the Cremona Declaration.

[57] Because the Trustee properly served Stern as the L.H. Defendants' agent, the argument that the Trustee's service was untimely also fails.  L.H. Rich Motion at 13–15.  The Trustee filed the complaint against the L.H. Rich Defendants on December 9, 2010.  *See* Complaint, *Picard v. L.H. Rich Co.*, Adv. Pro. No. 10-05371 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2010), ECF No. 1 (the "L.H. Rich Complaint").  One hundred and twenty days thereafter was Friday, April 8, 2011.  *See* Fed. R. Bankr. P. 7004(a)(1), F. R. Civ. P. 4(m).  The Trustee served the L.H. Defendants well within the 120 days on March 14, 2011.  *See supra* n. 51.

remedy any deficiency. *Grammenos*, 457 F.2d at 1071 (holding that the mere fact that service was improper does not require the court to dismiss the action).

### H.    The Trustee Has Sufficiently Pled Its Claims Against General Partners

In the L.H. Rich Motion, Defendants also move to dismiss all claims against Defendants N.R. Investment Associates and M.R. Investments Associates, both of which are named as general partners of Defendant L.H. Rich Companies. *See* L.H. Rich Motion at 15-21. Defendants specifically assert that the Trustee fails to plead that the general partners received any transfers from BLMIS. However, the Trustee has in fact sufficiently alleged in paragraph 40 of his Complaint that the Defendants, namely the general partnership and its general partners, received transfers of $4,050,000. Paragraph 40 states:

> 40.    During the six years prior to the Filing Date, BLMIS made transfers (collectively, the "Transfers") to Defendants totaling $4,050,000 in fictitious profits from the Ponzi scheme. The Transfers received by Defendants constitute non-existent profits supposedly earned in the Account, but, in reality, they were other people's money. The Transfers were made to or for the benefit of Defendants and are set forth in Columns 10 and 11 on Exhibit B annexed hereto.

*See* L.H. Rich Complaint at ¶40. In any event, a general partnership offers no liability protection for its general partners as "all partners are liable jointly and severally for all obligations of the partnership," including the fraudulent transfers reflected in the partnership's BLMIS account. RCW 25.05.125(1).[58] In addition, the Partnership Account Agreement executed by all general partners of L.H. Rich Companies, specifically states that "by signing above, each General Partner hereby confirms that such person  has unlimited liability for the obligations of the Partnership." *See* Exhibit 4.

---

[58] The general partnership, L.H. Rich Companies, was formed under the laws of Washington State. *See* L.H. Rich Motion at 3.

Finally, the Trustee has the right to trace and determine all recipients of the fraudulent transfers through discovery. This issue, to the extent it exists, is not ripe for dismissal.

## I.    This Court has Personal Jurisdiction Over Diane Wilson

Certain Defendants also move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction,[59] but in the absence of discovery or an evidentiary hearing, the plaintiff "need only make a prima facie showing that jurisdiction exists and venue is proper." *Weisman*, 2012 WL 5512164, at *1; *see also Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981).

The fact that prior to being sued by the Trustee, Defendant Diane Wilson ("Wilson") filed two customer claims and an objection in this SIPA liquidation,[60] reinforces the conclusion that the Bankruptcy Court is the appropriate court for the adjudication of matters related to those claims. *See Gulf States Exploration Co. v. Manville Forest Prods. Corp.* (*In re Manville Forest Products Corp.*), 896 F.2d 1384, 1389 (2d Cir. 1990) (creditor's filed claim "submitted itself to the equitable power of the bankruptcy court to disallow its claim"); *In re St. Vincent's Catholic Med. Ctrs. of N.Y.*, 445 B.R. 264, 268 (Bankr. S.D.N.Y. 2011) (finding the bankruptcy court had

---

[59] This issue was raised in three Motions (*see* Adv. Pro. No. 10-04336, 10-04759, and 10-04774), but the Trustee only addresses the Motion as filed in *Picard v. Diane Wilson*, 10-04774 (SMB) (Bankr. S.D.N.Y. Jan. 31, 2012), ECF No. 10-1. The Trustee has previously opposed this basis for dismissal as raised in one Motion and is awaiting hearing. *See* Trustee's Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens, *Picard v. The Estate of Doris Igoin*, Adv. Pro. No. 10-04336 (SMB) (Bankr. S.D.N.Y. Aug. 3, 2012), ECF Nos. 30-31. In the second Motion, Defendant Howard Klee does not specifically state that the Court does not have personal jurisdiction, but in the case that the Court does not dismiss his action, Klee simply requests the case be transferred to Florida, where he currently resides. *See* Letter, *Picard v. Lewis R. Franck*, Adv. Pro. No. 10-04759 (SMB) (Bankr. S.D.N.Y. April 1, 2011), ECF No. 7. Setting aside the fact that for all the reasons described  herein, this Court is the appropriate forum to adjudicate these avoidance actions, it is not practical or logical to suggest that the Trustee should have to prosecute actions in each district where a customer who withdrew more than he or she deposited resides.

[60] Wilson filed two customer claims with the Trustee on or about January 28, 2009, designated as Claim Nos. 001219 and 001220. On or about October 19, 2009, the Trustee issued a Notice of Trustee's Determination of Claim (the "Determination") to Defendant with respect to Wilson's customer claims. Wilson filed an objection to the Determination on November 18, 2009. *See* Complaint at ¶¶ 40-42, *Picard v. Diane Wilson*, Adv. Pro. No. 10-04774 (SMB) (Bankr. S.D.N.Y. Dec. 1, 2010), ECF No. 1 ("Wilson Complaint").

jurisdiction to determine both the allowance and the amount of the claim because "[w]hen [the claimant] filed a proof of claim, it "'necessarily became a party under the court's core jurisdiction.'") (citing *In re CBI Holding Co.*, 529 F.3d 432, 466-67 (2d Cir. 2008) (filing a proof of claim submits a creditor to the bankruptcy court's equitable jurisdiction in proceedings affecting that claim)).[61]   For purposes of submission to jurisdiction, a customer claim filed in a SIPA action is the equivalent of a proof of claim filed in a bankruptcy proceeding.  *Picard v. Stahl*, 443 B.R. 295 (Bankr. S.D.N.Y. 2011); *Keller v. Blinder (In re Blinder Robinson & Co., Inc.)*, 135 B.R. 892, 896-97 (D. Col. 1991).

To the extent that there is any dispute that Wilson's customer claims subjected her to the Bankruptcy Court's equitable jurisdiction, the Trustee then must show that Wilson has "the requisite minimum contacts with the United States at large" to satisfy Fifth Amendment due process.  *Cruisephone, Inc. v. Cruise Ships Catering & Serv., N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325, 331 (Bankr. E.D.N.Y. 2002).  In addition to a "minimum contacts" inquiry, the court conducts a "reasonableness" inquiry to determine that its exercise of jurisdiction will not offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. Cal.*, 480 U.S. 102, 113 (1987); *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996); *see also* Fed. R. Bankr. Pro. 7004(f).  In deciding the issue, the court must construe the proof in the light most favorable to the plaintiff and resolve all factual disputes in the plaintiff's favor.  *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

---

[61] *See also Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power"); *Buena Vista TV v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 307 B.R. 404, 418 (Bankr. S.D.N.Y. 2004) ("[W]hen [plaintiffs] filed proofs of claim in the bankruptcy court, they submitted to the equitable jurisdiction of this court, especially with respect to the very subject matter of their claims.").

