# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80012-CIV-MARRA

PAMELA GOLDMAN and A & G
GOLDMAN PARTNERSHIP,

    Plaintiffs,

vs.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION; JOHN DOE TRUSTEES
OF THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower.
    _____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED
STATEMENT OF MATERIAL FACTS AND MEMORANDUM OF LAW**

    Plaintiffs Pamela Goldman and A & G Goldman Partnership, by and through their undersigned counsel, and pursuant to Rules 56 and 57 of the Federal Rules of Civil Procedure and Local Rule 56.1, hereby move for summary judgment in their favor with respect to the declaratory relief sought in Plaintiffs' Complaint for Declaratory Judgment [D.E. 1]. By this motion, Plaintiffs seek a declaratory judgment that neither the injunction issued by the United

1

States Bankruptcy Court for the Southern District of New York as part of its order, dated January 13, 2011 ("Picower Injunction"), nor the automatic stay provisions (the "Automatic Stay") of Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), bar, prohibit, restrict or prevent the Plaintiffs from filing and prosecuting the proposed securities law class action complaint that is attached to Plaintiffs' Complaint for Declaratory Judgment as Exhibit A thereto (the "Class Action Complaint") against certain non-debtor defendants (collectively, the "Picower Defendants").

Summary judgment is appropriate because there is no genuine dispute as to any material facts, and Plaintiffs are entitled to judgment as a matter of law.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction to enter a summary judgment with respect to whether the Picower Injunction and Automatic Stay apply to the Class Action Complaint. In prior proceedings before the Southern District of New York, U.S. District Judge Sullivan held that Plaintiffs' prior draft complaints had failed to plead securities law claims that were not derivative of the Trustee's fraudulent conveyance claims, but acknowledged that a Florida federal court would have jurisdiction to adjudicate new amended complaints. *See A&G Goldman Partnership v. Picard*, No. 12 Civ. 6109(RJS), 2013 WL 5511027, at *11 (S.D.N.Y. Sept. 30, 2013). Similarly, in *Marshall v. Picard*, No. 12-1645 (2d Cir. Jan. 13, 2014) ("*Marshall*", attached hereto as **Exhibit "A"**), another case involving the Picower Defendants' participation in the BLMIS fraud, the Second Circuit noted that a non-derivative complaint against the Picower Defendants could be plead, and thus granted leave to two putative classes of investors to amend their state law conspiracy complaints in the Southern District of Florida. *Id.* at 23, 28.

2

## STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

1. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against the estate of Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BLMIS", and together with Madoff, the "Debtors"). *See SEC v. Madoff*, Case No. 1:08-cv-10791-LLS, D.E. 1.

2. On December 15, 2008, the District Court entered an order pursuant to Section 78eee(a)(4)(A) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") which, in pertinent part, appointed Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of BLMIS, pursuant to Section 78eee(b)(3) of SIPA. *See SEC v. Madoff*, Case No. 1:08-cv-10791-LLS, D.E. 4.

3. On May 12, 2009, the Trustee filed a complaint (the "Picower Complaint") in the United States Bankruptcy Court for the Southern District of New York commencing an adversary proceeding against certain of the Picower Defendants, captioned *Picard v. Picower*, Adv. Pro. No. 09-1197 (BRL).

4. On January 13, 2011, the Bankruptcy Court entered an order (the "Picower Settlement Order") approving a settlement agreement entered into by the Trustee and certain of the Picower Defendants. *See id.*, D.E. 43.

5. The Picower Settlement Order contained the following permanent injunction provision:

> ORDERED, that any BLMIS customer or creditor of the BLMIS estate who filed or could have filed a claim in the liquidation, anyone acting on their behalf or in

---

[1] Pursuant to Federal Rule of Civil Procedure 201, this Court may take judicial notice of adjudicative facts, including public records. *See, e.g., Ubuy Holdings, Inc. v. Gladstone*, 340 F. Supp. 2d 1343, 1346-47 (S.D. Fla. 2004).

3

concert or participation with them, or anyone whose claim in any way arises from or is related to BLMIS or the Madoff Ponzi scheme, is hereby permanently enjoined from asserting any claim against the Picower BLMIS Accounts or the Picower Releasees that is duplicative or derivative of the claims brought by the Trustee, or which could have been brought by the Trustee against the Picower BLMIS Accounts or the Picower Releasees.

*Id.*, D.E. 43 at 7.

6. Plaintiffs filed their Complaint for Declaratory Judgment on January 6, 2014, which attaches the proposed Class Action Complaint as Exhibit A thereto [D.E. 1-2].

### STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is also appropriate where, as here, there is no dispute as to any material fact, and only questions of law remain. *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1 (1st Cir. 1997). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For the purposes of the instant motion, whether or not the Class Action Complaint states a cause of action against the Picower Defendants is not yet before the Court. *See A&G Goldman Partnership*, 2013 WL 5511027, at *6 (S.D.N.Y. Sept. 30, 2013).

