# EXHIBIT Q

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:10-80252-CV-KLR

SUZANNE STONE MARSHALL, ADELE FOX,
MARSHA PESHKIN, and RUSSELL OASIS,
individually and on behalf of a class of similarly situated
Plaintiffs,

vs.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL
RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as Executor of
the Estate of Jeffry M. Picower, and as Trustee for the
Picower Foundation and for the Trust f/b/o Gabriel H.
Picower.
                                                    /

**MOTION TO REOPEN CASE
AND FOR LEAVE TO FILE
SECOND AMENDED
COMPLAINT**

Plaintiffs Suzanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, through their undersigned attorneys, on their own behalf and on behalf of a similarly situated class of plaintiffs (collectively, "plaintiffs"), respectfully move this Court to reopen this matter and allow plaintiffs to file a second amended complaint.

## PROCEDURAL BACKGROUND

1. Plaintiffs filed a complaint on behalf of Adele Fox on February 16, 2010 pursuant to Rules of Civil Procedure 23(a) and 23(b)(3). A companion case was filed on behalf of Susanne Stone Marshall on February 17, 2010, Case No. 10-80254-KLR.

2. A motion to consolidate the cases was filed in both matters on March 24, 2010.

3. All named defendants agreed to waive service of process. *See* DE 4, Notice of Filing Waivers of Service of Process.

4. Both cases were administratively closed on March 22, 2011 pending resolution of legal proceedings brought in the Southern District of New York and the United States Court of Appeals for the Second Circuit (the "New York Proceedings") as described in the accompanying declaration of Helen Davis Chaitman ("Chaitman Decl.") attached as Ex. A to this Motion. *See* DE 26, Order Administratively Closing Case.

5. The New York Proceedings are now resolved and plaintiffs have leave from the Second Circuit Court of Appeals to proceed with this matter. *See In Re: Bernard L. Madoff Investment Securities LLC*, Case No. 12-1645, Document 164-1 attached as Ex. 1 to the Chaitman Decl.

6. Consistent with the Second Circuit's decision, plaintiffs seek leave of this Court to file a second amended complaint, a copy of which is attached to the Chaitman Decl. as Ex. 2.

## MEMORANDUM OF LAW

Rule 15(a) provides that leave shall be freely given when justice requires. The leading case regarding the application of Rule 15(a) is *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9

2

L. Ed. 2d 222 (1962), in which the Supreme Court elaborated on the standards for granting leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182 (internal citation omitted). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163-65 (11th Cir. 2001) (applying *Foman* and holding that "[b]ecause there is no evidence that allowing an amendment at this stage would prejudice the defendants, the district court should have allowed the plaintiffs to amend their complaint").

Applying these principles, this Court should allow plaintiffs to reopen the case and amend the complaint in accordance with the ruling of the United States Court of Appeals for the Second Circuit. Moreover, there has been no undue delay, bad faith or dilatory motive on the part of plaintiffs as they have been actively litigating the appeal since this Court's Order administratively closing the case. Nor will the amendment prejudice any defendant – the second amended complaint frames the issues in compliance with the decision of the Second Circuit. Because the request for leave to amend will not cause undue delay, is not made in bad faith or with a dilatory motive, and will not cause undue prejudice to the defendants, the Court should grant plaintiffs' request.

3

## Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for the defendants has advised that they will not consent to the relief sought herein. Attempts at resolving this matter without litigation have been unsuccessful.

WHEREFORE, plaintiffs respectfully move this Honorable Court to grant their motion to reopen the case, to allow leave to file the second amended complaint, and for such other relief as this Court deems appropriate.

Dated this 5th day of February 2014.

    Respectfully submitted,

    **BECKER & POLIAKOFF, P.A.**

    */s/ Allen M. Levine*
    Florida Bar No. 315419
    Becker and Poliakoff, P.A.
    1 East Broward Blvd.
    Suite 1800
    Ft. Lauderdale, FL 33301
    Telephone: (954) 987-7550
    Facsimile: (954) 985-4176
    ALevine@bplegal.com

    and

    **BECKER & POLIAKOFF LLP**

By:  */s/ Helen Davis Chaitman*
     45 Broadway
     New York, New York 10006
     Telephone: (212) 599-3322
     Facsimile: (212) 557-0295
     Email: hchaitman@bplegal.com
     Email: jgorchkova@bplegal.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 5th day of February 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/ Allen M. Levine*_____
                                            Allen M. Levine

