Helen Davis Chaitman (4266)  
Becker & Poliakoff LLP  
45 Broadway  
New York, NY 10006  
hchaitman@bplegal.com  
*Attorneys for BLMIS Customers Listed on Exhibit A*

Hearing Date: **March 27, 2014**  
Hearing Time: **10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　Debtor. | |

**LIMITED OBJECTION TO THE TRUSTEE'S MOTION**
**FOR AN ORDER SCHEDULING HEARING ON TRUSTEE'S MOTION**
**AFFIRMING APPLICATION OF NET INVESTMENT METHOD**
<u>**TO DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS**</u>

The BLMIS customers listed on Exhibit A hereto (the "Objectors"), by and through their undersigned counsel, submit this limited objection to the Trustee's Motion for an Order Scheduling Hearing on Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers between BLMIS Accounts (the "Scheduling Motion").

The Objectors are "net losers" under the Trustee's net investment methodology who have raised the issue of the proper valuation of transfers between BLMIS accounts in their objections to the Trustee's determinations of claims.

## ARGUMENT

### THE TRUSTEE SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND COMMUNICATIONS RELATING TO DEPOSITS, WITHDRAWALS, AND TRANSFERS SO THAT FACTUAL ISSUES PERTAINING TO INTER-ACCOUNT TRANSFERS CAN BE RESOLVED SIMULTANEOUSLY WITH THE DETERMINATION ON THE APPROPRIATENESS OF THE TRUSTEE'S METHODOLOGY

1. Prompt satisfaction of net equity claims is one of the most important statutory obligations of a trustee pursuant to the Securities Investor Protection Act ("SIPA"). Congress made absolutely clear its intent to minimize the devastation to customers of an insolvent broker/dealer through prompt payments of net equity claims. *See* 15 U.S.C. § 78fff(a)(1)(B) (recognizing that the purpose of the liquidation proceeding is to "as promptly as possible satisfy net equity claims of customers"); *see also* 15 U.S.C. §78fff-4(c); 15 U.S.C. § 78fff-3(a); 15 U.S.C. § 78fff-2(b).

2. On December 23, 2008, this Court entered an order that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this proceeding, (the "Claims Procedure Order"). The Claims Procedure Order specifically required that "[f]ollowing receipt by the Trustee of any opposition [to the determination of a claim] by a claimant, the Trustee shall obtain a date and time for a hearing before this Court on the controverted claim. . . ." (Claims Procedure Order, Case No. 08-01789, ECF No. 12 at 7.)

{N0042981 2}                                                        2

3. Yet despite SIPA's mandate for prompt payment of claims and the prompt resolution of claims contemplated by the Claims Procedure Order, the Trustee has delayed in paying the net equity claims by prolonging the litigation of various issues in connection with the Trustee's determinations of BLMIS customers' claims.

4. To take just one example, the Trustee has waited more than five years after the entry of the Claims Procedure Order to litigate one of the fundamental issues in this proceeding: how to account for transfers between BLMIS accounts (the "Inter-Account Transfer Issue").

5. Although the Objectors do not oppose the Trustee's proposed briefing schedule of the Inter-Account Transfer Motion, they respectfully request that, prior to the actual briefing, the Trustee be required to produce all BLMIS documents evidencing or relating to deposits, withdrawals, inter-account transfers, and communications with customers concerning deposits, withdrawals, and inter-account transfers for the limited number of customers to whom the Inter-Account Transfer Motion relates, so that the issue can be decided against the appropriate factual background for each customer. Otherwise, the customers are prejudiced because the Trustee has access to documents that they do not have access to.

6. The Objectors objected to the Trustee's claim determinations not only based on the Trustee's net investment methodology, but also based on incorrect information pertaining to the transfers in and out of their BLMIS accounts and for other reasons. In many cases, the BLMIS accounts that are subject to the Inter-Account Transfer Motion have been transferred from generation to generation and, consequently, the BLMIS customers, like the Objectors, do not have records proving withdrawals and deposits dating back to the inception of the accounts. However, records establishing the value of deposits and withdrawals are in the possession of the

Trustee and should be produced in advance of the Trustee's filing of the Inter-Account Transfer Motion so that the Objectors can raise any factual disputes concerning the values of the transfers.

7. Moreover, there are factual issues relating to the transfers which can only be ruled upon in the context of specific facts – based upon documents that are exclusively in the Trustee's possession. Thus, the Trustee should be required to produce all BLMIS documents relating to the transfers, before he files the Inter-Account Transfer Motion.

8. The Objectors request that the Court order the Trustee to produce in advance of the filing of the Trustee's moving papers on the Inter-Account Transfer Motion all documents and communications relating to the inter-account transfers of the limited number of customers whose inter-account transfers are at issue on the Inter-Account Transfer Motion. If the Trustee is compelled to produce those records, all factual issues concerning the Trustee's determinations of claims can be resolved simultaneously with the Court's ruling on the appropriateness of the Trustee's methodology in connection with the Inter-Account Transfers Issue.

9. Since the Objectors challenged the Trustee's determinations of claims based on both *theory and facts*, there is no reason to further delay the determination of Objectors' claims by leaving potential factual disputes concerning deposits and withdrawals to a later determination. If the Trustee is compelled to produce the relevant documents at this time, any factual disputes concerning deposits and withdrawals be resolved as part of the Inter-Account Transfer Motion litigation.

10. This proposed approach furthers SIPA's objective of prompt payment of net equity claims as well as conserves judicial and parties' resources by avoiding the need to conduct multiples briefings and hearings.

## CONCLUSION

The Objectors request that the proposed order on the Scheduling Motion be modified to require the Trustee to produce, prior to the filing of the Inter-Account Transfer Motion, documents evidencing or relating to deposits, withdrawals, inter-account transfers, and communications with customers concerning deposits, withdrawals, and inter-account transfers for the limited accounts to which the Inter-Account Transfer Motion applies.

If the requested documents are produced simultaneously with the Trustee's moving papers on the Inter-Account Transfer Motion, the Objections request a six week period to respond to the Inter-Account Transfer Motion so that they have ample time to review the documents that the Trustee produces.

March 13, 2014

BECKER & POLIAKOFF LLP

By: /s/ Helen Davis Chaitman
45 Broadway
New York, NY 10006
(212) 599-3322
*Attorneys for BLMIS Customers Listed on Exhibit A hereto*