Howard Kleinhendler
Sara Spiegelman
WACHTEL MISSRY LLP
885 Second Avenue
New York, New York 10017
Telephone: (212) 909-9500
Facsimile: (212) 909-9417

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**DECLARATION IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A STAY OF PROCEEDINGS** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON THE ATTACHED SCHEDULE A,<br><br>Defendants. | Adv. Pro. Nos. listed on the attached Schedule A |

HOWARD KLEINHENDLER, an attorney duly admitted to practice before this Court, declares pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm of Wachtel Missry LLP, counsel for defendants in this adversary proceeding. This declaration is submitted in support of defendants' motion to dismiss the Complaint, or in the alternative, for a stay of proceedings. I am fully familiar with the facts set forth herein.

2. Annexed hereto as **Exhibit A** is a letter from Richard C. Breeden, the Special Master for the United States Department of Justice ("DOJ") charged with administering the Madoff Victim Fund, dated January 7, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at New York, New York on March 17, 2014

_____
Howard Kleinhendler

# EXHIBIT A

Home     About the Special Master     Frequently Asked Questions     Claim Forms     News     Contact Us



# MADOFF VICTIM FUND
### DEPARTMENT OF JUSTICE ASSET FORFEITURE DISTRIBUTION PROGRAM



New!   **Claimant Email Q&A**     **Supplemental Claim Filing FAQs**



## Letter from the Special Master
*The following letter is being mailed to each claimant
in the bankruptcy at our address of record.*

January 7, 2014

I am the Special Master for the United States Department of Justice (the "Department" or "DOJ") charged with administering the Madoff Victim Fund ("MVF"). MVF is the vehicle that the Department will use to distribute more than $4 billion in assets forfeited to the United States to victims of the crimes involving Madoff Securities. These funds were obtained for victims by the United States Attorney for the Southern District of New York through forfeiture actions against various persons involved with Madoff Securities.

I am writing to every person who filed a claim in the bankruptcy of Madoff Securities, whether approved or denied, in case you do not already know about our program. MVF is completely separate from the bankruptcy, and it offers a separate path to recovering a portion of your qualifying losses[1]. Our website explains MVF's eligibility standards and other issues in the **Frequently Asked Questions** section.

**Overview.** To my knowledge, the MVF represents by far the largest and most ambitious effort by any government in any country to return forfeited assets obtained by law enforcement authorities to victims of securities fraud. As you are painfully aware, Madoff's scheme ran for decades and inflicted immense financial harm and personal anguish on victims around the world. A large majority of victims have gone five years without a significant recovery.

MVF's approach to eligibility is simple and universal. If you had your own money invested in Madoff Securities and suffered an actual loss when the fraud was exposed, you will be eligible to seek a recovery with only very minor exceptions set forth in the FAQs[2]. However, we can only determine your eligibility after we review a completed claim and supporting documentation covering what you invested in, with whom, and in what amounts.

Some may not understand why there are two separate programs to help people who invested in Madoff: a "forfeiture" program and a "bankruptcy" program. The answer is that these two programs have different objectives. The U.S. Congress created the bankruptcy process to allow insolvent firms to reorganize, or to be liquidated in an orderly manner in accordance with established priorities. Where a former broker dealer firm such as Madoff Securities is being liquidated, the law limits distributions of most bankruptcy estate assets to "customers". The term customer is defined very narrowly to require a claimant to have held a direct account with Madoff Securities. Since more than 80% of investors in Madoff did *not* have a "direct" account, bankruptcy law creates significant disparities among former investors as to who can recover. Out of approximately 16,500 claims in the bankruptcy proceedings, claims covering only 2,186 accounts[3] were "allowed" (roughly 18%). More than 14,000 bankruptcy claims were rejected, most commonly because the individual invested through a feeder fund or similar entity.

