```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :   Adv. Pro. No. 08-01789 (BRL)
                                     :
         Plaintiff-Applicant,        :   SIPA LIQUIDATION
v.                                   :
                                     :   (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT         :
SECURITIES, LLC,                     :
                                     :
         Defendant.                  :
------------------------------------X
In re:                               :
                                     :
BERNARD L. MADOFF,                   :
                                     :
         Debtor.                     :
------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
                                              :   Adv. Pro. No. 10-05371 (BRL)
         Plaintiff,                           :
v.                                            :
                                              :
L.H. RICH COMPANIES, N.R. INVESTMENT          :
ASSOCIATES, M.R. INVESTMENT                   :
ASSOCIATES, JACK POLACK, and JAMES            :
POLACK,                                       :
         Defendants.                          :
------------------------------------X
```

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS TRUSTEE'S COMPLAINT PURSUANT TO RULE 12(b)**

Dated: New York, New York
       March 17, 2014

**GARVEY SCHUBERT BARER**
Andrew J. Goodman, Esq. (AG-3406)
Ella Aiken, Esq. (EA-5861)
*Attorneys for Defendants L.H. Rich Companies,
N.R. Investment Associates, M.R. Investment
Associates, Jack Polack and James Polack*
100 Wall Street, 20th Floor
New York, New York 10005
Tel: (212) 965-4534 (AJG)
Email: agoodman@gsblaw.com

# **TABLE OF CONTENTS**

*Pages*

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................ 1

UNDISPUTED FACTS ..................................................................................................... 3

ARGUMENT ..................................................................................................................... 4

I.    TRUSTEE DID NOT SERVE PROCESS ON AN "AGENT AUTHORIZED BY APPOINTMENT" BY ANY OF THE PARTNERSHIP DEFENDANTS ............ 4

    A.    *Trustee did not Direct the Mailing to any Person* .................................... 6

    B.    *Trustee did not Serve an Appointed Agent Authorized by any Defendant to Accept Service of Process on its Behalf* .......................... 8

        i.    *The General Partners Did Not Appoint Mr. Stern as an Agent Authorized to Accept Process* .................................................... 9

        ii.    *L.H. Rich Companies Did Not Appoint Mr. Stern as an Agent Authorized to Accept Process* .................................................. 10

II.    TRUSTEE HAS NOT DEMONSTRATED GOOD CAUSE TO GRANT UNTIMELY SERVICE ................................................................................ 12

III.    TRUSTEE CONSENTS TO THE DISMISSAL OF THE SEVENTH COUNT ............... 13

CONCLUSION ............................................................................................................... 14

RESERVATION OF RIGHTS ........................................................................................ 14

08-01789-cgm    Doc 5870    Filed 03/17/14    Entered 03/17/14 16:08:50    Main Document
Pg 3 of 20

## TABLE OF AUTHORITIES

*Pages*

**Cases**

Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.) ................. 5
   180 B.R. 453 (Bankr. E.D. Va. 1995)

Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc. ...................................................... 8
   8 F.Supp.2d 372 (S.D.N.Y.1998)

Echevarria v. Dep't of Corr. Servs. ............................................................................................. 12
   48 F.Supp.2d 388 (S.D.N.Y 1999)

Federal Deposit Ins. Corp. v. Oaklawn Apartments .................................................................. 10
   959 F.2d 170 (10th Cir. 1992)

Gibbs v. Hawaiian Eugenia Corp. ............................................................................ 3, 8, 9, 10, 11
   581 F.Supp. 1269 (S.D.N.Y. 1984)

Grammenos v. C.M. Lemos .................................................................................... 3, 5, 8, 10, 11
   457 F.2d 1067 (2d Cir. 1972)

In re Legend Industries, Inc. ....................................................................................................... 11
   49 B.R. 935 (Bankr. E.D.N.Y. 1985 )

In re Villar .................................................................................................................................. 5, 6
   317 B.R. 88 (9th Cir. B.A.P. 2004)

Ins. Co. of N. Am. v. S/S Hellenic Challenger ........................................................................... 11
   88 F.R.D. 545 (S.D.N.Y. 1980)

Karlin v. Avis .................................................................................................................................. 5
   326 F. Supp. 1325 (E.D.N.Y. 1971)

