**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
*Attorneys for Defendants*
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Chester B. Salomon
csalomon@beckerglynn.com
Alec P. Ostrow
aostrow@beckerglynn.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

---------------------------------------------------------------------- x

In re:

BERNARD L. MADOFF,

Debtor.

Case No. 09-11893 (BRL)

----------------------------------------------------------------------x

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

Plaintiff,

v.

WEITHORN/CASPER ASSOCIATES FOR SELECTED HOLDINGS, LLC, et al.,

Defendants.

Adv. P. No. 10-04511 (BRL)

----------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF AMENDED MOTION TO DISMISS COMPLAINT**

**Table of Contents**

Table of Authorities ..... iii

Preliminary Statement ..... 1

Statement of the Case ..... 2

Argument ..... 3

THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO GIVE THE SUBSEQUENT TRANSFEREE DEFENDANTS FAIR NOTICE OF THE CLAIM AGAINST THEM ..... 3

Conclusion ..... 7

# Table of Authorities

## Cases

*Chambers v. Time Warner, Inc.*,
282 F.3d at 154-55 .......... 3

*Gowan v. Amaranth LLC (In re Dreier LLP)*,
2011 WL 2412601 (Bankr. S.D.N.Y. June 16, 2011) .......... 6

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*,
408 F.3d 689 (11th Cir. 2005) .......... 5

*Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*,
445 B.R. 206 (Bankr. S.D.N.Y. 2011) (hereinafter *Chais Decision)* .......... 3, 4

*Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*,
458 B.R. 87 (Bankr. S.D.N.Y. 2011) (hereinafter *Peter Madoff Decision*) .......... 6

*Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*,
440 B.R. 243 (Bankr. S.D.N.Y. 2010) (hereinafter *Merkin Decision)* .......... 3, 4

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988) .......... 3

*Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
476 B.R. 715 (S.D.N.Y. 2012), *appeal pending*, No. 12-2557(L) (2d Cir.). .......... 2

*Securities Investor Prot. Corp. v. Stratton Oakmont, Inc.*,
234 B.R. 293 (Bankr. S.D.N.Y. 1999) .......... 6

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Dists., Inc.)*,
379 B.R. 5 (Bankr. E.D.N.Y. 2007) .......... 5

## Statutes

11 U.S.C. § 546(e) .......... 2, 4

11 U.S.C. § 548(a)(1)(A) .......... 2

## Rules

FED. R. CIV. P. 8(a) .......... 3

**Preliminary Statement**

Weithorn/Casper Associates For Selected Holdings, LLC, Stanley S. Weithorn Revocable Trust, Article Sixth Trust, Howard B. Weithorn Trust, Weithorn Grandchildren Charitable Lead Unitrust, Weithorn Family Charitable Lead Annuity Trust, Lara L. Weithorn Trust, Weithorn Family Charitable Remainder Unitrust, MLM Charitable Remainder Unitrust, Weithorn and Ehrmann Families Foundation, Stanley/Lois Charitable Remainder Unitrust, Stanley S. Weithorn, individually, in his capacity as General Manager/Partner of Weithorn/Casper Associates for Selected Holdings, LLC, as Trustee of the Article Sixth Trust, Stanley S. Weithorn Revocable Trust, Howard B. Weithorn Trust, Lara L. Weithorn Trust, Weithorn Family Charitable Remainder Unitrust, MLM Charitable Remainder Unitrust, Stanley/Lois Charitable Remainder Unitrust, and director of Weithorn and Ehrmann Families Foundation, Michael J. Weithorn, in his capacity as Co-Trustee of the Weithorn Grandchildren Charitable Lead Unitrust, and the Weithorn Family Charitable Lead Annuity Trust, William J. Rouhana, Jr., in his capacity as Co-Trustee of the Weithorn Grandchildren Charitable Lead Unitrust and the Weithorn Family Charitable Lead Annuity Trust, Muriel Casper Weithorn, Corey Casper, Howard B. Weithorn, and Monroe Klein, together the "Defendants," by their undersigned attorneys, respectfully submit this reply memorandum of law in support of their amended motion to dismiss the Complaint filed by Irving H. Picard (the "Plaintiff" or "Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC ("BLMIS," "Madoff" or the "Debtor").

