**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> THE ESTATE (SUCCESSION) OF DORIS IGOIN, LAURENCE APFELBAUM, individually and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin, and EMILIE APFELBAUM, <br><br> Defendants. | Adv. Pro. No. 10-04336 (SMB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS THE ESTATE (SUCCESSION) OF DORIS IGOIN,**
**LAURENCE APFELBAUM, AND EMILIE APFELBAUM'S MOTION TO DISMISS**

NY01\KlarJ\2230658.1

# TABLE OF CONTENTS

        **Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    A.    In Addition To Moving To Dismiss For Lack Of Personal Jurisdiction, Defendants Have Moved To Dismiss For Forum Non Conveniens ...................... 1

    B.    The Parties Are Engaged In Jurisdictional Discovery As Ordered By Judge Lifland ............................................................................................................. 1

    C.    The Trustee Has Misstated The Standard For A Rule 12(b)(2) Motion ................ 2

CONCLUSION ................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ash v. Richards*,
 No. 12 Civ. 8044(PAC), 2013 WL 4886105 (S.D.N.Y. Sept. 10, 2013) ................................. 2

*Novelaire Techs., L.L.C. v. Munters AB*,
 No. 13 Civ. 472(CM), 2013 WL 6182938 (S.D.N.Y. Nov. 21, 2013) ...................................... 3

*Overseas Media, Inc. v. Skvortsov*,
 407 F. Supp. 2d 563 (S.D.N.Y. 2006) ....................................................................................... 2

*Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*,
 779 F. Supp. 2d 319 (E.D.N.Y. 2011) ...................................................................................... 3

*Villanova v. Harbilas*,
 No. 08 Civ. 10448(PKC)(RLE), 2010 WL 1640187 (S.D.N.Y. Apr. 13, 2010) ....................... 2

**STATUTES**

N.Y. CPLR § 301 ............................................................................................................................. 3

N.Y. CPLR § 302 ............................................................................................................................. 3

**PRELIMINARY STATEMENT**

Defendants The Estate (Succession) of Doris Igoin, Laurence Apfelbaum, individually and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin, and Emilie Apfelbaum ("Defendants") submit this reply memorandum in further support of their motion to dismiss for lack of personal jurisdiction and motion to dismiss for *forum non conveniens* in favor of a French forum. Defendants submit this reply memorandum to clarify the status of their pending motions, which was not discussed in the Trustee's Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Trustee's Memo"), (Adv. Pro. No. 10-04336, ECF No. 75), or the Memorandum of Law of the Securities Investor Protection Corporation in Opposition to Defendants' Motions to Dismiss, (ECF No. 74), both filed on March 10, 2014.

**ARGUMENT**

**A.    In Addition To Moving To Dismiss For Lack Of Personal Jurisdiction, Defendants Have Moved To Dismiss For *Forum Non Conveniens***

The Trustee's Memo mentions this proceeding at page 56, footnote 59, stating that this proceeding is one amongst three where defendants have moved to dismiss for lack of personal jurisdiction. The Trustee's Memo does not mention that Defendants have also moved to dismiss for *forum non conveniens* in favor of a French forum, where they reside. (*See* ECF No. 23 at 19-28; ECF No. 34 at 20-34.)

**B.    The Parties Are Engaged In Jurisdictional Discovery As Ordered By Judge Lifland**

The Defendants' motions were fully briefed as of September 5, 2012. (ECF No. 34.) At an October 23, 2012 Court conference, Judge Lifland noted that the Trustee alleged in the Complaint filed in *Picard v. Magnify Inc., et al.*, Adv. Pro. No. 10-05279, that Laurence Apfelbaum, a defendant in this case, was authorized to give instructions to an individual who

1

controlled the Magnify funds. Judge Lifland stated that discovery should be taken on the issue of Defendants' relationship to the Magnify case and that, once that limited discovery was completed, the parties should supplement their motion papers on that issue. (ECF No. 45, allowing the parties "to engage in jurisdictional discovery.")

Jurisdictional discovery has proceeded in this case, with the deposition of Defendant Laurence Apfelbaum scheduled for March 26, 2014. Once completed, Defendants intend to supplement their papers to demonstrate that the Trustee's claims about their involvement with the facts alleged in the Magnify action are without merit and Defendants' motion should be granted.

