**BERNFELD, DEMATTEO & BERNFELD, LLP**
600 Third Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 661-1661
Facsimile: (212) 557-9610
David B. Bernfeld
Jeffrey L. Bernfeld
Joseph R. DeMatteo

*Attorneys for the Moving Defendants,*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant, | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>MADOFF SECURITIES | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>DEFENDANTS LISTED IN ITEMS 5-15 ON APPENDIX A,<br><br>Defendants, | Adv. Pro. Nos. Listed in Items 5-15 on Appendix A |

**OMNIBUS REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS**

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**PRELIMINARY STATEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**POINT I**
**THIS COURT HAS NOT OBTAINED**
**JURISDICTION IN THESE PROCEEDINGS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      **A.  Failure to Commence the Proceedings in the District Court** . . . . . . . . . . . . . . . 2

      **B.  The Defective Summons** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      **C.  The Filing of SIPC or Other Claims Does not Confer Jurisdiction Upon the**
           **Bankruptcy Court** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      **D.  The Trustee and SIPC have Waived any Opposition on These Issues** . . . . . . . 10

**POINT II**
**THE TRUSTEE MAY ONLY AVOID TRANSFERS**
**MADE BY THE BLMIS AND NOT BY AN ENTITY**
**OR PARTY OTHER THAN BLMIS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**POINT III**
**FRAUD HAS NOT BEEN PROPERLY PLEADED**
**AS AGAINST SUBSEQUENT TRANSFEREES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**POINT IV**
**JOINDER IN AND INCORPORATION OF**
**OTHER REPLIES AND RESERVATION OF**
**RIGHTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Biswas v. City of New York*,
    2013 WL 5421678 at *12 (S.D.N.Y. September 30, 2013) . . . . . . . . . . . . . . . . . . . . . . 10

*Bobrowsky v. The Yonkers Courthouse*,
    777 F.Supp.2d 692, 712 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Crysen/Montenay Energy Co. v. Shell Oil*
    240 B.R. 166, 170-71 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Debevoise v. Rutland Railway Corp.*,
    291 F.2d 379, 380-81 (2nd Cir.), *cert. denied*, 386 U.S. 876 (1961) . . . . . . . . . . . . . . . . . 8

*Delgado v. Villanueva*,
    2013 WL 3009649 at *2 (S.D.N.Y. June 18, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Delta Produce L.P., et al v. Bexar County*,
    498 B.R. 731, 739 (W.D.Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dudek v. Nassau County Sheriff's Dept.*
    2013 WL 6092855 at *14 (E.D.N.Y. November 19, 2013) . . . . . . . . . . . . . . . . . . . . . 10

*Gianna Enterprises v. Miss World (Jersey), Ltd.*,
    551 F.Supp. 1348 (S.D.N.Y.1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gortat v. Capala Bros., Inc.*,
    2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gutierrez v. Fox*,
    141 F.3d 425, 426 (2nd Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Long*,
    43 B.R. 692, 697 (Bankr.N.D.Ohio 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Madoff Securities*,
    12 MC 115 (JSR), Docket No. 427 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*In re Pioneer Inv. Servs. Co.*,
    946 F.2d 445, 448 (6th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re UBS AG Sec. Litig.*,

    2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Luckett v. Bure*,
    290 F.3d 493, 496 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Macaluso v. N.Y. D.E.C.*,
    115 F.R.D. 16 (E.D.N.Y.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Miller v. Kemira* ,
    910 F.2d 784, 789 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Mulatore v. Darr*,
    375 F.3d 140, 147-48 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Norton v. Sam's Club*,
    145 F.3d 114, 117 (2d Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Osrecovery, Inc. v. One Group International, Inc.*,
    2005 WL 1958359 at *1 (S.D.N.Y. August 15, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Richardson v. Jenkins*,
    52 B.R. 731 (Bankr. E.D. Mich. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Taft A. McGinstrey v. Sergent*,
    442 B.R. 567, 570-71 (E.D.Ky. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Taylor v. City of N.Y.*,
    269 F.Supp.2d 68, 75 (E.D.N.Y.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Webster v. Reid*,
    52 U.S. 437, 451 (1850) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

