# EXHIBIT 2

**FILED**

Minn. Stat. § 524.3-804

STATE OF MINNESOTA  13 NOV 18 AM 11: 53
COUNTY OF HENNEPIN
BY: PROBATE/MENTAL HEALTH
FOURTH DISTRICT COURT

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PROBATE-MENTAL HEALTH DIVISION

Court File No.: 27-PAPR-13-1441

In Re: Estate of
Boyer Oscar Hilmer Palmer, also known as
Boyer H. Palmer and Boyer Palmer,

       Decedent.

STATEMENT OF UNSECURED CLAIM

I, Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff ("Trustee"), state the following:

1. **Claimant's Information.** I am a claimant in this matter. My name and address are:

   Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff
   Baker & Hostetler LLP
   45 Rockefeller Plaza, 11th Floor
   New York, NY 10111-0100

2. **Amount of Claim.** The decedent's estate is indebted to me in the total amount of $9,658,675.00.

3. **Nature of Claim.** The nature of the claim is:

   The basis for the claim is recovery of avoidable fictitious profits. As background, this claim arises from the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff"). In early December 2008, Bernard L. Madoff Investment Securities LLC ("BLMIS") generated client account statements for its approximately 4,900 open client accounts. When added together, these statements purport that clients of BLMIS had approximately $65 billion invested with BLMIS. In reality, BLMIS had assets on hand worth a small fraction of that amount. On March 12, 2009, Madoff admitted to the fraudulent scheme and pled guilty to 11 felony counts, and was

Court File No.: _____

sentenced on June 29, 2009 to 150 years in prison. Decedent was an investor with BLMIS and a beneficiary of the Ponzi scheme. My investigation as Trustee has revealed that the amount of money withdrawn from the Decedent's accounts at BLMIS was greater than the amount deposited with BLMIS, and constitutes fictitious profit. Specifically, the amounts of the six-year fictitious profits that are avoidable by the Trustee from the Decedent's BLMIS accounts numbered 1EM144, 1EM145, 1EM396, and 1P0098, are $2,136,543.00, $4,689,132.00, $2,202,000.00, and $631,000.00 respectively. I filed adversary complaints seeking these amounts styled as follows: *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Securities LLC v. Palmer Family Trust, et al.*, Adv. Pro. No. 10-05151 (BRL), in the United States Bankruptcy Court for the Southern District of New York, complaint filed December 2, 2010; *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Securities LLC v. Fern C. Palmer Revocable Trust dtd 12/31/91, as amended, et al.*, Adv. Pro. No. 10-04397 (BRL), in the United States Bankruptcy Court for the Southern District of New York, complaint filed November 30, 2010; *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Securities LLC v. Boyer H. Palmer, individually, etc., et al.*, Adv. Pro. No. 10-05133 (BRL), in the United States Bankruptcy Court for the Southern District of New York, complaint filed December 2, 2010; and *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Securities LLC v. Boyer Palmer*, Adv. Pro. No. 10-04826 (BRL), in the United States Bankruptcy Court for the Southern District of New York, complaint filed December 1, 2010.

Court File No.: _____

The fictitious profits received by Decedent were taken from other customers of BLMIS. Claimant seeks return of these amounts so that the customer property can be equitably distributed among all of the victims of BLMIS.

4. Date of Claim. The Decedent died on December 13, 2012. The claim arose on or about December 11, 2008, prior to the Decedent's death, and claims were pending against Decedent at death as reflected in the adversary complaints described above.

5. No Security Interest. The claim is unsecured.

6. Existence of Contract. The claim is not based on a contract.

7. Due Date. The claim will be due and payable on the date it is reduced to judgment.

Court File No.: _____

8. **Contingencies of Claim.** The claim is contingent or unliquidated. The nature of the uncertainty is: that the claim is not yet reduced to judgment.

Dated: _November 12, 2013_        _Irving H. Picard, as Trustee_
                                   Irving H. Picard, as Trustee for the Substantively
                                   Consolidated SIPA Liquidation of Bernard L.
                                   Madoff Investment Securities LLC and Bernard
                                   L. Madoff, Claimant

Kelley, Wolter & Scott, P.A.
Steven E. Wolter
MN#170707
431 South Seventh Street, Suite 2530
Telephone: 612-371-9090
Facsimile: 612-371-0574
e-mail: swolter@kelleywolter.com