**Related to Various Motions to Dismiss and the
Trustee's Consolidated Opposition Thereto
Hearing Date Pending**

Richard A. Kirby
Laura K. Clinton
Martha Rodriguez Lopez
K&L GATES LLP
1601 K Street
Washington D.C. 20006
(202) 778-9000 (Telephone)
(202) 778-9100 (Facsimile)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
SECURITIES INVESTOR PROTECTION
CORPORATION,

                      Plaintiff,

       v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                      Defendant.

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(substantively consolidated)

---------------------------------------------------------------- x
In re:

BERNARD L. MADOFF,

                      Debtor.

---------------------------------------------------------------- x
IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                      Plaintiff,

       v.

SCHIFF FAMILY HOLDINGS NEVADA
LIMITED PARTNERSHIP; et al.,

                      Defendants.

Adv. Pro. No. 10-04363 (SMB)

---------------------------------------------------------------- x

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Adv. Pro. No. 10-04718 (SMB) |
| THE JORDAN H. KART REVOCABLE TRUST; et al. | : : : : | |
| Defendants. | : | |
| ......................................................................... | x | |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND BE HEARD ON THE ISSUE OF THE TRUSTEE'S STANDING TO RECOVER CUSTOMER PROPERTY

2

Movants, defendants in numerous avoidance actions commenced by the Trustee ("Movants") seek to intervene, pursuant to Rule 7024(b) of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules"), in two adversary proceedings with pending Motions to Dismiss, for the limited purpose of being heard on the Trustee's standing to recover avoidable transfers, as explained below.[1] The Motions will be fully briefed by the original parties on March 17, 2014; a hearing date has not yet been set by the Court. The Trustee and counsel to the defendants in the adversary proceedings have consented to the filing of this Motion without the need for a pre-motion conference.

Specifically, Movants seek intervention to be heard before this Court, and in any subsequent related proceedings, on the question of the Trustee's standing under 15 U.S.C. § 78fff-2(c)(3) ("SIPA Section 8(c)(3)") to pursue the recovery of transfers -- if and when avoided by the Trustee -- of customer property made by Bernard L. Madoff Investment Securities LLC ("Madoff Securities") to customers. Movants are not alleged to have engaged in any wrongful conduct regarding Madoff Securities, or to have received their transfers in bad faith.

**PRELIMINARY STATEMENT**

Several pending Motions to Dismiss argue that the Trustee lacks standing to recover avoidance claims where the estate has or will have sufficient funds in the customer property pool to pay allowed customer claims and to reimburse SIPC for the amounts paid as advances on such claims. *See* SIPA Section 8(c)(3). Many of the Movants are not parties to pending Motions to Dismiss; they have either asserted an affirmative defense that the Trustee lacks standing to pursue identical clawback claims or have not yet answered but intend to assert that defense.

---

[1] *See, e.g.,* Motion to Dismiss the Complaint or, in the Alternative, for a Stay, *Picard v. Schiff Family Holdings Nevada Ltd.,* Adv. Pro. No. 10-04363, Dkt. No. 20-1 at 5-9; Defendants' Omnibus Memorandum of Law in Support of Motion to Dismiss, *Picard v. The Jordan H. Kart Revocable Trust,* Adv. Pro. No. 10-04718, Dkt. No. 29 at 11-16.

Other Movants filed motions that do not specifically raise the standing issue at the pleading stage, but they intend to raise the issue as part of their merits defenses. Movants request that the Court permit them to intervene to address the limits imposed by SIPA on the Trustee's standing to recover avoided transfers of customer property. *See, e.g.,* Motion to Dismiss the Complaint or, in the Alternative, for a Stay, *Picard v. Schiff Family Holdings Nevada Ltd.*, Adv. Pro. No. 10-04363, Dkt. No. 20-1 at 5-9; Defendants' Omnibus Memorandum of Law in Support of Motion to Dismiss, *Picard v. The Jordan H. Kart Revocable Trust*, Adv. Pro. No. 10-04718, Dkt. No. 29 at 11-16.

