**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. Nos. listed on Exhibit 1 Attached Hereto |
| DEFENDANTS LISTED ON EXHIBIT 1 ATTACHED HERETO, | |
| Defendants. | |

## STIPULATION AND ORDER WITHDRAWING MOTIONS TO DISMISS

WHEREAS, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*., and the substantively consolidated estate of Bernard L. Madoff individually, filed and served complaints (the "Complaints") against Defendants listed on Exhibit 1 attached hereto (the "Defendants");

WHEREAS, Defendants moved this Court to dismiss the Complaints filed against them by the Trustee seeking to avoid and recover transfers of fictitious profits made by BLMIS to or for the benefit of Defendants (the "Motions");

WHEREAS, this Court directed the Trustee to file one omnibus opposition to all pending Motions filed by Defendants on or before March 10, 2014. This Court further directed all participating Defendants shall reply on or before March 17, 2014. *See* Case Management Order Regarding Certain Pending Motions to Dismiss, *In re Madoff,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 21, 2014), ECF NO. 5695 ("February 21 Order");

WHEREAS, this Court directed the Trustee to provide all Defendants with pending Motions with notice and an opportunity to "opt out" of the omnibus briefing process referenced in the February 21 Order in the event that Defendants did not wish to file a reply or otherwise participate in the omnibus briefing process on the Motions;

WHEREAS, the Trustee filed an omnibus opposition on March 10, 2014 with three appendixes: (i) Appendix A identifying all defendants participating in the omnibus briefing process; (ii) Appendix B identifying all defendants that opted out as of March 10, 2014; and (iii) Appendix C identifying which participating Defendants raised each argument addressed in the Trustee's Opposition. *See* Trustee's Memorandum of Law in Opposition to Defendants'

Motions to Dismiss, *In re Madoff,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 21, 2014), ECF No. 5803 ("Trustee's Opposition");

WHEREAS, Defendants seek to opt out of the omnibus briefing process on or before March 17, 2014, the deadline for all Defendants to reply to the Trustee's Opposition.

NOW THEREFORE, the Trustee and the Defendants, each by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. Defendants withdraw, without prejudice, the Motions as filed in their respective adversary proceedings as set forth on Exhibit 1 in order to proceed to mediation as permitted under the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order, *In re Madoff,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 10, 2010), ECF No. 3141 ("Litigation Procedures Order"), governing the prosecution of BLMIS avoidance actions. Defendants reserve their rights to re-file motions to dismiss in the event that mediation is unsuccessful.

2. The parties agree to file a Notice of Mediation Referral as defined in the Litigation Procedures Order, substantially contemporaneous with the filing of this stipulation.

3. Except as expressly set forth herein, the parties to this stipulation reserve all rights and defenses they may have, and entry into this stipulation shall not impair or otherwise affect such rights and defenses, including without limitation any defenses based on lack of jurisdiction.

4. This stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

3

Dated as of: March 17, 2014

**AKERMAN LLP**

By: s/ *Michael I. Goldberg*
666 Fifth Avenue, 20th Floor
New York, NY 10103
Phone: (212) 880-3800
Fax: (212) 880-8965
Susan Balaschak
Email: susan.balaschak@akerman.com

Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile (954) 463-2224
Michael I. Goldberg
Email: michael.goldberg@akerman.com

*Attorneys for Defendants listed on Exhibit 1*

**BAKER & HOSTETLER LLP**

By: s/ *Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate*
*of Bernard L. Madoff*

SO ORDERED

/s/ STUART M. BERNSTEIN

Dated: March 19th, 2014
New York, New York

HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

| | **EXHIBIT 1** | | | |
|---|---|---|---|---|
| | **Adv. Pro. No.** | **Case Caption** | **ECF Nos.** | **Counsel for Defendant(s)** |
| 1. | 10-04421 | Picard v. A&G Goldman Partnership, et al. | 31-32 | Akerman LLP |
| 2. | 10-04850 | Picard v. Nathan Cohen Trust, et al. | 20-21 | Akerman LLP |
| 3. | 10-04843 | Picard v. Nathan Cohen | 34-35 | Akerman LLP |
| 4. | 10-04936 | Picard v. L. Rags, Inc. | 29-30 | Akerman LLP |
| 5. | 10-04962 | Picard v. Estate of Alvin Rush | 35-36 | Akerman LLP |
| 6. | 10-05046 | Picard v. Martin Gettinger, et al. | 31-32 | Akerman LLP |
| 7. | 10-05108 | Picard v. Marilyn Davimos 1999 Grat, et al. | 27-28 | Akerman LLP |
| 8. | 10-05399 | Picard v. Martin Lifton, et al | 29-30 | Akerman LLP |
| 9. | 10-05433 | Picard v. Merida Associates, Inc., et al. | 29-30 | Akerman LLP |
| 10. | 10-04404 | Picard v. Empire Prospect Partnership, et al. | 21-22 | Akerman LLP |
| 11. | 10-04423 | Picard v. Joel Busel Rev Trust, et al. | 34-35 | Akerman LLP |
| 12. | 10-04832 | Picard v. Richard E. Winter Rev Trust, et al. | 31-32 | Akerman LLP |
| 13. | 10-04713 | Picard v. Marsy Mittleman | 22-23 | Akerman LLP |
| 14. | 10-05436 | Picard v. Just Empire, LLC | 23-24 | Akerman LLP |
| 15. | 10-04638 | Picard v. The Mittleman Family Foundation | 20-21 | Akerman LLP |
| 16. | 10-05223 | Picard v. Estate of Sam W. Klein, et al | 29-30 | Akerman LLP |