**Baker & Hostetler LLP**  Hearing Date: March 27, 2014
45 Rockefeller Plaza  Time:  10:00 a.m.
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Jorian L. Rose
Nicholas Cremona
Seanna R. Brown
Amy E. Vanderwal

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**REPLY TO LIMITED OBJECTION TO MOTION FOR ORDER SCHEDULING HEARING ON TRUSTEE'S MOTION AFFIRMING APPLICATION OF NET INVESTMENT METHOD TO DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, submits

this reply ("Reply") in further support of the Trustee's Scheduling Motion[1] seeking to set a briefing schedule and hearing date to affirm and adjudicate the Trustee's determination of customer claims and corresponding objections relating to the Inter-Account Transfer Issue, and in opposition to the limited objection filed by Helen Chaitman, Esq. (the "Chaitman Objection") on behalf of eighteen BLMIS customers ("Customer-Objectors"), the Trustee respectfully represents as follows:

## REPLY

1. The Customer-Objectors agree that the Inter-Account Transfer Issue should be heard by this Court and do not oppose the proposed briefing schedule set forth in the Trustee's Scheduling Motion. They seek to inject, however, a premature and unnecessary discovery process into the determination of a legal issue without so much as a hint of what those factual issues may be or whether they should be within the scope of briefing proposed in the Trustee's Scheduling Motion. For all of the reasons set forth herein, the Chaitman Objection should be overruled.

2. The Customer-Objectors seek, by way of an objection rather than a properly propounded discovery request, all BLMIS documents and communications relating to deposits, withdrawals, inter-account transfers, and communications for each of the accounts that are to be included in the Trustee's proposed motion on the Inter-Account Transfer Issue. As an initial matter, the Customer-Objectors have already been sent determination letters from the Trustee that form the basis of each customer claim objection setting forth the amounts of withdrawals, deposits, and inter-account transfers for accounts related to each claim filed.[2] Nor is the Chaitman

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Trustee's Scheduling Motion.

[2] Two of the Customers-Objectors did not even have any inter-account transfers in their account histories, as demonstrated by a review of the claims objections they filed and the determination letters sent to them. As such, their

2

Objection a document demand properly served on the Trustee.  Finally, to the extent it seeks discovery for all accountholders that will be included in the Trustee's Motion, it is overly broad because Ms. Chaitman cannot request discovery from the Trustee for BLMIS accountholders that she does not represent.  It is unclear whether any claimants not represented by Ms. Chaitman seek such discovery at this time or even assert that factual disputes exist.

3. Setting aside these improprieties, the Chaitman Objection should be overruled because it is premature.  As set forth in the Scheduling Motion, the Trustee proposes that this Court resolve the legal issue of whether the Trustee's application of the Net Investment Method to Inter-Account Transfers to determine each account's "net equity" under SIPA is correct.  To the extent that customers raise factual issues specific to their BLMIS accounts and for which discovery is needed, the Trustee has proposed determining whether to address these aspects of the objections or engage in any discovery at an appropriate time after those factual issues have been identified.  The reasons for this are twofold: first, the Trustee anticipates that a large number of claims objections will not raise individual factual issues in response to his Motion and will therefore be fully resolved by a ruling on the Inter-Account Transfer Issue, making discovery of the sort proposed by the Chaitman Objection unnecessary and burdensome; and second, to the extent factual issues are raised, it would likely be unwieldy and inefficient to resolve those factual issues as part of omnibus briefing when any such fact-intensive issues would be more properly addressed separately.

4. It is also premature to seek discovery at this juncture without review of the Trustee's moving papers setting forth the legal issues on Inter-Account Transfers or identifying

---

claims objections will not be included in the Trustee's Motion on the Inter-Account Transfer Issue and their standing to object on this issue is questionable at best.

any factual issue.  Put simply, the question that will be presented to this Court is whether the Trustee was correct in applying the Net Investment Method to Inter-Account Transfers.  As a general matter, the Net Investment Method looks only to the cash deposited and withdrawn from BLMIS accounts and ignores the fictitious profits that BLMIS reported on customer statements.  The Net Investment Method was upheld by this Court and affirmed by the Second Circuit.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010); *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *cert. den.*, 2012 WL 396489, 2012 WL 425188 (Jun. 25, 2012).  Thus, where BLMIS customers made transfers between accounts, which did not consist of new funds being deposited or withdrawn but merely recorded as book entries within BLMIS to internally adjust the balances of those BLMIS accounts, the Trustee credited such transfers to the transferee up to the amount of the principal available in the transferor's account on the day of the transfer.  The Trustee did not credit transfers of fictitious profits because it would run afoul of the Net Investment Method, which looks only to the cash that was in the particular BLMIS account.  The Trustee submits that this issue can be determined on the law alone and that any discovery sought will have no effect on the overarching legal issue presented.  What the Chaitman Objection seeks is an application of this legal standard to the facts of the Claimant-Objectors' cases.  Entering into discovery prior to the determination of the legal issue would be putting the cart before the horse.

5. To the extent that the Trustee's motion raises individual factual issues, parties are free to seek discovery in the normal course and the Trustee can respond accordingly upon review of the requests.  The Trustee does not view the proposed Scheduling Order as precluding a party's right to seek discovery or the Trustee's right to object at the appropriate time, as the Trustee

4

confirmed to eleven other law firms involved in the Inter-Account Transfer Issue that also raised the possibility of seeking discovery.[3]  But the efforts to seek voluminous and burdensome discovery by way of an objection at the outset of a motion on a legal issue—without seeing the proposed motion or memorandum in support—should be rejected by this Court because it is premature and will only serve to delay matters.[4]

6. The Securities Investor Protection Corporation joins in this Reply.

**WHEREFORE**, the Trustee respectfully requests that the Court: (a) enter an order substantially in the form of Exhibit A to the Motion granting the relief requested therein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
       March 20, 2014

*/s/ David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Nicholas Cremona  
Email: ncremona@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Amy E. Vanderwal  
Email: avanderwal@bakerlaw.com  
*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

---

[3] The law firms are Kramer Levin Naftalis & Frankel LLP; K&L Gates LLP; Dentons LLP; Schulte, Roth & Zabel LLP; Milberg LLP; Seeger Weiss LLP; Pryor Cashman LLP; Lax & Neville LLP; Bryan Cave LLP; Loeb & Loeb LLP; and Stutman Treister & Glatt.

[4] The suggestion that the Trustee delayed in litigating the Inter-Account Transfer Issue is false.  The Trustee could not commence litigation on this issue until the order on the Net Investment Method was final.  After such time, the Inter-Account Transfer Issue was being litigated in the District Court.  Once that decision issued, the Trustee moved promptly before this Court to litigate the Inter-Account Transfer Issue after a review of the determination by the District Court and the hundreds of objections that raised this issue.