WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio
Andrew T. Hanrahan
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Defendants Susan Schemen Fradin Revocable*
*Agreement of Trust Dated 5/23/2000 and Susan Schemen Fradin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- ---------x

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, : | **No. 08-01789 (SMB)** |
| : | |
| Plaintiff-Applicant, | **SIPA LIQUIDATION** |
| - v. - : | |
| | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, : | |
| : | |
| Defendant. | |

------------------------------------------------------------------;

| | |
|---|---|
| In re: : | **ANSWER OF DEFENDANTS SUSAN SCHEMEN FRADIN REVOCABLE** |
| BERNARD L. MADOFF, | **TRUST DATED 5/23/2000 AND** |
| : | **SUSAN SCHEMEN FRADIN TO** |
| Debtor. | **THE COMPLAINT** |

-------------------------------------------------------------x

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, : | **JURY TRIAL DEMANDED** |
| Plaintiff, : | |
| -v.- | |
| : | |
| SUSAN SCHEMEN FRADIN REVOCABLE AGREEMENT OF TRUST DATED 5/23/2000, and : | **Adv. Pro. No. 10-04525 (SMB)** |
| SUSAN SCHEMEN FRADIN, individually, as : | |
| beneficiary and as trustee of the Susan Schemen Fradin Revocable Agreement of Trust Dated 5/23/2000, : | |
| Defendants. : | |

-------------------------------------------------------------x

Defendants Susan Schemen Fradin Revocable Agreement of Trust Dated

5/23/2000 and Susan Schemen Fradin (collectively, the "Defendants"), by and through their

undersigned counsel, hereby respond to the complaint filed by plaintiff Irving H. Picard (the

"Complaint") as set forth below.

## NATURE OF PROCEEDING

1.       The allegations of Paragraph 1 state legal conclusions as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and

deny them on that basis.

2.       The allegations in Paragraph 2 state legal conclusions as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and

deny them on that basis.

3.       The allegations of Paragraph 3 state legal conclusions as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and

deny them on that basis.

## JURISDICTION AND VENUE

4.       The allegations of Paragraph 4 state legal conclusions as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and

deny them on that basis.  The Defendants further (i) deny that this Court either has jurisdiction

over, or the constitutional authority to enter a final judgment in, this adversary proceeding; (ii)

expressly do not consent to this Court's jurisdiction over non-core matters; (iii) expressly do not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution; (iv) demand a trial by jury before the District Court for the Southern District of New York; (v) do not consent to a jury trial being held before this Court; and (vi) reserve the right to seek withdrawal of the reference of some or all of this matter to the District Court.

5.      The allegations of Paragraph 5 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations of Paragraph 5 and (i) expressly do not consent to this Court's jurisdiction over non-core matters; (ii) expressly do not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution; (iii) demand a trial by jury before the District Court for the Southern District of New York; (iv) do not consent to a jury trial being held before this Court; and (v) reserve the right to seek withdrawal of the reference of some or all of this matter to the District Court.

6.      The allegations of Paragraph 6 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and deny them on that basis.

## **DEFENDANTS**

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and deny them on that basis, except admit that Defendant Susan Schemen Fradin Revocable Agreement of Trust Dated 5/23/2000 is a revocable trust that was formed under the laws of the state of New Jersey.

8.      The allegations of Paragraph 8 state legal conclusions as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Defendants deny the

allegations of Paragraph 8.

## BACKGROUND, THE TRUSTEE AND STANDING

9.      Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 9 and deny them on that basis.

10.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 10 and deny them on that basis.

11.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 11 and deny them on that basis.

12.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 12 and deny them on that basis.

13.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 13 and deny them on that basis.

14.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 14 and deny them on that basis.

15.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 15 and deny them on that basis.

16.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 16 that the Trustee is in the process of marshalling BLMIS'

assets, that the liquidation of BLMIS is well underway, and that such assets will not be sufficient

to reimburse customers of BLMIS for the billions of dollars that they invested over the years.

The remainder of the allegations in Paragraph 16 state legal conclusions as to which no

responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

17.    The allegations of Paragraph 17 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and deny them on that basis.

18.    The allegations of Paragraph 18 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and deny them on that basis.

### THE FRAUDULENT PONZI SCHEME

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and deny them on that basis.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and deny them on that basis.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and deny them on that basis.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and deny them on that basis.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and deny them on that basis.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and deny them on that basis.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and deny them on that basis.

