**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF SCA CREQUE AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>AUGUST 1, 2013 THROUGH NOVEMBER 30, 2013</u>**

SCA Creque ("SCAC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $18,342.97 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $135.00 for the period from August 1, 2013 through November 30, 2013 (the "Compensation Period"). In support of the Application, SCAC respectfully submits as follows:

## I. BACKGROUND

1.  On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.  The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.  Beginning on June 5, 2009, SCAC has served as special counsel for the Trustee.

4.  On July 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain SCAC as special counsel to the Trustee in matters pertaining to the British Virgin Islands.

5.  The Trustee's motion to retain SCAC established a fee arrangement pursuant to which SCAC agreed to a fee reduction in the amount of 10%. SCAC also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCAC

6.  The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.  Throughout the Compensation Period, SCAC has continued to advise the Trustee on various British Virgin Islands ("BVI") legal issues. The BVI remains a relevant jurisdiction because several BLMIS investment funds were domiciled in the BVI. A number of these funds

2

and related entities have been the subject of proceedings before this Court and the other Courts in this District.

8. SCAC provided the Trustee's counsel with legal advice concerning certain litigation filed by the Trustee in the BVI and facilitated service of U.S. legal proceedings on defendant entities domiciled in the BVI.

### III. COMPENSATION REQUESTED

9. SCAC's Application demonstrates how SCAC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

10. SCAC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

11. From August 1, 2013 through November 30, 2013, SCAC provided a total of 32.9 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $20,381.08 and the total blended rate for professional services was $619.49/hour. After the 10% discount, the total amount of fees incurred is $18,342.97 and the total blended rate is $557.54/hour. SCAC has agreed to a further 20% holdback of fees in the amount of $3,668.59 resulting in the present request for compensation in the amount of $14,674.38.

12. A breakdown of the total number of hours performed by each SCAC timekeeper is provided on **Exhibit A** annexed hereto.

13. SCAC seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $135.00. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

3

## IV. GENERAL MATTERS

14. All of the professional services for which compensation is requested herein were performed by SCAC for and on behalf of the Trustee and not on behalf of any other person or entity.

15. No agreement or understanding exists between SCAC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide SCAC with compensation for the legal services described herein.

16. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

17. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of SCAC (*see* SIPA § 78fff-3(b)(2)).

18. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of

4

the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

19. Therefore, with respect to this Application, SCAC requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). SCAC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, SCAC respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $18,342.97, of which $14,674.38 is to be paid currently and $3,668.59 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by SCAC to the Trustee from August 1, 2013 through November 30, 2013; and

c. Allowing payment to SCAC in the amount of $135.00 for reimbursement of expenses incurred by SCAC from August 1, 2013 through November 30, 2013; and

5

      d.      Granting SCAC such other and further relief as the Court deems just and proper.

      Respectfully submitted,

Dated: March 21, 2014      SCA Creque

By: _s/Seamus Andrew_
Seamus Andrew
P.O. Box 2344
Mandar House, Johnson's Ghut
Road Town
Tortola VG1110
British Virgin Islands
Telephone: +1(284) 494-0075

6

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF SCA CREQUE FOR SERVICES RENDERED
## FOR THE PERIOD AUGUST 1, 2013 THROUGH NOVEMBER 30, 2013

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
|  |  |  |  |
| Seamus Andrew | $694.40 | 14.3 | $9.929.92 |
| James Dixon | $583.40 | 17.4 | $10,151.16 |
| Bledi Albri | $250.00 | 1.2 | $300.00 |
|  |  |  |  |
| Total: | $619.49 | 32.9 | $20,381.08 |
| Total minus 10% Discount | $557.54 |  | $18,342.97 |
| **Total Net of 20% Holdback:** |  |  | **$14,674.38** |

## EXHIBIT B

## EXPENSE SUMMARY OF SCA CREQUE
## FOR THE INTERIM PERIOD
## OF AUGUST 1, 2013 THROUGH NOVEMBER 30, 2013

| EXPENSES | AMOUNTS |
|---|---|
| Search Fees | $135.00 |
| **Total Expenses Requested:** | **$135.00** |