**DUFFYAMEDEO, LLP**
275 Seventh Avenue, 7th Fl
New York, New York 10010
Tel: (212) 729-5832
Todd E. Duffy
Douglas A. Amedeo
*Attorneys for Alpha Prime Fund Limited and Senator Fund SPC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**BERNARD L. MADOFF INVESTMENT SECURITIES LLC,**<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| **IRVING L. PICARD**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>- against –<br><br>**HSBC BANK PLC, et. al.**<br><br>Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**MOTION OF DEFENDANTS ALPHA PRIME FUND LIMITED AND SENATOR FUND SPC FOR AN ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 AUTHORIZING <u>ALTERNATIVE DISPUTE RESOLUTION PROCEDURES</u>**

Defendants Alpha Prime Fund Limited ("Alpha Fund") and Senator Fund SPC (the "Senator Fund") (collectively, "Alpha/Senator Defendants"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for entry of an order (the "Order") pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and the Bankruptcy Court for the Southern District of New York's General Order M-390, "Procedures Governing the Mediation of Matters and the Use of Early Neutral Evaluation and Mediation and Voluntary

Arbitration in Bankruptcy Cases and Adversary Proceedings ( the "General Order M-390") referring the above-captioned adversary proceeding to mediation. In support of this Motion, the Alpha/Senator Defendants respectfully represent as follows:

## **PRELIMINARY STATEMENT**

1. The Alpha Defendants are investment funds who, along with the majority of other defendants herein (the "Defendants"), invested their clients' funds in Bernard L. Madoff Investment Securities LLC ("BLMIS"). In the present instance, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of BLMIS, filed this adversary proceeding in July 2009 against the Alpha/Senator Defendants asserting a number of claims, of which preferential transfer claims and other avoidance theory claims now supply the primary gist.

2. At the outset, the Alpha/Senator Defendants were optimistic that by cooperating with the Trustee's investigation, the case could be resolved consensually in an expeditious manner—at least as to resolution of the Trustee's factual allegations. Between December 2012 and October 2013, the parties proceeded according to an agreed written framework to attempt to settle the adversary proceeding. Regretfully, this framework produced nothing, and despite the voluntary turnover of prodigious amounts of information pursuant to detailed requests propounded by the Trustee, the Trustee's receipt of quantities of additional documents from third parties, and the passage of ample time to study these documents, the Trustee simply allowed yet more time to pass. There is, in short, no light at the end of this tunnel. In fact, Senator Fund's investors by this time have had their money "invested" with the Trustee longer than they had it invested with Bernie Madoff, a paradoxical situation that the investors in Alpha Fund will soon share.

3. As the Court is aware, mandatory mediation procedures have been ordered by the Court for all the Trustee's avoidance cases filed after November 10, 2010 in which the amount demanded

in the complaint is $20 million or less, and for which the Trustee deems mediation applicable. *See*, Order Establishing Litigation Case Management Procedures for Avoidance Action, Entered November 10, 2010 [Dkt. No. 3141] (the "Procedures Order"). On his application seeking that Order (made three and a half years ago) the Trustee pronounced himself "eager and willing to resolve as many of the Avoidance Actions as possible without proceeding to full or extensive litigation" seeking mediation "to ease the burden on the Court, the parties, and counsel and to facilitate and maximize the potential for the fair resolution of the Trustee's claims without the need for trial." Trustee's Motion for Entry of an Order Approving Litigation Case Management Procedures for Avoidance Actions, dated October 21, 2010 [Dkt. No. 3058] at 5-6.

4.  By this Motion, the Alpha/Senator Defendants seek an order directing the parties to mediation for the very sensible reasons articulated by the Trustee to this Court when seeking the same relief. Given the passage of time for ample investigation, aided by the plentitude of information supplied to the Trustee at his request, the parties are well-positioned at this time to benefit from participation in mediation before a neutral mediator, when they can finally and productively seek "the fair resolution…without the need for trial" of the Trustee's claims against the Alpha/Senator Defendants.

