**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF WILLIAMS, BARRISTERS & ATTORNEYS
AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE
OF INTERIM COMPENSATION FOR SERVICES RENDERED
<u>INCURRED FROM AUGUST 1, 2013 THROUGH NOVEMBER 30, 2013</u>**

Williams, Barristers & Attorneys ("Williams"), Bermuda special counsel to Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $118,386.81 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period August 1, 2013 through November 30, 2013 (the "Compensation Period"). In support of this Application, Williams respectfully represents as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. On April 1, 2009, Williams was retained as special counsel for the Trustee.

4. On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Williams as special counsel to the Trustee in matters pertaining to Bermuda.

5. The Trustee's motion to retain Williams established a fee arrangement pursuant to which Williams agreed to a fee reduction in the amount of 10%. Williams also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY WILLIAMS

6. Throughout the Compensation Period, Williams has represented the Trustee in Bermuda. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. Williams has represented and advised the Trustee in connection with Supreme Court of Bermuda proceedings issued by the Trustee seeking recovery of Madoff-related monies held by local Bermudian banks and other financial institutions.

8. Williams coordinated and effected service in Bermuda of proceedings pending in the United States Bankruptcy Court and United Kingdom High/Supreme Court on the various defendants thereto resident and situated in Bermuda. Williams advised the Trustee's U.S. counsel in relation to issues of Bermuda law relating to effecting service of U.S. proceedings and other documents in Bermuda.

9. Williams has monitored and reported on Madoff-related litigation appearing in the Bermuda Supreme Court Cause Book and records of the Supreme Court of Bermuda.

10. Williams has provided written opinions, related case law and provided advice on various questions of Bermuda law to the Trustee's U.S., U.K., and British Virgin Islands counsel. Also, Williams has advised the Trustee's U.S. and U.K. counsel in connection with matters of Bermuda law as they apply to proceedings in various jurisdictions.

11. Williams has generally represented the Trustee's interests in actions in and pursuant to the laws of Bermuda.

### III. COMPENSATION REQUESTED

12. The Application demonstrates how Williams has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

13. Williams has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Williams has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to Damien Justin Williams and involving other attorneys only when necessary.

14. From August 1, 2013 through November 30, 2013, Williams provided a total of 228.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total

3

amount of fees incurred in this time period was $131,540.91 and the total blended rate for professional services was $576.76/hour. After the 10% discount, the total amount of fees incurred is $118,386.81 and the total blended rate is $519.01/hour. Williams has agreed to a further 20% holdback of fees in the amount of $23,677.36 resulting in the present request for compensation in the amount of $94,709.45.

15. A breakdown of the total number of hours performed by each Williams timekeeper is provided on **Exhibit A** annexed hereto.

## IV. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by Williams for and on behalf of the Trustee and not on behalf of any other person or entity.

17. No agreement or understanding exists between Williams and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Williams with compensation for the legal services described herein.

18. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

4

SIPA § 78eee(b)(5)(C).

19. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Williams (*see* SIPA § 78fff-3(b)(2)).

20. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

21. Therefore, with respect to this Application, Williams requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Williams expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Williams respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $118,386.81, of which $94,709.45 is to be paid currently and $23,677.36 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Williams to the Trustee from August 1, 2013 through November 30, 2013; and

5

c. Granting Williams such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 21, 2014                WILLIAMS, Barristers & Attorneys

By: *s/Justin Williams*
Justin Williams
LOM Building
27 Reid Street
Hamilton, Bermuda
Telephone: +1(441) 536-0000
Fax: +1(441) 295-4720
Email: law@williams.bm

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF WILLIAMS, BARRISTERS & ATTORNEYS FOR SERVICES RENDERED
## FOR THE PERIOD AUGUST 1, 2013 THROUGH NOVEMBER 30, 2013

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
|  |  |  |  |  |
| Damien Justin Williams | 1988 | $583.33 | 219.8 | $128,215.93 |
| John Cooper |  | $583.33 | 3.1 | $1,808.32 |
| Paul Harshaw |  | $583.33 | 0.6 | $350.00 |
| Evatt Tamine |  | $583.33 | 0.4 | $223.33 |
| S. Hilton Cassidy |  | $222.22 | 4.2 | 933.32 |
|  |  |  |  |  |
| Total: |  | $576.68 | 228.1 | $131,540.91 |
| Total minus 10% Discount |  | $519.01 |  | $118,386.81 |
| **Total Net of 20% Holdback:** |  |  |  | **$94,709.45** |