**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF TRIAY STAGNETTO NEISH AS SPECIAL COUNSEL TO THE
TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM OCTOBER 1, 2012 THROUGH NOVEMBER 30, 2013**

Keith Azopardi, together with other members and associates at the law firm of Triay

Stagnetto Neish ("TSN"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.*

("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and

Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of

$87,185.27 (of which 20% is to be deferred through the conclusion of the liquidation period) and

reimbursement of expenses in the amount of $939.51 for the period from October 1, 2012

through November 30, 2013 (the "Compensation Period"). In support of the Application, TSN

respectfully submits as follows:

1

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on September 11, 2012, TSN has served as special counsel for the Trustee.

4.      On November 13, 2012, this Court entered an order approving the Trustee's motion for authority to retain TSN as special counsel to the Trustee in matters pertaining to Gibraltar.

5.      The Trustee's motion to retain TSN established a fee arrangement pursuant to which TSN agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY TSN

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Overview*

*A.  The Vizcaya Actions*

7.      TSN assisted the Trustee's U.S. counsel in preparing for a continued hearing on the motions to dismiss filed by Vizcaya and Asphalia held on May 6, 2013.  The Chief Justice delivered his ruling on June 19, 2013, in favor of the Trustee, dismissing Vizcaya's application with costs.  Vizcaya and Asphalia filed notices of appeal to the Court of Appeal.  TSN assisted the Trustee and Trustee's U.S. counsel with preparation of defenses for the appeals.  The Court of Appeal heard Vizcaya and Asphalia's appeals on October 7 and 8, 2013.

*B.  Sonja Kohn/Tecno*

8.      Between October 2012 and July 2013, TSN counseled the Trustee on certain aspects of Gibraltarian law, including:  (i) Gibraltarian causes of action; (ii) how Gibraltar law interacts with U.S. law with respect to taking discovery in Gibraltar.  From July 2013 until November 2013, TSN continued to provide the Trustee and the Trustee's U.S. counsel assistance with the proceedings in Gibraltar against Sonja Kohn and other related defendants in aid of proceedings in the United States (the "Sonja Kohn Action").

### III.  COMPENSATION REQUESTED

9.      The Application demonstrates how TSN has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

10.     TSN has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, TSN has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Keith Azopardi.

3

11.    During the time period of October 1, 2012 through November 30, 2013, TSN

provided a total of 307.9 hours of legal services to the Trustee in this case.  Prior to the 10%

discount, the total amount of fees incurred in this time period was $96,872.52 and the total

blended rate for professional services was $314.62/hour.  After the 10% discount, the total

amount of fees incurred is $87,185.27 and the total blended rate is $283.16/hour.  TSN has

agreed to a further holdback of 20% of its fees in the amount of $17,437.06, resulting in the

present request for compensation in the amount of $69,748.21.

12.    TSN has not previously requested, nor has it been compensated, for the services

provided during the time period of October 1, 2012 through July 31, 2013.[1]

13.    A breakdown of the total number of hours performed by each TSN timekeeper is

provided on **Exhibit A** annexed hereto.

14.    TSN seeks reimbursement for out-of-pocket expenses incurred in connection with

its representation of the Trustee during the Compensation Period of $939.51.

15.    TSN has not previously requested, nor has it been reimbursed, for out-of-pocket

expenses incurred during the time period of October 1, 2012 through July 31, 2013.[2]

16.    An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV.  GENERAL MATTERS

17.    All of the professional services for which compensation is requested herein were

performed by TSN for and on behalf of the Trustee and not on behalf of any other person or

entity.

---

[1] For the period of October 1, 2012 through July 31, 2013, TSN provided a total of 20.5 hours of
legal services, or $6,152.86 in fees, after the 10% discount.
[2] For the period of October 1, 2012 through July 31, 2013, TSN incurred out-of-pocket expenses
in the amount of $179.08.

18.     No agreement or understanding exists between TSN and any other person for

sharing compensation received in connection with this case nor has any other person or entity

agreed to provide TSN with compensation for the legal services described herein.

19.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate

application and after a hearing, "[t)he court shall grant reasonable compensation for services

rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the

attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's

role in connection with applications for compensation and the consideration the Court should

give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable
> expectation of recoupment thereof as provided in this chapter and there is no
> difference between the amounts requested and the amounts recommended by
> SIPC, the court shall award the amounts recommended by SIPC.  In determining
> the amount of allowances in all other cases, the court shall give due consideration
> to the nature, extent, and value of the services rendered, and shall place
> considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20.     To the extent the general estate is insufficient to pay such allowances as an

expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary

to pay the compensation of TSN (*see* SIPA § 78fff-3(b)(2)).

21.     The Trustee has determined, at this time, that he has no reasonable expectation

that the general estate will be sufficient to make a distribution to general creditors or pay

administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of

the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from

advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22.     Therefore, with respect to this Application, TSN requests that consistent with

section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC."

5

*See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  TSN expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, TSN respectfully requests that this Court enter an Order:

a.      Granting this Application; and

b.      Allowing and awarding $87,185.27, of which $69,748.21 is to be paid currently and $17,437.06 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by TSN to the Trustee from October 1, 2012 through November 30, 2013; and

c.      Allowing payment to TSN in the amount of $939.51 for reimbursement of expenses incurred by TSN from October 1, 2012 through November 30, 2013; and

d.      Granting TSN such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated:  March 21, 2014                  TSN

By:  *s/Keith Azopardi*
Keith Azopardi
Burns House
19 Town Range
Gibraltar
Telephone: +350 200 79423
Fax: +350 200 71405

6

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF TSN FOR SERVICES RENDERED
### FOR THE PERIOD OCTOBER 1, 2012 THROUGH NOVEMBER 30, 2013

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
|  |  |  |  |  |
| Keith Azopardi | 1990 (UK & Gib) | $352.05 | 130.6 | $45,977.73 |
| Owen Smith | 2000 (UK) 2002 (Gib) | $353.15 | 84 | $29,664.60 |
| Kelly Power | 2009 (UK & Gib) | $229.81 | 87.5 | $20,108.38 |
| Alex Lugnani | 2011 (UK & Gib) | $192.76 | 5.5 | $1,060.18 |
| Lesley Ann Saez |  | $205.45 | 0.3 | $61.64 |
|  |  |  |  |  |
| Total: |  | $314.62 | 307.9 | $96,872.52 |
| Total minus 10% Discount |  | $283.16 |  | $87,185.27 |
|  |  |  |  |  |
| **Total Net of 20% Holdback:** |  |  |  | $69,748.21 |

7

**EXHIBIT B**

**EXPENSE SUMMARY OF TSN**
**FOR THE PERIOD**
**OF OCTOBER 1, 2012 THROUGH NOVEMBER 30, 2013**

| EXPENSES | AMOUNTS |
|---|---|
|  |  |
| General Expenses (telephone, copies, postage, etc.) | $810.16 |
| Courier | $129.35 |
|  |  |
| **Total Expenses Requested:** | **$939.51** |

8