**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

Hearing Date: April 17, 2014
Time: 10:30 a.m.

Objection Deadline: April 10, 2014
Time: 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>KINGATE GLOBAL FUND, LTD., by its Liquidators; and KINGATE EURO FUND, LTD., by its Liquidators, | Adv. Pro. No. 12-1920 (SMB) |

|             |
|-------------|
| Defendants. |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I. INTRODUCTION

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by his undersigned counsel, moves for leave under Rule 7015 of the Federal Rules of Bankruptcy Procedure and Rule 15 of the Federal Rules of Civil Procedure to file an Amended Complaint for certain status quo injunctive relief against defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (collectively, the "Kingate Funds"), substantially in the form attached as *Exhibit 1* to the Notice of Motion, (the "Motion").[1]

### II. STANDARD FOR GRANTING LEAVE TO AMEND

Rule 15, which applies to this adversary proceeding under Rule 7015, allows a party to amend its pleading upon leave of court, which should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995). The Court's discretion is guided by the following four inquiries: whether (i) the Trustee has unduly delayed to seek leave; (ii) the Trustee seeks leave in good faith; (iii) the Kingate Funds will suffer undue

---

[1] Attached as *Exhibit H* to the Declaration of Gonzalo S. Zeballos, Esq. ("Zeballos Decl.") is: (i) a copy of a Notice of Motion for Preliminary Injunctive Relief; (ii) a Memorandum of Law in Support of Trustee's Motion for Preliminary Injunctive Relief; (iii) a Declaration of Gonzalo S. Zeballos, Esq. in Support of Trustee's Motion for Preliminary Injunctive Relief; and (iv) a proposed form of Order Granting Motion for Preliminary Injunctive Relief (the "Injunction Motion"). The Trustee would contemporaneously file the Injunction Motion, in substantially the form attached as *Exhibit H,* with the Amended Complaint should the Court grant the Trustee's motion for leave.

2

prejudice if leave is granted; and (iv) the proposed Amended Complaint asserts causes of action that are not futile. As the *Foman* Court explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman,* 371 U.S. at 182; *see also Ruotlo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (recognizing that delay standing alone in the absence of prejudice or bad faith cannot support a denial of leave to amend). No circumstances that could support denial of leave exist here, and the Court should accordingly grant the Motion.

## III. BACKGROUND AND PROCEDURAL HISTORY

### A. The Kingate Funds' Customer Claims

On December 23, 2008, this Court entered an Order Approving Form and Manner of Publication and Mailing of Notices; Specifying Procedures For Filing, Determination, and Adjudication of Claims; and Providing Other Relief (the "Claims Procedure Order"),[2] mandating a systematic framework for the filing, determination, and adjudication of claims in accordance with SIPA. The Claims Procedure Order requires a court hearing to determine the allowance or disallowance of any contested claim that cannot be resolved through settlement.[3]

The Kingate Funds filed customer claims that, after application of the net equity calculation, seek in the aggregate approximately $800 million from the estate (the "Kingate

---

[2] (No. 08-01789, Dkt. 12.)

[3] *Peskin v. Picard (In re Bernard L. Madoff Investment Securities LLC),* 413 B.R. 137 (Bankr. S.D.N.Y. 2009), *aff'd,* 440 B.R. 579 (S.D.N.Y. 2010).

3

Funds' Customer Claims).[4] The Kingate Funds' Customer Claims are unresolved and will remain so until the Avoidance Action is adjudicated and a final judgment is entered.[5]

### B. The Avoidance Action

On April 17, 2009, the Trustee commenced *Picard v. Ceretti, et al.*, Adv. Pro. No. 09-1161 (SMB) (Bankr. S.D.N.Y.) (the "Avoidance Action").[6] In addition to the Kingate Funds, the Trustee sued the following individuals and entities: Federico Ceretti ("Ceretti"); Carlo Grosso ("Grosso"); Kingate Management Limited ("Kingate Management"); FIM Advisers LLP ("FIM Advisers") and FIM Limited (collectively, with FIM Advisers, "FIM"); Ashby Trust, First Peninsula Trustees Limited (as trustee of Ashby Trust), El Prela Trust, Port of Hercules Trustees Limited (as trustee of El Prela Trust), Alpine Trustees Limited (as former trustee of El Prela Trust), El Prela Group Holding Services Limited, and Ashby Holding Services Limited (collectively, the "Trust Defendants"); and Ashby Investment Services Limited and El Prela Trading Investments Limited (collectively, "the Investment Company Defendants") (collectively, the "Avoidance Defendants").[7] With the Avoidance Action, the Trustee seeks, among other things, to avoid and recover approximately $926 million in initial transfers from BLMIS to the Kingate Funds.[8] The Trustee also pursues recovery from Kingate Management of approximately $376 million in management fee transfers and recovery from the Trust Defendants of more than $297 million in shareholder dividend transfers.[9] The Trustee's avoidance and recovery claims

