# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 26, 2014

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO
bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Picard v. Albert H. Small*, Adv. Pro. No. 10-05186 (SMB);
      *Picard v. Albert H. Small Charitable Remainder Unitrust, et al.*, Adv. Pro. No.
      10-04703 (SMB); and
      *Picard v. Southern Engineering Engineer Corporation Employees' Profit
      Sharing Plan*, Adv. Pro. No. 10-05081 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq.  We write in response to three related motions to dismiss (the "Motions") filed in each of the above-captioned adversary proceedings (the "Adversary Proceedings"), which were recently scheduled for hearing on April 29, 2014.  As set forth more fully below, the Trustee respectfully requests that the Court instead refer the Motions to mediation under the procedures set forth in the Order Establishing Case Management Litigation Procedures dated November 10, 2010 ("Litigation Procedures Order").

The Trustee filed a Notice of Applicability of the Avoidance Procedures making the Litigation Procedures Order applicable in each of the Adversary Proceedings. Paragraph 2(D) of the Litigation Procedures Order provides that upon a defendant's filing of a motion to dismiss, "the issues raised in such motion, together with the issues raised in the Complaint, are immediately referred to mediation[.]" The Trustee notes that although the Motions' primary basis for dismissal is the application of Bankruptcy Code section 546(e), the vast majority of the demand amount in the complaints in the Adversary Proceedings is within the two-year period.  For example, in two Adversary

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Hon. Stuart M. Bernstein
March 26, 2014
Page 2

Proceedings (Adv. Proc. Nos. 10-05186 and 10-04703), all of the relevant transfers that the Trustee is seeking to avoid occurred within the two-year period and are thus avoidable under Bankruptcy Code section 548(a)(l)(A). In the remaining Adversary Proceeding (Adv. Pro. No. 10-05081), a significant portion of the overall demand amount (*i.e.*, $1,173,971 of $3,312,971) is comprised of transfers that occurred during the two-year period and remains unaffected by section 546(e). As such, the application of section 546(e) has a minimal impact on these actions and should not be an impediment to immediate mediation of the Adversary Proceedings.

In addition, the Trustee believes that immediate mediation of these actions would be consistent with Your Honor's ruling at the hearing on March 4, 2014, directing mediation pursuant to the Litigation Procures Order with respect to pending motions to dismiss. Accordingly, the Trustee respectfully requests that Your Honor cancel the hearing on the Motions so that the above-captioned actions may be immediately referred to mediation.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):
    David J. Sheehan, Esq.
    Kevin H. Bell, Esq.
    Edward A. Smith, Esq.