# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 26, 2014

Geraldine E. Ponto
direct dial: 212.589.4690
gponto@bakerlaw.com

**VIA EMAIL**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Picard v. Kingate Global Fund, Ltd., et al.
      Adv. Pro. No. 12-1920 (SMB)

Dear Judge Bernstein:

This firm represents Irving H. Picard, trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff (the "Trustee").

On March 25, 2014, the Trustee filed a motion for leave to file a proposed amended complaint (the "Motion for Leave"), attaching a copy of the proposed amended complaint seeking limited injunctive relief ("Amended Complaint"). The Motion for Leave was served on the defendants and is scheduled for a hearing before the Court on April 17, 2014.

The Motion for Leave, if granted, would dispose of an earlier motion the Trustee had filed in October 2012, seeking interlocutory relief (the "Initial Injunction Motion") enjoining the Joint Liquidators acting on behalf of defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (collectively, the "Kingate Funds"), from continuing to prosecute a civil action they had commenced in the Supreme Court of Bermuda, Commercial Court (the "Bermuda Action"). The Joint Liquidators named as defendants in the Bermuda Action many of the same entities and individuals that the Trustee has named as defendants in a separate proceeding before this Court captioned as *Picard v. Ceretti, et al.*, Adv. Pro. No. 09-1161 (SMB) (Bankr. S.D.N.Y.) (the "Avoidance Action"). The Avoidance Action seeks to avoid and recover approximately $926 million in fraudulent transfers from BLMIS to the Kingate Funds and resolve the Kingate Funds' customer claims against the estate. The Bermuda Action also seeks to recover property that the Trustee in the Avoidance Action alleges is customer property. While

The Honorable Stuart M. Bernstein
March 26, 2014
Page 2

the Trustee and the Joint Liquidators engaged in global settlement negotiations, the parties entered a series of stipulations, the last of which established February 21, 2014, as the filing date for the Joint Liquidators' opposition to the Initial Motion, and March 25, 2014, as the filing date for the Trustee's reply.

The Trustee proposed to the Joint Liquidators that they stipulate to preserve, set aside and not distribute any funds they recover in the Bermuda Action, or the Trustee would file an amended complaint seeking that limited relief. The Joint Liquidators refused to stipulate to a status quo order and filed an opposition to the Trustee's Initial Injunction Motion, necessitating the Trustee's Motion for Leave.

If leave to amend is granted, the proposed Amended Complaint would become the Trustee's operative pleading, and the Trustee would move for interlocutory injunctive relief.[1] In light of the procedural posture of this adversary proceeding, the Trustee respectfully requests that no hearing be scheduled on the Initial Injunction Motion, which may be moot upon the Court's determination of the Motion for Leave. If the Motion for Leave is denied, the Trustee would then request the right to file a reply in connection with the Initial Injunction Motion.

The consideration of the Court is greatly appreciated.

Respectfully,

*/s/ Geraldine E. Ponto*

Geraldine E. Ponto

cc:   Robert S. Loigman, Esq.
      Kevin Bell, Esq.

---

[1] A copy of that motion is attached as *Exhibit H* to the Declaration of Gonzalo S. Zeballos, Esq. submitted in support of the Motion for Leave. ECF No. 30.

300316369.1