**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7444**

WRITER'S INTERNET ADDRESS
**robertloigman@quinnemanuel.com**

March 26, 2014

**VIA HAND DELIVERY**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:     Picard v. Kingate Global Fund, Ltd, et al., Adv. Pro. No. 12-1920 (SMB)

Dear Judge Bernstein:

We represent Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (collectively, the "Kingate Funds"), the defendants in this action, through their court-appointed Joint Liquidators. The two Kingate Funds are now subject to a permanent liquidation process under the direction of the High Court of Justice of the British Virgin Islands, as well as a separate liquidation proceeding under the supervision of the Supreme Court of Bermuda.

The Kingate Funds write in response to the Trustee's letter submitted to the Court today. The Trustee's letter was unnecessary in light of the Kingate Funds' agreement to the Trustee's request for an extension of the Trustee's time to submit a reply in support of his injunction application.

The Kingate Funds are massive "net losers," having lost approximately $800 million as the result of their investments with Bernard L. Madoff Investment Securities LLC ("BLMIS"), Nonetheless, in October 2012, the Trustee initiated this action and filed an injunction application to prevent the Kingate Funds from pursuing their already pending claims against Kingate Management Limited and related defendants.  In that action, which the Kingate Funds initially filed in December 2010, the Kingate Funds seek the return of millions of dollars that the Kingate Funds—and the Kingate Funds alone—paid to their investment managers.  The Kingate Funds brought that action in Bermuda, where Kingate Management Limited is located and one of the two jurisdictions in which the Kingate Funds are subject to court supervised liquidation proceedings.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS |
MUNICH | SYDNEY | HONG KONG

The Honorable Stuart M. Bernstein
March 26, 2014
Page 2

After numerous extensions agreed to by the parties, the Kingate Funds filed an opposition to the Trustee's injunction application on February 18, 2014. The Trustee's reply in further support of its injunction application was due yesterday, March 25, 2014. Rather than file the reply, however, the Trustee filed a motion for leave to file an amended complaint and a new injunction application seeking different relief. The Trustee also demanded an immediate agreement on an extension of time for the reply and threatened judicial intervention unless the Kingate Funds complied.

The Kingate Funds told the Trustee they would agree to the Trustee's extension request provided that the Trustee agree (should the Court grant his motion for leave) to give the Kingate Funds 30 days to respond to the new injunction application. Counsel for the Trustee indicated the request was reasonable. At the Trustee's request, the Kingate Funds then agreed to a one-day extension of the Trustee's deadline to file a reply so the Trustee's counsel could internally discuss the specific timeframe for any response to the amended injunction application. The Trustee's letter to the Court followed notwithstanding the parties' tentative agreement.

Separately, we note that Ms. Ponto's letter to Your Honor took this opportunity to begin arguing the merits of the injunction application, and, in our view, provides a misleading recitation of the record. We understand, however, that the parties will address the merits of the motion for leave, and, if appropriate, the allegations of the amended complaint and amended injunction application, at a later date. Accordingly, at this point, we write simply to note that we remain agreeable—as the Trustee's counsel appeared to accept yesterday—to executing a stipulation (a) extending the Trustee's time to respond to the Kingate Funds' current opposition to the injunction application until after the Court decides the Trustee's motion for leave to amend, and (b) in the event the motion for leave is granted, giving the Kingate Funds 30 days to respond to the application.

We are available at the Court's convenience should Your Honor have any questions, but suggest the parties attempt to resolve this issue without Court intervention at this point, which appears unnecessary.


Respectfully,


/s/ Robert S. Loigman

Robert S. Loigman

cc:     Geraldine E. Ponto Esq. (by e-mail)
        Kevin Bell, Esq. (by e-mail)