**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## SCHEDULING ORDER

This matter came before the Court on March 27, 2014 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to schedule a hearing and a briefing schedule regarding the appropriate methodology for calculating customer claims involving transfers between BLMIS accounts (collectively referred to herein as the "Inter-Account Transfer Issue"), as more fully set forth in the Scheduling Motion (ECF No. 5728); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and any objections to the Scheduling Motion have been withdrawn or are hereby overruled; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that on or before March 31, 2014, the Trustee shall file a Motion For An Order To Affirm the Trustee's Determinations of Customer Claims Regarding Transfers between BLMIS Accounts, and a corresponding memorandum of law (together, the "Inter-Account Transfer Motion") seeking to affirm the Trustee's determination of claims regarding the application of the Net Investment Method to the determination of customer transfers between BLMIS accounts. The sole purpose of the Inter-Account Transfer Motion shall be to resolve the legal issue raised by objections to the methodology used to calculate the amount transferred between BLMIS accounts in connection with customer claims. The Inter-Account Transfer Motion shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED,** that on or before March 31, 2014, SIPC may file a brief with respect to the Inter-Account Transfer Motion. SIPC's brief shall be served on all parties included in the Master

300316355.1

Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED**, that on or before May 16, 2014, claimants who wish to participate in the briefing on this issue ("Objecting Claimants") shall file a memorandum of law in opposition ("Opposition Briefs") to the Inter-Account Transfer Motion. Objecting Claimants must identify: (i) the claimant's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) the timely-filed customer claim, if applicable, and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. If any Opposition Briefs raise a factual issue for which the Trustee requires discovery, the Trustee may notify such party and obtain a hearing date(s) at an appropriate time following the hearing on the Inter-Account Transfer Motion to resolve such factual issue(s); and it is further

**ORDERED**, that the Objecting Claimants are encouraged by the Court, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate; and it is further

**ORDERED**, that on or before May 23, 2014, any Interested Parties, defined as governmental entities, and specifically including the Securities & Exchange Commission, and the Internal Revenue Service, may file briefs relating to the Inter-Account Transfer Issue. Any such briefs must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington,

300316355.1

DC 20005, Attn: Kevin H. Bell, Esq.; and it is further

**ORDERED**, that the Trustee may file any reply papers on or before June 6, 2014. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that SIPC may file any reply papers on or before June 6, 2014. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that the Court shall hold a hearing on the Inter-Account Transfer Motion on June 19, 2014, at 10:00 a.m., or such other time as the Court determines. The sole purpose of the Inter-Account Transfer Motion shall be to resolve the legal issue raised by objections to the methodology used to calculate the amount transferred between BLMIS accounts in connection with customer claims. Any other issues raised by Objecting Claimants will be resolved in subsequently scheduled hearings; and it is further

**ORDERED,** that only persons or entities that filed customer claims may participate in the Inter-Account Transfer Motion, except as provided by order of this Court; and it is further

**ORDERED,** that the Trustee shall prepare a notice that sets forth the date, time, and location of the hearing and apprise the Notice Parties of the relevant legal issues, their ability to file briefs, the deadline for any such filings, and the hearing date. The Trustee shall serve notice by U.S. mail, postage prepaid, email, or by ECF. The Trustee shall also post comparable

300316355.1

information on his web site; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      March 27th, 2014

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

300316355.1