Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Amy E. Vanderwal  
Email: avanderwal@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com  

Hearing Date: June 19, 2014  
Hearing Time: 10:00 AM (EST)  
Objection Deadline: May 16, 2014  

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION AFFIRMING APPLICATION OF NET**
**INVESTMENT METHOD TO DETERMINATION OF**
<u>**CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS**</u>

Pursuant to this Court's order of March 27, 2014 scheduling adjudication (the "Scheduling Order") (ECF No. 6049) regarding the appropriate methodology for calculating customer claims involving transfers between BLMIS accounts (collectively referred to as the "Inter-Account Transfer Issue") Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"),[1] and the estate of Bernard L. Madoff ("Madoff"), respectfully submits this motion ("Motion"), the declaration of Bik Cheema, and a supporting memorandum of law, for an order: (a) affirming the Trustee's determinations of the claims listed on Exhibit 1 and 2; (b) affirming the Trustee's application of the Net Investment Method, as defined herein, to transfers between BLMIS customer accounts; and (d) expunging the objections to the Trustee's determinations listed on Exhibit 1 and 2 to the Declaration of Bik Cheema, submitted herewith, insofar as they relate to transfers between BLMIS customer accounts.

### Trustee's Interpretation of Net Equity

1.     Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the "dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date[.]."  Furthermore, section 78fff-2(b) of SIPA provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

2. On this basis, the Trustee determined that net equity claims should be calculated based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts (the "Net Investment Method"). Some claimants argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 customer statements.

3. The Trustee's use of the Net Investment Method was upheld by this Court, reported at 424 B.R. 122 (Bankr. S.D.N.Y. 2010). This Court's decision was affirmed by the United States Court of Appeals for the Second Circuit, reported at 654 F.3d 299, 241 (2d Cir. 2011). On June 25, 2012, the United States Supreme Court denied *certiorari*, and thus a final order has issued upholding the Trustee's use of the Net Investment Method.

## Inter-Account Transfers

4. While reviewing customer claims, the Trustee encountered many instances in which BLMIS customers made inter-account transfers, meaning a transfer between BLMIS customer accounts in which no new funds entered BLMIS. In determining such customer claims, the Trustee allowed for each transfer to be effected to the extent there was sufficient principal in the account based on the Net Investment Method. In other words, the Trustee credited the transfer in an amount up to the available net balance in the transferor account at the time of the transfer, to the extent there was such a balance in the transferor's account. If the BLMIS transferor account did not have any principal at the time of the desired transfer, no credit was given to the transferee account because no real dollars existed to transfer.

2

5.     The Trustee's approach has been affirmed by the District Court in the avoidance context in its decision regarding antecedent debt. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 499 B.R. 416 (S.D.N.Y. 2013). As the District Court determined, this method is the only approach that is consistent with the Net Investment Method and treats customers equitably by not giving credit to a transfer of fictitious profit which, in this Ponzi scheme, is someone else's money. There is no reason to apply a different standard in the claims context.

6.     Over 400 objections were filed to the Trustee's claims determinations, arguing that the Trustee improperly adjusted amounts transferred between BLMIS accounts to reflect the amount of principal in the transferor account at the time of the transfer. These objections are comprised of both those BLMIS customers subject to an avoidance action as well as those that are not.

## Motion for Scheduling Order on Inter-Account Transfers

7.     On March 27, 2014, this Court entered the Scheduling Order setting forth dates for briefing and hearing on the Inter-Account Transfer Issue. In accordance with the Scheduling Order, the Trustee submits the herein Motion.

## RELIEF REQUESTED

8.     Pursuant to the Scheduling Order and for the reasons set forth in the memorandum of law submitted in support of this Motion, the Trustee respectfully requests an order: (a) affirming the Trustee's determinations of the claims listed on Exhibit 1 and 2; (b) affirming the Trustee's application of the Net Investment Method, to transfers between BLMIS customer accounts; and (d) expunging the objections to the Trustee's determinations listed on Exhibit 1 and 2 to the Declaration of Bik Cheema, submitted herewith, insofar as they relate to transfers between BLMIS customer accounts.

3

## **NOTICE**

9. Notice of this Motion will be provided by U.S. Mail, postage prepaid or email to (i) all claimants listed on Exhibit 1 and 2; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required. In addition, all of the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

**WHEREFORE**, the Trustee respectfully requests that the Court issue an order granting the relief requested herein, and grant such other and further relief to the Trustee as the Court deems proper.

Dated:  New York, New York
　　　　March 31, 2014

**BAKER & HOSTETLER LLP**

By: */s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email:  jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the estate of
Bernard L. Madoff*

5