**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**DECLARATION OF BIK CHEEMA IN SUPPORT OF THE TRUSTEE'S MOTION AFFIRMING APPLICATION OF NET INVESTMENT METHOD TO DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS**

I, Bik Cheema, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the Bar of this Court and am in good standing. I am an associate with Baker & Hostetler LLP.

2. Baker & Hostetler LLP is counsel to Irving H. Picard, the Trustee appointed by the United States District Court for the Southern District of New York for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), and for the estate of Bernard L. Madoff ("Madoff").

3. I make this declaration based upon the information and knowledge acquired during the course of Baker & Hostetler LLP's engagement as counsel to the Trustee, as described herein.

**Claims, Determinations, Objections, Transfers and Withdrawals**

4. During the course of my work on this matter, I have personally reviewed thousands of documents, including claims filed by claimants, determination letters issued by the Trustee in response to these claims, objections filed by claimants in response to the Trustee's determination of their claims, requests for transfers and withdrawals by claimants.

5. As part of my review, I reviewed all objections received by the Trustee in response to his determinations of all timely-filed claims. Most of the objections I reviewed had more than one basis for objection, but for purposes of the Trustee's Motion (the "Motion") seeking entry of an order affirming the application of the Net Investment Method, as defined in the Motion, to transfers between BLMIS customer accounts, I have focused on the objections raised by claimants (the 'Objecting Claimants") arguing that the Trustee improperly adjusted amounts transferred between BLMIS accounts to reflect the amount of principal in the transferor account at the time of the transfer (the "Inter-Account Transfer Objections").

6. Based upon my review, a document entitled "Description of Claimants Raising Inter-Account Transfer Issue" was prepared, attached hereto as Exhibit 1.

7. Also based upon my review, a document entitled "Claimants With No Adjusted Inter-Account Transfers" was prepared, attached hereto as Exhibit 2.

**Basis of Personal Knowledge**

8. Specifically, in order to populate Exhibits 1 and 2, I reviewed claims filed by the Objecting Claimants, reviewed the respective determination letters issued by the Trustee, and reviewed the respective objections by the Objecting Claimants, in addition to reviewing the Objecting Claimants' account files as contained in the books and records of BLMIS.

9. In order to perform my review, I accessed and reviewed documents using PACER in addition to documents filed by the Objecting Claimants with the Trustee pursuant to this Court's Claims Procedures Order, determination letters issued by the Trustee, objections to those determinations by Objecting Claimants filed with the Court, and the books and records of BLMIS.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  
March 31, 2014

**BAKER & HOSTETLER LLP**  
By: /s Bik Cheema  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
Email: bcheema@bakerlaw.com