**Related to Various Motions to Dismiss and the
Trustee's Consolidated Opposition**

**Hearing Date: April 9, 2014, at 10:00 a.m.**

Richard A. Kirby
Laura K. Clinton
Martha Rodriguez Lopez
K&L GATES LLP
1601 K Street
Washington D.C. 20006
(202) 778-9000 (Telephone)
(202) 778-9100 (Facsimile)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro. No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (substantively consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-04363 (SMB) |
| SCHIFF FAMILY HOLDINGS NEVADA LIMITED PARTNERSHIP; et al., | |
| Defendants. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | :<br>:<br>: |
| Plaintiff, | : |
| v. | :<br>: Adv. Pro. No. 10-04718 (SMB) |
| THE JORDAN H. KART REVOCABLE TRUST; et al. | :<br>:<br>: |
| Defendants. | : |
| ................................................................... | x |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND BE HEARD ON THE ISSUE OF THE TRUSTEE'S STANDING TO RECOVER CUSTOMER PROPERTY

# **TABLE OF CONTENTS**

**Page**

I. REPLY ................................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 2

    A. Movants Have Not Waived Their Rights to Litigate the Limits of the Trustee's Avoidance Powers. ........................................................................................................ 2

    B. Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Standing Issue. ................................................................................................................ 3

    C. Movants' interests are not adequately represented by the parties to the pending motions. ......................................................................................................................... 5

    D. In the alternative, Movants should be permitted to participate as amicus curiae. ............................................................................................................................ 5

III. CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Barhold v. Rodriguez*,
  863 F.2d 233 (2d Cir. 1988) .................................................................................................. 3

*Brennan v. N.Y.C. Bd. of Educ.*,
  260 F.3d 123 (2d Cir. 2001) .................................................................................................. 5

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001) .................................................................................................. 5

*Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty.*,
  101 F.R.D. 497 (E.D.N.Y. 1984) ........................................................................................... 4

*Concerned Area Residents for the Environment v. Southview Farm*,
  834 F.Supp. 1410 (W.D.N.Y. 1993) ...................................................................................... 6

*In re Enron Corp.*,
  2004 Bankr. LEXIS 2549 (Bankr. S.D.N.Y. July 15, 2004) .................................................. 4

*In re. Nasdaq Mkt.-Makers Antitrust Litig.*,
  176 F.R.D. 99 (S.D.N.Y. 1997) ............................................................................................. 3

*Jones v. Ford Motor Credit Co.*,
  No. ooCIV8330RJHKNF, 2004 WL 1586412 (S.D.N.Y. July 15, 2004) .............................. 4

*Lebron v. National R.R. Passenger Corp. (Amtrak)*,
  69 F.3d 650, *opinion amended on denial of reh'g*, 89 F.3d 39 (2d Cir. 1995) ....................... 3

*McNeill v. New York City Hous. Auth.*,
  719 F. Supp. 233 (S.D.N.Y. 1989) ......................................................................................... 2

*National Organization for Women, Inc. v. Scheidler*,
  510 U.S. 249 (1994) ................................................................................................................ 3

*Neonatology Assocs., P.A. v. C.I.R.*,
  293 F.3d 128 (3d Cir. 2002) (Alito, J.) .................................................................................. 6

*Picard v. Greiff*,
  797 F. Supp. 2d 451 (S.D.N.Y. 2011) ................................................................................... 6

*SEC v. Everest Management Corp.*,
  475 F.2d 1236 (2d Cir. 1972) ................................................................................................ 2

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) ............................................................................................................... 5

*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978) .................................................................................................. 4

*United States v. Ahmed*,
  788 F. Supp. 196 (S.D.N.Y. 1992) ........................................................................................ 6

*United States v. Columbia Pictures Indus., Inc.*,
  88 F.R.D. 186 (S.D.N.Y. 1980) ............................................................................................ 5

*United States v. El-Gabrowny,*
  844 F. Supp. 955 (S.D.N.Y 1994) ......................................................................................... 6

*United States v. Gotti*,
  755 F. Supp. 1157 (E.D.N.Y. 1991) ..................................................................................... 6

*United States v. Hays*,
  515 U.S. 737 (1995) .......................................................................................................... 2, 3

*Wight v. Bankamerica Corp.*,
  219 F.3d 79 (2d Cir. 2000) .................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(h)(3) ................................................................................................................. 1

