Page 1

```
 1  UNITED STATES BANKRUPTCY COURT
 2  SOUTHERN DISTRICT OF NEW YORK
 3  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 4  In the Matter of:
 5  SECURITIES INVESTOR PROTECTION
 6  COMPANY,
 7              Plaintiff,
 8         v.                          Case No. 08-01789(SMB)
 9  BERNARD L. MADOFF INVESTMENT
10  SECURITIES, LLC, ET AL.,
11              Defendants.
12  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
13  PICARD,
14              Plaintiff,
15         v.                          Adv. Case No. 09-01161(SMB)
16  KINGATE GLOBAL FUND, LTD.,
17  ET AL.,
18              Defendants.
19  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
20
21
22                     U.S. Bankruptcy Court
23                     One Bowling Green
24                     New York, New York
25
```

1                    March 13, 2014

2                       10:42 AM

6   B E F O R E :

7   HON STUART M. BERNSTEIN

8   U.S. BANKRUPTCY JUDGE

12  Hearing re:  Motion to Amend/Notice of Motion for Entry of

13  Order Pursuant to Rule 15 of the Federal Rules of Civil

14  Procedure as Incorporated by Rule 7015 of the Federal Rules

15  of Bankruptcy Procedure, Granting Motion for Leave to File

16  Fourth Amended Complaint

18  Hearing re:  (96) Motion for leave to file fourth amended

19  complaint

25  Transcribed by:  Dawn South

```
 1  A P P E A R A N C E S :
 2  BAKER HOSTETLER
 3       Attorney for the Trustee
 4       45 Rockefeller Plaza
 5       New York, NY 10111
 6
 7  BY:  GERALDINE E. PONTO, ESQ.
 8
 9  QUINN EMANUEL URQUHART & SULLIVAN, LLP
10       Attorney for Kingate, et al.
11       51 Madison Avenue
12       22nd Floor
13       New York, NY 10010
14
15  BY:  ROBERT S. LOIGMAN, ESQ.
16
17
18
19
20
21
22
23
24
25
```

1                    P R O C E E D I N G S
2              THE COURT:  Madoff.  Now is Madoff.
3         (Pause)
4              THE COURT:  Who represents the trustee?
5              MS. PONTO:  Good morning, Your Honor, Geraldine
6    Ponto, Baker & Hostetler representing the SIPA Trustee.
7              THE COURT:  Okay.
8              MR. LOIGMAN:  Good morning, Your Honor, Robert
9    Loigman of Quinn Emanuel, we represent the joint liquidators
10   of the Kingate Global Fund and the Kingate Euro Fund.
11             THE COURT:  Okay.  Go ahead.
12             MS. PONTO:  Good morning again, Your Honor.
13             This is the trustee's motion for leave to amend
14   the third amended complaint and to file a fourth amended
15   complaint.
16             The standard -- the authority for our motion is
17   Rule 7015(a)(2), leave to amend under the applicable
18   standard shall be freely given when justice so requires.
19   It's within this Court's discretion.
20             Your Honor, we -- in our motion -- it's
21   uncontested by the way -- so we certainly have argued that
22   with respect to the timing of the motion, the posture of the
23   procedural history in this case, the trustee's good faith,
24   the lack on prejudice to any of the multiple defendants, and
25   the fact that the claims that we've alleged are not futile

Page 5

1  and are indeed valid --

2          THE COURT: Uh-huh.

3          MS. PONTO: -- all of those factors inure in favor

4  of granting us leave to file the fourth amended complaint.

5          THE COURT: Is there any objection to the motion?

6          MR. LOIGMAN: No, Your Honor, we came today just

7  to speak to one related issue.

8          THE COURT: All right. Well since there's no

9  objection and since leave to amend should be freely granted

10 and there does not appear to be any prejudice I'll grant the

11 motion.

12         When are you going to file and serve your amended

13 complaint?

14         MS. PONTO: Your Honor, we don't think we have to

15 serve it again. We're filing it today.

16         THE COURT: Is it attached to your motion?

17         MS. PONTO: Yes, it was.

18         THE COURT: Okay.

19         MS. PONTO: Your Honor, we're going to file though

20 separate docket entry today.

21         THE COURT: All right. Submit an order granting

22 the motion.

