Todd E. Duffy  **Presentment Date: April 16, 2014 at 12:00 noon (Eastern Time)**
Douglas A. Amedeo  **Objection Deadline: April 15, 2014 at 5:00 p.m. (Eastern Time)**
DUFFYAMEDEO LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001
Telephone: (212) 729-5832
Email: tduffy@duffyamedeo.com
damedeo@duffyamedeo.com
*Attorneys for Alpha Prime Fund Ltd. and Senator Fund Ltd.*

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK PLC, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-1364 (SMB) |

**NOTICE OF SETTLEMENT OF ORDER GRANTING MOTION OF DEFENDANTS ALPHA PRIME
FUND LIMITED AND SENATOR FUND SPC FOR AN ORDER PURSUANT TO SECTION 105(A)
OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 AUTHORIZING ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES**

**PLEASE TAKE NOTICE** that Alpha Prime Fund Ltd and Senator Fund SPC will settle the

attached order (the "Order") pursuant to Rule 9074-1 of the Local Bankruptcy Rules of the United States

Bankruptcy Court of the Southern District of New York granting the Motion of Defendants Alpha Prime

Fund Limited and Senator Fund SPC for an Order Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 Authorizing Alternative Dispute Resolution Procedures (the "**Motion**");

**PLEASE TAKE FURTHER NOTICE** that the form of Order will be presented to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, for signature on April 16, 2014 at 12:00 noon (prevailing Eastern Time), or, in the event of an objection, as soon thereafter as counsel may be heard;

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed form of Order, are due on April 15, at 5:00 p.m. (prevailing Eastern Time);

**PLEASE TAKE FURTHER NOTICE** that annexed hereto as **Exhibit "A"** is a form of proposed order granting the relief requested in the Motion;

**PLEASE TAKE FURTHER NOTICE** that annexed hereto as **Exhibit "B"** is a blackline comparison of the Order showing changes to the form of order that was filed with the Motion.

Dated: New York, New York
       April 11, 2014

**DUFFYAMEDEO LLP**

By: */s/ Todd E. Duffy*
    Todd E. Duffy
    Douglas A. Amedeo
275 Seventh Avenue, 7th Floor
New York, NY 10001
Telephone: (212) 729-5832
Email: tduffy@duffyamedeo.com
       damedeo@duffyamedeo.com
*Attorneys for Alpha Prime Fund Ltd and Senator Fund Ltd.*

2

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br>    Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>HSBC BANK PLC, *et al.*,<br><br>    Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**ORDER GRANTING MOTION OF DEFENDANTS ALPHA PRIME FUND LIMITED AND SENATOR FUND SPC FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

  Upon the motion dated February 24, 2014 of Alpha Prime Fund Ltd. and Senator Fund SPC for an Order Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 Authorizing Alternative Dispute Resolution Procedures (the "**Motion**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on April 9, 2014 (the "**Hearing**"); and upon the record of the Hearing; and the Court having considered objections to

the Motion; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Alpha Prime Fund Ltd ("**Alpha Prime**") and Senator Fund SPC ("**Senator Fund**" and collectively, with Alpha Prime, the "**Defendants**") as defendants, and Irving H. Picard as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "**Trustee**"), by and through their respective counsel, shall submit to mediation ("Mediation") consistent with the Court's General Order M-390 Amending and Restating Adopted Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings dated December 1, 2009, and any amendments thereto, on the issues presented in this action; and it is further

ORDERED that within seven (7) calendar days after the entry of this Order, the parties shall choose a mediator (the "**Mediator**") in accordance with the Court's direction during the Hearing; and it is further

ORDERED that if the parties are unable to agree on a Mediator, counsel to the Defendants shall so notify the Court by letter and the Court shall appoint the Mediator; and it is further

ORDERED that the Mediation be conducted by the Mediator, at a location to be determined by the Mediator, commenced on a date to be determined by the Mediator, and to be continued on additional day(s) to be agreed upon by the Parties and Mediator; and it is further

ORDERED that, in light of the Parties' disagreement on the need for discovery in connection with the Mediation, any dispute concerning the need for, or scope of, discovery shall be submitted to the Mediator for determination; and it is further

ORDERED that no party shall be bound by anything said or done during the Mediation, unless a party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediator and the other Parties; and it is further

