UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HSBC BANK PLC, *et al.*,<br><br>　　　　　Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**ORDER GRANTING MOTION OF DEFENDANTS ALPHA PRIME FUND LIMITED AND SENATOR FUND SPC FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

Upon the motion dated February 24, 2014 of Alpha Prime Fund Ltd. and Senator Fund SPC for an Order Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 Authorizing Alternative Dispute Resolution Procedures (the "**Motion**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on April 9, 2014 (the "**Hearing**"); and upon the record of the Hearing; and the Court having considered objections to

the Motion; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Alpha Prime Fund Ltd ("**Alpha Prime**") and Senator Fund SPC ("**Senator Fund**" and collectively, with Alpha Prime, the "**Defendants**") as defendants, and Irving H. Picard as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "**Trustee**"), by and through their respective counsel, shall submit to mediation ("Mediation") consistent with the Court's General Order M-390 Amending and Restating Adopted Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings dated December 1, 2009, and any amendments thereto, on the issues presented in this action; and it is further

ORDERED that within seven (7) calendar days after the entry of this Order, the parties shall choose a mediator (the "**Mediator**") in accordance with the Court's direction during the Hearing; and it is further

ORDERED that if the parties are unable to agree on a Mediator, counsel to the Defendants shall so notify the Court by letter and the Court shall appoint the Mediator; and it is further

ORDERED that the Mediation be conducted by the Mediator, at a location to be determined by the Mediator, commenced on a date to be determined by the Mediator, and to be continued on additional day(s) to be agreed upon by the Parties and Mediator; and it is further

2

ORDERED that, in light of the Parties' disagreement on the need for discovery in connection with the Mediation, any dispute concerning the need for, or scope of, discovery shall be submitted to the Mediator for determination; and it is further

ORDERED that no party shall be bound by anything said or done during the Mediation, unless a party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediator and the other Parties; and it is further

ORDERED that the mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such negotiations from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, that a party or its employee or other agents make during the Mediation are confidential and are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be discoverable or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. Evidence otherwise discoverable or admissible is not excluded from discovery or admission in evidence simply as a result of having been used in connection with the Mediation process; and it is further

ORDERED that the Mediator and his/her agents shall have immunity consistent with §6.0 of the General Order # M-452, amending and reinstating General Orders M-143, M-211 and M-390, Re: Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/ Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, § 6.0 (Bankr. S.D.N.Y. June 28, 2013), and from compulsory process to testify or produce documents in connection with the Mediation; and it is further

ORDERED that the parties: (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator; and it is further

ORDERED that the Mediation will be conducted in the following matter:

a. At least **ten (10) calendar days** prior to the Mediation Date, each party must provide the Mediator, in confidence, a concise statement that includes:

- The relevant facts;
- An analysis of the applicable law;
- Strengths of the case;
- Weaknesses of the case;
- The procedural posture of the action; and
- The status of settlement negotiations to date.

b. A designated representative of Alpha Prime, Senator Fund, and the Trustee, **with full and final settlement authority, must attend in person**.

c. Alpha Prime, Senator Fund and the Trustee must be prepared to mediate in good faith and exchange offers at the Mediation;

and it is further

4

ORDERED that Defendants shall pay 50% of the costs of the Mediation and the Trustee shall pay 50% of the costs of the Mediation.

Dated: New York, New York
April 14th, 2014

/s/ STUART M. BERNSTEIN
Stuart M. Bernstein
United States Bankruptcy Judge