DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>- against -<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>- against -<br><br>EPIC VENTURES, LLC and ERIC P. STEIN, individually, and as Managing Member of EPIC VENTURES, LLC,<br><br>Defendants. | Adv. Pro. No.10-04466 (SMB)<br><br><br><br>ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES<br><br>JURY TRIAL DEMANDED |

Defendants Epic Ventures, LLC and Eric P. Stein, individually, and as Managing Member of Epic Ventures, LLC, by and through their undersigned counsel, submit this Answer and Affirmative Defenses to the Complaint dated November 19, 2010 (the "Complaint") filed by

Irving Picard ("Plaintiff" or "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") as follows: To the extent any allegation is not specifically admitted, it is expressly denied. No response is required to the various headings or subheadings throughout the Complaint. To the extent that responses are required to the various headings or subheadings, however, all are denied.

1. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies the allegations set forth in Paragraph 1. Defendants admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refer the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein. Defendants expressly deny that this adversary arises from a Ponzi scheme and that it or they received an avoidable transfer from BLMIS.

2. Paragraph 2 consists of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants expressly deny the allegations in Paragraph 2 of the Complaint. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern district of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

3. Defendants admit that Plaintiff purports to have brought this action under 15 U.S.C. §§78 fff(b),78 fff-1(a),78 fff-2(c) and 78 fff-2(c)(3), section 105(a), 544, 548(a), 550 and

551 of title 11 of the United states Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act New York Debtor and Creditor Law §270 et seq. (McKinney 2001) ("DCL"), and other applicable law, but deny that Plaintiff is entitled to any relief against the Defendant pursuant to the cited provisions or otherwise.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern district of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

4.      Defendants admit that Plaintiff commenced this adversary proceeding "in the same Court before which the main SIPA proceeding, No. 08-01789 (BRL) is pending", but deny that the Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334, 15 U.S.C. §§78 eeee(b)(2)(A).  The remaining allegations of Paragraph 4 consist of legal conclusion and/or arguments as to which no response is required.  Defendants respectfully refer this Court to the docket of proceedings in the United States District Court for an accurate account of the reference of this adversary proceeding.

5.      Paragraph 5 of the Complaint consists of legal conclusions and/or arguments as to which no answer is required.  To the extent an answer is required, Defendants deny the allegation contained in Paragraph 5.  Defendants do not consent to the entry of a final judgment by the Bankruptcy Court, and respectfully refer all questions of law to the appropriate court.

6.      Paragraph 6 of the Complaint consists of legal conclusions and/or arguments as to which no answer is required.  To the extent an answer is required, Defendants deny the allegation contained in Paragraph 6 and respectfully refer all questions of law to the appropriate court.

7. Epic Ventures, LLC admits the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint consists of legal conclusions and/or arguments as to which no answer is required. To the extent a response is required Defendant Eric P. Stein admits that he is the Managing Member of Epic Ventures.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 9 consists of a legal conclusion and/or arguments as to which no response is required.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and refer the Court to the referenced order for the complete contents therein.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and refer the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and refer the Court to the referenced order for the complete contents therein.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and refer the Court to the referenced orders for the complete contents therein.

14. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and refer the Court to the plea allocution for the complete contents therein.

15. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and refer the Court to the referenced Plea Allocutions for the complete contents therein.

16. Paragraph 16 of the Complaint consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and each sub part in Paragraph 19 of the Complaint.

20. Defendants admit that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC but Defendants deny knowledge and

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants admit that the account holder received monthly statements but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint. To the extent that Plaintiff relies on the Madoff's plea allocution for the allegations in Paragraph 23, Defendants refer the Court to the referenced plea allocution for the complete contents therein.

24. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations set forth in Paragraph 28 of the Complaint.

29. Defendants admits the account holder received monthly statements and received certain withdrawals from its account from BLMIS, but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint. Defendants further state that the allegations of Paragraph 29 include legal conclusions and/or characterizations as to which no response is required.

30. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and refer the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

33. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants admit that an account was maintained accounts at BLMIS but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint.

36. Defendant Epic Ventures admits that it made certain deposits into BLMIS and received certain withdrawals from BLMIS. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 38 of the Complaint. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern district of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

39. Paragraph 39 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not consist of any factual allegation for which a response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint does not consist of any factual allegation for which a response is required. To the extent that any response is required, Defendants denys all allegations set forth in Paragraph 42 of the Complaint.

43. Defendant admits that it submitted a customer claim on or about June 30, 2009 and lacks knowledge and information sufficient to form a belief as to the trust of the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations in Paragraph 44 of the Complaint.

45. Defendants deny information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint. To the extent a response is required, defendants refer the Court to the referenced Order for the complete contents therein.

46. Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

47. Paragraph 47 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 49 of the Complaint

50. Paragraph 50 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 50 of the Complaint

51. Paragraph 51 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 51 of the Complaint

52. Paragraph 52 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 52 of the Complaint

53. Paragraph 53 of the Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 55 of the Complaint. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York

dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

56.  Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

57.  Paragraph 57 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.  Paragraph 58 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 58 of the Complaint

59.  Paragraph 59 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 59 of the Complaint

60.  Paragraph 60 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendant denies the allegations set forth in Paragraph 60 of the Complaint

61.  Paragraph 61 of the Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendant denies the allegations set forth in Paragraph 61 of the Complaint. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern district of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek

avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

62. Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Complaint as if fully set forth herein.

63. Defendants admit that Epic Ventures filed a customer Claim in the SIPA proceeding.

64. Paragraph 64 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth the allegations set forth in Paragraph 65 of the Complaint.

AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. Defendants do not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendant.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  See Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.  Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action. Defendants further reserve all rights to amend or modify their Answer accordingly.  Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

These defenses are set forth cumulatively and in the alternative.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, inter alia, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendant could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendant were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and Defendants dos not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver, equitable estoppel and/or laches.

EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because BLMIS was not insolvent at the time of the transfers allegedly received by the Defendants and BLMIS did not become insolvent as a result of such transfers

TENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code. They are thus not avoidable or recoverable as against such Defendant under sections 548 and 550 of the Bankruptcy Code.

ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

TWELFTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, unclean hands or other related equitable defenses.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers or obligations that occurred prior to six years before the Filing Date.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly credit inter-account transfers.

### SIXTEENTH AFFIRMATIVE DEFENSE

The transfer is not avoidable because it was a substantially contemporaneous exchange of new value.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The transfer is not avoidable because it was made in the ordinary course of business in accordance with ordinary business terms.

### EIGHTEENTH DEFENSE

Even if the transfers were avoidable, the transfers may not be recovered as Defendants are not initial transferee of the transfers, entity for whose benefit the transfers were made, or immediate or mediate transferee of the transfers.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the Defendants.

TWENTIETH AFFIRMATIVE DEFENSE

Even if the Transfer was avoidable, the Transfer may not be recovered as the from the Defendants as the Defendants are not the initial transferees of the Transfers or entities for whose benefit the transfers were made.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Even if the Trustee would be entitled to the return of some or all of the transfer, he would not be not entitled to interest from the date of each alleged transfer.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's hold up of the adjudication and recovery on the Epic Ventures' claim violates the mandates of SIPA that require prompt adjudication and satisfaction of customer claims.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's hold up of the adjudication and recovery on the Epic Venture's claim violates section 502 of the Bankruptcy Code.

WHEREFORE, Defendants demand judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: April 16, 2014  
       New York, New York

DENTONS US LLP

By: /s/ Carole Neville  
Carole Neville  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 768-6700  
Facsimile: (212) 768-6800  
carole.neville@dentons.com

*Attorneys for Defendants*