PRYOR CASHMAN LLP
Richard Levy, Jr.
David C. Rose
Patrick Sibley
7 Times Square
New York, New York  10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
psibley@pryorcashman.com

*Attorneys for Defendant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION                          :
CORPORATION,                                            :      Adv. Pro. No. 08-1789 (SMB)
                                                        :
                Plaintiff-Applicant,                    :      SIPA LIQUIDATION
                                                        :
        - against -                                     :      (Substantively Consolidated)
                                                        :
BERNARD L. MADOFF INVESTMENT                            :
SECURITIES LLC,                                         :
                                                        :
                Defendant.                              :
---------------------------------------------------------------x
In re:                                                  :
                                                        :
BERNARD L. MADOFF,                                      :
                                                        :
                Debtor.                                 :
---------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation           :
of Bernard L. Madoff Investment Securities LLC,         :
                                                        :
                Plaintiff,                              :
                                                        :      Adv. Pro. No. 10-04494 (SMB)
        - against -                                     :
                                                        :      <u>JURY TRIAL DEMANDED</u>
SHARON A. RADDOCK,                                      :
                                                        :      ECF Case
                Defendant.                              :
---------------------------------------------------------------x

**<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Sharon A. Raddock ("Defendant"), by and through her attorneys, Pryor Cashman LLP, respectfully submits this Answer to the Amended Complaint (the "Complaint") filed by Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), as follows:[1]

## NATURE OF PROCEEDING

1. Defendant states that the allegations of paragraph 1 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and on that basis denies each and every allegation contained therein.

2. Defendant admits that she received certain transfers from, and made certain transfers to, her account at Madoff Securities during the six years prior to the Filing Date. Defendant further states that the remaining allegations of paragraph 2 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 2 of the Complaint and on that basis denies each and every allegation contained therein.

3. Defendant states that the allegations of paragraph 3 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

1

4. Defendant states that the allegations of paragraph 4 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and on that basis denies each and every allegation contained therein.

5. Defendant states that the allegations of paragraph 5 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and on that basis denies each and every allegation contained therein. Defendant further states that claims in this adversary proceeding are not core proceedings, and that the Bankruptcy Court lacks the constitutional and/or statutory power enter final judgment in this adversary proceeding. Defendant does not consent to the entry of final judgment by, or jury trial in, the Bankruptcy Court.

6. Defendant states that the allegations of paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and on that basis denies each and every allegation contained therein.

## **DEFENDANT**

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

## **BACKGROUND, THE TRUSTEE AND STANDING**

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action

2

against Bernard L. Madoff.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding..

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding, the criminal action against Bernard L. Madoff, and the SIPA Proceeding.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal proceeding against Bernard L. Madoff.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint that the Trustee is in the process of marshaling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well

underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years. As to all other allegations contained in paragraph 15 of the Complaint, Defendant states that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendant denies those allegations on information and belief.

16.     Defendant states that the allegations of paragraph 16 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint and on that basis denies each and every allegation contained therein.

17.     Defendant states that the allegations of paragraph 17 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and on that basis denies each and every allegation contained therein.

18.     Defendant states that the allegations of paragraph 18 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and on that basis denies each and every allegation contained therein.

**THE FRAUDULENT PONZI SCHEME**

19.     Defendant admits, on information and belief, that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 19

4

of the Complaint and on that basis denies each and every allegation contained therein.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis denies each and every allegation contained therein.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis denies each and every allegation contained therein.

22. Defendant admits that she received monthly statements and trading confirmation from Madoff Securities showing the securities that were held in, or had been traded through, her Account. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 22 of the Complaint and on that basis denies each and every allegation contained therein.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and on that basis denies each and every allegation contained therein.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis denies each and every allegation contained therein.

25. Defendant denies that any monies sent to Madoff Securities were used to enrich the Defendant or that Defendant had any knowledge of the Ponzi scheme, to the extent it existed. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25 of the Complaint and on that basis denies each and every allegation contained therein.

26. Defendant states that the allegations of paragraph 26 of the Complaint are legal

5

conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and on that basis denies each and every allegation contained therein.

27. Defendant admits that her Account received certain transfers from, and made certain transfers to, her account at Madoff Securities. Defendant is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 27 of the Complaint and on that basis denies each and every allegation contained therein.

28. Defendant admits that she received monthly statements from Madoff Securities. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Complaint and on that basis denies each and every allegation contained therein.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and on that basis denies each and every allegation contained therein.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis denies each and every allegation contained therein.

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and on that basis denies each and every allegation contained therein.

32. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and on that basis denies each and every allegation contained therein.

33. Defendant states that the allegations of paragraph 33 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis denies each and every allegation contained therein.

## THE ACCOUNT AGREEMENTS

34. Defendant admits that she maintained an account with Madoff Securities, and that she, upon information and belief, entered into certain account agreements with Madoff Securities, including, upon information and belief, a document entitled Customer Agreement, a document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options, and denies knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint, except admits that she made contributions to her account maintained at Madoff Securities. As to the truth of the remaining allegations contained in paragraph 35 of the Complaint, Defendant refers to the Account Agreements for their specific terms.

