PRYOR CASHMAN LLP
Richard Levy, Jr.
David C. Rose
Patrick Sibley
7 Times Square
New York, New York 10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
psibley@pryorcashman.com

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION : 
CORPORATION, : Adv. Pro. No. 08-01789 (SMB)
 :
               Plaintiff-Applicant, : SIPA LIQUIDATION
 :
      - against - : (Substantively Consolidated)
 :
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
 :
               Defendant. :
------------------------------------------------------------x
In re: :
 :
BERNARD L. MADOFF, :
 :
               Debtor. :
------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
 :
               Plaintiff, :
 : Adv. Pro. No. 10-04815 (SMB)
      - against - :
 : <u>JURY TRIAL DEMANDED</u>
ESTATE OF BEATRICE BADER; TRUST :
CREATED UNDER THE LAST WILL AND :
TESTAMENT OF BEATRICE BADER, JAMES :
DOYLE, in his capacity as trustee of the Trust :
Created under the Last Will and Testament of :
Beatrice Bader; STUART ZLOTOLOW, in his :

```
capacity as executor of the Estate of Beatrice Bader   :
and as former trustee of the Trust Created Under       :
 the Last Will and Testament of Beatrice Bader,        :
                                                       :
                          Defendants.                  :
-----------------------------------------------------------x
```

## ANSWER AND AFFIRMATIVE DEFENSES

The Estate of Beatrice Bader ("Estate"), the Trust Created Under the Last Will and Testament of Beatrice Bader (the "Trust"), James Doyle, in his capacity as trustee of the Trust ("Doyle"), and Stuart Zlotolow, in his capacity as executor of the Estate of Beatrice Bader and as former trustee of the Trust ("Zlotolow") (collectively, "Defendants"), by and through their attorneys, Pryor Cashman LLP, respectfully submit this Answer to the Complaint (the "Complaint") filed by Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), as follows:[1]

## NATURE OF PROCEEDING

1.      Defendants state that the allegations of paragraph 1 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and on that basis deny each and every allegation contained therein.

2.      Defendants admit that the Estate received certain transfers from and made certain transfers to its account at Madoff Securities during the six years prior to the Filing Date. Defendants further state that the remaining allegations of paragraph 2 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

2

remaining allegations contained in paragraph 2 of the Complaint and on that basis deny each and every allegation contained therein.

3. Defendants state that the allegations of paragraph 3 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

4. Defendants state that the allegations of paragraph 4 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and on that basis deny each and every allegation contained therein.

5. Defendants state that the allegations of paragraph 5 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and on that basis deny each and every allegation contained therein. Defendants further state that claims in this adversary proceeding are not core proceedings, and that the Bankruptcy Court lacks the constitutional and/or statutory power enter final judgment in this adversary proceeding. Defendants do not consent to the entry of final judgment by, or jury trial in, the Bankruptcy Court.

6. Defendants state that the allegations of paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 6 of the Complaint and on that basis deny each and every allegation contained therein.

## DEFENDANTS

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding..

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding, the criminal action against Bernard L. Madoff, and the SIPA Proceeding.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

16. Defendants deny knowledge or information sufficient to form a belief as to the

4

truth of the allegations contained in paragraph 16 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal proceeding against Bernard L. Madoff.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years. As to all other allegations contained in paragraph 19 of the Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations on information and belief.

20. Defendants state that the allegations of paragraph 20 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein.

21. Defendants state that the allegations of paragraph 21 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is

5

required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22. Defendants state that the allegations of paragraph 22 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein.

### THE FRAUDULENT PONZI SCHEME

23. Defendants admit, on information and belief, that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26. Defendants admit that the Estate received monthly statements and trading confirmation from Madoff Securities showing the securities that were held in, or had been traded through, the Account. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

6

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29. Defendants deny that any monies sent to Madoff Securities were used to enrich the Defendants or that Defendants had any knowledge of the Ponzi scheme, to the extent it existed. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30. Defendants state that the allegations of paragraph 30 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31. Defendants admit that the Estate received certain transfers from, and made certain transfers to, its account at Madoff Securities. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32. Defendants admit that the Estate received monthly statements from Madoff Securities. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein.

36. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein.

37. Defendants state that the allegations of paragraph 37 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and on that basis deny each and every allegation contained therein.

## THE TRANSFERS

38. Defendants Estate and Zlotolow admit that the Estate maintained an account with Madoff Securities, and that the Estate entered into certain account agreements with Madoff Securities, including, on information and belief, a document entitled Customer Agreement, a document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options, and deny knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account

8

Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York. Defendants Trust and Doyle deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint, except Defendants Estate and Zlotolow admit that the Estate made deposits or additions to the Account. As to the truth of the remaining allegations contained in paragraph 39 of the Complaint, Defendants Estate and Zlotolow refer to the Account Agreements for their specific terms.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint, except Defendants Estate and Zlotolow admit that the Estate received certain transfers from, and made certain transfers to, its account at Madoff Securities during the six years prior to the Filing Date.

41. Defendants state that the allegations of paragraph 41 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint and on that basis deny each and every allegation contained therein.

