David A. Rosenzweig
Melanie M. Kotler
FULBRIGHT & JAWORSKI LLP
666 Fifth Avenue
New York, New York  10103
(212) 318-3000

*Attorneys for The Melvin N. Lock
Trust, The Sylvia W. Lock
Declaration of Trust, Dated April 13,
1982, The Estate of Sylvia W. Lock,
and Northern Trust, N.A., f/k/a
Northern Trust Bank of Florida N.A.,
a National Association, in its
capacity as Personal Representative
of the Estate of Sylvia W. Lock, in its
capacity as Trustee of The Sylvia W.
Lock Declaration of Trust, Dated
April 13, 1982, and in its capacity as
Trustee of the Melvin N. Lock Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

                  Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                  Defendant.

----------------------------------------------------------x

In re:

BERNARD L. MADOFF,

                  Debtor.

----------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,

               Plaintiff,

v.

THE MELVIN N. LOCK TRUST,

THE SYLVIA W. LOCK DECLARATION OF
TRUST, DATED APRIL 13, 1982

THE ESTATE OF SYLVIA W. LOCK,

NORTHERN TRUST, N.A., F/K/A
NORTHERN TRUST BANK OF FLORIDA,
N.A., a National Association, in its capacity as
Personal Representative of the ESTATE OF
SYLVIA W. LOCK, in its capacity as Trustee of
THE SYLVIA W. LOCK DECLARATION OF
TRUST, DATED APRIL 13, 1982, and in its
capacity as Trustee of the MELVIN N. LOCK
TRUST,

LORRAINE LOCK NOSWORTHY,

AMANDA GOLDBERG SYNDERMAN,

JEREMY GOLDBERG,

ELENA ELKIN,

JOSHUA ELKIN,

FREDERICK GOLDBERG,

ALYSSA GOLDBERG,

MEREDITH GOLDBERG,

JOAN ELKIN MADISON,

SUSAN SIEGAL,

PAMELA W. GOLDBERG, and

JAMES NOSWORTHY,

Adv. Pro. No. 10-05410 (SMB)

**TRIAL BY JURY DEMANDED**

Defendants.

-----------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

The Melvin N. Lock Trust (the "Melvin Lock Trust"), The Sylvia W. Lock Declaration of Trust, Dated April 13, 1982 (the "Sylvia Lock Trust"), The Estate of Sylvia W. Lock (the "Lock Estate"), and Northern Trust, N.A., f/k/a Northern Trust Bank of Florida N.A., a National Association, in its capacity as Personal Representative of the Lock Estate, in its capacity as Trustee of the Sylvia Lock Trust, and in its capacity as Trustee of the Melvin Lock Trust ("Northern Trust" and, collectively with the Melvin Lock Trust, the Sylvia Lock Trust, and the Lock Estate, the "Lock Defendants"), by and through their undersigned counsel, hereby submit this Answer and Affirmative Defenses to the Complaint (the "Complaint")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), and states the following:

## NATURE OF PROCEEDING

1.      The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis deny each and every allegation contained therein and specifically deny the allegations in the last sentence of paragraph 1.

2.      The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis deny

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given in the Complaint.

each and every allegation contained therein, except admit that the Melvin Lock Trust received $1,900,000 emanating out of its account with BLMIS.

3.      The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and on that basis deny each and every allegation contained therein, except admit that the Sylvia Lock Trust and/or the Lock Estate received certain amounts from the Melvin Lock Trust.

4.      Paragraph 4 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein, except admit that Section 157(b)(2)(H) of the Judiciary Code provides that "proceedings to determine, avoid or recover fraudulent conveyances" are defined as "core proceedings" and that the Trustee's Complaint seeks to avoid what he alleges are fraudulent conveyances.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## **DEFENDANTS**

8.     The Lock Defendants deny the allegations in paragraph 8 of the Complaint, except admit that (a) the Melvin Lock Trust was formed under the laws of the state of Florida, (b) Mr. Lock and/or Melvin Lock Trust invested in and received distributions from an account with BLMIS and any such assets and trusts became assets of Mr. Lock's estate, and (c) Mr. Lock was the settlor, trustee, and beneficiary of the Melvin Lock Trust until his death at which point Sylvia W. Lock and Defendant Northern Trust were appointed as successor co-trustees.

