*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for Eli N. Budd*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| | SIPA LIQUIDATION |
| v. | |
| | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | ADV. PRO. NO. 10-04681 (SMB) |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ELI N. BUDD, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant Eli N. Budd( "The Defendant Party); as and for his answer to the complaint

(the "Complaint")[1] filed against him in this case by Plaintiff Irving H. Picard ("Plaintiff" or

"Trustee"), as trustee for the liquidation of the business of Bernard Madoff Investment Securities

LLC ("Madoff Securities") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et

seq. ("SIPA"),[2] and the substantively consolidated estate of Bernard L. Madoff individually

("Madoff"), states to the Court as follows:

### NATURE OF PROCEEDINGS

1.      The Defendant Party states that the allegations of paragraph 1 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies that  he received any avoidable transfers from Madoff

Securities and denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 1, and on that basis denies the allegations.

2.      The Defendant Party states that the allegations of paragraph 2 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2, and on that basis denies the allegations, except

admits that the Defendant Party received certain transfers from, and made certain transfers to,

Madoff Securities during the six years prior to the Filing Date.

3.      The Defendant Party states that the allegations of paragraph 3 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Complaint.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

required, the Defendant Party admits that paragraph 3 purports to summarize the action

commenced by the Complaint, but denies that the Trustee is entitled to any relief of any kind

against  the Defendant Party and denies knowledge or information sufficient to form a belief as

to the truth of any remaining allegations of paragraph 3, and on that basis denies the

allegations.

**JURISDICTION AND VENUE**

4.      The Defendant Party states that the allegations of paragraph 4 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 4, and on that basis denies the allegations, except

admits that this adversary proceeding was commenced before the same Court before whom the

main underlying SIPA proceeding is pending.  The Defendant Party further (i) denies that this

Court has either jurisdiction over, or the constitutional authority to enter a final judgment in,

this adversary proceeding, (ii) expressly does not consent to this Court's jurisdiction over non-

core matters, (iii) expressly does not consent to the entry of final orders or judgments by the

bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or

judgments consistent with Article III of the U.S. Constitution, (iv) demands a trial by jury

before the District Court for the Southern District of New York (the "District Court"), (v) does

not consent to a jury trial being held before this Court and (vi) reserves the right to seek further

withdrawal of the reference of some or all of this matter to the District Court.

5.      The Defendant Party states that the allegations of paragraph 5 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies the allegations contained in paragraph 5 and (i) expressly

does not consent to this Court's jurisdiction over non-core matters, (ii) expressly does not

3

consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution, (iii) demands a trial by jury before the District Court, (iv) does not consent to a jury trial being held before this Court and (v) reserves the right to seek further withdrawal of the reference of this matter to the District Court.

6.      The Defendant Party states that the allegations of paragraph 6 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies the allegations.

## DEFENDANT

7.      The Defendant Party admits the allegations in paragraph 7.

8.      The Defendant Party admits the allegations in paragraph 8.

9.      The Defendant Party admits the allegations of paragraph 9.

## BACKGROUND, THE TRUSTEE AND STANDING

10.      The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies the allegations.

11.      The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies the allegations.

12.      The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies the allegations.

13.      The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies the allegations.

14.      The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis denies the allegations.

15.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies the allegations.

16.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies the allegations.

17.    The Defendant Party denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, that the Trustee is in the process of marshaling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customer of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 17 of the Complaint, the Defendant Party states that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, denies those allegations on information and belief.

18.    The Defendant Party states that the allegations of paragraph 18 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis denies the allegations.

19.    The Defendant Party states that the allegations of paragraph 19 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies the allegations.

20.    The Defendant Party states that the allegations of paragraph 20 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 20, and on that basis denies the allegations.

## THE FRAUDULENT PONZI SCHEME

21.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis denies the allegations, except admits, upon information and belief, that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.

22.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis denies the allegations.

23.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies the allegations.

24.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis denies the allegations, except admits that The Defendant Party typically received monthly statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been traded through, the Account.

25.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis denies the allegations.

26.    The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis denies the allegations.

27.    The Defendant Party denies that any monies sent to Madoff Securities were used to enrich the Defendant Party and that the Defendant Party had any knowledge of the Madoff Securities Ponzi scheme, to the extent such scheme existed (which the Defendant Party does not at this time concede).  The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and on

that basis denies the allegations.

28.     The Defendant Party states that the allegations of paragraph 28 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Party denies knowledge or information sufficient to form a belief as to
the truth of the allegations of paragraph 28, and on that basis denies the allegations.

