**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION : 
CORPORATION, : 
            :   Adv. Pro. No. 08-01789 (SMB)
            Plaintiff-Appellant, : 
v. :   SIPA LIQUIDATION
            : 
BERNARD L. MADOFF INVESTMENT :   (Substantively Consolidated)
SECURITIES LLC, : 
            : 
            Defendant. : 

------------------------------------------------------------------------x

In re: : 
            : 
BERNARD L. MADOFF, : 
            :   Case No. 09-11893 (SMB)
            Debtor. : 
            : 

------------------------------------------------------------------------x

IRVING H. PICARD, Trustee for the Liquidation of : 
Bernard L. Madoff Securities LLC, :   Adv. Pro. No. 10-04480 (SMB)
            : 
            Plaintiff, : 
            : 
PATI H. GERBER 1997 TRUST; THE PATI H. : 
GERBER MARITAL DEDUCTION TRUST : 
UNDER THE LAST WILL AND TESTAMENT : 
OF OSCAR L. GERBER; OSCAR L. GERBER : 
RESIDUARY TRUST A; OSCAR L. GERBER : 
RESIDUARY TRUST B; PATI H. GERBER : 
LTD.; PATI H. GERBER; individually, and in her : 
capacity as Trustee of the Pati H. Gerber 1997 : 
Trust, the Pati H. Gerber Marital Deduction Trust : 
Under the Last Will and Testament of Oscar L. : 
Gerber, the Oscar L. Gerber Residuary Trust A, and : 
the Oscar L. Gerber Residuary Trust B; and : 
BRIAN H. GERBER, in his capacity as Trustee of : 
the Pati H. Gerber Marital Deduction Trust Under : 
the Last Will and Testament of Oscar L. Gerber, : 
the Oscar L. Gerber Residuary Trust A, and the : 
Oscar L. Gerber Residuary Trust B, : 
            : 
            Defendants. : 

------------------------------------------------------------------------x

## ANSWER TO COMPLAINT

Defendants Pati H. Gerber 1997 Trust, Pati H. Gerber, The Pati H. Gerber Marital

Deduction Trust Under the Last Will and Testament of Oscar L. Gerber, The Oscar L. Gerber

Residuary Trust A, The Oscar L. Gerber Residuary Trust B, and Pati H. Gerber Ltd.

(collectively, the "Defendants"), Defendants in the above-captioned proceeding, by and through

their attorneys Schulte Roth & Zabel LLP, respond to the Complaint of Irving H. Picard (the

"Trustee"), appointed under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa,

*et seq.*, as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities

LLC ("BLMIS"), and as trustee for the estate of Bernard L. Madoff individually ("Madoff"), as

follows:  unless otherwise stated herein, Defendants answer with knowledge as to themselves

and upon information and belief as to all other matters.  Defendants expressly deny any

wrongdoing assumed, implied or alleged in any of the allegations contained in the Complaint.

Defendants are innocent investors who were defrauded by BLMIS and continue to incur

substantial costs in connection with the Trustee's avoidance action.  Defendants expressly reserve

the right to amend and/or supplement their Answer, including their Affirmative Defenses, as may

be necessary.

1.      Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in the first five sentences of paragraph 1and respectfully

refer the Court to the records and/or transcripts of proceedings dated March 12, 2009 and June

29, 2009 to determine the accuracy of the statements contained in the sixth sentence.  The

remaining sentence of paragraph 1 states a legal conclusion to which no response is required.

2.      Defendants admit that the 1997 Trust Defendants (as defined in the

Complaint) received money withdrawn from BLMIS since December 11, 2002, but deny that the

1997 Trust Defendants were "beneficiaries" of any Ponzi scheme and deny that they have received any "fictitious profits" or "other people's money."  The allegations contained in the fifth and sixth sentences of paragraph 2 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 2.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.    Defendants admit that the Marital Defendants (as defined in the Complaint) received money withdrawn from BLMIS since December 11, 2002, but deny that the Marital Defendants were "beneficiaries" of any Ponzi scheme and deny that they have received any "fictitious profits" or "other people's money."  The allegations contained in the fifth and sixth sentences of paragraph 3 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 3.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.    Defendants admit that the A Trust Defendants (as defined in the Complaint) received money withdrawn from BLMIS since December 11, 2002, but deny that the A Trust Defendants were "beneficiaries" of any Ponzi scheme and deny that they have received any "fictitious profits" or "other people's money."  The allegations contained in the fifth and sixth sentences of paragraph 4 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of

