KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05084 (SMB) |
| Plaintiff, | <u>JURY TRIAL DEMANDED</u> |
| v. | |
| DANIEL STONE and SUSAN JANE STONE, | |
| Defendants. | |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Daniel Stone and Susan Jane Stone (the "<u>Defendants</u>"), by and through their attorneys,

Kramer Levin Naftalis & Frankel LLP, respectfully submit this Answer to the Complaint (the

"Complaint") filed by Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the liquidation of

the business of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), as follows:[1]

## NATURE OF PROCEEDING

1.      Defendants state that the allegations of paragraph 1 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants are without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1 of the Complaint and on that basis deny each and every

allegation contained therein.

2.      Defendants admit that they received certain transfers from and made certain

transfers to Madoff Securities during the six years prior to the Filing Date.  Defendants further

state that the remaining allegations of paragraph 2 of the Complaint are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

are without knowledge or information sufficient to form a belief as to the remaining allegations

contained in paragraph 2 of the Complaint and on that basis deny each and every allegation

contained therein.

3.      Defendants state that the allegations of paragraph 3 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants are without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 3 of the Complaint and on that basis deny each and every

allegation contained therein.

## JURISDICTION AND VENUE

4.      Defendants state that the allegations of paragraph 4 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and on that basis deny each and every allegation contained therein.

5.      Defendants state that the allegations of paragraph 5 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and on that basis deny each and every allegation contained therein.

6.      Defendants state that the allegations of paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and on that basis deny each and every allegation contained therein.

**<u>DEFENDANTS</u>**

7.      Defendants admit that Susan Jane Stone maintains her residence in Wellington, Florida and otherwise admit the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendants state that the allegations of paragraph 8 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 8 of the Complaint, except Defendants admit that Daniel Stone maintains his residence in Wellington, Florida and that he previously received Madoff Securities' account statements in West Palm Beach, Florida.

## <u>BACKGROUND, THE TRUSTEE AND STANDING</u>

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 16 of the Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations on information and belief.

17.    Defendants state that the allegations of paragraph 17 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and on that basis deny each and every allegation contained therein.

18.    Defendants state that the allegations of paragraph 18 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and on that basis deny each and every allegation contained therein.

19.    Defendants state that the allegations of paragraph 19 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and on that basis deny each and every allegation contained therein.

## THE FRAUDULENT PONZI SCHEME

20.     Defendants admit that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein.

21.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.

23.     Defendants admit that they received monthly statements and trading confirmation from Madoff Securities showing the securities that were held in, or had been traded through, the Accounts.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26.     Defendants deny that any monies sent to Madoff Securities were used to enrich the Defendants or that Defendants had any knowledge of the Ponzi scheme, to the extent it

existed.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27.    Defendants state that the allegations of paragraph 27 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28.    Defendants admit that they received certain transfers from, and made certain transfers to, Madoff Securities.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29.    Defendants admit that they received monthly statements from Madoff Securities.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.    Defendants state that the allegations of paragraph 34 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

## THE TRANSFERS

35.    Defendants admit that they maintained Accounts with Madoff Securities, and that they, upon information and belief, entered into certain account agreements with Madoff Securities, including a document entitled Customer Agreement, a document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options, and deny knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

36.    Defendants deny the allegations set forth in paragraph 36 of the Complaint, except admit that they made contributions to the Accounts.  As to the truth of the remaining allegations contained in paragraph 36 of the Complaint, Defendants refer to the Account Agreements for the specific terms.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint, except admit that they received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

38.     Defendants state that the allegations of paragraph 38 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 38 of the Complaint, except Defendants admit that they received certain transfers from, and made certain transfers to, Madoff Securities during the six year period prior to the Filing Date and the two year period prior to the Filing Date.

39.     Defendants state that the allegations of paragraph 39 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 39 of the Complaint.

40.     Defendants state that the allegations of paragraph 40 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 40 of the Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 41 of the Complaint.

