KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05096 (SMB) |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| HARRY SCHICK, | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES

Harry Schick (the "Defendant"), by and through his attorneys, Kramer Levin Naftalis &

Frankel LLP, respectfully submits this Answer to the Complaint (the "Complaint") filed by

Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), as follows:[1]

## NATURE OF PROCEEDING

1.      Defendant states that the allegations of paragraph 1 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1 of the Complaint and on that basis denies each and every

allegation contained therein.

2.      Defendant admits that he received certain transfers from, and made certain

transfers to, Madoff Securities during the six years prior to the Filing Date.  Defendant further

states that the remaining allegations of paragraph 2 of the Complaint are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendant

is without knowledge or information sufficient to form a belief as to the remaining allegations

contained in paragraph 2 of the Complaint and on that basis denies each and every allegation

contained therein.

3.      Defendant states that the allegations of paragraph 3 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 3 of the Complaint and on that basis denies each and every

allegation contained therein.

## JURISDICTION AND VENUE

4.      Defendant states that the allegations of paragraph 4 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and on that basis denies each and every allegation contained therein.

5.    Defendant states that the allegations of paragraph 5 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and on that basis denies each and every allegation contained therein.

6.    Defendant states that the allegations of paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and on that basis denies each and every allegation contained therein.

**DEFENDANT**

7.    Defendant admits the allegations contained in paragraph 7 of the Complaint.

**BACKGROUND, THE TRUSTEE AND STANDING**

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

9.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and refers the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and refers the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 15 of the Complaint, Defendant states that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendant denies those allegations on information and belief.

16.     Defendant states that the allegations of paragraph 16 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint and on that basis denies each and every allegation contained therein.

17.     Defendant states that the allegations of paragraph 17 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and on that basis denies each and every allegation contained therein.

18.     Defendant states that the allegations of paragraph 18 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and on that basis denies each and every allegation contained therein.

## THE FRAUDULENT PONZI SCHEME

19.     Defendant admits that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 19 of the Complaint and on that basis denies each and every allegation contained therein.

20.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis denies each and every allegation contained therein.

21.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis denies each and every allegation contained therein.

22.    Defendant admits that he received monthly statements and trading confirmation from Madoff Securities showing the securities that were held in, or had been traded through, his Account.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 22 of the Complaint and on that basis denies each and every allegation contained therein.

23.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and on that basis denies each and every allegation contained therein.

24.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis denies each and every allegation contained therein.

25.    Defendant denies that any monies sent to Madoff Securities were used to enrich the Defendant or that Defendant had any knowledge of the Ponzi scheme, to the extent it existed. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25 of the Complaint and on that basis denies each and every allegation contained therein.

26.    Defendant states that the allegations of paragraph 26 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 26 of the Complaint and on that basis denies each and every allegation contained therein.

27.    Defendant admits that his Account received certain transfers from, and made certain transfers to, Madoff Securities. Defendant is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 27 of the Complaint and on that basis denies each and every allegation contained therein.

28.    Defendant admits that he received monthly statements from Madoff Securities. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Complaint and on that basis denies each and every allegation contained therein.

29.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and on that basis denies each and every allegation contained therein.

30.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis denies each and every allegation contained therein.

31.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and on that basis denies each and every allegation contained therein.

32.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and on that basis denies each and every allegation contained therein.

33.    Defendant states that the allegations of paragraph 33 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis denies each and every allegation contained therein.

### THE TRANSFERS

34.    With respect to paragraph 34 of the Complaint, Defendant admits that he maintained an account with Madoff Securities, and that he, upon information and belief, entered into certain account agreements with Madoff Securities, including a document entitled Customer Agreement, a document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options, and denies knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

35.    Defendant denies the allegations set forth in paragraph 35 of the Complaint, except admits that he made contributions to his account maintained at Madoff Securities.  As to the truth of the remaining allegations contained in paragraph 35 of the Complaint, Defendant refers to the Account Agreements for the specific terms.

36.    Defendant denies the allegations set forth in paragraph 36 of the Complaint, except admits that his Account received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

37.    Defendant states that the allegations of paragraph 37 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 37 of the Complaint,

except admits his Account received certain transfers from, and made certain transfers to, Madoff

Securities during the six year period prior to the Filing Date and the two year period prior to the

Filing Date.

