DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants Kelman Partners
Limited Partnership, a Delaware limited
partnership, C.D. Kelman Corporation, a
Delaware corporation, Trust for Lesley A.
Kelman Koeppel under Article XII of the
Charles D. Kelman Revocable Trust, a Florida
trust, Jennifer Kelman, as trustee, Lesley A.
Kelman Koeppel, as trustee and as an
individual, Trust for Jennifer Kelman under
Article XII of the Charles D. Kelman
Revocable Trust, a Florida trust, Lesley A.
Kelman Koeppel, as trustee, Jennifer Kelman,
as trustee and as an individual*

PROSKAUER ROSE LLP
Richard L. Spinogatti
Pietro A. Deserio
Eleven Times Square
New York, New York  10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
rspinogatti@proskauer.com
pdeserio@proskauer.com

*Attorneys for Defendants Charles D. Kelman
Revocable Trust dated May 16, 2001, as restated and
amended, a Florida Trust, Steven A. Belson as
trustee, Darren S. Berger as trustee; Marital Trust
under Article X of the Charles D. Kelman Revocable
Trust, a Florida Trust, Ann G. Kelman, as trustee and
as an individual, Steven A. Belson, as trustee, Darren
S. Berger, as trustee; Trusts for Evan Kelman, J.K. (a
minor) and S.K. (a minor) under Article XIII of the
Charles D. Kelman Revocable Trust, Florida Trusts;
Ann G. Kelman, Steven A. Belson and Darren S.
Berger, as trustees; Evan Kelman; J.K. (a minor);
S.K. (a minor); Trust for Charles D. Kelman's
Grandchildren and more remote descendants under
Article VII of the Charles D. Kelman Revocable
Trust, a Florida trust, Steven A. Belson, as trustee,
Darren S. Berger, as trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>         Plaintiff-Applicant, <br><br>    - against - <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>         Debtor. | |

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

          Plaintiff,

        - against -

KELMAN PARTNERS LIMITED
PARTNERSHIP, a Delaware limited partnership,
C.D. KELMAN CORPORATION, a Delaware
corporation, CHARLES D. KELMAN
REVOCABLE TRUST DATED MAY 16, 2001,
AS RESTATED AND AMENDED, a Florida trust,
STEVEN A. BELSON, as trustee, DARREN S.
BERGER, as trustee, MARITAL TRUST UNDER
ARTICLE X OF THE CHARLES D. KELMAN
REVOCABLE TRUST, a Florida trust, ANN G.
KELMAN, as trustee and as an individual,
STEVEN A. BELSON, as trustee, DARREN S.
BERGER, as trustee, TRUST FOR LESLEY A.
KELMAN KOEPPEL UNDER ARTICLE XII OF
THE CHARLES D. KELMAN REVOCABLE
TRUST, a Florida trust, JENNIFER KELMAN, as
trustee, LESLEY A. KELMAN KOEPPEL, as
trustee and as an individual, TRUST FOR
JENNIFER KELMAN UNDER ARTICLE XII OF
THE CHARLES D. KELMAN REVOCABLE
TRUST, a Florida trust, LESLEY A. KELMAN
KOEPPEL, as trustee, JENNIFER KELMAN, as
trustee and as an individual, TRUST FOR EVAN
KELMAN UNDER ARTICLE XIII OF THE
CHARLES D. KELMAN REVOCABLE TRUST,
a Florida trust, ANN G. KELMAN, as trustee,
STEVEN A. BELSON, as trustee, DARREN S.
BERGER, as trustee, EVAN KELMAN, TRUST
FOR J.K. [a minor] UNDER ARTICLE XIII OF
THE CHARLES D. KELMAN REVOCABLE
TRUST, a Florida trust, ANN G. KELMAN, as
trustee, STEVEN A. BELSON, as trustee,
DARREN S. BERGER, as trustee, J.K., a minor,
TRUST FOR S.K. [a minor] UNDER ARTICLE
XIII OF THE CHARLES D. KELMAN
REVOCABLE TRUST, a Florida trust, ANN G.
KELMAN, as trustee, STEVEN A. BELSON, as
trustee, DARREN S. BERGER, as trustee, S.K., a
minor, TRUST FOR CHARLES D. KELMAN'S
GRANDCHILDREN AND MORE REMOTE

