DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| - against - | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No.10-05028 (SMB) |
| Plaintiff, | |
| - against - | ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES |
| ESTATE OF JACK SHURMAN; ESTATE OF HELEN SHURMAN; PAUL S. SHURMAN, individually, in his capacity as Executor of the Estates of Jack Shurman and Helen Shurman and as beneficiary under the wills of Jack Shurman and Helen Shurman; and WILLIAM A. SHURMAN, individually, in his capacity as Executor of the Estates of Jack Shurman and Helen Shurman, and as beneficiary under the wills of Jack Shurman and Helen Shurman, | JURY TRIAL DEMANDED |
| Defendants. | |

Defendants Estate of Jack Shurman, Estate of Helen Shurman, Paul S. Shurman, individually, in his capacity as Executor of the Estates of Jack Shurman and Helen Shurman and as beneficiary under the wills of Jack Shurman and Helen Shurman, and William A. Shurman, individually, in his capacity as Executor of the Estates of Jack Shurman and Helen Shurman and as beneficiary under the wills of Jack Shurman and Helen Shurman, by and through their undersigned counsel, submit this Answer and Affirmative Defenses to the Amended Complaint dated January 25, 2012 (the "Amended Complaint") filed by Irving Picard ("Plaintiff" or "Trustee") as Trustee of Bernard L. Madoff Investment Securities ("BLMIS") as follows:  To the extent any allegation is not specifically admitted, it is expressly denied. No response is required to the various headings or subheadings throughout the Complaint.  To the extent that responses are required to the various headings or subheadings, however, all are denied.

1.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, except expressly deny that this adversary arises from a Ponzi scheme, but admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refer the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.  Defendants deny they received avoidable transfers.

2.      Paragraph 2 consists of characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny that they were beneficiaries of a Ponzi scheme, they received other people's money or avoidable transfers, and that any payments they received are fictitious profits or recoverable by the Trustee.

3.      Defendants admit that Plaintiff purports to have brought this action under 15 U.S.C. §§78 fff(b),78 fff-1(a),78 fff-2(c) and 78 fff-2(c)(3), section 105(a), 544, 548(a), 550 and 551 of

title 11 of the United states Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act New York Debtor and Creditor Law §270 et seq. (McKinney 2001) ("DCL"), and other applicable law, but deny that Plaintiff is entitled to any relief against the Defendants pursuant to the cited provisions or otherwise.    Defendants further deny that Defendants incurred fraudulent obligations or received fraudulent conveyances in connection with certain transfers by BLMIS and that Plaintiff is entitled set aside, avoid or recover any transfers from BLMIS.    Defendants respectfully refer the Court to the Order of the United States District Court for the Southern district of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

4.    Defendants admit that Plaintiff commenced this adversary proceeding "in the same Court before which the main SIPA proceeding, No. 08-01789 (BRL) is pending", but deny that the Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334, 15 U.S.C. §§78 eeee(b)(2)(A).    The remaining allegations of Paragraph 4 consist of legal conclusion as to which no response is required.    To the extent a response is required, Defendants respectfully refer this Court to the docket of proceedings in the United States District Court for an accurate account of the reference of this adversary proceeding.

5.    Paragraph 5 of the Amended Complaint consists of conclusions of law as to which no answer is required.    To the extent an answer is required, Defendants deny the allegation contained in Paragraph 5, do not consent to the entry of a final judgment by the Bankruptcy Court, and respectfully refer all questions of law to the appropriate court.    Defendants demand a trial by jury.

6.      Paragraph 6 of the Amended Complaint consists of conclusions of law as to which no answer is required.  To the extent an answer is required, Defendants deny the allegation contained in Paragraph 6 and respectfully refer all questions of law to the appropriate court.

