**Blank Rome LLP**
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendants*
*G.S. Schwartz & Co., Inc. and*
*Gerald S. Schwartz*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>G.S. SCHWARTZ & CO., INC and GERALD S. SCHWARTZ,<br><br>Defendants | Adv. Pro. No. 10-04526 (SMB)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants G.S. Schwartz & Co., Inc. and Gerald S. Schwartz (collectively, the "Defendants"), by and through their undersigned counsel Blank Rome LLP, answer the complaint (the "Complaint") filed by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:

## AS TO NATURE OF PROCEEDING

1. The Trustee's allegation that the Defendants received avoidable transfers from BLMIS purports to state a legal conclusion, to which no response is required. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2. To the extent that the Trustee refers to BLMIS account records in Paragraph 2 of the Complaint, Defendants refer to those documents for their full content. To the extent the Trustee repeats legal conclusions, no response is required. Defendants deny the Trustee's allegations that they: (i) were beneficiaries of the BLMIS Ponzi scheme; (ii) received fictitious profits of the BLMIS Ponzi scheme and (iii) that they "received $1,927,479 of other people's money." Defendants lack information sufficient to form a belief as to the truth of the Trustee's allegations regarding his investigation or the purpose of his bringing this lawsuit.

3. The Trustee asserts certain legal and statutory bases for this action, to which no response is required. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4.     Paragraph 4 of the Complaint purports to state a legal conclusion, to which no response is required.

5.     Paragraph 5 of the Complaint purports to state a legal conclusion, to which no response is required.

6.     Paragraph 6 of the Complaint purports to state a legal conclusion, to which no response is required.

## AS TO DEFENDANTS

7.     Defendants admit that G.S. Schwartz & Co., Inc. is a corporation that was formed under the laws of the state of New York and its principal place of business is in New York, New York. The Trustee's remaining allegations in Paragraph 7 of the Complaint refers to BLMIS account records; Defendants refer to those documents for their full content.

8.     Defendants admit that Defendant Gerald S. Schwartz maintains his residence in New York, New York. Defendants admit that Defendant Gerald S. Schwartz is the president of G.S. Schwartz & Co., Inc., but deny that he is the sole proprietor of that entity. The Trustee's remaining allegations in Paragraph 8 of the Complaint refers to BLMIS account records; Defendants refer to those documents for their full content.

## AS TO BACKGROUND, THE TRUSTEE AND STANDING

9.     To the extent the Trustee's allegations in paragraph 9 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

3

10. To the extent the Trustee's allegations in paragraph 10 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint.

11. To the extent the Trustee's allegations in paragraph 11 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. To the extent the Trustee's allegations in paragraph 12 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13. To the extent the Trustee's allegations in paragraph 13 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. To the extent the Trustee's allegations in paragraph 14 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.

15. To the extent the Trustee's allegations in paragraph 15 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

16. The Trustee's allegations in paragraph 16 of the Complaint concerning his statutory authority under the Securities Investor Protection Act ("SIPA") purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 16 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17. The Trustee's allegations in paragraph 17 of the Complaint purport to state a legal conclusion, to which no response is required.

18. The Trustee's allegations in paragraph 18 of the Complaint purport to state a legal conclusion, to which no response is required.

19. The Trustee's allegations in paragraph 19 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 19 of the Complaint reference documents, Defendants refer to those documents for their full content. Except as so stated, Defendants deny knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint.

## AS TO THE FRAUDULENT PONZI SCHEME

20. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. To the extent the Trustee's allegations in paragraph 23 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

24. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. To the extent the Trustee's allegations in paragraph 27 of the Complaint purport to state a legal conclusion, no response is required. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint.

28. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. To the extent the Trustee's allegations in paragraph 29 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint.

30. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. To the extent the Trustee's allegations in paragraph 32 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.

33. To the extent the Trustee's allegations in paragraph 33 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint.

34. To the extent the Trustee's allegations in paragraph 34 of the Complaint state a legal conclusion regarding insolvency, no response is required. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint.

## AS TO THE TRANSFERS

35. Defendants refer to the documents referenced in Paragraph 35 of the Complaint for their full content.

36. Defendants admit that they made deposits into their BLMIS accounts. Defendants refer to the documents referenced in Paragraph 36 of the Complaint for their full content.

Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37.  The Trustee's allegations in paragraph 37 of the Complaint purport to state a legal conclusion, to which no response is required.  To the extent the Trustee's allegations in paragraph 37 of the Complaint reference documents, Defendants refer to those documents for their full content.  Except as so stated, Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.  Defendants deny the allegations in paragraph 38 of the Complaint.  Defendants refer to the documents referenced in Paragraph 38 of the Complaint for their full content.  Defendants further aver that the so called "Six Year Claims" referenced in paragraph 38 of the Complaint have been dismissed.

39.  Defendants deny the allegations in paragraph 39 of the Complaint.

40.  The Trustee's allegations in paragraph 40 of the Complaint purport to state a legal conclusion to which no response is required.

41.  The Trustee's allegations in paragraph 41 of the Complaint do not state any factual allegations to which a response is required.  Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.  Paragraph 42 contains no factual allegations; accordingly, no response is required.

## AS TO COUNT ONE
## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

43.  Defendants incorporate their responses to paragraphs 1 through 42 of the Complaint as if set forth at length herein.

8

44.     To the extent the Trustee's allegations in paragraph 44 of the Complaint state a legal conclusion, no response is required. Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45.     To the extent the Trustee's allegations in paragraph 45 of the Complaint state a legal conclusion, no response is required. Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46.     To the extent the Trustee's allegations in paragraph 46 of the Complaint state a legal conclusion, no response is required. Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47.     To the extent the Trustee's allegations in paragraph 47 of the Complaint state a legal conclusion, no response is required. Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48.     To the extent the Trustee's allegations in paragraph 48 of the Complaint state a legal conclusion, no response is required. Defendants deny the remaining allegations in paragraph 48 of the Complaint.

### AS TO COUNT TWO
### FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

49.     Defendants incorporate their responses to paragraphs 1 through 48 of the Complaint as if set forth at length herein.

50.     To the extent the Trustee's allegations in paragraph 50 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 50 of the Complaint, and further aver that this count has been dismissed.

9

51. To the extent the Trustee's allegations in paragraph 51 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 51 of the Complaint, and further aver that this count has been dismissed.

52. To the extent the Trustee's allegations in paragraph 52 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 52 of the Complaint, and further aver that this count has been dismissed.

53. To the extent the Trustee's allegations in paragraph 53 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 53 of the Complaint, and further aver that this count has been dismissed.

54. To the extent the Trustee's allegations in paragraph 54 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 54 of the Complaint, and further aver that this count has been dismissed.

55. To the extent the Trustee's allegations in paragraph 55 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 55 of the Complaint, and further aver that this count has been dismissed.

56. To the extent the Trustee's allegations in paragraph 56 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 56 of the Complaint, and further aver that this count has been dismissed.

57. To the extent the Trustee's allegations in paragraph 57 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 57 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT THREE
### FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

58. Defendants incorporate their responses to paragraphs 1 through 57 of the Complaint as if set forth at length herein.

59. To the extent the Trustee's allegations in paragraph 59 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 59 of the Complaint, and further aver that this count has been dismissed.

60. To the extent the Trustee's allegations in paragraph 60 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 60 of the Complaint, and further aver that this count has been dismissed.

61. To the extent the Trustee's allegations in paragraph 61 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 61 of the Complaint, and further aver that this count has been dismissed.

62. To the extent the Trustee's allegations in paragraph 62 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 62 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT FOUR
### FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

63. Defendants incorporate their responses to paragraphs 1 through 62 of the Complaint as if set forth at length herein.

64.     To the extent the Trustee's allegations in paragraph 64 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 64 of the Complaint, and further aver that this count has been dismissed.

65.     To the extent the Trustee's allegations in paragraph 65 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 65 of the Complaint, and further aver that this count has been dismissed.

66.     To the extent the Trustee's allegations in paragraph 66 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 66 of the Complaint, and further aver that this count has been dismissed.

67.     To the extent the Trustee's allegations in paragraph 67 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 67 of the Complaint, and further aver that this count has been dismissed.

68.     To the extent the Trustee's allegations in paragraph 68 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 68 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

69.     Defendants incorporate their responses to paragraphs 1 through 68 of the Complaint as if set forth at length herein.

70.     To the extent the Trustee's allegations in paragraph 70 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 70 of the Complaint, and further aver that this count has been dismissed.

12

71. To the extent the Trustee's allegations in paragraph 71 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 71 of the Complaint, and further aver that this count has been dismissed.

72. To the extent the Trustee's allegations in paragraph 72 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 72 of the Complaint, and further aver that this count has been dismissed.

73. To the extent the Trustee's allegations in paragraph 73 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 73 of the Complaint, and further aver that this count has been dismissed.

74. To the extent the Trustee's allegations in paragraph 74 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 74 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT SIX
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

75. Defendants incorporate their responses to paragraphs 1 through 74 of the Complaint as if set forth at length herein.

76. To the extent the Trustee's allegations in paragraph 76 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 76 of the Complaint, and further aver that this count has been dismissed.

77. To the extent the Trustee's allegations in paragraph 77 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 77 of the Complaint, and further aver that this count has been dismissed.

78. To the extent the Trustee's allegations in paragraph 78 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 78 of the Complaint, and further aver that this count has been dismissed.

79. To the extent the Trustee's allegations in paragraph 79 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 79 of the Complaint, and further aver that this count has been dismissed.

80. To the extent the Trustee's allegations in paragraph 80 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 80 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

81.   Defendants incorporate their responses to paragraphs 1 through 80 of the Complaint by reference as if set forth in full herein.

82.   To the extent the Trustee's allegations in paragraph 82 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 82 of the Complaint, and further aver that this count has been dismissed.

83.   To the extent the Trustee's allegations in paragraph 83 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 83 of the Complaint, and further aver that this count has been dismissed.

84.   To the extent the Trustee's allegations in paragraph 84 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 84 of the Complaint, and further aver that this count has been dismissed.

85.   To the extent the Trustee's allegations in paragraph 85 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 85 of the Complaint, and further aver that this count has been dismissed.

86.   To the extent the Trustee's allegations in paragraph 86 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 86 of the Complaint, and further aver that this count has been dismissed.

**WHEREFORE** Defendants demand judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants did not breach any duties owed to the Trustee, BLMIS, the BLMIS Estate or BLMIS's creditors.

### THIRD DEFENSE

Counts Two through Seven of the Complaint have been dismissed.

### FOURTH DEFENSE

The Trustee's claims are barred because any withdrawals made by Defendants from their BLMIS accounts represent payments that discharged valid debts, which are not avoidable fraudulent transfers under either the Bankruptcy Code or New York law.

### FIFTH DEFENSE

Section 546(e) of the Bankruptcy Code precludes the Trustee's ability to recover.

### SIXTH DEFENSE

Defendants are entitled to an offset for unrecoverable taxes paid on phantom investment income.

### SEVENTH DEFENSE

Bankruptcy courts cannot enter final dispositions in fraudulent transfer proceedings because such rulings are unconstitutional usurpations of the judicial power reserved for Article III Courts. The asserted claims are not core proceedings and Defendants do not consent to the

entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

## EIGHTH DEFENSE

The Trustee's Complaint is barred by the doctrine of *in pari delicto*.

## NINTH DEFENSE

The Trustee's Complaint is barred by the doctrine of laches.

**WHEREFORE** Defendants demand judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

Dated: April 17, 2014

Blank Rome LLP
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants*
*G.S. Schwartz & Co., Inc.*
*and Gerald S. Schwartz*

17