**Blank Rome LLP**
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>             Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>             Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>             Plaintiff, <br><br> v. <br><br> BEASER INVESTMENT COMPANY LP; BEASER INVESTMENT MANAGEMENT COMPANY LLC, as general partner of the Beaser Investment Company LP; RICHARD S. BEASER, as general partner of the Beaser Investment Company LP and individually; SHIRLEY B. BEASER, as general partner of the Beaser | Adv. Pro. No. 10-05086 (SMB) <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

1

> Investment Company LP; and ROBERT H.
> BEASER, as general partner of the Beaser
> Investment Company LP,
>
>                     Defendants.

Defendants, by and through their undersigned counsel Blank Rome LLP, answer the

complaint (the "Complaint") filed by Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as

follows:

## AS TO NATURE OF PROCEEDING

1.      The Trustee's allegation that the Defendants received avoidable transfers from

BLMIS purports to state a legal conclusion, to which no response is required.  Defendants admit

that Shirley Beaser is the wife of the late Samuel Beaser and Defendants Richard Beaser and

Robert Beaser are the sons of Samuel and Shirley Beaser.  Defendants lack information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the

Complaint.

2.      To the extent that the Trustee refers to BLMIS account records in Paragraph 2 of

the Complaint, Defendants refer to those documents for their full content.  To the extent the

Trustee repeats legal conclusions, no response is required.  Defendants deny the Trustee's

assertions that they: (i) were beneficiaries of the BLMIS Ponzi scheme; (ii) received fictitious

profits of the BLMIS Ponzi scheme and (iii) that they "received $3,340,000 of other people's

money."  Defendants lack information sufficient to form a belief as to the truth of the Trustee's

allegations regarding his investigation or the purpose of his bringing this lawsuit.

2

3.      The Trustee asserts certain legal and statutory bases for this action, to which no response is required.  Defendants lack information sufficient to form a belief as to the truth of the other allegations in paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint purports to state a legal conclusion, to which no response is required.

5.      Paragraph 5 of the Complaint purports to state a legal conclusion, to which no response is required.

6.      Paragraph 6 of the Complaint purports to state a legal conclusion, to which no response is required.

## AS TO DEFENDANTS

7.      To the extent the Trustee's allegations in paragraph 7 of the Complaint refer to BLMIS account records, Defendants refer to those documents for their full contents.  Defendants admit that the Beaser Investment Company, L.P. is a limited partnership organized under the laws of the State of Nevada.  The principal business office of the Beaser Investment Company, L.P. is located at 202 North Curry Street, #100, Carson City, Nevada 89703-4121.  Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8.      Defendants admit that the Beaser Investment Management Company, LLC is a limited liability company organized under the laws of the State of Nevada in 2002, and is the general partner of the Beaser Investment Company, L.P.  The principal business office of the Beaser Investment Management Company, LLC is located at 202 North Curry Street, #100,

3

Carson City, Nevada 89703-4121.  Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.      Defendants deny that Richard Beaser is a general partner of the Beaser Investment Company, LLC.  Defendants admit the remaining allegations in paragraph 9 of the Complaint.

10.     Defendants deny that Shirley Beaser is a general partner of the Beaser Investment Company, LLC.  Defendants admit the remaining allegations in paragraph 10 of the Complaint.

11.     Defendants deny that Robert Beaser is a general partner of the Beaser Investment Company, LLC.  Defendants admit the remaining allegations in paragraph 11 of the Complaint.

12.     Defendants refer to the documents referenced in paragraph 12 of the Complaint for their full content.  To the extent paragraph 12 contains allegations against non-parties, no response is required.

### AS TO BACKGROUND, THE TRUSTEE AND STANDING

13.     To the extent the Trustee's allegations in paragraph 13 of the Complaint reference documents, Defendants refer to those documents for their full content.  Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     To the extent the Trustee's allegations in paragraph 14 of the Complaint reference documents, Defendants refer to those documents for their full content.  Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     To the extent the Trustee's allegations in paragraph 15 of the Complaint reference documents, Defendants refer to those documents for their full content.  Defendants lack

4

information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.   To the extent the Trustee's allegations in paragraph 16 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.   To the extent the Trustee's allegations in paragraph 17 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.   To the extent the Trustee's allegations in paragraph 18 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.   To the extent the Trustee's allegations in paragraph 19 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.   The Trustee's allegations in paragraph 20 of the Complaint concerning his statutory authority under the Securities Investor Protection Act ("SIPA") purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 20 of the Complaint reference documents, Defendants refer to those documents for

their full content.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint.

21.    The Trustee's allegations in paragraph 21 of the Complaint purport to state a legal conclusion, to which no response is required.

22.    The Trustee's allegations in paragraph 22 of the Complaint purport to state a legal conclusion, to which no response is required.

23.    The Trustee's allegations in paragraph 23 of the Complaint purport to state a legal conclusion, to which no response is required.  To the extent the Trustee's allegations in paragraph 23 of the Complaint reference documents, Defendants refer to those documents for their full content.  Except as so stated, Defendants deny knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

<b>AS TO THE FRAUDULENT PONZI SCHEME</b>

24.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.    To the extent the Trustee's allegations in paragraph 27 of the Complaint reference documents, Defendants refer to those documents for their full content.  Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     To the extent the Trustee's allegations in paragraph 33 of the Complaint reference documents, Defendants refer to those documents for their full content.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint.

34.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     To the extent the Trustee's allegations in paragraph 36 of the Complaint reference documents, Defendants refer to those documents for their full content.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

7

37.     To the extent the Trustee's allegations in paragraph 37 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint.

38.     To the extent the Trustee's allegations in paragraph 38 of the Complaint state a legal conclusion regarding insolvency, no response is required. Defendants lack information sufficient to form a belief as to the truth of the other allegations in paragraph 38 of the Complaint.

## AS TO THE TRANSFERS

39.     Defendants refer to the documents referenced in Paragraph 39 of the Complaint for their full content.

40.     Defendants admit that they made deposits into their BLMIS account. Defendants refer to the documents referenced in Paragraph 40 of the Complaint for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

41.     The Trustee's allegations in paragraph 41 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 41 of the Complaint reference documents, Defendants refer to those documents for their full content. Except as so stated, Defendants deny the allegations in paragraph 36 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint. Defendants refer to the documents referenced in Paragraph 42 of the Complaint for their full content.

8

Defendants further aver that the so called "Six Year Claims" referenced in paragraph 42 of the Complaint have been dismissed.

43.    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    The Trustee's allegations in paragraph 45 of the Complaint do not state anything to which a response is required. Except as so stated, Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.    Paragraph 46 contains no factual allegations; accordingly, no response is required.

## AS TO COUNT ONE
## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

47.    Defendants incorporate their responses to paragraphs 1 through 46 of the Complaint as if set forth at length herein.

48.    To the extent the Trustee's allegations in paragraph 48 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 48 of the Complaint.

49.    To the extent the Trustee's allegations in paragraph 49 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 49 of the Complaint.

50.    To the extent the Trustee's allegations in paragraph 50 of the Complaint state a legal conclusion, no response is required. Defendants deny the other in paragraph 50 of the Complaint.

51.     To the extent the Trustee's allegations in paragraph 51 of the Complaint state a legal conclusion, no response is required.  Defendants deny the other allegations in paragraph 51 of the Complaint.

52.     To the extent the Trustee's allegations in paragraph 52 of the Complaint state a legal conclusion, no response is required.  Defendants deny the other allegations in paragraph 52 of the Complaint.

**AS TO COUNT TWO**
**FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551**

53.     Defendants incorporate their responses to paragraphs 1 through 52 of the Complaint as if set forth at length herein.

54.     To the extent the Trustee's allegations in paragraph 54 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 54 of the Complaint, and further aver that this count has been dismissed.

55.     To the extent the Trustee's allegations in paragraph 55 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 55 of the Complaint, and further aver that this count has been dismissed.

56.     To the extent the Trustee's allegations in paragraph 56 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 56 of the Complaint, and further aver that this count has been dismissed.

57.     To the extent the Trustee's allegations in paragraph 57 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 57 of the Complaint, and further aver that this count has been dismissed.

58.     To the extent the Trustee's allegations in paragraph 58 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 58 of the Complaint, and further aver that this count has been dismissed.

59.     To the extent the Trustee's allegations in paragraph 59 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 59 of the Complaint, and further aver that this count has been dismissed.

60.     To the extent the Trustee's allegations in paragraph 60 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 60 of the Complaint, and further aver that this count has been dismissed.

61.     To the extent the Trustee's allegations in paragraph 61 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 61 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT THREE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

62.     Defendants incorporate their responses to paragraphs 1 through 61 of the Complaint as if set forth at length herein.

63.     To the extent the Trustee's allegations in paragraph 63 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 63 of the Complaint, and further aver that this count has been dismissed.

64.     To the extent the Trustee's allegations in paragraph 64 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 64 of the Complaint, and further aver that this count has been dismissed.

65.     To the extent the Trustee's allegations in paragraph 65 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 65 of the Complaint, and further aver that this count has been dismissed.

66.     To the extent the Trustee's allegations in paragraph 66 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 66 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT FOUR
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

67.     Defendants incorporate their responses to paragraphs 1 through 66 of the Complaint as if set forth at length herein.

68.     To the extent the Trustee's allegations in paragraph 68 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 68 of the Complaint, and further aver that this count has been dismissed.

69.     To the extent the Trustee's allegations in paragraph 69 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 69 of the Complaint, and further aver that this count has been dismissed.

70.     To the extent the Trustee's allegations in paragraph 70 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 70 of the Complaint, and further aver that this count has been dismissed.

71.     To the extent the Trustee's allegations in paragraph 71 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 71 of the Complaint, and further aver that this count has been dismissed.

72.     To the extent the Trustee's allegations in paragraph 72 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 72 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

73.     Defendants incorporate their responses to paragraphs 1 through 72 of the Complaint as if set forth at length herein.

74.     To the extent the Trustee's allegations in paragraph 74 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 74 of the Complaint, and further aver that this count has been dismissed.

75.     To the extent the Trustee's allegations in paragraph 75 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 75 of the Complaint, and further aver that this count has been dismissed.

76.     To the extent the Trustee's allegations in paragraph 76 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 76 of the Complaint, and further aver that this count has been dismissed.

77.     To the extent the Trustee's allegations in paragraph 77 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 77 of the Complaint, and further aver that this count has been dismissed.

78.     To the extent the Trustee's allegations in paragraph 78 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 78 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT SIX
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

79.    Defendants incorporate their responses to paragraphs 1 through 78 of the Complaint as if set forth at length herein.

80.    To the extent the Trustee's allegations in paragraph 80 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 80 of the Complaint, and further aver that this count has been dismissed.

81.    To the extent the Trustee's allegations in paragraph 81 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 81 of the Complaint, and further aver that this count has been dismissed.

82.    To the extent the Trustee's allegations in paragraph 82 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 82 of the Complaint, and further aver that this count has been dismissed.

83.    To the extent the Trustee's allegations in paragraph 83 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 83 of the Complaint, and further aver that this count has been dismissed.

84.    To the extent the Trustee's allegations in paragraph 84 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 84 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

85.     Defendants incorporate their responses to paragraphs 1 through 84 of the Complaint by reference as if set forth in full herein.

86.     To the extent the Trustee's allegations in paragraph 86 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 86 of the Complaint, and further aver that this count has been dismissed.

87.     To the extent the Trustee's allegations in paragraph 87 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 87 of the Complaint, and further aver that this count has been dismissed.

88.     To the extent the Trustee's allegations in paragraph 88 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 88 of the Complaint, and further aver that this count has been dismissed.

89.     To the extent the Trustee's allegations in paragraph 89 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 89 of the Complaint, and further aver that this count has been dismissed.

90.     To the extent the Trustee's allegations in paragraph 90 of the Complaint state a legal conclusion, no response is required.  Defendants deny the allegations in paragraph 90 of the Complaint, and further aver that this count has been dismissed.

**WHEREFORE** Defendants demand judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

15

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants did not breach any duties owed to the Trustee, BLMIS, the BLMIS Estate or BLMIS's creditors.

### THIRD DEFENSE

Counts Two through Seven of the Complaint have been dismissed.

### FOURTH DEFENSE

The Trustee's claims are barred because any withdrawals made by Defendants from their BLMIS accounts represent payments that discharged valid debts, which are not avoidable fraudulent transfers under either the Bankruptcy Code or New York law.

### FIFTH DEFENSE

Section 546(e) of the Bankruptcy Code precludes the Trustee's ability to recover.

### SIXTH DEFENSE

The Trustee's Complaint is barred by the doctrine of laches.

### SEVENTH DEFENSE

Defendants are entitled to an offset for unrecoverable taxes paid on phantom investment income.

16

### EIGHTH DEFENSE

Bankruptcy courts cannot enter final dispositions in fraudulent transfer proceedings because such rulings are unconstitutional usurpations of the judicial power reserved for Article III Courts. The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

### NINTH DEFENSE

The Trustee's Complaint is barred by the doctrine of *in pari delicto*.

**WHEREFORE** Defendants demand judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

Dated: April 17, 2014

Blank Rome LLP
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendants*

17