**Blank Rome LLP**
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendant*
*Stanley Kreitman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>STANLEY KREITMAN,<br><br>        Defendant | Adv. Pro. No. 10-04626 (BRL)<br><br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendant Stanley Kreitman, by and through his undersigned counsel Blank Rome LLP, answers the complaint (the "Complaint") filed by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:

## AS TO NATURE OF PROCEEDING

1.      The Trustee's allegation that the Defendant received avoidable transfers from BLMIS purports to state a legal conclusion, to which no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2.      To the extent that the Trustee refers to BLMIS account records in Paragraph 2 of the Complaint, Defendant refers to those documents for their full content. To the extent the Trustee repeats legal conclusions, no response is required. Defendant denies the Trustee's allegations that he: (i) was a beneficiary of the BLMIS Ponzi scheme; (ii) received fictitious profits of the BLMIS Ponzi scheme and (iii) that he received "$1,485,000 of other people's money." Defendant lacks information sufficient to form a belief as to the truth of the Trustee's allegations regarding his investigation or the purpose of his bringing this lawsuit.

3.      The Trustee alleges certain legal and statutory bases for this action, to which no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint purports to state a legal conclusion, to which no response is required.

2

5.      Paragraph 5 of the Complaint purports to state a legal conclusion, to which no response is required.

6.      Paragraph 6 of the Complaint purports to state a legal conclusion, to which no response is required.

### AS TO DEFENDANT

7.      Defendant denies that he resides in East Hills, New York.  The Trustee's remaining allegations in Paragraph 7 of the Complaint refers to BLMIS account records; Defendant refers to those documents for their full content.

### AS TO BACKGROUND, THE TRUSTEE AND STANDING

8.      To the extent the Trustee's allegations in paragraph 8 of the Complaint reference documents, Defendant refers to those documents for their full content.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9.      To the extent the Trustee's allegations in paragraph 9 of the Complaint reference documents, Defendant refers to those documents for their full content.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

10.     To the extent the Trustee's allegations in paragraph 10 of the Complaint reference documents, Defendant refers to those documents for their full content.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint.

3

11.    To the extent the Trustee's allegations in paragraph 11 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12.    To the extent the Trustee's allegations in paragraph 12 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13.    To the extent the Trustee's allegations in paragraph 13 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14.    To the extent the Trustee's allegations in paragraph 14 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.

15.    The Trustee's allegations in paragraph 15 of the Complaint concerning his statutory authority under the Securities Investor Protection Act ("SIPA") purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 15 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

4

16.    The Trustee's allegations in paragraph 16 of the Complaint purport to state a legal conclusion, to which no response is required.

17.    The Trustee's allegations in paragraph 17 of the Complaint purport to state a legal conclusion, to which no response is required.

18.    The Trustee's allegations in paragraph 18 of the Complaint purport to state a legal conclusion, to which no response is required.  To the extent the Trustee's allegations in paragraph 18 of the Complaint reference documents, Defendant refers to those documents for their full content.  Except as so stated, Defendant denies knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint.

<b><u>AS TO THE FRAUDULENT PONZI SCHEME</u></b>

19.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.    To the extent the Trustee's allegations in paragraph 22 of the Complaint reference documents, Defendant refers to those documents for their full content.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint.

23.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

5

24.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     To the extent the Trustee's allegations in paragraph 26 of the Complaint purport to state a legal conclusion, no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint.

27.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     To the extent the Trustee's allegations in paragraph 28 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

29.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     To the extent the Trustee's allegations in paragraph 31 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint.

6

32.     To the extent the Trustee's allegations in paragraph 32 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.

33.     To the extent the Trustee's allegations in paragraph 33 of the Complaint state a legal conclusion regarding insolvency, no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint.

## AS TO THE TRANSFERS

34.     Defendant refers to the documents referenced in Paragraph 34 of the Complaint for their full content.

35.     Defendant admits that he made deposits into his BLMIS accounts. Defendant refers to the documents referenced in Paragraph 35 of the Complaint for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint.

36.     The Trustee's allegations in paragraph 36 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 36 of the Complaint reference documents, Defendant refers to those documents for their full content. Except as so stated, Defendant denies the remaining allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint. Defendant refers to the documents referenced in Paragraph 37 of the Complaint for their full content.

7

Defendant further avers that the so called "Six Year Claims" referenced in paragraph 37 of the Complaint have been dismissed.

38.     The Trustee's allegations in paragraph 38 of the Complaint do not state any factual allegations to which a response is required. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Paragraph 39 contains no factual allegations; accordingly, no response is required.

**AS TO COUNT ONE**
**FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551**

40.     Defendant incorporates his responses to paragraphs 1 through 39 of the Complaint as if set forth at length herein.

41.     To the extent the Trustee's allegations in paragraph 41 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 41 of the Complaint.

42.     To the extent the Trustee's allegations in paragraph 42 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 42 of the Complaint.

43.     To the extent the Trustee's allegations in paragraph 43 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 43 of the Complaint.

44.     To the extent the Trustee's allegations in paragraph 44 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 44 of the Complaint.

8

45.    To the extent the Trustee's allegations in paragraph 45 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 45 of the Complaint.

## AS TO COUNT TWO
## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

46.    Defendant incorporates his responses to paragraphs 1 through 45 of the Complaint as if set forth at length herein.

47.    To the extent the Trustee's allegations in paragraph 47 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 47 of the Complaint, and further avers that this count has been dismissed.

48.    To the extent the Trustee's allegations in paragraph 48 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 48 of the Complaint, and further avers that this count has been dismissed.

49.    To the extent the Trustee's allegations in paragraph 49 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 49 of the Complaint, and further avers that this count has been dismissed.

50.    To the extent the Trustee's allegations in paragraph 50 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 50 of the Complaint, and further avers that this count has been dismissed.

51.    To the extent the Trustee's allegations in paragraph 51 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 51 of the Complaint, and further avers that this count has been dismissed.

52.     To the extent the Trustee's allegations in paragraph 52 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 52 of the Complaint, and further avers that this count has been dismissed.

53.     To the extent the Trustee's allegations in paragraph 53 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 53 of the Complaint, and further avers that this count has been dismissed.

54.     To the extent the Trustee's allegations in paragraph 54 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 54 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT THREE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

55.     Defendant incorporates his responses to paragraphs 1 through 54 of the Complaint as if set forth at length herein.

56.     To the extent the Trustee's allegations in paragraph 56 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 56 of the Complaint, and further avers that this count has been dismissed.

57.     To the extent the Trustee's allegations in paragraph 57 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 57 of the Complaint, and further avers that this count has been dismissed.

58.     To the extent the Trustee's allegations in paragraph 58 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 58 of the Complaint, and further avers that this count has been dismissed.

59.     To the extent the Trustee's allegations in paragraph 59 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 59 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT FOUR
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

60.    Defendant incorporates his responses to paragraphs 1 through 59 of the Complaint as if set forth at length herein.

61.    To the extent the Trustee's allegations in paragraph 61 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 61 of the Complaint, and further avers that this count has been dismissed.

62.    To the extent the Trustee's allegations in paragraph 62 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 62 of the Complaint, and further avers that this count has been dismissed.

63.    To the extent the Trustee's allegations in paragraph 63 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 63 of the Complaint, and further avers that this count has been dismissed.

64.    To the extent the Trustee's allegations in paragraph 64 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 64 of the Complaint, and further avers that this count has been dismissed.

65.    To the extent the Trustee's allegations in paragraph 65 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 65 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

66.     Defendants incorporates his responses to paragraphs 1 through 65 of the Complaint as if set forth at length herein.

67.     To the extent the Trustee's allegations in paragraph 67 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 67 of the Complaint, and further avers that this count has been dismissed.

68.     To the extent the Trustee's allegations in paragraph 68 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 68 of the Complaint, and further avers that this count has been dismissed.

69.     To the extent the Trustee's allegations in paragraph 69 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 69 of the Complaint, and further avers that this count has been dismissed.

70.     To the extent the Trustee's allegations in paragraph 70 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 70 of the Complaint, and furthers aver that this count has been dismissed.

71.     To the extent the Trustee's allegations in paragraph 71 of the Complaint state a legal conclusion, no response is required.  Defendant denies the remaining allegations in paragraph 71 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT SIX
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

72.     Defendant incorporates his responses to paragraphs 1 through 71 of the Complaint as if set forth at length herein.

73.     To the extent the Trustee's allegations in paragraph 73 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 73 of the Complaint, and further avers that this count has been dismissed.

74.     To the extent the Trustee's allegations in paragraph 74 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 74 of the Complaint, and further avers that this count has been dismissed.

75.     To the extent the Trustee's allegations in paragraph 75 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 75 of the Complaint, and further avers that this count has been dismissed.

76.     To the extent the Trustee's allegations in paragraph 76 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 76 of the Complaint, and furthers aver that this count has been dismissed.

77.     To the extent the Trustee's allegations in paragraph 77 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 77 of the Complaint, and further avers that this count has been dismissed.

**WHEREFORE** Defendant demands judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

14

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant did not breach any duties owed to the Trustee, BLMIS, the BLMIS Estate or BLMIS's creditors.

### THIRD DEFENSE

Counts Two through Six of the Complaint have been dismissed.

### FOURTH DEFENSE

The Trustee's claims are barred because any withdrawals made by Defendant from his BLMIS accounts represent payments that discharged valid debts, which are not avoidable fraudulent transfers under either the Bankruptcy Code or New York law.

### FIFTH DEFENSE

Section 546(e) of the Bankruptcy Code precludes the Trustee's ability to recover.

### SIXTH DEFENSE

Defendant is entitled to an offset for unrecoverable taxes paid on phantom investment income.

### SEVENTH DEFENSE

Bankruptcy courts cannot enter final dispositions in fraudulent transfer proceedings because such rulings are unconstitutional usurpations of the judicial power reserved for Article III Courts. The asserted claims are not core proceedings and Defendant does not consent to the

15

entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

## EIGHTH DEFENSE

The Trustee's Complaint is barred by the doctrine of *in pari delicto*.

## NINTH DEFENSE

The Trustee failed to properly and timely serve Defendant with the Summons and Complaint, as required by Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(5). Due to the Trustee's failure to timely serve the Complaint, the Complaint must be dismissed. Because any subsequent Complaint would be barred by the Statute Limitations, the Statute of Limitations effectively bars this Complaint as well. Accordingly, the dismissal of the Trustee's Complaint should be with prejudice.

## TENTH DEFENSE

The Trustee failed to serve the Summons and Complaint on Defendant within 120 days from the date the Complaint was filed, as required by Federal Rule of Bankruptcy Procedure 7004 and Avoidance Procedure 3.B. The Trustee's attempt to serve Defendant by mail only at a "last known address" is not sufficient to meet the requirements of Federal Rule of Bankruptcy Procedure 7004(b)(1). Due to the Trustee's failure to timely serve the Complaint, the Complaint must be dismissed. Because any subsequent Complaint would be barred by the Statute Limitations, the Statute of Limitations effectively bars this Complaint as well. Accordingly, the dismissal of the Trustee's Complaint should be with prejudice.

## ELEVENTH DEFENSE

The Trustee's Complaint is barred by the doctrine of laches.

16

## TWELFTH DEFENSE

The Trustee's Complaint is barred by the applicable Statute of Limitations.

**WHEREFORE** Defendant demands judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

Dated: April 17, 2014

Blank Rome LLP
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendant*
*Stanley Kreitman*

17