**Blank Rome LLP**
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendant*
*Kenneth W. Perlman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>KENNETH W. PERLMAN; FELICE J. PERLMAN; AND SANFORD S. PERLMAN,<br><br>                    Defendants | Adv. Pro. No. 10-04541 (SMB)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Kenneth W. Perlman ("the Defendant"), by and through his undersigned counsel Blank Rome LLP, answers the complaint (the "Complaint") filed by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:

## AS TO NATURE OF PROCEEDING

1.    The Trustee's allegation that the Defendant received avoidable transfers from BLMIS purports to state a legal conclusion, to which no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2.    To the extent that the Trustee refers to BLMIS account records in Paragraph 2 of the Complaint, Defendant refers to those documents for their full content. To the extent the Trustee repeats legal conclusions, no response is required. Defendant denies the Trustee's allegations that he: (i) was a beneficiary of the BLMIS Ponzi scheme; (ii) received fictitious profits of the BLMIS Ponzi scheme and (iii) that he "received $1,880,391 of other people's money." Defendant lacks information sufficient to form a belief as to the truth of the Trustee's allegations regarding his investigation or the purpose of his bringing this lawsuit.

3.    The Trustee alleges certain legal and statutory bases for this action, to which no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4.    Paragraph 4 of the Complaint purports to state a legal conclusion, to which no response is required.

2

5.    Paragraph 5 of the Complaint purports to state a legal conclusion, to which no response is required.

6.    Paragraph 6 of the Complaint purports to state a legal conclusion, to which no response is required.

## AS TO DEFENDANT

7.    To the extent paragraph 7 of the Complaint references BMLIS account documents, Defendant refers to those documents for their full content.

8.    Defendant admits that he maintains a residence address in Westport, Connecticut.

9.    Defendant admits the allegations in paragraph 9 of the Complaint.

10.    Defendant admits the allegations in paragraph 10 of the Complaint.

## AS TO BACKGROUND, THE TRUSTEE AND STANDING

11.    To the extent the Trustee's allegations in paragraph 11 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12.    To the extent the Trustee's allegations in paragraph 12 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13.    To the extent the Trustee's allegations in paragraph 13 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks

3

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. To the extent the Trustee's allegations in paragraph 14 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.

15. To the extent the Trustee's allegations in paragraph 15 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

16. To the extent the Trustee's allegations in paragraph 16 of the Complaint reference documents, Defendants refer to those documents for their full content. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17. To the extent the Trustee's allegations in paragraph 17 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint.

18. The Trustee's allegations in paragraph 18 of the Complaint concerning his statutory authority under the Securities Investor Protection Act ("SIPA") purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 18 of the Complaint reference documents, Defendant refers to those documents for

their full content. Defendant lacks information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 18 of the Complaint.

19. The Trustee's allegations in paragraph 19 of the Complaint purport to state a legal conclusion, to which no response is required.

20. The Trustee's allegations in paragraph 20 of the Complaint purport to state a legal conclusion, to which no response is required.

21. The Trustee's allegations in paragraph 21 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 21 of the Complaint reference documents, Defendant refers to those documents for their full content. Except as so stated, Defendant denies knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 21 of the Complaint.

## AS TO THE FRAUDULENT PONZI SCHEME

22. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. To the extent the Trustee's allegations in paragraph 25 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint.

5

26. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. To the extent the Trustee's allegations in paragraph 29 of the Complaint purport to state a legal conclusion, no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint.

30. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. To the extent the Trustee's allegations in paragraph 31 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint.

32. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. To the extent the Trustee's allegations in paragraph 34 of the Complaint reference documents, Defendant refers to those documents for their full content. Defendant lacks

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint.

35.     To the extent the Trustee's allegations in paragraph 35 of the Complaint reference documents, Defendant refers to those documents for their full content.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint.

36.     To the extent the Trustee's allegations in paragraph 36 of the Complaint state a legal conclusion regarding insolvency, no response is required.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

## AS TO THE TRANSFERS

37.     Defendant refers to the documents referenced in Paragraph 37 of the Complaint for their full content.

38.     Defendant admits that he made deposits into a BLMIS account.  Defendant refers to the documents referenced in Paragraph 38 of the Complaint for their full content.  Defendant lacks information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 38 of the Complaint.

39.     The Trustee's allegations in paragraph 39 of the Complaint purport to state a legal conclusion, to which no response is required.  To the extent the Trustee's allegations in paragraph 39 of the Complaint reference documents, Defendant refers to those documents for their full content.  Except as so stated, Defendant denies the allegations in paragraph 39 of the Complaint.

7

40. Defendant denies the allegations in paragraph 40 of the Complaint. Defendant refers to the documents referenced in Paragraph 40 of the Complaint for their full content. Defendant further avers that the so called "Six Year Claims" referenced in paragraph 40 of the Complaint have been dismissed.

41. Paragraph 41 contains no factual allegations; accordingly, no response is required.

42. Paragraph 42 contains no factual allegations; accordingly, no response is required.

## AS TO COUNT ONE
## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

43. Defendants incorporate his responses to paragraphs 1 through 42 of the Complaint as if set forth at length herein.

44. To the extent the Trustee's allegations in paragraph 44 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45. To the extent the Trustee's allegations in paragraph 45 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 45 of the Complaint.

46. To the extent the Trustee's allegations in paragraph 46 of the Complaint state a legal conclusion, no response is required. Defendant denies the other in paragraph 46 of the Complaint.

47. To the extent the Trustee's allegations in paragraph 47 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 47 of the Complaint.

48. To the extent the Trustee's allegations in paragraph 48 of the Complaint state a legal conclusion, no response is required. Defendant denies the remaining allegations in paragraph 48 of the Complaint.

## AS TO COUNT TWO
## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

49. Defendant incorporates his responses to paragraphs 1 through 48 of the Complaint as if set forth at length herein.

50. To the extent the Trustee's allegations in paragraph 50 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 50 of the Complaint, and further avers that this count has been dismissed.

51. To the extent the Trustee's allegations in paragraph 51 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 51 of the Complaint, and further avers that this count has been dismissed.

52. To the extent the Trustee's allegations in paragraph 52 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 52 of the Complaint, and further avers that this count has been dismissed.

53. To the extent the Trustee's allegations in paragraph 53 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 53 of the Complaint, and further avers that this count has been dismissed.

54. To the extent the Trustee's allegations in paragraph 54 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 54 of the Complaint, and further avers that this count has been dismissed.

55. To the extent the Trustee's allegations in paragraph 55 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 55 of the Complaint, and further avers that this count has been dismissed.

56. To the extent the Trustee's allegations in paragraph 56 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 56 of the Complaint, and further avers that this count has been dismissed.

57. To the extent the Trustee's allegations in paragraph 57 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 57 of the Complaint, and further avers that this count has been dismissed.

**AS TO COUNT THREE**
**FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

58. Defendant incorporates his responses to paragraphs 1 through 57 of the Complaint as if set forth at length herein.

59. To the extent the Trustee's allegations in paragraph 59 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 59 of the Complaint, and further avers that this count has been dismissed.

60. To the extent the Trustee's allegations in paragraph 60 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 60 of the Complaint, and further avers that this count has been dismissed.

61. To the extent the Trustee's allegations in paragraph 61 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 61 of the Complaint, and further avers that this count has been dismissed.

62. To the extent the Trustee's allegations in paragraph 62 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 62 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT FOUR
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

63. Defendant incorporates his responses to paragraphs 1 through 62 of the Complaint as if set forth at length herein.

64. To the extent the Trustee's allegations in paragraph 64 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 64 of the Complaint, and further avers that this count has been dismissed.

65. To the extent the Trustee's allegations in paragraph 65 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 65 of the Complaint, and further avers that this count has been dismissed.

66. To the extent the Trustee's allegations in paragraph 66 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 66 of the Complaint, and further avers that this count has been dismissed.

67. To the extent the Trustee's allegations in paragraph 67 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 67 of the Complaint, and further avers that this count has been dismissed.

68. To the extent the Trustee's allegations in paragraph 68 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 68 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

69. Defendant incorporates his responses to paragraphs 1 through 69 of the Complaint as if set forth at length herein.

70. To the extent the Trustee's allegations in paragraph 70 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 70 of the Complaint, and further avers that this count has been dismissed.

71. To the extent the Trustee's allegations in paragraph 71 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 71 of the Complaint, and further avers that this count has been dismissed.

72. To the extent the Trustee's allegations in paragraph 72 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 72 of the Complaint, and further avers that this count has been dismissed.

73. To the extent the Trustee's allegations in paragraph 73 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 73 of the Complaint, and further avers that this count has been dismissed.

74. To the extent the Trustee's allegations in paragraph 74 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 74 of the Complaint, and further avers that this count has been dismissed.

## AS TO COUNT SIX
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

75. Defendant incorporates his responses to paragraphs 1 through 74 of the Complaint as if set forth at length herein.

76. To the extent the Trustee's allegations in paragraph 76 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 76 of the Complaint, and further avers that this count has been dismissed.

77. To the extent the Trustee's allegations in paragraph 77 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 77 of the Complaint, and further avers that this count has been dismissed.

78. To the extent the Trustee's allegations in paragraph 78 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 78 of the Complaint, and further avers that this count has been dismissed.

79. To the extent the Trustee's allegations in paragraph 79 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 79 of the Complaint, and further avers that this count has been dismissed.

80. To the extent the Trustee's allegations in paragraph 80 of the Complaint state a legal conclusion, no response is required. Defendant denies the allegations in paragraph 80 of the Complaint, and further avers that this count has been dismissed.

**WHEREFORE** Defendant demands judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant did not breach any duties owed to the Trustee, BLMIS, the BLMIS Estate or BLMIS's creditors.

### THIRD DEFENSE

Counts Two through Six of the Complaint have been dismissed.

### FOURTH DEFENSE

The Trustee's claims are barred because any withdrawals made by Defendant from his BLMIS accounts represent payments that discharged valid debts, which are not avoidable fraudulent transfers under either the Bankruptcy Code or New York law.

### FIFTH DEFENSE

Section 546(e) of the Bankruptcy Code precludes the Trustee's ability to recover.

### SIXTH DEFENSE

The Trustee has miscalculated Defendant's net investment in BLMIS. Defendant joined an existing account held by his siblings, co-defendants Felice and Sanford Perlman, in July of 2000 as a tenant-in-common. Between July of 2000 through December of 2008, Defendant deposited funds into the BLMIS account in the aggregate amount of $1,052,564. Over that same period, the accountholders made withdrawals from the BLMIS account in the aggregate amount of $2,774,882. As a tenant-in-common, Defendant received one-third of these withdrawals,

14

which amounts to about $924,960. Accordingly, on or about December 12, 2008, Defendant had a net loss of approximately $127,604.

### SEVENTH DEFENSE

Defendant is entitled to an offset for unrecoverable taxes paid on phantom investment income.

### EIGHTH DEFENSE

Bankruptcy courts cannot enter final dispositions in fraudulent transfer proceedings because such rulings are unconstitutional usurpations of the judicial power reserved for Article III Courts. The asserted claims are not core proceedings and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

### NINTH DEFENSE

The Trustee's Complaint is barred by the doctrine of *in pari delicto*.

### TENTH DEFENSE

The Trustee's Complaint is barred by the doctrine of laches.

### ELEVENTH DEFENSE

The Trustee's recovery from Defendant, if any, is limited by the fact that his interest in the BLMIS account in question was held as a tenancy-in-common.

**WHEREFORE** Defendant demands judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

15

Dated: April 17, 2014

*/s/ Philippe M. Salomon*
Blank Rome LLP
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant
Kenneth W. Perlman*