**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED CONGREGATIONS MESORA,<br><br>                Defendant. | Adv. Pro. No. 10-5110 (SMB)<br><br>**DEFENDANT'S ANSWER**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendants answer Plaintiff's enumerated allegations as set out below.  Any allegation in the Complaint not specifically admitted is denied.

### NATURE OF PROCEEDING

1.      Defendant states that the allegations of paragraph 1 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the factual

allegations contained in paragraph 1 and on that basis denies each and every allegation contained therein.

2.      Defendant denies that it was a beneficiary of a Ponzi scheme or that it received other peoples' money.  To the contrary, it was a customer of a trusted broker-dealer who defrauded it.  Defendant further states that the remaining allegations of paragraph 2 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 2 and on that basis denies each and every allegation contained therein.

3.      Defendant states that the allegations of paragraph 3 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 and on that basis denies each and every allegation contained therein.

**JURISDICTION AND VENUE**

4.      Defendant states that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies that this Court has jurisdiction to fully adjudicate this proceeding.

5.      Defendant states that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 5 and further asserts that the Court lacks authority to adjudicate the claims.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

## DEFENDANT

7.    Defendant admits the allegations contained in paragraph 7 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

9.    Defendant asserts that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and further asserts that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

11.    The "Protective Decree" is a legal document that speaks for itself and, therefore, Defendant denies allegations inconsistent with that legal document.  To the extent further response to paragraph 11 is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

12.    The "orders" referenced in paragraph 12 are legal documents that speak for themselves and, therefore, Defendant denies allegations inconsistent with those legal documents.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 12. To the extent further response

- 3 -

to paragraph 12 is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     The allegations in paragraph 13 refer to information contained in legal documents that speak for themselves and, therefore, Defendant denies allegations inconsistent with such legal documents.  To the extent further response to paragraph 13 is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and refers the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

14.     The allegations in paragraph 14 refer to information contained in legal documents that speak for themselves and, therefore, Defendant denies allegations inconsistent with such legal documents.  To the extent further response to paragraph 14 is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 15 of the Complaint, Defendant states that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendant denies them.

16.     Defendant states that the allegations of paragraph 16 are legal conclusions or arguments as to which no response is required.  To the extent a response is required,

Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 and on that basis denies each and every allegation contained therein.

17.     Defendant states that the allegations of paragraph 17 are legal conclusions or arguments as to which no response is required.

18.     Defendant states that the allegations of paragraph 18 and each subpart are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies the factual allegations contained in paragraph 18.

## THE FRAUDULENT PONZI SCHEME

19.     Defendant admits that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 19 of the Complaint and on that basis denies each and every remaining allegation contained therein.

20.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis denies each and every allegation contained therein.

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis denies each and every allegation contained therein.

22.     Defendant admits that it received periodic statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been traded through, the Account.  Defendant is without knowledge or information sufficient to

form a belief as to the remaining allegations contained in paragraph 22 of the Complaint and on that basis denies each and every allegation contained therein.

23.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and on that basis denies each and every allegation contained therein.

24.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis denies each and every allegation contained therein.

25.     Defendant denies that any monies sent to Madoff Securities were used to enrich Defendant or that Defendant had any knowledge of a fraudulent scheme, to the extent one existed.  To the extent Plaintiff is alleging Defendant was an "investor[]" in Madoff Securities, Defendant denies that characterization. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25 of the Complaint and on that basis denies each and every allegation contained therein.

26.     Defendant states that the allegations of paragraph 26 are legal conclusions or arguments as to which no response is required.  To the extent Plaintiff is alleging Defendant was an "investor[]" in Madoff Securities, Defendant denies that allegation. To the extent further response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 and on that basis denies each and every allegation contained therein.

27.     To the extent Plaintiff is alleging Defendant was an "investor[]" in Madoff Securities, Defendant denies that allegation. Defendant is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in paragraph 27 of the Complaint and on that basis denies each and every allegation contained therein.

28.     Defendant admits that it received statements from Madoff Securities.  To the extent Plaintiff is alleging Defendant was an "investor[]" in Madoff Securities, Defendant denies that allegation. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Complaint and on that basis denies each and every allegation contained therein.

29.     To the extent Plaintiff is alleging Defendant was an "investor[]" in Madoff Securities, Defendant denies that allegation. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint and on that basis denies each and every allegation contained therein.

30.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis denies each and every allegation contained therein.

31.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and on that basis denies each and every allegation contained therein.

32.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and on that basis denies each and every allegation contained therein.

33.     Defendant states that the allegations of paragraph 33 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations

contained in paragraph 33 and on that basis denies each and every allegation contained

therein.

## THE TRANSFERS

34.    Defendant admits that it maintained an account with Madoff Securities, and

that Defendant entered into certain account agreements with Madoff Securities, but denies

knowledge or information sufficient to form a belief as to the contents of Madoff Securities'

records and as to whether the Account Agreements were executed or delivered to Madoff

Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

35.    Defendant denies the allegations set forth in paragraph 35 of the Complaint,

except admits that Defendant made deposits to the Account.  As to the truth of the remaining

allegations contained in paragraph 35 of the Complaint, Defendant refers to the Account

Agreements for the specific terms.

36.    Defendant denies the allegations set forth in paragraph 36 of the Complaint,

except admits that Defendant received certain transfers from, and made certain transfers to,

Madoff Securities during the six years prior to the Filing Date.  Defendant denies that these

were "fictitious profits," other people's money, or anything other than customer withdrawals

or other payments to which Defendant had a legal right.

37.    Defendant states that the allegations of paragraph 37 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required,

Defendant denies each and every allegation set forth in paragraph 37 of the Complaint, except

Defendant admits that it received certain transfers from, and made certain transfers to, Madoff

Securities during the six-year period prior to the Filing Date and the two-year period prior to

the Filing Date.

38.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.  To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 38 of the Complaint.

39.    Defendant states that the allegations of paragraph 39 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in paragraph 39 of the Complaint.

### COUNT ONE

### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

40.    Defendant responds to paragraph 40 of the Complaint as it has responded to the allegations incorporated by reference therein.

41.    Defendant states that the allegations of paragraph 41 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

42.    Defendant states that the allegations of paragraph 42 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

43.    Defendant states that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

44.    Defendant states that the allegations of paragraph 44 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

45.     Defendant states that the allegations of paragraph 45 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT TWO

### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

This cause of action has been dismissed against Defendant in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

46.     Defendant responds to paragraph 46 of the Complaint as it has responded to the allegations incorporated by reference therein.

47.     Defendant states that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

48.     Defendant states that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

49.     Defendant states that the allegations of paragraph 49 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

50.     Defendant states that the allegations of paragraph 50 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

51.     Defendant states that the allegations of paragraph 51 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

52.     Defendant states that the allegations of paragraph 52 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

53.     Defendant states that the allegations of paragraph 53 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

54.     Defendant states that the allegations of paragraph 54 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT THREE

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendant in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

55.     Defendant responds to paragraph 55 of the Complaint as it has responded to the allegations incorporated by reference therein.

56.     Defendant states that the allegations of paragraph 56 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

57.     Defendant states that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

58.     Defendant states that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

59.     Defendant states that the allegations of paragraph 59 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT FOUR

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendant in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

60.     Defendant responds to paragraph 60 of the Complaint as it has responded to the allegations incorporated by reference therein.

61.     Defendant states that the allegations of paragraph 61 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

62.     Defendant states that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

63.     Defendant states that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

64.     Defendant states that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

65.     Defendant states that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT FIVE

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendant in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

66.     Defendant responds to paragraph 66 of the Complaint as it has responded to the allegations incorporated by reference therein.

67.     Defendant states that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

68.     Defendant states that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

69.     Defendant states that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

70.     Defendant states that the allegations of paragraph 70 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

71.     Defendant states that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## COUNT SIX

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendant in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard

L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

72.     Defendant responds to paragraph 72 of the Complaint as it has responded to the allegations incorporated by reference therein.

73.     Defendant states that the allegations of paragraph 73 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

74.     Defendant states that the allegations of paragraph 74 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

75.     Defendant states that the allegations of paragraph 75 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

76.     Defendant states that the allegations of paragraph 76 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

77.     Defendant states that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief he seeks.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having answered the allegations in Plaintiff's Complaint, Defendant asserts the following defenses and affirmative defenses to Plaintiff's claims. In identifying the defenses set forth below, Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of the claims that he alleges. Defendant does not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendant. These defenses are set forth cumulatively and in the alternative.

## RESERVATION

Under prior decisions applicable to this case, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) and Section 550(a). In the event that subsequent legal developments further change the claims available to the Trustee, Defendant hereby preserves each and every defense at law, in equity, or otherwise, available under federal and state law, including common law. Defendant further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that Defendant is similarly situated and may properly assert such defenses. Defendant reserves the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate to do so.

## DEFENSES

1.    The Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 9(b), *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007) by, *inter alia*, (1) failing to describe each specific transfer and its recipient, (2) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (3) pleading numerous factual allegations about which Defendant could not possibly have knowledge.

2.      The Complaint fails to state a claim on which relief can be granted because, among other defects, it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations.    To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

3.      This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under Article III of the Constitution, as confirmed by *Stern v. Marshall,*131 S.Ct. 63 (2010) and its progeny.    The asserted claims are not core proceedings and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

4.      The Trustee lacks standing to bring some or all of the claims.

5.      The claims are barred in whole or part by waiver and/or laches.

6.      The claims are barred in whole or part by applicable limitations periods.

7.      The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

8.      The alleged transfers, to the extent they were actually received by Defendant, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code.    They are thus not avoidable or recoverable as against Defendant under Sections 548 and 550 of the Bankruptcy Code.

9.      The alleged transfers, to the extent they were actually received by Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against this Defendant under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

10.      The alleged transfers, to the extent they were actually received by Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against this Defendant under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

11.      The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract, more than two years before the filing date.

12.      The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code and *In re Quebecor*, 719 F.3d 94 (2d Cir. 2013) because each of the transfers constitutes a settlement payment or a payment in connection with a securities contract made by or to a stockbroker and/or financial institution, more than two years before the commencement of this liquidation proceeding.

13.      Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities, including without limitation for (a) amounts

contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; and/or (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law, (c) the time value of money, (d) unjust enrichment, (e) damages for breach of fiduciary duty  and/or (f) money had and received.

14.    Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, required by law, such as mandatory withdrawals from IRA accounts or required for charitable foundation funding obligations.

15.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

16.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

17.    The claims are barred in whole or part for failure to properly credit inter-account transfers.

18.     The claims are barred in whole or part for failure to properly account for the time value of money through an interest or inflation adjustment to principal deposits.

19.    Recovery of attorneys' fees from Defendant is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

20.     The Trustee is not entitled to an award of interest from the date of each alleged transfer because of the operation of waiver, estoppel, and other equitable doctrines.  To the extent interest is to be awarded, the claims at issue are based on federal law, and interest is to be determined in accordance with federal law.

21.     The claims are not ripe because they do not meet the conditions of 15 U.S.C. § 78fff-2(c)(3).  The Trustee has offered no proof of a shortfall in customer property.


Dated:  April 17, 2014                        Respectfully submitted,
Washington, DC

                                              **K&L GATES LLP**

                                              By:  ___/s/ Richard A. Kirby_____
                                              1601 K Street NW
                                              Washington, DC 20006-1600
                                              Telephone: 202.661.3730
                                              Facsimile: 202.778.9100
                                              Richard A. Kirby
                                              Email: richard.kirby@klgates.com
                                              Martha Rodriguez-Lopez
                                              Email: martha.rodriguezlopez@klgates.com

                                              *Attorneys for Defendant*
                                              *United Congregations Mesora*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Richard A. Kirby
Richard A. Kirby

K:\0310703\00001\20950_MRL\20950P21S9