**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04374 (SMB) |
| Plaintiff, | **DEFENDANTS' ANSWER** |
| v. | **JURY TRIAL DEMANDED** |
| ZWD INVESTMENTS, LLC, WOLFSON DESCENDANTS 1983 TRUST, ZW 1999 TRUST, EZRIEL MUNK, in his capacity as Trustee of the Wolfson Descendants 1983 Trust and the ZW 1999 Trust and Zev Wolfson, | |
| Defendants. | |

## <u>ANSWER</u>

Defendants answer Plaintiff's enumerated allegations as set out below.  Any allegation in the Complaint not specifically admitted is denied.

## NATURE OF PROCEEDING

1.      Defendants state that the allegations of paragraph 1 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the factual allegations contained in paragraph 1 and on that basis deny each and every allegation contained therein.

2.      Defendants deny that ZWD was a beneficiary of a Ponzi scheme or that it received other peoples' money.  To the contrary, ZWD was a customer of a trusted broker-dealer who defrauded it. Defendants deny that the Subsequent Transferee Defendants received any subsequent transfers of any portion of the avoidance transfers alleged in paragraph 2 of the Complaint.  Defendants further state that the remaining allegations of paragraph 2 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 2 and on that basis deny each and every allegation contained therein.

3.      Defendants state that the allegations of paragraph 3 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

4.      Defendants state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny that this Court has jurisdiction to fully adjudicate this proceeding.

5.      Defendants state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 5 and further assert that the Court lacks authority to adjudicate the claims.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

## DEFENDANT

7.      Defendants admit that, as of the date of the Complaint, ZWD Investments, LLC was a limited liability company formed under the laws of the state of New Jersey, that it held a BLMIS account in the name of "ZWD INVESTMENTS, LLC", and that it had a place of business at 209 Second Street PMB #57, Lakewood, New Jersey 08701.

8.      Defendants admit that Wolfson Descendants 1983 Trust was a member of ZWD Investments, LLC.  As of January 1, 2008, the Wolfson Descendants 1983 Trust was not a member of ZWD Investments, LLC.

9.      Defendants admit that ZW 1999 was a member of ZWD Investments, LLC. As of January 1, 2008, the ZW 1999 Trust was not a member of ZWD Investments, LLC.

10.     Defendants admit that Ezriel Munk was a Trustee for the Wolfson Descendants 1983 Trust and the ZW 1999 Trust.  As of January 1, 2008, Ezriel Munk was not a Trustee of the ZW 1999 and Wolfson Descendants 1983 Trust.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

13.     Defendants assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and further assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

15.     The "Protective Decree" is a legal document that speaks for itself and, therefore, Defendants deny allegations inconsistent with that legal document.  To the extent further response to paragraph 15 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

16.     The "orders" referenced in paragraph 16 are legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with those legal documents.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 16. To the extent further response to paragraph 16 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.    The allegations in paragraph 17 refer to information contained in legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 17 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

18.    The allegations in paragraph 18 refer to information contained in legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 18 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 19 of the Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny them.

20.    Defendants state that the allegations of paragraph 20 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the

allegations contained in paragraph 20 and on that basis deny each and every allegation contained therein.

21.    Defendants state that the allegations of paragraph 21 are legal conclusions or arguments as to which no response is required.

22.    Defendants state that the allegations of paragraph 22 and each subpart are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny the factual allegations contained in paragraph 22.

## THE FRAUDULENT PONZI SCHEME

23.    Defendants admit that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 23 of the Complaint and on that basis deny each and every remaining allegation contained therein.

24.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26.    Defendants admit that Defendant received periodic statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been traded through, the Account.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29.    Defendants deny that any monies sent to Madoff Securities were used to enrich Defendants or that Defendants had any knowledge of a fraudulent scheme, to the extent one existed.  To the extent Plaintiff is alleging Defendant was an "investor" in Madoff Securities, Defendants deny that characterization. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.    Defendants state that the allegations of paragraph 30 are legal conclusions or arguments as to which no response is required.  To the extent Plaintiff is alleging Defendants were "investors" in Madoff Securities, Defendants deny that allegation. To the extent further response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 and on that basis deny each and every allegation contained therein.

31.    To the extent Plaintiff is alleging Defendants were "investors" in Madoff Securities, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.    Defendants admit that Defendants received statements from Madoff Securities. To the extent Plaintiff is alleging Defendants were "investors" in Madoff Securities, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.    To the extent Plaintiff is alleging Defendants were "investors" in Madoff Securities, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein.

36.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein.

37.    Defendants state that the allegations of paragraph 37 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 and on that basis deny each and every allegation contained therein.

**THE TRANSFERS**

38.    Defendants admit that Defendant maintained an account with Madoff Securities, and that Defendant entered into certain account agreements with Madoff Securities, but deny knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

39.    Defendants deny the allegations set forth in paragraph 39 of the Complaint, except admit that Defendant made deposits to the Account.  As to the truth of the remaining allegations contained in paragraph 39 of the Complaint, Defendants refer to the Account Agreements for the specific terms.

40.    Defendants deny the allegations set forth in paragraph 40 of the Complaint, except admit that Defendant received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.  Defendants deny that these were "fictitious profits", other people's money, or anything other than customer withdrawals or other payments to which Defendant had a legal right.

41.    Defendants state that the allegations of paragraph 41 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 41 of the Complaint, except Defendants admit that Defendant received certain transfers from, and made certain transfers to, Madoff Securities during the six-year period prior to the Filing Date and the two-year period prior to the Filing Date.

42.     Defendants state that the allegations of paragraph 42 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

43.     Defendants state that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 43 of the Complaint.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 44 of the Complaint.

45.     Defendants state that the allegations of paragraph 45 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 45 of the Complaint.

## COUNT ONE

### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

46.     Defendants respond to paragraph 46 of the Complaint as they have responded to the allegations incorporated by reference therein.

47.     Defendants state that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

48.     Defendants state that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

49.    Defendants state that the allegations of paragraph 49 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

50.    Defendants state that the allegations of paragraph 50 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

51.    Defendants state that the allegations of paragraph 51 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT TWO

## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

52.    Defendants respond to paragraph 52 of the Complaint as they have responded to the allegations incorporated by reference therein.

53.    Defendants state that the allegations of paragraph 53 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

54.     Defendants state that the allegations of paragraph 54 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

55.     Defendants state that the allegations of paragraph 55 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

56.     Defendants state that the allegations of paragraph 56 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

57.     Defendants state that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

58.     Defendants state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

59.     Defendants state that the allegations of paragraph 59 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

60.     Defendants state that the allegations of paragraph 60 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT THREE

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

61.     Defendants respond to paragraph 61 of the Complaint as they have responded to the allegations incorporated by reference therein.

62.     Defendants state that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

63.     Defendants state that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

64.     Defendants state that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

65.     Defendants state that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT FOUR

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

66.     Defendants respond to paragraph 66 of the Complaint as they have responded to the allegations incorporated by reference therein.

67.     Defendants state that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

68.     Defendants state that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

69.     Defendants state that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

70.     Defendants state that the allegations of paragraph 70 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

71.    Defendants state that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT FIVE

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

72.    Defendants respond to paragraph 72 of the Complaint as they have responded to the allegations incorporated by reference therein.

73.    Defendants state that the allegations of paragraph 73 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

74.    Defendants state that the allegations of paragraph 74 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

75.    Defendants state that the allegations of paragraph 75 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

76.     Defendants state that the allegations of paragraph 76 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

77.     Defendants state that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT SIX

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

78.     Defendants respond to paragraph 78 of the Complaint as they have responded to the allegations incorporated by reference therein.

79.     Defendants state that the allegations of paragraph 79 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

80.     Defendants state that the allegations of paragraph 80 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

81.    Defendants state that the allegations of paragraph 81are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

82.    Defendants state that the allegations of paragraph 82 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

83.    Defendants state that the allegations of paragraph 83 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT SEVEN**

**RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 547, 548, 550(a) AND 551**

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

84.    Defendants respond to paragraph 84 of the Complaint as they have responded to the allegations incorporated by reference therein.

85.    Defendants state that the allegations of paragraph 85 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

86.     Defendants state that the allegations of paragraph 86 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

87.     Defendants state that the allegations of paragraph 87 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

88.     Defendants state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

89.     Defendants state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief he seeks.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having answered the allegations in Plaintiff's Complaint, Defendants assert the following defenses and affirmative defenses to Plaintiff's claims.  In identifying the defenses set forth below, Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of the claims that he alleges.  Defendants do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendants.  These defenses are set forth cumulatively and in the alternative.

## RESERVATION

Under prior decisions applicable to this case, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) and Section 550(a).   In the event that subsequent legal developments further change the claims available to the Trustee, Defendants hereby preserve each and every defense at law, in equity, or otherwise, available under federal and state law, including common law.  They further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defenses.  Defendants reserve the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate to do so.

## DEFENSES

1.      The Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 9(b), *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (1) failing to describe each specific transfer and its recipient, each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (2) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (3) pleading numerous factual allegations about which Defendants could not possibly have knowledge.

2.      The Complaint fails to state a claim on which relief can be granted because, among other defects, it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations.  To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

3.      This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under Article III of the Constitution, as confirmed by *Stern v. Marshall,* 131 S.Ct. 63 (2010) and its progeny.  The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

4.      The Trustee lacks standing to bring some or all of the claims.

5.      The claims are barred in whole or part by waiver and/or laches.

6.      The claims are barred in whole or part by applicable limitations periods.

7.      The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

8.       The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against these Defendants under Sections 548 and 550 of the Bankruptcy Code.

9.      The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by Section 550(a) of the Bankruptcy Code. They are thus not avoidable or recoverable as against these Defendants under Sections 548 and 550 of the Bankruptcy Code.

10.      The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

11.     The alleged transfers, to the extent they were actually received by any Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

12.     The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract, more than two years before the filing date.

13.     The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code and In re Quebecor, 719 F.3d 94 (2d Cir. 2013) because each of the transfers constitutes a settlement payment or a payment in connection with a securities contract made by or to a stockbroker and/or financial institution, more than two years before the commencement of this liquidation proceeding.

14.     Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities, including without limitation for (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; and/or (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law, (c) the time

value of money, (d) unjust enrichment, (e) damages for breach of fiduciary duty  and/or (f) money had and received.

15.     The preference claims for recovery of transfers allegedly made within ninety days of the Filing Date are barred by Section 546(e) of the Bankruptcy Code.

16.     Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" based on Forms 1099 and other information reported by Madoff Securities to governmental taxing authorities.  The Trustee has named the improper party for these amounts.  The proper party is the IRS.

17.     Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, required by law, such as mandatory withdrawals from IRA accounts or required for charitable foundation funding obligations.

18.     The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

19.     The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

20.     The claims are barred in whole or part for failure to properly credit inter-account transfers.

21.      The claims are barred in whole or part for failure to properly account for the time value of money through an interest or inflation adjustment to principal deposits.

22.    Even if the transfers were avoidable, the transfers may not be recovered as Defendants are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

23.    The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the individual Defendants.

24.    The alleged claims against subsequent transferees are barred in whole or part by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

25.    Recovery of attorneys' fees from Defendants is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

26.    The Trustee is not entitled to an award of interest from the date of each alleged transfer because of the operation of waiver, estoppel, and other equitable doctrines.  To the extent interest is to be awarded, the claims at issue are based on federal law, and interest is to be determined in accordance with federal law.

27.    The claims are not ripe because they do not meet the conditions of 15 U.S.C. § 78fff-2(c)(3).  The Trustee has offered no proof of a shortfall in customer property.


Dated:  April 17, 2014                    Respectfully submitted,
Washington, DC


                                          **K&L GATES LLP**

                                          By:  ___/s/ Richard A. Kirby_____
                                          1601 K Street NW
                                          Washington, DC 20006-1600
                                          Telephone: 202.661.3730

Facsimile: 202.778.9100
Richard A. Kirby
Email: richard.kirby@klgates.com
Martha Rodriguez-Lopez
Email: martha.rodriguezlopez@klgates.com

*Attorneys for Defendants*
*ZWD Investments, LLC; Wolfson*
*Descendants 1983 Trust; Ezriel Munk, in his*
*capacity as Trustee of the Wolfson Descendants*
*1983 Trust and the ZW 1999 Trust; Zev Wolfson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Richard A. Kirby
Richard A. Kirby

K:\0310703\00001\20950_MRL\20950P21SA