**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>MORRIS BLUM LIVING TRUST AGREEMENT; NORMAN BLUM FAMILY TRUST; NORMAN BLUM NON-EXEMPT FAMILY TRUST; JOEL BLUM FAMILY TRUST; JOEL BLUM NONEXEMPT FAMILY TRUST; NORMAN J. BLUM, individually and as Trustee for the Morris Blum Living Trust Agreement, Norman Blum Family Trust, and the Norman Blum Non-Exempt Family Trust; JOEL A. BLUM, individually and as Trustee for the Morris Blum Living Trust Agreement, the Joel Blum Family Trust, and the Joel Blum Non-Exempt Family Trust; and NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of Norman J. Blum,<br><br>                              Defendants. | Adv. Pro. No. 10-04846 (SMB)<br><br><br><br>**DEFENDANTS' ANSWER**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendants Norman Blum Family Trust, Norman Blum Non-Exempt Family Trust, and Norman J. Blum individually and as Trustee for the Morris Blum Living Trust Agreement, Norman Blum Family Trust, and the Norman Blum Non-Exempt Family Trust (the "Norman Blum Defendants"), by their attorneys, K&L Gates LLP, answer Irving H. Picard's (the "Trustee's") enumerated allegations as set forth below.  This answer is filed on behalf of only the Norman Blum Defendants.  Any allegation in the Complaint not specifically admitted is denied.

## NATURE OF PROCEEDING

1.      The Norman Blum Defendants state that the allegations of paragraph 1 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the factual allegations contained in paragraph 1 and on that basis deny each and every allegation contained therein.

2.      The Norman Blum Defendants deny that they were beneficiaries of a Ponzi scheme or that they received other peoples' money.  To the contrary, they were customers of a trusted broker-dealer who defrauded them. The Norman Blum Defendants deny that they received any subsequent transfers of any portion of the avoidance transfers alleged in paragraph 2 of the Complaint.  The Norman Blum Defendants further state that the remaining allegations of paragraph 2 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 2 and on that basis deny each and every allegation contained therein.

3.      The Norman Blum Defendants deny that they were beneficiaries of a Ponzi scheme or that they received other peoples' money.  To the contrary, they were customers of a

trusted broker-dealer who defrauded them. The Norman Blum Defendants deny that they received any subsequent transfers of any portion of the avoidance transfers alleged in paragraph 3 of the Complaint. The Norman Blum Defendants further state that the remaining allegations of paragraph 3 are legal conclusions or arguments as to which no response is required. To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 3 and on that basis deny each and every allegation contained therein.

4.      The Norman Blum Defendants state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required. To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 4 and on that basis deny each and every allegation contained therein.

5.      The Norman Blum Defendants state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required. To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 5 and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

6.      The Norman Blum Defendants state that the allegations of paragraph 6 are legal conclusions or arguments as to which no response is required. To the extent a response is required, the Norman Blum Defendants deny that this Court has jurisdiction to fully adjudicate this proceeding.

7.      The Norman Blum Defendants state that the allegations of paragraph 7 are legal conclusions or arguments as to which no response is required. To the extent a response is

required, the Norman Blum Defendants deny each and every allegation contained in paragraph 7 and further assert that the Court lacks authority to adjudicate the claims.

8.      The Norman Blum Defendants admit the allegations contained in paragraph 8 of the Complaint.

## DEFENDANTS

9.      The Norman Blum Defendants admit that Morris Blum died on October 22, 2002. The Norman Blum Defendants assert that the legal documents related to the Morris Blum Living Trust speak for themselves. The Norman Blum Defendants admit that the Norman Blum Family Trust and the Norman Blum Non-Exempt Family Trust, for which Norman J. Blum is Trustee, were created following the death of Morris Blum. The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 9 of the Complaint and on that basis deny each and every remaining allegation contained therein.

10.      The Norman Blum Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.      The Norman Blum Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.      The Norman Blum Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.      The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of the Complaint and on that basis deny each and every allegation contained therein.

14.    The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the Complaint and on that basis deny each and every allegation contained therein.

15.    The Norman Blum Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.    The Norman Blum Defendants admit the allegations contained in paragraph 16 of the Complaint.

17.    The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 17 of the Complaint and on that basis deny each and every allegation contained therein.

## BACKGROUND, THE TRUSTEE AND STANDING

18.    The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 18 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

19.    The Norman Blum Defendants assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

20.    The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and further assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

21.    The "Protective Decree" is a legal document that speaks for itself and, therefore, the Norman Blum Defendants deny allegations inconsistent with that legal document.  To the extent further response to paragraph 21 is required, the Norman Blum Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

22.    The "orders" referenced in paragraph 22 are legal documents that speak for themselves and, therefore, the Norman Blum Defendants deny allegations inconsistent with those legal documents.  The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 22. To the extent further response to paragraph 22 is required, the Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.    The allegations in paragraph 23 refer to information contained in legal documents that speak for themselves and, therefore, the Norman Blum Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 23 is required, the Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

24.    The allegations in paragraph 24 refer to information contained in legal documents that speak for themselves and, therefore, the Norman Blum Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 24 is required, the Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well

underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 25 of the Complaint, the Norman Blum Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, the Norman Blum Defendants deny them on information and belief.

26.    The Norman Blum Defendants state that the allegations of paragraph 26 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 and on that basis deny each and every allegation contained therein.

27.    The Norman Blum Defendants state that the allegations of paragraph 27 are legal conclusions or arguments as to which no response is required.

28.    The Norman Blum Defendants state that the allegations of paragraph 28 and each subpart are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny the factual allegations contained in paragraph 28.

## THE FRAUDULENT PONZI SCHEME

29.    The Norman Blum Defendants admit that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.  The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every remaining allegation contained therein.

30.    The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.    The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.    The Norman Blum Defendants admit that they received periodic statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been traded through, their accounts.  The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.    The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.    The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35.    The Norman Blum Defendants deny that any monies sent to Madoff Securities were used to enrich the Norman Blum Defendants or that the Norman Blum Defendants had any knowledge of a fraudulent scheme, to the extent one existed.  To the extent Plaintiff is alleging the Norman Blum Defendants were "investors" in Madoff Securities, the Norman Blum Defendants deny that characterization. The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein.

36.     The Norman Blum Defendants state that the allegations of paragraph 36 are legal conclusions or arguments as to which no response is required.  To the extent Plaintiff is alleging the Norman Blum Defendants were "investors" in Madoff Securities, the Norman Blum Defendants deny that allegation. To the extent further response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 36 and on that basis deny each and every allegation contained therein.

37.     To the extent Plaintiff is alleging the Norman Blum Defendants were "investors" in Madoff Securities, the Norman Blum Defendants deny that allegation. The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 37 of the Complaint and on that basis deny each and every allegation contained therein.

38.     The Norman Blum Defendants admit that they received statements from Madoff Securities.  To the extent Plaintiff is alleging the Norman Blum Defendants were "investors" in Madoff Securities, the Norman Blum Defendants deny that allegation. The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 38 of the Complaint and on that basis deny each and every allegation contained therein.

39.     To the extent Plaintiff is alleging the Norman Blum Defendants were "investors" in Madoff Securities, the Norman Blum Defendants deny that allegation. The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 39 of the Complaint and on that basis deny each and every allegation contained therein.

40.     The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint and on that basis deny each and every allegation contained therein.

41.     The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint and on that basis deny each and every allegation contained therein.

42.     The Norman Blum Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint and on that basis deny each and every allegation contained therein.

43.     The Norman Blum Defendants state that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 43 and on that basis deny each and every allegation contained therein.

## THE TRANSFERS

44.     The Norman Blum Defendants admit that they maintained accounts with Madoff Securities, and that they entered into certain account agreements with Madoff Securities, but deny knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

45.      To the extent the allegations in paragraph 45 apply to the Norman Blum Defendants, the Norman Blum Defendants deny those allegations, except the Norman Blum Defendants admit that the Accounts received inter-account transfers from other BLMIS accounts.

As to the truth of the remaining allegations contained in paragraph 45 of the Complaint, the Norman Blum Defendants refer to the Account Agreements for the specific terms.

46.    The Norman Blum Defendants deny the allegations set forth in paragraph 46 of the Complaint, except admit that the Norman Blum Defendants received certain transfers from Madoff Securities during the six years prior to the Filing Date.  The Norman Blum Defendants further deny the allegations set forth in paragraph 46 to the extent they imply any of the inter-account transfers were non-existent profits received by the Norman Blum Defendants. Finally, the Norman Blum Defendants deny that any of the 1B0189 Transfers were "fictitious profits", other people's money, or anything other than customer withdrawals, inter-account transfers, or other payments to which the Norman Blum Defendants had a legal right.

    a.    The Norman Blum Defendants state that the allegations of paragraph 46(a) are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation set forth in paragraph 46(a) of the Complaint.

47.    The Norman Blum Defendants deny the allegations set forth in paragraph 47 of the Complaint, except admit that the Norman Blum Defendants received certain transfers from Account No. 1B0190 from Madoff Securities during the six years prior to the Filing Date.  The Norman Blum Defendants deny that any of the 1B0190 Transfers were "fictitious profits", other people's money, or anything other than customer withdrawals, inter-account transfers, or other payments to which the Norman Blum Defendants had a legal right.

    a.    The Norman Blum Defendants state that the allegations of paragraph 47(a) are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation set forth in paragraph 47(a) of the Complaint.

48.    The Norman Blum Defendants state that the allegations of paragraph 48 merely define certain terms in the Trustee's Complaint, and, therefore, no response is required.  To the extent those defined terms incorporate allegations in other paragraphs, the Norman Blum

Defendants respond to paragraph 48 of the Complaint as they have responded to the allegations incorporated by reference therein.

49.    The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation set forth in paragraph 49 of the Complaint.

50.    The Norman Blum Defendants state that the allegations of paragraph 50 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation set forth in paragraph 50 of the Complaint.

## CUSTOMER CLAIMS

51.    The "Claims" and "Determination" referenced in paragraph 51 are legal documents that speak for themselves and, therefore, the Norman Blum Defendants deny allegations inconsistent with those legal documents.  The Norman Blum Defendants admit the remaining allegations contained in paragraph 51 of the Complaint, except the Trustee designated the second claim filed with the Trustee relating to Account No. 1B0190 as Claim # 009179.

52.    The "Claims" referenced in paragraph 52 are legal documents that speak for themselves and, therefore, the Norman Blum Defendants deny allegations inconsistent with those documents.  The Norman Blum Defendants admit that Norman J. Blum holds an interest in BLMIS account number 1B0201.  The Norman Blum Defendants admit that Customer Claims were filed with the Trustee on March 3 and June 4, 2009, and that the Trustee has yet to determine or make distributions on the Customer Claims.  The remaining allegations in paragraph 52 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants are without sufficient knowledge or

information to form a belief as to remaining allegations contained in paragraph 52 and on the basis deny each and every allegation contained therein.

53.    The "Claim" referenced in paragraph 53 is a legal document that speaks for itself and, therefore, the Norman Blum Defendants deny allegations inconsistent with that document. The Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 53 of the Complaint and on that basis deny each and every allegation contained therein.

54.    The "Claims Procedure Order" is a legal document that speaks for itself and, therefore, the Norman Blum Defendants deny allegations inconsistent with that legal document. The Norman Blum Defendants further state that the allegations of paragraph 54 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT ONE

## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

55.    The Norman Blum Defendants respond to paragraph 55 of the Complaint as they have responded to the allegations incorporated by reference therein.

56.    The Norman Blum Defendants state that the allegations of paragraph 56 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

57.    The Norman Blum Defendants state that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

58.     The Norman Blum Defendants state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

59.     The Norman Blum Defendants state that the allegations of paragraph 59 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

60.     The Norman Blum Defendants state that the allegations of paragraph 60 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT TWO

## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

This cause of action has been dismissed against the Norman Blum Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

61.     The Norman Blum Defendants respond to paragraph 61 of the Complaint as they have responded to the allegations incorporated by reference therein.

62.     The Norman Blum Defendants state that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

63.     The Norman Blum Defendants state that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

64.    The Norman Blum Defendants state that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

65.    The Norman Blum Defendants state that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

66.    The Norman Blum Defendants state that the allegations of paragraph 66 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

67.    The Norman Blum Defendants state that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

68.    The Norman Blum Defendants state that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

69.    The Norman Blum Defendants state that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT THREE

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against the Norman Blum Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp.

v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

70.     The Norman Blum Defendants respond to paragraph 70 of the Complaint as they have responded to the allegations incorporated by reference therein.

71.     The Norman Blum Defendants state that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

72.     The Norman Blum Defendants state that the allegations of paragraph 72 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

73.     The Norman Blum Defendants state that the allegations of paragraph 73 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

74.     The Norman Blum Defendants state that the allegations of paragraph 74 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT FOUR

**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action has been dismissed against the Norman Blum Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

75.     The Norman Blum Defendants respond to paragraph 75 of the Complaint as they have responded to the allegations incorporated by reference therein.

76.     The Norman Blum Defendants state that the allegations of paragraph 76 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

77.     The Norman Blum Defendants state that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

78.     The Norman Blum Defendants state that the allegations of paragraph 78 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

79.     The Norman Blum Defendants state that the allegations of paragraph 79 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

80.     The Norman Blum Defendants state that the allegations of paragraph 80 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT FIVE

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against the Norman Blum Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

81.     The Norman Blum Defendants respond to paragraph 81 of the Complaint as they have responded to the allegations incorporated by reference therein.

82.     The Norman Blum Defendants state that the allegations of paragraph 82 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

83.     The Norman Blum Defendants state that the allegations of paragraph 83 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

84.     The Norman Blum Defendants state that the allegations of paragraph 84 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

85.     The Norman Blum Defendants state that the allegations of paragraph 85 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

86.     The Norman Blum Defendants state that the allegations of paragraph 86 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT SIX

### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against the Norman Blum Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

87.    The Norman Blum Defendants respond to paragraph 87 of the Complaint as they have responded to the allegations incorporated by reference therein.

88.    The Norman Blum Defendants state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

89.    The Norman Blum Defendants state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

90.    The Norman Blum Defendants state that the allegations of paragraph 90 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

91.    The Norman Blum Defendants state that the allegations of paragraph 91 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

92.    The Norman Blum Defendants state that the allegations of paragraph 92 are legal conclusions or arguments as to which no response is required.   To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

**COUNT SEVEN**

**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 547, 548, 550(a) AND 551**

This cause of action has been dismissed against the Norman Blum Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp.

v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y.

April 27, 2012) (Docket No. 101).

93.    The Norman Blum Defendants respond to paragraph 93 of the Complaint as they

have responded to the allegations incorporated by reference therein.

94.    The Norman Blum Defendants state that the allegations of paragraph 94 are legal

conclusions or arguments as to which no response is required.   To the extent a response is

required, the Norman Blum Defendants deny each and every allegation contained therein.

95.    The Norman Blum Defendants state that the allegations of paragraph 95 are legal

conclusions or arguments as to which no response is required.   To the extent a response is

required, the Norman Blum Defendants deny each and every allegation contained therein.

96.    The Norman Blum Defendants state that the allegations of paragraph 96 are legal

conclusions or arguments as to which no response is required.   To the extent a response is

required, the Norman Blum Defendants deny each and every allegation contained therein.

97.    The Norman Blum Defendants state that the allegations of paragraph 97 are legal

conclusions or arguments as to which no response is required.   To the extent a response is

required, the Norman Blum Defendants deny each and every allegation contained therein.

98.    The Norman Blum Defendants state that the allegations of paragraph 98 are legal

conclusions or arguments as to which no response is required.   To the extent a response is

required, the Norman Blum Defendants deny each and every allegation contained therein.

## COUNT EIGHT

## DISALLOWANCE OF RELATED ACCOUNT CUSTOMER CLAIM

99.    The Norman Blum Defendants respond to paragraph 99 of the Complaint as they

have responded to the allegations incorporated by reference therein.

100.    The Norman Blum Defendants admit that Norman J. Blum holds an interest in BLMIS account number 1B0201.  The Norman Blum Defendants admit that Customer Claims were filed with the Trustee on March 3 and June 4, 2009, and that the Trustee has yet to determine or make distributions on the Customer Claims.  The remaining allegations in paragraph 100 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

101.    The "Claim" referenced in paragraph 101 is a legal document that speaks for itself and, therefore, the Norman Blum Defendants deny allegations inconsistent with that document. The Norman Blum Defendants further state that the allegations of paragraph 101 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 101 of the Complaint and on that basis deny each and every allegation contained therein.

102.    The "Claims Procedure Order" referenced in paragraph 102 is a legal document that speaks for itself and, therefore, the Norman Blum Defendants deny allegations inconsistent with that legal document.  The Norman Blum Defendants further state that the allegations of paragraph 54 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Norman Blum Defendants deny each and every allegation contained therein.

### REQUEST FOR RELIEF

The Norman Blum Defendants deny that Plaintiff is entitled to the relief he seeks.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having answered the allegations in Plaintiff's Complaint, the Norman Blum Defendants assert the following defenses and affirmative defenses to Plaintiff's claims. In identifying the defenses set forth below, the Norman Blum Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of the claims that he alleges. The Norman Blum Defendants do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make a prima facie case against the Norman Blum Defendants. These defenses are set forth cumulatively and in the alternative.

## RESERVATION

Under prior decisions applicable to this case, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) and Section 550(a). In the event that subsequent legal developments further change the claims available to the Trustee, the Norman Blum Defendants hereby preserve each and every defense at law, in equity, or otherwise, available under federal and state law, including common law. They further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that the Norman Blum Defendants are similarly situated and may properly assert such defenses. The Norman Blum Defendants reserve the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate to do so.

1.      The Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 9(b), *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (1) failing to describe each specific transfer and its recipients, each

subsequent transfer and its recipients, and improperly combining allegations as to all the Norman Blum Defendants, (2) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (3) pleading numerous factual allegations about which the Norman Blum Defendants could not possibly have knowledge.

2.      The Complaint fails to state a claim on which relief can be granted because, among other defects, it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations.  To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

3.      This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under Article III of the Constitution, as confirmed by *Stern v. Marshall,* 131 S.Ct. 63 (2010) and its progeny.  The asserted claims are not core proceedings and the Norman Blum Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. The Norman Blum Defendants further demand a trial by jury.

4.      The Trustee lacks standing to bring some or all of the claims.

5.      The claims are barred in whole or part by waiver and/or laches.

6.      The claims are barred in whole or part by applicable limitations periods.

7.      The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

8.      The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against the Norman Blum Defendants under Sections 548 and 550 of the Bankruptcy Code.

9.      The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without

knowledge of voidability, as provided by Section 550(a) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against the Norman Blum Defendants under Sections 548 and 550 of the Bankruptcy Code.

10.     The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against the Norman Blum Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

11.     The alleged transfers, to the extent they were actually received by any Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against the Norman Blum Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

12.     The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract, more than two years before the filing date.

13.     The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code and *In re Quebecor*, 719 F.3d 94 (2d Cir. 2013) because each of the transfers constitutes a settlement payment or a payment in connection with a securities contract made by or to a stockbroker and/or financial institution, more than two years before the commencement of this liquidation proceeding.

14.     Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Norman Blum Defendants received such transfer in good faith, without

knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities, including without limitation for (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; and/or (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law, (c) the time value of money, (d) unjust enrichment, (e) damages for breach of fiduciary duty and/or (f) money had and received.

15.     Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" based on Forms 1099 and other information reported by Madoff Securities to governmental taxing authorities. The Trustee has named the improper party for these amounts. The proper party is the IRS.

16.     Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, required by law, such as mandatory withdrawals from IRA accounts or required for charitable foundation funding obligations.

17.     The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

18.     The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

19.     The claims are barred in whole or part for failure to properly credit inter-account transfers.

20.      The claims are barred in whole or part for failure to properly account for the time value of money through an interest or inflation adjustment to principal deposits.

21.     Even if the transfers were avoidable, the transfers may not be recovered as the Norman Blum Defendants are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

22.     The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the individual Norman Blum Defendants.

23.     The alleged claims against subsequent transferees are barred in whole or part by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

24.     Recovery of attorneys' fees from the Norman Blum Defendants is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

25.     The Trustee is not entitled to an award of interest from the date of each alleged transfer because of the operation of waiver, estoppel, and other equitable doctrines.  To the extent interest is to be awarded, the claims at issue are based on federal law, and interest is to be determined in accordance with federal law.

26.     The claims are not ripe because they do not meet the conditions of 15 U.S.C. § 78fff-2(c)(3).   The Trustee has offered no proof of a shortfall in customer property.

Dated:  April 17, 2014          Respectfully submitted,
Washington, DC


                                **K&L GATES LLP**

                                By:    /s/ Richard A. Kirby
                                1601 K Street NW
                                Washington, DC 20006-1600
                                Telephone: 202.661.3730
                                Facsimile: 202.778.9100
                                Richard A. Kirby

Email: richard.kirby@klgates.com
Martha Rodriguez-Lopez
Email: martha.rodriguezlopez@klgates.com

*Attorneys for Defendants Norman Blum Family Trust, Norman Blum Non-Exempt Family Trust, and Norman J. Blum individually and as Trustee for the Morris Blum Living Trust Agreement, Norman Blum Family Trust, and the Norman Blum Non-Exempt Family Trust*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2014, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to all counsel of

record.

s/ Richard A. Kirby       
Richard A. Kirby

K:\0526669\00001\20950_MRL\20950P21SB