**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION | Adv. Pr. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04450 (SMB) |
| Plaintiff, | |
| v. | **ANSWER AND COUNTERCLAIMS** |
| JEFFREY HINTE, | JURY TRIAL DEMANDED |
| Defendant. | |

Defendant Jeffrey Hinte, formerly known as Jeffrey Levy-Hinte, now known as Jeffrey

Kusama-Hinte ("Hinte") by and through his undersigned attorneys, for his Answer and

Counterclaims to the Complaint of Plaintiff Irving H. Picard, Trustee for the Liquidation of

Bernard L. Madoff Investment Securities LLC dated November 12, 2010, states and alleges as

follows:[1]

---

[1] Counts Two through Six of the Complaint have been dismissed pursuant to the order and supplemental opinion and order entered in *SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-cv-0115 (S.D.N.Y. Apr. 30

## Nature of Proceeding

1.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them, and specifically denies that Hinte received avoidable transfers from BLMIS.

2.      Denies the allegations contained in paragraph 2 of the Complaint, except admits that Hinte withdrew $36,150,000 from his account at BLMIS.

3.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies them, except admits that this action purports to be brought pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a) and 551 of title 11 of the United States Code (the "Bankruptcy Code"), and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) ("DCL")).

## Jurisdiction and Venue

4.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies them, except declines to respond to the extent such allegations constitute legal conclusions as to which no response is required.  Nothing herein shall be deemed to be consent to the Bankruptcy Court entering a final order in this proceeding.

---

& May 15, 2012) (ECF Nos. 57 & 101) (collectively, the "546(e) Ruling" or the "Dismissal Orders").  The Trustee has appealed the 546(e) Ruling to the Second Circuit.  Hinte answers Counts Two through Six herein, in the event that the 546(e) Ruling is reversed on appeal.  Nothing in this Answer shall be deemed to abandon the dismissal or waive any of the arguments made by Hinte (or any other defendant) in the 546(e) appeal, all of which arguments are expressly reserved.

4462170.1

5.      The allegations of paragraph 5 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations. Nothing herein shall be deemed to be consent to the Bankruptcy Court entering a final order in this proceeding.

6.      The allegations of paragraph 6 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations. Nothing herein shall be deemed to be consent to the Bankruptcy Court entering a final order in this proceeding.

<u>Defendant</u>

7.      Denies the allegations contained in paragraph 7 of the Complaint, except admits that Hinte maintains his residence in New York, and holds a BLMIS account in the name Jeffrey Levy-Hinte, No. 1L0211.

<u>Background, Plaintiff and Standing</u>

8.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies them.

10.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies them.

11.      Lacks knowledge or information sufficient to form a belief as to the truth of the

4462170.1

allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

12.     The allegations of paragraph 12 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 12 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, Hinte denies such allegations.

13.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

14.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies them.

15.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16.     The allegations of paragraph 16 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.

17.     The allegations of paragraph 17 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.

18.     The allegations of paragraph 18 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such

4462170.1

allegations.  In addition, to the extent paragraph 18 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 18 of the Complaint and, on that basis, Hinte denies such allegations.

<u>The Alleged Fraudulent Ponzi Scheme</u>

19.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 20 of the Complaint, and on that basis denies them.

21.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 21 of the Complaint, and on that basis denies them.

22.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 22 of the Complaint, and on that basis denies them.

23.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 23 of the Complaint, and on that basis denies them.

24.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 24 of the Complaint, and on that basis denies them.

25.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 25 of the Complaint, and on that basis denies them.

26.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 26 of the Complaint, and on that basis denies them.

4462170.1

27.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies them.

28.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and on that basis denies them.

29.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis denies them.

30.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies them.

31.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies them.

32.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis denies them.

<u>The Alleged Transfers</u>

33.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies them, except admits that he executed certain documents relating to an account No. 1L0211, which account was maintained at BLMIS.

34.    Denies the allegations contained in paragraph 34 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Account Agreements.

4462170.1

35.    Denies the allegations contained in paragraph 35 of the Complaint.  Hinte states that he made withdrawals of principal totaling $36,150,000 from his account at BLMIS.

36.    The allegations of paragraph 36 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  Hinte specifically denies that he received any transfers that were or are avoidable or recoverable and therefore denies that he received any "Two Year Transfers" or "Six Year Transfers" as defined in the Complaint.

37.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and on that basis denies them.

38.    The allegations of paragraph 38 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.

Count One
Fraudulent Transfer – 11 U.S.C. §§ 548(a)(1)(A), 550(a) and 551

39.    Hinte adopts and incorporates by reference the responses to the allegations contained in paragraphs 1-38 of the Complaint as if set forth herein.

40.    Denies that Hinte received any "Two Year Transfers" as defined in the Complaint and on that basis denies the allegations contained in paragraph 40 of the Complaint.

41.    The allegations of paragraph 41 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 41 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 41 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

42.    The allegations of paragraph 42 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 42 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 42 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

43.    The allegations of paragraph 43 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 43 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 43 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

44.    Denies the allegations contained in paragraph 44 of the Complaint.

Count Two
Fraudulent Transfer – 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551

45.    Hinte adopts and incorporates by reference the responses to the allegations

contained in paragraphs 1-44 of the Complaint as if set forth herein.

46.    The allegations of paragraph 46 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations. In addition, to the extent paragraph 46 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 46 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

47.    The allegations of paragraph 47 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations. In addition, to the extent paragraph 47 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 47 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

48.    The allegations of paragraph 48 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations. In addition, to the extent paragraph 48 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 48 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

49.    The allegations of paragraph 49 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations. In addition, to the extent paragraph 49 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 49 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

4462170.1

specifically denies that Hinte received any "Two Year Transfers" as defined in the Complaint.

50.     The allegations of paragraph 50 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 50 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

51.     The allegations of paragraph 51 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 51 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte specifically denies that he received any "Two Year Transfers" as defined in the Complaint.

52.     The allegations of paragraph 52 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 52 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, on that basis, Hinte denies such allegations.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

4462170.1

<u>Count Three</u>
<u>Fraudulent Transfer – New York Debtor and Creditor Law §§ 276,</u>
<u>278 and/or 279, and 11 U.S.C. §§ 544(b), 550(a) and 551</u>

54.     Hinte adopts and incorporates by reference the responses to the allegations

contained in paragraphs 1-53 of the Complaint as if set forth herein.

55.     The allegations of paragraph 55 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 55 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 55 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

56.     The allegations of paragraph 56 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 56 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 56 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

57.     The allegations of paragraph 57 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 57 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 57 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

4462170.1

58.     Denies the allegations contained in paragraph 58 of the Complaint.


<u>Count Four</u>
<u>Fraudulent Transfer – New York Debtor and Creditor Law §§ 273
and 278 and/or 279, and 11 U.S.C. §§ 544(b), 550(a) and 551</u>

59.     Hinte adopts and incorporates by reference the responses to the allegations

contained in paragraphs 1-58 of the Complaint as if set forth herein.


60.     The allegations of paragraph 60 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 60 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 60 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.


61.     The allegations of paragraph 61 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 61 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 61 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.


62.     The allegations of paragraph 62 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 62 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

4462170.1

paragraph 62 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

63.     The allegations of paragraph 63 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations. In addition, to the extent paragraph 63 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 63 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

Count Five
Fraudulent Transfer – New York Debtor and Creditor Law §§ 274,
278 and/or 279, and 11 U.S.C. §§ 544(b), 550(a), and 551

65.     Hinte adopts and incorporates by reference the responses to the allegations

contained in paragraphs 1-64 of the Complaint as if set forth herein.

66.     The allegations of paragraph 66 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations. In addition, to the extent paragraph 66 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 66 of the Complaint and, on that basis, Hinte denies such allegations. Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

67.     The allegations of paragraph 67 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

13

allegations.  In addition, to the extent paragraph 67 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 67 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

68.     The allegations of paragraph 68 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 68 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 68 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

69.     The allegations of paragraph 69 of the Complaint contain legal conclusions or

legal arguments to which no response is required and, on that basis, Hinte denies such

allegations.  In addition, to the extent paragraph 69 contains allegations of fact, Hinte lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 69 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

Count Six
Fraudulent Transfer – New York Debtor and Creditor Law §§ 275,
278 and/or 279, and 11 U.S.C. §§ 544(b), 550(a), and 551

71.     Hinte adopts and incorporates by reference the responses to the allegations

contained in paragraphs 1-70 of the Complaint as if set forth herein.

14

4462170.1

72.     The allegations of paragraph 72 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 72 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

73.     The allegations of paragraph 73 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 73 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

74.     The allegations of paragraph 74 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 74 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

75.     The allegations of paragraph 75 of the Complaint contain legal conclusions or legal arguments to which no response is required and, on that basis, Hinte denies such allegations.  In addition, to the extent paragraph 75 contains allegations of fact, Hinte lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

4462170.1

paragraph 75 of the Complaint and, on that basis, Hinte denies such allegations.  Hinte

specifically denies that he received any "Six Year Transfers" as defined in the Complaint.

76.    Denies the allegations contained in paragraph 76 of the Complaint.

## RESPONSE TO REQUEST FOR RELIEF

77.    Hinte denies that Plaintiff is entitled to his requested judgment in favor of

Plaintiff and against Hinte.  Hinte denies that Plaintiff is entitled to any of the relief requested

against Hinte.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

78.    The Complaint fails, in whole or in part, to state a claim upon which relief may be

granted.

### Second Affirmative Defense

79.    Plaintiff's claims are barred, in whole or in part, by reason that the Plaintiff has

failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b),

which is applicable to this action by Federal Rule of Bankruptcy Procedure 7009.

### Third Affirmative Defense

80.    Plaintiff lacks standing to assert the claims against Hinte.

### Fourth Affirmative Defense

81.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

82.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*

4462170.1

and/or the *Wagoner* Rule.

### Sixth Affirmative Defense

83.     Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata*.

### Seventh Affirmative Defense

84.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Eighth Affirmative Defense

85.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Ninth Affirmative Defense

86.     To the extent that Plaintiff has suffered any harm or damages, it is the result of his own actions.

### Tenth Affirmative Defense

87.     Plaintiff's claims are barred, in whole or in part, to the extent they are unripe due to Plaintiff's failure to demonstrate the necessary conditions set forth in 15 U.S.C. § 78fff-2(c)(3), including a failure to establish that there is a shortfall in customer property.

### Eleventh Affirmative Defense

88.      Plaintiff's claims are barred on the grounds that Hinte reasonably and justifiably relied on the activities of industry groups, such as SIPC, and governmental agencies and regulatory bodies, such as the SEC, to monitor and oversee the activities of BLMIS.

### Twelfth Affirmative Defense

89.     Hinte is a victim of the Madoff fraud and any claims against him should be dismissed as unconscionable and in violation of public policy.

4462170.1

## Thirteenth Affirmative Defense

90.    Plaintiff's claims are barred because Plaintiff has abused his discretion by treating

Hinte more harshly than similarly situated BLMIS investors without any evidence of wrongdoing

on the part of Hinte.  Such unequal treatment includes (i) seeking to "claw back" principal

investment redeemed by Hinte and (ii) seeking to "claw back" from Hinte redemptions made

prior to six years before the filing date of the Complaint.

## Fourteenth Affirmative Defense

91.    Pursuant to Bankruptcy Code section 546(e), Plaintiff cannot avoid any of the

alleged transfers to or withdrawals by Hinte and, in any event, by reason of section 546(e) and

the 546(e) Ruling, Plaintiff cannot avoid any of the alleged transfers that were made more

than two years before the SIPA case was commenced.

## Fifteenth Affirmative Defense

92.    The withdrawals made by Hinte from the Account are not subject to avoidance or

recovery by reason of Bankruptcy Code section 548(c), Bankruptcy Code section 550(b), and/or

New York Debtor Creditor Law ("N.Y. DCL") sections 273-276 or 278 because such

withdrawals were or should be treated as or deemed to be return of principal and/or represent

payment to Hinte of an antecedent debt or payment on his claims against BLMIS for fraud and/or

rescission and, as such, represent value to BLMIS and/or such claims for fraud and/or rescission

are otherwise subject to setoff against or recoupment from any claim by the Trustee against

Hinte.  In addition, the Trustee fails to give Hinte (and/or any person from whom Hinte allegedly

received a transfer) credit for the time value of money, the effects of inflation, constant dollar

value, and/or a reasonable rate of return.  As a result, the principal balance in Hinte's BLMIS

account was higher, and any so-called or alleged or fictitious profits in Hinte's BLMIS account

4462170.1

was lower, than the Trustee provided for in his calculations.

## Sixteenth Affirmative Defense

93.    Plaintiff's claims are barred, in whole or in part, because Hinte is entitled to setoff

or recoupment.

## Seventeenth Affirmative Defense

94.    Pursuant to Bankruptcy Code section 548(c) and/or N.Y. DCL sections 273-276

and 278, the payments to, or withdrawals by, Hinte from his BLMIS account are not subject to

avoidance, because value and/or fair consideration was given to BLMIS, in good faith, and

without knowledge of fraud or the voidability of the transfers.

## Eighteenth Affirmative Defense

95.    The withdrawals made by Hinte from the Account are not subject to avoidance or

recovery by reason of Bankruptcy Code section 548(c), Bankruptcy Code section 550(b),

and/or N.Y. DCL sections 273-276 or 278 because Hinte gave fair consideration in exchange

therefor without any actual fraudulent intent by him.

## Nineteenth Affirmative Defense

96.    The withdrawals made by Hinte from the Account are not subject to avoidance or

recovery by reason of Bankruptcy Code section 548(c), Bankruptcy Code section 550(b), and/or

N.Y. DCL sections 273-276 or 278 because the transfers or payments from Levy to Hinte were

made pursuant to a valid separation agreement incorporated into a judicial divorce decree and

Hinte received the transfers or payments in good faith and in exchange for fair consideration.

## Twentieth Affirmative Defense

97.    Any transfers or payments made to Hinte by or on behalf of Levy pursuant to the

Separation Agreement (defined below) and Judgment of Divorce should be considered to be

4462170.1

principal as to Hinte and/or cannot be set aside or avoided under the principles articulated by the

New York State Court of Appeals in *Commodity Futures Trading Commission v. Stephen Walsh

et al.*, 17 N.Y.3d 162, 951 N.E.2d 369, 927 N.Y.S.2d 821 (2011).

<u>Twenty-First Affirmative Defense</u>

98.    BLMIS acting through Madoff tricked and defrauded Hinte into foregoing

immediate cash payments into his banking account from Levy under the Separation Agreement

and Judgment of Divorce by convincing Hinte to become a client of BLMIS and accept

payments or transfers into the Account in lieu of direct payment of cash.  Had Hinte not been

defrauded into opening the Account to hold the payments or transfers from Levy, Hinte

indisputably would have been a subsequent transferee of the cash payments that would otherwise

have been made to his banking account.  By fraudulently manipulating Hinte into a position

where Plaintiff could attempt to assert that Hinte is not a subsequent transferee, BLMIS has

sought to deprive Hinte of his defenses as a subsequent transferee.  As a result of such fraud,

Hinte has been damaged in an amount equal to any judgment Plaintiff obtains or might obtain

under this Complaint, which damage may be recovered by Hinte through setoff against or

recoupment from his liability or potential liability to Plaintiff.  Alternatively, Plaintiff has

unclean hands and/or is estopped from recovering from Hinte.

<u>Twenty-Second Affirmative Defense</u>

99.    The withdrawals made by Hinte from the Account are not subject to avoidance or

recovery by reason of Bankruptcy Code section 548(c), Bankruptcy Code section 550(b), and/or

N.Y. DCL sections 273-276 or 278 because, subsequent to the transfers or payments from Levy

to Hinte, Levy's account was replenished and, as a result, BLMIS received value in exchange for

the withdrawals and/or as a result, the estate was not diminished as a result of the transfers or

payments to Hinte.

### Twenty-Third Affirmative Defense

100.    Pursuant to Bankruptcy Code section 550(b), the payments made by Levy to

Hinte, or the withdrawals by Hinte from his customer account, are not subject to recovery from

Hinte because Hinte is a subsequent transferee from Levy, taking such payments, transfers or

withdrawals for value, including satisfaction or securing of a present or antecedent debt due to

him from Levy, in good faith, and without knowledge of the voidability of the transfer sought to

be avoided.

### Twenty-Fourth Affirmative Defense

101.    Hinte is entitled to his customer account balance as a matter of law.  Hinte's

customer statements are conclusive evidence of what was lawfully owed to him by BLMIS.  Any

payment or transfer to, or withdrawal by, Hinte from his customer account that is consistent with

his customer statements is a proper transfer by BLMIS to Hinte and is nothing more than giving

Hinte his own money or property, or its value.

### Twenty-Fifth Affirmative Defense

102.    Plaintiff has entered into a settlement agreement (the "Settlement Agreement")

with the Levys, the effect of which is to satisfy all or an allocable portion of any claims Plaintiff

might seek to assert with respect to funds transferred or paid to Hinte by Levy.  In light of the

Settlement Agreement, Plaintiff's claims against Hinte violate the single satisfaction rule of

Bankruptcy Code section 550(d).

### Twenty-Sixth Affirmative Defense

103.    The Settlement Agreement bars, estops or exonerates any claims against Hinte.

4462170.1

## Twenty-Seventh Affirmative Defense

104.    By reason of Plaintiff's Settlement Agreement with the Levys, the funds or

property transferred to and subsequently withdrawn by Hinte are or should be treated as or be

deemed to be principal.

## Twenty-Eighth Affirmative Defense

105.    Pursuant to the Settlement Agreement or otherwise, Plaintiff has understated the

principal balance in Hinte's Account because Plaintiff has failed to give Levy appropriate credit

for the time value of money, the effects of inflation, constant dollar value, or a reasonable rate of

return.  This omission resulted in Plaintiff and Levy understating the principal held by Levy and

overstating the allegedly fictitious profits paid to Levy.  Any payments or transfers made by

Levy to Hinte constituted a transfer of funds or property that consisted of such understated

principal.

## Twenty-Ninth Affirmative Defense

106.    Plaintiff used the Settlement Agreement to allocate, retroactively and artificially,

fictitious profits to Hinte.  These amounts should be deemed to be principal.

## Thirtieth Affirmative Defense

107.    Plaintiff has knowingly, fraudulently, intentionally and/or negligently breached

his fiduciary duties to Hinte by artificially allocating fictitious profits attributable to Levy to

Hinte in order to preserve claims against Hinte that either do not really exist (because Hinte was

paid with principal or should be deemed to have been paid with principal) or should have been

resolved as part of the Settlement Agreement.  By continuing the pattern of fraud against Hinte

that was commenced by BLMIS acting though Madoff when Hinte was tricked and defrauded

into foregoing immediate cash payments into his banking account from Levy, Plaintiff has

22

damaged Hinte in an amount no less than the amount sought to be recovered from Hinte, which

may be recovered by Hinte through setoff against or recoupment from his liability or potential

liability to Plaintiff.  Alternatively, Plaintiff has unclean hands and/or is estopped from

recovering from Hinte.

Thirty-First Affirmative Defense

108.    On information and belief Hinte states the following.  Levy was an heir to the

Estate of Norman Levy (the "Levy Estate").  Madoff was executor of the Levy Estate for

financial matters.  Following the death of Norman Levy, Madoff used his position as executor to

steal more than $250 million of cash from the Levy Estate and divert those funds into BLMIS.

As an heir to the Levy Estate, the value of Levy's share of those stolen funds deposited into

BLMIS exceeded the amount of her transfers to Hinte and fully offsets Levy's transfer of cash to

Hinte. Therefore the transfers to Hinte's account were principal, not fictitious profits, and are not

subject to avoidance or clawback.

Thirty-Second Affirmative Defense

109.    Plaintiff's claims are barred to the extent the Trustee's calculation of liability for

avoidable "fictitious profits" under his "Net Investment Method" fails to give Hinte credit for the

account balance listed on the last BLMIS customer statement issued to Hinte prior to the

commencement of the applicable reach-back period.

Thirty-Third Affirmative Defense

110.    Plaintiff's claims are barred to the extent the Trustee's use of the "Net Investment

Method" improperly enables Plaintiff to avoid transfers that were outside any applicable reach-

back period.

23

### Thirty-Fourth Affirmative Defense

111.    Any funds withdrawn by Hinte are not subject to avoidance and/or recovery because such funds are customer balances that originated before or predate any applicable reach-back period and therefore represent or should be deemed to be principal or an unavoidable return on investment.

### Thirty-Fifth Affirmative Defense

112.    Any transfers from Levy to Hinte were transfers of principal owed to Levy at the time of the transfer.

### Thirty-Sixth Affirmative Defense

113.    The claims are barred, in whole or in part, due to Plaintiff's failure to properly credit inter-account transfers.

### Thirty-Seventh Affirmative Defense

114.    Even if the Trustee is entitled to recover some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

### Thirty-Eighth Affirmative Defense

115.    The BLMIS estate has recovered or will recover sufficient funds to satisfy all BLMIS customer net equity claims.  An avoidance action must be for the benefit of the estate and its creditors, not to create a surplus.  To the extent Plaintiff has recovered or recovers sufficient funds to satisfy all BLMIS customer net equity claims, there is no basis for an avoidance action against Hinte, and he is entitled to retain the $36,150,000 of principal he has withdrawn, the $16,726,712.33 of principal he has not yet withdrawn, and a pro rata share of any surplus.

4462170.1

Thirty-Ninth Affirmative Defense

116.    To the extent Hinte is a subsequent transferee of a transfer to Levy, the Trustee's

failure to timely commence, or commence and adjudicate to final judgment, an avoiding action

against the initial transferee of such transfer, or against the entity for whose benefit such initial

transfer was made, is a complete bar and defense to the Trustee's action against Hinte.

117.    Hinte reserves the right to amend his Answer and Affirmative Defenses to assert

such additional defenses as may later become available or apparent to him.  Nothing stated

herein constitutes a concession that Hinte bears any burden of proof on any issue on which he

would not otherwise bear such burden.

118.    Hinte adopts and incorporates by reference any and all other defenses and/or

affirmative defenses asserted or to be asserted by any other defendant or party-in-interest to the

extent Hinte may share in such defenses.

## COUNTERCLAIMS

### Nature of the Claims

119.    Plaintiff alleges that Bernard L. Madoff and BLMIS conducted a massive Ponzi

scheme, defrauding thousands of investors out of billions of dollars (the "Ponzi scheme").  As

part of their Ponzi scheme, Madoff and BLMIS perpetrated a particular fraud against Jeffrey

Levy-Hinte ("Hinte"), and interfered with his contractual and other legal rights.  Plaintiff now

seeks to perpetuate and take advantage of that fraudulent and tortious conduct.  Hinte is an

innocent victim and asserts these counterclaims for fraud, tortious interference, estoppel, setoff,

and recoupment to protect against further injury and recover what is rightfully his.

4462170.1

**The Payment Obligation**

120.    In November 2002, Hinte and his then-wife Levy entered into a Separation

Agreement (the "Separation Agreement") setting forth the terms of the dissolution of their

marriage.

121.    In the Separation Agreement, Levy agreed to pay Hinte $50 million in two

installments of $25 million each.  The Separation Agreement expressly provided that both

payments were to be paid to Hinte "by check or wire transfer to his banking account."

**The Fraud and Interference by Madoff and BLMIS**

122.    Upon information and belief, in or about June 2003, Madoff learned that Levy

intended to begin withdrawing $50 million from her account at BLMIS to make payment by

check or wire transfer to Hinte's banking account, in order to satisfy her obligation to Hinte

under the Separation Agreement.

123.    To forestall Levy from making the cash payments required under the Separation

Agreement – which would have produced immediate cash withdrawals of some $50 million

from BLMIS – Madoff and BLMIS fraudulently and tortiously intervened in the legal and

contractual relationship between Hinte and Levy.

124.    Madoff urged Levy not to write checks or send wire transfers from BLMIS to

Hinte for the $50 million she owed him.  Instead, Madoff proposed that BLMIS would pay the

moneys owed to Hinte by opening a BLMIS account in his name to receive funds from Levy.

4462170.1

125.    Madoff and BLMIS represented that Levy had sufficient funds in her BLMIS account to satisfy her obligation to Hinte.

126.    Madoff and BLMIS represented that they would invest the cash deposited in Hinte's account on his behalf and credit him with the profits.

127.    In reliance on these representations, and having no reason to suspect that Madoff and BLMIS were engaged in a fraud, Hinte agreed to become a customer of BLMIS and have Levy pay the cash owed to Hinte through the alternative payment mechanism.

128.    On or about July 1, 2003, in furtherance of their fraudulent scheme and tortious interference, Madoff and BLMIS caused an account, number 1L0211 (the "Account"), to be opened at BLMIS in Hinte's then-married name, Jeffrey Levy-Hinte, to receive cash deposits from Levy.

129.    Levy made an initial cash payment of $27,301,369.86 to the Account on or about July 1, 2003 (the "July 2003 Payment").  That payment is reflected on a BLMIS credit advice and an account statement for the Account, provided by Madoff and BLMIS to Hinte in or about July and August 2003.

130.    Following the July 2003 Payment, Hinte received monthly account statements showing the balance of the Account.  The July 2003 Payment was reflected on Hinte's monthly account statements as investment principal.  The account statements also reported Hinte's profit on those investments.

131.    Based on the information provided in the credit advice and account statements, Hinte believed that Levy was satisfying her obligations to him.  Accordingly, Hinte consented to

27

a Judgment of Divorce entered on January 6, 2004 in the Supreme Court of the State of New York in a proceeding captioned *Jeanne Levy-Hinte v. Jeffrey Levy-Hinte*, Index No. 315190/03 (the "Judgment"). The Judgment is final and irreversible.

132.    On about January 14, 2004, Levy made the second payment called for by the Separation Agreement and the Judgment, in the amount of $25,575,342.47 (the "January 2004 Payment"). Because the payments from Levy to Hinte were delayed from the dates set by the Separation Agreement, Levy made payments greater than the amount originally called for. The January 2004 Payment is reflected on a BLMIS credit advice and an account statement for the Account, provided by Madoff and BLMIS to Hinte in or about January and February 2004. The January 2004 payment brought Hinte's principal balance to $52,876,712.33.[2]

133.    By virtue of acceding to the alternative payment mechanism and not demanding immediate payments by check or wire of $52,876,712.33, Hinte contributed and bestowed value in the principal amount of $52,876,712.33 on BLMIS.

134.    Based on the information provided in the initial credit advices, in his monthly account statements and on his ability to withdraw funds from BLMIS, Hinte believed Levy had paid the amount owed to him under the Separation Agreement. As a result, he did not look to other assets held by Levy outside BLMIS to satisfy her obligation to him.

135.    After the January 2004 Payment, Hinte continued to receive monthly account statements from BLMIS reflecting his initial investment and the profit earned on that investment. In reliance on the account statements he received, and the profits they reflected, Hinte continued

---

[2] The $53,309,209.33 account balance was comprised of $52,876,712.33 in principal (representing the July 2003 Payment and the January 2004 Payment) and $432,497 in profit.

4462170.1

to leave substantial portions of his original $52,876,712.33 investment at BLMIS. At no time did Madoff or BLMIS indicate that they were engaged in a Ponzi scheme, in financial distress, insolvent, about to become insolvent or in any other way unworthy of Hinte's continued trust.

136.    From time to time, Hinte made withdrawals from the Account. By November 30, 2008, Hinte had withdrawn $36,150,000 of the $52,876,712.33 originally deposited, leaving a remaining principal balance of $16,726,712.33 in the Account.

137.    According to Plaintiff, the account statements and credit advices provided to Hinte by BLMIS reflecting cash deposits in July 2003 and January 2004, and all of the other monthly account statements provided to Hinte by BLMIS in 2003, 2004, 2005, 2006, 2007 and 2008, reflecting principal and gains, were false and fraudulent. Also according to Plaintiff, the cash drawn from Levy's account and deposited into Hinte's account actually consisted of fictitious profits and was not real.

138.    Seeking to take advantage of the fraud perpetrated on Hinte by Madoff and BLMIS, Plaintiff now seeks to claw back and avoid the $36,150,000 in payments Hinte withdrew from his BLMIS account. Plaintiff similarly sues to deny Hinte the $16,726,712.33 in principal that remains in the Account and any part of the reported profits in the Account. These actions by Madoff, BLMIS and now Plaintiff, give rise to Hinte's counterclaims against Plaintiff and BLMIS.

4462170.1

## FIRST CAUSE OF ACTION
## (RETURN OF PRINCIPAL)

139.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 137 of the Answer and Counterclaims as though set forth herein.

140.    By agreeing to forbear on the immediate withdrawal of $52,876,712.33 by check or wire transfer from BLMIS, Hinte conferred $52,876,712.33 of value on BLMIS.

141.    When Hinte permitted $52,876,712.33 in available funds to be deposited and maintained in the Account, he did so based on a good faith understanding that the form of payment he was receiving was as good as, or better than, payment by check or wire transfer and that those funds would be fully available to him at all times.  Hinte had no knowledge of any fraud or insolvency by Madoff or BLMIS.

142.    Based on the foregoing, Hinte is entitled to the principal deposited in the Account. Hinte is entitled to retain the $36,150,000 of principal he has withdrawn from the Account and Plaintiff is obligated to return the additional $16,726,712.33 of principal deposited into the Account.

## SECOND CAUSE OF ACTION
## (FRAUD)

143.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 141 of the Answer and Counterclaims as though set forth herein.

144.    Hinte had a contractual and judicially decreed right to cash payments of $50 million or more from Levy.  Madoff and BLMIS represented that Levy had sufficient funds

4462170.1

available in her BLMIS account with which to make those payments to Hinte. Madoff and

BLMIS represented that opening an account for Hinte at BLMIS and accepting payments from

Levy through cash deposits to that account was as good as, or better than, receiving those cash

payments by check or wire transfer to Hinte's banking account.

145.    In reliance on those representations, Hinte accepted $52,876,712.33 in cash

payments from Levy originating in her BLMIS account. Had Madoff and BLMIS not

fraudulently induced Hinte to open an account and accept an alternative to the payment

mechanism prescribed by the Separation Agreement and the Judgment, Levy would have made

her cash payments of $52,876,712.33 to Hinte by check or wire transfer deposit into Hinte's

banking account. Had Hinte received those cash payments by check or wire without intervention

by Madoff and BLMIS, Hinte would have had the full use and enjoyment of $52,876,712.33.

146.    Plaintiff now seeks to perpetuate this fraud by taking advantage of the false

representations by Madoff and BLMIS that induced Hinte to become a BLMIS customer and

forego cash deposits to his banking account and instead accept cash deposits to his BLMIS

account. To the extent Plaintiff deprives Hinte of all or any part of the $52,876,712.33 that was

due and payable to him pursuant to the Separation Agreement and the Judgment, he has been

injured in an amount up to $52,876,712.33 plus interest and lost profits, but in no event an

amount less than any recovery by Plaintiff in this action.

147.    Based on the foregoing, Plaintiff is liable to Hinte in an amount up to

$52,876,712.33 plus profits and interest.

## THIRD CAUSE OF ACTION
### (FRAUD)

148.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 146 of the Answer and Counterclaims as though set forth herein.

149.    Had Levy paid Hinte by check or wire transfer to his banking account, as required by the terms of the Separation Agreement and the Judgment, Hinte would have received $52,876,712.33 as a subsequent transferee, taking for value and in good faith.  As such, Hinte would have a clear and absolute right to retain those payments and would have defenses not available to an initial transferee.  Those defenses would protect Hinte completely from any and all claims by Plaintiff for avoidance or claw back.

150.    Madoff and BLMIS fraudulently induced Hinte to open an account and accept the alternative payment mechanism in which cash was withdrawn from Levy's account at BLMIS and deposited to Hinte's account at BLMIS.  Plaintiff seeks to avail himself of this fraud by claiming Madoff's deception renders Hinte an initial transferee, without the defenses available to him as a subsequent transferee.  Plaintiff is wrong; Hinte is a subsequent transferee.  But, to the extent Plaintiff succeeds in depriving Hinte of these defenses, Hinte has been defrauded and injured in an amount no less than the amount clawed back or avoided.

151.    Based on the foregoing, Plaintiff is liable to Hinte in an amount equal to any amount clawed back from him or avoided by Plaintiff and such amount may be recovered by Hinte through setoff or recoupment from his liability or potential liability to Plaintiff.

4462170.1

## FOURTH CAUSE OF ACTION
## (FRAUD)

152.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 150 of the Answer and Counterclaims as though set forth herein.

153.    Levy was obligated by contract and judicial decree to pay Hinte $50 million in cash.  In reliance on representations by Madoff and BLMIS that Levy had good and available funds on deposit in her BLMIS account sufficient to make those payments, Hinte accepted those payments and did not demand that payment be made by Levy from sources other than her BLMIS account.

154.    Upon information and belief, Levy had assets sufficient to make the payments called for by the Separation Agreement and the Judgment, independent of her BLMIS account; assets which Hinte would have looked to, but for the fraud that Plaintiff vigorously asserts Madoff and BLMIS committed.  Funds from sources other than Levy's BLMIS account would have been entirely available to Hinte and would be completely immune from Plaintiff's claims.

155.    Plaintiff has entered into the Settlement Agreement with the Levy family, pursuant to which Plaintiff has received a cash payment of $220,000,000.  Upon information and belief, the majority of that payment came from Levy, stripping her of assets that would otherwise have been available to pay Hinte.

156.    Plaintiff now seeks to avail himself of the fraud committed by Madoff and BLMIS against Hinte to deprive him of the $52,876,712.33 he received from Levy.

4462170.1

157.    Based on the foregoing, Plaintiff is liable to Hinte in an amount up to $52,876,712.33 plus profits and interest, but in no event an amount less than any recovery by Plaintiff in this action.

158.    Based on the foregoing, Hinte has been defrauded by and has suffered injuries for which Plaintiff is liable in an amount up to $52,876,712.33, plus lost profits and interest.

## FIFTH CAUSE OF ACTION
## (TORTIOUS INTERFERENCE)

159.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 157 of the Answer and Counterclaims as though set forth herein.

160.    Levy was obligated by contract and judicial decree to pay Hinte $50 million or more "by check or wire transfer to his banking account."  Madoff and BLMIS tortiously interfered with that contractual payment obligation.

161.    Had Levy paid Hinte by check or wire transfer to his banking account as required by the Separation Agreement, Hinte would have received $52,876,712.33.

162.    Further, Hinte unquestionably would have received that sum as a subsequent transferee taking for value and in good faith.  As a subsequent transferee Hinte would have absolute defenses to claims for avoidance or claw back.

163.    Plaintiff seeks to perpetuate the injury caused by Madoff and BLMIS's tortious interference by claiming that Hinte received nothing from Levy and is an initial transferee without the defenses available to a subsequent transferee.  To the extent Plaintiff prevails on these claims, Hinte has been further damaged by the tortious interference.

34

164.    Based on the foregoing, Plaintiff is liable to Hinte in an amount up to $52,876,712.33 plus profits and interest, but in no event an amount less than any recovery by Plaintiff in this action.

## SIXTH CAUSE OF ACTION
## (RECOUPMENT)

165.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 163 of the Answer and Counterclaims as though set forth herein.

166.    The particular fraud perpetrated on Hinte by Madoff and BLMIS – undertaken to avoid the immediate withdrawal of $52,876,712.33 in cash from BLMIS in 2003 and 2004, and committed through the use of false statements and fraudulent representations, including false credit advices and account statements that Plaintiff now alleges were false – is part and parcel of the Ponzi scheme alleged by Plaintiff.  Plaintiff relies on the fraud against Hinte in seeking to claw back and avoid transfers to Hinte.

167.    To the extent that Plaintiff prevails against Hinte by virtue of the fraud perpetrated against him by Madoff and BLMIS and is awarded judgment against Hinte, Plaintiff will have injured Hinte in an equal amount.

168.    Based on the foregoing, Hinte is entitled to recoupment from Plaintiff in an amount equal to any judgment awarded in favor of Plaintiff.

4462170.1

## SEVENTH CAUSE OF ACTION
## (ESTOPPEL)

169.    Hinte repeats and realleges the allegations set forth in paragraphs 1 through 167 of the Answer and Counterclaims as though set forth herein.

170.    BLMIS and Madoff represented and promised Hinte that transfers from Levy's account at BLMIS to the Account in Hinte's name were being made with good and available funds in an amount sufficient to satisfy Levy's payment obligation to Hinte, and were as good as, or better than, payments to Hinte's banking account by check or wire transfer.

171.    In good faith reliance on those representations and promises, Hinte accepted deposits to the Account and did not look to other sources of payment from Levy to satisfy her liabilities to Hinte under the Separation Agreement and the Judgment.

172.    In good faith reliance on those representations and promises, Hinte consented to the entry of the Judgment which granted Levy a divorce based on the consideration set forth in the Separation Agreement and the Judgment, and on the specific promise, set forth in the Judgment, that Levy's payment obligations to Hinte were satisfied.

173.    In good faith reliance on those representations and promises, Hinte irreversibly changed his position by consenting to an irrevocable divorce.  Hinte has been unable to receive $16,726,712.33 of the consideration for that divorce and Plaintiff now seeks to deprive him of an additional $36,150,000 received in consideration for that divorce.

174.    If Hinte were compelled to repay the $36,150,000 he has withdrawn from the Account, he would suffer an injury in that amount as a result of his good faith reliance.  Plaintiff

36

4462170.1

is estopped from avoiding or clawing back any funds withdrawn from the Account.  For the same

reason, Plaintiff is estopped from withholding from Hinte the $16,726,712.33 of principal

remaining in the Account.

WHEREFORE, Hinte respectfully requests that this Court enter judgment in favor of

Hinte and against Plaintiff as follows:

i.      Dismissing the First Claim for Relief;

ii.     Dismissing the Second Claim for Relief;

iii.    Dismissing the Third Claim for Relief;

iv.     Dismissing the Fourth Claim for Relief;

v.      Dismissing the Fifth Claim for Relief;

vi.     Dismissing the Sixth Claim for Relief;

vii.    On the First Counterclaim, awarding Hinte the full retention and return of his
        principal, in the aggregate amount of $52,876,712.33;

viii.   On the Second Counterclaim, awarding Hinte damages in an amount to be
        determined at trial, but in no event an amount less than any recovery by Plaintiff
        in this action;

ix.     On the Third Counterclaim, awarding Hinte damages in an amount to be
        determined at trial, but in no event an amount less than any recovery by Plaintiff
        in this action;

x.      On the Fourth Counterclaim, awarding Hinte damages in an amount to be
        determined at trial, but in no event an amount less than any recovery by Plaintiff
        in this action;

xi.     On the Fifth Counterclaim, awarding Hinte damages in an amount to be
        determined at trial, but in no event an amount less than any recovery by Plaintiff
        in this action;

xii.    On the Sixth Counterclaim, awarding Hinte damages in an amount to be
        determined at trial, but in no event an amount less than any recovery by Plaintiff
        in this action;

xiii.   On the Seventh Counterclaim, granting Hinte recoupment in an amount to be

4462170.1

determined at trial, but in no event an amount less than any recovery by Plaintiff in this action;

xiv.    On the Eighth Counterclaim, granting Hinte estoppel and an award in an amount to be determined at trial, but in no event an amount less than any recovery by Plaintiff in this action;

xv.    On all Counterclaims, awarding Hinte prejudgment interest;

xvi.    Awarding Hinte all applicable interest, costs and disbursements of this action; and

xvii.    Granting Hinte such other, further and additional relief as the Court deems just, proper and equitable.

Dated:  April 17, 2014
New York, New York

By: /s/ Martin J. Auerbach
MARTIN J. AUERBACH, ESQ.
1185 Avenue of the Americas
31st Floor
New York, NY 10036
Telephone: (212) 704-4347
Facsimile: (646) 304-0175
Email: auerbach@mjaesq.com

STUTMAN, TREISTER & GLATT, P.C.
William P. Weintraub
Kizzy L. Jarashow
675 Third Avenue, Suite 2216
New York, NY 10017-5714
Tel: (212) 235-0810
Fax: (212) 235-0842
Email: wweintraub@stutman.com
        kjarashow@stutman.com

ZUCKERMAN SPAEDER LLP
Laura E. Neish
1185 Avenue of the Americas
31st Floor
New York, NY 10036
Telephone: (646) 746-8649
Email: lneish@zuckerman.com

*Attorneys for Defendant Jeffrey Kusama-Hinte, named herein as Jeffrey Hinte and formerly known as Jeffrey Levy-Hinte*

4462170.1