**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9500
John F. Zulack
*Attorneys for Defendants Panagiotis Sakellariou Settlement, an irrevocable trust u/a/d 12/17/92, and SG Hambros Bank & Trust (Bahamas) Limited, sued herein in its capacity as Trustee of the Panagiotis Sakellariou Settlement*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>v.<br><br>PANAGIOTIS SAKELLARIOU SETTLEMENT, an irrevocable trust u/a/d 12/17/92, SG HAMBROS BANK & TRUST (BAHAMAS) LIMITED, in its capacity as trustee of the Panagiotis Sakellariou Settlement, an Irrevocable Trust u/a/d 12/17/92, CONSTANTINE PALEOLOGOS, individually, CELIA PALEOLOGOS, individually, and CHRIS G. LAZARIDES, individually,<br><br>          Defendant(s). | Adv. Pro. No. 10-04392 (SMB) |

**ANSWER OF DEFENDANTS PANAGIOTIS SAKELLARIOU SETTLEMENT AND SG HAMBROS BANK & TRUST (BAHAMAS) LIMITED, SUED HEREIN IN ITS CAPACITY AS TRUSTEE OF THE PANAGIOTIS SAKELLARIOU SETTLEMENT: JURY TRIAL DEMANDED**

Defendant Panagiotis Sakellariou Settlement, an irrevocable trust u/a/d 12/17/92 (the "Sakellariou Trust"), and Defendant SG Hambros Bank & Trust (Bahamas) Limited, sued herein in its capacity as Trustee of the Sakellariou Trust (the "Sakellariou Trustee") (collectively, the "Trust Defendants"),[1] by their undersigned counsel, answer the Complaint herein as follows:

## NATURE OF PROCEEDING

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, except admit on information and belief that Bernard L. Madoff pled guilty on March 12, 2009 to 11 felony counts, and on June 29, 2009, was sentenced to 150 years imprisonment.

2. To the extent the allegations of paragraph 2 state legal conclusions, no response thereto is required; to the extent the allegations of paragraph 2 are allegations of fact, deny each and every allegation thereof, except neither admit nor deny the allegations of paragraph 2 concerning the naming of alleged "Subsequent Transferee Defendants" and aver that under the laws of The Bahamas, including The Banks and Trust Companies Regulation Act, 2000, they are prohibited from disclosing information pertaining to trust affairs to third parties absent an order by a court of competent jurisdiction within The Bahamas.

---

[1] SG Hambros Bank & Trust (Bahamas) Limited is now known as Société Générale Private Banking (Bahamas) Ltd.

2

3. Deny the allegations of paragraph 3, except admit that the Trustee purports to bring claims under the statutory provisions enumerated therein and purports to seek the relief described therein.

## JURISDICTION AND VENUE

4. Admit the allegations of paragraph 4, except deny that this Court has personal jurisdiction over the Trust Defendants under N.Y. CPLR 302(a).

5. Deny the allegations of paragraph 5. The Trust Defendants do not consent to entry of final orders or judgments by the Bankruptcy Judge.

6. Admit the allegations of paragraph 6.

## DEFENDANTS

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, except admit that the Sakellariou Trust is a trust formed under the laws of The Bahamas and that the Sakellariou Trustee is the trustee of the Sakellariou Trust.

8. Deny the allegations of paragraph 8, except admit that the Sakellariou Trustee is the trustee of the Sakellariou Trust with a mailing address in care of Société Générale Private Banking (Bahamas) Ltd. (formerly known as SG Hambros Bank & Trust (Bahamas) Limited), Lyford Cay House, 2nd floor, Western Road, P.O. Box N-7785, Nassau, The Bahamas.

9. Neither admit nor deny the allegations of paragraph 9 and aver that under the laws of The Bahamas, including The Banks and Trust Companies Regulation Act, 2000, they are prohibited from disclosing information pertaining to trust affairs to third parties absent an order by a court of competent jurisdiction within The Bahamas.

10. Neither admit nor deny the allegations of paragraph 10, and aver that under the laws of The Bahamas, including The Banks and Trust Companies Regulation Act, 2000, they are prohibited from disclosing information pertaining to trust affairs to third parties absent an order by a court of competent jurisdiction within The Bahamas.

11. Neither admit nor deny the allegations of paragraph 11 and aver that under the laws of The Bahamas, including The Banks and Trust Companies Regulation Act, 2000, they are prohibited from disclosing information pertaining to trust affairs to third parties absent an order by a court of competent jurisdiction within The Bahamas.

## BACKGROUND, THE TRUSTEE AND STANDING

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, except admit on information and belief that Madoff was arrested on December 11, 2008, and that the United States Securities and Exchange Commission ("SEC") filed a complaint against Madoff and BLMIS.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and respectfully refer the Court to the Order dated December 12, 2008 for a complete and accurate statement of its contents.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and respectfully refer the Court to the application filed by the Securities Investor Protection Corporation ("SIPC") referred to in paragraph 14 for a complete and accurate statement of its contents.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and respectfully refer the Court to the Order dated December 15, 2008 for a complete and accurate statement of its contents.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and respectfully refer the Court to the Orders dated December 23, 2008 and February 4, 2009 for complete and accurate statements of their contents.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except admit on information and belief that Madoff pled guilty at a plea hearing on March 12, 2009 (the "Madoff Plea Hearing") and respectfully refer the Court to the transcript of the Madoff Plea Hearing for a complete and accurate statement of its contents.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except admit on information and belief that Mr. Frank DiPascali pled guilty at a plea hearing on August 11, 2009 (the "DiPascali Plea Hearing") and respectfully refer the Court to the transcript of the DiPascali Plea Hearing for a complete and accurate statement of its contents.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. The allegations of paragraph 20 state legal conclusions as to which no response is required.

21. The allegations of paragraph 21 state legal conclusions as to which no response is required.

5

22. The allegations of paragraph 22 state legal conclusions as to which no response is required; but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

### THE FRAUDULENT PONZI SCHEME

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, except admit on information and belief that BLMIS conducted an investment advisory business (the "IA Business") from offices at 885 Third Avenue, New York, New York, and that BLMIS was registered with the SEC as a securities broker-dealer under section 15(b) of the Securities Exchange Act of 1934. 15 U.S.C. § 78o(b).

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Admit the allegations of paragraph 25.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, except admit that the Sakellariou Trustee received monthly statements from BLMIS purporting to show the securities, options and government securities that were held in—or had been traded through—the account at BLMIS for the Sakellariou Trust, and admit on information and belief that Madoff stated at the Madoff Plea Hearing that he never purchased any of the securities he claimed to have purchased for customer accounts.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

6

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, except admit on information and belief that Madoff stated at the Madoff Plea Hearing that he never purchased any of the securities he claimed to have purchased for customer accounts.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, except admit on information and belief that Madoff stated at the Madoff Plea Hearing that he operated the IA Business as a Ponzi scheme and that he never purchased any of the securities he claimed to have purchased for customer accounts.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, except admit that when BLMIS made payments to the Sakellariou Trust, the Sakellariou Trustee had received statements from BLMIS showing gains in the Sakellariou Trust's account with BLMIS.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, except admit on information and belief that BLMIS registered as an Investment Advisor in September 2006.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

### THE TRANSFERS

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Deny the allegations of paragraph 39, except admit that from time to time the Sakellariou Trustee transferred trust funds to an account at JP Morgan Chase, New York, for the benefit of account no. 140 081 703, for further credit to account 1FN052, and that BLMIS transferred assets into the account at BLMIS for the Sakellariou Trust from an account at BLMIS held in the name of another account owner.

40. Deny the allegations of paragraph 40, except admit that the Sakellariou Trust received certain transfers from BLMIS.

41. To the extent the allegations of paragraph 41 state legal conclusions, no response thereto is required; to the extent the allegations of paragraph 41 are allegations of fact, deny each and every allegation thereof.

42. Incorporate the denials and admissions concerning the alleged "Transfers" contained in the response to paragraph 40, and in all other respects neither admit nor deny the allegations of paragraph 42 and aver that under the laws of The Bahamas, including The Banks and Trust Companies Regulation Act, 2000, they are

8

prohibited from disclosing information pertaining to trust affairs to third parties absent an order by a court of competent jurisdiction within The Bahamas.

43. The allegations of paragraph 43 state legal conclusions as to which no response is required.

44. The allegations of paragraph 44 state legal conclusions as to which no response is required.

45. The allegations of paragraph 45 state legal conclusions as to which no response is required.

## THE CUSTOMER CLAIMS

46. Admit the allegations of paragraph 46.

47. Admit the allegations of paragraph 47.

48. Admit the allegations of paragraph 48.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and respectfully refer the Court to the Order dated December 23, 2008 for a complete and accurate statement of its contents.

## COUNT ONE
## FRAUDULENT TRANSFER—11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

50. In response to paragraph 50, the Trust Defendants repeat, reallege and incorporate each and every response to paragraphs 1 through 49 as if fully set forth herein.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. The allegations of paragraph 52 are legal conclusions as to which no response is required.

9

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.     The allegations of paragraph 54 are legal conclusions as to which no response is required.

55.     The allegations of paragraph 55 are legal conclusions as to which no response is required.

## COUNTS TWO THROUGH SEVEN

56-93.     Paragraphs 56 through 93 relate to six separate counts as which judgment previously has been entered against the Trustee, and therefore no response is required. In the event subsequent legal developments further alter the claims available to the Trustee, the Trust Defendants hereby reserve the right to amend their answer to respond thereto.

## DEFENSES

The Trust Defendants assert the following affirmative and other defenses and reserve their rights to assert other defenses when and if they become available. Assertion by the Trust Defendants of any of these defenses shall not be deemed a concession that the Trust Defendants bear the burden of proof with respect to any of them.

## FIRST DEFENSE

The Complaint, and each and every claim stated therein against the Trust Defendants, fails to state a claim upon which relief can be granted.

10

## SECOND DEFENSE

The Court is an inconvenient forum for this dispute and a more appropriate forum is available to the parties in another jurisdiction, to wit, the Bahamas.

## THIRD DEFENSE

The Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The Trust Defendants do not consent to the entry of final orders or judgments by the Bankruptcy Court. The Trust Defendants further demand trial by jury.

## FOURTH DEFENSE

The Trustee's claims are barred because to the extent the Trust Defendants received any transfers, such transfers were for value, in good faith, and without knowledge of the voidability of the payments.

## FIFTH DEFENSE

The Trustee's claims are barred because to the extent the Trust Defendants received any transfers, such transfers were received outside the territorial limits of the United States and such transfers therefore are outside the scope of the provisions of the United States Bankruptcy Code and SIPA upon which the Trustee's claims are predicated.

## SIXTH DEFENSE

The Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S.C. § 78fff-2(c)(3) have been met.

## **RESERVATION OF RIGHTS**

The Trust Defendants hereby give notice that they intend to rely upon any other defense or defenses that may become available or appear during pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE, the Trust Defendants respectfully request that the Court dismiss the Complaint as against them; award costs, disbursements and attorneys' fees to the Trust Defendants; and grant such other and further relief that the Court deems just and proper.

Dated: New York, New York
April 17, 2014

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

/s/ John F. Zulack
John F. Zulack
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9500
jzulack@fzwz.com

*Attorneys for Defendants Panagiotis Sakellariou Settlement, an irrevocable trust u/a/d 12/17/92, and SG Hambros Bank & Trust (Bahamas) Limited, sued herein in its capacity as Trustee of the Panagiotis Sakellariou Settlement*

12