```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
SECURITIES INVESTOR PROTECTION           :
CORPORATION,                             :
                                         :
            Plaintiff,                   :
                                         :    12 Misc. 115 (JSR)
            -v-                          :    13 Civ. 9108 (JSR)
                                         :
BERNARD L. MADOFF INVESTMENT             :    MEMORANDUM ORDER
SECURITIES LLC,                          :
                                         :
            Defendant.                   :
---------------------------------------- x
In re:                                   :
                                         :
MADOFF SECURITIES                        :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On December 23, 2013, claimant Diana Melton Trust Dated 12/05/05 ("DMT") moved to withdraw the reference to the Bankruptcy Court. See In re Madoff Sec., Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Dec. 23, 2013), ECF No. 5311. DMT filed a memorandum of law in support of the motion with this Court that asserted various permissive and mandatory grounds for withdrawal. See Mem. of Law, 13 Civ. 9108, ECF No. 2 (S.D.N.Y. Dec. 26, 2013). On January 29, 2014, Irving Picard, the Trustee for the bankruptcy estate of Bernard L. Madoff Investment Securities LLC ("BLMIS"), filed a brief in opposition to DMT's motion, in which the Securities Investor Protection Corporation ("SIPC") joined. DMT responded on February 5, 2014.

In his opposition brief, the Trustee raised four reasons for denial of the motion to withdraw: (1) that DMT seeks what is in effect an advisory opinion because any avoidance action brought against DMT

by the Trustee would be time-barred; (2) that DMT's motion is untimely; (3) that determination of customer claims is at the core of the Bankruptcy Court's jurisdiction; and (4) that the issues raised by the withdrawal motion have already been determined. While the Court is of the view that each of these reasons might well justify denial of DMT's motion, the Court, without reaching the other reasons, denies DMT's motion as untimely.

On March 5, 2012 — nearly two years ago — this Court set a deadline of April 2, 2012, for the filing of any motions for withdrawal of the reference. See Administrative Order Establishing Deadline for Filing Motions to Withdraw the Reference, SIPC v. BLMIS (In re Madoff Sec.), Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Mar. 5, 2012), ECF No. 4707 (the "Administrative Order"). DMT notes that, by its language, the Administrative Order applies to "issues arising from the pleadings in Adversary Proceedings," and argues that because no avoidance action was brought against DMT by the Trustee, the Administrative Order should not apply here. But the Court has already rejected similar attempts to skirt the Administrative Order. See Order, In re Madoff Sec., 12 Civ. 6093, ECF No. 9 (S.D.N.Y. Oct. 1, 2012) (finding movant's similar argument that the Administrative Order did not apply unavailing because the issue asserted as the basis for withdrawal "applies equally to defendants in avoidance and recovery

actions[, so] this issue could have been raised at the pleading stage").

Independently, moreover, even assuming <u>arguendo</u> that the Administrative Order does not bar the instant motion to withdraw, DMT raises no persuasive explanation for the four-year delay between receiving the Trustee's Notice of Determination in 2009 and the filing the instant motion in December 2013. DMT urges that the Supreme Court's decision in <u>Stern v. Marshall</u>, 131 S. Ct. 2594, 2616 (June 23, 2011), should have started the timeliness clock anew, but fails to explain its 30-month delay that followed. <u>See, e.g.</u>, <u>Shugrue v. Chem. Bank, Inc.</u> (<u>In re Ionosphere Clubs, Inc.</u>), No. 94 Civ. 04614 (JFK), 1995 WL 479480, at *3 (S.D.N.Y. Aug. 11, 1995) (timeliness is a threshold matter under 28 U.S.C. § 157(d), requiring any motion be made "as soon as possible after receiving notice of the grounds for withdrawing the reference").

Accordingly, the motion to withdraw the reference is hereby denied as untimely. The Clerk of the Court is hereby directed to close the case No. 13 Civ. 9108.

SO ORDERED.

Dated: New York, New York
February 17, 2014

JED S. RAKOFF, U.S.D.J.

3