Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 18, 2014

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA CMF/ECF**

Honorable Stuart M. Bernstein
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

　Re:　*Picard v. Marshall*, Adv. Pro. No. 14-01840 (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

Late last night Becker & Poliakoff, as counsel for defendants Adele Fox, Susanne Marshall, Marsha Peshkin and Russell Oasis (collectively, the "Fox Defendants"), filed a motion to stay the Trustee's pending injunction application ("Application") in the above case. Pursuant to the Application, filed on March 11, 2014, the Trustee seeks to enjoin the Fox Defendants from proceeding with claims barred by a Permanent Injunction Order ("Permanent Injunction") entered by this Court and affirmed by both the District Court and the Second Circuit Court of Appeals.

The Trustee requests that the Court immediately reject the Fox Defendants' motion and their corresponding request for an extension of time to respond to the Application. The Fox Defendants have had almost six weeks to respond to the Application, but strategically waited until the response deadline to file their stay motion in an attempt to derail the hearing on the Application scheduled for May 7, 2014. As a result of their manufactured emergency, the Fox Defendants now seek to have the Trustee respond on a short schedule starting over the Easter holiday weekend.[1] They also presume that they are entitled to an extension of time to respond to the Application, which the Trustee requests that the Court also reject.

---

[1] The Fox Defendants employed similar tactics in the 11th Circuit, in which they delayed taking action and then filed an emergency stay request, to which the Picower Defendants (defined herein) had to respond over the Passover holiday.

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

Honorable Stuart M. Bernstein
April 18, 2014
Page 2

More importantly, on a substantive basis their request is groundless, as it is predicated on the false premise that the Second Circuit—in a mere clause in a sentence on an issue never briefed, let alone argued—divested this Court of jurisdiction to decide the applicability and violations of its own Permanent Injunction.

**The Permanent Injunction and the Second Circuit's Decision and Mandate**

In a long battle in this Circuit beginning in 2010, the Trustee successfully stopped defendants Fox and Marshall from suing the estate of Jeffry Picower and related defendants (the "Picower Defendants") on claims that were duplicative and derivative of those of the Trustee. *See Picard v. Fox*, 429 B.R. 423 (Bankr. S.D.N.Y. 2010), *aff'd*, 848 F.Supp.2d 469 (S.D.N.Y. 2012), *aff'd*, 740 F.3d 82 (2d Cir. 2014).  The end result was the affirmance of the following Permanent Injunction by the Second Circuit: "[A]ny BLMIS customer or creditor of the BLMIS estate . . . is hereby permanently enjoined from asserting any claim against the Picower BLMIS Accounts or the Picower Releasees that is duplicative or derivative of the claims brought by the Trustee, or which could have been brought by the Trustee against the Picower BLMIS Accounts or the Picower Releasees . . . ."  (*See* Permanent Injunction Order, Ex. A to Declaration of Keith R. Murphy in Support of the Application, ECF No. 4.)  Specifically, as to litigants Fox and Marshall, the Second Circuit held: "appellants' complaints impermissibly attempt to 'plead around' the Bankruptcy Court's injunction barring all claims 'derivative' of those asserted by the Trustee."  *See In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81, 84 (2d Cir. 2014).

The Second Circuit then stated: "There is conceivably some particularized conspiracy claim appellants could assert that would not be derivative of those asserted by the Trustee. That question, however, is not properly before us, and is a question in the first instance for the United States District Court for the Southern District of Florida . . . ." *See* 740 F.3d at 94.  It is on this basis, and more pointedly, on the clause in the second sentence, that Fox and Marshall contend that the Second Circuit divested this Court of jurisdiction to enforce its own Permanent Injunction.  However, even a cursory reading of the Second Circuit's decision makes clear that it did not divest this Court of jurisdiction to determine a violation of its own Permanent Injunction.  To order such an extraordinary divestiture of jurisdiction as the Fox Defendants assert, the Circuit would have explained its reasoning and would have done so clearly and explicitly, as opposed to making such a statement in dicta.  Nor was there briefing or argument on that issue.  Logically, there also is no basis to divest this Court of jurisdiction.  The Permanent Injunction is an order of this Court, issued in connection with, and as an integral part of, the BLMIS proceeding, which is being centrally administered in this Court.  It defies logic that the Second Circuit would "mandate" that other courts around the country should make the determination whether an entity or action is violating the Permanent Injunction, thus risking potentially simultaneous and inconsistent decisions.

Put bluntly, the Fox Defendants knowingly have sought to distort the Second Circuit ruling to avoid the jurisdiction of this Court, the District Court and the Second Circuit.  Having been enjoined on proceeding with their duplicative and derivative claims three times by these courts, the Fox Defendants are hoping for a better outcome in their home court.  Their tactics should be rejected.

Honorable Stuart M. Bernstein
April 18, 2014
Page 3

**The Florida District Court Rejects the Fox Defendants' Position That the Bankruptcy Court Lacks Jurisdiction**

Indeed, Judge Kenneth L. Ryskamp, the Florida District Court Judge, when presented with the same arguments presented by the Fox Defendants here, decided that he would defer to this Court in connection with the Trustee's Application: "The Court declines to conduct an emergency hearing on the question of whether to enjoin the New York action.  Rather, this Court defers to the Bankruptcy Court for the Southern District of New York for a ruling on Picard's motion to enjoin the instant action."

Unhappy with the Florida district court's clear ruling, the Fox Defendants decided four weeks ago to appeal Judge Ryskamp's order to the Eleventh Circuit Court of Appeals.  The Trustee is not a party to that action.  The Picower Defendants, who are parties to that action, not only opposed the Fox Defendants' motions on procedural grounds as an improper appeal of an interlocutory order, but again, pointed out to the Eleventh Circuit the sophistry of the Fox Defendants' position – that the basis of the appeal was built on the false premise that this Court had been divested of jurisdiction.  The Picower Defendants have moved to dismiss the appeal given its frivolous nature. (*See* Response to Motion to Expedite Briefing and Motion to Dismiss Appeal, *Fox v. Picower*, No. 14-11250 (11th Cir.) (Apr. 16, 2014).)

**Fox Could Have Moved Before This Court Weeks Ago**

Approximately two weeks ago, counsel for the Fox Defendants contacted the Trustee and requested an extension of time to respond to the Complaint filed in connection with the Application.  The Trustee consented on the express condition, contained in the stipulation and order signed by the Court, that the extension not be used to delay the hearing on the Application scheduled for May 7.  After obtaining that extension, counsel for the Fox Defendants has taken multiple actions in Florida and now in New York to accomplish that very delay.

**The Goldman Defendants and Multiple Litigations in Florida**

In addition to suing the Fox Defendants, the Trustee also sued A&G Goldman and Pamela Goldman (collectively the "Goldman Defendants") in connection with his Application.  Counsel for the Goldman Defendants, like the counsel for the Fox Defendants, seeks to represent that same class of BLMIS investors against the Picower Defendants before Judge Marra in Florida District Court.  Furthermore, Becker Poliakoff is involved in serious and unresolved litigation in the Florida Court as to claims by the Goldman Defendants' counsel that Becker has long-standing conflicts which prevent them from even representing the Fox Defendants in litigation against the Picower Defendants.

\*    \*    \*

The briefing and hearing on the Application should go forward as scheduled, without being derailed by the Fox Defendants' eleventh hour tactics.  A substantive ruling from this Court that the proposed Fox complaint and proposed Goldman complaint violate

Honorable Stuart M. Bernstein
April 18, 2014
Page 4

the Permanent Injunction would halt duplicative and wasteful litigation in Florida before three courts. In the event the Court nevertheless decides to allow the Fox Defendants' motion to proceed, the Trustee requests that his opposition due date be moved to April 25 if the hearing thereon will be on May 1.

Respectfully submitted,

/s/ Keith R. Murphy


Keith R. Murphy


cc: Helen Davis Chaitman, Esq.
    Julie Gorchkova, Esq.