**Baker&Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 18, 2014

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. The Robert Auerbach Revocable Trust, et al.*, Adv. Pro. No. 10-04891;
      *Picard v. Gutmacher Enterprises, LP, et al.*, Adv. Pro. No. 10-05091;
      *Picard v. The S. James Coppersmith Charitable Remainder Unitrust, et al.*, Adv. Pro. No. 10-05083

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), with respect to continuing discovery disputes in the above-referenced proceedings. Defendants in the above-referenced adversary proceedings have repeatedly and continually failed to comply with their obligations to adequately respond to the Trustee's Interrogatory Requests, Requests for Admission and Requests for Production of Documents.

The Trustee has made extended efforts to obtain Defendants' compliance with their discovery obligations over the past year, including previously requesting a conference before the late Judge Lifland in August 2013, which was continued based on assurances from Defendants' counsel to both the Court and the Trustee that requested discovery was forthcoming.

Defendants provided limited additional discovery responses following the continued conference before Judge Lifland; however, throughout the fall and winter, Defendants continued to engage in a pattern of promising that responses were forthcoming but then failing to comply. Also during this period, the Trustee sought documents from and served

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Hon. Stuart M. Bernstein
April 18, 2014
Page 2

subpoenas on third parties, including Family Management Corporation ("FMC") in two of the above-captioned matters. By way of background, FMC is an investment advisor to high net worth individuals, families, and non-profit organizations that is associated with Defendants in these actions. As such, it certainly possesses discoverable documents and information relevant to the actions brought by the Trustee. Nonetheless, Defendants extended their efforts to prevent the Trustee from receiving information relevant to these matters by ex parte instructing these third parties not to respond to the subpoenas. While one of the third parties finally did produce documents, FMC, which is represented by Defendants' counsel as well, has failed to respond in any way to the subpoenas.

Counsel for the Trustee attempted to provide Defendants an additional opportunity to comply with their discovery obligations absent a Chambers conference in a letter dated January 28, 2014. In that letter, the Trustee set forth with specificity the remaining discovery deficiencies and provided Defendants to and until February 14, 2014 in which to rectify those deficiencies. Defendants failed to provide a timely response to that letter. Prior to sending this letter to Chambers, the Trustee in good faith gave Defendants one last chance to comply with their discovery obligations. Defendants provided a few additional documents, which did not begin to address the discovery deficiencies in these cases.

In short, Defendants have consistently engaged in a pattern of delay, obfuscation, and misrepresentation, including misrepresentations to the Court regarding what had already been produced to the Trustee or would in the future be produced. Effectively, Defendants have refused to comply with even basic standards of discovery.

When a party unjustifiably refuses to participate in discovery, the Federal Rules confer upon the Court the authority to compel the recalcitrant party to comply. *See* Fed. R. Civ. P. 37. Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests a conference with the Court to resolve the ongoing disputes arising out of Defendants' continued failures. Such a conference will undoubtedly assist the Trustee in completing the discovery to which he is entitled to in these proceedings, and will hopefully obviate the need for discovery-related motion practice.

Sincerely,

/s/ *Nicholas J. Cremona*

Nicholas J. Cremona

Enclosures


cc:    Max Folkenflik, Esq.