**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
45 Broadway
New York, New York 10006
(212) 599-3322

*Attorneys for Defendants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SUSANNE STONE MARSHALL; ADELE FOX; MARSHA PESHKIN; RUSSELL OASIS; A & G GOLDMAN PARTNERSHIP; and PAMELA GOLDMAN,<br><br>      Defendants. | Adv. Pro. No. 14-01840 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF THE FLORIDA PLAINTIFFS'
MOTION FOR A STAY OF THE PROCEEDING AND AN EXTENSION OF
TIME PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL RULE 9006-2**

{N0045203 12 }

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 1

ARGUMENT ........................................................................................................................... 5

    I.    THIS PROCEEDING SHOULD BE STAYED UNTIL THE ELEVENTH
        CIRCUIT APPEAL IS RESOLVED ........................................................................... 5

    II.   THE FLORIDA PLAINTIFFS' TIME TO RESPOND TO THE TRUSTEE'S
        INJUNCTION MOTION SHOULD BE EXTENDED .............................................. 8

CONCLUSION ...................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Acquaire v. Canada Dry Bottling*,
  906 F.Supp. 819 (E.D.N.Y.1995) .................................................................................. 5

*AEP Energy Services Gas Holding Corp. v. Bank of America*,
  626 F.3d 699 (2d Cir. 2010) .......................................................................................... 8

*Artificial Intelligence Corp. v. Casey*,
  198 B.R. 918 (Bankr. S.D.Cal. 1996) ............................................................................ 9

*In Re: Bernard L. Madoff Investment Securities LLC*,
  740 F.3d 81 (2d Cir. 2014) ............................................................................................ 3

*Citrus Mkting. Bd. v. J. Lauritzen A/S*,
  943 F.2d 220 (2d Cir.1991) ........................................................................................... 5

*Clinton v. Jones*,
  520 U.S. 681 (1997) ...................................................................................................... 5

*Day v. Moscow*,
  955 F.2d 807 (2d Cir. 1991) ......................................................................................... 7

*In re Ferguson*,
  204 B.R. 202 (Bankr. N.D. Ill. 1997) ........................................................................... 9

*Ginett v. Computer Task Grp., Inc.*,
  11 F.3d 359 (2d Cir. 1993) ........................................................................................... 7

*Gulf Refining Co. v. United States*,
  269 U.S. 125 (1925) ...................................................................................................... 3

*In re Gutierrez*,
  2012 WL 5355964 (Bankr. D. N.M. Oct. 30, 2012) ..................................................... 9

*In re Hagerstown Fiber Ltd. P'ship*,
  277 B.R. 181 (Bankr. S.D.N.Y. 2002) (Bernstein, J.) ................................................... 5

*Landis v. N. Am. Co.*,
  299 U.S. 248(1936) ....................................................................................................... 5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
  676 F.3d 83 (2d Cir. 2012) ........................................................................................... 5

*Musselman v. Home Ins. Co. of Ind.*,
   1990 WL 123840 (S.D.N.Y. Aug. 7, 1990) ........................................................... 5

*Peregrine v. Mayanmar Ltd. v. Segal*,
   116 F.3d 466 (2d Cir. 1997) ................................................................................. 7

*Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ............................................................................................. 8

*Roger v. Hill*,
   289 U.S. 582 (1933) ............................................................................................. 3

*In re S. Side House, LLC*,
   470 B.R. 659 (Bankr. E.D.N.Y. 2012) ................................................................. 5

*Semmes Motors, Inc. v. Ford Motor Co.*,
   429 F.2d 1197 (2d Cir. 1970) .............................................................................. 8

*United States v. Bell*,
   5 F.3d 64 (4th Cir. 1993) ..................................................................................... 7

*United States v. Zvi*,
   242 F.3d 89 (2d Cir. 2001) ............................................................................. 1, 7

**STATUTES & RULES**

11 U.S.C. § 105(a) ........................................................................................................ 5

Fed. R. Bankr. P. 1007(d) ............................................................................................ 8

Fed. R. Bankr. P. 2003(a) ............................................................................................ 8

Fed. R. Bankr. P. 7052 ................................................................................................. 8

Fed. R. Bankr. P. 9006 ............................................................................................ 8, 9

Fed. R. Bankr. P. 9023 ................................................................................................. 8

Fed. R. Bankr. P. 9024 ................................................................................................. 8

Fed. R. Civ. P. 6 ........................................................................................................... 8

Fed. R. Civ. P. 59(e) ..................................................................................................... 8

Fed. R. Civ. P. 60(b) ..................................................................................................... 8

Fed. R. Civ. P. 65(d)(2) ................................................................................................ 6

Local Rule 9006-2 ........................................................................................................ 8

Defendants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis (together, the "Florida Plaintiffs") respectfully submit this memorandum of law in support of a motion to stay this proceeding until the United States Court of Appeals for the Eleventh Circuit decides the pending appeal in *Marshall v. Capital Growth Company, et al.*, Case No. 14-11250 and to extend the Florida Plaintiffs' time to respond to the Trustee's pending application to enforce a permanent injunction and the automatic stay [ECF Nos. 2-5] (the "Trustee's Injunction Motion") until 14 days after the Court rules on this motion.

## **PRELIMINARY STATEMENT**

The Trustee has ignored the clear mandate of the Second Circuit by filing this action in this Court. The Trustee was a party to an appeal with the Florida Plaintiffs in which the Second Circuit issued a mandate requiring that the Southern District of Florida (the "Florida Court") determine the precise issue that the Trustee has asked this Court to decide. That mandate is binding on the Trustee and it is binding on this Court. *See United States v. Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). Thus, this proceeding should be stayed until the Eleventh Circuit rules on the Florida Plaintiffs' appeal of the denial, by the Florida Court, of the Florida Plaintiffs' motion for a preliminary injunction.

## **FACTUAL BACKGROUND**

For a complete recitation of the facts, we respectfully refer the Court to the accompanying declaration of Helen Davis Chaitman dated April 17, 2014 (the "Chaitman Declaration"). We summarize briefly the relevant facts herein.

Jeffry Picower was Bernard Madoff's primary accomplice in a scheme that defrauded thousands of innocent BLMIS customers. Picower and his related entities (the

{N0045203 12}    1

"Picowers") profited from their criminal conspiracy with Madoff by more than $7.8 billion. The Trustee sued the Picowers to recover fraudulent transfers of funds they received from BLMIS. In February 2010, two BLMIS customers, Fox and Marshall, commenced class actions against the Picowers in the Florida Court (the "Florida Actions"), seeking damages under the Florida RICO statute and under common law for the Picowers' criminal conspiracy with Madoff to perpetrate a massive fraud on BLMIS customers. (Chaitman Decl. ¶¶ 3-5.)

In March 2010, the Trustee sued Fox and Marshall in this Court to enjoin the Florida Actions claiming, *inter alia*, that they violated the automatic stay and disrupted his settlement negotiations with the Picowers. (*Id.* ¶ 6.) In May 2010, this Court enjoined Fox and Marshall from prosecuting the Florida Actions, holding that their claims were derivative of the claims asserted by the Trustee against the Picowers. (*Id.* ¶¶ 7-8.) The Trustee eventually settled with the Picowers for $5 billion. This Court approved the settlement agreement, which contained a permanent injunction against any BLMIS customer suing the Picowers on claims that were duplicative or derivative of the Trustee's claims. (*Id.* ¶¶ 9-12.) In the settlement agreement, the Trustee promised to use his best efforts to obtain an injunction barring other BLMIS customers from asserting claims against the Picowers that were duplicative or derivative of the Trustee's claims and to oppose any challenge to the scope or applicability of the injunction. (Chaitman Decl. ¶ 10; Ex. 1 at 5-6.) This was a voluntary undertaking by the Trustee. It was not a condition of the settlement.

Fox and Marshall appealed to the district court and then to the Second Circuit. (Chaitman Decl. ¶¶ 8, 12, 14.) On January 13, 2014, the Second Circuit upheld the permanent injunction but held the dismissal of the Florida Actions would be without preju-

{N0045203 12 }  2

dice to Fox and Marshall seeking leave to amend their complaints to assert claims that would not run afoul of that injunction. (*Id.* ¶¶ 15-16; Ex. 2 at 23.) The Second Circuit mandated that the question of whether Fox and Marshall could assert such claims "is a question in the first instance for the United States District Court for the Southern District of Florida." *In Re: Bernard L. Madoff Investment Securities LLC*, 740 F.3d 81, 94 (2d Cir. 2014) (Chaitman Decl. Ex. 2 at 23.) On February 5, 2014, the Second Circuit issued its mandate, stating: "IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the District Court is AFFIRMED in accordance with the opinion of this court." (Chaitman Decl. Ex. 3.) The Second Circuit's mandate includes the January 13, 2014 opinion. *See Roger v. Hill*, 289 U.S. 582, 587 (1933) (citing *Gulf Refining Co. v. United States*, 269 U.S. 125, 136 (1925) ("A direction for proceedings in accordance with 'the opinion' makes it a part of the mandate.")).

The Second Circuit's mandate was crystal clear. Fox and Marshall, joined by the two other Florida Plaintiffs, immediately sought leave to file an amended complaint in the Florida Court. (Chaitman Decl. ¶ 18.) While that motion was pending, the Trustee, in collusion with the Picowers, commenced this action in violation of the Second Circuit mandate. (*Id.* ¶ 19.) Before the Trustee filed this action and the Trustee's Injunction Motion, however, the Florida Plaintiffs had asked the Florida Court to enjoin the Picowers and others acting in concert with them, including the Trustee, from litigating the viability of their amended complaint outside of the Florida Court in violation of the mandate. (*Id.* ¶¶ 20-21.)

On March 14, 2014, the Florida Court stayed the Florida Action and deferred to this Court's determination of the Trustee's present application on behalf of the Picowers to enjoin the Florida Action. (*Id.* ¶ 26.) The Florida Plaintiffs took an immediate appeal

{N0045203 12 }    3

to the Eleventh Circuit and filed motions for expedited briefing and an injunction pending appeal. (*Id.* ¶ 27.) Those motions will be fully submitted by April 21, 2014. (*Id.* ¶ 29.)

This Court is, of course, bound by the Second Circuit's mandate. A stay is appropriate to prevent the Picowers, in collusion with the Trustee, from blatant forum shopping, particularly where the Trustee is inappropriately expending resources litigating to protect criminal entities from claims asserted by innocent BLMIS customers.

Absent a stay of these proceedings to permit the Eleventh Circuit to decide the Florida Plaintiffs' appeal, there will be duplicative and expensive legal proceedings in two different circuits. The Trustee cannot claim any prejudice if this action is stayed to allow the Eleventh Circuit to rule. The Trustee's settlement with the Picowers is final and irrevocable. He can have no legitimate interest in protecting criminal entities from liability to BLMIS customers. In any event, staying a lawsuit brought in violation of a Court of Appeals mandate could never be prejudicial. The Florida Plaintiffs, on the other hand, will be prejudiced if this motion is denied and they are forced to simultaneously litigate here.

In sum, all the relevant factors warrant a stay of proceedings in this Court. Cause clearly exists for the Court to extend the Florida Plaintiffs' time to respond to the Trustee's Injunction Motion until 14 days after a ruling on this motion or after the stay is lifted, if granted.

{N0045203 12 }                                    4

## ARGUMENT

**I. THIS PROCEEDING SHOULD BE STAYED UNTIL THE ELEVENTH CIRCUIT APPEAL IS RESOLVED**

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248 (1936); citing *Clinton v. Jones*, 520 U.S. 681, 706–08 (1997)); *accord In re Hagerstown Fiber Ltd. P'ship,* 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (Bernstein, J.) ("The court's power to grant a stay flows from its inherent power to control its docket . . . and the decision is committed to the court's discretion.") (citing *Citrus Mkting. Bd. v. J. Lauritzen A/S*, 943 F.2d 220, 225 (2d Cir.1991)).

This inherent authority is recognized in Bankruptcy Code Section 105(a), which permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *In re S. Side House, LLC*, 470 B.R. 659, 684-85 (Bankr. E.D.N.Y. 2012) (citing *Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 1990 WL 123840, at *2 (S.D.N.Y. Aug. 7, 1990) (finding that the bankruptcy court has the authority to enter a stay of an adversary proceeding)). As this Court has recognized, stay orders are appropriate where the stay will "'promote judicial economy, avoidance of confusion and possible inconsistent results' without working an undue hardship or prejudice against" the non-moving party. *In re Hagerstown*, 277 B.R. at 199 (Bankr. S.D.N.Y. 2002) (Bernstein, J.) (quoting *Acquaire v. Canada Dry Bottling*, 906 F.Supp. 819, 838 (E.D.N.Y.1995)).

{N0045203 12 }    5

There is no reason for this Court to commit its limited resources to this litigation while the Eleventh Circuit appeal is pending. If the Eleventh Circuit reverses, then the Florida Court must honor the Second Circuit's mandate, and enjoin the Picowers and the Trustee from litigating the viability of the Florida Plaintiffs' claims against the Picowers any place other than in the Florida Court. Should that occur, then anything that happens in this proceeding in the interim will have been a waste of time. The Trustee, who is working in concert with the Picowers, will be enjoined from continuing this suit pursuant to Fed. R. Civ. P. 65 (d)(2). Staying these proceedings prevents that possibility. If the Eleventh Circuit affirms after these proceedings are stayed, no party will be prejudiced by the brief delay since the Florida Plaintiffs will not have done anything in the interim in violation of the permanent injunction. The status quo will not be disturbed.

A stay also prevents the possibility of inconsistent rulings on the issue of whether the claims set forth in the proposed second amended complaint of the Florida Plaintiffs (the "PSAC") are duplicative or derivative of the Trustee's claims against the Picowers. If the Eleventh Circuit reverses, that issue will be decided by the Florida Court when it rules on the Florida Plaintiffs' pending motion for leave to amend. Presumably the Picowers will oppose the motion to amend on the grounds that the PSAC is futile because it violates the preliminary injunction—the very thing the Trustee seeks to litigate here. The stay should be granted to prevent the possibility that this Court and the Florida Court render conflicting rulings on the identical issue, and the monumental waste of judicial resources considering that any decision in either court will surely result in further appeals by all parties. This Court can and should prevent that from happening by granting the Florida Plaintiffs' motion for a stay.

{N0045203 12}                                6

The Trustee will not suffer any prejudice if these proceedings are stayed. The duration of the stay is likely to be brief given the expedited schedule in the Eleventh Circuit and nothing will happen in the interim that could injure the Trustee or disturb the administration of the BLMIS estate. The Florida Plaintiffs cannot continue the Florida Action until their motion for leave to amend is granted and any motion to dismiss by the Picowers is decided. Nothing that happens in these proceedings will result in the estate's having to return to the Picowers the billions of dollars paid to the Trustee under the settlement. Indeed, the Trustee's inter-meddling is simply delaying compensation to victims of Madoff's and Picowers' crimes.

Most significantly, the Court cannot ignore the fact that the Trustee has acted in violation of the Second Circuit mandate, to which he was a party. And that mandate is clearly binding on this Court and on the Trustee. *See Zvi*, 242 F.3d at 95 ("The mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relegation of issues expressly or impliedly decided by the appellate court.'") (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) added)); *Ginett v. Computer Task Grp., Inc.*, 11 F.3d 359, 361 (2d Cir. 1993) (recognizing that district court "has no discretion in carrying out [appellate] mandate"); *Day v. Moscow*, 955 F.2d 807, 812 (2d Cir. 1991) (affirming lower court's dismissal of post-remand complaint that asserted claims that have been dismissed on appeal without leave to replead); *Peregrine v. Mayanmar Ltd. v. Segal*, 116 F.3d 466 (2d Cir. 1997) (holding that appellants' contention in connection with appeal of damage award following bench trial was barred by law of the case doctrine where that holding was previously affirmed by the court on appeal from trial on liability).

{N0045203 12}    7

The mandate is crystal clear and the application of the mandate rule by this Court will ensure that the mandate is respected. The Trustee should not be heard to complain about prejudice from a stay that prevents him continuing a lawsuit in violation of the Second Circuit's mandate.[1]

## II. THE FLORIDA PLAINTIFFS' TIME TO RESPOND TO THE TRUSTEE'S INJUNCTION MOTION SHOULD BE EXTENDED

Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed[.]

Fed. R. Bankr. P. 9006(b)(1).

Under Local Rule 9006-2, the filing of a motion pursuant to Rule 9006(b)(1), **automatically** extends the movant's time to take the prescribed action until the court resolves the motion, provided that the motion's return date is no later than 14 days after its filing, unless otherwise prescribed by the Court.

"[T]he extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, n. 4 (1993). Subsections 2 and 3 of Rule 9006(b) identify the excep-

---

[1] The Trustee received the Florida Plaintiffs' cross-motion to stay the Picowers, and any person acting in concert with them, from litigating the viability of the PSAC outside of the Florida Court on the filing date. (Chaitman Decl. Ex. 6) He also received the motions submitted by the Florida Plaintiffs to the Eleventh Circuit. (Chaitman Decl. Ex. 8.) Pursuant to the Second Circuit's mandate, he should have intervened in the Florida Action. His failure to do so not only violates the mandate, but frustrates the spirit of the "first-filed" rule. *See AEP Energy Services Gas Holding Corp. v. Bank of America*, 626 F.3d 699, 724 (2d Cir. 2010); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir. 1970).

{N0045203 12 }                                              8

tions to the Rule, but none apply here.[2] The Trustee's Injunction Motion does not fall within any of the exceptions. Accordingly, the Court may extend the Florida Plaintiffs' time to respond to the Trustee's Injunction Motion. *See In re Gutierrez*, 2012 WL 5355964, *n. 16 (Bankr. D. N.M. Oct. 30, 2012) (extending time where extension was sought in connection with act not expressly excepted from extension provision); *In re Ferguson*, 204 B.R. 202, 209 (Bankr. N.D. Ill. 1997) (recognizing that subsections (2) and (3) of Rule 9006(b) explicitly state specific rules for which extensions of time are either prohibited or limited and noting that had Congress intended to limit application of Rule 9006(b) to other matters, it would have done so); *Artificial Intelligence Corp. v. Casey (In re Casey)*, 198 B.R. 918, 921 (Bankr. S.D.Cal. 1996) (relying on the Advisory Committee Notes to Rule 9006, and stating that "Rule 9006(b)(1) is applicable to any rule with a timing element not prohibited or limited in Rule 9006(b)(2) or (b)(3)").

Good cause clearly exists to grant the Florida Plaintiffs' request for an extension of time to respond to the Trustee's Injunction Motion. As an initial matter, the request for an extension has been made before their time to file a response to the Trustee's Injunction Motion expired. The hearing on the Trustee's Injunction Motion is currently scheduled for May 7, 2014, and the Florida Plaintiffs' opposition is due on April 18, 2014.

---

[2] Subsection 2 restricts a bankruptcy court's power to enlarge time to take certain action. *See* Fed. R. Bankr. P. 9006(b)(2) (prohibiting court from enlarging time under Rules: 1007(d) (filing list of 20 largest unsecured creditors in chapter 11 cases and chapter 9 municipality cases); 2003(a) (meeting of creditors) and (d)(election of chapter 7 trustee or member of creditors' committee); 7052 (Court's findings and conclusions), 9023 (motion for new trial under Fed. R. Civ. P. 59(e)); and 9024 (motion to alter or amend a judgment or order under Fed. R. Civ. P. 60(b)). Subsection (3) of Rule 9006(b) identifies the additional rules that contain conditions for enlargement.

{N0045203 12}                                    9

The Trustee will suffer no conceivable prejudice if the Florida Plaintiffs' time to respond is extended 14 days after the Court rules on the Florida Plaintiffs' stay request. On the other hand, unless the request for extension is granted, the Florida Plaintiffs will be needlessly burdened with preparing opposition to the Trustee's voluminous motion. Under the circumstances, the Florida Plaintiffs' request for an extension is entirely reasonable and should be granted.

## CONCLUSION

Based on the foregoing, the Florida Plaintiffs' motion for a stay and an extension of time should be granted in its entirety.

**BECKER & POLIAKOFF LLP**

April 17, 2014
New York, New York

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman
45 Broadway
New York, New York 10006
(212) 599-3322

*Attorneys for Defendants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis*