**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
45 Broadway
New York, New York 10006
(212) 599-3322

*Attorneys for Defendants Susanne Stone
Marshall, Adele Fox, Marsha Peshkin,
and Russell Oasis*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br><br>            Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br><br>            Plaintiff,<br><br><br>        v.<br><br><br>SUSANNE STONE MARSHALL; ADELE FOX; MARSHA PESHKIN; RUSSELL OASIS; A & G GOLDMAN PARTNERSHIP; and PAMELA GOLDMAN,<br><br>            Defendants. | Adv. Pro. No. 14-01840 (SMB) |

**DECLARATION OF HELEN DAVIS CHAITMAN, ESQ.**
**IN SUPPORT OF FLORIDA PLAINTIFFS' MOTION FOR A STAY OF THE**
**PROCEEDING AND AN EXTENSION OF TIME PURSUANT TO**
**FED. R. BANKR. P. 9006 AND LOCAL RULE 9006-2**

{N0045426 2 }

I, Helen Davis Chaitman, hereby declare, under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1.      I am a partner with Becker & Poliakoff LLP ("B&P"), counsel to defendants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, individually and on behalf of the classes they represent (the "Florida Plaintiffs").

2.      As an attorney of record, I am fully familiar with facts set forth herein. I submit this declaration in support of Florida Plaintiffs' Motion for a Stay of the Proceeding and an Extension of Time Pursuant to Fed. R. Bankr. P. 9006 and Local Rule 9006-2.

3.      On or about February 16, 2010, and February 17, 2010, Fox and Marshall, respectively, filed class action complaints against the Picowers in the United States District Court for the Southern District of Florida (the "Florida Complaints"). *See Susanne Stone Marshall, Individually and On Behalf of a Class of Similarly Situated v. Barbara Picower, Individually, and as Executor of the Estate Of Jeffry M. Picower, et al.,* Case No.: 10-CV-80254 (S.D. Fla.) and *Adele Fox, Individually and On Behalf of a Class of Similarly Situated v. Barbara Picower, Individually, and as Executor of the Estate Of Jeffry M. Picower, et al.,* Case No.: 10-CV-80252 (S.D. Fla.) (together, the "Florida Actions").

4.      Fox's class action was filed on behalf of BLMIS customers who were deemed "net winners" by the Trustee and thus entitled to no compensation in BLMIS' SIPA liquidation. Marshall's class action was filed on behalf of "net losers" who received some distributions from the SIPA liquidation, but will not be fully compensated for lost principal and interest.

5.      The Florida Actions sought damages for the Picowers' criminal conspiracy with Madoff to perpetrate a massive fraud on BLMIS customers.   The Florida Complaints allege that Picower directly participated in the fraudulent scheme and actively conspired with Madoff and BLMIS to injure Marshall, Fox, and similarly situated BLMIS investors.   The Florida Complaints asserted claims for civil conspiracy, conversion, unjust enrichment, and conspiracy to violate the Florida RICO statute.

6.      On March 31, 2010, the Trustee filed a complaint and application in this Court seeking, among other things, to enforce the automatic stay and preliminarily enjoin Fox and Marshall from litigating the Florida Actions, pending completion of the Trustee's settlement with the Picowers.

7.      The next day, this Court (Lifland, J.) temporarily enjoined Fox and Marshall from prosecuting the Florida Actions pending a hearing.

8.      On May 3, 2010, the Court found that the Florida Complaints pled claims derivative of the Trustee's claims, violated the automatic stay under Section 362(a) and were "void *ab initio*" (the "Automatic Stay Order").  As a result, Fox and Marshall were enjoined from prosecuting the Florida Actions.  They separately appealed the Automatic Stay Order to the District Court for the Southern District of New York.

9.      On December 17, 2010, the United States Attorney's Office for the Southern District of New York (the "Government) filed a complaint against the Picowers for forfeiture in the amount of $7,206,157,717, representing the net amount that the Picowers received from their BLMIS accounts without any recovery for the appreciation the Picowers realized on the fruits of their crimes over a 25-year period.  That same day, the Government and the Picowers entered into a forfeiture settlement stipulation,

whereby the Picowers agreed to irrevocably turn over to the Government all of the forfeited funds.

10.     Also on December 17, 2010, the Picowers entered into a settlement agreement with the Trustee for $5 billion of the $7.2 billion forfeited (the "Settlement"). The Settlement resolved the Trustee's adversary proceeding against the Picowers in which the Trustee alleged that the Picowers received at least $7.2 billion from BLMIS, net of their investments.  As part of the Settlement, the Trustee promised to use his reasonable best efforts to obtain a permanent injunction that would enjoin any BLMIS customer or creditor from asserting any claim against the Picowers that is duplicative or derivative of any claim brought by the Trustee, or which could have been brought by the Trustee (the "Permanent Injunction").  The Trustee also promised to use reasonable best efforts to oppose challenges to the scope, applicability or enforceability of the Permanent Injunction.  A true and accurate copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

11.     On December 17, 2010, the Trustee moved for an order approving the Settlement and the Permanent Injunction.  Fox and Marshall objected, arguing that the Permanent Injunction did not apply to their claims against the Picowers.

12.     This Court approved the Settlement and entered the Permanent Injunction (the "Permanent Injunction Order").  Fox and Marshall separately appealed the Permanent Injunction Order to the District Court for the Southern District of New York.

13.     On March 23, 2011, in light of pending appeals and injunctions issued by this Court, the Florida District Court administratively closed the Florida Actions.

14.     The District Court for the Southern District of New York affirmed the Automatic Stay Order and the Permanent Injunction Order.  Fox and Marshall took

separate appeals from both orders to the Second Circuit, which consolidated the issues and both appeals.

15.     By an opinion and order dated January 13, 2014, the Second Circuit upheld the permanent injunction but found it possible for Fox and Marshall to plead viable, non-derivative claims. *See In Re: Bernard L. Madoff Investment Securities LLC*, 740 F.3d 81 (2d Cir. 2014).  A true and accurate copy of the January 13, 2014 opinion is attached hereto as **Exhibit 2**.

16.     The Second Circuit thus ordered dismissal of the Florida Complaints without prejudice to Fox and Marshall seeking leave to file amended complaints and further mandated that the determination of whether an amended complaint states cognizable claims is to be made in the first instance by the Florida District Court:

> **We note that we affirm without prejudice to appellants seeking leave to amend their complaints**. There is conceivably some particularized conspiracy claim appellants could assert that would not be derivative of those asserted by the Trustee. **That question, however, is not properly before us, and is a question in the first instance for the United States District Court for the Southern District of Florida.**

Ex. 2 at 23 (emphasis added).

17.     On February 5, 2014, the Second Circuit issued a mandate explicitly incorporating its January 13, 2014 opinion: "IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED in accordance with the opinion of this court." *See In Re: Bernard L. Madoff Investment Securities LLC*, Case No. 12-1645, ECF No. 178 (2d Cir. Feb. 5, 2014).  A true and accurate copy of the February 5, 2014 mandate is attached hereto as **Exhibit 3**.

18.     Pursuant to the mandate, Fox and Marshall immediately moved before the Florida District Court to reopen one of the Florida Actions (Case No. 10-80252) and for leave to file a second amended complaint[1] on behalf of all the Florida Plaintiffs (*i.e,* Fox, Marshall, Oasis and Peshkin), attaching the proposed second amended complaint ("PSAC").[2]

19.     On February 18, 2014, the Picowers moved the Florida District Court to stay the proceedings for the express purpose of giving the Trustee sufficient time to challenge the PSAC in this Court (the "Picowers Stay Motion").  A true and accurate copy of the Picowers Stay Motion is attached hereto as **Exhibit 4**.

20.     The Florida District Court ordered Florida Plaintiffs to show cause why the Florida Action show not be stayed to allow the Trustee's proceeding in this Court and stayed of the Florida Action until the resolution of the Picowers Stay Motion.  A true and accurate copy of the February 20, 2014 order is attached hereto as **Exhibit 5**.

21.     The Florida Plaintiffs opposed the stay and cross-moved to enjoin the Picowers and any persons acting in concert or participating with them pursuant to Fed. R. Civ. P. 65(d)(2)(C), including the Trustee, from litigating the viability of the PSAC outside of the Florida District Court in defiance of the Second Circuit's mandate.

22.     That same day, the Florida Plaintiffs sent the Trustee a copy of their opposition and cross-motion.  A true and accurate copy of the enclosing email is attached hereto as **Exhibit 6**.

23.     On March 11, 2014, *after* the Florida Plaintiffs had moved in the Florida District Court to enjoin the Trustee's proceeding in New York that the Picower parties

---

[1] The Florida Complaints were amended previously, in March 2010, to correct the name of a party.

[2]  Fox and Marshall were the original class representatives in the Florida Actions.  The four defendants here (Fox, Marshall, Oasis and Peshkin) are the named class representatives in the PSAC.

told the Florida Court would soon be filed, the Trustee sued the Florida Plaintiffs in this Court, seeking an order declaring that the claims in the PSAC are derivative of his prior claims against the Picowers and enjoining the Florida Plaintiffs from proceeding thereon in the Florida District Court. He simultaneously filed an application requesting an order from this Court enjoining the Florida Plaintiffs from proceeding with the Florida Action pending in the Florida District Court on the grounds that prosecution of the PSAC violates the permanent injunction and the automatic stay (the "Trustee's Injunction Motion"). [ECF Nos. 1-5.]

24.    Opposition to the Trustee's Injunction Motion is due on April 18, 2014, and the motion is scheduled to be heard on May 7, 2014.

25.    Promptly after the filing of the Trustee's Injunction Motion, the Florida Plaintiffs asked the Florida District Court to set an emergency hearing on their injunction motion. No hearing was scheduled.

26.    On March 14, 2014, the Florida District Court issued an order denying the Florida Plaintiffs' request for injunctive relief to enforce the Mandate and deferring to this Court for a determination of whether the second amended complaint states cognizable non-derivative claims (the "Florida Injunction Order"). A true and accurate copy of the Florida Injunction Order is attached hereto as **Exhibit 7**.

27.    The Florida Plaintiffs appealed the Florida Injunction Order to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(a)(1) or, alternatively, as a petition for writ of mandamus to enforce the Mandate pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure. *See Marshall v. Capital Growth Company, et al.*, Case No. 11-11250 (11th Cir.).

28.    Shortly after filing that appeal, the Florida Plaintiffs sought the Trustee's consent to stay this proceeding pending the appeal of the Florida Injunction Order to the Eleventh Circuit.  The Trustee did not consent.

29.    On April 9, 2014, the Florida Plaintiffs filed an expedited motion with the Eleventh Circuit seeking an order enjoining the Picowers and the Trustee from litigating the merits of the PSAC outside of the Florida District Court until the appeal of the Florida Injunction Order is resolved and for an expedited briefing schedule.  Those motions will be fully briefed by April 21, 2014.

30.    The Trustee was served with the Florida Plaintiffs' moving papers by overnight mail.  True and accurate copies of the Certificates of Service are attached hereto as **Exhibit 8**.

31.    The Picowers opposed the motions.  The Florida Plaintiffs' replies are due on April 21, 2014.

32.    If the Eleventh Circuit denies the Florida Plaintiffs' motion for expedited briefing, their appellate brief is due on May 5, 2014.


Dated:   April 17, 2014                            /s/ Helen Davis Chaitman
         New York, New York