# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80252-CIV-RYSKAMP/HOPKINS

ADELE FOX, et al.,

    Plaintiffs,

v.

CAPITAL GROWTH
COMPANY, et al.,

    Defendants.
_____/

### ORDER REQUESTING EXPEDITED RESPONSE TO MOTION TO STAY

    THIS CAUSE comes before the Court pursuant to Defendants' emergency motion to stay, or for an extension of time to respond to the motion to reopen, filed February 18, 2014 **[DE 29]**. The Picower Parties seek a stay of this action pending the resolution of a motion that will be brought in the Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court") by Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for a determination that Plaintiffs' proposed Second Amended Complaint would violate a permanent injunction issued by the New York Bankruptcy Court and the automatic stay under Section 362(a) of the Bankruptcy Code.

    This putative class action initially was brought by Plaintiff Adele Fox ("Fox") on behalf of so-called "net winners," or customers who profited in the Madoff Ponzi scheme. A companion putative class action was separately filed by Plaintiff Suzanne Stone Marshall

2

("Marshall") under Case No. 10-80254 on behalf of so-called "net losers," or customers who lost money in the Madoff Ponzi scheme. This Court administratively closed the Fox/Marshall Class Actions on March 22, 2011.

On February 5, 2014, a Motion to Reopen Case and for Leave to File Second Amended Complaint was filed (Case No. 10-80252), adding as Plaintiffs Marshall, Marsha Peshkin, and Russell Oasis. A motion to reopen was not filed in the Marshall companion putative class action.

The Picower Parties have paid more than $7.2 billion to the Trustee and the Department of Justice to settle all claims filed against them in the New York Bankruptcy Court and in U.S. District Court for the Southern District of New York to compensate the victims of Madoff's scheme. Part of the settlement was a permanent injunction issued by the New York Bankruptcy Court enjoining any actions that are "duplicative or derivative" of the Trustee's claims against the Picower Parties.

The Trustee intends to file a motion in the New York Bankruptcy Court for an order enjoining this action on the grounds that prosecuting Plaintiffs' proposed Second Amended Complaint would violate the Permanent Injunction and the automatic stay under Section 362(a) of the Bankruptcy Code. Defendants request that this action be stayed pending the New York Bankruptcy Court's determination of whether Plaintiffs' prosecution of the proposed Second Amended Complaint would violate the Permanent Injunction and automatic stay.

The Court requests that Plaintiffs respond to the motion to stay within five days of the date of this order, showing cause therein why this Court should not stay this action to allow the New York Bankruptcy Court decide the applicability of the permanent injunction and automatic

Case 08-01789-cgm    Doc 6382-5    Filed 04/18/14    Entered 04/18/14 23:27:11    Exhibit 5
Pg 4 of 4
Case 9:10-cv-80252-KLR    Document 37    Entered on FLSD Docket 02/24/2014    Page 3 of 3

3

stay.  All proceedings in this action are stayed pending the Court's resolution of the February 18, 2014 **[DE 29]** motion to stay.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 20th day of February, 2014.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE