UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────

RICHARD SURABIAN, et al.,

        Plaintiffs-Appellants,        No. 13 Civ. 935 (JGK)

      - against -           <u>MEMORANDUM OPINION</u>
                                    <u>AND ORDER</u>
IRVING H. PICARD,

        Defendant-Appellee.

─────────────────────────────────

JOHN G. KOELTL, District Judge:

    Pro se appellants Steven Surabian and Richard Surabian[1] appeal a November 14, 2012 Order of the Bankruptcy Court (Lifland, B.J.) that denied the appellants' motion to remove Irving H. Picard as Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. For the reasons that follow, the appeal from the Order of the Bankruptcy Court is dismissed.

I.

    On December 15, 2008, Picard was appointed as Trustee for the liquidation of the business of BLMIS and the estate of Madoff. <u>S.E.C. v. Madoff</u>, No. 08 Civ. 10791 (S.D.N.Y. Dec. 15,

─────────────

[1] Steven and Richard Surabian have also submitted a brief on behalf of their allegedly deceased father, Martin Surabian.

2008).  As Trustee, Picard obtained a Claims Procedures Order
for processing customer claims against BLMIS and Madoff's
estate.  (Bankr. ECF No. 12.)  The Trustee received eight claims
filed by the appellants and their family members.  (Bankr. ECF
No. 4732.)

On December 28, 2009, the Trustee denied the appellants'
claims for lack of evidence that the appellants had invested
money with BLMIS.  (Bankr. ECF No. 1209.)  On April 19, 2012,
upon motion by the Trustee for the expungement of various
categories of claims, including claims filed by or on behalf of
claimants who did not invest with BLMIS, the Bankruptcy Court
expunged the appellants' claims.  (Bankr. ECF No. 4779.)  The
appellants filed a motion for reconsideration of this
Expungement Order, which the Bankruptcy Court denied on April
25, 2013.  (Bankr. ECF No. 5326.)  An appeal from the denial of
the motion for reconsideration is currently pending before the
District Court.  See Surabian v. Picard, 13 Civ. 4332 (S.D.N.Y.
June 21, 2013).

On August 23, 2012, the appellants filed a motion to remove
Picard as Trustee.  (Bankr. ECF No. 5003.)  In an Order dated
November 14, 2012, the Bankruptcy Court denied this motion.
(Bankr. ECF No. 5080.)  The appellants filed a notice of appeal
from this Order on November 30, 2012.  (Bankr. ECF No. 5136.)

II.

The appellants argue that the Bankruptcy Court erred in denying their motion to remove the Trustee.  The appellee argues that this Court lacks jurisdiction over the appeal because the notice of appeal was untimely, and that in any event, the Bankruptcy Court did not abuse its discretion in denying the appellants' motion.

A.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires a notice of appeal to "be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  In the Second Circuit, compliance with Rule 8002(a) is jurisdictional, and "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal," even in the case of a pro se litigant.  In re Siemon, 421 F.3d 167, 169 (2d. Cir. 2005) (per curiam); see also Chaturvedi v. O'Connell, No. 08 Civ. 249, 2008 WL 2276690, at *2 (S.D.N.Y. June 2, 2008) (finding jurisdiction lacking because the notice of appeal filed by a pro se litigant was one day late), aff'd, 335 F. App'x 145, 146 (2d Cir. 2009).

3

Here, the fourteen-day period for filing a notice of appeal from the Bankruptcy Court's denial of the removal motion ended on November 28, 2012.  The notice of appeal was filed on November 30, 2012.  Accordingly, the appeal was untimely, and it must be dismissed for lack of jurisdiction.[2]

B.

For purposes of completeness, it should also be noted that the Bankruptcy Court did not abuse its discretion in denying the appellants' motion.

A Bankruptcy Court's decision on a motion to remove a trustee is reviewed for abuse of discretion.  In re Haworth, 356 F. App'x 529, 530 (2d Cir. 2009); In re Eloise Curtis, Inc., 326 F.2d 698, 701 (2d. Cir. 1964).  A Bankruptcy Court "may remove a trustee . . . for cause."  11 U.S.C. § 324(a).  "'Cause' is not

_____

[2] The Trustee alleges a second defect in this appeal—namely, that the appellants lack standing to move for removal of the Trustee because they do not have a claim in the liquidation proceeding. This argument is unavailing, because an appeal from the denial of the appellants' motion for reconsideration of the Order that expunged their claims is currently pending.  See Surabian v. Picard, No. 13 Civ. 4332 (S.D.N.Y. June 21, 2013).  Accordingly, it cannot definitively be said that the appellants are not "persons aggrieved" within the meaning of the rules governing standing in bankruptcy appeals.  See Bartel v. Bar Harbor Airways, Inc., 196 B.R. 268, 271 (S.D.N.Y. 1996) (citing In re Cosmopolitan Aviation Corp., 763 F.2d 507, 513 (2d Cir. 1985)).

4

defined in the code and must be determined on an ad hoc basis."
In re Manshul Constr. Corp., 228 B.R. 532, 540 (Bankr. S.D.N.Y.
1999) (citation omitted).  Nevertheless, removal of a trustee
typically requires a showing of "fraud and actual injury to the
debtor's interests."  In re Freeport Italian Bakery, Inc., 340
F.2d 50, 54 (2d Cir. 1965) (citation omitted); In re Cee Jay
Discount Stores, Inc., 171 B.R. 173, 175 (Bankr. E.D.N.Y. 1994)
(noting that removal is an "extreme" remedy that requires
"actual injury or fraud"); In re Carla Leather, Inc., 44 B.R.
457, 473-74 (Bankr. S.D.N.Y. 1984) ("[T]he most common grounds
for trustee removal are where the trustee is found incompetent
or unwilling to perform his duties, he violated the fiduciary
duty he owed to the estate by action for his own benefit or he
was found to have an interest adverse to the welfare of the
estate.").  Demonstrating "cause" requires a strong factual
showing, and "unsupported inferences" do not suffice.  In re
Carla Leather, Inc., 44 B.R. at 473.  A "strong showing" is
required "because the effect of removal is deleterious to the
continuity of the administration of the estate."  Id. (citation
omitted).

The appellants argue that the Trustee should be removed
because he caused their claims to be expunged.  Without more,
this is not a basis for removing a trustee.  See In re Freeport

5

Italian Bakery, Inc., 340 F.2d at 54 (requiring a showing of both fraud and actual injury).  By challenging the propriety of the Surabians' claims, the trustee was merely exercising his statutory duty to preserve the property of the estate for the purpose of maximizing distributions.[3]  See 11 U.S.C. §§ 704(a)(5) & 1106(a).  The appellants also appear to object to various settlements into which the Trustee entered with debtors of the estates in order to recover substantial funds.  This also does not amount to "cause" for removing the Trustee.  A trustee is under a duty to "collect and reduce to money the property of the estate . . . and close [the] estate as expeditiously as is compatible with the best interest of parties in interest."  Id. § 704(a)(1).  Fair settlements allow the Trustee to comply with this duty.  See, e.g., In re Salander, 450 B.R. 37, 58 (Bankr. S.D.N.Y. 2011).

The appellants have therefore failed to establish that the Bankruptcy Court abused its discretion in denying the

---

[3] The appellants had the opportunity to appeal the Bankruptcy Court's Expungement Order, which they failed to do.  Moreover, the appellants' objection to the expungement of their claims is currently the subject of their appeal from the Bankruptcy Court's denial of their motion for consideration.  See Surabian v. Picard, No. 13 Civ. 4332 (S.D.N.Y. June 21, 2013).  Thus, their disagreement with the propriety of the Bankruptcy Court's decision in the context of this motion to remove the Trustee is nothing more than an attempt at a second bite at the appellate apple.

appellants' motion to remove the Trustee.  This conclusion is further supported by the fact that Picard has recovered substantial sums for the estates and is familiar with the consolidated liquidation.  Removal would therefore be harmful to efficiency and continuity in the administration of the estates, and the appellants have failed to make the strong showing required to justify such a drastic step.[4]

CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  The appeal from the Order of the Bankruptcy Court denying the appellants' motion to remove the Trustee is **dismissed for lack**

---

[4] As a final matter, the appellants object to Martin Surabian's inclusion in the Order of the Bankruptcy Court denying the removal motion.  They argue that Martin Surabian did not join the removal motion, and he therefore cannot be bound by the Bankruptcy Court's resolution of that motion.  This objection was made in a brief in connection with this appeal filed ostensibly on behalf of the allegedly deceased Martin Surabian, but signed by his son Steven Surabian.  Steven and Richard Surabian also assert this argument separately in their own joint brief.  Neither Steven nor Richard Surabian has made a showing of any entitlement to assert their late father's rights, and, in any event, there is no occasion on this appeal to determine whether the estate of Martin Surabian is bound by the Bankruptcy Court's Order.

**of jurisdiction.** The Clerk is directed to **close all pending motions** and to **close this case.**

SO ORDERED.

Dated:     **New York, New York**
           **March 7, 2014**          _____/s/_____
                                          **John G. Koeltl**
                                 **United States District Judge**