# EXHIBIT G

Bernard L. Madoff Investment Securities LLC

Case No 08-01789-BRL

U S Bankruptcy Court for the Southern District of New York

Claim Number    015358

## CUSTOMER CLAIM

Claim Number

Date Received

RECEIVED

JUL 0 2 2009

By

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**
**Name of Customer:** Kingate Euro Fund Ltd. – In Liquidation
**Mailing Address:** Palm Grove House, 2nd Floor, P.O. Box 4571, Road Town
**City:** Tortola          **State:** British Virgin Islands **Zip:** VG1110
**Account No.: 1-FN086-3-0**
**Taxpayer I.D. Number (Social Security No.):** Not Applicable

**NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ
CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE
CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO
RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL
CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR
BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON
OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE
TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED
MAIL - RETURN RECEIPT REQUESTED.**

1.  Claim for money balances as of **December 11, 2008**:

    a.
                                                                          111,962,782.93
                                                                          (See attached
        The Broker owes me a Credit (Cr.) Balance of        $ Annex)

    b.  I owe the Broker a Debit (Dr.) Balance of              $

    c.  If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, it must be enclosed with
        this claim form.                                             $

    d.
                                                                          111,962,782.93
                                                                          (See attached
        If balance is zero, insert "None."                                Annex)

**2.**     Claim for securities as of **December 11, 2008**:

## PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | See Attached Annex | |
| b. | I owe the Broker securities | | |
| c. | If yes to either, please list below: | | |

|  |  | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| See Attached Annex | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received. **PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | No |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | No |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | No |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | No |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | See attached |  |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | Yes, Bernard L. Madoff |  |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |  | No |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, NY  10010                                                                            .

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.


**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

| Date | 6/30/09 | Signature | |
|------|---------|-----------|--|
| Date | | Signature | |

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | : |
| | :    SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT | : |
| SECURITIES, LLC | :    Case No. 08-01789 (BRL) |
| | : |
| | : |
| Debtor. | : |
| | : |

-----------------------------------------------------------------x

### ANNEX A TO PROVISIONAL PROOF OF CLAIM OF
### KINGATE EURO FUND LTD.

1.      The undersigned, William Tacon, who has a business address of Zolfo Cooper, Palm

Grove House, 2nd Floor, PO Box 4571, Road Town, Tortola, British Virgin Islands VG1110, is one

of the court-appointed joint liquidators (the "Joint Liquidators") for Kingate Euro Fund Ltd. (the

"Fund" or the "Claimant"). The Joint Liquidators were appointed by order of the Eastern Caribbean

Supreme Court High Court of Justice for the British Virgin Islands, dated June 4, 2009. The Fund

is and was, at all relevant times, a customer of Bernard L. Madoff Securities, LLC ("BLMIS" or the

"Debtor").[1]

2.      The Fund operated as an open-ended investment company, raising money from

investors through private offerings of redeemable shares. This provisional Proof of Claim reserves

the right of each individual investor in the Fund to receive advances from the Securities Investor

---

[1]   Given their recent appointment, and the lack of documentation available for the Fund, the
Liquidators are not currently in a position to state with accuracy the cash balances and/or the
securities due to the Fund from BLMIS at 11 December 2008. Instead, the Liquidators have
adopted the closing balances provided in the statements of the Fund's customer accounts at 30
November 2008.

Protection Corporation, as a result of any deficiency in the amount of customer property available to satisfy each investor's claim, and to recover otherwise through the course of the liquidation of the Debtor.

3.    The Customer Accounts.  Prior to the commencement of this action under the Securities Investor Protection Act ("SIPA"), the Fund and the Debtor were party to certain customer agreements.  On or about January 4, 1996, the Fund and BLMIS executed a Customer Agreement, Option Agreement and Trading Authorization Limited to Purchases and Sales of Securities and Options (the "Account Agreements").

4.    Pursuant to the Account Agreements, BLMIS maintained two accounts on behalf of the Fund:

A.    Account Number: 1-FN086-3-0, which appears to have been used to trade in equities and hold deposits in United States Treasury Bills (the "Equity Account"); and

B.    Account Number: 1-FN086-4-0, which appears to have been used to trade in options (the "Option Account").

5.    The Equity Accounts Claim.  In respect of the Equity Account, BLMIS is obligated to the Claimant in the amount of $869,699,162.81 (the "Claim"), which is the value of the Equity Account pursuant to the Fund's account statement dated 30 November 2008 (the "Account Statement").

6.    Pursuant to the Account Statement, the value of the Equity Account is calculated as follows:

A.  Cash Position:  The Fund had a credit balance on the Equity Account of $111,962,782.93.

2

B. Claim for Securities: The Fund held long equity positions with a market value of $757,736,379.88 in the Equity Account. A schedule detailing the specific positions held at that date is attached hereto as Exhibit A.

7.     From and after January 4, 1996, the Fund made 92 wire transfers to the Equity Account. As of November 30, 2008, the Fund had deposited a total of $767.44 million into the Equity Account. In the two years prior to the commencement of BLMIS's SIPA proceeding, the Fund withdrew $245 million from the Equity Account. The net investment in the Equity Account as of November 30, 2008, was $522.44 million.

8.     Supporting Documents. Attached hereto as Exhibit B are copies of the Account Agreements. Attached hereto as Exhibit C is the Account Statement. The documentary evidence of wire transfers into and out of the Equity Account and proof of deposits are voluminous and are not attached hereto for that reason. Copies are available to the Debtor and will be provided to appropriate parties upon request.

9.     Judgments. No judgment has been rendered on this Claim.

10.     Credits and Setoffs. The amount of all payments on this Claim has been credited and deducted for the purpose of making this provisional Proof of Claim.[2] The Trustee asserts that the amounts received prior to the filing of BLMIS's SIPA proceeding are the subject of avoidable transfers, and therefore recoverable by the Trustee. The Joint Liquidators contest this assertion. To

---

[2]   Claimant is not making a separate provisional claim in respect of the Options Account as no monies were directly invested therein. To the extent, however, that the Court determines that claims are to be allowed in the amount reflected on Claimant's customer statements, Claimant will take into account the value of the Options Account against the Claim.

the extent that the Trustee prevails on his claim, the Joint Liquidators reserve the right to amend the

Claim accordingly.

11.     Security Interests.  No security interest is held for this Claim.

12.     Priority.  The Claim is filed as a customer claim.

13.     Amendments.  Claimant reserves the right to amend this provisional Proof of Claim

from time to time to state the extent of any further liquidation of this Claim, and for other lawful

purposes.

14.     Reservation of Rights.  This provisional Proof of Claim is filed on a provisional

basis, subject to the letter agreement between the Trustee and the Joint Liquidators, dated July 1,

2009 (the "Letter Agreement").  As set forth in the Letter Agreement, the Joint Liquidators reserve

the right to withdraw this provisional Proof of Claim in the event that the Joint Liquidators and the

Trustee are unable to reach agreement on definitive documentation of a global settlement

agreement.  As set forth in the Letter Agreement, the Trustee agrees that, to the extent the Joint

Liquidators withdraw this provisional Proof of Claim as provided for in the Letter Agreement, the

Trustee is barred and forever estopped from using this provisional Proof of Claim in support of any

arguments that the Fund submitted to the jurisdiction of the United States Bankruptcy Court for the

Southern District of New York, in this or any other court or judicial proceeding wherever located.

Attached hereto as Exhibit D is a copy of the Letter Agreement.  Furthermore, the execution and

filing of this provisional Proof of Claim is not and shall not be deemed (a) a waiver of any rights or

remedies of Claimant under the underlying Account Agreements; (b) a waiver of any rights of

Claimant under any other applicable provision of law; (c) a waiver of any right of Claimant to assert

that all or any portion of the Claim constitutes an administrative expense claim in this case; (d) a

waiver or release of the rights of Claimant to withdraw the reference with respect to the subject

4

matter of the Claim, any objection or other proceeding commenced with respect thereto, or any

other proceedings commenced in this case against or otherwise involving Claimant; (e) a waiver or

release by Claimant of its right to trial by jury, or a consent by Claimant to trial by jury, in this

Court or any other court; (f) a waiver of any right of Claimant to the subordination, in favor of

Claimant, of indebtedness or liens held by any creditors of the Debtors or any of its affiliates; or (g)

an election of remedies by Claimant which waives or otherwise affects any other remedy.  The

Claimant expressly reserves the right to file one or more requests for payment of legal fees in

connection with all or any portion of the claims asserted herein or otherwise arising under the

Account Agreements.

15.   <u>Notices</u>.  All notices and communications concerning this Claim shall be addressed

as follows:

> William Tacon & Richard Fogerty
> Joint Liquidators of Kingate Global Fund Ltd.
> Palm Grove House, 2nd Floor,
> P.O. Box 4571,
> Road Town
> Tortola, British Virgin Islands VG1110
>
> Email: william.tacon@zolfocooper.vg
> Facsimile: +1 284 494 9601

With copies to

> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 51 Madison Ave
> New York, New York 10010
> Attn.:  Robert S. Loigman, Esq.
>          Robert K. Dakis, Esq.
>
> Email: robertloigman@quinnemanuel.com
>          robertdakis@quinnemanuel.com
> Facsimile: (212) 849-7100
>
> and
>
> Zolfo Cooper
> Palm Grove House, 2nd Floor,
> PO Box 4571,
> Road Town,
> Tortola, British Virgin Islands VG1110
> Attn.:  David Griffin
>
> Email: david.griffin@zolfocooper.vg
> Facsimile: +1 (284) 494 4660

Dated: Tortola, British Virgin Islands
June 30, 2009

KINGATE EURO FUND LTD – IN LIQUIDATION

By: _____

William Tacon
Joint Liquidator