**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, IRVING B. KAHN FOUNDATION, INC., a Delaware corporation, ALAN HAYES, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, STUART M. TARSHIS, PHYLLIS M. ELDRIDGE, LESLIE READ, SCOTT H. READ, CHARLES READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, JOSEPH S. EASTERN, as trustee and as an individual, CARLY EASTERN, and ERIN EASTERN,<br><br>　　　　Defendants. | Adv. Pro. No. 10-04490 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT**
**PREJUDICE DEFENDANT STUART M. TARSHIS**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively

consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against Lucky Company, Stuart M. Tarshis ("Tarshis"), and others (the "Action") (Adv. Pro. No. 10-04490 (SMB)); and

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, defendant Tarshis represents as follows:

1. In or about 2003, my account with Lucky Company was opened by the transfer of $95,459 to my account from an account my father, Morris Tarshis, held in Lucky Company. This amount was one-third (1/3) of the balance shown by Lucky Company to be held in my father's account.

2. In or about 2007, I invested $50,000 in cash with Lucky Company. I invested another $20,000 in cash with Lucky Company in 2008.

3. The only withdrawals of cash I made from Lucky Company were in the amount of $1,000 each in 2003 and 2004, for a total of $2,000.

4. I am informed and believe that Lucky Company in turn invested with BLMIS. I never invested directly with BLMIS and never received any money from BLMIS.

5. Without consideration of the amount transferred to my Lucky Company account from my father's Lucky Company account, I invested $70,000 in cash with Lucky Company and withdrew only $2,000 from Lucky Company, resulting in a cash loss of $68,000.

6. I received K-1's from Lucky Company. I never received K-1's or any other documents from BLMIS.

**WHEREAS**, in support of defendant Tarshis's position, he has provided the following documentation to the Trustee:

1. 2003 Schedule K-1 issued by Lucky Company to defendant Tarshis.

C:\Users\sroberts\Documents\ECF Filings 4-23-14\10-04490 Stipulation and Order of Dismissal Without Prejudice (Stuart M Tarshis).doc

2

2. 2004 Schedule K-1 issued by Lucky Company to defendant Tarshis.

3. 2005 Schedule K-1 issued by Lucky Company to defendant Tarshis.

4. 2006 Schedule K-1 issued by Lucky Company to defendant Tarshis.

5. 2007 Schedule K-1 issued by Lucky Company to defendant Tarshis.

6. 2008 Schedule K-1 issued by Lucky Company to defendant Tarshis.

7. Schedule from Lucky Company showing capital contributions and withdrawals of capital from Tarshis' account, as well as the account of his father, as well as the accounts of his sisters, Roberta E. Tarshis and Phyllis M. Eldridge, who also received transfers from his father's account.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendant Tarshis as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant Tarshis hereby stipulate that the Trustee's claims against defendant Tarshis in the Action are dismissed without prejudice and without costs to either the Trustee or defendant Tarshis.

3. Notwithstanding the foregoing, defendant Tarshis and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant Tarshis, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant Tarshis is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendant Tarshis in connection

C:\Users\sroberts\Documents\ECF Filings 4-23-14\10-04490 Stipulation and Order of Dismissal Without Prejudice (Stuart M Tarshis).doc

3

with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant Tarshis hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. Upon the dismissal of defendant Tarshis, the caption of the Action is hereby amended to delete defendant Tarshis from the caption. The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. Defendant Tarshis represents that he has had ample opportunity to review and discuss this stipulation and order with counsel and has knowingly elected not to do so.

(Remainder of page intentionally left blank.)

C:\Users\sroberts\Documents\ECF Filings 4-23-14\10-04490 Stipulation and Order of Dismissal Without Prejudice (Stuart M Tarshis).doc

4

Dated: New York, New York
      April 22, 2014

| Of Counsel: | **BAKER & HOSTETLER LLP** |
|---|---|
| **BAKER & HOSTETLER LLP** | By: */s/ Nicholas J. Cremona* |
| 11601 Wilshire Boulevard, Suite 1400 | 45 Rockefeller Plaza |
| Los Angeles, California 90025-0509 | New York, New York 10111 |
| Telephone: 310.820.8800 | Telephone: 212.589.4200 |
| Facsimile: 310.820.8859 | Facsimile: 212.589.4201 |
| Michael R. Matthias | David J. Sheehan |
| Email: mmatthias@bakerlaw.com | Email: dsheehan@bakerlaw.com |
| | Marc E. Hirschfield |
| | Email: mhirschfield@bakerlaw.com |
| | Nicholas J. Cremona |
| | Email: ncremona@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*/s/ Stuart M. Tarshis*
Stuart M. Tarshis
Defendant

Dated: New York, New York
      April 23rd, 2014           **SO ORDERED**

**By: /s/ STUART M. BERNSTEIN**
     **HONORABLE STUART M. BERNSTEIN**
     **UNITED STATES BANKRUPTCY JUDGE**

C:\Users\sroberts\Documents\ECF Filings 4-23-14\10-04490 Stipulation and Order of Dismissal Without Prejudice (Stuart M Tarshis).doc

5