Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, NY 10022-0123
(212) 603-6345
Steven B. Eichel, Esq.

Quilling, Selander, Lownds, Winslett, & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100
Linda S. LaRue, Esq.

Attorneys for Defendants Samuel-David Associates, Ltd.,
Ann M. Olesky, David E. Olesky, and Samuel J. Olesky

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,** | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| -v- | SIPA LIQUIDATION |
| **BERNARD L. MADOFF INVESTMENT SECURITIES LLC,** | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| **BERNARD L. MADOFF,** | |
| Debtor. | |
| **IRVING H. PICARD, Trustee of the Liquidation of Bernard L. Madoff Investment Securities LLC,** | Adv. Pro. No. 10-04453 (SMB) |
| Plaintiff, | |
| -v- | |
| **SAMUEL-DAVID ASSOCIATES, LTD.; NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of Ann M. Olesky; ANN M. OLESKY, individually and in her capacity as General Partner of Samuel-David Associates, Ltd.; DAVID E. OLESKY, individually and in his capacity as a Limited Partner of Samuel-David Associates Ltd.; and SAMUEL J. OLESKY, individually and his capacity as a Limited Partner of Samuel-David Associates, Ltd.,** | |
| Defendants. | |

### NOTICE OF MOTION OF SAMUEL-DAVID
### ASSOCIATES, LTD., ANN M. OLESKY, DAVID E. OLESKY, AND SAMUEL J.
### OLESKY TO DISMISS THE COMPLAINT OR ALTERNATIVELY, TO STAY PROCEEDING

**PLEASE TAKE NOTICE** upon the accompanying Memorandum of Law in Support of Motion of Samuel-David Associates, Ltd., Ann M. Olesky, David E. Olesky, and Samuel J. Olesky to Dismiss the Complaint or Alternatively, to Stay Proceeding, the Declaration of Steven B. Eichel, dated April 24, 2014, and all exhibits attached thereto, and prior papers and proceedings herein and on such other and further arguments as may be presented prior to and at the hearing on this motion, the Defendants, by the undersigned counsel, will move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure, before the Honorable Stuart Bernstein, Untied States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, at a hearing to be held on the motion on a date to be determined by the Bankruptcy Judge in accordance with the procedures applicable to adversary proceedings.

**PLEASE TAKE FURTHER NOTICE** that the motion may be subject to further submissions on a schedule to be determined by the Court.

Dated: April 24, 2014
   New York, New York

         Respectfully submitted,

         Linda S. LaRue
         Quilling, Selander, Lownds, Winslett, &
         Moser, P.C.
         2001 Bryan Street, Suite 1800
         Dallas, Texas 75201
         Tel. No.:  214-871-2100

         and

         Robinson Brog Leinwand Greene Genovese &
         Gluck P.C.
         875 Third Avenue, 9th Floor
         New York, NY 10022
         Tel. No.:  212-603-6345

         By:  /s/ Steven B. Eichel
           Steven B. Eichel

         Attorneys for Defendants Samuel-David
         Associates, Ltd., Ann M. Olesky, David E.
         Olesky, and Samuel J. Olesky

Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, NY 10022-0123
(212) 603-6345
Steven B. Eichel, Esq.

Quilling, Selander, Lownds, Winslett, & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100
Linda S. LaRue, Esq.

Attorneys for Defendants Samuel-David Associates, Ltd.,
Ann M. Olesky, David E. Olesky, and Samuel J. Olesky

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,** | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| -v- | SIPA LIQUIDATION |
| **BERNARD L. MADOFF INVESTMENT SECURITIES LLC,** | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| **BERNARD L. MADOFF,** | |
| Debtor. | |
| **IRVING H. PICARD, Trustee of the Liquidation of Bernard L. Madoff Investment Securities LLC,** | Adv. Pro. No. 10-04453 (SMB) |
| Plaintiff, | |
| -v- | |
| **SAMUEL-DAVID ASSOCIATES, LTD.; NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of Ann M. Olesky; ANN M. OLESKY, individually and in her capacity as General Partner of Samuel-David Associates, Ltd.; DAVID E. OLESKY, individually and in his capacity as a Limited Partner of Samuel-David Associates Ltd.; and SAMUEL J. OLESKY, individually and his capacity as a Limited Partner of Samuel-David Associates, Ltd.,** | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SAMUEL-DAVID
ASSOCIATES, LTD., ANN M. OLESKY, DAVID E. OLESKY, AND SAMUEL J.
OLESKY TO DISMISS THE COMPLAINT OR ALTERNATIVELY, TO STAY PROCEEDING**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 4

PROCEDURAL HISTORY................................................................................................... 4

STANDARD FOR MOTION TO DISMISS ............................................................................ 6

ARGUMENT ..................................................................................................................... 6

I.    All Counts Other Than § 548(a)(1)(A) Claims in Count One and Subsequent Transferee Claims in Count Seven Must Be Dismissed Pursuant to § 546(e)......................................... 6

II.   Counts One and Seven of the Complaint Must Be Dismissed Because Trustee Does Not Meet The Requisite Pleading Requirements .......................................................................... 9

III.  Trustee Lacks Standing to Rely Upon Transfers Made by Madoff before The Creation of BLMIS to Support His Claims ............................................................................................ 12

IV.   Non-Bankruptcy Law Protects IRA Account Transfers ....................................................... 15

V.    Alternatively, the Court Should Stay this Proceeding ........................................................ 17

VI.   Joinder In And Incorporation Of Other Motions And Reservation of Rights ...................... 19

CONCLUSION.................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Const, Inc.),*
    373 B.R. 262 (Bankr. S.D.N.Y. 2007) ........................................................................................9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................................................6, 9

*In re Augie/Restivo Baking Company,*
    860 F.2d 515 (2d. Cir. 1988) .....................................................................................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................................................................................6

*Buchwald Capital Advisors LLC v. JP Morgan Chase Bank, N.A. (In re M Fabrikant & Sons., Inc.),*
    No. 12-4335-bk, 2013 U.S. App. LEXIS 20758 (2nd Cir. 2013) .............................................11

*In re Glenn,*
    430 B.R 56 (Bankr. N.D.N.Y. 2010) .........................................................................................15

*Gowan v. Amaranth LLC (In re Dreier LLP),*
    452 B.R. 451 (Bankr. S.D.N.Y. 2011) .......................................................................................12

*J.K.C. v. T.W.C.,*
    39 Misc.3d 899 (N.Y. Sup. Ct. Feb. 28, 2013) .........................................................................15

*In re Madoff Securities,*
    Opinion and Order, Case No. 12-mc-0115 (S.D.N.Y. April 15, 2013) (JSR) .......................6, 7

*Morgan v. Gordon,*
    450 B.R. 402 (W.D.N.Y. 2011) .................................................................................................15

*Official Comm. Of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.),*
    394 B.R. 721 (Bankr. S.D.N.Y. 2008) .........................................................................................3

*Pani v. Empire Blue Cross Blue Shield,*
    152 F.3d 67 (2d Cir. 1998) ...........................................................................................................6

*Picard v. Katz,*
    462 B.R. 447 (S.D.N.Y. 2011) ........................................................................................ *passim*

*Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC),*
    458 B.R. 87 (Bankr. S.D.N.Y. 2011) .................................................................................10, 11

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
    501 B.R. 26 (S.D.N.Y. 2013) ................................................................................................3

*SEC v. Madoff,*
    No. 08-10791, Order (S.D.N.Y. Dec. 15, 2008) .....................................................................4

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff),*
    476 B.R. 715 (S.D.N.Y. 2012), *appeal pending, In re Madoff Sec.,* No. 12-2557-L (2d Cir.)*passim*

*Volmar Distributors, Inc. v. New York Post Co.,*
    152 F.R.D. 36 (S.D.N.Y. 1993) ...........................................................................................17

*U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC),* 470 B.R (Bankr. E.D.N.Y. 2012).17

**Statutes**

11 U.S.C. §105 ............................................................................................................................17

11 U.S.C. § 546(e) .............................................................................................. *passim*

11 U.S.C. § 548(a)(1)(A) ................................................................................... *passim*

11 U.S.C.§ 550(a)(2)........................................................................................... *passim*

C.P.L.R. 5205.............................................................................................................................15

CPLR 5205(c)(1) ......................................................................................................................16

CPLR 5205(c)(2) ...................................................................................................................15,16

CPLR 5205(c)(3) ......................................................................................................................16

CPLR 5205(c)(5) ......................................................................................................................16

CPLR 5205(d)............................................................................................................................16

New York Debtor and Creditor Law §270 ...............................................................................2

New York Debtor and Creditor Law §273 ...............................................................................2

New York Debtor and Creditor Law §274 ...............................................................................2

New York Debtor and Creditor Law §275 ...............................................................................2

New York Debtor and Creditor Law §276 ...............................................................................2

New York Debtor and Creditor Law §278 ...................................................................................2

New York Debtor and Creditor Law §279 ...................................................................................2

**Non-Bankruptcy Law** ...........................................................................................................14

Securities Investor Protection Act, 15 U.S.C. §§78aaa, *et seq.* .......................................................1

**Other Authorities**

Fed. R. Bankr. P. 7008(a) ...........................................................................................................9

Fed. R. Bankr. P. 7009 ................................................................................................................9

Fed. R. Bankr. P. 7012..........................................................................................................1, 20

Fed. R. Civ. P. 8(a) .....................................................................................................................9

Fed. R. Civ. P. 9(b) .....................................................................................................................9

Fed. R. Civ. P. 12(b)(6)................................................................................................. *passim*

Samuel-David Associates, Ltd., Ann M. Olesky, David E. Olesky, and Samuel J. Olesky (collectively, the "Defendants")[1], respectfully submit this memorandum of law in support of their motion to dismiss the complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for failure to state a claim upon which relief can be granted.[2]   Moreover, this adversary proceeding should be stayed until such time as the pending appeals are finally resolved and it is determined whether holders of customer claims and unsecured creditors will be satisfied in full.

## PRELIMINARY STATEMENT

This adversary proceeding is one of many similar such proceedings commenced by Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff") against former customers of BLMIS.  In his Complaint,[3] the Trustee alleges that the Defendants withdrew from their accounts with BLMIS more money than they invested and must return the amount by which their withdrawals exceeded their investments.

The Trustee asserted the following seven claims against the Defendants pursuant to SIPA, title 11 of the United States Code (the "Bankruptcy Code"), the New York Fraudulent

---

[1]   The Complaint defines "Subsequent Transferee Defendants" as David E. Olesky and Samuel J. Olesky, in their capacity as limited partners of Samuel-David Associates, Ltd.  (Complaint at p. 2).  David E. Olesky and Samuel J. Olesky are not limited partners of Samuel-David Associates, Ltd.

[2]   By stipulation and order dated May 11, 2014, defendant NTC & Co. LLP was dismissed without prejudice from this adversary proceeding.

[3]   A copy of the Complaint is attached as Exhibit A to the accompanying declaration of Steven B. Eichel ("Eichel Declaration").  All references to "¶__" refer to the Complaint.

Conveyance Act (New York Debtor and Creditor Law §270 *et seq.* (McKinney 2001)("DCL")

and other applicable laws:

1. A fraudulent transfer claim under 11 U.S.C. §§548(a)(1)(A), 550 and 551 and section 78fff-2(c)(3) of SIPA ("Count One") (Complaint ¶¶52-57);

2. A fraudulent transfer claim under 11 U.S.C. §§548(a)(1)(B), 550(a) and 551 and section 78fff-2(c)(3) of SIPA ("Count Two") (Complaint ¶¶58-66);

3. A fraudulent transfer claim under New York Debtor and Creditor Law §§276, 278 and/or 279, and 11 U.S.C. §§544(b), 550(a) and 551 and 78fff-2(c)(3) of SIPA ("Count Three") (Complaint ¶¶67-71);

4. A fraudulent transfer claim under New York Debtor and Creditor Law §§273 and 278 and/or 279, and 11 U.S.C. §§544(b), 550(a) and 551 and 78fff-2(c)(3) of SIPA ("Count Four") (Complaint ¶¶72-77);

5. A fraudulent transfer claim under New York Debtor and Creditor Law §§274, 278 and/or 279, and 11 U.S.C. §§544(b), 550(a) and 551 and 78fff-2(c)(3) of SIPA ("Count Five") (Complaint ¶¶78-83);

6. A fraudulent transfer claim under New York Debtor and Creditor Law §§275, 278 and/or 279, and 11 U.S.C. §§544(b), 550(a) and 551 and 78fff-2(c)(3) of SIPA ("Count Six")(Complaint ¶¶84-89); and

7. A claim to recover subsequent transfers under New York Debtor and Creditor Law §§278 and/or 279 and 11 U.S.C. §§544, 548, 550(a) and 551 and 78fff-2(c)(3) of SIPA ("Count Seven") (Complaint ¶¶90-95).

Defendants are entitled to dismissal of the Trustee's Complaint as a matter of law.

In *Picard vs. Greiff* and *Picard v. Katz,* the Honorable Jed S. Rakoff held that the safe

harbor provisions of §546(e) (i) bar the Trustee from pursuing claims under § 548(a)(1)(B) and

§ 544, and (ii) limit the Trustee's avoidance power to only those transfers made under

§ 548(a)(1)(A) and § 550(a) during the two (2) years prior to the bankruptcy filing. *See SIPC v.*

*Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff),* 476 B.R. 715, 722 (S.D.N.Y. 2012), *appeal*

*pending*, *In re Madoff   Sec.,* No. 12-2557-L (2d Cir.); *Picard v. Katz*, 462 B.R. 447, 453

(S.D.N.Y. 2011).

As a result of these rulings in the United States District Court for the Southern District of New York (the "District Court"), all counts of the Complaint except the Trustee's claims under §§548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code must be dismissed pursuant to §546(e). *See Greiff,* 476 B.R. at 722 (Court concluded that "§546(e) bars the Trustee from pursuing the claims made under §548(a)(1)(B) and §544."). Thus, Counts 2-6 of the Complaint must be dismissed in their entirety because §546(e) limits the Trustee's ability to avoid transfers made outside of two (2) years prior to the bankruptcy filing.  Accordingly, based on the principles of collateral estoppel, only Counts One and Seven -- the fraudulent transfer claim under § 548(a)(1)(A) and the subsequent transferee claim under § 550(a)[4] -- remain against the Defendants.  These two remaining claims should be dismissed on the following grounds:

1. The Trustee fails to satisfy the requisite pleading requirements for Counts One and Seven of the Complaint;

2. The Trustee lacks standing to rely upon transfers made by Madoff before the creation of BLMIS to support his claims; and

3. IRA withdrawals are protected from judgment creditors, including the Trustee, and therefore cannot be avoided.

---

[4]     There is a split of authority as to whether the Trustee must obtain a judgment against the initial transferee before proceeding against a subsequent transferee.  *See Official Comm. Of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.),* 394 B.R. 721, 741-42 (Bankr. S.D.N.Y. 2008) (A significant number of cases have read §550 to require that the plaintiff must first or simultaneously bring a successful suit against the initial transferee before he can recover . . . from the subsequent transferee . . . An equally significant number of cases have reached the opposite result, concluding that the trustee can sue the subsequent transferee in the first instance, and need prove only that the initial transfer was avoidable); *compare with Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 501 B.R. 26, 29 (S.D.N.Y. 2013) ("Section 550(a) requires that the Trustee show that the transfer he seeks to recover is avoidable in each recovery action.").  The Trustee has not demonstrated that the transfer is avoidable against the initial transferee.  Thus, he cannot seek recovery from the subsequent transferee. Any claim raised pursuant to section 550 must be dismissed.

## FACTUAL BACKGROUND[5]

Defendants were customers of Madoff, and later of BLMIS, a registered brokerage firm run by Madoff. The Defendants maintained several investment accounts with BLMIS and, from time to time, withdrew funds from their accounts. The Trustee acknowledges that Defendant Ann Olesky's account was an individual retirement account ("IRA") (Complaint ¶3).

The Complaint alleges that (i) "Madoff admitted that he never in fact purchased any of the securities he claimed to have purchased for customers accounts" and (ii) the clients of BLMIS's investment advisory business, "received monthly or quarterly statements purportedly showing the securities that were held in - or had been traded through - their accounts, as well as the growth of and profit from those accounts over time…." (Complaint at ¶27). There are no allegations in the Complaint that Defendants were other than completely innocent victims who had no knowledge (i) of Madoff's fraud or (ii) that Madoff and BLMIS were not purchasing securities.

## PROCEDURAL HISTORY

On December 11, 2008, a liquidation proceeding was commenced against BLMIS pursuant to SIPA. *See SEC v. Madoff*, No. 08-10791, Order (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeds to Bankruptcy Court) [Dkt. No. 4]. The Trustee was appointed on December 15, 2008 to liquidate BLMIS under SIPA. (Complaint at ¶16). On November 30, 2010, the Trustee commenced an action against the Defendants in the Bankruptcy Court to avoid and recover certain transfers made by BLMIS to Defendants to the extent such transfers exceeded the amount of money that Defendants invested with BLMIS.

---

[5]    For purposes of this motion only, the Defendants accept as true the facts set forth in the Trustee's Complaint but reserve all rights to dispute any and all factual contentions beyond the confines of this Motion.

After the Trustee commenced this action, the Defendants, along with many similarly situated defendants, moved to withdraw the reference with respect to certain issues. The District Court withdrew the reference on several specific issues, including, but not limited to, whether section 546(e) limits the Trustee's ability to avoid transfers made by BLMIS.

On April 30, 2012, Judge Rakoff rendered an Opinion and Order regarding whether section 546(e) limited the Trustee's ability to avoid transfers made by BLMIS. *Greiff*, 476 B.R. 715. The Court partially granted the defendants' motion to dismiss, and dismissed all claims except those claims under sections 548(a)(1)(A) and 550(a). *Id.* at 729. In reaching that decision, Judge Rakoff concluded that "§ 546(e) bars the Trustee from pursuing the claims . . . made under § 548(a)(1)(B) and § 544" and that the Trustee's avoidance powers were limited by Bankruptcy Code § 546(e) to claims under §548(a)(1)(A) and §550. *Id.*. at 722. After the District Court's decision in *Greiff*, the Trustee consented to entry of judgment dismissing its avoidance claims under 11 U.S.C. §§ 544, 547, and 548(a)(1)(B) in numerous adversary proceedings in which defendants (including the Defendants in this case) filed a motion to withdraw the reference, where the Trustee did not challenge the good faith of the recipients of transfers from BLMIS. See Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, No. 12 MC 115, ECF No. 109 (S.D.N.Y. May 12, 2012). These cases are now on appeal before the Second Circuit Court of Appeals. *See In re Madoff Sec*. No. 12-2557-L (2d Cir.).

As a result of the District Court ruling in Greiff, all of the Trustee's claims against the Defendants should be dismissed, except for Count One alleging an intentional fraudulent conveyance under §548(a)(1)(A), which permits only a two year look back period (the "Two-Year Period") and the subsequent transferee claims in Count Seven to the extent that they relate

to the transfers to be avoided under section 548(a)(1)(A).  The Defendants now seek to dismiss those claims as well.

## STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.; see also Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Moreover, "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."  *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

## ARGUMENT

I.    **All Counts Other Than § 548(a)(1)(A) Claims in Count One and Subsequent Transferee Claims in Count Seven Must Be Dismissed Pursuant to § 546(e)**

In his Complaint, the Trustee seeks to avoid transfers that occurred outside of the Two Year Period prior to the Madoff and BLMIS bankruptcy filing.  This Court need only look to Judge Rakoff's decisions in *Greiff*, *Katz* (as well as the § 546(e) Briefing Opinion and Order)[6], to

---

[6]  *See In re Madoff Securities*, Opinion and Order, Case No 12-mc-0115 (S.D.N.Y. 2013)(JSR) (ECF No. 460).

conclude that (i) section 546(e) bars the Trustee's claims under §548(a)(1)(B) and §544, and (ii) the Trustee is barred from relitigating the section 546(e) safe harbor issue.

Section 546(e) "precludes the Trustee from bringing any action to recover from any of Madoff's customers any of the monies paid by [BLMIS] to those customers except in the case of actual fraud." *See  Madoff Securities*, p. 5 (citing *Katz*, 462 BR at 452, *Greiff*, 476 B.R. at 718); *Katz*, 462 B.R. at 451 ("Because [BLMIS] was a registered stockbrokerage firm, the liabilities of customers like the defendants here are subject to the 'safe harbor' set forth in section 546(e) of the Bankruptcy Code").

In *Katz*, the Court concluded that "[b]ecause [BLMIS] was a registered stockbrokerage firm, the liabilities of customers like the defendants here are subject to the "safe harbor" set forth in *section 546(e) of the Bankruptcy Code." Picard v. Katz*, 462 B.R. at 451 (emphasis in original).

Moreover, in *Greiff*, the Court acknowledged that collateral estoppel likely barred the Trustee from re-litigating the safe harbor issue. However, the Court considered the matter *de novo*, and again concluded, "essentially for the same reasons stated in *Katz*, . . . that the [§546(e)] rulings there apply equally to the instant cases." *Greiff*, 476 B.R. at 719.  After making a *de novo* review, Judge Rakoff again held that "§546(e) bars the Trustee from pursuing the claims here made under §548(a)(1)(A) and §544." *Greiff*, 476 B.R. at 723.

Furthermore, in the § 546(e) Briefing Opinion and Order, Judge Rakoff found that (i) "Section 546(e)'s requirement that the payments be transfers 'made by  . . .a stockbroker . . . in connection with a securities contract' was satisfied" and "'defendants' withdrawals from their accounts constituted 'settlement payments' from a stockbroker and therefore fall within the

coverage of § 546(e) for that independent reason." *Madoff Securities*, p. 6 (citing *Greiff*, 476 B.R. at 719-20).

Thus, based on Judge Rakoff's rulings, the Trustee is collaterally estopped from re-litigating the safe harbor issue.

"Under New York Law, collateral estoppel bars a party from re-litigating an issue when '(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action.'" *Greiff,* 476 B.R. at 718-719 (citing *Evans vs. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006)). Collateral estoppel protects parties "from the expense and vexation of attending multiple lawsuits, conserves judicial resources and fosters judicial reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana vs. U.S.*, 440 U.S. 147, 153-54 (1979). Finally, collateral estoppel does not require the plaintiffs' adversary in the prior proceeding be the same parties litigating in the current proceeding. *See Amadasu v. Bronx Leb. Hosp. Ctr.*, 2005 U.S. Dist. Lexis 774 at 30 (S.D.N.Y. 2005) ("doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action"). Based on the above, the Trustee is collaterally estopped from re-litigating the §546(e) safe harbor issue, which limits the transfers that the Trustee can avoid to those under §§548(a)(1)(A) and 550(a). The Trustee has already had a full and fair opportunity to litigate the issue in *Katz, Greiff*, and thereafter in the consolidated §546(e) briefing. Thus, the Trustee is barred from re-litigating these issues against Defendants who are "for all relevant purposes similarly situated to the defendants in *Katz*,"[7] or in *Greiff.* As a result, Counts 2-6 of the Complaint must be dismissed.

---

[7] See Greiff, 476 B.R. at 718-719.

**II.    Counts One and Seven of the Complaint Must Be Dismissed Because Trustee Does Not Meet The Requisite Pleading Requirements**

The claims against the Defendants are not alleged with sufficient factual detail or particularity to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure (applicable here under Bankruptcy Rule 7008(a)) or Rule 9(b) (made applicable through Bankruptcy Rule 7009).   The Trustee has failed to adequately plead that the transfers in question were made with intent to hinder, delay or defraud creditors as required under section 548(a)(1)(A) of the Bankruptcy Code. The allegations regarding fraudulent intent are generalized and conclusory.   The Complaint fails to provide the details to distinguish between defendants, initial or subsequent transferees and does not specifically identify which transactions apply to the various defendants and which category these transactions fall into.

Actual fraudulent transfer claims brought under either section 548(a)(1)(A) of the Code must meet the heightened pleading requirements of Rule 9(b).   *See, Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Const., Inc.),* 373 B.R. 262, 269 (Bankr. S.D.N.Y. 2007).   Rule 9(b) requires the plaintiff to plead fraud with particularity.   *See Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 251 (2d Cir. 1987).

Instead of meeting these well-settled pleading requirements, the Trustee purports to exempt himself from describing the facts and circumstances of the transactions with particularity simply by placing the label of "Ponzi scheme" upon BLMIS.   Although the Court must accept as true all of the factual allegations in the complaint on a motion to dismiss, this "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In connection with the Trustee's determining the amount of Defendants' purported avoidance liability, the Trustee fails to include certain transfers of funds from other BLMIS accounts ("Transferor Account(s)"), notwithstanding that those transfers were reflected in BLMIS' books and records.  Although the Trustee lists the amount, date and value of the alleged inter-account transfers, the Trustee's Complaint does not contain specific factual allegations regarding such transfers, including (i) the identification of the owner of the Transferor Account, (ii) the relationship between the owner of the Transferor Account and Defendants, or (iii) a listing of all transactions which transpired in the Transferor Account.  "At a minimum, the complaint must be sufficiently specific to give the defendant full notice of the claims that are being asserted and to allow the defendant to prepare an adequate answer, with affirmative defenses and counterclaim." 5 Collier on Bankruptcy §548.11[1][a][ii] (16th ed. 2013). These pleading deficiencies mandate dismissal of the Trustee's claim in Count One for avoiding such inter-account transfers.[8]

Moreover, the Trustee's claim in Count Seven seeking to avoid and recover the purported subsequent transferees is defective because the claim lacks the required facts and particularity to state a claim.  Judge Lifland has already held that vague and conclusory allegations of subsequent transferee liability are insufficient to state a claim.  In *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC),* 458 B.R. 87, 119-120 (Bankr. S.D.N.Y. 2011).

In *Picard v. Madoff,* the Trustee merely alleged that "[o]n information and belief, some or all of the transfers were subsequently transferred by one or more [of the Defendants] to another Family

---

[8]    If an account was funded by means of an inter-account transfer at any time during the relationship between the customer and BLMIS: (i) the amount or account balance transferred should be deemed to be (or treated the same as) principal in the account of the recipient; (ii) the recipient should be treated as if he or she made a deposit with BLMIS in the amount or account balance transferred; (iii) the recipient should be treated as holding a claim against BLMIS in the amount or account balance transferred; and (iv) the recipients' withdrawal of all or any portion of the amount of the account balance transferred to it via inter-account transfer should be deemed for value, even if the withdrawal occurred inside the reach-back period. By failing to credit Defendants for the full value of any inter-account transfers, the Trustee impairs Defendants' rights.

Defendant, either directly or indirectly' without providing any sort of estimate of the amount of the purported Subsequent Transfer, or when or how such Transfer occurred." *Id.* at 119-20. Judge Lifland held that subsequent transfer claims lacking "even a modicum of specificity" were not adequately pled and had to be dismissed. *Id.* at 120. In that case, those threadbare allegations were insufficient to meet the Trustee's pleading requirements.

Moreover, in cases where fraud is alleged, an ability to distinguish among defendants will defeat a plaintiff's complaint. *See Ellison v. Am. Image Motor Co., Inc.*, 36 F. Supp. 2d 628, 640 (S.D.N.Y. 1999) (when fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant) (internal citations and quotations omitted).

Similarly, the Trustee's subsequent transfer claims against the Defendants are speculative, conclusory and lacking in particulars. The Complaint fails to set forth any dates or amounts of any alleged subsequent transfers, much less any details about the manner in which such transfers purportedly occurred or the circumstances surrounding them, including which Subsequent Transferees received which subsequent transfers. Here, like *Picard v. Madoff*, these sorely deficient allegations do not provide the Defendants with "... any sort of estimate of the amount of the purported Subsequent Transfer, or when or how such Transfer occurred." *Id.* at 120.

The lack of sufficient particular allegations renders the Trustee's subsequent transferee claims in Count Seven legally insufficient. *See Buchwald Capital Advisors LLC v. JP Morgan Chase Bank, N.A. (In re M Fabrikant & Sons., Inc.),* No. 12-4335-bk, 2013 U.S. App. LEXIS 20758, at **4 (2nd Cir. 2013) (affirming dismissal of subsequent transferee claims holding that "[t]he Trustee has not identified the dates, amounts, and other relevant

circumstances of the particular transfers that it contends were made with the actual intent to defraud creditors. Accordingly, these claims, to the extent they assert intentional fraud, fail for lack of specificity."); *Gowan v. Amaranth LLC (In re Dreier LLP)*, 452 B.R. 451, 464 (Bankr. S.D.N.Y. 2011) ("[T]he complaint [must] contain the 'necessary vital statistics - the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds."). Here, the subsequent transferee claims do not contain these particulars and thus must be dismissed.

Accordingly, the Trustee's remaining claims in Count One and Seven fail to meet the requisite pleading requirements and must be dismissed.

## III.   Trustee Lacks Standing to Rely Upon Transfers Made by Madoff before the Creation of BLMIS to Support His Claims

Upon information and belief, BLMIS did not exist as a legal entity until December 4, 2000. Before that day, Madoff conducted business as a sole proprietor and made distributions to investors directly. After BLMIS was formed, again upon information and belief, Madoff transferred money and investor accounts he held on behalf of investors from his sole proprietorship to BLMIS. From then on, all customer transactions were effectuated through BLMIS.

After Madoff was placed into bankruptcy and BLMIS was placed into a SIPC liquidation, the Trustee obtained an order substantively consolidating Madoff's personal bankruptcy estate with BLMIS's bankruptcy estate on June 9, 2009, *nunc pro tunc* to December 11, 2008 [Docket No. 252] (the "Substantive Consolidation Order"). Notwithstanding the consolidation of the two estates, Madoff's individual estate continues to remain in existence with its own, separate trustee (hereafter, the "Madoff Trustee") who has his own independent powers. The Substantive Consolidation Order specifically provides that "[t]he SIPA Trustee

12

shall continue to have the duties and powers of the SIPA Trustee and, in addition, he shall have all duties and powers of a Chapter 7 trustee for the Madoff estate other than those set forth in paragraph 4 hereof." (<u>emphasis added</u>). *See* Substantive Consolidation Order at p. 6.

> Paragraph 4 of the Substantive Consolidation Order provides:
>
> Notwithstanding the substantive consolidation of the Madoff estate into the BLMIS SIPA Proceeding, the Chapter 7 Trustee shall remain Chapter 7 trustee of the Madoff estate and shall continue to have all powers, rights, claims and interests of a Chapter 7 trustee to bring claims under Chapters 5 and 7 of the Bankruptcy Code in consultation with the SIPA Trustee and SIPC. Further, all powers, rights, claims and interests of the Madoff estate are expressly preserved, including without limitation all Chapter 5 and Chapter 7 powers, rights, claims and/or interests.

*Id.* at p. 5.

Substantive consolidation customarily involves "the pooling the assets of, and claims against, the two entities" being consolidated and "satisfying liabilities from the resultant common fund..." *In re Augie/Restivo Baking Company,* 860 F.2d 515, 518 (2d. Cir. 1988). "Substantive consolidation has no express statutory basis but is the product of judicial gloss." *Id.* As a result, each substantive consolidation case can be unique.

As demonstrated by paragraph 4 of the Substantive Consolidation Order above, the Bankruptcy Court did not completely consolidate the two estates with the full intent that any transfers made by Madoff himself would be pursued solely by the Madoff Trustee -- and not the BLMIS Trustee. Inasmuch as there has been an "incomplete" substantive consolidation of the two estates, whereby the Madoff estate has a separate trustee with the ability to prosecute Chapter 5 causes of action, the BLMIS Trustee lacks standing to recover transfers made by Madoff personally -- which includes transfers he made prior to the time BLMIS even

existed.[9] The fact that the Bankruptcy Court later decided to substantively consolidate the Madoff and BLMIS estates is of no avail, because the Substantive Consolidation Order expressly consolidated Madoff's and BLMIS' assets and liabilities for claims and distribution purposes only (without giving the BLMIS Trustee the ability to bring Chapter 5 claims on behalf of the Madoff estate) and was only effective as of December 11, 2008, well after the purported transfers at issue took place. Therefore, the Substantive Consolidation Order was clearly not entered for the purpose of capturing transfers made by Madoff himself. Accordingly, a transfer by Madoff to the investor should not be considered a transfer by BLMIS to the investor.

The Bankruptcy Court's consolidation of Madoff's and BLMIS's assets and liabilities, without giving the BLMIS Trustee the power to bring Chapter 5 avoidance actions to recover transfers made by Madoff individually is legally significant.[10] Attached to the Complaints are charts prepared by the Trustee detailing the deposits and withdrawals of each of the Defendants. The purported purpose of these charts is to demonstrate that a given defendant is a "net winner," in that they withdrew more money than they deposited. However, the Trustee's charts include transfers made by Madoff to the Defendants prior to December 4, 2000, the date of BLMIS' creation. As such, the Trustee relies upon transfers made by Madoff individually (as opposed to BLMIS) as a basis for bringing his claims. Since the Trustee cannot sue to recover these transfers, he does not have standing to rely upon them in support of his

---

[9]    The BLMIS Trustee is aware of his lack of standing, as demonstrated by the fact that in another avoidance case involving transfers made directly by Madoff—as opposed to BLMIS— the Madoff Trustee was required to join the action. For instance, the Madoff Trustee was a necessary plaintiff in the lawsuit brought against some of Madoff's relatives to recover transfers made directly by Madoff to his relatives. The claims in that case are the same claims that were asserted against the Defendants. *See Picard v. Morgan*, Adversary Proceeding No. 10-05328-brl.

[10]    This is also significant because through substantive consolidation, the Bankruptcy Court pooled Madoff's and BLMIS's liabilities thereby eliminating any argument that BLMIS does not have to take into account investor deposits given to Madoff.

avoidance claims on behalf of BLMIS' estate.  Based upon the foregoing, Count One should be dismissed.

## IV.    Non-Bankruptcy Law Protects IRA Account Transfers

Defendant Ann Olesky's account at BLMIS was an IRA as defined by the Internal Revenue Code and as asserted in the Trustee's Complaint (see Notice of Trustee's Determination of Claim dated June 4, 2010 as Exhibit C thereto, and Complaint ¶3).   Under New York law, an IRA (both the corpus and distributions) is exempt from claims of judgment creditors such as the Trustee.   See N.Y. C.P.L.R. 5205 (identifying personal property, including IRAs, which are protected from judgment creditors); *see also J.K.C. v. T.W.C.*, 39 Misc.3d 899, 905-6 (N.Y. Sup. Ct. Feb. 28, 2013).

Moreover, "it is well settled that exemption provisions are to be construed liberally." *Morgan v. Gordon*, 450 B.R. 402, 405 (W.D.N.Y. 2011) (holding that annuity and proceeds were exempt); *see In re Glenn*, 430 B.R 56, 58 (Bankr. N.D.N.Y. 2010) ("Exemption statutes are to be construed liberally in favor of a debtor . . .  [I]t is the Trustee who bears the burden of proof to establish that the exemption is improper.").

Ms. Olesky's IRA account is statutorily protected from the Trustee's avoidance claims. Section 5205 of the CPLR identifies categories of personal property that are specifically protected from judgment creditors' claims.  IRAs were included in the New York exemptions to "provide protection to individuals who establish such IRA accounts for their retirement." *J.K.C. v. T.W.C.*, 39 Misc.3d at 906.

CPLR 5205(c)(2) specifically provides that all "monies, assets or interests established as part of, and all payments from . . .  any . . . plan, which is qualified as an individual retirement account under [the IRC] shall be considered a trust which has been created by or which has

proceeded from a person other than the judgment debtor." CPLR 5205(c)(2).   Such trust is

"exempt from application to the satisfaction of a money judgment."   CPLR 5205(c)(1).   The

statute expressly provides that IRA accounts and withdrawals therefrom "shall conclusively be

presumed to be spendthrift trust . . .   for all purposes, including but not limited to, all cases

arising under or related to a case under . . . the Bankruptcy Code." CPLR 5205(c)(3).

The exemption is subject to a limited exception.   Additions to an IRA are not shielded

from judgment creditors if "deemed to be [a] fraudulent conveyance[] *under article ten of the*

*debtor and creditor law*." CPLR 5205(c)(5) (emphasis added).[11] That exception, however, is

inapplicable in this case, as a result of the District Court's determination that Section 546(e) of

the Bankruptcy Code limits the Trustee only to federal avoidance claims under section

548(a)(1)(A) of the Bankruptcy Code. *Greiff*, 476 B.R. at 422.   Thus, this exception does not

benefit the Trustee because he is collaterally estopped from prosecuting any state law avoidance

claims.

As CPLR 5205(c)(5) only contemplates a carve out for fraudulent conveyances under

state law, and the Trustee no longer has any such viable claims, the Trustee's claims for

avoidance of distributions from Ms. Olesky's IRA account must be dismissed.   Furthermore, the

statute provides an exemption to a judgment creditor for "additions" to such an account.   The

additions to the IRA in this case were deposits made by the customer and are not the subject of

avoidance by the Trustee.   The withdrawals by the customer are not covered by the exception in

CPLR 5205(c)(5) and are exempt from the Trustee's claims.   See CPLR 5205(d).

---

11       CPLR(c)(5) states "[a]dditions to an asset described in paragraph two of this subdivision shall not be
exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before
the interposition of the claim on which said judgment was entered, or (ii) deemed to be fraudulent conveyance under
article ten of the debtor and creditor law."

## V.    Alternatively, the Court Should Stay this Proceeding

If the Defendant's motion is not granted in its entirety, this action should be stayed until it can be determined whether allowed customer claims and unsecured creditors will be satisfied in full. The Trustee has collected a substantial sum of money (more than $10 billion) to date.  If, as appears inevitable, customers and creditors receive full recoveries from the existing assets, then the Complaint should be dismissed. In the event that customers and creditors are unable to receive full recovery from the existing assets, these proceedings can move forward.  However, the Trustee should not be permitted to continue prosecuting these actions against the Defendants and other similarly situated defendants if he already has more than he is statutorily authorized to marshal.

Courts have wide discretion to control their dockets under Bankruptcy Code §105 and issue stays where appropriate. *Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *see also U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC)*, 470 B.R. 659,684 (Bankr. E.D.N.Y. 2012) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants") (*citing Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936)  In making the determination whether a stay is warranted, courts consider: (i) the private interests of the plaintiffs with proceeding expeditiously versus any harm caused; (ii) the interest of and burden on the defendant; (iii) the interests of the court; and (iv) interests of persons not a party to the litigation.  *Volmar*, 152 F.R.D. at 39.  Here, those factors weigh heavily in favor of a stay. No party is prejudiced by a stay because all allowed customer claims and general creditors' claims are expected to be more than covered by the Trustee's funds. Unlike the creditors and customers with allowed claims, the Defendants and others similarly situated defendants have been and will continue to be substantially burdened by the cost

(financially and emotionally), time and energy required by this litigation, which may be mooted once all monies from the Justice Department funds are disbursed and monies from further recoveries from the Trustee's non-avoidance litigations are completed.  The proceedings should not move forward and, indeed, moving forward will continue to cause havoc in the lives of these Defendants who have already been victimized by Madoff when the Trustee already has (or is expected to have) more than what is needed to satisfy all claims.  The Court will benefit because a stay will serve judicial economy by avoiding unnecessary and possibly unauthorized litigation. Finally, third party discovery will be stayed saving non-parties the time and expense from complying with discovery. Litigation in all of these adversary proceedings will require significant discovery from various non-party witnesses, including participants in the fraud as well as banks where accounts were held. A stay would put off the burden of discovery on these non-parties and, as appears likely, might avoid such time and expense once the funds presently held are distributed.  Each of these factors weighs heavily in favor of staying this adversary proceeding and other similar actions, pending a final determination of whether customers and creditors will recover fully on their claims from the funds already marshaled. If so, the Complaint must be dismissed, and all parties and the Court will have benefitted by preservation of valuable resources and time. If, for some unexpected and unforeseeable reason creditors do not receive their anticipated recovery, this action can then proceed.

**VI.      Joinder In And Incorporation Of Other Motions And Reservation of Rights**

The Defendants join in and incorporate all points made in all other motions to dismiss submitted and to be submitted by similarly situated defendants in connection with these BLMIS adversary proceedings.   Further, Defendants incorporate all arguments made by similarly situated defendants before the District Court in this matter. Finally, nothing herein should be deemed a waiver of any right, defense, argument or issue not specifically raised herein. The Defendants specifically reserve their rights in this respect.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendants respectfully request that the Court dismiss the Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable by Bankruptcy Rules 7012, and granting such other and further relief as the Court

deems just and proper.

Dated:  April 24, 2014
       New York, New York

Respectfully submitted,

Linda S. LaRue
Quilling, Selander, Lownds, Winslett, &
Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Tel. No.:  214-871-2100

and

Robinson Brog Leinwand Greene Genovese &
Gluck P.C.
875 Third Avenue, 9th Floor
New York, NY 10022
Tel. No.:  212-603-6345

By:  /s/ Steven B. Eichel
     Steven B. Eichel

Attorneys for Defendants Samuel-David
Associates, Ltd., Ann M. Olesky, David E.
Olesky, and Samuel J. Olesky