aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendants for the benefit of the estate of BLMIS;

vi.     On the Sixth Claim for Relief, pursuant to DCL sections 275, 278 and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendants for the benefit of the estate of BLMIS;

vii.    On the Seventh Claim for Relief as a result of the avoidance of the within Transfers, pursuant to DCL section 278 and/or 279, sections 544(b), 548, 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Subsequent Transfers, (b) directing that the Subsequent Transfers be set aside, and (c) recovering the Subsequent Transfers, or the value thereof, from Subsequent Transferee Defendants for the benefit of the estate of BLMIS;

viii.   On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004 awarding the Trustee prejudgment interest from the date on which the Transfers were received;

ix.     On all Claims for Relief, establishment of a constructive trust over the proceeds of the transfers in favor of the Trustee for the benefit of BLMIS' estate;

x.      On all Claims for Relief, assignment of Defendants' income tax refunds from the United States, state and local governments paid on fictitious profits during the course of the scheme;

xi.     On all Claims for Relief, awarding the Trustee all applicable interest, costs, and disbursements of this action; and

xii.    On all Claims for Relief, granting Plaintiff such other, further, and different relief

as the Court deems just, proper, and equitable.


Date:  November 12, 2010
        New York, New York

Of Counsel:                                      By: */s/ Marc E. Hirschfield*
                                                    */s/ Richard J. Bernard*
**BAKER & HOSTETLER LLP**                           */s/ Geraldine E. Ponto*
1000 Louisiana, Suite 2000                          */s/ Marc Skapof*
Houston, Texas 77002-5018                        **BAKER & HOSTETLER LLP**
Telephone: (713)751-1600                         45 Rockefeller Plaza
Facsimile: (713)751-1717                         New York, New York 10111
Dean D. Hunt                                     Telephone: (212) 589-4200
Email: dhunt@bakerlaw.com                        Facsimile: (212) 589-4201
Tonya A. Jacobs                                  David J. Sheehan
Email: tjacobs@bakerlaw.com                      Email:  dsheehan@bakerlaw.com
Pamela G. Johnson                                Marc E. Hirschfield
Email: pjohnson@bakerlaw.com                     Email:  mhirschfield@bakerlaw.com
Robyn R. Goldstein                               Richard J. Bernard
Email: rgoldstein@bakerlaw.com                   Email: rbernard@bakerlaw.com
                                                 Geraldine E. Ponto
                                                 Email: gponto@bakerlaw.com
                                                 Marc Skapof
                                                 Email: mskapof@bakerlaw.com

                                                 *Attorneys for Irving H. Picard, Trustee for the*
                                                 *Substantively Consolidated SIPA Liquidation*
                                                 *of Bernard L. Madoff Investment Securities*
                                                 *LLC and Bernard L. Madoff*

| BLMIS Account Name | BLMIS Account Number |
|---|---|
| SAMUEL-DAVID ASSOCIATES LTD ATTN: ANN M OLESKY | 1EM143 |
| DAVID E OLESKY | 1EM316 |
| SAMUEL J OLESKY | 1EM317 |
| NTC & CO. FBO ANN MALCOM OLESKY( REDACTED | 1EM348 |

MADC0536_00000001

Exhibit B

**BLMIS ACCOUNT NO. 1EM143 - SAMUEL DAVID ASSOCIATES LTD ATTN: ANN M OLESKY**

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/4/1993 | TRANS FROM E & M 3 | 943,394 [1] | - | - | 510,000 | - | 510,000 | - | - | - |
| 1/6/1995 | TRANS FROM 1EM30330 | 204,371 | - | - | 204,371 | - | 714,371 | - | - | - |
| 1/27/1995 | TRANS FROM 1EM30330 | 6 [2] | - | - | - | - | 714,371 | - | - | - |
| 2/28/1995 | TRANS FROM 1EM30330 | 308 [2] | - | - | - | - | 714,371 | - | - | - |
| 4/7/1998 | CHECK | (125,000) | - | (125,000) | - | - | 589,371 | - | - | - |
| 12/18/1998 | CHECK | (310,000) | - | (310,000) | - | - | 279,371 | - | - | - |
| 4/6/1999 | CHECK | (75,000) | - | (75,000) | - | - | 204,371 | - | - | - |
| 3/13/2000 | CHECK | (250,000) | - | (250,000) | - | - | (45,629) | - | - | - |
| 11/17/2000 | CHECK | (250,000) | - | (250,000) | - | - | (295,629) | - | - | - |
| 11/27/2000 | CXL CHECK 11/17 | 250,000 | - | 250,000 | - | - | (45,629) | - | - | - |
| 4/9/2002 | CHECK | (150,000) | - | (150,000) | - | - | (195,629) | - | - | - |
| 8/27/2002 | CHECK | (85,000) | - | (85,000) | - | - | (280,629) | - | - | - |
| 12/13/2002 | CHECK | (85,000) | - | (85,000) | - | - | (365,629) | - | - | (85,000) |
| 1/24/2003 | CHECK | (50,000) | - | (50,000) | - | - | (415,629) | - | - | (50,000) |
| 3/11/2003 | CHECK | (185,000) | - | (185,000) | - | - | (600,629) | - | - | (185,000) |
| 6/3/2003 | CHECK | (70,000) | - | (70,000) | - | - | (670,629) | - | - | (70,000) |
| 7/24/2003 | CHECK | (80,000) | - | (80,000) | - | - | (750,629) | - | - | (80,000) |
| 10/29/2003 | CHECK | (75,000) | - | (75,000) | - | - | (825,629) | - | - | (75,000) |
| 11/28/2003 | CHECK | (100,000) | - | (100,000) | - | - | (925,629) | - | - | (100,000) |
| 4/30/2004 | CHECK | (50,000) | - | (50,000) | - | - | (975,629) | - | - | (50,000) |
| 7/13/2004 | CHECK | (200,000) | - | (200,000) | - | - | (1,175,629) | - | - | (200,000) |
| 12/7/2004 | CHECK | (40,000) | - | (40,000) | - | - | (1,215,629) | - | - | (40,000) |
| 3/28/2005 | CHECK | (90,000) | - | (90,000) | - | - | (1,305,629) | - | - | (90,000) |
| 6/6/2005 | CHECK | (150,000) | - | (150,000) | - | - | (1,455,629) | - | - | (150,000) |
| 12/15/2005 | CHECK | (125,000) | - | (125,000) | - | - | (1,580,629) | - | - | (125,000) |
| 5/22/2006 | MISC | 24 | 24 | - | - | - | (1,580,605) | - | - | - |
| 7/13/2006 | CHECK | (30,000) | - | (30,000) | - | - | (1,610,605) | - | - | (30,000) |
| 8/31/2006 | CHECK | (50,000) | - | (50,000) | - | - | (1,660,605) | - | - | (50,000) |
| 10/17/2006 | CHECK | (20,000) | - | (20,000) | - | - | (1,680,605) | - | - | (20,000) |
| 12/12/2006 | CHECK | (80,000) | - | (80,000) | - | - | (1,760,605) | - | (80,000) | (80,000) |
| 1/23/2007 | CHECK | (30,000) | - | (30,000) | - | - | (1,790,605) | - | (30,000) | (30,000) |
| 3/30/2007 | CHECK | (75,000) | - | (75,000) | - | - | (1,865,605) | - | (75,000) | (75,000) |
| 4/20/2007 | CHECK | (35,000) | - | (35,000) | - | - | (1,900,605) | - | (35,000) | (35,000) |
| 5/24/2007 | CHECK | (40,000) | - | (40,000) | - | - | (1,940,605) | - | (40,000) | (40,000) |
| 3/19/2008 | CHECK | (350,000) | - | (350,000) | - | - | (2,290,605) | - | (350,000) | (350,000) |
| 4/29/2008 | CHECK | (70,000) | - | (70,000) | - | - | (2,360,605) | - | (70,000) | (70,000) |
| 8/22/2008 | CHECK | (65,000) | - | (65,000) | - | - | (2,425,605) | - | (65,000) | (65,000) |
| | Total: | $ 24 | $ (3,140,000) | $ 714,371 | $ - | $ (2,425,605) | $ - | $ (745,000) | $ (2,145,000) | |

[1] Although BLMIS statements reflect that a larger transfer was made into the account on this date, a portion of the "transferred" funds consisted of fictitious profits which were never achieved and thus could not have been transferred. Accordingly, only the principal remaining in the originating account was transferred into this account on this date.

[2] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

MADC0536_00000002

BLMIS ACCOUNT PROFILE NO. 1EM316 DAVID E OLESKY

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 | Column 11 |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Transaction Description | Transaction Amount Reported in Customer Statement | Cash Deposits | Cash Withdrawals | Transfers of Principal In | Transfers of Principal Out | Balance of Principal | 90-Day Preferential Transfers | 2-Year Fraudulent Transfers | 6-Year Fraudulent Conveyances |
| 11/30/1994 | TRANS FROM 1EM14030 (1EM140) | 144,542 [1] | - | - | 100,000 | - | 100,000 | - | - | - |
| 12/30/1994 | TRANS FROM 1EM14030 (1EM140) | 651 [2] | - | - | - | - | 100,000 | - | - | - |
| 2/13/2001 | CHECK | 20,000 | 20,000 | - | - | - | 120,000 | - | - | - |
| 12/31/2002 | CHECK | 9,025 | 9,025 | - | - | - | 129,025 | - | - | - |
| 12/31/2002 | CHECK | 10,000 | 10,000 | - | - | - | 139,025 | - | - | - |
| 12/22/2003 | CHECK | 11,000 | 11,000 | - | - | - | 150,025 | - | - | - |
| 7/14/2004 | CHECK | (300,000) | - | (300,000) | - | - | (149,975) | - | - | - |
| 9/24/2004 | CHECK | 360,000 | 360,000 | - | - | - | 210,025 | - | - | - |
| 12/17/2004 | CHECK | 11,000 | 11,000 | - | - | - | 221,025 | - | - | - |
| 12/5/2005 | CHECK | (175,000) | - | (175,000) | - | - | 46,025 | - | - | - |
| 12/23/2005 | CHECK | 11,000 | 11,000 | - | - | - | 57,025 | - | - | - |
| 12/19/2006 | CHECK | 12,000 | 12,000 | - | - | - | 69,025 | - | - | - |
| 3/29/2007 | CHECK | (30,000) | - | (30,000) | - | - | 39,025 | - | - | - |
| 12/6/2007 | CHECK | (175,000) | - | (175,000) | - | - | (135,975) | - | (123,975) | (123,975) |
| 12/21/2007 | CHECK | 12,000 | 12,000 | - | - | - | (123,975) | - | - | - |
| | Total: | $ 456,025 | $ (680,000) | $ 100,000 | $ - | $ (123,975) | $ - | $ (123,975) | $ (123,975) |

[1] Although BLMIS statements reflect that a larger transfer was made into the account on this date, a portion of the "transferred" funds consisted of fictitious profits which were never achieved and thus could not have been transferred. Accordingly, only the principal remaining in the originating account was transferred into this account on this date.

[2] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

MADC0536_00000003

BLMIS ACCOUNT NO. 1EM317 - SAMUEL J OLESKY

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/30/1994 | TRANS FROM 1EM14030 *(1EM140)* | 144,542 [1] | - | - | 100,000 | - | 100,000 | - | - | - |
| 12/30/1994 | TRANS FROM 1EM14030 *(1EM140)* | 651 [2] | - | - | - | - | 100,000 | - | - | - |
| 3/3/2000 | CHECK | 20,000 | 20,000 | - | - | - | 120,000 | - | - | - |
| 2/13/2001 | CHECK | 20,000 | 20,000 | - | - | - | 140,000 | - | - | - |
| 11/7/2002 | CHECK | (70,000) | - | (70,000) | - | - | 70,000 | - | - | - |
| 12/31/2002 | CHECK | 10,000 | 10,000 | - | - | - | 80,000 | - | - | - |
| 12/31/2002 | CHECK | 9,025 | 9,025 | - | - | - | 89,025 | - | - | - |
| 4/4/2003 | CHECK | (30,000) | - | (30,000) | - | - | 59,025 | - | - | - |
| 8/21/2003 | CHECK | (20,000) | - | (20,000) | - | - | 39,025 | - | - | - |
| 3/4/2004 | CHECK | (25,000) | - | (25,000) | - | - | 14,025 | - | - | - |
| 3/11/2004 | CHECK | (632) | - | (632) | - | - | 13,393 | - | - | - |
| 3/12/2004 | STOP PAYMENT | 632 | - | 632 | - | - | 14,025 | - | - | - |
| 4/8/2004 | CHECK | (20,000) | - | (20,000) | - | - | (5,975) | - | - | - |
| 6/28/2004 | CHECK | (20,000) | - | (20,000) | - | - | (25,975) | - | - | - |
| 9/17/2004 | CHECK | (17,500) | - | (17,500) | - | - | (43,475) | - | - | - |
| 11/16/2004 | CHECK | (20,000) | - | (20,000) | - | - | (63,475) | - | - | - |
| 12/17/2004 | CHECK | 11,000 | 11,000 | - | - | - | (52,475) | - | - | - |
| 3/28/2005 | CHECK | (20,000) | - | (20,000) | - | - | (72,475) | - | - | - |
| 5/5/2005 | CHECK | (10,000) | - | (10,000) | - | - | (82,475) | - | - | - |
| 12/23/2005 | CHECK | 11,000 | 11,000 | - | - | - | (71,475) | - | - | - |
| 6/1/2006 | CHECK | (20,000) | - | (20,000) | - | - | (91,475) | - | - | - |
| 8/21/2006 | CHECK | (20,000) | - | (20,000) | - | - | (111,475) | - | - | - |
| 9/29/2006 | CHECK | (20,000) | - | (20,000) | - | - | (131,475) | - | - | (7,475) |
| 11/16/2006 | CHECK | (25,000) | - | (25,000) | - | - | (156,475) | - | - | (25,000) |
| 12/15/2006 | CHECK | (20,000) | - | (20,000) | - | - | (176,475) | - | (20,000) | (20,000) |
| 12/19/2006 | CHECK | 12,000 | 12,000 | - | - | - | (164,475) | - | - | - |
| 4/9/2007 | CHECK | (25,000) | - | (25,000) | - | - | (189,475) | - | (25,000) | (25,000) |
| 5/16/2007 | CHECK | (20,000) | - | (20,000) | - | - | (209,475) | - | (20,000) | (20,000) |
| 9/10/2007 | CHECK | (30,000) | - | (30,000) | - | - | (239,475) | - | (30,000) | (30,000) |
| 12/17/2007 | CHECK | (15,000) | - | (15,000) | - | - | (254,475) | - | (15,000) | (15,000) |
| 12/21/2007 | CHECK | 12,000 | 12,000 | - | - | - | (242,475) | - | - | - |
| 2/22/2008 | CHECK | (30,000) | - | (30,000) | - | - | (272,475) | - | (30,000) | (30,000) |
| 6/9/2008 | CHECK | 100,000 | 100,000 | - | - | - | (172,475) | - | - | - |
| | | Total: | $ 205,025 | $ (477,500) | $ 100,000 | $ - | $ (172,475) | $ - | $ (140,000) | $ (172,475) |

[1] Although BLMIS statements reflect that a larger transfer was made into the account on this date, a portion of the "transferred" funds consisted of fictitious profits which were never achieved and thus could not have been transferred. Accordingly, only the principal remaining in the originating account was transferred into this account on this date.

[2] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

MADC0536_00000004

BLMIS ACCOUNT NO. 1EM348 - NTC & CO. FBO ANN MALCOM OLESKY    REDACTED

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/19/1996 | TRANS FROM 1EM17930 (1EM179) | 98,807 [1] | - | - | 49,874 | - | 49,874 | - | - | - |
| 2/1/1996 | TRANS FROM 1EM17930 (1EM179) | 58 [2] | - | - | - | - | 49,874 | - | - | - |
| 3/22/1996 | TRANS FROM 1EM17930 (1EM179) | 0 [2] | - | - | - | - | 49,874 | - | - | - |
| 1/29/1998 | CHECK | 26,265 | 26,265 | - | - | - | 76,139 | - | - | - |
| 9/21/1998 | CHECK | 259 | 259 | - | - | - | 76,398 | - | - | - |
| 12/12/2001 | CHECK | (10,000) | - | (10,000) | - | - | 66,398 | - | - | - |
| 12/11/2002 | CHECK | (20,000) | - | (20,000) | - | - | 46,398 | - | - | - |
| 3/12/2003 | TRANS FROM 1EM34730 (1EM347) | 304,825 [1] | - | - | 601 | - | 46,998 | - | - | - |
| 3/17/2003 | TRANS FROM 1EM34730 (1EM347) | 1 [2] | - | - | - | - | 46,998 | - | - | - |
| 6/10/2003 | TRANS FROM 1EM34730 (1EM347) | 333 [2] | - | - | - | - | 46,998 | - | - | - |
| 12/2/2003 | CHECK | (24,000) | - | (24,000) | - | - | 22,998 | - | - | - |
| 12/8/2004 | CHECK | (40,000) | - | (40,000) | - | - | (17,002) | - | - | (17,002) |
| 12/13/2005 | CHECK | (30,000) | - | (30,000) | - | - | (47,002) | - | - | (30,000) |
| 11/29/2006 | CHECK | (30,000) | - | (30,000) | - | - | (77,002) | - | - | (30,000) |
| 12/12/2007 | CHECK | (34,000) | - | (34,000) | - | - | (111,002) | - | (34,000) | (34,000) |
| 7/10/2008 | CHECK | (30) | - | (30) | - | - | (111,031) | - | (30) | (30) |
| 12/1/2008 | CHECK | (37,323) | - | (37,323) | - | - | (148,354) | - | (37,323) | (37,323) |
| | Total: | | $ 26,524 | $ (225,353) | $ 50,474 | $ - | $ (148,354) | $ - | $ (71,353) | $ (148,354) |

[1] Although BLMIS statements reflect that a larger transfer was made into the account on this date, a portion of the "transferred" funds consisted of fictitious profits which were never achieved and thus could not have been transferred. Accordingly, only the principal remaining in the originating account was transferred into this account on this date.

[2] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

MADC0536_00000005

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

May 11, 2010

SAMUEL-DAVID ASSOCIATES LTD.
ATTN: ANN OLESKY
        REDACTED
DALLAS, TX 75225

Dear SAMUEL-DAVID ASSOCIATES LTD.:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1EM143 designated as Claim Number 1658:

Your claim for a credit balance of $.19 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $3,140,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

securities (total of $714,394.76). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($2,425,605.24) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

2

MADC0536_00000007

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 11, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

MADC0536_00000008

| - Table 1 - | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 1/4/1993 | TRANS FROM E & M 3 | $943,393.77 | $510,000.00 |
| 1/6/1995 | Trans From 1EM30330 | $204,370.97 | $204,370.97 |
| 1/27/1995 | Trans From 1EM30330 | $6.07 | $0.00 |
| 2/28/1995 | TRANS FROM 1EM30330 | $308.00 | $0.00 |
| 5/22/2006 | MISC | $23.79 | $23.79 |
| **Total Deposits:** | | $1,148,102.60 | $714,394.76 |
| | | | |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 4/7/1998 | CHECK | ($125,000.00) | ($125,000.00) |
| 12/18/1998 | CHECK | ($310,000.00) | ($310,000.00) |
| 4/6/1999 | CHECK | ($75,000.00) | ($75,000.00) |
| 3/13/2000 | CHECK | ($250,000.00) | ($250,000.00) |
| 11/17/2000 | CHECK | ($250,000.00) | ($250,000.00) |
| 11/27/2000 | CXL CHECK 11/17 | $250,000.00 | $250,000.00 |
| 4/9/2002 | CHECK | ($150,000.00) | ($150,000.00) |
| 8/27/2002 | CHECK | ($85,000.00) | ($85,000.00) |
| 12/13/2002 | CHECK | ($85,000.00) | ($85,000.00) |
| 1/24/2003 | CHECK | ($50,000.00) | ($50,000.00) |
| 3/11/2003 | CHECK | ($185,000.00) | ($185,000.00) |
| 6/3/2003 | CHECK | ($70,000.00) | ($70,000.00) |
| 7/24/2003 | CHECK | ($80,000.00) | ($80,000.00) |
| 10/29/2003 | CHECK | ($75,000.00) | ($75,000.00) |
| 11/28/2003 | CHECK | ($100,000.00) | ($100,000.00) |
| 4/30/2004 | CHECK | ($50,000.00) | ($50,000.00) |
| 7/13/2004 | CHECK | ($200,000.00) | ($200,000.00) |
| 12/7/2004 | CHECK | ($40,000.00) | ($40,000.00) |
| 3/28/2005 | CHECK | ($90,000.00) | ($90,000.00) |
| 6/6/2005 | CHECK | ($150,000.00) | ($150,000.00) |
| 12/15/2005 | CHECK | ($125,000.00) | ($125,000.00) |
| 7/13/2006 | CHECK | ($30,000.00) | ($30,000.00) |
| 8/31/2006 | CHECK | ($50,000.00) | ($50,000.00) |
| 10/17/2006 | CHECK | ($20,000.00) | ($20,000.00) |
| 12/12/2006 | CHECK | ($80,000.00) | ($80,000.00) |
| 1/23/2007 | CHECK | ($30,000.00) | ($30,000.00) |
| 3/30/2007 | CHECK | ($75,000.00) | ($75,000.00) |
| 4/20/2007 | CHECK | ($35,000.00) | ($35,000.00) |
| 5/24/2007 | CHECK | ($40,000.00) | ($40,000.00) |
| 3/19/2008 | CHECK | ($350,000.00) | ($350,000.00) |
| 4/29/2008 | CHECK | ($70,000.00) | ($70,000.00) |

4

MADC0536_00000009

| 8/22/2008 | CHECK | ($65,000.00) | ($65,000.00) |
|---|---|---|---|
| **Total Withdrawals:** | | ($3,140,000.00) | ($3,140,000.00) |
| | | | |
| **Total deposits less withdrawals:** | | ($1,991,897.40) | ($2,425,605.24) |

5

MADC0536_00000010

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 10, 2010

David E. Olesky
**REDACTED**
Dallas, TX  75209

Dear David E. Olesky:

### PLEASE READ THIS NOTICE CAREFULLY.

     The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

     The Trustee has made the following determination regarding your claim on BLMIS Account No. 1EM316 designated as Claim Number 001655:

     Your claim for a credit balance of $12,000.36 and for securities is **DENIED**.  No securities were ever purchased for your account.

     Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $680,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $556,024.87).  As noted, no securities were ever purchased by BLMIS for your account.  Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B).  Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($123,975.13) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 10, 2010, the date on which the Trustee mailed this notice.

2

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| - Table 1 - | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 11/30/1994 | TRANS FROM 1EM14030 | $144,542.40 | $100,000.00 |
| 12/30/1994 | Trans From 1EM14030 | $650.88 | $0.00 |
| 2/13/2001 | CHECK | $20,000.00 | $20,000.00 |
| 12/31/2002 | CHECK | $10,000.00 | $10,000.00 |
| 12/31/2002 | CHECK | $9,024.87 | $9,024.87 |
| 12/22/2003 | CHECK | $11,000.00 | $11,000.00 |
| 9/24/2004 | CHECK | $360,000.00 | $360,000.00 |
| 12/17/2004 | CHECK | $11,000.00 | $11,000.00 |
| 12/23/2005 | CHECK | $11,000.00 | $11,000.00 |
| 12/19/2006 | CHECK | $12,000.00 | $12,000.00 |
| 12/21/2007 | CHECK | $12,000.00 | $12,000.00 |
| **Total Deposits:** | | $601,218.15 | $556,024.87 |
| | | | |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 7/14/2004 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/5/2005 | CHECK | ($175,000.00) | ($175,000.00) |
| 3/29/2007 | CHECK | ($30,000.00) | ($30,000.00) |
| 12/6/2007 | CHECK | ($175,000.00) | ($175,000.00) |
| **Total Withdrawals:** | | ($680,000.00) | ($680,000.00) |
| | | | |
| **Total deposits less withdrawals:** | | ($78,781.85) | ($123,975.13) |

300090402.1

4

MADC0536_00000014

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 4, 2010

Samuel J Olesky
**REDACTED**
Mill Valley, CA  94941

Dear Samuel J Olesky:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1EM317 designated as Claim Number 1657:

Your claim for a credit balance of $12,000.70 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $477,500.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

securities (total of $305,024.88). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($172,475.12) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

2

MADC0536_00000016

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 4, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

MADC0536_00000017

| | | - Table 1 - | | |
|---|---|---|---|---|
| | | **DEPOSITS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** | |
| 11/30/1994 | TRANS FROM 1EM14030 | $144,542.39 | $100,000.00 | |
| 12/30/1994 | Trans From 1EM14030 | $650.89 | $0.00 | |
| 3/3/2000 | CHECK | $20,000.00 | $20,000.00 | |
| 2/13/2001 | CHECK | $20,000.00 | $20,000.00 | |
| 12/31/2002 | CHECK | $10,000.00 | $10,000.00 | |
| 12/31/2002 | CHECK | $9,024.88 | $9,024.88 | |
| 12/17/2004 | CHECK | $11,000.00 | $11,000.00 | |
| 12/23/2005 | CHECK | $11,000.00 | $11,000.00 | |
| 12/19/2006 | CHECK | $12,000.00 | $12,000.00 | |
| 12/21/2007 | CHECK | $12,000.00 | $12,000.00 | |
| 6/9/2008 | CHECK | $100,000.00 | $100,000.00 | |
| **Total Deposits:** | | $350,218.16 | $305,024.88 | |
| | | | | |
| | | **WITHDRAWALS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** | |
| 11/7/2002 | CHECK | ($70,000.00) | ($70,000.00) | |
| 4/4/2003 | CHECK | ($30,000.00) | ($30,000.00) | |
| 8/21/2003 | CHECK | ($20,000.00) | ($20,000.00) | |
| 3/4/2004 | CHECK | ($25,000.00) | ($25,000.00) | |
| 3/11/2004 | CHECK | ($631.83) | ($631.83) | |
| 3/12/2004 | STOP PAYMENT | $631.83 | $631.83 | |
| 4/8/2004 | CHECK | ($20,000.00) | ($20,000.00) | |
| 6/28/2004 | CHECK | ($20,000.00) | ($20,000.00) | |
| 9/17/2004 | CHECK | ($17,500.00) | ($17,500.00) | |
| 11/16/2004 | CHECK | ($20,000.00) | ($20,000.00) | |
| 3/28/2005 | CHECK | ($20,000.00) | ($20,000.00) | |
| 5/5/2005 | CHECK | ($10,000.00) | ($10,000.00) | |
| 6/1/2006 | CHECK | ($20,000.00) | ($20,000.00) | |
| 8/21/2006 | CHECK | ($20,000.00) | ($20,000.00) | |
| 9/29/2006 | CHECK | ($20,000.00) | ($20,000.00) | |
| 11/16/2006 | CHECK | ($25,000.00) | ($25,000.00) | |
| 12/15/2006 | CHECK | ($20,000.00) | ($20,000.00) | |
| 4/9/2007 | CHECK | ($25,000.00) | ($25,000.00) | |
| 5/16/2007 | CHECK | ($20,000.00) | ($20,000.00) | |
| 9/10/2007 | CHECK | ($30,000.00) | ($30,000.00) | |
| 12/17/2007 | CHECK | ($15,000.00) | ($15,000.00) | |
| 2/22/2008 | CHECK | ($30,000.00) | ($30,000.00) | |

MADC0536_00000018

| | | | |
|---|---|---|---|
| **Total Withdrawals:** | | ($477,500.00) | ($477,500.00) |
| | | | |
| **Total deposits less withdrawals:** | | ($127,281.84) | ($172,475.12) |

5

MADC0536_00000019

Exhibit C

10-04453-smb bgm Doc 2 Doc 6428-1 Filed 11/30/10 04/24/14 Entered 11/30/10 16:24/14 15:50:29 Main Document
Trustees Complaint 45 Pg 43 Pg 22 of 25

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 4, 2010

Ann Malcolm Olesky (IRA)
The Forum at Park Lane
**REDACTED**
Dallas, TX  75225

Dear Ann Malcolm Olesky (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1EM348 designated as Claim Number 1656:

Your claim for securities is **DENIED**.  No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $225,352.73), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B).  Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

securities (total of $76,998.24). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($148,354.49) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

MADC0536_00000021

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 4, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York  10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111

_Irving H. Picard_

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Millennium Trust Company, LLC
     FBO Ann Malcolm Olesky    REDACTED
              REDACTED
     Oak Brook, IL  60523

3

MADC0536_00000022

| - Table 1 - | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 1/19/1996 | TRANS FROM 1EM17930 | $98,806.92 | $49,873.57 |
| 2/1/1996 | TRANS FROM 1EM17930 | $57.99 | $0.00 |
| 3/22/1996 | TRANS FROM 1EM17930 | $0.08 | $0.00 |
| 1/29/1998 | CHECK | $26,265.00 | $26,265.00 |
| 9/21/1998 | CHECK | $259.14 | $259.14 |
| 3/12/2003 | TRANS FROM 1EM34730 | $304,825.25 | $600.53 |
| 3/17/2003 | TRANS FROM 1EM34730 | $1.12 | $0.00 |
| 6/10/2003 | TRANS FROM 1EM34730 | $333.27 | $0.00 |
| **Total Deposits:** | | $430,548.77 | $76,998.24 |
| | | | |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 12/12/2001 | CHECK | ($10,000.00) | ($10,000.00) |
| 12/11/2002 | CHECK | ($20,000.00) | ($20,000.00) |
| 12/2/2003 | CHECK | ($24,000.00) | ($24,000.00) |
| 12/8/2004 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/13/2005 | CHECK | ($30,000.00) | ($30,000.00) |
| 11/29/2006 | CHECK | ($30,000.00) | ($30,000.00) |
| 12/12/2007 | CHECK | ($34,000.00) | ($34,000.00) |
| 7/10/2008 | CHECK | ($29.50) | ($29.50) |
| 12/1/2008 | CHECK | ($37,323.23) | ($37,323.23) |
| **Total Withdrawals:** | | ($225,352.73) | ($225,352.73) |
| | | | |
| **Total deposits less withdrawals:** | | $205,196.04 | ($148,354.49) |

MADC0536_00000023