# EXHIBIT E

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **14-11250**

SUZANNE STONE MARSHALL, ADELE FOX, MARSHA PESHKIN, and
RUSSELL OASIS, individually and on behalf of a class of similarly situated,

Appellants,

- versus -

CAPITAL GROWTH COMPANY; DECISIONS, INC.;  FAVORITE FUNDS; JA PRIMARY
LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP;
JEMW PARTNERSHIP; JF PARTNERSHIP; JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL
COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER
INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as Executor of the Estate of Jeffry M. Picower, and as
Trustee for the Picower Foundation and for the Trust f/b/o Gabriel H. Picower.

Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

APPELLEES' OPPOSITION TO MOTION FOR EXPEDITED APPEAL AND CROSS-
MOTION TO DISMISS APPEAL

| | |
|---|---|
| HOLLAND & KNIGHT LLP | SCHULTE ROTH & ZABEL LLP |
| Sanford L. Bohrer | William D. Zabel |
| Brian Toth | Marcy Ressler Harris |
| | Michael Kwon |
| | Jennifer M. Opheim |
| 701 Brickell Avenue, Suite 3300 | 919 Third Avenue |
| Miami, Florida 33131 | New York, New York 10022 |
| Telephone: (305) 789-7678 | Telephone:  (212) 756-2000 |
| Facsimile: (305) 789-7799 | Facsimile:  (212) 593-5955 |
| sandy.bohrer@hklaw.com | marcy.harris@srz.com |
| Counsel for Appellees | Of Counsel for Appellees |

No. 14-11250

*Marshall et al v. Capital Growth Co. et al*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT OF APPELLEES

### Certificate of Interested Persons

Undersigned counsel for Appellees Capital Growth Company; Decisions,
Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited
Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM
Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M.
Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation;
The Picower Institute of Medical Research; The Trust F/B/O Gabrielle H.
Picower; Barbara Picower, individually and as Executor of the Estate of Jeffry M.
Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o
Gabriel H. Picower, pursuant to Federal Rule of Appellate Procedure 26.1 and
Eleventh Circuit Rules 26.1-1 through 26.1-3, hereby certifies that

the following is a complete list of persons and entities having an interest in

the outcome of this appeal:

A & G Goldman Partnership

Baker & Hostetler LLP, counsel for Irving H. Picard, as Trustee of Bernard L.
Madoff Investment Securities, LLC

Beasley, Hauser, Kramer and Galardi, P.A., counsel for A & G Goldman
Partnership and Pamela Goldman

Becker & Poliakoff, LLP, counsel for Appellants

*Marshall et al v. Capital Growth Co. et al*

Becker & Poliakoff, P.A., counsel for Appellants

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge for the Southern
District of New York

Blackner Stone and Associates, counsel for A & G Goldman Partnership and
Pamela Goldman

Bohrer, Sanford

Capital Growth Company

Chaitman, Helen Davis

Decisions, Inc.

Estate of Bernard L. Madoff Investment Securities, LLC

Favorite Funds

Fox, Adele

Galardi, Joseph

Goldman, Pamela

Gotthoffer, Lance

Harris, Marcy Ressler

Holland & Knight LLP, counsel for Appellees

Hon. James M. Hopkins, United States Magistrate Judge

JA Primary Limited Partnership

JA Special Limited Partnership

JAB Partnership

No. 14-11250

*Marshall et al v. Capital Growth Co. et al*

JEMW Partnership

JF Partnership

JFM Investment Companies

JLN Partnership

JMP Limited Partnership

Jeffry M. Picower Special Company

Jeffry M. Picower, P.C.

Kwon, Michael

LaSalle, Frank

Hon. Kenneth A. Marra, United States District Judge

Marshall, Suzanne Stone

Hon. William Matthewman, United States Magistrate Judge

Oasis, Russell

Opheim, Jennifer M.

Irving H. Picard, Trustee of Bernard L. Madoff Investment Securities, LLC

Picower, Barbara

The Picower Foundation

The Picower Institute of Medical Research

Peshkin, Marsha

Sheehan, David

No. 14-11250

*Marshall et al v. Capital Growth Co. et al*

Stone, Richard

Toth, Brian

The Trust F/B/O Gabrielle H. Picower

Hon. Kenneth L. Ryskamp, United States District Judge

Schulte Roth & Zabel LLP, counsel for Appellees

United States Bankruptcy Court for the Southern District of New York

Zabel, William D.

/s/ Sanford L. Bohrer
Sanford L. Bohrer

No. 14-11250

*Marshall et al v. Capital Growth Co. et al*

## <u>Corporate Disclosure Statement</u>

Undersigned counsel for Appellees Capital Growth Company; Decisions,

Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited

Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM

Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M.

Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation;

The Picower Institute of Medical Research; The Trust F/B/O Gabrielle H.

Picower; Barbara Picower, individually and as Executor of the Estate of Jeffry M.

Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o

Gabriel H. Picower (collectively, "Appellees"), pursuant to Federal Rule of

Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3,

hereby certifies that no corporation directly or indirectly owns 10% or more of

any class of equity interest in any of the Appellees.


/s/ Sanford L. Bohrer
Sanford L. Bohrer

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................3

ARGUMENT ........................................................................................................8

I.    Appellants Have Improperly Brought This Appeal ......................................8

    A.    The Florida District Court's Order Is Not Appeallable Under 28

        U.S.C. § 1292(a)(1) .............................................................................8

    B.    A Writ of Mandamus Is Not Appropriate ..........................................12

II.   Appellants Have Not Articulated Good Cause for Expediting Briefing.......16

CONCLUSION ...................................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*Admin. Mgmt. Servs., Ltd. v. Royal Am. Managers, Inc.*,
   854 F.2d 1272 (11th Cir. 1988) ...................................................................10, 11

*Carpenter v. Mohawk Indus., Inc.*,
   541 F.3d 1048 (11th Cir. 2008) ...................................................................12, 16

*Fla. Wildlife Fed'n, Inc. v. Adm'r, U.S. Envtl. Prot. Agency*,
   737 F.3d 689 (11th Cir. 2013) ...........................................................................8

*Fox v. Picard*,
   848 F. Supp. 2d 469 (S.D.N.Y. 2012) ..............................................................5

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
   485 U.S. 271 (1988).......................................................................................9, 10

*Kershaw v. Shalala*,
   9 F.3d 11 (5th Cir. 1993) ...............................................................................9, 10

*Marshall v. Picard*,
   740 F.3d 81 (2d Cir. 2014) .............................................................................5, 13

*NAACP v. Thompson*,
   321 F.2d 199 (5th Cir. 1963) ..............................................................................9

*Picard v. Fox*,
   429 B.R. 423 (S.D.N.Y. Bankr. 2010)............................................................3, 4

*Sierra Rutile Ltd. v. Katz*,
   937 F.2d 743 (2d Cir. 1991) ..............................................................................12

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
   No. 08-01789 (SMB) (S.D.N.Y. Bankr. Mar. 11, 2014)....................................6

*Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*,
   385 U.S. 23 (1966)...........................................................................................8, 9

*Transamerica Leasing, Inc. v. Inst. of London Underwriters*,
   430 F.3d 1326 (11th Cir. 2005) .........................................................................15

*United States v. Hogan*,
   986 F.2d 1364 (11th Cir. 1993) ........................................................................14

*United States v. N.Y. Tel. Co.*,
   434 U.S. 159 (1997).............................................................................................14

*United States v. Philip Morris USA Inc.*,
   686 F.3d 839 (D.C. Cir. 2012) ...........................................................................9

## **Statutes and Rules**

11 U.S.C. § 105(a) ...................................................................................................4

11 U.S.C. § 362(a) ...................................................................................................4

28 U.S.C. § 1292(a)(1)....................................................................................*passim*

28 U.S.C. § 1651 ..............................................................................................8, 12

Fed. R. App. P. 21 ...........................................................................................8, 12

Fed. R. App. P. 31 .................................................................................................17

Fed. R. App. P. 41(b) .......................................................................................5, 15

11th Cir. R. 12-1 .............................................................................................17, 18

11th Cir. R. 21-1 .............................................................................................15, 16

11th Cir. R. 27-1 ...................................................................................................16

11th Cir. R. 27 IOP 3 ...........................................................................................16

11th Cir. R. 31-1(d)..............................................................................................16

## PRELIMINARY STATEMENT

Appellees Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust F/B/O Gabrielle H. Picower; Barbara Picower, individually and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabriel H. Picower, Defendants below, respectfully request that the Court deny Appellants' motion for an expedited briefing schedule on their appeal and, instead, dismiss this appeal for lack of jurisdiction.

Appellants seek to invoke this Court's jurisdiction under 28 U.S.C. § 1292(a)(1), a narrow exception to the general rule that interlocutory orders are not appealable.  Under that exception, appeals from orders denying injunctive relief are immediately appealable.  Despite Appellants' characterizations of the Order from which they take this appeal, however, the Order was simply an interlocutory order denying a motion to lift a stay to schedule an emergency hearing, from which no appeal can be taken.  The most that can be said about the Order is that it had the "practical effect" of denying Appellants' motion for a preliminary injunction, but Appellants cannot make the required showing that the Southern District of Florida's Order has "serious, perhaps irreparable,

consequences," which is the only way they could appeal the Order. Accordingly, this appeal should be dismissed for lack of jurisdiction.

In the alternative, Appellants ask this Court to consider their appeal as a petition for a writ of mandamus. That request, too, should be denied. A writ of mandamus is an "extraordinary" form of relief, and the party seeking such relief must demonstrate that its right to issuance of a writ is clear and indisputable. In that regard, Appellants' arguments in support of issuance of the writ are wholly unpersuasive and depend upon a fatally flawed reading of an order issued by the United States Court of Appeals for the Second Circuit. Moreover, Appellants have not made the required showing that there is no other adequate remedy available.

Put simply, this Court should not entertain Appellants' appeal or, at a minimum, should decide the threshold question of its jurisdiction to do so before entertaining Appellants' motion for an expedited appeal and/or requiring Appellees to submit an appellate brief in less than half the time they would otherwise be allotted under the rules. But, even assuming the Court determines that it has jurisdiction, an expedited appeal is not warranted here. Appellants have not and cannot demonstrate "good cause" for expediting this appeal. There is no urgency here, as demonstrated by the fact that Appellants not only waited almost three weeks to seek an expedited briefing schedule, but also propose a schedule that would give them essentially their full time to submit their opening memorandum on appeal.

2

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action arises from the multi-billion dollar Ponzi scheme perpetrated by Bernard L. Madoff through his investment company, Bernard L. Madoff Investment Securities LLC ("BLMIS"). On December 15, 2008, the United States District Court for the Southern District of New York ("SDNY District Court") appointed Irving H. Picard as the court-appointed trustee (the "Trustee") for the liquidation of BLMIS (the "BLMIS Liquidation") and removed the BLMIS Liquidation to the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). *See Picard v. Fox*, 429 B.R. 423, 426 (S.D.N.Y. Bankr. 2010). As part of the BLMIS Liquidation, on May 12, 2009, the Trustee filed a complaint against Appellees asserting claims for fraudulent transfers, preferences, turnover, and state law fraudulent conveyances (the "Trustee's Claims"). *See id.* at 429.

Appellants Fox and Marshall were BLMIS customers. Apparently not satisfied with the rulings in the New York Bankruptcy Court action, in February 2010, at a time when the Trustee for the liquidation of BLMIS was negotiating a multi-billion dollar settlement with the Appellees for distribution to Madoff victims, Appellants filed actions in the United States District Court for the Southern District of Florida (the "Florida District Court"). (S.D. Fla. Nos. 10-80252 and 10-80254.) In those actions, Appellants asserted claims for conversion, unjust enrichment, conspiracy, and violations of Florida's RICO Act, all arising

from the Appellees' alleged withdrawals from their BLMIS accounts.  (DE 1; S.D. Fla. No. 10-80254, DE 1.)[1]

On March 31, 2010, the Trustee filed a complaint in the New York Bankruptcy Court against Fox and Marshall seeking, among other things, a declaration that the Fox/Marshall Class Actions violated the automatic stay under Section 362(a) of the Bankruptcy Code and a preliminary injunction pursuant to Section 105(a) of the Bankruptcy Code enjoining any further prosecution of the Fox/Marshall Class Actions.  *See Picard*, 429 B.R. at 430.

The very next day, Fox and Marshall filed *ex parte* emergency motions in the Florida District Court for temporary restraining orders to enjoin the Trustee's action in the New York Bankruptcy Court.  The Florida District Court properly denied those motions that same day.  (DE 16 & 19; S.D. Fla. No. 10-80254, DE 14 & 15.)

On May 3, 2010, after a hearing, the New York Bankruptcy Court granted the Trustee's motion for a preliminary injunction and deemed the Fox/Marshall Class Actions void *ab initio*, finding that the Fox/Marshall Class Actions violated the automatic stay because they impermissibly asserted claims that were derivative of the Trustee's Claims.  *See Picard*, 429 B.R. at 432, 437.

On December 17, 2010, Appellees entered into two separate but related agreements:  (a) with the U.S. Department of Justice pursuant to which the Appellees agreed to forfeit $7.2 billion, representing 100% of their net withdrawals

---

[1] Unless otherwise noted, citations to "DE" refer to the docket entries in S.D. Fla. Case No. 10-80252.

from BLMIS, and (b) with the Trustee (the "Settlement Agreement"), pursuant to which they agreed that $5 billion of the forfeited funds would be transferred to the Trustee for distribution to Madoff's victims. Over the objections of Fox and Marshall, on January 13, 2011, the New York Bankruptcy Court approved the Settlement Agreement and issued the Permanent Injunction enjoining claims against the Appellees that were "duplicative or derivative" of the Trustee's Claims. (Dkt. No. 43, § 7.) Thereafter, the Florida District Court administratively closed the Fox/Marshall Class Actions. (DE 26; S.D. Fla. No. 10-80254, DE 21.)

The SDNY District Court affirmed the New York Bankruptcy Court's order, agreeing that Fox's and Marshall's claims were barred by the Permanent Injunction and automatic stay because they were duplicative and derivative of the Trustee's Claims. *Fox v. Picard*, 848 F. Supp. 2d 469, 473, 481, 485 (S.D.N.Y. 2012).

The Second Circuit affirmed the decision of the SDNY District Court enjoining the Fox/Marshall Class Actions, also finding that Appellants' complaints "impermissibly attempt to 'plead around' the [New York] Bankruptcy Court's injunction barring all claims 'derivative' of those asserted by the Trustee." *Marshall v. Picard*, 740 F.3d 81, 84, 96 (2d Cir. 2014). On February 5, 2014, the Second Circuit issued a Mandate affirming the judgment of the SDNY District Court, as required by Federal Rule of Appellate Procedure 41(b). (Ex. 1.) That same day, Appellants filed a Motion to Reopen in the Florida District Court, seeking leave to file the proposed Second Amended Complaint. (DE 28.)

On February 18, 2014, Appellees filed an emergency motion in the Florida District Court seeking, among other things, to stay this action pending a ruling by

the New York Bankruptcy Court on a motion by the Trustee (the "Motion to
Stay"). (DE 29-30.) On February 24, 2014, the Florida District Court stayed this
action pending the resolution of the Motion to Stay. (DE 37.)

Also on February 24, 2014, based on a misreading of the final paragraph of
the Second Circuit's decision (which affirmed the SDNY District Court's decision
affirming the New York Bankruptcy Court), Appellants filed an Opposition to the
Motion to Stay and a Cross-Motion seeking, among other things, a preliminary
injunction enjoining the Appellees "and any persons in active concert or
participation with them" (purportedly, the Trustee) from litigating the new
Fox/Marshall claims outside of the Florida District Court.[2] (DE 38.) Appellees
opposed that motion. (DE 43.)

On March 11, 2014, the Trustee filed an action and motion in the New York
Bankruptcy Court, seeking, *inter alia*, (i) a determination that this action violates
the Permanent Injunction and automatic stay; and (ii) a preliminary injunction
enjoining Appellants from proceeding with their action against Appellees.
(Complaint, *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), DE 1
(S.D.N.Y. Bankr. Mar. 11, 2014); Mem. of Law in Supp. of Trustee's Appl. for
Enforcement of Permanent Inj. and Automatic Stay, *SIPC v. Bernard L. Madoff
Inv. Sec. LLC*, No. 08-01789 (SMB), DE 3 (S.D.N.Y. Bankr. Mar. 11, 2014).)
Appellants are required to respond to the Trustee's motion for preliminary

---

[2] While seeking to have the Florida Court enjoin the Trustee, Appellants did not
name the Trustee as a defendant, nor did they properly serve him with their Cross-
Motion seeking to enjoin him.

6

injunction (the "Motion") by April 18, 2014, and the hearing is scheduled for May 7, 2014.

On March 12, 2014, Appellants filed a Motion for Limited Relief from Stay and Request for Emergency Hearing on the Motion to Stay and Cross-Motion for Injunctive Relief, seeking an emergency hearing to consider Appellants' Cross-Motion for a preliminary injunction. (DE 52.) On March 17, 2014, the Florida District Court denied that motion. That Order states, in relevant part:

> THIS CAUSE comes before the Court pursuant to Becker & Poliakoff LLP and Becker & Poliakoff P.A., as counsel for Plaintiffs, March 12, 2014 [DE 52] motion requesting that this Court lift the stay entered February 21, 2014 for the purpose of scheduling an emergency hearing on Defendants' motion to stay and on Plaintiffs' cross motion for injunctive relief.
>
> ****
>
> ORDERED AND ADJUDGED that the motion is DENIED. The Court declines to conduct an emergency hearing on the question of whether to enjoin the New York action. Rather, this Court defers to the Bankruptcy Court for the Southern District of New York for a ruling on [the Trustee's] motion to enjoin the instant action.

(Ex. 2, DE 58 (the "Order").) The Order did not deny Appellants' Cross-Motion for preliminary injunction (DE 38), as Appellants mistakenly claim, but only ruled on Appellants' Motion to lift the stay and for an emergency hearing (DE 58).

On March 24, 2014, Appellants filed a Notice of Appeal from the Order. (Ex. 3, DE 59.) On April 9, 2014, more than three weeks after the Order was entered, Appellants filed in this Court the instant Motion for Expedited Appeal, as well as a separate motion for an injunction pending appeal. This memorandum is

being submitted in opposition to the Motion for Expedited Appeal and in support of Appellees' cross-motion to dismiss the appeal for lack of jurisdiction.

## ARGUMENT

## I.    Appellants Have Improperly Brought This Appeal

Appellants contend that the Court has jurisdiction over this admitted interlocutory order, pursuant to 28 U.S.C. § 1292(a)(1).  In the alternative, Appellants contend that "this Court has the power to consider this appeal as a petition for a writ of mandamus to enforce the Second Circuit's mandate pursuant to 28 USC §1651 and FRAP 21."  (Appellants' Expedited Mot. for an Inj. Pending Appeal at 5.)  Appellants are wrong as to both contentions, and their appeal, therefore, should be dismissed.

### A.    The Florida District Court's Order Is Not Appealable Under 28 U.S.C. § 1292(a)(1)

"[F]ederal law expresses the policy against piecemeal appeals."  *Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24-25 (1966) (dismissing appeal because no "interlocutory appeal" lies under 28 U.S.C. § 1292(a)(1) after denial of summary judgment in action seeking injunctive relief).  Accordingly, as a general matter, interlocutory orders are not immediately appealable to federal courts of appeals.  Rather, "[a]ppellate jurisdiction depends on the existence of a final trial court judgment that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Fla. Wildlife Fed'n, Inc. v. Adm'r, U.S. Envtl. Prot. Agency*, 737 F.3d 689, 692 (11th Cir. 2013).

8

There are some exceptions to this general rule, including the exception in 28 U.S.C. § 1292(a)(1), which permits interlocutory appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." The U.S. Supreme Court has held that this exception is to be narrowly construed, lest the exception swallow the rule. *See Switz. Cheese*, 385 U.S. at 24 ("Hence we approach [28 U.S.C. § 1292(a)(1)] somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders."); *United States v. Philip Morris USA Inc.*, 686 F.3d 839, 843-44 (D.C. Cir. 2012) (noting that the exception in 28 U.S.C. § 1292(a)(1) "is a limited one, and the Supreme Court has construed [it] narrowly" (quotations and citations omitted)).

Appellants erroneously argue that their appeal falls within this narrow exception. As is clear from the Florida District Court's language, however, the Order from which Appellants seek to take an appeal was *not* an order denying their motion for a preliminary injunction. (DE 58.) *Cf. NAACP v. Thompson*, 321 F.2d 199, 202 (5th Cir. 1963) ("Ordinarily, of course, an order to be appealable under Section 1292 as one 'refusing' injunctive relief is one which, *in precise terms*, announces the decision of the Court denying the relief requested." (emphasis added)). By its plain terms, the Order being appealed was a denial of Appellants' *motion to lift a stay* for the purpose of scheduling an emergency hearing on Appellants' cross motion for injunctive relief and Appellees' motion to stay. (DE 58.) There is no right to appeal from a stay order. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 290 (1988); *Kershaw v. Shalala*, 9 F.3d

9

11, 14 (5th Cir. 1993) ("An order staying judicial proceedings is ordinarily not considered final and is hence not appealable.").

Appellants may attempt to argue that the Florida District Court's Order had the *effect* of denying their motion for preliminary injunction and is therefore immediately appealable under 28 U.S.C. § 1292(a)(1).  Again, Appellants would be wrong.  Even if the practical effect of that interlocutory order were denying a motion for an injunction, Appellants would have to make the additional showing that the denial of their motion would have "'serious, perhaps irreparable, consequence.'"  *See Admin. Mgmt. Servs., Ltd. v. Royal Am. Managers, Inc.*, 854 F.2d 1272, 1278 (11th Cir. 1988) (quoting *Gulfstream Aerospace*, 485 U.S. at 287-88).  Appellants cannot make their showing.

The ultimate relief Appellants seek by means of their motion for a preliminary injunction is to halt the Trustee's action in the New York Bankruptcy Court.  Rather than seeking the extraordinary relief they sought from the Florida District Court and now from this Court, namely, an injunction prohibiting a stranger to these proceedings (the Trustee) from proceeding with a lawsuit in a different jurisdiction, Appellants could and would – if they had any faith in the merits of their arguments – seek directly from the New York Bankruptcy Court a stay of those proceedings and/or a dismissal of that action.  The Trustee's action has now been pending for more than a month, however, and Appellants have not moved to stay those proceedings or to dismiss them.  In fact, Appellants recently negotiated an extension of time to respond to the Trustee's Complaint, thereby demonstrating that the relief they seek here is not "time sensitive."

10

But, putting aside that Appellants could seek the same relief from another, more appropriate court, if it is the case – as Appellants argue – that the Second Circuit's "mandate" requires the Florida District Court, not the New York Bankruptcy Court, to decide the threshold question as to whether Appellants' new complaint is barred by the Permanent Injunction and/or automatic stay, the ultimate relief Appellants seek (a decision on this issue by the Florida District Court) would be available *after* the New York Bankruptcy Court rules on the Trustee's Motion and the Florida District Court implements whatever decision is reached on that Motion.  If, for example, the Trustee's Motion is granted and the Florida District Court gives effect to that decision and denies Appellants' Motion to Reopen on that basis, Appellants can take an appeal from that decision and advance at that juncture the same baseless arguments they advance here on appeal – that the Second Circuit "mandate" forecloses the New York Bankruptcy Court from issuing a binding ruling on this issue.  Given that alternative, Appellants cannot demonstrate that the Florida District Court's Order has "serious, perhaps irreparable, consequences."  *Cf. Admin. Mgmt. Servs.*, 854 F.2d at 1279 (dismissing appeal and holding that "[i]f relief may be obtained upon review after trial, the parties are not considered to have suffered irreparable consequences").

In short, this interlocutory appeal is not properly brought pursuant to 28 U.S.C. § 1292(a)(1).  The Order from which Appellants are appealing was an order refusing to lift a stay, as opposed to an order denying a motion for preliminary injunction.  Moreover, even if the practical effect was denial of Appellants' motion for a preliminary injunction, Appellants will not suffer "serious, perhaps

11

irreparable, consequences" as a result of the Florida District Court's Order.

Accordingly, insofar as jurisdiction is predicated on 28 U.S.C. § 1292(a)(1), the

appeal should be dismissed.

### B.    A Writ of Mandamus Is Not Appropriate

In the alternative, Appellants argue that this Court should consider their

appeal as a writ of mandamus "to enforce the Second Circuit's mandate pursuant to

28 USC §1651 and FRAP 21."  (Appellants' Expedited Mot. for an Inj. Pending

Appeal at 5.)  This request also should be denied.

Writs of mandamus issued pursuant to the All Writs Act are "extraordinary"

and are to be used "only to confine an inferior court to a lawful exercise of its

prescribed authority, or to compel it to exercise its authority when it is its duty to

do so."  *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 749, 751 (2d Cir. 1991) (citations

and quotations omitted) (holding that trial court erred in granting stay, but

concluding that "issuance of a formal writ of mandamus [was] unnecessary" and

dismissing appeal).  A party seeking a writ of mandamus bears a very high burden.

*See Carpenter v. Mohawk Indus., Inc.* 541 F.3d 1048, 1054-55 (11th Cir. 2008)

(dismissing appeal and denying writ).  "The petitioner seeking the writ carries the

burden of showing that its right to the issuance of the writ is clear and

indisputable," and "[a] writ will not issue merely because [the petitioner] shows

evidence that, on appeal, would warrant reversal of the district court."  *Id.* at 1055

(alteration in original) (citations and quotations omitted).

Here, Appellants plainly have failed to meet this extraordinarily high

burden. As detailed in Appellees' Opposition to Appellants' Motion for Injunction

Pending Appeal, being filed herewith, Appellants have not made – and cannot

make – a showing that their right to issuance of a writ is clear and indisputable.

Appellants' attempt to invoke the writ of mandamus is premised on the false notion

that the Second Circuit "mandated" that *only* the Florida District Court could

decide if their proposed amended claims violate the Permanent Injunction and

automatic stay.  That is a gross mischaracterization of the Second Circuit's

decision.

    The Second Circuit did not "mandate," "order," "direct," or otherwise make

a ruling as to which court – the Florida District Court or the New York Bankruptcy

Court – should decide the applicability of the Permanent Injunction and automatic

stay to Appellants' amended claims.  Rather, the Second Circuit *affirmed* the

SDNY District Court's judgment voiding the Fox/Marshall Class Actions without

prejudice to Fox and Marshall seeking to amend their claims, then added – **in

*dicta***:

> There is conceivably some particularized conspiracy claim appellants
> could assert that would not be derivative of those asserted by the
> Trustee.  That question, however, is not properly before us, and is a
> question in the first instance for the United States District Court for
> the Southern District of Florida.

*Marshall v. Picard*, 740 F.3d 81, 94 (2d Cir. 2014).

    By such language, the Second Circuit plainly did not "mandate" that the

question must be decided *only* by the Florida District Court.  Indeed, such a ruling

would have divested the New York Bankruptcy Court of jurisdiction to decide that

threshold question itself, based on its own interpretation of its Preliminary

Injunction and automatic stay.  If, as Appellants insist, the Second Circuit, by the

13

above *dicta*, had taken the highly unusual step of stripping the New York

Bankruptcy Court of jurisdiction to decide whether Appellants' amended claims

are duplicative or derivative of the Trustee's Claims, it would have done so in a

clear and purposeful way, after careful discussion and analysis of all relevant facts

and law.  Yet there is no discussion and analysis of the issue anywhere in the

Second Circuit's decision.

Indeed, the issue of whether the Florida District Court or the New York

Bankruptcy Court (or both) can decide whether Appellants' amended claims are

derivative of the Trustee's Claims was never briefed by either party, nor was it

decided by the Second Circuit.  Accordingly, the Second Circuit's *dicta* that the

question is "in the first instance for the [Florida District Court]" is not controlling,

as the Florida District Court properly recognized.  *See United States v. N.Y. Tel.*

*Co.*, 434 U.S. 159, 184 (1997) (where an "issue was not briefed," a court's

statement on that issue was "in dicta" and "has absolutely no force"); *United States*

*v. Hogan*, 986 F.2d 1364, 1372 (11th Cir. 1993) (where an "issue simply was not

presented," a court is "not bound by [the case's] dictum").

Necessarily, if the Second Circuit had concluded that *only* the Florida

District Court could decide whether Appellants' claims were "duplicative or

derivative" of the Trustee's Claims, it would have *reversed* the SDNY District

Court's affirmance of the New York Bankruptcy Court order, and directed that the

Florida District Court decide the issue.  Instead, the Second Circuit *affirmed* the

New York District Court's affirmance of the New York Bankruptcy Court's

finding that the Fox/Marshall Class Actions were impermissibly derivative of the

14

Trustee's Claims.  There is no plausible reason the Second Circuit thereafter would deprive the New York Bankruptcy Court of jurisdiction to decide whether Appellants' new claims are similarly derivative, and certainly Appellants have offered no reason.  Rather, Appellants seize on *dicta* in the final paragraph of the Second Circuit's decision in order to litigate in their preferred forum.

Compounding the weakness of their position, Appellants also mischaracterize the Second Circuit's *dicta* as a purported "mandate" (Appellants' Expedited Mot. for an Inj. Pending Appeal at 8-11), in order to invoke the "mandate rule," pursuant to which a district court, "may not alter, amend, or examine the [Court of Appeals'] mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate."  *Transamerica Leasing, Inc. v. Inst. of London Underwriters,* 430 F.3d 1326, 1331 (11th Cir. 2005) (citations and quotations omitted); *see also* Fed. R. App. P. 41(b).  Yet the "mandate rule" does not apply here because the Second Circuit's actual Mandate, which was issued on February 5, 2014, is *completely silent* on which court – the Florida District Court or New York Bankruptcy Court – can or should decide whether Appellants' amended claims would violate the Permanent Injunction and automatic stay.  (*See* Ex. 1.)

For all of the foregoing reasons and the others set forth in Appellees' Opposition to Appellants' Motion for Injunction Pending Appeal, Appellants cannot make the required showing that their right to a writ of mandamus is "clear and indisputable."  Moreover, as a procedural matter, Appellants have not complied with 11th Circuit Rule 21-1, which requires parties making a petition to

15

"include a showing that mandamus is appropriate because there is no other adequate remedy available." A writ, therefore, should not issue.

## II.    Appellants Have Not Articulated Good Cause for Expediting Briefing

Appellants' motion for an expedited briefing schedule on their appeal should be denied first because this appeal is improper, as set forth above. At a minimum, Appellees respectfully request that the Court address whether it has jurisdiction to hear this appeal before requiring Appellees to brief the merits of the appeal. *See Carpenter*, 541 F.3d at 1052 ("As an initial matter, we must address this Court's jurisdiction to review Appellant's claims by way of interlocutory appeal."); 11th Cir. R. 31-1(d) ("If . . . it appears that this court may lack jurisdiction over the appeal, the court may request counsel . . . to advise the court in writing of their position with respect to the jurisdictional question(s) raised. . . . The due date for filing appellee's brief shall be postponed until the court determines that the appeal shall proceed or directs counsel . . . to address the jurisdictional question(s) in their briefs on the merits. When the court rules on a jurisdictional question, a new due date will be set for filing appellee's brief if the appeal is allowed to proceed.").

In addition to the fact that the Order is a non-appealable interlocutory order, Appellants have not made the requisite showing necessary for expediting their appeal. Under Eleventh Circuit Rule 27-1 and Internal Operating Procedure 3, an appeal may only be expedited "for good cause shown." Appellants have not articulated any such "good cause."

The sole basis for Appellants' request for an expedited appeal is their fundamentally flawed argument that the Second Circuit purportedly issued a

16

"mandate" that only the Florida District Court is permitted to "litigate the merits of their claims," and that the "mandate" forecloses the New York Bankruptcy Court from addressing the threshold question of whether Appellants' claims are barred by the Permanent Injunction issued by the New York Bankruptcy Court and/or the automatic stay. (Appellants' Expedited Mot. for an Inj. Pending Appeal at 8, 16.) That argument fails because the Second Circuit issued no such "mandate."

Moreover, Appellants' own conduct demonstrates that there is no urgency in deciding this appeal. The Florida District Court entered the Order that is the subject of Appellants' appeal on March 17, 2014. Appellants then waited more than three weeks to seek an expedited appeal.

Further, the briefing schedule Appellants have proposed belies any true urgency. According to their proposed schedule, Appellants would give themselves until May 2 to submit their opening brief, or more than 1 ½ months from the date the Florida District Court's Order was entered (March 17), 37 days from the date the appeal was docketed (March 24), and a mere 3 days before their brief would otherwise be due under a regular briefing schedule; Appellees would have only 2 weeks – or less than half their time under a normal briefing schedule, until May 16, to respond; and Appellants would give themselves another full week, until May 23, to submit their reply. *See* Mot. for Expedited Trial at 2; *cf.* Fed. R. App. P. 31 (appellants' opening brief is due within 40 days record is filed; appellees' responsive brief is due within 30 days after appellants' brief is served; and appellants' reply brief is due within 14 days after service of appellees' brief); 11th Cir. R. 12-1 (record is deemed filed on date appeal is docketed where no transcript

17

is ordered).  Not only is this schedule fundamentally unfair to Appellees, but it also has the briefing closing on May 23, more than two weeks after the hearing in the New York Bankruptcy Court on the Trustee's Motion, scheduled for May 7.  If the purported urgency is obtaining a ruling in this appeal before the Trustee's Motion is fully briefed and/or decided by the New York Bankruptcy Court, Appellants would and should have (i) brought this motion weeks ago and (ii) proposed a briefing schedule on the merits that concludes before the New York Bankruptcy Court's hearing on the Trustee's Motion and does not give Appellants almost their full time to submit their opening memorandum.

## <u>CONCLUSION</u>

For the foregoing reasons, Appellees respectfully request that this Court dismiss this appeal.  In the event the Court declines to dismiss the appeal, Appellees respectfully request that the Court deny Appellants' Motion to Expedite Appeal.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  s/Brian W. Toth
        Brian W. Toth

701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 789-7678

*Attorneys for Appellees*

18

Of counsel:

SCHULTE ROTH & ZABEL LLP
William D. Zabel
Marcy Ressler Harris
Michael Kwon
Jennifer M. Opheim

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served by CM/ECF or U.S. mail

on April 16, 2014, on all counsel or parties of record on the Service List below.


s/Brian W. Toth


Helen Davis Chaitman
Becker & Poliakoff, LLP
45 Broadway
New York, New York 10006
Telephone: (212) 599-3322
Facsimile: (212) 557-0295
Email: HChaitman@bplegal.com

James W. Beasley Jr.
Robert J. Hauser
Joseph George Galardi
Andrew Steven Kwan
Beasley Hauser Kramer & Giraldi, P.A.
505 S. Flagler Drive, Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 835-0900
Facsimile: (561) 835-0939
Email: Beasley@beasleylaw.net
Email: hauser@beasleylaw.net
Email: Galardi@beasleylaw.net
Email: kwan@beasleylaw.net

Lesley Guy Blackner
Blackner Stone & Associates
340 Royal Poinciana Way, St 317-377
Palm Beach, FL 33480
Phone: 561-659-5754
Fax: 561-659-3184
Email: LBlackner@aol.com

David Sheehan
Counsel for Trustee Irving Picard
BakerHostetler
45 Rockefeller Plaza, #10
New York, NY 10111
Phone (212) 589-4616
Email: dsheehan@bakerlaw.com

The Honorable Kenneth L. Ryskamp
United States District Court for the Southern District of Florida
Paul G. Rogers Federal Building
701 Clematis Street, Room 416
West Palm Beach, FL 33401