# EXHIBIT G

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

# NO. **14-11250**

SUZANNE STONE MARSHALL, ADELE FOX, MARSHA PESHKIN, and
RUSSELL OASIS, individually and on behalf of a class of similarly situated,

Appellants,

- versus -

CAPITAL GROWTH COMPANY; DECISIONS, INC.; FAVORITE FUNDS; JA PRIMARY
LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP;
JEMW PARTNERSHIP; JF PARTNERSHIP; JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL
COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER
INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as Executor of the Estate of Jeffry M. Picower, and as
Trustee for the Picower Foundation and for the Trust f/b/o Gabriel H. Picower.

Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

APPELLEES' REPLY MEMORANDUM IN SUPPORT OF THEIR
CROSS-MOTION TO DISMISS APPEAL

| HOLLAND & KNIGHT LLP | SCHULTE ROTH & ZABEL LLP |
|---|---|
| Sanford L. Bohrer | William D. Zabel |
| Brian Toth | Marcy Ressler Harris |
|  | Michael Kwon |
|  | Jennifer M. Opheim |
| 701 Brickell Avenue, Suite 3300 | 919 Third Avenue |
| Miami, Florida 33131 | New York, New York 10022 |
| Telephone: (305) 789-7678 | Telephone: (212) 756-2000 |
| Facsimile: (305) 789-7799 | Facsimile: (212) 593-5955 |
| sandy.bohrer@hklaw.com | marcy.harris@srz.com |
| Counsel for Appellees | Counsel for Appellees |

## **TABLE OF CONTENTS**

                                                                                  **Page**

ARGUMENT ...................................................................................................... 3

I.     Appellate Jurisdiction Does Not Lie Under 28 U.S.C. § 1292(a)(1) .................................................................................................. 3

II.    The Second Circuit Did Not "Mandate" That the Florida Court Is the Only Forum That Can Decide Whether Appellants' Amended Claims Are Barred By the Permanent Injunction and Automatic Stay ....................................................... 5

CONCLUSION ................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Admin. Mgmt. Servs., Ltd. v. Royal Am. Managers, Inc.*,
 854 F.2d 1272 (11th Cir. 1988) ...................................................................................4

*Buckley Towers Condo., Inc., v. QBE Ins. Corp.*,
 No. 07-22988-CIV, 2014 WL 1319307 (S.D. Fla. Mar. 31, 2014) ..................6, 8

*Edwards v. Prime, Inc.*,
 602 F.3d 1276 (11th Cir. 2010) ...................................................................................6

*Gen. Universal Sys., Inc. v . HAL, Inc.*,
 500 F.3d 444 (5th Cir. 2007) ...................................................................................8, 9

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
 485 U.S. 271 (1988) ...................................................................................1, 4

*Litman v. Mass. Mut. Life Ins. Co.*,
 825 F.2d 1506 (11th Cir. 1987) ...................................................................................10

*Marshall v. Picard*,
 740 F.3d 81 (2d Cir. 2014) ...................................................................................6

*Metro. Water v. Kaw Valley*,
 223 U.S. 519 (1912) ...................................................................................9

*Mitsubishi Int'l v. Cardinal Textile*,
 14 F.3d 1507 (11th Cir. 1994) ...................................................................................4

*Nixon v. Richey*,
 513 F.2d 430 (D.C. Cir. 1975) ...................................................................................9

*Piambino v. Bailey*,
 757 F.2d 1112 (11th Cir. 1985) ...................................................................................10

*Seese v. Volkswagenwerk, A.G.*,
 679 F.2d 336 (3d Cir. 1982) ...................................................................................10

*Transamerica Leasing, Inc. v. Inst. of London Underwriters*,
   430 F.3d 1326 (11th Cir. 2005) ...............................................................................8

*United States v. Eggersdorf*,
   126 F.3d 1318 (11th Cir. 1997) ...............................................................................6

*United States v. Hogan*,
   986 F.2d 1364 (11th Cir. 1993) ...............................................................................7

*United States v. Mesa*,
   247 F.3d 1165 (11th Cir. 2001) ............................................................................8, 9

*United States v. N.Y. Tel. Co.*,
   434 U.S. 159 (1977)..................................................................................................7

**Statutes**

28 U.S.C. § 1292(a)(1)................................................................................1, 2, 3, 5

**Other Authorities**

18B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction &
   Related Matters § 4478.3 (2d ed. 2013) .................................................................8

FRAP 41(b) ....................................................................................................................8

Appellants[1] advance three arguments in support of their contention that this Court has jurisdiction to hear their appeal under 28 U.S.C. § 1292(a)(1), the narrow exception to the general rule that interlocutory orders are not appealable: (i) the Florida District Court's order was a denial of their motion for injunctive relief; (ii) there is no requirement that where an order merely has the "practical effect" of denying a motion for an injunction, the party taking an appeal must demonstrate that the order has "serious, perhaps irreparable, consequences"; and (iii) even if there is such a requirement, Appellants can meet that standard. None of their arguments has merit.

First, the Florida District Court's order only addressed Appellants' motion to lift the stay that was in effect for purposes of scheduling an emergency hearing on Appellants' motion for a preliminary injunction. There is no mention of the separate docket entry, or the merits, of Appellants' motion for preliminary injunction. Second, no less than the United States Supreme Court has held that where an order does not rule on a motion for preliminary injunction, but the "practical effect" of the order is denial of such motion, the appellant must demonstrate that the order has "serious, perhaps irreparable consequence" in order to invoke jurisdiction under 28 U.S.C. § 1292(a)(1). *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287-88 (1988). Third, Appellants cannot make that showing; in fact, they are now seeking precisely the same relief

---

[1] Capitalized terms shall have the same meaning assigned to them in Appellees' opening memorandum in support of their cross-motion to dismiss this appeal.

1

*from the New York Bankruptcy Court* that they seek here – an order that only the Florida District Court has jurisdiction to determine whether Appellants' claims are barred by the Permanent Injunction as duplicative or derivative of the Trustee's claims against the Appellees.  For each and all of these reasons, there is no appellate jurisdiction in this case under 28 U.S.C. § 1292(a)(1).

In the alternative, Appellants ask this Court for "extraordinary" relief in the form of a writ of mandamus.  Appellants' arguments in support of issuance of the writ depend on a fatally flawed reading of an order issued by the United States Court of Appeals for the Second Circuit.  Moreover, the cases upon which Appellants rely demonstrate precisely the error of their position:  unlike this case, in those cases the issue on which the "mandate" issued was litigated, argued, and decided by the appellate court after reasoned analysis.  That is not the case here.  The question of whether the New York Bankruptcy Court was divested of authority to interpret its own Permanent Injunction and application of the automatic stay was not at issue before the Second Circuit.  If it had been, and if the Second Circuit had decided that issue, the Second Circuit surely would have *reversed* the orders of the SDNY District Court and New York Bankruptcy Court, not affirmed them.

Based on the foregoing and on the arguments in Appellees' opening motion, this appeal should be dismissed.

## ARGUMENT

**I.    Appellate Jurisdiction Does Not Lie Under 28 U.S.C. § 1292(a)(1)**

To support their jurisdiction claim, Appellants first accuse Appellees of "play[ing] games with the Court" and then insist that "the court denied Appellants' motion for an injunction." (Opp'n at 6-7.) As set forth in Appellees' opening memorandum, this argument is false. Appellants filed their motion for preliminary injunction on February 24, 2014, at Docket Entry No. 38, the same day the Florida District Court issued an order staying the Florida District Court action (DE 37). Thereafter, on March 12, 2014, Appellants filed a motion titled Motion for Limited Relief from Stay and Request for Emergency Hearing on the Motion to Stay and Cross-Motion for Injunctive Relief, seeking an emergency hearing to consider Appellants' Cross-Motion for a preliminary injunction. This motion was assigned Docket Entry Number 52. Docket Entry Number 52, and Docket Entry Number 52 alone, is identified in the Florida District Court Order and is the Order from which appellants seek to appeal. The Order states, in relevant part:

> THIS CAUSE comes before the Court pursuant to Becker & Poliakoff LLP and Becker & Poliakoff P.A., as counsel for Plaintiffs, March 12, 2014 [DE 52] motion requesting that this Court lift the stay entered February 21, 2014 for the purpose of scheduling an emergency hearing on Defendants' motion to stay and on Plaintiffs' cross motion for injunctive relief.
> \*\*\*\*
> ORDERED AND ADJUDGED that the motion is DENIED. The Court declines to conduct an emergency hearing on the question of whether to enjoin the New York action. Rather, this Court defers to the Bankruptcy Court for the Southern District of New York for a ruling on [the Trustee's] motion to enjoin the instant action.

3

(Ex. 2, DE 58 (the "Order").)  There is simply no mention in the Order of Docket No. 38.  Hence, the Order the Appellants seek to appeal is not an order denying the motion for preliminary injunction filed at that docket entry number.

As indicated in Appellees' opening memorandum, it may well be that the "practical effect" of the Order was a denial of Appellants' motion for injunctive relief.  But, if that is the case, the Order is appealable *only if* Appellants can demonstrate that the order has "serious, perhaps irreparable consequence."  (*See* Opening Br. at 10 (quoting *Admin. Mgmt. Servs., Ltd. v. Royal Am. Managers, Inc.*, 854 F.2d 1272, 1278 (11th Cir. 1988)).  Appellants dispute that they are required to make any such showing, purportedly because no such requirement was imposed in *Mitsubishi International v. Cardinal Textile*, 14 F.3d 1507 (11th Cir. 1994).  (Opp'n at 7-8.)  Yet even in *Mitsubishi,* 14 F.3d at 1515, this Court confirmed that the "serious, perhaps irreparable consequence" standard applies, citing and quoting *Gulfstream*, 485 U.S. at 287-88.  Moreover, in *Mitsubishi*, the Court concluded that the orders being appealed – which were issued after extensive briefing and several hearings – were, in fact, denials of a preliminary injunction, not that they merely had the practical effect of a denial of a preliminary injunction, as is the case here.  14 F.3d at 1515 n.14 & 1517 ("[i]t is appropriate to treat the district court's orders as denials of a preliminary injunction").

Consistent with these cases, Appellants must demonstrate that the Order they seek to appeal has "serious, perhaps irreparable consequence," which they cannot do.  Appellants advance two supposed "serious, perhaps irreparable consequences" from the Order:  (i) purported (and speculative) delay imposed by litigating in New

4

York, which will allegedly prevent them from litigating the merits of their claims in the Florida District Court and "impair if not destroy" their ability to gather evidence, and (ii) if they are required to litigate in New York whether their claims are barred by the Permanent Injunction, "they could never obtain meaningful review by this Court of any decision rendered in New York." (Opp'n at 8-9.) Appellants' arguments show that no harm, much less "serious, perhaps irreparable consequence," would flow from the Florida District Court's Order and the dismissal of this appeal. Their arguments unmask rank forum shopping and should be rejected. Moreover, Appellants are now advancing precisely those same arguments in the New York Bankruptcy Court action.[2]

## II. The Second Circuit Did Not "Mandate" That the Florida Court Is the Only Forum That Can Decide Whether Appellants' Amended Claims Are Barred By the Permanent Injunction and Automatic Stay

Appellants argue that even if this Court lacks jurisdiction under 28 U.S.C. § 1292(a)(1), they are entitled to a writ of mandamus under the All Writs Act because the Second Circuit purportedly "ruled that the Florida Court *must* determine 'in the first instance' if Appellants, in their proposed second amended complaint, have pled viable claims against Appellees." (Opp'n at 3 (emphasis added).) To the contrary, even a cursory reading of the Second Circuit's decision shows that the Second Circuit did not use any mandatory language, such as "must,"

---

[2] Since the filing of Appellees' opening memorandum in support of their motion to dismiss this appeal, Appellants have filed a motion to stay the New York Bankruptcy Court proceedings, an opposition to the Trustee's motion for a preliminary injunction, and a motion dismiss the Trustee's claims.

5

"shall," "direct," "order," or even – as Appellants repeatedly insist – "mandate." Rather, the Second Circuit stated – in *dicta* – that:

> There is conceivably some particularized conspiracy claim appellants could assert that would not be derivative of those asserted by the Trustee. That question, however, is not properly before us, and is a question in the first instance for the United States District Court for the Southern District of Florida.

*Marshall v. Picard*, 740 F.3d 81, 94 (2d Cir. 2014). By definition, dicta is "[l]anguage in …[an opinion] not necessary to deciding the case then before [the court]." *Buckley Towers Condo., Inc., v. QBE Ins. Corp.*, No. 07-22988-CIV, 2014 WL 1319307, at *5 (S.D. Fla. Mar. 31, 2014) (quoting *United States v. Eggersdorf*, 126 F.3d 1318, 1322 n. 4 (11th Cir. 1997). Since dicta is not necessary to deciding the case, dicta "is not binding on anyone for any purpose," *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) (Carnes, J., concurring), and a later court is free to give "fresh consideration" to a matter presented as dicta, as the Florida District Court did here.

Moreover, the Second Circuit's opinion does *not* state that only the Florida Court, and not the New York Bankruptcy Court, can decide whether Appellants' amended claims violate the New York Bankruptcy Court's Permanent Injunction and automatic stay. That issue was never briefed by any of the parties, nor did the Second Circuit address or rule whether the New York Bankruptcy Court was *stripped* of its jurisdiction to determine the scope and applicability of its own Permanent Injunction and automatic stay. Appellants would have this Court believe that the Second Circuit would "mandate" – *sua sponte* and without any

6

discussion – that the New York Bankruptcy was divested of its jurisdiction to decide that issue while simultaneously affirming the Bankruptcy Court's finding that Appellants' initial claims were derivative. Appellants' "mandate" argument must be rejected.

Tellingly, Appellants do not dispute that the issue of which court can decide whether Appellants' amended claims are derivative of the Trustee's Claims was *never briefed nor argued* to the Second Circuit by any of the parties. As a result, the Second Circuit's statement that the question is "in the first instance for the [Florida Court]" is non-binding *dicta*. (*See* Opening Br. at 14 (citing *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 184 (1977) (where an "issue was not briefed," a court's statement on that issue was "in dicta" and "has absolutely no force"); *United States v. Hogan*, 986 F.2d 1364, 1372 (11th Cir. 1993) (where an "issue simply was not presented," a court is "not bound by [the case's] dictum").)

Compounding their misreading of the Second Circuit's decision, Appellants continue to blindly mischaracterize the Second Circuit's *dicta* as a "mandate." Even though that *dicta* does not appear anywhere in the Second Circuit's formal Mandate (which was issued a month after the Second Circuit's opinion), Appellants argue that the Second Circuit's *dicta* is nevertheless part of its formal Mandate because the Mandate states that the SDNY District Court's judgment is affirmed "in accordance with the opinion of this court." (*See* Opp'n at 10.)

In this regard, Appellants intentionally misstate the mandate rule. Under the mandate rule, "a district court must follow an opinion's holdings, either express or

7

implied, and nothing more." *Buckley Towers*, 2014 WL 1319307, at *5.[3] Issues that were neither raised by the parties nor ruled upon by the Court of Appeals (*i.e.*, *dicta*) are *not* part of an opinion's holdings or part of the Court of Appeals' formal mandate issued pursuant to FRAP 41(b). *See, e.g.*, *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1332 (11th Cir. 2005) (mandate rule inapplicable where standing issue "was not addressed in the district court order granting summary judgment," "neither party discussed it in its appellate brief," and Court "did not consider it in [its] ruling"); 18B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction & Related Matters § 4478.3 (2d ed. 2013) ("The reach of the mandate is generally limited to matters actually decided. A mere recital of matters assumed for purposes of decision and *dicta* are not part of the mandate.").

Even Appellants recognize this; in support of their faulty mandate rule argument, Appellants themselves were forced to rely on cases holding that issues not briefed to, or decided by, the Court of Appeals are not part of the court's mandate. (*See* Opp'n at 11 (citing *Gen. Universal Sys., Inc. v . HAL, Inc.*, 500 F.3d 444 (5th Cir. 2007); *United States v. Mesa*, 247 F.3d 1165, 1168 n.2 (11th Cir. 2001).) In *General Universal*, a plaintiff/appellant argued that the Fifth Circuit had remanded its claims against a certain group of defendants (the "Customer Defendants"). On appeal from the district court's grant of summary judgment in favor of the Customer Defendants, the Fifth Circuit held that the mandate rule did not apply to the plaintiff/appellant's claims against the Customer Defendants

---

[3] Appellants' counsel Becker & Poliakoff, P.A. was one of the parties in *Buckley*.

8

because in the prior appeal, the plaintiff/appellant had "failed to brief, and thus waived, any arguments against the Customer Defendants on appeal" and therefore "our remand in the prior opinion did not include any claims against the Customer Defendants." *Gen. Universal*, 500 F.3d at 454.

Similarly, in *Mesa*, this Court rejected the argument that its prior remand established law of the case regarding the existence of a buyer/seller relationship because "we did *not* make a decision on a question of law and did *not* establish the law of the case to be that only a buyer/seller relationship could exist." 247 F.3d at 1168 n.2. This Court further held that where a party initially failed to raise an issue to the district court (in *Mesa*, a sentencing adjustment), on remand, "the district court was not required to consider [that issue]" because "the argument for the adjustment was unrelated to the reason for our remand." *Id.* at 1170-71.

Moreover, none of the other cases cited by Appellants for the proposition that "the mandate of the court of appeals includes its entire opinion" (Opp'n at 10-11) held that issues that were never briefed by the parties or decided by the court (*i.e.*, *dicta*) are nevertheless part of the Court of Appeals' mandate (as Appellants incorrectly assert). Rather, those cases involved issues (unlike here) that actually were argued to, and decided by, the appellate court. *See Metro. Water v. Kaw Valley*, 223 U.S. 519 (1912) (petition to remove action was granted by trial court, reversed by court of appeals and trial court correctly complied with mandate); *Nixon v. Richey*, 513 F.2d 430, 434 (D.C. Cir. 1975) (issue of whether district court must form a three-judge panel was briefed to the Court of Appeals, which ruled that district court "'must decide and decide now' whether to call for a three-judge

9

court"); *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987) (where appellant argued that punitive damages were excessive and this Court reversed and remanded for a new trial on punitive damages, appellant could not thereafter waive its right to new trial and accept initial punitive damage award).[4]

Unlike the cases cited by Appellants, in this case Appellants never argued to the New York Bankruptcy Court, SDNY District Court or the Second Circuit that *only* the Florida District Court, and not the New York Bankruptcy Court, can decide whether their claims violate the Permanent Injunction and automatic stay. Accordingly, the Second Circuit's statement that the issue is "in the first instance" for the Florida District Court to decide is dicta and not a purported "mandate." The Florida District Court was free to give "fresh consideration" to the issue, and did so, deferring to the New York Bankruptcy Court to decide whether Appellants' new complaint states claims that are derivative of the Trustee's claims in violation of the Permanent Injunction and automatic stay. Appellants offer no legal basis to disturb the Florida District Court's ruling, nor is there jurisdiction to do so.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court dismiss this appeal.

---

[4] The cases cited in Appellants' motion for injunction pending appeal in support of their mandate rule argument (at page 9) fare no better. *See, e.g., Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985) ("As with the mandate rule, the law of the case doctrine . . . does not extend to issues the appellate court did not address"); *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (because issue of whether negligence theory was viable under North Carolina law was briefed by parties and ruled on by Court, district court correctly complied with Court's ruling on that issue).

10

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: s/Brian W. Toth
    Sanford L. Bohrer
    Brian W. Toth

701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 789-7678


SCHULTE ROTH & ZABEL LLP

    By: s/Marcy Ressler Harris
    Marcy Ressler Harris

919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for Appellees*

11

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served by CM/ECF on April 24, 2014, on all counsel or parties of record on the Service List below.

                                      s/Brian W. Toth

## SERVICE LIST

Helen Davis Chaitman
Becker & Poliakoff, LLP
45 Broadway
New York, New York 10006
Telephone: (212) 599-3322
Facsimile:  (212) 557-0295
Email:  HChaitman@bplegal.com

James W. Beasley Jr.
Robert J. Hauser
Beasley Hauser Kramer & Giraldi, P.A.
505 S. Flagler Drive, Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 835-0900
Facsimile: (561) 835-0939
Email: Beasley@beasleylaw.net
Email: hauser@beasleylaw.net