**DICKSTEIN SHAPIRO LLP**
Eric B. Fisher
Shaya M. Berger
1633 Broadway
New York, NY 10019
(212) 277-6500
(212) 277-6501 (fax)
fishere@docksteinshapiro.com
bergers@docksteinshapiro.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01798 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05396 (SMB) |
| v. | |
| EPSTEIN FAMILY TRUST UWO DIANA EPSTEIN, | |
| ESTATE OF DAVID EPSTEIN, | |

08-01789-cgm    Doc 6453    Filed 04/28/14    Entered 04/28/14 14:22:06    Main Document
Pg 2 of 13

| |
|---|
| ROBERT L. EPSTEIN, individually, as co-trustee of the Epstein Family Trust UWO Diana Epstein, and as personal representative of the Estate of David Epstein, |
| MARTIN B. EPSTEIN, individually, as co-trustee of the Epstein Family Trust UWO Diana Epstein, as personal representative of the Estate of David Epstein, and as co-trustee of the Martin B. Epstein Trust UWO David Epstein, |
| SUSAN JACOBS, individually, as co-trustee of the Epstein Family Trust UWO Diana Epstein, and as personal representative of the Estate of David Epstein, |
| MARTIN B EPSTEIN TRUST, |
| ANDRES JACOBS, |
| JORDAN JACOBS, |
| JASON EPSTEIN, |
| STACEY BLECHMAN, |
| KENNETH EPSTEIN, |
| MEREDITH SELEKMAN, AND |
| NEAL COMER, as co-trustee of the Martin B. Epstein Trust UWO David Epstein, |
| Defendants. |

**ANSWER TO AMENDED COMPLAINT**

Defendants, by and through their undersigned attorneys, hereby file this answer (the "Answer") to the Amended Complaint (the "Complaint") filed on September 27, 2011 by plaintiff Irving H. Picard, Trustee (the "Plaintiff") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and assert as follows:

## NATURE OF PROCEEDING

1. Answering Paragraph 1 of the Complaint, the allegation that certain Defendants received avoidable transfers from BLMIS states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in this Paragraph.

2. Answering Paragraph 2 of the Complaint, Defendants deny the allegations therein.

3. Answering Paragraph 3 of the Complaint, Defendants admit the allegations therein.

4. Answering Paragraph 4 of the Complaint, Defendants assert that this Paragraph contains only legal conclusions to which a response is not required. To the extent a response is required, Defendants assert that claims under 11 U.S.C. §§544 and 548(a)(1)(B) and the New York Fraudulent Conveyance Act have been dismissed and Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

## JURISDICTION AND VENUE

5.      Answering Paragraphs 5, 6 and 7 of the Complaint, Defendants assert that these Paragraphs contain only legal conclusions to which a response is not required. To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in these Paragraphs.

## DEFENDANTS

6.      Answering Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the Complaint, Defendants admit the allegations therein except: with respect to Paragraph 11, the residence and account address for Martin B. Epstein is New Rochelle, NY; with respect to Paragraph 14, the residence address for Andrew Jacobs is Chicago, Il; with respect to Paragraph 15, the residence address for Jordan Jacobs is Charlestown, MA; and with respect to Paragraph 20, the residence address for Neal Comer is New Rochelle, NY.

## BACKGROUND, THE TRUSTEE AND STANDING

7.      Answering Paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of the Complaint, to the extent that these Paragraphs contain legal conclusions, no response is required. To the extent the allegations in these Paragraphs refer to documents, Defendants refer to such documents for their full context. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations asserted in these Paragraphs and therefore deny any and all such allegations on that basis.

## THE FRAUDULENT PONZI SCHEME

8.      Answering Paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 of the Complaint, to the extent that these Paragraphs contain legal conclusions, no response is

2

required. To the extent the allegations in these Paragraphs refer to documents, Defendants refer to such documents for their full context. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations asserted in these Paragraphs and therefore deny any and all such allegations on that basis.

## THE TRANSFERS

9. Answering Paragraph 47 of the Complaint, Defendants lack sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore deny any and all such allegations on that basis.

10. Answering Paragraph 48, Defendants lack sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore deny any and all such allegations on that basis, except that Defendants admit that one or some of them made deposits into, or received inter-account transfers from, one or more BLMIS accounts.

11. Answering Paragraphs 49, 50, 51, 52, 53 and 54 of the Complaint, to the extent that these Paragraphs contain legal conclusions, no response is required. To the extent a response is required, Defendants assert that claims under 11 U.S.C. §§544 and 548(a)(1)(B), the New York Fraudulent Conveyance Act and N.Y. CPLR 203(g) have been dismissed and Defendants deny all remaining allegations in these Paragraphs.

## CUSTOMER CLAIMS

12. Answering Paragraphs 55, 56, 57, 58, 59 and 60 of the Complaint, Defendants admit the allegations therein.

13. Answering Paragraph 61, to the extent the allegations in this Paragraph refer to documents, Defendants refer to such documents for their full context. To the extent that this Paragraph contains legal conclusions or alleges what the Trustee intends to do, a response is not

3

required. To the extent a response is required, Defendants lack sufficient knowledge and information to form a belief about the truth of the matters asserted therein and therefore deny any and all such allegations on that basis.

**COUNT ONE
FRAUDULENT TRANSFER
11 U.S.C §§548(a)(l)(A), 550(a) AND 551**

14. Answering Paragraph 62 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

15. Answering Paragraphs 63, 64, 65, 66 and 67, Defendants assert that these Paragraphs contain legal conclusions to which a response is not required. To the extent a response is required, Defendants deny all allegations in these Paragraphs.

**COUNT TWO
FRAUDULENT TRANSFER
11U.S.C §§548(a)(l)(B). 550(a) AND 551**

16. Answering Paragraph 68 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

17. Answering Paragraphs 69, 70, 71, 72, 73, 74, 75 and 76 of the Complaint, these Paragraphs contain allegations solely as to claims that have been dismissed and no response is required.

## COUNT THREE
## FRAUDULENT TRANSFERS - NEW YORK DEBTOR
## AND CREDITOR LAW§§ 276, 278 AND/OR 279 AND 11 U.S.C §§544(b). 550(a) AND 551

18.     Answering Paragraph 77 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

19.     Answering Paragraphs 78, 79, 80, 81, these Paragraphs contain allegations solely as to claims that have been dismissed and no response is required.

## COUNT FOUR
## FRAUDULENT TRANSFERS - NEW YORK DEBTOR AND
## CREDITOR LAW§§ 273 AND 278 AND/OR 279 AND 11 U.S.C §§544(b), 550(a) AND 551

20.     Answering Paragraph 82 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect and if set forth fully again herein.

21.     Answering Paragraphs 83, 84, 85, 86 and 87, these Paragraphs contain allegations solely as to claims that have been dismissed and no response is required.

## COUNT FIVE
## FRAUDULENT TRANSFERS - NEW YORK DEBTOR AND
## CREDITOR LAW§§ 273, 278 AND/OR 279, AND
## 11 U.S.C §§544(b). 550(a) AND 551

22.     Answering Paragraph 88 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

23.     Answering Paragraphs 89, 90, 91, 92 and 93, these Paragraphs contain allegations solely as to claims that have been dismissed and no response is required.

# COUNT SIX
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279 AND 11 U.S.C §§544(b), 550(a) AND 551

24.     Answering Paragraph 94 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein.

25.     Answering Paragraphs 95, 96, 97, 98 and 99, these Paragraphs contain allegations solely as to claims that have been dismissed and no response is required.

# COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11U.S.C §§544, 548, 550(a) AND 551

26.     Answering Paragraph 100 of the Complaint, Defendants incorporate by reference the responses set forth in each of the previous paragraphs of this Answer with the same force and effect as if set forth more fully again herein

27.     Answering Paragraphs 101, 102, 103, 104, and 105, these Paragraphs contain allegations solely as to claims that have been dismissed and no response is required.

## AFFIRMATIVE DEFENSES

AS AND FOR A SEPARATE DEFENSE TO EACH OF THE CAUSES OF ACTION CONTAINED IN THE COMPLAINT, DEFENDANTS HEREBY ASSERT THE AFFIRMATIVE DEFENSES SET FORTH BELOW. THE ASSERTION OF A DEFENSE BELOW SHALL NOT BE CONSTRUED TO IMPOSE ANY BURDEN UPON DEFENDANTS NOT OTHERWISE IMPOSED BY LAW.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As and for a First Affirmative Defense, Defendants allege that the Complaint, in its entirety, and each and every purported cause of action thereof, fails to state facts sufficient to constitute a cause of action upon which relief against Defendants can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Laches)

As and for a Second Affirmative Defense, Defendants are informed and believe, and thereon allege, that the Complaint, and each and every cause of action contained therein, is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
(Waiver)

As and for a Third Affirmative Defense, Defendants are informed and believe, and thereon allege, that the Complaint, and each and every cause of action contained therein, is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

As and for a Fourth Affirmative Defense, Defendants are informed and believe, and thereon allege, that the Complaint is barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

As and for a Fifth Affirmative Defense, Defendants are informed and believe, and hereon allege, that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
(Ratification)

As and for a Sixth Affirmative Defense, Defendants are informed and believe, and thereon allege, that Plaintiff and its agents accepted and thereby ratified the conduct about which Plaintiff complains in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
(In Pari Delicto)

As and for a Seventh Affirmative Defense, Defendants are informed and believe, and thereon allege, that Plaintiff is barred from pursuing the relief and prayer sought under the Complaint under the in *pari delicto* doctrine.

### EIGHTH AFFIRMATIVE DEFENSE
(Good Faith)

As and for an Eighth Affirmative Defense, assuming solely for the purpose of pleading this defense that any of the Defendants received transfers from BLMIS, the Trustee's claims and causes of actions are barred because the Defendants acted in good faith at all relevant times with regard to such transfers.

### NINTH AFFIRMATIVE DEFENSE
(Reasonably Equivalent Value Given)

As and for an Ninth Affirmative Defense, assuming solely for the purpose of pleading this defense that any of the Defendants received transfers from BLMIS, the Trustee's claims and

8

causes of actions are barred because the Defendants gave reasonably equivalent value and consideration for such transfers.

### TENTH AFFIRMATIVE DEFENSE
(Defendant Not At Fault)

As and for an Tenth Affirmative Defense, assuming solely for the purpose of pleading this defense that the Trustee or the estate of BLMIS sustained any cognizable damages, such damages are not recoverable from the Defendants because all or a portion of such damages resulted from actions by persons other than the Defendants and from causes other than any alleged act or omission by the Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
(On Account Of Antecedent Debt)

As and for an Eleventh Affirmative Defense, assuming solely for the purpose of pleading this defense that any of the Defendants received transfers from BLMIS, the Trustee is not entitled to avoid and recover such transfers because such transfers and amounts received were on account of an antecedent debt.

### TWELFTH AFFIRMATIVE DEFENSE
(No Harm Suffered)

As and for an Twelfth Affirmative Defense, the Trustee's claims and causes of actions are barred, in whole or in part, because the Trustee cannot establish that he was harmed by any action taken by the Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Set-Oft)

As and for an Thirteenth Affirmative Defense, any recovery by the Trustee is subject to credits, set-off and/or recoupment.

### FOURTEENTH AFFIRMATIVE DEFENSE
(No Jurisdiction to Enter Final Judgment and Jury Demand)

As and for a Fourteenth Affirmative Defense, this Court lacks jurisdiction to enter a final order and judgment in this action, and Defendants do not consent to this Court entering a final order and judgment in this action. Defendants further demand a trial by jury.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Safe Harbor-11 U.S.C. § 546(e))

As and for a Fifteenth Affirmative Defense, the Defendants assert that the safe harbor of 11 U.S.C. §546(e) bars the Plaintiff from seeking avoidance and recovery of fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(B) and under the New York Fraudulent Conveyance Act, to the extent such claims have not already been dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Rescission)

As and for a Sixteenth Affirmative Defense, Defendants are entitled to rescind the contract with BLMIS to the extent of principal invested.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Subsequent Transferee)

As and for a Seventeenth Affirmative Defense, assuming solely for the purpose of pleading this defense that any of the Defendants received transfers from BLMIS or that any Defendants are subsequent transferees of such transfers, the value of the property subsequently transferred is not recoverable by the Plaintiff to the extent that the Defendants (1) took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) are immediate or mediate good faith transferees of such transferee.

10

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Miscalculation of Net Investment)

As and for a Eighteenth Affirmative Defense, assuming solely for the purpose of pleading this defense that any Defendant received any transfer from BLMIS, the Trustee has miscalculated that Defendant's net investment.

### NINETEENTH AFFIRMATIVE DEFENSE
(No Standing)

As and for a nineteenth Affirmative Defense, the Trustee lacks standing to pursue the Complaint, and each and every cause of action contained therein.

WHEREFORE, the Defendants respectfully request that judgment be entered on their behalf, dismissing the Complaint in its entirety with prejudice and granting such other and further relief as the Court deems proper and just.

Dated:  April 28, 2014
        New York, New York

**DICKSTEIN SHAPIRO LLP**

By:  /s/ Eric B. Fisher
     Eric B. Fisher
Shaya M. Berger
1633 Broadway
New York, NY 10019
(212) 277-6500
(212) 277 6501 (fax)
fishere@dicksteinshapiro.com
bergers@dicksteinshapiro.com
*Attorneys for Defendants*