**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
HCHAITMAN@BPLEGAL.COM
45 Broadway, 8th Floor
New York, New York 10006
(212) 599-3322

*Attorneys for Defendants Susanne Stone Marshall,
Adele Fox, Marsha Peshkin, and Russell Oasis
(the "Florida Plaintiffs")*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br> SIPA LIQUIDATION <br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUSANNE STONE MARSHALL; ADELE FOX; MARSHA PESHKIN; RUSSELL OASIS; A & G GOLDMAN PARTNERSHIP; and PAMELA GOLDMAN, <br><br> Defendants. | Adv. Pro. No. 14-01840 (SMB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE FLORIDA PLAINTIFFS' MOTION FOR A STAY**

{N0046009 5 }

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ......................................................................................................................... 1

    A.    The Second Circuit's Directive for the Florida Court to Determine
          Issues "in the First Instance" Is Not Dicta ............................................................... 2

    B.    The Trustee Concedes that the Relevant Factors for
          Granting a Stay Are Present ...................................................................................... 5

    C.    The Florida Court Is the Most Appropriate Forum .................................................. 6

    D.    The Trustee's Interference with the Florida Proceedings
          Violates the Mandate ................................................................................................. 6

CONCLUSION ...................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Buckley Towers Condo., Inc. v. QBE Ins. Corp.*,
    2014 WL 1319307 (S.D. Fla Mar. 31, 2014) ............................................................. 1, 3

*Crane Co v. American Standard, Inc.*,
    490 F.2d 332 (2d Cir. 1973) ........................................................................................ 3

*DiLaura v. Power Auth. of State of New York*,
    982 F.2d 73 (2d Cir. 1992) .......................................................................................... 2

*General Universal Systems, Inc. v. HAL, Inc.*,
    500 F.3d 444 (5th Cir. 2007) ...................................................................................... 3

*May Dep't Stores Co. v. Int'l Leasing Corp., Inc.*
    1995 WL 656986 (S.D.N.Y. Nov. 8, 1995) ................................................................. 2

*Nixon v. Richey*,
    513 F.2d 430 (D.C. Cir. 1975) .................................................................................... 4

*Piscottano v. Murphy*,
    2005 WL 1424394 (D. Conn. June 9, 2005) *aff'd*, 511 F.3d 247 (2d Cir. 2007) .......... 4

*Schwabenbauer v. Board of Educ. of City School Dist. Of City of Olean*,
    777 F.2d 837 (2d Cir. 1985) ........................................................................................ 2

*Sibbald v. United States*,
    37 U.S. 488 (1838) ...................................................................................................... 3

*United States v. Bell*,
    524 F.2d 202 (2d Cir. 1975) ........................................................................................ 4

*United States v. Zvi*,
    242 F.3d 89 (2d Cir. 2001) .......................................................................................... 2

**STATUTES & RULES**

Fed. R. Civ. P. 15 ................................................................................................................ 6

The Florida Plaintiffs respectfully submit this reply memorandum of law in further support of their motion to stay this proceeding.[1]

### ARGUMENT

The Trustee mis-characterizes the Florida Plaintiffs' argument. We did not argue that the Second Circuit mandate divested this Court of jurisdiction to enforce the permanent injunction, and the Trustee has not cited to a single page in the moving papers containing such an argument. (Tr. Br. at 1-2, 8, 13-14 ). What we did argue is that, in its Opinion, the Second Circuit ruled that the question of whether the PSAC states a non-derivative, non-duplicative claim "is a question in the first instance for the [Florida Court]" (the "Mandate"). Obviously, the Florida Court has jurisdiction to decide this issue and, given the fact that the Second Circuit mandated that the Florida Court should determine the issue, the Trustee is bound by that Mandate because he was a party to the appeal.

The Trustee argues that the Mandate is mere *dicta*. Yet, his own cases demonstrate that "dicta" is a statement by the court that goes beyond the facts of the case at hand or circumstances that have not yet arisen. *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2014 WL 1319307, *6 (S.D. Fla Mar. 31, 2014) ("The language of footnote 12 by its own terms identifies itself as demonstrative to illustrate what the court could do on remand. But it certainly does not represent the holding of the opinion because it relates to a circumstance that has not yet arisen."). Here, the Second Circuit mandated which court should determine the viability of the PSAC. Neither the Trustee nor this

---

[1] Unless otherwise stated, all capitalized terms have the same meaning ascribed in the Florida Plaintiffs' moving papers.

{N0046009 5}    1

Court is free to ignore the Mandate. *See United States v. Zvi*, 242 F.3d 89, 95 (2d Cir. 2001); *see also* Defs' Moving Br. at 7.

### A. The Second Circuit's Directive for the Florida Court to Determine Issues "in the First Instance" Is Not Dicta

The Trustee can only avoid the Mandate by claiming that the Second Circuit did not mean what it said. Hence, his argument that the Mandate is mere *dicta*. (Trustee's Mem. at 16.) However, the Mandate deals with the precise issue raised by the Second Circuit's ruling in this case, *i.e.,* how the parties should proceed to determine the viability of the PSAC. And twice in its decision, the Second Circuit wrote that the issue should be determined by the Florida Court.

The Trustee has not cited one case which supports the extraordinary position he has taken here. *E.g., May Dep't Stores Co. v. Int'l Leasing Corp., Inc.,* 1995 WL 656986 (S.D.N.Y. Nov. 8, 1995) (holding that Second Circuit's reference to district court's dictum was not binding law of the case where circuit court's reversal of district court's decision did not rely, explicitly or implicitly, on that dictum); *Schwabenbauer v. Board of Educ. of City School Dist. Of City of Olean*, 777 F.2d 837 (2d Cir. 1985) (holding that Second Circuit's prior opinion that did not address issue before the court on second appeal did not preclude court's decision).

The Trustee relies upon *DiLaura v. Power Auth. of State of New York*, 982 F.2d 73 (2d Cir. 1992), where the Second Circuit considered whether the district court judge to whom the case was re-assigned erred in rejecting the application of the law-of-the-case doctrine and revisiting the former judge's rulings. However, the Trustee overlooks the fact that, unlike the case-of-the-law doctrine which can be ignored under certain circumstances, the mandate rule requires the lower court's strict obedience under

{N0046009 5}                                            2

all circumstances. *See Crane Co v. American Standard, Inc.*, 490 F.2d 332, 341 (2d Cir. 1973) ("[I]t is fundamental that a district court must carry out the mandate of a court of appeals, even if the mandate was in error[.]") (citing *Sibbald v. United States*, 37 U.S. 488 (1838)).

Lastly, the Trustee relies on *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2014 WL 1319307 (S.D. Fla Mar. 31, 2014), an unreported decision from the District Court for the Southern District of Florida, which supports the conclusion that the language at issue is mandate, not *dicta*. In *Buckley*, the magistrate judge issued an order resolving charging lien disputes and dividing counsel fees among three law firms. The Eleventh Circuit issued an opinion and mandate which remanded only the *quantum meruit* award as to one of the law firms. The opinion included a footnote containing a hypothetical illustration that was inconsistent with the holding and other parts of the opinion. Upon issuance of the mandate, one party immediately moved to compel a law firm not mentioned in the remand mandate to return previously-disbursed fees based on the inconsistent language contained in the footnote. The Magistrate denied plaintiffs' motion, concluding that it must strictly comply with the mandate that only one *quantum meruit* award must be reassessed on remand, not the award urged by the movant.

Given the inconsistent statements in the Eleventh Circuit's opinion, the Magistrate had no interpret the opinion to determine what was the Eleventh Circuit's holding and what was not. Here, however, there is no uncertainly about the Second Circuit's Mandate and this Court has no power to reject the Mandate. *See Crane Co.*, 490 F.2d at 341 (citing *Sibbald* 37 U.S. 488) (mandate must be obeyed even if erroneous); *General Universal Systems, Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (in implement-

ing a court of appeals mandate, the district court must take into account the appellate court's opinion **and** the circumstances it embraces.); *Nixon v. Richey*, 513 F.2d 430, 435-36 (D.C. Cir. 1975) (district court judge "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case . . . The opinion as well as the order comprised our mandate, and the opinion was to be consulted to ascertain what was required of [the district court].").

Even if the Court accepted the Trustee's argument that the Mandate is dicta, the Court must enforce it. "[T]he Second Circuit has recognized, [that] there is dicta <u>and then there is dicta</u>. Specifically, the Second Circuit has distinguished between 'obiter dictum' and 'judicial dictum.'" *Piscottano v. Murphy*, 2005 WL 1424394, *3 (D. Conn. June 9, 2005) *aff'd*, 511 F.3d 247 (2d Cir. 2007) (emphasis added) (quoting *United States v. Bell*, 524 F.2d 202, 206 (2d Cir. 1975)). Obiter dictum "constitutes an aside or an unnecessary extension of comments." *United States v. Bell*, 524 F.2d at 206. Unlike orbiter dictum, "considered [dictum] or "judicial dictum" guides "the future conduct of inferior courts. While such [judicial] dictum is not binding, it must be given considerable weight and can not be ignored." *Id*. By stating that the Florida Court should decide the viability of the PSAC in the first instance, the Second Circuit was providing, at a minimum, specific and unmistakable guidance to the lower courts in Florida and New York as to how the case must proceed after the appeal.

Here the Opinion is incorporated into the Mandate and clearly states that the Florida Court should determine the viability of the PSAC. And there all argument must end.

{N0046009 5}                                    4

### B. *The Trustee Concedes that the Relevant Factors for Granting a Stay Are Present*

The Trustee fails to address, and therefore concedes, the existence of all relevant factors favoring a stay. The Trustee completely ignores the Florida Plaintiffs' showing that a stay is appropriate and necessary to avoid inconsistent decisions and wasted judicial resources. Those are the most important factors that courts consider when deciding a motion for stay. For that reason alone, the stay motion should be granted.

The stay would merely preserve the *status quo* for the brief period of time it will take the Eleventh Circuit to decide the expedited appeal and the pending preliminary injunction motion. We anticipate a decision from the Eleventh Circuit on the Florida Plaintiffs' motion for preliminary injunction by May 5, 2014 – just a few days after a hearing is scheduled on this stay motion and just a few days before the Trustee's Injunction Motion is scheduled to be heard on May 7th. If the Eleventh Circuit issues the injunction, then the Trustee would be enjoined from prosecuting this action until the Florida Court decides the motion to amend, which is exactly what the Second Circuit mandated. That would render moot all issues now before this Court. At a minimum, therefore, sufficient grounds exist for a stay of these proceedings until the Eleventh Circuit decides the pending injunction motion.

Nothing that happens in the interim could violate the Permanent Injunction or the automatic stay. If the Eleventh Circuit rules against the Florida Plaintiffs, then the needless litigation instigated here by the Trustee will have been a complete and unnecessary waste of time. Accordingly, neither the BLMIS estate nor the Trustee will suffer any harm if the stay is granted.

{N0046009 5}    5

C. *The Florida Court Is the Most Appropriate Forum*

The Trustee's argument that this forum is more appropriate than the Florida Court ignores the key legal point on this motion: the Second Circuit has already decided this issue. It has stated that the Florida Court is the court that, "in the first instance," will decide if the PSAC states a non-derivative claim. The issue is no longer open for debate. But, additionally, the Trustee ignores the undisputed fact that, while both courts are capable of deciding whether the PSAC claims, if filed, would violate the permanent injunction or automatic stay, only the Florida Court can decide the Florida Plaintiffs' pending motion for leave to amend as directed by the Second Circuit. This Court has no jurisdiction to decide a motion to amend the Florida pleadings. Thus, if it were free to consider the Trustee's motion and it ruled in favor of the Florida Plaintiffs, there would have to be a second round of motion practice in Florida on whether the Florida Plaintiffs meet the standards of amendment under Rule 15, whether the PSAC states legally sufficient claims, *etc.* Obviously, the Second Circuit, mindful of this judicial efficiency, mandated that these issues be put before the Florida Court. And the Florida Plaintiffs, of course, have no objection to the Trustee's intervening there. Florida, therefore, is the "better" forum.

D. *The Trustee's Interference with the Florida Proceedings Violates the Mandate*

Instead of seeking permission to intervene in Florida, the Trustee interfered with those proceedings in violation of the Mandate by advising the Florida Court, through his agents, the Picowers, of the imminence of these proceedings. The Trustee was a party to the proceedings before the Second Circuit. He is bound by its Mandate and has acted in contempt of that Mandate by proceeding before this Court.

## CONCLUSION

Based on the foregoing, the Florida Plaintiffs' motion for a stay should be granted in its entirety and the Court should order the Trustee to reimburse the Florida Plaintiffs for all of the legal fees incurred in opposing their motion.

**BECKER & POLIAKOFF LLP**

April 29, 2014
New York, New York          By:    */s/ Helen Davis Chaitman*
                                   Helen Davis Chaitman
                                   45 Broadway, 8th Floor
                                   New York, New York 10006
                                   (212) 599-3322

                                   *Attorneys for Defendants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis*

{N0046009 5}                              7