UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, IRVING B. KAHN FOUNDATION, INC., a Delaware corporation, ALAN HAYES, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, SCOTT H. READ, CHARLES READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, JOSEPH S. EASTERN, as trustee and as an individual, CARLY EASTERN, and ERIN EASTERN,<br><br>Defendants. | Adv. Pro. No. 10-04490 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT
PREJUDICE DEFENDANT ALAN HAYES**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively

consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against

Lucky Company, Alan Hayes ("Hayes"), and others (the "Action") (Adv. Pro. No. 10-04490 (SMB)); and

WHEREAS, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

WHEREAS, defendant Hayes represents as follows:

1. In or about 2005, I invested $20,000 with Lucky Company.

2. In or about 2006, I invested another $17,000 with Lucky Company, making my total investment $37,000. I did not invest any other money with Lucky Company.

3. I never withdrew or received any money from Lucky Company and never directed anyone to withdraw money on my behalf.

4. I am informed and believe that Lucky Company in turn invested with BLMIS. I never invested directly with BLMIS and never received any money from BLMIS.

5. I lost the entire $37,000 I invested with Lucky Company.

6. I received K-1's from Lucky Company. I never received K-1's or any other documents from BLMIS.

WHEREAS, in support of defendant Hayes's position, he has provided the following documentation to the Trustee:

1. 2005 Schedule K-1 issued by Lucky Company to defendant Hayes.

2. 2006 Schedule K-1 issued by Lucky Company to defendant Hayes.

3. 2007 Schedule K-1 issued by Lucky Company to defendant Hayes.

4. 2008 Schedule K-1 issued by Lucky Company to defendant Hayes.

IT IS THEREFORE MUTUALLY AGREED AND STIPULATED, by and between the Trustee and defendant Hayes as follows:

2

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant Hayes hereby stipulate that the Trustee's claims against defendant Hayes in the Action are dismissed without prejudice and without costs to either the Trustee or defendant Hayes.

3. Notwithstanding the foregoing, defendant Hayes and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant Hayes, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant Hayes is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendant Hayes in connection with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant Hayes hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. Upon the dismissal of defendant Hayes, the caption of the Action is hereby amended to delete defendant Hayes from the caption. The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall

be deemed an original.

6. Defendant Hayes has reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

4

Dated: New York, New York
April 24, 2014

Of Counsel:

**BAKER & HOSTETLER LLP**

11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*/s/ Alan Hayes*
Alan Hayes
Defendant

**STEIN RISO MANTEL MCDONOUGH, LLP**

By: */s/ Gerard A. Riso*
The Chrysler Building
405 Lexington Avenue, 42nd Floor
New York, New York 10174
Telephone: 212.599.1515
Gerard A. Riso
Email: Gerard.Riso@srmmlaw.com
Edward R. Minson
Email: Edward.Minson@srmmlaw.com

*Attorneys for Defendant Alan Hayes*

Dated: New York, New York
April 29th, 2014

**SO ORDERED**

**By: */s/ STUART M. BERNSTEIN***
    **HONORABLE STUART M. BERNSTEIN**
    **UNITED STATES BANKRUPTCY JUDGE**

5

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, IRVING B. KAHN FOUNDATION, INC., a Delaware corporation, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, SCOTT H. READ, CHARLES READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, JOSEPH S. EASTERN, as trustee and as an individual, CARLY EASTERN, and ERIN EASTERN,<br><br>Defendants. | Adv. Pro. No. 10-04490 (SMB) |