**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA Liquidation |
| | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE
TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS WHO INVESTED IN THE
DAPREX, FELSEN, STERLING, OR ORTHOPAEDIC ERISA PLANS**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a Managing Director at AlixPartners LLP ("Alix Partners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2.     On or about December 15, 2008, AlixPartners LLP was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published.  AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In

addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to

assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash

equivalents available to the Trustee.

3.      I have been actively involved in the liquidation of BLMIS and the claims process

since December 2008 and have personal knowledge of the matters set forth herein.

4.      I submit this declaration based upon the information and knowledge acquired

during the course of my retention and in support of the Trustee's Motion And Memorandum To

Affirm Trustee's Determination Denying Claims Of Claimants (the "Claimants") Who Invested

In The Daprex, Felsen, Sterling, Or Orthopaedic ERISA Plans" (the "Motion").[1]

5.      At the Trustee's direction, my colleagues at Alix Partners and I have reviewed the

books and records of BLMIS.    During the course of my involvement in this matter, I have

personally reviewed thousands of documents, as well as schedules prepared and information

collected by my colleagues, relating to the books and records of BLMIS, third party records,

bank records and other documentation relevant to BLMIS and its customer accounts and

information systems.    I have reviewed the books and records of BLMIS and each customer

claim filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between

accounts.

6.      For purposes of this Motion, the Trustee selected four BLMIS accounts (the

"Accounts"), each held by a benefit plan (collectively, the "ERISA Plans"). There are four

ERISA Plans associated with the four BLMIS accounts, which are listed on Exhibit 1.    Each of

those ERISA Plans filed a claim seeking a distribution from the fund of customer property for its

respective account.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

7.      At the request of the Trustee, I and my colleagues at AlixPartners LLP, engaged in a review of the claims and other information provided by the Claimants to determine which Account the Claimants were claiming under.    The results of that review are set out on Exhibits 2 and 3.

8.      Each of the Claimants bases their customer claim on their relationship to an ERISA Plan and its Account.  The Claimants' claim seeks a portion of the same account money also claimed by the ERISA Plan.

9.      On the attached Exhibit 1, the last column displays the number of objections filed by Claimants that AlixPartners was able to correlate to the ERISA Plan accounts.

10.      Exhibit 2 provides a list of the 308 claims filed by Claimants that invested in the ERISA Plans identified in Exhibit 1 and that have outstanding objections to the Trustee's determination of their claims.  Exhibit 2 also identifies the Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers representing the Claimants or pro se, as appropriate, the ERISA Plans in which the Claimants invested, and the ERISA Plan account numbers.

11.      Exhibit 3 provides additional information, identifying the date and result of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Claimants, the claim numbers, and the relevant ERISA Plan.

12.      I reviewed the cash deposit and cash withdrawal activity in each of the ERISA Plans' Accounts to identify any BLMIS payments directly to or from the Claimants and other "indirect investors" in BLMIS.

13.      That review revealed no evidence that any Claimants deposited funds directly into or received funds directly from the BLMIS Accounts.

14.    Only the ERISA Plans, through their representatives acting in that capacity, maintained the Accounts with BLMIS.

15.    The books and records of BLMIS reflect the amounts owing and owed between the ERISA Plans and BLMIS.

16.    Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS account opening documents for Orthopaedic Specialty GRP PC Defined Contribution Pension Plan ("Orthopaedic").

17.    Attached hereto as Exhibit 5 is a true and correct copy of the November 30, 2008 BLMIS account statement for Orthopaedic, BLMIS Account Number 1O0004.

18.    Attached hereto as Exhibit 6 is a true and correct copy of the account maintenance file for Orthopaedic from the available books and records of BLMIS.

19.    Attached hereto as Exhibit 7 is a true and correct copy of the customer claim filed with the Trustee by Orthopaedic, with all but selected exhibits omitted.

20.    Attached hereto as Exhibit 8 is a true and correct copy of the BLMIS account opening documents for Sterling Equities Employees Retirement Plan ("Sterling"), from the available books and records of BLMIS.

21.    Attached hereto as Exhibit 9 is a true and correct copy of the November 30, 2008 BLMIS account statement for Sterling, BLMIS Account Number 1KW182.

22.    Attached hereto as Exhibit 10 is a true and correct copy of the account maintenance file for Sterling from the available books and records of BLMIS.

23.    Attached hereto as Exhibit 11 is a true and correct copy of the customer claim filed with the Trustee by Sterling, with all but selected exhibits omitted.

24.     Attached hereto as Exhibit 12 is a true and correct copy of the account opening documents for Felsen Moscoe Company Profit Sharing TST DTD 5/8/76 ("Felsen"), from the available books and records of BLMIS.

25.     Attached hereto as Exhibit 13 is a true and correct copy of the November 30, 2008 BLMIS account statement for Felsen, BLMIS Account Number 1EM057.

26.     Attached hereto as Exhibit 14 is a true and correct copy of the account maintenance file for Felsen from the available books and records of BLMIS.

27.     Attached hereto as Exhibit 15 is a true and correct copy of the customer claim filed with the Trustee by Felsen, with all but selected exhibits omitted.

28.     Attached hereto as Exhibit 16 is a true and correct copy of the account opening documents for Daprex Profit Sharing and 401K Plan ("Daprex"), from the available books and records of BLMIS.

29.     Attached hereto as Exhibit 17 is a true and correct copy of the November 30, 2008 BLMIS account statement for Daprex, BLMIS Account Number 1D0053.

30.     Attached hereto as Exhibit 18 is a true and correct copy of the account maintenance file for Daprex from the available books and records of BLMIS.

31.     Attached hereto as Exhibit 19 is a true and correct copy of the customer claim filed with the Trustee by Daprex, with all but selected exhibits omitted.

32.     The four ERISA Plan Accounts were in the names of the ERISA Plans, not the Claimants.  *See*, Exhibit 1.[2]  The books and records of BLMIS do not reflect individual deposits

---

[2] Some Claimants may have held accounts in their own names, or individual IRA accounts, in addition to investing in an ERISA Plan that in turn, invested with BLMIS.  Such accounts, to the extent they exist, were not the subject of the claims specified in Exhibits 2 and 3.  The Trustee's Motion only deals with the claims of Claimants insofar as they invested in an ERISA Plan.

or withdrawals by the Claimants.  Accordingly, the amounts that the Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2014

New York, New York

*/s/ _Vineet Sehgal_____*
Vineet Sehgal
Managing Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019