KATSKY KORINS LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 953-6000
Facsimile:  (212) 953-6899
Robert A. Abrams, Esq.
rabrams@katskykorins.com

*Attorneys for Jennifer Spring McPherson*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Debtor.

------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                Plaintiff,

                v.

FREDA EPSTEIN REVOCABLE TRUST, *et al.,*

                Defendants.

------------------------------------------------------------x

SIPA LIQUIDATION

Adv. Pro. No. 08-01789 (BRL)

Adv. Pro. No. 10-04527 (BRL)

**JURY TRIAL DEMANDED**

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

     Defendant Jennifer Spring McPherson (the "Defendant"), by her attorneys, Katsky

Korins LLP, for her answer to the Complaint, dated November 12, 2010 (the "Complaint") of

Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

("Plaintiff" or "Trustee"), state as follows:

## NATURE OF PROCEEDING

1.      The allegations of Paragraph 1 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      The allegations of Paragraph 2 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      The allegations of Paragraph 3 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Neither admits nor denies the allegations contained in paragraph 4 of the Complaint as such allegations constitute a legal conclusion for which no response is necessary.

5.      Denies the allegations contained in paragraph 5 of the Complaint and does not consent to the entry of a final order or judgment against them by this Court.

6.      Neither admits nor denies the allegations contained in paragraph 6 of the Complaint as such allegations constitute a legal conclusion for which no response is necessary.

## DEFENDANTS

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, but admits that Defendant resides in Palm Beach, Florida.

## BACKGROUND, THE TRUSTEE AND STANDING

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and respectfully refers the Court to the minutes of the plea hearing of Bernard Madoff from March 12, 2009 in United States v. Madoff, Case No. 09-CR-213 (DC) (the "Madoff Plea Hearing").

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and respectfully refers the Court to the minutes of the plea hearing of Frank DiPascali from August 11, 2009 in United States v. DiPascali, Case No. 09-CR-764 (RJS).

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Neither admits nor denies the allegations contained in paragraph 25 of the Complaint as such allegations constitute a legal conclusion for which no response is necessary.

26.     Neither admits nor denies the allegations contained in paragraph 26 of the Complaint as such allegations constitute a legal conclusion for which no response is necessary.

27.     Neither admits nor denies the allegations contained in paragraph 27 of the Complaint as such allegations constitute a legal conclusion for which no response is necessary.

## THE FRAUDULENT PONZI SCHEME

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and respectfully refers the Court to the minutes of the Madoff Plea Hearing.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

## THE TRANSFERS

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and admits that Defendant made deposits with companies affiliated with BLMIS.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.     Denies the allegations set forth in paragraph 48 of the Complaint.

49.     Denies the allegations set forth in paragraph 49 of the Complaint, and state that the Trustee is barred from supplementing the so-called Transfers or Subsequent Transfers and seeking recovery of such transfers.

50.     Neither admits nor denies the allegations set forth in paragraph 50 of the Complaint as such allegations constitute a legal conclusion for which no response is necessary.

## CUSTOMER CLAIMS

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

## COUNT ONE
## FRAUDULENT TRANSFERS – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

57.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

58.     The allegations of Paragraph 58 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59.     The allegations of Paragraph 59 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60.     The allegations of Paragraph 60 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61.     The allegations of Paragraph 61 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.     Denies the allegations set forth in paragraph 62 of the Complaint.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

63.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

64.     The allegations of Paragraph 64 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65.     The allegations of Paragraph 65 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66.    The allegations of Paragraph 66 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67.    The allegations of Paragraph 67 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68.    The allegations of Paragraph 68 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69.    The allegations of Paragraph 69 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70.    The allegations of Paragraph 70 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71.    The allegations of Paragraph 71 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 71 of the Complaint.

## COUNT THREE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

72.    To the extent applicable, incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

73.     The allegations of Paragraph 73 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74.     The allegations of Paragraph 74 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75.     The allegations of Paragraph 75 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76.     The allegations of Paragraph 76 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 76 of the Complaint.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273**
**AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), 551**

77.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

78.     The allegations of Paragraph 78 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79.     The allegations of Paragraph 79 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80.     The allegations of Paragraph 80 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81.     The allegations of Paragraph 81 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82.     The allegations of Paragraph 82 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 82 of the Complaint.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(A), AND 551**

83.     To the extent applicable, incorporate by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

84.     The allegations of Paragraph 84 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85.     The allegations of Paragraph 85 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 85 of the Complaint.

86.     The allegations of Paragraph 86 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87.    The allegations of Paragraph 87 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88.    The allegations of Paragraph 88 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the truth of the allegations set forth in paragraph 88 of the Complaint.

**COUNT SIX**
**FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

89.    To the extent applicable, incorporate by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

90.    The allegations of Paragraph 90 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91.    The allegations of Paragraph 91 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92.    The allegations of Paragraph 92 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93.    The allegations of Paragraph 93 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94.    The allegations of Paragraph 94 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 94 of the Complaint.

## COUNT SEVEN
### RECOVERY OF SUBSEQUENT TRANSFERS - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

95.    To the extent applicable, incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

96.    The allegations of Paragraph 96 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 96 of the Complaint.

97.    The allegations of Paragraph 97 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98.    The allegations of Paragraph 98 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 98 of the Complaint.

99.    The allegations of Paragraph 99 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 99 of the Complaint.

100.    The allegations of Paragraph 100 state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations set forth in paragraph 100 of the Complaint.

## AFFIRMATIVE DEFENSES

101.    Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," the Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. The Defendant does not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against the Defendant. In the event that subsequent legal developments alter the claims available to the Trustee, Defendant hereby raises each and every defense at law, in equity, or otherwise available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law.

102.    The Defendant reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third-party claims when and if they become appropriate in this action.

103.    These defenses are set forth cumulatively and in the alternative.

104.    The Defendant asks leave of this Court to amend this Answer upon ascertainment of additional facts, if any, presenting additional defenses.

## FIRST AFFIRMATIVE DEFENSE

105.    The Complaint is barred, in whole and/or in part, because Plaintiff fails to state a claim against the Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

106.    The Complaint is barred, in whole and/or in part, because Plaintiff lacks standing and/or capacity to bring any claims against the Defendant.

## THIRD AFFIRMATIVE DEFENSE

107.    The Complaint is barred, in whole and/or in part, because the causes of action alleged in the Complaint are brought against the Defendant in excess of time permitted by law and therefore are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

108.    The Complaint is barred, in whole or in part, because the alleged transfers that were made to the Defendant constitute margin payments or settlement payments made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, or that were transfers made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency in connection with a securities contract, commodity contract or forward contract made before the commencement of the case, within the meaning of 11 U.S.C. § 546(e).  Indeed, the District Court has already concluded as much and dismissed all claims under Sections 544, 545, 547, 548(a)(1)(B) and 548(b). See, Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 476 B.R. 715 (S.D.N.Y. 2012), supplemented (May 15, 2012) (dismissing claims except for claims asserted under Section 548(a)(1)(A)).

## FIFTH AFFIRMATIVE DEFENSE

109.    The Complaint is barred in whole or in part by res judicata, collateral estoppel, law of the case, and/or issue preclusion.

## SIXTH AFFIRMATIVE DEFENSE

110.    The alleged transfers are not avoidable or recoverable as against the Defendant under sections 548 and 550 of the Bankruptcy Code because, to the extent the alleged transfers were actually received by any Defendant, they were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code.

## SEVENTH AFFIRMATIVE DEFENSE

111.    The Complaint is barred, in whole and/or in part, because any and all alleged transfers received by the Defendant were taken for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of any transfer, within the meaning of 11 U.S.C. § 550(b)(1) and (2).

## EIGHTH AFFIRMATIVE DEFENSE

112.    The Complaint is barred, in whole and/or in part, because the alleged transfers received by the Defendant were for fair consideration, without actual fraudulent intent and without the knowledge of Madoff's fraud, within the meaning of Sections 272 and 278(1) and (2) of the New York Debtor and Creditor Law.

## NINTH AFFIRMATIVE DEFENSE

113.    The Complaint is barred, in whole and/or in part, because the Defendant had no actual or constructive knowledge of the alleged Ponzi scheme involving BLMIS and, even with the exercise of due diligence, could not have obtained such knowledge.

## TENTH AFFIRMATIVE DEFENSE

114.    The Complaint is barred, in whole and/or in part, because the Defendant justifiably relied on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission, to monitor and oversee the activities of BLMIS.

## ELEVENTH AFFIRMATIVE DEFENSE

115.    The Complaint is barred, in whole and/or in part, because no alleged transfers received by the Defendant were taken for the benefit of the Defendant in furtherance of a fraudulent investment scheme.

## TWELFTH AFFIRMATIVE DEFENSE

116.    All Counts of the Complaint alleging fraudulent transfer claims based on Bankruptcy Code Section 548, and based on Bankruptcy Code Section 544 and applicable non-bankruptcy law, are barred because Plaintiff cannot rely on such statutes to sue the Defendant, which are parties that BLMIS sought to hinder, delay and defraud.

## THIRTEENTH AFFIRMATIVE DEFENSE

117.    The Complaint is barred, in whole and/or in part, based on the doctrine of *in pari delicto* because, among other things, the acts of Plaintiff's predecessors, agents, and representatives (including Madoff and BLMIS) are imputed to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

118.    The Complaint is barred, in whole and/or in part, as a result of BLMIS's unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

119.    The Complaint is barred, in whole and/or in part, because the Plaintiff is equitably estopped from seeking the relief it seeks against the Defendant in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

120.    The Complaint is barred, in whole and/or in part, to the extent the transfers at issue and the money allegedly received by the Defendant satisfied an antecedent debt which Plaintiff may not avoid and with respect to which Plaintiff may not recover.

## SEVENTEENTH AFFIRMATIVE DEFENSE

121.    The Complaint is barred, in whole and/or in part, to the extent the claims alleged

therein are unripe due to Plaintiff's failure to demonstrate the necessary conditions set forth in 15

U.S.C. § 78fff-2(c)(3), and/or are untimely.

## EIGHTEENTH AFFIRMATIVE DEFENSE

122.    The Complaint is barred, in whole and/or in part, because BLMIS never had a

legal interest in the allegedly transferred funds and/or any and all such funds were held by

BLMIS in constructive trust or as bailee, and therefore the allegedly transferred funds are not

property of the estate.

## NINETEENTH  AFFIRMATIVE DEFENSE

123.    To the extent the allegations in the Complaint concerning the alleged Ponzi

scheme perpetrated by BLMIS are true, then BLMIS acquired by fraud all of the funds that were

the subject of the purported transfers.  Because BLMIS acquired such funds by fraud, BLMIS

never acquired legal or beneficial ownership of the funds, such that the purported transfers were

not comprised of, and did not involve, any property of BLMIS.

## TWENTIETH AFFIRMATIVE DEFENSE

124.    The Complaint is barred, in whole and/or in part, because enforcement of relief

alleged against the Defendant, victims of the Madoff fraud, would be unconscionable and a

violation of public policy.

## TWENTY–FIRST AFFIRMATIVE DEFENSE

125.    The Complaint is barred, in whole and/or in part, because the prosecution of this

action against the Defendant, victims of the Madoff fraud, constitutes an abuse of Plaintiff's

authority and discretion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

126.    The Complaint is barred, in whole and/or in part, based on the doctrines of laches, estoppel and/or waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

127.    The Complaint is barred with respect to claims under Section 544(b) of the Bankruptcy Code by the unclean hands of any creditor who held or holds matured or unmatured unsecured claims against BLMIS which were and are allowable under Section 502 of the Bankruptcy Code or which were and are not allowable only under Section 502(e).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

126.    To the extent any claim relating to any particular transfer is asserted against more than one Defendant, the Trustee would be entitled to, at most, a single satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code and/or under New York law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

128.    The Complaint is barred, in whole and/or in part, because the alleged transfers and/or the Defendant's property are exempt from recovery by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

129.    The Complaint is barred, in whole and/or in part, based on setoff, recoupment and other equitable adjustments to the extent that such transfers were used to pay tax obligations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

130.    The Complaint is barred, in whole and/or in part, based on recoupment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

131.    The Complaint is barred under Sections 544 and 550 of the Bankruptcy Code and

276 of the New York Debtor and Creditor Law, in whole and/or in part, because the alleged

transfers to the Defendant were received in good faith, without knowledge of the alleged fraud,

and in payment of an antecedent debt on account of obligations owed by BLMIS.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

132.    The Complaint is barred, in whole and/or in part, based upon the doctrine of

judicial estoppel.

## THIRTIETH AFFIRMATIVE DEFENSE

133.    The Defendant raises each and every defense at law, in equity, or otherwise,

available under any and all federal and state statutes, laws, rules, regulations or other creations,

including common law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

134.    The Defendant adopts and incorporates by reference herein any and all other

defenses and/or affirmative defenses asserted or to be asserted by any other defendant or party-

in-interest to the extent that the Defendant may share in such defenses.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

135.    The Bankruptcy Court is without authority after Stern v. Marshall, 131 S. Ct.

2594 (2011) to avoid transfers as fraudulent as such resolution requires an exercise of "judicial

power."  The asserted claims are not core proceedings and Defendant does not consent to the

entry of a final order and judgment by the Bankruptcy Court.  Nor can the Bankruptcy Court

render findings of fact and conclusions of law before final resolution.  Defendant demands a trial

by jury.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

136.    The Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

137.    The Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

138.    The Trustee's claims fail to properly account for the time value of money through an interest adjustment to principal deposits.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

139.    The Trustee's claims fail to sufficiently trace the funds at issue from BLMIS to the Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

140.    Even if the transfers were avoidable, the transfers may not be recovered as the Defendant is not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

141.    Recovery of attorneys' fees from Defendant is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

142.    Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

## FORTIETH AFFIRMATIVE DEFENSE

143.    The Trustee's "Net Investment Method" for calculating the Defendant's alleged fraudulent transfer liability should be adjusted to provide the Defendant with a credit for inflation, interest, time value of money, reinvestment during the applicable limitations period, inter-account transfers, and other relevant factors.

## FORTY-FIRST AFFIRMATIVE DEFENSE

144.    The Trustee's claims fail to properly credit inter-account transfers.

## RESERVATION OF RIGHTS

145.    The Defendant expressly reserves the right to amend and/or supplement this Answer, the Affirmative Defenses, and all other pleadings. The Defendant asserts all other defenses that may be revealed during the course of discovery or other investigation.

## JURY TRIAL DEMANDED

146.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, the Defendant hereby demands a trial by jury of all issues which may be tried by a jury.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order:

    a)  Denying the Trustee the relief sought in the Complaint;

    b)  Dismissing the Complaint with prejudice;

    c)  Awarding Defendant her reasonable attorneys' and professionals' fees and costs; and

d)  Awarding such other relief as the Court deems just and proper.

Dated: New York, New York
May 1, 2014

KATSKY KORINS LLP
*Attorneys for Defendant*
*Jennifer Spring McPherson*


By: /s/ Robert A. Abrams
Robert A. Abrams, Esq.
605 Third Avenue
New York, New York 10158-0038
Tel: (212) 953-6000
E-Mail: rabrams@katskykorins.com