UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br>v.<br><br>PERGAMENT EQUITIES, LLC, ROBERT PERGAMENT, LOIS PERGAMENT, COREY PLATZNER, LINDA PLATZNER, and THE PLATZNER ORGANIZATION, LLC,<br><br>          Defendants. | Adv. Pro. No. 10-04944 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT
PREJUDICE DEFENDANT THE PLATZNER ORGANIZATION**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against Pergament Equities, LLC, Robert Pergament, Lois Pergament, Paul S. Teirsten, Justin Weitz, David Weitz, Lauren Weitz, Felicia Weitz, Arthur Luxenberg, Carl B. Kornblum, Alyse Kornblum, Charles W. Pecorella, Pecorella Investment Group, LLC, Corey Platzner, Linda

Platzner, The Platzner Organization, LLC and Daphne Jo Stasco (the "Pergament Equities Action") (Adv. Pro. No. 10-04944 (BRL)); and

**WHEREAS**, the Trustee alleged that the defendants in the Pergament Equities Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, Corey J. Platzner, the manager of The Platzner Organization ("TPO"), a defendant in the Pergament Equities Action, represents as follows:

1. I am not a general partner, joint tenant or otherwise liable for the debts and obligations of the TPO.

2. In 2000, I caused the TPO to invest $400,000 with Pergament with the understanding and expectation that the money would be invested in BLMIS.

3. In 2001, I caused the TPO to add $150,000 to its investment with Pergament with the understanding and expectation that the money would be invested in BLMIS.

4. In 2002, I caused the TPO to add $375,000 to its investment with Pergament with the understanding and expectation that the money would be invested in BLMIS.

5. In 2003, I caused the TPO to add $400,000 to its investment with Pergament with the understanding and expectation that the money would be invested in BLMIS.

6. In 2005, I caused the TPO to withdraw $900,000 from Pergament.

7. In 2008, I caused the TPO to invest an additional $1,914,718 with Pergament with the understanding and expectation that the money would be invested in BLMIS. (The investments in 2000, 2001, 2002, 2003 and 2008 are collectively referred to as the "Investment.")

8. With the exception of the $900,000 withdrawal in 2005, I never directed the TPO to withdraw any money from Pergament and never directed anyone to withdraw any

2

money from Pergament on behalf of the TPO.

9. With the exception of the $900,000 withdrawal in 2005, the TPO never received money from Pergament.

10. The Investment, plus any money the TPO thought it earned through this Investment, was at all times retained by Pergament.

11. The TPO never invested any money with Pergament aside from the $400,000 in 2000, the $150,000 in 2001, the $375,000 in 2002, the $400,000 in 2003 and the $1,914,715 invested in 2008.

**WHEREAS**, in support of the TPO's position, it has provided the following documentation to the Trustee:

1. 2004 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

2. 2005 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

3. 2006 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

4. 2007 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

5. 2008 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

6. 2009 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

7. 2010 Schedule K-1 issued by Pergament Equities, LLC to The Platzner Organization.

8. 2011 Schedule K-1 issued by Pergament Equities LLC to The Platzner Organization.

9. 2012 Schedule K-1 issued by Pergament Equities LLC to The Platzner Organization.

10. An accountant's summary of the overall Investment by the TPO in Pergament spanning the years 2000 – 2008.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and the TPO:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and the TPO hereby stipulate that the Trustee's claims against the TPO in The Pergament Equities Action are dismissed without prejudice.

3. Notwithstanding the foregoing, the TPO and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing the TPO, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that the TPO is a necessary party to the Pergament Equities Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Pergament Equities Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to the TPO in connection with the BLMIS Account at issue in the Pergament Equities Action, within

4

six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and the TPO hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and the TPO hereby stipulate that the Trustee's claims against the TPO in the Pergament Equities Action are dismissed without prejudice.

5. Upon the dismissal of defendant the TPO, the caption of the Pergament Equities Action is hereby amended to delete the TPO from the caption. The amended caption of the Pergament Equities Action shall appear as indicated in Exhibit A to this stipulation.

6. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

7. The TPO has reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

Dated: New York, New York
      January 14, 2014

| THE PLATZNER ORGANIZATION | IRVING H. PICARD, ESQ., TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC |
|---|---|
| By: _/s/ *Corey Platzner*_____<br>    Corey Platzner<br>    Title: Manager | By: _/s/ *Marc E. Hirschfield*_____<br>    David J. Sheehan<br>    Marc E. Hirschfield<br>    Oren J. Warshavsky<br>    Robertson D. Beckerlegge |
| Sworn to before me this<br>14th day of January, 2014 | BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York<br>Telephone: (212) 589-4200<br>Fax: (212) 589-4201 |
| _/s/ *Nancy E. Burrell*_____<br>Notary Public, State of New York<br>No. 4775833<br>Qualified in Westchester County<br>Commission Expires 8/31/17 | *Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* |
| WILLIAM T. BARBERA, ESQ. | D'ANDREA AND GOLDSTEIN |
| By: _/s/ *William T. Barbera*_____<br>    William T. Barbera<br>    Attorney at Law<br>    198 Sparks Avenue<br>    Pelham, NY 10803<br>    P: (914) 738-2266 | By: _/s/ *Vincent P. D'Andrea*_____<br>    Vincent P. D'Andrea<br>    Attorney at Law<br>    700-720 White Plains Road<br>    Scarsdale, NY 10583<br>    P: (914) 472-0800 |
| *Of Counsel D'Andrea and Goldstein* | *Attorneys for Defendant The Platzner Organization* |

Dated: New York, New York      **SO ORDERED:**
      May 1st, 2014

                                                     **By: _/s/ STUART M. BERNSTEIN_____**
                                                     **HON. STUART M. BERNSTEIN**
                                                     **UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>PERGAMENT EQUITIES, LLC, ROBERT PERGAMENT, and LOIS PERGAMENT,<br><br>       Defendants. | Adv. Pro. No. 10-04944 (SMB) |

300287972