STROOCK & STROOCK & LAVAN LLP
Joel Cohen
Michele Pahmer
Patrick N. Petrocelli
180 Maiden Lane
New York, New York 10038
Telephone:  (212) 806-5400
Facsimile:  (212) 806-6006

*Attorneys for Amy R. Roth*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>    Defendant. | Adv. Proc. No.: 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | Case No. 09-11893 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMY R. ROTH,<br><br>    Defendant. | Adv. Proc. No.: 10-05132 (SMB)<br><br>**ECF CASE** |

**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendant Amy R. Roth ("Defendant"), as and for her Answer to the Complaint, dated November 12, 2010 (the "Complaint"), through her attorneys Stroock & Stroock & Lavan LLP, states as follows:

## NATURE OF PROCEEDING

1. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 1 of the Complaint, except denies that Defendant received any avoidable transfers from Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. Denies the allegations set forth in paragraph 2 of the Complaint.

3. States that the allegations in paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 3 are denied, except that Defendant admits that the Trustee purports to seek the relief set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. States that the allegations in paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

5. States that the allegations in paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

6. States that the allegations in paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## DEFENDANT

7. States that Defendant no longer maintains her residence in Vail, Colorado, and otherwise admits the allegations set forth in paragraph 7 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

8. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 8 of the Complaint, and, with regard to the complaint referenced therein, respectfully refers the Court to that complaint for the contents thereof.

9. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 9 of the Complaint and, with regard to Judge Stanton's order referenced therein, respectfully refers the Court to that order for the contents thereof.

10. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 10 of the Complaint, and, with regard to the application referenced therein, respectfully refers the Court to that application for the contents thereof.

11. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 11 of the Complaint, and, with regard to Judge Stanton's order referenced therein, respectfully refers the Court to that order for the contents thereof.

12. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 12 of the Complaint, and, with regard to the Bankruptcy Court's orders referenced therein, respectfully refers the Court to those orders for the contents thereof.

13. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 13 of the Complaint, and, with regard to the plea hearing referenced therein, respectfully refers the Court to the transcript from that hearing for the contents thereof.

14. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 14 of the Complaint, and, with regard to the plea hearing referenced therein, respectfully refers the Court to the transcript from that hearing for the contents thereof.

15. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 15 of the Complaint.

16. States that the allegations in paragraph 16 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to respond to the allegations.

17. States that the allegations in paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to respond to the allegations.

18. Denies the allegations set forth in paragraph 18 of the Complaint as they relate to Defendant and otherwise denies knowledge or information sufficient to respond to the allegations.

## THE FRAUDULENT PONZI SCHEME

19. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 22 of the Complaint, and, with regard to the plea hearing referenced therein, respectfully refers the Court to the transcript from that hearing for the contents thereof.

23. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint as they relate to Defendant and otherwise denies knowledge or information sufficient to respond to the allegations.

26. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint as they relate to Defendant and otherwise denies knowledge or information sufficient to respond to the allegations.

29. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 33 of the Complaint.

## THE TRANSFERS

34. Denies the allegations set forth in paragraph 34 of the Complaint, except admits that Defendant maintained an account with BLMIS numbered 1R0041 and that Defendant duly executed the required agreements related to that account.

35. Denies the allegations set forth in paragraph 35 of the Complaint, except admits that Defendant made contributions into her account with BLMIS by depositing funds into the BLMIS bank account.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. States that the allegations in paragraph 37 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

38. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 38 of the Complaint, except admits that the Plaintiff purports to reserve certain rights.

39. States that the allegations in paragraph 39 of the Complaint contain legal conclusions to which no response is required.

## CUSTOMER CLAIMS

40. Admits the allegations set forth in paragraph 40 of the Complaint.

41. Admits the allegations set forth in paragraph 41 of the Complaint.

42. Admits the allegations set forth in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 43 of the Complaint and respectfully refers the Court to the Court's orders referenced therein for the contents thereof.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

44. With respect to paragraph 44 of the Complaint, incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

45.   Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 45 of the Complaint.

46.   States that the allegations in paragraph 46 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

47.   Denies the allegations set forth in paragraph 47 of the Complaint.

48.   Denies the allegations set forth in paragraph 48 of the Complaint.

49.   Denies the allegations set forth in paragraph 49 of the Complaint.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

50.   With respect to paragraph 50 of the Complaint, incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

51.   Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 51 of the Complaint.

52.   States that the allegations in paragraph 52 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

53.   Denies the allegations set forth in paragraph 53 of the Complaint.

54.   Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 54 of the Complaint.

55.   Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

**COUNT THREE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

59. With respect to paragraph 59 of the Complaint, incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

60. States that the allegations contained in paragraph 60 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

61. States that the allegations contained in paragraph 61 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

62. States that the allegations contained in paragraph 62 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

63. States that the allegations contained in paragraph 63 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT FOUR
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

64. With respect to paragraph 64 of the Complaint, incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

65. States that the allegations contained in paragraph 65 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

66. States that the allegations contained in paragraph 66 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

67. States that the allegations contained in paragraph 67 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

68. States that the allegations contained in paragraph 68 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

69. States that the allegations contained in paragraph 69 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

70. With respect to paragraph 70 of the Complaint, incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

71. States that the allegations contained in paragraph 71 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

72. States that the allegations contained in paragraph 72 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

73. States that the allegations contained in paragraph 73 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

74. States that the allegations contained in paragraph 74 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

75. States that the allegations contained in paragraph 75 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

# COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

76. With respect to paragraph 76 of the Complaint, incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

77. States that the allegations contained in paragraph 77 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

78. States that the allegations contained in paragraph 78 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

79. States that the allegations contained in paragraph 79 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

80. States that the allegations contained in paragraph 80 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

81. States that the allegations contained in paragraph 81 of the Complaint refer to a claim that was dismissed by the District Court and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further affirmative defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate. By designating these matters as "defenses,"

Defendant does not suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make a prima facie case on one or more of Plaintiff's claims against Defendant.

### First Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiff lacks standing to bring the causes of action alleged.

### Second Affirmative Defense

The Complaint is barred, in whole or in part, because the causes of action alleged are barred by the applicable statute of limitations.

### Third Affirmative Defense

The Plaintiff's claims against Defendant are not properly raised in the Bankruptcy Court because the Bankruptcy Court lacks subject matter jurisdiction over the action.

### Fourth Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiff failed to plead with sufficient particularity.

### Fifth Affirmative Defense

The Complaint is barred, in whole or in part, because any and all alleged transfers were in payment of a debt incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS, made in the ordinary course of business or financial affairs of BLMIS and the Defendant, and made according to ordinary business terms.

### Sixth Affirmative Defense

The Complaint is barred, in whole or in part, to the extent that BLMIS did not make the alleged transfers to or for the benefit of Defendant.

### Seventh Affirmative Defense

The Complaint is barred, in whole or in part, by 11 U.S.C. § 550(b).

### Eighth Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiff is barred from maintaining a fraudulent transfer action against Defendant, given that Defendant was among the parties that BLMIS sought to hinder, delay, and defraud.

### Ninth Affirmative Defense

The Complaint is barred, in whole or in part, because Defendant acted in good faith and without any fraudulent intent.

### Tenth Affirmative Defense

The Complaint is barred, in whole or in part, because of the doctrine of laches.

### Eleventh Affirmative Defense

The Complaint is barred, in whole or in part, because of the doctrine of estoppel.

### Twelfth Affirmative Defense

The Complaint is barred, in whole or in part, because of the doctrine of waiver.

### Thirteenth Affirmative Defense

The Complaint is barred, in whole or in part, because of the unclean hands of BLMIS.

### Fourteenth Affirmative Defense

The Complaint is barred, in whole or in part, because of the doctrine of in pari delicto.

### Fifteenth Affirmative Defense

The Complaint is barred, in whole or in part, by 11 U.S.C. § 546(e), because the alleged transfers were settlement payments made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency.

### Sixteenth Affirmative Defense

The Complaint is barred, in whole or in part, by 11 U.S.C. § 546(e), because the alleged transfers were made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency in connection with a securities contract.

### Seventeenth Affirmative Defense

The Complaint is barred, in whole or in part, because BLMIS never had a legal interest in the allegedly transferred funds, because all such funds were held by BLMIS in constructive trust or as bailee, and therefore the allegedly transferred funds are not property of the estate.

### Eighteenth Affirmative Defense

The Complaint is barred, in whole or in part, because of the single satisfaction rule.

### Nineteenth Affirmative Defense

The Complaint is barred, in whole or in part, because the alleged transfers satisfied an antecedent debt.

### Twentieth Affirmative Defense

Even if Plaintiff is entitled to the return of a sum equal to some or all of the alleged transfers, which Defendant denies, Plaintiff is not entitled to interest from the date(s) of those alleged transfers.

### Twenty-first Affirmative Defense

Any recovery herein is subject to a set-off due to the injuries caused to Defendant through fraud, breach of fiduciary duty, breach of contract, negligent misrepresentation and willful misconduct by Bernard L. Madoff and BLMIS.

**Twenty-second Affirmative Defense**

Defendant hereby asserts all other defenses available under federal law and under any applicable state law.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, Defendant hereby demands a trial by jury of all issues which may be tried by jury.

Dated: New York, New York
May 1, 2014

                STROOCK & STROOCK & LAVAN LLP

By:   s/ Joel Cohen
       Joel Cohen
       Michele Pahmer
       Patrick N. Petrocelli
       180 Maiden Lane
       New York, New York 10038
       Telephone:  (212) 806-5400
       Facsimile:  (212) 806-6006

*Attorneys for Amy R. Roth*