LOEB & LOEB LLP
P. Gregory Schwed
Walter H. Curchack
Daniel B. Besikof
345 Park Avenue
New York, New York  10154
Telephone:  212-407-4000
Facsimile:  212-407-4990

*Attorneys for Fiterman Investment Fund; Verdeway
Investment Partners LLC; Steven Fiterman,
individually, and in his capacity as General Partner
of Fiterman Investment Fund; Susan Fiterman,
individually, and in her capacity as General
Partner of Fiterman Investment Fund; Steven C.
Fiterman Living Trust dated 1/6/95, as amended;
Susan L. Fiterman Living Trust dated 1/6/95, as
amended*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No.08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantially Consolidated) |
| In Re: <br><br> BERNARD L MADOFF, <br><br> Debtor. | |
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FITERMAN INVESTMENT FUND; VERDEWAY | ADV. PRO. NO. 10-04354 (SMB) <br><br> **<u>JURY TRIAL DEMANDED</u>** |

INVESTMENT PARTNERS LLC; STEVEN
FITERMAN, individually, and in his capacity as
General Partner of FITERMAN INVESTMENT
FUND; SUSAN FITERMAN, individually, and in
her capacity as General Partner of FITERMAN
INVESTMENT FUND; STEVEN C. FITERMAN
LIVING TRUST DATED 1/6/95, AS AMENDED;
SUSAN L. FITERMAN LIVING TRUST DATED
1/6/95, AS AMENDED

                              Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Fiterman Investment Fund; Verdeway Investment Partners LLC (together, the
"Account Holders"), Steven Fiterman and Susan Fiterman, in their capacities as general partners
of the Fiterman Investment Fund (collectively with the Account Holders, the "Defendants");
Steven C. Fiterman, Susan L. Fiterman, Steven C. Fiterman Living Trust dated 1/6/95, as
amended and Susan L. Fiterman Living Trust dated 1/6/95, as amended (collectively, the
"Subsequent Transferee Defendants" and, collectively with the Defendants, the "Defendant
Parties"), as and for their answer to the complaint (the "Complaint")[1] filed against them in this
case by Plaintiff Irving H. Picard ("Plaintiff" or "Trustee"), as trustee for the liquidation of the
business of Bernard Madoff Investment Securities LLC ("Madoff Securities") under the
Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[2] and the substantively
consolidated estate of Bernard L. Madoff individually ("Madoff"), state to the Court as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such
terms in the Complaint.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

NY1272962.3
223067-10001

## NATURE OF PROCEEDINGS

1.       The Defendant Parties state that the allegations of paragraph 1 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny that any of the Defendant Parties received any avoidable transfers from Madoff Securities and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and on that basis deny the allegations.

2.       The Defendant Parties state that the allegations of paragraph 2 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis deny the allegations, except admit that certain Defendants received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

3.       The Defendant Parties state that the allegations of paragraph 3 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.  The Defendant Parties further deny the Trustee's characterizations throughout the Complaint of any of the Defendant Parties as a "Subsequent Transferee Defendant," which purport to state conclusions of law to which no response is required.[3]

---

[3] Paragraph 3 of the Complaint provides that "To the extent the funds transferred from BLMIS were for the benefit of the Subsequent Transferee Defendants, the Subsequent Transferee Defendants are the initial transferees of such transfers and are included in the definition of Defendants for purposes of the allegations herein."  The Defendant Parties deny that any payments were made "for the benefit" of the Subsequent Transferee Defendants and thus have based this answer on the definition of Defendants not including the Subsequent Transferee Defendants.

NY1272962.3
223067-10001

4.      The Defendant Parties state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties admit that paragraph 4 purports to summarize the action commenced by the Complaint, but deny that the Trustee is entitled to any relief of any kind against any of the Defendant Parties and deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 4, and on that basis deny the allegations.

## JURISDICTION AND VENUE

5.      The Defendant Parties state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis deny the allegations, except admit that this adversary proceeding was commenced before the same Court before whom the main underlying SIPA proceeding is pending.  The Defendant Parties further (i) deny that this Court has either jurisdiction over, or the constitutional authority to enter a final judgment in, this adversary proceeding, (ii) expressly do not consent to this Court's jurisdiction over non-core matters, (iii) expressly do not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution, (iv) demand a trial by jury before the District Court for the Southern District of New York (the "District Court"), (v) do not consent to a jury trial being held before this Court and (vi) reserve the right to seek further withdrawal of the reference of some or all of this matter to the District Court.

6.      The Defendant Parties state that the allegations of paragraph 6 are legal conclusions or arguments as to which no response is required.  To the extent a response is

4

required, the Defendant Parties deny the allegations contained in paragraph 6 and (i) expressly do not consent to this Court's jurisdiction over non-core matters, (ii) expressly do not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution, (iii) demand a trial by jury before the District Court, (iv) do not consent to a jury trial being held before this Court and (v) reserve the right to seek further withdrawal of the reference of this matter to the District Court.

7.      The Defendant Parties state that the allegations of paragraph 7 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis deny the allegations.

## DEFENDANTS

8.      The Defendant Parties deny that Fiterman Investment Fund maintains an address at 7575 Golden Valley Road, Suite 250, Golden Valley, MN 55427, admit that Fiterman Investment Fund maintains an address at 7575 Golden Valley Road, Suite 300, Golden Valley MN 55427 and admit the remaining allegations in paragraph 8.

9.      The Defendant Parties admit the allegations in paragraph 9.

10.     The Defendant Parties admit the allegations in paragraph 10.

11.     The Defendant Parties admit the allegations in paragraph 11.

12.     The Defendant Parties admit the allegations in paragraph 12.

13.     The Defendant Parties admit the allegations in paragraph 13.

## BACKGROUND, THE TRUSTEE AND STANDING

14.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis deny the allegations.

NY1272962.3
223067-10001

15.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis deny the allegations.

16.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis deny the allegations.

17.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis deny the allegations.

18.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis deny the allegations.

19.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis deny the allegations.

20.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20, and on that basis deny the allegations.

21.     The Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 that the Trustee is in the process of marshaling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customer of Madoff Securities for the billions of dollars that they invested over the years, and on that basis deny those allegations.  As to all other allegations contained in paragraph 21 of the Complaint, the Defendant Parties state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, deny those allegations on information and belief.

22.     The Defendant Parties state that the allegations of paragraph 22 are legal conclusions or arguments as to which no response is required.  To the extent a response is

NY1272962.3
223067-10001

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis deny the allegations.

23.     The Defendant Parties state that the allegations of paragraph 23 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis deny the allegations.

24.     The Defendant Parties state that the allegations of paragraph 24 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations.

## THE FRAUDULENT PONZI SCHEME

25.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis deny the allegations, except admit, upon information and belief, that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.

26.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis deny the allegations.

27.     The Defendant parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis deny the allegations.

28.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis deny the allegations, except admit that the Account Holders typically received monthly statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been traded through, the Accounts (defined below).

NY1272962.3
223067-10001

29.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis deny the allegations.

30.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis deny the allegations.

31.     The Defendant Parties deny (i) that any monies sent to Madoff Securities were used to enrich any of Fiterman or the Defendant Parties and (ii) that any of the Defendant Parties had any knowledge of the Madoff Securities Ponzi scheme, to the extent such scheme existed (which the Defendant Parties do not at this time concede).  The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and on that basis deny the allegations.

32.     The Defendant Parties state that the allegations of paragraph 32 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis deny the allegations.

33.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis deny the allegations.

34.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis deny the allegations, except admit that the Account Holder typically received monthly statements from Madoff Securities.

35.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35, and on that basis deny the allegations.

36.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36, and on that basis deny the allegations.

NY1272962.3
223067-10001

37.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37, and on that basis deny the allegations.

38.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38, and on that basis deny the allegations.

39.     The Defendant Parties state that the allegations of paragraph 39 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 39, and on that basis deny the allegations.

## THE TRANSFERS

40.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40, and on that basis deny the allegations, except admit that account numbers 1F0085 and 1V0019 (the "Accounts") were maintained with Madoff Securities and that the Account Holders were party to certain documents in connection with the Accounts.

41.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41, and on that basis deny the allegations, except (i) admit that certain funds were transmitted to Madoff Securities by wire, check and/or inter-account transfer for application to the Accounts and the purported conducting of trading activities and (ii) refer the Court to the Account Agreements for the specific terms thereof.

42.     The Defendant Parties state that the allegations of paragraph 42 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42, and on that basis deny the allegations, except admit

NY1272962.3
223067-10001

that certain Defendants received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

43.     The Defendant Parties state that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 43, except admit that certain Defendants received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

44.     The Defendant Parties state that the allegations of paragraph 44 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44, and on that basis deny the allegations, except admit that certain Defendants received certain transfers from, and made certain transfers to, Madoff Securities during the two years prior to the Filing Date.

45.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45, and on that basis deny the allegations, except admit that certain funds were transferred to one or more of the Subsequent Transferee Defendants.

46.     The Defendant Parties state that the allegations of paragraph 46 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 46.

47.     The Defendant Parties state that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

NY1272962.3
223067-10001

the truth of the allegations of paragraph 47, and on that basis deny the allegations, except admit

that certain Defendants received certain transfers from, and made certain transfers to, Madoff

Securities over the history of the accounts.

48.     The Defendant Parties state that the allegations of paragraph 48 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny (i) the allegations of paragraph 48, (ii) that they were aware,

or should have been aware, of any irregularities in their BLMIS accounts that would have

provided them with inquiry notice of Madoff's fraud, and (iii) that the Trustee has any right or

basis to "supplement the information regarding the Transfers and the Subsequent Transfers and

any additional transfers" or to "seek recovery of some or all of the full history of all of the full

history of principal of $5,807,282" that were allegedly made to Defendants.

49.     The Defendant Parties state that the allegations of paragraph 49 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 49, and on that basis deny the allegations.

## CUSTOMER CLAIMS

50.     The Defendant Parties admit the allegations of paragraph 50.

51.     The Defendants admit the allegations of paragraph 51.

52.     The Defendants admit the allegations of paragraph 52.

53.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 53, and on that basis deny the allegations.

NY1272962.3
223067-10001

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

54.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 53 as if fully set forth herein.

55.     The Defendant Parties state that the allegations of paragraph 55 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 55, and on that basis deny the allegations.

56.     The Defendant Parties state that the allegations of paragraph 56 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis deny the allegations.

57.     The Defendant Parties state that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 57, and on that basis deny the allegations.

58.     The Defendant Parties state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 58.

59.     The Defendant Parties state that the allegations of paragraph 59 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 59.

NY1272962.3
223067-10001

**COUNT TWO**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551[4]**

60.    The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 59 as if fully set forth herein.

61.    The Defendant Parties state that the allegations of paragraph 61 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 61, and on that basis deny the allegations.

62.    The Defendant Parties state that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 62, and on that basis deny the allegations.

63.    The Defendant Parties state that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 63.

64.    The Defendant Parties state that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 64, and on that basis deny the allegations.

65.    The Defendant Parties state that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is

---

[4] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1272962.3
223067-10001

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 65, and on that basis deny the allegations.

66.    The Defendant Parties state that the allegations of paragraph 66 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 66, and on that basis deny the allegations.

67.    The Defendant Parties state that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 68.

68.    The Defendant Parties state that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 68.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[5]

69.    The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 68 as if fully set forth herein.

70.    The Defendant Parties state that the allegations of paragraph 70 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 70, and on that basis deny the allegations.

---

[5] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

14

71.     The Defendant Parties state that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 71, and on that basis deny the allegations.

72.     The Defendant Parties state that the allegations of paragraph 72 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 72, and on that basis deny the allegations.

73.     The Defendant Parties state that the allegations of paragraph 73 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 73.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[6]

74.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 73 as if fully set forth herein.

75.     The Defendant Parties state that the allegations of paragraph 75 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 75, and on that basis deny the allegations.

---

[6] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

15

76.     The Defendant Parties state that the allegations of paragraph 76 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 76, and on that basis deny the allegations.

77.     The Defendant Parties state that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 77.

78.     The Defendant Parties state that the allegations of paragraph 78 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 78, and on that basis deny the allegations.

79.     The Defendant Parties state that the allegations of paragraph 79 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny paragraph 79.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[7]

80.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 79 as if fully set forth herein.

81.     The Defendant Parties state that the allegations of paragraph 81 are legal conclusions or arguments as to which no response is required.  To the extent a response is

---

[7] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1272962.3
223067-10001

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 81, and on that basis deny the allegations.

82.     The Defendant Parties state that the allegations of paragraph 82 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 82, and on that basis deny the allegations.

83.     The Defendant Parties state that the allegations of paragraph 83 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 83.

84.     The Defendant Parties state that the allegations of paragraph 84 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 84, and on that basis deny the allegations.

85.     The Defendant Parties state that the allegations of paragraph 85 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 85.

**COUNT SIX**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[8]**

86.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 85 as if fully set forth herein.

---

[8] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1272962.3
223067-10001

87.    The Defendant Parties state that the allegations of paragraph 87 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 87, and on that basis deny the allegations.

88.    The Defendant Parties state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 88, and on that basis deny the allegations.

89.    The Defendant Parties state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 89.

90.    The Defendant Parties state that the allegations of paragraph 90 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 90, and on that basis deny the allegations.

91.    The Defendant Parties state that the allegations of paragraph 91 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 91.

NY1272962.3
223067-10001

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a) AND 551[9]

92.    The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 91 as if fully set forth herein.

93.    The Defendant Parties state that the allegations of paragraph 93 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 93.

94.    The Defendant Parties state that the allegations of paragraph 94 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 94, and on that basis deny the allegations.

95.    The Defendant Parties state that the allegations of paragraph 95 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 95, and on that basis deny the allegations.

96.    The Defendant Parties state that the allegations of paragraph 96 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 96.

---

[9] This cause of action, to the extent it is not predicated on 11 U.S.C. §§ 548(a)(1)(A) and 550(a), has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1272962.3
223067-10001

97.     The Defendant Parties state that the allegations of paragraph 97 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 97.

## RESPONSE TO PRAYER FOR RELIEF

98.     The Defendant Parties assert that the items contained in the prayer for relief constitute legal conclusions or arguments as to which no response is required.  To the extent any response is required, the Defendant Parties deny, *inter alia*, (i) that judgment should be entered in favor of the Trustee against any of the Defendant Parties on any grounds, (ii) that the Trustee is entitled to prejudgment interest from the date on which the Transfers were purportedly received (or at all), (iii) that a constructive trust should be established over the proceeds of the purported Transfers in favor of the Trustee for the benefit of the Madoff Securities estate, (iv) that the Defendants' (or any of the Defendant Parties') income tax refunds from the United States, state and local governments paid on so-called "fictitious profits" during the course of the purported scheme should be assigned to the Trustee or any other party, (v) that the Trustee is entitled to any interest, costs or expenses in connection with this action and (vi) that the Trustee is entitled to any other relief against any of the Defendant Parties.

## DEFENSES

The Defendant Parties assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," the Defendant Parties do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  The Defendant Parties do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the

NY1272962.3
223067-10001

Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against the Defendant Parties.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101). In the event that subsequent legal developments further alter the claims available to the Trustee, the Defendant Parties hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.

The Defendant Parties reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

### FIRST DEFENSE

99.    The Complaint fails to state a claim against the Defendant Parties upon which relief may be granted.

### SECOND DEFENSE

100.    The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (i) failing to describe each specific transfer and its recipients, and

NY1272962.3
223067-10001

each subsequent transfer and its recipients, and improperly combining allegations, causes of action and requests for relief as to all of the Defendants or Defendant Parties; (ii) failing to plead fraud with particularity; and (ii) failing to allege facts sufficient to demonstrate that any transfers allegedly made to the Defendant Parties were made with actual intent to hinder, delay or defraud customers of Madoff Securities or that any of the Defendant Parties acted in anything other than good faith.

### THIRD DEFENSE

101.    This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and the Defendant Parties do not consent to the entry of a final order and judgment by the Bankruptcy Court.  The Defendant Parties further demand a trial by jury.

### FOURTH DEFENSE

102.    The claims against the Defendant Parties fail for lack of personal jurisdiction.

### FIFTH DEFENSE

103.    The Trustee lacks standing, in whole or in part, to bring the claims asserted.

### SIXTH DEFENSE

104.    The claims set forth in the Complaint are not ripe, and the Trustee lacks standing, because the claims do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

### SEVENTH DEFENSE

105.    The transfers are not avoidable and/or recoverable because the funds at issue were held in trust, or as bailee for the Defendant Parties, by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

NY1272962.3
223067-10001

**EIGHTH DEFENSE**

106.    To the extent the allegations in the Complaint concerning the alleged Ponzi scheme perpetrated by Madoff Securities are true,[10] then Madoff Securities acquired by fraud all of the funds that were the subject of the purported Transfers.  Because Madoff Securities acquired such funds by fraud, Madoff Securities never acquired legal or beneficial ownership of the funds, such that the purported Transfers were not comprised of, and did not involve, any property of Madoff Securities.

**NINTH DEFENSE**

107.    The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations. Absent an action to avoid Madoff Securities' obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts.  To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

**TENTH DEFENSE**

108.    The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

**ELEVENTH DEFENSE**

109.    The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and

---

[10] The Defendant Parties lack knowledge or information sufficient to form a belief with respect to the truth of those allegations, and thus deny those allegations.

NY1272962.3
223067-10001

sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law

with sufficient particularity and factual support.

## TWELFTH DEFENSE

110.     The claims are barred in whole or part by waiver and/or laches.

## THIRTEENTH DEFENSE

111.     The claims are barred in whole or part by applicable limitations periods.

## FOURTEENTH DEFENSE

112.     The claims are barred in whole or part by res judicata, collateral estoppel, and/or

issue preclusion.

## FIFTEENTH DEFENSE

113.     The claims against the Defendant Parties fail for insufficient process and

insufficient service of process.

## SIXTEENTH DEFENSE

114.     The alleged transfers, to the extent they were actually received by any Defendant

Party, were taken for value and in good faith, as provided by sections 548(c) and 548(d) of the

Bankruptcy Code.  They are thus not avoidable or recoverable as against any of the Defendant

Parties under sections 548 and 550 of the Bankruptcy Code, and the Defendant Parties are

entitled (i) to retain the alleged transfers, (ii) to a lien on the alleged transfers and (iii) to a

reduction in the amount of any liability to the Trustee, in each case to the extent of any value or

consideration provided or caused to be provided by any Defendant Party to Madoff Securities.

## SEVENTEENTH DEFENSE

115.     The alleged transfers, to the extent they were actually received by any Defendant

Party alleged to have been a subsequent transferee, were taken for value, in good faith, and

without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code.  They

NY1272962.3
223067-10001

are thus not avoidable or recoverable as against any Defendant Party alleged to have been a

subsequent transferee under sections 548 and 550 of the Bankruptcy Code.

## EIGHTEENTH DEFENSE

116.     The alleged transfers, to the extent they were actually received by any Defendant

Party, were taken without actual fraudulent intent and for fair consideration, as provided by

section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against any Defendant Party under sections 544 and 550 of the Bankruptcy Code

or sections 272 through 276 of the New York Debtor and Creditor Law.

## NINETEENTH DEFENSE

117.     The alleged transfers, to the extent they were actually received by any Defendant

Party, were taken for fair consideration and without knowledge of the fraud, as provided by

section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against the Defendant Parties under Sections 544 and 550 of the Bankruptcy Code

or sections 272 through 276 of the New York Debtor and Creditor Law.

## TWENTIETH DEFENSE

118.     The alleged transfers are exempt from avoidance and recovery in whole or part

under section 546(e) of the Bankruptcy Code, including, *inter alia*, because the transfers (i) were

made by or to a stockbroker and/or financial institution, in connection with a securities contract

and/or (ii) constituted a settlement payment made by or to a stockbroker and/or financial

institution.

## TWENTY-FIRST DEFENSE

119.     Each claim for recovery of a fraudulent transfer is barred in whole or in part

(whether by virtue of the "value" defense, setoff or equitable adjustment) because, to the extent

any alleged transfers were actually received by any Defendant Party, the Defendant Party

NY1272962.3
223067-10001

received such transfer in good faith, without knowledge of the alleged fraud, and in payment of

an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities for,

*inter alia*, (i) amounts contractually due to customers under New York law for the balances

shown on prior customer account statements and related documents; (ii) rescission remedies,

including damages and interest for fraud and misrepresentation pursuant to federal and state law;

(iii) inflation or the time value of money, generally; (iv) unjust enrichment; (v) damages for

breach of fiduciary duty; and/or (vi) money had and received.

### TWENTY-SECOND DEFENSE

120.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or

equitable or other adjustment to the extent that such transfers were, in whole or in part, used to

pay tax obligations imposed on so-called "fictitious profits" reported on, among other things,

IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue

Service, state and/or local governmental taxing authorities.  Any Defendant Party through which

transfers for tax payments flowed acted as a mere conduit for those funds.

### TWENTY-THIRD DEFENSE

121.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or

equitable or other adjustment to the extent that such transfers were, in whole or in part, used by

the Defendant Parties to satisfy funding or other commitments to organizations that meet the

requirements for tax-exempt status.

### TWENTY-FOURTH DEFENSE

122.    The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to the applicable two-year or six-year

"reach-back" limitations period.

NY1272962.3
223067-10001

### TWENTY-FIFTH DEFENSE

123.    The claims are barred in whole or part for failure of the Trustee to credit amounts

deposited or invested by any Defendant Party with Madoff Securities during the applicable two-

year or six-year "reach-back" limitations period.

### TWENTY-SIXTH DEFENSE

124.    The claims are barred in whole or part to the extent any Defendant Party

deposited any amounts directly or indirectly with Madoff Securities or through a feeder fund or

other investment vehicle.

### TWENTY-SEVENTH DEFENSE

125.    The claims are barred in whole or part for failure to properly credit inter-account

transfers.

### TWENTY-EIGHTH DEFENSE

126.    The claims are barred in whole or part for failure to properly account for the time

value of money through an interest, inflation or other time value-type adjustment to principal

deposits.

### TWENTY-NINTH DEFENSE

127.    Even if the transfers were avoidable, the transfers may not be recovered as the

Defendant Parties are not initial transferees of the transfers, entities for whose benefit the

transfers were made, or immediate or mediate transferees of the transfers.

### THIRTIETH DEFENSE

128.    The Complaint fails to state a claim on which relief can be granted because it fails

to sufficiently trace the funds at issue from Madoff Securities to the individual Defendant Parties

and to sufficiently plead that any particular Defendant Party actually received any particular

transfer.

NY1272962.3
223067-10001

## THIRTY-FIRST DEFENSE

129.    To the extent any claim relating to any particular transfer is asserted against more than one of the Defendant Parties, the Trustee would be entitled to, at most, a single satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code and/or under New York law.

## THIRTY-SECOND DEFENSE

130.    Recovery of attorneys' fees from the Defendant Parties is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because, *inter alia*, such fees are not a "transfer" or "conveyance" under applicable law.

## THIRTY-THIRD DEFENSE

131.    Even if the Trustee is entitled to the return of some or all of the alleged transfers sought by the Complaint (which he is not), he is not entitled to interest from the date of each alleged transfer or any other date.

## THIRTY-FOURTH DEFENSE

132.    The Complaint must be dismissed to the extent that, *inter alia*, certain of the Defendant Parties are immune from suit under applicable law and/or the assets of certain of the Defendant Parties are exempt from attachment, and are not otherwise subject to collection, by creditors of such Defendant Parties.

## THIRTY-FIFTH DEFENSE

133.    The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

NY1272962.3
223067-10001

### THIRTY-SIXTH DEFENSE

134.    The Trustee's claims are barred, in whole or in part, by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and Madoff Securities) are imputed to the Trustee.

### THIRTY-SEVENTH DEFENSE

135.    The Trustee's "Net Investment Method" for calculating the Defendant Parties' alleged fraudulent transfer liability should be adjusted to provide the Defendant Parties with a credit for inflation, interest, time value of money, reinvestment during the applicable limitations period, inter-account transfers and other relevant factors.

### THIRTY-EIGHTH DEFENSE

136.    Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

### THIRTY-NINTH DEFENSE

137.    The Defendant Parties adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that such defenses may be applicable to any of the Defendant Parties.

### FORTIETH DEFENSE

138.    The Trustee's claims are barred, in whole and/or in part, because Madoff Securities was not, upon information and belief, insolvent at the time of the transfers allegedly received by the Defendant Parties, and Madoff Securities was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

NY1272962.3
223067-10001

## FORTY-FIRST DEFENSE

139.    The Trustee's claims are barred, in whole and/or in part, because the enforcement of relief alleged against the Defendant Parties, victims of the Madoff fraud, would be unconscionable and a violation of public policy.

## FORTY-SECOND DEFENSE

140.    The Trustee's claims against the Defendant Parties are barred because the Trustee suffered no damages proximately caused by the Defendant Parties.

## FORTY-THIRD DEFENSE

141.    The Trustee's claims are barred in whole or in part against each Defendant Party to the extent any Defendant Party did not receive, or acted as a conduit in respect of, the transfers underlying such claim, and the Complaint insufficiently pleads receipt of the transfers by the Defendant Parties.

## FORTY-FOURTH DEFENSE

142.    The Trustee's claims against the Defendant Parties fail to the extent they seek to impose joint and several liability on the Defendant Parties because there is no basis for such relief.

143.    Any transfers received by the Defendant Parties are not subject to avoidance or recovery by reason of Bankruptcy Code section 548(c), Bankruptcy Code 550(b), and/or N.Y. DCL sections 273-276 or 278 because, subsequent to such transfers, the Accounts were replenished and, as a result, BLMIS received value in exchange for such transfers and/or as a result the estate was not diminished.

NY1272962.3
223067-10001

## RESERVATION OF RIGHTS

144.    The Defendant Parties hereby give notice that they intend to rely upon any other

defenses that may become available or appear during the pre-trial proceedings based upon

evidence obtained through discovery or otherwise and hereby reserve the right to amend their

answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

145.    The Defendant Parties expressly reserve all rights with respect to all

counterclaims or cross claims that may be revealed during the course of discovery.

## JURY DEMAND

146.    The Defendant Parties demand trial by jury of all the issues in this proceeding that

are so triable and do not consent to trial by jury in the Bankruptcy Court.

NY1272962.3
223067-10001

WHEREFORE, the Defendant Parties demand judgment dismissing the Complaint, with

costs.

Dated:    New York, New York
          May 1, 2014

                              LOEB & LOEB LLP


                          By: /s/ Daniel B. Besikof
                              P. Gregory Schwed
                              Walter H. Curchack
                              Daniel B. Besikof
                              345 Park Avenue
                              New York, NY  10154
                              Tel:  212-407-4000
                              Fax:  212-407-4990
                              e-mail:    gschwed@loeb.com
                                         wcurchack@loeb.com
                                         dbesikof@loeb.com


                              *Attorneys for Fiterman Investment Fund; Verdeway
                              Investment Partners LLC; Steven Fiterman,
                              individually, and in his capacity as General Partner
                              of Fiterman Investment Fund; Susan Fiterman,
                              individually, and in her capacity as General
                              Partner of Fiterman Investment Fund; Steven C.
                              Fiterman Living Trust dated 1/6/95, as amended;
                              Susan L. Fiterman Living Trust dated 1/6/95, as
                              amended*

NY1272962.3
223067-10001