David J. Eiseman
Douglas L. Furth
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Counsel for Defendant Queensgate Foundation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | : | |
| v. | : | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | (Substantively Consolidated) |
| Defendant. | : | |

-------------------------------------------------------------X

| | |
|---|---|
| In re | : |
| BERNARD L. MADOFF, | : |
| Debtor. | : |

-------------------------------------------------------------X

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : | Adv. Pro. No. 10-05077 (SMB) |
| Plaintiff, | : | |
| v. | : | |
| QUEENSGATE FOUNDATION, | : | |
| Defendant. | : | |

-------------------------------------------------------------X

## ANSWER
**(Jury Demanded)**

1983984.3

Queensgate Foundation, defendant (the "Defendant") in the above-captioned adversary proceeding, by and through his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, as and for his Answer to the Complaint of Irving H. Picard, as Trustee (the "Trustee" or "Plaintiff") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), states as follows:

## NATURE OF PROCEEDING

1. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of Paragraph 2 of the Complaint, except that Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the purpose for which this action is brought.

3. Defendant denies the allegations of Paragraph 3 of the Complaint, except that Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to what the Trustee seeks.

## JURISDICTION AND VENUE

4. Defendant admits the allegations pertaining to the SIPA Proceeding and District Court Proceeding contained in Paragraph 4 of the Complaint, and otherwise states that the allegations of Paragraph 4 state legal conclusions as to which no response is required.

5. Paragraph 5 of the Complaint states legal conclusions as to which no response is required.

6. Paragraph 6 of the Complaint states legal conclusions as to which no response is required.

## PARTIES

7. Defendant admits the allegations of Paragraph 7, except that Defendant denies that the list of cultural and educational organizations is complete or accurate.

## BACKGROUND, THE TRUSTEE AND STANDING

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint pertaining to the Trustee's process of marshaling assets or whether such assets will be sufficient to reimburse the customers of BLMIS, and otherwise states that the allegations of this paragraph state legal conclusions as to which no response is required.

16.     Paragraph 16 of the Complaint states legal conclusions as to which no response is required.

17.     Paragraph 17 of the Complaint states legal conclusions as to which no response is required.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

## THE FRAUDULENT PONZI SCHEME

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Complaint.

## THE TRANSFERS

34. Defendant admits the allegations of Paragraph 34 of the Complaint that it had an account known as No. 1Q0001 in the name of "Queensgate Foundation c/o Tag Associates Ltd.", and that Defendant entered into a Customer Agreement, Option Agreement, and Trading Authorization Limited to Purchases and Sales of Securities and Options with BLMIS. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph.

35. Defendant admits the allegations of Paragraph 35 of the Complaint that it made deposits to BLMIS through checks and/or wire transfers to an account that appears to have the

4

1983984.3

same last four digits of the BLMIS Bank Account referenced in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint pertaining to the Trustee's investigation, and otherwise states that the allegations of Paragraph 38, including whether the Trustee has reserved any rights, state legal conclusions as to which no response is required.

39. Paragraph 39 of the Complaint states legal conclusions as to which no response is required.

## COUNT ONE

40. With respect to Paragraph 40 of the Complaint, Defendant repeats each admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 39 of this Answer as if fully set forth herein.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

5

1983984.3

## COUNT TWO

46. With respect to Paragraph 46 of the Complaint, Defendant repeats each admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 45 of this Answer as if fully set forth herein.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

## COUNT THREE

55. With respect to Paragraph 55 of the Complaint, Defendant repeats each admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 54 of this Answer as if fully set forth herein.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

## COUNT FOUR

60. With respect to Paragraph 60 of the Complaint, Defendant repeats each admission, denial and denial of knowledge or information sufficient to form a belief contained in

Paragraphs 1 through 59 of this Answer as if fully set forth herein.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

## COUNT FIVE

66. With respect to Paragraph 66 of the Complaint, Defendant repeats each admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 65 of this Answer as if fully set forth herein.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

## COUNT SIX

72. With respect to Paragraph 72 of the Complaint, Defendant repeats each admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 71 of this Answer as if fully set forth herein.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Complaint.

1983984.3

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

78. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

79. The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

80. The Trustee's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

81. The transfers alleged in the Complaint may not be avoided or recovered because the alleged transfers do not involve property of the estate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

82. The transfers alleged in the Complaint may not be avoided or recovered because each such transfer satisfies an antecedent debt owed to Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

83. The transfers alleged in the Complaint may not be avoided or recovered because reasonably equivalent value was given in exchange for such transfers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

84. The transfers alleged in the Complaint may not be avoided or recovered because fair consideration was given in exchange for such transfers.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

85. The transfers alleged in the Complaint may not be avoided or recovered because Defendant acted in good faith and without fraudulent intent.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

86. The transfers alleged in the Complaint may not be avoided or recovered because any transfers from BLMIS are settlement payments within the meaning of section 546(e) of the Bankruptcy Code.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

87. The transfers alleged in the Complaint may not be avoided or recovered because the Trustee is not entitled to any recovery by virtue of section 550(b) and (e) of the Bankruptcy Code.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

88. Defendant hereby asserts all of its rights to set-off, recoupment, credits, or other equitable rights.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

89. The Court lacks jurisdiction or power to finally determine this adversary proceeding or to decide any contested matter which would have the effect of determining this adversary proceeding. Defendant does not consent to the entry of a final order or judgment by the Court.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

90. The Trustee's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, and/or *in pari delicto*.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

91. The transfers alleged in the Complaint may not be avoided or recovered because, pursuant to section 548(c) of the Bankruptcy Code, Defendant has a lien on and may retain the transfers at issue to the extent that Defendant gave value and acted in good faith.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

92. The Trustee's claims are not ripe because he has failed to demonstrate that the conditions of 15 U.S.C. section 78fff-2(c)(3) have been met.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

93. The Trustee lacks standing to assert the claims in the Complaint.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

94. Defendant is a victim of BLMIS's fraud and any claims against him should be dismissed as against public policy.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

95. As Defendant did not participate in any wrongful conduct of any kind or nature whatsoever, it is inequitable to proceed against Defendant unless and until the Trustee has exhausted his remedies against other parties that engaged in wrongful conduct in respect to BLMIS.

### RESERVATION OF RIGHTS

96. In asserting the foregoing affirmative defenses, Defendant does not assume the burden of proof on any issue that would otherwise rest on the Trustee.

97. The Defendant reserves the right to amend this Answer to assert additional defenses, or to amend its present defenses, when and if, in the course of discovery or preparation for trial it becomes appropriate to assert or amend such affirmative defenses.

### JURY DEMAND

98. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 9015 of the Federal Rule of Bankruptcy Procedure, Defendant demands a trial by jury as to all issues which may be heard by a jury.

1983984.3

**WHEREFORE**, Defendant respectfully requests that the Court enter an order dismissing the Complaint in its entirety with prejudice, awarding to Defendant costs incurred in defending this action, and for such further relief as the Court deems just and proper.

Dated: New York, New York
May 2, 2014

**GOLENBOCK EISEMAN ASSOR BELL
 & PESKOE LLP**
437 Madison Avenue
New York, New York 10022
(212 907-7300

By: /s/ David J. Eiseman
    David J. Eiseman

*Counsel to Defendant Queensgate Foundation*

11