UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, IRVING B. KAHN FOUNDATION, INC., a Delaware corporation, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, CHARLES READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, and JOSEPH S. EASTERN, as trustee and as an individual,<br><br>Defendants. | Adv. Pro. No. 10-04490 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT
PREJUDICE DEFENDANT CHARLES READ**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against

Lucky Company, Charles Read ("Read"), and others (the "Action") (Adv. Pro. No. 10-04490 (SMB)); and

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, defendant Read represents as follows:

1. In or about 2004, my father, Leslie Read, invested $5,000 cash for me in an account with Lucky Company.

2. In or about 2006, I made a deposit of $10,000 cash into my account with Lucky Company, and deposited another $20,000 in 2007, making my total investment $35,000. I did not invest any other money with Lucky Company.

3. I never withdrew or received any money from Lucky Company and never directed anyone to withdraw money on my behalf.

4. I am informed and believe that Lucky Company in turn invested with BLMIS. I never invested directly with BLMIS and never received any money from BLMIS.

5. I lost the entire $35,000 I invested with Lucky Company.

6. I received K-1's from Lucky Company. I never received K-1's or any other documents from BLMIS.

**WHEREAS**, in support of defendant Read's position, he has provided the following documentation to the Trustee:

1. 2004 Schedule K-1 issued by Lucky Company to defendant Read.

2. 2005 Schedule K-1 issued by Lucky Company to defendant Read.

3. 2006 Schedule K-1 issued by Lucky Company to defendant Read.

4. 2007 Schedule K-1 issued by Lucky Company to defendant Read.

5. 2008 Schedule K-1 issued by Lucky Company to defendant Read.

6.      An accounting prepared by Lucky Company showing capital contributions and no withdrawals, as well as cancelled checks supporting the capital contributions.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendant Read as follows:

1.      The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2.      Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant Read hereby stipulate that the Trustee's claims against defendant Read in the Action are dismissed without prejudice and without costs to either the Trustee or defendant Read.

3.      Notwithstanding the foregoing, defendant Read and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant Read, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant Read is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendant Read in connection with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant Read hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4.      Upon the dismissal of defendant Read, the caption of the Action is hereby amended to delete defendant Read from the caption. The amended caption of the Action shall

appear as indicated in Exhibit A to this stipulation.

5.  This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument.  A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6.  Defendant Read has reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

Dated: New York, New York
      May 2, 2014

Of Counsel:

**BAKER & HOSTETLER LLP**

11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*


*/s/ Charles Read*
Charles Read
Defendant


**PLUMMER & PLUMMER, LLP**

By: */s/ W. Hubert Plummer*
77 Arkay Drive, Suite H
Hauppauge, New York 11788
Telephone: 631.231.3717
W. Hubert Plummer
Email: whp@plummerlaw.com

*Attorneys for Defendant Charles Read*


Dated: New York, New York
      May 5th, 2014

**SO ORDERED**


By: */s/ STUART M. BERNSTEIN*
   **HONORABLE STUART M. BERNSTEIN**
   **UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, IRVING B. KAHN FOUNDATION, INC., a Delaware corporation, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, and JOSEPH S. EASTERN, as trustee and as an individual,<br><br>        Defendants. | Adv. Pro. No. 10-04490 (SMB) |