STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone:  631-732-2000
Facsimile:  631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION            Adv. Proc. No.
CORPORATION,                              08-01789 (SMB)

           Plaintiff-Applicant,      SIPA LIQUIDATION

      v.                                  ·(Substantively
                       Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

         Defendant.
------------------------------------x
In Re:

BERNARD L. MADOFF,

         Debtor.
------------------------------------x
IRVING H. PICARD, Trustee for the         Adv. Proc. No.
Liquidation of Bernard L. Madoff          10-04947 (SMB)
Investment Securities LLC,

        Plaintiff,

      v.

MARJORIE MOST,

        Defendant.
------------------------------------x

**CERTIFICATION OF GOOD FAITH EFFORT TO ATTEMPT TO CONFER BEFORE
SEEKING AN ORDER QUASHING THE SUBPOENAS ISSUED BY PLAINTIFF AND
GRANTING A PROTECTIVE ORDER**

most-134

Paula J. Warmuth, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am a member of the law firm of Stim & Warmuth, P.C., attorneys for the defendant in the above-referenced action.  I am duly admitted to practice law in the State of New York and before this Court.

2.  I respectfully submit this declaration to certify that a good faith attempt to confer in an effort to resolve this disclosure dispute has been made.

3.  On March 27, 2014, I responded to the Trustee's objections to Marjorie Most's disclosure (exhibit J).  I objected to disclosure beyond the two year period in issue and I objected to producing Marjorie Most's bank statements.  In particular, I stated as follows:

> You have requested that my clients provide their bank statements showing deposit of the BLMIS withdrawals.  My clients will not provide their bank statements.  My clients have already answered under oath that they received the funds they withdrew from their brokerage accounts with BLMIS between December 11, 2006 and December 11, 2008 on or about the dates and in the amounts set forth in Exhibit B to the amended complaints (with the exception of the one withdrawal Marjorie Most could not confirm because of the lack of page 2 of Marjorie Most's January 17, 2008 statement from BLMIS) and that they used the funds for their personal benefit.  There is no dispute about my client receiving the money from BLMIS.  Anything beyond that is beyond the scope of discovery.

2

4.   I never received a response to this letter.

5.   On May 5, 2014, I again wrote to the attorneys for the Trustee and explained my objections to the subpoenas and asked that the subpoenas be withdrawn (exhibit K).  Mr. Matthias, the attorney for the Trustee, sent me an email stating that he would respond to my email but as of yet I have not received a response (exhibit M).

6.   No previous request for the relief sought herein has been made by the defendant to this or any other Court.

7.   I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Farmingville, NY
        May 6, 2014

                         STIM & WARMUTH, P.C.

                         By:/s/_____
                            PAULA J. WARMUTH
                            Attorney for Defendant,
                            Marjorie Most
                            2 Eighth Street
                            Farmingville, NY 11738
                            Telephone:  631-732-2000
                            Facsimile:  631-732-2662
                            Paula J. Warmuth
                            Email:  pjw@stim-warmuth.com
                            Glenn P. Warmuth
                            Email:  gpw@stim-warmuth.com

3