**EXHIBIT J**

## Stim & Warmuth, P.C.
### Attorneys at Law

2 EIGHTH STREET
Farmingville, New York 11738

PAULA J. WARMUTH
GLENN P. WARMUTH

JOSEPH D. STIM (1949-2003)

TELEPHONE 631-732-2000
FAX 631-732-2662

March 27, 2014

Michael J. Durkheimer, Esq.
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025-0509

RE: Picard - Michael Most
    Adv. Pro. No. 10-04941 (SMB)
    Picard - Marjorie Most
    Adv. Pro. No. 10-04947 (SMB)

Dear Mr. Durkheimer:

I am in receipt of your letter dated March 13, 2014 claiming that the defendants, Michael and Marjorie Most, have made inadequate responses to the Trustee's discovery requests.

Thank you for providing page 2 of Marjorie Most's January 17, 2008 statement from BLMIS. I will be supplementing the Marjorie Most discovery request(s) based upon this information.

I have reviewed your rest of your objections and find that none of them have any merit. My clients stand by their responses to the discovery requests.

In particular, I note that your claim that you do not understand a response to an admission with the phrase "denies except admits." This term is commonly used and means that the admission will not be admitted on the terms you use but instead will be set forth on the terms my clients' use. My clients will not adopt your terms.

You claim that my clients must give disclosure for 6 year transfers even though judgments have been entered dismissing the 6 year transfers. It is my opinion that this puts the discovery requests for

Michael J. Durkheimer, Esq.
March 27, 2014
page 2

the 6 year transfers outside of the scope of discovery.

As you know, the Trustee is appealing the dismissal of the 6 year transfers. I suggested to Mr. Matthias that it would make sense to adjourn the dates for the responses to the Trustee's discovery requests until after the Trustee's appeal was decided so that the attorneys would know if the 6 year transfers were back in the lawsuits. This request to adjourn was to accommodate you. However, you insisted on going forward despite the fact that the Trustee's appeal was not decided. This was your choice and you must live with your choice.

You have requested that my clients provide their bank statements showing deposit of the BLMIS withdrawals. My clients will not provide their bank statements. My clients have already answered under oath that they received the funds they withdrew from their brokerage accounts with BLMIS between December 11, 2006 and December 11, 2008 on or about the dates and in the amounts set forth in Exhibit B to the amended complaints (with the exception of the one withdrawal Marjorie Most could not confirm because of the lack of page 2 of Marjorie Most's January 17, 2008 statement from BLMIS) and that they used the funds for their personal benefit. There is no dispute about my client receiving the money from BLMIS. Anything beyond that is beyond the scope of discovery.

I stand by my citation to NY state case law. The case law refers to discovery requests which are a new kind of abuse, undue burden, "fishing expedition" and failure to describe documents with

Michael J. Durkheimer, Esq.
March 27, 2014
page 3

"reasonable particularity."  That is the basis of this objection  I also refer you to my General Objections And Reservations Of Rights including but not limited to ¶2 in which my clients object to any overly broad and burdensome interpretation that the Trustee might attempt to place on these requests.

This letter is sent without prejudice to all rights and remedies.  This letter represents my good faith effort to resolve this discovery dispute.

Very truly yours,

PAULA J. WARMUTH/swii
cc: Michael and Marjorie Most
indy-30