STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone: 631-732-2000
Facsimile: 631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
SECURITIES INVESTOR PROTECTION              Adv. Proc. No.
CORPORATION,                                08-01789 (SMB)

        Plaintiff-Applicant,               SIPA LIQUIDATION

    v.                                    (Substantively
                                             Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
-----------------------------------------x
In Re:

BERNARD L. MADOFF,

        Debtor.
-----------------------------------------x
IRVING H. PICARD, Trustee for the           Adv. Proc. No.
Liquidation of Bernard L. Madoff            10-04941 (SMB)
Investment Securities LLC,

        Plaintiff,

    v.

MICHAEL MOST,

        Defendant.
-----------------------------------------x

**DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE SEEKING ENTRY OF
AN ORDER QUASHING THE SUBPOENAS ISSUED BY PLAINTIFF AND
GRANTING A PROTECTIVE ORDER**

most-134

PAULA J. WARMUTH, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the law firm of Stim & Warmuth, P.C., attorneys for the defendant in the above-referenced action. I am duly admitted to practice law in the State of New York and before this Court.

2. I respectfully submit this declaration to provide the Court with true and correct copies of the documents listed below that are referenced in the memorandum of law in support of defendant's motion seeking entry of an order quashing the subpoenas issued by plaintiff and granting a protective order.

### The Underlying Action

3. This is an adversary proceeding by the Trustee. A copy of the amended complaint is annexed as <u>exhibit A</u>. A copy of Michael Most's answer to the amended complaint is annexed as <u>exhibit B</u>. Michael Most's answer alleged denials and affirmative defenses including 11 U.S.C. § 546(e).

4. The Trustee originally sought to recover money under five different theories of fraudulent transfer.

5. Michael Most moved to withdraw the reference on several grounds including the issue of whether, in light of the holding in *Picard v. Katz*, No. 11 Civ. 3605 (JSR) (S.D.N.Y. Sept. 27,

2

2011), 11 U.S.C. § 546(e) applies, limiting the trustee's ability to avoid transfers.

6. Withdrawal of the reference on this issue was granted and thereafter, a consent order was entered granting certification pursuant to Fed. R. Civ. P. 54(b) for entry of final judgment dismissing certain claims and actions. In the consent order, there is a recital that the Trustee does not challenge the good faith of the initial or subsequent transferee(s). A copy of the consent order is annexed as <u>exhibit C</u>. Michael Most and his spouse, Marjorie Most, are covered by the consent order - see #378 and #379 of Exhibit C, pages 71 and 72 of the order.

7. The defendant's action was consolidated under the action captioned *Picard v. Ida Fishman Revocable Trust,* No. 11-cv-7603, and a judgment was entered on May 23, 2012 by the Hon. Jed S. Rakoff, U.S.D.J., dismissing all claims for preferences under 547 of the Bankruptcy Code, constructive fraudulent transfers under 548(a)(1)(B) of the Bankruptcy Code and actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by 544(d) of the Bankruptcy Code (judgment annexed as <u>exhibit D</u>).

8. This judgment left only one remaining claim against the defendant – the two year transfers under 548(a)(1)(A) of the Bankruptcy Code made by BLMIS with actual intent to hinder, delay or defraud.

9. The parties have engaged in discovery and the defendant has admitted that the defendant received funds from his BLMIS brokerage account between December 11, 2006 and December 11, 2008 on or about the dates and in the amount set forth in Exhibit B to the amended complaint. A copy of defendant's response to requests for admissions is annexed as <u>exhibit E</u> – see responses to requests 1, 2 and 3.

10. The Trustee has now issued subpoenas to HSBC Bank USA, N.A., Wells Fargo Bank, N.A. and Wells Fargo Advisors, LLC, seeking extensive account information such as monthly statements, wire transfers and checks for several bank/brokerage accounts for a seven year period for Michael Most and his spouse. Redacted copies of the subpoenas are annexed as <u>exhibits F, G and H respectively</u>.

### Relief Requested

11. The defendant, Michael Most, is asking the Court:

    1) for the issuance and entry of an order pursuant to Fed. R. Civ. P. 45(3)(A)(iii) and 26(c)(1)(D) and Bankruptcy Rule 9016(3)(A)(iii) and 7026(c)(1)(D) quashing

the following subpoenas issued by counsel to Irving H. Picard, as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78111 *et seq* and the estate of Bernard L. Madoff, individually:

    a.  Subpoena issued by counsel for plaintiff to HSBC Bank USA, N.A., c/o David E. Brodsky, James Corsiglia & Marla Decker, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, NY, NY 10006 to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) regarding Michael Most's accounts.

    b.  Subpoena issued by counsel for plaintiff to Wells Fargo Advisors, LLC, c/o Beverly Jo Slaughter, Esq., Managing Counsel, Wells Fargo Law Department, One North Jefferson Avenue, MAC H0004-101, St. Louis, MO 63103 to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) regarding Michael Most's accounts.

    c.  Subpoena issued by counsel for plaintiff to Wells Fargo Bank, N.A., c/o Beverly Jo Slaughter, Esq., Managing Counsel, Wells Fargo Law Department, One North Jefferson Avenue, MAC H0004-101, St. Louis, MO 63103 to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) regarding Michael Most's accounts.

because the documentation and information demanded is not relevant, is outside the scope of the Order Establishing Litigation Case Management Procedures for Avoidance Procedures dated November 10, 2010, Exhibit A, The Avoidance Procedures, para. (4)(G), is outside of the scope of the two year period of the alleged claim, it subjects the defendant to annoyance, embarrassment, oppression and is overbroad, and it violates the defendant's constitutional right of privacy, and

08-01789-cgm    Doc 6543    Filed 05/06/14    Entered 05/06/14 19:12:21    Main Document
Pg 6 of 7

2) for the issuance and entry of a protective order for the same reasons prohibiting plaintiff from inquiry into defendant's and defendant's spouse's banking/brokerage records, and

3) for such other and further relief as to the Court is just and proper.

12. As set forth more fully in the memorandum of law in support, the subpoenas seek information which is not relevant, is outside the scope of the Order Establishing Litigation Case Management Procedures for Avoidance Procedures dated November 10, 2010, Exhibit A, The Avoidance Procedures, para. (4)(G), is outside of the scope of the two year period of the alleged claim, it subjects the defendant to annoyance, embarrassment, oppression and is overbroad, and it violates the defendant's constitutional right of privacy. A copy of the Order Establishing Litigation Case Management Procedures for Avoidance Procedures dated November 10, 2010 is annexed as <u>exhibit I</u>.

13. The defendant seeks a stay of the enforcement or compliance with the above-described subpoenas. If the defendant's bank/brokerage records are produced, the defendant will be substantially and irreparably prejudiced and harmed, his privacy invaded, and he will be subjected to annoyance,

embarrassment and oppression. There is no good faith reason behind such subpoenas. It is not your typical fishing expedition. It is oppressive conduct fueled by a multi-million dollar-compensated Trustee trying to scare into submission one ill man in his seventies (see seventeenth affirmative defense in answer, exhibit B).

14. No previous request for the relief sought herein has been made by the defendant to this or any other Court.

15. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   Farmingville, NY
         May 6, 2014

                STIM & WARMUTH, P.C.

                By:/s/_____
                  PAULA J. WARMUTH
                  Attorney for Defendant,
                  Michael Most
                  2 Eighth Street
                  Farmingville, NY 11738
                  Telephone:  631-732-2000
                  Facsimile:  631-732-2662
                  Paula J. Warmuth
                  Email:  pjw@stim-warmuth.com
                  Glenn P. Warmuth
                  Email:  gpw@stim-warmuth.com