**EXHIBIT B**

STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone: 631-732-2000
Facsimile: 631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
SECURITIES INVESTOR PROTECTION          Adv. Proc. No.
CORPORATION,                            08-01789 (BRL)

        Plaintiff-Applicant,           SIPA LIQUIDATION

      v.                              (Substantively
                                                    Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
----------------------------------------x
In Re:

BERNARD L. MADOFF,

        Debtor.
----------------------------------------x
IRVING H. PICARD, Trustee for the       Adv. Proc. No.
Liquidation of Bernard L. Madoff        10-04941 (BRL)
Investment Securities LLC,

        Plaintiff,

      v.

MICHAEL MOST,

        Defendant.
----------------------------------------x

most-134

ANSWER OF DEFENDANT, MICHAEL MOST, TO AMENDED COMPLAINT

The defendant, Michael Most, by his attorneys, Stim & Warmuth, P.C., in response to the amended complaint dated January 3, 2012, alleges as follows upon information and belief:

1. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the amended complaint except admits, upon information and belief, that Madoff entered a guilty plea and refers to the transcript of his allocution for its content.

2. That the defendant denies the allegations in paragraphs 2, 3, 4, 5, 6, 28, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 84, 85, 86, 87 and 88 of the amended complaint.

3. That the defendant admits the allegations contained in paragraph 7 of the amended complaint.

4. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the amended complaint except refers to the SEC complaint against BLMIS and Madoff for its content, and footnote 2 alleges conclusions of law to which no response is required.

5. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the amended complaint except refers to the December 12, 2008 order for its content.

6. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the amended complaint except refers to the referenced SIPC application for its content.

7. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the amended complaint except refers to the December 15, 2008 Protective Decree for its content.

8. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the amended complaint except refers to the referenced orders for their content.

9. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the amended complaint except admits, upon information and belief, that Madoff entered a guilty plea and refers to the transcript of his allocution for its content.

10. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph

14 of the amended complaint except admits, upon information and belief, that DiPascali entered a guilty plea and refers to the transcript of his allocution for its content.

11. Paragraph 15 alleges conclusions of law to which no response is required. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the amended complaint.

12. Paragraphs 16 and 17 allege conclusions of law to which no response is required.

13. Paragraph 18 alleges conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations in paragraph 18 of the amended complaint.

14. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the amended complaint except admits that BLMIS was founded by Bernard L. Madoff, was a SEC-registered broker dealer and member of SIPC, and was comprised of at least the three business.

15. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraphs

20, 21, 23, 24, 25, 27, 29, 30, 31, 32 and 33 of the amended complaint.

16. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the amended complaint except admits that defendant received monthly statements from BLMIS in addition to trade confirmations and quarterly reports.

17. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the amended complaint except avers that payments to investors were legally required.

18. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the amended complaint except admits that there were periodic customer statements, confirmations and other communications made by BLMIS and sent to defendant.

19. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the amended complaint except refers to customer claim for its contents.

20. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph

46 of the amended complaint except refers to determination for its contents.

21. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 48 of the amended complaint except refers to the claims procedure order for its content.

22. That the defendant denies the allegations of paragraphs 49, 56, 66, 71, 77 and 83 to the same extent that same have previously been denied.

For a First Affirmative Defense

23. The complaint and each of its counts fails to state a claim on which relief can be granted.

For a Second Affirmative Defense

24. The plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

For a Third Affirmative Defense

25. The plaintiff's claims are barred, in whole or in part, because the defendant acted in good faith and without fraudulent intent.

For a Fourth Affirmative Defense

26. The plaintiff's claims are barred, in whole or in part, because the defendant took every transfer from BLMIS for value and in good faith and the defendant gave value to the debtor in

exchange for such transfer (Section 548(c) of the Bankruptcy Code).

### For a Fifth Affirmative Defense

27. The plaintiff's claims are barred, in whole or in part, because the debtor did not receive less than reasonably equivalent value in exchange for any transfer to the defendant.

### For a Sixth Affirmative Defense

28. The plaintiff's claims are barred, in whole or in part, because each transfer to the defendant was made for value and fair consideration.

### For a Seventh Affirmative Defense

29. The plaintiff's claims are barred, in whole or in part, because each transfer to the defendant was a transfer on account of an antecedent debt.

### For a Eighth Affirmative Defense

30. The plaintiff's claims are barred, in whole or in part, by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code.

### For a Ninth Affirmative Defense

31. The plaintiff's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code.

### For a Tenth Affirmative Defense

32. The plaintiff states no claim for assignment of defendant's tax refunds.

### For a Eleventh Affirmative Defense

33. The plaintiff's claims are barred, in whole or in part, because the plaintiff has not demonstrated that he will not recover enough property to satisfy customer claims.

### For a Twelfth Affirmative Defense

34. The plaintiff's claims are barred, in whole or in part, by the doctrine of set-off.

### For a Thirteenth Affirmative Defense

35. The plaintiff's claims are barred, in whole or in part, because the plaintiff has failed to show that any transfer received by defendant was made in furtherance of a fraudulent scheme rather than because it was legally mandated.

### For a Fourteenth Affirmative Defense

36. The plaintiff's claims are barred, in whole or in part, because the plaintiff has failed to show that any transfer received by defendant was made with the actual intent to hinder, delay, or defraud any creditor rather than because it was legally mandated.

### For a Fifteenth Affirmative Defense

37. That the plaintiff's claims violate defendant's rights under the Florida Homestead Exemption.

### For a Sixteenth Affirmative Defense

38. That the defendant received taxable distributions from BLMIS.

39. That BLMIS was required to report such taxable distributions to the Internal Revenue Service and the applicable State.

40. That BLMIS reported such taxable distributions to the Internal Revenue Service and the applicable State.

41. That by reason of the aforesaid, the defendant paid income tax to the Internal Revenue Service and the applicable State on the taxable distributions from BLMIS.

42. That the time of the defendant to amend his income tax returns with respect to some of these taxable distributions from BLMIS has passed and the defendant cannot recover the taxes he paid to the Internal Revenue Service and the applicable State.

43. That to the extent the defendant paid income tax on taxable distributions from BLMIS and cannot recover same, the plaintiff should be barred from any recovery.

### For a Seventeenth Affirmative Defense

44. That the defendant is over the age of seventy-three years of age.

45. That the defendant's spouse is over the age of seventy-one years of age.

46. That the defendant is retired.

47. That the defendant's spouse is retired.

48. That the defendant is suffering from a deteriorating disc disease.

49. That the defendant is suffering from a macular hole in his right eye which impairs his vision.

50. That the defendant's spouse is ill with thyroid cancer.

51. That the defendant sold his businesses and has no ability to return to work in such businesses.

52. That the defendant does not receive a pension.

53. That the defendant's spouse does not receive a pension.

54. That the defendant fully invested his IRA funds with BLMIS.

55. That the defendant's spouse fully invested her IRA funds with BLMIS.

56. That the defendant has a child who has a major mental illness which requires the defendant to provide support for her in part.

57. That the defendant was required to withdraw funds from his account with BLMIS to pay for the medical treatment of his child who has a major mental illness.

58. That the defendant is the victim of the fraud.

59. That the defendant's spouse is a victim of the fraud.

60. That the defendant had no knowledge of the fraud and did not participate in the fraud.

61. That the defendant's spouse had no knowledge of the fraud and did not participate in the fraud.

62. That by reason of the aforesaid, the plaintiff is not entitled to equitable relief.

### For a Eighteenth Affirmative Defense

63. That the holding in *Picard v. Katz*, No. 11 Civ. 3605 (JSR) (S.D.N.Y. Sept. 27, 2001), bars the claims for fraudulent transfers except claims for actual fraud under § 548(a)(1)(A) of the Bankruptcy Code.

### For a Nineteenth Affirmative Defense

64. Defendant is subject to the "safe harbor" set forth in § 546(e) of the Bankruptcy Code.

### For a Twentieth Affirmative Defense

65. That the two-year look back period in § 548 of the Bankruptcy Code applies to both receipts and disbursements and

not receipts and disbursements over the course of the defendant's investment with BLMIS.

### For a Twenty-First Affirmative Defense

66. That the SIPA requires the plaintiff to apply a constant dollar approach when calculating any recovery for fictitious profits.

### For a Twenty-Second Affirmative Defense

67. That the final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial Power" that the Bankruptcy Court lacks.

### For a Twenty-Third Affirmative Defense

68. That the Bankruptcy Court lacks the authority to render findings of fact and conclusions of law before final resolution of the fraudulent transfer claims.

### For a Twenty-Fourth Affirmative Defense

69. That the defendant received taxable distributions from BLMIS.

70. That BLMIS was required to report such taxable distributions to the Internal Revenue Service and the applicable State.

71. That BLMIS reported such taxable distributions to the Internal Revenue Service and the applicable State.

72. That by reason of the aforesaid, the defendant was required to pay income tax to the Internal Revenue Service and the applicable State on the taxable distributions from BLMIS.

73. That by reason of the aforesaid, the defendant was required to make withdrawals from his account with BLMIS to pay such income taxes.

74. That to the extent the defendant was required to make withdrawals from his account with BLMIS to pay such income taxes, the plaintiff should be barred from any recovery.

### For a Twenty-Fifth Affirmative Defense

75. That the plaintiff has only instituted avoidance actions against those who received over $500,000 in allegedly "fictitious profits."

76. That by reason thereof, $500,000 should be deducted from the damages plaintiff is seeking.

### For a Twenty-Sixth Affirmative Defense

77. That the defendant had an IRA account with BLMIS.

78. That over the term of said IRA account the defendant deposited $3,788,782.50.

79. That over the term of said IRA account the defendant withdrew $350,000.

80. That the defendant has lost $3,438,782.50 of principal in said IRA account.

81. That said loss should be offset against any damages sought herein.

### For a Twenty-Seventh Affirmative Defense

82. That the plaintiff has stated that any deposits prior to 2002 will be included in the determination of each customer's net equity.

83. That the defendant made total deposits going back to 1992 of $2,620,000.

84. That the defendant is entitled to credit for said deposits in the calculation of any damages sought herein.

### For a Twenty-Eighth Affirmative Defense

85. Defendant hereby asserts all defenses available under federal law and under any applicable state law. Additional facts may be revealed in discovery Defendant hereby asserts all defenses available under federal law and under any applicable state law. Additional facts may be revealed in discovery or otherwise that support additional defenses presently available, but unknown, to defendant. Defendant therefore reserves his right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE, the defendant, Michael Most, respectfully requests judgment dismissing plaintiff's amended complaint in

its entirety together with the costs, disbursements and attorney's fees.

Dated:   Farmingville, NY
         January 17, 2012

                        STIM & WARMUTH, P.C.

                        By: _____
                            PAULA J. WARMUTH
                            Attorney for Defendant,
                            Michael Most
                            2 Eighth Street
                            Farmingville, NY 11738
                            Telephone:  631-732-2000
                            Facsimile:  631-732-2662
                            Paula J. Warmuth
                            Email:  pjw@stim-warmuth.com
                            Glenn P. Warmuth
                            Email:  gpw@stim-warmuth.com

TO:

BAKER & HOSTETLER LLP
Attorneys for Plaintiff
David J. Sheehan, Esq.
email:  dsheehan@bakerlaw.com
Marc E. Hirschfield, Esq.
email:  mhirschfield@bakerlaw.com
Michael R. Matthias, Esq.
email:  mmathias@bakerlaw.com
Karen Law, Esq.
email:  klaw@bakerlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

------------------------------x

In Re:

BERNARD L. MADOFF,

    Debtor.

------------------------------x

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04941 (BRL) |
| Plaintiff, | |
| v. | |
| MICHAEL MOST, | |
| Defendant. | |

---

**ANSWER OF DEFENDANT, MICHAEL MOST, TO AMENDED COMPLAINT**

---

# STIM & WARMUTH, P.C.
Attorneys for Defendant, Michael Most
Office and Post Office Address
**2 Eighth Street**
Farmingville, New York 11738
Phone: (631) 732-2000    Fax: (631) 732-2662