# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | 12-MC-0115 (JSR) |
| Plaintiff, | |
| v. | CONSENT ORDER GRANTING CERTIFICATION PURSUANT TO FED. R. CIV. P. 54(b) FOR ENTRY OF FINAL JUDGMENT DISMISSING CERTAIN CLAIMS AND ACTIONS |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| MADOFF SECURITIES | |
| PERTAINS TO: | |
| All actions listed on Exhibits A, B and C. | |

JED S. RAKOFF, U.S.D.J.:

**WHEREAS:**

A.    On April 27, 2012 the Court entered an Order (ECF No. 57) dismissing certain claims, as discussed below, of Irving H. Picard (the "Trustee"), in his capacity as the trustee in the liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, in the adversary proceedings identified in Exhibit A (the Greiff, Blumenthal, Goldman and Hein groups of actions, collectively, the "Decided Actions"), except for those claims proceeding under Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code ("Order"). On April 30, 2012, the

Court entered an Opinion and Order (ECF No. 72) explaining the reasons for its decision. Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), __ F. Supp. 2d __, 2012 WL 1505349 (S.D.N.Y. Apr. 30, 2012) ("Opinion"). On May ___, 2012 (ECF No. ___), the Court entered a Supplemental Opinion and Order making explicit that Section 546(e) of the Bankruptcy Code applies to the Trustee's claims in the above actions for avoidance and recovery of preferences under Section 547 of the Bankruptcy Code ("Supplemental Opinion"). None of the Trustee's claims in the Decided Actions challenged the good faith of the initial or subsequent transferee(s).

B.       The claims dismissed by the Order, Opinion and Supplemental Opinion are those asserted by the Trustee that sought avoidance of: (1) preferences under Section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code; and (3) actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by Section 544(b) of the Bankruptcy Code (collectively, the "Dismissed Claims").

C.       Counsel for the Trustee has advised the Court that the Trustee intends to: (1) appeal to the United States Court of Appeals for the Second Circuit ("Court of Appeals") the Court's dismissal of the Dismissed Claims, and (2) request the entry of final judgment in a limited number of Decided Actions that are fully disposed of by the Order because the complaints or amended complaints therein do not allege any transfers to such defendants that occurred within the two-year period covered by Section 548(a)(1)(A) of the Bankruptcy Code.

D.       Counsel for the defendants in the Decided Actions have advised the Court that they wish to seek, and counsel for the Trustee has advised the Court that the Trustee is amenable to, the entry of an order of the Court granting certification for the entry of final judgment

dismissing the Dismissed Claims, pursuant to Fed. R. Civ. P. 54(b), in all of the Decided Actions because there is no just cause for delay in the entry of judgment. Counsel for these defendants further submit that their affected clients will be spared the cost and burden of having to remain as parties to the actions pending further proceedings until the entry of final judgment adjudicating all claims against all defendants in each action.

E.     The Trustee also commenced one or more other adversary proceedings, listed on Exhibit B (collectively, the "Withdrawn 546(e) Actions"), in which: (1) the Trustee asserted claims for avoidance and recovery that are substantively identical to the Dismissed Claims, (2) this Court previously entered orders withdrawing the reference and scheduling briefing and argument on a motion to dismiss based on the same issues involving Section 546(e) of the Bankruptcy Code that were decided by the Court in the Order and Opinion; and (3) such briefing and argument was suspended at the direction of the Court pending issuance of the Order and Opinion and the consolidation of certain other matters before the Court for common briefing and argument to the Court.

A.     In addition to the Decided Actions and the Withdrawn 546(e) Actions, the Trustee commenced a substantial number of other adversary proceedings, listed on Exhibit C (collectively, excluding the Decided Actions and the Withdrawn 546(e) Actions, the "Eligible Actions"), in which: (1) the Trustee asserted claims for avoidance and recovery that are substantively identical to the Dismissed Claims, and (2) the Court has not yet entered an order determining a motion for withdrawal of the reference.

B.     In order to facilitate a coordinated, single appeal from the dismissal of claims in the Decided Actions, the Withdrawn 546(e) Actions and the Eligible Actions: (1) subject to a reservation of rights further set out below, the Trustee and the Securities Investor Protection

3

Corporation ("SIPC") are amenable to the withdrawal of the reference in any action in which (a)

a motion to withdraw the reference has been filed with respect to whether 11 U.S.C. § 546(e)

applies, limiting the Trustee's ability to avoid transfers,, but which motion has not yet been

determined by the Court, and (b) the Trustee does not challenge the good faith of the initial or

subsequent transferee(s); and (2) subject to the inclusion of procedures set out below by which

defendants in Eligible Actions may opt-out of the Judgment and, instead, continue to litigate

issues related to Section 546(e) of the Bankruptcy Code in this Court under a common briefing

procedure to be separately implemented by the Court, the Trustee is amenable and consents to

the entry of an order under Rule 54(b) for the entry of final judgment dismissing all of the

Trustee's claims therein that are coextensive with the Dismissed Claims in the Decided Actions.


**THE COURT THEREFORE FINDS, CONCLUDES AND ORDERS AS FOLLOWS:**

**A.**  **Withdrawal of Reference In Adversary Proceedings**
      **Where No Prior Withdrawal Order Was Entered**

　　　1.　　The reference is deemed withdrawn from the Bankruptcy Court in each of the

Eligible Actions for the limited purpose of deciding whether Section 546(e) of the Bankruptcy

Code applies, limiting the Trustee's ability to avoid transfers.

**B.**  **Certain Reservations of Rights**

　　　2.　　The Trustee and SIPC shall be deemed to have preserved all arguments with

respect to the application of Section 546(e) to the Trustee's claims in the Withdrawn 546(e)

Actions and the Eligible Actions.  The defendants in the Withdrawn 546(e) Actions shall be

deemed to have preserved and made all arguments relating to the application and effect of

Section 546(e) of the Bankruptcy Code that were raised in the motions to dismiss in the Decided

Actions.

3.      All objections and arguments that could be raised by the Trustee and/or SIPC to
any motion to withdraw the reference, and all defenses and responses that could be raised in
opposition to the Trustee and/or SIPC's objections and arguments, are preserved.

C.      **Rule 54(b) Certification and Interlocutory Appeal**

4.      The entry of final judgment dismissing the Dismissed Claims ("Rule 54(b)
Judgment") in the Decided Actions, the Withdrawn 546(e) Actions and the Eligible Actions
pursuant to Fed. R. Civ. P. 54(b) is appropriate. To permit entry of final judgment under Fed. R.
Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided
within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason
for delay. In re Air Crash at Belle Harbor, N.Y., 490 F.3d 99, 108-09 (2d Cir. 2007).

5.      The complaints or amended complaints, as the case may be, filed in the Decided
Actions, the Withdrawn 546(e) Actions and the Eligible Actions allege multiple claims. The
complaints and amended complaints in those actions assert, among others, claims that seek
avoidance of actual fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code,
avoidance of constructive fraudulent transfers pursuant to Section 548(a)(1)(B) of the
Bankruptcy Code, avoidance of actual *or* constructive fraudulent conveyances pursuant to state
avoidance statutes incorporated through Section 544 of the Bankruptcy Code and, in some
instances, avoidance of preferences pursuant to Section 547 of the Bankruptcy Code. In
addition, many of the complaints and amended complaints filed by the Trustee name multiple
defendants.

6.      The Rule 54(b) Judgment to be entered will finally decide and ultimately dispose
of at least one claim and, in many instances, multiple claims, asserted by the Trustee in each of
the Decided Actions and the Withdrawn 546(e) Actions and, to the extent that they do not opt-

out of the Rule 54(b) Judgment pursuant to this Order, the Eligible Actions. *See* <u>Curtiss-Wright</u>
<u>Corp. v. General Elec. Co.</u>, 446 U.S. 1 (1980). By reason of the Court's determination that
Section 546(e) applies to the Dismissed Claims, any counts in each complaint or amended
complaint that seeks avoidance of constructive fraudulent transfers pursuant to Section
548(a)(1)(B) of the Bankruptcy Code, avoidance of actual *or* constructive fraudulent
conveyances pursuant to state avoidance statutes incorporated through Section 544 of the
Bankruptcy Code, and/or avoidance of preferences pursuant to Section 547 of the Bankruptcy
Code, are finally determined and dismissed against the Trustee. The Trustee's remaining claims
are limited only to those that are proceeding under Sections 548(a)(1)(A) and 550(a) of the
Bankruptcy Code ("<u>Remaining Claims</u>"), and such claims would not be dismissed by reason of a
judgment dismissing the Dismissed Claims. The Dismissed Claims and the Remaining Claims
are separable, *see* <u>Cullen v. Margiotta</u>, 811 F.2d 698, 711 (2d Cir. 1987), and because of the
application of Section 546(e) the Remaining Claims by the Trustee can be decided independently
of the Dismissed Claims. *See* <u>Ginett v. Computer Task Group</u>, 962 F.2d 1085, 1094 (2d Cir.
1992).

   7. There is no just reason for delay in the entry of final judgment dismissing the
Dismissed Claims. In light of the number of adversary proceedings, claims and defendants
affected by dismissal of the Dismissed Claims pursuant to the Order, the interests of sound
judicial administration and the realization of judicial efficiencies are served by the entry of such
final judgment and the opportunity for an immediate appeal. *See* <u>Advanced Magnetics, Inc. v.</u>
<u>Bayfront Partners, Inc.</u>, 106 F.3d 11, 16 (2d Cir. 1997) (entry of judgment on certain claims
pursuant to Rule 54(b) avoids potentially expensive and duplicative trials).

8.    Because the Rule 54(b) Judgment and the dismissal of the Dismissed Claims affect hundreds of adversary proceedings commenced by the Trustee and hundreds of defendants named in those complaints or amended complaints, an immediate appeal would avoid protracted, expensive and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals. *E.g.*, Consolidated Edison, Inc. v. Northeast Util., 318 F. Supp. 2d 181, 196-97 (S.D.N.Y. 2004); Kramer v. Lockwood Pension Servs., Inc., 653 F. Supp. 2d 354, 397-98 (S.D.N.Y. 2009) (interlocutory appeal appropriate to consider a case of unusual significance "going well beyond run-of-the-mill concerns of parties"); Brown v. Bullock, 294 F.2d 415, 417 (2d Cir. 1961) (Friendly, J.) (interlocutory appeal appropriate where the "determination was likely to have precedential value for a large number of other suits" pending in the District Court).

**D.    Procedures Relating to the Consolidated Entry
of Judgment and the Commencement of An Appeal**

9.    The Eligible Actions, Withdrawn 546(e) Actions, and Decided Actions are consolidated under the action captioned Picard v. Ida Fishman Revocable Trust, No. 11-cv-7603 (JSR) (S.D.N.Y.) (the "Fishman Action"), but solely with respect to and for the purposes of entry of judgment on the Dismissed Claims, and not with respect to the Trustee's claims proceeding under Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code. The Court will administer the consolidated proceedings under the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

     Plaintiff,

  v.

IDA FISHMAN REVOCABLE TRUST, *et al.*,

     Defendants.

Consolidated Case No.
11-cv-7603 (JSR)

ECF Case

   10.  A single Rule 54(b) judgment shall be entered in the Fishman Action, which (subject to the opt-out procedures set out below) shall govern all of the Decided Actions, the Withdrawn 546(e) Actions and the Eligible Actions. The Rule 54(b) judgment shall be entered only in the Fishman Action.

   11.  Counsel for the Trustee, SIPC and the lead counsel in the Decided Actions and the Withdrawn 546(e) Actions shall submit an agreed form of the proposed Rule 54(b) Judgment not later than May 21, 2012. If the parties cannot agree on the form of such judgment, each of the Trustee and SIPC, on one hand, and the group of lead counsel for the Decided Actions and the Withdrawn 546(e) Actions, on the other hand, may submit a proposed form of judgment and the Court will consider and determine the form of Rule 54(b) Judgment to be entered.

   12.  Any appeal from the Rule 54(b) Judgment that the Trustee and/or SIPC may be entitled to file will be taken only from the judgment entered in the Fishman Action. Subject to the opt-out procedures below, the Rule 54(b) Judgment and the Trustee's notice of appeal shall be deemed entered in all of the Eligible Actions, the Decided Actions and the Withdrawn 546(e) Actions, without further notice or action. Notwithstanding the foregoing, the Trustee and SIPC shall not be prevented from filing additional separate notices of appeal in any of the Decided

8

Actions, the Withdrawn 546(e) Actions or the Eligible Actions if the Trustee and SIPC

determine the need to do so to preserve the right to appeal. There will be no right of cross-appeal

as to any of the Rule 54(b) judgments entered in the Fishman Action or in any other action in

which the Trustee determines to file a notice of appeal, so as to limit the number and scope of

appellate proceedings.

   13. Neither the Trustee nor SIPC shall file any notice of appeal until the expiration of

the opt-out period set forth in Paragraph 14 below.

   14. Any defendant in an Eligible Action or a Withdrawn 546(e) Action shall be

entitled to opt-out of the procedures established by this Order and to continue to litigate issues

related to Section 546(e) in this Court pursuant to a common briefing schedule and procedure to

be separately implemented by the Court. The defendant may opt-out by notifying the Trustee in

writing that such defendant does not consent to the entry of a Rule 54(b) Judgment. To be

effective and binding, such written election must be received by the Trustee and filed with the

District Court in the docket of the Fishman Action not later than fourteen (14) days after the date

of entry of this Order. For all other purposes, common briefing on Section 546(e) issues will

proceed before the District Court pursuant to a separate order of the Court. The defendants in

Eligible Actions and Withdrawn 546(e) Actions that do not elect to opt-out under this paragraph

shall be deemed to have preserved and made all arguments relating to the application and effect

of Section 546(e) of the Bankruptcy Code that were raised in the motions to dismiss in the

Decided Actions.

      SO ORDERED.

Dated: New York, New York
     May 14, 2012

                               _____
                                  JED S. RAKOFF, U.S.D.J.

| | | | |
|---|---|---|---|
| 372. | *Picard v. Benjamin W. Roth and Marion B. Roth* | 12-cv-02157-JSR | Michele L. Palmer (mpalmer@stroock.com) Strook & Stroock & Lavan, LLP Melvin A. Brosterman (mbrosterman@stroock.com) Danielle Alfonzo Walsman (dwalsman@stroock.com) Christopher Guhin (cguhin@stroock.com) Michele L. Palmer (mpalmer@stroock.com) |
| 373. | *Picard v. The Gloria Albert Sandler and Maurice Sandler Revocable Living Trust, et al.* | 12-cv-02158-JSR (Joined *Picard v. Abel* 11-cv-07766) | Becker & Poliakoff LLP Helen Davis Chaitman (Hchaitman@beckerny.com) |
| 374. | *Picard v. Glenhaven Limited and Mathew L. Gladstein* | 12-cv-02159-JSR (Joined *Picard v. Abel* 11-cv-07766) | Becker & Poliakoff LLP Helen Davis Chaitman (Hchaitman@beckerny.com) |
| 375. | *Picard v. Sandy Sandler* | 12-cv-02160-JSR (Joined *Picard v. Abel* 11-cv-07766) | Becker & Poliakoff LLP Helen Davis Chaitman (Hchaitman@beckerny.com) |
| 376. | *Picard v. Milton Goldworth* | 12-cv-02226-JSR | Fulbright & Jaworski LLP David L. Barrack (dbarrack@fulbright.com) David A. Rosenzweig (drosenzweig@fulbright.com) |
| 377. | *Picard v. Keystone Electronics Corp. Employee Profit Sharing Trust, et al* | 12-cv-02228-AKH | Fox Rothschild LLP Keith Ryan McMurdy (kmcmurdy@foxrothschild.com) |
| 378. | *Picard v. Marjorie Most* | 12-cv-02278-JSR | Stim & Warmuth, P.C. Paula J. Warmuth (pjw@stim-warmuth.com) Glenn P. Warmuth (gpw@stim-warmuth.com) |

| | | | |
|---|---|---|---|
| 379. | *Picard v. Michael Most* | 12-cv-02279-JSR | Stim & Warmuth, P.C.<br>Paula J. Warmuth<br>(pjw@stim-warmuth.com)<br>Glenn P. Warmuth<br>(gpw@stim-warmuth.com) |
| 380. | *Picard v. Irving J. Pinto 1996 Grantor Retained Annuity Trust, et al.* | 12-cv-02309-JSR | Bruce S. Schaeffer<br>(bruce.schaeffer@gmail.com) |
| 381. | *Picard v. Estate of Muriel Lederman, et al.* | 12-cv-02312-JSR | Stroock & Stroock & Lavan, LLP<br>Melvin A. Brosterman<br>(mbrosterman@stroock.com)<br>Danielle Alfonzo Walsman<br>(dwalsman@stroock.com)<br>Christopher Guhin<br>(cguhin@stroock.com)<br>Michele L. Palmer<br>(mpalmer@stroock.com) |
| 382. | *Picard v. M. Harvey Rubin Trust of 11/1/92, et al.* | 12-cv-02314-JSR | Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com)<br>Weisman Celler Spett & Modlin, P.C.<br>Kenneth A. Hicks<br>(khicks@wcsm445.com)<br>John B. Sherman<br>(jsherman@wcsm445.com) |
| 383. | *Picard v. Joan Roman* [Amended Motion to Withdraw] | 12-cv-02315-JSR | Becker & Poliakoff LLP<br>Helen Davis Chaitman<br>(Hchaitman@beckerny.com) |
| 384. | *Picard v. S&P Associates* [Amended Motion to Withdraw] | 12-cv-02316-JSR | Becker & Poliakoff LLP<br>Helen Davis Chaitman<br>(Hchaitman@beckerny.com) |
| 385. | *Picard v. P&S Associates* [Amended Motion to | 12-cv-02317-JSR | Becker & Poliakoff LLP<br>Helen Davis Chaitman |