# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## ORDER (1) ESTABLISHING LITIGATION CASE MANAGEMENT PROCEDURES FOR AVOIDANCE ACTIONS AND (2) AMENDING THE FEBRUARY 16, 2010 PROTECTIVE ORDER

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[2] and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order, (1) pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing Avoidance Procedures (as defined below) governing the litigation of certain avoidance actions to be commenced by the Trustee, and (2)

---

[1] All terms not defined herein shall have such meanings as subscribed to them in the Motion.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

amending the Protective Order (the "Global Protective Order") [Docket No. 1951] entered by

this Court on February 16, 2010 in order to facilitate the implementation of the Avoidance

Procedures; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on

December 15, 2008 by the United States District Court for the Southern District of New York in

Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief

requested in the Motion is in the best interests of the estate and its customers; and due notice of

the Motion having been given, and it appearing that no other or further notice need be given; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon the proceedings before the Court and after due

deliberation, it is hereby

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that the procedures set forth on Exhibit A hereto (the "Avoidance

Procedures") are adopted and shall govern avoidance actions where a Notice of Applicability (as

defined in the Avoidance Procedures) is filed ("Avoidance Actions"); and it is further

ORDERED, that the Global Protective Order is amended as follows:

A.     To the extent a complaint (including exhibits) or other filings in any
adversary proceeding related to this action contains Confidential
Information or Confidential Account Material (each as defined in the
Global Protective Order) which the Trustee obtained from the records and
files of BLMIS, the Trustee shall be permitted, to the extent consistent
with applicable law, to file publicly such complaints (including exhibits)
and other filings. To the extent that such a complaint (including exhibits)
or other filings in any adversary proceeding related to this action contains
Confidential Information or Confidential Account Material obtained from
a party other than BLMIS and such Confidential Information or
Confidential Account Material was not in the records and files of BLMIS,
the Trustee may give the defendant written notice of his intent to include
such information in the complaint or other pleading and the defendant
shall then have five days to notify the Trustee in writing of its objection to

08-01789-cgm    Doc 6543-9    Filed 05/06/14    Entered 05/06/14 19:12:21    Exhibit I -
order establishing litigation case/management procedures    Pg 4 of 26

08-01789-smb    Doc 3141    Filed 11/10/10    Entered 11/10/10 14:50:12    Main Document
Pg 3 of 25

the public filing of such complaint or other filing. The defendant's failure to so notify the Trustee within such five day period shall be deemed the defendant's consent to the public filing of such complaint (with exhibits) or other filing. If (i) the defendant notifies the Trustee of its objection to the public filing of the complaint (with exhibits) or other filing within such five day period or (ii) if the Trustee wishes to file the complaint (with exhibits) or other filing without giving the defendant prior notice or if notice has been given to defendant, before the expiration of the five-day objection period, the Trustee is hereby authorized without further Court order to file the complaint (with exhibits) or other filing under seal and/or publicly in redacted form, in each case, subject to the right of the Trustee or other parties-in-interest to subsequently move to have the complaint (and exhibits) and/or other filing unsealed or filed in unredacted form, as the case may be, and the right of the defendant to oppose any such motion.

B.     Confidential Account Material (as defined in the Global Protective Order) relied upon by the Trustee's experts in forming their expert opinions and preparing their expert reports shall be designated "Professionals' Eyes Only". The Trustee may provide access to such Confidential Account Material to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or professional executes a non-disclosure agreement substantially in the form annexed to the Avoidance Procedures as Exhibit 3; and it is further

ORDERED, that a violation of a party's obligations under a Non-Disclosure Agreement shall be treated as a violation of this Order and shall subject such party to such sanctions as the Court shall determine after notice and a hearing; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  New York, New York
        November  10 , 2010

                                        /s/Burton R. Lifland
                                        HONORABLE BURTON R. LIFLAND
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

### The Avoidance Procedures

1. **Notice of Applicability:**

   A.  The Avoidance Procedures apply only to Avoidance Actions commenced by the Trustee after the approval of these Avoidance Procedures in which (a) the amount demanded in the complaint commencing the Avoidance Action (the "Complaint") is $20 million or less and (b) the Trustee or the defendant files in such adversary proceeding a "Notice of Applicability" of these Avoidance Procedures (the form of which is annexed hereto as Exhibit 1). The Trustee or defendant may also file a Notice of Applicability in Adv. Pro. Nos. 10-3222 and 10-3223 pending in this Court (the "Bankruptcy Court"), in which case, the Avoidance Procedures will become applicable to such Avoidance Actions prospectively without extending any dates or deadlines that expired prior to the date such Notice of Applicability is filed. A Notice of Applicability may also be filed in Avoidance Actions where the amount demanded in the Complaint is more than $20 million by mutual consent of the Trustee and the defendant(s) in such Avoidance Action. For purposes of these Avoidance Procedures, "Avoidance Actions" shall mean adversary proceedings commenced by the Trustee seeking the avoidance and recovery of preferences or fictitious profits (but not principal) under sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 541, 542, 544, 547, 548, 550 and 551 of the Bankruptcy Code, sections 273 to 279 of New York Debtor and Creditor Law, and other applicable law.

2. **Response:**

   A.  Except as provided below, the defendant(s) shall file and serve an answer or response to the Complaint within 60 days from the date of the issuance of the summons (the "Response Due Date"). Where a defendant is located in a country outside the United States, the time allotted for the Trustee to serve the summons shall be the date that is 120 days after the date of the issuance of the summons and the Response Due Date for such defendant shall be 180 days after the date of the issuance of the summons.

   B.  No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions and, accordingly, the summons filed and served by the Trustee will not include a date for a pre-trial conference.

   C.  Upon request by a defendant, the Trustee may agree to one or more extensions of the Response Due Date with the extension(s) totaling no more than 90 days without further Court order. A "Notice of Extended Response Due Date" shall be filed in the adversary proceeding by the Trustee memorializing such agreement (whereupon, thereafter, the Response Due Date shall be the date set forth in the Notice).

300112951.6

D.   If a defendant files a motion under Federal Rule of Civil Procedure
12(b)(6) for failure to state a claim (a "Dismissal Motion"), made
applicable by Bankruptcy Rule 7012, in response to the Complaint, the
issues raised in such motion, together with the issues raised in the
Complaint, are immediately referred to mediation; provided, however, that
if the parties mutually agree that mediation is unlikely to resolve the issues
raised by any such Dismissal Motion, that motion will not be referred to
mediation and, instead, the parties will jointly request in a letter to the
Court that the Court hear the Dismissal Motion on such schedule as the
Court may determine. If a party brings any dismissal motion other than a
motion under Federal Rule of Civil Procedure 12(b)(6), the Court will hear
the matter on such schedule as the Court may determine.

E.   If the parties jointly agree in writing (which agreement the Trustee will
file in the adversary proceeding) to enter mediation prior to the Response
Due Date, the Response Due Date shall be deferred while the mediation is
pending. If the mediation does not resolve the Avoidance Action, the
Response Due Date shall be the date that is 30 days following the
completion of the mediation. A "Notice of Extended Response Due Date"
shall be filed in the adversary proceeding by the Trustee upon the
termination of mediation setting forth the new Response Due Date
(whereupon, thereafter, the Response Due Date shall be the date set forth
in the Notice of Extended Response Due Date).

F.   Except as set forth above, further extensions of the Response Due Date
shall not be granted except on motion upon a showing of good cause or by
stipulation of the parties.

G.   Within 30 days after a defendant or, if more than one, the last defendant,
files an answer to the Complaint, the parties shall meet, either in person or
by teleconference, and confer on a mediation, discovery and litigation plan
(the "Initial Case Conference"). The parties may agree to alter the
deadlines set forth below upon mutual consent. Following the Initial Case
Conference, the Trustee shall file with the Court a case management
notice (the "Case Management Notice") (substantially in the form annexed
hereto as Exhibit 2) which sets forth the various deadlines that will apply
to the proceeding. The parties, upon mutual consent, may agree to alter
the dates set forth in the Case Management Notice. Any such
modifications shall be the subject of an amended case management notice
(the "Amended Case Management Notice") which the Trustee shall file
with the Court in the adversary proceeding.

3.   **Filing and Service of Pleadings:**

A.   All pleadings shall be electronically filed with the Court in accordance
with Superseding General Order M-399 which is available on the
Bankruptcy Court's website: (www.nysb.uscourts.gov). A copy of such

08-01789-cgm    Doc 6543-6    Filed 05/06/14    Entered 05/06/14 19:12:21    Exhibit F
order establishing litigation case management procedures    Pg 8 of 26

08-01789-smb    Doc 3141    Filed 11/10/10    Entered 11/10/10 14:50:11    Main Document
Pg 7 of 25

        order is also available on the Trustee's website: [(www.madofftrustee.com/_____)][1]

B.    The Complaint and the summons must be served in accordance with the Bankruptcy Rules, unless the parties agree otherwise. If a defendant is known by the Trustee to be represented by counsel, the Trustee shall concurrently send to such counsel a courtesy copy of the summons and Complaint; provided, however, that the failure by the Trustee to provide such a courtesy copy shall not be deemed to constitute ineffective service of process if proper service was effected on the defendant in accordance with the Bankruptcy Rules. After a defendant has appeared, service of all pleadings in each Avoidance Action shall be made by email (i) to counsel of record or (ii) on the defendant if proceeding *pro se*. Except as set forth below with respect to *pro se* litigants, there shall be no obligation to serve paper copies of pleadings other than the Complaint and the summons.

C.    Parties subject to these Avoidance Procedures who file a pleading with the Bankruptcy Court are not required to serve the Trustee with such pleading and the Trustee will be deemed to have received notice of and been served with such filing via the Court's ECF notification. If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Bankruptcy Court, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

D.    Parties subject to these Avoidance Procedures who wish to serve the Trustee with a document not filed with the Bankruptcy Court (such as, for example, discovery requests) shall email such document to Trustee@MadoffLitigation.com and include the adversary proceeding number in the subject line of the email. Compliance with the foregoing shall be deemed effective service on the Trustee. If a defendant is appearing *pro se* and is not able to serve documents by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

E.    Each defendant shall file a notice with the Court, on or before the Response Due Date, specifying the email address(es) for service of pleadings and documents on it. If a defendant is appearing *pro se* and is not able to receive pleadings and documents by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and the Trustee

---

[1] The actual jump cites to the Trustee's website will be provided at the time the Avoidance Procedures become effective.

shall thereafter serve such *pro se* defendant via United States Mail at such address as the defendant shall request.

F.   All parties must send a courtesy copy, in paper form, of each motion, pleading or other filing to Judge Lifland at the following address: The Hon. Burton R. Lifland, United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408. The parties shall not, however, send to Chambers copies of discovery requests other than as a part of, and in connection with, a discovery motion.

4.   **Discovery:**

A.   The discovery provisions of the Federal Rules of Bankruptcy Procedure and this Court's Local Bankruptcy Rules shall govern the discovery to be conducted in the Avoidance Actions, unless otherwise provided herein.

B.   Unless the parties agree to a different date, the initial disclosures provided by Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") shall be made within the later of (i) 60 days from the date of the Initial Case Conference or (ii) 180 days from the date the Complaint was filed (the "Initial Disclosure Date"). The parties shall have a continuing obligation to disclose discoverable information as well as to supplement all existing disclosures in accordance with Federal Rule 26(e)(1).

C.   The Trustee or a defendant may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Trustee or a defendant may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the defendants. With regard to documents produced or made available electronically:

    1.   Information and documents disclosed shall be text searchable;

    2.   Upon request, the Trustee or a defendant, as the case may be, shall provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity);

    3.   The Trustee and defendant(s) shall produce any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

4.  To the extent that documents are organized by date, custodian, or subject matter, either because they were so maintained or because the Trustee so organized them, the Trustee shall produce such documents as organized; and

5.  Nothing herein shall preclude the parties from requesting additional formats of production, metadata, or native documents.

D.  Notwithstanding the Global Protective Order dated February 16, 2010 [Docket No. 1951] (the "Global Protective Order"), materials containing non-public personal information and/or sensitive financial information, including, Confidential Account Material (as defined in the Global Protective Order) may be designated by the Trustee as "Professionals' Eyes Only." The Trustee will provide access to such Confidential Account Materials only to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or the other professional executes a non-disclosure agreement in substantially the form attached hereto as Exhibit 3 (the "Non-Disclosure Agreement"). Copies of the Global Protective Order and Non-Disclosure Agreement are available on the Trustee's website: [(www.madofftrustee.com/_____)] Nothing herein or in the Global Protective Order shall prevent any defendant from sharing Confidential Account Material pertaining to that defendant with other defendants in other Avoidance Actions, with accountants, financial or other consultants, or as deemed appropriate by the defendant to whom the Confidential Account Material relates.

E.  In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

F.  Unless the parties agree to a different schedule, all fact discovery in an Avoidance Action shall be completed within 210 days after the Initial Disclosure Date. No further fact discovery shall be conducted after that date absent order of the Court upon a showing of good cause.

G.  Unless the parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters to the extent discoverable under Federal Rule 26(b)(1) which relate to: (a) the calculation of net equity for the defendant's BLMIS account; (b) the financial condition of BLMIS; (c) the activities of BLMIS, including both fraudulent conduct, including the Ponzi scheme, and legitimate operations; (d) the defendant's account documents and customer correspondence and interactions with BLMIS, its employees, agents and other investors or customers; (e) the internal

08-01789-cgm   Doc 6543-9   Filed 05/06/14   Entered 05/06/14 19:12:21   Exhibit I -
08-01789-smb   Doc 3141   Filed 11/10/10   Entered 11/10/10 14:50:11   Main Document
Pg 10 of 25

order establishing litigation case management procedures   Pg 11 of 26

records of BLMIS; (f) transfers of money by and among BLMIS; (g) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; (h) disclosures made by BLMIS under federal and/or state laws, such as disclosures to the SEC; and (i) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.

H.   The parties may take depositions of fact witnesses during the period for fact discovery after initial disclosures have been made. The Trustee shall make his financial professionals submitting expert evidence on behalf of the Trustee available for depositions and may coordinate such depositions in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

I.   Notwithstanding Local Bankruptcy Rule 7033-1(b), the parties are permitted to serve substantive interrogatories at any time prior to the date which is 90 days prior to the completion of fact discovery. Unless the parties otherwise agree or the Court otherwise orders upon a showing of good cause, each party will limited to propounding no more than 25 interrogatories (inclusive of subparts).

J.   Unless the parties agree otherwise, Federal Rule 26(a)(2) disclosures of the experts on any issue a party must prove in connection with a claim or defense shall be made within 60 days after the deadline for completion of fact discovery.

K.   Unless the parties agree otherwise, Federal Rule 26(a)(2) disclosures of the parties' rebuttal experts, if any, shall be made within 90 days after the deadline for completion of fact discovery or 30 days after receipt of the other party's corresponding expert report, whichever is later.

L.   Unless the parties agree otherwise, all expert discovery shall be concluded within 180 days after the deadline for completion of fact discovery.

M.   To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions.   To the extent a deposition is so

coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

N.     All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of other parties' expert and fact witnesses shall occur at such place as the parties shall mutually agree.

O.     Any party seeking to make a discovery-related motion shall comply with Local Bankruptcy Rule 7007-1.

P.     Except as specifically set forth in these Avoidance Procedures, the Global Protective Order shall apply to all discovery in the Adversary Proceedings. Notwithstanding the applicability of the Global Protective Order, nothing therein or herein shall prevent any defendant from sharing Confidential Information with codefendants or defendants named in other Avoidance Actions, or with accounting, financial, or other consultants retained in the litigation, provided that such persons have executed the Non-Disclosure Agreement. A copy of the Global Protective Order is available on the Trustee's website: [(www.madofftrustee.com/_____)].

5.     **Mediation Procedures:**

A.     All of the Avoidance Actions are referred to mandatory mediation. Except as set forth above or unless the parties opt for mediation at an earlier stage of the litigation, each Avoidance Action shall be referred to mediation upon the completion of discovery. The Trustee shall file in the adversary proceeding a notice of mediation referral (the "Notice of Mediation Referral") at the time the litigation is being referred to mediation.

B.     Except as is set forth herein, the mediation shall be conducted in accordance with General Order M-390 (the "Mediation Order") which is available on the Bankruptcy Court's website: (www.nysb.uscourts.gov). A copy of such order is also available on the Trustee's website: [(www.madofftrustee.com/_____)].

C.     Within 14 calendar days after the filing of the Notice of Mediation Referral, the Trustee and defendant(s) shall choose a mediator in accordance with the Mediation Order. If the parties are unable to agree on a mediator, the Court shall appoint one in accordance with the Mediation Order.

D.    Promptly after the filing of the Notice of Mediator Selection, the Trustee
and defendant's counsel (or the defendant if appearing *pro se*) shall jointly
contact the selected Mediator to discuss the mediation.

E.    The parties shall exchange position statements, which may not exceed
twenty pages double-spaced in 12 point type (exclusive of exhibits and
schedules), at least 10 days prior to the scheduled mediation.    The
Mediator may also require the parties to provide to the Mediator any
relevant papers and exhibits, and a settlement proposal.

F.    All mediations must be concluded within 120 days of the date of the
Notice of Mediator Selection, which deadline may be extended by the
mutual consent of the parties to the mediation and the Mediator.

G.    The parties shall participate in the mediation in good faith and with a view
toward reaching a consensual resolution.    The mediation(s) shall be
attended by a representative for each of the parties with full settlement
authority and, if a defendant is represented, their counsel, as well as
counsel for the Trustee (who shall have settlement authority).    Any
defendant shall be able to participate in the mediation telephonically and if
a defendant is unable to attend the mediation in person or telephonically
because of advanced age or poor health, the mediation may be attended by
the defendant's counsel only, provided that he or she has settlement
authority.

H.    In mediations where the allegedly fraudulent transfers or preferences
sought in the Complaint total $20 million or less, the Trustee shall pay the
reasonable fees and reasonable expenses of the Mediator.    Fees and
expenses in all other mediations will be apportioned as set forth in the
Mediation Order, unless otherwise agreed by the parties.

I.    No Mediator shall mediate a case in which he/she or his/her law firm
currently represents a party with respect to the BLMIS proceeding without
the prior written consent of all parties to the mediation.  Prior to accepting
an Avoidance Action for mediation, the Mediator shall disclose to the
Trustee and the defendant(s) any such representations. If a Mediator's law
firm represents any defendant in the Avoidance Actions or other
avoidance actions brought by the Trustee, then (a) the Mediator shall not
personally participate in the representation of that defendant and (b) the
Mediator's law firm shall impose an ethical wall which ensures that the
Mediator will not have access to the defendant's file and/or communicate
about the defendant's case or the mediation with anyone working on the
defendant's case.    The Mediator's participation in mediation pursuant to
the Avoidance Procedures shall not create a conflict of interest with
respect to the representation of such defendant by the Mediator's law firm.

6.  **Motion Practice:**

A.  Prior to the close of discovery, no motions may be made without the Court's prior approval, which may be sought, on notice to other parties to the action, by letter to the Court; provided, however, that (i) motions to dismiss, motions for withdrawal of the reference, and motions for default judgment may be made without the Court's prior approval, and (ii) routine procedural motions (e.g., motions to intervene or to amend a pleading) may be made without the Court's prior approval only if the moving party obtains the consent of all other parties to the action. Notwithstanding anything contained herein to the contrary, a letter request for a pre-motion conference with the Court shall be sufficient to be deemed compliant with the requisite time period for the motion or answer.

B.  Any party seeking to file a summary judgment motion shall comply with Local Bankruptcy Rule 7056-1.

C.  All matters concerning any Avoidance Action shall, barring exigent circumstances, only be heard on an omnibus hearing date before the Honorable Burton R. Lifland (collectively, the "Avoidance Action Omnibus Hearings"). The initial Avoidance Actions Omnibus Hearings shall be held on January 26, 2011, February 16, 2011, March 23, 2011, April 27, 2011, May 25, 2011 and June 29, 2011. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled approximately every thirty (30) days at the convenience of the Court. The Trustee shall file and serve notices of the scheduling of the omnibus hearings in the Avoidance Actions and post the scheduled dates on the Trustee's website [(www.madofftrustee.com/_____)]

D.  The Trustee shall file a report in the main SIPA proceeding (Adv. Pro. No. 08-01789) at least one week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions scheduled to be heard at the Avoidance Action Omnibus Hearing. The Trustee shall also deliver a copy of the report to Judge Lifland's Chambers and serve each of the applicable defendants.

7.  **Pre-trial Conference / Trial:**

A.  After all discovery has been completed and after the completion of mediation without a settlement, the parties to the Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address any additional issues, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pre-trial order, and schedule a trial. The parties to an Avoidance Action in which discovery has been completed need not await the completion of discovery in all Avoidance Actions before scheduling trial.

8.    **Miscellaneous:**

A.    These Avoidance Procedures shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

B.    Nothing herein shall prevent the Trustee or any defendant in an Avoidance Action from seeking relief from the provisions of these Avoidance Procedures, upon a showing of good cause, by appropriate application to the Court in accordance with the procedures set forth herein.

C.    Nothing herein shall prevent the parties to any Avoidance Action from voluntarily exchanging information or engaging in settlement discussions at any time; provided, however, that any such voluntary exchange of information shall in no way be construed as a waiver of any of the requirements or limitations contained in these Avoidance Procedures.

D.    Noncompliance with the Avoidance Procedures may result in such sanctions as the Court deems appropriate on the non-complying party after notice and a hearing.

E.    The Trustee shall serve a copy of the Order approving these Avoidance Procedures on each defendant in the Avoidance Action at the time he serves the summons and Complaint.

F.    The Trustee shall post and maintain a copy of these Avoidance Procedures (together with any amendments or modifications thereto) on his website: [(www.madofftrustee.com/_____)].

300112951.6    - 10 -

# EXHIBIT 1

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Richard J. Bernard
Elyssa S. Kates

*Attorneys for Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br><br>            v.<br><br>_____,<br><br>                              Defendant(s). | Adv. Pro. No. 10-_____ (BRL) |

095879, 000021, 300099385.1

## NOTICE OF APPLICABILITY OF THE ORDER APPROVING
## LITIGATION CASE MANAGEMENT PROCEDURES FOR AVOIDANCE ACTIONS

PLEASE TAKE NOTICE, that the Order Approving Litigation Case Management

Procedures for Avoidance Actions entered by the Bankruptcy Court in the above captioned SIPA

liquidation, Adv. Pro. No. 08-01789 (BRL), on November 4, 2010 is hereby made applicable to

and governs this adversary proceeding.


Dated: New York, New York                     BAKER & HOSTETLER LLP
        November __, 2010

                                              By:_____
                                                    David J. Sheehan
                                                    Marc E. Hirschfield
                                                    Richard J. Bernard
                                                    Elyssa S. Kates
                                              45 Rockefeller Plaza
                                              New York, NY 10111
                                              Telephone: (212) 589-4200
                                              Facsimile: (212) 589-4201

                                              *Attorneys for Irving H. Picard, Esq., Trustee
                                              for the Substantively Consolidated SIPA
                                              Liquidation of Bernard L. Madoff Investment
                                              Securities LLC and Bernard L. Madoff*

# EXHIBIT 2

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Richard J. Bernard
Elyssa S. Kates

*Attorneys for Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>_____,<br><br>           Defendant(s). | Adv. Pro. No. 10-_____ (BRL) |

## CASE MANAGEMENT NOTICE

PLEASE TAKE NOTICE, that pursuant to the Order Approving Litigation Case

Management Procedures for Avoidance Actions [Docket No. _____] entered by the Bankruptcy

Court in the above captioned SIPA liquidation, Adv. Pro. No. 08-01789 (BRL), on

_____, 2010 the following deadlines are hereby made applicable to this

adversary proceeding:

1.    The Initial Disclosures shall be due:_____2011 [Within the later of (i) sixty (60) days of the Initial Case Conference and (ii) one hundred eighty (180) days after the date the Complaint was filed]

2.    Fact Discovery shall be completed by: _____2011 [Must be completed within 210 days after the Initial Case Conference]

3.    The Deadline for Service of Substantive Interrogatories shall be: _____2011 [Ninety (90) days prior the completion of fact discovery]

4.    The Disclosure of Case-in-Chief Experts shall be due: _____2011 [Within sixty (60) days after the deadline for completion of fact discovery]

5.    The Disclosure of Rebuttal Experts shall be due: _____2011 [Within ninety (90) days after the deadline for completion of fact discovery]

6.    The Deadline for Completion of Expert Discovery shall be: _____2011 [Within 180 days after the deadline for completion of fact discovery]

7.    The Deadline to Choose a Mediator and File a Notice of Mediator Selection shall be: _____2011 [Within 14 days after the filing of the Notice of Mediation Referral]

8.    The Deadline for Conclusion of Mediation shall be: _____2011 [Within 120 days of the date of the Notice of Mediator Selection, which deadline may be extended by the mutual consent of the parties to the mediation and the mediator]

Dated: New York, New York
_____ \_\_, 201\_\_

BAKER & HOSTETLER LLP

By:_____
      David J. Sheehan
      Marc E. Hirschfield
      Richard J. Bernard
      Elyssa S. Kates
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and Bernard L. Madoff*

095879, 000021, 300099385.1

# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br> SIPA LIQUIDATION <br> Defendant, <br><br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | SIPA LIQUIDATION <br><br> No. 08-01789 (BRL) <br><br> (Substantively Consolidated) <br><br> **UNDERTAKING AND CONSENT TO BE BOUND** |

WHEREAS this non-disclosure agreement (the "agreement") supplements the *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et al.,* Adv. Pro. No. 08-01789 (BRL) Protective Order entered on February 16, 2010 (the "Protective Order").

WHEREAS this agreement shall govern all materials produced in connection with the BLMIS Avoidance Actions, which have been or subsequent hereto shall be designated as containing CONFIDENTIAL material (as defined in the Protective Order).

WHEREAS the parties may designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – PROFESSIONALS' EYES ONLY."

All parties in the BLMIS Avoidance Actions, by and through their respective undersigned counsel, hereby agree to the following:

1. My address is

_____ ,

and the name of my present employer is _____

2. I represent as counsel the following party(ies): _____

_____

3. I have received a copy of the Protective Order (the "Order") in this action.

4.  I have carefully read and understand the provisions of the Order and this agreement and
I am authorized to bind _____, which agrees to be bound by both the Order
and this agreement.

5.  Specifically _____ agrees that its employees, agents, or staff will not
use or disclose any confidential documents nor the information contained therein to any person,
including its clients.

6.  _____ will never use any confidential material, directly or indirectly,
for any purpose other than for purpose of this litigation, except as otherwise permitted by the
Order or this agreement.

7.  Absent further Court order, _____ will only use the information in the
Avoidance Action for which it is retained.

8.  _____ will file under seal any pleadings containing confidential
information received under the protection of the Order or this agreement.

9.  _____ understands that its employees, agents and staff are to retain
all copies of any of the materials that they receive which have been so designated as
confidential in a container, cabinet, drawer, room or other safe place in a manner consistent with
the Order and that all copies are to remain in my custody until they have completed their
assigned or legal duties.

10. I understand that violation of this agreement is the equivalent of violation of a court
order.

11. _____ consents to the exercise of personal jurisdiction by this Court
in connection with this agreement and its obligations under the Order.

12. I declare under penalty of perjury under the laws of the State of New York that the

foregoing is true and correct.


_____

Name

_____

Date