STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone: 631-732-2000
Facsimile: 631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION          Adv. Proc. No.
CORPORATION,                            08-01789 (SMB)

        Plaintiff-Applicant,           SIPA LIQUIDATION

    v.                                  (Substantively
                                    Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
------------------------------------x
In Re:

BERNARD L. MADOFF,

        Debtor.
------------------------------------x
IRVING H. PICARD, Trustee for the       Adv. Proc. No.
Liquidation of Bernard L. Madoff        10-04941 (SMB)
Investment Securities LLC,

        Plaintiff,

    v.

MICHAEL MOST,

        Defendant.
------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE SEEKING ENTRY OF AN ORDER QUASHING THE SUBPOENAS ISSUED BY PLAINTIFF AND GRANTING A PROTECTIVE ORDER**

## Table of Contents

|  | Page |
|---|---|

Table of Cases and Statutes . . . . . . . . . . . . . . . . . . ii

I.   Introduction . . . . . . . . . . . . . . . . . . . . 1

II.  Preliminary Statement . . . . . . . . . . . . . . . 1

III. Argument . . . . . . . . . . . . . . . . . . . . . . 3

   A.  THE SUBPOENAED DOCUMENTS AND INFORMATION
       DEMANDED ARE NOT RELEVANT . . . . . . . . . . . . . 3

   B.  THE SUBPOENAED DOCUMENTS AND INFORMATION
       DEMANDED ARE OUTSIDE OF THE SCOPE OF
       THE ORDER ESTABLISHING LITIGATION CASE
       MANAGEMENT PROCEDURES FOR AVOIDANCE PROCEDURES
       DATED NOVEMBER 10, 2010, EXHIBIT A,
       THE AVOIDANCE PROCEDURES, PARA. (4)(G) . . . . . . . . 5

   C.  THE SUBPOENAED DOCUMENTS AND INFORMATION
       DEMANDED ARE OUTSIDE OF THE SCOPE OF THE
       TWO YEAR PERIOD OF THE ALLEGED CLAIM . . . . . . . . 6

   D.  THE SUBPOENAED DOCUMENTS AND INFORMATION
       DEMANDED SUBJECT MICHAEL MOST TO ANNOYANCE,
       EMBARRASSMENT, OPPRESSION AND ARE OVERBROAD . . . . 7

   E.  THE SUBPOENAED DOCUMENTS AND INFORMATION
       DEMANDED VIOLATE MICHAEL MOST'S CONSTITUTIONAL
       RIGHT OF PRIVACY . . . . . . . . . . . . . . . . . . 8

IV.  Conclusion . . . . . . . . . . . . . . . . . . . . . 8

# Table of Cases and Statutes

**Cases**                                                              **Page**

*In re McVane*, 44 F.3d 1127 (2d Cir. 1995) . . . . . . . . . 9

*Libaire v. Kaplan*, 760 F. Supp. 2d 288 . . . . . . . . . . 8
(E.D.N.Y. 2011)

*Picard v. Ida Fishman Revocable Trust*,
No. 11-cv-7603 (JSR) (S.D.N.Y. May 23, 2012) . . . . . . . 2

*Picard v. Katz*, No. 11 Civ. 3605 (JSR)
(S.D.N.Y. Sept. 27, 2011) . . . . . . . . . . . . . . . . . 1

*Securities Investor Protection Corporation v.
Bernard L. Madoff Invest Securities LLC*,
12 Misc. 115 (S.D.N.Y. April 28, 2014) . . . . . . . . . . 4

**Statutes**

544(d) of the Bankruptcy Code . . . . . . . . . . . . . . . 2

547 of the Bankruptcy Code . . . . . . . . . . . . . . . . 2

548(a)(1)(A) of the Bankruptcy Code . . . . . . . . . . . . 3

548(a)(1)(B) of the Bankruptcy Code . . . . . . . . . . . . 2

Bankruptcy Rule 7026(b)(1) . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 26(b)(1) . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 54(b) . . . . . . . . . . . . . . . . . . . 1

New York Debtor & Creditor Law . . . . . . . . . . . . . . 2

11 U.S.C. § 546(e) . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. §550 . . . . . . . . . . . . . . . . . . . . . . 4

## I. INTRODUCTION

The defendant, Michael Most, respectfully submits this memorandum of law in support of an order to show cause seeking entry of an order quashing the subpoenas issued by plaintiff and granting a protective order.

## II. PRELIMINARY STATEMENT

This is an adversary proceeding by the Trustee (exhibit A). Michael Most's answer alleged denials and affirmative defenses including 11 U.S.C. § 546(e) (exhibit B).

The Trustee originally sought to recover money under five different theories of fraudulent transfer.

Michael Most moved to withdraw the reference on several grounds including the issue of whether, in light of the holding in *Picard v. Katz*, No. 11 Civ. 3605 (JSR) (S.D.N.Y. Sept. 27, 2011), 11 U.S.C. § 546(e) applies, limiting the trustee's ability to avoid transfers.

Withdrawal of the reference on this issue was granted and thereafter, a consent order was entered granting certification pursuant to Fed. R. Civ. P. 54(b) for entry of final judgment dismissing certain claims and actions (exhibit C). In the consent order, there is a recital that the Trustee does not challenge the good faith of the initial or subsequent

most-134

transferee(s). The defendant and his spouse are covered by the consent order - see #378 and #379 of Exhibit C on pages 71 and 72 of the consent order.

The defendant's action was consolidated under the action captioned *Picard v. Ida Fishman Revocable Trust,* No. 11-cv-7603, and a judgment was entered on May 23, 2012 by the Hon. Jed S. Rakoff, U.S.D.J., dismissing all claims for preferences under 547 of the Bankruptcy Code, constructive fraudulent transfers under 548(a)(1)(B) of the Bankruptcy Code and actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by 544(d) of the Bankruptcy Code (exhibit D).

This judgment left only one remaining claim against the defendant - the two year transfers under 548(a)(1)(A) of the Bankruptcy Code made by BLMIS with actual intent to hinder, delay or defraud.

The parties have engaged in discovery and the defendant has admitted that the defendant received funds from his BLMIS brokerage account between December 11, 2006 and December 11, 2008 on or about the dates and in the amount set forth in Exhibit B to the amended complaint (exhibit E).

The Trustee has now issued subpoenas to HSBC Bank USA, N.A., Wells Fargo Bank, N.A. and Wells Fargo Advisors, LLC, seeking extensive account information such as monthly statements, wire transfers, checks, for several bank/brokerage accounts for a seven year period (exhibit F, G and H). Thirteen categories of documents, including subdivisions, are sought.

## III. ARGUMENT

### A. THE SUBPOENAED DOCUMENTS AND INFORMATION DEMANDED ARE NOT RELEVANT

Fed. R. Civ. P. 26(b)(1) and Bankruptcy Rule 7026(b)(1) provides that the scope of discovery is that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

The only claim left in this adversary proceeding is that two year transfers under 548(a)(1)(A) of the Bankruptcy Code were made by BLMIS with actual intent to hinder, delay or defraud (exhibits C and D).

Michael Most has admitted in his response to requests for admission that he received funds from his BLMIS brokerage account between December 11, 2006 and December 11, 2008 (filing date) on or about the dates and in the amounts set forth in Exhibit B to the amended complaint (exhibit E).

3

Michael Most has admitted that transfers were made by BLMIS to Michael Most during the two year period. This is no longer an issue to be further pursued. There is absolutely no reason why the Trustee needs to see how Michael Most spent his money for seven years. This is beyond the scope of disclosure in this action.

The Trustee may argue that he is looking for the names of subsequent transferees.

11 U.S.C. §550 deals with the liability of transferee of avoided transfer. It allows recovery from the initial transferee or any immediate or mediate transferee of the initial transferee. The statute provides that the Trustee may not recover from "any immediate or mediate good faith transferee of such transferee."

United States District Judge Jed S. Rakoff in a recent Madoff opinion and order on the "good faith" standard (*Securities Investor Protection Corporation v. Bernard L. Madoff Invest Securities LLC*, 12 Misc. 115 (S.D.N.Y. April 28, 2014) Document No. 524, held, "However, under section 550(b), '[t]he trustee may not recover' from a subsequent transferee who 'takes for value, . . . in good faith, and without knowledge of the voidability of the transfer avoided."

4

In this case, the Trustee has consented to an order in which the Trustee did not challenge the good faith of the initial or subsequent transferee(s). The Trustee cannot bring an action against any subsequent transferee(s) of Michael Most. That is why the documentation and information sought is not relevant.

**B. THE SUBPOENAED DOCUMENTS AND INFORMATION DEMANDED ARE OUTSIDE OF THE SCOPE OF THE ORDER ESTABLISHING LITIGATION CASE MANAGEMENT PROCEDURES FOR AVOIDANCE PROCEDURES DATED NOVEMBER 10, 2010, EXHIBIT A, THE AVOIDANCE PROCEDURES, PARA. (4)(G)**

This adversary proceeding is governed by the Order Establishing Litigation Case Management Procedures for Avoidance Procedures dated November 10, 2010, Exhibit A, The Avoidance Procedures, para. (4)(G) (exhibit I). The order provides as follows:

> Unless the parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters to the extent discoverable under Federal Rule 26(b)(1) which relate to: (a) the calculation of net equity for the defendant's BLMIS account; (b) the financial condition of BLMIS; (c) the activities of BLMIS, including both fraudulent conduct, including the Ponzi scheme, and legitimate operations; (d) the defendant's account documents and customer correspondence and interactions with BLMIS, its employees, agents and other investors or customers; (e) the internal records of BLMIS; (f) transfers of money by and among BLMIS; (g) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive notice of fraudulent activity by BLMIS or anyone action on its behalf; (h) disclosures made by BLMIS under federal and/or state laws,

5

such as disclosure to the SEC; and (i) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.

The subpoenaed documents and information do not fall within the scope of discovery allowed by the order. Subdivision (i) dealing with subsequent transferees who may be liable cannot be applicable because any subsequent transferee of Michael Most (i.e. the payees of checks he wrote over seven years) have already been found to be in good faith, precluding any action against them.

## C. THE SUBPOENAED DOCUMENTS AND INFORMATION DEMANDED ARE OUTSIDE OF THE SCOPE OF THE TWO YEAR PERIOD OF THE ALLEGED CLAIM

While the original amended complaint alleged six year transfers (exhibit A), those six year transfers have been dismissed (exhibits C & D). All there is left is the one two year transfer claim. For this reason, the demand for information for the period December 23, 1992 through December 31, 2009 (exhibits F, G and H) are way beyond the scope of discovery. Even if the subsequent transferees were not good faith transferees and could be the subject of an avoidance action, the transfers would have had to have been made from the funds distributed by BLMIS to Michael Most during the two year

6

period. There is absolutely no good faith reason for seeking seven years of documents.

**D. THE SUBPOENAED DOCUMENTS AND INFORMATION DEMANDED SUBJECT MICHAEL MOST TO ANNOYANCE, EMBARRASSMENT, OPPRESSION AND ARE OVERBROAD**

Michael Most is in his seventies. As he alleged in his answer, there are issues of health in his family including a child with major mental illness which requires Michael Most to provide support for her in part and pay for medical treatment. He alleges in his seventeenth affirmative defense as follows:

> 1. That the defendant is over the age of seventy-three years of age.
> 2. That the defendant's spouse is over the age of seventy-one years of age.
> 3. That the defendant is retired.
> 4. That the defendant's spouse is retired.
> 5. That the defendant is suffering from a deteriorating disc disease.
> 6. That the defendant is suffering from a macular hole in his right eye which impairs his vision.
> 7. That the defendant's spouse is ill with thyroid cancer.
> 8. That the defendant sold his businesses and has no ability to return to work in such businesses.
> 9. That the defendant does not receive a pension.
> 10. That the defendant's spouse does not receive a pension.
> 11. That the defendant fully invested his IRA funds with BLMIS.
> 12. That the defendant's spouse fully invested her IRA funds with BLMIS.
> 13. That the defendant has a child who has a major mental illness which requires the defendant to provide support for her in part.

7

    14.  That the defendant was required to withdraw funds from his account with BLMIS to pay for the medical treatment of his child who has a major mental illness.
    15.  That the defendant is the victim of the fraud.
    16.  That the defendant's spouse is a victim of the fraud.
    17.  That the defendant had no knowledge of the fraud and did not participate in the fraud.
    18.  That the defendant's spouse had no knowledge of the fraud and did not participate in the fraud.
    19.  That by reason of the aforesaid, the plaintiff is not entitled to equitable relief. (exhibit B)

No one should have the details of their lives including a child's privileged mental health issues fully exposed by looking at seven years of checks when there is no good faith basis for this examination. Michael Most is not a criminal. He is not a fraudster. He is a good faith victim of Madoff who is being sued because of transfers he innocently received from her BLMIS account. These subpoenas are annoying, embarrassing and oppressive and are fueled by a multi-million dollar-compensated Trustee with the money to scare and bully Michael Most. This should not be permitted.

In *Libaire v. Kaplan*, 760 F. Supp. 2d 288 (E.D.N.Y. 2011), the issue was whether to quash a subpoena. One of the issues was whether the subpoena was overbroad. The Court looked to several factors including relevance, the need for the documents, the breath of the document requests, the time period. In the case at bar, the documents are not relevant, are not needed, the

8

breath is extensive and the time period is seven years when the claim is two years. The subpoenas are overbroad.

### E. THE SUBPOENAED DOCUMENTS AND INFORMATION DEMANDED VIOLATE MICHAEL MOST'S CONSTITUTIONAL RIGHT OF PRIVACY

The Second Circuit in *In re McVane*, 44 F.3d 1127 (2d Cir. 1995), discussed the individual's constitutional right of privacy. The Court stated:

> In contrast to the limited rights of corporations, the courts have recognized certain "rights to privacy" of individuals, variously said to be derived from the First, Fifth, and Fourteenth Amendments. Among these protected rights is "the individual interest in avoiding disclosure of personal matters." *Nixon v. Administrator of General Services*, 433 U.S. 425, 457, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); *see also Igneri v. Moore*, 898 F.2d 870, 873 (2d Cir. 1990); *Eisenbud v. Suffolk County*, 841 F.2d 42, 45 (2d Cir. 1988); *Barry v. City of New York*, 712 F.2d 1554, 1559 (2d Cir.), *cert. denied*, 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 723 (1983); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980); *Plante v. Gonzales*, 575 F.2d 1119, 1132 (5th Cir. 1978), *cert. denied*, 439 U.S. 1129, 00 S.Ct. 1047, 59 L.Ed.2d 90 (1979).

The disclosure of Michael Most's and his spouse's bank/brokerage records including all checks for seven years when such information is not relevant to the issues in this case is abusive and a violation of his constitutional right of privacy.

### IV. CONCLUSION

In conclusion, the order to show cause quashing the subpoenas and granting Michael Most a protective order

9

prohibiting plaintiff from inquiry into defendant's and defendant's spouse's banking/brokerage records should be granted.

Dated: Farmingville, NY

May 6, 2014

    STIM & WARMUTH, P.C.

    By: /s/
    PAULA J. WARMUTH
    Attorney for Defendant,
    Michael Most
    2 Eighth Street
    Farmingville, NY 11738
    Telephone: 631-732-2000
    Facsimile: 631-732-2662
    Paula J. Warmuth
    Email: pjw@stim-warmuth.com
    Glenn P. Warmuth
    Email: gpw@stim-warmuth.com