**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04490 (SMB) |
| Plaintiff, | |
| v. | |
| LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, IRVING B. KAHN FOUNDATION, INC., a Delaware corporation, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, and JOSEPH S. EASTERN, as trustee and as an individual, | |
| Defendants. | |

## STIPULATION AND ORDER DISMISSING WITHOUT
## PREJUDICE DEFENDANT IRVING B. KAHN FOUNDATION, INC.

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively

consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against

Lucky Company, the Irving B. Kahn Foundation, Inc. ("IBKF"), and others (the "Action") (Adv. Pro. No. 10-04490 (SMB)); and

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, Beth H. Gersten, as Director of defendant IBKF represents as follows:

1.      In or about 2004, IBKF invested $350,000 with Lucky Company.  It invested no other funds with Lucky Company.

2.      In or about 2007, IBKF withdrew $39,500 from Lucky Company.  IBKF withdrew another $40,000 from Lucky Company in 2008.  IBKF did not withdraw any other money from Lucky Company.

4.      I am informed and believe that Lucky Company in turn invested with BLMIS. IBKF never invested directly with BLMIS and never received any money from BLMIS.

5.      IBKF lost $270,500 of its investment with Lucky Company.

6.      IBKF received K-1's from Lucky Company.  IBKF never received K-1's or any other documents from BLMIS.

**WHEREAS**, in support of defendant IBKF's position, it has provided the following documentation to the Trustee:

1.      2004 Schedule K-1 issued by Lucky Company to defendant IBKF.

2.      2005 Schedule K-1 issued by Lucky Company to defendant IBKF.

3.      2006 Schedule K-1 issued by Lucky Company to defendant IBKF.

4.      2007 Schedule K-1 issued by Lucky Company to defendant IBKF.

5.      2008 Schedule K-1 issued by Lucky Company to defendant IBKF.

6.      Cancelled checks and accounting statements supporting capital contribution and withdrawals of capital.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendant IBKF as follows:

1.      The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2.      Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant IBKF hereby stipulate that the Trustee's claims against defendant IBKF in the Action are dismissed without prejudice and without costs to either the Trustee or defendant IBKF.

3.      Notwithstanding the foregoing, defendant IBKF and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant IBKF, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant IBKF is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendant IBKF in connection with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant IBKF hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4.      Upon the dismissal of defendant IBKF, the caption of the Action is hereby amended to delete defendant IBKF from the caption.  The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

5.      This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument.   A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6.      Defendant IBKF has reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

Dated: New York, New York
       April 30, 2014

Of Counsel:

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

**IRVING B. KAHN FOUNDATION, INC.**

By: */s/ Beth H. Gersten*
      Beth H. Gersten
      Director

**LAX & NEVILLE, LLP**

By: */s/ Gabrielle J. Pretto*
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: 212.696.1999
Facsimile: 212.566.4531
Barry R. Lax
Email: blax@laxneville.com
Brian J. Neville
Email: bneville@laxneville.com
Gabrielle J. Pretto
Email: gpretto@laxneville.com

*Attorneys for Defendant Irving B. Kahn
Foundation, Inc.*

Dated: New York, New York
  May 6th, 2014       **SO ORDERED**


**By:** **/s/  STUART M. BERNSTEIN**
   **HONORABLE STUART M. BERNSTEIN**
   **UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04490 (SMB) |
| Plaintiff, | |
| v. | |
| LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, and JOSEPH S. EASTERN, as trustee and as an individual, | |
| Defendants. | |