STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone: 631-732-2000
Facsimile: 631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION           Adv. Proc. No.
CORPORATION,                             08-01789 (SMB)

        Plaintiff-Applicant,            SIPA LIQUIDATION

    v.                               (Substantively
                                Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
------------------------------------x
In Re:

BERNARD L. MADOFF,

        Debtor.
------------------------------------x
IRVING H. PICARD, Trustee for the        Adv. Proc. No.
Liquidation of Bernard L. Madoff         10-04941 (SMB)
Investment Securities LLC,

        Plaintiff,

    v.

MICHAEL MOST,

        Defendant.
------------------------------------x

**APPLICATION BY WAY OF ORDER TO SHOW CAUSE SEEKING ENTRY OF AN ORDER QUASHING THE SUBPOENAS ISSUED BY PLAINTIFF AND GRANTING A PROTECTIVE ORDER**

most-134

TO:  THE HONORABLE STUART M. BERNSTEIN
     UNITED STATES BANKRUPTCY JUDGE

The defendant, Michael Most, by and through his undersigned counsel, as and for his application by way of order to show cause, respectfully represents:

### Jurisdiction

1.  This is an adversary proceeding commenced before the same Court before which the main underlying SIPA proceeding, No. 08-01879 is pending. The SIPA proceeding was originally brought in the United States District Court for the Southern District of New York as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08 CV 10791 and has been referred to the Bankruptcy Court. This Court has jurisdiction to consider the application and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334 and 15 U.S.C. §§78eee(b)(2)(A), (b)(4). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief that the defendant seeks are Fed. R. Civ. P. 45(3)(A)(iii) and 26(c)(1)(D) and Bankruptcy Rule 9016(3)(A)(iii) and 7026(c)(1)(D).

2

## Background

2. On December 2, 2010, the Trustee brought this adversary proceeding by filing a complaint against Michael Most. The amended complaint seeks to recover money under five different theories of fraudulent transfer. Michael Most's answer alleges denials and affirmative defenses including 11 U.S.C. § 546(e).

3. Michael Most moved to withdraw the reference on several grounds including the issue of whether, in light of the holding in *Picard v. Katz,* No. 11 Civ. 3605 (JSR) (S.D.N.Y.) September 27, 2011, 11 U.S.C. § 546(e) applies, limiting the Trustee's ability to avoid transfers. Withdrawal of the reference on this issue was granted and thereafter, a consent order was entered granting certification pursuant to Fed. R. Civ. P. 54(b) for entry of final judgment dismissing certain claims and actions. The defendant is a party to the consent order. In the consent order, there is a recital that the Trustee does not challenge the good faith of the initial or subsequent transferee(s). The defendant's action was consolidated under the action captioned *Picard v. Ida Fishman Revocable Trust,* No. 11-cv-7603, and a judgment was entered on May 23, 2012 by the Hon. Jed S. Rakoff, U.S.D.J., dismissing

3

all claims for preferences under 547 of the Bankruptcy code, constructive fraudulent transfers under 548(a)(1)(B) of the Bankruptcy Code and actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by 544(d) of the Bankruptcy Code.

4.  This judgment left only one remaining claim against the defendant – the two year transfers under 548(a)(1)(A) of the Bankruptcy Code made by BLMIS with actual intent to hinder, delay or defraud.

5.  The parties have engaged in discovery and the defendant has admitted that the defendant received funds from his BLMIS brokerage account between December 11, 2006 and December 11, 2008 on or about the dates and in the amount set forth in Exhibit B of the amended complaint.

6.  The Trustee has now issued subpoenas to HSBC Bank USA, N.A., Wells Fargo Bank, N.A. and Wells Fargo Advisors, LLC, seeking extensive account information such as monthly statements, wire transfers and checks for several bank/brokerage accounts for a seven year period.

## Relief Requested

7.      The defendant, Michael Most, files this Application for the following relief:

1) for the issuance and entry of an order pursuant to Fed. R. Civ. P. 45(3)(A)(iii) and 26(c)(1)(D) and Bankruptcy Rule 9016(3)(A)(iii) and 7026(c)(1)(D) quashing the following subpoenas issued by counsel to Irving H. Picard, as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78111 et seq and the estate of Bernard L. Madoff, individually:

    a.   Subpoena issued by counsel for plaintiff to HSBC Bank USA, N.A., c/o David E. Brodsky, James Corsiglia & Marla Decker, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, NY, NY 10006 to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) regarding Michael Most's accounts.

    b.   Subpoena issued by counsel for plaintiff to Wells Fargo Advisors, LLC, c/o Beverly Jo Slaughter, Esq., Managing Counsel, Wells Fargo Law Department, One North Jefferson Avenue, MAC H0004-101, St. Louis, MO 63103 to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) regarding Michael Most's accounts.

    c.   Subpoena issued by counsel for plaintiff to Wells Fargo Bank, N.A., c/o Beverly Jo Slaughter, Esq., Managing Counsel, Wells Fargo Law Department, One North Jefferson Avenue, MAC H0004-101, St. Louis, MO 63103 to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) regarding Michael Most's accounts.

5

because the documentation and information demanded is not relevant, is outside the scope of the Order Establishing Litigation Case Management Procedures for Avoidance Procedures dated November 10, 2010, Exhibit A, The Avoidance Procedures, para. (4)(G), is outside of the scope of the two year period of the alleged claim, it subjects the defendant to annoyance, embarrassment, oppression and is overbroad, and it violates the defendant's constitutional right of privacy, and

2) for the issuance and entry of a protective order for the same reasons prohibiting plaintiff from inquiry into defendant's and defendant's spouse's banking/brokerage records, and

3) for such other and further relief as to the Court is just and proper.

8. The defendant's application, memorandum of law in support, declaration in support of Paula J. Warmuth dated May 6, 2014 with exhibits annexed, the declaration of good and sufficient reasons of Paula J. Warmuth dated May 6, 2014, and the certification of good faith attempt to confer of Paula J. Warmuth dated May 6, 2014 with exhibits annexed, are also filed pursuant to Local Bankruptcy Rule 9077-1, which provides that an order to show cause may be granted "upon a clear and specific showing by affidavit of good and sufficient reasons why proceedings other than by notice of motion is necessary."

9. As set forth more fully in the memorandum of law in support, the subpoenas seek information which is not relevant, is outside the scope of the Order Establishing Litigation Case

6

Management Procedures for Avoidance Procedures dated November 10, 2010, Exhibit A, the Avoidance Procedures, para. (4)(G), is outside of the scope of the two year period of the alleged claim, it subjects the defendant to annoyance, embarrassment, oppression and is overbroad, and it violates the defendant's constitutional right of privacy.

10. The defendant seeks a stay of the enforcement or compliance with the above-described subpoenas. If the defendant's bank/brokerage records are produced, the defendant will be substantially and irreparably prejudiced and harmed, his privacy invaded and he will be subjected to annoyance, embarrassment and oppression.

### Notice

11. Notice of this application shall be electronically docketed in this adversary proceeding and in the Madoff main case, 08-01789, on this Court's CM/ECF filing system on or before May 7, 2014 and shall be served by overnight delivery service on or before May 7, 2014 on HSBC Bank USA, N.A., c/o David E. Brodsky, James Corsiglia & Marla Decker, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, NY, NY 10006, Wells Fargo Advisors, LLC, c/o Beverly Jo Slaughter, Esq., Managing Counsel, Wells Fargo Law Department, One North

Jefferson Avenue, MAC H0004-101, St. Louis, MO 63103; and Wells Fargo Bank, N.A., c/o Beverly Jo Slaughter, Esq., Managing Counsel, Wells Fargo Law Department, One North Jefferson Avenue, MAC H0004-101, St. Louis, MO 63103. Such service shall be deemed good and sufficient notice of this application.

12. The defendant submits that no other or further notice is required.

13. No previous request for the relief sought herein has been made by the defendant to this or any other Court.

Dated: Farmingville, NY
       May 6, 2014

      STIM & WARMUTH, P.C.


      By:/s/_____
        PAULA J. WARMUTH
        Attorney for Defendant,
        Michael Most
        2 Eighth Street
        Farmingville, NY 11738
        Telephone: 631-732-2000
        Facsimile: 631-732-2662
        Paula J. Warmuth
        Email: pjw@stim-warmuth.com
        Glenn P. Warmuth
        Email: gpw@stim-warmuth.com