# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

May 8, 2014

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ECF/ ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

*Re:*   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (SMB) (Substantively Consolidated)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* and the estate of Bernard L. Madoff.

We write in response to the letter dated May 7, 2014 from Becker & Poliakoff LLP on behalf of certain claimants identified on Exhibit A attached thereto ("Chaitman Claimants") seeking a sixty-day extension of the objection deadline for the Trustee's motion ("Motion") on the inter-account transfer issue ("Inter-Account Transfer Issue"). This request should be denied because: (i) the discovery sought has no bearing on the Trustee's Motion; and (ii) any delay in reviewing the requested information has been solely of the Chaitman Claimants' own making.

As an initial matter, the Trustee's Motion is limited solely to a legal issue—whether the Trustee's application of the Net Investment Method to Inter-Account Transfers to determine each account's "net equity" under SIPA—is correct. No discovery is necessary to resolve that question, particularly in light of the fact that the ability of the Chaitman Claimants to raise individual factual issues after the omnibus briefing has

Judge Stuart M. Bernstein
May 8, 2014
Page 2

been preserved. The Chaitman Claimants' request for a sixty-day adjournment on a motion involving hundreds of claims objections is nothing but a delay tactic that works to the detriment of other claimants seeking to have this issue resolved in a timely fashion.[1]

Despite the fact that the issues presented by the Trustee's Motion are legal rather than factual, the Trustee sought to efficiently and quickly respond to the broad discovery requests served by the Chaitman Claimants. The Trustee identified three general categories of documents that were responsive to the document requests: (1) BLMIS "account maintenance folders" for 334 accounts; (2) BLMIS customer statements and year-end summaries for 334 accounts; and (3) relevant pages of bank statements from the JPMorgan "703" Account for 102 accounts. The Trustee is providing Becker & Poliakoff LLP with documents in category 1 in pdf format.[2] Due to the large volume of documents encompassed by categories 2 and 3, in an effort to make these documents available to Becker & Poliakoff LLP as soon as possible and in an efficient, user-friendly manner, counsel for the Trustee provided Becker & Poliakoff LLP with an electronic production of these documents via the Madoff Trustee Proof of Fraud and Insolvency Data Room ("E-Data Room 1"), along with detailed summaries for each BLMIS account of the relevant documents identified by Bates number.

E-Data Room 1 is an electronic repository made available to attorneys representing defendants involved in litigation initiated by the Trustee. Pursuant to the Order dated November 10, 2010, (1) Establishing litigation case management procedures for avoidance actions and (2) Amending the February 16, 2010 Protective Order issued by this Court (the "Litigation Procedures Order"), as modified by subsequent Orders, E-Data Room 1 contains certain core information that relates to the proof of fraud and insolvency of BLMIS. Given the large volume of documents that relate to BLMIS' fraud and insolvency, E-Data Room 1 was established in order to facilitate efficient and cost-effective access to defendants of such documents in a manner that is organized and easily useable (and avoids producing a "document dump"). As a compromise to address concerns raised by certain BLMIS customers and defendants, in a good faith effort to prevent disclosure of Personally Identifiable Information ("PII"), the Trustee

---

[1] The suggestion that the Trustee delayed in litigating the Inter-Account Transfer Issue for over five years is false. The Trustee could not commence litigation on this issue until the order on the Net Investment Method was final. After such time, aspects of the Inter-Account Transfer Issue were being litigated in the District Court. Once that decision issued, the Trustee moved promptly before this Court to litigate the Inter-Account Transfer Issue after a review of the determination by the District Court and the hundreds of objections that raised this issue.

[2] The Trustee has made one production of BLMIS "account maintenance folders" or "customer files" in pdf format to the Chaitman Claimants to date. The balance of these documents will be produced to the Chaitman Claimants upon receipt of an executed Undertaking and Consent to Be Bound by the Litigation Protective Order, discussed herein.

Judge Stuart M. Bernstein
May 8, 2014
Page 3

endeavored in good faith to redact dates of birth, personal addresses, and other identifying information such as Social Security numbers, bank account numbers, taxpayer identification numbers, and other similar information that appear on many of the documents in E-Data Room 1. In order to obtain credentials to access E-Data Room 1, counsel for defendants must review, sign and return to counsel for the Trustee, an executed copy of the Non-Disclosure Agreement (NDA) and Litigation Procedures Order, both of which are utilized on a case-wide basis. Documents in E-Data Room 1 may be tagged by counsel for defendants for separate production out of the data room.

On April 30, 2014, counsel for the Trustee was informed by counsel from Becker & Poliakoff LLP that they refused to utilize E-Data Room 1, even though the documents were accessible and could be tagged for production out of E-Data Room 1. Instead, they demanded physical production of all 250,000 pages of customer account documents and bank statements. Counsel for the Trustee agreed to provide the documents in the requested alternate format within seven business days, provided that Becker & Poliakoff LLP return to the Trustee an executed Undertaking and Consent to Be Bound by the Litigation Protective Order that governs the production of Confidential Material in these actions.

As the Trustee has provided the Chaitman Claimants electronic production of the responsive documents via E-Data Room 1, any delay in review of these materials has been by choice. Because the Inter-Account Transfer Issue affects a large number of claimants, it is important that the Trustee's Motion is heard by this Court promptly. There are hundreds of claimants involved in the Motion, none of which, other than Becker & Poliakoff LLP, has sought to delay this matter by seeking discovery on factual issues outside the scope of the Trustee's Motion. The Trustee requests that the Chaitman Claimants' request for an extension of sixty days to the objection deadline be denied.

The Securities Investor Protection Corporation has informed the Trustee that it joins in this letter opposing any request for an adjournment on the Trustee's Motion.

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan

cc:    Helen Davis Chaitman