# DICKSTEIN SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

May 9, 2014

**VIA ECF**

Mr. Vito Genna
Clerk of the Court
Southern District of New York
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Re: *Picard v. Triangle Diversified Investments* – Adv. Pro. No. 10-04463-smb

Dear Mr. Genna:

We represent defendant Triangle Diversified Investments LLC ("Triangle LLC") in the above-referenced adversary proceeding (the "Action"). We write to you regarding the recent filing of an Entry of Default against Triangle Diversified Investments ("TDI") and an Entry of Default against Zinn Investments Limited ("Zinn"), two other defendants in the Action that we do not represent. (Docket Nos. 31 and 32, the "Entries of Default.")

Dickstein Shapiro LLP and I are incorrectly identified as counsel to TDI on the Notice of Entry of Default against TDI and the Notice of Entry of Default against Zinn. (Docket Nos. 33 and 34, the "Notices of Entry.") The docket also reflects that Dickstein Shapiro LLP and I were added on May 8, 2014, as counsel to TDI. However, as stated above, we are not counsel to TDI. We have not been retained by that entity, nor have we ever entered an appearance or filed any document on its behalf. Accordingly, we respectfully request that the Clerk's office correct these errors by issuing amended Notices of Default that do not identify Dickstein Shapiro LLP or me as counsel to TDI and further correcting the docket entry that erroneously refers to Dickstein Shapiro LLP and me as counsel to TDI.

Additionally, although plaintiff did not request entry of default against Triangle LLC because it timely filed a motion to dismiss, we, of course, still have an interest in any document filed in the Action. For this reason, we note that there is no basis in the record for the Entries of Default. In the Affidavit Supporting Entry of Default, Robertson D. Beckerlegge, counsel for the plaintiff, relies on docket number 19 as the "Affidavits of service evidencing timely service on

Los Angeles | New York | Orange County | Silicon Valley | Stamford | Washington, DC

DOCSNY-565346 v1

**DICKSTEIN**SHAPIRO LLP

May 9, 2014
Page 2

Defendants" of the Amended Complaint. (Docket No. 29, ¶ 7.) However, Docket No. 19 is my Declaration in Support of Triangle LLC's Motion to Withdraw the Reference and, thus, plaintiff has not satisfied his burden of showing that "the pleading to which no response has been made was properly served." United States Bankruptcy Court Southern District of New York Local Rule 7055-1. Because it is plaintiff's burden to demonstrate he is entitled to the Entries of Default, the Clerk's office should not be required to search through the record to find support for plaintiff's request. Even if such a search is conducted – and we assume that plaintiff's evidence of proper service is Docket No. 14 (the only document on the docket titled "Affidavit of Service of Amended Complaint") – plaintiff fails to meet his burden. That affidavit shows that TDI was not served at all. TDI's name does not appear on the exhibit to the Affidavit. Further, according to the exhibit to the Affidavit, Zinn was improperly served by mail at an address with no street name or number, only a zip code. *See* Docket No. 14, Schedule A.

We ask that you please look into these clear errors and irregularities and consider taking any action that may be appropriate.

Respectfully,

/s/ Eric B. Fisher

Eric B. Fisher
(212) 277-6681 direct dial
fishere@dicksteinshapiro.com

cc: Hon. Stuart M. Bernstein (via hand delivery)
    Marc E. Hirschfield, Esq. (via email)

DOCSNY-565346 v1