**Presentment Date and Time: May 30, 2014, at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: May 27, 2014, at 4:00 p.m. (prevailing Eastern Time)**

STROOCK & STROOCK & LAVAN LLP
Joel Cohen
Michele Pahmer
Patrick N. Petrocelli
180 Maiden Lane
New York, New York 10038
Telephone:    (212) 806-5400
Facsimile:    (212) 806-6006

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                  Defendant. | Adv. Proc. No.: 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | Case No. 09-11893 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                  Plaintiff,<br>          v.<br><br>AMY R. ROTH,<br><br>                  Defendant. | Adv. Proc. No.: 10-05132 (SMB)<br><br>**ECF CASE** |

**MOTION OF STROOCK & STROOCK & LAVAN LLP FOR AN ORDER PURSUANT
TO RULE 2090-1(e) OF THE LOCAL BANKRUPTCY RULES TO WITHDRAW AS
COUNSEL TO DEFENDANT AMY R. ROTH**

Pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules, Stroock & Stroock & Lavan LLP ("Stroock") respectfully seeks to withdraw as counsel for Defendant Amy R. Roth ("Ms. Roth" or "Defendant"), in the above-captioned adversary proceeding and states as follows:

1.      On or about June 17, 2009, Stroock was retained to represent Ms. Roth and various members of her immediate family in connection with various accounts they held with Bernard L. Madoff Investment Securities LLC.

2.      In or about December 2010, the Trustee commenced the instant adversary proceeding against Ms. Roth and a separate proceeding against her parents.  Stroock has been representing Ms. Roth in this adversary proceeding and has also been representing her parents, Benjamin and Marion Roth in the adversary proceeding against them.  By agreement with the Roths at the commencement of its representation, Stroock has periodically billed the Roths for services rendered and disbursements incurred in one joint invoice.

3.      To date, Stroock has represented Defendant by, among other things, submitting a Customer Claim on her behalf, filing an objection to the determination of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee"), denying Ms. Roth's Customer Claim, and filing a Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d).

4.      In addition, Stroock has filed a hardship application on Ms. Roth's behalf to urge the Trustee to dismiss the adversary proceeding against Ms. Roth in light of her financial position and documented inability to pay any judgment that the Trustee may ultimately receive. Stroock responded to numerous inquiries and requests for additional information or documentation from the Trustee in connection with this hardship application.  Throughout the period that the hardship application was pending, the Trustee had agreed to several extensions of

Defendant's time to answer the Complaint.  In April 2014, the Trustee's counsel advised us that the Trustee would not dismiss the complaint against Defendant on account of hardship and wished to proceed with its case against Ms. Roth.  As such, an Answer to the Complaint was due and filed by Ms. Roth on May 1, 2014.

5.      Unfortunately, the same circumstances that prompted the submission of a hardship application give rise to the instant motion to withdraw: Ms. Roth is simply without the financial resources to pay Stroock's bills.  Stroock was last paid in October 2011 and there is presently a balance due and owing in connection with the Roth representation in excess of $100,000.

6.      Stroock had hoped that the hardship applications would be granted and that the cases would not proceed against any of the Roth defendants.  However, given the Trustee's decision to proceed against Ms. Roth, and faced with the prospect of a full litigation of this matter for which Ms. Roth has no ability to pay, Stroock is forced to file the instant motion to withdraw.[1]

7.      No prejudice to the Court or the litigants will result from the granting of this motion because Ms. Roth has just recently filed her Answer to the Trustee's Complaint, the parties have not yet exchanged discovery, and there are no looming deadlines.  In contrast, the continued representation of Ms. Roth will impose an unreasonable financial burden on Stroock, as it is currently owed significant outstanding fees in connection with its representation of the Roths, and Ms. Roth has no present ability to pay Stroock's fees going forward.

---

[1]      A hardship application was also submitted on behalf of Benjamin and Marion Roth due to their financial condition.  That application remains pending.  If that application is denied, Stroock will have no alternative but to seek to withdraw as the Roths counsel in that case as well.

8.      Accordingly, Stroock seeks to withdraw as counsel for Ms. Roth pursuant to Rule

2090-1(e) of the Local Bankruptcy Rules, which permits withdrawal by order of the Court for

cause shown.  Withdrawal is appropriate here in light of Ms. Roth's inability to pay Stroock's

fees incurred on her behalf.  *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164,

166 (E.D.N.Y. 2006) ("It is well-settled as a general matter that a client's inability or refusal to

pay can constitute a valid ground for withdrawal from representation.") (collecting cases).

WHEREFORE, Stroock respectfully requests that the Court (a) enter an order

substantially in the form attached hereto, granting the relief requested herein or (b) grant such

other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 12, 2014

                                        STROOCK & STROOCK & LAVAN LLP

                               By:    s/ Joel Cohen
                                      Joel Cohen
                                      Michele Pahmer
                                      Patrick N. Petrocelli
                                      180 Maiden Lane
                                      New York, New York 10038
                                      Telephone:    (212) 806-5400
                                      Facsimile:    (212) 806-6006