STROOCK & STROOCK & LAVAN LLP
Joel Cohen
Michele Pahmer
Patrick N. Petrocelli
180 Maiden Lane
New York, New York 10038
Telephone:   (212) 806-5400
Facsimile:   (212) 806-6006

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>          Defendant. | Adv. Proc. No.: 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | Case No. 09-11893 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br>     v.<br><br>AMY R. ROTH,<br><br>          Defendant. | Adv. Proc. No.: 10-05132 (SMB)<br><br>**ECF CASE** |

**DECLARATION OF JOEL COHEN IN SUPPORT OF STROOCK & STROOCK & LAVAN LLP'S MOTION FOR AN ORDER PURSUANT TO RULE 2090-1(e) OF THE LOCAL BANKRUPTCY RULES TO WITHDRAW AS COUNSEL TO DEFENDANT AMY R. ROTH**

JOEL COHEN declares, pursuant to § 1746 of title 28 of the United States Code, as follows:

1. I am a member of Stroock & Stroock & Lavan LLP ("Stroock"). I respectfully submit this declaration in support of Stroock's Motion to Withdraw as Counsel for Defendant Amy R. Roth ("Ms. Roth" or "Defendant") in the above-captioned adversary proceeding.

2. On or about June 17, 2009, Stroock was engaged to represent Ms. Roth, as well as her parents and her two siblings in connection with accounts they held at Bernard L. Madoff Securities Investments LLC.

3. In or about December 2010, the Trustee commenced the instant adversary proceeding against Ms. Roth and a separate proceeding against her parents. Stroock has been representing Ms. Roth in this adversary proceeding and has also been representing her parents, Benjamin and Marion Roth in the separate adversary proceeding against them. By agreement with the Roths at the commencement of its representation, Stroock has periodically billed the Roths for services rendered and disbursements incurred in one joint invoice.

4. Among the services performed by Stroock in connection with its representation of Ms. Roth, was the submission of a Customer Claim on her behalf, seeking recovery of her investment losses based on her customer statements. After Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee"), denied Ms. Roth's Customer Claim, Stroock filed a detailed Objection to the Trustee's Determination of Claim. In addition, Stroock filed a Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) on Ms. Roth's behalf and has, of course, been monitoring the developments in Madoff-related proceedings.

5.      Additionally, in or about November 22, 2010, Stroock submitted hardship applications on behalf of Amy Roth, as well as on behalf of her parents and siblings, to urge the Trustee to not file or pursue avoidance actions against them. The Trustee nevertheless initiated the instant adversary proceeding against Defendant, and a separate adversary proceeding against Benjamin and Marion Roth (Adv. Proc. No. 10-5284).[1]

6.      Following the commencement of this instant adversary proceeding, Stroock has continued to provide the Trustee with periodic updates concerning Ms. Roth's Hardship Application as well as that of her parents. Stroock has made numerous submissions to the Trustee's counsel in order to update the Trustee or respond to requests for additional information or documentation in connection with the Hardship Application.

7.      Throughout this process and while the Trustee was considering Ms. Roth's Hardship Application, the Trustee agreed to several extensions of Defendant's time to answer the Complaint. However, in April 2014, the Trustee's counsel advised us that the Trustee would not dismiss the complaint against Defendant on account of hardship and wished to proceed with its case against Ms. Roth. As such, an Answer to the Complaint was due and filed by Ms. Roth on May 1, 2014.

8.      Stroock had hoped that Ms. Roth's Hardship Application would be granted and that this adversary proceeding would be dismissed against her. Now that the Trustee has decided to pursue his claims against Defendant, however, Stroock respectfully requests that the Court grant it leave to withdraw as counsel. Withdrawal is appropriate here because the Roths have not paid Stroock's bills in years. Moreover, Ms. Roth's financial condition that was the subject of her Hardship Application makes clear that she has few resources with which to pay the

---

[1] The Trustee did not commence an adversary proceeding against one of the Defendant's siblings and in or about June 2011, agreed to dismiss the action commenced against the other.

outstanding balance owed to the firm, let alone the ongoing fees that will be incurred as this litigation goes forward.

9. Stroock has sent periodic bills to the Roths for services rendered and disbursements incurred and was paid for the first several of those invoices. However the last payment made by any of the Roths was made by Defendant in October 2011. Stroock has not received any payment since October 11, 2011. As of the last bill sent to the Roths for the period through April 30, 2014, Stroock is owed more than $100,000.

10. We regret that we must seek to withdraw from this representation, but we see no alternative under the circumstances. Unfortunately, it is readily apparent that Ms. Roth lacks the ability to pay Stroock's fees in connection with its continued representation on a going forward basis. Indeed, as Ms. Roth only recently Answered the Complaint, virtually the entire scope of this litigation remains. Stroock's continued representation of Ms. Roth with no prospect of payment will impose an unreasonable financial burden on Stroock.

11. We have discussed these facts with Ms. Roth and advised her of our intention to seek to withdraw. Ms. Roth holds a law degree from an Ivy League institution and there is no doubt that she understands the nature of and reason for Stroock's request.

12. Under the circumstances as set forth above, I respectfully request that the Court grant Stroock's request to withdraw as Ms. Roth's counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
May 12, 2014

/s/ Joel Cohen
Joel Cohen