**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, WENDY WOLOSOFF-HAYES, BRIAN CLEARY, PETER J. CLEARY, LESLIE READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, and JOSEPH S. EASTERN, as trustee and as an individual,<br><br>        Defendants. | Adv. Pro. No. 10-04490 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT**
**PREJUDICE DEFENDANT BRIAN CLEARY**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against Lucky Company, Brian Cleary ("Cleary"), and others (the "Action") (Adv. Pro. No. 10-04490

(SMB)); and

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, defendant Cleary represents as follows:

1. In or about 2007, my account with Lucky Company was opened by the transfer of $559,060 to an account in my name, as an inheritance, from an account in the name of my father which he held in Lucky Company.

2. Later in 2007, I invested $130,000 in cash with Lucky Company. I made no other investments with Lucky Company.

3. The only withdrawal of cash I made from Lucky Company was in the amount of $40,000 in 2008.

4. I am informed and believe that Lucky Company in turn invested with BLMIS. I never invested directly with BLMIS and never received any money from BLMIS.

5. Without consideration of the amount transferred to my Lucky Company account from my father's Lucky Company account, I invested $130,000 in cash with Lucky Company and withdrew $40,000 from Lucky Company, resulting in a cash loss of $90,000.

6. I received K-1's from Lucky Company. I never received K-1's or any other documents from BLMIS.

**WHEREAS**, in support of defendant Cleary's position, he has provided the following documentation to the Trustee:

1. 2007 Schedule K-1 issued by Lucky Company to defendant Cleary.

2. 2008 Schedule K-1 issued by Lucky Company to defendant Cleary.

3. Schedule from Lucky Company showing capital contributions and withdrawals of capital from Cleary's account, as well as cancelled checks supporting the capital contributions.

C:\Users\sroberts\Documents\ECF Filings 5-13-14\10-04490 Brian Cleary Stipulation and Order of Dismissal Without Prejudice.doc

2

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendant Cleary as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant Cleary hereby stipulate that the Trustee's claims against defendant Cleary in the Action are dismissed without prejudice and without costs to either the Trustee or defendant Cleary.

3. Notwithstanding the foregoing, defendant Cleary and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant Cleary, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant Cleary is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendant Cleary in connection with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant Cleary hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. Upon the dismissal of defendant Cleary, the caption of the Action is hereby amended to delete defendant Cleary from the caption. The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

C:\Users\sroberts\Documents\ECF Filings 5-13-14\10-04490 Brian Cleary Stipulation and Order of Dismissal Without Prejudice.doc

3

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. Defendant Cleary represents that he has had ample opportunity to review and discuss this stipulation and order with counsel and has knowingly elected not to do so.

(Remainder of page intentionally left blank.)

C:\Users\sroberts\Documents\ECF Filings 5-13-14\10-04490 Brian Cleary Stipulation and Order of Dismissal Without Prejudice.doc

4

Dated: New York, New York
      May 9, 2014

| Of Counsel: | **BAKER & HOSTETLER LLP** |
|---|---|
| **BAKER & HOSTETLER LLP** | By: */s/ Nicholas J. Cremona* |
| 11601 Wilshire Boulevard, Suite 1400 | 45 Rockefeller Plaza |
| Los Angeles, California 90025-0509 | New York, New York 10111 |
| Telephone: 310.820.8800 | Telephone: 212.589.4200 |
| Facsimile: 310.820.8859 | Facsimile: 212.589.4201 |
| Michael R. Matthias | David J. Sheehan |
| Email: mmatthias@bakerlaw.com | Email: dsheehan@bakerlaw.com |
| | Marc E. Hirschfield |
| | Email: mhirschfield@bakerlaw.com |
| | Nicholas J. Cremona |
| | Email: ncremona@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*/s/ Brian Cleary*
Brian Cleary
Defendant

Dated: New York, New York
      May 13th, 2014            **SO ORDERED**

                                            **By: /s/ STUART M. BERNSTEIN**
                                                **HONORABLE STUART M. BERNSTEIN**
                                                **UNITED STATES BANKRUPTCY JUDGE**

C:\Users\sroberts\Documents\ECF Filings 5-13-14\10-04490 Brian Cleary Stipulation and Order of Dismissal Without Prejudice.doc

5