**KLESTADT & WINTERS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018-6314
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245
Tracy L. Klestadt
Brendan M. Scott

*Attorneys for Defendants Lewis Alpern, Jane Alpern,*
*Gertrude E. Alpern Revocable Trust, The Estate of*
*Gertrude E. Alpern and Paul Alpern Residuary Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>             Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>             Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>GERTRUDE E. ALPERN REVOCABLE TRUST, ROBERTA SCHWARTZ TRUST, PAUL ALPERN RESIDUARY TRUST, LEWIS ALPERN, in his capacity as successor trustee of the Gertrude E. Alpern Revocable Trust, as beneficiary of the Gertrude E. Alpern Revocable Trust, as executor of the estate of Gertrude E. Alpern, and in his capacity as trustee of the Paul Alpern Residuary Trust, THE ESTATE OF GERTRUDE E. ALPERN, JANE ALPERN, as beneficiary of the Gertrude E. Alpern Revocable Trust, JONATHAN SCHWARTZ, as beneficiary of the Gertrude E. Alpern Revocable Trust, and, | Adv. Pro. No. 10-04327 (BRL) |

ROBERTA SCHWARTZ, as beneficiary of the
Gertrude E. Alpern Revocable Trust, as settler and
beneficiary of the Roberta Schwartz Trust, and in
her capacity as trustee of the Roberta Schwartz
Trust,

                          Defendants.

## DEFENDANTS' FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES

Defendants LEWIS ALPERN, in his capacity as successor trustee of the Gertrude E.

Alpern Revocable Trust, as beneficiary of the Gertrude E. Alpern Revocable Trust, as executor

of the estate of Gertrude E. Alpern, and in his capacity as trustee of the Paul Alpern Residuary

Trust, GERTRUDE E. ALPERN REVOCABLE TRUST ("Alpern Trust"),  THE ESTATE OF

GERTRUDE E. ALPERN ("Alpern Estate"), JANE ALPERN, as beneficiary of the Gertrude E.

Alpern Revocable Trust, and the PAUL ALPERN RESIDUARY TRUST ("PA Residuary

Trust"), (collectively, the "Defendants"), by their undersigned attorneys, hereby respond to the

complaint filed by Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment

Securities LLC ("Plaintiff") in the above captioned adversary proceeding (the "Complaint"), and

respectfully avers as follows:

1.      Paragraph 1 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 1 and on that basis deny each and every allegation contained therein, and respectfully

refer all questions of law to the appropriate Court.

2.      Defendants deny that they received other peoples' money but admit that the

Alpern Trust received certain transfers since December 11, 2002.  The remaining allegations of

paragraph 2 are legal conclusions or arguments as to which no response is required.  To the

extent a response is required, Defendants are without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations contained in paragraph 2 and on that basis deny each and every allegation contained therein.

3.      Paragraph 3 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint and respectfully refer all questions of law to the appropriate Court.

4.      Paragraph 4 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

5.      Paragraph 5 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

6.      Paragraph 6 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

7.      Paragraph 7 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 7 of the Complaint and respectfully refer all questions of law to the appropriate Court.

8.        Paragraph 8 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 8 of the Complaint and respectfully refer all questions of law to the appropriate Court.

9.        Defendants admit that the Alpern Trust held a BLMIS account in the name of "Gertrude E. Alpern as Trustee U/A Dated 3/20/90 with the account address reported as Pompano Beach, Florida, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and on that basis deny the remaining allegations contained therein.

10.        Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on that basis deny each and every allegation contained therein.

11.        Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis deny each and every allegation contained therein.

12.        Defendants admit that Gertrude E. Alpern died on June 6, 2007; her will was probated in the Surrogate's Court of the State of New York, Nassau County; that letters of administration for the estate were issued to Lewis Alpern, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and on that basis deny the remaining allegations contained therein.

13.     Defendants admit that Lewis Alpern served as the administrator for the Estate of Gertrude E. Alpern, as well as a successor trustee of the Alpern Trust, and trustee of the Paul Alpern Trust and that he maintains his residence in East Rockaway, New York.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and on that basis deny each and every allegation contained therein.

15.     Defendants admit that Jane Alpern maintains her residence in East Rockaway, New York, but deny the remaining allegations contained in paragraph 15 of the Complaint.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and on that basis deny each and every allegation contained therein.

17.     Defendants admit the allegations contained in paragraph 17 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and on that basis deny each and every allegation contained therein.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis deny each and every allegation contained therein.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22.     Paragraph 22 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint that the Trustee is in the process of marshalling BLMIS's assets, that the liquidation of BLMIS's assets is well underway, and that such assets will not be sufficient to reimburse the customer of BLMIS for the billions of dollars that they invested over the years.  The remaining allegations contained in paragraph 25 of the Complaint are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations on information and belief.

26.     Paragraph 26 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

6

paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

27.    Paragraph 27 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

28.    Paragraph 28 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

## THE FRAUDLENT PONZI SCHEME

29.    Defendants admit that BLMIS was a securities broker-dealer registered with the SEC and SIPC.  However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.     Defendants admit that the Alpern Trust received monthly account statements from BLMIS.  However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35.     Defendants deny that any monies sent to BLMIS were used to enrich the Defendants or that Defendants had any knowledge of the alleged Ponzi scheme, to the extent it existed.  Further, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein.

36.     Paragraph 36 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

37.     Defendants admit that the Alpern Trust received certain transfers from, and made certain transfers to BLMIS, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and on that basis deny each and every allegation contained therein.

8

38.     Defendants admit that the Alpern Trust received monthly account statements from BLMIS, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and on that basis deny each and every allegation contained therein.

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and on that basis deny each and every allegation contained therein.

40.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and on that basis deny each and every allegation contained therein.

41.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and on that basis deny each and every allegation contained therein.

42.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and on that basis deny each and every allegation contained therein.

43.     Paragraph 43 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information  to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

## THE TRANSFERS

44.     Defendants admit that the Alpern Trust held an account with BLMIS (the "Account"), and admit upon information and belief that the Alpern Trust entered into certain

account agreements including documents entitled: Customer Agreement; Option Agreement, and Trading Authorization Limited to Purchases and Sales of Securities and Options (collectively, the "Account Agreements"), but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint and on that basis deny each and every remaining allegation contained therein.

45.     Defendants admit that the Alpern Trust contributed funds to the Account.  The remainder of paragraph 45 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants respectfully refer the appropriate Court to the Account Agreements for all matters of interpretation.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint, except admit that the Alpern Trust received certain transfers from BLMIS during the six years prior to the Filing Date.

47.     Paragraph 47 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants admit that the Alpern Trust received certain transfers from BLMIS during the six years prior to the Filing Date and during the two years prior to the Filing Date, deny the remaining allegations contained in paragraph 47 of the Complaint, and respectfully refer all questions of law to the appropriate Court.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information  to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

50.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and on that basis deny each and every allegation contained therein.

51.     Paragraph 51 of the Complaint contains no allegations of fact.  As such, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 51 of the Complaint

## CUSTOMER CLAIMS

52.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and on that basis deny each and every allegation contained therein.

53.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and on that basis deny each and every allegation contained therein.

54.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and on that basis deny each and every allegation contained therein.

55.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and on that basis deny each and every allegation contained therein.

## COUNT ONE
### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548 (a)(1)(A), 550(a) and 551

56.     Paragraph 56 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

57.      Paragraph 57 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 57 of the Complaint and respectfully refer all questions of law to the appropriate Court.

58.      Paragraph 58 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 58 of the Complaint and respectfully refer all questions of law to the appropriate Court.

59.      Paragraph 59 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

60.      Paragraph 60 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint and respectfully refer all questions of law to the appropriate Court.

61.      Paragraph 61 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 61 of the Complaint and respectfully refer all questions of law to the appropriate Court.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551

This cause of action against the Defendants has been dismissed in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final

Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101) ("Consent Order").  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

62.     Paragraph 62 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

63.     Paragraph 63 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 63 of the Complaint and respectfully refer all questions of law to the appropriate Court.

64.     Paragraph 64 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of the Complaint and respectfully refer all questions of law to the appropriate Court.

65.     Paragraph 65 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint and respectfully refer all questions of law to the appropriate Court.

66.     Paragraph 66 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 66 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

67.     Paragraph 67 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

68.     Paragraph 68 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

69.     Paragraph 69 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 69 of the Complaint and respectfully refer all questions of law to the appropriate Court.

70.     Paragraph 70 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 70 of the Complaint and respectfully refer all questions of law to the appropriate Court.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action against the Defendants has been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the

following paragraphs in order to preserve all rights with respect to the allegations contained therein.

71.     Paragraph 71 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

72.     Paragraph 72 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

73.     Paragraph 73 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 73 of the Complaint and respectfully refer all questions of law to the appropriate Court.

74.     Paragraph 74 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

75.     Paragraph 75 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 75 of the Complaint, and respectfully refer all questions of law to the appropriate Court.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action against the Defendants has been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

76.      Paragraph 76 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

77.      Paragraph 77 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

78.       Paragraph 78 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 78 of the Complaint and respectfully refer all questions of law to the appropriate Court.

79.      Paragraph 79 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 79 of the Complaint and respectfully refer all questions of law to the appropriate Court.

80.      Paragraph 80 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

81.    Paragraph 81 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in paragraph 81 of the Complaint and respectfully refer all questions of law to the appropriate Court.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273
AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action against the Defendants has been dismissed in accordance with the Consent Order. Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

82.    Paragraph 82 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

83.    Paragraph 83 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

84.    Paragraph 84 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendants deny the

allegations contained in paragraph 74 of the Complaint and respectfully refer all questions of law to the appropriate Court.

85.     Paragraph 85 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 85 of the Complaint and respectfully refer all questions of law to the appropriate Court.

86.     Paragraph 86 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

87.     Paragraph 87 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint and respectfully refer all questions of law to the appropriate Court.

**COUNT SIX**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

This cause of action against the Defendants has been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

88.     Paragraph 88 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

89.      Paragraph 89 of the Complaint contains only legal conclusions or arguments to
which no response is necessary.  To the extent a response is required, Defendants are without
sufficient knowledge or information to form a belief as to the truth of the allegations contained in
paragraph 89 of the Complaint and on that basis deny each and every allegation contained
therein, and respectfully refer all questions of law to the appropriate Court.

90.      Paragraph 90 of the Complaint contains only legal conclusions or arguments to
which no response is necessary.  To the extent a response is required, Defendants deny the
allegations contained in paragraph 90 of the Complaint and respectfully refer all questions of law
to the appropriate Court.

91.      Paragraph 91 of the Complaint contains only legal conclusions or arguments to
which no response is necessary.  To the extent a response is required, Defendants deny the
allegations contained in paragraph 91 of the Complaint and respectfully refer all questions of law
to the appropriate Court.

92.      Paragraph 92 of the Complaint contains only legal conclusions or arguments to
which no response is necessary.  To the extent a response is required, Defendants are without
sufficient knowledge or information to form a belief as to the truth of the allegations contained in
paragraph 92 of the Complaint and on that basis deny each and every allegation contained
therein, and respectfully refer all questions of law to the appropriate Court.

93.      Paragraph 93 of the Complaint contains only legal conclusions or arguments to
which no response is necessary.  To the extent a response is required, Defendants deny the
allegations contained in paragraph 93 of the Complaint and respectfully refer all questions of law
to the appropriate Court.

## COUNT SEVEN
### RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW§278 AND/OR 279 AND 11 U.S.C.§§ 544, 548, 550(A) AND 551

All causes of action asserted against Defendants, except those asserted under 11 U.S.C. § 548(a)(1)(A) have been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

94.    Paragraph 94 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

95.    Paragraph 95 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

96.    Paragraph 96 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

97.    Paragraph 97 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

98.      Paragraph 98 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

99.      Paragraph 99 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court

## AFFIRMATIVE DEFENSES

In identifying the defenses set forth below, Defendants do not relieve Plaintiff of proving under the appropriate standard of proof all elements of the claims that Plaintiff alleges. Defendants do not undertake any burdens that properly rest upon Plaintiff, and do not suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make out a prima facie case against Defendants. These defenses are set forth cumulatively and in the alternative.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense

21

at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.  Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge.

## SECOND AFFIRMATIVE DEFENSE

2.      This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

22

### THIRD AFFIRMATIVE DEFENSE

3.      The Complaint fails to state a claim on which relief can be granted because it fails

to properly plead the elements required for the avoidance of BLMIS's obligations.  Absent an

action to avoid BLMIS's obligations to pay what is owed to the customer under state law, the

transfers were all made on account of antecedent debts.  To the extent the Trustee has pled the

avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance

claims.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint is barred, in whole and/or in part, because Plaintiff lacks standing

and/or capacity to bring any claims against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

5.      The claims are not ripe because they do not meet the conditions of section 78fff-

2(c)(3) of SIPA.   The Trustee has not established that there is a shortfall in customer property.

### SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint is barred, in whole and/or in part, because BLMIS never had a

legal interest in the allegedly transferred funds and/or any and all such funds were held by

BLMIS in trust or as bailee, and therefore the allegedly transferred funds are not property of the

estate.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint is barred, in whole and/or in part, because Plaintiff has failed to

plead all of the elements of fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B)

with sufficient particularity and factual basis.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint is barred, in whole and/or in part, because Plaintiff has failed to plead all of the elements of fraudulent transfer under 11 U.S.C. § 544 and New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a, 278 and/or 279 with sufficient particularity and factual basis.

## NINTH AFFIRMATIVE DEFENSE

9.      The alleged transfers, to the extent they were actually received by any of Defendants, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## TENTH AFFIRMATIVE DEFENSE

10.     The alleged transfers, to the extent they were actually received by any of Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole and/or in part, because any and all alleged transfers received by Defendants from BLMIS were taken for value, in good faith, as provided by Section 548(c) of the Bankruptcy Code, and without knowledge of any voidability of such transfers and/or knowledge of the transferor's alleged fraudulent intent.

## TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent one or more of the transfers alleged in the Complaint were made, the Complaint is barred by 11 U.S.C. § 550 (b)(1) because Defendants took any such transfer for value, in good faith, and without knowledge of the voidability of the alleged transfers.  Such transfers are thus not avoidable or recoverable as against these Defendants under sections 548 and 550 of the Bankruptcy Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     To the extent one or more of the transfers alleged in the Complaint were made, the  Complaint is barred by 11 U.S.C. § 550 (b)(2) because Defendants were an immediate or mediate good faith transferee of a transferee who took any such transfer for value, in good faith, and without knowledge of the voidability of the alleged transfers..

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's Complaint is barred by the doctrine of *forum non conveniens*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The Complaint is barred, in whole and/or in part, based on the doctrines of laches and/or waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## NINTEENTH AFFIRMATIVE DEFENSE

19.    The Complaint is barred because the forum in which this action has been commenced cannot exercise in personam jurisdiction over Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    The Complaint is barred with respect to claims under Section 544(b) of the Bankruptcy Code by the unclean hands of any creditor who held or holds matured or unmatured unsecured claims against BLMIS that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    The Complaint is barred, in whole or in part, by the doctrine of *in pari delicto* and/or the Wagoner rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and BLMIS) are imputed to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The alleged transfers are not avoidable as against Defendants or recoverable from Defendants under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Complaint is barred, in whole and/or in part, because the alleged transfers and/or Defendants' property are exempt from recovery by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The claims should be dismissed due to Defendant's justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and the Securities Investor Protection Corporation, to oversee and monitor BLMIS' activities.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, inter alia, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers resulted in local, state or federal tax obligations, which were paid by Defendants, and/or to the extent such transfers were used, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Recovery of attorneys' fees from Defendants is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    The claims are barred in whole or part for failure to properly credit inter-account transfers.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the individual Defendants.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    The claims are barred by intervening or superseding events, factors, occurrence, or conditions over which Defendants had no control.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend and/or supplement this Answer, its

Affirmative Defenses, and all other pleadings. Defendants also reserve the right to assert all other

defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the

Complaint with Prejudice, awarding Defendants' attorneys' fees and costs of suit, and such other

relief as the Court deems just and appropriate.

Dated: New York, New York
       May 14, 2014

**KLESTADT & WINTERS, LLP**

By:   /s/ Tracy L. Klestadt
        Tracy L. Klestadt
        Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, New York 10018-6314
Telephone: (212) 972-3000
tklestadt@klestadt.com
bscott@klestadt.com

*Attorneys for Defendants Lewis Alpern, Jane*
*Alpern, Gertrude E. Alpern Revocable Trust,*
*The Estate of Gertrude E. Alpern, and Paul Alpern*
*Residuary Trust*