STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone:  631-732-2000
Facsimile:  631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Claimant


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
SECURITIES INVESTOR PROTECTION            Adv. Proc. No.
CORPORATION,                              08-01789 (SMB)

           Plaintiff,                     SIPA LIQUIDATION

     v.                                   (Substantively
                                           Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

           Defendant.
-----------------------------------------x
In Re:

BERNARD L. MADOFF,

           Debtor.
-----------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO INTER-ACCOUNT TRANSFER MOTION**

# Table of Contents

                                                                       **Page**

Table of Cases and Statutes . . . . . . . . . . . . . . . . . . ii

I.     Introduction . . . . . . . . . . . . . . . . . . . . 1

II.    Preliminary Statement . . . . . . . . . . . . . . . 1

III.   Argument . . . . . . . . . . . . . . . . . . . . . . 4

    A.  MR. MOST'S DISTRIBUTIONS FROM VARIOUS
    PENSION PLANS WHICH WERE ROLLED-OVER
    INTO HIS IRA ACCOUNT ARE NOT
    INTER-ACCOUNT TRANSFERS . . . . . . . . . . . . . . . .4

    B.  MR. MOST'S DISTRIBUTIONS FROM VARIOUS
    PENSION PLANS ARE PROTECTED BY ERISA . . . . . . . . 6

    C.  MR. MOST NEEDS DISCLOSURE ON ISSUE OF
    INTER-ACCOUNT TRANSFERS. . . . . . . . . . . . . . . 7

IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . 8

### Table of Cases and Statutes

**Cases**                                                                 **Page**

*In Re: Bernard L. Madoff Investment
Securities LLC Debtor,*
654 F.3d 229, 2011 WL 3568936 (2d Cir. 2011) . . . . . . 4,5

*Patterson, Trustee v. Shumate,* 504 U.S. 753 (1992) . . 6

**Statutes**

§ 206(D)(1) of ERISA . . . . . . . . . . . . . . . . 6

ERISA . . . . . . . . . . . . . . . . . . . . . . 3, *passim*

Internal Revenue Code . . . . . . . . . . . . . . . 5

15 U.S.C. § 78fff-2(c)(1)(B). . . . . . . . . . . . . 4

## I. INTRODUCTION

The claimant, Michael Most (IRA) customer claim no. 002158 ("Michael Most"), respectfully submits this memorandum of law in opposition to the Trustee's motion for an order affirming application of the net investment method to determination of customer transfers between BLMIS account.

## II. PRELIMINARY STATEMENT

Michael Most had a securities account at BLMIS number 1ZR098. He timely filed a customer claim. A copy of the customer claim received February 13, 2009 is annexed as exhibit A. Mr. Most's claim was given claim no. 002158. The Trustee made a determination of the claim. Mr. Most filed Objection to the Trustee's Determination of Claim (exhibit B). The docket number for the Objection to Trustee's Determination of Claim is docket no. 1873 filed February 8, 2010. Annexed to said Objection as exhibit A is the Notice of Trustee's Determination of Claim.

The chart showing how the Trustee determined the claim is set forth in the Notice of Trustee's Determination of Claim (exhibit B, docket no. 1873-1, page 3 of 5) ("chart"). The chart purports to show inter-account transfers. Mr. Most objected, inter alia, with the Trustee not crediting Mr. Most

most-136

with the full amounts of the transfers into his IRA account from three difference BLMIS accounts.

Mr. Most is not listed in exhibit 1 to the Trustee's motion as having an inter-account transfer issue. I asked the Trustee's attorney why my client was not listed in exhibit 1 and I was advised that this was a mistake and that Mr. Most could participate in this hearing and my client's claim would be added (<u>exhibit C</u>).

The funds which the Trustee claims are inter-account transfers are not from Mr. Most's accounts. These represent distributions from various pension plans.

The chart shows funds transferred from account 1ZB24430. These funds were from The Sixth Avenue Food Corp. Money Purchase Pension Plan (exhibit A, Bates MWPTAP00187385 – 398). As the documentation attached to the claim shows, Mr. Most was one of three beneficiaries of this pension plan. The plan was terminated December 31, 2006 and Mr. Most's distribution from this pension plan in the amount of $1,089,147.00 ($1,087,942.34 + $1,204.66) was rolled-over to his IRA on December 21, 2006 and February 2, 2007. Mr. Most was only credited by the Trustee with $425,000.

2

The chart shows funds transferred from account 1ZA44330. These funds were from The Four Winds, Inc. Retirement Trust (exhibit A, Bates MWPTAP00187399 -403). As the documentation attached to the claim shows, Mr. Most was one of two beneficiaries of this pension plan. The plan was terminated in 1997 and Mr. Most's distribution from this pension plan in the amount of $1,372,682.98 ($1,366,796.83 + 5,886.15) was rolled-over to his IRA in 1998. Mr. Most was only credited by the Trustee with $599,782.06.

The chart shows that funds were transferred from account 1ZA44320 or 1ZA444230[1]. These funds were from another pension plan. Mr. Most does not have the documentation attached to his claim but funds cannot be transferred into an IRA except from another ERISA-qualified plan. Mr. Most's distribution from this pension plan in the amount of $496,871.18 ($494,831.46 + $1,689.99 + $349.73) was rolled-over to his IRA in 1994. Mr. Most was only credited by the Trustee with $382,491.38.

In total, the amounts alleged to have been deposited or transferred into Mr. Most's IRA were $3,788,782.50 and the Trustee only credited Mr. Most with $2,237,354.78. Mr. Most lost $1,551,427.72 of his retirement savings by virtue of the

---

[1] Both numbers are used by Trustee and without disclosure Mr. Most does not know if this is a typographical error or actually two separate accounts.

Trustee's calculations. Mr. Most's retirement funds have been decimated twice – first by Madoff and then by the Trustee.

These pension plans were not in existence at the time of the SIPA filing. If they were, the plans which made their last distributions in 1994 and 1998 would be beyond the time period for recovery by the Trustee. The Trustee should not be able to attack the validity of these unassailable distributions from these pension plans under the guise of an inter-account transfer.

III. ARGUMENT

A. MR. MOST'S DISTRIBUTIONS FROM VARIOUS PENSION PLANS WHICH WERE ROLLED-OVER INTO HIS IRA ACCOUNT ARE NOT INTER-ACCOUNT TRANSFERS

Michael Most is a customer of BLMIS. Under a SIPA liquidation, each customer shares ratably in the fund of customer property to the extent of the customer's net equity. 15 U.S.C. § 78fff-2(c)(1)(B). The Trustee in this liquidation calculated each customer's net equity using the "Net Investment Method" which credited the amount deposited less the amounts withdrawn. This method was affirmed by the Court of Appeals. *In re Bernard L. Madoff Inv. Secs. LLC*, 654 F.3d 229, 2011 WL 3568936 (2d Cir. 2011).

4

The Net Investment Method was calculated by "crediting the amount of cash deposited into his or her BLMIS account, less any amounts withdrawn from it." *In re Bernard L. Madoff Inv. Secs. LLC, supra,* at 233. This is confirmed by the Trustee's instant motion (docket no. 6084) which states that the Net Investment Method "should be calculated based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts (the 'Net Investment Method')."

Using the Net Investment Method as approved by the Second Circuit, Mr. Most should have been credited with the full amount deposited into his IRA account. There was nothing in the Net Investment Method which allowed the Trustee to discount the funds deposited into Mr. Most's IRA account. The funds are to be "calculated based upon the monies that customers deposited into their BLMIS accounts." Mr. Most deposited $3,788,782.50 into his BLMIS IRA account, not the $2,237,354.78 which the Trustee has improperly credited.

Mr. Most received these funds as distributions from pension plans. Those funds were his to either take or roll-over into an IRA as is permitted by the Internal Revenue Code. Mr. Most elected to roll-over these distributions into his existing BLMIS

5

IRA account. These funds were not transferred from one Most account to another Most account. These funds were distributions from pension plans rolled-over to Mr. Most's IRA. If Mr. Most had taken these pension distributions and rolled them over into any other IRA custodian, they could not be attacked by the Trustee. These pension distributions should not be treated any differently just because they were rolled-over into Mr. Most's IRA. These were not inter-account transfers.

**B.  MR. MOST'S DISTRIBUTIONS FROM VARIOUS PENSION PLANS ARE PROTECTED BY ERISA**

The United States Supreme Court in *Patterson, Trustee v. Shumate,* 504 U.S. 753 (1992), was dealing with an ERISA pension plan. This means that the plan met the requirements of § 206(d)(1) of ERISA that "each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." *Patterson,* at 755. The Court held that the debtor's interest in the plan could be excluded from property of the bankruptcy estate. The Court held that the holding ensured that the worker would actually receive what he was promised. The Court stated:

> Our holding also gives full and appropriate effect to ERISA's goal of protecting pension benefits. See 29 U.S.C. §§ 1001(b) and (c). This Court has described that goal as one of ensuring that "if a worker has been promised a defined pension benefit upon retirement-and if he has

6

fulfilled whatever conditions are required to obtain a vested benefit-he actually will receive it." *Nachman Corp. v. Pension Benefit Guaranty Corporation*, 446 U.S. 359, 375 (1980).

The Court further noted that in a recently decided case, despite strong equitable considerations to the contrary, the Court declined to recognize an exception to ERISA's antialienation provision "even if that decision prevents others from securing relief for the wrongs done them." *Patterson*, at 765.

Mr. Most is the worker who was promised a retirement benefit. He received distributions from his employers' pension plans. Under ERISA, these distributions should not be discounted just because they came from BLMIS accounts. Mr. Most earned this pension benefit and should receive this pension benefit even if it diminishes the amount available to other claimants. These funds are entitled to special protection under ERISA.

**C. MR. MOST NEEDS DISCLOSURE ON ISSUE OF INTER-ACCOUNT TRANSFERS**

Mr. Most is unable to verify the accuracy of any of these alleged inter-account transfers without disclosure from the Trustee. Disclosure is needed to determine how the Trustee

7

computed the amounts of the alleged inter-account transfers. Mr. Most needs:

    1. Regarding BLMIS account Nos. 1ZA444230, 1ZA44230, and 1ZB24430, all customer agreements.
    2. Regarding BLMIS account Nos. 1ZA444230, 1ZA44230, and 1ZB24430, all customer applications.
    3. Regarding BLMIS account Nos. 1ZA444230, 1ZA44230, and 1ZB24430, all contributions made to these accounts for benefit of Michael Most.
    4. Regarding BLMIS account Nos. 1ZA444230, 1ZA44230, and 1ZB24430, all disbursements to or transfers out for benefit of Michael Most.
    5. Regarding BLMIS account Nos. 1ZA444230, 1ZA44230, and 1ZB24430, all periodic customer statements, confirmations and other communications made by BLMIS or Madoff and sent to Michael Most.

Mr. Most has sought such discovery in the claw-back litigation against him but the Trustee refused to produce this documentation. Mr. Most is unable to verify the accuracy of any of these alleged inter-account transfers without disclosure from the Trustee and reserves the right to challenge the Trustee's numbers.

## IV. CONCLUSION

In conclusion, the Trustee's motion for an order affirming application of the net investment method to determination of customer transfers between BLMIS account should be denied. The alleged inter-account transfers were not between Mr. Most's accounts but rather represented distributions from pension plans which were rolled-over into Mr. Most's IRA. These distributions

8

from pension plans were protected from alienation by ERISA and should not have been discounted. Discovery is needed to verify the inter-account transfer claims of the Trustee.

Dated: Farmingville, NY

      May 15, 2014

STIM & WARMUTH, P.C.

By: /s/ _____
PAULA J. WARMUTH
Attorney for Claimant, Michael Most
2 Eighth Street
Farmingville, NY 11738
Telephone: 631-732-2000
Facsimile: 631-732-2662
Paula J. Warmuth
Email: pjw@stim-warmuth.com
Glenn P. Warmuth
Email: gpw@stim-warmuth.com