Peter S. Partee, Sr.
Richard P. Norton
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
Telephone: (212) 309-1000

*Attorneys for Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca and Karen Rich*

Hearing Date and Time: June 19, 2014 at 10:00 a.m.
Objection Deadline: May 16, 2014
Reply Deadline: June 6, 2014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |

**OBJECTION OF EDWARD A. ZRAICK, JR., NANCY ZRAICK, PATRICIA DELUCA, AND KAREN RICH TO TRUSTEE'S MOTION AFFIRMING APPLICATION OF NET INVESTMENT METHOD TO DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS (CLAIM NOS. 002107 AND 002108)**

**TABLE OF CONTENTS**

I. Preliminary Statement ................................................................................................ 1

II. Relevant Background ................................................................................................. 3

    A. General Background ...................................................................................... 3

    B. The Zraicks' Claim and the Inter-Account Transfer ...................................... 4

    C. Ed and Nancy's Claim .................................................................................... 5

    D. The Avoidance Action and Pending Mediation ............................................. 7

    E. The Net Equity Decision and the Motion ...................................................... 7

III. Argument .................................................................................................................... 8

    A. The Trustee's Position Violates the Safe Harbor
Established by Section 546(e) of the Bankruptcy Code ................................ 8

    B. The Trustee Fails to Meet His Burden of Proof Regarding Net Equity
Transferred .................................................................................................... 10

    C. Briefing and Discovery With Respect to the Claims
Should be Stayed Pending Mediation of the Avoidance Action ................... 12

IV. Conclusion ................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re 37-02 Plaza LLC*,
　387 B.R. 413 (Bankr. E.D.N.Y. 2008)...............................................................................10

*In re Bernard L. Madoff*,
　Case No. 14-00097 (2d Cir. Jan 22, 2014) ......................................................................12

*In re Oneida Ltd.*,
　400 B.R. 384 (Bankr. S.D.N.Y. 2009)...............................................................................10

*Irving H. Picard, as Trustee v. Edward A. Zraick, Jr. et al.*, Adv. Pro No. 10-05257
　(Bankr. S.D.N.Y. Dec. 6, 2010).........................................................................................7

*Picard v. Katz*,
　462 B.R. 447 (S.D.N.Y. 2011)............................................................................................9

*Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
　476 B.R. 715 (S.D.N.Y. 2012)............................................................................................9

*Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
　499 B.R. 416 (S.D.N.Y. 2013)............................................................................................9

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard Madoff Inc. Sec. LLC)*,
　654 F.3d 229 (2d Cir. 2011).................................................................................7, 10, 12

*Sec. Investor Prot. Corp. v. I.E.S. Mgmt. Grp.*,
　612 F. Supp. 1172 (D.N.J. 1985), *aff'd without opinion*, 791 F.2d 921 (3d Cir. 1986) ......3, 10

**STATUTES**

11 U.S.C. § 544.................................................................................................................8

11 U.S.C. § 546(e) ........................................................................................................8, 9

11 U.S.C. § 548(a)(1).......................................................................................................8

11 U.S.C. § 548(b)...........................................................................................................8

15 U.S.C. § 78lll(11).........................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3001...................................................................................................10

Edward A. Zraick Jr., Nancy Zraick, Patricia DeLuca, and Karen Rich, (collectively, the "Claimants"), by and through their undersigned counsel, respectfully object (the "Objection") to the *Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts* [D.N. 6084] (the "Motion") filed by Irving H. Picard, Esq., as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff (the "Trustee"). In support of the Objection, the Claimants respectfully state as follows:

## I. PRELIMINARY STATEMENT[1]

1. On May 26, 2004, Claimants Edward A. Zraick, Jr., Patricia DeLuca, and Karen Rich (collectively, the "Zraicks") received their combined $728,867 inheritance from their mother, Lorraine Zraick, who had passed away several months earlier. The inheritance was distributed from a BLMIS account in the name of the estate of Lorraine Zraick to a BLMIS account in the name of the Zraicks, as tenants in common. The Trustee does not, and cannot, allege that the Zraicks withdrew anywhere near the $728,867 deposited into their account. Nevertheless, through the Motion, the Trustee asks the Court to invalidate the entirety of the transfer into the Zraicks' account, and to affirm the Trustee's determination that the Claimants are entitled to nothing under the Net Investment Method.

2. The Trustee seeks to invalidate the transfer into the Zraicks' account by looking to the period prior to the transfer and netting out withdrawals and deposits, but without regard to whether the Zraicks received any such withdrawals. By looking to the period prior to the date of the transfer, the Trustee tries to circumvent the two-year look-back period for avoiding transfers under section 548(a)(1) of the Bankruptcy Code. Such position elevates form over substance.

---

[1] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings ascribed to such terms below.

As the Trustee concedes, the inheritance could have been withdrawn in cash, given to the Zraicks and deposited into their BLMIS account, in which case the Zraicks would have a positive net equity claim under the Net Investment Method. That result should not change, and substantial liability imposed upon individuals who acted in good faith, merely because the bequest was made through an inter-account transfer.

3. As support for his position, the Trustee relies on the District Court's ruling that the Trustee may examine the entire account history for purposes of determining whether any alleged fraudulent transfers were for "value" under section 548(c) of the Bankruptcy Code. That ruling does not apply to a determination of whether customers, such as the Zraicks, under SIPA have "net equity." In any event, the District Court decision ignores established law with respect to avoidance of fraudulent transfers, and the Claimants expect such ruling will be overturned on appeal.

4. Even if the Court finds that the District Court decision applies to net equity, and that the Trustee may ignore the applicable look-back period with respect to inter-account transfers, the Motion still must be denied. The Trustee fails, in either the Determination Letters, the Motion, or any other filing, to provide any evidence that suggests there was zero "net equity" transferred into the Zraicks' account. The Trustee fails even to provide a schedule of deposits and withdrawals for any period prior to 2004, despite the fact that the original account was opened in 1987. The Trustee cannot calculate a zero net equity balance for the Transfer under the Net Investment Method without arbitrarily deciding which distributions from the transferor account constitute transfers of deposits versus fictitious profits, or without making a determination of issues that have not yet been before the Court or are being decided on appeal (such as whether distributions to taxing authorities reduce net equity, or whether customers are to

2

be credited with interest on their cash deposits). A proper calculation of deposits and withdrawals prior to the Transfer would show that that the Transfer includes positive net equity.

5. Finally, any ruling on the Claims should be stayed pending the scheduled mediation between the parties in a related avoidance action. The direction of the Motion against the Claimants violates the spirit of this Court's March 4th ruling that claimants are entitled to enter mediation rather than be required to participate in a discovery and briefing process. The Claimants are not surprised by the Trustee's tactics. The Trustee consistently resisted the Claimants' efforts to negotiate a consensual resolution to the Claims and related avoidance action prior to court-ordered mediation. Instead, the Trustee continues relentlessly to pursue litigation against the Claimants, victims of the massive fraud perpetrated by Bernard L. Madoff and who seek only to end this unfortunate episode of their lives.

## II.    RELEVANT BACKGROUND

### A.    General Background

6. On December 11, 2008 (the "Filing Date"), the securities and Exchange Commission (the "SEC") commenced a proceeding against Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC ("BLMIS") in the United States District Court for the Southern District of New York (the "District Court"). On December 15, 2008, the SEC consented to combining its action with an application by the Securities Investor Protection Corporation ("SIPC"). The District Court granted SIPC's application and transferred the proceeding to this Court (the "Bankruptcy Court").

7. On December 23, 2008, the Bankruptcy Court issued an order [Docket No. 12] (the "Claims Procedure Order") authorizing the Trustee to disseminate notice, claim forms, and other related documents to customers and creditors of BLMIS. The Claims Procedure Order provides that customers could submit customer claim forms to the Trustee, and the Trustee

3

would satisfy a customer's "net equity", as defined in 15 U.S.C. § 78lll(11). The Claims Procedure Order further provides that the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, ***and the reason therefor***…" Claims Procedure Order at pg. 6 (emphasis added).

8.  Pursuant to the Claims Procedure Order, a claimant who desires to oppose the Trustee's determination was required to file "a written statement setting forth in detail the basis for the opposition, together with copies of any documents in support of such opposition, within thirty days of the date on which the Trustee mails his determination to the claimant." *Id.*

### B.  The Zraicks' Claim and the Inter-Account Transfer

9.  Edward A. Zraick, Sr. opened an account with BLMIS in 1987. He died in 1996 at which time his account was valued at approximately $278,852 of which at least $50,000 represented deposits. There had never been any withdrawals from his account. After his death, $278,852 was transferred to the account of Mr. Zraick's wife Lorraine Zraick (the "Transferor Account").

10. Lorraine Zraick deposited $62,500 into the Transferor Account plus an additional $400,000 on October 13, 1999, bringing the total cash deposits into the Transferor Account to $512,500. The total withdrawals from the Transferor Account were approximately $220,000.

11. Lorraine Zraick died on October 28, 2003, after which the Transferor Account was titled in the name of the Estate of Lorraine Zraick.

12. Distributions from the Transferor Account were made in accordance with Lorraine's will, with distributions made to (a) the Zraicks; (b) certain of Lorraine Zraick's grandchildren; and (c) the New York State and Federal governments for payment of estate taxes.

13. On May 26, 2004, the Zraicks, all children of Edward A. Zraick, Sr. and Lorraine Zraick, opened an account with BLMIS as tenants in common (the "Zraicks' Account"). The

4

Zraicks' Account was funded on May 26, 2004 with the distribution from the Transferor Account to the Zraicks in the amount $728,867.44 (the "Transfer"). Despite the fact that the Transfer included a net investment of $292,500, the Trustee is crediting the Zraicks' Account with $0 for the Transfer. *See* Trustee's Determination Letter dated June 7, 2010 [Docket No. 2445, Ex. A] (the "June 7 Determination Letter"). The Transfer was the sole deposit into the Zraicks' Account. The total withdrawals from the Zraicks' Account were $195,000. *See* June 7 Determination Letter [Docket No. 2445, Ex. A].

14. On November 30, 2008, just prior to the Filing Date, the market value of the securities in the Zraicks' Account was $954,243.30. The Zraicks sent a timely SIPC claim to the Trustee for the Zraicks' Account asserting a claim for securities in the amount of $954,243.30, based upon their November 30, 2008 BLMIS statement [Claim No. 2107] (the "Zraicks' Claim").

15. In the June 7 Determination Letter, the Trustee rejected the Zraicks' Claim and argued that the Zraicks had withdrawn $195,000 more than they had deposited. Although the Trustee provides a schedule of the $195,000 in withdrawals made by the Zraicks, the Trustee provides no information whatsoever regarding a calculation of net equity in the Transferor Account. Instead, the Trustee simply provides an "adjusted amount" of $0.00 for the $728,867.44 transferred from the Transferor Account. *See* June 7 Determination Letter [Docket No. 2445, Ex. A].

16. On June 16, 2010, the Zraicks filed an objection [Docket No. 2445] to the Trustee's determination of their claim. No hearing on that objection has been scheduled.

C. **Ed and Nancy's Claim**

17. In 1986, Edward A. Zraick, Jr. ("Ed") and Nancy Zraick opened an account with BLMIS titled Edward A. Zraick, Jr. and Nancy Zraick, as tenants in common ("Ed & Nancy's

5

Account"), with a $50,000 cash deposit. The account number was changed in 1997 by BLMIS for its own purposes.[2]

18. On November 30, 2008, just prior to the Filing Date, the market value of the securities in Ed & Nancy's Account was $410,988.82. Ed and Nancy Zraick sent a timely SIPC claim to the Trustee for Ed & Nancy's Account asserting a claim for securities in the amount of $410,988.82, based upon their November 30, 2008 BLMIS statement [Claim No. 2108] ("Ed & Nancy's Claim," together with the Zraicks' Claim, the "Claims").

19. In a determination letter dated May 21, 2010 [Docket No. 2355, Ex. A.] (the "May 21 Determination Letter," and together with the June 7 Determination Letter, the "Determination Letters"), the Trustee rejected Ed & Nancy's Claim.

20. Although the Trustee provides a schedule of the $469,000 in withdrawals and $43,000 in deposits allegedly made by Ed and Nancy Zraick between 1997 and the Filing Date, the Trustee provides no information whatsoever regarding any deposits or withdrawals made prior to 1997, including the initial deposit made to open the account. Instead, the Trustee simply provides an "adjusted amount" of $5,000 for the $253,324.99 held in the account as of July 8, 1997, without any supporting detail. *See* May 21 Determination Letter [Docket No. 2355, Ex. A].

21. On June 2, 2010, Ed and Nancy Zraick filed an objection [Docket No. 2355] to the Trustee's determination. No hearing on that objection has been scheduled.

---

[2] Although there was no transfer to a different account in 1997, the Trustee treats the account number change as an inter-account transfer and lists Ed & Nancy's claim as one that is the subject of the Motion. *See Declaration of Bik Cheema in Support of the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts* (the "Cheema Declaration") [Docket No. 6086, Ex. 1 at pg. 9].

6

**D.      The Avoidance Action and Pending Mediation**

22.     On December 6, 2010, the Trustee filed a complaint against the Claimants and the estate of Lorraine Zraick seeking avoidance and recovery of withdrawals allegedly made by the Claimants and the Estate of Lorraine Zraick from their respective accounts.  *See Irving H. Picard, as Trustee v. Edward A. Zraick, Jr. et al.*, Adv. Pro No. 10-05257 (Bankr. S.D.N.Y. Dec. 6, 2010) (the "Avoidance Action").

23.     On January 13, 2012, the Claimants filed a motion to dismiss the Avoidance Action [Adv. Pro. Docket Nos. 9, 18].

24.     At a status conference held on March 4, 2014, this Court held that defendants in pending avoidance actions may choose to proceed to mediation rather than prosecute and further brief their dismissal motions.  *See* Mar. 4, 2014 Hr'g Tr. 14:24 – 15:4 [Docket No. 5795].

25.     On April 8, 2014, the Claimants and the Trustee entered into a stipulation [Docket No. 6155] referring the matter to mediation in accordance with the Court's ruling.  On April 22, 2014, the parties filed a notice of selection of Robert Rosenberg, Esq. as mediator [Docket No. 6423].  Mediation is tentatively scheduled for either July 8 or July 9, 2014.

**E.      The Net Equity Decision and the Motion**

26.     On August 16, 2011, the United States Court of Appeals for the Second Circuit affirmed the Bankruptcy Court's decision approving the Trustee's "Net Investment Method" of calculating net equity under SIPA.  *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard Madoff Inc. Sec. LLC)*, 654 F.3d 229 (2d Cir. 2011) (the "Net Equity Decision").  The Net Investment Method requires that the Trustee look to deposits versus withdrawals as the method for calculating net equity.  However, the Net Equity Decision left open several issues regarding the calculation of deposits and withdrawals, one of which (regarding inter-account transfers) is the subject of the Motion.

7

27. On March 31, 2014, the Trustee filed the Motion, through which he seeks an order "affirming the Trustee's application of the Net Investment Method to transfers between BLMIS customer accounts." Motion at ¶ 8. Of course, the Claimants have no way to ascertain how the Trustee applied the Net Investment Method to the Transfer, because the Determination Letters are devoid of any information regarding deposits and withdrawals from prior to the date of the Transfer. The Motion further seeks an order affirming the Trustee's disallowance of the claims listed on Exhibits 1 and 2 of the Cheema Declaration, which include the Claims.

### III.    ARGUMENT

**A.    The Trustee's Position Violates the Safe Harbor
Established by Section 546(e) of the Bankruptcy Code**

28. The only source of the Trustee's avoidance power is section 548(a)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), which limits avoidance to transfers that occurred within two years prior to the date of the filing of the petition. 11 U.S.C. § 548(a)(1)(A). While section 544(b) of the Bankruptcy Code adopts "applicable [state] law" for avoidance actions, the Trustee is limited to using section 548(a)(1)(A) by virtue of the "safe harbor" provisions contained in section 546(e) of the Bankruptcy Code and thus cannot avail himself of any longer state law look-back period.

29. Section 546(e) of the Bankruptcy Code provides that:

> [n]otwithstanding sections 544, 545, 547, 548(a)(1)(B) and 548(b) of this title, the trustee may not avoid a transfer that is a … settlement payment, as defined in section … 741 of this title, made by or to (or for the benefit of) a … stockbroker … or that is a transfer made by or to (or for the benefit of ) a … stockbroker, in connection with a securities contract, as defined in section 741(7) … ***except under section 548(a)(1)(A) of this title***.

11 U.S.C. § 546(e) (emphasis added).

30. As recognized by the District Court in opinions relating to the Trustee's avoidance actions, because BLMIS was a registered stockbrokerage firm, the liabilities of

8

customers are subject to the "safe harbor" provisions of section 546(e) of the Bankruptcy Code. *See Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 722 (S.D.N.Y. 2012) (dismissing claims by the Trustee seeking to claw back six years or more of profits and holding that the Trustee may only avoid transfers that BLMIS made during the two years prior to bankruptcy "with actual intent to hinder, delay, or defraud any" of its creditors); *Picard v. Katz*, 462 B.R. 447, 451 (S.D.N.Y. 2011).

31. The Transfer from the Transferor Account to the Zraicks' account occurred on May 26, 2004, over four years prior the Filing Date. The Trustee's position would permit the Trustee to effectuate a claw-back outside the two-year look-back period established by section 546(e) of the Bankruptcy Code. The Trustee's position takes form over substance. Lorraine (or the executor of her estate) could have withdrawn amounts set aside for her children in cash in 2004, and the Zraicks could have deposited that amount in their BLMIS account. In that scenario, the Trustee concedes that the Zraicks would be credited with the entirety of their inheritance as a deposit under the Net Investment Method. That the Transfer was made between BLMIS accounts should not change the outcome.

32. The Trustee relies on the District Court's ruling that the Trustee may examine the entire account history for purposes of determining whether any alleged fraudulent transfers were for "value" under section 548(c) of the Bankruptcy Code, and thus protected from avoidance. *See Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 499 B.R. 416, 428 (S.D.N.Y. 2013). That ruling does not apply to a determination of whether customers, such as the Zraicks, under SIPA have "net equity." In any event, the District Court decision ignores applicable law with respect to avoidance of fraudulent transfers described above, and the Claimants expect such ruling to be overturned on appeal.

9

**B.      The Trustee Fails to Meet His Burden of Proof Regarding Net Equity Transferred**

33.    Even if the District Court decision did apply to permit the Trustee effectively to avoid the Transfer, the Motion still must be denied because the Trustee fails to satisfy his burden to show that withdrawals from the Transferor Account exceed deposits as required under the Net Investment Method.

34.    A proof of claim filed by a creditor is *prima facie* evidence of the amount and validity of the claim. *See* Fed. R. Bankr. P. 3001. The Claimants timely filed the Claims in or about February 2010. Accordingly, the Trustee bears the burden in challenging the amount and validity of the Claims. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re 37-02 Plaza LLC*, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity").

35.    The Trustee argues that the Claims should not be afforded *prima facie* validity because "this is a SIPA proceeding," and because SIPA "places the burden of proof to establish ***customer status*** on the claimant." Trustee's Memorandum of Law [Docket No. 6085 at pg. 22] (citing cases) (emphasis added). However, the Claimants were direct investors in BLMIS. Whereas there may be some dispute as to whether investors in feeder funds can be considered "customers," there is no dispute that the Claimants are "customers" of BLMIS within the meaning of SIPA. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard Madoff Inc. Sec. LLC)*, 654 F.3d 229, 236 (2d Cir. 2011) ("We conclude that the BLMIS claimants are customers with claims for securities within the meaning of SIPA"); *see also* Determination Letters [Docket Nos. 2355 and 2445, Ex. A] (referring to the Claimants as "customers" or "investors"). The Trustee also cites *Sec. Investor Prot. Corp. v. I.E.S. Mgmt. Grp.*, 612 F. Supp. 1172, 1177 (D.N.J. 1985), *aff'd without opinion*, 791 F.2d 921 (3d Cir. 1986)

10

for the proposition that claimants have the burden of proof as to "what she is owed" in addition to proving customer status. However, *SIPC v. I.E.S. Mgmt.* provides no such ruling or analysis as to the applicable burden of proof in establishing a customer claim. The burden of proof with respect to the Claims remains on the Trustee.

36. The Trustee grossly fails to satisfy his burden of proof with respect to the Claims, and particularly with respect to disallowance of the Transfer. The Trustee alleges that the table attached to each determination letter "identifies deposits, withdrawals and transfers in and out of each account" which provides "ample information to customers regarding the calculation of their particular claims." Trustee's Memorandum of Law [Docket No. 6085 at pg. 23]. In fact, the table attached to the Trustee's determination letter to Ed and Nancy provides a schedule of deposits and withdrawals only for the period *after* the account number was changed on July 8, 1997. *See* May 21 Determination Letter [Docket No. 2335 Ex. A at 4]. With respect to the $253,324.99 held in the account as of July 8, 1997 amount transferred, the table merely provides an "adjusted amount" of $5,000 without any supporting detail.

37. Similarly, the table attached to the Trustee's determination letter to the Zraicks provides a schedule of deposits and withdrawals only for the period *after* the date of the Transfer. *See* June 7 Determination Letter [Docket No. 2445 Ex. A at 4]. With respect to the $728,867.44 amount transferred, the table merely provides an "adjusted amount" of $0.00 without any supporting detail.

38. The Trustee could not have calculated a zero net equity balance under the Net Investment Method without arbitrarily deciding which transfers from the Transferor Account constitute transfers of deposits versus fictitious profits, or without making a determination of issues that have not yet been before the Court or are being decided on appeal. For example, the

11

Claimants cannot ascertain from the Determination Letters how the Trustee treated distributions made for the payment of estate taxes. Further, the Claimants cannot ascertain whether the Trustee calculated any interest rate in determining whether the Transfer included net equity, an issue that was not decided in the Net Equity Opinion and that is on appeal in the Second Circuit. *See In re Bernard L. Madoff*, Case No. 14-00097 (2d Cir. Jan 22, 2014) (hearing appeal of Bankruptcy Court's ruling that Trustee is not required to take into account time-based damages in determining net equity); s*ee also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard Madoff Inc. Sec. LLC)*, 654 F.3d 229, 235 n.6 (2d Cir. 2011) ("We express no view on whether the Net Investment Method should be adjusted to account for inflation or interest, an issue which the bankruptcy court has not yet ruled and which is not before us on this interlocutory appeal"), *reh'g and reh'g en banc den.* (2d Cir. Nov. 8, 2011), *cert den.*, 133 S. Ct. 25, 133 S. Ct. 24 (2012).

39. A proper application of the Net Investment Method to the Transferor Account would show that the Transfer included a positive net equity balance of no less than $292,500.

40. Accordingly, the Claimants submit that the Motion must be denied.[3]

**C.    Briefing and Discovery With Respect to the Claims
Should be Stayed Pending Mediation of the Avoidance Action.**

41. At a status conference on the avoidance actions commenced by the Trustee, this Court held that avoidance action defendants, such as the Claimants, could choose to proceed with mediation, sparing those defendants from having to participate in further briefing on their

---

[3] Although labeled as a motion affirming application of Net Investment Method to determination of "customer transfers between BLMIS accounts," the Trustee requests an order, among other things, "affirming the Trustee's determinations of the claims listed on Exhibit 1 and 2" of the Cheema Declaration, which include the Claims. Motion at ¶ 3. In a letter to the Court dated May 8, 2014 [Docket No. 6589], the Trustee clarified that the Motion is "limited solely to a legal issue – whether the Trustee's application of the Net Investment Method to Inter-Account Transfers to determine each account's 'net equity' - is correct." However, out of an abundance of caution, to the extent the Motion is construed as a request for affirmation of the Trustee's determination with respect to issues other than inter-account transfer issues, the Claimants object to such relief for the reasons set forth herein.

12

respective dismissal motions or engaging in discovery. Mar. 4, 2014 Hr'g Tr. 13:13–13:15, 14:24-15:4 [Docket No. 5795] ("[I]f somebody doesn't want to go forward with this, because they don't want to spend the time and money, why should they have to?"). That decision reaffirmed a previous order, entered by Judge Lifland on November 10, 2010 [Docket No. 3141], which required mediation once defendants filed a motion to dismiss, and stayed further briefing or discovery in avoidance actions pending the conclusion of mediation.

42. On April 8, 2014, the Claimants and the Trustee entered into a stipulation [Docket No. 6155] referring the matter to mediation in accordance with the Bankruptcy Court's ruling. On April 22, 2014, the parties filed a notice of selection of Robert Rosenberg, Esq. as mediator [Docket No. 6423]. Mediation in the Avoidance Action is tentatively scheduled for either July 8 or July 9, 2014.

43. Through the Motion, and by naming the Claims among those the Trustee seeks disallowance, the Trustee violates the spirit of this Court's mediation order. As the Trustee is well-aware, the claims allowance process and the Avoidance Action raise many common issues. Further briefing and any discovery on the Claims should be stayed pending the scheduled mediation between the parties in the Avoidance Action.

## IV. CONCLUSION

**WHEREFORE**, for the foregoing reasons, Claimants respectfully request that the Court (a) sustain this Objection; (b) stay any further briefing or discovery with respect to allowance of the Claims; and (c) grant such other and further relief as the Court deems just or proper.

Dated: May 16, 2014
      New York, New York

/s/ *Robert A. Rich*
Peter S. Partee, Sr.
Richard P. Norton
Robert A. Rich
HUNTON & WILLIAMS LLP

13

200 Park Avenue, 53rd Floor
New York, New York  10166-0136
Telephone:  (212) 309-1000

*Attorneys for Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca and Karen Rich*

14