**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky
Robertson D. Beckerlegge
Matthew J. Moody

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>v.<br><br>TRIANGLE DIVERSIFIED INVESTMENTS, ZIN INVESTMENTS LIMITED, and TRIANGLE DIVERSIFIED INVESTMENTS LLC,<br><br>                Defendants. | Adv. Pro. No. 10-04463 (SMB) |

**TRUSTEE'S AMENDED REQUEST TO ENTER DEFAULT**

To:    CLERK OF THE COURT
         UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, respectfully requests that the Clerk of the Court issue a Certificate of Default against defendants Triangle Diversified Investments and Zin Investments Limited, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court file and from the attached Affidavit.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Motion in its entirety and provide for such other relief as this Court deems just and proper.

Dated: New York, New York  
       May 16, 2014

Respectfully submitted,

/s/ Marc E. Hirschfield  
**BAKER & HOSTETLER LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Oren J. Warshavsky  
Email: owarshavsky@bakerlaw.com  
Robertson D. Beckerlegge  
Email: rbeckerlegge@bakerlaw.com  
Matthew J. Moody  
Email: mmoody@bakerlaw.com  

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

2

**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky
Robertson D. Beckerlegge
Matthew J. Moody

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRIANGLE DIVERSIFIED INVESTMENTS, ZIN INVESTMENTS LIMITED, and TRIANGLE DIVERSIFIED INVESTMENTS LLC,<br><br>Defendants. | Adv. Pro. No. 10-04463 (SMB) |

<u>**AMENDED AFFIDAVIT SUPPORTING ENTRY OF DEFAULT**</u>

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF NEW YORK )

3

Robertson D. Beckerlegge, being duly sworn, hereby attests as follows:

1. I am a member of the Bar of this Court and a partner at the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the estate of Bernard L. Madoff, individually.

2. On November 30, 2010, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against Triangle Diversified Investments, Zin Investments Limited, and Triangle Diversified Investments LLC ("Defendants"). (Dkt. No. 1.) The Complaint asserted claims pursuant to sections 78fff(b), 78FFF-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of Defendants. (*Id.*).

3. On March 14, 2011, the Clerk of this Court issued a summons upon Defendants. (Dkt. No. 4.)

4. On March 15, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Summons and Complaint upon Triangle Diversified Investments and Zin Investments Limited (the "Defaulting Defendants"). (*See* Dkt. No. 6.)

5. On March 16, 2011, the Clerk of this Court issued an amended summons upon Defendants. (Dkt. No. 5.)

6. On April 6, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Amended Summons and Complaint upon Triangle Diversified Investments. (*See* Dkt. No. 7.)

7. Affidavits of Service evidencing proper and timely service were filed with the Court. (*See* Dkt. Nos. 6, 7.)

8. Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which the Defaulting Defendants may answer or otherwise move with respect to the Complaint expired, at the latest, September 12, 2011.

9. Despite being duly served with the Summons and Complaint, the Defaulting Defendants did not file an answer, move, or otherwise respond to the Complaint on or before September 12, 2011.

10. The Trustee filed an Amended Complaint on October 18, 2011. (*See* Dkt. No. 13.) The Trustee timely served the Amended Complaint upon Zin Investments Limited and filed an Affidavit of Service evidencing timely service with the Court. (*See* Dkt. No. 14). The Trustee did not serve the Amended Complaint on Triangle Diversified Investments.

11. Pursuant to the Federal Rules of Bankruptcy Procedure, the time by which the Defaulting Defendants may answer or otherwise move with respect to the Amended Complaint expired November 1, 2011.

12. The Defaulting Defendants did not file an answer, move, or otherwise respond to the Amended Complaint on or before November 1, 2011.

13. The Defaulting Defendants are business entities and therefore are neither infants nor incompetents.

14. Moreover, because the Defaulting Defendants are business entities, the protections afforded under the Servicemember's Civil Relief Act of 2003 should not apply.

15. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

_____
Robertson D. Beckerlegge

Sworn to before me this
15 day of May, 2014
_____
Notary Public

DAWN VAN DYKE
Notary Public, State of New York
No. 01VA6154528
Qualified in New York County
Commission Expires 10/23/2010 14

6