Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 08-09000-smb
4  Adversary No. 10-05160-smb
5  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
6  In the Matter of:
7
8  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF B.,
9             Plaintiff
10            v.
11
12 THE LANNY ROSE REVOCABLE TRUST
13            Defendant
14
15 - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
16            U.S. Bankruptcy Court
17            One Bowling Green
18            New York, New York
19            May 6, 2014
20            10:38 AM
21
22 B E F O R E :
23 HON STUART M. BERNSTEIN
24 U.S. BANKRUPTCY JUDGE
25 ECR OPERATOR:  F. FERGUSON

1  Hearing re:  Motion to Withdraw as Attorney filed by
2  Gabrielle J. Pretto on behalf of Lanny Rose

24  Transcribed by:  Jamie Gallagher

```
 1   A P P E A R A N C E S :
 2   BAKER HOSTETLER
 3         Attorney for Irving Picard, Trustee
 4         45 Rockefeller Plaza
 5         New York, NY 10111
 6
 7   BY:  NICHOLAS J. CREMONA, ESQ.
 8
 9   LAX & NEVILLE, LLP
10         Attorney for Lanny Rose
11         1450 Broadway
12         35th Floor
13         New York, NY 10018
14
15   BY:  GABRIELLE J. PRETTO, ESQ.
16
17
18
19
20
21
22
23
24
25
```

1                     P R O C E E D I N G S
2            THE COURT:  Madoff.
3            MS. PRETTO:  Good morning, Your Honor.  Gabrielle
4    Pretto from Lax & Neville on behalf of Lanny Rose.
5            As you can see in our papers, Mr. Rose wishes to
6    proceed as a pro se defendant in the proceeding.
7            THE COURT:  That's why I wanted you to come in.  I
8    don't believe the trust, can it be a pro se?
9            MS. PRETTO:  That's correct, Your Honor, and
10   attached to Mr. Rose's affidavit, he has presented the
11   revocation of the Revocable Trust, which was effectuated on
12   April 16th, 2013.  So, the trust is no longer in existence.
13           THE COURT:  But my -- I guess my understanding is
14   that the trust received transfers, how does the revocation
15   affect the trust's liability --
16           MS. PRETTO:  And that --
17           THE COURT:  -- and also its status as a defendant,
18   which is what we're really talking about?
19           MS. PRETTO:  And that's something that the trustee
20   reached out early this morning to discuss possibly
21   substituting Mr. Rose as a subsequent transferee.
22           THE COURT:  Well, he's already a defendant in his
23   individual capacity.
24           MS. PRETTO:  But just to ensure that, you know,
25   the proper defendants are maintained in this action.  That's

1    something that I'm happy to confer with the trustee to

2    substitute the correct defendants, but we just started

3    communicating about that early this morning before today's

4    proceeding.

5             THE COURT:  Is the contention that Mr. Rose is a

6    subsequent transferee of the trust?  In other words, the

7    distribution from the trust?

8             MR. CREMONA:  That's correct, Your Honor.  The

9    issue or concern that the trustee had was the very issue

10   that Your Honor raised that the papers purport to dissolve

11   the initial transferee defendant and I share the concern

12   that although I don't know, as I stand here today, whether

13   that's appropriate or effectuated properly under applicable

14   law, my concern is that I don't want to address arguments

15   that that somehow affects the potential avoidance and/or

16   recovery from Mr. Rose as a subsequent transferee.

17            THE COURT:  Here's what I think.  Look, I saw what

18   the individual client signed.  He doesn't want you, and I'll

19   grant you leave to withdraw.  That said, I'll stay this

20   adversary proceeding for a period of 30 days to permit the

21   trust or the individual to hire substitute counsel.  If that

22   doesn't occur within 30 days, you can make a motion to

23   strike the answer of the trust and enter a default judgment

24   against the trust on the avoidance claim because as I

25   understand the law, the trust can't appear pro se, and if it

1   doesn't have a lawyer, I don't know what -- you know, what
2   the alternatives are.
3           So, Ms. Pretto, you might want to communicate this
4   to the individual --
5           MS. PRETTO:  Yes, Your Honor, absolutely, I will.
6           THE COURT:  Do you know if he intends to get
7   another lawyer?
8           MS. PRETTO:  He does not.  He wants to proceed pro
9   se.
10          THE COURT:  Is that because of cost or he just --
11          MS. PRETTO:  Yes.
12          THE COURT:  Did the trust have any money in it
13  when it was dissolved?
14          MS. PRETTO:  I don't believe it did.
15          THE COURT:  Well, I just --
16          MR. CREMONA:  I'm sorry, Your Honor, that was my
17  concern as well.  The affidavit annexed by Mr. Rose
18  indicates that the trust has been dissolved and any assets
19  that it had were -- should be transferred to him post
20  complaint in April of 2013.  So, that raised issues that we
21  wanted to address.  We thought, given the fact that they're
22  both defendants in the same lawsuit, the solution that I
23  proposed to Ms. Pretto was that we enter into a stipulation
24  substituting Mr. Rose in all effects as --
25          THE COURT:  As the initial transferee?

1            MR. CREMONA:  Exactly, Your Honor, and we've

2    done --

3            THE COURT:  And basically pierce the veil or

4    consolidate --

5            MR. CREMONA:  For all purposes within the action,

6    he would be deemed to be the initial transferee.

7            THE COURT:  You know what, I think you may wind up

8    in the same place because they're all parties and if you

9    make a motion to enter a default judgment against the trust,

10   if Mr. Rose is a party, he's going to be bound by that

11   determination and he'll get the avoidance of the initial

12   transfer.  I'm pretty sure I'm right on the law in terms of

13   appearing pro se.

14           MS. PRETTO:  Yes.

15           THE COURT:  Obviously, if that motion is made,

16   Mr. Rose or the trust, I suppose, can argue that it's

17   entitled to appear pro se and I shouldn't enter the full

18   judgment for that reason.  Okay?

19           So, what I'll ask you to do is submit an order

20   either on consent, or settle an order if you can't represent

21   that Mr. Cremona consents -- granting a motion for leave to

22   withdraw staying the adversary proceeding to 30 days, and

23   that's basically it.  I'm not going to tell the trustee what

24   he should do or what the result of that motion is going to

25   be, because I'm not sure but -- fairly sure, but I'm not

1   completely sure.
2             And then, you know, if there's no substitute after
3   30 days, you can proceed.  And if the law is that there is
4   trust -- the trust is pro se, you strike the answer and
5   enter a default judgment, then that's the law.
6             MR. CREMONA:  Your Honor, my only concern is that
7   according to these papers, the trust -- I'm concerned about
8   the argument that the trust has already been dissolve
9   unilaterally by this statement that's --
10            THE COURT:  Well, if it's been dissolved, it's
11  been dissolved.  I don't know if it changes anything.  The
12  trust is still a defendant.  The trust is still the initial
13  transferee, from what I can see, and even if you go after
14  Mr. Rose, you still have to avoid the initial transfer.
15            So, I don't know if it's going to make much of a
16  difference in the end if the trust really didn't have money
17  since this action was filed.  Obviously if the trust
18  transferred money to Mr. Rose in connection with the
19  dissolution or any time post-petition, you can assert
20  whatever rights you think you have.  All right?  All right,
21  thank you very much.
22            (A chorus of thank you)
23            (Proceedings concluded at 10:44 a.m.)
24
25

Page 9

1                          I N D E X

2                          RULINGS

3                                              Page      Line

4    Motion to Withdraw as Attorney filed by     7         19

5    Gabrielle J. Pretto on behalf of

6    Lanny Rose

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 10

C E R T I F I C A T I O N

3   I, Jamie Gallagher, certify that the foregoing transcript is
4   a true and accurate record of the proceedings.

*Jamie Gallagher*
Digitally signed by Jamie Gallagher
DN: cn=Jamie Gallagher, o, ou, email=digital1@veritext.com, c=US
Date: 2014.05.07 12:26:35 -04'00'

Veritext

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  May 7, 2014