**Bernfeld, DeMatteo, LLP**
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-1661
Fax (212) 557-9610
Jeffrey Bernfeld, Esq.

*Attorneys for Claimants Alan Winters, Edith*
*Schur, Frederick Konigsberg, Susan Konigsberg, Harvey L.*
*Werner Revocable Trust U/A/D 8/31/82, Jeffrey R. Werner*
*11/1/98 Trust, Manfred Franitza, Margrit Franitza,*
*Marital Trust No. 1 Created under the Harvey L.*
*Werner Revocable Trust U/A/D 8/31/82 and Werner Foundation.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                    Adv. Pro. No. 08-01789 (BRL)

        Plaintiff-Applicant,                              SIPA LIQUIDATION

        v.                                                         (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
-----------------------------------------------------------------X
In re:

BERNARD L. MADOFF,

        Debtor.
-----------------------------------------------------------------X

        Jeffrey L. Bernfeld, pursuant to 28 USC § 1746, declares as follows:

    1.     I am a member of the firm of Bernfeld & DeMatteo LLP. Attorneys for the

following claimants: Alan Winters, Edith Schur, Frederick Konigsberg, Susan Konigsberg,

Harvey L. Werner Revocable Trust U/A/D 8/31/82, Jeffrey R. Werner 11/1/98 Trust, Manfred

Franitza, Margrit Franitza, Marital Trust No. 1 Created under the Harvey L. Werner Revocable

Trust U/A/D 8/31/82 and Werner Foundation. I am a member in good standing of the Bar of this Court. I submit this Declaration in opposition to the Trustee's Motion which seeks to impose the Trustee's Net Investment Methodology to the analysis of how "Inter-Account Transfers" between different BLMIS accounts should be credited in the account of the transferee (and to do so *retroactively* to a period commencing prior to the formation of BLMIS which took place in 2001.[1]

2. We strongly object to the Trustee's motion for a number of reasons. To begin with, the relief the Trustee seeks is contrary to the relevant statutory language and the expressed Congressional intent. At a minimum, it has the effect of circumventing the otherwise clear limitations periods that Congress has mandated be applied to restrict appropriately the Trustee's power to avoid transactions by, essentially, avoiding inter-account transfers that occurred beyond the otherwise applicable limitations period. It also exalts form over substance, by treating two essentially identical transactions in precisely the opposite manner. Thus, withdrawals from the original account followed by a deposit of those funds into the second account are protected by applicable limitations and look back periods and get full credit as deposits into the second account. However, under the Trustee's proposed methodology, account to account transfers, which are otherwise identical to the withdrawal transaction described above, are neither protected by such statutes nor are do they result in full credit in the recipient's account. Moreover, under

---

[1] The Claimants have pending motions to dismiss the avoidance actions against them brought by the SIPC Trustee. Those motions raise various grounds in support of dismissal covering the full range from jurisdictional, procedural and substantive. Nothing herein is intended as nor shall be construed as a waiver of any of those dismissal grounds, each of which shall be deemed incorporated by reference herein and shall have the same effect as if set forth at length herein in further opposition to the motion.

the Trustee's proposed methodology, accounts which are legally separate and distinct from one another are nevertheless lumped together and treated as one in violation of the SIPA statute's contrary mandate.  Indeed, the Trustee's approach would go so far as to treat as one, two separate accounts maintained at legally separate brokerage firms (thus, permitting the Trustee to charge a BLMIS account with withdrawals that took place from a non-BLMIS account, even those which took place prior to the formation of BLMIS itself).  The motion improperly proposes to apply a blanket rule to *all* inter-account transfers rather than treating each transfer as case and fact specific, for the apparent purpose of depriving objecting claimants of the full evidentiary hearing on Objections that SIPA requires and the Trustee promised would be provided.  The relief requested also implicates numerous *Stern v. Marshall*, and Article III related jurisdictional issues, including for example this Court's power, as an Article I legislative Court to make dispositive substantive rulings on issues rather than the District Court.

Cirumventing the Statutes of Limitations
and the Statutorily Limited Look Back Periods

      3.      It is undisputed that under the Bankruptcy Code, the applicable Statute of Limitations and the maximum look back period permitted under federal law for a fraudulent conveyance action against an innocent customer is two years.  Anything that transpired more than two years is supposed to be protected from avoidance by the clear language of the statute.  The Trustee proposes, however, to do indirectly what the statute bars him from doing directly, namely "creating" a methodology that, under the guise of determination of claims, allows him to effectively avoid transactions well beyond the two year period, thereby artificially reducing and eliminating the account's otherwise legitimate credits retroactively.  In addition to improperly

reducing that account's net equity, the Trustee has applied these improper determinations to his avoidance actions relating to the same accounts, thereby attempting to obtain artificially increased recoveries in the avoidance actions based upon the indirect avoidance of transactions beyond the two-year limitations period which would not otherwise be permitted.

4. To permit this to occur is to make a mockery of statute of limitations and the specific two year look back period which in all other proceedings under the Bankruptcy Code is otherwise enforced, as Congress wrote it. There is no exception in either the Bankruptcy Code or the SIPA statute itself which creates a different limitations/look back period simply because a Ponzi scheme is allegedly involved and the transfer in question took the form as an account to account transfer rather than a withdrawal from one account and a redeposit in another.

Exalting form over substance

5. The Trustee's proposed methodology improperly exalts form over substance, leading to different results for virtually identical transactions depending on technicalities. To be specific, it is acknowledged that if the owner of the first account from which funds are withdrawn actually withdrew the funds and then separately provided those withdrawn funds to the owner of the second account who then deposited those funds into that account, the second account would receive full credit for that deposit. If, however, the same transaction is accomplished by virtue of an account to account transfer, under the Trustee's proposed methodology, the second account will not get any credit for the deposit. Instead, the amount of that deposit will be subject to and limited by withdrawals taken from the transferor's account during the entire lifetime of that account, even if the withdrawals occurred well before the applicable limitations periods. There is nothing in the Bankruptcy Code nor in SIPA that remotely suggests that this was what Congress

4

intended or authorized.

Transfers from non-BLMIS Accounts

6.      The Debtor in this SIPC liquidation is BLMIS. It was first formed in December 2001. Despite this, the Trustee seeks this Court's approval to reduce retroactively a recipient's BLMIS account by withdrawals and transfers made from a non-BLMIS account and at a time which predated the very formation of BLMIS. This is patently improper and should not be permitted.

Account to Account transfers are fact specific and require an evidentiary hearing.

7.      The Trustee's current motion is simply the first step in a transparent attempt to strip these objectants of their right to a hearing on all of their objections to the Trustee's disallowance of their claims submissions. Although the statute provides for a hearing on such objections - and the Trustee's Determination letter states that such a hearing will be afforded - the Trustee is now attempting to pigeon hole all account to account transfers as if they are all identical and in the process, to deprive objectants of the hearing rights they are clearly entitled to receive. The fact is that each transfer is unique and took place for a variety of different reasons. Some were fully supported by legally recognizable consideration. Many, in fact, are supported by consideration flowing to the benefit of the debtor entity itself. Clearly, one size does not fit all and this Court should require the Trustee to provide the full evidentiary hearings on all objections raised as mandated by SIPA and as promised by the Trustee. There is no justification for permitting prejudicial short-cuts.

Stern related issues

8.      The District Court has already ruled that the Bankruptcy Court lacks the

constitutional authority to render final determinations on the merits of disputes between the Trustee and any innocent Madoff victim - that only an Article III court, such as the District Court can Constitutionally make such a final determination.  Although that decision was rendered in the context of an avoidance action, the Constitutional principle is the same.  Accordingly, at most, this Court may have authority to hear and make recommendations to the District Court but it may not, as the Trustee proposes, render a final and binding determination on the merits.

Incorporation of other opposition papers

9. The above-referenced Claimants hereby incorporate all issues and arguments raised and to be raised by any other similarly-situated claimant, in opposition to the Trustee's motion as if fully set forth herein.

Based on the foregoing, the Claimants respectfully request that the Trustee's motion be denied in its entirety along with such other and further relief in favor of the Joining Parties as the District Court deems just and proper.

Dated: December 7, 2011

/s/
JEFFREY L. BERNFELD (jlb-1615)