# EXHIBIT C

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

August 18, 2009

Marsha Peshkin (IRA)
1416 Harbour Point Dr.
N. Palm Beach, FL 33410

Dear Ms. Peshkin (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZR312 designated as Claim Number 002628:

Your claim for a credit balance of $1,397,245.83 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $176,354.66, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, as outlined in **Table 1**.

---

1 Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

| Table 1 | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 6/21/2002 | TRANS FROM 1ZB03930 | $736,454.43 | $200,622.83 |
| 8/21/2002 | CHECK | $200,731.83 | $200,731.83 |
| 10/11/2002 | TRANS FROM 1ZB03930 | $320.27 | $0.00 |
| 11/14/2008 | CHECK WIRE | $100,000.00 | $100,000.00 |
| 12/1/2008 | CHECK WIRE | $125,000.00 | $125,000.00 |
| **Total Deposits:** | | $1,162,506.53 | $626,354.66 |
| **WITHDRAWALS** | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 10/27/2005 | CHECK | ($250,000.00) | ($250,000.00) |
| 10/19/2007 | CHECK | ($200,000.00) | ($200,000.00) |
| **Total Withdrawals:** | | ($450,000.00) | ($450,000.00) |
| **Total deposits less withdrawals:** | | $712,506.53 | $176,354.66 |

As reflected in **Table 1**, certain of the transfers into your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has looked at accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). The Trustee uses this analysis to determine which part of an account's balance is made up of deposits of principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of deposited principal determined to be remaining in the customer's account.

The Trustee's staff has analyzed whether transfers from one account to another account have involved principal and/or fictitious profits. The available principal in the former account has been transferred to and credited in the transferee account. The reason that the adjusted amount of transferred deposits in **Table 1** is less than the purported transferred amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount reflected on your account statement and the adjusted transferred amount is the amount of fictitious gain that was transferred to your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim

Your **ALLOWED CLAIM** of $176,354.66 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. You also should provide the name of the custodian for your IRA. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, and designation of your IRA custodian the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $320,902.55, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after August 18, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

3C0026405                                3

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Carole Neville, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas, 25th Floor
New York, NY 10020

300026405                                    4