UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
In re:

BERNARD L. MADOFF,

                Debtor
------------------------------------------------------------

SECURITIES INVESTOR PROTECTION CORPORATION,

                Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

                Defendant.
------------------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation
(Substantively Consolidated)

## DECLARATION OF MARION E. APPLE

I, Marion E. Apple, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the beneficial owner of a Bernard L. Madoff Investment Securities LLC account titled IRA for the Benefit of Marion E. Apple.

2. In 2000, my husband passed away and I inherited his assets, including $1,372,028.63 that was in his account with BLMIS ("BLMIS Account"). Prior to that time, I had no account with BLMIS. Instead of withdrawing my BLMIS inheritance, or transferring it to a non-BLMIS account, I transferred the amount of my full inheritance to a new BLMIS account ("New BLMIS Account"). Subsequently, I made additional deposits into my New BLMIS Account.

3. For the period from 2000 to 2008, whenever a withdrawal was made from the New BLMIS Account, I paid income taxes on gains realized on the funds in that account.

4. In December 2008, I learned about the elaborate Ponzi scheme that Bernie Madoff admitted to operating through the wealth management arm of his business. I also learned that the Securities Investor Protection Corporation ("SIPC") was taking steps to protect customer assets in BLMIS accounts like mine.

5. Sometime after that, I received instructions and a form from the Madoff Trustee to use for submitting a customer claim and providing information about my account.

6. Pursuant to these instructions, on or about February 25, 2009, I filed a timely claim in the above-referenced bankruptcy case on the SIPC Claim Form.

7. On October 19, 2009, I received Notice of Trustee's Determination of Claims, denying my claim in its entirety. Instead of giving me "credit" for my full opening balance deposit of $1,372,028.63, the Madoff Trustee has, without any explanation whatsoever, made an "adjustment" to the opening balance, counting it only as $515,121.94. I have requested records to support that adjustment, but the Madoff Trustee has not been willing or able to produce any, and I therefore assume that none exist. Such a massive and unexplained reduction to my account is unfair and inappropriate.

8. On December 17, 2009, I filed Objections to the Notice of Trustee's Determination of Claims, joining the objections of other similarly situated claimants, and raising, among other things, that my transfer of funds to a new account in 2000 was the equivalent of a new deposit of cash.

9. After refusing to talk to me or my lawyers about my Objections, and after years of delays, the Madoff Trustee has now finally responded to my Objections through the motion now pending before this Court. By that motion, the Madoff Trustee seeks to have the "net investment method," or "money in/money out" analysis, applied to customer transfers between BLMIS

accounts. I understand that, if approved, this would mean that my claim for the return of my inheritance would again be denied, because – according to the Madoff Trustee – the funds in my New BLMIS Account included "fictitious gains." There is something seriously wrong if the gains in that account be treated as "fictitious" for purposes of these proceedings solely because I made the decision to keep my inheritance in a Madoff account instead of moving it, at the time of the inheritance, to another type of investment. Fairness requires that the money be treated the same whether I kept it with Madoff or moved it elsewhere.

I declare under penalty of perjury that the foregoing is true and correct.

May 15, 2014

_____
Marion E. Apple