# EXHIBIT A

MISHKIN FAMILY TRUST

AGREEMENT MADE THIS 1st DAY OF September, 2006, BETWEEN JULIA MISHKIN AND ELLEN MISHKIN AS "SETTLORS," AND WILLIAM MISHKIN, GRACE MISHKIN, AND ELLEN MISHKIN AS "TRUSTEES."

WITNESSETH:

Whereas, WILLIAM MISHKIN and his wife, GRACE MISHKIN have invested certain moneys in a brokerage firm known as B.Madoff Investment Securities LLC, bearing account number 1-ZA030-3-0; and

Whereas, the Settlors, Julia Mishkin, and Ellen Mishkin, are daughters of the Mishkins,

Whereas the Settlors and the Mishkins desire to create a revocable family trust to be known as the MISHKIN FAMILY TRUST, in which the Settlors may invest her moneys, from time to time, and be entitled to participate in the benefits flowing from investment managed by the brokerage firm,

Whereas the Settlors and the Mishkins, have agreed that the moneys invested by Settlors, will be deposited in the Mishkin's current account, bearing the same account number, administered by the trustees hereafter named, for the benefit of Settlors, and the principal and return on the moneys invested by Settlors shall be distributed, as hereinafter provided;

Now, Therefore, the parties agree as follows:

1. Settlors Julia Mishkin and Ellen Mishkin agree to

invest the sums of $200,000, and $100,000 respectively with the brokerage firm, which moneys shall be added to the moneys invested therein by the Mishkins, and placed in the same account now to be known as the Mishkin Family Trust. Each Settlor reserves the right, at any time, to revoke the trust, as to her share, and to withdraw the moneys represented by such share.

2. The Trustees shall be William Mishkin, Grace Mishkin, and Ellen Mishkin, or the survivor(s) of them. Upon the death of either William Mishkin, or Grace Mishkin, Andrew Seear, shall become the successor trustee, to serve in his or her place. At the death of the second of William Mishkin and Grace Mishkin, Ellen Mishkin shall appoint the successor trustee, to serve in his or her place

3. Each Settlor shall be entitled to a proportionate amount of the distributions made by the brokerage firm, arrived at by dividing the amounts invested by the Settlors by the total of the amounts invested by them and William and Grace Mishkin.

For example, if the amount to be invested by Settlor Julia is $200,000, and the amount invested by Ellen is $100,000, and the amount invested by the Mishkins as of the date of this agreement, is $800,000, resulting in a total investment of $1,100,000 then the Settlor Julia's percentage share of any distributions by the brokerage firm is 18%. Settlor Ellen's percentage share is 9%, and the William and Grace Mishkin percentage share of any distributions by the brokerage firm is 73%.

4. Settlors authorize the Trustees to obtain any required tax id numbers, and to place their shares of distributions in a separate bank account, to be named the Mishkin Family Trust, to be held, and accumulated, and/or distributed to eacg as she may elect.

5. In the event of Settlor Julia's death, her share of the MISHKIN FAMILY TRUST shall go to her husband, Andrew Seear.

6. If Andrew Seear, predeceases her, or then upon Settlor Julia's death, her share shall go to Andrew Seear's daughter, Juliet Lily Seear.

7. If both Andrew Seear, and Juliet Lily Seear precedecease Settlor, or upon Juliet Lily Seear's death, after Settlor's death, the share Juliet Lilly Seear would have taken shall go to any or all of her issue per stirpes.

8. In the event of Settlor Ellen's death, her share of the Mishkin Family Turst shall be distributed as provided in her Last Will and Testament.

9. The Trustees are authorized and empowered to exercise any of the powers granted by law with respect to Settlors' investments.

10. The Trustees may agree between themselves, such agreement being evidenced by an instrument in writing signed and acknowledged by them, that any one or more or all of their powers, duties and authorities hereunder may be exercised at any time or from time to time by either one or each of them, and any action taken pursuant to such agreement shall be valid and binding upon all persons at any time interested in the Trust estate or any Trust created hereunder. Such agreement may be terminated at any time by an instrument in writing and acknowledged by any Trustee and delivered to the others. Any person dealing with the Trustees shall be entitled to rely upon such agreement until such person has actual notice of the termination thereof.

11. Except as provided in paragraph 2 above, in the event that any person designated as Trustee shall cease to act as Trustee, the remaining trustees shall have the power, but not the obligation, to appoint a successor trustee.

12. No bond or other security shall be required in any jurisdiction of any of the Trustees or of any successor Trustees, whether named herein or appointed as provided herein, regardless of the precise nature of the fiduciary capacity in which any such Trustee may, from time to time, be acting, and whether or not such Trustee shall be a resident of the State of New York.

13. Any Trustee may resign by delivering a resignation to the Settlors, or the persons then interested in the Settlors' investments in the MISHKIN FAMILY TRUST; provided, however, that a sole remaining Trustee shall not be permitted to resign unless and until a successor is appointed and qualifies hereunder.

14. The Settlors expressly relieve the Trustees acting hereunder from any obligation existing by statute or otherwise to render annual or periodic accounting to any court.

15. The Trusts created herein shall be New York Trusts and shall be administered in accordance with the laws of New York, and this Agreement shall be construed, and the validity and effect of the provisions shall be determined, in accordance with such laws.

16. If any person beneficially interested hereunder shall die under such circumstances that it cannot be readily determined whether the Settlor or said person, died first, then for purposes of this Agreement, said person shall be deemed to have died before the Settlor,

17. The Trustees, by joining in the execution of this Agreement, signify their acceptance hereof and their undertaking to administer the Trusts created herein under the provisions of this Agreement. This Agreement shall become effective on the date any one of the Settlors and the Trustee shall execute such Agreement.

In Witness Whereof, the parties hereto have set their respective hands and seals as of the day and year first above written.

*[signature]*
SETTLOR — JULIA MISHKIN

*[signature]*
SETTLOR — ELLEN MISHKIN

*[signature]*
TRUSTEE — WILLIAM MISHKIN

*[signature]*
TRUSTEE — GRACE MISHKIN

*[signature]*
TRUSTEE — ELLEN MISHKIN

*[handwritten: Mishkin Family Trust
ID# 83-607-5484]*