KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, NY 10018-6314
Tel. (212) 972-3000

and

STINSON LEONARD STREET LLP
Allen I. Saeks
Blake Shepard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Tel. (612) 335-1500

*Attorneys for Dean L. Greenberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>Plaintiff,<br>v.<br>Dean L. Greenberg,<br>Defendant. | Adv. Pro. No. 10-04731 (BRL) |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES**

Defendant Dean L. Greenberg, ("Defendant"), by his undersigned attorneys, hereby responds to the complaint dated November 12, 2010 filed by Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Plaintiff") in the above captioned adversary proceeding (the "Complaint"), and respectfully avers as follows:

1. Paragraph 1 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

2. Defendant denies that he received other people's money but admits that he received certain funds from BLMIS since December 11, 2002. The remaining allegations of paragraph 2 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2 and on that basis denies each and every allegation contained therein.

3. Paragraph 3 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

4. Paragraph 4 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 4 and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

5. Paragraph 5 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint and respectfully refers all questions of law to the appropriate Court.

6. Paragraph 6 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

7. Defendant denies that he is a resident of Minnesota but admits that he held a BLMIS account in his name.

**BACKGROUND, THE TRUSTEE AND STANDING**

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and on that basis denies each and every allegation contained therein.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on that basis denies each and every allegation contained therein.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on that basis denies each and every allegation contained therein.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis denies each and every allegation contained therein.

12. Paragraph 12 of the Complaint contains legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis denies each and every allegation contained therein.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and on that basis denies each and every allegation contained therein.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint that the Trustee is in the process of marshalling BLMIS's assets, that the liquidation of BLMIS's assets is well underway, and that such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested over the years. The remaining allegations contained in paragraph 15 of the Complaint are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendant denies those allegations on information and belief.

16. Paragraph 16 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 16 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

17. Paragraph 17 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

18. Paragraph 18 of the Complaint contains legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

**THE FRAUDLENT PONZI SCHEME**

19. Admits that BLMIS was a securities broker-dealer registered with the SEC and SIPC. However, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and on that basis denies each and every allegation contained therein.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis denies each and every allegation contained therein.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis denies each and every allegation contained therein.

22.     Admits that Defendant received monthly account statements from BLMIS. However, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and on that basis denies each and every allegation contained therein.

23.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis denies each and every allegation contained therein.

24.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and on that basis denies each and every allegation contained therein.

25.     Defendant denies that any monies sent to BLMIS were used to enrich the Defendant or that Defendant had any knowledge of the alleged Ponzi scheme, to the extent it existed.  Further, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and on that basis denies each and every allegation contained therein.

26.     Paragraph 26 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

27.     Admits that Defendant received certain funds from, and contributed certain funds to, BLMIS, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and on that basis denies each and every allegation contained therein.

28. Admits that Defendant received monthly account statements from BLMIS, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint and on that basis denies each and every allegation contained therein.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and on that basis denies each and every allegation contained therein.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and on that basis denies each and every allegation contained therein.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis denies each and every allegation contained therein.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and on that basis denies each and every allegation contained therein.

33. Paragraph 33 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

**THE TRANSFERS**

34. Admits that Defendant held an account with BLMIS (the "Account"), and admits upon information and belief that he entered into certain account agreements including documents

entitled: Customer Agreement; Option Agreement, and Trading Authorization Limited to Purchases and Sales of Securities and Options (collectively, the "Account Agreements"), but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and on that basis denies each and every remaining allegation contained therein.

35. Admits that Defendant contributed funds to the Account. The remainder of paragraph 35 of the Complaint contains legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant respectfully refers the appropriate Court to the Account Agreements for all matters of interpretation.

36. Denies the allegations contained in paragraph 36 of the Complaint, except admits that Defendant received certain funds from BLMIS Securities during the six years prior to the Filing Date.

37. Paragraph 37 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant admits that he contributed funds to BLMIS Securities during the six years prior to the Filing Date and during the two years prior to the Filing Date, denies the remaining allegations contained in paragraph 37 of the Complaint, and respectfully refers all questions of law to the appropriate Court.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and on that basis denies each and every allegation contained therein.

39. Paragraph 39 of the Complaint contains no allegations of fact. As such, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

**COUNT ONE**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548 (a)(1)(A), 550(a) and 551**

40.    Paragraph 40 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendant repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

41.    Paragraph 41 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint and respectfully refers all questions of law to the appropriate Court.

42.    Paragraph 42 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint and respectfully refers all questions of law to the appropriate Court.

43.    Paragraph 43 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and on that basis denies each and every allegation contained therein and respectfully refers all questions of law to the appropriate Court.

44.    Paragraph 44 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint and respectfully refers all questions of law to the appropriate Court.

45.    Paragraph 45 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 45 of the Complaint and respectfully refers all questions of law to the appropriate Court.

**COUNT TWO**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551**

This cause of action against the Defendant has been dismissed in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101) ("Consent Order"). Without waiving the applicability of the Consent Order, Defendant answers the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

46. Paragraph 46 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendant repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

47. Paragraph 47 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint and respectfully refers all questions of law to the appropriate Court.

48. Paragraph 48 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 48 of the Complaint and respectfully refers all questions of law to the appropriate Court.

49. Paragraph 49 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 49 of the Complaint and respectfully refers all questions of law to the appropriate Court.

50.     Paragraph 50 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

51.     Paragraph 51 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

52.     Paragraph 52 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

53.     Paragraph 53 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint and respectfully refers all questions of law to the appropriate Court.

54.     Paragraph 54 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 54 of the Complaint and respectfully refers all questions of law to the appropriate Court.

**COUNT THREE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276,**

**278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action against the Defendant has been dismissed in accordance with the Consent Order. Without waiving the applicability of the Consent Order, Defendant answers the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

55. Paragraph 55 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendant repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

56. Paragraph 56 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

57. Paragraph 57 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 57 of the Complaint and respectfully refers all questions of law to the appropriate Court.

58. Paragraph 58 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

59. Paragraph 59 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the

allegations contained in paragraph 59 of the Complaint, and respectfully refers all questions of law to the appropriate Court.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action against the Defendant has been dismissed in accordance with the Consent Order. Without waiving the applicability of the Consent Order, Defendant answers the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

60. Paragraph 60 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendant repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

61. Paragraph 61 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

62. Paragraph 62 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 62 of the Complaint and respectfully refers all questions of law to the appropriate Court.

63. Paragraph 63 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 63 of the Complaint and respectfully refers all questions of law to the appropriate Court.

64. Paragraph 64 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

65. Paragraph 65 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 65 of the Complaint and respectfully refers all questions of law to the appropriate Court.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action against the Defendant has been dismissed in accordance with the Consent Order. Without waiving the applicability of the Consent Order, Defendant answers the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

66. Paragraph 66 of the Complaint is a mere transitional phrase to which no response is required. To the extent that a response may be required, Defendant repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

67. Paragraph 67 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

68. Paragraph 68 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 68 of the Complaint and respectfully refers all questions of law to the appropriate Court.

69. Paragraph 69 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 69 of the Complaint and respectfully refers all questions of law to the appropriate Court.

70. Paragraph 70 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

71. Paragraph 71 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in paragraph 71 of the Complaint and respectfully refers all questions of law to the appropriate Court.

**COUNT SIX**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

This cause of action against the Defendant has been dismissed in accordance with the Consent Order. Without waiving the applicability of the Consent Order, Defendant answers the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

72.    Paragraph 72 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendant repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

73.    Paragraph 73 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

74.    Paragraph 74 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 74 of the Complaint and respectfully refers all questions of law to the appropriate Court.

75.    Paragraph 75 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in paragraph 75 of the Complaint and respectfully refers all questions of law to the appropriate Court.

76.    Paragraph 76 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and on that basis denies each and every allegation contained therein, and respectfully refers all questions of law to the appropriate Court.

77.    Paragraph 77 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendant denies the

allegations contained in paragraph 77 of the Complaint and respectfully refers all questions of law to the appropriate Court.

**AFFIRMATIVE DEFENSES**

In identifying the defenses set forth below, Defendant does not relieve Plaintiff of proving under the appropriate standard of proof all elements of the claims that Plaintiff alleges. Defendant does not undertake any burdens that properly rest upon Plaintiff, and does not suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make out a prima facie case against the Defendant. These defenses are set forth cumulatively and in the alternative.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101). In the event that subsequent legal developments further alter the claims available to the Trustee, Defendant hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendant further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendant is similarly situated and may properly assert such defense.

Defendant reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the

right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to the Defendant, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (c) pleading numerous factual allegations about which the Defendant could not possibly have knowledge.

**SECOND AFFIRMATIVE DEFENSE**

2. This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

**THIRD AFFIRMATIVE DEFENSE**

3. The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of BLMIS's obligations. Absent an action to avoid BLMIS's obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts. To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Complaint is barred, in whole and/or in part, because Plaintiff lacks standing and/or capacity to bring any claims against the Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

5. The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Complaint is barred, in whole and/or in part, because BLMIS never had a legal interest in the allegedly transferred funds and/or any and all such funds were held by BLMIS in trust or as bailee, and therefore the allegedly transferred funds are not property of the estate.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint is barred, in whole and/or in part, because Plaintiff has failed to plead all of the elements of fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) with sufficient particularity and factual basis.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Complaint is barred, in whole and/or in part, because Plaintiff has failed to plead all of the elements of fraudulent transfer under 11 U.S.C. § 544 and New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a, 278 and/or 279 with sufficient particularity and factual basis.

**NINTH AFFIRMATIVE DEFENSE**

9. The alleged transfers, to the extent they were actually received by the Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law. They are thus not avoidable or recoverable as

against the Defendant under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

**TENTH AFFIRMATIVE DEFENSE**

10. The alleged transfers, to the extent they were actually received by the Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law. They are thus not avoidable or recoverable as against the Defendant under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Complaint is barred, in whole and/or in part, because any and all alleged transfers received by Defendant from BLMIS were taken for value, in good faith, as provided by Section 548(c) of the Bankruptcy Code, and without knowledge of any voidability of such transfers and/or knowledge of the transferor's alleged fraudulent intent.

**TWELFTH AFFIRMATIVE DEFENSE**

12. To the extent one or more of the transfers alleged in the Complaint were made, the Complaint is barred by 11 U.S.C. § 550 (b)(1) because the Defendant took any such transfer for value, in good faith, and without knowledge of the voidability of the alleged transfers. Such transfers are thus not avoidable or recoverable as against the Defendant under sections 548 and 550 of the Bankruptcy Code.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. To the extent one or more of the transfers alleged in the Complaint were made, the Complaint is barred by 11 U.S.C. § 550 (b)(2) because the Defendant was an immediate or mediate good faith transferee of a transferee who took any such transfer for value, in good faith, and without knowledge of the voidability of the alleged transfers..

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The alleged transfers are exempt from avoidance in whole or part under section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's Complaint is barred by the doctrine of *forum non conveniens*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The Complaint is barred, in whole and/or in part, based on the doctrines of laches and/or waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. The Complaint is barred because the forum in which this action has been commenced cannot exercise in personam jurisdiction over the Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. The Complaint is barred with respect to claims under Section 544(b) of the Bankruptcy Code by the unclean hands of any creditor who held or holds matured or unmatured unsecured claims against BLMIS that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. The Complaint is barred, in whole or in part, by the doctrine of *in pari delicto* and/or the Wagoner rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and BLMIS) are imputed to Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The alleged transfers are not avoidable as against the Defendant or recoverable from Defendant under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The Complaint is barred, in whole and/or in part, because the alleged transfers and/or Defendant's property is exempt from recovery by Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. The claims should be dismissed due to the Defendant's justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and the Securities Investor Protection Corporation, to oversee and monitor BLMIS' activities.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, inter alia, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and

misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called “fictitious profits” reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Recovery of attorneys’ fees from the Defendant is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a “transfer” or “conveyance” under applicable law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. The claims are barred in whole or part for failure to properly credit inter-account transfers.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34. The claims are barred by intervening or superseding events, factors, occurrence, or conditions over which the Defendant had no control.

**JURY TRIAL DEMANDED**

Defendant demands a trial by jury for all issues so triable.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend and/or supplement this Answer, his Affirmative Defenses, and all other pleadings. Defendant also reserves the right to assert all other defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing the Complaint with Prejudice, awarding the Defendant attorneys' fees and costs of suit, and such other relief as the Court deems just and appropriate.

Dated: May 19, 2014

**KLESTADT & WINTERS, LLP**

By: *_/s/ Tracy L. Klestadt*
Tracy L. Klestadt
Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, New York 10018-6314
Telephone: (212) 972-3000

and

**STINSON LEONARD STREET LLP**
Allen I. Saeks
Blake Shepard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

*Attorneys for Dean L. Greenberg*