KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, NY 10018-6314
Tel. (212) 972-3000

and

STINSON LEONARD STREET LLP
Allen I. Saeks
Blake Shepard
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Tel. (612) 335-1500

*Attorneys for HERBERT R. GOLDENBERG*
*REVOCABLE TRUST, HERBERT R. GOLDENBERG,*
*individually and in his capacity as Grantor of and*
*Trustee for the Herbert R. Goldenberg Revocable Trust,*
*and JUDITH S. GOLDENBERG, individually and in her*
*capacity as Trustee for the Herbert R. Goldenberg Revocable Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                Plaintiff,

         v.

HERBERT R. GOLDENBERG REVOCABLE
TRUST, HERBERT R. GOLDENBERG,
individually and in his capacity as Grantor of and
Trustee for the Herbert R. Goldenberg Revocable
Trust, and JUDITH S. GOLDENBERG,
individually and in her capacity as Trustee for the
Herbert R. Goldenberg Revocable Trust,

              Defendants.

Adv. Pro. No. 10-4943 (SMB)

## **DEFENDANTS' JOINT ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants HERBERT R. GOLDENBERG REVOCABLE TRUST ("Goldenberg Trust"), HERBERT R. GOLDENBERG, individually and in his capacity as Grantor of and Trustee for the Herbert R. Goldenberg Revocable Trust, and JUDITH S. GOLDENBERG, individually and in her  capacity as Trustee for the Herbert R. Goldenberg Revocable Trust (collectively, "Defendants"), by their undersigned attorneys, hereby respond to the Complaint, dated November 12, 2010, by Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Plaintiff") in the above captioned adversary proceeding (the "Complaint"), and respectfully allege as follows:

1.      Paragraph 1 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

2.      As to paragraph 2, deny that they received other people's money but admit that the Goldenberg Trust received certain funds from BLMIS since December 11, 2002.  The remaining allegations of paragraph 2 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2 and on that basis deny each and every allegation contained therein.

3.      Paragraph 3 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

4.      Paragraph 4 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

5.      Paragraph 5 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint and respectfully refer all questions of law to the appropriate Court.

6.      Paragraph 6 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 6 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

7.    Admit the allegations contained in paragraph 7 of the Complaint.

8.    Admit the allegations contained in paragraph 8 of the Complaint.

9.    Admit the allegations contained in paragraph 9 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on that basis deny each and every allegation contained therein.

11.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis deny each and every allegation contained therein.

12.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis deny each and every allegation contained therein.

13.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis deny each and every allegation contained therein.

14.    Paragraph 14 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

15.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and on that basis deny each and every allegation contained therein.

16.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and on that basis deny each and every allegation contained therein.

17.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint that the Trustee is in the process of marshalling BLMIS's assets, that the liquidation of BLMIS's assets is well underway, and that such assets will not be sufficient to reimburse the customer of BLMIS for the billions of dollars that they invested over the years.  The remaining allegations contained in paragraph 17 of the Complaint are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations on information and belief.

18.    Paragraph 18 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

19.    Paragraph 19 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

20.     Paragraph 20 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

## THE FRAUDLENT PONZI SCHEME

21.     Admit that BLMIS was a securities broker-dealer registered with the SEC and SIPC.  However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24.     Admit that the Goldenberg Trust received monthly account statements from BLMIS.  However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27.     Defendants deny that any monies sent to BLMIS were used to enrich the Defendants or that Defendants had any knowledge of the alleged Ponzi scheme, to the extent it existed.  Further, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28.     Paragraph 28 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

29.     Admit that the Goldenberg Trust received certain transfers from BLMIS, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.     Admit that the Goldenberg Trust received monthly account statements from BLMIS, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35.    Paragraph 35 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information  to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

## THE TRANSFERS

36.    Admit that the Goldenberg Trust held an account with BLMIS (the "Account"), and admit upon information and belief that it entered into certain account agreements including documents entitled: Customer Agreement; Option Agreement, and Trading Authorization Limited to Purchases and Sales of Securities and Options (collectively, the "Account Agreements"), but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint and on that basis deny each and every remaining allegation contained therein.

37.    Admit that the Goldenberg Trust contributed funds to the Account.  The remainder of paragraph 37 of the Complaint contains legal conclusions or arguments to which no

response is necessary.  To the extent a response is required, Defendants respectfully refer the appropriate Court to the Account Agreements for all matters of interpretation.

38.    Deny the allegations contained in paragraph 38 of the Complaint, except admit that the Goldenberg Trust received certain funds from BLMIS Securities during the six years prior to the Filing Date.

39.    Paragraph 39 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants admit that the Goldenberg Trust received certain funds from BLMIS Securities during the six years prior to the Filing Date and during the two years prior to the Filing Date, deny the remaining allegations contained in paragraph 39 of the Complaint, and respectfully refer all questions of law to the appropriate Court.

40.    Admit that defendant Herbert Goldenberg received certain funds from certain of the Defendants.  The remainder of paragraph 40 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 40 of the Complaint and specifically refer all questions of law to the appropriate Court.

41.    Paragraph 41 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 41 of the Complaint and respectfully refer all questions of law to the appropriate Court.

42.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and on that basis deny each and every allegation contained therein.

43.    Paragraph 43 of the Complaint contains no allegations of fact.  As such, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

## CUSTOMER CLAIMS

44.    Admit that a customer claim was filed and designated as Claim Number 002567 by the Trustee, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint and on that basis deny each and every allegation contained therein.

45.    Admit the allegations contained in paragraph 45 of the Complaint.

46.    Admit the allegations contained in paragraph 46 of the Complaint.

47.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and on that basis deny each and every allegation contained therein.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548 (a)(1)(A), 550(a) and 551

48.    Paragraph 48 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

49.    Paragraph 49 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 49 of the Complaint and respectfully refer all questions of law to the appropriate Court.

50.    Paragraph 50 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 50 of the Complaint and respectfully refer all questions of law to the appropriate Court.

51.    Paragraph 51 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

52.    Paragraph 52 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 52 of the Complaint, and respectfully refer all questions of law to the appropriate Court.

53.    Paragraph 53 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 53 of the Complaint, specifically deny that the Trustee is entitled to a judgment against the Defendants, and respectfully refer all questions of law to the appropriate Court.

**COUNT TWO**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551**

This cause of action against the Defendants has been dismissed in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101) ("Consent Order").  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

54.     Paragraph 54 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

55.     Paragraph 55 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 55 of the Complaint and respectfully refer all questions of law to the appropriate Court.

56.     Paragraph 56 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 56 of the Complaint and respectfully refer all questions of law to the appropriate Court.

57.     Paragraph 57 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 57 of the Complaint and respectfully refer all questions of law to the appropriate Court.

58.     Paragraph 58 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

59.     Paragraph 59 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 59 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

60.    Paragraph 60 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

61.    Paragraph 61 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 61 of the Complaint and respectfully refer all questions of law to the appropriate Court.

62.    Paragraph 62 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of the Complaint, specifically deny that the Trustee is entitled to a judgment against the Defendants, and respectfully refer all questions of law to the appropriate Court.

**COUNT THREE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action against the Defendants has been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

63.    Paragraph 63 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

64.    Paragraph 64 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

65.    Paragraph 65 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint and respectfully refer all questions of law to the appropriate Court.

66.    Paragraph 66 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

67.    Paragraph 67 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint, specifically deny that the Trustee is entitled to a judgment against the Defendants, and respectfully refer all questions of law to the appropriate Court.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action against the Defendants has been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

68.    Paragraph 68 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

69.    Paragraph 69 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

70.    Paragraph 70 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 70 of the Complaint and respectfully refer all questions of law to the appropriate Court.

71.    Paragraph 71 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of the Complaint and respectfully refer all questions of law to the appropriate Court.

72.    Paragraph 72 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without

sufficient knowledge or information  to form a belief as to the truth of the allegations contained

in paragraph 72 of the Complaint and on that basis deny each and every allegation contained

therein, and respectfully refer all questions of law to the appropriate Court.

73.     Paragraph 73 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 73 of the Complaint, specifically deny that the Trustee is

entitled to a judgment against the Defendants, and respectfully refer all questions of law to the

appropriate Court.

<u>COUNT FIVE</u><br>
<u>FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273</u><br>
<u>AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551</u>

This cause of action against the Defendants has been dismissed in accordance with the

Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the

following paragraphs in order to preserve all rights with respect to the allegations contained

therein.

74.     Paragraph 74 of the Complaint is a mere transitional phrase to which no response

is required.  To the extent that a response may be required, Defendants repeat, reallege and

incorporate herein by reference each of the foregoing paragraphs.

75.     Paragraph 75 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 75 of the Complaint and on that basis deny each and every allegation contained

therein, and respectfully refer all questions of law to the appropriate Court.

76.     Paragraph 76 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 76 of the Complaint and respectfully refer all questions of law to the appropriate Court.

77.     Paragraph 77 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 77 of the Complaint and respectfully refer all questions of law to the appropriate Court.

78.     Paragraph 78 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

79.     Paragraph 79 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 79 of the Complaint, specifically deny that the Trustee is entitled to a judgment against the Defendants, and respectfully refer all questions of law to the appropriate Court.

**COUNT SIX**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

This cause of action against the Defendants has been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

80.     Paragraph 80 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

81.     Paragraph 81 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

82.     Paragraph 82 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 82 of the Complaint and respectfully refer all questions of law to the appropriate Court.

83.     Paragraph 83 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 83 of the Complaint and respectfully refer all questions of law to the appropriate Court.

84.     Paragraph 84 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint and on that basis deny each and every allegation contained therein, and respectfully refer all questions of law to the appropriate Court.

85.     Paragraph 85 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 85 of the Complaint, specifically deny that the Trustee is

entitled to a judgment against the Defendants, and respectfully refer all questions of law to the appropriate Court.

<u>**COUNT SEVEN**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551**</u>

This cause of action asserted against Defendants, except those asserted under 11 U.S.C. § 548(a)(1)(A), have been dismissed in accordance with the Consent Order.  Without waiving the applicability of the Consent Order, Defendants answer the following paragraphs in order to preserve all rights with respect to the allegations contained therein.

86.    Paragraph 86 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeat, reallege and incorporate herein by reference each of the foregoing paragraphs.

87.    Paragraph 87 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint and respectfully refer all questions of law to the appropriate Court.

88.    Admit that Herbert Goldenberg received certain funds from certain of the Defendants.  The remainder of paragraph 88 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 88 of the Complaint and respectfully refer all questions of law to the appropriate Court.

89.    Admit that Herbert Goldenberg received certain funds from certain of the Defendants.  The remainder of paragraph 89 of the Complaint contains legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants

deny the remaining allegations in Paragraph 89 of the Complaint and respectfully refer all

questions of law to the appropriate Court.

90.    Paragraph 90 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 90 of the Complaint and respectfully refer all questions of law

to the appropriate Court.

91.    Paragraph 91 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 91 of the Complaint, specifically deny that the Trustee is

entitled to a judgment against the Defendants, and respectfully refer all questions of law to the

appropriate Court.

## AFFIRMATIVE DEFENSES

In identifying the defenses set forth below, Defendants do not relieve Plaintiff of proving

under the appropriate standard of proof all elements of the claims that Plaintiff alleges.

Defendants do not undertake any burdens that properly rest upon Plaintiff, and do not suggest

either that Plaintiff does not bear the burden of proof as to such matters or that such matters are

not elements that Plaintiff must establish in order to make out a prima facie case against

Defendants. These defenses are set forth cumulatively and in the alternative.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in

the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2)

of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P.

54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv.*

*Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR)

(S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments

further alter the claims available to the Trustee, Defendants hereby raise each and every defense

at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules,

regulations or other creations, including common law.  Defendants further adopt and incorporate

by reference any and all other defenses asserted or to be asserted by any other defendant or

party-in-interest to the extent that Defendants are similarly situated and may properly assert such

defense.

Defendants reserve and assert all affirmative defenses available under applicable federal

or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure,

New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the

right to assert other defenses, cross-claims, and third party claims when and if they become

appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil

Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and

each subsequent transfer and its recipients, and improperly combining allegations as to all

Defendants, (b) pleading numerous background allegations and purported legal standards that are

not required for the assertion of the alleged claims, and (c) pleading numerous factual allegations

about which Defendants could not possibly have knowledge.

## SECOND AFFIRMATIVE DEFENSE

2.      This Court lacks jurisdiction over the final adjudication of the claims asserted in

the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted

claims are not core proceedings and Defendants do not consent to the entry of a final order and

judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

### THIRD AFFIRMATIVE DEFENSE

3.      The Complaint fails to state a claim on which relief can be granted because it fails

to properly plead the elements required for the avoidance of BLMIS's obligations.  Absent an

action to avoid BLMIS's obligations to pay what is owed to the customer under state law, the

transfers were all made on account of antecedent debts.  To the extent the Trustee has pled the

avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance

claims.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint is barred, in whole and/or in part, because Plaintiff lacks standing

and/or capacity to bring any claims against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

5.      The claims are not ripe because they do not meet the conditions of section 78fff-

2(c)(3) of SIPA.   The Trustee has not established that there is a shortfall in customer property.

### SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint is barred, in whole and/or in part, because BLMIS never had a

legal interest in the allegedly transferred funds and/or any and all such funds were held by

BLMIS in trust or as bailee, and therefore the allegedly transferred funds are not property of the

estate.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint is barred, in whole and/or in part, because Plaintiff has failed to

plead all of the elements of fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B)

with sufficient particularity and factual basis.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint is barred, in whole and/or in part, because Plaintiff has failed to plead all of the elements of fraudulent transfer under 11 U.S.C. § 544 and New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a, 278 and/or 279 with sufficient particularity and factual basis.

## NINTH AFFIRMATIVE DEFENSE

9.      The alleged transfers, to the extent they were actually received by any of Defendants, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## TENTH AFFIRMATIVE DEFENSE

10.      The alleged transfers, to the extent they were actually received by any of Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      The Complaint is barred, in whole and/or in part, because any and all alleged transfers received by Defendants from BLMIS were taken for value, in good faith, as provided by Section 548(c) of the Bankruptcy Code, and without knowledge of any voidability of such transfers and/or knowledge of the transferor's alleged fraudulent intent.

## TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent one or more of the transfers alleged in the Complaint were made,

the Complaint is barred by 11 U.S.C. § 550 (b)(1) because Defendants took any such transfer for

value, in good faith, and without knowledge of the voidability of the alleged transfers.  Such

transfers are thus not avoidable or recoverable as against these Defendants under sections 548

and 550 of the Bankruptcy Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     To the extent one or more of the transfers alleged in the Complaint were made,

the  Complaint is barred by 11 U.S.C. § 550 (b)(2) because Defendants were an immediate or

mediate good faith transferee of a transferee who took any such transfer for value, in good faith,

and without knowledge of the voidability of the alleged transfers.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     The alleged transfers are exempt from avoidance in whole or part under section

546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker

and/or financial institution, in connection with a securities contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     The alleged transfers are exempt from avoidance in whole or part under section

546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment

made by or to a stockbroker and/or financial institution.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's Complaint is barred by the doctrine of *forum non conveniens*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     The Complaint is barred, in whole and/or in part, based on the doctrines of laches

and/or waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     The Complaint is barred because the forum in which this action has been commenced cannot exercise in personam jurisdiction over Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     The Complaint is barred with respect to claims under Section 544(b) of the

Bankruptcy Code by the unclean hands of any creditor who held or holds matured or unmatured

unsecured claims against BLMIS that were and are allowable under Section 502 of the

Bankruptcy Code or that were and are not allowable only under Section 502(e).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*

and/or the Wagoner rule because, among other things, the acts of its predecessors, agents and

representatives (including Bernard L. Madoff and BLMIS) are imputed to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     The alleged transfers are not avoidable as against Defendants or recoverable from

Defendants under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code

and/or under New York law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Complaint is barred, in whole and/or in part, because the alleged transfers

and/or Defendants' property are exempt from recovery by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The claims should be dismissed due to Defendant's justifiable reliance on the

activities of governmental and regulatory bodies, such as the Securities and Exchange

Commission and the Securities Investor Protection Corporation, to oversee and monitor BLMIS'

activities.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, inter alia, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Recovery of attorneys' fees from Defendants is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    The claims are barred in whole or part for failure to properly credit inter-account transfers.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the individual Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    The claims are barred by intervening or superseding events, factors, occurrence, or conditions over which Defendants had no control.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend and/or supplement this Answer, its

Affirmative Defenses, and all other pleadings. Defendants also reserve the right to assert all other

defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the

Complaint with Prejudice, awarding Defendants' attorneys' fees and costs of suit, and such other

relief as the Court deems just and appropriate.

Dated: May 19, 2014                    **KLESTADT & WINTERS, LLP**

By: _/s/ Tracy L. Klestadt_
        Tracy L. Klestadt
        Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, New York 10018-6314
Telephone No.:  (212) 972-3000

and

**STINSON LEONARD STREET LLP**
Allen I. Saeks
Blake Shepard
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone No.:  (612) 335-1500

*Attorneys for HERBERT R. GOLDENBERG
REVOCABLE TRUST, HERBERT R.
GOLDENBERG, individually and in his capacity as
Grantor of and Trustee for the Herbert R.
Goldenberg Revocable Trust, and JUDITH S.
GOLDENBERG, individually and in her capacity
as Trustee for the Herbert R. Goldenberg
Revocable Trust*