**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC <br><br> Plaintiff <br> v. <br><br> OAKDALE FOUNDATION INC., <br><br> BERNARD A. & CHRIS MARDEN FOUNDATION INC., <br><br> THE PATRICE AND KEVIN AULD FOUNDATION, and <br><br> THE MARDEN FAMILY FOUNDATION, INC. <br><br> Defendants. | Adv. Pro. No. 10-05397 (SMB) |

**STIPULATION AND ORDER DISMISSING DEFENDANT OAKDALE FOUNDATION INC. WITHOUT PREJUDICE**

WHEREAS, on December 9, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary

300315784.1

Proceeding") against Oakdale Foundation Inc. (the "Dismissed Defendant") in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Dismissed Defendant requested that the Trustee dismiss the Adversary Proceeding, and submitted to the Trustee certain evidence as to hardship, including financial statements and other information regarding the business affairs and financial condition of the Dismissed Defendant; and

WHEREAS, in reliance on the representations made or the materials submitted by Dismissed Defendant to the Trustee, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss Dismissed Defendant from the Adversary Proceeding;

IT IS HEREBY AGREED AND STIPULATED between the Trustee and Dismissed Defendant as follows:

1. Dismissed Defendant hereby affirms that (i) all representations made and materials submitted to the Trustee by or on behalf of Dismissed Defendant were true and correct to the best of the Dismissed Defendant's knowledge, information and belief, under penalty of perjury; and (ii) the Dismissed Defendant understands that the Trustee relied upon the representations and materials provided by the Dismissed Defendant in exercising his discretion to dismiss the Dismissed Defendant from the Adversary Proceeding.

2. To the extent it is subsequently determined that Dismissed Defendant deliberately or intentionally submitted materially false and/or misleading representations and/or materials to the Trustee, the Dismissed Defendant hereby agrees that (i) the Trustee shall have the right to reinstitute the Adversary Proceeding against Dismissed Defendant and/or pursue other remedies that may be available to him, and that Dismissed Defendant shall have the right to assert any defenses, responses and other rights that may be available to it in response to such reinstituted

Adversary Proceeding or other remedies; and (ii) this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims, and notwithstanding section 546(a) of the Bankruptcy Code, and Dismissed Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by the Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and Dismissed Defendant hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, subject to paragraph 2 hereof, the Trustee's claims against Dismissed Defendant in the Adversary Proceeding are dismissed without prejudice and without costs against any party.

4. Upon the dismissal of Dismissed Defendant, the caption of the Adversary Proceeding is hereby amended to delete Dismissed Defendant from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

5. This Agreement may be signed by the parties or their counsel in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile or electronic copy of this stipulation shall be deemed an original.

[*The Remainder of this Page is Intentionally Left Blank*]

6. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date: May 22, 2014
New York, New York

| IRVING H. PICARD, TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC | OAKDALE FOUNDATION, INC. |
|---|---|
| By: s/ *Marc E. Hirschfield* <br> David J. Sheehan <br> Marc E. Hirschfield <br> Oren J. Warshavsky <br> Jessie A. Kuhn <br> Dominic A. Gentile <br><br> BAKER & HOSTETLER LLP <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br><br> *Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* | By: s/ *Richard Levy, Jr.* <br> Richard Levy, Jr. <br> David C. Rose <br><br> PRYOR CASHMAN LLP <br> 7 Times Square <br> New York, New York 10036 <br> Telephone: (212) 421-4100 <br> Facsimile: (212) 326-0806 <br><br> *Attorneys for Defendants* |

**SO ORDERED:**

**By: /s/ STUART M. BERNSTEIN**        Date: **May 23rd, 2014**
   **HON. STUART M. BERNSTEIN**
   **UNITED STATES BANKRUPTCY JUDGE**