**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF N EW Y ORK**

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,** | Adv. Pro. No. 08-01789 (SMB) |
| **Plaintiffs-Applicant,** | **SIPA Liquidation** |
| **v.** | **Substantively Consolidated** |
| **BERNARD L. MADOFF INVESTMENT SECURITIES LLC** | |
| **Defendant.** | |
| **In re:** | **DECLARATION IN OPPOSITION TO THE TRUSTEE'S MOTION TO AFFIRM DENIAL OF CLAIM OF DAPREX PLAN BENEFICIARIES** |
| **BERNARD L. MADOFF,** | |
| **Debtor.** | |

I, ELIZABETH (LISA) CAVANAUGH, declare pursuant to 28 U.S.C. § 1746, that the following is true based upon personal knowledge and documents I possess:

1.     I worked for Daprex, Inc. ("Daprex") from January 1985 until the company closed in December 2011.

2.     Throughout the period of my employment through December 11, 2008, Daprex contributed funds to the Daprex Profit Sharing & 401k Plan (the "Plan") for my account and for my benefit.  A copy of the Plan Summary Description is annexed hereto as Exhibit A.  I was informed that the Plan invested the bulk of its money through Bernard L. Madoff ("Madoff") and that we had the choice to invest our money however we wanted.  I chose to have my money deposited with Madoff for the purpose of purchasing securities.

3.    When the Plan was expanded in 1995 to include a 401k plan, I began making payroll deferrals which I chose to have deposited with Madoff, in the Plan account, for the purpose of purchasing securities.

4.    Daprex kept records of the exact contributions into the Plan that were made by me or for my benefit.  Each year, I received a statement from Daprex summarizing my interest in the Plan, the company contributions, the earnings on the contributions attributable to me, and the ending balance of such funds.   See Exhibit B hereto.

5.    In 2001, I was made a trustee of the Plan, along with two other employees who, with me, were taking over the business.  I was responsible for the transmission of funds to and from BLMIS as employees made deferrals, took and repaid loans, and terminated their interests or retired and rolled over their funds out of the Plan account at BLMIS into IRAs of their own choosing.  Copies of the handwritten checks I signed made payable to Madoff are annexed hereto as Exhibit C.

6.    During the time period beginning in 2001 and ending on December 11, 2008, I regularly spoke with several people at BLMIS including Frank DiPascali and Eric Reardon.   Most of these conversations, particularly during the period from 2001 – 2004, involved the transfer of funds belonging to retiring employees.  In the course of my conversations with BLMIS personnel, I told them how many participants there were in the Plan at various times and that I was one of the participants.  The people at BLMIS recommended that retiring employees open individual IRA accounts through Retirement Accounts, Inc. which would

maintain the BLMIS accounts for the retiring employees once the funds were rolled over into their separate IRA accounts.

7.      After the bankruptcy filing of BLMIS, the Plan filed a SIPC claim in the amount of $1,452,917.99 on behalf of the four employees whose funds were in the Plan account.  The claim was filed with a letter dated June 29, 2009, from my attorney to the Trustee enclosing information to establish that the remaining funds in the Plan account belonged to specific Daprex employees who were "net losers" under the Trustee's terminology.  My interest in the Plan was valued at $846,117.73 and I had never taken any money out of the Plan account.  See Exhibit D at 4.

8.      By letter dated July 30, 2010, the Trustee rejected the Plan's claim. See Exhibit E.

9.      By letter dated November 19, 2010, the Trustee rejected my claim. See Exhibit F hereto.

10.      I filed an objection to the Trustee's determination letter.  See Exhibit G.

11.      I declare under penalty of perjury that the aforesaid facts are true and correct.

May 30, 2014

    _/s/ Elizabeth Cavanaugh_____
        Elizabeth (Lisa) Cavanaugh