**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,**<br><br>Plaintiffs-Applicant,<br><br>v.<br><br>**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA Liquidation<br>Substantively Consolidated |
| In re:<br><br>**BERNARD L. MADOFF,**<br><br>Debtor. | **DECLARATION IN OPPOSITION TO THE TRUSTEE'S MOTION TO AFFIRM DENIAL OF CLAIM OF DAPREX PLAN BENEFICIARIES** |

I, LAURA HALLICK, declare pursuant to 28 U.S.C. § 1746, that the following is true based upon personal knowledge and documents I possess:

1. I worked for Daprex, Inc. ("Daprex") from June 1991 until the company closed in December 2011.

2. Throughout the period of my employment through December 11, 2008, Daprex contributed funds to the Daprex Profit Sharing & 401k Plan (the "Plan") for my account and for my benefit. A copy of the Plan Summary Description is annexed hereto as Exhibit A. I was informed that the Plan invested the bulk of its money through Bernard L. Madoff ("Madoff") and that we had the choice to invest our money however we wanted. I chose to leave my money with Madoff for the purpose of purchasing securities.

3. When the Plan was expanded in 1995 to include a 401k plan, I chose to make payroll deferrals and have them deposited with Madoff, through the Plan account, for the purpose of purchasing securities. Again, I understood that the payroll deferrals, like the Daprex contributions, were deposited with Madoff for the purpose of purchasing securities.

4. Daprex kept records of the exact contributions into the Plan that were made by me or for my benefit. Each year, I received a statement from Daprex summarizing my interest in the Plan, the company contributions, the earnings on the contributions attributable to me, and the ending balance of such funds. See Exhibit B hereto.

5. In 2001, I was made a trustee of the Plan, along with two other employees who, with me, were taking over the business. Lisa Cavanaugh was primarily responsible for the transmission of funds to and from BLMIS as employees made deferrals, took and repaid loans, and terminated their interests or retired and rolled over their funds out of the Plan account at BLMIS into IRAs of their own choosing. However, on occasion, I would deal directly with people at Madoff's office, including Frank DiPascali and Annette Buongiorno. As employees would leave Daprex, we would instruct Madoff to transfer their funds to a rollover IRA account with Madoff. In the course of my conversations with BLMIS personnel, I told them how many participants there were in the Plan at various times and that I was one of the participants.

6. After the bankruptcy filing of BLMIS, the Plan filed a SIPC claim in the amount of $1,452,917.99 which covered the only four Daprex employees whose funds were in the Plan. The claim was filed with a letter dated June 29,

{N0048244 2}    2

2009, from my attorney to the Trustee enclosing information to establish that the remaining funds in the Plan account belonged to specific Daprex employees who were "net losers" under the Trustee's terminology. My interest in the Plan was valued at $195,905.67 and I had never taken any money out of the Plan account. See Exhibit C at 4.

7. By letter dated July 30, 2010, the Trustee rejected the Plan's claim. See Exhibit D hereto.

8. By letter dated November 19, 2010, the Trustee rejected my claim. See Exhibit E hereto.

9. I filed an objection to the Trustee's determination letter. See Exhibit F hereto.

10. I declare under penalty of perjury that the aforesaid facts are true and correct.

May 30, 2014

           _/s/ Laura Hallick_____
           Laura Hallick

{N0048244 2}　　　　　　　　　　　　3