Douglas L. Furth
Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

*Counsel to Defendants Elaine S. Stein*
*and Elaine S. Stein Revocable Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |

------------------------------------------------------------X

In re

BERNARD L. MADOFF,

       Debtor.

------------------------------------------------------------X

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC    Adv. Pro. No. 10-05259 (SMB)

       Plaintiff,

v.

STANLEY I. LEHRER, in his capacity as
administrator of the Stanley I. Lehrer and Stuart M.
Stein, J/T WROS; STUART M. STEIN,
individually, and in his capacity as administrator of
the Stanley I. Lehrer and Stuart M. Stein, J/T
WROS; ARTHUR SISKIND; LINDA SOHN;
NEIL GOLDMAN; DOUGLAS ELLENOFF;
ELAINE STEIN ROBERTS; NEUBERGER
BERMAN LLC, as former custodian of an
Individual Retirement Account for the benefit of

1981936.2

|  |  |
|---|---|
| ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; NTC & CO. LLP, as former custodian of an Individual Retirement Account for the benefit of EUNICE CHERVONY; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; TRUST U/T/A 8/20/90; AND EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90, | : : : : : : : : : : : : : : |
| Defendants. | : |

-------------------------------------------------------------X

## ANSWER
### (Jury Demanded)

Elaine S. Stein ("**Stein**") and the Elaine S. Stein Revocable Trust (the "**Trust**"), defendants (collectively, the "**Defendants**") in the above-captioned adversary proceeding, by and through their counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, as and for their answer to the complaint (the "**Complaint**") of Irving H. Picard, as Trustee (the "**Trustee**" or "**Plaintiff**") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("**BLMIS**"), states as follows:

### NATURE OF PROCEEDING

1. As the Complaint speaks for itself, Paragraph 1 of the Complaint contains no allegations as to which a response by the Defendants are required.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint.

2

1981936.2

4. As the Complaint speaks for itself, Paragraph 4 of the Complaint contains no allegations as to which a response by the Defendants are required.

## JURISDICTION AND VENUE

5. Defendants admit the allegations pertaining to the SIPA Proceeding and District Court Proceeding contained in Paragraph 5 of the Complaint, and respond that the remaining allegations of Paragraph 5 state legal conclusions as to which no response is required.

6. Paragraph 6 of the Complaint states legal conclusions as to which no response is required.

7. Paragraph 7 of the Complaint states legal conclusions as to which no response is required.

## PARTIES

8. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint.

19. Defendant Stein admits that her residence is in Delray Beach, Florida, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19 of the Complaint.

20. Defendant Trust admits that it is formed under the laws of the State of New York and its address is in Delray Beach, Florida. Defendant Stein admits that she is a beneficiary of the Trust. Defendant Trust denies that Stuart Stein is a trustee of the Trust, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint.

1981936.2

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the Trustee's process of marshaling assets or

whether such assets will be sufficient to reimburse the customers of BLMIS contained in Paragraph 33 of the Complaint, and responds that the remaining allegations of Paragraph 33 of the Complaint state legal conclusions as to which no response is required.

34. Paragraph 34 of the Complaint states legal conclusions as to which no response is required.

35. Paragraph 35 of the Complaint states legal conclusions as to which no response is required.

36. Defendants deny the allegation of Paragraph 36(a) of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36 of the Complaint, and responds that the remaining allegations also state legal conclusions as to which no response is required.

## THE FRAUDULENT PONZI SCHEME

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint.

## **THE TRANSFERS**

52. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 of the Complaint.

1981936.2

53. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55 of the Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the Trustee's investigation contained in Paragraph 60 of the Complaint, and respond that the remaining allegations of Paragraph 60 of the Complaint, including whether the Trustee has reserved any rights, state legal conclusions as to which no response is required.

61. Paragraph 61 of the Complaint states legal conclusions as to which no response is required.

## **CUSTOMER CLAIM**

62. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the Complaint.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 of the Complaint.

8

64. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 of the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 of the Complaint.

### COUNT ONE

66. Defendants admit, deny, and respond to the allegations of Paragraph 66 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 65 of the Complaint.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67 of the Complaint.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71 of the Complaint.

### COUNT TWO

72. Defendants admit, deny, and respond to the allegations of Paragraph 72 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to

1981936.2

71 of the Complaint.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 73 of the Complaint.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 of the Complaint.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 75 of the Complaint.

76. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint.

77. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77 of the Complaint.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 of the Complaint.

## **COUNT THREE**

81. Defendants admit, deny, and respond to the allegations of Paragraph 81 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 80 of the Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 82 of the Complaint.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 85 of the Complaint.

## COUNT FOUR

86. Defendants admit, deny, and respond to the allegations of Paragraph 86 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 85 of the Complaint.

87. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 87 of the Complaint.

88. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88 of the Complaint.

89. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 90 of the Complaint.

1981936.2

91. Paragraph 91 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91 of the Complaint.

## COUNT FIVE

92. Defendants admit, deny, and respond to the allegations of Paragraph 92 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 91 of the Complaint.

93. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 93 of the Complaint.

94. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 94 of the Complaint.

95. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 97 of the Complaint.

## COUNT SIX

98. Defendants admit, deny, and respond to the allegations of Paragraph 98 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 97 of the Complaint.

1981936.2

99. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 99 of the Complaint.

100. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 100 of the Complaint.

101. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint states legal conclusions as to which no response is required or Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 103 of the Complaint.

## COUNT SEVEN

104. Defendants admit, deny, and respond to the allegations of Paragraph 104 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 103 of the Complaint.

105. Defendants deny the allegations of Paragraph 105 of the Complaint.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 106 of the Complaint.

107. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107 of the Complaint.

108. Defendants deny the allegations of Paragraph 108 of the Complaint.

109. Defendants deny the allegations of Paragraph 109 of the Complaint.

13

1981936.2

08-01789-cgm    Doc 6883    Filed 06/02/14    Entered 06/02/14 11:44:30    Main Document
    Pg 14 of 17

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

110.    The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

111.    The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

112.    The Trustee's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

113.    The transfers alleged in the Complaint may not be avoided or recovered because the alleged transfers do not involve property of the estate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

114.    The transfers alleged in the Complaint may not be avoided or recovered because each such transfer satisfies an antecedent debt owed to Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

115.    The transfers alleged in the Complaint may not be avoided or recovered because reasonably equivalent value was given in exchange for such transfers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

116.    The transfers alleged in the Complaint may not be avoided or recovered because fair consideration was given in exchange for such transfers.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

117.    The transfers alleged in the Complaint may not be avoided or recovered because Defendants acted in good faith and without fraudulent intent.

14
1981936.2

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

118.  The transfers alleged in the Complaint may not be avoided or recovered because any transfers from BLMIS are settlement payments within the meaning of section 546(e) of the Bankruptcy Code.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

119.  The transfers alleged in the Complaint may not be avoided or recovered because the Trustee is not entitled to any recovery by virtue of section 550(b) and (e) of the Bankruptcy Code.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

120.  Defendants hereby assert all of their rights to set-off, recoupment, credits, or other equitable rights.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

121.  The Court lacks jurisdiction or power to finally determine this adversary proceeding or to decide any contested matter which would have the effect of determining this adversary proceeding.  Defendants do not consent to the entry of a final order or judgment by the Court.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

122.  The Trustee's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, and/or *in pari delicto*.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

123.  The transfers alleged in the Complaint may not be avoided or recovered because, pursuant to section 548(c) of the Bankruptcy Code, Defendants have a lien on and may retain the transfers at issue to the extent that Defendants gave value and acted in good faith.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

124. The Trustee's claims are not ripe because he has failed to demonstrate that the conditions of 15 U.S.C. section 78fff-2(c)(3) have been met.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

125. Defendants are victims of BLMIS's fraud and any claims against them should be dismissed as against public policy.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

126. As Defendants did not participate in any wrongful conduct of any kind or nature whatsoever, it is inequitable to proceed against Defendants unless and until the Trustee has exhausted his remedies against other parties that engaged in wrongful conduct in respect to BLMIS.

## RESERVATION OF RIGHTS

127. In asserting the foregoing affirmative defenses, Defendants do not assume the burden of proof on any issue that would otherwise rest on the Trustee.

128. The Defendants reserve the right to amend this Answer to assert additional defenses, or to amend their present defenses, when and if, in the course of discovery or preparation for trial it becomes appropriate to assert or amend such affirmative defenses.

## JURY DEMAND

129. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 9015 of the Federal Rule of Bankruptcy Procedure, Defendants demand a trial by jury as to all issues which may be heard by a jury.

1981936.2

**WHEREFORE**, Defendants respectfully request that the Court enter an order dismissing the Complaint in its entirety with prejudice, awarding to Defendants costs incurred in defending this action, and for such further relief as the Court deems just and proper.

Dated: New York, New York
June 2, 2014

                **GOLENBOCK EISEMAN ASSOR BELL
        & PESKOE LLP**
                437 Madison Avenue
                New York, New York 10022
                (212 907-7300


                By:   /s/ Douglas L. Furth
                      Douglas L. Furth

*Counsel to Defendants Elaine S. Stein and
the Elaine S. Stein Revocable Trust*

17

1981936.2