KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Stuart M. Stein, Arthur Siskind, Arthur J. Feibus, Jamat Company, LLC and The Mestro Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS, STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS, ARTHUR SISKIND, LINDA SOHN, NEAL GOLDMAN, DOUGLAS ELLENOFF, ELAINE STEIN ROBERTS, NEUBERGER BERMAN LLC, as former custodian of an Individual Retirement Account for the benefit of ELAINE STEIN ROBERTS, ARTHUR J. FEIBUS, EUNICE CHERVONY LEHRER, ELAINE S. STEIN, ELAINE S. STEIN REVOCABLE TRUST, JAMAT COMPANY, LLC, THE MESTRO COMPANY, TRUST U/W/O DAVID L. FISHER, TRUST U/T/A 8/20/90, and EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90,<br><br>Defendants. | Adv. Pro. No. 10-05259 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND** ......................................... 2

**I.     Procedural Background** ................................................................................................. 2

**II.    Factual Background** ....................................................................................................... 4

**ARGUMENT** ............................................................................................................................. 5

**I.     The District Court Has Already Dismissed the Trustee's Section 544(b) and
        548(a)(1)(B) Claims** ........................................................................................................ 6

**II.    The Trustee's Remaining Claims Against the Moving Defendants are Legally
        Insufficient** ..................................................................................................................... 6

        **A.    The Amended Complaint Fails To Allege Sufficient Facts Regarding
               Transfers From Other Madoff Securities Accounts** ........................................... 7

        **B.    The Trustee's Subsequent Transferee Claims Against the Moving
               Defendants Should be Dismissed** ........................................................................ 8

        **C.    The Amended Complaint Does Not Adequately Allege That the Moving
               Defendants Were Beneficiaries of Initial Transfers** ......................................... 10

**CONCLUSION** ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alnwick v. European Micro Holdings, Inc.*,
  281 F. Supp. 2d 629 (E.D.N.Y. 2003) ...................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................7

*Bonded Fin. Servs. v. European Am. Bank*,
  838 F.2d 890 (7th Cir. 1988) ...............................................................................................11

*Buchwald Capital Advisors LLC v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons., Inc.)*,
  No. 12-4335-bk, 2013 U.S. App. LEXIS 20758, (2d Cir. Oct. 15, 2013),
  (S.D.N.Y. 2012) .....................................................................................................................9

*In re Bullion Reserve of N. Am.*,
  922 F.2d 544 (9th Cir. 1991) ...............................................................................................11

*Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*,
  130 F.3d 52 (2d Cir. 1997) ..................................................................................................11

*Enron Creditors Recovery Corp. v. J.P. Morgan Sec. (In re Enron Creditors Recovery Corp.)*,
  407 B.R. 17 (Bankr. S.D.N.Y. 2009), *rev'd on other grounds*, 422 B.R. 423 (S.D.N.Y. 2009), *aff'd*, Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V., 651 F.3d 329 (2d Cir. 2011) .............................................................................12

*Fannie Mae v. Olympia Mortg. Corp.*,
  No. 04-4971 (NG), 2006 U.S. Dist. LEXIS 70175 (E.D.N.Y. Sept. 28, 2006) .....................8

*Gowan v. Amaranth LLC (In re Dreier LLP)*,
  452 B.R. 451 (Bankr. S.D.N.Y. 2011) .................................................................................10

*Gowan v. Novator Credit Mgmt. (In re Dreier LLP)*,
  452 B.R. 467 (Bankr. S.D.N.Y. 2011) .................................................................................11

*In re Lehman Bros. Holdings Inc.*,
  No. 09-01045, 2011 WL 722601 (Bankr. S.D.N.Y. Feb. 22, 2011) ......................................5

08-01789-cgm    Doc 6892-1    Filed 06/02/14    Entered 06/02/14 21:23:14    Memo of Law
                            in Support    Pg 4 of 18

*Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*,
    394 B.R. 721 (Bankr. S.D.N.Y. 2008) ............................................................................... 10

*Perrin & Nissen Ltd. v. SAS Group Inc.*,
    No. 06 Civ. 13089, 2009 WL 855693 (S.D.N.Y. Mar. 27, 2009) ........................................ 5

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011) ........................................................................................... 3

*Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*,
    458 B.R. 87 (Bankr. S.D.N.Y. 2011) .............................................................................. 8, 9

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
    No. 12-mc-0115 (JSR) ..................................................................................................... 3, 4

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*,
    476 B.R. 715 (S.D.N.Y. 2012), *appeal pending*, In re Madoff Sec., No. 12-
    2557(L) (2d Cir.) ............................................................................................................. 3, 6

*SIPC v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) ............................................................................. 11

**Statutes**

Section 544 of the Bankruptcy Code ........................................................................................ 5, 6

Section 546(e) of the Bankruptcy Code ................................................................................ 1, 3, 6

Section 548(a)(1)(A) of the Bankruptcy Code ................................................................... 2, 3, 5, 6

Section 548(a)(1)(B) of the Bankruptcy Code ......................................................................... 3, 5, 6

Section 548(c) of the Bankruptcy Code ......................................................................................... 1

Section 550 of the Bankruptcy Code .................................................................................. *passim*

Section 551 of the Bankruptcy Code ............................................................................................. 5

Fed. R. Bankr. 7008(a) .................................................................................................................. 6

Fed. R. Bankr. 7009 ....................................................................................................................... 6

Fed. R. Bankr. 7012 ................................................................................................................... 1, 5

Fed. R. Civ. P. 8(a) ........................................................................................................................ 6

Fed. R. Civ. P. 9(b) ........................................................................................................................ 6

Fed. R. Civ. P. 12 ....................................................................................................................... 1, 5

Fed. R. Civ. P. 54(b) ...........................................................................................................3

**Other Authorities**

5 COLLIER ON BANKRUPTCY ¶ 548.11[1][a][ii] (16th ed. 2012) ........................................................8

**PRELIMINARY STATEMENT**

Stuart M. Stein, Arthur Siskind, Arthur J. Feibus, Jamat Company, LLC, and The Mestro Company (collectively, the "Moving Defendants"), by their undersigned counsel, submit this memorandum of law in support of their motion to dismiss the amended complaint[1] (the "Amended Complaint" or "Am. Compl.") filed in this adversary proceeding (the "Adversary Proceeding") for failure to state claims upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")).[2]

This Adversary Proceeding is one of more than approximately 1,000 similar such proceedings commenced in late 2010 by Irving H. Picard, as trustee (the "Trustee") in the proceeding for the liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities") under the Securities Investor Protection Act ("SIPA") against former customers of Madoff Securities. The Moving Defendants, and most of the defendants in the related adversary proceedings, are acknowledged by the Trustee to be innocent victims of Madoff Securities, with no prior knowledge of the fraud perpetrated upon them.

The District Court has already dismissed most of the claims asserted in this action, pursuant to section 546(e) of the Bankruptcy Code, yet those claims continue to be asserted by

---

[1] The Amended Complaint is submitted as Exhibit 1 to the accompanying Declaration of Elise S. Frejka (hereinafter the "Frejka Decl." or "Frejka Declaration").

[2] Nothing contained herein waives, limits, or impairs any argument, issue, or defense that has not been raised by the Moving Defendants, including any defense that a defendant could raise in a motion under Rule 12 of the Federal Rules of Civil Procedure. The Moving Defendants specifically preserve all other defenses that may be in a motion under Rule 12 of the Federal Rules of Civil Procedure, and all other defenses and affirmative defenses to the Amended Complaint that may be raised as matters of law or fact. In the event that any portion of the Amended Complaint survives as against the Moving Defendants, they reserve the right to assert and litigate all other defenses to the claims, including but not limited to: lack of subject matter jurisdiction, any other basis of failure to state a claim upon which relief may be granted, that the Customer Account (as defined below) was a conduit rather than an initial transferee, res judicata, satisfaction of antecedent debts under section 548(c) of the Bankruptcy Code, lack of standing to avoid transfers made or obligations incurred, entitlement to inflation or similar adjustment of the liability alleged by the Trustee, and other defenses and affirmative defenses.

1

the Trustee. Accordingly, as a preliminary matter, the Amended Complaint must be amended to delete all counts dismissed by the District Court – that is, all counts except the Trustee's claims under section 548(a)(1)(A) of the Bankruptcy Code and the corresponding subsequent transfer causes of action.

The Trustee's remaining claims against the Moving Defendants should be dismissed on multiple grounds. First, the Amended Complaint acknowledges that defendants' Madoff Securities accounts received transfers from other Madoff Securities accounts, but fails to provide the detail concerning those inter-account transfers that is needed to determine what portion, if any, of the challenged transfers constituted fictitious profits. Second, the Amended Complaint fails to provide even a modicum of specificity concerning the subsequent transfers that the Trustee seeks to recover. Finally, the Amended Complaint provides no allegations beyond a single conclusory allegation in support of its alternative ground for recovering from the Moving Defendants, namely, that they were persons for whose benefit the initial transfers were made.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

**I.    Procedural Background**

1. The Securities Investor Protection Corporation ("SIPC") commenced the SIPA liquidation case for Madoff Securities on December 11, 2008 (Am. Compl. ¶ 26) (Frejka Decl. Exh. 1). The Trustee was appointed to administer the liquidation of the broker (*id*. ¶ 29a).

2. This Adversary Proceeding was commenced by the filing of a Complaint on December 6, 2010 (ECF No. 1). On December 10, 2010, the Trustee filed the Amended Complaint (ECF No. 2). The time for the Moving Defendants to answer or move against the Amended Complaint was extended at various times by stipulation of the parties. Under the most recent stipulation, the Moving Defendants' time to answer or move against the Amended Complaint is June 2, 2014.

2

3.     Pursuant to the Amended Complaint, the Trustee seeks to recover a total of $22,371,311 in alleged avoidable transfers. Of that amount, the Trustee alleges that a total of $4,955,500 in transfers were made within two years prior to the petition date (the "Two Year Transfers"), and the balance occurred more than two years before that date (the "Six Year Transfers") (*id.* ¶¶ 2, 55, 56, 57 & Exh. B).

4.     Following motion practice in the District Court, the Honorable Jed S. Rakoff issued a decision holding that section 546(e) of the Bankruptcy Code established a "safe harbor" that prevented the Trustee from avoiding and recovering any Six Year Transfers, and limiting the Trustee's avoidance remedies to the Two Year Transfers under section 548(a)(1)(A) of the Bankruptcy Code. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."), *appeal pending*, *In re Madoff Sec.*, No. 12-2557(L) (2d Cir.); *Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011). The District Court dismissed the Trustee's constructive fraudulent transfer claims asserted under section 548(a)(1)(B) of the Bankruptcy Code and state law avoidance claims, which sought to avoid transfers made during a six-year "reach back" period. *Id.*

5.     On May 12, 2012, the District Court, on consent of the Trustee, SIPC and other affected parties, including the Moving Defendants, consolidated nearly 700 similar actions for purposes of certifying the entry of a single final judgment (the "Final 546(e) Judgment") in all of these actions – including the Adversary Proceeding – dismissing the Six Year Transfers pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-0115 (JSR) (S.D.N.Y. entered May 16, 2012) (ECF No. 109) ("Consolidation and Rule 54(b) Order") (Frejka Decl. Exh. 2).

3

6. The District Court then entered the Final 546(e) Judgment. *SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-0115 (JSR) (S.D.N.Y. May 23, 2012) (ECF No. 124) (Frejka Decl. Exh. 3).

7. The Trustee and SIPC timely appealed the Final 546(e) Judgment to the Second Circuit, where the appeals were consolidated under the caption entitled *In re Madoff Sec.*, Case No. 12-2557-bk (L). All briefing has been completed, the Second Circuit heard oral argument on March 5, 2014, and the matter is *sub judice*.

8. Neither the Trustee nor SIPC sought a stay of the effect or operation of the Final 546(e) Judgment from the District Court or the Second Circuit.

## II. Factual Background

9. The Amended Complaint alleges that Madoff Securities established a customer account in the name of "Stanley I. Lehrer and Stuart M. Stein, J/T WROS" (the "Customer Account") (Am. Compl. ¶ 52), which was allegedly the initial transferee of certain transfers from Madoff Securities (Am. Compl. ¶ 54). The Trustee then generally identifies a list of entities and individuals – including the Moving Defendants – as "Subsequent Transferee Defendants" or initial transferees (as such terms are used in the Amended Complaint) (*id*. ¶ 3). The Amended Complaint does not identify specific Moving Defendants as the direct recipients of specific transfers from Madoff Securities.

10. Although the Amended Complaint purports to identify the avoidable transfers made by Madoff Securities to the Customer Account, the Trustee makes no detailed allegations of transfers from the Customer Account to the Moving Defendants, or the connection between the Customer Account and the Moving Defendants, or to correlate any specific initial transfer to any subsequent transfer to the Moving Defendants. Rather, the Amended Complaint alleges only that "[u]pon information and belief, some or all of the Transfers were subsequently transferred

4

by Lehrer, Stein and/or the Subsequent Transferee Defendants to one or more of the Subsequent Transferee Defendants" (*id.* ¶ 58). Count Seven of the Amended Complaint, in turn, purports to assert a claim to recover the subsequent transfers from the Moving Defendants as immediate or mediate transferees, but again includes no specific allegations against any of the Moving Defendants with respect to any particular initial transfer (*id.* ¶¶ 104-09).

11.    The Amended Complaint also alleges, without any particularity, that the Moving Defendants received subsequent transfers and that, "[t]o the extent the funds transferred from [Madoff Securities] were for the benefit of the Subsequent Transferee Defendants, [those subsequent transferees] are the initial transferees of such transfers . . ." (*id.* ¶ 3).[3]

12.    Finally, the Amended Complaint provides no allegations on which to determine which transfers the Trustee is barred from pursuing as a result of the Final 546(e) Judgment.

## **ARGUMENT**

Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012(b)(6) permit dismissal of a complaint that alleges no cause of action upon which relief may be granted. *See, e.g., Perrin & Nissen Ltd. v. SAS Group Inc.*, No. 06 Civ. 13089, 2009 WL 855693, at *9 (S.D.N.Y. Mar. 27, 2009); *In re Lehman Bros. Holdings Inc.*, No. 09-01045, 2011 WL 722601, at *2 (Bankr. S.D.N.Y. Feb. 22, 2011). The Amended Complaint currently purports to assert claims under multiple federal fraudulent conveyance provisions, 11 U.S.C. §§ 544, 548, 550, and 551, alleging a right to recover transfers under both the Bankruptcy Code's intentional fraudulent conveyance provision (§ 548(a)(1)(A)) and constructive fraud provisions (§ 548(a)(1)(B)), and under both the intentional and constructive fraud provisions of sections 273, 274, 275, 276, 278,

---

[3]    The only specific listing of transfers addressed by the Amended Complaint appears in a summary exhibit relating to transactions in Customer Account (Am. Comp. Exh. B), which includes entries for deposits, withdrawals and inter-account transactions within Madoff Securities. Other than the generalized assertions, however, the Amended Complaint contains no specific allegations concerning any amounts alleged to have been transferred to any of the Moving Defendants.

5

and 279 of the New York Debtor and Creditor Law. The Moving Defendants are entitled to dismissal of each of these claims as a matter of law.

### I. The District Court Has Already Dismissed the Trustee's Section 544(b) and 548(a)(1)(B) Claims

As noted above, the District Court has already dismissed, pursuant to section 546(e), the Trustee's constructive fraudulent transfer claims asserted under section 548(a)(l)(B) and state law avoidance claims, which sought to avoid transfers made during a six-year "reach back" period. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. at 722 ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."); *see also* Consolidation and Rule 54(b) Order. Nonetheless, the Trustee has continued to assert these claims against the Moving Defendants.

Accordingly, the Amended Complaint must be further amended to delete all causes of action other than (i) claims under section 548(a)(1)(A) of the Bankruptcy Code and (ii) the corresponding claims, including subsequent transfer claims, under section 550(a).

### II. The Trustee's Remaining Claims Against the Moving Defendants are Legally Insufficient

The Trustee's remaining claims against the Moving Defendants are not alleged with sufficient factual detail or particularity. The Amended Complaint fails to provide the requisite details to distinguish between defendants, initial or subsequent transfers and does not specifically identify which transactions apply to the various defendants and which category these transactions fall into. As a result, the claims meet neither the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure (applicable here under Bankruptcy Rule 7008(a)) or of Rule 9(b) (made applicable through Bankruptcy Rule 7009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial

6

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

On a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). While a court must accept as true all of the factual allegations in the complaint, this "tenet. . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### A. The Amended Complaint Fails To Allege Sufficient Facts Regarding Transfers From Other Madoff Securities Accounts

In the Trustee's calculation of the purported avoidance liability, the Trustee provides insufficient detail concerning transfers of funds from other Madoff Securities accounts (the "Transferor Accounts"). Although the Trustee lists the amount, date and value of the alleged inter-account transfers, the Trustee's Amended Complaint does not contain specific factual allegations regarding such transfers – including the identification of the owner of the Transferor Account, the relationship between the owner of the Transferor Account and the Moving Defendants, or a listing of all transactions which transpired in the Transferor Account – that are necessary to a determination of the amount of fictitious profits, if any, received by defendants. *See, e.g.,* Am. Compl. Ex. B (providing insufficient detail for transfers made on December 31, 2007, September 26, 2008 and September 29, 2008 to ascertain what credit is warranted for inter-account transfers).

7

"At a minimum, the complaint must be sufficiently specific to give the defendant full notice of the claims that are being asserted and to allow the defendant to prepare an adequate answer, with affirmative defenses and counterclaim." 5 COLLIER ON BANKRUPTCY ¶ 548.11[1][a][ii] (16th ed. 2012); *see also Fannie Mae v. Olympia Mortg. Corp.*, No. 04-4971 (NG), 2006 U.S. Dist. LEXIS 70175, at *33 (E.D.N.Y. Sept. 28, 2006) (dismissing claims because complaint "does not identify how many transfers plaintiff is challenging or the specific dates and amounts of those transfers"); *Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 646 (E.D.N.Y. 2003) (same).

Because the Amended Complaint fails to allege any facts supporting the Trustee's naked assertion that the transferred amounts consisted "entirely [or partially] of fictitious profits," those allegations are legally insufficient.

### B. The Trustee's Subsequent Transferee Claims Against the Moving Defendants Should be Dismissed

In the Amended Complaint, the Trustee asserts claims against the Moving Defendants as alleged subsequent transferees under section 550(a)(2) of the Bankruptcy Code for the recovery of purported, but wholly unspecified, subsequent transfers. These claims are legally defective and must be dismissed as a matter of law.

This Court has already recognized that threadbare allegations of subsequent transferee liability are insufficient to state a claim. In *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87 (Bankr. S.D.N.Y. 2011), the Court held that subsequent transfer claims lacking "even a modicum of specificity" must be dismissed. *Id.* at 120. In language equally applicable here, the Court instructed that:

> [w]hile the Complaint's failure to indicate specific amounts does not in and of itself warrant dismissal of the Subsequent Transfer claims, . . . its *failure to provide even a modicum of specificity with respect to the Subsequent Transfers so as to put the Defendants on*

8

> *notice as to which ones the Trustee seeks to recover* does so warrant.

*Id.* (internal and external citations omitted; emphasis added).

The Trustee's subsequent transfer allegations here are just as deficient as those that were dismissed in *Picard v. Madoff*. In that action, using language comparable to the allegations against the Moving Defendants here, the Trustee "merely allege[d] that '[o]n information and belief, some or all of the transfers were subsequently transferred by one or more [of the Defendants] to another Family Defendant, either directly or indirectly' without providing any sort of estimate of the amount of the purported Subsequent Transfer, or when or how such Transfer occurred." *Id.* at 119-20. Those threadbare allegations were not sufficient to meet the Trustee's pleading requirements.

Here, the Trustee's subsequent transfer claims are similarly speculative and lacking in factual detail. (*See e.g.*, Am. Compl. ¶¶ 2-3, 106-08.) The Amended Complaint does not identify any dates or amounts of any alleged subsequent transfers, much less any details about the manner in which such transfers purportedly occurred or the circumstances surrounding them. Moreover, aside from general identification of the Moving Defendants, the Amended Complaint does not link any specific Moving Defendants to any specific alleged initial or subsequent transfer. These woefully deficient allegations do not provide the Moving Defendants with ". . . any sort of estimate of the amount of the purported Subsequent Transfer, or when or how such Transfer occurred." *Picard v. Madoff,* 458 B.R. at 120.

The absence of these necessary specific details renders the Trustee's subsequent transferee claims legally insufficient. *See Buchwald Capital Advisors LLC v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons., Inc.)*, No. 12-4335-bk, 2013 U.S. App. LEXIS 20758, at *4 (2d Cir. Oct. 15, 2013) (affirming dismissal of avoidance claims against subsequent

9

transferees; "[t]he Trustee has not identified the dates, amounts, and other relevant circumstances of the particular transfers that it contends were made with the actual intent to defraud creditors. Accordingly, these claims, to the extent they assert intentional fraud, fail for lack of specificity.") (citations omitted), *aff'g* 480 B.R. 480, 491 (S.D.N.Y. 2012) (failure to identify dates and amounts of transfers "is fatal to any claim for intentional fraudulent conveyance"). *Accord Gowan v. Amaranth LLC (In re Dreier LLP)*, 452 B.R. 451, 464 (Bankr. S.D.N.Y. 2011) ("[T]he complaint [must] contain the 'necessary vital statistics – the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds.") (citation omitted). Moreover, if the only transfers to or for the benefit of the Moving Defendants occurred more than two years before the commencement of the SIPA liquidation case, the Trustee may not recover them from the Moving Defendants under any legal theory because of the effect and operation of the Final 546(e) Judgment.[4]

The claims asserted against the Moving Defendants do not contain these particulars and, as such, must be dismissed.

### C.    The Amended Complaint Does Not Adequately Allege That the Moving Defendants Were Beneficiaries of Initial Transfers

Section 550(a) permits the Trustee to assert avoidance claims against (i) the initial transferee, and (ii) the entity for whose benefit the initial transfer was made. 11 U.S.C. § 550(a)(1). Section 550(a)(2) provides for recovery from a third source – a subsequent transferee. 11 U.S.C. § 550(a)(2). Unlike an initial transferee, a subsequent transferee may be liable only for the particular amount of the subsequent transfer traced to it, subject to its own

---

[4] Although the Trustee may name subsequent transferees in his initial avoidance action, he must prove that the relevant initial transfer(s) are avoidable as a predicate to seeking avoidance or recovery of the associated subsequent transfer(s) from the alleged subsequent transferees. *See Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 745-46 (Bankr. S.D.N.Y. 2008) (trustee may proceed directly against subsequent transferees but must prove all elements for avoidance of the initial transfer unless collateral estoppel or *res judicata* applies).

10

variant of a "good faith" defense. *See* 11 U.S.C. § 550(a) (limiting recovery to the "property transferred"); 11 U.S.C. § 550(b)(2) (providing that the trustee cannot recover from a subsequent transferee who took in good faith).

The Trustee attempts to bypass the protections afforded subsequent transferees by summarily pleading that the Moving Defendants may be beneficiaries of the initial transfer:

> To the extent the funds transferred from [Madoff Securities] were for the benefit of the Subsequent Transferee [Moving] Defendants, the Subsequent Transferee [Moving] Defendants are the initial transferees of such transfers for purposes of the allegations herein.

Am. Compl. ¶ 3. These allegations fail because a *later recipient* of funds or property conveyed by an initial transfer is a subsequent transferee, not an initial transferee or a beneficiary of the initial transfer. *See In re Bullion Reserve of N. Am.*, 922 F.2d 544, 548 (9th Cir. 1991) ("A subsequent transferee cannot be an entity for whose benefit the initial transfer was made, even if the subsequent transferee actually receives a benefit from the initial transfer."); *Bonded Fin. Servs. v. European Am. Bank*, 838 F.2d 890, 895 (7th Cir. 1988) ("[A] subsequent transferee cannot be the 'entity for whose benefit' the initial transfer was made.").[5]

Moreover, the Trustee fails to allege any facts supporting the conclusion that funds were, in fact, transferred for the benefit of the Moving Defendants, such as the basis for the beneficiary status. *Gowan v. Novator Credit Mgmt. (In re Dreier LLP)*, 452 B.R. 467, 479 (Bankr. S.D.N.Y. 2011) (dismissing as "conclusory and speculative" claims that an alleged subsequent transferee was also a beneficiary). The implication of the Trustee's assertion is that any benefit – however

---

[5]    The classic example of an entity for whose benefit a transfer is made is a guarantor who receives the benefit of a transfer but not the property. *See Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 57 (2d Cir. 1997) ("[W]e know that the 'entity for whose benefit' phrase does not simply reference the next pair of hands; it references entities that benefit as guarantors of the debtor, or otherwise, without ever holding the funds.") (citations omitted); *SIPC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 314 (Bankr. S.D.N.Y. 1999) ("The quintessential example of the entity who benefits from the initial transfer is a guarantor of the debtor . . . . He or she is relieved of the obligation to pay the lender – which is the benefit – while the lender receives the money.").

11

indirect or incidental, and whether or not it is detailed at all in the pleading of the claim – is sufficient to transform an entity into a "beneficiary" within the meaning of section 550(a)(1) of the Bankruptcy Code, and thereby hold it responsible for the entire amount of the initial transfer. To the contrary, "[t]he benefit must be direct, ascertainable and quantifiable and must correspond to, or be commensurate with, the value of the property that was transferred." *Enron Creditors Recovery Corp. v. J.P. Morgan Sec. (In re Enron Creditors Recovery Corp.)*, 407 B.R. 17, 33 (Bankr. S.D.N.Y. 2009), *rev'd on other grounds*, 422 B.R. 423 (S.D.N.Y. 2009) (citations and quotations omitted), *aff'd*, *Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V.*, 651 F.3d 329 (2d Cir. 2011).

Thus, the Trustee's summary characterization of the Moving Defendants as "beneficiaries" of the challenged transfers fails to satisfy controlling requirements of pleading in avoidance actions.

12

**CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully submit that the Court should dismiss the Amended Complaint as against them and grant such other and further relief as may be just and proper.

Dated: New York, New York
June 2, 2014

                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                By:  /s/ Philip Bentley
                    Philip Bentley
                    Elise S. Frejka
                    Jason S. Rappaport
                    1177 Avenue of the Americas
                    New York, New York 10036
                    Telephone: (212) 715-9100
                    Facsimile: (212) 715-8000

                    *Attorneys for Stuart M. Stein, Arthur Siskind, Arthur J. Feibus, Jamat Company, LLC and The Mestro Company*

13