**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　Debtor. | SIPA LIQUIDATION<br>No. 08-01789 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　Plaintiff,<br>　　　　v.<br>MICHAEL LIEBERBAUM and<br>CYNTHIA LIEBERBAUM,<br>　　　　Defendants. | **TENTH AMENDED CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-05406 (SMB) |

Plaintiff Irving H. Picard (the "Trustee") as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), and Defendants Michael Lieberbaum and Cynthia Lieberbaum (collectively, "Defendants" and, together with the Trustee, the "Parties"), by and through their undersigned counsel, hereby submit the following Proposed Tenth Amended Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Federal Rules of Bankruptcy Procedure 7016 and 7026.

　　　　1.　　Proposed Discovery Plan.

　　　　　　a.　　Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1). Initial Disclosures required under Federal Rule 26(a)(1) were exchanged by the Parties on June 15, 2011.

　　　　　　b.　　Subject of Discovery. The Parties contemplate that discovery will be needed on all liability and recovery issues, and that fact and expert discovery will be needed.

    c.     <u>Timing for Discovery</u>.

        (i)     <u>Deadline for Fact Discovery</u>. All fact discovery shall be completed on or before July 3, 2014.

        (ii)     The Parties will begin a rolling production of requested documents no later than thirty (30) days after serving responses to the requests. Parties will complete the production of requested documents no later than ninety (90) days after serving responses to the requests.

        (iii)     <u>Experts and Deadline for Expert Discovery</u>. Every party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before November 10, 2014. Every party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before January 9, 2015. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than ten (10) days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur on or before March 9, 2015. The foregoing restriction shall not affect the parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by April 20, 2015.

    d.     <u>Privilege and Work Product</u>. The Parties do not, at this time, anticipate any other issues regarding claims of privilege or protection as trial-preparation materials. Nothing in this Proposed Tenth Amended Case Management Plan is meant to supersede the protective order in this action governing inadvertent production and related issues.

e. <u>Changes to Limitations on Discovery Under the Federal Rules or Local Rules</u>.  Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause.  The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary.

(i) Absent further agreement between the Parties, the Parties agree that the number of depositions the Trustee may take will not exceed fifteen (15).  Subject to the foregoing limitation, Defendants agree that they will not object to the deposition of party or third-party witnesses based on Federal Rule of Civil Procedure 30(a)(2)(A)(i).

(ii) The Parties may produce discovery, including initial disclosures, in an electronic data room or other similar electronic format.  Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review.  With regard to documents produced or made available electronically, the parties shall comply with the e-discovery protocol attached as Exhibit 1.

(iii) In the event of a discovery dispute between the Parties, the Parties shall meet and confer in an attempt to resolve the dispute.  If not resolved, the Parties shall comply with Local Rule 7007-1 with respect to resolution of the dispute.

(iv) The Parties may take depositions of fact witnesses during the period for fact discovery after initial disclosures have been made.  To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and

-3-

discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule of Civil Procedure 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open at the time such depositions take place. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

        (v)    All depositions of the Trustee's witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or at such other location as the Parties shall mutually agree. Depositions of Defendants' fact and expert witnesses shall occur at Hogan Lovells LLP, 875 Third Avenue, New York, New York 10022, or at such place as the Parties shall mutually agree.

2. <u>Joinder of Additional Parties and Amendments to Pleadings</u>.  Any party may amend its pleadings without leave of Court up to November 10, 2014. No amendments shall be allowed after such date unless good cause is shown. No additional parties shall be allowed except upon motion to the Court and upon a showing of good cause.

3. <u>Dispositive Motions</u>.  All potentially dispositive motions shall be filed no later than May 4, 2015.

-4-

4. <u>Any Other Matters That May Add to the Just and Expeditious Disposition of This Matter</u>. The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

5. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

6. <u>Next Conference</u>. The Parties shall appear before the Court on June 25, 2014, at 10:00 a.m.

7. <u>Parties and Counsel</u>. The following parties join in this Proposed Tenth Amended Case Management Plan, through their undersigned counsel.

Dated: New York, New York
June 2, 2014

| | |
|---|---|
| By: */s/ Donna A. Tobin* | By: */s/ Lisa Fried* |
| **Baker & Hostetler LLP** | **Hogan Lovells US LLP** |
| 45 Rockefeller Plaza | 875 Third Avenue |
| New York, New York 10111 | New York, New York 10022 |
| Telephone: (212) 589-4200 | Telephone: (212) 918-3000 |
| Facsimile: (212) 589-4201 | Facsimile: (212) 918-3100 |
| David J. Sheehan | Christopher R. Donoho, III |
| Email: dsheehan@bakerlaw.com | Email: chris.donoho@hoganlovells.com |
| Marc E. Hirschfield | Dennis H. Tracey, III |
| Email: mhirschfield@bakerlaw.com | Email: dennis.tracey@hoganlovells.com |
| Keith R. Murphy | Lisa Fried |
| Email: kmurphy@bakerlaw.com | Email: lisa.fried@hoganlovells.com |
| Donna A. Tobin | |
| Email: dtobin@bakerlaw.com | *Attorneys for Michael Lieberbaum and* |
| Kimberly M. Maynard | *Cynthia Lieberbaum* |
| Email: kmaynard@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

SO ORDERED:

Dated: June 2<u>nd</u>, 2014                          /s/ STUART M. BERNSTEIN
New York, New York                          HONORABLE STUART M. BERNSTEIN
                                            UNITED STATES BANKRUPTCY JUDGE

300323917.1