**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
|        Plaintiff-Applicant, | |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
|        Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
|        Debtor. | |
| IRVING PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05259 (SMB)<br><br>**JURY TRIAL DEMANDED** |
|        Plaintiff, | |
| v. | |
| STANLEY I. LEHRER,  et al., | |
|        Defendants. | |

**ANSWER OF DEFENDANTS NEAL M. GOLDMAN, LINDA SOHN,**
**TRUST U/W/O DAVID L. FISHER, TRUST U/T/A 8/20/90, and EVELYN FISHER,**
**individually, and in her capacity as Trustee for TRUST U/W/O**
**DAVID L. FISHER and TRUST U/T/A 8/20/90**

Defendants Neal M. Goldman ("Goldman"), Linda Sohn ("Sohn"), Trust U/W/O David

L. Fisher, Trust U/T/A 8/20/90, and Evelyn Fisher, individually and in her capacity as Trustee

for Trust U/W/O David L. Fisher and Trust U/T/A 8/20/90 (the "Fisher Defendants," and

together with Goldman and Sohn, "Defendants"), by and through their attorneys of record herein,

Mintz & Gold LLP, as and for their Answer to the Amended Complaint state as follows:

## NATURE OF PROCEEEDING

1.      Defendants are without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 1 of the Amended Complaint and on that basis deny each

and every allegation contained therein, except that Defendants deny that Stanley I. Lehrer

("Lehrer") and Stuart M. Stein ("Stein") received avoidable transfers from Bernard L. Madoff

Investment Securities LLC ("BLMIS").

2.      Defendants deny the allegations of paragraph 2 of the Amended Complaint.

3.      Defendants deny the allegations of paragraph 3 of the Amended Complaint.

4.      Defendants state that the allegations of paragraph 4 of the Amended Complaint

are legal conclusions or arguments as to which no response is required.  To the extent a response

is required, Defendants deny the allegations of paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.      Defendants state that the allegations of paragraph 5 of the Amended Complaint

are legal conclusions or arguments as to which no response is required.  To the extent a response

is required, Defendants are without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 5 of the Amended Complaint.

6.      Defendants state that the allegations of paragraph 6 of the Amended Complaint

are legal conclusions or arguments as to which no response is required.  To the extent a response

is required, Defendants deny the allegations contained in paragraph 6 of the Amended

Complaint.

7.     Defendants state that the allegations of paragraph 7 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Complaint.

## DEFENDANTS

8.     Defendants admit the allegations in paragraph 8 only to the extent that Stein is named as a defendant in the Amended Complaint, individually, and in his capacity as administrator of the Joint Tenancy Account, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

9.     Defendants admit the allegations contained in paragraph 9 only to the extent that Lehrer is named as a defendant in the Amended Complaint solely in his capacity as administrator of the Joint Tenancy Account and not personally, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

10.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Amended Complaint.

11.     Defendants admit the allegations of paragraph 11 of the Amended Complaint.

12.     Defendants admit the allegations of paragraph 12 of the Amended Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Amended Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Amended Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Amended Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendants admit the allegations of paragraph 23 of the Amended Complaint.

24.     Defendants admit the allegations of paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Amended Complaint.

## BACKGROUND, THE TRUSTEE, AND STANDING

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff for their contents.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the District Court Proceeding.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA application.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA application.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the District Court Proceeding, except Defendants deny that the Trustee is qualified to act and serve on behalf of the estate of BLMIS.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint, and respectfully refer the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.

5

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint that the Trustee is in the process of marshalling BLMIS's assets, that the liquidation of BLMIS's assets is well underway, and that such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 33 of the Amended Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations.

34.     Defendants state that the allegations of paragraph 34 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendants state that the allegations of paragraph 35 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Amended Complaint.

36.     Defendants state that the allegations of paragraph 36 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## THE FRAUDULENT PONZI SCHEME

37.     Defendants admit that BLMIS was a securities broker-dealer registered with the SEC and was a member of SIPC.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Amended Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Amended Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Amended Complaint.

40.     Defendants admit the allegations contained in paragraph 40 only to the extent that Madoff made a plea allocution, but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein, including but not limited to the contents of the plea allocution.

41.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Amended Complaint.

42.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Amended Complaint.

43.     Defendants deny that there is a right to recover against them, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Amended Complaint.

44.     Defendants deny that there is a right to recover against them, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendants admit the allegations contained in paragraph 45 only to the extent that they received certain distributions; deny that there is a right to recover against them; and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

46. Defendants admit the allegations contained in paragraph 46 only to the extent that they received account statements; deny that there is a right to recover against them; and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

47. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Amended Complaint.

51. Defendants state that the allegations of paragraph 51 of the Amended Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Amended Complaint.

## THE TRANSFERS

52. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Amended Complaint.

8

53.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Amended Complaint.

54.     Defendants admit the allegations contained in paragraph 54 only to the extent that they made deposits through the joint tenancy account, but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

55.     Defendants admit the allegations contained in paragraph 55 only to the extent that they received certain distributions; deny that there is a right to recover against them; and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

56.     Defendants deny the allegations of paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Amended Complaint.

58.     Defendants admit the allegations contained in paragraph 58 only to the extent that they received certain distributions, and otherwise deny that there is a right to recover against them.

59.     Defendants deny the allegations of paragraph 59 of the Amended Complaint.

60.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60, but deny that the Trustee has the right to recover from them.

61.     Defendants deny the allegations of paragraph 61 of the Amended Complaint.

## **CUSTOMER CLAIMS**

62.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Amended Complaint.

9

63.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63, except admit that the Trustee has attached a letter as Exhibit C to the Amended Complaint and refers the Court to the exhibit for its contents.

64.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Amended Complaint.

65.     Defendants admit that the Court entered an Order on December 23, 2008, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Amended Complaint.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A) AND 551

66.     Defendants repeat their answers to each and every allegation contained in paragraphs 1-65 of the Amended Complaint.

67.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Amended Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations of paragraph 71 of the Amended Complaint.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

72.     Defendants repeat their answers to each and every allegation contained in paragraphs 1-71 of the Amended Complaint.

73.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations of paragraph 74 of the Amended Complaint.

75.    Defendants deny the allegations of paragraph 75 of the Amended Complaint.

76.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Amended Complaint.

77.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Amended Complaint.

78.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Amended Complaint.

79.    Defendants deny the allegations of paragraph 79 of the Amended Complaint.

80.    Defendants deny the allegations of paragraph 80 of the Amended Complaint.

**COUNT THREE**
**FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW**
**§§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

81.    Defendant repeat their answers to each and every allegation contained in paragraphs 1-80 of the Amended Complaint.

82.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the Amended Complaint.

83.    Defendants state that the allegations of paragraph 83 of the Amended Complaint are legal conclusions or arguments as to which no response is required.

84.    Defendants deny that BLMIS made each of the six-year transfers to or for the benefit of Lehrer and Stein in furtherance of a fraudulent investment scheme, and otherwise deny

knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Amended Complaint.

85.    Defendants deny the allegations of paragraph 85 of the Amended Complaint.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

86.    Defendants repeat their answers to each and every allegation contained in paragraphs 1-85 of the Amended Complaint.

87.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the Amended Complaint.

88.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the Amended Complaint.

89.    Defendants deny the allegations of paragraph 89 of the Amended Complaint.

90.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 90 of the Amended Complaint.

91.    Defendants deny the allegations of paragraph 91 of the Amended Complaint.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

92.    Defendants repeat their answers to each and every allegation contained in paragraphs 1-91 of the Amended Complaint.

93.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 93 of the Amended Complaint.

94.    Defendants state that the allegations of paragraph 94 of the Amended Complaint are legal conclusions or arguments as to which no response is required.

12

95.     Defendants deny the allegations of paragraph 95 of the Amended Complaint.

96.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations of paragraph 97 of the Amended Complaint.

## COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

98.     Defendants repeat their answers to each and every allegation contained in paragraphs 1-97 of the Amended Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 99 of the Amended Complaint.

100.    Defendants state that the allegations of paragraph 100 of the Amended Complaint are legal conclusions or arguments as to which no response is required.

101.    Defendants deny the allegations of paragraph 101 of the Amended Complaint.

102.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations of paragraph 103 of the Amended Complaint.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

104.    Defendants repeat their answers to each and every allegation contained in paragraphs 1-103 of the Amended Complaint.

105.    Defendants deny the allegations of paragraph 105 of the Amended Complaint.

106.    Defendants state that the allegations of paragraph 106 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response

is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 106 of the Amended Complaint.

107.    Defendants state that the allegations of paragraph 107 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 107 of the Amended Complaint.

108.    Defendants state that the allegations of paragraph 108 of the Amended Complaint are legal conclusions or arguments as to which no response is required.

109.    Defendants deny the allegations of paragraph 109 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

In further answer to the Amended Complaint, and without assuming any burden of proof that would otherwise fall on the Trustee, Defendants state that the Trustee's claims are barred in whole or in part by the following affirmative or other defenses.  Defendants reserve their right to assert additional defenses if and when they become appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state any claim against Defendants upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

All of the claims alleged in the Amended Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-mc-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

14

## THIRD AFFIRMATIVE DEFENSE

The Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by operation of the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint does not plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code or the New York Debtor and Creditor Law with sufficient particularity and factual support.

## SIXTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted in the Amended Complaint, and/or is barred from asserting claims under the doctrine of *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by the doctrine of unclean hands, waiver, estoppel, and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

## TENTH AFFIRMATIVE DEFENSE

Defendants gave value to or for the benefit of BLMIS for each and every transfer involving them referred to in the Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because none of the Defendants possessed either actual knowledge or constructive knowledge of the Ponzi scheme to which Madoff pled guilty. No defendant was willfully blind to Madoff's fraud or scheme, and every Defendant acted in good faith. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 12-mc-0115 (Rakoff, *J.*) (S.D.N.Y. April 28, 2014) (Docket No. 524).

## TWELFTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because each Defendant received every transfer for value, in good faith, and without fraudulent intent, knowledge of fraud, or of any ground for voidability of such transfer, and was an innocent victim of Madoff and BLMIS.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the debtor did not receive less than reasonably equivalent value in exchange for any transfer to any Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because each transfer to a Defendant was made for value and fair consideration.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because each transfer to each Defendant was a transfer on account of an antecedent debt.

## SIXTEENTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or New York law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract and/or because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

17

## NINETEENTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property, and his claims cannot proceed until he has exhausted remedies against other parties that engaged in wrongful conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of set-off, recoupment, credits, or equitable adjustment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the Trustee has failed to show that any transfer received by any Defendant was made in furtherance of a fraudulent scheme rather than because it was legally mandated.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the Trustee has failed to show that any transfer received by any Defendant was made with the actual intent to hinder, delay, or defraud any creditor rather than because it was legally mandated.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred in whole or in part because, to the extent that any Defendant's funds constitute an individual retirement account, such funds are protected from judgment creditors pursuant to, *inter alia*, section 5205 of the New York Civil Practice Law and Rules.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The transfers alleged in the Amended Complaint may not be avoided or recovered because the Trustee is not entitled to any recovery pursuant to section 550(b) and (e) of the Bankruptcy Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby assert all defenses available under federal law and under any applicable state law.  Additional facts may be revealed in discovery or otherwise that support additional defenses presently available, but unknown, to Defendants.  Defendants therefore reserve their right to assert additional defenses in the event discovery or investigation reveals additional defenses.

## JURY DEMAND

Defendants respectfully demand a trial by jury as to all issues that may be heard by a jury.

**WHEREFORE**, Defendants respectfully request entry of judgment dismissing the Amended Complaint with prejudice as against them, for the costs, reasonable attorney's fees and disbursements of this action, and for such other relief as is proper.

Dated: New York, New York
June 2, 2014

**MINTZ & GOLD LLP**

By: /s/ Terence W. McCormick
        Terence W. McCormick
470 Park Avenue South
10th Floor North
New York, New York 10016-6819
Tel: (212) 696-4848
Fax: (212) 696-1231
mintz@mintzandgold.com
mccormick@mintzandgold.com
*Attorneys for Defendant*
*Neal M. Goldman, Linda Sohn and*
*the Fisher Defendants*
