**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Attorneys for Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>PLAINTIFF-APPLICANT,<br><br>V.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>DEFENDANT. | NO. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(SUBSTANTIVELY CONSOLIDATED) |
| IN RE:<br><br>BERNARD L. MADOFF,<br><br>DEFTOR. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>PLAINTIFF<br><br>V.<br><br>KINGATE GLOBAL FUND, LTD., by its Liquidators, and KINGATE EURO FUND, LTD., by its Liquidators.<br><br>DEFENDANTS. | Adv. Pro. No. 12-01920 (SMB) |

**DECLARATION OF ROBERT S. LOIGMAN IN SUPPORT OF OPPOSITION
OF KINGATE GLOBAL FUND, LTD. AND KINGATE EURO FUND, LTD.
TO TRUSTEE'S MOTION FOR A PRELIMINARY INJUNCTION**[1]

---

[1] Capitalized terms not defined herein shall take the meaning ascribed to them in the *Memorandum of Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. in Opposition to Trustee's Motion for a Preliminary Injunction*, which is being filed contemporaneously herewith.

I, Robert S. Loigman, hereby declare:

1. I am a member of the bar of the State of New York and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for the defendants, Kingate Global Fund, Ltd. ("Kingate Global") and Kingate Euro Fund, Ltd. ("Kingate Euro" and together with Kingate Global, the "Kingate Funds").

2. On February 18, 2014, the Kingate Funds filed their opposition to the Trustee's Application for Enforcement of Automatic Stay and Injunction (the "Original Opposition"). In support of that filing, I submitted a declaration (the "First Loigman Declaration") that provided the Court with certain materials and a chronology of facts. The chronology of facts provided in the First Loigman Declaration, which is attached hereto as Exhibit A, is incorporated herein.

3. This declaration, which is submitted to supplement the First Loigman Declaration, provides the Court with certain additional materials in support of the Kingate Funds' opposition to the Trustee's Motion for a Preliminary Injunction. Unless otherwise indicated, I make this declaration of personal knowledge.

## Chronology of Facts

**The Kingate Funds Negotiate with the Trustee in an Effort to Settle the Injunction Action.**

4. On October 22, 2012, the Trustee commenced the Injunction Action by filing a complaint and injunction application. In late 2012 and throughout 2013—in the interests of the parties' ongoing settlement discussions—the parties stipulated several times to extend the briefing schedule for the Injunction Action. On January 21, 2014, however, the Trustee refused to extend the response deadline beyond February 21, 2014, unless the Kingate Funds would stipulate "to preserve and set aside any damages or other funds that you recover in the Bermuda Action and not make any distributions until all issues raised in the avoidance action are resolved by a final and nonappealable order." (Ex. C) The Joint Liquidators would not agree to the

requested limitation on distribution solely to obtain an extension of their time to respond to the injunction application.

5. At the same time the Trustee conditioned an extension of time to respond on the Joint Liquidators' agreement to limit distribution of proceeds, the Trustee indicated that he might amend the complaint in the Injunction Action. On January 24, 2014, the Joint Liquidators responded to the Trustee's January 21, 2014 letter. In their response, the Joint Liquidators also requested that the Trustee advise them—by February 1, 2014—whether he intended to amend the complaint. After receiving no response from the Trustee for several weeks, the Joint Liquidators filed their opposition to the initial injunction application on February 18, 2014. On the eve of that filing (February 17, 2014), the Trustee finally indicated that he would be amending the complaint, although he gave no details regarding the nature of the anticipated amendment.

6. On March 25, 2014—the day the Trustee was due to respond to the Original Opposition—the Trustee filed a motion for leave to amend his complaint in the Injunction Action. The motion for leave attached the proposed complaint and various exhibits, including a materially revised motion for a preliminary injunction that the Trustee indicated he intended to file in tandem with the amended complaint.

7. On April 3, 2014, before the Trustee's motion to amend was approved, counsel for the Kingate Funds sent the Trustee a letter proposing that the Joint Liquidators would undertake "not [to] use the net proceeds from the Bermuda Action, whether such proceeds result from settlements with any of the Defendants therein or from a final adjudication by the Bermuda Court (the 'Bermuda Action Proceeds'), to make any distributions from the liquidation estates to investors in the Kingate Funds" until resolution of the Trustee's Avoidance Action, or a termination of the undertaking consistent with the terms of the parties' agreement.

8. Between April 3, 2014 and May 27, 2014, counsel for the parties exchanged various drafts, letters, and emails concerning proposed terms for a stipulation resolving the Injunction Action. The Joint Liquidators have indicated—in each version of the stipulation—that they would agree not to distribute any proceeds the Kingate Funds obtain in the Bermuda Action prior to resolution of the Avoidance Action. Notwithstanding the Joint Liquidators' willingness to agree to not distribute any proceeds from the Bermuda Action, the parties were unable to resolve the Injunction Action because the Trustee will not agree to permit the Joint Liquidators to use any Bermuda Action proceeds to (a) pay the expenses of the Bermuda Action itself (i.e., expenses required to obtain any such proceeds), and (b) pay the ongoing costs and expenses of liquidation, which *do not include* distribution of assets to the Kingate Funds' investors.

**The Bermuda Action Is Not Trial Ready.**

9. The Bermuda Action, which remains pending, is not yet trial ready. I understand that the Joint Liquidators are assiduously pursuing the claims in Bermuda and that the parties in Bermuda have begun the discovery process in Bermuda by, *inter alia*, initiating the document discovery process. Additionally, I understand that the Bermuda court has recently issued an order that indicates that trial in the Bermuda Action will commence no earlier than March 2016.

**Exhibits**

10. Attached as Exhibit A is a true and correct copy of the Declaration of Robert S. Loigman and its supporting exhibits (lettered A-K) that was filed with the Court on February 18, 2014.

11. Attached as Exhibit B is a true and correct copy of the Affidavit of Mark Guy Chudleigh that was filed with the Court on February 18, 2014.

12. Attached as Exhibit C is a true and correct copy of a letter from David Sheehan to Robert Loigman dated January 21, 2014. (This same letter was attached as Exhibit K to the Declaration of Gonzalo S. Zeballos, Esq. in Support of Trustee's Motion for Preliminary Injunctive Relief, dated April 23, 2014 (the "Trustee's Declaration").)

13. Attached as Exhibit D is a true and correct copy of a letter from Robert Loigman to David Sheehan dated January 24, 2014. (This same letter was attached as Exhibit L to the Trustee's Declaration.)

14. Attached as Exhibit E is a true and correct copy of an email from John Burke to Robert Loigman dated February 17, 2014.

15. Attached as Exhibit F is a true and correct copy of a letter from Robert S. Loigman to Geraldine E. Ponto, dated April 3, 2014.

16. Attached as Exhibit G is a true and correct copy of an email from Robert S. Loigman to John Burke, *et al.* dated May 8, 2014.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed on June 9, 2014, at New York, New York.

/s/ Robert S. Loigman
Robert S. Loigman