# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> PLAINTIFF-APPLICANT, <br><br> V. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> DEFENDANT. | NO. 08-01789 (SMB) <br><br><br> SIPA LIQUIDATION <br><br><br> (SUBSTANTIVELY CONSOLIDATED) |
| IN RE: <br><br> BERNARD L. MADOFF, <br><br> DEBTOR. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br> PLAINTIFF <br><br> V. <br><br> KINGATE GLOBAL FUND, LTD., by its Liquidators, and KINGATE EURO FUND, LTD., by its Liquidators. <br><br> DEFENDANTS. | Adv. Pro. No. 12-01920 (SMB) |

## AFFIDAVIT OF MARK GUY CHUDLEIGH

I, MARK GUY CHUDLEIGH, of Sedgwick Chudleigh Ltd., E.W. Pearman Building, 20 Brunswick Street, Hamilton HM10, Bermuda, under penalty of perjury, state as follows:

**Introduction**

1. I make this Affidavit in support of the *Opposition of Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. to Trustee's Application for Enforcement of Automatic Stay and Injunction* against Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (together, "the Kingate Funds").

2. I am a barrister and attorney and the managing director of Sedgwick Chudleigh Ltd., a Bermuda law firm ("Sedgwick Chudleigh"). Sedgwick Chudleigh act for the Kingate Funds and their Joint Liquidators ('the JLs') in litigation and liquidation matters in Bermuda, and I personally have conduct, along with a number of colleagues working under my supervision, of the Kingate Funds' litigation against Kingate Management Limited ("KML") and various other defendants in proceedings being brought in the Supreme Court of Bermuda, in Civil Jurisdiction 2010: No. 454 ("the Bermuda Proceedings").

3. The facts and matters set out in this Affidavit are within my own knowledge, save where the contrary appears, and are true. Where facts and matters are not within my own knowledge, I state the sources of my information and belief, and believe such matters to be true.

4. I have been asked to describe the procedural history, and current status, of the Bermuda Proceedings and to express an opinion on the potential consequences if the Kingate Funds are restrained from pursuing or progressing the Bermuda Proceedings.

**History and Current Status of the Kingate Funds' Liquidation Processes and Bermuda Proceedings**

5. The Kingate Funds were incorporated in the British Virgin Islands ("BVI") in 1994 and 2000, respectively, under the International Business Companies Act (Cap 291) (BVI), and were authorised by the BVI Financial Services Commission to carry on business as Professional Funds under the Mutual Funds Act 1996 (as amended) (BVI).

6. The Kingate Funds carried on business as open-ended investment funds in Bermuda, as exempt companies under the Companies Act 1981 (Bermuda), where their manager, KML, was incorporated, where their administrators (Citi Hedge Fund Services) were situated, and where their bankers (Bank of Bermuda, now HSBC Bank of Bermuda) and their auditors (PricewaterhouseCoopers) were also situated.

7. After sustaining losses in the hundreds of millions of dollars as a result of the fraud perpetrated by, and subsequent collapse of, Bernard L. Madoff Investment Securities

2

LLC, the Kingate Funds were placed first into provisional liquidation by Orders of the High Court of the British Virgin Islands on 8 May 2009, and then into permanent liquidation by Orders of that Court on 4 June 2009. The two funds thus became the subject of permanent liquidation processes under the supervision of the Court of the BVI. The JLs are officers of that Court.

8. The Kingate Funds are also in liquidation in Bermuda, having been so placed by Orders of the Supreme Court of Bermuda made on 4 September 2009. The same joint liquidators were appointed by that Court, together with an additional liquidator being a Bermuda resident, as officers of that Court acting also under its supervision.

9. Statutory stays prohibiting the commencement or continuation of any proceedings against the Kingate Funds (without the permission of the Court) came into force in the BVI on 8 May 2009 pursuant to section 175(1)(c) of the Insolvency Act 2003( BVI), and in Bermuda on 4 September 2009 pursuant to section 167(4) of the Companies Act 1981 (Bermuda).

10. The JLs required, applied for and obtained Orders ("sanction") from both the BVI and Bermuda Courts dated 1 November 2010 and 8 December 2010 respectively to cause the Kingate Funds to commence proceedings in the Supreme Court of Bermuda against KML and others ("the Bermuda Defendants"). On 22 December 2010 the Kingate Funds duly commenced the Bermuda Proceedings, asserting claims against the Bermuda Defendants for unjust enrichment arising from the Bermuda Defendants' receipt of unearned management fees, and for damages for breach of contract and negligence flowing from duties owed directly to the Kingate Funds.

11. The Kingate Funds have taken a variety of steps to advance the Bermuda Action. After the initial writ was issued, the Kingate Funds (a) framed and drafted detailed particulars to support their claims based on extensive documentary records, (b) negotiated service with multiple defendants outside of the Bermuda jurisdiction, (c) addressed extensive applications before the BVI Court filed by the various trustee defendants to the Bermuda Proceedings for permission to defend against the Kingate Funds' claims and to fund the defense from the trusts, (d) successfully participated —in conjunction with the Trustee— in the hearing of an application before the Bermuda Court to wind-up KML and to

3

08-01789-cgm Doc 6933-2 Filed 06/09/14 Entered 06/09/14 14:14:20 Exhibit B
Pg 54 of 65

appoint the Official Receiver of Bermuda as its provisional liquidator in place of its previous provisional liquidators, (e) sought and obtained relief from the Bermuda Court, which ordered the lifting of the KML stay to enable the action to proceed against KML, (f) engaged in extensive exchanges of pleadings and amended pleadings with KML and the other defendants, including a Court hearing of an application to re-amend the Kingate Funds' pleadings (which was initially resisted by the Bermuda Defendants but then resolved by agreement), (g) engaged in negotiations with KML and the other Bermuda Defendants regarding case management directions, and (h) commenced extensive document management and review. Through a portion of this time in 2012, the Trustee and the JLs were operating pursuant to a common interest agreement, which expired pursuant to its terms.

**Potential consequences if the Kingate Funds are restrained from pursuing or progressing the Bermuda Proceedings**

12. In my opinion, if the Kingate Funds are prevented from progressing the Bermuda Proceedings actively, or if they are prevented from complying with any procedural directions which the Supreme Court of Bermuda might make by Court order, or if they are prevented from responding to any interlocutory application which another party might make, they run the risk of (a) not being able to progress the Bermuda Proceedings to their advantage; (b) breaching a procedural Order of the Supreme Court of Bermuda; and (c) 'losing' important interlocutory applications by default.

13. The Kingate Funds also run the risk of having the Bermuda Proceedings struck out by the Court, if it can be established by another party that:

> 6.1 the Bermuda Proceedings constitute an abuse of process, of which one recognized category is delay; or

> 6.2 the Kingate Funds have acted in breach of Court orders or the procedural Rules of the Supreme Court of Bermuda.

14. The ordinary rule in civil litigation in the Supreme Court of Bermuda is that (subject to the precise circumstances of the case and the discretion of the judge) the 'loser' is

4

ordered to pay the 'winner's' legal costs and expenses. The amount of recoverable costs payable is then 'taxed' by the Registrar on the application of the receiving party if it is not otherwise capable of agreement.

15. The Kingate Funds therefore run the risk that, if the Bermuda Proceedings are struck out or dismissed, or if the Kingate Funds lose or are obliged to concede an interlocutory application, the Kingate Funds may be obliged to pay the other parties' costs of and occasioned by the Bermuda Proceedings, or the costs of the relevant stage of the proceedings.

16. In those circumstances, the Kingate Funds would also be obliged to bear their own legal costs and expenses, since as the unsuccessful party they would be unlikely to have any basis for making an application for a costs order against the other parties. Given the nature and duration of the Bermuda Proceedings, the legal costs to date (both of the Kingate Funds and the twelve defendants to the Bermuda Proceedings, individually and in the aggregate) are very substantial indeed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of February 2014 in Hamilton, Bermuda.

BY the said                              )

MARK GUY CHUDLEIGH        )

in the City of Hamilton            )

DATED this        17th        day of February 2014

_____
**A COMMISSIONER OF OATHS**

Keren V. P. Lomas
Lomas & Co.
Commissioner for Oaths
Notary Public
20 Brunswick Street
Hamilton, Bermuda HM 10

5