# EXHIBIT F

quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7444

WRITER'S INTERNET ADDRESS
robertloigman@quinnemanuel.com

April 3, 2014

**WITHOUT PREJUDICE SETTLEMENT COMMUNICATION**
**SUBJECT TO FRE 408**

<u>VIA E-MAIL</u>

Geraldine E. Ponto, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re:   *Picard v. Kingate Global Fund, Ltd., Kingate Euro Fund, Ltd.*, 12-1920 (SMB)

Dear Gerry:

     As you know, last week the Trustee served a motion for leave to file an amended complaint, accompanied by an amended injunction application, in Adversary Proceeding No. 12-1920. In the proposed complaint and application, and in a letter to Judge Bernstein, the Trustee indicated that he had "proposed to the Joint Liquidators that they stipulate to preserve, set aside and not distribute any funds they recover in the Bermuda Action, or the Trustee would file an amended complaint seeking that limited relief." All of the Trustee's documents, including the letter to the Court, indicated that the Joint Liquidators had declined this proposal.

     In fact, David Sheehan's January 21, 2014 letter—the source of this asserted proposal—stated that if the Joint Liquidators would agree to such a stipulation, the Trustee "would agree to adjourn to a mutually agreeable date the present deadline to respond to the Injunction Action." The letter then states, "In any event, we may amend the complaint to expressly request such relief." At no point did the Trustee indicate that the pending claims in the adversary proceeding would be

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

Geraldine E. Ponto, Esq.
April 3, 2014
Page 2

discontinued if the Joint Liquidators agreed to a more limited form of injunctive relief. For that reason, we believe that the Trustee's various submissions misstate the record, and we will so advise the Court if necessary. Moreover, largely for reasons identified in our prior opposition to the injunction application, we believe that the Trustee's complaint and injunction application, even as amended, are without legal support.

Nonetheless, as we have noted in the past, the Joint Liquidators—like the Trustee—are court-appointed officials charged with the proper liquidation of the estates that they administer. As such, they agree with David's suggestion that steps to "conserve the fees and expense of further litigation" in the injunction action are sensible. To that end, the Joint Liquidators propose the following terms upon which this adversary proceeding could be resolved:

1. In consideration for the Trustee's dismissal without prejudice of the complaint and accompanying injunction application in Adversary Proceeding No. 12-1920, the Joint Liquidators undertake that they will not use the net proceeds from the Bermuda Action, whether such proceeds result from settlements with any of the Defendants therein or from a final adjudication by the Bermuda Court (the "Bermuda Action Proceeds"), to make any distributions from the liquidation estates to investors in the Kingate Funds.[1]

2. Nothing herein shall prevent the Joint Liquidators from using Bermuda Action Proceeds to pay costs and expenses of the Kingate Funds' liquidations incurred at any time, including, without limitation, reasonable remuneration, fees, and expenses of the Joint Liquidators and their counsel, advisors, experts, and other agents.

3. This Agreement shall terminate upon the earliest of (a) resolution of all claims against the Kingate Funds raised in the Trustee's Avoidance Action by a final and nonappealable order by a court of competent jurisdiction, (b) the execution of a Settlement Agreement between the Trustee and the Joint Liquidators that indicates this Agreement has been terminated, and (c) the date that is thirty (30) calendar days after the Joint Liquidators deliver to the Trustee written notice of their intention to terminate this Agreement.

We believe these proposed terms would resolve the Trustee's concerns regarding distribution of the Bermuda Action Proceeds. We are available to discuss these terms with you and your colleagues, which we believe would be most productive prior to the current deadline to respond to your motion for leave to file the amended complaint.

Finally, the Joint Liquidators reserve all rights, and do not, as noted above, concede that the claims in either the Trustee's pending or proposed amended complaints are valid. Please also note that these terms are being provided as part of confidential settlement discussions, and should not be

---

[1] For the avoidance of doubt, the word "distribution" shall have the meaning in section 216 of The Insolvency Act, 2003 of the British Virgin Islands.

Geraldine E. Ponto, Esq.
April 3, 2014
Page 3


shared with any other party. We feel compelled to include this reminder given the Trustee's recent filing of the Amended Statement of Claim in the Bermuda Action, which statement was provided by counsel for the Joint Liquidators on a confidential basis in the context of settlement discussions. Notwithstanding this limitation, the Joint Liquidators reserve the right to advise the Court of this proposal in the event of further proceedings in this action.

Sincerely,

Robert Loigman

Robert S. Loigman