# EXHIBIT G

| | |
|---|---|
| From: | Robert Loigman |
| Sent: | Thursday, May 08, 2014 11:11 AM |
| To: | Burke, John |
| Cc: | Sheehan, David J.; Ponto, Geraldine; Zeballos, Gonzalo S.; Gruppuso, Anthony M; Susheel Kirpalani; Daniel Holzman; Xochitl Strohbehn |
| Subject: | RE: Picard v. Kingate Global Fund, Ltd., at el., Adv. Pro. No. 12-1920 (SMB) |

John: I write regarding your letter of yesterday. In your letter, you correctly indicate that our latest version of the proposed stipulation to resolve the Injunction Action maintains the Joint Liquidators' rights to use proceeds from the Bermuda Action to (a) pay the costs of the Bermuda Action itself, and (b) pay the ongoing costs and expenses of liquidation. Because the Joint Liquidators must be able to use the Kingate Funds' limited assets to manage the liquidations—including to pursue claims such as those in the Bermuda Action to maximize the value of the estates for the benefit of all stakeholders—these provisions are of fundamental importance to the Joint Liquidators.

The stipulation we provided includes a general agreement by the Joint Liquidators not to distribute the Bermuda Action Proceeds. Coupled with that restriction on distribution, we included two points that we had thought would be non-controversial. First, it makes sense that only the net proceeds of the Bermuda Action would be subject to the stipulation. Otherwise, the *more* the Joint Liquidators are required to spend to pursue the Bermuda Action, the *less* they have available for liquidation purposes even in the event they win the action. (Moreover, our version of the stipulation expressly provides that any awarded costs actually received by the Kingate Funds *will be included* in the Bermuda Action Proceeds.) Second, as you note, the Joint Liquidators are presently funding ongoing liquidation expenses out of the Kingate Funds' accounts, which expenses are subject to review by the BVI Court (and, with respect to the Bermuda Action, the Bermuda Court, as well). To maintain the status quo—a goal cited in your letter—the Joint Liquidators must have use of the Kingate Funds' assets, including any Bermuda Action Proceeds, to pay such expenses. In all events, if the Bermuda Action is successful, funds required to conduct the liquidation would hopefully be but a small fraction of the Bermuda Action Proceeds.

In the latest draft of the stipulation, we incorporated many of the changes proposed by the Trustee. We included the two points discussed here only because they are essential to the Joint Liquidators. Please let us know whether the Trustee is willing to negotiate a stipulation that, while setting forth a restriction on distribution of the Bermuda Action Proceeds (as requested by the Trustee), incorporates these important and limited provisions.

Regards,
Bob


**Robert S. Loigman** ▫ Partner
**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct: (212) 849-7444
Main Phone: (212) 849-7000
Main Fax: (212) 849-7100
E-mail: robertloigman@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Burke, John [mailto:JBurke@bakerlaw.com]
**Sent:** Wednesday, May 07, 2014 2:49 PM
**To:** Robert Loigman
**Cc:** Sheehan, David J.; Ponto, Geraldine; Zeballos, Gonzalo S.; Gruppuso, Anthony M; Susheel Kirpalani; Daniel Holzman; Xochitl Strohbehn
**Subject:** RE: Picard v. Kingate Global Fund, Ltd., at el., Adv. Pro. No. 12-1920 (SMB)

Bob:

Please see the attached correspondence in response to your letter of May 6.

Sincerely,

John
**John Burke | BakerHostetler**
Washington Square | 1050 Connecticut Avenue, N.W., Suite 1100 | Washington, D.C. 20036-5304
T 202.861.1625 | F 202.861.1783
jburke@bakerlaw.com


**From:** Robert Loigman [mailto:robertloigman@quinnemanuel.com]
**Sent:** Tuesday, May 06, 2014 9:48 AM
**To:** Burke, John
**Cc:** Sheehan, David J.; Ponto, Geraldine; Zeballos, Gonzalo S.; Gruppuso, Anthony M; Susheel Kirpalani; Daniel Holzman; Xochitl Strohbehn
**Subject:** Picard v. Kingate Global Fund, Ltd., at el., Adv. Pro. No. 12-1920 (SMB)

John:  Please see the attached letter and stipulation, which follows on your letter of April 29.

Regards,
Bob


**Robert S. Loigman** ▫ **Partner**
**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct: (212) 849-7444
Main Phone: (212) 849-7000
Main Fax:  (212) 849-7100
E-mail:  robertloigman@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.