QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani
Robert S. Loigman
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Telecopier:  (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global*
*Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>PLAINTIFF-APPLICANT,<br><br>V.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>DEFENDANT. | NO. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(SUBSTANTIVELY CONSOLIDATED) |
| IN RE:<br>BERNARD L. MADOFF,<br>DEBTOR. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>PLAINTIFF<br><br>V.<br><br>KINGATE GLOBAL FUND, LTD., by its Liquidators, and KINGATE EURO FUND, LTD., by its Liquidators.<br><br>DEFENDANTS. | Adv. Pro. No. 12-01920 (SMB) |

**MEMORANDUM OF KINGATE GLOBAL FUND, LTD. AND KINGATE**
**EURO FUND, LTD. IN SUPPORT OF THEIR MOTION**
**TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND ...............................................................................................................2

ARGUMENT ....................................................................................................................3

CONCLUSION...................................................................................................................6

## EXHIBITS

**A**:  Proposed Order

**B**:  Memorandum of Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. in Opposition to Trustee's Motion for a Preliminary Injunction

# TABLE OF AUTHORITIES

**Page**

## Cases

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)...........................................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................3

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)...............................................................................................4

*Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*,
    527 U.S. 308 (1999)...............................................................................................3

*Roach v. Morse*,
    440 F.3d 53 (2d Cir. 2006)....................................................................................4

*United States v. Broadcast Music, Inc.*,
    275 F.3d 168 (2d Cir. 2001)..................................................................................4

## Statutes

Bankr. Code § 105(a)....................................................................................................5

Bankr. Code § 502(d)....................................................................................................5

Bankr. Rule 7012 ..........................................................................................................3

Fed. R. Civ. P. 12(b)(6).................................................................................................3

Fed. R. Civ. P. 12(d) .....................................................................................................6

Fed. R. Civ. P. 65..........................................................................................................4

Defendants Kingate Global Fund Ltd. ("Kingate Global") and Kingate Euro Fund Ltd.

("Kingate Euro" and, together with Kingate Global, the "Kingate Funds") respectfully submit

this memorandum in support of their motion to dismiss the Trustee's Amended Complaint.

## PRELIMINARY STATEMENT

As set forth in the Kingate Funds' opposition to the Trustee's motion for a preliminary

injunction, filed contemporaneously herewith, the relief sought in this action is both

extraordinary and unwarranted.  The Trustee is seeking to restrain the Joint Liquidators of the

Kingate Funds—who were appointed by, and act subject to the supervision of, the BVI and

Bermuda courts—from using assets in the possession of the Kingate Funds' estates (or, more

accurately, assets that may one day be in the possession of the Kingate Funds' estates) for the

purposes of managing the liquidation of those estates.  The Trustee asserts that he has a right to

so interfere in administration of the Kingate Funds' estates notwithstanding the facts that (a) the

Trustee has not obtained any judgment against the Kingate Funds, (b) the property at issue is *not*

property of the BLMIS estate, and (c) there is no basis for suggesting that the Joint Liquidators

would distribute the Kingate Funds' assets to the detriment of the BLMIS estate.

The Kingate Funds suffered massive losses—totaling $800 million measured on the net

investment basis—as the result of Bernard Madoff's fraud.  Immediately following the collapse

of BLMIS, the Kingate Funds were both made subject to formal liquation proceedings in the

British Virgin Islands.  Notwithstanding the Kingate Funds' uncontested losses, the Trustee has

initiated an action against the Kingate Funds and various third-parties seeking return of the

Kingate Funds' withdrawals of invested *principal* during the years they were BLMIS investors

(the "Avoidance Action").

In this adversary proceeding, the Trustee seeks to enjoin the Joint Liquidators of the

Kingate Funds from distributing any proceeds they may obtain as the result of the action they

1

filed against the Kingate Funds' managers and related parties (the "Bermuda Defendants") in the Supreme Court of Bermuda (the "Bermuda Action") until this Court adjudicates the Trustee's claims against the Kingate Funds in the Avoidance Action. While this action was filed as a separate adversary proceeding, the relief the Trustee seeks is entirely tied to, and could have been requested in, the Avoidance Action itself. The Amended Complaint may seek to "preliminarily and permanently" enjoin the Joint Liquidators from distributing assets from the Kingate Funds' estates, but the relief specified in the Amended Complaint's prayer for relief is expressly limited in duration "until this Court determines" the claims against the Kingate Funds in the Avoidance Action.

In substance, accordingly, this is an action for a preliminary injunction in the Avoidance Action. For the reasons set forth in the Joint Liquidators' opposition to the preliminary injunction, such relief should be denied. And, for the very same reasons, the Amended Complaint—which seeks no further or different relief—should be dismissed.

## BACKGROUND

The relevant background is set forth in complete detail on pages 4 through 10 of the Kingate Funds' opposition to the Trustee's motion for a preliminary injunction (the "Injunction Opposition"). Rather than burden the Court with an additional recitation of the facts, the Injunction Opposition is appended as an exhibit hereto. The Injunction Opposition, together with all supporting papers, is being filed contemporaneously with the Court, as well.

2

## ARGUMENT[1]

For the reasons set forth in the Injunction Opposition, this Court should deny the

Trustee's motion for a preliminary injunction.  As set forth in that opposition, among other

reasons why injunctive relief is inappropriate:

- The Trustee cannot establish any right to interfere with the Joint Liquidators' use of assets in the possession of the Kingate Funds' estates because those assets are *not* property of the BLMIS estate.

- The Trustee cannot establish any risk of harm from denial of injunctive relief because (a) the Joint Liquidators already have offered to stipulate that they will *not* distribute Bermuda Action proceeds to other claimants in the liquidation of the Kingate Funds' estates; and (b) *if* the Joint Liquidators recover and collect from the Bermuda Defendants, *if* the Trustee succeeds in his Avoidance Action against the Kingate Funds, and *if* the Joint Liquidators threaten to distribute proceeds of the Bermuda Action to other claimants to the exclusion of the Trustee (which they would not do while the Avoidance Action is pending), the Trustee is still fully protected because the Kingate Funds' largest assets—their $800 million net investment loss claims against the BLMIS estate—are under the control of this Court.

- The Joint Liquidators' use of the Kingate Funds' assets in the administration of the funds' liquidation will not affect or impair the Trustee's Avoidance Action or this Court's exclusive jurisdiction over the BLMIS liquidation.

- The award of a pre-judgment freezing order preventing the Joint Liquidators from distributing assets in the Kingate Funds' estates would violate the Supreme Court's prohibition on such relief in *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999).

These same points mandate dismissal of the amended complaint.  The arguments are set

forth in full in the Injunction Opposition, and the Joint Liquidators therefore respectfully refer

the Court to that opposition (attached as Exhibit B hereto).

---

[1]   To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), applicable herein through Bankruptcy Rule 7012, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As such, a complaint must plead "factual allegations sufficient 'to raise a right to relief above the speculative level,'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555), and must set forth more than mere "cursory allegations." *Twombly*, 550 U.S. at 555.

In addition to the bases for dismissing the amended complaint noted above, the Injunction

Opposition explains (at pages 14 to 17) that the action is not yet ripe for adjudication. The

Kingate Funds do not yet have any proceeds from the Bermuda Action, the recovery and

collection of proceeds are not imminent, and the Trustee is already fully protected if and when

the Joint Liquidators recover from the Bermuda Defendants. As a result, this action is not ripe

for adjudication, further warranting dismissal of the amended complaint. *See, e.g., United States*

*v. Broadcast Music, Inc.*, 275 F.3d 168, 178 (2d Cir. 2001) ("The ripeness doctrine 'cautions

courts against adjudicating contingent future events that may not occur as anticipated, or indeed

may not occur at all.'")

Moreover, as set forth in the Injunction Opposition (at pages 24 to 27), the amended

complaint does not allege that the Trustee has fulfilled the requirements for preliminary

injunctive relief under Federal Rule of Civil Procedure 65. The same holds true with respect to

the requirements applicable to permanent injunctions (to the extent relevant here, given the

preliminary nature of the relief sought). The complaint does not adequately allege irreparable

harm (*see* Injunction Opposition at pages 24 to 25). Nor does the complaint allege that

"remedies available at law, such as monetary damages, are inadequate to compensate" the

Trustee for whatever injury he may suffer. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S.

388, 391 (2006) (setting forth the requirements for a permanent injunction, including irreparable

harm and absence of an adequate remedy at law); *see also Roach v. Morse*, 440 F.3d 53, 56 (2d

Cir. 2006) ("To obtain a permanent injunction, a plaintiff must succeed on the merits and show

the absence of an adequate remedy at law and irreparable harm if the relief is not granted.")

(quotations and citations omitted). Indeed, as explained in the Injunction Opposition, the Trustee

faces no injury in the absence of injunctive relief, and, even if he did, § 502(d) of the Bankruptcy

Code provides him with a complete remedy at law, given that the Kingate Funds' most

significant assets are their claims against the BLMIS estate.[2]

---

[2]   The Trustee does not allege the traditional requirements for injunctive relief in the Amended
Complaint because he asserts that relief is permitted under § 105(a) of the Bankruptcy Code.  As
explained in the Injunction Opposition, § 105(a) confers power on the Bankruptcy Court only to carry out
the provisions of the Code.  Because this action does not implicate a provision in the Bankruptcy Code,
the Trustee is required to satisfy generally applicable standards for injunctive relief.  *See* Injunction
Opposition at pages 17-19.

## CONCLUSION

For the reasons set forth above, and more completely in the Injunction

Opposition, the Joint Liquidators respectfully request that the Court dismiss the amended

complaint and grant such other further relief as this Court deems appropriate.[3]

Dated: New York, New York
       June 9, 2014

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

/s/ Robert S. Loigman
Susheel Kirpalani
Robert S. Loigman

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone No.: (212) 849-7000

*Counsel to Joint Liquidators of Kingate
Global Fund Ltd. and Kingate Euro Fund Ltd.*

---

[3] In addressing this motion to dismiss, there is no need for the Court to consider material outside of the Trustee's Amended Complaint, as the allegations of the complaint fail to state any grounds for relief. To the extent the Court wishes to consider the parties' additional submissions made in connection with the motion for a preliminary injunction, the Joints Liquidators respectfully request that this motion be treated as one for summary judgment in accordance with Federal Rule of Civil Procedure Rule 12(d).