JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
 For Dispute Resolution
CHRISTOPHER H. LAROSA
Senior Associate General Counsel -Litigation
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C.  20005
Telephone:  (202) 371-8300
E-mail: jwang@sipc.org
    kbell@sipc.org
    clarosa@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**REPLY MEMORANDUM OF THE SECURITIES INVESTOR PROTECTION
CORPORATION IN SUPPORT OF TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S
DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WHO INVESTED IN THE
DAPREX, FELSEN, STERLING, OR ORTHOPAEDIC ERISA PLANS**

The Securities Investor Protection Corporation ("SIPC") submits this reply in support of the motion ("Motion") of Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, to affirm the Trustee's determinations denying the claims of claimants who invested in the Daprex, Felsen, Sterling, or Orthopaedic ERISA Plans.

## **BACKGROUND**

Through the Motion, the Trustee seeks entry of an order upholding his denial of 308 claims for "customer" relief under SIPA. Each of the claimants is a beneficiary of, and participant in, one of four employee benefit plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* ). Of the claimants, only two ("Claimants"), both of whom were beneficiaries of the Daprex Profit Sharing & 401k Plan ("Daprex Plan" or "Plan") oppose the Trustee's Motion.

Claimants have alleged no relationship with BLMIS independent of the Daprex Plan. While the Plan completed account agreements and opened accounts with BLMIS, and made deposits into, and withdrawals from, those accounts, Claimants did not. (*See* ECF 6492 ¶¶ 14-29, Ex. 4, 8, 9, 12, 13, 16, 17; ECF 6491 ¶¶ 10-12, 14, 15, Ex. 1-6.) On the contrary, the books and records of BLMIS do not reflect that Claimants were ever BLMIS account holders or that they ever entrusted cash or securities to BLMIS. (*See* ECF 6492 ¶¶ 13, 15, 32.) Instead, Claimants' claims are entirely derived from their status as beneficiaries and participants in the Daprex Plan.

2

**ARGUMENT**

As the Second Circuit has stated, "the critical aspect of the 'customer' definition [in SIPA] is the entrustment of cash or securities to the broker-dealer for the purposes of trading securities." *In re Bernard L. Madoff Inv. Secs. LLC*, 654 F.3d 229, 236 (2d Cir. 2011), *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712 (2012), and *cert. den.*, __ U.S. __, 133 S.Ct. 24 (2012); (*In re New Times Secs. Servs., Inc.)*, 463 F.3d 125, 128 (2d Cir. 2006); *Sec. Inv. Prot. Corp. v. Jacqueline Green Rollover Account*, 2012 WL 3042986, at * 4 (S.D.N.Y. July 25, 2012). An investor cannot legally entrust to a broker-dealer cash or securities that the investor does not own and in which it has no other cognizable property right, however. Indeed, Judge Lifland, among others, has recognized legal ownership of cash or securities held, or purportedly held, by a broker-dealer as a "foundational element" of "customer" status under SIPA; an indispensable prerequisite which a claimant must satisfy in order to have a colorable "customer" claim under SIPA. *See Jacqueline Green*, 2012 WL 3042986 at * 5; *In re Bernard L. Madoff Inv. Secs. LLC*, 454 B.R. 285, 295, 299 (Bankr. S.D.N.Y. 2011), *aff'd*, *Aozora Bank Ltd. v. Securities Investor Protect. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd*, *In re Bernard L. Madoff Inv. Secs. LLC*, 708 F.3d 422 (2d Cir. 2013). *See also SIPC v. Morgan, Kennedy & Co.*, 533 F.2d 1314, 1318 (2d Cir.), *cert den. sub nom.*, *Trustees of the Reading Bodyworks v. SIPC*, 426 U.S. 936 (1976) .

In *Jacqueline Green*, the United States District Court for the Southern District of New York ("District Court") applied these principles to the beneficiaries of several ERISA-covered employee benefit plans. *See Jacqueline Green*, 2012 WL 3042986, at ** 1-3. The Court held that, because the plans, not the participants, owned the assets entrusted to BLMIS, the participants did not qualify for "customer" status under SIPA. *Id.*, at **4, 5. As the District Court put the matter, "[o]ne cannot deposit cash with the debtor if this cash belongs to another."

3

*Id.* at * 5.  The District Court considered and rejected several arguments to the effect that various provisions of ERISA and the accompanying regulations – including the "plan assets" regulation (29 C.F.R. § 2510.3-101) and ERISA's preemption provision (29 U.S.C. § 1144) - compelled the contrary conclusion, but left to this BankruptcyCourt resolution of "factual or legal arguments unrelated to issues arising under ERISA…" *Id.* at ** 3, 5-11.

In their opposition to the Trustee's Motion, Claimants largely rehash arguments considered and rejected by the District Court in *Jacqueline Green*; *e.g.*, that they need not have had accounts at BLMIS in order to qualify as "customers" and that they had a sufficiently robust relationship with BLMIS to so qualify.  *See Jacqueline Green*, 2012 WL 3042986, at * 12 ("Without an account in his or her name with BLMIS or title to any assets with BLMIS, a claimant cannot achieve customer status merely by virtue of having a fiduciary relationship with the debtor").  For the reasons discussed at length in the Trustee's memorandum, Claimants are barred from re-litigating those issues by the doctrines of res judicata, collateral estoppel, and law of the case.

Claimants also assert that a ruling denying them "customer" status somehow would violate ERISA's anti-alienation provision, which provides that benefits under an ERISA-covered plan "may not be assigned or alienated."  29 U.S.C. § 1056(d)(1).  Claimants do not clearly specify the mechanism of this supposed violation, except to state that "the Trustee has violated ERISA by charging the Customers with withdrawals taken by other ERISA plan beneficiaries." (*See* ECF 6871 at 11.)

Of course, the Trustee has done nothing of the kind.  Congress enacted ERISA's anti-alienation provision in order to place an ERISA-plan beneficiary's plan benefits beyond the reach of most creditors, *inter alia*.  *See*, *e.g.*, *Guidry v. Sheet Metal Workers Nat'l Pension Fund*,

4

493 U.S. 365, 376 (1990). The provision does not give an ERISA-covered plan an enhanced claim in a third-party bankruptcy, including a SIPA liquidation, and certainly does not empower a plan beneficiary to recover in such a proceeding independently of the plan. Claimants' invocation of ERISA's anti-alienation provision thus represents a complete *non sequitur*. Claimants are not SIPA "customers" for the reason discussed in detail in *Jacqueline Green*: they had no cognizable property interest in any of the assets entrusted by the Daprex Plan to BLMIS.

## CONCLUSION

For the reasons stated, the Court should grant the Trustee's Motion.

Date: June 17, 2014
      Washington, D.C.

                              Respectfully submitted,


                              JOSEPHINE WANG
                              General Counsel

                              KEVIN H. BELL
                              Senior Associate General Counsel
                               For Dispute Resolution


                              /s/ Christopher H. LaRosa
                              CHRISTOPHER H. LAROSA
                              Senior Associate General Counsel – Litigation

                              SECURITIES INVESTOR PROTECTION
                               CORPORATION
                              805 15th Street, N.W., Suite 800
                              Washington, D.C. 20005
                              Telephone: (202) 371-8300
                              E-mail: jwang@sipc.org
                                      kbell@sipc.org
                                      clarosa@sipc.org