Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

Hearing Date:   July 17 2014
Hearing Time:   10:00 AM (EST)
Objection Deadline:  May 30, 2013

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S REPLY MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WHO INVESTED IN THE DAPREX, FELSEN, STERLING, OR ORTHOPAEDIC ERISA PLANS**

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................................. 1

    A.    The Objectors' Arguments Involving ERISA Are Precluded and Their Avoidance Arguments Are Irrelevant .................................................................... 2

    B.    The Objectors Have Not Established They Are Otherwise "Customers" Under SIPA ............................................................................................................ 4

CONCLUSION .............................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Mukasey*,
    529 F.3d 478 (2d Cir. 2008)..............................................................................................3

*In re Bernard L. Madoff Inv. Sec. LLC*,
    708 F.3d 422 (2d Cir. 2013)...........................................................................................4, 6

*In re Chateaugay Corp.*,
    136 B.R. 79 (Bankr. S.D.N.Y. 1992) *aff'd*, 10 F.3d 944 (2d Cir. 1993) .................................4

*Evercrete Corp. v. H-Cap Ltd.*,
    429 F. Supp. 2d 612 (S.D.N.Y. 2006)..................................................................................3

*Gelb v. Royal Globe Ins. Co.*,
    798 F.2d 38 (2d Cir. 1986)....................................................................................................3

*In re Klein, Maus & Shire, Inc.*,
    301 B.R. 408 (Bankr. S.D.N.Y. 2003) ..................................................................................4

*Milgram v. Orthopedic Assoc. Defined Contribution Pension Plan*,
    666 F.3d 68 (2d Cir. 2011)..............................................................................................4, 6

*Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*
    277 B.R. 520 (Bankr. S.D.N.Y. 2002)...................................................................................4

*Monahan v. New York City Dep't of Corrections*,
    214 F.3d 275 (2d Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000)..........................................2

*In re PCH Assoc.*,
    949 F.2d 585 (2d Cir. 1991).................................................................................................4

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    454 B.R. 285 (Bankr. S.D.N.Y. 2011), *aff'd*, 480 B.R. 117 (S.D.N.Y. 2012),
    *aff'd*, 708 F.3d 422 (2d Cir. 2013) .......................................................................................4

*Sec. Investor Prot. Corp. v. Jacqueline Green Rollover Account*,
    12 Civ. 1139 (DLC), 2012 WL 3042986 (S.D.N.Y. July 25, 2012)............................... *passim*

*Securities Investor Protection Corporation v. Morgan, Kennedy & Co.*,
    533 F.2d 1314 (2d Cir. 1976)................................................................................................7

*Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*,
    463 F.3d 125 (2d Cir. 2006).................................................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Statutes**

15 U.S.C. § 78aaa *et seq.* ...........................................................................................................1

15 U.S.C. § 78fff-2(b) ..................................................................................................................4

15 U.S.C. § 78fff-2(c)(1) .............................................................................................................4

15 U.S.C. § 78fff-3(a)(5) .............................................................................................................6

15 U.S.C. § 78*lll*(2) ..................................................................................................................5, 6

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ................... *passim*

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"),[1] and for the estate of Bernard L. Madoff ("Madoff") (collectively, the "Debtor"), respectfully submits this reply memorandum of law in further support of Trustee's Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Who Invested In The Daprex, Felsen, Sterling, Or Orthopaedic ERISA Plans (the "Motion," ECF No. 6489), to affirm the denial of the claims of certain claimants who did not have accounts with BLMIS but instead invested in benefit plans which had accounts with BLMIS and which were regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## ARGUMENT

Of the hundreds of claimants implicated by the Motion, only Ms. Cavanaugh and Ms. Hallick (collectively, "Objectors") oppose it. They object principally on the basis of generalized ERISA arguments and by arguing that they had sufficient contacts with BLMIS to be treated as customers of BLMIS in their own right. But they are incorrect on the law and provide no persuasive facts in support of their customer status. Their ERISA arguments have already been rejected by prior decisions in this proceeding. And their contacts with BLMIS were on account of their roles as the representatives or trustees of the accountholder, Daprex Profit Sharing & 401k Plan (the "Daprex Plan"). Nothing that they have put before the Court is sufficient to turn them into "customers" within the meaning of SIPA.

---

[1] The Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* For convenience, subsequent references to sections of the act shall be denoted as "SIPA, § __."

A.   **The Objectors' Arguments Involving ERISA Are Precluded and Their Avoidance Arguments Are Irrelevant**

The Objectors argue that their participation in an ERISA plan entitles them to customer status under SIPA. However, District Judge Cote's prior decision in this proceeding, *Sec. Investor Prot. Corp. v. Jacqueline Green Rollover Account*, 12 Civ. 1139 (DLC), 2012 WL 3042986 (S.D.N.Y. July 25, 2012) (the "ERISA Decision"), is binding precedent to the contrary. It is a final decision on the impact of ERISA on "customer" status under SIPA, holding that ERISA does not entitle BLMIS claimants who invested in ERISA-regulated plans to be treated as SIPA customers. Because the Objectors were provided with notice and an opportunity to be heard on the ERISA proceedings before Judge Cote, *see* Certificate of Service at ECF No. 4533,[2] but chose not to participate, they are bound by the ERISA Decision. *See* Motion For An Order Affirming Trustee's Determinations Denying Claims Over ERISA-Related Objections at 1 (the "ERISA Motion") (ECF No. 4521) ("Any claimant who believes that ERISA and related regulations confers 'customer' status under SIPA, but fails to file a timely Opposition Brief and ERISA Documentation, will be barred from being heard on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the ERISA CWAA Motion will be binding on them.").

The principles of res judicata, collateral estoppel, and law of the case also dictate that Objectors are bound by that result. Res judicata precludes parties or their privies from relitigating issues that were or could have been raised in a prior action. *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). Res judicata applies if the earlier decision was (1) a final judgment on the merits, (2) by a court

---

[2] Their attorneys, Becker & Poliakoff LLP, were served with the motion, and Objectors were also served directly at the address provided in their proof of claim. A partly unredacted copy of selected pages of the Certificate of Service, ECF No. 4533, is attached as Exhibit 1.

2

of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action. *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 620 (S.D.N.Y. 2006). The ERISA Decision is a final decision on whether ERISA entitles the Objectors, or any other claimants who invested in an ERISA-regulated plan, to be treated as SIPA customers despite not having individual BLMIS accounts, and it held that nothing in ERISA can turn such ERISA-plan investors into "customers" under SIPA. ERISA Decision at *3. Not only were the Objectors, as parties to this BLMIS SIPA proceeding, duly served and given a full and fair opportunity to litigate their arguments at that time, but Becker & Poliakoff LLP, their counsel, fully participated in the ERISA motion litigation on behalf of other clients. *See, e.g.*, Claimants' Opposition To Trustee's Motion For Court Approval Of His Denial Of Claims Of Investors Under ERISA-Protected Plans (ECF No. 4637). There was no appeal of the ERISA Decision after it was rendered. The Objectors have no further right to re-litigate arguments based upon ERISA.

The Objectors are similarly barred from re-litigating the ERISA customer issue by collateral estoppel. *See Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008). Collateral estoppel applies here because: (1) the ERISA customer issue in both contested matters are identical; (2) the ERISA customer issue in the prior contested matter was actually litigated and actually decided; (3) there was a full and fair opportunity for litigation of the ERISA customer issue in the prior contested matter; and (4) the ERISA customer issues previously litigated were necessary to support a valid and final judgment on the merits. *Id.* (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)).

The law of the case doctrine would also preclude re-litigation of the ERISA customer issue. The law of the case doctrine provides that "a decision on an issue of law made at one

3

stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re Chateaugay Corp.*, 136 B.R. 79, 83 (Bankr. S.D.N.Y. 1992) *aff'd*, 10 F.3d 944 (2d Cir. 1993) (quoting *In re PCH Assoc.*, 949 F.2d 585 (2d Cir. 1991)).

The Objectors attempt to advance additional ERISA arguments that go beyond the customer issue. In doing so, they confuse the issues involved in this proceeding with the issues that could be relevant to an avoidance action. *See, e.g.*, Objector's Br. at Section C. Simply put, these avoidance theories are irrelevant.[3] Under SIPA, only "customers" are entitled to share in the pool of customer property or to obtain SIPC advances. *See* SIPA at § 78fff-2(b); § 78fff-2(c)(1). If Objectors are not "customers," they do not have "customer" claims, and their objections to the Trustee's determination of their claims must be overruled.

**B.    The Objectors Have Not Established They Are Otherwise "Customers" Under SIPA**

Customer status under SIPA is narrowly construed and is the burden of the claimant to establish. As the Second Circuit has explained, "Judicial interpretations of 'customer' status support a narrow interpretation of the SIPA's provisions." *In re Bernard L. Madoff Inv. Sec. LLC*, 708 F.3d 422, 426 (2d Cir. 2013) (citing *Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*, 463 F.3d 125, 127 (2d Cir. 2006)). "The burden is on the claimant to establish he is a 'customer' entitled to SIPA protection, and such a showing 'is not easily met.'" *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 294 (Bankr. S.D.N.Y. 2011), *aff'd*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd*, 708 F.3d 422 (2d Cir. 2013), *citing In re Klein, Maus & Shire, Inc.*, 301 B.R. 408, 418 (Bankr. S.D.N.Y. 2003); *see also Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)* 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("it is well-

---

[3] None of the Objectors' ERISA arguments, as made, are even correct, for the reasons discussed in the ERISA Decision and set out by the Second Circuit in *Milgram v. Orthopedic Assoc. Defined Contribution Pension Plan*, 666 F.3d 68, 74 (2d Cir. 2011).

4

established in the Second Circuit that a claimant bears the burden of proving that he or she is a "customer" under SIPA"). Objectors have not satisfied that burden.

The definition of customer under SIPA, as applicable to this action, contains three main elements. It provides that to be a "customer" under SIPA, an investor must have "a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person," including "any person who has a claim against the debtor arising out of sales or conversions of such securities," and further including "any person who has deposited cash with the debtor for the purpose of purchasing securities." SIPA § 78*lll*(2). The Objectors fail to meet any of these three parts. The first two parts of the definition explicitly require that the claimant have a securities account with the debtor, which the Objectors admittedly lack. *See* ERISA Decision at *4 (explaining that in the first two parts of the definition the claim must relate to securities held by the broker or dealer "from or for the securities accounts of such person" or to the sales or conversions of "such securities.") (citing SIPA § 78*lll*(2)).

The third part of the "customer" definition requires the claimant to have "deposited cash with the debtor for the purpose of purchasing securities." SIPA § 78*lll*(2). Objectors try to fit within this prong of the customer definition by pointing to the funds deposited with BLMIS by the Daprex Plan. But neither Objector can show that she sent her own funds direct to BLMIS, nor outlined any circumstances where she should have expected an individual BLMIS account to be opened for her. In her Declaration, Ms. Cavanaugh properly refers to "contributions *into the Plan* that were made by me or for my benefit." (¶4 Declaration In Opposition To the Trustee's Motion To Affirm Denial of Claim Of Daprex Plan Beneficiaries ECF No. 6873 ("Cavanaugh Declaration")), emphasis added; *see also* counterpart affirmation in the Declaration In

5

Opposition To the Trustee's Motion To Affirm Denial of Claim Of Daprex Plan Beneficiaries ECF No. 6874 ("Hallick Declaration")) at ¶ 4). Ms. Cavanaugh also includes in her Declaration copies of "handwritten checks I signed made payable to Madoff" after she became a trustee of the Daprex Plan. Cavanaugh Declaration,¶ 5, Ex C. Each of those checks, however, shows on its face that it was written from either a Daprex account or a Daprex Plan account, not from an individual account of Ms. Cavanaugh. Ms. Cavanaugh does not claim otherwise.[4] Because "[o]ne cannot deposit cash with the debtor if this cash belongs to another" and "the assets of an ERISA-regulated plan are held and owned by the plan's trustees, not by its participants," ERISA Decision at *5, the plan, not the beneficiaries, owned the assets and was the customer of BLMIS. *See In re Bernard L. Madoff Inv. Sec. LLC*, 708 F.3d at 426-27 (holding that "the critical aspect" of the customer definition is "the entrustment of cash or securities to the broker-dealer for the purposes of trading securities," and finding that the entrustment requirement is not met when the money sent to BLMIS belonged to the account holder rather than the individual claimants); *see also Milgram v. Orthopedic Assoc. Defined Contribution Pension Plan*, 666 F.3d 68, 74 (2d Cir. 2011) (the plan trust, not its beneficiaries, owns the assets of a defined contribution ERISA plan).Thus, the account-holding Daprex Plan, not its beneficiaries, owned the assets and was the customer of BLMIS.

Moreover, the Objectors cannot avail themselves of a specific SIPA exception that gives customer status to certain non-accountholders whose securities are held at the broker for them by banks, brokers, or dealers (the same three types of entities that are otherwise ineligible for SIPC advances). *See* SIPA § 78fff–3(a)(5). The Daprex Plan was not a bank, broker, or dealer, making this provision inapplicable. The ERISA Decision held it improper to "read into SIPA an

---

[4] Of course, even sending personal funds to a broker would not suffice to qualify a person as a SIPA "customer" if it was sent for a purpose other than that of purchasing securities for the sender. *See* SIPA § 78*lll*(2).

6

exception that Congress did not provide." ERISA Decision at *15. It also considered the legislative history cited by Objectors in an effort to expand the exceptions, and found it wanting: "[T]he removal of an explicit account-holding requirement from an early draft of SIPA can be explained by Congress's desire to include an exception for customers of brokers, dealers, or banks." ERISA Decision at *14.

Finally, Objectors claim that they are "customers" under SIPA under the rationale of *Securities Investor Protection Corporation v. Morgan, Kennedy & Co.*, 533 F.2d 1314 (2d Cir. 1976) ("*Morgan Kennedy*"), Objector's Br. at Section B. The Objectors contend that, as Trustees of the Daprex Plan, they had dealings with BLMIS staff members on routine matters on behalf of the account-holding Daprex Plan. Caranaugh Declaration ¶¶ 5-6, Hallick Declaration ¶ 5. But these limited interactions do not make them individual "customers" of BLMIS under SIPA. In the *Morgan Kennedy* decision, the Second Circuit rejected the argument that trustees of a plan have customer status separate and apart from the plan. Instead, the plan itself was the sole customer, regardless of the fact that the trustees dealt with the debtor in their capacity as trustees: "Any suggestion that each of the three Trustees has a separate customer claim against the debtor is untenable. The Trustees together managed the account for the trust, which was the true customer of the broker-dealer . . . ." *Id.*, 533 F.2d at 1321. The Objectors cannot establish customer status based on their dealings with BLMIS when their direct contact with the debtor was in a representative capacity on behalf of the Daprex Plan.

## **CONCLUSION**

For the reasons set forth herein, the Trustee respectfully requests that the Court issue an order granting the Motion, denying the claims of the Claimants, overruling their objections, expunging the claims, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York　　　　　　　　Respectfully submitted,
June 17, 2014

　　　　　　　　　　　　　　　　　　　*/s/ David J. Sheehan*_____
　　　　　　　　　　　　　　　　　　　David J. Sheehan
　　　　　　　　　　　　　　　　　　　Email: dsheehan@bakerlaw.com
　　　　　　　　　　　　　　　　　　　Jorian L. Rose
　　　　　　　　　　　　　　　　　　　Email: jrose@bakerlaw.com
　　　　　　　　　　　　　　　　　　　Seanna R. Brown
　　　　　　　　　　　　　　　　　　　Email: sbrown@bakerlaw.com
　　　　　　　　　　　　　　　　　　　Bik Cheema
　　　　　　　　　　　　　　　　　　　Email: bcheema@bakerlaw.com
　　　　　　　　　　　　　　　　　　　**Baker & Hostetler LLP**
　　　　　　　　　　　　　　　　　　　45 Rockefeller Plaza
　　　　　　　　　　　　　　　　　　　New York, New York  10111
　　　　　　　　　　　　　　　　　　　Tel: (212) 589-4200
　　　　　　　　　　　　　　　　　　　Fax: (212) 589-4201

　　　　　　　　　　　　　　　　　　　Brian A. Bash
　　　　　　　　　　　　　　　　　　　Email: bbash@bakerlaw.com
　　　　　　　　　　　　　　　　　　　Wendy J. Gibson
　　　　　　　　　　　　　　　　　　　Email: wgibson@bakerlaw.com
　　　　　　　　　　　　　　　　　　　**Baker & Hostetler LLP**
　　　　　　　　　　　　　　　　　　　1900 E. 9th St Suite 3200
　　　　　　　　　　　　　　　　　　　Cleveland, Ohio  44114
　　　　　　　　　　　　　　　　　　　Tel: (216) 621-0200
　　　　　　　　　　　　　　　　　　　Fax: (216) 696-0740

　　　　　　　　　　　　　　　　　　　*Attorneys for Irving H. Picard, Trustee*
　　　　　　　　　　　　　　　　　　　*for the Substantively Consolidated SIPA*
　　　　　　　　　　　　　　　　　　　*Liquidation of Bernard L. Madoff Investment*
　　　　　　　　　　　　　　　　　　　*Securities LLC and Bernard L. Madoff*