BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Presentment Date: June 25, 2014
Time: 12:00 p.m.

Objections Due: June 25, 2014
Time: 11:00 a.m.

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

### TRUSTEE'S APPLICATION FOR AN ORDER APPROVING THE RETENTION OF COCHRAN ALLAN AS SPECIAL COUNSEL *NUNC PRO TUNC* AS OF JUNE 11, 2014

　　Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] and the estate of Bernard L. Madoff (together, the "Debtor"), by and through his undersigned counsel, for his Application (the "Application") for authority to retain special counsel as of June 11, 2014, respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this SIPA liquidation case and this Application are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2014.

## Background

3. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

4. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

5. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] *See* section 78*lll*(7)(B) of SIPA.

2

a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

b) appointed Baker & Hostetler LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

6. Issues have arisen in the State of New York that require the Trustee's participation and representation by counsel. On October 18, 2011, an Order was entered granting the Trustee's Motion to Retain Greenfield, Stein & Senior, LLP ("Greenfield") as Special Counsel *nunc pro tunc* to April 20, 2011 to assist the Trustee with litigating claims relating to trusts and estates [ECF No. 4457]. The Trustee continues to litigate certain claims in the State of New York which require specific knowledge of New York probate, trusts and estates law for which the Trustee believes the estate will best be served, and the Trustee will best be able to perform his duties, with the assistance of counsel specialized in probate, trusts and estates law. The Trustee has determined that it is in the best interest of the estate to retain Cochran Allan, which firm will replace Greenfield as special probate, trusts and estates counsel for the Trustee prospectively. There will not be any duplication of effort between Greenfield and Cochran Allan, as Greenfield has not rendered any services to the Trustee since the effective date of Cochran Allan's proposed retention. Greenfield has made no court appearances to date, and thus no withdrawal of counsel is necessary. Greenfield's next fee application will be the firm's final application for all outstanding fees and expenses owed to Greenfield.

**Relief Requested**

7. The Trustee has determined that it will be necessary to engage counsel to represent him in the State of New York. Such legal counsel will enable the Trustee to carry out his duties in this SIPA liquidation proceeding. The Trustee, therefore, proposes to retain and

3

employ the law firm of Cochran Allan as its special counsel with regard to the Litigation effective *nunc pro tunc* as of June 11, 2014.

8. The Trustee seeks to retain Cochran Allan as special counsel because of its knowledge and expertise in the probate, trusts, and estates laws of the State of New York.

9. The services of Cochran Allan are necessary and essential to enable the Trustee to execute faithfully his duties herein.

10. Cochran Allan has indicated a willingness to act on the Trustee's behalf to render the foregoing professional services.

11. The Trustee submits that Cochran Allan's provision of professional services to the Trustee is permissible under section 78eee(b)(3) of SIPA and is in the best interest of the Debtor's estate and customers and creditors.

12. To the best of the Trustee's knowledge, and except as disclosed in the declaration of disinterestedness of Natanya Holland Allan (the "Allan Declaration"), executed on June 16, 2014 and annexed hereto as Exhibit A, the partners of Cochran Allan are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate in respect of the matter for which Cochran Allan is to be retained. Cochran Allan's employment and retention is necessary and in the best interests of the Debtor's estate and its customers and creditors.

13. Cochran Allan will be compensated at agreed upon rates, listed below, which reflect a reduction of its normal rates by ten percent (10%). Applications for compensation to Cochran Allan will be filed with this Court pursuant to applicable statutes and rules and application orders of this Court. Cochran Allan's rate information is as follows:

| Attorney | Standard Rates | Discounted Rates |
|---|---|---|
| Natanya Holland Allan | $395.00 | $355.50 |

4

08-01789-cgm    Doc 7009    Filed 06/17/14    Entered 06/17/14 15:19:26    Main Document
Pg 5 of 6


| Deborah D. Cochran | $495.00 | $445.50 |
|---|---|---|
| Andrea Ricka | $295.00 | $265.50 |
| Gosia J. Bochenek | $375.00 | $337.50 |
| Steven A. Sigsbury | $295.00 | $265.50 |

14. SIPC has no objection to this Application and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain Cochran Allan as special counsel for the purposes identified herein.

**Notice**

15. Notice of this Application will be provided by U.S. Mail, postage prepaid or email to (i) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560) (collectively, the "Notice Parties"). The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of <u>Exhibit B</u> hereto, (a) granting this Application; (b) authorizing the Trustee to employ Cochran Allan as special counsel for the purposes described herein as of June 11, 2014; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: New York, New York
       June 17, 2014

Respectfully submitted,

*/s/ Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona

5

Email: ncremona@bakelraw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*