**KLEINBERG KAPLAN**

*Direct Dial: (212) 880-9827*
*E-Mail: mgold@kkwc.com*

June 17, 2014

**BY ECF**

Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: **SIPC v. Bernard L. Madoff Investment Securities LLC**
    **Case No.: 08-01789 (SMB)**

Honorable Sir:

We write to clarify that the objections of Lawrence Elins are heard in connection with the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between Accounts, scheduled to be heard at 10 am on June 19, 2014.

Elins timely filed objections to the Trustee's motion on May 16, 2014 [ECF No. 6707]. The Trustee's reply brief, dated June 6, 2014 [ECF No. 6926], puts in question whether Elins can be heard because it states, incorrectly, and with scant explanation, that the Elins objection raises questions "outside the scope of this motion." Trustee Reply Brief at 7. We write to clarify that the issues discussed in the Elins objection are squarely within the scope of this motion, and should be heard, because the sole question raised by the Elins objection is the legal standard for inter-account transfers, and the statements and arguments made by the Trustee and SIPC in connection with the motion clearly establish why the Elins claim is necessarily implicated in the Trustee's motion.

The Trustee's reply brief is filled with arguments that show that the Elins claim is integral to the inter-account issue. For example, the Trustee argues:

> Claimants argue ... that the inter-account transfers consisting of rollovers to IRA accounts could have been accomplished by a cash withdrawal and a subsequent re-deposit, *but those are not the facts presented here.*

Trustee Reply Brief at 25 (emphasis added). And yet these *are* the facts of the Elins claim. It is improper for the Trustee to state that a set of facts are not before the court and simultaneously seek to exclude a claimant with those facts from the discussion.

Kleinberg, Kaplan, Wolff & Cohen, P.C.   ·   551 Fifth Avenue, New York, NY 10176   ·   P: 212.986.6000   ·   www.kkwc.com

**KLEINBERG KAPLAN**

Hon. Stuart Bernstein
June 17, 2014
Page 2

Similarly, the Trustee concedes that where cash was actually withdrawn from Madoff Securities and then cash is later deposited in a different account, there has not been an inter-account transfer:

> Claimants ... point to *the fact that there would have been a different result if a claimant had withdrawn the funds from BLMIS and then re-deposited into the transferee account.*

Trustee Reply Brief at 10-11 (emphasis added). The Trustee should concede that this "different result" obtains for the Elins claim.

The Elins claim, claim no. 70206, concerns a Roth IRA account, account no. 1E0172, established, in 2006, into which Elins deposited $3,821,890. No withdrawals were ever made from the Roth IRA account. If the Trustee's Net Equity methodology is to be applied consistently, this would appear to be an easy case for allowance of a net equity claim of $3,821,890.

The Trustee Reply Brief notes, at 7, that Elins previously had a different account, a traditional IRA, account no. 1E0148, which was closed in early 2005, *approximately a year before the Roth IRA was opened.* The traditional IRA account was the subject of an avoidance action brought by the Trustee, based on his allegation that the cash out exceeded the cash in by approximately $6 million. All of the transfers attacked in this adversary proceeding were made outside of the two year reach-back period, and following Judge Rakoff's decision interpreting section 546(e), a judgment was entered dismissing the adversary proceeding in its entirety, which judgment was appealed but not stayed. This dismissed adversary proceeding is not an appropriate procedural vehicle for the resolution of Elins' request for allowance of claims. The adversary proceeding is simply separate from Elins' claim regarding the Roth IRA.

What the Trustee has not done, either in the adversary proceeding complaint or in his Reply Brief, is explain the supposed linkage between the traditional IRA and the Roth IRA. The deposit into the Roth IRA should not be considered an inter-account transfer, based on the Trustee's explanations of how that methodology works. But there is no basis for a hypothetical alternative theory under which two accounts that were separated in time by a year can be somehow deemed to be combined. The Trustee has been emphatic that his methodology does not consist of the combining of accounts, and that separate accounts are accounted for separately:

> Deposits and withdrawals that took place within a single account were only credited or debited from that account. Those transactions did not affect the net equity calculation for any other account; only in those instances where an account had an inter-account transfer was the net equity calculation impacted at all.

MGOLD\256736.2 - 06/17/14



Hon. Stuart Bernstein
June 17, 2014
Page 3

Trustee Reply Brief at 14. The Trustee should explain – at the same hearing in which he seeks approval of his methodology – how that methodology works in practice and how it should be applied to the Elins claim.

The Trustee's legal memoranda routinely argue that whatever issue is before the court was actually decided in some earlier proceeding. See, e.g., Trustee Reply Brief at 7-8 (referring to the Court of Appeals Net Equity decision, the District Court Antecedent Debt decision, and the "Fishman Hearing Transcript.") Elins submits that he should be allowed to participate in the hearing regarding inter-account transfers, because the Trustee will surely be pointing to this Court's decision at any subsequent hearing regarding the Elins claim.

All of the facts recited above are taken from the complaint filed by the Trustee. There are simply no relevant contested facts. No additional hearing is required for fact-finding. All that is required is the application of the methodology for which the Trustee seeks approval to these simple and uncontested facts.

Accordingly, Elins respectfully requests that the Elins objection be heard at the June 19 hearing, and that Elins be granted the relief sought in the Elins objection, to wit, that the Trustee's motion be denied, at least with respect to the Elins claim, and that the Elins claim be allowed, all as set forth in greater detail in the Elins objection.

Please have chambers contact me if you have any questions.

Very truly yours,

Matthew J. Gold

MJG:jc
Enclosure

cc:    David J. Sheehan, Esq.

MGOLD\256736.2 - 06/17/14