**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR SISKIND; LINDA SOHN; NEAL GOLDMAN; DOUGLAS ELLENOFF; ELAINE STEIN ROBERTS; NEUBERGER BERMAN LLC, as former custodian of an Individual Retirement Account for the benefit of ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; TRUST U/T/A 8/20/90; and EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90,<br><br>    Defendants. | Adv. Pro. No. 10-05259 (SMB) |

{10965678:1}

# STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL OF NEUBERGER BERMAN LLC WITHOUT PREJUDICE

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his special counsel, Windels Marx Lane & Mittendorf, LLP, and defendant Neuberger Berman LLC ("NB" or "Defendant"), by and through its counsel, Murphy & McGonigle, P.C. (collectively, the "Parties"), represent as follows:

WHEREAS, on December 6, 2010 (the "Commencement Date"), the Trustee filed a complaint against Defendant and other defendants, which was subsequently amended on December 10, 2010 and thereafter served.

WHEREAS, the Parties have met and conferred to negotiate a consensual dismissal of Defendant from this adversary proceeding (the "Proceeding").

WHEREFORE the Parties hereby stipulate and agree to the following:

1. In accordance with Federal Rule of Civil Procedure 41(a)(1) (as made applicable by Federal Rule of Bankruptcy Procedure 7041), the Parties hereby stipulate to a dismissal without prejudice of the Trustee's claims (the "Claims") against Defendant in the Proceeding.

2. As of the Commencement Date, and through the pendency of the Proceeding, (the "Forbearance Period"), the running of time under any applicable statute(s) of limitations respecting any of the Claims is tolled, and the Forbearance Period shall not be asserted or relied upon in any way by NB (i) in computing the running of time under any applicable statutes(s) of limitations, or (ii) by way of laches or any other time-based defenses (whether in law or equity), or (iii) otherwise, in defense of any Claims that may ultimately be asserted by the Trustee

against NB in the Proceeding, providing, however, that nothing herein shall preclude NB from asserting any statute of limitation(s) that expired, other than as set forth in this paragraph.

3.    Defendant agrees that in connection with this Proceeding, it shall reasonably cooperate with the Trustee with respect to any document-related requests and any witness testimony requests regarding issues relevant to this Proceeding.  Such reasonable cooperation may include but is not limited to: (i) in the event the Trustee elects to seek production of documents from Defendant – and provided the Trustee serves a subpoena to obtain such documents upon reasonable notice and also serves notice of the subpoena on Elaine Stein Roberts ("Mrs. Roberts") at or about the same time it is served on Defendant – it will not object to producing all non-privileged documents responsive to the requests substantially similar to the sample Requests for Production of Documents annexed as Exhibit A hereto, and (ii) in the event the Trustee elects to seek testimony from a representative of Defendant regarding issues relevant to this Proceeding – and provided the Trustee serves a subpoena to obtain such testimony upon reasonable notice and also serves the notice of the subpoena on Mrs. Roberts at or about the same time it is served on Defendant – it will make a representative available to testify at such times in New York City as and when may be reasonably requested by Trustee taking into account the schedule of Defendant's representative.  In this regard, Defendant further (a) appoints its attorney, Barry S. Gold, Esq., as agent to receive service of any notices and subpoenas from the Trustee, (b) with respect to such notices and subpoenas, waives the territorial limits on service contained in Fed. R. Civ. Proc. 45 and any applicable local rules, and (c) consents to personal jurisdiction in the United States Bankruptcy Court for the Southern District of New York for determining any disputes related to any such subpoena.  For the avoidance of doubt, nothing in this Paragraph (3) shall obligate NB to pay or otherwise

contribute funds to any party in connection with any such document production or testimony. In connection with this paragraph, the Trustee acknowledges that Defendant has certain privacy and confidentiality obligations to its clients given the nature of the industry in which it operates.

4. NB agrees that so long as the Proceeding is open and continuing, it shall not destroy, disable, erase, encrypt, alter, or otherwise make unavailable any account documentation with respect to Mrs. Roberts' IRA account at NB, including account opening documents, periodic account statements and client correspondence, and shall take reasonable efforts to preserve such data. NB also agrees that it shall not pack, compress, purge, or otherwise dispose of any such files or parts of files unless a true or correct copy of such files is made.

5. Except as set forth in Paragraph (2) above, the Parties reserve all rights, claims and defenses they may have, and entry into this Stipulation shall not impair or otherwise affect such rights, claims and defenses. Nothing contained in this Stipulation can or shall be construed as an adjudication on the merits of claims that the Parties may have against each other or any other party, or as an admission or acknowledgement of any claim or defense as against the other by either Party.

6. Upon this Stipulation being so ordered by the Court, the notice of appearance filed by counsel for NB in the Proceeding shall be deemed withdrawn.

7. Upon the dismissal of Defendant, the caption for the Proceeding is hereby amended to delete NB from such caption.

8. The provisions of this Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties in interest.

{10965678:1}    4

9. This Stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

Dated: New York, New York
   June 17, 2014

By: /s/ Kim M. Longo
Howard L. Simon (hsimon@windelsmarx.com)
Kim M. Longo (klongo@windelsmarx.com)
Yani Indrajana Ho (yho@windelsmarx.com)
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Dated: New York, New York
   June 13, 2014

By: /s/ Barry S. Gold
Barry S. Gold (Barry.Gold@mmlawus.com)
Murphy & McGonigle, P.C.
1185 Avenue of the Americas, 21st Fl.
New York, NY 10036
Telephone: (212) 880-3978
Facsimile: (212) 880-3998

*Attorneys for Defendant Neuberger Berman LLC*

SO ORDERED ON June 18th, 2014:

/s/ **STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

{10965678:1}   5

# EXHIBIT A

{10965678:1}

# REQUESTS FOR PRODUCTION OF DOCUMENTS

1. For the Applicable Period, all Documents and Communications Concerning the Account, including, but not limited to:

   a) monthly statements;

   b) present and historical account balance information;

   c) incoming and outgoing wire transfer records;

   d) copies of checks, both deposited and drawn;

   e) records reflecting cash activity;

   f) account opening documents and any credit file;

   g) administrative or custodial agreements between the holder of the Account and You;

   h) Communications Concerning the Account; and

   i) account closing documents.

2. For the Applicable Period, all Documents and Communications Concerning predecessor accounts to the Account and/or the nominee or beneficial owners of those accounts.

3. To the extent not provided pursuant to the foregoing requests, and for the Applicable Period, all Documents reflecting transfers and/or transactions between the Account, if more than one Account is at issue.

4. For the Applicable Period, all Documents, agreements and/or contracts Concerning the Account.

5. For the Applicable Period, all Documents reflecting or relating to any review or investigation performed by You pertaining to the Account.

{10965678:1}