# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 18, 2014

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ECF/ ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (SMB) (Substantively Consolidated)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*.

We write in response to a letter dated June 17, 2014 filed by Kleinberg Kaplan on behalf of Lawrence Elins (the "Elins Letter"). The Elins Letter purports to make additional arguments in opposition to the Trustee's Motion seeking approval of the application of the net investment method to inter-account transfers (the "Motion"), which Motion is scheduled to be heard tomorrow, June 19, 2014.

The Elins Letter is an improper sur-reply. The Local and Federal Rules of Civil Procedure do not provide an opportunity for sur-reply. Indeed, sur-replies are not permitted without prior court authorization. *See, e.g., Kapiti v. Kelly,* No. 07 Civ. 3782 (RMB) (KNF), 2008 WL 754686, at *1 n. 1 (S.D.N.Y. Mar. 12, 2008) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs."). In addition, the Scheduling Order entered in this matter (ECF No.

Judge Stuart M. Bernstein
June 18, 2014
Page 2

6049) established the parameters for the briefing of the inter-account transfer issue and does not permit a sur-reply.

Mr. Elins should therefore not be given the chance to make additional arguments on the eve of the hearing, an opportunity not available to other claimants and prohibited by the both the Local Rules and Scheduling Order entered by this Court. While the Trustee does not object to Mr. Elins participating in tomorrow's hearing, the Elins Letter is an impermissible sur-reply which the Trustee respectfully submits should be disregarded by the Court.

We are available to respond to any questions regarding the foregoing.

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan


cc:     Matthew J. Gold, Esq.

300326339.1