**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**ORDER GRANTING SUPPLEMENTAL AUTHORITY TO STIPULATE TO EXTENSIONS OF TIME TO RESPOND AND ADJOURN PRE-TRIAL CONFERENCES**

      WHEREAS, Irving H. Picard (the "Trustee"), as trustee in the above-captioned case (the "Case") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and as trustee for the substantively consolidated chapter 7 estate of Bernard L. Madoff, has commenced numerous adversary proceedings ("Adversary Proceedings") related to the above-captioned Case;

      WHEREAS, this Court previously entered an Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order (Dkt. No. 3141) (the "Case Management Order") that apply to certain of the Adversary Proceedings;

      WHEREAS, this Court previously entered an Order Regarding Stipulations Extending

Time to Respond and Adjourning Pre-Trial Conferences (Dkt. No. 4158) in the Case permitting parties to Adversary Proceedings (the "Parties") to stipulate to one or more extensions of the date (the "Response Date") prior to which a defendant in any Adversary Proceeding (a "Defendant") must respond to the Trustee's complaint (the "Complaint") without further Court order, provided that such extensions do not cumulatively exceed six months;

WHEREAS, this Court subsequently entered an Order Granting Supplemental Authority To Stipulate To Extensions Of Time To Respond And Adjourn Pre-Trial Conferences (ECF No. 4483) permitting Parties to stipulate to one or more extensions of the Response Date up to and including March 16, 2012;

WHEREAS, this Court subsequently entered an Order Granting Supplemental Authority To Stipulate To Extensions Of Time To Respond And Adjourn Pre-Trial Conferences (ECF No. 4662) permitting Parties to stipulate to one or more extensions of the Response Date up to and including September 14, 2012;

WHEREAS, this Court subsequently entered an Order Granting Supplemental Authority To Stipulate To Extensions Of Time To Respond And Adjourn Pre-Trial Conferences (ECF No. 4974) permitting Parties to stipulate to one or more extensions of the Response Date up to and including January 18, 2013;

WHEREAS, this Court subsequently entered an Order Granting Supplemental Authority To Stipulate To Extensions Of Time To Respond And Adjourn Pre-Trial Conferences (ECF No. 5158) permitting Parties to stipulate to one or more extensions of the Response Date up to and including July 19, 2013;

WHEREAS, this Court subsequently entered an Order Granting Supplemental Authority To Stipulate To Extensions Of Time To Respond And Adjourn Pre-Trial Conferences (ECF No. 5358) permitting Parties to stipulate to one or more extensions of the Response Date up to and including January 17, 2014;

WHEREAS, this Court subsequently entered an Order Granting Supplemental Authority To Stipulate To Extensions Of Time To Respond And Adjourn Pre-Trial Conferences (ECF No. 5600) permitting Parties to stipulate to one or more extensions of the Response Date up to and including July 18, 2014;

It is hereby

**ORDERED**, that Parties may, without further Court order and without regard to whether the Case Management Order governs the related Complaint, enter into a stipulation (an "Extension Stipulation") providing for one or more extensions of the Response Date, up to and including January 16, 2015; and it is further

**ORDERED**, that the Parties may stipulate to one or more adjournments of the date of the pre-trial conference in the respective Adversary Proceeding without further Court order and without regard to whether the Case Management Order governs the related Complaint (a "Pre-Trial Adjournment Stipulation"), provided, however, that the date selected by the Parties is acceptable to the Court and that a courtesy copy of the Pre-Trial Adjournment Stipulation is submitted to the Court's Chambers; and it is further

**ORDERED**, that any Extension Stipulation or Pre-Trial Adjournment Stipulation shall be filed on the related Adversary Proceeding docket via the Court's Electronic Case Filing ("ECF") system; and it is further

**ORDERED**, that any Extension Stipulation or Pre-Trial Adjournment Stipulation filed pursuant to this order (this "Order") shall be deemed properly served upon ECF filing and that no additional or further service of the Extension Stipulation or the Pre-Trial Adjournment Stipulation shall be required; and it is further

**ORDERED**, that entry of this Order is without prejudice or limitation to the right of any Defendant to request further extensions of time to respond to any Complaint and/or seek other relief from the Court; and it is further

**ORDERED**, that the entry of this Order is without prejudice or limitation to the right of the Trustee to object to any request made by any Defendant to extend such Defendant's time to respond to any Complaint and/or seek other relief from the Court; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       June 19th, 2014

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE