**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Kim M. Longo
Yani Indrajana Ho

*Special Counsel to Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br><br><br>SIPA LIQUIDATION<br><br><br>(Substantively Consolidated) |
| In re:<br><br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity | Adv. Pro. No. 10-05259 (SMB) |

{10967993:2}

| | |
|---|---|
| as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR SISKIND; LINDA SOHN; NEAL GOLDMAN; DOUGLAS ELLENOFF; ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; TRUST U/T/A 8/20/90; and EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90,<br><br>                    Defendants. | |

## ANSWER TO COUNTERCLAIM

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa, et seq., and the substantively consolidated estate of Bernard L. Madoff, by and through his undersigned counsel, for his answer to the Counterclaim asserted by Eunice Chervony Lehrer (the "Defendant") hereby responds as follows:

## COUNTERCLAIM

1. The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Counterclaim.

2. The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaim, except that the Trustee specifies that Defendant does not have an account with BLMIS and is not a "customer" of BLMIS within the meaning of SIPA.

{10967993:2}                                           2

## FIRST AFFIRMATIVE DEFENSE

3. As Defendant does not have an account with BLMIS and is not a "customer" of BLMIS within the meaning of SIPA, Defendant's Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

4. Defendant's Counterclaim is a reformulation of the customer claims filed by Defendant with respect to BLMIS Account Numbers 1L0013 and 1L0141, wherein she made claims for money balances purportedly owed to her as of December 11, 2008 in the total amount of $690,000 (the "Customer Claims").

5. Defendant's Counterclaim impermissibly seeks to circumvent the Order on Application for Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims, and Providing Other Relief entered by the Court on December 23, 2008 (the "Claims Procedures Order"). SIPC v. BLMIS, Adv. Pro. No. 08-0789, ECF No. 12. The Claims Procedures Order specifies procedures for adjudication of any disputes over claims.

6. The Trustee previously denied Defendant's Customer Claims for the reasons set forth in the FIRST AFFIRMATIVE DEFENSE above, in accordance with the procedures set forth in the Claims Procedures Order.

7. In accordance with the Claims Procedures Order, said claims are barred by virtue of Defendant's failure to file a timely, written opposition to the Trustee's determination.

## THIRD AFFIRMATIVE DEFENSE

8. Defendant's Counterclaim is barred to the extent she seeks to setoff any pre-petition claims asserted by the Defendant against the Trustee's avoidance claims.

## FOURTH AFFIRMATIVE DEFENSE

9. Defendant's Counterclaim is barred to the extent that it asserts a cause or causes of action relating to pre-petition claims against the estate of BLMIS or Bernard Madoff and thus impermissibly seeks to interfere with the orderly bankruptcy administration of the BLMIS estate.

## FIFTH AFFIRMATIVE DEFENSE

10. Unless and until Defendant returns to the Trustee the transfers that the Trustee seeks to avoid and recover in this adversary proceeding, Defendant's Counterclaim must be disallowed under section 502(d) of the Bankruptcy Code.

## SIXTH AFFIRMATIVE DEFENSE

11. Defendant's Counterclaim is barred by the doctrine of ripeness.

The Trustee reserves the right to amend this answer to assert additional affirmative defenses based on continuing discovery.

WHEREFORE, the Trustee demands judgment dismissing Defendant's counterclaim and awarding the Trustee the relief demanded in the Amended Complaint.

Dated: New York, New York  
June 23, 2014

By: /s/ Howard L. Simon  
Howard L. Simon (hsimon@windelsmarx.com)  
Kim M. Longo (klongo@windelsmarx.com)  
Yani Indrajana Ho (yho@windelsmarx.com)  
Windels Marx Lane & Mittendorf, LLP  
156 West 56th Street  
New York, New York 10019  
Telephone: (212) 237-1000  
Facsimile: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*