# **EXHIBIT 4**

# Baker Hostetler

Baker & Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

March 31, 2009

Mark A. Cymrot
direct dial: 202.861.1677
mcymrot@bakerlaw.com

**CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY**

**BY E-MAIL**

Richard Levin, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

  Re: *Settlement Discussions between Optimal Multiadvisors LLP and Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities, LLC*

Dear Rich:

  This letter will memorialize our meeting on March 24, 2009 at Baker & Hostetler's offices in New York where we discussed the potential settlement between your client, Optimal Multiadvisors LLP ("Multiadvisors"), and Irving H. Picard, Esq., Trustee for the SIPA liquidation of Bernard L. Madoff Investment Securities, LLC ("BLMIS"), which is pending in the Bankruptcy Court for the Southern District of New York (*Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789-BRL)("Liquidation").

  Pursuant to our conversation, we understand that Multiadvisors had two funds, both based in the Bahamas, invested with BLMIS: Optimal Strategic U.S. Equity Ltd. ("SUS"), which was fully invested with BLMIS, and Optimal Arbitrage ("Arbitrage") (collectively with Multiadvisors referred to as "Optimal"), which invested only a portion of its funds with BLMIS. The Trustee has a $150,000,000 avoidance claim against SUS and a $125,000,000 avoidance claim against Arbitrage, which received payment from BLMIS not only of principal but also of fictitious profits over the life of the fund that you valued at approximately $90,000,000.

Confidential pursuant to June 6, 2011 Litigation Protective Order OPT000007

Richard Levin, Esq.
March 31, 2009
Page 2

      During our meeting, you proposed a structure for settlement of the Trustee's claims along the following lines:

1. SUS and Arbitrage would pay the Trustee a total of $220 million – comprised of $120 million from SUS and $100 million from Arbitrage.

2. SUS and Arbitrage would waive objection and stipulate to the Court's jurisdiction.

3. Santander will not make any direct customer claim and would recommend that SUS and Arbitrage not encourage the investors to file claims.

4. The Trustee would allow SUS's customer claim of $1,462,000,000; and Arbitrage's customer claim of $10,000,000.

5. The Trustee would withdraw the Rule 2004 subpoena(s) issued to Optimal in connection with the Liquidation.

6. The Trustee would inform HSBC that it could release the funds' money.

7. The Settlement Agreement would include a "most-favored-nation" clause.

8. The Trustee would provide a "rough estimate" of the dividend he expects customers to be paid in the liquidation.

9. SUS and Arbitrage would "receive complete peace." (We assume by this that you want a form of release.)

      We further understand that this proposal is for discussion purposes only, and that you have no authority to settle at the present time but have discussed these terms with your client.

      Generally, we believe your proposal provides the basis for further discussions. As we told you, although we are willing to withdraw the subpoenas in connection with a settlement, we must complete our due diligence to ensure we fully understand the nature and extent of your clients' dealings with BLMIS and its principals. Any settlement would be contingent upon our favorable review of your responses to the due diligence questions which we will send to you shortly.

      With regard to your proposed settlement structure, your proposal to pay approximately 80 percent of the amount of the Trustee's asserted avoidance claims is a significant gesture, but falls short of the Trustee's desired goals for this matter. That having been said, we recognize the value to that a resolution of this matter has to both of our clients and would anticipate working toward agreement on a mutually acceptable

Confidential pursuant to June 6, 2011 Litigation Protective Order    OPT000008

Richard Levin, Esq.
March 31, 2009
Page 3

dollar figure. We believe the other terms of your proposal – with the possible exception of the most favored nation provision – can be worked out. As indicated during the meeting, a most favored nation provision raises a plethora of issues for the Trustee. We are open to further discussion on this point. Of course, any resolution would be subject to Court approval.

Once you have had an opportunity to review this letter, please contact me to discuss how best to proceed toward resolving these issues.

We look forward to hearing from you.

Sincerely,

Mark A. Cymrot

cc:   Ronald Rolfe, Esq.
      Tom Lucchesi, Esq.

Confidential pursuant to June 6, 2011 Litigation Protective Order        OPT000009