**<u>EXHIBIT 17</u>**

| | |
|---|---|
| **From:** | Richard Levin <RLevin@cravath.com> |
| **Sent:** | 5/8/2009 4:17:32 AM +00:00 |
| **To:** | "Hirschfield, Marc E." <BH/NEW YORK/RECIPIENTS/MHIRSCHFIELD> "Cymrot, Mark" <BH/WASHINGTON DC/RECIPIENTS/MCYMROT>; |
| **CC:** | Ronald Rolfe <RRolfe@cravath.com>; "Lucchesi, Thomas" <BH/US/BAKER & HOSTETLER RECIPIENTS/CLEVELAND/LUCCHESI> |
| **Subject:** | Re: Optimal Settlement Draft |
| **Attachments:** | NYCorp_3137863_10.DOC; 7 May to 4 May Comparison.pdf |

Marc and Tom:

Attached is the redraft, based on our meeting yesterday, along with a redline.  Based on our review of language that we jotted down and on further consultations with our clients, we have slightly revised some of the provisions that we discussed.

I have bracketed paragraph 13.  Although I know that the Trustee is concerned about the risk that he might have to return money, we believe that he would be well served by the opportunity to use the equal treatment provision to hold the line on future settlements, which will benefit both sides here.   In any event, we have some new ideas to break the logjam, which would benefit from a further conversation.  Marc, are you in the office tomorrow afternoon?  I'm traveling, but I may have some time to talk in the afternoon.  I think it would be useful to talk before our Monday meeting.

In addition, based on Tom's email of this afternoon, I have bracketed most of the amounts in the agreement.

Finally, we have not yet completed our review of the Assignment attachment.  We understand it is a standard form, but we need to make sure we understand it.  Please clarify whether this applies only if we receive SIPC advances and then only to the extent of the advances.

I will have separate emails to you on Tom's email and on the questions for Irving for Monday afternoon.

Best regards,
Rich


**"Hirschfield, Marc E."**
**<mhirschfield@bakerlaw.com>**

05/04/2009 07:28 PM

To "Richard Levin" <RLevin@cravath.com>, <RRolfe@cravath.com>
cc "Lucchesi, Thomas" <tlucchesi@bakerlaw.com>, "Cymrot, Mark" <MCymrot@bakerlaw.com>
Subject Optimal


Rich and Ron,

Attached is a revised draft of the proposed Optimal Settlement Agreement along with a blackline showing changes to the version you sent to us.  Please note that the draft is still being review internally and remains subject to further comments and changes. In addition, there are a few changes that our clients require relating to their corporate authority.

Confidential pursuant to June 6, 2011 Litigation Protective Order

OPT000144

As you will see, among other things, we have scaled back the scope of Paragraph P as we do not believe that we can say, based on the diligence that we have conducted so far, that SUS and Arbitrage conducted reasonable diligence and that based on their diligence and other "red flags" generally, they should not have known about the problems at BLMIS.  We can say, however, that neither SUS nor Arbitrage were actively involved with the fraud.

Additionally, we would like to discuss with you the mechanic for getting HSSI and HITS to make the funds available for your clients to pay the settlement amounts.

Once you have had a chance to review our comments, we would propose to have a meeting with you to discuss the agreement.

Best regards,

Marc



**My Bio**   **Web site**   **V-card**

T 212.589.4610
F 212.589.4201

www.bakerlaw.com

**Marc Hirschfield**
mhirschfield@bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

Confidential pursuant to June 6, 2011 Litigation Protective Order

OPT000145