## EXHIBIT 19

**From:** "Hirschfield, Marc E." <BH/NEW YORK/RECIPIENTS/MHIRSCHFIELD>
**Sent:** 5/8/2009 9:03:17 PM +00:00
**To:** RLevin@cravath.com
**Subject:** RE: Optimal Settlement Draft
At my office:  212-589-4610



| My Bio | Web site | V-card |
|--------|----------|--------|

T 212.589.4610    **Marc Hirschfield**
F 212.589.4201    mhirschfield@bakerlaw.com

www.bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

---

**From:** RLevin@cravath.com [mailto:RLevin@cravath.com]
**Sent:** Friday, May 08, 2009 4:57 PM
**To:** Hirschfield, Marc E.
**Subject:** Re: Optimal Settlement Draft

I'll call you in about 10 minutess. What number?

---

**From:** "Hirschfield, Marc E." [mhirschfield@bakerlaw.com]
**Sent:** 05/08/2009 09:04 AM AST
**To:** Richard Levin
**Cc:** "Cymrot, Mark" <MCymrot@bakerlaw.com>; Ronald Rolfe; "Lucchesi, Thomas" <tlucchesi@bakerlaw.com>
**Subject:** RE: Optimal Settlement Draft

Thanks, Rich. We will review what you sent.  In terms of the Assignment document, you are correct.  It applies only to the extent that your clients receive a SIPC advance and only to the extent of the advance.  Thus, since each of Arbitrage and SUS will offset the amounts they owe us by the $500,000 SIPC advance, each of them will assign to the Trustee their claims to the extent of the $500,000 advance and they will retain the remainder of their claims.

In terms of chatting this afternoon, I have a meeting from noon till 2:00 and then another that begins at 2:00.  I expect the latter meeting will go several hours.  Would you be able to talk late in the afternoon, maybe at 5:00?

Best regards,

Confidential pursuant to June 6, 2011 Litigation Protective Order

Marc



| My Bio | Web site | V-card |
|--------|----------|--------|

T 212.589.4610   **Marc Hirschfield**
F 212.589.4201   mhirschfield@bakerlaw.com

www.bakerlaw.com
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

---

**From:** Richard Levin [mailto:RLevin@cravath.com]
**Sent:** Friday, May 08, 2009 12:18 AM
**To:** Hirschfield, Marc E.
**Cc:** Cymrot, Mark; Ronald Rolfe; Lucchesi, Thomas
**Subject:** Re: Optimal Settlement Draft

Marc and Tom:

Attached is the redraft, based on our meeting yesterday, along with a redline.  Based on our review of language that we jotted down and on further consultations with our clients, we have slightly revised some of the provisions that we discussed.

I have bracketed paragraph 13.  Although I know that the Trustee is concerned about the risk that he might have to return money, we believe that he would be well served by the opportunity to use the equal treatment provision to hold the line on future settlements, which will benefit both sides here.   In any event, we have some new ideas to break the logjam, which would benefit from a further conversation.  Marc, are you in the office tomorrow afternoon?  I'm traveling, but I may have some time to talk in the afternoon.  I think it would be useful to talk before our Monday meeting.

In addition, based on Tom's email of this afternoon, I have bracketed most of the amounts in the agreement.

Finally, we have not yet completed our review of the Assignment attachment.  We understand it is a standard form, but we need to make sure we understand it.  Please clarify whether this applies only if we receive SIPC advances and then only to the extent of the advances.

I will have separate emails to you on Tom's email and on the questions for Irving for Monday afternoon.

Best regards,
Rich

Confidential pursuant to June 6, 2011 Litigation Protective Order

**"Hirschfield, Marc E."**
**<mhirschfield@bakerlaw.com>**

05/04/2009 07:28 PM

To "Richard Levin" <RLevin@cravath.com>, <RRolfe@cravath.com>
cc "Lucchesi, Thomas" <tlucchesi@bakerlaw.com>, "Cymrot, Mark"
    <MCymrot@bakerlaw.com>

Subject Optimal

Rich and Ron,

Attached is a revised draft of the proposed Optimal Settlement Agreement along with a blackline showing changes to the version you sent to us.  Please note that the draft is still being review internally and remains subject to further comments and changes. In addition, there are a few changes that our clients require relating to their corporate authority.

As you will see, among other things, we have scaled back the scope of Paragraph P as we do not believe that we can say, based on the diligence that we have conducted so far, that SUS and Arbitrage conducted reasonable diligence and that based on their diligence and other "red flags" generally, they should not have known about the problems at BLMIS.  We can say, however, that neither SUS nor Arbitrage were actively involved with the fraud.

Additionally, we would like to discuss with you the mechanic for getting HSSI and HITS to make the funds available for your clients to pay the settlement amounts.

Once you have had a chance to review our comments, we would propose to have a meeting with you to discuss the agreement.

Best regards,

Marc



| **My Bio** | **Web site** | **V-card** |

T 212.589.4610
F 212.589.4201

www.bakerlaw.com

**Marc Hirschfield**
mhirschfield@bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law.  If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

This e-mail is confidential and may be privileged. Use or disclosure of
it by anyone other than a designated addressee is unauthorized. If you
are not an intended recipient, please delete this e-mail from the
computer on which you received it.ne

Confidential pursuant to June 6, 2011 Litigation Protective Order