# EXHIBIT 22

[CSM Draft of May 9, 2009]

**Draft Equal Treatment Insert for the Picard - Optimal Settlement Agreement**

   13. <u>Equal Treatment for SUS and Arbitrage with Other Similar Customers.</u> (a) Under this Agreement, SUS and Arbitrage are paying the Trustee an amount equal to 85% of the amounts received by each of SUS and Arbitrage either within the 90 days before the Filing Date or as ficitious profits (the "<u>Settlement Amount</u>"). The parties intend and agree that this 85% percentage be established as a benchmark for future settlements by the Trustee in the SIPA Proceeding of Avoiding Powers Claims that are similar to the Avoiding Power Claims the Trustee asserted against SUS and Arbitratge.

   (b)(i) If the Trustee settles one or a related series of Avoiding Power Claims against a single defendant or group of defendants that are under common control for an aggregate settlement amount of $40,000,000 or more (a "<u>Qualifying Settlement</u>"), (ii) if the amount of the Qualifying Settlement is less than the benchmark 85% of the Avoiding Power Claims, and (iii) if the circumstances of the Avoiding Power Claims and the Qualifying Settlement are similar to the circumstances underlying this Agreement, then the Trustee shall return to SUS a portion of the consideration paid under paragraph 3 or reduce of a portion of the consideration to be paid by Arbitrage, or return to Arbtirage a portion of the consideration paid, as the case may be, under paragraph 5, so that the net amount that SUS and Arbitrage will have paid (net after all such returns) as a percentage of **[$150,000,000]** and of **[$125,000,000]**, respectively, is equal to that contained in the Qualifying Settlement.

   (c) The following non-exclusive factors shall be taken into account in determining whether the circumstances of the Avoiding Power Claims and the Qualifying Settlement are "similar": (i) the ability of the defendant to pay, (ii) the nature of the Avoiding Power Claims (such as whether they are for recovery of a preference or for recovery of principal or fictitious profits), (iii) the jurisdictional connections of the defendant with the United States and the enforceability of a judgment of a court of the United States against the defendant in its domiciliary jurisdiction, (iv) the defendant's knowldege of or complicity in the fraud that BLMIS perpetrated on its customers, and (v) the stage of any litigation by the Trustee against the defendant.

   (d) If the Parties do not agree whether circumstances are similar as desdcribed in this paragraph 13, the Bankruptcy Court shall resolve any such dispute. The Partiers do not intend to generate collateral litigation over whether a particular settlement is under similar circumstances. To that end, (i) any proceeding before the Bankruptcy Court on such a dispute shall be heard in a summary fashion; (ii) the Trustee shall provide SUS and Arbitrage factual information about a Qualifying Settlement that in the Trustee's reasonable discretion is of the same kind and detail as would be appropriate in a motion for approval of a single settlement under Federal Rule of Bankruptcy Procedure 9019, including factual information about the total amount of the Avoiding Power Claim or Claims being settled and factual information relevant to the factors set forth in paragraph 13(c); and (iii) the Trustee shall not be subject to discovery in any such matter.

[[NYCORP:3143081v1:REMOTE_RLEVIN:05/09/09--07:30 p]]

      (e)  This paragraph 13 may be applied more than once if there is more than one Qualifying Settlement.

[[NYCORP:3143081v1:REMOTE_RLEVIN:05/09/09--07:30 p]]

Confidential pursuant to June 6, 2011 Litigation Protective Order    OPT000192