# **EXHIBIT 29**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>               Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE CO., JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, and J.P. MORGAN SECURITIES LTD.,<br><br>               Defendants. | Adv. Pro. No. 10-4932 (SMB) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN THE
TRUSTEE AND JPMORGAN**

      Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the

substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") and the estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

"Debtors"), seeking entry of an order, pursuant to section 105(a) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement of the Avoidance Claims as defined in the Motion ("Settlement"), the terms and conditions of which are set forth in the Settlement Agreement (the "Agreement") dated January 6, 2014 by and among the Trustee and JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, and J.P. Morgan Securities Ltd. (collectively, "JPMorgan" or "Defendants"); and it appearing that due and sufficient notice has been given to all parties in interest as required by Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure; and the Court having considered the Affidavit of Irving H. Picard in support of the Motion; and having considered the limited response ("Optimal Response") filed by SPV Optimal SUS Ltd. ("Optimal"), ECF No. 42; and having considered the joinder of Solus Recovery Fund LP ("Solus") to the Optimal Response ("Solus Response"), ECF No. 48; and the Trustee's Reply, ECF No. 45; and it further appearing the relief sought in the Motion is appropriate based upon the record of the hearing held before this Court to consider the Motion; and it further appearing that this Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation; and sufficient cause appearing therefor; it is

~~ORDERED, that the Motion is granted in its entirety; and it is further~~ **[SMB: 2/4/14]**

ORDERED, that the Agreement between the Trustee and JPMorgan is hereby approved and authorized; and it is further

ORDERED, that the Trustee and JPMorgan shall each comply with and carry out the terms of the Agreement; and it is further

300310871.2

ORDERED, that the issue of whether Optimal and/or Solus are entitled to refunds from the BLMIS Estate under paragraph 13 of the Optimal Settlement Agreement, ECF No. 42, Exhibit A, will be determined by future proceedings before this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       February 4, 2014

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge