# EXHIBIT 13

# ASSIGNMENT OF CLAIM

1. **Assignment of Claim**

Optimal Strategic US Equity Ltd., a company organized and existing under the laws of The Commonwealth of the Bahamas, ("**Assignor**"), in consideration of the transfer of 100% of the outstanding shares of SPV Optimal SUS Ltd., a company organized and existing under the laws of The Commonwealth of the Bahamas ("**Assignee**"), the receipt, the adequacy and sufficiency of which is hereby acknowledged, hereby unconditionally and irrevocably sells, transfers and assigns to Assignee, and Assignee hereby purchases, as of the date hereof, (a) an undivided 100% interest (the "**Purchased Claim**") in Assignor's right, title, and interest in and to the allowed claim filed by Assignor (the "**Proof of Claim**") in the proceedings under the Securities Investor Protection Act of 1970 in the United States Bankruptcy Court for the Southern District of New York, (the "**Court**"), concerning Bernard L. Madoff Investment Securities, LLC (in liquidation) ("**Debtor**"), Case No. 08-01789 (BRL) (the "**Proceedings**"), (b) all rights and benefits of Assignor related to the Purchased Claim, including (i) any right to receive cash, securities, instruments, interest, penalties, fees or other property that may be paid or distributed with respect to the Purchased Claim, (ii) any action or claim (including any "claim" as defined in 11 U.S.C. § 101(5)) of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) voting rights, but only to the extent related to the Purchased Claim, (c) all rights of Assignor under paragraph 13 of the Agreement dated as of May 22, 2009 by and among Irving Picard, Trustee for the liquidation under the Securities Investor Protection Act of 1970, as amended, for Bernard L. Madoff Investment Securities, LLC (the "**Trustee**"), Assignor and Optimal Arbitrage Limited (the "**Settlement Agreement**"), (d) any other rights, action or claim arising out of the Assignor's investment in Debtor including, but not limited to, any claim the Assignor may have with respect to any current or future victim remission proceedings developed by the United States Department of Justice and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e) the "**Transferred Rights**"). This Assignment of Claim (this "**Assignment**") is an absolute and unconditional assignment of the Transferred Rights for the purpose of collection and shall not be deemed to create a security interest.

2. **Authority and Claim Enforcement**

2.1. **Notice of Transfer**

Pursuant to the Order Granting Trustee's Motion for an Order Establishing Procedures for the Assignment of Allowed Claims, entered November 10, 2010, Assignee hereby agrees to deliver a completed, signed and dated "Transfer of Allowed Claim" and "Assignment", in the form attached hereto as Schedule 1 (collectively referred to hereinafter as the "**Transfer Form**"): The Trustee's Claims Processing Center, c/o AlixPartners LLP, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, attention: John S. Franks.

Nothing in the Transfer Form shall supersede or alter the transactions contemplated by or the rights created under this Assignment.

2.2. **Claim Enforcement**

Except as provided in paragraph 2.4 of this Assignment, Assignor irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Transferred Rights herein assigned and grants Assignee full authority to do all things necessary to enforce the Transferred Rights and Assignor's rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Without

limiting the generality of the foregoing, Assignor acknowledges and agrees that Assignee may endorse any checks that are made payable to the Assignor pursuant to the Transferred Rights, and that Assignee will further be permitted to deposit any such checks so endorsed by Assignee into the account of Assignee. Any actions that Assignee takes under this paragraph shall be at Assignee's sole expense.

Assignor shall in good faith take all actions necessary or appropriate, at its own expense, to (i) effect the assignment of the Transferred Rights and any payments or distributions thereon to Assignee including the execution of appropriate transfer powers, corporate resolutions, and consents, and (ii) any other action necessary to prosecute and enforce the Transferred Rights, or otherwise effectuate the intent and purposes, and carry out the terms, of this Assignment.

2.3.    **Notices and Distributions**

Assignor agrees to promptly forward to Assignee all notices received from the Trustee, the Court or any third party with respect to the Purchased Claim assigned herein. Assignor further agrees that any distribution received by Assignor on account of the Purchased Claim, whether in the form of cash, securities, instruments, or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and for the sole benefit of Assignee and will, at the expense of Assignee, deliver to Assignee within three business days any such property in the same form received, together with any endorsement or documents necessary to transfer such property to Assignee.

2.4.    **Actions and Cooperation; Rights under Settlement Agreement**

Each of Assignor and Assignee, at their own expense, agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Assignment, including cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim or notice of transfer of the Proof of Claim.

If Assignor receives a notice from the Trustee under paragraph 14 of the Settlement Agreement, Assignor shall respond as provided in that paragraph as appropriate to preserve the Settlement Agreement. If the Trustee declares the Settlement Agreement void under paragraph 14 of the Settlement Agreement, then Assignor shall transfer to Assignee any amounts that Assignor receives from the Trustee under paragraph 14, and Assignor shall assign to Assignee any rights or claims against the Debtor, the Trustee or the estate in the Proceedings that Assignor has not already assigned to Assignee. Assignee hereby agrees to indemnify Assignor against, and to hold Assignor harmless from, any and all losses, claims, damages, liabilities and related out-of-pocket expenses, including reasonable outside counsel fees, charges and disbursements, incurred by or asserted against Assignor arising out of, in any way connected with, or as a result of any actions that Assignor takes under this paragraph.

3.    **Representations and Warranties**

3.1.    **Assignor's Representations and Warranties**

Assignor represents and warrants to Assignee that: (a) Assignor is duly authorized and empowered to execute and perform its obligations under this Assignment; (b) this Assignment does not violate any law applicable to Assignor and this Assignment or any agreement to which Assignor is a party; (c) no payment, other than $500,000.00 paid by the Trustee to Assignor from funds advanced to the Trustee by the Securities Investor Protection Corporation, has been received by or credited in favor of

2

Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Purchased Claim; and (d) Assignor has not previously assigned, sold, factored, or pledged the Transferred Rights to any third party, in whole or in part.

Assignee acknowledges that, without prejudice to the representations and warranties expressly set forth in the previous paragraph, (a) Assignee acquires the Purchased Claim and the Transferred Rights on an "as is, where is" basis in all respects, and (b) Assignor does not make any express or implied representation or warranty with respect to the Purchased Claim, to the Transferred Rights or to any information about the Purchased Claim or Transferred Rights, other than the representations and warranties contained herein, and in connection therewith, Assignee disclaims any other representations and warranties with respect to the Purchased Claim or to the Transferred Rights or any information about the Purchased Claim or the Transferred Rights.

**3.2.   Assignee's Representations and Warranties**

Assignee represents and warrants to Assignor that: (a) Assignee is duly authorized and empowered to execute and perform its obligations under this Assignment; (b) Assignee's issuance of shares under this Assignment does not violate any law applicable to Assignee or any agreement to which Assignor is a party and (c) Assignee is acquiring the Transferred Rights on an "as is, where is" basis, as provided in Section 3.1, and, therefore, Assignor shall not have any liability to Assignee arising out of the condition or state of the Transferred Rights.

**3.3.   Informational Representations**

Assignee is an entity that is newly-formed by Assignor and therefore does not have any information concerning the Transferred Rights and/or the financial condition or prospects of the Debtor, its affiliates or the estate in the Proceedings. Assignee acknowledges that the Assignor might (but does not necessarily) possess material non-public information concerning the Transferred Rights and/or the financial condition or prospects of the Debtor, its affiliates or the estate in the Proceedings. Assignee has not requested to receive any such information that Assignor might have and has nevertheless determined to proceed with the transactions contemplated herein. Assignor shall not have any liability to Assignee arising out of the non-disclosure of any such information; *provided*, *however*, that nothing in this paragraph shall limit any representation or warranty made by Assignor in section 3.1 of this Assignment.

**4.   Survival and Transferability**

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time assign the Purchased Claim together with all right, title, and interest of Assignee in and to this Assignment without any notice to or the consent of Assignor, except that Assignor does not represent or warrant that no other consent is required for such subsequent assignment. All representations, warranties, covenants, indemnities, and agreements made herein shall survive the execution and delivery and performance of this Assignment and any such subsequent assignment.

**5.   Governing Law, Jurisdiction, and Miscellaneous**

This Assignment constitutes the legal, valid, binding, and enforceable obligation of Assignor and is executed by Assignor's duly authorized representative. Headings in this Assignment are for convenience only and shall have no effect on the interpretation of this Assignment. THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK. ANY ACTION RELATING TO THIS ASSIGNMENT MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT IN NEW YORK,

NEW YORK, AND EACH PARTY CONSENTS TO AND CONFERS PERSONAL JURISDICTION OVER EACH PARTY BY SUCH COURT(S). EACH PARTY AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON IT BY MAILING A COPY OF SAID PROCESS TO EACH PARTY AT THE ADDRESS SET FORTH BELOW. IN ANY ACTION HEREUNDER, EACH PARTY WAIVES ANY RIGHT TO DEMAND A TRIAL BY JURY AND ALSO WAIVES THE DEFENSES OF IMPROPER VENUE AND FORUM NON CONVENIENS.

**6.    Notices**

All notices and deliveries to be sent to the Assignor shall be sent to:

> Optimal Strategic US Equity Ltd.
> Fort Nassau Centre
> Marlborough Street, POB N.4875
> Nassau, The Bahamas
>
> c/o Optimal Investment Services S.A.
> 2-4, Place des Alpes. CP 1824
> 1112 Geneva 1, Switzerland
> Attention: General Counsel.

All notices and deliveries to be sent to the Assignee shall be sent to:

> SPV Optimal SUS Ltd.
> Fort Nassau Centre
> Marlborough Street, POB N.4875
> Nassau, The Bahamas
>
> c/o Optimal Investment Services S.A.
> 2-4, Place des Alpes. CP 1824
> 1112 Geneva 1, Switzerland
> Attention: General Counsel.

**7.    LIMITED LIABILITY**

NOTWITHSTANDING ANYTHING CONTAINED IN THIS ASSIGNMENT TO THE CONTRARY, THE PARTIES AGREE THAT (I) NO DIRECTOR, MEMBER, EXECUTIVE MANAGER, OR MANAGER OF THE PARTIES SHALL BE PERSONALLY LIABLE FOR ANY OBLIGATION OR LIABILITY OF PARTIES UNDER THIS ASSIGNMENT; AND (II) ALL OBLIGATIONS AND LIABILITIES OF THE PARTIES UNDER THIS AGREEMENT ARE ENFORCEABLE SOLELY AGAINST A PARTY OR A PARTY'S ASSETS AND NOT AGAINST ANY ASSETS OF A DIRECTOR, MEMBER, EXECUTIVE MANAGER OR MANAGER OF THE PARTIES.

[Remainder of page intentionally left blank]

Executed on this 6th day of __May__, 2011.

ASSIGNOR: OPTIMAL STRATEGIC US EQUITY LTD.

Signature: _[signed]_

Name:     Anthony Inter Reiden

Title:     Director

Phone:     _____


ASSIGNEE: SPV OPTIMAL SUS LTD.

Signature: _____

Name:     Brian Wilkinson

Title:     Director

Phone:     _____


[Signature page to Assignment of Claim]

[[3261699]]

Executed on this 6th day of May, 2011.

    ASSIGNOR: OPTIMAL STRATEGIC US EQUITY LTD.

    Signature: _____

    Name:    Anthony Inter Reiden

    Title:    Director

    Phone: _____

    ASSIGNEE: SPV OPTIMAL SUS LTD.

    Signature: [signed]

    Name:    Brian Wilkinson

    Title:    Director

    Phone: _____

[Signature page to Assignment of Claim]    OPTIMALMFN00000181

[[3261699]]

Schedule 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>　　　　　Debtor. | SIPA LIQUIDATION<br><br>Case No. 08-01789<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |

**TRANSFER OF ALLOWED CLAIM**

A CLAIM HAS BEEN SUBMITTED IN THIS CASE, DESIGNATED AS CLAIM NO. 010568. Transferee hereby gives evidence pursuant to certain Claims Trading Procedures approved by Order of the above-captioned Court dated November 10, 2010 [Dkt. No. 3138], of the transfer of the allowed claim referenced in this evidence.

| SPV OPTIMAL SUS LTD. | OPTIMAL STRATEGIC US EQUITY LTD. |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to Transferee should be sent: | Name and Address where notices to Transferor should be sent: |
| Fort Nassau Centre, Marlborough Street<br>POB N.4875<br>Nassau, The Bahamas | Fort Nassau Centre, Marlborough Street<br>POB N.4875<br>Nassau, The Bahamas |
| Phone:　+1 (242) 502.5000<br>Claim No.　010568<br>Allowed Claim Amount:<br>USD 1,540,141,277.60 | |

[[3261699]]

OPTIMALMFN00000182

I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and belief.

SPV OPTIMAL SUS LTD.

By: _____    Date: _____, 2011

Brian Wilkinson, Director

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 & 3571.*

**Assignment**

Optimal Strategic US Equity Ltd. ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby transfer and assign unto SPV Optimal SUS Ltd., its successors and assigns ("Assignee"), all rights, title, interests in and to Assignor's Allowed Claim in the amount of US$1,540,141,277.60 , as stated in the determination letter dated June 26, 2009 from Irving H. Picard, the trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, substantively consolidated with the estate of Bernard L. Madoff in Case No. 08-01789, identified by Claim No. 010568 in proceedings pending before the United States Bankruptcy Court for the Southern District of New York, together with any affirmative claims of the Assignor against third parties.

Assignor hereby certifies by this Assignment that:

i) Assignee will be recognized as the valid owner of the Allowed Claim and will receive all distributions on account of such Claim; and

ii) The Allowed Claim Amount constitutes the entire amount of the Claim and has not been reduced by any prior payment from the Trustee on account of the Allowed Claim; and

IN WITNESS WHEREOF, dated the ____ of _____, 20__.

| Assignor: | Assignee: |
|---|---|
| OPTIMAL STRATEGIC US EQUITY LTD. | SPV OPTIMAL SUS LTD. |
| By: _____ | By: _____ |
| (Signature of Authorized Party) | (Signature of Authorized Party) |
| _____ | _____ |
| (Assignor Name) | (Assignee Name) |
| _____ | _____ |
| (Print name of Authorized Party) | (Print name of Authorized Party) |
| By:   Anthony Inter Reiden | By:   Brian Wilkinson |
| Director | Director |
| +1 (242) 502.5000 | +1 (242) 502.5000 |
| (Telephone Number) | (Telephone Number) |