# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 30, 2014

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA CMF/ECF**

Honorable Stuart M. Bernstein
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Marshall, et al.*, Adv. Pro. No. 14-01840 (Bankr. S.D.N.Y.)(SMB)

Dear Judge Bernstein:

We represent Irving H. Picard, the Trustee in the above matter. In a decision dated June 23, 2014 (ECF# 50), the Court granted the Trustee's motion ("Motion") to enforce the Permanent Injunction and enjoined the Fox Plaintiffs and the Goldman Plaintiffs from prosecuting the New Complaints in the Florida Actions ("Decision"). Pursuant to the Decision, the Trustee submitted a proposed order on notice. In response, counsel for the Fox Plaintiffs filed a letter dated June 27, 2014 (ECF# 52), asking the Court to grant them expedited discovery of the Trustee and depositions of Bernard Madoff and April Freilich, in order to draft yet another complaint against the Picower Defendants. Attached to their letter is a modified proposed order incorporating such relief.

Their letter request is procedurally improper, and lacks substantive merit. The requested discovery was not addressed in or part of the litigation on the Motion, and has no connection with the Decision. Rather, the Fox Plaintiffs through a letter are attempting to tack on a request for discovery after the fact. The Decision was not contingent upon any other relief, and therefore the Trustee respectfully submits that the Fox Plaintiffs' proposed additional provisions to the Order should be rejected.

The discovery request also is devoid of substantive merit. In connection with two prior rejected complaints, the Fox Plaintiffs have repeatedly argued that they have independent, non-derivative claims against the Picower Defendants. Those arguments have been rejected by Judge Lifland, Judge Koeltl, the Second Circuit and now this Court. Much like Judge Sullivan in his analysis of the Goldman Plaintiffs' previous complaint against the Picowers, this Court found that the Fox Plaintiffs have failed to allege any non-derivative conduct by the Picower Defendants directed to the class of BLMIS customers that the Fox Plaintiffs seek to represent through a shadow estate.

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

Honorable Stuart M. Bernstein
June 30, 2014
Page 2

Despite clear guidance by Judge Sullivan as to what was needed to pass muster, the Fox Plaintiffs subsequently could only assert conclusory allegations, which this Court rejected. Thus, there is no current active complaint by the Fox Plaintiffs, as their first complaint was held to be void *ab initio*, and the second attempt was found to violate the Permanent Injunction. By their letter request, they seek improper pre-litigation discovery. There is no basis to grant such relief.

Moreover, the Fox Plaintiffs have repeatedly alleged that Picower made direct misrepresentations to their clients, and yet after years of purporting to represent hundreds of customers and two complaints later, they have failed to allege or present any non-conclusory statements or evidence of such misrepresentations. The Trustee has briefed and litigated these issues extensively for years with the Fox Plaintiffs. The litigation has become vexatious and never-ending.

Counsel for the Fox Plaintiffs also previously sought discovery against the Trustee seeking documents relating to the Picower Defendants in connection with their objection to the Trustee's settlement with the Picowers. Counsel sought much of the same information at that time, however Judge Lifland saw no merit to, and denied, their objection. See *Picard v. Fox*, Adv. Pro. No. 09-1197 (Bankr. S.D.N.Y.), ECF Nos. 32, 34, and 43.

The Trustee respectfully requests that the Court enter the proposed order that he submitted, and deny the discovery request of the Fox Plaintiffs.

Respectfully submitted,

Keith R. Murphy

cc: Helen Davis Chaitman, Esq.
    Julie Gorchkova, Esq.
    Marcy Harris, Esq.