# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Marcy Ressler Harris
212.756.2271

Writer's E-mail Address
marcy.harris@srz.com

June 30, 2014

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004

      Re:    ***Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Susanne Stone Marshall, et al.***
            **Adv. Pro. No.: 14-01840 (SMB)**

Dear Judge Bernstein:

      We write on behalf of the Picower Defendants,[1] Intervenors in this action, in response to the June 27, 2014 letter of Helen Davis Chaitman, counsel to the Fox Plaintiffs.

      Although no action is now pending, the Fox Plaintiffs nonetheless request (i) permission to take expedited discovery of jailed felon Bernard L. Madoff, and non-party witness April Freilich; (ii) production of "the BLMIS documents in the possession of the Trustee relating in any way to the Picower Defendants"; and/or (iii) a conference. No authority supports the Fox Plaintiffs' baseless discovery requests; they should be denied an opportunity to fish for facts with which to craft yet another amended complaint asserting purportedly independent claims against the Picower Defendants. Their request for a conference also should be denied as unnecessary.

      Pre-complaint discovery is not permitted for purposes of identifying claims or defendants. *See, e.g., In re Liquor Salesmen's Union Local 2D Pension Fund*, No. 12-CV-2786 KAM MDG, 2012 WL 2952391, at *6 (E.D.N.Y. July 19, 2012) (rejecting motion for pre-complaint discovery because "it is well-settled that [pre-complaint discovery] should not be used to determine whether a cause of action exists, and, if so, against whom the action should be instituted") (internal quotations and citations omitted). Even after a complaint has been filed but subsequently dismissed for failure to state a claim, requests for discovery are inappropriate where the purpose of the request is to "uncover[] facts that might allow a further-amended

---

[1] Capitalized terms have the same meaning assigned to them in this Court's Memorandum Decision Granting Plaintiff's Motion for an Injunction and Denying Motion for Stay and Cross-Motion to Dismiss, dated June 23, 2014 [Dkt. No. 50].

08-01789-cgm    Doc 7206    Filed 06/30/14    Entered 06/30/14 18:24:15    Main Document
Pg 2 of 3

Honorable Stuart M. Bernstein
June 30, 2014
Page 2

complaint to state a legally cognizable claim." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 377 (S.D.N.Y. 2004) (denying plaintiffs' request for "limited" discovery after securities fraud complaint was dismissed for failure to state a claim); *see also KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (dismissing complaint without leave to amend and holding that "the representation of plaintiff's counsel that the plaintiff might be able to 'piece together' the elements of a claim after discovery is insufficient to justify leave to amend"). Indeed, "discovery is authorized *solely* for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim." *Podany*, 350 F. Supp. 2d at 378 (emphasis added); *KBL*, 646 F. Supp. 2d at 346 n.6 ("[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to 'streamline[] litigation by dispensing with needless discovery and factfinding' where the plaintiff has failed to state a claim under the law."); *cf. Ascroft v. Iqbal*, 556 U.S. 662, 686 (2009) (holding that "because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

Here, the Fox Plaintiffs have *no* operative complaint pending against the Picower Defendants. Indeed, the Fox Plaintiffs' multiple attempts to assert non-derivative fraud claims against the Picower Defendants have failed. This Court declared the Fox Plaintiffs' Initial Florida Actions void *ab initio* in May 2010, finding that the claims therein belonged to the BLMIS estate. Similarly, this Court recently ruled that the New Fox Complaint violated the Permanent Injunction because the claims therein were derivative of the Trustee's claims against the Picower Defendants. Thus, more than six years after Madoff's fraud was revealed and four years after the Initial Florida Complaints were filed, the Fox Plaintiffs now seek *pre-suit* discovery for the sole, express purpose of attempting to uncover facts that might enable them to craft yet another "amended complaint, which contains the more particularized allegations" that they have failed to allege not just once, but twice. In so doing, they have not identified any rule or authority supporting their request, and there is no basis to grant the relief they are seeking. Accordingly, the Fox Plaintiffs' request for a pre-suit fishing expedition for the sole purpose of conjuring claims against the Picower Parties, ought, respectfully, to be rejected. *See Podany*, 350 F. Supp. 2d at 378 (rejecting "the use of discovery for 'fishing expeditions'" and refusing to grant motion for post-dismissal discovery "where a complaint has already been found inadequate and where plaintiffs' hope of finding facts to salvage the complaint is entirely speculative.").

Moreover, to the extent the Fox Plaintiffs' counter-order of settlement seeks permission to conduct discovery, their request should be rejected on the additional ground that the Fox Plaintiffs did not request such discovery in response to the Trustee's Motion, nor have they filed a separate motion for such relief. Consequently, the issue has never been litigated. Nor, for the reasons set forth above, should it be. The Fox Plaintiffs' request for pre-suit discovery is patently improper and should be denied.

Honorable Stuart M. Bernstein
June 30, 2014
Page 3

      For the foregoing reasons, we respectfully request that the Court deny the Fox Plaintiffs' requests for discovery and a conference, and enter the proposed order submitted by the Trustee.

Respectfully submitted,

*/s/ Marcy R. Harris*

Marcy Ressler Harris

cc: All counsel of record (via ECF)