

# BECKER & POLIAKOFF

Helen Davis Chaitman
Phone: (212) 599-3322   Fax: (212) 557-0295
hchaitman@bplegal.com

45 Broadway, 8th Floor
New York, New York 10006

June 27, 2014

**Via ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004

      Re:    *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Susanne Stone Marshall, et al.*
              Adv. Pro. No.: 14-01840 (SMB)

Dear Judge Bernstein:

    We represent the Fox Plaintiffs.[1] Your Honor's recent Decision included a finding that the allegations in the New Fox Complaint were conclusory and insufficiently particularized. (ECF No. #50 at 28-29.) Under the circumstances, and reserving all rights, we respectfully request permission to take expedited discovery to be used in crafting an amended complaint, which contains the more particularized allegations Your Honor found lacking.

    We propose taking the depositions of Bernard Madoff, currently incarcerated in South Carolina, and April Frielich, Mr. Picower's long-time chief financial officer who, on information and belief, resides in Armonk, New York. We also respectfully request permission to obtain the BLMIS documents in the possession of the Trustee relating in any way to the Picower Defendants.

    If the Fox Plaintiffs are permitted this limited discovery, we propose submitting to Your Honor a proposed second amended complaint for a ruling, after additional briefing, as to whether the further amended complaint contains sufficiently particularized allegations against the Picower Defendants.

    We had hoped that the foregoing can be accomplished with the Trustee's consent. However, the Trustee has communicated to us that he will not consent to our taking discovery. Thus, we respectfully request, pursuant to the Local Rules and Your Honor's individual rules, that Your Honor conduct a conference to resolve this issue.

---

[1] Capitalized terms have the same meaning ascribed in the Court's June 23, 2014 Memorandum Decision Granting Plaintiff's Motion for an Injunction and Denying Motion for a Stay and Cross-Motion to Dismiss (ECF Doc. #50) (the "Decision").

{N0050162 }                www.bplegal.com



Honorable Stuart M. Bernstein
June 27, 2014
Page 2

Finally, we are submitting a counter-proposed order for the Decision, which includes provision for the expedited discovery and other procedures requested above, in the event that Your Honor decides to grant this relief.

We thank Your Honor for his continued attention to this matter.

Yours sincerely,

/s/ Helen Davis Chaitman

Helen Davis Chaitman

HDC:leb

Encl.

cc: All counsel of record via ECF

## MEMO ENDORSED

The Court declines to schedule a discovery conference or provide the relief requested in the letter. In light of the responses submitted by counsel for the Trustee and the Picower Defendants, the proposed conference would serve no purpose. Moreover, the Court does not grant substantive relief sought by letter in the absence of consent by the affected parties. The foregoing is without prejudice to the Fox Plaintiffs' right to make formal application for the relief they seek in accordance with applicable law and rules.

SMB
7/1/14

{N0050162}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br> Plaintiff, <br> -against- <br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br> BERNARD L. MADOFF, | Case No. 09-11893 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br> Plaintiff, <br> CAPITAL GROWTH COMPANY; DECISIONS, INC.; FAVORITE FUNDS; JA PRIMARY LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP; JEMW PARTNERSHIP; JF PARTNERSHIP; JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER; BARBARA PICOWER, individually, and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabriel H. Picower, <br> Intervenors, <br> -against- <br> SUSANNE STONE MARSHALL; ADELE FOX; MARSHA PESHKIN; RUSSELL OASIS; A & G GOLDMAN PARTNERSHIP; and PAMELA GOLDMAN, <br> Defendants. | Adv. Pro. No. 14-01840 (SMB) |

## ORDER

Upon consideration of the Application for Enforcement of Permanent Injunction and Automatic Stay (the "Application") in the above-captioned adversary proceeding by Irving H. Picard, trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and the estate of Bernard L. Madoff, individually; and upon the accompanying Memorandum of Law dated March 11, 2014; the Complaint, dated March 11, 2014; the Declaration of Keith R. Murphy, dated March 11, 2014; the Affidavit of Matthew Cohen, sworn to on March 10, 2014; and the Notice of the Application; and upon all of the pleadings and prior proceedings in this and related actions; and upon the hearings held on May 1, 2014 and May 7, 2014; and upon the Court's Memorandum Decision Granting Plaintiff's Motion for an Injunction and Denying Motion for a Stay and Cross-Motion to Dismiss, dated June 23, 2014, ECF No. 50 (the "Decision"); and

WHEREAS prosecution of (i) the proposed class action complaint annexed to the declaratory judgment complaint filed on January 6, 2014 in *Goldman v. Capital Growth Co.*, No. 9:14-cv-80012-KAM (S.D. Fla. filed Jan. 6, 2014) and (ii) the proposed second amended complaint annexed to the motion to re-open case filed on February 5, 2014 in *Marshall v. Capital Growth Co.*, No. 9:10-cv-80252-KLR (S.D. Fla. filed Feb. 16, 2010) (the "Class Action Complaints") would violate the permanent injunction order issued by this Court in *Picard v. Picower*, Adv. Pro. No. 09-01197 (Bankr. S.D.N.Y. Jan. 13, 2011) (the "Permanent Injunction"); and

WHEREAS the Class Action Complaints state derivative claims barred by the Permanent Injunction; and

1

WHEREAS, the Fox Plaintiffs in the Class Action Complaints have requested permission to take limited, expedited discovery to be used in crafting an amended class action complaint containing more particularized allegations against the Picower Defendants (the "Discovery Application"); and

WHEREAS the reasons and bases for the findings set forth above and the Order set forth below are described in detail in the Decision;

IT IS HEREBY ORDERED:

1. Susanne Stone Marshall (a/k/a Suzanne Stone Marshall), Adele Fox, Marsha Peshkin, Russell Oasis (the "Fox Plaintiffs"), Pamela Goldman, and A&G Goldman Partnership (the "Goldman Plaintiffs"; collectively, the "Class Action Plaintiffs"), and anyone acting on behalf of or in active concert or participation with the Class Action Plaintiffs, are hereby enjoined from prosecuting the Class Action Complaints.

2. The Application is granted to the extent of enforcing the Permanent Injunction enjoining the Class Action Plaintiffs from prosecuting the Class Action Complaints.

3. The motion for a stay and cross-motion to dismiss filed by the Fox Plaintiffs in the above-referenced adversary proceeding on April 17, 2014, ECF Nos. 14-15, and April 21, 2014, ECF No. 22, respectively, are denied.

4. The Discovery Application is granted. The Fox Plaintiffs are permitted to (a) serve subpoenae for the depositions and documents of Bernard L. Madoff and April Frielich, and (b) serve document demands on the Trustee for the production of BLMIS documents in the Trustee's possession relating in any way to the Picower Defendants. Within 45 ___ days after completion of the foregoing discovery, the Fox Plaintiffs shall file a proposed Second Amended Class Action Complaint. Thereafter, the Trustee shall advise the Court if it intends

to renew its Application with respect to the proposed Second Amended Complaint, and the Court shall set a briefing schedule for the renewed Application.

5.   This Court shall retain exclusive jurisdiction over the implementation and interpretation of this Order.

_____, 2014

>   _____
>   HONORABLE STUART M. BERNSTEIN
>   UNITED STATES BANKRUPTCY JUDGE