

# CLARICK
# GUERON
# RESIBAUM LLP

NICOLE GUERON
212.633.4312
NGUERON@CGR-LAW.COM

July 7, 2014

**BY E-MAIL**
The Honorable Stuart M. Bernstein
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re: *Picard v. Friehling*, Adv. Pro. No. 10-5389

Dear Judge Bernstein:

    We write on behalf of our client, Dr. Jay Friehling, to respectfully request that the mediation of this matter be stayed given the pendency of a related appeal, the outcome of which may significantly narrow the scope of this proceeding and, necessarily, the mediation itself. Counsel for the Trustee does not consent to this request.

    As Your Honor is surely aware, the Second Circuit Court of Appeals has heard arguments in *Irving H. Picard v. Ida Fishman Revocable Trust* regarding the application of the securities "safe harbor" to avoidance actions. The Second Circuit's decision may significantly narrow—or even preclude in full—the Trustee's case against Dr. Friehling. Consequently, proceeding with mediation now would be grossly inefficient and unproductive, as Dr. Friehling cannot fairly be expected to assess his litigation risk until the Second Circuit issues its ruling.

    We recognize that this case has been referred to mandatory mediation, and we stand willing to mediate at the appropriate time. However, we believe that mediation would be premature prior to the Second Circuit's ruling. Moreover, although the governing Case Management Notice provides that mediation shall conclude by September 8, 2014 (*see* Docket No. 21), this deadline, and the deadlines set more generally by the Avoidance Procedures governing this matter, may be extended (*see* Avoidance Procedures § 2(G) (deadlines in Avoidance Procedures and Case Management Notice may be altered); § 5(F) (mediation deadlines may be extended)). We also note that the current September 8 deadline allows only 63 days for mediation, while the Avoidance Procedures contemplate fully 120 days (or longer) for mediation. (*See* Avoidance Procedures § 5(F).)

Hon. Stuart M. Bernstein
July 7, 2014
Page 2

Given the substantial uncertainty regarding the very scope of the mediation, we believe that good cause exists to extend the mediation deadline until after the Second Circuit rules on the pending appeal, and that such an extension would not unduly delay the mediation as provided in the Avoidance Procedures.

In the alternative, we would respectfully request an adjournment of the deadline to file a Notice of Mediator Selection, from July 7, 2014 to August 4, 2014, to allow the parties additional time to identify a mutually agreeable mediator. We would also request, accordingly, an adjournment of the deadline for the conclusion of mediation, from September 8, 2014 to October 6, 2014.

Respectfully submitted,

*Nicole Gueron /MCH*

Nicole Gueron

cc:   Dennis Cohen, Esq. (by email)
      Ronald Larson, Esq. (by email)

**MEMO ENDORSED**

*The Court does not grant contested "letter motions," particularly where the "movant" seeks the adjournment or extension of an impending deadline and offers reasons that could have been raised months earlier.*

*So ORDERED: 7/8/14*

*SMB*
*USBJ*

220 FIFTH AVENUE | 14TH FLOOR | NEW YORK, NY 10001 | T 212.633.4310 | F 646.478.9484 | WWW.CCR-LAW.COM