## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

Lamar Ellis Trust
1372 Fern Lake Avenue
Brea, California 92821

Dear Lamar Ellis Trust:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 008118:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll* (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

>  Clerk of the United States Bankruptcy Court for
>  the Southern District of New York
>  One Bowling Green
>  New York, New York 10004

>  and

>  Irving H. Picard, Trustee
>  c/o Baker & Hostetler LLP
>  Attn: Claims Department
>  45 Rockefeller Plaza
>  New York, New York 10111

_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

2

December 21, 2009

Irving H. Picard, Trustee
C/O Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

Re: Alta F. Ellis-Babino written opposition Ref: Bankruptcy Case No: 08-1789

I, Alta F. Ellis Babino, of Lamar Ellis Trust disagree with the "Trustee" December 11, 2009 determination Re: Case No. 008118 which indicates that Lamar Ellis Trust was being denied a claim to Bernard L. Madoff investment securities because the "Trustee" could not locate an account in Lamar Ellis Trust.

My disagreement is that the Trustee appeared not to take into account that there were other ways that Madoff could have ended up with stolen assets that he could have traded. This is exactly what was found to be the case as described by several law enforcement groups, including the FBI, (see enclosed list of agencies), whom have been investigating Lamar Ellis' stolen assets since September, 2003 when first reported to the Pomona, CA police department. That law enforcement group, evidently working confidentially and incognito for much of the past seven years. The Lamar Ellis Trust was notified in late 2008 the group had located some of the Lamar Ellis Trust assets in the hands of Bernard L. Madoff and that his office had traded Lamar Ellis Trust assets through NASDAQ since 2005, while Madoff was the director of NASDAQ.

The enclosed page entitled "Confidential Report Guaranteed Tax Shelter Bearer Certificate" is the damaging piece of evidence against Madoff, showing he and others were unlawfully trading Lamar Ellis Trust assets.

Lastly, the Trustee did not take into account that the assets that Madoff and others stole from Lamar Ellis Trust and through NASDAQ were U.S. Government Guaranteed Instruments under Section 1045 Tentative IRC Refund, see enclosed 1045 instructions Re: that states that the U.S. Government is responsible to Lamar Ellis Trust for a refund of those stolen assets that ended up in the hands of Madoff and are now being contested in the U.S. Tax Court with Alta F. Ellis Babino as the petitioner, Docket No: 26355-09S.

Alta F. Ellis Babino (Proxy)
1845 W. 91st Place
Los Angeles, CA 90047

December 21, 2009

Clerk of the United States Bankruptcy Court
For the Southern district of New York
One Bowling Green
New York, New York 10004

Re: Alta F. Ellis-Babino written opposition Ref: Bankruptcy Case No: 08-1789

I, Alta F. Ellis Babino, of Lamar Ellis Trust disagree with the "Trustee" December 11, 2009 determination Re: Case No. 008118 which indicates that Lamar Ellis Trust was being denied a claim to Bernard L. Madoff investment securities because the "Trustee" could not locate an account in Lamar Ellis Trust.
My disagreement is that the Trustee appeared not to take into account that there were other ways that Madoff could have ended up with stolen assets that he could have traded. This is exactly what was found to be the case as described by several law enforcement groups, including the FBI (see enclosed list of agencies) whom have been investigating Lamar Ellis' stolen assets since September, 2003 when first reported to the Pomona, CA police department. That law enforcement group, evidently working confidentially and incognito for much of the past seven years. The Lamar Ellis Trust was notified in late 2008 the group had located some of the Lamar Ellis Trust assets in the hands of Bernard L. Madoff and that his office had traded Lamar Ellis Trust assets through NASDAQ since 2005, while Madoff was the director of NASDAQ.
The enclosed page entitled "Confidential Report Guaranteed Tax Shelter Bearer Certificate" is the damaging piece of evidence against Madoff, showing he and others were unlawfully trading Lamar Ellis Trust assets.
Lastly, the Trustee did not take into account that the assets that Madoff and others stole from Lamar Ellis Trust and through NASDAQ were U.S. Government Guaranteed Instruments under Section 1045 Tentative IRC Refund, see enclosed 1045 instructions Re: that states that the U.S. Government is responsible to Lamar Ellis Trust for a refund of those stolen assets that ended up in the hands of Madoff and are now being contested in the U.S. Tax Court with Alta F. Ellis Babino as the petitioner, Docket No: 26355-09S.

Alta F. Ellis Babino (Proxy)
1845 W. 91st Place
Los Angeles, CA 90047