**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>Cohen Pooled Asset Account, et al.,<br><br>       Defendant(s). | Adv. Pro. No. 10-04371 (SMB) |

**STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS AS TO DEFENDANTS AMY COHEN, 61 ASSOCIATES LLC, AND COHEN POOLED ASSET ACCOUNT UNTIL RESOLUTION OF BANKRUPTCY <u>CODE SECTION 546(e) APPEAL</u>**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendants Amy Cohen, 61 Associates LLC, and Cohen Pooled Asset Account (the "Settling Defendants", and with the Trustee, the "Parties"), by and through their counsel, Richard L. Spinogatti, Esq., hereby stipulate and agree to the following:

1. On November 30, 2010, the Trustee commenced this adversary proceeding against, among others, the Settling Defendants seeking the avoidance and recovery of: (a) transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. By Order dated April 30, 2012, (the "Dismissal Order"), the District Court dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers made to certain defendants based on an interpretation of Bankruptcy Code Section 546(e).

3. The Trustee has appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal"). The 546(e) Appeal remains *sub judice*.

4. On June 20, 2014, the Parties entered into a settlement agreement pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181].

5. Under the settlement agreement the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding as against the Settling Defendants until a final non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

6. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Trustee will, as soon as practicable, dismiss the Trustee's Two Year Transfer claims against the Settling Defendants, and the Settling Defendants shall respond to the Trustee's Non-Two Year Transfer claims within thirty (30) days of the entry of such final non-appealable order. Settling Defendants agree they will not assert any laches, statutes of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against them by this Stipulation. The Parties stipulate and agree: (i) the Trustee preserves all rights, claims, causes of action, if any, against the Settling Defendants for the Non-Two Year Transfers, and (ii) the Settling Defendants preserve all defenses, if any, in response to the Trustee's Non-Two Year Transfers.

7. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding against the Settling Defendants without costs to either the Trustee or the Settling Defendants.

8. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

[Signature page follows]

Dated: July 14, 2014

        BAKER & HOSTETLER LLP

        By: *s/ Dominic A. Gentile*
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: 212.589.4200
        Facsimile: 212.589.4201
        David J. Sheehan
        Email: dsheehan@bakerlaw.com
        Oren J. Warshavsky
        Email: owarshavsky@bakerlaw.com
        Marc Hirschfield
        Email: mhirschfield@bakerlaw.com
        Dominic A. Gentile
        Email: dgentile@bakerlaw.com

        *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*


        PROSKAUER ROSE LLP

        By: *s/ Richard L. Spinogatti*
        Eleven Times Square
        New York, New York 10036
        Telephone: 212.969.3540
        Facsimile: 212.969.2900
        Richard L. Spinogatti
        Email: rspinogatti@proskauer.com

        *Attorney for Defendants Amy Cohen, 61 Associates LLC, and Cohen Pooled Asset Account*


        SO ORDERED

        /s/ STUART M. BERNSTEIN

Dated: <u>July 15th</u>, 2014        Hon. Stuart M. Bernstein
New York, New York        United States Bankruptcy Judge