**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lauren J. Resnick
Email: lresnick@bakerlaw.com

Hearing Date: August 19, 2014
Time: 10:00a.m.

Objection Deadline: August 12, 2014
Time: 5:00p.m.

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE ESTATE OF MARK D. MADOFF, ANDREW H. MADOFF, individually and as Executor of the Estate of Mark D. Madoff, and STEPHANIE S. MACK.<br><br>　　　　　　　　　　Defendants. | Adv. Pro. No. 09-1503 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION FOR LEAVE TO
FILE A THIRD AMENDED COMPLAINT**

**I.     INTRODUCTION**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by his undersigned counsel, seeks leave under Rule 7015 of the Federal Rules of Bankruptcy Procedure and Rule 15 of the Federal Rules of Civil Procedure to file a Third Amended Complaint (the "TAC"), substantially in the form attached hereto as Exhibit 1.

The Trustee commenced this action against the Madoff family members in 2009. Since that time, and as a result of the Trustee's ongoing investigation into Madoff's fraud, the Trustee amended his complaint in 2011 and 2012 to include additional family member defendants (namely, the spouses and former spouses of Andrew Madoff and Mark Madoff (the "Madoff Brothers")), as well as additional avoidable and recoverable initial and subsequent transfers. The Trustee has subsequently settled and/or discontinued his action against Peter Madoff (Bernard Madoff's brother and BLMIS's Senior Managing Director and Chief Compliance Officer)[1],

---

[1] Peter Madoff pleaded guilty to conspiracy and falsifying books and records of an investment adviser in connection with his role in the Ponzi scheme. Peter Madoff admitted that he knew statements being made to the SEC about the IA business, including the number of accounts and money under management, were entirely false. Peter Madoff agreed to forfeit "all property, real and personal, that constitutes or is derived from proceeds traceable" to the commission of his offenses. Specifically, Peter Madoff forfeited $143.1 billion dollars and other assets including his primary residence, his vacation homes, and his car.

2

Shana Madoff (Bernard Madoff's niece, Peter Madoff's daughter, and BLMIS's Compliance Director)[2], Susan Elkin (Mark Madoff's ex-wife) and Deborah Madoff (Andrew Madoff's wife).

This amendment addresses the current legal standards and added pleading burden on the Trustee in light of the multiple district court decisions affecting this proceeding. It also removes all dismissed defendants,[3] and the factual allegations and claims asserted against them in the Second Amended Complaint. The TAC focuses its factual allegations on the wrongful conduct of the remaining defendants, the Madoff Brothers and Mark Madoff's widow, Stephanie Mack, and expands the relief sought relating to their claims against the estate.[4]

The Trustee should be granted leave to amend the Second Amended Complaint because there has been no undue delay or bad faith, the TAC will not unduly prejudice the Defendants, the TAC is not futile, and there has been no failure to cure any defects with prior amendments. The TAC is necessary to eliminate allegations and claims against settled defendants no longer in the litigation.

---

[2] Shana D. Madoff is Bernard Madoff's niece, the Madoff Brothers' cousin, and Peter Madoff's daughter. At various times, Shana Madoff held herself out as Compliance Counsel, in-house Counsel, and Compliance Director of BLMIS. Shana Madoff was an experienced investment professional who, along with her father, Peter Madoff, and her uncle, Bernard Madoff, was responsible for overseeing all compliance-related activities at BLMIS. Shana Madoff sold her multi-million dollar vacation home in East Hampton, New York and applied the proceeds of the sale towards her father's forfeiture.

[3] In February 2013, following his criminal conviction and forfeiture of assets, Peter Madoff (Bernard Madoff's brother and BLMIS's Senior Managing Director and Chief Compliance Officer) consented to a final judgment of Ninety Million Three Hundred Ninety Thousand Five Hundred Dollars ($90,390,500.00), and the Trustee agreed to abstain from enforcing the judgment subject to Peter Madoff's cooperation in the recovery of funds for the BLMIS estate. In March 2013, the Trustee dismissed Peter Madoff's daughter and BLMIS's Compliance Director, Shana Madoff. In March 2014, the Trustee settled with Susan Elkin (Mark Madoff's ex-wife), and in May 2014, dismissed Deborah Madoff (Andrew Madoff's wife).

[4] The TAC also reduces the transfers allegations against the Madoff Brothers and Defendant Stephanie Mack and provides additional specificity concerning the Madoff Brothers' compensation from BLMIS.

**II.    DEFENDANTS' CONSENT WAS REQUESTED**

On Monday, July 7, 2014, the Trustee notified the Defendants' counsel of his intent to file the TAC and provided Defendants' counsel with a copy of the TAC. The Trustee requested that Defendants' consent to leave to file on or before Friday, July 11, 2014. The Trustee subsequently granted all defense counsel until close of business on Monday, July 14, 2014 to consent to the Trustee's filing of the TAC pursuant to a request made by the Madoff Brothers' counsel for additional time. No response was received.

**III.    STANDARD FOR GRANTING LEAVE TO AMEND**

Rule 15 of the Federal Rules of Civil Procedure, which applies to this adversary proceeding under Federal Rule of Bankruptcy Procedure 7015, allows a party to amend its pleading upon leave of the court, which shall be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2). *See In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721 (Bankr. S.D.N.Y. 2008). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). On a motion for leave to amend, a court need not decide the merits of a proposed claim "but merely satisfy itself that it is colorable and not frivolous." *Sumitomo Electric Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986).

The Supreme Court has directed that leave to amend should be granted if the claims asserted constitute proper subjects of relief, and the following barriers to amendment are not present: (i) evidence of undue delay or bad faith; (ii) undue prejudice to defendants if leave is granted; (iii) futility of amended claims; and (iv) repeated failure to cure deficiencies by amendments previously allowed. As the *Foman* Court explained:

4

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Sumitomo*, 109 F.R.D. at 628-629. The Second Circuit has explained that leave to amend shall be freely given "if the [movant] has at least colorable grounds for relief…unless the [movant] is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block Building 1 Housing Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979). None of the circumstances that support denial of leave exist here, and the Court should grant the Trustee's motion.

## IV. THE TRUSTEE SHOULD BE GRANTED LEAVE TO FILE A THIRD AMENDED COMPLAINT

The Trustee should be granted leave to file the TAC because there has been no undue delay or bad faith, the TAC will not unduly prejudice the remaining Defendants, the TAC is not futile, and there has been no failure to cure any defect in prior amendments. The TAC essentially sets forth the allegations and claims that have already been asserted in the Second Amended Complaint, focusing on the remaining Defendants and the current law of the case.

### A. The Trustee Has Acted In Good Faith And Without Delay

The Trustee has acted in good faith and without undue delay in seeking leave to file the Third Amended Complaint.

Despite the passage of some time since the Second Amended Complaint was filed, the Trustee has not unduly delayed in seeking leave to amend. As discussed above, during the intervening period, the Trustee dismissed Peter Madoff, Shana Madoff, Susan Elkin, and

5

Deborah Madoff from this action. During this time, the litigation was essentially held in abeyance as the parties waited for district court rulings on legal issues affecting this proceeding.

After the Second Amended Complaint was filed, the district court issued opinions on numerous legal issues, including the applicability of sections 502(d), 546(e), and 550(a) of the Bankruptcy Code, the measure and burden of proving "value" and "good faith" under section 548(c), the impact of the United States Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and the Trustee's standing to assert common law claims against third parties on behalf of the debtors' estate and their creditors. These decisions include the district court's ruling in December 2013, where it held that the Trustee is barred from asserting common law claims against the Madoff Brothers' spouses under the *in pari delicto* doctrine. Many of these decisions were rendered in the last few months and impact the Trustee's claims in this litigation to the point that amendment is necessary and appropriate.

Both the Trustee's dismissal of multiple defendants and the district court's recent decisions affecting this adversary proceeding make amendment necessary and ripe.

### B. There Is No Prejudice To Any Defendant

The Defendants will not be prejudiced if the Court grants the Trustee leave to amend the Second Amended Complaint. Legal prejudice involves, *inter alia*, consideration of whether the new claim would require the opposing party to expend significant additional resources to conduct discovery or prepare for trial and whether the amendment would significantly delay the resolution of the case. *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993). The TAC would not broaden the scope of discovery nor does the TAC present a "sharp change in litigation strategy." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008).

6

The TAC does not add any parties or new claims. As stated above, it reorganizes the same factual allegations in the Second Amended Complaint to focus on the Trustee's claims against the remaining Defendants in light of the managerial and supervisory roles the Madoff Brothers played in the family business, and their unique relationship to the primary fraudster— their father. The Trustee's unjust enrichment claim in the TAC focuses on the Madoff Brothers' lavish lifestyles supported by IA customer money stolen from Madoff's innocent victims, as well as the Madoff Brothers' knowledge of, and/or willful blindness to:

- fictitious and backdated trades that occurred in their own IA accounts;

- fabricated account statements created out of thin air when they needed to show substantial assets in connection with real estate purchases;

- $800 million diverted from the IA business and funneled to the market-making and proprietary trading business that they managed in order to make those businesses appear profitable and to justify their excessive compensation notwithstanding that these business units were losing money;

- in-depth knowledge of the company's actual financial condition;

- concealment of evidence from the SEC in the course of the SEC examinations; and

- specific involvement in the IA business and with IA customers through the examples discussed in the TAC.

Based upon their wrongful and inequitable conduct, including but not limited to the above, the Second Amended Complaint sought disallowance of the claims the Defendants filed against the estate under section 502(d) of the Bankruptcy Code (Count 10 of the Second Amended Complaint) and equitable subordination of those claims under section 510(c) of the Bankruptcy Code (Count 11 of the Second Amended Complaint). The TAC expands upon the legal ground supporting disallowance under section 502 of the Bankruptcy Code to include 502(b)(1), as well as equitable grounds for disallowance in addition to equitable subordination of

the Defendants' claims, none of which will necessitate discovery beyond that contemplated under the Second Amended Complaint.

Although all of the Defendants with the exception of Stephanie Mack have responded to the Second Amended Complaint, no updated pre-trial scheduling order has been entered, and the litigation effectively has been held in abeyance as the parties awaited the district court decisions on issues affecting the litigation. In the interim, the Trustee has produced more than 800,000 pages of documents to Defendants, although the Defendants have not reciprocated with any meaningful discovery to date. *Cf. S.S. Silberblatt,* 608 F.2d at 42 (finding trial court erred in denying motion for leave to amend as defendant would not be prejudiced if appellant were allowed to assert a new claim against it even though the parties had engaged in "extensive discovery for over two years"). No depositions have been scheduled or taken, and expert discovery has not begun. In short, the Defendants cannot claim they will be prejudiced by what is largely a streamlining of the allegations and claims previously made in the Second Amended Complaint.

### C.     The TAC Is Not Futile

The TAC does not seek to revive previously dismissed claims. *See Sumitomo*, 109 F.R.D. at 628 (explaining to grant leave to amend, the court must "merely satisfy itself that it is colorable and not frivolous"). The TAC focuses on the factual allegations and viable claims for relief against the Madoff Brothers and Stephanie Mack in light of the current state of the law. *Compare, e.g. Picard v. Katz*, 462 B.R. 447, 456 & n.9 (S.D.N.Y. 2011) (the burden of pleading the good faith affirmative defense under 548(c) is "initially on the defendants"), *with Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 2014 WL 1651952 at *5 (S.D.N.Y. Apr. 27, 2014) (SIPA affects the burden of pleading good faith under sections 548(c) and 550(b), with the result that "a defendant may succeed on a motion to dismiss by showing that the

8

complaint does not plausibly allege that that defendant did not act in good faith"). At the time the earlier complaints were filed in this proceeding, good faith was an affirmative defense of the defendants, *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 2014 WL 1651952 at *4, which is a question of fact that could only be determined following discovery. *In re Dreier LLP*, 452 B.R. 391, 425 (Bankr. S.D.N.Y. 2011) (denying motion to dismiss in part because "[d]etermining the defendants' good faith is an indisputably factual inquiry to be undertaken by the Court after the close of discovery"). The district court, however, has made a defendant's lack of good faith a pleading burden on the Trustee. The TAC is necessary to address this new pleading burden.

### D. There Has Been No Failure To Cure Any Defect With Prior Amendments

Leave to amend may be denied where previously allowed amendments have failed to cure identified deficiencies. *Foman*, 371 U.S. at 182. Here, however, the Trustee does not seek to cure any deficiencies.

### V. CONCLUSION

Accordingly, for the reasons set forth above, the Trustee respectfully requests that the Court grant leave to file the Third Amended Complaint in substantially the same form as presented in Exhibit 1 attached hereto.

9

| | |
|---|---|
| Date: July 15, 2014<br>New York, New York | **BAKER & HOSTETLER LLP**<br><br>BY: /s/David J. Sheehan<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Lauren J. Resnick<br>Email: lresnick@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* |
| **Of Counsel:**<br>Jimmy Fokas<br>Email: jfokas@bakerlaw.com<br>Sammi Malek<br>Email: smalek@bakerlaw.com<br>Melissa M. Carvalho<br>Email: mcarvalho@bakerlaw.com<br>Patrick T. Campbell<br>Email: pcampbell@bakerlaw.com | |