**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky
Peter B. Shapiro
Jacqlyn R. Rovine

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                    Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC,<br><br>                                    Plaintiff,<br><br>      v.<br><br>1096-1100 RIVER ROAD ASSOCIATES, LLC; FRED A. DAIBES, LLC; and FRED A. DAIBES,<br><br>                                    Defendants. | Adv. Pro. No. 10-05390 (SMB) |

## TRUSTEE'S REQUEST TO ENTER DEFAULT

To:   CLERK OF THE COURT
      UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, respectfully requests that the Clerk of the Court issue a Certificate of Default against defendants 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court file and from the attached Affidavit.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Motion in its entirety and provide for such other relief as this Court deems just and proper.

Dated: New York, New York      Respectfully submitted,
       July 15, 2014

*/s/ Jacqlyn R. Rovine*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC And the Estate of Bernard L. Madoff*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky
Peter B. Shapiro
Jacqlyn R. Rovine

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC,<br><br>                              Plaintiff,<br><br>      v.<br><br>1096-1100 RIVER ROAD ASSOCIATES, LLC; FRED A. DAIBES, LLC; and FRED A. DAIBES,<br><br>                              Defendants. | Adv. Pro. No. 10-05390 (SMB) |

## AFFIDAVIT SUPPORTING ENTRY OF DEFAULT

STATE OF NEW YORK     )
                                            ) ss:
COUNTY OF NEW YORK   )

  Jacqlyn R. Rovine, being duly sworn, hereby attests as follows:

  1. I am a member of the Bar of this Court and an associate at the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities, LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the estate of Bernard L. Madoff, individually.

  2. On December 9, 2010, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes ("Defendants"). (Dkt. No. 1.) The Complaint asserted claims pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and other applicable law, seeking the avoidance and recovery of preferential transfers and fraudulent conveyances in connection with certain transfers of property by BLMIS to or for the benefit of Defendants.

  3. On March 15, 2011, Kramer Levin Naftalis & Frankel LLP entered its appearance as counsel for Defendants. (*See* Dkt. No. 2.)

  4. On March 17, 2011, the Clerk of this Court issued a summons upon Defendants. (Dkt. No. 3.)

  5. On March 18, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Summons and

2

Complaint upon 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes ("Defaulting Defendants"). (*See* Dkt. Nos. 4.) An Affidavit of Service evidencing proper and timely service was filed with the Court. (*See* Ex. A, Affidavit of Service; Dkt. No. 4.)

6. Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which Defaulting Defendants may answer or otherwise move with respect to the Complaint was set to expire April 18, 2011. (*See* Dkt. No. 3.)

7. On April 13, 2011, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be July 15, 2011. The Trustee filed a Notice of Extension with this Court on April 14, 2011. (*See* Dkt. No. 6.)

8. On July 8, 2011, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be October 3, 2011. The Trustee filed a Notice of Extension with this Court on July 12, 2011. (*See* Dkt. No. 9.)

9. On September 20, 2011, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be December 14, 2011. The Trustee filed a Notice of Extension with this Court on September 20, 2011. (*See* Dkt. No. 10.)

10. On December 9, 2011, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the

Complaint would be February 1, 2012. The Trustee filed a Notice of Extension with this Court on December 12, 2011. (*See* Dkt. No. 15.)

11. On January 19, 2012, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be March 16, 2012. The Trustee filed a Notice of Extension with this Court on January 19, 2012. (*See* Dkt. No. 16.)

12. On March 8, 2012, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be June 15, 2012. The Trustee filed a Notice of Extension with this Court on March 13, 2012. (*See* Dkt. No. 19.)

13. On May 19, 2012, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be July 31, 2012. The Trustee filed a Notice of Extension with this Court on May 11, 2012. (*See* Dkt. No. 21.)

14. On July 20, 2012, the Trustee and Defendants stipulated and agreed that the time by which Defaulting Defendants may answer or otherwise respond to the Complaint would be September 14, 2012. The Trustee filed a Notice of Extension with this Court on July 25, 2012. (*See* Dkt. No. 24.)

15. On June 27, 2012, Kramer Levin Naftalis & Frankel LLP moved to withdraw as counsel for Defendants for unresponsiveness and failure to pay expenses and fees owed. (*See* Dkt. No. 22.) The Court granted the motion on July 26, 2012. (Dkt. No. 25.)

16. Despite being duly served with the Summons and Complaint and being given eight extensions to answer or otherwise respond to the Complaint, Defaulting Defendants did not file an answer, move, or otherwise respond to the Complaint on or before September 14, 2012.

17. Defaulting Defendants 1096-1100 River Road Associates, LLC and Fred A. Daibes, LLC are business entities and therefore are neither infants nor incompetents.

18. Upon information and belief, Defaulting Defendant Fred A. Daibes is neither an infant nor incompetent.

19. Moreover, because Defaulting Defendants 1096-1100 River Road Associates, LLC and Fred A. Daibes, LLC are business entities, the protections afforded under the Servicemember's Civil Relief Act of 2003 should not apply.

20. On July 10, 2014, I performed a search on the Department of Defense Manpower Data Center (DMDC). Upon searching the information data banks of DMDC, the DMDC does not possess any information indicating that Defaulting Defendant Fred A. Daibes is currently on active duty as to all branches of the Military.

21. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

*/s/ Jacqlyn R. Rovine*
Jacqlyn R. Rovine

Sworn to before me this
15th day of July 2014

*/s/ Anat Maytal*
Notary Public
State of New York
NO. 02MA6220707
Qualified in Queens County
My Commission Expires 2018

5