DUANE MORRIS LLP
Michael R. Lastowski
Patricia Heer Piskorski
1540 Broadway
New York, NY 10036-4086
mlastowski@duanemorris.com
phheer@duanemorris.com
        and
Jeffrey D. Sternklar (*pro hac vice*)
100 High Street, Suite 2400
Boston, MA 02110-1724
jdsternklar@duanemorris.com

*Attorneys for EVELYN CHERNIS IRREVOCABLE TRUST AGREEMENT FOR SAMANTHA EYGES DTD OCTOBER 6TH 1986; MARILYN CHERNIS, in her capacity as Trustee of the Evelyn Chernis Irrevocable Trust Agreement for Samantha Eyges dtd October 6th 1986; RICHARD EYGES, in his capacity as Trustee of the Evelyn Chernis Irrevocable Trust Agreement for Samantha Eyges dtd October 6th 1986; DAVID M. DUCHESNEAU, in his capacity as Trustee of the Evelyn Chernis Irrevocable Trust Agreement for Samantha Eyges dtd October 6th 1986; and SAMANTHA EYGES*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES  LLC, | |
| Defendant. | (Substantively Consolidated) |

In re:

BERNARD L. MADOFF,

Debtor.

IRVING H. PICARD,

     Plaintiff,

     -against-

EVELYN CHERNIS IRREVOCABLE
TRUST AGREEMENT FOR SAMANTHA
EYGES DTD OCTOBER 6TH 1986;
MARILYN CHERNIS, in her capacity as
Trustee of the Evelyn Chernis Irrevocable
Trust Agreement for Samantha Eyges dtd
October 6th 1986; RICHARD EYGES, in his
capacity as Trustee of the Evelyn Chernis
Irrevocable Trust Agreement for Samantha
Eyges dtd October 6th 1986; DAVID M.
DUCHESNEAU, in his capacity as Trustee of
the Evelyn Chernis Irrevocable Trust
Agreement for Samantha Eyges dtd October
6th 1986; and SAMANTHA EYGES,

     Defendants.

Adv. Pro. No. 10-04711 (SMB)

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

EVELYN CHERNIS IRREVOCABLE TRUST AGREEMENT FOR SAMANTHA
EYGES DTD OCTOBER 6TH 1986; MARILYN CHERNIS, in her capacity as Trustee of the
Evelyn Chernis Irrevocable Trust Agreement for Samantha Eyges dtd October 6th 1986;
RICHARD EYGES, in his capacity as Trustee of the Evelyn Chernis Irrevocable Trust
Agreement for Samantha Eyges dtd October 6th 1986; DAVID M. DUCHESNEAU, in his
capacity as Trustee of the Evelyn Chernis Irrevocable Trust Agreement for Samantha Eyges dtd
October 6th 1986 (collectively, the "Trust Defendants"); and SAMANTHA EYGES, in her
individual capacity (the "Subsequent Transferee Defendant," and together with the Trust

2

Defendants, as the context so admits, the "<u>Defendants</u>") by and through their undersigned attorneys, hereby answer or otherwise respond to the correspondingly numbered paragraphs of the Trustee's complaint ("<u>Complaint</u>") as follows:

## NATURE OF PROCEEDING

1.      Defendants deny the averment in paragraph 1 of the Complaint that they received an avoidable transfer from BLMIS[1].  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 1 of the Complaint, and therefore deny same.

2.      Defendants deny the averment in paragraph 2 of the Complaint that they were beneficiaries (rather than victims) of the alleged Ponzi scheme.  Defendants' investigation into the allegations of the complaint is continuing, and Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegation that "[s]ince December 11, 2002, Defendants received the amount of $1,033,390 from BLMIS" and therefore deny this allegation.  Defendants deny they have received other people's money in the amount of $1,033,390 or any other amount.  Further, in the context of some of the transfers to Defendants (the "Transfers"), Defendants were conduits for transfers to the Internal Revenue Service.  The averment concerning the status of the Subsequent Transferee Defendant is a conclusion of law to which no response from Defendants is required.  To the extent a response is required, Defendants deny same.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 2 of the Complaint, and therefore deny same.

---

[1] Defined terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

DM1\4890830.5

3.      The averments in paragraph 3 of the Complaint constitute conclusions of law to which no response from Defendants is required.  Defendants deny that the Trustee is entitled to recover against them on account of any of the statutes set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Defendants deny the averment in paragraph 4 of the Complaint that this Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and 15 U.S.C. §§ 78eee(b)(2)(A) and (b)(4).  Defendants deny the averment in paragraph 4 of the Complaint that all matters arising in, arising under and related to the District Court Proceeding have been referred to this Court.  Defendants admit the remaining averments in paragraph 4 of the Complaint.

5.      Defendants deny the averments in paragraph 5 of the Complaint, and, pursuant to Fed. R. Bankr. P. 7008, Defendants aver this adversary proceeding is not a core proceeding, that this Court lacks authority to enter final judgment or orders in this adversary proceeding, and that they do not consent to entry of final orders or judgment by the bankruptcy judge.

6.      The averment in paragraph 6 of the Complaint constitutes a conclusion of law to which no response from Defendants is required.  Defendants deny that the Trustee is entitled to recover against them at all, including in this Court.

## DEFENDANTS

7.      Defendants admit the averments in paragraph 7 of the Complaint.

8.      Defendants admit the averments in paragraph 8 of the Complaint.

9.      Defendants admit the averments in paragraph 9 of the Complaint.

10.      Defendants deny the averments in paragraph 10 of the Complaint.  By way of further response, Richard Eyges resigned his position as Trustee in March 2005.

11.      Defendants deny  the averments in paragraph 11 of the Complaint.

DM1\4890830.5

## BACKGROUND, THE TRUSTEE AND STANDING

12.     Defendants admit the averments in paragraph 12 of the Complaint.

13.     Defendants admit the averments in paragraph 13 of the Complaint.

14.     Defendants admit the averments in paragraph 14 of the Complaint.

15.     Defendants admit the averments in paragraph 15 of the Complaint.

16.     Defendants deny the Trustee is entitled to recover against Defendants on behalf of the estate of BLMIS.    Defendants admit the remaining averments in paragraph 16 of the Complaint.

17.     Defendants admit the averments in paragraph 17 of the Complaint.

18.     Defendants admit the averments in paragraph 18 of the Complaint.

19.     The averment in the first sentence of paragraph 19 is a conclusion of law to which no response from Defendants is required, except that Defendants deny the Trustee is charged with recovering any amounts whatsoever from Defendants.    Defendants admit that the Trustee is in the process of marshalling BLMIS's assets and that the liquidation of BLMIS' assets is well underway.    Defendants deny the averment that such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested with BLMIS over the years. Defendants deny the averment that consequently, the Trustee can or must use his authority under SIPA and the Bankruptcy Code to pursue recovery from customers who received alleged preferences and/or payouts of allegedly fictitious profits, or that such alleged preferences or payouts were received to the detriment of other defrauded customers whose money was consumed by the alleged Ponzi scheme.    Defendants deny the averment that absent recovery against them the Trustee will be unable to satisfy the claims described in subparagraphs (A) through (D) of SIPA section 78fff-2(e)(1).    To the contrary, Defendants believe the Trustee's

actions in this adversary proceeding are unnecessary, unlawful, unauthorized and gratuitously harmful to victims of the alleged BLMIS Ponzi scheme.

20.     The averments in paragraph 20 of the Complaint are conclusions of law to which Defendants are not required to respond, except Defendants deny they are liable for any amounts whatsoever to the Trustee on account of the matters averred in paragraph 20 of the Complaint.

21.     The averments in paragraph 21 of the Complaint are conclusions of law to which Defendants are not required to respond, except Defendants deny they are liable for any amounts whatsoever to the Trustee on account of the matters averred in paragraph 21 of the Complaint.

22.     Defendants deny the Trustee has standing to bring the claims and causes of action against them as alleged in the Complaint.  Defendants deny that they caused BLMIS to incur losses and that they injured BLMIS' customers.

a.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 (a) of the Complaint, and therefore deny same.

b.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 (b) of the Complaint, and therefore deny same.

c.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 (c) of the Complaint, and therefore deny same.

d.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 (d) of the Complaint, and therefore deny same.

DM1\4890830.5

e.  Defendants deny the averment in paragraph 22 (e) of the Complaint that the Trustee will be unable to satisfy all Customer Claims, and lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 22 (e) of the Complaint.

f.  Defendants deny the averment in paragraph 22 (f) of the Complaint.

g.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 (g) of the Complaint, and therefore deny same.

h.  The averments in paragraph 22 (h) of the Complaint are conclusions of law to which no response of Defendants is required, except Defendants deny the Trustee may recover against them on account of the matters averred in paragraph 22 h. of the Complaint.

## THE FRAUDULENT PONZI SCHEME

23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of the Complaint, and therefore deny same.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint, and therefore deny same.

25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint, and therefore deny same.

26.  Defendants state that Madoff's Plea Allocution speaks for itself, and that Defendants deny the characterization of that Plea Allocution in paragraph 26 to the extent it is inaccurate or incomplete.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 26 of the Complaint, and therefore deny same.

DM1\4890830.5

27.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint, and therefore deny same.

28.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint, and therefore deny same.

29.      Defendants deny the averment in paragraph 29 of the Complaint that they were associates of Madoff or that any funds of BLMIS were used "to enrich" Defendants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 29 of the Complaint, and therefore deny same.

30.      Defendants deny the averment in paragraph 30 that payments to them constituted an intentional misrepresentation of fact regarding the underlying accounts and that they were necessary to validate the false account statements as averred in paragraph 30 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 30 of the Complaint, and therefore deny same.

31.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of the Complaint, and therefore deny same.

32.      Defendants lack  knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 of the Complaint, and therefore deny same.  Further, any monthly account statements, being in writing, speak for themselves and any characterization or interpretation thereof is denied.

33.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Complaint, and therefore deny same.

34.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint, and therefore deny same.

DM1\4890830.5

35.     Defendants lack  knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of the Complaint, and therefore deny same.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 36 of the Complaint, and therefore deny same.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 of the Complaint, and therefore deny same.

## THE TRANSFERS

38.     Defendants admit the averment in paragraph 38 of the Complaint that an account was maintained at BLMIS in the name of EVELYN CHERNIS IRREVOCABLE TST AGREEMENT FOR SAMANTHA EYGES TST DTD OCTOBER 6TH 1986, although Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment in the first sentence of paragraph 38 purporting to characterize what appeared in BLMIS' records, and therefore deny same.  Defendants admit that the Account Agreements were executed and delivered to BLMIS, and further aver that such Account Agreements are and were at all relevant times binding and enforceable against BLMIS and its successors and assigns, including, without limitation, the Trustee.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 38 of the Complaint, and therefore deny same.

39.     Defendants admit the averment in paragraph 39 of the Complaint that the Account Agreements were to be performed in New York, New York through securities trading activities that would take place in New York, New York.  Defendants admit the averment in paragraph 39 of the Complaint that the Account was held in New York, New York, and Defendants sent funds to BLMIS and/or to BLMIS' accounts in New York, New York for application to the Account and the conducting of trading activities.  Defendants admit the averment in paragraph 39 of the

9

Complaint that they made deposits to their Account at BLMIS through checks and/or wire transfers and/or inter-account transfers from other BLMIS accounts.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 39 of the Complaint, and therefore deny same.

40.    Defendants' investigation is continuing, and Defendants presently lack knowledge or information sufficient to form a belief as to the allegation that during the six years prior to the Filing Date, BLMIS made transfers to Defendants totaling at least $1,033,390, and therefore deny the same.  Hereafter, when Defendants refer to "Transfers," they refer to transfers in an amount to be determined.  Further, certain of the Transfers made to Defendants and to Subsequent Transferee Defendant were made to them conduits for payments to the IRS. Defendants deny all remaining averments in paragraph 40 of the Complaint.

41.    Defendants deny the averments in paragraph 41 of the Complaint.

42.    Defendants deny the averments in paragraph 42 of the Complaint that some or all of the Transfers were subsequently transferred by Defendants to Subsequent Transferee Defendant.  Certain of the Transfers to Subsequent Defendant were made to her as a conduit for payments to the Internal Revenue Service.  Defendants deny all remaining averments in paragraph 42 of the Complaint.

43.    The averments in paragraph 43 of the Complaint constitute conclusions of law to which no response is required from Defendants.  To the extent a response is required, Defendants deny the same.

44.    Defendants deny the averment in paragraph 44 of the Complaint that the Trustee may assert any claims against them, including claims in addition to those set forth in the Complaint that may be time-barred.  Defendants lack knowledge or information sufficient to

DM1\4890830.5

form a belief as to the truth of the remaining averments in paragraph 44 of the Complaint, and therefore deny same.

45.     Defendants deny the averments in paragraph 45 of the Complaint, as the averments in the Complaint speak for themselves, and cannot be re-characterized or amended at the Trustee's sole discretion and in violation of the applicable Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, as he purports to do in paragraph 45 of his Complaint.

## COUNT ONE
### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

46.     Defendants repeat and incorporate by reference the averments in paragraphs 1-45 above as if set forth here at length.

47.     Defendants admit the averment in paragraph 47 of the Complaint.

48.     Defendants deny the averment in paragraph 48 of the Complaint.

49.     Defendants deny the averment in paragraph 49 of the Complaint.

50.     Defendants deny the averments in paragraph 50 of the Complaint.

51.     Defendants deny the averments in paragraph 51 of the Complaint.

## COUNT TWO
### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

52.     Defendants repeat and incorporate by reference the averments in paragraphs 1-51 above as if set forth here at length.

53.     Defendants admit the averment in paragraph 53 of the Complaint.

54.     Defendants deny the averments in paragraph 54 of the Complaint.

55.     Defendants deny the averments in paragraph 55 of the Complaint.

56.     Defendants deny the averments in paragraph 56 of the Complaint.

DM1\4890830.5

57.     Defendants deny the averments in paragraph 57 of the Complaint.

58.     Defendants deny the averments in paragraph 58 of the Complaint.

59.     Defendants deny the averments in paragraph 59 of the Complaint.

60.     Defendants deny the averments in paragraph 60 of the Complaint.

## COUNT THREE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

61.     Defendants repeat and incorporate by reference the averments in paragraphs 1-60 above as if set forth here at length.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 62 of the Complaint, and therefore deny same.

63.     Defendants deny the averments in paragraph 63 of the Complaint.

64.     Defendants deny the averments in paragraph 64 of the Complaint.

65.     Defendants deny the averments in paragraph 65 of the Complaint.

## COUNT FOUR
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

66.     Defendants repeat and incorporate by reference the averments in paragraphs 1-65 above as if set forth here at length.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 67 of the Complaint, and therefore deny same.

68.     Defendants deny the averments in paragraph 68 of the Complaint.

69.     Defendants deny the averments in paragraph 69 of the Complaint.

70.     Defendants deny the averments in paragraph 70 of the Complaint.

71.     Defendants deny the averments in paragraph 71 of the Complaint.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

72.      Defendants repeat and incorporate by reference the averments in paragraphs 1-71 above as if set forth here at length.

73.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 73 of the Complaint, and therefore deny same.

74.      Defendants deny the averments in paragraph 74 of the Complaint.

75.      Defendants deny the averments in paragraph 75 of the Complaint.

76.      Defendants deny the averments in paragraph 76 of the Complaint.

77.      Defendants deny the averments in paragraph 77 of the Complaint.

## COUNT SIX
## FRAUDULENT TRANSFER, NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

78.      Defendants repeat and incorporate by reference the averments in paragraphs 1-77 above as if set forth here at length.

79.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 79 of the Complaint, and therefore deny same.

80.      Defendants deny the averments in paragraph 80 of the Complaint.

81.      Defendants deny the averments in paragraph 81 of the Complaint.

82.      Defendants deny the averments in paragraph 82 of the Complaint.

83.      Defendants deny the averments in paragraph 83 of the Complaint.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

84.      Defendants repeat and incorporate by reference the averments in paragraphs 1-83 above as if set forth here at length.

DM1\4890830.5

85.    Defendants deny the averments in paragraph 85 of the Complaint.

86.    Defendants admit the averments in paragraph 86 of the Complaint that certain of the Subsequent Transfers were transferred by Defendants to Subsequent Transferee Defendant, but deny all remaining averments in paragraph 86 of the Complaint.

87.    Defendants admit the averments in paragraph 87 of the Complaint that certain of the Subsequent Transfers were made directly or indirectly to Subsequent Transferee Defendant, but deny all remaining averments in paragraph 87 of the Complaint.

88.    Defendants admit the averments in paragraph 88 of the Complaint that Subsequent Transferee Defendant is an immediate or mediate transferee of certain of the Subsequent Transfers from Defendants, but deny all remaining averments in paragraph 88 of the Complaint.

89.    Defendants deny the averments in paragraph 89 of the Complaint.

Defendants further deny that the Trustee is entitled to any of the relief requested in the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendants hereby assert the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

Pursuant to the Account Agreements, the Federal Arbitration Act and Article 74 of N.Y.C.P.L.R., this adversary proceeding should be dismissed or stayed and the Trustee should be compelled to submit his causes of action in the Complaint to arbitration.

14

## SECOND AFFIRMATIVE DEFENSE

The Trustee has failed to state a claim upon which relief may be granted, and accordingly this adversary proceeding should be dismissed pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 8(a), made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7008(a), the Trustee has failed to plead the alleged transfers to Subsequent Transferee Defendant with sufficient particularity and, accordingly, all causes of action against Subsequent Transferee Defendant should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the Trustee is requesting recovery of his attorneys' fees in paragraph xi or xii of his prayers for relief, then such recovery is barred by Fed. R. Bankr. P. 7008(b) for the Trustee's failure to plead such request as a claim in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 9(b), made applicable to this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7009, the Trustee has failed to allege the details of the transfer from an initial transferee to a subsequent transferee with sufficient particularity, and thus the Complaint should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to assert the causes of action averred in the Complaint since he has recovered, or will recover, sufficient money to satisfy all Customer Claims in full, and thus by operation of 15 U.S.C. §§ 78fff(a)(1)(B), (b) and 78fff-2(c)(3), he does not have the power or authority to avoid or recover any property or money from Defendants.

DM1\4890830.5

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee lacks standing as assignee of any entity.

## EIGHTH AFFIRMATIVE DEFENSE

The Trustee lacks standing as bailee.

## NINTH AFFIRMATIVE DEFENSE

The Trustee may not avoid any of the allegedly avoidable transfers averred in the Complaint, as the alleged transfers to Defendants were settlement payments within the meaning of 11 U.S.C. § 546(e). The United States District Court for the Southern District of New York previously held that § 546(e) applies to the Trustee's claims and dismissed all relevant claims.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's claimed recovery is barred by applicable Statutes of Limitations, including as set forth in *Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011).

## ELEVENTH AFFIRMATIVE DEFENSE

Counts 2, 4, 5, 6, and 7 are barred by the doctrine of *res judicata*, including on account of *Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011).

## TWELFTH AFFIRMATIVE DEFENSE

Counts 2, 4, 5, 6, and 7 are barred by the doctrine of collateral estoppel, including on account of *Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011).

## THIRTEENTH AFFIRMATIVE DEFENSE

Counts 2, 4, 5, 6, and 7 are barred by the doctrine of law of the case, including on account of *Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011).

DM1\4890830.5

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the Trustee is seeking to avoid transfers that occurred or were made from accounts other than accounts in the Defendants' names to entities other than the Defendants more than six (6) years prior to December 11, 2008, then the Trustee's recovery in this Adversary Proceeding of such transfers is barred by the applicable Statutes of Limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Trustee is seeking to avoid transfers that occurred or were made from accounts other than accounts in the Defendants' names to entities other than the Defendants, then the Trustee has failed to join such entities as parties to this Adversary Proceeding, and this Adversary Proceeding should be dismissed in the absence of such entities as parties pursuant to Fed. R. Civ. P. 19, as made applicable to this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7019.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Trustee's claimed recovery is barred by the doctrine of recoupment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee's claimed recovery is barred by the doctrine of set-off.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants took for value and in good faith any and all allegedly avoidable transfers as averred in the Complaint, and accordingly Defendants may retain the allegedly avoidable transfer they received pursuant to 11 U.S.C. § 548(c).

## NINETEENTH AFFIRMATIVE DEFENSE

If Defendants have given less than a fair consideration for the allegedly avoidable transfers as alleged in the Complaint, then Defendants had given less than a fair consideration for

DM1\4890830.5

the conveyance or obligation without fraudulent intent, and accordingly may retain the property or obligation as security for repayment pursuant to NY Debtor and Creditor Law § 278(2).

### TWENTIETH AFFIRMATIVE DEFENSE

Pursuant to the Account Agreements, Defendants gave a fair consideration for the allegedly avoidable transfers.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Subsequent Transferee Defendant was not the initial transferee of the allegedly avoidable transfers, as averred in the Complaint, or the entity for whose benefit such transfers were made, and accordingly the Trustee may not recover on account of the averments in the Complaint pursuant to 11 U.S.C. § 550(a)(1).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants took all transfers for value, including satisfaction of a present or antecedent debt, in good faith, and without knowledge of the voidability of the allegedly avoidable transfer, and accordingly recovery against them is barred by 11 U.S.C. § 550(b)(1).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants lacked actual knowledge of the BLMIS Ponzi scheme, and accordingly the Trustee may not recover any amounts whatsoever from Defendants pursuant to 11 U.S.C. §§ 548(c) and 550(b)(1).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Subsequent Transferee Defendant received the allegedly avoidable transfers, then Subsequent Transferee Defendant was a good faith transferee of an immediate or mediate transferee of the transferee of such transfers, and accordingly the transfers are not avoidable pursuant to 11 U.S.C. § 550(b)(2).

18

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Trustee's recovery in this adversary proceeding is barred by the doctrine of *in pari delicto*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Trustee's claimed recovery in this adversary proceeding is barred by the "Wagoner Rule" first articulated in *Shearson Lehman Hutton, Inc. v. Wagoner,* 944 F.2d 114 (2nd Cir. 1991).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Certain of the Transfers made to Defendants and to Subsequent Transferee were made to them as a conduits for payments to the Internal Revenue Service.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Court lacks the power and authority to grant the Trustee the relief requested in paragraphs viii, ix, x and (as applicable) xi pursuant to *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961 (1999).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Court lacks the power to enter final orders or judgment against any of the Defendants pursuant to the United States Constitution and the reasoning of *Stern v. Marshall*, 564 U.S. ____, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).

DM1\4890830.5

WHEREFORE, Defendants pray that the Trustee take nothing by way of this adversary

proceeding, and further that the Court award Defendants such other and further relief which the

Court deems just and proper.

Dated: July 18, 2014

Respectfully submitted,

DUANE MORRIS LLP

By: /s/ *Michael R. Lastowski*
Michael R. Lastowski
Patricia Heer Piskorski
1540 Broadway
New York, NY 10036-4086
mlastowski@duanemorris.com
phheer@duanemorris.com
    and
Jeffrey D. Sternklar
jsternklar@duanemorris.com

*Attorneys for the Defendants*

## JURY DEMAND

Defendants demand trial by jury of all claims, causes of action, proceedings and matters to the maximum extent permitted or required by the laws, statutes, regulations and Constitutions of the United States of America and the State of New York.

Dated: July 18, 2014

Respectfully submitted,

DUANE MORRIS LLP

By: /s/ *Michael R. Lastowski*
Michael R. Lastowski
Patricia Heer Piskorski
1540 Broadway
New York, NY 10036-4086
mlastowski@duanemorris.com
phheer@duanemorris.com
        and
Jeffrey D. Sternklar
jsternklar@duanemorris.com

*Attorneys for the Defendants*

DM1\4890830.5