UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF BROWNE JACOBSON, LLP AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM   DECEMBER 1, 2013 THROUGH MARCH 31, 2014**

Browne Jacobson, LLP ("Browne Jacobson"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the consolidated liquidation under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $294,523.70 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $544,410.59 for the period from December 1, 2013 through March 31, 2014 (the "Compensation Period").  In support of the Application, Browne Jacobson respectfully submits as follows:

1

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on October 27, 2011, Browne Jacobson has served as special counsel for the Trustee.

4. On November 9, 2011, this Court entered an order approving the Trustee's motion for authority to retain Browne Jacobson as special counsel to the Trustee in matters pertaining to Israel *nunc pro tunc* to October 27, 2011.

5. The Trustee's motion to retain Browne Jacobson established a fee arrangement pursuant to which Browne Jacobson agreed to a fee reduction in the amount of 10%. Browne Jacobson also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY BROWNE JACOBSON

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

7. Browne Jacobson conferred with and advised the Trustee's U.S. and U.K. counsel regarding in the proceedings involving Madoff *Securities International Limited (in liquidation) v. Raven & Ors*, Claim No. 2010 Folio 1468, which was heard before the English High Court of Justice, Queen's Bench Division (London).

8. Browne Jacobson conferred with and advised the Trustee's U.S. and Gibraltar counsel, and acted as counsel for the Trustee in the matter of *Vizcaya Partners Limited v. Irving Picard*, in the Court Of Appeal for Gibraltar, Civil Appeals 12/2013 and 13/2013. Browne Jacobson assisted with preparation for and participation in the appeal which was heard on October 7-8, 2013.

9. Browne Jacobson conferred with and advised the Trustee's U.S. and Gibraltar counsel, and acted as counsel for the Trustee in the matter of *Irving Picard v. Vizcaya Partners Limited, Bank J Safra (Gibraltar) Limited, Zeus Partners Limited, Asphalia Fund Limited and Siam Capital Management Limited*, 2009 – P – No. 193 in the Supreme Court of Gibraltar. Browne Jacobson assisted with preparation for and participation in filings and other matters related to this action.

10. Browne Jacobson conferred with and advised the Trustee's U.S. and Gibraltar counsel, and acted as counsel for the Trustee in the matter of *Irving Picard v. Vizcaya Partners Limited, Bank J Safra (Gibraltar) Limited, Banque J Safra (Suisse) SA, Zeus Partners Limited, Asphalia Fund Limited*, *Pictet et Cie*, *and Siam Capital Management Limited*, 2010 – P – No. 408 in the Supreme Court of Gibraltar. Browne Jacobson assisted with preparation for and participation in filings and other matters related to this action.

11. Browne Jacobson conferred with and advised the Trustee's U.S. and Gibraltar counsel, and acted as counsel for the Trustee in the matter of *Irving Picard v. Primeo Fund*,

C.I.C.A Cause No. 1 of 2013, Cause No. FSD 0275 of 2010 – AJJ, in the Court of Appeal of The Cayman Islands. Browne Jacobson assisted with preparation for and participation in filings and other matters related to this action.

12. Browne Jacobson advised the Trustee on potential causes of action and remedies under English Law in connection with matters currently pending against certain defendants in England and other jurisdictions, as well as options for enforcement of judgments and injunctive relief.

13. Browne Jacobson conferred with the Trustee's U.S., U.K., Guernsey, Irish and Cayman counsel regarding certain Madoff-related proceedings pending in various jurisdictions.

14. Browne Jacobson also researched and advised the Trustee on issues of English Law, including options for discovery.

15. In addition, Browne Jacobson continued to advise the Trustee regarding proofs of claim prepared and issued in the English High Court of Justice, Commercial Court, in connection with a subsequent transferee action.

### III. COMPENSATION REQUESTED

16. The Application demonstrates how Browne Jacobson has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

17. Browne Jacobson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

18. From December 1, 2013 through March 31, 2014, Browne Jacobson provided a total of 622.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $327,248.56 and the total blended rate for

4

professional services was $526.04/hour. After applying the 10% discount, the total fees incurred is $294,523.70 and the total blended rate is $473.43/hour. Browne Jacobson has agreed to a further 20% holdback of fees in the amount of $58,904.74 resulting in the present request for compensation in the amount of $235,618.96.

19. A breakdown of the total number of hours performed by each Browne Jacobson timekeeper is provided on **Exhibit A** annexed hereto.

20. Browne Jacobson seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the current and past Compensation Periods in the amount of $544,410.59. The vast majority of the expenses for which reimbursement is sought in this application consist of barrister fees and expenses. In England and the British Commonwealth, the legal system is bifurcated, with solicitors conducting legal research and preparation of court filings, while court appearances are undertaken by barristers. In addition, barristers, who are often highly specialized, will assist in areas of legal research, and will be the primary drafters of their court presentations, which, unlike US oral advocacy, can consist of several hours of presentation to the court often over several days. Under the British system, when a barrister is retained for court representation, he or she must be retained by a solicitor. Barristers representing a client in court may not be retained directly by that client. This is why significant barrister fees appear as an expense item. The total barrister fees and expenses included in this reimbursement request are $521,604.86. Those fees and expenses are associated with the in-court representation of the Trustee in matters pending before the Cayman Island Court and the Gibraltarian Court in the Primeo and Vizcaya matters, respectively. An itemized list of these expenses, including, inter alia, court fees and work permits, is detailed on **Exhibit B** attached hereto.

5

## IV. GENERAL MATTERS

21. All of the professional services for which compensation is requested herein were performed by Browne Jacobson for and on behalf of the Trustee and not on behalf of any other person or entity.

22. No agreement or understanding exists between Browne Jacobson and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide Browne Jacobson with compensation for the legal services described herein.

23. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

24. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Browne Jacobson (*see* SIPA § 78fff-3(b)(2)).

25. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay

6

administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

26. Therefore, with respect to this Application, Browne Jacobson requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Browne expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Browne Jacobson respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $294,523.70, of which $235,618.96 is to be paid currently and $58,904.74 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Browne Jacobson to the Trustee from December 1, 2013 through March 31, 2014; and

c. Allowing payment to Browne Jacobson in the amount of $544,410.59 for reimbursement of expenses incurred by Browne Jacobson from December 1, 2013 through March 31, 2014; and

d. Granting Browne Jacobson such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 21, 2014                                    Browne Jacobson

By: _s/Derek Bambury_
Derek Bambury
Mowbray House
Castle Meadow Road
Nottigham
NG2 1BJ
Telephone: +59766000

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF BROWNE JACOBSON FOR SERVICES RENDERED
## FOR THE PERIOD DECEMBER 1, 2013 THROUGH MARCH 31, 2014

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Derek Bambury | $598.60 | 155.7 | $93,202.06 |
| Dominic Offord | $599.57 | 155 | $92,932.99 |
| Declan Cushley | $597.38 | 18.1 | $10,812.63 |
| Andrew Noble | $596.46 | 1.8 | $1,073.62 |
| Tom Spiller | $460.66 | 7.5 | $3,454.91 |
| Beverly Lambert | $457.63 | 1.2 | $549.15 |
| Chloe Poskitt | $463.14 | 119.6 | $55,391.97 |
| Adam Edwards | $460.13 | 2.9 | $1,334.37 |
| Kevin Jones | $596.46 | 17.8 | $10,616.92 |
| Mark Daniels | $597.79 | 26.5 | $15,841.36 |
| Giles Parsons | $460.24 | 48.2 | $22,183.62 |
| Dave Drew | $376.87 | 7.5 | $2,826.53 |
| Emma Fox | $284.02 | 17.5 | $4,970.38 |
| Daniel Whebell | $281.61 | 9.5 | $2,675.31 |
| Emma Braidwood | $281.76 | 33.3 | $9,382.73 |
|  |  |  |  |
| **Total** | **$526.04** | **622.1** | **$327,248.56** |
| **Total minus 10% Discount** | **$473.43** |  | **$294,523.70** |
| **Total Net of 20% Holdback** |  |  | **$235,618.96** |

9

## EXHIBIT B

## EXPENSE SUMMARY OF BROWNE JACOBSON
## FOR THE INTERIM PERIOD
## OF DECEMBER 1, 2013 THROUGH MARCH 31, 2014

| EXPENSES | AMOUNTS |
|---|---|
| Travel Related Expenses | $19,743.11 |
| Conference calls | $36.11 |
| Barrister Fees and Expenses | $521,604.86 |
| Work Permit | $1,952.55 |
| Police Certificate | $147.44 |
| Expenses while traveling | $544.43 |
| Court Fees | $269.42 |
| Courier | $112.67 |
| | |
| **Grand Total** | **$544,410.59** |