**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br>v.<br><br>STEVEN E. LEBER CHARITABLE REMAINDER UNITRUST; STEVEN LEBER in his capacity as Trustee, personal representative of the Estate of Marion Leber, and individually; the ESTATE of MARION LEBER; and ROBERT BANDMAN in his capacity as Trustee,<br><br>         Defendants. | Adv. Pro. No. 10-05121 (SMB) |

**STIPULATION AND ORDER TO DISMISS WITHOUT PREJUDICE**
<u>**DEFENDANT ROBERT BANDMAN**</u>

WHEREAS, on or about November 12, 2010, Irving H. Picard (the "Trustee), as Trustee

for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS"), commenced the above-captioned adversary proceeding (the

"Adversary Proceeding") against Robert Bandman ("Bandman"), among others, in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on August 4, 2011, Defendant Bandman filed his Answer [Dkt. No. 11];

WHEREAS, Defendant Bandman represents as follows:

1. He served as the independent trustee of the Steven E. Leber Charitable Remainder Unitrust (the "Leber CRUT").

2. As independent trustee, his role was limited to making decisions regarding the valuation of the Leber CRUT's illiquid assets. He had no other powers, duties, rights, or liabilities with respect to the Leber CRUT.

3. He did not receive any assets from the Leber CRUT, including any compensation or commission for serving as independent trustee, between 2006 and 2008.

WHEREAS, in support of Defendant Bandman's position, he has provided the Trustee with the Trust Agreement for the Leber CRUT, dated November 22, 1995;

WHEREAS the Trustee, on the basis of the foregoing representations, has agreed to dismiss Defendant Bandman from the Adversary Proceeding without prejudice under certain terms as set forth in this stipulation;

NOW THEREFORE, it is Stipulated and Agreed by and among the undersigned that:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (the "Agreement").

2. The Adversary Proceeding against Defendant Bandman is dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Federal Rule of Bankruptcy Procedure 7041, without prejudice, and without costs, fees or expenses to any party.

3. Notwithstanding the foregoing, Defendant Bandman and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing Defendant Bandman, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that Defendant Bandman is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to Defendant Bandman in connection with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and Defendant Bandman hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. This stipulation is subject in all respects to approval by the Bankruptcy Court.

5. Upon the dismissal of Defendant Bandman, the caption of the Adversary Proceeding is hereby amended to delete Defendant Bandman from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this stipulation.

6. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

7. The Bankruptcy Court retains sole and exclusive jurisdiction over any and all disputes arising out of or relating to this Agreement.

Dated: July 17, 2014

        By: */s/ Nicholas J. Cremona*
        **BAKER & HOSTETLER LLP**
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: (212) 589-4200
        Facsimile: (212) 589-4201
        David J. Sheehan
        Email: dsheehan@bakerlaw.com
        Nicholas J. Cremona
        Email: ncremona@bakerlaw.com
        Heather J. McDonald
        Email: hmcdonald@bakerlaw.com

*Attorneys for Plaintiff Irving R. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*


        By: */s/ Anthony L. Paccione*
        **KATTEN MUCHIN ROSENMAN LLP**
        575 Madison Ave.
        New York, New York 10022
        Telephone: 212.940-8800
        Facsimile: 215.940.8776
        Anthony L. Paccione
        Email: anthony.paccione@kattenlaw.com

*Attorney for Defendant Robert Bandman*


        SO ORDERED

        /s/ STUART M. BERNSTEIN

Dated: July 23rd, 2014     HON. STUART M. BERNSTEIN
New York, New York     UNITED STATES BANKRUPTCY JUDGE