**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>　　　　Plaintiff,<br>　v.<br><br>ESTATE OF ELEANOR MYERS a/k/a ELEANOR BLOCK a/k/a LEE BLOCK,<br><br>TRUST U/W/O HARRIET MYERS,<br><br>MARK E. BLOCK, in his capacity as Personal Representative and Beneficiary of the Estate of Eleanor Myers, and as Trustee of the Trust U/W/O Harriet Myers,<br><br>GERALD J. BLOCK, individually and as Beneficiary of the Estate of Eleanor Myers,<br><br>MELISSA MYERS, as Beneficiary of the Trust U/W/O Harriet Myers, and<br><br>JASON MYERS, as Beneficiary of the Trust U/W/O Harriet Myers,<br><br>　　　　Defendants. | Adv. Pro. No. 10-05401 (SMB) |

**STIPULATION AND ORDER DISMISSING DEFENDANT MARK E. BLOCK**
**WITHOUT PREJUDICE**

WHEREAS, on December 9, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Mark E. Block, in his capacity as Personal Representative and Beneficiary of the Estate of Eleanor Myers, and as Trustee of the Trust U/W/O Harriet Myers (the "Defendant") in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, on December 14, 2011, the Trustee filed an amended complaint in the Adversary Proceeding in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Defendant submitted to the Trustee a hardship application (the "Hardship Application") requesting that the Trustee agree to dismiss the Adversary Proceeding.  In support of the Hardship Application, Defendant submitted to the Trustee financial statements and other information, all under penalty of perjury; and

WHEREAS, in reliance on the representations made by Defendant in the Hardship Application and other representations and/or materials submitted by Defendant in support of the Hardship Application, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss Defendant from the Adversary Proceeding;

IT IS HEREBY agreed and stipulated between the Trustee and Defendant as follows:

1.   Defendant hereby affirms (i) that all representations made by Defendant and all materials provided by Defendant have been submitted by Defendant as true and correct under

penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss Defendant from the Adversary Proceeding.

2. Defendant hereby agrees that to the extent it is subsequently determined that Defendant deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Application, the Defendant hereby agrees (i) that the Trustee shall have the right to reinstitute the Adversary Proceeding against Defendant and/or pursue other remedies available to him and (ii) that Defendant agrees that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and Defendant hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, the Trustee's claims against Defendant are dismissed without prejudice.

4. Upon the dismissal of Defendant, the caption of the Adversary Proceeding is hereby amended to delete Defendant from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6.  This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Dated: July 30, 2014

| **BAKER & HOSTETLER LLP** | **ZEISLER & ZEISLER, P.C.** |
|---|---|
| By: */s/ David J. Sheehan* | By: */s/ Jed Horwitt*_____ |
| 45 Rockefeller Plaza | 10 Middle Street |
| New York, New York 10111 | 15th Floor |
| Telephone: 212.589.4200 | Bridgeport, CT 06604 |
| Facsimile: 212.589.4201 | Telephone (203) 368-4234 |
| David J. Sheehan | Facsimile: (203) 549-0424 |
| Email: dsheehan@bakerlaw.com | Jed Horwitt |
| Nicholas J. Cremona | Email: jhorwitt@zeislaw.com |
| Email: ncremona@bakerlaw.com | |
| Marc E. Hirschfield | *Attorney for Defendant Mark Block* |
| Email: mhirschfield@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**SO ORDERED:**


**By: /s/ STUART M. BERNSTEIN**_____         **Date: July 30th, 2014**
    **HON. STUART M. BERNSTEIN**
    **UNITED STATES BANKRUPTCY JUDGE**