**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04371 (SMB) |
| Plaintiff, | |
| v. | |
| COHEN POOLED ASSET ACCOUNT *et al.*, | |
| Defendants. | |

## TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

# TABLE OF CONTENTS

**<u>Page</u>**

PRELIMINARY STATEMENT ................................................................................... 1

STANDARD OF REVIEW ....................................................................................... 3

I.    DEFENDANTS MISINTERPRET THE APPLICABLE LAW........................................ 4

II.   THE TRUSTEE HAS PROPERLY PLEADED HIS INITIAL AND
      SUBSEQUENT TRANSFER CLAIMS ............................................................... 8

CONCLUSION...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ......................................................................................4, 9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .......................................................................................3, 4, 9

*Boykin v. KeyCorp.,*
521 F.3d 202 (2d Cir. 2008) ...............................................................................9

*Campbell v. Computer Task Group, Inc.,*
No. 00 Civ. 9543 (RWS), 2001 WL 815575 (S.D.N.Y. July 19, 2001) ....................................3

*Cargo Partner AG v. Albatrans, Inc.,*
352 F.3d 41 (2d Cir. 2003) ...............................................................................3

*Donnell v. Kowell,*
533 F.3d 762 (9th Cir. 2008) ..............................................................................6

*In re Hedged-Invs. Assocs.,*
84 F.3d 1286 (10th Cir. 1996) .............................................................................6

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.),*
408 F.3d 689 (11th Cir. 2005) .............................................................................9

*In re J.P. Jeanneret Assocs., Inc.,*
769 F. Supp. 2d 340 (S.D.N.Y. 2011) .....................................................................3

*Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.),*
399 B.R. 352 (Bankr. D. Mass. 2009) ...................................................................11

*Picard v. Chais (In Bernard L. Madoff Inv. Sec. LLC),*
445 B.R. 206 (Bankr. S.D.N.Y. 2011) ........................................................9, 10, 11

*Picard v. Greiff,*
476 B.R. 715 (S.D.N.Y. 2012) ............................................................................6

*Picard v. Katz,*
462 B.R. 447 (S.D.N.Y. 2011) .....................................................................5, 6, 8

*Picard v. Katz,*
No. 11 Civ. 3605 (JSR), 2012 WL 691551 (S.D.N.Y. Mar. 5, 2012) ....................................8

*Picard v. Madoff,*
458 B.R. 87 (Bankr. S.D.N.Y. 2011) ..............................................................11, 12

**TABLE OF AUTHORITIES**

(continued)

Page(s)

*Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC),*
  440 B.R. 243 (Bankr. S.D.N.Y. 2010)...........................................................................9, 10, 11

*Commodity Futures Trading Comm'n v. AVCO Fin. Corp.,*
  979 F. Supp. 232 (S.D.N.Y. 1997)..........................................................................................4

*Scholes v. Lehman,*
  56 F.3d 750 (7th Cir. 1995) ...................................................................................................6

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),*
  499 B.R. 416 (S.D.N.Y. 2013)................................................................................................6

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
  --- F. Supp. 2d ----, 2014 WL 1651952 (S.D.N.Y. 2014)............................................... *passim*

*Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.,*
  234 B.R. 293 (Bankr. S.D.N.Y. 1999)....................................................................................9

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib., Inc.),*
  379 B.R. 5 (Bankr. E.D.N.Y. 2007)........................................................................................9

**Statutes**

11 U.S.C. §§ 101 *et seq.*...........................................................................................................2

11 U.S.C. § 548(a)(1)(A) ..............................................................................................1, 5, 7, 8

11 U.S.C. § 548(c) ..................................................................................................................2, 8

11 U.S.C. § 550(a) ...................................................................................................................4, 9

11 U.S.C. § 550(a)(2)...............................................................................................................2, 5

11 U.S.C. § 550(b) ..........................................................................................................2, 5, 6, 8

11 U.S.C § 550(b)(1) .................................................................................................................5, 6

15 U.S.C. §§ 78aa *et seq.*............................................................................................................1

**Rules**

Fed. R. Bankr. P. 7008...............................................................................................................3

Fed. R. Bankr. P. 7009...............................................................................................................3

Fed. R. Bankr. P. 7012...............................................................................................................3

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

Fed. R. Civ. P. 8 ...................................................................................................................9, 10

Fed. R. Civ. P. 8(a) ...............................................................................................................3, 4

Fed. R. Civ. P. 8(a)(2)..............................................................................................................9

Fed. R. Civ. P. 9(b) ..................................................................................................................3

Fed. R. Civ. P. 12(b)(6)........................................................................................................3, 4

Fed. R. Civ. P. 54(b) ................................................................................................................1

**Other Authorities**

5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1215.........................4

5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1224 ........................9

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation

of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act, 15 U.S.C. §§ 78aa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff

("Madoff"), submits this memorandum of law in opposition to the Motion to Dismiss filed by

defendants Leon Meyers, Harold Cohen Living Trust, Elsa Cohen Living Trust, H&E Cohen

Foundation, and Leon Meyers Trust ("Defendants"), in which Defendants move this Court to

dismiss the Trustee's complaint, which seeks to avoid and recover transfers of customer property

BLMIS made to, or for the benefit of, Defendants within the two years prior to the filing date.

## PRELIMINARY STATEMENT

The facts of this case are straightforward. Defendants are part of a larger pool of

investors who each held interests in one or more of the initial transferee entities.[1] Since 2002,

BLMIS transferred in excess of $22 million in fictitious profits to defendant Cohen Pooled Asset

Account,[2] of which over $10 million were transferred in the last two years.[3] Some or all of these

fictitious profits were subsequently transferred to, or for the benefit of, Defendants. The Trustee

seeks to avoid and recover the two-year fictitious profits Defendants received.[4] Although these

facts remain uncontroverted, Defendants attempt to avoid the straight forward application of

---

[1] Defendants maintained BLMIS account no. 1C1095 under the name Cohen Pooled Asset Account. Defendants' investments into BLMIS were directed through the Cohen Pooled Asset Account by way of 61 Associates LLC.

[2] *See* Compl., Ex. B.

[3] *Id.*

[4] A final judgment dismissing all of the Trustee's avoidance claims, other than those asserted under 11 U.S.C. § 548(a)(1)(A), was entered on May 12, 2012. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) For Entry of Final Judgment Dismissing Certain Claims and Actions, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. May 12, 2012), ECF No. 109.

SIPA and the United States Bankruptcy Code[5] through what is, at best, a strained interpretation

of the law.  Defendants raise two arguments that challenge the Trustee's ability to recover, under

section 550(a)(2) of the Bankruptcy Code,  transfers of fictitious profits subsequently transferred

to Defendants during the two years prior to the filing date.

First, Defendants argue that the Trustee failed to meet the good faith pleading standard

set forth in Judge Rakoff's decision of April 17, 2014.[6]  Misconstruing the effect and application

of the *Good Faith Decision* on this adversary proceeding, Defendants erroneously conclude that

because the Trustee does not challenge Defendants' good faith, "[t]his concession is dispositive,

and mandates dismissal."[7]  Defendants' position not only stands in stark contrast to the actual

holding of the *Good Faith Decision*, but it ignores the District Court's prior rulings in connection

with what constitutes a good faith defense under sections 548(c) and 550(b) of the Bankruptcy

Code.  Whether Defendants acted in good faith is of no moment here, not only because the

Trustee does not challenge Defendants' good faith, but because good faith is only one element of

a section 550(b) affirmative defense.  Defendants completely disregard the fact that they did not

provide the other essential element—"value"—for the fictitious profits they received.  As

described further below, the inability to provide value is fatal to Defendants' argument and

allows the Trustee to avoid and recover the transfers at issue in this case.

Second, Defendants attempt to evade liability by arguing that the Trustee failed to satisfy

his pleading burden with respect to the subsequent transfers of customer property Defendants

received. This assertion is equally flawed because, as discussed more fully below, the Trustee's

---

[5] 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

[6] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, --- F. Supp. 2d ----, 2014 WL 1651952 (S.D.N.Y. 2014) (the "*Good Faith Decision*").

[7] Mem. of Law in Support of Subsequent Transferee Defs.' Mot. to Dismiss ("Defs.'Br."), at 2.

complaint contains more than enough information to provide Defendants with sufficient notice of the claims asserted against them.

Accordingly, the Trustee respectfully requests that the Court reject Defendants' arguments in their entirety and deny the motion.

## **STANDARD OF REVIEW**

Defendants moved pursuant to Federal Rules of Civil Procedure 8(a), 9(b)[8] and 12(b)(6), as made applicable here by Rules 7008, 7009 and 7012 of the Federal Rules of Bankruptcy Procedure.  Rule 12(b)(6) provides for the dismissal of a cause of action for "failure to state a claim upon which relief can be granted."  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court "must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff."[9]  The only issue on a motion to dismiss is whether the plaintiff has adequately pleaded his claims.  To do so here, the Trustee is not required to plead detailed factual allegations, but rather must simply plead "enough facts to state a claim to relief that is plausible on its face."[10]

Moreover, in moving to dismiss under Rule 12(b)(6), the moving party has "a substantial burden" to demonstrate that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[11]  In other words, Defendants, as the moving

---

[8] The question of whether Defendants acted in bad faith is not an issue in this adversary proceeding, therefore, Defendants' challenge under Rule 9(b) to the sufficiency of the Trustee's pleading with respect to bad faith is misplaced and need not be addressed.  *See* Defs.' Br. at 7 n.2.

[9] *In re J.P. Jeanneret Assocs., Inc.*, 769 F. Supp. 2d 340, 353 (S.D.N.Y. 2011) (citing *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

[10] *Twombly*, 550 U.S. at 570.

[11] *Campbell v. Computer Task Group, Inc.*, No. 00 Civ. 9543 (RWS), 2001 WL 815575, at *2 (S.D.N.Y. July 19, 2001).

parties, carry the burden of demonstrating how the Trustee's allegations are deficient and require dismissal.[12]

Under Rule 8(a), a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[13] in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[14]  Factual allegations need not be detailed, but merely raise the right to relief above the speculative level.[15]  A complaint has satisfied the pleading requirement under Rule 8(a) if it contains sufficient information to enable a defendant to respond.[16]

Defendants cannot meet their burden under Rules 12(b)(6) or 8(a), because they raise issues not in dispute, raise issues not ripe for consideration on a motion to dismiss, or simply misapply the law.  Accordingly, Defendants' motion lacks merit and should be denied.

## I.    DEFENDANTS MISINTERPRET THE APPLICABLE LAW

In making their motion, Defendants ignore the nature of the underlying proceeding, and misinterpret the applicable law.  Defendants incorrectly argue that Judge Rakoff's "good faith" ruling precludes the Trustee from  pursuing recovery of subsequent transfers under section 550(a) in any action where the Trustee does not bring affirmative, plausible allegations of bad faith.[17]  This argument fails to take into account the limited nature of the *Good Faith Decision*,

---

[12] *Commodity Futures Trading Comm'n v. AVCO Fin. Corp.*, 979 F. Supp. 232, 236  (S.D.N.Y. 1997).

[13] *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[14] *Twombly*, 550 U.S. at 555.

[15] *See id.*

[16] *See* 5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1215 (3d ed. 2004).

[17] Defs. Br. 6–8 (citing the *Good Faith Decision*, at *5).

4

which has no application here, or in any case in which the transferee fails to provide value for the transfers it received. Although the Trustee does not challenge Defendants' good faith in this adversary proceeding,[18] it is simply not the case that he is foreclosed from avoiding and recovering subsequent transfers from Defendants based on that concession. Simply put, Defendants misunderstand the holding in, and effect of, the *Good Faith Decision* by failing to take into account other recent decisions by the District Court.

Defendants challenge the Trustee's ability to recover subsequent transfers of customer property Defendants received from initial transferees, but, do not contend that the Trustee failed to plead a *prima facie* case for avoidance and recovery of the initial transfers. Nor could they, the law supporting the Trustee's claims is well-settled.[19] Foregoing a challenge to the Trustee's avoidance claims, Defendants instead attempt to defeat the Trustee's recovery action by invoking the protections of section 550(b)'s affirmative defense.[20] As the District Court noted, this requires Defendants to prove that they received the transfers (1) for value; (2) in good faith; and (3) without knowledge of the voidability of the transfer avoided.[21] Defendants' fail to establish, or even recognize, the first prong of this defense.

---

[18] The Trustee reserves the right to seek to amend the complaint if discovery reveals bad faith conduct.

[19] BLMIS's actual fraudulent intent under section 548(a)(1)(A) has been established as a matter of law and the transfers to, or for the benefit of, Defendants during the two year period are recoverable on that basis. *See Picard v. Katz*, 462 B.R. 447, 453 (*Katz I*) (S.D.N.Y. 2011) (finding that "all of Madoff Securities' transfers during the two-year period were made with actual intent to defraud present and future creditors.").

[20] Defendants do not identify the provision of the Bankruptcy Code on which they base their arguments. Citing rotely to the *Good Faith Decision*, Defendants only state that the Trustee has failed to meet the "good faith pleading requirement"—i.e., the Trustee failed to "plead bad faith." Defs.' Br. at 6. Because the Trustee seeks recovery from Defendants under section 550(a)(2), he will assume, for purposes of this motion, that Defendants seek to invoke the affirmative defense of section 550(b).

[21] *Good Faith Decision*, 2014 WL 1651952, at *5 (quoting 11 U.S.C § 550(b)(1)).

The requirements under section 550(b) are conjunctive, therefore, the fact that the Trustee concedes good faith does not mean that recovery from a subsequent transferee is somehow precluded.  Defendants must prove that they provided value for the transfers they received.  The *Good Faith Decision*, on which Defendants so heavily rely, confirms this legal fact.[22]  The District Court recognized that there is no need to assess a defendant's good faith if that defendant failed to satisfy the value element of section 550(b).  In their zeal to overcome the inconvenient facts of this case, Defendants blatantly disregard the long line of decisional authority holding that, in a Ponzi scheme, investors cannot provide value for transfers received in excess of their principal investment.[23]  The District Court has stated on more than one occasion that transfers exceeding "the return of Defendants' principal . . . were not for value."[24]  Judge Rakoff went so far as to discuss the "the difficulty defendants will have in establishing that they took their net profits for value,"[25] so much so that "the Trustee might well prevail on summary judgment seeking recovery of the profits."[26]  Because the transfers the Trustee seeks to recover from Defendants consist entirely of fictitious profits—a fact Defendants do not contest—Defendants are unable to meet the first prong of the section 550(b)(1) affirmative defense.

---

[22] *Good Faith Decision*, 2014 WL 1651952, at *5 ("However, under section 550(b), [t]he trustee may not recover from a subsequent transferee who 'takes **for value**, . . . in good faith, and without knowledge of the voidability of the transfer avoided'" (quoting 11 U.S.C. § 550(b)(1)) (emphasis added).

[23] *Donnell v. Kowell*, 533 F.3d 762, 771-772 (9th Cir. 2008) ("Amounts transferred by the Ponzi scheme perpetrator to the investor are netted against the initial amounts invested by that individual.  If the net is positive, the receiver has established liability."); *Scholes v. Lehman*, 56 F.3d 750, 757 (7th Cir. 1995) (same); *In re Hedged-Invs. Assocs.*, 84 F.3d 1286, 1290 (10th Cir. 1996) (same).

[24] *Picard v. Greiff*, 476 B.R. 715, 725 (S.D.N.Y. 2012); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)* ("*Antecedent Debt Decision*"), 499 B.R. 416, 421 (S.D.N.Y. 2013) (same).

[25] *Katz I*, 462 B.R. at 454 n.6.

[26] *Id.*

Defendants' understanding of the District Court's analysis in the *Good Faith Decision* is, at best, flawed. According to Defendants, the *Good Faith Decision* requires the Trustee to "affirmatively plead bad faith in this action."[27] Not only is this argument at odds with Defendants' own assertion that the Trustee "does not challenge the good faith of the initial or subsequent transferee(s) in this action,"[28] but, it completely ignores the factors identified by the District Court as relevant to its holding. In footnote one of the *Good Faith Decision*, Judge Rakoff begins his analysis by informing the parties that: "For purposes of this Opinion and Order, it is assumed that the transfers at issue were made 'for value.'"[29] In other words, the District Court's entire analysis was predicated on the assumption that the transfers at issue consisted of *principal*, not fictitious profits. The District Court recognized that there is no need to Defendants make no mention of the for value requirement, much less advance any arguments suggesting that they provided value for the transfers the Trustee seeks to recover. Thus, the *Good Faith Decision* has no applicability here, and is therefore irrelevant to the avoidance and recovery of the subsequent transfers Defendants received, regardless of Defendants' good faith.

Other decisions from the District Court leave little room for debate on this issue. For example, in *Katz I*, Judge Rakoff discussed the conditions under which the Trustee could recover transfers under section 548(a)(1)(A):

> It is clear that the principal invested by any of Madoff's customers "gave value to the debtor," and therefore may not be recovered by the Trustee absent bad faith. As for transfers made by Madoff Securities to its customers in excess of the customers' principal—that is, the customers' profits—these were in excess of the

---

[27] Defs.' Br. at 5, 6, 7 ("Judge Rakoff held that the Trustee must affirmatively plead 'bad faith' in this action.").

[28] *Id.* at 2.

[29] *Good Faith Decision*, 2014 WL 1651952, at *1 n.1.

"extent" to which the customers gave value, and hence, if adequately proven, may
be recovered regardless of the customers' good faith.

462 B.R. at 453. Under *Katz I*, and the substantive law governing this case there is no question

that the Trustee may avoid and recover the subsequent transfers of fictitious profits Defendants

received.

Following the decision in *Katz I*, the Trustee moved for partial summary judgment

seeking to recover, under section 548(a)(1)(A), the transfers of fictitious profits defendants

received in the two years prior to the filing date. Under the rationale discussed in *Katz I*, Judge

Rakoff granted the Trustee's motion concluding that "the value the Defendants gave to Madoff

Securities—and therefore the amount that they received from Madoff Securities during the

applicable two year period that they can withhold from the Trustee under § 548(c) unless the

Trustee shows bad faith—is equal to the amount of their investment."[30]

The law is quite clear on this point. Defendants' did not, because they could not, provide

value for the transfers of fictitious profits they received in the two years prior to the filing date,

and thus are not protected by section 550(b)'s affirmative defense. As a result, Defendants'

arguments should be rejected.

## II.    THE TRUSTEE HAS PROPERLY PLEADED HIS INITIAL AND SUBSEQUENT TRANSFER CLAIMS

Defendants also challenge the sufficiency of the Trustee's complaint with respect to the

counts seeking to recover subsequent transfers from the Defendants. Specifically, Defendants

point to certain of the Trustee's allegations based upon information and belief, and complain that

these assertions lack the requisite specificity called for by the Federal Rules. Contrary to

---

[30] *Picard v. Katz*, No. 11 Civ. 3605 (JSR), 2012 WL 691551, at *1, ("*Katz II*") (S.D.N.Y. Mar. 5, 2012)
("the Trustee could recover from defendants their *net profits* received during the two years prior to
Madoff Securities' bankruptcy filing unless defendants could show that those profits were received in
return '*for value*'") (emphasis in original).

Defendants' arguments, however, the complaint adequately pleads the Trustee's right to avoid

and recover funds transferred by BLMIS to initial transferee defendants, and then, where

applicable, recover funds thereafter transferred to the subsequent transferee defendants.

The Supreme Court's *Twombly* and *Iqbal* decisions focus on the "plausibility" of

allegations.[31] Thus, a plaintiff retains the right to file a complaint even one based on

"information and belief" when matters that are necessary to "complete the statement of a claim

are not within the knowledge of the plaintiff."[32]A trustee's burden is simply to "demonstrate

sufficient facts to show, if proved, that the funds at issue originated with the debtor," dollar-for-

dollar tracing is not required.[33] As such, the Trustee must provide only a "short and plain

statement of the claim showing that [he] is entitled to relief"[34] and need only "identif[y] relevant

pathways" through which the funds flowed.[35]

This Court has previously held that Rule 8 of the Federal Rules of Civil Procedure

applies in determining whether the Trustee has sufficiently pleaded his claim to recover

fraudulent transfers from subsequent transferees.[36] In *Chais*, this Court found that the Trustee's

---

[31] *Boykin v. KeyCorp.*, 521 F.3d 202, 213 (2d Cir. 2008) (finding that *Iqbal* and *Twombly* require facts necessary "to render the claim plausible").

[32] 5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1224.

[33] *Picard v. Chais (In Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 235 (Bankr. S.D.N.Y. 2011) (quoting *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007)); *see also Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 243, 270 (Bankr. S.D.N.Y. 2010).

[34] Fed. R. Civ. P. 8(a)(2).

[35] *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 709 (11th Cir. 2005).

[36] *Merkin*, 440 B.R. at 269 (Bankr. S.D.N.Y. 2010) (finding that the Court "need only apply a Rule 8 analysis" to determine "whether a claim to recover fraudulent transfers from a subsequent transferee is adequately pled"); *Chais*, 445 B.R. at 235 (same); *Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*,

subsequent transfer claims satisfied Rule 8 where the initial transfers were set forth in an exhibit

"specifying the dates upon which they took place, the method of transfer, the transferor, and the

specific transferees," and where the Trustee pleaded on information and belief that some or all of

those transfers were subsequently transferred by the initial transferees directly or indirectly to the

subsequent transferees.[37]   In so holding, the Court placed particular emphasis on the initial

transfers "set forth with particularity in Exhibit B to the Complaint,"[38] which the Court

determined provided "fair notice to the Moving Defendants of the Subsequent Transfers sought

to be recovered."[39]   The exhibits attached to the Trustee's complaint against Defendants

provides the same level of detail and specificity that was provided by the exhibits in *Chais*.   The

*Chais* court also pointed out that the Trustee's subsequent transfer claims pleaded upon

information and belief were "acceptable as to facts peculiarly within the opposing party's

knowledge."[40]

Defendants' argument that the Trustee has provided insufficient factual detail of the

subsequent transfers attempts to hold the Trustee to the same level of specificity with respect to

the subsequent transfers as the Trustee has been able to provide with respect to the transfers from

BLMIS to the initial transferees.   Given that the details of these subsequent transfers are uniquely

within the control of the Defendants, that argument is specious.   This Court has previously

acknowledged that the Trustee has a reduced burden with respect to pleading subsequent transfer

---

234 B.R. 293, 317-18 (Bankr. S.D.N.Y. 1999) ("[R]ecovery under § 550(a) is not subject to a
particularized pleading standard.").

[37] *Chais*, 445 B.R. at 235–36; *see also Merkin*, 440 B.R. at 269 (same).

[38] *Chais*, 445 B.R. at 235.

[39] *Id.*

[40] *Id.* at 236 n.27.

claims because he has no first-hand knowledge regarding the transfers.[41]  In *Chais*, the Court found that the Trustee's tracing burden is relaxed where, as here, the Defendants are individuals and entities who are interrelated and closely associated, because they alone have detailed information about the transfers.[42]  Judge Lifland recognized that the Trustee "is an outsider to these transactions and will need discovery to identify specific subsequent transfers by date, amount and the manner in which they were effected."[43]

The Trustee's complaint here contains information sufficient to satisfy the standard set out by this Court in *Merkin* and *Chais*.  Together, the complaint's allegations and exhibits set forth the precise manner in which funds were transferred from BLMIS to the initial transferee defendants, including dates, amounts, and method of transfer and provides that some or all of these transfers were then transferred to one or more of the subsequent transferee defendants. That transfers were made to Defendants is clear from their roles as "investors" and "partners" in the initial transferee entities, Cohen Pooled Asset Account and 61 Associates LLC—a fact Defendants do not dispute.[44]

Defendants rely on this Court's decision in *Picard v. Madoff*[45] for the proposition that the Trustee's allegations of subsequent transfer liability do not adequately state a claim for relief.[46]  Without providing context or qualification of the circumstances in *Madoff Family*,

---

[41] *Id.* at 236.

[42] *Chais*, 445 B.R. at 236.

[43] *Id.* (*citing Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)*, 399 B.R. 352, 365 (Bankr. D. Mass. 2009)).

[44] *See* Compl. ¶¶ 11, 12, 13, 16, and 17.

[45] 458 B.R. 87 (Bankr. S.D.N.Y. 2011) ("*Madoff Family*").

[46] *See* Defs.' Br. at 8-9.

Defendants misconstrue its relevance.  The subsequent transfer claims found deficient by the court in *Madoff Family* were vastly different from the subsequent transfer claims asserted here. To be sure, the level of detail in the subsequent transfer allegations at issue in the *Madoff Family* complaint do not come close to the Trustee's factual allegations against Defendants.  For one thing, there were no supporting documents underlying the transfers at issue in *Madoff Family*— i.e., there were no exhibits supporting the Trustee's fraudulent transfer claims.  Since the decision in *Madoff Family* was rendered, the Trustee has amended his complaint in that adversary proceeding to include exactly the same level of information provided in the claims against Defendants.  To date, the sufficiency of the claims in the *Madoff Family* amended complaint has not been challenged, and all but one of the defendants have answered.

In short, the Trustee has not been afforded the opportunity to conduct any discovery from the Defendants.  After discovery is complete, the Trustee expects that he will be able to provide the same level of detail with respect to the subsequent transfers as he has with regard to the initial transfers.  To require the Trustee to do more at this point would be to require him to provide details that are presently known only to the Defendants.


[*Remainder of This Page Intentionally Left Blank*]

## CONCLUSION

For the reasons discussed above, the Trustee respectfully requests that Defendants'

motion be denied in its entirety.  Alternatively, should the Court determine that there is merit to

any particular argument asserted by Defendants, the Trustee respectfully requests leave to amend

the complaint.

Dated:  August 5, 2014
New York, New York

**BAKER HOSTETLER LLP**

By: *s/ Dominic A. Gentile*
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Dominic A. Gentile
Email: dgentile@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the estate of Bernard L.*
*Madoff*