**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Bankruptcy Case No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> CAPITAL GROWTH COMPANY; DECISIONS, INC.; FAVORITE FUNDS; JA PRIMARY LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP; JEMW PARTNERSHIP; JF PARTNERSHIP; JFM INVESTMENT COMPANIES; JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER; BARBARA PICOWER, individually and as Executor of the Estate of Jeffry M. Picower, and as | Adv. Pro. No. 14-01840 (SMB) <br><br> **TRUSTEE'S BRIEF IN OPPOSITION TO FOX PLAINTIFFS' MOTION FOR DISCOVERY** |

Trustee for the Picower Foundation and for the Trust
f/b/o Gabriel H. Picower,

Intervenors,

-against-

SUSANNE STONE MARSHALL; ADELE FOX;
MARSHA PESHKIN; RUSSELL OASIS; A & G
GOLDMAN PARTNERSHIP; and PAMELA
GOLDMAN,

Defendants.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTS ........................................................................................................................................4

    I.    FOX PLAINTIFFS' ROLE IN THE BLMIS PROCEEDING AND
        FLORIDA DISTRICT COURT ACTION ..............................................................5

    II.   THE TRUSTEE'S ACTION TO ENFORCE THE PERMANENT
        INJUNCTION ..........................................................................................................6

ARGUMENT: THE FOX PLAINTIFFS HAVE NO BASIS TO OBTAIN DISCOVERY ..........8

    I.    DISCOVERY UNDER BANKRUPTCY RULE 2004 IS IMPROPER.................8

    II.   THE FOX PLAINTIFFS ARE IMPROPERLY ATTEMPTING TO OBTAIN
        PRE-COMPLAINT DISCOVERY UNDER THE FEDERAL RULES ...............12

    III.  THE FOX PLAINTIFFS HAVE FAILED TO ESTABLISH GOOD CAUSE
        FOR DISCOVERY ...............................................................................................14

    IV.  THE REQUESTED DISCOVERY FROM MRS. PICOWER AND MS.
        FREILICH IS IMPROPER ...................................................................................17

    V.   A DEPOSITION OF MADOFF IS IMPROPER AND UNJUSTIFIED...............18

CONCLUSION..........................................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*,
  No. 97-CV-4978, 1999 WL 47223 (S.D.N.Y. Feb. 3, 1999)....................................................16

*Adelphia Recovery Trust v. Goldman, Sachs & Co.*,
  748 F.3d 110 (2d Cir. 2014)....................................................................................................10

*In re Allegretti*,
  229 F.R.D. 93 (S.D.N.Y. 2005) .........................................................................................18, 19

*Ash v. Cort*,
  512 F.2d 909 (3d Cir. 1975)..........................................................................................18, 20, 21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................15

*In re Austin*,
  No. 13 Misc. 252, 2013 WL 5255125 (S.D.N.Y. July 16, 2013) ................................12, 13, 18

*In re Backer*,
  No. 10 Civ. 0862, 2010 WL 2816789 (S.D.N.Y. July 16, 2010) ...........................................13

*In re Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*,
  258 B.R. 580 (Bankr. S.D.N.Y. 2001)......................................................................................8

*Bear, Stearns & Co. v. 1109580 Ontario, Inc.*,
  409 F.3d 87 (2d Cir. 2005).......................................................................................................16

*In re Bennett Funding Grp., Inc.*,
  203 B.R. 24 (Bankr. N.D.N.Y. 1996) ...............................................................................8, 10

*In re Bernard L. Madoff Inv. Sec. LLC*,
  No. 13-CV-4332, 2014 WL 1302660 (S.D.N.Y. Mar. 31, 2014)...........................................21

*In re CIS Corp.*,
  123 B.R. 488 (S.D.N.Y. 1991)...........................................................................................11, 12

*In re Coffee Cupboard, Inc.*,
  128 B.R. 509 (Bankr. E.D.N.Y. 1991).............................................................................11, 14

*In re Comdisco, Inc.*,
  No. 06-C-1535, 2006 WL 2375458 (N.D. Ill. Aug. 14, 2006) ...............................................10

*In re Deiulemar Compagnia Di Navigazione S.P.A.*,
  198 F.3d 473 (4th Cir. 1999) ...................................................................................................18

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

*In re Drexel Burnham Lambert Grp,, Inc.*,
   123 B.R. 702 (Bankr. S.D.N.Y. 1991) ....................................................................11

*In re Enron Corp.*,
   281 B.R. 836 (Bankr. S.D.N.Y. 2002) ...................................................................10

*ePlus, Inc. v. Katz (In re Metiom, Inc.)*,
   318 B.R. 263 (S.D.N.Y. 2004) ...............................................................................14

*In re Federated Dep't Stores, Inc.*,
   No. 1-90-00130, 1990 Bankr. LEXIS 1833 (Bankr. S.D. Ohio Aug. 7, 1990) .......12

*In re Federated Dep't Stores, Inc.*,
   114 B.R. 501 (Bankr. S.D. Ohio 1990) ..................................................................12

*In re Ferkauf*,
   3 F.R.D. 89 (S.D.N.Y. 1943) .................................................................................19

*Fox v. Picard*,
   848 F. Supp. 2d 469 (S.D.N.Y. 2012) ...............................................................6, 17

*Frigerio v. United States*,
   No. 10-CV-9086, 2011 WL 3477135 (S.D.N.Y. 2011) ...........................................13

*Hosp. Bldg. Co. v. Rex Hosp. Trs.*,
   425 U.S. 738 (1976) ...............................................................................................16

*Jesup, Josephthal & Co., Inc. v. Piguet & Cie*,
   No. 09-CV-6544, 1991 WL 168053 (S.D.N.Y. Aug. 22, 1991) ......................15, 16

*Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
   42 B.R. 362 (S.D.N.Y. 1984) .................................................................................12

*In re Larkham*,
   24 B.R. 70 (Bankr. Vt. 1982) .................................................................................11

*In re Legg Mason Inv. Counsel & Trust Co., N.A.*,
   No. 11-MC-62, 2011 WL 1533165 (S.D.N.Y. Apr. 19, 2011) ...............................19

*In re Liquor Salesmen's Union Local 2D Pension Fund*,
   No. 12-CV-2786, 2012 WL 2952391 (E.D.N.Y. July 19, 2012) ................13, 18, 19

*In re Lufkin*,
   255 B.R. 204 (Bankr. E.D. Tenn. 2000) .................................................................9

*In re Madison Williams and Co., LLC*,
   No. 11-15896, 2014 WL 56070 (Bankr. S.D.N.Y. Jan. 7, 2014) ............................11

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Marshall v. Picard*,
    740 F.3d 81 (2d Cir. 2014)..................................................................1, 2, 6, 12

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
    379 F. Supp. 2d 348 (S.D.N.Y. 2005)..........................................................13

*In re MF Global, Inc.*,
    No. 11-02790, 2013 WL 74580 (Bankr. S.D.N.Y. Jan. 8, 2013) .......................8, 14

*In re Mittco, Inc.*,
    44 B.R. 35 (Bankr. E.D. Wis. 1984) ...........................................................11

*Nevada v. O'Leary*,
    63 F.3d 932 (9th Cir. 1995) .....................................................................18

*Norex Petrol. Ltd. v. Access Indus., Inc.*,
    620 F. Supp. 2d 587 (S.D.N.Y. 2009)..........................................................20

*Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Delaware, Inc. v.
    Friedman (In re Subpoena Issued to Dennis Friedman)*,
    350 F.3d 65 (2d Cir. 2003)......................................................................14

*PegaSync Tech., Inc. v. Patros*,
    No. 14-MC-50440, 2014 WL 2763620 (E.D. Mich. June 18, 2014)......................19

*Picard v. Fox*,
    429 B.R. 423 (Bankr. S.D.N.Y. 2010) ..........................................................5

*Picard v. Marshall*,
    511 B.R. 375 (Bankr. S.D.N.Y. 2014) .........................................................12

*Picard v. Stahl*,
    443 B.R. 295 (Bankr. S.D.N.Y. 2011) .........................................................17

*In re Recoton Corp.*,
    307 B.R. 751 (Bankr. S.D.N.Y. 2004) .........................................................11

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    496 B.R. 713 (Bankr. S.D.N.Y. 2013).........................................................14

*Snyder v. Soc'y Bank*,
    181 B.R 40 (S.D. Tex. 1994) ...............................................................9, 10

*In re Table Talk, Inc.*,
    51 B.R. 143 (Bankr. Mass. 1985) ..............................................................11

*Tammac Corp. v. Williams*,
    No. 92-CV-390S, 1993 WL 330639 (W.D.N.Y. Aug. 13, 1993)...........................16

TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Towers Fin. Corp.*,
   164 B.R. 719 (S.D.N.Y. 1994)..............................................................................10

*United States v. Van Rossem*,
   180 F.R.D. 245 (W.D.N.Y. 1998).........................................................................20

*In re Yamaha Motor Corp.*,
   251 F.R.D. 97 (N.D.N.Y. 2008)...............................................................18, 20, 21

**Rules**

Fed. R. Bankr. P. 2004 ..................................................................................... *passim*

Fed. R. Bankr. P. Part VII ......................................................................................13

Fed. R. Civ. P. 26...................................................................................... 3, 12, 21

Fed. R. Civ. P. 27 ............................................................................................ *passim*

Fed. R. Civ. P. 30.................................................................................. 3, 4, 12, 21

Fed. R. Civ. P. 34............................................................................................3, 12

**Other Authorities**

6 Moore's Federal Practice §§ 27.31, 27.33 (3d ed.1997)................................20, 21

MJ Lee, *Bernie Madoff Speaks: Politics, Remorse, and Wall Street*, Politico
   (Mar. 20, 2014) ..................................................................................................20

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation

of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L.

Madoff ("Madoff"), individually, by and through his counsel, respectfully submits this

opposition to the motion seeking certain discovery filed by Susanne Stone Marshall

("Marshall"), Adele Fox ("Fox"), Marsha Peshkin ("Peshkin"), and Russell Oasis ("Oasis")

(Marshall, Fox, Peshkin and Oasis are collectively the "Fox Plaintiffs"), ECF No. 64 (the

"Discovery Motion").

## PRELIMINARY STATEMENT

The discovery sought by the Fox Plaintiffs lacks any basis in law and follows a long

history of litigation in this Court, the district court, and the Second Circuit.  In 2011, the Trustee

settled his claims against the estate of Jeffry Picower and related entities (the "Picower

Defendants") on behalf of the BLMIS estate (the "Picower Settlement").  The Picower

Defendants paid over $7.2 billion in connection with that settlement, representing the total net

withdrawals from BLMIS to the Picower Defendants.  As an integral part of that landmark

settlement, the bankruptcy court issued a permanent injunction barring others from suing the

Picower Defendants on claims that were the same as the fraudulent transfer claims brought by

the Trustee in his adversary proceeding against those defendants, or which derived from those

claims (the "Permanent Injunction").  The Second Circuit recently affirmed the propriety of the

Permanent Injunction, and in so doing, also affirmed the holdings of this Court and the district

court, that Fox and Marshall could not proceed with their putative class actions against the

Picower Defendants.  *See Marshall v. Picard*, 740 F.3d 81 (2d Cir. 2014).  The Second Circuit

found that the claims Fox and Marshall sought to bring, no matter how they were labeled, in

essence were the same as, or derived from, the Trustee's fraudulent transfer claims, and thus were barred by the Permanent Injunction. *Id.* at 91-93.

Efforts to sue the Picower Defendants did not end there. Pamela Goldman and A&G Goldman Partnership (the "Goldman Plaintiffs"), sought to bring two virtually identical putative class actions against the Picower Defendants (the "Goldman Complaints"). The Goldman Complaints, brought by competing class action plaintiffs' counsel, attempted to allege securities law violations by the Picower Defendants in an effort to fall outside the scope of the Permanent Injunction. This Court, and on appeal, the district court, both held that the Goldman Complaints also were barred by the Permanent Injunction, as they did nothing other than state fraudulent transfer claims in the guise of alleged securities law violations, naming the deceased Mr. Picower as a "control person" of Madoff's Ponzi scheme. Their conclusory allegations as to Mr. Picower's role, based on nothing other than conjecture, failed to withstand judicial scrutiny.

Unpersuaded by the definitive holdings of the district courts and the Second Circuit, Fox and Marshall, now along with Peshkin and Oasis, tried to bring a complaint that would not be barred by the Permanent Injunction. The Fox Plaintiffs, as well as the Goldman Plaintiffs, again each tried to bring putative securities class actions against the Picower Defendants, again attempting to allege that Mr. Picower was a BLMIS control person under federal securities laws. This Court recently rejected these attempts, concluding that the Fox Plaintiffs and the Goldman Plaintiffs again had done nothing more than restate claims derivative of the Trustee's fraudulent transfer claims and offered only conjecture as to Mr. Picower's role outside of his own account transfers. This Court's decision and order are now on appeal to the district court.

In addition to appealing, the Fox Plaintiffs now have separately filed the Discovery Motion. The Fox Plaintiffs had attempted to insert a provision in the order granting the Trustee's

injunction application that would grant them discovery.  (*See* ECF No. 52 and 52-1.)  This Court denied the Fox Plaintiffs' improper attempt, but permitted them to make a motion.  The Discovery Motion followed.

The Discovery Motion should be denied for several reasons:

*First*, the Fox Plaintiffs improperly seek discovery under Federal Rule of Bankruptcy Procedure 2004.  Rule 2004 cannot be used for purposes of discovering information for supposedly "independent," non-derivative claims that the Fox Plaintiffs are attempting to bring to evade the scope of the Permanent Injunction.  Rather, the discovery powers of Rule 2004 are limited to efforts to determine the extent of an estate's claims, identify assets and pursue matters concerning the administration of the estate.  But the Fox Plaintiffs openly admit that they seek to use Rule 2004 only "to amplify the factual allegations against the Picower Defendants to show that those claims are non-derivative."  (Mot. ¶ 19.)  Thus, they invoke Rule 2004 for purposes wholly unrelated to potential assets or claims of the BLMIS estate, and wholly unrelated to their role as parties in interest in the BLMIS SIPA liquidation.  Instead, the Fox Plaintiffs are attempting to use Rule 2004 to further their individual efforts to create a "shadow estate" of BLMIS customers seeking to pursue the Picower Defendants in federal district court.

*Second*, the Fox Plaintiffs improperly seek discovery under the Federal Rules of Civil Procedure ("FRCP" or "Federal Rules").  The Fox Plaintiffs, for various purposes, invoke FRCP 26, 27, 30 and 34 in seeking documents and depositions from the Trustee, Madoff, Barbara Picower, and April Freilich.  However, the Fox Plaintiffs do not have an active complaint that would entitle them to discovery under the FRCP.  Their first complaint was held to be void *ab initio,* and their second complaint was found to violate the Permanent Injunction.  Therefore,

there is no open proceeding where the Fox Plaintiffs have a viable complaint through which to seek discovery under the FRCP.

*Third*, the Fox Plaintiffs' request to depose Madoff under FRCP 27 and 30 is not justified. The Fox Plaintiffs misrepresent the state of Madoff's health as a basis for access to a Rule 27 deposition utilized to preserve testimony. In addition, it is well-recognized that FRCP 27 is limited to preserving known information and it may not be used to ascertain facts in an attempt to draft a viable complaint. Given the Fox Plaintiffs' open acknowledgement that the purpose of discovery would be to develop unknown factual allegations against the Picower Defendants in the hope of pleading a non-derivative claim against them, this request must fail. And, without a substantive basis for a deposition, FRCP 30 provides the Fox Plaintiffs no relief.

At bottom, the Discovery Motion is a transparent attempt to sidestep the restrictions of Rule 2004 and the Federal Rules in an effort to investigate and pursue allegedly independent claims that would not benefit the BLMIS estate, all in the absence of any pending complaint. The Fox Plaintiffs' claims are either derivative of the Trustee's, in which case they are enjoined, or allegedly independent, in which case it is improper to use Rule 2004 or to benefit from pre-complaint discovery by invoking the FRCP. In either case, the requests are improper and the Trustee respectfully requests that the Discovery Motion be denied in all respects.

## FACTS

The Fox Plaintiffs are each former BLMIS customers and creditors of the BLMIS estate who filed customer claims or who are defendants in adversary proceedings brought by the Trustee to recover fraudulent transfers of fictitious profits. Unhappy with Judge Lifland's "Net Equity" decision, in which the Court held that BLMIS customers are not entitled to their fictitious profits, the Fox Plaintiffs have been relentless in their own efforts to sue the Picower Defendants – from whom they hope to recover those fictitious profits. Their efforts to do so

have not succeeded largely because Mr. Picower and the other Picower Defendants were BLMIS

customers just like the Fox Plaintiffs, and all the allegations against them stem only from their

withdrawals from their own accounts.  The Trustee settled all claims related to those transfers,

and the Permanent Injunction bars further duplicative and derivative litigation against the

Picower Defendants.

I.      **FOX PLAINTIFFS' ROLE IN THE BLMIS PROCEEDING AND FLORIDA
        DISTRICT COURT ACTION**

        A more detailed history of the BLMIS liquidation, including the Trustee's settlement

with the Picower Defendants and the numerous proceedings involving the Fox Plaintiffs and

Goldman Plaintiffs, is set forth in the Memorandum of Law in Support of Trustee's Application

for Enforcement of Permanent Injunction and Automatic Stay filed previously in this adversary

proceeding ("Application"), ECF No. 3, and will not be fully restated here.

        In February 2010, Fox and Marshall each filed a putative class action against the Picower

Defendants in Florida district court, *Marshall v. Capital Growth Co.*, Case No. 10-80252 (KLR)

(S.D. Fla.) (the "Fox Florida Action") and Case No. 10-080254 (S.D. Fla.).  In response, the

Trustee brought the original injunction proceeding to enjoin that action, *Picard v. Fox*, Adv. Pro.

No. 10-03114 (SMB) (Bankr. S.D.N.Y. filed Mar. 31, 2010).  In light of that injunction

proceeding in New York, on March 22, 2010, the Florida district court administratively closed

the Fox Florida Action.  Fox Florida Action, ECF No. 26.  In May 2010, this Court held the Fox

Florida Action void *ab initio* under the automatic stay provisions of the Bankruptcy Code and

also issued a preliminary injunction barring the Fox Plaintiffs from proceeding with that action.

*Picard v. Fox*, 429 B.R. 423 (Bankr. S.D.N.Y.  2010).

        On December 17, 2010, the Trustee brought a motion to approve the Picower Settlement.

*Picard v. Picower*, Adv. Pro. No. 09-01197 (SMB) (Bankr. S.D.N.Y.), ECF No. 25.  On January

6, 2011, Fox and Marshall filed objections to the motion, and also moved the Court to direct the

Trustee to produce documents in connection with the Picower Settlement. *See id.* ECF Nos. 32,

34.  On January 13, 2011, this Court approved the Picower Settlement, along with a Permanent

Injunction barring duplicative and derivative claims. *See id.* ECF No. 43.  This Court also

denied Fox's and Marshall's discovery motions. *Id.* ¶ 4.  On appeal, the district court upheld the

Picower Settlement, the Permanent Injunction, and the denial of discovery, and the Second

Circuit affirmed. *Fox v. Picard*, 848 F. Supp. 2d 469 (S.D.N.Y. 2012), *aff'd*, 740 F.3d 81 (2d

Cir. 2014).

　　　Immediately following the affirmance by the Second Circuit in the Trustee's favor, the

Fox Plaintiffs moved on February 5, 2014 to re-open the Fox Florida Action to file another

complaint.  Fox Florida Action, ECF No. 28.  On March 17, 2014, Judge Ryskamp of the Florida

District Court entered an order deferring to this Court for a determination of whether the Fox

Plaintiffs' claims in the proposed new complaint were duplicative or derivative of the Trustee's

claims. *Id.* ECF No. 58.[1]  Separately, the Goldman Plaintiffs moved for a declaration before

another federal court in Florida that they could proceed with a new action against the Picower

Defendants. *Goldman v. Capital Growth Co.*, Case No. 14-80012 (S.D. Fla. filed Jan. 6, 2014).

## II.    THE TRUSTEE'S ACTION TO ENFORCE THE PERMANENT INJUNCTION

　　　After review of the proposed new complaints in Florida, the Trustee commenced the

above-captioned action on March 11, 2014 by seeking to enforce the Permanent Injunction and

automatic stay against the Fox Plaintiffs and the Goldman Plaintiffs.  Following briefing and a

---

[1] The Fox Plaintiffs appealed Judge Ryskamp's order to the Eleventh Circuit. *Marshall v. Capital Growth Co.*, Case No. 14-11250 (11th Cir.)  In light of this Court's recent Decision and Order (as defined herein), the Fox Plaintiffs consented to dismissal of the Eleventh Circuit appeal.  The issue of whether dismissal will be with or without prejudice is currently before the Eleventh Circuit.

hearing, on June 23, 2014, this Court entered a Memorandum Decision Granting Plaintiff's

Motion for an Injunction and directing the parties to settle an order on notice, ECF No. 50 (the

"Decision").  On June 25, 2014, the Trustee filed a notice of settlement of an order along with a

proposed order, ECF No. 51.

On June 27, 2014, the Fox Plaintiffs filed a letter seeking to add a right to discovery in

the order.  They sought a conference to discuss their request to depose Madoff and Ms. Freilich

and to obtain BLMIS documents in the Trustee's possession "relating in any way to the Picower

Defendants," and submitted a counter-proposed order authorizing the Fox Plaintiffs to take the

requested discovery, ECF No. 52 ("Fox Letter").  On June 30, 2014, the Trustee and the Picower

Defendants each filed letters opposing the relief requested in the Fox Letter, ECF Nos. 53, 54.

On July 1, 2014, the Court entered a Memorandum Endorsed Order declining to schedule a

discovery conference or to provide the relief requested in the Fox Letter, and noted that the

ruling "is without prejudice to the Fox Plaintiffs' right to make [a] formal application for the

relief they seek in accordance with applicable law and rules," ECF No. 55 (the "Memorandum

Endorsed Order").  On the same day, the Court entered an order in accordance with the Decision,

which directed the parties to schedule a conference to consider the final disposition of the

adversary proceeding, ECF No. 56 (the "Order").  On July 14, 2014, the Fox Plaintiffs filed a

notice of appeal from the Decision, the Order, and the Memorandum Endorsed Order, ECF No.

62.  On July 18, 2014, the Fox Plaintiffs filed the Discovery Motion.

## ARGUMENT

## THE FOX PLAINTIFFS HAVE NO BASIS TO OBTAIN DISCOVERY

### I.   DISCOVERY UNDER BANKRUPTCY RULE 2004 IS IMPROPER

The Fox Plaintiffs openly admit that they seek discovery of documents from the Trustee, documents from and depositions of Mrs. Picower and Ms. Freilich, and the "deposition" of Madoff under Rule 2004, not "to identify claims or defendants but to amplify the factual allegations against the Picower Defendants to show that those claims are non-derivative." (Mot. ¶ 19.) They concede that they seek discovery "to obtain facts needed to craft an amended complaint containing the particularized allegations against the Picower Defendants that the Court found lacking." (Mot. ¶ 4.) The requested discovery is wholly at odds with the purpose of Rule 2004 discovery. Bankruptcy Rule 2004(a) provides: "[o]n motion of any party in interest, the court may order the examination of any entity."[2] Rule 2004 only authorizes discovery that relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(b). The purpose of Rule 2004 discovery is "to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed." *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). It allows the debtor, estate fiduciaries and court-appointed officers to determine the extent of the estate's assets and to recover them for the benefit of creditors. *See In re MF Global, Inc.*, No. 11-02790, 2013 WL 74580, at *1 (Bankr. S.D.N.Y. Jan. 8, 2013) (Glenn, J.).

---

[2] This Court has discretion as to whether to grant a request for Rule 2004 discovery. *In re Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (Gropper, J.).

Significantly, Rule 2004 is not to be utilized by parties in interest to investigate their own independent claims unrelated to the estate. *See id.* at *1 (stating that Rule 2004 "does not permit parties in interest to investigate their private (non-estate) claims," and denying Rule 2004 discovery to movant that "impermissibly" sought discovery "in furtherance of its *own* interests, and not those of the estate"); *In re Lufkin*, 255 B.R. 204, 208-09 (Bankr. E.D. Tenn. 2000) ("Rule 2004 examinations should not be designed to discover information for use in an unrelated case or proceeding").

The Fox Plaintiffs admit that they seek Rule 2004 discovery to "amplify the factual allegations" against the Picower Defendants to further their class action efforts in Florida federal court. (Mot. ¶ 19.) In other words, they seek discovery here to help them pursue claims in another action that they contend are "independent" of the Trustee's settled claims. The discovery sought therefore has no relation to their roles as parties in interest in the BLMIS case, as it is wholly unrelated to their status as customers/creditors of the BLMIS estate. It is also entirely unrelated to assets and claims of the BLMIS estate, and is admittedly for use only in their class action efforts.[3] This is far beyond the scope of Rule 2004 and is impermissible. *See Snyder v. Soc'y Bank*, 181 B.R 40, 42 (S.D. Tex. 1994) (affirming bankruptcy court's denial of Rule 2004 discovery where appellant's primary motive was to use production in litigation for another cause of action, and recognizing that "[t]he use of Rule 2004 to further [the appellant's] case in state court constitutes an abuse of Rule 2004.")

---

[3] The Fox Plaintiffs argue that the issue of the customers' lost time-value-of-money for funds invested in BLMIS is their interest in discovery. (Mot. at 2.) This argument is a red herring, as this Court has already decided customers are not entitled to lost time-value-of-money and this issue is on appeal to the Second Circuit. *See In re Madoff*, No. 14-97 (2d Cir. filed Jan. 22, 2014). Thus, it is not a proper basis for discovery here.

The Fox Plaintiffs argue that they are entitled to Rule 2004 discovery because, given that the Trustee argued that this Court is the proper forum to enforce the Permanent Injunction, the Trustee is therefore estopped from objecting to discovery in this Court. (Mot. ¶ 11.) This argument is nonsensical.[4] The fact that the forum is a bankruptcy court does not mean that the Fox Plaintiffs are automatically entitled to discovery under Bankruptcy Rule 2004. This is all the more so when the discovery sought is admittedly being sought to bolster a non-bankruptcy case. *See, e.g.*, *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002) (Gonzalez, J.) (denying Rule 2004 discovery where stated purpose of discovery related entirely to civil litigation unconnected to bankruptcy case); *In re Towers Fin. Corp.*, 164 B.R. 719, 721 (S.D.N.Y. 1994) (affirming denial of Rule 2004 discovery request by a party who was a defendant in an adversary proceeding, in civil actions, and in a criminal case, based on bankruptcy court's finding that the movant had no legitimate purpose for the discovery other than in the criminal and civil cases); *Snyder,* 181 B.R. at 42; *In re Comdisco, Inc.*, No. 06-C-1535, 2006 WL 2375458, at *7 (N.D. Ill. Aug. 14, 2006) (reversing bankruptcy court order granting Rule 2004 discovery because the discovery sought was relevant to other state and federal court litigation and "can only be used to further appellees' cases in other venues.") Rule 2004, which provides for broad discovery, cannot be used as a tactic to circumvent the restrictions limiting discovery under the Federal Rules of Civil Procedure. *Enron Corp.*, 281 B.R. at 840-41; *Bennett Funding*, 203 B.R. at 28-29.

---

[4] The doctrine of judicial estoppel, which prevents a party from taking inconsistent positions in a legal proceeding, does not apply here because the Trustee's position that discovery is improper is wholly compatible with his position in the Application that this Court is the proper forum to determine whether a claim is barred by the Permanent Injunction. *See Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014). Again, that has nothing to do with the proper rule for discovery.

Authority cited by the Fox Plaintiffs for their view that Rule 2004 discovery is proper even if used in collateral litigation is inapposite because, in each case, the main purpose of the Rule 2004 discovery was to determine potential claims belonging to the estate or to be brought against the estate, and any use in collateral litigation was ancillary.  *See In re Table Talk, Inc.*, 51 B.R. 143, 145-46 (Bankr. Mass. 1985) (purpose of discovery was to determine whether debtor had title to certain personal property and whether debtor had antitrust claims); *In re Larkham*, 24 B.R. 70, 72 (Bankr. Vt. 1982) (discovery sought information about chapter 11 trustee's claims and estate assets); *In re Mittco, Inc.*, 44 B.R. 35, 36-37 (Bankr. E.D. Wis. 1984) (primary purpose of Rule 2004 discovery was to investigate the existence of potential assets of the estate); *In re Recoton Corp.*, 307 B.R. 751, 756 (Bankr. S.D.N.Y. 2004) (Gropper, J.) (purpose of Rule 2004 discovery was to determine whether estate may have potential claims against officers and directors in connection with a pending securities fraud litigation); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (Conrad, J.) (FDIC entitled to Rule 2004 discovery as party-in-interest in chapter 11 case because FDIC was large claimant in the estate and was investigating claims against the estate); *compare In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516-17 (Bankr. E.D.N.Y. 1991) (Duberstein, J.) (Rule 2004 discovery request permissible despite pending state court litigation where discovery would only be used "tangentially" in the state court litigation); *In re Madison Williams and Co., LLC*, No. 11-15896, 2014 WL 56070, at *4 (Bankr. S.D.N.Y. Jan. 7, 2014) (Glenn, J.) (denying a motion to quash bankruptcy trustee's subpoena seeking Rule 2004 discovery where the subpoena sought "to determine whether there are assets in the possession of third parties that should be turned over to the bankruptcy estate.")[5]

---

[5] Other authority relied upon by the Fox Plaintiffs is likewise inapposite or highlights that discovery unrelated to the debtor's estate is improper.  *See In re CIS Corp.*, 123 B.R. 488, 490-

*(continued on next page)*

Here, by contrast, the Fox Plaintiffs admit that the purpose of the discovery they seek is to amplify allegedly independent claims they want to pursue against the Picower Defendants in an unrelated action.  This purpose is in no way related to the BLMIS estate, which has settled its claims against the Picower Defendants.[6]

## II.    THE FOX PLAINTIFFS ARE IMPROPERLY ATTEMPTING TO OBTAIN PRE-COMPLAINT DISCOVERY UNDER THE FEDERAL RULES

In addition to seeking discovery under Rule 2004, the Fox Plaintiffs also seek discovery under FRCP 26, 27, 30, and 34.  (*See* Mot. at 1; Proposed Order Granting Discovery Motion, ECF No. 63-1, at 2.)  However, there are no grounds for discovery under the Federal Rules because the Fox Plaintiffs do not have an active complaint that would entitle them to such discovery.  With the exception of Rule 27, discussed in Section V below, the Federal Rules of Civil Procedure do not permit pre-complaint discovery.  *See In re Austin*, No. 13 Misc. 252,

---

91 (S.D.N.Y. 1991) (Rule 2004 is not so broad as to include proprietary internal auditing documents when it is not clear that the discovery sought related to the administration of the estate); *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362, 364-65 (S.D.N.Y. 1984) (vacating order granting Rule 2004 discovery on ground that discovery was beyond scope of Rule 2004 because it did not relate to the financial affairs of the debtor).  The Fox Plaintiffs' citation to *In re Federated Department Stores, Inc.*, 114 B.R. 501 (Bankr. S.D. Ohio 1990) in paragraph 12 of the Discovery Motion appears incorrect, as that case is entirely irrelevant.  The Fox Plaintiffs may have intended to cite *In re Federated Department Stores, Inc.*, No. 1-90-00130, 1990 Bankr. LEXIS 1833 (Bankr. S.D. Ohio Aug. 7, 1990), in which creditor banks obtained Rule 2004 discovery.  However, as with other authority cited by the Fox Plaintiffs, this case is distinguishable because the banks sought discovery for the purpose of defending against claims of the debtor and to formulate a plan of reorganization.  *See Federated Dep't Stores*, 1990 Bankr. LEXIS 1833, at *4.

[6] Contrary to the Fox Plaintiffs' representation, the Second Circuit did not "determine" that the Fox Plaintiffs have potential non-derivative conspiracy claims against the Picower Defendants.  (*See* Mot. at 2.)  Rather, the Second Circuit noted in *dicta* that, while "[t]here is *conceivably* some particularized conspiracy claim appellants could assert that would not be derivative of those asserted by the Trustee," that question was not properly before the Second Circuit.  *Marshall*, 740 F.3d at 94 (emphasis added).  This Court rejected the Fox Plaintiffs' earlier argument that this *dicta* altered its jurisdiction to interpret the Permanent Injunction.  *See Picard v. Marshall*, 511 B.R. 375, 386-87 (Bankr. S.D.N.Y. 2014).

2013 WL 5255125, at *1 (S.D.N.Y. July 16, 2013) ("In federal court, pre-complaint discovery is

not available to determine whether a claim for relief exists."); *In re Liquor Salesmen's Union*

*Local 2D Pension Fund*, No. 12-CV-2786, 2012 WL 2952391, at *2 (E.D.N.Y. July 19, 2012)

(pre-complaint discovery under the FRCP is generally disallowed); *Frigerio v. United States*,

No. 10-CV-9086, 2011 WL 3477135, at *1 (S.D.N.Y. 2011) ("The American legal system does

not permit pre-action discovery."); *In re Backer*, No. 10 Civ. 0862, 2010 WL 2816789, at *11

n.6 (S.D.N.Y. July 16, 2010) ("there is no right to pre-complaint discovery under the Federal

Rules of Civil Procedure . . . ."); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,

379 F. Supp. 2d 348, 370–71 (S.D.N.Y. 2005) (finding that granting pre-action discovery to

plaintiffs would "impose onerous burdens on defendants and would encourage strike suits . . . ").

This Court acknowledged as much during the hearing on the Trustee's injunction application,

suggesting that the plaintiffs must have sufficient, non-conclusory allegations plausibly alleging

a non-derivative claim to open the doors of discovery.  *See* Transcript of May 7, 2014 Hearing,

ECF No. 44, at 48:9-19 (May 8, 2014) (the Court: "[Y]ou don't get to discovery unless you plead

facts sufficient, in essence, to survive a motion to dismiss.").  Despite multiple bites at the apple

over the course of years, the Fox Plaintiffs have not met this threshold requirement.

Bringing the Discovery Motion in this injunction adversary proceeding does not change

the application of the Federal Rules.  *See* Fed. R. Bankr. P. Part VII (making certain Rules of

the FRCP applicable in adversary proceedings).  The Discovery Motion was made in this

adversary proceeding only after the Fox Plaintiffs were enjoined, and the case should have been

closed. [7]  This adversary proceeding does not substitute for an open case through which the Fox

Plaintiffs can obtain discovery under the FRCP.

### III.    THE FOX PLAINTIFFS HAVE FAILED TO ESTABLISH GOOD CAUSE FOR DISCOVERY

Even if the Discovery Motion were procedurally proper, the Fox Plaintiffs have not

shown good cause for granting their request, or that the benefits of the proposed discovery

outweigh the burdens.  To support a request for Rule 2004 discovery, a moving party must show

good cause.  *MF Global,* 2013 WL 74580, at *1; *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318

B.R. 263, 268 (S.D.N.Y. 2004).  Good cause exists if the discovery sought is "necessary to

establish the claim of the party seeking the [discovery], or if denial of such request would cause

the [party seeking discovery] undue hardship or injustice."  *MF Global*, 2013 WL 74580, at *1.

A court determining if good cause is shown must weigh the relevance of the discovery against

the burden it will impose on the party from whom discovery is sought.  *Id.*; *Coffee Cupboard*,

128 B.R. at 514.  Likewise, to support a request for discovery under the Federal Rules, a party

must show that the benefit of the proposed discovery outweighs its likely burden or expense.

*Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Delaware, Inc. v. Friedman (In

re Subpoena Issued to Dennis Friedman)*, 350 F.3d 65, 69-70 (2d Cir. 2003); *Sec. Investor Prot.

Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 713, 723 (Bankr. S.D.N.Y. 2013).

The discovery requested by the Fox Plaintiffs would be excessively burdensome on the

Trustee.  If the Fox Plaintiffs were allowed to take discovery to try to manufacture a non-

derivative claim against the Picower Defendants in these circumstances, then any of the

thousands of BLMIS customers potentially could seek discovery against the Trustee for the same

---

[7] The Trustee's injunction application had been granted and the Court directed the parties to confer concerning the final disposition of the action.  (*See* Order, ECF No. 56 ¶ 5 (July 2, 2014).)

reason.  Responding to the numerous subpoenas the Trustee could receive would be costly and

distracting and would divert resources from the Trustee's administration of the estate.  As is, the

Fox Plaintiffs' overbroad and vague request for "documents from the Trustee concerning the

control exercised by the Picower Defendants over Madoff and BLMIS," *see* Mot. ¶ 15, would be

unduly burdensome.  This burden outweighs any relevance the discovery may have to the Fox

Plaintiffs' putative class actions because such discovery is not likely to result in relevant

information.  Picower was a BLMIS customer, not a money manager or adviser who had

interactions with other customers, making the Fox Plaintiffs' misrepresentations claims

implausible.  Indeed, despite representing more than one hundred members of the purported class

to whom the Fox Plaintiffs claim Picower made direct misrepresentations, counsel for the Fox

Plaintiffs has been unable to identify any evidence of such direct misrepresentations sufficient to

assert any particularized non-derivative claim.

That counsel for the Fox Plaintiffs represents more than a hundred members of the

purported class also belies the Fox Plaintiffs' contention that they should be permitted discovery

because any evidence supporting their claims is solely in the hands of the Picower Defendants

and the Trustee.  (Mot. ¶ 20).  Moreover, that contention alone does not entitle them to

discovery.  If it did, every litigant would be entitled to pre-complaint discovery to be able to try

to state a claim.  That is not the law.[8]

---

[8] The authority the Fox Plaintiffs rely upon is distinguishable because, in each case, those courts
relied on a pre-*Iqbal* and pre-*Twombly* standard for pleading claims.  *Iqbal* and *Twombly* require
allegations to be "plausible" and reject the earlier test that there be no set of facts entitling the
plaintiff to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, in each of those
cases, as opposed to here, the plaintiffs had filed a complaint stating non-derivative, independent
claims and discovery was granted under the Federal Rules of Civil Procedure.  *See Jesup,
Josephthal & Co., Inc. v. Piguet & Cie*, No. 09-CV-6544, 1991 WL 168053 (S.D.N.Y. Aug. 22,
1991) (denying motion to dismiss and granting discovery where plaintiffs had failed to plead

*(continued on next page)*

The Fox Plaintiffs separately argue that the Trustee has not complied with his fiduciary

duties under the Bankruptcy Code and SIPA to "apprise parties in interest of his investigation

into the BLMIS fraud" under the Code and SIPA.  (Mot. at 3.)  However, Judge Lifland already

denied a motion by the Fox Plaintiffs and other members of the putative class action on the very

issue of whether the Trustee satisfied his fiduciary duties concerning his investigation into the

BLMIS case.  (*See* Minute Order, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv.

Pro. No. 08-1789, ECF No. 4180, June 21, 2011) (denying motion filed by Becker Poliakoff LLP

to compel the Trustee to provide a report of his investigative activities and the financial affairs of

BLMIS); ECF No. 4201 (transcript of June 21, 2011 hearing concerning the same).  The Fox

Plaintiffs are thus collaterally estopped from raising this issue.  *See e.g., Bear, Stearns & Co. v.

1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) ("Collateral estoppel is permissible as to a

given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was

actually litigated and decided in the previous proceeding; (3) the party had a full and fair

opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a

valid and final judgment on the merits." (internal quotation marks omitted)).[9]

---

claim for aider and abettor liability under Section 10(b) with particularity but otherwise
adequately pled claim); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97-CV-4978, 1999 WL
47223, at *7-8 (S.D.N.Y. Feb. 3, 1999) (while action was already in discovery phase, court
dismissed contribution counterclaim for lack of particularity but granted leave to replead after
discovery); *Tammac Corp. v. Williams*, No. 92-CV-390S, 1993 WL 330639, at *27 (W.D.N.Y.
Aug. 13, 1993) (denying summary judgment motion on RICO claim and granting discovery on
claim); *see also Hosp. Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 746 (1976) (reversing
dismissal because plaintiff had adequately stated a claim under the Sherman Act).

[9] Moreover, counsel for Fox and Marshall previously sought discovery against the Trustee
seeking documents relating to the Picower Defendants in connection with their objection to the
Trustee's settlement with the defendants.  Counsel sought at that time much of the same
information they seek in the Discovery Motion now.  However, Judge Lifland saw no merit to,
and denied, their objection and requests for discovery.  *See Picard v. Picower*, Adv. Pro. No. 09-
1197 (Bankr. S.D.N.Y.), ECF Nos. 32, 34, and 43.  This ruling was affirmed on appeal.  *See Fox*,

*(continued on next page)*

## IV.    THE REQUESTED DISCOVERY FROM MRS. PICOWER AND MS. FREILICH IS IMPROPER

For the same reasons that the Fox Plaintiffs are not entitled to Rule 2004 discovery against the Trustee, including the fact that they seek to use Rule 2004 in connection with their intent to sue the Picower Defendants, their requested discovery against Mrs. Picower and Ms. Freilich likewise lacks any legal basis.  In addition, Mrs. Picower and Ms. Freilich settled the Trustee's claims against the Picower Defendants and are releasees in the Trustee's settlement. (*See* Settlement Agreement, *Picard v. Picower*, Adv. Pro. No. 09-01197, ECF No. 43, Ex. A ¶ 3 & Att. C.)  The release provides that the Trustee "shall release . . . [the Picower Releasees] from any and all . . .  claims and causes of action . . . that are, have been, or could have been or might in the future be asserted by the Trustee . . . ."  (*Id.*)  The Permanent Injunction enforced this release as against third parties by enjoining "any customer or creditor of the BLMIS estate. . . from asserting any claim against the . . .  Picower Releasees that is duplicative or derivative of any claim brought by the Trustee . . . ."  (*Id.* ¶ 7.)

As settling parties and/or releasees, Mrs. Picower and Ms. Freilich have been given the same protection under the Permanent Injunction as the Picower Defendants.  As a result, the Fox Plaintiffs' effort here to prosecute derivative and duplicative claims violates the Permanent Injunction.  *Cf. Picard v. Stahl*, 443 B.R. 295, 319 (Bankr. S.D.N.Y. 2011) (efforts by third-party plaintiffs to obtain discovery from Madoff family members interferes with the efficient administration of the BLMIS estate and warrants a section 105 injunction).

---

848 F. Supp. 2d at 489 n.7.  This Court should similarly recognize the Discovery Motion as meritless and deny it.

## V.    A DEPOSITION OF MADOFF IS IMPROPER AND UNJUSTIFIED

The Fox Plaintiffs seek to depose Madoff under Federal Rule 27, which permits depositions prior to the commencement of an action to perpetuate testimony.  (Mot. ¶¶ 22-26.) However the permissible scope of a Rule 27 deposition is very narrow.  In addition to meeting other threshold requirements, *see* Fed. R. Civ. P. 27(a), an individual seeking to take a Rule 27 deposition prior to the commencement of an action must be able to show that they expect to be a party in an action but cannot presently bring the action; must set out "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;" and must set out the "expected substance of the testimony of each deponent."  FED. R. CIV. P. 27(a)(1)(A),(C), (E).

Courts have interpreted these requirements to mean that Rule 27 depositions are limited to eliciting known testimony that would otherwise be lost due, for example, to the likely passing of the would-be deponent.  "Rule 27 is not a substitute for broad discovery . . . nor is it designed as a means of ascertaining facts for drafting a complaint . . . .  A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation."  *In re Deiulemar Compagnia Di Navigazione S.P.A.*, 198 F.3d 473, 485-86 (4th Cir. 1999) (internal citations omitted); *Austin*, 2013 WL 5255125, at *1 (denying Rule 27 discovery as improper where petitioner sought to determine whether she had a viable claim); *Nevada v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995) ("we hold that Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information"); *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975) ("We reiterate that Rule 27 is not a substitute for discovery."); *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 99 (N.D.N.Y. 2008) ("[T]he Petitioner must know the substance of the testimony to be preserved before it can call for a Rule 27 deposition."); *In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) ("Rule 27 affords relief only to those petitioners seeking to 'perpetuate

18

testimony.'  It is well-established in case law that perpetuation means the perpetuation of *known*

testimony.  In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a

complaint.") (emphasis in original); *Liquor Salesmen's Union*, 2012 WL 2952391, at *6

(denying Rule 27 discovery request where purpose of discovery was to determine if movant had

ERISA claim); *In re Ferkauf*, 3 F.R.D. 89, 90 (S.D.N.Y. 1943) (denying Rule 27 discovery

where movant was seeking to discover facts on which to frame a complaint and not to perpetuate

testimony).

The threshold requirements of Rule 27 are not satisfied here because the Fox Plaintiffs

have not shown that they know the substance of Madoff's testimony.  The Fox Plaintiffs admit

that they are seeking to elicit unknown testimony generally about "Picower's relationship to [the

fraud]" and Madoff's "relationship with the Picower Defendants" that Madoff would "take to the

grave."  (Mot. ¶ 24, 26); *see Allegretti*, 229 F.R.D. at 96 (denying a Rule 27 deposition request

where movants did not "furnish a focused explanation of what they anticipate any testimony

would demonstrate.")[10]

There also is no cause at this time to preserve testimony.  Rule 27 is generally reserved

for cases where the deponent is in a terminal condition or the testimony would otherwise be lost.

*See Liquor Salesmen's Union*, 2012 WL 2952391 at *4 (denying request for Rule 27 deposition

where movant had not alleged any facts showing that discovery would be lost without the

---

[10] The fact that the Fox Plaintiffs seek to have Madoff's deposition noticed for a date after they
have obtained documents "to frame the examination" shows that the Fox Plaintiff cannot clearly
set forth the substance of Madoff's testimony.  (Mot. ¶ 29.)  Moreover, authority cited by the Fox
Plaintiffs is inapposite or supports the Trustee's position.  *See In re Legg Mason Inv. Counsel &
Trust Co., N.A.*, No. 11-MC-62, 2011 WL 1533165, at *2 (S.D.N.Y. Apr. 19, 2011) (granting
Rule 27 discovery request where movant explained in detail the facts it intends to establish by
the proposed testimony); *PegaSync Tech., Inc. v. Patros*, No. 14-MC-50440, 2014 WL 2763620
(E.D. Mich. June 18, 2014) (granting and denying in part Rule 27 discovery request where
movant set forth specific facts it sought to establish through the testimony).

requested discovery); *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 99–100 (N.D.N.Y. 2008)

(same); *Norex Petrol. Ltd. v. Access Indus., Inc.*, 620 F. Supp. 2d 587, 591 (S.D.N.Y. 2009)

(denying Rule 27 deposition request where securing testimony in the future would be

"cumbersome" due to Hague Convention protocol but would not be "lost" to moving party).  In

an effort to establish their pressing need to obtain testimony, the Fox Plaintiffs misrepresent the

state of Madoff's health.  They cite two articles from January 2014, which reported that Madoff

is suffering from Stage 4 kidney cancer.  (Mot. ¶ 24.)

However, the Fox Plaintiffs have not carried their burden to show a risk of loss of

Madoff's testimony.  As the Fox Plaintiffs are likely aware from a search of relevant news, a

subsequent article two months later revealed that reports of Madoff's cancer were incorrect.  In

March 2014, *Politico* reported Madoff as stating in an interview that "he does not have kidney

cancer, contrary to news reports early this year, and that his health problems seem to be under

control."  MJ Lee, *Bernie Madoff Speaks: Politics, Remorse, and Wall Street*, POLITICO (Mar. 20,

2014), attached as Ex. A to the Declaration of Keith R. Murphy in support of the Trustee's brief.

The Fox Plaintiffs also move under Rule 27(b), which grants a court discretion to permit

depositions to perpetuate testimony pending appeal to avoid a failure or delay of justice.  *See

Ash*, 512 F.2d 911; *Norex*, 620 F. Supp. 2d at 591.  Like Rule 27(a), Rule 27(b) requires the

movant to show "a specific need to preserve the testimony, and that a loss of the testimony

would result in a failure of justice."  *See Norex*, 620 F. Supp. 2d at 591; *United States v. Van

Rossem*, 180 F.R.D. 245, 247 (W.D.N.Y. 1998).  Like Rule 27(a), Rule 27(b) "is not a substitute

for discovery."  *Cort*, 512 F.2d at 912.  Also like Rule 27(a), the movant must show the expected

substance of each deponent's testimony.  *See* 6 MOORE'S FEDERAL PRACTICE §§ 27.31, 27.33 (3d

ed.1997) (the requirement of showing the expected substance of the deponent's testimony

"should be interpreted in an identical manner" as the same requirement under Rule 27(a));

*Yamaha*, 251 F.R.D. at 99 (requirement that movant must know the "expected substance of the

testimony of each deponent" signifies that Rule 27 is limited to preserving known testimony).

The Fox Plaintiffs note that they have appealed this Court's decision granting the Trustee's

injunction application.  However, they provide no reason why Madoff's testimony will be

needed pending that appeal.  Likewise, the Fox Plaintiffs do not know the substance of Madoff's

testimony.  And their broad request for "documents from the Trustee concerning the control

exercised by the Picower Defendants over Madoff and BLMIS," *see* Mot. ¶ 15, is an improper

basis for Rule 27(b) discovery.  *See Cort*, 512 F.2d at 913 n.14.  Rule 27 therefore does not

provide grounds to depose Madoff.[11]

---

[11] The Fox Plaintiffs also seek leave to depose Madoff under FRCP 30(a)(2)(B), which requires a
party seeking to take the deposition of an incarcerated person to obtain leave of court.  Because
pre-complaint discovery under Rule 26 is improper and a Rule 27 deposition is not warranted,
the Fox Plaintiffs have no ground to depose Madoff as a threshold matter, and so there is no need
to review the request under Rule 30.  Beyond the foregoing, any likely benefit of Madoff's
testimony outweighs the burden or expense of the deposition, given that Madoff's testimony
likely lacks credibility because he is a convicted fraudster, and given the heightened media
attention surrounding Madoff, it would require extra security to protect the parties.  *See e.g., In
re Bernard L. Madoff Inv. Sec. LLC*, No. 13-CV-4332, 2014 WL 1302660, at *6 (S.D.N.Y. Mar.
31, 2014) (affirming denial of motion to depose Madoff on grounds that, among other reasons,
Madoff's testimony would be "highly suspect" and there were "substantial security and
administrative concerns" connected with deposing a federal prisoner.)  Thus, an order directing
the timing and sequence of discovery under Rule 26 is not required.

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny the

Discovery Motion.

Dated:   August 8, 2014                Respectfully Submitted,
         New York, New York

By: */s/ David J. Sheehan*
David J. Sheehan
dsheehan@bakerlaw.com
Deborah H. Renner
drenner@bakerlaw.com
Tracy L. Cole
tcole@bakerlaw.com
Keith R. Murphy
kmurphy@bakerlaw.com
Amy Vanderwal
avanderwal@bakerlaw.com
Ferve Ozturk
fozturk@bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

22