**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**Schulte Roth & Zabel LLP**
919 Third Avenue
New York, NY 10020
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
Marcy R. Harris

*Attorneys for Intervenors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br> -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | Case No. 09-11893 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>CAPITAL GROWTH COMPANY; DECISIONS, INC.; FAVORITE FUNDS; JA PRIMARY LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP; JEMW PARTNERSHIP; JF PARTNERSHIP; JFM INVESTMENT COMPANIES; JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER; BARBARA PICOWER, individually and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabriel | Adv. Pro. No. 14-01840 (SMB)<br><br><br>**APPELLEE IRVING H. PICARD, TRUSTEE'S, AND INTERVENORS' JOINT COUNTER-STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL AND COUNTER-DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL** |

| |
|---|
| H. Picower,<br><br>        Intervenors,<br><br>  -against-<br><br>SUSANNE STONE MARSHALL; ADELE FOX; MARSHA PESHKIN; RUSSELL OASIS; A & G GOLDMAN PARTNERSHIP; and PAMELA GOLDMAN,<br><br>        Defendants. |

   Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Irving H. Picard, the trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff, individually, by and through his undersigned counsel, and the Picower Parties,[1] as Intervenors in the above-referenced case, by and through their undersigned counsel (the "Trustee" and "Intervenors" are collectively referred to as the "Appellees"), respectfully submit the following joint counter-statement of the issues (the "Counter-Statement") and joint counter-designation of additional items to be included in the record on appeal (the "Counter-Designation") in connection with the appeals by (i) A&G Goldman Partnership and Pamela Goldman, each individually and putatively on behalf of similarly situated classes (the "Goldman Appellants"); and (ii) Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, each individually and putatively on behalf of similarly situated classes (the "Marshall Appellants")

---

[1] The "Picower Parties" are: Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; the Picower Foundation; the Picower Institute of Medical Research; the Trust F/B/O Gabrielle H. Picower; Barbara Picower, individually, and as executor of the estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust F/B/O Gabriel H. Picower.

- 2 -

(collectively, the "Appellants"), from the following dispositions by the United States Bankruptcy Court for the Southern District of New York (Bernstein, J.) in the above-referenced adversary proceeding: the Memorandum Decision Granting Plaintiff's Motion for an Injunction and Denying Motion to Stay and Cross-Motion to Dismiss (the "Memorandum Decision"), entered on June 23, 2014 (ECF No. 50); the Memorandum Endorsed Order (the "Memorandum Endorsed Order"), entered on July 1, 2014 (ECF No. 55); and the Order, entered on July 1, 2014 (ECF No. 56).

## COUNTER-STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL

The Appellees hereby submit the following joint counter-statement of the issues on appeal:[2]

1. Whether the Bankruptcy Court had jurisdiction to determine whether the Appellants' claims violated the Permanent Injunction.

2. Whether the Bankruptcy Court properly concluded that (i) the Second Circuit Mandate, as defined in the Memorandum Decision, did not divest the Bankruptcy Court of jurisdiction, and (ii) the Second Circuit Mandate did not foreclose the Bankruptcy Court from ruling on the Trustee's motion.

3. Whether the Bankruptcy Court clearly erred in finding that the Class Action Complaints state derivative claims barred by the Permanent Injunction.

4. Whether the Bankruptcy Court abused its discretion by enjoining the Appellants and anyone acting on behalf of or in active concert or participation with Appellants from prosecuting the Class Action Complaints.

5. Whether the Bankruptcy Court properly exercised its discretion in denying the Marshall Appellants' motion to stay.

6. Whether the Bankruptcy Court properly denied the Marshall Appellants' cross-motion to dismiss the Trustee's complaint.

---

[2] All defined terms not otherwise defined herein have the meaning given to them in the Memorandum Decision (ECF No. 50) and Order entered on July 1, 2014 (ECF No. 56).

7. If reached by this Court, whether the Bankruptcy Court properly declined to schedule a discovery conference or to allow certain discovery requested by the Marshall Appellants, where those requests were improperly made in the context of settling the order.[3]

## COUNTER-DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The Appellees hereby jointly counter-designate the following additional items to be included in the record on appeal:[4]

| Item No. | Proceeding No. | Docket No. | Description |
|---|---|---|---|
| 1 | 14-01840 (Bankr. S.D.N.Y.) | 7 | Statement /Notice of Issuance of Order by Florida District Court filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit A) (Sheehan, David) (Entered: 03/17/2014) |
| 2 | 14-01840 (Bankr. S.D.N.Y.) | 41 | Statement /Notice of Issuance of Order by Eleventh Circuit Court of Appeals filed by Keith R. Murphy on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit A) (Murphy, Keith) (Entered: 05/08/2014) |

---

[3] The Marshall Appellants have appealed from the Memorandum Endorsed Order but have not raised the issues disposed of in that order in their Statement of Issues on Appeal.

[4] The Marshall Appellants include in their Designation of Items to Be Included in the Record filed, ECF No. 68 (July 28, 2014), the subsequent moving and related papers for the Marshall Appellants' Application for a Fed. R. Bankr. P. 2004 Examination and Other Relief. These papers were filed *after* the entry of the decision and orders the Marshall Appellants are appealing from and after the Marshall Appellants filed their notice of appeal. *See* ECF Nos. 63-65. The Appellees submit that these documents were not presented to the bankruptcy court for its determinations and may not be included in the record on appeal. *See In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) ("The record on appeal should contain all items considered by the bankruptcy court in reaching a decision . . . . Conversely, if an item was not considered by the court, it should be stricken from the record on appeal.") (citation omitted); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008). In the event the Court does consider these papers, the Appellees would request that the Trustee's response to the Application and supporting declaration (ECF Nos. 69 and 70) and the Intervenors' response to the Application (ECF No. 71) be included in the record on appeal.

Dated: August 11, 2014
New York, New York

| SCHULTE ROTH & ZABEL LLP | BAKER & HOSTETLER LLP |
|---|---|
| By: */s/ Marcy R. Harris* | By: */s/ Keith R. Murphy* |
| William D. Zabel<br>william.zabel@srz.com<br>Marcy Ressler Harris<br>Marcy.harris@srz.com<br>Michael Kwon<br>michael.kwon@srz.com<br>Jennifer M. Opheim<br>jennifer.opheim@srz.com | David J. Sheehan<br>dsheehan@bakerlaw.com<br>Deborah H. Renner<br>drenner@bakerlaw.com<br>Tracy L. Cole<br>tcole@bakerlaw.com<br>Keith R. Murphy<br>kmurphy@bakerlaw.com |
| 919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 756-2000<br>Facsimile: (212) 593-5955 | 45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201 |
| *Attorneys for the Intervenors* | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |