Sandor E. Schick
SCHICK & ASSOCIATES LLC
923 Bukit Timah Road #01-08
Singapore 589639
Telephone: (65) 68585440

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

## SUMMARY SHEET

| | |
|---|---|
| **Name and Role of Applicant:** | Schick & Associates LLC<br>Special Counsel to the Trustee |
| **Compensation Period:** | August 1, 2013 through October 31, 2013 |
| **Fees Incurred for Counsel:** | $15,930.00 |
| **Fees Requested for Counsel:** | $15,930.00 |
| **Prior Fees Approved and Paid to Counsel on an Interim Basis:** | $19,102.50 |
| **Blended Hourly Rate for Fees Incurred during Compensation Period:** | $675.00 |
| **Expenses Requested for Counsel:** | $54.22 |

## Hours, Rates, and Fees for Services Rendered
## From August 1, 2013 through October 31, 2013

| Name | Hours | Rate | Fees |
|---|---|---|---|
| Sandor E. Schick | 23.6 | $675.00 | $15,930.00 |
| | | | |
| **GRAND TOTAL** | | **$675.00** | **$15,930.00** |

Sandor E. Schick
SCHICK & ASSOCIATES LLC
923 Bukit Timah Road #01-08
Singapore 589639
Telephone: (65) 68585440

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**SECOND APPLICATION OF SCHICK & ASSOCIATES LLC
FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED
FROM AUGUST 1, 2013 THROUGH OCTOBER 31, 2013**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    Schick & Associates LLC ("Schick"), as special counsel to James W. Giddens (the "Trustee") as trustee for the liquidation of Lehman Brothers Inc. ("Debtor" or "LBI"), for its second application (the "Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by

---

1. References hereinafter to provisions of SIPA shall omit "15 U.S.C."

Schick for the period commencing August 1, 2013 through and including October 31, 2013 (the "Compensation Period"), respectfully represents:

## BACKGROUND

1. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL).

2. The LBI Liquidation Order appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA and removed this case to this Court pursuant to section 78eee(b)(4) of SIPA.

3. On June 20, 2013, the Court entered the Fifth Amended Order (ECF No. 6569) Establishing Procedures Governing Interim Monthly Compensation of Trustee and HHR (the "Fifth Amended Administrative Fee Order"). The Fifth Amended Administrative Fee Order provided that special counsel to the Trustee shall not serve monthly statements, but shall file interim or final applications (as the case may be) for Court approval for allowance and payment of the compensation and reimbursement of expenses and that the Trustee shall promptly pay one hundred percent (100%) of all fees and expenses approved by the Court in connection with such applications.

4. Schick previously performed legal services on behalf of the Trustee as an ordinary course counsel in this proceeding in accordance with the Order Authorizing Employment of Counsel Utilized in the Ordinary Course (the "OCC Order," ECF No. 952). Pursuant to the procedures set forth in the OCC Order, the Declaration of Sandor Schick on Behalf of Schick & Associates LLC was filed with the Court on April 2, 2013 (ECF No. 5921).

2

In accordance therewith, Schick applied for and received interim compensation under the provisions of the OCC Order in the amount of $10,000.00 for work performed during the period prior to the start of the Compensation Period.

5.   On July 15, 2013, the Court entered the Order Authorizing Employment of Schick & Associates LLC as Special Counsel, Nunc Pro Tunc to February 12, 2013 (the "Special Counsel Authorization Order," ECF No. 6804) finding that Schick is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a). In accordance with the provisions of the Fifth Amended Administrative Fee Order, Schick applied for and received, pursuant to the Court's Order Approving First Application of Schick & Associates LLC for Allowance of Interim Compensation for Services Rendered from February 12, 2013 through July 31, 2013, dated October 1, 2013 (ECF No. 7370), additional interim compensation in the amount of $9,102.50 for work performed during the period prior to the current Compensation Period, and reimbursement in the amount of $25.54 for actual and necessary expenses Schick incurred during that period.

**COMPENSATION REQUESTED**

6.   Schick expended 23.6 hours in the rendition of professional services on behalf of the Trustee during the Compensation Period, resulting in a blended hourly rate of $675.00 for fees incurred.  The Declaration of Sandor E. Schick regarding the services performed is attached hereto as <u>Exhibit A</u>.

7.   Schick seeks this Court's approval for interim allowance of the full amount of fees, $15,930.00, incurred during the Compensation Period.

3

## SUMMARY OF SERVICES

8.      During the Compensation Period, Schick, in consultation with Hughes Hubbard & Reed LLP and Chien Yeh Law Offices, continued to advise the Trustee in connection with the Trustee's efforts to recover certain cash deposits belonging to LBI held by a Taiwanese entity.  In particular, Schick consulted on efforts to achieve a negotiated recovery from that entity.   Schick's advice to the Trustee and support of the Trustee's efforts are ongoing and are in no way duplicative of the work performed by other counsel to the Trustee.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY SCHICK

9.      As set forth in Exhibit B attached hereto, Schick has incurred $54.22 in expenses in providing professional services during the Compensation Period. These expenses relate to overseas telephone calls and courier charges in furtherance of the engagement.

## SCHICK'S REQUEST FOR
## INTERIM COMPENSATION SHOULD BE GRANTED

10.     Schick may submit applications to the Court for compensation for services rendered and reimbursement for expenses during the course of the liquidation, which may be done on an interim basis.  SIPA §§ 78eee(b)(5)(A)-(B).  Whenever an application for compensation and reimbursement of expenses is filed, SIPC shall file its recommendation with respect to such fees and expenses with the Court prior to the hearing on such application.  *Id*. at § 78eee(b)(5)(C).  The Court "shall place considerable reliance on the recommendation of SIPC" as to the allowances requested in such applications, and to the extent that such allowances are to be paid by SIPC, without reasonable expectation of recoupment, the Court shall award the amounts recommended by SIPC.  *Id*.; *see, e.g.*, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 274 n.21 (1992) (recognizing that "SIPC's recommendation to court on trustee's compensation is entitled to considerable reliance and is, under certain circumstances, binding.");

4

*In re Donald Sheldon & Co.*, 153 B.R. 661, 668 (Bankr. S.D.N.Y. 1993) (SIPA requires . . . that "[w]e place considerable reliance on the recommendation of SIPC in ruling on [the Trustee's] application [for fees]").

        11.     At this time, the Trustee anticipates that there will be sufficient funds available from the general estate to satisfy administrative expenses of the estate, including professional fees, without seeking to requisition funds from SIPC in order to pay these expenses. As a result, in determining the allowance of Schick's compensation, while "considerable reliance" shall be placed on SIPC's recommendation, the Court must duly consider the nature, extent and value of the services rendered. SIPA § 78eee(b)(5)(C).

        12.     Schick submits that its request for interim allowance of compensation is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

        13.     In the instant case, Schick respectfully submits that the services for which it seeks compensation in this Application, as highlighted above, at the time rendered, were believed to be necessary for and beneficial to LBI's estate, customers, creditors and other parties-in-interest. Schick further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to these constituencies. In sum, the services rendered by Schick were necessary and beneficial and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

**CONCLUSION**

Schick respectfully submits that the services rendered during the Compensation Period and accomplishments to date merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court: (i) allow and award on an interim basis $15,930 for professional services rendered by Schick during the Compensation Period and $54.22 for the reimbursement of actual and necessary costs and expenses incurred by Schick in connection with the rendition of such services; and (ii) grant Schick such other and further relief as the Court may deem just and proper.

Dated:  November 12, 2013
       Singapore

SCHICK & ASSOCIATES LLC

By: _Sandor E. Schick_
_____
Sandor E. Schick

923 Bukit Timah Road #01-08
Singapore 589639
Telephone: (65) 68585440

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

# **Exhibit A**

Sandor E. Schick
SCHICK & ASSOCIATES LLC
923 Bukit Timah Road #01-08
Singapore 589639
Telephone: (65) 68585440

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**DECLARATION OF SANDOR E. SCHICK IN SUPPORT OF SECOND APPLICATION OF SCHICK & ASSOCIATES LLC FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM AUGUST 1, 2013 THROUGH OCTOBER 31, 2013**

Sandor E. Schick, hereby declares:

1.  I am the managing director of the firm of Schick & Associates LLC ("Schick" or "Applicant"), located at 923 Bukit Timah Road #01-08, Singapore 589639. I submit this declaration in support of the second application (the "Application") of Schick, as special counsel to James W. Giddens (the "Trustee") as Trustee for the liquidation of Lehman Brothers Inc. ("LBI"), for allowance of interim compensation and reimbursement of expenses rendered from August 1, 2013 through October 31, 2013 (the "Compensation Period").

2.  Schick was retained as special counsel for the Trustee pursuant to an Order of the Honorable James M. Peck, Judge of the United States Bankruptcy Court for the Southern District of New York, dated July 15, 2013 (ECF No. 6804).

62412611_1

        3.      I submit this declaration pursuant to Bankruptcy Rule 2016(a) in support of Schick's application for allowance of compensation in the amount of $15,930.00 for professional services rendered and reimbursement of expenses in the amount of $54.22 during the Compensation Period.

        4.      As the managing director at Schick who is supervising this matter, I am familiar with such services and with these proceedings. These statements are correct to the best of my knowledge and belief. Such knowledge and belief is based upon records kept by Schick in the normal course of business.

        5.      I hereby certify that (i) I have read the Application; (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a); and (iii) the fees and disbursements sought are billed at or below rates customarily billed to other clients of Schick.

        6.      I hereby certify that members of the staff of the Securities Investor Protection Corporation ("SIPC") will be provided with a copy of this Application and all supporting invoices.

        7.      I hereby certify that (i) in providing reimbursable nonlegal services to the estate, Applicant does not make a profit on such services; and (ii) in seeking reimbursement for a service which the Applicant justifiably purchased or contracted from a third party, the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendors and paid by the Applicant to such vendors.

        8.      The Applicant has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

9. No agreement exists or shall be made between the Applicant and any other person respecting the division of compensation to be received for professional services rendered in connection with this SIPA proceeding.

10. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by Applicant.

Dated: November 12, 2013
       Singapore

SCHICK & ASSOCIATES LLC

By: *Sandor E. Schick*
     _____
     Sandor E. Schick

923 Bukit Timah Road #01-08
Singapore 589639
Telephone: (65) 68585440

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

# Exhibit B

## Actual and Necessary Expenses Incurred by Schick & Associates LLC from August 1, 2013 through October 31, 2013

| Expenses | Total |
| --- | --- |
| Long-Distance Telephone | $18.85 |
| Courier | $35.37 |
| **TOTAL** | **$54.22** |