Hamish Anderson
Radford Goodman
Mark Craggs
Andrew Laderman
NORTON ROSE FULBRIGHT LLP
3 More London Riverside
London SE1 2AQ
United Kingdom
Telephone: +44 20 7283 6000
Facsimile: +44 20 7283 6500

U.K. Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

## SUMMARY SHEET[1]

| | |
|---|---|
| **Name and Role of Applicant:** | Norton Rose Fulbright LLP<br>U.K. Counsel to the Trustee |
| **Compensation Period:** | July 31, 2013 through October 30, 2013 |
| **Fees Incurred for Counsel:** | US$ 97,221.93 |
| **Expenses Requested for Counsel:** | US$ 729.05 |
| **Prior Fees and Expenses Requested by Counsel:** | US$ 20,901,989.72 |
| **Blended Hourly Rate for Fees Incurred during Compensation Period:** | US$ 755.42 |

---

[1] Fees reflect a voluntary 10% discount from Norton Rose Fulbright LLP's standard rates at the request of the Securities Investor Protection Corporation ("SIPC").

Hours, Rate, and Fees for Services Rendered[2]

**Partners**

| Name | Department | Year Qualified/ Admitted | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|------|-----------|------------|-------|------------|-------------|
| H Anderson | Banking | 1973 | 38.20 | 589.50 | 34,566.51 |
| K Lye | Litigation | 1998 | 1 | 477.00 | 732.20 |
| C Jojo | Litigation | 1980 | 8.9 | 598.50 | $8,176.41 |
| | | **Totals** | 48.1 | | 43,475.12 |

**Of Counsel**

| Name | Department | Year Qualified/ Admitted | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|------|-----------|------------|-------|------------|-------------|
| M Kwok | Litigation | 1997 | 3.7 | 508.50 | 2,888.03 |
| | | **Totals** | 3.7 | | 2,888.03 |

**Associates**

| Name | Department | Year Qualified/ Admitted | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|------|-----------|------------|-------|------------|-------------|
| M Craggs | Banking | 2006 | 28.50 | 508.50 | 22,245.60 |
| A Laderman | Banking | 2012 | 9 | 297.00 | 4,103.06 |
| S Hooper | Banking | 2009 | 27.90 | 333.00 | 14,261.22 |
| B Ridgeon | Litigation | 2001 | 6.7 | 454.50 | 4,674.31 |
| C T Yeo | Litigation | 2006 | 2.5 | 301.50 | 1,157.01 |
| | | **Totals** | 74.60 | | 46,441.20 |

**Trainees**

| Name | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|------|-------|------------|-------------|
| K Ng | 0.5 | 202.50 | 155.42 |
| **Totals** | 0.5 | | 155.42 |

---

[2] All applicable Norton Rose Fulbright LLP fees are charged at the relevant local currency. The totals are converted from Pounds Sterling into US Dollars at the point of delivery of Norton Rose Fulbright LLP's monthly invoices. For that reason, it is not possible to provide a summary per fee earner which can be exactly reconciled with the amounts invoiced. However, the amount claimed does reconcile exactly with the invoices rendered during the Compensation Period.

2

**Paralegals / Translators**

| Name | | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|------|---|-------|-----------------|------------------------|
| E Hau | | 1.8 | 180.00 | 497.34 |
| | **Totals** | 1.8 | | 497.34 |

Hamish Anderson
Radford Goodman
Mark Craggs
Andrew Laderman
NORTON ROSE FULBRIGHT LLP
3 More London Riverside
London SE1 2AQ
United Kingdom
Telephone: +44 20 7283 6000
Facsimile: +44 20 7283 6500

U.K. Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| | |
| Debtor. | |

**EIGHTEENTH APPLICATION OF NORTON ROSE FULBRIGHT LLP FOR**
**ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED**
**FROM JULY 31, 2013 THROUGH OCTOBER 30, 2013**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Norton Rose Fulbright LLP ("NRF"), as U.K. counsel to James W. Giddens (the

"Trustee") as Trustee for the liquidation of Lehman Brothers Inc. ("Debtor" or "LBI"),

for its eighteenth application (the "Application") for an order pursuant to section

78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1]

sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim

compensation for services performed by NRF for the period commencing July 31, 2013

---

[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

through and including October 30, 2013 (the "Compensation Period") and reimbursement
of NRF's actual and necessary expenses (hereinafter also referred to as "disbursements
and costs") incurred during the Compensation Period, respectfully represents:

## BACKGROUND

1.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard
E. Lynch, Judge of the United States District Court for the Southern District of New
York, entered the Order Commencing Liquidation (the "LBI Liquidation Order")
pursuant to the provisions of SIPA in the case captioned Securities Investor Protection
Corporation v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL).

2.      The LBI Liquidation Order: (i) appointed the Trustee for the
liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA; (ii)
appointed Hughes Hubbard & Reed LLP ("HHR") counsel to the Trustee pursuant to
section 78eee(b)(3) of SIPA; and (iii) removed this case to this Court pursuant to section
78eee(b)(4) of SIPA.

3.      On November 21, 2008, the Court entered the Order Authorizing
the Trustee to Retain and Employ Norton Rose Fulbright LLP (then Norton Rose LLP) as
U.K. Counsel Nunc Pro Tunc to October 27, 2008 (Docket No. 330) (the "NRF
Appointment Order") (i) authorizing the Trustee to retain and employ NRF nunc pro tunc
to October 27, 2008 as U.K. counsel to the Trustee and (ii) finding that NRF is
disinterested pursuant to the provisions of section 78eee(b)(6) of SIPA, section 327(a) of
the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) and is therefore
in compliance with the disinterestedness requirement in section 78eee(b)(6) of SIPA,
section 327(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure
2014(a).

4.      On June 20, 2013, the Court entered the Fifth Amended Order
(ECF No. 6569) Establishing Procedures Governing Interim Monthly Compensation of
the Trustee and HHR (the "Fifth Amended Administrative Fee Order"). The Fifth
Amended Administrative Fee Order provided that special counsel to the Trustee shall not
serve monthly statements, but file interim or final applications (as the case may be) for
Court approval for allowance and payment of the compensation and reimbursement of

expenses and that the Trustee shall promptly pay one hundred percent (100%) of all fees and expenses approved by the Court in connection with such applications.

     5.    On June 21, 2013 NRF filed a notice with the Court (ECF No.6572) that the law practices of Norton Rose and Fulbright and Jaworski LLP combined effective June 3, 2013, with the consequence that Norton Rose LLP has been changed to Norton Rose Fulbright LLP.

     6.    In accordance with all applicable orders and guidelines described herein, NRF has filed seventeen prior applications for allowance of interim compensation and reimbursement of expenses incurred in prior Compensation Periods (the "Prior Interim Applications"). The following chart identifies the Prior Interim Applications and the orders entered with respect to such applications:

| Application | Order | | Interim Fees Approved | Interim Expenses[2] Approved |
|---|---|---|---|---|
| First Interim Application | March 27, 2009 | ECF No. 902 | $169,713.24 | $4,283.48 |
| Second Interim Application | August 24, 2009 | ECF No. 1513 | $299,186.21 | $9,971.05 |
| Third Interim Application | January 21, 2010 | ECF No. 2558 | $1,103,416.32 | $291,013.87 |
| Fourth Interim Application | June 2, 2010 | ECF No. 3338 | $2,184,690.82 | $921,674.14 |
| Fifth Interim Application | September 24, 2010 | ECF No. 3729 | $1,212,240.27 | $565,887.10 |
| Sixth Interim Application | November 16, 2010 | ECF No. 3889 | $1,233,266.08 | $872,831.77 |
| Seventh Interim Application | February 28, 2011 | ECF No. 4116 | $848,823.40 | $120,787.73 |
| Eighth Interim Application | May 26, 2011 | ECF No. 4302 | $971,180.36 | $162,208.69 |
| Ninth Interim Application | August 18, 2011 | ECF No. 4507 | $963,397.32 | $116,536.10 |
| Tenth Interim Application | November 17, 2011 | ECF No. 4733 | $1,029,886.24 | $166,960.26 |
| Eleventh Interim Application | February 15, 2012 | ECF No. 4909 | $948,165.24 | $233,046.85 |
| Twelfth Interim Application | May 21, 2012 | ECF No. 5082 | $1,173,167.29 | $92,896.02 |
| Thirteenth Interim Application | August 23, 2012 | ECF No. 5252 | $1,324,985.98 | $55,495.16 |
| Fourteenth Interim Application | December 11, 2012 | ECF No. 5456 | $1,670,811.21 | $337,602.41 |
| Fifteenth Interim Application | March 19, 2013 | ECF No. 5735 | $873,608.75 | $255,952.94 |
| Sixteenth Interim Application | June 20, 2013 | ECF No. 6205 | $453,929.37 | $24,484.86 |

---

[2] Expenses include any fees for retained barristers.

BD-#19419123-v4          3

| Application | Order | | | Interim Fees Approved | Interim Expenses[2] Approved |
|---|---|---|---|---|---|
| Seventeenth Interim Application | August 22, 2013 | ECF 7081 | No. | $157,643.18 | $52,246.01 |

## COMPENSATION REQUESTED

7.    This application has been prepared under the guidance of HHR. The declaration of Hamish Anderson, a partner of NRF, is attached hereto as Exhibit A.

8.    As described in the declaration of Hamish Anderson, NRF expended 128.70 hours in the rendition of professional and paraprofessional services on behalf of the Trustee during the Compensation Period, resulting in a blended hourly rate of US$ 755.42 for fees incurred.

9.    At SIPC's request, NRF's fees in this case reflect a 10% public interest discount from NRF's standard rates. This discount has resulted in an additional voluntary reduction during the Compensation Period of US$ 10,082.44.

10.    Exhibit B annexed hereto provides a schedule of the disbursements and costs for which reimbursement is requested. The requested disbursements and costs are customarily charged to and paid by NRF's bankruptcy and non-bankruptcy clients.

11.    Exhibit C annexed hereto is a summary by project categories of services performed by NRF from July 31, 2013 through October 30, 2013.[3]

12.    There is no agreement or understanding between NRF and any other person, other than members of NRF, for sharing of compensation to be received for services rendered in this case.

13.    To the extent that time or disbursement charges for services rendered or disbursements and costs incurred relate to the Compensation Period, but were not classified or processed prior to the preparation of this Application, NRF reserves the right to request additional compensation for such services and reimbursement of such disbursements and costs in a future application.

---

[3] Since October 27, 2008, NRF has implemented twenty-four (24) separate matter numbers for services rendered, together with a further twenty four (24) non-matter-specific work streams, for project categories to permit a more detailed analysis of the fees incurred. However, given the multitude of lawyers involved and the number of task codes, limited instances of inconsistencies as between different time entries are inevitable despite NRF's best efforts to ensure that narratives in respect of work completed are presented as consistently as possible.

BD-#19419123-v4                                     4

## SUMMARY OF SERVICES

14.     A SIPA proceeding contemplates liquidation of the business of the broker-dealer, with special provisions regarding "customer" assets. NRF's services (highlighted here and summarized in greater detail below) relate principally to the U.K. aspects of the liquidation of the international enterprise that was LBI, with assistance from NRF's international network of offices wherever required, as contemplated by the NRF Appointment Order.

15.     In particular, NRF, in consultation with HHR, has devoted substantial time to coordinating with the Administrators of Lehman Brothers International (Europe) ("LBIE"), and the responsible office-holders appointed in the many other Lehman Brothers-related insolvency proceedings around the globe, including, in approximately the past eighteen months, with respect to the settlement of all claims and cross-claims between the different entities. NRF has also been advising the Trustee on the appropriate measures to be implemented for the closure of LBI branch offices worldwide, including in the U.K., Singapore and the People's Republic of China.

16.     During the Compensation Period, the principal work streams on which NRF has been engaged are as follows: (i) advising the Trustee in relation to matters arising out of the English law aspects of the resolutions of claims between LBI and LBIE under the settlement agreement between the Trustee and the Administrators which was approved by this Court on April 16, 2013, and which became effective in accordance with its terms on June 7, 2013; and (ii) advising the Trustee in relation to the Lehman Brothers Securities Asia Limited (In Liquidation) ("LBSAL") joint liquidators' application to the High Court of the Hong Kong Special Administrative Region for orders, directions and declarations with respect to so-called "Third Party Security Interests" ("TPSI") as to assets held by LBSAL.

17.     Thoughout the Compensation Period, NRF has liaised extensively with Linklaters LLP, solicitors to the Administrators of LBIE, Mayer Brown JSM, solicitors to the joint liquidators of LBSAL, and the solicitors of other parties, as necessary. In addition, throughout the Compensation Period NRF has considered, and conducted appropriate research into, relevant issues of English and Hong Kong law on behalf of the Trustee, with input from the Trustee's other advisers as necessary.

Throughout, NRF has resourced its team with fee-earners of an appropriate level of seniority for the tasks in hand and in a manner commensurate with the mandates of SIPA.

18.    During the Compensation Period, in addition to the matters described above, NRF has assisted in the monitoring of Lehman Brothers insolvency proceedings of companies in respect of which LBI is a creditor in various jurisdictions, including England, Singapore and Hong Kong.

19.    NRF has been cognizant throughout the Compensation Period that its efforts, as with the efforts of professionals in other SIPA proceedings, bear on the public interest. NRF regularly consults with the Trustee and SIPC, through HHR, to ensure that its efforts adhere to the mandates of SIPA and to avoid any potential duplication of effort with HHR or other professionals employed by the Trustee.

## DETAILED DESCRIPTION OF SERVICES

20.    The following is a more detailed overview of certain of the significant services rendered by NRF during the Compensation Period, organized in accordance with NRF's internal system of project or work codes.

- Advising the Trustee with respect to the LBI estate's rights, duties and powers in connection with LBIE and the other English companies in administration.

- Advising the Trustee in relation to English law aspects of the resolution of all claims between LBI and LBIE.

    o Advising on additional U.K. aspects of the settlement between LBI and LBIE that became effective on June 7, 2013.

    o Maintaining a watching brief over the consensual proposal promulgated by LBIE to facilitate the return of the LBI omnibus recovery to LBIE clients.

- Liaising with the joint liquidators of the Hong Kong Lehman Brothers companies where necessary, including with respect to the court application by the joint liquidators of LBSAL as to the validity and effectiveness of TPSI provisions.

- Monitoring the status/outcomes of various other court applications made in the course of the liquidations of the Hong Kong Lehman Brothers companies.

**ACTUAL AND NECESSARY**
**DISBURSEMENTS AND COSTS INCURRED BY NRF**

21.     As set forth in Exhibit B attached hereto, NRF has incurred US$ 729.05 in disbursements and costs in providing professional services during the Compensation Period. The categories of disbursements and costs include charges in respect of printing, photocopying and courier fees incurred in the course of working on this matter. These charges reflect NRF's direct operating costs in all cases. Such expenses are levied as and when they are incurred and are not separately incorporated into the NRF hourly billing rates.

22.     In view of the inherently international nature of this case, frequent long distance telephone calls and conference call services have been necessary. However, as is standard in the City of London market for legal services, the costs of all secretarial assistance to lawyers and other fee-earners, and other labor of an administrative nature, is reflected in the hourly rates for professional fees.  No additional charges are levied for word processing and other document management functions.

23.     In summary, the actual disbursements and costs incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the estate, its customers and creditors.

**NRF'S REQUEST FOR INTERIM**
**COMPENSATION SHOULD BE GRANTED**

24.     NRF may submit applications to the Court for compensation for services rendered and reimbursement for disbursements and costs during the course of the liquidation, which may be done on an interim basis. SIPA §§ 78eee(b)(5)(A)-(B). Whenever an application for compensation and reimbursement of disbursements and costs is filed, SIPC shall file its recommendation with respect to such fees and disbursements with the Court prior to the hearing on such application. Id. at § 78eee(b)(5)(C). The Court "shall place considerable reliance on the recommendation of SIPC" as to the allowances requested in such applications, and to the extent that such allowances are to be paid by SIPC, without reasonable expectation of recoupment, the court shall award the amounts recommended by SIPC. Id.; see e.g., Holmes v. Securities

Investor Protection Corp., 503 U.S. 258, 274 n.21 (1992) (recognizing that "SIPC's recommendation to court on trustee's compensation is entitled to considerable reliance and is, under certain circumstances, binding."); In re Madoff, No. 08-1789, 2010 U.S. Dist. LEXIS 81492, at *15 (Bankr. S.D.N.Y. Aug. 6, 2010) ("There are no grounds for differing opinions [as to whether the bankruptcy court is required to approve fee applications that SIPC recommended be approved] because [the issue] is directly addressed by SIPA—the court shall...place considerable reliance on the recommendation of SIPC.") (internal quotation omitted); In re Donald Sheldon & Co, Inc. 153 B.R. 661, 668 (Bankr. S.D.N.Y. 1993) (SIPA requires . . . that "[W]e place considerable reliance on the recommendation of SIPC in ruling on [the Trustee's] application [for fees]").

25.    At this time, the Trustee anticipates that there will be sufficient funds available from the general estate to satisfy administrative expenses of the estate, including professional fees, without seeking to requisition funds from SIPC in order to pay these expenses. As a result, in determining the allowance of NRF's compensation, while "considerable reliance" shall be placed on SIPC's recommendation, the Court must duly consider the nature, extent and value of the services rendered. SIPA at § 78eee(b)(5)(C).

26.    NRF submits that its request for interim allowance of compensation is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

27.    In the instant case, NRF respectfully submits that the services for which it seeks compensation in this Application, as highlighted above, at the time rendered, were believed to be necessary for and beneficial to LBI's estate, customers, creditors and other parties-in-interest. NRF further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to these constituencies. In sum, the services rendered by NRF were necessary and beneficial and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

**CONCLUSION**

NRF respectfully submits that the services rendered during the Compensation Period and accomplishments to date merit the approval of the fees and disbursements and costs requested herein, and respectfully requests that the Court enter Orders as follows: (i) allowing and awarding US$ 97,221.93 as an interim payment for professional services rendered by NRF during the Compensation Period and US$ 729.05 as interim reimbursement of the actual and necessary disbursements and costs incurred by NRF in connection with the rendition of such services, authorizing the Trustee to pay all outstanding amounts in accordance with the Fifth Amended Administrative Fee Order; and (ii) granting NRF such other and further relief as the Court may deem just and proper.

Dated: November 13 , 2013

NORTON ROSE FULBRIGHT LLP

By: _____

Hamish Anderson
Radford Goodman
Mark Craggs
Andrew Laderman
3 More London Riverside
London SE1 2AQ
United Kingdom
Telephone: +44 20 7283 6000
Facsimile: +44 20 7283 6500

Email:
Hamish.anderson@nortonrosefulbright.com

U.K. Counsel for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

# **EXHIBIT A**

.

BD-#18829630-v4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

## DECLARATION OF HAMISH ANDERSON

HAMISH ANDERSON hereby makes the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am a duly admitted solicitor of the Senior Courts of England and Wales and a partner of the firm of Norton Rose Fulbright LLP ("NRF"). I submit this certification in support of the eighteenth application of NRF, as U.K. counsel to James W. Giddens as Trustee (the "Trustee") for the liquidation of Lehman Brothers Inc., for allowance of interim compensation for services rendered and reimbursement of actual and necessary expenses incurred from July 31, 2013 through October 30, 2013 pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure.

2.      On November 21, 2008, the Court entered the Order Authorizing the Trustee to Retain and Employ Norton Rose Fulbright LLP (then Norton Rose LLP) as U.K. Counsel Nunc Pro Tunc to October 27, 2008 (Docket No. 330) authorizing the Trustee to retain and employ NRF nunc pro tunc to October 27, 2008 as U.K. counsel to the Trustee.

3.      I submit this affidavit pursuant to Bankruptcy Rule 2016(a) in support of NRF's application (the "Application") for (i) allowance of compensation in the

---

[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

amount of US$ 97,221.93 for professional services rendered by NRF from July 31, 2013 through October 30, 2013 (the "Compensation Period"); and (ii) reimbursement in the amount of US$ 729.05 for necessary disbursements and costs incurred by NRF during the Compensation Period.

4.      As one of the lead partners at NRF staffed on this matter, I am familiar with such services and with these proceedings. These statements are correct to the best of my knowledge and belief, based upon conversations I have conducted with the partners and associates of NRF and upon records kept by NRF in the normal course of business.

5.      I hereby certify that (i) I have read the Application; and (ii) to the best of my knowledge and belief, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a) and the Fifth Amended Administrative Fee Order (as defined in the Application).

6.      At the request of the Securities Investor Protection Corporation ("SIPC"), NRF's fees in this case reflect a 10% public interest discount from NRF's standard rates.

7.      I hereby certify that members of the staff of SIPC have been provided with a copy of the Application.

8.      I certify that, to the best of my knowledge and belief, (i) in providing reimbursable non-legal services to the estate, NRF does not make a profit on such services; and (ii) in seeking reimbursement for a service which NRF justifiably purchased or contracted from a third party, NRF requests reimbursement only for the amount billed to NRF by the third-party vendors and paid or to be paid by NRF to such vendors.

9.      It is NRF's practice not to include the costs of printing photocopying and telephone and fax charges in its overhead, but rather to bill out these expenses to clients. To the best of my knowledge and belief, charges in respect of these costs reflect NRF's direct operating costs in all cases. They are levied as and when they are incurred and are not separately incorporated into the NRF hourly billing rates. Further, the costs of all secretarial assistance to lawyers and other fee-earners, and other labor of an administrative nature, is reflected in the hourly rates for professional fees. No

additional charges are levied for word processing and other document management functions.

10.     NRF has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

11.     To the best of my knowledge and belief, there is no agreement or understanding between NRF and any other person, other than members of NRF, for sharing of compensation to be received for services rendered in this case.

No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by NRF.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in London, England this   13   day of November 2013.

_____
Hamish Anderson
Norton Rose Fulbright LLP

# EXHIBIT B

**Expenses incurred for the period July 31, 2013 through October 30, 2013 (excluding barrister's fees)**

| Description | Total Amount |
|---|---|
| Document Reproduction | US$662.20 |
| Telephone & Fax Charges | US$49.90 |
| Courier Fees | US$16.95 |
| **Total** | **US$ 729.05** |

# **EXHIBIT C**

BD-#18830440-v3

**Summary by Project Categories of Services Performed by Norton Rose Fulbright LLP from July 31, 2013 through October 30, 2013**

| Project Category | Summary |
|---|---|
| LBIE General Aspects | General advice relating to the administration of LBIE, including advising the Trustee on English law aspects relating to the settlement of claims between the LBI and LBIE estates. |
| LBI General | Monitoring the progress of the insolvency proceedings of various LBI debtors in different jurisdictions; attending to sundry queries in relation to English insolvency law and work relating to matters which span several different work streams, such that it is not appropriate to allocate the time recorded to a particular work stream. |
| LBIE Extended Liens Application | Advice relating to the application to the High Court of Justice of England and Wales by the LBIE Administrators for directions in respect of the validity and effectiveness of security interests created by standard Lehman Brothers agreements, including advice relating to the appeal by 314CA of the first instance Judgment of Briggs J to the Court of Appeal and its subsequent dismissal. |
| Hong Kong Proceedings | Advice relating to the liquidations of various Lehman Brothers entities in Hong Kong and the treatment of claims in Hong Kong, including with respect to the court application as to the validity and effectiveness of "extended lien" provisions. |
| LBI Singapore Branch Office | Advice relating to the deregistration of LBI from Singapore's companies registry; advice relating to Singapore LBIE client money aspects. |