# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 22, 2014

By E-mail

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

> Re:  Securities Investor Protection Corporation v. Bernard L.
> Madoff Investment Securities LLC., No. 08-1789 (SMB)

Dear Judge Bernstein:

       I am writing on behalf of the coordinating counsel who handled the consolidated briefing and argument of a motion before Judge Rakoff that led to his Opinion and Order barring the extraterritorial application of Section 550(a) of the Bankruptcy Code (the "Extraterritoriality Order") (12-mc-115, D.I. 551). We respectfully request a conference to discuss an orderly schedule for the application of the Extraterritoriality Order to the approximately 80 adversary proceedings that are subject to that Order.

       The Extraterritoriality Order concluded:

> In sum, the Court finds that section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers.

Judge Rakoff further directed that the adversary proceedings subject to the Order "be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order."

The Honorable Stuart M. Bernstein                                                                                        -2-

       We have met with the Trustee's counsel to discuss how to proceed. Although Trustee's counsel agrees with us that it would be most efficient if a final, appealable order were entered where possible in proceedings subject to the Extraterritoriality Order so that the Order can be reviewed promptly by the Court of Appeals, we have not been able to agree on how to achieve this result.

       Counsel for the defendants propose to work together to identify appropriate proceedings and submit consolidated supplemental briefing concerning the application of the Extraterritoriality Order to those complaints. We believe that there may be a considerable number of proceedings in which application of the Extraterritoriality Order (in some cases together with prior orders dismissing certain claims) will result in a final judgment disposing of the entire proceeding. We also believe there are other proceedings in which application of the Extraterritoriality Order will completely dispose of all the claims against particular parties, or all the claims relating to particular transfers, permitting the entry of an appealable order pursuant to Fed. R. Civ. P. 54(b), as made applicable by Fed. R. Bankr. P. 7054(a).

       We understand that the Trustee may seek to amend his complaints in ways that he believes will avoid application of the Extraterritoriality Order, and even seek discovery for the purpose of pleading claims that will withstand a motion to dismiss. However, in footnote 4 of the Extraterritoriality Order Judge Rakoff expressly rejected the Trustee's argument that "dismissal at this stage is inappropriate because additional fact-gathering is necessary to determine where the transfers took place." Since the Extraterritoriality Order requires dismissal of any claims to recover "subsequent transfers received abroad by a foreign transferee from a foreign transferor," we do not believe amendment of the complaints is either necessary or appropriate prior to what should be a straightforward application of the Extraterritoriality Order to the individual proceedings.

       Accordingly, we respectfully request a conference with the Court to seek guidance on how to proceed in an orderly and efficient manner to achieve the common goal of bringing the Extraterritoriality Order up for review by the Court of Appeals.

                                                        Respectfully submitted,

                                                         Robinson B. Lacy

cc (by e-mail):

       Franklin B. Velie, Esq.
         Sullivan & Worcester LLP

The Honorable Stuart M. Bernstein -3-

    Marco E. Schnabel, Esq.
     Skadden, Arps, Slate, Meagher & Flom LLP

    David Sheehan, Esq.
     Baker & Hostetler LLP