Peter S. Partee, Sr.
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166
Telephone: (212) 309-1132

*Attorneys for the Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br><br>      Defendants. | Adv. Pro. No. 10-05257 (BRL) |

**DEFENDANTS' MOTION TO DISMISS
<u>THE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  BACKGROUND ........................................................................................................ 3

     A.   Factual Background ......................................................................................... 3

     B.   Procedural Background .................................................................................... 3

III. STANDARD OF REVIEW ........................................................................................ 6

IV.  ARGUMENT .............................................................................................................. 7

     A.   The Trustee Fails to Adequately Plead Fraud. ................................................. 7

     B.   The Trustee Fails to Allege Sufficient Facts Regarding
          Transfers From the Estate Account ................................................................. 9

     C.   The Trustee Fails to State a Claim for Avoiding Obligations. ...................... 10

     D.   The Complaint Should Be Dismissed With Prejudice. .................................. 10

     E.   Defendants Reserve Their Rights To Appeal "Antecedent Debt" and
          "Inter-Account Transfer" Issues. ................................................................... 12

V.   CONCLUSION ........................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alnwick v. European Micro Holdings, Inc.*,
    281 F. Supp. 2d 629 (E.D.N.Y. 2003) ..................................................................................9

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ..........................................................................................................6

*Assam v Deer Park Spring Water, Inc.*,
    163 F.R.D. 400 (E.D.N.Y. 1995) ........................................................................................11

*Atlanta Shipping Corp., Inc. v. Chem. Bank*,
    818 F.2d 240 (2d Cir. 1987) .................................................................................................7

*Balaber-Strauss v. Lawrence*,
    264 B.R. 303 (S.D.N.Y. 2001) .............................................................................................8

*Barberan v. Nationpoint*,
    706 F. Supp. 2d 408 (S.D.N.Y. 2010) ..................................................................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..............................................................................................................6

*Blue Tree Hotels Inc. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
    369 F.3d 212 (2d Cir. 2004) .................................................................................................6

*Brass v. Am. Film Tech, Inc.*,
    987 F.2d 142 (2d Cir. 1993) .................................................................................................6

*Daly v. Deptula (In re Carrozzella & Richardson)*,
    286 B.R. 480 (D. Conn. 2002) .............................................................................................8

*Fannie Mae v. Olympia Mortg. Corp.*,
    Case No. 04-04971, 2006 U.S. Dist. LEXIS 70175 (E.D.N.Y. Sept. 28, 2006) ...................9

*In re Madoff Sec.*,
    Case No. 12-02557 (2d Cir.) ................................................................................................5

*Jackson v. Bank of Haw.*,
    902 F.2d 1385 (9th Cir. 1990) ...............................................................................................11

*Meadowlands Invs., LLC v. CIBC World Markets Corp.*,
    Case No. 04-07328, 2005 Dist. LEXIS 21102 (S.D.N.Y. Sept. 22, 2005) ...........................6

*Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.)*,
    361 B.R. 369 (Bankr. S.D.N.Y. 2007) .................................................................................7

*Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.)*,
    309 F.3d 1325 (11th Cir. 2002) ..........................................................................................8

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998) ..................................................................................................6

*Picard v. Taylor (In re Park S. Sec., LLC)*,
    326 B.R. 505 (S.D.N.Y. 2005) ............................................................................................7

*Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC*,
    2014 WL 465360 (S.D.N.Y. Jan. 14, 2014) .....................................................................12

*Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC*,
    499 B.R. 416 (S.D.N.Y. 2013) ..........................................................................................12

*Secs. Investor Prot. Corp. v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) ................................................................................7

*SIPC v. Bernard L. Madoff Inc. Sec. LLC (In re Madoff Sec.)*,
    Case No. 12-00115 (S.D.N.Y. May 16, 2012) ...................................................................5

*SIPC v. Bernard L. Madoff Sec. LLC (Picard v. Grieff)*,
    476 B.R. 715 (S.D.N.Y. 2012), appeal pending, *In re Madoff Sec.*, No. 12-2557-L (2d
    Cir.) ................................................................................................................................4, 3

*United States v. Inc. Village of Island Park*,
    Case No. 90-00992, 1995 WL 669936 (E.D.N.Y. Nov. 6, 1995) .....................................10

*United States v. W. Prods., Ltd.*,
    Case No. 95-01424, 1997 WL 668210 (S.D.N.Y. Oct. 27, 1997) ....................................11

**STATUTES**

11 U.S.C. § 546(e) .........................................................................................................................4

11 U.S.C. § 548(a)(1).........................................................................................................1, 2, 4, 7

11 U.S.C. § 548(c) ..................................................................................................................10, 12

11 U.S.C. § 548(d)(2)(A).............................................................................................................12

**OTHER AUTHORITIES**

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice &
    Procedure § 1487 (2d Ed. 1990) ......................................................................................11

Fed. R. Bankr. P. 7009 ................................................................................................................7, 10

Fed. R. Bankr. P. 7012(b) ................................................................................................................1

Fed. R. Bankr. P. 7015 ..................................................................................................................10

Fed R. Civ. P. 9(b) ....................................................................................................................7, 10

Fed. R. Civ. P. 12(b)(6)................................................................................................................1, 6

Fed. R. Civ. P. 15(a)(2) .................................................................................................................10

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia Zraick DeLuca, and Karen M. Rich (collectively, the "Defendants"), by counsel, hereby move the Court for entry of an order dismissing the Amended Complaint (Adv. Pro. Docket No. 15) (the "Complaint" or "Compl.") filed by Irving H. Picard, as Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for failure to state a claim upon which relief can be granted.

## I. PRELIMINARY STATEMENT[1]

This adversary proceeding is one of more than approximately 1,000 similar such proceedings commenced by the Trustee in late 2010. The Defendants are individuals acknowledged by the Trustee to be innocent victims of BLMIS, with no prior knowledge of the fraud perpetrated upon them. The District Court already has dismissed most of the claims asserted in this action; the remaining claims should be dismissed for several reasons as discussed herein. Yet the Trustee continues relentlessly to press his litigation against the Defendants as they struggle to carry on their lives having lost their inheritance and life savings in the Madoff fraud.

Although the Complaint alleges avoidance claims under various provisions of the Bankruptcy Code and New York's Debtor & Creditor Law, the District Court's rulings eliminate all of the Trustee's claims other than those arising under section 548(a)(1)(A) of the Bankruptcy Code, which permits avoidance of fraudulent transfers made with actual fraudulent intent during the two-year federal "reach back" period. The Trustee's constructive fraudulent transfer claims

---

[1] Capitalized terms used in the Preliminary Statement shall have the meanings ascribed to such terms below.

and related state law claims, which sought to avoid transfers made during a six-year reach back period, were dismissed. Defendants now move to dismiss the Trustee's remaining counts in connection with the two-year reach back period on the following grounds.

First, the Complaint must be dismissed because the Trustee fails to adequately plead that the withdrawals were made with intent to hinder, delay or defraud creditors as required under section 548(a)(1)(A) of the Bankruptcy Code. Second, the Complaint acknowledges a transfer into one of the Defendants' BLMIS accounts from another BLMIS account, but fails to provide sufficient detail concerning that inter-account transfer needed to determine what portion, if any, of the challenged withdrawals constitute fictitious profits. Third, the Trustee seeks to avoid "obligations" but fails to plead any particular obligations to be avoided as required under the most liberal pleading rules.

The Defendants submit that dismissal of the Complaint should be with prejudice given these deficiencies and the circumstances of this adversary proceeding. This adversary proceeding has been pending for almost four years, and the record in these proceedings (for which the Court may take judicial notice) reflects that the Trustee has failed and refuses to provide basic information required for an adequately pled complaint, particularly in respect to the inter-account transfer. Moreover, no hardship would inure to the Trustee if the Court denies leave to amend. The adversary proceeding presents only a burden to the Trustee and beneficiaries of the SIPA estate, the continuance of which serves only to heap up administrative expenses on the backs of other Madoff victims without any hope of a net recovery to the SIPA estate.

## II. BACKGROUND

### A. Factual Background

The Defendants are former customers of BLMIS. (Compl. at ¶¶ 41-43). Lorraine Zraick opened her BLMIS account in 1996 with a transfer from another BLMIS account. After her death in 2003, her account in the amount of approximately $1,133,277 was transferred or retitled to an account under the name "Estate of Lorraine Zraick" (the "Estate"). (Compl. Ex. B, Doc # MADC1262_00000004). Thereafter, the Estate received monthly BLMIS account statements and trade confirmations reflecting purported trades in listed securities. (Compl. at ¶ 29).

On May 26, 2004, funds in the Estate's BLMIS account (the "Estate Account") in the amount of $728,867.00 were transferred (the "Inter-Account Transfer") to a BLMIS account (the "TIC Account") in the name of Mrs. Zraick's children, Defendants Edward A. Zraick, Jr., Patricia Zraick DeLuca, and Karen M. Rich, as tenants in common (collectively, the "Zraicks"). The Complaint alleges that the Zraicks made withdrawals in the aggregate amount of $105,000 during the two years prior to the Filing Date (defined below), and in the aggregate amount of $195,000 during the six years prior to the Filing Date. (Compl. Ex. B, Doc # MADC1262_00000005).

Defendants Edward A. Zraick and his wife Nancy Zraick ("Ed & Nancy") opened their BLMIS account ("Ed & Nancy's Account") in November 1986. The Complaint alleges that Ed & Nancy made withdrawals in the aggregate amount of $180,000 during the two years prior to the Filing Date, and in the amount of $364,000 in the six years prior to the Filing Date. (Compl. Ex. B, Doc # MADC1262_00000003).

### B. Procedural Background

On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission (the "SEC") commenced a proceeding against Bernard L. Madoff and BLMIS in the United

3

States District Court for the Southern District of New York (the "District Court"). On December 15, 2008, the SEC consented to combining its action with an application by the Securities Investor Protection Corporation ("SIPC") pursuant to the Securities Investment Protection Act ("SIPA"). The District Court granted SIPC's application, appointed the Trustee, and transferred the proceeding to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (Compl. at ¶¶ 15-18).

The Trustee filed a complaint commencing this adversary proceeding (the "Avoidance Action") on December 6, 2010. (Adv. Pro. Docket No. 1). The complaint was amended on February 3, 2012. (Adv. Docket No. 15). Through the Complaint, the Trustee seeks to avoid and recover amounts allegedly withdrawn in the six years prior to the Filing Date by the Zraicks ($195,000), Ed & Nancy ($364,000), and the Estate of Lorraine Zraick ($431,188) under New York State fraudulent transfer statutes (collectively, the "Six Year Claims"). The Trustee seeks to avoid and recover amounts allegedly withdrawn in the two years prior to the Filing Date by the Zraicks ($105,000) and Ed & Nancy ($180,000) under section 548(a)(1) of the Bankruptcy Code (collectively, the "Two Year Claims"). (Compl. at ¶¶ 48 and 49, Ex. B). The Trustee further seeks avoidance of all obligations to the Defendants (collectively, the "Obligations") incurred by BLMIS in connection with the monthly account statements and any other "statements or representations" sent or made by BLMIS or Madoff to the Defendants, pursuant to these same statutory provisions. (Compl. at ¶ 43).

On February 17, 2012, the Defendants and the Estate filed a motion to dismiss the Complaint. (Adv. Pro. Docket No. 18). Following motion practice in the District Court, the Honorable Jed S. Rakoff issued a decision holding that the "safe harbor" provided by section 546(e) of the Bankruptcy Code prevents the Trustee from avoiding and recovering any transfers

4

alleged to have been made more than two years prior to the Filing Date. *See SIPC v. Bernard L. Madoff Sec. LLC (Picard v. Grieff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("The Court concludes…that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."), appeal pending, *In re Madoff Sec.*, No. 12-2557-L (2d Cir.).

On May 12, 2012, the District Court, on consent of the Trustee, SIPC and other affected parties, including the Defendants and the Estate, consolidated nearly 700 similar actions for purposes of certifying the entry of a single final judgment (the "Final 546(e) Judgment") in all similarly situated adversary proceedings, including this Avoidance Action, dismissing the Six Year Claims. *SIPC v. Bernard L. Madoff Inc. Sec. LLC* (*In re Madoff Sec.*), Case No. 12-00115 (S.D.N.Y. May 16, 2012) (ECF No. 109). The District Court then entered the Final 546(e) Judgment. *SIPC v. Bernard L. Madoff Inc. Sec. LLC* (*In re Madoff Sec.*), Case No. 12-00115 (S.D.N.Y. May 16, 2012) (ECF No. 124). As a result, the only remaining claims in this Avoidance Action are the Two Year Claims - Count One against Ed & Nancy and Count Seven against the Zraicks, seeking a total recovery of $285,000.

The Trustee and SIPC appealed the Final 546(e) Judgment to the Second Circuit, where the appeals were consolidated under the caption *In re Madoff Sec.*, Case No. 12-02557. All briefing has been completed, the Second Circuit heard oral argument on March 5, 2014, and the matter is *sub judice*. Neither the Trustee nor SIPC sought a stay of the effect or operation of the Final 546(e) Judgment from the District Court or the Second Circuit.

On March 21, 2014, Defendants voluntarily withdrew their motion to dismiss the remaining claims, without prejudice, while the parties entered into mediation. (Adv. Pro. Docket No. 24). Mediation was unsuccessful (Adv. Pro. Docket No. 29). As a result, Defendants are filing this Motion to dismiss the remaining claims.

5

### III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, *555* (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level").

The presumption of truth ordinarily afforded the allegations of a complaint does not apply if the allegations are contradicted by other allegations in the complaint themselves or by otherwise established facts. *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 425 (S.D.N.Y. 2010) (dismissal based on contradictory facts); *Meadowlands Invs., LLC v. CIBC World Markets Corp.*, Case No. 04-07328, 2005 Dist. LEXIS 21102 (S.D.N.Y. Sept. 22, 2005) (dismissal of breach of contract and common law fraud claims when allegations were contradicted by facts).

In assessing the facts for purposes of dismissing a complaint, the Court is not limited to allegations of the complaint. The Court may also consider documents attached to the complaint as exhibits or incorporated in it by reference, matters of which judicial notice may be taken, or documents upon which the plaintiff relies in bringing suit. *Brass v. Am. Film Tech, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). A court may also rely on matters of public record in deciding a motion to dismiss under Federal Rule 12(b)(6). *See Blue Tree Hotels Inc. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212 (2d Cir. 2004) (court may consider complaint filed in a state court action); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (a court may look to matters of public record).

IV. **ARGUMENT**

A. **The Trustee Fails to Adequately Plead Fraud.**

The Trustee's remaining claims – the Two Year Claims – are brought under section 548(a)(1)(A) of the Bankruptcy Code. Section 548(a)(1)(A) provides that a trustee may avoid transfers made "to hinder, delay, or defraud" the debtor's creditors (i.e., actual fraudulent transfers). 11 U.S.C. § 548(a)(1)(A).

When pleading fraud, Federal Rule 9(b) incorporated by Bankruptcy Rule 7009 requires the plaintiff to plead with particularity. *See Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240, 251 (2d Cir. 1987). Pursuant to Rule 9(b) "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed R. Civ. P. 9(b). In cases brought by a bankruptcy trustee, "courts take a more liberal view when examining allegations of actual fraud . . . in the context of a fraudulent conveyance, since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge." *Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.)*, 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007) (internal quotation marks omitted) (quoting *Picard v. Taylor (In re Park S. Sec., LLC)*, 326 B.R. 505, 517-18 (S.D.N.Y. 2005)); *Secs. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999) (citation omitted). However, relaxing the particularity requirement in bankruptcy cases should not be relieve the trustee of all obligations to describe the transactions.

The Trustee makes no effort to describe facts and circumstances of the particular transactions at issue here to evidence BLMIS's effort to hinder, delay or defraud creditors. Instead, the Trustee relies solely on the Ponzi scheme presumptions by fixing the Ponzi scheme label on BLMIS operations. The facts do not support application of the Ponzi scheme label or

7

reliance on the presumptions. A few characteristics of the original Ponzi scheme are generally cited as the essential features of such schemes: (1) little or no legitimate underlying business; (2) the promise of exorbitant returns; (3) early scheduled payment of such returns to early (or "top") investors; (4) the need to attract new money in order to pay the exiting top investors; and (5) the scheme's inevitable failure. *See Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.)*, 309 F.3d 1325, 1327 n. 2 (11th Cir. 2002). *Daly v. Deptula (In re Carrozzella & Richardson)*, 286 B.R. 480, 482-84 nn. 2 and 7 (D. Conn. 2002); *Balaber-Strauss v. Lawrence*, 264 B.R. 303, 305-06 (S.D.N.Y. 2001). None of the typical features, except Madoff's arrest, follow the typical pattern.

BLMIS operated some legitimate trading businesses, as reflected in documents referenced in the complaints, the records of the Bankruptcy Court proceeding, including the Trustee's First Interim Report (Docket No. 314) and the Declaration of Joseph Looby (Docket No. 524-1) (the "Looby Dec."). Together with the adversary complaints, these documents establish that BLMIS was one of the largest traders of securities. BLMIS employed 200 people, 94% of whom conducted trades equal to 9% of the daily volume on the New York Stock Exchange. *See* Randall Smith, *Wall Street Mystery Features a Big Board Rival*, Wall Street Journal, Dec. 16, 1992. The Looby Declaration makes it clear that customers' money was used to purchase securities in BLMIS's legitimate trading operation. Money was deposited directly and indirectly into the BLMIS trading account. *See* Looby Dec. at ¶¶ 9, 17, 18, 19, 26, 27.

Investors used their accounts like investors in any brokerage firm use their accounts. The Defendants deposited and withdrew money from their accounts as available and as needed. There is no pattern of early redeeming investors being paid out with later investors' money. There was no finite period of investment. In fact, the BLMIS operations lasted for decades.

8

Finally, when Madoff was arrested, the BLMIS accounts had securities and cash worth hundreds of millions of dollars. Given these facts, the Trustee cannot rely on a label and is obligated to show fraudulent intent with respect to the transfers at issue in the Defendants' accounts and the failure to do so is fatal to the Complaint.

> B. **The Trustee Fails to Allege Sufficient Facts Regarding Transfers From the Estate Account.**

"At a minimum, the complaint must be sufficiently specific to give the defendant full notice of the claims that are being asserted and to allow the defendant to prepare an adequate answer, with affirmative defenses and counterclaim." 5 Collier on Bankruptcy ¶ 548.11[1][a][ii] (16th ed. 2012); *see also Fannie Mae v. Olympia Mortg. Corp.*, Case No. 04-04971, 2006 U.S. Dist. LEXIS 70175, at *33 (E.D.N.Y. Sept. 28, 2006) (dismissing claims because complaint "does not identify how many transfers plaintiff is challenging or the specific dates and amounts of those transfers"); *Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 646 (E.D.N.Y. 2003) (same).

In determining that the Two Year Transfers into Ed & Nancy's account constitute "fictitious profits," the Trustee provides the alleged cash deposits and withdrawals over the life of the account. *See* Compl., Ex. B, Document Nos. MADC1262_00000002, MADC1262_00000003. With respect to the TIC Account, however, the Trustee only provides the alleged cash deposits and withdrawals since the May 26, 2004 Inter-Account Transfer, alleging that such transfer contained no "net equity" without any supporting information regarding deposits and withdrawals from prior to 2004. *See id.*, Document No. MADC1262_00000005.

9

Because the Complaint fails to allege any facts supporting the Trustee's naked assertion that the Inter-Account Transfer consisted entirely of fictitious profits, those allegations are legally insufficient.

C.    **The Trustee Fails to State a Claim for Avoiding Obligations.**

Through amendment to the original complaint filed in this adversary proceeding, the Trustee added claims seeking to avoid Obligations BLMIS owed the Defendants. (Compl. at ¶¶ 43-45). Although the allegations are vague, the Trustee presumably seeks to avoid the obligations forming the antecedent debt supporting the Defendants' section 548(c) defense raised in the District Court and discussed below. These claims are flawed and must be dismissed.

On the most basic level, the Trustee's allegations are deficient because they fail to identify the purportedly avoidable Obligations. *See* Fed R. Bank. P. 7009 (providing that Fed. R. Civ. P. 9(b) applies in adversary proceedings). The Complaint contains only vague and generalized allegations that "[t]o the extent BLMIS or Madoff incurred obligations" to the Defendants, "such obligations . . . are avoidable . . . ." (Compl. at ¶ 43). Although the Trustee sets forth the date and amount of each purportedly avoidable *transfer*, no such information is included regarding purportedly avoidable *obligations*. (Compl., Ex. B).

The Defendants are unable to ascertain from the Complaint what Obligations the Trustee seeks to avoid or what defenses may apply. Accordingly, these claims must be dismissed as insufficiently pled.

D.    **The Complaint Should Be Dismissed With Prejudice.**

Federal Rule 15(a), as incorporated by Bankruptcy Rule 7015, provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, undue delay and undue prejudice constitute "sufficient grounds for denial of leave to amend." *United States v. Inc. Village of Island Park*, Case No. 90-00992, 1995 WL 669936

10

(E.D.N.Y. Nov. 6, 1995). According to some courts and commentators, prejudice is the most important, and the most often used, reason to deny leave to amend. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487 (2d Ed. 1990). Determining prejudice entails an inquiry into the hardship the party seeking leave to amend would endure if leave was not granted. *United States v. W. Prods., Ltd.*, Case No. 95-01424, 1997 WL 668210 (S.D.N.Y. Oct. 27, 1997); *Assam v Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 408 (E.D.N.Y. 1995).

Given the amounts of alleged liability, no hardship would inure to the Trustee if the Court denies leave to amend. The remaining claims are for $180,000 against Ed & Nancy and $105,000 against the Zraicks. The claims, even in the aggregate, are significantly under the $500,000 threshold that the Trustee used in determining whether to file an avoidance action, presumably because the administrative costs of pursuing such an action would exceed any perceived benefit to the SIPA estate.

Moreover, there is no justifiable reason for the Trustee's failure to adequately plead certain of the allegations. The Avoidance Action has been pending for almost four years, and the record in these proceedings (for which the Court may take judicial notice) reflects that the Trustee and SIPC have withheld information necessary to cure some of the defective pleadings. For example, the Trustee and SIPC claim to have information to support their allegation that the Inter-Account Transfer included no net equity, and yet fail to include any such information in the Complaint. *See, e.g.,* Jun. 19, 2014 Hr. Tr. 17:10 to 19:12, Case No. 08-01789 (Bankr. S.D.N.Y.). Accordingly, dismissal of the Complaint should be with prejudice given the circumstances of this Avoidance Action.

11

E.  **Defendants Reserve Their Rights To Appeal "Antecedent Debt" and "Inter-Account Transfer" Issues.**

The Bankruptcy Code provides an affirmative defense to the avoidance of transfers if the defendant took such transfers for "value and in good faith" 11 U.S.C. § 548(c). The Bankruptcy Code expressly defines "value" to include "satisfaction of…a present or antecedent debt of the debtor." 11 U.S.C. § 548(d)(2)(A). There is no dispute that the Defendants' withdrawals were made in good faith.

Defendants' last BLMIS statement constitutes an enforceable debt and general claim against the estate under applicable law, any withdrawals on account of which are on account of an antecedent debt. Accordingly, Defendants in their original motion to dismiss argued that the "value" defense provided by section 548(c) of the Bankruptcy Code protects the Defendants' withdrawals from avoidance.

The District Court found that defendants had no "value" defense because the underlying claim (whether based on fraud or a last statement balance) is not a SIPA priority claim. *See Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC*, 499 B.R. 416, 425-26 (S.D.N.Y. 2013) (the "Antecedent Debt Decision"). The District Court further found that the Trustee may examine withdrawals made prior to the two-year reach back period to determine whether the Inter-Account Transfer included any transfer of principal for purposes of determining value. *Id.* at 428-29. Finally, the District Court denied defendants any interest on their cash deposits for purposes of determining "value." *Id.* at 422. Interlocutory appeal of the Antecedent Debt Decision was denied. *Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC*, 2014 WL 465360 (S.D.N.Y. Jan. 14, 2014).

The Defendants submit that the Antecedent Debt Decision ignores applicable law with respect to fraudulent transfer issues, and reserve the right to appeal these issues.

12

## V. CONCLUSION

For the reasons stated herein, the Defendants respectfully request that the Court (a) dismiss the Complaint with prejudice; and (b) grant such other and further relief in favor of the Defendants as the Court may deem just or proper.

Dated: August 25, 2014
      New York, New York

**HUNTON & WILLIAMS LLP**

*/s/ Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
200 Park Avenue, 53rd Floor
New York, New York 10166
Telephone: (212) 309-1132

*Attorneys for the Defendants*