UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.
------------------------------------------------------------X
IN RE:

BERNARD L. MADOFF,

               Debtor.
------------------------------------------------------------X
AMY J. LURIA and ROBERT LURIA,

               Plaintiff,

v.

HSBC BANK USA, N.A.,

               Defendants,
------------------------------------------------------------X

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

Adv. Pro. No. 11-01241 (SMB)

### STIPULATION BETWEEN AMY J. LURIA, ROBERT LURIA AND HSBC BANK USA, N.A. AND AGREED ORDER TO DISMISS THIS ADVERSARY PROCEEDING WITH PREJUDICE

This stipulation ("Stipulation") is entered into between Amy J. Luria ("Amy Luria"), Robert Luria ("Robert Luria") (Amy Luria and Robert Luria are collectively referred to as the "Plaintiffs") and HSBC Bank USA, N.A. ("HSBC") (Plaintiffs and HSBC are collectively referred to herein as the "Parties").

### RECITALS

**WHEREAS,** on or about December 16, 2009, the Plaintiffs commenced an action against HSBC in the Supreme Court for the State of New York, County of Nassau, by the filing of a

summons and complaint, which action was assigned Index No. 09-025673 (the "State Court Action");

**WHEREAS**, on or about February 5, 2010, HSBC commenced an action by the filing of a notice of removal (the "Notice of Removal") pursuant to 28 U.S.C. §§ 1334, 1441, 1446 and 1452 in the United States District Court, Southern District of New York, which action was assigned case no. 10-cv-7110 (the "District Court Action");

**WHEREAS**, by an Order entered and dated November 22, 2010 in the District Court Action, the Honorable P. Kevin Castel, United States District Court Judge, referred the District Court Action to the United States Bankruptcy Court for the Southern District of New York and directed the Clerk of the Court to administratively close the District Court Action;

**WHEREAS**, on or about January 11, 2011, the Plaintiffs commenced the above-captioned adversary proceeding which was assigned adv. pro. no. 11-01241 (the "HSBC Adversary Proceeding"), and incorporated and superseded the pleadings and documents previously filed in the State Court Action and the District Court Action;

**WHEREAS**, the subject of the underlying dispute between the Parties is two accounts at HSBC held in the names of Amy Luria Partners LLC ("AL Partners") c/o Peter Madoff (the "Amy Luria Account") and Robert Luria Partners ("RL Partners") c/o Peter Madoff (the "Robert Luria Account"), respectively;

**WHEREAS**, the Amy Luria Account has $302,000 on deposit with an account ending in the last four digits of 6204 which Amy Luria claims as hers, through her interest in AL Partners (the "Amy Luria HSBC Funds");

**WHEREAS**, the Robert Luria Account has $2,000 on deposit with an account ending in the last four digits of 618-2 which Robert Luria claims as his, through his interest in RL Partners (the "Robert Luria HSBC Funds");

2

**WHEREAS**, the funds held in both the Amy Luria Account and the Robert Luria Account remain with HSBC to date;

**WHEREAS**, on or about April 20, 2010, Irving H. Picard, Esq., as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), commenced an adversary proceeding, assigned no. 10-03222, against Amy Luria and AL Partners seeking to recover purported avoidable transfers relating to BLMIS's operations (the "Amy Luria Transfers Action");

**WHEREAS**, pursuant to the Amy Luria Transfers Action the Trustee alleges, *inter alia*, that the Amy Luria HSBC Funds do not belong to Amy Luria or AL Partners;

**WHEREAS**, on or about April 20, 2010, the Trustee for the liquidation of the business of BLMIS, under SIPA, commenced an adversary proceeding, assigned no. 10-03223, against Robert Luria and RL Partners seeking to recover purported avoidable transfers relating to BLMIS's operations (the "Robert Luria Transfers Action") (the Amy Luria Avoidable Transfers Action and the Robert Luria Avoidable Transfers Action are collectively referred to as the "Transfers Actions");

**WHEREAS**, pursuant to the Robert Luria Transfers Action, the Trustee alleges, *inter alia*, that the Robert Luria HSBC Funds do not belong to Robert Luria or RL Partners;

**WHEREAS**, the Trustee, Amy Luria, on behalf of herself and AL Partners, and Robert Luria, on behalf of himself and RL Partners, desire to settle the claims, *inter alia*, asserted in the Transfers Actions;

**WHEREAS**, as part of the settlement, the Trustee and Amy Luria, on behalf of herself and AL Partners, agree to release and credit the Amy Luria HSBC Funds in accordance with the

3

terms of a settlement agreement, assignment and release by and between the Trustee and Amy Luria (the "Amy Luria Settlement"); and

**WHEREAS**, as part of the settlement, the Trustee and Robert Luria, on behalf of himself and RL Partners, agree to release and credit the Robert Luria HSBC Funds in accordance with a settlement agreement, assignment and release by and between the Trustee and Robert Luria (the "Robert Luria Settlement")(the Amy Luria Settlement and the Rob Luria Settlement are collectively referred to herein as the "Settlement Agreements");

**NOW, THEREFORE**, in consideration of the foregoing, and other good valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. The recitals set forth above are true, complete and correct and are incorporated herein by reference.

2. Upon the Court's approval of this Stipulation, the HSBC Adversary Proceeding (along with the superseded State Court Action and District Court Action) is dismissed with prejudice.

3. Upon the dismissal with prejudice of the HSBC Adversary Proceeding, HSBC shall release and credit the Amy Luria HSBC Funds and the Robert Luria HSBC Funds (the "HSBC Funds") as directed under the Settlement Agreements and pursuant to the delivery of the executed authorization letters (as defined in the Settlement Agreements).  The date of the delivery of the HSBC Funds is the "Effective Date".

4. Amy Luria and AL Partners, on their behalf and on behalf of their present, former, and future agents, assigns, employees, members, officers, parents, partners, predecessors, representatives, subsidiaries, successors, affiliates and all persons claiming by or through them (the "Amy Luria Releasors"), release and forever discharge HSBC, and any and all of its present,

4

former, and future accountants, administrators, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, affiliates, subsidiaries, successors and assigns, sureties, underwriters, and any direct and indirect subsidiaries of HSBC from any and all accounts, actions, agreements, and demands of any nature, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, and variances whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether known or unknown, suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the Amy Luria Releasors ever had from the beginning of the world until the Effective Date.

     5.    Robert Luria and RL Partners, on their behalf and on behalf of their present, former, and future agents, assigns, employees, members, officers, parents, partners, predecessors, representatives, subsidiaries, successors, affiliates and all persons claiming by or through them (the "<u>Robert Luria Releasors</u>"), release and forever discharge HSBC, and any and all of its present, former, and future accountants, administrators, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, affiliates, subsidiaries, successors and assigns, sureties, underwriters, and any direct and indirect subsidiaries of HSBC from any and all accounts, actions, agreements, and demands of any nature, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations,

5

promises, reckonings, specialties, suits, sums of money, trespasses, and variances whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether known or unknown, suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the Robert Luria Releasors ever had from the beginning of the world until the Effective Date.

6.    HSBC, on its own behalf and on behalf of its present, former, and future agents, assigns, employees, members, officers, parents, partners, predecessors, representatives, subsidiaries, successors, affiliates, and all persons claiming by or through them (the "HSBC Releasors"), release and forever discharge Amy Luria, AL Partners, Robert Luria and RL Partners and any and all of their present, former, and future accountants, administrators, agents, attorneys, directors, distributors, employees, insurers, licensees, members, officers, parents, predecessors, principals, representatives, shareholders, affiliates, subsidiaries, successors and assigns, sureties, underwriters and any direct and indirect subsidiaries from any and all accounts, actions, agreements, and demands of any nature, bills, bonds, causes of action, claims, controversies, costs and expenses, damages, debts, demands, execution, extents, fees (including but not limited to attorneys' fees), injuries, judgments, liabilities, liens, losses, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, and variances whatsoever, in law or in equity, for compensatory or punitive damages or any other reliefs, monetary or otherwise, whether known or unknown, suspected or unsuspected, pleaded or unpleaded, direct or indirect, asserted or unasserted, hidden or concealed, matured or unmatured, material or immaterial, contingent or absolute, that the HSBC Releasors ever had, that arises in or is connected to the subject matter of the State Court Action, the District Court Action, the HSBC Adversary Proceeding, from the beginning of the world until the Effective Date.

7. The releases contained herein shall become effective upon the Effective Date, without any further action by any of the Parties.

8. No party to this Stipulation admits any liability to any other party by executing this Stipulation.

9. Nothing contained herein shall prejudice, or be deemed to prejudice, any other rights of the parties unrelated to the subject matter of this Stipulation and any rights, claims, defenses, obligations and challenges any party in interest may have with respect thereto.

10. This Stipulation may not be modified, amended or vacated other than by a signed writing executed by the Parties or by order of the Court.

11. Each party to this Stipulation agrees to execute such other and further papers and documents as may be necessary and proper in order to fulfill the terms and conditions of this Stipulation.

12. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

13. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Evidence of execution of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the party as a signed original.

14. The Stipulation shall not be effective until approved by a final and non-appealable order of the Court.

15. The Parties hereby irrevocably and unconditionally agree that the United States Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, enforce and adjudicate any disputes under this Stipulation.

| | |
|---|---|
| Dated: Garden City, New York<br>August 6, 2014 | Dated: Garden City, New York<br>August 6, 2014 |
| JASPAN SCHLESINGER LLP<br>*Attorneys for Amy J. Luria and Robert Luria* | CLEARY, GOTTLIEB, STEEN &<br>HAMILTON LLP<br>*Attorneys for HSBC BANK USA, N.A.* |
| By: *s/ Shannon Anne Scott*<br>   STEVEN R. SCHLESINGER<br>   SHANNON ANNE SCOTT<br>   300 Garden City Plaza<br>   Garden City, New York 11530<br>   (516) 746-8000 | By: *s/ Thomas J. Moloney*<br>   THOMAS J. MOLONEY<br>   JAMES CORSIGLIA<br>   One Liberty Plaza<br>   New York, NY 10006<br>   (212) 225-2460 |

**APPROVED AND SO ORDERED**
this 28th day of August, 2014

**BY THE COURT:**

/s/ STUART M. BERNSTEIN
Stuart M. Bernstein
United States Bankruptcy Judge

***Notwithstanding paragraph 2 <u>supra,</u> the parties are directed to submit a draft order dismissing this adversary proceeding and to seek dismissal of any actions pending in other courts in those other courst.**

8