Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 28, 2014

Regina L. Griffin
direct dial: 212.589.4276
rgriffin@bakerlaw.com

**VIA E-MAIL**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, New York  10004

Re:   *Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*
      <u>No. 08-1789 (SMB)</u>

Dear Judge Bernstein:

      We represent Irving Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff ("Madoff").  I write in response to the letter of Robinson B. Lacy dated August 22, 2014, requesting a Court conference with regard to the District Court's Extraterritoriality Order,[1] which your chambers scheduled for September 17, 2014 at 10:00 a.m.

      At the outset, it should be noted that the Trustee and the Defendants share the common goal of seeking an immediate appeal with regard to the District Court's recent rulings, including the Extraterritoriality Order.  Counsel for the Trustee met with Mr. Lacy and several other defense counsel to discuss an immediate appeal but the parties were not able to identify any means to immediately achieve that goal.

      The difficulty with taking an immediate appeal stems from the fact that the District Court's Order did not finally dispose of any of the Trustee's cases.  Rather, the Extraterritoriality Order expressly returned all of the cases involved in the common briefing to this Court so that Your Honor may make findings and apply Judge Rakoff's rulings in each case.  The District

---

[1] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 513 B.R. 222 (S.D.N.Y. 2014).

Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Costa Mesa     Denver
Houston     Los Angeles     New York     Orlando     Philadelphia     Seattle     Washington, DC

The Honorable Stuart M. Bernstein
August 28, 2014
Page 2

Court's recent decision regarding the good faith defense of Section 548[2] likewise does the same (the "Good Faith Decision").

Thus, upon motions by the Defendants, this Court must consider the distinct and separate facts involved in each case to determine whether they meet the standards set forth by the District Court.  For example, to determine whether the Trustee's claims in a particular case involve a foreign or domestic transfer, the Court will have to consider all of the relevant facts, including "the location of the transfer(s) and the component events of the transaction." Extraterritoriality Order, 513 B.R. at 227; *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, No. 11-397, 2014 WL 3973877, at *15-16 (2d Cir. Aug. 15, 2014) (rejecting single-factor, bright-line rule as appropriate for an extraterritoriality analysis and instructing courts to pay "careful attention to the facts of each case and to combinations of facts that have proved determinative in prior cases" to ascertain whether foreign or domestic elements "predominate").

Every case that is now before this Court involves different facts, different transfers and different "component events."  Some defendants are initial transferees, while others are subsequent transferees.  Some defendants are domestic U.S. residents, including entities that are incorporated abroad, but maintain their principal place of business in the U.S.  Others may be foreign residents now, but received their transfers at a time that they resided in the U.S.  Still other transferees received their transfers in the United States or from domestic transferors.  And many defendants signed agreements indicating that U.S. law would apply.  Only after the Court hears and determines the motions upon consideration of the facts plead in the complaints would a potential appeal become ripe.

Because the District Court's rulings in the Extraterritoriality Order and the Good Faith Decision create new pleading burdens for the Trustee, the Trustee has sought, in an omnibus motion filed today, leave to replead and for limited discovery on the good faith issue.  Under the circumstances, the Trustee proposes that the most orderly and efficient manner is to first permit him the opportunity to replead before the Defendants file motions to dismiss.  This will ensure that the Court has before it the fullest record possible when considering the new standards set by the District Court with regard to the Extraterritoriality Order and the Good Faith Decision.  It will also alleviate any unnecessary briefing on behalf of the Defendants directed towards the Trustee's original complaints, which were filed well before the District Court's recent decisions and therefore do not contain all of the facts that may now be relevant on a motion to dismiss.

Accordingly, the Trustee filed today an omnibus motion for leave to replead and for limited discovery related to the good faith issue [docket no. 7826].  We bring the motion to the Court's attention now merely for discussion at the conference before the Court on September 17, 2014.

---

[2] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 115 (JSR), 2014 WL 1651952 (S.D.N.Y. Apr. 27, 2014).

300333576.2

The Honorable Stuart M. Bernstein
August 28, 2014
Page 3

Very truly yours,

/s/ Regina L. Griffin


Regina L. Griffin
Partner


cc:   Robinson B. Lacy, Esq.
      Sullivan & Cromwell LLP

      Franklin B. Velie, Esq.
      Sullivan & Worcester LLP

      Marco E. Schnabel, Esq.
      Skadden, Arps, Slate, Meagher & Flom LLP

      Howard L. Simon, Esq.
      Windels Marx Lane & Mittendorf LLP

      Matthew B. Lunn, Esq.
      Young Conaway Stargatt & Taylor LLP

300333576.2