**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF MATTHEW B. LUNN IN SUPPORT OF THE
TRUSTEE'S OMNIBUS MOTION FOR LEAVE TO REPLEAD PURSUANT TO FED.
R. CIV. P. 15(a) AND COURT ORDER AUTHORIZING LIMITED DISCOVERY
PURSUANT TO FED. R. CIV. P. 26(d)(1)**

Pursuant to 28 U.S.C. § 1746, MATTHEW B. LUNN hereby declares as follows:

1.      I am a partner at the firm of Young Conaway Stargatt & Taylor LLP, counsel for

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation

proceeding of Bernard L. Madoff Investment Securities LLC under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, in the following

adversary proceedings:  (i) *Picard v. Caceis Bank Luxembourg, et al.*, Adv. Pro. No. 11-02758;

(ii) *Picard v. Crédit Agricole (Suisse) S.A., et al.*, Adv. Pro. No. 12-01022; (iii) *Picard v.*

*Barfield Nominees Limited, et al.*, Adv. Pro. No. 12-01669; (iv) *Picard v. Crédit Agricole*

*Corporate and Investment Bank*, Adv. Pro. No. 12-01670; and (v) *Picard v. Intesa Sanpaolo SpA, et al.*, Adv. Pro. No. 12-01680 (collectively, the "<u>YCST Adversary Proceedings</u>").

2.       I respectfully submit this Declaration in support of the *Trustee's Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1)* (the "<u>Motion</u>"), as further detailed in the *Trustee's Memorandum of Law in Support of Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1)*, (the "<u>Memorandum</u>"), both of which have been filed on the date herewith.

3.       As set forth more fully in the Memorandum, the Trustee seeks certain limited discovery from or on behalf of one or more of the defendants in each of the YCST Adversary Proceedings (collectively, the "<u>Defendants</u>").

4.       As of the date hereof, with respect to each of the YCST Adversary Proceedings, the Trustee has neither propounded nor received any discovery from or on behalf of any the Defendants.

5.       **<u>Exhibit A</u>**, attached hereto, is a copy of the proposed Limited Document Discovery Demand defining the scope and nature of the limited expedited discovery requested in the Trustee's Motion seeking an Order from this Court that directs compliance by the Defendants in the YCST Adversary Proceedings.

6.       Trustee's counsel is not seeking deposition testimony at this time from any of the Defendants.  Rather, the narrowly tailored documents requested should be readily identifiable by the Defendants.

01:15841029.1

7.      No prior application or motion for similar relief has been made to this or any other court.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on August 28, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Matthew B. Lunn
Matthew B. Lunn
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Telephone:     (212) 332-8840
Facsimile:     (212) 332-8855

# **Exhibit A**

Limited Document Discovery Demands

## DOCUMENT REQUESTS

1.      Documents concerning the review, analysis, due diligence, and ongoing monitoring of actual or prospective investments and transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products.  Exemplars of such documents include, but are not limited to:

- reports, communications, emails, documents discussing trading activity, or performance or purported returns,

- meetings or telephonic communications between any representative(s) of the Defendant, BLMIS, or Feeder Funds,

- account statements,  trade tickets, or any summary of the same;

- marketing materials, private placement memoranda, tear sheets, RiskMetric reports, questionnaires, audit information, or regulatory filings.

2.      Documents concerning Defendant(s)' investment decision, evaluation, approval, disapproval, or ongoing monitoring of any investments or transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products.  Exemplars of such documents include, but are not limited to:

- Documents related to Operational Risk, credit risk, compliance, or market risk,

- Documents related to any investment committee, consultant, or other third party professional providing investment advice, risk analysis, or other diligence

- agreements with or regarding the Feeder Funds, reissues, renewals, or loans related to BLMIS, Feeder Funds, or BLMIS-Related Investment Products; and

- Non-privileged legal opinions or information received from a rating agency regarding BLMIS, Feeder Funds, or BLMIS-Related Investment Products.

3.      Documents concerning fraud, Ponzi, illegality, front-running, investigations, insolvency, or embezzlement at BLMIS or Feeder Funds.

4.      Documents concerning fees, rebates, commissions, retrocessions, or any other remuneration paid to or by Defendant(s), related to investments and transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products.

# DEFINITIONS

1.     The rules of construction and definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, are hereby incorporated in their entirety by reference.

2.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated persons, including, but not limited to, any other Madoff family members, auditors, any current and former parents, subsidiaries, divisions, officers, directors, principals, partners, members, managers, shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors, and affiliates of the above specifically identified persons.

3.     "BLMIS-Related Investment Product" means any structured product, structured note, structured security, derivative security, certificate, financial product, and/or any other such investment that references or is otherwise linked to a Feeder Fund (as defined below).

4.     "Company" means any sole proprietorship, corporation, association, joint venture, firm, partnership, limited liability company, limited liability partnership, limited partnership, and business or legal entity in whatever form and wherever formed or located.

5.     "Defendant(s)" means and includes each or all of the defendants in this action, as well as any group of two or more defendants, and any of their parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Defendant(s).

6.     "Documents" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A), made applicable by Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and means "any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Exemplary types of "Documents" include: emails, correspondence, notes, minutes, reports, agendas, opinions, marketing materials, regulatory filings, agreements, and amendments.

7.     "Feeder Funds" means all Companies, and all current and former parents, subsidiaries, divisions, officers, directors, principals, partners, managers, members, shareholders, agents, representatives, employees, attorneys, servants, predecessors, successors, and affiliates of such Companies, through which investments were made, directly or indirectly, with BLMIS, including but not limited to, those funds set forth at Exhibit 1 hereto.

8.     "Operational Risk" means the risk of change in value resulting from inadequate or failed internal processes, people and systems, from legal risks, or from external events, but not from movements in market prices, changes in interest rates, foreign exchange rates, and equity and commodity prices.

## INSTRUCTIONS

1.      Federal Rules of Civil Procedure 26 through 37, made applicable to this proceeding pursuant to the Federal Rules of Bankruptcy Procedure, are hereby incorporated by reference.

2.      The Bankruptcy Court Orders entered on September 17, 2013, (i) establishing Procedures for Third-Party Data Rooms, and (ii) modifying the June 6, 2011 Litigation Protective Order, are hereby incorporated by reference.

3.      The applicable period for the following Document Requests is May 1, 2001 through December 2, 2010.

## MANNER OF PRODUCTION

All documents produced to the Trustee shall be provided in accordance with and pursuant to the Protocol Governing the Production of Records, attached hereto as Exhibit 2.

# EXHIBIT 1

Representative List of BLMIS Feeder Funds

EXHIBIT 1 - Representative List of BLMIS Feeder Funds

| Entity |
|---|
| AllWeather Strategy II |
| Alpha Prime Equity Hedged Fund |
| American Master Broad Market Fund II Ltd. |
| American Masters Broad Market Prime Fund, L.P. |
| Ariel Fund Ltd. |
| Ascot Fund Ltd. |
| Ascot Partners LP |
| Banque Syz f/b/o Isos Fund Limited |
| Cardinal Management |
| Citrus Investment Holdings |
| Defender Limited |
| Equity Trading |
| Fairfield Investment Fund Limited |
| Fairfield Lambda Limited |
| Fairfield Sentry Limited |
| Fairfield Sigma Limited |
| FIM Long - Invest PCC Limited |
| Gabriel Capital LP |
| Geocurrencies Limited S.A. |
| Greenwich Sentry Ltd. |
| Greenwich Sentry Partners Ltd. |
| Groupement Financier |
| Groupement Financier Levered Limited |
| Harley International (Cayman) Limited |
| Herald (Lux) US Absolute Return Fund |
| Herald Fund SPC |
| Herald USA Segregated One Portfolio |
| Hermes International Fund Limited (Hermes World Fund, Hermes Neutral Fund and Hermes Universal Fund) |
| Irongate Global Strategy Fund Limited |
| Kingate Euro Fund Limited |
| Kingate Global Fund Limited |
| Lagoon Investment Limited |
| Landmark Investment Fund |
| LIF US Equity Plus |
| Luxalpha SICAV |
| Maxam Absolute Return Fund |
| M-Invest Ltd. |
| Optimal Multiadvisors Ireland PLC |
| Optimal Multiadvisors Ltd. |
| Optimal Strategic US Equity Limited |
| Oreades |
| Plaza Investments International Limited |

EXHIBIT 1 - Representative List of BLMIS Feeder Funds

| Entity |
| --- |
| Primeo Fund |
| Primeo Select Fund |
| Rye Select Broad Market Fund Ltd. |
| Rye Select Broad Market Fund XL LP |
| Rye Select Broad Market Fund, LP |
| Rye Select Broad Market Portfolio Ltd |
| Rye Select Broad Market Prime Fund |
| Rye Select Broad Market XL Portfolio Ltd. |
| Senator Fund |
| Square One Fund Limited |
| Thema Fund Ltd. (Thema Coral Fund) |
| Thema International Fund plc |
| Thema Wise Investments Limited |
| Thybo Advisors LLP |
| Thybo Asset Management Ltd |
| Thybo International Fund |
| Thybo Return Fund |
| Thybo Stable Fund Ltd. |
| Trotanoy Investment Fund Ltd. |
| UniCredit Bank Austria f/b/o Island Storm Limited |
| Vizcaya Partners Limited |

# EXHIBIT 2

## Protocol Governing the Production of Records

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) <br><br> **LITIGATION PROTECTIVE ORDER** |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**IT HEREBY IS ORDERED THAT,** this Litigation Protective Order shall govern the disclosure of confidential information in Adversary Proceeding No. 08-01789 (the "Main Action") and adversary proceedings related thereto (each of which is defined as an "Individual Adversary Proceeding," which defined term shall not include Adversary Proceeding No. 08-01789), (together with the Main Action, the "Actions").

**DEFINITIONS:**

1.     This Litigation Protective Order (hereinafter, the "Order") shall govern only those materials produced in the Actions which have been or are deemed to comprise or contain **CONFIDENTIAL MATERIAL**, as defined below, whether furnished by a party named as a defendant in an adversary proceeding or a third party, regardless of whether produced voluntarily or pursuant to a formal discovery request.  Nothing in this Order shall preclude a producing party

from objecting to the production of information, and this Order has no bearing on the merits of any such objection.

2.      Such material produced in the Actions may only be designated as **CONFIDENTIAL** if:  (a) in the good faith judgment of the party designating the material as **CONFIDENTIAL** such material contains trade secret or other confidential research, development, or commercial information; personal identifying information; or other information the disclosure of which would breach a legal or contractual obligation or (b) otherwise is subject to protection under section 107(b) or (c) of the United States Bankruptcy Code, Bankruptcy Rules 9018 and 9037, and/or other applicable law.

3.      **CONFIDENTIAL MATERIAL** may include any type or classification of information which is so designated by the producing party in accordance with the provisions of this Order, or is otherwise deemed **CONFIDENTIAL MATERIAL** hereby, whether it be a document, information contained in a document, information revealed during a deposition or Bankruptcy Rule 2004 examination, information revealed in an interrogatory answer or any Documents (as defined by Local Bankruptcy Rule 7026-1) or portions of any of them, to the extent that they reveal information designated by the party producing such information as **CONFIDENTIAL** under the terms of this Order.

4.      The following will not be considered **CONFIDENTIAL MATERIAL:** (a) documents or other material available to the public through means other than production by the producing party; (b) documents or other material known to, or independently developed by, the receiving party; (c) documents or other material received by the receiving party without restriction from a third party; (d) documents or other material required to be produced to the receiving party by a court of competent jurisdiction (to the extent such court permits); and

(e) information sufficient to identify an individual or entity as a BLMIS customer or initial transferee of BLMIS, or as an immediate or mediate transferee of a BLMIS customer or initial transferee of BLMIS, information sufficient to identify BLMIS account numbers, amounts of withdrawals, redemptions, or transfers from and between BLMIS accounts, and immediate or mediate transfers from a BLMIS customer or initial transferee of BLMIS.  The items listed in this paragraph shall not be treated as **CONFIDENTIAL MATERIAL** under the authority granted by this Order.  However, nothing in this paragraph is intended as a ruling on the extent to which any party may claim that any particular information is **CONFIDENTIAL**, to object to the production of such information or to seek an additional protective order with respect to specific information.

## DESIGNATIONS OF CONFIDENTIAL MATERIAL:

5.      All designations of **CONFIDENTIAL MATERIAL** shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to investigate the facts of this controversy or prepare for litigation.  Excessive, overly broad and unreasonable designations of **CONFIDENTIAL MATERIAL** may be considered by the Court as equivalent to a motion for a protective order and subject to sanctions, including attorneys' fees.

6.      Counsel for the parties may designate portions of the transcript of a deposition or the transcript of an examination conducted pursuant to Bankruptcy Rule 2004 as **CONFIDENTIAL MATERIAL** on the record during the deposition or examination, or may make additional designations within ten (10) days after the mailing or delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript.  Within the ten-day period following such mailing or delivery of the transcript, any party present at the deposition may, by written notice served on the Trustee and other interested parties, designate all or any portion of the testimony as **CONFIDENTIAL MATERIAL**.  The

right to make such designation shall be waived unless made before the end of the ten-day period. Upon being informed that certain portions of a transcript are designated as **CONFIDENTIAL MATERIAL**, each party must cause each copy in its custody, possession, or control to be so marked immediately.  All designations of testimony as **CONFIDENTIAL MATERIAL** must conform to the standards of paragraph 2 above, defining **CONFIDENTIAL MATERIAL,** and are also subject to the limitations of paragraph 5, requiring, among other things, that designations be made in good faith.

7.     In the event that a producing party inadvertently fails to designate **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL** or incorrectly designates **CONFIDENTIAL MATERIAL**, that party may make a late designation or change the designation by notifying in writing all parties to whom the **CONFIDENTIAL MATERIAL** has been disclosed.  A party must serve such written notification at least thirty (30) days before the close of discovery in a particular adversary proceeding.  In such event, the receiving parties shall take reasonable steps to ensure that the **CONFIDENTIAL MATERIAL** is thereafter treated in accordance with the designation.  Late designation in and of itself shall not be deemed a per se waiver of the confidential status of the late-designated **CONFIDENTIAL MATERIAL.** However, if a producing party has not adequately preserved the confidentiality of its documents or testimony, the Court may find that a waiver has occurred.  No party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of belated designation, provided, however, that such party, upon receipt of such written notice of belated designation, makes all reasonable efforts to obtain the return of and/or limit the dissemination of any belatedly-designated **CONFIDENTIAL MATERIAL**.

8.      The party that made the **CONFIDENTIAL MATERIAL** designation may determine at any time that some or all of the restrictions applicable to said **CONFIDENTIAL MATERIAL** may be reduced or eliminated and will notify the receiving party of any such determination as soon as practicable.

9.      If a receiving party claims that **CONFIDENTIAL MATERIAL** should be disclosed (including, without limitation, in an Individual Adversary Proceeding to which the producing party is not a party or separate and apart from the Actions) notwithstanding the terms of the Order, or that any of the restrictions on disclosure or use should be reduced, modified or eliminated or that the designation was improperly applied, it shall serve a notice requesting re-designation on the producing party.  Failure by the producing party to object to the notice within seven (7) business days will be deemed to be acquiescence to the request.  If the producing party objects to the re-designation, the receiving party or any party in interest in an Individual Adversary Proceeding may, consistent with the Local Bankruptcy Rules of this Court, request an informal conference with the Court for relief after receiving said written notice of its disagreement.  In the event that the dispute has not been resolved in the informal conference and a motion is made by the receiving party, the receiving party may file the **CONFIDENTIAL MATERIAL** in question under seal for the Court's *in camera* inspection.  In connection with any such motion, however, the party that produced the **CONFIDENTIAL MATERIAL** shall have the burden of demonstrating that it is confidential under the terms of this Order and should continue to be protected as designated.  Absent the entry of an order granting the motion, there shall be no disclosure of the **CONFIDENTIAL MATERIAL** at issue.

### **DISCLOSURES AND USE OF CONFIDENTIAL MATERIAL:**

10.      **CONFIDENTIAL MATERIAL** shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

a.     The Court, Court personnel assisting the Court, and stenographers or other persons involved in taking or transcribing testimony in the Actions;

b.     The producing or receiving parties in the Individual Adversary Proceeding in which the **CONFIDENTIAL MATERIAL** was produced, officers and employees of the producing or receiving parties in the Individual Adversary Proceeding in which the **CONFIDENTIAL MATERIAL** was produced with responsibility for the parties' participation in that Individual Adversary Proceeding, counsel representing the producing or receiving parties in the Individual Adversary Proceeding in which the **CONFIDENTIAL MATERIAL** was produced and their litigation assistants, paralegals, secretarial or other clerical personnel and Agents, as defined below;

c.     As used herein, "Agents" include consultants, experts, litigation support services and other people or entities retained in an Individual Adversary Proceeding or designated by a producing or receiving party or a producing or receiving party's counsel in an Individual Adversary Proceeding for the purpose of assisting that party or counsel in the Actions, and the principals, employees and contractors with which such Agents are associated;

d.     Authors or recipients of the designated **CONFIDENTIAL MATERIAL**;

e.     The Securities Investor Protection Corporation;

f.     A witness at any deposition in the Actions or Rule 2004 examination, and such witness's counsel, provided that before providing any

**CONFIDENTIAL MATERIAL** to any witness or counsel pursuant to this sub-paragraph, (i) the party intending to disclose the **CONFIDENTIAL MATERIAL** (the "Noticing Party") shall make a good faith effort to provide notice of its intent to use the **CONFIDENTIAL MATERIAL** to the producing party and any party to whom the **CONFIDENTIAL MATERIAL** relates at least four (4) business days prior to the deposition, and in all instances shall provide such notice at least two (2) business days prior to the deposition; (ii) such notice shall include the name of the deponent to whom the Noticing Party intends to disclose the **CONFIDENTIAL MATERIAL**, the date and time of the deposition, and the bates range for all **CONFIDENTIAL MATERIAL** to be disclosed; (iii) if the producing party objects to the disclosure of the **CONFIDENTIAL MATERIAL**, the producing party must notify the Noticing Party in writing prior to the deposition and simultaneously request an informal conference with the Court, and the Noticing Party shall not be permitted to disclose the **CONFIDENTIAL MATERIAL** to any witness absent a court order or consent of the producing party; and (iv) all witnesses and their counsel shall be provided with a copy of this Order, and shall thereafter be bound by this Order.

Counsel taking the deposition or Rule 2004 examination shall designate all portions of the transcript relating to the **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL**;

g.      Such other persons or entities as the Court may order, as may be agreed to by the producing or receiving parties, and

h.      As provided in paragraph 15(a).

11.     Nothing in this Order shall preclude any party from using **CONFIDENTIAL MATERIAL** in court proceedings or chambers conferences in the Actions. If any producing or receiving party believes that any such **CONFIDENTIAL MATERIAL** to be used in court proceedings or chambers conferences requires any kind of protective treatment under the provisions of this Order, it shall apply to the Court for such treatment, and the Court will consider and determine each such request, except **CONFIDENTIAL MATERIAL** which has already been sealed shall continue to be treated as **CONFIDENTIAL** pending motion practice as described in paragraph 9 of this Order.

12.     In the event that:

a.      The Trustee or any other receiving party receives a notice of deposition, interrogatory, request for documents, subpoena (including, without limitation, a Bankruptcy Rule 2004 subpoena), civil investigative demand, or similar request to disclose any of the **CONFIDENTIAL MATERIAL**, or as necessary to comply with the applicable laws of foreign jurisdictions when the Trustee is litigating claims outside of the United States and the Trustee or receiving party reasonably believes that it is legally required to disclose any of the **CONFIDENTIAL MATERIAL** to a third party, including a governmental, or other regulatory body or agency or self-regulatory organization; or

        b.        The Trustee receives a request with which he wishes to comply from a regulatory or enforcement authority investigating matters relating directly or indirectly to Bernard L. Madoff Investment Securities LLC and/or Bernard L. Madoff;

notice shall be provided to the producing party, the Trustee (where the Trustee is not making the production), and the customer to whom the **CONFIDENTIAL MATERIAL** relates, ten (10) business days' notice before providing or producing **CONFIDENTIAL MATERIAL** pursuant to any such request or requirement, so that any of those parties may seek a protective order or other appropriate remedy.  In such a case, the parties shall reasonably cooperate in any action to obtain a protective order or other appropriate remedy or to obtain reliable assurance that confidential treatment consistent with this Order shall be accorded to any disclosed **CONFIDENTIAL MATERIAL**.  In the event that any party does not file a motion for a protective order or other appropriate remedy within ten (10) business days of receiving notice of a request or requirement as set forth above, or it fails to obtain a protective order or other appropriate remedy after being given notice of a request or requirement as set forth above, the party receiving the request or subject to the requirement may comply with the request or requirement to disclose and produce **CONFIDENTIAL MATERIAL**.  Any party receiving **CONFIDENTIAL MATERIAL** under this paragraph shall be provided with a copy of this Order and shall be bound by it.

**INADVERTENT DISCLOSURES:**

13.    In the event anyone shall inadvertently disclose **CONFIDENTIAL MATERIAL** to another party or third party not otherwise permitted to receive such **CONFIDENTIAL MATERIAL**, the party making the inadvertent disclosure shall, upon learning of the disclosure:

a.    Promptly notify the person or entity to whom the disclosure was made that the disclosure contains **CONFIDENTIAL MATERIAL** protected by this Order;

b.    Promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the **CONFIDENTIAL MATERIAL** by the person or entity to whom disclosure was inadvertently made; and

c.    Promptly notify the producing party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to ensure against further dissemination or use of the **CONFIDENTIAL MATERIAL**.

14.    The inadvertent production or disclosure of any document or other material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity.  If, after learning of the Inadvertent Production, the producing party wishes to assert its privilege or protection, it shall promptly send to the receiving party a written request for return of the Inadvertent Production.  Notwithstanding the procedures outlined in (a) – (d) below, within five (5) business days of receiving such a request, the receiving party shall return the Inadvertent Production to the producing party, shall destroy all copies that it may have made of the Inadvertent Production, and shall not utilize the

information contained in the Inadvertent Production for any purpose.  If the receiving party produced the Inadvertent Production to any other party, person or entity, it shall give notice to such party, person or entity of the Inadvertent Production and such party or person shall be subject to the provisions of this Order.

a.  If the receiving party wishes to contest that the Inadvertent Production is protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege, the receiving party shall so notify the producing party in writing;

b.  Within five (5) business days after receiving such notification, the producing party shall provide to the receiving party, a description of the basis for the claim of privilege or immunity for the Inadvertent Production;

c.  Within ten (10) business days after receiving such description, the receiving party may file under seal a motion to compel production of the Inadvertent Production, the protection of which is still disputed.  If such a motion is filed, the producing party shall have the burden of proving that the Inadvertent Production in dispute is protected by attorney-client privilege, work product immunity or a joint defense/common interest privilege.  Pending the ruling on such motion, the receiving party may not utilize the Inadvertent Production for any purpose;

d.  With respect to documents and other work product subsequently generated by the receiving party, which derivative documents contain information derived from such Inadvertent Production (the "Derivative Documents"),

if the receiving party does not notify the producing party that the receiving

party disputes the claims of attorney-client privilege or work-product

immunity with respect to the Inadvertent Production, the receiving party

shall either destroy such Derivative Documents or redact from them all

such derivative privilege or work-product information in a manner such

that the derivative information cannot in any way be retrieved or

reproduced.

**FILING UNDER SEAL:**

15.    If any **CONFIDENTIAL MATERIAL** is filed with the Office of the Clerk of

the Court:

a.    It shall not be disclosed except as provided by this Order and the Order

Establishing Litigation Case Management Procedures for Avoidance

Actions entered on November 10, 2010 ("Litigation Procedures Order").

b.    Except as provided in the Litigation Procedures Order, no

**CONFIDENTIAL MATERIAL** will be filed with the Court unless it is

filed under seal.  In such circumstance, the party desiring to file materials

under seal may move for an order to file under seal or obtain a stipulation

from the producing party to file the material under seal.  Unless otherwise

agreed to by counsel for the parties, to comply with this requirement,

**CONFIDENTIAL MATERIAL** must be filed in sealed containers

labeled with:  (1) the title to the action; (2) the general nature of the

contents; (3) the words **CONFIDENTIAL**; and (4) a statement

substantially in the following form (or such other form or manner as the

Clerk of the Court shall require):

The contents hereof include confidential information filed in this case by [name of party] in accordance with a Litigation Protective Order entered in this case on [date]. This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case. Counsel for the parties may open service copies of this envelope or container subject to the provisions of the Protective Order.

c.     The materials so filed shall be impounded until thirty (30) days after the entry of final decree in Adv. Proc. No. 08-01789, including any applicable appeal period, at which time the parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

**MISCELLANEOUS PROVISIONS:**

16.     Regardless of whether a document or other material is designated **CONFIDENTIAL MATERIAL**, and in addition to the restrictions on use of **CONFIDENTIAL MATERIAL** contained in this Order, all parties shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers and records, and any other "personally identifiable information," as defined by applicable laws or regulations.

17.     Any court reporter who transcribes testimony in the Actions at a deposition or a Bankruptcy Rule 2004 examination shall be provided a copy of this Order and shall thereafter ensure that all **CONFIDENTIAL MATERIAL** is and shall remain confidential and shall not be disclosed except as provided under this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such court reporter or shall be delivered to an attorney of record or filed with the Court.

18.      Each law firm representing a party shall maintain an undertaking (in substantially the form attached as Exhibit "1") signed by a representative of said law firm on behalf of the attorneys at such firm who have received access to **CONFIDENTIAL MATERIAL**. Additionally, the attorneys for a party shall maintain a file of undertakings signed by an authorized representative of Agents retained by any party.  Said file shall be made available upon request for inspection and copying by any attorney of record, except as to non-testifying experts and consultants, absent good cause shown.  The failure of any person or entity to execute an undertaking shall not relieve any recipient of **CONFIDENTIAL MATERIAL** from compliance with the provisions of this Order.

19.      All designations of material as **CONFIDENTIAL** made after the date of the entry of this Order shall be controlled by this Order.  To the extent that a producing party and a receiving party have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements shall only apply to documents or materials produced prior to the entry of this Order.  To the extent a producing party has previously entered into a confidentiality agreement with the Trustee governing the production of that producing party's documents or other materials, the Trustee and the producing party may agree that this Order shall supersede any such prior agreement.

20.      This Order supersedes the Protective Order entered by this Court on February 16, 2010, and incorporates the modifications to that Order made by the Litigation Procedures Order. All productions and designations made under the superseded Protective Order are retained subject to the requirements and provisions of this Order regarding appropriateness of the designation, restrictions on over-designation and process for removing designations.  This Order shall remain in full force and effect until further order of this Court at the close of Adv. Proc. No.

08-01789.  This Order is without prejudice to the rights of any party by motion or stipulation

with the Trustee to seek modification of this Order from the Court with respect to any specific

**CONFIDENTIAL MATERIAL**.  In conjunction with the Trustee filing a motion under section

350 of the Bankruptcy Code to close Adv. Proc. No. 08-01789, the Trustee shall file a motion

which will set forth the treatment of **CONFIDENTIAL MATERIAL** in the Trustee's

possession which treatment shall include the Trustee's good faith effort to (a) destroy it, (b)

return it to the person or entity who provided it, and/or (c) appropriately secure it in accordance

with industry standards at the time.

21.   In the event anyone shall violate, or threaten to violate, any terms of this Order,

any party having standing may apply to this Court, consistent with the Local Bankruptcy Rules

of this Court, to obtain injunctive relief against any such person or entity.


DATED:  June 6, 2011                                    **SO ORDERED:**
            New York, New York



                                                           /s/Burton R. Lifland_____
                                                           HON. BURTON R. LIFLAND
                                                           UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

An Equivalent Declaration May be Substituted for this Undertaking

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (BRL) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | **UNDERTAKING AND CONSENT TO BE BOUND** |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

I declare that:

1.      My address is  _____

_____, and the name and address of my present employer is_____

_____ .

2.      My present occupation and job description is _____

_____ .

3.      I have received a copy of the Litigation Protective Order in this action.

4.      I have carefully read and understand the provisions of the Litigation Protective Order, am authorized to bind _____, which agrees to be bound by the Litigation Protective Order.  Specifically _____ agrees that its employees, agents or staff will not use or disclose to anyone any of the contents of any **CONFIDENTIAL**

**MATERIAL** received under the protection of the Litigation Protective Order in violation

thereof. _____ will never use any **CONFIDENTIAL MATERIAL**, directly or

indirectly, for any purpose other than for purposes of this litigation, except as otherwise

permitted by the Litigation Protective Order.

5. _____ understands that its employees, agents and staff are

to retain all copies of any of the materials that they receive which have been so designated as

**CONFIDENTIAL** in a container, cabinet, drawer, room or other safe place in a manner

consistent with the Litigation Protective Order and that all copies are to remain in my custody

until they have completed their assigned or legal duties.

6. _____ consents to the exercise of personal jurisdiction by this

Court in connection with this Declaration and its obligations under the Litigation Protective

Order.

7. I declare under penalty of perjury under the laws of the State of New York that

the foregoing is true and correct.

_____
Name

_____
Date