**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01182 (SMB) |
| Plaintiff, | |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION, | **Refers to ECF Nos: 160, 168, 182, 212, 216 and 218** |
| Defendants. | |

**OBJECTION TO DEFENDANTS' PROPOSED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS THE THIRD AMENDED COMPLAINT**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff objects to the entry of the Proposed Order Granting in Part and Denying in Part the Defendants' Motions to Dismiss the Third Amended Complaint filed on August 26, 2014 by defendants J. Ezra Merkin, Gabriel Capital Corporation, Ariel Fund Ltd., Gabriel Capital L.P., Ascot Partners, L.P. and

300333536.2

Ascot Fund Ltd. (collectively, "Defendants") pursuant to Rule 9074-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Defendants' Proposed Order").

As set forth in the Trustee's letter dated August 26, 2014 ("Trustee's Letter"),[1] following this Court's Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss entered on August 12, 2014 (the "Decision"),[2] the Trustee intends to seek certification under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") and 28 U.S.C. § 158(d) on Counts One and Three through Eight of the Third Amended Complaint. On August 22, this Court approved a briefing schedule and hearing date for the Trustee's prospective motion for certification.[3]

When the Trustee informed Defendants of his intention to seek certification, Defendants indicated that they were opposed to seeking certification and would not consent to including certification language in the proposed order. *See* Trustee's Letter at 1. Prior to seeking a briefing schedule from the Court, the Trustee first informed Defendants of his proposed briefing schedule, notified them that the Trustee intended to call Chambers for a hearing date and inquired as to whether any changes to the proposed schedule were necessary. *Id.* Defendants did not respond to the Trustee's inquiries. Defendants filed a Proposed Order on August 26, 2014

---

[1] *See* Letter, *Picard v. Merkin*, No. 08-1789 (SMB), Adv. Pro. No. 09-1182 (SMB) (Bankr. S.D.N.Y. Aug. 26, 2014), ECF No. 216.

[2] Entered on August 12, 2014, the Decision dismissed Counts One, Three through Eight, Eleven and Twelve of the Trustee's Third Amended Complaint.

[3] As addressed in the Trustee's Letter, the Court's approved briefing schedule provides that the Trustee's moving papers are due on September 5; oppositions are due on September 19; and a reply is due on September 26. The motion will be heard by the Court on October 22, 2014.

2

that is the subject of this objection, setting September 2, 2014 as the date of presentment to this Court for settlement and entry.[4]

Because the Trustee's forthcoming motion will request that the Court enter an order on the Decision certifying the dismissal of Counts One and Three through Eight under Rule 54(b) and 28 U.S.C. § 158(d), entry of Defendants' Proposed Order at this time is both impractical and premature. The Trustee's prospective motion will seek substantive relief that necessarily requires briefing and argument by the parties. A hearing on the Trustee's application is scheduled for October 22. Because the content of the order to be entered by the Court may vary depending on the outcome of the Trustee's motion for certification, entry of an order now may result in two differing orders being entered on the Decision. Rather than litigate the terms of a proposed order prior to briefing on the certification issues and in advance of the upcoming hearing, the interests of judicial efficiency would best be served by this Court's consideration of the Trustee's and Defendants' proposed orders at the hearing on October 22.

Should the Court wish to enter an order in advance of the hearing, the Trustee respectfully requests that Defendants' Proposed Order be rejected and that an order in the proposed form attached hereto as Exhibit A be entered.

For the foregoing reasons, the Trustee objects to Defendants' Proposed Order and respectfully requests that the Court consider the proposed orders after the Trustee's motion for certification is briefed and heard by the Court on October 22.

---

[4] *See* Notice of Settlement of Order, *Picard v. Merkin*, Nos. 08-01789 (SMB), Adv. Pro. No. 09-1182 (SMB) (Bankr. S.D.N.Y. Aug. 26, 2014), ECF No. 218.

Dated: August 29, 2014
      New York, New York

          /s/ David J. Sheehan

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Brian W. Song
Email: bsong@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

4