**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Laurin D. Quiat
Paul S. Enockson
Justin T. Winquist

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>THE ESTATE OF DORRIS CARR BONFIGLI, and BARBARA BONFIGLI, in her capacity as executor of THE ESTATE OF DORRIS CARR BONFIGLI,<br>Defendants. | Adv. Pro. No. 10-04835 (SMB) |

**STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS UNTIL RESOLUTION OF BANKRUPTCY CODE SECTION 546(E) APPEAL**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendants The Estate of Dorris Carr Bonfigli, and Barbara Bonfigli, in her capacity as executor of the Estate of Dorris Carr Bonfigli (the "Defendants"), and with the Trustee, the "Parties", by and through their counsel, hereby stipulate and agree to the following:

1. On December 1, 2010, the Trustee commenced this adversary proceeding against Dorris Carr Bonfigli seeking the avoidance and recovery of: (a) transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. On November 24, 2012, during the pendency of this adversary proceeding, Dorris Carr Bonfigli passed away, and the Defendants were substituted as defendants in this adversary proceeding by Order dated February 13, 2013, Dkt. No. 29.

3. On April 30, 2012, the United States District Court for the Southern District of New York dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers based on an interpretation of Bankruptcy Code Section 546(e) in approximately eighty separate adversary proceedings, but not in this adversary proceeding. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 476 B.R. 715 (S.D.N.Y. 2012), supplemented May 15, 2012 (the "Dismissal Order").

4. The Trustee has appealed the Dismissal Order to the United States Court of

Appeals for the Second Circuit (the "546(e) Appeal"). The 546(e) Appeal remains sub judice.

5. On August 25, 2014, the Parties entered into a settlement agreement pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181] (the "Settlement Agreement").

6. Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding as against the Defendants until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

7. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Parties shall agree to enter into and file a Sixth Amended Case Management Order within thirty (30) days of such final, non-appealable order. Defendants agree they will not assert any laches, statutes of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against them by this Stipulation, and hereby waive those defenses. The Parties stipulate and agree: (i) the Trustee preserves all rights, claims, causes of action, if any, against the Defendants for the Non-Two Year Transfers, and (ii) the Defendants preserve all defenses, rights and remedies, if any, in response to the Trustee's Non-Two Year Transfers, except for the defenses waived by Defendants herein and in the Settlement Agreement.

8. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding with prejudice and without costs to either the Trustee or the Defendants.

9. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and

parties of interest.

Dated: August 28, 2014

BAKER & HOSTETLER LLP

By: /s/ *Justin T. Winquist*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Nicholas J. Cremona
Laurin D. Quiat
Paul S. Enockson
Justin T. Winquist

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ *Michael Wexelbaum*
Michael Wexelbaum
605 Third Avenue
New York, New York 10158
Telephone: 212.557.7200
Facsimile: 212.286.1884

*Attorney for Defendants*

SO ORDERED

/s/ STUART M. BERNSTEIN
HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: August 29th, 2014
New York, New York