
# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806              www.pryorcashman.com

**Richard Levy, Jr.**
Partner

Direct Tel: 212-326-0886
Direct Fax: 212-798-6393
rlevy@pryorcashman.com

September 4, 2014

**By ECF, Chambers' Email and Hand Delivery**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
  Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *Securities Investor Protection Corporation v. Bernard L.
Madoff Investment Securities LLC*, Adv. No. 08-1789 (SMB) –
Motions to Dismiss Scheduled to be Heard on September 17, 2014

Dear Judge Bernstein:

      We represent the defendants in various adversary proceedings whose motions to dismiss are scheduled to be heard by your Honor on September 17, 2014. We write to inform the Court of a recent decision by the U.S. Court of Appeals for the Second Circuit that directly affects the application of the value defense under Section 548(c) of the Bankruptcy Code in a SIPA case.[1] As explained below, that decision invalidates the essential rationale of the prior District Court ruling that limited the availability of the value defense in avoidance actions in SIPA cases.[2]

      In its August 8, 2014 decision in *Picard v. Fairfield Greenwich Ltd.*, 2014 U.S. App. LEXIS 15274, No. 13-1289-bk (L) (2d Cir. 2014) ("*Fairfield*") (copy enclosed as Exh. A), the Second Circuit held that SIPA's creation (in SIPA § 8(c)(3), 15 U.S.C. § 78fff-2(c)(3)) of a fictional interest in customer property is: (i) designed only to give a SIPA trustee the same standing as an ordinary bankruptcy trustee to pursue avoidance claims, and (ii) does not otherwise expand a SIPA trustee's avoidance powers (as the District Court incorrectly held in the *Antecedent Debt Decision*). Specifically, the Circuit Court ruled:

---

[1] This defense is raised in the pending motions. *See*, for example, Omnibus Reply Briefs In Further Support of Motions to Dismiss the Amended Complaints (ECF No. 5867, at 17-18 (submitted by Defendants' Represented by Dentons US LLP); ECF No. 5875 at 15-18 (submitted by Defendants' Represented by Pryor Cashman LLP). Our clients in the actions at issue were not parties to the briefing and argument in the District Court that resulted in the *Antecedent Debt Decision*.

[2] *See SIPC v. Bernard L. Madoff Inv. Secs. LLP (In re Madoff Secs.)*, 499 B.R. 416 (S.D.N.Y. 2013) ("*Antecedent Debt Decision*").

**PRYOR CASHMAN LLP**

Hon. Stuart M. Bernstein
September 4, 2014
Page 2

- Rather than granting extraordinary avoidance powers to a SIPA trustee, SIPA "merely engrafts special features onto the familiar framework of a liquidation proceeding under Chapter 7 of the Bankruptcy Code … to address the concerns peculiar to the orderly liquidation of a brokerage." *Fairfield,* 2014 U.S. App. LEXIS 15274 at *28 (citations omitted).

- SIPA's statutory fiction does not expand the SIPA trustee's powers to reach transfers beyond the avoidance powers of a trustee in an ordinary bankruptcy case. Rather, "[j]ust as in an ordinary, non-SIPA bankruptcy, a SIPA trustee stands in the shoes of a liquidating firm. But because money held by a broker on behalf of its customers is not the broker's property under state law, it would not be recoverable by a trustee in an ordinary bankruptcy. SIPA circumvents this problem through a statutorily created legal fiction that confers standing on a SIPA trustee by treating customer property as though it were 'property of the debtor' in an ordinary liquidation." *Id.*, 2014 U.S. App. LEXIS 15274 at *28-29 (citations omitted).[3]

- The Court of Appeals cited with approval prior case law confirming that "the 'limited purpose' of SIPA § 78fff-2(c)(3) 'is to create this legal fiction.'" *Id.*, 2014 U.S. App. LEXIS 15274 at *29 (citations omitted).

In the *Antecedent Debt Decision*, the District Court held that SIPA § 8(c)(3) overrides the value defense to avoidance actions[4] where the underlying antecedent debt would not be entitled to statutory priority if the transfer had not occurred and the defendant asserted the debt affirmatively as a claim against the debtor in a later liquidation proceeding (here, in the District Court's analysis, as a customer claim in the subsequent SIPA liquidation case). 499 B.R. at 422, 423-25, 430. *Fairfield*, however, directs that courts must apply the express language of SIPA § 8(c)(3), which identifies the *sole* aspect in which SIPA avoidance actions differ from those under

---

[3] These pronouncements by the Second Circuit comport with the recent Supreme Court admonition that a Bankruptcy Court may not override the express language of the Bankruptcy Code based on notions of equity. *See Law v. Siegel*, 134 S. Ct. 1188, 1194-95 (2014) ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code"), and related authorities (discussed in Defendants' Omnibus Reply Briefs (ECF No. 5867, at 3, 18; ECF No. 5875, at 5, 17)). *Accord, Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Secs. LLP),* 721 F.3d 54, 76 (2d Cir. 2013) ("equity has its limits; it may fill certain gaps in a statute, but it should not be used to enlarge substantive rights and powers"), *cert. denied, sub nom. Picard v. HSBC Bank PLC*, 134 S. Ct. 2895 (2014).

[4] The Bankruptcy Code provides an affirmative defense to any fraudulent transfer action – made available to *any* transferee in *any* avoidance action – where the defendant took the transfer for "value and in good faith" in satisfaction of a present or antecedent debt of the debtor. 11 U.S.C. § 548(c). The statutory defense contains no express equitable or SIPA-related exception. *See also Marshall v. Picard (In re Bernard L. Madoff Inv. Secs. LLC),* 740 F.3d 81, 90 n.11 (2d Cir. 2014) ("a recipient of a transfer *is entitled to a 'good faith' defense* upon a showing that it took the transfer 'for value' and 'in good faith.'" (emphasis added)).

**PRYOR CASHMAN LLP**

Hon. Stuart M. Bernstein
September 4, 2014
Page 3

the Bankruptcy Code: the customer property fiction.[5]  Indeed, SIPA's borrowing of the Bankruptcy Code's avoidance provisions is expressly subject to *the Bankruptcy Code's* statutory limitations on their exercise, and is not subservient to any provisions of SIPA: "The [SIPA] trustee may recover any property transferred by the debtor which, except for such transfer, would have been customer property *if and to the extent that such transfer is voidable or void under the provisions of [the Bankruptcy Code]*." SIPA § 8(c)(3) (italics added).[6]  Thus, under *Fairfield*, a court may not invoke SIPA § 8(c)(3)'s fictional interest in customer property as the basis to find an implied power to override other express, statutory defenses to avoidance actions.

The *Antecedent Debt Decision* attempted to construct a paradigm that does not exist in SIPA in order to deny any value defense predicated, for example, on the satisfaction by Madoff Securities of claims under state or federal laws that permit recovery for securities fraud or breach of fiduciary duty.  The District Court ruled, without support or citation, that "SIPA creates a separate, priority customer estate" and that "although the Trustee has the same authority to avoid transfers as a bankruptcy trustee, those powers must be interpreted through the lens of SIPA's statutory scheme…."  Thus, according to the District Court, "to the extent that SIPA limits the Trustee's avoidance powers to those transfers that are 'void or voidable' under the Bankruptcy Code, that provision [SIPA § 8(c)(3)] merely gives the Trustee the authority to rely on section 548(a)(1)(A). It does not necessarily imply that section 548(c)'s affirmative defense must apply in the same way to the customer property estate as it would to the general estate." *Antecedent Debt Decision*, 499 B.R. at 423-24.[7]

---

[5]    SIPA § 8(c)(3) allows a SIPA trustee to avoid transfers of customer property in which the estate otherwise would have no legal interest.  This statutory fiction, which provides the sole basis for the Trustee's standing to avoid the transfers at issue in the avoidance actions before the Court, is not germane to the application of the value defense.

[6]    Indeed, this specific grant of avoiding powers as limited by the statutory text is not modified by the phrase "to the extent consistent" with SIPA found in other provisions of the statute relating to the general borrowing of Bankruptcy Code provisions for the administration of SIPA liquidation cases.  *Compare, e.g.,* SIPA § 6(b) (15 U.S.C. § 78fff(b)).

[7]    The District Court's analysis conflicts with the basic principle of fraudulent transfer litigation that the viability of a defendant-transferee's value defense turns on the actual rights of the defendant against the debtor as of the time of the transfer, and not on the nature and extent of the transferee's theoretical claim against the debtor in a future bankruptcy case.  In the *Antecedent Debt Decision*, the District Court held that SIPA's creation of the fictional interest in customer property provides the basis for a significant expansion of a SIPA trustee's rights and constriction of statutory defenses in fraudulent transfer cases.  *See* 499 B.R. at 424. In other words, based on the *Antecedent Debt Decision*, if the transfer satisfied a valid claim or cause of action against the broker-transferor that would not be entitled to priority against the "customer property pool" in a future SIPA case (such as a federal or state law securities claim, tort claim or contract or promissory note claim), then the defendant would be unable to assert the satisfaction of that antecedent debt as a defense to the SIPA trustee's fraudulent transfer action.  Except for the District Court's ruling, we are not aware of any fraudulent transfer jurisprudence or statutory

**PRYOR CASHMAN LLP**

Hon. Stuart M. Bernstein
September 4, 2014
Page 4

There is no provision, however, either in SIPA or the Bankruptcy Code that limits or changes a transferee's defenses to an avoidance claim based on the priority that a claim satisfied by the transfer would have received in the broker-transferee's SIPA liquidation case as if that challenged transfer had not occurred. Under *Fairfield* and similar jurisprudence requiring courts to apply statutes as written, SIPA may not be read to rewrite the scope of a SIPA trustee's avoiding powers as they are borrowed from the Bankruptcy Code, nor may a court imply limitations on those powers that are not enumerated in the statute.

Accordingly, the District Court's holding in the *Antecedent Debt Decision* has been superseded by the higher authority of *Fairfield*.[8] We submit that the *Antecedent Debt Decision* may not be applied to limit the availability and scope of that defense against the movants, and that, as a matter of law, Section 548(c) provides the Defendants a value defense against the avoidance claims asserted on the face of the Trustee's amended complaints, unconstrained by SIPA. In view of *Fairfield* and the other authorities addressed in our motion and reply papers, Defendants respectfully request that the Court grant defendants' motions to dismiss those complaints.

Respectfully,

PRYOR CASHMAN LLP

By: /s/ Richard Levy, Jr.
      Richard Levy, Jr.
Counsel for the Defendant-Movants
Represented by Pryor Cashman LLP


DENTONS US LLP

By: /s/ Carole Neville
      Carole Neville
Counsel for the Defendant-Movants
Represented by Dentons US LLP

cc:   David Sheehan, Esq., Baker & Hostetler LLP (by ECF and email)
       Kevin Bell, Esq., SIPC (by ECF and email)
       Counsel for All Other Parties to Motions to
         Dismiss Scheduled to be Heard on Sept. 17, 2014 (by ECF)

---

support for that proposition, which is rendered untenable by *Fairfield*, and runs counter to long-standing fraudulent transfer jurisprudence under the Bankruptcy Code.

[8] Prior decisions of a court may be revisited where there has been an intervening change in controlling law or where the change is required to avoid manifest injustice. *E.g., Official Comm. of Unsec. Creds. of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citations omitted).