**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
Peter W. Smith psmith@bplegal.com
Julie Gorchkova jgorchkova@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322

*Attorneys for Defendants Listed on*
*Exhibits A & B Attached to the Order to Show Cause*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>DEFENDANTS LISTED ON EXHIBITS A and B ATTACHED TO THE NOTICE OF MOTIONS TO DISMISS,<br><br>          Defendants. | Adv. Pro. Nos. listed on Exhibits A and B to the Order to Show Cause |

**DECLARATION OF HELEN DAVIS CHAITMAN, ESQ.**
**IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE**
**THIS DECLARATION IN FURTHER SUPPORT OF THE**
<u>**DEFENDANTS' MOTIONS TO DISMISS**</u>

   I, Helen Davis Chaitman, hereby declare, under penalty of perjury pursuant to 28 U.S.C.

§1746, as follows:

{N0055202 3 }

1.  I am a partner with Becker & Poliakoff LLP ("B&P"), counsel to defendants listed on Exhibits A and B attached to the accompanying order to show (the "Defendants"). Unless otherwise stated, the following is based on my personal knowledge.

2.  On November 1, 2013, Defendants filed 128 motions to dismiss adversary proceedings brought by the Trustee (the "Motions"). The Motions are scheduled for oral argument on September 17, 2014 at 10 a.m.

3.  Yesterday I received a copy of a document, prepared by the Trustee's law firm and served on the Trustee's adversary in a separate adversary proceeding, which flatly refutes an argument the Trustee and the Securities Investor Protection Corporation ("SIPC") have made in opposition to the Motions. The Defendants are making the Application by order to show cause, not by notice of motion, so that the Court can consider this document in connection with the September 17th hearing scheduled on the Motions and to avoid any delays on the Court's issuance of a decision on those Motions.

4.  In the Motions, the Defendants argued that the actions should be dismissed because the Trustee, who acted in a quasi-governmental capacity at the time he filed the complaints against the Defendants, has conceded that he receives as compensation from his law firm, Baker & Hostetler LLP ("B&H"), a percentage of the fees paid by the Securities Investor Protection Corporation ("SIPC") to B&H and hence, under United States Supreme Court authority, the Trustee's financial stake in his quasi-governmental decisions violates the Defendants' due process rights. (Defendants' Omnibus Memo. of Law at 5-7.)

5.  On January 17, 2014, SIPC and the Trustee filed opposition to the Motions, in which they both unequivocally denied that the Trustee is a governmental or a quasi-governmental actor. (Tr. Memo. at 11 ("There can be no due process violation where, as here,

the Trustee is not a governmental actor."; "SIPC is neither a governmental agency nor a 'quasi-governmental' agency."; "The Trustee is not the 'decision-maker' for SIPC[.]"); SIPC Memo. at 3 ("The Defendants' assertions that the Trustee is a quasi-governmental official and that the Trustee is a 'decision-maker' for SIPC are simply incorrect."), at 4 ("The Trustee is . . . not a quasi-governmental official.")) As a result, SIPC and the Trustee took the position that, since the Trustee was not a quasi-governmental actor, the Defendants' due process rights have not been violated. On February 21, 2014, the Defendants filed an omnibus reply in further support of the Motions.

6. On September 4, 2014, I received a copy of the Trustee's Responses and Objections to the First of Requests for Production of Documents submitted by the Trustee in *Picard v. Merkin*, Adv. No. Pro. 09-1182 (the "Discovery Response"). A true and accurate copy of the Discovery Response is attached hereto as **Exhibit A**.

7. In opposition to the Motions, the Trustee and SIPC denied that the Trustee was a quasi-governmental actor. In *Merkin*, the Trustee took the exact opposite position in the Discovery Response to avoid having to provide discovery. In the Discovery Response, the Trustee admitted that he is a quasi-governmental actor to protect disclosure of documents based on the investigatory privilege: "The Trustee is a SIPA Trustee with quasi-governmental law enforcement duties and obligations . . . ." (Discovery Response, ¶ 5.)

8. The Defendants immediately filed this application to put this evidence of the Trustee's admission before the Court. The Trustee cannot be prejudiced by the Court's consideration of his own admission contained in a document prepared by his own law firm.

9. To the contrary, denying the Defendants' application would work a grave miscarriage of justice. The importance of the Trustee's admission cannot be understated. As a

{N0055202 3}   3

quasi-governmental employee, which the Trustee admitted he is, he cannot have a financial stake in his quasi-governmental functions, which he admittedly has, without necessarily violating the Defendants' due process rights. (Defendants' Omnibus Memo. of Law at 5-7.) Accordingly, for the reasons stated in the Defendants' previously submitted papers in support of the Motions, the Motions should be granted.

10. No previous application for relief sought here has been previously made.

September 5, 2014
New York, New York

/s/ Helen Davis Chaitman