# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01182 (SMB) |
| Plaintiff, | |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION, | |
| Defendants. | |

## [PROPOSED] ORDER

On October 11, 2013, Defendants J. Ezra Merkin and Gabriel Capital Corporation (the "Merkin Defendants"), Ariel Fund Ltd. ("Ariel"), Gabriel Capital L.P. ("Gabriel"), and Ascot Partners ("Ascot") filed three motions, ECF Nos. 160, 164, 168, and memoranda and declarations in support, ECF Nos. 161, 162, 166, 167, 169, to dismiss the third amended complaint ("Third Amended Complaint") of Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, filed on August 30, 2014.  EFC No. 151.

The Trustee opposed the motions to dismiss on November 15, 2013.  ECF No. 173.  On December 20, 2013, the Merkin Defendants, Ariel, Gabriel, and Ascot filed replies and a declaration in support of their respective motions to dismiss.  ECF Nos. 185, 186, 187, 188.

On December 20, 2013, Defendant Ascot Fund Ltd. ("Ascot Fund") filed its motion to dismiss the Third Amended Complaint and a declaration and memorandum of law in support (together, with the prior motions to dismiss, the "Motions to Dismiss").  ECF Nos. 182, 183, 184.  On December 23, 2013, the Court entered a stipulation between the Trustee and Ascot Fund ordering the dismissal of Counts One through Eight of the Third Amended Complaint only insofar as they seek recovery of Initial Transfers from Ascot Fund.  ECF No. 189.  On January 31, 2014, the Trustee filed an opposition to Ascot Fund's motion to dismiss and a supporting declaration.  ECF Nos. 198, 199.  On February 28, 2014, Ascot Fund filed its reply and declaration in support of its motion to dismiss.  ECF Nos. 205, 206.

On April 30, 2014, the Motions to Dismiss were heard by the Honorable Stuart M. Bernstein.  On August 12, 2014, the Court entered a Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "Decision"), ECF No. 212, that: (1) dismissed Count One, preferential transfers against Ascot; (2) dismissed Count Three, Two-Year Constructive Fraudulent Transfers against Gabriel, Ariel, and Ascot; (3) dismissed Counts Four through Eight, Six-Year Fraudulent Transfers against Gabriel, Ariel, and Ascot; (4) dismissed Count Eleven, Disallowance; (5) dismissed Count Twelve, Equitable Disallowance; (6) sustained Count Two, Two-Year Actual Fraudulent Transfers; (7) sustained Count Nine, Subsequent Transfers; (8) sustained Count Ten, General Partner Liability; and (11) sustained Count Thirteen,

Equitable Subordination.  On August 14 and 20, 2014, the Court issued two errata orders.  ECF Nos. 213, 215.

The basis for dismissing Counts One and Three through Eight was this Court's application of several rulings by the District Court to the facts of this adversary proceeding. Those rulings include *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011); *Picard v. Greiff*, 476 B.R. 715, 722-23 (S.D.N.Y.2012); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 115 (JSR), 2013 WL 1609154, at *3 (S.D.N.Y. Apr. 15, 2013), matters that were determined in the first instance by the District Court after granting various motions to withdraw the reference and ordering common briefing in certain instances.  Parties to this adversary proceeding joined in common briefing before the District Court on these issues.

On September 5, 2014, the Trustee moved for: (1) certification pursuant to Federal Rule of Civil Procedure 54(b), made applicable to this adversary proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure, for entry of final judgment on Counts One, Three, Four, Five, Six, Seven, and Eight; and (2) certification of the portions of this Order directing entry of final judgment for immediate appeal to the United States Court of Appeals under 28 U.S.C. § 158(d)(2).  ECF No. ____.

Prior to the statutory bar date to file claims, July 2, 2009, Gabriel, Ariel, and Ascot filed claims in this liquidation, which the Third Amended Complaint seeks to disallow pursuant to Bankruptcy Code section 502(d), permitting this Court to enter final judgment as to Gabriel, Ariel, and Ascot under *Stern v. Marshall*, 564 U.S. 2 (2011), and its progeny.

For the reasons set forth in the Court's August 12, 2014 Decision, which is incorporated herein and made a part hereof, it is hereby **ORDERED** that:

1.      As to Counts One (preferential transfers against Ascot); Count Three (Two-Year Constructive Fraudulent Transfers against Gabriel, Ariel, and Ascot); Counts Four through Eight (Six-Year Fraudulent Transfers against Gabriel, Ariel, and Ascot); Count Eleven (Disallowance); and Count Twelve (Equitable Disallowance), the Motions to Dismiss are **GRANTED**;

2.      As to Count Two (Two-Year Actual Fraudulent Transfers); Count Nine (Subsequent Transfers); Count Ten (General Partner Liability); and Count Thirteen (Equitable Subordination), the Motions to Dismiss are **DENIED**;

3.      In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure, this Order is a final judgment as to Ascot on Count One and is a final judgment as to Gabriel, Ariel, and Ascot on Counts Three through Eight (together, with Count One, the "Actual Knowledge Claims"). Based upon this Court's determination that there is no just reason for delay, the entry of final judgment dismissing the Actual Knowledge Claims (the "Rule 54(b) Judgment") as against Gabriel, Ariel, and Ascot under Federal Rule of Civil Procedure Rule 54(b) is appropriate.

4.      As to the Merkin Defendants, Counts One, Three, Four, Five, Six, Seven, and Eight were not asserted against them.

5.      To permit entry of final judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay. *Montan v. Am. Airlines (In re Air Crash at Belle Harbor, N.Y.)*, 490 F.3d 99, 108-09 (2d Cir. 2007).

6.      The Third Amended Complaint alleges multiple claims. Among others, the Third Amended Complaint seeks avoidance of preferences under section 547 of the Bankruptcy Code,

avoidance of constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy

Code, and avoidance of actual or constructive fraudulent transfers under New York state

avoidance statutes incorporated through section 544 of the Bankruptcy Code.

7.    The Rule 54(b) Judgment to be entered will finally decide and ultimately dispose

of multiple claims asserted by the Trustee.  Count One, and Counts Three through Eight of the

Third Amended Complaint, which together seek avoidance of preferential and constructive

transfers under the Bankruptcy Code and actual and constructive transfers under New York

Debtor & Creditor Law, will be finally determined and dismissed against the Trustee because of

application of section 546(e) of the Bankruptcy Code and the rulings applying section 546(e) to

this liquidation, *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011); *Picard v. Greiff*, 476 B.R.

715, 722-23 (S.D.N.Y.2012); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re

Madoff Sec.)*, No. 12 Misc. 115 (JSR), 2013 WL 1609154, at *3 (S.D.N.Y. Apr. 15, 2013).

8.    The Trustee's remaining avoidance claims are limited to those proceeding under

sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code (the "Remaining Claims"), and such

claims would not be dismissed by reason of a judgment dismissing the Actual Knowledge

Claims.  The Actual Knowledge Claims and Remaining Claims are separable, *see Cullen v.

Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987), because section 546(e) and the related rulings do

not apply to the Remaining Claims.  Thus, the Remaining Claims can be decided independently

of the Actual Knowledge Claims.

9.    There is no just reason for delay in entry of the final judgment dismissing the

Actual Knowledge Claims.  In light of the real risk for duplicative trials, the interests of sound

judicial administration and the realization of judicial efficiencies are served by the entry of such

final judgment and the opportunity for immediate appeal.  *See Advanced Magnetics, Inc. v.

*Bayfront Partners, Inc.*, 106 F.3d 11, 16-17 (2d Cir. 1997) (entry of judgment under Rule 54(b) avoids potentially duplicative and expensive trials).

10.      Because the Trustee has hundreds of claims similar to those in the Rule 54(b) Judgment that may be subject to dismissal, an immediate appeal would avoid protracted, expensive, and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals.

11.      The Trustee does not seek to certify dismissal of Counts Eleven and Twelve at this time.  The Trustee reserves his right to appeal dismissal of those Counts at any time up to the conclusion of the adversary proceeding and within the time limits for appeals from a final judgment entered on those Counts.

12.      This Court certifies that an immediate appeal of the final judgment entered on the Actual Knowledge Claims as to Gabriel, Ariel, and Ascot is appropriate.  Under 28 U.S.C. § 158(d)(2)(B), a bankruptcy court shall certify an appeal where it determines that the order involves a "question of law as to which there is no controlling decision of the court of appeals," "involves a matter of public importance," or where an appeal from the order "would materially advance the progress of the case."  For the reasons set forth in the Trustee's Motion, the Court finds that this Order and the Rule 54(b) Judgment present each of these circumstances. Therefore, this Court certifies an immediate appeal to the United States Court of Appeals under 28 U.S.C. § 158(d)(2) of Rule 54(b) Judgment entered as to Counts One, Three, Four, Five, Six, Seven, and Eight of the Trustee's Third Amended Complaint as set forth in paragraph 3 of this Order.

300332732.7

13.     All Defendants must file their answers to the Third Amended Complaint within

20 days of entry of this order.

14.     All Defendants and the Trustee must comply with Fed. R. Civ. P. 26(f) and

schedule a conference with the Court no later than 60 days from entry of this order.

Dated: September ___, 2014
        New York, New York


_____
HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

300332732.7