**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br><br>       Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of<br>Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,<br>ARIEL FUND LTD., ASCOT PARTNERS, L.P.,<br>ASCOT FUND LTD., GABRIEL CAPITAL<br>CORPORATION,<br><br>       Defendants. | Adv. Pro. No. 09-1182 (SMB) |

<u>**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DIRECT
ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE
54(b) AND TO CERTIFY JUDGMENT FOR IMMEDIATE APPEAL
UNDER 28 U.S.C. § 158(d)**</u>

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and Estate of Bernard L.
Madoff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................... 1

STATEMENT OF FACTS ...................................................................... 4

ARGUMENT ...................................................................................... 11

I.    THE COURT SHOULD DIRECT ENTRY OF FINAL JUDGMENT
      UNDER RULE 54(b) AS TO COUNTS ONE AND THREE THROUGH
      EIGHT OF THE THIRD AMENDED COMPLAINT AND EXPRESSLY
      DETERMINE THERE IS NO JUST REASON FOR DELAY ......................... 11

      A.    The Court finally determined seven counts of the Third Amended
            Complaint on grounds independent of the remaining claims ................. 12

      B.    No just reason for delay exists in entering final judgment and an
            immediate appeal would be efficient for the trial and appellate
            courts ...................................................................................... 14

      C.    This Court has the authority to enter a final judgment as to the
            Fund Defendants ....................................................................... 17

II.   THE COURT SHOULD CERTIFY ITS ORDER ENTERING 54(b)
      JUDGMENT ON THE ACTUAL KNOWLEDGE CLAIMS FOR
      IMMEDIATE APPEAL TO THE SECOND CIRCUIT ..................................... 19

      A.    The Decision involves a controlling issue of law as to which there
            is no controlling decision from the Supreme Court or Second
            Circuit ..................................................................................... 20

      B.    The Decision involves matters that are of public importance ................. 22

      C.    An immediate appeal will materially advance the progress of the
            Merkin Action and the BLMIS liquidation ......................................... 24

      D.    The procedural requirements of Federal Rule of Bankruptcy
            Procedure 8001 are satisfied ....................................................... 26

            1.    Facts Necessary to Understand Questions Presented for
                  Certification ...................................................................... 26

            2.    Questions to be Certified for Appeal ......................................... 27

            3.    Relief Sought in Appeal ......................................................... 27

CONCLUSION .................................................................................... 28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acumen re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*,
    2012 WL 6053936 (S.D.N.Y. Dec. 4, 2012) ..........................................................14

*In re Adler Coleman Clearing Corp.*,
    195 B.R. 266 (Bankr. S.D.N.Y. 1996) ...................................................................23

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
    106 F.3d 11 (2d Cir. 1997)...................................................................11, 15, 16

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
    483 U.S. 143 (1987)............................................................................................11

*In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*,
    490 F.3d 99 (2d Cir. 2007)..................................................................................11

*Bankruptcy Servs., Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*,
    529 F.3d 432 (2d Cir. 2008)...............................................................................17

*Bayou Superfund, LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp. LLC)*,
    362 B.R. 624 (Bankr. S.D.N.Y. 2007) ...............................................................21

*In re Bernard L. Madoff Inv. Sec.*,
    654 F.3d 229 (2d Cir. 2011)............................................................................4, 23

*Breeden v. L.I. Bridge Fund, LLC (In re Bennett Funding Grp., Inc.)*,
    232 B.R. 565 (Bankr. N.D.N.Y.1999) ...............................................................21

*Burns v. Dennis (In re Southeastern Materials, Inc.)*,
    467 B.R. 337 (Bankr. M.D.N.C. 2012)...............................................................18

*Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC)*,
    439 B.R. 284 (S.D.N.Y. 2010)...........................................................................21

*Cullen v. Margiotta*,
    811 F.2d 698 (2d Cir. 1987)....................................................... *passim*

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1 (1980)..............................................................................11, 12, 14, 17

*Ginett v. Computer Task Grp.*,
    962 F.2d 1095 (2d Cir. 1992).............................................................12, 14, 17

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989)..............................................................................................17

# TABLE OF AUTHORITIES
(continued)

*Gredd v. Bear, Sterns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*,
    310 B.R. 500 (Bankr. S.D.N.Y. 2002) ........................................................21

*Harrell v. Beall*,
    84 U.S. 590 (1873) ........................................................................................21

*Hayes v. Palm Seedlings Partners-A (In re Agric. Research & Tech. Grp., Inc.)*,
    916 F.2d 528 (9th Cir. 1990) ........................................................................21

*Hirsch v. Gersten (In re Centennial Textiles, Inc.)*,
    220 B.R. 177 (Bankr. S.D.N.Y. 1998) ........................................................14

*Katchen v. Landy*,
    382 U.S. 323 (1966) ......................................................................................18

*Langenkamp v. Culp*,
    498 U.S. 42 (1990) ........................................................................................18

*Lipin v. Nat'l Union Fire Ins. Co of Pittsburgh, PA*,
    202 F. Supp. 2d 126 (S.D.N.Y. 2002) ........................................................12

*Marshall v. Picard (In re Bernard L. Madoff Inv. Sec.)*,
    740 F.3d 81 (2d Cir. 2014) ....................................................................18, 21

*McColley v. Rosenberg (In re Candor Diamond Corp.)*,
    76 B.R. 342 (Bankr. S.D.N.Y. 1987) ..........................................................21

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
    Nos. 00 MDL 1898 (SAS), 04 CIV. 3417 (SAS), 2010 WL 1328249
    (S.D.N.Y. Apr. 5, 2010) ............................................................13, 14, 15, 16

*Murray v. Bammer (In re Bammer)*,
    112 F.3d 1355 (9th Cir. 1997) ......................................................................23

*Naughright v. Weiss*,
    No. 10-cv-8541 (RWS), 2013 WL 1859221 (S.D.N.Y. May 2, 2013) ..................12

*Nippon Yusen Kaisha v FIL Lines USA*,
    977 F. Supp. 2d 343 (S.D.N.Y. 2013) ........................................................12

*Pension Benefit Guar. Corp. v. Oneida*,
    562 F.3d 154 (2d Cir. 2009) ..........................................................................19

*Picard v. Estate of Mark D. Madoff*,
    464 B.R. 578 (S.D.N.Y. 2011) ....................................................................18

# TABLE OF AUTHORITIES
(continued)

*Picard v. Greiff*,
476 B.R. 715 (S.D.N.Y. 2012)........................................................................ *passim*

*Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv. Sec. LLC)*,
appeal docketed, No. 12-2557-bk(L) (2d Cir. June 21, 2012)...................................................6

*Picard v. Katz*,
2011 WL 7267859 (S.D.N.Y. July 5, 2011) ...............................................................6

*Picard v. Katz*,
462 B.R. 447 (S.D.N.Y. 2011)...........................................................................2, 6

*Picard v. Merkin*,
440 B.R. 243 (Bankr. S.D.N.Y. 2010)....................................................................5

*Picard v. Merkin*,
No. 11-mc-0012 (KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011)................................5

*Picard v. Merkin*,
Nos. 08-01789 (SMB), 09-01182 (SMB), 2014 WL 3908211 (Bankr.
S.D.N.Y. Aug. 12, 2014) ........................................................................ *passim*

*Pryor v. Tromba*,
13-CV-676 (JFB), 2014 WL 1355623 (E.D.N.Y. Apr. 7, 2014)............................................18

*In re Refco, Inc. Sec. Litig.*,
609 F. Supp. 2d 304 (S.D.N.Y. 2009).....................................................................12

*Rosenman Family, LLC v. Picard*,
395 F. App'x 766 (2d Cir. 2010) ..........................................................................23

*Ross v. Thomas*,
09 Civ. 5631 (SAS), 2010 WL 3952903 (S.D.N.Y. Oct. 7, 2010) ...................................12, 14

*Sears Roebuck & Co., v. Mackey*,
351 U.S. 427 (1956)..................................................................................11, 12

*Semmler v. Metropolitan Life Ins. Co.*,
No. 94 Civ. 5549 (SS), 1996 WL 267503 (S.D.N.Y. May 17, 1996)..........................13, 14, 15

*Shauer v. Alterton*,
151 U.S. 607 (1894)......................................................................................21

*Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs. Ltd.)*,
337 B.R. 791 (Bankr. S.D.N.Y. 2005).....................................................................21

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*SIPC v. Barbour*,
    421 U.S. 412 (1975).................................................................................................23

*SIPC v. BDO Seidman, LLP*,
    245 F.3d 174 (2d Cir. 2001)...................................................................................23

*SIPC v. BLMIS*,
    No. 12. Misc. 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)........................ *passim*

*SIPC v. BLMIS*,
    490 B.R. 46 (S.D.N.Y. 2013).................................................................................18

*SIPC v. Stratton Oakmont, Inc.*,
    229 B.R. 273 (Bankr. S.D.N.Y. 1999)....................................................................23

*SIPC v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999)....................................................................21

*Starr v. Reynolds (In re Reynolds)*,
    193 B.R. 195 (D.N.J. 1996) ...................................................................................23

*Stern v. Marshall*,
    564 U.S. 2 (2011)........................................................................................17, 18, 19

*In re Trinsum Grp. Inc.*,
    467 B.R. 734 (Bankr. S.D.N.Y. 2012)....................................................................18

*Trugman-Nash, Inc. v. N.Z. Dairy Bd., Milk Prods. Holdings (N. Am.) Inc.*,
    954 F. Supp. 733 (S.D.N.Y. 1997)........................................................................15

*Walker v. The Blackstone Group L.P. (In re Extended Stay, Inc.)*,
    466 B.R. 188 (S.D.N.Y. 2011)...............................................................................18

*Weber v. United States Trustee*,
    484 F.3d 154 (2d Cir. 2007)........................................................................19, 22, 25

**Statutes**

11 U.S.C. § 502(d) .......................................................................................................18

11 U.S.C. § 544 ............................................................................................................21

11 U.S.C. § 544(b)(1) ................................................................................................6, 10

11 U.S.C. § 546(e) ................................................................................................ *passim*

11 U.S.C. § 547...................................................................................................6, 10, 21

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

11 U.S.C. § 548(a)(1)(A) .................................................................................. *passim*

11 U.S.C. § 548(a)(1)(B) ..............................................................................6, 10, 21

11 U.S.C. § 548(c) ........................................................................................21

11 U.S.C. § 550..............................................................................................10

11 U.S.C. § 741(7) .........................................................................................6

15 U.S.C. §§ 78aaa, *et seq.* ........................................................................1

15 U.S.C. § 78eee(a)(2) .................................................................................23

15 U.S.C. § 78fff-2(c)(3) ...............................................................................23

15 U.S.C. § 78*lll*(4) ....................................................................................23

15 U.S.C. §  78*lll*(4)(D) ...............................................................................23

28 U.S.C. § 158(d) ...............................................................................1, 3, 28

28 U.S.C § 158(d)(2) ......................................................................................19

28 U.S.C. § 158(d)(2)(A) ................................................................................19

28 U.S.C. § 158(d)(2)(A)(i)-(iii) .....................................................................26

28 U.S.C. § 158(d)(2)(B) ................................................................................19

28 U.S.C. § 1291.............................................................................................11

**Rules**

Fed. R. Bankr. P. 7054...............................................................................1, 18

Fed. R. Bankr. P. 8001..................................................................................26

Fed. R. Bankr. P. 8001(f)(3)(C).....................................................................26

Fed. R. Bankr. P. 8001(f)(3)(C)(i)..................................................................26

Fed. R. Bankr. P. 8001(f)(3)(C)(ii).................................................................27

Fed. R. Bankr. P. 8001(f)(3)(C)(iii)................................................................27

Fed. R. Civ. P. 12(b)(6)..................................................................................12

## TABLE OF AUTHORITIES

(continued)

**Page(s)**

Fed. R. Civ. P. 54(b) ........................................................................................................... *passim*

**Other Authorities**

10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2657 (3d
ed. 1998, supp. 2014) ...........................................................................................................12

Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff, respectfully submits this memorandum of law in support of his motion (the "Motion") to: (i) direct entry of final judgment against Defendants Gabriel Capital, L.P., Ariel Fund Ltd., and Ascot Partners, L.P. (the "Fund Defendants") under Federal Rule of Civil Procedure 54(b) (the "Rule 54(b) Judgment"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7054, on Counts One and Three through Eight of the Trustee's Third Amended Complaint in the matter of *Picard v. Merkin, et al.*, No. 09-1182 (SMB) (the "Merkin Action"); (ii) expressly determine that there is no just reason for delay; and (iii) certify the Rule 54(b) Judgment for an immediate appeal to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 158(d).

## PRELIMINARY STATEMENT

On August 12, 2014, this Court entered its Memorandum Decision Granting in Part and Denying in Part Defendants' Motions to Dismiss, which dismissed Counts One, Three through Eight, Eleven, and Twelve of the Trustee's Third Amended Complaint (the "Decision").[1]  This Court determined that Counts One and Three through Eight required dismissal after applying several rulings issued by the District Court to the facts of this case, including the "Actual Knowledge Decision."[2]

In the Actual Knowledge Decision, Judge Rakoff held that the Trustee must plead, on the face of the complaint, that a transferee had actual knowledge of the BLMIS fraud to avoid the application of the safe harbor of section 546(e) to transfers from BLMIS.  The Actual

---

[1] *Picard v. Merkin*, Nos. 08-01789 (SMB), 09-01182 (SMB), 2014 WL 3908211 (Bankr. S.D.N.Y. Aug. 12, 2014).

[2] *SIPC v. BLMIS*, No. 12. Misc. 115 (JSR), 2013 WL 1609154, at *6 (S.D.N.Y. Apr. 15, 2013).

Knowledge Decision followed Judge Rakoff's prior decisions in this liquidation, including

*Picard v. Katz*[3] *and Picard v. Greiff,*[4] and in which he found that the Trustee was precluded by

section 546(e) from avoiding transfers except under section 548(a)(1)(A).  Taken together, these

decisions stand for the proposition that the Trustee's complaints to recover preferential and

constructively fraudulent transfers under the Bankruptcy Code, or any transfers under state law,

will not withstand a motion to dismiss unless the Trustee adequately pleads that the transferee

had actual knowledge of BLMIS's fraud.  The District Court further held that the Trustee may

not show actual knowledge by evidence of willful blindness or conscious disregard.

Applying these decisions, this Court found that even though the Third Amended

Complaint adequately pleaded facts suggesting willful blindness sufficient for claims under

section 548(a)(1)(A), it failed to adequately plead "actual knowledge" of the BLMIS fraud.[5]

Accordingly, the Court dismissed Counts One and Three through Eight (the "Actual Knowledge

Claims").  Counts Eleven and Twelve were dismissed on bases unrelated to the Actual

Knowledge Decision and are not the subject of this Motion.  Counts Two, Nine, Ten, and

Thirteen remain viable.

Entry of a final judgment on the Actual Knowledge Claims will permit the Trustee to

seek appellate review of the threshold issue in the Merkin Action, and in dozens of other actions:

whether the Trustee must plead transferees' actual knowledge of fraud at BLMIS to successfully

overcome the section 546(e) affirmative defense.  Collectively, the value of claims subject to

potential dismissal based upon the Decision is billions of dollars.  The Trustee thus has no choice

but to appeal the Decision.  Certifying the Actual Knowledge Claims for immediate appeal will

---

[3] 462 B.R. 447, 452 (S.D.N.Y. 2011).

[4] 476 B.R. 715, 718 (S.D.N.Y. 2012).

[5] *Merkin*, 2014 WL 3908211, at *13-18.

provide much-needed finality as to the viability of the majority of the Trustee's avoidance claims—including preferential transfers, constructive fraudulent transfers, and state law avoidance claims—in his actions where the transferees' lack of good faith is at issue.

An appeal now will further facilitate the ultimate resolution of this liquidation. Immediate appellate review will prevent dismissal, under an incorrect standard, of the Actual Knowledge Claims in this case and many hundreds of similar claims in the Trustee's other actions in which he alleges that transferees acted in bad faith.  And it will allow each of the cases to proceed to a single trial on all of the Trustee's claims, which is the most efficient course for the Court, the Trustee, defendants in the Merkin Action, and other defendants to the Trustee's actions.

Speedy appellate review is also the only fair result for the "net losers" who must await the resolution of this and other various avoidance actions for the return of their principal.  Given that the District Court rulings on these issues are matters of first impression and contrary to prior rulings in this case and others, the Trustee's ability to settle or bring actions to a close is diminished until there is a definitive ruling by appellate courts on the standards for the Trustee's avoidance claims.  Requiring "net losers" to  await the final resolution of all claims asserted by the Trustee in this and other similar actions is unnecessary where, as here, the claims are separable and can be reviewed immediately by the Second Circuit under Rule 54(b) and 28 U.S.C. § 158(d).

Because the Decision presents legal issues that are independent of the avoidance claims that remain in the Merkin Action (those brought under section 548(a)(1)(A) of the Code), this Court should: (i) direct the entry of a final judgment as to Counts One and Three through Eight

under Rule 54(b); (ii) expressly determine that there is no just reason for delay; and (iii) certify

the Rule 54(b) Judgment for an immediate appeal to the Second Circuit.

## STATEMENT OF FACTS

This liquidation proceeding was commenced following an application by the Securities

Investor Protection Corporation on December 15, 2008 by order of District Judge Louis L.

Stanton, who referred the case to this Court.[6]  On December 23, 2008, this Court entered a

Claims Procedures Order,[7] which directed customers and other creditors to file claims with the

Trustee by July 2, 2009.  Defendants Gabriel Capital L.P., Ariel Fund Limited, and Ascot

Partners, L.P. filed customer claims in the BLMIS SIPA proceeding on March 3, 2009.[8]

Following his appointment, the Trustee conducted an extensive investigation of the

claims of the debtor.  To fulfill his statutory duties, the Trustee brought over one thousand

avoidance actions to avoid and recover BLMIS's preferential and fraudulent transfers for

equitable distribution according to the net equity formula for calculating allowed customer

claims approved by the Second Circuit and contemplated by SIPA.[9]  The Trustee's suits can be

broadly divided as against "good faith" and "bad faith" transferees.  The Trustee seeks the return

of fictitious profits from good faith transferees but is seeking the return of principal in addition to

any fictitious profits from transferees who he alleges lacked good faith.  The Merkin Action falls

into the latter category.

---

[6] Order, *SIPC v. Bernard L. Madoff Inv. Sec.*, No. 08-1789 (SMB) (Bankr. S.D.N.Y. Dec. 15, 2008), ECF No. 1.

[7] Order, *SIPC v. Bernard L. Madoff Inv. Sec.*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 23, 2008), ECF No. 12.

[8] *See* Gotthoffer Decl. in Support of Motion by Defendants Ariel Fund Limited and Gabriel Capital L.P. to Dismiss the Second Am. Compl., *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Jan. 25, 2010), ECF No. 57 at Exs. J, K; Defendant Ascot Partners, L.P.'s Answer to the Second Am. Compl., *Picard v. Merkin*, Adv. Pro. No. 09-1182 (SMB) (Bankr. S.D.N.Y. Dec. 17, 2010), ECF No. 96 at ¶ 40.

[9] *See In re Bernard L. Madoff Inv. Sec.*, 654 F.3d 229, 233 (2d Cir. 2011) ("*Net Equity Decision*").

On December 23, 2009, the Trustee filed a second amended complaint against J. Ezra Merkin, Gabriel Capital Corporation, Ariel Fund Limited, Gabriel Capital L.P. and Ascot Partners L.P. to avoid and recover preferential and fraudulent transfers under federal and state law and to disallow the claims filed by the Fund Defendants. Defendants Ariel Fund Limited and Gabriel Capital L.P. moved to dismiss under, *inter alia*, section 546(e) on January 25, 2010.[10]

Bankruptcy Judge Burton R. Lifland denied the motion as to the relief sought under the section 546(e) defense, finding that the section 546(e) affirmative defense could not succeed at the pleading stage as the section 546(e) safe harbor "does not tend to contravert the Trustee's *prima facie* case."[11] Judge Lifland further found that even assuming a section 546(e) defense was timely, it would fail as a matter of law because: (i) the assumption that Madoff was a stockbroker was "dubious;" (ii) it is unclear that any "securities contracts" existed between the parties; and (iii) applying section 546(e) safe harbor to these defendants would be contrary to the purpose of the safe harbor provision and incompatible with SIPA.[12] District Judge Kimba M. Wood subsequently denied an interlocutory appeal of Judge Lifland's ruling, finding that there were no "substantial grounds for difference of opinion as to the correctness of the standards relied on by the Bankruptcy Court in its refusal—at the pleading stage—to dismiss on the grounds of [defendants'] Section 546(e) affirmative defense."[13]

Despite these rulings, Judge Rakoff found that application of section 546(e) to BLMIS customer withdrawals presented complex issues that mandated withdrawal of the reference from

---

[10] Memorandum of Law in Support of Motion by Defendants Ariel Fund Ltd. and Gabriel Capital L.P. to Dismiss the Second Am. Compl., *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Jan. 25, 2010), ECF No. 56.

[11] *Picard v. Merkin*, 440 B.R. 243, 266-67 (Bankr. S.D.N.Y. 2010).

[12] *Id.*

[13] *Picard v. Merkin*, No. 11-mc-0012 (KMW), 2011 WL 3897970, at *12 (S.D.N.Y. Aug. 31, 2011).

the Bankruptcy Court for consideration.[14]  Judge Rakoff subsequently granted a motion to

dismiss in the *Picard v. Katz* case, holding that the literal language of section 546(e) precluded

many of the Trustee's avoidance claims, despite the absence of actual securities transactions.[15]

The District Court found that the "kind of contract[s BLMIS] had with its customers" were

securities contracts under section 741(7), and therefore any payment by BLMIS to its customers

was either a "settlement payment" or a "'transfer' made 'in connection with a securities

contract.'"[16]  It made this finding despite not having before it the specific agreements it

purportedly relied upon.[17]

　　　Hundreds of motions to withdraw the reference followed, including motions by certain

defendants to the Merkin Action.[18]  Thereafter, the District Court determined various issues on

an omnibus basis, including the application of section 546(e).  In *Picard v. Greiff*,[19] the District

Court concluded that the safe harbor provided under section 546(e) barred the Trustee's

avoidance claims based on Bankruptcy Code sections 547 (preferential transfers), 548(a)(1)(B)

(constructive fraudulent transfers), and 544(b)(1) (claims under "other applicable law" including

fraudulent conveyance claims under New York Debtor & Creditor law)[20] against customers who

executed account opening documents with BLMIS.  The defendants in the proceedings

---

[14] *Katz*, No. 11-cv-3605 (JSR), 2011 WL 7267859, at *1 (S.D.N.Y. July 5, 2011).

[15] *Katz*, 462 B.R. at 452-53.

[16] *Id.* at 451-52.

[17] *Id.*

[18] *See* Order, *SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 115 (JSR) (S.D.N.Y. May 15, 2012), ECF No. 119 at 28.

[19] 476 B.R. at 718. The District Court reached the same conclusion in *Picard v. Katz.*

[20] A Rule 54(b) judgment was entered by the District Court on the counts of the Trustee's complaints that were dismissed under section 546(e), permitting an immediate appeal of *Greiff* to the Second Circuit.  That appeal is sub judice at the Second Circuit, which heard oral argument on the matter on March 5, 2014.  *Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv. Sec. LLC)*, appeal docketed, No. 12-2557-bk(L) (2d Cir. June 21, 2012).

consolidated into the *Greiff* matter consisted of those transferees against whom the Trustee did not allege a lack of good faith.

While the *Greiff* matter was being briefed before the District Court, the District Court agreed to hear separately the issue of whether section 546(e) insulated from the Trustee's recovery efforts transfers to defendants who had allegedly acted in bad faith. The Trustee argued, *inter alia*, that to the extent that the Trustee alleged that a transferee knew or should have known that legitimate securities trading was not effected on their behalf, the issue of whether the section 546(e) safe harbor applies is a question of fact not appropriate for dismissal at the pleading stage.[21] Various defendants argued that section 546(e) applies regardless of the particular factual scenarios alleged in the complaints.[22]

After consolidated briefing by dozens of parties, the District Court issued the Actual Knowledge Decision on an omnibus basis on April 15, 2013, creating an exception to its prior ruling in *Greiff*. In the Actual Knowledge Decision, the District Court ruled that section 546(e) does not apply to transfers from BLMIS if the Trustee could show that an initial or subsequent transferee had actual knowledge of Madoff's fraud.[23] Even though section 546(e) is an affirmative defense, the District Court held in an unprecedented ruling that it was the Trustee's burden to plead facts demonstrating that a transferee had actual knowledge of Madoff's fraud.[24] If the Trustee could meet that high burden, Judge Rakoff reasoned, initial and subsequent

---

[21] Trustee's Memorandum of Law in Opposition, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 115 (JSR) (S.D.N.Y. Sept. 28, 2012), ECF No. 370 at 19-20.

[22] *See, e.g.,* Consolidated Memorandum of Law on Behalf of Financial Institution Defendants with respect to Issues Raised by Order of the Court Dated May 15, 2012, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 115 (JSR) (S.D.N.Y. July 27, 2012), ECF No. 257 at 21.

[23] Actual Knowledge Decision, 2013 WL 1609154, at *3-4.

[24] Actual Knowledge Decision, 2013 WL 1609154, at *4.

fraudulent transfers otherwise avoidable under applicable state and federal bankruptcy law would not be subject to the safe harbor of section 546(e).[25]

On August 30, 2013, the Trustee filed a Third Amended Complaint against the Defendants.[26] Defendants thereafter sought dismissal of the Trustee's claims based in part on the Actual Knowledge Decision,[27] presenting this Court with the first opportunity to apply that ruling.  On August 12, 2014, this Court held that actual knowledge is "direct and clear knowledge" that "implies a high level of certainty and the absence of any substantial doubt regarding the existence of a fact."[28]  The Court contrasted actual knowledge with willful blindness, which the Court determined "connotes a strong suspicion but *some* level of doubt or uncertainty of the existence of a fact and the deliberate failure to acquire actual knowledge of its existence."[29]

Applying the actual knowledge standard to the avoidance and recovery claims in the Merkin Action, this Court held that the Trustee did not plausibly allege that Defendants "actually knew" of the BLMIS fraud and therefore could not overcome the safe harbor provided in section 546(e) as it applies to the Trustee's claims for preferential transfers, two-year constructively fraudulent transfers, or six-year fraudulent transfers pursuant to New York Debtor & Creditor Law.[30]  The Court found that the allegations in the Third Amended Complaint did "not imply the

---

[25] *Id.* at *4, 6.

[26] Defendants to the Trustee's action include the J. Ezra Merkin and Gabriel Capital Corporation (together, the "Merkin Defendants"), the Fund Defendants, and Ascot Fund L.P. (collectively, the "Defendants").

[27] *See, e.g.,* Memorandum of Law in Support of Defendants J. Ezra Merkin's and Gabriel Capital Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint, dated Oct. 11, 2013, ECF No. 166 at 15-23; Memorandum of Law in Support of Motion of Bart M. Schwartz, as Receiver of Defendants Ariel Fund Limited and Gabriel Capital, L.P. to Dismiss the Third Amended Complaint, dated Oct. 11, 2013, ECF No. 161 at 24-26; Memorandum of Law in Support of Defendant Ascot Fund Limited's Notice of Motion to Dismiss the Third Amended Complaint and to Sever, filed Dec. 20, 2013, ECF No. 183 at 7-11.

[28] *Picard v. Merkin*, 2014 WL 3908211, at *12.

[29] *Id.* at *13.

[30] *Id.* at *13-14.

level of certainty or absence of substantial doubt associated with actual knowledge" of the

BLMIS fraud.[31]  Thus, the Court dismissed Counts One and Three through Eight of the Third

Amended Complaint on this basis.

In contrast, the Court sustained the Trustee's actual fraudulent transfer claims brought

under Bankruptcy Code section 548(a)(1)(A).  The Court held that these claims are governed by

a willful blindness standard, which the Trustee met,[32] and are unaffected by section 546(e),

*Greiff*, and the Actual Knowledge Decision.[33]

Of the remaining claims in the Third Amended Complaint, the Court dismissed Counts

Eleven and Twelve (disallowance and equitable disallowance) and sustained Counts Nine

(subsequent transfers), Ten (general partner liability), and Thirteen (equitable subordination).

The Trustee does not seek entry of final judgment on Counts Eleven and Twelve at this time.

The claims alleged in the Trustee's Third Amended Complaint and the relevant customer

claims filed by Defendants are summarized in the following chart:

---

[31] *Id.* at *13.

[32] *Id.* at *14-18.

[33] *Id.* at *18.

| Defendant | Trustee's Asserted Preferential and Fraudulent Transfer Claims in the Third Amended Complaint | Fraudulent Transfer Claims Dismissed by the Decision | Customer Claim Filed | Trustee Seeks Entry of Final Judgment on Actual Knowledge Claims |
|---|---|---|---|---|
| *Gabriel Capital, L.P.* | § 548(a)(1)(A) 2-year Actual Fraudulent Transfers (Count 2)<br><br>§ 548(a)(1)(B) 2-year Constructive Fraudulent Transfers (Count 3)<br><br>§ 550 Subsequent Transfers (Count 9) | § 548(a)(1)(B) 2-year Initial Constructive Fraudulent Transfers (Count 3) | Claim Received 3/3/09 | Yes |
| *Ariel Fund Ltd.* | § 548(a)(1)(A) 2-year Actual Fraudulent Transfers (Count 2)<br><br>§ 548(a)(1)(B) 2-year Constructive Fraudulent Transfers (Count 3)<br><br>§ 544(b)(1), N.Y.D.C.L. Fraudulent Conveyances (Counts 4-8)<br><br>§ 550 Subsequent Transfers (Count 9) | § 548(a)(1)(B) 2-year Constructive Fraudulent Transfers (Count 3)<br><br>§ 544(b)(1), N.Y.D.C.L. Fraudulent Conveyances (Counts 4-8) | Claim Received 3/4/09 | Yes |
| *Ascot Partners, L.P.* | § 547 Preferential Transfers (Count 1)<br><br>§ 548(a)(1)(A) 2-year Actual Fraudulent Transfers (Count 2)<br><br>§ 548 (a)(1)(B) 2-year Constructive Fraudulent Transfers (Count 3)<br><br>§ 544(b)(1), N.Y.D.C.L. Fraudulent Conveyances (Counts 4-8)<br><br>§ 550 Subsequent Transfers (Count 9) | § 547 Preferential Transfers (Count 1)<br><br>§ 548(a)(1)(B) 2-year Constructive Fraudulent Transfers (Count 3)<br><br>§ 544(b)(1), N.Y.D.C.L. Fraudulent Conveyances (Counts 4-8) | Claim Received 3/3/09 | Yes |
| *Ascot Fund Ltd.* | § 544(b)(1), N.Y.D.C.L. Fraudulent Conveyances (Counts 4-8)<br><br>§ 550 Subsequent Transfers (Count 9) | N/A[34] | No claim filed | No |
| *J. Ezra Merkin* | § 550 Subsequent Transfers (Count 9) | | No claim filed | No |
| *Gabriel Capital Corp.* | § 550 Subsequent Transfers (Count 9) | | No claim filed | No |

---

[34] Counts 4-8 against Ascot Fund Ltd. were voluntarily dismissed by stipulation of the parties, the dismissal of which was so ordered by the Court. *See* Order, *Picard v. Merkin*, No. 09-1182 (SMB) (Bankr. S.D.N.Y. Dec. 23, 2013), ECF No. 189.

## ARGUMENT

I.    **THE COURT SHOULD DIRECT ENTRY OF FINAL JUDGMENT UNDER RULE 54(b) AS TO COUNTS ONE AND THREE THROUGH EIGHT OF THE THIRD AMENDED COMPLAINT AND EXPRESSLY DETERMINE THERE IS NO JUST REASON FOR DELAY**

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Rule 54(b) provides a "practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case."[35]  To permit entry of final judgment under this Rule, there must be:  (1) multiple claims or multiple parties; (2) at least one claim finally decided within the meaning of 28 U.S.C. § 1291; and (3) an express determination by the district court that there is no just reason for delay.[36]  Certification under Rule 54(b) may be granted where there are interests of "sound judicial administration" and efficiencies to be served,[37] or where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[38]  Under this standard, the Court should enter partial final judgment as to Counts One and Three through Eight of the Trustee's Third Amended Complaint.

---

[35] *Sears Roebuck & Co., v. Mackey*, 351 U.S. 427, 435 (1956).

[36] *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 490 F.3d 99, 108–09 (2d Cir. 2007) (internal quotations omitted).

[37] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

[38] *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (citing *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987), *abrogated on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987)).

### A.    The Court finally determined seven counts of the Third Amended Complaint on grounds independent of the remaining claims

The first element of the Rule 54(b) test is met because the Third Amended Complaint involves multiple claims and multiple parties; the Trustee asserted thirteen claims against six defendants.  The second element is also met because the Actual Knowledge Claims were finally decided.  A judgment is final for the purposes of Rule 54(b) if it is an ultimate disposition on a cognizable claim for relief.[39]  A dismissal pursuant to Rule 12(b)(6) is an ultimate disposition on a claim for relief.[40]

When considering whether to enter partial final judgment on the dismissal of some, but not all, of a party's claims, a district court must also find that the dismissed claims are separable from those that remain.[41]  Claims are separable for purposes of Rule 54(b) if they "'can be decided independently of each other.'"[42]  In this Circuit, claims are regarded as separable if they involve either "at least some different questions of fact and law and could be separately enforced,"[43] or "different sorts of relief are sought and, consequently, the claim for greater relief would be pressed by the plaintiff even if the other claim were granted."[44]  If claims meet this

---

[39] *Curtiss-Wright*, 446 U.S. at 7.

[40] *See Naughright v. Weiss*, No. 10-cv-8541 (RWS), 2013 WL 1859221, at *2 (S.D.N.Y. May 2, 2013) ("A dismissal with prejudice pursuant to Rule 12(b)(6) is a final decision and judgment on the merits" for purposes of Rule 54(b)); *see also In re Refco, Inc. Sec. Litig.*, 609 F. Supp. 2d 304, 319 (S.D.N.Y. 2009); *Lipin v. Nat'l Union Fire Ins. Co of Pittsburgh, PA*, 202 F. Supp. 2d 126, 136 (S.D.N.Y. 2002).

[41] *See Cullen*, 811 F.2d at 711; *Nippon Yusen Kaisha v FIL Lines USA*, 977 F. Supp. 2d 343, 352 (S.D.N.Y. 2013); *Ross v. Thomas*, 09 Civ. 5631 (SAS), 2010 WL 3952903, at *4 (S.D.N.Y. Oct. 7, 2010).

[42] *Ginett v. Computer Task Grp.*, 962 F.2d 1095, 1097 (2d Cir. 1992) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

[43] *Nippon*, 977 F. Supp. 2d at 352-53.

[44] *Cullen*, 811 F.2d at 711; *see also* 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2657 (3d ed. 1998, supp. 2014) (claims separable when two possible recoveries exist that are not mutually exclusive).

criterion, they "may be considered separable even if they have arisen out of the same transaction or occurrence."[45]

Under this standard, the Actual Knowledge Claims are separable from those that remain. The Court determined that the Actual Knowledge Claims could not survive because the Trustee's Third Amended Complaint did not sufficiently allege actual knowledge of Madoff's fraud.[46]  For the fraudulent transfer claims that were dependent only upon a showing of willful blindness—the actual fraudulent transfer claims under section 548(a)(1)(A)—the Court found that the Trustee sustained his pleading burden.[47]  The Decision clearly distinguishes between the claims for which Judge Rakoff held actual knowledge of Madoff's fraud is necessary and the claims for which willful blindness suffices.[48]

In *Semmler v. Metropolitan Life Insurance Co.*, the court held that the dismissal of one plaintiff's claim for benefits in an ERISA class action was separable for the purposes of certifying a final judgment pursuant to Rule 54(b) because the claim for which final judgment was sought had a different legal standard than the remaining claims in the case.[49]  Then-District Judge Sonia Sotomayor found that the plaintiff's "claim is distinct because a different legal standard of review applies to her claim from the claims of the other plaintiffs, even though all claims arise from the same facts."[50]  In determining that the dismissed claim was separable due to its application of a different legal standard, the *Semmler* court found it "present[ed] a distinct

---

[45] *Cullen*, 811 F.2d at 711; *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, Nos. 00 MDL 1898 (SAS), 04 CIV. 3417 (SAS), 2010 WL 1328249, at *2 (S.D.N.Y. Apr. 5, 2010).

[46] *Merkin*, 2014 WL 3908211, at *12.

[47] *Id.* at *18.

[48] *Id.* at *12-13.

[49] *Semmler v. Metropolitan Life Ins. Co.*, No. 94 Civ. 5549 (SS), 1996 WL 267503, at *1-2 (S.D.N.Y. May 17, 1996) (Sotomayor, J.).

[50] *Id.* at *1.

and controlling question of law" for the Circuit to evaluate, which justified Rule 54(b) certification.[51]

Because the relative pleading burdens for the Actual Knowledge Claims and the remaining claims are legally distinct, the legal issues resolved by the Decision are independent of those that remain to be litigated in the Merkin Action, making entry of a Rule 54(b) judgment appropriate.[52]  In short, the issue of the applicability of section 546(e) and the Trustee's pleading and proof burden with respect to actual knowledge are not issues that remain to be litigated in the pending action.

### B.  No just reason for delay exists in entering final judgment and an immediate appeal would be efficient for the trial and appellate courts

To enter final judgment under Rule 54(b), a district court must also expressly find that there is no just reason for delay.[53]  "[C]ourts do not simply evaluate whether there is a just reason for delay, but generally apply a balancing test that weighs multiple factors to determine whether directing entry of a partial final judgment is in the interest of sound judicial administration."[54]  A district court, therefore, should consider the efficiency interests of both the district and appellate courts, as well as balance the equities as to the parties.[55]

Avoiding duplicative trials is a compelling efficiency consideration warranting entry of final judgment under Rule 54(b).[56]  Absent certification under Rule 54(b), the parties will

---

[51] *Id.* at *2.

[52] *See, e.g.*, *Cullen*, 811 F.2d at 711; *Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 177, 181 (Bankr. S.D.N.Y. 1998) (finding fraudulent transfer claims requiring intent separable from those without an intent requirement, even though claims arose from the same facts); *In re MTBE*, 2010 WL 1328249, at *4 (finding remaining claims requiring an "actual knowledge" showing separable from dismissed claims with no such requirement); *Semmler*, 1996 WL 267503, at *1-2.

[53] *Ginett*, 962 F.2d at 1091.

[54] *Ross*, 2010 WL 3952903, at *4 (internal quotations omitted).

[55] *See Curtiss-Wright*, 446 U.S. at 8; *Ginett*, 962 F.2d at 1095-96.

[56] *See, e.g., Acumen re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 2012 WL 6053936, at *2 (S.D.N.Y. Dec. 4, 2012) (entering final judgment on certain claims under Rule 54(b), thus potentially avoiding "'an expensive, duplicative

14

proceed to a trial on a limited set of the Trustee's fraudulent transfer claims before the Trustee is

able to appeal the consequential issues determined by the Decision.  By contrast, appellate

review and reversal of the Decision now would enable all of the Trustee's avoidance claims to be

litigated in a single trial.  Neither the Court nor the parties are well served by delaying a final

judgment on these separable claims until a final judgment is entered on the estate's remaining

claims, a result that could be years away.

Indeed, the Second Circuit has held that certification is appropriate where an appeal can

be taken "without delaying prosecution of the surviving claims [and] a dismissed claim [could

be] reversed in time to be tried with the other claims."[57]  Under the current case management

order entered in the Merkin Action, trial is not yet scheduled, and summary judgment briefing

will not be completed until August 2015.[58]  Thus, the Trustee can prosecute the remaining

avoidance claims while an appeal is heard by the Second Circuit and the claims may be tried

together by this Court in 2016.

The risk of conducting duplicative trials in the Merkin Action is compounded by the

dozens of pending litigations brought by the Trustee that similarly depend on the resolution of

the legal standard dictated in the Actual Knowledge Decision.[59]  Requiring the Trustee to wait to

appeal the actual knowledge standard, which governs the majority of his fraudulent transfer

claims against transferees allegedly receiving transfers in bad faith, until after final judgment on

---

trial'"); *Advanced Magnetics*, 106 F.3d at 16-17 (same); *Trugman-Nash, Inc. v. N.Z. Dairy Bd., Milk Prods. Holdings (N. Am.) Inc.*, 954 F. Supp. 733, 738 (S.D.N.Y. 1997) (granting Rule 54(b) judgment will allow immediate appeal to determine if certain "claims form a proper part of this case, [as] a single trial of all claims is preferable").

[57] *Cullen*, 811 F.2d at 711.

[58] Seventh Amended Case Management Plan, *Picard v. Merkin*, 09-01182 (SMB) (Bankr. S.D.N.Y. Apr. 22, 2014), ECF No. 208 at 3.

[59] *See, e.g., Semmler*, 1996 WL 267503, at *2 (finding interests of judicial economy served by prompt appeal and resolution of legal issue affecting same legal standard of review applied to many other similarly-situated plaintiffs); *In re MBTE*, 2010 WL 1328249, at *4-5 (finding no reason for delay where Rule 54(b) review prevented "significant waste of judicial resources" because instant case was a bellwether for over one hundred related cases requiring guidance on the same issues tried in the instant case).

the remaining avoidance/subordination claims that survive, will delay the ultimate termination of this litigation by many years.[60]  Defendants may argue that the fact that the Decision impacts the Trustee's other cases is not an appropriate reason to enter a final judgment here.  But the efficiencies of taking an appeal the first time that the Trustee's claims are dismissed under the standards of the Actual Knowledge Decision—rather than waiting until hundreds of claims are dismissed and the remaining claims are tried years from now—are apparent.  In a liquidation as large as this, judicial efficiency requires appellate rulings on threshold issues as soon as practicable to prevent returning those litigations to square one years later.

District Judge Schira Scheindlin's decision in *In re MTBE Products Liability Litigation* is instructive here.  The court found that there was "no just reason for delay" in connection with Rule 54(b) certification in a case within a multi-district litigation ("MDL"), as it was the first case to be tried and served as a bellwether for the remaining cases.[61]  Noting that the case's bellwether status weighed in favor of granting a partial final judgment, the *MBTE* court held that providing an avenue to appeal pursuant to Rule 54(b) would allow the Circuit to issue guidance relevant to many other similarly-situated parties and "assess the values of the claims at issue, develop a relevant body of law, and in doing so [] provide guidance to parties pursuing settlement."[62]  Failure to enter of a Rule 54(b) judgment, the court found, "would work an injustice on all the parties in this MDL" since the court "could spend several more years trying the issues" in related cases without necessary guidance from the Circuit.[63]

---

[60] *See Advanced Magnetics*, 106 F.3d at 16-17 (finding it more efficient to have claims and affirmative defenses tried together rather than piecemeal after an appeal on all remaining claims).

[61] 2010 WL 1328249, at *4.

[62] *Id.*

[63] *Id.* at *5.

Permitting an appeal now will be equally efficient for the Second Circuit. The appellate panel reviewing the claims certified pursuant to Rule 54(b) will be presented with legal issues independent of the Trustee's avoidance claims that remain before the Bankruptcy Court. Thus, if the Trustee's remaining avoidance claims were to give rise to a subsequent appeal, the Second Circuit would not cover the same ground that would be the subject of this appeal.[64] Accordingly, there is no just reason for delay here.

Because the Actual Knowledge Claims meet the elements required for entry of a Rule 54(b) judgment, the Court should certify the Actual Knowledge Claims as a final judgment under Rule 54(b).

### C.    This Court has the authority to enter a final judgment as to the Fund Defendants

The Fund Defendants—Gabriel Capital, L.P., Ariel Fund Ltd., and Ascot Partners, L.P.—filed claims in the SIPA proceeding in March of 2009, submitting themselves to this Court's jurisdiction. Courts have held that by filing a claim, parties consent to the jurisdiction of the bankruptcy court.[65] In addition, because the Third Amended Complaint seeks to disallow and/or subordinate those claims, the avoidance claims are tied to the claims allowance process and are integral to the restructuring of the debtor-creditor relationship.[66] Accordingly, this Court can enter a partial final judgment against the Fund Defendants under Rule 54(b).

In *Stern v. Marshall*, 564 U.S. 2 (2011), the Supreme Court considered the circumstances in which a bankruptcy court can issue a final judgment. *Stern*, however, did not displace the well-settled law that bankruptcy courts are authorized to enter final judgments in avoidance

---

[64] *See, e.g., Ginett,* 962 F.2d at 1097; *Curtiss-Wright,* 446 U.S. at 8.

[65] *See, e.g., Bankruptcy Servs., Inc. v. Ernst & Young (In re CBI Holding Co., Inc.),* 529 F.3d 432, 466-67 (2d Cir. 2008) ("a creditor who files [a proof of] claim subjects itself to the bankruptcy court's equitable jurisdiction in proceedings affecting that claim.") (quoting *Granfinanciera , S.A. v. Nordberg,* 492 U.S. 33, 58 (1989)).

[66] Am. Compl. ¶¶ 322-31, 338-77.

actions against defendants that filed claims where a bankruptcy trustee has also sought to

disallow those claims.[67]   To the contrary, the Supreme Court expressly acknowledged its prior

decisions in *Katchen v. Landy*[68] and *Langenkamp v. Culp*,[69] reaffirming that bankruptcy courts

retain authority to finally determine avoidance actions when a proof of claim is filed.[70]

      This maxim is equally true as applied to the Trustee's actions, as the District Court

recently observed in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment

Securities LLC*.[71]   Because the Fund Defendants have filed SIPA claims that are disallowed

under section 502(d) until the fraudulent transfer claims against the Fund Defendants are

resolved and any liability is repaid to the estate, the avoidance claims at issue are integral to the

restructuring of the debtor-creditor relationship.[72]   In such circumstances, courts have held that

bankruptcy courts have the power to enter final judgments on avoidance claims.[73]   Accordingly,

this Court has the power to enter final judgments on the Trustee's claims against the Fund

Defendants, which includes the power to enter partial final judgments against those defendants.[74]

      Counts One and Three through Eight were not asserted against the Merkin Defendants.

Thus, no judgment could issue on those claims against the Merkin Defendants.   Instead, the

Merkin Defendants' liability is derivative of the claims against the Fund Defendants, as the

---

[67] 382 U.S. 323, 336–38 (1966).

[68] *Id.*

[69] 498 U.S. 42 (1990).

[70] *See Stern*, 131 S. Ct. at 2616; *Marshall v. Picard (In re Bernard L. Madoff Inv. Sec.)*, 740 F.3d 81, 94-95 (2d Cir. 2014): *Pryor v. Tromba*, 13-CV-676 (JFB), 2014 WL 1355623, at *5 (E.D.N.Y. Apr. 7, 2014).

[71] *SIPC v. BLMIS*, 490 B.R. 46, 54-55 (S.D.N.Y. 2013).

[72] *Id.* (identifying that the bankruptcy court may enter a final judgment on avoidance proceedings in which the Trustee also seeks to disallow a customer claim pursuant to Bankruptcy Code section 502(d)).

[73] *See Picard v. Estate of Mark D. Madoff*, 464 B.R. 578, 586 (S.D.N.Y. 2011); *Walker v. The Blackstone Group L.P. (In re Extended Stay, Inc.)*, 466 B.R. 188, 202 (S.D.N.Y. 2011); *Burns v. Dennis (In re Southeastern Materials, Inc.),* 467 B.R. 337, 352 (Bankr. M.D.N.C. 2012).

[74] *See id*; *In re Trinsum Grp. Inc.*, 467 B.R. 734, 741-42 (Bankr. S.D.N.Y. 2012) (finding, post-*Stern v. Marshall*, bankruptcy court correctly applied Federal Rule of Bankruptcy Procedure 7054 to permit a final partial judgment with respect to those parties who consented to the jurisdiction of the bankruptcy court).

Merkin Defendants themselves acknowledged.[75]  In any event, the Trustee does not seek to have

a judgment entered against the Merkin Defendants under Rule 54(b) and no *Stern* issues are

implicated vis-à-vis the Merkin Defendants.

## II.    THE COURT SHOULD CERTIFY ITS ORDER ENTERING 54(b) JUDGMENT ON THE ACTUAL KNOWLEDGE CLAIMS FOR IMMEDIATE APPEAL TO THE SECOND CIRCUIT

Under 28 U.S.C § 158(d)(2), a bankruptcy court must certify an order for immediate

appeal to the federal court of appeals where:

(i)    the order, judgment, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii)    the order, judgment, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii)    an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which an appeal is taken.

Certification is mandatory if any of the circumstances enumerated in section

158(d)(2)(A) are present.[76]  The purpose of this provision is to allow "appeals that raise

controlling questions of law, concern matters of public importance, and arise under

circumstances where a prompt, determinative ruling might avoid needless litigation."[77]

"Congress also sought to assure the prompt resolution of knotty legal problems."[78]

---

[75] *See* Merkin Defendants' Memorandum of Law, ECF No. 166 at 3 ("Because the only claims against the Merkin Defendants are derivative of their claims against the [Fund Defendants], dismissal of the claims against the Funds mandates dismissal of the [Third Amended Complaint] against the Merkin Defendants").

[76] *See* 28 U.S.C. § 158(d)(2)(B) (providing that a bankruptcy court "shall make the certification" if, "on its own motion or on the request of a party, determines that the circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . .").

[77] *Weber v. United States Trustee*, 484 F.3d 154, 158 (2d Cir. 2007); *see also Pension Benefit Guar. Corp. v. Oneida*, 562 F.3d 154, 155 (2d Cir. 2009).

[78] *Weber*, 484 F.3d at 159.

Even though only one ground is required for certification, here the Decision as to the Actual Knowledge Claims independently satisfies all three alternative circumstances, mandating certification.

### A.    The Decision involves a controlling issue of law as to which there is no controlling decision from the Supreme Court or Second Circuit

The question of whether a SIPA trustee has a burden to plead, on the face of the complaint, a transferee's "actual knowledge" of a fraud in order to avoid the application of the section 546(e) safe harbor affirmative defense to the avoidance of transfers is a question to which there is no controlling decision of the Second Circuit or Supreme Court. In fact, it is an issue of first impression within this and every Circuit.

In *Greiff*, the District Court held that the safe harbor of section 546(e) applies to the transfers from BLMIS because many customers believed that Madoff was engaged in securities transactions.[79] In the Actual Knowledge Decision, the District Court cited to its own decision for the proposition that the "plain" language of section 546(e) protects "reasonable expectations of legitimate participants" in the securities markets, holding that "the burden is on the Trustee to prove . . . at a minimum, that the transferee had actual knowledge that there were no actual securities transactions being conducted."[80] It is not enough, the District Court explained, to show that a transferee lacked "good faith" in receiving a transfer because the concept of "good faith" nowhere appears in section 546(e).[81] (The concepts of "legitimate participants" and "reasonable expectations" do not appear in section 546(e) either.) Thus, the District Court ruled

---

[79] *Greiff*, 476 B.R. at 720-21 ("Those clients, the defendants here, having every reason to believe that Madoff Securities was actually engaged in the business of effecting securities transactions, have every right to avail themselves of all the protections afforded the customers of stockbrokers, including the protection offered by § 546(e)).

[80] Actual Knowledge Decision, 2013 WL 1609154, at *4 (S.D.N.Y. Apr. 15, 2013).

[81] *Id.*

those transferees who "actually knew that Madoff Securities was a Ponzi scheme are not entitled to the protections of the *Section 546(e)* safe harbor."[82]

Bankruptcy law has never required a trustee to either plead or prove actual knowledge in order to avoid and recover fraudulent transfers or to plead facts regarding an affirmative defense to survive a motion to dismiss. To the contrary, it has long been held that a trustee has no duty to plead facts regarding a good faith affirmative defense,[83] and that an objective proof standard of "inquiry notice" governs defenses to avoidance of fraudulent transfers.[84] Under the Actual Knowledge Decision, however, this Trustee is now required to plead particularized allegations that transferees knew of Madoff Securities' fraud in order for his claims under sections 544, 547, and 548(a)(1)(B) to survive a motion to dismiss on the basis of section 546(e). Moreover, the Actual Knowledge Decision precludes the Trustee—at the pleading stage—from relying on allegations showing willful blindness to survive a motion to dismiss claims similar to the Actual Knowledge Claims here. No decisions exist, in this Circuit or elsewhere, that address these specific issues.

---

[82] *Id.* at *6 (italics in original).

[83] *See, e.g., Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC)*, 439 B.R. 284, 308-09 (S.D.N.Y. 2010); *Bayou Superfund, LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp. LLC)*, 362 B.R. 624, 631 (Bankr. S.D.N.Y. 2007); *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs. Ltd.)*, 337 B.R. 791, 805 (Bankr. S.D.N.Y. 2005); *Breeden v. L.I. Bridge Fund, LLC (In re Bennett Funding Grp., Inc.)*, 232 B.R. 565, 573 (Bankr. N.D.N.Y.1999) ("[Section 548(c)] has been construed as an affirmative defense, all elements of which must be proven by the defendant-transferee."); *Gredd v. Bear, Sterns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 310 B.R. 500, 508 (Bankr. S.D.N.Y. 2002); *McColley v. Rosenberg (In re Candor Diamond Corp.)*, 76 B.R. 342, 351 (Bankr. S.D.N.Y. 1987); *SIPC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 318 (Bankr. S.D.N.Y. 1999) (Brozman, C.J.) (court rejecting defendants' motions to dismiss on the basis that the SIPA trustee failed to meet his pleading burden, finding that whether defendants "took those monies in good faith and for value are issues to be raised by them as affirmative defenses to the Trustee's recovery and need not be negated by the Trustee in the Complaint") (internal citations omitted); *see also* 5 Collier on Bankruptcy ¶ 548.09[2][b] (16th ed. 2012).

[84] *See, e.g., Marshall*, 740 F.3d at 90 n.11 (a transferee "is entitled to a 'good faith' defense upon a showing that it took the transfer 'for value' and 'in good faith'" and that the presence of good faith depends upon "whether the transferee had information that put it on inquiry notice that the transferor was insolvent or that the transfer might be made with a fraudulent purpose") (citing *In re Bayou Grp., LLC*, 439 B.R. 284, 310 (S.D.N.Y. 2010)); *Hayes v. Palm Seedlings Partners-A (In re Agric. Research & Tech. Grp., Inc.)*, 916 F.2d 528, 535–36 (9th Cir. 1990) (courts are to look at what a transferee objectively "knew or should have known" in questions of good faith, rather than examining what the transferee actually knew from a subjective standpoint) (citing *Shauer v. Alterton*, 151 U.S. 607, 621 (1894); *Harrell v. Beall*, 84 U.S. 590 (1873)).

The Second Circuit has stated that it would be reluctant to accept cases when it believes that "percolation through the district court could cast more light on the issue . . ."[85]  This case has already percolated through the District Court for several years, during which time the District Court has set various standards governing the Trustee's avoidance claims.  The District Court then returned numerous cases to the Bankruptcy Court for application consistent with its rulings, including the Merkin Action.  The District Court has already had the opportunity to opine on the issues at hand; the Bankruptcy Court has now had the opportunity to apply those rulings. All that remains is for an appellate court to determine the issues on appeal.  In these circumstances, further consideration by the District Court would not cast more light on the issue, making certification all the more appropriate here.

### B.        The Decision involves matters that are of public importance

The legal issues presented by the Decision are of significant public importance because they alter the protections afforded by SIPA, a Congressionally-mandated customer protection scheme, by significantly limiting the ability of this and every other future SIPA trustee to recover and return customer property to its rightful owners in accordance with SIPA.[86]  The Decision, by applying *Greiff* and the Actual Knowledge Decision to the Merkin Action, places section 546(e) at odds with SIPA by interfering with a SIPA trustee's ability to recover and return customer property to customers.

---

[85] *Weber*, 484 F.3d at 161.

[86] In connection with their request for an interlocutory appeal of an earlier decision of this Court, certain defendants to the Merkin Action agreed that the matters at issue were of "enormous public import" and acknowledged their impact on the Trustee's similarly-situated proceedings.  *See* Memorandum of Law in Support of Motion of Bart M. Schwartz, as Receiver of Defendants Gabriel Capital L.P. and Ariel Fund Ltd., For Leave to Appeal the November 17, 2010 Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Trustee's Complaint ("Interlocutory Appeal Memorandum of Law"), *Picard v. Merkin*, No. 11-mc-0012 (KMW) (S.D.N.Y. Jan. 14, 2011), ECF No. 2 at 12 ("The issues in this adversary proceeding are not only of enormous public import, but are substantially similar to those in a large number of other adversary proceedings pending in the Bankruptcy Court….").

Following a spate of broker-dealer liquidations, Congress enacted SIPA in 1970 to restore confidence in the securities markets.[87] It did so by establishing a comprehensive remedial scheme to protect investors against a broker's insolvency.[88] SIPA creates a fund of "customer property," separate from the general estate, for priority distribution to the debtor's customers.[89] "Customer property" includes "property unlawfully converted,"[90] as in this case. By distributing that property *pro rata* among customers, SIPA facilitates the avoidance and recovery of customer property and "achieve[s] a fair allocation of the available resources among the customers . . . ."[91]

Unlike the Bankruptcy Code's primary purpose to reorder state law debtor-creditor relationships to foster a "fresh start" for debtors,[92] SIPA focuses specifically on restoring funds to customers from assets held by a bankrupt brokerage firm.[93] To fully satisfy customers from the fund of customer property, a SIPA trustee must be able to bring avoidance actions to recover "customer property" wrongfully transferred or unlawfully converted by the brokerage firm. SIPA §§ 78fff-2(c)(3), 78*lll*(4)(D). These avoidance actions are necessary to effectuate SIPA through the specific federal regulatory scheme designed by Congress to protect customers when brokerages fail.

---

[87] *See SIPC v. Barbour*, 421 U.S. 412, 415 (1975).

[88] *Id.* at 415, 421.

[89] *See Net Equity Decision*, 654 F.3d at 233.

[90] SIPA § 78*lll*(4).

[91] *Net Equity Decision*, 654 F.3d at 240.

[92] *See e.g.*, *Murray v. Bammer (In re Bammer)*, 112 F.3d 1355, 1357 (9th Cir. 1997); *Starr v. Reynolds (In re Reynolds)*, 193 B.R. 195, 200 (D.N.J. 1996).

[93] *See, e.g.*, *Rosenman Family, LLC v. Picard*, 395 F. App'x 766, 768 (2d Cir. 2010); *SIPC v. BDO Seidman, LLP*, 245 F.3d 174, 178 (2d Cir. 2001); *SIPC v. Barbour*, 421 U.S. at 416 (citing 15 U.S.C. § 78eee(a)(2)); *SIPC v. Stratton Oakmont, Inc.*, 229 B.R. 273, 279 (Bankr. S.D.N.Y. 1999) ("SIPA protects customers of registered broker-dealers who have entrusted to those broker-dealers cash . . . for the purpose of trading and investing."); *In re Adler Coleman Clearing Corp.*, 195 B.R. 266, 269 (Bankr. S.D.N.Y. 1996) (same).

The District Court's *Greiff* Decision and Actual Knowledge Decision severely curtailed a

SIPA trustee's ability to bring avoidance actions.  The *Greiff* Decision interpreted section 546(e)

to reach cash transfers in connection with a Ponzi scheme that did not involve securities trades,

which immunizes virtually all transfers between any stockbroker and its customers.  The Actual

Knowledge Decision placed the high burden on a SIPA trustee—at the pleading stage—to show

subjective knowledge of fraud, as evidenced by this Court's dismissal of the Trustee's Actual

Knowledge Claims in the Merkin Action.  Taken together, these decisions demonstrate the

significant hurdles to the Trustee's avoidance powers created by the District Court under section

546(e).  They place section 546(e) at odds with SIPA because they interfere with a SIPA

trustee's ability to recover customer property and effect a pro rata distribution to customers.  And

certainly in those cases where the Trustee alleges that the transferee knew or should have known

that legitimate securities trading could not be taking place, those decisions serve neither the

purposes of SIPA nor section 546(e).

SIPA governs when brokerages fail—failures that can have long-reaching and

devastating effects on the financial markets and its participants.  This and other recent SIPA

liquidation proceedings have generated Congressional hearings, proposed amendments to the

United States Code, and sustained press coverage.  The proper operation and interpretation of

SIPA is a matter of public importance, as SIPA's safeguards inure to the benefit of the financial

markets overall and the brokerage customers that Congress sought to protect by its passage.

C.    **An immediate appeal will materially advance the progress of the Merkin Action and the BLMIS liquidation**

An immediate appeal will advance not only the Merkin Action but the progress of this

SIPA liquidation.  As to the Merkin Action, an immediate appeal would avoid the inevitable

inefficiencies that would follow from a reversal after a trial on the remaining avoidance claims—resulting in a second trial against Defendants on the reinstated avoidance claims.

An immediate appeal on the Decision will also materially advance the overall SIPA liquidation proceeding.  This is the first application by this Court of the District Court's rulings to one of the Trustee's avoidance actions, resulting in a dismissal of all of his avoidance counts other than those brought under section 548(a)(1)(A).  The Court will have to apply the same standard set by the District Court in dozens of other cases.  Before the Court does so, and before the parties litigate through trial on the remaining claims, the Second Circuit should have an opportunity to clarify the legal standards that govern the Trustee's avoidance claims under section 546(e).  Delay in appellate review could result in re-trials in numerous cases if the Decision is reversed because the standards are wrong.[94]

Certification would permit a single orderly and efficient appeal to definitively resolve these questions of law and then allow the Trustee and his adversaries to proceed to a single trial on all of his claims in this as well as numerous other actions.  A direct appeal would also facilitate settlements, as the Trustee will not consider abandoning his constructive fraudulent transfer and state law avoidance claims unless the Second Circuit affirms.[95]

---

[94] Indeed, certain defendants to the Merkin Action agreed that the effect on the Trustee's other actions warranted review when this Court's earlier decision found section 546(e)'s safe harbor was not a defense to the Trustee's claims.  *See* Interlocutory Appeal Memorandum of Law, *Picard v. Merkin*, No. 11-mc-0012 (KMW) (S.D.N.Y. Jan. 14, 2011), ECF No. 2 at 12 ("The Bankruptcy Court's ruling cries out for review, not only for the sake of the Funds but the other litigants who have been, or are about to be, subjected by the Trustee to identical claims.  For that reason, immediate review of these issues is in the best interests of all parties.").

[95] *Cf. Weber*, 484 F.3d at 158 ("where a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by that ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear.")

Clarity, efficiency, and speed are not only important to the Court, the Trustee, and the defendants in the dozens of other adversary proceedings but also to the "net loser" customers that await the return of their principal. The Trustee is currently holding over $2.8 billion in reserve pending the outcome of this and other various litigations.[96] The sooner that these litigations are resolved, whether by the return of avoidable transfers to the estate and a correspondingly-allowed customer claim, or by the subordination of customer claims against the estate, the sooner the Trustee will be able to release the funds in reserve and make significant distributions to those customers holding SIPA claims for the return of their principal, thereby expediting the overall conclusion of the SIPA proceeding.

**D.    The procedural requirements of Federal Rule of Bankruptcy Procedure 8001 are satisfied**

Federal Rule of Bankruptcy Procedure 8001(f)(3)(C) requires that a certification request state: (i) the facts necessary to understand the question presented; (ii) the question itself; (iii) the relief sought; (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and (v) attach a copy of the judgment, order, or decree complained of and any related opinion or memorandum.

**1.    Facts Necessary to Understand Questions Presented for Certification**

In accordance with Rule 8001(f)(3)(C)(i) of the Federal Rules of Bankruptcy Procedure, the facts necessary to understand the questions presented for certification are set forth in the Statement of Facts, *supra*, and in the Decision, 2014 WL 3908211, at *1-11.

---

[96] *See* Affidavit of Vineet Sehgal in Support of the Trustee's Motion for an Order Approving the Fourth Allocation of Property to the Fund of Customer Property and Authorizing Fourth Interim Distribution to Customers, *SIPC v. BLMIS*, 08-1789 (SMB) (Bankr. S.D.N.Y. Mar. 25, 2014), ECF No. 6025 at 9.

### 2.    Questions to be Certified for Appeal

In accordance with Rule 8001(f)(3)(C)(ii) of the Federal Rules of Bankruptcy Procedure,

the Trustee respectfully requests that the following questions be certified for appeal:

(a)    To the extent that section 546(e) is applicable to transfers from BLMIS, did the District Court err by ruling that, when bringing an action to avoid a transfer other than under section 548(a)(1)(A) of the Bankruptcy Code, the Trustee must prove that a defendant had actual knowledge of Madoff's scheme in order to defeat an affirmative defense under section 546(e) of the Bankruptcy Code?

(b)    To the extent that section 546(e) is applicable to transfers from BLMIS, did the District Court err in creating a new pleading standard that requires the Trustee, when bringing an action to avoid a transfer other than under section 548(a)(1)(A) of the Bankruptcy Code,  to plead that a defendant had actual knowledge of Madoff's scheme in order to defeat a challenge to his complaint under section 546(e) of the Bankruptcy Code?

(c)    Did the District Court err by holding that where the Trustee pleads sufficient evidence that a defendant was willfully blind to facts suggesting a high probability of fraud and/or consciously disregarded evidence of fraud, the Trustee's claims to avoid a transfer other than under section 548(a)(1)(A) of the Bankruptcy Code, fail as a matter of law in light of the safe harbor under section 546(e) of the Bankruptcy Code?

(d)    Whether the Trustee satisfies the pleading requirements of the Actual Knowledge Opinion and may defeat a motion to dismiss under section 546(e) by alleging that defendants were subjectively aware of facts demonstrating that purported trading at BLMIS was fraudulent, and therefore had no reasonable expectations that the safe harbor would apply?

(e)    Whether the Bankruptcy Court must, in drawing all inferences in the plaintiff's favor, deny a motion to dismiss claims under the actual knowledge standard where a complaint adequately alleges that a defendant was willfully blind?

### 3.    Relief Sought in Appeal

In accordance with Rule 8001(f)(3)(C)(iii) of the Federal Rules of Bankruptcy Procedure,

the Trustee seeks the reversal of this Court's dismissal of the Actual Knowledge Claims.

## <u>CONCLUSION</u>

For the reasons stated above, the Trustee respectfully requests that this Court:  (i) direct

entry of final judgment against Gabriel Capital, L.P., Ariel Fund Ltd., and Ascot Partners, L.P.

under Federal Rule of Civil Procedure 54(b) as to Counts One and Three through Eight of the

Third Amended Complaint; (ii) expressly determine that there is no just reason for delay; and

(iii) certify a direct appeal of the Rule 54(b) Judgment to the United States Court of Appeals for

the Second Circuit under 28 U.S.C. § 158(d).

Dated: September 5, 2014
      New York, New York

                        */s/ David J. Sheehan*
                        Baker & Hostetler LLP
                        45 Rockefeller Plaza
                        New York, New York 10111
                        Telephone: (212) 589-4200
                        Facsimile: (212) 589-4201
                        David J. Sheehan
                        Email: dsheehan@bakerlaw.com
                        Lan Hoang
                        Email: lhoang@bakerlaw.com
                        Brian W. Song
                        Email: bsong@bakerlaw.com
                        Seanna R. Brown
                        Email: sbrown@bakerlaw.com

                        *Attorneys for Irving H. Picard, Trustee for the*
                        *Substantively Consolidated SIPA Liquidation*
                        *of Bernard L. Madoff Investment Securities*
                        *LLC and the Estate of Bernard L. Madoff*