JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
 For Dispute Resolution
LAUREN T. ATTARD
Assistant General Counsel
SECURITIES INVESTOR
PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Debtor. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>     Plaintiff,<br>v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>     Defendants. | Adv. Pro. No. 09-1182 (SMB) |

**BRIEF OF THE SECURITIES INVESTOR
PROTECTION CORPORATION IN SUPPORT OF
THE TRUSTEE'S MOTION TO DIRECT ENTRY OF FINAL JUDGMENT
<u>AND TO CERTIFY JUDGMENT FOR IMMEDIATE APPEAL</u>**

## **TABLE OF CONTENTS**                  **PAGE**

ARGUMENT ........................................................................................................................2

CONCLUSION ....................................................................................................................4

# TABLE OF AUTHORITIES

**CASES:** **PAGE**

*Application of Executive Sec. Corp.*, 702 F.2d 406 (2d Cir.), *cert. den. sub nom.,*
    *Doe v.Executive Sec. Corp.*, 464 U.S. 818 (1983) ...................................................................4

**STATUES AND RULES:**

Securities Investor Protection Act, as amended, 15 U.S.C. §
78fff-1(a).........................................................................................................................................3
78fff-2(c)(3) ...................................................................................................................................3

Bankruptcy Code, 11 U.S.C. §
546(e) ..................................................................................................................... *passim*

28 U.S.C. §
158(d).................................................................................................................................1, 3

Federal Rule of Civil Procedure 54(b)......................................................................................1, 2

Federal Rule of Bankruptcy Procedure 7054...................................................................................1

The Securities Investor Protection Corporation ("SIPC") respectfully submits this brief in support of the motion (the "Motion") of Irving Picard, as Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities, Inc. ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), for entry of an order (i) directing entry of final judgment against Defendants Gabriel Capital, L.P., Ariel Fund Ltd., and Ascot Partners, L.P. (together, the "Fund Defendants") under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7054, on Counts One and Three through Eight (the "Actual Knowledge Claims") of the Trustee's Third Amended Complaint in the matter of *Picard v. Merkin*, et al., No. 09-1182 (SMB) (the "Merkin Action"); (ii) expressly determining that there is no just cause for delay; and (iii) certifying the Rule 54(b) judgment for an immediate appeal to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 158(d).

## ARGUMENT

SIPC supports the Trustee's Motion in all respects. SIPC believes that the most efficient course of conduct is for the Court to enter final judgment under Rule 54(b) for the Actual Knowledge Claims, and for this final judgment to be certified to the Second Circuit for immediate appeal. Indeed, it appears that the District Court envisioned that the Second Circuit would review its opinions after this Court applied the District Court's opinions to the individual claims brought by the Trustee. *See, e.g.*, *In re Madoff Securities*, Docket No. 12-mc-115, Memorandum Order, ECF No. 555 (S.D.N.Y. July 21, 2014) (denying motion for interlocutory appeal).

The Trustee has brought hundreds of adversary proceedings against various defendants, many of whom moved for withdrawal of the reference to the District Court. The District Court

withdrew from this Court many of the issues raised by the defendants for the purpose of determining the legal issues that concerned both SIPA and title 11 of the United States Code (the "Bankruptcy Code"), including the application of Bankruptcy Code section 546(e). *See, e.g., Picard v. Grieff*, Docket No. 11-cv-3775, Memorandum Order, ECF No. 41 (S.D.N.Y. Nov. 28, 2011) (withdrawing the reference to consider the application of Bankruptcy Code section 546(e) in a SIPA case). The District Court adjudicated motions to dismiss on the section 546(e) issues, along with other omnibus issues, most of which were heard on a consolidated basis. *See, e.g., In re Madoff Securities*, Docket No. 12-mc-115, Opinion and Order, ECF No. 460 (S.D.N.Y. April 15, 2013) ("Actual Knowledge Decision"). The District Court made clear in other omnibus matters that it did not adjudicate facts of the Trustee's causes of action against various individual defendants, but rather set out a "general framework" of standards to be applied by this Court. *See, e.g.*, *In re Madoff Securities*, Docket No. 12-mc-115, Opinion and Order, ECF No. 524, (S.D.N.Y. Apr. 28, 2014). As a result, the District Court refused to grant various parties' motions for interlocutory appeal of certain consolidated opinions because final judgment on the Trustee's causes of action against defendants had not been entered. *See, e.g.*, *In re Madoff Securities*, Docket No. 12-mc-115, Memorandum Order, ECF No. 555 (S.D.N.Y. July 21, 2014). In so doing, the District Court made clear that this Court is the proper forum for adjudication of the Trustee's causes of action.

And thus, this Court is faced with adjudicating the cases of hundreds of defendants, many of whom have filed or will soon file motions to dismiss, following the Actual Knowledge Decision. In ruling on the Fund Defendants' motions to dismiss, this Court has fully adjudicated the Actual Knowledge Claims, which are now ready for review under Rule 54(b). Particularly given that the Actual Knowledge Decision applies to all of the Trustee's "bad faith" actions, a

2

swift review would not only benefit the Trustee and these Fund Defendants, but would benefit every other defendant who may be affected by this new modified standard. Because of the far-reaching effects of an appeal of these Actual Knowledge Claims on the entire liquidation of BLMIS, it is imperative that an appeal be taken immediately. At this point, this action, like many others filed by the Trustee, has been pending for over five years. There is no just reason for further delay for final adjudication of these Actual Knowledge Claims.

Certification of the appeal to the Second Circuit is similarly imperative. The issues presented in the Actual Knowledge Claims are "controlling issues of law," and there is no controlling decision of the Second Circuit regarding the District Court's modification of the good faith defense. *See* 28 U.S.C. § 158(d)(2). Under the District Court's new standard, a SIPA trustee is required to plead and prove a defendant's actual knowledge in order to avoid application of the Bankruptcy Code section 546(e) safe harbor. Never before has a SIPA trustee been burdened with a pleading standard for a cause of action under the Bankruptcy Code that is higher than the pleading standards required of bankruptcy trustees. Indeed, SIPA section 78fff(b) requires a SIPA proceeding to be conducted in accordance with the provisions of the Bankruptcy Code, unless inconsistent with SIPA. Thus, at a minimum, a SIPA trustee has all of the powers of a trustee in a case pending under the Bankruptcy Code, including specifically the power to avoid transfers. *See* SIPA §§ 78fff-1(a) and 78fff-2(c)(3). The District Court's new modification of the pleading standard relating to the section 546(e) defense is controlling for all of the Trustee's "bad faith" actions, and thus should be reviewed by the Second Circuit as quickly as possible.

Finally, given that the heightened standards relating to the application of Bankruptcy Code section 546(e) will affect not only BLMIS customers, but also customers in future SIPA

3

cases, these issues are a matter of public importance, further supporting certification of immediate appeal to the Second Circuit. *See, e.g.*, *Application of Executive Sec. Corp.*, 702 F.2d 406, 410 (2d Cir.) ("Although not formally part of the federal government, the SIPC and its trustees vindicate important public interests."), *cert. den. sub nom., Doe v. Executive Sec. Corp.*, 464 U.S. 818 (1983). Clarity with respect to the rights to the investing public provided by SIPA is necessary for the proper functioning of the securities markets.

## CONCLUSION

For the aforementioned reasons, the Court should grant the Trustee's Motion.

Dated:   Washington, D.C.
         September 5, 2014

Respectfully submitted,

JOSEPHINE WANG
General Counsel


/s/ Kevin H. Bell
KEVIN H. BELL
Senior Associate General Counsel
 For Dispute Resolution

LAUREN T. ATTARD
Assistant General Counsel

SECURITIES INVESTOR
PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: lattard@sipc.org

4