UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MORTY WOLOSOFF REVOCABLE TRUST, a Florida trust, STEPHEN N. DRATCH, as trustee, WENDY W. HAYES, (aka Wendy Wolosoff), as trustee, GLORIA WOLOSOFF REVOCABLE TRUST, a Florida trust, and STEPHEN N. DRATCH, as trustee,<br><br>       Defendants. | Adv. Pro. No. 10-04346 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT
PREJUDICE DEFENDANT ROBIN EASTERN**

**WHEREAS**, on November 30, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against Lucky Company, Robin Eastern ("Eastern"), and others (the "Action") (Adv. Pro. No. 10-04346

(SMB)) with respect to BLMIS account number 1L0053 (the "BLMIS Account); and

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, defendant Eastern represents as follows:

1. I never made any contributions to Lucky Company or any other entity or individual which were subsequently deposited into the BLMIS Account.

2. I never received any money, directly or indirectly, from Lucky Company or any other entity or individual, which was withdrawn from the BLMIS Account.

3. I never received K-1's from Lucky Company with respect to the BLMIS Account. I never received K-1's or any other documents from BLMIS.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendant Eastern as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant Eastern hereby stipulate that the Trustee's claims against defendant Eastern in the Action are dismissed without prejudice and without costs to either the Trustee or defendant Eastern.

3. Notwithstanding the foregoing, defendant Eastern and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant Eastern, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant Eastern is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims

available under the Bankruptcy Code or SIPA with respect to defendant Eastern in connection with the BLMIS Account, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant Eastern hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4.    Upon the dismissal of defendant Eastern, the caption of the Action is hereby amended to delete defendant Eastern from the caption. The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

5.    This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6.    Defendant Eastern has reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

Dated: New York, New York
       September 8, 2014

Of Counsel:

**BAKER & HOSTETLER LLP**

11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*


*/s/ Robin Eastern*
Robin Eastern
Defendant


**OKIN, HOLLANDER & DELUCA, L.L.P.**

By: */s/ James J. DeLuca*
One Parker Plaza
400 Kelby Street
Fort Lee, New Jersey 07024
Telephone: 201.947.7500
Facsimile: 201.947.2663
James J. DeLuca
Email: JDeLuca@ohdlaw.com

*Attorneys for Defendant Robin Eastern*


Dated: New York, New York
       September 9th, 2014              **SO ORDERED**


                                        **By:    /s/ STUART M. BERNSTEIN**
                                           **HONORABLE STUART M. BERNSTEIN**
                                           **UNITED STATES BANKRUPTCY JUDGE**

4

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, MORTY WOLOSOFF REVOCABLE TRUST, a Florida trust, STEPHEN N. DRATCH, as trustee, WENDY W. HAYES, (aka Wendy Wolosoff), as trustee, GLORIA WOLOSOFF REVOCABLE TRUST, a Florida trust, and STEPHEN N. DRATCH, as trustee,<br><br>        Defendants. | Adv. Pro. No. 10-04346 (SMB) |