UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, WENDY WOLOSOFF-HAYES, PETER J. CLEARY, LESLIE READ, JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST, a New Jersey trust, and JOSEPH S. EASTERN, as trustee and as an individual,<br><br>    Defendants. | Adv. Pro. No. 10-04490 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT
PREJUDICE DEFENDANTS JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST
AND JOSEPH S. EASTERN**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against Lucky Company, Joseph S. Eastern 2004 Irrevocable Trust ("Trust") and Joseph S. Eastern, as

trustee and as an individual ("Eastern") (collectively, "Trust Defendants"), and others (the "Action") (Adv. Pro. No. 10-04490 (SMB)); and

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, defendant Eastern represents as follows:

1. I am trustee of the Trust.

2. During the period from 1994 to 2008, the Trust invested $150,000 with an investment vehicle that was known to me as Munchkins.

3. The Trust never withdrew or received any money from Munchkins and never directed anyone to withdraw money on its behalf.

4. I am informed and believe that Munchkins invested with Lucky Company and that Lucky Company in turn invested with BLMIS. The Trust never invested directly with either Lucky Company or BLMIS and never received any money from either Lucky Company or BLMIS.

5. The Trust lost the entire $150,000 it invested with Munchkins.

6. The Trust received K-1's from Munchkins. The Trust never received K-1's or any other documents from Lucky Company or BLMIS.

7. I never invested any money in Munchkins, Lucky Company or BLMIS, and never received any money, directly or indirectly, from Munchkins, Lucky Company or BLMIS.

8. I never received K-1's or any other documents from Munchkins, other than in my capacity as trustee of the Trust. I never received K-1's or any other documents from Lucky Company or BLMIS.

**WHEREAS**, in support of defendant Trust's and Eastern's position, Eastern has provided the following documentation to the Trustee:

2

1. Copies of all Schedule K-1's issued by Munchkins to the Trust.

2. Schedule from Munchkins showing capital contributions and no withdrawals of capital from the Trust's account.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendants Trust and Eastern as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendants Trust and Eastern hereby stipulate that the Trustee's claims against defendants Trust and Eastern in the Action are dismissed without prejudice and without costs to either the Trustee or defendants Trust and Eastern.

3. Notwithstanding the foregoing, defendants Trust and Eastern and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendants Trust and Eastern, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendants Trust or Eastern is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendants Trust and Eastern in connection with the BLMIS Account at issue in the Action, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendants Trust and Eastern hereby agree to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3

4. Upon the dismissal of defendants Trust and Eastern, the caption of the Action is hereby amended to delete defendants Trust and Eastern from the caption. The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. Defendants Trust and Eastern represent that they have reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

Dated: New York, New York
September 8, 2014

| Of Counsel: | **BAKER & HOSTETLER LLP** |
|---|---|
| **BAKER & HOSTETLER LLP** | By: */s/ Nicholas J. Cremona* |
| 11601 Wilshire Boulevard, Suite 1400 | 45 Rockefeller Plaza |
| Los Angeles, California 90025-0509 | New York, New York 10111 |
| Telephone: 310.820.8800 | Telephone: 212.589.4200 |
| Facsimile: 310.820.8859 | Facsimile: 212.589.4201 |
| Michael R. Matthias | David J. Sheehan |
| Email: mmatthias@bakerlaw.com | Email: dsheehan@bakerlaw.com |
| | Nicholas J. Cremona |
| | Email: ncremona@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**JOSEPH S. EASTERN 2004 IRREVOCABLE TRUST**

By: */s/ Joseph S. Eastern*
Joseph S. Eastern
Trustee

*/s/ Joseph S. Eastern*
Joseph S. Eastern, as trustee
and as an individual

**OKIN, HOLLANDER & DELUCA, L.L.P.**

By: */s/ James J. DeLuca*
One Parker Plaza
400 Kelby Street
Fort Lee, New Jersey 07024
Telephone: 201.947.7500
Facsimile: 201.947.2663
James J. DeLuca
Email: JDeLuca@ohdlaw.com

*Attorneys for Defendants Joseph S. Eastern 2004 Irrevocable Trust and Joseph S. Eastern*

Dated: New York, New York
      September 10th, 2014        **SO ORDERED**

                                      **By: /s/ STUART M. BERNSTEIN**
                                          **HONORABLE STUART M. BERNSTEIN**
                                          **UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, WENDY WOLOSOFF-HAYES, PETER J. CLEARY, and LESLIE READ,<br><br>            Defendants. | Adv. Pro. No. 10-04490 (SMB) |