**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Oren J. Warshavsky
Jessie A. Kuhn
George Klidonas

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>ESTATE OF HELENE ABRAHAM,<br><br>ESTATE OF ALEXANDER ABRAHAM, | Adv. Pro. No. 10-04372 (SMB) |

> NANCY ABRAHAM, individually and in her fiduciary capacity,
>
> JAMES ABRAHAM, individually and in his fiduciary capacity,
>
> TRUST UNDER CLAUSE THIRD (B) F/B/O MYRON WILK,
>
> ANTONIA ABRAHAM,
>
> KAREN ABRAHAM,
>
> LAUREN ABRAHAM MAHONEY,
>
> TRUST U/A DATED 4/2/1996 F/B/O KAREN ABRAHAM,
>
> TRUST U/A DATED 4/2/1996 F/B/O ANTONIA ABRAHAM, and
>
> TRUST U/A DATED 4/2/1996 F/B/O LAUREN ABRAHAM,
>
>                     Defendants.

**STIPULATION AND ORDER DISMISSING**
**TRUST UNDER CLAUSE THIRD (B) F/B/O MYRON WILK, ANTONIA ABRAHAM, KAREN ABRAHAM, LAUREN ABRAHAM MAHONEY, TRUST U/A DATED 4/2/1996 F/B/O KAREN ABRAHAM, TRUST U/A DATED 4/2/1996 F/B/O ANTONIA ABRAHAM, AND TRUST U/A DATED 4/2/1996 F/B/O LAUREN ABRAHAM AS DEFENDANTS WITHOUT PREJUDICE**

WHEREAS, on November 30, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff individually, filed a Complaint against, among others, Trust Under Clause Third (B) F/B/O Myron Wilk ("Myron Wilk Trust"), Antonia Abraham, Karen Abraham, Lauren Abraham Mahoney, Trust U/A Dated 4/2/1996 F/B/O Karen Abraham ("Karen Abraham Trust"), Trust U/A Dated 4/2/1996 F/B/O Antonia Abraham ("Antonia Abraham Trust"), and Trust U/A Dated 4/2/1996 F/B/O Lauren

-2-

300330423.2

Abraham ("Lauren Abraham Trust," and collectively with Myron Wilk Trust, Antonia Abraham, Karen Abraham, Lauren Abraham Mahoney, Karen Abraham Trust, and Antonia Abraham Trust, "Dismissed Defendants"), William Spears, and Myron Wilk seeking to avoid fraudulent transfers under New York Debtor and Creditor Law §§ 273-276, 278 and/or 279, and 11 U.S.C. §§ 544(b), 550(a) and 551 (the "Adversary Proceeding");

WHEREAS, the Trustee dismissed Myron Wilk and William Spears from the Adversary Proceeding on July 14, 2011 and December 21, 2011, respectively;

WHEREAS, Helene Abraham passed away on February 19, 2002, and the Last Will and Testament of Helene Abraham ("Abraham Will") was admitted to probate by decree of the Surrogate's Court of the County of New York on March 15, 2002.;

WHEREAS, under Clause Third of the Abraham Will, $500,000 was bequeathed to the Myron Wilk Trust ("Myron Wilk Trust Bequest");

WHEREAS, under Clause First of the Abraham Will, jewelry valued at $10,142.00, $10,141.00 and $10,142.00 was bequeathed to Lauren Abraham Mahoney, Antonia Abraham, and Karen Abraham, respectively ("Abraham Jewelry Bequests");

WHEREAS, under Clause Fourth of the Abraham Will, $106,525.00 was bequeathed each of the Antonia Abraham Trust, the Lauren Abraham Trust, and the Karen Abraham Trust (the "Abraham Bequests");

WHEREAS, the Myron Wilk Trust Bequest, the Abraham Jewelry Bequests, and the Abraham Bequests were satisfied on March 22, 2002;

WHEREAS, the Dismissed Defendants submitted to the Trustee certain evidence, under penalty of perjury, as to the Myron Wilk Trust Bequest, the Abraham Jewelry Bequests, and the Abraham Bequests, requesting that the Trustee agree to dismiss the Adversary Proceeding as to the Dismissed Defendants; and

-3-

WHEREAS, in reliance on the representations made or the materials submitted by the Dismissed Defendants to the Trustee, the Trustee, in the exercise of his due and deliberate discretion, has determined to dismiss the Dismissed Defendants from the Adversary Proceeding without prejudice;

IT IS HEREBY AGREED AND STIPULATED between the Trustee and the Dismissed Defendants, Estate of Helene Abraham, Estate of Alexander Abraham, Nancy Abraham, and James Abraham (collectively with Dismissed Defendants, the "Parties") as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this Stipulation and Order.

2. Dismissed Defendants (i) hereby affirm that all representations made and all materials provided by Dismissed Defendants are true and correct under penalty of perjury and (ii) understand that the Trustee has relied upon these materials in exercising his discretion to dismiss Dismissed Defendants from the Adversary Proceeding.

3. Dismissed Defendants hereby agree that to the extent it is subsequently determined that Dismissed Defendants deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials to the Trustee, that (i) the Trustee shall have the right to reinstitute the Adversary Proceeding against Dismissed Defendants and/or pursue other remedies available to him and (ii) Dismissed Defendants agree that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims. Notwithstanding section 546(a) of the Bankruptcy Code, Dismissed Defendants hereby agree to waive any statute of limitations defense in any such actions or claims commenced by the Trustee.

4. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Parties hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 3 hereof, the Trustee's claims against the Dismissed Defendants in the Adversary Proceeding are dismissed without prejudice.

-4-

300330423.2

5. The Parties further stipulate that the Dismissed Defendants are not necessary, mandatory, or indispensable parties to the Adversary Proceeding. For purposes of the Adversary Proceeding, the Parties waive any right to assert a claim or defense involving the Dismissed Defendants. The Parties waive any right to challenge the Adversary Proceeding on the basis that the Dismissed Defendants are necessary, mandatory, or indispensable parties to the Adversary Proceeding.

6. The Parties further stipulate that they will not seek to challenge the validity and enforceability of this Stipulation and Order or its provisions, in whole or part, on jurisdictional or any other grounds in this or any other proceeding.

7. Upon the dismissal of the Dismissed Defendants, the caption of the Adversary Proceeding is hereby amended as indicated in Exhibit A to this Stipulation and Order.

8. The Dismissed Defendants have reviewed and discussed this Stipulation and Order with independent counsel.

9. This Stipulation and Order may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

[*The Remainder of this Page is Intentionally Left Blank*]

10. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of this Stipulation and Order shall be void and of no effect.

Dated: New York, New York
       September 12, 2014

| BAKER & HOSTETLER LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
|---|---|
| By: */s/ March Hirschfield*<br>  David J. Sheehan<br>  Marc E. Hirschfield<br>  Oren J. Warshavsky<br>  Jessie A. Kuhn<br>  George Klidonas<br>  45 Rockefeller Plaza<br>  New York, New York<br>  Telephone: (212) 589-4200<br>  Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* | By: */s/ Elise S. Frejka*<br>  Philip Bentley<br>  Elise Scherr Frejka<br>  Jason Rappaport<br>  1177 Avenue of the Americas<br>  New York, New York 10036<br>  Telephone: (212) 715-9100<br>  Fax: (212) 715-8000<br><br>*Attorneys for Estate of Helene Abraham, Estate of Alexander Abraham, Nancy Abraham, James Abraham, and Dismissed Defendants*<br><br> */s/ Nancy Abraham, Trustee*<br>TRUST UNDER CLAUSE THIRD (B) F/B/O MYRON WILK<br><br>   */s/ Antonia Abraham*<br>ANTONIA ABRAHAM<br><br>    */s/ Karen Silver*<br>KAREN SILVER<br><br>   */s/ Lauren A. Mahoney*<br>LAUREN ABRAHAM MAHONEY |

-6-

       */s/ James Abraham, Trustee*_____
TRUST U/A DATED 4/2/1996 F/B/O KAREN ABRAHAM

    */s/ Nancy Abraham, Trustee*_____
TRUST U/A DATED 4/2/1996 F/B/O ANTONIA ABRAHAM

       */s/ James Abraham, Trustee*_____
TRUST U/A DATED 4/2/1996 F/B/O LAUREN ABRAHAM

**Dated:** **New York, New York**
**September 12, 2014**

**SO ORDERED:**

    **/s/ STUART M. BERNSTEIN**
**STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

-7-

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff-Applicant,<br><br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br><br>         v.<br><br>ESTATE OF HELENE ABRAHAM,<br><br>ESTATE OF ALEXANDER ABRAHAM,<br><br>NANCY ABRAHAM, individually and in her fiduciary capacity,<br><br>JAMES ABRAHAM, individually and in his fiduciary capacity,<br><br>         Defendants. | Adv. Pro. No. 10-04372 (SMB) |