# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

September 12, 2014

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC,*
Ad. Pro. No. 08-01789 (SMB) – Hearing on Becker & Poliakoff LLP/Omnibus Motions to Dismiss Scheduled to be Heard on September 17, 2014

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").  We write in response to the "Declaration of Helen Davis Chaitman, Esq. In Support of Defendants' Application To File This Declaration In Further Support Of The Defendants' Motion To Dismiss" dated September 5, 2014 (the "Declaration"). The Declaration was submitted to Your Honor by Becker & Poliakoff LLP on behalf of certain defendants ("Defendants") in adversary proceedings whose motions to dismiss (the "Motions to Dismiss") are scheduled to be heard on September 17, 2014.  The arguments raised therein are not new; the Declaration attempts to seize upon a three-year old discovery response, and involves a legal matter that was already settled by the Second Circuit.

Defendants seek to submit to this Court a copy of the Trustee's Responses and Objections to the First Set of Requests for Production of Documents, as served on unrelated defendants in *Picard v. Merkin*, Adv. No. Pro. 09-01182 (the "Discovery Response"), as support for their oft repeated but unpersuasive argument that the Trustee is purportedly a "quasi-governmental" actor with a financial stake in these proceedings.

However, despite Defendants' mischaracterization, the Discovery Response was a general objection to the first set of requests for production of documents of defendants J.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Hon. Stuart M. Bernstein
September 12, 2014
Page 2

Ezra Merkin and Gabriel Capital Corporation when the *Merkin* litigation was in its early stages. That Discovery Response was not part of any submission to any court, and no documents have been withheld from any production as a result of this general objection. Moreover, the position asserted in that particular response was abandoned years ago and is no longer utilized in the Trustee's responses. Furthermore, the Discovery Response was prepared over three years ago and served on March 5, 2011—a fact that Defendants fail to mention.

More importantly, this Court, the District Court and Second Circuit have heard and rejected such arguments. Defendants' argument that the Trustee was not disinterested based on his purported "quasi-governmental" stature was rejected by this Court and the District Court on multiple occasions. *See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010), appeal denied, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010); Order Approving Applications For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses, BLMIS, Adv. Pro. No. 08-01789 (BRL) (Bankr. S.D.N.Y.) (entered Dec. 14, 2010, ECF No. 3474). In addition, the Second Circuit already held that SIPC is not part of the government, and by extension, the Trustee is not and cannot be a quasi-governmental actor. *See Application of Executive Securities Corp.*, 702 F.2d 406, 410 (2d Cir. 1983) ("Although not formally part of the federal government, the SIPC and its trustees vindicate important public interests."), cert. den. sub nom., *Doe v. Executive Sec. Corp.*, 464 U.S. 818 (1983); *see also* SIPA § 78ccc(a)(1) (specifically providing that SIPC is not "an agency or establishment of the United States Government," but was established by Congress as a "nonprofit corporation"). Thus, any statement to the contrary made in a general objection to a document request by the Trustee in 2011, was and remains a legal nullity, and furthermore was subject to challenge by the recipient at the time.

The Trustee urges the Court to disregard this belated attempt to revive a settled and meritless argument so that these proceedings can move forward and Plaintiff's claims can be expeditiously resolved.

Hon. Stuart M. Bernstein
September 12, 2014
Page 3

We are available to discuss any questions regarding the foregoing.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):
    David J. Sheehan, Esq.
    Kevin H. Bell, Esq.
    Helen Davis Chaitman, Esq.