# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tracy L. Cole
direct dial: 212.589.4228
TCole@bakerlaw.com

September 12, 2014

**VIA E-MAIL AND ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

Re:    *Picard v. Estate (Succession) of Doris Igoin, et al. (In re Bernard L. Madoff Inv. Secs. LLC), No. 10-04336 (SMB)*

Dear Judge Bernstein:

We write for the limited purpose[1] of objecting to certain factual denials in Defendants' Response to the Trustee's Statement of Material Facts (the "Response") [Dkt. No. 113] because they are directly contradicted by their own admissions and sworn testimony in this action.

First, Defendants deny that BLMIS account nos. 1FN075 and 1FN076 belonged to Defendants Emilie Apfelbaum and Laurence Apfelbaum, respectively. (*See* Response at 5-7, fact nos. 4, 7.) In addition to other various evidence of their ownership of these accounts, however, Defendants expressly admit that Laurence and Emilie Apfelbaum filed SIPA claims as the holders of these same BLMIS accounts. (*See* Response at 34, fact nos. 80-81.)

Similarly, Defendants deny the amount of withdrawals from BLMIS account nos. 1FN075, 1FN076, and 1FR122, on the basis that the Trustee's transfer chart included as Exhibit B to the Amended Complaint is insufficient proof of these withdrawals. (*See* Response at 11-13, fact nos. 19-21, 24-26, 29.) But Defendants already have admitted to making these withdrawals from the identified accounts. (*See, e.g.,* Declaration of Laurence Apfelbaum [Dkt. No. 21] at ¶ 19 (with respect to Emilie Apfelbaum's account, "the entire amount of withdrawals identified in the Trustee's complaint, $15,465,814, was all used to pay taxes."); ¶ 20 (with respect to account no. 1FR122, "[t]he Trustee references withdrawals of $50,907,639, but I understand that all of that money was used to pay either the United States taxes or French taxes"); ¶ 21 ("The same is true with respect to [account no. 1FN076]" as account 1FR122, in that "[m]ost of the BLMIS withdrawals were to pay French taxes, based on the presumed value of the BLMIS accounts")).

---

[1] The Response contains Defendants' admissions and denials of the material facts presented in the Trustee's Statement of Material Jurisdictional Facts [Dkt. No. 108], as well as additional supplemental "facts." While we disagree with the legal argument and characterizations contained in Defendants' Response, we do not believe that these assertions create any material disputed issues relevant to jurisdiction, and do not seek to challenge them for purposes of resolving Defendants' motion to dismiss.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

The Honorable Stuart M. Bernstein
September 12, 2014
Page 2


Defendants should not be permitted to deny material facts that they already have admitted. Accordingly, we submit that Defendants' denials of fact nos. 4, 7, 19-21, 24-26, and 29 in the Trustee's Statement [Dkt. No. 108] are not supported by Defendants' own admissions in their prior sworn submissions and in the Response.

Respectfully submitted,



*/s/ Tracy Cole*
Tracy Cole


cc:    Jonathan K. Cooperman, Esq.