UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB) |
| IRIVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>       -against-<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., GABRIEL CAPITAL CORPORATION, ASCOT FUND,<br><br>       Defendants. | Adv. Proc. No. 09-01182 (SMB) |

**MEMORANDUM OF LAW OF DEFENDANTS
J. EZRA MERKIN AND GABRIEL CAPITAL CORPORATION
IN OPPOSITION TO TRUSTEE'S MOTION
TO DIRECT ENTRY OF FINAL JUDGMENT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND TO CERTIFY
<u>JUDGMENT FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 158(d)</u>**

                DECHERT LLP
                1095 Avenue of the Americas
                New York, New York 10036
                (212) 698-3500
                *Attorneys for Defendants J. Ezra Merkin*
                *and Gabriel Capital Corporation*

**Preliminary Statement**

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC" and collectively the "Merkin Defendants") respectfully submit this memorandum of law in opposition to the motion of Plaintiff Irving H. Picard (the "Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), dated September 5, 2014, to direct entry of final judgment in favor of Gabriel Capital, L.P. ("Gabriel"), Ariel Fund Limited ("Ariel") and Ascot Partners, L.P. ("Ascot" and with Gabriel and Ariel, the "Funds") dismissing Counts One and Three through Eight of the Trustee's Third Amended Complaint (the "TAC"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and to certify that partial final judgment for immediate appeal to the Second Circuit pursuant to 28 U.S.C. § 158(d).

As demonstrated in the memorandum of law of the Funds, an interlocutory appeal of this Court's well-reasoned dismissal of the vast majority of the Trustee's claims will only prolong and complicate this five-year-old action, add unnecessary expense, and further delay the ultimate resolution of this proceeding. The Trustee falls far short of the standards both for entering partial final judgment and for bypassing review by the District Court and appealing directly to the Court of Appeals, and his motion should be denied in its entirety. Rather than burden the Court with duplicative briefing of those issues, the Merkin Defendants join in the memorandum of the Funds. The Merkin Defendants submit this separate memorandum to highlight why the Trustee's motion is particularly inappropriate because it would exclude them from participating on issues that affect the claims against them.

Under well-settled law, the trial court should decide the remaining claims first,[1] and the Trustee, if he so chooses, can appeal all claims in a single appeal at the conclusion of the case.

---

[1] Though not relevant to, or at issue on, the current motion, the Trustee asserts (and the Funds' dispute) that this Court may hear the fraudulent conveyance claims against the Funds and enter a final judgment

1

Permitting the Trustee to take immediate appeals of partial judgments now, without the Merkin Defendants, clearly makes the case more complicated, not less. Even in the unlikely event the Trustee were successful, his proposed approach would require re-litigation of those same issues later, thereby further increasing the time and cost of this proceeding.

Notably, by the Trustee's own account in its fee applications, he has already spent more than $38.6 million specifically litigating the claims in this action. After all of those efforts, the Trustee's counsel admitted at oral argument on the motion to dismiss that even he does not believe that Merkin thought Madoff was operating a Ponzi scheme. Tr. at 50:24-25 ("Well, first of all I don't think he thought it was a Ponzi scheme."). Unable to come to grips with this Court's dismissal of the vast majority of his claims -- a result mandated not only by the pleadings but by his counsel's admission -- the Trustee has most recently urged the discovery master, the Honorable Melanie L. Cyganowski, that this Court's decision justified a massive *expansion* of the Trustee's discovery efforts. The Trustee therefore renewed his push for all of the Merkin Defendants' financial records, and those of Mr. Merkin's wife, dating back to 1995, even though the only damage claims remaining in this case are based on a total of six partial withdrawals of principal by the Funds between December 2006 and October 2008, and subsequent transfers of those withdrawals. In addition to imposing substantial attorneys' fees and expenses on the Merkin Defendants, such irrelevant discovery would undoubtedly enable the Trustee to incur tens of millions of dollars of additional legal fees. The Trustee's application for a piecemeal immediate appeal is consistent with these tactics.

---

on those claims because the Funds submitted proofs of claim in the SIPA proceeding. Regardless, there is no dispute that the Merkin Defendants, should they choose, have the right to have all claims against them, including the determination whether the initial transfers constitute fraudulent conveyances, decided by jury trial in the District Court.

2

**Argument**

### ENTRY OF PARTIAL FINAL JUDGMENT
### WOULD CAUSE GROSS INEFFICIENCIES AND
### ULTIMATELY DELAY RESOLUTION OF THIS ACTION

The Trustee's attempt to exclude the Merkin Defendants from litigation of the pending motion and proposed appeal would greatly complicate the current litigation and result in waste and inefficiency due to the direct relationship between the surviving and dismissed claims. Certification under Rule 54(b) should only be granted where there are "'interest[s] of sound judicial administration'" and efficiency to be served. *See Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) & *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Moreover, even in situations where the entire complaint is dismissed as to one defendant but not as to others, the Court should not direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the remaining defendants. *See id.* at 1025-26 (explaining that the relationship between dismissed and surviving claims is "generally a reason for not granting Rule 54(b) certification").

Moreover, the Trustee cannot dispute that the Merkin Defendants would be entitled to relitigate both in this Court and on any subsequent appeal any matter that affects their ability to defend the claims asserted against them, if he is permitted to pursue an immediate appeal as against the Funds without the participation of the Merkin Defendants. *See Picard v. Bureau of Labor Insurance*, 480 B.R. 501, 522 (S.D.N.Y. Bankr. 2012) (noting that "the Trustee does not contest" that an alleged subsequent transferee has "due process rights to contest the avoidability of these initial transfers"); *see also Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798, 116 S. Ct. 1761, 1765-66, 135 L. Ed. 2d 76 (1996) ("[A] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those

3

proceedings.") (quoting *Martin v. Wilks*, 490 U.S. 755, 761-62, 109 S.Ct. 2180, 2184, 104 L.Ed.2d 835 (1989)); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 744 (Bankr. S.D.N.Y. 2008) (holding that a transferee who retains title to property has a due process right to contest fraudulent transfer claims). That further supports denial of a partial final judgment and immediate appeal in this case.

Indeed, the only claims the Trustee asserted against the Merkin Defendants are claims to recover from Merkin, as the general partner of Gabriel and Ascot, any judgment he obtains and is unable to collect from those Funds (Count Ten), and to recover from the Merkin Defendants any subsequent transfers received by them of any avoided initial transfers to the Funds (Count Nine). Those counts commingle claims that depend on the resolution of the dismissed claims with those that depend on the resolution of the claim to avoid the two-year withdrawals as actual fraudulent conveyances (Count Two), which was not dismissed.

The Trustee admits that the claims against the Merkin Defendants are entirely derivative of his claims against the Funds – he can only recover damages from the Merkin Defendants if (i) he succeeds in claims to avoid the Funds' partial withdrawals of principal as fraudulent conveyances (Counts One through Eight) *and* the Funds are unable to pay such amounts themselves. Pl. Mem. at 18 ("[N]o judgment could issue on [Counts One and Three through Eight] against the Merkin Defendants," whose "liability is derivative of the claims against the Fund Defendants.").

The Trustee also knows that, unless this Court's August 12, 2014 decision is reversed, he will never be able to recover damages from the Merkin Defendants because there will be no deficiency judgment against the Funds for him to collect, either under his partnership theory or his subsequent transferee theory. The Trustee finally acknowledges in his motion that, even if he wins at trial, he can only obtain *either* the "return of avoidable transfers to the estate and a

4

correspondingly allowed customer claim" or "subordination of [the Funds'] customer claims against the estate." Pl. Mem. at 26. By the Trustee's own calculations, the minimum distributions on allowed claims will be 56 cents on the dollar.[2] Even if the Trustee wins the full remaining $280 million claim against Ascot, upon payment of that amount Ascot would then be entitled to a claim of at least $506 million ($280 million plus its net loss of at least $226 million per the Trustee's calculation), which would be worth a minimum of $283 million -- $3 million *more* than the amount of the Trustee's maximum judgment. Because the Trustee has no prospect of recovering monetary damages against the Merkin Defendants, if he truly thought an immediate appeal would advance the ultimate resolution of the litigation, he would consent to entry of judgment dismissing his claims against the Merkin Defendants and include them in his appeal.

---

[2] The Trustee has already collected more than $9.8 billion, and has disclosed that if all claims that have been "deemed determined" pending litigation are allowed, the total of all allowed claims will be approximately $17.5 billion. Even if the amount of the allowed claims increases as a result of the allowance of additional claims under Section 502(h) of the Bankruptcy Code, the percentage recovery will only increase, because the numerator will increase by the same amount as the denominator, bringing the percentage closer to 100%.

5

## Conclusion

For the foregoing reasons, and those in the memorandum of law of the Funds, the Trustee's motion should be denied.

Dated: New York, New York
       September 12, 2014

DECHERT LLP

By: *[signature]*
Andrew J. Levander
Neil A. Steiner
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*