**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, ROBIN EASTERN, MUNCHKINS, a partnership, WENDY WOLOSOFF-HAYES, PETER J. CLEARY, and LESLIE READ,<br><br>        Defendants. | Adv. Pro. No. 10-04490 (SMB) |

**STIPULATION AND ORDER**

**WHEREAS**, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against Lucky Company, Robin Eastern ("Eastern"), and others (the "Action") (Adv. Pro. No. 10-04490 (SMB)) with respect to BLMIS account number 1L0135 (the "BLMIS Account"); and

300324694

**WHEREAS**, the Trustee alleged that the defendants in the Action received certain avoidable transfers from BLMIS, among other claims; and

**WHEREAS**, defendant Eastern represents as follows:

1. My investments were initially made with an investment vehicle known as Munchkins. I am informed and believe that Munchkins then transmitted funds to Lucky Company, which in turn invested these monies in the BLMIS Account with Madoff Securities.

2. According to the Schedule K-1s (Form 1065) I received from Munchkins, I made my first investment in Munchkins in 1994 in the amount of $10,000. Over the course of years from 1994 through 2008, as set forth in the Schedule K-1s, I invested a total of $897,042.00 into Munchkins as follows:

| Year | Amounts Contributed |
|---|---|
| 1994 | $ 10,000.00 |
| 1995 | 12,000.00 |
| 1996 | 28,200.00 |
| 1997 | 153.00 |
| 1998 | 77,166.00 |
| 1999 | 10,700.00 |
| 2000 | 61,086.00 |
| 2001 | 188,022.00 |
| 2002 | 39,040.00 |
| 2003 | 285,451.00 |
| 2004 | 95,281.00 |
| 2005 | 32,000.00 |
| 2006 | 23,000.00 |
| 2007 | 34,943.00 |
| **TOTAL:** | **$897,042.00**[1] |

---

[1] I am advised that the amounts contributed as reflected in my Schedule K-1s include certain "transfers" made to me from Bess Eastern, my mother-in-law ($126,576), Carly Eastern, my daughter ($54,244), and an adjustment to my amounts contributed ($153.00). I understand that these amounts were not actual cash deposits. As such, the actual amount contributed to Munchkins is $716,089.00.

300324694                                              2

3. During the period from 1994 to 2008, based upon the Schedule K-1s I received, I received distributions from Munchkins in the amount of $289,251. These distributions are reflected in the Schedule K-1s (Form 1065) issued by Munchkins to me.

4. In the period from 2002-2008, I made contributions directly to Lucky Company in the amount of $17,000 which I am informed were deposited into the BLMIS Account. I never received any money directly from Lucky Company, or any entity other than Munchkins, with respect to the BLMIS Account. I received K-1's from Lucky Company with respect to said $17,000 contribution for the period from 2002-2008. I never received K-1's or any other documents from BLMIS.

5. Based upon the above, I invested substantially more with Munchkins, and thereafter indirectly with Lucky Company and Madoff Securities, then I received in withdrawals and am what I understand to be referred to as a "net loser."

**WHEREAS**, in support of defendant Eastern's position, she has provided the following documentation to the Trustee:

1. Schedule K-1s issued by Munchkins to defendant Eastern for the years 1994 – 2008.

2. Earnings statements from Munchkins to defendant Eastern for the years 2002 – 2008.

3. Cancelled checks supporting capital contributions from defendant Eastern to Munchkins.

4. Schedule K-1's issued by Lucky Company to defendant Eastern for the years 2002-2008.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and defendant Eastern as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (this "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and defendant Eastern hereby stipulate that the Trustee's claims against defendant Eastern in the Action are dismissed without prejudice and without costs to either the Trustee or defendant Eastern.

3. Notwithstanding the foregoing, defendant Eastern and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing defendant Eastern, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that defendant Eastern is a necessary party to the Action, or to perfect and/or enforce any of the Trustee's claims in connection with the Action, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA with respect to defendant Eastern in connection with the BLMIS Account, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, determination or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and defendant Eastern hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. Upon the dismissal of defendant Eastern, the caption of the Action is hereby amended to delete defendant Eastern from the caption. The amended caption of the Action shall appear as indicated in Exhibit A to this stipulation.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall

be deemed an original.

6. Defendant Eastern represents that she has reviewed and discussed this Agreement with counsel.

(Remainder of page intentionally left blank.)

Dated: New York, New York
      September 10, 2014

Of Counsel:

**BAKER & HOSTETLER LLP**

11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*/s/ Robin Eastern*
Robin Eastern
Defendant

**OKIN, HOLLANDER & DELUCA, L.L.P.**

By: */s/ James J. DeLuca*
One Parker Plaza
400 Kelby Street
Fort Lee, New Jersey 07024
Telephone: 201.947.7500
Facsimile: 201.947.2663
James J. DeLuca
Email: JDeLuca@ohdlaw.com

*Attorneys for Defendant Robin Eastern*

Dated: New York, New York
      September 15th, 2014      **SO ORDERED**

                                             **By: /s/ STUART M. BERNSTEIN**
                                                **HONORABLE STUART M. BERNSTEIN**
                                                **UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LUCKY COMPANY, a New Jersey partnership, MUNCHKINS, a partnership, WENDY WOLOSOFF-HAYES, PETER J. CLEARY, and LESLIE READ,<br><br>　　　　Defendants. | Adv. Pro. No. 10-04490 (SMB) |