**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Marc E. Hirschfield
Oren J. Warshavsky
George Klidonas
Peter B. Shapiro

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>BELL VENTURES LIMITED, NANTUCKET | Adv. Pro. No. 10-05294 (SMB) |

| |
|---|
| VENTURES LIMITED, and BAZELON INVESTMENTS LTD., |
| Defendants. |

# TRUSTEE'S REQUEST TO ENTER DEFAULT

To: CLERK OF THE COURT
UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, respectfully requests that the Clerk of the Court issue a Certificate of Default against defendants Bell Ventures Limited, Nantucket Ventures Limited, and Bazelon Investments Ltd., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court file and from the attached Affidavit.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Request in its entirety and provide for such other relief as this Court deems just and proper.

Dated: New York, New York  
       September 5, 2014

Respectfully submitted,

*/s/ Marc E. Hirschfield*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
George Klidonas
Email: gklidonas@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Marc E. Hirschfield
Oren J. Warshavsky
George Klidonas
Peter B. Shapiro

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BELL VENTURES LIMITED, NANTUCKET | Adv. Pro. No. 10-05294 (SMB) |

VENTURES LIMITED, and BAZELON
INVESTMENTS LTD.,

                    Defendants.

## AFFIDAVIT SUPPORTING ENTRY OF DEFAULT

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK  )

      George Klidonas, being duly sworn, hereby attests as follows:

      1.      I am a member of the Bar of this Court and an attorney at the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff, individually.

      2.      On December 7, 2010, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against Bell Ventures Limited, Nantucket Ventures Limited, Bazelon Investments Ltd., and Cecilia Ramirez Marulanda ("Defendants"). (Dkt. No. 1.) The Complaint asserted claims pursuant to sections 78fff(b), 78FFF-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent conveyances in connection with certain transfers of property by BLMIS to or for the benefit of Defendants. (*Id.*)

      3.      On March 23, 2011, the Clerk of this Court issued a summons upon Defendants. (Dkt. No. 3.)

      4.      On March 23, 2011 and April 14, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the

2

Summons and Complaint upon Bell Ventures Limited, Nantucket Ventures Limited, and Bazelon Investments Ltd. ("Defaulting Defendants"). (*See* Dkt. Nos. 4, 5.) Affidavits of Service evidencing proper and timely service were filed with the Court. (*See* Dkt. Nos. 4, 5.)

5. Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which Defaulting Defendants may answer or otherwise move with respect to the Complaint was set to expire on May 23, 2011. (*See* Dkt. No. 3.)

6. On May 23, 2011, the Trustee and Defendant Nantucket Ventures Limited stipulated and agreed that the time by which Defaulting Defendant Nantucket Ventures Limited may answer or otherwise respond to the Complaint would be August 22, 2011. The Trustee filed a Notice of Extension with this Court on May 26, 2011. (*See* Dkt. No. 6.)

7. On March 30, 2012, Mark R. Jacobs, an attorney at the firm Jacobs Partners LLC, entered his appearance as counsel for Defaulting Defendants. (*See* Dkt. Nos. 13, 14, 15.)

8. Despite being duly served with the Summons and Complaint and being given an extension to answer or otherwise respond to the Complaint, Defaulting Defendants did not file an answer, move, or otherwise respond to the Complaint.

9. The Defaulting Defendants are business entities and therefore are neither infants nor incompetents.

3

10. Moreover, because the Defaulting Defendants are business entities, the protections afforded under the Servicemember's Civil Relief Act of 2003 should not apply.

11. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

*/s/ George Klidonas*

Sworn to before me this
15th day of September, 2014

*/s/ Sonya M. Graham*
Notary Public
Sonya M. Graham
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: Sept.12, 2017

4