

PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

**Richard Levy, Jr.**
Partner

Direct Tel: 212-326-0886
Direct Fax: 212-798-6393
rlevy@pryorcashman.com

September 16, 2014

**By ECF, and Chambers' Email**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *Securities Investor Protection Corporation v. Bernard L.*
              *Madoff Investment Securities LLC*, Adv. No. 08-1789 (SMB) –
              <u>Motions to Dismiss Scheduled to be Heard on September 17, 2014</u>

Dear Judge Bernstein:

      As counsel for various defendants whose motions to dismiss are scheduled for hearing tomorrow, we respond to Trustee's letter dated September 12, 2014 ("Tr. Ltr."), in which he contends that *Janvey v. Brown,* No. 13-10266 (5th Cir. Sept. 11, 2014), supports the notion that satisfaction of Defendants' state or federal damages claims does not constitute value for purposes of the defense under Section 548(c) for the retention of any amounts exceeding a customer-transferee's deposits of principal.  The *Janvey* decision is not persuasive because it was decided as a matter of the Texas state avoidance statute and Texas contract law.  In the Madoff proceedings, New York law leads to the opposite result.

      In *Janvey*, investors purchased certificates of deposit with contractual interest guarantees from the Stanford International Bank, Ltd. ("SIB"), which turned out to be a Ponzi scheme. When the receiver brought actions to recoup the interest payments, the investors asserted a value defense under the Texas Uniform Fraudulent Transfer Act ("TUFTA").  *Janvey*, at 3.  The SIB investors argued that interest paid on their certificates of deposit reduced the antecedent contractual obligation owed them by SIB.  *Id.* at 15.  In other words, the SIB investors had a contractual right to interest payments, and SIB's satisfaction of that right through its interest payments was an exchange for reasonably equivalent value.  Citing only Texas state law, the Fifth Circuit rejected this defense, holding that the investors' *contractual* rights to interest were void as against Texas public policy because the debtor was using the interest payments in furtherance of its fraud, thus there was no satisfaction of a "debt." *Id.* at 19.

# PRYOR CASHMAN LLP

Hon. Stuart M. Bernstein, U.S.B.J.
September 16, 2014
Page 2

The Trustee offers *Janvey* as part of a "long line of decisional authority … holding that, in a Ponzi scheme, investors cannot provide value in excess of their principal investment." Tr. Ltr. at 2. This statement improperly conflates the customers of a broker-dealer – who are not investors in the brokerage firm – with the equity investors in an entity perpetrating a Ponzi scheme. Here, defendants did not put their capital at risk in a Madoff business venture but, rather, deposited funds with Madoff as their broker-dealer for the purchase and sale of securities through their accounts. Thus, they hold legal claims that differ significantly from those of an equity investor in a business. *Janvey* (and the other authorities cited by the Trustee) are distinguishable on this ground because the investment of money in a perpetrator's purported business (*e.g.*, the private equity funds in *Bayou* or *Donnell*) or in a financial instrument issued by the perpetrator (*e.g.*, the Antiguan Bank CD in *Stanford*) is qualitatively different from deposit of money with a regulated broker-dealer for the purpose of trading in other issuers' securities.

Whether or not *Janvey* properly interprets Texas contract law, New York courts will not void an innocent party's contractual rights merely because the *other party to the contract* engaged in wrongful or illegal conduct associated with the contract.[1] To the contrary, New York law requires the enforcement of facially valid contracts unless "it appears that [the enforcing party] has resorted to gravely immoral and illegal conduct in accomplishing its performance." *E.g., McConnell v. Commonwealth Pictures Corp.*, 7 N.Y.2d 465, 471, 166 N.E.2d 494, 497 (1960). Even then, New York courts carefully consider the nature of the wrongdoing and the relative fault of the parties. To void an otherwise facially valid contract, the immorality or illegality must be "central to or a dominant part of *[the enforcing party's] whole course of conduct in performance of the contract*." *Id.* (emphasis added). Thus, it is the immorality or illegality of the party asserting the contractual right that is at issue. Here, the innocent customer-transferees assert both the contracts and their related entitlements under tort and statutory law defensively against the avoidance claims of the Trustee, as permitted by the plain text of Section 548(c).[2]

---

[1]    *Janvey* does not suggest that a certificate of deposit providing for periodic interest payments is an illegal contract under Texas law. Rather, the court concluded that the contract was rendered void by SIB's fraudulent conduct. Likewise, the customer/broker contracts at issue here are standard securities industry broker agreements – there is no allegation that the agreements are themselves illegal or otherwise unenforceable as a matter of New York law.

[2]    Unlike the receiver in *Janvey*, the Trustee has not identified any distinction between the actions of Madoff Securities and Madoff himself. In contrast, the *Janvey* court found that the receiver had standing to pursue the TUFTA claims because the knowledge of the principal architects of the Stanford fraud "are not imputed to his captive corporations." *Janvey* at 11. Thus, while *Janvey* refused to enforce contractual rights as against an equally innocent entity, here the innocent parties seek to enforce against the Trustee's avoidance claims their defense under Section 548(c) based on the satisfaction of their entitlements under non-bankruptcy regulatory statutes, contract law and tort law *at the time of the transfers in issue*.

# PRYOR CASHMAN LLP

Hon. Stuart M. Bernstein, U.S.B.J.
September 16, 2014
Page 3

Courts applying New York law refuse to void contractual rights of innocent parties where there is no evidence that the *enforcing party* engaged in immoral or illegal conduct that was central to his performance of the contract. *E.g.*, *Bank of Baroda v. Shah*, 191 A.D.2d 237, 238, 594 N.Y.S.2d 255, 255 (N.Y. App. Div. 1993) (rejecting defense of an illegal contract where no proof is offered that the party seeking to enforce the contract engaged in any illegal conduct); *Ross Bicycles, Inc. v. Citibank, N.A.*, 178 A.D.2d 388, 390, 577 N.Y.S.2d 826, 828 (N.Y. App. Div. 1st Dep't 1991) (upholding beneficiary's contractual right to payment under a letter of credit because any illegality of beneficiary's activities in the underlying contact with a third-party was not central to or a dominant part of the plaintiff's performance of its obligations under the letter of credit with the bank); *Dachowitz v. Bergman*, 113 Misc. 2d 236, 239, 448 N.Y.S.2d 381, 384 (Sup. Ct. N.Y. Cnty. 1982) ("contractual rights, and *a fortiori* fiduciary duties, are not obliterated because incidental to the performance of a contract are the side effects of isolated illegal conduct already fully punished"); *Power v. Tyco Int'l (US), Inc.*, 2007 WL 1574044, at *19 (S.D.N.Y. May 30, 2007) (refusing to void contract as against public policy where defendant fails to allege any wrongdoing by the party seeking to enforce the contract); *In re Ideal Mortg. Bankers, Ltd.*, 2013 WL 6813737, at *6 (Bankr. E.D.N.Y. Dec. 23, 2013) (rejecting request to void a contract as illegal where "nothing in the complaint or related documents provided by [party seeking to void the contract] allege that [the party seeking to enforce the contract] did anything illegal.").

As the Second Circuit instructively explained, New York's policy behind voiding contracts does not apply where the plaintiff asserting the contractual right was an innocent party:

> Where an innocent third party, such as a holder in due course, is suing upon an illegal contract, the policy argument is inapplicable because the plaintiff has done no wrong for which it should be penalized. Moreover, insofar as it is enforcing the rights of an innocent party, the court does not blacken its name or participate in a wrong when it enforces an illegal contract.

*Bankers Trust Co. v. Litton Sys., Inc.*, 599 F.2d 488, 492-93 (2d Cir. 1979). Here, the payments received by the customer-transferees satisfied rights to payment and/or choses in action that those parties held and could have pursued at that time under New York law. Thus, whatever its merit under Texas law, the *Janvey* decision has no persuasive value in these proceedings.

The Trustee concedes that the defendants are "good faith" defendants (Tr. Ltr. at 2) who did not engage in wrongdoing. Accordingly, the substantive law of New York permits the enforcement of applicable non-bankruptcy substantive law claims by a defrauded customer against his or her debtor/ broker-dealer – or its representative trustee – as a defense to avoidance of the payments in issue. For this reason, the Court should hold that the defendants hold a valid

# PRYOR CASHMAN LLP

Hon. Stuart M. Bernstein, U.S.B.J.
September 16, 2014
Page 4

value defense based on the existence of their rights and entitlements under applicable non-bankruptcy at the time of any transfer challenged by the Trustee, and should disregard the holding of *Janvey*.

Respectfully,

PRYOR CASHMAN LLP

By: */s/ Richard Levy, Jr.*
       Richard Levy, Jr.
Counsel for the Defendant-Movants
Represented by Pryor Cashman LLP

DENTONS US LLP

By: */s/ Carole Neville*
       Carole Neville
Counsel for the Defendant-Movants
Represented by Dentons US LLP

cc:    David Sheehan, Esq., and Nicholas Cremona, Esq.,
          Baker & Hostetler LLP (by ECF and email)
       Kevin Bell, Esq., SIPC (by ECF and email)
       Counsel for All Other Parties to Motions to
          Dismiss Scheduled to be Heard on Sept. 17, 2014 (by ECF)