**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Oren J. Warshavsky
Marc E. Hirschfield
Nicholas J. Cremona
Dominic A. Gentile
Jessie A. Kuhn
Lindsey A. Shoshany

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>          v. | Adv. Pro. No. 10-04665 (SMB) |

POMPART LLC, LAURA POMERANTZ,
Individually and as Member of Pompart LLC, and
JOHN POMERANTZ, Individually and as Member
of Pompart LLC,

Defendants.

## TRUSTEE'S REQUEST TO ENTER DEFAULT

To:    CLERK OF THE COURT
       UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard
L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§
78aaa, *et seq.*, and Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP,
respectfully requests that the Clerk of the Court issue a Certificate of Default against defendants
Pompart LLC, Laura Pomerantz, individually and as member of Pompart LLC, and John
Pomerantz, individually and as member of Pompart LLC, pursuant to Rule 55(a) of the Federal
Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the
Federal Rules of Bankruptcy Procedure, for failure to plead or otherwise defend the above-
captioned action as it fully appears from the Court file and from the attached Affidavit.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Motion in its entirety and provide for such other relief as this Court deems just and proper.

Dated: New York, New York                    Respectfully submitted,
        September 17, 2014

*/s/ Marc E. Hirschfield*
_____
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dominic A. Gentile
Email: dgentile@bakerlaw.com
Jessie A. Kuhn
Email: jkuhn@bakerlaw.com
Lindsey A. Shoshany
Email: lshoshany@bakerlaw.com


*Attorneys for Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*And Bernard L. Madoff*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Oren J. Warshavsky
Marc E. Hirschfield
Nicholas J. Cremona
Dominic A. Gentile
Jessie A. Kuhn
Lindsey A. Shoshany

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
|                 Plaintiff-Applicant, | SIPA Liquidation |
|     v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | |
|                 Defendant. | |
| In re: | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
|                 Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04665 (SMB) |
|                 Plaintiff, | |
|     v. | |

POMPART LLC, LAURA POMERANTZ,
Individually and as Member of Pompart LLC, and
JOHN POMERANTZ, Individually and as Member
of POMPART LLC,

                    Defendants.

## AFFIDAVIT SUPPORTING ENTRY OF DEFAULT

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK   )

Lindsey A. Shoshany, being duly sworn, hereby attests as follows:

1.      I am a member of the Bar of this Court and an attorney at the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the estate of Bernard L. Madoff, individually.

2.      On December 1, 2010, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against Pompart LLC, Laura Pomerantz, individually and as member of Pompart LLC, John Pomerantz, individually and as member of Pompart LLC ("Defendants"). (Dkt. No. 1.)  The Complaint asserted claims pursuant to sections 78fff(b), 78FFF-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of Defendants.  (*Id*.).

3.      On February 10, 2011, the Clerk of this Court issued a summons upon Defendants.  (Dkt. No. 3.)

2

4.      On February 10, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Summons and Complaint upon Defendants.  (*See* Dkt. No. 4.)  An Affidavit of Service evidencing proper and timely service was filed with the Court.  (*See* Ex. A, Affidavit of Service; Dkt. No. 4.)

5.      Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which Defendants may answer or otherwise move with respect to the Complaint was set to expire April 11, 2011.  (*See* Dkt. No. 3.)

6.      On March 22, 2011, the Clerk of this Court issued a second summons upon Defendants.  (Dkt. No. 5).

7.      On March 22, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Summons and Complaint upon Defendants.  (*See* Dkt. No. 6.)  An Affidavit of Service evidencing proper and timely service was filed with the Court.  (*See* Ex. A, Affidavit of Service; Dkt. No. 6.)

8.      Pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which Defendants may answer or otherwise move with respect to the Complaint was set to expire May 23, 2011.  (Dkt. No. 5.)

9.      On May 23, 2011, the Trustee and Defendants stipulated and agreed that the time by which Defendants may answer or otherwise respond to the Complaint would be

July 22, 2011.  The Trustee filed a Notice of Extension with this Court on May 23, 2011.  (*See* Dkt. No. 7.)

10.    On July 26, 2011, the Trustee and Defendants stipulated and agreed that the time by which Defendants may answer or otherwise respond to the Complaint would be September 20, 2011.  The Trustee filed a Notice of Extension with this Court on August 1, 2011.  (*See* Dkt. No. 8).

11.    Despite being duly served with the Summons and Complaint and being given an extension to answer or otherwise respond to the Complaint, Defendants did not file an answer, move, or otherwise respond to the Complaint on or before September 20, 2011 or thereafter.

12.     Certain Defendants are business entities and therefore are neither infants nor incompetents.  Upon information and belief, the non-entity Defendants are neither infants nor incompetents.

13.    Moreover, because certain Defendants are business entities, the protections afforded under the Servicemember's Civil Relief Act of 2003 should not apply.  Additionally, on September 17, 2014, I performed a search on the Department of Defense Manpower Data Center (DMDC).  Upon searching the information data banks of DMDC, the DMDC does not possess any information indicating that the non-entity Defendants, Laura Pomerantz and John Pomerantz, are currently on active duty as to all branches of the Military.

14.    I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

/s/ Lindsey A. Shoshany
Lindsey A. Shoshany

Sworn to before me this
18th day of September, 2014

/s/ Sonya M. Graham
Notary Public
Sonya M. Graham
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: Sept.12, 2017