Michael I. Goldberg (MG 0869)
**AKERMAN, LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone:  (954) 463-2700
Fax:  (954) 463-2224

*Attorney for Just Empire, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION             :
CORPORATION,                                                        :
                                                                                  :
        Plaintiff-Applicant,                                    :     Adv. Pro. No. 08-01789 (BRL)
                                                                                  :
  - against -                                                             :     SIPA LIQUIDATION
                                                                                  :
BERNARD L. MADOFF INVESTMENT             :     (Substantively Consolidated)
SECURITIES LLC,                                                     :
                                                                                  :
        Defendant.                                                  :
---------------------------------------------------------------x
In re:                                                                          :
                                                                                  :
BERNARD L. MADOFF,                                           :
                                                                                  :
Debtor.                                                                      :
---------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities LLC,   :
                                                                                  :
        Plaintiff,                                                       :
                                                                                  :
  - against -           :                                                :     Adv. Pro. Nos. 10-05436 (SMB)
                                                                                  :
JUST EMPIRE, LLC                                                 :
                                                                                  :
        Defendant.                                                  :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>RENEWED MOTION TO DISMISS THE COMPLAINT</u>**

{29605794;1}

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO DISMISS THE COMPLAINT ................................................................................................................ 1

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

I.   ALL COUNTS OTHER THAN § 548(a)(1)(A) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(e) ............................................................................ 3

II.  THE TRUSTEE'S CALCULATION OF DEFENDANTS' CLAWBACK EXPOSURE RUNS AFOUL OF THE TWO YEAR REACH-BACK PERIOD SET FORTH IN 11 U.S.C. § 548 .................................................................................... 4

III. THE TRUSTEE HAS FAILED TO TREAT THE DEFENDANT AS A SEPARATE ENTITY AS REQUIRED UNDER SIPA ..................................................... 5

IV.  THE TRUSTEE HAS NOT FULFILLED HIS BURDEN TO PLEAD HIS SATISFACTION OF THE CONDITION SET FORTH IN 15 U.S.C. § 78fff-2(C)(3) WITH PARTICULARITY .................................................................................. 7

V.   JOINDER IN THE OTHER MOTIONS TO DISMISS FILED IN SIMILAR CASES ................................................................................................................................ 7

CONCLUSION ............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**   Page(s)

*In re Lehman Bros. Holdings Inc.*,
 No. 09-01045, 2011 WL 722601 (Bankr. S.D.N.Y. Feb. 22, 2011).........................................3

*Perrin & Nissen Ltd. v. SAS Group Inc.*,
 No. 06 Civ. 13089, 2009 WL 855693 (S.D.N.Y. Mar. 27, 2009) ............................................3

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*,
 476 B.R. 715 (S.D.N.Y. 2012).............................................................................................2, 3, 4

*Tese-Milner v. Edidin Assoc.*,
 490 B.R. 84 (Bankr. S.D.N.Y. 2013)..........................................................................................7

**Statutes**

11 U.S.C. § 544..................................................................................................................................3

11 U.S.C. § 548.........................................................................................................................2, 3, 4

11 U.S.C. § 550..................................................................................................................................3

11 U.S.C. § 551..................................................................................................................................3

15 U.S.C. § 78aaa .............................................................................................................................1

15 U.S.C. §78ccc(b)(4)(A) ..............................................................................................................6

15 U.S.C. § 78fff-2(C)(1)(A)-(D) ...................................................................................................7

15 U.S.C. § 78fff-2(C)(3) ................................................................................................................7

15 U.S.C. § 78lll ................................................................................................................................6

15 U.S.C. §78lll(11)..........................................................................................................................6

Bankruptcy Code § 546(e) ........................................................................................................2, 3

Bankruptcy Code § 548(a)(1)(A)............................................................................................ passim

**Rules**

Bankruptcy Rule 7012(b)(1) ...................................................................................................1, 7

Bankruptcy Rule 7012(b)(6) ................................................................................................1, 3, 7

Fed. R. Civ. P. 9(b) .........................................................................................................................7

Fed. R. Civ. P. 12(b)(1)...............................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 3, 7

## MEMORANDUM OF LAW IN SUPPORT OF
## RENEWED MOTION TO DISMISS THE COMPLAINT

Just Empire, LLC ("Just Empire" or the "Defendant") respectfully submits this Memorandum of Law in support of its Renewed[1] Motion to Dismiss the Complaint filed in this instant adversary proceeding (the "Action"). Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), made applicable to this Action by Bankruptcy Rules 7012(b)(1) and (6), the Defendant seeks dismissal for the Plaintiff's failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

The Actions are among hundreds in which the Trustee, Irving H. Picard (the "Trustee" or "BLMIS Trustee"), seeks to recover alleged "profits" received by victims who unwittingly invested in an alleged Ponzi scheme. The Defendant was a customer of Bernard L. Madoff Investment Securities LLC ("BLMIS"), a registered broker-dealer run by Bernard L. Madoff ("Madoff"). The Defendant received periodic brokerage account statements which appeared to accurately reflect its account balance for investments by BLMIS in various securities pursuant to Defendant's securities contract with BLMIS. As acknowledged by the Trustee, when the Defendant made withdrawals from its account, it had no idea "[t]he security purchases and sales depicted in the account statements virtually never occurred and the profits reported were entirely fictitious." (Compl. ¶ 22.)

---

[1] On March 19, 2014, the Defendant withdrew, without prejudice, its pending Motion to Dismiss (ECF No. 20) and supporting Memorandum of Law (ECF No. 21) in order to proceed with mediation as permitted under the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order entered in *In re Madoff*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 10, 2010) (ECF No. 3141), governing the prosecution of BLMIS avoidance actions. The mediation proved unsuccessful and the Defendant has thus refiled its Motion to Dismiss.

{29605794;1}                                                    1

Through this proceeding, the Trustee for the liquidation of BLMIS, appointed under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), seeks to avoid these transactions through avoidance claims asserted under various provisions of the Bankruptcy Code and New York's Debtor & Creditor Law.  All counts of the Complaint, except the Trustee's § 548(a)(1)(A) count, should be dismissed pursuant to § 546(e).  Moreover, the Trustee's remaining § 548(a)(1)(A) claim should be dismissed as well because (i) the underlying "netting" process used by the Trustee to determine if a defendant is a "net winner" sidesteps the two year reach-back period set forth in Section 548 and includes transfers that he has no standing to avoid; (ii) the Trustee has failed to treat Just Empire as a separate entity as required under SIPA; and (iii) the Trustee has not alleged that BLMIS' customer property is insufficient to pay allowed customer claims with the requisite particularity.

## BACKGROUND[2]

As noted above, the Defendant was among more than 8,000 customers of BLMIS, a securities broker-dealer registered with the United States Securities and Exchange Commission and a member of the Securities Investor Protection Corporation ("SIPC").  The Defendant regularly received account statements which purported to accurately represent the then current value of its investments.  In reliance upon the fraudulent misrepresentations of Madoff and BLMIS, the Defendant periodically withdrew funds from its investment accounts, completely unaware that account statements were falsified.  While the world now knows that Madoff was engaged in an extraordinary fraud, deceiving investors (including the Defendant), financial institutions, and regulators, when the Defendant made withdrawals from its account, it was impossible for it to know that BLMIS had never actually traded any securities (as alleged by the

---

[2]  For purposes of this Motion only, the Defendant accepts as true the facts as set forth in the Trustee's Complaint.

{29605794;1}                                        2

Trustee).  Notably, the Trustee has not alleged that Defendant was anything other than a completely innocent victim lacking any knowledge of Madoff's fraud.

As a result of the District Court's ruling in *SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) and subsequent judgments of dismissal entered by the District Court, the only claim currently remaining in the Action is the Trustee's actual fraudulent conveyance claim asserted pursuant to Section 548(a)(1)(A).  *Greiff*, 476 B.R. at 722 ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544.").  The Defendant now seeks dismissal of that claim for the reasons described herein.

## ARGUMENT

**I.    ALL COUNTS OTHER THAN § 548(a)(1)(A) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(e).[3]**

Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012(b)(6) permit dismissal of a complaint that alleges no cause of action upon which relief may be granted. *See, e.g., Perrin & Nissen Ltd. v. SAS Group Inc.,* No. 06 Civ. 13089, 2009 WL 855693, at *9 (S.D.N.Y. Mar. 27, 2009); *In re Lehman Bros. Holdings Inc.,* No. 09-01045, 2011 WL 722601, at *2 (Bankr. S.D.N.Y. Feb. 22, 2011).

The Complaint initially purported to assert claims under multiple federal fraudulent conveyance provisions, 11 U.S.C. §§ 544, 548, 550, and 551, alleging a right to recover transfers under both the Bankruptcy Code's intentional fraudulent conveyance provision (§ 548(a)(1)(A)) and constructive fraud provisions (§ 548(a)(1)(B)), and under both the intentional and constructive fraud provisions of Sections 273, 275, 276, 278, and 279 of the New York Debtor

---

[3]    Although the Defendant believes all causes of action other than the Trustee's Section 548(a)(1)(A) claim have been dismissed by the District Court, the Trustee has not filed an amended complaint.  In an abundance of caution, the Defendant includes this section in this Motion based upon the procedural irregularity of this case.

{29605794;1}                                      3

and Creditor Law. The Defendant is entitled to dismissal of each of these claims as a matter of law.

As a result of proceedings in the District Court, the Trustee's only remaining avoidance claims are those under Bankruptcy Code Section 548(a)(1)(A) for avoidance of <u>actual intent</u> fraudulent transfers during the federal two-year "reach-back" period. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."), *appeal pending, In re Madoff Sec.*, No. 12-2557 (2d Cir.). In subsequent judgments, the court dismissed the Trustee's constructive fraudulent transfer claims asserted under Section 548(a)(1)(B) and state law avoidance claims, which sought to avoid transfers made during a six-year "reach-back" period. *Id*. Nonetheless, these claims appear to continue to be asserted against the Defendant. Thus, the Defendant submits that all causes of action other than the Trustee's Section 548(a)(1)(A) claim should be formally dismissed and the Trustee should be required, at a minimum, to re-plead the singular claim that survives post-*Greiff*.

## II. THE TRUSTEE'S CALCULATION OF DEFENDANT'S CLAWBACK EXPOSURE RUNS AFOUL OF THE TWO YEAR REACH-BACK PERIOD SET FORTH IN 11 U.S.C. § 548.

Despite the fact that the District Court held that the Trustee cannot recover transfers that occurred more than two years prior to the commencement of this bankruptcy, in reality, the Trustee's method of calculating a defendant's clawback exposure sidesteps this limitation. More specifically, in calculating the BLMIS customers' clawback exposure, the Trustee has adopted a netting procedure that includes withdrawals going back to the inception of the account, in this instant Action, 1999. Accordingly, the Trustee is attempting to indirectly do what he cannot do

directly -- capture transfers made more than two years back. As such, the Court should dismiss the 548(a)(1)(A) count as the sum withdrawn prior to the two year reach-back period far exceeds the amount of the alleged 2 year transfers.

### III. THE TRUSTEE HAS FAILED TO TREAT THE DEFENDANT AS A SEPARATE ENTITY AS REQUIRED UNDER SIPA.

In computing the amount of the alleged profit transferred to Just Empire, the Trustee uses the net "cash in-cash out" method to calculate the amount of Just Empire's net equity. That is, the Trustee adds up all deposits into the account and subtracts from that number all withdrawals from the account and concludes that Just Empire withdrew $1.95 million more than it deposited into the account from its inception. Unfortunately, the Trustee ignores the very important fact that Just Empire was not the creator of this account and did not receive numerous transfers the Trustee wrongfully includes in his calculation.

Specifically, account number 1KW261 was created on or about June 3, 1999. This account was originally opened and owned by R&J Company, LLC ("R&J") who owned the account until January 31, 2005. Importantly, all transfers made by the Debtor prior to January 31, 2005 were made to R&J and not to Just Empire. The transfers prior to January 31, 2005 total $4.4 million. Thereafter, on January 31, 2005, the account was transferred to Just Empire. Just Empire is an entirely different entity with a completely different federal tax identification number. BMLIS was provided with this new federal tax ID number which was changed on the account. Although the IRS would be forced to treat R&J and Just Empire separately, the Trustee completely ignores their separateness when making his calculations. As such, the Trustee completely ignores applicable SIPC law which requires him to treat different entities separately.

Congress specifically provided how accounts owned by separate entities should be treated in a SIPC liquidation. SIPA defines "net equity" as follows:

{29605794;1}                                                    5

> (11) Net equity
> The term "net equity" means the dollar amount of the account or accounts of a customer, to be determined by—
> (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus
> (B) any indebtedness of such customer to the debtor on the filing date; plus
> (C) any payment by such customer of such indebtedness to the debtor which is made with the approval of the trustee and within such period as the trustee may determine (but in no event more than sixty days after the publication of notice under section 78fff-2(a) of this title).
> **In determining net equity under this paragraph, accounts held by a customer in separate capacities shall be deemed to be accounts of separate customers.**

15 U.S.C. §78lll(11) (emphasis added).

It is clear from the foregoing language that Congress mandated that accounts held in a different capacity by the same customer should be treated separately. This case is even more egregious in that the account was held by separate customers with completely different federal tax ID numbers. The Trustees calculation ignores Congress' mandate and wrongfully charges Just Empire with transfers made to R&J. The Trustee has not cited to any authority of any kind as a basis for ignoring the explicit definitions and mandates contained in SIPA. Moreover, Congress specifically prohibited SIPC from altering any of the definitions contained in 15 U.S.C. § 78lll, which includes the definition of "net equity." SIPA expressly provides:

> SIPC shall have the power… to adopt, amend and repeal, by its Board of Directors, such rules as may be necessary or appropriate to carry out purposes of this chapter, including rules relating to… The definition of terms in this chapter, **other than those terms for which a definition is provided in section 78lll of this title.**

{29605794;1}                                    6

15 U.S.C. §78ccc(b)(4)(A) (emphasis added). Accordingly, by ignoring the clear fact that R&J and Just Empire are completely separate entities and treating transfers made to each of them as transfers made to both of them, the Trustee wrongfully deducts $4.4 million from Just Empire's account. Had the Trustee followed SIPA, Just Empire would be a net loser entitled to a claim. Based upon the foregoing, the Court should dismiss the Trustee's § 548(a)(1)(A) claim.[4]

### IV. THE TRUSTEE HAS NOT FULFILLED HIS BURDEN TO PLEAD HIS SATISFACTION OF THE CONDITION SET FORTH IN 15 U.S.C. § 78fff-2(C)(3) WITH PARTICULARITY.

The Trustee's ability to pursue fraudulent transfer actions is limited to circumstances in which customer property is insufficient to pay customer and SIPC claims. *See* 15 U.S.C. §§ 78fff-2(C)(3) and 78fff-2(C)(1)(A)-(D). The Trustee simply alleges that "absent this or other recovery actions, the Trustee will be unable to satisfy the claims described in paragraphs (A) through (D) of § 78fff-2(C)(1)." (Compl. at ¶ 20.) This conclusory allegation is insufficient to satisfy the Trustee's burden to plead his § 548(a)(1)(A) claim with particularity as required by Federal Rule of Civil Procedure 9(b). *See Tese-Milner v. Edidin Assoc.*, 490 B.R. 84, 92 (Bankr. S.D.N.Y. 2013) (holding that Rule 9(b) applies to § 548(a)(1)(A) claims). Based upon the foregoing, the Court should dismiss the Trustee's § 548(a)(1)(A) claim.

### V. JOINDER IN THE OTHER MOTIONS TO DISMISS FILED IN SIMILAR CASES

To the extent that defendants to actions brought by the Trustee are similarly situated to Defendant on whose behalf this Motion is filed, the Defendant joins in any motions to dismiss

---

[4] The Defendant is cognizant that other courts handling Madoff matters have held that interaccount transfers, that is transfers made from one account to another related account, should not be treated as separate accounts. However, the Defendant believes that those Courts relied in large part on the Second Circuit's net equity decision, whereby the Second Circuit applied such reasoning in the context of claims calculation. However, nothing in the Second Circuit's decision or any applicable law for that matter mandates that a defendant should be charged with transfers made to a third party in the context of fraudulent transfer litigation. Simply put, the Defendant did not receive any of the transfers relied upon by the Trustee in his calculation that the Defendant is a net winner.

filed by those defendants, specifically those motions argued before the Court on September 17, 2004, to the extent that such motions include grounds for dismissal not addressed herein.

## CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that the Court dismiss the Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1) and (6), made applicable to this Action by Bankruptcy Rules 7012(b)(1) and (6), and grant such other relief as is just and proper.

Dated: New York, NY
September 22, 2014

Respectfully submitted,

**AKERMAN, LLP**

By: /s/ Michael I. Goldberg
Michael I. Goldberg (MG 0869)
Email: michael.goldberg@akerman.com
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone:  (954) 463-2700
Fax:  (954) 463-2224

*Counsel for Just Empire, LLC*