Michael I. Goldberg (MG 0869)
**AKERMAN, LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone:  (954) 463-2700
Fax:  (954) 463-2224

*Attorneys for the Mittlemann Family Foundation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

       Plaintiff-Applicant,

  - against -

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

       Defendant.
------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

Debtor.
------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

       Plaintiff,

  - against -

THE MITTLEMANN FAMILY FOUNDATION,

       Defendant.
------------------------------------------------------------x

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-04638  (SMB)

**MEMORANDUM OF LAW IN SUPPORT OF
<u>RENEWED MOTION TO DISMISS THE COMPLAINT</u>**

{29590165;1}

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO DISMISS
THE COMPLAINT ............................................................................................................................. 1

PRELIMINARY STATEMENT ......................................................................................................... 1

BACKGROUND ................................................................................................................................. 2

ARGUMENT ....................................................................................................................................... 3

I.   ALL COUNTS OTHER THAN § 548(a)(1)(A) SHOULD BE IMMEDIATELY
     DISMISSED PURSUANT TO § 546(e) ................................................................................. 3

II.  THE TRUSTEE'S CALCULATION OF DEFENDANTS' CLAWBACK
     EXPOSURE RUNS AFOUL OF THE TWO YEAR REACH-BACK PERIOD
     SET FORTH IN 11 U.S.C. § 548 ........................................................................................... 4

III. THE TRUSTEE HAS NOT FULFILLED HIS BURDEN TO PLEAD HIS
     SATISFACTION OF THE CONDITION SET FORTH IN 15 U.S.C. § 78fff-
     2(C)(3) WITH PARTICULARITY ........................................................................................ 5

IV.  JOINDER IN THE OTHER MOTIONS TO DISMISS FILED IN SIMILAR
     CASES .................................................................................................................................... 5

CONCLUSION .................................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                            **Page(s)**

*In re Lehman Bros. Holdings Inc.*,
  No. 09-01045, 2011 WL 722601 (Bankr. S.D.N.Y. Feb. 22, 2011)..........................3

*Perrin & Nissen Ltd. v. SAS Group Inc.*,
  No. 06 Civ. 13089, 2009 WL 855693 (S.D.N.Y. Mar. 27, 2009) ...........................3

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*,
  476 B.R. 715 (S.D.N.Y. 2012)..................................................................2, 3

*Tese-Milner v. Edidin Assoc.*,
  490 B.R. 84 (Bankr. S.D.N.Y. 2013) ........................................................5

**Statutes**

11 U.S.C. § 544................................................................................................3

11 U.S.C. § 548.........................................................................................2, 3, 4

11 U.S.C. § 550................................................................................................3

11 U.S.C. § 551................................................................................................3

15 U.S.C. §§ 78aaa ..........................................................................................1

15 U.S.C. § 78fff-2(C)(1) .................................................................................5

15 U.S.C. § 78fff-2(C)(1)(A)-(D) ....................................................................4

15 U.S.C. § 78fff-2(C)(3) .................................................................................4

Bankruptcy Code § 546(e)........................................................................1, 2, 3

Bankruptcy Code § 548(a)(1)(A)............................................................. passim

Bankruptcy Code § 548(a)(1)(B)..................................................................3, 4

**Rules**

Bankruptcy Rule 7012(b)(6) ...................................................................................................1, 3, 5

Bankruptcy Rules 7012(b)(1) ......................................................................................................1, 5

Fed. R. Civ. P. 9(b) ..........................................................................................................................5

Fed. R. Civ. P. 12(b)(1) ...................................................................................................................5

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................3

# MEMORANDUM OF LAW IN SUPPORT OF
# RENEWED MOTION TO DISMISS THE COMPLAINT

The Middleman Family Foundation (the "Defendant") respectfully submits this Memorandum of Law in support of its Renewed[1] Motion to Dismiss the Complaint filed in this instant adversary proceeding (the "Action"). Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), made applicable to this Action by Bankruptcy Rules 7012(b)(1) and (6), the Defendant seeks dismissal for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

This Action is among hundreds in which the Trustee, Irving H. Picard (the "Trustee" or "BLMIS Trustee"), seeks to recover alleged "profits" received by victims who unwittingly invested in an alleged Ponzi scheme. The Defendant was a customer of Bernard L. Madoff Investment Securities LLC ("BLMIS"), a registered broker-dealer run by Bernard L. Madoff ("Madoff"). The Defendant received periodic brokerage account statements which appeared to accurately reflect its account balance for investments by BLMIS in various securities pursuant to Defendant's securities contract with BLMIS. As acknowledged by the Trustee, when the Defendant made withdrawals from its account, it had no idea "[t]he security purchases and sales depicted in the account statements virtually never occurred and the profits reported were entirely fictitious." (Comp1. ¶ 22.)

Through this proceeding, the Trustee for the liquidation of BLMIS, appointed under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), seeks to avoid these transactions through avoidance claims asserted under various provisions of the Bankruptcy Code

---

[1] On March 19, 2014, the Defendant withdrew, without prejudice, its pending Motion to Dismiss (ECF No. 20) and supporting Memorandum of Law (ECF No. 21) in order to proceed with mediation as permitted under the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order entered in *In re Madoff*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 10, 2010) (ECF No. 3141), governing the prosecution of BLMIS avoidance actions. The mediation proved unsuccessful and the Defendant has thus refiled its Motion to Dismiss.

{29590165;1}                                   1

and New York's Debtor & Creditor Law. All counts of the Complaint, except the Trustee's § 548(a)(1)(A) count, should be dismissed pursuant to § 546(e). Moreover, the Trustee's remaining § 548(a)(1)(A) claim should be dismissed as well because (i) the underlying "netting" process used by the Trustee to determine if a defendant is a "net winner" sidesteps the two year reach-back period set forth in Section 548 and includes transfers that he has no standing to avoid; and (ii) the Trustee has not alleged that BLMIS' customer property is insufficient to pay allowed customer claims with the requisite particularity.

## BACKGROUND[2]

As noted above, the Defendant is among more than 8,000 customers of BLMIS, a securities broker-dealer registered with the United States Securities and Exchange Commission and a member of the Securities Investor Protection Corporation ("SIPC"). The Defendant regularly received account statements which purported to accurately represent the then current value of its investments. In reliance upon the fraudulent misrepresentations of Madoff and BLMIS, the Defendant periodically withdrew funds from its investment accounts, completely unaware that account statements were falsified. While the world now knows that Madoff was engaged in an extraordinary fraud, deceiving investors (including the Defendant), financial institutions, and regulators, when the Defendant made withdrawals from its accounts, it was impossible for it to know that BLMIS had never actually traded any securities (as alleged by the Trustee). Notably, the Trustee has not alleged that the Defendant was anything other than a completely innocent victim without knowledge of Madoff's fraud.

As a result of the District Court's ruling in *SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) and subsequent judgments of dismissal

---

[2] For purposes of this motion only, the Defendant accepts as true the facts as set forth in the Trustee's Complaint.

{29590165;1}    2

entered by the District Court, the only claim currently remaining in the Action is the Trustee's actual fraudulent conveyance claim asserted pursuant to Section 548(a)(1)(A). *Greiff*, 476 B.R. at 722 ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."). The Defendant now seek dismissal of that claim for the reasons described herein.

## ARGUMENT

**I.   ALL COUNTS OTHER THAN § 548(a)(1)(A) SHOULD BE IMMEDIATELY DISMISSED PURSUANT TO § 546(e).[3]**

Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012(b)(6) permit dismissal of a complaint that alleges no cause of action upon which relief may be granted. *See, e.g., Perrin & Nissen Ltd. v. SAS Group Inc.,* No. 06 Civ. 13089, 2009 WL 855693, at *9 (S.D.N.Y. Mar. 27, 2009); *In re Lehman Bros. Holdings Inc.,* No. 09-01045, 2011 WL 722601, at *2 (Bankr. S.D.N.Y. Feb. 22, 2011).

The Complaint initially purported to assert claims under multiple federal fraudulent conveyance provisions, 11 U.S.C. §§ 544, 548, 550, and 551, alleging a right to recover transfers under both the Bankruptcy Code's intentional fraudulent conveyance provision (§ 548(a)(1)(A)) and constructive fraud provisions (§ 548(a)(1)(B)), and under both the intentional and constructive fraud provisions of Sections 273, 275, 276, 278, and 279 of the New York Debtor and Creditor Law. The Defendant is entitled to dismissal of each of these claims as a matter of law.

As a result of proceedings in the District Court, the Trustee's only remaining avoidance claims are those under Bankruptcy Code Section 548(a)(1)(A) for avoidance of <u>actual intent</u>

---

[3]   Although all causes of action other than the Trustee's Section 548(a)(1)(A) claim have been dismissed by the District Court, the Trustee has not filed an amended complaint. The Defendant is therefore including Argument Section 1 in this Motion in an abundance of caution based upon such procedural irregularity.

{29590165;1}                                        3

fraudulent transfers during the federal two-year "reach-back" period. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."), *appeal pending, In re Madoff Sec.*, No. 12-2557 (2d Cir.). In subsequent judgments, the court dismissed the Trustee's constructive fraudulent transfer claims asserted under Section 548(a)(1)(B) and state law avoidance claims, which sought to avoid transfers made during a six-year "reach-back" period. *Id*. Nonetheless, these claims appear to continue to be asserted against the Defendant. Thus, the Defendant submits that all causes of action other than the Trustee's Section 548(a)(1)(A) claim should be formally dismissed and the Trustee should be required, at a minimum, to re-plead the singular claim that survives post-*Greiff*.

## II. THE TRUSTEE'S CALCULATION OF DEFENDANT'S CLAWBACK EXPOSURE RUNS AFOUL OF THE TWO YEAR REACH-BACK PERIOD SET FORTH IN 11 U.S.C. § 548.

Despite the fact that the District Court held that the Trustee cannot recover transfers that occurred more than two years prior to the commencement of this bankruptcy, in reality, the Trustee's method of calculating a defendant's clawback exposure sidesteps this limitation. More specifically, in calculating the BLMIS customers' clawback exposure, the Trustee has adopted a netting procedure that includes withdrawals going back to the inception of the account-- which in many cases covers a period of over a decade. Accordingly, the Trustee is attempting to indirectly do what he cannot do directly -- capture transfers made more than two years back. As such, the Court should dismiss the 548(a)(1)(A) count as the sum withdrawn prior to the two year reach-back period far exceeds the amount of the alleged 2 year transfers.

III. **THE TRUSTEE HAS NOT FULFILLED HIS BURDEN TO PLEAD HIS SATISFACTION OF THE CONDITION SET FORTH IN 15 U.S.C. § 78fff-2(C)(3) WITH PARTICULARITY.**

The Trustee's ability to pursue fraudulent transfer actions is limited to circumstances in which customer property is insufficient to pay customer and SIPC claims. *See* 15 U.S.C. §§ 78fff-2(C)(3) and 78fff-2(C)(1)(A)-(D). The Trustee simply alleges that "absent this or other recovery actions, the Trustee will be unable to satisfy the claims described in paragraphs (A) through (D) of § 78fff-2(C)(1)." (Compl. at ¶ 15.) This conclusory allegation is insufficient to satisfy the Trustee's burden to plead his § 548(a)(1)(A) claim with particularity as required by Federal Rule of Civil Procedure 9(b). *See Tese-Milner v. Edidin Assoc.*, 490 B.R. 84, 92 (Bankr. S.D.N.Y. 2013) (holding that Rule 9(b) applies to § 548(a)(1)(A) claims). Based upon the foregoing, the Court should dismiss the Trustee's § 548(a)(1)(A) claim.

IV. **JOINDER IN THE OTHER MOTIONS TO DISMISS FILED IN SIMILAR CASES**

To the extent that defendants to actions brought by the Trustee are similarly situated to the Defendant, the Defendant joins in any motions to dismiss filed by those defendants, specifically those motions argued before the Court on September 17, 2004, to the extent that such motions include grounds for dismissal not addressed herein.

## CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that the Court dismiss the Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1) and (6), made applicable to this Action by Bankruptcy Rules 7012(b)(1) and (6), and grant such other relief as is just and proper.

Dated: New York, NY
September 22, 2014

                Respectfully submitted,

                **AKERMAN, LLP**

                By: /s/ Michael I. Goldberg
                 Michael I. Goldberg (MG 0869)
                 Email: michael.goldberg@akerman.com
                 Las Olas Centre II, Suite 1600
                 350 East Las Olas Boulevard
                 Fort Lauderdale, FL  33301-2229
                 Phone:  (954) 463-2700
                 Fax:  (954) 463-2224

                *Counsel for the Mittlemann Family Foundation*