**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

September 22, 2014

**VIA ECF AND ELECTRONIC MAIL TO
bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC*,
       Adv. Pro. No. 08-01789 (SMB) – Hearing on Omnibus Motions to Dismiss on
       September 17, 2014

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA").  We write in furtherance of the hearing held before Your Honor on September 17, 2014, in order to clarify a point that was raised during the argument pertaining to the Defendants' assertion that the Trustee lacks standing to bring these actions to recover funds based upon the 2001 modification of BLMIS's corporate form.

      The Trustee's Complaints contain specific language regarding BLMIS's registration with the U.S. Securities and Exchange Commission (the "SEC") as a securities broker-dealer.  Thus, BLMIS's registration with the SEC is incorporated by reference into the Trustee's Complaints and can be considered by Your Honor.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("on a motion to dismiss, a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or

Hon. Stuart M. Bernstein
September 22, 2014
Page 2

of which plaintiffs had knowledge and relied on in bringing suit'") (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). Moreover, on a motion to dismiss under Rule 12(b)(6), "the law of this Circuit also allows courts to consider documents filed with the SEC and relied upon by plaintiff in composing the complaint." *Morales v. New Valley Corp.*, 936 F. Supp. 119, 120 (S.D.N.Y. 1996) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

The Trustee relied upon the Forms BD filed with the SEC by Madoff and BLMIS in support of the following language contained in the Trustee's Complaints:

> Founded in 1959, BLMIS began operations as a sole proprietorship of Madoff and later, effective January 2001, formed as a New York limited liability company wholly owned by Madoff. Since in or about 1986, BLMIS operated from its principal place of business at 885 Third Avenue, New York, New York. Madoff, as founder, proprietor, chairman, and chief executive officer, ran BLMIS together with several family members and a number of additional employees. BLMIS was registered with the SEC as a securities broker-dealer under section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78*o*(b). By that registration, BLMIS is a member of SIPC.[1]

BLMIS's Form BD-Amendment publicly filed with the SEC in 2001 (attached hereto as Exhibit 1) is an "Amendment" to a previously-filed application and not a new "Application." The 2001 Form BD references SEC File Number 8-08132, the original SEC File Number assigned to Madoff's original Form BD Application filed in 1959, and contains the same IRS Employer Identification Number. Ex. 1, at p. 1, 9. In addition, in question 5, regarding succession, BLMIS checked "yes" to the question of whether the applicant is succeeding to the business of a currently registered broker-dealer. *Id.* at p. 4. The 2001 Form BD identifies "Bernard L. Madoff" as the "Predecessor" and states, in relevant part, "<u>Effective January 1, 2001, Predecessor will transfer to successor all of Predecessor's assets and liabilities, related to Predecessor's business. The transfer will not result in any change in ownership or control.</u>" *Id.* at p. 9.

As a successor broker-dealer, BLMIS agreed to take over the assets and liabilities of Bernard L. Madoff, the sole proprietorship. *See, e.g.*, Registration of Successors to Broker-Dealers and Investment Advisors, Exchange Act Release No.

---

[1] *See, e.g., Picard v. Pauline B. Feldman*, Adv. Pro. No. 10-04349, Complaint at ¶ 19; *Picard v. Frederic Z. Konigsberg*, Adv. Pro. No. 10-04394, Complaint at ¶ 30; *Picard v. Edith A. Schur*, Adv. Pro. No. 10-04396, Complaint at ¶ 19; *Picard v. Ted Goldberg*, Adv. Pro. No. 10-05400, Complaint at ¶ 20.

Hon. Stuart M. Bernstein
September 22, 2014
Page 3

34,31661, 58 Fed. Reg. 7, at 8-9 (Jan. 4, 1993), *available at* http://www.sec.gov/rules/interp/1992/34-31661.pdf. "To ensure that there is a legitimate connection between the predecessor and successor, no entity may rely on the successor rules unless it is acquiring or assuming substantially all of the assets and liabilities of the predecessor's broker-dealer . . . business." *Id.* at 8. In this case, BLMIS was permitted to file an amendment form because the amendment was the result of a formal change in the structure or legal status of the broker-dealer, and did not involve a practical change in the control or operations of the broker-dealer or advisor. *Id.* at 8-9.

Therefore, as stated in the Trustee's Memorandum of Law in Opposition to Defendants' Motions to Dismiss, Defendants' argument is based upon inaccurate facts regarding the operation of BLMIS and is legally without merit.[2]

We are available to discuss any questions regarding the foregoing.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona


cc (via email):
    David J. Sheehan, Esq.
    Kevin H. Bell, Esq.
    Richard Levy, Esq.
    Matthew Kupillas, Esq.
    Jeffrey Bernfeld, Esq.
    Carole Neville, Esq.
    Helen Davis Chaitman, Esq.

---

[2] The Defendants' argument has also been addressed previously in this liquidation in a matter that is currently *sub judice*. *See Reply Memorandum of Law of the Securities Investor Protection Corporation in Support of the Trustee's Determinations Regarding Inter-Account Transfers*, dated June 6, 2014, ECF No. 6927, at 12-13, and *Declaration of Kevin H. Bell*, dated June 6, 2014, ECF No. 6928 (attaching the 2001 Form BD).