# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 24, 2014

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, 08-1789 (SMB) (Substantively Consolidated); *Picard v. Laurel Kohl, individually and as a joint tenant, and Jodi M. Kohl, individually and as a joint tenant*; Adv. Pro. No. 10-04683 (SMB).

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff, plaintiff in the above-referenced adversary proceeding. We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, with respect to a discovery dispute in the above-referenced adversary proceeding. The Trustee intends to move for an order compelling Initial Disclosures and discovery responses from the Defendants. Despite the Trustee's numerous reminders and attempts to confer with Defendants, Defendants have failed to serve Initial Disclosures to the Trustee and to respond to the Trustee's written discovery.

    The agreed Case Management Notice in this case required the parties to exchange Initial Disclosures on or before March 11, 2014, and the Trustee timely served his Initial Disclosures on Defendants. To date, however, Defendants have not served their Initial Disclosures, despite multiple reminders by the Trustee. In an email dated March 26, 2014, a true and correct copy of which is attached hereto as Exhibit A,

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Honorable Stuart M. Bernstein
September 24, 2014
Page 2

Defendants informed counsel for the Trustee that they were in the process of reviewing documents and expected to send them out the following week, but no disclosures were served. The Trustee has also sent letters reminding Defendants of the outstanding Initial Disclosures, *inter alia*, on May 22, June 25, August 26, August 27 and September 2, 2014, true and correct copies of which are attached hereto as Exhibits B through F, respectively. Despite these written reminders and Defendants' March 26, 2014 email, Defendants failed to serve their Initial Disclosures. Similarly, Defendants have not responded to voice messages inquiring as to status of the disclosures.

On June 25, 2014, the Trustee served Requests for Production and Interrogatories on Defendants responses to which were due on or before July 28, 2014.[1] Defendants acknowledged receipt of the written discovery requests in a telephone call with Marie Carlisle of Baker Hostetler on July 1, 2014.[2] To date Defendants have not responded to these discovery requests nor have they responded to any of the Trustee's reminders or inquiries as to the status of their responses.

On September 2, 2014, the Trustee sent a letter to Defendants, Exhibit F, again reminding them of their obligations and attempting to confer to resolve issues regarding the outstanding discovery as required by this Court's local rules and your Honor's Chambers' Rules. In an effort to minimize the need for certain discovery requests, the Trustee also sent a draft stipulation regarding undisputed transfers and, if the Defendants would agree to execute the stipulation, offered to modify and limit the Trustee's discovery requests. However, Defendants have not responded to the Trustee's letter nor have they responded to any of the outstanding discovery. The fact discovery deadline in this proceeding is September 29, 2014, leaving the Trustee with less than a week to continue to pursue cooperation from Defendants who, to date, have been unresponsive.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests a conference with the Court to resolve this matter. Such a conference will assist the Trustee in completing the discovery to which he is entitled in these proceedings, and will hopefully obviate the need for discovery-related motion practice in this proceeding.

---

[1] The Trustee has subsequently served Requests for Admission and a Second Set of Requests for Production on Defendants but responses to those are not due until September 25 and 26, 2014, respectively.

[2] In that same July 1 telephone call, Defendants requested, and were provided, an extension of time on the deadline to serve Interrogatories on the Trustee, although no such Interrogatories were served.

Honorable Stuart M. Bernstein
September 24, 2014
Page 3

                                            Respectfully submitted,

                                            */s/ Nicholas J. Cremona*
                                            Nicholas J. Cremona

Enclosures

cc:  Gregory Kinoian
      Paul Hollander
      Okin, Hollander & DeLuca, LLP
      One Parker Plaza, 12th Floor
      400 Kelby Street
      Fairlawn, NJ 07024
      phollander@ohdlaw.com
      GKinoian@ohdlaw.com