**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Terry Brennan

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>IRWIN LIPKIN, *et al.*,<br><br>Defendants. | **SEVENTH AMENDED CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-04218 (SMB) |

Plaintiff Irving H. Picard (the "Trustee") as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), and Defendants Irwin Lipkin, Carole Lipkin, Marc Lipkin, Russell Lipkin, Karen Yokomizo Lipkin, Eric Lipkin, Erika Lipkin, individually and in her capacity as parent and Custodian UGMA/NJ for defendants C.L., D.L., and S.L. (collectively "Defendants"), by and through their undersigned counsel, hereby submit the following Proposed Amended Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Federal Rules of Bankruptcy Procedure 7016 and 7026. By agreement of the Parties, this Proposed Amended Case Management Plan is only applicable to Defendants Irwin Lipkin, Carole Lipkin, Marc Lipkin, Russell Lipkin, and Karen Yokomizo Lipkin, together with the Trustee, the "Parties" to this Proposed Amended Case Management Plan.

1. Proposed Discovery Plan.

    a. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1). Initial Disclosures required under Federal Rule 26(a)(1) shall be served on or before February 19, 2015.

    b. Mediation. The Parties shall participate in mediation in good faith. The Parties shall select a mediator no later than April 17, 2015. Mediation shall be completed no later than June 19, 2015. The Parties agree to share equally the cost of mediation. Mediation shall be conducted in accordance with this Court's General Order M-390.

    c. Subject of Discovery. The Parties contemplate that discovery will be needed on all liability and recovery issues, and that fact and expert discovery will be needed.

-2-

   d. <u>Timing for Discovery</u>.

    (i) <u>Discovery Prior to Mediation</u>. The Parties agree that the Trustee may engage in third-party discovery prior to Mediation. The Parties also agree that they may serve Requests for Admission prior to Mediation.

    (ii) <u>Deadline for Fact Discovery</u>. All fact discovery shall be completed by February 12, 2016.

    (iii) After the completion of Mediation the Parties will agree on a discovery schedule which shall provide, <u>inter alia</u>, that the Parties will begin a rolling production of requested documents no later than thirty (30) days after serving responses to the requests. Parties will complete the production of requested documents no later than ninety (90) days after serving responses to the requests.

    (iv) <u>Experts and Deadline for Expert Discovery</u>. Except as otherwise stated in section 1(g)(v) below, expert discovery shall be completed by June 17, 2016. The parties will agree on an expert discovery schedule which will include dates for disclosures pursuant to Federal Rule 26(a)(2). No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court. Each expert must be made available for deposition at an agreed upon time and place. The foregoing restriction shall not include amendments to expert reports in light of new evidence as required by Federal Rule 26.

   e. <u>Electronically Stored Information</u>. With regard to documents produced or made available electronically:

    (i) Information and documents disclosed shall be text searchable;

      (ii) Upon request, the Trustee or Defendants, as the case may be, shall provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity);

      (iii) When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, *i.e.*, the original formatting of the document, its metadata and, where applicable, its revision history;

      (iv) The Parties shall produce any system and application metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

      (v) To the extent that documents are organized by date, custodian, or subject matter, either because they were so maintained or because the Trustee so organized them, the Trustee shall produce such documents as organized;

      (vi) Nothing herein shall preclude the Parties from requesting additional formats of production, metadata, or native documents; and

      (vii) Nothing herein shall preclude the Parties from entering into a stipulation regarding further procedures for electronic and other data preservation, collection, and production following the Federal Rule 26(f) conference.

    f. <u>Privilege and Work Product</u>.  The Parties do not, at this time, anticipate any other issues regarding claims of privilege or protection as trial-preparation materials. Nothing in this Proposed Amended Case Management Plan is meant to supersede any protective order in this action governing inadvertent production and related issues.

    g. <u>Changes to Limitations on Discovery Under the Federal Rules or Local Rules</u>.  Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or

-4-

application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

(i) The Parties may produce discovery, including initial disclosures, in an electronic data room or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review.

(ii) In the event of a discovery dispute between the Parties, the Parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the Parties shall comply with Local Rule 7007-1 with respect to resolution of the dispute.

(iii) Because the Trustee has no personal knowledge regarding this matter, the Trustee will not appear for deposition absent an order issued by this Court upon a showing of good cause.

(iv) The Trustee shall make his financial professionals submitting expert evidence available for depositions as otherwise provided herein and may coordinate such depositions in multiple actions filed by the Trustee in the underlying bankruptcy proceeding, No. 08-1789 (the "Actions"), to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Actions within a reasonable time prior to the proposed date of such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition.

(v) To the extent that the Trustee proffers an expert witness on any other issue that is common to more than one Action, the Trustee may coordinate such deposition in multiple Actions to maximize efficiency and use of resources. Such depositions may take place outside the time period for expert discovery set forth in section 1(d)(4) above. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Actions within a reasonable time prior to the proposed date of such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition.

(vi) All depositions of the Trustee's witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or at such other location as the Parties shall mutually agree. Depositions of Defendants' fact and expert witnesses shall occur at such place as the Parties shall mutually agree.

2. <u>Joinder of Additional Parties and Amendments to Pleadings</u>. Any party may amend its pleadings without leave of Court up to April 13, 2016. No amendments shall be allowed after such date unless good cause is shown. No additional parties shall be allowed except upon motion to the Court and upon a showing of good cause.

3. <u>Dispositive Motions</u>. All potentially dispositive motions shall be filed no later than August 15, 2016.

4. <u>Any Other Matters That May Add to the Just and Expeditious Disposition of This Matter</u>. The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

5. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

6. <u>Next Conference</u>.  The Parties shall appear before the court on February 25, 2015 at 10:00 a.m.

7. <u>Parties and Counsel</u>.  The following parties join in this Proposed Amended Case Management Plan, through their undersigned counsel.

| | |
|---|---|
| Dated: New York, New York<br>October 1, 2014<br><br><br>BAKER & HOSTETLER LLP<br><br><br>By: /s/ Marc E. Hirschfield<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone:  212.589.4200<br>Facsimile:  212.589.4201<br>David J. Sheehan<br>Email:  dsheehan@bakerlaw.com<br>Marc E. Hirschfield<br>Email:  mhirschfield@bakerlaw.com<br>Terry Brennan<br>Email:  tbrennan@bakerlaw.com<br><br>*Attorneys for Plaintiff Irving R. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* | WINNE BANTA HETHERINGTON BASRALIAN & KAHN, P.C.<br><br><br>By: /s/ Gary S. Redish<br>21 Main Street<br>Hackensack, NJ 07601<br>Telephone: (201) 487-3800<br>Facsimile: (201) 487-8529<br>Email: gredish@winnebanta.com<br><br>LAZARUS & LAZARUS, P.C.<br><br>By:/s/ Harlan Mitchell Lazarus<br>240 Madison Avenue<br>8th Floor<br>New York, NY 10016<br>(212) 889-7400<br>Fax : (212) 684-0314<br>Email: hmllaw@att.net<br><br>*Attorney for Defendants Irwin Lipkin and Carol Lipkin* |

|  | JAMES K. FILAN |
|---|---|
|  | By: /s/ James K. Filan<br>315 Post Road West<br>Westport, Connecticut 06880<br>Telephone: (203) 557-9159<br>Facsimile: (203) 341-8560<br>James K. Filan<br>Email: jfilan@jamesfilan.com<br><br>*Attorney for Defendant Eric Lipkin*<br><br>THE LAW OFFICE OF RICHARD P. GALLER<br><br>By: /s/ Richard Galler<br>75 Essex Street, Suite 220<br>Hackensack, New Jersey 07601<br>Telephone: (201) 678-3200<br>Facsimile: (201) 343-2727<br>Email: richard@kgalaw.com<br><br>*Attorney for Defendants Russell Lipkin, Marc Lipkin and Karen Lipkin* |

|  | FINN DIXON & HERLING LLP<br><br>By: /s/ Tony Miodonka<br>Finn Dixon & Herling LLP<br>177 Broad Street<br>15th Floor<br>Stamford, CT 06901<br>(203) 325-5000<br>Fax : (203) 325-5001<br>Email: tmiodonka@fdh.com<br>Email: apavlis@fdh.com<br><br>*Attorneys for Defendants Erika Lipkin, individually, and in her capacity as Custodian UGMA/NJ for [C.L.], [D.L.] and [S.L.]; [C.L.], by and through Erika Lipkin, parent and Custodian; [D.L.], by and through Erika Lipkin, parent and Custodian; and [S.L.], by and through Erika Lipkin, parent and Custodian* |
|---|---|

So Ordered this 1st day of October, 2014.


/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE