**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ESTATE OF ELEANOR MYERS a/k/a ELEANOR BLOCK a/k/a LEE BLOCK,<br><br>TRUST U/W/O HARRIET MYERS,<br><br>GERALD J. BLOCK, individually and as Beneficiary of the Estate of Eleanor Myers,<br><br>MELISSA MYERS, as Beneficiary of the Trust U/W/O Harriet Myers, and<br><br>JASON MYERS, as Beneficiary of the Trust U/W/O Harriet Myers,<br><br>        Defendants. | Adv. Pro. No. 10-05401 (SMB) |

**STIPULATION AND ORDER DISMISSING DEFENDANTS**
**JASON MYERS AND MELISSA MYERS WITHOUT PREJUDICE**

WHEREAS, on December 9, 2010, Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*., and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Jason Myers and Melissa Myers ("Defendants"), as Beneficiaries of the Trust U/W/O Harriet Myers (the "Trust"), in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, on December 14, 2011, the Trustee filed an amended complaint (the "Amended Complaint") in the Adversary Proceeding, a copy of which is attached as Exhibit "A";

WHEREAS, the Trust is also a defendant in the Adversary Proceeding;

WHEREAS, the Trustee alleges in the Amended Complaint that the Trust received certain avoidable transfers;

WHEREAS, the Trustee's action against Defendants are as beneficiaries of the Trust;

WHEREAS, the Trustee alleges in the Amended Complaint that Defendants, as beneficiaries of the Trust, received subsequent transfers of certain avoidable transfers;

WHEREAS, Defendants affirm that they did not receive distributions of any kind from the Trust between December 11, 2002 and the date of this stipulation;

WHEREAS, Defendants affirm that they are the current trustees of the Trust;

WHEREAS, Defendants affirm that the Trust has sufficient assets to satisfy any potential judgment against it arising from the Adversary Proceeding;

WHEREAS, Defendants have submitted to the Trustee certain confidential financial information regarding the Trust's finances in consideration of Defendants' request for the Adversary Proceeding to be dismissed against them personally (collectively, the "Materials").

IT IS HEREBY agreed and stipulated between the Trustee and Defendants as follows:

1. Defendants hereby affirm: (i) that all written representations made by Defendants or anyone on their behalf and the Materials are materially true and correct under penalty of perjury; and (ii) that the Trustee has relied upon the Materials in exercising his discretion to dismiss Defendants from the Adversary Proceeding.

2. Notwithstanding the foregoing, Defendants each hereby agree that to the extent it is subsequently determined that either or both Defendants deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials, the Defendant(s) hereby agree: (i) that the Trustee shall have the right to reinstitute the Adversary Proceeding against Defendant(s) and/or pursue other remedies available to him; and (ii) that Defendant(s) agree that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims, and, notwithstanding section 546(a) of the Bankruptcy Code, Defendants hereby agree to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. (a) Defendants, in their capacities as trustees and as beneficiaries of the Trust, agree not to make any distributions from the Trust until the Trustee's action against the Trust in this Adversary Proceeding is Resolved (defined below), such that the Trust's current assets will be available to satisfy in full any potential judgment against the Trust in this Adversary Proceeding; provided, however, the Trust may continue to make ordinary course payments during the pendency of the Adversary Proceeding consistent with its past practices as evidenced

3

by the Materials for accounting fees, legal fees, and payment of taxes, so long as it does not deplete the assets of the Trust such that it cannot satisfy the amount sought by the Trustee in the Adversary Proceeding as set forth in the Amended Complaint.  (b)  The Adversary Proceeding shall be considered "Resolved" for purposes of this stipulation upon (i) a settlement between the Trust and the Trustee, (ii) a final judgment entered against the Trust by the Court, or (iii) a dismissal of the Adversary Proceeding against the Trust by the Court.  (c)  In the event the Trust makes a distribution for expenses as set forth in this section, Defendants shall send copies of proof of payment with the bill to the Trustee.  Notice shall be provided to Marc Hirschfield via email at mhirschfield@bakerlaw.com and Oren Warshavsky via email at owarshavsky@bakerlaw.com.

4. Defendants agree to remain trustees of the Trust until the Trustee's action against the Trust in this Adversary Proceeding is resolved.  In the event either Defendant is no longer able to serve as a trustee of the Trust, the Trustee shall receive notification and a new trustee can only be appointed with the Trustee's consent; provided, however, such consent shall not be unreasonably withheld.  In the event a new trustee is appointed to replace either Defendant because one or both of the Defendants are no longer able to serve as trustee of the Trust, the new trustee shall also be bound by this stipulation.

5. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and Defendants hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court the Trustee's claims against Defendants are dismissed without prejudice.

6. Upon the dismissal of Defendants, the caption of the Adversary Proceeding is hereby amended to delete Defendants from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit "B" to this Stipulation and Order.

4

7. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

8. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

9. Nothing herein shall be deemed an admission of liability by the Trust.

Dated: October 2, 2014

| **BAKER & HOSTETLER LLP** | **ZIMMET BIEBER LLP** |
|---|---|
| By: */s/ Marc E. Hirschfield* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: 212.589.4200 <br> Facsimile: 212.589.4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Nicholas J. Cremona <br> Email: ncremona@bakerlaw.com <br> Marc E. Hirschfield <br> Email: mhirschfield@bakerlaw.com <br><br> *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | By: */s/ Brian J. Zimmet* <br> 437 Madison Avenue, 40th Floor <br> New York, NY 10022 <br> Telephone: (212) 922-1330 <br> Facsimile: (212) 922-0815 <br> Brian J. Zimmet <br> Email: bzimmet@zblaw.com <br> Olga Batsedis <br> Email: obatsedis@zblaw.com <br><br> *Attorney for Defendants Jason Myers and Melissa Myers* <br><br> **MILBERG LLP** <br><br> By: */s/ Matthew A. Kupillas* <br> One Pennsylvania Plaza <br> New York, NY 10119 <br> Telephone: (212) 594-5300 <br> Facsimile: (212) 868-1229 <br> Mathew A. Kupillas <br> Email: mkupillas@milberg.com <br><br> *Attorney for the Trust U/W/O Harriet Myers* |

**SO ORDERED:**


**By:/s/ STUART M. BERNSTEIN**              Date: **October 2nd, 2014**
**HON. STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

6