# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 3, 2014

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO
bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:  *Securities Investor Corporation v. Bernard L. Madoff
      Investment Securities LLC,* Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").  We write in response to a letter dated September 30, 2014 submitted to Your Honor by Pryor Cashman LLP and Dentons US LLP on behalf of certain defendants ("Defendants") in adversary proceedings whose motions to dismiss (the "Motions to Dismiss") were heard on September 17, 2014 (the "Defendants' Sept. 30th Letter").  The decision referenced in the Defendants' Sept. 30th Letter, and the argument with respect thereto, does not assist Defendants in their attempts to assert a value defense under section 548(c) of the Bankruptcy Code.

This is the second letter that Defendants have submitted to Your Honor[1] seeking to supplement the record with Second Circuit decisions that have no bearing on what constitutes value for purposes of section 548(c), let alone address the District Court's

---

[1] *See* Letter,  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff Sec.*), Adv. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Sept. 4, 2014), ECF No. 7862 (hereinafter "Sept. 4th Letter"), in which Defendants argued that the Second Circuit's decision regarding what constituted property of the estate for purposes of enjoining settlements of actions brought by investors in BLMIS feeder funds (*Picard v. Fairfield Greenwich Ltd.*, 2014 U.S. App. LEXIS 15274, No. 13-1289-bk (L) (2d Cir. 2014) ("*Fairfield*")) somehow supported their argument that they could provide value for fictitious profits.

Hon. Stuart M. Bernstein
October 3, 2014
Page 2

decision on that issue.[2] This time around, Defendants seek to put forth *Krys v. Farnum Place, LLC,* No. 13-3000 (2d Cir. Sept. 26, 2014) ("*Farnum*"), a case involving whether the sale of a SIPA claim is subject to review under section 363 of the Bankruptcy Code, to support their argument that SIPA 78fff-2(c)(3) only allows recovery of a transfer "to the extent that" it is voidable under the Bankruptcy Code. Thus, Defendants argue, under section 548(c), antecedent debt should purportedly provide a value defense to the Trustee's avoidance actions.

The *Farnum* decision held that, under chapter 15 of the Bankruptcy Code, section 363 applied to the sale of a SIPA claim by the liquidators of a foreign fund "to the same extent that" it applies under chapter 7 and 11. Accordingly, the Second Circuit held that, because of this statutory direction, the Bankruptcy Court's reliance on principles of comity in deferring to the consideration of the transfer by a foreign court was misplaced. Defendants assert the *Farnum* decision somehow confirms that the "to the extent that" language of SIPA 78fff-2(c)(3) could allow a value defense for the fictitious profits they received.

This holding is wholly irrelevant. As an initial matter, as the Second Circuit stated, the "primary question before the Court [was] whether the bankruptcy court was required to conduct a review under section 363." However, even accepting Defendants' convoluted arguments with respect to relevance, their analysis is incorrect.

While SIPA 78fff-2(c)(3) only allows recovery of a transfer "to the extent that" it is voidable under the Bankruptcy Code, section 548(c) does not address voidability. As the District Court held in the *Antecedent Debt Decision*, the existence of a value defense is a separate consideration from the issue of voidability, so the "to the extent that" language of SIPA 78fff-2(c)(3) does not in any way incorporate the value defense. *See* 499 B.R. at 423-424 ("Although defendants insist that section 548(c) is a limitation on the Trustee's avoidance powers, such a characterization conflates two separate concepts.") In addition, the District Court's exclusion of antecedent debt did not rely upon equity or other non-statutory considerations. As the District Court has twice before stated, SIPA's prioritization of customer claims and the provision of a pool of customer property against which only customer claims may be asserted is fully within SIPA's statutory text. *See id.,* at 420 citing SIPA 78fff-2(c)(1), 423 citing *Picard v. Greiff,* 476 B.R. 715, 727-28 (S.D.N.Y. 2012).

Once again, the Defendants' efforts to call into question the *Antecedent Debt Decision* fall flat. The *Farnum* decision, like the *Fairfield* decision before it, does not assist the

---

[2] *In re Madoff Sec.,* 499 B.R. 416 (S.D.N.Y. 2013) (the "*Antecedent Debt Decision*").

Pg 3 of 3

October 3, 2014
Page 3

Defendants in their attempt to escape the well-settled line of authority holding that they simply cannot provide value for fictitious profits.[3]

We are available to discuss any questions regarding the foregoing.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona


cc (via email):
    David J. Sheehan, Esq.
    Kevin H. Bell, Esq.
    Richard Levy, Jr., Esq.
    Carole Neville, Esq.

---

[3] *See also* Trustee's Response to Defendants' Sept 4th Letter, *In re Madoff Sec.*, Adv. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Sept. 12, 2014), ECF No. 7936.