

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 8, 2014

**Via ECF and Email**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

> Re: **In re Bernard L. Madoff Investment Securities LLC, No. 08-1789 (SMB),**
> **Picard v. J. Ezra Merkin, et al., Adv. Pro. No. 09-1182 (SMB)**

Dear Judge Bernstein:

We represent Bart M. Schwartz, the Receiver for Defendants Ariel Fund Limited and Gabriel Capital, L.P. ("Schwartz"), in the above-referenced adversary proceeding.  We write jointly, together with all other defendants in this action, in response to the Trustee's letter dated October 6, 2014 (the "October 6th Letter").

As Your Honor will recall, we were before the Court on October 2, 2014 on the Trustee's Motion to Direct Entry of a Final Judgment Under Federal Rule of Civil Procedure 54(b) and to Certify Judgment for Immediate Appeal Under 28 U.S.C. § 158(d).  At that hearing, in response to the Trustee's representations that a ruling in the instant action would impact dozens of similar bad faith cases and hundreds of similarly-situated defendants, Your Honor instructed counsel for the Trustee to "provide to the parties those cases in which bad faith is an issue and the defendants as to which bad faith is an issue in those cases." (Tr. at 6:16–18.)

Rather than complying with that request, counsel for the Trustee attached to the October 6th Letter a chart listing a number of cases and the total number of defendants in those cases that, according to the Trustee, "could" be affected by the "actual knowledge" standard.  However, the October 6th Letter and the chart attached thereto (1) are devoid of any explanation of how a ruling on the instant motion will affect the matters set forth by the Trustee (*e.g.*, whether each matter involves transfers made within six years of December 11, 2008); (2) fail to identify the remaining defendants in the listed actions who have been accused of having "actual knowledge" of Madoff's fraud; (3) fail to specify the amount of withdrawal of principal which is at issue in each of the actual knowledge cases; and (4) fail to explain the procedural status of each action and why the Trustee did not previously pursue an appeal in any of those actions.  As such, the Trustee's submission is insufficient, and we respectfully submit that it does not satisfy Your Honor's directive at the October 2 hearing.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

Honorable Stuart M. Bernstein
October 8, 2014
Page 2



Accordingly, we respectfully request that the Trustee be instructed to supplement his October 6th Letter to provide the foregoing information.

We thank the Court for its attention to this matter.

Respectfully,

Jordan W. Siev

cc:    All Counsel of Record (*via email*)