STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone:  631-732-2000
Facsimile:  631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Defendant


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
SECURITIES INVESTOR PROTECTION          Adv. Proc. No.
CORPORATION,                            08-01789 (BRL)

                Plaintiff-Applicant,    SIPA LIQUIDATION

        v.                              (Substantively
                                         Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
-----------------------------------x
In Re:

BERNARD L. MADOFF,

                Debtor.
-----------------------------------x
IRVING H. PICARD, Trustee for the       Adv. Proc. No.
Liquidation of Bernard L. Madoff        10-04941 (BRL)
Investment Securities LLC,

                Plaintiff,

        v.

MICHAEL MOST,

                Defendant.
-----------------------------------x

 AMENDED ANSWER OF DEFENDANT, MICHAEL MOST, TO AMENDED COMPLAINT


most-134

The defendant, Michael Most, by his attorneys, Stim & Warmuth, P.C., in response to the amended complaint dated January 3, 2012, alleges as follows upon information and belief:

1. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the amended complaint except admits, upon information and belief, that Madoff entered a guilty plea and refers to the transcript of his allocution for its content.

2. That the defendant denies the allegations in paragraphs 2, 3, 4, 5, 6, 28, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 84, 85, 86, 87 and 88 of the amended complaint.

3. That the defendant admits the allegations contained in paragraph 7 of the amended complaint.

4. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the amended complaint except refers to the SEC complaint against BLMIS and Madoff for its content, and footnote 2 alleges conclusions of law to which no response is required.

5. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph

2

9 of the amended complaint except refers to the December 12, 2008 order for its content.

6. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the amended complaint except refers to the referenced SIPC application for its content.

7. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the amended complaint except refers to the December 15, 2008 Protective Decree for its content.

8. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the amended complaint except refers to the referenced orders for their content.

9. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the amended complaint except admits, upon information and belief, that Madoff entered a guilty plea and refers to the transcript of his allocution for its content.

10. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the amended complaint except admits, upon information and

belief, that DiPascali entered a guilty plea and refers to the transcript of his allocution for its content.

11. Paragraph 15 alleges conclusions of law to which no response is required. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the amended complaint.

12. Paragraphs 16 and 17 allege conclusions of law to which no response is required.

13. Paragraph 18 alleges conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations in paragraph 18 of the amended complaint.

14. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the amended complaint except admits that BLMIS was founded by Bernard L. Madoff, was a SEC-registered broker dealer and member of SIPC, and was comprised of at least the three business.

15. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 20, 21, 23, 24, 25, 27, 29, 30, 31, 32 and 33 of the amended complaint.

16.    That   the   defendant   denies   knowledge   or   information sufficient to form a belief as to the allegations in paragraph 22   of   the   amended   complaint   except   admits   that   defendant received   monthly   statements   from   BLMIS   in   addition   to   trade confirmations and quarterly reports.

17.    That   the   defendant   denies   knowledge   or   information sufficient to form a belief as to the allegations in paragraph 26   of   the   amended   complaint   except   avers   that   payments   to investors were legally required.

18.    That   the   defendant   denies   knowledge   or   information sufficient to form a belief as to the allegations in paragraph 34   of   the   amended   complaint   except   admits   that   there   were periodic     customer     statements,     confirmations     and     other communications made by BLMIS and sent to defendant.

19.    That   the   defendant   denies   knowledge   or   information sufficient to form a belief as to the allegations in paragraph 45 of the amended complaint except refers to customer claim for its contents.

20.    That   the   defendant   denies   knowledge   or   information sufficient to form a belief as to the allegations in paragraph 46 of the amended complaint except refers to determination for its contents.

21. That the defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 48 of the amended complaint except refers to the claims procedure order for its content.

22. That the defendant denies the allegations of paragraphs 49, 56, 66, 71, 77 and 83 to the same extent that same have previously been denied.

### For a First Affirmative Defense

23. The complaint and each of its counts fails to state a claim on which relief can be granted.

### For a Second Affirmative Defense

24. The plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

### For a Third Affirmative Defense

25. The plaintiff's claims are barred, in whole or in part, because the defendant acted in good faith and without fraudulent intent.

### For a Fourth Affirmative Defense

26. The plaintiff's claims are barred, in whole or in part, because the defendant took every transfer from BLMIS for value and in good faith and the defendant gave value to the debtor in exchange for such transfer (Section 548(c) of the Bankruptcy Code).

### For a Fifth Affirmative Defense

27.   The plaintiff's claims are barred, in whole or in part, because the debtor did not receive less than reasonably equivalent value in exchange for any transfer to the defendant.

### For a Sixth Affirmative Defense

28.   The plaintiff's claims are barred, in whole or in part, because each transfer to the defendant was made for value and fair consideration.

### For a Seventh Affirmative Defense

29.   The plaintiff's claims are barred, in whole or in part, because each transfer to the defendant was a transfer on account of an antecedent debt.

### For a Eighth Affirmative Defense

30.   The plaintiff's claims are barred, in whole or in part, by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code.

### For a Ninth Affirmative Defense

31.   The plaintiff's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code.

### For a Tenth Affirmative Defense

32.  The  plaintiff  states  no  claim  for  assignment  of defendant's tax refunds.

### For a Eleventh Affirmative Defense

33.  The plaintiff's claims are barred, in whole or in part, because  the  plaintiff  has  not  demonstrated  that  he  will  not recover enough property to satisfy customer claims.

### For a Twelfth Affirmative Defense

34.  The plaintiff's claims are barred, in whole or in part, by the doctrine of set-off.

### For a Thirteenth Affirmative Defense

35.  The plaintiff's claims are barred, in whole or in part, because  the  plaintiff  has  failed  to  show  that  any  transfer received by defendant was made in furtherance of a fraudulent scheme rather than because it was legally mandated.

### For a Fourteenth Affirmative Defense

36.  The plaintiff's claims are barred, in whole or in part, because  the  plaintiff  has  failed  to  show  that  any  transfer received  by  defendant  was  made  with  the  actual  intent  to hinder, delay, or defraud any creditor rather than because it was legally mandated.

8

### For a Fifteenth Affirmative Defense

37. That the plaintiff's claims violate defendant's rights under the Florida Homestead Exemption.

### For a Sixteenth Affirmative Defense

38. That the defendant received taxable distributions from BLMIS.

39. That BLMIS was required to report such taxable distributions to the Internal Revenue Service and the applicable State.

40. That BLMIS reported such taxable distributions to the Internal Revenue Service and the applicable State.

41. That by reason of the aforesaid, the defendant paid income tax to the Internal Revenue Service and the applicable State on the taxable distributions from BLMIS.

42. That the time of the defendant to amend his income tax returns with respect to some of these taxable distributions from BLMIS has passed and the defendant cannot recover the taxes he paid to the Internal Revenue Service and the applicable State.

43. That to the extent the defendant paid income tax on taxable distributions from BLMIS and cannot recover same, the plaintiff should be barred from any recovery.

## For a Seventeenth Affirmative Defense

44.   That the defendant is over the age of seventy-three years of age.

45.   That the defendant's spouse is over the age of seventy-one years of age.

46.   That the defendant is retired.

47.   That the defendant's spouse is retired.

48.   That the defendant is suffering from a deteriorating disc disease.

49.   That the defendant is suffering from a macular hole in his right eye which impairs his vision.

50.   That the defendant's spouse is ill with thyroid cancer.

51.   That the defendant sold his businesses and has no ability to return to work in such businesses.

52.   That the defendant does not receive a pension.

53.   That the defendant's spouse does not receive a pension.

54.   That the defendant fully invested his IRA funds with BLMIS.

55.   That the defendant's spouse fully invested her IRA funds with BLMIS.

56.   That the defendant has a child who has a major mental illness which requires the defendant to provide support for her in part.

10

57.   That the defendant was required to withdraw funds from his account with BLMIS to pay for the medical treatment of his child who has a major mental illness.

58.   That the defendant is the victim of the fraud.

59.   That the defendant's spouse is a victim of the fraud.

60.   That the defendant had no knowledge of the fraud and did not participate in the fraud.

61.   That the defendant's spouse had no knowledge of the fraud and did not participate in the fraud.

62.   That by reason of the aforesaid, the plaintiff is not entitled to equitable relief.

### For a Eighteenth Affirmative Defense

63.   That the holding in *Picard v. Katz,* No. 11 Civ. 3605 (JSR) (S.D.N.Y. Sept. 27, 2001), bars the claims for fraudulent transfers except claims for actual fraud under § 548(a)(1)(A) of the Bankruptcy Code.

### For a Nineteenth Affirmative Defense

64.   Defendant is subject to the "safe harbor" set forth in § 546(e) of the Bankruptcy Code.

### For a Twentieth Affirmative Defense

65.   That the two-year look back period in § 548 of the Bankruptcy Code applies to both receipts and disbursements and

11

not receipts and disbursements over the course of the defendant's investment with BLMIS.

### For a Twenty-First Affirmative Defense

66. That the SIPA requires the plaintiff to apply a constant dollar approach when calculating any recovery for fictitious profits.

### For a Twenty-Second Affirmative Defense

67. That the final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial Power" that the Bankruptcy Court lacks.

### For a Twenty-Third Affirmative Defense

68. That the Bankruptcy Court lacks the authority to render findings of fact and conclusions of law before final resolution of the fraudulent transfer claims.

### For a Twenty-Fourth Affirmative Defense

69. Omitted - duplicative of Sixteenth Affirmative Defense.

### For a Twenty-Fifth Affirmative Defense

70. That the plaintiff has only instituted avoidance actions against those who received over $500,000 in allegedly "fictitious profits."

71. That by reason thereof, $500,000 should be deducted from the damages plaintiff is seeking.

### For a Twenty-Sixth Affirmative Defense

72.   Omitted.

### For a Twenty-Seventh Affirmative Defense

73.   Omitted.

### For a Twenty-Eighth Affirmative Defense

74.   Defendant hereby asserts all defenses available under federal law and under any applicable state law.   Additional facts may be revealed in discovery.   Defendant hereby asserts all defenses available under federal law and under any applicable state law.   Additional facts may be revealed in discovery or otherwise that support additional defenses presently available, but unknown, to defendant.   Defendant therefore reserves his right to assert additional defenses in the event discovery or investigation reveals additional defenses.

### For a Twenty-Ninth Affirmative Defense

75.   SIPA § 78fff-2(c)(3) only authorizes the SIPA Trustee to employ the avoidance powers of the Bankruptcy Code to avoid transfers, not obligations.

76.   That the plaintiff is not authorized under governing statutes to pursue the avoidance of BLMIS obligations against defendant.

### For a Thirtieth Affirmative Defense

77.   That the plaintiff has failed to adequately plead with particularity the BLMIS obligations he seeks to avoid.

### For a Thirty-First Affirmative Defense

78.   That the plaintiff lacks standing to bring any claims against the defendant.

79.   That the plaintiff stands in the shoes of BLMIS.

80.   That BLMIS is alleged to have operated a Ponzi scheme.

81.   That statements issued by BLMIS to defendant allegedly reflected fictitious profits.

82.   That the plaintiff is *in pari delicto* with BLMIS.

83.   That any distributions made to defendant by BLMIS of fictitious profits were allegedly not from the funds of BLMIS.

84.   That any distributions made to defendant by BLMIS of fictitious profits were allegedly made out of other customer's money.

85.   That the right to recover any payments by BLMIS of fictitious profits distributed to defendant which were allegedly made out of other customer's money belongs to the other customers and not to plaintiff.

### For a Thirty-Second Affirmative Defense

86.   That by reason of the aforesaid, the distributions alleged in the amended complaint may not be avoided or

14

recovered because the alleged distributions do not involve property of the estate.

### For a Thirty-Third Affirmative Defense

87. That by reason of the aforesaid, Article III of the U.S. Constitution prohibits the plaintiff from seeking to collect from defendant money owed allegedly to other customers.

### For a Thirty-Fourth Affirmative Defense

88. That the alleged distributions to defendant were made by Bernard L. Madoff and not BLMIS.

89. That the plaintiff is not the Trustee for Bernard L. Madoff.

90. That the plaintiff has no standing to recover distributions to defendant made by Bernard L. Madoff.

### For a Thirty-Fifth Affirmative Defense

91. That the defendant is a victim of the BLMIS fraud and any claims for relief against him should be barred, in whole or in part, as unconscionable and in violation of public policy.

### For a Thirty-Sixth Affirmative Defense

92. That the plaintiff is not entitled to an award of prejudgment interest because of the operation of waiver, estoppel and other equitable defenses.

### For a Thirty-Seventh Affirmative Defense

93.  As defendant did not participate in any wrongful conduct of any kind or nature whatsoever, it is inequitable to proceed against defendant unless and until the plaintiff has exhausted his remedies against other parties that engaged in wrongful conduct in respect to BLMIS.

### For a Thirty-Eighth Affirmative Defense

94.  That the defendant hereby adopts and incorporates by reference any and all other available defenses asserted or to be asserted by any other defendant in the above-captioned substantively consolidated SIPA Liquidation Proceeding, Adv. Pro. No. 09-01789 (SMB), to the extent applicable herein.

### For a Thirty-Ninth Affirmative Defense

95.  That defendant and his spouse withdrew $1,000,000 from their BLMIS accounts on July 5, 2007.

96.  That these funds were used for an investment by defendant in The Merriwell Fund Limited Partnership and FutureSelect Prime Advisor II, LLC.

97.  That said investment in The Merriwell Fund Limited Partnership was transferred to FutureSelect Prime Advisor II, LLC.

98.  That FutureSelect Prime Advisor II, LLC invested in BLMIS.

16

99.   That the BLMIS asset allocation of FutureSelect Prime Advisor II, LLC was 12.8%.

100.   That $128,000 of the money distributed to defendant and his spouse by BLMIS was reinvested in BLMIS.

101.   That by reason of the aforesaid, this $128,000 reinvested in BLMIS should be credited and offset against any recovery by plaintiff against defendant.

## Reservation of Rights

102.   Claims II through VI have been dismissed by judgment was entered on May 23, 2012 by the Hon. Jed S. Rakoff, U.S.D.J., dismissing all claims for preferences under 547 of the Bankruptcy Code, constructive fraudulent transfers under 548(a)(1)(B) of the Bankruptcy Code and actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by 544(d) of the Bankruptcy Code.   In the event that subsequent legal development further change the claims available to plaintiff, the defendant hereby preserves each and every defense to such claims available at law, in equity, or otherwise, and under federal and state law, including common law.

## Jury Demand

103.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding

17

pursuant to Rule 9015 of the Federal Rules of Bankruptcy
Procedure, defendant demands a trial by jury as to all issues
which may be heard by a jury.

     WHEREFORE, the defendant, Michael Most, respectfully
requests judgment dismissing plaintiff's amended complaint in
its entirety together with the costs, disbursements and
attorney's fees.

Dated:   Farmingville, NY
         September 19, 2014

                         STIM & WARMUTH, P.C.

                    By: /s/
                          PAULA J. WARMUTH
                          Attorney for Defendant,
                          Michael Most
                          2 Eighth Street
                          Farmingville, NY 11738
                          Telephone:   631-732-2000
                          Facsimile:   631-732-2662
                          Paula J. Warmuth
                          Email:   pjw@stim-warmuth.com
                          Glenn P. Warmuth
                          Email:   gpw@stim-warmuth.com
TO:

BAKER & HOSTETLER LLP
Attorneys for Plaintiff
David J. Sheehan, Esq.
email:   dsheehan@bakerlaw.com
Marc E. Hirschfield, Esq.
email:   mhirschfield@bakerlaw.com
Michael R. Matthias, Esq.
email:   mmathias@bakerlaw.com
Karen Law, Esq.
email:   klaw@bakerlaw.com