EXECUTION COPY

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of October 16, 2014, by and between Irving H. Picard, in his capacity as the Trustee ("Trustee") for the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 case of Bernard L. Madoff ("Madoff") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), on the one hand, and the parties listed on Exhibit A hereto (together, the Defendants), on the other hand. The Trustee and each of the Defendants shall be hereafter referred to individually as a "Party" and collectively as the "Parties."

## BACKGROUND

A.    BLMIS and its predecessor were broker-dealers registered with the United States Securities and Exchange Commission (the "Commission") and members of the Securities Investor Protection Corporation ("SIPC");

B.    On December 11, 2008 (the "Filing Date"), the Commission filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Madoff. On December 12, 2008, the District Court entered an order which, among other things, appointed Lee S. Richards, Esq. as receiver (the "Receiver") for the assets of BLMIS (No. 08-CV-10791(LSS));

C.    On December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC. Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed the Trustee as the trustee for the liquidation of the business of BLMIS under section 5(b)(3) of SIPA, removed the Receiver as the receiver for BLMIS, and removed the case to the Bankruptcy Court under section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (SMB). By Order dated June 2, 2009, the estate of Madoff (the "Madoff Estate") was substantively consolidated with the estate of BLMIS;

D.    Pursuant to section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), as well as the powers granted pursuant to SIPA. Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA;

E.    Under SIPA, the Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS for distribution to BLMIS customers and others in accordance with SIPA in satisfaction of allowed claims, including through the recovery of avoidable transfers such as preference payments and fraudulent transfers made by BLMIS;

F.      On or about December 1, 2010, the Trustee commenced an adversary proceeding against the Defendants in the Bankruptcy Court under the caption *Picard v. Edward Blumenfeld, et al.*, Adv. Pro. No. 10-04730 (SMB) (the "Adversary Proceeding"). In the Adversary Proceeding, the Trustee asserts a number of claims against the Defendants, including that the Defendants are liable to the BLMIS estate under 11 U.S.C. §§ 544, 547, 548, 550(a) and 551, SIPA sections 78fff(b), 78fff-1(a) and 78fff(2)(c)(3), the New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276(a), 278 and 279, and New York Civil Practice Law and Rules §§ 203(g) and 213(8) for up to $100,033,989 in avoidable transfers from BLMIS (the "Transfers"). The Adversary Proceeding also seeks to disallow and/or equitably subordinate the Defendant Customer Claims and the Determined Claims (each as defined below).

G.      Prior to the filing of the Adversary Proceeding, certain Defendants who had been customers of BLMIS and maintained BLMIS customer accounts (together, the "Customer Claimholder Defendants") filed customer claims in the BLMIS SIPA proceeding with an aggregate net losing equity value of $29,348,309.09 which in each case have not been determined pending the outcome of the Adversary Proceeding (together the "Defendant Customer Claims"). Such Customer Claimholder Defendants, their respective claim numbers, and the respective net equity values of their Defendant Customer Claims, are set forth on Exhibit B-1 hereto.

H.      Prior to the filing of the Adversary Proceeding, certain Defendants who had been customers of BLMIS and maintained BLMIS customer accounts (together, the "Determined Claimholder Defendants") filed other customer claims in the BLMIS SIPA proceeding which in each case were denied by the Trustee (the "Determined Claims") pursuant to a Notice of Trustee's Determination of Claim (the "Determination Notices"), and such Defendants filed objections to their respective Determination Notices (each, an "Objection", and together, the "Objections"), either prior to or subsequent to the filing of the Adversary Proceeding. The Determined Claimholder Defendants, their respective claim numbers, the date of the related Determination Notices and Objections, and the relevant docket number for the filed Objections, are set forth on Exhibit B-2 hereto.

I.      On August 27, 2012, the Bankruptcy Court entered a Stipulation and Order permitting the Defendants and the Trustee to explore the possibility of resolving or compromising matters and issues in the Adversary Proceeding through mediation. Since that time, the parties to the Adversary Proceeding have exchanged certain discovery pursuant to such Order and have actively engaged in multiple formal and informal mediation sessions and further negotiations with counsel subsequent to termination of the mediation period. This Agreement represents the culmination of such efforts.

**NOW THEREFORE**, for good and valuable consideration as set forth herein, the adequacy and sufficiency of which is recognized for all purposes, the Parties agree as follows:

1.      No Admission of Liability. This Agreement memorializes a settlement ("Settlement") of disputed claims and is not in any way to be construed as an admission of liability, or of any issue of fact or law, by any Party hereto. Specifically, but without limitation, the Defendants deny that they received any of the fraudulent transfers asserted in the Complaint with actual knowledge of fraud at BLMIS, with willful blindness to circumstances suggesting fraud at BLMIS, or

otherwise in bad faith, and the Defendants dispute the legal and factual bases of the Trustee's potential claims. The Defendants have nonetheless decided to settle this matter to avoid the uncertainty, time required, and expense of continued litigation.

2.    <u>Effective Date</u>.

(a)    This Agreement is subject to approval by the Bankruptcy Court. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be null and void, unless otherwise agreed in writing by the Parties. The Trustee shall provide a courtesy copy of the Bankruptcy Rule 9019 motion (the "<u>Motion</u>") seeking approval of the Agreement to Defendants at least one full business day (24 hours) prior to filing with the Bankruptcy Court; provided however that the form and content of the filed Motion shall be solely within the Trustee's discretion. The existence and terms of this Agreement shall remain confidential until such time as to the Motion is filed, except that, anytime on or after execution of the Agreement, the Defendants may provide an executed copy of the Agreement to the United States Department of Justice ("<u>DOJ</u>") in connection with the Defendants' activities contemplated by <u>Section 9</u> below. For purposes of this Agreement, the term "business day" means a day that is a day of the year on which banks are not required or authorized by law to close in New York, New York.

(b)    The terms and conditions of this Agreement shall become effective and enforceable on the first business day after the date that the Bankruptcy Court order approving this Agreement becomes a Final Order, as defined below (the "<u>Effective Date</u>"). "<u>Final Order</u>" shall mean an order of the Bankruptcy Court which is not subject to any stay of its effectiveness and (i) as to which (without regard to any time period under Bankruptcy Rule 9024) the time to appeal or petition for certiorari has expired and as to which no timely appeal or petition for certiorari shall then be pending; or (ii) if a timely appeal or writ of certiorari thereof has been sought, the order shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or reargument or rehearing on remand shall have been denied or resulted in no modification of such order, and the time to take any further appeal or petition for certiorari shall have expired.

(c)    If this Agreement does not become effective and the Effective Date does not occur, then (1) the Agreement shall be deemed null and void; (2) the Parties shall not be deemed to have waived any of their respective rights or to have settled any controversy between them that existed before the execution of the Agreement; (3) the Parties shall be restored *nunc pro tunc* to the respective legal positions that they were in immediately before the execution of the Agreement; (4) the Trustee shall return to the Defendants the executed Notices of Withdrawal of Objection (as described below); (5) neither this Agreement nor any exhibit (or document or instrument, if any) delivered hereunder shall be (i) with prejudice to any person or Party hereto, (ii) deemed to be or construed as an admission by any Party of any act, matter, or proposition, or of the merit or lack of merit of any claim or defense, or (iii) used in any manner or for any purpose in any subsequent proceeding in this action, or in any other action in any court or in any other proceeding; and (6) all negotiations, proceedings, and statements made in connection with the negotiation of this Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any Party herein of any act, matter, or proposition, or of the merit or lack of merit of any claim or defense, and (iii) shall not be offered

in evidence in this or any other action or proceeding, except in connection with this Agreement
or the enforcement thereof.

3.      Settlement Payment Obligation and Assignment of Defendant Customer Claims.   In
consideration for the covenants and agreements set forth in this Agreement and for other good
and valuable consideration (including, without limitation, the releases set forth herein), the
receipt and sufficiency of which is hereby acknowledged for purposes of this settlement only:

(a)     In full and final payment and satisfaction of all amounts claimed by the Trustee,
subject to the terms of this Agreement, the Defendants shall pay to the Trustee the amount of
Thirty-Two Million Seven Hundred Fifty Thousand United States Dollars ($32,750,000.00) (the
"Settlement Payment Amount") on the Closing Date (as defined in Section 5 below) by wire
transfer of immediately available funds to the account specified on Schedule I attached hereto or
such other U.S. account as the Trustee may direct; and

(b)     The Defendant Customer Claims, totaling $29,348,309.09 million, shall be
absolutely, unconditionally, and irrevocably assigned and transferred by each of the Customer
Claimholder Defendants to the Trustee in full on the Closing Date, including without limitation,
all rights and powers in respect of such Defendant Customer Claims.

4.      Determinations; Withdrawals.   In consideration for the covenants and agreements set
forth in this Agreement and for other good and valuable consideration (including, without
limitation, the releases set forth herein), the receipt and sufficiency of which is hereby
acknowledged for purposes of this settlement only, the Parties agree to the following
determinations and withdrawals with respect to the Determined Claims:

(a)     The Determination Notices shall continue in full force and effect and shall be
deemed final and not subject to dispute.

(b)     As part of the consideration to Trustee hereunder, each Determined Claimholder
Defendant has delivered concurrently herewith to Trustee for filing (on or after Closing) an
executed Notice of Withdrawal of Objection with prejudice, in the form attached hereto as
Exhibit C.

5.      Closing.  The closing ("Closing") shall be on a business day agreed by the Parties no later
than seven (7) business days after the Trustee provides written notice (which may be by e-mail)
to the Defendants that the Effective Date has occurred (the "Closing Date").  At the Closing, (i)
Defendants shall pay the Settlement Payment Amount as contemplated by Section 3(a) above,
(ii) the assignment and transfer contemplated by Section 3(b) above, the Notices of Withdrawal
of Objection contemplated in Section 4 above, and the releases contained in Sections 6 and 7
below shall in each case become effective without any further action by any of the Parties, and
(iii) the Notices of Withdrawal of Objection shall be dated as of the Closing Date.

6.      Release by Trustee.

(a)     In consideration for the covenants and agreements set forth in this Agreement and
for other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, except with respect to any rights arising under this Agreement, all of which are reserved:

      (i)    the Trustee, BLMIS, and the consolidated estates of BLMIS and Madoff hereby forever release, remise and discharge each Defendant (which includes all of the parties listed on <u>Exhibit A</u> hereto) and each of the Defendants' attorneys—specifically, Goodwin Proctor, LLP and the other firms with which William P. Weintraub has been affiliated during the pendency of the Adversary Proceeding, Clayman & Rosenberg, LLP, and Weil Gotshal & Manges LLP—from any and all past, present or future claims or causes of action (including any suit, petition, demand or other claim in law, equity or arbitration) and from any allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown (including Unknown Claims, as defined below), liquidated or contingent, that are, have been, could have been, or might in the future be, asserted by Trustee against Defendants based on, arising out of, or relating in any way to BLMIS, the Madoff Estate, or the Adversary Proceeding (or any amended complaint that could have been filed therein), including for the sake of clarity (A) any other present or future litigation or proceeding arising out of or related to the liquidation of BLMIS or the Madoff Estate, (B) any claim or cause of action which the Trustee has the authority to assert by virtue of and in his capacity as trustee of the consolidated estates of BLMIS and Madoff on behalf of any entity currently, formerly, or in the future controlled by BLMIS or Madoff, (C) any causes of action with respect to any BLMIS customer claims or any transfers contemplated by the Adversary Proceeding (or any amended complaint that could have been filed therein) or otherwise, and (D) any subsequent transferee liability for any claims for money or property, or the proceeds or value thereof, that are based upon any Defendant's receipt of a transfer (or the proceeds or value thereof) that is derived from (or originated as) an initial transfer to another Defendant that is being released under the Settlement; and

      (ii)    the Trustee, BLMIS, and the consolidated estates of BLMIS and Madoff hereby forever release, remise and discharge each Non-Defendant Additional Releasee (which includes all of the parties listed on <u>Exhibit D</u> hereto) and any subsequent transferee thereof, solely with respect to any and all claims including future claims for money or property, or the proceeds or value thereof, that (A) originate from the initial transfers to Defendants that have been asserted, or could have been asserted, against Defendants in the Adversary Proceeding (or any amended complaint that could have been filed therein) or (B) could have been asserted with respect to the Referenced Transactions (as defined in <u>Section 9(a)</u> below), including without implied limitation, any subsequent transferee liability under Bankruptcy Code Section 550.

    (b)    The foregoing releases do not preclude the Trustee from naming 4th & Forty, LLC and/or BCC, II as a party only to the extent either is a necessary party in a proceeding by the Trustee to recover the interests held by the Estate of Andrew Madoff and/or the Estate of Mark

Madoff in such entities, provided that no claims or damages shall be asserted against such entities in that proceeding.

7.    Release by Defendants.

(a)    Defendants, on behalf of themselves and their executors, administrators, heirs and assigns, except with respect to (x) any rights arising under this Agreement, and (y) any and all remedies available to each Defendant pursuant to the LPO (as defined in Section 30 below) with respect to documents or other information produced by such Defendant to the Trustee, all of which as to both (x) and (y) are reserved, hereby release, remise, and forever discharge (i) Trustee, (ii) all of Trustee's attorneys, professionals, agents and consultants, and (iii) BLMIS and its consolidated estate from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown (including Unknown Claims, as defined below), liquidated or contingent, that are, have been, could have been, or might in the future have been, asserted based on, arising out of, or relating in any way to BLMIS, the Madoff Estate, or the Adversary Proceeding, including for the sake of clarity the Defendants' BLMIS accounts and the Transfers (Sections 6(a) and 7(a), together, "Released Claims"). For clarity, nothing in this release shall release the right or claim of any Defendant to any and all distributions such Defendant receives from (i) the forfeiture fund established by the U.S. Department of Justice and (ii) the class action settlement in Shapiro v. JP Morgan Chase & Co., SDNY, No.11-CIV-8331 (CM) and Hill v. JP Morgan Chase & Co., SDNY, No. 11-7961 (CM) (together, the "Other Potential Distributions").

(b)    For purposes of Sections 6 and 7, "Unknown Claims" shall mean any Released Claims that a Party does not know or suspect to exist in his, her or its favor at the time of giving the release in this Agreement that if known by him, her or it, might have affected his, her or its settlement and release in this Agreement. With respect to any and all Released Claims, the Parties shall expressly waive or be deemed to have waived, the provisions, rights and benefits of California Civil Code section 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Party expressly waives, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code section 1542. Each Party may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with

respect to the subject matter of the Released Claims, but each Party shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. The Parties acknowledge and shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

8.    Representations and Warranties.

(a)    Trustee hereby represents and warrants to Defendants that, subject to the approval of the Bankruptcy Court as set forth in Section 2, (i) he has the full power, authority and legal right to execute and deliver this Agreement and to perform his obligations hereunder, and (ii) this Agreement has been duly executed and delivered by the Trustee and constitutes a valid and binding agreement of the Trustee enforceable against him in accordance with its terms.

(b)    The Defendants hereby represent and warrant to Trustee that: (i) they have full power, authority and legal right to execute and deliver this Agreement and to perform their obligations hereunder; (ii) to the extent Defendants are not individual persons, the execution and delivery of this Agreement and the performance by such Defendants of their obligations hereunder have been duly and validly authorized by all necessary action on the part of such Defendants; (iii) this Agreement has been duly executed and delivered by Defendants and, subject to the approval of the Bankruptcy Court as set forth in Section 2, constitutes the valid and binding agreement of Defendants, enforceable against Defendants in accordance with its terms; (iv) in executing this Agreement, Defendants have done so with the full knowledge of any and all rights that Defendants may have with respect to the controversies herein compromised, and Defendants have received or have had the opportunity to obtain independent legal advice from their attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that Defendants release or assign herein (including without limitation the Defendant Customer Claims and Determined Claims), and Defendants have not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that Defendants release or assign herein (including without limitation the Defendant Customer Claims and Determined Claims).

9.    Additional Representations and Warranties by Defendants; Survival.

(a)    The Defendants hereby further represent and warrant that, to the best of their knowledge, information and belief, and after a reasonable review of their books and records that: (i) they are not immediate, mediate or subsequent transferees of any funds nor in possession of any property originating from Madoff or BLMIS, other than (A) those that are identified in the Adversary Proceeding and (B) those that are related to capital contributions for investments in real estate projects or compensation for services (specifically, investments made by Bernard L. Madoff in LaGuardia Corporate Center Associates, LLC, Edward Blumenfeld, Et. Al., 4th and Forty, LLC and/or W.D.I., LLC, investments made by Andrew Madoff and Mark Madoff in 4th

& Forty, LLC, investments made directly or indirectly by Peter Madoff in BDG Yaphank, LLC
and/or BDG Leroy, LLC, rent payments made by BLMIS to LaGuardia Corporate Center
Associates, LLC under BLMIS's lease for space at Bulova Corporate Center, payments made by
BLMIS, Bernard and Ruth Madoff, Mark Madoff, Andrew Madoff, Peter and Marion Madoff, or
any other Madoff family member or entity controlled by a Madoff family member to Susan
Blumenfeld Interiors, Ltd. for work performed by Susan Blumenfeld Interiors, Ltd., and
payments made by BLMIS or any Madoff family member or entity controlled by a Madoff
family member to Blumenfeld Development Group, BDG Construction Corp., or Chaos
Construction Corp. for work performed by any of those entities at Bulova Corporate Center,
BLIMS's offices, including the office at 885 Third Avenue, or any other project listed herein or
identified in the Adversary Proceeding; together, the "Referenced Transactions"); and (ii) they are
not aware of any potential claims against them by Madoff or BLMIS, other than the claims that
are identified in the Adversary Proceeding or are related to the Referenced Transactions.

     (b)    The Defendants are aware of and acknowledge that the Trustee is relying on the
representations set forth in Section 8 above and this Section 9 in agreeing to provide the releases
set forth in Section 5 above.

     (c)    Each of the representations and warranties set forth in Section 8 and this Section 9
shall survive in perpetuity.

10.   DWD Interest. Notwithstanding anything contained herein to the contrary, the
Settlement, when effective, inter alia, fully resolves and terminates the Trustee's asserted
fraudulent transfer claims against Defendants for the recovery of $11 million claimed to have
been transferred by BLMIS to DWD Associates LLC ("DWD") on December 5, 2008, and also
fully resolves and terminates any counterclaims and offsets that DWD and/or the other
Defendants may have in respect of such transfer as against the Trustee. In connection with such
transfer, the funds for which came solely from BLMIS, Ruth Madoff purported to acquire an
interest in DWD (the "DWD Interest"). The Trustee acknowledges that, to the best of his
knowledge, information and belief, none of Ruth Madoff, Bernard L. Madoff or BLMIS properly
acquired or held as an owner any interest of any kind in DWD, beneficial or otherwise. The
Trustee acknowledges that DWD, together with such other Defendants, if any (collectively, the
"DWD Defendants"), may, as necessary or appropriate, seek the release or abandonment of any
claim by the DOJ as to the purported DWD Interest. The Trustee will, upon reasonable notice,
provide a written statement addressed to the DOJ consistent with this paragraph as to the
purported DWD Interest, in the form as set forth on Exhibit E hereto. Neither the Trustee nor
SIPC shall have any obligation to join formally in any litigation that may be initiated by the
DWD Defendants relating to the seizure and forfeiture of the DWD Interest.

11.   Further Assignment. Except with respect to the Other Potential Distributions, each of the
Defendants shall absolutely, unconditionally, and irrevocably assign to the Trustee and SIPC, as
subrogee to the extent of SIPC's cash advances, any and all rights, including causes of action or
claims, that they may have against BLMIS arising out of or relating to any fraudulent or illegal
activity with respect to their BLMIS accounts which gave rise to any such claims (to the extent
such rights or claims exist; the Defendants are not aware of any such rights or claims). Each of
the Defendants represent and warrant that they have not previously compromised, liened, or
assigned any claim, cause of action, or other right against BLMIS, its principals or agents or any

third party arising out of or related to any fraudulent or illegal activity giving rise to any such claims.

12.    <u>Dismissal of Adversary Proceeding</u>.  As soon as practicable after the Closing, the Trustee shall file a Notice of Dismissal dismissing the Adversary Proceeding, with prejudice and without costs to either the Trustee or the Defendants.

13.    <u>Termination of Litigation</u>.  The Defendants agree to terminate and will not pursue any other litigation involving the Trustee or SIPC arising out of or relating to BLMIS, including any consolidated briefings before District Judge Rakoff of the United States District Court for the Southern District of New York and any appeals related to such proceedings.

14.    <u>Termination of Agreements with BLMIS</u>.  Any and all prior agreements between Defendants and BLMIS are hereby terminated as of the date of this Agreement.

15.    <u>Announcements</u>.  Any press release or similar announcement or communications to the media as to the Settlement or the terms and conditions of the Settlement, or any postings on websites or blogs or other publicly available electronic media as to the settlement or the terms and conditions thereof (other than the Settlement Agreement itself and any filings on the Court's electronic docket addressing the Settlement), shall be subject to the prior review and approval of the Trustee and the Defendants, which shall not be unreasonably withheld.  The Parties agree not to make any disparaging statement with respect to each other or the terms and conditions of the Settlement and this Agreement.

16.    <u>Insolvency-Related Provisions</u>. The payment to be made under this Agreement shall be allocated to, paid by and borne by the Defendants in accordance with such allocation as shall be determined by the Defendants and set forth in a schedule provided by the Defendants to the Trustee and retained by him; provided however that no Defendant shall be allocated a total payment amount which is greater than the total initial transfers from BLMIS alleged to have been made to such Defendant in the Trustee's complaint in the Adversary Proceeding.  Each of the Defendants hereby represent to the Trustee that:

    (a)    Any payment or assignment of claims made pursuant to this Agreement is intended to constitute a contemporaneous exchange for new value given to the Defendants pursuant to Bankruptcy Code Section 547(c)(1); and in reliance on the Settlement, including without limitation the Settlement Payment Amount and the assignment of Defendant Customer Claims, the Trustee is contemporaneously providing the benefits to the Defendants set forth in the Settlement Agreement, including without limitation the releases;

    (b)    Each of the Defendants represents to the Trustee, to the best of Defendants' knowledge, information and belief, that (i) as of, and after the transactions contemplated by, the Closing, it, he, or she shall be solvent within the meaning of Bankruptcy Code section 547(b)(3) and 548(a)(1)(B)(ii)(I) and able to pay its, his or her debts when due and (ii) the payments and other transactions contemplated by the Closing shall not render any such Defendant insolvent; and

    (c)    If a Defendant commences, or a third party commences against a Defendant, any case, proceeding, or other action under any law relating to bankruptcy, insolvency,

reorganization, or relief from creditors, such Defendant shall not argue or otherwise take the position that: (i) Defendant's obligations under this Agreement may be avoided under the Bankruptcy Code section 547, (ii) Defendant was insolvent at the time of entry into, or became insolvent as a result of payments made under, this Agreement, and (iii) the mutual promises, covenants and obligations under this Agreement do not constitute a contemporaneous exchange for new value given to such Defendant.

17.    Further Assurances. Each Party shall execute and deliver any document or instrument reasonably requested by the other Party after the date of this Agreement to effectuate the intent of this Agreement.

18.    Entire Agreement.  This Agreement constitutes the entire agreement and understanding between the Parties pertaining to the subject matter hereof and supersedes any and all prior or contemporaneous agreements, representations and understandings of the Parties concerning the subject matter hereof.

19.    Amendment; Waiver.  This Agreement may not be terminated, amended or modified in any way except by written instrument signed by all Parties.  No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

20.    Assignment.  This Agreement may not be assigned by either Party without the prior written consent of the other Party.

21.    Successors.  This Agreement shall be binding upon and inure to the benefit of each Party and its respective successors and permitted assigns.

22.    Negotiated Agreement.  This Agreement has been fully negotiated by the Parties.  Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

23.    Severability.  Except for the requirements that (i) the Defendants pay the Settlement Payment Amount and assign the Defendant Customer Claims, as set forth in Section 3 hereof, withdraw the Objections as set forth in Section 4 hereof, and grant releases to the Trustee and other named persons in the form and scope set forth in Section 7 hereof and (ii) the Trustee provide the written statement set forth in Exhibit E hereto and grant releases to the Defendants and the Non-Defendant Additional Releasees in the form and scope set forth in Section 6 hereof, in each case the failure, invalidity or unenforceability of which would substantially destroy the benefit of this Agreement for the affected Party, in the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

24.    Counterparts; Electronic Copy of Signatures.  This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.  Each Party may evidence its execution of this Agreement by delivery to the other Party of scanned or faxed copies of its signature, with the same effect as the delivery of an original signature.

25.    Governing Law.  This Agreement and any claim related directly or indirectly to this Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to the principles of conflicts of law thereof), the Bankruptcy Code and SIPA.  Each Party hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

26.    JURISDICTION; WAIVER OF JURY TRIAL.

    (a)    THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER IN LAW OR EQUITY, ARISING OUT OF OR RELATING TO THIS AGREEMENT.  IN THE EVENT THE BLMIS PROCEEDING IS CLOSED BY A FINAL DECREE AND NOT REOPENED, THE PARTIES AGREE THAT ANY DISPUTE ARISING OUT OF THIS AGREEMENT MAY BE BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR THE SUPREME COURT OF THE STATE OF NEW YORK IN NEW YORK COUNTY.

    (b)    EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

27.    Expenses.  Each Party shall bear its respective expenses relating to or arising out of this Agreement, including, but not limited to, fees for attorneys, accountants and other advisors.

28.    Notices.  All notices, requests, demands, consents and communications necessary or required under this Agreement shall be in writing and shall be delivered by hand or sent by registered or certified mail, return receipt requested, by overnight mail with confirmation, by facsimile (receipt confirmed) or by electronic means (receipt confirmed), to:

If to the Trustee:

Irving H. Picard
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
F: 212-589-4201
E: ipicard@bakerlaw.com

With a copy to:

Howard L. Simon, Esq. and Kim M. Longo, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
F: 212-262-1215
E: hsimon@windelsmarx.com
E: klongo@windelsmarx.com

If to the Defendants:

Seth L. Rosenberg
Clayman & Rosenberg LLP
305 Madison Ave
New York, NY 10165

William P. Weintraub
Goodwin Proctor, LLP
The New York Times Building
620 Eighth Ave

F: 212-949-8255
E: Rosenberg@clayro.com

New York, NY 10018
F: 212-355-3333
E: wweintraub@goodwinproctor.com

A Party may change its address for receiving notice by giving notice of a new address in the manner provided herein. All such notices, requests, demands, consents and other communications shall be deemed to have been duly given or sent two (2) days following the date on which mailed, or on the date on which delivered by courier or by hand or by facsimile or electronic transmission (receipt confirmed), as the case may be, and addressed as aforesaid.

29.     No Third Party Beneficiaries.     Except as expressly provided in Section 6 or Section 7, the Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

30.     Confidential Documents.     The Trustee and each Defendant acknowledges that all documents or other information that have been provided by the Trustee to any Defendant, or by any Defendant to the Trustee (other than those produced by Defendants on June 1, 2009 and August 7, 2009, all of which documents were not designated by Defendants as confidential at the time of production), have been designated as "confidential" and shall continue to be treated as "confidential" (to the extent not de-designated by Defendants or court order) pursuant to and in accordance with that certain Litigation Protective Order issued by the Bankruptcy Court in the consolidated BLMIS main docket (Adv. Pro. No. 08-01789) on June 6, 2011, as revised by that certain Order Modifying the June 6, 2013 Litigation Protective Order issued by the Bankruptcy Court in the consolidated BLMIS main docket (Adv. Pro. No. 08-01789) on September 17, 2013 (together, the "LPO"), and that certain Order Establishing Procedures for Third-Party Data Rooms issued by the Bankruptcy Court in the consolidated BLMIS main docket (Adv. Pro. No. 08-01789) on September 17, 2013.

31.     Captions and Rules of Construction.     The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions. Any reference in this Agreement to a section is to a section of this Agreement. "Including" is not intended to be a limiting term.

**[Signature page follows]**

**IN WITNESS WHEREOF**, each Party has caused this Agreement to be duly executed and delivered as of the date set forth above.

**TRUSTEE**

<div style="margin-left: 40%;">

**THE TRUSTEE FOR THE LIQUIDATION PROCEEDINGS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY CASE OF BERNARD L. MADOFF**

By: _____
Irving H. Picard, Trustee

</div>

[TRUSTEE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**DEFENDANTS**

EDWARD BLUMENFELD, individually, and as
Trustee for SUSAN BLUMENFELD GST TRUST,
TRUST F/B/O SUSAN BLUMENFELD, TRUST
F/B/O DAVID BLUMENFELD, and TRUST F/B/O
BRAD BLUMENFELD

Name: Edward Blumenfeld
Title:   Individually and as Trustee

SUSAN BLUMENFELD, individually, and as
Trustee for TRUST F/B/O SUSAN
BLUMENFELD, TRUST F/B/O DAVID
BLUMENFELD, TRUST F/B/O BRAD
BLUMENFELD, DAVID BLUMENFELD
FARMINGDALE TRUST, BRAD
BLUMENFELD FARMINGDALE TRUST,
BOXWOOD REALTY GROUP, and
DOGWOOD REALTY GROUP

Name: Susan Blumenfeld
Title:   Individually and as Trustee

DAVID BLUMENFELD, individually, and as
Trustee for SUSAN BLUMENFELD GST
TRUST, THE DAVID BLUMENFELD FAMILY
TRUST, TRUST F/B/O DAVID BLUMENFELD,
BOXWOORD REALTY GROUP, and
DOGWOOD REALTY GROUP

Name: David Blumenfeld
Title:   Individually and as Trustee

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

BRAD BLUMENFELD, individually, and as
Trustee for SUSAN BLUMENFELD GST
TRUST, THE DAVID BLUMENFELD FAMILY
TRUST, TRUST F/B/O BRAD BLUMENFELD,
BOXWOOD REALTY GROUP, and
DOGWOOD REALTY GROUP

_____

Name:  Brad Blumenfeld
Title:    Individually and as Trustee

HARVEY COHEN, individually, and as Trustee
for EDWARD BLUMENFELD AND SUSAN
BLUMENFELD CHARITABLE LEAD  TRUST,
EDWARD AND SUSAN BLUMENFELD 2007
CHARITABLE LEAD TRUST, and BRAD
BLUMENFELD CHARITABLE LEAD TRUST

_____

Name:  Harvey Cohen
Title:    Individually and as Trustee

TRUST F/B/O SUSAN BLUMENFELD

_____

Name:  Susan Blumenfeld
Title:    Trustee

TRUST F/B/O DAVID BLUMENFELD

_____

Name:  Susan Blumenfeld
Title:    Trustee

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**TRUST F/B/O BRAD BLUMENFELD**

Name:  Susan Blumenfeld
Title:    Trustee

**DAVID BLUMENFELD FARMINGDALE
TRUST**

Name:  Susan Blumenfeld
Title:    Trustee

**SUSAN BLUMENFELD GST TRUST**

Name:  Brad Blumenfeld
Title:    Trustee

**THE DAVID BLUMENFELD FAMILY TRUST**

Name:  David Blumenfeld
Title:    Trustee

**BRAD BLUMENFELD FARMINGDALE
TRUST**

Name:  Susan Blumenfeld
Title:    Trustee

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

S-4

**EDWARD BLUMENFELD AND SUSAN
BLUMENFELD CHARITABLE LEAD TRUST**

_____

Name:   Harvey Cohen
Title:    Trustee

**EDWARD BLUMENFELD AND SUSAN
BLUMENFELD 2007 CHARITABLE LEAD
TRUST**

_____

Name:   Harvey Cohen
Title:    Trustee

**BRAD BLUMENFELD CHARITABLE LEAD
TRUST**

_____

Name:   Harvey Cohen
Title:    Trustee

**BLUMENFELD DEVELOPMENT GROUP,
LTD**
A New York Corporation

_____

Name:   Edward Blumenfeld
Title:    President

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**EDWARD BLUMENFELD AND SUSAN
BLUMENFELD GUARDIANS FOR DAVID
BLUMENFELD NY UGMA**

Name:  Edward Blumenfeld
Title:    Guardian

**EDWARD BLUMENFELD AND SUSAN
BLUMENFELD GUARDIANS FOR BRAD
BLUMENFELD NY UGMA**

Name:  Edward Blumenfeld
Title:    Guardian

**THE BRAD BLUMENFELD FAMILY
FOUNDATION**
A New York Not-For- Profit Corporation

Name:  Brad Blumenfeld
Title:    Director

**THE EDWARD AND SUSAN BLUMENFELD
FOUNDATION**
A New York Not-For-Profit Corporation

Name:  Edward Blumenfeld
Title:    President

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**BULL MARKET FUND**
A New York Partnership

Name: Edward Blumenfeld
Title:    General Partner


**EDWARD BLUMENFELD ET AL II**
A New York Partnership

Name: Edward Blumenfeld
Title:    General Partner


**DWD ASSOCIATES, LLC**
A New York Limited Liability Company
By:  BDG DWD Associates, LLC, its Manager

Name:  David Blumenfeld
Title:    Manager


**BDG DWD ASSOCIATES, LLC**
A New York Limited Liability Company

Name:  David Blumenfeld
Title:    Manager


**EDB CAPITAL, LLC**
A New York Limited Liability Company

Name:  David Blumenfeld
Title:    Member


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**DOUBLE B SQUARED, LLC**
A New York Limited Liability Company

_____
Name:  Brad Blumenfeld
Title:   Manager


**EDWARD BLUMENFELD GERALD Y
MORDFIN ET AL**
A New York Partnership

_____
Name: Edward Blumenfeld
Title:   General Partner


**DOGWOOD REALTY GROUP**

_____
Name:  David Blumenfeld
Title:   Trustee


**EDWARD BLUMENFELD ET AL**
A New York Partnership

_____
Name:  Edward Blumenfeld
Title:   General Partner


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**LAGUARDIA CORPORATE CENTER**
**ASSOCIATES, LP**
A New York Limited Partnership
By:  LAG Time Associates, its
      general partner

Name:  Edward Blumenfeld
Title:   General Partner


**LAGUARDIA CORPORATE CENTER**
**ASSOCIATES, LLC**
A New York Limited Liability Company
By:  LaGuardia Management, Inc.,
      its general manager

Name:  David  Blumenfeld
Title:    President


**BOXWOOD REALTY GROUP**

Name:  Brad Blumenfeld
Title:    Trustee


**SOUTH SEA HOLDINGS, LP**
A New York Limited Partnership
By:  Significant Tasks, Inc., its
      general partner

Name:  Edward Blumenfeld
Title:    President


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**BDG PISCATAWAY, LLC**
A New York Limited Liability Company
By:  BDG Piscataway, Inc., its general manager

Name:  Edward Blumenfeld
Title:    President


**BDG KINGSBRIDGE, LLC**
A New York Limited Liability Company
By:  BDG Kingsbridge, Inc., its general manager

Name:  Edward Blumenfeld
Title:    President


**BWI (A/K/A BLUMENFELD WEINSTEIN
INC.)**
A New York Corporation

Name:  Edward Blumenfeld
Title:    President


**SUSAN BLUMENFELD INTERIORS, LTD.**
A New York Corporation

Name:  Susan Blumenfeld
Title:    President


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**BDG CONSTRUCTION CORP.**
A New York Corporation

Name: David Blumenfeld
Title:    President


**45 SOUTH SERVICE ROAD, LLC**
A New York Limited Liability Company
By: BDG Asset Management, Inc.,
    its general manager

Name: Edward Blumenfeld
Title:    President


**BCC II, LCC**
A New York Limited Liability Company
By: BDG Asset Management, Inc.,
    its general manager

Name: Brad Blumenfeld
Title:    Vice President


**BDG COMMACK, LLC**
A New York Limited Liability Company
By: BDG Asset Management, Inc.,
    its general manager

Name: Edward Blumenfeld
Title:    President


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**BDG DEER PARK ASSOCIATES, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
     its general manager

Name:  David Blumenfeld
Title:    Vice President


**BDG LAKE GROVE I, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
     its general manager

Name:  David Blumenfeld
Title:    Vice President


**BDG LARKFIELD ASSOCIATES, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
     its general manager

Name:  Edward Blumenfeld
Title:    President


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**CHARLESTON ENTERPRISES, LLC**
A New York Limited Liability Company
By:  BDG Charleston, L.P.,
     its sole member
By:  BDG Charleston, Inc.,
     its general partner

Name:  David Blumenfeld
Title:    Vice President


**DANIEL LAND CO. LLC**
A New York Limited Liability Company
By:  BDG Asset Management, its general manager

Name:  David Blumenfeld
Title:    Vice President


**BDG DANIEL STREET, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
     its general manager

Name:  David Blumenfeld
Title:    Vice President


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**GOTHAM PLAZA ASSOCIATES, LLC**
A New York Limited Liability Company
By:  BDG 125th Street, LLC,
    its general manager
By:  BDG Asset Management, Inc.,
    its general manager

Name:  David Blumenfeld
Title:   Vice President


**BDG 125th STREET, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
    its general manager

Name:  David Blumenfeld
Title:   Vice President


**10 MICHAEL DRIVE ASSOCIATES, LP**
A New York Limited Partnership
By:  10 Michael Drive Corp., its general partner

Name:  David Blumenfeld
Title:   President


**500 BI-COUNTY ASSOCIATES, LP**
A New York Limited Partnership
By:  500 Bi-County, Ltd., its general partner

Name:  Edward Blumenfeld
Title:   Vice President


[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**ARC-BDG SETAUKET ENTERPRISE**
A New York Limited Partnership
By:  Blumco Setauket, LLC,
    General Partner
By:  BDG Asset Management, Inc.,
    its general manager

Name:  David Blumenfeld
Title:   Vice President

**BLUMCO SETAUKET, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
    its general manager

Name:  David Blumenfeld
Title:   Vice President

**COBLUM SETAUKET, LLC**
A New York Limited Liability Company
By:  BDG Asset Management, Inc.,
    its general manager

Name:  David Blumenfeld
Title:   Vice President

**BDG 115 BROADHOLLOW, LP**
A New York Limited Partnership
By:  BDG 115 Broadhollow, Inc.,
    its general partner

Name:  David Blumenfeld
Title:   Vice President

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

**MAXROB, LP**
A New York Limited Partnership
By: Maxrob Corp., its general partner

Name:  Edward Blumenfeld
Title:   President

**B-4 PARTNERSHIP**
A New York General Partnership

Name:  Edward Blumenfeld
Title:   General Partner

**125 BETHPAGE ASSOCIATES**
A New York Limited Partnership

Name:  Edward Blumenfeld
Title:   General Partner

**BDG YAPHANK, LLC**
A New York Limited Liability Company
By: BDG Five Times, LLC, its manager
By: BDG Asset Management, Inc.,
    its general manager

Name: Edward Blumenfeld
Title: President

[DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT - CONT'D]

Schedule 1

## **WIRING INSTRUCTIONS**

Citi Private Bank
153 East 53rd Street 23rd floor
New York, New York 10022
ABA No.:                    021000089
Swift Code:               CITIUS33
Account Name:          Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff
                                Investment Securities LLC

Account No.:              ███████████

Exhibit A
Defendants

1.  EDWARD BLUMENFELD, individually, and as Trustee for SUSAN BLUMENFELD GST
    TRUST, TRUST F/B/O SUSAN BLUMENFELD, TRUST F/B/O DAVID BLUMENFELD,
    TRUST, and TRUST F/B/O BRAD BLUMENFELD
2.  SUSAN BLUMENFELD, individually, and as Trustee for TRUST F/B/O SUSAN BLUMENFELD,
    TRUST F/B/O DAVID BLUMENFELD, TRUST F/B/O BRAD BLUMENFELD, DAVID
    BLUMENFELD FARMINGDALE TRUST, BRAD BLUMENFELD FARMINGDALE TRUST,
    BOXWOOD REALTY GROUP, and DOGWOOD REALTY GROUP
3.  DAVID BLUMENFELD, individually, and as Trustee for SUSAN BLUMENFELD GST TRUST,
    THE DAVID BLUMENFELD FAMILY TRUST, TRUST F/B/O DAVID BLUMENFELD,
    BOXWOOD REALTY GROUP, and DOGWOOD REALTY GROUP
4.  BRAD BLUMENFELD, individually, and as Trustee for SUSAN BLUMENFELD GST TRUST,
    THE DAVID BLUMENFELD FAMILY TRUST, TRUST F/B/O BRAD BLUMENFELD,
    BOXWOOD REALTY GROUP, and DOGWOOD REALTY GROUP
5.  HARVEY COHEN, individually, and as Trustee for EDWARD BLUMENFELD AND SUSAN
    BLUMENFELD CHARITABLE LEAD TRUST, EDWARD AND SUSAN BLUMENFELD 2007
    CHARITABLE LEAD TRUST, and BRAD BLUMENFELD CHARITABLE LEAD TRUST
6.  BLUMENFELD DEVELOPMENT GROUP, LTD.
7.  EDWARD AND SUSAN BLUMENFELD CHARITABLE LEAD TRUST
8.  EDWARD BLUMENFELD & SUSAN BLUMENFELD 2007 CHARITABLE LEAD TRUST
9.  TRUST F/B/O SUSAN BLUMENFELD
10. SUSAN BLUMENFELD GST TRUST
11. TRUST F/B/O DAVID BLUMENFELD
12. EDWARD BLUMENFELD & SUSAN BLUMENFELD, GUARDIANS FOR DAVID
    BLUMENFELD NY UGMA
13. BRAD BLUMENFELD CHARITABLE LEAD TRUST
14. TRUST F/B/O BRAD BLUMENFELD
15. EDWARD BLUMENFELD & SUSAN BLUMENFELD, GUARDIANS FOR BRAD
    BLUMENFELD NY UGMA
16. THE BRAD BLUMENFELD FAMILY FOUNDATION
17. THE EDWARD AND SUSAN BLUMENFELD FOUNDATION
18. BULL MARKET FUND
19. EDWARD BLUMENFELD ET AL II
20. DWD ASSOCIATES, LLC
21. BDG DWD ASSOCIATES, LLC
22. EDB CAPITAL, LLC
23. DOUBLE B SQUARED, LLC
24. EDWARD BLUMENFELD GERALD Y MORDFIN ET AL
25. DOGWOOD REALTY GROUP
26. EDWARD BLUMENFELD ET AL
27. LAGUARDIA CORPORATE CENTER ASSOCIATES, L.P.
28. LAGUARDIA CORPORATE CENTER ASSOCIATES, LLC

29. BOXWOOD REALTY GROUP
30. SOUTH SEA HOLDINGS, L.P.
31. BDG PISCATAWAY, LLC
32. BDG KINGSBRIDGE, LLC
33. BWI (A/K/A BLUMENFELD WEINSTEIN INC.)
34. SUSAN BLUMENFELD INTERIORS, LTD.
35. BDG CONSTRUCTION CORP.
36. DAVID BLUMENFELD FARMINGDALE TRUST
37. THE DAVID BLUMENFELD FAMILY TRUST
38. BRAD BLUMENFELD FARMINGDALE TRUST
39. 45 SOUTH SERVICE ROAD, LLC
40. BCC II, LLC
41. BDG COMMACK, LLC
42. BDG DEER PARK ASSOCIATES, LLC
43. BDG LAKE GROVE I, LLC
44. BDG LARKFIELD ASSOCIATES, LLC
45. CHARLESTON ENTERPRISES, LLC
46. DANIEL LAND CO., LLC
47. BDG DANIEL STREET, LLC
48. GOTHAM PLAZA ASSOCIATES, LLC
49. BDG 125TH STREET, LLC
50. 10 MICHAEL DRIVE ASSOCIATES, L.P.
51. 500 BI-COUNTY ASSOCIATES, L.P.
52. ARC-BDG SETAUKET ENTERPRISE
53. BLUMCO SETAUKET, LLC
54. COBLUM SETAUKET, LLC
55. BDG 115 BROADHOLLOW, L.P.
56. MAXROB, L.P.
57. B-4 PARTNERSHIP
58. 125 BETHPAGE ASSOCIATES
59. BDG YAPHANK, LLC

Exhibit B-1
Defendant Customer Claims

| Customer Claimholder Defendant | Claim Number | Net Equity Value of Defendant Customer Claim |
|---|---|---|
| Edward Blumenfeld | 011805 | $3,231,265.30 |
| Edward Blumenfeld et al | 011056 | $1,202,500.00 |
| EDB LLC | 009054 009066 | $5,792,400.00 |
| DWD Associates LLC | 008496 | $5,980,000.00 |
| Trust F/B/O Susan Blumenfeld | 009141 | $530,325.48 |
| Susan Blumenfeld Interiors Ltd. Profit Sharing Plan and Trust II | 009140 | $123,795.00 |
| Susan Blumenfeld Interiors Ltd Profit Sharing Plan and Trust | 009844 | $133,660.00 |
| The Edward Blumenfeld and Susan Blumenfeld 2007 Charitable Lead Trust | 009055 009067 | $6,994,363.31 |
| David Blumenfeld | 011796 | $340,000.00 |
| Brad A. Blumenfeld | 011047 | $3,910,000.00 |
| The Brad Blumenfeld Charitable Lead Trust | 009052 009079 | $910,000.00 |
| Brad Blumenfeld Family Foundation | 009049 009065 | $200,000.00 |
| | **TOTALS:** | $29,348,309.09 |

Exhibit B-2
Determined Claims

| Determined Claimholder Defendant | Claim Number | Date of Determination Letter | | Date of Objection | Docket Number of Objection |
|---|---|---|---|---|---|
| Edward Blumenfeld | 011057 | 8/3/2010 | | 12/13/2010 | 3418 |
| Boxwood Realty Group | 011799 | 10/19/2009 | | 11/13/2009 | 759 |
| The Edward and Susan Blumenfeld Foundation | 011055 | 10/19/2009 as re-determined on 11/18/2010 | * | 11/13/2009 | 756 |
| Double B Squared LLC | 011054 | 10/19/2009 | | 11/13/2009 | 757 |
| South Sea Holdings, L.P. | 011059 | 10/19/2009 | | 11/13/2009 | 758 |
| Susan Blumenfeld | 011795 | 4/28/2010 as re-determined on 11/18/2010 | * | 10/7/2010 | 3027 |
| Susan Blumenfeld | 011800 | 4/26/2010 | | 10/7/2010 | 3029 |
| The Susan Blumenfeld GST Trust | 009051 009063 | 8/3/2010 | | 9/16/2010 | 2991 |
| The Edward Blumenfeld and Susan Blumenfeld Charitable Lead Trust | 009050 009068 | 9/22/2010 | | 10/7/2010 | 3028 |
| David Blumenfeld | 011220 | 4/26/2010 | | 10/7/2010 | 3026 |
| Trust f/b/o David Blumenfeld | 011804 | 10/19/2009 as re-determined on 11/22/2010 | * | 11/12/2009 | 732 |
| Trust f/b/o Brad Blumenfeld | 009142 | 9/16/2010 | | 12/13/2010 | 3419 |
| Brad Blumenfeld | 011797 | 9/10/2010 | | 9/16/2010 | 2990 |
| Bull Market Fund | 009840 | 10/5/2010 | | 11/3/2010 | 3097 |

* These claims were re-determined solely due to a change in the net equity, based on new account information which became available.

Ex B-2-1

Exhibit C
Notice of Withdrawal of Objection

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

Edward Blumenfeld (the "Claimant"), having filed an objection (the "Objection", Docket No. 3418) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim (#011057), hereby gives notice that he withdraws such Objection.

Dated: _____, 2014

                            _____
                            Seth L. Rosenberg, Esq. on behalf of Edward
                            Blumenfeld
                            Clayman & Rosenberg LLP
                            305 Madison Avenue
                            New York, NY 10165
                            T: 212.922.1080

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

## NOTICE OF WITHDRAWAL OF OBJECTION

Boxwood Realty Group (the "Claimant"), having filed an objection (the "Objection", Docket No.

759) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim

(#011799), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　Seth L. Rosenberg, Esq. on behalf of Boxwood
　　　　　　　　　　　　　Realty Group
　　　　　　　　　　　　　Clayman & Rosenberg LLP
　　　　　　　　　　　　　305 Madison Avenue
　　　　　　　　　　　　　New York, NY 10165
　　　　　　　　　　　　　T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>          Plaintiff-Applicant, <br><br>       v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |

## NOTICE OF WITHDRAWAL OF OBJECTION

The Edward and Susan Blumenfeld Foundation (the "Claimant"), having filed an objection (the "Objection", Docket No. 756) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim (#011055), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

                        Seth L. Rosenberg, Esq. on behalf of The
                        Edward and Susan Blumenfeld Foundation
                        Clayman & Rosenberg LLP
                        305 Madison Avenue
                        New York, NY 10165
                        T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## NOTICE OF WITHDRAWAL OF OBJECTION

Double B Squared, LLC (the "Claimant"), having filed an objection (the "Objection", Docket

No. 757) to the Trustee's Notice of Determination of Claim respecting Claimant's customer

claim (#011054), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

_____
Seth L. Rosenberg, Esq. on behalf of Double B
Squared, LLC
Clayman & Rosenberg LLP
305 Madison Avenue
New York, NY 10165
T: 212.922.1080

{11011743:3}

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff-Applicant,

         v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

South Sea Holdings, L.P. (the "Claimant"), having filed an objection (the "Objection", Docket

No. 758) to the Trustee's Notice of Determination of Claim respecting Claimant's customer

claim (#011059), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

                                  Seth L. Rosenberg, Esq. on behalf of
                                  South Sea Holdings, L.P.
                                  Clayman & Rosenberg LLP
                                  305 Madison Avenue
                                  New York, NY 10165
                                  T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

                  Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                  Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

Susan Blumenfeld (the "Claimant"), having filed an objection (the "Objection", Docket No.

3027) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim

(#011795), hereby gives notice that she withdraws such Objection.

Dated: _____, 2014

                                 Seth L. Rosenberg, Esq. on behalf of
                                 Susan Blumenfeld
                                 Clayman & Rosenberg LLP
                                 305 Madison Avenue
                                 New York, NY 10165
                                 T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

          Plaintiff-Applicant,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

          Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

Susan Blumenfeld (the "Claimant"), having filed an objection (the "Objection", Docket No.

3029) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim

(#011800), hereby gives notice that she withdraws such Objection.

Dated: _____, 2014

                          _____
                          Seth L. Rosenberg, Esq. on behalf of
                          Susan Blumenfeld
                          Clayman & Rosenberg LLP
                          305 Madison Avenue
                          New York, NY 10165
                          T: 212.922.1080

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff-Applicant,

            v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

The Susan Blumenfeld GST Trust (the "Claimant"), having filed an objection (the "Objection",

Docket No. 2991) to the Trustee's Notice of Determination of Claim respecting Claimant's

customer claims (#009063 and #009051), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

                    _____
                    Seth E. Rosenberg, Esq. on behalf of
                    The Susan Blumenfeld GST Trust
                    Clayman & Rosenberg LLP
                    305 Madison Avenue
                    New York, NY 10165
                    T: 212.922.1080

{11011743;3}

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

       v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

David Blumenfeld (the "Claimant"), having filed an objection (the "Objection", Docket No.

3026) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim

(#011220), hereby gives notice that he withdraws such Objection.

Dated: _____, 2014

                        _____
                        Seth L. Rosenberg, Esq. on behalf of
                        David Blumenfeld
                        Clayman & Rosenberg LLP
                        305 Madison Avenue
                        New York, NY 10165
                        T: 212.922.1080

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

### NOTICE OF WITHDRAWAL OF OBJECTION

The Edward Blumenfeld and Susan Blumenfeld Charitable Lead Trust (the "Claimant"), having

filed an objection (the "Objection", Docket No. 3028) to the Trustee's Notice of Determination

of Claim respecting Claimant's customer claims (#009050 and #009068), hereby gives notice

that it withdraws such Objection.

Dated: _____, 2014

Seth L. Rosenberg, Esq. on behalf of
The Edward Blumenfeld and Susan
Blumenfeld Charitable Lead Trust
Clayman & Rosenberg LLP
305 Madison Avenue
New York, NY 10165
T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## NOTICE OF WITHDRAWAL OF OBJECTION

Trust f/b/o David Blumenfeld (the "Claimant"), having filed an objection (the "Objection",

Docket No. 732) to the Trustee's Notice of Determination of Claim respecting Claimant's

customer claim (#011804), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

_____
Seth L. Rosenberg, Esq. on behalf of
Trust f/b/o David Blumenfeld
Clayman & Rosenberg LLP
305 Madison Avenue
New York, NY 10165
T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

              Plaintiff-Applicant,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

             Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

Trust f/b/o Brad Blumenfeld (the "Claimant"), having filed an objection (the "Objection",

Docket No. 3419) to the Trustee's Notice of Determination of Claim respecting Claimant's

customer claim (#009142), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

                                _____
                                Seth L. Rosenberg, Esq. on behalf of
                                Trust f/b/o Brad Blumenfeld
                                Clayman & Rosenberg LLP
                                305 Madison Avenue
                                New York, NY 10165
                                T: 212.922.1080

{11011743:3}

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## NOTICE OF WITHDRAWAL OF OBJECTION

Brad Blumenfeld (the "Claimant"), having filed an objection (the "Objection", Docket No. 2990) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim (#011797), hereby gives notice that he withdraws such Objection.

Dated: _____, 2014

_____
Seth L. Rosenberg, Esq. on behalf of
Brad Blumenfeld
Clayman & Rosenberg LLP
305 Madison Avenue
New York, NY 10165
T: 212.922.1080

{11011743:3}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiff-Applicant,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## NOTICE OF WITHDRAWAL OF OBJECTION

Bull Market Fund (the "Claimant"), having filed an objection (the "Objection", Docket No.

3097) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim

(#009840), hereby gives notice that it withdraws such Objection.

Dated: _____, 2014

                           _____

                           Seth L. Rosenberg, Esq. on behalf of
                           Bull Market Fund
                           Clayman & Rosenberg LLP
                           305 Madison Avenue
                           New York, NY 10165
                           T: 212.922.1080

Exhibit D
Non-Defendant Additional Releasees

1.  BDG LEROY, LLC
2.  SUSAN BLUMENFELD INTERIORS, LTD. PROFIT SHARING PLAN AND TRUST
3.  SUSAN BLUMENFELD INTERIORS, LTD. PROFIT SHARING PLAN AND TRUST II
4.  LUCAS BLUMENFELD TRUST
5.  MAX BLUMENFELD TRUST
6.  FISHER DAVIS BLUMENFELD TRUST
7.  ARDENWOOD ENTERPRISES
8.  BDG OF HAUPPAUGE, LLC
9.  BDG 45 KNIGHTSBRIDGE, LLC
10. EDWARD BLUMENFELD ET AL 45 KNIGHTSBRIDGE
11. BLUE CANYON 1800 L.P.
12. B CAPITAL, LLC
13. B.E.D. REALTY I
14. BLU ART ASSOCIATES
15. BRAD BLUMENFELD TRUST
16. DAVID BLUMENFELD TRUST
17. BDG AIRCHARTER, INC.
18. BDG MLJF, INC.
19. ANNA BLUMENFELD
20. FRANCIE SWIFT
21. JONATHAN COHEN
22. DAVID KAPLAN
23. ANNA MARIA ASSUMPCAO
24. 4th & Forty, LLC
25. W.D.I., LLC
26. HEATHER COHEN
27. ROBERTA COHEN
28. SANDY COHEN
29. MICHAEL DEJOSEPH
30. DAVID ENNIS
31. ANTHONY GALU
32. DEBRA BLUM
33. SUSAN HYMAN
34. ANDREW KATZ
35. BARRY & DIANE KATZ REVOCABLE TRUST
36. BARBARA LIOTTA
37. NELSON LOPEZ
38. NICHOLAS G. LOPEZ
39. THE ESTATE OF STANLEY MILLER
40. DAN MISHAEL

41. GERALD MORDFIN
42. EDWARD MOSKOWITZ
43. ERIC NYSTROM
44. MARISSA NYSTROM
45. EVE QUELER
46. R.C. DOLNER, LLC
47. MARY RIVAS
48. NINA RUNSDORF
49. THE ESTATE OF HAROLD SILVERMAN
50. Any and all existing or former partners of the Bull Market Fund

Exhibit E

DWD Letter


_____, 201_

U.S. Department of Justice
United States Attorney- Southern District of New York
[PROPER CONTACT TO BE DETERMINED]

     **Re:   DWD Associates, LLC**

Dear [_____]:

     I write this letter in my capacity as Trustee under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 case of Bernard L. Madoff ("Madoff") pending before the United States Bankruptcy Court for the Southern District of New York.  I understand that, pursuant to that certain Preliminary Order of Forfeiture (Final as to the Defendant) entered in U.S.A. v. Bernard L. Madoff, S.D.N.Y. 09 Cr. 213(DC), the District Court for the Southern District of New York ordered that Madoff forfeit, among other things, "any and all ownership interest held in the name of Ruth Madoff or Bernard Madoff in the assets of . . . DWD Associates, LLC" ("DWD").  In connection with litigation I commenced against DWD and certain other related persons and entities in 2010, my attorneys reviewed a transfer from BLMIS to DWD on December 5, 2008, the funds for which came solely from BLMIS.  Based on that review, I am writing this letter to acknowledge that, to the best of my knowledge, information and belief, Ruth Madoff did not acquire an interest in DWD by virtue of that transfer and none of Ruth Madoff, Madoff, or BLMIS properly acquired or held as an owner any interest of any kind in DWD, beneficial or otherwise.  The litigation against DWD was recently settled in a matter which fully resolves and terminates the Trustee's asserted fraudulent transfer claims for the recovery of the $11 million claimed to have been transferred by BLMIS to DWD on December 5, 2008.


         Best regards,



         Irving H. Picard, Trustee


Cc:   Howard L. Simon, Windels Marx Lane & Mittendorf, LLP
      William P. Weintraub, Goodwin Proctor, LLP
      Seth L. Rosenberg, Clayman & Rosenberg LLP