**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMorgan CHASE CO., JPMorgan CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, and J.P. MORGAN SECURITIES LTD.,<br><br>    Defendants. | Adv. Pro. No. 10-4932 (SMB) |

**ORDER DENYING APPLICATION FOR PARTIAL REFUND**
**OF PRIOR SETTLEMENT PAYMENTS**

On January 28, 2014, SPV Optimal SUS Ltd. ("SPV") submitted a limited response to the proposed settlement agreement between the Trustee and JPMorgan Chase & Co., which sought a partial refund of prior settlement payments made to Irving H. Picard, SIPA trustee (the "Trustee"), by Optimal Strategic U.S. Equity Ltd. ("SUS") and Optimal Arbitrage Ltd.

("Arbitrage") under which SUS and Arbitrage paid the Trustee the aggregate sum of $233,750,000 in June 2009 (the "Optimal Settlement").  ECF No. 42.  In its response to the proposed JPMorgan Settlement, SPV argued that the most favored nation ("MFN") clause of the Optimal Settlement was triggered by the Trustee's settlement with above-captioned defendants (collectively, "JPMorgan") in which JPMorgan paid the estate $325 million (the "JPMorgan Settlement"), thus entitling SPV to a partial refund from the Optimal Settlement payment.  Solus Recovery Fund LP filed a joinder in SPV's response.  ECF No. 48.  SPV and Solus ("Solus," and together with SPV, the "Applicants") are successors in interest to SUS and Arbitrage.  The Trustee filed a reply to SPV's request, opposing a partial refund of the Optimal Settlement on January 31, 2014.  ECF No. 45.

On February 4, 2014, this Court held a hearing concerning the JPMorgan Settlement, during which it heard brief argument on whether the JPMorgan Settlement entitled the Applicants to partial refunds based on the MFN clause. The Court concluded that at least two factors in the MFN clause were ambiguous and suggested that extrinsic evidence on these terms may be necessary.  The parties thereafter exchanged documents, submitted factual affidavits of the two principal negotiators for the Trustee and Optimal during the settlement, and deposed the two principal negotiators.

On June 27, 2014, SPV filed a brief in Support of Application of the Equal Treatment Provision to the Settlement Agreement Between the Trustee and JPMorgan Chase & Co., and Solus filed a joinder.  ECF Nos. 65, 69.  Also on June 27, 2014, the Trustee filed the Trustee's Memorandum of Law Opposing Refund to Optimal Under the "Most Favored Nation" Provision of the Optimal Settlement.  ECF No. 71.

On July 30, 2014, the Court held an evidentiary hearing, including testimony of the two principal negotiators and argument concerning the parties' intent when entering the Optimal Settlement. On October 10, 2014, the Court entered Post-Trial Findings of Fact and Conclusions of Law Denying Application for Partial Refund of Prior Settlement Payments (the "Decision"), ECF No. 77, finding that the JPMorgan Settlement did not trigger the Applicants' right to refunds.

For the reasons set forth in this Court's October 10, 2014 Decision, which is incorporated herein and made a part hereof, it is hereby **ORDERED** that the Applicants' request for partial refunds of prior settlement payments made by SUS and Arbitrage is **DENIED**.

Dated: October ___, 2014
      New York, New York

                                                                                                                 _____
                                                                                                                HON. STUART M. BERNSTEIN
                                                                                                                UNITED STATES BANKRUPTCY JUDGE