# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

October 21, 2014

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC,* No. 08-01789 (SMB);
      *Picard v. Merkin*, Adv. Pro. No. 09-01182 (SMB)

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff, plaintiff in the above-referenced adversary proceeding (the "Merkin Action"). We write in response to a letter dated October 17, 2014 submitted to your Honor by Reed Smith LLP on behalf of all defendants to the Merkin Action (the "Defendants' Letter"). For the reasons that follow, the decision referenced in the Defendants' Letter, *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, No. 12-cv-5081, 2014 WL 4942279 (2d Cir. Oct. 3, 2014) ("*Acumen*"), has no bearing on the Trustee's pending motion for Rule 54(b) certification.

    The *Acumen* case involved a single claim for breach of contract and an unspecified damages amount with respect to the alleged breach. *Acumen*, 2014 WL 4942279, at *2. In support, the *Acumen* plaintiff alleged five theories, four of which were dismissed by the district court. *Id.* at *3. The district court thereafter certified for immediate appeal its dismissal of the four breach of contract theories under the rationale that each theory was a separate "claim" for purposes of Rule 54(b). *Id.* The Second Circuit reversed, holding that "the five theories of breach do not qualify as separate claims under any of the tests enunciated by our Circuit." *Id.* at *7.

Honorable Stuart M. Bernstein
October 21, 2014
Page 2

The Trustee's claims in the Merkin Action are provided for by federal and state statutes, including sections 544, 547, 548(a)(1)(A), 548(a)(1)(B), 550, and 551 of the Bankruptcy Code and relevant sections of the NYDCL. By their terms, these are separate causes of action seeking a judgment on different claims. Indeed, the standards that the Trustee must meet with respect to pleading and proof to recover under each statutory provision differ widely, as this Court found its decision of August 12, 2014 (the "Decision"). No basis exists to suggest that the Trustee's statutory causes of action are merely "different theories" of liability under a single claim. Thus, the *Acumen* decision is irrelevant to the issues before this Court.

Naturally, the Trustee's claims arise out of a core nucleus of facts—the Defendants' lengthy relationship with BLMIS and their maintenance of BLMIS customer accounts. But no court has held that element alone to be dispositive for purposes of Rule 54(b) and the *Acumen* court does not suggest otherwise. The claims dismissed by this Court in the Decision are legally distinct and independent of those that remain to be litigated. Thus, Rule 54(b) certification here is not only appropriate but is consistent with *Acumen* and the authorities cited by that Court. *See Acumen*, 2014 WL 4942279, at *5 (citing *Hudson River Sloop Clearwater Inc. v. Dep't of Navy*, 891 F.2d 414, 417 (2d Cir. 1989) (affirming Rule 54(b) certification where legal issues of dismissed claims were "wholly different" than remaining claims, although a similar factual underpinning existed for all claims)); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436-37 (1956) (holding four counts in complaint to be separate claims under Rule 54(b) where first count was asserted under antitrust laws for injury to three commercial ventures and remaining counts were asserted under common law for injuries sustained by each individual venture).

Lastly, while the *Acumen* plaintiff sought a single damages amount, the amounts sought by the Trustee differ for each claim and are separately and specifically identified in the Trustee's pleadings. *See* Third Amended Complaint, ECF No. 151; *Acumen*, 2014 WL 4942279, at *5. For all of the foregoing reasons, the Trustee submits that the *Acumen* decision is neither dispositive of nor relevant to the issues before the Court on the Trustee's motion for Rule 54(b) certification.

Respectfully,


*/s/ David J. Sheehan*

David J. Sheehan



300339211.2

Honorable Stuart M. Bernstein
October 21, 2014
Page 3

cc:

Andrew J. Levander, Esq.
Neil A. Steiner, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

David L. Barrack, Esq.
Judith A. Archer, Esq.
Jami Mills Vibbert, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103

Casey D. Laffey, Esq.
Jordan Siev, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Douglas Hirsch, Esq.
Jennifer Rossan, Esq.
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, New York 10176

300339211.2