BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Presentment Date: November 4, 2014
Time: 12:00 p.m.

Objections Due: November 4, 2014
Time: 11:00 a.m.

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S APPLICATION FOR AN ORDER APPROVING
THE RETENTION OF SPIZZ COHEN & SERCHUK, P.C.
AS SPECIAL COUNSEL *NUNC PRO TUNC* AS OF OCTOBER 1, 2014**

Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] and the estate of Bernard L. Madoff

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

(together, the "Debtor"), by and through his undersigned counsel, for his Application (the "Application") for authority to retain special counsel as of October 1, 2014, respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this SIPA liquidation case and this Application are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2014.

## Background

3. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

4. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

5. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

    a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

---

[2] *See* section 78*lll*(7)(B) of SIPA.

    b) appointed Baker & Hostetler LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

6. Certain issues have arisen in the Trustee's claims that require knowledge of New York probate, trusts and estates law. In this regard, on June 26, 2014, the Court approved the Trustee's application to retain Cochran Allen to replace Greenfield, Stein & Senior, LLP as the Trustee's special, general probate, trusts and estates counsel. The Trustee has determined that it is in the best interest of the estate to also retain Spizz Cohen & Serchuk, P.C. ("SCS") as special probate, trusts and estates litigation counsel to assist the Trustee with potential litigation in New York State Surrogate's Court concerning the Trustee's claims against the Estates of Andrew and Mark Madoff (No. 09-01503) (the "Adversary Proceeding") and on other trusts and estates-related issues particular to the Adversary Proceeding. The Trustee will coordinate the efforts of Cochran Allen and SCS so that there will be no duplication of efforts between the firms.

## Relief Requested

7. The Trustee has determined that it will be necessary to engage counsel to assist the Trustee with potential litigation in New York State Surrogate's Court concerning the Adversary Proceeding and provide trusts and estates-related legal advice particular to the Adversary Proceeding. Such legal counsel will enable the Trustee to carry out his duties in this SIPA liquidation proceeding. The Trustee, therefore, proposes to retain and employ SCS as its special counsel with regard to the Adversary Proceeding effective *nunc pro tunc* as of October 1, 2014.

8. The Trustee seeks to retain SCS as special counsel because of its knowledge and expertise in the probate, trusts, and estates laws of the State of New York and experience practicing before the New York State Surrogate's Court.

3

9. The services of SCS are necessary and essential to enable the Trustee to execute faithfully his duties herein.

10. SCS has indicated a willingness to act on the Trustee's behalf to render the foregoing professional services.

11. The Trustee submits that SCS's provision of professional services to the Trustee is permissible under section 78eee(b)(3) of SIPA and is in the best interest of the Debtor's estate and customers and creditors.

12. To the best of the Trustee's knowledge, and except as disclosed in the declaration of disinterestedness of SCS partner Paul Richard Karan, executed on October 9, 2014 and annexed hereto as <u>Exhibit A</u>, the partners of SCS are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate in respect of the matter for which SCS is to be retained. SCS's employment and retention is necessary and in the best interests of the Debtor's estate and its customers and creditors.

13. SCS will be compensated at agreed upon rates, listed below, which reflect a reduction of its normal rates by ten percent (10%). Applications for compensation to SCS will be filed with this Court pursuant to applicable statutes and rules and application orders of this Court. SCS's rate information is as follows:

| Attorney | Standard Rates | Discounted Rates |
|---|---|---|
| Paul Richard Karan | $595.00 | $535.50 |
| Associate | $300.00 | $270.00 |
| Paralegal | $250.00 | $225.00 |

14. SIPC has no objection to this Application and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain SCS as special counsel for the purposes identified herein.

4

**Notice**

15.   Notice of this Application will be provided by U.S. Mail, postage prepaid or email to (i) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560) (collectively, the "Notice Parties"). The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of <u>Exhibit B</u> hereto, (a) granting this Application; (b) authorizing the Trustee to employ SCS as special counsel for the purposes described herein as of October 1, 2014; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: New York, New York  
        October 27, 2014

Respectfully submitted,

*/s/ Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakelraw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

5