**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>ROBERT F. GOLD,<br><br>         Defendant. | Adv. Pro. No. 10-04670 (SMB) |

## STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually, and defendant Robert F. Gold ("Defendant"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in the Trustee's Complaint in the above-captioned adversary proceeding, BLMIS made certain initial transfers to or for the benefit of the Defendant relating to an account Defendant held at BLMIS (the "Initial Transfers");

**WHEREAS**, in Counts One to Seven of the Trustee's Complaint, the Trustee seeks to avoid and recover from the Defendant the Initial Transfers or their value as fraudulent and/or preferential pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and sections 273 through 279 the New York Debtor and Creditor Law (the "DCL"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS**, the Defendant raises certain defenses to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this stipulation to avoid unnecessary litigation over discovery disputes in the interest of efficiency;

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. The Defendant maintained an account at BLMIS denominated as "NTC & Co. FBO Robert F. Gold" (the "Account").

2. Exhibit B to the Trustee's Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects the complete history of the transactions affecting the principal balance calculation for the Account.

3. Over the life of the Account, the Defendant withdrew $1,377,000 from the Account, which consisted of $190,238 of principal and $1,186,762 in excess of principal.

4. Between December 11, 2006 and December 11, 2008, the Defendant withdrew from the Account $820,000 in excess of principal.

5. Between December 11, 2002 and December 11, 2008, the Defendant withdrew from the Account $1,186,762 in excess of principal.

2

6. By executing this Stipulation, the Defendant in no way concedes or admits liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA or any other applicable law.

7. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to the Defendant, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

8. This Stipulation is without prejudice to Defendant's right to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above and to oppose the adjustments made by the Trustee to the amounts of the transfers into the Account on dates prior to December 11, 2002, as shown on Exhibit 1 (Exhibit B to the Trustee's Complaint) at Lines 1 and 2, column 3, footnotes 1 and 2, based on statute of limitation grounds.

Dated:     New York, New York
           October 28, 2014

| | |
|---|---|
| *s/Marc E. Hirschfield* | *s/ Samuel B. Mayer* |
| **BAKER & HOSTETLER LLP** | **SAMUEL B. MAYER, ESQ.** |
| 45 Rockefeller Plaza | 427 Bedford Road #250 |
| New York, NY 10111 | Pleasantville, NY 10570 |
| Telephone: (212) 589-4200 | Telephone: (914) 487-7344 |
| Facsimile: (212) 589-4201 | Facsimile: (914) 487-7327 |
| David J. Sheehan | Email: mayers@whiteandwilliams.com |
| Email: dsheehan@bakerlaw.com | |
| Oren J. Warshavsky | *Attorney for Defendant Robert F. Gold* |
| Email: owarshavsky@bakerlaw.com | |
| Marc E. Hirschfield | |
| Email: mhirschfield@bakerlaw.com | |
| Tatiana Markel | |
| Email: tmarkel@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC
and the estate of Bernard L. Madoff*

SO ORDERED this 30th day of October , 2014.

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4