**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04857 (SMB) |
| Plaintiff, | |
| v. | |
| ABG PARTNERS; BRUCE GRAYBOW; and STEVEN GRAYBOW, | |
| Defendants. | |

**STIPULATION AND ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE 7041 DISMISSING DEFENDANT STEVEN GRAYBOW
FROM ADVERSARY PROCEEDING WITHOUT PREJUDICE**

WHEREAS, on December 2, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding

(the "Adversary Proceeding") against Steven Graybow ("Defendant"), among other defendants, in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Defendant submitted a hardship application to the Trustee (the "Hardship Application") requesting that the Trustee agree to dismiss Defendant from the Adversary Proceeding.  In support of his Hardship Application, Defendant included financial information and other materials, all under penalty of perjury;

WHEREAS, in reliance on the representations made by Defendant in his Hardship Application and other representations and/or materials submitted by Defendant in support of his Hardship Application, the Trustee in the exercise of his due and deliberate discretion has agreed to dismiss Defendant from this Adversary Proceeding without prejudice under certain terms as set forth in this Stipulation;

IT IS HEREBY agreed and stipulated between the Trustee and Defendant as follows:

1. In accordance with Federal Rule of Bankruptcy 7041(a)(1)(ii), and Federal Rule of Civil Procedure 41(a)(1), the Parties hereby stipulate to a dismissal without prejudice of the Trustee's claims against Defendant in the Adversary Proceeding.

2. Defendant hereby affirms (i) that all representations made by Defendant and all materials provided by Defendant have been submitted by Defendant as true and correct under penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss the Adversary Proceeding.

3. Defendant hereby agrees that to the extent it is subsequently determined that Defendant deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with her Hardship Application or dismissal of the Adversary Proceeding, the Defendant hereby agrees (i) that the Trustee shall

2

have the right to reinstitute the Adversary Proceeding against Defendant and/or pursue other remedies available to him and (ii) that Defendant agrees that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

4. Defendant hereby agrees that in the Trustee's sole discretion, this Stipulation and Order shall be voidable at the election of the Trustee and the Trustee can move to amend the Adversary Proceeding to include Defendant as a defendant and/or file a separate adversary proceeding and/or pursue other remedies available to him. Should the Trustee move to amend the Adversary Proceeding to add Defendant as a defendant and/or file a separate adversary proceeding against Defendant in order to reinstate his claims against Defendant, Defendant also agrees that this Stipulation and Order shall also operate as, and is, a tolling agreement and Defendant waives all defenses based on statute of limitations, laches, estoppel, waiver, and any other time-based defense or right in connection with any such actions or claims.

5. Defendant represents that he has had ample opportunity to review and discuss this Stipulation and Order with counsel and has knowingly elected not to do so.

6. Defendant agrees that he shall make himself reasonably available to the Trustee in connection with the settlement or other resolution of the Adversary Proceeding to the extent the Trustee determines in his sole discretion that Defendant's cooperation is required to effectuate any settlement or resolution.

7. Except as set forth in Paragraph (4) above, the Parties reserve all rights, claims, and defenses they may have, and entry into this Stipulation and Order shall not impair or

3

otherwise affect such rights, claims, and defenses. Nothing contained in this Stipulation and order can or shall be construed as an adjudication on the merits of claims that the Parties may have against each other or any other party, or as an admission or acknowledgement of any claim or defense as against the other by either Party.

8.  This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument.  A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

9.  Upon the dismissal of Defendant, the caption of the Adversary Proceedings is hereby amended to delete Defendant from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

10. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date:  November 4, 2014

| | |
|---|---|
| IRVING H. PICARD, TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC<br><br>By: /s/ *Nicholas J. Cremona*<br>David J. Sheehan<br>Marc E. Hirschfield<br>Nicholas J. Cremona<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* | By: /s/ Steven Graybow<br>**STEVEN GRAYBOW**<br>2001 Norway Pine Circle<br>Minnetonka, Minnesota 55345<br>Telephone: (612) 644-9000<br>Email: steven@graybowns.com<br><br>*Pro Se Defendant* |

**SO ORDERED:**

**By: /s/ STUART M. BERNSTEIN**          **Date:  November 4th 2014**
   **HON. STUART M. BERNSTEIN**
   **UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT A**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> ABG PARTNERS and BRUCE GRAYBOW, <br><br> Defendants. | Adv. Pro. No. 10-04857 (SMB) |