**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, NY  10111  
Telephone: (212) 589-4200  
Facsimile:  (212) 589-4201  

Hearing Date: November 19, 2014  
Time:  10:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Substantively Consolidated estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br> v.<br><br>DEFENDANTS IN  ADVERSARY PROCEEDINGS LISTED ON EXHIBIT 1 ATTACHED HERETO,<br><br>        Defendants. | Adv. Pro. Nos. listed on Exhibit 1 Attached Hereto |

**TRUSTEE'S RESPONSE TO LIMITED OBJECTIONS TO**
**PROPOSED ORDER CONCERNING FURTHER PROCEEDINGS**
**ON EXTRATERRITORIALITY MOTION AND TRUSTEE'S OMNIBUS**
**MOTION FOR LEAVE TO REPLEAD AND FOR LIMITED DISCOVERY**

Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), individually, by and through his counsel, respectfully submits this response ("Response") to the limited objections filed by UBS AG, UBS (Luxembourg) SA, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company SA (collectively, "UBS") (Adv. Pro. No. 10-05311-smb, Docket No. 181; Adv. Pro. No. 10-04285, Docket No. 178), and Merrill Lynch International ("MLI") (Adv. Pro. No. 10-05346-smb, Docket No. 64) (collectively, the "Limited Objections") to the proposed order (the "Proposed Order") submitted as Exhibit A to the Notice of Presentment of Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (Adv. Pro. No. 08-01789, Docket No. 8249); as well as the statement in response to the Proposed Order submitted by Legacy Capital Ltd., Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos LLC, Khronos Capital Research LLC, and Montpellier Resources Ltd., (collectively, the "Legacy Defendants") (Adv. Pro. No. 10-05286-smb, Docket No. 92) (the "Statement").

In support of his Response to the Limited Objections and Statement, the Trustee respectfully states as follows:

## INTRODUCTION

1. On September 17, 2014, this Court held a conference to discuss further proceedings to be conducted in the Returned Proceedings[1] pursuant to the Extraterritoriality Order and the Trustee's motion for limited discovery and leave to replead, and directed the

---

[1] Unless otherwise indicated, defined terms have the same meaning as set forth in the Proposed Order.

1

parties to confer on a coordinated procedure and briefing schedule with respect to the same.

2. The Trustee and coordinating counsel on behalf of defendants worked diligently and cooperatively in drafting the Proposed Order. The Proposed Order sets forth an orderly and efficient procedure for this Court to address on a consolidated basis multiple common legal issues raised in the parties' respective motions requiring application to the individualized facts of more than 100 separate cases involving several hundred defendants. The Proposed Order also expressly provides for an accelerated briefing schedule which, among other things, obligates the Trustee to submit proffered allegations and/or amended complaints in all of these proceedings in a very short time frame.

3. The Proposed Order was extensively negotiated over several weeks, and was circulated to all of the defendants for comment and suggestions to be incorporated before presentation to the Court. After filing of the Notice of Presentment, all defendants had the opportunity to object to the procedures set forth in the Proposed Order.

4. At the end of the process, only two limited objections to the Proposed Order were filed by UBS and MLI taking issue with Paragraph 7. Paragraph 7 was specifically negotiated to avoid exponentially complicating the process and burdening the parties and the Court with unnecessary motions pertaining to confidentiality designations and/or motions to seal or to redact complaints or proffered allegations given the scope of the submissions under the Proposed Order, the expedited nature of the briefing, and the sheer number of parties involved,.

5. Paragraph 7 is not an attempt to "relitigate" the Litigation Protective Order dated June 6, 2011 (the "LPO"). Rather it specifies that it is not a violation of the LPO for the Trustee to form general allegations from documents designated as "Confidential Material" so long as the source of the information is not publicly disclosed.

6. The fact that all of the other parties to the proceedings identified on Exhibits A, B, and C to the Proposed Order had the opportunity to review and comment on the Proposed Order and have not filed any similar objections is the best evidence of the reasonableness of the provision. Moreover, the provisions of Paragraph 7 avoid uncertainty concerning the LPO, which advances the parties' mutual goal of expedited briefing and submissions under the Proposed Order.

7. As for the "Statement" filed by the Legacy Defendants, they appear to seek to "opt out" of the procedures set forth in the Proposed Order or alternatively argue they are not covered by the Proposed Order. However, they articulate no valid reason as to why they should be excluded from the procedures set forth in the Proposed Order to resolve the Trustee's omnibus motion for, among other things, leave to replead.

8. Accordingly, for the reasons set forth below, the Trustee respectfully submits that the Objections should be overruled and the Proposed Order entered.

**BACKGROUND**

9. Prior to the filing of his complaints in 2009 and 2010, the Trustee received many document productions made pursuant to various individual confidentiality agreements and/or protective orders. Many of the defendants, including UBS and MLI, blanket-designated their entire document productions as "confidential," without exception and without regard to the specific contents of the documents or any portion therein.

10. In December 2010, the Trustee was preparing to file many of his complaints against initial and subsequent transferees. The over-designation of documents as "confidential" by many defendants and third parties led to protracted negotiations regarding de-designation of these materials as confidential, many of which could not be resolved prior to the expiration of

statutes of limitation. Accordingly, certain complaints and related documents were filed by the Trustee under seal or in redacted form, in accordance with the Bankruptcy Court's November 10, 2010 Order Approving the Litigation Case Management Procedures. (Adv. Pro. No. 08-01789, Docket No. 3141).

11. On February 11, 2011, members of the press requested a conference with the Bankruptcy Court to discuss unsealing certain complaints and related documents. Judge Lifland thereafter ordered that all interested parties file letter submissions with the Bankruptcy Court, setting forth the grounds for maintaining redactions of names of parties, employees, or other individuals named in the complaints. (Adv. Pro. No. 08-1789, Docket 3897).

12. After considering these submissions, on April 12, 2011, Judge Lifland decided that the defendants—including UBS—with three exceptions, "had not adequately established any harm beyond merely 'embarrassing or prejudicial' association with these Ponzi scheme proceedings, which is not sufficient cause for sealing the complaints," and ordered the Trustee to file the complaints in unsealed and unredacted form.[2] (Adv. Pro. No. 08-01789, Docket No. 4009).

13. Many producing parties, including both UBS and MLI, initially objected to the unsealing of the Trustee's redacted complaints filed in December 2010, arguing they contained information that was designated as "Confidential Material." Later, many defendants, including UBS and MLI agreed that the Trustee could unseal their complaints. (*See Picard v. MLI,* Adv. Pro. No. 10-05346, Docket No. 4; Adv. Pro. No. 08-1789, Docket No. 3917).

---

[2] The three exceptions included protecting the identity of certain charitable defendants, and maintaining the confidentiality of certain know-your-customer programs and anti-money laundering procedures.

4

**CONFIDENTIALITY DESIGNATIONS OF PRODUCTIONS BY UBS AND MLI**

14. As noted above, many of the defendants and third parties utilized blanket designations to mark their document productions to the Trustee as "Confidential Material."

15. For example, UBS and/or its affiliates produced 13,454 documents to the Trustee, initially designating all but 93 as "confidential," even though the productions included newspaper articles and other publicly available documents.

16. To date, UBS and/or its affiliates have only agreed to de-designate another 45 documents of the more than 13,000 produced.[3]

17. MLI similarly designated its entire document production to the Trustee – consisting of 1,315 documents – as "Confidential Material." MLI has since agreed to de-designate 42 of those documents. MLI's production also included newspaper articles and other publicly available documents, including marketing materials sent to its investors, and materials MLI received from relevant initial transferees.

18. In situations where most, if not all, of the documents produced by the defendants or their affiliates have been designated confidential, before the Trustee can file a pleading or document incorporating "Confidential Material," the Trustee is required to seek either (i) de-designation of the underlying documents, or (ii) leave of this Court or agreement of the relevant producing parties to file the relevant document or pleading under seal.

19. The protective order that governs the defendants – including UBS and MLI – is the June 2011 LPO.[4] Pursuant to the LPO, to seek de-designation of "Confidential Material,"

---

[3] Specifically, UBS actively de-designated only 45 documents, and acquiesced to the Trustee's public filing of an additional 34 UBS documents attached to Trustee pleadings.

[4] The production of documents to the Trustee by all parties and non-parties are governed by the LPO. Paragraphs H and I of the Court's September 17, 2013 Order Establishing Procedures for Third-Party Data Rooms Modifying the June 6, 2011 Litigation Protective Order (Adv. Pro. No.

5

the Trustee must serve a notice on the producing party identifying the documents he contends were improperly designated as "Confidential Material." (Adv. Pro. No. 08-01789, Docket No. 4137 at ¶ 9).

20. After receiving the Trustee's notice requesting de-designation, the producing party has seven business days to object to the request. If the producing party objects to the Trustee's request to de-designate any document or portion thereof, the Trustee must then request an informal conference with the Court. (*Id*.) If the de-designation dispute is not resolved at the informal Court conference, the Trustee must then file a motion with this Court to de-designate the documents, and file those documents under seal for the Court's *in camera* inspection. The producing party has the burden to demonstrate to the Court why the documents, or portions thereof, are properly designated as "Confidential Material." (*Id.*)

21. As an alternative to de-designation process under the LPO, if the Trustee intends to file a pleading or other document containing "Confidential Material," the Trustee may file a motion for an order to file under seal or obtain a stipulation from the producing party to file the material under seal. (*Id.* at ¶ 15).

### PARAGRAPH 7 ADVANCES THE GOALS OF THE PROPOSED ORDER AND MINIMIZES THE BURDEN ON THE COURT AND THE PARTIES

22. Having experienced first-hand the protracted negotiations, redactions, filing under seal and/or in redacted form, and litigation before the Court of disputes pertaining to confidential information and designations, the Trustee sought to incorporate into the Proposed Order a

---

08-01789, Docket No. 5474) allowed producing parties who wished their documents to be governed by a previous confidentiality standard to "opt out" of the LPO's confidentiality standard. Except for the confidentiality standard, all other provisions of the LPO control. (*Id*. at Paragraph H). UBS "opted" out and therefore the confidentiality standard in the previous February 16, 2010 Litigation Protective Order (Adv. Pro. No. 08-01789, Docket No. 1951) applies to its documents. MLI did not "opt" out, and therefore its productions are governed by the LPO in all respects.

solution that might avert such burdens on the Court and the parties—particularly given the expedited nature of the procedures set forth in the Proposed Order and the number of parties involved.

23. The Trustee and coordinating counsel for the defendants negotiated the language of Paragraph 7, which provides that:

> The Trustee's use of information contained in Confidential Material subject to the Litigation Protective Order (D.I. 4137) to prepare the request and allegations, without publicly identifying the source of such information, shall not constitute a violation of the Litigation Protective Order.

24. The purpose of Paragraph 7 is not to relitigate the LPO. Rather, it specifies that the Trustee's use of documents designated as "Confidential Material" to form the meritorious basis for allegations required under the Proposed Order shall not constitute a violation of paragraph 10 of the LPO so long as the source of the information is not publicly disclosed.

25. The provisions of Paragraph 7 avoid uncertainty concerning the LPO, which will advance the parties' mutual goal of expedited briefing and submissions under the Proposed Order.

26. The Proposed Order was circulated among all defendants involved in the Extraterritoriality Issue as well as the Trustee's Omnibus Motion. Comments and suggestions of the parties were considered, and wherever possible, incorporated. The fact that all of the other parties to the proceedings had the opportunity to review and comment on the Proposed Order and have not filed any similar objections is the best evidence of the reasonableness of the provision.

## THE LEGACY DEFENDANTS ARE INCLUDED IN
## THE ACTIONS COVERED BY THE PROPOSED ORDER

27. The Legacy Defendants' assertion in their Statement that they "are not parties to the omnibus briefing process the Trustee has proposed and do not plan to participate therein" is based on the erroneous assumption that the Proposed Order governs only the Extraterritoriality Issue.

28. The Proposed Order sets forth an efficient procedure governing the briefing of both the Extraterritoriality Issue and the Trustee's omnibus motion for, among other things, leave to replead. The procedure reflects a deliberate ordering of the briefing of the issues and submission by the parties involved: briefing is to be held first on the Extraterritoriality Issue, the timing of the Trustee's submission of proposed allegations and/or amended complaints relating thereto is specified; after the Court rules on the Extraterritoriality Issue, further proceedings pursuant to the Trustee's omnibus motion for discovery and/or leave to replead are to be scheduled with the Court, and the time for defendants to respond to complaints under various circumstances is further set forth in the Proposed Order. (Proposed Order at ¶¶ 13-15).

29. While the Legacy Defendants are not participating in the briefing on the Extraterritoriality Issue (and therefore are not listed on Exhibits A and B to the Proposed Order), they are subject to the Trustee's omnibus motion for leave to amend, and therefore the procedures set forth in the Proposed Order. *See* Exhibit C to the Proposed Order identifying the Legacy Capital action (Adv. Pro. No. 10-05286).

30. The Legacy Defendants have articulated no valid basis as to why they should be permitted to opt-out of the careful ordering of the briefing designed to permit the Court and the parties to address in an efficient manner the same legal issues facing the parties in more than 100 cases. The Trustee therefore respectfully submits that the Legacy Defendants should remain

8

subject to the Proposed Order.

## CONCLUSION

31.    For the reasons set forth herein, the Trustee respectfully submits that the Limited Objections and the Statement should be overruled and the Proposed Order entered.

Dated: New York, New York
       November 12, 2014                By: */s/ Regina Griffin*
                                                  **BAKER & HOSTETLER LLP**
                                                  45 Rockefeller Plaza
                                                  New York, New York 10111
                                                  Telephone: (212) 589-4200
                                                  Facsimile: (212) 589-4201
                                                  David J. Sheehan
                                                  Email: dsheehan@bakerlaw.com
                                                  Regina Griffin
                                                  Email: rgriffin@bakerlaw.com
                                                  Thomas L. Long
                                                  Email: tlong@bakerlaw.com
                                                  Catherine E. Woltering
                                                  Email: cwoltering@bakerlaw.com

                                                  *Attorneys for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Substantively Consolidated estate of Bernard L. Madoff*

9

**EXHIBIT 1**

| Adversary Proceeding Number | Case Name |
|---|---|
| 09-01154 | Picard v. Vizcaya Partners Limited |
| 09-01239 | Picard v. Fairfield Sentry Limited |
| 09-01364 | Picard v. HSBC Bank plc |
| 09-01365 | Picard v. Thybo Asset Management Limited |
| 10-04284 | Picard v. Plaza Investments International Limited |
| 10-04285 | Picard v. UBS AG |
| 10-04287 | Picard v. Cardinal Management |
| 10-04330 | Picard v. Square One Fund Ltd |
| 10-04457 | Picard v. Equity Trading Fund |
| 10-04471 | Picard v. Citrus Investment Holdings Ltd. |
| 10-05120 | Picard v. Oreades SICAV |
| 10-05229 | Picard v. Defender Limited |
| 10-05286 | Picard v. Legacy Capital Ltd. |
| 10-05311 | Picard v. UBS AG |
| 10-05345 | Picard v. Citibank, N.A. |
| 10-05346 | Picard v. Merrill Lynch International |
| 10-05348 | Picard v. Nomura Bank International plc |
| 10-05351 | Picard v. Banco Bilbao Vizcaya Argentaria, S.A. |
| 10-05353 | Picard v. Natixis |
| 10-05354 | Picard v. ABN AMRO Bank, N.A. |
| 10-05355 | Picard v. ABN AMRO Bank (Ireland) Ltd. |
| 10-05415 | Picard v. American Securities Management, L.P. |
| 11-01724 | Picard v. Pictet et Cie |
| 11-01725 | Picard v. Banque J. Safra (Suisse) SA f/k/a Banque Jacob Safra (Suisse) SA |
| 11-01885 | Picard v. Safra National Bank of New York |
| 11-02149 | Picard v. Banque Syz & Co., SA |
| 11-02493 | Picard v. Abu Dhabi Investment Authority |
| 11-02537 | Picard v. Orbita Capital Return Strategy |
| 11-02538 | Picard v. Quilvest Finance Ltd. |
| 11-02539 | Picard v. Meritz Fire & Insurance Co. Ltd. |
| 11-02540 | Picard v. Lion Global Investors Limited |
| 11-02541 | Picard v. First Gulf Bank |
| 11-02542 | Picard v. Parson Finance Panama S.A. |
| 11-02551 | Picard v. Delta National Bank and Trust Company |
| 11-02553 | Picard v. Unifortune Asset Management SGR SpA |
| 11-02554 | Picard v. National Bank of Kuwait S.A.K. |
| 11-02568 | Picard v. Cathay Life Insurance Co. Ltd. |
| 11-02569 | Picard v. Barclays Bank (Suisse) S.A. |
| 11-02570 | Picard v. Banca Carige S.P.A. |
| 11-02571 | Picard v. Banque Privee Espirito Santo S.A. |
| 11-02572 | Picard v. Korea Exchange Bank |
| 11-02573 | Picard v. Sumitomo Trust and Banking Co., Ltd. |
| 11-02730 | Picard v. Atlantic Security Bank |
| 11-02733 | Picard v. Naidot & Co. |

EXHIBIT 1

| Adversary Proceeding Number | Case Name |
|---|---|
| 11-02759 | Picard v. Nomura International plc |
| 11-02760 | Picard v. ABN Amro Bank N.V. |
| 11-02761 | Picard v. KBC Investments Limited |
| 11-02762 | Picard v. Lighthouse Investment Partners LLC |
| 11-02763 | Picard v. Inteligo Bank Ltd. |
| 11-02784 | Picard v. Somers Dublin Limited |
| 11-02796 | Picard v. BNP Paribas Arbitrage SNC |
| 11-02910 | Picard v. Merrill Lynch Bank (Suisse) SA |
| 11-02922 | Picard v. Bank Julius Baer & Co. Ltd. |
| 11-02923 | Picard v. Falcon Private Bank Ltd. |
| 11-02929 | Picard v. LGT Bank in Liechtenstein Ltd. |
| 12-01002 | Picard v. The Public Institution For Social Security |
| 12-01004 | Picard v. Fullerton Capital PTE Ltd. |
| 12-01005 | Picard v. SICO Limited |
| 12-01019 | Picard v. Banco Itau |
| 12-01021 | Picard v. Grosvenor Investment Management |
| 12-01023 | Picard v. Arden Asset Management |
| 12-01046 | Picard v. SNS Bank N.V. |
| 12-01047 | Picard v. Koch Industries Inc. |
| 12-01048 | Picard v. Banco General S.A. |
| 12-01194 | Picard v. Kookmin Bank |
| 12-01195 | Picard v. Six Sis AG |
| 12-01202 | Picard v. Vontobel AG |
| 12-01205 | Picard v. Multi Strategy Fund Ltd |
| 12-01207 | Picard v. Lloyds TSB Bank plc |
| 12-01209 | Picard v. BSI AG |
| 12-01210 | Picard v. Schroder & Co. |
| 12-01211 | Picard v. Union Securities |
| 12-01216 | Picard v. Bank Hapoalim |
| 12-01512 | Picard v. ZCM Asset Holding Co |
| 12-01565 | Picard v. Standard Chartered Financial Services |
| 12-01566 | Picard v. UKFP (Asia) Nominees Ltd. |
| 12-01576 | Picard v. BNP Paribas S.A. |
| 12-01577 | Picard v. Dresdner Bank |
| 12-01690 | Picard v. EFG Bank S.A. |
| 12-01691 | Picard v. Banque Degroof SA |
| 12-01693 | Picard v. Lombard Odier Darier Hentsch & Cie |
| 12-01694 | Picard v. Banque Cantonale Vaudoise |
| 12-01695 | Picard v. Bordier & Cie |
| 12-01697 | Picard v. ABN AMRO Fund Services (Isle of Man) Nominees Limited |
| 12-01700 | Picard v. Caprice International Group Inc. |
| 12-01701 | Picard v. RD Trust |
| 12-01702 | Picard v. Barreneche, Inc. |

EXHIBIT 1

| | ADDITIONAL CASES ADDED |
|---|---|
| 09-01161 | Picard v. Federico Ceretti, et al. |
| 10-04336 | Picard v. The Estate of Doris Igoin, et al. |
| 10-04517 | Picard v. Radcliff Investments Limited, et al. |
| 10-05267 | Picard v. Leon Flax, et al. |
| 10-05411 | Picard v. Sonja Kohn, et al. |
| 11-02731 | Picard v. Trincaster Corporation |
| 11-02758 | Picard v. Caceis Bank Luxembourg, et al. |
| 11-02925 | Picard v. Credit Suisse AG, et al. |
| 12-01022 | Picard v. Credit Agricole (Suisse) S.A., et al. |
| 12-01025 | Picard v. Solon Capital Ltd. |
| 12-01273 | Picard v. Mistral (SPC) |
| 12-01278 | Picard v. Zephyros Ltd. |
| 12-01513 | Picard v. Citivic Nominees Ltd. |
| 12-01669 | Picard v. Barfield Nominees Ltd., et al. |
| 12-01676 | Picard v. Credit Suisse AG, as successor in interest to Clariden Leu AG and Bank Leu AG |
| 12-01677 | Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.), et al. |
| 12-01680 | Picard v. Intesa Sanpaolo S.p.A. (as Successor in Interest to Banca Intesa SPA), et al. |
| 12-01698 | Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.), individually and as successor in interest to Dexia Nordic Private Bank S.A., et al. |
| 12-01699 | Picard v. Royal Bank of Canada, et al. |