**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Michael R. Matthias

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-04807 (SMB) |
| v. | |
| MILDRED KATZ, | |
| Defendant. | |

# STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS UNTIL RESOLUTION OF BANKRUPTCY CODE SECTION 546(e) APPEAL

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendant Mildred Katz (the "Defendant", and with the Trustee, the "Parties"), by and through her counsel, Davidoff Hutcher & Cirton LLP, hereby stipulate and agree to the following:

1.   On December 1, 2010, the Trustee commenced this adversary proceeding against Defendant seeking the avoidance and recovery of: (a) transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2.   On April 30, 2012, the United States District Court for the Southern District of New York dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers based on an interpretation of Bankruptcy Code Section 546(e) in approximately eighty separate adversary proceedings, but not in this adversary proceeding. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 476 B.R. 715 (S.D.N.Y. 2012), supplemented May 15, 2012 (the "Dismissal Order").

3.   The Trustee has appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal"). The 546(e) Appeal remains sub judice.

4.   On October 6, 2014, the Parties entered into a settlement agreement pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181] (the "Settlement Agreement").

5. Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

6. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Parties shall agree to enter into and file a Fourth Amended Case Management Order within thirty (30) days of such final, non-appealable order. Defendant agrees she will not assert any laches, statutes of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against her by this Stipulation, and hereby waives those defenses. The Parties stipulate and agree: (i) the Trustee preserves all rights, claims, causes of action, if any, against the Defendant for the Non-Two Year Transfers, and (ii) the Defendant preserves all defenses, rights and remedies, if any, in response to the Trustee's Non-Two Year Transfers, except for the defenses waived by Defendant herein and in the Settlement Agreement.

7. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding with prejudice and without costs to either the Trustee or the Defendant.

8. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

Dated: November 12, 2014

Of Counsel:

**BAKER & HOSTETLER LLP**

11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: *s/ Nicolas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**DAVIDOFF HUTCHER & CITRON LLP**

By: *s/ Michael Wexelbaum*
Michael Wexelbaum
605 Third Avenue
New York, New York 10158
Telephone: 212.557.7200
Facsimile: 212.286.1844

*Attorneys for Defendant*

SO ORDERED

Dated: November 13th, 2014
       New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE