# Lowenstein Sandler LLP

Amiad Kushner
Partner

1251 Avenue of the Americas
New York, NY 10020
T 646.414.6936
F 973.597.2421
akushner@lowenstein.com

November 17, 2014

**VIA ECF AND FEDERAL EXPRESS**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB) (the "SIPA Liquidation"); *Irving H. Picard v. Bureau of Labor Insurance*, Adv. Pro. No. 11-02732 (SMB)

Dear Judge Bernstein:

We represent defendant Bureau of Labor Insurance ("BLI") in the above-referenced adversary proceeding No. 11-02732 (the "BLI Proceeding"). We write in advance of the hearing scheduled for November 19, 2014 at 10:00 AM regarding the contemplated Extraterritoriality Motion[1] in the SIPA Liquidation that will seek the dismissal of certain claims based on extraterritorial transfers. We request that BLI be permitted to join in the motion because it will address issues common to the BLI Proceeding and, BLI believes, a ruling on the motion will likely be dispositive of the sole claim against BLI.

BLI is an agency of the Republic of China (commonly known as Taiwan) with responsibility for labor insurance related investments. In 2011, Irving H. Picard, the trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investments Securities LLC, filed an adversary complaint against BLI. The complaint seeks to recover, pursuant to Section 550(a) of the Bankruptcy Code, a single $42 million "subsequent transfer" (the "Fairfield BLI Transfer") from Fairfield Sentry (a British Virgin Islands entity) to BLI. BLI moved to dismiss the Complaint on several grounds, including that Section 550 of the Bankruptcy Code cannot be applied to extraterritorial transfers and that the Fairfield BLI Transfer was an extraterritorial transfer. (Adv. Pro. No. 11-2723, Docket Entry No. 8.) In

---

[1] "Extraterritoriality Motion" refers to the contemplated motion to dismiss as described in the proposed *Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery and Opportunity for Hearing* (the "Proposed Order"). (Adv. Pro. No. 08-1789, Docket Entry No. 8249-1.)

**Lowenstein Sandler** LLP

Honorable Stuart M. Bernstein  
Page 2

November 17, 2014

October 2012, the late Judge Lifland denied BLI's motion. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012) (Docket Entry No. 51). Among other holdings, the Court ruled that based upon the "focus" test annunciated in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010), the Trustee was not seeking to apply Section 550 extraterritorially. *Id.* at 523. Thereafter, no substantive proceedings or discovery occurred in the BLI Proceeding. The initial conference has been adjourned repeatedly and is currently scheduled for February 25, 2015.

On July 6, 2014, the District Court issued a decision that substantially altered the law in the SIPA Liquidation with respect to the extraterritorial application of Section 550. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Order"). Judge Rakoff held that Section 550 "does not apply extraterritorially to allow for recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor." *Id.* at 232. The decision further stated: "[T]o the extent that the Trustee's complaints allege that both the transferor and transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed." *Id.* at 232 n.4. On the basis of this change in law, the Trustee filed a motion for leave to amend certain adversary complaints in order to plead new facts that (according to the Trustee) establish that certain transfers from offshore entities (such as Fairfield Sentry) to non-U.S. investors were domestic in nature. As the Trustee acknowledged in that motion, the "Extraterritoriality Order . . . changed the law with respect to the relevant facts the Trustee is required to plead with regard to establishing that the subsequent transfers he seeks to recover are 'domestic' transfers." (Adv. Pro No. 08-1789, Docket Entry No. 7827, at 2.)

In light of the Extraterritoriality Order, the Trustee agreed that defendants in numerous adversary proceedings — who contend that some or all claims against them should be dismissed pursuant to that order — could join in the Extraterritoriality Motion. These include many defendants that did not move to withdraw the reference and thus were not part of the proceedings in the District Court that led to the Extraterritoriality Order.[2] BLI believes that this Court's ruling on the Extraterritoriality Motion will address issues common to the BLI Proceeding and will be dispositive of the BLI Proceeding. Accordingly, BLI requested that the Trustee agree to permit BLI to join in the Extraterritoriality Motion. Counsel for the Trustee declined BLI's request. Accordingly, BLI respectfully requests that this Court permit BLI to join in the motion. Joinder is appropriate as a matter of judicial efficiency and would avoid duplicative briefing that would result if, for example, BLI were to file a motion for judgment on the pleadings in the BLI

---

[2] The defendants that did not move to withdraw the reference are listed in Exhibit B of the Proposed Order. (*See* Adv. Pro. No. 08-1789, Docket No. 8249-1, Ex. B, at 39.)

**Lowenstein Sandler**LLP

Honorable Stuart M. Bernstein  
Page 3

November 17, 2014

Proceeding based on the Extraterritoriality Order. We will be available to discuss this issue with the Court at the November 19, 2014 hearing.

Respectfully submitted,

/s/ Amiad Kushner

Amiad Kushner

cc:    Counsel of Record (via ECF)