```
 1  UNITED STATES BANKRUPTCY COURT

 2  SOUTHERN DISTRICT OF NEW YORK

 3  Adversary No. 14-01840-smb

 4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

 5  In the Matter of:

 6  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF B.,

 7                       Plaintiff

 8                 v.

 9  SUSANNE STONE MARSHALL, ET AL.,

10                       Defendants

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12

13

14                  U.S. Bankruptcy Court

15                  One Bowling Green

16                  New York, New York

17

18                  May 22, 2014

19                  10:02 AM

20

21

22  B E F O R E :

23  HON STUART M. BERNSTEIN

24  U.S. BANKRUPTCY JUDGE

25  ECR OPERATOR: F. FERGUSON
```

Page 2

1  Hearing re:   Picower's Motion to Intervene Pursuant to FRCP
2  24(b)

25  Transcribed by:  Jamie Gallagher

1   A P P E A R A N C E S :

2   SCHULTE ROTH & ZABEL, LLP

3       Attorneys for Picower

4       919 Third Avenue

5       New York, NY 10022

6

7   BY:  MARCY RESSLER HARRIS, ESQ.

8        MICHAEL KWON, ESQ.

Page 4

1         P R O C E E D I N G S
2             THE COURT:  Good morning.  Picard v. Marshall.
3    Good morning.
4             MS. HARRIS:  Good morning, Your Honor.
5             MR. KWON:  Good morning, Your Honor.
6             THE COURT:  Go ahead.
7             MS. HARRIS:  I'm Marcy Harris from Schulte Roth &
8    Zabel.  With me is Michael Kwon of our firm.
9             THE COURT:  Thank you.
10            MS. HARRIS:  Shall I continue?
11            THE COURT:  Yeah.  There's --
12            MS. HARRIS:  Okay.
13            THE COURT:  -- no one else here.
14            MS. HARRIS:  Huh?
15            THE COURT:  There's no one else here.
16            MS. HARRIS:  Intimate session this morning.
17            THE COURT:  Did you -- well, actually I'm -- have
18   you heard from the defendants?
19            MS. HARRIS:  I have not.
20            THE COURT:  Okay.
21            MS. HARRIS:  And they didn't object to the motion
22   or file anything.
23            THE COURT:  And the trustee didn't object either I
24   take it?
25            MS. HARRIS:  No, the trustee is obviously here.

1             THE COURT:  Okay.  Go ahead.
2             MS. HARRIS:  So, I know the Court is familiar with
3    the facts of the case, there's just a few I want to set out
4    right now because I think it's relevant to our motion to
5    intervene.
6             THE COURT:  Go ahead.
7             MS. HARRIS:  So, we represent the Picower parties.
8    The Picowers were customers of BLMIS.  They were sued by the
9    trustee in May 2009 for return of their net withdrawals.
10   The Picowers reached a settlement with the trustee after
11   extensive negotiations, with the result that they paid back
12   100 percent of their net withdrawals.  This Court approved
13   the settlement in January 2012.  And part of the order
14   approving the settlement contained a permanent injunction
15   enjoining persons from bringing claims that the trustee
16   brought or could have brought against the Picower parties.
17            The Picowers are direct beneficiaries of the
18   permanent injunction and the class action plaintiffs, the
19   Fox Marshall Group and the Goldman plaintiffs, seek now to
20   file complaints against the Picower parties that we believe
21   violate the permanent injunction in that they're duplicative
22   and derivative of the claims that the trustee brought and
23   settled with us.
24            THE COURT:  What's the status of the proceedings
25   in Florida?

1             MS. HARRIS:  All right, there's two District Court

2   proceedings and one appeal in the Eleventh Circuit.  The

3   case before Judge Ryskamp in District Court, which was

4   brought by the Fox Marshall plaintiffs, is stayed pending

5   resolution -- determination by this Court.

6             THE COURT:  But there was an appeal and a motion

7   for an expedited appeal --

8             MS. HARRIS:  Yes, the Court -- the Eleventh

9   Circuit denied the motion for expedited appeal, I think by

10  order dated May 7th, so just after the last hearing in this

11  Court, denied the motion for an injunction pending appeal,

12  denied the motion of the Goldman parties to intervene in the

13  appeal to seek disqualification.  The Eleventh Circuit

14  denied the motion of the Goldman parties to remand the

15  disqualification issue so that the District Court could

16  address it, denied appellants requests to impose sanctions,

17  the Beasley firm, the one counsel to Goldmans, and ordered

18  that the jurisdiction issue that the Picowers had raised

19  challenging the appeal -- the basis for the appeal because

20  it was interlocutory, that could be heard at the regular

21  time that the appeal itself was heard.

22            Since then, the appellees have filed their opening

23  brief.  We're in the process of responding.

24            THE COURT:  Appellants.

25            MS. HARRIS:  The appellants.

1        THE COURT: You said the appellees.
2        MS. HARRIS: Yes. So, that's what's going on in
3    Florida. The other Court --
4        THE COURT: What's the basis of the --
5        MS. HARRIS: I'm sorry.
6        THE COURT: I guess it's a denial of an
7    injunction, is that what --
8        MS. HARRIS: Well, we don't believe it is. It was
9    the denial of a stay so that they could hold an injunctive
10   hearing. An --
11       THE COURT: In other words, what order are they
12   appealing it from in Florida?
13       MS. HARRIS: They were appealing from denial of a
14   motion to lift the stay so that they could have an emergency
15   hearing. The Court didn't address the --
16       THE COURT: Okay.
17       MS. HARRIS: The Court didn't grant that relief
18   and so it's in dispute exactly what they are appealing from
19   and whether, therefore, they have a right or not.
20       THE COURT: With respect to the other action, the
21   Goldman action, have there been --
22       MS. HARRIS: That's before Judge O'Mara. There's
23   been no proceedings whatsoever. The -- there is a motion
24   that's fully briefed. That was to dismiss for insufficient
25   service and to stay pending determination by this Court.

1            THE COURT:  Has that motion been argued or will it
2   be argued, or will it be submitted?  Do you know?
3            MS. HARRIS:  I don't know.  I don't think there's
4   argument.
5            THE COURT:  Okay.
6            MS. HARRIS:  There's been no request for it, but
7   none of the substantive issues have been addressed and the
8   issue that was argued here last week has not been briefed.
9            So, the Picowers have moved to intervene in this
10  action that the trustee brought to protect their interests.
11  Plainly, their interests are going to be affected by the
12  outcome of this case.  The Picowers' interests, the
13  trustee's interests substantially overlap, but they're not
14  identical, and we just want the ability to be present, to
15  have a right to be heard, and to take action as we see fit
16  to protect the Picowers.
17           Rule 24(b)(2), the permissive intervention statute
18  is to be liberally construed in favor of intervention.  We
19  meet the test for permissive intervention in that our motion
20  to intervene was timely.  It was filed within two months of
21  the trustee's action before there were any answers filed in
22  this case.  We don't seek to delay any proceedings here.
23  We're not going to re-brief the issues that have been argued
24  if we were permitted to intervene.  We would adopt the
25  arguments that the trustee has made in writing and orally.

1    We just want to preserve our right to be heard should our
2    interest diverge from the trustee, should we want to add or
3    supplement or bring to the Court something from our
4    perspective, and certainly to be able to participate in any
5    appeal if one is taken.
6            We share -- the Picower parties share common
7    questions of law and fact with the case that's already been
8    brought.  We've adopted the complaint, or we would adopt the
9    complaint of the trustee.  We, too, believe that the
10   complaints that the class action plaintiffs seek to file and
11   litigate are barred by the permanent injunction and the
12   stays that have been entered by this Court.  So, there's no
13   prejudice to any party.  They didn't object.  Obviously,
14   they're not here today.  There would be prejudice to the
15   Picowers if they were not permitted to have a right to
16   participate and be at the table.
17           We seek the same relief, obviously, as the trustee
18   has sought.  And so, unless the Court has questions, we
19   request that our motion be granted.
20           THE COURT:  Is there anyone in the Court today who
21   wants to be heard in connection with the motion?  Hearing no
22   response, I'll grant the motion.
23           You certainly share the identical position that
24   the trustee has for the time being anyway, and that is
25   whether the actions in Florida are barred by the injunction

1  previously entered by the Court in connection with the
2  Picower settlement with the estate.  I see that there's no
3  objection and you're right, I guess your interests and the
4  trustee's might diverge.  The trustee might decide to just
5  walk away from this or reach a separate resolution and it's
6  really your ox that's being gourd by this -- these lawsuits
7  in Florida.
8           So, I'll grant the motion.  You can submit an
9  order.  Thank you very much.
10          MS. HARRIS:  Thank you.  Thank you, your Honor.
11          MR. KWON:  Thank you, Your Honor.
12      (Proceedings concluded at 10:11 a.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25

**I N D E X**

**RULINGS**

                                              Page    Line

Picower's Motion to Intervene Pursuant to    9      22
FRCP 24(b)

```
 1              C E R T I F I C A T I O N
 2
 3   I, Jamie Gallagher, certify that the foregoing transcript is
 4   a true and accurate record of the proceedings.
 5
 6
 7   Jamie Gallagher
         Digitally signed by Jamie Gallagher
         DN: cn=Jamie Gallagher, o=Veritext,
         ou, email=digital@veritext.com, c=US
         Date: 2014.05.28 15:31:09 -04'00'
 8
 9   Veritext
10   330 Old Country Road
11   Suite 300
12   Mineola, NY 11501
13
14   Date:  May 28, 2014
15
16
17
18
19
20
21
22
23
24
25
```