| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.<br>551 Fifth Avenue, 18th Floor<br>New York, New York 10176<br>(212) 968-6000<br>David Parker<br>Matthew J. Gold | Hearing Date: April 29, 2015<br>Hearing Time: 10:00 a.m. |

Counsel for Defendants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                                              :
                                                                                         :       SIPA LIQUIDATION
BERNARD L. MADOFF INVESTMENT                        :
SECURITIES LLC,                                                         :
                                                                                         :
                                            Debtor.                      :       Case No. 08-01789 (SMB)
                                                                                         :
                                                                                         :       (Substantively Consolidated)
---------------------------------------------------------------:
                                                                                         :
In re:                                                                              :
                                                                                         :
BERNARD L. MADOFF,                                                :
                                                                                         :
                                            Debtor.                      :
---------------------------------------------------------------:
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
                                                                                         :
                                            Plaintiff,                    :
                                                                                         :       Adv. Pro. No. 10-4339 (SMB)
                    v.                                                            :
                                                                                         :
ELINS FAMILY TRUST, *et al.*,                                :
                                                                                         :       ECF Case
                                            Defendants.              :
---------------------------------------------------------------x

## MOTION TO DISMISS COMPLAINT

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

MGOLD\261917.1 - 11/17/14

Defendants Lawrence Elins, Linda Elins, Elins Family Trust (the "Family Trust"), Elins Daughters Trust for the Benefit of Jamie Ann Elins, Elins Daughters Trust for the Benefit of Julie Lynn Elins, Jamie Elins Sabet and Julie Elins Banks submit this motion, pursuant to Federal Rule of Civil Procedure 12 and Bankruptcy Rule 7012, for entry of an order dismissing the complaint filed in the above-captioned adversary proceeding brought by Irving H. Picard (the "Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), and represent as follows:

**Background**

1. Defendants are innocent Madoff victims who were customers of Madoff Securities or beneficiaries of a customer.

2. The complaint in this adversary proceeding was filed on or about November 12, 2011. The complaint does not allege any wrongdoing on the part of Defendants. It is a fraudulent conveyance action regarding amounts withdrawn from Madoff Securities within two and six year reachback periods in excess of the amounts deposited with Madoff Securities. All of the amounts withdrawn were owed to the Family Trust pursuant to account statements issued by Madoff Securities.

3. The proceedings against Defendants are thus similar to the over one thousand other adversary proceedings the Trustee commenced in and around December 2010 against many more innocent Madoff victims.

4. On or about July 6, 2011, Defendants filed a motion to withdraw the reference to the United States District Court. The reference withdrawal motion was assigned docket number

11 civ. 4772 (UA), and was referred to Judge Jed Rakoff as possibly related to 11 civ. 3605 on or about July 11, 2011.

5. By order dated November 8, 2011, the District Court consolidated this adversary proceeding with four other adversary proceedings in which the defendants were represented by counsel for the Defendants into lead case, civil no. 11-4772 (JSR) (the "Consolidated Case").

6. By Memorandum Order dated February 29, 2011, the District Court, among other things, withdrew the reference for this adversary proceeding with respect to, among other things, deciding (1) "whether, in light of this Court's decision in Picard v. Katz, 11 U.S.C. § 546(e) applies, limiting the Trustee's ability to avoid transfers," and (2) "whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts."

7. By Order dated April 30, 2012 and Opinion and Order dated May 1, 2012, the District Court decided, among other things, that section 546(e) of the Bankruptcy Code applies to adversary proceedings brought by Trustee against customers of Madoff Securities against whom there are no allegations of wrongdoing or improper knowledge to limit the Trustee's ability to avoid transfers, Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities), 476 B.R. 715 (S.D.N.Y. 2012) (Case No. 12 Misc. 115 (the "Master Docket").

8. On May 16, 2012, the District Court entered a Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions (the "Rule 54(b) Certification Order") in many cases, including this

adversary proceeding, Consolidated Case ECF 21.

9. On May 22, 2012, the District Court entered a Final Judgment Dismissing Certain Claims (the "Final Judgment") that dismissed, among other things, all claims "that sought avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code; and (3) actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code" in the actions that were consolidated pursuant to the Rule 54(b) Certification Order, including this adversary proceeding, Master Docket ECF 124.

10. Pursuant to the Final Judgment, all counts of the complaint were dismissed other than Count 1, which alleged fraudulent transfers made with actual intent during the two years before the petition date pursuant to section 548(a)(1)(A) of the Bankruptcy Code.

11. On June 21, 2012, Trustee filed a Notice of Appeal from the Final Judgment and "all prior adverse orders and opinions entered in the consolidated actions that relate to the subject matter of the Final Judgment," regarding this adversary proceeding, Master Docket ECF 190.

12. The Trustee's appeal from the Final Judgment in this adversary proceeding and the other consolidated cases involving section 546(e) of the Bankruptcy Code is pending before the United States Court of Appeals for the Second Circuit.

13. By order dated May 16, 2012, the District Court withdrew the reference in many other adversary proceedings to determine "whether and to what extent (i) transfers made by Madoff Securities that the Trustee seeks to avoid were made in exchange for value, such as

antecedent debts that Madoff Securities owed to the Antecedent Debt Defendants at the time of the transfers." The briefing on this issue was consolidated with the briefing for this adversary proceeding, and the District Court received consolidated briefing on these issues from defendants, the Trustee, and the Securities Investor Protection Corporation and heard oral argument on August 20, 2012. See Antecedent Debt Decision (as defined below), 499 B.R. at 420 n. 3.

14. By Opinion and Order dated October 15, 2013, the District Court denied the antecedent debt motion, *Security Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC* (*In re Madoff Securities*), 499 B.R. 416 (S.D.N.Y. 2013) (the "Antecedent Debt Decision").

15. By order dated August 1, 2014, the District Court returned the reference to the Bankruptcy Court for many adversary proceedings, including this adversary proceeding. The time for Defendants to respond to the remaining count of the complaint was agreed to by the parties, and then extended by consent, to November 14, 2014.

**Relief Requested and Reasons Therefore**

16. Defendants request that the complaint be dismissed, for failure to state a claim, for the reasons set forth in the accompanying memorandum of law. The Antecedent Debt Decision has been invalidated by subsequent decisions by higher courts, and Defendants have a valid antecedent debt defense for the reasons set forth in their memorandum of law and in the antecedent debt briefing before the District Court.

Wherefore, Defendants respectfully request that the complaint be dismissed, and that they

5

be granted such other and further relief as is just and proper.

Dated:  November 17, 2014

                                      **KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**

By: /s/ Matthew J. Gold
David Parker
Matthew J. Gold
551 Fifth Avenue
New York, New York 10176
Tel. No.: (212) 986-6000
Fax No.: (212) 986-8866

Attorneys for Defendants Lawrence Elins, Linda Elins, Elins Family Trust, Elins Daughters Trust for the Benefit of Jamie Ann Elins, Elins Daughters Trust for the Benefit of Julie Lynn Elins, Jamie Elins Sabet and Julie Elins Banks