# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 17, 2014

Gonzalo S. Zeballos
direct dial: 212.589.4656
gzeballos@bakerlaw.com

**VIA ECF AND EMAIL TO
BERNSTEIN.CHAMBERS@NYSB.USCOURTS.GOV**

The Honorable Stuart M. Bernstein
One Bowling Green
New York, NY  10004-1408

Re:   Picard v. Ceretti, Adv. Pro. No. 09-1161 (SMB), November 19, 2014, 10:00 a.m.
      Conference with the Court

Your Honor:

We write in response to the letter dated November 14, 2014 from Ms. Jodi Kleinick of the Paul Hastings firm (the "November 14th Letter") relating to Ms. Kleinick's earlier letter dated August 21, 2014 to the Court that inappropriately enclosed a copy of a motion for sanctions against the Trustee.  At that time, without first notifying the Trustee, Paul Hastings asked the Court to schedule a November 19, 2014 hearing date on the unfiled motion.  Now, Paul Hastings apparently seeks relief from the Court (without complying with applicable Court rules) at a conference, requested again without advance notice to the Trustee, concerning an allegation (the "Allegation") in the Trustee's Fourth Amended Complaint.

Ms. Kleinick's statement that "[t]he Trustee and his counsel have provided nothing whatsoever in response" to Paul Hastings' contentions regarding this matter (see November 14th Letter) ignores the multiple rounds of correspondence in which the Trustee explained the documentary support for the Allegation, the Trustee's position that there is an objectively solid foundation for the Allegation, and the legal authorities that do not support Paul Hastings' threatened action.

The Allegation is a jurisdictional allegation against FIM Limited based on an invoice bearing a FIM Limited header that instructs Kingate Management Limited to wire funds to FIM Limited.  The wire instruction on that invoice states:  "Brown Brothers Harriman & Co, 59 Wall Street, New York, NY 10005, USA" and lists several account numbers, including one "In favour of FIM Limited."  We do not agree with Ms. Kleinick's statement that the Allegation has been rebutted by "incontrovertible evidence."  None of the hearsay "evidence" submitted by Ms. Kleinick would be admissible in Court.  The Trustee has had no discovery in connection with his complaint.  We have had no opportunity to cross-examine those attesting to Paul Hastings' contentions or otherwise to test the veracity of their statements regarding this issue.

The Honorable Stuart M. Bernstein
November 17, 2014
Page 2

Ms. Kleinick's statement in the November 14th Letter that the Allegation represents an attempt by the Trustee to circumvent the Extraterritoriality Decision is baseless. The Allegation was made three years before the Extraterritoriality Decision was issued, and was included in the Third Amended Complaint. The Paul Hastings firm did not object when the Trustee sought leave to amend the Third Amended Complaint, or raise any issue at that time that the Allegation is false and should not be included in the Fourth Amended Complaint. The Trustee is entitled to pursue his case against the FIM Defendants in accordance with this Court's procedure directing argument and briefing on extraterritoriality. The appropriate time to object to any arguments the Trustee may make with respect to extraterritoriality issues is after the Trustee has made them.

Ms. Kleinick's frivolous statement, moreover, that the Trustee has been overzealous in this litigation once again ignores the fact that we have accommodated every request by Paul Hastings for an extension of time to answer or otherwise respond to the Trustee's complaint, and those numerous extensions and evolving law in the interim account for the present posture of the proceeding.

These circumstances and the correspondence demonstrate that Paul Hastings is improperly motivated to prejudice the Trustee on extraterritoriality issues and obtain an advantage for its clients over other defendants affected by the Extraterritoriality Decision first under the false pretense of a sanctions motion that was never filed, and now summarily in a conference before the Court. We respectfully request that the Court put an end to this wasteful and vexatious practice. If Paul Hastings has a good faith basis for its motion, it should file it. Arguments on extraterritoriality, however, should be made under the procedures established by this Court, in which Paul Hastings' clients and the Trustee are participants.

Respectfully submitted,


*/s/ Gonzalo S. Zeballos*

Gonzalo S. Zeballos