# EXHIBIT "C"

# PICARD AFFIDAVIT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br>v.<br><br>HSBC BANK PLC, et al.,<br><br>        Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND BETWEEN
<u>THE TRUSTEE AND SENATOR FUND SPC</u>**

        STATE OF NEW YORK    )
                                        )
        COUNTY OF NEW YORK  )

        Irving H. Picard, being duly sworn, hereby attests as follows:

        1.    I am the trustee ("Trustee") for the substantively consolidated liquidation of the estate of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L.

Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") by and between the Trustee, on the one hand, and Senator Fund SPC ("Senator"), on the other hand.

2. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Agreement submitted as Exhibit A to the Motion.

4. I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The Agreement resolves all issues regarding the asserted and unasserted claims against Senator (the "Avoidance Claims") without the need for protracted and costly litigation, the outcome of which is uncertain. I recognize that litigating the Avoidance Claims would undoubtedly be complex, create further delay, and would involve litigation risks associated with the unique facts of this case.

5. As part of the Agreement, the Parties have reached a good faith, complete, and total compromise as to any and all claims the Trustee has asserted against Senator in the above-captioned Adversary Proceeding.

6. The Agreement furthers the interests of the customers of BLMIS by, among other things, adding $95,000,000 to the fund of customer property, which represents one hundred

percent (100%) of the fraudulent transfers Senator received from BLMIS without the added delay and uncertainty of further litigation.

7. Given the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the Avoidance Claims.

*/s/ Irving H. Picard*
IRVING H. PICARD

Sworn to before me this 17th

day of November, 2014

*/s/ Sonya M. Graham*
Notary Public

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2017