# BakerHostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

Thomas L. Long
direct dial: 614.462.2626
TLong@bakerlaw.com

November 18, 2014

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789 (SMB) (the "SIPA Liquidation"); Irving H. Picard v. Bureau of Labor Insurance, Adv. Pro. No. 11-02732 (SMB)*

Dear Judge Bernstein:

We represent Irving Picard, Trustee ("Trustee") for the Liquidation of the business of Bernard L. Madoff Investment Securities, LLC ("BLMIS") and the consolidated estate of Bernard L. Madoff. We write in response to the November 17, 2014 letter from Amiad Kushner of Lowenstein Sandler regarding the adversary proceeding between the Trustee and the Bureau of Labor Insurance ("BLI").

Subsequent to the filing of the Notice of Presentment of the Proposed Order Concerning Further Proceedings on Extraterritoriality Motion to Dismiss and Trustee's Motion for Leave to Replead and Limited Discovery, counsel for BLI called the Trustee's counsel and requested that BLI be included in the Extraterritoriality Motion to Dismiss procedures included in the Proposed Order which has been negotiated by coordinating counsel for moving Defendants and the Trustee. The Trustee declined BLI's request as BLI is situated differently from the moving defendants under the Proposed Order.

BLI did not join the motion to withdraw the reference which ultimately resulted in Judge Rakoff's July 6, 2014 Order concerning extraterritoriality. Instead, BLI filed a motion to dismiss in the Bankruptcy Court on several grounds including, but not limited to, purported improper extraterritorial application of SIPA and the Bankruptcy Code. Following extensive briefing and submission to the Court of numerous documents referenced in the pleadings, Judge Lifland held oral argument on BLI's motion to dismiss. On October 11, 2012 Judge Lifland issued a 40-page decision, 480 B.R. 501 (Bank. S.D.N.Y. 2012 Docket Entry 51) in which he made numerous factual findings and denied BLI's motion to dismiss on all grounds, including the alleged improper extraterritorial application of SIPA and the Bankruptcy Code.

Honorable Stuart M. Bernstein
November 18, 2014
Page 2

As a result, unlike the other defendants seeking dismissal on extraterritorial grounds who are seeking an initial ruling on their motion to dismiss, BLI has previously argued and lost its motion.

Counsel for BLI argues in the November 17, 2014 letter, the Judge Rakokff's July 6, 2014 ruling overrules Judge Lifland's decision. The Trustee disagrees with BLI and notes by its own admission if BLI wishes to overturn Judge Lifland's prior decision, it will require a different analysis than the procedure outlined in the Proposed Order. The Trustee respectfully submits that because of the unique circumstances involved in the BLI adversary proceeding, it should not be included as part of the procedures under the Proposed Order.

Respectfully submitted,

/s/ Thomas L. Long

Thomas L. Long
Counsel of Record (via ECF)