**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>MARJORIE MOST,<br><br>       Defendant. | Adv. Pro. No. 10-04947 (SMB) |

## STIPULATION AND ORDER

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendant Marjorie Most ("Defendant"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in the Trustee's Amended Complaint in this adversary proceeding, BLMIS made certain initial transfers to or for the benefit of the Defendant relating to an account she held at BLMIS and/or Madoff; and

**WHEREAS**, the Parties agree that the deposits and withdrawals into account number 1ZA780 held by the Defendant at BLMIS and/or Madoff (the "Account") are set forth in Exhibit B to the Trustee's Amended Complaint, which is incorporated herein and attached hereto as Exhibit 1; and

**WHEREAS**, in Counts One through Six of the Trustee's Amended Complaint, the Trustee seeks to avoid and recover from the Defendant the Initial Transfers or their value as fraudulent and/or preferential pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and sections 273 through 279 the New York Debtor and Creditor Law (the "DCL"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA"); and

**WHEREAS**, by Order dated April 30, 2012 (the "Dismissal Order"), the United States District Court for the Southern District of New York dismissed the Trustee's claims to avoid and recover transfers made by BLMIS prior to December 11, 2006, Counts Two through Six in this adversary proceeding have been dismissed pursuant to the Dismissal Order, the Trustee has appealed the Final Judgment Dismissing Certain Claims entered pursuant to, inter alia, the Dismissal Order to the United States Court of Appeals for the Second Circuit, and the appeal remains *sub judice*; and

**WHEREAS**, the Defendant raises certain defenses to the Trustee's claims in the Amended Complaint;

**WHEREAS**, the Trustee served subpoenas on Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC, and HSBC Bank USA, N.A. seeking all documents and communications concerning specified accounts of the Defendant (the "subpoenas"); and

2

**WHEREAS**, the defendant has moved by order to show cause dated May 7, 2014 to quash the subpoenas and other relief; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this stipulation to avoid unnecessary litigation over discovery disputes in the interest of efficiency; and

**WHEREAS**, upon execution and entry of this stipulation, the Trustee agrees to withdraw the subpoenas served pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions where Defendant held accounts that received funds from BLMIS and/or Madoff; and

**WHEREAS**, upon execution and entry of this stipulation, the Defendant agrees to withdraw the order to show cause dated May 7, 2014 to quash the subpoenas and other relief.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. The Defendant maintained the Account, which was opened in December 1992 in Defendant's name.

2. Exhibit B to the Trustee's Amended Complaint, which is incorporated herein and attached hereto as Exhibit 1, accurately reflects the complete history of deposits into and withdrawals from the Account.

3. Over the life of the Account, the Defendant deposited $2,545,000 into the Account.

4. Over the life of the Account, the Defendant withdrew $4,730,000 from the Account.

5. Over the life of the Account, the Defendant withdrew $2,185,000 more than she deposited into the Account.

3

6. Between December 11, 2006 and December 11, 2008, the Defendant made no deposits into her account and withdrew $1,420,000 from her Account.

7. That within fifteen (15) days from the date of execution and entry of this stipulation, the Defendant agrees to supplement her document production to provide the Trustee with the bank statements of his accounts for the period between December 11, 2006 and December 11, 2008 into which the distributions from BLMIS and/or Madoff for that period were deposited and copies of all disbursements from said accounts in the amounts of $1,000 or more for said period, to the extent said documents are available based upon Defendant's best efforts to obtain said documents.

8. By executing this Stipulation, the Defendant in no way concedes or admits liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code.

9. This Stipulation is without conceding any of the arguments asserted in connection with the appeal currently pending before the United States Court of Appeals for the Second Circuit on the issue of time-based damages adjustments to customer claims in *In re Bernard L. Madoff Securities LLC*, Docket No. 14-97(bk).

10. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to the Defendant, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

11. This Stipulation is without prejudice to the Defendant to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth in above.

Dated:      New York, New York
            November 19, 2014

| | |
|---|---|
| */s/ Michael R. Matthias* | */s/ Paula J. Warmuth* |
| **BAKER & HOSTETLER LLP** | **STIM & WARMUTH, P.C.** |
| 45 Rockefeller Plaza | 2 Eighth Street |
| New York, NY  10111 | Farmingville, NY 11738 |
| Telephone:  (212) 589-4200 | Telephone:  (631) 732-2000 |
| Facsimile:  (212) 589-4201 | Facsimile:  (613) 732-2662 |
| David J. Sheehan | Paula J. Warmuth |
| Email:  dsheehan@bakerlaw.com | Email:  pjw@stim-warmuth.com |
| Nicholas Cremona | Glenn P. Warmuth |
| Email:  ncremona@bakerlaw.com | Email:  gpw@stim-warmuth.com |
| Of Counsel: | *Attorneys for Defendant Marjorie Most* |

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC*
*and the estate of Bernard L. Madoff*

SO ORDERED this 19th day of November, 2014.

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE