UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF HIGGS & JOHNSON (FORMERLY HIGGS JOHNSON TRUMAN BODDEN & CO.) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM APRIL 1, 2014 THROUGH JULY 31, 2014**

Mr. John Harris, together with the members and associates at the law firm of Higgs & Johnson, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $90,542.25[1] (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $1,191.72 for the period from April 1, 2014 through July 31, 2014,

(the "Compensation Period"). In support of the Application, Higgs & Johnson respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on April 1, 2009, Higgs & Johnson has served as special counsel to the Trustee.

4. On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Higgs & Johnson as special counsel to the Trustee in matters pertaining to the Cayman Islands.

5. The Trustee's motion to retain Higgs & Johnson established a fee arrangement pursuant to which Higgs & Johnson agreed to a fee reduction in the amount of 10%. Higgs & Johnson also agreed to an additional holdback of fees in the amount of 20%.

---

[1] A small amount of this total ($3,935.25) reflects services provided by Higgs & Johnson prior to the Compensation Period for which Higgs & Johnson has not yet received compensation.

## II. SERVICES RENDERED BY HIGGS & JOHNSON

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. Higgs & Johnson provided research and detailed advice to the Trustee and his U.S. and U.K. Counsel on Cayman Islands and Bahamas law in connection with matters pending against certain Cayman Islands domiciled defendants.

## III. COMPENSATION REQUESTED

8. The Application demonstrates how Higgs & Johnson has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9. Higgs & Johnson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Higgs & Johnson has staffed this matter leanly and has endeavored to eliminate duplication of effort.

10. From April 1, 2014 through July 31, 2014, Higgs & Johnson provided a total of 169.8 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $100,602.50 and the total blended rate for professional services was $592.48/hour. After the 10% discount, the total amount of fees incurred is $90,542.25 and the total blended rate is $533.23/hour. Higgs & Johnson has agreed to a further holdback of 20% of its fees in the amount of $18,108.45, resulting in the present request for compensation in the amount of $72,433.80.

11. A breakdown of the total number of hours performed by each Higgs & Johnson timekeeper is provided on **Exhibit A** annexed hereto.

3

12.    Higgs & Johnson seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $1,191.72. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

13.    Higgs & Johnson typically charges its clients $0.50 per page printed. Higgs & Johnson does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Higgs & Johnson for those services.

## IV. GENERAL MATTERS

14.    All of the professional services for which compensation is requested herein were performed by Higgs & Johnson for and on behalf of the Trustee and not on behalf of any other person or entity.

15.    No agreement or understanding exists between Higgs & Johnson and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Higgs & Johnson with compensation for the legal services described herein.

16.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

4

SIPA § 78eee(b)(5)(C).

17. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Higgs & Johnson (*see* SIPA § 78fff-3(b)(2)).

18. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

19. Therefore, with respect to this Application, Higgs & Johnson requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Higgs & Johnson expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Higgs & Johnson respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $90,542.25, of which $72,433.80 is to be paid currently $18,108.45 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Higgs & Johnson to the Trustee from April 1, 2014 through July 31, 2014; and

c. Allowing payment to Higgs & Johnson in the amount of $1,191.72 for reimbursement of expenses incurred by Higgs & Johnson from April 1, 2014 through July 31, 2014; and

5

d.  Granting Higgs & Johnson such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 21, 2014    HIGGS & JOHNSON

By:  *s/John Harris*
John Harris
P.O. Box 866
Anderson Square Building
Grand Cayman
KY1-1103
Cayman Islands
Telephone: +1(345) 949-7555
Fax: +1(345) 949-8492

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION
OF HIGGS & JOHNSON FOR SERVICES RENDERED
FOR THE PERIOD
OF APRIL 1, 2014 THROUGH JULY 31, 2014**

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| John Harris | 1996 (England & Wales) 2010 (Cayman Islands) | $600.00 | 118.7 | $71,220.00 |
| Gaela Fitzgibbons |  | $575.00 | 51.1 | $29,382.50 |
|  |  |  |  |  |
| Total |  | $592.48 | 169.8 | $100,602.50 |
| Total minus 10% Discount |  | $533.23 |  | $90,542.25 |
| **Total Net of 20% Holdback:** |  |  |  | **$72,433.80** |

## EXHIBIT B

## EXPENSE SUMMARY OF HIGGS & JOHNSON
## FOR THE PERIOD
## OF APRIL 1, 2014 THROUGH JULY 31, 2014

| EXPENSES | AMOUNTS |
|---|---|
|  |  |
| Stationery [2] | $1,064.70 |
| Communication | $127.02 |
| **Total Expenses Requested:** | **$1,191.72** |

---

[2] Stationery fees are incurred in connection with the service and submission of documents on defendants and preparation of document bundles in connection therewith