**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF EUGENE F. COLLINS AS SPECIAL
COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM APRIL 1, 2014 THROUGH JULY 31, 2014**

Barry O'Neill, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $100,717.28 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $1,285.09 for the period from April 1, 2014 through July 31, 2014

(the "Compensation Period"). In support of the Application, EFC respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 9, 2009, EFC has served as special counsel for the Trustee.

4. On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as special counsel to the Trustee in matters pertaining to Ireland.

5. The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY EFC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

7. EFC monitored, on behalf of The Trustee, Madoff-related litigation currently pending in Ireland and advised the Trustee's U.S. and U.K. counsel regarding same.

8. EFC researched, analyzed and advised the Trustee and his U.S. and U.K. counsel on certain aspects of Irish law.

### III. COMPENSATION REQUESTED

9. The Application demonstrates how EFC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

10. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

11. From April 1, 2014 through July 31, 2014, EFC provided a total of 287.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $111,908.09 and the total blended rate for professional services was $389.65/hour. After the 10% discount, the total amount of fees incurred is $100,717.28 and the total blended rate is $350.69/hour. EFC has agreed to a further holdback of 20% of its fees in the amount of $20,143.46, resulting in the present request for compensation in the amount of $80,573.83.

12. A breakdown of the total number of hours performed by each EFC timekeeper is provided on **Exhibit A** annexed hereto.

13. EFC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $1,285.09. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

3

## IV. **GENERAL MATTERS**

14.     All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee and not on behalf of any other person or entity.

15.     No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

16.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

17.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of EFC (*see* SIPA § 78fff-3(b)(2)).

4

18. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

19. Therefore, with respect to this Application, EFC requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). EFC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $100,717.28, of which $80,573.83 is to be paid currently and $20,143.46 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by EFC to the Trustee from April 1, 2014 through July 31, 2014; and

c. Allowing payment to EFC in the amount of $1,285.09 for reimbursement of expenses incurred by EFC from April 1, 2014 through July 31, 2014; and

5

      d.      Granting EFC such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 21, 2014      Eugene F. Collins, Solicitors

By:  *s/ Barry O'Neill*
Barry O'Neill
EUGENE F. COLLINS
Temple Chambers
3 Burlington Road
Dublin 4 Ireland
+353 (1) 202 6400

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF EFC FOR SERVICES RENDERED
## FOR THE PERIOD APRIL 1, 2014 THROUGH JULY 31, 2014

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Maura Connolly | $680.00 | 1.1 | $748.00 |
| Eileen Grace | $680.00 | 1.8 | $1,224.00 |
| Laura McLoughlin | $472.05 | 88.5 | $41,776.00 |
| Triona Sugrue | $471.74 | 40.1 | $18,916.80 |
| Donal Dunne | $470.89 | 30.3 | $14,268.10 |
| Joy Compton | $470.74 | 59.6 | $28,056.00 |
| Laura Feely | $105.78 | 7.9 | $835.64 |
| Sarah Meehan | $105.25 | 25.8 | $2,715.46 |
| Hannah Shaw | $104.92 | 32.1 | $3,368.09 |
|  |  |  |  |
| **Total:** | **$389.65** | **287.2** | **$111,908.09** |
| **Total minus 10% Discount** | **$350.69** |  | **$100,717.28** |
| **Total Net of 20% Holdback:** |  |  | **$80,573.83** |

## EXHIBIT B

## EXPENSE SUMMARY OF EFC
## FOR THE INTERIM PERIOD
## OF APRIL 1, 2014 THROUGH JULY 31, 2014

| EXPENSES | AMOUNTS |
|---|---|
| Taxi | $ 50.59 |
| Photocopying and Printing | $ 1,234.50 |
| **Grand Total** | **$ 1,285.09** |