**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF COCHRAN ALLAN AS SPECIAL COUNSEL TO THE TRUSTEE
FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED
INCURRED FROM JUNE 11, 2014 THROUGH JULY 31, 2014**

Cochran Allan ("Cochran Allan"), special counsel for Irving H. Picard (the "Trustee"),

Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees

and Reimbursement of Expenses (the "Application") for compensation of legal fees in the

amount of $7,159.50 (of which 20% is to be deferred through the conclusion of the liquidation

period) for the period from June 11, 2014 through July 31, 2014  (the "Compensation Period").

In support of the Application, Cochran Allan respectfully submits as follows:

## I.  BACKGROUND

1.    On December 15, 2008, Judge Stanton of the United States District Court for the

Southern District of New York, upon application filed on the same date by the Securities

Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA, and, by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on June 11, 2014, Cochran Allan has served as special counsel for the Trustee.

4.      On June 26, 2014, this Court entered an order approving the Trustee's motion for authority to retain Cochran Allan as special counsel *nunc pro tunc* as of June 11, 2014.

5.      The Trustee's motion to retain Cochran Allan established a fee arrangement pursuant to which Cochran Allan agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II.  SERVICES RENDERED BY COCHRAN ALLAN

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      Cochran Allan provided the Trustee with legal research and advice regarding the treatment of deceased parties under New York law and probate proceedings.

## III.  COMPENSATION REQUESTED

8.      The Application demonstrates how Cochran Allan has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9.      Cochran Allan has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Cochran Allan has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Natanya Holland Allan.

10.      From June 11, 2014 through July 31, 2014, Cochran Allan provided a total of 23 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $7,955.00 and the total blended rate for professional services was $345.87/hour.  After the 10% discount, the total amount of fees incurred is $7,159.50 and the total blended rate is $311.28/hour.  Cochran Allan has agreed to a further holdback of 20% of its fees in the amount of $1,431.90 resulting in the present request for compensation in the amount of $5,727.60.

11.      A breakdown of the total number of hours performed by each Cochran Allan timekeeper is provided on **Exhibit A** annexed hereto.

## IV.  GENERAL MATTERS

12.      All of the professional services for which compensation is requested herein were performed by Cochran Allan for and on behalf of the Trustee and not on behalf of any other person or entity.

13.      No agreement or understanding exists between Cochran Allan and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Cochran Allan with compensation for the legal services described herein.

14.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Cochran Allan (*see* SIPA § 78fff-3(b)(2)).

16.    The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17.    Therefore, with respect to this Application, Cochran Allan requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC."  *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  Cochran Allan expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Cochran Allan respectfully requests that this Court enter an Order:

4

a.      Granting this Application; and

b.      Allowing and awarding $7,159.50, of which $5,727.60 is to be paid currently and

$1,431.90 is to be held back through the conclusion of the liquidation period or

until further order of the Court, as an interim payment for professional services

rendered by Cochran Allan to the Trustee from June 11, 2014 through July 31,

2014; and

c.      Awarding Cochran Allan such other and further relief as this Court deems just

and proper.

Respectfully submitted,

Dated:  November 21, 2014                          Cochran Allan

By:  _s/Natanya Holland Allan_
     Natanya Holland Allan
     Cochran Allan
     8000 Towers Crescent Drive
     Suite 160
     Tysons Corner, VA 22182
     Telephone: 703-847-4481
     Fax: 703-847-4499

5

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF THE COCHRAN ALLAN FOR SERVICES RENDERED
### FOR THE PERIOD JUNE 11, 2014 THROUGH JULY 31, 2014

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
|  |  |  |  |
| Natanya Holland Allan | $395.00 | 11.7 | $4,621.50 |
| Andrea Ricka | $295.00 | 11.3 | $3,333.50 |
|  |  |  |  |
| Total: | $345.87 | 23 | $7,955.00 |
| Total minus 10% Discount | $311.28 |  | $7,159.50 |
| **Total Net of 20% Holdback:** |  |  | **$5,727.60** |