**COZEN O'CONNOR**
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone: (612) 260-9000
Facsimile: (612) 260-9080
Thomas G. Wallrich
Heather L. Marx

*Attorneys for Scott Miller*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| vs. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | |
| Defendant. | |
| In re: | Case No. 09-11893 (SMB) |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING R. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC, | Adv. Pro. No. 10-04909 (SMB) |
| Plaintiff, | |
| vs. | |
| SCOTT MILLER, | |
| Defendant. | |

## **AMENDED ANSWER**

Scott Miller ("Defendant") as and for his Amended Answer to the Complaint filed in the above-captioned matter by Plaintiff Irving H. Picard, as Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC ("Trustee), states and alleges as follows. Defendant denies each and every matter and thing in the Trustee's Complaint unless expressly admitted herein.

1. As to the allegations contained in Paragraph 1 of the Trustee's Complaint, Defendant admits that the documents of record regarding the referenced criminal allegations, plea, and sentencing speak for themselves. In regard to the remaining allegations contained in Paragraph 1 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

2. Defendant denies the allegations contained in Paragraph 2 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

3. As to the allegations contained in Paragraph 3 of the Trustee's Complaint, Defendant believes no response is required to such allegations, however if a response is deemed necessary, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

4. Upon information and belief, Defendant admits the allegations contained in Paragraphs 4, 5, 6, and 7 of the Trustee's Complaint.

5. As to the allegations contained in Paragraphs 8, 9, 10, 11, 12, 13, and 14 of the Trustee's Complaint, Defendant admits only that the documents of record regarding the referenced proceedings speak for themselves. In regard to the remaining allegations contained in Paragraphs 8, 9, 10, 11, 12, 13, and 14 of the Trustee's Complaint, Defendant is without

2

sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

6. As to the allegations contained in Paragraph 15 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

7. Paragraphs 16 and 17 of the Trustee's Complaint set forth legal conclusions to which no response is necessary.

8. As to the allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

9. Defendant denies the allegations contained in Paragraph 37 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

10. As to the allegations contained in Paragraphs 38 and 39 of the Trustee's Complaint, Defendant believes no response is required to such allegations, however if a response is deemed necessary, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

11. As to the allegations contained in Paragraphs 40, 41, 42, and 43 of the Trustee's Complaint, Defendant admits only that the documents of record regarding the referenced proceedings speak for themselves.

LEGAL\21468668\1 00602.9636.000/337742.000

## COUNT ONE – FRAUDULENT TRANSFER
## 11 USC §§ 548(A)(1)(A), 550(A), AND 551

12. As to the allegations contained in Paragraph 44 of the Trustee's Complaint, Defendant incorporates by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

13. Defendant admits the allegations contained in Paragraphs 45 and 46 of the Trustee's Complaint.

14. Defendant denies the allegations contained in Paragraphs 47, 48, and 49 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

## COUNT TWO – FRAUDULENT TRANSFER
## 11 USC §§ 548(A)(1)(B), 550(A), AND 551

15. As to the allegations contained in Paragraph 50 of the Trustee's Complaint, Defendant incorporates by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

16. Defendant admits the allegations contained in Paragraphs 51 and 52 of the Trustee's Complaint.

17. Defendant denies the allegations contained in Paragraphs 53, 54, 55, 56, 57, and 58 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

## COUNT THREE – FRAUDULENT TRANSFER
## NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278, AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551

18. As to the allegations contained in Paragraph 59 of the Trustee's Complaint, Defendant incorporates by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

19. As to the allegations contained in Paragraph 60 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

20. Defendant admits the allegations contained in Paragraph 61 of the Trustee's Complaint.

21. Defendant denies the allegations contained in Paragraphs 62 and 63 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

**COUNT FOUR – FRAUDULENT TRANSFER**
**NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551**

22. As to the allegations contained in Paragraph 64 of the Trustee's Complaint, Defendant incorporates by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

23. As to the allegations contained in Paragraph 65 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

24. Defendant admits the allegations contained in Paragraph 66 of the Trustee's Complaint.

25. Defendant denies the allegations contained in Paragraphs 67, 68, and 69 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

**COUNT FIVE – FRAUDULENT TRANSFER**
**NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278, AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551**

26. As to the allegations contained in Paragraph 70 of the Trustee's Complaint, Defendant incorporates by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

27. As to the allegations contained in Paragraph 71 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

28. Defendant admits the allegations contained in Paragraph 72 of the Trustee's Complaint.

29. Defendant denies the allegations contained in Paragraphs 73, 74, and 75 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

### COUNT SIX – FRAUDULENT TRANSFER
### NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278, AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551

30. As to the allegations contained in Paragraph 76 of the Trustee's Complaint, Defendant incorporates by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

31. As to the allegations contained in Paragraph 77 of the Trustee's Complaint, Defendant is without sufficient information to admit or deny such allegations, and therefore denies such allegations and puts the Trustee to his strict burden of proof.

32. Defendant admits the allegations contained in Paragraph 78 of the Trustee's Complaint.

33. Defendant denies the allegations contained in Paragraphs 79, 80, and 81 of the Trustee's Complaint and puts the Trustee to his strict burden of proof.

### **AFFIRMATIVE DEFENSES**

34. As and for Defendant's first affirmative defense, Defendant states that the Trustee's Complaint fails to state a claim upon which relief may be granted.

35. As and for Defendant's second affirmative defense, Defendant states that the Trustee has failed to plead his claims related to fraud with the requisite particularity.

6

36. As and for Defendant's third affirmative defense, Defendant states that all transfers from the Debtor were received in good faith and in exchange for reasonably equivalent value.

37. As and for Defendant's fourth affirmative defense, Defendant states that the Trustee's claims are barred to the extent Defendant received all transfers in good faith and gave value.

38. As and for Defendant's fifth affirmative defense, Defendant states that the Trustee's claims are barred by the applicable statutes of limitation.

39. As and for Defendant's sixth affirmative defense, Defendant states that the Trustee's claims are barred by the equitable doctrines of waiver, setoff, estoppel, unclean hands, *in pari delicto*, and/or laches.

40. As and for Defendant's seventh affirmative defense, Defendant states that the Trustee's claims are barred due to the Debtor's solvency at all times relevant.

41. As and for Defendant's eighth affirmative defense, Defendant states that all transfers received from the Debtor were in the nature of settlement payments exempt from avoidance under section 546(e) of the Bankruptcy Code.

42. As and for Defendant's ninth affirmative defense, Defendant states that the Trustee lacks standing under 15 U.S.C. §78fff-2(c)(3).

43. As and for Defendant's tenth affirmative defense, in order to preserve the defenses pending further discovery, Defendant incorporates by reference all affirmative defenses required to be asserted under Rule 8(c) of the Federal Rules of Civil Procedure.

44. Defendant reserves the right to assert other and further affirmative defenses as this case progresses and discovery discloses the grounds for such additional defenses to the Trustee's claims.

**WHEREFORE**, Defendant respectfully requests this Court grant him the following relief:

1. Dismiss Plaintiff's Complaint and claims therein against Defendant with prejudice; and

45. Award Defendant his reasonable attorneys' fees, costs, and disbursements incurred herein as allowed by statute; and

46. For such other and further relief as this Court deems just and equitable.

Dated:  November 13, 2014                           **COZEN O'CONNOR**

/s/ Thomas G. Wallrich
Thomas G. Wallrich (MN #213354) *pro hac vice*
Heather L. Marx (MN #321163), *pro hac vice*
Joel D. Nesset (MN #30475X), *pro hac vice*
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone:  612-260-9000
Fax:  612-260-9084

ATTORNEYS FOR DEFENDANT