Richard A. Kirby (*Pro Hac Vice*)
K&L GATES LLP
1601 K Street, NW
Washington D.C. 20006
Telephone:  (202) 778-9000
Facsimile:  (202) 778-9100

Joanne M. Hepburn (*Pro Hac Vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone:  (206) 623-7580
Facsimile:  (206) 623-7022

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04504 (BRL) |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ESTATE OF DORIS M. PEARLMAN; HEIDI PEARLMAN AND JILL BETH PEARLMAN, in their capacity as the Personal Representatives of the Estate of Doris Pearlman, in their | |

capacity as co-trustees of the Doris M. Pearlman
Revocable Trust, and as subsequent
beneficiaries; DORIS M. PEARLMAN
REVOCABLE TRUST, as a subsequent
beneficiary; and MARVIN A. GOLDENBERG,
as a subsequent beneficiary,

                 Defendants.

## ANSWER

Defendants answer Plaintiff's enumerated allegations as set out below. Any allegation in the Amended Complaint not specifically admitted is denied.

## NATURE OF PROCEEDING

1.     Defendants state that the allegations of paragraph 1 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the factual allegations contained in paragraph 1 and on that basis deny each and every allegation contained therein.

2.     Defendants deny that they were beneficiaries of a Ponzi scheme or that they received other peoples' money. To the contrary, the decedent was a customer of a trusted broker-dealer who defrauded her. The Subsequent Transferee Defendants deny that they received any subsequent transfers of any portion of the avoidance transfers alleged in paragraph 2 of the Complaint. Defendants further state that the remaining allegations of paragraph 2 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 2 and on that basis deny each and every allegation contained therein.

3.     Defendants state that the allegations of paragraph 3 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

4.      Defendants state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny that this Court has jurisdiction to fully adjudicate this proceeding.

5.      Defendants state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 5 and further assert that the Court lacks authority to adjudicate the claims.

6.      Defendants admit the allegations contained in paragraph 6 of the Complaint.

## DEFENDANTS

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.      Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.      Defendants admit the allegations contained in paragraph 11 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

12.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

13.      Defendants assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

14.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and further assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

15.     The "Protective Decree" is a legal document that speaks for itself and, therefore, Defendants deny allegations inconsistent with that legal document.  To the extent further response to paragraph 15 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

16.     The "orders" referenced in paragraph 16 are legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with those legal documents. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 16. To the extent further response to paragraph 16 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     The allegations in paragraph 17 refer to information contained in legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 17 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

18.     The allegations in paragraph 18 refer to information contained in legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 18 is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 that the Trustee is in the process of marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions

of dollars that they invested over the years.  As to all other allegations contained in paragraph 19 of the Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny them.

20.    Defendants state that the allegations of paragraph 20 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 20 and on that basis deny each and every allegation contained therein.

21.    Defendants state that the allegations of paragraph 21 are legal conclusions or arguments as to which no response is required.

22.    Defendants state that the allegations of paragraph 22 and each subpart are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny the factual allegations contained in paragraph 22.  Defendants specifically deny that the Trustee has authority to avoid obligations, or that he has sufficiently pled such claims.

## THE FRAUDULENT PONZI SCHEME

23.    Defendants admit that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 23 of the Complaint and on that basis deny each and every remaining allegation contained therein.

24.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26.    Defendants admits that Decedent received periodic statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been

traded through, her account.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29.     Defendants deny that any monies sent to Madoff Securities were used to enrich Decedent and/or Defendants or that Decedent and/or Defendants had any knowledge of a fraudulent scheme, to the extent one existed.  To the extent Plaintiff is alleging Decedent was an "investor" in Madoff Securities, Defendants deny that characterization. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.     Defendants state that the allegations of paragraph 30 are legal conclusions or arguments as to which no response is required.  To the extent Plaintiff is alleging Decedent was an "investor" in Madoff Securities, Defendants deny that allegation. To the extent further response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 and on that basis deny each and every allegation contained therein.

31.     To the extent Plaintiff is alleging Decedent was an "investor" in Madoff Securities, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.    Defendants admit that Decedent received statements from Madoff Securities.  To the extent Plaintiff is alleging Decedent was an "investor" in Madoff Securities, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.    To the extent Plaintiff is alleging Decedent was an "investor" in Madoff Securities, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein.

36.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein.

37.    Defendants state that the allegations of paragraph 37 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 and on that basis deny each and every allegation contained therein.

## THE ACCOUNT AGREEMENTS

38.    Defendants admit that Decedent maintained an account with Madoff Securities, and that Decedent entered into certain account agreements with Madoff Securities, but deny knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff

Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York. Defendants admit that Decedent received statements, confirmations, and other communications from Madoff Securities.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint, except admit that NTC and/or Decedent made deposits to the Account. As to the truth of the remaining allegations contained in paragraph 39 of the Complaint, Defendants refer to the Account Agreements for the specific terms.

THE OBLIGATIONS

40.     Defendants state that the allegations of paragraph 40 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 40 of the Complaint.

41.     Defendants state that the allegations of paragraph 41 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 41 of the Complaint.

42.     Defendants state that the allegations of paragraph 42 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

THE TRANSFERS

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint, except admit that NTC, for the benefit of Decedent, received certain transfers from and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

44.     Defendants deny that the Transfers were "fictitious profits", other people's money, or anything other than customer withdrawals or other payments to which Decedent had a legal right.

45.     Defendants state that the allegations of paragraph 45 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 45 of the Complaint, except Defendants

admits Decedent received certain transfers from, and made certain transfers to, Madoff Securities during the six year period prior to the Filing Date.

46.    Defendants state that the allegations of paragraph 46 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 46 of the Complaint, except Defendants admits Decedent received certain transfers from Madoff Securities during the two year period prior to the Filing Date.

47.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 47 of the Complaint.

48.    Defendants state that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 48 of the Complaint.

## CUSTOMER CLAIMS

49.    The "Customer Claims" referenced in paragraph 49 are legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with those legal documents.  Defendants admit the remaining allegations contained in paragraph 49 of the Complaint.

50.    The "Determination" referenced in paragraph 50 is a legal document that speaks for itself and, therefore, Defendants deny allegations inconsistent with that legal document.  Defendants admit the remaining allegations contained in paragraph 50 of the Complaint.

51.    Defendants admit the allegations contained in paragraph 51 of the Complaint.

52.    The "Claims Procedure Order" is a legal document that speaks for itself and, therefore, Defendants deny allegations inconsistent with that legal document.  Defendants further state that the allegations of paragraph 52 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT ONE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(A), 550(a)**
**AND 551**

53.    Defendants respond to paragraph 53 of the Complaint as they have responded to the allegations incorporated by reference therein.

54.    Defendants state that the allegations of paragraph 54 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

55.    Defendants state that the allegations of paragraph 55 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

56.    Defendants state that the allegations of paragraph 56 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

57.    Defendants state that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

58.    Defendants state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

59.    Defendants state that the allegations of paragraph 59 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT TWO**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§548(a)(1)(B), 550(a)**
**AND 551**

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L.

<u>Madoff Inv. Secs. LLC</u> (<u>In re Madoff Secs.</u>), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

60.     Defendants respond to paragraph 60 of the Complaint as they have responded to the allegations incorporated by reference therein.

61.     Defendants state that the allegations of paragraph 61 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

62.     Defendants state that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

63.     Defendants state that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

64.     Defendants state that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

65.     Defendants state that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

66.     Defendants state that the allegations of paragraph 66 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

67.     Defendants state that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

68.      Defendants state that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

69.      Defendants state that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT THREE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See* Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

70.      Defendants respond to paragraph 70 of the Complaint as they have responded to the allegations incorporated by reference therein.

71.      Defendants state that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

72.      Defendants state that the allegations of paragraph 72 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

73.      Defendants state that the allegations of paragraph 73 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

74.      Defendants state that the allegations of paragraph 74 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

## COUNT FOUR
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

75.    Defendants respond to paragraph 75 of the Complaint as they have responded to the allegations incorporated by reference therein.

76.    Defendants state that the allegations of paragraph 76 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

77.    Defendants state that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

78.    Defendants state that the allegations of paragraph 78 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

79.    Defendants state that the allegations of paragraph 79 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

80.    Defendants state that the allegations of paragraph 80 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274,**
**278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

This cause of action has been dismissed against Defendants in accordance with the

Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final

Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L.

Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012)

(Docket No. 101).

81.     Defendants respond to paragraph 81 of the Complaint as they have responded to

the allegations incorporated by reference therein.

82.     Defendants state that the allegations of paragraph 82 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny each and every allegation contained therein.

83.     Defendants state that the allegations of paragraph 83 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny each and every allegation contained therein.

84.     Defendants state that the allegations of paragraph 84 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny each and every allegation contained therein.

85.     Defendants state that the allegations of paragraph 85 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny each and every allegation contained therein.

86.     Defendants state that the allegations of paragraph 86 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny each and every allegation contained therein.

## COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

87.    Defendants respond to paragraph 87 of the Complaint as they have responded to the allegations incorporated by reference therein.

88.    Defendants state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

89.    Defendants state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

90.    Defendants state that the allegations of paragraph 90 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

91.    Defendants state that the allegations of paragraph 91 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

92.    Defendants state that the allegations of paragraph 92 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**COUNT SEVEN**
**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551**

This cause of action (other than to the extent it is based on Section 548) has been dismissed against Defendants in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

93.     Defendants respond to paragraph 93 of the Complaint as they have responded to the allegations incorporated by reference therein.

94.     Defendants state that the allegations of paragraph 94 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

95.     Defendants state that the allegations of paragraph 95 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

96.     Defendants state that the allegations of paragraph 96 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

97.     Defendants state that the allegations of paragraph 97 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

98.     Defendants state that the allegations of paragraph 98 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

**REQUEST FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief he seeks.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having answered the allegations in Plaintiff's Complaint, Defendants assert the following defenses and affirmative defenses to Plaintiff's claims.  In identifying the defenses set forth below, Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of the claims that he alleges.  Defendants do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendants.  These defenses are set forth cumulatively and in the alternative.

## RESERVATION

Under prior decisions applicable to this case, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) and Section 550(a).   In the event that subsequent legal developments further change the claims available to the Trustee, Defendants hereby preserve each and every defense at law, in equity, or otherwise, available under federal and state law, including common law.  They further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defenses.  Defendants reserve the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate to do so.

1.      The Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 9(b), *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (1) failing to describe each specific transfer and its recipients, each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (2) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (3) pleading numerous factual allegations about which Defendants could not possibly have knowledge.

2.      The Complaint fails to state a claim on which relief can be granted because, among other defects, it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations.  To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

3.      This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under Article III of the Constitution, as confirmed by *Stern v. Marshall,* 131 S.Ct. 63 (2010) and its progeny.  The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

4.      The Trustee lacks standing to bring some or all of the claims.

5.      The claims are barred in whole or part by waiver and/or laches.

6.      The claims are barred in whole or part by applicable limitations periods.

7.      The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

8.      The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against these Defendants under Sections 548 and 550 of the Bankruptcy Code.

9.      The alleged transfers, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by Section 550(a) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against these Defendants under Section 550 of the Bankruptcy Code.

10.     The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272

through 276 of the New York Debtor and Creditor Law.

11.     The alleged transfers, to the extent they were actually received by Decedent, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

12.     The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract, more than two years before the filing date.

13.     The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code and *In re Quebecor*, 719 F.3d 94 (2d Cir. 2013) because each of the transfers constitutes a settlement payment or a payment in connection with a securities contract made by or to a stockbroker and/or financial institution, more than two years before the commencement of this liquidation proceeding.

14.     Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Decedent received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities, including without limitation for (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; and/or (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law, (c) the time value of money, (d) unjust enrichment, (e) damages for breach of fiduciary duty  and/or (f) money had and received.

15.     Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" based on Forms 1099 and other information

reported by Madoff Securities to governmental taxing authorities. The Trustee has named the improper party for these amounts. The proper party is the IRS.

16.    Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, required by law, such as mandatory withdrawals from IRA accounts or required for charitable foundation funding obligations.

17.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

18.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

19.    The claims are barred in whole or part for failure to properly credit inter-account transfers.

20.    The claims are barred in whole or part for failure to properly account for the time value of money through an interest or inflation adjustment to principal deposits.

21.    Even if the transfers were avoidable, the transfers may not be recovered because Subsequent Transferee Defendants were not persons for whose benefit the initial transfers were made nor were they immediate or mediate transferees of the initial transfers.

22.    The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the Subsequent Transferee Defendants.

23.    The alleged claims against subsequent transferees are barred in whole or part by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

24.    Recovery of attorneys' fees from Defendants is not permissible under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

25.     The Trustee is not entitled to an award of interest from the date of each alleged transfer because of the operation of waiver, estoppel, and other equitable doctrines.  To the extent interest is to be awarded, the claims at issue are based on federal law, and interest is to be determined in accordance with federal law.

26.     The claims are not ripe because they do not meet the conditions of 15 U.S.C. § 78fff-2(c)(3).  The Trustee has offered no proof of a shortfall in customer property.

Dated:  November 21, 2014
Washington, DC

Respectfully submitted,

K&L GATES LLP

By:  /s/Richard A. Kirby
1601 K Street, NW
Washington, DC  20666-1600
Telephone:  (202) 661-3730
Facsimile:  (202) 778- 9100
Richard A. Kirby (*Pro Hac Vice*)
Email:  richard.kirby@klgates.com

Joanne M. Hepburn (*Pro Hac Vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Facsimile:  (206) 623-7022
Email:  joanne.hepburn@klgates.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2014, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System which will send a notification of such filing to all

counsel of record.


Dated:  November 21, 2014

/s/Richard A. Kirby_____
Richard A. Kirby