**COZEN O'CONNOR**
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone: (612) 260-9000
Facsimile: (612) 260-9080
Thomas G. Wallrich
Heather L. Marx
Joel D. Nesset

*Attorneys for Defendants Minnetonka Moccasin Co., Inc.*
*Profit Sharing Trust, David Miller, and Marshall Miller*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| vs. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | Case No. 09-11893 (SMB) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC, | Adv. Pro. No. 10-05126 (SMB) |
| Plaintiff, | |
| vs. | |
| MINNETONKA MOCCASIN CO., INC. PROFIT SHARING TRUST; DAVID MILLER, in his capacity as Trustee of the Minnetonka Moccasin Co., Inc. Profit Sharing Trust; and MARSHALL MILLER, in his | |

capacity as Trustee of the Minnetonka Moccasin Co., Inc. Profit Sharing Trust,

Defendants.

## JOINT AMENDED ANSWER

Minnetonka Moccasin Co., Inc. Profit Sharing Trust, David Miller, and Marshall Miller (collectively, the "Defendants") as and for their Joint Amended Answer to the Complaint filed in the above-captioned matter by Plaintiff Irving H. Picard, as Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC ("Trustee), state and allege as follows. Defendants deny each and every matter and thing in the Trustee's Complaint unless expressly admitted herein.

1. As to the allegations contained in Paragraph 1 of the Trustee's Complaint, Defendants admit that the documents of record regarding the referenced criminal allegations, plea, and sentencing speak for themselves. In regard to the remaining allegations contained in Paragraph 1 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

2. Defendants deny the allegations contained in Paragraph 2 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

3. As to the allegations contained in Paragraph 3 of the Trustee's Complaint, Defendants believe no response is required to such allegations, however if a response is deemed necessary, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

4. Upon information and belief, Defendants admit the allegations contained in Paragraphs 4, 5, 6, 7, 8, and 9 of the Trustee's Complaint.

2

5. As to the allegations contained in Paragraphs 10, 11, 12, 13, 14, 15, and 16 of the Trustee's Complaint, Defendants admit only that the documents of record regarding the referenced proceedings speak for themselves. In regard to the remaining allegations contained in Paragraphs 10, 11, 12, 13, 14, 15, and 16 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

6. As to the allegations contained in Paragraph 17 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

7. Paragraphs 18 and 19 of the Trustee's Complaint set forth legal conclusions to which no response is necessary.

8. As to the allegations contained in Paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

9. Defendants deny the allegations contained in Paragraph 39 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

10. As to the allegations contained in Paragraphs 40 and 41 of the Trustee's Complaint, Defendants believe no response is required to such allegations, however if a response is deemed necessary, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

## COUNT ONE – FRAUDULENT TRANSFER
## 11 USC §§ 548(A)(1)(A), 550(A), AND 551

11.  As to the allegations contained in Paragraph 42 of the Trustee's Complaint, Defendants incorporate by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

12.  Defendants admit the allegations contained in Paragraphs 43 and 44 of the Trustee's Complaint.

13.  Defendants deny the allegations contained in Paragraphs 45, 46, and 47 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

## COUNT TWO – FRAUDULENT TRANSFER
## 11 USC §§ 548(A)(1)(B), 550(A), AND 551

14.  As to the allegations contained in Paragraph 48 of the Trustee's Complaint, Defendants incorporate by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

15.  Defendants admit the allegations contained in Paragraphs 49 and 50 of the Trustee's Complaint.

16.  Defendants deny the allegations contained in Paragraphs 51, 52, 53, 54, 55, and 56 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

## COUNT THREE – FRAUDULENT TRANSFER
## NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278, AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551

17.  As to the allegations contained in Paragraph 57 of the Trustee's Complaint, Defendants incorporate by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

18. As to the allegations contained in Paragraph 58 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

19. Defendants admit the allegations contained in Paragraph 59 of the Trustee's Complaint.

20. Defendants deny the allegations contained in Paragraphs 60 and 61 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

## COUNT FOUR – FRAUDULENT TRANSFER
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551

21. As to the allegations contained in Paragraph 62 of the Trustee's Complaint, Defendants incorporate by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

22. As to the allegations contained in Paragraph 63 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

23. Defendants admit the allegations contained in Paragraph 64 of the Trustee's Complaint.

24. Defendants deny the allegations contained in Paragraphs 65, 66, and 67 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

## COUNT FIVE – FRAUDULENT TRANSFER
## NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278, AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551

25. As to the allegations contained in Paragraph 68 of the Trustee's Complaint, Defendants incorporate by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

08-01789-cgm    Doc 8596    Filed 11/25/14    Entered 11/25/14 10:35:13    Main Document
Pg 6 of 8

26. As to the allegations contained in Paragraph 69 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

27. Defendants admit the allegations contained in Paragraph 70 of the Trustee's Complaint.

28. Defendants deny the allegations contained in Paragraphs 71, 72, and 73 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

## COUNT SIX – FRAUDULENT TRANSFER
## NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278, AND/OR 279, AND 11 USC §§ 544(B), 550(A), AND 551

29. As to the allegations contained in Paragraph 74 of the Trustee's Complaint, Defendants incorporate by reference the allegations contained in the previous paragraphs of this Answer as if fully rewritten herein.

30. As to the allegations contained in Paragraph 75 of the Trustee's Complaint, Defendants are without sufficient information to admit or deny such allegations, and therefore deny such allegations and put the Trustee to his strict burden of proof.

31. Defendants admit the allegations contained in Paragraph 76 of the Trustee's Complaint.

32. Defendants deny the allegations contained in Paragraphs 77, 78, and 79 of the Trustee's Complaint and put the Trustee to his strict burden of proof.

## **AFFIRMATIVE DEFENSES**

33. As and for Defendants' first affirmative defense, Defendants state that the Trustee's Complaint fails to state a claim upon which relief may be granted.

34. As and for Defendants' second affirmative defense, Defendants state that the Trustee has failed to plead his claims related to fraud with the requisite particularity.

6
LEGAL\21468636\1 16823.0001.000/337220.000

35. As and for Defendants' third affirmative defense, Defendants state that all transfers from the Debtor were received in good faith and in exchange for reasonably equivalent value.

36. As and for Defendants' fourth affirmative defense, Defendants state that the Trustee's claims are barred to the extent Defendants received all transfers in good faith and gave value through satisfaction of Debtor's contractual obligations owed to Wells Fargo Bank under a control agreement in place in regard to Defendants' accounts.

37. As and for Defendants' fifth affirmative defense, Defendants state that the Trustee's claims are barred by the applicable statutes of limitation.

38. As and for Defendants' sixth affirmative defense, Defendants state that the Trustee's claims are barred by the equitable doctrines of waiver, setoff, estoppel, unclean hands, *in pari delicto*, and/or laches.

39. As and for Defendants' seventh affirmative defense, Defendants state that the Trustee's claims are barred due to the Debtor's solvency at all times relevant.

40. As and for Defendants' eighth affirmative defense, Defendants state that all transfers received from the Debtor were in the nature of settlement payments exempt from avoidance under section 546(e) of the Bankruptcy Code.

41. As and for Defendants' ninth affirmative defense, Defendants state that the Trustee lacks standing under 15 U.S.C. §78fff-2(c)(3).

42. As and for Defendants' tenth affirmative defense, in order to preserve the defenses pending further discovery, Defendants incorporate by reference all affirmative defenses required to be asserted under Rule 8(c) of the Federal Rules of Civil Procedure.

43. Defendants reserve the right to assert other and further affirmative defenses as this case progresses and discovery discloses the grounds for such additional defenses to the Trustee's claims.

**WHEREFORE**, Defendants respectfully request this Court grant them the following relief:

1. Dismiss Plaintiff's Complaint and claims therein against Defendants with prejudice; and

44. Award Defendants their reasonable attorneys' fees, costs, and disbursements incurred herein as allowed by statute; and

45. For such other and further relief as this Court deems just and equitable.

Dated:  November 13, 2014                **COZEN O'CONNOR**

/s/ Thomas G. Wallrich
Thomas G. Wallrich (MN #213354) *pro hac vice*
Heather L. Marx (MN #321163), *pro hac vice*
Joel D. Nesset (MN #30475X), *pro hac vice*
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone:  612-260-9000
Fax:  612-260-9084

ATTORNEYS FOR DEFENDANTS