**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Timothy S. Pfeifer
tpfeifer@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                 Plaintiff-Applicant, <br><br>     v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                 Defendant. | SIPA LIQUIDATION <br><br> No. 08-01789 <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>              Plaintiff, <br><br>     v. <br><br> SONJA KOHN, et al., <br><br>              Defendants. | Adv. Pro. No. 10-05411 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO**
**FILE A THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND ...............................................................................................................2

        1.      RICO Claims.............................................................................................3

        2.      Common Law Claims ...............................................................................4

        3.      Fraudulent Transfer Claims ....................................................................5

ARGUMENT ...................................................................................................................6

     A.     Legal Standard ............................................................................................6

     B.     There Is No Prejudice to the Remaining Defendants.................................7

     C.     The Trustee Has Acted in Good Faith and Without Delay .......................9

     D.     The TAC Is Not Futile ..............................................................................9

     E.     There Has Not Been a Repeated Failure to Cure Deficiencies in Prior
          Amendments ..............................................................................................10

CONCLUSION.................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*AEP Energy Svcs. Gas Holding Co. v. Bank of America, N.A.*,
   626 F.3d 699 (2d Cir. 2010)..................................................................................7

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir. 1993)..................................................................................7

*Camoia v. City of New York*,
   No. 09-cv-2545 (SLT)(LB), 2013 WL 867199 (E.D.N.Y. Mar. 7, 2013) .................8

*Catanzano v. Wing*,
   277 F.3d 99 (2d Cir. 2001)....................................................................................1

*Denny v. Barber*,
   576 F.2d 465 (2d Cir. 1978)................................................................................10

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*,
   282 F.3d 83 (2d Cir. 2002)....................................................................................9

*Ferring v. Allergan, Inc.*,
   4 F. Supp. 3d 612, 620 (S.D.N.Y. 2014)..............................................................10

*Fjord v. AMR Corp. (In re AMR Corp)*,
   506 B.R. 368 (Bankr. S.D.N.Y. 2014)...................................................................6

*Foman v. Davis*,
   371 U.S. 178 (1962)..................................................................................6, 8, 10

*Hamilton v. City of New York*,
   No. 06-cv-15405 (DC), 2011 WL 1842990 (S.D.N.Y. May 20, 2011) ....................6

*Henneberry v. Sumitomo Corp. of America*,
   415 F. Supp. 2d 423 (S.D.N.Y. 2006)....................................................................6

*Hood v. P. Ballantine and Sons*,
   38 F.R.D. 502 (S.D.N.Y. 1965) .............................................................................6

*Kaster v. Modifications Sys., Inc.*,
   731 F.2d 1014 (2d Cir. 1984).................................................................................6

*In re Madoff Inv. Sec. LLC*,
   468 B.R. 620 (Bankr. S.D.N.Y. 2012)...................................................................5

*In re Madoff Inv. Sec. LLC*,
   480 B.R. 501 (Bankr. S.D.N.Y. 2012)...................................................................5

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*McBeth v. Gabrielli Truck Sales, Ltd.*,
    731 F. Supp. 2d 316 (E.D.N.Y. 2010) ....................................................................6

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
    651 F.3d 268, 277 (2d Cir. 2011)....................................................................3, 10

*Oscar v. BMW of North America, LLC*,
    No. 09-cv-11 (PAE), 2011 WL 6399505 (S.D.N.Y. Dec. 20, 2011)........................7

*Picard v. Greiff*,
    476 B.R. 715 (S.D.N.Y. 2012)................................................................................10

*Picard v. HSBC Bank PLC*,
    454 B.R. 25 (S.D.N.Y. 2011)....................................................................................4

*Picard v. HSBC Bank PLC*,
    721 F.3d 54 (2d Cir. 2013), *cert. denied, Picard v. HSBC Bank PLC*, 134 S.
    Ct. 2895 (2014) .......................................................................................................4

*Picard v. JP Morgan Chase & Co.*,
    460 B.R. 84 (S.D.N.Y. 2011)....................................................................................4

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011)................................................................................10

*Picard v. Kohn*,
    907 F. Supp. 2d 392 (S.D.N.Y. 2012).................................................................2, 3, 4

*Picard v. Kohn*,
    Case No. 12-cv-02660, ECF No. 11 at 5 ...................................................................4

*Picard v. Kohn*,
    Case No. 12-cv-02661, ECF No. 8 at 3 .....................................................................4

*Picard v. Kohn*,
    Case No. 12-cv-2661 ECF No. 8 at 1 ........................................................................4

*Picard v. Merkin*,
    515 B.R. 117 (Bankr. S.D.N.Y. 2014).......................................................................5

*Puccino v. SNET Info. Servs.*,
    2011 U.S. Dist. LEXIS 131583 (D. Conn. Nov. 14, 2011) .......................................4

*Ricciuti v. N.Y.C. Transit Auth.*,
    941 F.2d 119 (2d Cir. 1991).......................................................................................9

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Roberts v. Cooperative Centrale Raiffeisen-Boeren Leenbank B.A.*,
2010 U.S. Dist. LEXIS 461 (S.D.N.Y. Jan. 4, 2010) ...............................................................4

*Roller Bearing Co. of America, Inc. v. American Software, Inc.*,
570 F. Supp. 2d 376 (D. Conn. 2008) ...................................................................................10

*In re Saba Enterprises Inc.*,
421 B.R. 626 ..........................................................................................................................10

*SEC v. Aragon Capital Mgmt.LLC*,
No. 07-cv-919 (FM), 2010 WL 4456302 (S.D.N.Y. Oct. 28, 2010) .......................................8

*SIPC v. BLMIS*,
No. 12 Misc. 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)................................10

*System Federation No. 152 v. Pennsylvania R. Co.*,
272 F. Supp. 971 (S.D.N.Y. 1967).........................................................................................6

*Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1993).................................................................................................7, 9

*Torn v. Rosen*,
No. 82-cv-3130 (CSH), 1984 WL 734 (S.D.N.Y. Aug. 6, 1984) ............................................7

*Town of New Windsor v. Tesa Tuck, Inc.*,
919 F. Supp. 662 (S.D.N.Y. 1996).........................................................................................9

*Tuosto v. Philip Morris USA Inc.*,
672 F. Supp. 2d 350 (S.D.N.Y. 2009).....................................................................................6

*Vogel v. Am. Kiosk Mgmt.*,
371 F. Supp. 2d 122 (D. Conn. 2005).....................................................................................4

*Wakefield v. N. Telecom, Inc.*,
769 F.2d 109 (2d Cir. 1985)....................................................................................................1

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
401 U.S. 321 (1971)................................................................................................................6

**Statutes**

11 U.S.C. §§ 548 ...................................................................................................................10

11 U.S.C. §§ 550 ...................................................................................................................10

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

18 U.S.C. § 1961-68 ...................................................................................................1

15 U.S.C. §§ 78aaa, *et seq.* ......................................................................................1

N.Y. DCL §§ 273 *et seq*..........................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................9

Fed. R. Civ. P. 15 ...................................................................................1, 5,  6, 7, 10

Fed. R. Civ. P. 41 .............................................................................................1, 3, 4

Fed. R. Bankr. P. 7015.........................................................................................1, 5

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of

Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa,

*et seq.* ("SIPA"), by his undersigned counsel, seeks leave under Rule 15 of the Federal Rules of

Civil Procedure and Rule 7015 of the Federal Rules of Bankruptcy Procedure, to file a Third

Amended Complaint (the "TAC"), substantially in the form attached as Exhibit 1 to the Trustee's

Notice of Motion.

## PRELIMINARY STATEMENT

The Trustee seeks leave to amend his complaint to withdraw his RICO[1] and common law

claims and to remove all but three defendants:  Infovaleur Inc. ("Infovaleur"), Tecno

Development & Research, Ltd. ("Tecno Gibraltar"), and Ms. Sonja Kohn ("Kohn," and together

with Infovaleur and Tecno Gibraltar, the "Remaining Defendants").  The Trustee filed a notice of

dismissal under Federal Rule of Civil Procedure 41(a) ("Rule 41 Dismissal") as to all named

defendants in the Second Amended Complaint ("SAC"),[2] ECF No. 97, other than the Remaining

Defendants.[3]  These amendments will streamline this action to assert only claims arising under

the Bankruptcy Code and New York Debtor and Creditor law to avoid and recover fraudulent

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-68.

[2] Two defendants filed answers:  Robert Reuss ("Reuss") and Andreas Schindler ("Schindler").  Reuss filed a document entitled "Answer to the complaint relating to Bankruptcy Case No. 08-1789 (brl)/Adv. Pro. No. 10-05411 (brl)," dated November 14, 2013.  ECF No. 213.  The letter states that Reuss is not submitting to the jurisdiction of the Bankruptcy Court, contests jurisdiction, and states that the allegations against him lack merit.  Schindler filed what is styled as a letter to the Court, objecting to all allegations, venue, and subject matter jurisdiction.  Because Reuss and Schindler have submitted filings styled as answers, voluntary dismissal under Rule 41(a)(1)(A)(i) may be procedurally improper as to them.  Accordingly, the Trustee requests by this Motion that the Court dismiss all claims against Reuss and Schindler without prejudice under Rule 41(a)(2).  *See Catanzano v. Wing,* 277 F.3d 99, 109 (2d Cir. 2001) ("Voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby.") (citing *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)).

[3] During the course of this adversary proceeding, various defendants defaulted.  The Clerk of the Bankruptcy Court entered default as to Paul de Sury, New Economy.Tech S.A., Bank Medici AG (Gibraltar), Starvest Anstalt, Lifetrust AG, Tonga International S.A., RTH AG, Systor S.A., Marketing Strategies, Ltd., Eastview Service Ltd., Brightlight Trading Ltd., Sharei Halacha Jerusalem, Yakov Lantzitsky, and Daniele Cosulich.  ECF Nos. 202, 201, 200, 186, 185, 184, 183, 175, 174, 171, 170, 123, 122, 114.

transfers.  Each of these claims was previously asserted and no new counts are being added as to the Remaining Defendants.

The Trustee should be granted leave to amend the SAC because the defendants will suffer no prejudice, there has been no undue delay or bad faith, the TAC is not futile, and there has been no failure to cure any defects with prior amendments.  In sum, the TAC eliminates allegations and claims related to defendants that the Trustee has elected to dismiss without prejudice and will not currently be parties to the litigation.  These proposed amendments will expedite the resolution of this adversary proceeding and narrow the issues before this Court. Accordingly, the Court should grant the Trustee's motion.

## BACKGROUND

The Trustee commenced this action on December 10, 2010.  ECF No. 1.  On February 3, 2011, the Trustee filed an amended complaint as of right to correct a technical error in the caption.  ECF No. 4.  After the reference was withdrawn from this Court, the United States District Court for the Southern District of New York heard motions to dismiss the common law and RICO claims asserted in the Amended Complaint.  *See Picard v. Kohn*, 907 F. Supp. 2d 392 (S.D.N.Y. 2012).  On February 22, 2012, the District Court entered an order dismissing the RICO and common law claims as to UniCredit S.p.A. ("Unicredit"), Pioneer Global Asset Management S.p.A. ("Pioneer"), Unicredit Bank Austria AG ("Bank Austria"), and Alessandro Profumo ("Profumo") without prejudice.  *Id*.  The Trustee filed the SAC on April 6, 2012, wherein the Trustee named additional defendants and added allegations pertinent to the RICO claims that were the subject of the February 22, 2012 ruling.  ECF No. 97.

The SAC comprised twenty-two counts against seventy-six defendants.  The claims can be divided into three categories:  (1) civil racketeering; (2) common law claims; and (3)

fraudulent transfer claims.[4]  The RICO and common law claims were asserted against all seventy-six defendants, while the fraudulent transfer claims were asserted only against specific defendants.  The table below summarizes the claims contained in the SAC.

| Claims | Count Numbers | Defendants |
|---|---|---|
| RICO | 1, 2 | All Defendants |
| Common Law Claims | 20, 21, 22 | All Defendants |
| Fraudulent Transfer Claims | 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 13, 14, 15, 16, 17, 18, 19 | Certain Defendants |

The proposed TAC eliminates the RICO and common law claims as to all defendants. The TAC narrows the Trustee's fraudulent transfer claims to only initial transfer claims asserted against the Remaining Defendants.  Finally, the TAC amends the caption to remove the defendants that were voluntarily dismissed by the Rule 41 Dismissal.[5]

### 1.    RICO Claims

On February 22, 2012 the District Court dismissed the RICO claims (counts 1 and 2) with respect to the four defendants who moved to dismiss.[6]  *See Picard v. Kohn*, 907 F. Supp. 2d 392. The District Court dismissed the RICO claims because it found that the Trustee did not have standing based on allegations in the SAC.  *Id*. at 396-7.  Additionally, the District Court found that under the Second Circuit's ruling in *MLSMK Inv*. *Co. v. JP Morgan Chase & Co*., 651 F.3d 268, 277 (2d Cir. 2011), the "RICO Amendment" to the Private Securities Litigation Reform Act barred the Trustee's claims.  *Id*., at 397–99.

Recently, certain defendants (who were not part of the proceedings before the District Court that resulted in the dismissal of the RICO claims) requested by letter that the District Court

---

[4] The initial and subsequent transferee claims arise under the United States Bankruptcy Code as well as New York Debtor & Creditor Law.
[5] The Trustee voluntarily dismissed Palladium Capital Advisors on January 17, 2012. ECF No. 66.  However, Palladium was included in the caption of the SAC, and the TAC removes Palladium as a named party.  The Trustee entered into three stipulations of dismissal with Hassans International Law Firm, Gianfranco Gutty, and Friedrich Kadrnoska.  ECF Nos. 104, 100, 96.
[6] The moving parties were UniCredit, Pioneer, Bank Austria, and Profumo.

similarly dismiss the RICO claims as to them. *See* Letters dated July 18, 2014, *Picard v. Kohn*,

Case No. 12-cv-02660, ECF No. 11 at 5; *Picard v. Kohn*, Case No. 12-cv-02661, ECF No. 8 at 3.

On July 31, 2014, Judge Rakoff issued an order directing the return of these adversary

proceedings to this Court to "apply this squarely on-point precedent to the facts of these cases."

Order dated July 31, 2014 (citing *Picard v. Kohn*, 907 F. Supp. 2d. at 392), *Picard v. Kohn*, Case

No. 12-cv-2660, ECF No. 11 at 1; *Picard v. Kohn*, Case No. 12-cv-2661 ECF No. 8 at 1.

In light of the July 31, 2014 order by Judge Rakoff, the Trustee has decided to voluntarily

withdraw Counts 1 and 2, as reflected in the amendments to the TAC, to avoid burdening this

Court with ruling on issues previously decided by the District Court.[7]

### 2.    Common Law Claims

In the same ruling issued February 22, 2012, the District Court dismissed the common

law claims (counts 20, 21, and 22) as to the four moving defendants because it found that the

Trustee lacked standing to advance those claims. *Picard v. Kohn,* 907 F. Supp. 2d. at 395.

(citing *Picard v. HSBC Bank PLC*, 454 B.R. 25 (S.D.N.Y. 2011) and *Picard v. JP Morgan

Chase & Co.*, 460 B.R. 84, 106 (S.D.N.Y. 2011)). The decisions of the District Court dismissing

the Trustee's common law claims were affirmed by the Second Circuit and the Supreme Court

denied certiorari on June 30, 2014. *Picard v. HSBC Bank PLC,* 721 F.3d 54 (2d Cir. 2013), *cert.

denied, Picard v. HSBC Bank PLC*, 134 S. Ct. 2895 (2014).

In light of those rulings, the Trustee seeks to withdraw his common law claims.

Accordingly, the TAC removes counts 20, 21, and 22 in their entirety and all related allegations

through the voluntary dismissals and amendments.

---

[7] With respect to the Remaining Defendants, the Trustee is removing Counts 1 and 2 from the amended complaint and all corresponding allegations because the proper procedure to remove less than all claims against a particular defendant is by amendment (not dismissal under Rule 41). *See Puccino v. SNET Info. Servs.,* 2011 U.S. Dist. LEXIS 131583, at *4 (D. Conn. Nov. 14, 2011) (citing *Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 129 (D. Conn. 2005)); *see also Roberts v. Cooperative Centrale Raiffeisen-Boeren Leenbank B.A.*, 2010 U.S. Dist. LEXIS 461, at *1 (S.D.N.Y. Jan. 4. 2010).

### 3.    Fraudulent Transfer Claims

The TAC maintains the Trustee's fraudulent transfer claims against the Remaining

Defendants relating to initial transfers.  The Trustee has elected to voluntarily dismiss similar

claims against Tecno Development & Research S.r.L. ("Tecno Italy") and Erko, Inc. ("Erko")

because the transfers to them were routed through the estate of Madoff Securities International

Limited ("MSIL").  The Trustee has also elected to voluntarily dismiss Bank Austria (named in

count 12) because the Trustee's investigation has revealed that the transfers at issue were for the

benefit of a party other than Bank Austria.

In the interest of streamlining this adversary proceeding, through voluntary dismissal of

the Dismissed Defendants and through amendment as to the Remaining Defendants, the TAC

removes all subsequent transferee claims and related allegations to focus this action on Kohn and

her control of the entities that received initial transfers from BLMIS.  In this case, the subsequent

transferees are largely individual members of Kohn's family, many of whom reside abroad, or

entities and trusts controlled by Kohn and her family created under foreign law.  Upon avoidance

of the initial transfers, and to the extent the Trustee does not recover the full amount from Kohn,

Infovaleur, or Tecno Gibraltar,[8] the Trustee can determine at that time whether he will pursue

those subsequent transferees.

---

[8] The statute of limitations under section 550(f) of the Bankruptcy Code does not begin to run until the initial transfers are avoided, under a final judgment or other circumstances of finality.  *See, e.g., In re Madoff Inv. Sec. LLC*, 480 B.R. 501, 522–23 (Bankr. S.D.N.Y. 2012) (finding consent judgment to be of sufficient finality to trigger the statute of limitations under Section 550(f)); *In re Madoff Inv. Sec. LLC*, 468 B.R. 620, 632 (Bankr. S.D.N.Y. 2012) (finding the Trustee's claims were not time-barred); *Picard v. Merkin*, 515 B.R. 117, 152 (Bankr. S.D.N.Y. 2014) (finding that because the Trustee had not yet avoided initial transfers and the case remained open, the statute of limitations had not begun to run on the subsequent transfer claims).

## ARGUMENT

### A.    Legal Standard

Rule 15 of the Federal Rules of Civil Procedure, made applicable here by Federal Rule of

Bankruptcy Procedure 7015, permits a party to amend its pleading, which shall be "freely given .

. . when justice so requires." Fed. R. Civ. P. 15(a)(2).  It is well settled that the decision to

permit an amendment rests within the sound discretion of the trial court.  *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182

(1962)).  Leave to amend should be granted if the claims asserted constitute proper subjects of

relief, and the following barriers to amendment are not present:  (i) undue prejudice to

defendants; (ii) evidence of undue delay or bad faith; (iii) futility of amended claims; and (iv)

repeated failure to cure deficiencies by amendments previously allowed.  *Foman*, 371 U.S. at

182.  Indeed, the standard is "lenient and its mandate is to be heeded."  *See Fjord v. AMR Corp.*

*(In re AMR Corp)*, 506 B.R. 368, 382 (Bankr. S.D.N.Y. 2014) (citing *Foman*, 371 U.S. at 182)

(quotations omitted).  As long as the moving party can demonstrate colorable grounds for relief,

justice requires the court to permit the amendment.  *Kaster v. Modifications Sys., Inc.*, 731 F.2d

1014, 1018 (2d Cir. 1984); *Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423,

436-7 (S.D.N.Y. 2006).

Courts in this Circuit grant leave to amend when there are intervening changes in the law.

*See, e.g., Hamilton v. City of New York*, No. 06-cv-15405 (DC), 2011 WL 1842990, at *3

(S.D.N.Y. May 20, 2011); *McBeth v. Gabrielli Truck Sales, Ltd.*, 731 F. Supp. 2d 316, 320–21

(E.D.N.Y. 2010); *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009);

*System Federation No. 152 v. Pennsylvania R. Co.*, 272 F. Supp. 971, 974 (S.D.N.Y. 1967);

*Hood v. P. Ballantine and Sons*, 38 F.R.D. 502, 503 (S.D.N.Y. 1965).  Decisions rendered since

the commencement of this case have narrowed the Trustee's avenues for recovery.  The rulings

6

of the District Court and Second Circuit, and the Supreme Court's denial of *certiorari*, preclude the Trustee from asserting common law claims.  The District Court's orders of February 2012 and July 2014 denied the Trustee's RICO claims.  By this motion, the Trustee seeks to make all necessary amendments to conform his pleading to the current state of the law and eliminate claims and parties that would cause this Court to expend unnecessary resources.

**B.      There Is No Prejudice to the Remaining Defendants**

None of the Remaining Defendants will be prejudiced if the Court grants leave to file the TAC.  In the Second Circuit, prejudice is among the "most important" factors to consider under Rule 15(a).  *AEP Energy Svcs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citing *Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1993)).  A finding of prejudice involves, *inter alia*, consideration of whether the amendments would require the opposing party to expend significant additional resources to conduct discovery or prepare for trial, and whether the amendment would significantly delay the resolution of the case.  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  The Trustee submits that neither of those factors is present here.

Whether additional discovery would be required is an issue only when a party seeks to amend its pleadings at later stages of the case.  *Fluor Corp.*, 654 F.2d at 856 (reversing denial of leave to amend were "no trial date had been set by the court" and "the amendment will not involve a great deal of additional discovery"); *see also Oscar v. BMW of North America, LLC*, No. 09-cv-11 (PAE), 2011 WL 6399505, at *5–6 (S.D.N.Y. Dec. 20, 2011) (finding that defendants would be prejudiced by plaintiff's amendments that increased scope of litigation, because parties had already conducted extensive discovery and the amendments would require additional expert testimony as well as additional fact discovery); *Torn v. Rosen*, No. 82-cv-3130 (CSH), 1984 WL 734, at *5 (S.D.N.Y. Aug. 6, 1984).

Although motions to dismiss have been heard by the District Court, this Court has not resolved any personal jurisdiction issues relating to this action. Nor have the parties engaged in discovery under the Federal Rules of Civil Procedure. As such, permitting an amendment at this time—particularly one that reduces the claims asserted against the Remaining Defendants—cannot prejudice them.

For that same reason, resolution of the case will be expedited, not delayed, if the amendment is permitted. Discovery has not yet begun, nor has there been a pre-trial conference. In fact, the TAC will facilitate a final resolution of the case because the Court and the parties will know exactly which allegations and claims are pending against which defendants.

Indeed, courts permit proposed amendments even when they incorporate substantial changes to a pleading. *See SEC v. Aragon Capital Mgmt.LLC*, No. 07-cv-919 (FM), 2010 WL 4456302, at *2 (S.D.N.Y. Oct. 28, 2010) (permitting amendment where SEC sought to drop certain claims, delete all claims against defendants who were no longer parties to the suit, omit claims resolved by summary judgment, bolster factual allegations that related to alleged unlawful trades, and add counts under applicable law). Here, the amendments reflected in the TAC remove substantially all claims and defendants, much like the SEC's amendments in *Aragon*. As such, the removal of those allegations could not prejudice the Remaining Defendants because there is less rather than more for them to defend. With respect to the initial transferee allegations against the Remaining Defendants, those transfers were included in the original complaint and thus they have been on notice of the Trustee's intent to avoid those transfers since the original complaint was filed. *Camoia v. City of New York*, No. 09-cv-2545 (SLT)(LB), 2013 WL 867199, at *2 (E.D.N.Y. Mar. 7, 2013) (noting, that under the prejudice prong of the *Foman* test,

"defendants were put on notice of plaintiff's [new] claims by the original pleading, and the claims which plaintiff seeks to add arise out of the same set of facts already alleged.").

Accordingly, the Remaining Defendants will suffer no prejudice from the Trustee's proposed amendments.

## C.    The Trustee Has Acted in Good Faith and Without Delay

Within the last few years, many decisions have been issued that affect this liquidation. Having fully reviewed those decisions and applying those principles to this adversary proceeding, the Trustee seeks to amend his pleading to conform to those rulings. Given the numerous issues that were withdrawn to the District Court, some of which were appealed up through the Supreme Court, and the extraordinary complexity of the hundreds of related adversary proceedings still pending in these liquidation proceedings, the Trustee has not unduly delayed his decision to seek leave to file the TAC.

Moreover, the mere passage of time does not compel a court to deny leave to amend. *Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 676 (S.D.N.Y. 1996) (granting leave to amend after plaintiff waited two years to file amendments, noting that "[t]he federal rules of pleading are not intended to unreasonably lock counsel into a litigation strategy."); *Fluor*, 654 F.2d at 856. Only where a court finds that a party delayed in bad faith will it deny leave to amend. *See Town of New Windsor*, 919 F. Supp. at 676–7. The Trustee respectfully submits that there is no undue delay here, and relatedly, no basis to suggest that he delayed in bad faith. The Trustee has acted with great care in balancing his duties to the estate in his pursuit of recoveries for victims.

## D.    The TAC Is Not Futile

The TAC meets the applicable pleading standards for fraudulent transfers, and as such, is not futile. The futility inquiry turns on whether the amended complaint could withstand a motion

9

to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The Trustee seeks to recover vendor payments made from BLMIS to the Remaining Defendants. Because the transfers at issue were not made through a customer account, the District Court's decisions in *Picard v. Katz,*[9] *Picard v. Grieff,*[10] *Picard v. Cohmad,*[11] and on consolidated issues relating to the "good faith" pleading standards[12] do not apply here. The Trustee's proposed TAC meets the traditional standards governing avoidance and recovery of fraudulent transfers from a debtor. *See In re Saba Enterprises Inc.*, 421 B.R. 626, 639–40; 641–44; 645–46; 657 (Bankr. S.D.N.. 2009) (identifying elements that must be pled under 11 U.S.C. §§ 548(a)(1)(A), (B), 550 and N.Y. DCL §§ 273 *et seq.*). Thus, the TAC can withstand a motion to dismiss and is not futile.

**E.    There Has Not Been a Repeated Failure to Cure Deficiencies in Prior Amendments**

Finally, the Trustee's prior amendments were not filed with the purpose of curing deficiencies. The first amended complaint was filed within the requisite time period under Rule 15 and corrected a technical error in the caption. The Second Amended Complaint added defendants and additional allegations pertaining to the RICO claims—all of which are withdrawn from this adversary proceeding. This proposed amendment seeks only to withdraw claims and dismiss defendants. Accordingly, the deficiencies prong of the *Foman* test does not apply here. *Cf. Ferring v. Allergan, Inc.*, 4 F. Supp. 3d 612, 620 (S.D.N.Y. 2014) (explaining [in dicta] that plaintiffs failed to cure deficiencies that the court had identified in a prior ruling); *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (denial of leave to amend was proper when plaintiff

---

[9] *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011).
[10] *Picard v. Greiff*, 476 B.R. 715, 719-720 (S.D.N.Y. 2012).
[11] *SIPC v. BLMIS*, No. 12 Misc. 115 (JSR), 2013 WL 1609154, at *6 (S.D.N.Y. Apr. 15, 2013).
[12] *SIPC v. BLMIS*, No. 12 Misc. 115 (JSR), 2014 WL 1651952 (S.D.N.Y. Apr. 27, 2014).

was "on the plainest notice of what was required" after the district court dismissed the complaint without prejudice); *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp. 2d 376, 386 (D. Conn. 2008) (finding that the failure to cure deficiencies prong of the *Foman* test did not apply).

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court grant the motion for leave to file the Third Amended Complaint in substantially the same form as presented in Exhibit 1 attached to the Trustee's Notice of Motion.

Dated: New York, New York
          November 26, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By:     */s/ David J. Sheehan*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone:  (212) 589-4200
Facsimile:    (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Timothy S. Pfeifer
tpfeifer@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the*
*Estate of Bernard L. Madoff*