# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
: 
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
        Plaintiff-Applicant, :
:
       v. :
:
BERNARD L. MADOFF INVESTMENT : SIPA Liquidation
SECURITIES LLC, : No. 08-01789 (SMB)
: (Substantively Consolidated)
        Defendant. :
:
------------------------------------- x
In re :
:
BERNARD L. MADOFF, :
:
        Debtor. :
:
------------------------------------- x

## ORDER CONCERNING FURTHER PROCEEDINGS
## ON EXTRATERRITORIALITY MOTION
## AND TRUSTEE'S OMNIBUS MOTION FOR
## <u>LEAVE TO REPLEAD AND FOR LIMITED DISCOVERY</u>

      WHEREAS:

    A.    In certain adversary proceedings in this Liquidation pursuant to the Securities Investor Protection Act ("SIPA"), the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders, items number 97 and 167 on the docket of 12 mc 115 (JSR), in which he withdrew the reference pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees (the "Extraterritoriality Issue").

B. The Order entered as item number 167 on the docket of 12 mc 115 (JSR) (the "Consolidated Briefing Order") provided for a consolidated motion to dismiss related to the Extraterritoriality Issue.

C. The Consolidated Briefing Order directed the defendants that had sought withdrawal of the reference for the District Court to determine the Extraterritoriality Issue (the "Extraterritoriality Defendants") to file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the adversary proceedings by Fed. R. Bankr. P. 7012) (the "Extraterritoriality Motion"), and set forth provisions relating to the briefing, argument, and representation of the Extraterritoriality Defendants in connection with the Extraterritoriality Motion.

D. On July 13, 2012, the Extraterritoriality Defendants filed the Extraterritoriality Motion as item number 234 on the docket of 12 mc 115 (JSR).

E. On August 17, 2012, the Trustee filed his Memorandum of Law in Opposition to the Extraterritoriality Motion as item number 310 on the docket of 12 mc 115 (JSR), and the Securities Investor Protection Corporation ("SIPC") filed its Memorandum of Law in Opposition to the Extraterritoriality Motion as item number 309 on the docket of 12 mc 115 (JSR).

F. On August 31, 2012, the Extraterritoriality Defendants filed their Reply Memorandum in Support of the Extraterritoriality Motion as item number 322 on the docket of 12 mc 115 (JSR).

G. On September 21, 2012, oral argument was held before Judge Rakoff on the Extraterritoriality Issue, a transcript of which was entered as item number 357 on the docket of 12 mc 115 (JSR).

H. On July 7, 2014, Judge Rakoff entered an Opinion and Order, item number 551 on the docket of 12 mc 115 (JSR) (the "Extraterritoriality Order"), in which he decided certain matters relating to the Extraterritoriality Motion.

I. The Extraterritoriality Order concluded:

> In sum, the Court finds that section 550(a) [of the Bankruptcy Code] does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers.[4] Except to the extent provided in other orders, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 167 on the docket of 12-mc-115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12-mc-115 that were designated as having been added to the "extraterritoriality" consolidated briefing.

---

[4] The Trustee argues that dismissal at this stage is inappropriate because additional fact-gathering is necessary to determine where the transfers took place. However, it is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." Absolute Activist Value Master Fund Ltd. v. Ficeto, 677 F.3d 60, 69 (2d Cir. 2012). Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

J. On July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order as item number 556 on the docket of 12 mc 115 (JSR) in which he supplemented the Extraterritoriality Order to direct that seven additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. The adversary proceedings that Judge Rakoff directed to be returned to this Court for

-3-

further proceedings consistent with the Extraterritoriality Order are referred to herein as the "Returned Proceedings."

K.     Attached as Exhibit A is a schedule agreed to by counsel for the Trustee and counsel for certain of the alleged subsequent transferees listed therein which lists certain defendants in the Returned Proceedings (a) against which the Trustee asserts claims to recover subsequent transfers pursuant to 11 U.S.C. § 550(a)(2) and (b) that contend that some or all of those claims should be dismissed pursuant to the Extraterritoriality Order.

L.     Annexed as Exhibit B is a schedule agreed to by counsel for the Trustee and counsel for the defendants listed therein which lists certain defendants that did not move to withdraw the reference to determine the Extraterritoriality Issue (a) against which the Trustee asserts claims to recover subsequent transfers pursuant to 11 U.S.C. § 550(a)(2) and (b) that contend that some or all of those counts should be dismissed based on the legal standards announced in the Extraterritoriality Order.

M.     For each alleged transferor and transferee, Exhibits A and B list as the party's "Location" the jurisdiction under whose laws the transferors and transferees that are not natural persons are organized, and the citizenship of the transferors and transferees that are natural persons, in each case as of the time of the transfers, as alleged in the complaints or as agreed by the Trustee and the respective transferees. The parties do not agree, and nothing in this Order shall preclude any party from presenting any argument, concerning the extent to which such jurisdiction of organization or citizenship is conclusive in determining whether a transferor is a "foreign transferor," or a transferee is a "foreign transferee," for purpose of the Extraterritoriality Order or otherwise.

      N.      For each adversary proceeding and defendant, Exhibits A and B identify the counts, or parts thereof, asserted in the adversary proceeding against that defendant (a) to recover one or more subsequent transfers made by a transferor that is neither a citizen of, nor an entity organized under the laws of, the United States (b) pursuant to 11 U.S.C. § 550(a)(2) (the "Listed Counts").

      O.      On August 28, 2014, the Trustee filed a motion seeking leave to replead and an order authorizing limited discovery (the "Trustee's Motion") (see items 7826, 7827 and 7828 on the docket of 08-1789 (SMB)).  The Trustee's Motion seeks leave to replead in many but not all of the adversary proceedings listed in Exhibits A and B, and in other adversary proceedings not listed in those Exhibits.  The Trustee's Motion seeks limited discovery relevant solely to the good faith issue from many but not all of the defendants listed as subsequent transferees in Exhibits A and B, and from other parties not listed as subsequent transferees in those Exhibits. Attached as Exhibit C is a schedule identifying the proceedings in which the Trustee's Motion seeks limited discovery with respect to good faith and/or leave to amend the complaint. The Trustee's Motion was scheduled for a hearing on October 22, 2014.

      P.      On September 17, 2014, this Court held a conference to discuss further proceedings to be conducted in the Returned Proceedings pursuant to the Extraterritoriality Order and the Trustee's Motion, and directed the parties to confer on a coordinated procedure and briefing schedule with respect to the same.

      NOW, THEREFORE, the Court being fully advised, it is hereby

      ORDERED:

      1.      The defendants listed as subsequent transferees in Exhibits A and B (the "Transferee Defendants"), the Trustee, and SIPC shall submit supplemental briefing on the

-5-

Extraterritoriality Motion to address, pursuant to the procedures set forth below, the issues of (a) which of the Listed Counts, if any, should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file amended complaints containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee.  The Transferee Defendants listed on Exhibit B shall be deemed to have joined in the Extraterritoriality Motion.  If any Transferee Defendant has a separate motion pending to dismiss based on the Extraterritoriality Issue, that motion is adjourned pending the Hearing Date on the Extraterritoriality Motion.

2. On or before 21 days from the date of this Order, the Transferee Defendants shall file a single consolidated supplemental memorandum of law, not to exceed 30 pages in length, in support of the dismissal of the Listed Counts, or any portion thereof, pursuant to the Extraterritoriality Order or the legal standards announced therein (the "Transferee Defendants' Supplemental Memorandum").

3. On or before 81 days from the date of this Order, the Trustee and SIPC may each file a consolidated supplemental memorandum of law opposing the dismissal of the Listed Counts and seeking leave to amend the complaints to add allegations relevant to the Extraterritoriality Issue proffered pursuant to the procedures set forth below (the "Trustee's Consolidated Supplemental Memorandum").  In view of the number of Transferee Defendants involved in the briefing, the Trustee shall have 50 pages for the consolidated supplemental memorandum, plus additional addenda, not to exceed five pages each, detailing the reasons why the Listed Counts against specific Transferee Defendants, or any portion thereof, should not be dismissed.

4. In all proceedings listed in Exhibits A or B in which the Trustee seeks to amend to

-6-

add allegations relevant to the Extraterritoriality Issue but does not seek discovery in the Trustee's Motion, as identified on Exhibit C, the Trustee's submission shall include the Trustee's proposed amended complaint and identification of the new allegations that are relevant to the Extraterritoriality Issue.

5. For each proceeding listed in Exhibits A or B in which the Trustee's Motion seeks to amend to add allegations relevant to the Extraterritoriality Issue and also seeks discovery relevant to the good faith issue, as identified on Exhibit C, the Trustee's submission shall include proffered allegations as to the Extraterritoriality Issue that would be included in a proposed amended complaint in such proceeding to be filed pursuant to the schedule set forth below. The proffered allegations will be set forth with enough specificity to permit the Court to determine whether the proposed amendment in each adversary proceeding would be futile.

6. The Trustee's submission shall also include a chart summarizing the Trustee's position as to why the Extraterritoriality Motion should be denied.

7. The Trustee's use of information contained in Confidential Material produced by the Transferee Defendants or their affiliates subject to the Litigation Protective Order (D.I. 4137) or any other applicable Protective Order or other confidentiality agreement to prepare the proffered amended complaints or the proffered allegations as to the Extraterritoriality Issue, as set forth in paragraphs 4-5 above, without publicly identifying the source of such information, shall not constitute a violation of the Litigation Protective Order, *provided*, that this paragraph does not affect the Trustee's obligations with respect to documents provided pursuant to an agreement that they would be used for settlement purposes only, and not in litigation. The provisions of this paragraph 7 shall not apply to information or documents produced by UBS AG, UBS (Luxembourg) SA, UBS Fund Services (Luxembourg) SA, UBS Third Party

-7-

Management Company SA, ~~and~~ Merrill Lynch International, or any of their respective affiliates.

8. On or before 141 days from the date of this Order, the Transferee Defendants may submit a single consolidated reply memorandum in support of dismissal of the Listed Counts or parts thereof, and in opposition to the Trustee's Consolidated Supplemental Memorandum, not to exceed 40 pages in length (the "Transferee Defendants' Supplemental Reply Memorandum"). In addition, any defendant concerning which the Trustee makes any specific arguments may submit a five-page memorandum (a "Five-Page Memorandum") in response to such arguments. The Transferee Defendants' Supplemental Reply Memorandum and the Five-Page Memoranda need not address the question of whether the Trustee should be permitted to amend the complaints in the proceedings referred to in paragraph 4 to add any allegations other than those that are identified as relevant to the Extraterritoriality Issue, and briefing on the issue of whether the Trustee shall be permitted to amend the complaints in those proceedings to add allegations relevant to the good faith issue shall be deferred and scheduled pursuant to paragraph 14.

9. The papers referred to in paragraphs 1-8 above shall be filed in the main adversary proceeding and each adversary proceeding listed in Exhibits A and B, with a docket entry referring to the "Extraterritoriality Motion," and with copies delivered by hand to the Court, and such filing shall constitute good and sufficient service of such papers on all parties, *provided*, that a Five-Page Memorandum need only be filed in the main adversary proceeding and each adversary proceeding listed in Exhibits A and B in which the defendant to which it relates is a party.

10. The Court will hold oral argument on the issues set forth in paragraph 1 above at ____ o'clock on [date] (the "Hearing Date").

11. No later than one week after filing the Transferee Defendants' Supplemental

-8-

Reply Memorandum, the Transferee Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request.

12. The time for all defendants in any of the adversary proceedings listed on Exhibits A or B to respond to the complaints is extended to 30 days after the Court decides whether any counts of the respective complaints or portions thereof should be dismissed pursuant to the Extraterritoriality Motion, subject to the additional extensions specified in paragraphs 13 and 15 below.

13. In any proceeding in which the Trustee seeks permission to amend the complaint solely to add allegations relevant to the Extraterritoriality Issue, the defendants' time to respond to the complaint shall be extended to 30 days after the Court denies the motion or the Trustee files the amended complaint, without prejudice to such further extensions as the Court may allow, on agreement of the parties or otherwise. In any proceeding in which the Trustee seeks to amend the complaint to add allegations relevant to the good faith issue, the defendants' time to respond to the complaint shall be determined in accordance with paragraph 15.

14. Further proceedings on the Trustee's Motion insofar as it seeks (a) limited discovery and/or, (b) leave to amend the complaints in the proceedings listed in Exhibits A and B to add allegations relevant to the good faith issue, and/or (c) leave to amend the complaints to add allegations relevant to the extraterritoriality issue in proceedings listed on Exhibit C but not listed in Exhibits A or B shall be scheduled by the Court following the decision on the Extraterritoriality Motion. In order to avoid requiring the Trustee to file successive amended complaints adding allegations concerning extraterritoriality and good faith, the Trustee shall not be required to file an amended complaint in a proceeding in which he seeks limited discovery

-9-

and/or leave to amend the complaints to add allegations relevant to the good faith issue until after the Court has decided the Trustee's Motion insofar as it seeks limited discovery and leave to amend to add allegations relevant to good faith.

15. The time for each defendant to respond to the complaint in the proceedings in which the Trustee's Motion seeks limited discovery and/or leave to amend the complaints to add allegations relevant to issues other than the Extraterritoriality Issue is extended to 30 days after the earlier of the filing of an amended complaint in the proceeding in which the defendant is named or the entry of an order denying the Trustee leave to amend the complaint in that proceeding to add allegations relevant to issues other than the Extraterritoriality Issue, without prejudice to such further extensions as the Court may allow, on agreement of the parties or otherwise.

16. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings listed in Exhibits A and B, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege.

17. Nothing in this Order, the exhibits hereto, or the proceedings pursuant to this Order shall waive or resolve any issue raised or that could be raised by any party other than the issues set forth in paragraph ~~1 above.~~ 14 and, as to the Transferee Defendants and the Trustee, the issues set forth in paragraph 1. Without limitation, nothing in this Order, the exhibits hereto, or the proceedings pursuant to this Order shall limit, restrict, or impair any defense, right, or argument that has been raised or could be raised by any defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense, right, or argument of any nature available to any defendant not previously waived (including, without limitation, all

-10-

defenses based on lack of personal jurisdiction or insufficient service of process), or any defense, right, or argument that could be raised by the Trustee or SIPC in response thereto.  The proceedings pursuant to this Order shall have no effect on (a) any motion to dismiss any claims other than the Listed Counts, based on arguments relating to the extraterritorial application of any provision of SIPA or the Bankruptcy Code or otherwise, or (b) any motion to dismiss the Listed Counts or any counts of any amended complaint based on matters outside the pleadings that may be considered on a motion to dismiss, or (c) any defense, right, or argument that could be raised by the Trustee or SIPC in response to any motion described in (a) or (b).  The Trustee reserves his rights, if any, pursuant to Fed. R. Civ. P. 15.

18. Nothing in this Order shall constitute an agreement or consent by any defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC.

19. This Order may be modified by the Court sua sponte or at the request of any party for good cause shown.

Dated:  New York, New York
~~November~~December __, 2014

SO ORDERED.

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

-11-