**WINDELS MARX LANE & MITTENDORF, LLP**  
156 West 56th Street  
New York, New York 10019  
Tel: (212) 237-1000  
Howard L. Simon  
Kim M. Longo  

Hearing Date: February 25, 2015  
Time: 10 a.m. EST  

Objection Deadline: February 18, 2015  
Time: 5 p.m. EST  

*Special Counsel for Irving H. Picard, Trustee for the*  
*Substantively Consolidated SIPA Liquidation of*  
*Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>MADOFF TECHNOLOGIES LLC, MADOFF BROKERAGE & TRADING TECHNOLOGY, LLC, PRIMEX HOLDINGS, LLC, RUTH MADOFF, ESTATE OF MARK D. MADOFF, and ANDREW MADOFF, individually and in his capacity as Executor of the ESTATE OF MARK D. MADOFF,<br><br>Defendants. | Adv. Pro. No. 10-03483 (SMB) |

{11028970:1}

**TABLE OF CONTENTS**

**INTRODUCTION AND BACKGROUND** ................................................................................5

**ARGUMENT** ...............................................................................................................................7

1. The Trustee Can Bring This Motion ................................................................................ 8

2. Martin Flumenbaum And David Blumenfeld Are Proper Parties To Substitute For Andrew Madoff, individually and as Executor of the Estate of Mark D. Madoff, Respectively. ..................................................................................................................... 8

3. The Trustee's Claims Have Survived Andrew Madoff's Death ........................................ 9

4. The Trustee's Motion Is Timely ...................................................................................... 11

**CONCLUSION** ..........................................................................................................................12

08-01789-cgm    Doc 8643    Filed 12/02/14    Entered 12/02/14 17:41:10    Main Document
Pg 3 of 12

## TABLE OF AUTHORITIES

**Cases**

Allen v. Devine,
   No. 09-cv-668, No. 10-cv-1319, 2011 U.S. Dist. LEXIS 123681,
   (E.D.N.Y. Oct. 25, 2011) ................................................................................... 7, 9, 11

Amalgamated Bank of New York v. Ash,
   823 F. Supp. 209, 222 (S.D.N.Y. 1993) .................................................................... 11

Badalamenti v. Cnty. Imported Car Corp.,
   No. CV-10-4993, 2012 U.S. Dist. LEXIS 173344,
   (E.D.N.Y. Dec. 5, 2012) ............................................................................................ 8

Colucci v. Beth Israel Med. Ctr.,
   603 F. Supp. 2d 677 (S.D.N.Y. 2009) ......................................................................... 9

Epstein v. Epstein,
   966 F. Supp. 260 (S.D.N.Y. 1997) ............................................................................. 9

Evans v. Perl,
   19 Misc.3d 1119(A), 2008 N.Y. Slip Op. 50775(U) (Sup. Ct. N.Y. County 2008) ................. 11

Garcia v. City of New York,
   No. CV 08-2152, 2009 U.S. Dist. LEXIS 7870 (E.D.N.Y. Feb. 4, 2009)) ............................... 8

Go v. Rockefeller Univ.,
   No. 04 Civ. 4008, No. 06 Civ. 1825, 2013 U.S. Dist. LEXIS 102460,
   (S.D.N.Y July 19, 2013) ............................................................................................ 8

In re Interstate Cigar Co., Inc.,
   278 B.R. 8, 24 (Bankr. E.D.N.Y. 2002) ..................................................................... 10

In re Klein,
   36 B.R. 390, 391 (Bankr. E.D.N.Y. 1984) ................................................................... 7

In re: Best Products Co., Inc.,
   168 B.R. 35 (Bankr. S.D.N.Y. 1994) ......................................................................... 11

In re: Enron Corp., Adv. Pro.
   No. 02-2727 A, 2003 Bankr. LEXIS 238 (Bankr. S.D.N.Y. Mar. 27, 2003) ...................... 10

In re: Refco Inc.,
   461 B.R. 181, 187 (Bankr. S.D.N.Y. 2011) ............................................................... 10

Jimminez-Rodoli v. Dist. 15 Machinist's Union,
   No. 10 Civ. 8378, 2011 U.S. Dist. LEXIS 111268, (S.D.N.Y. Sept. 27, 2011) .............. 7, 9, 11

Kitto v. Thrash Oil & Gas Co.,
  No. CIV-88-169E, 1989 U.S. Dist. LEXIS 14779, (W.D.N.Y. July 18, 1989) ....................... 11

Paul v. Ascher, 106 A.D.2d 619 (2d Dep't 1984) ....................................................................... 11

Perlow v. Comm'r of Soc. Sec.,
  No. 10-cv-1661, 2010 U.S. Dist. LEXIS 120189 (E.D.N.Y. Nov. 10, 2010) ..................... 8, 12

Perry v. Perry,
  No. 12-CV-5727, 2014 U.S. Dist. LEXIS 90382 (E.D.N.Y. July 2, 2014) ............................... 8

SEC v. Wyly,
  860 F. Supp. 2d 275 (S.D.N.Y. 2012) ...................................................................................... 9

United States v. NEC Corp.,
  11 F.3d 136 (11th Cir. 1993)) ................................................................................................... 9

Worrell v. Colvin,
  No. 1:12-CV-3386, 2013 U.S. Dist. LEXIS 94049, (E.D.N.Y. June 26, 2013) ................... 7, 11

**Statutes**

Fed. R. Civ. P. 25(a)(1) ............................................................................................................ 7, 8

**Other Authorities**

N.Y. Est. Powers & Trusts § 11-3.2(a)(1) ............................................................................ 10, 11

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA") ...................................... 5

{11028970:1}    4

# MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION TO SUBSTITUTE (I) THE ESTATE OF ANDREW H. MADOFF AND MARTIN FLUMENBAUM FOR DECEASED DEFENDANT ANDREW MADOFF AND (II) DAVID BLUMENFELD FOR DECEASED DEFENDANT ANDREW MADOFF, AS EXECUTOR OF THE ESTATE OF MARK D. MADOFF

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by his undersigned counsel, most respectfully moves this Court pursuant to Rule 25 of the Federal Rules of Civil Procedure ("Rule 25"), applicable to this adversary proceeding pursuant to Rule 7025 of the Federal Rules of Bankruptcy Procedure ("Rule 7025"), to substitute (i) the Estate of Andrew H. Madoff and Martin Flumenbaum, in his capacity as the Executor of the Estate of Andrew H. Madoff, for deceased defendant Andrew Madoff and (ii) David Blumenfeld, in his capacity as Successor Executor of the Estate of Mark D. Madoff, for Andrew H. Madoff, as Executor of the Estate of Mark D. Madoff, in this proceeding.

## INTRODUCTION AND BACKGROUND

In 2010, the Trustee commenced this action against, among others, Mark Madoff and Andrew Madoff. On December 11, 2010, Bernard Madoff's eldest son, Mark Madoff died. On May 3, 2011, Bernard Madoff's youngest son, Andrew Madoff, was substituted for his brother Mark Madoff in this proceeding as Executor of the Estate of Mark D. Madoff (Dkt. No. 30). On September 3, 2014, Andrew Madoff also died, necessitating the substitution of appropriate parties for both Madoff brothers in this proceeding.[1]

---

[1] The substitution of the Estate of Mark D. Madoff and Andrew Madoff, as executor thereof, for Mark Madoff, was done via a so ordered Stipulation of all parties, rather than by Motion as is being done here. That Stipulation was executed by Peter Madoff, as Manager of Madoff Technologies LLC, Madoff Brokerage & Trading Technology, LLC and Primex Holdings LLC (the "Entity Defendants"). Peter Madoff has since resigned as Manager of the Entity Defendants in connection with his forfeiture of assets to the U.S. government, and the Trustee is not aware of any replacement Manager having been appointed. The Trustee has thus filed this Motion as there is no one to execute a Stipulation on behalf of the Entity Defendants.

{11028970:1}                                          5

Mark Madoff Substitution

On December 29, 2012, Andrew Madoff designated David Blumenfeld as the Successor Executor of the Estate of Mark D. Madoff in a Designation of Successor Executor filed with the New York State Surrogate's Court, New York County ("Surrogate's Court"), pursuant to the authority granted to him under Section A, Article 10 of Mark Madoff's Last Will and Testament, dated November 1, 2007.  On October 27, 2014, David Blumenfeld petitioned the Surrogate's Court for Successor Letters Testamentary and appointment as the Successor Executor of the Estate of Mark D. Madoff.  On November 21, 2014, Surrogate's Court Judge Nora S. Anderson directed that Letters Testamentary be issued to David Blumenfeld, as Successor Executor of the Estate of Mark D. Madoff.  David Blumenfeld, a formal representative of Mark D. Madoff's Estate, is a proper party to substitute as Successor Executor of the Estate of Mark D. Madoff in this proceeding.

Andrew Madoff Substitution

Martin Flumenbaum was designated as the Executor of the Estate of Andrew H. Madoff under Andrew H. Madoff's Last Will and Testament, dated July 8, 2014.  On September 10, 2014, Martin Flumenbaum petitioned the Surrogate's Court for Probate and Letters Testamentary and of Trusteeship in the Probate Proceeding No. 2014-3416 entitled Probate Proceeding, Will of Andrew Madoff aka Andrew H. Madoff.  On September 12, 2014, The Honorable Nora S. Anderson issued a Decree Admitting Will to Probate in the Probate Proceeding No. 2014-3416 entitled "Probate Proceeding, Will of Andrew H Madoff, aka Andrew Madoff," pursuant to which Letters Testamentary and of Trusteeship were directed to be issued to Martin Flumenbaum.  The Estate of Andrew H. Madoff and Martin Flumenbaum, a formal representative of Andrew H. Madoff's Estate, are the proper parties to substitute for deceased defendant Andrew Madoff in this proceeding.

{11028970:1}                                                  6

# ARGUMENT

Rule 25 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Rule 7025 of the Federal Rules of Bankruptcy Procedure, provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). *See* Fed. R. Bankr. P. 7025 ("[s]ubject to the provisions of Rule 2012, Rule 25 F.R.Civ.P. applies in adversary proceedings."). *See also In re Klein*, 36 B.R. 390, 391 (Bankr. E.D.N.Y. 1984). Rule 25 is a procedural device employed following the death of one of the original parties to a lawsuit in order to prevent delay and allow a litigation to continue. *See Allen v. Devine*, No. 09-cv-668, No. 10-cv-1319, 2011 U.S. Dist. LEXIS 123681, at *9 (E.D.N.Y. Oct. 25, 2011).

"[T]hree conditions must be satisfied before a party can be substituted. First, the claim must survive the [party's] death; second the individual seeking to be substituted must be a proper party; and third, the motion for substitution must be made within 90 days after service of a statement noting the death." *Jimminez-Rodoli v. Dist. 15 Machinist's Union*, No. 10 Civ. 8378, 2011 U.S. Dist. LEXIS 111268, at *2 (S.D.N.Y. Sept. 27, 2011) (internal citations omitted). *See also Worrell v. Colvin*, No. 1:12-CV-3386, 2013 U.S. Dist. LEXIS 94049, at *2 (E.D.N.Y. June 26, 2013). These conditions have been satisfied here and (i) the Estate of Andrew H. Madoff and Martin Flumenbaum, as Executor of the Estate, should be substituted for deceased defendant Andrew Madoff and (ii) David Blumenfeld should be substituted as Successor Executor of the Estate of Mark D. Madoff, for deceased defendant Andrew Madoff, in his capacity as Executor of the Estate of Mark D. Madoff, in each case in this proceeding pursuant to Rule 25 of the Federal Rules of Civil Procedure and Rule 7025 of the Federal Rules of Bankruptcy Procedure.

{11028970:1}                                    7

**1.      The Trustee Can Bring This Motion**

Federal Rule of Civil Procedure 25 provides in pertinent part: "A motion for substitution may be made by *any party* or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1) (emphasis added). The Trustee—a "party" in this proceeding—may bring this motion for substitution. *See e.g., Perry v. Perry*, No. 12-CV-5727, 2014 U.S. Dist. LEXIS 90382, at *1 (E.D.N.Y. July 2, 2014) (plaintiff was directed to bring a motion to substitute a proper party in lieu of defendant's death); *Go v. Rockefeller Univ.*, No. 04 Civ. 4008, No. 06 Civ. 1825, 2013 U.S. Dist. LEXIS 102460, at *9  (S.D.N.Y July 19, 2013) ("Rule 25 establishes a ninety-day period for *any party* to make a motion to substitute a party for the decedent") (internal citations omitted) (emphasis added).

**2.      Martin Flumenbaum And David Blumenfeld Are Proper Parties To Substitute For Andrew Madoff, individually and as Executor of the Estate of Mark D. Madoff, respectively.**

"A proper party for substitution is either a representative of the deceased party's estate or a successor of the deceased party." *Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661, 2010 U.S. Dist. LEXIS 120189, at *4 (E.D.N.Y. Nov. 10, 2010) (citing *Garcia v. City of New York*, No. CV 08-2152, 2009 U.S. Dist. LEXIS 7870, at *1-2 (E.D.N.Y. Feb. 4, 2009)). "A representative is a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate." *Perlow*, 2010 U.S. Dist. LEXIS 120189, at *4 (internal citations omitted). *See also Garcia*, 2009 U.S. Dist. LEXIS 7870, at *1-2 (noting that a representative of the deceased party's estate is a proper party for substitution).

Mr. Flumenbaum is the Executor of Andrew H. Madoff's Estate and is therefore a proper party to substitute for Andrew Madoff in this action. *See e.g.*, *Badalamenti v. Cnty. Imported Car Corp.*, No. CV-10-4993, 2012 U.S. Dist. LEXIS 173344, at *26-27 (E.D.N.Y. Dec. 5, 2012) (granting plaintiff's motion to substitute executor of party's will for deceased party). Similarly,

{11028970:1}                                                8

Mr. Blumenfeld is the Successor Executor of Mark D. Madoff's Estate and is therefore a proper party to substitute for Andrew Madoff, in his capacity as Executor of Mark D. Madoff's Estate in this action.

### 3. The Trustee's Claims Have Survived Andrew Madoff's Death

"A court must look to the nature of the cause of action…to determine whether a claim survives, or is extinguished upon the death of a party." *Jimminez-Rodoli*, 2011 U.S. Dist. LEXIS 111268, at *2. "The question of whether a claim is extinguished or survives the death of a party is based upon the substantive law." *Allen*, 2011 U.S. Dist. LEXIS 123681, at *10-11.

When a cause of action is federally created, "[u]nless a statute directly addresses the issue, courts are generally guided by principles of federal common law, which prescribe that claims characterized as penal abate upon a party's death, while claims characterized as remedial survive." *Jimminez-Rodoli*, 2011 U.S. Dist. LEXIS 111268, at *3 (internal citations omitted). *See also Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677, 680 (S.D.N.Y. 2009) (noting that claims characterized as remedial survive a party's death); *Epstein v. Epstein*, 966 F. Supp. 260, 260-61 (S.D.N.Y. 1997) (observing that a claim survives a party's death if it is remedial rather than punitive). "A remedial action is one that compensates an individual for specific harm suffered, while a penal action imposes damages upon the defendant for a general wrong to the public." *SEC v. Wyly*, 860 F. Supp. 2d 275, 277 n.7 & 283 (S.D.N.Y. 2012) (holding that the executor can be substituted for deceased party and SEC's disgorgement claim survives as it is "remedial" because it "seeks to prevent a party from being unjustly enriched") (citing *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993)).

New York State law will govern survivability of a state law cause of action. Under New York law, "actions in tort and in contract survive the death of a party." *Allen*, 2011 U.S. Dist. LEXIS 123681, at *13. New York Estates, Powers and Trusts law Section 11-3.2 expressly

{11028970:1}                                9

provides that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." N.Y. Est. Powers & Trusts § 11-3.2(a)(1).

The Trustee asserts the following twelve causes of action against Andrew Madoff in the Amended Complaint:

1. Turnover and Accounting– 11 U.S.C. §§541 and 542

2. Fraudulent transfers – 11 U.S.C. §§548(a)(1)(A), 550, and 551

3. Fraudulent transfers– New York Debtor and Creditor Law §§276, 276-a, 278, and/or 279, and 11 U.S.C. §§544, 550(a), and 551

4. Undiscovered fraudulent transfers – New York Civil Procedure Law and Rules 203(g), 213(8), New York Debtor and Creditor Law §§276, 276-a, 278, and/or 279, and 11 U.S.C. §§544, 550(a), and 551

5. Fraudulent transfers– New York Debtor and Creditor Law §§273, 278, and/or 279, and 11 U.S.C. §§544, 550(a), and 551

6. Fraudulent transfers– New York Debtor and Creditor Law §§274, 278, and/or 279, and 11 U.S.C. §§544, 550(a), and 551

7. Fraudulent transfers– New York Debtor and Creditor Law §§275, 278, and/or 279, and 11 U.S.C. §§544, 550(a), and 551

8. Recovery of Subsequent Transfers – New York Debtor and Creditor Law §278 and 11 U.S.C. §§544, 547, 548, 550(a), and 551

9. Conversion

10. Unjust enrichment

11. Constructive Trust

12. Accounting

The Trustee's federally created causes of action are all "remedial" in nature and therefore, survive the death of Andrew Madoff. *See, e.g., In re: Refco Inc.*, 461 B.R. 181, 187 (Bankr. S.D.N.Y. 2011) (noting 502(d), 541, 550 and 551 are "remedial provisions"); *In re: Enron Corp.*, Adv. Pro. No. 02-2727 A, 2003 Bankr. LEXIS 238, at *14 (Bankr. S.D.N.Y. Mar. 27, 2003) ("[T]he main purpose in imposing a constructive trust is as a remedial measure to prevent unjust enrichment."); *In re Interstate Cigar Co., Inc.*, 278 B.R. 8, 24 (Bankr. E.D.N.Y.

{11028970:1}                               10

2002) (noting that Section 544 of the Bankruptcy Code has a remedial purpose); *In re: Best Products Co., Inc.*, 168 B.R. 35, 57 (Bankr. S.D.N.Y. 1994) ("Fraudulent transfer laws are intended to promote payment to creditors; that is, the statutes are remedial, rather than punitive."); *Amalgamated Bank of New York v. Ash*, 823 F. Supp. 209, 222 (S.D.N.Y. 1993) (Article 10 of New York's Debtor and Creditor Law, §§270-281, is a "remedial statute").

The Trustee's state law claims are governed by New York State law. Under New York law, "actions in tort and in contract survive the death of a party," *Allen*, 2011 U.S. Dist. LEXIS 123681, at *13, and "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." N.Y. Est. Powers & Trusts § 11-3.2(a)(1). Therefore, the Trustee's state law claims against Andrew Madoff also did not extinguish upon his death. *See e.g.*, *Allen*, 2011 U.S. Dist. LEXIS 123681, at *12-14 ("actions in tort [negligence]…survive the death of a party" and holding causes of action for fraud, conversion, unjust enrichment, and breach of fiduciary duties are not extinguished upon a party's death); *Paul v. Ascher,* 106 A.D.2d 619, 620 (2d Dep't 1984) (surviving partner could bring an action for an accounting against deceased party's representative); *Evans v. Perl*, 19 Misc.3d 1119(A), at *7, 2008 N.Y. Slip Op. 50775(U) (Sup. Ct. N.Y. County. 2008) ("claim for an accounting, however, survives"). *See also Kitto v. Thrash Oil & Gas Co.*, No. CIV-88-169E, 1989 U.S. Dist. LEXIS 14779, at *7 (W.D.N.Y. July 18, 1989) (noting claim for accounting and constructive trust are "remedial").

The causes of action asserted by the Trustee against Andrew Madoff survive his death.

**4.    The Trustee's Motion Is Timely**

A statement noting Andrew Madoff's death has not been served and filed in this action but "[i]f a party's death is first mentioned in a motion for substitution that is sufficient to satisfy the Rule 25 notice of death requirement." *Jimminez-Rodoli*, 2011 U.S. Dist. LEXIS 111268, at *4. *See also Worrell*, 2013 U.S. Dist. LEXIS 94049, at *3 ("courts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution

{11028970:1}                                      11

motion") (internal citation omitted); *Perlow*, 2010 U.S. Dist. LEXIS 120189, at *3-4 ("[I]n cases where a party's death is first mentioned in a motion for substitution, courts have construed this motion also to be a notice of death").  *See also* Fed. R. Civ. P. 25 advisory committee's notes to 1963 amendment ("[a] motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death").  This motion is timely.

## CONCLUSION

Accordingly, for the reasons set forth above, the Trustee most respectfully requests that this Court issue an Order pursuant to Rule 25 of the Federal Rules of Civil Procedure and Rule 7025 of the Federal Rules of Bankruptcy Procedure substituting (i) the Estate of Andrew H. Madoff and Martin Flumenbaum, as Executor of Andrew H. Madoff's Estate, for deceased Defendant Andrew Madoff in this action, and (ii) David Blumenfeld, as Successor Executor of the Estate of Mark D. Madoff, for deceased Defendant Andrew Madoff, in his capacity as Executor of the Estate of Mark D. Madoff, in this proceeding, in addition to such other and further relief as this Court deems just and proper.

Dated: New York, New York
      December 2, 2014

By: /s/ Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
Kim M. Longo (klongo@windelsmarx.com)
Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000
Fax: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

{11028970:1}  12