UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                       :
                                                             :
                                                             :
BERNARD L. MADOFF INVESTMENT             :   Case No. 08-99000 (SMB)
SECURITIES LLC,                                         :   Adv. Proc. No. 08-01789
                                                             :   SIPA LIQUIDATION
                          Debtor.                     :
------------------------------------------------------------X
IRVING H. PICARD, Trustee for the           :
Liquidation of Bernard L. Madoff              :
Investment Securities LLC,                        :
                                                             :
                          Plaintiff,                    :
                                                             :
          – against –                                  :   Adv. Proc. No. 09-01182
                                                             :
J. EZRA MERKIN, GABRIEL CAPITAL,       :
L.P., ARIEL FUND LTD., ASCOT                 :
PARTNERS, L.P., ASCOT FUND LTD.,      :
GABRIEL CAPITAL CORPORATION,       :
                                                             :
                          Defendants.               :
------------------------------------------------------------X

**MEMORANDUM DECISION DENYING TRUSTEE'S MOTION
FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 54(b) AND CERTIFICATION
FOR DIRECT APPEAL UNDER 28 U.S.C. § 158(d)**

**A P P E A R A N C E S:**

BAKER & HOSTETLER LLP
*Attorneys for Plaintiff, Irving H. Picard,*
  *Trustee for the Liquidation of*
  *Bernard L. Madoff Investment Securities LLC*
45 Rockefeller Plaza
New York, NY 10111

    David J. Sheehan, Esq.
    Lan Hoang, Esq.
    Brian W. Song, Esq.
    Seanna R. Brown, Esq.
        Of Counsel

SECURITIES INVESTOR PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005

>Josephine Wang, Esq.
>Kevin H. Bell, Esq.
>Lauren T. Attard, Esq.
>>Of Counsel

DECHERT LLP
*Attorneys for Defendants J. Ezra Merkin*
  *& Gabriel Capital Corporation*
1095 Avenue of the Americas
New York, NY 10036

>Andrew J. Levander, Esq.
>Neil A. Steiner, Esq.
>>Of Counsel

REED SMITH LLP
*Attorneys for Bart M. Schwartz, As Receiver of*
  *Defendants Gabriel Capital, L.P. & Ariel Fund Ltd.*
599 Lexington Avenue
New York, NY 10022

>James C. McCarroll, Esq.
>Jordan W. Siev, Esq.
>Michael J. Venditto, Esq.
>Casey D. Laffey, Esq.
>>Of Counsel

FULBRIGHT & JAWORSKI LLP
*Attorneys for Ralph C. Dawson, as Receiver for*
  *Defendant Ascot Partners, L.P.*
666 Fifth Avenue
New York, NY 10103

>Judith A. Archer, Esq.
>David L. Barrack, Esq.
>Jami Mills Vibbert, Esq.
>>Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

In *Picard v. Merkin (In re BLMIS)*, 515 B.R. 117 (Bankr. S.D.N.Y. 2014) ("*Merkin Decision*"), the Court dismissed several avoidance claims brought by Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the estate of Bernard L. Madoff. The basis for dismissal was that the Trustee had failed to plead that the defendants had *actual* knowledge of Madoff's Ponzi scheme, and accordingly, the "safe harbor" under 11 U.S.C. § 546(e) shielded them from all avoidance claims other than intentional fraudulent transfer claims under 11 U.S.C. § 548(a)(1)(A). The requirement to plead actual knowledge was imposed by the District Court in *SIPC v. BLMIS (In re BLMIS)*, No. 12 MC 115 (JSR), 2013 WL 1609154, at *4 (S.D.N.Y. Apr. 15, 2013) ("*Actual Knowledge Decision*").

The Trustee now seeks the entry of a final judgment dismissing the avoidance claims under Rule 54(b) of the Federal Rules of Civil Procedure (the "54(b) Judgment"), and the certification of the 54(b) Judgment for direct appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d) (the "*Motion*"). (*See Trustee's Memorandum of Law in Support of Motion to Direct Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) and to Certify Judgment for Immediate Appeal Under 28 U.S.C. § 158(d)*, dated Sept. 5, 2014 (ECF Doc. # 227[1]).) The *Motion* is opposed by J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC," and collectively with Merkin, the "Merkin Defendants") and Gabriel Capital, L.P. ("Gabriel"), Ariel Fund Ltd. ("Ariel") and Ascot Partners, L.P. ("Ascot," and collectively with Gabriel and Ariel, the "Fund Defendants"). For the reasons that follow, the *Motion* is denied.

---

[1] Entries on the docket of this adversary proceeding *Picard v. Merkin (In re BLMIS)*, No. 09-01182 (SMB) will be denoted as "ECF Doc. # __."

**BACKGROUND**

The Trustee commenced this adversary proceeding on May 7, 2009 to avoid and recover initial and subsequent transfers made to the Merkin Defendants and the Fund Defendants under the fraudulent conveyance provisions of the New York Debtor & Creditor Law ("NYDCL"), §§ 270, *et seq.* and the fraudulent transfer provisions of Bankruptcy Code § 548. (*See Complaint*, dated May 7, 2009 (ECF Doc. # 1).) His Third Amended Complaint, dated Aug. 30, 2013 ("TAC"), included thirteen counts or claims for relief. Count One sought to avoid and recover preferential transfers to Ascot; Counts Two and Three, respectively, alleged claims against the Fund Defendants to avoid and recover intentional fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) and constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) made within two years of the December 11, 2008 filing date (the "Filing Date"); and Counts Four through Eight asserted claims to avoid and recover intentional and constructive fraudulent transfers under the NYDCL against the Fund Defendants made within six years of the Filing Date. Each Count also sought to disallow any claims filed by the Fund Defendants pursuant to 11 U.S.C. § 502(d).[2]

Counts Nine and Ten were directly related to the avoidance claims alleged in the previous Counts. Count Nine asserted claims for subsequent transfer liability against the Merkin Defendants, the Fund Defendants and Ascot Fund under 11 U.S.C. § 550(a)(2). The subsequent transfer claims depended on the Trustee's ability to avoid the initial transfers that were the subject of Counts One through Eight. Count Ten asserted liability against Merkin as the general

---

[2]     It is unclear whether the defendant Ascot Fund Limited ("Ascot Fund"), which has not opposed the *Motion*, is a defendant on Counts Four through Eight. It is included in the definition of "Defendant Funds," (TAC at ¶ 3), but Counts Four through Eight are directed at the "Defendants." In contrast, Count Nine, the claim to recover subsequent transfers, specifically names each Defendant Fund as well as the Merkin Defendants. (TAC at ¶ 383.) Furthermore, Ascot Fund did not receive any distributions directly from BLMIS after an unspecified date December 2002, (see TAC, Ex. B, at 3), and the six year reach-back period commenced on December 11, 2002.

4

partner of Ascot and Gabriel. Thus, it sought a judgment against Merkin based on the initial and subsequent transfers received by Ascot and Gabriel as alleged in Counts One through Nine.

As a result of a series of decisions by the District Court identified in the *Merkin Decision*, the Trustee's ability to avoid and recover preferential and fraudulent transfers is limited by 11 U.S.C. § 546(e). The latter provides in pertinent part that "the trustee may not avoid a transfer that is a … settlement payment … made by or to (or for the benefit of) a stockbroker [or] financial institution … or that is a transfer made by or to (or for the benefit of) a … stockbroker [or] financial institution … in connection with a securities contract," but expressly excepts actual fraudulent transfer claims from its protection. The *Merkin Decision* summarized the District Court rulings as follows:

> The Trustee's ability to avoid and recover transfers has been limited by several decisions issued by the District Court. In light of the "safe harbor" provision of Bankruptcy Code § 546(e), the Trustee can only avoid and recover intentional fraudulent transfers under Bankruptcy Code § 548(a)(1)(A) that were made within two years of the filing date. *See Picard v. Greiff*, 476 B.R. 715, 718 (S.D.N.Y. 2012); *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011) ("*Katz*"). If, however, an initial (or subsequent) transferee had *actual* knowledge of Madoff's Ponzi scheme, he cannot avail himself of the § 546(e) safe harbor, and the Trustee can avoid and recover preferences and actual and constructive fraudulent transfers to the full extent permitted by state and federal bankruptcy law. *See SIPC v. BLMIS*, No. 12 Misc. 115 (JSR), 2013 WL 1609154, at *6 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*").
>
> . . . .
>
> [I]n order to meet his burden under Counts One through Eight, the Trustee must plead and prove that BLMIS made an avoidable transfer and the transferee had actual knowledge of Madoff's scheme. If the TAC does not plead actual knowledge, the Trustee can still recover intentional fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1) under Count Two if he can plead and prove that the Remaining Funds willfully blinded themselves to the fact that Madoff was conducting a Ponzi scheme. *See Good Faith Decision*, 2014 WL 1651952, at *4; *Katz,* 462 B.R. at 454, 455–56.

*Merkin Decision*, 515 B.R. at 138-39.

5

The *Merkin Decision* concluded that the TAC had failed to allege that Merkin, and hence the Defendant Funds, had actual knowledge of Madoff's Ponzi scheme, 515 B.R. at 141, but also concluded that the TAC adequately alleged that Merkin willfully blinded himself to the fraud. *Id.* at 141-46. Consequently, the Court dismissed Count One and Counts Three through Eight (collectively, the "Dismissed Claims") but declined to dismiss Count Two. The Court also denied the motion to dismiss Counts Nine and Ten.[3]

**The *Motion***

The *Motion*, ostensibly directed at the *Merkin Decision*, actually seeks review of Judge Rakoff's *Actual Knowledge Decision* in the Court of Appeals. At oral argument, the Trustee's counsel stated that the Trustee could not seek leave to appeal Judge Rakoff's interlocutory order at the time because he had prevailed; the District Court concluded that the Trustee had adequately pleaded actual knowledge on the part of the principal Cohmad defendants. *Actual Knowledge Decision*, 2013 WL 1609154, at *5-6. For this reason, the *Motion* seeks the entry of a final judgment as to the Dismissed Claims pursuant to Federal Rule of Civil Procedure 54(b) and the certification for direct appeal of the 54(b) Judgment to the Second Circuit Court of Appeals under 28 U.S.C. § 158(d). According to the Trustee, the entry of the 54(b) Judgment and the certification will provide the opportunity for the Court of Appeals to identify the correct standard governing the application of the § 546(e) safe harbor and permit the trial of all avoidance claims at one time. In addition, there are many other pending adversary proceedings

---

[3] The Court also dismissed Counts Eleven and Twelve, but the Trustee does not seek to include these dismissed counts in the 54(b) Judgment.

6

brought against similarly-situated defendants.[4]  Accordingly, the Second Circuit's delineation of the correct standard for pleading and proving the applicability of the § 546(e) safe harbor will promote the efficient administration of these many other suits within the BLMIS liquidation.[5]

The Fund Defendants object to the *Motion*.  (*See Memorandum of Law of Bart M. Schwartz, as Receiver for Defendants Ariel Fund Limited and Gabriel Capital, L.P., and Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., in Opposition to Trustee's Motion to Direct Entry of Final Judgment Under Fed. R. Civ. P. 54(b) and to Certify Judgment for Immediate Appeal Under 28 U.S.C. § 158(d)*, dated Sept. 12, 2014 (ECF Doc. # 231).)  They contend that the Bankruptcy Court lacks jurisdiction to enter a final judgment on the Dismissed Claims, and the Trustee has failed to satisfy the requirement for certification under Rule 54(b). They also oppose certification for direct appeal to the Second Circuit, arguing that the relevant rulings in the *Actual Knowledge Decision* were based on well-settled rules of statutory construction, do not involve matters of public importance, and will not materially advance the progress of the case.

The Merkin Defendants also oppose the *Motion*, and join in the Fund Defendants' objection.  (*See Memorandum of Law of Defendants J. Ezra Merkin and Gabriel Capital Corporation in Opposition to Trustee's Motion to Direct Entry of Final Judgment Under Federal*

---

[4]  At the request of the Court, the Trustee provided a list of adversary proceedings against defendants who could seek to dismiss the complaint based on the Trustee's failure to plead actual knowledge.  The Trustee identified 103 adversary proceedings involving 608 defendants.  (*See Letter*, dated Oct. 6, 2014 (ECF Doc. # 237).)

[5]  The Securities Investor Protection Corporation ("SIPC") also filed a brief supporting the Motion echoing much of the Trustee's arguments.  (*See Brief of the Securities Investor Protection Corporation in Support of the Trustee's Motion to Direct Entry of Final Judgment and to Certify Judgment for Immediate Appeal*, dated Sept. 5, 2014 (ECF No. #228).)

*Rule of Civil Procedure 54(b) and to Certify Judgment for Immediate Appeal Under 28 U.S.C. § 158(d)*, dated Sept. 12, 2014 (ECF Doc. # 230).) Among other things, they contend that they are not defendants on the Dismissed Claims, *i.e.*, they are not initial transferees, but their rights as alleged subsequent transferees and Merkin's rights as general partner will be affected by an appeal as to which they are not parties.

## DISCUSSION

Federal Civil Rule 54(b), made applicable to this adversary proceeding through Rule 7054 of the Federal Rules of Bankruptcy Procedure, states in pertinent part as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.

FED. R. CIV. P. 54(b) (emphasis added).[6]

A party seeking certification must satisfy three criteria: (1) the pleading must allege multiple *claims* or multiple *parties* must be present, (2) at least one claim or the rights and

---

[6] As a threshold matter, the Bankruptcy Court has jurisdiction to enter a final judgment dismissing the Dismissed Claims as to the Fund Defendants. Each filed a customer claim with the Trustee, and the Dismissed Claims seek, *inter alia*, to disallow their claims under 11 U.S.C. § 502(d). The Dismissed Claims implicate the claims allowance process, and a creditor who files a proof of claim submits himself to the Court's jurisdiction over the claims allowance process. *See Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1389 (2d Cir. 1990) (creditor's filed claim "submitted itself to the equitable power of the bankruptcy court to disallow its claim"). The filing of a customer claim in a SIPA proceeding has the same jurisdictional effect. *Picard v. Stahl*, 443 B.R. 295, 310 (Bankr. S.D.N.Y. 2011) (citing *Keller v. Blinder (In re Blinder Robinson & Co., Inc.)*, 135 B.R. 892, 896–97 (D.Col.1991)), *aff'd* No. 11 Civ. 2392 (AKH), 2011 WL 7975167 (S.D.N.Y. Dec. 15, 2011), *aff'd*, 512 F. App'x. 18 (2d Cir. 2013). Moreover, the Court has the authority to finally determine all issues required to be decided as part of the claims allowance process. *See Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011) ("Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.").

liabilities of at least one party must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and direct the clerk to enter judgment. *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). "Rule 54(b) certification should only be entered by the district court if the judgment would dispose of fewer than all of the claims or would dispose of all claims against fewer than all of the parties." *Shrader v. Granninger*, 870 F.2d 874, 878 (2d Cir. 1989)(citing *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987), *cert. denied,* 483 U.S. 1021 (1987)). Even where the movant has satisfied the first two criteria, the decision to enter final judgment under Rule 54(b) lies within the sound discretion of the trial court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

The TAC alleges claims against multiple parties, but the *Merkin Decision* did not dispose of all of the claims against at least one party. The Fund Defendants still face liability under Counts Two, Nine and Thirteen. Accordingly, the Trustee must demonstrate that the adversary proceeding involves multiple claims, and at least one claim was finally decided.

"In a case involving multiple claims, the court should not enter final judgment dismissing a given claim unless that claim is separable from the claims that survive. *See I.L.T.A. Inc. v. United Airlines, Inc.,* 739 F.2d 82, 84 (2d Cir.1984). Claims are normally regarded as separable if they involve at least some different questions of fact and law and could be separately enforced, [citation omitted], or if "different sorts of relief" are sought and, consequently, the claim for greater relief would be pressed by the plaintiff even if the other claim were granted." *Cullen*, 811 F.2d at 711; *accord Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 44 n.6 (1st Cir. 1988)

9

("[T]rue multiplicity of claims—an essential ingredient for a final order within the purview of Rule 54(b)—does not exist where a plaintiff 'merely presents alternative theories ... by which the same set of facts might give rise to a single liability.'")(quoting *Schexnaydre v. Travelers Ins. Co.,* 527 F.2d 855, 856 (5th Cir.1976) (per curiam)).

Here, the TAC asserts multiple claims, and the Dismissed Claims are separable and disparate from the surviving claims. While Counts Two and Three arguably assert a single claim under different theories to avoid and recover transfers that were made within two years of the Filing Date (the "Two Year Transfers"), Counts Four through Eight seek to avoid and recover transfers that were made within six years of the Filing Date (the "Six Year Transfers").[7] There is overlap between Count Two and Counts Four through Eight because the Six Year Transfers subsume the Two Year Transfers (as well as the preferential transfer asserted in Count One), (*see* TAC at ¶¶ 317-19), but the Six Year Transfers also challenge the transfers made in years three through six. The latter group of transfers necessarily involves different facts than the Two Year Transfers and seeks relief beyond the relief sought in connection with the Two Year Transfers. Thus, it is possible that the Trustee could fail to avoid any of the Two Year Transfers, but still succeed in avoiding and recovering one or more transfers made in years three through six. In addition, the surviving equitable subordination claim (Count Thirteen) seeks different relief from the Dismissed Claims. Accordingly, the TAC asserts multiple claims and the Court has finally decided at least one claim.

---

[7] The Six Year Transfer claims are asserted under 11 U.S.C. § 544(b)(1) which permits the Trustee to avoid any transfer that a creditor holding an allowable unsecured claim could avoid under non-bankruptcy law. The relevant non-bankruptcy law in this case is the NYDCL. The statute of limitations to avoid a fraudulent conveyance under New York law is six years. *See* N.Y.C.P.L.R. § 213 (MCKINNEY 2014).

This does not end the inquiry.  Even where the requirements of separability and disparity of claims are met, the court should only direct the entry of judgment under Rule 54(b) if it determines that "there is no just reason for delay."  The decision is committed to the court's discretion but certification should not be granted routinely.  *Cullen*, 811 F.2d at 711.  There exists an 'historic federal policy against piecemeal appeals,'" *id.* at 710 (quoting *Curtiss-Wright Corp.,* 446 U.S. at 8 (quoting *Sears Roebuck & Co.,* 351 U.S. at 438)), and "[r]espect for that goal requires that the court's power to enter a final judgment before the entire case is concluded, and thereby permit an aggrieved party to take an immediate appeal, be exercised sparingly." *Id.* "To prevent the 'waste and futility' generated by piecemeal appeals . . ., 'there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978)(Friendly, J.) (quoting *W. Geophysical Co. v. Bolt Assocs., Inc.,* 463 F.2d 101, 103 (2d Cir. 1972) (quoting *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir. 1968)); *accord Cullen*, 811 F.2d at 711.

Here, several considerations weigh against certification under Rule 54(b).  First, the parties to the Dismissed Claims and subsequent appeal are also parties to the surviving claims. "It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below."  *Spiegel*, 843 F.2d at 44; *accord Brunswick*, 582 F.2d at 183 ("This court has indicated on numerous occasions that entry of final judgment under Rule 54(b) is not to be done lightly, particularly when the action remains pending as to all parties.").

Second, entry of the 54(b) Judgment and ensuing appeal may prejudice Merkin and GCC who were not parties to the Dismissed Claims and would not be parties on the appeal. *Arlinghaus v. Ritenour,* 543 F.2d 461, 464 (2d Cir. 1976)(*per curiam*) ("[W]e expressed concern

11

lest our determination of some issues involving the defendant against whom the complaint had been dismissed 'might result in prejudice to the other defendants who would not have had an opportunity before us to participate in the determination of those issues.'" (quoting *Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283, 286 (2d Cir. 1974)). Merkin's liability as general partner is derivative of the liability of Gabriel and Ascot for the initial transfers that are the subject of the Dismissed Claims. Merkin's and GCC's liability as subsequent transferees also depends on the avoidability of the initial transfers. If the Trustee prevails on appeal and the Six Year Transfers claims are reinstated, Merkin and GCC will be exposed to increased liability.

Third, although the claims in Count Two are separate and distinct from the Dismissed Claims, they are closely intertwined. *Brunswick*, 582 F.2d at 183 (where the dismissed and the surviving claims are closely intertwined, a final judgment under Rule 54(b) should not be entered). The preferential transfer claim that is the subject of Count One is incorporated into the Two Year Transfers which, in turn, form part of the Six Year Transfers.

Accordingly, I decline in the exercise of discretion to conclude that there is just reason to enter the 54(b) Judgment without further delay. As a result, the branch of the *Motion* seeking to certify the 54(b) Judgment is denied as moot.[8]

---

[8] Although 28 U.S.C. § 158(d)(2)(A) grants the Court of Appeals jurisdiction to hear appeals from interlocutory orders of the Bankruptcy Court, *OCA, Inc. v. Orthalliance New Image* (*In re OCA, Inc.*), 552 F.3d 413, 418 (5th Cir. 2008); *see In re BLMIS*, 654 F.3d 229, 234 (2d Cir. 2011) (accepting direct appeal from interlocutory order of the Bankruptcy Court that adopted the Net Investment Method for computing customer's net equity but reserved decision on whether the Net Investment Method should be adjusted for inflation), *cert. denied*, 133 S. Ct. 25 (2012), the Trustee has not sought leave to appeal this Court's interlocutory order dismissing the Dismissed Claims directly to the Court of Appeals.

   The Trustee is directed to submit an order consistent with the *Merkin Decision* and a separate order denying the *Motion*.

Dated:  New York, New York
     December 4, 2014

            /s/ *Stuart M. Bernstein*
            STUART M. BERNSTEIN
           United States Bankruptcy Judge