**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                      Plaintiff,<br><br>                v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                                       Plaintiff,<br>v.<br><br>SHOSHANA L. WINGATE, as Executor of the Will of David A. Wingate and THE ESTATE OF DAVID A. WINGATE,<br><br>                                        Defendants. | Adv. Pro. No. 10-05327 (SMB) |

## STIPULATION AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendants Estate of David A. Wingate ("Estate") and Shoshana L. Wingate, as Executor ("Executor") of the Estate (collectively, the "Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in the Trustee's Complaint in this adversary proceeding, the Trustee alleges that BLMIS made certain initial transfers ("Initial Transfers") to or for the benefit of David Wingate ("Decedent") relating to an account Decedent held at BLMIS;

**WHEREAS**, in Counts One to Six of the Trustee's Complaint, the Trustee seeks to avoid and recover the Initial Transfers or their value as fraudulent pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and sections 273 through 279 of the New York Debtor and Creditor Law (the "DCL"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS,** on May 16, 2011, the Defendants were substituted in place of the Decedent as defendants in this adversary proceeding;

**WHEREAS**, the Defendants raise certain defenses to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this stipulation to avoid unnecessary discovery in the interest of efficiency.

**NOW**, **THEREFORE**, in consideration of the foregoing and the promises contained therein, the Parties agree and stipulate as follows:

1.      Decedent maintained an account at BLMIS denominated as no. 1CM581 (the "Account") in his name from April 30, 1999 until the "Filing Date" (as defined in the Trustee's Complaint).

2. Columns 1 – 8 of Exhibit B to the Trustee's Complaint, which are incorporated herein by reference and attached hereto as Exhibit 1, accurately reflect the complete history of the transactions of the Account.

3. Upon execution of this Stipulation, the Trustee agrees to (a) meet and confer in good faith with counsel for the Defendants to discuss the withdrawal of any pending discovery requests resolved by this stipulation; and (b) forego service of subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions, including Deutsche Bank Trust Company and Morgan Stanley, where Decedent or his successors held accounts that received funds from BLMIS.

4. By executing this Stipulation, Defendants in no way concede or admit liability under Bankruptcy Code sections 544(b), 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA or other applicable law.

5. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to the Defendants, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

6. This Stipulation is without prejudice to the Defendants' right to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above.

Dated: New York, New York
December 11, 2014

| | |
|---|---|
| */s/ Marc E. Hirschfield* | */s/ Elise S. Frejka* |
| **BAKER & HOSTETLER LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| 45 Rockefeller Plaza | 1177 Avenue of the Americas |
| New York, NY 10111 | New York, New York 10036 |
| Telephone: (212) 589-4200 | Telephone: 212.715.9100 |
| Facsimile: (212) 589-4201 | Facsimile: 212.715.8000 |
| David J. Sheehan | Philip Bentley |
| Email: dsheehan@bakerlaw.com | Email: pbentley@kramerlevin.com |
| Marc E. Hirschfield | Elise S. Frejka |
| Email: mhirschfield@bakerlaw.com | Email: efrejka@kramerlevin.com |
| Tatiana Markel | Jason S. Rappaport |
| Email: tmarkel@bakerlaw.com | Email: jrappaport@kramerlevin.com |
| | |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* | *Attorneys for Defendants* |

SO ORDERED this 11th day of December, 2014.

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4

Pg 5 of 5

# EXHIBIT 1

### (Exhibit B to Complaint)