Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15TH Street, N.W., Suite 800
Washington, DC  20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor | |

**RECOMMENDATION OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF APPLICATIONS OF INTERNATIONAL SPECIAL COUNSEL**
**TO IRVING H. PICARD, TRUSTEE, FOR**
**<u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Fourteen international special counsel to Irving H. Picard, Esquire, as trustee ("Trustee")

for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment

Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications ("Applications") for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Applications. The grounds for this recommendation are as follows:

1.  The fourteen Applications involve the period from April 1, 2014 through July 31, 2014 ("Compensation Period"). As detailed in the Applications, international special counsel have rendered a range of services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require international special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2.  The international special counsel who have filed Applications and the geographic locations where they represent the Trustee are: Taylor Wessing ("Taylor") (England, Wales, and other United Kingdom jurisdictions); Higgs & Johnson (formerly Higgs Johnson Truman Bodden & Co.) ("Higgs") (Cayman Islands); Schiltz & Schiltz ("Schiltz") (Luxembourg); Graf & Pitkowitz Rechtsänwalte GmbH ("Graf") (Austria); Williams Barristers & Attorneys ("Williams") (Bermuda); Browne Jacobson, LLP ("Browne") (U.K Conflicts Counsel); SCA Creque ("SCA") (British Virgin Islands ("BVI")); Werder Vigano ("Werder") (Switzerland); UGGC & Associés ("UGGC") (France); Triay Stagnetto Neish ("TSN") (Gibraltar); Soroker-Agmon ("Soroker") (Israel); Eugene F. Collins ("Collins") (Ireland); Ritter & Ritter Advokatur ("Ritter") (Liechtenstein); and Munari Giudici Maniglio Panfili E Associati ("MGMP") (Italy).

3. SIPC, by its staff, has carefully evaluated the Applications for compensation. This has included analyzing the detailed reports of time spent and services rendered as set forth in the applications and the exhibits thereto. SIPC also has consulted closely with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of international special counsel, the nature and scope of services rendered by them, and the fees and reimbursement of costs sought by them. The detailed reports of services reflect the following totals of hours expended by international special counsel during the Compensation Period in the performance of their duties: Taylor – 254.80 hours; Higgs – 169.8 hours; Schiltz – 722.5 hours; Graf – 462 hours; Williams – 446.6 hours; Browne – 2,723.8 hours; SCA – 194.4 hours; Werder – 160.7 hours; UGGC – 194 hours; TSN – 141.1 hours; Soroker – 333.8 hours; Collins – 287.2 hours; Ritter – 4.9 hours; and MGMP – 33.5 hours.

4. In reviewing the Applications, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the Applications substantially comply with the applicable law and this District's Administrative Order.

5. Based upon an average discounted hourly rate of $504.77, Taylor asserts the adjusted reasonable value of its discounted services with the VAT is $154,337.21 and requests allowance of 80% in the amount of $123,469.77 and reimbursement of expenses with the VAT in the amount of $75,490.11 incurred from April 1, 2014 through July 31, 2014.

6. Based upon an average discounted hourly rate of $533.23, Higgs asserts the reasonable value of its discounted services is $90,542.25, and requests allowance of 80% in the

3

amount of $72,433.80, and reimbursement of expenses in the amount of $1,191.72 incurred from April 1, 2014 through July 31, 2014.

      7.      Based upon an average discounted hourly rate of $498.51, Schiltz asserts the reasonable value of its discounted services is $360,172.50 and requests allowance of 80% in the amount of $288,138.00, and reimbursement of expenses in the amount of $23,411.21 incurred from April 1, 2014 through July 31, 2014.

      8.      Based upon an average discounted hourly rate of $532.00, Graf asserts the reasonable value of its discounted services is $245,783.48 and requests allowance of 80% in the amount of $196,626.79, and reimbursement of expenses in the amount of $1,234.31 incurred from April 1, 2014 through July 31, 2014.

      9.      Based upon an average discounted hourly rate of $525.00, Williams asserts the adjusted reasonable value of its discounted services is $234,463.66 and requests allowance of 80% in the amount of $187,570.93, and no reimbursement of expenses incurred from April 1, 2014 through July 31, 2014.

      10.     Based on an average discounted hourly rate of $450.19, Browne asserts the reasonable value of its discounted services is $1,226,218.89, and requests 80% in the amount of $980,975.12 and reimbursement of expenses in the amount of $37,184.80 incurred from April 1, 2014 through July 31, 2014.

      11.     Based upon an average discounted hourly rate of $612.71, SCA asserts the reasonable value of its discounted services is $119,111.61, and requests allowance of 80% in the amount of $95,289.29, and reimbursement of expenses in the amount of $160.00 incurred from April 1, 2014 through July 31, 2014.

12. Based on an average discounted hourly rate of $435.76, Werder asserts the reasonable value of its discounted services is $70,026.39, and requests allowance of 80% in the amount of $56,021.11 and no reimbursement of expenses incurred from April 1, 2014 through July 31, 2014.

13. Based upon an average discounted hourly rate of $473.84, UGGC asserts the reasonable value of its discounted services is $91,925.65, and requests allowance of 80% in the amount of $73,540.52 and reimbursement of expenses in the amount of $16,112.75 incurred from April 1, 2014 through July 31, 2014.

14. Based on an average discounted hourly rate of $362.61, TSN asserts the reasonable value of its discounted services is $51,164.12, and requests allowance of 80% in the amount of $40,931.30, and reimbursement of expenses in the amount of $346.62 incurred from April 1, 2014 through July 31, 2014.

15. Based upon an average discounted hourly rate of $282.49, Soroker asserts the reasonable value of its discounted services with the 18% VAT is $111,266.48, and requests allowance of 80% in the amount of $89,013.19, and reimbursement of expenses in the amount of $8.00 incurred from April 1, 2014 through July 31, 2014.

16. Based on an average discounted hourly rate of $350.69, Collins asserts the reasonable value of its discounted services is $100,717.28 and requests allowance of 80% in the amount of $80,573.83, and reimbursement of expenses in the amount of $1,285.09 incurred from April 1, 2014 through July 31, 2014.

17. Based on an average discounted hourly rate of $621.41, Ritter asserts the reasonable value of its discounted services is $3,044.90 and requests allowance of 80% in the

5

amount of $2,435.92, and seeks no reimbursement of expenses incurred from April 1, 2014 through July 31, 2014.

18.     Based on an average discounted hourly rate of $262.49, MGMP asserts the reasonable value of its discounted services with an additional 4% compulsory national bar pension fund contribution is $9,145.23 and requests allowance of 80% in the amount of $7,316.19, and reimbursement of expenses in the amount of $5.94 incurred from April 1, 2014 through July 31, 2014.

19.     Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

20.     Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA § 5(b)(5)(C), 15 U.S.C. § 78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC</u>. In determining the amount of allowances in all other cases, the court shall give due consideration

6

to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added]

21.	In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA § 5(b)(5)(E), 15 U.S.C. § 78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§ 5(B)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

22.	In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Sixteenth Application of Trustee and Baker and Hostetler LLP at 77, ¶ 278.) Thus, any allowances for fees and expenses of international special counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by international special counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award international special counsel the amounts recommended by SIPC.

23.	Resolution of outstanding matters in the liquidation proceeding will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports allowance of the interim Applications.

WHEREFORE, SIPC respectfully recommends that: (1) interim compensation in the amount of $123,469.77 sought by Taylor and reimbursement of $75,490.11 of expenses; (2) interim compensation in the amount of $72,433.80 sought by Higgs and reimbursement of $1,191.72 of expenses; (3) interim compensation in the amount of $288,138.00 sought by Schiltz and reimbursement of $23,411.21 of expenses; (4) interim compensation in the amount of $196,626.79 sought by Graf and reimbursement of $1,234.31 of expenses; (5) interim compensation in the amount of $187,570.93 sought by Williams and no reimbursement of expenses; (6) interim compensation in the amount of $980,975.12 sought by Browne and reimbursement of $37,184.80 of expenses; (7) interim compensation in the amount of $95,289.29 sought by SCA and reimbursement of $160.00 of expenses; (8) interim compensation in the amount of $56,021.11 sought by Werder and no reimbursement of expenses; (9) interim compensation in the amount of $73,540.52 sought by UGGC and reimbursement of $16,112.75 of expenses; (10) interim compensation in the amount of $40,931.30 sought by TSN and reimbursement of $346.62 of expenses; (11) interim compensation in the amount of $89,013.19 sought by Soroker and reimbursement of $8.00 of expenses;  (12) interim compensation in the amount of $80,573.83 sought by Collins and reimbursement of $1,285.09 of expenses; (13) interim compensation in the amount of $2,435.92 sought by Ritter and no reimbursement of

expenses; and (14) interim compensation in the amount of $7,316.19 sought by MGMP and reimbursement of $5.94 of expenses, be allowed.

Date:   December 12, 2014
        Washington, D.C.

                                          Respectfully submitted,

| Of Counsel: | __/s/Josephine Wang_____ |
| --- | --- |
| KEVIN H. BELL | JOSEPHINE WANG |
| Senior Associate General Counsel | General Counsel |
|  For Dispute Resolution | SECURITIES INVESTOR |
| E-mail: kbell@sipc.org |   PROTECTION CORPORATION |
| | 805 15TH Street, N.W. |
| | Suite 800 |
| | Washington, D.C.  20005-2215 |
| | Telephone: (202) 371-8300 |
| | Facsimile:  (202) 371-6728 |
| | E-mail: jwang@sipc.org |