UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN S & P OR P & S ASSOCIATES, GENERAL PARTNERSHIPS**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the

accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests in S & P or P & S Associates, General Partnerships (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected two BLMIS accounts, held by two Florida general partnerships, S & P Associates, General Partnership ("S&P"), and P & S Associates, General Partnership ("P&S"), which accounts (the "Accounts") are listed on Exhibit 1. S&P and P&S each filed a claim seeking a distribution from the fund of customer property for

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

its respective Account. Both S&P and P&S have been receiving distributions on the allowed amounts of their claims.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine which account the Objecting Claimants were claiming under.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, S&P or P&S partnership materials, letters from S&P or P&S explaining their exposure to BLMIS, and Objecting Claimants' handwritten letters to the Trustee explaining their exposure to BLMIS. The objections filed by Objecting Claimants generally also specify the account holding entity that is relevant to the Objecting Claimant. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to S&P or P&S and its respective Account. The Objecting Claimant's claim seeks a portion of the same account money that was also claimed by S&P or P&S.

10. On the attached Exhibit 1, the last column displays the number of objections filed by Objecting Claimants that AlixPartners was able to correlate to the Accounts.

11. Exhibit 2 provides a list of the 158 claims filed by Objecting Claimants that invested in S&P or P&S and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers representing the Objecting Claimants or pro se, as appropriate, the account-holding entity in which the Objecting Claimants

invested, and the ERISA Plan account numbers. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants, the claim numbers, and the relevant account-holding entity.

13. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS account opening documents for the P&S account, BLMIS Account Number 1ZA873.

14. Attached hereto as Exhibit 5 is a true and correct copy of the November 30, 2008 BLMIS account statement for P&S, BLMIS Account Number 1ZA873.

15. Attached hereto as Exhibit 6 is a true and correct copy of the customer claim filed with the Trustee by P&S.

16. Attached hereto as Exhibit 7 is a true and correct copy of the Amended And Restated Partnership Agreement of P&S, as attached as an exhibit to proof of claim number 005180, filed by Mary E. Nickens.

17. Attached hereto as Exhibit 8 is a true and correct copy of the BLMIS account maintenance files and of any other active correspondence-type BLMIS files on BLMIS Account Number 1ZA873 (P&S).

18. Attached hereto as Exhibit 9 is a true and correct copy of the BLMIS account opening documents for the S&P account, BLMIS Account Number 1ZA874.

19. Attached hereto as Exhibit 10 is a true and correct copy of the November 30, 2008 BLMIS account statement for S&P, BLMIS Account Number 1ZA874.

20.  Attached hereto as Exhibit 11 is a true and correct copy of the customer claim filed with the Trustee by S&P.

21.  Attached hereto as Exhibit 12 is a copy of the Amended and Restated Partnership Agreement of S&P, as attached as an exhibit to proof of claim number 004129, filed by Rosemary Leo-Sullivan.

22.  Attached hereto as Exhibit 13 is a true and correct copy of a letter from Michael D. Sullivan dated December 19, 2008, as attached to Claim 005180, filed by Ms. Mary E. Nickens.

23.  Attached hereto as Exhibit 14 is a true and correct copy of the BLMIS account maintenance files and of any other active correspondence-type BLMIS files for BLMIS Account Number 1ZA874 (S&P).

24.  Attached hereto as Exhibit 15 is a true and correct copy of a letter from Michael D. Sullivan dated 2/4/09 that was attached to claim number 005103, filed by Harvey L. Powell.

25.  The Accounts were in the names of S&P and P&S, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[2]  The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants.  The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/11/2014

New York, New York

---

[2] Some Claimants may have held accounts in their own names, in addition to investing in S&P or P&S. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Claimants insofar as they invested, directly or indirectly in S&P or P&S.

/s/ *Vineet Sehgal*
Vineet Sehgal
Managing Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019