**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**DECLARATION OF BIK CHEEMA IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN S & P OR P & S ASSOCIATES, GENERAL PARTNERSHIPS**

I, Bik Cheema, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor"). I am a member of the Bar of this Court and in good standing.

    2.    As an attorney of record, I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests in S & P or P & S Associates, General Partnerships (the "Motion"),[1] the Trustee selected two BLMIS accounts, held by two Florida general partnerships, S & P Associates, General Partnership ("S&P"), and P & S Associates, General Partnership ("P&S"), which accounts are listed on Exhibit 1 to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration").

4. A list of Objecting Claimants invested in P&S and S&P whose claims are dealt with by this Motion is annexed to the Sehgal Declaration as Exhibit 2. The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in S&P or P&S, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including requests for admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed each response to requests for admission that came back to our office. Each set of discovery requests directed that responses be sent to my personal attention. Most of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed thousands of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the S&P and P&S account files as contained in the books and records of BLMIS.

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Motion.
Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

300336000.17

7.  As a result of my review, and in connection with preparing discovery, I ascertained that there were many questions about which law firms, if any, represented particular Objecting Claimants. These questions stemmed from two primary issues.

(a) Multiple objections to the Trustee's notices of determination of claims were often filed on behalf of a single Objecting Claimant. For example, Helen Davis Chaitman Esq. filed objections to determination on behalf of many Objecting Claimants who had also filed objections to determination *pro se*, or who filed another objection to determination through a completely separate law firm.

(b) The second issue arose from Ms. Chaitman's change of law firms. Many of the objections to the Trustee's notices of determination of claims had been filed by Ms. Chaitman while Ms. Chaitman was a partner at Philips Nizer LLP. But no formal substitution of counsel has been filed with the Court since Ms. Chaitman joined Becker & Poliakoff LLP, although, as stated below, Philips Nizer LLP has since informally indicated that they no longer represent the Objecting Claimants.

8.  To clarify these attorney representation issues, on September 19, 2013, I requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents.

9.  On October 4, 2013, Becker & Poliakoff LLP provided the Trustee with a list of the Objecting Claimants that the firm purported to represent in connection with S&P and P&S discovery. A true and correct copy of this list is attached hereto as Exhibit 1.

10. On December 2, 2013, Becker & Poliakoff LLP provided the Trustee with a revised list of the Objecting Claimants that the firm purported to represent in connection with S&P and P&S discovery. A true and correct copy of this list is attached hereto as Exhibit 2.

300336000.17

11.     On October 10, 2013, I also requested that Phillips Nizer LLP advise me of any of the Objecting Claimants that they continued to represent. On October 29, 2013, a representative of Phillips Nizer LLP advised that their firm no longer represented any of the Objecting Claimants.

### Service of Requests for Admission and Other Discovery

12.     Based on what I learned, I caused discovery to be served on Objecting Claimants either through counsel, or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

13.     Requests for Admission were served on all of the Objecting Claimants and/or their counsel. Requests for Admission were made in two basic forms. One was designed to be served on counsel to Objecting Claimants, and the other was designed to be served, together with explanatory cover letters, on Objecting Claimants who appeared to be proceeding without counsel. The Requests in each set are identical, except that certain definitions and references were changed based on the specific account, accountholder, or Objecting Claimant at issue. In addition, the order of numbered requests 4 and 5 of the counsel version are switched as compared to the *pro se* version.

### Becker & Poliakoff Responses To Interrogatories and Requests for Admission

14.     Attached hereto as Exhibit 3 are true and correct copies of the Requests for Admission, Interrogatories, and related discovery, together with accompanying cover letter, as served on specified Objecting Claimants through Becker & Poliakoff LLP.

15. Attached hereto as Exhibits 4 and 5, respectively, are true and correct copies of the responses received from Becker & Poliakoff to the Requests for Admission and to the Interrogatories.

### Other Responses To Interrogatories and Requests for Admission

16. Attached hereto as Exhibit 6 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Karen Newman, and a copy of the complete discovery set as sent.

17. Attached hereto as Exhibit 7 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Karen S. Audet, and a copy of the complete discovery set as sent.

18. Attached hereto as Exhibit 8 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Mary Ellen Nickens, and a copy of the complete discovery set as sent.

### Documents Produced

19. Attached hereto as Exhibit 9 is a true and correct copy of the amended and restated S&P partnership agreement as produced to the Trustee in response to requests for production to the Objecting Claimants represented by Becker & Poliakoff LLP.

20. Attached hereto as Exhibit 10 is a true and correct copy of the amended and restated P&S partnership agreement as produced to the Trustee in response to requests for production to the Objecting Claimants represented by Becker & Poliakoff LLP.

### Represented Objecting Claimants That Failed To Respond To Requests For Admission

21. Attached hereto as Exhibits 11, 12, and 13 are true and correct copies of three sets of Requests for Admission (including certificates of service) that were served on Objecting

Claimants through counsel, for which the Trustee received no responses. These requests for admission relate to various Moss family Objecting Claimants (Exhibit 11, claim numbers 003775, 003782, 003783, 004949, 004950, and 005343), and to Marilyn and Robert Mick (Exhibits 12 and 13, claim numbers 005132, and 005616). The actual numbered requests in each of the three sets are identical to each other. However, the defined terms in each are changed for the particular account, accountholder, claim, and Objecting Claimant.

### *Pro Se* Objecting Claimants That Failed To Respond To Requests For Admission

22.   Attached hereto as Exhibit 14 is a chart of other Objecting Claimants who did not respond to the Requests for Admission served upon them. The Objecting Claimants who received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to the Trustee's notice of determination of claim (an attorney had also filed a separate objection as to the determination of their claim and had not, at the time of this discovery, responded to a request by me to clarify the status of their representation), or (2) Objecting Claimants whose objections to determination had been filed by counsel (sometimes, more than one set of counsel) that had advised the Trustee that they no longer purported to represent the Objecting Claimant as to this discovery.

23.   Attached as Exhibits 15 and 16 are true and correct examples of sets of cover letters along with their corresponding requests for admission and certificates of service (the requests for admission sets are designated as exhibit 3 to the cover letters), each as sent to Objecting Claimants referenced in the Exhibit 14 chart. The cover letters sent to the various Objecting Claimants in the Exhibit 14 chart contained personal definitions of account, accountholder, and (where appropriate), you and your applicable to each related Objecting Claimant. These and other relevant changes (date, addressee, claim number, due date for

6

responses, and references to dates and docket numbers of objections) are specified in the chart attached as Exhibit 14. The cover letters also differed as to their discussions of attorney issues and in ways not directly relevant to the requests for admission themselves. Given there are voluminous requests for admission and that there is no variation other than as mentioned in this declaration, the Trustee is offering to provide these documents on request rather than attaching them to this declaration.

24. Each of the Objecting Claimants referenced in the Exhibit 14 chart was sent the exact same fifteen (15) numbered Requests for Admission in their discovery package. There is one minor exception to this. One cover letter and set of Requests for Admission served on James Walsh and Kathleen M. Walsh used a defined term, "Claimants", rather than "you" or "your", because the parties were in part acting in a representative capacity. A true and correct copy of their cover letter and Requests for Admission set is attached as Exhibit 17.

25. Attached as Exhibit 18 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in Exhibit 14.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/11, 2014

New York, New York

/s/ Bik Cheema
Bik Cheema Esq.