UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>   Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF<br><br>   Debtor. | :<br>:<br>:<br>: |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br><br>  - against -<br><br>ALPHA PRIME FUND LIMITED, et al.,<br><br>   Defendants. | :<br>:<br><br>Adv. Pro. No. 09-01364 (BRL)<br><br>:<br><br>:<br>:<br>: |

## ANSWER, AFFIRMATIVE DEFENSES AND AMENDED CROSS-CLAIM OF ALPHA PRIME FUND LIMITED AND SENATOR FUND SPC

Defendants Alpha Prime Fund Limited ("Alpha Prime" or "Alpha Prime Fund") and

Senator Fund SPC ("Senator" or "Senator Fund"), by and through their undersigned counsel,

answer the Amended Complaint filed by Irving H. Picard, Trustee for the Liquidation of Bernard

L. Madoff Investment Securities LLC (the "Trustee") upon knowledge as to its own acts and

upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 except that Alpha Prime and Senator Fund deny receiving any fees.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 3 of the Amended Complaint.

4.      As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 4 of the Amended Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Alpha Prime and Senator Fund deny that Sonja Kohn was responsible for or involved with creating Alpha Prime or Senator Fund.  Alpha Prime and Senator Fund otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained

in paragraph 8.  Alpha Prime and Senator Fund admit that HSBC served as custodian and administrator for all transactions between BLMIS and Alpha Prime or Senator Fund and otherwise deny the remaining allegations against them in paragraph 8.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 10.

11.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.  Alpha Prime and Senator Fund admit that they are investment funds, but not feeder funds, and otherwise deny the allegations in paragraph 16 as they pertain to them.

17.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 17.

18.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 18.

19.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 19.

20.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 20.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 22.

23.     Decline to respond to the allegations in paragraph 23 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 23 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

## JURISDICTION AND VENUE

24.     Decline to respond to the allegations in paragraph 24 on the ground that they

constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 24 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

25.     Decline to respond to the allegations in paragraph 25 on the ground that they

constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 25 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

26.     Decline to respond to the allegations in paragraph 26 on the ground that they

constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 26 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

27.     Decline to respond to the allegations in paragraph 27 on the ground that they

constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 27 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

## BACKGROUND

28.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 29.

30.     Admit that on December 15, 2008, SIPC filed an application in the District Court.

Alpha Prime and Senator Fund decline to respond to the remaining allegations in paragraph 30

on the ground that they constitute legal conclusions to which no response is required.  To the

extent the allegations in paragraph 30 constitute allegations of fact, Alpha Prime and Senator

Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Admit the allegations in paragraph 31.

32.    Admit the allegations in paragraph 32.

33.    Admit that Madoff pleaded guilty to a criminal information and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    Admit that Frank DiPascali pleaded guilty to participating in a Ponzi scheme and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, except deny that Madoff told Alpha Prime or Senator Fund that he would enter and exit the market between eight and twelve times a year.

37.    Admit that Madoff admitted that he never purchased any of the securities he claimed to have purchased and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Deny that Alpha Prime and Senator Fund assisted Madoff and BLMIS in extending the life of the Ponzi scheme and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Decline to respond to the allegations in paragraph 44 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 44 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

45.     Decline to respond to the allegations in paragraph 45 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 45 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

46.     Decline to respond to the allegations in paragraph 46 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 46 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

47.     Decline to respond to the allegations in paragraph 47 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 47 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

48.     Decline to respond to the allegations in paragraph 48 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 48 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

49.     Decline to respond to the allegations in paragraph 49 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 49 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

50.     Decline to respond to the allegations in paragraph 50 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 50 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

## THE DEFENDANTS

### *Sonja Kohn and The Benbassat Family*

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

### *The Funds and Related Investment Vehicles*

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Alpha Prime denies the allegations in paragraph 60, except Alpha Prime admits that it is an investment fund organized under the laws of Bermuda, with a registered address at Bank of Bermuda Building, 6 Front Street, Hamilton HM 11, Bermuda.  Senator Fund denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Senator Fund denies the allegations in paragraph 61, except it admits that it is an investment fund organized under the laws of the Cayman Islands and its registered agent is DMS Corporate Services Ltd., P.O. Box 1344, DMS House, 20 Genesis Close, Grand Cayman KY1-1108, Cayman Islands.  Alpha Prime denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Decline to respond to the statements in paragraph 69 as they are not factual allegations requiring a response.

### *The Management Defendants*

### *Management Defendants Primarily Associated with Medici Funds*

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

### *Management Defendants Associated with the Benbassat Funds*

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Decline to respond to the statements in paragraph 88 as they are not factual allegations requiring a response.

### *Beneficial Owners*

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Decline to respond to the statements in paragraph 94 as they are not factual allegations requiring a response.

### THE HSBC Defendants

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

### Other Individuals

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, except that Alpha Prime and Senator deny that Ursula Radel-Leszczynski co-founded Alpha Prime and Senator or managed Madoff's relationship with Alpha Prime and Senator.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

## **PERSONAL JURISDICTION**

### *Individual Defendants*

120.    Decline to respond to the allegations in paragraph 120 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 120 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

### *Feeder Fund Defendants*

125.    Decline to respond to the allegations in paragraph 125 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 125 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

126.    Deny the allegations in paragraph 126.

127.    Admit that both Alpha Prime and Senator Fund filed SIPA claims seeking to recover their investments in BLMIS.

### *Management Defendants*

128.    Decline to respond to the allegations in paragraph 128 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 128 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

### Beneficial Owners of Management Defendants

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

## HSBC Defendants

136.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.     As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 144.  Alpha Prime and Senator Fund deny that they invested through BLMIS's IA Business and otherwise deny the allegations in paragraph 144.

145.     Deny the allegations in paragraph 145.

146.     Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.    Decline to respond to the allegations in paragraph 154 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 154 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.    Decline to respond to the allegations in paragraph 155 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 155 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

156.    Decline to respond to the allegations in paragraph 156 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 156 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

157.    Decline to respond to the allegations in paragraph 157 on the ground that they constitute legal conclusions to which no response is required. To the extent the allegations in paragraph 157 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.    Decline to respond to the allegations in paragraph 161 on the ground that they constitute legal conclusions to which no response is required. To the extent the allegations in paragraph 161 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

164.    Decline to respond to the allegations in paragraph 164 on the ground that they constitute legal conclusions to which no response is required. To the extent the allegations in

paragraph 164 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.    Admit that the HSBC Custodian Defendants were responsible for insuring that Madoff had the customer funds he purported to have and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 166.

167.    Decline to respond to the allegations in paragraph 167 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 167 constitute allegations of fact, Alpha Prime and Senator Fund deny the allegations in paragraph 167.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

170.    As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 170.  Alpha Prime and Senator Fund otherwise deny the allegations in paragraph 170.

171.    Deny the allegations in paragraph 171.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181.

182.    Decline to respond to the allegations in paragraph 182 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 182 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192.

193.    Decline to respond to the allegations in paragraph 193 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 193 constitute allegations of fact, Alpha Prime and Senator Fund deny the allegations in paragraph 193.

194.    Decline to respond to the allegations in paragraph 194 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 184 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

203.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203.

204.    Decline to respond to the allegations in paragraph 204 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 204 constitute allegations of fact, Alpha Prime and Senator Fund deny the allegations in paragraph 204.

205.    Decline to respond to the allegations in paragraph 205 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 205 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205.

206.    Decline to respond to the allegations in paragraph 206 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 206 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210.

211.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211.

212.   Decline to respond to the allegations in paragraph 212 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 212 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212.

213.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213.

214.   Deny the allegations in paragraph 214.

215.   Decline to respond to the allegations in paragraph 215 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 215 constitute allegations of fact, Alpha Prime and Senator Fund deny that they ignored any "red flags" and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 215.

216.   Decline to respond to the allegations in paragraph 216 on the grounds that the May 7, 2001 *Barron's* article speaks for itself.

217.   Decline to respond to the allegations in paragraph 217 on the grounds that the May 7, 2001 *Barron's* article speaks for itself, but otherwise deny what the article "suggested."

218.   Decline to respond to the allegations in paragraph 218 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 218 constitute allegations of fact, Alpha Prime and Senator Fund deny that by May 7, 2001, they had already invested with BLMIS and otherwise deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223.

224.    Decline to respond to the allegations in paragraph 224 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 224 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231.

232.    Deny the allegations in paragraph 232.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233.

234.    Deny the allegations in paragraph 234.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241.

242.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242.

243.    Admit that HSBC acted as custodian and administrator on behalf of Alpha Prime and Senator Fund and invested into Senator Fund and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245.

246.    Deny that Alpha Prime or Senator Fund earned significant management and performance fees and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 246.

247.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249.

250.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251.

252.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252.

253.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253.

254.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254.

255.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255.

256.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256.

257.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257.

258.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258.

259.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259.

260.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260.

261.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261.

262.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262.

263.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263.

264.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264.

265.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265.

266.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267.

268.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268.

269.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270.

271.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271.

272.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272.

273.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273.

274.    Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 274.

275.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275.

276.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 276.

277.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277.

278.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278.

279.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279.

280.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280.

281.    Admit that HSBC International Trust Services [Bermuda] Limited entered into a custodian agreement with Alpha Prime.  Admit that HSBC Securities Services (Luxembourg) S.A. entered into a custodian agreement with Senator. The agreements themselves speak to what the HSBC Defendants committed to undertake.  Alpha Prime and Senator otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281.

282.    Admit that Bank of Bermuda (Luxembourg) S.A. (a predecessor to HSBC Bank Bermuda) entered into a sub-custody agreement with BLMIS and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282.

283.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283.

284.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284.

285.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285.

286.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286.

287.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287.

288.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288.

289.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289.

290.    Admit that HSBC Securities Services (Bermuda) Limited served as administrator and that HSBC Securities Services (Luxembourg) S.A. served as Sub-Administrator pursuant to an agreement with Alpha Prime and that HSBC Securities Services (Luxembourg) S.A. served as administrator pursuant to an agreement with Senator and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 290.

291.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291.

292.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292.

293.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293.

294.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294.

295.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295.

296.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296.

297.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297.

298.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 298.

299.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299.

300.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300.

301.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301.

302.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 302.

303.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303.

304.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304.

305.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305.

306.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306.

307.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308.

309.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309.

310.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310.

311.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 311.

312.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312.

313.    As to the actions and knowledge of others, Alpha Prime and Senator Fund lack knowledge or information sufficient to form a belief about the truth of the allegations contained

in paragraph 313. Alpha Prime and Senator Fund otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313.

314.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314.

315.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315.

316.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316.

317.    Admit that HSBC opened and maintained accounts with BLMIS in the names of Alpha Prime and Senator Fund and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 317.

318.    Deny the allegations in paragraph 318.

319.    Deny the allegations in paragraph 319.

320.    Decline to respond to the allegations in paragraph 320 on the ground that they constitute legal conclusions to which no response is required. To the extent the allegations in paragraph 320 constitute allegations of fact, Alpha Prime and Senator Fund deny the allegations in paragraph 320.

321.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321.

322.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322.

323.    Alpha Prime admits that it received transfers from BLMIS and otherwise denies the allegations in paragraph 323.

324.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 324.

325.    Senator Fund admits that it received transfers from BLMIS and otherwise denies the allegations in paragraph 325.

326.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326.

327.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 327.

328.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 328.

329.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329.

330.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330.

331.    Decline to respond to the allegations in paragraph 331 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 331 constitute allegations of fact, Alpha Prime and Senator Fund deny the allegations in paragraph 331.

332.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332.

333.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333.

334.    Alpha Prime admits that it received transfers from BLMIS and otherwise denies the allegations in paragraph 334.

335.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 335.

336.    Senator Fund admits that it received transfers from BLMIS and otherwise denies the allegations in paragraph 336.

337.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 337.

338.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 338.

339.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339.

340.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340.

341.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341.

342.    Decline to respond to the allegations in paragraph 342 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 342 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

343.    Deny the allegations in paragraph 343.

344.    Admit that Alpha Prime received transfers and otherwise deny the allegations in paragraph 344.

345.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 345.

346.    Admit that Senator Fund received transfers and otherwise deny the allegations in paragraph 346.

347.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347.

348.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348.

349.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349.

350.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350.

351.    Decline to respond to the allegations in paragraph 351 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 351 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

352.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 352.

353.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 353.

354.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354.

355.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355.

356.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356.

357.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357.

358.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 358.

359.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359.

360.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360.

361.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361.

362.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 362.

363.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 363.

364.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 364.

365.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365.

366.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 366.

367.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367.

368.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368.

369.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369.

370.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370.

371.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371.

372.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372.

373.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373.

374.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374.

375.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375.

376.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376.

377.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377.

378.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378.

379.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379.

380.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380.

381.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381.

382.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382.

383.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383.

384.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384.

385.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385.

386.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386.

387.     Admit that Alpha Prime and Senator filed a Customer Claim.

388.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388.

389.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389.

390.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 389 as though fully set forth herein.

391.    Admit the allegations in paragraph 391.

392.    Deny the allegations in paragraph 392.

393.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393.

394.    Admit the allegations in paragraph 394.

395.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395.

396.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396.

397.    Decline to respond to the allegations in paragraph 397 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 397 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397.

398.    Decline to respond to the allegations in paragraph 398 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 398 constitute allegations of fact, Alpha Prime and Senator Fund deny them

399.    Decline to respond to the allegations in paragraph 399 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 399 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

400.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 399 as though fully set forth herein.

401.    Decline to respond to the allegations in paragraph 401 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 401 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

402.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402.

403.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403.

404.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404.

405.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 404 as though fully set forth herein.

406.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 406.

407.    Deny the allegations in paragraph 407.

408.    Decline to respond to the allegations in paragraph 408 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 408 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

409.    Decline to respond to the allegations in paragraph 409 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 409 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

410.    Decline to respond to the allegations in paragraph 410 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 410 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

411.     Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 410 as though fully set forth herein.

412.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412.

413.     Deny the allegations in paragraph 413.

414.     Decline to respond to the allegations in paragraph 414 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 414 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

415.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415.

416.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416.

417.     Decline to respond to the allegations in paragraph 417 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 417 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417.

418.     Decline to respond to the allegations in paragraph 418 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 418 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

419.     Decline to respond to the allegations in paragraph 419 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 419 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

420.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 419 as though fully set forth herein.

421.    Decline to respond to the allegations in paragraph 421 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 421 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421.

422.    Decline to respond to the allegations in paragraph 422 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 422 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

423.    Decline to respond to the allegations in paragraph 423 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 423 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423.

424.    Decline to respond to the allegations in paragraph 421 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 421 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

425.    Decline to respond to the allegations in paragraph 421 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 421 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

426.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 425 as though fully set forth herein.

427.    Decline to respond to the allegations in paragraph 427 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 427 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 427.

428.    Decline to respond to the allegations in paragraph 428 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 428 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

429.    Decline to respond to the allegations in paragraph 429 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 429 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

430.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430.

431.    Decline to respond to the allegations in paragraph 431 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 431 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

432.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 431 as though fully set forth herein.

433.    Decline to respond to the allegations in paragraph 433 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 433 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433.

434.    Decline to respond to the allegations in paragraph 434 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 434 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

435.    Decline to respond to the allegations in paragraph 435 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 435 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

436.    Decline to respond to the allegations in paragraph 436 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 436 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436.

437.    Decline to respond to the allegations in paragraph 437 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 437 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

438.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 437 as though fully set forth herein.

439.    Decline to respond to the allegations in paragraph 439 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 439 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 439.

440.    Decline to respond to the allegations in paragraph 440 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 440 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

441.    Decline to respond to the allegations in paragraph 441 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 441 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441.

442.    Decline to respond to the allegations in paragraph 442 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 442 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

443.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 442 as though fully set forth herein.

444.    Decline to respond to the allegations in paragraph 444 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 444 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444.

445.    Decline to respond to the allegations in paragraph 445 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 445 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 445.

446.    Decline to respond to the allegations in paragraph 446 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 446 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446.

447.    Decline to respond to the allegations in paragraph 447 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 447 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447.

448.    Decline to respond to the allegations in paragraph 448 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 448 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

449.    Decline to respond to the allegations in paragraph 449 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 449 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

450.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 449 as though fully set forth herein.

451.    Decline to respond to the allegations in paragraph 451 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 451 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451.

452.    Decline to respond to the allegations in paragraph 452 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 452 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 452.

453.    Decline to respond to the allegations in paragraph 453 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 453 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 453.

454.    Decline to respond to the allegations in paragraph 454 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 454 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 454.

455.    Decline to respond to the allegations in paragraph 455 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 455 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 455.

456.    Decline to respond to the allegations in paragraph 456 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 456 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 456.

457.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 456 as though fully set forth herein.

458.    Alpha Prime admits it filed a Customer Claim and otherwise denies the allegations in paragraph 458. Senator admits it filed a Customer Claim and otherwise denies the allegations in paragraph 458.

459.    Deny the allegations in paragraph 459.

460.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460.

461.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 460 as though fully set forth herein.

462.    Deny the allegations in paragraph 462.

463.    Deny the allegations in paragraph 463.

464.    Decline to respond to the allegations in paragraph 464 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 464 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

465.    Decline to respond to the allegations in paragraph 465 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 465 constitute allegations of fact, Alpha Prime and Senator Fund deny them.

466.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 465 as though fully set forth herein.

467.    Decline to respond to the allegations in paragraph 467 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 467 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467.

468.    Decline to respond to the allegations in paragraph 468 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 468 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 468.

469.    Decline to respond to the allegations in paragraph 469 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 469 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 469.

470.    Decline to respond to the allegations in paragraph 470 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 470 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 470.

471.    Decline to respond to the allegations in paragraph 471 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 471 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 471.

472.    Decline to respond to the allegations in paragraph 472 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 472 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472.

473.    Decline to respond to the allegations in paragraph 473 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 473 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473.

474.    Decline to respond to the allegations in paragraph 474 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 474 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474.

475.    Decline to respond to the allegations in paragraph 475 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 475 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 475.

476.    Decline to respond to the allegations in paragraph 476 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 476 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 476.

477.    Decline to respond to the allegations in paragraph 477 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 477 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 477.

478.    Decline to respond to the allegations in paragraph 478 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 478 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 478.

479.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 478 as though fully set forth herein.

480.    Decline to respond to the allegations in paragraph 480 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 480 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480.

481.    Decline to respond to the allegations in paragraph 481 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 481 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481.

482.    Decline to respond to the allegations in paragraph 482 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 482 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482.

483.    Decline to respond to the allegations in paragraph 483 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 483 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483.

484.    Decline to respond to the allegations in paragraph 484 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 484 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484.

485.    Decline to respond to the allegations in paragraph 485 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 485 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485.

486.    Decline to respond to the allegations in paragraph 486 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 486 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 486.

487.    Decline to respond to the allegations in paragraph 487 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 487 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 487.

488.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 487 as though fully set forth herein.

489.    Decline to respond to the allegations in paragraph 489 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 489 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 489.

490.    Decline to respond to the allegations in paragraph 490 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 490 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 490.

491.    Decline to respond to the allegations in paragraph 491 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 491 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491.

492.    Decline to respond to the allegations in paragraph 492 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 492 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492.

493.    Decline to respond to the allegations in paragraph 493 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 493 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 493.

494.    Decline to respond to the allegations in paragraph 494 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 494 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494.

495.    Decline to respond to the allegations in paragraph 495 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 495 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 495.

496.    Decline to respond to the allegations in paragraph 496 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 496 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 496.

497.    Decline to respond to the allegations in paragraph 497 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 497 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 497.

498.    Decline to respond to the allegations in paragraph 498 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 498 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 498.

499.    Decline to respond to the allegations in paragraph 499 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 499 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499.

500.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 499 as though fully set forth herein.

501.    Decline to respond to the allegations in paragraph 501 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 501 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 501.

502.    Decline to respond to the allegations in paragraph 502 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 502 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 502.

503.    Decline to respond to the allegations in paragraph 503 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 503 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 503.

504.    Decline to respond to the allegations in paragraph 504 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 504 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504.

505.    Decline to respond to the allegations in paragraph 505 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 505 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 505.

506.    Decline to respond to the allegations in paragraph 506 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 506 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 506.

507.    Decline to respond to the allegations in paragraph 507 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 507 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 507.

508.    Decline to respond to the allegations in paragraph 508 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 508 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 508.

509.    Decline to respond to the allegations in paragraph 509 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 509 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 509.

510.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 509 as though fully set forth herein.

511.    Decline to respond to the allegations in paragraph 511 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 511 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 511.

512.    Decline to respond to the allegations in paragraph 512 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 512 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 512.

513.    Decline to respond to the allegations in paragraph 513 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 513 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 513.

514.    Decline to respond to the allegations in paragraph 514 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 514 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 514.

515.    Decline to respond to the allegations in paragraph 515 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 515 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 515.

516.    Decline to respond to the allegations in paragraph 516 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 516 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 516.

517.    Decline to respond to the allegations in paragraph 517 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 517 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517.

518.    Decline to respond to the allegations in paragraph 518 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 518 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 518.

519.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 518 as though fully set forth herein.

520.    Decline to respond to the allegations in paragraph 520 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 520 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 520.

521.    Decline to respond to the allegations in paragraph 521 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 521 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521.

522.    Decline to respond to the allegations in paragraph 522 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in

paragraph 522 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 522.

523.    Decline to respond to the allegations in paragraph 523 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 523 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 523.

524.    Decline to respond to the allegations in paragraph 524 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 524 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 524.

525.    Decline to respond to the allegations in paragraph 525 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 525 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 525.

526.    Decline to respond to the allegations in paragraph 526 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 526 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 526.

527.    Decline to respond to the allegations in paragraph 527 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 527 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 527.

528.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 527 as though fully set forth herein.

529.    Decline to respond to the allegations in paragraph 529 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 529 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529.

530.    Decline to respond to the allegations in paragraph 530 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 530 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 530.

531.    Decline to respond to the allegations in paragraph 531 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 531 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 531.

532.    Decline to respond to the allegations in paragraph 532 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 532 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 532.

533.    Decline to respond to the allegations in paragraph 533 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 533 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 533.

534.    Decline to respond to the allegations in paragraph 534 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 534 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 534.

535.    Decline to respond to the allegations in paragraph 535 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 535 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 535.

536.    Decline to respond to the allegations in paragraph 536 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 536 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 536.

537.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 536 as though fully set forth herein.

538.    Decline to respond to the allegations in paragraph 538 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 538 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 538.

539.    Decline to respond to the allegations in paragraph 539 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 539 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 539.

540.    Decline to respond to the allegations in paragraph 540 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 540 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 540.

541.    Decline to respond to the allegations in paragraph 541 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 541 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 541.

542.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 541 as though fully set forth herein.

543.    Decline to respond to the allegations in paragraph 543 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 543 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 543.

544.    Decline to respond to the allegations in paragraph 544 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 544 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544.

545.    Decline to respond to the allegations in paragraph 545 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 545 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545.

546.    Decline to respond to the allegations in paragraph 546 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 546 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 546.

547.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 546 as though fully set forth herein.

548.    Decline to respond to the allegations in paragraph 548 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 548 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 548.

549.    Decline to respond to the allegations in paragraph 549 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 549 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549.

550.    Decline to respond to the allegations in paragraph 550 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 550 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 550.

551.    Decline to respond to the allegations in paragraph 551 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 551 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 551.

552.    Decline to respond to the allegations in paragraph 552 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 552 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552.

553.    Decline to respond to the allegations in paragraph 553 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 553 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 553.

554.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 553 as though fully set forth herein.

555.    Decline to respond to the allegations in paragraph 555 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 555 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 555.

556.    Decline to respond to the allegations in paragraph 556 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 556 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 556.

557.    Decline to respond to the allegations in paragraph 557 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 557 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 557.

558.    Decline to respond to the allegations in paragraph 558 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 558 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558.

559.    Decline to respond to the allegations in paragraph 559 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 559 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 559.

560.    Decline to respond to the allegations in paragraph 560 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 560 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 560.

561.    Alpha Prime and Senator Fund incorporate by reference their responses to paragraphs 1 through 560 as though fully set forth herein.

562.    Decline to respond to the allegations in paragraph 562 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 562 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 562.

563.    Decline to respond to the allegations in paragraph 563 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 563 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563.

564.     Decline to respond to the allegations in paragraph 564 on the ground that they constitute legal conclusions to which no response is required.  To the extent the allegations in paragraph 564 constitute allegations of fact, Alpha Prime and Senator Fund deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 564.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

1.     The Amended Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

2.     The Trustee has failed to satisfy the requirements of 11 U.S.C. § 544.

### **Third Affirmative Defense**

3.     The Trustee has failed to plead averments of fraud with particularity.

### **Fourth Affirmative Defense**

4.     The Transfers were not made to or for the benefit of the Defendants.

### **Fifth Affirmative Defense**

5.     The Transfers were not made at a time when the Debtor was insolvent or at a time when the Debtor was about to incur debts beyond its ability to pay as they matured, nor did the Transfers render the Debtor insolvent, nor was the property remaining in the Debtor's hands after each of the Transfers an unreasonably small capital.

### **Sixth Affirmative Defense**

6.     The Debtor received fair consideration or reasonably equivalent value for the Transfers.

### **Seventh Affirmative Defense**

7.     The Defendants received the transfers in "good faith."

**Eighth Affirmative Defense**

8.      At the time of the Transfers, there were no actual existing creditors of the Debtor who could have avoided the Transfers.

**Ninth Affirmative Defense**

9.      The Trustee's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

**Tenth Affirmative Defense**

10.     The Trustee's claims are barred in whole or in part by the doctrine of unclean hands.

11.     The Defendants reserve the right to raise other affirmative defenses that may subsequently become or appear applicable to some or all of the Trustee's claims.

**CROSS-CLAIMS AGAINST HSBC**

**Preliminary Statement**

1.      These crossclaims arise from the deliberate and deliberately concealed failure of the HSBC Defendants (defined below) to monitor Bernard L. Madoff ("Madoff") and his investment firm, Bernard L. Madoff Investment Securities LLC ("BLMIS"), despite their statutory, fiduciary and contractual obligations and repeated oral and written assurances to do just that. Instead, the HSBC Defendants delegated their responsibilities as custodians of Alpha Prime's and Senator Fund's funds to Madoff and BLMIS without assuring and performing the proper supervision they claimed to perform. Worse than that, the HSBC Defendants intentionally concealed from Alpha Prime and Senator Fund all the troubling information that their unique access to Madoff and BLMIS provided, access based upon their foundational and much trumpeted role in organizing and administering numerous Madoff investment "feeder funds" by

which they directed billions of dollars into the coffers of BLMIS and earned millions of dollars in fees.

2.    The HSBC Defendants actively concealed this troubling information and provided purposefully misleading information in its stead, even in response to repeated direct inquiries by Alpha Prime and Senator Fund.  Among other things, the HSBC Defendants fraudulently and repeatedly represented to Alpha Prime and Senator Fund that they were properly supervising BLMIS on multiple fronts, that their own and their third-party agents' vigorous due diligence revealed no concerns whatsoever about Madoff and BLMIS, and that, as a result of their competently informed and constantly refreshed knowledge, everything was in proper order in the House of Madoff.  The HSBC Defendants also crafted an elaborate electronic database accessible through the internet which they fed with various statistics on Madoff operations, creating the impression of constant actual trading activity being conducted by BLMIS on behalf of Alpha Prime and Senator, with the watchful supervision and control of that activity by the HSBC Defendants.  As a direct consequence of this thoroughly successful effort to defraud and mislead Alpha Prime and Senator Fund, the HSBC Defendants collected substantial fees for years, while Alpha Prime and Senator Fund sustained the loss of their entire investments in an aggregate amount in excess of half a billion dollars.

3.    Defendant Bank of Bermuda (Luxembourg) S.A. ("BoB Lux") which was located at 13, rue Goethe, P.O. Box 413, L-2014 Luxembourg, served as custodian of the Alpha Prime and Senator Fund funds.  BoB Lux was a wholly-owned subsidiary of Bank of Bermuda Limited.

4.    Defendant Bank of Bermuda Limited ("BoB") was, at all relevant times, the parent company of BoB Lux and was a control person of Alpha Prime and Senator Fund's assets. On February 18, 2004, BoB became an indirect wholly-owned subsidiary of HSBC Holdings plc.

5.      Defendant HSBC Securities Services (Bermuda) Limited ("HSSB") is incorporated under the laws of Bermuda with a principal place of business at 6 Front Street, Hamilton HM 11, Bermuda.  HSSB served as administrator to Alpha Prime and directed the transfer of millions of dollars into and out of BLMIS.  HSSB received substantial fees for its alleged performance of administrative services on behalf of Alpha Prime.

6.      Defendant HSBC Institutional Trust Services (Bermuda) Limited ("HITSB") is incorporated under the laws of Bermuda with a principal place of business at 6 Front Street, Hamilton HM 11, Bermuda.  HITSB served as the custodian for Alpha Prime.  HITSB received substantial fees for its alleged performance of custodial services on behalf of Alpha Prime.

7.      Defendant HSBC Bank Bermuda Limited ("HSBC Bank Bermuda"), formerly known as The Bank of Bermuda Limited, is a banking institution with a principal place of business at 6 Front Street, Hamilton HM 11, Bermuda.  HSBC Bank Bermuda served as the administrator and custodian of Alpha Prime.  HSBC Bank Bermuda received substantial fees for its alleged performance of administrative services on behalf of Alpha Prime.

8.      Defendant HSBC Securities Services (Luxembourg) S.A. ("HSSL"), formerly known as Bank of Bermuda (Luxembourg) S.A., is a limited liability company incorporated as a societe anonyme under the laws of the Grand Duchy of Luxembourg, and maintains its principal place of business at 16, boulevard d'Avranches, L-1160 Luxembourg,  HSSL served as administrator to Senator Fund and as sub-administrator to Alpha Prime.  HSSL also served as custodian to Senator Fund and as sub-custodian to Alpha Prime.  HSSL was a wholly-owned subsidiary of HSBC Holdings plc ("HSBC Holdings"), a public company incorporated in England and traded on the New York Stock Exchange.  HSSL entered into agreements with BLMIS to act as its sub-custodian with respect to Alpha Prime and Senator.  HSSL received

substantial fees for its alleged performance of administrative and custodial and other ancillary services on behalf of Alpha Prime and Senator Fund.

9.    Defendant HSBC Bank plc ("HSBC Bank") is a public limited corporation, incorporated under the laws of England and Wales, with a principal place of business at 8 Canada Square, London E14 5HQ, United Kingdom.  HSBC Bank was the payee bank for the Madoff feeder funds, including Alpha Prime and Senator.  HSBC Bank was also a substantial shareholder of Senator and was the sole substantial shareholder of Senator who attempted to redeem its entire investment in Senator prior to the public unmasking of Madoff in December 2008.

10.    In addition, HSBC Bank provided overdraft and foreign exchange hedging facilities and other banking services to Alpha Prime.  On February 2, 2006, HSBC Bank and HSSL entered into an agency agreement with Alpha Prime concerning electronic remote access of Alpha Prime to HSBC proprietary data concerning BLMIS broker statements, fees, cash-charts, statements of net assets, statements of realized gains and losses, position appraisal reports, securities purchases, sales, and dividends ("HSBC Web-Access"). This arrangement was later applied to Senator.

11.    BoB Lux, BoB, HSSB, HITSB, HSBC Bank Bermuda, HSSL and HSBC Bank are collectively referred to herein as the "HSBC Defendants".

### Jurisdiction

12.    This Court has personal jurisdiction over all the HSBC Defendants pursuant to N.Y.C.P.L.R. 301 and 302 and Bankruptcy Rule 7004.    All the HSBC Defendants have maintained minimum contacts with New York in connection with the claims alleged herein and purposely availed themselves of the New York forum.

13.     The HSBC Defendants entered into the various custodial and administrative and other ancillary agreements with Alpha Prime and Senator relating to BLMIS, as detailed below, that required performance in substantial part in New York. Acting in their respective capacities under those agreements, the HSBC Defendants contracted to segregate, register, and safeguard securities in New York purchased through BLMIS on behalf of Alpha Prime and Senator Fund. The HSBC Defendants contracted to maintain regular communications with BLMIS operations in New York, to transmit instructions to BLMIS, and to receive from BLMIS trade confirmations, account statements, and other information. The securities to be traded by BLMIS were understood by the parties to be securities traded on the New York Stock Exchange. The HSBC Defendants directed and facilitated the transfer of hundreds of millions of dollars to and from BLMIS in New York for the purchase of securities on the New York Stock Exchange on behalf of Alpha Prime and Senator Fund.  On behalf of Alpha Prime and Senator Fund, the HSBC Defendants entered into customer accounts with BLMIS to set up New York based brokerage accounts that were expressly made subject to the Federal Arbitration Act and subject to arbitration before the American Arbitration Association or the arbitration facilities of the exchanges where the BLMIS securities were traded.  As part of their contractual duties, the HSBC Defendants represented that they met at regular intervals with BLMIS employees in New York and conducted reviews and due diligence as to BLMIS' operations and trading activity in New York. Also, as part of their contractual duties, the HSBC Defendants sent New York-based professionals, including employees of the accounting firm KPMG LLP, to BLMIS' offices in New York, and thereafter falsely represented the reports of these professionals so as to provide comfort to Alpha Prime and Senator as to the legitimacy and adequacy of the operations and safeguards in place at BLMIS. By these acts, the HSBC Defendants have availed themselves of

the laws of the State of New York and undertook substantial commercial activity in New York. These acts also constituted tortious acts that the HSBC Defendants committed both within and outside of New York, causing injury in New York, and were acts the HSBC Defendants reasonably should have expected to have consequences in New York and elsewhere in the United States.

14.    Each HSBC Defendant that entered into a sub-custodian agreement with BLMIS engaged BLMIS as its agent to act as the sub-custodian of the assets of Alpha Prime and Senator. BLMIS, acting as the agent on behalf of these HSBC Defendants, committed multiple torts in the State of New York causing substantial injury to persons in the State of New York and elsewhere in the United States, including American investors in Alpha Prime.

15.    Acting in the role of payee bank, HSBC Bank, despite its knowledge of red flags suggesting that BLMIS' business was a fraud, increased the flow of funds into Madoff's Ponzi scheme and thereby perpetuated Madoff's fraud, to the injury of Alpha Prime and Senator.

16.    HSBC Bank regularly transacts business in New York directly or through its affiliate HSBC Bank USA.

### Background

### I.    The Pitch

17.    On or about May 30, 2002, Nigel Fielding ("Fielding"), the global head of BoB Lux and others from BoB Lux, met with various people to start a Madoff feeder fund modeled after the existing Primeo Fund, which HSBC entities had been instrumental in organizing. During this meeting, BoB Lux proposed that BoB Lux serve as the new fund's administrator and custodian, based upon its experience with Primeo and its existing cooperative relationship with the notoriously selective BLMIS and its investor gatekeeper Madoff.

18.    Throughout the remainder of 2002, representatives from BoB communicated with future directors of Alpha Prime with their analyses assuring Alpha Prime that BoB:

a.  Had reviewed all of Madoff's investment activity and undertaken an analysis of the Primeo portfolio to test compliance with UCITS part I regulations and had suggested "tightening existing custody and sub-custody agreements."

b.  Analyzed Madoff's handling of index options (puts and calls).

c.  Recommended Bermuda as an attractive fund domicile and offered sponsorship, administration and custody services for the new fund.

19.    On March 12, 2003, Alpha Prime was formed and Fielding, as the global head of BoB Lux, became a founding director of Alpha Prime.

20.    During a May 19, 2003 meeting in Vienna, Austria, BoB, through Fielding and Germain Birgen ("Birgen"), stated and assured future directors of Alpha Prime of the following facts:

-   The Bank of Bermuda sub-custodian agreements with BLMIS only allowed securities or cash to be transferred on a free basis under an instruction duly authorized by Bank of Bermuda authorized personnel.

-   Bank of Bermuda would carry out its own regular due diligence on BLMIS in relation to the sub-custodian arrangements, as it had always done with Primeo.

-   Bank of Bermuda had completed its most recent and rigorous due diligence review on BLMIS in the 3rd quarter of 2002.

-   No material issues had arisen during the latest Bank of Bermuda sub-custodian due diligence review on BLMIS.  BLMIS was accordingly absolutely clean.

-   The sub-custodian due diligence format was designed for Bank of Bermuda by Thomas Murray Network Management Limited and included the following areas

•  Group Credentials

•  Audit and Compliance

•  Systems and Communications

•  Asset Safety and Risk Minimization

- Operations

- Client assets were always maintained in segregated accounts.

- Asset reconciliations would be performed at a minimum of monthly and no items would be outstanding for more than a month (breaks would generally be cleared in one business day).

- Settlement performance, based on past experience, would be above 99 %.

- No physical securities would be held by BLMIS.

- Where Bank of Bermuda would also be appointed as administrator to the Fund, as had been the case with Primeo Fund, it would provide fund accounting and investment valuation service. As part of this service the Bank of Bermuda would validate the price of all investments using independent market data sources, and that would include all investments held by BLMIS.

21.     In a follow up meeting to the May 19, 2003 meeting, Roman Burda, Bank Austria/International Transaction Audit Division sent an email to Birgen to clarify Primeo Fund's and BoB's relationship with Madoff stating, "*The Bank of Bermuda sub-custodian agreements with BLM only allow securities or cash to be transferred on a free basis under an instruction duly authorized by Bank of Bermuda personnel*".

22.     In his reply email of May 27th, Birgen confirmed that all securities transactions would be carried out "*cash against delivery*" and forwarded a sample instruction.

23.     In reliance on all of the prior representations, Alpha Prime agreed to enter into various agreements with BoB.  On June 9, 2003 Michelle Amesse, BOB Global Fund Services further reassured Ursula Fano/Bank Austria via email and forwarded to her: a) Madoff agreements reviewed by Jim Hughes, BoB legal Counsel in the BoB Lux office because "*since we are the named custodian, the Bank is required to review any brokerage accounts*"; and b) a board resolution prepared by BOB to ratify the Madoff agreements relating to the setting up of Alpha Prime Fund.

24.     During the final negotiation period, one of the future Alpha Prime directors sought further confirmation on due diligence.  On June 12/17, 2003, via email, BoB confirmed that they had always performed and would continue to perform "*regular due diligence procedure on Madoff*", the last one having been performed by Fielding in the fall of 2002.

25.     The representations concerning due diligence were again reinforced in an email dated June 27, 2003 from Fielding to a director of Alpha Prime stating: 1) full due diligence of Madoff took place routinely on a two year interval, 2) that Madoff was an agent of BOB, 3) that no day to day operational issues with Madoff had ever been found in existence as a result of past due diligence, and 4) that the last full review in Q3/2002 had involved multiple professional staff drawn from both Europe and New York.

26.     In that same email, when Alpha Prime directors requested copies of the agent review files relating to the due diligence for future annual reviews of Madoff, BoB refused claiming that these were "proprietary" agent review documents under bank policy.

## II.     The Agreements

27.     On March 12, 2003, Alpha Prime and BoB entered into an agreement whereby BoB would provide custodian services to Alpha Prime.  Pursuant to this agreement, BoB agreed to act as custodian of Alpha Prime in accordance with its by-laws and pursuant to the terms of the Custodian Agreement ("Custodian Agreement").

28.     Simultaneously, BoB entered into a sub-custody agreement appointing HSSL to act as principal sub-Custodian of Alpha Prime Fund in accordance with the Fund's by-laws and pursuant to the terms of the Sub-Custodian Agreement dated 12 March 2003 ("Sub-Custody Agreement").

29.    On 12 March 2003, Alpha Prime Fund entered into the Administration and Registrar Agreement which appointed BoB (acting through its subsidiary Management International (Bermuda) Limited) to its additional roles ("Administration and Registrar Agreement").

30.    Simultaneously, BoB entered into a sub-Administrator and Registrar Agreement appointing HSSL to act as principal sub-Administrator of Alpha Prime Fund in accordance with the Fund's by-laws and pursuant to the terms of the Sub-Administration Agreement dated 12 March 2003 ("Sub-Administration Agreement").

31.    In or around February 2004, HSBC purchased BoB and BoB became HSBC (Bermuda).

32.    On or before September 8, 2004, without the knowledge of Alpha Prime, BoB Lux entered into a Sub-Custody Agreement with BLMIS (the "BLMIS Sub-Custody Agreement").  The BLMIS Sub-Custody Agreement was signed by Birgen, Head of BoB Lux, and by Madoff on behalf of BLMIS.  On or about May 5, 2005, BoB Lux transferred to HSSL the BLMIS Sub-Custody Agreement and a New BLMIS Customer Agreement.

33.    Under the terms of the BLMIS Sub-Custody Agreement, BoB Lux and HSSL appointed BLMIS as sub-custodian in respect of the "Property" (i.e. the assets of Alpha Prime) delivered to BLMIS and BLMIS undertook to hold the Property in safe custody.  Under the terms of the BLMIS Sub-Custody Agreement, BLMIS was required to segregate Alpha Prime's property from their own property.

34.    The purported intent of the BLMIS Sub-Custody Agreement was for HSSL to "establish a custody account" with BLMIS to "hold, maintain and/or administer certain property which [HSSL] holds as custodian for certain customers."  Alpha Prime and later Senator Fund

were listed as the customers "for which the Sub-Custodian agrees to provide sub-custodial services".

35.    By a Novation Agreement dated January 2, 2007, HSBC Bda (acting through its subsidiary Management International (Bermuda) Limited) appointed HSBC Securities Services (Bermuda) Limited as the New Administrator of the Fund ("Novation Agreement").

36.    On August 4, 2006, Senator Fund entered into an Administration and Registrar Agreement and Custodian Agreement with HSBC Bermuda which were virtually identical to those entered into by Alpha Prime.

### III.    The Breach

37.    The HSBC Defendants knowingly, intentionally and improperly failed to disclose the BLMIS Sub-Custody Agreements and the New Customer Agreements to Alpha Prime or Senator Fund prior to entering into these agreements. Even after disclosure, however, neither Alpha Prime nor Senator Fund ever consented to the HSBC Defendants entering into these agreements with BLMIS.

38.    Although, by entering into the BLMIS Agreements, the HSBC Defendants delegated their responsibilities under the Custodian Agreement, the HSBC Defendants remained "responsible to [Alpha Prime and Senator Fund] for any acts or omissions of any … person howsoever appointed as if such acts or omissions were those of the Custodian."  Therefore, despite this delegation, the HSBC Defendants remained contractually liable for the actions or inactions of BLMIS.

39.    Indeed, in order to encourage ING Capital LLC to invest with Alpha Prime Fund, the HSBC Defendants acknowledged their continuing responsibilities in a letter dated September 12, 2005, sent to ING Capital LLC reiterating their role with respect Alpha Prime Fund.  In that

letter, the HSBC Defendants acknowledged "that HSSL has exclusive control over the administration of the purchase, transfer and redemption of the Shares and over Alpha Prime's account at Bernard Madoff Investment Services, a broker-dealer based in New York City."

40.     Pursuant to these and other ancillary agreements with Alpha Prime and Senator, the HSBC Defendants also assumed responsibility for numerous other key tasks on Alpha Prime's and Senator Fund's behalf, including, but not limited to, sub-Administration of HSSL; registrar; paying agent; paying bank; NAV calculator and distributor; investor relations servicer; fund accountant, reconciliation to custody systems, preparation of semi-annual and annual reports and financial statements; coordination of annual audits; replication of BLMIS trades on its own systems; preparation of board related papers; attending board meetings; preparation of regulatory filings; preparation of regular reports to shareholders; transfer agent; data protection agent; hedge related ISDA Master Agreements and Overdraft Facility Agreements; transfer Agent regarding the Anti-Money Laundering US Patriot Act; served as Corporate Secretary and in management of Alpha Prime and Senator; drafting and amending Alpha Prime's and Senator's Private Placement Memoranda.

41.     Pursuant to the Sub-Custody Agreement, the HSBC Defendants were responsible for insuring that Madoff had the assets he purported to have.  Yet, when Madoff insisted that he act as his own custodian, the HSBC Defendants acquiesced and delegated to BLMIS the safekeeping of the assets of Alpha Prime and Senator Fund, without the consent of Alpha Prime and Senator Fund.

42.     The HSBC Defendants were also required by the Sub-Custody Agreement to: (i) guard Alpha Prime's and Senator Fund's assets; and (ii) properly supervise the trading of

securities executed for the account of the fund, making sure that such trading was in line with applicable safeguards put in place.    The HSBC Defendants failed to do this.

43.    According to the BLMIS Sub-Custody Agreement in paragraph 10(b), BLMIS was required to supply HSSL with, inter alia, reports, payments and receipts taken by BLMIS, as well as their annual financial statements.  Furthermore, HSBC Lux was obligated to use its best efforts to supply, on a timely basis, confirmation of all transactions on the account prior to the settlement date.

44.    Simply put, HSSL observed none of these requirements with respect to its relationship with Alpha Prime and Senator Fund.  HSSL was obligated to verify and examine the viability of the trades and that the trade transactions actually took place.  Indeed, had HSSL reviewed the reports and receipts delivered by BLMIS listing the securities held and sold by BLMIS, HSSL would have seen that trades were allegedly executed at prices outside the daily range of prices of such securities on the days in question.  In fact, certain securities were allegedly settled on weekends and/or holidays.  HSSL knew or was reckless in not knowing that BLMIS could not have executed hundreds of trades at the listed prices, given that HSSL administered up to 10 other Funds where BLMIS acted as broker.  This is especially true because under the Sub-Custody Agreement, BLMIS was required to seek HSBC's approval for the transactions prior to the proposed settlement date.

45.    Under the Sub-Custody Agreement, HSSL had the obligation to diligently ask for proof and confirmation of deposits with BLMIS and the alleged trades and to conduct its due diligence.  HSBC deliberately, intentionally and improperly misled Alpha Prime and Senator Fund to believe that they were complying with these obligations.  The HSBC Defendants also failed to carefully cross-check reports and receipts provided by BLMIS.  In the later stages of

this fraud, Alpha Prime and Senator were told that the HSBC Defendants: were receiving copies of all trade tickets from Madoff; were replicating the trades on their system; and were able to confirm all positions held by each fund at each year end.

46.     Yet, despite all these assurances and alleged safeguards in place, the HSBC Defendants purportedly never discovered that Madoff had not purchased or sold a single security in all the years the HSBC Defendants were supposedly monitoring BLMIS, despite giving these assurance and allegedly maintaining their safeguards.

47.     HSSL deliberately, intentionally and improperly refused to identify and report the actual facts and the significant risks that exposed Alpha Prime and Senator Fund, as well as the fact that BLMIS was the manager and custodian of Alpha Prime's and Senator Fund's funds.

48.     In addition, BLMIS was contractually required to provide HSSL, on a monthly basis, a written statement listing all property held in, or credited to, the Alpha Prime and Senator Fund accounts.  Thus, HSSL should have been provided immediately with all receipts and trading tickets of the traded securities by BLMIS.  If HSSL actually received these reports, its review of them was non-existent.  If HSSL never received the required reports, HSSL failed to honor its obligations to obtain and review those reports.   In either event, these failings perpetuated the BLMIS Ponzi scheme and directly lead to the loss of Alpha Prime's and Senator Fund's investments.

49.     HSSL never once inquired as to the veracity of BLMIS' claim that the securities allegedly purchased were held with the Depository Trust & Clearing Corporation ("DTC").  Yet, in spite of taking no action whatsoever, HSSL repeatedly assured Alpha Prime and Senator Fund that independent investigations on their part had occurred and that those investigations revealed no operational risks.

50.    HSSL's failure to properly monitor BLMIS violated the express requirements of the Custody Agreement and was the direct cause of the loss of hundreds of millions of Alpha Prime's and Senator's dollars.

51.    The HSBC Defendants' fiduciary relationship with Alpha Prime and Senator Fund presented a conflict with its various contractual relationships with BLMIS and prevented the HSBC Defendants from satisfying their obligations to Alpha Prime and Senator Fund. Indeed, delegation of custodial duties to BLMIS, which then acted as prime broker, custodian and portfolio manager, not only presented a conflict of interest, it violated both Luxembourg law and industry practices requiring that assets be held by an independent custodian. Even after delegating their duties to BLMIS, the HSBC Defendants continued to collect fees for custodial services. As a result of the HSBC Defendants' delegation of their custodial duties, there was no oversight over BLMIS's activities. BLMIS clearly did not perform the duties delegated by the HSBC Defendants and the HSBC Defendants did nothing to ensure that BLMIS performed those duties (even though, as custodians, the HSBC Defendants were obligated to do so).

52.    The HSBC Defendants were, or should have been, well aware of the fraud surrounding BLMIS. Upon information and belief, the HSBC Defendants identified, in annual internal due diligence reports, numerous red flags, including BLMIS's unusual fee structure, lack of a qualified auditor, and Madoff's retention of custody of the assets and the failure of BLMIS to provide contractually required documentation. The HSBC Defendants themselves recognized that BLMIS's role as custodian of assets created a serious risk of theft. For example, every year between 2003 and 2008, the HSBC Defendants recognized in their due diligence reviews the risk created by the lack of "independent custody and verification of trading activity away from the investment manager (unlike a standard hedge fund that has a prime broker)". HSBC also noted

in a 2001 report regarding Greenwich Sentry, L.P. that "transparency issues prevent us from conducting proper due diligence" on Madoff.  None of this was known nor shared with Alpha Prime or Senator.

53.    Sec 10 "Reporting" of its agreement  with BLMIS states the following:

The Sub-Custodian [BLMIS] shall supply to the Bank in English: at such reasonable intervals as the Bank may require, and unless otherwise notified by the Bank, initially on a monthly basis, a written statement which lists all Property held in, or credited to, the Account (and separately in each sub-account, if any) together with a full account of all receipts and payments made and other action taken by the Sub-Custodian pursuant to this Agreement since the date of last preceding statement. If Property is held in the physical possession of a party other than the Sub-Custodian, that party shall be a U.S. registered recognized depository.

54.    Accordingly, HSSL (Lux) should have been provided immediately with all receipts and trading tickets of the traded securities by BLMIS.  If HSSL (Lux) actually received these reports, their review of them was non-existent.  If HSSL (Lux) never received the required reports, HSSL (Lux) failed to enforce and honor its obligations to obtain and review those reports.  In either event, these failings perpetuated the BLMIS Ponzi scheme and directly lead to the loss of Alpha Prime's and Senator's investments.

55.    In fact, the HSBC Defendants abrogated their critical roles and responsibilities to BLMIS, including their role as custodian of the Alpha Prime and Senator Fund assets.  Despite receiving substantial fees for their role as custodians and administrators, the HSBC Defendants essentially provided none of the required services.

**IV.    <u>The Cover-Up</u>**

56.     Deprived of real time information and actual documentation to show potential investors, Alpha Prime relied on the HSBC Defendants to answer inquiries posed by potential investors in Alpha Prime.  For example, on March 16, 2005, a director of Alpha Prime sought from the HSBC Defendants information relating to the kind of confirmations HSBC would provide to Alpha Prime.  The HSBC Defendants replied, inter alia, that "with regards to transparency, we would be prepared to notify a 3% or greater drop in NAV if we would calculate the weekly estimated NAV.  Immediate notifications of changes in positions from Treasuries to stocks and vice versa again fall under the same condition…"

57.     In order to further calm any outstanding concerns about transparency in light of the inability to see audit notes, on June 23, 2005 via email, the HSBC Defendants confirmed to a director of Alpha Prime that it was duplicating the "broker account Madoff" in its Fund bookkeeping system in order to be able to audit and verify all activities of Madoff for the Fund on a monthly basis through this "parallel bookkeeping".

58.     By an engagement letter dated September 8, 2005, HSBC Bank engaged the accounting firm, KPMG LLP ("KPMG") to "identify and review the fraud and related operational risks that may arise as a result of HSBC, acting as custodian, placing the funds with Madoff".  In that letter, KPMG reiterated its understanding as conveyed by the HSBC Defendants "that HSBC owes [Alpha Prime and Senator Fund] a fiduciary duty of care concerning the safeguarding of their assets as primary custodian…"

59.     KPMG issued its first report on February 16, 2006.  In subsequent board meetings of APF, Fielding, on behalf of the HSBC Defendants, assured fellow Board Members Zapotocky, Radel, and Fischer on repeated occasions that there are no operational issues

whatsoever with Madoff, that assets were segregated at the DTC and the existence of such assets was confirmed by third parties, referring to the KPMG reports as additional comfort.

60.     Specifically, Fielding stated that KPMG had confirmed that: a) Madoff had internal controls that were found to be in place; b) Madoff settled client trades through the DTC with his external market counterparties and that DTC confirmed the movement of stock into and out of the client segregated account on a daily basis; and that c) trade blotters had been reviewed and it had been found that the counter party trades matched against HSBC client account option trades.

61.     HSBC Bank refused to hand over the KPMG report despite being asked to do so by Radel and Fischer, arguing the proprietary nature of the reports. HSBC Bank through its agents Noesen and Stoffel also informed Radel and Fischer orally that the KPMG reports stated that everything was fine.  In fact, as discovered after Madoff's arrests, KPMG had determined none of those things and had in fact indicated the existence of many red flags indicating operational failings and lack of safeguards at BLMIS.

62.     Senator was established as a Madoff feeder fund in July 2006 based in major part on the assurances by the HSBC Defendants, as confirmed by its due diligence and the HSBC Defendants' representations relating to the KPMG due diligence/ report.

63.     In August 2007, the HSBC Defendants commenced a leverage program enabling potential investors to invest with Senator.  Throughout August 2007 and September 2007 investors invested in Senator using this leverage program, thereby making HSBC Bank an investor in Senator. The HSBC Defendants used this as additional comfort argument, asserting essentially that it had "skin in the game".

64.     An email exchange occurred between Alpha Prime director Radel and Majcen/BOB Senior Client Relationship Manager dated July 20-24, 2006 in which Majcen responded to requests from Radel.  In this exchange, Majcen assured Radel that control procedures were in place regarding all Madoff transactions, corporate actions, pricing and offers, and that HSBC had confirmed this through "in an official document prepared by KPMG".

65.     On or about March 19, 2008, HSBC Bank again engaged KPMG to "assist HSBC to identify the fraud risks that may arise as a result of HSBC, acting as custodian and investment advisor, placing the funds of twelve HSBC clients … and in addition investments placed by HSBC for investment with Madoff LLC".  The engagement letter commencing this matter also reiterated its understanding as conveyed by the HSBC Defendants "that HSBC owes [Alpha Prime and Senator Fund] a fiduciary duty of care concerning the safeguarding of their assets as primary custodian…"

66.     The twelve clients included Alpha Prime Fund and Senator Fund.

67.     An email exchange dated July 4, 2008 took place between Jean-Claude Stoffel/BOB client relationship manager of Alpha Prime and Herald Fund and Andreas Pirkner/Bank Medici with Sonja Kohn and Saverio Fiorino/HSBC Fund Service Manager copied on the emails. In this email exchange, Pirkner asked HSBC specific questions raised by a client wishing to invest with Madoff.  The answers HSBC gave in this email are from HSBC's "Network Manager" (whose name is not disclosed, though, upon information and belief, was likely Brian Petitt of HSBC Bank, London).  As regarded segregation of assets, HSBC confirmed the following: "...we have commissioned KPMG to do a full review of the operational processes and to test the segregation.  The first review was done 2/3 years ago and a second review was completed earlier this year.....there are no major findings based on the post visit summary

meeting we had with them. ....[BLMIS] purchases the stocks in bulk through their trading side and settle them into their DTC proprietary account and then transfer them to their client account at DTC which ensures segregation of client and proprietary assets."   Based on this and other answers regarding Madoff, Stoffel hoped "that the above will assist you in securing your investor into the Herald fund."

68.    KPMG issued its second report on September 8, 2008 with similar distressing findings as the 2006 report, which HSBC Bank again refused to disclose.

69.    By e-mail dated October 28, 2008 Wailea/Access Capital Management informed Senator of the fact that HSBC Bank made at the end of last week a decision "that has come as a complete shock to us". "HSBC informed us that they are redeeming USD 90 million from Senator in an effort to essentially short a portion of their Madoff exposure". "They are betting on (or at least protecting against) Senator losing money".   In a further e-mail exchange dated the same date, Access Capital Management stated: "Regarding the overall shorting by HSBC it appears that this might just be the beginning for this particular hedging strategy".

70.    Rather, upon information and belief, the HSBC Defendants learned that BLMIS was nothing more than a Ponzi scheme and withdrew HSBC Bank's investment in Senator Fund in order to avoid losing its entire investment and at the expense of the remaining investors.

71.    At the same time HSBC Bank was attempting to redeem the entirety of its investments in Senator, knowing that BLMIS was in serious trouble, HSBC client relationship manager for Alpha Prime and Senator communicated to Peter Fischer (who served as a director to both Alpha Prime and Senator) stating that they are bullish on the asset growth of Alpha and Senator for the year to come.

72.    Beginning in 2004 and continuing to the demise of BLMIS in December 2008, Alpha Prime maintained foreign exchange facilities with HSBC Bank, pursuant to agreements with HSBC Bank and HSSL, for the purpose of hedging Euro transactions relating to BLMIS ("HSBC Foreign Exchange Facility").    Hedging losses of approximately $30 million were incurred through this facility, primarily in 2008, for which HSBC Bank earned considerable fees.

## FIRST CAUSE OF ACTION

### FRAUD

73.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

74.    As more particularly set forth above, the HSBC Defendants knowingly, improperly, and intentionally made false representations of fact to Alpha Prime and Senator Fund that they would supervise each sub-custodian, make appropriate inquiries, periodically, to confirm that the obligations of the sub-custodians continued to be completely discharged, and would protect the assets of Alpha Prime and Senator Fund.

75.    Such misrepresentations were made despite the fact that the HSBC Defendants knew, at the time they made these misrepresentations, that they would delegate all responsibility to BLMIS and completely abrogate their responsibilities for their own financial benefit.

76.    In addition, the HSBC Defendants made false and misleading statements including, but not limited to, the repeated assurance of the absence of operational risk, the segregation of accounts, and the safekeeping of securities with the DTC.

77.    These statements were false because, in fact, now it has been shown that there were no securities held by the DTC or anyone else, there existed disproportionate operational

risk and no segregation of Alpha Prime's or Senator Fund's assets. The HSBC Defendants knew that these statements were false when they issued them.

78.     The statements of the HSBC Defendants were made without regard to whether such statements were true.

79.     The statements of the HSBC Defendants were made even though the HSBC Defendants had conducted numerous due diligence evaluations and received and reviewed the KPMG report, and as a result, had identified and were fully aware of the red flags surrounding Madoff and BLMIS. By consciously disregarding these red flags and their own examinations, the HSBC Defendants acted recklessly.

80.     Alpha Prime and Senator Fund justifiably relied on the statements of the HSBC Defendants. As a result of their reliance on the fraud of the HSBC Defendants, Alpha Prime and Senator Fund were induced to continue to invest their funds with BLMIS and to believe that Madoff provided a legitimate investment vehicle.

81.     Alpha Prime and Senator Fund were damaged as a result of the fraud of the HSBC Defendants.

82.     The false representations of fact by the HSBC Defendants and the damage to Alpha Prime and Senator Fund that directly resulted from the fraud of the HSBC Defendants were independent and separate from the breach of contract alleged herein.

83.     As a direct and proximate cause of the wrongful conduct of the HSBC Defendants, Alpha Prime and Senator Fund sustained damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

84.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

85.    As more particularly described above, the HSBC Defendants knowingly, improperly, and intentionally made false representations of fact to Alpha Prime and Senator Fund concerning the legitimacy of BLMIS.

86.    As more particularly described above, such misrepresentations of fact were made on numerous occasions in relation to different agreements and other circumstances, with each such misrepresentation constituting a separate and continuing fraud.

87.    As more particularly stated above, such false representations of fact were made by the HSBC Defendants without regard to whether such statements were true.

88.    Such false representations of fact were made by the HSBC Defendants to Alpha Prime and Senator Fund to induce Alpha Prime and Senator Fund to rely on them, including in the very creation of Alpha Prime and Senator Fund and the continued utilization of the HSBC Defendants as their custodians and to continue to invest in BLMIS, as well as to further their fraud upon Alpha Prime and Senator Fund.

89.    These false representations of fact by the HSBC Defendants were made for the purpose of extracting from Alpha Prime and Senator Fund substantial custodial and administrative and other banking fees.

90.    Alpha Prime and Senator Fund justifiably relied on those false representations of fact to their detriment.

91.    The HSBC Defendants had special knowledge of the true facts regarding BLMIS as both the custodian of Alpha Prime and Senator Fund's assets and due to their unique access to BLMIS, which information was unavailable to Alpha Prime and Senator Fund.

92.     The HSBC Defendants had a duty to disclose material information to Alpha Prime and Senator Fund in relation to the custody of the Alpha Prime and Senator Fund assets.

93.     The HSBC Defendants failed to disclose such information to Alpha Prime and Senator Fund in connection with these false representations of fact.

94.     These false representations of fact by the HSBC Defendants were made for the purpose of the thwarting Alpha Prime and Senator Fund's ability to discover the actual true facts.

95.     The HSBC Defendants concealed the true facts from Alpha Prime and Senator Fund, even though the HSBC Defendants had conducted numerous due diligence evaluations and received and reviewed the KPMG reports, and as a result, had identified and were fully aware of the red flags surrounding Madoff and BLMIS.  By consciously disregarding these red flags and their own examinations, and concealing them from Alpha Prime and Senator Fund, the HSBC Defendants acted recklessly.

96.     These false representations of fact by the HSBC Defendants were independent and separate from the breaches of contract alleged herein.

97.     By reason of the HSBC Defendants' fraudulent concealment, Alpha Prime and Senator Fund (1) have been directly and proximately damaged in an amount to be determined at trial, plus interest; and (2) are entitled to restitution in an amount to be determined at trial, plus interest.

### THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

98.     Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

99.    The HSBC Defendants had special knowledge concerning: (1) their delegation of their responsibilities to BLMIS; and (2) the red flags suggesting that the BLMIS investment business was a fraud.

100.    The Sub-Custody Agreement constituted and created a special, fiduciary relationship between the HSBC Defendants and Alpha Prime and Senator Fund.

101.    Alpha Prime and Senator Fund did not know, that the HSBC Defendants were entering into the BLMIS Sub-Custody Agreements and the New BLMIS Customer Agreements. Despite the HSBC Defendants representations to the contrary, the HSBC Defendants created a substantial risk to the Alpha Prime and Senator Fund assets because BLMIS was, in fact, a Ponzi scheme.

102.    As more particularly described above, the HSBC Defendants continually represented to Alpha Prime and Senator Fund that they were conducting their due diligence reviews of BLMIS and that those due diligence reviews revealed nothing of concern.

103.    The red flags raised by Madoff and BLMIS, as well as the delegation of the obligations of the HSBC Defendants to BLMIS, were exclusively within the knowledge and control of the HSBC Defendants.

104.    These statements were false because there existed disproportionate operational risk, no segregation of Alpha Prime's or Senator Fund's assets and no securities held by the DTC or otherwise. The HSBC Defendants knew that these statements were false when they issued them. The HSBC Defendants acted negligently in representing that these statements were accurate.

105.    The HSBC Defendants acted negligently by failing to act with reasonable, care, skill and diligence in the appointment and monitoring of BLMIS as holder of the assets. The

HSBC Defendants were negligent because they were aware of the red flags surrounding Madoff including the consolidation of the roles of investment manager, custodian and execution agent.

106.    Alpha Prime and Senator Fund justifiably relied on the representations of the HSBC Defendants.

107.    Alpha Prime and Senator Fund were damaged as a result of the negligent misrepresentations of fact of the HSBC Defendants.

108.    The HSBC Defendants' negligent misrepresentations of fact and the damage to Alpha Prime and Senator Fund that directly and proximately resulted from the HSBC Defendants' negligent misrepresentations were independent and separate from the breach of contract alleged herein.

109.    As a direct and proximate cause of the wrongful conduct of the HSBC Defendants, Alpha Prime and Senator Fund sustained damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

110.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

111.    Alpha Prime and Senator Fund entrusted the assets to the HSBC Defendants.  At all relevant times, Alpha Prime placed its trust and confidence in the HSBC Defendants with respect to the administration of those assets, as well as the accounting, registration and transfer of the assets.

112.    At all relevant times, Alpha Prime and Senator Fund also placed their trust and confidence in the HSBC Defendants with respect to the custody of those assets, such that the HSBC Defendants were responsible for acting with reasonable skill, care and diligence in the

appointment and monitoring of BLMIS, and were tasked with periodic oversight of BLMIS in connection with the custody of the assets.

113.    The HSBC Defendants were in a superior position as to the custody, control and management of those assets, in their capacities as advisors, custodians and administrators, as well as to control, manage and oversee BLMIS.  The HSBC Defendants, in particular, had superior access to confidential information about Madoff's investments, as well as the location, security and value of the assets.

114.    The HSBC Defendants accepted the trust and confidence placed in them by Alpha Prime and Senator Fund and held themselves out as providing superior custodial, administrative and management services.  Specifically, the HSBC Defendants held themselves out as part of HSBC, one of the world's largest financial institutions, with an obligation to monitor and oversee the custody of assets held by entities other than the HSBC Defendants.

115.    The HSBC Defendants represented to Alpha Prime and Senator Fund that they had policies in place to ensure that: (1) the Sub-Custodian of the assets (i.e., Madoff) would follow the Custody Agreement, as well as HSBC's policies and guidelines; (2) sufficient operational controls were in place to safeguards the assets; and (3) transactions would be properly conducted.

116.    The HSBC Defendants received substantial payments for their administration and custody of the assets.

117.    Alpha Prime and Senator Fund reasonably and foreseeably trusted the expertise and skill of the HSBC Defendants.  The HSBC Defendants recognized that Alpha Prime and Senator Fund were relying on the services and advice provided by the HSBC Defendants as custodian and administrator.

118.   The HSBC Defendants, therefore, owed fiduciary duties and duties of care to Alpha Prime and Senator Fund, with respect to (albeit, not limited to) the custody, management, administration, oversight and protection of the assets.

119.   Pursuant to their fiduciary duties, the HSBC Defendants were obligated to:

(a) act with loyalty and good faith towards Alpha Prime and Senator Fund;

(b) deal fairly and honestly with Alpha Prime and Senator Fund;

(c) administer and preserve assets;

(d) oversee the investment of the assets to ensure they were maintained in a prudent manner;

(e) review information provided by Madoff; and

(f) provide reports to Alpha Prime and Senator Fund.

120.   The HSBC Defendants acknowledged to KPMG their fiduciary duties to Alpha Prime and Senator Fund in various instances as reflected in the 2005 and 2008 KPMG instruction letters.

121.   The HSBC Defendants breached their fiduciary duties owed to Alpha Prime and Senator Fund by, inter alia:

(a) abusing their trusted position with Alpha Prime and Senator Fund in order to maximize the management and custodial fees at great risk to Alpha Prime and Senator Fund;

(b) failing to act with reasonable care to ensure that the assets were being invested properly;

(c) failing to perform adequate due diligence before allowing BLMIS to serve as Sub-Custodian of the assets;

(d) failing to adequately and diligently monitor the assets;

(e) failing to adequately and diligently monitor and make inquiry of BLMIS;

(f) failing to diligently oversee and supervise BLMIS to confirm that the custodians obligations were discharged competently;

(g) failing to exercise the degree of prudence, diligence, and care expected of financial professionals serving as administrators and custodians of assets;

(h) acting against the interests of Alpha Prime and Senator Fund for their own benefit, including profiting unlawfully at Alpha Prime and Senator Fund's expense;

(i) engaging in conduct that was designed to and did result in a profit at the expense of Alpha Prime and Senator Fund;

(j) engaging in transactions and entering into agreements with BLMIS in direct conflict with their obligations to Alpha Prime and Senator Fund.

(k) failing to inform Alpha Prime and Senator Fund about the problems with BLMIS identified in the KPMG reports; and

(l) making material misrepresentations concerning, inter alia, the existence of securities, the safekeeping of those nonexistent securities with the DTC, the segregation of Alpha Prime's and Senator Fund's assets, the absence of the operational risk and failing to provide Alpha Prime and Senator Fund with documents that could have forewarned them of the existence of the Ponzi scheme and materially misrepresenting the contents of the relevant reports of the HSBC Defendants' advisors (including, but not limited to, KPMG and others).

122.   As a direct and proximate result of the wrongful conduct and breaches of fiduciary duties, as alleged, by the HSBC Defendants, Alpha Prime and Senator Fund have been

forced to pay excessive management, administration and custodial fees in exchange for services the HSBC Defendants never provided.

123.    As a direct and proximate result of the wrongful conduct and breaches of fiduciary duties, as alleged, by the HSBC Defendants, Alpha Prime and Senator Fund have been sued for preferential and fraudulent transfers by the Trustee of BLMIS for which the HSBC Defendants would be liable if the Trustee obtained a judgment be entered against Alpha Prime and Senator Fund.

124.    As a direct and proximate result of the wrongful conduct and breaches of fiduciary duty by the HSBC Defendants, Alpha Prime remained invested in BLMIS through 2008 and incurred over thirty million dollars ($30,000,000) in additional losses through the HSBC Foreign Exchange Facility.

125.    The damages suffered by Alpha Prime and Senator Fund were a direct and foreseeable result, proximately caused by the HSBC Defendants' breach of their fiduciary duties.

126.    By reason of the foregoing, the HSBC Defendants are jointly and severally liable to Alpha Prime and Senator Fund.

127.    As a result of the HSBC Defendants' breach of their fiduciaries, Alpha Prime and Senator Fund have sustained damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

128.    Alpha Prime and Senator Fund repeat and reallege all the allegations in the Answer and in these Crossclaims as if fully set forth herein.

129.    Alpha Prime and Senator Fund had a contractual relationship with the HSBC Defendants.

130.    By virtue of the contractual relationship between Alpha Prime and Senator Fund, on the one hand, and the HSBC Defendants, on the other, the HSBC Defendants agreed that the HSBC Defendants would undertake various tasks to safeguard Alpha Prime's and Senator Fund's cash held by them as custodians.

131.    For example, according to Sec 10 of the Sub-Custody Agreement, BLMIS was required to supply HSSL (Lux) with, inter alia, reports, payments and receipts taken by BLMIS as well as their annual financial statements. Furthermore, according to Sec 11.4 "Standard of care" the Sub-Custodian must use its best efforts to supply, on a timely basis, confirmation of all transactions on the Account prior to the settlement date. And according to Section 15(B) of the Custodian Agreement, the Custodian remains responsible even if a Sub-Custodian is appointed, and is also responsible for any wrongdoing on the part of the Sub-Custodian.

132.    Also the CIS Regulations Annual Statement of Compliance regarding Alpha Prime prepared by HSBC personnel states under Sec C.4 as follows:

> The custodian shall maintain an appropriate level of supervision over each sub-custodian and make appropriate enquiries, periodically, to confirm that the obligations of the sub-custodians continue to be competently discharged.

133.    Simply put, none of these requirements were observed in HSSL's relationship with Alpha Prime and Senator Fund.  HSSL (Lux) was obligated to verify and examine the viability of the trades and that the trades transactions actually took place.  Indeed, had HSSL (Lux) reviewed the reports and receipts delivered by BLMIS listing the securities held and sold by BLMIS, HSSL (Lux) would have seen that trades were allegedly executed at prices outside the daily range of prices of such securities on the days in question.  In fact, certain securities were allegedly settled on weekends and/or holidays.  HSSL (Lux) knew or was reckless in not knowing that BLMIS could not have executed hundreds of trades at the listed prices.  This is

especially true because under the Sub-Custody Agreement BLMIS had to ask for confirmation prior to the proposed settlement date.

134.    According to Sec 10 and 11.4 of the Sub-Custody Agreement HSSL (Lux) had the obligation to diligently ask for proof and confirmation of deposits with BLMIS and their alleged trades.  HSBC misled Alpha Prime to believe that they were complying with these obligations. HSSL (Lux) also failed to identify and report (in its Annual Compliance Statements or otherwise) the likely risks arising out of the situation, that BLMIS was at the same time a broker-dealer/manager and custodian of Alpha Prime and Senator Fund funds.

135.    The HSBC Defendants were also required under the Agreement to give prior notice to Alpha Prime and Senator Fund of the delegation of functions as Custodian to the Sub-Custodian.  The HSBC Defendants failed to do so.

136.    HSSL (Lux)'s failure to properly monitor BLMIS violates the express requirements of the Custody Agreement and is the direct cause of the loss of hundreds of millions of Alpha Prime's dollars and tens of millions of Senator Fund's dollars.

137.    These obligations were material terms of the Agreement.

138.    These obligations were also fundamental assumptions of the Agreement embraced by both Alpha Prime and Senator Fund, on the one hand, and the HSBC Defendants, on the other.

139.    Indeed, Section 15.B of the Custodian Agreement provides that "the custodian will remain responsible to the Company for any acts or omissions of such person howsoever appointed as if such acts or omissions were those of the Custodian."

140.    Alpha Prime and Senator Fund fully performed their contractual obligations to the HSBC Defendants.

141.    The HSBC Defendants breached their contractual obligations to Alpha Prime and Senator Fund by, inter alia, failing to properly supervise BLMIS.

142.    As a direct and proximate cause of the HSBC Defendants' breach of the Agreements, Alpha Prime and Senator Fund sustained damages.

143.    By reason of the foregoing, the HSBC Defendants are jointly and severally liable to Alpha Prime and Senator Fund in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## GROSS NEGLIGENCE

144.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

145.    In providing administrative and custodial services to Alpha Prime and Senator Fund, each of the HSBC Defendants had a special relationship with Alpha Prime and Senator Fund that gave rise to a duty to exercise due care in the performance of their duties.

146.    The duty of care owed by the HSBC Defendants to Alpha Prime and Senator Fund was based on and arose from its duties to report to Alpha Prime and Senator Fund and to oversee and monitor BLMIS' custody of the assets.

147.    The HSBC Defendants knew or were reckless in disregarding that Alpha Prime and Senator Fund were relying on them to exercise reasonable care in providing their services to Alpha Prime and Senator Fund, and Alpha Prime and Senator Fund did reasonably rely on the HSBC Defendants to exercise such care.

148.    The HSBC Defendants were grossly negligent in their duties as administrators and custodians.  The HSBC Defendants relied, with gross negligence, on information provided by Madoff, failed to oversee and monitor whether BLMIS held the assets, failed to review

information provided by Madoff and others, failed to investigate Madoff or failed to provide information and documentation to Alpha Prime and Senator Fund.  The HSBC Defendants were obligated to scrutinize, verify, confirm or review independently the information it received, but grossly failed to do so.  The HSBC Defendants grossly failed to exercise the degree of prudence, caution and good business practice that would be expected of a reasonable financial professional, by, for example, the failure to investigate the mere existence of the purported securities allegedly held by Alpha Prime and Senator Fund (with the DTC or elsewhere).

149.    The HSBC Defendants were not entitled to rely on the information provided by Madoff because of the red flags surrounding Madoff; the consolidation of the role of investment manager, custodian and execution agent in Madoff; and because the information provided by BLMIS was manifestly incorrect.

150.    Alpha Prime and Senator Fund have sustained damages as a proximate result of the gross negligence of the HSBC Defendants.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

151.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

152.    In providing administrative and custodial services to Alpha Prime and Senator Fund, each of the HSBC Defendants had a special relationship with Alpha Prime and Senator Fund that gave rise to a duty to exercise due care in the performance of their duties.

153.    The duty of care owed by the HSBC Defendants to Alpha Prime and Senator Fund was based on and arose from its duties to report to Alpha Prime and Senator Fund.

154.    The HSBC Defendants were negligent in their duties as administrators and custodians of the Alpha Prime and Senator Fund assets.  The HSBC Defendants negligently relied on information provided by information or failed to reasonably investigate, without scrutiny, verification, confirmation or review of the information, or failed to oversee and monitor whether BLMIS held the assets.  The HSBC Defendants failed to exercise the degree of prudence, caution, care and good business practice that would be expected of a reasonable financial professional.

155.    The HSBC Defendants were not entitled to rely on the information provided by Madoff because of the red flags surrounding Madoff; the consolidation of the role of investment manager, custodian and execution agent in Madoff; and because the information supplied by BLMIS was manifestly incorrect.

156.    Alpha Prime and Senator Fund have sustained damages as a proximate result of the gross negligence of the HSBC Defendants.

## EIGHTH CAUSE OF ACTION

## UNJUST ENRICHMENT

157.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

158.    The HSBC Defendants received and retained substantial dollars in custodial and administrative and other banking fees at the expense of Alpha Prime and Senator Fund, and to which the HSBC Defendants were not entitled.  The HSBC Defendants consciously avoided and turned a blind eye to Madoff's actions in direct violation of their obligations to Alpha Prime and Senator Fund.

159.    The HSBC Defendants were enriched at the expenses of Alpha Prime and Senator Fund by taking Alpha Prime and Senator Fund's monies in the form of fees for their purported custody or oversight of the custody of the assets, remained invested in BLMIS through 2008, and, as a result, incurred over thirty million dollars ($30,000,000) in losses through the HSBC Foreign Exchange Facility.

160.    Alpha Prime and Senator Fund conferred a benefit upon the HSBC Defendants without receiving adequate benefit or compensation in return.    The HSBC Defendants understood and accepted and retained this benefit under inequitable circumstances.

161.    Equity and good conscience demand the HSBC Defendants to refund all fees and other monies received at the expense of Alpha Prime and Senator Fund.

**NINTH CAUSE OF ACTION**

**BREACH OF LUXEMBOURG STATUTORY LAW**

162.    The terms of the Custody Agreement state that the terms of the contract are to be construed under Luxembourg law.

163.    HSSL (Lux's) appointment of BLMIS created conflicts of interest and was improper under Luxembourg law.    According to Art 1382 of the civil code of Luxembourg, HSSL (Lux) is fully liable for any damage of APF caused by negligence of HSSL (Lux). According to Art 85 para 1 lit e of the Law dated 20.12.2002 concerning the Undertakings of Collective Investment:

> Management companies are authorized to delegate to third parties for the purpose of a more efficient conduct of their business the power to carry out on their behalf one or more of their own functions. In that case, the following preconditions have to be complied with:
>
> a mandate with regard to the core function of investment management shall not be given to the depositary or to any other undertaking whose interests may conflict with those of the management company or unitholders.

164.    The accumulation of these functions leads to a conflict of interests and is therefore not allowed.

165.    BLMIS had both managerial functions and acted as a Sub-Sub-Custodian of Alpha Prime's funds.

166.    This violation of Luxembourg law was caused by the HSSL (Lux) appointment of BLMIS' as Sub-Custodian.

167.    HSBC (Lux) via HSSL (Lux) delegated its functions as Custodian to BLMIS and entered into ancillary agreements making BLMIS a "gestionnaire" within the meaning of Art 85.

168.    HSSL (Lux) failed to adequately supervise and monitor the acts of BLMIS in their function as appointed Sub-Custodian and is therefore liable for any damages accrued by Alpha Prime and Senator Fund as a result of the fraud of BLMIS.

**TENTH CAUSE OF ACTION**

**FAILURE TO ACT ACCORDING TO ART 17 (1) AND 18 (2) THE LAW DATED 20.12.2002 CONCERNING THE UNDERTAKINGS OF COLLECTIVE INVESTMENTS**

169.    According to Sec 10 of the Sub-Custody Agreement, BLMIS was required to supply HSSL (Lux) with, inter alia, reports, payments and receipts taken by BLMIS as well as their annual financial statements. Furthermore, according to Sec 11.4 "Standard of care" the Sub-Custodian must use its best efforts to supply, on a timely basis, confirmation of all transactions on the Account prior to the settlement date.

170.    Also the CIS Regulations Annual Statement of Compliance states under Sec C.4 as follows:

> The custodian shall maintain an appropriate level of supervision over each sub-custodian and make appropriate enquiries, periodically, to confirm that the obligations of the sub-custodians continue to be competently discharged.

171.    Simply put, none of these requirements were observed in HSSL's relationship with Alpha Prime or Senator Fund.  HSSL (Lux) was obligated to verify and examine the viability of the trades and that the trades transactions actually took place.  Indeed, if the allegations of the Trustee are correct, had HSSL (Lux) reviewed the reports and receipts delivered by BLMIS listing the securities held and sold by BLMIS, HSSL (Lux) would have seen that trades were allegedly executed at prices outside the daily range of prices of such securities on the days in question. In fact, certain securities were allegedly settled on weekends and/or holidays. Indeed, if as alleged, option trading volumes for certain days exceeded the option trading volume for the entire market, HSSL (Lux) knew or was reckless in not knowing that BLMIS could not have executed hundreds of trades at the listed prices. This is especially true because under the Sub-Custody Agreement BLMIS was required to ask for confirmation prior to the proposed settlement date.

172.    According to Sec 10 and 11.4 of the Sub-Custody Agreement HSSL (Lux) had the obligation to diligently ask for proof and confirmation of deposits with BLMIS and their alleged trades.  HSBC misled Alpha Prime and Senator Fund to believe that they were complying with these obligations.  HSSL (Lux) also failed to identify and report (in its Annual Compliance Statements or otherwise) the likely risks arising out of the situation, that BLMIS was simultaneously broker-dealer/manager and Custodian of Alpha Prime's and Senator Fund's funds.

173.    HSSL (Lux)'s failure to properly monitor BLMIS violates the express requirements of the Custody Agreement and is the direct cause of the loss of hundreds of millions of Alpha Prime's dollars and tens of millions of Senator Fund's dollars.

### ELEVENTH CAUSE OF ACTION

## AIDING AND ABETTING FRAUD

174.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

175.    HSBC Bank retained KPMG on two occasions to purportedly assess the operations and the adequacy of safeguards in place at BLMIS and utilized those retentions and its own false characterization of the reports generated by KPMG to make, and to allow the other HSBC Defendants to make, knowingly false representations about KPMG's determinations in order to reassure Alpha Prime and Senator about the safety of retaining their investments in BLMIS.

176.    HSBC Bank's utilization of KPMG and the KPMG reports gave substantial assistance to the fraud of the HSBC Defendants in falsely representing the adequacy of the safeguards at BLMIS and the legitimacy of its operations.

177.    The actions of HSBC Bank was a direct cause of the loss of hundreds of millions of Alpha Prime's dollars and tens of millions of Senator Fund's dollars in lost investments that occurred upon the demise of BLMIS.

## TWELTH CAUSE OF ACTION

## AIDING A ABETTING BREACH OF FIDUCIARY DUTY

178.    Alpha Prime and Senator Fund repeat and reallege all the allegations in this Answer and Crossclaims.

179.    As a sub-sub custodian BLMIS had a fiduciary duty to guard the assets entrusted to it by Alpha Prime and Senator Fund.

180.    The HSBC Defendants represented to Alpha Prime and Senator Fund that they had policies in place to monitor that: (1) the Sub-sub custodian of the assets (i.e., Madoff) would

follow the Custody Agreement, as well as HSBC's policies and guidelines; (2) sufficient

operational controls were in place to safeguards the assets; and (3) transactions would be

properly conducted. In addition, the HSBC Defendants were contractually liable under the

Custody Agreements and Sub-Custody Agreements for BLMIS' acts relating to the custody of

the entrusted assets of Alpha Prime and Senator.

181.    If the HSBC Defendants abided by their own policies and their representations

were true, they had knowledge that BLMIS was breaching its fiduciary duties to Alpha Prime

and Senator.

182.    The HSBC Defendants' failure to inform Alpha Prime and Senator Fund of the

breaches of fiduciary duty by BLMIS and their assurances that BLMIS was adequately

safeguarding the assets of Alpha Prime and Senator substantially assisted BLMIS in breaching

its fiduciary duties.

**<u>CONCLUSION</u>**

WHEREFORE, Defendants Alpha Prime Fund Ltd. and Senator Fund Ltd. pray for

judgment in their favor on each count of their asserted Cross-Claims.

Dated: December 8, 2014
     New York, New York          **DUFFYAMEDEO LLP**


          By:  /s/ Todd E. Duffy
                Todd E. Duffy
                Douglas A. Amedeo
          275 Seventh Avenue, 7th Floor
          New York, NY 10001
          Tel:   (212) 729-5832
          Fax:   (212) 208-2437
          Attorneys for Alpha Prime Fund Ltd. and
          Senator Fund Ltd.