**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Heather J. McDonald
Kimberly M. Maynard

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br>v.<br><br>CORNERSTONE CAPITAL (DEL), INC.,<br><br>DAVID PULVER, in his capacity as President of Cornerstone Capital (Del), Inc. and Individually; and | Adv. Pro. No. 10-05413 (SMB) |

| CAROL PULVER, |
| :--- |
| Defendants. |

## STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS UNTIL RESOLUTION OF BANKRUPTCY CODE SECTION 546(E) APPEAL

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendants Cornerstone Capital (Del), Inc., David Pulver and Carol Pulver ("Defendants", and with the Trustee, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the following:

1. On December 10, 2010, the Trustee commenced this adversary proceeding against, among others, the Defendants seeking the avoidance and recovery of: (a) transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. By Order dated April 30, 2012, (the "Dismissal Order"), in approximately eighty separate adversary proceedings other than this adversary proceeding, the District Court dismissed the Trustee's claims to avoid and recover transfers made to certain defendants before December 11, 2006 based on an interpretation of Bankruptcy Code Section 546(e).

3. The Trustee has appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal").

4. On December 15, 2014, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to the Settlement Procedures Order that was entered by this Court on November 12, 2010 [Dkt. No. 3181].

5. Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding as against Defendants until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

6. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, this Stay shall remain in place for thirty (30) days and, within forty-five (45) days of such an order, the Parties shall agree upon and file in this adversary proceeding a revised Case Management Notice setting forth a discovery plan for the remainder of the case.

7. The Defendants agree they will not assert any laches, statute of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against them by this Stipulation.

8. The Parties stipulate and agree: (i) the Trustee preserves all rights, claims, causes of action, if any, against the Defendants for the Non-Two Year Transfers, and (ii) the Defendants preserve all defenses, if any, in response to the Trustee's Non-Two Year Transfers.

9. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, within thirty (30) days of such order, dismiss the adversary proceeding with prejudice and without costs to either the Trustee or the Defendants.

10. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

Dated: December 17, 2014

**BAKER & HOSTETLER LLP**

By: /s/ Heather J. McDonald
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**LOWENSTEIN SANDLER LLP**

By: /s/ Amiad M. Kushner
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 589-7402
Zachary D. Rosenbaum
Email: zrosenbaum@lowenstein.com
Peter D. Greene
Email: pgreene@lowenstein.com
Amiad M. Kushner
Email: akushner@lowenstein.com

*Attorneys for Defendants*

                                        SO ORDERED

                                        /s/ STUART M. BERNSTEIN

Dated: December 18th, 2014        HON. STUART M. BERNSTEIN
      New York, New York        UNITED STATES BANKRUPTCY JUDGE