JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
 For Dispute Resolution
NATHANAEL S. KELLEY
Assistant General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C.  20005
Telephone:  (202) 371-8300
E-mail: jwang@sipc.org
         kbell@sipc.org
         nkelley@sipc.org

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MEMORANDUM OF THE SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF TRUSTEE'S MOTION TO AFFIRM HIS DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN
S & P OR P & S ASSOCIATES, GENERAL PARTNERSHIPS**

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

CONCLUSION ...............................................................................................................................6

# **TABLE OF AUTHORITIES**

**CASES:** **PAGE**

*Appleton v. First Nat'l Bank of Ohio*,
 62 F.3d 791 (6th Cir. 1995) ..................................................................................................3

*In re Bernard L. Madoff Inv. Sec. LLC*,
 654 F.3d 229 (2d Cir. 2011),
 *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712 (2012), and
 *cert. den.*, __ U.S. __, 133 S.Ct. 24 (2012)..........................................................................3

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
 454 B.R. 285 (Bankr. S.D.N.Y. 2011), *aff'd, Aozora Bank Ltd. v. Sec.
 Investor Prot.. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd, In re Bernard L.
 Madoff Inv. Sec. LLC*, 708 F.3d 422 (2d Cir. 2013) .....................................................3, 4, 5

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
 515 B.R. 161 (Bankr. S.D.N.Y. 2014)..................................................................................5

*Sec. Investor Prot. Corp. v. Jacqueline Green Rollover Account*,
 2012 WL 3042986 (S.D.N.Y. July 25, 2012) ...................................................................3, 5

*Sec. Investor Prot. Corp. v. Morgan, Kennedy & Co.*,
 533 F.2d 1314 (2d Cir.), *cert. den. sub nom.*,
 *Trustees of the Reading Body Works v. SIPC*, 426 U.S. 936 (1976) .......................2, 3, 4, 5

*Sec. Investor Prot. Corp. v. Pepperdine Univ. (In re Brentwood Sec., Inc.)*,
 925 F.2d 325 (9th Cir. 1991) ..................................................................................................2

*Sec. Investor Prot. Corp. v. Wise (In re Stalvey & Assocs.)*,
 750 F.2d 464 (5th Cir. 1985) ..................................................................................................2

*Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*,
 463 F.3d 125 (2d Cir. 2006)..................................................................................................3

**STATUTES AND RULES:**

Securities Investor Protection Act, as amended, 15 U.S.C. §

78fff-2(b)......................................................................................................................................2
78*lll*(2).....................................................................................................................................2, 3

Employee Retirement Income Security Act of 1974 ...................................................................4

The Securities Investor Protection Corporation ("SIPC") submits this memorandum in support of the motion ("Motion") of Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–78*lll*, of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, to affirm the Trustee's determinations denying the claims of claimants ("Claimants") holding interests in one of two Florida general partnerships, S & P Associates, General Partnership ("S&P") or P & S Associates, General Partnerships ("P&S" and, together with the S&P, the "Partnerships"). Under SIPA and this Court's prior decisions, these claimants are not "customers" of BLMIS and thus have no claim to the fund of customer property in this liquidation and, in addition, cannot have their claims satisfied with funds advanced by SIPC.

## BACKGROUND

Through the Motion, the Trustee seeks entry of an order upholding his denial of 158 claims for "customer" relief under SIPA. Each of the Claimants holds a direct or indirect interest in one of two Florida general partnerships: S&P or P&S. Claimants have alleged no credible relationship with BLMIS independent of the Partnerships.

The Partnerships completed account agreements and opened accounts with BLMIS, and they made deposits into, and withdrawals from, those accounts. Based upon these accounts, the Partnerships filed claims in this liquidation. The Trustee allowed those claims, and the Partnerships have been receiving distributions from the Trustee. In contrast, the Claimants never completed account agreements and never opened accounts with BLMIS. Indeed, the books and records of BLMIS do not reflect that Claimants were ever BLMIS account holders or that they ever entrusted cash or securities to BLMIS. Instead, Claimants' claims are entirely derived from their status as interest holders in the Partnerships.

1

## ARGUMENT

SIPA's provisions for customer protections are narrowly tailored to limit relief only to those claimants who entrusted cash or securities to the liquidating broker-dealer for the purpose of trading in the securities markets. *See, e.g., Sec. Investor Prot. Corp. v. Pepperdine Univ. (In re Brentwood Sec., Inc.)*, 925 F.2d 325, 327 (9th Cir. 1991); *Sec. Investor Prot. Corp. v. Wise (In re Stalvey & Assocs.)*, 750 F.2d 464, 472 (5th Cir. 1985). In defining who qualifies as a customer, SIPA makes unequivocally clear that the claim of a claimant must relate to the custodial relationship between broker and customer, that is, to cash and/or securities held by the broker for the customer in an account at the debtor in which the claimant holds a cognizable interest. Specifically, under SIPA,

> [t]he term "customer" of a debtor *means any person* (including any person with whom the debtor deals as principal or agent) *who has a claim on account of securities received, acquired or held* by the debtor in the ordinary course of its business as a broker or dealer *from or for the securities accounts of such person* for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities . . .

*See* SIPA § 78*lll*(2) (2008) (emphasis added). Furthermore, the obligations of a liquidating broker-dealer to a claimant for "customer" relief must be ascertainable from the broker-dealer's books and records, or must be established "to the satisfaction of the trustee." *See* SIPA § 78fff-2(b).

Customer status under SIPA is thus not a shorthand designation for anyone who can claim a remote relationship, if any, to a broker-dealer. *Sec. Investor Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314, 1316 (2d Cir.) ("*Morgan Kennedy*"), *cert. den. sub nom., Trustees of the Reading Body Works v. SIPC*, 426 U.S. 936 (1976). On the contrary, in order to qualify for such status, a claimant at least must be able to demonstrate that the claimant: (1)

2

entrusted cash or securities to the broker-dealer; (2) did so pursuant to a direct account or other direct relationship with the broker-dealer; (3) retained the power to direct the disposition of the assets entrusted to the broker-dealer; and (4) intended to use the cash or securities entrusted to the broker-dealer for the purpose of investing or trading in the securities markets. *See* SIPA § 78*lll*(2); *Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*, 463 F.3d 125, 128–29 (2d Cir. 2006) ("*New Times*"); *Morgan Kennedy*, 533 F.2d at 1317; *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 454 B.R. 285, 295–302 (Bankr. S.D.N.Y. 2011) ("*BLMIS*"), *aff'd*, *Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117, 124 (S.D.N.Y. 2012) ("*Aozora*"), *aff'd*, *In re Bernard L. Madoff Inv. Secs. LLC*, 708 F.3d 422 (2d Cir. 2013); *see also Appleton v. First Nat'l Bank of Ohio*, 62 F.3d 791, 801 (6th Cir. 1995).

As the Second Circuit has explained, "the critical aspect of the 'customer' definition [in SIPA] is the entrustment of cash or securities to the broker-dealer for the purposes of trading securities." *In re Bernard L. Madoff Inv. Secs. LLC*, 654 F.3d 229, 236 (2d Cir. 2011), *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712 (2012), and *cert. den.*, __ U.S. __, 133 S.Ct. 24 (2012); *see also New Times*, 463 F.3d at 128; *Sec. Investor Prot. Corp. v. Jacqueline Green Rollover Account*, 2012 WL 3042986, at *4 (S.D.N.Y. July 25, 2012) ("*Jacqueline Green*"). An investor, however, cannot legally entrust to a broker-dealer cash or securities that the investor does not own and in which it has no other cognizable property right. As this Court and others have recognized, legal ownership of cash or securities held, or purportedly held, by a broker-dealer is a "foundational element" of "customer" status under SIPA—an indispensable prerequisite which a claimant must satisfy in order to have a colorable "customer" claim under SIPA. *See Jacqueline Green*, 2012 WL 3042986 at *5; *BLMIS*, 454 B.R. at 295, 299; *see also Morgan Kennedy*, 533 F.2d at 1318.

3

The Second Circuit applied these principles to employee benefit plan beneficiaries in *Morgan Kennedy*, holding that the employee-beneficiaries of a trust created pursuant to an employer's profit sharing plan were not SIPA customers on the grounds that: (1) the employer sponsoring the profit-sharing plan and related trust, not the employee-beneficiaries, contributed the funds in the trust account; (2) the trustees of the trust, not the employee-beneficiaries, had the power to decide whether to entrust those funds to the debtor, and, in fact, made that decision; (3) the account was in the name of the trust, not the employee-beneficiaries, and the debtor had no relationship with the employee-beneficiaries; (4) the trustees had the exclusive authority to make all decisions concerning the disposition of assets in the trust account at the debtor; (5) unlimited additions of employee-beneficiaries to, and subtractions from, the profit-sharing plan could be made; (5) the employee-beneficiaries were eligible for benefits only upon termination of employment; and (6) none of the property held in the trust account was allocable to any particular employee-beneficiary. *See Morgan Kennedy*, 533 F.2d at 1318.

Applying *Morgan Kennedy*, this Court and the District Court rejected earlier in this liquidation the customer claims of claimants who purchased ownership interests in BLMIS feeder funds or who invested in plans regulated under the Employee Retirement Income Security Act of 1974 ("ERISA") which then invested in BLMIS. In the case of the feeder funds, for instance, Judge Lifland reasoned, *inter alia*, that, after purchases of fund interests were made, the cash used by the claimants to make them "*became the sole property of the Feeder Funds*," and that the claimants therefore could not have entrusted property to BLMIS and had no legally cognizable claim to any of the assets purportedly held by BLMIS. *See BLMIS*, 454 B.R. at 295 (emphasis in original); *Aozora*, 480 B.R. at 125 ("[A]t the moment each appellant used assets to

4

purchase an ownership interest in a Feeder Fund, those assets became property not of the appellants but of the Feeder Fund").

Similarly, in rejecting the claims of ERISA plan participants, this Court noted that the claimants' "financial transactions were with the [ERISA] Plan. Thus, they failed to satisfy the 'critical requirement' that they entrusted cash to BLMIS, as opposed to the [ERISA] Plan, for the purchase of securities." *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 515 B.R. 161, 169 (Bankr. S.D.N.Y. 2014) (quoting *In re Bernard L. Madoff Inv. Sec. LLC*, 708 F.3d at 426); *see also Jacqueline Green*, 2012 WL 3042986, at *5 ("One cannot deposit cash with the debtor if this cash belongs to another.").

The same reasoning bars the Claimants claims here. As investors *in*, not *through*, the Partnerships, Claimants have no legally cognizable relationship with the Partnerships' accounts at BLMIS, and therefore cannot claim "customer" status through those accounts. As described in more detail in the Trustee's brief and accompanying declarations, the Claimants purchased interests in the Partnerships and entrusted cash to the Partnerships, not BLMIS. The Partnership Agreements make perfectly clear that each Claimant purchased an ownership interest in one of the Partnerships, not in the assets of the Partnerships, and the Claimants had no right to manage the Partnerships, or to direct the disposition of the Partnerships' assets. Furthermore, Florida law and the Partnership Agreements specify that property acquired by the Partnerships belongs to the Partnerships as distinct legal entities and not to the partners, including the Claimants. As a consequence, when the Partnerships invested their assets with BLMIS, the Claimants had no cognizable legal relationship with BLMIS and therefore are indistinguishable from the trust beneficiaries denied "customer" status in the Second Circuit's decision in *Morgan Kennedy* and the feeder fund investors and ERISA participants whose claims this Court previously denied.

## **CONCLUSION**

Claimants are not SIPA "customers" for the basic reason that they had no cognizable property interest in any of the assets entrusted by the Partnerships to BLMIS. Accordingly, the Court should grant the Trustee's Motion.

Date:   December 18, 2014
        Washington, D.C.

                                    Respectfully submitted,


                                    JOSEPHINE WANG
                                    General Counsel

                                    KEVIN H. BELL
                                    Senior Associate General Counsel
                                     For Dispute Resolution


                                     s/ Nathanael S. Kelley
                                    NATHANAEL S. KELLEY
                                    Assistant General Counsel

                                    SECURITIES INVESTOR PROTECTION
                                     CORPORATION
                                    805 15th Street, N.W., Suite 800
                                    Washington, D.C. 20005
                                    Telephone: (202) 371-8300
                                    E-mail: jwang@sipc.org
                                            kbell@sipc.org
                                            nkelley@sipc.org