**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF STANLEY CHAIS, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-01172 (SMB) |

**STIPULATION AND ORDER GRANTING EXTENSION OF TIME**
**TO FILE AMENDED COMPLAINT**

WHEREAS, on May 1, 2009, Irving H. Picard, as trustee (the "Trustee") for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, filed a complaint in the above-captioned matter (the "Complaint");

WHEREAS, on September 9, 2009, Defendant Michael Chasalow ("Chasalow") filed a motion to dismiss the Complaint;

WHEREAS, on May 5, 2010, the Court held a hearing to consider the motion to dismiss filed by Chasalow as well as other motions related to the Complaint;

WHEREAS, the motion to dismiss filed by Chasalow remains pending before the Court;

WHEREAS, in order to resolve the motion to dismiss filed by Chasalow, the Trustee agreed to file an amended complaint against Chasalow;

WHEREAS, by stipulation and order dated January 18, 2011 (the "Initial Stipulation and Order"), it was stipulated and agreed between Chasalow and the Trustee that the Trustee was given leave to file an amended complaint (the "Amended Complaint") against Chasalow, which Amended Complaint may add additional factual allegations or greater factual specificity to support claims already asserted in the Complaint, provided however, that the Amended Complaint shall not add additional causes of action;

WHEREAS, per the terms of the Initial Stipulation and Order, the Amended Complaint could be filed within 90 days from the date of entry of the Court's order resolving another motion to dismiss the Complaint which was then pending, which 90-day period could be extended for up to three, successive 90-day periods, unless and until: (a) an Amended Complaint was filed by the Trustee; or (b) either party gave written notice of the termination of the 90-day period thirty (30) days prior to the expiration of the applicable 90-day period;

WHEREAS, the other motion to dismiss the Complaint pending at the time of the Initial Stipulation and Order was resolved by this Court's order on February 24, 2011;

WHEREAS, by a stipulation and order entered February 26, 2012, the time for the Trustee to file the Amended Complaint was extended up to and including April 23, 2012;

WHEREAS, on March 28, 2012 Chasalow and other defendants filed a motion to withdraw the reference from this Court to the U.S. District Court for the Southern District of New York (the "Withdrawal Motion");

WHEREAS, by a stipulation and order entered April 23, 2012, the time for the Trustee to file the Amended Complaint was extended up to and including May 23, 2012;

WHEREAS, by a stipulation and order entered May 23, 2012, the time for the Trustee to file the Amended Complaint was extended up to and including June 25, 2012;

WHEREAS, by a stipulation and order entered June 21, 2012, the time for the Trustee to file the Amended Complaint was extended up to and including September 14, 2012;

WHEREAS, by a stipulation and order entered September 11, 2012, the time for the Trustee to file the Amended Complaint was extended up to and including November 19, 2012;

WHEREAS, by a stipulation and order entered November 13, 2012, the time for the Trustee to file the Amended Complaint was extended up to and including January 18, 2013;

WHEREAS, by a stipulation and order entered January 16, 2013, the time for the Trustee to file the Amended Complaint was extended up to and including March 22, 2013;

WHEREAS, by a stipulation and order entered March 14, 2013, the time for the Trustee to file the Amended Complaint was extended up to and including June 28, 2013;

WHEREAS, by a stipulation and order entered July 1, 2013, the time for the Trustee to file the Amended Complaint was extended up to and including October 31, 2013;

WHEREAS, by a stipulation and order entered October 28, 2013, the time for the Trustee to file the Amended Complaint was extended up to and including January 31, 2014;

WHEREAS, by a stipulation and order entered January 24, 2014, the time for the Trustee to file the Amended Complaint was extended up to and including May 30, 2014;

WHEREAS, by a stipulation and order entered May 27, 2014, the time for the Trustee to file the Amended Complaint was extended up to and including September 30, 2014; and

WHEREAS, by a stipulation and order entered September 16, 2014, the time for the Trustee to file Amended Complaint was extended up to and including December 31, 2014; and

WHEREAS, the Trustee and Chasalow have agreed to further extend the time by which the Trustee may file the Amended Complaint.

IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel herein, that,

1. The Trustee may file an Amended Complaint on or before March 31, 2015, which Amended Complaint may add additional factual allegations or greater factual specificity to support claims already asserted in the Complaint against Chasalow, provided however, that the Amended Complaint shall not add additional causes of action.

2. The Amended Complaint will relate back to the filing of the original Complaint herein. Upon filing of the Amended Complaint, the original Complaint shall be deemed dismissed without prejudice as to Chasalow.

3. This stipulation is intended by all parties hereto to be solely for the purpose of resolving Chasalow's September 9, 2009 motion to dismiss. The parties to this stipulation reserve all rights, claims and/or defenses they may have and entry into this stipulation shall not impair or otherwise affect any such rights, claims and/or defenses.  Entry into this stipulation is without prejudice to any of the parties' rights, claims and/or defenses with respect to the Withdrawal Motion.

4. This stipulation may be executed in any number of counterparts and all such counterparts shall together constitute one and the same agreement.

Dated: New York, New York  
     December 18, 2014

*/s/ Marc E. Hirschfield*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Tracy L. Cole  
Email: tcole@bakerlaw.com  
Ona T. Wang  
Email: owang@bakerlaw.com  
M. Elizabeth Howe  
Email: bhowe@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Dated: New York, New York  
     December 18, 2014

*/s/ Andrew Sherman*  
Sills, Cummis, & Gross P.C.  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 643-7000  
Facsimile: (212) 643-6500  
Andrew Sherman  
Email: asherman@sillscummis.com

*Attorneys for Michael Chasalow*

Dated: New York, New York  
     December 18th, 2014

   SO ORDERED:          /s/ STUART M. BERNSTEIN  
                                    HONORABLE STUART M. BERNSTEIN  
                                    UNITED STATES BANKRUPTCY JUDGE