**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Heather J. McDonald
Kimberly M. Maynard

*Attorneys for Irving H. Picard, Esq., as*
*Trustee for the substantively consolidated*
*SIPA liquidation of Bernard L. Madoff Investment*
*Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>v.<br><br>PULVER FAMILY FOUNDATION, INC.,<br><br>    Defendant(s). | Adv. Pro. No. 10-05052 (SMB) |

## STIPULATION OF VOLUNTARY DISMISSAL
## OF ADVERSARY PROCEEDING WITHOUT PREJUDICE

WHEREAS, on December 2, 2010, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), filed and served a complaint (the "Complaint") against defendant Pulver Family Foundation, Inc. ("Defendant");

WHEREAS, on January 13, 2012, Defendant filed and served an answer to the Complaint on the Trustee (the "Answer");

WHEREAS, on the same day that Defendant filed and served the Answer, Defendant also moved for withdrawal of the reference to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on February 3, 2012, the Trustee filed and served an amended complaint against Defendant (the "Amended Complaint");

WHEREAS, on March 5, 2012, Defendant filed and served an answer to the Amended Complaint on the Trustee;

WHEREAS, on May 22, 2012, the United States District Court for the Southern District of New York dismissed certain of the Trustee's claims against Defendant;

WHEREAS, Defendant represents that it retains minimal assets and is unable to satisfy any judgment that may be entered against it in connection with the Amended Complaint (collectively, the "Representations"); and

WHEREAS, the Trustee has agreed to dismiss Defendant on the basis of the Representations and on the terms set forth herein.

NOW THEREFORE, the Trustee and Defendant, each by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. In accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(ii), and Federal Rule of Civil Procedure 41(a)(1), the Trustee hereby dismisses the above-captioned adversary proceeding (the "Adversary Proceeding"), without prejudice.

2. After dismissal of the Adversary Proceeding, if any of the Representations are found by the Trustee to be false, this stipulation shall be voidable by the Trustee upon written notification of Defendant setting forth the basis for the Trustee's finding. In such event, the Trustee shall be permitted to assert, revive and reinstate any avoidance and/or other claims available under the United States Bankruptcy Code or SIPA with respect to Defendant in connection with the Adversary Proceeding within six (6) months from the date notice is first given to Defendant of such a determination by the Trustee.

3. In connection with the foregoing and in exchange for the Trustee entering into this stipulation and dismissing the Adversary Proceeding, Defendant agrees that this stipulation shall also operate as, and is, a tolling agreement and waives all defenses based upon any statute of limitations, laches, estoppel, waiver, or any other time based defense or right due to the passage of time. Any such time based defense or right is hereby specifically waived, and Defendant shall not have the benefit of such defense or right; however, the Trustee and Defendant shall each retain, and nothing herein shall preclude each from asserting, any other defenses available to them as of the date hereof.

4. This stipulation shall be subject to the approval of the Bankruptcy Court, failing which this stipulation shall be null and void. Upon approval of the Bankruptcy Court, the

provisions of this stipulation shall be binding upon and shall inure to the parties hereto and their respective successors and assigns and upon all creditors and parties of interest.

Dated: December 18, 2014

**BAKER & HOSTETLER LLP**

By: /s/ *Heather J. McDonald*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Esq., as Trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

LOWENSTEIN SANDLER LLP

By: /s/ _Amiad M. Kushner_
Zachary D. Rosenbaum
Peter D. Greene
Amiad M. Kushner
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Attorneys for Defendant Pulver Family Foundation, Inc.*