| | |
|---|---|
| **Baker & Hostetler LLP** | **Hearing Date: January 22, 2015 at 10 a.m.** |
| 45 Rockefeller Plaza | **Objection Deadline: January 15, 2015** |
| New York, NY 10111 | |
| Telephone: (212) 589-4200 | |
| Facsimile: (212) 589-4201 | |
| David J. Sheehan | |
| Oren J. Warshavsky | |
| Geoffrey A. North | |
| Tatiana Markel | |
| Dominic Gentile | |
| Jessie Kuhn | |

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of the estate
of Bernard L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01364 (SMB) |
| Plaintiff, | |
| v. | |
| HSBC BANK PLC, et al., | |
| Defendants. | |

**NOTICE OF MOTION FOR ENTRY OF ORDER PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002
AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING A SETTLEMENT AGREEMENT BY AND BETWEEN
THE TRUSTEE AND HERALD (LUX) SICAV**

PLEASE TAKE NOTICE that Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, on January 22, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving a certain settlement agreement by and between the Trustee and Herald (Lux) SICAV, as more particularly set forth in the motion annexed hereto (the "Motion").

PLEASE TAKE FURTHER NOTICE that written objections to the Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **5:00 p.m. on January 15, 2015** (with a courtesy copy delivered to the Chambers of the Honorable Stuart M. Bernstein) and must be served upon (a) Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attn: Oren J. Warshavsky; (b) Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, Morristown, NJ 07962, Attn: Brett S. Moore; and (c) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington D.C. 20005, Attn: Kevin Bell, Esq. Any objections must specifically state the interest that the objecting party has in these proceedings and the specific basis of any objection to the Motion.

2

PLEASE TAKE FURTHER NOTICE that failure to file timely objections may result in the entry of an order granting relief requested in the Motion without further notice to any party or an opportunity to be heard.

Dated: New York, New York  
       December 23, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By:    *s/ Oren J. Warshavsky*  
      David J. Sheehan  
      Email: dsheehan@bakerlaw.com  
      Oren J. Warshavsky  
      Email: owarshavsky@bakerlaw.com  
      Geoffrey A. North  
      Email: gnorth@bakerlaw.com  
      Tatiana Markel  
      Email: tmarkel@bakerlaw.com  
      Dominic Gentile  
      Email: dgentile@bakerlaw.com  
      Jessie A. Kuhn  
      Email: jkuhn@bakerlaw.com

45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*  
*Trustee for the Substantively Consolidated*  
*SIPA Liquidation of the estate of Bernard L.*  
*Madoff Investment Securities LLC and the*  
*Estate of Bernard L. Madoff*

3

| | |
|---|---|
| **Baker & Hostetler LLP** | **Hearing Date: January 22, 2015 at 10 a.m.** |
| 45 Rockefeller Plaza | **Objection Deadline: January 15, 2015** |
| New York, NY 10111 | |
| Telephone: (212) 589-4200 | |
| Facsimile: (212) 589-4201 | |
| David J. Sheehan | |
| Oren J. Warshavsky | |
| Geoffrey A. North | |
| Tatiana Markel | |
| Dominic Gentile | |
| Jessie Kuhn | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01364 (SMB) |
| v. | |
| HSBC BANK PLC, et al., | |
| Defendants. | |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
A SETTLEMENT AGREEMENT BY AND BETWEEN
THE TRUSTEE AND HERALD (LUX) SICAV**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA")[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order (the "Approval Order"), pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in an agreement (the "Agreement")[2] by and among the Trustee, Herald (Lux) SICAV ("Herald (Lux)" or the "Fund"), and Me Ferdinand Burg and Mr. Carlo Reding, the Luxembourg District Court appointed liquidators of the Herald (Lux) estate (together, the "Liquidators"). In support of the Motion, the Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Agreement represents a good faith, complete settlement of all disputes between

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] The form of Agreement is attached hereto as Exhibit "A."

2

the Trustee and Herald (Lux) raised in this adversary proceeding and the customer claim Herald (Lux) submitted on account of BLMIS Account 1FR135. By his settlement with the Internal Revenue Service ("IRS"), the Trustee has already recovered 100% of the fraudulent transfers that he sought to avoid from Herald (Lux). Furthermore, this Agreement allows only 90% of Herald (Lux)'s net equity, which benefits the customer property fund by approximately $25 million. The Trustee therefore respectfully requests that the Court approve this settlement.

## BACKGROUND

*The Commencement of the BLMIS Liquidation Proceeding*

1. On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). In the complaint, the Commission alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which

---

[3] In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. *See* section 78*lll*(7)(B) of SIPA.

3

BLMIS consented, which, in pertinent part:

    (i) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    (ii) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating Madoff's Chapter 7 estate with the BLMIS SIPA proceeding.

*Herald (Lux)'s BLMIS Account and Customer Claim*

5. Herald (Lux) was a Madoff feeder fund that invested all of its assets with BLMIS.

6. On or about March 17, 2008, a BLMIS account named "HSBC Securities Services (Luxembourg) SA Spec Cust Acct FBO Herald (Lux) US Absolute Return Fund (SICAV)," assigned account number 1FR135 (the "Account") was opened on behalf of Herald (Lux). According to BLMIS books and records, between March 17, 2008 and the Filing Date, $255,600,000 of the Fund's assets were deposited into the Account.

7. On March 9, 2009, Herald (Lux) filed a timely customer claim with the Trustee, assigned claim number 007377 (the "Customer Claim"), asserting losses based on account number 1FR135, as reflected on Herald Lux's November 30, 2008 BLMIS customer account statement.

8. The Trustee has disputed that Herald (Lux) is entitled to the allowance of a customer claim in the amount reflected on Herald (Lux)'s November 30, 2008 BLMIS customer account statement. By the Trustee's calculation, the aggregate amount of Herald Lux's claim, based upon the net equity method of calculating claims is $255,600,000 (the

4

"Net Equity Claim"). The Trustee also asserted claims seeking to disallow and/or equitably subordinate the Customer Claim.

9. The Fund is now, through an April 2, 2009 decision of the Luxembourg District Court, in liquidation, with Me Burg and Mr. Reding acting as the Herald (Lux) estate's judicial liquidators.

## THE TRUSTEE'S CLAIMS AGAINST HERALD (LUX)

10. On December 5, 2010, the Trustee filed an amended complaint in this adversary proceeding (the "Amended Complaint") against, among others, Herald (Lux), seeking to avoid and recover under Sections 502(d), 544(b), 547, 548, 550 and 551 of the Bankruptcy Code, SIPA § 78fff-2(c)(3), and Sections 270 to 281 of the New York Debtor and Creditor Law avoidable transfers in the amount of $133,962 (the "Transfers") Herald (Lux) received in the Account during the applicable statutory period (collectively, the "Avoidance Claims").

11. Herald (Lux) has disputed any liability to the BLMIS estate for the Transfers.

12. BLMIS's books and records show that the Transfers were payments BLMIS and/or Madoff made to the IRS for the benefit of Herald (Lux). On December 21, 2011, the Bankruptcy Court approved a settlement between the Trustee and the United States of America on behalf of the IRS (ECF No. 4602), in which the IRS agreed to return to the Trustee payments received from BLMIS and/or Madoff on behalf of certain BLMIS accountholders, including the $133,962.00 paid to the IRS for the benefit of Herald (Lux). With that settlement, the Trustee recovered all of the Transfers that he sought from Herald (Lux) in the Amended Complaint.

## SETTLEMENT DISCUSSIONS AND THE TRUSTEE'S INVESTIGATION

13. Since 2011, the Herald (Lux) Liquidators and the Trustee have engaged in good faith discussions aimed at resolving the Trustee's claims and the amount, if any, of Herald (Lux)'s Customer Claim.

14. In order for the Trustee to consider dismissing Herald (Lux) from the adversary proceeding and allowing its Customer Claim in whole or in part, the Trustee asked to perform due diligence concerning the good faith of parties who invested in Herald (Lux). Accordingly, on January 17, 2012, the Parties executed the Herald Lux (SICAV) Term Sheet Regarding Discovery and Claim Allowance (the "Term Sheet") agreeing to, among other things, a voluntary diligence process (the "Diligence Process").

15. The Diligence Process included (i) the review of documents voluntarily provided to the Trustee and the Liquidators by the Fund's shareholders (the "Shareholders"), the beneficial owners of shares of the Fund (the "Beneficial Owners"), and certain of the Shareholders' and Beneficial Owners' agents (the "Agents") who possessed relevant information; and (ii) interviews of certain Shareholders, Beneficial Owners, and Agents.

16. The Diligence Process commenced in March 2012 and, after two extensions of the Term Sheet, it formally ended on December 21, 2012. However, since that time, the Parties continued to meet with Shareholders, Beneficial Owners, and/or Agents who failed to satisfy the Trustee's inquiries before the Term Sheet expired.

17. At the conclusion of the Diligence Process, the Trustee and the Herald (Lux) Liquidators agreed that the Customer Claim would be allowed in the amount of $230,040,000, or 90% of Herald (Lux)'s Net Equity Claim.

18. The Trustee has further agreed to dismiss Herald (Lux) from this adversary

6

proceeding, because the Trustee has recovered the Transfers through his settlement with the IRS.

## OVERVIEW OF THE AGREEMENT

19. The principal terms and conditions of the Agreement are generally as follows (as stated above, the Agreement is attached as Exhibit "A" and should be reviewed for a complete account of its terms):[4]

- Herald (Lux) shall have an allowed Customer Claim in the amount of $230,040,000 and shall be entitled to the full benefit of a SIPC customer advance under SIPA § 78fff-3(a).

- At Closing, the Trustee shall pay Herald (Lux) $105,954,124 as a catch up distribution on its Allowed Claim.[5]

- The Trustee and the Liquidators will seek approval of the Agreement in their respective jurisdictions.

- The Trustee will release, acquit, and absolutely discharge Herald (Lux) and the Liquidators, and Herald (Lux) and the Liquidators will release, acquit, and absolutely discharge the Trustee and all his agents and BLMIS and its consolidated estate, on the specific terms set forth in the Agreement.

- As soon as practicable after the Closing, the Trustee shall submit to

---

[4] Terms not otherwise defined shall have the meaning ascribed to them in the Agreement.

[5] As of the date of the Agreement, the Bankruptcy Court has approved four *pro rata* interim distributions to BLMIS customers with allowed customer claims of 4.602%, 33.556%, 4.721%, and 3.180%, respectively (46.059% in total). Accordingly, in order to catch-up Herald (Lux)'s distribution to that of other customers with allowed claims, at the Closing, the Trustee will pay Herald (Lux) 46.059% of its allowed claim, or $105,954,124.

7

this Court a stipulation requesting dismissal, with prejudice and without costs, of Herald (Lux) from this action, on the specific terms set forth in the Agreement.

## RELIEF REQUESTED

20. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit "B" approving the Agreement.

## LEGAL BASIS

21. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

22. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court

8

need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

23. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

(i) the probability of success in the litigation;
(ii) the difficulties associated with collection;
(iii) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
(iv) the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.,* 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

24. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. at 594. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

25. The Agreement furthers the interest of BLMIS customers by reducing Herald (Lux)'s Net Equity Claim by 10% and providing a benefit to the BLMIS estate of $25

9

million. The Agreement also resolves all claims among the parties and avoids the cost and delay of what could otherwise be lengthy and contentious litigation. (Affidavit of the Trustee in Support of the Motion (the "Picard Affidavit"). A true and accurate copy of the Picard Affidavit is attached as Exhibit "C").

## CONCLUSION

26. In sum, the Trustee submits that the Agreement should be approved to avoid lengthy, burdensome, and expensive litigation and because it represents a fair and reasonable compromise of the Avoidance Claims and the Customer Claim. Since the Agreement is well within the "range of reasonableness" and confers a benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## NOTICE

27. In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) Brett S. Moore, Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, Morristown, NJ 07962. Notice of this motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit "B" granting the relief requested in the Motion.

Dated:  New York, New York
        December 23, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By:     *s/ Oren J. Warshavsky*
        David J. Sheehan
        Email: dsheehan@bakerlaw.com
        Oren J. Warshavsky
        Email: owarshavsky@bakerlaw.com
        Geoffrey A. North
        Email: gnorth@bakerlaw.com
        Tatiana Markel
        Email:  tmarkel@bakerlaw.com
        Dominic Gentile
        Email: dgentile@bakerlaw.com
        Jessie A. Kuhn
        Email: jkuhn@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of the estate of Bernard L.*
*Madoff Investment Securities LLC and the*
*Estate of Bernard L. Madoff*

11