**Sullivan & Cromwell LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Robinson B. Lacy

(Additional Counsel listed on page 16 and in Appendix B)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
SECURITIES INVESTOR PROTECTION                                   :
CORPORATION,                                                     :
                                                                 :
        Plaintiff,                                                :
                                                                 :
        v.                                                        :
                                                                 :
                                                                 :    SIPA Liquidation
                                                                 :    No. 08-01789-SMB
BERNARD L. MADOFF INVESTMENT                                     :    (Substantively Consolidated)
SECURITIES LLC,                                                 :
                                                                 :
        Defendant.                                                :
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                                            :
                                                                 :    Applicable to the Adversary Proceedings
BERNARD L. MADOFF,                                              :    Listed in Exhibits A-B to the Court's Order
                                                                 :    Dated December 10, 2014, ECF No. 8800
        Debtor.                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSOLIDATED SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF THE TRANSFEREE DEFENDANTS' MOTION**
**TO DISMISS BASED ON EXTRATERRITORIALITY**

December 31, 2014

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PROCEDURAL BACKGROUND..............................................................................................1

ARGUMENT .......................................................................................................................4

I.     THE STANDARDS APPLICABLE TO THE MOTION ....................................................4

II.    JUDGE RAKOFF'S DECISION .......................................................................4

III.   THE CLAIMS AGAINST THE TRANSFEREE DEFENDANTS MUST BE
DISMISSED UNDER JUDGE RAKOFF'S DECISION. ...................................................9

   A.    THE TRUSTEE HAS THE BURDEN OF PLEADING FACTS GIVING
RISE TO A PLAUSIBLE INFERENCE THAT THE SUBSEQUENT
TRANSFERS HE SEEKS TO RECOVER OCCURRED WITHIN THE
UNITED STATES. ...............................................................................9

   B.    THE TRUSTEE HAS NOT SATISFIED HIS BURDEN OF PLEADING
THAT THE SUBSEQUENT TRANSFERS HE SEEKS TO RECOVER
OCCURRED WITHIN THE UNITED STATES........................................................10

   C.    IN THE ALTERNATIVE, THE TRUSTEE'S CLAIMS SHOULD BE
DISMISSED ON THE GROUNDS OF COMITY........................................................14

CONCLUSION....................................................................................................................16

APPENDIX A -- PLACES OF BUSINESS ...............................................................................17

APPENDIX B -- ADDITIONAL COUNSEL ..............................................................................31

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Absolute Activist Value Master Fund Ltd.* v. *Ficeto,*
677 F.3d 60 (2d Cir. 2012)..................................................................................2, 10

*Artra Grp., Inc.* v. *Salomon Bros. Holding Co.,*
No. 95 C 5233, 1996 WL 637595 (N.D. Ill. Oct. 31, 1996)....................................8

*Ashcroft* v. *Iqbal,*
556 U.S. 662 (2009) ..........................................................................................4, 10

*Bell Atlantic Corp.* v. *Twombly,*
550 U.S. 544 (2007) ................................................................................................4

*Bourdeau Bros., Inc.* v. *Montagne (In re Montagne),*
Adv. No. 08-1024, 2010 WL 271347 (Bankr. D. Vt. Jan. 22, 2010) ...................7-8

*Chase Nat'l Bank* v. *City of Norwalk,*
291 U.S. 431 (1934)................................................................................................7

*EEOC* v. *Arabian American Oil Co.,*
499 U.S. 244 (1991)................................................................................................5

*Fairfield Sentry Ltd. (in Liquidation)* v. *Migani,*
[2014] UKPC 9, 2014 WL 1219748 (appeal taken from the BVI) ...................14-15

*FirstBank Puerto Rico* v. *Barclays Capital Inc.* (*In re Lehman Bros. Holding Inc.*),
492 B.R. 191 (Bankr. S.D.N.Y. 2013)....................................................................8

*In re Maxwell Commc'n Corp.,*
186 B.R. 807 (S.D.N.Y. 1995)................................................................................6

*In re Pilgrim's Pride Corp.,*
442 B.R. 522 (Bankr. N.D. Tex. 2010)...................................................................8

*Loginovskaya* v. *Batratchenko,*
764 F.3d 266 (2d Cir. 2014)............................................................................5-6, 10

*Morrison* v. *National Australia Bank Ltd.,*
561 U.S. 247 (2010)......................................................................................*passim*

*Parkcentral Global Hub Ltd.* v. *Porsche Auto. Holdings SE,*
763 F.3d 198 (2d Cir. 2014)...........................................................................8-9, 14

**Page(s)**

*Picard* v. *Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*,
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) ...................................................................4, 10

*Richards* v. *Jefferson County*,
    517 U.S. 793 (1996) ..................................................................................................7

*Securities Investor Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*,
    513 B.R. 222 (S.D.N.Y. 2014) ........................................................................ *passim*

*Taylor* v. *Sturgell*,
    553 U.S. 880 (2008) ..................................................................................................7

**Statutes**

Bankruptcy Code § 550(a), 11 U.S.C. § 550(a) ............................................... *passim*

Commodity Exchange Act § 4o, 7 U.S.C. § 6*o* ......................................................... 5-6

Commodity Exchange Act § 22, 7 U.S.C. § 25 ......................................................... 5-6

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ....................................1

28 U.S.C. § 157(d) ......................................................................................................1

**Rules**

Fed. R. Bankr. P. 7012 ................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...............................................................................................4

Pursuant to the Scheduling Order[1] concerning further proceedings on the

consolidated Extraterritoriality Motion, the "Transferee Defendants" listed in Exhibits A and B to

the Scheduling Order respectfully submit this supplemental memorandum in support of their

consolidated motion to dismiss the claims listed in Exhibits A and B to the Scheduling Order (the

"Exhibits").  In all the proceedings listed in the Exhibits, plaintiff Irving H. Picard, the Trustee

appointed under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), for

the liquidation (the "SIPA Liquidation") of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS"), seeks to avoid and recover the proceeds of certain transfers made by

BLMIS.  In the claims that are the subject of this motion, the Trustee does not seek to recover

proceeds of those transfers from the initial transferees to which BLMIS made the transfers.

Rather, he asserts these claims against Transferee Defendants that allegedly received subsequent

transfers of those proceeds, pursuant to section 550(a)(2) of the Bankruptcy Code, 11 U.S.C. §

550(a)(2).  Under the unequivocal principles established by the District Court's prior decision in

this SIPA Liquidation, each of those claims must be dismissed because section 550(a)(2) does

not apply to subsequent transfers made by a foreign transferor to a foreign transferee outside the

United States, and the complaints do not satisfy the Trustee's burden of pleading that the

subsequent transfers he seeks to recover occurred within the United States.

## PROCEDURAL BACKGROUND

Pursuant to 28 U.S.C. § 157(d), the District Court, the Honorable Jed S. Rakoff,

granted motions by certain of the Transferee Defendants listed in Exhibit A to the Scheduling

Order to withdraw the reference to determine certain issues relating to the extraterritorial

---

[1]    The "Scheduling Order" is this Court's Order Concerning Further Proceedings on
Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited
Discovery, Dec. 10, 2014, ECF No. 8800.

application of SIPA and the Bankruptcy Code.  Order, *Securities Investor Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR) (S.D.N.Y. June 7, 2012), ECF No. 167 (the "June 7 Order"); Order, *Securities Investor Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR) (S.D.N.Y. May 15, 2012), ECF No. 97.  The June 7 Order provided that the defendants would file a consolidated motion to dismiss and established procedures to be followed if the Trustee amended his complaints after the defendants filed their opening brief on the motion to dismiss and before they filed their reply (which the Trustee did not do).  *Id*. ¶ 7. The Briefing Order further provided that "[t]he procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Extraterritoriality Issue in the Adversary Proceedings . . . , and this Court shall be the forum for such determination."  *Id*. ¶ 16.

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion.  *Securities Investor Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014).  Judge Rakoff held that "section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor.  Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers."  *Id*. at 232.  He rejected the Trustee's argument "that dismissal at this stage is inappropriate because additional fact-gathering is necessary to determine where the transfers took place," holding:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." *Absolute Activist Value Master Fund Ltd.* v. *Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012). Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can

> put forth specific facts suggesting a domestic transfer, his recovery
> actions seeking foreign transfers should be dismissed.

*Id*. at 232 n.4.  Finally, Judge Rakoff remanded the adversary proceedings to this Court "for

further proceedings consistent with this Opinion and Order."  *Id*. at 232.

  The Scheduling Order includes two Exhibits that were agreed to, for purposes of

this motion only, by the Trustee and liaison counsel for the Transferee Defendants.  Scheduling

Order ¶¶ K-L.  Exhibit A provides information concerning claims against Transferee Defendants

that participated in the consolidated proceedings in which Judge Rakoff rendered his decision.

Exhibit B provides similar information concerning Transferee Defendants that did not participate

in those proceedings but assert that Judge Rakoff's decision requires the dismissal of some or all

of the claims against them.  For each proceeding, the Exhibits identify the Transferee Defendants

that are seeking dismissal of claims against them and the precise counts of the complaints that

they seek to have dismissed.  All of the counts listed in the Exhibits are claims to recover alleged

subsequent transfers pursuant to 11 U.S.C. § 550(a)(2).

  The Exhibits also identify the transferors that allegedly made the transfers that the

Trustee is seeking to recover from the Transferee Defendants.[2]  For transferors and Transferee

Defendants that are legal entities, the Exhibits set forth the jurisdiction under whose laws they

are organized, and for transferors and Transferee Defendants who are individuals, the Exhibits

set forth their citizenship, in each case as alleged in the complaints or, if the complaint does not

include such allegations, as agreed between the Trustee and certain defendants.  *See* Scheduling

Order ¶ M.

---

[2] Nothing herein is intended to waive any defense of the Transferee Defendants, including the
right to dispute that they received the transfers alleged in the complaints or to assert that they
were mere conduits.

- 3 -

## <u>ARGUMENT</u>

### I.    THE STANDARDS APPLICABLE TO THE MOTION

This Court recently described the standards applicable to a motion to dismiss

pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) in *Picard* v. *Merkin (In re*

*Bernard L. Madoff Inv. Sec. LLC)*, 515 B.R. 117, 137 (Bankr. S.D.N.Y. 2014) (parallel citations

omitted):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted); *accord Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. . . .

> *Iqbal* outlined a two-step approach in deciding a motion to dismiss. First, the court should begin by "identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. . . . Second, the court should give all "well-pleaded factual allegations" an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief. *Id*. at 679.

> In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.

### II.    JUDGE RAKOFF'S DECISION

Judge Rakoff held:

[S]ection 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers.

513 B.R. at 232.  In reaching this conclusion, Judge Rakoff followed the Supreme Court's

decision in *Morrison* v. *National Australia Bank Ltd.*, 561 U.S. 247 (2010).  *Morrison*

emphasized, "It is a 'longstanding principle of American law that legislation of Congress, unless

a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United

States.'"  *Id*. at 255 (quoting *EEOC* v. *Arabian American Oil Co.*, 499 U.S. 244, 248 (1991)

(internal quotation marks omitted)) (quoted at 513 B.R. at 226).  *Morrison* also emphasized that

"[w]hen a statute gives no clear indication of an extraterritorial application, it has none."  561

U.S. at 255 (quoted at 513 B.R. at 228).

Judge Rakoff applied *Morrison* and considered (1) "whether the factual

circumstances at issue require an extraterritorial application of the relevant statutory provision"

and (2) "if so, whether Congress intended for the statute to apply extraterritorially."  513 B.R. at

226.  To answer the first question, he followed the Supreme Court's direction in *Morrison* and

"looked to 'the "focus" of congressional concern,' or, in other words, the 'transactions that the

statutes seeks to "regulate."'"  *Id*. at 226 (citing *Morrison*, 561 U.S. at 266-67).  Judge Rakoff

rejected the Trustee's argument that  "the 'focus' of congressional concern in a SIPA liquidation

is the regulation of the SIPC-member U.S. broker-dealer, so that the application of any of the

incorporated provisions of the Bankruptcy Code is inherently domestic."  *Id*. at 227.  Instead, he

held that "under *Morrison*, the transaction being regulated by section 550(a)(2) is the transfer of

property to a subsequent transferee, not the relationship of that property to a perhaps-distant

debtor."  *Id*.[3]

---

[3]    The Second Circuit's subsequent decision in *Loginovskaya* v. *Batratchenko*, 764 F.3d 266
(2d Cir. 2014), confirms the correctness of Judge Rakoff's holding that the relevant conduct for
purposes of determining whether the Trustee's claim would require an extraterritorial application
of 11 U.S.C. § 550(a)(2) is the subsequent transfer itself.  *Loginovskaya* involved a claim under
the Commodity Exchange Act ("CEA").  CEA § 4*o*, 7 U.S.C. § 6*o*, prohibits fraudulent conduct

Judge Rakoff explained, "To determine whether the transfers at issue in this consolidated proceeding occurred extraterritorially, 'the court considers the location of the transfers as well as the component events of those transactions.'" *Id*. (quoting *In re Maxwell Commc'n Corp.* ("*Maxwell I*"), 186 B.R. 807, 817 (S.D.N.Y. 1995)).  Judge Rakoff considered the locations and facts relating to the transfers and explained:

> Here, the relevant transfers and transferees are predominantly foreign: foreign feeder funds transferring assets abroad to their foreign customers and other foreign transferees.  *See, e.g.,* CACEIS Compl. ¶ 2. . . .  *See Maxwell I,* 186 B.R. at 816-17 (rejecting the claim that the alleged preferential transfers were domestic because the funds for the transfers derived from the sale of U.S. assets); *cf. Morrison*, 130 S. Ct. at 2886 (rejecting the notion that the section 10(b) claim at issue was domestic because a significant portion of the fraudulent conduct occurred in the United States).

*Id*. at 227-28 (footnote omitted).  Judge Rakoff held, "Accordingly, the Court concludes that the subsequent transfers that the Trustee seeks to recover here are foreign transfers and thus would require an extraterritorial application of section 550(a)." *Id*. at 228.

With respect to the second issue—whether section 550(a) has extraterritorial application—Judge Rakoff considered the language of section 550(a) and concluded, "Nothing in this language suggests that Congress intended for this section to apply to foreign transfers, and

---

by certain participants in the commodity markets, and CEA § 22, 7 U.S.C. § 25, creates "a private right of action against a person whose violation of the CEA 'result[s] from one or more of the transactions' listed in the statute." *Id*. at 272 (quoting 7 U.S.C. § 25(a)(1)).  The Court held that the complaint should be dismissed for failure to allege a transaction subject to CEA § 22 within the United States, *id*. at 272-75, and did "not reach Loginovskaya's argument regarding the territorial reach of the antifraud provision in CEA § 4o," *id*. at 268.  The Court concluded, "[T]he presumption against extraterritorial effect applies to CEA § 22; that provision requires a commodities transaction; and Loginovskaya has not alleged a domestic commodities transaction."  *Id*. at 275.  Since the Trustee's right to recover from the Transferee Defendants likewise depends on transactions—*i.e.*, the subsequent transfers themselves—his claims should be dismissed because he does not plausibly allege that the subsequent transfers occurred in the United States.

the Trustee does not argue otherwise." *Id.*  Judge Rakoff considered and rejected all the

Trustee's attempts to rebut the presumption against extraterritoriality, and held that "the Trustee

therefore may not use section 550(a) to pursue recovery of purely foreign subsequent transfers."

*Id*. at 231.

Judge Rakoff also concluded that "in the alternative, . . . even if the presumption

against extraterritoriality were rebutted, the Trustee's use of section 550(a) to reach these foreign

transfers would be precluded by concerns of international comity." *Id*.  He explained that where

transferors, such as Fairfield Sentry Limited ("Sentry") and Harley International (Cayman)

Limited ("Harley"), are involved in liquidation proceedings in their home countries (the British

Virgin Islands and Cayman Islands respectively), those jurisdictions have a "greater interest in

applying their own laws." *Id*. at 232.

Judge Rakoff's decision is controlling with respect to all the proceedings listed in

Exhibit A to the Scheduling Order because he withdrew those proceedings from this Court's

jurisdiction to resolve the issues addressed in that decision and he remanded those proceedings to

this Court  "for further proceedings consistent with this Opinion and Order."  513 B.R. at 232.

Judge Rakoff's decision should also be treated as binding on the Trustee in the additional

adversary proceedings listed in Exhibit B, as law of the case, because they are part of the same

"case" commenced by the protective order initiating the SIPA Liquidation. [4]  "Since different

adversary proceedings in the same main case do not constitute different 'cases,' it would follow

that the law of the case doctrine as articulated in one adversary proceeding would apply in

---

[4]    Invocation of law of the case to resolve issues against a defendant that was not a party to the
proceedings before Judge Rakoff would raise due process concerns.  *See Taylor* v. *Sturgell*, 553
U.S. 880, 892-93 (2008); *Richards* v. *Jefferson County*, 517 U.S. 793, 800 n.5 (1996); *Chase
Nat'l Bank* v. *City of Norwalk*, 291 U.S. 431, 441 (1934).  However, applying the law of the case
doctrine to resolve issues against the Trustee presents no such concerns because he was a party to
those proceedings.

another adversary proceeding filed in the same case." *Bourdeau Bros., Inc.* v. *Montagne (In re Montagne)*, Adv. No. 08-1024, 2010 WL 271347, at *6 (Bankr. D. Vt. Jan. 22, 2010). *See also Artra Grp., Inc.* v. *Salomon Bros. Holding Co.*, No. 95 C 5233, 1996 WL 637595, at *4-*5 (N.D. Ill. Oct. 31, 1996) ("Adversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case. . . . Therefore, law of the case applies." (internal quotation marks and citation omitted)); *FirstBank Puerto Rico* v. *Barclays Capital Inc.* (*In re Lehman Bros. Holding Inc.*), 492 B.R. 191, 194 (Bankr. S.D.N.Y. 2013); *In re Pilgrim's Pride Corp.*, 442 B.R. 522, 530 (Bankr. N.D. Tex. 2010) ("The law of the case doctrine applies in adversary proceedings in a bankruptcy case, and even between separate adversary proceedings in the same bankruptcy case." (citations omitted)).

The Trustee has asserted that in *Parkcentral Global Hub Ltd.* v. *Porsche Auto. Holdings SE*, 763 F.3d 198 (2d Cir. 2014), the Second Circuit "reject[ed] [a] single-factor, bright-line rule" in applying an extraterritoriality analysis and that this Court must now "consider the distinct and separate facts involved in each case." Letter to the Honorable Stuart M. Bernstein 2, Aug. 28, 2014, ECF No. 7830. The Court of Appeals' reasoning in *Parkcentral*, however, does not suggest in any way that courts may not establish rules for determining whether a specific claim involves an impermissible extraterritorial application of a statute. In fact, the Second Circuit specifically noted that "*Morrison* established two important rules about the applicability of § 10(b)." *Parkcentral*, 763 F.3d at 214. The Court also observed that in *Morrison* the Supreme Court criticized the Second Circuit's prior use of a case-by-case extraterritoriality analysis and noted that doing so was "unpredictable and difficult to administer." *Id.* at 210. The Court of Appeals stated, "We believe courts must carefully make their way with careful attention to the facts of each case and to combinations of facts that have

- 8 -

*proved determinative in prior cases.*" *Id.* at 217 (emphasis added).[5]  That is precisely what the application of Judge Rakoff's decision requires.  He held that the Trustee's claims must be dismissed because the Trustee has not made allegations giving rise to a plausible inference that the transfers he seeks to recover occurred within the United States.  That decision is controlling in all the adversary proceedings subject to this motion and requires that the Trustee's claims to recover these subsequent transfers be dismissed.

### III.    THE CLAIMS AGAINST THE TRANSFEREE DEFENDANTS MUST BE DISMISSED UNDER JUDGE RAKOFF'S DECISION.

Judge Rakoff has already decided that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers and thus would require an extraterritorial application of section 550(a)." 513 B.R. at 228.  That decision is binding, and in any event it is amply justified by the law and the pleadings.

### A.    THE TRUSTEE HAS THE BURDEN OF PLEADING FACTS GIVING RISE TO A PLAUSIBLE INFERENCE THAT THE SUBSEQUENT TRANSFERS HE SEEKS TO RECOVER OCCURRED WITHIN THE UNITED STATES.

Because Judge Rakoff has determined that 11 U.S.C. § 550(a)(2) does not apply extraterritorially, the Trustee bears the burden of alleging that the subsequent transfers he seeks to recover occurred in the United States.  As Judge Rakoff stated, "[I]t is the Trustee's obligation

---

[5]    In any event, any suggestion in *Parkcentral* that the courts should not follow established standards in dismissing claims based on extraterritoriality would not help the Trustee. *Parkcentral* held that the claims in that case should be dismissed on extraterritoriality grounds, and any departure from the standards established in earlier cases reflected a recognition that *even if* the claims involved domestic transactions under those precedents, they nonetheless required an impermissible extraterritorial application of section 10(b) of the Securities Exchange Act. Specifically, the Court of Appeals concluded that domestic transactions like those discussed in prior cases were a necessary, but not a sufficient, condition for a permissible domestic application of section 10(b). *See* 763 F.3d at 214-18.

to allege 'facts giving rise to the plausible inference that' the transfer occurred 'within the United

States.'" 513 B.R. at 232 n.4.

In assigning this pleading burden to the Trustee, Judge Rakoff followed the

Second Circuit's decision in *Absolute Activist Value Master Fund Ltd.* v. *Ficeto*, 677 F.3d 60 (2d

Cir. 2012). The Court of Appeals made clear in that case that dismissal of the complaint did not

depend on any affirmative showing that the transactions in question occurred outside the United

States. *Id.* at 69-70. Indeed, it commented that the complaint contained "only a few allegations

that mention or even hint at the location of the securities transactions at issue in this case," and

that the complaint included a conclusory allegation "that the transactions took place in the United

States." *Id.* at 70. The Court of Appeals nonetheless held that the complaint was properly

dismissed pursuant to *Morrison* because it did not contain factual allegations giving rise to a

plausible inference that the transactions occurred within the United States. *Id.*; *see also*

*Loginovskaya*, 764 F.3d at 275 (affirming dismissal where plaintiff did not allege a domestic

transaction).

Because section 550(a)(2) does not apply to transfers outside the United States, a

complaint that fails to allege sufficient facts plausibly to establish that the transfers at issue were

domestic is, at best, "merely consistent" with the defendant's liability. As this Court held in

*Picard* v. *Merkin*, to be "merely consistent" with the defendants' liability is not sufficient to

survive a motion to dismiss. 515 B.R. at 137 (quoting *Ashcroft* v. *Iqbal*, 556 U.S. at 678).

**B.    THE TRUSTEE HAS NOT SATISFIED HIS BURDEN OF
        PLEADING THAT THE SUBSEQUENT TRANSFERS HE
        SEEKS TO RECOVER OCCURRED WITHIN THE UNITED
        STATES.**

The Trustee's complaints do not satisfy his burden of alleging that the subsequent

transfers he seeks to recover occurred within the United States. As explained above, even if the

complaints said nothing whatsoever concerning the location of the subsequent transfers, the Court would be required to dismiss them because they do not affirmatively allege facts giving rise to a plausible inference that the transactions occurred in the United States.

In fact, while it is not their burden to do so, the Transferee Defendants have made an affirmative showing that the transfers were, in fact, made outside the United States. As shown in the Exhibits, based on the allegations of the complaints or, in certain instances, agreement between the Trustee and certain defendants, every single transfer that is the subject of this motion was made by an entity organized under the laws of a foreign jurisdiction or an individual who was a citizen of a foreign country. Likewise, all but a handful of the defendants that allegedly received the transfers were either entities organized under the laws of foreign jurisdictions or individuals who were citizens of foreign countries.[6] In rejecting the Trustee's argument that "dismissal at this stage is inappropriate because additional fact-gathering is necessary to determine where the transfers took place," Judge Rakoff held that "to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically." 513 B.R. at 232 n.4.

Moreover, while it is clear that Judge Rakoff considered a legal entity to be foreign if it was organized under the laws of a foreign jurisdiction, Appendix A to this Memorandum shows that, to the extent the Trustee has alleged the principal places of business of

---

[6]    The only Transferee Defendants that are not entities organized under foreign law or citizens of foreign countries are the individuals identified as U.S. citizens in *Picard* v. *Fairfield Sentry Ltd.*, Adv. No. 09-1239-SMB, who resided outside the United States for some or all of the relevant period.

transferors and transferees that are legal entities, virtually all of them are located outside the United States.[7]

When Judge Rakoff stated that the transferor and transferee "reside" outside the United States, he meant that a transferor or transferee that was a business entity was organized under the laws of a foreign jurisdiction.  In fact, he only uses the word "reside" once in his opinion, 513 B.R. at 232 n.4, and everywhere else he simply says that section 550(a)(2) does not apply to transfers made abroad by a "foreign" transferor to a "foreign" transferee, *see* 513 B.R. at 225-27, 232.  When stating that these proceedings involved transfers by "foreign feeder funds," he cited paragraph 2 of the Complaint in the adversary proceeding against CACEIS Bank Luxembourg and CACEIS Bank (together, "CACEIS").  *See* 513 B.R. at 227.  That paragraph merely states that "Fairfield Sentry is a British Virgin Islands ('BVI') company" and "Harley is a Cayman Islands company."  Complaint  ¶ 2, *Picard* v. *CACEIS Bank Luxembourg*, Adv. Pro. No. 11-02758-SMB (Bankr. S.D.N.Y. Oct. 6, 2011), ECF No. 1 ("CACEIS Complaint").  Likewise, the alleged transferees are alleged to be a "Luxembourg *société anonyme*" and a "French *société anonyme*," respectively.  *Id.* ¶¶ 22-23.  It is clear that Judge Rakoff did not rely upon the location from which the entity was managed, because the same complaint alleges that Sentry was a "Fairfield Greenwich Group ('FGG') managed Madoff feeder fund" and that CACEIS sent subscription agreements to "FGG's New York City office."  *Id.* ¶ 7.

While the Trustee may refer to allegations indicating that the transfers had some relationship to the United States, those allegations are not sufficient to create a plausible

---

[7]    One of the adversary proceedings included in the Exhibits, *Picard* v. *Kohn*, Adv. No. 10-5411-SMB, is omitted from Appendix A because the Trustee has discontinued his claims against most of the Transferee Defendants in that proceeding and has moved to amend his complaint to eliminate all claims to recover subsequent transfers.  *See* Trustee's Memorandum of Law in Support of Motion for Leave to File a Third Amended Complaint 1, 5, *Picard* v. *Kohn*, Adv. Pro. No. 10-5411-SMB (Bankr. S.D.N.Y. Nov. 26, 2014), ECF No. 283.

inference that the transfers occurred in the United States so as to be subject to section 550(a)(2).

As the Supreme Court explained in *Morrison*, "It is a rare case of prohibited extraterritorial

application that lacks *all* contact with the territory of the United States.  But the presumption

against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel

whenever *some* domestic activity is involved in the case."  561 U.S. at 266 (emphasis in

original).

      In fact, Judge Rakoff made clear that a number of allegations on which the

Trustee might attempt to rely are not sufficient to create a plausible inference that the alleged

subsequent transfers were domestic:

- <u>Transfer through a correspondent bank in the United States</u>.  Judge Rakoff expressly held that the fact that a transfer may have gone through a defendant's correspondent bank in the United States was not enough to bring it within the territorial scope of section 550(a). 513 B.R. at 228 n.1.

- <u>Consent to jurisdiction in New York</u>.   In the complaint in the CACEIS adversary proceeding that Judge Rakoff cited as exemplifying claims to recover alleged foreign transfers, the Trustee alleges that CACEIS "knowingly accepted the rights, benefits, and privileges of conducting business and/or transactions in the United States and New York" and "entered, or caused their agent to enter, into subscription agreements with Fairfield Sentry under which they submitted to New York jurisdiction."  CACEIS Complaint ¶ 7.

- <u>Sending subscription agreements and investments to New York</u>.  The CACEIS Complaint also alleges that CACEIS "sent copies of the [subscription] agreements to FGG's [*i.e.*, Fairfield Greenwich Group's] New York City office, and wired funds to Fairfield Sentry through a bank in New York."  *Id.*

- <u>Affiliate with office in New York</u>.  The CACEIS Complaint also alleges that "the CACEIS Defendants are part of the CACEIS Group, which maintains an office in New York City."  *Id.*

Judge Rakoff's use of the CACEIS Complaint to illustrate that the alleged subsequent transfers

that the Trustee seeks to recover are outside the territorial scope of section 550(a) shows that

- 13 -

none of these facts, either singly or in combination, are sufficient to allege a domestic

transaction.[8]

### C.    IN THE ALTERNATIVE, THE TRUSTEE'S CLAIMS SHOULD BE DISMISSED ON THE GROUNDS OF COMITY.

In explaining his alternative holding that the Trustee's claims should be dismissed

on the grounds of comity, Judge Rakoff stated:

> The Second Circuit has previously stated that "[c]omity is especially important in the context of the Bankruptcy Code." . . . The facts underlying the instant proceeding illustrate why this is so. As is the case with Fairfield Sentry and Harley, many of the feeder funds are currently involved in their own liquidation proceedings in their home countries. These foreign jurisdictions have their own rules concerning on what bases the recipient of a transfer from a debtor should be required to disgorge it. . . . Indeed, the BVI courts have already determined that Fairfield Sentry could not reclaim transfers made to its customers under certain common-law theories—a determination in conflict with what the Trustee seeks to accomplish here. . . .[9]

> The Trustee is seeking to use SIPA to reach around such foreign liquidations in order to make claims to assets on behalf of the SIPA customer-property estate—a specialized estate created solely by a U.S. statute, with which the defendants here have no direct relationship. Without any agreement to the contrary (which the Trustee does not suggest exists), investors in these foreign funds had no reason to expect that U.S. law would apply to their relationships with the feeder funds. . . .   Given the indirect relationship between Madoff Securities and the transfers at issue here, these foreign jurisdictions have a greater interest in applying their own laws than does the United States.

---

[8]    Judge Rakoff's holding that such factors would not bring transfers within the territorial scope of section 550(a)(2) is confirmed by the Second Circuit's subsequent decision in *Parkcentral*, holding that even though the claims in that case related to domestic options transactions, they were "so predominantly foreign as to be impermissibly extraterritorial."  763 F.3d at 216.

[9]    The decision of the BVI courts to which Judge Rakoff referred has since been affirmed on somewhat different grounds by the Privy Council, the ultimate court for appeals originating in the BVI.  *Fairfield Sentry Ltd. (in Liquidation)* v. *Migani*, [2014] UKPC 9, 2014 WL 1219748 (appeal taken from the BVI.).

513 B.R. at 231-32 (citations omitted).[10]

Although Judge Rakoff's holding regarding comity was based in part on a concern not to interfere with foreign insolvency proceedings, it was not limited to claims to recover transfers by transferors that are subject to such proceedings. Rather, he held that all the claims should be dismissed on the grounds of comity because of the likelihood that such claims would interfere with foreign insolvency proceedings. To the extent that the actual pendency of foreign insolvency proceedings is relevant, however, the vast majority of the subsequent transfers that the Trustee seeks to recover were made by entities that the Trustee has alleged to be subject to foreign insolvency proceedings,[11] and the names of these entities are shown in boldface type in Appendix A.

---

[10]    In the *Fairfield Sentry* decision, the Privy Council expressly rejected Sentry's contention that New York law might be relevant to Sentry's claims against redeeming members for restitution of redemption payments because Sentry's subscription agreements were governed by New York law. The Privy Council made clear that redemptions, and claims for restitution of redemptions, were governed by the same law that governs Sentry's Articles of Association, to wit, the law of the British Virgin Islands. [2014] UKPC [17], [20].

[11]    *See* Fourth Amended Complaint ¶¶ 43, 48, *Picard* v. *Ceretti*, Adv. Pro. No. 09-1161-SMB (Bankr. S.D.N.Y. Mar. 17, 2014), ECF No. 100 (Kingate Global Fund, Ltd., Kingate Euro Fund, Ltd., Kingate Management); Amended Complaint ¶ 22, *Picard* v. *Fairfield Sentry Ltd.*, Adv. Pro. No. 09-1239-SMB (Bankr. S.D.N.Y. July 20, 2010), ECF No. 23 (Fairfield Sentry Ltd., Fairfield Sigma Ltd., Fairfield Lambda Ltd.); Amended Complaint ¶¶ 57, 59, *Picard* v. *HSBC Bank PLC*, Adv. Pro. No. 09-1364-SMB (Bankr. S.D.N.Y. Dec. 5, 2010), ECF No. 170 (Primeo Fund, Herald (Lux) SICAV); Complaint ¶ 11, *Picard* v. *Oreades SICAV*, Adv. Pro. No. 10-5120-SMB (Bankr. S.D.N.Y. Dec. 2, 2010), ECF No. 1 (Oreades SICAV); Complaint ¶ 54, *Picard* v. *UBS AG*, Adv. Pro. No. 10-5311-SMB (Bankr. S.D.N.Y. Dec. 7, 2010), ECF No. 1 (Luxembourg Investment Fund U.S. Equity Plus); Complaint ¶ 2, *Picard* v. *CACEIS Bank Luxembourg*, Adv. Pro. No. 11-2758-SMB (Bankr. S.D.N.Y. Oct. 6, 2011), ECF No. 1 (Harley International (Cayman) Ltd.); Complaint ¶¶ 4, 9, 10, *Picard* v. *Banque Degroof SA/NV*, Adv. Pro. No. 12-1691-SMB (Bankr. S.D.N.Y. June 6, 2012), ECF No. 1 (Luxalpha SICAV, Elite-Stability Fund SICAV, Elite Stability Fund SICAV Stablerock Compartment).

## CONCLUSION

The Transferee Defendants respectfully request that the Court dismiss with

prejudice the counts of the complaints listed in Exhibits A and B to the Scheduling Order.

Dated:   New York, New York
         December 31, 2014

**SULLIVAN & CROMWELL LLP**

/s/ Robinson B. Lacy
Robinson B. Lacy
(lacyr@sullcrom.com)
Marisa Glassman
(glassmanm@sullcrom.com)

125 Broad Street
New York, New York 10004
(212) 558-4000

**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**

Marco E. Schnabl
(Marco.Schnabl@Skadden.com)
Susan Saltzstein
(Susan.Saltzstein@Skadden.com)
Jeremy A. Berman
(Jeremy.Berman@Skadden.com)

Four Times Square
New York, New York 10036
(212) 735-3000

**SULLIVAN & WORCESTER LLP**

Frank B. Velie
(fvelie@sandw.com)
Jonathan G. Kortmansky
(jkortmansky@sandw.com)
Mitchell C. Stein
(mstein@sandw.com)

1633 Broadway
New York, New York  10019
(212) 660-3000

# APPENDIX A --
## PLACES OF BUSINESS

The first parenthetical following each legal entity's name identifies the jurisdiction of organization as it is listed in the Exhibits to the Scheduling Order, as agreed by the Trustee and the relevant defendants, and a second parenthetical has been added to reflect what appear to be allegations by the Trustee of a principal place of business.  "POB" identifies allegations concerning "place of business," "principal place of business," "principal business office," "located at," "business address," "address," "mailing address," "offices located at," "headquartered," "corporate headquarters," "maintaining its business at," "principal office," "maintaining an office in," "head office," "principal executive office," "based in," or "general management headquarter office."  "RO" identifies allegations concerning a "registered office" "registered address," or "registered agent."  Unless otherwise indicated in the endnotes to this Appendix, on pages 29-30, the Trustee's allegations concerning the POB or RO appear in the paragraphs of the complaints in the adversary proceedings against the respective Transferee Defendants, as identified in the left hand column, that are cited in the second parenthetical. Transferors that are the subject of foreign insolvency proceedings are shown in boldface type.

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 09-1154-SMB | Vizcaya Partners Ltd. (BVI) (RO BVI)[1] | Zeus Partners Ltd. (BVI) (RO BVI)[1] |
| 09-1161-SMB | **Kingate Management Ltd.** (Bermuda) (RO Bermuda ¶ 44) and certain of the foreign subsequent transferees | First Peninsula Trustees Ltd. (Liberia) (RO Liberia ¶ 66), The Ashby Trust (BVI or Liberia), Ashby Investment Services Ltd. (BVI) (RO BVI ¶ 65), Alpine Trustees Ltd. (Liberia) (RO Liberia ¶ 57), Port of Hercules Trustees Ltd. (BVI) (RO BVI ¶ 58), El Prela Trust (BVI or Liberia), El Prela Group Holding Services (BVI) (RO BVI ¶ 55), Ashby Holdings Services Ltd. (BVI) (RO BVI ¶ 64), El Prela Trading Investments Ltd. (BVI) (RO BVI ¶ 56) |
| 09-1161-SMB | **Kingate Global** (BVI) (RO BVI),[2] **Kingate Euro** (BVI) (RO BVI)[2], **Kingate Management** Ltd. (Bermuda) (RO Bermuda ¶ 44) | FIM Ltd. (UK) (RO UK ¶ 49), FIM Advisers (UK) (RO UK ¶ 50) |
| 09-1161-SMB | First Peninsula Trustees Ltd. (Liberia) (RO Liberia ¶ 66), The Ashby Trust (BVI or Liberia), Ashby Investment Services Ltd. (BVI) (RO BVI ¶ 65), Alpine Trustees Ltd. (Liberia) (RO Liberia ¶ 57), Port of Hercules Trustees Ltd. (BVI) (RO BVI ¶ 58), El Prela Trust (BVI or Liberia), El Prela Group Holding | Federico Ceretti (Italy), Carlo Grosso (Italy) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| | Services (BVI) (RO BVI ¶ 55), Ashby Holdings Services Ltd. (BVI) (RO BVI ¶ 64), El Prela Trading Investments Ltd. (BVI) (RO BVI ¶ 56), **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2], <u>and/or</u> **Kingate Management Ltd.** (Bermuda) (RO Bermuda ¶ 44), FIM Ltd. (UK) (RO UK ¶ 49), FIM Advisers (UK) (RO UK ¶ 50) | |
| 09-1161-SMB | **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2] | **Kingate Management Ltd.** (Bermuda) (RO Bermuda ¶ 44); Citi Hedge Fund Services Ltd. (Bermuda) (RO Bermuda ¶ 72); HSBC Bank Bermuda Limited (Bermuda) (RO Bermuda ¶ 79) |
| 09-1239-SMB | **Sentry** (BVI) (RO BVI)[3], Fairfield Greenwich Ltd. (C.I.) (POB US),[4] Fairfield Greenwich (Bermuda) Ltd. (Bermuda) (POB Bermuda)[4]; Fairfield Greenwich (U.K.) Ltd. (U.K.) (RO U.K. ¶ 178), **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3], Chester Global Strategy Fund Ltd. (C.I.), Irongate Global Strategy Fund Ltd. (C.I.) (RO C.I. ¶ 70), Fairfield Greenwich Fund (Luxembourg) (Lux.) (RO Lux. ¶ 74), Fairfield Investment Fund Ltd. (BVI) (RO BVI)[4], Fairfield Investors (Euro) Ltd. (BVI) (POB BVI ¶ 83), Fairfield Investors (Swiss Franc) Ltd. (BVI) (RO BVI ¶ 88), Fairfield Investors (Yen) Ltd. (BVI) (RO BVI ¶ 93), Fairfield Investment Trust (C.I.) (RO C.I. ¶ 98[5]), FIF Advanced Ltd. (BVI) (RO BVI ¶ 103), Sentry Select Ltd. (BVI) (POB BVI ¶ 107), Greenwich Bermuda Ltd. (Bermuda), Chester Management (Cayman) Ltd. (C.I.) (RO C.I. ¶ 188) | Fairfield Greenwich Ltd. (C.I.) (POB U.S.)[4], Fairfield Greenwich (Bermuda) Ltd. (Bermuda) (POB Bermuda)[4], Andres Piedrahita (Colombia), Amit Vijayvergiya (Canada), Gordon McKenzie (Canada), Corina Piedrahita (Brazil and U.S.), Richard Landsberger (U.S.), Philip Toub (U.S.), Harold Greisman (U.S.), Andrew Smith (U.S.) |
| 09-1239-SMB | **Sentry** (BVI) (RO BVI)[3] | Fairfield Investment Fund Ltd. (BVI) (RO BVI)[4] |
| | Fairfield Investment Fund Ltd. (BVI) (RO BVI)[4] | Fairfield Investors (Euro) Ltd. (BVI) (POB BVI ¶ 83) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 09-1364-SMB | **Herald Fund SPC** (C.I.) (RO C.I. ¶ 58), Alpha Prime Fund Ltd. (Bermuda) (RO Bermuda)[6] | **Primeo Fund** (C.I.) (RO C.I. ¶ 57)[7] |
| 09-1364-SMB | "Feeder Fund Defendants" (C.I., Lux., Bermuda, BVI, Ireland, and/or Panama) | UniCredit Bank Austria AG (Austria) (RO Austria ¶ 71), Unicredit S.p.A. (Italy) (POB Italy ¶ 73), Pioneer Alternative Investment Management Ltd. (Ireland) (RO Ireland ¶ 76) |
| 09-1364-SMB | **Primeo Fund** (C.I.) (RO C.I. ¶ 57), **Herald Fund SPC** (C.I.) (RO C.I. ¶ 58), **Herald Lux (Lux.)** (RO Lux. ¶ 59), Alpha Prime Fund Ltd. (Bermuda) (RO Bermuda)[6], Senator Fund (C.I.) (RO C.I. ¶ 61), Hermes International Fund (BVI) (RO BVI ¶ 62), Lagoon Investment Ltd. (BVI) (RO BVI ¶ 63), Thema Fund Ltd. (BVI) (RO BVI ¶ 64), Thema Wise Investments (BVI) (RO BVI ¶ 65), Thema International Fund (Ireland) (RO Ireland ¶ 66), Geo Currencies Ltd. (Panama) (RO Panama ¶ 67), Lagoon Investment Trust (BVI) (RO BVI ¶ 68), **Harley** (C.I.) (POB Isle of Man)[8], Thema International (Ireland) (RO Ireland ¶ 66), Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9] | HSBC Bank plc (England/Wales) (POB UK ¶ 96), HSBC Holdings plc (England/Wales) (POB UK ¶ 95), HSBC Securities Services (Lux.) S.A. (POB Lux ¶ 101), HSBC Institutional Trust Services (Ireland) Ltd. (POB Ireland ¶ 105), HSBC Securities Services (Ireland) Ltd. (RO Ireland ¶ 106), HSBC Institutional Trust Services (Bermuda) Ltd. (POB Bermuda ¶ 99), HSBC Securities Services (Bermuda) Ltd. (POB Bermuda ¶ 98), HSBC Bank (Cayman) Ltd. (C.I.) (POB C.I. ¶ 102), HSBC Private Banking Holdings (Suisse) S.A. (POB Switz. ¶ 103), HSBC Private Bank (Suisse) S.A. (POB Switz. ¶ 104), HSBC Fund Services (Luxembourg) S.A. (RO Lux. ¶ 107), and HSBC Bank Bermuda Ltd. (Bermuda) (POB Bermuda ¶ 100) |
| 09-1364-SMB | Lagoon Investment Limited (BVI) (RO BVI ¶ 63), Hermes International Fund Ltd. (BVI) (RO BVI ¶ 62), Thema Wise Investments Limited (BVI) (RO BVI ¶ 65), Thema Fund Limited (BVI) (RO BVI ¶ 64), Thema International Fund plc (Ireland) (RO Ireland ¶ 66) | Thema International Fund plc (Ireland) (RO Ireland ¶ 66), Hermes International Fund Ltd. (BVI) (RO BVI ¶ 62), Lagoon Investment Ltd. (BVI) (RO BVI ¶ 63), Lagoon Investment Trust (BVI) (RO BVI ¶ 68), Equus Asset Management Ltd. (Bermuda) (RO Bermuda ¶ 85), Equus Asset Management Partners, L.P. (Bermuda) (RO Bermuda ¶ 86), Genevalor, Benbassat & Cie (Switz.) (RO Switz. ¶ 81), Cape Investment Advisors Ltd. (Bermuda) (RO Bermuda ¶ 93), Hermes Asset Management Ltd. (Bermuda) (RO Bermuda ¶ 82), Thema Asset Management (Bermuda) Ltd. (Bermuda) (RO Bermuda ¶ 83), Thema Asset Management Ltd. (BVI) (RO BVI ¶ 84), Aurelia Fund |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| | | Management Ltd. (Bermuda) (RO Bermuda ¶ 87), Aurelia Asset Management Partners (Bermuda) (RO Bermuda ¶ 92), Alberto Benbassat (Switz.), Stephane Benbassat (Switz.), Estate of Mario Benbassat (Switz.), Roberto Nespolo (Switz. and Italy), David Smith (UK); Laurent Mathysen-Gerst (Switz.), Wladimir Stepcynski (Switz.), Jean-Marc Wenger (Switz.), Pascal Cattaneo (Switz.), Olivier Ador (Switz.) |
| 09-1364-SMB | Thema Asset Management Ltd. (BVI) (RO BVI ¶ 84) | T+M Trusteeship & Management Services S.A. (Switz.) (RO Switz. ¶ 90) |
| 09-1364-SMB | Hermes Asset Management Ltd. (Bermuda) (RO Bermuda ¶ 82) | GTM Management Services Corp. N.V. (Curacao) (RO Curacao ¶ 91) |
| 10-4284-SMB | Plaza Investments International Ltd. (BVI) (RO BVI ¶ 18) | Notz Stucki Management (Bermuda) Ltd. (Bermuda) (POB Bermuda ¶ 24) |
| 10-4285-SMB | **Luxalpha SICAV** (Lux.) (RO Lux.)[10], Groupement Financier Ltd. (BVI) (RO BVI)[10] | UBS AG (Switz.) (POB and RO Switz. ¶ 18), UBS (Luxembourg) S.A. (Lux.) (RO Lux. ¶ 19), UBS Fund Services (Luxembourg) S.A. (Lux.) (RO Lux. ¶ 20), UBS Third Party Management Company S.A. (Lux.) (RO Lux ¶ 21), Access International Advisors Ltd. (Bahamas) (RO Bahamas ¶ 24), Access Management Luxembourg S.A. (Lux.) (RO Lux. ¶ 26), Access Partners S.A. (Lux.) (RO Lux. ¶ 27), Patrick Littaye (Belgium), Pierre Delandmeter (Lux.) |
| 10-4287-SMB | Cardinal Management (St. Lucia) (POB St. Lucia ¶ 18) | **Dakota Global** (BVI) |
| 10-4330-SMB | Square One (BVI) (POB BVI ¶ 25) | Luc Estenne (Belgium/Switzerland), Square Asset Management (BVI) (POB BVI ¶ 28), Partners Advisers (Switz.) (POB Switz. ¶ 29), Circle Partners (Netherlands) (POB Netherlands ¶ 30), Kathryn Siggins (UK) |
| 10-4336-SMB | Laurence Apfelbaum (France), Emilie Apfelbaum (France), Doris Igoin/Estate of Doris Igoin (France), Emilie Apfelbaum (France) | Laurence Apfelbaum (France), Estate of Doris Igoin (France) |
| 10-4457-SMB | Equity Trading (BVI) (RO BVI ¶ 11), Equity Trading Fund (C.I.) (RO C.I. ¶ 12) | BNP Paribas Arbitrage SNC (France) (POB France ¶ 13) |
| 10-4517-SMB | Radcliff Investments Ltd. (C.I.) (RO C.I. ¶ 7) | Rothschild Trust Guernsey Limited (Guernsey) (POB Guernsey ¶ 8) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 10-5120-SMB | **Oreades SICAV** (Lux.) (RO Lux.)[11] | BNP Paribas Investment Partners Luxembourg S.A. (f/k/a BNP Paribas Asset Management Luxembourg S.A., f/k/a Parvest Investment Management Company S.A.) (Lux.) (RO Lux. ¶ 13), BGL BNP Paribas S.A. (Lux.) (RO Lux. ¶ 14), BNP Paribas Securities Services S.A (France) (RO France ¶ 15), Inter Investissements (f/k/a Inter Conseil S.A.) (Lux.) (RO Lux. ¶ 12) |
| 10-5229-SMB | Defender Ltd. (BVI) (RO BVI ¶ 16) | Reliance Management (BVI) Ltd. (BVI) (RO BVI/Gibraltar ¶ 18) |
| 10-5267-SMB | Leon Flax (London), Turret Corp. (BVI) (POB Switz. ¶ 16), Eastside Investment Ltd. (Jersey) (POB Switz. ¶ 17), The Tower Trust (Trustees located in BVI, Jersey, and Switzerland), Investec Trust (Switzerland) S.A. (Switz.) (POB Switz. ¶ 19), Radcliffes Trustee Co. (Switz.) (POB Switz. ¶ 20), R&H Trust Co. (Jersey) Ltd. (Jersey) (POB Jersey ¶ 21), Wellington Trustees (BVI) Ltd. (BVI) (POB Switz. ¶ 22) | Leon Flax (London), Tower Trust (Trustees located in BVI, Jersey, and Switzerland) |
| 10-5311-SMB | **Luxembourg Investment Fund U.S. Equity Plus** (Lux) (RO Lux. ¶ 52), Landmark Investment Fund Ireland (Ireland) (POB Ireland ¶ 57) | M&B Capital Advisers Sociedad de Valores, S.A. (Spain) (POB Spain ¶ 40) |
| 10-5311-SMB | **Luxembourg Investment Fund U.S. Equity Plus** (Lux.) (RO Lux. ¶ 52) | Reliance Management (Gibraltar) Ltd. (Gibraltar) (RO Gibraltar ¶ 49), UBS AG (Switz.) (RO Switz. ¶ 34), UBS (Luxembourg) S.A. (Lux.) (RO Lux. ¶ 35), UBS Fund Services (Luxembourg) S.A. (Lux.) (RO Lux. ¶ 36), UBS Third Party Management Company S.A. (Lux.) (RO Lux. ¶ 37) |
| 10-5346-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Merrill Lynch International (UK) |
| 10-5348-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Nomura International PLC (UK) (POB UK ¶ 50) |
| 10-5351-SMB | **Sentry** (BVI) (RO BVI)[3] | Banco Bilbao Vizcaya Argentaria, S.A. (Spain) |
| 10-5353-SMB | **Sentry** (BVI) (RO BVI)[3], Fairfield Investment Fund Ltd. (BVI) (RO BVI)[4], Groupement Financier Ltd. | Natixis (France), Natixis Corporate & Investment Bank (France) (POB France ¶ 63), Bloom Asset Holdings Fund (Ireland), |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| | (BVI) (RO BVI)[10], Alpha Prime Fund (Bermuda) (RO Bermuda)[6], and **Harley** (C.I.) (POB Isle of Man)[8] | Tensyr Limited (Jersey) |
| 10-5354-SMB | Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9], Rye Select Broad Market XL Portfolio L.P. (C.I.) (RO C.I.)[12] | ABN AMRO Bank N.V. (Netherlands) (POB Netherlands ¶ 29) |
| 10-5355-SMB | **Kingate Global** (BVI) (RO BVI)[2] | ABN AMRO Bank (Ireland) Ltd. (Ireland) (POB Ireland ¶ 27) and ABN AMRO Custodial Services (Ireland) Ltd. (Ireland) (POB Ireland ¶ 28) |
| 11-1724-SMB | **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2], Asphalia Fund Ltd. (C.I.) (RO C.I.),[1] **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3], Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9,13] | Picet et Cie (Switz.) (POB Switz. ¶ 22) |
| 11-1725-SMB | **Kingate Global** (BVI) (RO BVI)[2], Vizcaya Partners Ltd. (BVI) (RO BVI),[1] Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.),[9,13] Ariel Fund Ltd. (C.I.) (POB U.S. ¶ 47)[14] | Banque J. Safra (Suisse) SA (Switz.) (POB Switz. ¶ 21) |
| 11-2149-SMB | **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2], **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Banque Syz & Co., SA (Switz.) (POB Switz. ¶ 23) |
| 11-2493-SMB | **Sentry** (BVI) (RO BVI)[3] | Abu Dhabi Investment Authority (United Arab Emirates) (POB United Arab Emirates ¶ 22) |
| 11-2537-SMB | **Sentry** (BVI) (RO BVI)[3] | Orbita Capital Return Strategy Ltd. (C.I.) (POB C.I. ¶ 21) |
| 11-2538-SMB | **Sentry** (BVI) (RO BVI)[3] | Quilvest Finance Ltd. (BVI) (RO BVI ¶ 21) |
| 11-2539-SMB | **Sentry** (BVI) (RO BVI)[3] | Meritz Fire & Marine Insurance Co. Ltd. (Korea) (POB Korea ¶ 21) |
| 11-2540-SMB | **Sentry** (BVI) (RO BVI)[3] | Lion Global Investors Ltd. (Singapore) (POB Singapore ¶ 22) |
| 11-2541-SMB | **Sentry** (BVI) (RO BVI)[3] | First Gulf Bank (UAE) (POB UAE ¶ 21) |
| 11-2542-SMB | **Sentry** (BVI) (RO BVI)[3] | Parson Finance Panama S.A. (Panama) (RO Panama ¶ 20) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 11-2553-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Unifortune Conservative Fund (Italy) (POB Italy ¶ 21), Unifortune Asset Management (Italy) (POB Italy ¶ 22) |
| 11-2554-SMB | **Sentry** (BVI) (RO BVI)[3] | National Bank of Kuwait S.A.K. (Kuwait) (POB Kuwait ¶ 22) |
| 11-2568-SMB | **Sentry** (BVI) (RO BVI)[3] | Cathay Life Insurance Co. Ltd. (Taiwan) (POB Taiwan ¶ 22) |
| 11-2569-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Barclays Bank Suisse S.A. (Switz.) (POB Switz. ¶ 22), Barclays Bank S.A. (Spain) (POB Spain ¶ 23), Barclays Private Bank & Trust Limited (Jersey) (POB Jersey ¶ 24) |
| 11-2570-SMB | **Sentry** (BVI) (RO BVI)[3] | Banca Carige (Italy) (POB Italy ¶ 21) |
| 11-2571-SMB | **Sentry** (BVI) (RO BVI)[3] | Banque Privee Espirito Santo S.A. (Switz.) (POB Switz. ¶ 21) |
| 11-2572-SMB | **Sentry** (BVI) (RO BVI)[3] | Korea Exchange Bank, as Trustee (South Korea) (POB South Korea ¶ 21), Korea Investment Trust Management Company (South Korea) (POB South Korea ¶ 22) |
| 11-2573-SMB | **Sentry** (BVI) (RO BVI)[3] | The Sumitomo Trust and Banking Co. Ltd. (Japan) (POB Japan ¶ 21) |
| 11-2730-SMB | **Sentry** (BVI) (RO BVI)[3] | Atlantic Security Bank (C.I.) (POB Panama RO C.I. ¶ 21) |
| 11-2731-SMB | **Sentry** (BVI) (RO BVI)[3] | Trincaster (BVI) |
| 11-2758-SMB | **Sentry** (BVI) (RO BVI)[3], **Harley** (C.I.) (POB Isle of Man)[8], **Sigma** (BVI) (RO BVI)[3] | Caceis Bank Luxembourg (Lux.) (POB Lux. ¶ 22), Caceis Bank (France) (POB France ¶ |
| 11-2759-SMB | **Harley** (C.I.) (POB Isle of Man)[8] | Nomura International PLC (UK) (POB UK ¶ 21) |
| 11-2760-SMB | **Sentry** (BVI) (RO BVI)[3], **Harley** (C.I.) (POB Isle of Man)[8], **Sigma** (BVI) (RO BVI)[3] | ABN AMRO Bank N.V. (Netherlands) (POB Netherlands ¶ 22)[15] |
| 11-2761-SMB | **Harley** (C.I.) (POB Isle of Man)[8] | KBC Investments Ltd. (UK) (POB UK ¶ 21) |
| 11-2762-SMB | **Sentry** (BVI) (RO BVI)[3] | Lighthouse Diversified Fund Limited (C.I.) (POB C.I. ¶ 23) |
| 11-2763-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Inteligo Bank Ltd. Panama Branch (Bahamas) (POB Panama ¶ 22) |
| 11-2784-SMB | **Sentry** (BVI) (RO BVI)[3], **Harley** (C.I.) (POB Isle of Man)[8] | Somers Dublin (Ireland) (POB Ireland ¶ 22), Somers Nominees (Far East) Limited (Bermuda) (POB Bermuda ¶ 23) |
| 11-2796- | **Harley** (C.I.) (POB Isle of Man)[8] | BNP Paribas Arbitrage SNC (France) (POB |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| SMB | | France ¶ 20) |
| 11-2910-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Merrill Lynch Bank (Suisse) S.A. (Switz.) (POB Switz. ¶ 23) |
| 11-2922-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3] | Bank Julius Baer & Co., Ltd. (Switz.) (POB Switz. ¶ 21) |
| 11-2923-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | AIG Privat Bank AG (Switz.) (POB Switz. ¶ 22) |
| 11-2925-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2] | Credit Suisse AG (Switz.) (RO Switz. ¶ 8), Credit Suisse AG, Nassau Branch (Bahamas) (RO Bahamas ¶ 9), Credit Suisse AG, Nassau Branch Wealth Management (Bahamas) (RO Bahamas ¶ 10), Credit Suisse AG, Nassau Branch LATAM Investment Banking (Bahamas) (RO Bahamas ¶ 11), Credit Suisse Wealth Management Ltd. (Bahamas) (RO Bahamas ¶ 12), Credit Suisse (Luxembourg) SA (Lux.) (RO Lux. ¶ 13), Credit Suisse International Ltd. (UK) (RO UK ¶ 14), Credit Suisse Nominees (Guernsey) Ltd. (Guernsey) (RO Guernsey ¶ 15), Credit Suisse London Nominees Ltd. (UK) (RO UK ¶ 16), Credit Suisse (UK) Ltd. (UK) (RO UK ¶ 17) |
| 11-2929-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | LGT Bank in Liechtenstein Ltd. (Liechtenstein ) (POB Liechtenstein ¶ 22) |
| 12-1002-SMB | **Sentry** (BVI) (RO BVI)[3] | Public Institution for Social Security (Kuwait) (POB Kuwait ¶ 22) |
| 12-1004-SMB | **Sentry** (BVI) (RO BVI)[3] | Fullerton Capital PTE (Singapore) (POB Singapore ¶ 22) |
| 12-1005-SMB | **Kingate Global** (BVI) (RO BVI)[2], **Sentry** (BVI) (RO BVI)[3] | SICO Ltd. (BVI) (POB BVI ¶ 22) |
| 12-1019-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Sigma** (BVI) (RO BVI)[3] | Banco Itau Europa Luxembourg S.A. (Lux.) (POB Lux. ¶ 23) |
| 12-1021-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Grosvenor Investment Management Ltd. (Bermuda) (POB Bermuda ¶ 22), Grosvenor Private Reserve Fund Limited (Bermuda) (RO Bermuda ¶ 23), Grosvenor Balanced Growth Fund Limited (Bermuda) (RO Bermuda ¶ 25), Grosvenor Aggressive Growth Fund Ltd. (Bermuda) (RO Bermuda ¶ 24) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 12-1022-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2], **Sigma** (BVI) (RO BVI)[3] | Crédit Agricole (Suisse) S.A. (Switz.) (POB Switz. ¶ 22), Crédit Agricole S.A. (France) (POB France ¶ 23) |
| 12-1023-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Arden Endowment Advisers, Ltd. (C.I.) (RO C.I. ¶ 26) |
| 12-1025-SMB | **Kingate Global** (BVI) (RO BVI)[2] | Solon Capital (Bermuda) (RO Bermuda ¶ 5) |
| 12-1046-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3] | SNS Bank N.V. (Netherlands) (POB Netherlands ¶ 22), SNS Global Custody B.V. (Netherlands) (POB Netherlands ¶ 23) |
| 12-1047-SMB | **Sentry** (BVI) (RO BVI)[3] | Koch Investment (UK) Company (UK)[16] |
| 12-1194-SMB | **Sentry** (BVI) (RO BVI)[3] | Kookmin Bank, as Trustee (South Korea) (POB South Korea ¶ 22) |
| 12-1195-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2] | SIX SIS AG (Switz.) (POB Switz. ¶ 22) |
| 12-1202-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2] | Vontobel AG f/k/a Bank J. Vontobel & Co. AG (Switz.) (POB Switz. ¶ 23) |
| 12-1205-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Multi-Strategy Fund Ltd. (Canada) (POB Canada ¶ 22), CDP Capital Tactical Alternative Investments (Canada) (POB Canada ¶ 23) |
| 12-1207-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Lloyds TSB Bank plc (UK) (POB UK ¶ 23) |
| 12-1209-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | BSI AG (Switz.) (POB Switz. ¶ 22), Banco del Gottardo (Switz.) |
| 12-1210-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2], **Sigma** (BVI) (RO BVI)[3] | Schroder & Co Bank AG (Switz.) (POB Switz. ¶ 22) |
| 12-1211-SMB | **Sentry** (BVI) (RO BVI)[3] | Union Securities Investment Trust Co. (Taiwan) (POB Taiwan ¶ 22), Union Global Fund (Taiwan) (RO Taiwan ¶ 23), Union Global A Fund (Taiwan) (RO Taiwan ¶ 24), Union Strategy Fund (Taiwan) (RO Taiwan ¶ 25) |
| 12-1216-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Bank Hapoalim B.M. (Israel) (POB Israel ¶ 23), Bank Hapoalim (Switzerland) Ltd. (Switz.) (POB Switz. ¶ 24) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 12-1273-SMB | **Kingate Global** (BVI) (RO BVI)[2], Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9] | Mistral (SPC) (C.I.) (RO C.I. ¶ 8) |
| 12-1278-SMB | **Kingate Global** (BVI) (RO BVI)[2], Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9] | Zephyros Ltd. (C.I.) (RO C.I. ¶ 7) |
| 12-1512-SMB | **Kingate Global** (BVI) (RO BVI)[2], **Sentry** (BVI) (RO BVI)[3] | ZCM Asset Holding Company (Bermuda) LLC (Bermuda) (POB Bermuda ¶ 22) |
| 12-1513-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Citivic Nominees Ltd. (UK) (POB UK ¶ 22) |
| 12-1565-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Standard Chartered Financial Services (Luxembourg) S.A. (Lux.) (RO Lux. ¶ 24) |
| 12-1566-SMB | **Sentry** (BVI) (RO BVI)[3] | UKFP (Asia) Nominees Ltd. (BVI) (POB Hong Kong, RO BVI ¶ 22) |
| 12-1576-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2], Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9] | BNP Paribas S.A. (France) (POB France ¶ 25), BNP Paribas Suisse S.A. (Switz.) (POB Switz. ¶ 26), BNP Paribas Arbitrage SNC (France) (POB France ¶ 27), BNP Paribas Bank & Trust (Canada) (Canada) (POB Canada ¶ 28), BNP Paribas Bank & Trust Cayman Ltd. (C.I.) (POB C.I. ¶ 29), BGL BNP Paribas Luxembourg S.A. (Lux.) (POB Lux. ¶ 30), BNP Paribas Securities Services — Succursale de Luxembourg (France) (POB France ¶ 31), BNP Paribas Securities Services S.A. (France) (POB Lux. ¶ 32) |
| 12-1577-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | Dresdner Bank LateinAmerika AG (Germany), UBS Deutschland AG (Germany) (POB Germany ¶ 22) |
| 12-1577-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Euro** (BVI) (RO BVI)[2] | Dresdner Bank (Schweiz) AG (Switz.) |
| 12-1669-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Barfield Nominees Ltd. (Guernsey) (POB UK ¶ 23) |
| 12-1676-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Credit Suisse AG (Switz.) (RO Switz. ¶ 10), Clariden Leu AG (Switz.) (RO Switz. ¶ 8), Bank Leu AG (Switz.) |
| 12-1677-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | Societe Generale Private Banking (Suisse) S.A. (Switz.) (POB Switz. ¶ 8), Societe Generale Private Banking (Lugano-Svizzera) S.A. (Switz.) (RO Switz. ¶ 9), Socgen Nominees (UK) Ltd. (UK) (RO UK ¶ 10), Lyxor Asset Management S.A. (France) (RO France ¶ 12), Societe |

- 26 -

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| | | Generale Holding de Participations S.A. (France) (RO France ¶ 13), SG Audace Alternatif (France) (RO France ¶ 16), SGAM AI Equilibrium Fund (Lux.) (RO Lux. ¶ 17), Lyxor Premium Fund (Ireland) (RO Ireland ¶ 18), Societe Generale S.A (France) (POB France ¶ 19), Societe Generale Bank & Trust S.A. (Lux.) (RO Lux. ¶ 20) |
| 12-1677-SMB | **Kingate Global** (BVI) (RO BVI)[2] | Bank Audi S.A.M.-Audi Saradar Group (Monaco) (RO Monaco ¶ 25) |
| 12-1677-SMB | **Sentry** (BVI) (RO BVI)[3] | OFI MGA Alpha Palmares (France) (POB France ¶ 22), Oval Palmares Europlus (France) (POB France ¶ 23), UMR Select Alternatif (France) (POB France ¶ 24) |
| 12-1680-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2] | Eurizon Capital SGR S.p.A. (Italy) (POB Italy ¶ 24), Eurizon Low Volatility (Italy) (POB Italy ¶ 25), Eurizon Low Volatility II (Italy) (POB Italy ¶ 26), Eurizon Low Volatility PB (Italy) (POB Italy ¶ 27), Eurizon Medium Volatility (Italy) (POB Italy ¶ 28), Eurizon Medium Volatility II (Italy) (POB Italy ¶ 29), Eurizon Total Return (Italy) (POB Italy ¶ 30)[17] |
| 12-1680-SMB | **Kingate Global** (BVI) (RO BVI)[2] | Intesa Sanpaolo S.p.A. (Italy) (POB New York and Italy ¶ 23) |
| 12-1690-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2] | EFG Bank S.A. (Switz.) (POB Switz. ¶ 25), EFG Bank Monaco S.A.M. (Monaco) (POB Monaco ¶ 26), EFG Bank & Trust Bahamas Ltd. (Bahamas) (POB Bahamas ¶ 27) |
| 12-1691-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Luxalpha SICAV** (Lux.) (RO Lux.)[10], Groupement Financier Ltd. (BVI) (RO BVI)[10], **Kingate Euro** (BVI) (RO BVI)[2] (directly or indirectly through **Elite-Stability Fund SICAV** (Lux.) (RO Lux. ¶ 9) and/or **Elite-Stability Fund SICAV Stablerock Compartment** (Lux.)) | Banque Degroof SA/NV (Belgium) (RO Belgium ¶ 5), Banque Degroof Luxembourg S.A. (Lux.) (RO Lux. ¶ 6), Banque Degroof France S.A. (France) (RO France ¶ 7), Degroof Gestion Institutionnelle Luxembourg S.A. (Lux.) (RO Lux. ¶ 8), Aforge Finance Holding S.A. (France) (RO France ¶ 13), Aforge Finance S.A. (France) (RO France ¶ 14), Aforge Gestion S.A. (France) (RO France ¶ 16), Aforge Capital Management S.A. (Switz.) (RO Switz. ¶ 15) |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| 12-1691-SMB | Groupement Financier Ltd. (BVI) (RO BVI)[10], Groupement Financier Levered Ltd. (BVI), **Luxalpha SICAV** (Lux.) (RO Lux.)[10], **Oreades SICAV** (Lux.) (RO Lux.)[11], **Elite-Stability Fund SICAV** (Lux.) (RO Lux. ¶ 9), **Elite-Stability Fund SICAV Stablerock Compartment** (Lux.) | **Elite-Stability Fund SICAV** (Lux.) (RO Lux. ¶ 9), **Elite-Stability Fund SICAV Stablerock Compartment** (Lux.), Access Management Luxembourg S.A. (Lux.) (RO Lux. ¶ 12) |
| 12-1693-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Sigma** (BVI) (RO BVI)[3] | Lombard Odier (Switz.) (POB Switz. ¶ 22) |
| 12-1694-SMB | **Sentry** (BVI) (RO BVI)[3] | Banque Cantonale Vaudoise (Switz.) (POB Switz. ¶ 22) |
| 12-1695-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], **Kingate Euro** (BVI) (RO BVI)[2] | Bordier & Cie (Switz.) (POB Switz. ¶ 22) |
| 12-1697-SMB | ABN AMRO Fund Services (Isle of Man) Nominees Ltd. (Isle of Man) (POB Isle of Man ¶ 21) | Odyssey (BVI/Isle of Man) |
| 12-1697-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3] | ABN AMRO Fund Services (Isle of Man) Nominees Limited (Isle of Man) (POB Isle of Man ¶ 21) |
| 12-1697-SMB | Fortis (Isle of Man) Nominees, Ltd. (Isle of Man) | Platinum All Weather Fund Limited (C.I.) (POB C.I. ¶ 23) |
| 12-1698-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9] | Banque Internationale à Luxembourg S.A. (Lux.) (POB Lux. ¶ 9), RBC Dexia Investor Services Bank S.A. (Lux.) (POB Lux. ¶ 10), RBC Dexia Investor Services Trust (Canada) (POB Canada ¶ 11), RBC Dexia Investor Services España S.A. (Spain) (POB Spain ¶ 13), Banque Internationale à Luxembourg (Suisse) S.A. (Switz.) (POB Switz. ¶ 15) |
| 12-1699-SMB | **Sentry** (BVI) (RO BVI)[3], **Kingate Global** (BVI) (RO BVI)[2], Rye Select Broad Market Portfolio Ltd. (C.I.) (RO C.I.)[9] | Royal Bank of Canada (Canada) (POB Canada ¶ 10), Guernroy Ltd. (Guernsey) (POB and RO Channel Islands ¶ 11), Royal Bank of Canada (Channel Islands) Ltd. (Guernsey) (POB and RO Channel Islands ¶ 12), Royal Bank of Canada Trust Company (Jersey) Ltd. (Jersey) (POB and RO Channel Islands ¶ 13), Royal Bank of Canada (Asia) Ltd. (Singapore) (POB Singapore ¶ 14), Royal Bank of Canada (Suisse) S.A. (Switz.) (POB Switz. ¶ 15), RBC Dominion |

| ADV. NO. | TRANSFERORS | TRANSFEREE DEFENDANTS |
|---|---|---|
| | | Securities Inc. (Canada) (RO Canada ¶ 16) |
| 12-1700-SMB | ZCM Asset Holding Company (Bermuda) LLC (Bermuda) (POB Bermuda ¶ 23) | Citibank (Switzerland) AG (Switz.)[18] (POB Switz. ¶ 25) |
| 12-1701-SMB | Fairfield Greenwich Ltd. (C.I.) (POB US)[4], Fairfield Greenwich (Bermuda) Ltd. (Bermuda) (POB Bermuda)[4] | Safehand Investments (C.I.), Strongback Holdings Corporation (Malta), PF Trustees Limited in its capacity as trustee of RD Trust (C.I.) (RO C.I. ¶ 71) |
| 12-1702-SMB | **Sentry** (BVI) (RO BVI)[3], **Sigma** (BVI) (RO BVI)[3], **Lambda** (BVI) (RO BVI)[3], Fairfield Greenwich Ltd. (C.I.) (POB US)[4], Fairfield Greenwich (Bermuda) Ltd. (Bermuda) (POB Bermuda)[4] | Dove Hill Trust (Singapore), FG Investors Ltd. (C.I.) (POB C.I. ¶ 87) |

## ENDNOTES FOR APPENDIX A

[1]    Affidavit of Service 1, 3, *Picard* v. *Vizcaya Partners Ltd.*, Adv. Pro. No. 09-1154 (Bankr. S.D.N.Y. Oct. 12, 2009), ECF No. 32.

[2]    Kingate Global Fund Ltd. ("Kingate Global") and Kingate Euro Fund Ltd. ("Kingate Euro") both have their registered offices in the BVI.  Fourth Amended Complaint ¶¶ 38, 40, *Picard* v. *Ceretti*, Adv. Pro. No. 09-1161 (Bankr. S.D.N.Y. Mar. 17, 2014), ECF No. 100.

[3]    Fairfield Sentry Ltd. ("Sentry"), Fairfield Sigma Ltd. ("Sigma"), and Fairfield Lambda Ltd. ("Lambda"), all have their registered offices or registered agent in the BVI.  Amended Complaint ¶¶ 32, 51, 56, *Picard* v. *Fairfield Sentry Ltd.*, Adv. Pro. No. 09-1239-SMB (Bankr. S.D.N.Y. July 20, 2010), ECF No. 23.

[4]    Fairfield Investment Fund has its registered office in the BVI; Fairfield Greenwich (Bermuda) Ltd. has its place of business in Bermuda; Fairfield Greenwich Ltd. has its place of business in the United States.  Amended Complaint ¶¶ 79, 121, 136, *Picard* v. *Fairfield Sentry Limited*, Adv. Pro. No. 09-1239 (Bankr. S.D.N.Y. July 20, 2010), ECF No. 23.

[5]    This location is the registered office of Citco Trustees, the trustee for Fairfield Investment Trust.

[6]    Alpha Prime Fund has its registered office in Bermuda.  Amended Complaint ¶ 60, *Picard* v. *HSBC Bank PLC*, Adv. Pro. No. 09-1364 (Bankr. S.D.N.Y. Dec. 5, 2010), ECF No. 170.

[7]    The claim against this defendant has been settled.  *See Picard* v. *HSBC Bank PLC*, Adv. Pro. No. 09-1364 (Bankr. S.D.N.Y. Dec. 17, 2014), ECF No. 349.

[8]    Harley International (Cayman) Limited ("Harley") has its place of business in the Isle of Man.  Complaint ¶ 31, *Picard* v. *Harley Intl. Ltd.*, Adv. Pro. No. 09-1187 (Bankr. S.D.N.Y. May 12, 2009), ECF No. 1.

## ENDNOTES FOR APPENDIX A (Cont'd)

[9]    Rye Select Broad Market Portfolio Ltd. has its registered office in the Cayman Islands ("C.I."). Complaint ¶ 39, *Picard* v. *Tremont Grp. Holdings, Inc.*, Adv. Pro. No. 10-5310 (Bankr. S.D.N.Y. Dec. 7, 2010), ECF No. 1.

[10]    Luxalpha SICAV has its registered office in Luxembourg and Groupement Financier Ltd. has its registered office in the BVI. Amended Complaint ¶¶ 33, 45, *Picard* v. *UBS AG*, Case No. 11 Civ. 4212 (CM) (S.D.N.Y. Aug. 17, 2011), ECF No. 23. All references to Adversary Proceeding 10-4285 (SMB) refer to the Amended Complaint filed in that proceeding during the period when it had been withdrawn to the District Court. *Id.*

[11]    Oreades SICAV has its registered office in Luxembourg. Complaint ¶ 11, *Picard* v. *Oreades SICAV*, Adv. Pro. No. 10-5120 (Bankr. S.D.N.Y. Dec. 2, 2010), ECF No. 1.

[12]    Rye Select Broad Market XL Portfolio L.P. has its registered office in the Cayman Islands ("C.I."). Complaint ¶ 62, *Picard* v. *Tremont Grp. Holdings, Inc.*, Adv. Pro. No. 10-5310 (Bankr. S.D.N.Y. Dec. 7, 2010), ECF No. 1.

[13]    The specific Tremont fund is not identified in the complaint, but it was Rye Select Broad Market Portfolio Ltd..

[14]    Third Amended Complaint, *Picard* v. *Merkin*, Adv. Pro. No. 09-1182 (Bankr. S.D.N.Y. Aug. 20, 2013), ECF No. 151.

[15]    The Complaint alleges that the transfers by Sentry and Sigma were made to ABN AMRO Bank (Switzerland) AG, a Swiss corporation located in Switzerland. Complaint ¶¶ 23, 44, 46, *Picard* v. *ABN Amro Bank N.V.*, Adv. Pro. No. 11-2760 (Bankr. S.D.N.Y. Oct. 6, 2011), ECF No. 1.

[16]    Koch Industries, Inc. was sued by the Trustee as successor in interest to Koch Investment (UK) Company. Complaint, *Picard* v. *Koch Industries, Inc.*, Adv. Pro. No. 12-01047 (Bankr. S.D.N.Y. Feb. 9, 2012), ECF No. 1.

[17]    The Complaint characterizes Eurizon Low Volatility, Eurizon Low Volatility II, Eurizon Low Volatility PB, Eurizon Medium Volatility, Eurizon Medium Volatility II, and Eurizon Total Return each as an Italian "fondo comune di investimento," which is not a legal entity under Italian law. The assets of these funds were managed and promoted by the asset manager, Eurizon Capital SGR S.p.A., an entity organized under Italian law.

[18]    This transferee is referred to as Citibank (Switzerland) Ltd. in the caption and as both Citibank (Switzerland) Ltd. and Citibank (Switzerland) AG in the body of the complaint.

**APPENDIX B --**
**ADDITIONAL COUNSEL[1]**

**ALLEN & OVERY LLP**

Michael S. Feldberg
(michael.feldberg@allenovery.com)

1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300

**ARNOLD & PORTER LLP**

Scott B. Schreiber
(scott.schreiber@aporter.com)
Andrew T. Karron
(andrew.karron@aporter.com)
Rosa J. Evergreen
(rosa.evergreen@aporter.com)

555 Twelfth Street, N.W.
Washington, DC  20004
(202) 942-5000

**BAKER & MCKENZIE LLP**

David W. Parham (admitted pro hac vice)
(David.Parham@bakermckenzie.com)

2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 978-3000

---

[1] The parties represented by Counsel are shown in Exhibits A-B to the Scheduling Order.

**CHALOS & CO, P.C.**

George M. Chalos
(gmc@chaloslaw.com)
Kerri M. D'Ambrosio
(kdambrosio@chaloslaw.com)

55 Hamilton Avenue
Oyster Bay, New York  11771
(516) 714-4300

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Thomas J. Moloney
(tmoloney@cgsh.com)
Lawrence B. Friedman
(lfriedman@cgsh.com)
David E. Brodsky
(dbrodsky@cgsh.com)
Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
Breon S. Peace
(bpeace@cgsh.com)
Ari D. Mackinnon
(amackinnon@cgsh.com)
Elizabeth E. Vicens
(evicens@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

**CRAVATH, SWAINE & MOORE LLP**

Richard Levin
(rlevin@cravath.com)
David Greenwald
(dgreenwald@cravath.com)

Worldwide Plaza
825 Eight Avenue
New York, New York  10019-7475
(212) 474-1000

**DAVIS & GILBERT LLP**

Joseph Cioffi
(jcioffi@dglaw.com)
Bruce Ginsberg
(bginsberg@dglaw.com)
James R. Serritella
(jserritella@dglaw.com)

1740 Broadway
New York, New York  10019
(212) 468-4820

**DAVIS POLK & WARDWELL LLP**

Elliot Moskowitz
(elliot.moskowitz@davispolk.com)
Andrew Ditchfield
(andrew.ditchfield@davispolk.com)

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

**DECHERT LLP**

Gary J. Mennitt
(gary.mennitt@dechert.com)

1095 Avenue of the Americas
New York, New York  10036-6797
(212) 698-3500

**FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP**

John F. Zulack
(jzulack@fzwz.com)
Elizabeth O'Connor
(eoconnor@fzwz.com)

One Liberty Plaza
New York, New York  10006
(212) 412-9500

**FRESHFIELDS BRUCKHAUS DERINGER
US LLP**

David J. Onorato
(david.onorato@freshfields.com)
David Y. Livshiz
(david.livshiz@freshfields.com)

601 Lexington Avenue
31st Floor
New York, New York 10022
(212) 227-4000

**FRIEDMAN KAPLAN SEILER &
ADELMAN LLP**

Robert J. Lack
(rlack@fklaw.com)

7 Times Square
New York, New York  10036-6516
(212) 833-1100

**GIBSON, DUNN & CRUTCHER LLP**

Marshall R. King
(mking@gibsondunn.com)
Gabriel Herrmann
(gherrmann@gibsondunn.com)

200 Park Avenue
New York, NY  10166
(212) 351-4000

**GOODWIN PROCTER LLP**

Christopher Newcomb
(cnewcomb@goodwinprocter.com)
William P. Weintraub
(wweintraub@goodwinproctor.com)

620 Eighth Avenue
New York, New York  10018
(212) 459-7285

- 34 -

**HOGAN LOVELLS US LLP**

Marc J. Gottridge
(marc.gottridge@hoganlovells.com)
Benjamin J.O. Lewis
(benjamin.lewis@hoganlovells.com)
Erin Marie Meyer
(erin.meyer@hoganlovells.com)

875 Third Avenue
New York, New York  10022
(212) 918-3000

**JONES DAY**

Thomas E. Lynch
(telynch@jonesday.com)
Julie R. Gorla
(jrgorla@jonesday.com)

222 East 41st Street
New York, New York  10017
(212) 326-3939

**KATTEN MUCHIN ROSENMAN LLP**

Anthony Paccione
(anthony.paccione@kattenlaw.com)
Bruce Sabados
(bruce.sabados@kattenlaw.com)
Brian Muldrew
(brian.muldrew@kattenlaw.com)
Mark Ciani
(mark.ciani@kattenlaw.com)
Allison Wuertz
(allison.wuertz@kattenlaw.com)

575 Madison Avenue
New York, NY 10022-2585
(212) 940-8800

**KELLEY DRYE & WARREN LLP**

Daniel Schimmel
(dschimmel@kelleydrye.com)

101 Park Avenue
New York, New York  10178
(212) 808-7800

**KING & SPALDING LLP**

Richard A. Cirillo
(rcirillo@kslaw.com)

1185 Avenue of the Americas
New York, NY 10036-4003
(212) 556-2100

**LATHAM & WATKINS LLP**

Thomas J. Giblin
(Thomas.Giblin@lw.com)
Christopher Harris
(Christopher.Harris@lw.com)

885 Third Avenue
New York, New York  10022
(212) 906-1232

**O'MELVENY & MYERS LLP**

William J. Sushon
(wsushon@omm.com)
Shiva Eftekhari
(seftekhari@omm.com)
Daniel S. Shamah
(dshamah@omm.com)

Seven Times Square
New York, New York  10036
(212) 326-2000

- 36 -

**OTTERBOURG P.C.**

Peter Feldman
(pfeldman@otterbourg.com)
Andrew S. Halpern
(ahalpern@otterbourg.com)

230 Park Avenue
New York, New York  10169
(212) 661-9100

**PAUL HASTINGS LLP**

Barry Sher
(barrysher@paulhastings.com)
Jodi Kleinick
(jodikleinick@paulhastings.com)
Mor Wetzler
(morwetzler@paulhastings.com)

75 East 55th Street
New York, New York  10022
(212) 318-6000

**PROSKAUER ROSE LLP**

Gregg M. Mashberg
(gmashberg@proskauer.com)
Richard L. Spinogatti
(rspinogatti@proskauer.com)

Eleven Times Square
New York, New York  10036
(212) 969-3000

**ROPES & GRAY LLP**

Robert S. Fischler
(Robert.Fischler@ropesgray.com)
Martin J. Crisp
(Martin.Crisp@ropesgray.com)

1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000

- 37 -

**SHEARMAN & STERLING LLP**

Brian H. Polovoy, Esq.
(bpolovoy@shearman.com)

599 Lexington Avenue
New York, New York  10022
(212) 848-4000

**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**

Malani J. Cademartori, Esq.
(mcademartori@sheppardmullin.com)
Blanka K. Wolfe, Esq.
(bwolfe@sheppardmullin.com)

30 Rockefeller Plaza
New York, New York  10112
(212) 653-8700

**STEPTOE & JOHNSON LLP**

Seong J. Kim (*Admitted Pro Hac Vice*)
(skim@steptoe.com)

2121 Avenue of the Stars, Suite 2800
Los Angeles, California  90067
(310) 734-1914

**WILMER CUTLER PICKERING HALE AND
DORR LLP**

Charles C. Platt
(charles.platt@wilmerhale.com)
Andrea J. Robinson
(andrea.robinson@wilmerhale.com)
George W. Shuster, Jr.
(george.shuster@wilmerhale.com)

7 World Trade Center
New York, New York  10007
(212) 230-8860

**WILMER CUTLER PICKERING HALE & DORR LLP**

Benjamin Loveland
(benjamin.loveland@wilmerhale.com)

60 State Street
Boston, MA 02109
(617) 526-6641

**WROBEL SCHATZ & FOX LLP**

Philip R. Schatz
(philip.schatz@wsfny.com)

1040 Avenue of the Americas, Suite 1101
New York, New York  10018
(212) 421-8120

**WUERSCH & GERING**

Samuel D. Levy
(samuel.levy@wg-law.com)

100 Wall Street, 10th Fl.
New York, NY 10005
(212) 509-5050