**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

In re:

BERNARD L. MADOFF,

        Debtor.

Adv. Pro. No. 08-01789 (SMB)

SIPA Liquidation

(Substantively Consolidated)

## ORDER AFFIRMING APPLICATION OF THE TRUSTEE'S INTER-ACCOUNT METHOD TO THE DETERMINATION OF TRANSFERS BETWEEN BLMIS ACCOUNTS

Upon consideration of the Trustee's Motion and Memorandum to Affirm Trustee's Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts (the "Motion")[1] (ECF No. 6084) by Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, filed on March 31, 2014; and upon consideration of the objections by the Objecting Claimants[2]; and upon consideration of the Reply

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Motion.

[2] *Samdia Family, LP's Memorandum of Law in Opposition to the Trustee's Inter-Account Transfer Motion*, dated May 13, 2014 ("*Samdia Objection*") (ECF Doc. #6640); (2) *Memorandum of Law in Opposition to Inter-Account Transfer Motion*, dated May 15, 2014 ("*Most Objection*") (ECF Doc. # 6670); (3) *Objection of Edward A. Zraick, Jr., Nancy Zraick, Patricia Deluca, and Karen Rich to Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts (Claim Nos. 002107 and 002108)*, dated May 16, 2014 ("*Zraick Objection*") (ECF Doc. #6687); (4) *Joinder of Interested Party, the Mittlemann Family Foundation, in Samdia Family, LP's Memorandum of Law in Opposition to the Trustee's Inter-Account Transfer Motion and All Other Objections to the Trustee's Inter-Account Transfer Motion*, dated May 16, 2014 ("*Mittlemann*

Memorandum in Support of Trustee's Motion (ECF No. 6926) by the Trustee, filed on June 6, 2014; and upon consideration of the Reply Memorandum in Support of the Trustee's Determinations Regarding Inter-Account Transfers (ECF No. 6927) by the Securities Investor Protection Corporation ("SIPC"), filed on June 6, 2014; and this Court having held a hearing on the Motion on June 19, 2014; and it appearing that due and proper notice of the Motion and the relief requested therein have been given, and no other or further notice needing to be given; and the Court having reviewed the Motion, the Declarations of Bik Cheema and Kevin Bell, the objections to determination, the objections filed in response to the Motion, the arguments of counsel and the record in this case; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY**:

**ORDERED**, that the relief requested in the Motion is hereby granted as set forth herein for the reasons set forth in the Memorandum Decision Affirming Application of the

---

*Objection*") (ECF Doc. # 6706); (5) *Objection and Joinder of Brian Ross to Arguments Presented in connection with the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts*, dated May 16, 2014 ("*Ross Objection*") (ECF Doc. # 6702); (6) *Objection of Lawrence Elins to Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between Accounts*, dated May 16, 2014 ("*Elins Objection*") (ECF Doc. # 6707); (7) *Customers' Memorandum of Law in Opposition to the Trustee's Method for Valuing Inter-Account Transfers*, dated May 16, 2014 ("*B&P Objection*") (ECF Doc. # 6708); (8) *Marion Apple's Memorandum of Law in Opposition to the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts*, dated May 16, 2014 ("*Apple Objection*") (ECF Doc. # 6713); (9) *Declaration of Jeffrey L. Bernfeld*, dated May 16, 2014 ("*Bernfeld Objection*") (ECF Doc. # 6714); (10) *The Kostin Company's Opposition to the "Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts,"* dated May 16, 2014 ("*Kostin Objection*") (ECF Doc. # 6727); (11) *Westport National Bank's Joinder in Claimants' Omnibus Opposition to the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts*, dated May 16, 2014 ("*Westport Objection*") (ECF Doc. # 6731); (12) *Claimants' Omnibus Opposition to the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts*, dated May 16, 2014 ("*Milberg Objection*") (ECF Doc. # 6732); (13) *Customers' Joinder in Claimants' Omnibus Opposition to the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts*, dated May 16, 2014 ("*Lax Objection*") (ECF Doc. # 6732); (14) *The Diana Melton Trust, Dated 12/05/05 Opposition to the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts*, dated May 21, 2014 ("*Melton Objection*") (ECF Doc. # 6792); and (15) *Elliot G. Sagor Memorandum of Law in Opposition to the Trustee's One Size Fits All Method for Valuing Inter-Account Transfers Which Inequitably and Harshly Does Not Always Credit a Customer's Principal Investment or Cash in*, dated June 2, 2014 ("*Sagor Objection*") (ECF Doc. # 6900).

2

Trustee's Inter-Account Method to the Determination of Transfers Between BLMIS Accounts (the "Decision") (ECF No. 8680), dated December 8, 2014, and any objections to the Motion are hereby overruled to the extent they raise the Inter-Account Transfer Issue; and it is further

**ORDERED**, that the objections to the Trustee's determinations listed on Exhibits 1 and 2 annexed to the supporting Declaration of Bik Cheema, copies of which Exhibits are attached hereto, are overruled to the extent they raise the Inter-Account Transfer Issue to the extent provided in the Decision.

Dated: New York, New York
December 19th, 2014

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

3