Elliot G. Sagor
600 Park Avenue South
25th Floor
New York, New York 10016
sagor@mintzandgold.com
*Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Defendant. | |

**APPELLANT'S STATEMENT OF ISSUES ON APPEAL AND**
**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD**

Appellant, Elliot G. Sagor, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby identifies the following issues to be presented on appeal and designates the items to be included in the record on appeal to the United States District Court for the Southern District of New York from the Memorandum Decision of the United States Bankruptcy Court for the Southern District of New York (Hon. Stuart M. Bernstein) (the "Bankruptcy Court"), dated December 5, 2014, and entered in the above-captioned proceeding on December 8, 2014 (ECF Doc. 8680) (the "Decision").

1

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred as a matter of law in failing to credit appellant for $175,000 in his defined benefits plan invested in BLMIS as cash-in when appellant, a net loser with a unique claim who unlike all others did not receive a penny of fictitious profits or any other money from any BLMIS account, and was seeking only to recover the $175,000 net equity in his own individual BLMIS account?

2. Whether the Bankruptcy Court's application of a one size fits all approach to appellant's claim contravenes the Second Circuit's controlling precedent admonishing that "differing fact patters will inevitably call for differing approaches to ascertaining the fairest method of approximating 'net equity' as defined by SIPA" and "no one size fits all" in the Net Equity Decision, 654 F.3d 229 (2d Cir. 2011)?

3. Whether the Bankruptcy Court erred as a matter of law by analogizing appellant's claim to a fund or a "feeder fund" account that invested in BLMIS where it is undisputed that appellant had his own individual account since 2001 (long before the BLMIS bankruptcy) that was entitled to SIPA protection and should have been credited with his cash-in of $175,000?

4. Whether the Bankruptcy Court erred as a matter of law in discriminating against appellant's claim by requiring him at some future time to show he was a "customer" in an omnibus account where the trustee did not require any such a showing of customer status in the omnibus account if the account were a net loser at the time of the transfer?

5. Whether the Bankruptcy Court erred as matter of law in approving the trustee's inequitable methodology because of ease of application rather than considering "differing

2

approaches" or equitable concerns to give appellant back his cash-in according to his K-1's totaling $175,000 invested in 1990, 1993, 1995, and 1997?

6. Whether the Bankruptcy Court erred as a matter of law in not addressing appellant's claim to get his cash-in back as a matter of equity and to maximize to the extent possible giving a claimant back his cash-in without giving anyone a penny of fictitious profits?

### **DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

| FILING DATE | ECF NO. | DESCRIPTION |
|---|---|---|
| 10/16/09 | 525 | Memorandum of Law in Support of Trustee's Motion For an Order Upholding Trustee's Determination Denying "Customer" Claims For Amounts Listed on Last Customer Statement, Affirming Trustee's Determination of Net Equity, and Expunging Those Objections With Respect To The Determinations Relating To Net Equity (related document(s)524) filed by David J. Sheehan on behalf of Irving H. Picard. (Sheehan, David) (Entered: 10/16/2009) |
| 3/1/10 | 1999 | Written Opinion/Memorandum Decision signed on 3/1/2010 Granting Trustees Motion For An Order (1) Upholding Trustees Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustees Determination Of Net Equity; And (3) Expunging Objections To Determinations Relating To Net Equity (related document(s)437, 524). (Saenz De Viteri, Monica) (Entered: 03/01/2010) |
| 12/21/10 | 3553 | Objection To Trustee's Determination Of Claim filed by Elliot G. Sagor on behalf of Elliot G. Sagor. (Attachments: 1 Exhibit A) (Sagor, Elliot) (Entered: 12/21/2010) |
| 3/31/14 | 6084 | Motion to Allow - Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts filed by David J. Sheehan on behalf of Irving H. Picard with hearing to be held on 6/19/2014 at 10:00 AM at Courtroom 723 (SMB) Objections due by 5/16/2014,. (Sheehan, David) (Entered: 03/31/2014) 03/31/2014 /doc1/126014462319 |
| 3/31/14 | 6085 | Memorandum of Law in Support of Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts |

3

| | | |
|---|---|---|
| 3/31/14 | 6086 | 3/31/2014 6086 Declaration of Bik Cheema in Support of the Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts (related document(s)6085, 6084) filed by David J. Sheehan on behalf of Irving H. Picard. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) |
| 6/3/2014 | 6900 | Opposition Brief of Elliot G. Sagor (related document(s)6084) filed by Elliot G. Sagor on behalf of Elliot G. Sagor. |
| 6/3/2014 | 6901 | Declaration of ELLIOT G. SAGOR, ESQ. (related document(s)6084) filed by Elliot G. Sagor on behalf of Elliot G. Sagor. (Attachments: # 1 Appendix Document Appendix to Memorandum of Law # 2 Certificate of Service) |
| 6/6/14 | 6926 | Reply Memorandum of Law in Support of Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts |
| 6/6/14 | 6927 | Reply Memorandum of Law of the Securities Investor Protection Corporation in Support of the Trustee's Determination Regarding Inter-Account Transfers |
| 7/3/14 | 7249 | Transcript regarding Hearing Held on 6/19/2014 10:40AM RE: InterAccount Transfers -- Trustee's Motion Affirming Application of Net Investment Method to Inter- Account Transfers. |
| 12/8/14 | 8680 | Memorandum Decision Affirming Application of the Trustees Inter-Account Method to the Determination of Transfers Between BLMIS Accounts. |
| 12/12/14 | 8741 | Notice of Settlement of an Order Affirming Application of the Trustee's Inter-Account Method to the Determination of Transfers Between BLMIS Accounts (related document(s)8680) filed by David J. Sheehan on behalf of Irving H. Picard. with hearing to be held on 12/19/2014 at 10:00 AM at Courtroom 723 (SMB) Objections due by 12/17/2014, (Attachments: # 1 Proposed Order # 2 Exhibit 1 to Proposed Order # 3 Exhibit 2 to Proposed Order) |
| 12/22/14 | 8857 | Order Signed On 12/19/2014 Re: Affirming Application Of The Trustees Inter-Account Method To The Determination Of Transfers Between BLMIS Accounts (Related Doc # 6084) |
| 1/5/15 | 8917 | Notice of Appeal (related document(s)8857) filed by Elliot G Sagor on behalf of Elliot G. Sagor. (Attachments: # 1 Exhibit (Order Appealed From)) |

4

Dated:   January 19, 2015

          Elliot G. Sagor
          600 Park Avenue South
          25th Floor
          New York, New York 10016
          sagor@mintzandgold.com
          *Pro Se*

## CERTIFICATE OF SERVICE

I, Elliot G. Sagor, hereby certify that on the 19th day of January, 2015, I electronically filed APPELLANTS' STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD with the Clerk of the Court using the CM/ECF system, which automatically sent notification of such filing to the parties in this action that have elected to receive electronic notification through the CM/ECF system.

Respectfully submitted,

/s/ Elliot G. Sagor
600 Park Avenue South
25th Floor
New York, New York 10016
sagor@mintzandgold.com
*Pro Se*