**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br>v.<br><br>SHIRLEY G. LIBBY LIVING TRUST DATED 11/30/95; AND SHIRLEY G. LIBBY, individually and in her capacity as Settlor of and Trustee for the Shirley G. Libby Living Trust Dated 11/30/95,<br><br>   Defendants. | Adv. Pro. No. 10-05313 (SMB) |

## STIPULATION OF PARTIAL SETTLEMENT AND
## STAY OF FURTHER PROCEEDINGS UNTIL RESOLUTION OF
## BANKRUPTCY CODE SECTION 546(e) APPEAL

Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendants Shirley G. Libby Living Trust Dated 11/30/95 and Shirley G. Libby, individually and in her capacity as settlor of and trustee for the Shirley G. Libby Living Trust Dated 11/30/95 (the "Defendants", and together with Trustee, the "Parties"), by and through their counsel, Gabrielle Pretto, Esq., hereby stipulate and agree to the following:

1. On December 8, 2010, Trustee commenced this adversary proceeding against the Defendants seeking the avoidance and recovery of transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. By Order dated April 30, 2012, (the "Dismissal Order"), the U.S. District Court for the Southern District of New York dismissed Trustee's claims to avoid and recover the Non-Two Year Transfers made to certain defendants based on an interpretation of Bankruptcy Code Section 546(e).

3. Trustee appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal").

4. On December 8, 2014, the Second Circuit affirmed the Dismissal Order. The time for which the Trustee could seek en banc review of the Second Circuit's December 8, 2014 decision or seek review by the United States Supreme Court has not expired.

5. On November 28, 2014, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to the Settlement Order, entered by this Court on November 12, 2010 [Dkt. No. 3181].

6. Under the Settlement Agreement, the Parties have settled Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

7. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, Trustee will, as soon as practicable, dismiss Trustee's Two Year Transfer claims against the Defendants, and the Defendants shall respond to Trustee's Non-Two Year Transfer claims within thirty (30) days of the entry of such final, non-appealable order. Defendants agree they will not assert any laches, statutes of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against them by this Stipulation. The Parties stipulate and agree that: (i) Trustee preserves all rights, claims, causes of action, if any, against the Defendants for the Non-Two Year Transfers, and (ii) the Defendants preserve all defenses, if any, in response to Trustee's Non-Two Year Transfers.

8. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, Trustee will, as soon as practicable, dismiss the adversary proceeding without prejudice and without costs to either Trustee or the Defendants.

9. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGES TO FOLLOW]

Dated: January 21, 2015

**BAKER & HOSTETLER LLP**

By: s/ Nicholas J. Cremona
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**LAX & NEVILLE, LLP**

By: s/ Gabrielle J. Pretto
1450 Broadway, 35th Floor
New York, New York 10018
Telephone:(212) 696-1999
Facsimile: (212) 566-4531
Gabrielle J. Pretto
Email: gpretto@laxneville.com
Brian J. Neville
Email: bneville@laxneville.com
Barry R. Lax
Email: blax@laxneville.com

*Attorneys for Defendants Shirley G. Libby Living Trust Dated 11/30/95 and Shirley G. Libby, individually and in her capacity as Settlor of and Trustee for the Shirley G. Libby Living Trust Dated 11/30/95*

|  |  |
|---|---|
|  | SO ORDERED |
|  | /s/ STUART M. BERNSTEIN |
| Dated: January 22nd, 2015 | Honorable Stuart M. Bernstein |
| New York, New York | United States Bankruptcy Judge |