**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br>v.<br><br>MELVIN MARDER, individually and in his capacity as Personal Representative of the Estate of Miriam Marder, and the ESTATE OF MIRIAM MARDER,<br><br>　　　　Defendants. | Adv. Pro. No. 10-04618 (SMB) |

### STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS UNTIL RESOLUTION OF BANKRUPTCY CODE SECTION 546(E) APPEAL

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendants Melvin Marder, individually and in his capacity as Personal Representative of the Estate of Miriam Marder, and the Estate of Miriam Marder (the "Defendants"), and with the Trustee, the "Parties", by and through their counsel, hereby stipulate and agree to the following:

1. On December 1, 2010, the Trustee commenced this adversary proceeding against, among others, the Defendants seeking the avoidance and recovery of: (a) transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. By Order dated April 30, 2012, (the "Dismissal Order"), the United States District Court for the Southern District of New York (the "District Court") dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers made to certain defendants based on an interpretation of Bankruptcy Code Section 546(e).

3. The Trustee appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal").

4. On December 8, 2014, the Second Circuit affirmed the Dismissal Order. The time for which the Trustee could seek review by the United States Supreme Court has not expired.

5. On September 18, 2014, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181].

6. Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

7. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Trustee will, as soon as practicable, dismiss the Trustee's Two Year Transfer claims against the Defendants, and the Defendants shall respond to the Trustee's Non-Two Year Transfer claims within thirty (30) days of the entry of such final, non-appealable order. The Defendants agree they will not assert any laches, statute of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against them by this Stipulation. The Parties stipulate and agree: (i) the Trustee preserves all rights, claims, causes of action, if any, against the Defendants for the Non-Two Year Transfers, and (ii) the Defendants preserve all defenses, if any, in response to the Trustee's Non-Two Year Transfers.

8. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding without prejudice and without costs to either the Trustee or the Defendants.

9. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

Dated: January __, 2015

        BAKER & HOSTETLER LLP

        By: */s/ Nicholas J. Cremona*
           45 Rockefeller Plaza
           New York, New York 10111
           Telephone: 212.589.4200
           Facsimile: 212.589.4201

        *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

        Lax & Neville

        By: */s/ Gabrielle J. Pretto*
           1450 Broadway
           New York, NY 10018
           Telephone: 212.696.1999
           Facsimile: 212.566.4531

        *Attorneys for Defendants Melvin Marder, individually and in his capacity as Personal Representative of the Estate of Miriam Marder, and the Estate of Miriam Marder*

        SO ORDERED

Dated: January 22nd, 2015
     New York, New York

        /s/ STUART M. BERNSTEIN
        HONORABLE STUART M. BERNSTEIN
        UNITED STATES BANKRUPTCY JUDGE