**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05147 (SMB) |
| KELLY-SEXTON INC. PROFIT SHARING PLAN AND TRUST; T. MICHAEL KELLY, in his capacity as Trustee for the Kelly-Sexton Inc. Profit Sharing Plan and Trust; KEVIN M. KELLY, in his capacity as Trustee for the Kelly-Sexton Inc. Profit Sharing Plan and Trust; and TIMOTHY SEXTON, in his capacity as Trustee for the Kelly-Sexton Inc. Profit Sharing Plan and Trust, | |
| Defendants. | |

## STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS UNTIL RESOLUTION OF BANKRUPTCY CODE SECTION 546(E) APPEAL

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and Defendants Kelly-Sexton Inc. Profit Sharing Plan And Trust; T. Michael Kelly; Kevin M. Kelly; and Timothy Sexton (collectively, "Defendants", and with the Trustee, the "Parties"), by and through their counsel, hereby stipulate and agree to the following:

1. On December 2, 2010, the Trustee commenced this adversary proceeding against the Defendants seeking the avoidance and recovery of transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. By Order dated April 30, 2012, (the "Dismissal Order"), the United States District Court for the Southern District of New York (the "District Court") dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers made to certain defendants based on an interpretation of Bankruptcy Code Section 546(e).

3. The Trustee appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal").

4. On December 8, 2014, the Second Circuit affirmed the Dismissal Order. The time for which the Trustee could seek review by the United States Supreme Court has not expired.

2

5.    On January 20, 2015, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181].

6.    Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

7.    If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Trustee will, as soon as practicable, dismiss the Trustee's Two Year Transfer claims against the Defendants, and the Defendants shall respond to the Trustee's Non-Two Year Transfer claims within thirty (30) days of the entry of such final, non-appealable order. The Defendants agree they will not assert any laches, statute of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed as against them by this Stipulation. The Parties stipulate and agree that: (i) the Trustee preserves all rights, claims, causes of action, if any, against the Defendants for the Non-Two Year Transfers, and (ii) the Defendants preserve all defenses, if any, in response to the Trustee's Non-Two Year Transfers.

8.    If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding without prejudice and without costs to either the Trustee or the Defendants.

9.    The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

3

Dated: January 23, 2015

BAKER & HOSTETLER LLP

By: /s/ Nicholas J. Cremona
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

LAX & NEVILLE LLP

By: /s/ Gabrielle Pretto
Barry R. Lax
Email: blax@laxneville.com
Brian J. Neville
Email: bneville@laxneville.com
Gabrielle Pretto
Email: gpretto@laxneville.com
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: 212.696.1999
Facsimile: 212.566.4531

*Attorneys for Defendants Kelly-Sexton Inc. Profit Sharing Plan and Trust, Kevin M. Kelly, T. Michael Kelly, and Timothy Sexton*

SO ORDERED

/s/ STUART M. BERNSTEIN
HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: January 23, 2015
   New York, New York