# EXHIBIT B

BECKER & POLIAKOFF LLP
Helen Davis Chaitman (4266)
45 Broadway
New York, NY 10006
(212) 599-3322
hchaitman@bplegal.com

*Attorneys for the General Partners
(defined below)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>SECURITIES INVESTOR PROTECTION CORPORATION,<br>                       Plaintiff-Applicant,<br>              v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                       Defendant. | Adv. Pro. No. 08-1789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                       Debtor. | |

## GENERAL PARTNERS' OBJECTIONS AND RESPONSES TO TRUSTEE'S REQUESTS FOR ADMISSION

Adam Holloway; Alice & Marvin Iuen; Andrea Dee King; Ann Sanders; Ann Sullivan; Bette Anne Peltzer; Brenda & Walter Buckley; Brenda Joyce Chapman; Carol Fox Family Partnership c/o Carol Fox; Charles & Donna Rowan; Cindy Wallick; Craig Snyder; Corinne Playso; Densel Raines; Don & Carolyn Dunkle; Don Holloway; Dorothea Marema; Michael F. Jacob; Edward Jacobs deceased; Emilie Leonardi; Estate of Scott S. Patience; Judith Patience Heyl; Fox Family Partnership c/o Harvey Powell;

{N0035055 4}

Irwin & Mary Reed; Jenina Jacob c/o Lucia Ann Mahns Jacob; Jess Taylor; Kathryn Babcock; Louis Jr. & Darlene O'Neal; Martha Gennett; Matthew Jacob; Michael Podwill; Phillip Hocott; Richard & Dora Long; Robert Podwill; Scott & Alicia Holloway; Susan Michaelson; Trisha Nichols; Edith Pillsbury; Steven Jacob; Guardian Angel Trust, LLC; and SPJ Investments, Ltd., (the "General Partners"), by and through their attorneys, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, respond and object to the First Set of Requests for Admission (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1. The General Partners object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. The General Partners object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests information that is not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. The General Partners object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to

{N0035055 4}                                   2

settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. The General Partners object to the Requests to the extent they call for a response to legal questions, and therefore call for legal conclusions.

5. The General Partners object to the Requests to the extent they seek disclosure of proprietary and/or confidential business information.

6. The General Partners object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents.

7. The General Partners reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the General Partners specifically state otherwise.

8. In response to these Requests, the General Partners do not concede that any of the responses or information contained herein is relevant or admissible. The General Partners reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

9. The Responses reflect the General Partners' present knowledge, information and belief and may be subject to change or modification based on the General Partners' further discovery, or facts or circumstances which may come to their knowledge. The General Partners specifically reserve the right to further supplement,

{N0035055 4}                                                   3

clarify, correct, or otherwise revise their Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

10. The General Partners' response to each of the Requests is made subject to these General Objections and limitations. The General Partners set them out here to avoid repeating them in response to each individual Request. The General Partners' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

## RESPONSES AND OBJECTIONS

**Request No. 1:** Admit the Account was not titled in Your name.

**Response: Admitted.**

**Request No. 2:** Admit You did not have an account in Your name at BLMIS.

**Response: Denied. The Account was held in a name of a Florida General Partnership, of which each of the General Partners was a general partner of the Accountholder, a member of a general partner of the Accountholder, or limited liability partner of a general partner of the Accountholder. BLMIS was informed by the managing partner of the Accountholder that the Accountholder was a Florida general partnership and was informed that each partner became a partner of the Accountholder in order to invest his/her/its funds in BLMIS. Thus, BLMIS knew, from inception, that the Accountholder was investing money that belonged to each of the General Partners of the Accountholder.**

**Request No. 3:** Admit You never received correspondence directly from BLMIS.

**Response: Admitted.**

**Request No. 4:** Admit You never made a payment of cash directly to BLMIS for credit to an account in Your name.

**Response: Admitted.**

**Request No. 5:** Admit You never deposited securities directly with BLMIS.

**Response: Admitted.**

{N0035055 4}                                            4

**Request No. 6:** Admit You never withdrew funds directly from BLMIS.

**Response: Admitted.**

**Request No. 7:** Admit that any funds You received were transmitted to You from Accountholder.

**Response: Denied. In some instances, some of the Responding Parties received funds from Guardian Angel Trust, LLC ("Guardian") or SPJ Investments, LTD ("SPJ") directly.**

**Request No. 8:** Admit You did not receive investment statements from BLMIS in Your name.

**Response: Admitted.**

**Request No. 9:** Admit You did not receive tax statements from BLMIS in Your name.

**Response: Admitted.**

**Request No. 10:** Admit You never entered into any contracts in Your name with BLMIS.

**Response: Admitted.**

**Request No. 11:** Admit Your only relationship to BLMIS existed by way of Your relationship to Accountholder.

**Response: Denied. The Account was held in a name of a Florida General Partnership, of which each of the General Partners was a general partner, a member of a general partner of the Accountholder, or limited liability partner of a general partner of the Accountholder. BLMIS was informed by the managing partner of the Accountholder that the Accountholder was a Florida general partnership and was informed that each partner became a partner of the Accountholder in order to invest his/her/its funds in BLMIS. Thus, BLMIS knew, from inception, that the Accountholder was investing money that belonged to each of the General Partners of the Accountholder.**

**Request No. 12:** Admit You did not have any control or investment discretion over any investment assets at BLMIS.

**Response: Denied. The General Partners became general partners of**

{N0035055 4}                                    5

the Accountholder, members of a general partner of the Accountholder, or partners of a general partner of the Accountholder, with the purpose of having their funds deposited, through the account of the Accountholder, with BLMIS for the purpose of purchasing securities for their benefit. At all times, the General Partners retained control over whether to keep or withdraw their money that was invested in BLMIS.

**Request No. 13:** Admit that Accountholder had its own bank account and kept its funds separate from Your personal funds.

**Response: Denied. The Accountholder's bank account held the funds belonging to the General Partners.**

**Request No. 14:** Admit that all property acquired by the Accountholder, including the assets at BLMIS, were owned by and in the name of the Accountholder.

**Response: Denied. The General Partners owned the assets at BLMIS in either, the percentage of their general partnership interest, or their membership or partnership interest in a general partner of the Accountholder.**

**Request No. 15:** Admit that there was an Accountholder agreement that restricted management rights of partners giving exclusive management and control of the Accountholder to Managing General Partners, Michael D. Sullivan and Greg Powell.

**Response: Denied. The Partnership Agreement gave the Managing General Partner the right to manage the funds, subject to their being invested in BLMIS for the benefit of each individual General Partner.**

December 2, 2013

        **BECKER & POLIAKOFF LLP**

        By: /s/ Helen Davis Chaitman
        45 Broadway
        New York, NY 10006
        (212) 599-3322
        *Attorneys for the General Partners*