# EXHIBIT C

BECKER & POLIAKOFF LLP
Helen Davis Chaitman (4266)
45 Broadway
New York, NY 10006
(212) 599-3322
hchaitman@bplegal.com

*Attorneys for the General Partners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　Plaintiff-Applicant,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　Defendant. | Adv. Pro. No. 08-1789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　Debtor. | |

**GENERAL PARTNERS' OBJECTIONS AND RESPONSES
TO TRUSTEE'S REQUEST FOR DOCUMENTS**

Adam Holloway; Alice & Marvin Iuen; Andrea Dee King; Ann Sanders; Ann Sullivan; Bette Anne Peltzer; Brenda & Walter Buckley; Brenda Joyce Chapman; Carol Fox Family Partnership c/o Carol Fox; Charles & Donna Rowan; Cindy Wallick; Craig Snyder; Corinne Playso; Densel Raines; Don & Carolyn Dunkle; Don Holloway; Dorothea Marema; Michael F. Jacob; Edward Jacobs deceased; Emilie Leonardi; Estate of Scott S. Patience; Judith Patience Heyl; Fox Family Partnership c/o Harvey Powell; Irwin & Mary Reed; Jenina Jacob c/o Lucia Ann Mahns Jacob; Jess Taylor; Kathryn Babcock; Louis Jr. & Darlene O'Neal; Martha Gennett; Matthew Jacob; Michael Pod-

{N0035047 }

will; Phillip Hocott; Richard & Dora Long; Robert Podwill; Scott & Alicia Holloway; Susan Michaelson; Trisha Nichols; Edith Pillsbury; Steven Jacob; Guardian Angel Trust, LLC; and SPJ Investments, Ltd., (the "General Partners"), by and through their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, respond and object to the First Set of Requests for Production of Documents (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1. The General Partners object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. The General Partners object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. The General Partners object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. The General Partners object to the Requests to the extent they require production of documents in the possession, custody, or control of former employees of the

{N0035047 }                                           2

General Partners. Documents such persons might possess are not within the possession, custody, or control of the General Partners.

5. The General Partners object to the Requests to the extent they call for a response to legal questions, and therefore call for legal conclusions.

6. The General Partners object to the Requests to the extent they seek disclosure of proprietary and/or confidential business information.

7. The General Partners object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the General Partners.

8. The General Partners object to the definition of "Applicable Period" to the extent that includes the time period before the Responding Parties invested in BLMIS.

9. The General Partners reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Document Requests, unless the General Partners specifically state otherwise.

10. The General Partners' responses to the Requests are based upon information presently available. The General Partners has not completed discovery. Accordingly, these responses are made without prejudice to the General Partners' right to present additional evidence in support of its claim based upon information subsequently obtained or evaluated.

11. The General Partners expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

12. The General Partners' response to each of the Requests is made subject to these General Objections and limitations. The General Partners set them out here to avoid repeating them in response to each individual Request. The General Partners' fail-

{N0035047 }                                    3

ure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

## RESPONSES AND OBJECTIONS

**Request No. 1:** All Documents concerning BLMIS, including, but not limited to correspondence to, from, or concerning BLMIS; any contracts or agreements with or relating to BLMIS; any customer or other statements of account; and/or any marketing or promotional materials.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith.**

**Request No. 2:** Any Documents other than those requested in question 1 above, which evidence that You had an account in your name at BLMIS.

**Response: The General Partners did not have accounts in their own name.**

**Request No. 3:** All Documents that evidence that You were identified or otherwise reflected in BLMIS's books and records.

**Response: All responsive documents are in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 4:** All Documents concerning any relationship between You and BLMIS.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 5:** All Documents concerning Your entrustment of securities and/or funds to BLMIS.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 6:** All Documents concerning Your withdrawal of funds from BLMIS.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 7:** All Documents concerning any BLMIS account in which You invested, including the Account.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 8:** All Documents that evidence you had control or discretion over investment assets at BLMIS.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 9:** All Documents concerning Accountholder, including, but not limited to, Documents Concerning the formation of Accountholder; Your rights and interests as it relates to Accountholder; the management of Accountholder; any marketing, promotional, or other informational materials; and all financial records Concerning Your relationship with Accountholder, such as checks, account statements, bank account records, and tax Documents.

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 10:** All Documents You intend to rely upon to support Your claim to "customer" status as such term is defined in 15 U.S.C. § 78*lll*(2).

**Response: All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 11:** All Documents disputing that the investment assets at BLMIS were owned by and in the name of the Accountholder.

**Response:** **All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 12:** All Documents that support Your Objection.

**Response:** **All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 13:** All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

**Response:** **All documents responsive to this request are being produced herewith.**

**Request No. 14:** All organizational Documents relating to You or any entity that is affiliated with or otherwise related to You through common or affiliated management or otherwise, including, but not limited to, articles of incorporation; limited partnership, limited liability company or trust agreements; memoranda of association and articles of association; or any Document with an equivalent function, each as originally constituted and as amended or otherwise modified through the date of your response, where Claimant is not a natural person.

**Response:** **All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 15:** All trust/will instruments, including any amendments, where Claimant is a trust and/or estate.

**Response:** **All responsive documents, to the extent that they have been located, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

December 2, 2013

                                      **BECKER & POLIAKOFF LLP**

                                      By: /s/ Helen Davis Chaitman
                                      45 Broadway

{N0035047 }                             6

New York, NY 10006
(212) 599-3322
*Attorneys for the General Partners*

{N0035047 }                             7

BECKER & POLIAKOFF LLP
Helen Davis Chaitman (4266)
45 Broadway
New York, NY 10006
(212) 599-3322
hchaitman@bplegal.com

*Attorneys for the General Partners*
*(defined below)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>SECURITIES INVESTOR PROTECTION CORPORATION,<br>               Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>               Defendant. | Adv. Pro. No. 08-1789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>               Debtor. | |

**GENERAL PARTNERS' OBJECTIONS AND RESPONSES
TO TRUSTEE'S REQUEST FOR DOCUMENTS**

Abraham & Rita Newman; Abraham Saland; Bruce & Lynn Cummings; Gerald Login; HC Koehler; HG-SW Brazil c/o Hugh De Blacam; James Jordan; Joyce Forte; Matt Carone; Myra Friedman; Robert & Suzanne Plati; and Sam & Edith Rosen (the "General Partners"), by and through their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, respond and object to the First Set

{N0035009 2 }

of Requests for Production of Documents (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1. The General Partners object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. The General Partners object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. The General Partners object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions, or other information of the General Partners' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. The General Partners object to the Requests to the extent they require production of documents in the possession, custody, or control of former employees of the General Partners. Documents such persons might possess are not within the possession, custody, or control of the General Partners.

5. The General Partners object to the Requests to the extent they call for a response to legal questions, and therefore call for legal conclusions.

6. The General Partners object to the Requests to the extent they seek disclosure of proprietary and/or confidential business information.

7. The General Partners object to each definition, instruction, and Request as overbroad and

{N0035009 2 }                                                    2

unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the General Partners.

8. The General Partners object to the definition of "Applicable Period" to the extent that includes the time period before the General Partners invested in BLMIS.

9. The General Partners reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Document Requests, unless the General Partners specifically state otherwise.

10. The General Partners' responses to the Requests are based upon information presently available. The General Partners have not completed discovery. Accordingly, these responses are made without prejudice to the General Partners' right to present additional evidence in support of their claims based upon information subsequently obtained or evaluated.

11. The General Partners expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

12. The General Partners' response to each of the Requests is made subject to these General Objections and limitations. The General Partners' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

## RESPONSES AND OBJECTIONS

**Request No. 1:** All Documents concerning BLMIS, including, but not limited to correspondence to, from, or concerning BLMIS; any contracts or agreements with or relating to BLMIS; any customer or other statements of account; and/or any marketing or promotional materials.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith.**

{N0035009 2 } 3

**Request No. 2:** Any Documents other than those requested in question 1 above, which evidence that You had an account in your name at BLMIS.

**Response: The General Partners are not in possession of documents responsive to this request. The General Partners did not have accounts in their own name at BLMIS.**

**Request No. 3:** All Documents that evidence that You were identified or otherwise reflected in BLMIS's books and records.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 4:** All Documents concerning any relationship between You and BLMIS.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 5:** All Documents concerning Your entrustment of securities and/or funds to BLMIS.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 6:** All Documents concerning Your withdrawal of funds from BLMIS.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.**

**Request No. 7:** All Documents concerning any BLMIS account in which You invested, including the Account.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Doc-

uments responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.

**Request No. 8:** All Documents that evidence you had control or discretion over investment assets at BLMIS.

**Response:** All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.

**Request No. 9:** All Documents concerning Accountholder, including, but not limited to, Documents Concerning the formation of Accountholder; Your rights and interests as it relates to Accountholder; the management of Accountholder; any marketing, promotional, or other informational materials; and all financial records Concerning Your relationship with Accountholder, such as checks, account statements, bank account records, and tax Documents.

**Response:** All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.

**Request No. 10:** All Documents You intend to rely upon to support Your claim to "customer" status as such term is defined in 15 U.S.C. § 78*lll*(2).

**Response:** All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.

**Request No. 11:** All Documents disputing that the investment assets at BLMIS were owned by and in the name of the Accountholder.

**Response:** All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of the Accountholder's conservator.

**Request No. 12:** All Documents that support Your Objection.

**Response:** All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Documents responsive to this request would also be in the possession of BLMIS or the Accountholder's conservator.

**Request No. 13:** All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

**Response: All documents responsive to this request are being produced herewith.**

**Request No. 14:** All organizational Documents relating to You or any entity that is affiliated with or otherwise related to You through common or affiliated management or otherwise, including, but not limited to, articles of incorporation; limited partnership, limited liability company or trust agreements; memoranda of association and articles of association; or any Document with an equivalent function, each as originally constituted and as amended or otherwise modified through the date of your response, where Claimant is not a natural person.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Responsive documents would also be in the possession of the Accountholder's conservator.**

**Request No. 15:** All trust/will instruments, including any amendments, where Claimant is a trust and/or estate.

**Response: All responsive documents, to the extent that they exist and are in the General Partners' possession, are being produced herewith. Responsive documents would also be in the possession of the Accountholder's conservator.**

December 2, 2013

                **BECKER & POLIAKOFF LLP**

                By: /s/ Helen Davis Chaitman
                45 Broadway
                New York, NY 10006
                (212) 599-3322
                *Attorneys for the General Partners*