# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 28, 2015

Deborah H. Renner
direct dial: 212.589.4654
drenner@bakerlaw.com

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Consolidated proceeding of Picard v. Goldman, Adv. Pro. No. 14-02407 (Bankr.
      S.D.N.Y. filed Nov. 17, 2014) and Adv. Pro. No. 14-02408 (Bankr. S.D.N.Y. filed Nov.
      17, 2014)

Dear Judge Bernstein:

We represent Irving H. Picard, the Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC. We write in connection with the sur-reply (the "Sur-Reply") filed on January 23, 2015 by the Goldman Plaintiffs[1] in the above-referenced action. The Trustee respectfully requests that the Court strike the Sur-Reply or, alternatively, permit the Trustee's short response below. Because the arguments raised in the Sur-Reply are ancillary to whether the Permanent Injunction bars the claims in Goldman III, the Trustee does not believe the Sur-Reply warrants motion practice, but is prepared to brief a motion to strike if helpful to, or preferred by, the Court.

As an initial matter, the Goldman Plaintiffs did not ask leave of this Court before filing the Sur-Reply, as required. *See e.g., In re Teligent, Inc.*, No. 01-12974, November 25, 2003 Hearing Transcript, ECF No. 1958, at 88 (court declined to consider an unauthorized sur-reply). More importantly, the Sur-Reply is inappropriate because the Trustee did not raise any new arguments in his reply papers but merely responded to the arguments made by the Goldman Plaintiffs in their Objection. *See e.g., Chambo v. Time Warner Cable, N.Y. City*, No. 11-9555, 2013 WL 7904304, at *2 (S.D.N.Y. Dec. 20, 2013) (declining to consider additional briefing filed without leave after reply brief because reply brief did not raise any new legal arguments or factual assertions).

In their Objection, the Goldman Plaintiffs argued that the Trustee would be barred by the doctrine of *in pari delicto* from bringing securities claims against the Picower Parties and thus,

---

[1] Capitalized terms have the meaning given to them in the Trustee's opening brief unless otherwise defined herein. *See* Adv. Pro. No. 14-02407, ECF No. 3 (filed Nov. 17, 2014).

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Honorable Stuart M. Bernstein
January 28, 2015
Page 2

may not enforce the Permanent Injunction here.  (*See* Objection at 27.)  In reply, the Trustee responded that the *in pari delicto* doctrine has nothing to do with actions to enforce the Permanent Injunction (or the automatic stay), which the Trustee does have standing to bring, and that the *in pari delicto* doctrine would not prevent the claims asserted by the Goldman Plaintiffs from being property of the estate.  (*See* Tr. Reply at 5-6.)  The Trustee further responded that the doctrine would be inapplicable in any event because the allegations in Goldman III, on their face, allege that Picower was an insider of BLMIS.  (*Id.* at 6-7.)  It is this last argument that the Goldman Plaintiffs attack in the Sur-Reply, arguing that the exception to the *in pari delicto* doctrine for insiders of the debtor does not apply because the level of "control" required is allegedly different and Goldman III does not allege that the Picower Parties dominated and controlled BLMIS.  (*See* Sur-Reply at 2-5.)[2]

The Goldman Plaintiffs' attempts to allege control-person liability under the federal securities laws, however conclusory, place them within the ambit of the insider exception.  *See e.g.*, Goldman III ¶¶ 5, 7, 12; *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 133 (2d Cir. 1993) (exception applied where party "dominate[d] and control[led]" the debtor); *compare Goldin v. Primavera Familienstiftung (In re Granite Partners, L.P.)*, 194 B.R. 318, 332 (Bankr. S.D.N.Y. 1996) (Bernstein, J.) (exception did not apply where complaint "[a]t most" alleged party monopolized the market in which debtor traded).  Moreover, this point is incidental regardless, because, as the District Court and Second Circuit have held, the Trustee's hypothetical standing to bring claims is not relevant to whether a third party's claims are duplicative or derivative of the claims the Trustee brought or could have brought.

The Goldman Plaintiffs also take issue with the Trustee's observation that the plaintiffs are not in fact "purchasers" of BLMIS securities because there was no "BLMIS security."  The Goldman Plaintiffs argued in their Objection that BLMIS issued its own securities, leading the Trustee to respond.  (*See* Objection at 9 (the "Goldman Plaintiffs allege . . . that they purchased and continued holding BLMIS securities . . ."); 13 (the class members "purchase[d] BLMIS securities . . ."); 24 (the Goldman Plaintiffs are "individuals who purchased BLMIS securities . . ."); 25 ("BLMIS did not purchase its own securities . . .").)  The Trustee pointed to Judge Lifland's finding that the Goldman Plaintiffs had "creat[ed] a security and concoct[ed] that Picower was a control person . . . ."  (*See* Tr. Reply at 15.)  Accordingly, this is hardly a new argument.  This Court should note the wastefulness of litigation based on a concocted security, and the Goldman Plaintiffs' efforts to salvage their claim is better left for the merits phase of the litigation, should it be reached.

Respectfully submitted,

*/s/ Deborah H. Renner*

Deborah H. Renner

---

[2] The Goldman Plaintiffs also argue that the Trustee failed to allege domination and control in the Trustee's own litigation against the Picower Parties.  (Sur-Reply at 3-4.)  But it is the allegations in Goldman III, which would purport to characterize Picower as an insider, that would make the exception to *in pari delicto* applicable.