


Presentment Date and Time: February 20, 2015, at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: February 17, 2015, at 4:00 p.m. (prevailing Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Joel Cohen
Michele Pahmer
Patrick N. Petrocelli
180 Maiden Lane
New York, New York 10038
Telephone:   (212) 806-5400
Facsimile:    (212) 806-6006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Proc. No.: 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Case No. 09-11893 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>BENJAMIN W. ROTH, and<br><br>MARION B. ROTH<br><br>Defendants. | Adv. Proc. No.: 10-05284 (SMB)<br><br>**ECF CASE** |

**MOTION OF STROOCK & STROOCK & LAVAN LLP FOR AN ORDER PURSUANT TO RULE 2090-1(e) OF THE LOCAL BANKRUPTCY RULES TO WITHDRAW AS COUNSEL TO DEFENDANTS BENJAMIN W. ROTH AND MARION B. ROTH**

Pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules, Stroock & Stroock & Lavan LLP ("Stroock") respectfully seeks to withdraw as counsel for Defendants Benjamin W. Roth and Marion B. Roth ("Defendants"), in the above-captioned adversary proceeding and states as follows:

1.  On or about June 17, 2009, Stroock was retained to represent Defendants and members of their immediate family in connection with various accounts they held with Bernard L. Madoff Investment Securities LLC.

2.  In or about December 2010, Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee"), commenced the instant adversary proceeding against Defendants and a separate proceeding against Defendants' daughter. Stroock has been representing Defendants in this adversary proceeding and, until June 2014, had also been representing their daughter, Amy Roth in the adversary proceeding against her.[1] By agreement with the Roths at the commencement of its representation, Stroock has periodically billed the Roths for services rendered and disbursements incurred in one joint invoice.

3.  Among the services performed in connection with this representation, Stroock submitted Customer Claims with respect to certain accounts, filed objections to the determination of the Trustee denying certain claims, and filed a Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) on behalf of Defendants. Stroock has, of course, also been monitoring the developments in Madoff-related proceedings.

4.  In addition, Stroock has submitted to the Trustee a hardship application on Defendants' behalf in light of their personal and financial position. Stroock responded to

---

[1] On May 30, 2014, the Court granted Stroock's motion to withdraw as counsel to Amy Roth. *See* Order Granting Motion to Withdraw as Counsel for Amy R. Roth, *Picard v. Roth*, Adv. Proc. No. 10-5132 (SMB) (ECF No. 30).

numerous inquiries and requests for additional information or documentation from the Trustee in connection with this hardship application.

5. Throughout the period that the hardship application has been pending, the Trustee had agreed to several extensions of Defendants' time to answer the Complaint. Presently, Defendants have until March 13, 2015 to answer the Complaint.

6. Stroock is currently owed in excess of $100,000 in connection with this representation and it has not received any payment since October 2011.

7. Stroock had hoped that the hardship application would be granted and that this case would not proceed against Defendants. However, the Trustee's counsel has indicated that the Trustee is not inclined to further extend the time to respond to the Complaint. Faced with the prospect of a full litigation in this matter without payment, Stroock is forced to file the instant motion to withdraw.

8. No prejudice to the Court or the litigants will result from the granting of this motion. The case is still in its very early stages and Defendants have not yet been required to respond to the Complaint. Discovery has not commenced and there are no looming deadlines. In contrast, the continued representation of Defendants will impose an unreasonable financial burden on Stroock.

9. Accordingly, Stroock seeks to withdraw as counsel for Defendants pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules, which permits withdrawal by order of the Court for cause shown. Withdrawal is appropriate here in light of Defendants' inability to pay Stroock's fees incurred on their behalf. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("It is well-settled as a general matter that a client's inability or

refusal to pay can constitute a valid ground for withdrawal from representation.") (collecting cases).

WHEREFORE, Stroock respectfully requests that the Court (a) enter an order substantially in the form attached hereto, granting the relief requested herein or (b) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 2, 2015

                              STROOCK & STROOCK & LAVAN LLP

By:   s/ Joel Cohen
      Joel Cohen
      Michele Pahmer
      Patrick N. Petrocelli
      180 Maiden Lane
      New York, New York 10038
      Telephone:   (212) 806-5400
      Facsimile:    (212) 806-6006