STROOCK & STROOCK & LAVAN LLP
Joel Cohen
Michele Pahmer
Patrick N. Petrocelli
180 Maiden Lane
New York, New York 10038
Telephone:   (212) 806-5400
Facsimile:   (212) 806-6006

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Proc. No.: 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | Case No. 09-11893 (SMB) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Proc. No.: 10-05284 (SMB) |
| Plaintiff, | **ECF CASE** |
| v. | |
| BENJAMIN W. ROTH, and | |
| MARION B. ROTH | |
| Defendants. | |

**DECLARATION OF JOEL COHEN IN SUPPORT OF STROOCK & STROOCK &
LAVAN LLP'S MOTION FOR AN ORDER PURSUANT TO RULE 2090-1(e) OF THE
LOCAL BANKRUPTCY RULES TO WITHDRAW AS COUNSEL TO DEFENDANTS
BENJAMIN W. ROTH AND MARION B. ROTH**

JOEL COHEN declares, pursuant to § 1746 of title 28 of the United States Code, as follows:

1. I am Of Counsel to Stroock & Stroock & Lavan LLP ("Stroock"). I respectfully submit this declaration in support of Stroock's Motion to Withdraw as Counsel for Defendants Benjamin W. Roth and Marion B. Roth ("Defendants") in the above-captioned adversary proceeding.

2. On or about June 17, 2009, Stroock was engaged to represent Defendants and their children in connection with accounts they held at Bernard L. Madoff Securities Investments LLC.

3. In or about December 2010, Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee"), commenced the instant adversary proceeding against Defendants and a separate proceeding against their daughter, Amy Roth. By agreement with the Roths at the commencement of its representation, Stroock has periodically billed the Roths for services rendered and disbursements incurred in one joint invoice.

4. Among the services performed by Stroock in connection with this representation was the submission of Customer Claims with respect to certain accounts, filing objections to the determination of the Trustee denying certain claims, and filing Motions to Withdraw the Reference pursuant to 28 U.S.C. § 157(d). Stroock has, of course, also been monitoring the developments in Madoff-related proceedings.

5. Additionally, in or about November 2010, Stroock submitted to the Trustee hardship applications on behalf of Defendants and their children, to urge the Trustee to not file or pursue avoidance actions against them. The Trustee nevertheless initiated the instant adversary

proceeding against Defendants, and a separate adversary proceeding against Amy Roth (Adv. Proc. No. 10-5132).[1]

6. As detailed in Defendants' hardship application, the Roths are 90 years old and both have health issues. Mrs. Roth has recently been moved to a nursing home and Mr. Roth moved to an assisted living facility. In light of their condition and circumstances, it is difficult for us to communicate directly with Defendants as we had done in the past and their daughter has been our primary contact person.

7. Defendants' hardship application remains pending and Stroock has been providing the Trustee with periodic updates concerning that application. Stroock has made numerous submissions to the Trustee's counsel in order to update the Trustee or respond to requests for additional information or documentation in connection with the hardship application.

8. Throughout this process, the Trustee agreed to several extensions of Defendants' time to answer the Complaint. Currently, Defendants have until March 13, 2015 to respond to the Complaint.

9. Although Stroock had hoped that this adversary proceeding would be dismissed under the hardship program, the Trustee has not agreed to dismiss to date and has indicated that it would not continue to extend the deadline to respond as it had done in the past.

10. Defendants currently owe Stroock in excess of $100,000, which amount has been outstanding for quite some time. Stroock has sent periodic bills to the Roths for services rendered and disbursements incurred, but Stroock has not received any payment on this representation since October 2011. Given the additional costs likely to be incurred litigating this

---

[1] The Trustee did not commence an adversary proceeding against one of Defendants' children and in or about June 2011, agreed to dismiss the action commenced against the other.

matter once it becomes active, as well as Defendants' non-payment, Stroock now moves to withdraw.

11. In May, 2014, Stroock filed a similar motion to withdraw as counsel to Amy Roth and on May 30, 2014, the Court granted Stroock's motion. *See* Order Granting Motion to Withdraw as Counsel for Amy R. Roth, *Picard v. Roth*, Adv. Proc. No. 10-5132 (SMB) (ECF No. 30). Like the instant motion, that motion was also predicated on non-payment and was made following the Trustee's determination to proceed with its case against Ms. Roth in light of the additional legal fees that would likely be incurred. *See* Motion of Stroock & Stroock & Lavan LLP to Withdraw as Counsel, *Picard v. Roth*, Adv. Proc. No. 10-5132 (SMB) (ECF No. 29).[2]

12. No prejudice to the Court or the parties will result from the granting of this motion. In light of the prior extensions to accommodate the hardship process, the case is still in its early stages: A response to the complaint is not due until March 13, 2014 and there are no other looming deadlines. The parties have not yet exchanged discovery and there is no scheduling order in place.

13. We regret that we must seek to withdraw from this representation, but we see no alternative under the circumstances. It is readily apparent that Defendants cannot pay Stroock's fees in connection with its continued representation. Indeed, should this case proceed, virtually the entire scope of this litigation remains. Stroock's continued representation of Defendants without payment will impose an unreasonable financial burden on Stroock.

14. We have advised Defendants of our intention to seek to withdraw (in a writing addressed directly to Mr. Roth and to their daughter) as well as the basis for our request.

---

[2] In its Motion to Withdraw as Counsel for Amy Roth, Stroock anticipated that it might become necessary to move to withdraw in this proceeding, as it now has. *See id.* at 3 n.1.

15.     Under the circumstances as set forth above, I respectfully request that the Court grant Stroock's request to withdraw as Defendants' counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  New York, New York
        February 2, 2015

                                                        /s/ Joel Cohen
                                                        Joel Cohen