**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>J. EZRA MERKIN, et al.<br><br>        Defendants. | Adv. Pro. No. 09-1182 (BRL)<br><br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER OF BART M. SCHWARTZ, AS RECEIVER OF**
**DEFENDANTS GABRIEL CAPITAL, L.P. AND ARIEL FUND LIMITED,**
**TO THE TRUSTEE'S THIRD AMENDED COMPLAINT**

Bart M. Schwartz, as Receiver ("Receiver") of defendants Ariel Fund Limited ("Ariel") and Gabriel Capital, L.P. ("Gabriel" and together with Ariel, the "Funds"),[1] for his answer to the Third Amended Complaint ("Complaint" or "TAC") filed by Irving H. Picard (the "Madoff Trustee") as trustee for liquidation of the Bernard L. Madoff Investment Securities LLC ("BLMIS"), responds as follows:[2]

---

[1]     The Receiver was appointed as receiver of the assets of the Funds pursuant to the Stipulation and Order Appointing Receiver, dated June 10, 2009 (the "Receivership Order") entered by the Supreme Court of the State of New York, County of New York (Lowe, J.) in the action titled *People of the State of New York v. Merkin, et al.* (Sup. Ct. N.Y. Cnty. No. 450879/2009).

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the TAC.

## NATURE OF THE PROCEEDING

1.      The allegations in Paragraph 1 of the TAC state legal conclusions for which no response is required. To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the TAC, except they deny that the Trustee is entitled to recover any of the relief requested and deny that they are liable to the Trustee in any manner or amount.[3]

2.      The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the TAC.

3.      The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the TAC, except that they specifically state that J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") provided investment advisory and administrative services to the Funds for which the Funds paid Merkin and GCC fees as per any applicable agreements between them.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response, as they have been previously dismissed pursuant to the Memorandum Decision Granting In Part and Denying In Part Defendants' Motion to Dismiss, dated August 12, 2014, and entered December 10, 2014 (the "Order").

4.      The allegations in Paragraph 4 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or

---

[3]      Paragraph 3 of the TAC includes the Funds in a definition of "Defendant Funds" along with Ascot Partners, L.P. ("Ascot Partners") and Ascot Fund Limited ("Ascot Fund").  Similarly, the TAC refers to "Defendants," which includes the Funds.  To the extent subsequent paragraphs of the TAC contain factual allegations with respect to the "Defendant Funds" and the "Defendants," the Funds' answer will be limited to their own knowledge, information and belief.  The Funds lack knowledge or information sufficient to form a belief as to the truth of any allegations concerning Ascot Partners, Ascot Fund, Merkin, or any other defendant in this action, and no answer of the Funds should be interpreted as an answer for, or on behalf of, Ascot Partners, Ascot Fund, Merkin, or any other defendant in this action.

information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the TAC.

5.      The allegations in Paragraph 5 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the TAC.

### JURISDICTION AND VENUE

6.      The Funds admit the allegations set forth in the first two sentences of Paragraph 6 of the TAC.  The remaining allegations in that paragraph state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny that the Bankruptcy Court has exclusive jurisdiction over this adversary proceeding and deny that the Bankruptcy Court has jurisdiction to conduct a jury trial or enter final judgment in this adversary proceeding.

7.      The allegations in Paragraph 7 of the TAC state legal conclusions for which no response is required.

8.      The allegations in Paragraph 8 of the TAC state legal conclusions for which no response is required.

9.      The allegations in Paragraph 9 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny that the Trustee is entitled to any part of the judgment and relief requested and damages sought and deny that they are liable to the Trustee in any manner or amount.  The Funds further deny that any transfers received by the Funds are avoidable.

### BACKGROUND, THE TRUSTEE, AND STANDING

10.      On information and belief, the Funds admit that Madoff was arrested on December 11, 2008 and charged with various crimes described in Paragraph 10 of the TAC.  In

addition and on information and belief, the Funds admit that the Securities and Exchange Commission ("SEC") commenced a civil action against Madoff and BLMIS.

11.    The allegations in Paragraph 11 of the TAC refer to an Order of The Honorable Louis S. Stanton of the District Court for the Southern District in New York and the Funds respectfully refer the Court to that document for its true content.

12.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the TAC and, to the extent the allegations in that paragraph refer to publicly filed documents, the Funds respectfully refer the Court to those documents for their true content.

13.    The allegations in Paragraph 13 of the TAC refer to an Order of The Honorable Louis S. Stanton of the District Court for the Southern District in New York, and the Funds respectfully refer the Court to that document for its true content.

14.    The allegations in Paragraph 14 of the TAC refer to two Orders of this Court, and the Funds respectfully refer the Court to those documents for their true content.  Further, the Funds deny the specific allegation that the Madoff Trustee "is duly qualified to serve and act on behalf of the estate."

15.    The allegations in Paragraph 15 of the TAC refer to public documents dated April 13, 2009 and a Court Order dated June 9, 2009, and the Funds respectfully refer the Court to those documents for their true content.

16.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the TAC, except admit, on information and belief, that (i) Madoff pled guilty during a Plea Hearing, and refer the Court to the transcript of that hearing for its true content; and (ii) in June 2009 Madoff was sentenced to 150 years in prison.

17.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the TAC, except admit, on information and belief, that Frank DiPascali pled guilty during a plea hearing, and refer the Court to the transcript of that hearing for its true content.

18.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the TAC, except admit, on information and belief, that David Kugel pled guilty during a plea hearing, and refer the Court to the transcript of that hearing for its true content.

19.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the TAC, except admit, on information and belief, that (i) Peter Madoff is Madoff's brother and the former chief compliance officer at BLMIS; and (ii) Peter Madoff pled guilty during a plea hearing, and refer the Court to the transcript of that hearing for its true content.

20.     The allegations in Paragraph 20 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the TAC.

21.     The allegations in Paragraph 21 of the TAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.

22.     The allegations in Paragraph 22 of the TAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.

23.    The allegations in Paragraph 23 of the TAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.

## THE PONZI SCHEME

24.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the TAC, except admit, on information and belief, that BLMIS had an office at 885 Third Avenue, New York, New York.

25.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the TAC.

26.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the TAC.

27.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the TAC.

28.    The allegations in Paragraph 28 of the TAC refer to statements made by Madoff during a Plea Hearing, and the Funds respectfully refer that Court to the transcript from that hearing for its true content.

29.    The Funds lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 29 of the TAC.

30.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the TAC.

31.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the TAC.

32.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the TAC.

33.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the TAC.

34.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the TAC.

35.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the TAC, and, to the extent the allegations in that paragraph refer to a Form ADV BLMIS filed with the SEC, the Funds respectfully refer the Court to that document for its true content.

36.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the TAC, and, to the extent the allegation in that paragraph refer to an amendment to BLMIS's Form ADV, the Funds respectfully refer the Court to that document for its true content.

37.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the TAC.

38.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the TAC.

## THE DEFENDANTS

39.     The Funds admit, on information and belief, that Merkin resides at 740 Park Avenue, New York, New York 10021.

40.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the TAC.

41.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the TAC, except the Funds admit, on information and belief, that Merkin sat on the Board of Trustees of Yeshiva University with Madoff.

42.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, except the Funds admit, on information and belief, that Merkin was the sole shareholder and sole director of GCC.

44.     The Funds admit the allegations in Paragraph 44 of the TAC.

45.     The Funds admit that Merkin was the sole general partner of Gabriel and that Gabriel is in receivership, but otherwise deny the allegations in Paragraph 45 of the TAC.

46.     The Funds admit the allegations in Paragraph 46 of the TAC.

47.     The Funds admit the allegations in Paragraph 47 of the TAC, except deny that "Merkin was the sole decision-maker for Ariel," and state that the location of Ariel Fund's "principal place of business" is a legal conclusion for which no response is required.

48.     The allegation in Paragraph 48 refers to the Ariel Prospectus dated November 2002, and the Funds respectfully refer the Court to that document for its true content.

49.     In response to the allegations in Paragraph 49 of the TAC, the Funds admit that investors in Ariel hold non-voting shares in the fund, and that Ariel is in receivership, but deny all other allegations in that paragraph.

50.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the TAC.

51.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the TAC.

52.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the TAC.

53.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the TAC.

54.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the TAC.

55.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the TAC.

### THE DEFENDANT FUNDS' INVESTMENTS WITH BLMIS

**A.     Gabriel and Ariel**

56.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the TAC, except the Funds admit that from October 1990 through February 1993, Ariel held BLMIS account number 1FN004.

57.     The Funds admit that Ariel held BLMIS account number 1FR070 from August 2000 through December 2008.

58.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the TAC.

59.     The Funds admit the allegations in Paragraph 59 of the TAC.

60.     The Funds admit that from October 1990 through February 1993, Ariel Capital L.P. held BLMIS account number 1A0042.  With respect to the allegation relating to the $13,628,922 deposit, the Funds respectfully refer the Court to Ariel's account records for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 regarding Ascot.

61.     The Funds admit that Gabriel held BLMIS account number 1G0321 from August 2000 through December 2008.

62.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the TAC.

63.    The Funds deny the allegations in Paragraph 63 of the TAC.

**B.    The Former Ascot Fund and Ascot**

64.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the TAC.

65.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the TAC.

66.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the TAC.

67.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the TAC.

68.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the TAC.

<u>**THE TRANSFERS**</u>

69.    In response to the allegations in Paragraph 69 of the TAC, the Funds admit that they had accounts at BLMIS.  The allegations in Paragraph 69 refer to BLMIS account records, and the Funds respectfully refer the Court to those documents for their true content.

70.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the TAC and refer the Court to the Account Agreements for their true content.

71.    The Funds admit that they wired monies to a BLMIS account in New York.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 71 of the TAC and refer the Court to the Account Agreements for their true content.

72.     The Funds admit that they sent monies to BLMIS, and refer the Court to the Proofs of Claim they have submitted in this proceeding and their latest BLMIS account statements for the full amount of their transmittals to BLMIS.  The Funds deny the remaining allegations pertaining to the Funds in Paragraph 72 of the TAC.  With respect to the allegations concerning the other Defendants, the Funds lack knowledge or information sufficient to form a belief as to the truth of these allegations.

73.     The Funds admit that they each received one transfer from BLMIS, on or about July 7, 2008 ($16.2 million for Ariel and $17.4 million for Gabriel), representing approximately 10% of the monies the Funds had deposited with BLMIS and approximately 5% of the amounts shown in the Funds' latest account statement prior to said transfers.  The Funds deny the remaining allegations pertaining to the Funds in Paragraph 73 of the TAC.  With respect to the allegations concerning the other Defendants, the Funds lack knowledge or information sufficient to form a belief as to the truth of these allegations.

74.     The allegations in Paragraph 74 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the TAC, except the Funds admit that Gabriel held Morgan Stanley Account No. xx-xx003, and Ariel held Morgan Stanley Account No. xx-xx001.

75.     With respect to the allegations in Paragraph 75 of the TAC, to the extent those allegations refer to transfers to or from the Funds, the Funds respectfully refer the Court to the Funds' Morgan Stanley account statements for their true content.  Further, to the extent the

allegations contained in the last sentence of the paragraph pertain to the Funds, the Funds deny those allegations.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75.

76.     With respect to the allegations in Paragraph 76 of the TAC, to the extent those allegations refer to transfers to or from the Funds, the Funds respectfully refer the Court to the Funds' Morgan Stanley account statements for their true content.  Further, to the extent the allegations contained in the last sentence of the paragraph pertain to the Funds, the Funds deny those allegations.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.

77.     The allegations in Paragraph 77 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations, except lack knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at the Funds.

78.     The allegations in Paragraph 78 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in Paragraph 78, except the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at the Funds.

79.     The allegations in Paragraph 79 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in Paragraph 79, except the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at the Funds.

80.     The allegations in Paragraph 80 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in

Paragraph 80, except the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at the Funds.

81.    The allegations in Paragraph 81 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in Paragraph 81, except the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at the Funds.

## MERKIN'S LONGSTANDING BUSINESS
## AND SOCIAL RELATIONSHIP WITH MADOFF

82.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the TAC.

83.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the TAC.

84.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the TAC.

85.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the TAC, except they admit, on information and belief, that Merkin sat on the Board of Trustees of Yeshiva University with Madoff.

86.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the TAC.

87.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the TAC.

88.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the TAC.

89.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the TAC.

90.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the TAC.

## THE DEFENDANTS' INVOLVEMENT IN AND KNOWLEDGE OF MADOFF'S FRAUD

**A.    Defendants' Actual Knowledge of Fraud at BLMIS**

91.    The Funds deny the allegations in Paragraph 91 of the TAC.

92.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the TAC.

93.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the TAC.

94.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the TAC.

95.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the TAC.

96.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the TAC.

97.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the TAC.

98.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the TAC.

99.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the TAC.

100.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the TAC.

101.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the TAC.

102.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the TAC.

103.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the TAC.

104.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the TAC.

105.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the TAC.

106.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the TAC, and, to the extent the allegations in that paragraph refer to a document dated February 20, 1996, the Funds respectfully refer the Court to that document for its true content.

107.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the TAC, and, to the extent the allegations in that paragraph refer to a document dated February 20, 1996, the Funds respectfully refer the Court to that document for its true content.

108.    With respect to the allegations in Paragraph 108 of the TAC that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response, as they have been previously dismissed pursuant to the Order.    The Funds lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108.

109.    With respect to the allegations in Paragraph 109 of the TAC that the Funds had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response, as they have been previously dismissed pursuant to the Order.  To the extent a response is warranted and the allegations in Paragraph 109 pertain to the Funds, the Funds deny those allegations.  The funds lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the other Defendants.

**B.    Ariel's and Gabriel's Offering Documents and Other Disclosures Contained Misrepresentations and Other Omissions**

110.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the TAC, and, to the extent the allegations in that paragraph refer to the Funds' offering documents, the Funds respectfully refer the Court to those documents for their true content.

111.    The Funds admit that Merkin delegated investment discretion to Madoff and/or other outside managers for certain assets of the Funds.  The Funds are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 of the TAC.

112.    The allegations in Paragraph 112 of the TAC refer to Ariel's and Gabriel's offering documents, and the Funds respectfully refer the Court to those documents for the true nature of their content.

113.    The allegations in Paragraph 113 of the TAC refer to Ariel's offering documents, and the Funds respectfully refer the Court to those documents for the true nature of their content.

114.    The allegations in Paragraph 114 of the TAC refer to Gabriel's offering documents, and the Funds respectfully refer the Court to those documents for the true nature of their content.

115.    The Funds admit the allegations in Paragraph 115 of the TAC.

116.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the TAC, and, to the extent the allegations in Paragraph 116 refer to Merkin's quarterly investor letters, the Funds respectfully refer the Court to those documents for their true content.

117.    The allegations in Paragraph 117 of the TAC refer to Merkin's quarterly investor letters, and the Funds respectfully refer the Court to those documents for their true content.

118.    The Funds admit the allegation in Paragraph 118 of the TAC.

119.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the TAC.

## C.    Misrepresentations and Omissions in Ascot's and the Former Ascot Fund's Offering Documents and Other Disclosures

120.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the TAC.

121.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the TAC.

122.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the TAC.

123.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the TAC.

**D.      Misrepresentations and Omissions to Clients**

124.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the TAC.

**1.      Ivy Asset Management**

125.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the TAC.

**2.      Silver Creek**

126.    The Funds object to the allegations in Paragraph 126 of the TAC to the extent they relate to the identity of an investor in Ariel – a Cayman Islands fund – and, thus, no response is required under Cayman law.  With respect to the remaining allegations, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations, except they admit that Silver Creek was an investor in Gabriel.

127.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the TAC.

128.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the TAC.

129.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the TAC.

130.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the TAC.

3.      **Joshua Nash and the Nash Family Partnership**

131.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the TAC, except they admit that Nash, both personally and through a fund called "Nash Family Partnership," was an investor in Gabriel.

132.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the TAC.

133.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the TAC.

134.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the TAC.

4.      **Glen Eagle Partners and Gottlieb**

135.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the TAC, except they admit that Glen Eagle and Gottlieb's family foundation were investors in Gabriel.

136.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the TAC.

137.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the TAC.

138.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the TAC.

139.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the TAC.

     **5.**     **New York University and Maurice Maertens**

140.    The Funds object to the allegations in Paragraph 140 of the TAC to the extent they relate to the identity of an investor in Ariel – a Cayman Islands fund – and, thus, no response is required under Cayman law.  With respect to the remaining allegations, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations.

141.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the TAC.

142.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the TAC.

143.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the TAC.

**THE DEFENDANTS KNEW OF IMPOSSIBILITIES
AND INDICIA OF FRAUD ABOUT MADOFF AND BLMIS**

144.    The Funds deny the allegations in Paragraph 144 of the TAC.

145.    The Funds admit that Merkin was the general partner of Gabriel, pursuant to the Limited Partnership Agreement, and the investment advisor of Ariel, pursuant to the Investment Advisory Agreement.  The Funds admit the Merkin and GCC were paid or received fees from the Funds.  The Funds deny the remaining allegations of Paragraph 145 of the TAC.

146.    The allegations in Paragraph 146 of the TAC state legal conclusions for which no response is required.

147.    The allegations in Paragraph 147 of the TAC refer to offering memoranda, partnership agreements, and quarterly newsletters, and the Funds respectfully refer the Court to those documents for their true content.

148.    The allegations in Paragraph 148 of the TAC refer to a quarterly newsletter from Merkin to his clients, and the Funds respectfully refer the Court to that document for its true content.

149.    The allegations in Paragraph 149 of the TAC state legal conclusions for which no response is required.

150.    The allegations in Paragraph 150 of the TAC state legal conclusions for which no response is required.

151.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the TAC.

152.    To the extent the allegations in Paragraph 152 of the TAC pertain to the Funds, the Funds deny those allegations.  The funds lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the other Defendants.

153.    To the extent the allegations in Paragraph 153 of the TAC pertain to the Funds, the Funds deny the allegations in Paragraph 153 of the TAC.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the other Defendants.

A.    **Indicia of Fraud:  Madoff's Operations Lacked Transparency**

154.    The allegations in Paragraph 154 of the TAC state legal conclusion for which no response is required.  To the extent any such response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the TAC.

155.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the TAC.

156.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the TAC, except to the extent Paragraph 156 refers to a transcript of a phone call between Merkin and Madoff, the Funds respectfully refer the Court to that document for its true content.

157.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the TAC.

158.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the TAC, and to the extent the allegations in Paragraph 158 refer to BLMIS's regulatory filings, the Funds respectfully refer the Court to those documents for their true content.

**B.     Impossibility:  Consistent Returns**

159.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the TAC.

160.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the TAC.

161.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the TAC.

162.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the TAC.

163.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the TAC.

164.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the TAC.

165.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the TAC, except the Funds admit that in May 2000 Merkin opened two new accounts with BLMIS—Gabriel's 1G0321 account and Ariel's 1FR070 account, and to the extent Paragraph 165 refers to a transcript of a phone call between Merkin and Madoff, the Funds respectfully refer the Court to that document for its true content.

166.    With respect to the allegation in Paragraph 166 of the TAC relating to the Funds' yearly returns, the Funds refer the Court to their BLMIS account statements for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166.

167.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the TAC.

**C.    Impossibility: Trades Outside of the Daily Range**

168.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the TAC, and to the extent the allegations in that paragraph refer to trade confirmation and monthly account statements, the Funds respectfully refer to the Court to those documents for their true content.

169.    With respect to the allegations in the first sentence of Paragraph 169 of the TAC, the Funds respectfully refer the Court to their BLMIS account records for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169.

170.    To the extent the allegations in Paragraph 170 of the TAC refer to the Funds' BLMIS account records, the Funds respectfully refer the Court to those documents for their true

content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 of the TAC refer to the Funds' BLMIS account records, the Funds respectfully refer the Court to those documents for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171.

172.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the TAC.

173.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the TAC.

174.    The allegations in Paragraph 174 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in Paragraph 174.

**D.    Impossibility:  Lack of Scalability**

175.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the TAC.

176.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the TAC.

177.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the TAC.

178.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the TAC.

E.    **Impossibility: Option Volumes**

179.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the TAC, and to the extent the allegations in that paragraph refer to BLMIS's account records or confirmation slips, the Funds respectfully refer the Court to those documents for their true content.

180.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the TAC.

181.    To the extent the allegations in Paragraph 181 refer to option trades in the Funds' BLMIS account, the Funds respectfully refer the Court to their BLMIS account records for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181.

182.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the TAC.

183.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the TAC.

F.    **Impossibility:  Timing of Trades**

184.    The allegations in Paragraph 184 of the TAC state legal conclusions for which no response is required.   To the extent a response is required, the Funds deny that they received account statements from BLMIS that demonstrated implausibility.   With respect to the allegations in Paragraph 184 that refer to BLMIS account records, trade confirmations and account statements, the Funds respectfully refer the Court to those documents for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184.

185.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the TAC.

186.    The allegations in Paragraph 186 of the TAC refer to the Funds' account statements and trade confirmations, and the Funds respectfully refer the Court to those documents for their true content.

187.    The allegations in Paragraph 187 of the TAC refer to the Funds' account statements and trade confirmations, and the Funds respectfully refer the Court to those documents for their true content.

**G.    Indicia of Fraud:  Option Trades and CUSIP**

188.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the TAC, and to the extent the allegations in that paragraph refer to the Funds' paper trade confirmations, the Funds respectfully refer the Court to those documents for their true content.

189.    The allegations in Paragraph 189 of the TAC refer to BLMIS options trade confirmations, and the Funds respectfully refer the Court to those documents for their true content.

190.    The Funds deny the allegation in Paragraph 190 of the TAC that the option trades were "suspicious."  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190.

191.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the TAC, except the Funds deny that they knew that BLMIS could not have been purchasing options on the OTC market.

192.    The allegations in Paragraph 192 of the TAC state legal conclusions for which no response is required.    To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations.

**H.    Indicia of Fraud:  The Defendant Funds Had Negative Cash Balances at BLMIS**

193.    To the extent the allegations in Paragraph 193 of the TAC refer to the Funds' accounts or the Funds' cash balance, the Funds respectfully refer the Court to their BLMIS account statements for their true content.  The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 193.

194.    To the extent the allegations in Paragraph 194 of the TAC refer to the withdrawal or transfer of cash from the Funds' accounts or the Funds' cash balance, the Funds respectfully refer the Court to their account statements for their true content. The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 194.

195.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the TAC, except the Funds deny the allegation that they knew BLMIS would continue to allow them to purchase securities even though their account did not have cash available to make such purchase.

196.    With respect to the allegations in the second sentence of Paragraph 196 of the TAC, to the extent the allegations pertain to the Funds, the Funds respectfully refer the Court to their account records for their true content.  The remaining allegations in Paragraph 196 state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**I.      Indicia of Fraud:  Madoff's Unusual Fee Structure**

197.    The funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the TAC.

198.    The allegations in Paragraph 198 of the TAC state legal conclusions for which no response is required.

199.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the TAC.

200.    The Funds lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 200 of the TAC.

201.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the TAC.

202.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the TAC.

**J.      Indicia of Fraud: Lack of Independent Custodian**

203.    The Funds lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 203 of the TAC.

204.    The allegations in Paragraph 204 of the TAC state legal conclusions for which no response is required.

205.    The Funds admit that BLMIS misreported and misappropriated the Funds' assets. The remaining allegations in Paragraph 205 of the TAC state legal conclusions for which no response is required.

206.    The allegations in Paragraph 206 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in Paragraph 206.

207.    To the extent the allegations in the last sentence of Paragraph 207 of the TAC pertain to the Funds, the Funds deny them.  With respect to the remaining allegations in Paragraph 207, the Funds lack knowledge or information sufficient to form a belief as the truth of the allegations, and, to the extent the allegations refer to an April 19, 2002 newsletter to investors, the Funds respectfully refer the Court to that document for its true content.

**K.    Indicia of Fraud:  Lack of Real-Time Electronic Access to Accounts and Trade Confirmations**

208.    The allegations in Paragraph 208 of the TAC state legal conclusions for which no response is required.

209.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the TAC.

210.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the TAC, and, to the extent the allegations refer to marketing materials, the Funds respectfully refer the Court to those documents for their true content.

211.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the TAC.

212.    The Funds admit the allegation in Paragraph 212 of the TAC as it relates to the Funds, but lack knowledge or information sufficient to form a belief as to the truth of the allegation as it relates to the other Defendants.

213.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the TAC, and, to the extent the allegations in that paragraph refer to trade confirmations, the Funds respectfully refer the Court to those documents for their true content.

214.    The allegations in Paragraph 214 of the TAC state legal conclusions for which no response is required.

**L.    Indicia of Fraud:  Strip-Mall Auditors**

215.    The Funds admit that they employed BDO Seidman as the auditor of Gabriel, and BDO Tortuga as the auditor of Ariel.  The remaining allegations in Paragraph 215 of the TAC state legal conclusions for which no response is required.

216.    The allegations in Paragraph 216 of the TAC state legal conclusions for which no response is required.

217.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the TAC, except they deny that they knew BLMIS was audited by Friehling & Horowitz.

218.    The Funds deny the allegations in Paragraph 218 of the TAC.

**M.    Indicia of Fraud:  Industry Skepticism and Suspicion**

219.    The Funds deny the allegations in Paragraph 219 of the TAC.

220.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the TAC.

221.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the TAC, except the Funds admit that Nash was an investor in Gabriel.

222.     The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the TAC.

## THE MERKIN DEFENDANTS REAPED
## SIGNIFICANT MANAGEMENT AND INCENTIVE FEES

223.     The allegations in Paragraph 223 of the TAC state legal conclusions for which no response is required.  Further, with respect to the allegations in Paragraph 223 that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response, as they have been previously dismissed pursuant to the Order.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

224.     The allegations in Paragraph 224 of the TAC refer to Ariel's Investment Advisory Agreement with GCC and its Offering Memorandum, and the Funds respectfully refer the Court to those documents for their true content.

225.     The Funds admit that, pursuant to Ariel's Investment Advisory Agreement with GCC and its Offering Memorandum, GCC was entitled to certain management and incentive fees, but deny the remaining allegations of Paragraph 225 of the TAC.

226.     The Funds admit the allegations in Paragraph 226 of the TAC.

227.     The Funds admit the allegations in Paragraph 227 of the TAC.

228.     The allegations in Paragraph 228 of the TAC refer to the Investment Advisory Agreement between GCC and Ariel, and the Funds respectfully refer the Court to that document for its true content.

229.     The allegations in Paragraph 229 of the TAC refer to Gabriel's Confidential Offering Memoranda from 2000 through 2008, and the Funds respectfully refer the Court to those documents for their true content.

230.    The Funds admit the allegations in Paragraph 230 of the TAC.

231.    The Funds admit the allegations in Paragraph 231 of the TAC.

232.    The Funds admit the allegations in Paragraph 232 of the TAC.

233.    The Funds admit the allegations in Paragraph 233 of the TAC.

234.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the TAC.  To the extent the allegations in Paragraph 234 refer to Ascot Partner's Offering Memoranda, the Funds respectfully refer the Court to those documents for their true content.

235.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the TAC.

236.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the TAC.

237.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the TAC.

238.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 of the TAC.

239.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the TAC.

240.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the TAC.

241.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the TAC.

242.    The Funds admit the allegation in Paragraph 242 of the TAC.

243.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 of the TAC.

244.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 of the TAC.

245.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 of the TAC, and to the extent the allegations in that paragraph refer to the Funds' redemption protocols, the Funds refer the Court to Ariel's Offering Documents and Gabriel's Partnership Agreements for their true content.

246.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the TAC.

247.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 of the TAC.

248.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the TAC.

249.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the TAC.

250.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 of the TAC.

251.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the TAC.

252.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 of the TAC.

253.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the TAC.

254.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 of the TAC.

255.    The allegations in Paragraph 255 of the TAC state legal conclusions for which no response is required.

## COMMINGLING OF ASSETS BY AND BETWEEN MERKIN, GCC, AND THE DEFENDANT FUNDS

256.    The allegations in Paragraph 256 of the TAC state legal conclusion for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

257.    The allegations in Paragraph 257 of the TAC state legal conclusion for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**A.    Improperly Commingled Assets at GCC**

258.    The Funds admit that they held accounts at Morgan Stanley, which were held in their names.  To the extent the remaining allegations in Paragraph 258 of TAC pertain to the Funds, the Funds deny them.  To the extent the remaining allegations in Paragraph 258 do not pertain to the Funds, the Funds lack knowledge or information sufficient to form a belief as to the truth of those allegations.

259.    The allegations in Paragraph 259 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny the allegations in Paragraph 259.

260.    The Funds deny the allegations in the last sentence of Paragraph 260 of the TAC. The Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 260, and, to the extent the allegations refer to the transfer of money from the Funds' accounts, the Funds respectfully refer the Court to the Funds' account statements for their true content.

261.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the TAC, and, to the extent the allegations in Paragraph 261 refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

262.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 of the TAC.

263.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 of the TAC.

264.    The allegations in Paragraph 264 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 of the TAC.

265.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 of the TAC.

266.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 of the TAC.

267.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the TAC.

**B.      Transfers of Assets between the BLMIS Accounts of the Defendant Funds**

268.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 of the TAC.

269.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

270.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

271.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

272.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 of the TAC.

273.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

274.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 of the TAC, and to the extent the allegations in that

paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

275.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

276.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

277.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

278.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' BLMIS accounts, the Funds respectfully refer the Court to their account statements for their true content.

279.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 of the TAC.

280.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 of the TAC.

**C.     Transfer of Assets Between the Morgan Stanley Accounts of the Defendant Funds**

281.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

282.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

283.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

284.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 of the TAC.

285.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

286.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

287.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

288.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

289.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

290.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 of the TAC, and to the extent the allegations in that paragraph refer to the transfer of money to or from the Funds' Morgan Stanley accounts, the Funds respectfully refer the Court to their account statements for their true content.

291.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 of the TAC.

## IMPUTATION AND GENERAL PARTNER LIABILITY

292.    With respect to the allegations in Paragraph 292 of the TAC that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.  The remaining allegations in Paragraph 292 of the TAC state legal conclusions for which no response is required.

A.      **Imputation as to GCC**

293.    The Funds lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 293 of the TAC.

294.    With respect to the allegations in Paragraph 294 of the TAC that Merkin had

actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they

have been previously dismissed pursuant to the Order.  The remaining allegations in Paragraph

294 of the TAC state legal conclusions for which no response is required.  To the extent a

response is required, the Funds lack knowledge or information sufficient to form a belief as to

the truth of the allegations.

295.    The Funds lack knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence of Paragraph 295 of the TAC.  The allegations in the

second sentence of Paragraph 295 state legal conclusions for which no response is required.

296.    The allegations in Paragraph 296 of the TAC state legal conclusions for which no

response is required.  Further, with respect to the allegations that Merkin had actual knowledge

of the fraud at BLMIS, those allegations do not warrant a response as they have been previously

dismissed pursuant to the Order.

297.    The allegations in Paragraph 297 of the TAC state legal conclusions for which no

response is required.  To the extent a response is required, the Funds, on information and belief,

admit that Merkin was the sole shareholder and sole director of GCC.  Further, with respect to

the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not

warrant a response as they have been previously dismissed pursuant to the Order.

B.      **Imputation as to Ariel**

298.    The Funds lack knowledge or information sufficient to form a belief as the truth of the allegation in Paragraph 298 of TAC.

299.    The allegations in Paragraph 299 of the TAC state legal conclusions for which no response is required.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

300.    The allegations in Paragraph 300 of the TAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

301.    The allegations in Paragraph 301 of the TAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

C.      **Imputation as to Gabriel**

302.    The Funds lack knowledge or information sufficient to form a belief as the truth of the allegation in Paragraph 302 of TAC.

303.    The allegations in Paragraph 303 of the TAC state legal conclusions for which no response is required.  Further, with respect to the allegations that Merkin had actual knowledge

of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

304.    The allegations in Paragraph 304 of the TAC state legal conclusions for which no response is required.  To the extent any such response is required, the Funds deny the allegations therein.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

**D.    Imputation as to Ascot**

305.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 of the TAC.

306.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 of the TAC.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

307.    The allegations in Paragraph 307 of the TAC state legal conclusions for which no response is required.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

**E.    Imputation as to the Former Ascot Fund**

308.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 of the TAC.

309.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 of the TAC.  Further, with respect to the allegations that

Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

310.    The allegations in Paragraph 310 of the TAC state legal conclusions for which no response is required.  Further, with respect to the allegations that Merkin had actual knowledge of the fraud at BLMIS, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

**F.    General Partner Liability for Ascot and Gabriel**

311.    The Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 of the TAC.

312.    The Funds admit that Merkin was the sole general partner of Gabriel up until the appointment of the Receiver and otherwise state that the allegations in Paragraph 312 of the TAC state legal conclusions for which no response is required.

313.    The allegations in Paragraph 313 of the TAC state legal conclusions for which no response is required.

314.    The allegations in Paragraph 314 of the TAC state legal conclusions for which no response is required.

315.    The allegations in Paragraph 315 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315 of the TAC.

<u>**THE INITIAL AND SUBSEQUENT TRANSFERS TO THE DEFENDANTS ARE AVOIDABLE AND RECOVERABLE BY THE TRUSTEE**</u>

316.    The allegations in Paragraph 316 of the TAC state legal conclusions for which no response is required.

317.    The allegations in Paragraph 317 of the TAC state legal conclusions for which no response is required.  Further, with respect to the allegations in Paragraph 317 relating to transfers occurring before December 11, 2006, those allegations do not warrant a response as they have been previously dismissed pursuant to the Order.

318.    The allegations in Paragraph 318 of the TAC state legal conclusions for which no response is required.

319.    The allegations in Paragraph 319 of the TAC state legal conclusions for which no response is required.

320.    The allegations in Paragraph 320 of the TAC state legal conclusions for which no response is required.  To the extent a response is required, the Funds deny that the Trustee is entitled to recover any part of the judgment and relief requested and/or damages sought and deny that they are liable to the Trustee in any manner or amount.

321.    In response to the allegations in Paragraph 321 of the TAC, the Funds state that the Trustee is permitted to supplement his allegations in the TAC only to the extent permitted by law.

<u>**COUNT ONE**</u>

<u>**PREFERENTIAL TRANSFER – 11 U.S.C. §§ 105(a), 502(d), 547(b), 550, AND 551**</u>

322.    In response to Paragraph 322 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 321 of the TAC.

323.    The allegations in Paragraph 323 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

324.    The allegations in Paragraph 324 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

325.    The allegations in Paragraph 325 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

326.    The allegations in Paragraph 326 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

327.    The allegations in Paragraph 327 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

328.    The allegations in Paragraph 328 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

329.    The allegations in Paragraph 329 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

330.    The allegations in Paragraph 330 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

331.    The allegations in Paragraph 331 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT TWO

## FRAUDULENT TRANSFERS – 11 U.S.C. §§ 105(a), 502(d), 548(a)(1)(A), 550(a), AND 551

332.    In response to Paragraph 332 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 331 of the TAC.

333.    In response to the allegations in Paragraph 333 of the TAC, the Funds admit that the one transfer they each received on or about July 7, 2008 was less than two years prior to the Filing Date.

334.    The allegations in Paragraph 334 of the TAC state legal conclusions for which no response is required.

335.    The allegations in Paragraph 335 of the TAC state legal conclusions for which no response is required.

336.    The allegations in Paragraph 336 of the TAC state legal conclusions for which no response is required.

337.    The allegations in Paragraph 337 of the TAC state legal conclusions for which no response is required.

## COUNT THREE

## FRAUDULENT TRANSFERS – 11 U.S.C. §§ 105(a), 502(d), 548(a)(1)(B), 550(a), AND 551

338.    In response to Paragraph 338 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 337 of the TAC.

339.    The allegations in Paragraph 339 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

340.    The allegations in Paragraph 340 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

341.    The allegations in Paragraph 341 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

342.    The allegations in Paragraph 342 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

343.    The allegations in Paragraph 343 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

344.    The allegations in Paragraph 344 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

345.    The allegations in Paragraph 345 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

346.     The allegations in Paragraph 346 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT FOUR

### FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 276, 276-a, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

347.     In response to Paragraph 347 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 346 of the TAC.

348.     The allegations in Paragraph 348 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

349.     The allegations in Paragraph 349 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

350.     The allegations in Paragraph 350 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

351.     The allegations in Paragraph 351 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

352.     The allegations in Paragraph 352 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT FIVE

### FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550, AND 551

353.     In response to Paragraph 353 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 352 of the TAC.

354.     The allegations in Paragraph 354 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

355.    The allegations in Paragraph 355 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

356.    The allegations in Paragraph 356 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

357.    The allegations in Paragraph 357 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

358.    The allegations in Paragraph 358 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT SIX

### FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 274, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

359.    In response to Paragraph 359 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 358 of the TAC.

360.    The allegations in Paragraph 360 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

361.    The allegations in Paragraph 361 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

362.    The allegations in Paragraph 362 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

363.    The allegations in Paragraph 363 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

364.    The allegations in Paragraph 364 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT SEVEN

## FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

365.    In response to Paragraph 365 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 364 of the TAC.

366.    The allegations in Paragraph 366 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

367.    The allegations in Paragraph 367 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

368.    The allegations in Paragraph 368 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

369.    The allegations in Paragraph 369 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

370.    The allegations in Paragraph 370 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT EIGHT

## UNDISCOVERED FRAUDULENT TRANSFERS – N.Y. C.P.L.R. 203(g) AND 213(8) AND N.Y. DEBT. & CRED. LAW §§ 276, 276-a, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

371.    In response to Paragraph 371 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 370 of the TAC.

372.    The allegations in Paragraph 372 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

373.    The allegations in Paragraph 373 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

374.    The allegations in Paragraph 374 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

375.    The allegations in Paragraph 375 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

376.    The allegations in Paragraph 376 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

377.    The allegations in Paragraph 377 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT NINE

## RECOVERY OF SUBSEQUENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 276-a AND 278, AND 11 U.S.C. §§ 105(a), AND 550(a)

378.    In response to Paragraph 378 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 377 of the TAC.

379.    The allegations in Paragraph 379 of the TAC state legal conclusions for which no response is required.

380.    The allegations in Paragraph 380 of the TAC state legal conclusions for which no response is required.

381.    The allegations in Paragraph 381 of the TAC state legal conclusions for which no response is required.

382.    The allegations in Paragraph 382 of the TAC state legal conclusions for which no response is required.

383.    The allegations in Paragraph 383 of the TAC state legal conclusions for which no response is required.

## COUNT TEN

## GENERAL PARTNER LIABILITY

384.    In response to Paragraph 384 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 383 of the TAC.

385.    Paragraph 385 of the TAC relates to a Count to which the Funds have no interest and therefore no response is required.

386.    Paragraph 386 of the TAC relates to a Count to which the Funds have no interest and therefore no response is required.

387.    Paragraph 387 of the TAC relates to a Count to which the Funds have no interest and therefore no response is required.

388.    Paragraph 388 of the TAC relates to a Count to which the Funds have no interest and therefore no response is required.

## COUNT ELEVEN

## OBJECTION TO AND DISALLOWANCE OF CLAIMS

389.    In response to Paragraph 389 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 388 of the TAC.

390.    The allegations in Paragraph 390 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

391.    The allegations in Paragraph 391 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

392.    The allegations in Paragraph 392 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

393.    The allegations in Paragraph 393 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

394.    The allegations in Paragraph 394 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT TWELVE

## EQUITABLE DISALLOWANCE OF CLAIMS

395.    In response to Paragraph 395 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 394 of the TAC.

396.    The allegations in Paragraph 396 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

397.    The allegations in Paragraph 397 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

398.    The allegations in Paragraph 398 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

399.    The allegations in Paragraph 399 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

400.    The allegations in Paragraph 400 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

401.    The allegations in Paragraph 401 of the TAC do not warrant a response, as they have been previously dismissed pursuant to the Order.

## COUNT THIRTEEN

## EQUITABLE SUBORDINATION OF CUSTOMER CLAIMS

402.    In response to Paragraph 402 of the TAC, the Funds repeat, reallege, and incorporate by reference each and every response to Paragraphs 1 through 401 of the TAC.

403.    The allegations in Paragraph 403 of the TAC state legal conclusions for which no response is required.

404.    The allegations in Paragraph 404 of the TAC state legal conclusions for which no response is required.

405.    The allegations in Paragraph 405 of the TAC state legal conclusions for which no response is required.

406.    The allegations in Paragraph 406 of the TAC state legal conclusions for which no response is required.

407.    The allegations in Paragraph 407 of the TAC state legal conclusions for which no response is required.

408.    The allegations in Paragraph 408 of the TAC state legal conclusions for which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

The Funds assert the following affirmative and other defenses without conceding in any way that they bear the burden of proof as to such matters or that such matters are not elements that the Trustee must establish in order to make out a prima facie case against the Funds.

The Funds adopt and incorporate by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that the Funds may share in such defenses.

The Funds reserve and assert all affirmative defenses available under applicable federal or state law, including the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice Law and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

### FIRST DEFENSE

The Madoff Trustee fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Madoff Trustee lacks standing and/or capacity to bring any claims against the Funds.

### THIRD DEFENSE

With respect to the allegations of fraud, the TAC fails to comply with the requirements of Federal Rule of Civil Procedure 9(b), made applicable herein by Rule 7009 of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any transfers or payments alleged by the Madoff Trustee to have been made to the Funds were on account of a debt or debts incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and the Funds and were made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

### FIFTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, to the extent any transfers or payments by BLMIS to or for the benefit of the Funds, the Funds gave subsequent new value to or for the benefit of BLMIS that was not secured by an otherwise unavoidable security interest and on account of which new value BLMIS did not make an otherwise unavoidable transfer to or for the benefit of the Funds, within the meaning of 11 U.S.C. § 547(c)(4).

## SIXTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, to the extent the Funds took for new value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b)(1).

## SEVENTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, by laches.

## NINTH DEFENSE

The Madoff Trustee's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

## TENTH DEFENSE

The Madoff Trustee's claims are barred by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of his predecessors, agents, and representatives (including Madoff and BLMIS) are imputed on the Madoff Trustee.

## ELEVENTH DEFENSE

All claims in the Complaint should be dismissed on the grounds that the Funds justifiably relied on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and the Securities Investor Protection Corporation, to monitor and oversee the activities of BLMIS.

## TWELFTH DEFENSE

The Madoff Trustee has no legal or factual basis for altering any arrangement of any tax refunds sought by Ariel Fund.

## THIRTEENTH DEFENSE

The Madoff Trustee's claims are barred because the Funds are entitled to a set-off based on BLMIS's misconduct and/or the contractual agreements the Funds had entered into with BLMIS.

## FOURTEENTH DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any alleged transfer sought to be avoided did not enable the Funds to receive more than they would have received if BLMIS were in a Chapter 7 proceeding.

## FIFTEENTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent transfers made to the Funds constituted margin payments or settlement payments made in connection with a securities contract or forward contract, that were made prior to the commencement of this case, within the meaning of 11 U.S.C. § 546(e).

## SIXTEENTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers were made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of the case, within the meaning of 11 U.S.C. § 546(e).

## SEVENTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Funds received from BLMIS are not property of the estate as such amounts were held by BLMIS in constructive trust or as a bailee for the Funds.

## EIGHTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Funds received from BLMIS satisfy an antecedent debt for which the Trustee is not entitled to avoid and recover.

## NINETEENTH DEFENSE

The Madoff Trustee's claims are barred by section 548(c) and 548(d)(2)(A) and 548(d)(2)(B) of the Bankruptcy Code.

## TWENTIETH DEFENSE

The Madoff Trustee's claims are barred because the Trustee has failed to allege that the Funds had actual knowledge of Madoff's fraud or that they willfully blinded themselves of the fraud.

## TWENTY-FIRST DEFENSE

The Madoff Trustee's claims are barred because the Trustee has failed to allege that any knowledge or intent on the part of Merkin could be imputed on the Funds.

## TWENTY-SECOND DEFENSE

The Madoff Trustee's subsequent transfer claims should be dismissed because the Trustee has failed to allege that funds that were the subject of the alleged subsequent transfers actually originated with BLMIS.

## TWENTY-THIRD DEFENSE

The Madoff Trustee's subsequent transfer claims should be dismissed because the Trustee has alleged commingling among the Defendant Funds' account, and, thus, cannot trace the subsequent transfer to the Funds.

## TWENTY-FOURTH DEFENSE

The Trustee's equitable subordination claim should be dismissed because the Trustee has failed to allege a legally sufficient avoidance claim, as required by section 502(d) of the Bankruptcy Code.

## TWENTY-FIFTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers at issue and money received by the Funds from BLMIS was money that was intended to be used to pay and/or cover redemptions made by the Funds' investors.

## TWENTY-SIXTH DEFENSE

The Madoff Trustee's claims are barred because bringing this action is an abuse of his discretion.

## TWENTY-SEVENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Funds received from BLMIS are not property of the estate because BLMIS never had a legal interest in the transferred funds.

## TWENTY-EIGHTH DEFENSE

The Madoff Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

## TWENTY-NINTH DEFENSE

The Funds informed and believe, and thereon alleges, that the Trustee and its predecessors, agents and representatives negligently, consciously, or deliberately withheld information from and impeded the investigation of the Funds so as to prejudice the Funds. By these actions, the Trustee has unclean hands and is estopped, barred, and otherwise prohibited from claiming the damages stated in the TAC.

## THIRTIETH DEFENSE

The Funds and their investors are victims of the Madoff fraud and any claims against them should be dismissed as unconscionable and in violation of public policy.

## THIRTY-FIRST DEFENSE

The Funds adopt and incorporate by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that the Funds may share in such defenses.

## THIRTY-SECOND DEFENSE

The claims asserted in the TAC are barred, in whole or in part, because there are inadequate creditor claims supporting the relief sought in the TAC.

## THIRTY-THIRD DEFENSE

Avoidance of the transfers against Ascot and recovery of the transfers would be inequitable as compared to the Trustee's treatment of transfers received by similarly situated investors and creditors.

## THIRTY-FOURTH DEFENSE

The Trustee's claims are barred to the extent they have been dismissed by the Court or are based on allegations that have been dismissed by the Court.

## RESERVATION OF RIGHTS

The Funds hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise, and hereby reserve their right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

The Funds expressly reserve all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery or through the Receiver's independent investigation.

## JURY TRIAL DEMANDED

The Funds demand a trial by jury for all issues so triable.

## FINAL ORDER BY BANKRUPTCY COURT

In accordance with the Order entered by Judge Rakoff in the United States District Court for the Southern District of New York on January 4, 2013 (Civil Action No. 12-115(JSR), Dkt. No. 427), and pursuant to Federal Rule of Bankruptcy Procedure 7012, this Court may not issue a final decision in this adversary proceeding and.

\*      \*      \*      \*

*THE REMAINDER OF THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK*

**WHEREFORE**, having fully answered, the Funds respectfully request entry of judgment:

(a)      against the Madoff Trustee and in favor of the Funds on all Counts;

(b)      dismissing with prejudice all claims against the Funds;

(c)      awarding the Funds the costs of defending this action, including attorneys' fees, costs and disbursements;

(d)      allowing the Funds' SIPA claims to the fullest extent permitted by law; and

(e)      granting such other and further relief as the Court may deem just and proper.


Dated:  February 5, 2015
       New York, New York

                    REED SMITH LLP

                  By: /s/  James C. McCarroll
                       James C. McCarroll
                       Jordan W. Siev
                       Michael J. Venditto
                       Casey D. Laffey

                    599 Lexington Avenue
                    New York, NY  10022
                    Telephone:   212.521.5400
                    Facsimile:     212.521.5450

                  *Attorneys for Bart M. Schwartz, as Receiver of Defendants Gabriel Capital, L.P. and Ariel Fund Limited*