UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                                    :

BERNARD L. MADOFF INVESTMENT           :     Adv. Proc. No. 08-01789 (BRL)
SECURITIES LLC,                                      :     SIPA LIQUIDATION
                                                              :     (Substantively Consolidated)
                                  Debtor.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - :

PERTAINS TO THE FOLLOWING CASE:      :
                                                              :
IRVING H. PICARD, Trustee for the Liquidation  :
of Bernard L. Madoff Investment Securities LLC,  :    Adv. Proc. No. 09-1182 (BRL)
                                                              :
                                  Plaintiff,         :
            -v-                                          :
                                                              :     **JURY TRIAL DEMANDED**
J. EZRA MERKIN, GABRIEL CAPITAL, L.P., :
ARIEL FUND LTD., ASCOT PARTNERS, L.P., :
ASCOT FUND LTD., GABRIEL CAPITAL         :
CORPORATION,                                    :
                                                              :
                                  Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER OF RALPH C. DAWSON, AS RECEIVER OF ASCOT PARTNERS, L.P.,
AND ASCOT FUND LTD. TO THE THIRD AMENDED COMPLAINT OF
IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF
BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

Judith A. Archer
Jami Mills Vibbert
David B. Schwartz
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, NY  10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
jami.vibbert@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver
for Defendant Ascot Partners, L.P., and
Ascot Fund*

Ralph C. Dawson, as Receiver for Ascot Partners, L.P. ("Ascot Partners"), and Ascot

Fund Limited ("Ascot Fund") (together, "Ascot"), by their undersigned counsel, for their answer

to the Third Amended Complaint ("TAC") of Irving H. Picard, Esq. ("Trustee"), as trustee for

the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and

the consolidated estate of Bernard L. Madoff ("Madoff") in the above-captioned adversary

proceeding, state as follows:

## <u>NATURE OF THE PROCEEDING</u>[1]

1.      Ascot neither admits nor denies the allegations set forth in Paragraph 1 of the

TAC as it purports to summarize the relief sought by the Trustee and thus no response is

required.  Ascot denies that the Trustee is entitled to recover any of the relief requested and

denies that it is liable to the Trustee in any manner or amount.

2.      Ascot admits, upon information and belief, that Madoff admitted to operating a

Ponzi scheme.  Ascot is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of Paragraph 2 of the TAC, and therefore denies them.

3.      Ascot admits that J. Ezra Merkin ("Merkin") was the general partner of Ascot

Partners pursuant to the Limited Partnership Agreement, dated November 2, 1992, as amended,

and that Gabriel Capital Corporation ("GCC") was the investment advisor to Ascot Fund until on

or about December 19, 2002, pursuant to an Investment Advisory Agreement dated February 20,

1992, as amended.  Ascot Partners and Ascot Fund admit that they had accounts at BLMIS.

Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is

denied since such allegations were dismissed by the Court.  Ascot is without knowledge or

---

[1]     For the Court's convenience, Ascot will use the same headings as the Trustee used in the TAC.
In doing so, Ascot does not intend to waive any defenses or agree or admit that the TAC's headings are
accurate or substantiated.

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the TAC, and therefore denies them.

4.      Ascot admits that it received money from investors.  Ascot Partners admits that, at times between December 1996 and October 2008, it deposited funds into and withdrew principal from its BLMIS account.  Ascot Fund admits that, at times between January 1992 and January 8, 2003, it deposited funds into and withdrew principal from its BLMIS account.  The last sentence of Paragraph 4 of the TAC sets forth conclusions of law to which no response is required and on that basis Ascot neither admits nor denies them, except Ascot states that the Court has ruled that any withdrawals occurring before December 11, 2006, are not recoverable by the Trustee.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and therefore denies them.

5.      Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the TAC, and therefore denies them.

## JURISDICTION AND VENUE

6.      Ascot admits the allegations set forth in the first two sentences of Paragraph 6 of the TAC, and neither admits nor denies the allegations set forth in the third sentence of Paragraph 6 as those allegations set forth a conclusion of law as to which no response is required.

7.      Ascot neither admits nor denies the allegations set forth in Paragraph 7 of the TAC as these allegations set forth conclusions of law as to which no response is required.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Trustee's consent, and therefore denies them.

8.      Ascot neither admits nor denies the allegations set forth in Paragraph 8 of the TAC as these allegations set forth conclusions of law as to which no response is required.

9.      Ascot denies that the Trustee is entitled to recover any of the relief requested and/or damages sought and denies that it is liable to the Trustee in any manner or amount.  Ascot further denies that any transfers received by Ascot Partners or Ascot Fund are avoidable.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the TAC, and therefore denies them.

## BACKGROUND, THE TRUSTEE, AND STANDING

10.      On information and belief, Ascot admits that Madoff was arrested on December 11, 2008 for various criminal violations and that the Securities and Exchange Commission ("SEC") filed a complaint against him.  In response to the remaining allegations contained in Paragraph 10 of the TAC, Ascot respectfully refers the Court to the publicly available documents referenced therein for their contents.  Ascot further states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

11.      Ascot respectfully refers the Court to the December 12, 2008, Order of The Honorable Louis J. Stanton of the Southern District of New York referenced in Paragraph 11 of the TAC for its contents.

12.      Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the TAC, and therefore denies them, and respectfully refers the Court to documents referenced therein for their contents.

13.      Ascot respectfully refers the Court to the December 15, 2008, Order of the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York referenced in Paragraph 13 of the TAC for its contents.

14.      Ascot respectfully refers the court to the Orders dated December 23, 2008, and February 4, 2009 referenced in Paragraph 14 of the TAC for their contents.  Ascot neither admits

nor denies the remaining allegations set forth in Paragraph 14 as these allegations set forth conclusions of law to which no response is required.

15.    Ascot respectfully refers the Court to the involuntary bankruptcy petition and June 9, 2009 Court order referenced in Paragraph 15 of the TAC for their contents, and otherwise denies the allegations in Paragraph 15.

16.    In response to the allegations set forth in Paragraph 16 of the TAC, Ascot admits, upon information and belief, that Madoff appeared in court on March 12, 2009, and pled guilty to 11 criminal counts, and respectfully refers the Court to the Criminal Information and the official court transcript for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore denies them.

17.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the TAC, and therefore denies them.

18.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the TAC, and therefore denies them.

19.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the TAC, and therefore denies them.

20.    Ascot neither admits nor denies the allegations set forth in the first and third sentences of Paragraph 20 of the TAC as these allegations set forth conclusions of law to which no response is required.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 20, and therefore denies them.

21.    Ascot neither admits nor denies the allegations set forth in Paragraph 21 of the TAC as these allegations set forth conclusions of law as to which no response is required.

22.     Ascot neither admits nor denies the allegations set forth in Paragraph 22 of the TAC as these allegations set forth conclusions of law as to which no response is required.

23.     Ascot neither admits nor denies the allegations set forth in Paragraph 23 of the TAC as these allegations set forth conclusions of law as to which no response is required.

## THE PONZI SCHEME

24.     On information and belief, Ascot admits that BLMIS operated from a location at 885 Third Avenue.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the TAC, and therefore denies them.

25.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the TAC, and therefore denies them.

26.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the TAC, and therefore denies them.

27.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the TAC, and therefore denies them.

28.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the TAC, and therefore denies them.  Ascot respectfully refers the Court to the official court transcript of the plea hearing for its contents.

29.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the TAC, and therefore denies them.

30.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the TAC, and therefore denies them.

31.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the TAC, and therefore denies them.

32.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the TAC, and therefore denies them.

33.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the TAC, and therefore denies them.

34.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the TAC, and therefore denies them.

35.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the TAC, and therefore denies them.

36.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the TAC, and therefore denies them.

37.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the TAC, and therefore denies them.

38.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the TAC, and therefore denies them.

## THE DEFENDANTS

39.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the TAC, and therefore denies them.

40.    Ascot admits that Merkin was the general partner of Ascot Partners pursuant to the Limited Partnership Agreement, dated November 2, 1992, as amended, and that GCC was the investment advisor of Ascot Fund until on or about December 19, 2002, pursuant to an Investment Advisory Agreement dated February 20, 1992, as amended.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the TAC, and therefore denies them.

41.     Ascot Partners admits that Yeshiva University and the Ramaz School invested in Ascot Partners.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the TAC, and therefore denies them.

42.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the TAC, and therefore denies them.

43.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the TAC, and therefore denies them.

44.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the TAC, and therefore denies them.

45.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the TAC, and therefore denies them.

46.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the TAC, and therefore denies them

47.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the TAC, and therefore denies them.

48.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the TAC, and therefore denies them.

49.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the TAC, and therefore denies them.

50.     Ascot admits the allegations in Paragraph 50 of the TAC.

51.     Ascot Partners admits that Merkin was the general partner of Ascot Partners pursuant to the Limited Partnership Agreement, dated November 2, 1992, as amended.  Ascot Partners further admits that, on July 16, 2009, the Supreme Court for the State of New York,

New York County, entered an order appointing a receiver for Ascot Partners. Ascot neither admits nor denies the allegation that Merkin is responsible for the liabilities of Ascot Partners as that allegation sets forth a conclusion of law to which no response is required. Ascot denies that the Trustee is entitled to recover any of the relief requested and/or damages sought and denies that it is liable to the Trustee in any manner or amount. Ascot denies the remaining allegations of Paragraph 51 of the TAC.

52.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the TAC, and therefore denies them.

53.     Ascot Fund admits that it is an exempt company incorporated and registered in the Cayman Islands on or about February 10, 1992, and denies that its principal place of business is at 450 Park Avenue, New York, NY. Ascot Fund admits that before January 8, 2003, it invested directly with BLMIS. Ascot Fund admits that GCC was its investment advisor until on or about December 19, 2002, pursuant to an Investment Advisory Agreement, dated February 20, 1992, as amended. Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the TAC. Ascot denies any remaining allegations of Paragraph 53.

54.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 54 of the TAC, and therefore denies them. Ascot Fund admits that GCC was its investment advisor from until on or about December 19, 2002, pursuant to an Investment Advisory Agreement, dated February 20, 1992, as amended. Ascot denies the remaining allegations of Paragraph 54.

55.     Ascot admits that, beginning in early 2003, Ascot Fund invested substantially all of its capital through a "master-feeder" structure in Ascot Partners and became a limited partner

- 8 -

in Ascot Partners.  Ascot admits that, on or about January 8, 2003, Ascot Fund closed its BLMIS account and transferred the entire balance of that account to Ascot Partners.

## THE DEFENDANT FUNDS' INVESTMENTS WITH BLMIS

### A.     Gabriel and Ariel

56.     Ascot Fund admits that, from January 1992 until January 8, 2003, it had a BLMIS account, Account Number 1-FN005.  Ascot denies any remaining allegations of Paragraph 56 of the TAC to the extent they pertain to Ascot Fund.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 regarding Ariel Fund Limited ("Ariel"), and therefore denies them.

57.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the TAC, and therefore denies them.

58.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the TAC, and therefore denies them.

59.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the TAC, and therefore denies them.

60.     Ascot Partners admits that it had a BLMIS account, Account Number 1-A0058. Ascot denies any remaining allegations of Paragraph 60 of the TAC to the extent they pertain to Ascot Partners.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 regarding Ariel Capital L.P. and Gabriel Capital, L.P. ("Gabriel"), and therefore denies them.

61.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the TAC, and therefore denies them.

62.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the TAC, and therefore denies them.

63.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the TAC, and therefore denies them.

**B.     The Former Ascot Fund and Ascot**

64.     Ascot Fund admits that, from January 1992 until January 8, 2003, Ascot Fund had a BLMIS account, Account Number 1-FN005.  With respect to the remaining allegations of Paragraph 64 of the TAC, Ascot respectfully refers the Court to the BLMIS account statements referenced for their contents and otherwise denies them.

65.     Ascot Partners admits that, on or about January 4, 1993, it opened an account with BLMIS, Account Number 1-A0058.  With respect to the remaining allegations, Ascot respectfully refers the Court to the BLMIS account statements referenced in Paragraph 65 of the TAC for their contents.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the TAC, and therefore denies them, except Ascot Partners admits that a substantial portion of its assets were invested with BLMIS.

67.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the TAC, and therefore denies them, except Ascot Fund admits that a substantial portion of its assets from 1992 through January 8, 2003, were invested with BLMIS.

68.     Ascot Partners admits that, as of November 2008, it had approximately 233 investors.  Ascot Partners respectfully refers the Court to its Proof of Claim and BLMIS account statements for their contents and denies the remaining allegations of Paragraph 68 of the TAC.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

## THE TRANSFERS

69.     Ascot Partners and Ascot Fund each admits that it maintained an account at BLMIS and respectfully refers the Court to the BLMIS records referenced in Paragraph 69 of the TAC for their contents.  To the extent the remaining allegations pertain to Ascot, Ascot denies them.  With respect to the allegations pertaining to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

70.     Ascot Partners and Ascot Fund each admits that it executed a BLMIS Customer Agreement, an Option Agreement and a Trading Authorization in connection with its respective BLMIS account, and respectfully refers the Court to the BLMIS records and Account Agreements referenced in Paragraph 70 of the TAC for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70, and therefore denies them.

71.     Ascot Partners and Ascot Fund each admits that it wired funds to its respective BLMIS account in New York.  With respect to the allegations regarding the Account Agreements referenced in Paragraph 71 of the TAC, Ascot respectfully refers the Court to those Agreements for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71, and therefore denies them.

72.     Ascot Partners admits that, at times between December 1996 and October 2008, Ascot Partners deposited funds into its BLMIS account.  Ascot Fund admits that, at times between January 1992 and January 8, 2003, Ascot Fund deposited funds into its BLMIS account. Ascot neither admits nor denies the allegations set forth in the last sentence of Paragraph 72 of the TAC as these allegations set forth conclusions of law to which no response is required.  To the extent the remaining allegations pertain to Ascot, Ascot denies those them.  To the extent the

allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

73.    Ascot Partners admits that, at times between December 1996 and October 2008, it deposited funds into and withdrew capital from its BLMIS account. Ascot Fund admits that, at times between January 1992 and January 8, 2003, it deposited funds into and withdrew capital from its BLMIS account. Ascot respectfully refers the Court to the BLMIS records of the relevant accounts for their contents. To the extent the remaining allegations of Paragraph 73 of the TAC pertain to Ascot, Ascot denies those them. To the extent the allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

74.    Ascot Partners admits that it had an account at Morgan Stanley, Account Number xx-xx021. Ascot Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents. To the extent the remaining allegations pertain to Ascot, Ascot denies those them. To the extent the allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the TAC, and therefore denies them.

75.    Ascot neither admits nor denies the allegations contained in the last sentence of Paragraph 75 of the TAC as these allegations set forth conclusions of law to which no response is required. Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75, and therefore denies them. To the extent the remaining allegations of Paragraph 75 pertain to Ascot Partners, Ascot Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and

otherwise denies them.   To the extent the remaining allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

76.     To the extent the allegations of Paragraph 76 of the TAC pertain to Ascot, Ascot respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies them.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76, and therefore denies them.

77.     Ascot neither admits nor denies the allegations set forth in Paragraph 77 of the TAC as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, Ascot denies the allegations of Paragraph 77, except that Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations that do not pertain to Ascot, and therefore denies them.

78.     Ascot neither admits nor denies the allegations set forth in Paragraph 78 of the TAC as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, Ascot denies the allegations of Paragraph 78, except that Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at Ascot, and therefore denies them.

79.     Ascot neither admits nor denies the allegations set forth in Paragraph 79 of the TAC as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, Ascot denies the allegations of Paragraph 79, except that Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at Ascot, and therefore denies them.

80.     Ascot neither admits nor denies the allegations set forth in Paragraph 80 of the TAC as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, Ascot denies the allegations of Paragraph 80, except that Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at Ascot, and therefore denies them.

81.     Ascot neither admits nor denies the allegations set forth in Paragraph 81 of the TAC as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, Ascot denies the allegations of Paragraph 81, except that Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at Ascot, and therefore denies them.

## MERKIN'S LONGSTANDING BUSINESS AND SOCIAL RELATIONSHIP WITH MADOFF

82.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the TAC, and therefore denies them.

83.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the TAC, and therefore denies them.

84.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the TAC, and therefore denies them.

85.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the TAC, and therefore denies them.

86.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the TAC, and therefore denies them.

87.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the TAC, and therefore denies them.

88.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the TAC, and therefore denies them.

89.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the TAC, and therefore denies them.

90.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the TAC, and therefore denies them.

## THE DEFENDANTS' INVOLVEMENT IN AND KNOWLEDGE OF MADOFF'S FRAUD

**A.    Defendants' Actual Knowledge of Fraud at BLMIS**

91.    Ascot denies the allegations of Paragraph 91 of the TAC.

92.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the TAC, and therefore denies them.

93.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the TAC, and therefore denies them.

94.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the TAC, and therefore denies them.

95.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the TAC, and therefore denies them.

96.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the TAC, and therefore denies them.

97.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the TAC, and therefore denies them.

98.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the TAC, and therefore denies them.

99.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the TAC, and therefore denies them.

100.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the TAC, and therefore denies them.

101.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the TAC, and therefore denies them.

102.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the TAC, and therefore denies them.

103.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the TAC, and therefore denies them.

104.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the TAC, and therefore denies them.

105.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the TAC, and therefore denies them.

106.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the TAC, and therefore denies them.  Ascot also respectfully refers the Court to the February 20, 1996 document referenced in Paragraph 106 for its content.

107.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the TAC, and therefore denies them.  Ascot refers the Court to the third party's analysis referenced in Paragraph 107 for its content.

108.    Ascot  states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied since such allegations were dismissed by the Court.   Ascot is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 of the TAC, and therefore denies them.

109.    Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied since such allegations were dismissed by the Court.

**B.    Ariel's and Gabriel's Offering Documents and Other Disclosures Contained Misrepresentations and Other Omissions**

110.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the TAC, and therefore denies them.

111.    Ascot Partners admits that Merkin delegated investment discretion to Madoff and/or other outside managers for certain assets of Ascot Partners.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 of the TAC, and therefore denies them.

112.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the TAC, and therefore denies them.

113.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the TAC, and therefore denies them.

114.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the TAC, and therefore denies them.

115.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the TAC, and therefore denies them.

116.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the TAC, and therefore denies them.

117.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the TAC, and therefore denies them.

118.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the TAC, and therefore denies them.

119.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the TAC, and therefore denies them.

**C.    Misrepresentations and Omissions in Ascot's and the Former Ascot Fund's Offering Documents and Other Disclosures**

120.    Ascot respectfully refers the Court to the offering documents and other disclosures referenced in Paragraph 120 of the TAC for their contents.  To the extent the remaining allegations pertain to Ascot, Ascot denies them.  To the extent the remaining allegations pertain to Merkin, Ascot is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

121.    Ascot Partners respectfully refers the Court to the offering documents referenced in Paragraph 121 of the TAC for their contents, and otherwise denies the allegations of Paragraph 121.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121, and therefore denies them.

122.    Ascot Fund respectfully refers the Court to the offering documents referenced in Paragraph 122 of the TAC for their contents, and otherwise denies the allegations of Paragraph 122.  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122, and therefore denies them.

123.    Ascot Fund respectfully refers the Court to the offering documents referenced in Paragraph 123 of the TAC for their contents, and otherwise denies the allegations of Paragraph 123.  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123, and therefore denies them.

**D.**   **Misrepresentations and Omissions to Clients**

124.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the TAC, and therefore denies them.

**1.**   **Ivy Asset Management**

125.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the TAC, and therefore denies them, except Ascot admits that a substantial portion of its assets were invested with BLMIS.

**2.**   **Silver Creek**

126.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the TAC, and therefore denies them.

127.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the TAC, and therefore denies them.

128.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the TAC, and therefore denies them.

129.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the TAC, and therefore denies them.

130.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the TAC, and therefore denies them.

**3.**   **Joshua Nash and the Nash Family Partnership**

131.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the TAC, and therefore denies them.

132.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 of the TAC, and therefore denies them.

133.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the TAC, and therefore denies them.

134.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the TAC, and therefore denies them.

**4.      Glen Eagle Partners and Gottlieb**

135.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 of the TAC, and therefore denies them.

136.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of the TAC, and therefore denies them.

137.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 of the TAC, and therefore denies them.

138.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of the TAC, and therefore denies them.

139.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of the TAC, and therefore denies them.

**5.      New York University and Maurice Maertens**

140.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the TAC, and therefore denies them.

141.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of the TAC, and therefore denies them.

142.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the TAC, and therefore denies them.

143.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the TAC, and therefore denies them.

## THE DEFENDANTS KNEW OF IMPOSSIBILITIES AND
## INDICIA OF FRAUD ABOUT MADOFF AND BLMIS

144.    Ascot denies the allegations of Paragraph 144 of the TAC.

145.    Ascot admits that Merkin was the general partner of Ascot Partners pursuant to
the Limited Partnership Agreement, dated November 2, 1992, as amended, and that GCC was the
investment advisor of Ascot Fund until on or about December 19, 2002, pursuant to an
Investment Advisory Agreement dated February 20, 1992, as amended.    Ascot admits that
Merkin and GCC (collectively, "Merkin Defendants") were paid or received fees from Ascot.
Ascot denies the remaining allegations of Paragraph 145 of the TAC.

146.    Ascot neither admits nor denies the allegations set forth in Paragraph 146 of the
TAC as these allegations set forth conclusions of law to which no response is required.

147.    Ascot respectfully refers the Court to the offering memoranda, partnership
agreements, and quarterly newsletters referenced in Paragraph 147 of the TAC for their contents.
Ascot is without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations of Paragraph 147 and therefore denies them.

148.    Ascot respectfully refers the Court to the quarterly newsletter referenced in
Paragraph 148 of the TAC for its contents.    Ascot is without knowledge or information sufficient
to form a belief as to the truth of the remaining allegations of Paragraph 148, and therefore
denies them.

149.    Ascot neither admits nor denies the allegations set forth in Paragraph 149 of the
TAC as these allegations set forth conclusions of law to which no response is required.

150.    Ascot neither admits nor denies the allegations set forth in Paragraph 150 of the
TAC as these allegations set forth conclusions of law to which no response is required.

151.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the TAC, and therefore denies them.

152.    To the extent the allegations of Paragraph 152 of the TAC refer to Ascot, Ascot denies them.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 152 that do not pertain to Ascot, and therefore denies them.

153.    To the extent the allegations of Paragraph 153 of the TAC refer to Ascot, Ascot denies them.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153 that do not pertain to Ascot, and therefore denies them.

### A.    Indicia of Fraud:  Madoff's Operations Lacked Transparency

154.    Ascot neither admits nor denies the allegations concerning an investment manager's duties set forth in Paragraph 154 of the TAC as these allegations set forth conclusions of law to which no response is required.  Ascot denies the remaining allegations of Paragraph 154.

155.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 of the TAC, and therefore denies them.

156.    Ascot respectfully refers the Court to the transcript of the phone call referenced in Paragraph 156 of the TAC for its contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 156, and therefore denies them.

157.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the TAC, and therefore denies them.

158.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the TAC, and therefore denies them.

**B.**     **Impossibility:  Consistent Returns**

159.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 of the TAC, and therefore denies them.

160.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the TAC, and therefore denies them.

161.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the TAC, and therefore denies them.  Ascot respectfully refers the Court to the third party fund's analysis referenced in Paragraph 161 for its contents.

162.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 of the TAC, and therefore denies them.

163.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the TAC, and therefore denies them.

164.     Ascot respectfully refers the Court to its BLMIS account statements referenced in Paragraph 164 of the TAC for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 164, and therefore denies them.

165.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the TAC, and therefore denies them.  Ascot respectfully refers the Court to the transcript of the May 2000 telephone call referenced in Paragraph 165 for its contents.

166.     Ascot respectfully refers the Court to its BLMIS account statements for information concerning the returns on its BLMIS accounts.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 166 of the TAC, and therefore denies them.

167.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 of the TAC, and therefore denies them.

**C.     Impossibility:  Trades Outside of the Daily Range**

168.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 of the TAC, and therefore denies them.

169.     Ascot respectfully refers the Court to the BLMIS account records referenced for their content.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 169 of the TAC, and therefore denies them.

170.     With respect to the first sentence of Paragraph 170 of the TAC, Ascot Partners respectfully refers the Court to the BLMIS account records referenced for their contents, and Ascot Fund states that it did not have a BLMIS account as of October 2, 2003, and therefore is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.  With respect to the third sentence of Paragraph, Ascot respectfully refers the Court to the BLMIS account records referenced for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 170, and therefore denies them.

171.     With respect to the first sentence of Paragraph 171 of the TAC, Ascot Partners respectfully refers the Court to the BLMIS account records referenced for their contents.  Ascot denies the allegation that a BLMIS-reported sale was "a clear impossibility."  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 171, and therefore denies them. Ascot Fund states that it did not have a

BLMIS account in 2006 and therefore is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 171, and therefore denies them.

172.    To the extent the allegations of Paragraph 172 of the TAC pertain to Ascot, Ascot

respectfully refers the Court to the BLMIS account records referenced for their contents. Ascot

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 172, and therefore denies them.

173.    Ascot is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 173 of the TAC, and therefore denies them.

174.    Ascot denies the allegations of Paragraph 174 of the TAC.

**D.    Impossibility:  Lack of Scalability**

175.    Ascot is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 175 of the TAC, and therefore denies them.

176.    Ascot is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 176 of the TAC, and therefore denies them.

177.    Ascot is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 177 of the TAC, and therefore denies them.

178.    Ascot is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 178 of the TAC, and therefore denies them.

**E.    Impossibility:  Option Volumes**

179.    To the extent the allegations of Paragraph 179 of the TAC pertain to Ascot, Ascot

respectfully refers the Court to the BLMIS account records and confirmations referenced in

Paragraph 179 for their contents. Ascot is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 179, and therefore denies them.

180.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of the TAC, and therefore denies them.

181.    To the extent Paragraph 181 of the TAC refers to options trades in either Ascot Partners' or Ascot Funds' BLMIS accounts, Ascot respectfully refers the Court to the BLMIS account records for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 181, and therefore denies them.

182.    Ascot denies the allegations of Paragraph 182 of the TAC regarding the impossibility of executing trades.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 182, and therefore denies them.

183.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of the TAC, and therefore denies them.

**F.    Impossibility:  Timing of Trades**

184.    Ascot Partners and Ascot Fund admit that they received account statements from BLMIS for their respective BLMIS accounts and respectfully refer the Court to the statements and trade confirmations referenced in Paragraph 184 of the TAC for their contents.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 184, and therefore denies them.

185.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the TAC, and therefore denies them.

186.    To the extent the allegations of Paragraph 186 of the TAC pertain to Ascot, Ascot respectfully refers the Court to the BLMIS account records referenced therein for their contents. Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 186, and therefore denies them.

187.    Ascot respectfully refers the Court to the BLMIS account records referenced in Paragraph 187 of the TAC for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 187, and therefore denies them.

**G.**     **Indicia of Fraud:  Option Trades and CUSIP**

188.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of the TAC, and therefore denies them.

189.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of the TAC, and therefore denies them.

190.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of the TAC, and therefore denies them.

191.    Ascot denies the allegations of the first sentence of Paragraph 191 of the TAC. Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 191 of the TAC, and therefore denies them.

192.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of the TAC, and therefore denies them.

**H.**     **Indicia of Fraud:  The Defendant Funds Had Negative Cash Balances at BLMIS**

193.    To the extent the allegations of Paragraph 193 of the TAC pertain to Ascot's accounts or balances, Ascot respectfully refers the Court to the  BLMIS account statements for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 193, and therefore denies them.

194.    To the extent the allegations of Paragraph 194 of the TAC pertain to Ascot's accounts or balances, Ascot respectfully refers the Court to the BLMIS account statements for

their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 194, and therefore denies them.

195.    Ascot Partners and Ascot Fund each respectfully refers the Court to its respective BLMIS Customer Agreement, Option Agreement, and Trading Authorization for their contents. Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195 of the TAC, and therefore denies them.

196.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 of the TAC, and therefore denies them.

**I.      Indicia of Fraud:  Madoff's Unusual Fee Structure**

197.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 of the TAC, and therefore denies them.

198.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 of the TAC, and therefore denies them.

199.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 of the TAC, and therefore denies them.

200.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 of the TAC, and therefore denies them.

201.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 of the TAC, and therefore denies them.  Ascot further respectfully refers the Court to the transcript referenced in Paragraph 201 for its contents.

202.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 of the TAC, and therefore denies them.

**J.**     **Indicia of Fraud:  Lack of Independent Custodian**

203.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203 of the TAC, and therefore denies them.

204.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204 of the TAC, and therefore denies them.

205.    Ascot admits that BLMIS misreported and misappropriated its assets.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 205 of the TAC, and therefore denies them.

206.    Ascot denies the allegations of Paragraph 206 of the TAC.

207.    To the extent the allegations in the last sentence of Paragraph 207 of the TAC pertain to Ascot, Ascot denies them.  Ascot respectfully refers the Court to the April 19, 2002, newsletter referenced in Paragraph 207 for its contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 207, and therefore denies them.

**K.**     **Indicia of Fraud:  Lack of Real-Time Electronic Access to Accounts and Trade Confirmations**

208.    Ascot neither admits nor denies the allegations set forth in Paragraph 208 of the TAC as these allegations set forth conclusions of law to which no response is required.

209.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 209 of the TAC, and therefore denies them.

210.    Ascot respectfully refers the Court to the marketing materials referenced in Paragraph 210 of the TAC for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 210, and therefore denies them.

211.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211 of the TAC, and therefore denies them.

212.    Ascot admits the allegations of Paragraph 212 of the TAC to the extent they pertain to Ascot.  To the extent those allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

213.    To the extent the allegations of Paragraph 213 of the TAC pertain to Ascot, Ascot respectfully refers the Court to the trade confirmations referenced in Paragraph 213 for their contents.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 213, and therefore denies them.

214.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 214 of the TAC, and therefore denies them.

**L.    Indicia of Fraud:  Strip-Mall Auditors**

215.    Ascot Partners admits that BDO Seidman was its auditor, and Ascot Fund admits that BDO Tortuga was its auditor.  Ascot neither admits nor denies the allegations set forth in the first sentence of Paragraph 215 of the TAC as these allegations set forth conclusions of law to which no response is required.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215 relating to other Defendants, and therefore denies them.

216.    Ascot neither admits nor denies the allegations set forth in Paragraph 216 of the TAC as these allegations set forth conclusions of law to which no response is required.

217.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 217 of the TAC.

218.    Ascot denies the allegations of Paragraph 218 of the TAC.

**M.**     **Indicia of Fraud:  Industry Skepticism and Suspicion**

219.    Ascot denies the allegations of Paragraph 219 of the TAC.

220.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220 of the TAC, and therefore denies them.

221.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221 of the TAC, and therefore denies them.

222.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222 of the TAC, and therefore denies them.

**THE MERKIN DEFENDANTS REAPED
SIGNIFICANT MANAGEMENT AND INCENTIVE FEES**

223.    Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied since such allegations were dismissed by the Court.  Ascot neither admits nor denies the remaining allegations set forth in Paragraph 223 of the TAC as these allegations set forth conclusions of law to which no response is required.

224.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224 of the TAC, and therefore denies them.

225.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225 of the TAC, and therefore denies them.

226.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226 of the TAC, and therefore denies them.

227.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227 of the TAC, and therefore denies them.

228.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228 of the TAC, and therefore denies them.

229.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229 of the TAC, and therefore denies them.

230.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 230 of the TAC, and therefore denies them.

231.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 231 of the TAC, and therefore denies them.

232.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232 of the TAC, and therefore denies them.

233.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233 of the TAC, and therefore denies them.

234.    Ascot respectfully refers the Court to the Offering Memoranda referenced in Paragraph 234 of the TAC for their contents.

235.    Ascot admits that the fee to be paid to Ascot Partners' general partner was increased from 1% to 1.5% as of January 1, 2003.

236.    With respect to the first two sentences of Paragraph 236 of the TAC, Ascot Fund respectfully refers the Court to its Investment Advisory Agreement with GCC for its contents. With respect to the third sentence of Paragraph 236, Ascot admits that as of January 1, 2003, Ascot Fund became a limited partner of Ascot Partners, and otherwise denies the allegations set forth in that sentence.  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

237.    Ascot respectfully refers the Court to the letter referenced to in Paragraph 237 of the TAC for its contents.  Ascot is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations, and therefore denies them, except Ascot admits that a substantial portion of its assets were invested with BLMIS.

238.    Ascot respectfully refers the Court to Ascot Partners' Confidential Offering Memoranda for their contents, except Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the time period prior to January 1, 2003, when it became a limited partner of Ascot Partners, and therefore denies them.

239.    Ascot respectfully refers the Court to Ascot Partners' March and October 2006 Confidential Offering Memoranda for their contents.

240.    Ascot respectfully refers the Court to Ascot Partners' Confidential Offering Memoranda for their contents, except Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the time period prior to January 1, 2003, when it became a limited partner of Ascot Partners, and therefore denies them.

241.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 241 of the TAC, and therefore denies them.

242.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 242 of the TAC, and therefore denies them.

243.    Ascot Fund states that it did not have a BLMIS account after January 8, 2003, respectfully refers the Court to its BLMIS statements for their contents for the period prior to January 8, 2003, and otherwise denies the allegations of Paragraph 243 of the TAC pertaining to Ascot Fund.   Ascot Partners respectfully refers the Court to the relevant BLMIS account statements for their contents, and otherwise denies the allegations pertaining to Ascot Partners. To the extent the allegations do not pertain to Ascot, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

244.    Ascot Fund states that it did not have a BLMIS account after January 8, 2003, and did not have a Morgan Stanley account, respectfully refers the Court to its BLMIS statements for their contents for the period prior to January 8, 2003, and otherwise denies the allegations set forth in Paragraph 244 of the TAC pertaining to Ascot Fund. Ascot Partners respectfully refers the Court to the relevant BLMIS and Morgan Stanley account statements for their contents, and otherwise denies the allegations pertaining to Ascot Partners. To the extent the allegations do not pertain to Ascot, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

245.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 245 of the TAC, and therefore denies them, except Ascot respectfully refers the Court to Ascot Partners' March 2006 Offering Memorandum for its contents.

246.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 246 of the TAC, and therefore denies them, except Ascot Partners admits that it withdrew $25 million from its BLMIS account on December 23, 2005, and $63 million from its BLMIS account on January 6, 2006.

247.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 247 of the TAC, and therefore denies them.

248.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 248 of the TAC, and therefore denies them, except Ascot admits that a substantial portion of its assets were invested with BLMIS.

249.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 249 of the TAC, and therefore denies them.

250.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 250 of the TAC, and therefore denies them.

251.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 251 of the TAC, and therefore denies them.

252.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 252 of the TAC, and therefore denies them.

253.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 253 of the TAC, and therefore denies them.

254.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 254 of the TAC, and therefore denies them.

255.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 255 of the TAC, and therefore denies them.  Ascot neither admits nor denies the allegations set forth in the second sentence of Paragraph 255 as these allegations set forth conclusions of law to which no response is required.

## COMMINGLING OF ASSETS BY AND BETWEEN
## MERKIN, GCC, AND THE DEFENDANT FUNDS

256.    Ascot neither admits not denies the allegations set forth in Paragraph 256 of the TAC as these allegations state conclusions of law as to which no response is required.  To the extent a response is required, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 256, and therefore denies them.

257.    Ascot neither admits not denies the allegations set forth in Paragraph 257 of the TAC as these allegations state conclusions of law as to which no response is required.  To the extent a response is required, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 257, and therefore denies them.

A.     **Improperly Commingled Assets at GCC**

258.    Ascot Partners admits that it had a bank account at Morgan Stanley and, to the extent the remaining allegations pertain to Ascot Partners, denies them.  To the extent the remaining allegations do not pertain to Ascot Partners, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Ascot Fund states that it did not have a Morgan Stanley account and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 258, and therefore denies them.

259.    To the extent the allegations of Paragraph 259 of the TAC pertain to Ascot, Ascot respectfully refers the Court to their BLMIS account statements for their contents.  To the extent the allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 259.

260.    To the extent the allegations of Paragraph 260 of the TAC pertain to Ascot, Ascot respectfully refers the Court to the BLMIS and Morgan Stanley account statements referenced for their contents, and otherwise denies them.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 260, and therefore denies them.

261.    To the extent the allegations of Paragraph 261 pertain to Ascot, Ascot respectfully refers the Court to the BLMIS and Morgan Stanley account statements referenced for their contents, and otherwise denies them.  Ascot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 261 of the TAC, and therefore denies them.

262.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 262 of the TAC, and therefore denies them.

263.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 263 of the TAC, and therefore denies them.

264.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 264 of the TAC, and therefore denies them.

265.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 265 of the TAC, and therefore denies them.

266.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 266 of the TAC, and therefore denies them.

267.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 267 of the TAC, and therefore denies them.

**B.    Transfers of Assets between the BLMIS Accounts of the Defendant Funds**

268.    Ascot respectfully refers to the Court to the referenced BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 268 of the TAC, and therefore denies them.

269.    Ascot Partners respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 269 of the TAC, and therefore denies them.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 269, and therefore denies them.

270.    Ascot Partners respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 270 of the TAC, and therefore denies them.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 270, and therefore denies them.

271.    Ascot Partners respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 271 of the TAC, and therefore denies them.   Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 271, and therefore denies them.

272.    Ascot Partners respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 272 of the TAC, and therefore denies them.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 272, and therefore denies them.

273.    Ascot Fund respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 273 of the TAC, and therefore denies them.  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273, and therefore denies them.

274.    Ascot Fund respectfully refers the Court to the relevant BLMIS account statements for their contents and and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 274 of the TAC, and therefore denies them.  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274, and therefore denies them.

275.    Ascot Fund respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 275 of the TAC, and therefore denies

them. Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 275, and therefore denies them.

276.    Ascot Partners respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 276 of the TAC, and therefore denies them. Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 276, and therefore denies them.

277.    Ascot Fund respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 277 of the TAC, and therefore denies them. Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 277, and therefore denies them.

278.    Ascot respectfully refers the Court to the relevant BLMIS account statements for their contents and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 278 of the TAC, and therefore denies them.

279.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 279 of the TAC, and therefore denies them.  Ascot neither admits nor denies the allegations set forth in the second sentence of Paragraph 279 as these allegations purport to reflect the relief sought by the Trustee, and thus no response is required.

280.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 280 of the TAC, and therefore denies them.

C.     **Transfer of Assets Between the Morgan Stanley Accounts of the Defendant Funds**

281.   Ascot Fund states that it did not have a Morgan Stanley account and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 281 of the TAC, and therefore denies them.  To the extent the allegations pertain to Ascot Partners, Ascot Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies them.  To the extent the allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

282.   Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 282 of the TAC, and therefore denies them.  To the extent the allegations pertain to Ascot Partners, Ascot Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies them.  To the extent the allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

283.   Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 283 of the TAC and therefore denies them.  Ascot Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies the allegations of Paragraph 283 that pertain to Ascot Partners.  To the extent the allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

284.   Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 284 of the TAC and therefore denies them.  Ascot

Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies the allegations of Paragraph 284 that pertain to Ascot Partners. To the extent the allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

285.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 285 of the TAC, and therefore denies them.

286.    Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 286 of the TAC, and therefore denies them.  Ascot Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies the allegations of Paragraph 286 that pertain to Ascot Partners. To the extent the allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

287.    Ascot respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies the allegations in Paragraph 287 of the TAC that pertain to Ascot.  To the extent the allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

288.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 288 of the TAC, and therefore denies them.

289.    Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 289 of the TAC, and therefore denies them.   Ascot

Partners respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies the allegations of Paragraph 289 that pertain to Ascot Partners. To the extent the allegations pertain to other Defendants, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

290.    Ascot respectfully refers the Court to the relevant Morgan Stanley account statements for their contents, and otherwise denies the allegations of Paragraph 290 of the TAC that pertain to Ascot.  To the extent the allegations pertain to other Defendants, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

291.    Ascot Fund states that it did not have a Morgan Stanley account and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 291 of the TAC, and therefore denies them.  Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**IMPUTATION AND GENERAL PARTNER LIABILITY**

292.    Ascot denies the allegations of Paragraph 292 of the TAC and states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied since such allegations were dismissed by the Court.

A.    **Imputation as to GCC**

293.    Ascot neither admits nor denies the allegations set forth in Paragraph 293 of the TAC as these allegations set forth conclusions of law to which no response is required.

294.    Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 294 of the TAC, and therefore denies

them. Ascot neither admits nor denies the allegations set forth in the second sentence of Paragraph 294 as these allegations set forth conclusions of law to which no response is required. Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied since such allegations were dismissed by the Court.

295.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 295 of the TAC, and therefore denies them. Ascot neither admits nor denies the allegations set forth in the second sentence of Paragraph 295 as these allegations set forth conclusions of law to which no response is required.

296.   Ascot neither admits nor denies the allegations set forth in Paragraph 296 of the TAC as these allegations set forth conclusions of law to which no response is required. Ascot further states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied since such allegations were dismissed by the Court.

297.   Ascot neither admits nor denies the allegations set forth in Paragraph 297 of the TAC as these allegations set forth conclusions of law to which no response is required. Ascot further states that the allegations that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

**B.    Imputation as to Ariel**

298.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 298 of the TAC, and therefore denies them.

299.   Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 299 of the TAC, and therefore denies them. Ascot further states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

300.     Ascot neither admits nor denies the allegations set forth in Paragraph 300 of the TAC as these allegations set forth conclusions of law to which no response is required.  Ascot further states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

301.     Ascot neither admits nor denies the allegations set forth in Paragraph 301 of the TAC as these allegations set forth conclusions of law to which no response is required.  Ascot further states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

## C.      Imputation as to Gabriel

302.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 302 of the TAC, and therefore denies them.

303.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 303 of the TAC, and therefore denies them.  Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

304.     Ascot neither admits nor denies the allegations set forth in Paragraph 304 of the TAC as these allegations set forth conclusions of law to which no response is required.  Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

## D.      Imputation as to Ascot

305.     Ascot admits that Merkin was the general partner of Ascot Partners at all relevant times pursuant to the Limited Partnership Agreement, dated November 2, 1992, as amended.  Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 305 of the TAC, and therefore denies them.  Ascot Partners

admits that Merkin made the decision to invest Ascot's assets with BLMIS. Ascot denies any remaining allegations of Paragraph 305.

306.    Ascot admits that Merkin was the general partner of Ascot Partners at all relevant times pursuant to the Limited Partnership Agreement, dated November 2, 1992, as amended. Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 306 of the TAC, and therefore denies them. Ascot Partners admits that Merkin made the decision to invest Ascot Partners' assets with BLMIS. Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court. To the extent any remaining allegations pertain to Ascot Partners, Ascot Partners denies them. With respect to any remaining allegations that do not pertain to Ascot Partners, Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

307.    Ascot neither admits nor denies the allegations set forth in Paragraph 307 of the TAC as these allegations set forth conclusions of law to which no response is required. To the extent a response may be required, Ascot Partners denies the allegations of Paragraph 307, except that Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations that are not directed at Ascot Partners, and therefore deny them. To the extent a response is required, Ascot Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 307, and therefore denies them.

E.    **Imputation as to the Former Ascot Fund**

308.    Ascot Fund admits that GCC was its investment advisor from on or about February 20, 1992, until on or about December 19, 2002, pursuant to an Investment Advisory Agreement dated February 20, 1992, as amended, and otherwise denies the allegations of

- 45 -

Paragraph 308 of the TAC. Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 308, and therefore denies them.

309. Ascot Fund admits that GCC was its investment advisor until on or about December 19, 2002, pursuant to an Investment Advisory Agreement, dated February 20, 1992, as amended, and otherwise denies the allegations of Paragraph 309 of the TAC. Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court. Ascot Partners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 309, and therefore denies them.

310. Ascot neither admits nor denies the allegations set forth in Paragraph 310 of the TAC as these allegations set forth conclusions of law to which no response is required. To the extent a response may be required, Ascot denies the allegations of Paragraph 310. Ascot states that the allegation that Merkin had actual knowledge of the fraud at BLMIS is denied because such allegations were dismissed by the Court.

## F.   **General Partner Liability for Ascot and Gabriel**

311. Ascot admits that Merkin was the sole general partner of Ascot Partners. Ascot neither admits nor denies the remaining allegations set forth in Paragraph 311 as these allegations set forth conclusions of law as to which no response is required.

312. Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 312 of the TAC, and therefore denies them.

313. Ascot neither admits nor denies the allegations set forth in Paragraph 313 of the TAC as these allegations set forth conclusions of law to which no response is required.

314. Ascot neither admits nor denies the allegations set forth in Paragraph 314 of the TAC as these allegations set forth conclusions of law to which no response is required.

315.    Ascot neither admits nor denies the allegations set forth in Paragraph 315 of the

TAC as these allegations set forth conclusions of law to which no response is required.

## THE INITIAL AND SUBSEQUENT TRANSFERS TO THE
## DEFENDANTS ARE AVOIDABLE AND RECOVERABLE BY THE TRUSTEE

316.    Ascot neither admits nor denies the allegations set forth in Paragraph 316 of the

TAC as these allegations set forth conclusions of law as to which no response is required.

317.    Ascot denies the allegations in Paragraph 317 of the TAC to the extent the Trustee

is seeking to avoid any transfers occurring before December 11, 2006, which the Court has ruled

are not recoverable by the Trustee.  Ascot neither admits nor denies the remaining allegations set

forth in Paragraph 317 as these allegations set forth conclusions of law as to which no response

is required.   To the extent a response may be required, Ascot is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 317, and therefore denies them, except Ascot Partners admits that it withdrew

principal from its BLMIS account in the six years prior to the Filing Date.

318.    Ascot neither admits nor denies the allegations set forth in Paragraph 318 of the

TAC as these allegations set forth conclusions of law as to which no response is required.  To the

extent a response may be required, Ascot is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 318, and therefore denies them, except

Ascot Partners admits that it withdrew principal from its BLMIS account in the two years prior

to the Filing Date.

319.    Ascot neither admits nor denies the allegations set forth in Paragraph 319 of the

TAC as these allegations set forth conclusions of law as to which no response is required.  To the

extent a response is required, Ascot is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 319, and therefore denies them, except Ascot

Partners admits that it received a transfer from BLMIS into its BLMIS account totaling $45 million in the ninety days preceding the Filing Date.

320.    Ascot denies that the Trustee is entitled to recover any part of the relief requested and/or damages sought and denies that it is liable to the Trustee in any manner or amount.  Ascot neither admits nor denies the remaining allegations set forth in Paragraph 320 of the TAC as these allegations set forth conclusions of law to which no response is required.

321.    Ascot neither admits nor denies the truth of the allegations set forth in Paragraph 321 of the TAC because they are not factual allegations but merely purport to reserve rights of the Trustee, and require no response.

## COUNT ONE
### PREFERENTIAL TRANSFER – 11 U.S.C. §§ 105(a), 502(d), 547(b), 550, AND 551

322.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 321 of the TAC as though set forth fully herein.

323.    Ascot states that no response is required to the allegations set forth in Paragraph 323 of the TAC because they pertain to Count One, which the Court has dismissed.

324.    Ascot states that no response is required to the allegations set forth in Paragraph 324 of the TAC because they pertain to Count One, which the Court has dismissed.

325.    Ascot states that no response is required to the allegations set forth in Paragraph 325 of the TAC because they pertain to Count One, which the Court has dismissed.

326.    Ascot states that no response is required to the allegations set forth in Paragraph 326 of the TAC because they pertain to Count One, which the Court has dismissed.

327.    Ascot states that no response is required to the allegations set forth in Paragraph 327 of the TAC because they pertain to Count One, which the Court has dismissed.

328.     Ascot states that no response is required to the allegations set forth in Paragraph 328 of the TAC because they pertain to Count One, which the Court has dismissed.

329.     Ascot states that no response is required to the allegations set forth in Paragraph 329 of the TAC because they pertain to Count One, which the Court has dismissed.

330.     Ascot states that no response is required to the allegations set forth in Paragraph 330 of the TAC because they pertain to Count One, which the Court has dismissed.

331.     Ascot states that no response is required to the allegations set forth in Paragraph 331 of the TAC because they pertain to Count One, which the Court has dismissed.

## <u>COUNT TWO</u>
## FRAUDULENT TRANSFERS – 11 U.S.C. §§ 105(a), 502(d), 548(a)(1)(A), 550(a), AND 551

332.     Ascot incorporates and reasserts its responses to Paragraphs 1 through 331 of the TAC as though set forth fully herein.

333.     Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333 of the TAC, and therefore denies them, except Ascot Partners admits that it withdrew principal from its BLMIS account in the two years prior to the Filing Date.

334.     Ascot neither admits nor denies the allegations set forth in Paragraph 334 of the TAC as these allegations set forth conclusions of law to which no response is required.

335.     Ascot neither admits nor denies the allegations set forth in Paragraph 335 of the TAC as these allegations set forth conclusions of law as to which no response is required.

336.     Ascot neither admits nor denies the allegations set forth in Paragraph 336 of the TAC as these allegations set forth conclusions of law as to which no response is required.  Ascot denies that the Trustee is entitled to recover any withdrawals from Ascot and denies that it is liable to the Trustee in any manner or amount.

337.    Ascot neither admits nor denies the allegations set forth in Paragraph 337 of the TAC as these allegations set forth conclusions of law as to which no response is required.  Ascot denies that the Trustee is entitled to any part of the judgment and relief requested and/or damages sought, denies that the Trustee is entitled to recover any withdrawals from Ascot, and denies that it is liable to the Trustee in any manner or amount.

### <u>COUNT THREE</u>
### <u>FRAUDULENT TRANSFERS – 11 U.S.C. §§ 105(a), 502(d),</u>
### <u>548(a)(1)(B), 550(a), AND 551</u>

338.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 337 of the TAC as though set forth fully herein.

339.    Ascot states that no response is required to the allegations set forth in Paragraph 339 of the TAC because they pertain to Count Three, which the Court has dismissed.

340.    Ascot states that no response is required to the allegations set forth in Paragraph 340 of the TAC because they pertain to Count Three, which the Court has dismissed.

341.    Ascot states that no response is required to the allegations set forth in Paragraph 341 of the TAC because they pertain to Count Three, which the Court has dismissed.

342.    Ascot states that no response is required to the allegations set forth in Paragraph 342 of the TAC because they pertain to Count Three, which the Court has dismissed.

343.    Ascot states that no response is required to the allegations set forth in Paragraph 343 of the TAC because they pertain to Count Three, which the Court has dismissed.

344.    Ascot states that no response is required to the allegations set forth in Paragraph 344 of the TAC because they pertain to Count Three, which the Court has dismissed.

345.    Ascot states that no response is required to the allegations set forth in Paragraph 345 of the TAC because they pertain to Count Three, which the Court has dismissed.

346.     Ascot states that no response is required to the allegations set forth in Paragraph

346 of the TAC because they pertain to Count Three, which the Court has dismissed.

## COUNT FOUR
### FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 276, 276-a, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

347.     Ascot incorporates and reasserts its responses to Paragraphs 1 through 346 of the

TAC as though set forth fully herein.

348.     Ascot states that no response is required to the allegations set forth in Paragraph

348 of the TAC because they pertain to Count Four, which the Court has dismissed.

349.     Ascot states that no response is required to the allegations set forth in Paragraph

349 of the TAC because they pertain to Count Four, which the Court has dismissed.

350.     Ascot states that no response is required to the allegations set forth in Paragraph

350 of the TAC because they pertain to Count Four, which the Court has dismissed.

351.     Ascot states that no response is required to the allegations set forth in Paragraph

351 of the TAC because they pertain to Count Four, which the Court has dismissed.

352.     Ascot states that no response is required to the allegations set forth in Paragraph

352 of the TAC because they pertain to Count Four, which the Court has dismissed.

## COUNT FIVE
### FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550, AND 551

353.     Ascot incorporates and reasserts its responses to Paragraphs 1 through 352 of the

TAC as though set forth fully herein.

354.     Ascot states that no response is required to the allegations set forth in Paragraph

354 of the TAC because they pertain to Count Five, which the Court has dismissed.

355.     Ascot states that no response is required to the allegations set forth in Paragraph

355 of the TAC because they pertain to Count Five, which the Court has dismissed.

356.    Ascot states that no response is required to the allegations set forth in Paragraph 356 of the TAC because they pertain to Count Five, which the Court has dismissed.

357.    Ascot states that no response is required to the allegations set forth in Paragraph 357 of the TAC because they pertain to Count Five, which the Court has dismissed.

358.    Ascot states that no response is required to the allegations set forth in Paragraph 358 of the TAC because they pertain to Count Five, which the Court has dismissed.

## COUNT SIX
### FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

359.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 358 of the TAC as though set forth fully herein.

360.    Ascot states that no response is required to the allegations set forth in Paragraph 360 of the TAC because they pertain to Count Six, which the Court has dismissed.

361.    Ascot states that no response is required to the allegations set forth in Paragraph 361 of the TAC because  they pertain to Count Six, which the Court has dismissed.

362.    Ascot states that no response is required to the allegations set forth in Paragraph 362 of the TAC because they pertain to Count Six, which the Court has dismissed.

363.    Ascot states that no response is required to the allegations set forth in Paragraph 363 of the TAC because they pertain to Count Six, which the Court has dismissed.

364.    Ascot states that no response is required to the allegations set forth in Paragraph 364 of the TAC because they pertain to Count Six, which the Court has dismissed.

## COUNT SEVEN
### FRAUDULENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551

365.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 364 of the TAC as though set forth fully herein.

366.    Ascot states that no response is required to the allegations set forth in Paragraph 366 of the TAC because they pertain to Count Seven, which the Court has dismissed.

367.    Ascot states that no response is required to the allegations set forth in Paragraph 367 of the TAC because they pertain to Count Seven, which the Court has dismissed.

368.    Ascot states that no response is required to the allegations set forth in Paragraph 368 of the TAC because they pertain to Count Seven, which the Court has dismissed.

369.    Ascot states that no response is required to the allegations set forth in Paragraph 369 of the TAC because they pertain to Count Seven, which the Court has dismissed.

370.    Ascot states that no response is required to the allegations set forth in Paragraph 370 of the TAC because they pertain to Count Seven, which the Court has dismissed.

## COUNT EIGHT

**UNDISCOVERED FRAUDULENT TRANSFERS – N.Y. C.P.L.R. 203(g) AND 218(8) AND N.Y. DEBT. AND CRED. LAW §§ 276, 276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 105(a), 502(d), 544(b), 550(a), AND 551**

371.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 370 of the TAC as though set forth fully herein.

372.    Ascot states that no response is required to the allegations set forth in Paragraph 372 of the TAC because they pertain to Count Eight, which has been dismissed by the Court.

373.    Ascot states that no response is required to the allegations set forth in Paragraph 373 of the TAC because they pertain to Count Eight, which has been dismissed by the Court.

374.    Ascot states that no response is required to the allegations set forth in Paragraph 374 of the TAC because they pertain to Count Eight, which has been dismissed by the Court.

375.    Ascot states that no response is required to the allegations set forth in Paragraph 375 of the TAC because they pertain to Count Eight, which has been dismissed by the Court.

376.    Ascot states that no response is required to the allegations set forth in Paragraph 376 of the TAC because they pertain to Count Eight, which has been dismissed by the Court.

377.    Ascot states that no response is required to the allegations set forth in Paragraph 377 of the TAC because they pertain to Count Eight, which has been dismissed by the Court.

## COUNT NINE
## RECOVERY OF SUBSEQUENT TRANSFERS – N.Y. DEBT. & CRED. LAW §§ 276-A AND 278, AND 11 U.S.C. §§ 105(A) AND 550(A)

378.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 377 of the TAC as though set forth fully herein.

379.    Ascot neither admits nor denies the allegations set forth in Paragraph 379 of the TAC as these allegations set forth conclusions of law as to which no response is required.  Ascot denies the Trustee is entitled to recover any withdrawals from Ascot.

380.    Ascot respectfully refers the Court to the relevant BLMIS and Morgan Stanley account statements for their contents, and otherwise denies the allegations set forth in Paragraph 380 of the TAC.

381.    Ascot neither admits nor denies the allegations set forth in Paragraph 381 of the TAC as these allegations set forth conclusions of law as to which no response is required.  To the extent a response is required, Ascot denies the allegations of Paragraph 381.

382.    Ascot states that the allegations concerning actual knowledge of BLMIS's fraudulent scheme are denied since such allegations were dismissed by the Court.  Ascot neither admits nor denies the remaining allegations set forth in Paragraph 382 of the TAC as these allegations set forth conclusions of law as to which no response is required.  To the extent a response is required to those allegations and the allegations pertain to Ascot, Ascot denies the allegations of Paragraph 382.  To the extent a response is required and the remaining allegations

do not pertain to Ascot, Ascot is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

383.    Ascot neither admits nor denies the allegations set forth in Paragraph 383 of the TAC as these allegations set forth conclusions of law as to which no response is required. Ascot denies that the Trustee is entitled to any part of the judgment or relief requested and/or damages sought, denies that the Trustee is entitled to recover any withdrawals from Ascot, and denies that it is liable to the Trustee in any manner or amount.

**COUNT TEN**
**GENERAL PARTNER LIABILITY**

384.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 383 of the TAC as though set forth fully herein.

385.    Ascot states that Paragraph 385 of the TAC relates to a Count that is not asserted against Ascot and therefore no response is required.

386.    Ascot states that Paragraph 386 of the TAC relates to a Count that is not asserted against Ascot and therefore no response is required.

387.    Ascot states that Paragraph 387 of the TAC relates to a Count that is not asserted against Ascot and therefore no response is required.

388.    Ascot states that Paragraph 388 of the TAC relates to a Count that is not asserted against Ascot and therefore no response is required.

**COUNT ELEVEN**
**OBJECTION TO AND DISALLOWANCE OF CLAIMS**

389.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 388 of the TAC as though set forth fully herein.

390.    Ascot states that no response is required to the allegations set forth in Paragraph 390 of the TAC because they pertain to Count Eleven, which has been dismissed by the Court.

391.    Ascot states that no response is required to the allegations set forth in Paragraph 391 of the TAC because they pertain to Count Eleven, which has been dismissed by the Court.

392.    Ascot states that no response is required to the allegations set forth in Paragraph 392 of the TAC because they pertain to Count Eleven, which has been dismissed by the Court.

393.    Ascot states that no response is required to the allegations set forth in Paragraph 393 of the TAC because they pertain to Count Eleven, which has been dismissed by the Court.

394.    Ascot states that no response is required to the allegations set forth in Paragraph 394 of the TAC because they pertain to Count Eleven, which has been dismissed by the Court.

## COUNT TWELVE
## EQUITABLE DISALLOWANCE OF CLAIMS

395.    Ascot incorporates and reasserts its responses to Paragraphs 1 through 394 of the TAC as though set forth fully herein.

396.    Ascot states that no response is required to the allegations set forth in Paragraph 396 of the TAC because they pertain to Count Twelve, which has been dismissed by the Court.

397.    Ascot states that no response is required to the allegations set forth in Paragraph 397 of the TAC because they pertain to Count Twelve, which has been dismissed by the Court.

398.    Ascot states that no response is required to the allegations set forth in Paragraph 398 of the TAC because they pertain to Count Twelve, which has been dismissed by the Court.

399.    Ascot states that no response is required to the allegations set forth in Paragraph 399 of the TAC because they pertain to Count Twelve, which has been dismissed by the Court.

400.    Ascot states that no response is required to the allegations set forth in Paragraph 400 of the TAC because they pertain to Count Twelve, which has been dismissed by the Court.

401.    Ascot states that no response is required to the allegations set forth in Paragraph 401 of the TAC because they pertain to Count Twelve, which has been dismissed by the Court.

## COUNT THIRTEEN
## EQUITABLE SUBORDINATION OF CUSTOMER CLAIMS

402.     Ascot incorporates and reasserts its responses to Paragraphs 1 through 401 of the TAC as though set forth fully herein.

403.     Ascot neither admits nor denies the allegations set forth in Paragraph 403 of the TAC as these allegations set forth conclusions of law as to which no response is required.

404.     Ascot neither admits nor denies the allegations set forth in Paragraph 404 of the TAC as these allegations set forth conclusions of law as to which no response is required.

405.     Ascot neither admits nor denies the allegations set forth in Paragraph 405 of the TAC as these allegations set forth conclusions of law as to which no response is required.

406.     Ascot neither admits nor denies the allegations set forth in Paragraph 406 of the TAC as these allegations set forth conclusions of law as to which no response is required.  Ascot denies that the Trustee is entitled to any part of the relief requested.

407.     Ascot neither admits nor denies the allegations set forth in Paragraph 407 of the TAC as these allegations set forth conclusions of law as to which no response is required.  Ascot denies that the Trustee is entitled to any part of the relief requested.

408.     Ascot denies the allegations of Paragraph 408 of the TAC.

Answering the "Wherefore" Paragraph of the TAC, Ascot neither admits nor denies the allegations set forth in subparagraphs (i), (iii) through (viii), and (xi) through (xii) as these allegations concern claims that have been dismissed by the Court and thus no response is required.  Ascot denies that the Trustee is entitled to any part of the judgment or relief requested and/or the damages sought in subparts (ii)(a) through (g), (ix)(a) through (d), (x), and (xiii) through (xvii) and deny that they are liable to the Trustee in any manner or amount whatsoever. Ascot denies the remaining allegations in the Wherefore Paragraph.

## AFFIRMATIVE DEFENSES

Ascot asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation or preparation for trial it becomes appropriate.

By designating these matters as "defenses," Ascot does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that the Trustee must establish in order to make out a prima facie case against Ascot.

Ascot adopts and incorporates by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that Ascot may share in such defenses.

Ascot reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third-party claims when and if they become appropriate in this action.

## FIRST AFFIRMATIVE DEFENSE

The Trustee fails to state a claim against Ascot upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

With respect to the allegations of fraud, the TAC fails to comply with the requirements of Federal Rule of Civil Procedure 9(b), made applicable herein by Rule 7009 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

The Trustee lacks standing and/or capacity to bring any claims against Ascot.

## FOURTH AFFIRMATIVE DEFENSE

The causes of actions alleged in the TAC are brought against Ascot in excess of time permitted by law and therefore barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent that transfers were intended by BLMIS and Ascot to be contemporaneous exchanges of new value given to BLMIS and were in fact a substantially contemporaneous exchange of new value, within the meaning of 11 U.S.C. § 547(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because any transfers or payments alleged to have been made by BLMIS to Ascot were on account of a debt or debts incurred by BLMIS in the ordinary course of business and financial affairs of the parties and in accordance to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent any transfers or payments by BLMIS to or for the benefit of Ascot, Ascot gave subsequent new value to or for the benefit of BLMIS that was not secured by an otherwise unavoidable security interest and on account of which new value BLMIS did not make an otherwise unavoidable transfer to or for the benefit of Ascot, within the meaning of 11 U.S.C. § 547(c)(4).

## EIGHTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent Ascot received the transfers for new value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b)(1).

### NINTH AFFIRMATIVE DEFENSE

Ascot has a lien on or may retain any funds received as security since Ascot gave value and acted in good faith and/or without knowledge of actual fraudulent intent and the Trustee's claims are barred by 11 U.S.C. § 548(c), 548(d)(2)(A), and 548(d)(2)(B).

### TENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent transfers made to Ascot constituted margin payments or settlement payments made in connection with a securities contract or forward contract, that were made prior to the commencement of this case, within the meaning of 11 U.S.C. § 546(e).

### ELEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers were made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of the case, within the meaning of 11 U.S.C. § 546(e).

### TWELFTH AFFIRMATIVE DEFENSE

The Madoff Trustee's claims are barred, in whole or in part, because any of the alleged transfers sought to be avoided did not enable Ascot to receive more than it would have received if BLMIS were in a Chapter 7 bankruptcy proceeding.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers at issue and the money received by Ascot from BLMIS satisfied an antecedent debt for which the Trustee is not entitled to avoid and recover.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because Ascot received the transfers from BLMIS for fair consideration, without actual fraudulent intent and without knowledge of Madoff's fraud.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims should be barred, in whole or in part, to the extent they are unripe due to his failure to demonstrate the necessary conditions set forth in 15 U.S.C. § 78fff-2(c)(3), and/or are untimely within the meaning of 11 U.S.C. §546(a).

## SIXTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers at issue and money received by Ascot from BLMIS was money that was intended to be used to pay and/or cover redemptions made by Ascot's investors.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee is barred from bringing claims against Ascot Partners or Ascot Fund for subsequent transfers because Ascot Partners and/or Ascot Fund was not the initial transferee and received the funds in good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee is barred from bringing the claims and actions set forth in the TAC by reason of the equitable principle of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

The Trustee is barred from bringing the claims and actions set forth in the TAC by reason of the equitable principle of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

The Trustee is barred from bringing the claims and actions set forth in the TAC by reason of the doctrine of *in pari delicto* and/or the Wagoner rule based upon the conduct of the Trustee and its predecessors, agents, and representatives.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The enforcement of relief against Ascot, a victim of the Madoff fraud, as sought by the TAC, is unconscionable and a violation of public policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Ascot is informed and believes, and thereon alleges, that the Trustee and its predecessors, agents, and representatives have engaged in conduct and activities sufficient to constitute a waiver and/or estoppel of the claims set forth in the TAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the principle of judicial estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims should be dismissed on the grounds that Ascot reasonably and justifiably relied on the activities of industry groups, such as SIPC, and governmental agencies and regulatory bodies, such as the SEC, to monitor and oversee the activities of BLMIS.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Ascot is informed and believes, and thereon alleges, that the Trustee and its predecessors, agents and representatives negligently, consciously, or deliberately withheld information from and impeded the investigation of Ascot so as to prejudice Ascot.  By these actions, the Trustee has unclean hands and is estopped, barred, and otherwise prohibited from claiming the damages stated in the TAC.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred because Ascot is entitled to a set-off based on BLMIS's misconduct and/or the contractual agreements Ascot had entered into with BLMIS.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims should be barred because the transfers at issue in the TAC and any money received from BLMIS are not property of the estate because BLMIS never had a legal interest in the transferred funds and/or the money was held by BLMIS in constructive trust or as a bailee for Ascot.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Trustee's claims should be barred, in whole or in part, because bringing this action against Ascot, a victim of the Madoff fraud, constitutes an abuse of his discretion and is unconscionable and in violation of public policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any transfers alleged herein are not avoidable under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code.

## THIRTIETH AFFIRMATIVE DEFENSE

Avoidance of the transfers against Ascot and recovery of the transfers would be inequitable as compared to the Trustee's treatment of transfers received by similarly situated investors and creditors.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted in the TAC are barred, in whole or in part, because there are inadequate creditor claims supporting the relief sought in the TAC.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Trustee's claims are barred to the extent they have been dismissed by the Court or are based on allegations that have been dismissed by the Court.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Trustee's claims are barred because the Trustee has failed to allege that Ascot has actual knowledge of Madoff's fraud or that Ascot willfully blinded itself to the fraud.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred because the Trustee has failed to allege that any knowledge or intent on the part of the Merkin Defendants can be imputed to Ascot.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Trustee's subsequent transfer claims should be dismissed because the Trustee has failed to allege that the funds that are the subject of the alleged transfers originated from BLMIS.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Trustee's subsequent transfer claims should be dismissed because the Trustee has alleged commingling among the relevant accounts and thus cannot trace the alleged subsequent transfers to Ascot.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Trustee's equitable subordination claim should be dismissed because the Trustee has failed to allege a legally sufficient avoidance claim as required by 11 U.S.C. § 502(d).

## JURY TRIAL DEMANDED

Ascot requests a jury trial for all triable issues raised by the Trustee's TAC to the extent allowed by the United States Constitution and the Federal Rules of Bankruptcy Procedure.

## FINAL ORDER

In accordance with the Order entered by Judge Rakoff in the United States District Court for the Southern District of New York on January 4, 2013 (Civil Action No. 12-115(JSR), Dkt. No. 427), this Court does not have jurisdiction to enter a final order or judgment in this adversary proceeding.

**WHEREFORE**, having fully answered, Ascot respectfully requests entry of judgment:

(a)    against the Trustee and in favor of Ascot on all Counts;

(b)    dismissing with prejudice all claims against Ascot Partners and/or Ascot Fund;

(c)    awarding Ascot the costs of defending this action, including attorneys' fees, costs, and disbursements;

(d)    allowing Ascot Partners' SIPA claims to the fullest extent permitted by law; and

(e)    granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
    February 5, 2015

NORTON ROSE FULBRIGHT US LLP


By:    /s/ Judith A. Archer
    Judith A. Archer
    Jami Mills Vibbert
    David B. Schwartz
666 Fifth Avenue
New York, New York  10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
jami.vibbert@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 5, 2015, a true and correct copy of the above document

was electronically served on all counsel of record via ECF.

/s/ Judith A. Archer
Judith A. Archer