

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4   SECURITIES INVESTOR PROTECTION

5   CORPORATION,

6                   Plaintiff,

7           v.                    Adv. Case No. 08-01789(SMB)

8   BERNARD L. MADOFF INVESTMENT

9   SECURITIES, LLC,

10                  Defendant.

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12  IRVING H. PICARD, TRUSTEE FOR

13  THE SUBSTANTIVELY CO.,

14                  Plaintiff,

15          v.                    Adv. Case No. 12-01001(SMB)

16  HALL, ET AL.,

17                  Defendants.

18  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19  PICARD,

20                  Plaintiff,

21          v.                    Adv. Case No. 09-01172(SMB)

22  CHAIS, ET AL.,

23                  Defendants.

24  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

25

Page 2

1                   U.S. Bankruptcy Court

2                   One Bowling Green

3                   New York, New York

4

5                   January 15, 2015

6                   10:02 AM

7

8

9

10   B E F O R E :

11   HON STUART M. BERNSTEIN

12   U.S. BANKRUPTCY JUDGE

13

14

15   ECRO:   MICHELLE BROWN

16

17

18

19

20

21

22

23

24

25

Page 3

1    Hearing re:  08-01789 - Trustee's Motion to Approve Fifth

2    Allocation of Property to the Fund of Customer Property and

3    Authorizing Fifth Interim Distribution to Customers.

4

5    Hearing re:  Letter in re: Motion For An Order Approving

6    Fifth Allocation Of Property To The Fund Of Customer

7    Property And Authorizing Fifth Interim Distribution To

8    Customers (related document(s)8862)

9

10   Hearing re:  12-01001 - Status Conference

11

12   Hearing re:  09-01172 - Status Conference

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Dawn South

Page 4

1   A P P E A R A N C E S :

2   BAKER HOSTETLER

3        Attorneys for the Trustee

4        45 Rockefeller Plaza

5        New York, NY 10111

6

7   BY:  DAVID J. SHEEHAN, ESQ.

8        MARC E. HIRSCHFIELD, ESQ.

9        TRACY L. COLE, ESQ.

10

11  SECURITIES INVESTOR PROTECTION CORPORATION

12        Attorney for SIPC

13        805 15th Street, N.W.

14        Suite 800

15        Washington, DC 20008-2215

16

17  BY:  KEVIN H. BELL, ESQ.

18

19  MILBERG LLP

20        Attorney for Hall, et al.

21        One Pennsylvania Plaza

22        New York, NY 10119

23

24  BY:  BARRY A. WEPRIN, ESQ.

25

Page 5

1   MORGAN LEWIS & BOCKIUS LLP

2        Court-Appointed Mediator

3        101 Park Avenue

4        New York, NY 10178-0060

5

6   BY:  JAMES L. GARRITY JR., ESQ.

7

8   SILLS CUMMIS & GROSS

9        Attorney for Chais-Related Defendants

10        One Riverfront Plaza

11        Newark, NJ 07102

12

13   BY:  ANDREW H. SHERMAN, ESQ.

14

15   MILBANK, TWEED, HADLEY & MCCLOY LLP

16        Attorney for Stanley Chais Defendants

17        1 Chase Manhattan Plaza

18        New York, NY 10005-1413

19

20   BY:  MICHAEL L. HIRSCHFELD, ESQ.

21

22

23

24

25

Page 6

1   WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIAN

2        Attorney for Bottle Brush Investments, et al.

3        9665 Wilshire Boulevard, 9th Floor

4        Beverly Hills, CA 90212

5

6   BY:  MARVIN GELFAND, ESQ. (TELEPHONIC)

7

8   OFFICE OF THE ATTORNEY GENERAL - SAN FRANCISCO

9        Attorney for the Office of the Attorney General

10       455 Golden Gate, Suite 11000

11       San Francisco, CA 94102-7004

12

13  BY:  ALEXANDRA ROBERT GORDON, ESQ. (TELEPHONIC)

14

15

16

17

18

19

20

21

22

23

24

25

Page 7

1                P R O C E E D I N G S

2            THE COURT:  Good morning.

3            THE CLERK:  Good morning.

4            THE COURT:  Madoff.

5            MR. SHEEHAN:  Good morning, Your Honor.

6            THE COURT:  Good morning.

7            MR. SHEEHAN:  David Sheehan from Baker & Hostetler

8    for the trustee, Irving Picard.

9            Today is the return date of our application for a

10   further allocation to the customer fund.  It is actually a

11   significant day in the sense that for the longest time, as

12   Your Honor knows, it was widely reported that we were

13   allocated at approximately $9.8 billion, but as a result of

14   settlements Your Honor approved last December we are seeking

15   today to go past the $10 billion mark, and the actual

16   allocation will be $10,499,000,000 and some additional

17   thousands thrown in.

18            So what we're seeking today, Your Honor, is just

19   to allocate that amount to the fund, and in addition I

20   should tell Your Honor, that over the last month of December

21   we were also able to achieve at yearend an additional

22   $102 million in settlements, you know, principally in the

23   good faith cases with one exception being the Bloomenthal

24   settlement, which Your Honor also approved, which generated

25   about $50 million.  That will give us the ability to add

Page 8

1    $102 million to the fund, and as Your Honor knows from our

2    application what we always seek to do in recognition of the

3    fact that things like this can occur, is that we seek in the

4    order Your Honor's permission to add to the fund so that we

5    don't have to some back in for another allocation, and what

6    we're seeking here today to do is add that $102 million to

7    the fund, which will result in an addition of $30.8 million,

8    that's approximately, Your Honor, to the 322.4 million that

9    we were seeking to distribute while we have our application

10   before Your Honor.  So and approximately what we'll be

11   distributing is $353.2 million as a result of the

12   application that we have made today.

13           There is only one objection, it was a letter we

14   received from an individual whose claim was denied many

15   years ago as the net winner for approximately $43,000.

16           THE COURT:  Is that Ms. Labrioli (ph)?

17           MR. SHEEHAN:  Yeah, that is.

18           MR. SHEEHAN:  Is Ms. Labrioli in Court today or is

19   -- represented today?  The record should reflect there's no

20   response.

21           MR. SHEEHAN:  All right.  Thank you, Your Honor.

22           I'm not going to -- I don't believe that objection

23   has any merit and obviously she's not here prosecuting it,

24   and I would ask that Your Honor overrule it and approve the

25   order that we've sought here this morning and which will

Page 9

1    result in a significant distribution in the sense that by

2    the end of this distribution we will have fully satisfied

3    customers with allowed claims of up to $975,000, and

4    hopefully later this year we'll be back before Your Honor

5    and take that number over a million dollars.

6            Thank you, Your Honor.

7            THE COURT:  On a percentage basis how much has

8    been distributed on allowed claims?

9            MR. SHEEHAN:  48.5 percent.

10           THE COURT:  With this distribution.

11           MR. SHEEHAN:  With this distribution, yes, Your

12   Honor.

13           THE COURT:  All right.  Is there anyone who wants

14   to be heard in connection with the motion?

15           MR. BELL:  Your Honor, Kevin Belcher on behalf of

16   the Securities Investor Protection Corporation.

17           The passing of $975,000 allowed claim being fully

18   satisfied is a significant event and being within a point

19   and a half of getting 250 or above 50 cents on the dollar is

20   also a significant point.

21           And as Your Honor read in the motion there are

22   significant dollars in reserve for the time-based damages

23   aspect, which is before the circuit, and other matters that

24   are in litigation that would bring us up into the shadow of

25   60 percent, and SIPC would ask the Court to approve this so

Page 10

1    we can get this money back to the victims.

2              THE COURT:  Okay.  Let me first deal with the

3    objection.

4              Ms. Labrioli's objection in her letter dated

5    January 7 is that the motion should not be decided before

6    they've gone before a vote in Congress, and I don't see any

7    basis for that, so I'll overrule that objection, and I'll

8    approve the distribution.  So you can drop off on order.

9              MR. SHEEHAN:  Thank you very much, Your Honor.

10             THE COURT:  All right.

11        (Recessed at 10:6 a.m.; reconvened at 10:13 a.m.)

12             THE COURT:  I'll hear the other Madoff matter now.

13        (Pause)

14             MR. GARRITY:  Good morning, Your Honor.  Jim

15   Garrity, I'm the court-appointed mediator in this matter,

16   and this is a status conference that Your Honor agreed to

17   hold for today, but just as a preliminary matter, Judge, I

18   think there were a couple of parties who were dialing in,

19   and I'm just not sure if we got them connected.

20             THE COURT:  Is anyone on the phone in connection

21   with the status conference in the Madoff matter?

22             MR. GELFAND:  Yes, Your Honor, Marvin Gelfand from

23   Weintraub Tobin representing the Bottle Brush and

24   (indiscernible) claimants is present.

25             THE COURT:  Okay.

Page 11

1              MS. GORDON:  Also, Your Honor, Alexandra Robert

2    Gordon from the Office of the California Attorney General,

3    representing Attorney General, Kamala Harris.

4              THE COURT:  Thank you for joining us so early in

5    the morning.

6              MS. GORDON:  No, thank you for letting us phone

7    in, Your Honor.

8              THE COURT:  Okay.  Go ahead, Mr. Garrity.

9              MR. GARRITY:  Thank you, Your Honor.

10             I just -- would like to just give you some very,

11   very brief background.

12             Your Honor, this mediation arises out of two

13   adversary proceedings that are pending before Your Honor in

14   the Madoff matters.  They involve claims.  One of the

15   adversary involves claims against an individual, now the

16   estate of Stanley Chais.

17             Mr. Chais was a money manager who raised money

18   through limit partnerships.  He raised hundreds of millions

19   of dollars, collected fees, and much of the money, allegedly

20   all of the money, he raised was then invested in the Madoff

21   funds.

22             So he invested the limited partnership money in

23   Madoff, he did so for his own -- he also invested for his

24   own benefit and for the benefit of family and related

25   parties.

Page 12

1          So what we have from the Chais perspective, Your

2     Honor, the parties are the estate of Stanley Chais,

3     Mr. Chais died after the litigation began, so the estate of

4     Stanley Chais and related parties, as well as some family

5     members and other related parties who we refer to as the

6     Chais-related parties.  So we have the estate of Stanley

7     Chais and the Chais-related parties.

8          And as I indicated, Your Honor, what this

9     mediation is about was an attempt to try to resolve

10    competing claims against the estate as well as the Chais-

11    related parties and the defenses that the estate and the

12    Chais-related parties had to those claims.

13         Now the competing claims consist of the following.

14    The first is the trustee.  And as I indicated, Your Honor,

15    that arises out of an adversary proceeding that was

16    commenced in May of 2009, and as Your Honor is familiar with

17    this type of litigation it was a clawback litigation

18    alleging, without limitation, fraudulent conveyances, actual

19    constructive, actual fraud under state law, federal law, et

20    cetera.  The trustee on behalf of the Madoff estate seeking

21    to recover funds that had been paid through the Madoff

22    estate to Mr. Chais, the estate, as well as to the Chais-

23    related parties.  And again, you had defenses being asserted

24    in that.  And of course the trustee is represented by the

25    Baker Hostetler firm and the estate of Stanley Chais

Page 13

1    represented by Milbank, Tweed, Mr. Hirschfeld who is here in

2    the court today, and the Chais-related defendants being

3    represented by among others the Sills Cummis firm and

4    Mr. Sherman -- Andrew Sherman, who is also in court today.

5              Another party competing for those funds is the

6    State of California.  And you've heard that Deputy Attorney

7    General Alexandra Robert Gordon is on the phone today, and

8    that was -- an action was brought by the State of California

9    seeking disgorgement of profits, restitution, civil

10   penalties, and an injunction.  They basically in very broad

11   strokes, you know, alleged that Mr. Chais, through his

12   business operations, had defrauded his clients, again, they

13   were seeking an injunction seeking restitution and other

14   relief through the State Attorney General's Office.  So that

15   was a second party.  And that litigation began after the

16   fraudulent conveyance action began.

17             And then finally there was an action -- is an

18   action that has been brought on behalf of a group of

19   plaintiffs.  We refer to them as the California plaintiffs.

20   Mr. Gelfand, who's on the phone, represents some of them,

21   and Mr. Weprin who is in the court with us today represents

22   another group of them.

23             And in essence, Your Honor, what they allege is

24   that on behalf of the individuals who invested through the

25   limited partnerships, that those individuals were defrauded.

Page 14

1    And I say broad strokes, all without prejudice for anybody

2    -- for all the folks on the call, you know, to their -- how

3    they would want to describe the litigation.

4          But the long and the short of it, Judge, is they

5    looked and they said we were defrauded and they seek to

6    recover funds both from the estate of Stanley Chais, but

7    also from the Chais-related defendants.

8          So that if you sort of step back and you look at

9    the estate you've got three parties.  The trustee, the State

10   of California, and the California plaintiffs claiming and

11   dealing with the defenses that the estate has trying to

12   collect that money.  And then as to the Chais-related

13   defendants you have two parties.  The trustee and the

14   California plaintiffs.

15         And so at some point -- I'm sorry -- in January of

16   2012 in the light and the face of all that litigation the

17   trustee commenced an adversary proceeding in this court, and

18   that's really the vehicle that has, you know, the vehicle --

19   that created the vehicle for putting this mediation

20   together.  And what the trustee sought in substance and

21   without limitation was an injunction.

22         THE COURT:  Who'd he sue?

23         MR. GARRITY:  He sued the attorney general, State

24   of California, as well as the California plaintiffs.  And so

25   he wanted to be able to go forward with his clawback

Page 15

1    litigation and wanted those parties to remain on the

2    sideline.

3              As I understand it, Your Honor, during A -- I was

4    not present -- and during a conference Judge Lifland, with

5    the parties for all or some of them, I guess eventually all

6    of the parties before him said look, what we need to do is

7    go to mediation, you have a finite amount of money that's

8    not fixed because there are disputes over whether, you know,

9    the extent of the estate's liability, the extent of the

10   Chais-related parties' liability, so you've got to try to

11   resolve that issue.  You then need to resolve -- try to

12   resolve the competing claims to that -- those funds of

13   money.  Again, the State of California, the California

14   plaintiffs, and the trustee.  And so I was appointed to

15   undertake that task.

16             During -- and I believe the appointment was in --

17   bear with me for one second, Your Honor.  It was in August

18   of 2012.  And once the mediation began, Judge, all of the

19   litigation in California, the State AG as well as the

20   California plaintiffs' actions were stayed, and as well as

21   the clawback action, everything has been put on hold while

22   the parties attempt to resolve the competing disputes to

23   this finite amount of money.

24             I'm happy to report, Your Honor, that we've made

25   progress.  As I had indicated in my letter of January 13th

Page 16

```
 1    to the Court, copies of which were provided to all of the

 2    parties to the mediation, the mediation I think had moved

 3    forward, I think all of the parties acted in good faith, it

 4    has not been an easy mediation, but we're at a point where

 5    there is some -- some agreements in principal that have been

 6    in various stages being, you know, put down on paper with

 7    term sheets and that sort of thing.  The good news is there

 8    are some agreements.  The unfortunate issue is that it's not

 9    everybody, and that what we have, and I don't -- will not go

10    into this because Your Honor the agreements are still being

11    finalized and ultimately I think the parties once they reach

12    the agreement will be bringing 9019 -- the trustee will

13    bring 9019 motions before the Court, but you have again in

14    broad strokes it appears an agreement among -- agreements

15    among the trustee, the estate of Stanley Chais, the Chais-

16    related defendants, the State AG all sort of -- they're

17    different agreements among those parties.

18              We still hope that there's a potential for being

19    able to have the California plaintiffs become part of the

20    agreement, but as things currently stand we're not there.

21              And again, I think -- I think the parties to the

22    mediation have worked very hard and diligent, but at this

23    point from just really a status position as to where these

24    cases are, it seems to me, Your Honor, that in the next

25    couple of weeks, if not sooner, the trustee will be coming
```

1   forward with, you know, motions in an effort to try to

2   resolve the disputes, you know, again, with the Chais -- the

3   estate, the Chais-related parties, as well as the State AG's

4   Office.

5           Now there may be a need for some of these

6   agreements to get approved in California in the various

7   courts where those -- where the State AG's action is

8   pending, I don't know that, but my purpose in coming before

9   you, and again, thank you for making the time to talk to us,

10  is really just to try to give you a sense as to what might

11  be coming down the road, give you a sense as to where we are

12  in this mediation process.

13          Again, I don't -- I don't think it is appropriate

14  at this time to talk about the terms of the agreements,

15  because again, they're not finalized, and ultimately, you

16  know, they will be filed with the court.

17          We have -- I have attempted, Your Honor, in my

18  capacity as the mediator to keep all of the parties abreast

19  as to what was going on, because you had different groups

20  speaking to one another, and some have been far more active

21  than others.  Just the way, you know, mediations sometimes

22  go.

23          I think the general outline of the settlements

24  that have been again reached in principal and are moving

25  towards documentation, that's been shared with all of the

1    parties to the mediation in a call last week.  We sort of

2    tried to lay this stuff out in advance so that people

3    understood directionally where the parties were going, and

4    to the extent that they are not satisfied with that they

5    have some fair warning that, you know, stuff is going to be

6    -- motions are likely to be coming down the road, again,

7    9019, and then whatever kinds of activities there may be in

8    the two adversary proceedings.  Again, the injunction action

9    as well as the clawback action.

10          So, Your Honor, that was my purpose in asking for

11   this conference and appearing before you today.  I'm happy

12   to answer any questions that you might have, but again, it

13   was really more to give you an idea to try to set the table,

14   if you would, for matters that are likely going to be coming

15   before the Court in the next couple of weeks.

16          THE COURT:  Thank you.

17          MR. GARRITY:  All right.

18          THE COURT:  Does anyone else want to be heard?

19          MR. WEPRIN:  Your Honor, on behalf of the

20   California plaintiffs, Barry Weprin from Milberg, and I

21   guess -- and again, I don't want to address what happened in

22   the mediation because we've agreed to keep that

23   confidential, but I just wanted to let Your Honor know our

24   position of what the effect of the mediation has been and

25   how it has prejudiced our clients, because it came before

Page 19

1    the Court where -- before -- on an injunction motion brought

2    by the trustee against our clients and against the

3    California AG, and I think subsequently the law is made --

4    the Second Circuit I think has made clear in the Fairfield,

5    Greenwich, and Merkin (ph) cases that the injunction most

6    likely would have been denied had it been heard.

7              After it was briefed and then the day when we

8    thought we were coming in for argument Judge Lifland took us

9    into his chambers and at the time -- the Chais parties

10   weren't even there, it was just the trustee and the

11   California plaintiffs and the California Attorney General,

12   and told us that he wanted to have a mediation to divide the

13   Chais assets between our claims, which we were all amenable

14   to, the trustee agreed only on the additional assumption --

15   the expectation was going to be he said we will do it but

16   only if it's over in 90 days, and the effect of it though

17   has been that they've had a stay for three years, they've

18   used that time to advance their claims against Chais to the

19   point where they're going to get a judgment, our claims in

20   California we still are, you know, a year or more away for

21   trial, so they've sort of leapfrogged us, which is something

22   that Judge Lifland -- and again, tragically Judge Lifland is

23   not here to --

24              THE COURT:  The leapfrogging through was settled.

25              MR. WEPRIN:  Through a settlement, but --

 1              THE COURT:  So they're not litigating their claim,

 2      so --

 3              MR. WEPRIN:  Well --

 4              THE COURT:  -- if you settle you'll get your money

 5      also.

 6              MR. WEPRIN:  -- in effect they are and they're

 7      going to seek summary judgment is my understanding on some

 8      claims, which is the other part of it.

 9              The other way we're prejudiced --

10              THE COURT:  Summary judgment on claims that you --

11              MR. WEPRIN:  Well, I think on claims -- again, the

12      other way which we're prejudiced, because I think if we had

13      been able to go forward we would have been able to get a

14      judgment at least as quickly as they would have been able to

15      get a judgment, now they've leapfrogged us.

16              But the other way is our understanding all along,

17      and I thought everybody's understanding was that if -- even

18      though we think that our claims are pari passu with the

19      trustee's claims --

20              THE COURT:  Are you saying that there's not enough

21      money --

22              MR. WEPRIN:  There's not enough money --

23              THE COURT:  -- for the settlement amount and to

24      pay you?

25              MR. WEPRIN:  There's not enough money in the

Page 21

1   settlement to pay us.

2           THE COURT:  But the settlement is eminent, isn't

3   that a ground to enjoin your lawsuit?  That's one of the

4   things the Second Circuit talked about.

5           MR. WEPRIN:  Yeah, but that's only true because of

6   the fact that we've been in mediation for three years --

7           THE COURT:  Right.

8           MR. WEPRIN:  -- where, you know, we -- which we

9   were told was going to be over in 90 days and weren't able

10  to go forward.

11          THE COURT:  But you knew after 90 days it wasn't

12  going to be over in 90 days, right?

13          MR. WEPRIN:  Well but I guess the other part of

14  it, Your Honor, is that our understanding, and I think Judge

15  Lifland's understanding was that at the end of the process

16  -- worse case at the end of the process if there was any

17  money left over we would be free to go after it, and we

18  learned for the first time last week that the trustee is

19  going to take actions which are designed solely, we think,

20  to prohibit us from going over money -- after money that's

21  left over in the hands of the Chais-related entities.

22          THE COURT: You mean a (indiscernible) type

23  injunction?

24          MR. WEPRIN:  No, a different type of injunction.

25  It's a -- again, we haven't seen the terms of it, but

Page 22

1    basically it's assigning claims that the trustee has that

2    don't have any value to the trustee but which the trustee

3    could potentially use as an -- the Chais-related parties

4    could use as an offset.

5            THE COURT:  I think we have to wait to see that

6    motion before we talk about whether or not --

7            MR. WEPRIN:  But I guess the other -- the issue is

8    though that -- I guess we feel that in terms of a

9    distribution of the Chais assets, which was not supposed to

10   be a race to the courthouse and which was supposed to be

11   equitably made, we just don't think that that is being done

12   in this process.

13           And, you know, our -- we have claims against the

14   Chais-related entities that are in effect being settled in a

15   case that doesn't have claims against the Chais-related

16   entities.

17           THE COURT:  I don't understand that.

18           MR. WEPRIN:  Well --

19           THE COURT:  I thought that the trustee's claims

20   were the typical fraudulent transfer claims, they were

21   distributees of the LMIS payments, right?

22           MR. WEPRIN:  Yes.

23           THE COURT:  So those are the claims that are being

24   settled by the trustee.

25           MR. WEPRIN:  Yes.  But they're also -- we had

Page 23

1    claim -- the Chais-related parties have substantial assets

2    left over after settling the trustee's claims, and in the

3    normal course -- worse case scenario we would have been able

4    to pursue our claims against them, the California Attorney

5    General did not have claims against the Chais-related

6    parties, but as part of this settlement is going to be in

7    effect setting up a fund with contributions from the Chais-

8    related parties to -- as part of this effort to in effect

9    preclude us from pursuing those additional assets.

10              THE COURT:  But that's -- I mean that's between I

11   guess you and the State of California, and if the state --

12   if the court there is going to say if you opt into the

13   settlement you waive your claims against the Chais-related

14   parties, that's -- that's the concern of that court.  It

15   sounds like it makes sense, but that's the concern of the

16   court.  I suppose otherwise you're free to pursue your

17   claims.

18              MR. WEPRIN:  Mr. Gelfand is on the phone, do you

19   have anything to add on that?

20              MR. GELFAND:  Well, I think this is all going to

21   be flushed out as soon as the motions are filed and

22   objections to the potential settlement will be filed and

23   we'll have the opportunity to litigate it then.

24              THE COURT:  Okay.

25              MR. GELFAND:  I don't -- you know, unfortunately I

Page 24

1    don't think the mediation has quite achieved what the

2    original hope was some two and a half years down stream.

3            THE COURT:  I think it makes sense to wait to see

4    the settlement proposal and read the objections.

5            MR. WEPRIN:  Thank you, Your Honor.

6            THE COURT:  Anyone else?

7            MR. SHEEHAN:  I just want to say one thing, Your

8    Honor, about this guy.  Don't really need to do this, but I

9    want to.

10           THE COURT:  He's a fine man.

11           MR. SHEEHAN:  Well not just that.

12           MR. WEPRIN:  I don't think there's any dispute --

13    no dispute on this, Your Honor.

14           MR. SHEEHAN:  I've been in a lot of mediations, as

15    Your Honor knows, been around a long time, this is one of

16    the most intentious, difficult ones I've ever been in, I

17    contributed to it as you well know, and I want to say that

18    he's done a spectacular job.

19           THE COURT:  You've contributed to some of the

20    problem?  I can't believe it.

21        (Laughter)

22           MR. SHEEHAN:  It's unusual, I know.

23           THE COURT:  Because you're usually such a calming

24    influence.

25        (Laughter)

1              THE COURT:  Maybe it's your low key demeanor.

2              MR. SHEEHAN:  That's it.

3              THE COURT:  Go ahead.  I digress.

4              MR. SHEEHAN:  All right, we digress.  I just

5    wanted to say that a superb job here.

6              THE COURT:  All right.  Let the record reflect

7    he's patting Mr. Garrity on the shoulder.

8              MR. WEPRIN:  Nothing that I said was intended to

9    disparage --

10             THE COURT:  All right.  Is there anything else?

11             MR. GARRITY:  No, Your Honor, it's -- just thank

12   you again for your time.  I don't think -- no one else would

13   like to be heard.

14             THE COURT:  All right.  Nobody else wants to say

15   something nice about you.

16             MR. GARRITY:  Well, I'm still a little bit shocked

17   about what just happened, Your Honor.  I thank you.

18        (Laughter)

19             THE COURT:  Thank you.

20             MR. GARRITY:  Thank you.

21             THE COURT:  I look forward to your motions.

22        (A chorus of thank you)

23             THE COURT:  Have a nice day.

24             MS. GORDON:  Thank you, Your Honor.

25             THE COURT:  Thank you.

Page 26

1          (Whereupon these proceedings were concluded at 10:34

2     AM)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                            **I N D E X**

2

3                          RULINGS

4                                                          PAGE

5   Trustee's Motion to Approve Fifth Allocation of

6   Property to the Fund of Customer Property and

7   Authorizing Fifth Interim Distribution to Customers      10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 28

1                    C E R T I F I C A T I O N

2

3      I, Dawn South, certify that the foregoing transcript is a

4      true and accurate record of the proceedings.

5      Dawn South    Digitally signed by Dawn South
                     DN: cn=Dawn South, o, ou,
                     email=digital1@veritext.com, c=US
6      _____    Date: 2015.01.16 12:26:43 -05'00'

7      Dawn South

8      AAERT Certified Electronic Transcriber CET**D-408

9

10

11

12     Date:  January 16, 2015

13

14

15

16

17

18

19

20

21

22     Veritext

23     330 Old Country Road

24     Suite 300

25     Mineola, NY 11501

## &

**&**   5:1,8,15 7:7

## 0

**07102**   5:11
**08-01789**   1:7 3:1
**09-01172**   1:21 3:12

## 1

**1**   5:17
**10**   7:15 27:7
**10,499,000,000**   7:16
**10005-1413**   5:18
**101**   5:3
**10111**   4:5
**10119**   4:22
**10178-0060**   5:4
**102**   7:22 8:1,6
**10:02**   2:6
**10:13**   10:11
**10:6**   10:11
**11000**   6:10
**11501**   28:25
**12-01001**   1:15 3:10
**13th**   15:25
**15**   2:5
**15th**   4:13
**16**   28:12

## 2

**20008-2215**   4:15
**2009**   12:16
**2012**   14:16 15:18
**2015**   2:5 28:12
**250**   9:19

## 3

**30.8**   8:7
**300**   28:24
**322.4**   8:8
**330**   28:23
**353.2**   8:11

## 4

**408**   28:8
**43,000**   8:15
**45**   4:4
**455**   6:10

## 48.5   9:9

## 5

**50**   7:25 9:19

## 6

**60**   9:25

## 7

**7**   10:5

## 8

**800**   4:14
**805**   4:13
**8862**   3:8

## 9

**9.8**   7:13
**90**   19:16 21:9,11,12
**9019**   16:12,13 18:7
**90212**   6:4
**94102-7004**   6:11
**9665**   6:3
**975,000**   9:3,17
**9th**   6:3

## a

**a.m.**   10:11,11
**aaert**   28:8
**ability**   7:25
**able**   7:21 14:25
    16:19 20:13,13,14
    21:9 23:3
**abreast**   17:18
**accurate**   28:4
**achieve**   7:21
**achieved**   24:1
**acted**   16:3
**action**   13:8,16,17
    13:18 15:21 17:7
    18:8,9
**actions**   15:20 21:19
**active**   17:20
**activities**   18:7
**actual**   7:15 12:18
    12:19
**add**   7:25 8:4,6
    23:19
**addition**   7:19 8:7

**additional**   7:16,21
    19:14 23:9
**address**   18:21
**adv**   1:7,15,21
**advance**   18:2 19:18
**adversary**   11:13,15
    12:15 14:17 18:8
**ag**   15:19 16:16 19:3
**ag's**   17:3,7
**ago**   8:15
**agreed**   10:16 18:22
    19:14
**agreement**   16:12,14
    16:20
**agreements**   16:5,8
    16:10,14,17 17:6,14
**ahead**   11:8 25:3
**al**   1:16,22 4:20 6:2
**alexandra**   6:13 11:1
    13:7
**allege**   13:23
**alleged**   13:11
**allegedly**   11:19
**alleging**   12:18
**allocate**   7:19
**allocated**   7:13
**allocation**   3:2,6
    7:10,16 8:5 27:5
**allowed**   9:3,8,17
**amenable**   19:13
**amount**   7:19 15:7
    15:23 20:23
**andrew**   5:13 13:4
**answer**   18:12
**anybody**   14:1
**appearing**   18:11
**appears**   16:14
**application**   7:9 8:2
    8:9,12
**appointed**   5:2 10:15
    15:14
**appointment**   15:16
**appropriate**   17:13
**approve**   3:1 8:24
    9:25 10:8 27:5
**approved**   7:14,24
    17:6

**approving**   3:5
**approximately**   7:13
    8:8,10,15
**argument**   19:8
**arises**   11:12 12:15
**asking**   18:10
**aspect**   9:23
**asserted**   12:23
**assets**   19:13 22:9
    23:1,9
**assigning**   22:1
**assumption**   19:14
**attempt**   12:9 15:22
**attempted**   17:17
**attorney**   4:12,20
    5:9,16 6:2,8,9,9
    11:2,3 13:6,14
    14:23 19:11 23:4
**attorneys**   4:3
**august**   15:17
**authorizing**   3:3,7
    27:7
**avenue**   5:3

## b

**b**   2:10
**back**   8:5 9:4 10:1
    14:8
**background**   11:11
**baker**   4:2 7:7 12:25
**bankruptcy**   1:1 2:1
    2:12
**barry**   4:24 18:20
**based**   9:22
**basically**   13:10 22:1
**basis**   9:7 10:7
**bear**   15:17
**began**   12:3 13:15
    13:16 15:18
**behalf**   9:15 12:20
    13:18,24 18:19
**belcher**   9:15
**believe**   8:22 15:16
    24:20
**bell**   4:17 9:15
**benefit**   11:24,24
**bernard**   1:8

**bernstein** 2:11
**beverly** 6:4
**billion** 7:13,15
**bit** 25:16
**bloomenthal** 7:23
**bockius** 5:1
**bottle** 6:2 10:23
**boulevard** 6:3
**bowling** 2:2
**brief** 11:11
**briefed** 19:7
**bring** 9:24 16:13
**bringing** 16:12
**broad** 13:10 14:1
  16:14
**brought** 13:8,18
  19:1
**brown** 2:15
**brush** 6:2 10:23
**business** 13:12

**c**

**c** 4:1 7:1 28:1,1
**ca** 6:4,11
**california** 11:2 13:6
  13:8,19 14:10,10,14
  14:24,24 15:13,13
  15:19,20 16:19 17:6
  18:20 19:3,11,11,20
  23:4,11
**call** 14:2 18:1
**calming** 24:23
**capacity** 17:18
**case** 1:7,15,21 21:16
  22:15 23:3
**cases** 7:23 16:24
  19:5
**cents** 9:19
**certified** 28:8
**certify** 28:3
**cet** 28:8
**cetera** 12:20
**chais** 1:22 5:9,16
  11:16,17 12:1,2,3,4
  12:6,7,7,10,12,22
  12:22,25 13:2,11
  14:6,7,12 15:10
  16:15,15 17:2,3

19:9,13,18 21:21
  22:3,9,14,15 23:1,5
  23:7,13
**chambers** 19:9
**chase** 5:17
**chediak** 6:1
**chorus** 25:22
**circuit** 9:23 19:4
  21:4
**civil** 13:9
**claim** 8:14 9:17
  20:1 23:1
**claimants** 10:24
**claiming** 14:10
**claims** 9:3,8 11:14
  11:15 12:10,12,13
  15:12 19:13,18,19
  20:8,10,11,18,19
  22:1,13,15,19,20,23
  23:2,4,5,13,17
**clawback** 12:17
  14:25 15:21 18:9
**clear** 19:4
**clerk** 7:3
**clients** 13:12 18:25
  19:2
**cole** 4:9
**coleman** 6:1
**collect** 14:12
**collected** 11:19
**coming** 16:25 17:8
  17:11 18:6,14 19:8
**commenced** 12:16
  14:17
**competing** 12:10,13
  13:5 15:12,22
**concern** 23:14,15
**concluded** 26:1
**conference** 3:10,12
  10:16,21 15:4 18:11
**confidential** 18:23
**congress** 10:6
**connected** 10:19
**connection** 9:14
  10:20
**consist** 12:13

**constructive** 12:19
**contributed** 24:17
  24:19
**contributions** 23:7
**conveyance** 13:16
**conveyances** 12:18
**copies** 16:1
**corporation** 1:5
  4:11 9:16
**country** 28:23
**couple** 10:18 16:25
  18:15
**course** 12:24 23:3
**court** 1:1 2:1 5:2
  7:2,4,6 8:16,18 9:7
  9:10,13,25 10:2,10
  10:12,15,20,25 11:4
  11:8 13:2,4,21
  14:17,22 16:1,13
  17:16 18:15,16,18
  19:1,24 20:1,4,10
  20:20,23 21:2,7,11
  21:22 22:5,17,19,23
  23:10,12,14,16,24
  24:3,6,10,19,23
  25:1,3,6,10,14,19
  25:21,23,25
**courthouse** 22:10
**courts** 17:7
**created** 14:19
**cummis** 5:8 13:3
**currently** 16:20
**customer** 3:2,6 7:10
  27:6
**customers** 3:3,8 9:3
  27:7

**d**

**d** 7:1 27:1 28:8
**damages** 9:22
**date** 7:9 28:12
**dated** 10:4
**david** 4:7 7:7
**dawn** 3:25 28:3,7
**day** 7:11 19:7 25:23
**days** 19:16 21:9,11
  21:12

**dc** 4:15
**deal** 10:2
**dealing** 14:11
**december** 7:14,20
**decided** 10:5
**defendant** 1:10
**defendants** 1:17,23
  5:9,16 13:2 14:7,13
  16:16
**defenses** 12:11,23
  14:11
**defrauded** 13:12,25
  14:5
**demeanor** 25:1
**denied** 8:14 19:6
**deputy** 13:6
**describe** 14:3
**designed** 21:19
**dialing** 10:18
**died** 12:3
**different** 16:17
  17:19 21:24
**difficult** 24:16
**digress** 25:3,4
**diligent** 16:22
**directionally** 18:3
**disgorgement** 13:9
**disparage** 25:9
**dispute** 24:12,13
**disputes** 15:8,22
  17:2
**distribute** 8:9
**distributed** 9:8
**distributees** 22:21
**distributing** 8:11
**distribution** 3:3,7
  9:1,2,10,11 10:8
  22:9 27:7
**district** 1:2
**divide** 19:12
**document** 3:8
**documentation**
  17:25
**dollar** 9:19
**dollars** 9:5,22 11:19
**drop** 10:8

**e**

**e** 2:10,10 4:1,1,8 7:1 7:1 27:1 28:1
**early** 11:4
**easy** 16:4
**ecro** 2:15
**effect** 18:24 19:16 20:6 22:14 23:7,8
**effort** 17:1 23:8
**electronic** 28:8
**eminent** 21:2
**enjoin** 21:3
**entities** 21:21 22:14 22:16
**equitably** 22:11
**esq** 4:7,8,9,17,24 5:6,13,20 6:6,13
**essence** 13:23
**estate** 11:16 12:2,3 12:6,10,11,20,22,22 12:25 14:6,9,11 16:15 17:3
**estate's** 15:9
**et** 1:16,22 4:20 6:2 12:19
**event** 9:18
**eventually** 15:5
**everybody** 16:9
**everybody's** 20:17
**exception** 7:23
**expectation** 19:15
**extent** 15:9,9 18:4

**f**

**f** 2:10 28:1
**face** 14:16
**fact** 8:3 21:6
**fair** 18:5
**fairfield** 19:4
**faith** 7:23 16:3
**familiar** 12:16
**family** 11:24 12:4
**far** 17:20
**federal** 12:19
**feel** 22:8
**fees** 11:19

**fifth** 3:1,3,6,7 27:5 27:7
**filed** 17:16 23:21,22
**finalized** 16:11 17:15
**finally** 13:17
**fine** 24:10
**finite** 15:7,23
**firm** 12:25 13:3
**first** 10:2 12:14 21:18
**fixed** 15:8
**floor** 6:3
**flushed** 23:21
**folks** 14:2
**following** 12:13
**foregoing** 28:3
**forward** 14:25 16:3 17:1 20:13 21:10 25:21
**francisco** 6:8,11
**fraud** 12:19
**fraudulent** 12:18 13:16 22:20
**free** 21:17 23:16
**fully** 9:2,17
**fund** 3:2,6 7:10,19 8:1,4,7 23:7 27:6
**funds** 11:21 12:21 13:5 14:6 15:12
**further** 7:10

**g**

**g** 7:1
**garrity** 5:6 10:14,15 11:8,9 14:23 18:17 25:7,11,16,20
**gate** 6:10
**gelfand** 6:6 10:22 10:22 13:20 23:18 23:20,25
**general** 6:8,9 11:2,3 13:7 14:23 17:23 19:11 23:5
**general's** 13:14
**generated** 7:24
**getting** 9:19

**give** 7:25 11:10 17:10,11 18:13
**go** 7:15 11:8 14:25 15:7 16:9 17:22 20:13 21:10,17 25:3
**going** 8:22 17:19 18:3,5,14 19:15,19 20:7 21:9,12,19,20 23:6,12,20
**golden** 6:10
**good** 7:2,3,5,6,23 10:14 16:3,7
**gordon** 6:13 11:1,2 11:6 13:7 25:24
**green** 2:2
**greenwich** 19:5
**grodian** 6:1
**gross** 5:8
**ground** 21:3
**group** 13:18,22
**groups** 17:19
**guess** 15:5 18:21 21:13 22:7,8 23:11
**guy** 24:8

**h**

**h** 1:12 4:17 5:13
**hadley** 5:15
**half** 9:19 24:2
**hall** 1:16 4:20
**hands** 21:21
**happened** 18:21 25:17
**happy** 15:24 18:11
**hard** 16:22
**harris** 11:3
**hear** 10:12
**heard** 9:14 13:6 18:18 19:6 25:13
**hearing** 3:1,5,10,12
**hills** 6:4
**hirschfeld** 5:20 13:1
**hirschfield** 4:8
**hold** 10:17 15:21
**hon** 2:11
**honor** 7:5,12,14,18 7:20,24 8:1,8,10,21 8:24 9:4,6,12,15,21

10:9,14,16,22 11:1 11:7,9,12,13 12:2,8 12:14,16 13:23 15:3 15:17,24 16:10,24 17:17 18:10,19,23 21:14 24:5,8,13,15 25:11,17,24
**honor's** 8:4
**hope** 16:18 24:2
**hopefully** 9:4
**hostetler** 4:2 7:7 12:25
**hundreds** 11:18

**i**

**idea** 18:13
**indicated** 12:8,14 15:25
**indiscernible** 10:24 21:22
**individual** 8:14 11:15
**individuals** 13:24 13:25
**influence** 24:24
**injunction** 13:10,13 14:21 18:8 19:1,5 21:23,24
**intended** 25:8
**intentious** 24:16
**interim** 3:3,7 27:7
**invested** 11:20,22 11:23 13:24
**investment** 1:8
**investments** 6:2
**investor** 1:4 4:11 9:16
**involve** 11:14
**involves** 11:15
**irving** 1:12 7:8
**issue** 15:11 16:8 22:7

**j**

**j** 4:7
**james** 5:6
**january** 2:5 10:5 14:15 15:25 28:12

**jim** 10:14
**job** 24:18 25:5
**joining** 11:4
**jr** 5:6
**judge** 2:12 10:17
  14:4 15:4,18 19:8
  19:22,22 21:14
**judgment** 19:19
  20:7,10,14,15

### k

**kamala** 11:3
**keep** 17:18 18:22
**kevin** 4:17 9:15
**key** 25:1
**kinds** 18:7
**knew** 21:11
**know** 7:22 13:11
  14:2,18 15:8 16:6
  17:1,2,8,16,21 18:5
  18:23 19:20 21:8
  22:13 23:25 24:17
  24:22
**knows** 7:12 8:1
  24:15

### l

**l** 1:8 4:9 5:6,20
**labrioli** 8:16,18
**labrioli's** 10:4
**laughter** 24:21,25
  25:18
**law** 12:19,19 19:3
**lawsuit** 21:3
**lay** 18:2
**leapfrogged** 19:21
  20:15
**leapfrogging** 19:24
**learned** 21:18
**left** 21:17,21 23:2
**letter** 3:5 8:13 10:4
  15:25
**letting** 11:6
**lewis** 5:1
**liability** 15:9,10
**lifland** 15:4 19:8,22
  19:22

**lifland's** 21:15
**light** 14:16
**limit** 11:18
**limitation** 12:18
  14:21
**limited** 11:22 13:25
**litigate** 23:23
**litigating** 20:1
**litigation** 9:24 12:3
  12:17,17 13:15 14:3
  14:16 15:1,19
**little** 25:16
**llc** 1:9
**llp** 4:19 5:1,15
**lmis** 22:21
**long** 14:4 24:15
**longest** 7:11
**look** 14:8 15:6
  25:21
**looked** 14:5
**lot** 24:14
**low** 25:1

### m

**m** 2:11
**madoff** 1:8 7:4
  10:12,21 11:14,20
  11:23 12:20,21
**making** 17:9
**man** 24:10
**manager** 11:17
**manhattan** 5:17
**marc** 4:8
**mark** 7:15
**marvin** 6:6 10:22
**matter** 10:12,15,17
  10:21
**matters** 9:23 11:14
  18:14
**mccloy** 5:15
**mean** 21:22 23:10
**mediation** 11:12
  12:9 14:19 15:7,18
  16:2,2,4,22 17:12
  18:1,22,24 19:12
  21:6 24:1
**mediations** 17:21
  24:14

**mediator** 5:2 10:15
  17:18
**members** 12:5
**merit** 8:23
**merkin** 19:5
**michael** 5:20
**michelle** 2:15
**milbank** 5:15 13:1
**milberg** 4:19 18:20
**million** 7:22,25 8:1
  8:6,7,8,11 9:5
**millions** 11:18
**mineola** 28:25
**money** 10:1 11:17
  11:17,19,20,22
  14:12 15:7,13,23
  20:4,21,22,25 21:17
  21:20,20
**month** 7:20
**morgan** 5:1
**morning** 7:2,3,5,6
  8:25 10:14 11:5
**motion** 3:1,5 9:14
  9:21 10:5 19:1 22:6
  27:5
**motions** 16:13 17:1
  18:6 23:21 25:21
**moved** 16:2
**moving** 17:24

### n

**n** 4:1 7:1 27:1 28:1
**n.w.** 4:13
**need** 15:6,11 17:5
  24:8
**net** 8:15
**new** 1:2 2:3,3 4:5,22
  5:4,18
**newark** 5:11
**news** 16:7
**nice** 25:15,23
**nj** 5:11
**normal** 23:3
**number** 9:5
**ny** 4:5,22 5:4,18
  28:25

### o

**o** 2:10 7:1 28:1
**objection** 8:13,22
  10:3,4,7
**objections** 23:22
  24:4
**obviously** 8:23
**occur** 8:3
**office** 6:8,9 11:2
  13:14 17:4
**offset** 22:4
**okay** 10:2,25 11:8
  23:24
**old** 28:23
**once** 15:18 16:11
**ones** 24:16
**operations** 13:12
**opportunity** 23:23
**opt** 23:12
**order** 3:5 8:4,25
  10:8
**original** 24:2
**outline** 17:23
**overrule** 8:24 10:7

### p

**p** 4:1,1 7:1
**page** 27:4
**paid** 12:21
**paper** 16:6
**pari** 20:18
**park** 5:3
**part** 16:19 20:8
  21:13 23:6,8
**parties** 10:18 11:25
  12:2,4,5,6,7,11,12
  12:23 14:9,13 15:1
  15:5,6,10,22 16:2,3
  16:11,17,21 17:3,18
  18:1,3 19:9 22:3
  23:1,6,8,14
**partnership** 11:22
**partnerships** 11:18
  13:25
**party** 13:5,15
**passing** 9:17

passu 20:18
patting 25:7
pause 10:13
pay 20:24 21:1
payments 22:21
penalties 13:10
pending 11:13 17:8
pennsylvania 4:21
people 18:2
percent 9:9,25
percentage 9:7
permission 8:4
perspective 12:1
ph 8:16 19:5
phone 10:20 11:6
   13:7,20 23:18
picard 1:12,19 7:8
plaintiff 1:6,14,20
plaintiffs 13:19,19
   14:10,14,24 15:14
   15:20 16:19 18:20
   19:11
plaza 4:4,21 5:10,17
point 9:18,20 14:15
   16:4,23 19:19
position 16:23
   18:24
potential 16:18
   23:22
potentially 22:3
preclude 23:9
prejudice 14:1
prejudiced 18:25
   20:9,12
preliminary 10:17
present 10:24 15:4
principal 16:5
   17:24
principally 7:22
problem 24:20
proceeding 12:15
   14:17
proceedings 11:13
   18:8 26:1 28:4
process 17:12 21:15
   21:16 22:12

profits 13:9
progress 15:25
prohibit 21:20
property 3:2,2,6,7
   27:6,6
proposal 24:4
prosecuting 8:23
protection 1:4 4:11
   9:16
provided 16:1
purpose 17:8 18:10
pursue 23:4,16
pursuing 23:9
put 15:21 16:6
putting 14:19

q

questions 18:12
quickly 20:14
quite 24:1

r

r 2:10 4:1 7:1 28:1
race 22:10
raised 11:17,18,20
reach 16:11
reached 17:24
read 9:21 24:4
really 14:18 16:23
   17:10 18:13 24:8
received 8:14
recessed 10:11
recognition 8:2
reconvened 10:11
record 8:19 25:6
   28:4
recover 12:21 14:6
refer 12:5 13:19
reflect 8:19 25:6
related 3:8 5:9
   11:24 12:4,5,6,7,11
   12:12,23 13:2 14:7
   14:12 15:10 16:16
   17:3 21:21 22:3,14
   22:15 23:1,5,8,13
relief 13:14
remain 15:1

report 15:24
reported 7:12
represented 8:19
   12:24 13:1,3
representing 10:23
   11:3
represents 13:20,21
reserve 9:22
resolve 12:9 15:11
   15:11,12,22 17:2
response 8:20
restitution 13:9,13
result 7:13 8:7,11
   9:1
return 7:9
right 8:21 9:13
   10:10 18:17 21:7,12
   22:21 25:4,6,10,14
riverfront 5:10
road 17:11 18:6
   28:23
robert 6:13 11:1
   13:7
rockefeller 4:4
rulings 27:3

s

s 3:8 4:1 7:1
san 6:8,11
satisfied 9:2,18 18:4
saying 20:20
scenario 23:3
second 13:15 15:17
   19:4 21:4
securities 1:4,9 4:11
   9:16
see 10:6 22:5 24:3
seek 8:2,3 14:5 20:7
seeking 7:14,18 8:6
   8:9 12:20 13:9,13
   13:13
seen 21:25
sense 7:11 9:1 17:10
   17:11 23:15 24:3
set 18:13
setting 23:7
settle 20:4

settled 19:24 22:14
   22:24
settlement 7:24
   19:25 20:23 21:1,2
   23:6,13,22 24:4
settlements 7:14,22
   17:23
settling 23:2
shadow 9:24
shared 17:25
sheehan 4:7 7:5,7,7
   8:17,18,21 9:9,11
   10:9 24:7,11,14,22
   25:2,4
sheets 16:7
sherman 5:13 13:4
   13:4
shocked 25:16
short 14:4
shoulder 25:7
sideline 15:2
significant 7:11 9:1
   9:18,20,22
sills 5:8 13:3
sipc 4:12 9:25
smb 1:7,15,21
solely 21:19
soon 23:21
sooner 16:25
sorry 14:15
sort 14:8 16:7,16
   18:1 19:21
sought 8:25 14:20
sounds 23:15
south 3:25 28:3,7
southern 1:2
speaking 17:20
spectacular 24:18
stages 16:6
stand 16:20
stanley 5:16 11:16
   12:2,4,6,25 14:6
   16:15
state 12:19 13:6,8
   13:14 14:9,23 15:13
   15:19 16:16 17:3,7
   23:11,11

| | | | |
|---|---|---|---|
| **states** 1:1 | 20:12,18 21:14,19 | **understand** 15:3 | **widely** 7:12 |
| **status** 3:10,12 10:16 | 22:5,11 23:20 24:1 | 22:17 | **wilshire** 6:3 |
| 10:21 16:23 | 24:3,12 25:12 | **understanding** 20:7 | **winner** 8:15 |
| **stay** 19:17 | **thought** 19:8 20:17 | 20:16,17 21:14,15 | **worked** 16:22 |
| **stayed** 15:20 | 22:19 | **understood** 18:3 | **worse** 21:16 23:3 |
| **step** 14:8 | **thousands** 7:17 | **undertake** 15:15 | |

### x

| | | | |
|---|---|---|---|
| **stream** 24:2 | **three** 14:9 19:17 | **unfortunate** 16:8 | **x** 1:3,11,18,24 27:1 |
| **street** 4:13 | 21:6 | **unfortunately** | |

### y

| | | | |
|---|---|---|---|
| **strokes** 13:11 14:1 | **thrown** 7:17 | 23:25 | **yeah** 8:17 21:5 |
| 16:14 | **time** 7:11 9:22 17:9 | **united** 1:1 | **year** 9:4 19:20 |
| **stuart** 2:11 | 17:14 19:9,18 21:18 | **unusual** 24:22 | **yearend** 7:21 |
| **stuff** 18:2,5 | 24:15 25:12 | **use** 22:3,4 | **years** 8:15 19:17 |
| **subsequently** 19:3 | **tobin** 6:1 10:23 | **usually** 24:23 | 21:6 24:2 |
| **substance** 14:20 | **today** 7:9,15,18 8:6 | | **york** 1:2 2:3,3 4:5 |

### v

| | | | |
|---|---|---|---|
| **substantial** 23:1 | 8:12,18,19 10:17 | **v** 1:7,15,21 | 4:22 5:4,18 |
| **substantively** 1:13 | 13:2,4,7,21 18:11 | **value** 22:2 | |
| **sue** 14:22 | **told** 19:12 21:9 | **various** 16:6 17:6 | |
| **sued** 14:23 | **tracy** 4:9 | **vehicle** 14:18,18,19 | |
| **suite** 4:14 6:10 | **tragically** 19:22 | **veritext** 28:22 | |
| 28:24 | **transcribed** 3:25 | **victims** 10:1 | |
| **summary** 20:7,10 | **transcriber** 28:8 | **vote** 10:6 | |
| **superb** 25:5 | **transcript** 28:3 | | |

### w

| | | | |
|---|---|---|---|
| **suppose** 23:16 | **transfer** 22:20 | **wait** 22:5 24:3 | |
| **supposed** 22:9,10 | **trial** 19:21 | **waive** 23:13 | |
| **sure** 10:19 | **tried** 18:2 | **want** 14:3 18:18,21 | |

### t

| | | | |
|---|---|---|---|
| **t** 28:1,1 | **true** 21:5 28:4 | 24:7,9,17 | |
| **table** 18:13 | **trustee** 1:12 4:3 7:8 | **wanted** 14:25 15:1 | |
| **take** 9:5 21:19 | 12:14,20,24 14:9,13 | 18:23 19:12 25:5 | |
| **talk** 17:9,14 22:6 | 14:17,20 15:14 | **wants** 9:13 25:14 | |
| **talked** 21:4 | 16:12,15,25 19:2,10 | **warning** 18:5 | |
| **task** 15:15 | 19:14 21:18 22:1,2 | **washington** 4:15 | |
| **telephonic** 6:6,13 | 22:2,24 | **way** 17:21 20:9,12 | |
| **tell** 7:20 | **trustee's** 3:1 20:19 | 20:16 | |
| **term** 16:7 | 22:19 23:2 27:5 | **we've** 8:25 15:24 | |
| **terms** 17:14 21:25 | **try** 12:9 15:10,11 | 18:22 21:6 | |
| 22:8 | 17:1,10 18:13 | **week** 18:1 21:18 | |
| **thank** 8:21 9:6 10:9 | **trying** 14:11 | **weeks** 16:25 18:15 | |
| 11:4,6,9 17:9 18:16 | **tweed** 5:15 13:1 | **weintraub** 6:1 | |
| 24:5 25:11,17,19,20 | **two** 11:12 14:13 | 10:23 | |
| 25:22,24,25 | 18:8 24:2 | **weprin** 4:24 13:21 | |
| **thing** 16:7 24:7 | **type** 12:17 21:22,24 | 18:19,20 19:25 20:3 | |
| **things** 8:3 16:20 | **typical** 22:20 | 20:6,11,22,25 21:5 | |
| 21:4 | | 21:8,13,24 22:7,18 | |

### u

| | | | |
|---|---|---|---|
| **think** 10:18 16:2,3 | **u.s.** 2:1,12 | 22:22,25 23:18 24:5 | |
| 16:11,21,21 17:13 | **ultimately** 16:11 | 24:12 25:8 | |
| 17:23 19:3,4 20:11 | 17:15 | | |