**Baker Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN J. LIFTON,<br><br>    Defendant. | Adv. Pro. No. 10-05087 (BRL) |

### STIPULATION AND ORDER AGREEING TO APPLY DECISION IN THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING

**WHEREAS**, on December 10, 2010, the plaintiff, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), commenced the above-captioned adversary proceeding in the Bankruptcy Court against defendant Steven J. Lifton (the "Defendant," together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS**, a hearing was held before the Bankruptcy Court on February 14, 2014, to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS**, on January 17, 2014, Defendant moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on March 25, 2014, the issues raised in Defendant's motion to dismiss, together with the issues raised in the Trustee's complaint were referred to mediation pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order;

**WHEREAS**, on April 8, 2014, the Parties mutually selected Francis G. Conrad, Esq. to act as Mediator in this matter;

2

**WHEREAS**, on August 12, 2014, the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on September 11, 2014, Defendant again moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, in Defendant's second motion to dismiss, Defendant joined in the motions filed by similarly situated defendants in the Omnibus Proceedings; and

**WHEREAS**, a hearing was held on September 17, 2014 before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

**WHEREAS**, the unresolved issues between the Parties are analogous to those presently before and being considered by the Bankruptcy Court in the Omnibus Proceedings; and

**WHEREAS**, as of the date hereof, the Court has not yet ruled on the Omnibus Proceedings.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned herein, that:

1. Any decision rendered in the Omnibus Proceedings, to the extent it affects the unresolved issues in the Adversary Proceeding, will apply equally to the Adversary Proceeding and such decision will dispose of the motion to dismiss filed herein.

2. To the extent that the decision in the Omnibus Proceedings does not dismiss all claims in the Adversary Proceeding, Defendant shall file an answer to the Trustee's complaint within thirty (30) days of the entry of the Bankruptcy Court's order giving effect to the decision in the Omnibus Proceedings.

3. This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated: February 11, 2015

**BAKER HOSTETLER LLP**

By: *Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By: *Alan E. Marder*
990 Stewart Avenue
P.O. Box 9194
Garden City, New York 11530
Telephone: (518) 592-5708
Facsimile: (518) 741-6706
Alan E. Marder
Email: amarder@msek.com

*Attorneys for Defendant Steven J. Lifton*

SO ORDERED

/s/ STUART M. BERNSTEIN

Dated: February 11, 2015
New York, New York

Hon. Stuart M. Bernstein
United States Bankruptcy Judge

4