**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>A & G GOLDMAN PARTNERSHIP and PAMELA GOLDMAN,<br><br>      Defendants. | Adv. Pro. No. 14-02407 (SMB) |
| CAPITAL GROWTH COMPANY, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>PAMELA GOLDMAN and A & G GOLDMAN PARTNERSHIP ,<br><br>      Defendants. | Adv. Pro. No. 14-02408 (SMB) |

**ORDER REGARDING MOTION TO DISMISS COMPLAINT**

    Upon the motion, dated December 22, 2014 (the "Motion to Dismiss") [Adv. Pro. No. 14-02408; Docket No. 16], of A&G Goldman Partnership and Pamela Goldman

(collectively, the "Goldman Parties"), seeking to dismiss the complaint filed by the Picower Parties[1] (the "Complaint") [Adv. Pro. No. 14-02408; Docket No. 1], and the opposition of the Picower Parties to the Motion to Dismiss filed on January 29, 2105 [Adv. Pro. No. 14-02407; Docket No. 27]; and the Court having jurisdiction to consider the Motion to Dismiss and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and 15 U.S.C. § 78eee(b)(4); and consideration of the Motion to Dismiss and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Dismiss having been provided to all parties entitled to notice in the above-captioned consolidated adversary proceedings, and it appearing that no other or further notice need be provided; and a hearing having been held on February 5, 2015, to consider the relief requested in the Motion to Dismiss (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that Count Two of the Complaint shall be amended to reflect only a request to deny the Goldman Parties leave to re-plead any complaint against the Picower Parties in the event that the Court determines that the Goldman Parties are enjoined from proceeding with the action captioned *Goldman v. Capital Growth Co., et al.,* Case No. 9:14-cv-81125-KAM (S.D. Fla.); and it is further

---

[1] The "Picower Parties" refers to Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust f/b/o Gabrielle H. Picower; Barbara Picower, individually and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

**ORDERED** that, with that amendment to Count Two of the Complaint, the Motion to Dismiss is denied.

Dated: February 13th, 2015
      New York, New York

                                     /s/ STUART M. BERNSTEIN
                                     UNITED STATES BANKRUPTCY JUDGE