**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone (212) 589-4200
Facsimile (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff-Applicant,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>     Plaintiff,<br><br> v.<br><br>FEDERICO CERETTI, et al.,<br><br>     Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**MEMORANDUM OF LAW IN RESPONSE TO**
**FIM DEFENDANTS' MOTION FOR SANCTIONS**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), by and through the undersigned counsel, submits this Memorandum in response to the motion by FIM Advisers LLP, FIM Limited, Carlo Grosso, and Federico Ceretti (collectively, the "FIM Defendants") for sanctions pursuant to 28 U.S.C. § 1927[1] and the Court's inherent authority (the "Motion").

## PRELIMINARY STATEMENT

The FIM Defendants' Motion seeks the drastic, and factually and legally unsupportable relief of sanctions against the Trustee and his counsel, because the Trustee refuses to withdraw one sentence in a single jurisdictional allegation pleaded in the Trustee's Fourth Amended Complaint (the "Complaint").[2] At issue is the Trustee's allegation that "Kingate Management paid fees to FIM Limited at FIM Limited's account with Brown Brothers Harriman & Co. in New York, New York" (the "Allegation").[3] The Complaint was filed 11 months ago pursuant to this Court's March 17, 2014 Order granting the Trustee's unopposed motion for leave to amend. That motion was served on the FIM Defendants and attached a copy of the then-proposed Complaint. The FIM Defendants did not object at that time. That exact Allegation first appeared, without objection, in the Trustee's Third Amended Complaint filed almost four years

---

[1] Further references to title 28 are omitted.

[2] The facts and procedural history applied to the legal precedents discussed in this Memorandum demonstrate the Motion is groundless and motivated by the improper purpose of obtaining relief on extraterritoriality issues outside of the applicable court-approved procedure relating to that matter. Despite the FIM Defendants' and their counsel's personally offensive, provocative and improper approach in how they chose to address this issue, the Trustee will not add another layer to these proceedings by moving for sanctions against them. The Court may objectively infer bad faith on the part of the Paul Hastings firm, however, and award reasonable attorneys' fees to the Trustee's counsel *sua sponte* under section 1927. See *Chaudhry v. Usoskin (In re Usoskin)*, 61 B.R. 869, 874 (E.D.N.Y. 1986).

[3] Compl. ¶ 89.

ago.[4]

The Motion is premised on the facially implausible and speculative notion that the Trustee's failure to withdraw, or agree not to rely upon, the Allegation—which the FIM Defendants now agree was pleaded in good faith—is unreasonable and vexatious, and will prolong *future* proceedings relating to the Extraterritoriality Decision.[5] The deadline for the Trustee's submission in the extraterritoriality proceedings before this Court has yet to occur, and the Trustee to date has not relied upon the Allegation in that matter. The FIM Defendants were well aware nine months ago when they first challenged the Allegation that it has played no role in the extraterritoriality proceedings.

Although the FIM Defendants style the Motion as one for sanctions, they effectively seek an evidentiary finding—on the merits—that the Allegation is false, and an order striking the Allegation from the Complaint, enjoining the Trustee's future use of the Allegation, and awarding the FIM Defendants' attorneys' fees and costs for prevailing on the Motion.[6] What the Court can reasonably infer is that the FIM Defendants are actually seeking either partial relief on their motion to dismiss outside of the extraterritoriality proceedings, or alternative relief available only in accordance with Rules[7] 12(f) or 56. Supporting that inference is the fact that

---

[4] Third Am. Compl. ¶69, June 8, 2011, ECF No. 32; *see also* Third Am. Summons, June 14, 2011, ECF 35.

[5] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").

[6] The FIM Defendants did not submit a proposed form of order with their Motion, which on its face seeks "an order imposing sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority." Notice of FIM Defs.' Mot. for Sanctions Against the Trustee and Baker & Hostetler LLP, 2, Jan. 26, 2015, ECF 160. In their Memorandum of Law, however, the FIM Defendants request an order "(a) awarding them attorneys' fees and costs in having to defend against this false allegation; (b) striking from the Complaint the false allegation misrepresenting the existence of a bank account maintained by FIM Limited in New York, or transfers allegedly made to or from such account; [and] (c) ordering the Trustee and his counsel to refrain from using or relying on such allegation…." Mem. of Law in Supp. of FIM Defs.' Mot. for Sanctions Against the Trustee and His Counsel, 17, Jan. 26, 2015, ECF 161.

[7] "Rule" means Federal Rules of Civil Procedure.

2

other than Kingate Management, the Allegation expressly involves only FIM Limited—not all of the FIM Defendants. The Motion nowhere explains the FIM Defendants' joint and several entitlement to sanctions in light of the Allegation. On the face of the Complaint and the Motion, FIM Advisers LLP, and Messrs. Ceretti and Grosso lack standing to challenge the Allegation or to seek any remedy on this Motion, and clearly it must be denied as to all.

## PROCEDURAL HISTORY AND RELEVANT BACKGROUND

By contrast to the FIM Defendants, who can point to no multiplication of proceedings caused by the Trustee, the Trustee and his counsel have been subjected to seven months of on-again/off-again threats and demands by the FIM Defendants over the Allegation.[8] On May 5, 2014, they first wrote to the Trustee challenging several allegations in the Complaint.[9] After the Trustee, assisted by his counsel, was satisfied as to the reasonable and evidentiary basis for every allegation in the Complaint, the Trustee's counsel promptly rejected Paul Hastings'[10] assertions.[11] Over two months of silence from Paul Hastings followed. On August 21, 2014, Paul Hastings served the Trustee with a Bankruptcy Rule 9011 sanctions motion (the "Rule 11 Motion"), and asked for the Trustee's consent to a hearing date of November 19, 2014.[12] By this time, Paul Hastings had whittled down its threat of sanctions under Rule 11 to a single, personal jurisdictional allegation against FIM Limited. In violation of Rule 11(c)(2), contemporaneously with serving the Rule 11 Motion on the Trustee, Paul Hastings presented a copy of the Rule 11

---

[8] The correspondence between the FIM Defendants and the Trustee on this subject is attached to the declaration of Gonzalo S. Zeballos, Esq. ("Zeballos Decl.") at Exhibits A through O.

[9] *See* Ex. A to Zeballos Decl.

[10] References in this Memorandum to "Paul Hastings" means the law firm of Paul Hastings LLP.

[11] *See* Ex. B to Zeballos Decl.

[12] *See* Ex. C to Zeballos Decl.

3

Motion to the Court.[13]

The Rule 11 Motion devoted little attention to the sanctions demand. Instead the FIM Defendants argued the merits of their position on extraterritoriality and introduced excerpts from an irrelevant, unrelated proceeding in the United Kingdom.

For the next two months, Paul Hastings sent the Trustee multiple letters demanding the withdrawal of the Allegation,[14] and two self-serving declarations presenting purportedly incontrovertible evidence the Allegation was objectively false. That "evidence" consisted of a series of untested declarations comprising inadmissible hearsay testimony from witnesses the Trustee has not had the opportunity to cross-examine. The Trustee could not and would not accept such hearsay as a basis to withdraw a well-pleaded fact,[15] and rejected Paul Hastings' demand.[16] On October 31, 2014, Paul Hastings both wrote to, and telephoned, the Trustee to inform him that the FIM Defendants now accepted that the Trustee's Allegation was made in good faith, and they would not file the Rule 11 Motion.[17] Instead, the FIM Defendants declared they would file a motion under section 1927.[18] Section 1927 imposes the higher standard of

---

[13] Rule 11(c)(2) states, in relevant part that a Motion for Sanctions must not be "*presented* to the court if the challenged . . .claim . . . is withdrawn or appropriately corrected within 21 days after service . . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." (emphasis added). Failure to comply with the Rule 11 safe harbor provision requires denial of a sanctions motion. *See Fierro v. Gallucci*, 423 Fed. Appx. 17, 18 (2d Cir. 2011) (district court required to deny plaintiff's sanctions motion for failure to comply with 21-day safe harbor). *See also*, *Rates Tech. Inc. v. Broadvox Holding Co.*, 2014 WL 46538, at *5 (S.D.N.Y. Jan. 6, 2014) (same); *Castro v. Mitchell*, 727 F. Supp.2d 302, 306 (S.D.N.Y. 2010) (same).

[14] *See* Exs. E,G, and I to Zeballos Decl.

[15] On a motion for summary judgment, the Trustee would be entitled to discovery and cross-examination on the declarations.

[16] *See* Exs. F, H, and J to Zeballos Decl.

[17] *See* Ex. K to Zeballos Decl.

[18] *Id.*

4

subjective bad faith by a party's counsel.[19]  Even though the Trustee's counsel consented in writing to a hearing date of November 19, 2014,[20] Paul Hastings still did not file a section 1927 motion.

On November 14, 2014—with no motion pending—Paul Hastings wrote to the Court without first informing the Trustee and requested a court conference for November 19, 2014, just two business days later.  During the conference Paul Hastings argued the merits of the FIM Defendants' request for sanctions and demanded relief.[21]  After the Court rejected Paul Hastings' improper attempt to obtain relief without a pending motion,[22] Paul Hastings demanded a hearing date for the sanctions motion.  Again, no motion was forthcoming.

More than two months later, close in time to the due dates for the Trustee to file amended complaints and extraterritoriality briefing ordered by this Court, Paul Hastings filed its Motion with an additional supporting declaration—also inadmissible hearsay—by one of the FIM Defendants.  Like its earlier iteration, the Motion is a thinly disguised brief on extraterritoriality.  The timing of the Motion appears intended to have the maximum disruptive effect on the Trustee's briefing and to attempt to gain leverage for the FIM Defendants on extraterritoriality issues.

The Trustee's counsel spent significant attorney hours and expense in preparing to respond to a Rule 11 sanctions motion that was never filed; in responding to rounds of

---

[19] *In re Spa Chakra Inc.*, 2013 WL 3286241, at *8 (Bankr. S.D.N.Y. June 27, 2013) (Bernstein, J.) (quoting *United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Rule 11 employs an objective standard of reasonableness, but § 1927 imposes a more difficult standard of 'subjective bad faith by counsel.'").

[20] *See* Exs. O - P to Zeballos Decl.

[21] Ct. Conference Tr. 37:18-25; 38:1-4, Nov. 19, 2014.  A copy of the relevant pages from the Transcript is attached to the Zeballos Decl. at Ex. Q.  A full copy of the Transcript will be made available at the hearing on the Motion.

[22] *See* Ex. Q to Zeballos Decl. (Ct. Conference Tr. 40:11-16).

5

correspondence from Paul Hastings over many months, and rejecting the FIM Defendants' baseless threats and accusations; in appearing in court for a conference and having to address the FIM Defendants' ill-conceived attempt to win sanctions without a motion; and now, in responding to this frivolous Motion. In addition to the time and expense incurred, and the FIM Defendants' lack of adherence to applicable court rules, the Trustee and his counsel have endured false and insulting accusations in open court. The Trustee respectfully requests that the Court put an end to this needless and vexatious multiplication of proceedings created by the FIM Defendants and deny the Motion.

## ARGUMENT

Because the Trustee and his counsel have taken a good-faith legal position by refusing to withdraw the Allegation, sanctions under either section 1927 or the court's inherent power are unwarranted.

> **A.  Under section 1927 and the Court's inherent power, sanctions may be imposed only on those rare occasions when a party or its counsel litigate in bad faith, without any legal or factual basis, and cause unnecessary litigation costs that warrant an exception from the "American Rule."[23]**

Section 1927 is appropriately invoked only when counsel has unreasonably and vexatiously multiplied the proceedings in a particular case. The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[23] *Olivieri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986).

6

28 U.S.C. § 1927.  Section 1927 must be construed narrowly and cautiously.[24]  The facts show the Trustee's counsel has taken no action to multiply the proceedings, a statutory prerequisite under section 1927.  The Trustee's counsel replied to Paul Hastings' correspondence, and appeared at the court conference that Paul Hastings requested.  Section 1927 punishes bad-faith litigation conduct undertaken for an improper purpose.[25]  Clear evidence and a high degree of factual specificity of an attorney's bad faith are necessary to support sanctions under section 1927.[26]  The Trustee has not changed his position since the FIM Defendants and their counsel first challenged the Allegation approximately nine months ago.  The delay in resolving the issue raised by the FIM Defendants and their counsel since then has been totally within their control.  As consistently conveyed to the FIM Defendants and their counsel over these many months, the Allegation was properly pleaded in good faith with an evidentiary basis.

Paul Hastings nonetheless seeks relief under section 1927 after abandoning the baseless Rule 11 Motion served on the Trustee and improperly presented to the Court; after their approximate nine-month long letter campaign of threats and accusations directed to the Trustee and his counsel; after attempting to win sanctions without a motion through a court conference; and after expressly acknowledging to the Trustee's counsel the Allegation was pleaded in good

---

[24] *Mone v. Comm'r of Internal Revenue*, 774 F.2d 570, 574 (2d Cir. 1985).

[25] *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (quoting *Schlaifer Nance & Co., v. Estate of Warhol*, 194 F.3d 323, 336-37 (2d Cir. 1999) (conduct is in bad faith only if it is "so completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose such as delay").

[26] *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory*, 682 F.3d 170, 178-79 (2d Cir. 2012) (district court's denial of sanctions under section 1927 affirmed for lack of clear evidence and specific factual findings); *see also Enmon*, 675 F.3d at 143; *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000); *Olivieri*, 803 F.2d at 1272.

7

faith.[27] Paul Hastings fails to satisfy the standards for relief under section 1927, and, therefore, the Motion under section 1927 against the Trustee's counsel must be denied.

Section 1927 permits the imposition of sanctions against attorneys, not parties.[28] Section 1927 does not authorize a court to award a party substantive relief under the guise of sanctions.[29] Although under its inherent power a court may sanction both an attorney and a party for bad-faith or meritless litigation conduct, that power does not permit an award of substantive relief that a rule or statute does not otherwise provide.[30] The merits of the Allegation are not appropriate for consideration now. No substantive relief has been, or can be, granted on the Motion. Paul Hastings improperly named the Trustee as a respondent on the Motion, and that relief must be denied.

The Motion likewise fails to set forth any legal or factual basis for relief against the Trustee and his counsel under the Court's inherent power to sanction. A federal court may exercise its inherent power to sanction when necessary to manage and expedite the disposition of its docket.[31] The governing legal standards for determining whether a court may properly exercise its inherent power to sanction are essentially the same as those under section 1927,[32]

---

[27] *See* Declaration of David J. Sheehan at ¶5.

[28] 28 U.S.C. § 1927; *In re Spa Chakra Inc.*, 2013 WL 3286241 at *8.

[29] *See Usoskin*, 61 B.R. at 878 (court refused to compensate debtors for bad faith conduct of adverse parties and their attorneys that delayed the debtors' discharge).

[30] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("the exercise of the inherent power of lower courts can be limited by statute and rule").

[31] *Revson*, 221 F.3d at 78 (quoting *Chambers*, 501 U.S. at 43 (sanction power enables the court "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases")).

[32] *Olivieri*, 803 F.2d at 1273 ("[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is … that awards under § 1927 are made only against attorneys or other person authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both").

that is, when a losing party's conduct has been in bad faith, vexatious, or oppressive.[33] The power to award fees is an exception to the American Rule, under which adverse parties are each responsible for their own attorneys' fees.[34] In the exercise of its inherent power, the Court may depart from the American Rule and award a reasonable attorney's fee to a prevailing party but only if those exacting standards are met. By conceding the Trustee did not violate Rule 11 by pleading the Allegation in the Complaint,[35] the FIM Defendants and their counsel acknowledge the Allegation was made in good faith without an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation.[36] Because the Motion does not establish that the Trustee and his counsel in pleading the Allegation acted other than with objective good faith and not for any improper purpose, the Motion under this Court's inherent power must be denied.

### B. The Trustee has a strong, good faith, and colorable basis for refusing to withdraw the Allegation.

Although they concede that the Allegation was properly pleaded, the FIM Defendants and their counsel nonetheless seek to sanction the Trustee and his counsel for refusing to withdraw it.[37] The Trustee need not accept as true untested declarations submitted in support of the Motion that the FIM Defendants contend show the Allegation to be "false." All that the FIM

---

[33] *Id.* at 1272 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974) (fees may be awarded to a losing party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

[34] *Id.* at 1271-72 (the prevailing party is generally not entitled to be paid a reasonable attorneys' fee from the losing party).

[35] FIM Defs. Mem. of Law 2 n.3.

[36] Rule 11(b)(1).

[37] *See, e.g.,* FIM Defs. Mem. of Law at 1 (stating that "sanctions" are sought "for refusing to withdraw and continuing to rely on" the Allegation).

9

Defendants' supporting declarations show on their face is that there are open questions of fact[38] preventing the relief sought by the Motion.[39]

The FIM Defendants have no right to have the Allegation, well-pleaded under Rule 8(a), stricken from the Complaint on this Motion.[40] Section 1927 in these circumstances may not be used to strike the Allegation.[41]

      1.    *Striking the Allegation under Rule 12(f) is unwarranted.*

Rule 12(f) authorizes striking from a pleading only "redundant, immaterial, impertinent, or scandalous" matter. Importantly, the FIM Defendants did not move, and do not make a *prima facie* case for relief, under that rule. When deciding a motion to strike a pleading under Rule 12(f), the court must not consider any affidavits or other matters outside of the challenged pleading[42] and must accept all well-pleaded facts as true.[43] Because motions to strike raise

---

[38] *See, e.g.*, the exhibit to the supplemental declaration of Carlo Grosso, one of the FIM Defendants, which attaches a document on his company's, defendant FIM Limited's, letterhead dated October 25, 2004. The document purports to be an invoice for distribution fees owing to FIM Limited under a certain Distribution Agreement between Kingate Management and FIM Limited relating to the Kingate Euro Fund, a customer of BLMIS. The FIM Limited document indicates "Wire Transfer Instructions" identifying Brown Brothers Harriman & Co. ("BBH") with a Swift number for that bank and for MeesPierson (C.I.) "in favour of FIM Limited." Ex. to Supplemental Decl. of Carlo Grosso in Supp. of FIM Defs.' Mot. for Sanctions, January 26, 2015, ECF 163.

[39] *See Schlaifer Nance,* 194 F.3d 337-38.

[40] Kingate Management, a defendant in this proceeding, also referenced in the Allegation, has not joined in the Motion, or questioned the good faith of the Trustee in making the Allegation, or its propriety.

[41] Federal courts have invoked their inherent power to strike entire filings and submissions only to remedy violations of court rules, court orders, or other abuses of the judicial process. *See Chambers*, 501 U.S. at 44-45. The opposite circumstances are present here. As discussed above, the Allegation was pleaded nearly four years ago in the Third Amended Complaint, and remained unchanged in the Complaint filed nearly one year ago. The FIM Defendants did not object to the Allegation being included in the Complaint at that time. Section 1927 and the Court's inherent power to sanction are not intimidation tools to interdict inchoate events, nor are they substitutes for a party's adherence to applicable rules regarding pleading, dismissal, discovery, and orders of this Court.

[42] *Ciprari v. Servicos Aereos Cruzeiro do sul, S.A. (Cruzeiro),* 245 F. Supp. 819, 820 (S.D.N.Y. 1965), *aff'd on other grounds,* 359 F.2d 855 (2d Cir. 1966); *U.S. Football League v. Nat'l Football League*, 634 F. Supp. 1155, 1165 (S.D.N.Y. 1986) (internal citations and quotations omitted); *Kramer v. Living Aluminum, Inc.,* 38 F.R.D. 347, 348 (S.D.N.Y. 1965); *see also Hanover Ins. Co. v. Ryan,* 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007).

[43] *Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95, 100 (S.D.N.Y. 1985).

evidentiary issues, a court should avoid addressing them at the pleading stage of a case, recognizing that relevancy and admissibility are best considered on a complete evidentiary record.[44]  That is the situation here.  Striking the Allegation raises evidentiary issues that should be considered on a complete record.  The court's focus on a Rule 12(f) motion "is not the merits of the complaint or even whether it plausibly states a claim.  Rather, accepting the allegations as true, the court looks to whether they are potentially relevant to the [p]laintiff's claims and whether they are unduly prejudicial to the [d]efendants."[45]  Motions to strike are disfavored,[46] and the Second Circuit has instructed that "courts should not tamper with the pleadings unless there is a strong reason for so doing."[47] Under those principles, the declarations and materials outside of the pleadings submitted by the FIM Defendants are irrelevant to whether the Allegation should remain in the Complaint at this stage of the proceeding.  The FIM Defendants' submission of declarations and request that the Court make a finding of fact based upon them are improper and unfounded.   Striking the Allegation—taken on its face as true—could only be granted on the narrow grounds created by Rule 12(f).[48]

To have an allegation stricken as immaterial or impertinent, Rule 12(f) requires the movant to show that "(1) no evidence in support of the allegations would be admissible; (2) the

---

[44] *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Lynch v. Southampton Animal Shelter Found., Inc.,* 278 F.R.D. 55, 66 (E.D.N.Y. 2011) (quoting *Velez v. Lisi,* 164 F.R.D. 165, 167 (S.D.N.Y. 1995) ("Even allegations that 'may not pass Rule 11 scrutiny at a later stage in the litigation' will not be stricken if they have some 'possible bearing on the subject matter of the plaintiff's claim.'")); *Dann v. Lincoln Nat'l Corp.,* 274 F.R.D. 139, 142 (E.D. Pa. 2011) (internal quotations omitted) ("[S]triking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record").

[45] *Lynch,* 278 F.R.D. at 65.

[46] *Slue v. N.Y. Univ. Med. Ctr.,* 409 F. Supp.2d 349, 374 (S.D.N.Y. 2006); *Lynch,* 278 F.R.D. at 63.

[47] *Lipsky,* 551 F.2d at 893.

[48] As discussed above, the statements made in the FIM Defendants' supporting declarations and appended exhibits create a question of fact.  The Trustee reserves his right to discovery in this proceeding.

allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant."[49] Rule 12(f) seeks to avoid prejudice to a party caused by a jury's viewing of the offensive allegation or giving the allegation any other unnecessary publicity.[50] There can be no prejudice when the substance of the allegation has been part of the public record and thus generally available, as here, for four years.[51] The FIM Defendants have not demonstrated prejudice by the Allegation in all of that time. The FIM Defendants wrongly speculate they will be prejudiced in a different matter to be fully briefed, argued, and decided at a later date. On its face, the Allegation is not offensive or scandalous.[52] There is nothing repulsive, undignified, or demeaning in alleging "Kingate Management paid fees to FIM Limited at FIM Limited's account with Brown Brothers Harriman & Co. in New York, New York."[53] The Allegation was asserted as part of a series of allegations pleaded to establish personal jurisdiction over the defendants,[54] and is not redundant of any other allegation in the Complaint. The Allegation, therefore, is neither immaterial nor impertinent. Section 1927 authorizes a court to order an attorney to pay, as a sanction, an adverse party's fees and costs only under

---

[49] *Lynch,* 278 F.R.D. at 62 (quoting *Roe v. City of N.Y.*, 151 F. Supp.2d 495, 510 (S.D.N.Y. 2001)); *see also Lipsky*, 551 F.2d at 893 (striking an allegation as impertinent or immaterial is proper only when no evidence can support it); *Grunwald v. Bornfreund*, 668 F. Supp. 128, 133 (E.D.N.Y. 1987) (striking an allegation that has "no bearing on the subject matter of the litigation" or "will prejudice the defendant" is permissible) (quotations omitted).

[50] *Lynch,* 278 F.R.D. at 67.

[51] *Id.* (no prejudice to defendants from allegations that were pleaded in prior action commenced five years earlier).

[52] *Id.* at 63 (quoting *Cabble v. Rollieson,* 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (an allegation is "scandalous" under Rule 12(f) if it "reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court."); *see In re Anthracite Capital, Inc.*, 492 B.R. 162, 175 (Bankr. S.D.N.Y. 2013); *see also In re Campora*, 2014 WL 4980027, at *10 (Bankr. E.D.N.Y. Oct. 6, 2014).

[53] Compl. ¶ 89.

[54] Compl. ¶¶ 81-92.

extraordinarily egregious circumstances.[55]  No such circumstances are present here.  Because the Court's inherent power to sanction also requires that egregious circumstances be demonstrated, the severe relief of striking the Allegation also is not relief warranted under the statute or the Court's inherent power.[56]

There has been no bad faith by the Trustee's counsel.  Counsel filed the Complaint in good faith, and responded to the FIM Defendants' and their counsel's strategic actions.  The Trustee's and his counsel's good-faith actions at all times and the presence of a colorable basis for the Trustee's refusal to withdraw the Allegation require denial of the Motion.[57]

    2.    *The decisions upon which the FIM Defendants rely bear no resemblance to the facts and circumstances presented here.*

The authorities upon which the FIM Defendants rely all involve repeated and vexatious litigation conduct that continued for years, if not the life of the cases at issue, and which at times reached the level of fraud upon the court.  None of those cases supports sanctions here.  *See, e.g., Reichmann*, 553 F. Supp. 2d at 319-21 (plaintiff litigated meritless and harassing breach of contract action for years on claims he had earlier admitted in writing were legally and factually impossible); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 363-67 (S.D.N.Y. 2006) (copyright infringement action dismissed where plaintiff and his attorney asserted groundless damages claim, made false representations to the Court, and prosecuted a frivolous Rule 11 motion that resulted in an award of fees and costs against them); *ACLI Gov't Sec. v. Rhoades*,

---

[55] *See Olivieri*, 803 F.2d at 1272.

[56] *See id.; see also Chambers*, 501 U.S. at 43.

[57] *See, e.g., Enmon*, 675 F.3d at 143 (imposing sanctions under section 1927 and the court's inherent power requires a finding of a lack of a colorable basis in the pleading); *Revson*, 221 F.3d at 81-82 (reversing sanctions order where counsel's argument was permitted as a matter of law); *Keller v. Mobil Corp.*, 55 F.3d 94, 99-100 (2d Cir. 1995) (vacating sanctions award under section 1927 based upon attorney's "bona fide belief" that she was acting consistent with terms of the parties' settlement agreement).

13

907 F. Supp. 66, 69 (S.D.N.Y. 1995) (sanctions granted for continuously obstructing, and frivolously delaying litigation and the enforcement and satisfaction of judgments against defendants, and violation of a post-judgment discovery order); *In re Green*, 422 B.R. 469, 475 (Bankr. S.D.N.Y. 2010) (sanctions awarded for debtor's failure to disclose a state court judgment of eviction forcing the landlord to file an uncontestable motion to lift the stay, and for making incredible, bad faith explanations to the court); *16 Casa Duse, LLC v. Merkin*, 2013 WL 5510770, at *18 (S.D.N.Y. Sept. 27, 2013) (defendant's attorney sanctioned for gross mischaracterizations of the facts and law and and a "catalog" of meritless legal arguments).

      The Trustee and his counsel cannot reasonably be said to have engaged in, or their actions likened to, any of the contemptible conduct found in the foregoing authorities relied upon by the FIM Defendants as support for the Motion. To the contrary, it is repugnant to the Trustee and unfounded for the FIM Defendants to mischaracterize the facts and procedural history here, attribute nonsensical motives to the Trustee, say the Trustee or his counsel obstructed or delayed litigation, made objectively false statements in pleadings, or otherwise engaged in sanctionable conduct. The Trustee's position is well-supported by applicable law and the facts. The FIM Defendants have failed to meet their burden, and the Motion must be denied.

## CONCLUSION

For the reasons and based upon the authorities discussed above, the Trustee respectfully requests that the Court deny the Motion.

Dated: February 18, 2015  
       New York, New York

/s/ *David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Geraldine E. Ponto  
Email: gponto@bakerlaw.com  
Gonzalo S. Zeballos  
Email: gzeballos@bakerlaw.com  
Anthony M. Gruppuso  
Email: agruppuso@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and estate of Bernard L. Madoff*