**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone (212) 589-4200
Facsimile (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br>       v.<br><br>FEDERICO CERETTI, el al.,<br><br>            Defendants. | Adv. Pro. No. 09-1161 (SMB) |

# DECLARATION OF DAVID J. SHEEHAN
# IN OPPOSITION TO FIM DEFENDANTS' MOTION FOR SANCTIONS

DAVID J. SHEEHAN, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a member of the firm Baker & Hostetler LLP, counsel for the Trustee, Irving H. Picard, in this matter. I make this declaration in response to the declaration filed by Barry Sher, as counsel for the FIM Defendants, in support of his firm's motion to have sanctions imposed upon BakerHostetler and the Trustee.

2. On October 31, 2014, I received a phone call from Mr. Sher that I returned later that day. From the tone and subject matter of the call, I took it to be a courtesy call between two senior partners discussing the delicate subject of a law firm seeking to have another firm sanctioned. As a result, I was taken aback by seeing a certification filed by Mr. Sher in support of the sanctions motion as though I had said something that somehow supported his application, when I clearly told him that I considered his sanctions motion unfounded.

3. Mr. Sher stated his position, which was that the Trustee's allegation concerning a certain bank account was made to support the Trustee's extraterritoriality position under the District Court's decision. I responded to Mr. Sher that the allegation in question had been in the Trustee's complaint filed several years ago, long before the District Court's opinion on extraterritoriality. I also responded to Mr. Sher that neither his firm nor his client had objected at the time. I then said that the first we had heard that his firm was taking the position that the allegation was false was after we filed the Trustee's Fourth Amended Complaint, when we received a letter from his firm challenging the basis for 5 separate allegations, including the allegation that is the subject of his motion. I told Mr. Sher that we had promptly replied that we

had independent corroboration for each of the 5 allegations. We received no response to our letter response and considered the matter closed.

4. I then said that after the District Court's extraterritoriality decision, we received another letter from his firm asserting a Rule 11 violation due to the allegation regarding the bank account in question. I mentioned that the letter from his firm had gone on to state that we had made this false allegation to support our position that his clients' activities were domestic and outside the scope of the extraterritoriality decision. I also told him we had replied again and denied this assertion, and I pointed out how unfounded it was given the timing of our allegation several years ago, long before the District Court's extraterritoriality opinion.

5. Mr. Sher acknowledged that we had pleaded the allegation in good faith. But he said our refusal to withdraw the allegation was still sanctionable in light of the certifications showing the allegation to be false. Mr. Sher said if we did not withdraw the allegation, he would file the motion for sanctions. I said the certifications he submitted alleged facts that were part of the story, but the document upon which we were relying contained statements that required factual exploration including discovery and testimony at trial. I said that is what trials are for. I added that the allegation was inserted initially into the complaint probably for personal jurisdiction purposes, and that I had not even looked at it for extraterritoriality purposes as yet. I mentioned that given we were still at the inception of the case after all these years, I wanted to keep all of the potential arrows in my quiver for the litigation. I never stated that I thought our allegation was false. I made it clear that we made the allegation in good faith, it was clearly relevant, and we would use it for whatever purpose the court permitted.

6. The call ended at or about this point without any resolution

- 4 –

Dated: New York, New York
      February 18, 2015

*/s/ David J. Sheehan*
DAVID J. SHEEHAN