# EXHIBIT A

# PAUL HASTINGS

1(212) 318-6751
jodikleinick@paulhastings.com

May 5, 2014                                                                                          90271.10007

**BY EMAIL**

Gonzalo Zeballos, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re:   *Picard v. Ceretti, et al.* (United States Bankruptcy Court, Southern District of New York Adversary Proceeding No. 09-1161 (SMB))

Dear Mr. Zeballos:

As you know, we represent FIM Advisers LLP and FIM Limited (together, the "FIM Entities"), and Messrs. Carlo Grosso and Federico Ceretti (together with the FIM Entities, "FIM") in the above-referenced proceeding.

The purpose of this letter is to put you on notice that the Fourth Amended Complaint (the "Complaint") contains several factual allegations that we believe are objectively false and that the Trustee had no basis upon which to make. These allegations are (a) designed to create the misimpression that the relationship between FIM and BLMIS was closer than it, in fact, was, (b) designed to create the misimpression that there was something improper concerning the structure of the Kingate Funds and its management, or (c) designed to create the misimpression that FIM Limited received transfers of funds from Kingate Management Ltd. in the United States, or that Messrs. Grosso and Ceretti authorized the transfer of funds to and from New York bank accounts and that the "Ceretti and Grosso Companies" routinely received funds originating from New York. Like many of the statements made by the Trustee in other proceedings relating to our clients, these allegations are deliberately misleading.

First, the Trustee makes a series of allegations regarding supposed phone calls with BLMIS or other entities affiliated with BLMIS that did not occur. In paragraph 99 of the Complaint, the Trustee refers to supposed "frequent telephone conversions" between Mr. Grosso and Mr. Madoff. To support this reference, the Trustee alleges at paragraph 101 of the Complaint that "Messrs. Ceretti, Grosso, and/or FIM employees participated in no fewer than 286 telephone calls to BLMIS from 2004 to 2008." We believe that there were less than 50 telephone calls from FIM to BLMIS during this five-year period. To the extent that you have records demonstrating an additional almost-250 calls, we demand that you provide them to us.

The Trustee also alleges at paragraph 103 that Mr. Grosso "exchanged 225 phone calls with Jonathan Greenberg of Cohmad Securities Corp." Mr. Grosso does not know Jonathan Greenberg and has not had any phone calls with him. Mr. Ceretti also does not know Jonathan Greenberg and has not had any phone calls with him. Again, to the extent that you have records demonstrating these 225 calls between Mr. Greenberg and Mr. Grosso, we demand that you provide them to us. We believe that the almost-500 calls referred to in paragraphs 101 and 103 are pure fabrication.

Next, the Trustee makes a series of factual allegations designed to demonstrate that the Kingate Global Fund was set up originally as part of a supposed enterprise to invest with BLMIS (*see* ¶ 42), but these

# PAUL
# HASTINGS

Gonzalo Zeballos, Esq.
May 5, 2014
Page 2

allegations are also false. First, the Trustee alleges at paragraph 2 of the Complaint that Messrs. Ceretti and Grosso established Kingate Global in 1994 and first sold shares in Kingate Global in 1995. That is wrong. In fact, the first shares in Kingate Global were sold in March 1994 when Kingate Global was established as a fund of funds. Kingate DM Fund (subsequently re-named Kingate Euro Fund) was established in December 1995 for the purpose of investing in BLMIS. The Trustee also alleges at paragraph 104 that FIM Limited already owned and managed "several well established investment funds" when the Kingate Funds were established and that one of those "existing investment funds" could have been used to invest with BLMIS, insinuating that this structure was somehow improper. The Trustee's factual assertions are again false. As a preliminary matter, an investment fund is owned by its shareholders- not by the individuals who participate in the formation of the fund. More importantly, at the time that Kingate Global was established in 1994, FIM Limited did not manage _any_ other investment fund. FIM Limited only managed self-directed accounts. To date, FIM Limited has managed/advised numerous investment funds, but all of these were launched years after the launch of Kingate Global. Again, we believe such allegations are objectively false.

Finally, the Trustee alleges at paragraph 89 that FIM Limited maintained an account with Brown Brothers Harriman & Co. in New York. This too is false. FIM Limited never maintained any bank account in the United States. FIM Limited did maintain an account with the bank MeesPierson (Guernsey) Limited in the Channel Islands, and we understand that MeesPierson used Brown Brothers Harriman as _its_ U.S. correspondent bank for dollar payments. No payments were ever made by Kingate Management to or from FIM Limited using an account held by FIM Limited in the United States. The Trustee also alleges at paragraph 86 that Messrs. Ceretti and Grosso authorized the transfer of funds to and from New York bank accounts, citing as an example a supposed transfer that Mr. Grosso authorized for Ashby Holdings to a bank account in New York. The Trustee further alleges that the "Ceretti and Grosso Companies routinely received funds originating from New York." Neither Messrs. Ceretti nor Grosso, nor any of the "Ceretti and Grosso Companies" ever maintained any bank accounts in New York and none received funds originating from New York. Any payments made to or from accounts in New York were simply made to or from the U.S. correspondent bank of non-U.S. Banks for dollar payments.

If, as we believe, you have no support for any of these allegations, we demand that you withdraw them immediately in accordance with Rule 11.

This is not to suggest that we agree with or accept any of the other allegations in your Complaint. We reserve all of our clients' rights in that regard.

Sincerely,

*Jodi Kleinick*

Jodi A. Kleinick
for PAUL HASTINGS LLP