# EXHIBIT E

# PAUL
# HASTINGS

1(212) 318-6751
jodikleinick@paulhastings.com

September 2, 2014

75342.00003

**VIA ELECTRONIC MAIL**

Gonzalo Zeballos, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re:   *Picard v. Ceretti, et al.* (United States Bankruptcy Court, Southern District of New York Adversary Proceedings No. 09-1161 (SMB))

Dear Mr. Zeballos:

I write in response to your August 25, 2014 letter, which responds to my cover letter to you dated August 21 for our anticipated Rule 11 motion.

We attempted to work this out short of motion practice by sending our initial letter to you on May 5, 2014. We told you in that letter, under no uncertain terms, that the allegation made in the Trustee's Complaint that FIM Limited maintained a bank account in New York at Brown Brothers Harriman is false and explained to you that, in fact, the account was a correspondent bank belonging to MeesPierson bank. Your assertion that you "immediately reviewed" what you acknowledge are "very serious allegations" in that letter and gave a "thorough review of the support for each and every allegation in the Complaint" in less than a 16-hour period is simply not credible.

We have since provided you with a declaration from our client and a declaration from MeesPierson Bank attesting to the fact that your allegation is false, and that you have mischaracterized a correspondent bank account belonging to MeesPierson as an account belonging to FIM Limited. We have also provided you with a document that, on its face, demonstrates that the account is an account held by MeesPierson. Our client has attested to the fact that your allegation is false, MeesPierson has attested to the fact that your allegation is false, and the very document you supposedly relied on in the first place as a basis for the allegation demonstrates that your allegation is false. You acknowledge as much in your letter, claiming that this document somehow provided a good faith basis to make the allegation in the first place. To maintain your position in the face of this evidence is sanctionable. As an officer of the court, you have ethical obligations, as does the Trustee. If you do not withdraw the allegations of this supposed New York bank account belonging to FIM Limited and the supposed payments made to and from that account, which you know you have mischaracterized, we will file our motion in accordance with the rules as soon as the 21-day period passes.

With respect to the remainder of your letter, you should note that we maintain the statements in our May 5 letter that there are other allegations in your Complaint that are false, and that we believe were deliberately included for an improper purpose. We have determined not to address those at this time in the context of our Rule 11 motion, since the implementation of the Extraterritoriality Decision will result in the complete dismissal of the Complaint as against our clients. Also note that we disagree with your assertion that the "proper course of action" for the FIM Defendants faced with your false allegations is to either incur the expense of answering the Complaint and denying these allegations or "await the resolution of [our] promised motion to dismiss." The FIM Defendants already moved to dismiss the

# PAUL
# HASTINGS

Gonzalo Zeballos, Esq.
September 2, 2014
Page 2

Complaint on extraterritoriality grounds before Judge Rakoff and, as you know, prevailed on that motion. The case is now before Judge Bernstein to simply implement that decision in accordance with the holdings of the District Court. There is no need for any of the FIM Defendants to answer or move to dismiss again.

Sincerely,

Jodi Kleinick /jw

Jodi A. Kleinick
of PAUL HASTINGS LLP

JAK