# EXHIBIT F

# BakerHostetler

**Baker&Hostetler** LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Gonzalo S. Zeballos
direct dial: 212.589.4656
gzeballos@bakerlaw.com

September 9, 2014

**VIA ELECTRONIC MAIL**

Jodi A. Kleinick, Esq.
Paul Hastings LLP
75 East 55th Street
New York, NY 10022

Dear Ms. Kleinick:

This responds to your most recent letter dated September 2, 2014. As our letter of August 25th unequivocally explained, your allegations are false, your motion is clearly being filed in bad faith and for an improper purpose, and it will fail.

Your request for Rule 11 sanctions is substantively groundless and procedurally flawed. Rule 11 imposes an affirmative duty to conduct an objectively reasonable inquiry into the facts and law to make sure a complaint is well founded. As your motion acknowledges, any alleged misconduct under Rule 11 must be judged *at the time the relevant pleading was signed*. See Motion at 5. *See also In re Spa Chakra, Inc.*, Case No. 09-17629, 2013 WL 3286241, at *8 (Bankr. S.D.N.Y. June 27, 2013) (Bernstein, J.).

The invoices upon which our allegation was based show an instruction to transfer money from Kingate Management Limited ("KML") to FIM Limited. The wire instructions state the name of the Bank to which the transfer is directed as Brown Brothers Harriman ("BBH") in New York. Several account numbers are provided, including an account number for MeesPierson, and an account number for FIM Limited, as well as the statement "In favour of FIM Limited." Notwithstanding your "unequivocal statements" and the affidavits submitted for the first time with your August 21st letter, there is nothing on the face of the invoice that makes clear that the BBH account is only an account for MeesPierson, or that the FIM Limited account referenced on the invoice is located in an offshore jurisdiction. There is no reason for the Trustee to believe, much less know, that this transfer, which on its face is a transfer from KML to FIM Limited and directs that the money be wired to New York, did not take place in New York. Under these circumstances the Trustee was, and we believe still is, entitled to make the pleading and seek discovery. We are confident that the Court will agree.

Moreover, your application for Rule 11 sanctions itself violates Rule 11 and Bankruptcy Rule 9011. Under the plain language of Bankruptcy Rule 9011, "a party seeking sanctions must follow certain procedural requirements. In particular, Bankruptcy Rule 9011 prohibits the filing

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

September 9, 2014
Page 2

or presentation [to the Court] of a motion for sanctions if the offending party withdraws or corrects the challenged paper within 21 days after service of the motion on the offending party." *In re Spa Chakra*, 2013 WL 3286241 at *5 (dismissing sanctions motion for violation of safe harbor provision). "Presenting" a claim to the Court includes "signing, filing, submitting or later advocating . . . a petition, pleading, written motion, or other paper." *See in re Intercorp Int'l Ltd.*, 309 B.R. 686, 693 ( Bankr. S.D.N.Y. 2004) (Bernstein, J.). Your submission of a copy of your sanctions motion on the same day it was served on our client, is a prima facie violation of this rule.

Judge Bernstein has acknowledged that the Second Circuit imposes a "strict procedural requirement" on a party seeking sanctions to comply with Rule 11's safe harbor provision. *In re Spa Chakra*, 2013 WL 328641 at *7. Failure to comply with the Rule 11 safe harbor provision requires dismissal of the Rule 11 sanctions motion. *See Fierro v. Galucci*, Nos. 10–1560–cv, 10–1593–cv, 423 Fed. Appx. 17, 18-19, 2011 WL 1957674, at **1 (2d Cir. May 23, 2011); *see also Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) ("A motion that fails to comply with the safe harbor provision of Rule 11 must be denied.")

Accordingly, your Rule 11 motion is doomed, both substantively and procedurally.

Your prayer for relief under 28 U.S.C. § 1927 ("Section 1927") fares no better. As the cases cited in your own motion point out, sanctions under Section 1927 apply only to attorneys, not clients. *See, e.g., Prospect Capital Corp. v. Enmon*, Case No. 08 CIV 3721, 2010 WL 907956 at *5, (S.D.N.Y. Mar. 9, 2010). Since your motion, on its face, seeks sanctions only against the Trustee, Section 1927 cannot form the basis for the relief you seek.

Even if the court were to deem your motion to be against counsel as well as the Trustee, it nevertheless still falls far short of the requisite standard for relief under Section 1927. To state a claim for relief under that provision, your client would need to show that the Trustee's claims against your clients are "entirely without color" and that those claims were brought in bad faith, "motivated by improper purpose such as harassment or delay." *Reichmann v. Neuman*, 553 F. Supp. 2d 307, 319 (S.D.N.Y. 2008) (citing *Eisenmann v. Green*, 204 F.3d 393, 396 (2d Cir. 2000)). As we have already pointed out to you, the Trustee's claims against the FIM Defendants are not materially affected by the allegation at issue. Indeed, the only client of yours impacted at all by the relevant allegation is FIM Limited. It is clear from the substance of the Trustee's Third and Fourth Amended Complaints, which state claims for ordinary relief available to a bankruptcy trustee, that the fact at issue was pleaded because it is relevant jurisdictional evidence. The Trustee would nevertheless still be able to prove that the FIM Defendants are subject to the jurisdiction of the Bankruptcy Court even if the allegation were to be withdrawn.

As is the case with your Rule 11 petition, your petition for relief under Section 1927 is both procedurally and substantively hopeless.

The relevant standard for relief under the Court's inherent power to manage its own affairs is identical to the standard for relief under Section 1927, except that it may be even more restrictive. *See, e.g., Chambers v. NASCO Inc.*, 501 U.S. 32, 44 (1991) (noting that the application of sanctions under the court's inherent power must be exercised with "restraint and discretion"). Therefore, for the reasons set forth above, your prayer for relief under the Court's inherent power is fatally flawed.

September 9, 2014
Page 3

It is self-evident that your papers are a bad faith attempt to improve your client's litigation position with respect to the Extraterritoriality Decision, to which about one-third of your motion is dedicated. The allegation at issue has been in place for more than three years. Yet your papers falsely claim that the allegation was made to "make an end run around the Extraterritoriality Decision, or to try to keep the case alive against the FIM Defendants in an effort to force the FIM Defendants into unwarranted discovery." Motion at 9. You know that this cannot be true, yet you persist in making this allegation in your correspondence with us and in your pleadings to the Court. Your papers also improperly introduce an unrelated foreign legal proceeding in an attempt to paint the Trustee in a bad light, while ignoring, in violation of your duty of candor to the Court, to inform the Court of a UK judgment in favor of the Trustee against your clients.

Your frivolous attempt to fabricate a sanctions motion out of a three-year-old factual allegation has already wasted enough of our respective clients' time and resources. Should you persist in these efforts, the only thing you will accomplish is to help us recover our client's wasted costs.

Sincerely,

Gonzalo S. Zeballos