**EXHIBIT G**

# PAUL
# HASTINGS

1(212) 318-6751
jodikleinick@paulhastings.com

October 29, 2014                                                                                              75342.00003

**BY EMAIL**

David Sheehan, Esq.
Gonzalo Zeballos, Esq.
John Burke, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re:    *Picard v. Ceretti, et al.* (United States Bankruptcy Court, Southern District of New York Adversary Proceeding No. 09-1161 (SMB))

Gentlemen:

As you know, we represent FIM Advisers LLP, FIM Limited and Messrs. Carlo Grosso and Federico Ceretti (collectively, the "FIM Defendants") in the above-referenced proceeding.

As you also know, we have advised you in writing several times since May 2014 that the allegation in paragraph 89 of Fourth Amended Complaint (the "Complaint") that "Kingate Management paid fees to FIM Limited at its account with Brown Brothers Harriman & Co. in New York, New York" is objectively false. FIM Limited never maintained any bank account at BBH in New York or otherwise. FIM Limited maintained an account with the bank MeesPierson (Guernsey) Limited in the Channel Islands ("MeesPierson (CI)"). MeesPierson (CI) used BBH in New York as its U.S. correspondent bank for dollar payments.

On August 21, 2014, in accordance with Rule 11 and 28 U.S.C. § 1927, we served you with a motion seeking sanctions based on your refusal to withdraw this false allegation from the Complaint. As part of that motion, we attached the sworn Declaration of Carlo Grosso (the "Grosso Declaration") and the sworn declaration of two representatives of MeesPierson (CI) (the "MeesPierson Declaration"). The Grosso Declaration attested that FIM Limited never maintained any bank account at BBH in New York or any other bank account in the United States. Giving you the benefit of the doubt, we made the assumption that your decision to include this allegation in the Complaint was based on your and/or the Trustee's incorrect reading of a form of invoice prepared on FIM Limited letterhead to Kingate Management Limited ("KML"). The Grosso Declaration attached that form of invoice to demonstrate that your reading was wrong. The invoice, on its face, includes wire transfer instructions that clearly provide that the payment should be made to an account at BBH as follows: "A/C: MeesPierson (C.I.) Ltd. A/C No.: 6682652, Swift: MEESGGSP." The A/C references the account to which the payment should be made. As both the Grosso and MeesPierson (CI) declarations make clear, this is merely a correspondent bank account maintained by MeesPierson (CI) at BBH. The reference in the transfer instructions to "In Favour of FIM Limited, A/C 10501529" is merely intended to enable MeesPierson (CI) to properly credit the funds to the intended recipient, which is FIM Limited's account at MeesPierson (CI) in the Channel Islands.

# PAUL
# HASTINGS

David Sheehan, Esq.
Gonzalo Zeballos, Esq.
John Burke, Esq.
October 29, 2014
Page 2

While both your August 25 and September 9 letters devote significant effort to contesting our ability to obtain sanctions based on your refusal to withdraw this demonstrably false allegation, which we believe are clearly warranted at this juncture, one thing could not be clearer. You do not even attempt to claim that your false allegation is true. At best, you attempt to justify your and/or the Trustee's misreading of the invoice at the time that the Complaint was filed and then disingenuously claim that you still have no reason to believe that this transfer did not take place in New York. You miss the point. Your allegation is not even that the transfer took place in New York – your allegation is that KML made transfers into a supposed account belonging to FIM Limited at BBH in New York. Since your Complaint was filed, you have received my letters and two sworn declarations -- one from a non-party bank which is the actual holder of the BBH account at issue -- that demonstrate (a) that the BBH account referred to on the invoice and into which payment was made through, in fact, does not belong to FIM Limited but rather belongs to MeesPierson (CI) and is merely used as a correspondent bank; and (b) the FIM Limited account referred to on the invoice is an account held at MeesPierson (CI) in Guernsey. Your refusal to withdraw this false allegation, and claim to entitlement to discovery, particularly in light of Judge Rakoff's Extraterritoriality Decision and the procedure contemplated in the proposed order attached to the Notice of Presentment filed with Judge Bernstein, is at this point indefensible.

Since receiving your August 25 and September 9 responses and in anticipation of the upcoming motion practice with respect to the Extraterritoriality Decision, we obtained the enclosed declaration from BBH (the "BBH Declaration") itself, which makes crystal clear that "None of FIM Limited, FIM Advisers LLP, Carlo Grosso or Federico Ceretti maintained an account with BBH" in New York or otherwise. Moreover, the BBH Declaration confirms that BBH account number 6682652 belongs to ABN AMRO (Guernsey) Limited (formerly known as MeesPierson (Guernsey) Channel Islands) and not to FIM Limited as you allege.

We have provided you and the Trustee with every opportunity to withdraw this false allegation without having to resort to motion practice. If you do not withdraw the allegation by 5:00 p.m. on October 31, we will seek appropriate sanctions and you can attempt to justify your refusal to the Court. We trust that Judge Bernstein and/or Judge Rakoff will see through your actions and proceed accordingly.

This is not to suggest that we agree with or accept any of the other allegations in your Complaint. We reserve all of our clients' rights in that regard.

Sincerely,

Jodi Kleinick

Jodi A. Kleinick
of PAUL HASTINGS LLP

JAK:bf

LEGAL_US_E # 112553193.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERICO CERETTI, CARLO GROSSO, KINGATE GLOBAL FUND, LTD., KINGATE EURO FUND, LTD., KINGATE MANAGEMENT, LIMITED, FIM ADVISERS LLP, FIM LIMITED, CITI HEDGE FUND SERVICES LIMITED, FIRST PENINSULA INDIVIDUALLY AND AS TRUSTEES OF THE ASHBY TRUST, THE ASHBY TRUST, ASHBY INVESTMENT SERVICES LIMITED INDIVIDUALLY AND AS TRUSTEES OF THE ASHBY TRUST, ALPINE TRUSTEES LIMITED INDIVIDUALLY AND AS TRUSTEES OF THE EL PRELA TRUST, PORT OF HERCULES LTD. INDIVIDUALLY AND AS TRUSTEE OF THE EL PRELA TRUST, EL PRELA TRUST, EL PRELA GROUP HOLDING SERVICES, ASHBY HOLDING SERVICES LIMITED, AND EL | Adv. Pro. No. 09-1161 (SMB) |

LEGAL_US_E # 112527634.1     -1-

PRELA TRADING INVESTMENTS LIMITED
AND HSBC BANK BERMUDA LIMITED,

Defendants.

## DECLARATION OF JOHNNY MEJIA

I, Johnny Mejia, hereby declare pursuant to 28 U.S.C. §1746 under penalty of perjury as follows:

1. I am an Associate of Brown Brothers Harriman & Co. ("BBH") and have been an employee of BBH since May 1996. BBH is a New York State chartered private bank.

2. I have reviewed BBH's records dating back to October 1, 1999 to the present date. None of FIM Limited, FIM Advisers LLP, Carlo Grosso or Federico Ceretti maintained an account with BBH during that time period.

3. From at least July 2001 to March 2006, the bank ABN AMRO (Guernsey) Limited (formerly known as MeesPierson (Guernsey) Channel Islands) maintained an account at BBH in New York; its account number at BBH was 6682652.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2014
New York, New York

_____
Johnny Mejia