# EXHIBIT I

# PAUL
# HASTINGS

1(212) 318-6751
jodikleinick@paulhastings.com

October 30, 2014

**BY EMAIL**

David Sheehan, Esq.
Gonzalo Zeballos, Esq.
John Burke, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re:   *Picard v. Ceretti, et al.* (United States Bankruptcy Court, Southern District of New York Adversary Proceeding No. 09-1161 (SMB))

Gentlemen:

I write in response to Mr. Zeballo's letter to me from yesterday, which again refuses to withdraw from the Complaint an allegation that each of you – and therefore your Firm -- know is false.

Your threat to seek sanctions based on our supposed violation of the Rule 11 procedures by submitting a courtesy copy to Judge Bernstein's chambers would be frivolous. Be advised that when we contacted the Court to obtain a return date in accordance with Judge Bernstein's rules, we were advised by Chambers that the Court <u>requires</u> that we deliver a courtesy copy to Chambers of that motion at the time of service. We specifically advised Chambers that it was a motion pursuant to (among other things) Rule 11, which provides for a 21-day safe harbor, and were advised that a courtesy copy was still required to be simultaneously delivered to Chambers at the time of service—not filing. We confirmed this with Chambers on two separate occasions. As you know, we did not file the motion with the Clerk of the Court, nor did we send the motion to any other party. Our cover letter to the Court clearly reflected this. Moreover, the case you cite is inapposite. In *Spa Chakra*, the issue was whether the moving party could obtain Rule 11 sanctions where it merely served its adversary with a warning letter unaccompanied by a motion. In *Intercorp*, Judge Bernstein determined to grant Rule 11 sanctions against both the debtor and its counsel based on a finding that the plaintiff's petition was filed for an improper purpose.

Rule 11 aside, and even if we give credence to your assertion that including this allegation at the time it was first made was an honest mistake on your part, it is plain that continued use of and reliance on this false allegation constitutes a violation of 28 U.S.C. §1927 and that sanctions are appropriate under that statute and pursuant to the Court's inherent power. Your letters make it crystal clear that you refuse to withdraw the allegation despite its falsity, suggesting that you intend to continue to rely on this false allegation to try to keep my clients in the case and even claim entitlement to discovery based on it. If we are somehow misinterpreting your intentions, please let me know immediately.

Sincerely,

*Jodi Kleinick*

Jodi A. Kleinick
of PAUL HASTINGS LLP

LEGAL_US_E # 112564122.2