# EXHIBIT M

## Usitalo, Michelle R.

| | |
|---|---|
| **From:** | Kleinick, Jodi <JodiKleinick@paulhastings.com> |
| **Sent:** | Friday, October 31, 2014 6:06 PM |
| **To:** | Zeballos, Gonzalo S.; Burke, John; Sheehan, David J.; Ponto, Geraldine |
| **Cc:** | Sher, Barry; Wetzler, Mor |
| **Subject:** | RE: Picard v. Ceretti, et al. |

Gonzalo - We do not intend to engage in further debate with you. Your email itself demonstrates the need to file our motion.

We were advised by the court that the 19th is an available return date for the hearing on the motion we plan to file pursuant to Section 1927 and the Court's inherent powers. Please confirm your consent to that return date for our motion. If we cannot agree, we will request that the court provide a date.

Jodi


-----Original Message-----
From: Zeballos, Gonzalo S. [mailto:gzeballos@bakerlaw.com]
Sent: Friday, October 31, 2014 5:13 PM
To: Kleinick, Jodi; Burke, John; Sheehan, David J.; Ponto, Geraldine
Cc: Sher, Barry; Wetzler, Mor
Subject: RE: Picard v. Ceretti, et al.

Jodi,

One thing in this whole process is clear. If anyone is guilty of a Section 1927 violation it is your firm. We have, for several months now, engaged in lengthy correspondence on this issue. You unilaterally scheduled a sanctions hearing before the court. You drafted a Rule 11 motion and improperly submitted your motion papers--which you now have no intention of filing--before that court. As a result, we have spent many hours of wasted costs analyzing your claims, conducting legal research, and preparing a response to your frivolous allegations. And for what? On the basis that a single three year old jurisdictional allegation has somehow vexatiously multiplied proceedings and costs? An allegation about which at best you have only speculated as to our potential use? Your filing of a Section 1927 motion will be Exhibit A in our cross motion under the same section.

Regards,

Gonzalo

-----Original Message-----
From: Kleinick, Jodi [mailto:JodiKleinick@paulhastings.com]
Sent: Friday, October 31, 2014 1:23 PM
To: Zeballos, Gonzalo S.; Burke, John; Sheehan, David J.
Cc: Sher, Barry; Wetzler, Mor
Subject: RE: Picard v. Ceretti, et al.

Gonzalo: As Barry explained to David before your email, we will not be moving under Rule 11 based on your representation that you made an interpretation of the records at the time of the complaint that was done in good faith, albeit incorrectly and erroneously. Our motion will be based on 1927 and the Court's inherent power based on your

1

firm's refusal to withdraw or correct, and your continued reliance on, an allegation that is known to be false. We are at a loss as to how this course of action can be squared with the applicable ethical and other rules of attorney conduct.

Best, Jodi

---

Jodi Kleinick | Partner
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct: +1.212.318.6751 | Main: +1.212.318.6000 | Fax: +1.212.230.7691 | jodikleinick@paulhastings.com | www.paulhastings.com

-----Original Message-----
From: Zeballos, Gonzalo S. [mailto:gzeballos@bakerlaw.com]
Sent: Friday, October 31, 2014 12:20 PM
To: Kleinick, Jodi; Burke, John; Sheehan, David J.
Cc: Sher, Barry; Wetzler, Mor
Subject: RE: Picard v. Ceretti, et al.

Jodi,

As we have stated in our earlier letters, the allegation you are complaining about is three years old. It is a jurisdictional allegation and on any reasonable interpretation was made in good faith. It could not have been made, as you suggest, to address a court decision that did not exist at the time the allegation was made, or to "keep [your] clients in the case" on the basis of legal arguments arising from that decision. Your position is just not credible. You are clearly trying to improve your client's position on extraterritoriality. The case law is crystal clear that this is an inappropriate use of Rule 11 that is itself sanctionable. As far as the extraterritoriality briefing is concerned, we are complying with a procedure requested by all defendants affected by the extraterritoriality decision, including your clients, and on the timetable for advancing arguments on both sides of the extraterritoriality issue as agreed upon by all parties. We have not yet presented our extraterritoriality argument--therefore, presently there is no position of the Trustee to contest. On that ground as well, your position is baseless. The appropriate time to assert any extraterritoriality arguments is under the court-ordered procedure.

Regards,

Gonzalo

-----Original Message-----
From: Kleinick, Jodi [mailto:JodiKleinick@paulhastings.com]
Sent: Thursday, October 30, 2014 4:34 PM
To: Zeballos, Gonzalo S.; Burke, John; Sheehan, David J.
Cc: Sher, Barry; Wetzler, Mor
Subject: Picard v. Ceretti, et al.

2

Gentlemen: Please see the attached. Jodi

---

Jodi Kleinick | Partner
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct: +1.212.318.6751 | Main: +1.212.318.6000 | Fax: +1.212.230.7691 | jodikleinick@paulhastings.com | www.paulhastings.com

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited.

If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

*************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com