**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
            Plaintiff-Applicant, :
:
  v. :
:
BERNARD L. MADOFF INVESTMENT : SIPA Liquidation
SECURITIES LLC, : No. 08-01789 (SMB)
: (Substantively Consolidated)
            Defendant. :
:
------------------------------------ x
In re :
:
BERNARD L. MADOFF, : Applicable to the Adversary Proceedings
: Listed in Exhibits A-C to the Court's Order
            Debtor. : Dated December 10, 2014, ECF No. 8800
:
------------------------------------ x

**SECOND STIPULATION AND ORDER MODIFYING**
**THE ORDER CONCERNING FURTHER PROCEEDINGS ON**
**EXTRATERRITORIALITY MOTION AND TRUSTEE'S OMNIBUS**
**MOTION FOR LEAVE TO REPLEAD AND FOR LIMITED DISCOVERY**

      WHEREAS:

A.    On December 10, 2014, the Court entered an Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, ECF No. 8800 (the "Scheduling Order").

B.    On January 13, 2015, the Court entered a Stipulation and Order Modifying the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, ECF No. 8990.

C.  Paragraphs 2, 3, and 8 of the Scheduling Order provide certain deadlines for the parties to file their respective submissions in connection with the Extraterritoriality Issue[1] and the Trustee's motion for leave to replead.

D.  Paragraph 3 of the Scheduling Order further provides that, in opposition to the Transferee Defendants' motion to dismiss with respect to the Extraterritoriality Issue and in further support of the Trustee's Motion for leave to replead, the Trustee shall be permitted to file, in addition to a 50-page Consolidated Supplemental Memorandum, additional addenda, not to exceed five pages each, detailing the reasons why the Listed Counts against specific Transferee Defendants, or any portion thereof, should not be dismissed; and paragraph 8 of the Scheduling Order provides that any defendant concerning which the Trustee makes any specific argument may submit a five-page memorandum (a "Five Page Memorandum") in response to such arguments.

E.  Paragraph 4 of the Scheduling Order provides that in proceedings in which the Trustee's Motion does not seek discovery, as identified in Exhibit C, the Trustee's submission opposing dismissal of the Listed Counts and in support of the Trustee's motion for leave to amend the complaints shall include proposed amended complaints identifying the new allegations relevant to the Extraterritoriality Issue.  Paragraph 5 of the Scheduling Order provides that in proceedings in which the Trustee's Motion also seeks discovery related to the good faith issue, as identified in Exhibit C, the Trustee's submission shall include proffered allegations as to the Extraterritoriality Issue that would be included in a proposed amended complaint, set forth with sufficient specificity to permit the Court to determine whether the proposed amendments would be futile.

---

[1] Any terms not defined herein take their meaning from the Scheduling Order.

08-01789-cgm    Doc 9350    Filed 02/24/15    Entered 02/24/15 14:52:03    Main Document
 Pg 3 of 8

F. In connection with the proposed Scheduling Order, certain defendants filed objections to paragraph 7 of the proposed Scheduling Order, claiming that all issues concerning the defendants' document productions and their designation of material as "confidential" had to be resolved pursuant to the Litigation Protective Order of June 6, 2011, which could not be modified by the proposed Scheduling Order. At a hearing held before this Court on November 19, 2014, the Trustee's counsel confirmed that the Trustee would continue to abide by the terms of the Litigation Protective Order, including in particular with regard to the procedures for resolving disputes pertaining to Transferee Defendants' and third parties' designation of documents produced to the Trustee as confidential.

G. In preparing the Trustee's submissions to be filed pursuant to the terms of the Scheduling Order, a number of issues have arisen concerning the Trustee's ability to prepare allegations with regard to the Extraterritoriality Issue based on information or material contained in documents designated by the defendants, their affiliates, or third parties as "confidential" pursuant to the Litigation Protective Order.

H. The Trustee, the Transferee Defendants, and third parties have been working diligently and efficiently towards the resolution of many of the disputes concerning the Transferee Defendants' and third parties' designation of material as confidential and the Trustee's ability to use that information in allegations to be submitted pursuant to the Scheduling Order. However, at present a number of these issues remain unresolved. The Trustee contends that until these issues are resolved he will be unable to file public allegations in certain adversary proceedings with sufficient specificity for the Court to determine whether the proposed amended complaint will be futile as required by paragraphs 4 and 5 of the Scheduling Order.

    I.    In order to permit the Trustee, the Transferee Defendants, and third parties to resolve as many of the disputes as possible pertaining to the designation of documents as confidential and therefore limit the number, if any, of the proposed amended complaints and proffered allegations that must be filed in redacted form and/or under seal with the Court, counsel for the Trustee and Liaison Counsel have agreed, subject to the approval of the Court, to modify Paragraphs 3 and 8 of the Scheduling Order to extend by one month each the dates by which the parties must file their respective submissions with the Court.

    J.    Liaison Counsel who is expected to argue the Transferee Defendants' motion to dismiss will be out of the country on vacation for one month beginning on June 15, 2015, and the parties agree, subject to the approval of the Court, that the hearing on the motion should not be scheduled while he is away.

    K.    In addition, where multiple defendants in a particular adversary proceeding have moved to dismiss with respect to the Extraterritoriality Issue, to reduce the number of filings that have to be made and to limit the redundancy of information contained in the filings, the parties have agreed, subject to the approval of the Court, to modify paragraphs 3 and 8 of the Scheduling Order (1) to permit the Trustee to choose to file one additional addendum in each adversary proceeding, not to exceed the aggregate total of five pages per defendant who has moved to dismiss with respect to the Extraterritoriality Issue in that proceeding, in lieu of the additional addenda referred to in paragraph 3 of the Scheduling Order, and (2) to permit any defendants in any adversary proceeding that would each be entitled to file a Five-Page Memorandum pursuant to paragraph 8 of the Scheduling Order to choose to file, in lieu of such Five-Page Memoranda, a consolidated memorandum not to exceed the aggregate total of five pages per defendant who joins in such consolidated memorandum.

L. The defendants who joined in the Motion to Dismiss with respect to the Extraterritoriality Issue pursuant to the Scheduling Order included defendants in three adversary proceedings that were not subject to the Trustee's Motion: (i) *Picard v. Estate of Doris Igoin*, No. 10-4336 (SMB); (ii) *Picard v. Radcliff Investments Limited*, No. 10-4517 (SMB); and (iii) *Picard v. Leon Flax*, No., 10-5267 (SMB). Trustee's counsel, Liaison Counsel, and counsel representing the defendants in these cases have agreed, subject to the approval of the Court, to deem the foregoing three adversary proceedings to be listed in Exhibit C to the Scheduling Order as subject to the Trustee's Motion insofar as he seeks to replead, but not insofar as he seeks discovery.

M. Paragraph 19 of the Scheduling Order provides, "This Order may be modified by the Court sua sponte or at the request of any party for good cause shown."

NOW, THEREFORE, subject to the approval of the Court, it is hereby STIPULATED AND AGREED:

1. Paragraph 3 of the Scheduling Order is hereby modified to extend the time by which the Trustee and SIPC may file their submissions to April 2, 2015.

2. Paragraph 8 of the Scheduling Order is hereby modified to extend the time by which the Transferee Defendants may file their submissions to June 1, 2015.

3. The Court will hold oral argument on the issues set forth in paragraph 1 of the Scheduling Order at a date to be fixed by the Court that will not be between June 15 and July 15, 2015.

4. Paragraph 3 of the Scheduling Order is hereby modified to permit the Trustee to choose to file one additional addendum in each adversary proceeding, not to exceed the aggregate total of five pages per defendant who has moved to dismiss with respect to the

Extraterritoriality Issue in that proceeding, in lieu of the additional addenda that he would otherwise be entitled to file in such adversary proceeding pursuant to paragraph 3 of the Scheduling Order.

5. Paragraph 8 of the Scheduling Order is hereby modified to permit any defendants in any adversary proceeding that would each be entitled to file a Five-Page Memorandum pursuant to paragraph 8 of the Scheduling Order to choose to file, in lieu of such Five-Page Memoranda, a consolidated memorandum not to exceed the aggregate total of five pages per defendant who joins in such consolidated memorandum.

6. The following adversary proceedings are deemed to be listed in Exhibit C to the Scheduling Order as subject to the Trustee's Motion insofar as he seeks to replead, but not insofar as he seeks discovery: (i) *Picard v. Estate of Doris Igoin*, No. 10-4336 (SMB); (ii) *Picard v. Radcliff Investments Limited*, No. 10-4517 (SMB); and (iii) *Picard v. Leon Flax*, No., 10-5267 (SMB).

Dated:  New York, New York
          February 24, 2015

                                   BAKER & HOSTETLER LLP

                                   By: /s/ Regina Griffin
                                       David J. Sheehan
                                       dsheehan@bakerlaw.com
                                       Regina Griffin
                                       rgriffin@bakerlaw.com

                                   45 Rockefeller Plaza
                                   New York, NY 10111
                                   (212) 589-4200

                                   *Attorneys for Irving H. Picard, Trustee for the
                                   Substantively Consolidated SIPA Liquidation
                                   of Bernard L. Madoff Investment Securities
                                   LLC, and the estate of Bernard L. Madoff*

SULLIVAN & CROMWELL LLP

By: /s/ Robinson B. Lacy
    Robinson B. Lacy
    lacyr@sullcrom.com

125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendant Banque J. Safra (Suisse) SA and one of the Liaison Counsel for the Transferee Defendants*

KELLEY DRYE & WARREN LLP

By: /s/ Jonathan K. Cooperman
    Jonathan K. Cooperman
    jcooperman@kelleydrye.com

101 Park Avenue
New York, New York 10178
(212) 808-7800

*Attorneys for The Estate of Doris Igoin, Laurence Apfelbaum (individually and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin), and Emilie Apfelbaum*

CLIFFORD CHANCE US LLP

By: /s/ Jeff E. Butler
    Jeff E. Butler
    jeff.butler@cliffordchance.com

31 West 52nd Street
New York, New York 10019
(212) 878-8375

*Attorneys for Radcliff Investments Limited and*

*Rothschild Trust Guernsey Limited*

KATTEN MUCHIN ROSENMAN LLP

By: /s/ Anthony L. Paccione
    Anthony L. Paccione
    anthony.paccione@kattenlaw.com

575 Madison Avenue
New York, New York 10022
(212) 940-8502

*Attorneys for Leon Flax*
K & L GATES LLP

By: /s/ Richard A. Kirby
    Richard A. Kirby
    Richard.kirby@klgates.com

1601 K Street NW
Washington D.C. 20006
(202) 661-3730

*Attorneys for Investec Trust (Switzerland) S.A., as Trustee of Tower Trust*

Dated: New York, New York
       February 24th, 2015

SO ORDERED.

/s/ STUART M. BERNSTEIN
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE