**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Seanna R. Brown
Amy E. Vanderwal

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff,<br><br>               v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

Hearing Date: April 29, 2015
Time: 10:00 AM

Objections Due: March 18, 2015
Time: 4:00 PM

**NOTICE OF MOTION FOR ORDER ESTABLISHING SCHEDULE FOR LIMITED DISCOVERY & BRIEFING ON PROFIT WITHDRAWAL ISSUE**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York,

New York 10004-1408, on **April 29, 2015, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, seeking entry of an order establishing a schedule for limited discovery and briefing on the profit withdrawal issue ("Profit Withdrawal Issue"), as described more fully in the attached scheduling motion (the "Scheduling Motion").

**PLEASE TAKE FURTHER NOTICE** that written objections to the Scheduling Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **4:00 p.m., on March 18, 2015** (with a courtesy copy delivered to the Chambers of the Honorable Stuart M. Bernstein) and must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.  Any objection must specifically state the interest that the objecting party has in these proceedings and the basis of the objection to the Scheduling Motion.

Dated: New York, New York  /s/ David J. Sheehan
       February 25, 2015

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Seanna R. Brown
Amy E. Vanderwal

Hearing Date: April 29, 2015
Time: 10:00 AM

Objections Due: March 18, 2015
Time: 4:00 PM

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**MOTION FOR ORDER ESTABLISHING SCHEDULE FOR LIMITED DISCOVERY AND BRIEFING ON PROFIT WITHDRAWAL ISSUE**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, hereby moves this

Court for entry of an order establishing a schedule for limited discovery and briefing (the "Scheduling Motion") on the profit withdrawal issue ("Profit Withdrawal Issue") and to set a hearing date to adjudicate the Trustee's treatment of Profit Withdrawal Transactions (as defined below).

The Trustee, in support of the Scheduling Motion, states as follows:

## PRELIMINARY STATEMENT

1. In this SIPA liquidation, the Trustee determined the net equity of customer claims under SIPA using the Net Investment Method (defined below), which was approved by this Court and affirmed by the Second Circuit. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010); *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *cert. den.*, 2012 WL 396489, 2012 WL 425188 (Jun. 25, 2012).

2. To calculate net equity claims, the Trustee credited the monies that customers deposited into their BLMIS accounts and deducted amounts they withdrew from their BLMIS accounts (the "Net Investment Method"). Thus, the Net Investment Method requires an analysis of the "cash in/cash out" transactions as reflected on the BLMIS customer statements and maintained as part of BLMIS's books and records.

3. BLMIS customer statements identified "transaction types" and "transaction descriptions." BLMIS used several different transaction types, including "PW" for profit withdrawals, "CW" for cash withdrawals, and "JRNL" for journal entries. These three transaction types are relevant to this Motion. Where BLMIS customer statements indicated a "PW" transaction type, the transaction description field generally contained one or more of the

2

words "CHECK," "DIVIDEND," or "INTEREST," sometimes following or preceding a company name, for example, "CHECK VIACOM." During the review of the BLMIS books and records, the Trustee determined that certain transactions contained a similar transaction description to those transactions coded as "PW" transaction types but were coded instead as "CW" or "JRNL." This Scheduling Motion proposes addressing these variations together, collectively referred to as the "Profit Withdrawal Transactions."

4. For purposes of determining net equity, consistent with the books and records of BLMIS, the Trustee treated Profit Withdrawal Transactions as cash withdrawals, reducing a customer's net equity claim.

5. While the Trustee was briefing the separate issue of the treatment of inter-account transfers (the "Inter-Account Transfer Motion"), one claimant, Mr. Aaron Blecker ("Blecker") filed an objection to the Trustee's treatment of certain Profit Withdrawal Transactions—an issue unrelated to the Inter-Account Transfer Motion. *See* Customers' Memorandum of Law in Opposition to the Trustee's Inter-Account Transfer Motion at 4-6, ECF No. 6708. Blecker asserted that the Trustee improperly calculated net equity by treating certain Profit Withdrawal Transactions, reflected on his BLMIS customer statements, as cash withdrawals. Blecker claimed that he did not receive checks from BLMIS for any of these Profit Withdrawal Transactions, but instead claimed that these checks were written out and sent to "various Fortune 500 companies." *Id.* at 4. Mr. Blecker and certain other claimants also raised the Profit Withdrawal Issue in claims objections filed with the Trustee. ECF Nos. 961, 1843, 2273, 2383, 2496, 2512.

6. This Court upheld the Trustee's treatment of inter-account transfers and its opinion does not specifically address the Profit Withdrawal Issue. *See* Order Affirming

3

Application of the Trustee's Inter-Account Method to the Determination of Transfers Between BLMIS Accounts, ECF No. 8857.

7. Because Profit Withdrawal Transactions occurred in numerous BLMIS accounts, the Trustee seeks to institute an omnibus proceeding that permits the Trustee, the Securities Investor Protection Corporation ("SIPC"), claimants, and defendants in avoidance actions to be heard on the Profit Withdrawal Issue.

## BACKGROUND

8. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08-CV-10791 (LLS) (the "Civil Case").

9. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the Civil Case with an application filed by SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

10. On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

    (a)    appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

    (b)    appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

    (c)    removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

    (d)    authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

4

11. Under SIPA, the Trustee is responsible for determining claims, recovering and distributing customer property to BLMIS customers, and liquidating assets of the Debtor for the benefit of the estate and its creditors.

12. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this liquidation proceeding.

13. The Claims Procedures Order authorizes the Trustee to determine claims, provides claimants with the right to oppose the Trustee's determinations of their claims by filing their objections with this Court, and directs the Trustee to request a hearing date for the objections and notify the objecting claimants thereof.

14. Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date[.]" Furthermore, section 78fff-2(b) of SIPA provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

15. On this basis, the Trustee determined that net equity claims should be calculated based upon the Net Investment Method. Some claimants argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 BLMIS customer statements.

5

16. The Trustee's use of the Net Investment Method was upheld by this Court, reported at 424 B.R. 122 (Bankr. S.D.N.Y. 2010). This Court's decision was affirmed by the United States Court of Appeals for the Second Circuit, reported at 654 F.3d 229, 241 (2d Cir. 2011). On June 25, 2012, the United States Supreme Court denied *certiorari*, and thus the Trustee's use of the Net Investment Method has been upheld.

17. As discussed above, the Profit Withdrawal Issue was recently raised during the pendency of the Trustee's Inter-Account Transfer Motion. *See* Customers' Memorandum of Law in Opposition to the Trustee's Inter-Account Transfer Motion at 18-20, ECF No. 6708; Reply Memorandum of Law in Support of Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts at 6, ECF No. 6926. The issue was raised in six claims objections prior to the Trustee's Inter-Account Transfer Motion. ECF Nos. 961, 1843, 2273, 2383, 2496, 2512.

18. Certain claimants have argued that these Profit Withdrawal transactions were not cash payments to them of purported profits but instead represented payments made to third-party entities for the purchase of securities as reflected on the BLMIS customer statements.

19. The Trustee's investigation has revealed that at various points during the fraud and particularly in the years preceding the 2000s, Madoff falsely represented that he was paying profits or dividends to customers. As part of his fraudulent scheme, Madoff sent monies to customers in the form of the Profit Withdrawal Transactions, as reflected on BLMIS customer statements. There were no "profits," however, because there was no trading. These withdrawals were merely funds sent by BLMIS to its customers in furtherance of the scheme.

20. The Trustee has determined each BLMIS's accounts net equity based on the BLMIS books and records. For the time period of April 1, 1981 through December 11, 2008,

6

the Trustee compiled chronological listings of all cash and principal transactions, as reflected on the BLMIS customer statements, for every BLMIS account. The Trustee reconciled these cash deposit and withdrawal transactions reflected on BLMIS customer statements during the time period of December 1998 to December 2008 to the available BLMIS bank records for the same time period. That reconciliation process showed that 99% of the cash deposit and withdrawal transactions reflected on BLMIS customer statements tied out to available BLMIS bank records. The remaining 1% consisted primarily of withdrawal transactions for which cancelled checks were not available.

21. Based on the Trustee's review of the BLMIS books and records, including BLMIS bank records, the Trustee determined that the Profit Withdrawal Transactions should be treated as cash withdrawals for purposes of determining net equity. For example, the Trustee has confirmed that where BLMIS bank records are available, when the transaction type "PW" appears on a BLMIS customer statement and a company name following "CHECK" is listed in the transaction description field, those checks were made out to and cashed by customers.

## RELIEF REQUESTED

22. In order to provide limited discovery on the Profit Withdrawal issue and to permit the exchange of expert reports analyzing the Profit Withdrawal Transactions prior to briefing and argument, the Trustee requests the Court enter an order substantially in the form attached hereto as Exhibit A, setting forth the parameters and schedule for litigation of the Profit Withdrawal Issue.

23. The proposed order seeks to limit participation in this proceeding to only those BLMIS customers whose accounts had Profit Withdrawal Transactions in their BLMIS accounts ("Direct Eligible Accounts"), or had inter-account transfers from customers who had

7

Profit Withdrawal Transactions in their BLMIS accounts ("Indirect Eligible Accounts"), or from other Indirect Eligible Accounts. The Direct Eligible Accounts are set forth on Exhibit 1 to the proposed order and the Indirect Eligible Accounts are set forth on Exhibit 2 to the proposed order.

24.  All customer claimants or avoidance action defendants that wish to participate in litigation on the Profit Withdrawal Issue must notify the Trustee in writing by May 13, 2015 of its intention to participate. This notice will ensure that the claimant/defendant receives fact and expert discovery relevant to the Profit Withdrawal Issue.

25.  The proposed order contemplates approximately 3 months for fact discovery. The discovery propounded by the Trustee will include requests for admission relating to the Profit Withdrawal Transactions, including but not limited to establishing whether each Direct Eligible Account holder received the individual Profit Withdrawals shown on their statements.

26.  The proposed order contemplates less than 3 months for expert discovery. The Trustee's anticipated expert discovery will include reports setting forth the analysis of BLMIS's books and records, including bank records, regarding the Profit Withdrawal transactions.

27.  Following expert discovery, the proposed order sets forth a briefing schedule to be completed in February 2016, with a hearing date to be set by the Court following briefing.

## NOTICE

28.  Notice of this Scheduling Motion will be provided by U.S. Mail, postage prepaid or email to (i) all parties to listed on Exhibits 1 and 2 to the proposed order; (ii) all

8

parties on the Master Service List; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560) (collectively, the "Notice Parties"). The Trustee submits that no other or further notice is required. In addition, all of the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

**WHEREFORE**, the Trustee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court deems proper.

Dated: New York, New York
February 25, 2015

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*