**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

**[PROPOSED] ORDER ESTABLISHING SCHEDULE FOR
LIMITED DISCOVERY & BRIEFING ON PROFIT WITHDRAWAL ISSUE**

This matter came before the Court on April 29, 2015 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to establish a briefing schedule and schedule a hearing (the "Profit Withdrawal Motion") regarding the Trustee's treatment of "profit withdrawals" and other similar transactions as reflected on BLMIS customer account statements (collectively, "Profit Withdrawal Transactions"), as more fully described in the Scheduling Motion (ECF No. XXXX); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with the application by the Securities Investor Protection Corporation ("SIPC") under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and any objections to the Scheduling Motion have been withdrawn or are hereby overruled; and upon the proceedings before the Court and after due deliberation, it is hereby ORDERED:

1. **Eligible Accounts**: A claimant that satisfies (a), (b), and (c) below is eligible to participate in the Profit Withdrawal Motion:[2]

    a. The party or entity must (i) have filed a timely customer claim with respect to its account or (ii) be a defendant in a pending avoidance action;

    b. The account must be an "Eligible Account," which is defined as:

        i. An account for which customer statements reflect "PW" (profit withdrawals) or other similar transactions (a "Direct Eligible Account"). Those accounts are set forth on Exhibit 1 to this Order;

        ii. An account that has one or more inter-account transfers from accounts listed on Exhibit 1 (an "Indirect Eligible Account"), or from other Indirect Eligible Accounts. Those accounts are set forth on Exhibit 2 to this Order;

---

[2] Nothing in this Order or the attached Exhibits shall be construed to permit a claimant to raise any objections related to its accounts other than the profit withdrawal issue, even if a claimant holds an Eligible Account.

-2-

    c. The claimant must notify the Trustee in writing that it intends to participate in the Profit Withdrawal Motion no later than May 13, 2015. This notice must include the claimant's claim number, if applicable, its BLMIS account number, and state whether its account is included on Exhibits 1 or 2 to this Order as a Direct Eligible Account, an Indirect Eligible Account, or both. Only those accountholders whose accounts are identified on Exhibit 1 or 2 are permitted to participate in the Profit Withdrawal Motion.

    d. If any disputes arise regarding the eligibility of a claimant or defendant to participate the Profit Withdrawal Motion, the Trustee and the claimant shall meet and confer in an attempt to resolve the dispute in good faith. If the dispute cannot be resolved by the parties, the Trustee shall contact the Court for a hearing date no later than May 28, 2015.

**2. Fact Discovery**

    a. Each participating holder of a Direct Eligible Account is required to produce any documentation relating to their account to the Trustee by June 25, 2015.

    b. To the extent the BLMIS customer statements and related documents have not already been made available to the accountholder of a Direct Eligible Account, the Trustee shall make available to each participating accountholder of a Direct Eligible Account the customer statements, bank records, and any other documentation from BLMIS's books and records supporting the Profit Withdrawal Transactions in each Direct Eligible Account by July 2, 2015. The Trustee will prepare, for each Direct Eligible Account, a summary list of the Profit Withdrawal Transactions in that account.

  c. The Trustee shall serve requests for admissions upon participating holders of Direct Eligible Accounts on or before July 23, 2015 relating to the Profit Withdrawal Transactions, including but not limited to establishing whether the holders of the Direct Eligible Accounts admit or deny receiving the specified Profit Withdrawals in their accounts. Responses to the requests for admission will be due no later than August 24, 2015.

  d. All fact discovery exchanged between the Trustee and a holder of a Direct Eligible Account shall be provided to the holders of the related Indirect Eligible Accounts at the conclusion of fact discovery. If the holder of a Direct Eligible Account does not participate in the Profit Withdrawal Motion, the holders of the related Indirect Eligible Accounts remain entitled to the customer statements, bank records, and any other documentation from BLMIS's books and records supporting the Profit Withdrawal Transactions in each related Direct Eligible Account, to be produced by the Trustee at the conclusion of fact discovery.

  e. The Trustee shall produce discovery to Indirect Eligible Accountholders on or before September 2, 2015.

  f. Fact discovery shall be completed by September 2, 2015.

**3. Expert Discovery**

  a. Every party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before September 30, 2015.

  b. Every party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before October 30, 2015.

-4-

    c. All expert testimony (whether designated as "rebuttal" or otherwise) shall not extend beyond the scope of the opinion covered by the Fed. R. Civ. P. 26(a)(2) disclosures.

    d. All experts may be deposed but such depositions must occur on or before November 20, 2015. Counsel shall coordinate one deposition per expert engaged by the Trustee to avoid unnecessary duplication and inefficiency. Such depositions are subject to the time limitations set forth in Federal Rule 30(d)(1). The parties have a duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All depositions of the Trustee's expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of any expert witnesses propounded by holders of Eligible Accounts shall occur at such place as the Parties shall mutually agree.

    e. Expert discovery shall be served on all parties to the Profit Withdrawal Motion, including the Trustee, the holders of Direct Eligible Accounts, holders of Indirect Eligible Accounts, and SIPC.

    f. All expert discovery must be completed by December 9, 2015.

**4. Limitations on Discovery**

    a. No fact discovery other than as specifically provided in Paragraph 2 of this Order shall be permitted without leave of Court.

    b. All discovery contemplated herein shall be produced pursuant to and governed by the Litigation Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No. 08-01789 (BRL), ECF No. 4137 (the "Litigation Protective Order"), or any amendments to or subsequent orders that may be entered, any applicable orders entered

    by any other court of competent jurisdiction, and/or any other applicable federal or state law.

    c. In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

5. **Motion practice:**

    a. On or before December 23, 2015, the Trustee shall file a Motion for an Order to Affirm the Trustee's Treatment of Profit Withdrawals, and a corresponding memorandum of law.

    b. On or before December 23, 2015, SIPC may file a brief with respect to the Profit Withdrawal Motion.

    c. On or before January 27, 2016, holders of Eligible Accounts shall file a brief with respect to the Profit Withdrawal Motion. The participating parties are encouraged by the Court, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate.

    d. On or before February 17, 2016, the Trustee may file any reply papers.

    e. On or before February 17, 2016, SIPC may file any reply papers.

6. **Court Hearings**

    a. The Court shall hear the Trustee's Motion on _____, 2016.

7. **Service**

    a. The Profit Withdrawal Motion shall be served on all parties included on the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive

    notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Stacy Dasaro, Esq.

  b. The Profit Withdrawal Motion shall also be served on all parties to listed on Exhibits 1 and 2 attached hereto.

**8. Modification**

  a. This Order may be modified by the Court *sua sponte* or at the request of any party for good cause shown.

Dated: New York, New York
_____ \_\_\_\_, 2015

                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE