**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>             Plaintiff-Applicant,<br><br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>             Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>             Plaintiff,<br><br>         v.<br><br>HELENE SAREN-LAWRENCE,<br><br>             Defendant. | Adv. Pro. No. 10-04898 (SMB) |

## TRUSTEE'S REQUEST TO ENTER DEFAULT

To:   CLERK OF THE COURT
      UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, respectfully requests that the Clerk of the Court issue a Certificate of Default against defendants Helene Saren Lawrence pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court file and from the attached Affidavit.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Motion in its entirety and provide for such other relief as this Court deems just and proper.

Dated: New York, New York
       February 26, 2015

Respectfully submitted,

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-0518
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>            v.<br><br>HELENE SAREN-LAWRENCE,<br><br>                    Defendant. | Adv. Pro. No. (SMB) |

## AFFIDAVIT SUPPORTING ENTRY OF DEFAULT

STATE OF TEXAS            )
                          ) ss:
COUNTY OF HARRIS          )

Farrell Hochmuth, being duly sworn, hereby attests as follows:

1. I was admitted pro hac vice into this Court and am a partner at the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the estate of Bernard L. Madoff, individually.

2. On December 2, 2012, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against Helene Saren-Lawrence (the "Defaulting Defendant"). (Dkt. No. 1.) The Complaint asserted claims pursuant to sections 78fff(b), 78FFF-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of the Defaulting Defendant. (*Id.*).

3. On February 18, 2011, the Clerk of this Court issued a summons upon the Defaulting Defendant. (Dkt. No. 3).

4. On February 18, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Summons and Complaint upon the Defaulting Defendant. (*See* Dkt. Nos. 3 and 4). An Affidavit of Service evidencing proper and timely service was filed with the Court. (*See* Ex. A., Affidavit of Service; Dkt. No. 4).

2

5. Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which the Defaulting Defendant may answer or otherwise move with respect to the Complaint was set to expire on April 19, 2011. (*See* Dkt. No. 3).

6. On April 3, 2012, the Trustee and the Defaulting Defendant stipulated and agreed that the time by which the Defaulting Defendant may answer or otherwise respond to the Complaint would be June 15, 2012. The Trustee filed a Notice of Extension with this Court on April 3, 2012. (*See* Dkt. No. 15).

7. Despite being duly served with the Summons and Complaint and being given an extension to answer or otherwise respond to the Complaint, the Defaulting Defendant did not file an answer, move, or otherwise respond to the Complaint on or before June 15, 2012.

8. Upon information and belief, the Defaulting Defendant is neither an infant nor incompetent.

9. On February 25, 2015, I performed a search on the Department of Defense Manpower Data Center (DMDC). Upon searching the information data banks of DMDC, the DMDC does not possess any information indicating that Defaulting Defendant Helene Saren-Lawrence is currently on active duty as to all branches of the Military.

10. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

_____
Farrell Hochmuth

Sworn to before me this 25th day of February, 2015

_____
Notary Public, State of Texas
My Commission Expires On 5/19/17

JANET M COOMBS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 19, 2017

4

UNITED STATES BANKRUPTCY COURT
Southern District of New York

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

---

In re:

BERNARD L. MADOFF,

        Debtor.

Case No. 09-11893 (BRL)

---

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

        Plaintiff,

v.

HELENE SAREN-LAWRENCE,

        Defendant.

Adv. Pro. No. 10-04898 (BRL)

---

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

I, Yan Fayerman declare:

1. I am over the age of 18 years and not a party to these chapter 11 cases.

2. I am employed by Donlin, Recano & Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

3. On the 18th day of February, 2011, I caused a true and accurate copy of the:

    (i)    "Complaint", along with the relevant exhibits (Docket No. 1); and the

    (ii)   "Notice of Applicability of the Order Approving Case Management Procedures for Avoidance Actions" (Docket No. 2); and the

300108860



EXHIBIT "A"

(iii) "Summons and Notice of Pretrial Conference in An Adversary Proceeding" (Docket No. 3); and the

(iv) "Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order" dated November 11, 2010; and the

(v) "Avoidance Action Executive Summary Letter dated December 20, 2010"; and the

(vi) "Third Amended Notice of Omnibus Avoidance Action Hearing Dates".

to be served upon the parties listed on Exhibit 1, attached hereto, via First Class US Mail.

4. Said documents were securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class Mail.

5. I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed this 18th day of February, 2011 at New York, New York.

By _____
Yan Rayerman

Sworn before me this
18th day of February, 2011

_____
Notary Public

ROBERT ROTMAN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02RO6211735
COMM. EXP. September 7, 2013

300108860

Date : 2/18/2011 | Adv Pro No: 10-04898 (BRL)<br>Exhibit 1<br>Redacted Version | Page # : 1

HELENE SAREN-LAWRENCE

    HELEN DAVIS CHAITMAN, ESQ.
    BECKER & POLIAKOFF, LLP
    45 BROADWAY
    NEW YORK NY 10006

Counsel - 000724 004625

    HELENE SAREN-LAWRENCE
    NEW YORK NY 10022

000724 004626