Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Nicholas J. Cremona
Peter B. Shapiro

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FRED A. DAIBES MADOFF SECURITIES TRUST,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 10-04355 (SMB) |

## TRUSTEE'S REQUEST FOR A CERTIFICATE OF DEFAULT

To:  CLERK OF THE COURT
     UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, respectfully requests that the Clerk of the Court issue a Certificate of Default against defendant Fred A. Daibes Madoff Securities Trust, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 7055-1, for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court file and from the attached Affidavit.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Motion in its entirety and provide for such other relief as this Court deems just and proper.

Dated: New York, New York  
      March 3, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ Peter B. Shapiro  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: 212.589.4200  
Facsimile: 212.589.4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Nicholas J. Cremona  
Email: ncremona@bakerlaw.com  
Peter B. Shapiro  
Email: pshapiro@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Nicholas J. Cremona
Peter B. Shapiro

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FRED A. DAIBES MADOFF SECURITIES TRUST,<br><br>    Defendant. | Adv. Pro. No. 10-04355 (SMB) |

## AFFIDAVIT SUPPORTING THE TRUSTEE'S REQUEST
## FOR A CERTIFICATE OF DEFAULT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Peter B. Shapiro, being duly sworn, hereby attests as follows:

1. I am a member of the Bar of this Court and associated with the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff, individually. I submit this affidavit in support of the Trustee's application for a certificate of default from the Clerk pursuant to Bankruptcy Rule 7055 of the Federal Rules of Bankruptcy and Local Bankruptcy Rule 7055-1.

2. On November 30, 2010, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against Fred A. Daibes Madoff Securities Trust ("Defendant"). (Dkt. No. 1.) The Complaint asserted claims pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 502(d), 547, 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of Defendant. (*Id.*).

3. On February 1, 2011, the Clerk of this Court issued a summons upon Defendant. (Dkt. No. 3.)

2

4. On February 1, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the Summons and Complaint upon Fred A. Daibes Madoff Securities Trust ("Defaulting Defendant"). (*See* Dkt. No. 4.) An Affidavit of Service evidencing proper and timely service was filed with the Court. (*Id.*) A true and correct copy of the Affidavit of Service is attached hereto as Exhibit A.

5. Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order governing the litigation of certain avoidance actions, including this adversary proceeding, the time by which Defaulting Defendant may answer or otherwise move with respect to the Complaint was set to expire April 4, 2011.

6. On July 15, 2011, the Defaulting Defendant filed the Motion of Fred A. Daibes Madoff Securities Trust to Dismiss Complaint. (*See* Dkt. No. 8.)

7. On December 1, 2011, the Court entered its Bench Memorandum Decision and Order Denying Daibes' Motion to Dismiss for Insufficient Service of Process. (*See* Dkt. No. 17.)

8. On December 9, 2011, the Trustee and Defaulting Defendant stipulated and agreed that the time by which Defaulting Defendant may answer or otherwise respond to the Complaint would be February 1, 2012. The Trustee filed a Stipulation Extending Time to Respond with this Court on December 12, 2011. (*See* Dkt. No. 18.)

9. On January 19, 2012, the Trustee and Defaulting Defendant stipulated and agreed that the time by which Defaulting Defendant may answer or otherwise respond to

3

the Complaint would be March 16, 2012. The Trustee filed a Stipulation Extending Time to Respond with this Court on January 19, 2012. (*See* Dkt. No. 19.)

10. On March 8, 2012, the Trustee and Defaulting Defendant stipulated and agreed that the time by which Defaulting Defendant may answer or otherwise respond to the Complaint would be June 15, 2012. The Trustee filed a Stipulation Extending Time to Respond with this Court on March 12, 2012. (*See* Dkt. No. 20.)

11. On May 9, 2012, the Trustee and Defaulting Defendant stipulated and agreed that the time by which Defaulting Defendant may answer or otherwise respond to the Complaint would be July 31, 2012. The Trustee filed a Stipulation Extending Time to Respond with this Court on May 11, 2012. (*See* Dkt. No. 22.)

12. On July 20, 2012, the Trustee and Defaulting Defendant stipulated and agreed that the time by which Defaulting Defendant may answer or otherwise respond to the Complaint would be September 14, 2012. The Trustee filed a Stipulation Extending Time to Respond with this Court on July 25, 2012. (*See* Dkt. No. 25.)

13. Despite being duly served with the Summons and Complaint and being given an extension to answer or otherwise respond to the Complaint, Defaulting Defendant did not file an answer, move, or otherwise respond to the Complaint on or before September 14, 2012.

14. Upon information and belief, the Defaulting Defendant is neither an infant nor an incompetent.

15. Attached hereto as Exhibit B is a true and correct copy of the Affidavit of Service reflecting proper service of this application on Defendant.

16. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

_____
Peter B. Shapiro

Sworn to before me this
3rd day of March, 2015

_____
Notary Public

MARION SARCUNI
Notary Public, State of New York
No. 01SA4973543
Qualified in Nassau County
Commission Expires 12/05/2018

5