**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>JONATHAN H. SIMON,<br><br>Defendant. | Adv. Pro. No. 10-05422 (SMB) |

**STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER PROCEEDINGS**
**UNTIL RESOLUTION OF BANKRUPTCY CODE SECTION 546(e) APPEAL**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendant Jonathan H. Simon (the "Defendant", and with the Trustee, the "Parties"), by and through his counsel, Lax & Neville LLP, hereby stipulate and agree to the following:

1. On December 11, 2010, the Trustee commenced this adversary proceeding against the Defendant seeking the avoidance and recovery of: (a) transfers made by BLMIS within two years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior to December 11, 2006 (the "Non-Two Year Transfers").

2. By Order dated April 30, 2012, (the "Dismissal Order"), the United States District Court for the Southern District of New York (the "District Court") dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers made to certain defendants based on an interpretation of Bankruptcy Code Section 546(e).

3. The Trustee has appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit (the "546(e) Appeal"). The 546(e) Appeal remains *sub judice*.

4. On January 5, 2015, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to the Settlement Order, entered by this Court on November 12, 2010 [Dkt. No. 3181].

5. Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers, but have agreed to stay the remainder of this proceeding until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

6. If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Trustee will, as soon as practicable, dismiss the Trustee's Two Year Transfer claims against Defendant, and Defendant shall respond to the Trustee's Non-Two Year Transfer claims within thirty (30) days of the entry of such final, non-appealable order. Defendant agrees he will not assert any laches, statute of limitations, statute of repose, or time limitations defense based on the time period this proceeding is stayed by this Stipulation. The Parties stipulate and agree that the Trustee preserves all rights, claims, causes of action, if any, against Defendant for the Non-Two Year Transfers, and Defendant preserves all defenses, if any, in response to the Trustee's Non-Two Year Transfers.

7. If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding without prejudice against Defendant without costs to either the Trustee or Defendant.

8. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

**[The signature page follows]**

08-01789-cgm    Doc 9410    Filed 03/04/15    Entered 03/04/15 14:55:18    Main Document
              Pg 4 of 4

Dated: March 4, 2015

BAKER & HOSTETLER LLP

By: *s/ Marc E. Hirschfield*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

LAX & NEVILLE LLP

By: *s/ Gabrielle J. Pretto*
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: 212.696.1999
Facsimile: 212.566.4531
Gabrielle J. Pretto
Email: gpretto@laxneville.com

*Attorney for Defendant Jonathan H. Simon*

SO ORDERED

/s/ STUART M. BERNSTEIN

Dated: March 4th, 2015
New York, New York

HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE