# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 4, 2015

Karin S. Jenson
direct dial: 212.589.4266
kjenson@bakerlaw.com

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    Securities Investor Protection Corporation v. Bernard L.
               Madoff Investment Securities LLC
               <u>Adv. Pro. No. 08-01789 (SMB)</u>

Dear Judge Bernstein:

      We are counsel to Irving Picard, Esq., the Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC and estate of Bernard L. Madoff (collectively, "BLMIS").

      This letter respectfully requests an informal conference with the Court, at the Court's earliest opportunity, pursuant to Paragraph 9 of the June 6, 2011 Litigation Protective Order[1] ("LPO") to confer about complex, pressing confidentiality questions with respect to the Trustee's upcoming Extraterritoriality Submission, as well as the Trustee's proposed solution for a motion for an order of the Court (1) expanding the audience pursuant to Paragraph 10(g) of the LPO of who may see confidential information to include defendants participating in the Extraterritoriality Proceedings, all of whom are already bound by the LPO, (2) permitting the Trustee to file his complete Extraterritoriality Submission unredacted and under seal, pending the resolution of the unresolved confidentiality questions, and (3) appointing an arbitrator to adjudicate these unresolved confidentiality questions, as well as similar questions in the future.

      With the exception of resolving the confidentiality questions, the Trustee is prepared to meet the April 2, 2015 filing date. However, absent a resolution, as it stands, the Trustee may be in the untenable position of having to obscure certain of his allegations not just from the public, but *from certain defendants themselves* in the version of his Extraterritoriality Submission that will be served on them.

---

[1]    June 6, 2011 Litigation Protective Order [ECF No. 4137].

*Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa*
*Denver    Houston    Los Angeles    New York    Orlando    Washington, DC*

Honorable Stuart M. Bernstein
March 4, 2015
Page 2

As the Court is aware, the unresolved confidentiality questions were the reason for the stipulation of extension of time that was submitted to the Court and so ordered on February 24, 2015. [2] For more than four months, a team of the Trustee's counsel working nearly full time has undertaken a comprehensive, coordinated effort to resolve these confidentiality questions, and that effort has resulted in the dedesignation of approximately 5,000 documents from confidential to not confidential by approximately 40 producing parties. While the Trustee's counsel continues to resolve the open questions every day, using a variety of methods, it is apparent that not all questions will be resolved – even with the extension – without the Court's intervention.

The unresolved confidentiality questions are rooted in several provisions of the LPO, as follows:

a. Paragraph 9 of the LPO puts the burden on the party that has produced documents to properly, and in good faith, designate documents as confidential.[3]

b. Paragraph 10 precludes a party from "communicat[ing] in any way" information that is contained in a document designated confidential, except to a limited audience that is defined in that paragraph and described in (c) below. Thus, even when documents designated confidential are not attached to a filing (such as the Trustee's Extraterritoriality Submission), the filing party must take steps to protect any statements in a filing that "communicates" information from a document designated confidential. [4]

c. Paragraph 10(a) – (f) precludes information in a document designated confidential from being communicated to parties *other than the defendants in a specific adversary proceeding* in which the documents were produced. There is no exception for documents produced pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"). Thus, if the Trustee intends to rely on documents produced (either pursuant to Rule 2004 or in other circumstances) by a non-party to the *specific adversary proceeding* (even if the producing party is a defendant in a different adversary proceeding), the Trustee must resolve any confidentiality questions before disclosing information to an audience other than those permitted by Paragraph 10(a) – (f).

---

[2]  Second Stipulation and Order Modifying the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Paragraph G [ECF No. 9350].

[3]  *Id*. at Para. 9.

[4]  While Paragraph 7 of the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery [ECF No. 8800] permits the Trustee to make "generic" allegations from a document designated confidential that was produced by a defendant or its affiliate that is participating in the Extraterritoriality Proceedings (except for the UBS and Merrill Lynch defendants, which the Court exempted from Paragraph 7), to avoid any dispute over the interpretation of what the Order permits the Trustee to "communicate" from these documents, the Trustee has sought the dedesignation of certain confidential documents produced by these defendants.

    d. Paragraph 10(g) allows the Court to expand the audience of who may see information from documents designated confidential, or the documents themselves, to "[s]uch other persons or entities as the Court may order, as may be agreed to by the producing or receiving parties[.]"

    e. Paragraph 9 sets forth the steps the Trustee must take if he seeks to disclose information from documents designated confidential beyond the audience listed in Paragraph 10(a) – (f), "including, without limitation, in an Individual Adversary Proceeding to which the producing party is not a party[.]" He must seek dedesignation of a document designated confidential by serving a notice on the producing party requesting dedesignation of the relevant documents. Pursuant to Paragraph 9, the producing party has seven business days (7) to respond. In the event of a dispute over the confidentiality designation of the relevant documents, the Trustee may then submit the dispute to the Court for resolution in either an informal conference or, if not resolved via the conference, an *in camera* inspection.[5]

Pursuant to Paragraph 9, the Trustee sent letters to approximately sixty (60) producing parties seeking the dedesignation of thousands of documents. These letters were sent to *any* producing party that produced documents designated confidential upon which the Trustee intends to rely in connection with his Extraterritoriality Submission, including defendants in his actions who are participating in the Extraterritoriality Proceedings, defendants who are not, and non-parties. Some of these letters sought dedesignation of documents that bear on multiple cases. The Trustee sought dedesignation of these documents to meet the required standards of specificity in his Extraterritoriality Submission.

Many parties agreed to the wholesale dedesignation of documents without further discussion. As to the remaining producing parties, in an attempt to avoid burdening the Court and producing parties with numerous informal Court conferences, the Trustee's counsel has engaged in near-daily meet and confers over the past several months to resolve the confidentiality questions.

As of now, approximately 80 of the approximately 95 cases that are part of the Extraterritoriality Proceedings have confidentiality issues that remain to be resolved, concerning approximately 7,700 documents from 20 producing parties and/or their affiliates. While the meet and confers are ongoing, the Trustee and counsel for the producing parties have reached a stalemate in many instances. A list of producing parties whose documents remain at issue is attached as Exhibit A.

Even with the extension, the meet and confer process will not resolve all outstanding confidentiality questions in advance of the new April 2, 2015 deadline. As it stands, because of the limitations in Paragraphs 10(a) – (f), for each of the 80 cases that are at issue as of today, the

---

[5] *Id.*

Honorable Stuart M. Bernstein
March 4, 2015
Page 4

Trustee may be required to serve on defendants a version of his Extraterritoriality Submission with certain allegations redacted.

Further, the Trustee may be required to prepare three versions of his Extraterritoriality Submission as follows:

a. A version of the Extraterritoriality Submission that is served, but not filed, on defendants within a specific adversary proceeding in which the Trustee must redact information from documents designated confidential and produced by parties who are not defendants in that adversary proceeding;

b. A publicly filed version of the Extraterritoriality Submission in which the Trustee must redact all allegations based on documents designated confidential and produced by *all* parties (defendant and non-defendant);

c. A completely unredacted version, which only the Court will see.

This poses logistical difficulties with respect to filing and service of the Extraterritoriality Submission, which is comprised of multiple pieces for each of the 80 cases. Further, the Trustee may be required to serve hundreds of defendants by a method other than through the Electronic Case Filing system, which the parties had agreed to use for service of their respective extraterritoriality submissions to make it less time consuming and more efficient.

For these reasons, the Trustee respectfully requests an informal conference with the Court, at the Court's earliest opportunity, pursuant to the LPO to discuss the Trustee's upcoming Extraterritoriality Submission and a proposed motion for a Court order (1) expanding the audience pursuant to Paragraph 10(g) of the LPO of who may see confidential information to include defendants participating in the Extraterritoriality Proceedings, all of whom are already bound by the LPO; (2) permitting the Trustee to file his complete Extraterritoriality Submission unredacted and under seal, pending the resolution of the unresolved confidentiality questions, and (3) appointing an arbitrator to adjudicate these unresolved confidentiality questions, as well as similar questions in the future.

Honorable Stuart M. Bernstein
March 4, 2015
Page 5

Service of this letter is being made in all cases with defendants participating in the Extraterritoriality Proceedings, as well as the parties listed on Exhibit A.

Respectfully submitted,

*/s/  Karin S. Jenson*

Karin S. Jenson, Esq.
BAKER & HOSTETLER LLP

Cc:  Robinson Lacy, Esq. – *Liaison Counsel for the Transferee Defendants*

## Exhibit A

**Producing parties who are defendants in the Extraterritoriality Proceedings, or are affiliates of Defendants:**

1. UBS AG, UBS (Luxembourg) SA
2. Zeus Partners Limited
3. Fairfield Greenwich Group
4. Banque Jacob Safra (Gibraltar) Limited
5. Standard Chartered International (USA) Ltd.
6. Arden Asset Management LLC
7. HSBC Bank USA, HSBC Bank PLC
8. Reliance International Research LLC
9. Royal Bank of Canada
10. Merrill Lynch International
11. Natixis North America Inc.
12. Banco Bilbao Vizcaya Argentaria. S.A.

**Producing parties who are current defendants in the Trustee's cases, but not in the Extraterritoriality Proceedings:**

13. Gabriel Capital Corporation
14. Bart M. Schwartz, as Receiver for Ariel Fund Ltd. and Gabriel Capital, L.P.
15. Safra National Bank of New York

**Non-parties to the Trustee's cases:**

16. MAXAM Absolute Return Fund L.P., Sandra Manzke
17. Citco Fund Services (Europe), Citco (Canada) Inc., Citco Fund Services (Bermuda) Limited, Citco Global Custody N.V.[6]
18. Albourne America LLC
19. Capital E Advisors, Inc.
20. Tremont Group Holdings[7]

---

[6] Of the approximately 7,700 documents at issue, approximately 6,800 were produced by these Citco entities. The unresolved Citco documents bear on 70 cases.

[7] Tremont dedesignated *all* requested documents in the Trustee's first request, but the Trustee submitted a second request on March 3, 2015.