**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>KELMAN PARTNERS LIMITED PARTNERSHIP, a Delaware limited partnership, C.D. KELMAN CORPORATION, a Delaware corporation, CHARLES D. KELMAN REVOCABLE TRUST DATED MAY 16, 2001, AS RESTATED AND AMENDED, a Florida trust, STEVEN A. BELSON, as trustee, DARREN S. BERGER, as trustee, MARITAL TRUST UNDER ARTICLE X OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, ANN G. KELMAN, as trustee and as an individual, STEVEN A. BELSON, as trustee, DARREN S. BERGER, as trustee, TRUST FOR LESLEY A. KELMAN KOEPPEL UNDER ARTICLE XII OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, JENNIFER KELMAN, as trustee, LESLEY A. KELMAN KOEPPEL, as trustee and as an individual, TRUST FOR JENNIFER KELMAN UNDER ARTICLE XII OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, LESLEY A. KELMAN KOEPPEL, as trustee, | Adv. Pro. No. 10-05158 (SMB) |

> JENNIFER KELMAN, as trustee and as an individual, TRUST FOR EVAN KELMAN UNDER ARTICLE XIII OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, ANN G. KELMAN, as trustee, STEVEN A. BELSON, as trustee, DARREN S. BERGER, as trustee, EVAN KELMAN, TRUST FOR J.K. [a minor] UNDER ARTICLE XIII OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, ANN G. KELMAN, as trustee, STEVEN A. BELSON, as trustee, DARREN S. BERGER, as trustee, J.K., a minor, TRUST FOR S.K. [a minor] UNDER ARTICLE XIII OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, ANN G. KELMAN, as trustee, STEVEN A. BELSON, as trustee, DARREN S. BERGER, as trustee, S.K., a minor, TRUST FOR CHARLES D. KELMAN'S GRANDCHILDREN AND MORE REMOTE DESCENDANTS UNDER ARTICLE VII OF THE CHARLES D. KELMAN REVOCABLE TRUST, a Florida trust, STEVEN A. BELSON, as trustee, and DARREN S. BERGER, as trustee,
>
>                         Defendants.

## STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendants Charles D. Kelman Revocable Trust, Steven A. Belson, as trustee, Darren S. Berger, as trustee, Marital Trust Under Article X of The Charles D. Kelman Revocable Trust, Ann G. Kelman, as trustee and as an individual, Steven A. Belson, as trustee, Darren S. Berger, as trustee, Trust for Evan Kelman Under Article XIII of The Charles D. Kelman Revocable Trust, Ann G. Kelman, as trustee, Steven A. Belson, as trustee, Darren S. Berger, as trustee, Evan Kelman, Trust for J.K. [a minor] Under Article XIII of The Charles D. Kelman Revocable Trust, Ann G. Kelman, as trustee, Steven A. Belson, as trustee, Darren S. Berger, as trustee, J.K., a minor, Trust for S.K. [a minor] Under Article XIII of The Charles D.

2

Kelman Revocable Trust, Ann G. Kelman, as trustee, Steven A. Belson, as trustee, Darren S. Berger, as trustee, S.K., a minor, Trust for Charles D. Kelman's Grandchildren and More Remote Descendants Under Article VII of The Charles D. Kelman Revocable Trust, Steven A. Belson, as trustee, and Darren S. Berger, as trustee (collectively, the "Stipulating Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, it is alleged in the Trustee's Complaint in this adversary proceeding that BLMIS made certain initial transfers to or for the benefit of Defendants relating to accounts held at BLMIS (the "Initial Transfers");

**WHEREAS**, in Counts One to Twelve of the Trustee's Complaint, the Trustee seeks to avoid and recover the Initial Transfers, or their value, as fraudulent pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and sections 273 through 279 of the New York Debtor and Creditor Law (the "DCL"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS**, in Counts Thirteen and Fourteen of the Trustee's Complaint, the Trustee seeks to recover the subsequent transfers, or their value, as fraudulent pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the Bankruptcy Code and sections 273 through 279 of the DCL, as well as section 78fff-2(c)(3) of SIPA (the "Subsequent Transfers");

**WHEREAS**, in their Answer, the Stipulating Defendants raise certain defenses (the "Affirmative Defenses") to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this Stipulation to avoid

3

unnecessary litigation over discovery disputes in the interest of efficiency.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. Defendant Kelman Partners Limited Partnership (the "Partnership") maintained account number 1K0081 (the "1K0081 Account") under the name of Kelman Partners LP.

2. The first page of Exhibit B to the Trustee's Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects the complete history of the transactions affecting the principal balance calculation of the 1K0081 Account.

3. Over the life of the 1K0081 Account, the Partnership deposited $26,750,000 into and withdrew $68,723,340 from the 1K0081 Account.

4. Between December 11, 2006 and December 11, 2008, the Partnership withdrew $13,311,340 from the 1K0081 Account in excess of the $26,750,000 previously deposited by the Partnership into the 1K0081 Account.

5. Between December 11, 2002 and December 11, 2008, the Partnership withdrew $41,973,340 from the 1K0081 Account in excess of the $26,750,000 previously deposited by the Partnership into the 1K0081 Account.

6. In Exhibit 2, attached hereto, the Stipulating Defendants have identified the Subsequent Transfers of funds initially withdrawn from the 1K0081 Account to the Stipulating Defendants and to the Kelman Family 2003 Irrevocable Trust between December 11, 2006 and December 11, 2008, by providing the names of the recipients, the amounts received, and the dates on which the money was received.

7. Upon execution of this Stipulation, the Trustee agrees to (a) meet and confer in good faith with counsel for the Stipulating Defendants to dismiss the withdrawal of any pending discovery requests resolved by this Stipulation; and (b) forgo service of subpoenas pursuant to

Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions.

8. By executing this Stipulation, the Stipulating Defendants in no way concede or admit liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA, or any other applicable law.

9. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to the Stipulating Defendants, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

10. This Stipulation is without prejudice to the Stipulating Defendants to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above.

11. This Stipulation is binding only with respect to the Trustee and the Stipulating Defendants.

Dated: New York, New York
February 20, 2015

| | |
|---|---|
| /s/ Nicholas J. Cremona | /s/ Richard L. Spinogatti |
| **BAKER & HOSTETLER LLP** | **PROSKAUER ROSE LLP** |
| 45 Rockefeller Plaza | Eleven Times Square |
| New York, NY  10111 | New York, New York 10036 |
| Telephone:  (212) 589-4200 | Richard L. Spinogatti |
| Facsimile:  (212) 589-4201 | rspinogatti@proskauer.com |
| David J. Sheehan | |
| Email:  dsheehan@bakerlaw.com | *Attorneys for Defendants Charles D. Kelman* |
| Nicholas J. Cremona | *Revocable Trust dated May 16, 2001, as restated* |
| Email:  ncremona@bakerlaw.com | *and amended, a Florida Trust, Steven A. Belson* |
| Michael R. Matthias | *as trustee, Darren S. Berger as trustee; Marital* |
| Email:  mmatthias@bakerlaw.com | *Trust under Article X of the Charles D. Kelman* |
| Michael J. Durkheimer | *Revocable Trust, a Florida Trust, Ann G.* |
| Email: mdurkheimer@bakerlaw.com | *Kelman, as trustee and as an individual, Steven* |
| Jaysen Borja | *A. Belson, as trustee, Darren S. Berger, as* |
| Email: jborja@bakerlaw.com | *trustee; Trusts for Evan Kelman, J.K. (a minor)* |
| | *and S.K. (a minor) under Article XIII of the* |
| *Attorneys for Irving H. Picard, Trustee for* | *Charles D. Kelman Revocable Trust, Florida* |
| *the Substantively Consolidated SIPA* | *Trusts; Ann G. Kelman, Steven A. Belson and* |
| *Liquidation of Bernard L. Madoff* | *Darren S. Berger, as trustees; Evan Kelman;* |
| *Investment Securities LLC and the estate of* | *J.K. (a minor); S.K. (a minor); Trust for Charles* |
| *Bernard L. Madoff* | *D. Kelman's Grandchildren and more remote* |
| | *descendants under Article VII of the Charles D.* |
| | *Kelman Revocable Trust, a Florida trust, Steven* |
| | *A. Belson, as trustee, Darren S. Berger, as* |
| | *trustee* |

SO ORDERED this 10<u>th</u> day of <u>March</u>, 2015

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE