**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN PEERSTATE EQUITY FUND, L.P.**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2.  In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the

accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests in Peerstate Equity Fund, L.P. (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected BLMIS account 1ZB295, held by Delaware limited partnership Peerstate Equity Fund, L.P. ("Peerstate"), which account (the "Account") is set out on Exhibit 1. Peerstate filed a claim seeking a distribution from the fund of customer property for its Account. A letter of determination was sent to Peerstate which denied

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

the claim on the grounds that Peerstate was a net winner, that is, it had withdrawn more money from BLMIS that it had deposited in its BLMIS account.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Peerstate partnership materials, letters from Peerstate explaining its exposure to BLMIS, and Objecting Claimants' handwritten letters to the Trustee explaining their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention Peerstate. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to Peerstate and its Account. The Objecting Claimant's claim seeks a portion of the same account money that was also claimed by Peerstate.

10. On the attached Exhibit 1, the last column displays the number of objections filed by Objecting Claimants that AlixPartners was able to correlate to the Account.

11. Exhibit 2 provides a list of the 82 claims filed by Objecting Claimants that invested in Peerstate and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants or pro se, as appropriate, the account-holding entity in which the Objecting Claimants invested, and the Peerstate account number. Each of the claims identified on Exhibit 2 was

3

denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants and the claim numbers.

13. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS account opening documents for the Account, together with a handwritten notation about a change.

14. Attached hereto as Exhibit 5 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Account.

15. Attached hereto as Exhibit 6 is a true and correct copy of the customer claim 6311, filed with the Trustee by Peerstate, with all but select attachments omitted.

16. Attached hereto as Exhibit 7 is a true and correct copy of the Amended And Restated Partnership Agreement of Peerstate, as attached as an exhibit to proof of claim number 2345, filed by Noel M. Flagg.

17. Attached hereto as Exhibit 8 is a true and correct copy of the BLMIS account maintenance files and of any other active correspondence-type BLMIS files on the Account.

18. Attached hereto as Exhibit 9 is a true and correct copy of a letter on Peerstate Equity Fund, L.P. letterhead that was attached to claim 2345 of Noel M. Flagg.

19. Attached hereto as Exhibit 10 is a true and correct copy of claim 6264 filed by Robert N. Getz LLC, with selected attachments omitted.

4

20. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Robert N. Getz, LLC on Peerstate stationery addressed to "Dear Limited Partner" and dated January 27, 2009 that was attached to claim number 8448, filed by Richard Coppolino.

21. Attached hereto as Exhibit 12 is a true and correct copy of a subscription agreement that was attached to claim number 8448, filed by Richard Coppolino.

22. The Account was in the names of Peerstate, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[2] The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2015

New York, New York

*/s/ Vineet Sehgal*

Vineet Sehgal
Managing Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019

---

[2] Some Claimants may have held accounts in their own names, in addition to investing in Peerstate. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in Peerstate.