**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN PEERSTATE EQUITY FUND, L.P.**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests in Peerstate Equity Fund, L.P. (the "Motion"), the Trustee selected a BLMIS account, number 1ZB295, held by a Delaware limited partnership, Peeerstate Equity Fund, L.P. ("Peerstate").

4.      A list of Objecting Claimants invested in Peerstate whose claims are dealt with by this Motion is annexed to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration") as Exhibit 2. The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in Peerstate, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5.      I handled the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. Most of the Objecting Claimants failed to respond.

6.      During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Peerstate account files as contained in the books and records of BLMIS.

7.      As a result of this review, and in connection with preparing discovery, we ascertained that there were many questions about which law firms, if any, represented particular Objecting Claimants. These questions stemmed from the fact that multiple objections to the Trustee's notices of determination of claims were often filed on behalf of a single Objecting Claimant. For example, Helen Davis Chaitman Esq. filed objections to determination on behalf of many Objecting Claimants who had also filed objections to determination *pro se*, or who filed another objection to determination through a completely separate law firm. To clarify these

2

attorney representation issues, on September 19, 2013 we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both those occasions that she did not represent any of the Objecting Claimants in connection with the Peerstate discovery.

### Service of Requests for Admission and Other Discovery

8.  I caused discovery to be served on Objecting Claimants either through counsel, or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

9.  Requests for Admission were served on all of the Objecting Claimants and/or their counsel. Requests for Admission were made in two basic forms. One was designed to be served on counsel to Objecting Claimants, and the other was designed to be served, together with explanatory cover letters, on Objecting Claimants who appeared to be proceeding without counsel. The Requests in each set are identical, except that certain definitions and references were changed based on the specific Objecting Claimant at issue.

### Requests for Admission Sent To Counsel With No Responses

10. Attached hereto as Exhibit 1 are true and correct copies of the Requests for Admission (including certificate of service and cover letter) that were served on specified Objecting Claimants through Becker & Poliakoff LLP. These were not responded to, but certain

of the Objecting Claimants later provided pro se responses to these or counterpart Requests, all as specifically referenced below.

11.  Attached hereto as Exhibits 2 and 3 are true and correct copies of two sets of Requests for Admission (including certificates of service and cover letters) that were served on Objecting Claimants through other counsel, for which the Trustee received no responses. These Requests for Admission relate to various Bailey family Objecting Claimants (Exhibit 2, claim numbers 013085, 015321, 015322, and 015323), and to Mr. Richard Coppolino (Exhibit 3, claim number 008448). The actual numbered Requests for Admission 1-14 in the two sets are identical to each other and to the set served on Becker & Poliakoff LLP, but the Becker & Poliakoff LLP set additionally had a fifteenth Request for Admission not present in these. The defined terms in each are changed for the particular claim and Objecting Claimant.

### Pro Se Responses To Interrogatories and Requests for Admission

12.  Attached hereto as Exhibit 4 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Anthony Dias Blue, and a copy of the cover letter and of the Trustee's certificate of service for the discovery. Except for dates and personalizations as to claim and claimant, and except where other cover letters are attached to this Declaration, this cover letter is similar to the cover letters sent to each of the other pro se responders as discussed *infra*.

13.  Attached hereto as Exhibit 5 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Peter Cohn and of the Trustee's certificate of service for the discovery.

4

14. Attached hereto as Exhibit 6 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Joseph D. Corso, and a copy of the Trustee's certificate of service for the discovery.

15. Attached hereto as Exhibit 7 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Glenn Ross, M.D., P.C. Profit Sharing Plan, a copy of the cover letter, of the Requests for Admission as sent, and of the Trustee's certificate of service for the discovery.

16. Attached hereto as Exhibit 8 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Ronald J. Hurwitz, and a copy of the Trustee's certificate of service for the discovery.

17. Attached hereto as Exhibit 9 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Shizue Imai, and a copy of the Trustee's certificate of service for the discovery.

18. Attached hereto as Exhibit 10 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Steven B. Kaplan, and a copy of the Trustee's certificate of service for the discovery.

19. Attached hereto as Exhibit 11 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Fenney Kuo-Zelnik, a copy of the cover letter, and a copy of the Trustee's certificate of service for the discovery.

20. Attached hereto as Exhibit 12 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Brian D. Lee, and a copy of the Trustee's certificate of service for the discovery.

21. Attached hereto as Exhibit 13 is a true and correct copy of the responses Michael Allen made to the Requests for Admission and the Interrogatories served on MCA Family Ltd. Partnership, Michael C. Allen IRA Plan, Michael C. Allen, and Michael C. Allen PLLC 401-K Profit Sharing Plan, a copy of the Addendum to Exhibit 1 (the request for production) that suggests that the responses are for all four, a copy of the Requests for Admission with cover letter served upon Michael C. Allen IRA Plan, and copies of the Trustee's certificates of service for all four.

22. Attached hereto as Exhibit 14 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Michael J. Morgal, representative for the Estate of Dixie H. Morgal (as to claims 5910, 5911 and 5912), and a copy of the December 13, 2013 cover letters with Requests for Admission, and the Trustee's certificates of service for the December 13, 2013 discovery transmissions.

23. Attached hereto as Exhibit 15 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Michael Morgal and Melissa Morgal JT WROS, and a copy of the cover letter and Trustee's certificates of service for the discovery.

24. Attached hereto as Exhibit 16 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Raymond Nieves, and a copy of the Trustee's certificate of service for the discovery.

25. Attached hereto as Exhibit 17 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on James and Barbara Prochilo, a copy of the November 15, 2013 letter with Requests for Admission and Trustee's certificate of

6

service, and of the December 5, 2013 and February 12, 2014 letters with Requests for Admission and Trustee's certificate of service.

26. Attached hereto as Exhibit 18 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Louis and Dorothy Prochilo, and a copy of the Trustee's certificate of service for the discovery.

27. Attached hereto as Exhibit 19 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Andrew Ross, and a copy of the cover letter, of the Requests for Admission as sent, and of the Trustee's certificate of service for the discovery.

28. Attached hereto as Exhibit 20 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Evan and Jacqueline Schecter, and a copy of the Trustee's certificate of service for the discovery.

29. Attached hereto as Exhibit 21 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Bernice W. Simon, and a copy of the Trustee's certificate of service for the discovery.

30. Attached hereto as Exhibit 22 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Frieda Stangler, and a copy of the Trustee's certificate of service for the discovery.

31. Attached hereto as Exhibit 23 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories served on Ronnie Sonnenberg, and a copy of the Trustee's certificate of service for the discovery.

**Documents Produced In Discovery**

32.     Attached hereto as Exhibit 24 is a true and correct copy of the Amended and Restated Limited Partnership Agreement of Peerstate Equity Fund, L.P. dated as of May 20, 2004 as produced to the Trustee in response to Requests for Production served upon Louis and Dorothy Prochilo.

33.     Attached hereto as Exhibit 25 is an earlier Peerstate Limited Partnership Agreement, as produced to the Trustee in response to Requests for Production served upon Anthony Dias Blue.

34.     Attached hereto as Exhibit 26 is an example of a Subscription Agreement, and a page of an apparently related document, as produced to the Trustee in response to requests for production served upon Fenney Kuo-Zelnik.

***Pro Se* Objecting Claimants That Failed To Respond To Requests For Admission**

35.     Attached hereto as Exhibit 27 is a chart of other Objecting Claimants who did not respond to the Requests for Admission served upon them. The Objecting Claimants who received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to the Trustee's notice of determination of claim (an attorney had also filed a separate objection as to the determination of their claim and had not, at the time of this discovery, responded to a request by the Trustee to clarify the status of their representation), or (2) Objecting Claimants whose objections to determination had been filed by counsel that had advised the Trustee that they no longer purported to represent the Objecting Claimant as to this discovery.

36.     The cover letters sent to the various Objecting Claimants in the Exhibit 27 chart each defined "accountholder" as Peerstate Equity Fund, L.P. (sometimes with wording in that

definition that identified Peerstate's BLMIS account number as 1ZB295—e.g., cover letter to Fenney Kuo-Zelnik, Ex. 11—and at other times, including instead a separate definition of "account" that defined "account" as BLMIS account number 1ZB295—e.g., cover letter to Anthony Dias Blue, Ex. 4.)  Where appropriate, some also included a definition of "you" and "your" applicable to the particular Objecting Claimant.  Examples of this can be found at Exhibit 14, Michal J. Morgal, representative for the Estate of Dixie H. Morgal.  These "you" and "your" definitions and other relevant variations (date, addressee, claim number, due date for responses, references to the dates and docket numbers of objections) are specified in the chart attached as Exhibit 27.  The cover letters differed as to their discussions of attorney issues (compare, for example, Exhibit 4, Anthony Dias Blue and Exhibit 11, Fenney Kuo-Zelnik) and in ways not directly relevant to the requests for admission themselves.  Given there are voluminous Requests for Admission and that there is no variation other than as mentioned in this declaration, the Trustee is offering to provide these documents on request rather than attaching them to this declaration.

37.    Each of the Objecting Claimants referenced in Exhibit 27 was sent fourteen (14) numbered Requests for Admission in their discovery package.  These were identically worded except for variations in the wording of Request for Admission number 14 ("RA 14"), which requested an admission that there was an agreement that restricted management rights of limited partners.  The Exhibit 27 chart lists these variations as types 1 through 4. Examples of the four variations are attached as Ex. 4 (RA 14 from Anthony Dias Blue, **Type 1** on chart); Ex. 14 (RA 14 from Michael J. Morgal, representative of the Estate of Dixie H Morgal, **Type 2** on chart), Ex. 11 (RA 14 from Fenny Kuo-Zelnik, **Type 3** on chart), and Ex.13 (RA 14 as served on the Michael C. Allen IRA Plan, **Type 4** on chart).  In addition, on claim 5457, the Request for

9

Admission normally numbered as 14 was numbered as 13 (there were two number 13s on that set of Requests for Admission, the other being the standard RA 13.)

38. Attached as Exhibit 28 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in Exhibit 27.

### Miscellaneous Exhibits

39. Attached as Exhibit 29 is a copy of a Certificate of Good Standing from the Secretary of State of Delaware showing that Peerstate was formed under the laws of the State of Delaware on August 27, 1996.

40. Attached as Exhibit 30 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships. (ECF No. 8734.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2015

New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman Esq.