**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04509 (SMB) |
| Plaintiff, | |
| v. | |
| SUSAN HELFMAN, | |
| Defendant. | |

<u>**STIPULATION AND ORDER AGREEING TO APPLY DECISION IN**</u>
<u>**THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING**</u>

**WHEREAS**, on November 30, 2010, the plaintiff, Irving H. Picard as trustee (the

"Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),

and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"),

commenced the above-captioned adversary proceeding in the Bankruptcy Court against

defendant Susan Helfman   (the "Defendant," together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS**, on February 14, 2014 a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS**, on June 24, 2014, Defendant moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on June 24, 2014, the issues raised in Defendant's motion to dismiss, together with the issues raised in the Trustee's complaint were referred to mediation pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order;

**WHEREAS**, on August 20, 2014, the Parties mutually selected Deborah A. Reperowitz to act as Mediator in this matter;

**WHEREAS**, on October 8, 2014 the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on September 17, 2014 a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

**WHEREAS**, on January 30, 2015, Defendant renewed her motion to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, the Defendant is neither a party to, nor has joined in the Omnibus Proceedings;

**WHEREAS**, the Defendant's motion to dismiss incorporates all the arguments set forth by similarly situated defendants in the Omnibus Proceedings;

**WHEREAS**, the date hereof, the Court has not yet ruled on the Omnibus Proceedings; and

**WHEREAS**, the unresolved issues between the Parties are closely analogous to those presently before, and being considered by, the Bankruptcy Court in the Omnibus Proceedings.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned herein, that:

1.      Any decision rendered in the Omnibus Proceedings, to the extent it affects the unresolved issues in the Adversary Proceeding, will apply equally to the Adversary Proceeding and such decision will dispose of the motion to dismiss filed herein.

2.      To the extent that the decision in the Omnibus Proceedings is dispositive on all of the unresolved issues in the Adversary Proceeding, but does not dismiss all claims in the Adversary Proceeding, Defendant shall file an answer to the Trustee's complaint within thirty (30) days of the entry of the Bankruptcy Court's order giving effect to the decision in the Omnibus Proceedings.

3.      This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument.  A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

3

Dated as of:  March 11, 2015

**BAKER & HOSTETLER LLP**


By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com


Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile:  713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com


*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**


By: */s/ Brendan M. Scott*
570 Seventh Avenue, 17th Floor
New York, New York 10018-6314
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
E-Mail: tklestadt@klestadt.com
Brendan M. Scott
E-Mail: bscott@klestadt.com

*Attorneys for Defendant Susan Helfman*

---

SO ORDERED


/s/ STUART M. BERNSTEIN

Dated: March 11th, 2015    Hon. Stuart M. Bernstein
United States Bankruptcy Judge