# EXHIBIT D

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Jorian Rose
Seanna R. Brown
Nkosi Shields

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　Debtor. | |

## TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO AARON BLECKER'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Civil Rules, Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff

("Madoff"), by and through his counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections (the "Responses") to the Requests for the Production of Documents ("Request" or "Requests") by Aaron Blecker (the "Claimant"), served by Becker & Poliakoff LLP on January 7, 2015.

## GENERAL OBJECTIONS

The Trustee sets forth the following General Objections which are hereby fully incorporated into each and every numbered Response:

1. The Trustee submits these Responses subject to all applicable laws and the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this District and this Court (the "Local Rules"). The Trustee will respond to these Requests consistent with these rules, including the time limits for the Responses.

2. The Trustee objects to these Requests to the extent that they seek to enlarge and/or expand the scope of discovery as set forth by the Federal Rules, Bankruptcy Rules, and the Local Rules.

3. The Trustee objects to any Request to the extent that it seeks documents protected under the attorney-client privilege and/or work product doctrine. Nothing in these Responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work product doctrine, and/or any other privilege, doctrine, or immunity. In the event that a document or information subject to the foregoing privileges and protections is produced, the production of such document or information is purely inadvertent and unintended and shall not be deemed a waiver of any applicable privilege or protection with respect to such information or any other information or subject matter. The Trustee reserves the right to seek the return of any inadvertently-produced documents.

4. The Trustee objects to any Request that seeks the production of documents that include any information that is of a private and sensitive nature, the disclosure of which would violate the rights of privacy, secrecy and/or confidentiality that belong to others, and/or that would otherwise violate any existing confidentiality agreements.

5. The Trustee objects to the Requests to the extent that production of any documents sought would violate the Litigation Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No. 08-01789 (BRL), ECF No. 4137 (the "Litigation Protective Order"), or any amendments to or subsequent orders that may be entered in this case, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law. Productions made will be subject to the Litigation Protective Order, including the confidentiality restrictions contained therein.

6. The Trustee objects to any Request to the extent that it seeks the production of documents regarding BLMIS accounts of accountholders who are not represented by Becker & Poliakoff LLP.

7. The Trustee objects to any Request to the extent that it seeks the production of documents that were not collected from BLMIS, with the limited exception of certain BLMIS bank records showing deposits and withdrawals for the Claimant's Accounts.

8. The Trustee objects to any Request to the extent it seeks documents that are not reasonably accessible to the Trustee.

9. The Trustee objects to the Requests, as set forth in more detail below, to the extent they are overbroad, unduly burdensome on the grounds that the burden or expense of producing the information called for outweighs the likely benefit, considering the needs of the Claimant and the importance of the Requests in resolving the issues. The Trustee has assumed

possession of and/or has access in conjunction with the Federal Bureau of Investigation to approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data he assumed possession of on December 15, 2008. With respect to these materials, some paper and some ESI have been loaded for potential production in the Trustee's cases in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents.

10. The Trustee objects to any Request to the extent it seeks information that could be obtained by a more appropriate mode of discovery, is redundant or duplicative of information already obtained, is premature, is unnecessarily cumulative, and/or is more easily obtained from some other source that is more convenient, less burdensome, or less expensive, such as Claimants themselves. The Trustee further objects to any Request that seeks information already in Claimant's possession, is otherwise publicly available, or is primarily or exclusively within Claimant's possession, custody, or control.

11. The Trustee objects to any Request that improperly seeks documents or information concerning an expert conclusion rather than a factual allegation. Moreover, any such Request is premature in light of the Trustee's motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF No.9357, February 25, 2015.

12. The foregoing General Objections are incorporated by reference into each and/or all of the following Responses. By setting forth specific objections below, the Trustee does not, and does not intend to, limit or restrict these General Objections; however, the Trustee may

4

reiterate specific objections to any of the document requests below without waiver of any objection not specifically stated.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The Trustee objects to the "Definitions" and "Instructions" to the extent they deviate from, conflict with, or impose a greater obligation than the Federal Rules, the Bankruptcy Rules, and the Local Rules.

2. The Trustee objects to the definition No. 3 regarding "BLMIS" on the ground that it is overbroad, vague and ambiguous. "BLMIS" should include Bernard L. Madoff, individually, Bernard L. Madoff Investment Securities, a sole proprietorship, and Bernard L. Madoff Investment Securities LLC. "BLMIS" operated three business units: (i) a market making business; (ii) a proprietary trading business; and (iii) an investment advisory business (the "IA Business"). The Trustee's responses to these Requests are limited to the IA Business because the Claimant maintained the Accounts with the IA Business.

3. The Trustee objects to the definition No. 4 regarding "Claimant" to the extent that it incorporates affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on their behalf. The identities of such people and entities are not necessarily available to the Trustee. In these Responses, the Trustee construes "Claimant" to mean Aaron Blecker.

4. The Trustee objects to the definition No.5, "Trustee" or "You" to the extent that it incorporates the Trustee's agents, accountants, attorneys, employees, servants, assigns, or any individual or entity acting or purporting to act on the Trustee's behalf.

5. The Trustee objects to instruction No. 6 as unduly burdensome to the extent it attempts or purports to impose obligations to search through all documents produced by the Trustee and indicate responsive paragraphs as well as subparagraphs.

6.    The Trustee objects to instruction No. 7, because the Trustee is not claiming privilege or confidentiality over BLMIS documents, which are being reviewed and produced in response to these Requests.

### SPECIFIC OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

Subject to and without waiving the General Objections above, each and every one of which is incorporated into each and every response below, and subject to the Trustee's right to amend and supplement these responses as discovery continues, the Trustee objects and responds to the individual Requests as follows:

### Request No. 1:

All documents evidencing requests by Blecker to withdraw funds from the Accounts and all documents evidencing such withdrawals, including cancelled checks (front and back).

### Response to Request No. 1:

The Trustee repeats and incorporates his General Objections into his response to Request No. 1.

The Trustee further objects on the grounds that this Request is burdensome in that it calls for "all documents evidencing requests" without regard as to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to this Request in that it seeks documents in possession of the Claimant.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee produced responsive documents on July 8, 2014 which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts which contain customer agreements, BLMIS account statements, and correspondence. In

6

addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Request No. 2:**

All cancelled checks and other documents evidencing purported withdrawals by other BLMIS customers of dividends from their accounts.

**Response to Request No. 2:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 2.

The Trustee further objects to this Request because it seeks the production of documents relating to customers other than the Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects to this Request on the grounds that it is overbroad, and seeks documents available through other modes of discovery and the burden of responding outweighs the benefit of the Request.

The Trustee further objects on the grounds that this Request is burdensome in that it calls for "all cancelled checks and other documents" without regard to whether the documents are cumulative, accessible, or voluminous.

**Request No. 3:**

All tax information provided to Blecker for each year he maintained the Accounts at BLMIS.

**Response to Request No. 3:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 3.

7

The Trustee further objects to this request on the grounds that it is overbroad, and seeks documents available through other modes of discovery or within the possession the Claimant.

The Trustee further objects on the grounds that this Request is burdensome in that it calls for "all tax information provided to Blecker" without regard to whether the documents are cumulative, accessible, or voluminous.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee produced responsive documents on July 8, 2014 which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports. The Trustee is producing the Form 1099's that exist in BLMIS's records that relate to the four (4) BLMIS accounts held by the Claimant.

**Request No. 4:**

All Documents, excluding monthly BLMIS account statements, evidencing purported withdrawals set forth on Table 1 to the October 19, 2009 Notice of Trustee's determination of claim for BLMIS Account No. 1B0022, which is attached hereto as <u>Exhibit A.</u>

**Response to Request No. 4:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 4.

The Trustee objects to Request No. 4 on the grounds that it is overbroad and seeks documents available through other modes of discovery or within the possession of the Claimant.

The Trustee further objects on the grounds that this Request is burdensome in that it calls for "all documents excluding monthly BLMIS account statements" without regard to whether the documents are cumulative, accessible, or voluminous.

8

The Trustee further objects to this Request to the extent that it calls for the Trustee's work product and privileged documents.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee produced responsive documents on July 8, 2014 which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Request No. 5:**

All Documents, excluding monthly BLMIS account statements, evidencing purported withdrawals set forth on the itemization of deposits and withdrawal for Account No. 1B0023 in the Trustee's November 11, 2010 correspondence, which is attached hereto as Exhibit B.

**Response to Request No. 5:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 5.

The Trustee further objects to Request No. 5 on the grounds that it is overbroad and seeks documents available through other modes of discovery or within the possession of the Claimant.

The Trustee further objects to this Request on the grounds that it is burdensome in that it calls for "all documents excluding monthly BLMIS account statements" without regard to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to the extent that it calls for the Trustee's work product and privileged documents.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee produced responsive documents on July 8, 2014 which related to four (4) BLMIS

9

accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Request No. 6:**

All Documents on which the Trustee based his statement on page 6 of his Reply Memorandum of Law in Support of Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts (Adv. Pro.08-01789, Doc. No. 6926) (the "Reply Brief") that "he has confirmed that when 'PW' appears on the customer statement and lists a company name following 'CHECK' in the detail field, the checks were in fact made out to and cashed by customers."

**Response to Request No. 6:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 6.

The Trustee further objects to this Request on the grounds that it is overbroad and seeks the Trustee's work product and privileged documents.

The Trustee further objects to this Request because it seeks the production of documents relating to customers other than the Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects to this Request on the grounds that this Request is burdensome in that it calls for "all documents on which the Trustee based his statement on page 6 of his Reply Memorandum," without regard to whether the documents are cumulative, accessible, or voluminous.

10

If the Court grants the relief sought in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF No. 9357, February 25, 2015, the Trustee will engage in additional fact discovery and expert discovery and will produce expert report(s) containing the analyses responsive to Request 6 within the limits set forth therein.

**Request No. 7:**

All Documents, other than BLMIS account statements, and Communications supporting the Trustee's contention reflected on page 6 of the Reply Brief that Madoff represented that he was paying dividends to customers, which were reflected as "profit withdrawals" on BLMIS account statements.

**Response to Request No. 7:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 7.

The Trustee further objects to this Request on the grounds that it is overbroad and seeks the Trustee's work product and privileged documents.

The Trustee further objects to this Request because it seeks the production of documents relating to customers other than the Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects on the grounds that this Request is burdensome in that it calls for "all documents other than BLMIS account statements" without regard to whether the documents are cumulative, accessible, or voluminous.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee produced responsive documents on July 8, 2014 which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts

which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

If the Court grants the relief sought in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF No. 9357, February 25, 2015, the Trustee will engage in additional fact discovery and expert testimony and will produce expert report(s) containing the analyses responsive to Request 7 within the time limits set forth therein.

**Request No. 8:**

All Documents and Communications supporting the Trustee's position that transactions listed on BLMIS account statements as various company names after the word "CHECK," for example "CHECK VIACOM" represent dividend payments to customers.

**Response to Request No. 8:**

The Trustee repeats and incorporates his General Objections into his response to Request No. 8.

The Trustee further objects to this Request because it seeks the production of documents relating to customers other than the Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects to this Request on the grounds that it is overbroad and seeks the Trustee's work product and privileged documents.

The Trustee further objects on the grounds that this Request is burdensome in that it calls for "all documents" without regard to whether the documents are cumulative, accessible, or voluminous.

If the Court grants the relief sought in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF No. 9357, February 25, 2015, the Trustee will engage in additional fact discovery and expert discovery and will produce expert report(s) containing the analyses responsive to this Request within the time limits set forth therein.

**Request No. 9:**

All Documents used, identified, or reviewed by You in Your responses to Claimant's First Set of Interrogatories to the Trustee.

**Response to Request No. 9:**

The Trustee objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome. It would be extremely burdensome for the Trustee to identify "all" documents responsive to this Request irrespective of substantive relevance or usefulness to the Claimant. The Trustee has assumed possession of and/or has access in conjunction with the Federal Bureau of Investigation to approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data he assumed possession of on December 15, 2008. With respect to these materials, some paper and some ESI have been loaded for potential production in the Trustee's cases in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents, and producing "all" documents responsive to this Request would result in an inundation of irrelevant and duplicative material that would not merit the undue burden to locate and identify.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing was served this 25th day of February, 2015 by electronic mail and First class mail upon the following:

Helen Davis Chaitman
Becker & Poliakoff
45 Broadway
New York, NY 10006
Email: hchaitman@bplegal.com

*An Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

The Trustee further objects to this request to the extent it seeks the Trustee's work product and privileged documents.

Dated: New York, New York
February 25, 2015

/s/ *[signature]*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Nkosi Shields
Email: nshields@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*