# EXHIBIT E

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Jorian Rose
Seanna R. Brown
Nkosi Shields

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br>                 Plaintiff-Applicant, <br><br>        v. <br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>                 Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br> BERNARD L. MADOFF, <br><br>                 Debtor. | |

### TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO AARON BLECKER'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to the First Set of Interrogatories ("Interrogatory" or "Interrogatories") served by Aaron Blecker (the "Claimant"), on January 7, 2015.

## GENERAL OBJECTIONS

The Trustee sets forth the following General Objections, which are hereby fully incorporated into each and every numbered response:

1.      The Trustee objects to these Interrogatories to the extent that they seek to enlarge and/or expand the scope of discovery as set forth by the Federal Rules, the Bankruptcy Rules and the Local Rules.  The Trustee will respond to these Interrogatories consistent with these rules.

2.      The Trustee objects to the Interrogatories to the extent any of the information sought would violate the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No. 08-01789 (SMB) (the "Protective Order"), or any amendments to or subsequent orders that may be entered in this case, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

3.      The Trustee objects to the Interrogatories to the extent they seek information concerning communications between the Trustee and the Securities Investor Protection Corporation ("SIPC"), and/or any regulator or governmental agency, including, without limitation, the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), the Federal Bureau of Investigation ("FBI"), the United States Attorney's Office ("USAO") for the Southern District of New York, or any grand jury, on the grounds that

2

such communications are deemed confidential and are protected by the attorney-client privilege, and/or common interest and/or the work product doctrine.

4.    Nothing in these responses is intended to be or may be construed as a waiver of the attorney-client privilege, work product doctrine, and/or any other privilege, doctrine, or immunity. In the event that a document or information subject to the foregoing privileges and protections is produced, the production of such document or information is purely inadvertent and unintended and shall not be deemed a waiver of any applicable privilege or protection with respect to such information or any other information or subject matter. The Trustee reserves the right to seek the return of any inadvertently produced documents.

5.    The Trustee objects to any Interrogatories that seek the production of private or sensitive information, the disclosure of which would violate the rights of privacy, secrecy and/or confidentiality that belong to others, and/or that would otherwise violate any existing confidentiality agreements. To the extent any Interrogatories calls for document(s) or information produced by a third party under confidentiality restrictions and/or in the context of the Trustee's investigations under Bankruptcy Rule 2004, the Trustee will not produce any such document(s) or information unless the confidentiality restrictions have been lifted by the producing party or the Court, and the Trustee has relied on or will rely upon the document(s) or information in connection with this proceeding.

6.    The Trustee objects to these Interrogatories, as set forth in more detail below, to the extent they are overbroad, unduly burdensome, and seek documents or information available through other modes of discovery or within the possession of Claimant, and the burden of responding outweighs the benefit considering the needs of the Claimant, prior discovery, and the importance of the issues in the litigation.

300351254.2

7.    The Trustee has assumed possession of and/or has access in conjunction with the Federal Bureau of Investigation to approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards.  The Trustee has preserved all of the data he assumed possession of on December 15, 2008.  With respect to these materials, some paper and some ESI have been loaded for production in the Trustee's cases in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents.

8.    The Trustee objects to these Interrogatories to the extent they seek information that could be obtained by a more appropriate mode of discovery, is redundant or duplicative of information already obtained, is premature, is unnecessarily cumulative, and/or is more easily obtained from some other source that is more convenient, less burdensome, or less expensive, such as Claimant or third parties.  The Trustee further objects to any Interrogatory that seeks information already in Claimant's  possession, is otherwise publicly available, or is primarily or exclusively within Claimant's possession, custody, or control.

9.    The Trustee objects to any Interrogatory that improperly seeks documents or information concerning a legal conclusion rather than a factual allegation.

10.    The Trustee objects to any Interrogatory that improperly seeks documents or information concerning an expert conclusion rather than a factual allegation on the basis that any such Interrogatory is premature particularly in light of the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF No. 9357, February 25, 2015.

4

11.    The Trustee objects to any Interrogatory that requires him to provide responses or documents regarding the relationship and/or knowledge of documents, matters, persons and/or entities over whom the Trustee has no control, with whom the Trustee does not have a relationship, or about which the Trustee has no personal knowledge.

12.    The Trustee objects to any Interrogatory seeking documents or information that is irrelevant, immaterial, and/or unnecessary in the prosecution or defense of the action, and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

13.    The Trustee responds to the Interrogatories subject to, and without waiving, the right to change, modify, supplement, or clarify the objections and responses contained herein at any time before trial.  These responses are made without prejudice to the Trustee's right to produce at trial, or otherwise, subsequently discovered evidence.

14.    The Trustee objects to any Interrogatory to the extent that it seeks documents regarding BLMIS accounts of accountholders not represented by Becker and Poliakoff LLP.

15.    The foregoing General Objections are incorporated by reference into each and all of the following responses.  By setting forth specific objections below, the Trustee does not, and does not intend to, limit or restrict these General Objections; however, the Trustee may reiterate specific objections to any of the Interrogatories below without waiver of any objection not specifically stated.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The Trustee objects to the "Definitions" and "Instructions" to the extent they deviate from, conflict with, or impose a greater obligation than the Federal Rules, the Bankruptcy Rule and the Local Rules.

300351254.2

2.      The Trustee objects to definition No. 3 concerning "BLMIS" on the ground that it is overbroad, vague and ambiguous. "BLMIS" should include Bernard L. Madoff, individually, Bernard L. Madoff Investment Securities, a sole proprietorship, and Bernard L. Madoff Investment Securities LLC. "BLMIS" operated three business units: (i) a market making business; (ii) a proprietary trading business; and (iii) an investment advisory business (the "IA Business"). The Trustee's responses to these Interrogatories are limited to the IA Business because Claimant maintained the Accounts with the IA Business.

3.      The Trustee objects to definition No. 5, regarding "Claimant" to the extent that it incorporates affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on Claimant's behalf. The identities of such people and entities are not necessarily available to the Trustee. In these Interrogatories, the Trustee construes "Claimant" to mean Aaron Blecker.

4.      The Trustee objects to definition No. 6, regarding the terms "You" and "Your" as overbroad and unduly burdensome to the extent they would apply to anyone other than the Trustee and to the extent they would apply to the Trustee in any capacity other than his role as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC.

## SPECIFIC OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

Subject to and without waiving the General Objections above, each and every one of which is incorporated into each and every response below, and subject to the Trustee's right to amend and supplement these responses as discovery continues, the Trustee objects and responds to the individual Interrogatories as follows:

300351254.2

**Interrogatory No. 1**:

Identify each Person who was involved in answering these interrogatories and identify each document that was referred to in answering these requests by including the interrogatory number to which each document pertains.

**Response to Interrogatory No. 1:**

The Trustee objects to Interrogatory No. 1 on the grounds that it is overbroad and unduly burdensome. It would be extremely burdensome for the Trustee to identify "each person" and "each document" that were referred to in answering the remaining Interrogatories.

The Trustee further objects to this Interrogatory to the extent it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that his counsel assisted in preparing these answers to Interrogatories.

**Interrogatory No. 2:**

Identify all Documents concerning the facts upon which you base your denials of Claims, and identify each Person with Knowledge of the facts upon which You base Your denials.

**Response to Interrogatory No. 2:**

The Trustee objects to Interrogatory No. 2 to the extent that it is overbroad in that it requests identification of "all documents on which You Base Your contention" without regard to whether the documents are cumulative, accessible or voluminous.

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including

7

300351254.2

information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts, which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Interrogatory No. 3:**

Set forth in detail the complete factual basis for Your contention set forth on page 6 of his Reply Memorandum of Law in Support of Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts (Adv. Pro. 08-01789, Doc. No. 6926) (the "Reply Brief") that You "confirmed that when 'PW' appears on the customer statement and lists a company name following 'CHECK' in the detail field, the checks were in fact made out to and cashed by customers." Also, identify all Documents on which You base Your contention and identify each person with knowledge of the relevant facts.

**Response to Interrogatory No. 3:**

The Trustee objects to Interrogatory No. 3 to the extent that the phrase "Set forth in detail the complete factual basis for Your contention" is vague and ambiguous. The Trustee will construe the Interrogatory as seeking the factual basis for the assertion referenced in the Reply Brief.

300351254.2

The Trustee further objects to this Interrogatory to the extent that it is overbroad in that it requests identification of "all documents on which You Base Your contention" without regard to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to this Interrogatory to the extent that it seeks information in the possession of Claimant.

The Trustee further objects to this Interrogatory as it seeks documents relating to customers other than Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects that this Interrogatory prematurely seeks disclosure of expert analysis and testimony.

If the Court grants the relief sought in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue *SIPC v. BLMIS*, 08-1789 (SMB), ECF No. 9357, February 25, 2015, the Trustee will engage in fact and expert discovery relating to Interrogatory 3 within the limits set forth therein.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts, which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Interrogatory No. 4:**

Set forth in detail the complete factual basis for Your position set forth on page 6 of the Reply Brief that Madoff was paying dividends to customers, which were reflected as "profit

withdrawals" on BLMIS account statements.  Also, identify all Documents concerning the facts on which You Base Your contention and identify each person with knowledge of the relevant facts.

### Response to Interrogatory No. 4:

The Trustee objects to Interrogatory No. 4 to the extent that the phrase "Set forth in detail the complete factual basis for Your position" is vague and ambiguous.  The Trustee will construe the Interrogatory as seeking the factual basis for the assertion referenced in the Reply Brief.

The Trustee further objects to this Interrogatory to the extent that it calls for "all documents concerning the facts on which You base Your contention," without regard to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to this Interrogatory to the extent it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Interrogatory to the extent that the phrase "identify each person with knowledge of the relevant facts" prematurely seeks the disclosure of expert analysis and testimony.

The Trustee further objects to this Interrogatory as it seeks documents relating to customers other than Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects to this Interrogatory as the Trustee has assumed possession of and/or has access in conjunction with the Federal Bureau of Investigation to approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop

computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data he assumed possession of on December 15, 2008. With respect to these materials, some paper and some ESI have been loaded for production in the Trustee's cases in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents.

The Trustee further objects that this Interrogatory prematurely seeks disclosure of expert analysis and testimony.

If the Court grants the relief sought in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF, No. 9357, February 25, 2015, the Trustee will engage in additional fact discovery and expert discovery relating to Interrogatory 4 within the limits set forth therein.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts, which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Interrogatory No. 5:**

Set forth in detail the complete factual basis for Your contention that a transaction on a BLMIS account statement that lists various company names after the word "CHECK," for example "CHECK VIACOM," represents a dividend payment to a BLMIS customer. Also,

identify all Documents concerning the facts on which You base Your contention; and identify every other BLMIS customer that you contend received dividend checks from BLMIS.

**Response to Interrogatory No. 5:**

The Trustee objects to Interrogatory No. 5 to the extent that the phrase "Set forth in detail the complete factual basis for Your contention," is vague and ambiguous. The Trustee will construe this Interrogatory as seeking the factual basis for the Trustee's assertions as identified.

The Trustee further objects to this Interrogatory as it seeks documents relating to customers other than Claimant who are not represented by Becker and Poliakoff LLP.

The Trustee further objects to this Interrogatory to the extent it seeks information that is in the possession of the Claimant.

The Trustee further objects to this Interrogatory as Trustee has assumed possession of and/or has access in conjunction with the Federal Bureau of Investigation to approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data he assumed possession of on December 15, 2008. With respect to these materials, some paper and some ESI have been loaded for production in the Trustee's cases in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents.

The Trustee further objects to this Interrogatory as it prematurely seeks disclosure of expert analysis and testimony.

If the Court grants the relief sought in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-

300351254.2

1789 (SMB), ECF No. 9357, February 25, 2015, the Trustee will engage in additional fact discovery and expert discovery relating to Interrogatory No. 5 within the limits set forth therein.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts, which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Interrogatory No. 6:**

Identify all Documents concerning the withdrawals set forth on the itemization of deposits and withdrawals in the November 11, 2010 Correspondence, including tax documents, and identify each Person with Knowledge of the relevant facts.

**Response to Interrogatory 6:**

The Trustee objects to Interrogatory No. 6 on the grounds that it is overbroad, and seeks documents available through other modes of discovery or within the possession of the Claimant and the burden of responding outweighs the benefit considering the needs of the Claimant and the importance of the Interrogatory in resolving the issues.

The Trustee further objects to this Interrogatory on the grounds that it is burdensome in that it calls for "tax documents" without regard to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including

13

information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts, which contain customer agreements, BLMIS account statements, and correspondence. In addition, the Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports. The Trustee further responds that, to the extent they exist, he will produce Form 1099's from BLMIS's records that relate to the 4 BLMIS accounts held by Claimant.

**Interrogatory No. 7:**

Identify all Documents concerning the withdrawals set forth on Table 1 to the Determination of Claim, including tax documents, and identify each person with knowledge of the relevant facts.

**Response to Interrogatory No. 7:**

The Trustee objects to Interrogatory No. 7 on the ground that it is overbroad and unduly burdensome. It would be extremely burdensome for the Trustee to identify "all documents concerning withdrawals" without regard to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or the work product doctrines.

300351254.2

Subject to and without waiver of the foregoing Specific and General Objections, the
Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy
Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4)
BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's
Accounts, which contain customer agreements, BLMIS account statements, and correspondence.
In addition, the Trustee also produced Portfolio Management and/or Portfolio Management
Transaction Reports.  The Trustee further responds that, to the extent they exist, he will produce
Form 1099's from BLMIS's records that relate to the 4 BLMIS accounts held by the Claimant.

**Interrogatory No. 8:**

Identify all expert witnesses on whose findings or opinions you have relied in
forming your positions and/or contentions set forth in Interrogatory Nos. 3-5 above, including
each expert's field of expertise and qualifications.  State the substance of the facts and opinion as
to which each expert is expected to testify, along with a summary of the grounds for each such
opinion.

**Response to Interrogatory 8:**

The Trustee objects to Interrogatory No. 8 on the grounds that it prematurely seeks to
have the Trustee disclose expert analysis and testimony.

The Trustee will disclose his expert witness or witnesses at the appropriate time,
including each expert's field of expertise and qualifications.  If the Court grants the relief sought
in the Trustee's Motion for an Order Establishing Schedule for Limited Discovery and Briefing
on Profit Withdrawal Issue, *SIPC v. BLMIS*, 08-1789 (SMB), ECF No. 9357, February 25, 2015,

300351254.2

the Trustee will produce expert report(s) containing the analyses responsive to Interrogatory No. 8 and any related documents within the limits set forth therein.

**Interrogatory No. 9:**

Set forth in detail the complete factual basis of your position that Claimant received the withdrawals set forth in Table 1 to the Determination of Claim and identify any Documents, including, but not limited to, cancelled checks, correspondence, and any other documents which would support such position.

**Response to Interrogatory No. 9:**

The Trustee objects to Interrogatory No. 9 to the extent that the phrase "Set forth in detail the complete factual basis for Your position" is vague and ambiguous. The Trustee will construe this Interrogatory as seeking the factual basis for Trustee's Determination of Claim.

The Trustee further objects to this Interrogatory on the grounds that it is overbroad, and seeks documents available through other modes of discovery or within the possession of the Claimant.

The Trustee further objects to this Interrogatory on the grounds that it is burdensome in that it calls for "any other document" without regard to whether the documents are cumulative, accessible, or voluminous.

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or the work product doctrines.

300351254.2

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4) BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's Accounts, which contain customer agreements, BLMIS account statements, and correspondence. The Trustee also produced Portfolio Management and/or Portfolio Management Transaction Reports.

**Interrogatory No. 10:**

Set forth in detail the complete factual basis of your position that withdrawals the itemization of deposits and withdrawals in the November 11, 2010 Correspondence were made by the account holders and identify any Documents including, but not limited to, cancelled checks, correspondence, and any other documents which would support such position.

**Response to Interrogatory 10:**

The Trustee objects to Interrogatory No. 10 on the grounds that it is overbroad, and seeks documents available through other modes of discovery or within the possession of the Claimant and the burden of responding outweighs the benefit considering the needs of the Claimant and the importance of the Interrogatory in resolving the issues.

The Trustee further objects to this Interrogatory on the grounds that it is burdensome in that it calls for "any other documents which would support such position" without regard to whether the documents are cumulative, accessible, or voluminous.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the Trustee produced responsive documents on July 8, 2014, which related to four (4)

17

BLMIS accounts held by the Claimant and included BLMIS customer files for the Claimant's

Accounts, which contain customer agreements, BLMIS account statements, and correspondence.

In addition, the Trustee also produced Portfolio Management and/or Portfolio Management

Transaction Reports.


Dated: New York, New York           /s/
       February 25, 2015

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Nkosi Shields
Email: nshields@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK  )

    I, Irving H. Picard, as the Court-appointed Trustee of the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, hereby state that the foregoing Responses and Objections to Interrogatories ("Responses") have been assembled and prepared by my counsel. I sign for purposes of being bound by the foregoing Responses, but further state that as the Trustee, I have no personal knowledge of the facts and information herein. The Responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these Responses. Consequently, I reserve the right to make changes to the Responses if at any time it appears that an error or omission has been made therein or if additional or more accurate information becomes available.

Dated: February 25, 2015

Irving H. Picard

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 25th day of February, 2015 by electronic mail and First class mail upon the following:

Helen Davis Chaitman
Becker & Poliakoff
45 Broadway
New York, NY 10006
Email: hchaitman@bplegal.com

_____

*An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*