UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA Liquidation

(Substantively Consolidated)

In re:

BERNARD L. MADOFF,

                    Debtor.

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC, and Bernard L. Madoff,

                    Plaintiff,

        v.

THE ESTATE (SUCCESSION) OF DORIS
IGOIN, LAURENCE APFELBAUM,
individually and in her capacities as executor
and beneficiary of the Estate (Succession) of
Doris Igoin, and EMILIE APFELBAUM,

                    Defendants.

Adv. Pro. No. 10-04336 (SMB)

<u>JURY TRIAL DEMANDED</u>

## <u>ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES</u>

Defendants The Estate (Succession) of Doris Igoin, Laurence Apfelbaum, individually

and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin, and

Emilie Apfelbaum (collectively, "Defendants"), by and through their attorneys, Kelley Drye &

Warren LLP, hereby respond to the Trustee Irving H. Picard's (the "Trustee") First Amended

Complaint (the "Amended Complaint") as follows:

## GENERAL RESPONSE

With respect to the headings, exhibits, and requests for relief following paragraph 104 of the Amended Complaint, no response to such material is required. To the extent any response thereto is required, any such averments are denied. Any allegation of the Amended Complaint not specifically admitted is denied. Unless otherwise defined, all capitalized terms have the same meaning as in the Amended Complaint.

## SPECIFIC RESPONSES

## NATURE OF PROCEEDING

1.      To the extent that the allegations contained in paragraph 1 are directed at Defendants, Defendants deny the allegations contained therein. Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.      With respect to paragraph 2 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Trustee's investigation and deny the remaining allegations.

3.      To the extent the allegations contained in paragraph 3 are directed at Ms. Apfelbaum, Defendants deny the allegations contained therein. Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint.

4.      The allegations contained in paragraph 4 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

5.      Defendants admit that the Amended Complaint purports to be "an adversary proceeding" and was brought "before the same Court before whom the main underlying SIPA proceeding, No. 08-01789 [SMB] . . . is pending."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 5.  The fourth sentence of paragraph 5 purports to assert a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained therein.

6.      The allegations contained in paragraph 6 contain legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 6 of the Amended Complaint.

7.      The allegations contained in paragraph 7 contain legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.

## DEFENDANTS

8.      Defendants admit the allegations contained in paragraph 8 of the Amended Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Amended Complaint.

10.      Defendants admit the allegations contained in paragraph 10 of the Amended Complaint.

11.      The first sentence of paragraph 11 states a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations

contained therein.  Defendants otherwise admit the allegations contained in paragraph 11 of the Amended Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, except admit that Bernard L. Madoff ("Madoff") was arrested on federal criminal charges.  The footnote in paragraph 12 states a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained therein.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 16.  The second sentence of paragraph 16 states a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained therein.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, except admit that Madoff pled guilty to federal criminal charges arising out of running a Ponzi scheme.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## MADOFF'S PONZI SCHEME

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.      To the extent the allegations contained in paragraph 31 are directed at Defendants and Doris Igoin, Defendants deny the allegations contained therein.  Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

## THE ACCOUNTS

37.      With respect to the allegations contained in paragraph 37 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to what was contained in BLMIS records, and deny the remaining allegations.

38.      Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 38 of the Amended Complaint regarding where the Accounts were held, admit that Defendants sent funds to BLMIS in connection with their accounts and deny the remaining allegations.

## **THE OBLIGATIONS**

39.     Paragraph 39 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

40.     Paragraph 40 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## **THE TRANSFERS**

42.     Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Amended Complaint, except admit that principal was deposited in certain accounts over the years.

44.     Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Amended

Complaint.

47.    Paragraph 47 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

48.    Defendants deny the allegations contained in paragraph 48 of the Amended Complaint.

49.    Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50.    Paragraph 50 states legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

51.    Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.    Paragraph 52 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.    Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**<u>CUSTOMER CLAIMS</u>**

55.    Defendants admit the allegations contained in paragraph 55 of the Amended

Complaint.

56.    Defendants admit the allegations contained in paragraph 56 of the Amended

Complaint.

57.    Defendants admit the allegations contained in paragraph 57 of the Amended

Complaint.

58.    Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 58 of the Amended Complaint regarding the

Trustee's intent and states that the remaining allegations contain legal conclusions to which no

response is required.

## COUNT ONE
## FRAUDULENT TRANSFERS AND OBLIGATIONS –
## 11 U.S.C. §§ 548(a)(1)(A), 550(a), AND 551

59.    Defendants repeat and reallege the answers provided above as if fully set forth

herein.

60.    Defendants deny the allegations contained in paragraph 60 of the Amended

Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Amended

Complaint.

62.    Paragraph 62 states legal conclusions to which no response is required.  To the

extent a response is deemed required, Defendants deny the allegations contained therein.

63.    Defendants deny the allegations contained in paragraph 63 of the Amended

Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Amended

Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

## COUNT TWO
## FRAUDULENT TRANSFERS AND OBLIGATIONS –
## 11 U.S.C. §§ 548(a)(1)(B), 550(a), AND 551

66.     Defendants repeat and reallege the answers provided above as if fully set forth herein.

67.     Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Amended Complaint.

70.     With respect to the allegations contained in paragraph 70 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the solvency of BLMIS at the time monies were paid to Defendants and deny the remaining allegations.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Amended

Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Amended

Complaint.

## COUNT THREE
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

76.    Defendants repeat and reallege the answers provided above as if fully set forth

herein.

77.    Paragraph 77 states legal conclusions to which no response is required.  To the

extent a response is deemed required, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein.

78.    Paragraph 78 states legal conclusions to which no response is required.  To the

extent a response is deemed required, Defendants deny the allegations contained therein.

79.    Defendants deny the allegations contained in paragraph 79 of the Amended

Complaint.

80.    Defendants deny the allegations contained in paragraph 80 of the Amended

Complaint.

## COUNT FOUR
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 and 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

81.    Defendants repeat and reallege the answers provided above as if fully set forth

herein.

82.    Defendants deny the allegations contained in paragraph 82 of the Amended

Complaint.

83.    Paragraph 83 purports to assert a legal conclusion to which no response is

required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

84.     Defendants deny the allegations contained in paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

<u>**COUNT FIVE**</u>
<u>**FRAUDULENT TRANSFER –**</u>
<u>**NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279,**</u>
<u>**AND 11 U.S.C. §§ 544(b), 550(a), AND 551**</u>

87.     Defendants repeat and reallege the answers provided above as if fully set forth herein.

88.     Defendants deny the allegations contained in paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Amended Complaint.

91.     Defendants the allegations contained in paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Amended Complaint.

## COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

93.     Defendants repeat and reallege the answers provided above as if fully set forth herein.

94.     Defendants deny the allegations contained in paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Amended Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Amended Complaint.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a), AND 551

99.     Defendants repeat and reallege the answers provided above as if fully set forth herein.

100.     Paragraph 100 purports to assert a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

101.     Defendants deny the allegations contained in paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Amended
Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Amended
Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Amended
Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend their
Answer to assert other and further defenses when and if, in the course of their investigation,
discovery, or preparation for trial, it becomes appropriate.  By designating these matters as
"defenses," Defendants do not relieve the Trustee of proving under the appropriate standard of
proof all elements of any claim alleged.  Defendants do not undertake any burdens that properly
rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof
as to such matters or that such matters are not elements that he must establish in order to make
out a *prima facie* case against Defendants.

In the event that subsequent legal developments further alter the claims available to the
Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise available
under any and all federal and state statutes, laws, rules, regulations, or other creations, including
common law.  Defendants further adopt and incorporate by reference any and all other defenses
asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendants
are similarly situated and may property assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal
or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure,

New York Debtor and Creditor Law, and New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this actions.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint and each of its counts fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Amended Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings, and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the forum in which this action has been commenced cannot exercise personal jurisdiction over Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of *forum non conveniens*.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544

(2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, and (c) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay, or defraud creditors or customers of Madoff Securities.

<h3 style="text-align:center">SEVENTH AFFIRMATIVE DEFENSE</h3>

The Trustee's claims are barred, in whole or in part, because any and all alleged transfers were in payment of a debt incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS, made in the ordinary course of business or financial affairs of BLMIS and Defendants, and made according to ordinary business terms.

<h3 style="text-align:center">EIGHTH AFFIRMATIVE DEFENSE</h3>

The Trustee's claims are barred, in whole or in part, to the extent that BLMIS did not make the alleged transfers to or for the benefit of Defendants.

<h3 style="text-align:center">NINTH AFFIRMATIVE DEFENSE</h3>

The Trustee's claims are barred, in whole or in part, by 11 U.S.C. § 550(b).

<h3 style="text-align:center">TENTH AFFIRMATIVE DEFENSE</h3>

The Trustee's claims are barred, in whole or in part, because Plaintiff cannot maintain a fraudulent transfer action against Defendants, given that Defendants were among the parties that BLMIS sought to hinder, delay, and defraud.

<h3 style="text-align:center">ELEVENTH AFFIRMATIVE DEFENSE</h3>

The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

The Trustee is equitably estopped, in whole or in part, from asserting the claims alleged in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by of the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of *in pari delicto* and/or the Wagoner rule because, among other things, the acts of its predecessors, agents, and representatives (including Madoff and BLMIS) are imputed to the Trustee.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by Section 546(e) of the Bankruptcy Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because BLMIS never had a legal interest in the allegedly transferred funds, because all such funds were held by BLMIS in constructive trust or as bailee, and therefore, the allegedly transferred funds are not property of the estate.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code.

## NINETEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because each transfer to any Defendant was a transfer on account of antecedent debt.

## TWENTIETH AFFIRMATIVE DEFENSE

The Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S.C. § 78fff-2(c)(3) have been met. The Trustee has not established that there is a shortfall in customer property.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the Trustee has failed to plead of the elements of fraudulent transfer under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Trustee has failed to establish the elements of 11 U.S.C. §§ 544, 550, and 551 and any applicable state law that are required in order to impose liability upon Defendants for the alleged fraudulent transfers, with sufficient particularity and support.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Trustee has failed to establish the elements of 11 U.S.C. §§ 544, 550, and 551, and Sections 273, 274, 275, 276, 278, and/or 279 of the New York Debtor and Creditor Law, and any applicable state laws that are required in order to impose liability upon Defendants for the alleged fraudulent transfers, with sufficient particularity and factual support.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by res judicata, collateral estoppel, and/or issue preclusion.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendants, were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against Defendants under Sections 548 and 550 of the Bankruptcy Code.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendants, were taken without fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 273 through 276 of the New York Debtor and Creditor Law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendants under Sections 544 and 550 of the Bankruptcy Code or Sections 272 through 276 of the New York Debtor and Creditor Law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or in part under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The alleged transfers are exempt from avoidance in whole or part under Section 546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

## THIRTIETH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities for, inter alia, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Each of the accounts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits."

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because Defendants neither knew nor should have known of Madoff's and BLMIS's fraud or scheme.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the enforcement of relief against Defendants would be unconscionable and a violation of public policy.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to bring the claims alleged.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Even if the Trustee is entitled to the return of a sum of money equal to some or all of the alleged fraudulent transfers, which Defendants deny, the Trustee is not entitled to interest from the date(s) of the alleged transfer(s).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby assert all defenses available under federal law and under any applicate state law. Additional facts may be revealed in discovery or otherwise that support additional defenses presently available, but unknown, to Defendants. Defendants therefore reserve their right to assert additional defenses in the event discovery or investigation reveals additional defenses or such additional defenses become apparent at trial.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendants or parties-in-interest in similar adversary proceedings seeking to "claw back" and recover for the Estate of Debtor alleged fraudulent conveyances and/or alleged voidable preference to the extent that such defenses are available to Defendants.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, made applicable in this adversary proceeding pursuant to Federal Rule of Bankruptcy 9015, Defendants demand a trial by jury in

the District Court for the Southern District of New York for all issues so triable and do not

consent to trial by jury in the Bankruptcy Court.


WHEREFORE, Defendants respectfully request that the Court deny the relief requested

in the Amended Complaint in its entirety, and that the Court grant Defendants such other and

further relief as the Court deems just and proper, including reasonable attorneys' fees and costs.

Dated:  March 20, 2015                     **KELLEY DRYE & WARREN LLP**

                                           By:    <u>s/ Jonathan K. Cooperman</u>
                                                  Jonathan K. Cooperman
                                                  Jessica L. Klarfeld
                                                  101 Park Avenue
                                                  New York, New York  10178
                                                  (212) 808-7800

                                                  *Attorneys for Defendants The Estate*
                                                  *(Succession) of Doris Igoin, Laurence*
                                                  *Apfelbaum, and Emilie Apfelbaum*