**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF TAYLOR WESSING AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM AUGUST 1, 2014 THROUGH NOVEMBER 30, 2014**

Taylor Wessing, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Amended Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $87,165.35 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $93,624.35 for the period from August 1, 2014 through November 30, 2014 (the "Compensation Period"). In support of the Application, Taylor Wessing respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on November 4, 2010, Taylor Wessing has served as special counsel for the Trustee.

4. On December 7, 2010, this Court entered an order approving the Trustee's motion for authority to retain Taylor Wessing as special counsel to the Trustee in matters pertaining to the United Kingdom.

5. The Trustee's motion to retain Taylor Wessing established a fee arrangement pursuant to which Taylor Wessing agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY TAYLOR WESSING

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

7. During the Compensation Period, Taylor Wessing assisted the Trustee and his counsel with post-judgment matters in connection with proceedings brought by the liquidators of Madoff Securities International Limited, including the negotiation of costs to be paid by the BLMIS estate resulting from the judgment rendered in that case.

### III. COMPENSATION REQUESTED

8. The Application demonstrates how Taylor Wessing has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9. Taylor Wessing has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Taylor Wessing has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, David de Ferrars.

10. From August 1, 2014 through November 30, 2014, Taylor Wessing provided a total of 142.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $80,708.66 and the total blended rate for professional services was $567.57/hour. After the 10% discount, the total amount of fees incurred is $72,637.80 and the total blended rate is $510.81/hour. Some of Taylor Wessing fees are also subject to a 20% value added tax. After applying the 20% value added tax to the discounted fees in the amount of $14,527.55, the total fees incurred are $87,165.35. Taylor Wessing has agreed to a further holdback of 20% of its fees in the amount of $17,433.07 resulting in the present request for compensation in the amount of $69,732.28.

11. A breakdown of the total number of hours performed by each Taylor Wessing timekeeper is provided on **Exhibit A** annexed hereto.

3

12. Taylor Wessing seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $78,020.29. Some of Taylor Wessing out-of-pocket expenses are subject to a 20% value added tax. After applying the 20% value added tax to certain out-of-pocket expenses in the amount of $15,604.06, the total out-of-pocket expenses incurred are $93,624.35. The vast majority of the expenses for which reimbursement is sought in this application consist of expert fees. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV. GENERAL MATTERS

13. All of the professional services for which compensation is requested herein were performed by Taylor Wessing for and on behalf of the Trustee and not on behalf of any other person or entity save for services in connection with the MSIL engagement where a joint litigation agreement[1] exists between the Trustee and the liquidator of MSIL.

14. No agreement or understanding exists between Taylor Wessing and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Taylor Wessing with compensation for the legal services described herein.

15. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role

---

[1] The Trustee filed the Motion of the Trustee for Authorization to Enter into Joint Litigation Agreement (Dkt. 3254) on November 29, 2010, seeking, among other relief, authorization to enter into a joint litigation agreement (the "Litigation Agreement") with the liquidators of MSIL. On December 7, 2010, this Court entered the Order Authorizing Trustee to Enter into Joint Litigation Agreement (Dkt. 3306), authorizing the Trustee to enter into the Litigation Agreement.

4

in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

16. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Taylor Wessing (*see* SIPA § 78fff-3(b)(2)).

17. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

18. Therefore, with respect to this Application, Taylor Wessing requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Taylor Wessing expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Taylor Wessing respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $87,165.35, of which $69,732.28 is to be paid currently and $17,433.07 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services

5

rendered by Taylor Wessing to the Trustee from August 1, 2014 through November 30, 2014; and

c. Allowing payment to Taylor Wessing in the amount of $93,624.35 for reimbursement of expenses incurred by Taylor Wessing from August 1, 2014 through November 30, 2014; and

d. Granting Taylor Wessing such other and further relief as this Court deems just and proper.

Dated: March 23, 2015

Respectfully submitted,

Taylor Wessing LLP

By: *s/David de Ferrars*
David de Ferrars
5 New Street Square
London EC4A 3TW
Telephone: +44 (0)20 7300 7000
Fax: +44 (0)20 7300 7100

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION
OF TAYLOR WESSING FOR SERVICES RENDERED
FOR THE PERIOD AUGUST 1, 2014 THROUGH NOVEMBER 30, 2014**

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| David de Ferrars | $870.29 | 2.6 | $2,262.75 |
| Sacha Foulkes | $691.32 | 85 | $58,761.82 |
| Alexa Segal | $558.76 | 18.5 | $10,337.08 |
| Andrea Mohan | $289.68 | 23.6 | $6,836.52 |
| Lepo Maapesa | $202.09 | 4.5 | $909.42 |
| Andrew Rogers | $200.13 | 8 | $1,601.07 |
|  |  |  |  |
| **Total** | **$567.57** | **142.2** | **$80,708.66** |
| **Total minus 10%** | **$510.81** |  | **$72,637.80** |
| **Value Added Tax (20%)** |  |  | **$14,527.55** |
| **Total Plus Tax** |  |  | **$87,165.35** |
| **Total After 20% Holdback** |  |  | **$69,732.28** |

## EXHIBIT B

## EXPENSE SUMMARY OF TAYLOR WESSING
## FOR THE PERIOD
## OF AUGUST 1, 2014 THROUGH NOVEMBER 30, 2014

| Expenses | Amounts |
|---|---|
| Conference Call | $5.67 |
| Courier | $5.98 |
| Expert Fees | $77,928.83 |
| Photocopying | $4.34 |
| Stationary | $66.79 |
| Printing | $8.68 |
|  |  |
| **Total** | **$78,020.29** |
| **Value Added Tax (20%)** | **$15,604.06** |
| **Grand Total** | **$93,624.35** |