**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF UGGC & ASSOCIÉS AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
<u>EXPENSES FROM AUGUST 1, 2014 THROUGH NOVEMBER 30, 2014</u>**

Jean-François Canat, together with other members and associates at the law firm of UGGC & Associés (collectively, "UGGC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $114,890.08 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $5,136.85 for the period from August 1, 2014 through November 30, 2014 (the "Compensation Period").

In support of the Application, UGGC respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 14, 2011, UGGC has served as special counsel for the Trustee.

4. On April 20, 2011, this Court entered an order approving the Trustee's motion for authority to retain UGGC as special counsel to the Trustee with regard to matters pertaining to France.

5. The Trustee's motion to retain UGGC established a fee arrangement pursuant to which UGGC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY UGGC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

7. During the Compensation Period, UGGC researched, analyzed and provided legal advice to Trustee's U.S. counsel relating to issues of French law.

8. UGGC monitored, on behalf of the Trustee certain Madoff-related legal proceedings pending in France and advised the Trustee's U.S. counsel regarding same.

9. UGGC organized and participated in meetings with the Trustee's U.S. counsel relating to certain French-domiciled defendants.

10. UGGC represented the Trustee in connection with certain French legal proceedings. .

### III. COMPENSATION REQUESTED

11. The Application demonstrates how UGGC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12. UGGC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, UGGC has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Jean-François Canat, involving others only when necessary.

13. From August 1, 2014 through November 30, 2014, UGGC provided a total of 285 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $127,655.64 and the total blended rate for professional services was $447.91/hour. After the 10% discount, the total amount of fees incurred is $114,890.08 and the total blended rate is $403.12/hour. UGGC has agreed to a further holdback of 20% of its fees in the amount of $22,978.02 resulting in the present request for compensation in the amount of $91,912.06.

3

14. A breakdown of the total number of hours performed by each UGGC timekeeper is provided on **Exhibit A** annexed hereto.

15. UGGC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $5,136.85. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by UGGC for and on behalf of the Trustee and not on behalf of any other person or entity.

17. No agreement or understanding exists between UGGC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide UGGC with compensation for the legal services described herein.

18. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

4

19. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of UGGC (*see* SIPA § 78fff-3(b)(2)).

20. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

21. Therefore, with respect to this Application, UGGC requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). UGGC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, UGGC respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $114,890.08, of which $22,978.02 is to be paid currently and $91,912.06 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by UGGC to the Trustee from August 1, 2014 through November 30, 2014; and

c. Allowing payment to UGGC in the amount of $5,136.85 for reimbursement of expenses incurred by UGGC from August 1, 2014 through November 30, 2014; and

      d.      Granting UGGC such other and further relief as this Court deems just and proper.

                                            Respectfully submitted,

Dated: March 23, 2015                              UGGC & Associés

                                        By: *s/Jean-François Canat*
                                              Jean-François Canat
                                              UGGC & Associés
                                              47, rue de Monceau
                                              Paris, France 75008
                                              Telephone : +33156697000
                                              Fax : +33156697071

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION OF UGGC FOR SERVICES RENDERED FOR THE PERIOD FROM AUGUST 1, 2014 THROUGH NOIVEMBER 30, 2014

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Jean Francois Canat | $599.72 | 79.5 | $47,677.74 |
| Charles Emmanuel Prieur | $579.92 | 3.5 | $2,029.72 |
| Delphine Eskenazi | $477.95 | 26.5 | $12,665.68 |
| Marine Simonnot | $461.67 | 23.9 | $11,033.84 |
| Anne Boutron | $425.28 | 3.5 | $1,488.47 |
| Cyrille Mayoux | $392.42 | 98.2 | $38,535.64 |
| Frances Goldsmith | $319.08 | 43.4 | $13,848.07 |
| Nelly Kijowski | $57.92 | 6.5 | $376.48 |
|  |  |  |  |
| Total | $447.91 | 285 | $127,655.64 |
|  |  |  |  |
| Total minus 10% Discount | $403.12 |  | $114,890.08 |
| **Total Net of 20% Holdback:** |  |  | **$91,912.06** |

# EXHIBIT B

## EXPENSE SUMMARY OF UGGC
## FOR THE PERIOD
## OF AUGUST 1, 2014 THROUGH NOVEMBER 30, 2014

| EXPENSES | AMOUNTS |
|---|---|
| Travel Related Expenses | $5,136.85 |
| | |
| **Total Expenses Requested:** | **$5,136.85** |