**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Oren J. Warshavsky  
Keith R. Murphy  

Hearing Date: April 16, 2015 at 10:00 a.m.  
Objections Due: April 9, 2015 at 5:00 p.m.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>DEFENDER LIMITED, et al.,<br><br>Defendants. | Adv. Pro. No. 10-05229 (SMB) |

300352543.4

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE AND DEFENDER LIMITED, RELIANCE MANAGEMENT (BVI) LIMITED, RELIANCE INTERNATIONAL RESEARCH LLC, RELIANCE MANAGEMENT (GIBRALTAR) <u>LIMITED, TIM BROCKMANN, AND JUSTIN LOWE</u>**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA")[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in an agreement (the "Agreement")[2] by and among the Trustee on the one hand, and Defender Limited ("Defender"), Reliance Management (BVI) Limited ("Reliance BVI"), Reliance International Research LLC ("RIR"), and dismissed defendants Reliance Management (Gibraltar) Limited ("Reliance Gibraltar"), Tim Brockmann ("Brockmann"), and Justin Lowe, on the other hand ("Lowe," and together with Defender, Reliance BVI, RIR, Reliance Gibraltar and Brockmann, the "Defendants," and collectively with the Trustee, the "Parties"). In support of the Motion, the Trustee respectfully

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] A copy of the Agreement is attached hereto as Exhibit A.

2

represents as follows:

**PRELIMINARY STATEMENT**

The Trustee commenced an action against Defender and the other Defendants in this adversary proceeding to recover fraudulent and preferential transfers regarding Defender's BLMIS Account No. 1FR132 (the "Account"). The Trustee's action sought the recovery of transfers aggregating ninety-three million ($93,000,000) dollars (the "Transfers").

The Parties ultimately agreed to have the matter submitted to mediation. Following mediation, the Parties continued their discussions and negotiations, and ultimately reached a consensual resolution. The Parties entered into the Agreement, which represents a good faith, complete settlement of all disputes between the Trustee and the Defendants raised in this adversary proceeding and the customer claim Defender submitted in connection with its Account (the "Defender Customer Claim"). By the Agreement, the Trustee will recover 100 percent of the fraudulent transfers and preference payments aggregating $93,000,000 that he sought to avoid and recover from Defender ("Settlement Payment"). The Trustee will allow the Defender Customer Claim in full, plus 88% of the amount of the Settlement Payment. In addition, certain of the Defendants will respond to discovery requests and appear for depositions in another adversary proceeding wherein the Trustee is seeking to recover more than half a billion dollars of customer property. The Trustee's settlement with the Defendants will obtain a significant, direct monetary benefit for the estate, and will dispose of the pending motion to dismiss challenging personal jurisdiction filed by several of the Defendants. The settlement also will further the Trustee's avoidance and recovery efforts in other proceedings through discovery. The Trustee therefore respectfully requests that the Court approve this settlement.

300352543.4

# BACKGROUND

*The Commencement of the BLMIS Liquidation Proceeding*

1. On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). In the complaint, the Commission alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

   (i)   appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;
   (ii)  appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
   (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. On April 13, 2009, an involuntary bankruptcy petition was filed against

---

[3] In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. *See* section 78*lll*(7)(B) of SIPA.

4

Madoff.  On June 9, 2009, this Court entered an order substantively consolidating Madoff's Chapter 7 estate with the BLMIS SIPA proceeding.

*Defender's BLMIS Account and Customer Claim*

5.    Defender was a Madoff feeder fund that invested all of its assets with BLMIS.

6.    In or around May 2007, Defender opened an account with BLMIS that was designated account number 1FR132.  Between May 2007 through the Filing Date, Defender withdrew from this account $93,000,000.00 (as defined above, the "Transfers").

7.    On or about May 3, 2009, Defender timely filed the Defender Customer Claim with the Trustee, assigned claim number 005117, asserting losses based on account number 1FR132.  The Defender Customer Claim did not identify a specific amount allegedly owed.

8.    The Parties agree that Defender's net equity equals $441,000,000.00 ("Net Equity").  However, the Trustee asserted claims seeking to disallow and/or equitably subordinate the Defender Customer Claim.

*The Trustee's Claims Against the Defendants*

9.    On December 5, 2010, the Trustee filed a complaint commencing this adversary proceeding against the Defendants, seeking to avoid and recover the Transfers under 11 U.S.C. §§ 544, 547, 548, 550, and 551, SIPA § 78fff-(2)(c)(3), and the New York Debtor and Creditor Law §§ 270–281 ("Avoiding Power Claims").  Included in the Avoiding Power Claims were claims against Reliance BVI, RIR, Reliance Gibraltar, Brockmann and Lowe as subsequent transferees of certain of the Transfers from Defender (the "Subsequent Transfer Claims").  The Trustee also asserted claims to disallow the

5

300352543.4

Defender Customer Claim, pursuant to 11 U.S.C. § 502(d), and to equitably subordinate the Defender Customer Claim, pursuant to 11 U.S.C. §§ 510(c) and 105(a) ("Disallowance and Subordination Claims").

10. The Defendants have disputed any liability to the BLMIS estate for the Transfers.

11. On November 29, 2012, the Trustee voluntarily dismissed Lowe without prejudice pursuant to the Agreement to Dismiss Justin Lowe from the Adversary Proceeding, dated November 21, 2012.

12. On December 18, 2013, the Trustee voluntarily dismissed Reliance Gibraltar and Brockmann without prejudice pursuant to the Agreement to Dismiss Tim Brockmann and Reliance (Gibraltar) Limited from the Adversary Proceeding, dated December 16, 2013.

### **SETTLEMENT DISCUSSIONS AND THE TRUSTEE'S INVESTIGATION**

13. In connection with his litigation against the Defendants, the Trustee examined information including that obtained through BLMIS records, Bankruptcy Rule 2004 discovery, as well as deposition testimony of multiple people. Following the commencement of the adversary proceeding, certain of the Defendants filed a motion to dismiss challenging personal jurisdiction, which motion has not been heard as of the date of this settlement motion.

14. In an effort to directly address the underlying claims and issues among the parties, on October 17, 2014, the Trustee, Defender, Reliance BVI and RIR (the "Mediation Parties") entered into a mediation agreement wherein the Mediation Parties established protocols for a mediation.

15. From January 14 through January 16, 2015, the Mediation Parties engaged in

6

300352543.4

mediation, and laid out their respective claims, evidence and defenses. Among other things, the Defendants sought credit for certain transfers and deposits, including proceeds from the Trustee's settlement with the Internal Revenue Service. The Mediation Parties failed to reach a settlement by the end of the mediation, but continued to engage in discussions from January through March 2015.

16. On March 23, 2015, the Trustee and the Defendants executed the Agreement wherein they agreed to settle the matters at issue in this adversary on the terms summarized below.

## OVERVIEW OF THE AGREEMENT

17. The principal terms and conditions of the Agreement are generally as follows (as stated above, the Agreement is attached as Exhibit A and may be reviewed for a complete account of its terms):[4]

- At the Closing, Defender shall pay or cause to be paid to the Trustee the total amount of the Transfers, which equals $93,000,000.00 (the "Settlement Payment").

- Upon the Closing, the Defender Customer Claim shall be deemed conclusively allowed pursuant to 11 U.S.C. § 502, equal in priority to other allowed customer claims against the BLMIS Estate.

- The allowed Defender Customer Claim shall be in the amount of $522,840,000.00, which is equal to Defender's Net Equity plus 88% of the Settlement Payment.

---

[4] Terms not otherwise defined shall have the meaning ascribed to them in the Agreement.

7

300352543.4

- At the Closing, Defender shall satisfy the Settlement Payment to the Trustee through a deduction from the distribution on its allowed claim, and the Trustee shall pay Defender $161,317,906.40 as a remaining catch up distribution on its allowed claim.[5]

- The Trustee shall seek approval of the Agreement before the Court.

- The Defendants shall release, acquit, and discharge the Trustee, and the Trustee shall release, acquit, and discharge the Defendants, subject to certain exceptions.

- Certain of the Defendants shall respond to reasonable discovery and make themselves available for depositions with respect to the litigation captioned *Picard v. UBS AG et al.*, Adversary Proceeding No. 10-05311 (SMB) (the "LIF Proceedings").

- Within five days of the Closing, the Parties shall submit to the Court a stipulation requesting dismissal of this adversary proceeding with prejudice as against the Defendants, with each Party bearing its own costs, attorneys' fees, and expenses.

### RELIEF REQUESTED

18. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit B approving the

---

[5] As of the date of the Agreement, the Bankruptcy Court has approved five *pro rata* interim distributions to BLMIS customers totaling 48.545 percent. Additionally, Defender is entitled to the SIPC customer advance provided for under section 78fff-3(a) of SIPA in the amount of $500,000.00. Accordingly, in order to catch-up Defender's distribution to that of other customers with allowed claims, at the Closing, the Trustee will pay Defender 48.545 percent of its allowed claim, plus $500,000.00 as a SIPA advance, aggregating $254,317,906.40, less the Settlement Payment of $93,000,000.00, for a total of $161,317,906.40

8

300352543.4

Agreement.

## LEGAL BASIS

19. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

20. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

21. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

    (i)    the probability of success in the litigation;
    (ii)    the difficulties associated with collection;

      (iii)    the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

      (iv)    the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

    22.    The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. at 594. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

    23.    The Agreement furthers the interest of BLMIS customers by recovering all of the Transfers, and increasing the Defender Customer Claim pursuant to 11 U.S.C. § 502(h) by only 88 percent of the recovered Transfers. The Agreement also resolves all claims between the Parties and avoids the cost and delay of what could otherwise be lengthy and contentious litigation. (Affidavit of the Trustee in Support of the Motion (the "Picard Affidavit"). A true and accurate copy of the Picard Affidavit is attached as Exhibit C). Additionally, certain of the Defendants will respond to reasonable discovery requests and

make themselves available for depositions in the ongoing LIF Proceedings, wherein the Trustee seeks to recover $550,500,000.00 of customer property to benefit the estate.

## CONCLUSION

24.     The Trustee believes that the terms of the Agreement fall well above the lowest point in the range of reasonableness. The Agreement resolves the claims raised by the Trustee against the Defendants as to this adversary proceeding, and it avoids likely lengthy, burdensome, and expensive litigation regarding the claims and defenses in this matter. The Trustee also believes that the Agreement represents a fair and reasonable compromise of the Avoiding Power Claims, the Subsequent Transfer Claims, and the Disallowance and Subordination Claims. Because the Agreement is well within the "range of reasonableness" and confers a significant monetary benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## NOTICE

25.     In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the United States Attorney for the Southern District of New York; (iii) Gary S. Lee and John Pintarelli, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, and (iv) Mark Hyland, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004. Notice of this motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit B granting the relief requested in the Motion.

Dated: New York, New York
      March 23, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By: <u>s/ Keith R. Murphy</u>
    David J. Sheehan
    E-mail: dsheehan@bakerlaw.com
    Oren J. Warshavsky
    E-mail: owarshavsky@bakerlaw.com
    Keith R. Murphy
    E-mail: kmurphy@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of the estate of Bernard L.*
*Madoff Investment Securities LLC and the*
*estate of Bernard L. Madoff*

Of Counsel:
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Frederick W. Chockley III
John J. Burke
Katherine L. McKnight
Dena S. Kessler