**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF KELLEY, WOLTER & SCOTT, PROFESSIONAL ASSOCIATION**
**AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM**
**COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM APRIL 1, 2014 THROUGH NOVEMBER 30, 2014**

Kelley, Wolter & Scott, P.A. (the "Kelley Wolter"), special counsel for Irving H. Picard

(the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15

U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim

Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of

legal fees in the amount of $6,682.50[1] (of which 20% is to be deferred through the conclusion of

the liquidation period) for the period from April 1, 2014 through November 30, 2014 (the

---

[1] A portion of this total ($3,217.50.00) reflects services provided by Kelley Wolter prior to the Compensation Period. Due to clerical error, Kelley Wolter has not yet sought or received compensation for this amount.

"Compensation Period").  In support of the Application, Kelley Wolter respectfully submits as

follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the

Southern District of New York, upon application filed on the same date by the Securities

Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the

liquidation of the business of the Debtor in accordance with SIPA, and, by Paragraph II of the

Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's

business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA

§ 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as

though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11

of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on July 1, 2013, Kelley Wolter has served as special counsel for the

Trustee.

4.      On September 11, 2013, this Court entered an order approving the Trustee's

motion for authority to retain Kelley Wolter as special counsel *nunc pro tunc* to July 1, 2013.

5.      The Trustee's motion to retain Kelley Wolter established a fee arrangement

pursuant to which Kelley Wolter agreed to a fee reduction in the amount of 10% as well as an

additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY KELLEY WOLTER

6.      The legal services performed on behalf of the Trustee during the time period

covered by this Application are as follows:

7.      Kelley Wolter assisted and advised the Trustee as local counsel, providing legal research and advice to the Trustee and his Counsel on issues of Minnesota law.

### III. COMPENSATION REQUESTED

8.      The Application demonstrates how Kelley Wolter has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9.      Kelley Wolter has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Kelley Wolter has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Steven E. Wolter.

10.      From April 1, 2014 through November 30, 2014, Kelley Wolter provided a total of 15 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $7,425.00 and the total blended rate for professional services was $495.00/hour.  After the 10% discount, the total amount of fees incurred is $6,682.50 and the total blended rate is $445.50/hour.  Kelley Wolter has agreed to a further holdback of 20% of its fees in the amount of $1,336.50 resulting in the present request for compensation in the amount of $5,346.00.

11.      A breakdown of the total number of hours performed by each Kelley Wolter timekeeper is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

12.      All of the professional services for which compensation is requested herein were performed by Kelley Wolter for and on behalf of the Trustee and not on behalf of any other person or entity.

13.     No agreement or understanding exists between Kelley Wolter and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Kelley Wolter with compensation for the legal services described herein.

14.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Kelley Wolter (*see* SIPA § 78fff-3(b)(2)).

16.     The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17.    Therefore, with respect to this Application, Kelley Wolter requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  Kelley Wolter expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Kelley Wolter respectfully requests that this Court enter an Order:

a.    Granting this Application; and

b.    Allowing and awarding $6,682.50, of which $5,346.00 is to be paid currently and $1,336.50 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Kelley Wolter to the Trustee from April 1, 2014 through November 30, 2014; and

c.    Kelley Wolter such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  March 23, 2015                                  Kelley, Wolter & Scott, P.A.

By:    *s/Steven E. Wolter*
        Steven E. Wolter, #170707
        431 South Seventh St., Suite 2530
        Minneapolis, MN 55415
        Telephone: 612-371-9090
        Fax: 612-3710574

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF THE KELLEY WOLTER FOR SERVICES RENDERED
### FOR THE PERIOD APRIL 1, 2014 THROUGH NOVEMBER 30, 2014

| | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| | | | |
| Steven E. Wolter | $500.00 | 14.5 | $7,250.00 |
| Patricia A. Pedersen | $350.00 | 0.5 | $175.00 |
| | | | |
| Total: | $495.00 | 15 | $7,425.00 |
| Total minus 10% Discount | $445.50 | | $6,682.50 |
| **Total Net of 20% Holdback:** | | | **$5,346.00** |