# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff, | Adv. Pro. No. 09-01305 (BRL) |
| Plaintiff, | |
| v. | |
| COHMAD SECURITIES CORPORATION, *et al.*, | |
| Defendants. | |

## RICHARD G. SPRING'S SPECIFIC RESPONSES AND OBJECTIONS TO TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and

7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States

District Court for the Southern District of New York (the "Local Rules"), and pursuant to an

extension of time agreed to by Irving H. Picard, Trustee (the "Trustee") for the Liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS"), Defendant Richard G. Spring ("Spring"), by his undersigned attorneys, Siegel, Lipman, Dunay, Shepard & Miskel, LLP, and Katsky Korins LLP, respond to the Trustee's First Set of Requests for the Production of Documents to Richard G. Spring dated December 22, 2011 (the "Requests"), as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.      Spring objects to the Requests to the extent they seek information and/or the production of documents, or portions thereof, protected from discovery by the attorney-client privilege, the work product doctrine, a joint or common defense privilege, any state or federal constitutional privilege, confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Spring or his attorneys; or seeks materials prepared in anticipation of litigation. Spring asserts each and every one of the foregoing privileges and/or other protections applicable to the information sought to the fullest extent allowed by law or applicable rules. Inadvertent disclosure of such documents shall not constitute waiver of the applicable privilege, and Spring reserves his right to recall such document(s) produced through inadvertence.

2.      Spring objects to the Requests to the extent that they seek disclosure of third party nonpublic personal/or and financial information, including, but not limited to, Bernard L. Madoff Securities LLC ("BLMIS") and Cohmad Securities Corporation ("Cohmad") customer information, which is protected from disclosure on privacy grounds pursuant to 15 U.S.C.A. § 6801 *et seq.*, the United States Constitution, other applicable federal and state law, Rule 9037 of the Federal Rules of Bankruptcy Procedure, and/or subject to non-disclosure agreements.

3.      Spring objects to the Requests to the extent that they seek documents or information constituting confidential commercial, financial and/or other proprietary information

or trade secrets. However, Spring will produce such documents on condition that an appropriate confidentiality stipulation and protective order is entered in this proceeding.

4.     Spring objects to the Requests to the extent they seek disclosure of confidential personal and/or financial information relating to the customers of BLMIS and/or Cohmad that is protected from disclosure by applicable law, and because production of this information could violate the privacy rights of BLMIS's and/or Cohmad's customers.

5.     Spring objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, harassing and/or seek documents and/or information that is cumulative or duplicative and/or outside the scope of permissible discovery.

6.     Spring objects to the Requests to the extent they seek information that is irrelevant to the claims or defenses of any party, irrelevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

7.     Spring objects to the Requests to the extent they seek discovery of electronically stored information which is not reasonably accessible and whose potential relevance to the claims or defenses of any party and/or to the subject matter of the action is substantially outweighed by the undue burden and cost of producing such information in specifically designated electronic and searchable formats, including the production of any documents or categories of documents that exist solely in electronic form,

8.     Spring objects to the Requests, including, but not limited to, Instruction No. 3 to the extent that they might seek to require Spring to produce substantive metadata or search electronic archives, back-up tapes, discs or drives, deleted data, optical platter disks, or legacy data from obsolete systems for responsive documents. These types of data and media are not reasonably accessible and would entail undue burden and expense to restore or otherwise search.

9.    Spring objects to the Requests, including the Definitions, Instructions, and Manner of Production contained therein, to the extent that they purport to impose requirements and obligations in excess of those required or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Spring will respond to the Requests in conformity with applicable rules and orders and not necessarily in accordance with the Definitions, Instructions, Manner of Production or other statements in the Requests.

10.    All objections regarding electronically-stored information ("ESI") are subject to the obligation of the parties to meet and confer and develop protocols for the production of ESI, and Spring objects to the Requests to the extent they require searches of electronic records or would require production of ESI prior to the development of a satisfactory protocol.

11.    Spring objects to the Requests to the extent that the Trustee seeks documents that (a) are not in the possession, custody, or control of Spring; (b) are publicly available or to which Plaintiffs have equal or better access; (c) are within the Trustee's knowledge, possession, custody, or control; and/or (d) already have been provided to the Trustee.

12.    In responding to the Requests, Spring does not waive or intend to waive, but instead preserves and intends to preserve (a) all objections as to vagueness, ambiguity, overbreadth, relevance and/or burdensomeness; (b) all rights to object on any ground to the Requests or any part thereof; and (c) all rights to object on any ground whatsoever to the use of any document provided in response to the Requests in this or any proceeding.

13.    Spring objects to the Requests to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume erroneous

4

or contentious factual or legal assertions or conclusions. By responding and objecting, Spring does not admit the correctness of any factual or legal premise of any Request.

14.    Spring objects to the Requests to the extent they seek information which is a matter of opinion and/or legal conclusion and/or a combination of law and fact.

15.    Spring objects to the Requests to the extent they seek production of documents or information not created by Spring in the usual course of business and, in particular, to the extent the Requests purport to require Spring to create documents or information, including, but not limited to, compiling or condensing information from his records.

16.    Spring objects to the Requests to the extent they seek "all documents" related to or referring to certain time periods, events, transactions, or subjects because such requests are overly broad, subject Spring to undue burden and expense, and seek to impose obligations on Spring beyond what is required by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. In responding to the Requests, Spring will conduct a reasonable search for documents in accessible locations within his possession, custody, or control.

17.    Spring objects to the Trustee's definitions of various entities contained in Definition Nos. 4, 5 and 20 on the ground that they are overly broad. Spring will construe the entities defined therein to mean the named entities only and the employees of those specified entities.

18.    Spring objects to the definition of "Cohmad" to the extent that it is defined to include Cohmad's affiliates, agents and representatives, whose identities may not be known by Spring or readily identifiable from a search of documentary records. Spring further objects to the definition of "Cohmad" to the extent that it is defined to include any parent, subsidiary, division, predecessor, successor, owner, principal, member, officer, director, shareholder or manager of

Cohmad as well as M.C. Securities Corporation and all Cohmad Representatives. Spring will construe "Cohmad" to include only Cohmad Securities Corporation.

19.     Spring objects to the definition of "Defendant," "You," and "Your," to the extent that it is defined to include Spring's "agents and/or his representatives," whose identities may not be readily identifiable from a search of documentary records. Spring will construe "Defendant," "You," and "Your" to include only Richard G. Spring.

20.     Spring objects to the definition of "Cohmad BLMIS Accounts" to the extent that it includes the accounts referred to in Exhibit 7 of the Amended Complaint and "any other BLMIS account held at any time and/or any account having any connection to BLMIS," on the grounds that such definition is overly broad, and seeks documents and information not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Spring will construe "Cohmad BLMIS Accounts" to include the accounts referred to in Exhibits 1 and 6 of the Amended Complaint as well as any other BLMIS account held by Spring and any BLMIS account opened by a customer introduced to BLMIS by Cohmad.

21.     Spring objects to the definition contained in the Trustee's Definition No. 20 on the ground that it is overly broad. Spring will construe references to any person that is not a natural person and is not otherwise defined in the Requests to mean the specified person and employees of that person.

22.     Spring objects to Instruction No. 2 to the extent that it would require Spring to conduct searches of materials not in his possession, custody, or control.

23.     Spring objects to Instruction Nos. 4 and 8 on the ground that they seek the originals of all responsive documents. Spring will retain originals of all responsive documents and produce copies of each such original.

24.     Spring objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court and seeks documents that are neither relevant to the claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

25.     Spring objects to Instruction No. 10 to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. Spring will produce a privilege log in accordance with such rules if responsive, privileged documents are withheld from production.

26.     Spring objects to Instruction Nos. 11, 14, and 16 on the ground that they impose obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

27.     Spring objects to the Manner of Production section of the Requests on the grounds that it is premature and attempts to unilaterally impose obligations that are properly addressed through the meet-and-confer process. The parties are obligated to meet and confer to develop protocols for the production of ESI. Spring also objects to the Manner of Production section to the extent it purports to require that ESI be produced in a particular format before the parties have met, conferred, and developed a satisfactory production protocol.

28.     Spring objects to the Requests being "continuing" as set forth in Instruction No. 18 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.

29.     Spring objects to the "relevant time period" stated in Instruction No. 17 on the grounds that it seeks documents that are neither relevant to the claims or the defenses in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to the stated "relevant time period" as overly broad and unduly burdensome. Spring will meet and confer with the Trustee in good faith in order to arrive at a mutually agreeable "relevant time period" for Spring's responses to the Requests.

30.    These General Responses and Objections are given without conceding the relevancy, materiality, or admissibility of the subject matter of any request or response, and are given without prejudice to Spring's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any request or response.

31.    These General Responses and Objections are incorporated by reference within each of the following responses and objections to specific Requests and all responses to specific Requests are made subject to and without waiving these General Objections, whether or not specifically reiterated in the responses themselves.

32.    A response stating that Spring will produce documents in his possession, custody or control that are responsive to a particular item of the Requests does not constitute a representation that such documents exist.

33.    In providing these responses and objections, Spring reserves his right to modify, expand, and/or clarify his responses and objections should additional relevant and responsive non-privileged information become available.

34.    To the extent that Spring produces any documents in response to the Requests, such production is without prejudice to or waiver of any objections set forth herein.

35.    Neither the fact that an objection is interposed to a particular request, nor the fact that no objection is interposed, necessarily means that responsive information, documents, or statements exist in Spring's possession, custody, or control.

36.    Because discovery is ongoing, Spring reserves his right to supplement any production of documents and to amend or supplement his responses to the Requests to the extent necessary and appropriate.

37.    Spring remains willing to discuss with the Trustee any objection and to work cooperatively to resolve areas of disagreement.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

All documents and/or communications concerning any securities and/or brokerage license(s) or registration(s) held by You, including without limitation, dates of licenses or registration and current status of licenses or registrations.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 2:**

All documents and/or communications concerning the organization, formation and structure of Cohmad.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 3:**

All documents and/or communications concerning Your duties and responsibilities at Cohmad, including without limitation, Your duties and responsibilities as a Registered Representative and Vice-President of Cohmad.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring held the position of "Vice-President of Cohmad."

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant

to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 4:**

All documents and/or communications concerning the organization, formation and structure of The Spring Family Trust.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 5:**

All documents and/or communications concerning Your duties and responsibilities as settler and sole Trustee of The Spring Family Trust.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 6:**

All documents concerning Your association, registration and/or employment within the financial industry, including without limitation those concerning David J. Green and Company.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from

BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 7:**

All documents and/or communications concerning Cohmad BLMIS Accounts opened, originated or referred by You.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring "opened" Cohmad BLMIS accounts.

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 8:**

All documents and/or communications concerning Cohmad BLMIS Accounts for which You were listed as the registered representative.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 9:**

All tax returns prepared by or for Defendant.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not

reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to this request on the ground that there is no compelling need to justify production of tax returns because any relevant information contained in such returns can be obtained readily through other sources, and such returns contain personal financial information of Spring which is irrelevant and immaterial to this action.

**Request No. 10:**

    All documents concerning Defendant's investment decisions or strategies.

    **Response:**

    Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to this Request on the grounds that it seeks proprietary business information, and that the phrase "investment decisions or strategies" as used in this Request is vague and ambiguous.

    Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 11:**

All documents and/or communications concerning sales strategies of the Cohmad Representatives.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes that Spring had "sales strategies."

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad Representatives other than himself, which are not in Spring's possession, custody, and control. Spring further objects to this Request on the grounds that it seeks proprietary business information, and that the phrase "sales strategies" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 12:**

All documents and/or communications concerning solicitation of clients or potential clients, rejected or otherwise.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring "solicited" clients or potential clients.

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to this Request on the ground that the phrase "solicitation of clients or potential clients" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 13:**

All documents concerning Cohmad BLMIS Accountholder qualifications.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly

burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad BLMIS Accountholders other than Accountholders known to him, which are not in Spring's possession, custody, and control. Spring further objects to this Request on the ground that the phrase "Cohmad BLMIS Accountholder qualifications" as used in this Request is vague and ambiguous. Spring further objects to this Request to the extent it seeks information about Cohmad BLMIS Accountholders that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS Accountholders.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 14:**

All documents and/or communications concerning the promotion or marketing of Cohmad, BLMIS and/or Madoff.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring "promoted" or "marketed" either Cohmad, BLMIS, or Madoff.

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to this Request on the ground that the phrase "promotion or marketing" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 15:**

All documents and/or communications concerning accounting firm or accountant referrals for Cohmad BLMIS Accountholders.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly

burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad BLMIS Accountholders, other than Accountholders known to him, which are not in Spring's possession, custody, and control. Spring further objects to this Request on the ground that the phrase "accounting firm or accountant referrals for Cohmad BLMIS Accountholders" as used in this Request is vague and ambiguous. Spring further objects to this Request to the extent it seeks information about Cohmad BLMIS Accountholders that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS Accountholders.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 16:**

All documents and/or communications concerning any investment account maintained by or for the benefit of Defendant and/or The Spring Family Trust.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is overbroad and unduly burdensome, (b)

seeks information and documents which are broader in scope than and irrelevant to the claims or

defenses of any party and to the subject matter of this action because it requests information

unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or

Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make

available to the Trustee for inspection and copying non-privileged documents related to Cohmad

BLMIS accounts responsive to this Request in Spring's possession, custody, or control, to the

extent any such documents exist and can be located with reasonable efforts.

**Request No. 17:**

All documents and/or communications concerning any customer account referred by
Cohmad to BLMIS or maintained by Cohmad, including without limitation the Cohmad BLMIS
Accounts.

**Response:**

Spring incorporates the General Responses and Objections set forth above and

specifically objects on the grounds that this Request (a) is overbroad and unduly burdensome, (b)

seeks information and documents which are broader in scope than and irrelevant to the claims or

defenses of any party and to the subject matter of this action because it requests information

unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or

Cohmad to Spring, or any other claim or defense in this action, (c) is not reasonably calculated

to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's

possession, custody, or control.

Spring further objects on grounds of overbreadth to the extent that the Request seeks

documents related to Cohmad BLMIS accounts, other than accounts known to him, which are

21

not in Spring's possession, custody, and control. Spring further objects to this Request to the

extent it seeks information about Cohmad BLMIS customers that is protected from disclosure by

applicable law and because production of the requested information could violate the privacy

rights of Cohmad BLMIS customers.

Subject to and without waiver of the foregoing, Spring will produce and/or make

available to the Trustee for inspection and copying non-privileged documents responsive to this

Request in Spring's possession, custody, or control, to the extent any such documents exist and

can be located with reasonable efforts.

**Request No. 18:**

All documents and/or communications concerning statements and/or trade confirmations
for the Cohmad BLMIS Accounts.

**Response:**

Spring incorporates the General Responses and Objections set forth above and

specifically objects on the grounds that this Request (a) is overbroad and unduly burdensome, (b)

seeks information and documents which are broader in scope than and irrelevant to the claims or

defenses of any party and to the subject matter of this action because it requests information

unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or

Cohmad to Spring, or any other claim or defense in this action, (c) is not reasonably calculated

to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's

possession, custody, or control.

Spring further objects on grounds of overbreadth to the extent that the Request seeks

documents related to Cohmad BLMIS accounts, other than accounts known to him, which are

not in Spring's possession, custody, or control. Spring further objects to this Request to the

extent it seeks information about Cohmad BLMIS customers that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS customers.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 19:**

All documents and/or communications concerning monies, commissions, remuneration and/or other benefits conferred upon You by Cohmad, BLMIS and/or Madoff.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "other benefits" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 20:**

All documents and/or communications concerning monies, commissions, remuneration and/or other benefits conferred upon Cohmad's Representatives.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad Representatives other than himself, which are not in Spring's possession, custody, or control. Spring further objects to this Request on the ground that the phrase "other benefits" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 21:**

All documents concerning Defendant's bank accounts or brokerage accounts in which any funds or other consideration was received and/or transferred from and/or provided by BLMIS or Cohmad.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "other consideration" as used in this Request as being vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 22:**

All documents and/or communications concerning Your selection of BLMIS investments.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring participated in the "selection of BLMIS investments."

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents

that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "Your selection of BLMIS investments" as used in this Request as vague and ambiguous and subject to differing interpretations as to its meaning.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 23:**

All documents and/or communications concerning selection of BLMIS as an asset manager.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "selection of BLMIS as an asset manager" as used in this Request as vague and ambiguous and subject to differing interpretations as to its meaning.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 24:**

All documents and/or communications concerning any account ever held by Defendant or The Spring Family Trust with BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 25:**

All documents and/or communications concerning any account ever held by Defendant or The Spring Family Trust with Cohmad.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not

reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 26:**

All documents and/or communications concerning the performance of BLMIS, including without limitation, any bookkeeping of BLMIS's trades, assets and/or returns.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 27:**

All documents and/or communications concerning any inquiry, request for documents, subpoena, investigation, arbitration or litigation concerning Defendant, Cohmad or BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action,   (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control, or are publicly available.  Spring further objects on grounds of overbreadth to the extent that the Request seeks documents unrelated to Spring and this adversary proceeding.  Spring further objects to this Request to the extent that it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 28:**

All documents concerning any communication and/or agreements between Defendant and any other person concerning Cohmad and/or BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly

burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action because it requests information unrelated to Spring's relationship with BLMIS and/or Cohmad, any transfer from BLMIS and/or Cohmad to Spring, or any other claim or defense in this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 29:**

All documents concerning communications between Defendant and BLMIS concerning any account held or maintained by BLMIS.

### Response:

Spring incorporates the General Responses and Objections set forth above.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 30:**

All documents and/or communications concerning any social or personal relationship between Defendant and BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to the phrase "any social or personal relationship between Defendant and BLMIS" as used in this Request as vague and ambiguous because it is not possible to have a social or personal relationship with an entity.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 31:**

All documents and/or communications concerning any social or personal relationship between Defendant and Madoff.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to

the phrase "any social or personal relationship between Defendant and BLMIS" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 32:**

All documents and/or communications concerning meetings between Defendant and BLMIS, including, but not limited to, meetings during which other persons were also present.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 33:**

All documents and/or communications relating to Your employment or engagement with Cohmad and/or BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.  Spring further objects to the phrase "engagement with Cohmad and/or BLMIS" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 34:**

All documents and/or communications relating to any training and sale strategies during Your employment or engagement with Cohmad and/or BLMIS.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring engaged in "sales" or "sales strategies" in relation to Cohmad and/or BLMIS.

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not

reasonably calculated to lead to the discovery of admissible evidence. Spring further objects to this Request on the ground that the phrase "training and sales strategies" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 35:**

All documents and/or communications concerning complaints or questions from investors received by Defendant or Cohmad regarding BLMIS or Madoff.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Spring further objects on grounds of overbreadth to the extent that the Request seeks documents "received by" Cohmad, which are not in Spring's possession, custody, and control. Spring further objects to this Request to the extent it seeks information about Cohmad BLMIS investors that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS investors.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents in Spring's

possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

### Request No. 36:

All documents and/or communications concerning any instructions given to clients or prospective clients not to contact BLMIS or Madoff.

### Response:

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Spring further objects to this Request to the extent it seeks information about Cohmad BLMIS clients or prospective clients that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS clients or prospective clients.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

### Request No. 37:

All documents and/or communications concerning any efforts by You, Cohmad Representatives and/or Cohmad to analyze the purported trading activity and/or other operations conducted by BLMIS and/or Madoff.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence. Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad Representatives other than himself, which are not in Spring's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 38:**

All documents and/or communications concerning the investment strategies of BLMIS and/or Madoff.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, and (b) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "investment strategies" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this

36

Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 39:**

All documents and/or communications concerning the "Cohmad Cash Database," as defined in the Complaint at Paragraph 69, including, without limitation account payment schedules, statements and/or reports.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, and (b) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "Cohmad Cash Database" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 40:**

All documents and/or communications between Defendant and/or the Cohmad Representatives on the one hand and Cohmad BLMIS Accountholders on the other.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant

to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad Representatives other than himself, which are not in Spring's possession, custody, or control. Spring further objects to this Request to the extent it seeks information about Cohmad BLMIS Accountholders that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS Accountholders.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 41:**

All documents and/or communications between Defendant and/or the Cohmad Representatives on the one hand and prospective investors in either Cohmad or BLMIS on the other.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

Spring further objects on grounds of overbreadth to the extent that the Request seeks documents related to Cohmad Representatives other than himself, which are not in Spring's

possession, custody, and control. Spring further objects to this Request to the extent it seeks information about Cohmad BLMIS prospective clients that is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad BLMIS prospective clients. Spring further objects to the term "prospective investors" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 42:**

All documents and/or communications concerning BLMIS's financial condition, solvency or ability to timely pay its debts.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 43:**

All documents and/or communications concerning any corporate or financial inconsistencies, discrepancies or irregularities concerning BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to the phrase "inconsistencies, discrepancies or irregularities concerning BLMIS" as used in this Request as vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 44:**

All documents and/or communications concerning investigations and/or examinations of BLMIS, including, without limitation, any due diligence, advisory opinions, research, advice or warnings concerning BLMIS or its investments.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to this Request to

the extent that it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work product doctrine. Spring further objects to this Request as vague and ambiguous because it does not specify whether it seeks information concerning investigations and/or examinations by Spring or by some other person or entity.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 45:**

All documents and/or communications between Defendant and Cohmad's accountants and/or auditors regarding BLMIS and/or Madoff.

**Response:**

Spring incorporates the General Responses and Objections set forth above.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 46:**

All documents and/or communications concerning the disclosure or non-disclosure of BLMIS and/or Madoff in promotion or marketing materials.

**Response:**

Spring objects to this Request on the ground that it implies the existence of facts or circumstances that do not and did not exist because it assumes Spring "promoted" or "marketed" BLMIS and/ or Madoff.

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to this Request on the ground that the phrases "promotion or marketing materials" and "concerning the disclosure or non-disclosure of BLMIS and/or Madoff" as used in this Request are vague and ambiguous. Spring further objects to this Request as duplicative of Request No. 14.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 47:**

All documents and/or communications concerning any refusal by BLMIS or Madoff to personally meet with clients or prospective investors.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request seeks documents that are in the Trustee's

possession, custody, or control. Spring further objects to this Request on the ground that the term "prospective investors" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 48:**

All documents and/or communications concerning industry or market rate of returns on investments during the relevant time period.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 49:**

All documents and/or communications concerning Defendant's receipt and review of BLMIS-related account statements and/or trade confirmation.

**Response:**

Spring incorporates the General Responses and Objections set forth above.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 50:**

All documents and/or communications concerning the clearance of trades by Cohmad.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to this Request on the ground that the phrase "clearance of trades" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 51:**

All documents and/or communications concerning the clearance of trades by or on behalf of BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.  Spring further objects to this Request on the ground that the phrase "clearance of trades" as used in this Request is vague and ambiguous.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 52:**

All documents and/or communications concerning BLMIS's performance that was provided to Cohmad BLMIS Account Holders.

**Response:**

Spring incorporates the General Responses and Objections set forth above.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts

**Request No. 53:**

To the extent not previously requested, all documents and/or communications concerning each Transfer, including without limitation the date of the Transfer, the amount of the Transfer, the account name an account number for the account the funds were transferred from, the account name and account number the funds were transferred to, the method transfer (wire, check, etc.) and the reason for the Transfer.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, and (b) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 54:**

All documents and/or communications concerning each Subsequent Transfer, including without limitation the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account the funds were transferred from, the account name and account number for the account the funds were transferred to, the method of transfer (wire, check, etc.) and reason for the Subsequent Transfer.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, and (b) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this

Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

## Request No. 55:

To the extent not previously requested, all documents and/or communications that support or otherwise are relevant to any of the defenses raised by Defendant in this action, including, without limitation, Affirmative Defenses One through Thirty-Five in Defendant's Answer to the Complaint.

### Response:

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, and (b) seeks documents that are in the Trustee's possession, custody, or control. Spring further objects to this Request to the extent that it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work product doctrine. Spring further objects to this Request because it is premature and imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents or attorney non-work product documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

## Request No. 56:

To the extent not previously requested, all documents and/or communications identified pursuant to Rule 26(a) in Defendant's Initial Disclosures.

**Response:**

Spring incorporates the General Responses and Objections set forth above.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 57:**

To the extent not previously requested, all documents and/or communications concerning BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 58:**

To the extent not previously requested, all documents and/or communications concerning Cohmad.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 59:**

To the extent not previously requested, all documents and/or communications between Defendant and BLMIS.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this

Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

**Request No. 60:**

To the extent not previously requested, all documents and/or communications between Defendant and Cohmad.

**Response:**

Spring incorporates the General Responses and Objections set forth above and specifically objects on the grounds that this Request (a) is vague, overbroad and unduly burdensome, (b) seeks information and documents which are broader in scope than and irrelevant to the claims or defenses of any party and to the subject matter of this action, (c) is not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks documents that are in the Trustee's possession, custody, or control.

Subject to and without waiver of the foregoing, Spring will produce and/or make available to the Trustee for inspection and copying non-privileged documents responsive to this Request in Spring's possession, custody, or control, to the extent any such documents exist and can be located with reasonable efforts.

Dated: New York, New York
       June 11, 2012

KATSKY KORINS, LLP

By: /s/ Robert A. Abrams
    Robert A. Abrams
    rabrams@katskykorins.com
605 Third Avenue
New York, New York 10158
Telephone: (212) 953-6000
Facsimile: (212) 953-6899

SIEGEL, LIPMAN, DUNAY, SHEPARD & MISKEL, LLP
Kenneth W. Lipman, Esq.
klipman@sldsmlaw.com
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Telephone: (561) 368-7700
Facsimile: (561) 368-9274

*Attorneys for Defendants Richard Spring, The Spring Family Trust, and The Jeanne T. Spring Trust*