**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN THE LAZARUS-SCHY FAMILY PARTNERSHIP, THE SCHY FAMILY PARTNERSHIP, OR THE LAZARUS INVESTMENT GROUP**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In The Lazarus-Schy Family Partnership, The Schy Family Partnership, Or The Lazarus Investment Group (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected three BLMIS accounts, held by three general partnerships, The Lazarus-Schy Family Partnership ("Lazarus Schy"), The Schy Family Partnership ("Schy Family"), and The Lazarus Investment Group ("Lazarus Investment"

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

300354131.3                                            2

and, collectively with Lazarus Schy and Schy Family, the "Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Partnerships and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Partnership.

10. On the attached Exhibit 1, the last column displays the number of objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 40 claims filed by Objecting Claimants that invested in one or more of the Partnerships and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the account-holding Partnership in which the Objecting Claimants invested, and the Partnership Account number. Each of the claims identified on Exhibit 2 was

denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants and the claim numbers.

13. The Partnerships each filed two claims related to its Account (one a claim on the Trustee's form sent to the Trustee, and one on a different form and filed with the bankruptcy court), and sought a distribution from the fund of customer property for its Account.

14. Letters of determination were sent to Lazarus Schy and Schy Family which denied their customer claims on the grounds that they were net winners, that is, that they had withdrawn more money from BLMIS that they had deposited in their BLMIS Account. In contrast, Lazarus Investment was allowed a customer claim in the amount of $26,000, which has since been paid.

15. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS account opening documents for the Lazarus Schy Account. Account opening documents have been located for many, but not all, of the BLMIS accounts, including two of the Accounts at issue here.

16. Attached hereto as Exhibit 5 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Lazarus Schy Account.

17. Attached hereto as Exhibit 6 is a true and correct copy of claim 010501, filed with the Trustee by Lazarus Schy, with all but select attachments omitted.

18. Attached hereto as Exhibit 7 is a true and correct copy of claim 100200, filed with the Bankruptcy Court by Lazarus Schy, with all attachments omitted.

19. Attached hereto as Exhibit 8 is a true and correct copy of the Claim Determination Letter sent by the Trustee concerning the Lazarus Schy claims. The calculation of net equity from attached to the letter was completed by AlixPartners under my direction from BLMIS records concerning money deposited and withdrawn, and transfers between accounts, all as described in the letter. As noted in the letter, the Lazarus Schy BLMIS Account was initially opened by transfers from five other BLMIS accounts. Each of those other BLMIS accounts was closed after the transfers into the Lazarus Schy Account were complete.

20. Attached hereto as Exhibit 9 is a true and correct copy of The Lazarus-Schy Family Partnership Agreement (the "LS PA"), from the account maintenance files of BLMIS.

21. Attached hereto as Exhibit 10 is a true and correct copy of the BLMIS account maintenance files on the Lazarus Schy Account.

22. Attached hereto as Exhibit 11 is a true and correct copy of the BLMIS account opening documents for the Lazarus Investment Account.

23. Attached hereto as Exhibit 12 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Lazarus Investment Account.

24. Attached hereto as Exhibit 13 is a true and correct copy of claim 010409, filed with the Trustee by Lazarus Investment, with all but select attachments omitted.

25. Attached hereto as Exhibit 14 is a true and correct copy of claim 100201, filed with the Bankruptcy Court by Lazarus Investment, with all attachments omitted.

26. Attached hereto as Exhibit 15 is a true and correct copy of the Claim Determination Letter sent by the Trustee concerning the Lazarus Investment claims. The

calculation of net equity from attached to the letter was completed by AlixPartners under my direction from BLMIS records concerning money deposited and withdrawn, and transfers between accounts, all as described in the letter.

27. Attached hereto as Exhibit 16 is a true and correct copy of The Lazarus Investment Group partnership agreement (the "LI PA"), as attached to claim 101409 of Lazarus Investment.

28. Attached hereto as Exhibit 17 is a true and correct copy of the BLMIS account maintenance files on the Lazarus Investment Account.

29. Attached hereto as Exhibit 18 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Schy Family Account.

30. Attached hereto as Exhibit 19 is a true and correct copy of the claim 010280, filed with the Trustee by Schy Family, with all but select attachments omitted.

31. Attached hereto as Exhibit 20 is a true and correct copy of claim 100184, filed with the Bankruptcy Court by Schy Family, with all attachments omitted.

32. Attached hereto as Exhibit 21 is a true and correct copy of the Claim Determination Letter sent by the Trustee concerning the Schy Family claims. The calculation of net equity from attached to the letter was completed by AlixPartners under my direction from BLMIS records concerning money deposited and withdrawn, and transfers between accounts, all as described in the letter.

33. Attached hereto as Exhibit 22 is a true and correct copy of The Schy Family Partnership Agreement (the "SF PA"), from the account maintenance files of BLMIS.

34. Attached hereto as Exhibit 23 is a true and correct copy of the BLMIS account maintenance files on the Schy Family Account.

35. The Accounts were in the names of their respective Partnerships, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[2] The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2015

New York, New York

*/s/ Vineet Sehgal*
Vineet Sehgal
Managing Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019

---

[2] Some Claimants may have held accounts in their own names, in addition to investing in the Partnerships. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in the Partnerships.