UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN THE LAZARUS-SCHY FAMILY PARTNERSHIP, THE SCHY FAMILY PARTNERSHIP, OR THE LAZARUS INVESTMENT GROUP**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

　　　1.　　I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor").

　　　2.　　I am fully familiar with this case and the facts set forth herein.

　　　3.　　For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests In The Lazarus-Schy Family Partnership, The Schy Family Partnership, Or The Lazarus Investment Group (the "Motion"), the

Trustee selected three BLMIS accounts (collectively, the "Accounts") held by general partnerships (collectively, the "Partnerships"): 1ZB300 held by The Lazarus-Schy Family Partnership, 1ZB375 held by The Lazarus Investment Group, and 1ZB481 held by The Schy Family Partnership.

4. A list of Objecting Claimants invested in one or more of the Partnerships whose claims are dealt with by this Motion is annexed to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration") as Exhibit 2. The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in the Partnerships, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. None of the Objecting Claimants responded to the discovery.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Partnership account files as contained in the books and records of BLMIS.

7. All of the Objections to Determination filed on behalf of the Objecting Claimants were filed by Helen Chaitman of Becker & Poliakoff LLP. To clarify attorney representation issues, on September 19, 2013 we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on

October 4, 2013 and December 2, 2013, and indicated on both those occasions that she did not represent any of the Objecting Claimants in connection with the Partnerships discovery.

### Service of Requests for Admission and Other Discovery

8. I caused discovery to be served on Objecting Claimants either through counsel, or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

9. Prior to Ms. Chaitman's clarification of her representation status, I caused discovery to be served on Objecting Claimants claiming customer status through Lazarus Investment Group, by sending discovery to Ms. Chaitman. A copy of the complete discovery as sent, with cover letter and certificate of service, is attached as Exhibit 1. No response was received to any of this discovery.

10. Following Ms. Chaitman's clarification that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, as well as Interrogatories and Requests for Production, were served on all the Objecting Claimants personally. The actual numbered Requests for Admission in each set are identical. None of the Requests for Admission (nor any of the other discovery) was responded to.

### *Pro Se* Objecting Claimants That Failed To Respond To Requests For Admission

11. Attached hereto as Exhibit 2 is a chart of the Objecting Claimants who did not respond to the Requests for Admission served upon them. Each of the Objecting Claimants

3

referenced in Exhibit 2 was sent thirteen (13) numbered Requests for Admission in their discovery package.  These were identically worded.

12. The cover letters sent to the various Objecting Claimants in the Exhibit 2 chart varied in their definition of "accountholder" and "account" (and to a certain extent, in their description of counsel issues) based on which Partnership was being referenced. Examples of the three types, together with their respective Requests for Admission and certificates of service, are attached as Exhibits 3 (Lazarus Schy), 4 (Lazarus Investment), and 5 (Schy Family).

13. The cover letters also differed in ways not directly relevant to the requests for admission themselves. The "accountholder" and "account" definitions and certain other variations (date, addressee, claim number, due date for responses, references to the dates and docket numbers of objections) are specified in the chart attached as Exhibit 2.  Given there are voluminous Requests for Admission and that there is no variation other than as mentioned in this declaration, the Trustee is offering to provide these documents on request rather than attaching them to this declaration.

14. Attached as Exhibit 6 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in Exhibit 2.

## Miscellaneous Exhibits

15. Attached as Exhibit 7 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships. (ECF No. 8734.)

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2015

New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman Esq.