**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05095 (SMB) |
| Plaintiff, | |
| v. | |
| WILLIAM J. MANDELBAUM, individually and in his capacity as a Tenant in Common, and | |
| GLENDA MANDELBAUM, individually and in her capacity as a Tenant in Common, | |
| Defendants. | |

**STIPULATION OF PARTIAL SETTLEMENT AND STAY OF FURTHER
PROCEEDINGS UNTIL RESOLUTION OF BANKRUPTCY CODE
SECTION 546(E) APPEAL**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act,

15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L.

Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and

defendants William J. Mandelbaum, individually and in his capacity as a Tenant in Common,

and Glenda Mandelbaum, individually and in her capacity as a Tenant in Common (the

"Defendants", and with the Trustee, the "Parties"), by and through their counsel, Lax & Neville

LLP, hereby stipulate and agree to the following:

1.      On December 2, 2010, the Trustee commenced this adversary proceeding against

the Defendants seeking the avoidance and recovery of: (a) transfers made by BLMIS within two

years of December 11, 2008 (the "Two Year Transfers") and (b) transfers made by BLMIS prior

to December 11, 2006 (the "Non-Two Year Transfers").

2.      By Order dated April 30, 2012 (the "Dismissal Order"), the United States District

Court for the Southern District of New York (the "District Court") dismissed the Trustee's

claims to avoid and recover the Non-Two Year Transfers made to certain defendants based on an

interpretation of Bankruptcy Code Section 546(e).

3.      The Trustee appealed the Dismissal Order to the United States Court of Appeals

for the Second Circuit (the "546(e) Appeal").

4.      On December 8, 2014, the Second Circuit affirmed the Dismissal Order.

5.      On March 17, 2015, the Trustee filed a petition for a writ of certiorari with the

United States Supreme Court.

6.    On January 30, 2015, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181].

7.    Under the Settlement Agreement, the Parties have settled the Trustee's claims for the Two Year Transfers but have agreed to stay this proceeding until a final, non-appealable order is issued in the 546(e) Appeal affirming or reversing the Dismissal Order.

8.    If a final, non-appealable order in the 546(e) Appeal reverses the Dismissal Order, the Trustee will, as soon as practicable, dismiss the Trustee's Two Year Transfer claims against the Defendants, and the Defendants shall respond to the Trustee's Non-Two Year Transfer claims within thirty (30) days of the entry of such final, non-appealable order.  The Defendants agree they will not assert any laches, statute of limitations, statute of repose, or time limitations defenses based on the time period this proceeding is stayed as against them by this Stipulation. The Parties stipulate and agree that the Trustee preserves all rights, claims, causes of action, if any, against the Defendants for the Non-Two Year Transfers, and the Defendants preserve all defenses, if any, in response to the Trustee's Non-Two Year Transfers.

9.    If a final, non-appealable order in the 546(e) Appeal affirms the Dismissal Order, the Trustee will, as soon as practicable, dismiss the adversary proceeding without prejudice and without costs to either the Trustee or the Defendants.

10.    The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

Dated:  April 7,  2015

BAKER & HOSTETLER LLP


By:  /s/ Marc E. Hirschfield
    45 Rockefeller Plaza
    New York, New York 10111
    Telephone:  212.589.4200
    Facsimile:  212.589.4201
       David J. Sheehan
       Email: dsheehan@bakerlaw.com
       Marc E. Hirschfield
       Email: mhirschfield@bakerlaw.com
       Jessica Schichnes
       Email: jschichnes@bakerlaw.com
       Joshua B. Rog
       Email: jrog@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*


LAX & NEVILLE LLP

By:  /s/ Brian J. Neville
    1450 Broadway
    New York, NY 10018
    Telephone: 212.696.1999
    Facsimile: 212.566.4531
    Barry R. Lax
    Email: blax@laxneville.com
    Brian J. Neville
    Email: bneville@laxneville.com
    Gabrielle Pretto
    Email: gpretto@lawneville.com

*Attorneys for Defendants William J. Mandelbaum, individually and in his capacity as a Tenant in Common, and Glenda Mandelbaum, individually and in her capacity as a Tenant in Common*


SO ORDERED

/s/ STUART M. BERNSTEIN_____

Dated:  April 7th, 2015                    HON. STUART M. BERNSTEIN
       New York, New York                    UNITED STATES BANKRUPTCY JUDGE