UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br>v.<br><br>DORADO INVESTMENT COMPANY; MARSHALL D. MILLER, in his capacity as a General Partner of Dorado Investment Company; DAVID J. MILLER, in his capacity as a General Partner of Dorado Investment Company; STEVEN L. MILLER. in his capacity as a General Partner of Dorado Investment Company; and SUSAN MILLER, in her capacity as a General Partner of Dorado Investment Company,<br><br>        Defendants. | Adv. Pro. No. 10-04333 (SMB) |

## AMENDED CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of

Bernard L. Madoff individually ("Madoff"), and Dorado Investment Company, Marshall D. Miller, David J. Miller, Steven L. Miller and Susan Miller (collectively, the "Parties" and each individually, a "Party") hereby submit the following Amended Case Management Plan (the "Plan"), pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Bankruptcy Rules 7016 and 7026.

    1.    <u>Status of Pleadings</u>.

        (a)    Defendants have answered the Complaint.

        (b)    On November 12, 2014, the Parties filed a Stipulation to Amendment (the "Stipulation to Amendment"), by which the Parties agreed, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Federal Rule of Bankruptcy Procedure 7015, to an amendment of Defendants' Answer, as well as any amendment of the Trustee's Complaint, as deemed necessary by the Trustee following the conduct of further discovery.

        (c)    On November 13, 2014, Defendants filed a Joint Amended Answer to Complaint.

        (d)    At this time, the Parties do not contemplate any further amendments to the pleadings or joinder of additional parties. However, the Trustee reserves the right to amend the Complaint pursuant to the Stipulation to Amendment, Federal Rule of Civil Procedure 15(a)(2) and Federal Rule of Bankruptcy Procedure 7015.

    2.    <u>Discovery Plan</u>.

        (a)    <u>Initial Disclosures</u>:  The Parties have exchanged Initial Disclosures.

        (b)    <u>Subjects on which Discovery may be Needed</u>:  The Parties have completed certain portions of fact discovery, and contemplate that further discovery will be needed on liability and damages issues, and that fact and expert discovery will be needed.

(c) <u>Document Demands</u>: Requests for documents may be served on or after May 2, 2011 but no later than June 15, 2015.

(d) <u>Interrogatories</u>: The deadlines for service of interrogatories pursuant to Local Rule 7033-1(b) and contention based interrogatories pursuant to Local Rule 7033-1(c) have passed.

(e) <u>Requests for Admission</u>: Requests for Admission, if any, may be served on or after May 2, 2011 but no later than June 15, 2015.

(f) <u>Experts</u>: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before September 18, 2015. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before October 20, 2015. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur on or before January 19, 2016. The foregoing restriction shall not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed no less than 60 days before trial.

(g) <u>Depositions</u>: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date as set forth below. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under the Federal Rules of Civil Procedure, although the Parties acknowledge that there may be certain depositions that cannot be concluded

within the time limit.  The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party may make application to the Court for an extension of that time limit.

The Parties may take depositions of fact witnesses during the period for fact discovery after Parties' Initial Disclosures have been made.  To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources.  The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions.  To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of Defendants' expert and fact witnesses shall occur at such place as the Parties shall mutually agree.

(h) <u>Discovery Cut-Off</u>: All fact discovery is to be completed on or before July 14, 2015.

(i) <u>Limitations on Discovery Imposed under the Federal and/or Local Rules</u>: Limitations on written discovery will be governed consistent with the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary.

(j) <u>Form of Production</u>: The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the defendants. With regard to documents produced electronically, apart from those documents produced in a data room, the Parties shall comply with the ESI Production Protocol attached as Exhibit A.

3. <u>Confidentiality</u>.

The Litigation Protective Order (ECF No. 4137) entered on June 6, 2011 and the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474) entered on September

17, 2013 in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) (collectively, the "LPO") shall govern the disclosure of confidential information in this proceeding.

4. <u>Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action</u>.

The Parties do not presently believe that any modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

5. <u>Prospects for Settlement, including whether a Settlement Conference should be Scheduled and whether the Parties will Stipulate to the Trial Judge acting as Settlement Judge</u>.

The Parties conducted mediation on April 9, 2015 with mediator Melanie L. Cyganowski, pursuant to the Stipulated Order Referring Matter to Mediation entered on August 21, 2013 and the Stipulation Extending Time to Conclude Mediation until July 17, 2015, entered on March 20, 2015. The Parties are evaluating the possibility of settlement. The Parties believe that it would be premature to schedule a settlement conference at this time.

6. <u>Any other Matter that may add to the Just and Expeditious Disposition of this Matter</u>.

The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

7. <u>Trial</u>.

The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

8. <u>Next Conference</u>.

The Parties will contact the Court to schedule the next conference as necessary.

9. <u>Parties and Counsel</u>.

The following Parties join in this proposed Plan, through their counsel.

Dated: April 14, 2015

| | |
|---|---|
| By: */s/ Nicholas J. Cremona* <br> Baker & Hostetler LLP <br> 45 Rockefeller Plaza <br> New York, NY 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br><br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Nicholas J. Cremona <br> Email: ncremona@bakerlaw.com <br> Dean D. Hunt <br> Email: dhunt@bakerlaw.com <br><br> *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff* | By: */s/ Heather Marx* <br> Cozen O'Connor <br> 33 South Sixth Street, Suite 4640 <br> Minneapolis, MN 55402 <br> Telephone: (612) 260-9000 <br> Facsimile: (612) 260-9080 <br><br> Thomas G. Wallrich <br> Email: twallrich@cozen.com <br> Heather Marx <br> Email: hmarx@cozen.com <br><br><br><br> *Attorneys for Defendants Dorado Investment Company, Marshall D. Miller, David J. Miller, Steven L. Miller, and Susan Miller* |

So Ordered this <u>14th</u> day of <u> April</u>, 2015

                                          /s/ STUART M. BERNSTEIN
                                          HONORABLE STUART M. BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE