Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Adv. Case No. 08-01789-smb

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

7            Debtor.

8   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

9   SECURITIES INVESTOR PROTECTION CORPORATION,

10                   Plaintiff-Applicant,

11            v.

12   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

13                   Defendant.

14   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15

16                   U.S. Bankruptcy Court

17                   One Bowling Green

18                   New York, NY   10004

19

20                   April 16, 2015

21                   10:07 AM

22

23   B E F O R E :

24   HON STUART M. BERNSTEIN

25   U.S. BANKRUPTCY JUDGE

Page 2

1    Hearing re:  Omnibus Interim Fee Applications

2

3    Hearing re:  Seventeenth Application of Trustee and Baker &

4    Hostetler LLP for Allowance of Interim Compensation

5

6    Hearing re:  Application of Schiltz & Schiltz as Special

7    Counsel to the Trustee for Allowance of Interim Compensation

8

9    Hearing re:  Application of Higgs & Johnson (formerly Higgs

10   Johnson Truman Bodden & Co.) as Special Counsel to the

11   Trustee for Allowance of Interim Compensation

12

13   Hearing re:  Application of Soroker - Agmon as Special

14   Counsel to the Trustee for Allowance of Interim Compensation

15

16   Hearing re:  Application of Graf & Pitkowitz Rechtsanwalte

17   GmbH as Special Counsel to the Trustee for Allowance of

18   Interim Compensation

19

20   Hearing re:  Application of SCA Creque as Special Counsel to

21   the Trustee for Allowance of Interim Compensation

22

23   Hearing re:  Application of Young Conaway Stargatt & Taylor,

24   LLP as Special Counsel to the Trustee for Allowance of

25   Interim Compensation

Page 3

1    Hearing re:  Application of Williams, Barristers & Attorneys

2    as Special Counsel to the Trustee for Allowance of Interim

3    Compensation.

4

5    Hearing re:  Application of Taylor Wessing as Special

6    Counsel to the Trustee for Allowance of Interim Compensation

7

8    Hearing re:  Sixteenth Application of Windels Marx Lane &

9    Mittendorf, LLP for Allowance of Interim Compensation

10

11   Hearing re:  Application of UGGC & Associates as Special

12   Counsel to the Trustee for Allowance of Interim Compensation

13

14   Hearing re:  Application of Triay Stagnetto Neish as Special

15   Counsel to the Trustee for Allowance of Interim Compensation

16

17   Hearing re:  Application of Werder Vigano as Special Counsel

18   to the Trustee for Allowance of Interim Compensation

19

20   Hearing re:  Application of Browne Jacobson, LLP as Special

21   Counsel to the Trustee for Allowance of Interim Compensation

22

23   Hearing re:  Application of Eugene F. Collins as Special

24   Counsel to the Trustee for Allowance of Interim Compensation

25

1    Hearing re:  Application of Kelley, Wolter & Scott, P.A. as

2    Special Counsel to the Trustee for Allowance of Interim

3    Compensation

4

5    Hearing re:  Application of Cochran Allan as Special Counsel

6    to the Trustee for Allowance of Interim Compensation

7

8    Hearing re:  Application of Spizz Cohen & Serchuk as Special

9    Counsel to the Trustee for Allowance of Interim Compensation

10

11    Hearing re:  Motion to Approve R. 9019 Settlement Agreement

12    Between Trustee and Defendants

13

14    Hearing re:  Motion to Extend Time to Elect to Assume or

15    Reject Lease of Non Residential Real Property

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   WINDELS MARX LANE & MITTENDORF, LLP

 4        156 West 56th Street

 5        New York, NY  10019

 6

 7   BY:  ALAN NISSELSON

 8

 9   BAKER HOSTETLER

10        Attorneys for the Trustee

11        45 Rockefeller Plaza

12        New York, NY  10111

13

14   BY:  DAVID J. SHEEHAN

15        KEITH R. MURPHY

16

17   SECURITIES INVESTOR PROTECTION CORPORATION

18        805 15th Street, N.W.

19        Suite 800

20        Washington, D.C. 20005

21

22   BY:  KEVIN BELL

23

24   SEWARD & KISSEL LLP

25        Attorney for Reliance International Research LLC
```

Page 6

1        One Battery Park Plaza

2        New York, NY   10004

3

4   BY:  MICHAEL B. WEITMAN

5

6   ALSO PRESENT TELEPHONICALLY:

7   KENT COLLIER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 7

1                    P R O C E E D I N G S

2              THE COURT:  Please be seated.  Good morning.

3     Madoff.

4              MR. MURPHY:  Good morning, Your Honor.

5              THE COURT:  Good morning.

6              MR. MURPHY:  Keith Murphy, Baker Hostetler for the

7     trustee.  Your Honor, this morning we're here on the

8     trustee's application pursuant to Bankruptcy Rule 919 and

9     Section 105(a) of the Bankruptcy Code seeking approval of a

10    settlement between the trustee on the one hand and Defender

11    Limited, Reliance Management (BVI) Limited, Reliance

12    Management (Gibraltar) Limited, Reliance International

13    Research, LLC, Tim Brockmann, and Justin Lowe on the other

14    hands.

15             Your Honor, Defender was a Madoff feeder fund.  It

16    invested all of its assets with BLMIS.  It opened an account

17    with BLMIS in May 2007.  In between that date and the

18    collapse of BLMIS in 2008 of December, Defender withdrew $93

19    million from their account.  Based on the trustee's

20    investigation he brought the instant adversary proceeding

21    against the defendant seeking to avoid and recover those

22    transfers.

23             The complaint also included claims against some of

24    the defendants alleging that they had received subsequent

25    transfers of the original transfers to defendant.

1             THE COURT:  Those there is only one initial

2    transferee in this case?

3             MR. MURPHY:  Correct.  The trustee also sought in

4    his complaint to disallow the customer claim filed by

5    Defender to also equitably subordinate that claim.  The

6    defendants disputed any liability with respect to the BLMIS

7    estate for the transfers and with respect to its litigation

8    against the defendants, Your Honor, the trustee has examined

9    information, including that obtained through BLMIS records,

10   Rule 2004 discovery and through deposition testimony of

11   multiple people.

12            THE COURT:  How does the defendant have the

13   customer claim (indiscernible) fraudulent transfers?

14            MR. MURPHY:  This particular customer actually as

15   principal --

16            THE COURT:  Oh, it's a bad faith case?

17            MR. MURPHY:  It's a bad faith case, yes.

18            THE COURT:  Okay.

19            MR. MURPHY:  After the complaint, Your Honor,

20   certain of the defendants filed a motion to dismiss

21   challenging personal jurisdiction.  That is still open.  It

22   hasn't been heard yet, but obviously it will not be

23   necessary anymore after this.  The parties agreed to pursue

24   mediation in this case.  We engaged former Judge Conrad to

25   be our mediator and SIPC, Securities Investor Protection

Page 9

1   Corporation, also took a very active role in this mediation

2   during the process.

3            We mediated over several days in January 2015.  We

4   did not reach a resolution during that time, but the parties

5   actually continued from January through March discussing and

6   negotiating.  We did finally reach the settlement on March

7   26th I believe.

8            Your Honor, the principal terms of the agreement

9   are that at the closing, Defender is going to pay to the

10  trustee the full amount of the transfers, $93 million.  Upon

11  the closing the Defender customer claim is going to be

12  deemed allowed and equal in priority with other allowed

13  claims.  In addition to their allowed claim, we're going to

14  give them 88 percent of the settlement payment as well on

15  top of that allowed claim.

16           THE COURT:  As a customer claim or a general

17  claim?

18           MR. MURPHY:  As a customer claim.  There are

19  mutual releases in the settlement agreement, Your Honor, and

20  several of the defendants are also agreeing to continue with

21  discovery with us with respect to a different adversary

22  proceeding, which is still going on with the trustee.

23           Your Honor, we submit that the settlement falls

24  well within the range of reasonableness.  The agreement

25  resolves all claims that are raised in the adversary

1    proceeding and would certainly avoid what would be a very

2    contentious litigation with respect to the trustee's claims.

3    The settlement is going to bring almost $100 million into

4    the estate and it will benefit the fund of customer property

5    and this closure of this case will actually result in the

6    adversary proceeding being fully resolved.  I would note

7    that there were no objections that were filed.  My

8    colleague, John Pintarelli, who represents Defender, is

9    delayed on the subway.  He would be here -- may be in here

10   momentarily.

11           THE COURT:  He'd better be quick I guess.

12           MR. MURPHY:  I think so.  So, we request approval

13   of the agreement, Your Honor, unless you have any further

14   questions for us.

15           THE COURT:  All right.  Is there anyone that wants

16   to be heard?  Yes.

17           MR. BELL:  Your Honor, Kevin Bell on behalf of the

18   Securities Investor Protection Corporation.  SIPC supports

19   the settlement which results in a payment and clarity on

20   Defender's claim.  The payment will result in increasing the

21   allowed customer claims above the $14 billion range and will

22   have a material effect on the motion the trustee filed once

23   it closes -- the trustee filed regarding the allocation

24   which will -- which is made -- the Court may have noted will

25   result in about $0.56 on the dollar having been paid in this

Page 11

1   liquidation proceeding.

2            THE COURT:  Is that using the time damage funds

3   that have been segregated to make a distribution?

4            MR. BELL:  Yeah.  As the motion said yesterday,

5   these categories are deemed determined, which Defender was a

6   very large sum on a deemed determined claim.  Defender will

7   now move into the allowed claim.  That amount segregated out

8   in yesterday's motion will be reduced accordingly to allow

9   more payments which will probably put it above $0.56 and

10  SIPC finds that this is an extremely well though, extremely

11  beneficial settlement and will result in a tremendous

12  benefit to the allowed customers who haven't been fully paid

13  as well as to the Defender claimants and SIPC supports and

14  encourages the Court to approve.

15           THE COURT:  Does anybody else want to be heard?

16  All right, I'll approve the settlement.  The only question

17  with a settlement like this is whether the settling parties

18  paying the full amount that's owed gets a 502(h) claim

19  because it's a fraudulent transfer claim.  Whether it's a

20  claim against I guess the customer estate or against the

21  general estate, but those are certain difficult questions

22  and the settlement falls well within the lowest point within

23  the range of reasonableness so it's approved.  You can

24  submit an order approving the settlement and a separate

25  order closing the adversary proceeding.

Page 12

1          MR. MURPHY:  Thank you, Your Honor.

2          THE COURT:  Okay.

3          MR. SHEEHAN:  Good morning, Your Honor.  David

4    Sheehan, Baker Hostetler on behalf of the trustee.

5          This is the return date of the 17th application by

6    the trustee and Baker Hostetler for fees and expenses in

7    connection with the Madoff liquidation.  In addition, we've

8    also brought an application with regard to all the counsel

9    who work with us throughout the world with regard to this

10   case and they are on for hearing today.

11         I should note at the outset two things.  One,

12   there are no objections that were filed with regard to any

13   of these applications and secondly, a small administrative

14   detail, but one that should be noted, is that there was a

15   refund during the course of the period of about -- well,

16   it's not about -- it's actually $12,597.96 with regard to

17   expenses that had been -- that we were seeking payment for

18   here in connection with Browne Jacobson.  With that refund

19   having occurred recently we no longer need that so I wanted

20   to -- since it's going to reduce the amount being paid to

21   them by $12,597.96, I thought we should certainly put it on

22   the record since the order will reflect that reduction and

23   on top of that that, you know, by putting it on the record

24   here everyone has notice of it.  But I didn't think I had to

25   go through a renoticing, Your Honor, since it was just

Page 13

1    reducing the amount being paid, and a rather insignificant

2    amount given the overall application to the Court.

3              THE COURT:  Yes.  I agree.

4              MR. SHEEHAN:  In summary, Your Honor, just a

5    couple of things to report upon with regard to the time

6    period in question here.  I'd like to focus today on

7    something that was reflected by the Defender application a

8    moment ago.

9              As Your Honor knows, we've broken these cases down

10   into different categories and in those categories we've

11   triaged them even further.  For example, in good faith we've

12   broken them down into two-year only claims, two-year claims,

13   whether six-year a piece or hybrid claim and then secure

14   only claims.  And up until December when the Second Circuit

15   decided the 546(e) opinion, we were being very successful in

16   settling a lot of the good faith cases at the clip of about

17   $10 to $15 million a month with a real surge in December

18   driven by year-end tax considerations so that overall almost

19   $200 million was collected during the -- not just during the

20   reporting period, but for all of last year.

21             But I want to emphasize that there's been a steady

22   stream of two to three to four mediations a week given how

23   many cases we do have.  I'm mindful of Your Honor's

24   admonition the last time we were together on a fee

25   application that, you know, we have a lot of these cases and

1    we're going to try to get rid of some and obviously we are.

2    We have a lot more clarity, even though we are seeking a

3    cert petition.

4          THE COURT:  What's happening with that?

5          MR. SHEEHAN:  Today -- we have filed our petition.

6    Today there are six amici that we'll be filing

7    (indiscernible) ranging from a Yale law professor and his

8    colleagues, on our side the National Association of

9    Bankruptcy Trustees, a feeder fund representative and a

10   number of amici have joined us in our petition and then

11   there will obviously be responsive briefs and we'll see what

12   the Court says.  It might very well be that they ask the

13   solicitor general their position on this.  They did the last

14   time we were up there on net equity so that may happen.

15         THE COURT:  How many of the -- I know you have

16   other claims in these complaints, but with respect to the

17   avoidance claims, how many of the claims -- cases are these

18   two-year good faith cases or good faith cases which may only

19   be two-year good faith cases?

20         MR. SHEEHAN:  Mr. Bell is very much better with me

21   on statistics, but he might even know, but it's several

22   hundred.  It's not -- out of all those.  It's not like

23   thousands.  The majority of them are the hybrid claims, the

24   two and six-year components.

25         What we've been doing in those though, we've been

Page 15

1    settling those too and the way we've been approaching those

2    is that we ask for a portion of the six-year.  There's still

3    a risk.  We'd like to think a significant risk.  We'd like

4    to think that we're right.  Of course we do.  But the point

5    is that we have had people paying anywhere from 10 to 30

6    percent of the six-year amount just for finality, just to

7    put it behind them and settle the case.

8           THE COURT:  If you couple it with an allowance of

9    their claim they're basically not going out of pocket.

10          MR. SHEEHAN:  Well, in this situation most often

11   there's not a claim.  It's a fictitious profits claim where

12   they've been overpaid and they have no claim other than the

13   last statement which has been obviously put aside by the net

14   equity decision.

15          I wanted just for Your Honor to know that and

16   that's not just happening in good faith cases, but, as Your

17   Honor knows because you had a hearing on Herald and Primeo,

18   those both came about as a result of the hard work of Peter

19   Horowitz and other mediators have worked on various cases.

20   They've all done a very fine job and we've had some real

21   successes again, as I say, Defender this morning, all not

22   during the reporting period, but very actively in the

23   reporting period.

24          Certainly Herald and Primeo a lot of the work did

25   occur during the reporting period then culminating in the

1    settlement in the next quarter.  So all that work is going

2    on as well as substantial litigation, much of which appears

3    before Your Honor so you're very familiar with that.

4           July 6th came down the opinion during the

5    reporting period by Judge Rakoff with regard to

6    extraterritoriality.  There has been significant work on all

7    those cases, many appearances before Your Honor, a pending

8    motion that everyone's working on right now.  All of that

9    started during the reporting period and is culminating

10    hopefully by the end of June with a filing with Your Honor.

11           So, the firm has been very, very busy in that

12    regard as well as just ongoing cases, whether it be the

13    Merkin case, the Kingate case and the other cases that are

14    basically at the motion to dismiss stage or past that and

15    now into discovery and being prepared for trial.  So a lot

16    of that work also took place during the reporting period.

17           With regard to our colleagues at Windels Marx, I

18    know they appear before Your Honor in connection with this

19    matter on a regular basis.  Throughout their services have

20    been exemplary and extraordinarily helpful to the trustee.

21    We've gotten significantly good results.  The Blumenthal

22    settlement, which Your Honor approved at the end of last

23    year, was as a result of the efforts of that firm, bringing

24    substantial dollars to the estate.  And our other counsel,

25    Young Conaway, etcetera.  All those people have been very,

Page 17

1   very helpful to us in making all this happen.

2           With regard to the foreign there's many

3   applications and I've gone through some of those in the

4   past.  Today I thought I'd just highlight two that I think

5   are principally the bulk of the hours.  Over 4,000 hours was

6   spent by Browne Jacobson and it's on such a variety of

7   different things I just thought I'd give Your Honor

8   something of an insight there.

9           As I think I've explained before when we first

10  started the case during that first two-year period when we

11  were facing the statute, we wanted to be sure that we filed

12  protective actions just in case because we knew there would

13  be issues like extraterritoriality and issues like personal

14  jurisdiction.  So we have protective actions, as I've

15  advised Your Honor before, in many, many jurisdictions.

16  Many of them are in the islands, the Caymans, BVI and

17  Bermuda, which still operates under the common wealth system

18  and therefore the counseling that we get from Browne

19  Jacobson is not only in the U.K., where we have many things

20  pending as well, for example Kingate there's a protective

21  action there, we spent a good deal of time after July 6

22  working on the Kingate bill of particulars, as it's called

23  in London as opposed to a complaint, reviewing that in

24  connection with Judge Rakoff's decision of what the

25  implications might be there, etcetera, in terms of comity

1    and other issues and things that we might have to address.

2    Browne Jacobson was invaluable obviously in that type of

3    endeavor.

4              The same thing was true with regards to the

5    complainants in Cayman, in BVI and Bermuda.  As Your Honor

6    well knows, because we're here, we intend to litigate all

7    those cases here.  We think Your Honor has jurisdiction.  We

8    don't think there's an extraterritorial effect so that's

9    where we are.  But at the same time we have to be active in

10   those cases.  One of them, Primeo, which we did settle, got

11   so active that we were in the appellate panel in terms of

12   overall jurisdiction in the courts in the Caymans.  Browne

13   Jacobson assisted us in that appeal.

14             Vizcaya is one that's been around for quite some

15   time.  We got a default a long time ago and, again, the

16   development occurred in England.  There was this case that

17   was there, the Ruben case and everyone thought that this was

18   a big breakthrough for default judgments.  So much so that

19   one of the parties wanted to vacate their default to give

20   themselves a day in court here and deposit $61 million.  As

21   Your Honor might suspect, they're sort of reconsidering

22   their position based on the July 6th decision of Judge

23   Rakoff on extraterritoriality.  They're seeing that as a

24   different set of facts.  That is another case that probably

25   will end up in mediation at this point with an American

Page 19

1    mediator, but with the mediation taking place probably in

2    the United Kingdom to accommodate all the counsel that are

3    representing the defendants in Vizcaya.

4          We want to resolve that if we can because, you

5    know, there's very difficult issues there and we have $61

6    million here.  If we can settle utilizing those funds I

7    think we'll have a much better outcome.  Again, Browne

8    Jacobson very involved in assisting us in that effort.

9    That's just a sampling of what we do with them on a regular

10   basis that results in the significant hours that they've had

11   during the reporting period.

12         On top of that there's a lot of time, over 500

13   hours, for our Bermuda counsel and that emanates from the

14   fact that Kingate has an active ongoing litigation there,

15   the funds that we've sued that Quinn Emanuel represents here

16   in the United States and they have other counsel in Bermuda

17   and they are suing Kingate Management Limited, which was the

18   administrative arm created for it, as well as the trust

19   funds and the other defendants we have in our case under

20   their own cause of action.

21         Through good counseling, etcetera, we have our own

22   action there, but we've never consolidated.  It makes more

23   sense and I could go through all the machinations of why,

24   but our cause of action, to be blunt, wouldn't be as favored

25   as the locally appointed liquidator so we're sort of

Page 20

```
 1    trailing it to see what happens.  There is $300 million of

 2    their money in BVI.  That's actually where it was

 3    incorporated, but the liquidation is in Bermuda because

 4    that's where KML was incorporated.  So, we're chasing that

 5    $300 million and we have an injunction all that.

 6           All of this work is being done by the barristers

 7    with us and solicitors in Bermuda where the main action is.

 8    So, while we're actively litigating here, we're not

 9    participating in that litigation, but we clearly have to

10    stay on top of what's occurring there.  It's very difficult

11    to get access, for example, to discovery.  As Your Honor

12    probably well knows, unless a document becomes public in a

13    forum in the U.K. that document is not available.  It just

14    stays between the parties.  So, we actively monitor those

15    cases and try to get the documents that we can get available

16    to us, etcetera, since we're still actually in the beginning

17    stages of litigation in Kingate.

18           So that just highlights those two firms that are

19    out of many that represent us.  The work done by the other

20    firms is very similar, not as active obviously because of

21    what's been occurring since July 6th.  But those cases --

22    and as a matter of fact I should report that in many of

23    those cases those cases have slowed down because we're sort

24    of standing and waiting and seeing where we're going,

25    etcetera.  They're not done there.  There is monies on
```

Page 21

1   deposit, for example, in Lichtenstein that we're watching

2   and things like that, but we're not actively pushing them so

3   the time you saw during this time period went down.

4          Overall, as Mr. Bell pointed out, he stole my

5   thunder a little bit talking about this, but what is the

6   ultimate goal of all of this?  Obviously it's collecting

7   money to return to the customers and we so far, you know,

8   not during the reporting period, but through today that

9   collected $10.6 billion, $900 million plus, about $909-$910,

10  is going to be distributed as a result of the application we

11  filed yesterday which gets us, as Mr. Bell pointed out,

12  close to 56 percent.

13         I think the efforts of all of these counsel across

14  the globe and the efforts of obviously the trustee and Mr.

15  Nisselson and his firm, etcetera, get us those results

16  because, as somebody pointed out -- one of the wags that

17  likes to talk about this case -- is you know they've never

18  tried anything.  Well, that's true.  We actually haven't

19  ultimately tried a case yet.  But what does it tell you that

20  people are settling with us?  Not just the strength of the

21  code, somewhat battered by some of the decisions that we've

22  encountered here, but the code is so strong, but also that

23  we've put together great cases with great lawyers and people

24  see that we're the real deal and if you really are going to

25  go forward we're actually going to try this case and, as

Page 22

1    Your Honor knows, there's always a risk.  There's never a

2    guarantee of winning and I think, you know, they see that

3    and that's what results in these settlements.  And we're

4    going to continue to do that.  As many cases we can settle

5    we will, but it takes two people to do that and we try our

6    best to make that happen.

7            So, based on all that, Your Honor, I'd ask that in

8    light of no objections and the submissions that were made to

9    Your Honor we request that Your Honor approve our

10   applications here this morning.

11           THE COURT:  Thank you.

12           MR. SHEEHAN:  Thank you.

13           MR. BELL:  Kevin Bell on behalf of SIPC.  Your

14   Honor, now that we have seen the barrier of $0.50 on the

15   dollar passed or soon to be passed, the sunshine is a little

16   brighter, but --

17           THE COURT:  It may be the time of year.

18           MR. BELL:  It's sunny today.  But I think it's

19   also the effort of all these counselors, as Mr. Sheehan has

20   pointed out.  As I have told the Court in the past, SIPC

21   reviews each and every time entry.  SIPC is involved with

22   its oversight on this case.  Every one of the applications

23   before the Court has gone through extensive reviews.  We are

24   fully aware of the standard set forth in SIPA Section

25   78eee(b)(5)(C) in this type of case where there's really no

Page 23

1    reasonable expectation at this minute, no matter how hopeful

2    I am, that in the end there will be that the monies that

3    SIPC has advanced or that there will be money for the

4    general estate in SIPC's advancement, the trustee who will

5    be filing his interim report soon will show that SIPC has

6    advanced over $1 billion for administrative expenses in this

7    case, which will be the first priority payment out of any

8    general estate that's recovered by the trustee so we're

9    aware of all the responsibilities and we do hold the

10   responsibility that the law gives us in great respect.

11          So we do an extensive review and if you look at

12   our recommendation at paragraph three of the Windels'

13   recommendation or paragraph five of the Baker

14   recommendation, you will see a delineation of the reductions

15   that have occurred and you can assume that in each and every

16   application similar reductions of 10 percent of the normal

17   rate have occurred and that each and every time entry with

18   which we have a question there has been a discussion over

19   the period of time that these applications pertain and that

20   has happened from day one of this liquidation proceeding

21   because of SIPC's oversight.

22          We are very comfortable.  The corporation is very

23   comfortable with regard to its recommendations here to the

24   Court as explained in the prior presentation by Mr. Murphy

25   and Mr. Sheehan's presentation of where this case is going

Page 24

1    and, as I noted earlier with regard to the trustee's motion

2    yesterday with regard to the allocation that is set for

3    hearing on May 29th, I do expect if an order is granted at

4    that time that sometime in mid-June we will be able to

5    trumpet that we have exceeded $0.56 and, not to steal too

6    much of Mr. Sheehan's thunder, there are very active

7    settlement negotiations and 9019s being worked on to raise

8    that number higher.  That will be presented to the Court

9    sometime within the next two months.

10            So, this case is hot, it's active, it's well

11   fought and everybody who is involved, whether on the trustee

12   side or the other side, is very conscientious in doing this

13   situation because there are no winners in this case because

14   it is now in its seventh year.  We have customers who have

15   not received their payments.  As yesterday's motion said, a

16   customer who had $1.125 million allowable claim has been

17   fully satisfied.  The number of customer who have not been

18   fully paid, if the Court grants that motion, will sink below

19   1,000 and a large percentage of the monies that are owed are

20   due to feeder funds similar to Defender because you look at

21   the application and you see the number of deemed determines

22   are quite large and those are matters that are in discussion

23   and have been in discussion with very learned counsel on the

24   other side.

25            Hopefully at some point in time everybody sees the

Page 25

1    light and, as Mr. Sheehan has pointed out, we are in the

2    Supreme Court.  SIPC has filed its own petition in the

3    Supreme Court with regard to it.  We are hopeful when the

4    responses are filed on or about May 16th and we file our

5    reply that we will have a decision by the Court by the end

6    of this term on June 25th, last conference date.  But we

7    will -- and if they ask the solicitor general that may kick

8    it for six months or so based on past understandings in the

9    last petitioning that was up there.

10              So, just to sum up, SIPC supports strongly these

11   applications to the Court.  We find that the services

12   performed are of the highest caliber.  SIPC's oversight has

13   been some would say penurious, but we respect our

14   responsibility and we ask the Court to issue an order that

15   will grant these applications that are before the Court.

16   Thank you Your Honor.

17              THE COURT:  Thank you.  Does anyone else want to

18   be heard in connection with any of the applications?  The

19   record should reflect there's no response.  The applications

20   will be approved I guess subject to that reduction for

21   Browne --

22              MR. BELL:  For Browne Jacobson of the $12,000

23   plus.

24              THE COURT:  SIPC has certified based on

25   representations to SIPC that there is no reasonable

1    expectation that there'll be enough money I guess in the

2    general estate to pay the administrative expenses so SIPC

3    will pay this amount and I'm inclined to accept its

4    recommendation regarding the fees since they don't deviate

5    from what the professionals are seeking.  So you can submit

6    an order.

7              MR. MURPHY:  Thank you, Your Honor.

8              MR. SHEEHAN:  Thank you, Your Honor.

9              (Whereupon these proceedings were concluded at

10   10:37 AM)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                       I N D E X

 2

 3                          RULINGS

 4                                        Page      Line

 5   Motion to Approve R. 9019 Settlement   11        20

 6     Agreement Between Trustee and Defendants

 7     Granted

 8   Omnibus Interim Fee Applications granted  25      23

 9   Seventeenth Application of Trustee and Baker 25    23

10     & Hostetler LLP  for Allowance of Interim

11     Compensation granted

12   Application of Schiltz & Schiltz as Special 25    23

13     Counsel to the Trustee for Allowance of

14     Interim Compensation granted

15   Application of Higgs & Johnson (formerly   25     23

16     Higgs Johnson Truman Bodden & Co.) as

17     Special Counsel to the Trustee for

18     Allowance of Interim Compensation granted

19   Application of Soroker - Agmon as Special  25     23

20     Counsel to the Trustee for Allowance of

21     Interim Compensation granted

22   Application of Graf & Pitkowitz            25     23

23     Rechtsanwalte GmbH as Special Counsel

24     to the Trustee for Allowance of Interim

25     Compensation granted
```

Page 28

```
 1    Application of SCA Creque as Special        25          23

 2      Counsel to the Trustee for Allowance

 3      of Interim Compensation granted

 4    Application of Young Conaway Stargatt       25          23

 5      & Taylor, LLP as Special Counsel to

 6      the Trustee for Allowance of Interim

 7      Compensation granted

 8    Application of Williams, Barristers &       25          23

 9      Attorneys as Special Counsel to the

10      Trustee for Allowance of Interim

11      Compensation granted

12    Application of Taylor Wessing as Special    25          23

13      Counsel to the Trustee for Allowance

14      of Interim Compensation granted

15    Sixteenth Application of Windels Marx       25          23

16      Lane & Mittendorf, LLP for Allowance

17      of Interim Compensation granted

18    Application of UGGC & Associates as         25          23

19      Special Counsel to the Trustee for

20      Allowance of Interim Compensation granted

21    Application of Triay Stagnetto Neish        25          23

22      as Special Counsel to the Trustee for

23      Allowance of Interim Compensation granted

24    Application of Werder Vigano as Special     25          23

25      Counsel to the Trustee for Allowance
```

Page 29

| | | | |
|---|---|---|---|
| 1 | of Interim Compensation granted | | |
| 2 | Application of Browne Jacobson, LLP | 25 | 23 |
| 3 | as Special Counsel to the Trustee | | |
| 4 | for Allowance of Interim Compensation | | |
| 5 | granted | | |
| 6 | Application of Eugene F. Collins as | 25 | 23 |
| 7 | Special Counsel to the Trustee for | | |
| 8 | Allowance of Interim Compensation granted | | |
| 9 | Application of Kelley, Wolter & Scott, | 25 | 23 |
| 10 | P.A. as Special Counsel to the Trustee | | |
| 11 | for Allowance of Interim Compensation | | |
| 12 | granted | | |
| 13 | Application of Cochran Allan as Special | 25 | 23 |
| 14 | Counsel to the Trustee for Allowance | | |
| 15 | of Interim Compensation granted | | |
| 16 | Application of Spizz Cohen & Serchuk | 25 | 23 |
| 17 | as Special Counsel to the Trustee | | |
| 18 | for Allowance of Interim Compensation | | |
| 19 | granted | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |

Page 30

1                    C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4      transcript is a true and accurate record of the proceedings.

5

6      Sonya                Digitally signed by Sonya Ledanski
                            Hyde
                            DN: cn=Sonya Ledanski Hyde, o, ou,
       Ledanski Hyde        email=digital1@veritext.com, c=US
7                           Date: 2015.04.17 12:57:28 -04'00'

8      Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  April 17, 2015

[& - association]                                                                 Page 1

| **&** |
|---|
| **&**  2:3,6,9,10,16,23 |
| 3:1,8,11 4:1,8 5:3 |
| 5:24 27:10,12,15,16 |
| 27:22 28:5,8,16,18 |
| 29:9,16 |

| **0** |
|---|
| **0.50**  22:14 |
| **0.56**  10:25 11:9 24:5 |
| **08-01789**  1:3 |

| **1** |
|---|
| **1**  23:6 |
| **1,000**  24:19 |
| **1.125**  24:16 |
| **10**  13:17 15:5 23:16 |
| **10.6**  21:9 |
| **100**  10:3 |
| **10004**  1:18 6:2 |
| **10019**  5:5 |
| **10111**  5:12 |
| **105**  7:9 |
| **10:07**  1:21 |
| **10:37**  26:10 |
| **11**  27:5 |
| **11501**  30:23 |
| **12,000**  25:22 |
| **12,597.96**  12:16,21 |
| **14**  10:21 |
| **15**  13:17 |
| **156**  5:4 |
| **15th**  5:18 |
| **16**  1:20 |
| **16th**  25:4 |
| **17**  30:25 |
| **17th**  12:5 |

| **2** |
|---|
| **20**  27:5 |
| **200**  13:19 |
| **20005**  5:20 |
| **2004**  8:10 |
| **2007**  7:17 |
| **2008**  7:18 |
| **2015**  1:20 9:3 30:25 |
| **23**  27:8,9,12,15,19 |
| 27:22 28:1,4,8,12 |

| 28:15,18,21,24 29:2 |
|---|
| 29:6,9,13,16 |
| **25**  27:8,9,12,15,19 |
| 27:22 28:1,4,8,12 |
| 28:15,18,21,24 29:2 |
| 29:6,9,13,16 |
| **25th**  25:6 |
| **26th**  9:7 |
| **29th**  24:3 |

| **3** |
|---|
| **30**  15:5 |
| **300**  20:1,5 30:22 |
| **330**  30:21 |

| **4** |
|---|
| **4,000**  17:5 |
| **45**  5:11 |

| **5** |
|---|
| **5**  22:25 |
| **500**  19:12 |
| **502**  11:18 |
| **546**  13:15 |
| **56**  21:12 |
| **56th**  5:4 |

| **6** |
|---|
| **6**  17:21 |
| **61**  18:20 19:5 |
| **6th**  16:4 18:22 |
| 20:21 |

| **7** |
|---|
| **78eee**  22:25 |

| **8** |
|---|
| **800**  5:19 |
| **805**  5:18 |
| **88**  9:14 |

| **9** |
|---|
| **900**  21:9 |
| **9019**  4:11 27:5 |
| **9019s**  24:7 |
| **909**  21:9 |
| **910**  21:9 |
| **919**  7:8 |
| **93**  7:18 9:10 |

| **a** |
|---|
| **able**  24:4 |
| **accept**  26:3 |
| **access**  20:11 |
| **accommodate**  19:2 |
| **account**  7:16,19 |
| **accurate**  30:4 |
| **action**  17:21 19:20 |
| 19:22,24 20:7 |
| **actions**  17:12,14 |
| **active**  9:1 18:9,11 |
| 19:14 20:20 24:6,10 |
| **actively**  15:22 20:8 |
| 20:14 21:2 |
| **addition**  9:13 12:7 |
| **address**  18:1 |
| **administrative** |
| 12:13 19:18 23:6 |
| 26:2 |
| **admonition**  13:24 |
| **adv**  1:3 |
| **advanced**  23:3,6 |
| **advancement**  23:4 |
| **adversary**  7:20 9:21 |
| 9:25 10:6 11:25 |
| **advised**  17:15 |
| **agmon**  2:13 27:19 |
| **ago**  13:8 18:15 |
| **agree**  13:3 |
| **agreed**  8:23 |
| **agreeing**  9:20 |
| **agreement**  4:11 9:8 |
| 9:19,24 10:13 27:6 |
| **alan**  5:7 |
| **allan**  4:5 29:13 |
| **alleging**  7:24 |
| **allocation**  10:23 |
| 24:2 |
| **allow**  11:8 |
| **allowable**  24:16 |
| **allowance**  2:4,7,11 |
| 2:14,17,21,24 3:2,6 |
| 3:9,12,15,18,21,24 |
| 4:2,6,9 15:8 27:10 |
| 27:13,18,20,24 28:2 |
| 28:6,10,13,16,20,23 |
| 28:25 29:4,8,11,14 |

| 29:18 |
|---|
| **allowed**  9:12,12,13 |
| 9:15 10:21 11:7,12 |
| **american**  18:25 |
| **amici**  14:6,10 |
| **amount**  9:10 11:7 |
| 11:18 12:20 13:1,2 |
| 15:6 26:3 |
| **anybody**  11:15 |
| **anymore**  8:23 |
| **appeal**  18:13 |
| **appear**  16:18 |
| **appearances**  16:7 |
| **appears**  16:2 |
| **appellate**  18:11 |
| **applicant**  1:10 |
| **application**  2:3,6,9 |
| 2:13,16,20,23 3:1,5 |
| 3:8,11,14,17,20,23 |
| 4:1,5,8 7:8 12:5,8 |
| 13:2,7,25 21:10 |
| 23:16 24:21 27:9,12 |
| 27:15,19,22 28:1,4 |
| 28:8,12,15,18,21,24 |
| 29:2,6,9,13,16 |
| **applications**  2:1 |
| 12:13 17:3 22:10,22 |
| 23:19 25:11,15,18 |
| 25:19 27:8 |
| **appointed**  19:25 |
| **approaching**  15:1 |
| **approval**  7:9 10:12 |
| **approve**  4:11 11:14 |
| 11:16 22:9 27:5 |
| **approved**  11:23 |
| 16:22 25:20 |
| **approving**  11:24 |
| **april**  1:20 30:25 |
| **arm**  19:18 |
| **aside**  15:13 |
| **assets**  7:16 |
| **assisted**  18:13 |
| **assisting**  19:8 |
| **associates**  3:11 |
| 28:18 |
| **association**  14:8 |

**assume** 4:14 23:15
**attorney** 5:25
**attorneys** 3:1 5:10 28:9
**available** 20:13,15
**avoid** 7:21 10:1
**avoidance** 14:17
**aware** 22:24 23:9

**b**

**b** 1:23 6:4 22:25
**bad** 8:16,17
**baker** 2:3 5:9 7:6 12:4,6 23:13 27:9
**bankruptcy** 1:1,16 1:25 7:8,9 14:9
**barrier** 22:14
**barristers** 3:1 20:6 28:8
**based** 7:19 18:22 22:7 25:8,24
**basically** 15:9 16:14
**basis** 16:19 19:10
**battered** 21:21
**battery** 6:1
**beginning** 20:16
**behalf** 10:17 12:4 22:13
**believe** 9:7
**bell** 5:22 10:17,17 11:4 14:20 21:4,11 22:13,13,18 25:22
**beneficial** 11:11
**benefit** 10:4 11:12
**bermuda** 17:17 18:5 19:13,16 20:3 20:7
**bernard** 1:6,12
**bernstein** 1:24
**best** 22:6
**better** 10:11 14:20 19:7
**big** 18:18
**bill** 17:22
**billion** 10:21 21:9 23:6
**bit** 21:5

**blmis** 7:16,17,18 8:6,9
**blumenthal** 16:21
**blunt** 19:24
**bodden** 2:10 27:16
**bowling** 1:17
**breakthrough** 18:18
**briefs** 14:11
**brighter** 22:16
**bring** 10:3
**bringing** 16:23
**brockmann** 7:13
**broken** 13:9,12
**brought** 7:20 12:8
**browne** 3:20 12:18 17:6,18 18:2,12 19:7 25:21,22 29:2
**bulk** 17:5
**busy** 16:11
**bvi** 7:11 17:16 18:5 20:2

**c**

**c** 5:1 7:1 22:25 30:1 30:1
**caliber** 25:12
**called** 17:22
**case** 1:3 8:2,16,17 8:24 10:5 12:10 15:7 16:13,13 17:10 17:12 18:16,17,24 19:19 21:17,19,25 22:22,25 23:7,25 24:10,13
**cases** 13:9,16,23,25 14:17,18,18,19 15:16,19 16:7,12,13 18:7,10 20:15,21,23 20:23 21:23 22:4
**categories** 11:5 13:10,10
**cause** 19:20,24
**cayman** 18:5
**caymans** 17:16 18:12
**cert** 14:3

**certain** 8:20 11:21
**certainly** 10:1 12:21 15:24
**certified** 25:24 30:3
**challenging** 8:21
**chasing** 20:4
**circuit** 13:14
**claim** 8:4,5,13 9:11 9:13,15,16,17,18 10:20 11:6,7,18,19 11:20 13:13 15:9,11 15:11,12 24:16
**claimants** 11:13
**claims** 7:23 9:13,25 10:2,21 13:12,12,14 14:16,17,17,23
**clarity** 10:19 14:2
**clearly** 20:9
**clip** 13:16
**close** 21:12
**closes** 10:23
**closing** 9:9,11 11:25
**closure** 10:5
**cochran** 4:5 29:13
**code** 7:9 21:21,22
**cohen** 4:8 29:16
**collapse** 7:18
**colleague** 10:8
**colleagues** 14:8 16:17
**collected** 13:19 21:9
**collecting** 21:6
**collier** 6:7
**collins** 3:23 29:6
**comfortable** 23:22 23:23
**comity** 17:25
**common** 17:17
**compensation** 2:4,7 2:11,14,18,21,25 3:3,6,9,12,15,18,21 3:24 4:3,6,9 27:11 27:14,18,21,25 28:3 28:7,11,14,17,20,23 29:1,4,8,11,15,18
**complainants** 18:5

**complaint** 7:23 8:4 8:19 17:23
**complaints** 14:16
**components** 14:24
**conaway** 2:23 16:25 28:4
**concluded** 26:9
**conference** 25:6
**connection** 12:7,18 16:18 17:24 25:18
**conrad** 8:24
**conscientious** 24:12
**considerations** 13:18
**consolidated** 19:22
**contentious** 10:2
**continue** 9:20 22:4
**continued** 9:5
**corporation** 1:9 5:17 9:1 10:18 23:22
**correct** 8:3
**counsel** 2:7,10,14 2:17,20,24 3:2,6,12 3:15,17,21,24 4:2,5 4:9 12:8 16:24 19:2 19:13,16 21:13 24:23 27:13,17,20 27:23 28:2,5,9,13 28:19,22,25 29:3,7 29:10,14,17
**counseling** 17:18 19:21
**counselors** 22:19
**country** 30:21
**couple** 13:5 15:8
**course** 12:15 15:4
**court** 1:1,16 7:2,5 8:1,12,16,18 9:16 10:11,15,24 11:2,14 11:15 12:2 13:2,3 14:4,12,15 15:8 18:20 22:11,17,20 22:23 23:24 24:8,18 25:2,3,5,11,14,15 25:17,24

[courts - globe]                                                                                      Page 3

**courts**  18:12
**created**  19:18
**creque**  2:20 28:1
**culminating**  15:25
  16:9
**customer**  8:4,13,14
  9:11,16,18 10:4,21
  11:20 24:16,17
**customers**  11:12
  21:7 24:14

**d**

**d**  7:1 27:1
**d.c.**  5:20
**damage**  11:2
**date**  7:17 12:5 25:6
  30:25
**david**  5:14 12:3
**day**  18:20 23:20
**days**  9:3
**deal**  17:21 21:24
**debtor**  1:7
**december**  7:18
  13:14,17
**decided**  13:15
**decision**  15:14
  17:24 18:22 25:5
**decisions**  21:21
**deemed**  9:12 11:5,6
  24:21
**default**  18:15,18,19
**defendant**  1:13 7:21
  7:25 8:12
**defendants**  4:12
  7:24 8:6,8,20 9:20
  19:3,19 27:6
**defender**  7:10,15,18
  8:5 9:9,11 10:8
  11:5,6,13 13:7
  15:21 24:20
**defender's**  10:20
**delayed**  10:9
**delineation**  23:14
**deposit**  18:20 21:1
**deposition**  8:10
**detail**  12:14
**determined**  11:5,6

**determines**  24:21
**development**  18:16
**deviate**  26:4
**different**  9:21 13:10
  17:7 18:24
**difficult**  11:21 19:5
  20:10
**disallow**  8:4
**discovery**  8:10 9:21
  16:15 20:11
**discussing**  9:5
**discussion**  23:18
  24:22,23
**dismiss**  8:20 16:14
**disputed**  8:6
**distributed**  21:10
**distribution**  11:3
**district**  1:2
**document**  20:12,13
**documents**  20:15
**doing**  14:25 24:12
**dollar**  10:25 22:15
**dollars**  16:24
**driven**  13:18
**due**  24:20

**e**

**e**  1:23,23 5:1,1 7:1,1
  13:15 27:1 30:1
**earlier**  24:1
**effect**  10:22 18:8
**effort**  19:8 22:19
**efforts**  16:23 21:13
  21:14
**elect**  4:14
**emanates**  19:13
**emanuel**  19:15
**emphasize**  13:21
**encountered**  21:22
**encourages**  11:14
**endeavor**  18:3
**engaged**  8:24
**england**  18:16
**entry**  22:21 23:17
**equal**  9:12
**equitably**  8:5
**equity**  14:14 15:14

**estate**  8:7 10:4
  11:20,21 16:24 23:4
  23:8 26:2
**etcetera**  16:25
  17:25 19:21 20:16
  20:25 21:15
**eugene**  3:23 29:6
**everybody**  24:11,25
**everyone's**  16:8
**examined**  8:8
**example**  13:11
  17:20 20:11 21:1
**exceeded**  24:5
**exemplary**  16:20
**expect**  24:3
**expectation**  23:1
  26:1
**expenses**  12:6,17
  23:6 26:2
**explained**  17:9
  23:24
**extend**  4:14
**extensive**  22:23
  23:11
**extraordinarily**
  16:20
**extraterritorial**
  18:8
**extraterritoriality**
  16:6 17:13 18:23
**extremely**  11:10,10

**f**

**f**  1:23 3:23 29:6
  30:1
**facing**  17:11
**fact**  19:14 20:22
**facts**  18:24
**faith**  8:16,17 13:11
  13:16 14:18,18,19
  15:16
**falls**  9:23 11:22
**familiar**  16:3
**far**  21:7
**favored**  19:24
**fee**  2:1 13:24 27:8
**feeder**  7:15 14:9
  24:20

**fees**  12:6 26:4
**fictitious**  15:11
**file**  25:4
**filed**  8:4,20 10:7,22
  10:23 12:12 14:5
  17:11 21:11 25:2,4
**filing**  14:6 16:10
  23:5
**finality**  15:6
**finally**  9:6
**find**  25:11
**finds**  11:10
**fine**  15:20
**firm**  16:11,23 21:15
**firms**  20:18,20
**first**  17:9,10 23:7
**five**  23:13
**focus**  13:6
**foregoing**  30:3
**foreign**  17:2
**former**  8:24
**formerly**  2:9 27:15
**forth**  22:24
**forum**  20:13
**forward**  21:25
**fought**  24:11
**four**  13:22
**fraudulent**  8:13
  11:19
**full**  9:10 11:18
**fully**  10:6 11:12
  22:24 24:17,18
**fund**  7:15 10:4 14:9
**funds**  11:2 19:6,15
  19:19 24:20
**further**  10:13 13:11

**g**

**g**  7:1
**general**  9:16 11:21
  14:13 23:4,8 25:7
  26:2
**gibraltar**  7:12
**give**  9:14 17:7 18:19
**given**  13:2,22
**gives**  23:10
**globe**  21:14

**gmbh** 2:17 27:23
**go** 12:25 19:23
  21:25
**goal** 21:6
**going** 9:9,11,13,22
  10:3 12:20 14:1
  15:9 16:1 20:24
  21:10,24,25 22:4
  23:25
**good** 7:2,4,5 12:3
  13:11,16 14:18,18
  14:19 15:16 16:21
  17:21 19:21
**gotten** 16:21
**graf** 2:16 27:22
**grant** 25:15
**granted** 24:3 27:7,8
  27:11,14,18,21,25
  28:3,7,11,14,17,20
  28:23 29:1,5,8,12
  29:15,19
**grants** 24:18
**great** 21:23,23
  23:10
**green** 1:17
**guarantee** 22:2
**guess** 10:11 11:20
  25:20 26:1

**h**

**h** 11:18
**hand** 7:10
**hands** 7:14
**happen** 14:14 17:1
  22:6
**happened** 23:20
**happening** 14:4
  15:16
**happens** 20:1
**hard** 15:18
**heard** 8:22 10:16
  11:15 25:18
**hearing** 2:1,3,6,9,13
  2:16,20,23 3:1,5,8
  3:11,14,17,20,23
  4:1,5,8,11,14 12:10
  15:17 24:3

**helpful** 16:20 17:1
**herald** 15:17,24
**higgs** 2:9,9 27:15,16
**higher** 24:8
**highest** 25:12
**highlight** 17:4
**highlights** 20:18
**hold** 23:9
**hon** 1:24
**honor** 7:4,7,15 8:8
  8:19 9:8,19,23
  10:13,17 12:1,3,25
  13:4,9 15:15,17
  16:3,7,10,18,22
  17:7,15 18:5,7,21
  20:11 22:1,7,9,9,14
  25:16 26:7,8
**honor's** 13:23
**hopeful** 23:1 25:3
**hopefully** 16:10
  24:25
**horowitz** 15:19
**hostetler** 2:4 5:9 7:6
  12:4,6 27:10
**hot** 24:10
**hours** 17:5,5 19:10
  19:13
**hundred** 14:22
**hybrid** 13:13 14:23
**hyde** 4:25 30:3,8

**i**

**implications** 17:25
**inclined** 26:3
**included** 7:23
**including** 8:9
**incorporated** 20:3,4
**increasing** 10:20
**indiscernible** 8:13
  14:7
**information** 8:9
**initial** 8:1
**injunction** 20:5
**insight** 17:8
**insignificant** 13:1
**instant** 7:20
**intend** 18:6

**interim** 2:1,4,7,11
  2:14,18,21,25 3:2,6
  3:9,12,15,18,21,24
  4:2,6,9 23:5 27:8,10
  27:14,18,21,24 28:3
  28:6,10,14,17,20,23
  29:1,4,8,11,15,18
**international** 5:25
  7:12
**invaluable** 18:2
**invested** 7:16
**investigation** 7:20
**investment** 1:6,12
**investor** 1:9 5:17
  8:25 10:18
**involved** 19:8 22:21
  24:11
**islands** 17:16
**issue** 25:14
**issues** 17:13,13 18:1
  19:5

**j**

**j** 5:14
**jacobson** 3:20 12:18
  17:6,19 18:2,13
  19:8 25:22 29:2
**january** 9:3,5
**job** 15:20
**john** 10:8
**johnson** 2:9,10
  27:15,16
**joined** 14:10
**judge** 1:25 8:24
  16:5 17:24 18:22
**judgments** 18:18
**july** 16:4 17:21
  18:22 20:21
**june** 16:10 24:4
  25:6
**jurisdiction** 8:21
  17:14 18:7,12
**jurisdictions** 17:15
**justin** 7:13

**k**

**keith** 5:15 7:6

**kelley** 4:1 29:9
**kent** 6:7
**kevin** 5:22 10:17
  22:13
**kick** 25:7
**kingate** 16:13 17:20
  17:22 19:14,17
  20:17
**kingdom** 19:2
**kissel** 5:24
**kml** 20:4
**knew** 17:12
**know** 12:23 13:25
  14:15,21 15:15
  16:18 19:5 21:7,17
  22:2
**knows** 13:9 15:17
  18:6 20:12 22:1

**l**

**l** 1:6,12
**lane** 3:8 5:3 28:16
**large** 11:6 24:19,22
**law** 14:7 23:10
**lawyers** 21:23
**learned** 24:23
**lease** 4:15
**ledanski** 4:25 30:3
  30:8
**legal** 30:20
**liability** 8:6
**lichtenstein** 21:1
**light** 22:8 25:1
**likes** 21:17
**limited** 7:11,11,12
  19:17
**line** 27:4
**liquidation** 11:1
  12:7 20:3 23:20
**liquidator** 19:25
**litigate** 18:6
**litigating** 20:8
**litigation** 8:7 10:2
  16:2 19:14 20:9,17
**little** 21:5 22:15
**llc** 1:6,12 5:25 7:13
**llp** 2:4,24 3:9,20 5:3
  5:24 27:10 28:5,16

29:2
**locally** 19:25
**london** 17:23
**long** 18:15
**longer** 12:19
**look** 23:11 24:20
**lot** 13:16,25 14:2
    15:24 16:15 19:12
**lowe** 7:13
**lowest** 11:22

**m**

**m** 1:24
**machinations** 19:23
**madoff** 1:6,12 7:3
    7:15 12:7
**main** 20:7
**majority** 14:23
**making** 17:1
**management** 7:11
    7:12 19:17
**march** 9:5,6
**marx** 3:8 5:3 16:17
    28:15
**material** 10:22
**matter** 1:5 16:19
    20:22 23:1
**matters** 24:22
**mediated** 9:3
**mediation** 8:24 9:1
    18:25 19:1
**mediations** 13:22
**mediator** 8:25 19:1
**mediators** 15:19
**merkin** 16:13
**michael** 6:4
**mid** 24:4
**million** 7:19 9:10
    10:3 13:17,19 18:20
    19:6 20:1,5 21:9
    24:16
**mindful** 13:23
**mineola** 30:23
**minute** 23:1
**mittendorf** 3:9 5:3
    28:16
**moment** 13:8

**momentarily** 10:10
**money** 20:2 21:7
    23:3 26:1
**monies** 20:25 23:2
    24:19
**monitor** 20:14
**month** 13:17
**months** 24:9 25:8
**morning** 7:2,4,5,7
    12:3 15:21 22:10
**motion** 4:11,14 8:20
    10:22 11:4,8 16:8
    16:14 24:1,15,18
    27:5
**move** 11:7
**multiple** 8:11
**murphy** 5:15 7:4,6
    7:6 8:3,14,17,19
    9:18 10:12 12:1
    23:24 26:7
**mutual** 9:19

**n**

**n** 5:1 7:1 27:1 30:1
**n.w.** 5:18
**national** 14:8
**necessary** 8:23
**need** 12:19
**negotiating** 9:6
**negotiations** 24:7
**neish** 3:14 28:21
**net** 14:14 15:13
**never** 19:22 21:17
    22:1
**new** 1:2,18 5:5,12
    6:2
**nisselson** 5:7 21:15
**non** 4:15
**normal** 23:16
**note** 10:6 12:11
**noted** 10:24 12:14
    24:1
**notice** 12:24
**number** 14:10 24:8
    24:17,21
**ny** 1:18 5:5,12 6:2
    30:23

**o**

**o** 1:23 7:1 30:1
**objections** 10:7
    12:12 22:8
**obtained** 8:9
**obviously** 8:22 14:1
    14:11 15:13 18:2
    20:20 21:6,14
**occur** 15:25
**occurred** 12:19
    18:16 23:15,17
**occurring** 20:10,21
**oh** 8:16
**okay** 8:18 12:2
**old** 30:21
**omnibus** 2:1 27:8
**once** 10:22
**ongoing** 16:12
    19:14
**open** 8:21
**opened** 7:16
**operates** 17:17
**opinion** 13:15 16:4
**opposed** 17:23
**order** 11:24,25
    12:22 24:3 25:14
    26:6
**original** 7:25
**outcome** 19:7
**outset** 12:11
**overall** 13:2,18
    18:12 21:4
**overpaid** 15:12
**oversight** 22:22
    23:21 25:12
**owed** 11:18 24:19

**p**

**p** 5:1,1 7:1
**p.a.** 4:1 29:10
**page** 27:4
**paid** 10:25 11:12
    12:20 13:1 24:18
**panel** 18:11
**paragraph** 23:12,13
**park** 6:1

**participating** 20:9
**particular** 8:14
**particulars** 17:22
**parties** 8:23 9:4
    11:17 18:19 20:14
**passed** 22:15,15
**pay** 9:9 26:2,3
**paying** 11:18 15:5
**payment** 9:14 10:19
    10:20 12:17 23:7
**payments** 11:9
    24:15
**pending** 16:7 17:20
**penurious** 25:13
**people** 8:11 15:5
    16:25 21:20,23 22:5
**percent** 9:14 15:6
    21:12 23:16
**percentage** 24:19
**performed** 25:12
**period** 12:15 13:6
    13:20 15:22,23,25
    16:5,9,16 17:10
    19:11 21:3,8 23:19
**personal** 8:21 17:13
**pertain** 23:19
**peter** 15:18
**petition** 14:3,5,10
    25:2
**petitioning** 25:9
**piece** 13:13
**pintarelli** 10:8
**pitkowitz** 2:16
    27:22
**place** 16:16 19:1
**plaintiff** 1:10
**plaza** 5:11 6:1
**please** 7:2
**plus** 21:9 25:23
**pocket** 15:9
**point** 11:22 15:4
    18:25 24:25
**pointed** 21:4,11,16
    22:20 25:1
**portion** 15:2
**position** 14:13
    18:22

**prepared** 16:15
**present** 6:6
**presentation** 23:24
  23:25
**presented** 24:8
**primeo** 15:17,24
  18:10
**principal** 8:15 9:8
**principally** 17:5
**prior** 23:24
**priority** 9:12 23:7
**probably** 11:9
  18:24 19:1 20:12
**proceeding** 7:20
  9:22 10:1,6 11:1,25
  23:20
**proceedings** 26:9
  30:4
**process** 9:2
**professionals** 26:5
**professor** 14:7
**profits** 15:11
**property** 4:15 10:4
**protection** 1:9 5:17
  8:25 10:18
**protective** 17:12,14
  17:20
**public** 20:12
**pursuant** 7:8
**pursue** 8:23
**pushing** 21:2
**put** 11:9 12:21 15:7
  15:13 21:23
**putting** 12:23

**q**

**quarter** 16:1
**question** 11:16 13:6
  23:18
**questions** 10:14
  11:21
**quick** 10:11
**quinn** 19:15
**quite** 18:14 24:22

**r**

**r** 1:23 4:11 5:1,15
  7:1 27:5 30:1

**raise** 24:7
**raised** 9:25
**rakoff** 16:5 18:23
**rakoff's** 17:24
**range** 9:24 10:21
  11:23
**ranging** 14:7
**rate** 23:17
**reach** 9:4,6
**real** 4:15 13:17
  15:20 21:24
**really** 21:24 22:25
**reasonable** 23:1
  25:25
**reasonableness**
  9:24 11:23
**received** 7:24 24:15
**rechtsanwalte** 2:16
  27:23
**recommendation**
  23:12,13,14 26:4
**recommendations**
  23:23
**reconsidering**
  18:21
**record** 12:22,23
  25:19 30:4
**records** 8:9
**recover** 7:21
**recovered** 23:8
**reduce** 12:20
**reduced** 11:8
**reducing** 13:1
**reduction** 12:22
  25:20
**reductions** 23:14,16
**reflect** 12:22 25:19
**reflected** 13:7
**refund** 12:15,18
**regard** 12:8,9,12,16
  13:5 16:5,12,17
  17:2 23:23 24:1,2
  25:3
**regarding** 10:23
  26:4
**regards** 18:4

**regular** 16:19 19:9
**reject** 4:15
**releases** 9:19
**reliance** 5:25 7:11
  7:11,12
**renoticing** 12:25
**reply** 25:5
**report** 13:5 20:22
  23:5
**reporting** 13:20
  15:22,23,25 16:5,9
  16:16 19:11 21:8
**represent** 20:19
**representations**
  25:25
**representative** 14:9
**representing** 19:3
**represents** 10:8
  19:15
**request** 10:12 22:9
**research** 5:25 7:13
**residential** 4:15
**resolution** 9:4
**resolve** 19:4
**resolved** 10:6
**resolves** 9:25
**respect** 8:6,7 9:21
  10:2 14:16 23:10
  25:13
**response** 25:19
**responses** 25:4
**responsibilities**
  23:9
**responsibility** 23:10
  25:14
**responsive** 14:11
**result** 10:5,20,25
  11:11 15:18 16:23
  21:10
**results** 10:19 16:21
  19:10 21:15 22:3
**return** 12:5 21:7
**review** 23:11
**reviewing** 17:23
**reviews** 22:21,23
**rid** 14:1

**right** 10:15 11:16
  15:4 16:8
**risk** 15:3,3 22:1
**road** 30:21
**rockefeller** 5:11
**role** 9:1
**ruben** 18:17
**rule** 7:8 8:10
**rulings** 27:3

**s**

**s** 5:1 7:1
**sampling** 19:9
**satisfied** 24:17
**saw** 21:3
**says** 14:12
**sca** 2:20 28:1
**schiltz** 2:6,6 27:12
  27:12
**scott** 4:1 29:9
**seated** 7:2
**second** 13:14
**secondly** 12:13
**section** 7:9 22:24
**secure** 13:13
**securities** 1:6,9,12
  5:17 8:25 10:18
**see** 14:11 20:1
  21:24 22:2 23:14
  24:21
**seeing** 18:23 20:24
**seeking** 7:9,21
  12:17 14:2 26:5
**seen** 22:14
**sees** 24:25
**segregated** 11:3,7
**sense** 19:23
**separate** 11:24
**serchuk** 4:8 29:16
**services** 16:19
  25:11
**set** 18:24 22:24 24:2
**settle** 15:7 18:10
  19:6 22:4
**settlement** 4:11
  7:10 9:6,14,19,23
  10:3,19 11:11,16,17
  11:22,24 16:1,22

24:7 27:5
**settlements** 22:3
**settling** 11:17 13:16
  15:1 21:20
**seventeenth** 2:3
  27:9
**seventh** 24:14
**seward** 5:24
**sheehan** 5:14 12:3,4
  13:4 14:5,20 15:10
  22:12,19 25:1 26:8
**sheehan's** 23:25
  24:6
**show** 23:5
**side** 14:8 24:12,12
  24:24
**significant** 15:3
  16:6 19:10
**significantly** 16:21
**similar** 20:20 23:16
  24:20
**sink** 24:18
**sipa** 22:24
**sipc** 8:25 10:18
  11:10,13 22:13,20
  22:21 23:3,5 25:2
  25:10,24,25 26:2
**sipc's** 23:4,21 25:12
**situation** 15:10
  24:13
**six** 13:13 14:6,24
  15:2,6 25:8
**sixteenth** 3:8 28:15
**slowed** 20:23
**small** 12:13
**smb** 1:3
**solicitor** 14:13 25:7
**solicitors** 20:7
**solutions** 30:20
**somebody** 21:16
**somewhat** 21:21
**sonya** 4:25 30:3,8
**soon** 22:15 23:5
**soroker** 2:13 27:19
**sort** 18:21 19:25
  20:23

**sought** 8:3
**southern** 1:2
**special** 2:6,10,13,17
  2:20,24 3:2,5,11,14
  3:17,20,23 4:2,5,8
  27:12,17,19,23 28:1
  28:5,9,12,19,22,24
  29:3,7,10,13,17
**spent** 17:6,21
**spizz** 4:8 29:16
**stage** 16:14
**stages** 20:17
**stagnetto** 3:14
  28:21
**standard** 22:24
**standing** 20:24
**stargatt** 2:23 28:4
**started** 16:9 17:10
**statement** 15:13
**states** 1:1 19:16
**statistics** 14:21
**statute** 17:11
**stay** 20:10
**stays** 20:14
**steady** 13:21
**steal** 24:5
**stole** 21:4
**stream** 13:22
**street** 5:4,18
**strength** 21:20
**strong** 21:22
**strongly** 25:10
**stuart** 1:24
**subject** 25:20
**submissions** 22:8
**submit** 9:23 11:24
  26:5
**subordinate** 8:5
**subsequent** 7:24
**substantial** 16:2,24
**subway** 10:9
**successes** 15:21
**successful** 13:15
**sued** 19:15
**suing** 19:17
**suite** 5:19 30:22

**sum** 11:6 25:10
**summary** 13:4
**sunny** 22:18
**sunshine** 22:15
**supports** 10:18
  11:13 25:10
**supreme** 25:2,3
**sure** 17:11
**surge** 13:17
**suspect** 18:21
**system** 17:17

**t**

**t** 30:1,1
**takes** 22:5
**talk** 21:17
**talking** 21:5
**tax** 13:18
**taylor** 2:23 3:5 28:5
  28:12
**telephonically** 6:6
**tell** 21:19
**term** 25:6
**terms** 9:8 17:25
  18:11
**testimony** 8:10
**thank** 12:1 22:11,12
  25:16,17 26:7,8
**thing** 18:4
**things** 12:11 13:5
  17:7,19 18:1 21:2
**think** 10:12 12:24
  15:3,4 17:4,9 18:7,8
  19:7 21:13 22:2,18
**thought** 12:21 17:4
  17:7 18:17
**thousands** 14:23
**three** 13:22 23:12
**thunder** 21:5 24:6
**tim** 7:13
**time** 4:14 9:4 11:2
  13:5,24 14:14 17:21
  18:9,15,15 19:12
  21:3,3 22:17,21
  23:17,19 24:4,25
**today** 12:10 13:6
  14:5,6 17:4 21:8
  22:18

**told** 22:20
**top** 9:15 12:23
  19:12 20:10
**trailing** 20:1
**transcribed** 4:25
**transcript** 30:4
**transfer** 11:19
**transferee** 8:2
**transfers** 7:22,25
  7:25 8:7,13 9:10
**tremendous** 11:11
**triaged** 13:11
**trial** 16:15
**triay** 3:14 28:21
**tried** 21:18,19
**true** 18:4 21:18
  30:4
**truman** 2:10 27:16
**trumpet** 24:5
**trust** 19:18
**trustee** 2:3,7,11,14
  2:17,21,24 3:2,6,12
  3:15,18,21,24 4:2,6
  4:9,12 5:10 7:7,10
  8:3,8 9:10,22 10:22
  10:23 12:4,6 16:20
  21:14 23:4,8 24:11
  27:6,9,13,17,20,24
  28:2,6,10,13,19,22
  28:25 29:3,7,10,14
  29:17
**trustee's** 7:8,19
  10:2 24:1
**trustees** 14:9
**try** 14:1 20:15
  21:25 22:5
**two** 12:11 13:12,12
  13:22 14:18,19,24
  17:4,10 20:18 22:5
  24:9
**type** 18:2 22:25

**u**

**u.k.** 17:19 20:13
**u.s.** 1:16,25
**uggc** 3:11 28:18
**ultimate** 21:6

| | |
|---|---|
| **ultimately** 21:19 | **working** 16:8 17:22 |
| **understandings** 25:8 | **world** 12:9 |
| **united** 1:1 19:2,16 | **x** |
| **utilizing** 19:6 | **x** 1:4,8,14 27:1 |
| **v** | **y** |
| **v** 1:11 | **yale** 14:7 |
| **vacate** 18:19 | **yeah** 11:4 |
| **variety** 17:6 | **year** 13:12,12,13,18 |
| **various** 15:19 | 13:20 14:18,19,24 |
| **veritext** 30:20 | 15:2,6 16:23 17:10 |
| **vigano** 3:17 28:24 | 22:17 24:14 |
| **vizcaya** 18:14 19:3 | **yesterday** 11:4 |
| **w** | 21:11 24:2 |
| **wags** 21:16 | **yesterday's** 11:8 |
| **waiting** 20:24 | 24:15 |
| **want** 11:15 13:21 | **york** 1:2,18 5:5,12 |
| 19:4 25:17 | 6:2 |
| **wanted** 12:19 15:15 | **young** 2:23 16:25 |
| 17:11 18:19 | 28:4 |
| **wants** 10:15 | |
| **washington** 5:20 | |
| **watching** 21:1 | |
| **way** 15:1 | |
| **we've** 12:7 13:9,10 | |
| 13:11 14:25,25 15:1 | |
| 15:20 16:21 19:15 | |
| 19:22 21:21,23 | |
| **wealth** 17:17 | |
| **week** 13:22 | |
| **weitman** 6:4 | |
| **went** 21:3 | |
| **werder** 3:17 28:24 | |
| **wessing** 3:5 28:12 | |
| **west** 5:4 | |
| **williams** 3:1 28:8 | |
| **windels** 3:8 5:3 | |
| 16:17 23:12 28:15 | |
| **winners** 24:13 | |
| **winning** 22:2 | |
| **withdrew** 7:18 | |
| **wolter** 4:1 29:9 | |
| **work** 12:9 15:18,24 | |
| 16:1,6,16 20:6,19 | |
| **worked** 15:19 24:7 | |