**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ESTATE OF ELIZABETH H. KAHN aka BETTY KAHN, JEAN A. KAHN, as executrix and as an individual, RUTH E. KAHN, GERARD HESLIN, THOMAS HESLIN, RENFORD WILLIAMS, CYNTHIA SWASO, and JANN JONES,<br><br>          Defendants. | Adv. Pro. No. 10-04960 (SMB) |

**STIPULATION AND ORDER AGREEING TO APPLY DECISION IN**
**THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING**

**WHEREAS**, on December 2, 2010, the plaintiff, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"),

commenced the above-captioned adversary proceeding in the Bankruptcy Court against, among other defendants, defendants Estate of Elizabeth H. Kahn, aka Betty Kahn, Jean A. Kahn, Ruth Kahn and Jann Jones (the "Defendants," and together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS**, on February 14, 2014 a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS**, on April 17, 2014, Defendants moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on April 28, 2014, the issues raised in Defendants' motion to dismiss, together with the issues raised in the Trustee's complaint were referred to mediation pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order;

**WHEREAS**, on May 23, 2014, the Parties mutually selected Francis G. Conrad to act as Mediator in this matter;

**WHEREAS**, on August 28, 2014 the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on September 17, 2014 a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

**WHEREAS**, Defendants have not renewed their motion to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, the Defendants are neither parties to, nor have joined in the Omnibus Proceedings;

**WHEREAS**, the Defendants' motion to dismiss incorporates all the arguments set forth by similarly situated defendants in the Omnibus Proceedings;

**WHEREAS**, the date hereof, the Court has not yet ruled on the Omnibus Proceedings; and

**WHEREAS**, the unresolved issues between the Parties are closely analogous to those presently before, and being considered by, the Bankruptcy Court in the Omnibus Proceedings.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned herein, that:

1. Any decision rendered in the Omnibus Proceedings, to the extent it affects the unresolved issues in the Adversary Proceeding, will apply equally to the Adversary Proceeding and such decision will dispose of the motion to dismiss filed herein.

2. To the extent that the decision in the Omnibus Proceedings is dispositive on all of the unresolved issues in the Adversary Proceeding, but does not dismiss all claims in the Adversary Proceeding, Defendants shall file an answer to the Trustee's complaint within thirty (30) days of the entry of the Bankruptcy Court's order giving effect to the decision in the Omnibus Proceedings.

3. This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and

3

Pg 4 of 5

4

the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

[*Remainder of This Page Intentionally Left Blank*]

Dated: May 5, 2015

| | |
|---|---|
| Of Counsel: | **BAKER & HOSTETLER LLP** |
| **BAKER & HOSTETLER LLP** | By: */s/ Nicholas J. Cremona* |
| 11601 Wilshire Boulevard, Suite 1400 | 45 Rockefeller Plaza |
| Los Angeles, California 90025-0509 | New York, New York 10111 |
| Telephone: 310.820.8800 | Telephone: 212.589.4200 |
| Facsimile:  310.820.8800 | Facsimile: 212.589.4201 |
| Michael R. Matthias | David J. Sheehan |
| Email: mmatthias@bakerlaw.com | Email: dsheehan@bakerlaw.com |
| | Nicholas J. Cremona |
| | Email: ncremona@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**LAX & NEVILLE, LLP**

By: */s/ Gabrielle J. Pretto*
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: 212.696.1999
Facsimile: 212.566.4531
Barry R. Lax
Email: blax@laxneville.com.
Brian J. Neville
Email: bneville@laxneville.com
Gabrielle J. Pretto
Email: gpretto@laxneville.com

*Attorneys for Defendants*

SO ORDERED

| | |
|---|---|
| Dated: May 5th, 2015 | /s/ STUART M. BERNSTEIN |
| New York, New York | Honorable Stuart M. Bernstein |
| | United States Bankruptcy Judge |

5