**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN EPIC VENTURES, LLC**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests In Epic Ventures, LLC (the "Motion"), the Trustee selected BLMIS account 1E0158 (the "Account"), held by Epic Ventures, LLC ("Epic").

4.  A list of Objecting Claimants invested in Epic whose claims are dealt with by this Motion is annexed to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration") as Exhibit 2.  The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in Epic, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5.  I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration.  None of the Objecting Claimants responded to the discovery.

6.  During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Account files as contained in the books and records of BLMIS.

7.  Only one Objection to Determination was filed by Objecting Claimants.  It was filed on behalf of all the Objecting Claimants collectively by SNR Denton US LLP.

### Service of Requests for Admission and Other Discovery

8.  I caused discovery to be served on Objecting Claimants through counsel, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners.  Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

9. The Requests for Admission served upon the Objecting Claimants, together with cover letter and certificate of service, is attached as Exhibit 1. No response was received.

**Miscellaneous Exhibits**

10. Attached as Exhibit 2 is a true and correct copy of the filed certificate of formation of Epic as obtained from the State of Delaware.

11. Attached as Exhibit 3 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships. (ECF No. 8734.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2015

New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman Esq.