# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 5, 2014

Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

Carole Neville
SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC ("BLMIS")*, 08-1789 (SMB)

Dear Ms. Neville,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff. We are writing to you regarding the objection filed on December 13, 2010 (Docket Number 3371) in the aforementioned case in response to the Trustee's determination of claim numbers 013369, 013370, 013371, 013372, 013373, 013374, 013375, 013376, 013377, 013378, 013380, 013381, 013382, 013383, 013384, 013385, 013386 and 013387 on behalf of Elaine Roberts; Joel Goldberg-Pension Profit Sharing Plan; Eric P. Stein IRA; Lena M. Stein Trust; Eric P. Stein fbo Jonah M. Stein 1995 Trust; Alexander A. Stein 1995 Trust; Loren W. Stein; Margot Stein; Sharon Stein; Eric P. Stein; Robert W. Renfield Living Trust; Mona and Alan Fisher; Marilyn and Edward Kaplan; George and Sarah Berman; Joel Goldberg-Pension Profit Sharing Plan (Not First Trust); Lauren Goldberg IRA; Greg Goldberg IRA; and Kerri Goldberg IRA.

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a decision affirming the Trustee's denial of in excess of 1,400 claims that did not have accounts with BLMIS, but instead invested in certain funds (referred to as "feeder funds"). *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013). There were no petitions for *certiorari* to the Supreme Court of the United States. Copies of those final decisions are enclosed herewith for your information.

Carole Neville
September 5, 2014
Page 2

The Trustee's representatives have reviewed the database of claims to determine which claims and related objections also did not invest directly with BLMIS and did not maintain a BLMIS account. In that regard, we have issued this discovery tailored to these prior decisions in an effort to resolve additional claims and objections for claimants, including the aforementioned claimants, who did not have accounts in their names with BLMIS.

The discovery is commenced pursuant to Federal Rules of Bankruptcy Procedure, Rules 7026, 7033, 7034, and 7036. In the event that claimants participate in this discovery, staff for the Trustee will review all information received and the Trustee intends to initiate proceedings, where necessary, to resolve any remaining issues as to whether his denial of customer status should be affirmed. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery. These proceedings are dependent on requesting such dates from the Bankruptcy Court. You will be notified in advance of any objection to the aforementioned claimants' claims. In anticipation of scheduling the claimants' objection for hearing in the U.S. Bankruptcy Court for the Southern District of New York, please see enclosed for the following:

- The Trustee's First Set of Requests for Production of Documents.

- The Trustee's First Set of Interrogatories.

- The Trustee's First Set of Requests for Admission.

Although you have filed an objection on behalf of multiple claimants, we are only sending you one set of discovery requests in order to avoid encumbering you with numerous copies of identical documents. Please provide complete and separate responses for each client or state that the responses to a particular request apply to each of your clients. Upon request, we will provide you with additional copies of the discovery demands.

To the extent that claimants do not participate in discovery, the Trustee intends to take the position that such failure to participate is a bar to participation in such future claims proceedings. This matter, however, will be left to the sound discretion of the Bankruptcy Court. In order for the aforementioned claimants' objection to be processed, it is imperative that we receive the claimants' responses. <u>Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by October 10, 2014.</u>

Carole Neville
September 5, 2014
Page 3



If the claimants intend to withdraw the objection, please contact me. For all other questions, please email madoffclaimsdiscovery@bakerlaw.com. Any communication should include the question, the claim number and the email or U.S. mail address for the response. Someone will respond as promptly as possible.

Sincerely,

*Bik Cheema*
Bik Cheema

300330781

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of Bernard
L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Debtor. | SIPA LIQUIDATION<br><br>Case No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | |

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO CLAIM

PLEASE TAKE NOTICE that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules") and this Court (the "Local Bankruptcy Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the estate of Bernard L. Madoff, hereby requests that Elaine Roberts; Joel Goldberg-Pension Profit Sharing Plan; Eric P. Stein IRA; Lena M. Stein Trust; Eric P. Stein fbo Jonah M. Stein 1995 Trust; Alexander A. Stein 1995 Trust; Loren W. Stein; Margot Stein; Sharon Stein; Eric P. Stein; Robert W. Renfield Living Trust; Mona and Alan Fisher; Marilyn and Edward Kaplan; George and Sarah Berman; Joel Goldberg-Pension Profit Sharing Plan (Not First Trust); Lauren Goldberg IRA; Greg Goldberg IRA; and Kerri Goldberg IRA respond in writing to the requests for admission ("Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Mr. Bik Cheema, 45 Rockefeller Plaza, New York, New York 10111 within 35 days of the date set forth below.

### DEFINITIONS

1. The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026-1 of the Local Bankruptcy Rules, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2. "Account" means BLMIS account 1E0158.

3. "Accountholder" means Epic Ventures, LLC.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd. ("MSIL"), Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5. "Claim" means claim numbers 013369, 013370, 013371, 013372, 013373, 013374, 013375, 013376, 013377, 013378, 013380, 013381, 013382, 013383, 013384, 013385, 013386 and 013387.

6. "Claimant" means Elaine Roberts; Joel Goldberg-Pension Profit Sharing Plan; Eric P. Stein IRA; Lena M. Stein Trust; Eric P. Stein fbo Jonah M. Stein 1995 Trust; Alexander A. Stein 1995 Trust; Loren W. Stein; Margot Stein; Sharon Stein; Eric P. Stein; Robert W. Renfield Living Trust; Mona and Alan Fisher; Marilyn and Edward Kaplan; George and Sarah Berman; Joel Goldberg-Pension Profit Sharing Plan (Not First Trust); Lauren Goldberg IRA; Greg Goldberg IRA; and Kerri Goldberg IRA.

7. "Objection" means the objection filed at docket number 3371.

8. "You" or "Your" means Elaine Roberts; Joel Goldberg-Pension Profit Sharing Plan; Eric P. Stein IRA; Lena M. Stein Trust; Eric P. Stein fbo Jonah M. Stein 1995 Trust; Alexander A. Stein 1995 Trust; Loren W. Stein; Margot Stein; Sharon Stein; Eric P. Stein; Robert W. Renfield Living Trust; Mona and Alan Fisher; Marilyn and Edward Kaplan; George and Sarah Berman; Joel Goldberg-Pension Profit Sharing Plan (Not First Trust); Lauren

Goldberg IRA; Greg Goldberg IRA; and Kerri Goldberg IRA and/or anyone acting on Elaine Roberts; Joel Goldberg-Pension Profit Sharing Plan; Eric P. Stein IRA; Lena M. Stein Trust; Eric P. Stein fbo Jonah M. Stein 1995 Trust; Alexander A. Stein 1995 Trust; Loren W. Stein; Margot Stein; Sharon Stein; Eric P. Stein; Robert W. Renfield Living Trust; Mona and Alan Fisher; Marilyn and Edward Kaplan; George and Sarah Berman; Joel Goldberg-Pension Profit Sharing Plan (Not First Trust); Lauren Goldberg IRA; Greg Goldberg IRA; and Kerri Goldberg IRA's behalf. "You" or "Your" does not include Elaine Roberts; Joel Goldberg-Pension Profit Sharing Plan; Eric P. Stein IRA; Lena M. Stein Trust; Eric P. Stein fbo Jonah M. Stein 1995 Trust; Alexander A. Stein 1995 Trust; Loren W. Stein; Margot Stein; Sharon Stein; Eric P. Stein; Robert W. Renfield Living Trust; Mona and Alan Fisher; Marilyn and Edward Kaplan; George and Sarah Berman; Joel Goldberg-Pension Profit Sharing Plan (Not First Trust); Lauren Goldberg IRA; Greg Goldberg IRA; and Kerri Goldberg IRA acting in any way on behalf of, for the benefit of, or in any capacity as a representative of Accountholder.

9. For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to these Requests.

10. Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes, but is not limited to, any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

### **REQUESTS FOR ADMISSION**

1. Admit the Account was not titled in Your name.

3

2. Admit You did not have an account in Your name at BLMIS.

3. Admit You never received correspondence directly from BLMIS.

4. Admit You never made a payment of cash directly to BLMIS for credit to an account in Your name.

5. Admit You never deposited securities directly with BLMIS.

6. Admit You never withdrew funds directly from BLMIS.

7. Admit that any funds You received were transmitted to You from Accountholder.

8. Admit You did not receive investment statements from BLMIS in Your name.

9. Admit You did not receive tax statements from BLMIS in Your name.

10. Admit You never entered into any contracts in Your name with BLMIS.

11. Admit Your only relationship to BLMIS existed by way of Your relationship to Accountholder.

12. Admit You did not have any control or investment discretion over any investment assets at BLMIS.

13. Admit that Accountholder had its own bank account and kept its funds separate from Your personal funds.

14. Admit that all property acquired by the Accountholder, including the assets at BLMIS, were owned by and in the name of the Accountholder.

15. Admit that there was an Accountholder agreement that restricted management rights of members giving exclusive management and control of the Accountholder to the member manager and/or managing member.

4

Dated: September 5, 2014

/s/ Bik Cheema
David J. Sheehan
Jorian L. Rose
Nicholas J. Cremona
Bik Cheema
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for Admission and accompanying letter relating to the objection to the Trustee's determination of claim numbers 013369, 013370, 013371, 013372, 013373, 013374, 013375, 013376, 013377, 013378, 013380, 013381, 013382, 013383, 013384, 013385, 013386 and 013387 (Case No. 08-01789, Docket No. 3371) was served this 5th day of September, 2014 by First Class Certified Mail upon the following:

Carole Neville
SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020

*An Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

300331722