**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**AMENDED DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN EPIC VENTURES, LLC**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.　　I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2.　　In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In Epic Ventures, LLC (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected the BLMIS account held by Epic Ventures, LLC ("Epic"), which account (the "Account") is listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

8.  If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention Epic. The results of that review are set out on Exhibits 2 and 3.

9.  Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to Epic and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by Epic.

10. On the attached Exhibit 1, the last column displays the number of objections filed by Objecting Claimants that AlixPartners was able to correlate to the Account.

11. Exhibit 2 provides a list of the 18 claims filed by Objecting Claimants that invested in Epic and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the entity invested in, and the Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants and the claim numbers.[2]

---

[2] A revised Exhibit 3 has been attached to this Amended Declaration with corrections to claim numbers.

3

13. Epic filed a claim related to its Account and sought a distribution from the fund of customer property for its Account. The Account is a net loser. The claim is "deemed determined" in that a recovery action has been filed against Epic because of a preferential payment.

14. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS account opening documents for the Account.

15. Attached hereto as Exhibit 5 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Account.

16. Attached hereto as Exhibit 6 is a true and correct copy of claim 013379, filed with the Trustee by Epic.

17. Attached hereto as Exhibit 7 is a true and correct copy of the Limited Liability Company Agreement of Epic Ventures, LLC (the "LLC Agreement"), provided by letter dated October 2, 2009 from Carole Neville of Schonnenschein Nath & Rosenthal LLP in response to a September 1, 2009 letter from AlixPartners LLP to Epic requesting supplemental information relating to Epic's filed claim. Carole Neville subsequently filed the Objection to Trustee's Determination of Claim on behalf of the Objecting Claimants, ECF No. 3371, but at that point her law firm was listed as SNR Denton US LLP.

18. Attached hereto as Exhibit 8 is a true and correct copy of the BLMIS account maintenance files on the Account.

19. The Account was in the name of Epic, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[3] The books and records of BLMIS do not reflect individual

---

[3] Some Claimants may have held accounts in their own names, in addition to investing in the Partnerships. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in the Partnerships.

4

deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 8, 2015

Zurich, Switzerland

*/s/ Vineet Sehgal*
Vineet Sehgal
Managing Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019

5