**Windels Marx Lane & Mittendorf, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon (hsimon@windelsmarx.com)
Kim M. Longo (klongo@windelsmarx.com)

Hearing Date: June 4, 2015 at 10:30 a.m.
Objection Deadline: May 28, 2015

*Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>                  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |

**MOTION TO DEDESIGNATE CERTAIN DOCUMENTS**
**DESIGNATED AS CONFIDENTIAL BY ALBOURNE AMERICA LLC**

TO:   THE HONORABLE STUART M. BERNSTEIN
       UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA") and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel,

{11073835:3}                                            1

submits this motion (the "Motion") seeking entry of an order, pursuant to sections 105(a) and 107 of the United States Bankruptcy Code, 11 U.S.C. § et seq., pursuant to the Litigation Protective Order dated June 6, 2011 (ECF No. 4137) (the "Litigation Protective Order"), and the relevant sections of the United States Bankruptcy Code, 11 U.S.C. § et seq., and Federal Rules of Bankruptcy Procedure referred to therein, dedesignating certain documents designated as confidential by Albourne America LLC ("Albourne"). In support of the Motion, the Trustee respectfully represents as follows:[1]

## BACKGROUND

1. In connection with the above-captioned liquidation proceeding and its related adversary proceedings, the Trustee obtained discovery from various defendants, affiliates, and/or third parties, including Albourne, subject to certain confidentiality protections in the Litigation Protective Order that restrict the Trustee's use of information contained in documents the producing parties designated as confidential.

2. On December 10, 2014, the Court entered an Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery ("Scheduling Order"), ECF No. 8800, that was modified by Stipulations and Orders dated January 13, 2015, ECF No. 8990, February 24, 2015, ECF No. 9350, and April 1, 2015, ECF No. 9720.

3. The Scheduling Order contemplates that the Trustee will file with the Court—both in the main adversary proceeding (No. 08-01789) and in the adversary proceedings of the respective Transferee Defendants (as defined in the Scheduling Order)—certain submissions in connection with the Extraterritoriality Issue (as defined in the Scheduling Order), including

---

[1] Pursuant to and as authorized by paragraph 9 of the Litigation Protective Order, the Trustee is, simultaneous with the filing of this Motion, filing the documents at issue herein under seal for the Court's *in camera* inspection, as Exhibit A hereto. Albourne has indicated that it does not object to such filing of the documents under seal.

{11073835:3}    2

proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue (the "Extraterritoriality Submissions").

4. Subsequent to the entry of the Scheduling Order, disputes arose with certain producing parties, including Albourne, regarding the continued designation of such parties' documents as confidential and the Trustee's ability to publicly file with the Court the Extraterritoriality Submissions, to the extent information or material contained therein is derived in part from documents designated by such producing parties as "confidential" pursuant to the Litigation Protective Order.

5. While many of these issues were voluntarily resolved, as of March 4, 2015, the Trustee continued to have disputes regarding the confidential designation of approximately 7,700 documents produced by twenty parties (both of which numbers have been subsequently reduced), including Albourne.

6. Accordingly, pursuant to the Litigation Protective Order, the Trustee filed on March 4, 2015 a Letter Regarding Confidentiality Designations Affecting the Trustee's Extraterritoriality Submission, ECF No. 9413 (the "Trustee's Letter"), which, among other things, cited challenges to filing and serving certain of the Extraterritoriality Submissions due to the designation of certain documents as confidential and requested an informal conference with the Court.

7. On March 10, 2015, (i) the Court granted the Trustee's request and scheduled an informal conference on the Trustee's Letter for March 18, 2015 and (ii) the Trustee served a Notice of Conference on all parties the Adversary Proceedings Listed in Exhibits A-C to the Scheduling Order, including Albourne, as well as all parties to the main adversary proceeding (No. 08-01789).

8. At the March 18 conference, the Court directed the Trustee to confer with the relevant producing parties, including Albourne, and with liaison counsel to the Transferee Defendants, regarding, among other things, a process for expeditiously resolving the disputes pertaining to the confidential designation of documents at issue with respect to the Extraterritoriality Submissions.

9. In accordance therewith, Trustee's counsel reached out to the various producing parties whose documents were still at issue to both (i) continue negotiations towards a resolution of the confidentiality issue generally as to all remaining documents and (ii) to the extent an agreement could not be reached, pursue a stipulation by which the parties would agree to arbitrate their outstanding confidentiality issues.

10. As a result of the discussions with Albourne, the number of Albourne documents still at issue with respect to the Extraterritoriality Submissions has been narrowed to three (3) (the "Documents"). However, Albourne declined the Trustee's proposal to arbitrate with respect to these unresolved Documents, thus necessitating this Motion.

## BASIS FOR RELIEF REQUESTED

11. The Trustee requests that the Court enter an order dedesignating the Documents designated as confidential by Albourne, which Documents are simultaneously herewith being submitted to the Court under seal for *in camera* inspection.

12. The relief requested is based on the Litigation Protective Order.

13. Paragraphs 2-4 of the Litigation Protective Order set forth the type of material that producing parties may designate as confidential, and Paragraph 10 prohibits a receiving party from "communicat[ing] in any way" information obtained from documents that are so designated.

{11073835:3}                                                    4

14. Paragraph 9 of the Litigation Protective Order provides:

If a receiving party claims that **CONFIDENTIAL MATERIAL** should be disclosed (including, without limitation, in an Individual Adversary Proceeding to which the producing party is not a party or separate and apart from the Actions) notwithstanding the terms of the Order, or that any of the restrictions on disclosure or use should be reduced, modified or eliminated or that the designation was improperly applied, it shall serve a notice requesting re-designation on the producing party. Failure by the producing party to object to the notice within seven (7) business days will be deemed to be acquiescence of the request. If the producing party objects to the re-designation, the receiving party or any party in interest in an Individual Adversary Proceeding may, consistent with the Local Bankruptcy Rules of this Court, request an informal conference with the Court for relief after receiving said written notice of its disagreement.

15. Paragraph 9 then goes on to provide that:

In the event that the dispute has not been resolved in the informal conference and a motion is made by the receiving party, the receiving party may file the **CONFIDENTIAL MATERIAL** in question under seal for the Court's *in camera* inspection. In connection with any such motion, however, the party that produced the **CONFIDENTIAL MATERIAL** shall have the burden of demonstrating that it is confidential under the terms of this Order and should continue to be protected as designated. Absent the entry of an order granting the motion, there shall be no disclosure of the **CONFIDENTIAL MATERIAL** at issue.

16. In accordance with this provision, by letter dated January 6, 2015, the Trustee served on Albourne a notice requesting dedesignation of various documents produced by Albourne and designated as confidential. By letter dated January 15, 2015, Albourne, with the exception of a limited number of documents, objected to such dedesignation.

17. Since that time, as noted above, the parties have continued to confer in order to resolve their dispute as to the confidential nature of the remaining documents. In connection with such ongoing discussions, the Trustee, among other things, limited the number of documents immediately at issue to include only those intended to be used in connection with the Extraterritoriality Submissions.

18. Having had an informal conference on March 18, 2015, Albourne's and the Trustee's dispute as to the three remaining Documents is still unresolved. The Trustee submits that Albourne cannot meet its burden under Paragraph 9 of the Litigation Protective Order to show that these three Documents (i) should be considered confidential based on the terms of the Litigation Protective Order and (ii) should continue to be protected as designated.

## SERVICE

19. Notice of this Motion will be provided by U.S. Mail, postage prepaid, or email to: (a) counsel for Albourne and (b) all parties on the Master Service List, including the Securities Investor Protection Corporation, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order substantially in the form attached as Exhibit B granting the relief requested herein and any and all other relief the Court deems just and proper.

Dated: New York, New York
May 8, 2015

Respectfully submitted,

/s/ Howard L. Simon
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Howard L. Simon
Email: hsimon@windelsmarx.com
Kim M. Longo
Email: klongo@windelsmarx.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*