**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04508 (SMB) |
| Plaintiff, | |
| v. | |
| NANCY ELLEN WEISSER, | |
| Defendant. | |

**STIPULATION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

**WHEREAS**, on November 12, 2010, Plaintiff Irving H. Picard, as trustee (the "Trustee")

for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC ("BLMIS"),

and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by and through his

counsel Baker & Hostetler LLP, filed a complaint (the "Complaint") in the Bankruptcy Court

naming Nancy Ellen Weisser as defendant (the "Defendant"), in an action captioned *Picard v.*

*Nancy Ellen Weisser*, Adv. Pro. No. 10-04508 (SMB) (the "Adversary Proceeding");

**WHEREAS**, the Trustee alleges that the Defendant received avoidable transfers totaling

Two Million Four Hundred Twenty-Two Thousand Seven Hundred Fifty-Four United States

Dollars ($2,422,754.00), all of which were received prior to December 11, 2006 (the Non-Two

Year Transfers") in connection with BLMIS Account Nos. 1CM185 and 1W0057;

**WHEREAS**, Defendant filed an Answer to the Complaint on June 13, 2011;

**WHEREAS**, on April 30, 2012, the District Court dismissed the Trustee's claims to

avoid and recover non-two year transfers made to similarly situated defendants based on an

interpretation of Bankruptcy Code Section 546(e) in approximately eighty separate adversary

proceedings, including the Adversary Proceeding. *Securities Investor Protection Corp. v.

Bernard L. Madoff Investment Securities LLC,* 476 B.R. 715 (S.D.N.Y. 2012), supplemented

May 15, 2012 (the "Dismissal Order");

**WHEREAS**, the Trustee appealed the Dismissal Order to the United States Court of

Appeals for the Second Circuit (the "Second Circuit"), *Securities Investor Protection Corp. v.

Bernard L. Madoff Investment Securities LLC*, 476 B.R. 715 (S.D.N.Y. 2012), *appeal docketed*,

No. 12-2557 (2d Cir. June 21, 2012) (the "546(e) Appeal");

**WHEREAS**, on December 8, 2014, the Second Circuit affirmed the Dismissal Order;

**WHEREAS**, on March 17, 2015, the Trustee filed a petition for a writ of certiorari with

the United States Supreme Court seeking review of the Second Circuit's decision affirming the

Dismissal Order;

**WHEREAS**, as of the date hereof, no final, non-appealable decision has been rendered;

and

**WHEREAS**, as a consequence of the Dismissal Order and the Second Circuit's

affirmance thereof, the Trustee and Defendant agree that dismissal of the Trustee's claims

2

against Defendant without prejudice is appropriate at this time.

**IT IS HEREBY STIPULATED AND AGREED**, by the undersigned counsel that:

1.    Under Rule 41(a) of the Federal rules of Civil Procedure, made applicable to the Adversary Proceeding through Rule 7041 of the Federal Rules of Bankruptcy Procedure, Defendant is hereby dismissed from the above-captioned action without prejudice.  The Trustee preserves the right to reinstate this action and/or commence a new action against Defendant should there be a final, non-appealable order in the Trustee's favor reversing the Dismissal Order ("Reversal Order").  The Defendant agrees that she will not contest the Trustee's ability to reinstate this action and/or commence a new action after issuance of a Reversal Order; provided however, that if the Trustee commences a new action, the parties will be deemed to be in the same litigation posture and will have the same rights, claims, and defenses that they have on the date immediately preceding this Stipulation.

2.    This stipulation and order shall operate as, and is, a tolling agreement as to Defendant, and Defendant hereby expressly waives all defenses based on statute of limitations, statue of repose, laches, waiver, estoppel, and any other time-based defense or right due to the passage of time as a result of this stipulation and order.

3.    Except as specifically provided in Paragraph 2, above, this stipulation and order is without prejudice to, or waiver of, any rights, arguments or defenses that are otherwise available to Defendant in a reinstated action or new action.

4.    This stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be deemed an original, but all of which shall together constitute one and the same instrument.  A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated: New York, New York                By:  *s/ Dominic A. Gentile*
      May 8, 2015

                                      **Baker & Hostetler LLP**
                                      45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: ehirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Dominic A. Gentile
Email: dgentile@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

By:  *s/ Leonardo Trivigno*

**Carter Ledyard & Milburn LLP**
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Leonardo Trivigno
Email: trivigno@clm.com

*Attorneys for Nancy Ellen Weisser*

SO ORDERED

/s/ STUART M. BERNSTEIN

Dated:  May 8th, 2015                Hon. Stuart M. Bernstein
New York, New York                United States Bankruptcy Judge