# EXHIBIT B

**United States District Court**
**Southern District of New York**
-----------------------------------------

**SUSANNE STONE MARSHALL, ET AL.,**

              Petitioners,

      -against-                      15 mc. 56 (JGK)

**BERNARD L. MADOFF, ET AL.,**
                                     <u>MEMORANDUM OPINION AND ORDER</u>
              Respondents.
-----------------------------------------

**JOHN G. KOELTL, District Judge:**

     The petitioners move pursuant to Rule 27(a) to take the deposition of Bernard L. Madoff, who is presently serving a 150-year sentence for carrying out a multi-billion dollar Ponzi scheme. Rule 27(a) authorizes a deposition to perpetuate testimony, under certain circumstances, before an action is filed. The petitioners, Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, are plaintiffs in a pending class action against the estate of Jeffrey Picower and related parties (the "Picower Parties") in the United States District Court for the Southern District of Florida (the "Florida Action"). The petitioners contend that a deposition of Madoff will provide further evidence against Jeffrey Picower as a co-conspirator in Madoff's scheme. The Picower parties and Irving H. Picard, the Trustee for the Bernard L. Madoff

1

Investment Securities LLC ("BLMIS") estate, oppose this petition.

For the reasons that follow, the petition is **denied.**

## I.

After the petitioners brought the Florida Action in early 2010, the Bankruptcy Court for the Southern District of New York (Bernstein, J.) enjoined the petitioners from proceeding with that action, holding that their claims were derivative of claims brought against the Picower Parties by the Trustee.  Shortly thereafter, the bankruptcy court approved a $7.2 billion settlement between the Trustee and the Picower Parties on behalf of all BLMIS investors, and issued a permanent injunction enjoining all claims against the Picower Parties that are derivative of the Trustee's claims.  The petitioners then sought to file new claims against the Picower Parties in a proposed second amended complaint in the Florida Action, and on June 23, 2014, the bankruptcy court again found their claims to be derivative and granted the Trustee's motion to enjoin the proposed complaint pursuant to the Permanent Injunction.

In an Opinion and Order issued together with this order, this Court affirmed the bankruptcy court's June 23 order.  See Opinion and Order, Fox v. Picard (In re Bernard L. Madoff Inv. Secs. LLC), No. 14cv6790.  The factual background and procedural history of this case is recounted in more detail in that opinion

2

and in this Court's prior opinion affirming the bankruptcy court's earlier Orders.  See Fox v. Picard (In re Madoff), 848 F. Supp. 2d 469, 473-76 (S.D.N.Y. 2012), aff'd sub nom. Marshall v. Picard (In re Bernard L. Madoff Inv. Secs. LLC), 740 F.3d 81, 96 (2d Cir. 2014).  The Court assumes familiarity with those decisions.

   While the appeal of the bankruptcy court's June 23 order was pending, the petitioners moved in the bankruptcy court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rules 27(a) and 27(b) of the Federal Rules of Civil Procedure to take Madoff's deposition.  On October 30, 2014, the bankruptcy court denied the motion.  See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. 09-11893, 2014 WL 5486279, at *1 (Bankr. S.D.N.Y. Oct. 30, 2014).  The court denied the request under Rule 2004, which generally authorizes examinations of persons or entities with respect to the financial condition of the debtor and matters that may affect the administration of the debtor's estate, because the discovery sought was not for use in the bankruptcy proceeding and was not sought for a proper purpose under Rule 2004.  Id. at *3.  The bankruptcy court held that the Rule 27(a) petition should have been filed in a district court, and thus allowed the petitioners to withdraw the Rule 27(a) request without prejudice to filing in an appropriate district court.  Id. at *4.  As to

3

the request under Rule 27(b), which authorizes a deposition to perpetuate testimony pending appeal, the court noted that such a request is only made for use in further proceedings in the court in which an appeal is pending. Id. at *5. The bankruptcy court held that any further proceedings in the bankruptcy court would only deal with "purely legal issues" and would not require testimony, and thus denied the Rule 27(b) request because the Madoff testimony would not be required. Id.

The petitioners filed the present petition on January 2, 2015, in the United States District Court for the District of Delaware. On February 25, 2015, the Delaware district court transferred the petition to this Court pursuant to 28 U.S.C. § 1404(a).[1]

## II.

Rule 27 of the Federal Rules of Civil Procedure sets forth a procedure for making an application to the Court to "perpetuate testimony about any matter cognizable in a United States court" prior to the filing of an action in court. Fed. R. Civ. P. 27(a)(1). Rule 27(a)(1) provides that a petition under that Rule "must" show: (A) that the petitioner expects to be a party to an action that may be cognizable in a court of the United States but the action is unable to be brought presently;

---

[1] Following the Delaware district court's decision, the petitioners filed a petition for a writ of mandamus in the Court of Appeals for the Third Circuit to reverse the district court's decision. On or about April 6, 2015, the court of appeals denied that petition. Apr. 7, 2015, Hr'g Tr. 54.

4

(B) the subject matter of the expected action and the petitioner's interest in such an action; (C) facts which the petitioner seeks to establish through the proposed testimony and the reasons for desiring to perpetuate that testimony; (D) the names or description of the expected adverse parties; and (E) the names and addresses of the witnesses to be examined and the substance of the testimony the petitioners expect to obtain from those witnesses. Id. Whether to grant discovery pursuant to Rule 27 is within the district court's discretion. In re Petition of Allegretti, 229 F.R.D. 93, 97 (S.D.N.Y. 2005) (citing Mosseller v. United States, 158 F.2d 380, 382 (2d Cir. 1946)).

Courts have made clear that Rule 27 may not be used for "the purpose of discovery before action is commenced" to enable parties to "fish for some ground for bringing suit." In re Petition of Austin, No. 13mc252, 2013 WL 5255125, at *1 (S.D.N.Y. July 16, 2013) (citing 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2071 at 384–85 (3d ed. 2010)). The first factor of the Rule 27(a)(1) requirements may not be met by showing that the claim cannot be brought because it would not be meritorious, or that it would be difficult or inconvenient to sue. See Frigerio v. United States, No. 10cv9086, 2011 WL 3477135, at *1 (S.D.N.Y. Aug. 5, 2011) (denying Rule 27(a) petition where petitioner sought to "remedy

the deficiencies in his pleadings"); Wright, Miller & Marcus, supra, § 2072 at 393-94 ("If plaintiff is able to sue presently, Rule 27(a) cannot be satisfied by contentions that it would nevertheless be difficult or inconvenient for plaintiff to file suit.").

    With respect to the first Rule 27(a)(1) factor, the petitioners argue that the cognizable action to be brought is a third amended complaint in the Florida Action, but they have not sufficiently explained why that complaint cannot be brought presently.  This Court has now affirmed the bankruptcy court's injunction barring the petitioners from filing the second amended complaint in the Florida district court.  The petitioners argue that they would have to dismiss their appeal of this case in order to bring the new complaint, but that is not a legal impediment to the petitioners filing a third amended complaint in the Florida court.² The petitioners also suggest that they are currently without sufficient guidance as to what would constitute a non-derivative claim, and that when they file a new complaint, the Trustee will once again move to enjoin that complaint.  But concern about the sufficiency of their pleadings in the future cognizable action is not a valid impediment for the purposes of Rule 27.  See Frigerio, 2011 WL 3477135, at *1.

---

² Indeed, the Goldman plaintiffs, whom the Bankruptcy court also enjoined from filing an amended complaint in its June 23 decision, withdrew their appeal and filed another amended complaint in the Florida district court.

6

Moreover, the petitioners appear to be bringing this petition for an improper purpose—namely, to seek discovery to frame their third amended complaint in the Florida Action. Although the petitioners denied at oral argument that they filed this petition to seek discovery, Apr. 7, 2015, Hr'g Tr. 58, the petitioners' motion in the bankruptcy court stated that the petitioners were seeking to take depositions to "amplify the factual allegations against the Picower Defendants to show that those claims are non-derivative." Harris Decl. Ex. 1, at ¶ 19. It is true that the petitioners made that argument in the context of their Rule 2004 motion, but it plainly bears on their motivation in this petition because they are seeking the same relief. Moreover, the general facts that the petitioners claim that Madoff will testify to appear to be geared towards filling in the gaps that courts have identified when finding claims brought against the Picower Parties to be derivative. See Pet. ¶ 16 (stating that Madoff is expected to testify to "detailed facts of Picower's knowledge and participation in Madoff's fraud"); see, e.g., A&G Goldman Partnership v. Picard (In re Bernard L. Madoff Inv. Sec., LLC), No. 12cv6109, 2013 WL 5511027, at *7 (S.D.N.Y. Sept. 30, 2013) (noting that the complaints lacked "any allegation that the Picower Defendants were involved" in the BLMIS fraud unconnected to trading on their own accounts). Because the petitioners have not satisfied

7

Rule 27(a)(1)(A), and because the Court finds that the petition's "purpose is to obtain facts in order to frame a complaint," the petition must be dismissed. Shuster v. Prudential Sec. Inc., No. 91cv0901, 1991 WL 102500, at *1 (S.D.N.Y. June 6, 1991).

The petitioners stress the urgency of deposing Madoff to preserve his testimony due to Madoff's age—he is 77 years old—and his apparently poor health. They also note that his deposition has never been taken in the approximately six years since the BLMIS scandal was revealed. The petitioners argue that even if they are presently able to file a suit, the balance of "the equities or the costs and inconveniences" between the parties favors granting the petition. In re Town of Amenia, NY, 200 F.R.D. 200, 203 (S.D.N.Y. 2001). However, the petitioners have presented little actual evidence demonstrating Madoff's poor health to support the purported urgency of preserving his testimony. Indeed, in the only other Rule 27 petitions for Madoff's deposition that this Court is aware of,[3] a judge in this district and a judge in the United States District Court for the Middle District of Florida rejected motions to take Madoff's deposition on the basis that the petitioners had not shown that

---

[3] Although neither party informed the Court in the petition papers or at oral argument of the other two matters, the Picower Parties informed the Court by letter after oral argument that they had learned of the two other petitions, one of which was made by counsel for the petitioners in this case. See Letter from Picower Parties Dated April 9, 2015, Marshall v. Madoff, No. 15mc56 (ECF No. 25).

8

Madoff's health warranted a court-ordered deposition.  See Order Dated January 21, 2015, <u>Dusek v. JP Morgan Chase & Co.</u>, No. 14cv184 (M.D. Fla.) (ECF No. 69) (declining to lift discovery stay under the Private Securities Litigation Reform Act because the petitioners did not present sufficient evidence of Madoff's poor health); Transcript of Civil Case for Motion Conference, <u>Cent. Laborers Pension Fund v. Dimon</u>, No. 14cv1041 (S.D.N.Y.) (ECF No. 13), at 6 (stating that any motion made to take Madoff's deposition would be denied due to lack of medical evidence of his poor health).

In any event, Rule 27(a)(1) makes clear that all of the factors "must" be satisfied, Fed. R. Civ. P. 27(a)(1), and the petitioners may not substitute a balance of the equities for their failure to satisfy Rule 27(a)(1)(A).  The petitioners may file a third amended complaint in the United States District Court for the Southern District of Florida and, if they are able to state a non-derivative claim, seek to obtain an expedited deposition under Rule 30.

Accordingly, the Rule 27(a) petition is **denied.**

9

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the petitioners' request to take Madoff's deposition under Rule 27(a) is **denied.** The **Clerk is directed to close all pending motions and to close this matter.**

**SO ORDERED.**

**Dated:    New York, New York
           May 11, 2015              _____/s/_____
                                         John G. Koeltl
                                     United States District Judge**

10