**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
SECURITIES INVESTOR PROTECTION                :
CORPORATION,                                  :
                                              :
              Plaintiff-Applicant,            :
                                              :
        v.                                    :
                                              :
BERNARD L. MADOFF INVESTMENT                  :   SIPA Liquidation
SECURITIES LLC,                               :   No. 08-01789 (SMB)
                                              :   (Substantively Consolidated)
              Defendant.                      :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER APPOINTING AN ARBITRATOR**
**TO RESOLVE CONFIDENTIALITY DISPUTES BETWEEN THE TRUSTEE AND**
**CERTAIN THIRD PARTY PRODUCING PARTIES PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(C) AND**
**GENERAL ORDER M-390 RULE 9.1**

            WHEREAS:

        A.      In connection with the above-captioned liquidation proceeding and its related

adversary proceedings, the Trustee obtained discovery from Defendants, affiliates, and third

parties subject to certain confidentiality protections that restrict the Trustee's use of information

contained in documents those parties designated as confidential.

        B.      Section 10 of the Litigation Protective Order dated June 6, 2011 ("Litigation

Protective Order") prohibits the Trustee from "communicat[ing] in any way" information

obtained from documents designated as confidential.

        C.      A number of issues or disputes have arisen with certain producing parties

regarding the confidential status of documents.

D.      Pursuant to the Litigation Protective Order, the Trustee requested an informal

conference with the Court, which was held on March 18, 2015.  At the conference, the Court

directed the parties to confer with the relevant producing parties regarding a process for

expeditiously resolving the disputes pertaining to the confidential designation of documents and

the scheduling of the submissions under the Scheduling Order.

E.      Included in the issues regarding the confidential status of documents are

approximately 6,875 documents produced by Citco Fund Services (Europe) B.V., Citco (Canada)

Inc., Citco Fund Services (Bermuda) Limited, Citco Bank, The Citco Group, and Citco Global

Custody N. V. (collectively "Citco").

F.      Counsel for the Trustee and Citco conferred regarding a procedure for review of

the documents produced by Citco where were designated as confidential at the time of their

production to the Trustee, including the review of representative samples of categories of similar

documents to determine the confidential status of the representative sample documents and other

documents in the same category of documents.

NOW, THEREFORE, subject to the approval of the Court, it is hereby STIPULATED

AND AGREED by the Trustee and Citco:

1.      Deborah A. Reperowitz is appointed as Arbitrator to resolve the confidentiality

issues regarding the Citco produced documents.

2.      Within five (5) business days of the Arbitrator's appointment, the Trustee shall

submit a representative sample of no more than two hundred (200) documents produced by Citco

that the Trustee seeks to have dedesignated as confidential for *in camera* inspection to the

Arbitrator, along with any summary, a description of the representative nature of the sample

document for a category of documents, or explanation why the documents or any portion thereof

should be dedesignated.   Citco may submit a letter responding to the Trustee's request within

five (5) business days of the Trustee's submission explaining why the documents should remain

designated confidential.  The Trustee may submit a written reply letter within two (2) business

days of Citco's response letter, if any.  There shall be no other written submissions to the

Arbitrator by either the Trustee or Citco.  The Arbitrator shall rule on whether the documents or

any portion thereof should remain designated as confidential or any other restrictions remain on

their use within ten (10) business days of the final submission to the Arbitrator.  The Arbitrator's

ruling shall be based solely on the Trustee's and Citco's written submissions.  The Arbitrator

shall not convene any hearings or conferences with the parties, but may call either the counsel

for Trustee or Citco with questions regarding the representative sample documents or the basis

for the claims regarding the confidentiality of the sample documents.

      3.      The Arbitrator shall preserve, as a record of activities, all written submissions

received from or sent to the Trustee and Citco.

      4.      The costs of the Arbitrator shall be paid equally by the Trustee and Citco.

Furthermore, the Arbitrator shall invoice the Trustee and Citco for half of the Arbitrator's fees

and expenses incurred in resolving the confidentiality issues or dispute as to the Citco produced

documents pursuant to a written engagement agreement executed by the Arbitrator, the Trustee

and Citco.

      5.      The rulings of the Arbitrator shall be binding on the Trustee and Citco.  The

Trustee and/or Citco may request confirmation or appeal of any ruling of the Arbitrator by

submitting a letter to the Court, copying the relevant party and the Arbitrator, within two (2)

business days from the date such ruling is issued.  Any opposing party shall file its response

within two (2) business days of such submission to the Court.  There shall be no other

submissions by the Trustee or Citco concerning the Arbitrator's ruling.

      6.     The Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated:  New York, New York
        May 12, 2015

BAKER & HOSTETLER LLP

By: */s/ Karin S. Jenson*
    Karin S. Jenson
    kjenson@bakerlaw.com

45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC, and the Estate of Bernard L. Madoff*

PAUL, WEISS, RIFKAND, WHARTON &
GARRISON LLP

By: /s/ Andrew Gordon
    Andrew Gordon
    agordon@paulweiss.com

1285 Avenue of the Americas
New York, New York  10019
(212) 373-3000

*Attorneys for Citco Fund Services (Europe)*
*B.V., Citco (Canada) Inc., Citco Fund Services*
*(Bermuda) Limited, Citco Bank, The Citco*
*Group, and Citco Global Custody N.V.*

Dated:    New York, New York
        May 12<u>th</u>, 2015

SO ORDERED.


/s/ STUART M. BERNSTEIN
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE
