**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**[PROPOSED] ORDER ESTABLISHING SCHEDULE FOR LIMITED DISCOVERY AND BRIEFING ON PROFIT WITHDRAWAL ISSUE**

This matter came before the Court on June 24, 2015 on the motion (the "Amended Scheduling Motion") of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to establish a briefing schedule and schedule a hearing regarding the Trustee's treatment of "profit withdrawals" and other similar transactions as reflected on BLMIS customer account statements (collectively, "Profit Withdrawal Transactions"), as more fully described in the Amended Scheduling Motion (ECF No. _____); and the Court having jurisdiction to consider the Amended Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C § 78aaa, *et seq.*,

the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with the application by the Securities Investor Protection Corporation ("SIPC") under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Amended Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Amended Scheduling Motion having been given, and it appearing that no other or further notice need be given; and any objections to the Amended Scheduling Motion have been withdrawn or are hereby overruled; and upon the proceedings before the Court and after due deliberation, it is hereby ORDERED:

1. On or before July 14, 2015, the Trustee shall file a Motion for an Order to Affirm the Trustee's Treatment of Profit Withdrawals ("Motion") and a corresponding memorandum of law. The Motion shall not seek any relief with respect to the avoidance actions filed by the Trustee; for the avoidance of doubt, no relief entered in connection with the Motion shall apply to the rights or defenses of any defendants in any of the avoidance actions pending in these consolidated liquidation proceedings, and the rights of such avoidance action defendants with respect to the Profit Withdrawal Issue and similar issues are expressly preserved. The Trustee may file declarations in support of his Motion, including declarations from any expert or other witnesses that will provide testimony on the Profit Withdrawal Issue, and any other documentation in support of his Motion. The Trustee's Motion shall identify the accounts that are affected by the Profit Withdrawal Transactions. Of those accounts, the Trustee shall identify the accounts for which a claim was filed prior to the July 2, 2009 bar date in this matter and those for which an objection to a claim determination was filed.

2. On or before July 14, 2015, SIPC may file a brief with respect to the Motion.

3. On or before July 28, 2015, any accountholder that is identified in the Trustee's Motion as (i) being affected by the Profit Withdrawal Issue and (ii) having filed a claim prior to the bar date may request from the Trustee documents and materials relating to the Profit Withdrawal motion. The request will identify the accountholder's name, BLMIS account number, counsel, claim number, and any adversary proceeding number, if applicable.

4. On or before September 11, 2015, the Trustee shall produce documents in response to any such requests that are timely submitted to the Trustee, as follows: (a) the Trustee shall produce a list to each requesting claimant which identifies each of the individual Profit Withdrawal Transactions that impacts the claimant's net equity claim, and which sets forth the following information for each such transaction: the date of the transaction, the amount of the transaction, and the transaction code for the transaction set forth on the BLMIS customer account statements; and (b) the Trustee shall produce, to each requesting claimant, all documents in the Trustee's possession, custody or control that relate to the Profit Withdrawal Transactions at issue for the particular claimant, including (without limitation) customer statements, customer agreements, correspondence between the claimant and BLMIS, portfolio management reports, portfolio management transaction reports, and bank records (and including, with respect to requesting holders of Indirect Eligible Accounts, documents pertaining to Profit Withdrawal Transactions that allegedly occurred in accounts from which the Indirect Eligible Accounts received inter-account transfers). If the Trustee withholds any responsive documents from production to any requesting claimant, the Trustee shall provide that claimant with a written explanation of his grounds for doing so.

5.  On or before October 2, 2015, any claimant that wishes to continue to litigate the Profit Withdrawal Issue must provide notice to the Trustee in writing ("Participating Claimants").

6.  On or before November 2, 2015, Participating Claimants shall produce to the Trustee all documents in their possession, custody or control relating to the Profit Withdrawal Transactions in their accounts, including (without limitation) customer statements, customer agreements, correspondence between the claimant and BLMIS, portfolio management reports, portfolio management transaction reports, and bank records. If a Participating Claimant withholds any responsive documents from production to the Trustee, the Participating Claimant shall provide the Trustee with a written explanation of the claimant's grounds for doing so.

7.  The Trustee and Participating Claimants may serve requests for admissions relating only to the Profit Withdrawal Transactions, but any such requests for admissions must be served at least 60 days prior to the end of discovery (as set forth in Paragraph 14 below).  Responses to the requests for admission will be due no later than 45 days after the requests for admission are served.

8.  No fact discovery other than as specifically provided in Paragraphs 3 through 7 of this Order shall be permitted without leave of Court.

9.  In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute.  If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

10. If the Trustee or SIPC intend to supplement any declarations or expert disclosures submitted in support of the Motion or rely upon any additional witnesses, they must make

4

such disclosures, including any required by Fed. R. Civ. P. 26(a)(2), on or before December 17, 2015.  Participating Claimants must disclose any witness(es) that they intend to rely on in support of or in opposition to the Motion and make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before February 2, 2016.

11. The parties may provide rebuttal declarations or expert reports or by February 23, 2016.

12. Counsel shall coordinate one deposition per expert or declarant to avoid unnecessary duplication and inefficiency.  Such depositions are subject to the time limitations set forth in Fed. R. Civ. P. 30(d)(1).  All depositions of the Trustee's experts or declarants shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, or such other location as the Parties may mutually agree. Depositions of any witnesses offered by Participating Claimants shall occur at such place as the Parties shall mutually agree.

13. All discovery contemplated herein shall be produced pursuant to and governed by the Litigation Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* Adv. Pro. No. 08-01789 (SMB), ECF No. 4137 (the "Litigation Protective Order"), or any amendments to or subsequent orders that may be entered, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

14. All fact and expert discovery shall end on or before March 15, 2016.

15. On or before April 14, 2016, Participating Claimants may file briefs with respect to the Motion and any accompanying declarations, documents, or other support.  The

Participating Claimants are encouraged by the Court, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate.

16. On or before May 5, 2016, the Trustee and SIPC may file replies. The replies may address any facts or issues that arose during discovery.

17. On or before May 26, 2016, Participating Claimants may file sur-replies limited to the issues raised in the Trustee's and SIPC's replies.

18. The Court shall hear the Trustee's Motion on _____, 2016.

19. The litigation schedule set forth in this Order permits litigation of the Profit Withdrawal Issue only. Any other issues must be addressed separately.

20. This Order may be modified by the Court *sua sponte* or at the request of any party for good cause shown.

Dated: New York, New York
_____, 2015

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE