**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
        Plaintiff-Applicant, :
:
        v. :
:
BERNARD L. MADOFF INVESTMENT : SIPA Liquidation
SECURITIES LLC, : No. 08-01789 (SMB)
: (Substantively Consolidated)
        Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER APPOINTING AN ARBITRATOR
TO RESOLVE CONFIDENTIALITY DISPUTES PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(C) AND
<u>GENERAL ORDER M-390 RULE 9.1</u>**

WHEREAS:

A. In connection with the above-captioned liquidation proceeding and its related adversary proceedings, the Trustee obtained discovery from Defendants, affiliates, and third parties, including Arden Asset Management LLC ("Arden"), subject to certain confidentiality protections that restrict the Trustee's use of information contained in documents those parties designated as confidential.

B. Section 10 of the Litigation Protective Order dated June 6, 2011 ("Litigation Protective Order") prohibits the Trustee from "communicat[ing] in any way" information obtained from documents designated as confidential.

C. On December 10, 2014, the Court entered an Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead

and for Limited Discovery ("Scheduling Order"), ECF No. 8800, that was modified by Stipulations and Orders dated January 13, 2015, ECF No. 8990, and February 24, 2015, ECF No. 9350.

D. The Scheduling Order requires the Trustee to serve on the Defendants and liaison counsel for the Transferee Defendants parties ("Liaison Counsel") and to file with the Court certain submissions in connection with the Extraterritoriality Issue[1] and the Trustee's motion for leave to replead, including proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue.

E. A number of disputes have arisen with certain producing parties regarding the confidential status of documents and the Trustee's ability to serve on the Defendants and Liaison Counsel and/or to publicly file with the Court proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue to the extent they are derived from information or material contained in documents designated by the Defendants, their affiliates, or third parties as "confidential" pursuant to the Litigation Protective Order.

F. While many of the disputes have been voluntarily resolved, the parties continue to have disputes regarding the confidential designation of approximately 7,000 documents produced by ten parties that are relevant to the Trustee's submissions on the Extraterritoriality Issue in approximately 70 of the 93 cases subject to the Scheduling Order (the "Confidentiality Disputes").

G. Pursuant to the Litigation Protective Order, the Trustee requested an informal conference with the Court, which was held on March 18, 2015. At the conference, the Court directed the parties to confer with the relevant producing parties and Liaison Counsel regarding a

---

[1] Any terms not defined herein take their meaning from the Scheduling Order.

-2-

process for expeditiously resolving the disputes pertaining to the confidential designation of documents and the scheduling of the submissions under the Scheduling Order.

NOW, THEREFORE, subject to the approval of the Court, it is hereby STIPULATED AND AGREED:

1. Keith N. Costa is appointed as Arbitrator to resolve the Confidentiality Disputes with respect to the documents produced by Arden.

2. The Trustee shall submit the documents produced by Arden which he seeks to have dedesignated as confidential for *in camera* inspection to the Arbitrator, along with any summary or explanation of why the documents or any portion thereof should be dedesignated by May 19, 2015. Arden may submit a letter responding to the Trustee's request by May 27, 2015 explaining why the documents should remain designated confidential. The Arbitrator shall schedule a hearing not to exceed one hour for June 2, 2015. The Arbitrator shall submit a ruling regarding whether the documents or any portion thereof should remain designated as confidential or any other restrictions remain on their use by June 12, 2015. The Trustee and Arden are prohibited from having any *ex parte* communications with the Arbitrator.

3. The Arbitrator shall preserve, as a record of activities, all written submissions received from or sent to the Trustee and the producing parties.

4. The costs of the Arbitrator shall be paid equally by the Trustee and Arden.

5. The rulings of the Arbitrator shall be binding on all relevant parties, including the Trustee and Arden, once they are so ordered by the Court. Any party may request confirmation or appeal of any ruling of the Arbitrator by submitting a letter to the Court copying the relevant parties and the Arbitrator by June 17, 2015. Any opposing party shall file its response by June 22, 2015.

-4-

6.  Arden agrees that the Arbitrator may be engaged, at the Trustee's and Arden's cost, and Paragraphs 1 to 4 employed in the event that the Trustee in the future serves a notice of request of designation of documents pursuant to Paragraph 9 of the Litigation Protective Order and a dispute arises.

7.  Nothing herein shall have any effect on the rights of any party who is not a signatory to this stipulation.

8.  The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       May 18, 2015

                BAKER & HOSTETLER LLP

                By: */s/ Karin S. Jenson*
                    David J. Sheehan
                    dsheehan@bakerlaw.com
                    Karin S. Jenson
                    kjenson@bakerlaw.com

45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC, and the estate of Bernard L. Madoff*

SEWARD & KISSEL LLP

                By: */s/ M. William Munno*
                    M. William Munno
                    munno@sewkis.com

One Battery Park Plaza
New York, NY 10004
(212) 574-1587

*Attorneys for Arden Asset Management LLC*

Dated: New York, New York
       May 20th, 2015

                SO ORDERED.

                /s/ STUART M. BERNSTEIN
                THE HONORABLE STUART M. BERNSTEIN
                UNITED STATES BANKRUPTCY JUDGE