**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>ESTATE OF BEATRICE BADER; TRUST CREATED UNDER THE LAST WILL AND TESTAMENT OF BEATRICE BADER; JAMES DOYLE, in his capacity as trustee of the Trust Created Under the Last Will and Testament of Beatrice Bader; and STUART ZLOTOLOW, in his capacity as executor of the Estate of Beatrice Bader and as former trustee of the Trust Created Under the Last Will and Testament of Beatrice Bader,<br><br>                Defendants. | Adv. Pro. No. 10-04815 (SMB) |

**STIPULATION AND ORDER DISMISSING ADVERSARY PROCEEDING**

WHEREAS, on December 1, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against the following defendants in the United States Bankruptcy

Court for the Southern District of New York: Estate of Beatrice Bader ("Bader Estate"), Trust Created Under the Last Will and Testament of Beatrice Bader ("Bader Trust"), James Doyle, in his capacity as trustee of the Trust Created Under the Last Will and Testament of Beatrice Bader ("Doyle"), Stuart Zlotolow, in his capacity as executor of the Estate of Beatrice Bader and as former trustee of the Trust Created Under the Last Will and Testament of Beatrice Bader ("Zlotolow"), and Ann Bader Geller ("Ann Geller"); and

WHEREAS, in or about February 2011, then-defendant Ann Geller submitted a confidential hardship application to the Trustee ("Geller Hardship Application"). At the same time, by letter dated February 20, 2011, the Bader Estate, the Bader Trust, Doyle and Zlotolow (collectively, the "Other Defendants") supplemented the Geller Hardship Application by submitting information to the Trustee with respect to the Other Defendants ("February 2011 Submission"); and

WHEREAS, the Trustee approved the Geller Hardship Application, and subsequently filed a notice of voluntary dismissal of Mrs. Geller from the Adversary Proceeding, without prejudice, and removed her name from the caption of the Adversary Proceeding; and

WHEREAS, in connection with his consideration of the February 2011 Submission, the Trustee requested additional information from the Other Defendants to evaluate how to proceed with the Adversary Proceeding, in response to which the Other Defendants informally provided certain additional information and documents to the Trustee by letter dated August 12, 2011 (together with the February 2011 Submission, the "Other Defendants' Submission"); and

WHEREAS, by letter dated October 22, 2013, after reviewing the Other Defendants' Submission, the Trustee indicated his belief that Tracy Geller Doyle ("Mrs. Doyle") had received subsequent transfers from the Estate and the Trust and that she should be added as an additional

defendant in the Adversary Proceeding, but offered to resolve the Adversary Proceeding on then-proposed terms; and

WHEREAS, in an effort to pursue a dismissal of the Adversary Proceeding and avoid the joinder of Mrs. Doyle as a defendant, James Doyle, individually and not as trustee of the Bader Trust, and Mrs. Doyle (together, the "Doyles") submitted to the Trustee a confidential hardship application and supporting documentary information ("Doyle Hardship Application"), all under the penalty of perjury. The Doyles, requested that, in light of their financial situation, the Trustee agree to dismiss the Adversary Proceeding against the Other Defendants and agree not pursue claims against Mrs. Doyle; and

WHEREAS, in reliance on the Other Defendants' Submission and the Doyle Hardship Application, the Trustee, in the exercise of his due and deliberate discretion has determined to dismiss the Adversary Proceeding and not to pursue claims against Mrs. Doyle.

IT IS HEREBY AGREED AND STIPULATED, by and among the undersigned, as follows:

1. The Other Defendants affirm that all representations made by them and all materials provided by them in the Other Defendants' Submission were submitted to the Trustee as true and correct under penalty of perjury. The Trustee affirms that he relied upon those representations and materials in exercising his discretion to dismiss the Adversary Proceeding.

2. The Doyles affirm that all representations made by them and all materials provided by them in the Doyle Hardship Application were submitted to the Trustee as true and correct under penalty of perjury. The Trustee affirms that he relied upon those representations and materials in exercising his discretion to dismiss the Adversary Proceeding.

3. Except for acknowledging their understanding that the Doyle Hardship

Application was submitted to the Trustee in an effort to resolve this Adversary Proceeding, the Bader Estate and Zlotolow disclaim any knowledge of the details of the Doyles' personal financial condition stated in the Doyle Hardship Application, and make no other representation of any kind respecting the Doyle Hardship Application.

4. The Other Defendants (with respect only to the Other Defendants' Submission) and the Doyles (with respect only to the Doyle Hardship Application) agree that, if and to the extent it is subsequently determined that they deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials to the Trustee in the Other Defendants' Submission or in the Doyle Hardship Application, as the case may be: (i) the Trustee shall have the right to reinstitute the Adversary Proceeding against the Other Defendants and/or pursue other remedies available to him, and (ii) this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims. Notwithstanding section 546(a) of the Bankruptcy Code, the Other Defendants hereby waive any statute of limitations defense for any such actions or claims commenced by Trustee under the preceding sentence of this paragraph.

5. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041, the Trustee, the Other Defendants and Mrs. Doyle agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof: (a) the Trustee's claims against the Other Defendants are dismissed with prejudice and without costs against any party; and (b) the Trustee agrees, with prejudice, that he will not pursue any claims he may have against Mrs. Doyle.

6. This Agreement may be signed by the parties and their counsel in any number of counterparts, each of which when so signed shall be an original, but all of which shall together

constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

7. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

*[Signatures appear on the next page]*

Dated as of May 20, 2015

By: */s/ Nicholas J. Cremona*
   David J. Sheehan
   Nicholas J. Cremona
   BAKER & HOSTETLER LLP
   45 Rockefeller Plaza
   New York, New York 10111
   Telephone: (212) 589-4200
   Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*

By: */s/ Richard Levy, Jr.*
   Richard Levy, Jr.
   David C. Rose
   PRYOR CASHMAN LLP
   7 Times Square
   New York, New York 10036
   Telephone: (212) 421-4100
   Facsimile: (212) 326-0806

*Attorneys for Defendants and Tracy Geller Doyle*

TRUST CREATED UNDER THE LAST WILL AND TESTAMENT OF BEATRICE BADER, *Defendant*

By: */s/ James Doyle, Trustee*
   James Doyle, Trustee


ESTATE OF BEATRICE BADER, *Defendant*

By:*/s/ Stuart Zlotolow, Executor*
   Stuart Zlotolow, Executor


By: */s/ James Doyle*
   JAMES DOYLE, *Defendant,* in his capacity as trustee of the Trust Created Under the Last Will and Testament of Beatrice Bader


By:*/s/ Stuart Zlotolow*
   STUART ZLOTOLOW, *Defendant,* in his capacity as executor of the Estate of Beatrice Bader and as former trustee of the Trust Created Under the Last Will and Testament of Beatrice Bader


By: */s/ Tracy Geller Doyle*
   TRACY GELLER DOYLE

SO ORDERED:

By: /s/ STUART M. BERNSTEIN          Date: May 20th, 2015
    HON. STUART M. BERNSTEIN
    UNITED STATES BANKRUPTCY JUDGE