**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
         Plaintiff-Applicant, :
:
    v. :
: SIPA Liquidation
BERNARD L. MADOFF INVESTMENT : No. 08-01789 (SMB)
SECURITIES LLC, : (Substantively Consolidated)
:
         Defendant. :
:
------------------------------------ x

**STIPULATION AND ORDER APPOINTING AN ARBITRATOR
TO RESOLVE CONFIDENTIALITY DISPUTES PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(C) AND
<u>GENERAL ORDER M-390 RULE 9.1</u>**

WHEREAS:

A. In connection with the above-captioned liquidation proceeding and its related adversary proceedings, the Trustee obtained discovery from Defendants, affiliates, and third parties subject to certain confidentiality protections that restrict the Trustee's use of information contained in documents those parties designated as confidential.

B. Section 10 of the Litigation Protective Order dated June 6, 2011 ("Litigation Protective Order") prohibits the Trustee from "communicat[ing] in any way" information obtained from documents designated as confidential.

C. On December 10, 2014, the Court entered an Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery ("Scheduling Order"), ECF No. 8800, that was modified by

Stipulations and Orders dated January 13, 2015, ECF No. 8990, and February 24, 2015, ECF No. 9350.

D.  The Scheduling Order requires the Trustee to serve on the Defendants and liaison counsel for the Transferee Defendants parties ("Liaison Counsel") and to file with the Court certain submissions in connection with the Extraterritoriality Issue[1] and the Trustee's motion for leave to replead, including proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue.

E.  A number of disputes have arisen with certain producing parties regarding the confidential status of documents and the Trustee's ability to serve on the Defendants and Liaison Counsel and/or to publicly file with the Court proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue to the extent they are derived from information or material contained in documents designated by the Defendants, their affiliates, or third parties as "confidential" pursuant to the Litigation Protective Order.

F.  While many of the disputes have been voluntarily resolved, the parties continue to have disputes regarding the confidential designation of approximately 7,000 documents produced by ten parties who are identified on Exhibit A to this Stipulation, which are relevant to the Trustee's submissions on the Extraterritoriality Issue in approximately 70 of the 93 cases subject to the Scheduling Order (the "Confidentiality Disputes").  This Stipulation reflects the agreement between the Trustee, on the one hand, and HSBC Bank PLC and HSBC Bank USA, N.A. (together, the "Producing Party"), on the other hand, concerning documents they produced to the Trustee and designated as confidential.

---

[1] Any terms not defined herein take their meaning from the Scheduling Order.

08-01789-cgm    Doc 10027    Filed 05/20/15    Entered 05/20/15 14:33:41    Main Document
Pg 3 of 5

G.     Pursuant to the Litigation Protective Order, the Trustee requested an informal conference with the Court, which was held on March 18, 2015. At the conference, the Court directed the parties to confer with the relevant producing parties and Liaison Counsel regarding a process for expeditiously resolving the disputes pertaining to the confidential designation of documents and the scheduling of the submissions under the Scheduling Order.

NOW, THEREFORE, subject to the approval of the Court, it is hereby STIPULATED AND AGREED:

1.     Keith Costa is appointed as Arbitrator to resolve the Confidentiality Disputes.

2.     The Trustee shall submit the documents produced by the Producing Party that he seeks to have dedesignated as confidential for *in camera* inspection to the Arbitrator, along with any summary or explanation of why the documents or any portion thereof should be dedesignated, and that submission shall be simultaneously copied to the relevant Producing Party. The Producing Party may submit a letter responding to the Trustee's request within five (5) business days of the Trustee's submission explaining why the documents should remain designated confidential. The Trustee may submit a written reply letter within two (2) business days of the Producing Party's response letter, if any. The Arbitrator shall submit a ruling regarding whether the documents or any portion thereof should remain designated as confidential or any other restrictions remain on their use within ten (10) business days of the final submission to the Arbitrator.

3.     The Arbitrator shall preserve, as a record of activities, all written submissions received from or sent to the Trustee and the Producing Party.

4.     The costs of the Arbitrator shall be paid equally by the Trustee and the Producing Party, except as specifically provided in the following paragraph. The Producing Party will only

be responsible for splitting costs with the Trustee relating to the Arbitrator's time spent on that Producing Party's documents.

5. Solely as to Fairfield Sentry Limited and Greenwich Sentry L.P, entities which are both in liquidation proceedings and with whom the Trustee has previously settled his claims, in order to expedite the commencement of Arbitration proceedings to resolve Confidentiality Disputes that exist with respect to documents which are directly relevant to the Extraterritoriality Issue and which these entities are the Producing Parties, the Trustee shall pay the full cost of the Arbitrator.

6. The rulings of the Arbitrator shall be binding on all relevant parties, including the Trustee and the Producing Party. Any party may request confirmation or appeal of any ruling of the Arbitrator by submitting a letter to the Court copying the relevant parties and the Arbitrator within two (2) business days from the date such ruling is issued. Any opposing party shall file its response within two (2) business days of such submission to the Court.

7. The Producing Party agrees that the Arbitrator may be engaged, at the Trustee's and the Producing Party's cost, and Paragraphs 1 to 4 employed in the event that the Trustee in the future serves a notice of request of designation of documents pursuant to Paragraph 9 of the Litigation Protective Order and a dispute arises.

8. Nothing herein shall have any effect on the rights of any party who is not a signatory to this stipulation.

9. The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       May 13, 2015

BAKER & HOSTETLER LLP

By: s/ *Karin Scholz Jenson*
   Karin Scholz Jenson
   kjenson@bakerlaw.com

45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC, and the estate of Bernard L. Madoff*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: s/ *Thomas J. Moloney*
   Thomas J. Moloney
   tmoloney@cgsh.com

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for HSBC Bank PLC and HSBC Bank USA, N.A.*

Dated: New York, New York
      May 20th, 2015

SO ORDERED.

/s/ STUART M. BERNSTEIN
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE