**K&L GATES LLP**
Robert T. Honeywell
Eunice Rim Hudson
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

Attorneys for Albourne America LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**EXPEDITED MOTION OF ALBOURNE AMERICA LLC, *EX PARTE*
FOR AN ORDER AUTHORIZING THE FILING OF ITS OPPOSITION
TO TRUSTEE'S MOTION TO DEDESIGNATE CERTAIN
DOCUMENTS DESIGNATED AS CONFIDENTIAL UNDER SEAL**

Albourne America LLC ("Albourne"), through its undersigned counsel, and with the

support of the Trustee (defined below), hereby files this expedited motion (the "Motion to Seal"),

1

pursuant to Section 107(b)(1) of the Bankruptcy Code[1] and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), for entry of an order authorizing Albourne to file under seal the *Opposition of Albourne America LLC to Motion to Dedesignate Certain Documents Designated as Confidential by Albourne America LLC* (the "Opposition"), and in support thereof respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. Albourne is an independent specialist consultant focused on alternative investments. Albourne provides portfolio advice, strategic research, investment due diligence, manager selection, operational due diligence, risk analysis, industry research and market education. Its advisory services cover hedge funds, private equity funds, real assets funds, real estate funds and other alternative investments.

4. In connection with the above-captioned liquidation proceeding and its related adversary proceedings (together, the "Actions"), Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") subpoenaed materials from Albourne. Albourne designated certain documents that it produced to the Trustee as "Confidential Material" pursuant to the Litigation Protective Order entered by this Court on June 6, 2011 [ECF No. 4137] (the "Litigation Protective Order").

5. The Litigation Protective Order governs the disclosure of "Confidential Material" in the Actions. "Confidential Material" is any material containing "trade secret or other confidential research, development, or commercial information; personal identifying

---

[1] 11 U.S.C. §§ 101 *et seq.*

2

information; or other information the disclosure of which would breach a legal or contractual obligation or . . . otherwise is subject to protection under section 107(b) or (c) of the United States Bankruptcy Code, Bankruptcy Rules 9018 and 9037, and/or other applicable law." See Litigation Protective Order, ¶ 2.

6. A dispute arose between the Trustee and Albourne concerning the continued designation of certain of Albourne's produced material as "Confidential Material." Pursuant to the protocol set forth in the Litigation Protective Order, the parties were able to narrow their dispute, such that only three (3) Albourne documents remain at issue.

7. On May 8, 2015, after exhausting the out-of-court resolution process set forth in the Litigation Protective Order, the Trustee filed his *Motion to Dedesignate Certain Documents Designated as Confidential by Albourne America LLC* (the "Motion to Dedesignate") [ECF No. 9958]. In the Motion to Dedesignate, the Trustee seeks an order from this Court removing the Confidential Material designation from the three documents, such that he may publically file information contained within the Documents in connection with ongoing litigation.

8. The deadline for Albourne to oppose the Motion to Designate is May 28, 2015.

9. Pursuant to paragraph 9 of the Litigation Protective Order, in connection with any motion to dedesignate Confidential Material, "the party that produced the Confidential Material shall have the burden of demonstrating that it is confidential under the terms of this Order and should continue to be protected as designated." In order to carry its burden of demonstrating that the Documents qualify as Confidential Material under the Litigation Protective Order, Albourne intends to quote from and produce the confidentiality provisions contained within the agreements pursuant to which Albourne provided advisory services for two of its clients (the "Client Agreements"). The confidentiality provisions of the Client Agreements will demonstrate that

3

Albourne is under a contractual obligation not to disclose the Documents, and that Albourne has, therefore, properly designated the Documents as "Confidential Material" under the Litigation Protective Order. Accordingly, the Documents qualify as and ought to remain Confidential Material. See Litigation Protective Order, ¶ 2.

10. Albourne is prepared to file its Opposition to the Motion to Dedesignate, but wishes to do so without publicly disclosing any additional confidential and commercial information contained within the Client Agreements, including the appended copies of the Client Agreements, themselves. Specifically, the Client Agreements contain commercially sensitive, non-public commercial information relating to the contractual agreements between Albourne and its clients, including the pricing for which Albourne provided its services, and the research and other services provided for particular clients. In addition, the Client Agreements forbid Albourne from disclosing their terms without the prior consent of the counter-parties. Accordingly, while Albourne must rely on these Client Agreements to meet its burden under Paragraph 9 of the Litigation Protective Order, it would be in breach of contract if it did so in a manner that disclosed the substance of the Client Agreements. Albourne is, therefore, filing this Motion to Seal because certain information contained in the Opposition is confidential, commercially sensitive, and cannot be publicly disclosed without breaching Albourne's obligation to maintain the terms of the Client Agreements in confidence.

11. Attached hereto as **Exhibit 1** is a redacted copy of the Opposition. An unredacted copy has been provided to the Court for *in camera* review along with a courtesy copy of this Motion to Seal pursuant to the Honorable Stuart M. Bernstein's Chambers Rule on Sealing Orders.[2]

---

[2] Available at http://www.nysb.uscourts.gov/content/judge-bernsteins-chambers-rules (last visited May 22, 2015).

4

## RELIEF REQUESTED

12. Albourne seeks the immediate entry of an order, without the necessity of a hearing, (a) authorizing it to file the Opposition under seal pursuant to Section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018, (b) limiting the scope of service of the un-redacted Opposition to the Trustee; (c) confirming that service of the Opposition on the Trustee will not constitute a waiver of confidentiality, and (d) requiring any party who wishes to make any citation to, or quote from, the redacted portions of the Opposition to redact any such citations or quotations from the publicly-filed version of such pleading, and to file the unredacted version of such pleading under seal.

## BASIS FOR THE RELIEF REQUESTED

13. Section 107(b) of the Bankruptcy Code governs requests to file pleadings under seal. Pursuant to 11 U.S.C. § 107(b),

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

14. Fed. R. Bankr. P. 9018 states:

> On motion or its own initiative, **with or without notice**, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the

5

order, and after a hearing on the notice the court shall determine the motion.

Fed. R. Bankr. P. 9018 (emphasis added).

15. Albourne's Opposition references the terms of Client Agreements that Albourne is not permitted to publically disclose.

16. Albourne respectfully requests that the Court enter an order, without the necessity of a hearing, authorizing the filing of the Opposition under seal pursuant to Section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.

17. Prior to the filing of this Motion to Seal, Albourne conferred with the Trustee, who assents to the relief requested herein.

**WHEREFORE**, Albourne respectfully requests the entry of an Order, substantially in the form annexed hereto as **Exhibit 2**, (a) authorizing it to file the Opposition under seal pursuant to Section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018; (b) limiting the scope of service of the unredacted Opposition to the Trustee; (c) confirming that service of an unredacted version of the Opposition on the Trustee will not constitute a waiver of confidentiality or any applicable privilege, and (d) requiring any party who wishes to make any citation to, or quote from, the Opposition to redact any such citations or quotations from the publicly-filed version of such pleading, and to file the unredacted version of such pleading under seal.

[*Signature to Follow*]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: New York, New York<br>May 26, 2015 | K&L GATES LLP |
|  | By: /s/ Eunice Rim Hudson<br>Robert T. Honeywell<br>Eunice Rim Hudson<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 536-3900<br>Fax: (212) 536-3901 |
|  | *Counsel for Albourne America LLC* |