**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
               Plaintiff-Applicant, :
:
   v. :
:
BERNARD L. MADOFF INVESTMENT :   SIPA Liquidation
SECURITIES LLC, :   No. 08-01789 (SMB)
:   (Substantively Consolidated)
               Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER APPOINTING AN ARBITRATOR**
**TO RESOLVE CONFIDENTIALITY DISPUTES PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(C) AND**
**<u>GENERAL ORDER M-390 RULE 9.1</u>**

WHEREAS:

A. In connection with the above-captioned liquidation proceeding and its related adversary proceedings, the Trustee obtained certain documents and other information from UBS AG, UBS (Luxembourg) S.A., and/or certain of their affiliates (together, "UBS") subject to certain confidentiality protections that restrict the Trustee's use of information contained in documents those parties designated as confidential.

B. Section 10 of the Litigation Protective Order dated June 6, 2011 ("Litigation Protective Order") prohibits the Trustee from "communicat[ing] in any way" information obtained from documents designated as confidential.

C. On December 10, 2014, the Court entered an Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery ("Scheduling Order"), ECF No. 8800, that was modified by

Stipulations and Orders dated January 13, 2015, ECF No. 8990, February 24, 2015, ECF No. 9350, and April 1, 2015, ECF No. 9720.

      D.      The Scheduling Order requires the Trustee to serve on the Defendants and liaison counsel for the Transferee Defendants ("Liaison Counsel") and to file with the Court certain submissions in connection with the Extraterritoriality Issue[1] and the Trustee's motion for leave to replead, including proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue.

      E.      A number of disputes have arisen with certain producing parties, including UBS, regarding the confidential status of documents and information produced to the Trustee and the Trustee's ability to serve on the Defendants and Liaison Counsel and/or to publicly file with the Court proposed amended complaints or proffered allegations pertaining to the Extraterritoriality Issue to the extent they are derived from information or material contained in documents designated by those producing parties as "confidential" pursuant to the Litigation Protective Order.

      F.      While many of the disputes have been voluntarily resolved, the Trustee and UBS continue to have disputes regarding the confidential designation of approximately 50 documents produced by UBS, which the Trustee represents are relevant to the Trustee's submissions on the Extraterritoriality Issue (the "Confidentiality Disputes").

      G.      Pursuant to the Litigation Protective Order, the Trustee requested an informal conference with the Court, which was held on March 18, 2015. At the conference, the Court directed the parties to confer with the relevant producing parties and Liaison Counsel regarding a

---

[1] Any terms not defined herein take their meaning from the Scheduling Order.

process for expeditiously resolving the disputes pertaining to the confidential designation of documents and the scheduling of the submissions under the Scheduling Order.

NOW, THEREFORE, subject to the approval of the Court, it is hereby STIPULATED AND AGREED:

1. Michael D. Young is appointed as Arbitrator to resolve the Confidentiality Disputes.

2. The Trustee shall submit the documents produced by UBS that he seeks to have dedesignated as confidential for *in camera* inspection to the Arbitrator, along with any summary or explanation of why the documents or any portion thereof should be dedesignated. UBS may submit a letter responding to the Trustee's request within ten (10) business days of the Trustee's submission explaining why the documents should remain designated confidential. The Trustee may submit a written reply letter within five (5) business days of UBS's response letter, if any. The Arbitrator shall issue a written ruling regarding whether the documents or any portion thereof should remain designated as confidential, or whether any other restrictions on their use should remain in effect, including an explanation of the basis of his or her ruling, within ten (10) business days after the final submission to the Arbitrator, or as soon thereafter as is reasonably practicable.

3. The Arbitrator shall preserve, as a record of activities, all written submissions received from or sent to the Trustee and UBS.

4. The costs of the Arbitrator shall be paid equally by the Trustee and UBS.

5. Any party may serve and file objections in this Court to any ruling by the Arbitrator within five (5) business days after the issuance of such ruling. Any other party may file a response thereto within five (5) business days after service and filing of any objection.

This Court will consider such objections and responses and may modify or set aside any part of the Arbitrator's ruling that is clearly erroneous or contrary to law. If no objections are filed in accordance with this paragraph, the rulings of the Arbitrator shall be binding on the Trustee and UBS, and any party may request that the Court enter the Arbitrator's ruling as an order of this Court.

6. Subject to further written consent of both parties, the Trustee and UBS may agree to engage the Arbitrator in the event of future disputes concerning the designation of documents or information as confidential, and may employ the procedures set forth above to resolve such disputes.

7. The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       May 8, 2015

GIBSON, DUNN & CRUTCHER LLP

By: s/ *Marshall R. King*
    Marshall R. King
    mking@gibsondunn.com
    Gabriel Herrmann
    gherrmann@gibsondunn.com

200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for UBS AG and UBS (Luxembourg) SA*

BAKER & HOSTETLER LLP

By: s/ *Karin Scholz Jenson*
    David J. Sheehan
    dsheehan@bakerlaw.com
    Karin Scholz Jenson
    kjenson@bakerlaw.com

45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC, and the estate of Bernard L. Madoff*

-5-

Dated:  New York, New York  SO ORDERED.
       May 27th, 2015

                                                        */s/ STUART M. BERNSTEIN*
                                                        THE HONORABLE STUART M. BERNSTEIN
                                                        UNITED STATES BANKRUPTCY JUDGE