**K&L GATES LLP**
Robert T. Honeywell
Eunice Rim Hudson
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

Attorneys for Albourne America LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**ALBOURNE AMERICA LLC'S OPPOSITION TO TRUSTEE'S MOTION TO DEDESIGNATE CERTAIN DOCUMENTS DESIGNATED AS CONFIDENTIAL**

Albourne America LLC ("Albourne"), through its undersigned counsel hereby submits the following Opposition to the Trustee's Motion to dedesignate certain documents designated as "Confidential Material" pursuant to the Litigation Protective Order entered by this Court on June 6, 2011 [ECF No. 4137] (the "Litigation Protective Order"). In further support of this

Opposition, Albourne submits the Declaration of Jessica Velazquez In Opposition To Trustee's Motion To DeDesignate Certain Documents Designated As Confidential (the "Declaration"), attached hereto as **Exhibit 1**.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Trustee's motion challenges a third party witness's designation of three documents as "Confidential" within the meaning of the Litigation Protective Order. The Litigation Protective Order permits a producing party to designate confidential research, commercial information, or other information the disclosure of which would breach a legal or contractual obligation as "Confidential."

Albourne is a non-party that produced documents in response to the Trustee's subpoena. Albourne contends that it properly designated the three documents as "Confidential" pursuant to the Litigation Protective Order because Albourne's agreements with its clients impose contractual obligations on Albourne to maintain the documents in confidence. In addition, one of the documents reveals Albourne's confidential research, Albourne's method of analyzing client portfolios, and its method of presenting the results of its research. The Trustee has challenged Albourne's assertion of confidentiality as to those three documents. However, beyond making a conclusory assertion that Albourne would be unable to carry its burden of proof, the Trustee did not articulate any basis in its opening brief as to why the documents in question are not confidential.

## BACKGROUND

1. Albourne is an independent specialist consultant focused on alternative investments. Albourne provides portfolio advice, strategic research, investment due diligence, manager selection, operational due diligence, risk analysis, industry research and market

education. Its advisory services cover hedge funds, private equity funds, real assets funds, real estate funds and other alternative investments.

2. Albourne's clients include pension plans, sovereign wealth funds, endowments, foundations, family offices and financial intermediaries. Frequently, the fact Albourne has been engaged to provide services, and the services it has been engaged to provide, are maintained in complete confidence. Moreover, Albourne often is able to obtain information necessary to provide its services only by entering into confidentiality agreements with the targets of its due diligence and research, many of which are not subject to public disclosure requirements. Thus, the results of Albourne's research must be maintained in confidence by Albourne and its clients.

3. This motion implicates two of Albourne's agreements with its clients. Albourne entered into a Client Agreement, dated January 1, 2008, to provide services to [redacted] (the "[redacted] Agreement"). A true and accurate copy of the [redacted] Agreement is attached to the Declaration as **Exhibit A**. The January 1, 2008 [redacted] Agreement was amended on October 1, 2008 to substitute [redacted] as the client. The amendment did not modify confidentiality provisions relevant to this Opposition. Albourne hereinafter refers to the counterparties to the agreements jointly as "[redacted]." The second Client Agreement is between Albourne and Caisse de dépôt et placement du Québec ("CDP Capital"), dated January 1, 2004 (the "2004 CDP Capital Agreement"). A true and accurate copy of the 2004 CDP Capital Agreement is attached to the Declaration as **Exhibit B.** The CDP Capital Agreement was replaced with a new agreement on February 1, 2007 (the "2007 CDP Agreement"). A true and accurate copy of the 2007 CDP Capital Agreement is attached to the Declaration as **Exhibit C**. For the purposes of this Opposition, the operative provisions of the 2004 and 2007 CDP Capital Agreements do not materially differ.

4. Confidentiality provisions in [redacted] Agreement. In pertinent part, the agreement with [redacted] provided as follows:



---

1 [redacted]



5. Paragraph 12.6 of [REDACTED] Agreement also required Albourne not to disclose the existence of the contractual relationship:



6. Finally, Paragraph 15.3(iii) provides [REDACTED]

7. <u>Confidentiality provisions in the 2004 and 2007 CDP Capital Agreement</u>. In pertinent part, Section 28 of the 2004 and 2007 CDP Agreements provide:



8. The 2004 and 2007 CDP Capital Agreements define "[REDACTED]" as:

---

2 Emphasis added.



9. The 2004 and 2007 CDP Capital Agreement define "[redacted]" as "[redacted]"

10. The 2004 and 2007 CDP Capital Agreement define "[redacted]" as "[redacted]

11. Paragraph 31 of the 2004 and 2007 CDP Capital Agreements [redacted]

12. Paragraph 39 of the 2004 and 2007 CDP Capital Agreements provide that [redacted]

## PROCEDURAL HISTORY

13. On approximately February 19, 2010, the Trustee served Albourne's ultimate parent company with a Subpoena for Rule 2004 Examination. The Trustee's Subpoena sought four broad categories of documents:

i. All documents concerning any due diligence review, investigation, examination or analysis, including but not limited to any compliance, operational, quantitative, and/or

risk assessment performed by [Albourne] regarding Madoff or any fund related to or invested with Madoff.

ii. All communications between [Albourne] and any third party concerning Madoff.

iii. All communications between [Albourne] and Madoff concerning any offer or solicitation to invest with Madoff,

iv. All documents concerning any meeting where Madoff was discussed, including but not limited to notes, memoranda, personal journals or diaries.

14. The Subpoena necessarily implicated confidential documents prepared and exchanged in connection with Albourne's relationships with ███ and CDP Capital.

15. Albourne produced documents in response to the Subpoena. When appropriate, it designated documents as "Confidential Material" within the meaning of the Litigation Protective Order. It also limited its production to those portions of documents relating to Madoff and Madoff feeder funds, as opposed to other client investments.

16. A dispute arose between the Trustee and Albourne concerning the continued designation of certain of Albourne's produced material as "Confidential Material." Pursuant to the protocol set forth in the Litigation Protective Order, Albourne and the Trustee conferred repeatedly and narrowed their dispute so that only three Albourne documents remain at issue.

17. The Trustee challenges Albourne's confidentiality designations regarding two emails with clients regarding their portfolios and Albourne's "core.risk" report, which analyzed one of CDP Capital's portfolios.

**ARGUMENT**

18. The Litigation Protective Order permits a producing party to designate as "CONFIDENTIAL" material that: "in the good faith judgment of the party designating the material as CONFIDENTIAL . . . contains trade secret or other confidential research,

development, or commercial information; personal identifying information; or other information the disclosure of which would breach a legal or contractual obligation . . ." [ECF No. 4137 at ¶2] As discussed below, each of the documents in dispute meets the definition of "Confidential Material" in the Litigation Protective Order.

19. ALB 017690 (Trustee's Exhibit 1): This document is an email from Albourne to [redacted] summarizing its review of funds in which [redacted] had invested. (The portion of the document unrelated to Madoff was redacted at the time of Albourne's production to the Trustee.) As previously mentioned, Albourne is obligated by contract not to disclose the existence of its relationship with [redacted]. In addition, the email from Albourne to [redacted] contains the results of Albourne's review of the investments held by [redacted]'s clients. The email therefore falls squarely within the contractual definition of "Confidential Information" in the [redacted] Agreement. See [redacted] Agreement, [redacted] (" [redacted] [redacted]). Because Albourne is contractually obligated not to disclose the existence of its client relationship or any information obtain from the provision of its services, the email constitutes "Confidential Material" within the meaning of the Litigation Protective Order.

20. ALB 08196-7 (Trustee's Document 2): This document is an email exchange between Albourne and its client, CDP Capital. It discloses a conversation between Albourne and its client regarding [redacted] [redacted] [redacted]. As discussed above, Albourne is contractually obligated not to disclose any communications occurring in the course of that relationship. See 2004 and 2007 CDP Capital Agreements, p.2 ([redacted]

[REDACTED]). The email exchange therefore constitutes "Confidential Material" within the meaning of the Litigation Protective Order.

21. ALB 018355-400 (Trustee's Document 3). This is a "core.risk" report prepared by Albourne pursuant to its agreement with CDP Capital. This is a proprietary and confidential analysis of one of CDP Capital's portfolios prepared by Albourne in connection with its performance of services. It reflects Albourne's confidential research and Albourne's methods of presenting its research. The CDP Agreement requires both Albourne and CDP Capital not to disclose the document. Accordingly, the "core.risk" report constitutes "Confidential Material" within the meaning of the Litigation Protective Order.

22. The Trustee's opening brief does not reveal the basis for its contention that Albourne's confidential designations were or are improper. It simply makes the conclusory assertion that Albourne will unable to carry its burden of proving that the documents are confidential. As a result, Albourne must anticipate arguments, and cannot yet address specific arguments that the Trustee may make in its Reply Brief. The Trustee has previously taken the position that the documents and information in them are "stale" because of the passage of time, and that the passage of time somehow affects their confidentiality. However, only five to seven years have passed since the creation of these documents, and the non-disclosure obligations in Client Agreements remain in effect. Thus, the passage of time does not affect the propriety of Albourne's designations as Confidential Material. Further, the format, style and content of its core.risk report remain commercially sensitive. It reveals one of the analyses that Albourne sells

to its clients, and could be used by Albourne's competitors, to the detriment of Albourne, notwithstanding its modest age. Accordingly, the fact that these documents are now five to seven years old does not diminish the interests of Albourne or its clients in maintaining confidentiality.

## CONCLUSION

23. For the reasons discussed above, the Court should rule that Albourne has properly designated the three documents in question as "Confidential" within the meaning of the Litigation Protective Order, and it should deny the Trustee's motion to "dedesignate" them as non-confidential.

[*Signature to follow*]

Respectfully submitted,

Dated: New York, New York
May 26, 2015

K&L GATES LLP

By: */s/ Eunice Rim Hudson*

Robert T. Honeywell
Eunice Rim Hudson
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

*Counsel for Albourne America LLC*

**EXHIBIT 1**

**K&L GATES LLP**
Robert T. Honeywell
Eunice Rim Hudson
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

Attorneys for Albourne America LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF JESSICA VELAZQUEZ IN OPPOSITION TO TRUSTEE'S MOTION TO DEDESIGNATE CERTAIN DOCUMENTS DESIGNATED AS CONFIDENTIAL**

I, Jessica Velazquez, hereby declare and say:

1. I am employed by Albourne America LLC. As part of my duties, I know where agreements between Albourne Partners Limited, Albourne America LLC and their clients are maintained in the ordinary course of business.

2. In connection with this motion, I located the Client Agreements identified below in the location where Client Agreements are filed in the ordinary course of business.

3. Attached hereto as **Exhibit A** is a true and correct copy of a January 1, 2008 Client Agreement between Albourne America LLC and [REDACTED]

4. Attached hereto as **Exhibit B** is a true and correct copy of a January 1, 2004 Client Agreement between Albourne Partners Limited and Caisse de dépôt et placement du Québec ("CDP Capital").

5. Attached hereto as **Exhibit C** is a true and correct copy of a February 1, 2007 Client Services Agreement between Albourne America LLC and CDP Capital.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of May 2015 at San Francisco, California.

By: [signature]
Jessica Velazquez

**EXHIBIT A**

**Filed Under Seal Pursuant to Fed. R. Bankr. P. 9018**

# EXHIBIT B

**Filed Under Seal Pursuant to Fed. R. Bankr. P. 9018**

# EXHIBIT C

**Filed Under Seal Pursuant to Fed. R. Bankr. P. 9018**