**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

Hearing Date: June 24, 2015 at 10:00 a.m.

Objections Due: June 17, 2015 at 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>Defendants. | Adv. Pro. No. 09-01182 (SMB) |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND GABRIEL CAPITAL, L.P., ARIEL FUND LTD., AND BART M. SCHWARTZ AS THE APPOINTED <u>RECEIVER OF GABRIEL CAPITAL, L.P. AND ARIEL FUND LTD.</u>**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA")[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtor"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order (the "Approval Order"), pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement, the terms and conditions of which are set forth in an agreement (the "Agreement") by and between the Trustee, on the one hand, and Gabriel Capital, L.P. ("Gabriel"), Ariel Fund Limited ("Ariel"), and Bart M. Schwartz, as Receiver of Ariel and Gabriel ("Receiver"), on the other hand. In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Trustee commenced an action against Gabriel and Ariel, among others, seeking to, among other things, recover fraudulent transfers regarding Gabriel's and Ariel's BLMIS accounts (the "Adversary Proceeding"). The Trustee's action sought to recover the value of transfers received by Gabriel and Ariel (the "Transfers").

Following several rounds of negotiations, the Parties were able to reach a consensual resolution. The Parties entered into the Agreement, which represents a good faith, complete settlement of all disputes between the Trustee, Gabriel, Ariel, and the Receiver, including the customer claims asserted by Gabriel and Ariel in connection with BLMIS Accounts 1G0321

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

2

(Gabriel) and 1FR070 (Ariel).  The settlement will benefit the customer property fund by $35,399,742, which represents 100% of the value of the Transfers.  Therefore, the Trustee respectfully requests that the Court approve this settlement.

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtor (Case No. 08 CV 10791).  In the complaint, the Commission alleged that the Debtor engaged in fraud through the investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. Also on December 15, 2008, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

   i. appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;
   ii. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
   iii. removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

---

[2] In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS.  *See* SIPA § 78*lll*(7)(B).

300356842.1

4. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff with the BLMIS SIPA proceeding.

## THE CLAIMS AGAINST ARIEL AND GABRIEL

5. Gabriel is a Delaware limited partnership, originally known as Ariel Capital, L.P., with a principal place of business in New York, New York. Gabriel invested directly with BLMIS, and maintained BLMIS Account No. 1G0321 beginning in or around August 2000. Over the life of the account, Gabriel withdrew $17,400,000 ("Gabriel Transfers,").

6. Ariel is a Cayman Islands exempted company, with a principal place of business in New York, New York. Ariel invested directly with BLMIS, and maintained BLMIS Account No. 1FR070 beginning in or around August 2000. Over the life of the account, Ariel withdrew $17,999,742 ("Ariel Transfers", and together with the Gabriel Transfers, the "Transfers").

7. Pursuant to a stipulation and order entered in the matter captioned *Cuomo v. J. Ezra Merkin and Gabriel Capital Corporation*, Index No. 450879/2009 in the Supreme Court of the State of New York, County of New York, Bart M. Schwartz was appointed the receiver of Ariel and Gabriel on June 10, 2009 (the "Receiver").

8. On August 30, 2013, the Trustee filed the Third Amended Complaint, seeking (a) to avoid, preserve, and recover the Transfers under sections 547, 548, 550 and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA; (b) disallow the customer claims filed by Ariel and Gabriel; and (c) to equitably subordinate those customer claims.

9. On October 11, 2013, Gabriel and Ariel filed a Motion to Dismiss the Third Amended Complaint and accompanying Memorandum of Law in support of the Motion to Dismiss (the "Motion to Dismiss"). ECF Nos. 160, 161.

10. On November 15, 2013, the Trustee opposed the Motion to Dismiss. ECF No. 173.

11. On August 12, 2014, this Court entered its Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss. ECF No. 212.

### THE CLAIMS OF ARIEL AND GABRIEL AGAINST THE BLMIS ESTATE

12. Prior to July 2, 2009, the bar date for filing claims in the BLMIS bankruptcy case, Gabriel and Ariel each filed a customer claim in the SIPA Proceeding (assigned claim numbers 005868 and 005652, respectively) (such claims, collectively, the "SIPA Claims"). The SIPA Claims, are included as Attachments A and B to the Agreement.

13. In its customer claim, Gabriel alleged losses for money balances. The Trustee and Gabriel agree that Gabriel's net equity is $163,700,000.00.

14. In its customer claim, Ariel alleged losses for money balances. The Trustee and Ariel agree that Ariel's net equity is $174,107,054.52.

### SETTLEMENT DISCUSSIONS

15. During the past several months, the Trustee and the Receiver engaged in good faith discussions aimed at resolving the Trustee's claims. These discussions followed earlier discussions which were not successful in resolving the Trustee's claims. The Receiver informed the Trustee throughout that he disputed any liability of Gabriel and Ariel regarding the Transfers. Nevertheless, the Receiver, on behalf of Gabriel and Ariel, engaged in good faith negotiations with the Trustee that yielded the settlement set forth in the Agreement.

16. The Trustee has conducted a comprehensive investigation of the funds that Gabriel and Ariel gave to BLMIS. The Receiver has cooperated with the Trustee and facilitated

the investigation by providing information the Trustee has requested. This investigation included, but was not limited to: the review and analysis of the BLMIS-related transactional histories as reflected in the BLMIS account statements of Gabriel and Ariel; correspondence and other records and documents available to the Trustee; interviews with third-party witnesses; meetings with the Receiver and his counsel, on behalf of each of Gabriel and Ariel; and a substantial review of third-party records and documents.

17. After a review of the relevant records and a thorough and deliberate consideration of the uncertainty and risks inherent in all litigation, the Trustee, in the exercise of his business judgment, has determined that it is appropriate to reach a consensual resolution rather than to continue the litigation.

## OVERVIEW OF THE AGREEMENT

18. The principal terms and conditions of the Agreement are generally as follows (as stated above, the Agreement is attached as Exhibit A and should be reviewed for a complete account of its terms):[3]

- Gabriel and Ariel shall pay the Trustee the full amount of the Transfers;

- Neither Gabriel nor Ariel will be entitled to the benefit of a SIPC customer advance under section 78fff-2(a) of SIPA;

- Gabriel shall have an Allowed Claim in the amount of $178,490,000.00, which is the amount of Gabriel's net equity ($163,700,000.00) plus 85% of the Gabriel Settlement Payment;

---

[3] Terms not otherwise defined herein shall have the meanings ascribed in the Agreement. In the event of any inconsistency between the summary of terms provided in this section and the terms of the Agreement, the Agreement shall prevail.

6

300356842.1

- Ariel shall have an Allowed Claim in the amount of $189,406,835.22, which is the amount of Ariel's net equity ($174,107,054.52) plus 85% of the Ariel Settlement Payment;

- At Closing, the Trustee shall pay Gabriel $69,706,689.80, consisting of the total amount of the catch-up distribution owed to Gabriel for its Allowed Claim, which, as of the date of this Motion, is equal to 48.802%;[4]

- At Closing, the Trustee shall pay Ariel $74,434,581.72, consisting of the total amount of the catch-up distribution owed to Ariel for its Allowed Claim, which, as of the date of this Motion, is equal to 48.802%;

- The Trustee will release, acquit, and absolutely discharge Gabriel, Ariel, and the Receiver on the specific terms set forth in the Agreement;

- Gabriel and Ariel will release, acquit, and absolutely discharge the Trustee and all his agents and BLMIS and its consolidated estate, on the specific terms set forth in the Agreement;

- Gabriel and Ariel agree to use good faith efforts to reasonably cooperate with the Trustee should the Trustee make reasonable requests related to his pursuit of claims against the non-settling defendants in this adversary proceeding subject to Gabriel's and Ariel's rights under applicable laws and rules, and the Receiver's reasonable judgment in providing such cooperation.

---

[4] As of the date of the Agreement, this Court has approved five *pro rata* interim distributions to BLMIS customers with allowed customer claims of 4.602%, 33.556%, 4.721%, 3.180%, and 2.743%, respectively (48.802% total).

7

300356842.1

## RELIEF REQUESTED

19. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit B approving the Agreement.

## LEGAL BASIS

20. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

21. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. Of Unsecured Creditors (In re Refco, Inc.),* 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

22. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

    (i)    the probability of success in the litigation;

    (ii)    the difficulties associated with collection;

    (iii)    the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

    (iv)    the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.,* 2006 U.S. Dist. LEXIS 85691, at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

23. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods*., 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis v. Shugrue*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

24. The Trustee believes that the Agreement sets forth fair and equitable terms, which fall well above the lowest point in the range of reasonableness. The Agreement furthers the interest of BLMIS customers by (i) adding to the fund of customer property $35,399,742.00; (ii) recovering 100% of the Transfers; (iii) and reducing the amount of the claims of Gabriel and Ariel that arise in connection with the Settlement Payments by 15%. Furthermore, the Agreement resolves all claims against Gabriel and Ariel, thereby reducing the overall cost of the Adversary Proceeding.

9

## CONCLUSION

25. In sum, the Trustee submits that the Agreement should be approved because it represents a fair and reasonable compromise of the Trustee's claims against Gabriel and Ariel and their respective claims against the BLMIS estate. Since the Agreement is well within the "range of reasonableness" and confers a benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## NOTICE

26. In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) James C. McCarroll and Jordan W. Siev, Reed Smith LLP, 599 Lexington Avenue, 22nd Floor, New York, NY 10022. Notice of this motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit B granting the relief requested in the Motion.

300356842.1

Dated: New York, New York  
       May 29, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ David J. Sheehan*  
      David J. Sheehan  
      dsheehan@bakerlaw.com  
      Lan Hoang  
      lhoang@bakerlaw.com  
      45 Rockefeller Plaza  
      14th Floor  
      New York, NY  10111  
      Telephone:    212.589.4200  
      Facsimile:     212.589.4201

*Attorneys for Irving H. Picard,*  
*Trustee for the Substantively*  
*Consolidated SIPA Liquidation of the*  
*estate of Bernard L. Madoff Investment*  
*Securities LLC and the*  
*estate of Bernard L. Madoff*