**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br>v.<br><br>NTC & Co. LLP, as former custodian of an Individual Retirement Account for the Benefit of Diane Ringler; RINGLER PARTNERS, L.P.; and DIANE RINGLER, individually and in her capacity as a General Partner for Ringler Partners, L.P., | Adv. Pro. No. 10-04654 (SMB) |

| Defendants. |
|---|

### STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING WITH PREJUDICE

WHEREAS, on December 2, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Ringler Partners, L.P. and Diane Ringler (the "Defendants")[1] and others in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Defendants submitted to the Trustee a hardship application (the "Hardship Application") requesting that the Trustee agree to dismiss the Adversary Proceeding. In support of the Hardship Application, Defendants submitted to the Trustee financial statements and other information, all under penalty of perjury; and

WHEREAS, in reliance on the representations made by Defendants in the Hardship Application and other representations and/or materials submitted by Defendants in support of the Hardship Application and through discovery, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss this Adversary Proceeding;

IT IS HEREBY agreed and stipulated between the Trustee and Defendants as follows:

1. Defendants hereby affirm (i) that all representations made by Defendants and all materials provided by Defendants are true and correct under penalty of perjury and (ii) that the

---

[1] Defendant NTC & Co. LLP was dismissed without prejudice on May 11, 2011.

2

Trustee has relied upon these materials in exercising his discretion to dismiss this Adversary Proceeding.

2. Defendants hereby agree that to the extent it is subsequently determined that Defendants deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Application and/or discovery responses, the Defendants hereby agree (i) that the Trustee shall have the right to reinstitute the Adversary Proceeding against Defendants and/or pursue other remedies available to him and (ii) that Defendants agree that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendants hereby agree to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041(a), the Trustee and Defendants hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, Trustee's claims against Defendants are dismissed with prejudice.

4. The Bankruptcy Court retains sole and exclusive jurisdiction over any and all disputes arising out of the Stipulation and Order.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

3

Dated: June 1, 2015

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Nicholas J. Cremona

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff*

**KUDMAN TRACHTEN ALOE LLP**

By: */s/ Evan S. Cowit*
350 Fifth Avenue, Suite 4400
New York, New York 10118
Telephone: 212.868.1010
Paul H. Aloe
Evan S. Cowit

*Attorneys for Defendants Ringler Partners, L.P. and Diane Ringler*

**DEFENDANT DIANE RINGLER, INDIVIDUALLY AND AS GENERAL PARTNER OF DEFENDANT RINGLER PARTNERS, L.P.**

By: */s/ Diane Ringler*

SO ORDERED

Dated: June 1st, 2015
New York, New York

/s/ STUART M. BERNSTEIN
HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4