| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: Oct. 28, 2015 |
| | (10:00 a.m. EST) |
| **SOUTHERN DISTRICT OF NEW YORK** | Objection Deadline: Oct. 20, 2015 |
| | (5:00 p.m. EST) |

-------------------------------------------------------------------------x
:
In re: : SIPA LIQUIDATION
:
BERNARD L. MADOFF INVESTMENT SECURITIES : Index No. 08-01789
LLC, : (SMB)
:
                Debtor. :
:
IRVING H. PICARD, Trustee for the Liquidation of : Adv. Pro. No. 10-05191
Bernard L. Madoff Investment Securities LLC, : (SMB)
:
                Plaintiff, :
:
  - against - :
:
:
FGLS EQUITY, LLC :
:
                Defendant. :
-------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT BACKGROUND .................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

I.   APPLICABLE LEGAL STANDARD UNDER RULE 12(C) ........................................... 3

II.  THE COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW ........................ 4

CONCLUSION .............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 3

*Johnson v. Rowley*,
   569 F.3d 40 (2d Cir. 2009) ........................................................................................... 3

*Picard v. Ida Fishman Revocable Trust*,
   773 F.3d 411 (2d Cir. 2014) ................................................................................. 1, 2, 4

*Sellers v. M.C. Floor Crafters, Inc.*,
   842 F.2d 639 (2d Cir. 1988) ........................................................................................ 3

**Other Authorities**

11 U.S.C. § 546 .................................................................................................................. 2

11 U.S.C. § 547 ............................................................................................................. 1, 4

11 U.S.C. § 548 .......................................................................................................... 1, 2, 3

11 U.S.C. § 550 ............................................................................................................. 1, 4

11 U.S.C. § 551 ............................................................................................................. 1, 4

15 U.S.C. §§ 78aaa ............................................................................................................ 2

15 U.S.C. § 78fff-2 ............................................................................................................ 2

Fed. R. Bankr. P. 7007 ....................................................................................................... 2

Fed. R. Bankr. P. 7012 ....................................................................................................... 2

Fed. R. Civ. P. 7 ................................................................................................................. 3

Fed. R. Civ. P. 12 ............................................................................................................... 3

FGLS Equity LLC ("FGLS") respectfully submits this memorandum of law in support of its motion under Rule 12(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, for a judgment on the pleadings dismissing the Complaint asserted against it by Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA").

### PRELIMINARY STATEMENT

This motion is based on a recent Second Circuit decision in the Bernard L. Madoff Investment Securities LLC ("BLMIS") matter, which confirmed that – except in the case of actual fraud under Section 548(a)(1)(A) – payments received by BLMIS customers were shielded from avoidance by Section 546(e) of the Bankruptcy Code. *Picard v. Ida Fishman Revocable Trust*, 773 F.3d 411 (2d Cir. 2014). In this decision (which consolidated pending actions by the Trustee raising the Section 546(e) issue), the Second Circuit held that the district court had properly dismissed all clawback claims, with the exception of claims invoking Section 548(a)(1)(A) for transfers within the two-year period preceding the BLMIS filing date.

Here, the only affirmative claim asserted against FGLS ("Count One") is for avoidance of certain transfers pursuant to Sections 547(b), 550, and 551 of the Bankruptcy Code. (Compl. ¶¶ 40-49.) Accordingly, even accepting every allegation in the Complaint as true, *Ida Fishman* requires dismissal of this claim as a matter of law. Further, as the viability of Count One is the sole basis for Count Two of the Complaint (for disallowance of FGLS's customer claim in the SIPA proceeding), Count Two should also be dismissed for failure to state a claim.

For this reason, FGLS respectfully requests that the Court grant its motion for judgment on the pleadings, and dismiss the Complaint against it with prejudice.

## RELEVANT BACKGROUND

The Trustee filed its Complaint against FGLS in late 2010. On or about May 26, 2011, FGLS filed its Answer and Counterclaim. The matter was then successively adjourned until early 2015.

## ARGUMENT

Under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), "a trustee is empowered to 'recover' (or claw back) money paid out by the debtor, as long as the money 'would have been customer property' had the payment not occurred, and the transfers could be avoided under the Bankruptcy Code." *Ida Fishman*, 773 F.3d at 414 (citing 15 U.S.C. § 78fff–2(c)(3). However, Section 546(e) of the Bankruptcy Code creates a "safe harbor" that limits the trustee's clawback powers. *See* 11 U.S.C. § 546(e). As the Second Circuit describes it, "Section 546(e) provides generally that certain securities-related payments, such as transfers made by a stockbroker 'in connection with a securities contract,' or 'settlement payment[s]' cannot be avoided in bankruptcy." *Ida Fishman*, 773 F.3d at 414. Although this safe harbor is "expressly inapplicable to claims of actual fraud brought under [Section] 548(a)(1)(A)," it otherwise covers a "very broad range of securities-related transfers." *Id.* at 416, 423.

In *Ida Fishman*, the Second Circuit confirmed – as the District Court for the Southern District of New York had repeatedly held – that the Section 546(e) safe harbor applied to payments from BLMIS to its customers notwithstanding the underlying Ponzi scheme. *Id.* at 415, 417-23. Accordingly, the Court affirmed the dismissal, for failure to state a claim, of all clawback claims except those alleging actual fraud under Section 548(a)(1)(A) with respect to payments made within two years of the filing date.

2

I.      **APPLICABLE LEGAL STANDARD UNDER RULE 12(C)**

Under Rule 12(c), made applicable to this adversary proceeding by Bankruptcy Rule 7012, a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see* Fed. R. Civ. P. 12(h)(2) (after pleadings are closed, a motion to dismiss for failure to state a claim may be brought as a motion for judgment on the pleadings); Fed. R. Bankr. P. 7012(b). The pleadings are closed when, as here, the plaintiff has filed a complaint and the defendants have filed answers. Fed. R. Civ. P. 7(a); *see* Fed. R. Bankr. P. 7007. Rule 12(i) further provides that "a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). Where the Rule 12(c) motion does not involve any disputed factual issue, there is no reason to defer decision until trial. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) ("Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.").

In deciding a Rule 12(c) motion, the court should employ the "same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009) (internal quotation marks and citation omitted). Accordingly, to survive a Rule 12(c) motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

II. **THE COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW**

As the Second Circuit has recently confirmed, the "safe harbor" provision of Section 546(e) applies to payments made by BLMIS to its customers, requiring dismissal of all clawback claims except those asserted under Section 548(a)(1)(A). *Ida Fishman*, 773 F.3d at 423.

The Trustee's sole affirmative claim against FGLS in this action is for avoidance of certain transfers pursuant to Sections 547(b), 550, and 551 of the Bankruptcy Code. (Compl. ¶¶ 40-49.) Under *Ida Fishman*, this claim is barred as a matter of law by Section 546(e). *See Ida Fishman*, 773 F.3d at 415-23. As this claim fails to state a claim upon which relief can be granted, FGLS respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss Count One with prejudice.

Count Two, in turn, merely asks that FGLS's Customer Claim in the SIPA proceeding be disallowed, on the basis that FGLS "is the recipient of Transfers of BLMIS' property which are avoidable and recoverable under sections 547 and 550 . . . , [and] has not returned the Transfers to the Trustee." (Compl. ¶ 42.) As those Transfers are not recoverable or avoidable as a matter of law, this Count too fails to state a claim. Accordingly, Count Two should also be dismissed.

## CONCLUSION

For the foregoing reasons, FGLS respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss the entire Complaint against it with prejudice, as well as any different or additional relief that is just and proper.

Dated: New York, New York
      May 14, 2015                                   ARKIN SOLBAKKEN LLP

                                                           By: */s/ Stanley S. Arkin*
                                                           Stanley S. Arkin (SA-1373)
                                                           Arkin Solbakken LLP
                                                          590 Madison Avenue, 35th Floor
                                                           New York, New York 10022
                                                           (212) 333-0200

*Attorneys for Defendant*

5