**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04927 (SMB) |
| Plaintiff, | |
| v. | |
| URI AND MYNA HERSCHER FAMILY TRUST, DATED MAY 27, 1998, URI D. HERSCHER, as trustor, trustee and as an individual, and MYNA M. HERSCHER, as trustor, trustee and as an individual, | |
| Defendants. | |

## STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and for the estate of Bernard L. Madoff, individually ("Madoff"), and defendants Uri and Myna Herscher Family Trust (the "Trust"), Uri D. Herscher, and Myna M. Herscher (each, a "Defendant" and collectively, "Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, the Trustee's Complaint in this adversary proceeding alleged that BLMIS and/or Madoff made certain initial transfers (the "Initial Transfers") to or for the benefit of Defendants relating to an account Defendant Trust held at BLMIS and/or with Madoff, and that the Trust made certain subsequent transfers (the "Subsequent Transfers") of the Initial Transfers to or for the benefit of Defendant Uri D. Herscher and Defendant Myna M. Herscher (the "Herschers").

**WHEREAS**, in Counts One to Six of the Trustee's Complaint, the Trustee seeks to avoid and recover from Defendants the alleged Initial Transfers or their value as fraudulent pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and sections 273 through 276 and 278 through 279 of the New York Debtor and Creditor Law (the "DCL"), as well as section 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS**, in Count Seven of the Trustee's Complaint, the Trustee seeks to recover from the Herschers the alleged Subsequent Transfers or their value as fraudulent pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. and sections 273 through 276 and 278 through 279 of the DCL, as well as sections 78fff-2(c)(3) of the SIPA;

**WHEREAS**, Defendants raise certain defenses to the Trustee's claims in the Complaint;

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the Parties are entering into this Stipulation to avoid unnecessary litigation over discovery disputes in the interest of efficiency;

**WHEREAS**, upon execution and entry of this Stipulation, the Trustee agrees to withdraw the subpoena served pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on the financial institution where Defendant(s) held account(s) that received funds from BLMIS and/or Madoff; and

**WHEREAS**, upon execution and entry of this Stipulation, the Trustee agrees to forego service of any additional subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions where Defendant(s) hold or held account(s) that received funds from BLMIS.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following:

1. The Trust maintained the BLMIS account number 1H0165 ("Account") in Trust's name.

2. Exhibit B to the Trustee's Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects the complete history of the transactions involving deposits into and withdrawals from the Account; *provided, however* that Defendants in no way concede the accuracy of the designations "Fraudulent Transfers" and "Fraudulent Conveyances."

3. Over the life of the Account, the Trust withdrew $2,505,554 from the Account, which consisted of $2,000,000, which equals the amount of deposits, and $505,554 in excess of amounts deposited.

4. Between December 11, 2006 and December 11, 2008, the Trust withdrew from the Account $505,554 in excess of amounts deposited.

5. Between December 11, 2002 and December 11, 2008, the Trust withdrew from the Account $505,554 in excess of amounts deposited.

6. None of the Initial Transfers was subsequently transferred by the Trust between December 11, 2002 and December 11, 2008, and to the present.

7. By executing this Stipulation, Defendants in no way concede or admit liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA, or any other applicable law, and reserve all defenses.

8.      This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to Defendants with respect to BLMIS accounts other than the Account.

9.      Upon execution and entry of this Stipulation, the Trustee agrees to forego service of any additional subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions where Defendant(s) hold or held account(s) that received funds from BLMIS, and to withdraw any such subpoenas that are pending, including, without limitation, the subpoena served on or about November 10, 2014, addressed to Wells Fargo Bank, N.A.

10.     Upon execution and entry of this Stipulation, the Trust will deposit $505,554 (the "Escrowed Amount") into an escrow account (the "Escrow Account") maintained by a third party financial institution (the "Escrow Agent"), to be held until the entry by the U.S. District Court of a judgment in this matter, which judgment has become Final (as defined below), or as otherwise agreed by the Parties in writing.  The Trust and Trustee shall each be entitled to propose to the other reasonable third party financial institutions to serve as the Escrow Agent, and reasonably veto the other's proposals.  The Escrow Agent shall be agreed upon between the Parties.

11.     The escrow agreement, instructions, and all other documents necessary to facilitate the escrow shall be agreed upon between the Parties.  Defendants and the Trustee shall each receive quarterly statements from the Escrow Agent summarizing the Escrow Account. The Escrow Account shall be jointly owned and controlled by the Trustee and the Trust, each of whom/which shall be a signatory on the Escrow Account.  Any changes to the Escrow Account, and documents and/or terms relating thereto shall require the signatures of the Trustee and the Herschers as trustees of the Trust.

4

12.     For purposes of this Stipulation, a judgment shall be "Final" when (A) the time to appeal, seek *certiorari* or request reargument or further review or rehearing has expired and no appeal, petition for *certiorari* or request for reargument or further review or rehearing has been timely filed, or (B) any appeal that has been or may be taken or any petition for *certiorari* or request for reargument or further review or rehearing that has been or may be filed has been resolved by the highest court to which the order or judgment was appealed, from which *certiorari* was sought or to which the request was made and no further appeal or petition for *certiorari* has been or can be taken or granted.

13.     The Trustee shall satisfy any Final judgment in his favor and against Defendants or any of them first from the Escrowed Amount.  If the Final judgment is greater than the Escrowed Amount the Trustee shall be entitled to satisfy the portion of such judgment in excess of the Escrowed Amount by any means permissible under applicable law.  If the amount of a Final judgment is less than the Escrowed Amount the balance shall be released to the Trust.  If the Final judgment is the Trust's favor and against the Trustee, the Escrowed Amount shall be released to the Trust.

14.     So long as the Escrowed Amount is held in escrow and any judgment is not yet Final, including during the pendency of any appeal, the Trustee shall not collect any judgment in his favor and Defendants shall not be required to post a bond to obtain or effectuate a stay pending any appeal.

15.     After the Escrow Amount is deposited, the Trustee hereby agrees to dismiss the Herschers in their individual capacities with prejudice from this action and refrain from any further discovery into subsequent transfers.  The Herschers shall remain as defendants solely in the capacity of legal representatives of the Trust.  After the Escrow Amount is deposited, the Trustee also hereby agrees to dismiss Count Seven of this action with prejudice.

16.     So long as the Escrowed Amount is held in escrow, the Trustee will not pursue any supplemental responses from Defendants regarding discovery requests, including interrogatories, document requests and requests for admission, to the extent that the discovery requests seek information regarding subsequent transfers and/or subsequent transferees ("Resolved Issues"), nor will the Trustee serve additional discovery requests or seek discovery from third parties regarding Resolved Issues.

17.     The Trust accepts full responsibility for any judgment in the Trustee's favor.

Dated:   New York, New York
         June 12, 2015

s/ Nicholas J. Cremona
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Michael R. Matthias
Email:  mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

s/ Matthew J. Gold
**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
551 Fifth Avenue
New York, New York 10176
Telephone:  (212) 986-6000
Facsimile:  (212) 986-8866
David Parker
Email: dparker@kkwc.com
Matthew J. Gold
Email:  mgold@kkwc.com

*Attorneys for Defendants*

SO ORDERED this 16th day of June, 2015.

/s/ STUART M. BERNSTEIN
 HONORABLE STUART M. BERNSTEIN
 UNITED STATES BANKRUPTCY JUDGE