DAY PITNEY LLP
7 Times Square
New York, NY 10036
Telephone: (212) 297-5800
Thomas D. Goldberg (TG-7251)
Margarita Y. Ginzburg (MG-6240)

*Attorneys for Defendant Edmond A. Gorek and Marguerite M. Gorek*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04797 (SMB) |
| Plaintiff, | |
| v. | |
| EDMOND A. GOREK and MARGUERITE M. GOREK, | |
| Defendants. | |

### OBJECTION TO NOTICE OF SETTLEMENT OF ORDER
### AND COUNTER-PROPOSED ORDER

Defendants Edmond A. Gorek and Marguerite M. Gorek (collectively, the "Gorek Defendants") respectfully object to the proposed form of order submitted by counsel to the Plaintiff, Irving Picard, as trustee (the "Trustee") (see Adv. Proc. No. 10-04797-smb, Doc. 32) – on which the undersigned counsel were not consulted – on the ground that it inaccurately states that their Motion to Dismiss filed in this proceeding on February 27, 2014 was denied, when in fact the Court sustained the Complaint solely with respect to Count One, the only count that asserts a claim for intentional fraudulent transfers made within two years of December 11, 2008 (the "Filing Date") under Bankruptcy Code §§ 546(e) and 548(a)(1)(A). Counts Two through Six of the Complaint have been dismissed. Accordingly, the Court should enter the order in the form attached hereto as Exhibit A.

In the Motion to Dismiss, which was consolidated with the other pending omnibus motions to dismiss (the "Omnibus Motions to Dismiss"), the Gorek Defendants moved to dismiss Counts Two through Six of the Complaint in this action on the ground that the claims against them are barred under Section 546(e) of the Bankruptcy Code. The Second Circuit has so held, *see SIPC v. Ida Fishman Revocable Trust* (*In re BLMIS*), 773 F.3d 411, 415 (2d Cir. 2014) ("*Ida Fishman*"), *pet. for cert. pending*, 83 U.S.L.W. 3746 (U.S. Mar. 17, 2015) (Nos. 14-1128, 1129); and this Court's decision on the Omnibus Motions to Dismiss observed that "[t]he Trustee concedes that the defendants lacked knowledge of Madoff's Ponzi scheme. Accordingly, his claims to avoid transfers are limited to intentional fraudulent transfers made within two years of December 11, 2008 (the Filing Date) under 11 U.S.C. §§ 546(e) and 548(a)(1)(A)." Memorandum Decision Regarding Omnibus Motions to Dismiss, at 5 (S.D.N.Y. entered June 2, 2015).

-2-

Here, only Count 1 (Section 548(a)(1)(A) claim) of the Complaint has survived. Accordingly, the Court should enter the Order in the form annexed hereto as Exhibit A making it clear that Counts 2 through 6 of the Complaint have been dismissed. Further, should the Court enter the Trustee's proposed order, that order should delete this adversary proceeding from Appendix A.

Dated: June 17, 2015
      New York, New York

Respectfully submitted,

DAY PITNEY LLP

By:   /s/ Thomas D. Goldberg
    Thomas D. Goldberg (TG-7251)
    Margarita Y. Ginzburg (MG-6240)
    7 Times Square
    New York, NY 10036
    E-mail: tgoldberg@daypitney.com
    E-mail: mginzburg@daypitney.com

*Attorneys for Defendant Edmond A. Gorek and Marguerite M. Gorek*