| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN PARTNERS INVESTMENT CO., NORTHEAST INVESTMENT CLUB, AND MARTIN R. HARNICK & STEVEN P. NORTON, PARTNERS**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests in Northeast Investment Club, Partners Investment Co., and Martin R. Harnick & Steven P. Norton, Partners (the "Motion"), the Trustee selected three BLMIS accounts (collectively, the "Accounts"), held by the following:

1ZB123 held by Northeast Investment Club ("Northeast"), 1CM846 held by Partners Investment Co. ("PIC"), and 1H0123, held by Martin R. Harnick & Steven P. Norton, Partners (hereafter "HNP" and collectively with Northeast and PIC, the "Partnerships").

4. A list of Objecting Claimants invested in one or more of the Partnerships whose claims are dealt with by this Motion is annexed to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration") as Exhibit 2. The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in the Partnerships, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. Most of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Partnership account files as contained in the books and records of BLMIS.

7. The Objections to Determination filed on behalf of Objecting Claimants associated with Northeast or HNR were filed by Helen Chaitman of Becker & Poliakoff LLP, while PIC and at least two Objecting Claimants associated with Northeast also filed *pro se*

2

Objections to Determination (one of which was subsequently withdrawn). To clarify attorney representation issues, on September 19, 2013 we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both those occasions that she did not represent any of the Objecting Claimants in connection with the Partnerships discovery.

### Service of Requests for Admission and Other Discovery

8.  I caused discovery to be served on Objecting Claimants either through counsel, or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

9.  Prior to Ms. Chaitman's clarification of her representation status, I caused discovery to be served on Objecting Claimants claiming customer status through Northeast, by sending discovery to Ms. Chaitman. A copy of the complete discovery as sent, with cover letter and certificate of service, is attached as Exhibit 1. No response was received to this discovery.

10. Because Ms. Chaitman clarified that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, as well as Interrogatories and Requests for Production, were ultimately served on all the Objecting Claimants personally. None of the Requests for Admission (nor any of the other discovery) as to Northeast or HNR was responded to, and few responses were received as to PIC. All responses the Trustee received to the Interrogatories or Requests for Admission are attached *infra*.

**Pro Se Responses To Interrogatories and Requests for Admission**

11.     Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Marilyn Conrath, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

12.     Attached hereto as Exhibit 3 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Mark and Linda Bessell, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

13.     Attached hereto as Exhibit 4 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Barry and Joyce Schwartz, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

14.     Attached hereto as Exhibit 5 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Seth Mitchell Avergon, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

**Documents Produced In Discovery**

15.     Attached hereto as Exhibit 6 is a true and correct copy of selected cover letters transmitting K-1 forms from Northeast to Mark and Linda Bessel, as produced to the Trustee by the Bessels in response to Requests for Production. The accompanying K-1 forms, in the "Information About the Partner" section, had a check mark in the box labeled "General partner or LLC member-manager."

16.     Attached hereto as Exhibit 7 is a letter from Morrey Berkwitz to Marilyn Conrath, as produced to the Trustee in response to Requests for Production served upon Marilyn Conrath.

### *Pro Se* Objecting Claimants That Failed To Respond To Requests For Admission

17. Attached hereto as Exhibit 8 is a chart of other Objecting Claimants who did not respond to the Requests for Admission served upon them. The Objecting Claimants who received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to the Trustee's notice of determination of claim (an attorney had also filed a separate objection as to the determination of their claim and had not, at the time of this discovery, responded to a request by the Trustee to clarify the status of their representation), or (2) Objecting Claimants whose objections to determination had been filed by counsel that had advised the Trustee that they no longer purported to represent the Objecting Claimant as to this discovery.

18. There were five basic types of Requests for Admission sent to Objecting Claimants in their discovery packages, which are distinguished by variations in the "RFA Type" column of the Exhibit 8 chart.

19. The PIC Objecting Claimants showing RFA Type "1PIC" in the Exhibit 8 chart each received a discovery package in which the eighteen numbered Requests for Admission were identical to the eighteen numbered Requests for Admission in every other such package; the sole PIC Objecting Claimant who received the "2PIC" version had essentially the same eighteen numbered Requests for Admission, but slightly reworded to use "Claimant" in place of "you" or "your" (the cover letter also defined the term "Claimant").

20. The Northeast Objecting Claimants received either a discovery package with thirteen numbered Requests for Admission that were identical from one package to another (RFA Type "1NE" in the Exhibit 8 chart), or a discovery package (RFA Type "2NE" in the Exhibit 8 chart) that omitted Request No 13 but had the same other twelve identical numbered

5

Requests for Admission as did the 1NE versions. The other significant difference between the 1NE and 2NE versions lay in the discussion of attorney issues in the cover letters.

21. The HNP Objecting Claimants each received a package with eight identical numbered Requests for Admission (RFA Type "HNP" in the Exhibit 8 chart.)

22. Examples of the five basic types of Requests for Admission discussed in the four immediately preceding paragraphs are attached as Ex. 9 (Arlene Adams Schuyler, **1NE** on chart); Ex. 10 (Marthe & Menahem Lowy, **2NE** on chart); Ex. 11 (Joy Weiser, **1PIC** on chart); Ex. 12 (Jeffrey D. Zudeck for JDZ Holdings LLC, **2PIC** on chart); and Ex. 13 (Martin R. Harnick, **HNP** on chart). Exhibits 9 through 13 each contain the cover letter and Requests for Admission as sent, but omit the other enclosures referenced in the cover letter.

23. The cover letters sent to the various Objecting Claimants in the Exhibit 8 chart had other relevant variations (date, addressee, claim number, due date for responses, references to the dates and docket numbers of objections) that are specified in the chart attached as Exhibit 8. The cover letters also differed in ways not directly relevant to the requests for admission themselves.

24. Given there are voluminous Requests for Admission and that there is no variation other than as mentioned in this declaration, the Trustee is offering to provide these documents on request rather than attaching them to this declaration.

25. Attached as Exhibit 14 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in Exhibit 8.

## Miscellaneous Exhibits

26. Attached as Exhibit 15 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations

Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships (ECF No. 8734).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2015

    New York, New York

                                    */s/ Stephanie Ackerman*
                                    Stephanie Ackerman, Esq.
                                    Baker & Hostetler LLP
                                    45 Rockefeller Plaza
                                    New York, New York 10111