**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE
TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS
DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING
INTERESTS IN PARTNERS INVESTMENT CO., NORTHEAST INVESTMENT
CLUB, AND MARTIN R. HARNICK & STEVEN P. NORTON, PARTNERS**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2.  In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.  I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4.  I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims of Claimants Holding Interests in Northeast Investment Club, Partners Investment Co., and Martin R. Harnick & Steven P. Norton, Partners (the "Motion").[1]

5.  At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6.  For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1ZB123 held by Northeast Investment Club ("Northeast"), 1CM846 held by Partners Investment Co. ("PIC"), and 1H0123, held by Martin R. Harnick & Steven P. Norton,

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

Partners ("HNP" and collectively with Northeast and PIC, the "Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Partnerships and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Partnership.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 61 claims filed by Objecting Claimants that invested in one or more of the Partnerships and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-holding Partnership in which the Objecting Claimants

3

invested, and the Partnership Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants and the claim numbers.

13. The Partnerships each filed one or more claims related to its Account, and sought a distribution from the fund of customer property for its Account.

14. Letters of determination were sent to HNP which denied its customer claims on the grounds that it was a net winner, that is, that it had withdrawn more money from BLMIS that had been deposited in its BLMIS Account. In contrast, PIC and Northeast were each allowed customer claims in the amounts of $4,095,000.00 and $594,946.30, respectively, and payments on those customer claims have been made to each. The allowed amount of the Northeast customer claim has now been fully paid.

15. Attached hereto as Exhibit 4 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Northeast Account.

16. Attached hereto as Exhibit 5 is a true and correct copy of claim 000361, filed with the Trustee by Northeast.

17. Attached hereto as Exhibit 6 is a true and correct copy of the BLMIS customer file for the Northeast account with selected portions omitted.

18. Attached hereto as Exhibit 7 is a true and correct copy of the November 30, 2008 BLMIS account statement for the PIC Account.

19. Attached hereto as Exhibit 8 is a true and correct copy of claim 004131, filed with the Trustee by PIC. Claim 004131 also includes a copy of the Partnership Agreement of Partners Investment Co. dated as of December 15, 2003 (found at pages MWPTAP00274498-MWPTAP00274517).

20. Attached hereto as Exhibit 9 is a true and correct copy of the BLMIS customer files on the PIC Account.

21. Attached hereto as Exhibit 10 is a true and correct copy of the November 30, 2008 BLMIS account statement for the HNP Account.

22. Attached hereto as Exhibits 11 and 12, respectively, are true and correct copies of claims 001925 and 100132, both filed with the Trustee by HNP.

23. Attached hereto as Exhibit 13 is a true and correct copy of the BLMIS customer files on the HNP Account, and on a predecessor account (1H0062) also held by HNP but ultimately closed.

24. Attached as Exhibit 14 is a true and correct copy of a letter from an accountant for Northeast, produced as part of claim 001791 filed by Mark and Linda Bessell #3. Other Northeast claimants also included this or a similar letter in their claims.

25. Attached as Exhibit 15 is a true and correct copy of an email from Mr. Berkwitz dated 1-23-2009 and produced as part of claim 001791 filed by Mark and Linda Bessell #3.

26. Attached as Exhibit 16 are true and correct copies of selected additional pages from claim 001791 filed by Mark and Linda Bessell #3.

27. The Accounts were in the names of their respective Partnerships, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[2] The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2015

New York, New York

                                                  */s/ Vineet Sehgal*
Vineet Sehgal
Managing Director
AlixPartners LLP
40 W 57th St
New York, New York 10019

---

[2] Some Claimants may have held accounts in their own names, in addition to investing in the Partnerships. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in the Partnerships.

300360657