# Exhibit A

**MILBERG** LLP

NEW YORK
LOS ANGELES
DETROIT

June 18, 2015

**By ECF and Chambers' Email**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    *Securities Investor Protection Corporation v. Bernard L.
Madoff Investment Securities LLC*, Adv. No. 08-1789 (SMB) -
Relates to the Following Adversary Proceedings:

- *Picard v. Onesco Int'l. Ltd., et al.*, Adv. Pro. No. 10-04966;
- *Picard v. Aspen Fine Arts Co., et al.*, Adv. Pro. No. 10-04335;
- *Picard v. Estate of Ira S. Rosenberg, et al.*, Adv Pro. No. 10-04978;
- *Picard v. William M. Woessner Family Trust, et al.*, Adv. Pro. No. 10-04741; and
- *Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al.*, Adv. Pro. No. 10-04906.

<u>Settlement of Orders Providing for the Disposition of Motions
to Dismiss Under the Court's Decision Issued June 2, 2015</u>

Dear Judge Bernstein:

    As counsel for defendants ("Defendants") in the above-referenced adversary proceedings whose motions to dismiss the avoidance actions brought by the Trustee were decided by the Memorandum Decision issued by the Court on June 2, 2015 ("Decision"), we write to object to the proposed form of order presented by the Trustee's notice of settlement filed on June 15, 2015.

    For the Court's convenience, we enclose a clean copy of our counter-proposed form of order (Exhibit B), and a comparison marked to reflect the differences from the Trustee's proposal (Exhibit C). We request that the Court adopt the changes proposed in our form of order for the reasons explained below.

One Pennsylvania Plaza · New York, NY 10119 · T 212.594.5300 · F 212.868.1229 · milberg.com



Hon. Stuart M. Bernstein, U.S.B.J.
June 18, 2015
Page 2

We believe that the Trustee's proposed order fails to properly effectuate the Court's rulings set forth in the Decision regarding the dismissal of claims against alleged subsequent transferee defendants. Further, we submit that the Trustee's proposed order imposes requirements upon the Defendants that are not contemplated by the governing rules of procedure.

The Decision makes clear that the claims asserted by the Trustee regarding avoidance of Obligations (Decision at 55-59) and recovery of Subsequent Transfers (*id.* at 49-53) are legally insufficient and are to be dismissed as provided in the Decision because of the pleading deficiencies addressed by the Court. While the Trustee's proposed order is sufficient as to the dismissal of the Obligations Claims (Trustee Order, at ¶ 1), Defendants submit that modifications are required to the disposition of the Subsequent Transfer Claims and the process proposed by the Trustee to consider possible amendment of complaints.

**Counter-Proposed Order ¶ 2**: As a general proposition, the disposition of Subsequent Transferee Claims as contemplated by Paragraph 2 of the Trustee's proposed form of order rests on a significant defect: The Trustee's proposed order does not provide for the formal dismissal of the claims in all cases, *now*, subject to the Trustee's opportunity thereafter to seek leave to amend. Instead, the Trustee's order proposes to establish a "Consideration Period" (to expire on August 17, 2015) within which he may to decide whether to amend a complaint and to seek defendant's consent to amendment, without providing for the dismissal of the deficient claims. We submit that the counter-proposed order should be adopted in place of the Trustee's proposal for the following reasons:

(i)  The Trustee's form of order contains a fundamental procedural flaw in that even where a defendant does not consent to an amendment of the complaint, and even where a motion for leave to amend is denied, *the Trustee's form of order does not dispose of the Subsequent Transfer Claims in the operative complaints*. In the Decision, the Court did not condition the dismissal of the Subsequent Transfer Claims on the Trustee's decision not to amend those claims; rather, those claims were simply dismissed. We submit that the Trustee's proposed framework does not comport with the clear direction of the Decision for dismissal of the Subsequent Transfer Claims.

Under the Trustee's proposed order, the Subsequent Transfer Counts are only "deemed dismissed" if the following happens: "If no request for consent to the amendment of a Complaint is provided to the relevant Defendant prior to the expiration of the Consideration Period, the Subsequent Transferee Count in that Complaint will be deemed dismissed without prejudice. (Trustee's Order, ¶ 2). But the Trustee's proposal does not account for situations where the Trustee *does* request consent for the amendment of the complaint. Similarly, if a defendant declines to consent, the deficient Subsequent Transferee Claims in the complaint would still be "live", as a technical matter, even during the briefing of a motion

MILBERG LLP

2

Hon. Stuart M. Bernstein, U.S.B.J.
June 18, 2015
Page 3

    for leave to amend. Even if the Trustee *loses* that motion for leave to amend, there would still have been no formal dismissal of the deficient Subsequent Transfer Claims.

    Accordingly, we propose that the Subsequent Transfer Claims should be dismissed by this Order, *now*, without prejudice. The Trustee may then have a "Consideration Period" to consider whether to seek consent to amend or leave to amend, and during that Consideration Period the action will be stayed. Before the end of the Consideration Period, the Trustee may either (1) confirm that he declines to amend, or (2) confirm that he wants to amend (at which point, a defendant may either consent to the amendment or decline to consent, giving the Trustee the further option to file a motion for leave to amend).

(ii)   Similarly, the Trustee's proposed order fails to address the Court's determination, set forth in the Decision, concerning the insufficiency of the Trustee's claims (not presented in any formal count) that to the extent funds transferred from BLMIS were for the benefit of a subsequent transferee defendant(s), the defendant is an initial transferee of the transfer. (*See* Decision at 53). Accordingly, Defendants' proposed order, unlike the Trustee's form of order, includes language to effectuate that aspect of the Court's Decision.

**Counter-Proposed Order ¶ 3**: Defendants do not object, in principle, to providing the Trustee with a "Consideration Period" during which he may consider whether he wishes to seek leave to amend his Subsequent Transfer Claims. However, Defendants object to the procedures set forth in the Trustee's proposed order for the potential amendment of his pleadings, as follows:

(i)   Under the Trustee's proposed order, in the event that the Trustee wishes to amend his Subsequent Transfer Claims, the order provides that the Trustee shall seek Defendants' written consent to the amendment, and provide that "[such] written consent will not be unreasonably withheld." (Trustee's Order at ¶ 4). Neither Rule 15 of the Federal Rules of Civil Procedure (made applicable by Fed. R. Bankr. P. 7015), nor any other applicable statute or rule, imposes such a requirement on a party from whom consent to amendment is sought, and there is no reason to impose such a requirement in this action. Defendants and their counsel are already subject to duties and responsibilities requiring them to act in good faith in the conduct of litigation in this Court, as a result of which the imposition of this additional responsibility is unnecessary. The Trustee should not be permitted to impose any higher or different burden on Defendants who do not consent to his proposed amendments.

MILBERG LLP

3

Hon. Stuart M. Bernstein, U.S.B.J.
June 18, 2015
Page 4

    (ii)  Under the Trustee's proposed order, there is no deadline following the expiration of the Consideration Period for the Trustee to file a motion for leave to amend (in the event that the defendant declines to consent to the Trustee's amendment of a complaint). Defendants propose that, in this situation, the Trustee should be required to file his motion for leave to amend within fourteen (14) days after the defendant declines to consent to the proposed amendment. (*See* Counter-Proposed Order at ¶ 3(c).)

    (iii)  Defendants' counter-proposed order also makes clear that the dates for the various actions under Paragraph 3 would be subject to extension by agreement of the parties to a particular adversary proceeding.

**Counter-Proposed Order ¶ 5**: In order to effectuate the Trustee's proposed 30-day period for the filing of responses to complaints (whether or not an amendment is filed), Defendants include a timetable tied to the different dispositions possible under the framework we propose in Paragraph 3 of the counter-proposed order. We also include a provision to make clear that the time to respond to the complaint may be extended by agreement or further order, without prejudice to any party's position on such an extension, which comports from the language that the Trustee uses in for the prevailing form of stipulations used for those purposes in pending adversary proceedings.

**Counter-Proposed Order ¶ 6**: Defendants submit that the counter-proposed language for the further course of the actions comports more closely with the existing procedures for the implementation of case management schedules through consultation by the parties and entry of scheduling orders by the Court.

**Counter-Proposed Order - Appendix**: The Appendix attached to the Trustee's proposed order incorrectly fails to include the following action: *Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al.*, Adv Pro. No. 10-04906 (SMB) (the "*Marcus* Action"). We submit that the *Marcus* Action should be listed on the Appendix to this order, and that Defendants' counter-proposed order be entered in the *Marcus* Action, as the defendants in the *Marcus* Action timely moved to dismiss the subsequent transfer claims asserted by the Trustee. Although the undersigned counsel informed the Trustee's counsel of this error prior to the Trustee's filing of his proposed order, the Trustee failed to identify the *Marcus* Action in the Appendix to the Trustee's proposed order. We believe this is an inadvertent oversight which requires correction, and we have corrected it in the counter-proposed order submitted herewith.

Hon. Stuart M. Bernstein, U.S.B.J.
June 18, 2015
Page 5


      We are available to respond to any questions or concerns that the Court may have including, if required, appearance at a court conference to address these matters.

                Respectfully,

                By:   /s/ Matthew A. Kupillas
                      Matthew A. Kupillas

MILBERG LLP
Matthew A. Kupillas
Joshua Keller
One Pennsylvania Plaza, 49th Fl.
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Parvin K. Aminolroaya
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

*Counsel for Defendants in the
Adversary Proceedings Listed Above*


Encl.
cc:   Nicholas Cremona, Esq., Baker & Hostetler LLP
       (w/encl., by ECF and email)


706353v1