# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Debtor.<br><br>IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON APPENDIX A ATTACHED HERETO,<br><br>       Defendants. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br><br><br><br><br>Adv. Pro. Nos. listed on Appendix A Attached Hereto |

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

The Defendants listed on Appendix A attached hereto (collectively, "Defendants") have filed motions to dismiss (the "Motions to Dismiss") complaints or amended complaints, as the case may be, filed against them by Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the substantively consolidated estate of Bernard L. Madoff  (the "Complaints").

On January 17, 2014 and March 10, 2014, the Trustee and the Securities Investor Protection Corporation ("SIPC") filed separate memoranda of law opposing the Motions to

Dismiss (the "Opposition Briefs"). On or before March 17, 2014, certain Defendants filed

reply briefs in further support of their respective Motions to Dismiss (the "Reply Briefs").

On September 17, 2014, a hearing on the Motions to Dismiss was held by the Honorable

Stuart M. Bernstein (the "Hearing"). Before and after the Hearing, various parties submitted

supplemental authorities and other submissions to the Court.  The Court, having reviewed the

Motions to Dismiss, the Opposition Briefs, the Reply Briefs, the supplemental authorities and

other submissions, and having heard the argument of counsel at the Hearing, granted in part and

denied in part the Motions to Dismiss for reasons set forth in its Memorandum Decision

Regarding Omnibus Motions to Dismiss (the "Decision") entered June 2, 2015.

Accordingly, it is hereby **ORDERED** that:

1.      As to the counts in each Complaint in the adversary proceedings included on

Appendix A attached hereto (the "Adversary Proceedings") in which the Trustee sought to avoid

alleged obligations pursuant to sections 548(a)(1) and 544 of the Bankruptcy Code, applicable

provisions of SIPA including sections 78fff(b) and 78fff-1(b) and New York Debtor and

Creditor Law (the "Obligations Counts"), Claims), the Motions to Dismiss are granted with

respect to the and such Obligations Counts  and such counts Claims are hereby dismissed from

each Complaint.

2.      As to the count in each complaint included on Appendix A attached hereto

counts in each Complaint in the Adversary Proceedings seeking to recover alleged subsequent

transfers from any subsequent transferee defendants-, or seeking relief from any alleged

subsequent transferees for whom the transfers are alleged to have been made "for the benefit of"

such transferees, pursuant to section 550(a) of the Bankruptcy Code, applicable provisions of

SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law (the "Subsequent

Transferee ~~Count"), the Trustee shall determine on or before August 17, 2015 (the
"Consideration Period") whether (i) the Trustee intends to amend the subsequent transferee
allegations in a Complaint, or (ii) the Subsequent Transferee Count will be dismissed without
prejudice.~~ Claims"), the Motions to Dismiss are granted and such Subsequent Transferee
Claims are hereby dismissed from each Complaint, without prejudice.

     3.    Each of the Adversary Proceedings is stayed for the limited purpose of
permitting the Trustee to determine whether or not to amend the Complaint, under the following
procedures:

     (a)   On or before August 17, 2015 (the "Consideration Period"), the Trustee
shall determine whether the Trustee wishes to amend the Subsequent Transferee Claims in a
Complaint in a manner consistent with the Decision.

     (b)   If the Trustee wishes to amend the Subsequent Transferee Claims in a
Complaint, he must first seek Defendants' written consent to an amendment of the Subsequent
Transferee Allegations and Subsequent Transferee Claims by making a written request to the
relevant Defendant(s) prior to the expiration of the Consideration Period.  The relevant
Defendant(s) shall have fourteen (14) days from the receipt of the Trustee's written request
("Consent Period") within which to consider and respond to the Trustee's request.

     ~~3.Should the Trustee seek to amend the Subsequent Transferee Count, he will
seek Defendants' written consent to an amendment of the subsequent transferee allegations in a
manner consistent with the Decision, which written consent will not be unreasonably withheld.
If necessary, the Trustee will~~ (c)   If the relevant Defendant(s) declines to consent to the
Trustee's proposed amendment for which a timely request for consent was given, the Trustee
may seek leave of the Court to amend in accordance with Rule 15(a)(2) of the Federal Rules of

Civil Procedure. ~~Should no request for consent to the amendment of a Complaint be provided to~~ ~~the relevant Defendant prior to the expiration of the Consideration Period, the Subsequent~~ ~~Transferee Count in that Complaint will be deemed dismissed without prejudice.~~ by filing a motion for such relief with the Court within fourteen (14) days after the expiration of the Consent Period ("Filing Period").

(d)    The periods for the actions to be taken under Paragraph 3 may be extended upon agreement of the parties to the pertinent Adversary Proceeding.

(e)    The limited stay granted by this Order with respect to an Adversary Proceeding shall expire (i) upon the filing of the amended complaint, where consent to amendment was timely sought and obtained; (ii) upon expiration of the Filing Period where consent to amendment was timely sought but not obtained as of the expiration of the Consent Period, and the Trustee fails to file a motion to amend before the expiration of the Filing Period; (iii) upon the disposition by the Court of a motion for leave to amend filed before the expiration of the Filing Period where consent to amendment was timely sought but not obtained as of the expiration of the Consent Period.

4.    In all other respects, the Motions to Dismiss are denied.

5.    All Defendants that are parties to Complaints for which Subsequent Transferee ~~Counts~~ Claims have been ~~deemed~~ dismissed ~~at the conclusion of the Consideration Period~~ pursuant to Paragraph 2 of this Order shall file their answers to the Complaints ~~within 30 days~~ ~~following the expiration of the Consideration Period, or September 16, 2015. Defendants will~~ ~~move forward thereafter on schedules to be established by further order of the Court after~~ ~~consultation among the parties.~~not later than thirty (30) days after the date of expiration of the limited stay under Paragraph 3(e) above.  Nothing in this Order constitutes a waiver of the right

of the Defendant(s) right to request from the Trustee or the Court a further extension of time to

answer, move or otherwise respond to the Complaint or Amended Complaint, and/or the

Trustee's right to object to any such request.

   6.  The Adversary Proceedings will move forward thereafter on schedules to be

established by further order of the Court after consultation among the parties in accordance with

the applicable rules of procedure.

All actions in which Trustee seeks leave to amend the Complaint will move forward thereafter

on a schedule consistent with the applicable Rules of Civil Procedure, including, without

limitation, Rule 15(a)(3).

   7.  This Court shall retain retains jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated: New York, New York
       , 2015     HONORABLE STUART M. BERNSTEIN
                 UNITED STATES BANKRUPTCY JUDGE

| APPENDIX A | | | |
|---|---|---|---|
| | Adv. Pro. No. | Defendant(s) | Counsel for Defendant(s) |
| 1. | 10-05255 | Picard v. Stefanelli Investors Group, et al. | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 2. | 10-04861 | Picard v. Harold J. Hein | Dentons LLP |
| 3. | 10-04401 | Picard v. Rose Gindel Trust, et al. | Dentons LLP |
| 4. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | Dentons LLP |
| 5. | 10-05424 | Picard v. The Frederia Ripley French Rev. Trust, et al.t | Dentons LLP |
| 6. | 10-05224 | Picard v. David R. Markin, et al. | Dentons LLP |
| 7. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | Dentons LLP |
| 8. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | Dentons LLP |
| 9. | 10-04966 | Picard v. Onesco International, Ltd., et al | Lax & Neville LLP / Milberg LLP |
| 10. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | Milberg LLP |
| 11. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | Milberg LLP |
| 12. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | Milberg LLP |
| 13. | <u>10-04906</u> | <u>Picard v. Steven V Marcus Separate Property of the Marcus Family Trust, et al.</u> | <u>Milberg LLP</u> |
| <u>14.</u> ~~13.~~ | 10-04944 | Picard v. Pergament Equities LLC, et al. | Pryor Cashman LLP |
| <u>15.</u> ~~14.~~ | 10-05194 | Picard v. Bruce D. Pergament, et al. | Pryor Cashman LLP |
| <u>16.</u> ~~15.~~ | 10-04341 | Picard v. James P. Marden, et al. | Pryor Cashman LLP |

1

| | | | |
|---|---|---|---|
| 17. 16. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | Pryor Cashman LLP |
| 18. 17. | 10-05439 | Picard v. Avram J. Goldberg, et al. | Pryor Cashman LLP |
| 19. 18. | 10-05118 | Picard v. Charlotte M. Marden, et al. | Pryor Cashman LLP |
| 20. 19. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | Pryor Cashman LLP |
| 21. 20. | 10-04352 | Picard v. RAR Entrepreneurial Fund LTD, et al. | Becker & Poliakoff LLP |
| 22. 21. | 10-04362 | Picard v. Sage Associates, et al. | Becker & Poliakoff LLP |
| 23. 22. | 10-04400 | Picard v. Sage Realty, et al. | Becker & Poliakoff LLP |
| 24. 23. | 10-04712 | Picard v. Joseph S. Popkin Revocable Trust Dated February 9, 2006, a Florida Tr | Becker & Poliakoff LLP |
| 25. 24. | 10-05157 | Picard v. The Harnick Brothers Partnership, et al. | Becker & Poliakoff LLP |
| 26. 25. | 10-05196 | Picard v. Whitman 1990 Trust U/A DTD 4/13/90, etc., et al | Becker & Poliakoff LLP |
| 27. 26. | 12-01706 | Picard v. Estate of Nathan Schupak | Becker & Poliakoff LLP |

706346v1