|  | |
|---|---|
| **Settlement Date:** | **June 19, 2015, at 5:00 p.m.** |
| **Objection Deadline:** | **June 18, 2015, at 12:00 p.m.** |

PRYOR CASHMAN LLP
Richard Levy, Jr.
7 Times Square
New York, New York 10036
Tel:    (212) 421-4100
Fax:    (212) 326-0806
rlevy@pryorcashman.com

*Attorneys for Defendants Represented by*
*Pryor Cashman LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON APPENDIX A ATTACHED HERETO,<br><br>                      Defendants. | Adv. Pro. Nos. listed on Appendix A Attached Hereto |

## OBJECTION TO TRUSTEE'S NOTICE OF SETTLEMENT OF ORDER, AND DEFENDANTS' SUBMISSION OF COUNTER-PROPOSED ORDER
### (for Dismissal of Obligations Counts and Subsequent Transferee Counts)

PLEASE TAKE NOTICE THAT the undersigned, on behalf of its clients named as

defendants in the relevant adversary proceedings, objects to the Notice of Settlement of Order filed

by the Trustee on June 15, 2015, with respect to the entry of orders to effectuate the Court's

Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015. The grounds

of objection are stated in the letter from the undersigned counsel, which is attached to this objection

as Exhibit A. A counter-proposed order is attached as Exhibit B. A comparison of the counter-

proposed order to the Trustee's original proposed order is attached as Exhibit C.


Dated: New York, New York
      June 18, 2015


                PRYOR CASHMAN LLP

                By:   */s/ Richard Levy, Jr.*
                      Richard Levy, Jr.
                7 Times Square
                New York, New York 10036
                Tel:   (212) 421-4100
                Fax:   (212) 326-0806
                rlevy@pryorcashman.com

                *Attorneys for Defendants Represented by*
                *Pryor Cashman LLP*

# **EXHIBIT A**

Defendants' Objections to

Trustee's Original Proposed Order, and Statement in
Support of Entry of Counter-Proposed Order

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

**Richard Levy, Jr.**
Partner

Direct Tel: 212-326-0886
Direct Fax: 212-798-6393
rlevy@pryorcashman.com

June 18, 2015

**By ECF, and Chambers' Email**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, New York 10004

Re:    *Securities Investor Protection Corporation v. Bernard L.*
       *Madoff Investment Securities LLC*, Adv. No. 08-1789 (SMB) –
       Settlement of Orders Providing for the Disposition of Motions
       to Dismiss Under the Court's Decision Issued June 2, 2014
       (Orders for Dismissal of Subsequent Transfer Counts and Obligations Counts)

Dear Judge Bernstein:

        As counsel for defendants in various adversary proceedings whose motions to dismiss avoidance actions brought by the Trustee were decided by the Memorandum Decision issued on June 2, 2015 ("Decision"), we write to object to the proposed form of order presented by the Trustee's notice of settlement filed on June 15, 2015.  The relevant adversary proceedings against the defendants represented by this firm ("Defendants") are identified in the identical lists appended to the Trustee's proposed order and our proposed counter-proposed order.

        For the Court's convenience, we enclose a clean copy of our counter-proposed form of order, and a comparison marked to reflect the differences from the Trustee's proposal.  We request that the Court adopt the changes proposed in our form of order for the reasons explained below.

        For the reasons set forth below, we believe that the Trustee's proposed order fails to properly effectuate the Court's rulings set forth in the Decision regarding the dismissal of claims against alleged subsequent transferee defendants.  Further, we submit that the Trustee's proposed order imposes requirements upon the Defendants that are not contemplated by the governing rules of procedure.

1417461

Hon. Stuart M. Bernstein U.S.B.J.
June 18, 2015
Page 2

The Decision makes clear that the claims asserted by the Trustee regarding avoidance of Obligations (Decision at 55-59) and recovery of Subsequent Transfers (*id.* at 49-53) are legally insufficient and are to be dismissed as provided in the Decision because of the pleading deficiencies addressed by the Court. While the Trustee's proposed order is sufficient as to the dismissal of the Obligations Claims (Trustee Order, at ¶ 1), Defendants submit that modifications are required to the disposition of the Subsequent Transfer Claims and the process proposed by the Trustee to consider possible amendment of complaints.

**Counter-Proposed Order ¶ 2**: As a general proposition, the disposition of Subsequent Transferee Claims as contemplated by Paragraph 2 of the Trustee's proposed form of order rests on a significant defect: The Trustee's proposed order does not provide for the formal dismissal of the claims in all cases, now, subject to the Trustee's opportunity thereafter to seek leave to amend. Instead, the Trustee's order proposes to establish a "Consideration Period" (to expire on August 17, 2015) within which he may to decide whether to amend a complaint and to seek defendant's consent to amendment, without providing for the dismissal of the deficient claims. We submit that the counter-proposed order should be adopted in place of the Trustee's proposal for the following reasons:

(i)    The Trustee's form of order contains a fundamental procedural flaw in that even where a defendant does not consent to an amendment of the complaint, and even where a motion for leave to amend is denied, the Trustee's form of order does not dispose of the Subsequent Transfer Claims in the operative complaints. In the Decision, the Court did not condition the dismissal of the Subsequent Transfer Claims on the Trustee's decision not to amend those claims; rather, those claims were simply dismissed. We submit that the Trustee's proposed framework does not comport with the clear direction of the Decision for dismissal of the Subsequent Transfer Claims.

Under the Trustee's proposed order, the Subsequent Transfer Counts are only "deemed dismissed" if the following happens: "If no request for consent to the amendment of a Complaint is provided to the relevant Defendant prior to the expiration of the Consideration Period, the Subsequent Transferee Count in that Complaint will be deemed dismissed without prejudice. (Trustee's Order, ¶ 2). But the Trustee's proposal does not account for situations where the Trustee does request consent for the amendment of the complaint. Similarly, if a defendant declines to consent, the deficient Subsequent Transferee Claims in the complaint would still be "live", as a technical matter, even during the briefing of a motion for leave to amend. Even if the Trustee loses that motion for leave to amend, there would still have been no formal dismissal of the deficient Subsequent Transfer Claims.

Hon. Stuart M. Bernstein U.S.B.J.
June 18, 2015
Page 3

                 Accordingly, we propose that the Subsequent Transfer Claims should be dismissed by this Order, now, without prejudice. The Trustee may then have a "Consideration Period" to consider whether to seek consent to amend or leave to amend, and during that Consideration Period the action will be stayed. Before the end of the Consideration Period, the Trustee may either (1) confirm that he declines to amend, or (2) confirm that he wants to amend (at which point, a defendant may either consent to the amendment or decline to consent, giving the Trustee the further option to file a motion for leave to amend).

(ii)    Similarly, the Trustee's proposed order fails to address the Court's determination, set forth in the Decision, concerning the insufficiency of the Trustee's claims (not presented in any formal count) that to the extent funds transferred from BLMIS were for the benefit of a subsequent transferee defendant(s), the defendant is an initial transferee of the transfer. (*See* Decision at 53). Accordingly, Defendants' proposed order, unlike the Trustee's form of order, includes language to effectuate that aspect of the Court's Decision.

**Counter-Proposed Order ¶ 3**: Defendants do not object, in principle, to providing the Trustee with a "Consideration Period" during which he may consider whether he wishes to seek leave to amend his Subsequent Transfer Claims. However, Defendants object to the procedures set forth in the Trustee's proposed orders for the potential amendment of his pleadings, as follows:

(i)    Under the Trustee's proposed order, in the event that the Trustee wishes to amend his Subsequent Transfer Claims, the order provides that the Trustee shall seek Defendants' written consent to the amendment, and provide that "[such] written consent will not be unreasonably withheld." (Trustee's Order at ¶ 4). Neither Rule 15 of the Federal Rules of Civil Procedure (made applicable by Fed. R. Bankr. P. 7015), nor any other applicable statute or rule, imposes such a requirement on a party from whom consent to amendment is sought, and there is no reason to impose such a requirement in this action. Defendants and their counsel are already subject to duties and responsibilities requiring them to act in good faith in the conduct of litigation in this Court, as a result of which the imposition of this additional responsibility is unnecessary. The Trustee should not be permitted to impose any higher or different burden on Defendants who do not consent to his proposed amendments.

(ii)    Under the Trustee's proposed orders, there is no deadline following the expiration of the Consideration Period for the Trustee to file a motion for leave to amend (in the event that the defendant declines to consent to the Trustee's amendment of a complaint). Defendants propose that, in this situation, the Trustee should be required to file his motion for leave to amend within fourteen (14) days after the

Hon. Stuart M. Bernstein U.S.B.J.
June 18, 2015
Page 4

defendant declines to consent to the proposed amendment.    (See Counter-Proposed Order at ¶ 3(c).)

(iii)   Defendants' counter-proposed order also makes clear that the dates for the various actions under Paragraph 3 would be subject to extension by agreement of the parties to a particular adversary proceeding.

**Counter-Proposed Order ¶ 5**:  In order to effectuate the Trustee's proposed 30-day period for the filing of responses to complaints (whether or not an amendment is filed), Defendants include a timetable tied to the different dispositions possible under the framework we propose in Paragraph 3 of the counter-proposed order.  We also include a provision to make clear that the time to respond to the complaint may be extended by agreement or further order, without prejudice to any party's position on such an extension, which comports from the language that the Trustee uses in for the prevailing form of stipulations used for that purposes in pending adversary proceedings..

**Counter-Proposed Order ¶ 6**:  Defendants submit that the counter-proposed language for the further course of the actions comports more closely with the existing procedures for the implementation of case management schedules through consultation by the parties and entry of scheduling orders by the Court.

We will be pleased to respond to any questions or concerns that the Court may have including, if required, appearance at a court conference to address these matters.

Respectfully,

PRYOR CASHMAN LLP

By:___/s/ Richard Levy, Jr._____
        Richard Levy, Jr.

Encl.
cc:   Nicholas Cremona, Esq., Baker & Hostetler LLP
        (w/encl., by ECF and email)

# EXHIBIT B

Defendants' Counter-Proposed Form of Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of<br>Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON APPENDIX A<br>ATTACHED HERETO,<br><br>Defendants. | Adv. Pro. Nos. listed on Appendix A<br>Attached Hereto |

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

The Defendants listed on Appendix A attached hereto (collectively, "Defendants") have

filed motions to dismiss (the "Motions to Dismiss") complaints or amended complaints, as the

case may be, filed against them by Plaintiff Irving H. Picard, as trustee ("Trustee") for the

substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA")

and the substantively consolidated estate of Bernard L. Madoff (the "Complaints").

On January 17, 2014 and March 10, 2014, the Trustee and the Securities Investor

Protection Corporation ("SIPC") filed separate memoranda of law opposing the Motions to

Dismiss (the "Opposition Briefs"). On or before March 17, 2014, certain Defendants filed

reply briefs in further support of their respective Motions to Dismiss (the "Reply Briefs").

On September 17, 2014, a hearing on the Motions to Dismiss was held by the Honorable

Stuart M. Bernstein (the "Hearing"). Before and after the Hearing, various parties submitted

supplemental authorities and other submissions to the Court.  The Court, having reviewed the

Motions to Dismiss, the Opposition Briefs, the Reply Briefs, the supplemental authorities and

other submissions, and having heard the argument of counsel at the Hearing, granted in part and

denied in part the Motions to Dismiss for reasons set forth in its Memorandum Decision

Regarding Omnibus Motions to Dismiss (the "Decision") entered June 2, 2015.

Accordingly, it is hereby **ORDERED** that:

1.      As to the counts in each Complaint in the adversary proceedings included on

Appendix A attached hereto (the "Adversary Proceedings") in which the Trustee sought to avoid

alleged obligations pursuant to sections 548(a)(1) and 544 of the Bankruptcy Code, applicable

provisions of SIPA including sections 78fff(b) and 78fff-1(b) and New York Debtor and

Creditor Law (the "Obligations Claims"), the Motions to Dismiss are granted and such

Obligations Claims are hereby dismissed from each Complaint.

2.      As to the counts in each Complaint in the Adversary Proceedings seeking to

recover alleged subsequent transfers from any subsequent transferee defendants, or seeking

relief from any alleged subsequent transferees for whom the transfers are alleged to have been

made "for the benefit of" such transferees, pursuant to section 550(a) of the Bankruptcy Code,

applicable provisions of SIPA including section 78fff-2(c)(3) and New York Debtor and

Creditor Law (the "Subsequent Transferee Claims"), the Motions to Dismiss are granted and

such Subsequent Transferee Claims are hereby dismissed from each Complaint, without prejudice.

3.    Each of the Adversary Proceedings is stayed for the limited purpose of permitting the Trustee to determine whether or not to amend the Complaint, under the following procedures:

(a)    On or before August 17, 2015 (the "Consideration Period"), the Trustee shall determine whether the Trustee wishes to amend the Subsequent Transferee Claims in a Complaint in a manner consistent with the Decision.

(b)    If the Trustee wishes to amend the Subsequent Transferee Claims in a Complaint, he must first seek Defendants' written consent to an amendment of the Subsequent Transferee Allegations and Subsequent Transferee Claims by making a written request to the relevant Defendant(s) prior to the expiration of the Consideration Period. The relevant Defendant(s) shall have fourteen (14) days from the receipt of the Trustee's written request ("Consent Period") within which to consider and respond to the Trustee's request.

(c)    If the relevant Defendant(s) declines to consent to the Trustee's proposed amendment for which a timely request for consent was given, the Trustee may seek leave of the Court to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure by filing a motion for such relief with the Court within fourteen (14) days after the expiration of the Consent Period ("Filing Period").

(d)    The periods for the actions to be taken under Paragraph 3 may be extended upon agreement of the parties to the pertinent Adversary Proceeding.

(e)    The limited stay granted by this Order with respect to an Adversary Proceeding shall expire (i) upon the filing of the amended complaint, where consent to

amendment was timely sought and obtained; (ii) upon expiration of the Filing Period where consent to amendment was timely sought but not obtained as of the expiration of the Consent Period, and the Trustee fails to file a motion to amend before the expiration of the Filing Period; (iii) upon the disposition by the Court of a motion for leave to amend filed before the expiration of the Filing Period where consent to amendment was timely sought but not obtained as of the expiration of the Consent Period.

4.      In all other respects, the Motions to Dismiss are denied.

5.      All Defendants that are parties to Complaints for which Subsequent Transferee Claims have been dismissed pursuant to Paragraph 2 of this Order shall file their answers to the Complaints not later than thirty (30) days after the date of expiration of the limited stay under Paragraph 3(e) above.  Nothing in this Order constitutes a waiver of the right of the Defendant(s) right to request from the Trustee or the Court a further extension of time to answer, move or otherwise respond to the Complaint or Amended Complaint, and/or the Trustee's right to object to any such request.

6.      The Adversary Proceedings will move forward thereafter on schedules to be established by further order of the Court after consultation among the parties in accordance with the applicable rules of procedure.

7.      This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
              _____, 2015      _____
                                           HONORABLE STUART M. BERNSTEIN
                                           UNITED STATES BANKRUPTCY JUDGE

| | APPENDIX A | | |
|---|---|---|---|
| | Adv. Pro. No. | Defendant(s) | Counsel for Defendant(s) |
| 1. | 10-05255 | Picard v. Stefanelli Investors Group, et al. | Delbello Donnellan Weingarten Wise & Wiederkehr, LLP |
| 2. | 10-04861 | Picard v. Harold J. Hein | Dentons LLP |
| 3. | 10-04401 | Picard v. Rose Gindel Trust, et al. | Dentons LLP |
| 4. | 10-05085 | Picard v. Eugene J. Ribakoff 2006 Trust, et al. | Dentons LLP |
| 5. | 10-05424 | Picard v. The Frederica Ripley French Rev. Trust, et al.t | Dentons LLP |
| 6. | 10-05224 | Picard v. David R. Markin, et al. | Dentons LLP |
| 7. | 10-04925 | Picard v. Alvin Gindel Rev. Trust, et al. | Dentons LLP |
| 8. | 10-05384 | Picard v. Neil Reger Profit Sharing Keogh, et al. | Dentons LLP |
| 9. | 10-04966 | Picard v. Onesco International, Ltd., et al | Lax & Neville LLP/ Milberg LLP |
| 10. | 10-04335 | Picard v. Aspen Fine Arts Co., et al. | Milberg LLP |
| 11. | 10-04978 | Picard v. Estate of Ira S. Rosenberg, et al | Milberg LLP |
| 12. | 10-04741 | Picard v. William M. Woessner Family Trust, et al. | Milberg LLP |
| 13. | 10-04944 | Picard v. Pergament Equities LLC, et al. | Pryor Cashman LLP |
| 14. | 10-05194 | Picard v. Bruce D. Pergament, et al. | Pryor Cashman LLP |
| 15. | 10-04341 | Picard v. James P. Marden, et al. | Pryor Cashman LLP |
| 16. | 10-04348 | Picard v. Marden Family Limited Partnership, et al. | Pryor Cashman LLP |
| 17. | 10-05439 | Picard v. Avram J. Goldberg, et al. | Pryor Cashman LLP |
| 18. | 10-05118 | Picard v. Charlotte M. Marden, et al. | Pryor Cashman LLP |
| 19. | 10-04575 | Picard v. Boslow Family Limited Partnership, et al. | Pryor Cashman LLP |

| 20. | 10-04352 | Picard v. RAR Entrepreneurial Fund LTD, et al. | Becker & Poliakoff LLP |
|-----|----------|-----------------------------------------------|------------------------|
| 21. | 10-04362 | Picard v. Sage Associates, et al. | Becker & Poliakoff LLP |
| 22. | 10-04400 | Picard v. Sage Realty, et al. | Becker & Poliakoff LLP |
| 23. | 10-04712 | Picard v. Joseph S. Popkin Revocable Trust Dated February 9, 2006, a Florida Tr | Becker & Poliakoff LLP |
| 24. | 10-05157 | Picard v. The Harnick Brothers Partnership, et al. | Becker & Poliakoff LLP |
| 25. | 10-05196 | Picard v. Whitman 1990 Trust U/A DTD 4/13/90, etc., et al | Becker & Poliakoff LLP |
| 26. | 12-01706 | Picard v. Estate of Nathan Schupak | Becker & Poliakoff LLP |

2

# EXHIBIT C

Comparison of Defendants' Counter-Proposed

Form of Order with Trustee's Original Proposed Order

1417461

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br><br>        Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of<br>Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON APPENDIX A<br>ATTACHED HERETO,<br><br>        Defendants. | Adv. Pro. Nos. listed on Appendix A<br>Attached Hereto |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO DISMISS**

The Defendants listed on Appendix A attached hereto (collectively, "Defendants") have

filed motions to dismiss (the "Motions to Dismiss") complaints or amended complaints, as the

case may be, filed against them by Plaintiff Irving H. Picard, as trustee ("Trustee") for the

substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA")

and the substantively consolidated estate of Bernard L. Madoff  (the "Complaints").

On January 17, 2014 and March 10, 2014, the Trustee and the Securities Investor

Protection Corporation ("SIPC") filed separate memoranda of law opposing the Motions to

Dismiss (the "Opposition Briefs"). On or before March 17, 2014, certain Defendants filed

reply briefs in further support of their respective Motions to Dismiss (the "Reply Briefs").

On September 17, 2014, a hearing on the Motions to Dismiss was held by the Honorable

Stuart M. Bernstein (the "Hearing"). Before and after the Hearing, various parties submitted

supplemental authorities and other submissions to the Court. The Court, having reviewed the

Motions to Dismiss, the Opposition Briefs, the Reply Briefs, the supplemental authorities and

other submissions, and having heard the argument of counsel at the Hearing, granted in part and

denied in part the Motions to Dismiss for reasons set forth in its Memorandum Decision

Regarding Omnibus Motions to Dismiss (the "Decision") entered June 2, 2015.

Accordingly, it is hereby **ORDERED** that:

1.      As to the counts in each Complaint in the adversary proceedings included on

Appendix A attached hereto (the "Adversary Proceedings") in which the Trustee sought to avoid

alleged obligations pursuant to sections 548(a)(1) and 544 of the Bankruptcy Code, applicable

provisions of SIPA including sections 78fff(b) and 78fff-1(b) and New York Debtor and

Creditor Law (the "Obligations ~~Counts"),~~ Claims"), the Motions to Dismiss are granted ~~with~~

~~respect to the~~ and such Obligations ~~Counts and such counts~~ Claims are hereby dismissed from

each Complaint.

2.      As to the ~~count in each complaint included on Appendix A attached hereto~~

counts in each Complaint in the Adversary Proceedings seeking to recover alleged subsequent

transfers from any subsequent transferee defendants, or seeking relief from any alleged

subsequent transferees for whom the transfers are alleged to have been made "for the benefit of"

such transferees, pursuant to section 550(a) of the Bankruptcy Code, applicable provisions of

SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law (the "Subsequent

Transferee ~~Count"), the Trustee shall determine on or before August 17, 2015 (the~~
~~"Consideration Period") whether (i) the Trustee intends to amend the subsequent transferee~~
~~allegations in a Complaint, or (ii) the Subsequent Transferee Count will be dismissed without~~
~~prejudice.~~ Claims"), the Motions to Dismiss are granted and such Subsequent Transferee
Claims are hereby dismissed from each Complaint, without prejudice.

     3.      Each of the Adversary Proceedings is stayed for the limited purpose of
permitting the Trustee to determine whether or not to amend the Complaint, under the following
procedures:

     (a)     On or before August 17, 2015 (the "Consideration Period"), the Trustee
shall determine whether the Trustee wishes to amend the Subsequent Transferee Claims in a
Complaint in a manner consistent with the Decision.

     (b)     If the Trustee wishes to amend the Subsequent Transferee Claims in a
Complaint, he must first seek Defendants' written consent to an amendment of the Subsequent
Transferee Allegations and Subsequent Transferee Claims by making a written request to the
relevant Defendant(s) prior to the expiration of the Consideration Period. The relevant
Defendant(s) shall have fourteen (14) days from the receipt of the Trustee's written request
("Consent Period") within which to consider and respond to the Trustee's request.

     ~~3.~~Should the Trustee seek to amend the Subsequent Transferee Count, he will
~~seek Defendants' written consent to an amendment of the subsequent transferee allegations in a~~
~~manner consistent with the Decision, which written consent will not be unreasonably withheld.~~
~~If necessary, the Trustee will~~ (c)     If the relevant Defendant(s) declines to consent to the
Trustee's proposed amendment for which a timely request for consent was given, the Trustee
may seek leave of the Court to amend in accordance with Rule 15(a)(2) of the Federal Rules of

Civil Procedure. ~~Should no request for consent to the amendment of a Complaint be provided to the relevant Defendant prior to the expiration of the Consideration Period, the Subsequent Transferee Count in that Complaint will be deemed dismissed without prejudice.~~ by filing a motion for such relief with the Court within fourteen (14) days after the expiration of the Consent Period ("Filing Period").

        (d)      The periods for the actions to be taken under Paragraph 3 may be extended upon agreement of the parties to the pertinent Adversary Proceeding.

        (e)      The limited stay granted by this Order with respect to an Adversary Proceeding shall expire (i) upon the filing of the amended complaint, where consent to amendment was timely sought and obtained; (ii) upon expiration of the Filing Period where consent to amendment was timely sought but not obtained as of the expiration of the Consent Period, and the Trustee fails to file a motion to amend before the expiration of the Filing Period; (iii) upon the disposition by the Court of a motion for leave to amend filed before the expiration of the Filing Period where consent to amendment was timely sought but not obtained as of the expiration of the Consent Period.

    4.      In all other respects, the Motions to Dismiss are denied.

    5.      All Defendants that are parties to Complaints for which Subsequent Transferee ~~Counts~~ Claims have been ~~deemed~~ dismissed ~~at the conclusion of the Consideration Period~~ pursuant to Paragraph 2 of this Order shall file their answers to the Complaints ~~within 30 days following the expiration of the Consideration Period, or September 16, 2015. Defendants will move forward thereafter on schedules to be established by further order of the Court after consultation among the parties.~~ not later than thirty (30) days after the date of expiration of the limited stay under Paragraph 3(e) above. Nothing in this Order constitutes a waiver of the right

of the Defendant(s) right to request from the Trustee or the Court a further extension of time to answer, move or otherwise respond to the Complaint or Amended Complaint, and/or the Trustee's right to object to any such request.

6.    The Adversary Proceedings will move forward thereafter on schedules to be established by further order of the Court after consultation among the parties in accordance with the applicable rules of procedure.

6.    ~~All actions in which Trustee seeks leave to amend the Complaint will move forward thereafter on a schedule consistent with the applicable Rules of Civil Procedure, including, without limitation, Rule 15(a)(3).~~

7.    This Court ~~shall retain~~ retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         _____, 2015       _____
                                       HONORABLE STUART M. BERNSTEIN
                                       UNITED STATES BANKRUPTCY JUDGE