**FOX ROTHSCHILD LLP**
100 Park Avenue, 15th Floor
New York, New York 10017
Tel: 212.878.7900
Fax: 212.692.0940
ERNEST E. BADWAY
LAUREN J. TALAN
RICHARD M. METH
ebadway@foxrothschild.com
ltalan@foxrothschild.com
rmeth@foxrothschild.com

*Attorneys for Defendants The Wiener Family Limited Partnership, Wiener Family Holding Corp., Marvin M. Wiener and Sondra M. Wiener, Charles E. Wiener and Carolyn B. Wiener*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>Adv. Pro. No. 10-04322 (BRL) |
| In re:<br><br>BERNARD L. MADOFF<br><br>Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>WIENER FAMILY LIMITED PARTNERSHIP, WIENER FAMILY HOLDING CORPORATION, MARVIN M. WIENER, SONDRA M. WIENER, CHARLES E. WIENER, CAROLYN B. WIENER,<br>Defendants. | Adv. Pro. No. 10-04323 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>NTC & CO. LLP, as a former custodian of an Individual Retirement Account for the benefit of MARVIN M. WIENER and MARVIN M. WIENER,<br><br>Defendants. | Adv. Pro. No. 10-04293 (BRL) |

**OBJECTION TO NOTICE OF SETTLEMENT OF**
**ORDER AND COUNTER-PROPOSED ORDER**

Defendants, the Wiener Family Limited Partnership, Wiener Family Holding Corporation, Marvin M. Wiener, Sondra M. Wiener, Charles E. Wiener and Carolyn B. Wiener (collectively, the “Wiener Defendants”), respectfully object to the proposed form of order (the “Trustee Order”) submitted by counsel to the Plaintiff, Irving Picard, as trustee (the “Trustee) (see Adv. Pro. No. 10-04797, Doc. No. 32) and to the extent applicable also join in various the Objections to the proposed form of Order, including among others, those filed on behalf of (i)

defendant Edmond A. Gorek and (ii) Edmond A. Gorek and Marguerite Gorek[1] and state as follows:

1. The Wiener Defendants respectfully object to the Trustee Order to the extent that it provides that their Motions to Dismiss were denied *in toto*. In fact, it is respectfully submitted that the Court sustained the Complaints filed against the Wiener Defendants solely with respect to Count One, the only count that asserts claims for intentional fraudulent transfers made within two years of December 11, 2008 (the "Filing Date") under Bankruptcy Code §§ 546(e) and 548(a)(1)(A). Counts Two through Six of the Complaints have been dismissed, and Count Seven of each Complaint (*i.e*, the "Subsequent Transfer" Counts), appears to have similarly been dismissed, subject only to confirmation by counsel for the Plaintiff and the Wiener Defendants.

2. In the Motions to Dismiss filed by the Wiener Defendants, which were consolidated with the other pending omnibus motions to dismiss (the "Omnibus Motions to Dismiss"), the Wiener Defendants moved to dismiss the Complaints on various grounds, including that Plaintiff's various threadbare allegations were insufficient to withstand a motion to dismiss, and that Plaintiff failed to meet its burden of pleading pursuant to Sections 273, 274 and 275 of the NYDCL. The Wiener Defendants further asserted that Plaintiff's barebone allegations as to subsequent transferee liability were insufficient.

3. Significantly, this Court's decision on the Omnibus Motions to Dismiss observed that "[t]he Trustee concedes that the defendants lacked knowledge of Madoff's Ponzi scheme. Accordingly, his claims to avoid transfers are limited to intentional fraudulent transfers made within two years of December 11, 2008 (the Filing Date) under 11 U.S.C. §§ 546(e) and 548(a)(1)(A)." Memorandum Decision Regarding Omnibus Motions to Dismiss, at 5 (S.D.N.Y. entered June 2, 2015).

---

1 Counsel note that they, too, were not consulted with respect to the Trustee's Order.

4. As a result, only Count One (Section 548(a)(1)(A) claim) of the first six counts of each of the two Complaints has survived. Therefore, the Court should enter the proposed Order in the form annexed hereto as Exhibit A, making it clear that Counts Two through Six of the Complaints against the Wiener Defendants have been dismissed.

5. The Wiener Defendants also respectfully submit that Count Seven of each Complaint, regarding "subseqeunt transfers", was insufficiently pleaded as to them. Therefore, they believe that the Trustee's subsequent transfer claims are also to be dismissed as against them. However, in recognition of this Court's statement that it has left" it to the parties in the first instance to determine whether … [its] ruling required the dismissal of the subsequent transfer claim[s] in the specific case[s]…," a provision has been added to the proposed Order providing an appropriate "methodology" for dealing with this issue.

Dated: New York, New York
June 18, 2015

**FOX ROTHSCHILD LLP**

By:/s/ Richard M. Meth

RICHARD M. METH
ERNEST E. BADWAY
LAUREN J. TALAN
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900 (phone)
(212) 692-0940 (fax)

*Attorneys for Defendants The Wiener Family Limited Partnership, Wiener Family Holding Corp., Marvin M. Wiener and Sondra M. Wiener, Charles E. Wiener and Carolyn B. Wiener*