# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF<br>          Debtor. | Adv. Pro. No. 10-04322 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>WIENER FAMILY LIMITED PARTNERSHIP, WIENER FAMILY HOLDING CORPORATION, MARVIN M. WIENER, SONDRA M. WIENER, CHARLES E. WIENER, CAROLYN B. WIENER,<br>          Defendants. | Adv. Pro. No. 10-04323 (BRL) |

ACTIVE 30530154v1 06/18/2015

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>NTC & CO. LLP, as a former custodian of an Individual Retirement Account for the benefit of MARVIN M. WIENER and MARVIN M. WIENER,<br><br>Defendants. | Adv. Pro. No. 10-04293 (BRL) |

**ORDER GRANTING IN PART AND DENYING IN PART**
**WEINER DEFENDANT'S MOTION TO DISMISS**

Defendants The Wiener Family Limited Partnership, Wiener Family Holding Corporation, Marvin M. Wiener, Sondra M. Wiener, Charles E. Wiener and Carolyn B. Wiener (collectively, the "Wiener Defendants"), having filed motions to dismiss ("Motions to Dismiss") the Complaint in the above captioned adversary proceedings (the "Complaints"), and the Court having considered the Motions to Dismiss and granted the Motions to Dismiss, in part, and denied the Motions to Dismiss, in part, for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") entered June 2, 2015.

Accordingly, it is hereby ORDERED that:

1. The Motions to Dismiss as to Count 1 of the Complaints is denied.

2. The Motions to Dismiss Counts 2 through 6 of the Complaints is granted.

3. Counsel for the parties shall promptly confer to determine whether this Court's ruling requires the dismissal of Count 7 of the Complaints (regarding subsequent transfer

ACTIVE 30530154v1 06/18/2015

claims). If they agree, such agreement shall be incorporated into a proposed order to be submitted to the Court. If they cannot agree, then counsel shall arrange a conference with the Court to discuss an appropriate procedure for the resolution of such disagreement consistent with the Court's June 2, 2015 Memorandum Decision.

4. The Wiener Defendants shall file their Answers to the Complaints on or before the later of thirty (30) days following resolution of any disagreements as to the disposition of the Subsequent Transfer Count (Count 7) of the Complaints and September 16, 2015.

5. The Wiener Defendants will move forward thereafter on a schedule to be established by further order of the Court after consultation among the Parties.

6. This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, NY

_____, 2015

                          HONORABLE STUART M. BERNSTEIN
                          UNITED STATES BANKRUPTCY JUDGE