**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Mark A. Kornfeld  
Elizabeth A. Scully  
Thomas L. Long  

Hearing Date: July 29, 2015 at 10:00 a.m.  
Objection Due: July 22, 2015 at 5:00 p.m.

*Attorneys for Irving H. Picard, Trustee for the*  
*Substantively Consolidated SIPA Liquidation of*  
*Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>PLAZA INVESTMENTS INTERNATIONAL LIMITED, and NOTZ, STUCKI MANAGEMENT (BERMUDA) LIMITED<br><br>Defendants. | Adv. Pro. No. 10-04284 (SMB) |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE, PLAZA INVESTMENTS INTERNATIONAL LIMITED, AND NOTZ, STUCKI MANAGEMENT (BERMUDA) LIMITED**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78*aaa-lll* ("SIPA")[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in an agreement (the "Agreement")[2] by and among the Trustee on the one hand, and Plaza Investments International Limited ("Plaza"), and Notz, Stucki Management (Bermuda) Limited ("NSMB"), on the other hand (Plaza and NSMB together the "Defendants," and collectively with the Trustee, the "Parties"). In support of the Motion, the Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Trustee commenced an action against Plaza and NSMB in this adversary

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] A copy of the Agreement is attached hereto as Exhibit A.

proceeding to recover alleged fraudulent and preferential transfers regarding Plaza's BLMIS Account No. 1FR002 (the "Account"). The Trustee's action seeks the recovery of transfers aggregating Two-Hundred Thirty-Five Million ($235,000,000) dollars (the "Transfers").[3]

Following several rounds of negotiations, the Parties were able to reach a consensual resolution. The Parties entered into the Agreement, which represents a good faith, complete settlement of all disputes between the Trustee and the Defendants raised in this adversary proceeding and the customer claim Plaza submitted in connection with its BLMIS Account. By the Agreement, the Trustee will recover One-Hundred Forty Million ($140,000,000) dollars, which represents one-hundred percent of the preference and two-year alleged fraudulent transfers and sixty-percent of the total alleged fraudulent transfers within the six-year period that the Trustee sought to avoid and recover from Plaza ("Settlement Payment"). The Trustee will allow the Plaza Net Equity Customer Claim in full, plus 88% of the amount of the Settlement Payment. The Trustee's settlement with the Defendants will obtain a significant, direct monetary benefit for the estate, and will dispose of the Defendants' pending Motion to Dismiss. The Trustee therefore respectfully requests that the Court approve this settlement.

---

[3] The amount the Trustee is seeking to recover from the Defendants has been adjusted to reflect the recovery the Trustee received as a result of his settlement with the Internal Revenue Service concerning the tax withholdings made by BLMIS during the six-year period prior to the Filing Date, which occurred after this action was initiated.

2

**BACKGROUND**

*The Commencement of the BLMIS Liquidation Proceeding*

1. On December 11, 2008 (the "Filing Date"),[4] the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). In the complaint, the Commission alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

   (i)   appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;
   (ii)  appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
   (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating Madoff's

---

[4] In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. *See* section 78*lll*(7)(B) of SIPA.

Chapter 7 estate with the BLMIS SIPA proceeding.

*Plaza's BLMIS Account and Customer Claim*

5.  Plaza was a Madoff feeder fund that invested substantially all of its assets with BLMIS.

6.  On or around November 5, 1996, Plaza opened an account with BLMIS that was designated account number 1FR002. Within the six-year period prior to the Filing Date, Plaza withdrew from this account Two-Hundred Thirty Five Million ($235,000,000) dollars (as defined above, the "Transfers").

7.  On or about March 3, 2009, Plaza timely filed the Plaza Customer Claim with the Trustee, assigned claim number 6187, asserting losses for money balances based on account number 1FR002.

8.  The Parties agree that Plaza's net equity is Two Hundred Eighty-One Million, Eight Hundred Twenty-Four Thousand, Three Hundred Sixteen Dollars and Twenty-Three Cents ($281,824,316.23) (the "Plaza Net Equity Claim").

*The Trustee's Claims Against the Defendants*

9.  On November 23, 2010, the Trustee filed a complaint commencing this adversary proceeding against the Defendants, seeking to avoid and recover the Transfers under 11 U.S.C. §§ 544, 547, 548, 550, and 551, SIPA § 78fff-(2)(c)(3), and the New York Debtor and Creditor Law §§ 270–281 ("Avoiding Power Claims"). Included in the Avoiding Power Claims were claims against NSMB as subsequent transferees of certain of the Transfers from Plaza (the "Subsequent Transfer Claims"). The Trustee also asserted claims to disallow the Plaza Customer Claim, pursuant to 11 U.S.C. § 502(d), and to equitably subordinate the Plaza Customer Claim, pursuant to 11 U.S.C. §§ 510(c) and 105(a)

4

("Disallowance and Subordination Claims").

10. The Defendants have disputed any liability to the BLMIS estate for the Transfers. Following the commencement of the adversary proceeding, Defendants filed a motion to dismiss, which has not been fully briefed or heard as of the date of this settlement motion.

## SETTLEMENT DISCUSSIONS AND THE TRUSTEE'S INVESTIGATION

11. During the past several months, Defendants, through their counsel, engaged in good faith discussions with the Trustee aimed at resolving the Trustee's claims and the amount, if any, of the Plaza Customer Claim. These discussions followed earlier discussions which were not successful in resolving the Trustee's claims.

12. The Trustee has conducted a comprehensive investigation of the funds that Plaza gave to BLMIS. The Defendants have cooperated with the Trustee and facilitated the investigation by providing information the Trustee has requested. This investigation included, but was not limited to: the review and analysis of the BLMIS-related transactional histories as reflected in the BLMIS account statements of Plaza; correspondence and other records and documents available to the Trustee; meetings with the Defendants' counsel; and a substantial review of third-party records and documents.

13. After a review of the relevant records and a thorough and deliberate consideration of the uncertainty and risks inherent in all litigation, the Trustee, in the exercise of his business judgment, has determined that it is appropriate to reach a consensual resolution rather than to continue the litigation.

14. On June 19, 2015, the Trustee and the Defendants executed the Agreement wherein they agreed to settle the matters at issue in this adversary proceeding on the terms

summarized below.

## OVERVIEW OF THE AGREEMENT

15. The principal terms and conditions of the Agreement are generally as follows (as stated above, the Agreement is attached as Exhibit A and may be reviewed for a complete account of its terms):[5]

- At the Closing, Plaza shall pay or cause to be paid to the Trustee One-Hundred Forty Million ($140,000,000) dollars (the "Settlement Payment").

- Upon the Closing, Plaza shall have an Allowed Claim in the amount of Four Hundred Five Million, Twenty-Four Thousand, Three Hundred Sixteen Dollars and Twenty-Three Cents ($405,024,316.23) ("the Plaza Customer Claim"), which is equal to Plaza's Net Equity Claim ($281,824,316.23) plus 88% of the Settlement Payment. The Plaza Customer Claim shall be deemed conclusively allowed pursuant to 11 U.S.C. § 502, equal in priority to other allowed customer claims against the BLMIS Estate.

- At the Closing, Plaza shall satisfy the Settlement Payment to the Trustee through a deduction from the distribution on its allowed claim, and the Trustee shall pay Plaza Fifty-Eight Million, One Hundred Fifty-Nine Thousand, Nine Hundred Sixty-Six Dollars and Eighty-One Cents ($58,159,966.81) as a remaining catch up distribution on its

---

[5] Terms not otherwise defined shall have the meaning ascribed to them in the Agreement. In the event of any inconsistency between the summary of the terms provided in this section and the terms of the Agreement, the Agreement shall prevail.

300360923.1

allowed claim.[6]

- The Trustee shall seek approval of the Agreement before the Court.

- The Defendants shall release, acquit, and discharge the Trustee, and the Trustee shall release, acquit, and discharge the Defendants.

- Within five days of the Closing, the Parties shall submit to the Court a stipulation requesting dismissal of this adversary proceeding with prejudice as against the Defendants, with each Party bearing its own costs, attorneys' fees, and expenses.

## RELIEF REQUESTED

16. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit B approving the Agreement.

## LEGAL BASIS

17. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and

---

[6] As of the date of the Agreement, the Bankruptcy Court has approved five *pro rata* interim distributions to BLMIS customers totaling 48.802 percent. Additionally, Plaza is entitled to the SIPC customer advance provided for under section 78fff-3(a) of SIPA in the amount of Five Hundred Thousand ($500,000) dollars. Accordingly, in order to catch-up Plaza's distribution to that of other customers with allowed claims, at the Closing, the Trustee will pay Plaza 48.802 percent of its allowed claim, plus Five Hundred Thousand ($500,000) dollars as a SIPA advance, aggregating One Hundred Ninety-Eight Million, One Hundred Fifty-Nine Thousand, Nine Hundred Sixty-Six Dollars and Eighty-One Cents ($198,159,966.81) less the Settlement Payment of One-Hundred Forty Million ($140,000,000) dollars, for a total of Fifty-Eight Million, One Hundred Fifty-Nine Thousand, Nine Hundred Sixty-Six Dollars and Eighty-One Cents ($58,159,966.81).

7

equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

18. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

19. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

    (i)    the probability of success in the litigation;
    (ii)    the difficulties associated with collection;
    (iii)    the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
    (iv)    the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

20. The bankruptcy court may credit and consider the opinions of the trustee or

8

debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. at 594. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

21. The Agreement furthers the interest of BLMIS customers by recovering all of the preference and two-year alleged fraudulent transfers and sixty percent of the total transfers within the six-year period prior to the Filing Date, and by limiting the increase of the Plaza Customer Claim pursuant to 11 U.S.C. § 502(h) to only eighty-eight percent of the recovered Transfers. The Agreement also resolves all claims between the Parties and avoids the cost and delay of what could otherwise be lengthy and contentious litigation. (Affidavit of the Trustee in Support of the Motion (the "Picard Affidavit"). A true and accurate copy of the Picard Affidavit is attached as Exhibit C).

## CONCLUSION

22. The Trustee believes that the terms of the Agreement fall well above the lowest point in the range of reasonableness. The Agreement resolves the claims raised by the Trustee against the Defendants as to this adversary proceeding, and it avoids likely lengthy, burdensome, and expensive litigation regarding the claims and defenses in this

9

matter. The Trustee also believes that the Agreement represents a fair and reasonable compromise of the Avoiding Power Claims, the Subsequent Transfer Claims, and the Disallowance and Subordination Claims. Because the Agreement is well within the "range of reasonableness" and confers a significant monetary benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## NOTICE

23.In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the United States Attorney for the Southern District of New York; and (iii) Joseph P. Moodhe, J. Robert Abraham and Shannon R. Selden of Debevoise & Plimpton, LLP, 919 Third Avenue, New York, NY 10022. Notice of this Motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit B granting the relief requested in the Motion.

Dated:New York, New YorkRespectfully submitted,
June 19, 2015

BAKER & HOSTETLER LLP

By: *s/ Elizabeth A. Scully*
David J. Sheehan
E-mail: dsheehan@bakerlaw.com
Mark A. Kornfeld
E-mail: mkornfeld@bakerlaw.com
Thomas L. Long
E-mail: tlong@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111

10

300360923.1

                        Telephone: (212) 589-4200
                        Facsimile: (212) 589-4201

                        --and--

Elizabeth A. Scully (*pro hac*)
E-mail: escully@bakerlaw.com
1050 Connecticut Ave., N.W., 1100
Washington, D.C. 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of the estate of Bernard L.
Madoff Investment Securities LLC and the
estate of Bernard L. Madoff*

11