# BakerHostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

Thomas L. Long
direct dial: 614.462.2626
TLong@bakerlaw.com

June 22, 2015

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789 (SMB)*

Dear Judge Bernstein:

We are counsel to Irving Picard, Esq., the Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff (collectively, "BLMIS").

This letter respectfully requests confirmation of the Final Award and Decision Regarding the Confidentiality Designation of Documents FGGSIPC00030329-FGGSIPC00030344 and FGGE003023864-FGGE003023913, dated June 16, 2015, issued by Michael D. Young on June 16, 2015 ("Arbitral Award"). Because the arbitration proceedings are confidential, we will provide the Arbitral Award upon request.

## Background

As stipulated by the Trustee and Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Limited (collectively "Fairfield"), Mr. Young was "appointed as Arbitrator to resolve the confidentiality disputes regarding the Fairfield produced documents" by the Court's order, dated May 21, 2015 [ECF 10031] ("Stipulated Order" enclosed hereto as Exhibit A).

Pursuant to section 5 of the Stipulated Order: "The rulings of the Arbitrator shall be binding on the Trustee and Fairfield, if so ordered by the Court. The Trustee and/or Fairfield may request confirmation of or appeal from any ruling of the Arbitrator by submitting a letter to the Court, copying the relevant party and the Arbitrator, within five (5) business days from the

Honorable Stuart M. Bernstein
June 22, 2015
Page 2

date such ruling is issued.  Any opposing party shall file its response within three (3) business days of such submission to the Court."

This letter request is necessary because Fairfield declined the Trustee's request to enter into a stipulation to confirm the Arbitral Award.

### Argument

The Arbitral Award should be confirmed because the Arbitrator acted within the scope of his authority and the Arbitration Ruling is justified.

Pursuant to the Federal Arbitration Act, a federal court must grant an arbitral award "great deference."  *In re WorldCom, Inc.*, 340 B.R. 719, 723 (Bankr. S.D.N.Y. 2006).  "Review of an arbitral award by a district court 'is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and expensive litigation." *Trustees of New York City Distr. Council of Carpenters Pension Fund v. Metropolitan Fine Mill Work Corp.*, No. 14-CIV-2509 (PAE), 2015 WL 2234466, at *3 (S.D.N.Y. May 12, 2015) (internal citation omitted).

"It is not necessary that the arbitrator explain the rationale for the award; the award 'should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *Trustees of New York City Distr. Council of Carpenters Pension Fund v. Metropolitan Fine Mill Work Corp.*, No. 14-CIV-2508 (ER), 2015 WL 1600077, at *2 (S.D.N.Y. Apr. 9, 2015) (internal citation omitted).  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32 B-J Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation and citation omitted).

Here, there is ample justification to confirm the Arbitral Award.

- *First*, the Arbitrator followed the Stipulated Order and issued his six-page Arbitral Award relating to the confidentiality designations of two documents after considering the record.

- *Second*, the record was extensive.  Indeed, as his basis for the Arbitral Award, the Trustee expressly cited to the submissions by the Trustee and Fairfield (which were composed of approximately 280 pages); the Litigation Protective Order, dated June 6, 2011; the two documents at issue in the arbitration; and the various case law and other authority cited by the Trustee and Fairfield in the submissions.

- *Third*, the Arbitrator explained his rationale for the Arbitral Award in finding that, according to the record, both documents in large part are not confidential because, among other things, they contain stale information that does not constitute confidential commercial information.

Honorable Stuart M. Bernstein
June 22, 2015
Page 3

### Conclusion

For the reasons stated herein, the Trustee respectfully requests confirmation of the Arbitral Award.

Respectfully submitted,

Thomas L. Long
Jonathan A. Forman

Enclosures

CC:    Mark G. Cunha, Esq.
       Michael Young, Esq.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
SECURITIES INVESTOR PROTECTION                              :
CORPORATION,                                                :
                                                            :
                    Plaintiff-Applicant,                    :
                                                            :
            v.                                              :
                                                            :   SIPA Liquidation
BERNARD L. MADOFF INVESTMENT                                :   No. 08-01789 (SMB)
SECURITIES LLC,                                             :   (Substantively Consolidated)
                                                            :
                    Defendant.                              :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### STIPULATION AND ORDER APPOINTING AN ARBITRATOR TO RESOLVE CONFIDENTIALITY DISPUTES BETWEEN THE TRUSTEE AND CERTAIN FAIRFIELD GREENWICH ENTITIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(C) AND GENERAL ORDER M-390 RULE 9.1

WHEREAS:

A.      In connection with the above-captioned liquidation proceeding and its related

adversary proceedings, the Trustee obtained discovery from Defendants, affiliates, and third

parties subject to certain confidentiality protections that restrict the Trustee's use of information

contained in documents those parties designated as confidential.

B.      Section 10 of the Litigation Protective Order dated June 6, 2011 ("Litigation

Protective Order") prohibits the Trustee from "communicat[ing] in any way" information

obtained from documents designated as confidential.

C.      The Trustee represents a number of issues or disputes have arisen with certain

producing parties regarding the confidential status of documents.

08-01789-smb    Doc 10031    Filed 05/21/15    Entered 05/21/15 09:07:28    Main Document
Pg 2 of 4

D.      Pursuant to the Litigation Protective Order, the Trustee requested an informal

conference with the Court, which was held on March 18, 2015. At the conference, the Court

directed the parties to confer with the relevant producing parties regarding a process for

expeditiously resolving the disputes pertaining to the confidential designation of documents and

the scheduling of the submissions under the Scheduling Order.

E.      Included in the issues regarding the confidential status of documents are two

documents produced by Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda)

Limited (collectively "Fairfield").

F.      Counsel for the Trustee and Fairfield conferred regarding a procedure for review

of the documents produced by Fairfield which were designated as confidential at the time of their

production to the Trustee.

NOW, THEREFORE, subject to the approval of the Court, it is hereby STIPULATED

AND AGREED by the Trustee and Fairfield:

1.      Michael Young is appointed as Arbitrator to resolve the confidentiality disputes

regarding the Fairfield produced documents.

2.      Within two (2) business days of the Arbitrator's appointment, the Trustee shall

submit the two documents produced by Fairfield that the Trustee seeks to have dedesignated as

confidential for *in camera* inspection to the Arbitrator, along with any summary or explanation

of why the documents or any portion thereof should be dedesignated. Fairfield may submit a

letter responding to the Trustee's request within five (5) business days of the Trustee's

submission explaining why the documents should remain designated confidential. The Trustee

may submit a written reply letter within two (2) business days of Fairfield's response letter, if

any. The arbitrator may or may not, at his option, thereafter hold a telephonic conference with

the Trustee and Fairfield to consider the merits.  Whether or not a telephonic conference is held, the Arbitrator shall rule on whether the documents or any portion thereof should remain designated as confidential or any other restrictions on their use within six (6) business days of the final submission to the Arbitrator.

3.    The Arbitrator shall preserve, as a record of activities, all written submissions received from or sent to the Trustee and Fairfield.

4.    The costs of the Arbitrator shall be paid equally by the Trustee and Fairfield.

5.    The rulings of the Arbitrator shall be binding on the Trustee and Fairfield, if so ordered by the Court.  The Trustee and/or Fairfield may request confirmation of or appeal from any ruling of the Arbitrator by submitting a letter to the Court, copying the relevant party and the Arbitrator, within five (5) business days from the date such ruling is issued.  Any opposing party shall file its response within three (3) business days of such submission to the Court.  There shall be no other submissions by the Trustee or Fairfield concerning the Arbitrator's ruling.

6.    The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  New York, New York
        May 20, 2015

BAKER & HOSTETLER LLP

By: *s/ Karin S. Jenson*
    Karin S. Jenson
    kjenson@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC, and the estate of Bernard L. Madoff*

SIMPSON THACHER & BARTLETT LLP

By: *s/ Mark G.Cunha*
    Mark G. Cunha
    mcunha@stblaw.com

425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Attorneys for Fairfield Greenwich Limited*
*and Fairfield Greenwich (Bermuda) Limited*

Dated: New York, New York
      May 21st, 2015

SO ORDERED.

/s/ STUART M. BERNSTEIN
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE