**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>                Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>              Plaintiff,<br>v.<br>CITIVIC NOMINEES LTD.,<br>              Defendant. | Adv. Pro. No. 12-01513 (SMB) |

**SO ORDERED STIPULATION REGARDING DISMISSAL OF CERTAIN CLAIMS**

WHEREAS Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, commenced this Adversary Proceeding by filing a complaint (the "Complaint") against Citivic Nominees Ltd. ("Defendant") on April 12, 2012; and

WHEREAS the parties have conferred in good faith in an attempt to reach resolution and narrow, to the extent possible, certain disputed issues to be considered and resolved by this Court when considering the Defendant's motion to dismiss;

IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel that:

1. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, that the Trustee's claim in Count Two of the Complaint to recover from Defendant amounts attributed to subsequent transfers received from Kingate Global Fund, Ltd. in the amount of $241,168 (Compl. p.14, ¶¶ 1-4) (the "Kingate Global Subsequent Transfers"), is hereby dismissed without prejudice. In the event that that Trustee seeks to reassert against the Defendant any claim in respect of the Kingate Global Subsequent Transfers, the timeliness of such claim shall be measured as of the date it is reasserted, without regard to any previously filed claims in this action.

2. Except as specifically addressed in paragraph 1, above, this Stipulation is without prejudice to, or waiver of, any rights, arguments, or defenses otherwise available to the Parties to this action, including any defenses based on lack of personal jurisdiction.

Dated: June 23, 2015
       New York, New York

| BAKER & HOSTETLER LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| By: */s/ Thomas L. Long*<br>David J. Sheehan<br>dsheehan@bakerlaw.com<br>Thomas L. Long<br>Email: tlong@bakerlaw.com<br>Catherine E. Woltering<br>Email: cwoltering@bakerlaw.com<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br><br>*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* | *By: /s/ Carmine D. Boccuzzi, Jr.*<br>*Carmine D. Boccuzzi, Jr.*<br>*One Liberty Plaza*<br>*New York, New York 10006*<br>*Telephone: (212) 225-2000*<br>*Facsimile: (212) 225-3999*<br>*cboccuzzi@cgsh.com*<br><br>*Attorneys for Defendant Citivic Nominees Ltd.* |

SO ORDERED this 25th day of June, 2015.


/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE