**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04517 (SMB) |
| Plaintiff, | |
| v. | |
| RADCLIFF INVESTMENTS LIMITED, ROTHSCHILD TRUST GUERNSEY LIMITED, and ROBERT D. SALEM, | |
| Defendants. | |

**TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION**
**TO THE MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**
**AND IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND**

The Trustee,[1] by his undersigned counsel, hereby submits this memorandum of law as a supplement to his Main Brief opposing Radcliff Investments Limited ("Radcliff") and Rothschild Trust Guernsey Limited's (the "Trust") motion to dismiss based on extraterritoriality (ECF No. 37) and in further support of the Trustee's motion for leave to amend (the "Motion") because as set forth below, the Trustee's action only involves a domestic application of Bankruptcy Code § 550.

## I.    ARGUMENT

### A.    The Extraterritoriality Decision Is Entirely Inapplicable to the Transfers Here to a Direct BLMIS Customer and the Beneficial Owner of the BLMIS Account

Strikingly unique about this case is the fact that the moving defendants that claim their transfers of BLMIS customer property are "purely foreign" are in the named customer accountholder with the debtor BLMIS and the beneficial owner of the BLMIS account. The customer account documents provided by the Trust are replete with statements by the Trust demonstrating that it controlled the BLMIS Account.[2]  For example, as alleged in the proffered amended complaint, in 2003, trustees of the Trust expressly informed former BLMIS employee Jo Ann "Jodi" Crupi that although Radcliff was the named accountholder, the "ultimate beneficial owner" of the BLMIS account was the Trust, and the assets of the account were "owned and directly controlled by ourselves as Trustees."[3]

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning ascribed to them in the Trustee's Main Brief filed contemporaneously with this supplement and fully incorporated herein or the [Proposed] First Amended Complaint (the "Amendment"), as applicable.

[2] Amendment at ¶¶ 44-46.

[3] *Id.* at ¶ 44.

The transfers which the Trustee seeks to avoid and recover were made by BLMIS at the Trust's direction.[4]   In a letter on the Trust's letterhead dated May 31, 2007, the Trust's representatives directed BLMIS to liquidate the holdings in the Account and transfer the proceeds to the Trust Account, which is a New York bank account at JP Morgan Chase.   The letter stated in part that "[u]pon completion of this transfer I would be grateful if you would kindly close our account with you in the name of Radcliff Investments Limited…"   In another letter on the Trust's letterhead dated October 31, 2007, the Trust's representatives again directed BLMIS to close the Account and transfer the full balance to the Trust Account at JP Morgan Chase.[5]   The routing number for the Trust Account is only used for accounts opened in New York with U.S. banking institutions.[6]   Therefore, the Trust directed BLMIS to close the Account and transfer the funds from the Account to a United States receiving bank.

As a threshold matter, Defendants are not "foreign transferees" as contemplated by the Extraterritoriality Decision.   The subsequent transferees at issue in the district court's decision are transferees who have "no direct relationship" with the BLMIS estate.   *Extraterritoriality Decision*, 513 B.R. at 232 ("The Trustee is seeking to use SIPA to reach around such foreign liquidations in order to make claims to assets on behalf of the SIPA customer-property estate—a specialized estate created solely by a U.S. statute, *with which the defendants here have no direct relationship*") (emphasis added); *see also id.* at 225 (stating that the decision concerns transfers from feeder funds to "their customers, managers and the like").

---

[4] *Id.* at ¶ 46.

[5] *Id.*

[6] *Id.*

Here, the moving defendants were the BLMIS customer and the beneficial owner of the account at BLMIS, and they directed and received transfers of millions of dollars from that BLMIS Account. The Trust established, controlled and liquidated the BLMIS Account. There is no basis in law or fact to suggest that the Extraterritoriality Decision has any relevance whatsoever here.

Even if the Extraterritoriality Decision were applicable, the transfers alleged are entirely domestic under the analysis directed by the court -- "the location of the transfers as well as the component events of those transactions." *Id.* at 227 (*quoting Maxwell Commc'n Corp. v. Societe Generale PLC (In re Maxwell Commc'n Corp.) (Maxwell II)*, 186 B.R. 807, 817 (S.D.N.Y. 1995)).

With regard to the "component events" of the Transfers, the Amendment alleges that the Trust (i) intended to invest solely with BLMIS; (ii) orchestrated the opening of the BLMIS Account; (iii) communicated directly with BLMIS before the Account was opened and throughout the life of the Account; (iv) controlled the flow of funds in and out of the BLMIS Account; (v) represented to BLMIS that it and/or its Trustees were the owners of the funds in the BLMIS Account; (vi) instructed BLMIS to provide the Trust with all Account information and documents; (vii) benefitted from the services of an agent in New York in connection with the BLMIS Account; (viii) believed that the funds at issue were generated from BLMIS's purported domestic trading activities on U.S. exchange listed securities and Treasurys; and (ix) directed BLMIS to close the Account and send the funds in the Account to the Trust Account in New York.[7]

---

[7] *Id.* at ¶¶ 44-49.

300353692.7

The Trust repeatedly directed its activities in New York directly to the Debtor BLMIS, and thus under any interpretation, this case involves only a domestic application of the Bankruptcy Code and SIPA.

## II.    CONCLUSION

For the reasons set forth herein, in the Main Brief and the Amendment, Radcliff and the Trust's Motion should be denied and the Trustee's Motion for leave to replead should be granted.

Dated: New York, New York
      June 26, 2015                             Respectfully submitted,

                                       */s/ David J. Sheehan*
                                       Baker & Hostetler LLP
                                       45 Rockefeller Plaza
                                       New York, New York 10111
                                       Telephone: (212) 589-4200
                                       Facsimile: (212) 589-4201
                                       David J. Sheehan
                                       Email: dsheehan@bakerlaw.com
                                       Oren J. Warshavsky
                                       Email: owarshavsky@bakerlaw.com
                                       Marc E. Hirschfield
                                       Email:  mhirschfield@bakerlaw.com
                                       Elyssa Kates
                                       Email: ekates@bakerlaw.com
                                       Jessie Kuhn
                                       Email:  jkuhn@bakerlaw.com

                                       *Attorneys for Irving H. Picard, Trustee for the*
                                       *Substantively Consolidated SIPA Liquidation*
                                       *of Bernard L. Madoff Investment Securities*
                                       *LLC and the Estate of Bernard L. Madoff*

300353692.7