**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> OREADES SICAV represented by its Liquidator INTER INVESTISSEMENTS S.A., INTER INVESTISSEMENTS S.A. (f/k/a INTER CONSEIL S.A.), BGL BNP PARIBAS S.A., and BNP PARIBAS SECURITIES SERVICES S.A., <br><br> Defendants. | Adv. Pro. No. 10-05120 (SMB) <br><br><br> **TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO INTER INVESTISSEMENTS S.A.'S MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN FURTHER SUPPORT OF TRUSTEE'S MOTION FOR <u>LEAVE TO AMEND COMPLAINTS</u>** |

The Trustee respectfully submits this supplemental memorandum in opposition to Inter Investissements S.A. (f/k/a Inter Conseil S.A.) ("Inter")'s motion to dismiss based on extraterritoriality and in further support of the Trustee's motion for leave to amend his complaint.[1]  As set forth below, the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Defendant Inter ("Proffer") pleads specific facts showing the subsequent transfers received by Inter are predominantly domestic under the standard set forth in the Extraterritoriality Decision,[2] such that the Trustee's action does not require an extraterritorial application of SIPA or Bankruptcy Code § 550, and Inter's motion to dismiss should be denied.[3]

**ARGUMENT**

The transfers to Inter are not "purely foreign"—and are in fact predominantly domestic—because the component events of the transactions occurred in the U.S., and the legal and economic realities of the transfers were U.S.-based.  Inter received at least $8.1 million in recoverable subsequent transfers originating from BLMIS, as a result of serving as the official manager of Oreades SICAV ("Oreades"), a feeder fund that invested exclusively with BLMIS and was operated by Inter–together with (i) BGL BNP Paribas S.A., ("BGL BNP"), formerly known as BNP Paribas (Luxembourg) S.A.; (ii) BNP Paribas Securities Services S.A. ("BNP Securities Services"), and (iii) New York-based Access International Advisors ("Access"). (Proffer ¶¶ 1-2.)

---

[1] Simultaneously herewith, the Trustee has filed the omnibus Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints, No. 11-02796 (SMB), (Bankr. S.D.N.Y. June 26, 2015) (the "Trustee's Main Brief"), incorporated herein by reference.

[2] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232-33 (S.D.N.Y. 2014) ("Extraterritoriality Decision").

[3] In May 2004, Inter Conseil S.A. (now Defendant Inter Investissements S.A.), as sole shareholder and liquidator of Oreades, placed Oreades into liquidation.  As part of the liquidation, Inter Conseil S.A. agreed to fulfill all of Oreades's commitments, including those unknown at the time Oreades was placed into liquidation. (Complaint ¶ 12.)  The Trustee's initial transferee claims against Inter Investissements S.A. (in its capacity as liquidator and sole shareholder of Oreades) are not affected by Inter's motion, and their dismissal is not at issue in this briefing.

The Trustee's subsequent transfer claims at issue seek the recovery of those fees Inter received from Oreades in connection with its management role. (*Id*. ¶ 3.) Inter's foreign presence was a sham. Inter contractually delegated all of its management function to BLMIS in New York. Inter existed abroad only in order to nominally comply with Luxembourg law. (*Id*. ¶ 4.) New York-based Access also acted as Inter's agent, performing purported and minimal oversight work on Inter's behalf. (*Id*. ¶ 5.) The transactions at issue are not foreign.[4]

## I.    THE COMPONENT EVENTS OF THE TRANSACTIONS ARE DOMESTIC

### A.    Inter Was Part of A Commercial Enterprise Created for the Sole Purpose of Investment with BLMIS in New York to Profit From the U.S. Markets

Inter was an essential part of a commercial enterprise, Oreades, that was created for the sole purpose of investing with BLMIS in New York to profit from Madoff's U.S.-based investment strategy and the U.S. markets. (*Id*. ¶ 6.) New York-based Access coordinated with BGL BNP and its related entities, including Inter, to establish Oreades as an investment fund in 1997. (*Id*. ¶ 7.) Oreades held BLMIS customer account numbers 1FR032 and 1FR036, and was 100% invested with BLMIS in New York throughout its 1997 to 2004 existence. (*Id*. ¶ 8.) Although registered in Luxembourg, Oreades had no independent office space or employees in that jurisdiction. (*Id*. ¶ 9.)

Oreades had a customer agreement with BLMIS that was governed by New York law and authorized Madoff to act as the fund's agent to buy and sell securities. (*Id*. ¶ 10.) BLMIS also acted as the Oreades's investment manager in New York and purported to invest the fund's assets according to Madoff's strategy that involved the purchase and sale of U.S. securities and

---

[4] *See Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 207 (2d Cir. 2014); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012) (holding *Morrison* depends on a case's specific facts and that residency or citizenship of a party does not affect where a transaction occurs); *In re Maxwell Commc'n Corp.*, 170 B.R. 800, 809 (S.D.N.Y. 1994) ("The court must look at the facts of a case to determine whether they have a center of gravity outside the United States. Thus, for example, a transfer made in the U.S. by a foreign national to a foreign national could be considered a domestic transaction.").

U.S. Treasurys over U.S. exchanges, with BLMIS acting as the executing broker and custodian

for the securities purportedly held on the funds' behalf.  (*Id*. ¶ 11.)  Oreades's entire purpose was

to funnel money to BLMIS in New York.  (*Id*. ¶ 12.)

**B.      Inter Directly Contracted with BLMIS in New York to Have BLMIS
             Perform Oreades's Management**

In 1997, Inter was incorporated in Luxembourg for the sole purpose of serving as the

nominal manager of Oreades.  (*Id*. ¶ 13.)  Inter was created only to conceal BLMIS from the

Luxembourg regulator because "Madoff could not appear directly" in regulatory filings and

marketing materials.  (*Id*. ¶ 14.)   Oreades's prospectuses and financial statements represented

that Inter, and Inter alone, served as Oreades's manager.  (*Id*. ¶ 15.)

All of Inter's managerial duties were delegated to BLMIS in New York through an

undisclosed Sub-Advisory and Management Agreement between Inter and BLMIS.  (*Id*. ¶ 16.)

Under this agreement, BLMIS "agree[d] to act as the asset manager" of Oreades.  (*Id*. ¶ 17.)

Inter was to receive advisory and performance fees for serving as the "official" manager

of Oreades, for the provision of "recommendations, opinions, and advice regarding the choice of

investments" for Oreades.  (*Id*. ¶ 18.)  Thus, for doing nothing more than providing cover, Inter

collected advisory and performance fees from Oreades of at least $24.7 million, of which at least

$8.1 million were collected during the six years preceding December 11, 2008.  (*Id*. ¶ 19.)

Inter performed no actual asset management of Oreades.  Rather, as noted, it completely

delegated this function to BLMIS in New York for the entirety of the lifetime of the Oreades

fund.  The Trustee's subsequent transfer claims against Inter seek to recover the advisory and

performance fees that Inter earned from Oreades for management that was being performed not

by Inter, but by BLMIS in New York.  The component events of the transfers involve domestic

activity.  Inter had every reason to expect that U.S. law would apply to its business activity when

3

it contracted with a New York-based broker dealer to provide management services for Oreades. The transfers were centered in the United States.

### C. Access Acted as Inter's Agent in New York Performing Purported Oversight Work on Inter's Behalf

Inter's purported operations were also carried out by its agent in New York, Access. (*Id.* ¶ 21.) Access was formed in New York in 1994 by Patrick Littaye and Thierry Magon de la Villehuchet, and served as a bridge between New York-based BLMIS and overseas investors. (*Id.* ¶ 22.) Littaye had a close personal relationship with Madoff himself, and made the introduction and referral to Madoff that led to the formation of Oreades. (*Id.* ¶ 23.)

Inter entered into a May 1998 Service Agreement with Alternative Advisors Limited ("AAL"), a component entity of New York-based Access. (*Id.* ¶ 24.) Pursuant to the Service Agreement, Access was entrusted with responsibility for ensuring that BLMIS transmitted information to Inter about BLMIS's management of Oreades. (*Id.* ¶ 25.) AAL entered into a subsequent Management Oversight Agreement with Inter, under which AAL was designated as Oreades's Investment Advisor and given official responsibility to supervise BLMIS. (*Id.* ¶ 26.) Although AAL was technically incorporated in the Bahamas, it was merely a shell entity that was part of Access, which itself was a New York-based enterprise with its headquarters on Madison Avenue in Manhattan. (*Id.* ¶ 27.) Access's own documents reveal that AAL served merely as a "money box" for Access, and that it was incorporated overseas because Madoff himself wanted to deal only with offshore entities. (*Id.* ¶ 28.) Communications from New York confirm that Inter granted BLMIS the fund's management mandate and that Access was responsible for monitoring BLMIS in New York. (*Id.* ¶ 29.)

Access's New York office received copies of Oreades's account statements and trade confirmations from BLMIS. (*Id.* ¶ 30.) It also produced analysis reports for Oreades's investors

4

comparing Oreades's performance to that of the S&P 100. (*Id*. ¶ 31.)    Access communicated

regularly with BLMIS, marketed Oreades, and managed Oreades customer relationships all from

its office in New York. (*Id*. ¶ 32.) Access's provision of these services and purported oversight

services for Inter in New York further and specifically demonstrates the domestic nature of the

relevant conduct at issue, and that the Trustee's action seeking the recovery of these transfers

should not be dismissed on grounds of extraterritoriality.

**CONCLUSION**

For the foregoing reasons and those stated in the Trustee's Main Brief, this Court should

grant the Trustee's motion for leave to amend and deny Inter's motion to dismiss.

Dated: June 26, 2015                           Respectfully submitted,
     New York, New York
                                    /s/    David J. Sheehan

                                    **Baker & Hostetler LLP**
                                    45 Rockefeller Plaza
                                    New York, New York 10111
                                    Telephone: (212) 589-4200
                                    Facsimile: (212) 589-4201
                                    David J. Sheehan
                                    Email: dsheehan@bakerlaw.com
                                    Mark A. Kornfeld
                                    Email: mkornfeld@bakerlaw.com
                                    Benjamin D. Pergament
                                    Email: bpergament@bakerlaw.com
                                    Karin Scholz Jenson
                                    Email: kjenson@bakerlaw.com
                                    Samir K. Ranade
                                    Email: sranade@bakerlaw.com
                                    David Choi
                                    Email: dchoi@bakerlaw.com

                                    *Attorneys for Irving H. Picard, Trustee for the*
                                    *Substantively Consolidated SIPA Liquidation*
                                    *of Bernard L. Madoff Investment Securities*
                                    *LLC and the Estate of Bernard L. Madoff*

5
