**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the substantively consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 11-02762 (SMB) |
| Plaintiff, | |
| v. | |
| LIGHTHOUSE INVESTMENT PARTNERS LLC, d/b/a LIGHTHOUSE PARTNERS, LIGHTHOUSE SUPERCASH FUND LIMITED, and LIGHTHOUSE DIVERSIFIED FUND LIMITED, | |
| Defendants. | |

**TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT LIGHTHOUSE DIVERSIFIED FUND LIMITED'S MOTION**
**TO DISMISS BASED ON EXTRATERRITORIALITY AND IN FURTHER**
**SUPPORT OF TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS**

The Trustee respectfully submits this supplemental memorandum in opposition to Defendant Lighthouse Diversified Fund Limited's ("Lighthouse Diversified") motion to dismiss based on extraterritoriality and in further support of the Trustee's motion for leave to amend the complaint. As set forth below the Proffered Allegations as to the Domestic Nature of the Transfer to Lighthouse Diversified ("Proffered Allegations") plead facts evidencing the subsequent transfer received by Lighthouse Diversified and component events of the transactions were predominantly domestic under the standard set forth in the Extraterritoriality Decision,[1] such that the Trustee's action does not require an extraterritorial application of SIPA or Bankruptcy Code § 550. Lighthouse Diversified's motion to dismiss should be denied, and the Trustee's motion for leave to amend the complaint should be granted.

I. **BACKGROUND & LEGAL STANDARD**

This Court must determine whether the Trustee's claims against Lighthouse Diversified seek the recovery of "purely foreign" transfers, requiring an extraterritorial application of Bankruptcy Code § 550.[2] Under the Extraterritoriality Decision, the Trustee must only put forth "specific facts suggesting a domestic transfer" to avoid dismissal.[3] In making this determination, this Court must review "the location of the transfers as well as the component events of those transactions."[4] This is a fact-based inquiry in which all reasonable inferences are to be drawn in the Trustee's favor.[5]

The Trustee's Proffer alleges that Lighthouse Diversified received a transfer of BLMIS customer property from Fairfield Sentry Limited ("Fairfield Sentry") in the amount of

---

[1] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 513 B.R. 222 (S.D.N.Y. 2014) ("Extraterritoriality Decision").
[2] *Id.*
[3] *Id.* at 232 n.4.
[4] *Id.* at 227 (quoting *Maxwell Commc'n Corp. v. Societe General PLC (In re Maxwell Commc'n Corp.)* ("*Maxwell I*"), 186 B.R. 807, 817 (S.D.N.Y. 1995)).
[5] *See, e.g., Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 403-05 (S.D.N.Y. 2010).

1

$7,913,873.[6] Proffered Allegations ¶ 1. Lighthouse Diversified was a fund of hedge funds that invested in Fairfield Sentry. *Id.* ¶ 2. Although it was incorporated in the Cayman Islands, Lighthouse Diversified was created, operated, and controlled entirely from the United States by its Florida-based investment manager, Lighthouse Investment Partners, LLC, d/b/a Lighthouse Partners ("Lighthouse Partners"). *Id.* ¶ 3. Fairfield Sentry was one of several BLMIS feeder funds ("Feeder Funds")—single-purpose investment funds that pooled their investors' assets to invest with BLMIS, capitalizing on its consistent returns. *Id.* ¶ 5. FGG, a *de facto* partnership based in New York, created, operated, and controlled Fairfield Sentry. *Id.* ¶ 6. The Trustee alleges that Fairfield Sentry withdrew funds from its BLMIS accounts and transferred the funds to Lighthouse Diversified. *Id.* ¶¶ 1, 5.

Lighthouse Diversified argues that because it was formally organized under the law of the Cayman Islands, and because Fairfield Sentry was formally organized under the law of the Territory of the British Virgin Islands ("BVI"), it is entitled to a finding that the transfer was "purely foreign" and must be dismissed under the Extraterritoriality Decision. Lighthouse Diversified is wrong, and its superficial analysis is contrary to the *Maxwell I* "component events" analysis embraced by the District Court in the Extraterritoriality Decision.[7] Lighthouse Diversified ignores that its transactions with Fairfield Sentry were comprised of predominantly domestic elements, including that Lighthouse Diversified was operated entirely from the United States, and Fairfield Sentry maintained a principal place of business in New York. As set forth

---

[6] Defendants Lighthouse Investment Partners LLC, d/b/a Lighthouse Partners ("Lighthouse Partners") and Lighthouse Supercash Fund Limited ("Lighthouse Supercash") do not challenge the domestic nature of the $3,251,378 subsequent transfer Lighthouse Supercash received from Fairfield Sentry Limited and, upon information and belief, transferred in whole or part to Lighthouse Partners. Lighthouse Partners is a Florida-based investment manager of Lighthouse Supercash and Lighthouse Diversified. Lighthouse Supercash is an investment fund that shares a Florida address with Lighthouse Partners. As a result, the $3,251,378 subsequent transfer is not further addressed in these Proffered Extraterritoriality Allegations as it is not affected by the extraterritoriality motion.

[7] *See* Extraterritoriality Decision, 513 B.R. at 227 (citing *Maxwell I*, 186 B.R. at 817).

2

below, a review of the component events of the transactions demonstrate the Trustee's recovery claim against Lighthouse Diversified does not require an extraterritorial application of Bankruptcy Code § 550 or SIPA.

## II.  THE TRANSFER AND THE COMPONENT EVENTS OF THE TRANSACTIONS WERE PREDOMINANTLY DOMESTIC

The Proffered Allegations set forth facts that show the transfer and component events of the transactions were comprised of predominantly domestic elements, including: (1) Lighthouse Diversified was present in the Cayman Islands solely on paper, was operated entirely from the United States, and was a domestic resident; (2) Lighthouse Diversified knew control over Fairfield Sentry's investments rested entirely with BLMIS in New York; (3) Lighthouse Diversified used a New York bank to transfer funds; and (4) Fairfield Sentry's principal place of business was in New York.

### A.  Lighthouse Diversified Was Operated Entirely from the United States

Although incorporated in the Cayman Islands, Lighthouse Diversified was a shell entity present in the Cayman Islands solely on paper. Proffered Allegations ¶ 11. Lighthouse Partners organized Lighthouse Diversified in the Cayman Islands to reap the tax benefits associated with establishing an offshore fund. *Id.*

At all relevant times, Lighthouse Diversified's principal place of business was in Florida where it was operated and controlled entirely out of the United States by its Florida-based investment manager, Lighthouse Partners. *Id.* ¶ 12. Lighthouse Diversified shared a Florida address with Lighthouse Partners. *Id.* Further, from its inception, Lighthouse Diversified had no employees. *Id.*

As Lighthouse Diversified's investment manager, Lighthouse Partners utilized its presence in the United States to manage Lighthouse Diversified's relationship with FGG and

3

Fairfield Sentry. *Id.* ¶ 13. Lighthouse Partners conducted due diligence on Madoff, BLMIS, Fairfield Sentry, and Feeder Funds managed by Tremont Group Holdings Inc.—another New York-based manager—on behalf of Lighthouse Diversified in the United States. *Id.* ¶¶ 8–9. Lighthouse Partners communicated with FGG's New York-based Jacqueline Harary and Lourdes Barreneche to arrange investments in Fairfield Sentry. *Id.* ¶ 14. Lighthouse Partners also coordinated and requested Lighthouse Diversified's Fairfield Sentry redemptions, and the redemption confirmations were sent to Lighthouse Partners' headquarters in Florida. *Id.* ¶ 15.

### B. Lighthouse Diversified Knew Control Over Fairfield Sentry's Investments Rested Entirely with BLMIS in New York

Lighthouse Diversified did not enter the U.S. market by mistake or happenstance. Lighthouse Diversified knew control over Fairfield Sentry's investments rested entirely with New York-based BLMIS and that Madoff purported to invest in U.S. securities traded on U.S. exchanges. *Id.* ¶¶ 16–17.

Lighthouse Diversified therefore made subscriptions into Fairfield Sentry with the intent to invest in the U.S. market. *Id.* ¶ 16. In connection with subscribing funds to Fairfield Sentry, Lighthouse Diversified directed funds to a New York HSBC Bank USA correspondent bank account for ultimate deposit in Fairfield Sentry's bank account. *Id.* ¶ 18. From Fairfield Sentry's bank account, the funds were deposited in BLMIS's account at JPMorgan Chase Bank NA in New York. *Id.*

### C. Fairfield Sentry Maintained Its Principal Place of Business in New York

As explained further in the Main Brief, in 1988, U.S. citizens and residents, Walter Noel and Tucker, founded FGG, a New York-based *de facto* partnership. *Id.* ¶ 20. As part of FGG, Noel and Tucker incorporated Fairfield International Managers, Inc. ("Fairfield International Managers"). *Id.* ¶ 22. Through Fairfield International Managers, Noel and Tucker organized the

4

largest BLMIS feeder fund, Fairfield Sentry. *Id.* ¶¶ 6, 26.

Noel and Tucker formally organized Fairfield Sentry as an international business company under BVI law. *Id.* ¶ 23. Its BVI statutorily required registered address was a post office box care of a local trust company owned and operated by a local law firm. *Id.* ¶ 24.

From its inception until its liquidation in 2009, Fairfield Sentry had no employees and no offices. *Id.* At all relevant times, Fairfield Sentry was operated almost entirely by FGG's New York City headquarters personnel who maintained final control of Fairfield Sentry's bank accounts and relationships with Fairfield Sentry's back office service providers. *Id.*

Beginning in 1990, Tucker opened Fairfield Sentry's BLMIS accounts. *Id.* ¶ 26. From Fairfield Sentry's inception, FGG personnel at its New York City headquarters controlled the sales and subscriptions of the fund's shares. *Id.* ¶ 31. From at least January 1, 2002, all Fairfield Sentry subscription agreements contained New York choice of law provisions, and provided for venue and jurisdiction for any disputes in New York. *Id.* ¶ 31.

At all relevant times, FGG New York City headquarters personnel monitored Fairfield Sentry's investments; managed the relationships with BLMIS; directed investments into and out of BLMIS as well as into and out of Fairfield Sentry; marketed Fairfield Sentry; approved all subscriptions for Fairfield Sentry shares; maintained all of Fairfield Sentry's books and records at the FGG New York City headquarters; and made all strategic and operational decisions regarding Fairfield Sentry. *Id.* ¶¶ 30–31.

## III. <u>CONCLUSION</u>

For the foregoing reasons and those stated in the Trustee's Main Brief, this Court should deny Lighthouse Diversified's motion to dismiss and grant the Trustee's motion for leave to amend the complaint.

5

| | |
|---|---|
| Dated: June 26, 2015<br>New York, New York | /s/ Thomas L. Long<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone:  (212) 589-4200<br>Facsimile:  (212) 589-4201<br>David J. Sheehan<br>Thomas L. Long<br><br>**Baker & Hostetler LLP**<br>65 East State Street, Suite 2100<br>Columbus, Ohio 43215<br>Telephone:  (614) 228-1541<br>Facsimile:  (614) 462-2616<br>Lauren M. Hilsheimer<br>Douglas A. Vonderhaar<br><br>*Attorneys for Irving H. Picard, Trustee*<br>*for the substantively consolidated SIPA*<br>*Liquidation of Bernard L. Madoff Investment*<br>*Securities LLC and the estate of Bernard L.*<br>*Madoff* |