**Baker & Hostetler LLP**
45 Rockefeller
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-04287 (SMB) |
| v. | |
| CARDINAL MANAGEMENT, INC. AND DAKOTA GLOBAL INVESTMENTS, LTD., | |
| Defendants. | |

<u>**TRUSTEE'S PROFFERED ALLEGATIONS PERTAINING TO THE**</u>
<u>**EXTRATERRITORIALITY ISSUE AS TO DAKOTA GLOBAL INVESTMENTS, LTD.**</u>

The Trustee, by his undersigned counsel, for his Proffered Allegations pertaining to the Extraterritoriality Issue as to Defendant Dakota Global Investments, Ltd. ("Dakota") states:

1.      By this action, the Trustee seeks to recover from Dakota and Defendant Cardinal Management, Inc. ("Cardinal") (Dakota and Cardinal together, the "Defendants") avoidable fraudulent transfers of at least $28 million in customer property, as defined by SIPA § 78lll(4), that they received over the course of their relationship with Madoff prior to his arrest on December 11, 2008 (the "Filing Date").    Cardinal was a BLMIS account holder from the beginning of March 2005.

2.      During the two-year period prior to the Filing Date, Dakota, through its agents, directed the withdrawal of and received $28 million from Cardinal's BLMIS account, $24 million of which was withdrawn in the 90-day period prior to the Filing Date.  In turn, Dakota's agents directed that Cardinal transfer its BLMIS withdrawals to Dakota.

3.      Each transfer of customer property received by Defendants from BLMIS was domestic in nature, and would not have occurred but for Defendants' intentional investment in Madoff's U.S.-based strategy.

4.      Cardinal and Dakota were created and controlled by Christian Brustlein ("Brustlein") and Gabriel Charbonnier ("Charbonnier"), both experienced asset management professionals.

5.      Brustlein and Charbonnier built an entire business around Madoff and his U.S.-based investment strategy.

6.      Brustlein and Charbonnier created Cardinal as a "Special Purpose Vehicle for the sole use of Dakota" to facilitate Dakota's exclusive investment with Madoff in the U.S.

7.     Brustlein and Charbonnier were the individuals authorized to act for both Cardinal and Dakota.

8.     By the time they created Cardinal and Dakota, Brustlein and Charbonnier had been investing with Madoff for years through other BLMIS feeder funds and brought to Defendants their knowledge of Madoff's fraud.  Brustlein had a very specific interpretation of the BLMIS process, which was not known by the "crowd."

9.     Defendants knew that Madoff's investment strategy purportedly involved the purchase and sale of U.S. equities, U.S. options, and U.S. Treasurys traded on U.S. exchanges, and that the decisions regarding which U.S. securities to purchase and sell and when were made by Madoff in New York.

10.     In 2004, Brustlein and Charbonnier sought a direct investment with BLMIS.  To establish the investment with BLMIS, Brustlein and Charbonnier personally met Madoff in December 2004.

11.     On or about March 9, 2005, Brustlein and Charbonnier delivered to BLMIS offices in New York, New York all the account opening documents for Dakota's shell entity, as addressed further below, Cardinal.  The documents included a Customer Agreement, an Option Agreement, a Trading Authorization Limited to Purchases and Sales of Securities and Options, and Internal Revenue Service forms (the "Account Agreements").  The Agreements authorized Madoff to buy, sell, and trade U.S. stocks and bonds on the Defendants' behalf.

12.     BLMIS opened and maintained an account in New York, New York in Cardinal's name and assigned it Account No. 1FR119 ("Defendants' Account").

13.     The Customer Agreement pursuant to which Cardinal and Dakota invested with BLMIS was made in the State of New York and required the rights and liabilities related to the BLMIS account and investments to be determined in accordance with New York laws.

14.     Transactions on behalf of Cardinal and Dakota were to be subject to U.S. securities laws, including the Securities Exchange Act of 1934, the Commodities Exchange Act, the rules and regulations of the Securities and Exchange Commission, the Board of Governors of the Federal Reserve System, and the Commodities Futures Trading Commission.

15.     Disputes regarding transactions in the Defendants' Account were to be determined by arbitration pursuant to the Federal Arbitration Act, before the American Arbitration Association, the New York Stock Exchange, the National Association of Securities Dealers, Inc., the Municipal Securities Rule Making Board, or any other arbitration facility provided by an exchange of which Madoff was a member.

16.     Dakota used Cardinal as a vessel for its investments with BLMIS, thereby intentionally taking advantage of the benefits of conducting transactions in the State of New York, including deriving significant revenue from its investments in Cardinal's accounts with BLMIS in New York.

17.     Dakota knowingly permitted Madoff to serve in New York as its investment advisor and custodian of its Madoff account assets.

18.     Defendants' agents directed the transfer of all funds to and withdrawal of money from BLMIS's account at JPMC in New York, New York, #XXXXXXXXXXX1703 (the "703 Account").

19.     Dakota's agents also had Cardinal on occasion utilize a U.S. branch of Wachovia Bank to facilitate its transfers of money from BLMIS.

20.    Defendants' agents met with Madoff in the United States regarding Defendants' investment with BLMIS.

21.    Defendants' agents corresponded with Madoff and BLMIS in the United States via telephone, letter, facsimile, and e-mail about the investment relationship and each of the transfers to and from BLMIS, including receiving and reviewing the monthly account statements sent from BLMIS in New York.

22.    Dakota received 100% of the transfers made from BLMIS to Cardinal.

23.    Through a fiduciary agreement, both the voting and non-voting shares of Cardinal were held by a private foundation for and on behalf of Dakota.

24.    Brustlein represented to third parties that that he and his partner "have full control on Dakota," and further represented that Dakota had "a managed account with Madoff."

25.    Brustlein represented to third parties that Cardinal was "not audited as it is fully consolidated into Dakota."

26.    Cardinal had no offering memorandum and did not function as a separate feeder fund.

27.    Dakota was the feeder fund that Messrs. Brustlein and Charbonnier marketed as a means to invest with BLMIS's U.S.-based investments.

28.    All assets placed in BLMIS Account No. 1FR119 were assets of Dakota.

29.    All of Cardinal's assets and liabilities were owned by Dakota.

30.    Cardinal filed customer claims in the SIPA Proceeding seeking to recover funds it allegedly lost on its investments with BLMIS, whereby it submitted to the jurisdiction of this Court.

31.     Dakota is the beneficiary of the customer claims filed by Cardinal in the SIPA

Proceeding seeking to recover funds it allegedly lost on its investments with BLMIS.

Dated: June 26, 2015

New York, New York

By:     /s/ *Elizabeth A. Scully*
        Baker & Hostetler LLP
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: 212.589.4200
        Facsimile: 212.589.4201
        David J. Sheehan
        Mark A. Kornfeld

        --and--

        Elizabeth A. Scully (*pro hac*)
        1050 Connecticut Ave., N.W., 1100
        Washington, D.C. 20036
        Telephone: (202) 861-1500
        Facsimile: (202) 861-1783

        *Attorneys for Irving H. Picard, Trustee for the*
        *Substantively Consolidated SIPA Liquidation*
        *of Bernard L. Madoff Investment Securities LLC*
        *and the Estate of Bernard L. Madoff*