**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL LYNCH BANK (SUISSE) S.A., <br><br> Defendant. | Adv. Pro. No. 11-02910 (SMB) |

**THE TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN**
**OPPOSITION TO MERRILL LYNCH BANK (SUISSE) S.A.'S MOTION**
**TO DISMISS BASED ON EXTRATERRITORIALITY AND IN FURTHER**
<u>**SUPPORT OF TRUSTEE'S MOTION FOR LEAVE TO AMEND**</u>

Irving H. Picard, (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum as a supplement to his Main Brief[1] in seeking the recovery of subsequent transfers of BLMIS Customer Property made to Defendant Merrill Lynch Bank (Suisse) S.A. ("MLBS") by the Fairfield Funds.[2]

## PRELIMINARY STATEMENT

MLBS purposefully invested with Fairfield Sentry Limited ("Fairfield Sentry") and Sigma Limited ("Fairfield Sigma") (collectively, the "Fairfield Funds"), which invested all or substantially all of their assets with BLMIS. The Trustee alleges that the Fairfield Funds withdrew funds from its BLMIS accounts and subsequently transferred $44 million and nearly €1.4 million to Defendant MLBS. MLBS Proffer ¶ 1.

## ARGUMENT

The District Court directed that the "transfer and component events of the transactions" test set forth in *Maxwell I* must be used to determine whether a subsequent transfer claim involves the domestic or extraterritorial application of the Code and SIPA.[3] This is a fact-based inquiry in which the Trustee's allegations must be accepted as true at this pleading stage, and all reasonable inferences are to be drawn in the Trustee's favor.[4]

Under the framework set forth by the District Court, MLBS's motion must be denied because the component events and circumstances surrounding the transfers are predominantly

---

[1] As used herein, "Main Brief" refers to the Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and In Further Support of Trustee's Motion for Leave to Amend Complaints, filed contemporaneously with this supplement. All arguments set forth in the Main Brief are fully incorporated herein.
[2] The Trustee filed Proffered Allegations Pertaining to the Extraterritoriality Issue as to Merrill Lynch Bank (Suisse) SA ("Proffered Allegations" or "MLBS Proffer") contemporaneously with this Memorandum of Law.
[3] *SIPC v. BLMIS*, 513 B.R. 222, 227 (S.D.N.Y. 2014), citing *In re Maxwell Commc'n Corp. ("Maxwell I")*, 186 B.R. 807, 816 (S.D.N.Y. 1995).
[4] *See, e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 403–05 (S.D.N.Y. 2010).

1

domestic. BLMIS, a New York entity, was at the core of MLBS's investments with the Fairfield Funds. *Id*. at ¶ 4. Indeed, MLBS invested in the Fairfield Funds with the knowledge and intent that those investments would be managed by BLMIS, a U.S. investment adviser, and with the expectation that the investment returns it would receive would be generated by Madoff's purported purchase and sale of U.S. securities. *Id*. at ¶ 14. MLBS gained additional knowledge about BLMIS and its purported investment strategy from its investments another BLMIS Feeder Fund, Kingate Global Fund Ltd. ("Kingate Global"). *Id.* at ¶ 17. MLBS filed customer claims with the Trustee in connection with its investments with Fairfield Sentry and Kingate Global. *Id*. at ¶ 36. MLBS benefited as a result of its U.S.-centered investments by receiving redemptions, profits, and fees. *Id*. at ¶¶ 1; 26-30. Finally, MLBS received the transfers from the Fairfield Funds, which were managed by Fairfield Greenwich Group ("FGG"), an entity that had its principal place of business in New York.[5] *Id*. at ¶ 40.

### A. MLBS's Transfers and the Component Events of Its Investment Transactions with the Fairfield Funds Were Centered in the United States

#### 1. The Transaction Documents Made Clear that BLMIS was at the Center of the Relationship Between MLBS and the Fairfield Funds

MLBS's investments with the Fairfield Funds were governed by Private Placement Memoranda ("PPMs") and Subscription Agreements, which MLBS received prior to investing with the Fairfield Funds. *Id*. at ¶¶ 15-16. MLBS knew from these transaction documents, among other sources, that its investments with the Fairfield Funds would be transferred to BLMIS in New York for purported investments in U.S. equities, U.S. options, and U.S. treasurys. *Id*. at ¶¶ 14-15. MLBS made the subscriptions into the Fairfield Funds with the

---

[5] As set forth in the Main Brief, the doctrine of international comity does not preclude application of the Bankruptcy Code and SIPA to the fraudulent transfers at issue here, either.

knowledge that any returns from these investments it received would be derived from the U.S. securities market. *Id*.

MLBS also had investments with Kingate Global, another BLMIS Feeder Fund. *Id*. at ¶ 17. MLBS knew that its investment returns directly depended on Madoff's success in purported trading in U.S. securities, options, and treasurys. *Id*. at ¶¶ 14-15.

> **2.    The Domestic Nature of the Transfers and Transactions Is Evidenced by MLBS's Consent to the Application of New York Jurisdiction and Law**

The express provisions of MLBS's Subscription Agreement with the Fairfield Funds state the investments would be subject to the New York law and the jurisdiction of U.S. Courts. *Id*. at ¶¶ 19-20.

> **3.    The Domestic Nature of MLBS's Transfers and Transactions is Shown By MLBS's Express Instructions to the Fairfield Funds to Deposit its BLMIS Investment Returns Into Its New York Bank Account**

In executing its Subscription Agreements, MLBS instructed the Fairfield Funds that almost all of the deposits with the Fairfield Funds for investments with BLMIS and, eventually, almost all of the returns on its investments with BLMIS, would be made through its bank account at Northern Trust International Bank Corp. in New York. *Id*. at ¶¶ 22-24. MLBS received virtually all of the subsequent transfers of BLMIS Customer Property at issue in its bank account at Northern Trust International Bank Corp. in New York. *Id*. at ¶ 25.

> **4.    The Domestic Nature of MLBS's Transfers and Transactions is Shown By MLBS's Receipt of Fees from the Fairfield Funds**

MLBS entered into fee arrangement with New York-based FGG to obtain fees by directing investors to invest in the Fairfield Funds and BLMIS. *Id*. at ¶ 26. MLBS employees and New York-based FGG employees negotiated these agreements. *Id*. at ¶ 27. The agreements were executed by a senior manager at the New York office and an FGG partner based out of

FGG's New York office, and at least one of the agreements was executed pursuant to U.S. laws and regulations. *Id*. at ¶ 28. As a result of these agreements, MLBS received fees connected to its or its clients' investments in Fairfield Sentry and its affiliates. *Id*. at ¶ 30.

### 5. Other Domestic Merrill Lynch Divisions and Units Participated in Transactions with the Feeder Funds

The domestic nature of the transactions is further demonstrated by the fact that the global Merrill Lynch organization, headquartered in New York, directed due diligence on BLMIS and the Fairfield Funds. *Id*. at ¶ 31. The global heads of certain Merrill Lynch due diligence groups and committees were located in, and directed activity from, New York. *Id*. at ¶ 33. MLBS utilized Merrill Lynch's due diligence teams in connection with its due diligence relating to MLBS's investments. *Id*. ¶ 34.

### 6. MLBS Received The Transfers from the Fairfield Funds, Which Maintained Their Principal Place of Business in New York

MLBS received their transfers from the Fairfield Funds, which maintained their principal place of business in New York. *Id*. at ¶ 40.

FGG is a New York-based *de facto* partnership created by U.S. citizens that, together with Fairfield International Managers, Inc., (organized under Delaware law) organized the Fairfield Funds. *Id*. at ¶¶ 41 – 43. The Fairfield Funds were organized under BVI law in name only from their inception through their liquidations in 2009, and at all times relevant had no employees and no offices. *Id*. at ¶ 45. FGG personnel at its New York City headquarters, among other things: (i) controlled the sales and subscriptions of the funds' shares; (ii) maintained final control of the Fairfield Funds' bank accounts; (iii) monitored the Fairfield Funds' investments; (iv) managed the relationships with BLMIS; (v) directed investments into and out of BLMIS as well as into and out of the Fairfield Funds; (vi) marketed the Fairfield Funds; (vii) approved all subscriptions for the Fairfield Funds' shares; (viii) maintained the relationships with the Fairfield

4

Funds' back office service providers; (ix) maintained all of the Fairfield Funds' books and records at the FGG New York City headquarters; and (x) made strategic and operational decisions regarding the Fairfield Funds. *Id*. at ¶¶ 51-52. Accordingly, the Fairfield Funds' principal place of business was FGG's New York City headquarters.

## CONCLUSION

For the foregoing reasons and those set forth in the Main Brief, MLBS's Motion to Dismiss should be denied, and the Trustee's motion to amend should be granted.

Dated: June 26, 2015
      New York, New York

/s/ Stacey A. Bell

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Regina Griffin
Stacey A. Bell
Amanda Fein
Margaret Hirce

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and estate of Bernard L. Madoff*

5