This Court's exercise of jurisdiction is consistent with Bankruptcy Rule 7004(f) and the Trustee has established that Wilson has sufficient minimum contacts with the United States to support specific personal jurisdiction. The adversary proceeding "arises out of" Wilson's contacts with the United States; but for Wilson's financial transactions to and from her New York BLMIS account, there could be no fraudulent transfer claim against Wilson. *See Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 418 B.R. 75, 80-81 (Bankr. S.D.N.Y. 2009) (finding personal jurisdiction where defendants opened BLMIS accounts, executed customer agreements with New York choice of law clauses, sent correspondence to the United States, and directed transfers to and from the BLMIS accounts). Wilson's purposeful availment was sufficiently extensive that she should have reasonably anticipated adjudication of her transactions to take place in the United States, and specifically New York. *See GMAM Inv. Funds Trust I v. Globo Comunicacoes E Participacoes S.A. (In re Globo Comunicacoes E Participacoes S.A.)*, 317 B.R. 235, 258 (S.D.N.Y. 2004). The Wilson Complaint alleges that the customer agreements executed by Wilson to open her BLMIS account were to be performed in New York through securities trading activities that would take place in New York. *See* Wilson Complaint at ¶¶ 34-36. The Wilson Complaint further alleges that Wilson's BLMIS account was held in New York and Wilson sent funds to BLMIS in New York. *Id.* In addition, Wilson personally and continuously sent correspondence to the United States to direct transfers and withdrawals to and from her BLMIS account in New York. Clearly, Wilson's investment in BLMIS was not "haphazard," but rather, Wilson "intentionally tossed a seed from abroad to take root and grow as a new tree in the Madoff money orchard in the United States and reap the benefits therefrom." *Picard v. Bureau of Labor Insurance*, 480 B.R. 501, 506 (Bank. S.D.N.Y. 2012). Wilson has minimal contacts with the United States.

Wilson has also failed to overcome the Trustee's showing by presenting a "compelling case" that jurisdiction would be unreasonable under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) ("[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."). In fact, the relevant reasonableness factors confirm that this Court's exercise of personal jurisdiction comports with "fair play and substantial justice." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. Cal.*, 480 U.S. 102, 113 (1987).

Here, the United States has a strong interest in applying the fraudulent transfer and preference provisions of its Bankruptcy Code. The Trustee's claims arise solely under United States bankruptcy law, and Wilson's withdrawals of fraudulent transfers have allegedly deprived United States' creditors of the distribution to which they are entitled in the BLMIS liquidation. *See Cohmad*, 418 B.R. at 81-82 (Bankr. S.D.N.Y. 2009) citing *U.S. Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Indus. Inc.)*, 68 B.R. 690, 699 (Bankr.S.D.N.Y.1986) (finding that United States had a strong interest where claim arose solely under United States bankruptcy law); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F.Supp.2d 369, 403 (S.D.N.Y.2002) (finding that New York had a strong interest in seeing its fraudulent conveyance law applied where defendants' transfers allegedly frustrated New York judgments). The Complaint specifically alleges that Wilson's purposeful and profitable activities contributed to the massive losses suffered by victims of the BLMIS Ponzi scheme in the United States. *See, e.g.*, Wilson Complaint at ¶¶ 2, 36. The Trustee also has a strong interest in litigating in the United States, as BLMIS was a New York corporation with its files in the United States. *See In re McLean*, 68 B.R. at 699 (finding that jurisdiction was reasonable where files pertaining to the

transaction were located in the forum).  Finally, "the most efficient resolution of the controversy" would be in the United States, where the inextricably-related BLMIS liquidation is ongoing before this Court.  *First Capital*, 218 F.Supp.2d at 403 (quoting *Asahi*, 480 U.S. at 113-16).

Given Wilson has the requisite minimum contacts and have failed to present a compelling case as to why jurisdiction would be unreasonable, this Court must conclude that it properly has personal jurisdiction over her.

## CONCLUSION

Defendants have failed to meet their burden on the Motions.  For the reasons discussed above, the Trustee respectfully requests that the Motions be denied in their entirety. Alternatively, should the Court determine that there is merit to any particular argument asserted by Defendants, the Trustee respectfully requests leave to amend any affected Complaint.[62]

Date:  March 10, 2014
　　　　New York, New York

By: */s/ David J. Sheehan*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

---

[62] Given the volume of Motions at issue, the Trustee reserves the right to separately address any argument inadvertently excluded from this Opposition.

*As to the following action:*                    By: */s/ Howard L. Simon*

*Picard v. Armand Lindenbaum*, Adv. Pro. No.    **WINDELS MARX LANE &**
10-04481                                          **MITTENDORF, LLP**
                                                  156 West 56th Street
                                                  New York, New York 10019
                                                  Telephone: (212) 237-1000
                                                  Facsimile: (212) 262-1215
                                                  Howard L. Simon
                                                  Email: hsimon@windelsmarx.com
                                                  Kim M. Longo
                                                  Email: klongo@windelsmarx.com
                                                  *Special Counsel to Irving H. Picard, Trustee for*
                                                  *the Substantively Consolidated SIPA*
                                                  *Liquidation of Bernard L. Madoff Investment*
                                                  *Securities LLC and the estate of Bernard L.*
                                                  *Madoff*

# APPENDIX A
## Included Motions to Dismiss[1]

| | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 1. | 10-05401 | Picard v. Estate of Eleanor Myers a/k/a Eleanor Block a/k/a Lee Block, et al. | 3/3/14 | Milberg LLP |
| 2. | 10-05255 | Picard v. Stefanelli Investors Group, et al.[2] | 2/28/14 | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 3. | 10-04797 | Picard v. Edmond A. Gorek, et al | 2/27/14 | Day Pitney LLP |
| 4. | 10-04623 | Picard v. Edmond A. Gorek | 2/27/14 | Day Pitney LLP |
| 5. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |

[1] This list identifies all defendants participating in this omnibus briefing process as of the filing date of the Trustee's memorandum of law in opposition to the motions to dismiss.

[2] Note that this motion to dismiss was filed in response to the amended complaint filed on January 10, 2012 and is substituted in place of the prior motion to dismiss filed on December 20, 2011 in response to the initial complaint, that was included on the original Appendix A filed with the Trustee's Letter dated February 20, 2014.

| | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 13. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 14. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 15. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 16. | 10-04772 | Picard v. M. Elliot Schnall | 1/24/14 | Herbert Biegel |
| 17. | 10-04655 | Picard v. Jaffe Family Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 18. | 10-04756 | Picard v. Stephen B. Kaye, et al. | 1/17/14 | Lax & Neville LLP |
| 19. | 10-04900 | Picard v. Bonnie J. Kansler | 1/17/14 | Lax & Neville LLP |
| 20. | 10-04881 | Picard v. Jillian Wernick Livingston | 1/17/14 | Lax & Neville LLP |
| 21. | 10-04481 | Picard v. Armand Lindenbaum | 1/17/14 | Lax & Neville LLP |
| 22. | 10-04467 | Picard v. David S. Wallenstein | 1/17/14 | Lax & Neville LLP |
| 23. | 10-04307 | Picard v. Howard Solomon | 1/17/14 | Lax & Neville LLP |
| 24. | 10-04988 | Picard v. Wallenstein / NY Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 25. | 10-04827 | Picard v. Madeline Gins Arakawa, et al. | 1/17/14 | Lax & Neville LLP |
| 26. | 10-04289 | Picard v. John Fujiwara, et al. | 1/17/14 | Lax & Neville LLP |
| 27. | 10-04301 | Picard v. Frieda Bloom | 1/17/14 | Lax & Neville LLP |
| 28. | 10-04304 | Picard v. Elinor Solomon | 1/17/14 | Lax & Neville LLP |
| 29. | 10-04647 | Picard v. Abbit Family Trust, et al | 1/17/14 | Lax & Neville LLP |
| 30. | 10-05169 | Picard v. Fairfield Pagma Associates, LP, et al. | 1/17/14 | Lax & Neville LLP |
| 31. | 10-05246 | Picard v. Frances J. Le Vine Rev. Trust, et al. | 1/17/14 | Lax & Neville LLP |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 32. | 10-04954 | Picard v. Ruth Kahn | 1/17/14 | Lax & Neville LLP |
| 33. | 10-05036 | Picard v. Elinor Friedman Felcher | 1/17/14 | Lax & Neville LLP |
| 34. | 10-05048 | Picard v. Armand L. Greenhall, et al. | 1/17/14 | Lax & Neville LLP |
| 35. | 10-05160 | Picard v. The Lanny Rose Rev. Trust, et al | 1/17/14 | Lax & Neville LLP |
| 36. | 10-04573 | Picard v. Bruce Leventhal 2001 Irrevocable Trust, et al. | 1/17/14 | Lax & Neville LLP |
| 37. | 10-04966 | Picard v. Onesco International, Ltd., et al. | 1/17/14 | Lax & Neville LLP |
| 38. | 10-05400 | Picard v. Ted Goldberg, et al. | 1/17/14 | Wachtel Missry LLP |
| 39. | 10-04726 | Picard v. Lori Chemla, et al. | 1/17/14 | Wachtel Missry LLP |
| 40. | 10-04579 | Picard v. Shetland Fund Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 41. | 10-04896 | Picard v. Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |
| 42. | 10-05372 | Picard v. O.D.D. Investment LP, et al. | 1/17/14 | Wachtel Missry LLP |
| 43. | 10-04502 | Picard v. Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 44. | 10-04363 | Picard v. Schiff Family Holdings Nevada Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 45. | 10-04447 | Picard v. Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 46. | 10-04472 | Picard v. Daniel N. Silna, et al. | 1/17/14 | Wachtel Missry LLP |
| 47. | 10-04470 | Picard v. Silna Family Inter Vivos Trust, et al. | 1/17/14 | Wachtel Missry LLP |
| 48. | 10-04357 | Picard v. James Greiff | 1/17/14 | Dentons LLP |
| 49. | 10-04796 | Picard v. Howard Kaye | 1/17/14 | McClaughlin & Stern LLP |
| 50. | 10-04735 | Picard v. Kara Fishbein Goldman, et al. | 1/17/14 | Pryor Cashman LLP |

| | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 51. | 10-04944 | Picard v. Pergament Equities LLC, et al. | 1/17/14 | Pryor Cashman LLP |
| 52. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 1/17/14 | Pryor Cashman LLP |
| 53. | 10-05087 | Picard v. Steven J. Lifton | 1/17/14 | Meyer, Suozzi, English & Klein, P.C. |
| 54. | 10-04906 | Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al. | 1/16/14 | Milberg LLP |
| 55. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
| 56. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 57. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 58. | 10-04415 | Picard v. Barbara J. Berdon | 3/22/13 | Dentons LLP |
| 59. | 10-05209 | Picard v. Lapin Children LLC | 3/22/13 | Dentons LLP |
| 60. | 10-04332 | Picard v. Barry Weisfeld | 3/22/13 | Dentons LLP |
| 61. | 10-04401 | Picard v. Rose Gindel Trust, et al. | 3/22/13 | Dentons LLP |
| 62. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 3/22/13 | Dentons LLP |
| 63. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | 3/22/13 | Dentons LLP |
| 64. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| 65. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | 3/22/13 | Dentons LLP |
| 66. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | 3/22/13 | Dentons LLP |
| 67. | 10-05058 | Picard v. America Israel Cultural Foundation | 3/22/13 | Dentons LLP |
| 68. | 10-04966 | Picard v. Onesco International, Ltd., et al | 3/22/13 | Milberg LLP |

| | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 69. | 10-04951 | Picard v. Harold A. Thau | 3/22/13 | Milberg LLP |
| 70. | 10-04946 | Picard v. Stephen R. Goldenberg | 3/22/13 | Milberg LLP |
| 71. | 10-05089 | Picard v. John Denver Concerts, Inc., et al. | 3/22/13 | Milberg LLP |
| 72. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | 3/22/13 | Milberg LLP |
| 73. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | 3/22/13 | Milberg LLP |
| 74. | 10-04725 | Picard v. Ruth E. Goldstein | 3/22/13 | Milberg LLP |
| 75. | 10-04601 | Picard v. Laurence E. Leif | 3/22/13 | Milberg LLP |
| 76. | 10-05069 | Picard v. Potamkin Family Foundation | 3/22/13 | Milberg LLP |
| 77. | 10-04576 | Picard v. Norton A. Eisenberg | 3/22/13 | Milberg LLP |
| 78. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | 3/22/13 | Milberg LLP |
| 79. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 80. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 81. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 82. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 83. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 84. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 85. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 86. | 10-05239 | Picard v. Robert Fried, et al. | 3/22/13 | Pryor Cashman LLP |
| 87. | 10-05439 | Picard v. Avram J. Goldberg, et al. | 3/22/13 | Pryor Cashman LLP |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 88. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 89. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 90. | 10-05397 | Picard v. Oakdale Foundation Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 91. | 10-04565 | Picard v. Murray & Irene Pergament Foundation, Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 92. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |
| 93. | 10-05027 | Picard v. 1776 K Street Associates Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 94. | 10-04976 | Picard v. Eleven Eighteen Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 95. | 10-04865 | Picard v. Edward H. Kaplan, et al. | 4/20/12 | Arent Fox LLP |
| 96. | 10-04336 | Picard v. The Estate of Doris Igoin, et al. | 4/2/12 | Kelley Drye & Warren LLP |
| 97. | 10-04799 | Picard v. Marvin L. Olshan | 2/3/12 | Olshan Grundman Frome Rosenzweig & Wolosky LLP |
| 98. | 10-04774 | Picard v. Diane Wilson | 1/31/12 | Simon & Partners LLP |
| 99. | 10-04551 | Picard v. Douglas D. Johnson | 1/4/12 | Herrick, Feinstein LLP |
| 100. | 10-04370 | Picard v. Sidney Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 101. | 10-04698 | Picard v. Nancy J. Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 102. | 10-04511 | Picard v. Weithorn/ Casper Associates For Selected Holdings, LLC, et al. | 6/24/11 | Becker Glynn, Melamed & Muffly LLP |
| 103. | 10-04419 | Picard v. Katz Group Limited Partnership, et al. | 6/20/11 | Becker Meisel LLC |

|  | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
|---|---|---|---|---|
| 104. | 10-04495 | Picard v. Carl Glick | 6/15/11 | Becker Glynn, Melamed & Muffly LLP |
| 105. | 10-04435 | Picard v. Prospect Capital Partners, et al. | 6/13/11 | Becker Glynn, Melamed & Muffly LLP |
| 106. | 10-04294 | Picard v. David T. Washburn | 6/13/11 | Becker Glynn, Melamed & Muffly LLP |
| 107. | 10-04323 | Picard v. Weiner Family Limited. Partnership, et al. | 6/1/11 | Fox Rothschild LLP |
| 108. | 10-04293 | Picard v. Marvin M. Weiner | 6/1/11 | Fox Rothschild LLP |
| 109. | 10-05371 | Picard v. L.H. Rich Companies, et al. | 5/10/11 | Garvey Schubert Baker |
| 110. | 10-04759 | Picard v. Lewis R. Franck, et al. | 4/1/11 | *Pro se* Defendant |
| 111. | 10-04744 | Picard v. Irving J. Pinto 1996 Grantor Retained Annuity Trust, et al. | 1/26/11 | Filed By Bruce S. Schaeffer, but now unrepresented; Estate's Counsel: Joseph A. Roman |
| 112. | 10-04538 | Picard v. James B. Pinto Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph A. Roman |
| 113. | 10-04588 | Picard v. Amy Pinto Lome Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph Roman |

# APPENDIX B
## Excluded Motions to Dismiss[1]

|     | Adv. Pro. No. | Case Caption | Date MTD Filed | Counsel for Defendant(s) |
| --- | --- | --- | --- | --- |
| 1. | 10-04417 | Picard v. The Lustig Family 1990 Trust, et al | 2/28/14 | Richard E. Signorelli |
| 2. | 10-04554 | Picard v. David Ivan Lustig | 2/28/14 | Richard E. Signorelli |
| 3. | 10-04569 | Picard v. Stephen H. Stern | 2/14/14 | Richard E. Signorelli |
| 4. | 10-05393 | Picard v. Francis G. Rea, et al. | 1/31/14 | Richard E. Signorelli |
| 5. | 10-05257 | Picard v. Edward A. Zraick Jr., et al. | 2/17/12 | Hunton & Williams LLP |
| 6. | 10-04629 | Picard v. Frank J. Lynch | 12/14/11 | McDermott Will & Emery LLP |
| 7. | 10-05109 | Picard v. F&P Lynch Family Partnership, L.P., et al. | 12/14/11 | McDermott Will & Emery LLP |
| 8. | 10-04959 | Picard v. Judith Pisetzner | 12/14/11 | Greenberg Traurig LLP |
| 9. | 10-05097 | Picard v. Pisetzner Family Limited Partnership, et al. | 12/14/11 | Greenberg Traurig LLP |
| 10. | 10-04463 | Picard v. Triangle Diversified Investments, et al. | 11/30/11 | Dickstein Shapiro LLP |
| 11. | 10-05388 | Lilyan Berkowitz | 10/18/11 | Morrison & Foerster LLP |
| 12. | 10-04475 | DPF Investors | 10/3/11 | Morrison & Foerster LLP |
| 13. | 10-04402 | Brierpatch Investments LLC | 10/3/11 | Morrison & Foerster LLP |
| 14. | 10-04721 | George D. Levy Trust | 10/3/11 | Morrison & Foerster LLP |
| 15. | 10-05057 | Joseph Persky Foundation | 10/3/11 | Morrison & Foerster LLP |
| 16. | 10-04421 | Picard v. A&G Goldman Partnership, et al. | 1/17/14 | Akerman LLP |

---

[1] This list identifies all defendants that have opted out of participating in this omnibus briefing process as of the filing date of the Trustee's memorandum of law in opposition to the motions to dismiss. Further note that seven motions seeking dismissal of complaints asserting only claims for fraudulent transfers within the six year period or preference claims are not included in this omnibus briefing process. *See* Adv. Pro. Nos. 10-05022, 10-05179, 10-04405, 10-05416, 10-04338, 10-04460, and 10-04662.

| 17. | 10-04850 | Picard v. Nathan Cohen Trust, et al. | 1/17/14 | Akerman LLP |
|-----|----------|--------------------------------------|---------|-------------|
| 18. | 10-04843 | Picard v. Nathan Cohen | 1/17/14 | Akerman LLP |
| 19. | 10-04936 | Picard v. L. Rags, Inc. | 1/17/14 | Akerman LLP |
| 20. | 10-04962 | Picard v. Estate of Alvin Rush | 1/17/14 | Akerman LLP |
| 21. | 10-05046 | Picard v. Martin Gettinger, et al. | 1/17/14 | Akerman LLP |
| 22. | 10-05108 | Picard v. Marilyn Davimos 1999 Grat, et al. | 1/17/14 | Akerman LLP |
| 23. | 10-05399 | Picard v. Martin Lifton, et al | 1/17/14 | Akerman LLP |
| 24. | 10-05433 | Picard v. Merida Associates, Inc., et al. | 1/17/14 | Akerman LLP |
| 25. | 10-04404 | Picard v. Empire Prospect Partnership, et al. | 1/17/14 | Akerman LLP |
| 26. | 10-04423 | Picard v. Joel Busel Rev Trust, et al. | 1/17/14 | Akerman LLP |
| 27. | 10-04832 | Picard v. Richard E. Winter Rev Trust, et al. | 1/17/14 | Akerman LLP |
| 28. | 10-04713 | Picard v. Marsy Mittleman | 1/17/14 | Akerman LLP |
| 29. | 10-05436 | Picard v. Just Empire, LLC | 1/17/14 | Akerman LLP |
| 30. | 10-04638 | Picard v. The Mittleman Family Foundation | 1/17/14 | Akerman LLP |
| 31. | 10-05223 | Picard v. Estate of Sam W. Klein, et al | 1/17/14 | Akerman LLP |

## APPENDIX C
## Issues Raised By Included Motions to Dismiss[1]

| | | TRUSTEE'S STANDING AND AUTHORITY UNDER SIPA | | |
|---|---|---|---|---|
| | **Adv. Pro. No.** | **Defendant(s)** | **Date MTD Filed** | **Counsel for Defendant(s)** |
| 1. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 2. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |

[1] Consistent with this Court's direction and the hearing held on March 4, 2014 and given the District Court's ruling regarding section 546(e) (*see Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y. 2012) which the Trustee has appealed to the Second Circuit, the Trustee will not address arguments relating to the 546(e) issue and the dismissal of the Trustee's constructive fraud claims, until the Second Circuit issues a decision. *See e.g.*, Adv. Pro. Nos. 10-04797, 10-04623, 10-05194, 10-04336. Certain older Motions raised challenges to the validity of the Trustee's net equity calculations; however, the Second Circuit has since affirmed the Trustee's approach. *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231 (2d Cir. 2011), *cert. denied sub nom.* These issues will not be re-briefed here. *See e.g.*, Adv. Pro. Nos. 10-04538, 10-04588, 10-04744.

| 12. | 10-05400 | Picard v. Ted Goldberg, et al. | 1/17/14 | Wachtel Missry LLP |
|-----|----------|-------------------------------|---------|--------------------|
| 13. | 10-04726 | Picard v. Lori Chemla, et al. | 1/17/14 | Wachtel Missry LLP |
| 14. | 10-04579 | Picard v. Shetland Fund Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 15. | 10-04896 | Picard v. Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |
| 16. | 10-05372 | Picard v. O.D.D. Investment LP, et al. | 1/17/14 | Wachtel Missry LLP |
| 17. | 10-04502 | Picard v. Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 18. | 10-04363 | Picard v. Schiff Family Holdings Nevada Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 19. | 10-04447 | Picard v. Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 20. | 10-04472 | Picard v. Daniel N. Silna, et al. | 1/17/14 | Wachtel Missry LLP |
| 21. | 10-04470 | Picard v. Silna Family Inter Vivos Trust, et al. | 1/17/14 | Wachtel Missry LLP |
| 22. | 10-05087 | Picard v. Steven J. Lifton | 1/17/14 | Meyer, Suozzi, English & Klein, P.C. |
| 23. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |
| 24. | 10-05027 | Picard v. 1776 K Street Associates Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 25. | 10-04976 | Picard v. Eleven Eighteen Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 26. | 10-04865 | Picard v. Edward H. Kaplan, et al. | 4/20/12 | Arent Fox LLP |
| 27. | 10-04744 | Picard v. Irving J. Pinto 1996 Grantor Retained Annuity Trust, et al. | 1/26/11 | Filed By Bruce S. Schaeffer, but now unrepresented; Estate's Counsel: Joseph A. Roman |
| 28. | 10-04538 | Picard v. James B. Pinto Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P Estate's Counsel: Joseph A. Roman |

| 29. | 10-04588 | Picard v. Amy Pinto Lome Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P<br><br>Estate's Counsel: Joseph Roman |
|---|---|---|---|---|
| **SUBJECT MATTER JURISDICTION**<br>***(Stern v. Marshall)*** | | | | |
| 1. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 2. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-05400 | Picard v. Ted Goldberg, et al. | 1/17/14 | Wachtel Missry LLP |
| 13. | 10-04726 | Picard v. Lori Chemla, et al. | 1/17/14 | Wachtel Missry LLP |
| 14. | 10-04579 | Picard v. Shetland Fund Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 15. | 10-04896 | Picard v. Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |

| 16. | 10-05372 | Picard v. O.D.D. Investment LP, et al. | 1/17/14 | Wachtel Missry LLP |
|---|---|---|---|---|
| 17. | 10-04502 | Picard v. Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 18. | 10-04363 | Picard v. Schiff Family Holdings Nevada Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 19. | 10-04447 | Picard v. Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 20. | 10-04472 | Picard v. Daniel N. Silna, et al. | 1/17/14 | Wachtel Missry LLP |
| 21. | 10-04470 | Picard v. Silna Family Inter Vivos Trust, et al. | 1/17/14 | Wachtel Missry LLP |
| 22. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |
| 23. | 10-05027 | Picard v. 1776 K Street Associates Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 24. | 10-04976 | Picard v. Eleven Eighteen Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 25. | 10-04865 | Picard v. Edward H. Kaplan, et al. | 4/20/12 | Arent Fox LLP |
| **STAY OF ACTION** | | | | |
| 1. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 2. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |

| | | | | |
|---|---|---|---|---|
| 8. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-05400 | Picard v. Ted Goldberg, et al. | 1/17/14 | Wachtel Missry LLP |
| 13. | 10-04726 | Picard v. Lori Chemla, et al. | 1/17/14 | Wachtel Missry LLP |
| 14. | 10-04579 | Picard v. Shetland Fund Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 15. | 10-04896 | Picard v. Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |
| 16. | 10-05372 | Picard v. O.D.D. Investment LP, et al. | 1/17/14 | Wachtel Missry LLP |
| 17. | 10-04502 | Picard v. Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 18. | 10-04363 | Picard v. Schiff Family Holdings Nevada Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 19. | 10-04447 | Picard v. Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 20. | 10-04472 | Picard v. Daniel N. Silna, et al. | 1/17/14 | Wachtel Missry LLP |
| 21. | 10-04470 | Picard v. Silna Family Inter Vivos Trust, et al. | 1/17/14 | Wachtel Missry LLP |
| **PLEADING OF FRAUD** | | | | |
| 1. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 2. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |

| 5. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-04772 | Picard v. M. Elliot Schnall | 1/24/14 | Herbert Biegel |
| 13. | 10-04357 | James Greiff | 1/17/14 | Dentons LLP |
| 14. | 10-04735 | Kara Fishbein Goldman | 1/17/14 | Pryor Cashman LLP |
| 15. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 16. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 17. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 18. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 19. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 20. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 21. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 22. | 10-05239 | Picard v. Robert Fried, et al. | 3/22/13 | Pryor Cashman LLP |
| 23. | 10-05439 | Picard v. Avram J. Goldberg, et al. | 3/22/13 | Pryor Cashman LLP |
| 24. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 25. | 10-04575 | Picard v. Boslow Family Limited | 3/22/13 | Pryor Cashman LLP |

| | | Partnership, et al. | | |
|---|---|---|---|---|
| 26. | 10-05397 | Picard v. Oakdale Foundation Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 27. | 10-04565 | Picard v. Murray & Irene Pergament Foundation, Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 28. | 10-04370 | Picard v. Sidney Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 29. | 10-04698 | Picard v. Nancy J. Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 30. | 10-04511 | Picard v. Weithorn/ Casper Associates For Selected Holdings, LLC, et al. | 6/24/11 | Becker Glynn, Melamed & Muffly LLP |
| 31. | 10-04419 | Picard v. Katz Group Limited Partnership, et al. | 6/20/11 | Becker Meisel LLC |
| 32. | 10-04662 | Lexington Capital Partners | 6/13/11 | Becker, Glynn, Melamed & Muffly |
| 33. | 10-04495 | Picard v. Carl Glick | 6/15/11 | Becker, Glynn, Melamed & Muffly |
| 34. | 10-04435 | Picard v. Prospect Capital Partners, et al. | 6/13/11 | Becker, Glynn, Melamed & Muffly |
| 35. | 10-04294 | Picard v. David T. Washburn | 6/13/11 | Becker, Glynn, Melamed & Muffly |
| 36. | 10-04323 | Picard v. Weiner Family Limited. Partnership, et al. | 6/1/11 | Fox Rothschild LLP |
| 37. | 10-04293 | Picard v. Marvin M. Weiner | 6/1/11 | Fox Rothschild LLP |
| 38. | 10-04744 | Irving J. Pinto 1996 Grantor Retained Trust | 1/26/11 | Filed By Bruce S. Schaeffer, but now unrepresented; Estate's Counsel: Joseph A. Roman |

| | | ANTECEDENT DEBT | | |
|---|---|---|---|---|
| 1. | 10-05401 | Picard v. Estate of Eleanor Myers a/k/a Eleanor Block a/k/a Lee Block, et al. | 3/3/14 | Milberg LLP |
| 2. | 10-05255 | Picard v. Stefanelli Investors Group, et al. | 2/28/14 | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 3. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 13. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 14. | 10-04799 | Picard v. Marvin L. Olshan | 2/3/12 | Olshan Grundman Frome Rosenzweig & Wolosky LLP |
| 15. | 10-04772 | Picard v. M. Elliot Schnall | 1/24/14 | Herbert Biegel |
| 16. | 10-04655 | Picard v. Jaffe Family Partnership, et al. | 1/17/14 | Lax & Neville LLP |

| 17. | 10-04756 | Picard v. Stephen B. Kaye, et al. | 1/17/14 | Lax & Neville LLP |
|-----|----------|-----------------------------------|---------|-------------------|
| 18. | 10-04900 | Picard v. Bonnie J. Kansler | 1/17/14 | Lax & Neville LLP |
| 19. | 10-04881 | Picard v. Jillian Wernick Livingston | 1/17/14 | Lax & Neville LLP |
| 20. | 10-04481 | Picard v. Armand Lindenbaum | 1/17/14 | Lax & Neville LLP |
| 21. | 10-04467 | Picard v. David S. Wallenstein | 1/17/14 | Lax & Neville LLP |
| 22. | 10-04307 | Picard v. Howard Solomon | 1/17/14 | Lax & Neville LLP |
| 23. | 10-04988 | Picard v. Wallenstein / NY Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 24. | 10-04827 | Picard v. Madeline Gins Arakawa, et al. | 1/17/14 | Lax & Neville LLP |
| 25. | 10-04289 | Picard v. John Fujiwara, et al | 1/17/14 | Lax & Neville LLP |
| 26. | 10-04301 | Picard v. Frieda Bloom | 1/17/14 | Lax & Neville LLP |
| 27. | 10-04304 | Picard v. Elinor Solomon | 1/17/14 | Lax & Neville LLP |
| 28. | 10-04647 | Picard v. Abbit Family Trust, et al | 1/17/14 | Lax & Neville LLP |
| 29. | 10-05169 | Picard v. Fairfield Pagma Associates, LP, et al. | 1/17/14 | Lax & Neville LLP |
| 30. | 10-05246 | Picard v. Frances J. Le Vine Rev. Trust, et al. | 1/17/14 | Lax & Neville LLP |
| 31. | 10-04954 | Picard v. Ruth Kahn | 1/17/14 | Lax & Neville LLP |
| 32. | 10-05036 | Picard v. Elinor Friedman Felcher | 1/17/14 | Lax & Neville LLP |
| 33. | 10-05048 | Picard v. Armand L. Greenhall, et al. | 1/17/14 | Lax & Neville LLP |
| 34. | 10-05160 | Picard v. The Lanny Rose Rev. Trust, et al | 1/17/14 | Lax & Neville LLP |
| 35. | 10-04573 | Picard v. Bruce Leventhal 2001 Irrevocable Trust, et al. | 1/17/14 | Lax & Neville LLP |
| 36. | 10-04966 | Picard v. Onesco International, Ltd., et al | 1/17/14 | Lax & Neville LLP |

| 37. | 10-04357 | Picard v. James Greiff | 1/17/14 | Dentons LLP |
| 38. | 10-04796 | Picard v. Howard Kaye | 1/17/14 | McClaughlin & Stern LLP |
| 39. | 10-04735 | Picard v. Kara Fishbein Goldman, et al. | 1/17/14 | Pryor Cashman LLP |
| 40. | 10-04906 | Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al. | 1/16/14 | Milberg LLP |
| 41. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
| 42. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 43. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 44. | 10-04415 | Picard v. Barbara J. Berdon | 3/22/13 | Dentons LLP |
| 45. | 10-05209 | Picard v. Lapin Children LLC | 3/22/13 | Dentons LLP |
| 46. | 10-04332 | Picard v. Barry Weisfeld | 3/22/13 | Dentons LLP |
| 47. | 10-04401 | Picard v. Rose Gindel Trust, et al. | 3/22/13 | Dentons LLP |
| 48. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 3/22/13 | Dentons LLP |
| 49. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | 3/22/13 | Dentons LLP |
| 50. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| 51. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | 3/22/13 | Dentons LLP |
| 52. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | 3/22/13 | Dentons LLP |
| 53. | 10-05058 | Picard v. America Israel Cultural Foundation | 3/22/13 | Dentons LLP |
| 54. | 10-04966 | Picard v. Onesco International, Ltd., et al | 3/22/13 | Milberg LLP |
| 55. | 10-04951 | Picard v. Harold A. Thau | 3/22/13 | Milberg LLP |
| 56. | 10-04946 | Picard v. Stephen R. Goldenberg | 3/22/13 | Milberg LLP |

| 57. | 10-05089 | Picard v. John Denver Concerts, Inc., et al. | 3/22/13 | Milberg LLP |
|-----|----------|----------------------------------------------|---------|-------------|
| 58. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | 3/22/13 | Milberg LLP |
| 59. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | 3/22/13 | Milberg LLP |
| 60. | 10-04725 | Picard v. Ruth E. Goldstein | 3/22/13 | Milberg LLP |
| 61. | 10-04601 | Picard v. Laurence E. Leif | 3/22/13 | Milberg LLP |
| 62. | 10-05069 | Picard v. Potamkin Family Foundation | 3/22/13 | Milberg LLP |
| 63. | 10-04576 | Picard v. Norton A. Eisenberg | 3/22/13 | Milberg LLP |
| 64. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | 3/22/13 | Milberg LLP |
| 65. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 66. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 67. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 68. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 69. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 70. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 71. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 72. | 10-05239 | Picard v. Robert Fried, et al. | 3/22/13 | Pryor Cashman LLP |
| 73. | 10-05439 | Picard v. Avram J. Goldberg, et al. | 3/22/13 | Pryor Cashman LLP |
| 74. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 75. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 76. | 10-05397 | Picard v. Oakdale Foundation Inc., et al. | 3/22/13 | Pryor Cashman LLP |

| 77. | 10-04565 | Picard v. Murray & Irene Pergament Foundation, Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 78. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |
| 79. | 10-05027 | Picard v. 1776 K Street Associates Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 80. | 10-04976 | Picard v. Eleven Eighteen Limited Partnership, et al. | 4/20/12 | Arent Fox LLP |
| 81. | 10-04865 | Picard v. Edward H. Kaplan, et al. | 4/20/12 | Arent Fox LLP |
| 82. | 10-04774 | Picard v. Diane Wilson | 1/31/12 | Simon & Partners LLP |
| 83. | 10-04551 | Picard v. Douglas D. Johnson | 1/4/12 | Herrick, Feinstein LLP |
| 84. | 10-04370 | Picard v. Sidney Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 85. | 10-04698 | Picard v. Nancy J. Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 86. | 10-04323 | Picard v. Weiner Family Limited. Partnership, et al. | 6/1/11 | Fox Rothschild LLP |
| 87. | 10-04293 | Picard v. Marvin M. Weiner | 6/1/11 | Fox Rothschild LLP |
| **INTRA-ACCOUNT TRANSFERS/MULTIPLE ACCOUNTS** | | | | |
| 1. | 10-04655 | Picard v. Jaffe Family Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 2. | 10-04756 | Picard v. Stephen B. Kaye, et al. | 1/17/14 | Lax & Neville LLP |
| 3. | 10-04900 | Picard v. Bonnie J. Kansler | 1/17/14 | Lax & Neville LLP |
| 4. | 10-04881 | Picard v. Jillian Wernick Livingston | 1/17/14 | Lax & Neville LLP |
| 5. | 10-04988 | Picard v. Wallenstein / NY Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 6. | 10-04827 | Picard v. Madeline Gins Arakawa, et al. | 1/17/14 | Lax & Neville LLP |

| 7. | 10-04289 | Picard v. John Fujiwara, et al | 1/17/14 | Lax & Neville LLP |
|---|---|---|---|---|
| 8. | 10-04301 | Picard v. Frieda Bloom | 1/17/14 | Lax & Neville LLP |
| 9. | 10-04304 | Picard v. Elinor Solomon | 1/17/14 | Lax & Neville LLP |
| 10. | 10-04647 | Picard v. Abbit Family Trust, et al | 1/17/14 | Lax & Neville LLP |
| 11. | 10-05169 | Picard v. Fairfield Pagma Associates, LP, et al. | 1/17/14 | Lax & Neville LLP |
| 12. | 10-04954 | Picard v. Ruth Kahn | 1/17/14 | Lax & Neville LLP |
| 13. | 10-05036 | Picard v. Elinor Friedman Felcher | 1/17/14 | Lax & Neville LLP |
| 14. | 10-05048 | Picard v. Armand L. Greenhall, et al. | 1/17/14 | Lax & Neville LLP |
| 15. | 10-05160 | Picard v. The Lanny Rose Rev. Trust, et al | 1/17/14 | Lax & Neville LLP |
| 16. | 10-04573 | Picard v. Bruce Leventhal 2001 Irrevocable Trust, et al. | 1/17/14 | Lax & Neville LLP |
| 17. | 10-04966 | Picard v. Onesco International, Ltd., et al. | 1/17/14 | Lax & Neville LLP |
| 18. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
| 19. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 20. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 21. | 10-04415 | Picard v. Barbara J. Berdon | 3/22/13 | Dentons LLP |
| 22. | 10-05209 | Picard v. Lapin Children LLC | 3/22/13 | Dentons LLP |
| 23. | 10-04401 | Picard v. Rose Gindel Trust, et al. | 3/22/13 | Dentons LLP |
| 24. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 3/22/13 | Dentons LLP |
| 25. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | 3/22/13 | Dentons LLP |
| 26. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |

| 27. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | 3/22/13 | Dentons LLP |
|---|---|---|---|---|
| 28. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | 3/22/13 | Dentons LLP |
| 29. | 10-04601 | Picard v. Laurence E. Leif | 3/22/13 | Milberg LLP |
| 30. | 10-05069 | Picard v. Potamkin Family Foundation | 3/22/13 | Milberg LLP |
| 31. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 32. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 33. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 34. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 35. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 36. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 37. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 38. | 10-05397 | Picard v. Oakdale Foundation Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 39. | 10-04565 | Picard v. Murray & Irene Pergament Foundation, Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 40. | 10-04538 | Picard v. James B. Pinto Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P  Estate's Counsel: Joseph A. Roman |
| 41. | 10-04588 | Picard v. Amy Pinto Lome Rev. Trust, et al | 1/26/11 | Filed By Bruce S. Schaeffer, but now represented by Marvin Ingber / McClay Alton, P.L.L.P  Estate's Counsel: Joseph Roman |

| | AVOIDANCE OF OBLIGATIONS | | | |
|---|---|---|---|---|
| 1. | 10-05401 | Picard v. Estate of Eleanor Myers a/k/a Eleanor Block a/k/a Lee Block, et al. | 3/3/14 | Milberg LLP |
| 2. | 10-05255 | Picard v. Stefanelli Investors Group, et al. | 2/28/14 | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 3. | 10-04735 | Picard v. Kara Fishbein Goldman, et al. | 1/17/14 | Pryor Cashman LLP |
| 4. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
| 5. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 6. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 7. | 10-04415 | Picard v. Barbara J. Berdon | 3/22/13 | Dentons LLP |
| 8. | 10-05209 | Picard v. Lapin Children LLC | 3/22/13 | Dentons LLP |
| 9. | 10-04332 | Picard v. Barry Weisfeld | 3/22/13 | Dentons LLP |
| 10. | 10-04401 | Picard v. Rose Gindel Trust, et al. | 3/22/13 | Dentons LLP |
| 11. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 3/22/13 | Dentons LLP |
| 12. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | 3/22/13 | Dentons LLP |
| 13. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| 14. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | 3/22/13 | Dentons LLP |
| 15. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | 3/22/13 | Dentons LLP |
| 16. | 10-04966 | Picard v. Onesco International, Ltd., et al | 3/22/13 | Milberg LLP |
| 17. | 10-04951 | Picard v. Harold A. Thau | 3/22/13 | Milberg LLP |
| 18. | 10-04946 | Picard v. Stephen R. Goldenberg | 3/22/13 | Milberg LLP |

| 19. | 10-05089 | Picard v. John Denver Concerts, Inc., et al. | 3/22/13 | Milberg LLP |
|---|---|---|---|---|
| 20. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | 3/22/13 | Milberg LLP |
| 21. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | 3/22/13 | Milberg LLP |
| 22. | 10-04725 | Picard v. Ruth E. Goldstein | 3/22/13 | Milberg LLP |
| 23. | 10-04601 | Picard v. Laurence E. Leif | 3/22/13 | Milberg LLP |
| 24. | 10-05069 | Picard v. Potamkin Family Foundation | 3/22/13 | Milberg LLP |
| 25. | 10-04576 | Picard v. Norton A. Eisenberg | 3/22/13 | Milberg LLP |
| 26. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | 3/22/13 | Milberg LLP |
| 27. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 28. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 29. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 30. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 31. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 32. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 33. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 34. | 10-05239 | Picard v. Robert Fried, et al. | 3/22/13 | Pryor Cashman LLP |
| 35. | 10-05439 | Picard v. Avram J. Goldberg, et al. | 3/22/13 | Pryor Cashman LLP |
| 36. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 37. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 38. | 10-05397 | Picard v. Oakdale Foundation | 3/22/13 | Pryor Cashman LLP |

| | | Inc., et al. | | |
|---|---|---|---|---|
| 39. | 10-04565 | Picard v. Murray & Irene Pergament Foundation, Inc., et al. | 3/22/13 | Pryor Cashman LLP |
| 40. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |
| **SUBSEQUENT TRANSFER CLAIMS** | | | | |
| 1. | 10-05255 | Picard v. Stefanelli Investors Group, et al. | 2/28/14 | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 2. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 8. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 9. | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 13. | 10-04944 | Picard v. Pergament Equities LLC, et al. | 1/17/14 | Pryor Cashman LLP |

| 14. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
|-----|----------|--------------------------|---------|-------------|
| 15. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 16. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 17. | 10-04401 | Picard v. Rose Gindel Trust, et al. | 3/22/13 | Dentons LLP |
| 18. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 3/22/13 | Dentons LLP |
| 19. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | 3/22/13 | Dentons LLP |
| 20. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| 21. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | 3/22/13 | Dentons LLP |
| 22. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | 3/22/13 | Dentons LLP |
| 23. | 10-04966 | Picard v. Onesco International, Ltd., et al | 3/22/13 | Milberg LLP |
| 24. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | 3/22/13 | Milberg LLP |
| 25. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | 3/22/13 | Milberg LLP |
| 26. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | 3/22/13 | Milberg LLP |
| 27. | 10-05194 | Picard v. Bruce D. Pergament, et al. | 3/22/13 | Pryor Cashman LLP |
| 28. | 10-04341 | Picard v. James P. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 29. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| 30. | 10-05439 | Picard v. Avram J. Goldberg, et al. | 3/22/13 | Pryor Cashman LLP |
| 31. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |

| 32. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
|---|---|---|---|---|
| 33. | 10-04540 | Picard v. Jonathan Sobin | 3/22/13 | Seeger Weiss LLP |
| 34. | 10-05283 | Estate of Gladys C. Luria | 12/14/11 | Jaspan Schlesinger LLP |
| 35. | 10-04463 | Picard v. Triangle Diversified Investments, et al. | 11/30/11 | Dickstein Shapiro LLP |
| 36. | 10-04460 | Lexus Worldwide | 10/3/11 | Dickstein Shapiro LLP |
| 37. | 10-04370 | Picard v. Sidney Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 38. | 10-04698 | Picard v. Nancy J. Marks Trust 2002, et al. | 9/5/11 | Wilmer Cutler Pickering Hale and Dorr LLP |
| 39. | 10-04511 | Picard v. Weithorn/ Casper Associates For Selected Holdings, LLC, et al. | 6/24/11 | Becker Glynn, Melamed & Muffly LLP |
| 40. | 10-04419 | Katz Group Ltd Partnership | 6/20/11 | Becker Meisel LLC |
| 41. | 10-04323 | Picard v. Weiner Family Limited. Partnership, et al. | 6/1/11 | Fox Rothschild LLP |
| 42. | 10-04293 | Picard v. Marvin M. Weiner | 6/1/11 | Fox Rothschild LLP |
| 43. | 10-05371 | L.H. Rich Companies | 5/10/11 | Garvey Schubert Baker |
| **IRA/TRUST DISTRIBUTIONS** | | | | |
| 1. | 10-04799 | Picard v. Marvin L. Olshan | 2/3/12 | Olshan Grundman Frome Rosenzweig & Wolosky LLP |
| 2. | 10-04655 | Picard v. Jaffe Family Partnership, et al. | 1/17/14 | Lax & Neville LLP |
| 3. | 10-04756 | Picard v. Stephen B. Kaye, et al. | 1/17/14 | Lax & Neville LLP |
| 4. | 10-04900 | Picard v. Bonnie J. Kansler | 1/17/14 | Lax & Neville LLP |
| 5. | 10-04861 | Picard v. Harold J. Hein | 3/22/13 | Dentons LLP |
| 6. | 10-04921 | Picard v. Stanley T. Miller | 3/22/13 | Dentons LLP |
| 7. | 10-04672 | Picard v. Sidney Cole | 3/22/13 | Dentons LLP |
| 8. | 10-05384 | Picard v. Neil Reger Profit | 3/22/13 | Dentons LLP |

| | | Sharing Keogh, et al. | | |
|---|---|---|---|---|
| 9. | 10-04576 | Picard v. Norton A. Eisenberg | 3/22/13 | Milberg LLP |
| 10. | 10-04725 | Picard v. Ruth E. Goldstein | 3/22/13 | Milberg LLP |
| 11. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | 3/22/13 | Milberg LLP |
| 12. | 10-04724 | Picard v. P. Charles Gabriele | 3/22/13 | Milberg LLP |
| 13. | 10-04582 | Picard v. Gerald Blumenthal | 3/22/13 | Milberg LLP |
| 14. | 10-05136 | Picard v. Richard Roth | 3/22/13 | Milberg LLP |
| 15. | 10-05118 | Picard v. Charlotte M. Marden, et al. | 3/22/13 | Pryor Cashman LLP |
| 16. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | 3/22/13 | Pryor Cashman LLP |
| **PREFERENCES** | | | | |
| 1. | 10-05255 | Picard v. Stefanelli Investors Group, et al. | 2/28/14 | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| **SECTION 502(D) DISALLOWANCE OF CLAIMS** | | | | |
| 1. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| **STATE-SPECIFIC LAWS** | | | | |
| 1. | 10-04419 | Picard v. Katz Group Limited Partnership, et al. | 6/20/11 | Becker Meisel LLC |
| 2. | 10-04759 | Picard v. Lewis R. Franck, et al. | 4/1/11 | *Pro se* Defendant |
| **CHARITABLE DONATIONS/FREE EXERCISE OF RELIGION** | | | | |
| 1. | 10-05224 | Picard v. David R. Markin, et al. | 3/22/13 | Dentons LLP |
| 2. | 10-05058 | Picard v. America Israel Cultural Foundation | 3/22/13 | Dentons LLP |
| **PROBATE STATUTES** | | | | |
| 1. | 10-04998 | Picard v. Estate of Hermen Greenberg, et al. | 6/15/12 | Arent Fox LLP |

| | GENERAL PARTNERSHIP | | | |
|---|---|---|---|---|
| 1. | 10-05371 | L.H. Rich Companies | 5/10/11 | Garvey Schubert Baker |

| | SERVICE OF PROCESS | | | |
|---|---|---|---|---|
| 1. | 10-05371 | Picard v. L.H. Rich Companies, et al. | 5/10/11 | Garvey Schubert Baker |

| | PERSONAL JURISDICTION | | | |
|---|---|---|---|---|
| 1. | 10-04336 | Picard v. The Estate of Doris Igoin, et al.[2] | 4/2/12 | Kelley Drye & Warren LLP |
| 2. | 10-04774 | Picard v. Diane Wilson | 1/31/12 | Simon & Partners LLP |
| 3. | 10-04759 | Picard v. Lewis R. Franck, et al. | 4/1/11 | *Pro se* Defendant |

| | JOINDER IN OTHER MOTIONS TO DISMISS[3] | | | |
|---|---|---|---|---|
| 1. | 10-04349 | Picard v. Pauline B. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 2. | 10-04394 | Picard v. Frederic Z. Konigsberg, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 3. | 10-04396 | Picard v. Edith A. Schur | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 4. | 10-04408 | Picard v. Cheryl Yankowitz, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 5. | 10-04468 | Picard v. Ken-Wen Family Limited Partnership, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 6. | 10-04560 | Picard v. Richard E. Feldman | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 7. | 10-04561 | Picard v. Jeffrey R. Werner 11/1/98 Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |

---

[2] The Trustee has previously opposed this basis for dismissal as raised in this Motion and is awaiting hearing. *See* Trustee's Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens, *Picard v. The Estate of Doris Igoin,* Adv. Pro. No. 10-04336 (SMB) (Bankr. S.D.N.Y. Aug. 3, 2012), ECF Nos. 30-31.

[3] These defendants have included a joinder provision in their individual motions in which they join in arguments made in other motions to dismiss filed by similarly-situated defendants in other BLMIS adversary proceedings.

| 8.  | 10-04717 | Picard v. William Diamond | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
|-----|----------|---------------------------|---------|------------------------------------|
| 9.  | 10-05094 | Picard v. The Estate of Carolyn Miller, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 10. | 10-05231 | Picard v. Trust under Deed of Suzanne R. May, et al | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 11. | 10-04361 | Picard v. Harvey L. Werner Revocable Trust, et al. | 2/18/14 | Bernfeld, DeMatteo & Bernfeld, LLP |
| 12. | 10-05087 | Picard v. Steven J. Lifton | 1/17/14 | Meyer, Suozzi, English & Klein, P.C. |
| 13. | 10-04906 | Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al. | 1/16/14 | Milberg LLP |