### MEMORANDUM OF LAW

The Picower Settlement Order permanently enjoins only claims that are "duplicative or derivative of the claims" possessed by the Trustee. As explained more fully below and in the Complaint for Declaratory Judgment, the Class Action Complaint pleads claims pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t ("Section 20(a)") which are neither

4

duplicative nor derivative of the Trustee's claims. As a result, the Picower Settlement Order does not bar Plaintiffs from filing and litigating the Class Action complaint.

A.  The Trustee cannot assert Section 20(a) claims against the Picower Defendants.

The property of the BLMIS estate under 11 U.S.C. § 362(a)(3) includes claims against third parties arising "from harm done to the estate," but does not include claims alleging direct injuries suffered by creditors. *See Picard v. JPMorgan Chase & Co.*, 721 F.3d 54, 70–71 (2d Cir. 2013). Accordingly, the Trustee "has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by [BLMIS] itself." *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991). In particular, the BLMIS estate cannot plead that it suffered damages as a result of securities fraud – an essential element of a Section 20(a) claim – because BLMIS was not a purchaser of the BLMIS securities. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 754-55 (1975); *Birnbaum et al. v. Newport Steel Corp.*, 193 F.2d 461, 463-64 (2d Cir. 1952). The BLMIS estate therefore lacks the authority to plead a Section 20(a) claim against third parties. *See Bloor v. Carro, Spanbock*, 754 F.2d 57, 62 n.4 (2d Cir. 1985) ("The Trustee in Bankruptcy has standing to represent only the interests of a debtor corporation. Therefore, he has no standing to assert claims of damages to the defrauded purchasers of securities.") (citation omitted).

Section 20(a) provides that persons like the Picower Defendants who "directly or indirectly" control a primary securities violator are jointly and severally liable to securities purchasers for all damages caused by the underlying securities fraud. Thus, because the Picower Defendants are "directly liable" to harmed investors, Section 20(a) claims against them "are not derivative and are not covered by the Picower Injunction, even if they arise from similar facts as

5

the Trustee's fraudulent conveyance claims." *See A&G Goldman Partnership*, 2013 WL 5511027, at *6.

**B.    The Section 20(a) claims in the Class Action Complaint are neither derivative nor duplicative of the Trustee's claims.**

In this case, the Class Action Complaint squarely alleges that the Picower Defendants controlled BLMIS within the meaning of Section 20(a), and knowingly used BLMIS as an intermediary to make misrepresentations to BLMIS investors. The Class Action Complaint alleges direct reliance by class members upon false financial information created directly or indirectly by the Picower Defendants, and further alleges:

- Jeffry Picower ("Picower") caused BLMIS employees to book false fabricated securities transactions in his accounts, with the knowledge "that these false transactions (1) directly resulted in additional material misrepresentations to other BLMIS investors as to their account values and profits, and (2) required defalcation of funds from other BLMIS investors to pay Picower and his affiliates." ¶ 2.

- Picower's control of BLMIS, combined with his "knowledge that other BLMIS customers would be defrauded as a result of the transactions that he directed, amounted to Picower making direct misrepresentations to those customers." ¶ 3.

- Investors were "intentionally deceived as to the true state of BLMIS's financial condition . . . as a result of, and in reliance upon, false financial information created directly or indirectly by Picower." ¶ 3.

- "Picower . . . was able to fraudulently induce Plaintiffs to invest . . . in BLMIS by the creation and dissemination of materially false information concerning Plaintiffs' accounts. ¶ 4.

- "Picower knew and intended that each phony recording of a fictitious profitable transaction in his accounts resulted directly in the recording of false transactions" in the accounts of other BLMIS customers. ¶ 65.

- "Picower's direction of fraudulent misrepresentations with respect to his own accounts, coupled with his knowledge and intent that BLMIS would necessarily create corresponding false entries in other BLMIS customer

6

accounts, made Picower jointly and severally liable for BLMIS's misrepresentations." ¶ 68.

- Picower knew that in order to maintain the Ponzi scheme, his phony profits "necessitated the creation of corresponding phony account records in other BLMIS customer accounts." ¶ 69.

- Picower had the "ability to direct the creation and dissemination of false and misleading trading documentation which he knew would be incorporated in financial disclosures made by BLMIS." ¶ 71.

- "Picower directly or indirectly induced . . . BLMIS customers to pay BLMIS for non-existent securities." ¶ 90.

- "Picower directly or indirectly induced the material misrepresentations and omissions giving rise to the securities violations alleged herein." ¶ 91.

Picower's behavior is exactly the type of wrongful conduct that Section 20(a) was enacted to stop. *See* H.R. Rep. No. 73-1383, at 26 (1934) ("The intent of Section 20(a) is to prevent defendants from escaping liability for securities fraud by using intermediaries to carry out actions that would be prohibited under the Securities Exchange Act if performed directly). Moreover, the Class Action Complaint makes clear that it seeks only damages resulting from securities law violations, not fraudulent conveyances. Thus, the Class Action complaint alleges a control relationship maintained by the Picower Defendants, as well as direct misrepresentations by the Picower Defendants to all innocent BLMIS investors, upon which they relied in making their investment decisions. The Class Action Complaint is a well-plead Section 20(a) claim alleging particularized injury on the part of securities holders directly traceable to Picower's conduct that is not duplicative or derivative. *See Marshall*, **Exh. A**, at 14.

The Eleventh Circuit has expressly held that a Section 20(a) claim like the one asserted in the Class Action Complaint is a direct action which does not belong to a bankruptcy trustee and which may be asserted by securities holders against defendants. *See Medkser v. Feingold*, 307

7

Fed. App'x 262, 265 (11th Cir. 2008). In *Medkser*, a group of investors brought Section 20(a) claims against the principals of a bankrupt hedge fund, accusing them of, *inter alia,* controlling the hedge fund and violating securities laws by funneling the investors' funds into the defendants' own offshore accounts. The defendants argued that the investors' control person claims had to be raised as part of the bankruptcy estate. The trial court incorrectly found that the claims were derivative, and granted judgment on the pleadings in favor of defendants. The Eleventh Circuit vacated the judgment, and held that:

> The claims involve direct injuries sustained by these plaintiffs based their own reliance on fraudulent statements and misrepresentations made to them. **The fact that some other investors may also have been similarly injured does not transform these direct claims into derivative ones.** The corporate entity could not bring suit to recover the investment that these plaintiffs made relying on the fraudulent actions of the defendants; thus, these claims may be maintained in this direct action.

*Id.* at 265 (emphasis supplied). The Eleventh Circuit's holding in *Medkser* definitively establishes that a Section 20(a) claim, brought by victimized investors against the control persons of an entity engaged in securities fraud, is not "derivative" of any claims owned by the entity's bankruptcy estate.

Defendants may attempt to rely on the Second Circuit's recent decision in *Marshall v. Picard*. *See* **Exh. A**. In *Marshall*, the Second Circuit held that state law conspiracy and related claims which plead that the Picower Defendants "prepared false documentation, recorded and withdrew fictional profits, and filed false statements in connection with their tax returns" were duplicative of the Trustee's claims, because such allegations "'plead nothing more than that the Picower Defendants fraudulently withdrew money from BLMIS.'" *Id.* at 19-20. As noted previously, the Second Circuit expressly permitted amended complaints to be filed in the Southern District of Florida, and noted that direct claims could be plead.

8

Moreover, in contrast to the complaints discussed in *Marshall*, Plaintiffs here have alleged that the Picower Defendants controlled BLMIS, and that Picower directed the publication of false and misleading account documents and financial information concerning BLMIS to all innocent BLMIS investors. Here, the Picower Defendants' securities law liability stems not from the receipt of BLMIS's funds, but from their control of BLMIS and the misrepresentations that they directly or indirectly made to all innocent BLMIS investors. As the Eleventh Circuit held in *Medkser*, Section 20(a) claims such as those asserted by the Class Action Complaint "involve direct injuries sustained by [investors] based their own reliance on fraudulent statements and misrepresentations made to them," and are therefore not derivative of any claims possessed by the Estate. *See* 307 Fed. App'x at 265.

## CONCLUSION

As a result of their conduct, the Picower Defendants are directly liable to defrauded BLMIS investors under Section 20(a). The Picower Defendants did not and cannot immunize themselves from securities fraud liability merely by settling fraudulent conveyance claims by the Trustee. Plaintiffs' Section 20(a) claims do not belong to the Trustee, are not derivative of the Trustee's claims, and are not subject to the injunction in the Picower Settlement Order or the Automatic Stay.

WHEREFORE, Plaintiffs respectfully request that the Court enter a Final Declaratory Judgment determining that neither the permanent injunction contained in the Picower Settlement Order nor the Automatic Stay prohibits Plaintiffs from commencing and fully prosecuting the Class Action Complaint in the Southern District of Florida.

9

Dated: January 28, 2014

Respectfully submitted,

/s/ Joseph G. Galardi
James W. Beasley, Jr.
beasley@beasleylaw.net
Florida Bar No. 145750
Joseph G. Galardi
galardi@beasleylaw.net
Florida Bar No. 180572
BEASLEY HAUSER KRAMER
& GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Tel: (561) 835-0900
Fax: (561) 835-0939

and

/s/ Lesley Blackner
Lesley Blackner, Esq.
lblackner@aol.com
Florida Bar No. 654043
BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, Florida 33480
Tel: (561) 659-5754
Fax: (561) 659-3184

*Attorneys for Pamela Goldman and A & G Goldman Partnership*

10