## SERVICE LIST

**Via CM/ECF, Federal Express, and Facsimile:**
William D. Zabel, Esq.
Marcy Ressler Harris, Esq.
Schulte Roth & Zabel, LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2351
Facsimile: (212) 593.5955
william.zabel@srz.com
marcy.harris@srz.com
*Attorneys for all Defendants*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:10-80252-CV-KLR

SUZANNE STONE MARSHALL, ADELE FOX,
MARSHA PESHKIN, and RUSSELL OASIS,
individually and on behalf of a class of similarly situated
Plaintiffs,

vs.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL
RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as Executor of
the Estate of Jeffry M. Picower, and as Trustee for the
Picower Foundation and for the Trust f/b/o Gabriel H.
Picower.
_____/

**DECLARATION OF
HELEN DAVIS CHAITMAN**

I, Helen Davis Chaitman, declare pursuant to 28 U.S.C. § 1746 that the following is

true:

1. I am a partner with Becker & Poliakoff LLP, counsel for plaintiffs Suzanne

Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, individually and on behalf

of a class of similarly situated plaintiffs (hereafter "plaintiffs").

Ex. A

2. The original complaints in this case were filed on February 16, 2010 and February 17, 2010. *See* Companion Case No. 10-80254-KLR. Amended complaints were filed in both actions on March 15, 2010.

3. A motion to consolidate both cases was filed on March 24, 2010.

4. On March 31, 2010, Irving H. Picard, as Trustee of Bernard L. Madoff Investment Securities LLC ("BLMIS"), filed complaints in the Bankruptcy Court for the Southern District of New York to enjoin these actions. He also sought a preliminary injunction pursuant to Section 105(a) of the Bankruptcy Code.

5. On May 3, 2010, the bankruptcy court enjoined the actions on the theory that they violated the automatic stay and were, therefore, void *ab initio* (the "Automatic Stay Decision").

6. On December 17, 2010, the United States Attorney's Office for the Southern District of New York filed a complaint against the Picower Parties for forfeiture in the amount of $7,206,157,717 (the "Forfeited Funds"), representing the net amount (according to the Government) that the Picower Parties received from their BLMIS accounts. That same day, the Government and the Picower Parties signed a forfeiture settlement stipulation, whereby the Picower Parties agreed to irrevocably turn over to the Government all of the Forfeited Funds.

7. Also on December 17, 2010, the Picower Parties entered into a settlement agreement with the Trustee for $5 billion of the $7.2 billion forfeited. That settlement resolved the Trustee's adversary proceeding against the Picower Parties in which he alleged that the defendants received at least $7.2 billion from BLMIS, net of their investments. As part of the settlement, the Trustee promised to use his reasonable best efforts to obtain a permanent injunction that would enjoin any BLMIS customer or creditor from asserting any claim against

2

the Picower Parties that is duplicative or derivative of any claim brought by the Trustee, or which could have been brought by the Trustee.

8. On January 13, 2011, the bankruptcy court entered an order approving the settlement and granting a permanent injunction against Fox and Marshall pursuing their claims (the "Permanent Injunction Order").

9. Fox and Marshall timely appealed the Permanent Injunction Order to the district court.

10. This Court administratively closed these cases on March 22, 2011 pending resolution of the appeal. *See* DE 26, Order Administratively Closing Case.

11. On March 26, 2012, the district court issued an order affirming the Automatic Stay Decision and the Permanent Injunction Order (the "District Court Order").

12. Fox and Marshall appealed the District Court Order to the Second Circuit Court of Appeals. On January 13, 2014, the Second Circuit affirmed the District Court's Order without prejudice to Fox and Marshall seeking leave to amend their complaints in this Court. *See In Re: Bernard L. Madoff Investment Securities LLC*, Case No. 12-1645, Document 164-1 attached as Exh. B. Although the court concluded that the Fox and Marshall complaints fell within the scope of the permanent injunction because they lacked particularized facts illustrating the defendants' participation in the fraud aimed at other BLMIS investors, the court explicitly acknowledged that it is plausible for a third party to plead a non-derivative conspiracy-based claim, even when the claim asserted by the third party is based on overlapping allegations with a claim asserted by the debtor.

3

13. Any applicable statute of limitations with respect to plaintiffs' claims has been tolled, since no later than February 16, 2010, by the filing of the class action complaints. *See American Pipe and Construction Company v. Utah,* 414 U.S. 538, 552 (1974).

14. The claims asserted in the proposed amended complaint are timely because they relate back to the filing of the class action complaints. *See* Fed. R. Civ. P. 15(c).

15. Accordingly, plaintiffs seek leave of this Court to reopen and proceed with this action pursuant to the proposed second amended complaint, a copy of which is attached as Exh. C.

February 5, 2014

/s/ Helen Davis Chaitman

4