Separately, Congress also created forfeiture laws to allow law enforcement authorities to seize the proceeds of criminal activity. By law forfeited assets are used to help "victims" of the criminal activity that gave rise to the forfeitures. Happily, the statutes that govern forfeited assets allow us to help all victims whose money was stolen, whether they held a direct account or an indirect account, and irrespective of your nationality.

MVF's program is unique in giving eligibility to the "ultimate investor" whose money was really lost, rather than to banks, feeder funds or any of the legions of middlemen or managers in the flow of funds. By ultimate investor we mean the real individuals who originally took assets they owned and invested them such that they ultimately found their way into Madoff Securities. Indeed, our process starts with the question: "was money that belonged to you invested in Madoff Securities when it collapsed?"[4] If the answer is "no", then you generally will not be eligible for a recovery.

**Understanding MVF's Claim Process.** Madoff's appetite for cash was voracious, and thousands of investment products or funds were used to raise money. The cash of investors flowed into Madoff Securities through investment partnerships, funds of hedge funds, trusts, UCITS, insurance and annuity programs and many other types of financial products. In addition, investor money was often routed through multiple entities before reaching Madoff Securities.

As part of our claims process, I have to be sure that claims cover actual investments in Madoff Securities, and that these investments are not inflated by claims covering phony profits. If false, overstated or ineligible claims are not blocked, then the real victims would have their recoveries diluted significantly. At the same time, our objective is to help victims qualify for a recovery on their losses. We don't want the claim process to be so complex that it prevents real victims from completing the process. My staff and I have worked hard to write Frequently Asked Questions and other materials that are as understandable as possible so you can navigate our process successfully.

Madoff Victim Fund                                                                                 http://www.madoffvictimfund.com/Jan7_letter.shtml

08-01789-cgm    Doc 5865-1    Filed 03/17/14    Entered 03/17/14 15:33:47    Reply
                  Declaration in Further Support of Motion to Dismiss    Pg 5 of 6

*To make a claim, we have created several forms you can download and mail to us:*

```
┌─────────────────────┐    ┌─────────────────────┐    ┌─────────────────────┐
│      FORM IND       │    │      FORM DIR       │    │      FORM PV        │
│  Indirect Investors │    │   Direct Investors  │    │   Pooled Vehicles   │
└─────────────────────┘    └─────────────────────┘    └─────────────────────┘
```

If you cannot tell which form to use, please click here for more information.

<u>Form IND</u> is for individuals who invested in Madoff Securities indirectly through a feeder fund, a bank, a family trust, a "friends and family" investment group, or other funds or products. We expect Form IND will be appropriate for approximately 90% of applicants. *If you have any doubt about what form to use, use Form IND.*

<u>Form DIR</u> is for individual investors with an approved claim in the Madoff Securities bankruptcy (or who held a direct account but did not file a bankruptcy claim). MVF will be sending "pre-populated" Form DIRs to individuals who have allowed bankruptcy claims with unrecovered losses. Individuals receiving a pre-populated form will need to review the form for accuracy, supplement it with some additional information, and return the signed claim[5].

<u>Form PV</u> is solely for feeder funds, trust companies, insurance companies, banks or other entities that sold or managed an investment product that commingled the funds of many individuals. Claims on Form PV are for the benefit of the underlying customers of such entities, who will receive any payments directly from MVF rather than through the intermediaries. *If you are an individual, you should NOT file on Form PV.*

<u>Go Ahead and File Even if You Don't Have Some Bit of Information</u>. We have had numerous questions from investors who are missing an account number, an allocation percentage or some other information that Form IND requests, or who can't determine which information to put in which part of the form. Our advice to all who lost funds is to fill out as much of the Form as you can, and attach the documentary records concerning your investment. If you put information in the wrong boxes, we can sort it out once we read your claim.

> If you don't have a particular piece of information, file anyway and attach a statement explaining why you can't provide the requested information. The golden rule is: *Do the Best You Can*. A corollary is to give us the information that you have. We understand you can't tell us what you don't know[6].

I have administered compensation funds in cases of forfeiture remission or securities fraud involving well over one million successful claims. Claims often have multiple deficiencies when they are filed, but these can almost always be cured if the claim is genuine and you help us address missing information. The earlier you file, the more time my staff will have to help you.

At the same time, I don't want to oversimplify the process. Complicated investments will result in complicated claims. We already have claims covering investment chains involving more than a half dozen levels. While DOJ makes all final decisions, you will not meet MVF's eligibility standards if you cannot document a qualifying investment. However many entities were involved, you have to show us evidence proving where your money went. We will do everything possible to help, but the burden of documenting your loss is on you.

*We have established a deadline of February 28, 2014 for filing a claim.* Any reasonably complete filing with us will satisfy the deadline, even if supplemental material has to be provided later. However, claims must be signed by the actual victim, not by a nominee on your behalf. Though the fund through which you invested will hopefully help you document your loss, I strongly advise all victims to file their own individual claims rather than relying on someone else.

MVF will attempt to help every single person who lost their own money invested in this vile and inexcusable scheme. If you believe you meet our published criteria, please file a claim, which is the basis for our ability to help you.

Sincerely,

Richard C. Breeden
Special Master

---

[1] MVF payouts will be based on a victim's loss as a percentage of all eligible losses. We plan to distribute a portion of MVF's funds to victims who have not yet recovered some minimum percentage of their losses before a more generalized distribution to all victims.

[2] For example, neither the bankruptcy program nor the MVF provide recoveries for investors who withdrew more money than they deposited. There are also certain categories of persons who are not eligible (described in the claim forms), such as members of the Madoff family or persons who derived significant compensation from persuading others to invest in products funneling money to Madoff Securities.

[3] 1,106 accounts with "allowed claims" in the bankruptcy have already recovered 100% of their losses.

[4] Not every product or transaction structure will be eligible for a recovery. For example, as the FAQs on our website note, losses on swaps and other derivatives that reference Madoff investments but did not involve an investor's cash being invested "*in*" Madoff Securities will not be eligible. Loans or other debts may also not be eligible.

[5] If a direct account in your name held commingled funds from others along with your own, all parties will need to fill out separate individual claims.

[6] Individuals should certainly show us the first entity where their money went, such as your bank. We will need account statements from that first entity showing all investments and withdrawals. If your bank then purchased shares on your behalf in an investment fund, please give us any information you have on your investment in that entity. If that entity in turn invested in something else, please give us information on that as well if you can. Please attach any pages you need to describe the path your money took getting into Madoff Securities.

Home     USAO Website     SIPA Trustee Website     Remission Regulations     RCB Privacy Policy

## SCHEDULE A

|  | Adversary Proceeding Number | Title | Filed | Firm |
|---|---|---|---|---|
| 1. | 10-05400 | Picard v. Ted Goldberg, et al. | 1/17/14 | Wachtel Missry LLP |
| 2. | 10-04726 | Picard v. Lori Chemla, et al | 1/17/14 | Wachtel Missry LLP |
| 3. | 10-04579 | Picard v. Shetland Fund Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 4. | 10-04896 | Picard v. Helene Juliette Feffer | 1/17/14 | Wachtel Missry LLP |
| 5. | 10-05372 | Picard v. O.D.D. Investment LP, et al. | 1/17/14 | Wachtel Missry LLP |
| 6. | 10-04502 | Picard v. Steven Schiff | 1/17/14 | Wachtel Missry LLP |
| 7. | 10-04363 | Picard v. Schiff Family Holdings Nevada Limited Partnership, et al. | 1/17/14 | Wachtel Missry LLP |
| 8. | 10-04447 | Picard v. Franklin Sands | 1/17/14 | Wachtel Missry LLP |
| 9. | 10-04472 | Picard v. Daniel N. Silna, et al. | 1/17/14 | Wachtel Missry LLP |
| 10. | 10-04470 | Picard v. Silna Family Inter Vivos Trust, et al. | 1/17/14 | Wachtel Missry LLP |