McGann v. State of N.Y. ................................................................................................................ 5
   77 F.3d 672 (2d. Cir. 1996)

Reisman v. First New York Bank for Bus. (In re Reisman) ..................................................... 8, 11
   139 B.R. 797 (Bankr. S.D.N.Y. 1992)

Savage & Assoc., P.C. v. 1201 Owner Corp. (In re Telligent Inc.) .......................................... 6, 12
   485 B.R. 62 (Bankr. S.D.N.Y. 2013)

Stapo Indus., Inc. v. M/V Henry Hudson Bridge ........................................................................ 7
   190 F.R.D. 124 (S.D.N.Y. 1999)

U.S. v. Zeigler Bolt and Parts Co. ......................................................................................... 10
   11 F.3d 878 (Fed. Cir. 1997)

U.S. v. Ziegler Bold and Parts Co. .......................................................................................... 8
   111 F.3d 878 (Fed. Cir. 1997)

Unsecured Creditors of Cruisephone, Inc., v. Cruise Ships Catering and Serv. N.V.
   (In re Cruisephone, Inc.) ................................................................................................. 8, 11
   278 B.R. 325 (Bankr. E.D.N.Y. 2002)

## *Rules*

Federal Rules of Bankruptcy Procedure, Rule 1004(a)(1) ........................................................ 12

Federal Rules of Bankruptcy Procedure, Rule 7004(a)(1) ........................................................ 12

Federal Rules of Bankruptcy Procedure, Rule 7004(b) ..................................................... *passim*

Federal Rules of Bankruptcy Procedure, Rule 7012(b) ............................................................... 1

Federal Rules of Civil Procedure, Rule 4 ........................................................................ 7, 8, 12

Federal Rules of Civil Procedure, Rule 6(b) ............................................................................ 12

Federal Rules of Civil Procedure, Rule 12(b) .......................................................................... 14

Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................................................ 1

GARVEY SCHUBERT BARER
100 Wall Street, 20th Floor
New York, New York 10005
Tel: (212) 431-8700
Fax: (212) 334-1278
Andrew J. Goodman
Ella Aiken
agoodman@gsblaw.com
eaiken@gsblaw.com
*Attorneys for Defendants L.H. Rich Companies,
N.R. Investment Associates, M.R. Investment
Associates, Jack Polack, and James Polack*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

      Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

      Defendant.
------------------------------------------------------------X
In re:

BERNARD L. MADOFF,

      Debtor.
------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

      Plaintiff,

v.

L.H. RICH COMPANIES, N.R. INVESTMENT
ASSOCIATES, M.R. INVESTMENT
ASSOCIATES, JACK POLACK, and JAMES
POLACK,

      Defendants.
------------------------------------------------------------X

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-05371 (BRL)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS TRUSTEE'S COMPLAINT PURSUANT TO RULE 12(b)**

NY_DOCS:621199.2

Defendants L.H. Rich Companies, N.R. Investment Associates, M.R. Investment Associates, Jack Polack and James Polack (deceased) respectfully submit this memorandum of law in further support of their Motion to Dismiss the Complaint of Plaintiff Irving H. Picard ("Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(5) for insufficient service of process, which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

## PRELIMINARY STATEMENT

This avoidance action relates to a single BLMIS account holder, defendant L.H. Rich Companies. L.H. Rich Companies is a general partnership organized under the laws of Washington State. Defendants N.R. Investment Associates and M.R. Investment Associates are the general partners of L.H. Rich Companies and are also general partnerships organized under the laws of Washington State (the "General Partners"). Trustee filed the Complaint in this action against L.H. Rich Companies, the two General Partners, and two individuals. Trustee subsequently filed affidavits that purported to be proof of service by first class mail on the three general partnership entities. The mailings referred to in the affidavits did not list an accurate address for any of the defendants and were not addressed to the attention of any individual authorized to accept service of process. Instead, the mailings were addressed to the entities themselves, and sent to the business address of David Stern, a sometimes bookkeeper for the three general partnerships whom L.H. Rich Companies designated in its agreement with BLMIS to receive certain notices related to the BLMIS account. None of the partnership entities have appointed Mr. Stern as an agent authorized to accept service on behalf of the entities.

1

Defendants moved to dismiss the complaint based on Trustee's deficient service. (Dkt. Nos. 3-5.) In response, Trustee concedes that the individual defendants were not served. (Trustee Resp. Memo., Dkt. No. 12, at p. 52 n. 50.) For this reason, the motion should be grated as to the individual defendants.

Further, Trustee does not dispute that he did not address the mailings to the partnership entities to the attention of any individual, and does not dispute that the address to which the mailings were sent is the business address of Mr. Stern, not the defendants. Instead, Trustee argues the general partnership defendants implicitly authorized Mr. Stern to accept service of process based on (1) an agreement between L.H. Rich Companies and BLMIS authorizing Mr. Stern to receive account notices on behalf of L.H. Rich Companies, (2) letters directed to BLMIS from Mr. Stern, on behalf of L.H. Rich Companies, requesting withdrawals from its account, and (3) a letter directed to BLMIS from Mr. Stern requesting that BLMIS change the address associated with the L.H. Rich Companies' account to the address where the mailings were sent. These documents do not render service on Mr. Stern effective.

First, regardless of the authority of Mr. Stern to accept service or the accuracy of the address, Trustee's failure to direct the mailings to the attention of any individual is fatal. Second, while Trustee's response groups together L.H. Rich Companies and the General Partners, the Partnership Account Agreement is executed only on behalf of L.H. Rich Companies, and the subsequent correspondence sent on its behalf. Trustee submits no evidence demonstrating that the General Partners have authorized Mr. Stern to do anything at all on behalf of those entities. Third, the documents Trustee relies upon do not demonstrate that even L.H. Rich Companies authorized Mr. Stern to accept service of process on its behalf. Nothing in the Trustee's exhibits demonstrates that Mr. Stern's activities with respect to L.H. Rich "are

substantial and involve the significant exercise of independent judgment and discretion." Gibbs v. Hawaiian Eugenia Corp., 581 F.Supp. 1269, 1271 (S.D.N.Y. 1984) (citing Grammenos v. C.M. Lemos, 457 F.2d 1067, 1072–73 (2d Cir. 1972)). Accordingly, the Complaint should be dismissed against all three general partnerships.

## UNDISPUTED FACTS

Based upon Trustee's response to defendants' motion, the following facts are undisputed:

(i) The envelopes which contained the Summons, Complaint, and related court documents were addressed as follows:

> L.H. Rich Companies
> 1515 Fifth Ave, Suite 104
> Moline, IL 61265
>
> N.R. Investment Associates
> 1515 Fifth Ave, Suite 104
> Moline, IL 61265
>
> M.R. Investment Associates
> 1515 Fifth Ave, Suite 104
> Moline, IL 61265

(Affidavit of David Stern, Dkt. No. 5 at pp. 5-8 ("Stern Aff."), Exh. A at ¶16.)

(ii) None of the defendants have a business address at 1515 Fifth Avenue, Suite, 104, Moline IL 61265 (the "Service Address"). (Stern Aff. at ¶ 3.)

(iii) The Service Address is the address of Aria Management Company, of which David Stern is the president. Aria Management Company has performed bookkeeping and some accounting and/or tax services for all three corporate defendants. (Stern Aff. at ¶ 3.)[1]

---

[1] Trustee implicitly concedes (i)-(iii) by arguing that the mailings constitute service because they were sent to Mr. Stern as the agent of the companies. (Trustee Resp. Memo., Dkt. No. 12, at p. 52.) Trustee does not argue that the Service Address was the actual business address of any defendant.

3

(iv)   L.H. Rich Companies entered into a Partnership Account Agreement with BLMIS (the "Partnership Account Agreement") that provides:

> [BLMIS] is instructed to direct all notices or communications including demands, notices, confirmations, reports and statements of account, for the [L.H. Rich Companies] Partnership in connection with the [L.H. Rich Companies] Partnership account as follows:
>
> Name:    David Stern
> Address: 1705 Second Avenue, Suite 409
> Rock Island, Illinois 61209

(Declaration of Nicholas J. Cremona, Dkt. No. 13 ("Cremona Dec."), Exh. 4.)

(v)   At sometime after L.H. Rich Companies entered into the Partnership Account Agreement, David Stern sent a letter to BLMIS requesting that BLMIS change the address of L.H. Rich Companies to the Service Address. (Cremona Dec. Exh. 5.)

(vi)   At sometime after L.H. Rich Companies entered into the Partnership Account Agreement, BLMIS received written authorizations signed by Mr. Stern for the withdrawal of funds from the L.H. Rich Companies' account. These requests appeared on letterhead prominently bearing the name of Mr. Stern's business, Aria Management Company, with an address listed as the Service Address. (Cremona Dec. Exh. 6.)

## ARGUMENT

### I.   TRUSTEE DID NOT SERVE PROCESS ON AN "AGENT AUTHORIZED BY APPOINTMENT" BY ANY OF THE PARTNERSHIP DEFENDANTS

Rule 7004(b) of Federal Rules of Bankruptcy Procedure authorizes service on a partnership by first class mail "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." Fed. R. Bankr. P. 7004(b)(3). As discussed further in defendants' initial brief, "[p]rocess by first class mail is a rare privilege which should not be

4

abused or taken lightly." In re Villar, 317 B.R. 88 (9th Cir. B.A.P 2004) (citation omitted). Accordingly, its basic requirements, (1) a mailing to a person authorized to accept service, (2) directed such person's attention, must be strictly met. Id.; Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.), 180 B.R. 453, 457 (Bankr. E.D. Va. 1995). (Def. Memo., Dkt. No. 6, at pp. 6-11.)

Trustee's reliance on McGann v. State of N.Y., 77 F.3d 672, 674 (2d. Cir. 1996) and Grammenos v. C.M. Lemos, 457 F.2d 1067, 1072–73 (2d Cir. 1972) for the principle that "service requirements should be liberally construed" does not excuse the failure to follow the basic requirements of Bankr. Rule 7004. In McGann the Second Circuit, quoting Grammenos, held:

> *While* we have held that Rule 4 is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice[,]...*there must be compliance with the terms of the rule and, absent waiver, incomplete or improper service will lead the court to dismiss the action* unless it appears that proper service may still be obtained.'

McGann, 672 F.3d at 674 (emphasis added). Applying this principle, the Court dismissed the action because, despite defendant's actual notice, plaintiff had not complied with the requirements for service.

In fact, the cases Trustee cites confirm that the express terms of rules for service must be followed – it is the construction of the terms that courts may interpret liberally. Thus, where a rule requires service be made at a "dwelling house" or "usual place of abode," those *terms* may be liberally construed. Grammenos, 457 F.2d at 1071 n. 1; Karlin v. Avis, 326 F. Supp. 1325, 1328-9 (E.D.N.Y. 1971). Applying this principle, a court might find that a hotel constitutes a "dwelling house" under the facts of the case; it would not altogether waive the "dwelling house" requirement. Id. In the context of Bankr. Rule 7004(b)(3), the principle of liberal construction

5

could, for example, potentially justify service direct to the attention of an "officer" or "managing agent" without specifying an actual name. Indeed, defendants noted in their initial brief that courts are divided on whether service by mail must be direct to the attention of an actual individual as opposed to a title. (Def. Memo., Dkt. 6, pp. 8-9.) However, liberal construction would not justify the complete failure to comply with the term requiring service "to the attention" of an officer or agent. In re Villar, 317 B.R. at 93.

The Trustee's service fails because it did not meet either of the two requirements of Bankr. Rule 7004(b): Trustee did not send a mailing (1) "to the attention of" any individual, or (2) to an office or an agent authorized to accept service of process.

A.    **Trustee did not Direct the Mailing to any Person**

Trustee's service is not effective because it does not meet the express requirements of Bankr. Rule 7004(b)(3) that the mailing be directed "to the attention of" of officer, director or agent. Trustee does not dispute that he did not direct the mailing of purported service "to the attention of" any individual. Id. Instead, Trustee addressed the mailings to the entities themselves and sent the mailings not to the address of the entities but to that of a business that has done some bookkeeping for them. (Stern Aff. at ¶ 3.) Trustee nevertheless argues that strict compliance with the "to the attention" requirement of Bankr. Rule 7004(b)(3) is not necessary because the defendants were not prejudiced.

Trustee has cited no authority for the position that the requirements of due process and personal jurisdiction, which are ensured by proper service, may be swept aside just because there is actual notice or an absence of prejudice. Indeed, the very case Trustee purports to rely upon, Savage & Assoc., P.C. v. 1201 Owner Corp. (In re Telligent Inc.) 485 B.R. 62, 68- 70 (Bankr. S.D.N.Y. 2013) (Bernstein, J.), holds that "[s]ervice not directed to the attention of anybody in

6

particular is not sufficient." There, the purported service by mail under Bankr. Rule 7004 was not met where the mailing named only a corporate agent, not an individual person. Id. at 69 ("Service on an authorized corporate agent without directing the mailing to an officer or appropriate individual agent is insufficient under Rule 7004(b)(3).") In addition, this Court held that even if a later mailing of an order "provided actual notice of the adversary proceeding, it did not cure insufficient service of process to confer personal jurisdiction." Id.

Trustee's parenthetical explanation of Stapo Indus., Inc. v. M/V Henry Hudson Bridge, 190 F.R.D. 124, 125 (S.D.N.Y. 1999) is misleading and the holding irrelevant. There, plaintiff sought reimbursement of the cost of personal service following defendant's failure to waive service under Fed. R. Civ. P. 4(d)(2). The Court found that, although the request for waiver was not directed to an individual (as required by Rule 4), the lack of any assertion by defendant that it did not receive the waiver, combined with the duty imposed by Rule 4 to avoid unnecessary costs, warranted an award reimbursing the fees incurred in effecting personal service – a sum of $653.60. Id. That scenario is far different from the one here, where the waiver of the strict requirements of Bankr. Rule 7004 would allow Trustee to circumvent due process and personal jurisdiction requirements and move forward with a claim for $4,050,000 against defendants. Nor has Trustee provided any reasoning as to why the requirements for a Rule 4 request for a waiver of service should be considered akin to the requirements for the actual service of process. The mailing of a Rule 4 waiver imposes fees on a party if it decides not to waive the formal requirements of service, and if proper service is later made. Fed. R. Civ. P. 4(d)(2). Trustee's interpretation of Bankr. Rule 7004 would impose *jurisdiction* on a party if it had actual knowledge of an action, or simply did not assert a lack thereof, even without subsequent proper service.

7

In fact, whereas Rule 7004(b)(3) expressly requires a mailing directed to the attention of an individual, and defendants' initial memorandum, Dkt. No. 6 at pp. 8-11 discusses ample authority finding improper service on that basis, Trustee has not cited a single case in which a court finds service under Bankr. Rule 7004(b) proper despite the failure to follow this express requirement.

B.  **Trustee did not Serve an Appointed Agent Authorized by any Defendant to Accept Service of Process on its Behalf**

Bankr. Rule 7004(b)(3) requires service on "an officer, a managing or general agent, or to any other agent authorized by appointment." "The phrase 'agent authorized by appointment' means an agent that is either expressly or implicitly appointed by the corporation to accept service on its behalf." Unsecured Creditors of Cruisephone, Inc., v. Cruise Ships Catering and Serv. N.V. (In re Cruisephone, Inc.), 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002) (citing Reisman v. First New York Bank for Bus. (In re Reisman), 139 B.R. 797, 800 (Bankr. S.D.N.Y. 1992)). "The burden is on the [serving party] to show a basis for an inference that the defendant has authorized a particular person to accept service of process on its behalf." Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F.Supp.2d 372, 376 (S.D.N.Y.1998).[2]

To find implicit authority, the purported agent's activities must be "substantial and involve the significant exercise of independent judgment and discretion." Gibbs v. Hawaiian Eugenia Corp., 581 F.Supp. 1269, 1271 (S.D.N.Y. 1984) (citing Grammenos v. C.M. Lemos, 457 F.2d 1067, 1072–73 (2d Cir. 1972)); see also U.S. v. Ziegler Bold and Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997) (agent with broad authority must still have specific authority to accept service of process); Am. Inst. of Certified Pub. Accountants, 8 F.Supp.2d at 376 (S.D.N.Y.1998)

---

[2] Am. Inst. of Certified Pub. Accountants considers whether a party has made service on an authorized agent under Fed. R. Civ. P. 4(h)(1)(B), not Bankr. Rule 7004(b).

8

(service on vice president of an unaffiliated corporation that shared office with defendant and had common president and partial owner insufficient because person purportedly served not sufficiently integrated in business of defendant). A person who acts under the specific authority or direction of an entity to perform professional functions is not an agent authorized to accept process. Gibbs, 591 F.Supp. at 1271 (where law firm issued letters on behalf of entity and managed settlement funds; court found firm performed "'primary professional functions' insufficient to warrant a finding of implied authority to receive service of process").

### i. The General Partners Did Not Appoint Mr. Stern as an Agent Authorized to Accept Process

Trustee has not met its burden of establishing that the General Partners appointed Mr. Stern as an agent authorized to accept process on behalf of the General Partner entities. Mr. Stern has sworn that he is not an agent authorized by either of the General Partner entities to accept service on their behalf and Trustee has not submitted any evidence to the contrary. (Stern Aff. at ¶¶ 12-15.) Exhibits 5 and 6 to the Cremona Declaration refer only to L.H. Rich Companies. (Cremona Dec. Exh. 5-6.) Exhibit 4 is a Partnership Account Agreement between L.H. Rich Companies and BLMIS. (Cremona Dec. Exh. 4.) The General Partner entities it executed on behalf of L.H. Rich Companies, in their capacity as partners thereof. The Agreement provides that BLMIS "is instructed to direct all notices or communications including demands, notices, confirmations, reports and statements of account, for the [L.H. Rich Companies] in connection with the [L.H. Rich Companies] account" to Mr. Stern. (Cremona Dec. Exh. 3.)

Regardless of the effect of this document on the analysis of whether L.H. Rich Companies authorized Mr. Stern as an agent, nothing in the Partnership Account Agreement explicitly or implicitly authorizes Mr. Stern to accept service of process on behalf of the entities

9

NY_DOCS:621199.2

that are the general partners of L.H. Rich Companies. Trustee has submitted no evidence that Mr. Stern performs any services at all on behalf of the General Partner entities, and certainly has not demonstrated that Mr. Stern performed "substantial" actives that "involve the significant exercise of independent judgment and discretion." Gibbs, 581 F.Supp. at 1271.

### ii. L.H. Rich Companies Did Not Appoint Mr. Stern as an Agent Authorized to Accept Process

Trustee asserts that L.H. Rich Companies implicitly appointed Mr. Stern as an agent authorized to accept service on behalf of L.H. Rich Companies based on the its direction of certain notices to Mr. Stern and letters from Mr. Stern requesting withdrawals from the L.H. Rich Companies' BLMIS account.[3] These activities are not "substantial" nor do they indicate the "the significant exercise of independent judgment and discretion." Gibbs, 581 F.Supp. at 1271 (S.D.N.Y. 1984) (citing Grammenos, 457 F.2d at 1072–73 (2d Cir. 1972). They instead confirm what Mr. Stern has already attested – that Mr. Stern performed limited professional services on behalf of L.H. Rich Companies. (Stern Aff. ¶ 3.)

---

[3] Trustee also attaches as Exhibit 6 to the Cremona Dec. a letter from Mr. Stern to BLMIS that states, in relevant part:

> Please change the address of the following investor to:
>
> L.H. Rich Companies
> 1515 Fifth Avenue, Suite 104
> Moline Illinois 61265

Under the Partnership Management Agreement, prior notices were directed to Mr. Stern, at a different address. Later letters from Mr. Stern appeared on letterhead bearing the 1515 Fifth Avenue Service Address. (Cremona Dec. Exh. 5.) Exhibit 6 is nothing more than a letter from Mr. Stern, as the person receiving notices, requesting a change of address for such notices. In any event, this "evidence" (along with the letters annexed as Exhibit 5) is irrelevant to whether service was proper because it demonstrate the actions of Mr. Stern, not of L.H. Rich Companies. See, e.g., U.S. v. Zeigler Bolt and Parts Co., 11 F.3d 878 (Fed. Cir. 1997) ("[T]he Government cannot show Mr. Yackshaw's alleged agency with reference to his actions along."); Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992) ("An agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal.").

The cases Trustee cites do not support a finding of implicit authority under the facts of this case. In fact, the cases Trustee relies upon for the most part find service ineffective. See Grammenos v. C.M. Lemos, 457 F.2d 1067, 1072–73 (2d Cir. 1972) (service on subagent authorized to perform specific tasks not sufficient); In re Cruisephone Inc., 278 B.R. 325 (2002) (service on prior law firm not sufficient); In re Legend Industries, Inc., 49 B.R. 935 (Bankr. E.D.N.Y. 1985 )(service on the principle shareholder of an entity not sufficient); Gibbs v. Hawaiian Eugenia Corp., 581 F.Supp. 1269, 1271 (S.D.N.Y. 1984) (service on law firm authorized to perform certain professional services not sufficient).

The only cases Trustee cites where a court held that service was properly made on a person implicitly authorized to accept service involve facts where the agent served had far more apparent authority to act on behalf of the entity than Trustee has alleged of Mr. Stern. Reisman v. First New York Bank for Bus. (In re Reisman), 139 B.R. 797, 800 (Bankr. S.D.N.Y. 1992) (attorney that had active role in Chapter 11 bankruptcy found authorized to accept service related to that matter based on attorney's broad authority to represent the entity in that matter and a filed Notice of Appearance directing pleadings and complaints to be served upon his firm); Ins. Co. of N. Am. v. S/S Hellenic Challenger, 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (service sufficient because recipient was an employee "'well-integrated' into the organization," who had accepted service on two prior occasions, who was a direct assistant to the person authorized to accept service, and whose office was separated from the expressly authorized person by a glass wall).

In light of Mr. Stern's limited role of receiving certain notices on behalf of L.H. Rich Companies and the failure of Trustee to demonstrate Mr. Stern's authority to exercise any independent discretion on behalf of L.H. Rich Companies, Trustee has not demonstrated that L.H. Rich Companies implicitly authorized Mr. Stern to accept service of process on its behalf.

11

NY_DOCS:621199.2

## II. TRUSTEE HAS NOT DEMONSTRATED GOOD CAUSE TO GRANT UNTIMELY SERVICE

Rule 4(m) of the Federal Rules of civil procedure, made applicable here by Bankr. Rule 7004(a)(1), requires dismissal of a complaint as against a defendant if it is not served on that defendant within 120 days of filing, absent a showing of good cause. Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 1004(a)(1). A plaintiff seeking to extend the time for service beyond the 120 days bears the burden of demonstrating that an extension is warranted. Savage & Assoc., P.C. v. 1201 Owner Corp. (In re Telligent Inc.), 485 B.R. 62 (Bankr. S.D.N.Y. 2013) (Bernstein, J.). "'Good cause' is generally found only in exceptional circumstances beyond the plaintiff's control." Id. (citing additional cases).

The decision of whether good cause exists turns on "whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to effective service under Rule 6(b) of the Federal Rules of Civil Procedure." Id. quoting Echevarria v. Dep't of Corr. Servs., 48 F.Supp.2d 388, 392 (S.D.N.Y 1999) (additional citations omitted). Furthermore, attorney error will rarely result in a finding of good cause. In re Teligent Inc., 485 B.R. at 71.

Trustee broadly asserts that, "under the circumstances here, the Trustee should be permitted to remedy any deficiency." (Trustee Resp. Memo., Dkt. No. 12, at p. 54.) Trustee has not, however, addressed any of the authority defendants cited in support of a finding here that there is no good cause for granting an extension, (Def. Memo., Dkt. No. 5, Dkt. at pp. 13-15), nor has Trustee set forth any facts that would warrant such a conclusion.

Trustee has not indicated what if any effort it made to identify an agent authorized to accept service of process on behalf of L.H. Rich Companies, instead relying on a single

12

document that provided a very limited role for Mr. Stern, on behalf of only one of the defendants, and on subsequent communications from Mr. Stern as authorized by that document, on letterhead bearing the name of Mr. Stern's entity, not the defendants. Trustee has not even alleged that it attempted to ask Mr. Stern if he was authorized to accept service of process. Trustee has not indicated any efforts to locate authorized agents of the General Partner entities, or offered any evidence that Mr. Stern was authorized to do anything at all on behalf of those entities.

Trustee's utter lack of investigation and effort to comply with the requirements of proper service is also evident from the fact that Trustee named as a defendant an individual that had been deceased for 12 years prior to the filing of the Complaint, (Goodman Dec., Dkt. No. 5, Exh. C), made no effort to serve the individual defendants, and did even bother to comply with the requirements for Bankr. Rule 7004(b) of directing service on the business entities "to the attention of" any individual. Furthermore, in the almost four years that have passed since defendants made this motion, Trustee has made no attempt to remedy the defective service.

Under the circumstances here, Trustee's actions indicate nothing more than attorney error in failing to do even any basic level of investigation. There is no good cause for granting Trustee an extension of almost four years to effectuate proper service.

## III.    TRUSTEE CONSENTS TO THE DISMISSAL OF THE SEVENTH COUNT

Defendants' initial brief argued that Trustee had not adequately pled claims against any defendant other than L.H. Rich Companies. In light of the fact that Trustee has amplified the pleadings by annexing the Partnership Account Agreement, which names defendants M.R. Investment Associates and N.R. Investment Associates as general partners of L.H. Rich Companies, defendants withdraw this argument and concede that the pleadings, as amplified,

13

sufficiently allege that the transfers to L.H. Rich Companies are direct transfers for the benefit of M.R. Investment Associates and N.R. Investment Associates.

Defendants' initial motion also moved to dismiss count seven of the Complaint on the grounds that it was improperly pled. Count seven asserts claims solely against "Subsequent Transferee Defendants," defined as Jack Polack and James Polack. (Compl., Dkt. No. 1 at ¶¶ 2, 11, 19, 86-89.) Trustee concedes that the individual defendants Jack Pollack James Pollack were not served and consents to the dismissal of this action against them. (Trustee Resp. Memo., Dkt. No. 12, at p. 52 n. 50). Accordingly, defendants withdraw this argument as moot. James Polack reserves his right to reassert this argument should Trustee refile insufficient allegations against him in the future, and further reserves all rights in any subsequent action to make any motion under Rule 12(b) or raise any defense otherwise available him, regardless of the remaining issues decided on the instant motion or on other motions by parties participating in the consolidated briefing.[4]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in defendants' initial memorandum of law in support of their motion, the Trustee's Complaint should be dismissed as to all defendants.

## RESERVATION OF RIGHTS

Trustee argued at the February 14, 2014 conference before this Court that it expected all parties participating in the briefing schedule set by this Court in the consolidated action (08-01789) to be bound by the resolution of issues raised in any defendants' motion. (Cremona Dec. Exh. A at p. 27). Defendants are aware of no authority that would so bind them, and expressly reserve their rights to assert any affirmative defense or raise any argument otherwise available to

---

[4] No such reservation is made on behalf of Jack Polack as he has been deceased since 1998. (Goodman Dec., Dkt. No. 5, Exh. C.)

14

NY_DOCS:621199.2

them regardless of the briefing of that issue by other defendants in a motion to dismiss.[5] Specifically, while other defendants have moved to dismiss on the basis of claims that fall into the safe harbor provision of 11 U.S.C. § 546(e), defendants reserve their right to assert this as an affirmative defense.

Dated: New York, New York
March 17, 2014

Respectfully submitted,

GARVEY SCHUBERT BARER

By: _____
Andrew J. Goodman, Esq.  (AG-3406)
Ella Aiken, Esq. (EA-5861)
*Attorneys for Defendants L.H. Rich Companies, N.R. Investment Associates, M.R. Investment Associates, Jack Polack, and James Polack*
100 Wall Street, 20th Floor
New York, New York 10005
Tel:  (212) 965-4534 (AJG)
Fax: (212) 334-1278
Email: agoodman@gsblaw.com

---

[5] Defendants acknowledge that this Court's rulings on issues raised by other parties may have a precedential effect if defendants do not raise new arguments or distinguishing facts; however, defendants do not consent to the preclusive effect Trustee advocates.

15

NY_DOCS:621199.2