**Statement of the Current Posture of the Case**

Nearly three years have passed since the Defendants submitted their amended motion to dismiss the Complaint. In the interim, among other things, Judge Rakoff withdrew the reference, held consolidated hearings, and issued several decisions that apply in this adversary proceeding. Most significantly, Judge Rakoff decided that 11 U.S.C. § 546(e) bars all of the Trustee's avoiding power claims asserted in the Complaint other than actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A). *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 722 (S.D.N.Y. 2012), *appeal pending*, No. 12-2557(L) (2d Cir.). The result is that Counts Two through Six of the Complaint have been dismissed. Unless the Second Circuit reverses, the only remaining claims in the Complaint are Counts One (actual fraudulent transfers under the Bankruptcy Code) and Seven (subsequent transferee liability).

On March 10, 2014, the Trustee and the Securities Investor Protection Corporation ("SIPC") filed memoranda of law in opposition to various motions to dismiss, including the one made by the Defendants herein. These filings were omnibus submissions, identically filed in several adversary proceedings, including the instant one. Many of the arguments address points that the Defendants herein did not raise. One argument addressing a point that the Defendants did make – that to plead an actual fraudulent transfer claim under New York law, fraudulent intent of the transferee must also be alleged – is moot in light of Judge Rakoff's ruling concerning the applicability of section 546(e). This argument pertains to Count Three of the Complaint, which has been dismissed.

Since the Defendants have not sought dismissal of Count One (actual fraudulent transfer under the Bankruptcy Code), the only issue that remains live under the Defendants' amended motion to dismiss is Count Seven (subsequent transferee liability). The reply memorandum of law will address the argument in the omnibus opposition papers filed by the Trustee and SIPC.

**Argument**

**THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO GIVE THE SUBSEQUENT TRANSFEREE DEFENDANTS FAIR NOTICE OF THE CLAIM AGAINST THEM.**

In the amended memorandum of law in support of their motion to dismiss, the Defendants argued that Count Seven failed to meet the minimum standards of pleading required under FED. R. CIV. P. 8(a). Such standards including assuring that the Defendants receive "fair notice" of the plaintiff's claim and its basis. *Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC),* 445 B.R. 206, 235 (Bankr. S.D.N.Y. 2011) (hereinafter *Chais Decision)*; *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC),* 440 B.R. 243, 269 (Bankr. S.D.N.Y. 2010) (hereinafter *Merkin Decision).* "Fair notice" requires, at a minimum, that the Defendants will be able "to answer and prepare for trial." *Chambers v. Time Warner, Inc.*, 282 F.3d at 154-55; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Count Seven, excluding introductory and concluding paragraphs, consists of the following essential allegations:

> 103. On information and belief, some or all of the Transfers were subsequently transferred by Defendants Weithorn/Casper Associates Selected Holdings, LLC and/or Stanley S. Weithorn to the Subsequent Transferee

> Defendants (as previously, defined the Subsequent Transfers).[1]
>
> 104. Each of the Subsequent Transfers was made directly or indirectly to Subsequent Transferee Defendants.
>
> 105. Subsequent Transferee Defendants are immediate or mediate transferees of the Subsequent Transfers from Defendants Weithorn/Casper Associates for Selected Holdings, LLC and/or Stanley S. Weithorn.

As discussed in the Defendants' amended memorandum of law in support of their motion to dismiss, these allegations do no identify which, if any, of the avoidable Transfers (as limited by section 546(e) to the two-year reach-back period in the Bankruptcy Code) were subsequently transferred. No amounts are pleaded in Count Seven. Instead, paragraph 103 alleges "some or all" of the other Transfers are implicated. Nor does Count Seven allege by whom or to whom the subsequent transfers were made. Because paragraph 104 alleges that transfers were made "directly or indirectly," unnamed intermediaries may be involved.

In his opposition papers, the Trustee relies on the *Chais Decision* and *the Merkin Decision*. As discussed in the Defendants' amended memorandum of law in support of their motion to dismiss, the subsequent transferees in the *Chais Decision* and *the Merkin Decision* were provided with much more information than the Defendants in the present adversary proceeding. The subsequent transferees in the *Merkin Decision* were specifically told that they received "tens of millions of dollars in management fees." 440 B.R. at 270. In the *Chais Decision* the transfers at issue exceeded $1 billion, and the moving defendants in that case allegedly knew or should have known that BLMIS was

---

[1] The same allegation is also made in Complaint ¶ 55.

predicated upon fraud. 445 B.R. at 217-18. No similar allegations are in the Complaint in this case.

Nor does *Silverman v. K.E.R.U. Realty Corp. (In re Allou Dists., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007), to which both the Trustee and SIPC cite, support the subsequent transferee count in the present Complaint. The *Allou* court denied the motion to dismiss the subsequent transfer count, because the complaint alleged that "at least tens of millions of dollars were fraudulently diverted from Allou to [the initial transferees] . . . [and] a portion of these fraudulently diverted funds were [subsequently transferred] and used to purchase the Kent Avenue Property and construct the Kent Avenue Condominiums." In the present case, unlike *Allou*, no specific project or purpose for the subsequent transfer is alleged, no specific transferors or transferees are identified, and tens of millions of dollars are not involved.

The Trustee additionally cites to *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 709 (11th Cir. 2005), for the proposition that a complaint against a subsequent transferee must merely "'identif[y] relevant pathways' through which the funds flowed." Trustee's Memorandum of Law in Opposition to Defendants' Motions to Dismiss at 35-36. This argument takes the quotation from the case out of context. *Int'l Admin. Servs.* was an appeal from a judgment following three-day bench trial. 408 F.3d at 697. Pleading standards were not the subject of the Eleventh Circuit's decision; specific proof at a specific trial was. In any event, the trial concerned transfer of $1.050 million to specific subsequent transferees, and such funds were used to

purchase specific property. *Id.* at 708. This is much more information than the subsequent transferees in this case have from the present Complaint.[2]

Significantly, what the opposition does not address is Judge Lifland's decision in *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87, 119-20 (Bankr. S.D.N.Y. 2011) (hereinafter *Peter Madoff Decision*), in which subsequent transferee allegations similar to those in this Complaint were found deficient. In the *Peter Madoff Decision*, "the Complaint merely alleges that '[o]n information and belief, some or all of the transfers were subsequently transferred by one or more [of the Defendants] to another Family Defendant, either directly or indirectly' without providing any sort of estimate of the amount of the purported Subsequent Transfer, or when or how such Transfer occurred." *Id.* The court held that "the failure to indicate specific amounts does not in and of itself warrant dismissal of the Subsequent Transfer claims," but the complaint's "failure to provide even a modicum of specificity with respect to the Subsequent Transfers so as to put the Defendants on notice as to which ones the Trustee seeks to recover does so warrant." *Id.* at 120 (citing *Gowan v. Amaranth LLC (In re Dreier LLP)*, 2011 WL 2412601, at *11 (Bankr. S.D.N.Y. June 16, 2011). The subsequent transfer allegations in the complaint in the *Peter Madoff Decision* most closely resemble the

---

2 SIPC also quotes from *Securities Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 318 (Bankr. S.D.N.Y. 1999). As the quoted portion of that case states, the subsequent transferees were given notice of "how they received the funds, from whom they received them and where those original funds or their proceeds are housed." The "funds" in question were specifically identified as the "S&B Payments as well as SP and NCP Payments." *Id.* Earlier in the opinion, these payments were described as "1) the 'Stock Purchase' and 'Non-Compete' Agreements (the 'SP and "NCP Agreements," respectively) and the payment made to Belfort pursuant thereto (the "SP' and 'NCP Payments'), and 2) the payment of excessive salaries and bonuses to Pourish (the 'S&B Payments')." *Id*. at 305-06. Again, this is much more information than the subsequent transferees in the present case have from the Complaint.

subsequent transfer allegations in the Complaint in the present case. It is respectfully submitted that the result in this case should be the same.

As a result, the Complaint does not adequately state a claim for relief against the subsequent transferees, and Count Seven must be dismissed.

**Conclusion**

For all the foregoing reasons, the Defendants respectfully requests that the Count Seven of the Complaint be dismissed, and that the Defendants be granted such other and further relief as is just.

Dated: New York, New York
March 17, 2014

Respectfully submitted,

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
*Attorneys for Defendants*

By: ___*/s/ Alec P. Ostrow*________

Alec P. Ostrow
Chester B. Salomon
299 Park Avenue
New York, New York 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255
aostrow@beckerglynn.com
csalomon@beckerglynn.com