C.  **The Trustee Has Misstated The Standard For A Rule 12(b)(2) Motion**

With respect to the pending motion to dismiss for lack of personal jurisdiction, the Trustee's Memo states that "in the absence of discovery or an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists and venue is proper." (ECF No. 75 at 56.) Here, the Trustee has had, and will have, full jurisdictional discovery to attempt to demonstrate jurisdiction over the Defendants.

On a 12(b)(2) motion to dismiss, once personal jurisdiction is challenged and discovery has been conducted, the Trustee bears the burden of showing that the Court has personal jurisdiction over Defendants. *See, e.g.*, *Ash v. Richards*, No. 12 Civ. 8044(PAC), 2013 WL 4886105, at *2 (S.D.N.Y. Sept. 10, 2013); *Villanova v. Harbilas*, No. 08 Civ. 10448(PKC)(RLE), 2010 WL 1640187, at *2 (S.D.N.Y. Apr. 13, 2010). The Trustee's jurisdictional showing must include an averment of facts that, if credited by the Court, would suffice to establish jurisdiction over Defendants. *See, e.g.*, *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2006). The Trustee can only meet this burden of proving jurisdiction by specifically showing that a forum state's jurisdictional statute permits the exercise

2

of personal jurisdiction, and that the assertion of personal jurisdiction would not violate due process under the Fourteenth Amendment. *See Novelaire Techs., L.L.C. v. Munters AB*, No. 13 Civ. 472(CM), 2013 WL 6182938, at *2 (S.D.N.Y. Nov. 21, 2013).

There are two methods by which a plaintiff can exercise jurisdiction over a foreign defendant under New York's CPLR: (1) general jurisdiction pursuant to CPLR § 301, and (2) specific jurisdiction pursuant to CPLR § 302. CPLR § 301 permits a court to exercise general jurisdiction over a non-domiciliary that is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in this jurisdiction." *Id.* at *3 (citations omitted); *see Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 779 F. Supp. 2d 319, 323 (E.D.N.Y. 2011). To qualify under this standard, a foreign defendant must do business in New York "with a fair amount of permanence and continuity." *Novelaire Techs., L.L.C.*, 2013 WL 6182938, at *3. CPLR § 302, on the other hand, allows jurisdiction only over a defendant who has "purposely availed himself of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *Id.* at *10. A court must access the totality of the circumstances concerning the party's connections to the state to determine whether the exercise of specific jurisdiction is proper. *Id.* Here, Defendants have not maintained any type of substantial, systematic, and continuous contacts with the United States. (*See* ECF No. 23 at 13-18.) The Trustee has therefore not established a basis for either general or personal jurisdiction.

The Trustee has also not shown that the exercise of personal jurisdiction satisfies the requirements of due process, as Defendants did not "purposefully direct[] their activities at residents of the forum; the claim does not "arise[] out of or relate[] to" Defendants' activities

3

with the forum; and the assertion of personal jurisdiction is not "reasonable and fair." (*See* ECF No. 23 at 18-19.)

For these reasons, as well as those detailed in Defendants' moving brief and first reply, the Trustee has not met its burden in proving that the Court has personal jurisdiction over Defendants. Defendants will submit a supplemental memorandum once jurisdictional discovery is completed.

## CONCLUSION

For all the reasons set forth above and in the other Moving and Reply submissions, the motion to dismiss of Defendants The Estate (Succession) of Doris Igoin, Laurence Apfelbaum, individually and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin, and Emilie Apfelbaum should be granted in all respects.

Dated: New York, New York
       March 17, 2014

KELLEY DRYE & WARREN LLP

By: s/ Jonathan K. Cooperman
Jonathan K. Cooperman
Jessica L. Klarfeld
101 Park Avenue
New York, New York 10178
(212) 808-7800
jcooperman@kelleydrye.com

*Attorney for Defendants*
*The Estate (Succession) of Doris Igoin,*
*Laurence Apfelbaum, and Emilie Apfelbaum*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2014, a copy of the foregoing Reply Memorandum of Law in Further Support of Defendants The Estate (Succession) of Doris Igoin, Laurence Apfelbaum, and Emilie Apfelbaum's Motion to Dismiss, dated March 17, 2014, was filed electronically with the Court through the ECF System and that the undersigned counsel is not aware of any party to this action who is unable to accept service by electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By:   /s Jonathan K. Cooperman
      Jonathan K. Cooperman

NY01\KlarJ\2230658.1