15 U.S.C.§78fff-3(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. §§1334 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

28 U.S.C. §§1334 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

28 U.S.C. §151 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 157(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 8 or 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Fed. R. Civ. P. 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

**OTHER AUTHORITIES**

1 Lawrence P. King, *Collier on Bankruptcy* ¶ 3.02[1] (15th Ed.Rev.1999) . . . . . . . . . . . . . . . . .  3

4A Wright & Miller, Federal Practice & Procedure: Civil 3d § 1088 (2002) . . . . . . . . . . . . . . .  9

Bankr. Litig. Manual §1.02 [A][2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

**PRELIMINARY STATEMENT**

This Omnibus Reply Brief is respectfully submitted in reply to the opposition papers submitted by the Trustee and SIPC in response to motions submitted by the Defendants set forth in numbers 5 through 15 on SIPC Appendix A (the "Moving Defendants").

As set forth below and in our initial moving papers, we join with and are incorporating the arguments and issues raised by the various other defendants in support of their motions to dismiss the adversary proceedings filed against them in connection with the Madoff matters. For brevity's sake we are not repeating and rehashing all of these arguments herein and, instead are addressing certain arguments that SIPC and the Trustee either misconstrued or failed to address and highlighting some important points on other issues.

While we are not addressing herein all of the points raised or incorporated in the Moving Defendants' initial motion papers, that should not be construed as an abandonment or waiver of those points but, rather, an attempt at brevity.

**ARGUMENT**

**POINT I**

**THIS COURT HAS NOT OBTAINED
JURISDICTION IN THESE PROCEEDINGS**

In our initial briefs, the Moving Defendants argued that the failure to commence these proceedings in the District Court as well the defects in the various summonses issued by the Bankruptcy Court in these proceedings mean that this Court has not obtained jurisdiction over these proceedings nor over the Moving Defendants.

SIPC and the Trustee have simply ignored this argument and, instead, responded superficially to an argument that these Defendants did not even advance - namely, that the *Stern-*

related decisions standing alone mean that this Court has no subject matter jurisdiction over these proceedings or parties and could *never* exercise such jurisdiction. This is a red herring.

The Moving Defendants herein are not arguing that this Court *could* not obtain jurisdiction over this proceeding or over the parties hereto. Rather, as set forth below and in the initial briefs, these Defendants are arguing that, *because this proceeding was not commenced in the District Court and this Court issued defective summonses*, neither this Court nor the District Court has yet obtained jurisdiction over this proceeding or over the Moving Defendants. As will be seen, having utterly failed to even address this argument, SIPC and the Trustee have waived any opposition thereto. Further, even had they offered any argument in opposition, the Moving Defendants are substantively correct on the law and should prevail in any case.

As a result, these proceedings must be dismissed.

### A. FAILURE TO COMMENCE THE PROCEEDINGS IN THE DISTRICT COURT

The District Court is an Article III court and is vested with *original and exclusive* jurisdiction of all cases under Title 11 as well as original jurisdiction of "all civil proceedings arising under Title 11or arising in or related to cases under Title 11" 28 U.S.C. §§1334 (a) and (b). By comparison, the Bankruptcy Court is an Article I court whose jurisdiction "... is derived and depends upon the jurisdiction vested in the district court and is limited to the powers specified in 28 U.S.C. §151 ... That authority is in every sense subordinate to the power and supervision of the district court." Bankr. Litig. Manual §1.02 [A][2].

As a result, the Bankruptcy Court does not have any jurisdiction over proceedings, such as the instant adversary proceedings, or over the Defendants named therein, independent of that

which it obtains from the District Court.  *See*, *Crysen/Montenay Energy Co. v. Shell Oil*, 240 B.R. 166, 170-71 (S.D.N.Y. 1999) (*citing*, 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. § 157(a); *quoting*, 1 Lawrence P. King, *Collier on Bankruptcy* ¶ 3.02[1] (15th Ed.Rev.1999)) ("Bankruptcy judges do not have an independent source of jurisdiction. Their power is derived from district courts.  'The entire grant of jurisdiction to the district courts made by section 1334(a) and (b) - title 11 cases, and any or all proceedings arising under title 11 or arising in or related to a case under title 11 - may be referred to the bankruptcy judges.'"); *Richardson v. Jenkins*, 52 B.R. 731 (Bankr. E.D. Mich. 1985) ("[T]he bankruptcy court does not have any 'inherent powers.'  Rather, it has only such powers as are delegated by the district court."); *Miller v. Kemira*, 910 F.2d 784, 789 (11th Cir. 1990) ("If the district court has no jurisdiction over a particular proceeding, then neither does the bankruptcy court.").

Indeed, the District Court must first determine whether or not it has jurisdiction before it can exercise its discretion to refer a proceeding to the Bankruptcy Court:

> The [district] Court must confirm its own jurisdiction before sending it to bankruptcy.  *Mulatore v. Darr*, 375 F.3d 140, 147-48 (1st Cir. 2004) (holding that district courts cannot refer cases to bankruptcy court if the district court lacks subject matter jurisdiction).  And not just because Fed. R. Civ. P. 12(h)(3) says that the Court 'must dismiss' a case over which it lacks subject matter jurisdiction.  *Id.*  The bankruptcy court itself has no jurisdiction unless [the district] Court has jurisdiction first: Congress has vested bankruptcy jurisdiction in the district courts - saying 'the *district courts* shall have original and exclusive jurisdiction of all cases under title 11' and that 'the *district courts* shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.'  28 U.S.C. § 1334(a), (b), (emphasis added).  The bankruptcy court thus only has jurisdiction on discretionary referral from [the district] Court.  *In re Pioneer Inv. Servs. Co.*, 946 F.2d 445, 448 (6th Cir.1991) ('[T]he Code grants broad jurisdictional

3

>powers to Article III district courts, and these courts have discretion to exercise this jurisdiction or refer the case or proceeding to the bankruptcy courts.'); *In re Long*, 43 B.R. 692, 697 (Bankr.N.D.Ohio 1984) ("The bankruptcy court acquires jurisdiction over an action only by referral from the district court.")

*Taft A. McGinstrey v. Sergent*, 442 B.R. 567, 570-71 (E.D.Ky. 2011); *See also*, *Delta Produce L.P., et al v. Bexar County*, 498 B.R. 731, 739 (W.D.Tex. 2013) (*internal citations and quotations omitted*) ("To determine whether a bankruptcy court has jurisdiction, [the district court] must first examine whether the district court had jurisdiction under 28 U.S.C. §1334(b). *** If jurisdiction exists under §1334 (b), a district court may refer the matter to a bankruptcy court.")[1]

Thus, it is clear that: (a) the District Court has original jurisdiction over avoidance proceedings such as those at issue here; and (b) any jurisdiction in the Bankruptcy Court may only be derived via a reference of the proceeding from the District Court. It therefore necessarily follows that the District Court must first obtain jurisdiction over the proceeding and the parties for itself before, *if it elects to do so*, referring some or all of the proceeding to the Bankruptcy Court. As a matter of simple logic, the District Court can only refer such jurisdiction (or portion thereof) as it has already obtained. *See, e.g.*, *Taft*, 442 B.R. at 570 ("The [district] Court must confirm its own jurisdiction before sending it to bankruptcy."); *Miller v. Kemira*, 910 F.2d 784, 789 (11th Cir. 1990) ("If the district court has no jurisdiction over a particular proceeding, then

---

[1] The nature of the claims and the limitations imposed on the Bankruptcy Court's authority pursuant to Article III of the constitution reinforces the need for the District Court to first obtain its own jurisdiction before referral to the Bankruptcy Court, since only the District Court has the Constitutional authority to finally adjudicate these proceedings on the merits. In that regard, the District Court has already determined that these avoidance actions assert solely private rights that the Bankruptcy court may not constitutionally adjudicate on the merits. *In re: Madoff Securities*, 12 MC 115 (JSR), Docket No. 427

4

neither does the bankruptcy court."). Obviously, the District Court cannot obtain subject matter jurisdiction over a proceeding if it is not commenced in that court. In a further obvious matter of logic, absent a summons issued by the District Court and properly served, no personal jurisdiction can be obtained by that court over a Defendant. In other words, for jurisdiction properly to attach in the District Court, the case must first be filed in the District Court and a District Court summons and complaint must be properly served upon a defendant. Then, and only then, may the District Court refer to the Bankruptcy Court such aspects of the jurisdiction that it has obtained.

In the instant proceedings, the Trustee has skipped that crucial and mandatory first step and, as a result, the District Court never obtained jurisdiction over these proceedings. As a further result, the District Court was unable to issue summonses in these proceedings in order to obtain personal jurisdiction over the defendants. Having failed to do so, the District Court did not obtain any jurisdiction over these proceedings or parties to refer to the Bankruptcy Court.

The only summonses issued and served were from the Bankruptcy Court itself. However, without jurisdiction having first been obtained by the District Court, and with no reference from the District Court, the Bankruptcy Court acted *ultra vires* in even issuing a summons much less purporting to exercise any jurisdiction over these proceedings or parties.

As a result, we submit that no jurisdiction has been obtained over these proceedings or parties because, *inter alia,* the District Court never obtained its own jurisdiction over the proceedings and the Moving Defendants were not served with lawful process emanating from the District Court - the only court with statutory original jurisdiction. 28 U.S.C. §1334 (a) & (b).

\* \* \*

5

Surprisingly, SIPC and the Trustee's opposition papers do not even purport to address or discuss this crucial threshold issue. They have simply and literally ignored it, focusing instead on an argument that has not even been advanced by these Defendants. The Trustee and SIPC, clearly uncomfortable responding to the actual issues and arguments raised, pretend that the argument advanced is that, based on *Stern v. Marshall*, the Bankruptcy Court could *never* have subject matter jurisdiction, for any purpose, over proceedings like the ones at issue here. This is obviously not the argument that these Defendants have advanced here.

Rather, the argument advanced here is that the Bankruptcy Court has no *independent* subject matter jurisdiction. In addition to that which is set forth above, this can be seen in the implications of the *Stern* decision and the decisions related thereto. Subject matter jurisdiction is generally tied to the power to finally adjudicate. *See*, *Luckett v. Bure*, 290 F.3d 493, 496 (2nd Cir. 2002) (internal citations and quotations omitted) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."); *Bobrowsky v. The Yonkers Courthouse*, 777 F.Supp.2d 692, 712 (S.D.N.Y. 2011) ("A 'court acts in the absence of all jurisdiction when it does not have any statutory or constitutional power to adjudicate the case.'").

Since this Court is not empowered to finally adjudicate the proceedings at issue here, it is clear that the Bankruptcy Court has no *independent* subject matter jurisdiction over these proceedings. It therefore follows that, for this reason as well, absent a specific reference from the District Court, the Bankruptcy Court cannot exercise any jurisdiction over these proceedings. Since there has been no such reference, this Court does not have subject matter jurisdiction over these proceedings.

Building on their "response" to an argument not even advanced by these Moving Defendants, SIPC and the Trustee also gloss over the defects in the summonses herein. Their argument has been relegated to a footnote in which they state, in essence, that the summonses are not defective because *Stern* does not mean what SIPC and the Trustee incorrectly claim that these Defendants argue it means. This circular argument has no validity and does nothing to address or respond to the issues raised by these Defendants.

As set forth above, the Bankruptcy Court was not empowered by any reference from the District Court to even issue a summons and it is highly questionable whether or not the summons as issued would have been proper even following a reference. As set forth below, the summonses are otherwise defective in a manner that SIPC and the Trustee have ignored.[2]

As set forth below, the failure to address these issues represents a waiver on the part of SIPC and the Trustee. As set forth above, even had they submitted opposition addressing these issues, the Moving Defendants herein are substantively correct and should prevail in any case.

\* \* \*

As a result of the foregoing, these proceedings should be dismissed.

## B. THE DEFECTIVE SUMMONS

In our moving papers we explained that the summonses were defective, not only because they came from the wrong court jurisdictionally but also because they affirmatively misrepresent the law and the powers of this Court.

---

[2] While there are issues relating to subject matter jurisdiction flowing from the fact that the Bankruptcy Court clearly lacks the power to finally adjudicate these proceedings on the merits and these Defendants join the other Defendants in other proceedings that may have raised this issue (*see*, initial Memorandum of Law, Point VIII) this is a wholly *separate* issue from that discussed herein.

On its face, the summons improperly decrees that if a defendant fails to appear or answer, that the mere failure to act - without any other or further act or omission - will constitute a consent to the entry of a final judgment against the defendant by default *by this Court*. This statement is contrary to law.

As set forth above, these avoidance proceedings involve private rights that can only be finally determined by the District Court and, indeed, the Constitution prohibits the Bankruptcy Court from making or entering a final order or judgment in these proceedings. Thus, the statement in the summons is contrary to the law since the Bankruptcy Court does not have the power to enter the very final judgment that the summons threatens - implied consent or not.[3]

Further, as set forth above, this Court has no jurisdiction over proceedings such as those at issue here in the absence of a reference from the District Court. Since the Trustee commenced these proceedings directly in this Court rather than the District Court, there has been no such reference - and there certainly was no reference at the time that the summonses were issued. Thus, lacking jurisdiction over these proceedings, this Court was not empowered or authorized to even issue the summonses in question in the first place. The summonses are, therefore, a nullity and the service thereof is of no import. *See*, *Gutierrez v. Fox*, 141 F.3d 425, 426 (2nd Cir.1998) ("Without jurisdiction, any decision or ruling by the court would be a nullity."); *Webster v. Reid*, 52 U.S. 437, 451 (1850) ("[W]herever a court acts without jurisdiction, its decrees, judgments, and proceedings are absolute nullities"); *Debevoise v. Rutland Railway Corp.*, 291 F.2d 379,

---

[3] Subject matter jurisdiction is not an issue that can be waived or eliminated by the consent of the parties since it goes to the very power of a court to act. Obviously, the mere failure to respond to a summons does not amend or eliminate the Constitutional provisions restricting this Court from entering the judgment that the summons claims will be entered upon default.

8

380-81 (2nd Cir.), *cert. denied*, 386 U.S. 876 (1961) ("It is clear that the district court ... was without jurisdiction to take any action in the case. The parties were not of diverse citizenship .... Since the district court had no jurisdiction all proceedings taken in it were a nullity, the injunction must be vacated and the case remanded").

      Here, in the absence of a reference and, therefore, the absence of jurisdiction, this Court was not authorized or empowered to issue any summons or, indeed, take any action with respect to these proceedings. Further, the summons issued contained a substantive misstatement of the law. These are not mere technical defects that might be curable but, rather, are "prejudicial" and show a "flagrant disregard" for the applicable rules. *See*, *Osrecovery, Inc. v. One Group International, Inc.*, 2005 WL 1958359 at *1 (S.D.N.Y. August 15, 2005) (*citing*, *Macaluso v. N.Y. D.E.C.*, 115 F.R.D. 16 (E.D.N.Y.1986); *Gianna Enterprises v. Miss World (Jersey), Ltd.*, 551 F.Supp. 1348 (S.D.N.Y.1982); 4A Wright & Miller, Federal Practice & Procedure: Civil 3d § 1088 (2002)).

      Therefore, service of these unauthorized and otherwise defective summonses were ineffective to confer any jurisdiction.

## C. THE FILING OF SIPC OR OTHER CLAIMS DOES NOT CONFER JURISDICTION UPON THE BANKRUPTCY COURT

      In opposition to the motions to dismiss, SIPC and the Trustee argue that because some of the Moving Defendants filed SIPC claims for relief, they have submitted to and invoked the jurisdiction of the Bankruptcy Court in connection with these adversary proceedings. This argument is not valid.

9

To begin with, a number of the Moving Defendants never filed such a claim.[4] Moreover, the District Court has already ruled that the filing of such a claim did *not* confer authority on the bankruptcy court to determine the instant avoidance actions on the merits:

> [T]he fact that certain defendants have filed net equity claims, standing alone, does not empower the Bankruptcy Court to finally decide the Trustee's avoidance actions. As in Stern, the court has no "reason to believe that the process of adjudicating " net equity claims "would necessarily resolve" the Trustee's avoidance actions.

*In re: Madoff Securities*, 12 MC 115 (JSR), Docket No. 427 at pg. 13.

Beyond this, subject matter jurisdiction over these proceedings cannot be conferred by consent or other action of a party. It can only be conferred by reference from the District Court.

As a result, the filing of claims does not have any bearing on this Court's jurisdiction over these proceedings.

## D.  THE TRUSTEE AND SIPC HAVE WAIVED ANY OPPOSITION ON THESE ISSUES

Where an issue is raised in a motion and the party opposing the motion does not address that issue, any objection or opposition on that issue is waived and/or abandoned. *See*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2nd Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Dudek v. Nassau County Sheriff's Dept*. 2013 WL 6092855 at *14 (E.D.N.Y. November 19, 2013) ("failure to address [an] argument regarding [certain] claims is reason alone to deem all objections thereto abandoned."); *Biswas v. City of New York*, 2013 WL 5421678 at *12 (S.D.N.Y. September 30, 2013) ("[T]he

---

[4] These include defendants in the following cases: 10-04717;10-04468; 10-05231; 10-05094 and 10-04408

plaintiff's Memorandum contains arguments relating to her substantive due process claim but does not address any issues of procedural due process. Thus, the plaintiff's procedural due process claims are abandoned, and the defendants' motion to dismiss Count II is granted to the extent that the claim is based on procedural due process."); *Taylor v. City of N.Y.*, 269 F.Supp.2d 68, 75 (E.D.N.Y.2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (holding that a plaintiff who does not respond to a point raised by a defendant on a motion to dismiss "concedes" that point "through silence"); *Gortat v. Capala Bros., Inc.*, 2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010) (considering an argument not addressed in an opposition brief waived); *Delgado v. Villanueva*, 2013 WL 3009649 at *2 (S.D.N.Y. June 18, 2013) ("[A]lthough Plaintiffs cited the RICO venue provision in the Complaint (Compl.¶ 7), they made no argument relating to it in their opposition to Defendants' motion, relying exclusively on Section 1391(b)(2) instead. Accordingly, any argument that Section 1965 provides a basis for venue has been waived.").

Both SIPC and the Trustee failed to address the arguments with respect to filing these proceedings in the wrong court and the defects in the summonses. As a result, they have waived any opposition and/or objection on these points.

* * *

As a result, no jurisdiction, either subject matter or *in personam,* has been obtained by this Court in these proceedings and they should be dismissed.

11

## POINT II

### THE TRUSTEE MAY ONLY AVOID TRANSFERS MADE BY THE BLMIS AND NOT BY AN ENTITY OR PARTY OTHER THAN BLMIS

In our initial moving papers, we asserted that BLMIS was not formed until the year 2001 and that it was, therefore, inappropriate for the trustee to rely upon or avoid non-BLMIS transactions, taking place at a separate brokerage entity in determining the various defendants' purported liability in these avoidance proceedings.

Instead of responding to the substantive points made in this regard, SIPC and the Trustee, instead, now disaffirm the allegations set forth in the Complaints. The Trustee's Complaints, in clear and unequivocal terms, allege that BLMIS was formed in January 2001 - as we contend - and that prior to that time, Madoff operated his own brokerage firm as a sole proprietor. Now, however, the Trustee and SIPC assert - without any supporting documentation - that BLMIS was formed in the 1970's.[5] The Trustee's belated attempt to re-characterize the 2001 formation of BLMIS as simply a change in "corporate form" is disingenuous, inaccurate and in direct contradiction to the allegations in the complaints. As set forth in the various complaints, there was no prior corporation in existence, only a sole proprietorship of Mr. Madoff himself - a legally separate brokerage entity.

Under SIPA, distinct legal entities are to be recognized as separate even if factually related. For example, 15 U.S.C.§78fff-3(a)(2) provides as follows with respect to multiple

---

[5] While they claim that the Moving Defendants have no support for the assertion that BLMIS was formed in 2001, the Trustee and SIPC have provided nothing in support of their new, self-contradictory position. The Moving Defendants' support is found in the complaints themselves.

related accounts maintained by a party in separate legal capacities:

> a customer who holds accounts with the debtor in separate
> capacities shall be deemed to be a different customer in each
> capacity.

Moreover, when it has been beneficial to SIPC's financial interests, SIPC and the Trustee have been insistent on recognizing the separateness of legal entities even when, as a result, parties who functionally had invested in Madoff were denied customer status simply because they invested through a feeder fund rather than directly with BLMIS.

Simply put, nothing set forth in the Trustee's or SIPC's opposition properly or convincingly addresses or explains how the Trustee, who is only authorized to liquidate BLMIS, nonetheless purports to avoid transfers by Madoff individually that predate the formation of BLMIS. Contradicting, without explanation, the very allegations in the Trustee's complaints does nothing to add to or support their argument.

## POINT III

### FRAUD HAS NOT BEEN PROPERLY PLEADED AS AGAINST SUBSEQUENT TRANSFEREES

While the Moving Defendants maintain that, as set forth in the initial moving papers, none of the claims have been properly pleaded, these pleading deficiencies are most pronounced with respect to subsequent transferees.

The vague and conclusory allegations of subsequent transferee liability contain virtually no particulars or allegations of fact that could put alleged subsequent transferees on notice of the actual liability claims asserted against them. The complaints do not provide even basic allegations that would allow a subsequent transferee to discern what purported transfers they are

13

alleged to be liable for. There are no facts alleged that would allow a subsequent transferee to discern whether the purported transfers to them represent principal or so-called false profits nor are there facts alleged that would allow a subsequent transferee to discern the manner in which the Trustee purports to allocate the various transfers.

These vague and conclusory allegations regarding subsequent transferee liability do not meet the required pleading standards - whether under Fed. R. Civ. P. 8 or 9(b). As a result, these claims should be dismissed.

## POINT IV

### JOINDER IN AND INCORPORATION OF OTHER REPLIES AND RESERVATION OF RIGHTS

The Defendants join in and incorporate all points made in all other replies submitted - and to be submitted - by similarly situated defendants in connection with the various motions in BLMIS adversary proceedings to which SIPC and the Trustee have filed their omnibus opposition. Further, Defendants incorporate all arguments made by similarly situated defendants before the District Court in this matter. Lastly, nothing herein should be deemed a waiver of any right, defense, argument or issue not specifically raised herein. The Defendants specifically reserve their rights in this respect.

**CONCLUSION**

For all of the foregoing reasons as well as those set forth in the Moving Defendants' initial motion papers, these proceedings should be dismissed.

Dated: New York, New York
March 17, 2014

**Bernfeld, DeMatteo & Bernfeld, LLP**
*Attorneys for the Movants*

By: /s/
David B. Bernfeld (dbb-0177)
Jeffrey L. Bernfeld (jlb-1615)
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-1661