As further detailed in Movants' accompanying memorandum of law, Section 8(c)(3) requires the Trustee to demonstrate that the customer property held by the estate is insufficient to pay allowed customer claims ***before*** he can recover additional customer property through avoidance actions. Under SIPA, the determination of whether a shortfall in customer property actually exists must be measured at the time of attempted recovery, not by reference to the allegations of the avoidance complaints or circumstances existing at the time the SIPA liquidation proceeding was filed. The *Bevill Bressler* case cited by the Trustee as the key authority in support of his position is not controlling, is easily distinguishable, and does not grapple with the statutory limitations on the Trustee's recovery powers.

This issue is almost certain to require adjudication in these proceedings because the current estimated shortfall of customer property as compared to the amount of allowed claims is now only $1.6 billion (down from over $10 billion), and there are substantial anticipated additional recoveries that will likely close or eliminate that gap. These recoveries include not only those that are likely to result from the Trustee's pending litigation and settlement efforts,

4

but also the portion of the $4.05 billion Madoff Victim Fund overseen by the U.S. Department of Justice that will be allocated to direct customers of Madoff Securities holding allowed claims.

Movants, as defendants in the pending adversary proceedings commenced by the Trustee, share a common interest in the outcome of the pending motions on standing since it raises a common question of law and fact. Movants satisfy the Rule 7024(b)(1)(B) criteria for intervention and should be heard by the Court. Movants do not seek to delay or otherwise interfere with the pending Motions, and they submit herewith as Appendix A their proposed memorandum of law setting out their substantive arguments. Movants respectfully request that the Court allow intervention so that they can be heard on this issue before any ruling on any issues in the pending Motions that raise the question of the interpretation and application of Section 8(c)(3).

## ARGUMENT

### A. Movants Should Be Granted Leave to Permissively Intervene Under Federal Bankruptcy Rule 7024(b)(1)(B).

Bankruptcy Rule 7024(b)(1)(B) anticipates that persons having a common defense that shares common questions of law and fact may intervene to protect their interests. Permissive intervention should be liberally granted, and is appropriate where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989); *see also Provident Bank v. Cmty. Home Mortg. Corp.*, No. 02-cv-5219, 2005 WL 1801654, at *10 (E.D.N.Y. July 28, 2005) (permissive intervention warranted when movant's claim and main action had common questions of law and fact arising from the same underlying fraud).

"The principal consideration set forth in the Rule is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U S. Postal Serv. v.*

5

*Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (internal quotation marks omitted). Other potentially relevant factors include whether intervenors' "interests are adequately represented by the other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.* (internal quotation marks omitted). Movants meet these criteria, and the Court should permit intervention.

### 1. *Movants have material interests in common with the subject of the pending motions.*

Movants raise legal questions in common with the pending motions on standing that will be directly affected by the result of the Court's ruling on the issue. *McNeill*, 719 F.Supp. at 250. Movants have each filed an affirmative defense in their answer that raise this issue, or anticipate doing so. Movants have therefore an indisputable interest in the Court's determination of the Trustee's standing to pursue his claims against Movants. Indeed, the standing ruling could lead to the reduction or elimination of a right of the Trustee to recover from them on his avoidance claims if the Court determines that the Trustee lacks standing to recover on those claims. Where, as here, the Court's ruling on the pending Motions may adjudicate Movants' rights, intervention should be permitted. *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989) (allowing permissive intervention where the intervenors' legal interests were common to the ones raised by the parties, and the issues did not turn on individual facts and circumstances).

### 2. *Intervention Will Not Result in Undue Delay or Prejudice the Parties.*

According to the plain language of Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Movants previously raised with the Trustee and the Court their concern regarding being heard on legal issues of significant import to their cases, and understand that the

6

Court's preferred avenue is through a motion to intervene on discrete legal issues. Declaration of Richard A. Kirby in Support of Motion to Intervene ("Kirby Decl."), ¶ 3. The defendants currently litigating the standing issue in *Schiff* or *Hart* do not oppose intervention. *Id.* ¶ 4. Moreover, there would be little or no additional burden to the Trustee – either in cost or delay – of permitting Movants to intervene. Denying intervention, however, could foreclose Movants from being heard on this important issue. Movants do not propose any delay in the current schedule, but rather seek to intervene only to submit additional legal argument, through a written brief and oral argument, on the issue of the Trustee's standing to proceed under SIPA Section 8(c)(3). The Movants' accompanying brief directly addresses the Trustee's asserted position on standing. Allowing Movants to be heard at this time on the particular issues will afford the Court a more fulsome perspective of the impact of this issue across hundreds of adversary proceedings affected by the question, and will avoid the piecemeal adjudication of the standing issue, thereby promoting judicial efficiency. *See Brennan*, 579 F.2d at 191-92 (recognizing that permissive intervention is appropriate where "intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented").

There are no unusual circumstances that militate against intervention. To the contrary, allowing all affected parties to be heard at this time promotes judicial efficiency, reduces the likelihood of re-litigation of these same issues in other proceedings, and avoids the risk of inconsistent determinations.

    **3.** *Movants' interests are not adequately represented by the parties to the pending motions.*

The other defendants who raise the standing issue either seek different affirmative relief from that sought by Movants or approach the legal analysis from a different perspective. Where,

7

as here, the Movants' interests are not being advocated by existing defendants, the Court should allow them to be heard. As a practical matter, therefore, the Trustee's Motion may be the only chance for all Movants to be heard on this critical defense issue.

Even assuming that defendants advanced the same position as Movants, adequacy of representation is not a factor for consideration in the permissive intervention context. Fed. R. Civ. P. 24(b) (no mention of adequacy of representation). *See e.g.*, *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 414 (W.D. Pa. 2006) (noting more lenient standard of permissive intervention and granting permissive intervention although court had denied intervention as of right due, in part, to the adequacy of representation); *U.S. v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980) (reliance on adequate representation "seems inappropriate" for permissive representation); Bankr. Proc. Manual § 7024:4 (2013 ed.) ("[I]f an application to intervene as of right is denied on the grounds that either the intervenor's interest is already adequately represented or the practical considerations do not mandate intervention, the intervenor may still have the option of applying to intervene by permission.").

Assuming adequacy of representation were a factor for consideration, Movants nonetheless meet the minimal burden of showing inadequacy of representation. Courts that have considered adequacy of representation in the intervention as of right context, where a showing is required, have found that "Rule [24] is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1982). To find adequate representation, intervenors and parties <u>must</u> have completely identical objectives. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (more rigorous showing of inadequacy needed where the intervenor and existing parties have

"the same ultimate objective"); *Washington Elec. Co-op. Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d. 92, 98 (2d Cir. 1990) (the intervenor and the existing party must share "an identity of interest"). Where those interests are not entirely identical, or <u>may</u> diverge, adequate representation cannot be assured. *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 133 (2d Cir. 2001) (finding that school employees were not adequately represented by school board in discrimination lawsuit; while board and employees shared an interest in fully defending against the claims, the board "may" have equal or stronger interests that did not coincide with intervenors' interests).

In light of the divergent positions advanced by the defendants and Movants as to the interpretation of SIPA Section 8(c)(3), even if adequacy of representation were a factor for permissive intervention, Movants have met their minimal burden.

B.      **Alternatively, Movants seek leave to submit the attached brief as *amicus curiae*.**

Movants seek the opportunity to provide the court with a broader perspective concerning the standing issue. In such circumstances, Courts will grant leave to file an *amicus* brief even where intervention is not authorized. *United States v. El–Gabrowny,* 844 F. Supp. 955, 957 n. 1 (S.D.N.Y.1994) (observing that *amicus* briefs are allowed when "they are of aid to the court and offer insights not available from the parties"). While there is no prevailing standard prescribing the procedure for obtaining leave to file an *amicus* brief in the district or bankruptcy courts, courts generally have broad discretion to permit or deny an appearance as *amicus curiae* in a case. *Onandaga Indian Nation v. State of New York,* No. 97–CV–445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)); *see also Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership III v. Rockefeller Center Properties, Inc.,* 96 Civ. 1445, 1996 WL 120672, at *4 (S.D.N.Y. Mar.19,

9

1996) ("[T]here is no governing standard for determining when a court in this district may entertain an *amicus* filing."); *Jamaica Hosp. Medical Ctr., Inc. v. United Health Group, Inc.*, 584 F.Supp.2d 489, 497 (E.D.N.Y. 2008) (discussing broad discretion to file). If permissive intervention is denied, Movants request that the Court allow Movants to file the attached brief as *amicus curiae*. *See NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 239-240 (2d Cir. 2013) (denying intervention, but considering movants' submissions as from *amici curiae*).

## CONCLUSION

For the foregoing reasons, Movants request that the motion to intervene be granted and that Movants be heard on the standing issue before the Court rules on the pending Motions. In the alternative, Movants request leave to file the attached brief as *amici*, and to have one or more of the undersigned counsel present oral argument in that capacity at the hearing on the issue.

Dated: March 17, 2014

        Respectfully submitted,

        K&L GATES LLP

        By:   /s/ Richard A. Kirby
             Richard A. Kirby
             Laura K. Clinton
             1601 K Street NW
             Washington, DC 20006-1600
             Tel: (202) 778-9000
             Fax: (202) 778-9100

        *Attorneys for defendants in the Lowrey matter, 1:10-ap-4387 and in United Congregations Mesora 1:10-ap-5110*

        BRYAN CAVE LLP

        By:   /s/ Thomas J. Schell
             Thomas J. Schell
             Eric Rieder

1290 Avenue of the Americas
New York, New York 10019
Tel: (212) 541-2000
Fax: (212) 541-1462
tjschell@bryancave.com

*Attorneys for Defendants The Estate of Sarah E. Pearce, Norton S. Rosensweig, Linda Rosensweig, David B. Pearce, Jonathan P. Rosensweig, Julie Schwartz, and Laurie Blank*


DENTONS US LLP

By:    /s/ Carole Neville
    Carole Neville
    Claude D. Montgomery
    1221 Avenue of the Americas
    New York New York 10020
    Tel: (212) 768-6700
    Fax: (212) 768-6800
    carole.neville@dentons.com

*Attorneys for Harold Hein and James Grieff*


PRYOR CASHMAN LLP

By:    /s/ Richard Levy, Jr.
    Richard Levy, Jr.
    David C. Rose
    7 Times Square
    New York, New York 10036
    Tel: (212) 421-4100
    Fax: (212) 326-0806
    rlevy@pryorcashman.com
    drose@pryorcashman.com

*Attorneys for Kara Fishbein Goldman and Steven Goldman*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:    /s/ Elise S. Frejka
    Philip Bentley
    Elise S. Frejka

11

Jason S. Rappaport
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

*Attorneys for Agas Company L.P., Michael Goldstein, Indian Wells Partnership, LTD., Margaret and Richard Lipmanson Foundation, and Branch Family Development, LLC*


LOEB & LOEB LLP

By:    /s/ Daniel B. Besikof
    P. Gregory Schwed
    Daniel B. Besikof
    345 Park Avenue
    New York, New York  10154
    Tel:  (212) 407-4000
    Fax:  (212) 407-4990
    gschwed@loeb.com
    dbesikof@loeb.com

*Attorneys for Kenneth L. Evenstad Revocable Trust u/a/d May 2, 2000 and* MBE Preferred Limited Partnership