26.     The allegations of Paragraph 26 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and deny them on that basis.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and deny them on that basis.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and deny them on that basis.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and deny them on that basis.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and deny them on that basis.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and deny them on that basis.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and deny them on that basis.

33.     The allegations of Paragraph 33 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and deny them on that basis.

## THE TRANSFERS

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and deny them on that basis, except admit that Susan Schemen Fradin Revocable Agreement of Trust Dated 5/23/2000 maintained an account with BLMIS.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and deny them on that basis, except admit that Susan Schemen Fradin Revocable Agreement of Trust Dated 5/23/2000 made deposits into its BLMIS account.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and deny them on that basis, except admit that Susan Schemen Fradin Revocable Agreement of Trust Dated 5/23/2000 received certain transfers from, and made certain transfers to, BLMIS during the six years prior to the Filing Date.

37.    The allegations of Paragraph 37 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 37, except admit that Susan Schemen Fradin Revocable Agreement of Trust Dated 5/23/2000 received certain transfers from, and made certain transfers to, BLMIS during the six year period prior to the Filing Date and the two year period prior to the Filing Date.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and deny them on that basis.

39.    The allegations of Paragraph 39 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 39.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and deny them on that basis.

41.    The allegations of Paragraph 41 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 41.

## CUSTOMER CLAIMS

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and deny them on that basis, except admit that Defendants filed a customer claim with the Trustee.

43.    The allegations of Paragraph 43 are admitted.

44.    The allegations of Paragraph 44 are denied.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and deny them on that basis.

## COUNT ONE
## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(A)(1)(A), 550(A) AND 551

46.    In response to the allegations of Paragraph 46, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

47.    The allegations of Paragraph 47 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 47.

48.    The allegations of Paragraph 48 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 48.

49.     The allegations of Paragraph 49 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 49.

50.     The allegations of Paragraph 50 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 50.

51.     The allegations of Paragraph 51 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 51.

**COUNT TWO**
**FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(A)(1)(B), 550(A) AND 551**

52.     In response to the allegations of Paragraph 52, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

53.     The allegations of Paragraph 53 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 53.

54.     The allegations of Paragraph 54 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 54.

55.     The allegations of Paragraph 55 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 55.

56.      The allegations of Paragraph 56 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 56.

57.      The allegations of Paragraph 57 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 57.

58.      The allegations of Paragraph 58 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 58.

59.      The allegations of Paragraph 59 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 59.

60.      The allegations of Paragraph 60 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 60.

## COUNT THREE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551

61.      In response to the allegations of Paragraph 61, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

62.      The allegations of Paragraph 62 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 62.

63.    The allegations of Paragraph 63 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 63.

64.    The allegations of Paragraph 64 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 64.

65.    The allegations of Paragraph 65 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 65.

**COUNT FOUR**
**FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 273**
**AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551**

66.    In response to the allegations of Paragraph 66, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

67.    The allegations of Paragraph 67 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 67.

68.    The allegations of Paragraph 68 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 68.

69.    The allegations of Paragraph 69 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 69.

70.    The allegations of Paragraph 70 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 70.

71.    The allegations of Paragraph 71 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 71.

<u>**COUNT FIVE**</u>
<u>**FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274,
278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551**</u>

72.    In response to the allegations of Paragraph 72, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

73.    The allegations of Paragraph 73 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 73.

74.    The allegations of Paragraph 74 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 74.

75.    The allegations of Paragraph 75 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 75.

76.    The allegations of Paragraph 76 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 76.

77.     The allegations of Paragraph 77 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 77.

### COUNT SIX
### FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551

78.     In response to the allegations of Paragraph 78, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

79.     The allegations of Paragraph 79 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 79.

80.     The allegations of Paragraph 80 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 80.

81.     The allegations of Paragraph 81 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 81.

82.     The allegations of Paragraph 82 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 82.

83.     The allegations of Paragraph 83 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 83.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR
## LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(A) AND 551

84.    In response to the allegations of Paragraph 84, Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

85.    The allegations of Paragraph 85 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 85.

86.    The allegations of Paragraph 86 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 86.

87.    The allegations of Paragraph 87 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 87.

88.    The allegations of Paragraph 88 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 88.

89.    The allegations of Paragraph 89 state legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny each and every allegation set forth in Paragraph 89.

## AFFIRMATIVE DEFENSES

90.    Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," the Defendants do not relieve the Trustee of proving under the appropriate

standard of proof all elements of any claim alleged.  The Defendants do not undertake any

burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not

bear the burden of proof as to such matters or that such matters are not elements that he must

establish in order to make out a *prima facie* case against the Defendants.  In the event that

subsequent legal developments alter the claims available to the Trustee, Defendants hereby raise

each and every defense at law, in equity, or otherwise available under any and all federal and

state statutes, laws, rules, regulations, or other creations, including common law.

91.     The Defendants reserve and assert all affirmative defenses available under

applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules

of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local

Rules, and reserve the right to assert other defenses, cross-claims, and third-party claims when

and if they become appropriate in this action.

92.     These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

93.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

94.     The Trustee lacks standing to pursue the claims asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

95.     The Trustee's claims are barred, in whole or in part, by the doctrine of waiver

and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

96.     The Trustee's claims are barred, in whole or in part, by res judicata, collateral

estoppel, and/or issue preclusion.

## FIFTH AFFIRMATIVE DEFENSE

97.    The Trustee's Complaint is barred by the doctrine of *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

98.    The Trustee's claims are not ripe because the Trustee has not established that there is a shortfall in customer property, and therefore, the conditions of section 78fff-2(c)(3) of SIPA have not been met.

## SEVENTH AFFIRMATIVE DEFENSE

99.    The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

## EIGHTH AFFIRMATIVE DEFENSE

100.    The Trustee's claims improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

## NINTH AFFIRMATIVE DEFENSE

101.    The Trustee's claims improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

## TENTH AFFIRMATIVE DEFENSE

102.    The Trustee's claims are time-barred under section 733.710 of the Florida Probate Code and/or section 736.1014 of the Florida Trust Code.

## ELEVENTH AFFIRMATIVE DEFENSE

103.    The alleged transfers cannot be avoided, in whole or in part, because the transfers were made by or to a stockbroker and/or financial institution, in connection with a securities contract, pursuant to section 546(e) of the Bankruptcy Code.

## TWELFTH AFFIRMATIVE DEFENSE

104.    The alleged transfers cannot be avoided, in whole or in part, because each of the

transfers constitutes a settlement payment made by or to a stockbroker and/or financial

institution, pursuant to section 546(e) of the Bankruptcy Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

105.    The alleged transfers are not avoidable or recoverable as against these Defendants

under sections 548 and 550 of the Bankruptcy Code because, to the extent the alleged transfers

were actually received by any Defendant, they were taken for value and in good faith, as

provided by section 548(c) of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

106.    The alleged transfers are not avoidable or recoverable as against these Defendants

under sections 548 and 550 of the Bankruptcy Code because, to the extent the alleged transfers

were actually received by any Defendant alleged to have been a subsequent transferee, they were

taken for value, in good faith, and without knowledge of voidability, as provided by section

550(b) of the Bankruptcy Code.

## FIFTEENTH AFFIRMATIVE DEFENSE

107.    The alleged transfers are not avoidable or recoverable as against these Defendants

under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New

York Debtor and Creditor Law because, to the extent the alleged transfers were actually received

by any Defendant, they were taken for fair consideration and without knowledge of the fraud, as

provided by section 278 of the New York Debtor and Creditor Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

108.     Defendants justifiably relied on the activities of governmental and regulatory

bodies, such as the Securities and Exchange Commission and the Securities Investor Protection

Corporation, to monitor and oversee the activities of BLMIS.

## SEVENTEENTH AFFIRMATIVE DEFENSE

109.     The Trustee's claims fail to properly credit inter-account transfers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

110.     The Trustee has failed to plead all of the elements of fraudulent transfer under

sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and

factual support.

## NINETEENTH AFFIRMATIVE DEFENSE

111.     The Trustee has failed to plead all of the elements of fraudulent transfer under

section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 278 and/or 279 of the New

York Debtor and Creditor Law with sufficient particularity and factual support.

## TWENTIETH AFFIRMATIVE DEFENSE

112.     The Complaint fails to state a claim upon which relief can be granted because it

fails to properly plead the elements required for the avoidance of BLMIS' obligations. Absent an

action to avoid BLMIS' obligations to pay what is owed to the customer under state law, the

transfers were all made on account of antecedent debts. To the extent the Trustee has pled the

avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance

claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

113.    Defendants are victims of Madoff and BLMIS and any claims and causes of action against Defendants should be dismissed because such claims are an abuse of the Trustee's discretion, unconscionable, and in violation of public policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

114.    The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

115.    This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

116.    The Trustee's claims are subject to setoff or other equitable adjustment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

117.    The recovery sought by the Trustee is subject to setoff or other equitable adjustment to the extent that such transfers were used to pay relevant tax obligations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

118.    The Trustee's claims are subject to setoff or other equitable adjustment because the Defendants received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt on account of obligations owed by BLMIS.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

119.    The Trustee's claims fail to properly account for the time value of money through an interest adjustment to principal deposits.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

120.    The Trustee's claims fail to sufficiently trace the funds at issue from BLMIS to the individual Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

121.    Even if the transfers were avoidable, the transfers may not be recovered as the Defendants are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

### THIRTIETH AFFIRMATIVE DEFENSE

122.    Recovery of attorneys' fees from Defendants is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

123.    Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

124.    The Trustee's claims fail for lack of personal jurisdiction.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

125.    To the extent the allegations in the Complaint concerning the alleged Ponzi scheme perpetrated by BLMIS are true, then BLMIS acquired by fraud all of the funds that were the subject of the purported transfers.  Because BLMIS acquired such funds by fraud, BLMIS

never acquired legal or beneficial ownership of the funds, such that the purported transfers were not comprised of, and did not involve, any property of BLMIS.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

126.    The Trustee's claims are barred in whole or in part by applicable limitations periods.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

127.    To the extent any claim relating to any particular transfer is asserted against more than one of the Defendants, the Trustee would be entitled to, at most, a single satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code and/or under New York law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

128.    The Complaint must be dismissed to the extent that, *inter alia*, certain of the Defendants are immune from suit under applicable law and/or the assets of certain of the Defendants are exempt from attachment, and are not otherwise subject to collection, by creditors of such Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

129.    The Trustee's "Net Investment Method" for calculating the Defendants' alleged fraudulent transfer liability should be adjusted to provide the Defendants with a credit for inflation, interest, time value of money, reinvestment during the applicable limitations period, inter-account transfers, and other relevant factors.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

130.    The Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that such defenses may be applicable to any of the Defendants.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

131.    The Trustee's claims are barred, in whole or in part, because BLMIS was not, upon information and belief, insolvent at the time of the transfers allegedly received by the Defendants, and BLMIS was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

## FORTIETH AFFIRMATIVE DEFENSE

132.    The Trustee's claims are barred in whole or in part against each Defendant to the extent any Defendant did not receive, or acted as a conduit in respect of, the transfers underlying such claim, and the Complaint insufficiently pleads receipt of the transfers by the Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

133.    The Trustee's claims against the Defendants fail to the extent they seek to impose joint and several liability on the Defendants, because there is no basis for such relief.

## FORTY-SECOND AFFIRMATIVE DEFENSE

134.    The Trustee's claims are barred in whole or in part to the extent they relate to transfers, if any, made prior to the ownership of the account by the account holder.

## FORTY-THIRD AFFIRMATIVE DEFENSE

135.    The Trustee's claims are barred in whole or in part to the extent they relate to transfers made to a predecessor owner of the account, if any.

## <u>RESERVATION OF RIGHTS</u>

136.    The Defendants hereby give notice that they intend to rely upon any other

defenses that may become available or appear during the pre-trial proceedings based upon

evidence obtained through discovery or otherwise and hereby reserve the right to amend their

answer and assert any such defenses.

## <u>COUNTERCLAIMS AND CROSS-CLAIMS</u>

137.    The Defendants expressly reserve all rights with respect to all counterclaims or

cross-claims that may be revealed during the course of discovery.

## <u>JURY DEMAND</u>

138.    The Defendants demand trial by jury of all the issues in this proceeding that are so

triable and do not consent to trial by jury in the Bankruptcy Court.

WHEREFORE, Defendants respectfully request that the Court enter an order:

a)   Denying the Trustee the relief sought in the Complaint;

b)   Dismissing the Complaint with prejudice;

c)   Awarding Defendants their reasonable attorneys' and professionals' fees and costs; and

d)   Awarding such other relief as the Court deems just and proper.

Dated:  New York, New York
        March 21, 2014

                            WILLKIE FARR & GALLAGHER LLP


                                /s/ Joseph T. Baio
                            Joseph T. Baio
                            Andrew T. Hanrahan
                            787 Seventh Avenue
                            New York, New York 10019
                            Tel: (212) 728-8000
                            Fax: (212) 728-8111

                            *Attorneys for Defendants Susan Schemen Fradin*
                            *Revocable Agreement of Trust Dated 5/23/2000*
                            *and Susan Schemen Fradin*