## JURISDICTION

5.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b).

## BASIS FOR RELIEF REQUESTED

6.  Rule 7016 of the Federal Rules for Bankruptcy Procedure (the "Bankruptcy Rules") makes Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 16 applicable to adversary proceedings. That

3

rule provides that, at any pretrial conference, the bankruptcy court "may consider and take appropriate action…settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule." Fed. R. Civ. Pro. 16 (c)(1).[1]

7.  In addition, Section 105(a) of the Bankruptcy Code provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105 (a).

8.  Further to the authorities cited above, the Court's General Order M-390 expressly authorizes the Court to "order assignment of a matter to mediation upon its own motion, or upon the motion of a party in interest…" General Order M-390 at ¶ 1.1.

9.  Moreover, the case is ripe for mediation. The Trustee has conducted four years of investigation, and has had the benefits of extensive discovery. Now, sensibly, is the time for the parties to make a serious effort to reach a consensual resolution, or to agree on concrete and delineated steps forward to reach eventual resolution.

## THE PROPOSED MEDIATION PROCESS

10.  The Alpha/Senator Defendants envision that the mediation would be conducted in the following manner as set forth in the annexed proposed order:

   a. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

---

[1] If the Court determines that a pre-trial conference is necessary in order to direct the parties to mediation, the Alpha/Senator Defendants request that the Court deem the hearing on the Motion to be a "pre-trial conference".

4

b.  Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

c.  The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence.  The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record.  All communications, oral or written, made during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged.  Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties.  Provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this mediation process.

d.  The Mediator and her agents shall have the same immunity as judges and court employees have under the Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

e.  That the parties: (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in

the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the court of or in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator.

f. That all parties are required to attend at least one session and as many sessions thereafter as may be helpful in resolving this dispute.

g. Each party must provide the Mediator, in confidence, a concise statement of the legal issues and the evidence the party expects to produce at trial at least **ten (10) calendar days** prior to the Mediation Date (to be set by the appointed mediator).

h. The statements should also contain a brief discussion of the following:

   i. The relevant facts;
   
   ii. Analysis of the applicable law;
   
   iii. Strengths of the case;
   
   iv. Weaknesses of the case;
   
   v. Identification of any pending motion; and
   
   vi. Status of settlement negotiations to date.

i. Alpha Prime, Senator Fund and the Trustee, through a designated representative, other than counsel of record, with full and final settlement authority must attend in person.

j. Alpha Prime, Senator Fund and the Trustee must be prepared to engage in good-faith negotiations and exchange offers and counter offers at the Mediation.

k. That Defendants shall pay 50% of the costs of the Mediation and Plaintiff shall pay 50% of the costs of the Mediation.

11. The Alpha/Senator Defendants respectfully submit that the parties would be well served through the intervention of a neutral mediator, preferably a current or former United States Bankruptcy Judge, to see if a consensual resolution of this case is possible.

## NO PRIOR RELIEF

12. No prior request for the relief sought in this Motion has been made to the Court or any other court.

## NOTICE

13. Notice of this Motion has been given to: (1) counsel for the Trustee; and (2) counsel for SIPC. In light of the nature of the relief requested herein, the Alpha/Senator Defendants submit that no other or further notice is necessary.

**WHEREFORE**, the Alpha/Senator Defendants request that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** that orders the parties to engage in mediation before a neutral arbitrator designated by the Court and grants such other and further relief as may be equitable and just.

Dated: New York, New York  
      February 24, 2014

Respectfully submitted,

    s/ Todd E. Duffy_____

**DUFFYAMEDEO LLP**  
275 Seventh Avenue, 7th floor  
New York, NY 10001  
Tel: (212) 729-5832  
Todd E. Duffy  
Email: tduffy@duffyamedeo.com

Douglas A. Amedeo  
Email: damedeo@duffyamedeo.com

Attorneys for Defendants, Alpha Prime Fund Limited and Senator Fund SPC

7