---

[4] (Zeballos Decl., Ex. A & Ex. B.) The short-form "Ex. __" will be used to cite to exhibits to the Zeballos Decl.

[5] (Zeballos Decl. ¶ 3.)

[6] The operative complaint is the Fourth Amended Complaint, filed March 17, 2014, hereinafter cited to as "Compl." and attached as *Exhibit C* to the Zeballos Decl.

[7] (Compl. ¶¶ 49-89.) The Avoidance Action also names as defendants Citi Hedge Fund Services Limited and HSBC Bank Bermuda Limited. (*See generally* Compl.) Those latter two entities are not defendants in the Bermuda Action. (Ex. D, Kingate Funds' Amended Statement of Claim ("Amended Claim").)

[8] (*See generally* Compl.) The Trustee incorporates the factual allegations set forth in the Fourth Amended Complaint.

[9] (*See* Compl. ¶¶108-09.)

4

are brought under §§ 544, 547, 548, 550, and 551 of the Bankruptcy Code, applicable provisions of SIPA, including SIPA § 78fff-2(c)(3), and §§ 273-279 of the New York Debtor & Creditor Law.[10] The Trustee also seeks to disallow and equitably subordinate the Kingate Funds' Customer Claims under §§ 502(b) and 510(c) of the Bankruptcy Code, respectively.[11]

### C. The Liquidation Proceedings of the Kingate Funds and Kingate Management

The Kingate Funds are in liquidation proceedings in the British Virgin Islands and Bermuda, and Joint Liquidators for the Kingate Funds have been appointed. The Trustee has information and, therefore, believes the Joint Liquidators have sought leave to file another amended statement of claim. Kingate Management is in liquidation proceedings in Bermuda, and an automatic litigation stay as to the Kingate Management estate was imposed under Bermuda law.[12] On March 7, 2012, the Joint Liquidators moved the Bermuda Court to lift the stay to allow the Bermuda Action to proceed,[13] and on October 3, 2012, the Bermuda Court granted that relief.[14]

### D. The Bermuda Action

As the Trustee has in the Avoidance Action, the Joint Liquidators have sued the following individuals and entities: Ceretti, Grosso, FIM, the Investment Company Defendants, Kingate Management, and the Trust Defendants, and the Investment Company Defendants (collectively, the "Bermuda Defendants"). The Avoidance Defendants sued by the Trustee in the Avoidance Action *are* the Bermuda Defendants sued by the Joint Liquidators in the Bermuda

---

[10] (*See generally* Compl.)

[11] (*See generally* Compl.)

[12] (Ex. E ¶¶ 1, 14.)

[13] (*Id.* ¶ 8.) Though the fact of the filing of the Joint Liquidators' motion to lift the stay is publicly available, the related pleadings are not. As a non-party to the proceedings, the Trustee has not received a copy of the Joint Liquidators' motion to lift the stay. (Zeballos Decl. ¶ 5.)

[14] (Ex. E ¶ 55.)

Action.[15] And as the Trustee has in the Avoidance Action, the Joint Liquidators seek to recover from the Bermuda Defendants the same management fees transferred by the Kingate Funds to Kingate Management and the same dividends subsequently transferred to the Trust Defendants.[16]

The Trustee is not a party to the Bermuda Action; there is no public docket in the Bermuda Action; and the Trustee cannot therefore access court filings. The Joint Liquidators are not providing the Trustee with copies of the pleadings and submissions and are not sharing information concerning any settlement discussions they may be having with the Bermuda Defendants. There is an almost complete lack of transparency into the status of the Bermuda Action and its parties' respective positions.

E.  **The Injunction Action**

On October 22, 2012, the Trustee commenced this adversary proceeding styled *Picard v. Kingate Global Fund, Ltd., et al.*, Adv. Pro. No. 12-1920 (SMB) (Bankr. S.D.N.Y.) (the "Injunction Action"). The Trustee's complaint (the "Complaint") alleged that the Bermuda Action violated Bankruptcy Code §§ 362 and 105, SIPA § 78eee(b)(2)(B), and several stay orders issued by this Court. The Trustee contemporaneously filed an application for an interlocutory injunction prohibiting the Joint Liquidators from continuing to prosecute the Bermuda Action (the "Initial Motion").

Since the filing of the Complaint and the Initial Motion, the Trustee and the Joint Liquidators had been engaged in settlement negotiations, and the parties accordingly entered into a series of stipulations extending the Joint Liquidators' time to respond to the Complaint and the Initial Motion.[17] The last stipulation set February 21, 2014, as the filing date for the Joint

---

[15] (Ex. C & Ex. D.)
[16] (Ex. D, Amended Claim ¶¶ 17.1–17.3.)
[17] (ECF Nos. 6, 7, 8, 12, 16, 18, 19, 21.)

6

Liquidators' opposition to the Initial Motion and March 25, 2014, as the filing date for the Trustee's reply.

    F.    **The Joint Liquidators Refused to Stipulate to Maintaining the Status Quo**

To preserve the status quo while settlement talks continued or the Avoidance Action proceeded, the Trustee asked the Joint Liquidators to stipulate that they would "preserve and set aside" any funds recovered in the Bermuda Action and that they would "not make any distributions until all issues raised in the [A]voidance [A]ction are resolved by a final and nonappealable order."[18] That was the last of several attempts by the Trustee to preserve by agreement the *res* at the center of both the Avoidance Action and the Bermuda Action. In the Trustee's view, that approach recognized the current status of litigation: (i) the Joint Liquidators and the Trustee both seek to recover the same transfers from the same individuals and entities; and (ii) the question whether those transfers and their proceeds constitute customer property will be decided by this Court through determination of the Kingate Funds' Customer Claims and the claims brought in the Avoidance Action. The Joint Liquidators rejected the Trustee's proposal.[19]

    G.    **The Trustee Informed the Joint Liquidators of His Intent to File an Amended Complaint and Move for More Limited Injunctive Relief, yet the Joint Liquidators Nevertheless Filed an Opposition to the Initial Motion**

When the Trustee presented his proposed stipulation, he advised the Joint Liquidators that if they rejected it, he would request leave to file an amended complaint seeking the very relief that the stipulation would have achieved. When they conveyed their rejection, the Joint Liquidators asked that the Trustee inform them by February 1, 2014, if the Trustee intended, as forecasted, to "amend the complaint in the Injunction Action to expressly request the relief

---

[18] (Ex. F.)
[19] (Ex. G.)

7

specified in [the Trustee's] proposed stipulation."[20] The Joint Liquidators explained that such notice would allow them to "avoid preparing a response to a complaint that will be superseded."[21]

The Joint Liquidators' unilaterally imposed response date passed, and the Joint Liquidators did not make further inquiry of the Trustee's intention. The Trustee, however, informed the Joint Liquidators on February 17, 2014, four days prior to the deadline for the Joint Liquidators to respond to the Initial Motion, that he intended to file an amended complaint for status quo injunctive relief as previously disclosed.

The next morning, the Joint Liquidators—knowing that the Trustee would seek leave to file an amended complaint and application for limited injunctive relief—needlessly filed an opposition to the Initial Motion. Noticeably absent from their opposition is any mention of the Trustee's proposed status quo stipulation that the Joint Liquidators flatly rejected. Indeed, the Joint Liquidators disingenuously observe that the Trustee did not advise "by the requested date" (*i.e.*, their arbitrary deadline of February 1, 2014) whether the Trustee intended to file an amended pleading for injunctive relief. The Joint Liquidators failed to tell this Court that the Trustee communicated that very intention *the day before* the Joint Liquidators filed their opposition.[22]

---

[20] (*Id.*)

[21] (*Id.*)

[22] If the Court grants the Trustee leave to file an amended pleading, the proposed Amended Complaint will, upon filing, become the Trustee's operative pleading. The Trustee will contemporaneously file the Injunction Motion as well, in substantially the form attached as *Exhibit H* to the Zeballos Decl. The last stipulation between the Trustee and the Joint Liquidators sets March 25, 2014 as the filing date for the Trustee's reply to any opposition to the Initial Motion. To avoid preparing a reply to an opposition to a motion that may no longer be in effect, the Trustee will seek a consensual extension of that deadline from the Joint Liquidators and, if consent is not forthcoming, make an appropriate application to the Court for such relief.

### IV. GROUNDS AND REASONS FOR GRANTING LEAVE TO AMEND

With the proposed Amended Complaint and attendant Injunction Motion, the Trustee would seek more limited injunctive relief than that sought under the Complaint and the Initial Motion. The narrow injunction sought would preserve the status quo and prohibit the disposition of any settlement or recovery that the Joint Liquidators might obtain in the Bermuda Action. That status quo injunction would protect this Court's exclusive jurisdiction over the Kingate Funds' Customer Claims and the customer property that the Joint Liquidators admittedly seek to recover from the Bermuda Defendants. Indeed, such a limited injunction would further the administration of the estate by allowing the Joint Liquidators to pursue and obtain (but not distribute) a *res* to which the Trustee could look for satisfaction of any judgment entered in the Avoidance Action holding the Kingate Funds liable under § 550 of the Bankruptcy Code. The status quo injunction would remain in effect until the Trustee's claims in the Avoidance Action, the amount of customer property transferred to the Bermuda Defendants, the Trustee's right to recover it, and the allowance or disallowance of the Kingate Funds' Customer Claims are all determined by final order.

The Kingate Funds will suffer no undue prejudice if leave is granted. The Joint Liquidators are seeking to recover customer property in the Bermuda Action. They have refused to preserve and set aside any recovery in the Bermuda Action until the Avoidance Action is adjudicated and the Kingate Funds' Customer Claims are determined. By their actions, the Joint Liquidators plainly intend to race to obtain hundreds of millions of dollars of customer property ahead of the Trustee and distribute that customer property within the Kingate Funds' liquidation proceedings. That outcome contravenes this Court's exclusive jurisdiction and the protocol established by SIPA, the Bankruptcy Code, and this Court's orders for the determination of customer claims and the distribution of customer property. The Kingate Funds will suffer no

prejudice should this Court provide the Trustee with an opportunity to file an amended pleading and corresponding motion that seeks targeted injunctive relief designed to prevent the Joint Liquidators from accomplishing what applicable law prohibits.

In addition, the Joint Liquidators could continue to prosecute the Bermuda Action and, if successful, enforce any judgment they obtain. The Amended Complaint does not seek to bar the prosecution of the Bermuda Action or jeopardize the prospects for recovery; it only seeks to restrain the Joint Liquidators from distributing any recovery. The Amended Complaint thus removes any potential harm to the Kingate Funds' rights and claims in the Bermuda Action.

The Joint Liquidators have no futility argument to make. The relief sought in the proposed Amended Complaint and the Injunction Motion is grounded in judicial and evidentiary admissions made by the Joint Liquidators in the Avoidance Action and the Bermuda Action. That relief has deep legal footings in SIPA and the Bankruptcy Code and the decisions of federal courts across the nation, all of which empower this Court to protect its exclusive jurisdiction over this SIPA liquidation and to freeze assets that are the subject of fraudulent transfer claims.

Lastly, the Trustee has not unduly delayed in seeking leave to amend. Notwithstanding years of negotiating the terms of a potential settlement and the language embodying such terms, the Trustee now believes that the divide between the parties—which at one point in the negotiations appeared to have been bridged—is expanding with every settlement meeting and discussion. In light of the dimming prospect of a settlement, the Trustee will proceed to prosecute vigorously his claims in the Avoidance Action and the Injunction Action.

## V.     CONCLUSION

Accordingly, the Trustee respectfully requests that the Court grant leave to file the proposed Amended Complaint.

Dated: March 25, 2014
      New York, NY

/s/ David J. Sheehan
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

Of Counsel:
Anthony M. Gruppuso
Email: agruppuso@bakerlaw.com