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................................... 3

**Other Authorities**

10 COLLIER ON BANKRUPTCY ¶ 7024.03 (Alan N. Resnick and Henry J. Sommer, eds., 16th rev.
  ed.) ........................................................................................................................................ 2

7C WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1913 (3d ed.) ......................... 5

## I. REPLY

Movants' substantive arguments regarding the Trustee's limited Section 8(c)(3) avoidance power to recover transfers of customer property have not been addressed by this Court (or any court) in the Madoff case. The Trustee does not contest the elements of intervention, arguing rather that Movants have waived the right to litigate this issue. Movants have not waived these arguments. To the contrary, those Movants who have filed answers in the avoidance actions expressly preserved their rights to litigate the issue of standing as an affirmative defense in their filed answers, or through stipulations with the Trustee that preserve their right to raise the issue when their answers are due.[1] To the extent that a particular defendant's pending motion to dismiss did not specifically raise the issue, the omission is not controlling as to the propriety of the court hearing the issue at this stage, because standing implicates the Court's subject-matter jurisdiction, a defense that is not subject to waiver under federal rules or jurisprudence. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines <u>at any time</u> that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)). Because pending motions to dismiss in other adversary proceedings raise similar standing issues but address them in a different manner, Movants contacted the Trustee and Court to request the opportunity to be heard. Contrary to the allegations of delay, Movants presented their proposed merits briefing with their intervention papers in order to give notice of their position without delaying the proceedings.[2]

The focus of the Court's inquiry on intervention is generally "on the realistic consequences to the intervenor of not allowing intervention," with all doubts resolved in

---

[1] Other Movants filed Motions to Dismiss that do not directly address the limits on the Trustee's avoidance power, because Movants do not see the issue as one amenable to a Rule 12(b) motion.

[2] Movants attached their proposed Brief to their Motion to Intervene, and the Trustee and SIPC both filed responses addressing the merits. ECF 6069 and 6071. In order to avoid any delay attendant on a substantive briefing schedule, and to facilitate all parties' preparation for the hearing on the merits, Movants attach hereto their proposed Reply Brief as Appendix A.

1

Movants' favor. 10 COLLIER ON BANKRUPTCY ¶ 7024.03 (Alan N. Resnick and Henry J. Sommer, eds., 16th rev. ed.); *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1239 (2d Cir. 1972). The Trustee does not articulate how intervention prejudices him, nor can he do so. Standing, as a matter of law, cannot be waived. *United States v. Hays*, 515 U.S. 737, 742 (1995). Movants' intervention presents an issue whose determination affects the consideration and disposition of hundreds of actions, including those where answers and motion practice are pending, and those in which answers or motions may lurk in the distant future. Movants do not seek to delay or otherwise interfere with the pending Motions; indeed, the defendants did not object to their limited intervention. Addressing Movants' arguments now is consistent with judicial efficiency.

Movants satisfy all of the requirements for intervention under the Rule 24(b)(1)(B) criteria for intervention, and should be heard by the Court.

## II.    ARGUMENT

**A.    Movants Have Not Waived Their Rights to Litigate the Limits of the Trustee's Avoidance Powers.**

Movants have a clear interest in the Court's determination of the Trustee's standing to pursue his claims against them. The Trustee does not contest that Movants share common questions of law or fact with the pending motions to dismiss that raise the standing question. Fed. R. Civ. P. 24(b)(1)(B); *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989). Instead, he argues only that Movants somehow waived their standing argument by failing to intervene in prior proceedings, or by failing to move to dismiss on this ground in their own adversary proceedings. The argument is not well-founded in either law or fact.

2

Questions of standing are not subject to waiver and must be addressed, even where the parties may have failed to raise the issue at some earlier stage of a case. The issue of standing is a jurisdictional predicate and, therefore, there can be no waiver of this issue. *See Hays*, 515 U.S. at 742 ("The question of standing is not subject to waiver"); *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."); *Wight v. Bankamerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000) ("[W]e have already held that arguments for or against standing may not be waived"); *Lebron v. National R.R. Passenger Corp. (Amtrak)*, 69 F.3d 650, 659 *opinion amended on denial of reh'g*, 89 F.3d 39 (2d Cir. 1995) (quoting *United States v. Hays, supra*). Alternatively stated, one party's standing to sue cannot be conferred merely by the consent or inaction of another party. *See Barhold v. Rodriguez*, 863 F.2d 233, 234 (2d Cir. 1988); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 103 (S.D.N.Y. 1997).

All Movants who answered included standing as an affirmative defense. Movants who have not yet answered have the right to raise any and all defenses in their answer or, even without specifically preserving it there, as a question going to the court's subject-matter jurisdiction, which may be raised at any stage of the proceedings. Similarly, Movants who have pending motions to dismiss on other grounds did not waive this question by failing to raise it there–as discussed in the Movants' papers on the merits, they believe this issue is more appropriately resolved on a full record after discovery and the prosecution of the actions, not at the Rule 12 phase of the proceedings. Movants are not impeded from litigating standing issues.

**B.     Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Standing Issue.**

The "principal consideration set forth in the Rule is whether the intervention will <u>unduly</u> delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v.*

*Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (internal quotation marks omitted) (emphasis added); *Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty.*, 101 F.R.D. 497, 502-03 (E.D.N.Y. 1984) ("[A]dditional parties always take additional time", but permissive intervention is proper if the resulting delay will not be undue.) (citing 7C WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1913 (3d ed.)). *See also Jones v. Ford Motor Credit Co.*, No. ooCIV8330RJHKNF, 2004 WL 1586412 at * 2 (S.D.N.Y. July 15, 2004) (finding that despite delay, "efficiency is best served" by allowing intervention). As noted, the underlying briefing schedule has not been altered or delayed, nor will there be any material impact on the hearing by convening a "master" hearing and allowing Movants to be heard on the merits of the question. Faced with these realities, the Trustee does not articulate how intervention would prejudice the parties or adversely impact the Court. There will be little or no additional burden to the Trustee –either in cost or delay–of permitting Movants to intervene. Movants timely raised their concern regarding being heard on legal issues of significant import to their cases with the Trustee and the Court, and the defendants currently litigating the standing issue in *Schiff* and *Kart* (and, on a consolidated basis, in the related cases in which the defense was raised by their counsel) do not oppose intervention. Movants' standing motion is fully briefed; the Trustee and SIPC have submitted oppositions to Movants' standing position ECF Nos. 5886, 6069, 6071, and Movants' reply here. Permitting intervention at this juncture will foster judicial efficiency by allowing the Court to consider a significant and common legal issue in an orderly process, in a comprehensive hearing, after full consideration of the views of those affected. *See In re Enron Corp.*, 2004 Bankr. LEXIS 2549, at *250-51 n. 32 (Bankr. S.D.N.Y. July 15, 2004) (considering standing issue at confirmation hearing; "To the extent that any party suggests that the Court should not address the issue at this stage of the case because of the Creditors' Committees [*sic*] failure to

4

raise the issue any earlier, the Court disagrees and concludes that it is appropriate to address the issue.").

C. **Movants' interests are not adequately represented by the parties to the pending motions.**

Rule 24(b) does not make adequacy of representation an element for consideration. Thus, adequacy of representation is not a determinative factor in the context of permissive intervention. *See e.g.*, *United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980) (reliance on adequate representation "seems inappropriate" for permissive representation). In any event, Movants have met the minimal burden of showing that the representation may be inadequate. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 133 (2d Cir. 2001) (intervention required even though school board and teachers shared interest in fully defending against discrimination claims). Indeed, intervention as of right may be granted even when the intervenor and existing parties have the same "ultimate objective." *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001).

Movants approach the legal analysis from a materially different perspective than do the existing parties, and they seek different relief. In this regard, the Trustee's argument that existing parties can adequately represent Movants' interests is misplaced. Movants' arguments are not germane only to the pending motions, but also to any subsequent consideration of the standing issue on any appeal. Where, as here, the Movants and other parties do not have completely identical objectives, intervention is appropriate.

D. **In the alternative, Movants should be permitted to participate as *amicus curiae*.**

Contrary to the Trustee's argument, *amici* do not always have to be entirely neutral; their potential interest in the case is merely "a factor to consider in deciding whether to allow

5

participation." *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).  *Amicus curiae* briefs serve the function, among others, of "provid[ing] supplementary assistance to existing counsel and insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991).  *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.) (allowing intervention of individual with a pecuniary interest in the proceedings, noting that federal rules "require[] that an *amicus* have an 'interest' in the case" and the argument "that an *amicus* must be 'impartial' is difficult to square with this requirement").

The cases cited by the Trustee are easily distinguished.  In some, in stark contrast to Movants' brief, the briefs offered by the proposed *amici* provided no new arguments or perspectives to the Court.  See *Gotti*, 755 F. Supp. at 1158 (submission adhered closely to defendants' brief, and was even deficient in comparison); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) ("the additional memorandum of law would not aid this Court's evaluation of defendant's motion").

Here, Movants will provide the Court with arguments on the question of standing that other parties have not yet made, or not yet elected not to make.  This alone is sufficient for *amicus* status, as the briefing will provide the Court with useful perspective on the issue.  *See United States v. El-Gabrowny,* 844 F. Supp. 955, 957 n. 1 (S.D.N.Y 1994) (*amicus* briefs are allowed when they are of aid to the court and offer new insights).  The Court has broad discretion to allow the filing of an *amicus* brief.  *See Concerned Area Residents for the Environment v. Southview Farm*, 834 F.Supp. 1410, 1413 (W.D.N.Y. 1993). If permissive

6

intervention is denied, the Court should exercise that discretion to allow Movants to present their arguments as *amicus curiae*.

### III.  CONCLUSION

Movants request that the motion to intervene be granted.  In the alternative, Movants request leave to file the attached brief as *amici*, and to have one or more of the undersigned counsel present oral argument in that capacity at the hearing on the issue.

Dated:  April 4, 2014

>Respectfully submitted,
>
>K&L GATES LLP
>
>By:     /s/ Richard A. Kirby
>       Richard A. Kirby
>       Laura K. Clinton
>       1601 K Street NW
>       Washington, DC 20006-1600
>       Tel:  (202) 778-9000
>       Fax:  (202) 778-9100
>
>*Attorneys for James Lowrey, United Congregations Mesora, and other defendants in other adversary proceedings*
>
>BRYAN CAVE LLP
>
>By:     /s/ Thomas J. Schell
>       Thomas J. Schell
>       Eric Rieder
>       1290 Avenue of the Americas
>       New York, New York  10019
>       Tel: (212) 541-2000
>       Fax: (212) 541-1462
>       tjschell@bryancave.com
>
>*Attorneys for The Estate of Sarah E. Pearce, Norton S. Rosensweig, Linda Rosensweig, David B. Pearce, Jonathan P. Rosensweig, Julie Schwartz, Laurie Blank, and other defendants in other adversary proceedings*

DENTONS US LLP

By: ___/s/ Carole Neville___
    Carole Neville
    Claude D. Montgomery
    1221 Avenue of the Americas
    New York New York 10020
    Tel: (212) 768-6700
    Fax: (212) 768-6800
    carole.neville@dentons.com

*Attorneys for Harold Hein, James Grieff, and other defendants in other adversary proceedings*

PRYOR CASHMAN LLP

By: ___/s/ Richard Levy, Jr.___
    Richard Levy, Jr.
    David C. Rose
    7 Times Square
    New York, New York 10036
    Tel: (212) 421-4100
    Fax: (212) 326-0806
    rlevy@pryorcashman.com
    drose@pryorcashman.com

*Attorneys for Kara Fishbein Goldman, Steven Goldman, and other defendants in other adversary proceedings*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:   /s/ Philip Bentley
    Philip Bentley
    Elise S. Frejka
    Jason S. Rappaport
    1177 Avenue of the Americas
    New York, New York 10036
    Tel: (212) 715-9100
    Fax: (212) 715-8000

*Attorneys for Agas Company L.P., Michael Goldstein, Indian Wells Partnership, LTD., Margaret and Richard Lipmanson Foundation, Branch Family Development, LLC, and other defendants in other adversary proceedings*


LOEB & LOEB LLP

By:   /s/ Daniel B. Besikof
    P. Gregory Schwed
    Daniel B. Besikof
    345 Park Avenue
    New York, New York  10154
    Tel:  (212) 407-4000
    Fax:  (212) 407-4990
    gschwed@loeb.com
    dbesikof@loeb.com

*Attorneys for Kenneth L. Evenstad Revocable Trust u/a/d May 2, 2000, MBE Preferred Limited Partnership, and other defendants in other adversary proceedings*

9