23         MS. PONTO: Will do.

24         THE COURT: What is the other matter?

25         MR. LOIGMAN: Good morning, Your Honor. As I

1   mentioned, Robert Loigman, we represent the court-appointed
2   joint liquidators of the Kingate Euro Fund and the Kingate
3   Global Fund.  So like Ms. Ponto we represent court-appointed
4   officials that are overseas.
5           THE COURT:  Where is that -- is that a main
6   proceeding pending somewhere else?
7           MR. LOIGMAN:  It's a main proceeding pending in
8   BVI.
9           THE COURT:  BVI, okay.
10          MR. LOIGMAN:  Actually two proceedings, because
11  they're two separate legal entities.  And the only reason --
12  we, as Ms. Ponto pointed out, did not object to the filing
13  of the complaint nor did any of the other defendants.  There
14  are several other defendants in this case.
15          We really only came here today to raise one issue.
16  A number of issues in the -- in the complaint have been
17  withdrawn to the District Court and are now before Judge
18  Rakoff.
19          THE COURT:  Which ones?
20          MR. LOIGMAN:  Well two issues in particular.  One
21  has to do with the extraterritorial application of certain
22  of the -- well the -- all that is at issue here under
23  Morrison versus --
24          THE COURT:  Uh-huh.
25          MR. LOIGMAN:  -- National Australia Bank, that's

1   not one that's of particular concern to my client but is to
2   other clients -- to other defendants in this case.
3           The issue that is of more direct concern to my
4   client is the withdrawal of the determination of the good
5   faith standard under Section 548(c), and that --
6           THE COURT:  Is your -- are your -- underlying
7   debtors feeder funds?
8           MR. LOIGMAN:  Yes.
9           THE COURT:  And it's alleged that they had
10  knowledge of the Ponzi scheme?
11          MR. LOIGMAN:  That's what the trustee is alleging.
12          THE COURT:  Well, I understand that.
13          MR. LOIGMAN:  Right.  So -- and just to be clear
14  on the record.
15          THE COURT:  So what's the issue before Judge
16  Rakoff?  I thought he decided that.  I know it's in the
17  Second Circuit now.
18          MR. LOIGMAN:  No -- well there's different issues.
19  What's before the Second Circuit right now had to do with
20  the application of Section 546(e), and Judge Rakoff decided
21  -- there were two cases as to 546(e).
22          One case, the Grieve (ph) case, which was before
23  the Second Circuit, was the holding that 546(c) applies in
24  the context of this SIPA proceeding.
25          There was a separate essentially companion case,

1   because he split it into two parts, where if the trustee
2   alleged that the defendants had acted without good faith the
3   question was would 546(e) still apply in those cases?  And
4   in that --
5            THE COURT:  If the circuit reverses on the 546(e)
6   issue that second issue goes away though.
7            MR. LOIGMAN:  Yes, but that second issue has been
8   decided.  That's not what I'm raising.  That second issue
9   Judge Rakoff has said, Section 546(e) will still apply
10  unless the trustee has alleged actual knowledge that Madoff
11  was not trading securities.
12            THE COURT:  Right.
13            MR. LOIGMAN:  Separately there are avoidance
14  claims, including, for example, the actual fraudulent
15  transfer claim, that would continue even if 546(e) applied.
16  And so then there's going to be an issue about the
17  defendants' good faith with respect to those transfers that
18  are being challenged.
19            A number of defendants -- probably hundreds of
20  defendants raised the issue about whether SIPA affects the
21  standard for determining a defendant's good faith.
22            THE COURT:  Is that before Judge Rakoff?
23            MR. LOIGMAN:  And that is before Judge Rakoff, and
24  that's what Judge Rakoff defined as the so-called, and this
25  is a defined term, good faith standard issues, and he issued

1   an order withdrawing those issues and saying, as he did with

2   respect to his other orders, that the procedures set forth

3   in his order is the sole and exclusive procedures for

4   determination of the good faith standard issues and that the

5   issues would be decided by his court.

6          And so the only issue that we raise here today is

7   what's going to be happening is briefing on motions

8   (indiscernible - 00:44:05) most likely with respect to the

9   complaint, it makes sense to wait until Judge Rakoff rules

10  on what the good faith standard would be.

11         THE COURT: Uh-huh.

12         MR. LOIGMAN: And we raised that with the trustee

13  both before this motion for leave was filed and more

14  recently leading up to today's hearing.

15         The response from the trustee has been, okay, with

16  respect to the Morrison issue, which was the other issue I

17  mentioned before, they understand that issue is out there

18  and so they won't make responses to this complaint due until

19  20 days after Judge Rakoff issues a decision on Morrison,

20  and to me that seems like a fair compromise to be efficient

21  so we don't -- and what we said is, okay, that's fine,

22  that's not our client's issue, will you do the same thing

23  with respect to the good faith standard, and the trustee has

24  responded that they will not extend the time.

25         Now it may be moot, for example, if the good faith

Page 10

1  standard is decided before Morrison.  No one knows the order
2  in which Judge Rakoff is going issue his decisions.  But if
3  that issue hasn't been decided yet we think it makes sense
4  just to wait until the issue is decided so everybody knows
5  what the appropriate standard is when they're briefing to
6  this Court.
7          And the response from the trustee -- and I don't
8  want to mischaracterize the response in any way, so
9  Ms. Ponto can correct me if I misstate it -- but it's
10 basically, well, Judge Rakoff has already decided 546(e) and
11 applied that standard that we discussed a few minutes ago.
12 I said are they conceding that standard would apply to
13 546(c), and Mr. Sheehan, who works with Ms. Ponto, of course
14 responding no, their not conceding that in any way, but
15 so --
16          THE COURT:  He implied an actual knowledge, a
17 subjective actual knowledge standard?
18          MR. LOIGMAN:  He -- Judge Rakoff applied actual
19 knowledge standard and he was very specific about what he
20 meant actual.  It had to be actual knowledge, so not willful
21 blindness, that would not constitute actual knowledge, and
22 he said have the actual knowledge that Madoff was not
23 engaging in securities transactions.
24          THE COURT:  Okay.  Is that alleged in the fourth
25 amended complaint?

```
                                                              Page 11
 1              MR. LOIGMAN:  I think it depends on who you ask.
 2    We don't think it's --
 3              THE COURT:  I understand that, but --
 4              MR. LOIGMAN:  I -- in my view that is not
 5    sufficiently alleged in the fourth amended complaint.  I
 6    think the trustee would beg to differ with that.
 7              THE COURT:  But then, you know, if Judge Rakoff
 8    decides that -- favorably to you, if that's the right way to
 9    put it --
10              MR. LOIGMAN:  Right.
11              THE COURT:  -- you can make a motion to dismiss
12    those counts I suppose, you're going to make a motion any
13    way.
14              MR. LOIGMAN:  We are going to be making a motion
15    in any event --
16              THE COURT:  Right.
17              MR. LOIGMAN:  -- as Your Honor points out, and so
18    -- but we --
19              THE COURT:  So you don't want to be compelled to
20    make the motion before Judge Rakoff decides these cases and
21    maybe the Second Circuit also.
22              MR. LOIGMAN:  Yeah, to me that just seems like the
23    efficient way of doing things, and in particular because
24    he's made it clear that his court is the one to decide this
25    particular issue.
```

1        THE COURT: All right. It doesn't sound like

2    something that has to be asked -- answered today, because

3    your issue may be decided before the Morrison -- I mean the

4    extraterritorial reality issue is --

5        MR. LOIGMAN: That's --

6        THE COURT: -- but if it turns out that you're

7    compelled to file an answer and you can't agree on that you

8    can raise it in a letter or in a motion for an extension of

9    time to moot her answer I suppose.

10       MR. LOIGMAN: Sure, we could always come back to

11   raise that, Your Honor.

12       THE COURT: Right.

13       MR. LOIGMAN: Really just --

14       THE COURT: It just doesn't sound like it's an

15   issue right now.

16       MR. LOIGMAN: Right, and may prove to be entirely

17   moot. I just wanted to flag the issue, Your Honor.

18       THE COURT: Because that issue is raised in

19   motions before me now with Merkin I think.

20       MR. LOIGMAN: That issue, it was -- it is fully

21   raised before Judge Rakoff was argued in --

22       THE COURT: No, I have a motion to dismiss.

23       MR. LOIGMAN: Yeah, it's -- it shouldn't be in

24   front of you right now on that standard at least.

25       THE COURT: Okay.

1          MR. LOIGMAN:  Thank you, Your Honor.

2          THE COURT:  Thank you.

3          MS. PONTO:  Thank you, Your Honor.

4          Your Honor, if I may I just would like to refer

5   the Court to -- Mr. Loigman made some statements about Judge

6   Rakoff's rulings and I would just refer to Court to the

7   actual decision that Judge Rakoff rendered.

8          THE COURT:  Is this Katz (ph)?

9          MS. PONTO:  No this is in the matter -- there was

10  a common briefing -- this is in the matter of 546(e) because

11  I disagree with some of the statements and the standards

12  that Judge Rakoff said --

13         THE COURT:  We really don't have to argue that

14  today.  It's not going to be resolved today, it will be

15  resolved at some point, but for present purposes your motion

16  is granted, submit an order.

17         MS. PONTO:  Thank you, Your Honor.

18         THE COURT:  Thank you.

19         MR. LOIGMAN:  Thank you, Your Honor.

20      (Whereupon these proceedings were concluded at 10:53

21  AM)

22

23

24

25

Page 14

1                              I N D E X

2

3                              RULINGS

4                                                      Page      Line

5   Motion to Amend/Notice of Motion for Entry

6   of Order Pursuant to Rule 15 of the Federal

7   Rules of Civil Procedure as Incorporated by

8   Rule 7015 of the Federal Rules of Bankruptcy

9   Procedure, Granting Motion for Leave to File

10  Fourth Amended Complaint                             5         8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1           C E R T I F I C A T I O N

2

3    I, Dawn South, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5
    **Dawn**    Digitally signed by Dawn South
6   **South**   DN: cn=Dawn South, o, ou,
                email=digital1@veritext.com,
                c=US
7               Date: 2014.04.01 17:11:35 -04'00'

8    AAERT Certified Electronic Transcriber CET**D-408

9

10   Veritext

11   330 Old Country Road

12   Suite 300

13   Mineola, NY 11501

14

15   Date:  March 14, 2014

16

17

18

19

20

21

22

23

24

25