ORDERED that the mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such negotiations from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, that a party or its employee or other agents make during the Mediation are confidential and are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be discoverable or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. Evidence otherwise discoverable or admissible is not excluded from discovery or admission in evidence simply as a result of having been used in connection with the Mediation process; and it is further

ORDERED that the Mediator and his/her agents shall have immunity consistent with §6.0 of the General Order # M-452, amending and reinstating General Orders M-143, M-211 and M-390, Re: Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/ Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, § 6.0 (Bankr. S.D.N.Y. June 28, 2013), and from compulsory process to testify or produce documents in connection with the Mediation; and it is further

3

ORDERED that the parties: (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator; and it is further

ORDERED that the Mediation will be conducted in the following matter:

a. At least **ten (10) calendar days** prior to the Mediation Date, each party must provide the Mediator, in confidence, a concise statement that includes:

- The relevant facts;
- An analysis of the applicable law;
- Strengths of the case;
- Weaknesses of the case;
- The procedural posture of the action; and
- The status of settlement negotiations to date.

b. A designated representative of Alpha Prime, Senator Fund, and the Trustee, **with full and final settlement authority, must attend in person**.

c. Alpha Prime, Senator Fund and the Trustee must be prepared to mediate in good faith and exchange offers at the Mediation;

and it is further

ORDERED that Defendants shall pay 50% of the costs of the Mediation and the Trustee shall pay 50% of the costs of the Mediation.

Dated: New York, New York
    April __, 2014                                              _____

4

Stuart M. Bernstein
United States Bankruptcy Judge

5

# EXHIBIT B

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　　Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HSBC BANK PLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 09-01364 (SMB) |

UNITED STATES BANKRUTPCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re:
BERNARD L. MADOFF INVESTMENT SECURITIES LLC,
　　　　　　　　　Debtor.

IRVING H. PICARD , Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

　　　　　　　　　Plaintiff,

　　v.

HSBC BANK PLC, *et al.*,
　　　　　　　　　Defendants.

~~Adv. Pro. No. 08-01789 (SMB) SIPA LIQUIDATION~~

~~(Substantively Consolidated) Adv. Pro. No. 09-01364 (SMB)~~

~~**ORDER GRANTING MOTION OF DEFENDANTS ALPHA PRIME FUND LIMITED AND SENATOR FUND SPC FOR AN ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**~~

~~Upon the motion dated February 24, 2014, of Alpha Prime Fund Ltd. and Senator Fund Ltd. for an Order Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 Authorizing Alternative Dispute Resolution Procedures (the "**Motion**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28~~

**ORDER GRANTING MOTION OF DEFENDANTS ALPHA PRIME FUND LIMITED AND SENATOR FUND SPC FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

~~U.S.C.~~ Upon the motion dated February 24, 2014 of Alpha Prime Fund Ltd. and Senator Fund SPC for an Order Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 Authorizing Alternative Dispute Resolution Procedures (the "**Motion**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion ~~(the "**Hearing**");~~

on April 9, 2014 (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having considered objections to the Motion, if any; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that mediation will be conducted among Alpha Prime Fund Ltd ("**Alpha Prime**") and Senator Fund Ltd.SPC ("**Senator Fund**" and collectively, with Alpha Prime, the "**Defendants**") as defendants, and Irving H. Picard as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "**Trustee**") on a date to be determined by the mediator, by and through their respective counsel, shall submit to mediation ("Mediation") consistent with the Court's General Order M-390 Amending and Restating Adopted Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings dated December 1, 2009, and any amendments thereto, on the issues presented in this action; and it is further

appointed below (the "**Mediation Date**"); and it is further

ORDERED that the appointed within seven (7) calendar days after the entry of this Order, the parties shall choose a mediator will be ___ (the "**Mediator**") in accordance with the Court's direction during the Hearing; and it is further

further

ORDERED that if the parties are unable to agree on a Mediator, counsel to the Defendants shall so notify the Court by letter and the Court shall appoint the Mediator; and it is further

ORDERED that the Mediation be conducted by the Mediator, at a location to be determined by the Mediator, commenced on a date to be determined by the Mediator, and to be

3

<ins>continued on additional day(s) to be agreed upon by the Parties and Mediator; and it is further</ins>

<ins>ORDERED that, in light of the Parties' disagreement on the need for discovery in connection with the Mediation, any dispute concerning the need for, or scope of, discovery shall be submitted to the Mediator for determination; and it is further</ins>

ORDERED that no party shall be bound by anything said or done during the Mediation, unless ~~either~~<ins>a party voluntarily agrees to be so bound by</ins> a written and signed stipulation ~~is entered into or the parties enter into a written and  signed agreement; and it is further~~<ins></ins>~~ORDERED that information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure~~<ins>submitted to the Mediator and the other Parties</ins>; and it is further

ORDERED that the mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such ~~conferences~~<ins>negotiations</ins> from later discovery or use in evidence.  The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record.  All communications, oral or written, ~~made~~<ins>that a party or its employee or other agents make</ins> during the Mediation ~~by any party or a party's agent,  employee, or attorney~~ are confidential and~~, where appropriate,~~ are to be considered work product and privileged.  Such communications, statements, promises, offers, views and opinions shall not be ~~subject to any discovery~~<ins>discoverable</ins> or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties.  ~~Provided, however, that evidence~~<ins>Evidence</ins> otherwise ~~subject to discovery~~<ins>discoverable</ins> or admissible is not excluded from discovery or admission in evidence simply as a result of ~~it~~ having been used in connection with ~~this mediation~~<ins>the Mediation</ins> process; and it is further

ORDERED that the Mediator and his/her agents shall have ~~the same immunity as judges  and~~

4

~~court employees have under the Federal law and the common law from liability for any act or omission in connection with the Mediation~~<ins>immunity consistent with §6.0 of the General Order # M-452, amending and reinstating General Orders M-143, M-211 and M-390, Re: Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/ Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, § 6.0 (Bankr. S.D.N.Y. June 28, 2013)</ins>, and from compulsory process to testify or produce documents in connection with the Mediation; and it is further

ORDERED that the parties: (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions ~~which~~<ins>that</ins> the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator ~~in the court of or~~ in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator; and it is further

ORDERED that ~~all parties are required to attend at least one session and as many sessions thereafter as may be helpful in resolving this dispute; and it is further~~ORDERED that ~~mediation~~<ins>the Mediation</ins> will be conducted in the following matter:

   a. ~~Each~~<ins>At least **ten (10) calendar days** prior to the Mediation Date</ins>, each party must provide the Mediator, in confidence, a concise statement ~~of the legal issues and the evidence the party expects to produce at trial at~~ <ins>least</ins> **~~ten (10) calendar days~~** ~~prior to the Mediation Date.~~<ins>that includes:</ins>

   b. ~~The statements should also contain a brief discussion of the following:~~
   - The relevant facts;
   - ~~Analysis~~<ins>An analysis</ins> of the applicable law;
   - ~~Strengths of the case;~~

5

- Weaknesses of the case;

- ~~Identification of any pending motion; and~~<ins>The procedural posture of the action; and</ins>

- ~~Status~~<ins>The status</ins> of settlement negotiations to date.

b. ~~c.~~ <ins>A designated representative of</ins> Alpha Prime, Senator Fund<ins>,</ins> and the Trustee~~, through a designated representative,~~ ~~other than counsel of record~~, **with full and final settlement authority**<ins>,</ins> **must attend in person**.

c. ~~d.~~ Alpha Prime, Senator Fund and the Trustee must be prepared to ~~engage~~<ins>mediate</ins> in good- faith ~~negotiations~~ and exchange offers ~~and counter offers~~ at the Mediation;

and it is further

ORDERED that Defendants shall pay 50% of the costs of the Mediation and ~~Plaintiff~~the Trustee shall pay 50% of the costs of the Mediation.

Dated: New York, New York ~~March~~ April __, 2014 _____

                                                                                    _____
                                                                                          Stuart M. Bernstein
                                                                               United States Bankruptcy Judge

Document comparison by Workshare Compare on Friday, April 11, 2014 11:48:54 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:/Users/Todd/SkyDrive/Alpha Prime Fund/Order Motion to Compel Mediation.docx |
| Description | Order Motion to Compel Mediation |
| Document 2 ID | file://C:/Users/Todd/SkyDrive/Alpha Prime Fund/Order, Motion to Compel Mediation FINAL.docx |
| Description | Order, Motion to Compel Mediation FINAL |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 60 |
| Deletions | 63 |
| Moved from | 6 |
| Moved to | 6 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 135 |