## THE OBLIGATIONS

36. Defendant states that the allegations of paragraph 36 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and on that basis denies each and every allegation contained therein.

37. Defendant states that the allegations of paragraph 37 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and on that basis denies each and every allegation contained therein.

38. Defendant states that the allegations of paragraph 38 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint and on that basis denies each and every allegation contained therein.

## THE TRANSFERS

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint, except admits that her Account received certain transfers from, and made certain transfers to, her account at Madoff Securities during the six years prior to the Filing Date.

40. Defendant states that the allegations of paragraph 40 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint and on that basis denies each and every allegation contained therein.

41. Defendant states that the allegations of paragraph 41 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 41 of the Complaint, except admits her Account received certain transfers from, and made certain transfers to, her account at Madoff Securities during the six year period prior to the Filing Date.

8

42. Defendant states that the allegations of paragraph 42 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 42 of the Complaint, except admits her Account received certain transfers from, and made certain transfers to, her account at Madoff Securities during the two year period prior to the Filing Date.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint. To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 43 of the Complaint.

44. Defendant states that the allegations of paragraph 44 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 44 of the Complaint.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

45. Defendant responds to paragraph 45 of the Complaint as she has responded to the allegations incorporated by reference therein.

46. Defendant states that the allegations of paragraph 46 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

47. Defendant states that the allegations of paragraph 47 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

48. Defendant states that the allegations of paragraph 48 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

49. Defendant states that the allegations of paragraph 49 of the Complaint are legal

9

conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

50. Defendant states that the allegations of paragraph 50 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

51. Defendant states that the allegations of paragraph 51 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT TWO
## FRAUDULENT TRANSFERS AND OBLIGATIONS – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

**Preliminary Note to Answer to Count Two**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

52. Defendant states that no answer is required to the allegations of paragraphs 52-61 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT THREE
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Three**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

62.     Defendant states that no answer is required to the allegations of paragraphs 62-66 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT FOUR
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Four**:  This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

67.     Defendant states that no answer is required to the allegations of paragraphs 67-72 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Five**:  This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

73.     Defendant states that no answer is required to the allegations of paragraphs 73-78 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Six**:  This count was dismissed in its entirety

pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

79. Defendant states that no answer is required to the allegations of paragraphs 79-84 of the Complaint by reason of the dismissal of this count in its entirety.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of her investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. Defendant does not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against Defendant.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) of the Bankruptcy Code. See Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101). In the event that subsequent legal developments further alter the

12

claims available to the Trustee, Defendant hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendant further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendant is similarly situated and may properly assert such defense.

Defendant reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendant could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendant were made with actual intent to hinder, delay or defraud creditors or customers of Madoff Securities.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury, but do not consent to such a trial in the Bankruptcy Court.

**FOURTH AFFIRMATIVE DEFENSE**

The Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amounts of transfers that he seeks to avoid.

**FIFTH AFFIRMATIVE DEFENSE**

The claims are not ripe for relief in whole or in part because they do not meet the conditions of Section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property. To the extent that the Trustee may avoid a transfer, he lacks standing to recover such transfer in whole or in part unless customer property is not sufficient to pay in full the amount of all allowed customer claim.

**SIXTH AFFIRMATIVE DEFENSE**

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim on which relief can be granted for the avoidance of obligations because it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations. Absent avoidance of Madoff Securities' obligations to the customer under state law, the transfers were all made on account of antecedent debts or obligations

established by contract or law. To the extent the Trustee purports to have pleaded a claim for the avoidance of obligations, he lacks standing or statutory authority to pursue such avoidance claims.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfers under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under Section 544 of the Bankruptcy Code and Sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

**TENTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or part by waiver and/or laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or part by applicable limitations periods that had run prior to or as of the commencement of the adversary proceeding.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or part by the doctrines and principles res judicata, collateral estoppel, and/or issue preclusion.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The alleged transfers, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code. They

are thus not avoidable or recoverable as against Defendant under Sections 548 and 550 of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendant under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendant under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, and/or on account of obligations owed by Madoff Securities for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendant to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly and indirectly attempt to avoid transfers that occurred prior to two years before Filing Date, which the Trustee cannot directly avoid by operation of statutes of limitations and statutory reach back periods for the avoidance of transfers.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited in the account(s) at Madoff Securities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Even if the transfers were avoided, the transfers may not be recovered from Defendant that are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Trustee is not entitled to recover attorneys' fees from any Defendant because such fees are not a "transfer" or "conveyance" under applicable law, and there is no other contractual or statutory basis for such relief under applicable law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Even if the Trustee is entitled to recover some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

**WHEREFORE**, Defendant demands judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: New York, New York
April 17, 2014

                              PRYOR CASHMAN LLP

                              By:    */s/ Richard Levy, Jr.*
                                   Richard Levy, Jr.
                                   David C. Rose
                                   Patrick Sibley
                              7 Times Square
                              New York, New York  10036
                              (212) 421-4100
                              rlevy@pryorcashman.com
                              drose@pryorcashman.com
                              psibley@pryorcashman.com

                              *Attorneys for Defendant*