42. Defendants state that the allegations of paragraph 42 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 42 of the Complaint, except Defendants Estate and Zlotolow admit that the Estate received certain transfers from, and made certain transfers to, its account at Madoff Securities during the six year period prior to the Filing Date.

43. Defendants state that the allegations of paragraph 43 of the Complaint are legal

9

conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 43 of the Complaint, except Defendants Estate and Zlotolow admit that the Estate received certain transfers from, and made certain transfers to, its account at Madoff Securities during the two year period prior to the Filing Date.

44. Defendants state that the allegations of paragraph 44 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 44 of the Complaint.

45. Defendants state that the allegations of paragraph 45 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 45 of the Complaint.

## CUSTOMER CLAIMS

46. Defendants Estate and Zlotolow admit, and Defendants Trust and Doyle admit on information and belief, the allegations of paragraph 46 of the Complaint.

47. Defendants Estate and Zlotolow admit, and Defendants Trust and Doyle admit on information and belief, the allegations of paragraph 47 of the Complaint.

48. Defendants admit the allegations of paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

50. Defendants respond to paragraph 50 of the Complaint as they have responded to the allegations incorporated by reference therein.

51. Defendants state that the allegations of paragraph 51 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is

required, Defendants deny each and every allegation contained therein.

52. Defendants state that the allegations of paragraph 52 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

53. Defendants state that the allegations of paragraph 53 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

54. Defendants state that the allegations of paragraph 54 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

55. Defendants state that the allegations of paragraph 55 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

**Preliminary Note to Answer to Count Two**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

56. Defendants state that no answer is required to the allegations of paragraphs 56-64 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Three**: This count was dismissed in its entirety

11

pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

65. Defendants state that no answer is required to the allegations of paragraphs 65-69 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT FOUR
## FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Four**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

70. Defendants state that no answer is required to the allegations of paragraphs 70-75 of the Complaint by reason of the dismissal of this count in its entirety.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Preliminary Note to Answer to Count Five**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

76. Defendants state that no answer is required to the allegations of paragraphs 76-81 of the Complaint by reason of the dismissal of this count in its entirety.

**COUNT SIX**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

**Preliminary Note to Answer to Count Six**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

82.    Defendants state that no answer is required to the allegations of paragraphs 82-87 of the Complaint by reason of the dismissal of this count in its entirety.

**COUNT SEVEN**
**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551**

**Preliminary Note to Answer to Count Seven**: This count was dismissed in its entirety pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101).

88.    Defendants state that no answer is required to the allegations of paragraphs 88-93 of the Complaint by reason of the dismissal of this count in its entirety.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. Defendants do not undertake any burdens that properly

rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against Defendants.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) of the Bankruptcy Code. See Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101). In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of Madoff Securities.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury, but do not consent to such a trial in the Bankruptcy Court.

**FOURTH AFFIRMATIVE DEFENSE**

The Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amounts of transfers that he seeks to avoid.

**FIFTH AFFIRMATIVE DEFENSE**

The claims are not ripe for relief in whole or in part because they do not meet the conditions of Section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property. To the extent that the Trustee may avoid a transfer, he lacks

15

standing to recover such transfer in whole or in part unless customer property is not sufficient to pay in full the amount of all allowed customer claim.

### SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

### SEVENTH AFFIRMATIVE DEFENSE

The transfers were made on account of antecedent debts or obligations established by contract or law. The Trustee is not statutorily authorized or empowered to avoid obligations from Madoff Securities to Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under Section 544 of the Bankruptcy Code and Sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

### TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver and/or laches.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods that had run prior to or as of the commencement of the adversary proceeding.

## TWELFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by the doctrines and principles res judicata, collateral estoppel, and/or issue preclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against these Defendants under Sections 548 and 550 of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by Section 550(a) of the Bankruptcy Code. They are thus not avoidable or recoverable as against these Defendants under Sections 548 and 550 of the Bankruptcy Code.

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law. They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law. They are thus not avoidable or recoverable as

17

against these Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or equitable adjustment because such transfer was received in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, and/or on account of obligations owed by Madoff Securities for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099, estate tax returns, and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities.

### NINETEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly and indirectly attempt to avoid transfers that occurred prior to two years before Filing

18

Date, which the Trustee cannot directly avoid by operation of statutes of limitations and statutory reach back periods for the avoidance of transfers.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited into the account at Madoff Securities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Even if the transfers were avoidable, the transfers may not be recovered from any Defendants that are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged claims against subsequent transferees are barred in whole or part by the single satisfaction rule under applicable law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Even if the Trustee is entitled to avoid and recover of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Trustee is not entitled to recover attorneys' fees from any Defendant because such fees are not a "transfer" or "conveyance" under applicable law, and there is no other contractual or statutory basis for such relief under applicable law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff may not avoid and recover transfers alleged to have been made to fiduciaries because the fiduciaries were mere conduits of any transfers.

**WHEREFORE**, Defendants demand judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: New York, New York
April 17, 2014

PRYOR CASHMAN LLP

By: */s/ Richard Levy, Jr.*
Richard Levy, Jr.
David C. Rose
Patrick Sibley
7 Times Square
New York, New York  10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
psibley@pryorcashman.com

*Attorneys for Defendants*