9.     The Lock Defendants deny the allegations in paragraph 9 of the Complaint, except admit that (a) Sylvia W. Lock died on July 21, 2010, and her estate was administered in the Circuit Court for Palm Beach County, Florida, (b) Northern Trust became the Personal Representative of the Lock Estate, (c) Mrs. Lock was the settlor, trustee, and beneficiary of the Sylvia Lock Trust until her death at which point Defendant Northern Trust was appointed as successor trustee, (d) Mrs. Lock and/or the Sylvia Lock Trust received distributions emanating from an account with BLMIS and any such assets and trusts became assets of the Lock Estate, and (e) property from the Melvin Lock Trust was administered through Mrs. Lock's probate estate and was ultimately transferred to the Sylvia Lock Trust.

10.     The Lock Defendants admit the allegations in paragraph 10 of the Complaint.

11.     The Lock Defendants admit the allegations in paragraph 11 of the Complaint.

12.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis deny each and every allegation contained therein.

13.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis deny each and every allegation contained therein.

14.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis deny each and every allegation contained therein.

15.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis deny each and every allegation contained therein.

16.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that basis deny each and every allegation contained therein.

17.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and on that basis deny each and every allegation contained therein.

18.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and on that basis deny each and every allegation contained therein.

19.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and on that basis deny each and every allegation contained therein.

20.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein.

21.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.

23.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

## **BACKGROUND, THE TRUSTEE AND STANDING**

24.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.     Paragraph 32 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

34.     The Lock Defendants deny the allegations in paragraph 34 of the Complaint.

## THE FRAUDULENT PONZI SCHEME

35.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein, except admit that BLMIS was a registered securities broker-dealer and respectfully refers the Court to records concerning BLMIS's registration with the SEC.

36.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein.

37.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and on that basis deny each and every allegation contained therein.

38.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and on that basis deny each and every allegation contained therein.

39.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and on that basis deny each and every allegation contained therein.

40.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and on that basis deny each and every allegation contained therein.

41.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and on that basis deny each and every allegation contained therein.  With respect to the last sentence of paragraph 26, the Lock Defendants specifically deny that they was enriched.

42.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and on that basis deny each and every allegation contained therein.

43.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and on that basis deny each and every allegation contained therein.

44.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and on that basis deny each and every allegation contained therein.

45.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and on that basis deny each and every allegation contained therein.

46.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and on that basis deny each and every allegation contained therein.

47.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and on that basis deny each and every allegation contained therein.

48.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and on that basis deny each and every allegation contained therein.

49.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and on that basis deny each and every allegation contained therein.

## THE TRANSFERS

50.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and on that basis deny each and every allegation contained therein, except admit that an account was maintained at BLMIS in the name of the Melvin Lock Trust and that Account Agreements were executed and delivered by the relevant parties.

51.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and on that basis deny each and every allegation contained therein, except the Lock Defendants (a) respectfully refer the Court to the Account Agreements for their terms, and (b) admit that the Melvin Lock Trust held an account with BLMIS, deposits were made to BLMIS and/or an account with a bank and/or financial institution, and the Account Agreements provided for securities trading activities.

52.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and on that basis deny

each and every allegation contained therein, except admit that the Melvin Lock Trust received $1,900,000 emanating out of its account with BLMIS.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

54.     The Lock Defendants deny the allegations in paragraph 54 of the Complaint, except admit that the Subsequent Transferee Defendants received property or cash distributions from the Melvin Lock Trust.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

56.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and on that basis deny each and every allegation contained therein.

57.     No responsive pleading is required for paragraph 57 of the Complaint.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## CUSTOMER CLAIMS

58.     No responsive pleading is required for paragraph 58 of the Complaint.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

59.     The Lock Defendants deny the allegations in paragraph 59 of the Complaint, except admit that, pursuant to the Claims Procedure Order, the Melvin Lock Trust

filed a customer claim, with supporting documents, which the Trustee designated as Claim Number 002499.

60.     The Lock Defendants admit the allegations in paragraph 60 of the Complaint.

61.     The Lock Defendants admit the allegations in paragraph 61 of the Complaint.

62.     No responsive pleading is required for paragraph 62 of the Complaint.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

63.     The Lock Defendants incorporate all previous responses to paragraphs 1 through 62 as set forth above.

64.     The Lock Defendants admit the allegations in paragraph 64 of the Complaint.

65.     Paragraph 66 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

66.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and on that basis deny each and every allegation contained therein.

67.     Paragraph 67 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

68.    Paragraph 68 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

69.    The Lock Defendants incorporate all previous responses to paragraphs 1 through 68 as set forth above.

70.    The Lock Defendants admit the allegations in paragraph 70 of the Complaint.

71.    Paragraph 71 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

72.    Paragraph 72 of the Complaint contains a legal conclusion to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

73.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and on that basis deny each and every allegation contained therein.

74.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and on that basis deny each and every allegation contained therein.

75.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and on that basis deny each and every allegation contained therein.

76.     Paragraph 76 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

77.     Paragraph 77 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

78.     The Lock Defendants incorporate all previous responses to paragraphs 1 through 77 as set forth above.

79.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and on that basis deny each and every allegation contained therein.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

81.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and on that basis deny each and every allegation contained therein.

82.     Paragraph 82 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273,**
**278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

83.    The Lock Defendants incorporate all previous responses to paragraphs 1 through 82 as set forth above.

84.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and on that basis deny each and every allegation contained therein.

85.    Paragraph 85 of the Complaint contains a legal conclusion to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

86.    Paragraph 86 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

87.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and on that basis deny each and every allegation contained therein.

88.    Paragraph 88 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274,**
**278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

89.    The Lock Defendants incorporate all previous responses to paragraphs 1 through 88 as set forth above.

90.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and on that basis deny each and every allegation contained therein.

91.     Paragraph 91 of the Complaint contains a legal conclusion to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

92.     Paragraph 92 of the Complaint contains a legal conclusion to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

93.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and on that basis deny each and every allegation contained therein.

94.     Paragraph 94 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

95.     The Lock Defendants incorporate all previous responses to paragraphs 1 through 94 as set forth above.

96.     The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 of the Complaint and on that basis deny each and every allegation contained therein.

97.    Paragraph 97 of the Complaint contains a legal conclusion to which no responsive pleading is required.    To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

98.    Paragraph 98 of the Complaint contains a legal conclusion to which no responsive pleading is required.    To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

99.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and on that basis deny each and every allegation contained therein.

100.    Paragraph 100 of the Complaint contains legal conclusions to which no responsive pleading is required.    To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

**COUNT SEVEN**
**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551**

101.    The Lock Defendants incorporate all previous responses to paragraphs 1 through 100 as set forth above.

102.    Paragraph 102 of the Complaint contains legal conclusions to which no responsive pleading is required.    To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

103.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103 of the Complaint and on that basis deny each and every allegation contained therein, except admit that the Subsequent Transferee Defendants received property or cash distributions from the Melvin Lock Trust.

104.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and on that basis deny each and every allegation contained therein, except admit that certain of the Subsequent Transferee Defendants may have received property or cash distributions from the Melvin Lock Trust.

105.    The Lock Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 105 of the Complaint and on that basis deny each and every allegation contained therein, except admit that the Subsequent Transferee Defendants received property or cash distributions from the Melvin Lock Trust.

106.    Paragraph 106 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent an answer is deemed necessary, the Lock Defendants deny each and every allegation contained therein.

## REQUEST FOR RELIEF

As for the unnumbered prayer for relief following paragraph 106 of the Complaint, no responsive pleading is required.  Should a response be deemed necessary, the Lock Defendants deny that the Trustee is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

The Lock Defendants hereby assert the following affirmative defenses on all claims herein, unless otherwise stated, and in so doing do not undertake any burden of proof or persuasion on any element that is properly placed on the Trustee.  The Lock Defendants expressly reserve the right to supplement these affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

107.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

108.    With respect to the allegations of fraud, the Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 9(b), made applicable herein by Rule 7009 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

109.    The Trustee lacks standing to bring this action under 11 U.S.C. §§ 544, 548, 550 and 551, and New York Debtor and Creditor Law §§ 273, 274, 275, 276, 278 and 279 on behalf of the customers.

## FOURTH AFFIRMATIVE DEFENSE

110.    The Lock Defendants received funds for value, in good faith and without any knowledge of the alleged fraud or the alleged voidability of any transfers.

## FIFTH AFFIRMATIVE DEFENSE

111.    The Lock Defendants received funds for fair consideration and without knowledge of any alleged fraud.

## SIXTH AFFIRMATIVE DEFENSE

112.    The Lock Defendants have a lien on or may retain any funds received as security since the Lock Defendants gave value and acted in good faith and/or without knowledge of actual fraudulent intent.

## SEVENTH AFFIRMATIVE DEFENSE

113.    Any funds received by the Lock Defendants satisfied a debt owed to the Lock Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

114.    The Lock Estate, the Sylvia Lock Trust, and Northern Trust were not initial transferees and received the funds in good faith.

## NINTH AFFIRMATIVE DEFENSE

115.    The transfers are settlement payments exempt from avoidance under section 546(e) of the Bankruptcy Code.

## TENTH AFFIRMATIVE DEFENSE

116.    The claims are not ripe because the Trustee has not demonstrated that the conditions of 15 U.S.C. § 78fff-2(c)(3) have been met.

## ELEVENTH AFFIRMATIVE DEFENSE

117.    The funds transferred by BLMIS were not property of BLMIS or its estate, but rather were held by BLMIS in constructive trust or as bailee for the Lock Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

118.    The claims asserted in the Complaint are barred, in whole or in part, because there are inadequate creditor claims supporting the relief sought in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

119.    The claims in the Complaint are barred by the statute of limitations to the extent that the Trustee seeks to avoid, directly or indirectly, any transfers made outside of the relevant two- or six-year periods.

## FOURTEENTH AFFIRMATIVE DEFENSE

120.    The Lock Defendants are entitled to recoup or setoff from the Trustee any amount found due and owing under any claim in the Complaint and may retain any such amount as security for repayment.

## FIFTEENTH AFFIRMATIVE DEFENSE

121.    The claims in the Complaint are barred by the doctrines of waiver, estoppel, laches, unclean hands, and in pari delicto.

SIXTEENTH AFFIRMATIVE DEFENSE

122.     The Court lacks personal jurisdiction over the Lock Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

123.     Avoidance and recovery from the Lock Defendants would be inequitable as compared to the Trustee's treatment of transfers received from similarly situated parties.

EIGHTEENTH AFFIRMATIVE DEFENSE

124.     The Lock Defendants were the victim of BLMIS's fraud and thus any claims against them should be dismissed as unconscionable and in violation of public policy.

NINETEENTH AFFIRMATIVE DEFENSE

125.     The claims should be dismissed since the Lock Defendants justifiably relied on the activities of governmental and regulatory bodies to monitor and oversee the activities of BLMIS.

126.     The Lock Defendants reserve the right to assert additional defenses as discovery progresses and the facts are ascertained to support such affirmative defenses.

**DEMAND FOR JURY TRIAL**

127.     The Lock Defendants demand a trial by jury.

**FINAL ORDER BY BANKRUPTCY COURT**

128.     In accordance with the order entered by Judge Rakoff in the United States District Court for the Southern District of New York on January 4, 2013 [Docket. No. 427; Case No. 12-115 (JSR)], this Court may not issue a final decision in this adversary proceeding and, pursuant to Federal Rule of Bankruptcy Procedure 7012, the Lock Defendants do not consent to the entry of a final order or judgment by this Court.

WHEREFORE, the Lock Defendants request that this Court (i) enter judgment in the Lock Defendants' favor, (ii) award the Lock Defendants costs and fees, including but not

limited to attorneys' fees, and (iii) grant such other and further relief as this Court deems just and

proper.

Dated: April 17, 2014                                     Respectfully submitted,
        New York, New York


                                                By: /s/ David A. Rosenzweig_____
                                                    David A. Rosenzweig
                                                    Melanie M. Kotler
                                                    FULBRIGHT & JAWORSKI LLP
                                                    666 Fifth Avenue, 31st Floor
                                                    New York, NY  10103-3198
                                                    Telephone:  (212) 318-3000
                                                    Facsimile:  (212) 318-3400

                                                    *Attorneys for The Melvin N. Lock Trust,
                                                    The Sylvia W. Lock Declaration of Trust,
                                                    Dated April 13, 1982, The Estate of Sylvia
                                                    W. Lock, and Northern Trust, N.A., f/k/a
                                                    Northern Trust Bank of Florida N.A., a
                                                    National Association, in its capacity as
                                                    Personal Representative of the Estate of
                                                    Sylvia W. Lock, in its capacity as Trustee of
                                                    The Sylvia W. Lock Declaration of Trust,
                                                    Dated April 13, 1982, and in its capacity as
                                                    Trustee of the Melvin N. Lock Trust*