29.     The Defendant Party denies knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 29, and on that basis denies the allegations,
except admits that The Defendant Party received certain transfers from, and made certain
transfers to, Madoff Securities.

30.     The Defendant Party denies knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 30, and on that basis denies the allegations,
except admits that The Defendant Party typically received monthly statements from Madoff
Securities.

31.     The Defendant Party denies knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 31, and on that basis denies the allegations.

32.     The Defendant Party denies knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 32, and on that basis denies the allegations.

33.     The Defendant Party denies knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 33, and on that basis denies the allegations.

34.     The Defendant Party denies knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 34, and on that basis denies the allegations.

35.     The Defendant Party states that the allegations of paragraph 35 are legal
conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35, and on that basis denies the allegations.

## THE TRANSFERS

36.     The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36, and on that basis denies the allegations, except admits that account number #1U0023 (the "Account") was maintained with Madoff Securities and that The Defendant Party was party to certain documents in connection with the Account.

37.     The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37, and on that basis denies the allegations, except (i) admits that certain funds were transmitted to Madoff Securities by wire, check and/or inter-account transfer for application to the Account and the purported conducting of trading activities and (ii) refers the Court to the Account Agreement for the specific terms thereof.

38.     The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38, and on that basis denies the allegations, except admits that The Defendant Party received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

39.     The Defendant Party states that the allegations of paragraph 39 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 39, except admits that The Defendant Party received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date and the two year period prior to the Filing Date.

40.     The Defendant Party denies knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 40, and on that basis denies the allegations, except admits that certain funds were transferred by The Defendant Party to one or more of the Subsequent Transferee Defendants.

41.     The Defendant Party states that the allegations of paragraph 41 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 41.

42.     The Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42, and on that basis denies the allegations, and denies that the Trustee has any right to (i) supplement the information regarding the Transfers, the Subsequent Transfers, and any additional transfers and (ii) seek recovery of such additional transfers.

43.     The Defendant Party states that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43, and on that basis denies the allegations.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

44.     The Defendant Party repeats, alleges, and incorporates by reference his response to paragraphs 1 through 43 as if fully set forth herein.

45.     The Defendant Party states that the allegations of paragraph 45 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45, and on that basis denies the allegations.

46.     The Defendant Party states that the allegations of paragraph 46 are legal

conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 46, and on that basis denies the allegations.

47.     The Defendant Party states that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47, and on that basis denies the allegations.

48.     The Defendant Party states that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 48.

49.     The Defendant Party states that the allegations of paragraph 49 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 49.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

50.     The Defendant Party repeats, alleges, and incorporates by reference his response to paragraphs 1 through 49 as if fully set forth herein.

51.     The Defendant Party states that the allegations of paragraph 51 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 51, and on that basis denies the allegations.

52.     The Defendant Party states that the allegations of paragraph 52 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as

to the truth of the allegations of paragraph 52, and on that basis denies the allegations.

53.     The Defendant Party states that the allegations of paragraph 53 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies the allegations of paragraph 53.

54.     The Defendant Party states that the allegations of paragraph 54 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as

to the truth of the allegations of paragraph 54, and on that basis denies the allegations.

55.     The Defendant Party states that the allegations of paragraph 55 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as

to the truth of the allegations of paragraph 55, and on that basis denies the allegations.

56.     The Defendant Party states that the allegations of paragraph 56 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as

to the truth of the allegations of paragraph 56, and on that basis denies the allegations.

57.     The Defendant Party states that the allegations of paragraph 57 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies the allegations of paragraph 57.

58.     The Defendant Party states that the allegations of paragraph 58 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies the allegations of paragraph 58.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276,

**278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

59.     The Defendant Party repeats, alleges, and incorporates by reference their response to paragraphs 1 through 58 as if fully set forth herein.

60.     The Defendant Party states that the allegations of paragraph 60 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 60, and on that basis denies the allegations.

61.     The Defendant Party states that the allegations of paragraph 61 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 61, and on that basis denies the allegations.

62.     The Defendant Party states that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 62, and on that basis denies the allegations.

63.     The Defendant Party states that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 63.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

64.     The Defendant Party repeats, alleges, and incorporates by reference their response to paragraphs 1 through 63 as if fully set forth herein.

65.     The Defendant Party states that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 65, and on that basis denies the allegations.

66.     The Defendant Party states that the allegations of paragraph 66 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 66, and on that basis denies the allegations.

67.     The Defendant Party states that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 67.

68.     The Defendant Party states that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 68, and on that basis denies the allegations.

69.     The Defendant Party states that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies paragraph 69.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

70.     The Defendant Party repeats, alleges, and incorporates by reference their response to paragraphs 1 through 69 as if fully set forth herein.

71.     The Defendant Party states that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 71, and on that basis denies the allegations.

72.     The Defendant Party states that the allegations of paragraph 72 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 72, and on that basis denies the allegations.

73.     The Defendant Party states that the allegations of paragraph 73 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 73.

74.     The Defendant Party states that the allegations of paragraph 74 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 74, and on that basis denies the allegations.

75.     The Defendant Party states that the allegations of paragraph 75 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 75.

## COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

76.     The Defendant Party repeats, alleges, and incorporates by reference their response to paragraphs 1 through 75 as if fully set forth herein.

77.     The Defendant Party states that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 77, and on that basis denies the allegations.

78.     The Defendant Party states that the allegations of paragraph 78 are legal conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 78, and on that basis denies the allegations.

79.    The Defendant Party states that the allegations of paragraph 79 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 79.

80.    The Defendant Party states that the allegations of paragraph 80 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 80, and on that basis denies the allegations.

81.    The Defendant Party states that the allegations of paragraph 81 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 81.

## COUNT SEVEN
### RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

82.    The Defendant Party repeats, alleges, and incorporates by reference their response to paragraphs 1 through 81 as if fully set forth herein.

83.    The Defendant Party states that the allegations of paragraph 83 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies the allegations of paragraph 83.

84.    The Defendant Party states that the allegations of paragraph 84 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Party denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 84, and on that basis denies the allegations.

85.    The Defendant Party states that the allegations of paragraph 85 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies knowledge and information sufficient to form a belief as

to the truth of the allegations of paragraph 85, and on that basis denies the allegations.

86.    The Defendant Party states that the allegations of paragraph 86 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies the allegations of paragraph 86.

87.    The Defendant Party states that the allegations of paragraph 87 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Party denies the allegations of paragraph 87.

## RESPONSE TO PRAYER FOR RELIEF

88.    The Defendant Party asserts that the items contained in the prayer for relief

constitute legal conclusions or arguments as to which no response is required.  To the extent

any response is required, the Defendant Party denies, inter alia, (i) that judgment should be

entered in favor of the Trustee against  the Defendant Party on any grounds, (ii) that the

Trustee is entitled to prejudgment interest from the date on which the Transfers were

purportedly received (or at all), (iii) that a constructive trust should be established over the

proceeds of the purported Transfers in favor of the Trustee for the benefit of the Madoff

Securities estates, (iv) that the Defendants' (or any of the Defendant Party') income tax refunds

from the United States, state and local governments paid on so-called "fictitious profits" during

the course of the purported scheme should be assigned to the Trustee or any other party, (v)

that the Trustee is entitled to any interest, costs or expenses in connection with this action and

(vi) that the Trustee is entitled to any other relief against any of the Defendant Party.

## DEFENSES

The Defendant Party asserts the following affirmative defenses and reserves the right to

16

amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," the Defendant Party does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  The Defendant Party does not undertake any burdens that properly rest upon the Trustee, and does  not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against the Defendant Party.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments further alter the claims available to the Trustee, the Defendant Party hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.

The Defendant Party reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE

89.     The Complaint fails to state a claim against the Defendant Party upon which relief may be granted.

## SECOND DEFENSE

90.     The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (i) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations, causes of action and requests for relief as to all of the Defendants or Defendant Party; and (ii) failing to allege facts sufficient to demonstrate that any transfers allegedly made to the Defendant Party were made with actual intent to hinder, delay or defraud customers of Madoff Securities.

## THIRD DEFENSE

91.     This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and the Defendant Party does not consent to the entry of a final order and judgment by the Bankruptcy Court.  The Defendant Party further demands a trial by jury.

## FOURTH DEFENSE

92.     The claims against the Defendant Party fail for lack of personal jurisdiction.

## FIFTH DEFENSE

93.     The Trustee lacks standing, in whole or in part, to bring the claims asserted.

## SIXTH DEFENSE

94.     The claims set forth in the Complaint are not ripe, and the Trustee lacks standing, because the claims do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

## SEVENTH DEFENSE

95.    The transfers are not avoidable and/or recoverable because the funds at issue were held in trust, or as bailee for the Defendant Party, by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

## EIGHTH DEFENSE

96.    To the extent the allegations in the Complaint concerning the alleged Ponzi scheme perpetrated by Madoff Securities are true,[3] then Madoff Securities acquired by fraud all of the funds that were the subject of the purported Transfers.  Because Madoff Securities acquired such funds by fraud, Madoff Securities never acquired legal or beneficial ownership of the funds, such that the purported Transfers were not comprised of, and did not involve, any property of Madoff Securities.

## NINTH DEFENSE

97.    The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations.  Absent an action to avoid Madoff Securities' obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts.  To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

## TENTH DEFENSE

98.    The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

---

[3] The Defendant Party lacks knowledge or information sufficient to form a belief with respect to the truth of those allegations, and thus denies those allegations.

## ELEVENTH DEFENSE

99.     The Complaint is barred, in whole or in part, because the Trustee has failed to

plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and

sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law

with sufficient particularity and factual support.

## TWELFTH DEFENSE

100.     The claims are barred in whole or part by waiver and/or laches.

## THIRTEENTH DEFENSE

101.     The claims are barred in whole or part by applicable limitations periods.

## FOURTEENTH DEFENSE

102.     The claims are barred in whole or part by res judicata, collateral estoppel, and/or

issue preclusion.

## FIFTEENTH DEFENSE

103.     The claims against the Defendant Party fail for insufficient process and

insufficient service of process.

## SIXTEENTH DEFENSE

104.     The alleged transfers, to the extent they were actually received by the Defendant

Party, were taken for value and in good faith, as provided by sections 548(c) and 548(d)(2)(A)

of the Bankruptcy Code.  They are thus not avoidable or recoverable as against  the Defendant

Party under sections 548 and 550 of the Bankruptcy Code, and the Defendant Party is entitled

(i) to retain the alleged transfers, (ii) to a lien on the alleged transfers and (iii) to a reduction in

the amount of any liability to the Trustee, in each case to the extent of any value or

consideration provided or caused to be provided by the Defendant Party to Madoff Securities.

### SEVENTEENTH DEFENSE

105.    The alleged transfers, to the extent they were actually received by the Defendant Party alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code. They are thus not avoidable or recoverable as against the Defendant Party alleged to have been a subsequent transferee under sections 548 and 550 of the Bankruptcy Code.

### EIGHTEENTH DEFENSE

106.    The alleged transfers, to the extent they were actually received by the Defendant Party, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against the Defendant Party under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

### NINETEENTH DEFENSE

107.    The alleged transfers, to the extent they were actually received by the Defendant Party, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against the Defendant Party under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

### TWENTIETH DEFENSE

108.    The alleged transfers are exempt from avoidance and recovery in whole or part under section 546(e) of the Bankruptcy Code, including, *inter alia*, because the transfers (i) were made by or to a stockbroker and/or financial institution, in connection with a securities contract and/or (ii) constituted a settlement payment made by or to a stockbroker and/or financial institution.

21

### TWENTY-FIRST DEFENSE

109.    Each claim for recovery of a fraudulent transfer is barred in whole or in part

(whether by virtue of the "value" defense, setoff or equitable adjustment) because, to the extent

any alleged transfers were actually received by the Defendant Party, the Defendant Party

received such transfer in good faith, without knowledge of the alleged fraud, and in payment of

an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities

for, *inter alia*, (i) amounts contractually due to customers under New York law for the balances

shown on prior customer account statements and related documents; (ii) rescission remedies,

including damages and interest for fraud and misrepresentation pursuant to federal and state

law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary

duty; and/or (vi) money had and received.

### TWENTY-SECOND DEFENSE

110.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or

equitable or other adjustment to the extent that such transfers were, in whole or in part, used by

the Defendant Party to satisfy funding or other commitments to organizations that meet the

requirements for tax-exempt status.

### TWENTY-THIRD DEFENSE

111.    The claims are barred in whole or part because they depend upon calculations

that improperly attempt to avoid transfers that occurred prior to the applicable two-year or six-

year "reach-back" limitations period.

### TWENTY-FOURTH DEFENSE

112.    The claims are barred in whole or part for failure of the Trustee to credit

amounts deposited or invested by  Defendant Party with Madoff Securities during the

applicable two-year or six-year "reach-back" limitations period.

## TWENTY-FIFTH DEFENSE

113.    The Trustee's claims against the Defendant Party are barred because the Trustee

suffered no damages proximately caused by the Defendant Party.

## TWENTY-SIXTH DEFENSE

114.    The claims are barred in whole or part for failure to properly account for the

time value of money through an interest, inflation or other time value-type adjustment to

principal deposits.

## TWENTY-SEVENTH DEFENSE

115.    The Complaint fails to state a claim on which relief can be granted because it

fails to sufficiently trace the funds at issue from Madoff Securities to the individual Defendant

Party and to sufficiently plead that the Defendant Party actually received any particular

transfer.

## TWENTY-EIGHTH DEFENSE

116.    To the extent any claim relating to any particular transfer is asserted against

more than one of the Defendant Party, the Trustee would be entitled to, at most, a single

satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of

the Bankruptcy Code and/or under New York law.

## TWENTY-NINTH DEFENSE

117.    Recovery of attorneys' fees from the Defendant Party is not permissible under

sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and

Creditor Law because, *inter alia*, such fees are not a "transfer" or "conveyance" under

applicable law.

## THIRTIETH DEFENSE

118.    Even if the Trustee is entitled to the return of some or all of the alleged transfers

sought by the Complaint (which he is not), he is not entitled to interest from the date of each

alleged transfer or any other date.

### THIRTY-FIRST DEFENSE

119.    The Complaint must be dismissed to the extent that, the Defendant Party  is

immune from suit under applicable law and/or the assets of  the Defendant Party are exempt

from attachment, and are not otherwise subject to collection, by creditors of  the Defendant

Party.

### THIRTY-SECOND DEFENSE

120.    The Trustee's claims are barred, in whole or in part, by the doctrine of unclean

hands.

### THIRTY-THIRD DEFENSE

121.    The Trustee's claims are barred, in whole or in part, by the doctrine of in *pari*

*delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors,

agents and representatives (including Bernard L. Madoff and Madoff Securities) are imputed to

the Trustee.

### THIRTY-FOURTH DEFENSE

122.    The Trustee's "Net Investment Method" for calculating the Defendant Party's

alleged fraudulent transfer liability should be adjusted to provide the Defendant Party with a

credit for inflation, interest, time value of money, reinvestment during the applicable

limitations period, inter-account transfers and other relevant factors.

### THIRTY-FIFTH DEFENSE

123.    Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

### THIRTY-SIXTH DEFENSE

124.    The Defendant Party adopts and incorporates by reference any and all other

defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that

such defenses may be applicable to the Defendant Party.

### THIRTY-SEVENTH DEFENSE

125.    The Trustee's claims are barred, in whole and/or in part, because Madoff

Securities was not, upon information and belief, insolvent at the time of the transfers allegedly

received by the Defendant Party, and Madoff Securities was not, upon information and belief,

rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

### THIRTY-EIGHTH DEFENSE

126.    The Trustee's claims are barred, in whole and/or in part, because the

enforcement of relief alleged against the Defendant Party, a victim of the Madoff fraud, would

be unconscionable and a violation of public policy.

### THIRTY-NINTH DEFENSE

127.    The Trustee's claims are barred in whole or in part against the Defendant Party

to the extent the Defendant Party did not receive, or acted as a conduit in respect of, the

transfers underlying such claim, and the Complaint insufficiently pleads receipt of the transfers

by the Defendant Party.

### FORTIETH DEFENSE

128.    The Claims are barred in whole or in part to the extent they relate to transfers, if

any, made prior to the ownership of the IRA Account by the Defendant Party.

### FORTY-FIRST DEFENSE

129.    The Claims are barred in whole or in part to the extent they relate to transfers

made to a predecessor owner of the Account, if any.

### FORTY-SECOND DEFENSE

130.    The claims are barred in whole or in part because the Defendant Party's

Individual Retirement Account is protected from judgment creditors pursuant to, *inter alia*,

section 5205 of the New York Civil Practice Law and Rules.

## RESERVATION OF RIGHTS

131.    The Defendant Party hereby gives notice that he intends to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise and hereby reserves the right to amend his answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

132.    The Defendant Party expressly reserves all rights with respect to all counterclaims or cross claims that may be revealed during the course of discovery.

## JURY DEMAND

133.    The Defendant Party demands trial by jury of all the issues in this proceeding that are so triable and does not consent to trial by jury in the Bankruptcy Court.

WHEREFORE, the Defendant Party demands judgment dismissing the Complaint, with costs.

Dated: April 17, 2014                                        Respectfully submitted,

_/s/ Robert  M. McClay_____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

_/s/ Marvin C. Ingber_____
Marvin C. Ingber #0048859
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001
Telephone:  612-327-8378
Email:  mcingber@comcast.net