paragraph 4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.     Defendants admit that the B Trust Defendants (as defined in the Complaint) received money withdrawn from BLMIS since December 11, 2002, but deny that the B Trust Defendants were "beneficiaries" of any Ponzi scheme and deny that they have received any "fictitious profits" or "other people's money." The allegations contained in the fifth and sixth sentences of paragraph 5 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.     Defendants admit that the Ltd Defendant (as defined in the Complaint) received money withdrawn from BLMIS since December 11, 2002, but deny that the Ltd Defendant was a "beneficiary" of any Ponzi scheme and denies that it has received any "fictitious profits" or "other people's money." The allegations contained in the fifth and sixth sentences of paragraph 6 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, except that Defendants deny receiving any "fictitious profit amounts."

4

8.      The allegations contained in paragraph 8 state legal conclusions to which no response is required.  Further, Defendants aver that they, too, were "defrauded" by BLMIS.

## JURISDICTION AND VENUE

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 9, and respectfully refer the Court to the filings, orders and transcripts in the referenced Proceedings (as defined in paragraph 9 of the Complaint).  The allegations contained in the third sentence of paragraph 5 state legal conclusions to which no response is required.

10.      The allegations contained in paragraph 10 state legal conclusions to which no response is required.

11.      The allegations contained in paragraph 11 state legal conclusions to which no response is required.

## DEFENDANTS

12.      Defendants admit the allegations contained in paragraph 12.

13.      Defendants admit the allegations contained in paragraph 13.

14.      Defendants admit the allegations contained in paragraph 14.

15.      Defendants admit that Brian Gerber maintains a residence in Miami Beach, FL but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.      Defendants admit the allegations contained in paragraph 16.

17.      Defendants admit the allegations contained in paragraph 17.

18.      Defendants admit the allegations contained in paragraph 18.

19.      No factual allegations are asserted in paragraph 19, and therefore this paragraph requires no response.

## BACKGROUND, THE TRUSTEE AND STANDING

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and respectfully refer the Court to the filings, orders, and transcripts in the referenced Proceedings for a true understanding thereof. Further, Defendants aver that the allegations contained in footnote 1 to paragraph 20 state legal conclusions to which no response is required.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and respectfully refer the Court to the filings, orders, and proceedings in the Proceedings for a true understanding thereof.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and respectfully refer the Court to the filings, orders, and proceedings in the Proceedings for a true understanding thereof.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and respectfully refer the Court to the filings, orders, and transcripts in the referenced Proceedings for a true understanding thereof. Further, Defendants aver that the last sentence of paragraph 23 contains legal conclusions to which no response is required.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and respectfully refer the Court to the filings, orders, and transcripts in the referenced Proceedings for a true understanding thereof. Further, Defendants aver that the last sentence of paragraph 24 contains legal conclusions to which no response is required.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and respectfully refer the Court to the filings, orders, and transcripts in the referenced Proceedings for a true understanding thereof.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and respectfully refer the Court to the filings, orders, and transcripts in the referenced proceedings for a true understanding thereof.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and aver that to the extent the allegations in paragraph 27 state legal conclusions, no response is required.

28.     The allegations contained in paragraph 28 state legal conclusions to which no response is required.

29.     The allegations contained in paragraph 29 state legal conclusions to which no response is required.

30.     The allegations contained in paragraph 30 state legal conclusions to which no response is required.  To the extent any allegations in paragraph 30 require a response, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Further, Defendants aver that they were injured as a result of the allegations in the Complaint.

## THE FRAUDULENT PONZI SCHEME

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

7

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and aver that the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd Defendant received monthly or quarterly statements from BLMIS that they believed contained true and accurate account information.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and aver that the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd Defendant received monthly or quarterly statements from BLMIS that they believed contained true and accurate account information.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and aver that the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd Defendant received monthly or quarterly statements from BLMIS that they believed contained true and accurate account information.

37.     The allegations in paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and aver that the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd

8

Defendant received monthly or quarterly statements from BLMIS that they believed contained true and accurate account information.

39.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and aver that the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd Defendant received monthly or quarterly statements from BLMIS that they believed contained true and accurate account information.

40.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and aver that the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd Defendant received monthly or quarterly statements from BLMIS that they believed contained true and accurate account information.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.    The allegations in paragraph 45 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

## THE TRANSFERS

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the records of BLMIS, except admit that a Customer Agreement, an Option Agreement, and a Trading Authorization Limited to Purchases and Sales of Securities Agreement were executed for the Account referenced in paragraph 46 and that for a period of time  the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants and the Ltd Defendant maintained Accounts with BLMIS.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, except admit that certain Defendants made deposits to BLMIS and/or received inter-account transfers from other BLMIS accounts.

48.     Defendants deny the allegations in paragraph 48, except admit that Exhibit B referenced in paragraph 48 purports to set forth amounts received by the 1997 Trust Defendants during the six years prior to the Filing Date.  Defendants aver that to the extent the allegations in paragraph 48 state legal conclusions, no response is required.

49.     Defendants deny the allegations in paragraph 49, except admit that Exhibit B referenced in paragraph 49 purports to set forth amounts received by the Marital Trust Defendants during the six years prior to the Filing Date.  Defendants aver that to the extent the allegations in paragraph 49 state legal conclusions, no response is required.

50.     Defendants deny the allegations in paragraph 50, except admit that Exhibit B referenced in paragraph 50 purports to set forth amounts received by the A Trust Defendants during the six years prior to the Filing Date.  Defendants aver that to the extent the allegations in paragraph 50 state legal conclusions, no response is required.

51.     Defendants deny the allegations in paragraph 51, except admit that Exhibit B referenced in paragraph 51 purports to set forth amounts received by the B Trust Defendants

during the six years prior to the Filing Date.  Defendants aver that to the extent the allegations in paragraph 51 state legal conclusions, no response is required.

52.     Defendants deny the allegations in paragraph 52, except admit that Exhibit B referenced in paragraph 52 purports to set forth amounts received by the Ltd Defendants and/or Defendant Gerber during the six years prior to the Filing Date.  Defendants aver that to the extent the allegations in paragraph 52 state legal conclusions, no response is required.

53.     No factual allegations are asserted in paragraph 53, and therefore this paragraph requires no response.

54.     The allegations contained in paragraph 54 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, except admit that some transfers were made from the 1997 Trust Defendants, Marital Trust Defendants, A Trust Defendants, B Trust Defendants and Ltd Defendant prior to December 11, 2008.

55.     The allegations contained in paragraph 55 state legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in paragraph 55.

56.     The allegations contained in paragraph 56 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

57.     The allegations contained in paragraph 57 state legal conclusions to which no response is required.

## <u>CUSTOMER CLAIMS</u>

58.     Defendants admit the allegations contained in paragraph 58, and respectfully refer the Court to the Customer Claim (as defined in paragraph 58) for a true understanding thereof.

59.     Defendants admit the allegations contained in paragraph 59 and respectfully refer the Court to the Determination (as defined in paragraph 59) for a true understanding thereof.

60.     Defendants admit the allegations contained in paragraph 60.

61.     Defendants admit the allegations contained in paragraph 61 and respectfully refer the Court to the Marital Trust Customer Claim (as defined in paragraph 61) for a true understanding thereof.

62.     Defendants admit the allegations contained in paragraph 62 and respectfully refer the Court to the Marital Trust Determination (as defined in paragraph 62) for a true understanding thereof.

63.     Defendants admit the allegations contained in paragraph 63.

64.     Defendants admit the allegations contained in paragraph 64 and respectfully refer the Court to the A Trust Customer Claim (as defined in paragraph 64) for a true understanding thereof.

65.     Defendants admit the allegations contained in paragraph 65 and respectfully refer the Court to the A Trust Determination (as defined in paragraph 65) for a true understanding thereof.

66.     Defendants admit the allegations contained in paragraph 66.

67.     Defendants admit the allegations contained in paragraph 67 and respectfully refer the Court to the B Trust Customer Claim (as defined in paragraph 67) for a true understanding thereof.

68.     Defendants admit the allegations contained in paragraph 68 and respectfully refer the Court to the B Trust Determination (as defined in paragraph 68) for a true understanding thereof.

69.     Defendants admit the allegations contained in paragraph 69.

70.     Defendants admit the allegations contained in paragraph 70 and respectfully refer the Court to the Ltd Customer Claim (as defined in paragraph 70) for a true understanding thereof.

71.     Defendants admit the allegations contained in paragraph 71 and respectfully refer the Court to the Ltd Determination (as defined in paragraph 68) for a true understanding thereof.

72.     Defendants admit the allegations contained in paragraph 72.

73.     The allegations contained in paragraph 73 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and respectfully refer the Court to the filings, orders, and transcripts in the referenced Proceedings for a true understanding thereof.

## <u>COUNT ONE</u>
## <u>FRAUDULENT TRANSFER —11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551</u>

74.     To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

75.    The allegations contained in paragraph 75 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

76.    The allegations contained in paragraph 76 state legal conclusions to which no response is required.

77.    The allegations contained in paragraph 77 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

78.    The allegations contained in paragraph 78 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 78.

79.    The allegations contained in paragraph 79 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## COUNT TWO
## FRAUDULENT TRANSFER — 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

80.    To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

81.    The allegations contained in paragraph 81 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

82.     The allegations contained in paragraph 82 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

83.     The allegations contained in paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

84.     The allegations contained in paragraph 84 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

85.     The allegations contained in paragraph 85 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     The allegations contained in paragraph 87 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

88.     The allegations contained in paragraph 88 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## COUNT THREE
### FRAUDULENT TRANSFER — NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

89.    To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

90.    The allegations contained in paragraph 90 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

91.    The allegations contained in paragraph 91 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

92.    The allegations contained in paragraph 92 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

93.    The allegations contained in paragraph 93 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 93.

## COUNT FOUR
### FRAUDULENT TRANSFER — NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

94.    To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

95.      The allegations contained in paragraph 95 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

96.      The allegations contained in paragraph 96 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

97.      The allegations contained in paragraph 97 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

98.      The allegations contained in paragraph 98 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

99.      The allegations contained in paragraph 99 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## COUNT FIVE
## FRAUDULENT TRANSFER — NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

100.      To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

101.      The allegations contained in paragraph 101 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

17

102.    The allegations contained in paragraph 102 state legal conclusions to which no response is required.

103.    The allegations contained in paragraph 103 state legal conclusions to which no response is required.

104.    The allegations contained in paragraph 104 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.    The allegations contained in paragraph 105 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT SIX
## FRAUDULENT TRANSFER — NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

106.    To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

107.    The allegations contained in paragraph 107 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

108.    The allegations contained in paragraph 108 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

109.    The allegations contained in paragraph 109 state legal conclusions to which no response is required.

110.    The allegations contained in paragraph 110 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

111.    The allegations contained in paragraph 111 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER — NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

112.    To the extent applicable, Defendants repeat and re-allege their responses to each of the foregoing paragraphs of the Complaint and incorporate them by reference, as if fully set forth herein.

113.    The allegations contained in paragraph 113 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

114.    The allegations contained in paragraph 114 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105, except admit that some transfers were made from the 1997 Trust Defendants, the Marital Trust Defendants, the A Trust Defendants, the B Trust Defendants, the Ltd Defendant and/or Defendant Gerber to Defendant Gerber.

115.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115, and aver that to the extent the allegations contained in paragraph 115 state legal conclusions, no response is required.

19

116.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116, and aver that to the extent the allegations contained in paragraph 116 state legal conclusions, no response is required.

117.    The allegations contained in paragraph 117 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

WHEREFORE, Defendants deny that the Trustee is entitled to any relief from Defendants, including the relief sought in paragraphs i-xii of the Trustee's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants assert below their affirmative defenses.  By setting forth these affirmative defenses, Defendants do not assume the burden of proof for any issue, fact or element of a claim to which applicable law places the burden on the Trustee.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Trustee lacks standing to bring any claims against Defendants.

## THIRD AFFIRMATIVE DEFENSE

Article III of the United States Constitution precludes the Bankruptcy Court from finally determining the claims asserted in the Complaint pursuant to the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).  Defendants demand a trial by jury.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by res judicata, collateral estoppel, and/or issue preclusion.

## EIGHTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

The Complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim," and the Supreme Court's rulings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by, *inter alia*, (1) failing to describe each specific transfer and its recipient, and each subsequent transfer and its recipient, and improperly combining allegations as to all defendants, (2) pleading numerous background facts and allegedly applicable statutes and legal rules which are not required for the claims being alleged, and (3) pleading numerous facts that defendants do not know and could not possibly know after reasonable diligence.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by Sections 548(c) and 548(d)(2)(A) of the Bankruptcy Code.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, in whole or in part, may not be avoided because to the extent Defendants received any such transfers, Defendants did so for value, in good faith, and without knowledge of the voidability of the transfers sought to be avoided.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged transfers, in whole or in part, may not be avoided because the alleged transfers were made in satisfaction of an antecedent debt.

## THIRTEENTH AFFIRMATIVE DEFENSE

None of the alleged transfers may be avoided against or recovered from any of Defendants under Sections 272 through 276 of the New York Debtor and Creditor Law, because if any of such transfers were received by Defendants, they were taken without actual fraudulent intent and for fair consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent actually received by Defendants, were taken for fair consideration and without knowledge of fraud and, therefore, pursuant to Section 278(1) of the New York Debtor and Creditor Law, they are not avoidable or recoverable as against the Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code, because if any transfers were made, they were made in connection with a securities contract, commodity contract or forward contract, or made by or to, or for the benefit

of, a commodity broker, a forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code, because if any transfers were made, each was a settlement payment made by or to, or for the benefit of, a commodity broker, a forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Even if the transfers are avoidable, the transfers may not be recovered against the alleged subsequent transferee Defendant Gerber as the alleged subsequent transferee Defendant Gerber is not an initial transferee of the transfers, a person or entity for whose benefit the transfers were made, or an immediate or mediate transferee of the transfers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to sufficiently allege and/or identify any subsequent transfers received by any Defendants, including Defendant Gerber.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged transfers, in whole or in part, may not be avoided because the alleged transfers, in whole or in part, were held by BLMIS in constructive trust or as a bailee for the Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Any recovery by the Trustee is subject to a credit, set-off, recoupment, or other equitable adjustment to the extent that any Defendant received a transfer that was, in whole or in part, a

transfer to pay a tax obligation on so-called "fictitious profits" based on Forms 1099 and

information reported by BLMIS to government taxation authorities.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or part, because they depend upon

calculations that improperly attempt to avoid transfers that occurred prior to six years before the

Filing Date.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or part, because they depend upon

calculations that improperly attempt to avoid transfers that occurred prior to two years before the

Filing Date.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any recovery by the Trustee is subject to a credit, set-off, recoupment, or other equitable

adjustment to the extent that any Defendant received a transfer that was, in whole or in part, a

transfer in good faith and on account of obligations owed by BLMIS for (a) amounts

contractually due to customers under New York law for the balances shown on prior customer

account statements and related documents; and/or (b) rescission remedies, including damages

and interest for fraud and misrepresentation, (c) the time value of money, (d) unjust enrichment,

(e) damages for breach of fiduciary duty, and/or (f) money had and received.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any recovery by the Trustee is subject to a set-off or other equitable adjustment to the

extent that any alleged fraudulent transfers were, in whole or in part, used by Defendants to

satisfy funding or other commitments to organizations that meet the requirements for tax-exempt

status.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Trustee's claims fail to properly credit inter-account transfers.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are victims of the Madoff fraud and any claims for relief against them should be barred, in whole or in part, as unconscionable and in violation of public policy.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Trustee is not entitled to an award of prejudgment interest because of the operation of waiver, estoppel, and other equitable doctrines.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants hereby adopt and incorporate by reference any and all other available defenses asserted or to be asserted by any other defendant in the above-captioned Substantively Consolidated SIPA Liquidation Proceeding, Adv. Pro. No. 09-01789 (SMB), to the extent applicable herein.

## RESERVATION OF RIGHTS

Under prior decisions applicable to this case, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) and Section 550(a)(2).   In the event that subsequent legal developments further change the claims available to the Trustee, the Defendants hereby preserve each and every defense to such claims available at law, in equity, or otherwise, and under federal and state law, including common law.

Defendants do not knowingly or intentionally waive any applicable defenses, and they reserve the right to assert and rely upon all applicable defenses that are asserted by other similarly situated defendants or that may become available or apparent during further proceedings in this matter, in the Substantively Consolidated SIPA Liquidation Proceeding, Adv.

25

Pro. No. 08-01789 (SMB), or in related matters.  Defendants reserve the right to amend or seek

to amend their Answer and/or their affirmative defenses based on information that becomes

available to them during discovery and/or further proceedings in this matter, in the Substantively

Consolidated SIPA Liquidation Proceeding, Adv. Pro. No. 08-01789 (SMB), or in related

matters.


Dated:  April 17, 2014
          New York, NY

                                    **SCHULTE ROTH & ZABEL LLP**

                                    By:   ____/s/ Marcy R. Harris_____

                                    Marcy R. Harris, Esq.
                                    Jennifer Opheim, Esq.
                                    Mark D. Richardson, Esq.
                                    919 Third Avenue
                                    New York, NY 10022
                                    (212) 756-2000

                                    *Counsel for Defendants*