42.     Defendants state that the allegations of paragraph 42 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

## **CUSTOMER CLAIMS**

43.     Defendants admit the allegations of paragraph 43 of the Complaint.

44.     Defendants admit the allegations of paragraph 44 of the Complaint.

45.     Defendants admit the allegations of paragraph 45 of the Complaint.

46.     Defendants admit the allegations of paragraph 46 of the Complaint.

47.     Defendants admit the allegations of paragraph 47 of the Complaint.

48.     Defendants admit the allegations of paragraph 48 of the Complaint.

49.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 49 of the Complaint, and refer the Court to the

filings, orders, and proceedings in the District Court Proceeding.

**COUNT ONE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276,**
**278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1S0199 Defendant)[2]**

50.     Defendants respond to paragraph 50 of the Complaint as they have responded to

the allegations incorporated by reference therein.

51.     Defendants state that the allegations of paragraph 51 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants deny each and every allegation contained therein.

52.     Defendants state that the allegations of paragraph 52 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants deny each and every allegation contained therein.

53.     Defendants state that the allegations of paragraph 53 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants deny each and every allegation contained therein.

---

[2] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting
Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.
*See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR)
(S.D.N.Y. April 27, 2012) (Docket No. 101).

54.     Defendants state that the allegations of paragraph 54 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT TWO
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
### (1S0199 Defendant)[3]

55.     Defendants respond to paragraph 55 of the Complaint as they have responded to the allegations incorporated by reference therein.

56.     Defendants state that the allegations of paragraph 56 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

57.     Defendants state that the allegations of paragraph 57 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

58.     Defendants state that the allegations of paragraph 58 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

59.     Defendants state that the allegations of paragraph 59 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[3] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

60.     Defendants state that the allegations of paragraph 60 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT THREE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1S0199 Defendant)[4]**

61.     Defendants respond to paragraph 61 of the Complaint as they have responded to the allegations incorporated by reference therein.

62.     Defendants state that the allegations of paragraph 62 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

63.     Defendants state that the allegations of paragraph 63 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

64.     Defendants state that the allegations of paragraph 64 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

65.     Defendants state that the allegations of paragraph 65 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[4] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

66.     Defendants state that the allegations of paragraph 66 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1S0199 Defendant)[5]**

67.     Defendants respond to paragraph 67 of the Complaint as they have responded to the allegations incorporated by reference therein.

68.     Defendants state that the allegations of paragraph 68 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

69.     Defendants state that the allegations of paragraph 69 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

70.     Defendants state that the allegations of paragraph 70 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

71.     Defendants state that the allegations of paragraph 71 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[5] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

72.    Defendants state that the allegations of paragraph 72 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

### COUNT FIVE
### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551
### (1SO210 Defendant)

73.    Defendants respond to paragraph 73 of the Complaint as they have responded to the allegations incorporated by reference therein.

74.    Defendants state that the allegations of paragraph 74 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

75.    Defendants state that the allegations of paragraph 75 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

76.    Defendants state that the allegations of paragraph 76 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

77.    Defendants state that the allegations of paragraph 77 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

78.    Defendants state that the allegations of paragraph 78 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT SIX
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551
## (1S0210 Defendant)[6]

79.     Defendants respond to paragraph 79 of the Complaint as they have responded to the allegations incorporated by reference therein.

80.     Defendants state that the allegations of paragraph 80 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

81.     Defendants state that the allegations of paragraph 81 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

82.     Defendants state that the allegations of paragraph 82 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

83.     Defendants state that the allegations of paragraph 83 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

84.     Defendants state that the allegations of paragraph 84 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[6] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

85.     Defendants state that the allegations of paragraph 85 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

86.     Defendants state that the allegations of paragraph 86 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

87.     Defendants state that the allegations of paragraph 87 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

<u>COUNT SEVEN</u>
<u>FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276,
278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
(1S0210 Defendant)</u>[7]

88.     Defendants respond to paragraph 88 of the Complaint as they have responded to the allegations incorporated by reference therein.

89.     Defendants state that the allegations of paragraph 89 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

90.     Defendants state that the allegations of paragraph 90 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[7] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

91.     Defendants state that the allegations of paragraph 91 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

92.     Defendants state that the allegations of paragraph 92 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT EIGHT
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551 (1S0210 Defendant)[8]

93.     Defendants respond to paragraph 93 of the Complaint as they have responded to the allegations incorporated by reference therein.

94.     Defendants state that the allegations of paragraph 94 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

95.     Defendants state that the allegations of paragraph 95 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

96.     Defendants state that the allegations of paragraph 96 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[8] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

97.     Defendants state that the allegations of paragraph 97 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

98.     Defendants state that the allegations of paragraph 98 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT NINE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
## (1S0210 Defendant)[9]

99.     Defendants respond to paragraph 99 of the Complaint as they have responded to the allegations incorporated by reference therein.

100.    Defendants state that the allegations of paragraph 100 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

101.    Defendants state that the allegations of paragraph 101 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

102.    Defendants state that the allegations of paragraph 102 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[9] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

103.    Defendants state that the allegations of paragraph 103 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

104.    Defendants state that the allegations of paragraph 104 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT TEN
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
### (1S0210 Defendant)[10]

105.    Defendants respond to paragraph 105 of the Complaint as they have responded to the allegations incorporated by reference therein.

106.    Defendants state that the allegations of paragraph 106 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

107.    Defendants state that the allegations of paragraph 107 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

108.    Defendants state that the allegations of paragraph 108 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[10] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

109.     Defendants state that the allegations of paragraph 109 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

110.     Defendants state that the allegations of paragraph 110 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT ELEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 550(a) AND 551
### (Subsequent Transferee Defendant)[11]

111.     Defendants respond to paragraph 111 of the Complaint as they have responded to the allegations incorporated by reference therein.

112.     Defendants state that the allegations of paragraph 112 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

113.     Defendants deny the allegations of paragraph 113 of the Complaint.

114.     Defendants state that the allegations of paragraph 114 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

115.     Defendants state that the allegations of paragraph 115 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

---

[11] This cause of action to the extent it is not predicated on 11 U.S.C. §§ 548(a)(1)(A) and 550(a) has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

116.    Defendants state that the allegations of paragraph 116 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  Defendants do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against Defendants.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.  Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or

party-in-interest to the extent that Defendants are similarly situated and may properly assert such

defense.

Defendants reserve and assert all affirmative defenses available under applicable federal

or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure,

New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the

right to assert other defenses, cross-claims, and third party claims when and if they become

appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure,

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each

subsequent transfer and its recipients, and improperly combining allegations as to all Defendants,

(b) pleading numerous background allegations and purported legal standards that are not required

for the assertion of the alleged claims, (c) pleading numerous factual allegations about which

Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to

demonstrate that any transfers allegedly made to Defendants were made with actual intent to

hinder, delay or defraud creditors or customers of Madoff Securities.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the

Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims

are not core proceedings and Defendants do not consent to the entry of a final order and

judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3)

of SIPA.  The Trustee has not established that there is a shortfall in customer property.

## SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in

trust by Madoff Securities and were not property of the estate in which Madoff Securities had a

legal interest.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to

properly plead the elements required for the avoidance of Madoff Securities' obligations.  Absent

an action to avoid Madoff Securities' obligations to pay what is owed to the customer under state

law, the transfers were all made on account of antecedent debts.  To the extent the Trustee has

pled the avoidance of obligations, he is not authorized under governing statutes to pursue such

avoidance claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of

the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the

Bankruptcy Code with sufficient particularity and factual support.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against these Defendants under sections 548 and 550 of the Bankruptcy Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code. They are thus not avoidable or recoverable as against these Defendants under sections 548 and 550 of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendants received such transfer in good faith, without knowledge of

the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of

obligations owed by Madoff Securities for, *inter alia*, (a) amounts contractually due to customers

under New York law for the balances shown on prior customer account statements and related

documents; (b) rescission remedies, including damages and interest for fraud and

misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust

enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

### NINETEENTH AFFIRMATIVE DEFENSE

Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable

adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations

imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and

other information reported by Madoff Securities to the Internal Revenue Service, state and/or

local governmental taxing authorities.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly credit inter-account

transfers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Even if the transfers were avoidable, the transfers may not be recovered as the Defendants are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the individual Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The alleged claims against subsequent transferees are barred in whole or part by the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code and/or under New York law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

**WHEREFORE**, Defendants demand judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: New York, New York
April 17, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:  /s/  Elise S. Frejka
Philip Bentley
Elise S. Frejka
Jason S. Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendants*

KL2 2840385.1