38.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 38 of the Complaint. To the extent a response is required,

Defendant denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     Defendant states that the allegations of paragraph 39 of the Complaint are legal

conclusions or arguments as to which no response is required. To the extent a response is

required, Defendant denies each and every allegation set forth in paragraph 39 of the Complaint.

## CUSTOMER CLAIMS

40.     Defendant admits the allegations of paragraph 40 of the Complaint.

41.     Defendant admits the allegations of paragraph 41 of the Complaint.

42.     Defendant admits the allegations of paragraph 42 of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 43 of the Complaint, and refers the Court to the

filings, orders, and proceedings in the District Court Proceeding.

## COUNT ONE FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(A)(1)(A), 550(A) AND 551

44.     Defendant responds to paragraph 44 of the Complaint as he has responded to the

allegations incorporated by reference therein.

45.     Defendant states that the allegations of paragraph 45 of the Complaint are legal

conclusions or arguments as to which no response is required. To the extent a response is

required, Defendant denies each and every allegation contained therein.

46.     Defendant states that the allegations of paragraph 46 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

47.     Defendant states that the allegations of paragraph 47 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

48.     Defendant states that the allegations of paragraph 48 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

49.     Defendant states that the allegations of paragraph 49 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT TWO FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(A)(1)(B), 550(A) AND 551[2]

50.     Defendant responds to paragraph 50 of the Complaint as he has responded to the allegations incorporated by reference therein.

51.     Defendant states that the allegations of paragraph 51 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

52.     Defendant states that the allegations of paragraph 52 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

---

[2] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

53.      Defendant states that the allegations of paragraph 53 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

54.      Defendant states that the allegations of paragraph 54 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

55.      Defendant states that the allegations of paragraph 55 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

56.      Defendant states that the allegations of paragraph 56 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

57.      Defendant states that the allegations of paragraph 57 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

58.      Defendant states that the allegations of paragraph 58 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT THREE FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551[3]

59.     Defendant responds to paragraph 59 of the Complaint as he has responded to the allegations incorporated by reference therein.

60.     Defendant states that the allegations of paragraph 60 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

61.     Defendant states that the allegations of paragraph 61 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

62.     Defendant states that the allegations of paragraph 62 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

63.     Defendant states that the allegations of paragraph 63 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT FOUR FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551[4]

64.     Defendant responds to paragraph 64 of the Complaint as he has responded to the allegations incorporated by reference therein.

---

[3] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

[4] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

65.     Defendant states that the allegations of paragraph 65 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

66.     Defendant states that the allegations of paragraph 66 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

67.     Defendant states that the allegations of paragraph 67 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

68.     Defendant states that the allegations of paragraph 68 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

69.     Defendant states that the allegations of paragraph 69 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT FIVE FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551[5]

70.     Defendant responds to paragraph 70 of the Complaint as he has responded to the allegations incorporated by reference therein.

---

[5] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

71.     Defendant states that the allegations of paragraph 71 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

72.     Defendant states that the allegations of paragraph 72 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

73.     Defendant states that the allegations of paragraph 73 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

74.     Defendant states that the allegations of paragraph 74 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

75.     Defendant states that the allegations of paragraph 75 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

**COUNT SIX FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(B), 550(A) AND 551[6]**

76.     Defendant responds to paragraph 76 of the Complaint as he has responded to the allegations incorporated by reference therein.

---

[6] This cause of action has been dismissed against the Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

77.    Defendant states that the allegations of paragraph 77 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

78.    Defendant states that the allegations of paragraph 78 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

79.    Defendant states that the allegations of paragraph 79 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

80.    Defendant states that the allegations of paragraph 80 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

81.    Defendant states that the allegations of paragraph 81 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of his investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  Defendant does not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of

proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against Defendant.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments further alter the claims available to the Trustee, Defendant hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.  Defendant further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendant is similarly situated and may properly assert such defense.

Defendant reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendant could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendant were made with actual intent to hinder, delay or defraud creditors or customers of Madoff Securities.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

## SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations. Absent an action to avoid Madoff Securities' obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts. To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against Defendant under sections 548 and 550 of the Bankruptcy Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendant under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendant under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

### FIFTEENTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendant is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

**WHEREFORE**, Defendant demands judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: New York, New York
April 17, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Elise S. Frejka
Philip Bentley
Elise S. Frejka
Jason S. Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant*

KL2 2840388.1