Adv. Pro. No.10-05158 (SMB)

ANSWER TO AMENDED
COMPLAINT AND AFFIRMATIVE
DEFENSES

JURY TRIAL DEMANDED

DESCENDANTS UNDER ARTICLE VII OF THE
CHARLES D. KELMAN REVOCABLE TRUST,
a Florida trust, STEVEN A. BELSON, as trustee,
and DARREN S. BERGER, as trustee,

                    Defendants.

Defendants Kelman Partners Limited Partnership, a Delaware limited partnership, C.D. Kelman Corporation, a Delaware corporation, Charles D. Kelman Revocable Trust Dated May 16, 2001, as Restated and Amended, a Florida trust, Steven A. Belson, as trustee, Darren S. Berger, as trustee, Marital Trust Under Article X Of The Charles D. Kelman Revocable Trust, a Florida trust, Ann G. Kelman, as trustee and as an individual, Steven A. Belson, as trustee, Darren S. Berger, as trustee, Trust For Lesley A. Kelman Koeppel Under Article XII Of The Charles D. Kelman Revocable Trust, a Florida trust, Jennifer Kelman, as trustee, Lesley A. Kelman Koeppel, as trustee and as an individual, Trust For Jennifer Kelman Under Article XII Of The Charles D. Kelman Revocable Trust, a Florida trust, Lesley A. Kelman Koeppel, as trustee, Jennifer Kelman, as trustee and as an individual, Trust For Evan Kelman Under Article XIII Of The Charles D. Kelman Revocable Trust, a Florida trust, Ann G. Kelman, as trustee, Steven A. Belson, as trustee, Darren S. Berger, as trustee, Evan Kelman, Trust For J.K. [a minor] Under Article XIII Of The Charles D. Kelman Revocable Trust, a Florida trust, Ann G. Kelman, as trustee, Steven A. Belson, as trustee, Darren S. Berger, as trustee, J.K., a minor, Trust For S.K. [a minor] Under Article XIII Of The Charles D. Kelman Revocable Trust, a Florida trust, Ann G. Kelman, as trustee, Steven A. Belson, as trustee, Darren S. Berger, as trustee, S.K., a minor, Trust For Charles D. Kelman's Grandchildren and more Remote Descendants Under Article VII Of The Charles D. Kelman Revocable Trust, a Florida trust, Steven A. Belson, as trustee, and Darren S. Berger, as trustee, as such entities and individuals are named by Plaintiff, by and through their respective undersigned counsel, submit this Answer and Affirmative Defenses to

the Amended Complaint dated January 25, 2012 (the "Amended Complaint") filed by Irving Picard ("Plaintiff" or "Trustee") as Trustee of Bernard L. Madoff Investment Securities LLC ("BLMIS") and state as follows:

1.      In response to paragraph 1 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, except expressly deny that this adversary arises from a Ponzi scheme, but admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refer the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.

2.      In response to paragraph 2 of the Amended Complaint, Defendant Kelman Partners admits that it made certain deposits to and received certain withdrawals from BLMIS during the period from December 11, 2002 through December 11, 2008.  Defendants state that the remaining allegations of paragraph 2 consists of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants expressly deny that they were beneficiaries of a Ponzi scheme, they received other people's money or avoidable transfers, and that any payments they received are fictitious profits or recoverable by the Trustee.

3.      In response to paragraph 3 of the Amended Complaint, Defendant Jennifer Kelman Revocable Trust admits that certain deposits were made to and withdrawals received from a BLMIS account during the period from December 11, 2002 through December 11, 2008. Defendants state paragraph 3 consists of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants expressly deny that they were beneficiaries of a Ponzi scheme, they received other people's money or avoidable transfers, and that any payments they received are fictitious profits or recoverable by the Trustee.

4.      In response to paragraph 4 of the Amended Complaint, Defendants state that its allegations consist of characterizations, arguments and legal conclusions to which no response is required.  To the extent a response is requires, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the Amended Complaint and on that basis deny each and every allegation contained therein.

5.      In response to paragraph 5 of the Amended Complaint, Defendants state that its allegations consist of characterizations, arguments and legal conclusions to which no response is required.  Defendants admit that Plaintiff purports to have brought this action under 15 U.S.C. §§78 fff(b),78 fff-1(a),78 fff-2(c) and 78 fff-2(c)(3), section 105(a), 544, 548(a), 550 and 551 of title 11 of the United states Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act New York Debtor and Creditor Law §270 et seq. (McKinney 2001) ("DCL"), and other applicable law, but deny that Plaintiff is entitled to any relief against the Defendants pursuant to the cited provisions or otherwise.  Defendants further deny that Defendants incurred fraudulent obligations or received fraudulent conveyances  in connection with certain transfers by BLMIS and that Plaintiff is entitled set aside, avoid or recover any transfers from BLMIS. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern district of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

6.      In response to paragraph 6 of the Amended Complaint, Defendants admit that Plaintiff commenced this adversary proceeding "in the same Court before which the main SIPA proceeding, No. 08-01789 (SMB) is pending", but deny that the Bankruptcy Court has

jurisdiction over this adversary proceeding under 28 U.S.C. §1334, 15 U.S.C. §§78 eeee(b)(2)(A). The remaining allegations of paragraph 6 consist of legal conclusion as to which no response is required. To the extent a response is required, Defendants respectfully refer this Court to the docket of proceedings in the United States District Court for an accurate account of the reference of this adversary proceeding.

7.      In response to paragraph 7 of the Amended Complaint, Defendants state that its allegation consists of conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegation in Paragraph 7. Defendants do not consent to the entry of a final judgment by the Bankruptcy Court and respectfully refer all questions of law to the appropriate court.

8.      In response to paragraph 8 of the Amended Complaint, Defendants state that its allegation consists of a conclusion of law as to which no answer is required.

9.      In response to paragraph 9 of the Amended Complaint, Defendants admit that Kelman Partners held a BLMIS account and is limited partnership organized under Delaware law, Kelman Corporation is a general partner of Kelman Partners and Charles D. Kelman Revocable Trust dated May 16, 2001, as restated and amended (the "CDK Rev. Trust") is a limited partner of Kelman Partners and deny the remaining allegations of paragraph 9 of the Amended Complaint.

10.     Defendant Jennifer Kelman Revocable Trust admits that it is a trust formed under Florida law and holds a BLMIS account with an address in Boca Raton. Defendants deny the remaining allegations of paragraph 10 of the Amended Complaint.

11.     Defendants admit the allegations of paragraph 11 of the Amended Complaint.

12.     Defendants admit the allegations of paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations of paragraph 13 of the Amended Complaint except admit that Defendant CDK Rev. Trust is a trust formed under Florida law and Defendants Steven A. Belson and Darren S. Berger are trustees of Defendant CDK Rev. Trust.

14.     Defendants admit the allegations of paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations of paragraph 15 of the Amended Complaint except admit that Defendant Trust for Lesley A. Kelman Koeppel Under Article XII of the Charles D. Kelman Revocable Trust (the "Lesley Trust") is a trust formed under Florida law, Defendants Lesley A. Kelman Koeppel ("Lesley Koeppel") and Jennifer Kelman are trustees of Defendant Lesley Trust and Defendant Lesley Koeppel is a beneficiary of Defendant Lesley Trust.

16.     Defendants deny the allegations of paragraph 16 of the Amended Complaint except admit that Defendant Trust for Evan Kelman Under Article XIII of the Charles D. Kelman Revocable Trust (the "Evan Trust") is a trust formed under Florida law, Defendants Ann G. Kelman, Steven A. Belson and Darren S. Berger are the trustees of Defendant Evan Trust and Defendant Evan Kelman is a beneficiary of Defendant Evan Trust.

17.     Defendants deny the allegations of paragraph 17 of the Amended Complaint except admit that Defendant Trust for J.K. (a minor) Under Article XIII of the Charles D. Kelman Revocable Trust (the "J.K. Trust") is a trust formed under Florida law, Defendants Ann G. Kelman, Steven A. Belson and Darren S. Berger are the trustees of Defendant J.K. Trust and Defendant J.K. (a minor) is the beneficiary of Defendant J.K. Trust.

18.     Defendants deny the allegations of paragraph 18 of the Amended Complaint except admit that Defendant Trust for S.K. (a minor) Under Article XIII of the Charles D. Kelman Revocable Trust (the "S.K. Trust") is a trust formed under Florida law, Defendants Ann

G. Koeppel, Steven A. Belson and Darren S. Berger are the trustees of Defendant S.K. Trust and Defendant S.K. (a minor) is the beneficiary of Defendant S.K. Trust.

19.     Defendants deny the allegations of paragraph 19 of the Amended Complaint except admit that Defendant Trust for Charles D. Kelman's Grandchildren and More Remote Descendants Under Article VII of the Charles D. Kelman Revocable Trust (the "Grandchildren's Trust") is a trust formed under Florida law and Defendants Steven A. Belson, Darren S. Berger and Lesley Koeppel are the trustees of Defendant Grandchildren's Trust.

20.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint, except admit, on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein, and state that the footnote to paragraph 20 consists of a legal conclusion to which no response is required.

21.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint, and refer the Court to the referenced order for its complete content.

22.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, and refer the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for their complete content.

23.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and refer the Court to the referenced order for its complete content.

24.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint, and refer the Court to the referenced orders for their complete content.

25.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint, and refer the Court to the plea allocution for its complete content.

26.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and refer the Court to the referenced Plea Allocutions for their complete content.

27.    In response to paragraph 27 of the Amended Complaint, Defendants state that its allegations consist of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint.

28.    In response to paragraph 28 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint.

29.    In response to paragraph 29 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint.

30.    In response to paragraph 30 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.  To

the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     In response to paragraph 31 of the Amended Complaint, Defendants admit that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of the Securities Investor Protection Corporation ("SIPC") but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.

32.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint.

33.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint.

34.     In response to paragraph 34 of the Amended Complaint, Defendants admit that account holders received monthly statements and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 except refer the Court to the referenced plea allocution for its complete content.

35.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint.

36.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Amended Complaint.

37.     In response to paragraph 37 of the Amended Complaint, Defendants state that its allegations consist of certain legal conclusions and/or arguments as to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations of paragraph 37 of the Amended Complaint.

38.    In response to paragraph 38 of the Amended Complaint, Defendants state that its allegations consist of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny that any monies sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of remaining allegations of paragraph 38 of the Amended Complaint.

39.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint.

40.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint.

41.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint.

42.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint.

43.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint and refer the Court to the referenced Uniform Application for Investment Advisor Registration for its complete content.

44.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint.

45.    In response to paragraph 45 of the Amended Complaint, Defendants state that its allegations consist of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    In response to paragraph 46 of the Amended Complaint, Defendants admit that certain accounts were maintained at BLMIS and that the account holders or their designees received periodic customer statements, confirmations and other communications from BLMIS. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46.

47.    In response to paragraph 47 of the Amended Complaint, Defendant Kelman Partners admits that it made deposits to BLMIS.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47.

48.    In response to paragraph 48 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent any response is required, Defendants deny the allegations of paragraph 48.

49.    In response to paragraph 49 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 49.

50.    In response to paragraph 50 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 50.

51.    In response to paragraph 51 of the Amended Complaint, Defendants admit that BLMIS made certain transfers to the BLMIS account holders prior to December 8, 2008, refer the Court to Columns 10 and 11 of Exhibit B for their complete content and state that the remaining allegations of paragraph 51 consist of legal conclusions and/or arguments as to which no response is required.

52.    In response to paragraph 52 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 52.

53.    In response to paragraph 53 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 53 and refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

54.    In response to paragraph 54 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 54.

55.    In response to paragraph 55 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 55.

56.    In response to paragraph 56 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny that Plaintiff is entitled to relief under §550(a) of the Bankruptcy Code.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 57 of the Amended Complaint that the Trustee's investigation is ongoing and deny the remaining allegations of paragraph 57.

58.    In response to paragraph 58 of the Amended Complaint, Defendants state that it does not set forth any factual allegation for which a response is required.  To the extent that any response is required, Defendants deny the allegations of paragraph 58.

59.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Amended Complaint except admit Defendant Kelman Partners submitted a customer claim on or about June 30, 2009.

60.    Defendants admit the allegations of paragraph 60 of the Amended Complaint.

61.    Defendants admit the allegations of paragraph 61 of the Amended Complaint.

62.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint except admit Defendant Jennifer Trust submitted a customer claim on or about June 17, 2009.

63.    Defendants admit the allegations of paragraph 63 of the Amended Complaint.

64.    Defendants admit the allegations of paragraph 64 of the Amended Complaint.

65.    Defendants admit the allegations of paragraph 65 of the Amended Complaint.

66.    Defendants admit the allegations of paragraph 66 of the Amended Complaint.

67.    Defendants admit the allegations of paragraph 67 of the Amended Complaint.

68.    Defendants admit the allegations of paragraph 68 of the Amended Complaint.

69.    Defendants admit the allegations of paragraph 69 of the Amended Complaint.

70.    Defendants admit the allegations of paragraph 70 of the Amended Complaint.

71.    Defendants admit the allegations of paragraph 71 of the Amended Complaint.

72.    Defendants admit the allegations of paragraph 72 of the Amended Complaint.

73.    Defendants admit the allegations of paragraph 73 of the Amended Complaint.

74.    Defendants admit the allegations of paragraph 74 of the Amended Complaint.

75.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint except refer the Court to the referenced Order for its complete content.

76.    Defendants repeat and incorporate by reference their responses to the allegations contained in the previous paragraphs of the Amended Complaint as if fully set forth herein.

77.    In response to paragraph 77 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 77.

78.    In response to paragraph 78 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 78.

79.    In response to paragraph 79 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 79.

80.    In response to paragraph 80 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 80.

81.    In response to paragraph 81 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 81.

82.   In response to paragraph 82 of the Amended Complaint, Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations of paragraph 82.

83.   Defendants defined by Plaintiff as the Jennifer Trust Defendants repeat and incorporate by reference their responses to the allegations contained in the previous paragraphs of the Amended Complaint as if fully set forth herein.

84.   In response to paragraph 84 of the Amended Complaint, the Jennifer Trust Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.   To the extent that any response is required, the Jennifer Trust Defendants deny the allegations of paragraph 84.

85.   In response to paragraph 85 of the Amended Complaint, the Jennifer Trust Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.   To the extent that any response is required, the Jennifer Trust Defendants deny the allegations of paragraph 85.

86.   In response to paragraph 86 of the Amended Complaint, the Jennifer Trust Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.   To the extent that any response is required, the Jennifer Trust Defendants deny the allegations of paragraph 86.

87.   In response to paragraph 87 of the Amended Complaint, the Jennifer Trust Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required.   To the extent that any response is required, the Jennifer Trust Defendants deny the allegations of paragraph 87.

88.   In response to paragraph 88 of the Amended Complaint, the Jennifer Trust Defendants state that its allegations consist of legal conclusions and/or arguments as to which

no response is required. To the extent that any response is required, the Jennifer Trust Defendants deny the allegations of paragraph 88.

89. In response to paragraph 89 of the Amended Complaint, the Jennifer Trust Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, the Jennifer Trust Defendants deny the allegations of paragraph 89.

90-99. Count Three, comprised of paragraphs 90 through 99 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

100-109. Count Four, comprised of paragraphs 100 through 109 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

110-114. Count Five, comprised of paragraphs 110 through 114 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

115-119. Count Six, comprised of paragraphs 115 through 119 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

120-125. Count Seven, comprised of paragraphs 120 through 125 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District

Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

126-131.    Count Eight, comprised of paragraphs 126 through 131 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

132-137.    Count Nine, comprised of paragraphs 132 through 137 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

138-143.    Count Ten, comprised of paragraphs 138 through 143 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

144-149.    Count Eleven, comprised of paragraphs 144 through 149 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

150-155.    Count Twelve, comprised of paragraphs 150 through 155 of the Amended Complaint, has been dismissed pursuant to the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and requires no response.

156-161.    Count Thirteen, comprised of paragraphs 156 through 161 of the Amended Complaint, to the extent based upon the avoidability of transfers under sections 544 or

548(a)(1)(B) of the Bankruptcy Code, sections 273, 274, 275 and/or 276 of the New York Debtor and Creditor Law or section 78fff-2(c)(3) of the Securities Investor Protection Act, has been dismissed by the May 22, 2012 Order of the United States District Court for the Southern District of New York in Case No. 12 MC 115 (JSR) and no response is required.

162.  Defendant Jennifer Kelman repeats and incorporates by reference her responses to the previous paragraphs of the Amended Complaint as if fully set forth herein.

163. In response to paragraph 163 of the Amended Complaint, Defendant Jennifer Kelman states that its allegations consist of legal conclusions and/or arguments as to which no response is required.  To the extent that any response is required, Defendant Jennifer Kelman denies the allegations of paragraph 163 and refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 in Case No. 12 MC 115 (JSR) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

164. In response to paragraph 164 of the Amended Complaint, Defendant Jennifer Kelman states that its allegations consist of legal conclusions and/or arguments as to which no response is required.  To the extent that any response is required, Defendant Jennifer Kelman denies the allegations of paragraph 164.

165. In response to paragraph 165 of the Amended Complaint, Defendant Jennifer Kelman states that its allegations consist of legal conclusions and/or arguments as to which no response is required.  To the extent that any response is required, Defendant Jennifer Kelman denies the allegations of paragraph 165.

166. In response to paragraph 166 of the Amended Complaint, Defendant Jennifer Kelman states that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendant Jennifer Kelman denies the allegations of paragraph 166.

167. In response to paragraph 167 of the Amended Complaint, Defendant Jennifer Kelman states that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendant Jennifer Kelman denies the allegations of paragraph 167 and refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 in Case No. 12 MC 115 (JSR) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

168. Defendants Ann G. Kelman, Charles D. Kelman Revocable Trust Dated May 16, 2001, as Restated and Amended, Marital Trust Under Article X of the Charles D. Kelman Revocable Trust, Trust for Evan Kelman Under Article XIII of the Charles D. Kelman Revocable Trust, Trust for J.K. (a minor) Under Article XIII of the Charles D. Kelman Revocable Trust and Trust for S.K. (a minor) Under Article XIII of the Charles D. Kelman Revocable Trust (together, the "Related Accounts Defendants") repeat and incorporate by reference their responses to the previous paragraphs of the Amended Complaint as if fully set forth herein.

169. The Related Accounts Defendants admit the allegations of paragraph 169 of the Amended Complaint.

170. In response to paragraph 170 of the Amended Complaint, the Related Accounts Defendants state that its allegations consist of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, the Related Accounts Defendants deny the allegations of paragraph 170.

171. In response to paragraph 171 of the Amended Complaint, the Related Accounts Defendants state that its allegation do not consist of any factual allegation for which a response is required. To the extent that any response is required, the Related Accounts Defendants deny the allegations of paragraph 171.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to meet the pleading standards set forth in Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, as incorporated, respectively, by Rules 7008(a) and 7009 of the Federal Rules of Bankruptcy Procedure, and established in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## THIRD AFFIRMATIVE DEFENSE

This Court lacks constitutional authority to finally adjudicate the claims asserted in the Amended Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, in whole or in part, to bring the claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not established that there is a shortfall in customer property as required under section 78fff-2(c)(3) of SIPA.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to properly plead the elements required for the avoidance of BLMIS' obligations.  Absent avoidance of obligations to pay what is owed by BLMIS to its customer under state law, the transfers were all made on account of antecedent debts.  To the extent Plaintiff has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver, equitable estoppel and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because BLMIS was not insolvent at the time of the transfers allegedly received by Defendants and BLMIS did not become insolvent as a result of such transfers.

## TENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendants, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable from Defendants under sections 548 and 550 of the Bankruptcy Code.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against such Defendant under section 550 of the Bankruptcy Code.

## TWELFTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff, recoupment or equitable adjustment because Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## THIRTEENTH AFFIRMATIVE DEFENSE

Each count alleging a fraudulent transfer is subject to setoff, recoupment or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly credit inter-account transfers.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims under section 548(a)(1)(A) are barred because Defendants are the parties that BLMIS sought to hinder, delay and defraud.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under section 550 of the Bankruptcy Code because such fees are not a "transfer" or "conveyance."

## NINTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff would be entitled to the return of some or all of the transfers, he would not be not entitled to interest from the date of each alleged transfer.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Related Account Claims are barred by SIPA and Rules promulgated thereunder, which, *inter alia*, require separate treatment of individual accounts and individual account holders.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Related Account Claim violates section 502 of the Bankruptcy Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Recovery by Plaintiff is barred by applicable state law.

WHEREFORE, Defendants demand judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated:  April 17, 2014
        New York, New York

DENTONS US LLP

By: /s/ Carole Neville
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants Kelman Partners
Limited Partnership, a Delaware limited
partnership, C.D. Kelman Corporation, a
Delaware corporation, Trust for Lesley A.
Kelman Koeppel under Article XII of the
Charles D. Kelman Revocable Trust, a Florida
trust, Jennifer Kelman, as trustee, Lesley A.
Kelman Koeppel, as trustee and as an
individual, Trust for Jennifer Kelman under
Article XII of the Charles D. Kelman
Revocable Trust, a Florida trust, Lesley A.
Kelman Koeppel, as trustee, Jennifer Kelman,
as trustee and as an individual*

By: /s/ Richard L. Spinogatti
Richard L. Spinogatti
Pietro A. Deserio
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York  10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
rspinogatti@proskauer.com
pdeserio@proskauer.com

*Attorneys for Defendants Charles D. Kelman
Revocable Trust dated May 16, 2001, as
restated and amended, a Florida Trust, Steven
A. Belson as trustee, Darren S. Berger as
trustee; Marital Trust under Article X of the
Charles D. Kelman Revocable Trust, a Florida
Trust, Ann G. Kelman, as trustee and as an
individual, Steven A. Belson, as trustee,
Darren S. Berger, as trustee; Trusts for Evan
Kelman, J.K. (a minor) and S.K. (a minor)
under Article XIII of the Charles D. Kelman
Revocable Trust, Florida Trusts; Ann G.*

*Kelman, Steven A. Belson and Darren S. Berger, as trustees; Evan Kelman; J.K. (a minor); S.K. (a minor); Trust for Charles D. Kelman's Grandchildren and more remote descendants under Article VII of the Charles D. Kelman Revocable Trust, a Florida trust, Steven A. Belson, as trustee, Darren S. Berger, as trustee*

82074411

- 26 -