7.      Defendants admit that Jack Shurman is deceased and that the estate holds an account in BLMIS.

8.      Defendants admit that Helen Shurman is deceased and the estate holds an account in BLMIS.

9.      Paul Shurman admits that he is a resident of Melville, New York and that he is an executor and beneficiary of the Jack Estate and the Helen Estate, as defined by the Trustee.

10.      William Shurman admits that he is a resident of Danville, California and that he is an executor and beneficiary of the Jack Estate and the Helen Estate**,** as defined by the Trustee**.**

11.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein.  The footnote to Paragraph 11 consists of a legal conclusion to which no response is required.

12.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint, and refer the Court to the referenced order for the complete contents therein.

13.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint, and refer the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

14.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint, and refer the Court to the referenced order for the complete contents therein.

15.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint, and refer the Court to the referenced orders for the complete contents therein.

16.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint, and refer the Court to the Plea Allocution for the complete contents therein.

17.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint, and refer the Court to the referenced Plea Allocutions for the complete contents therein.

18.     Paragraph 18 of the Amended Complaint consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

21.     Paragraph 21 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and each sub part in Paragraph 21 of the Amended Complaint.

22.     Defendants admit that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Amended Complaint.

23.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint, but expressly deny that any Defendants account were operated pursuant to a 'split strike conversion' strategy throughout its history.

25.     Defendants admit that it received monthly statements but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Amended Complaint.  To the extent that Plaintiff relies on the Madoff's plea allocution for the allegations in Paragraph 25, Defendants refer the Court to the referenced plea allocution for the complete contents therein.

26.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

27.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint.

28.    Paragraph 28 of the Amended Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 28 of the Amended Complaint.

29.    Paragraph 29 of the Amended Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny that any monies sent to BLMIS was used to enrich the Defendants and deny knowledge and information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 29 of the Amended Complaint.

30.    Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 30 of the Amended Complaint.

31.    Defendants admit it received monthly statements, but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Amended Complaint.

32.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint.

33.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint.

34.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint and refer the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

35.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Paragraph 36 of the Amended Complaint consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Defendants admit accounts were maintained at BLMIS and that they received periodic customer statements, confirmations and other communications from BLMIS

38.     Defendants admit that accounts were opened at BLMIS and that deposits were made to and withdrawals made from those accounts.  Defendants further state that account holders received periodic statements. Confirmations and other reports from BLMIS.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 of the Amended Complaint,

39.     Paragraph 39 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required.  To the extent any response is required, Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40.     Paragraph 40 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.     Paragraph 41 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint.

42.     Defendants admit that it made certain transfers and received certain transfers from BLMIS prior to December 8, 2008, but further state that the remaining allegations consist of legal

conclusions and/or arguments as to which no response is required.  Defendants respectfully refer the Court to Columns 10 and 11 for the complete contents thereof.

43.    Paragraph 43 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint.

44.    Paragraph 44 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 44 of the Amended Complaint.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

45.    Paragraph 45 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 45 of the Amended Complaint.

46.    Paragraph 46 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 45 of the Amended Complaint

47.    Paragraph 47 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny that Plaintiff is entitled to relief under section 550(a) of the Bankruptcy Code or otherwise and refers all questions of law to the appropriate court.

48.    Paragraph 48 of the Amended Complaint does not consist of any factual allegation for which a response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 48 of the Amended Complaint.

49.    Paragraph 49 of the Amended Complaint does not consist of any factual allegation for which no response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 49 of the Amended Complaint.

50.    Defendant lacks knowledge and information except that Defendant admits that it submitted a customer claim on or about April 6, 2009.

51.    Defendants admit the allegations in Paragraph 51 of the Amended Complaint.

52.    Defendants admit the allegation in Paragraph 52 of the Amended Complaint.

53.    Defendants deny information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint.  To the extent a response is required,

Defendants refer the Court to the referenced Order for the complete contents therein.

54.    Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

55.    Paragraph 55 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

56.    Paragraph 56 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint.

57.    Paragraph 57 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Paragraph 58 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Paragraph 59 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Paragraph 60 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

62.     Paragraph 62 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint.

63.     Paragraph 63 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Paragraph 64 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Paragraph 65 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 65 of the Amended Complaint.

66.    Paragraph 66 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 66 of the Amended Complaint.

67.    Paragraph 67 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 67 of the Amended Complaint.

68.    Paragraph 68 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 68 of the Amended Complaint.

69.    Paragraph 69 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70.    Paragraph 70 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

71.    Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

72.     Paragraph 72 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73.     Paragraph 73 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 73 of the Amended Complaint.

74.     Paragraph 74 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.     Paragraph 75 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

76.     Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

77.     Paragraph 77 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint.

78.      Paragraph 78 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.      Paragraph 79 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint.

80.      Paragraph 80 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.      Paragraph 81 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 81 of the Amended Complaint.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

82.      Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Amended Complaint as if fully set forth herein.

83.      Paragraph 83 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint.

84.    Paragraph 84 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 84 of the Amended Complaint.

85.    Paragraph 85 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.    Paragraph 86 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 86 of the Amended Complaint.

87.    Paragraph 87 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 88 of the Amended Complaint.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

88.    Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Amended Complaint as if fully set forth herein.

89.    Paragraph 89 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.    Paragraph 90 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.    Paragraph 91 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 91 of the Amended Complaint.

92.    Paragraph 92 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 92 of the Amended Complaint.

93.    Paragraph 93 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

94.    Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Amended Complaint as if fully set forth herein. .

95.    Paragraph 95 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.    Paragraph 96 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.    Paragraph 97 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint.

98.    Paragraph 98 of the Amended Complaint consists of legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99.    Paragraph 99 of the Amended Complaint consists of  legal conclusions and/or arguments as to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  Defendants do not undertake any burdens that properly

rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendant.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code. See Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101). In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action. Defendants further reserve all rights to amend or modify their Answer accordingly. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, inter alia, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendant could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendant were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and Defendants dos not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

## FOURTH AFFIRMATIVE DEFENSE

The claims against individual Defendants are barred by state law, including, but not limited to, section 5205 of the New York Civil Practice Law and Rules, and other state law.

## FIFTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

## SIXTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA.   The Trustee has not established that there is a shortfall in customer property.

## SEVENTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of BLMIS' obligations.   Absent avoidance of obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts.   To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver, equitable estoppel and/or laches.

## TWELFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because BLMIS was not insolvent at the time of the transfers allegedly received by the Defendants ands BLMIS did not become insolvent as a result of such transfers

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by the Defendants, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against Defendants under sections 548 and 550 of the Bankruptcy Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against such Defendant under sections 548 and 550 of the Bankruptcy Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against

such Defendant under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against such Defendant under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

NINETEENTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

TWENTIETH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff, recoupment or equitable adjustment because the Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and

misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Each of the counts alleging a fraudulent transfer is subject to setoff, recoupment or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by t.he doctrine of *in pari delicto*, unclean hands or other related equitable defenses.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers or obligations that occurred prior to six years before the Filing Date.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly credit inter-account transfers.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Even if the transfers were avoidable, the transfers may not be recovered as Defendants are not initial transferee of the transfers, entity for whose benefit the transfers were made, or immediate or mediate transferee of the transfers.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Even if the Transfers were avoidable, the Transfers may not be recovered as the from the Defendants as the Defendants are not the initial transferees of the Transfers or entities for whose benefit the Transfers were made.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs claims under section 548(a)(1)(A) are barred because Defendants are the parties that BLMIS sought to hinder, delay and defraud

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Even if the Trustee would be entitled to the return of some or all of the transfers, he would not be not entitled to interest from the date of each alleged transfer.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Trustee failed to properly account for inter account transfers.

WHEREFORE, Defendants demand judgment (a) dismissing each of the claims asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: April 17, 2014
      New York, New York

DENTONS US LLP

By: /s/ Carole Neville
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants*