| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN THE WHITMAN PARTNERSHIP, THE LUCKY COMPANY, THE PETITO INVESTMENT GROUP, AND THE HARWOOD FAMILY PARTNERSHIP**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In The Whitman Partnership, The Lucky Company, The Petito Investment Group, And The Harwood Family Partnership (the "Motion"), the Trustee selected four BLMIS accounts (collectively, the "Accounts"), held by the

following: 1EM256 held by The Whitman Partnership, 1L0135 held by the Lucky Company, 1ZA003 held by The Petito Investment Group, and 1ZB442 held by the Harwood Family Partnership (collectively, the "Partnerships").

4. A list of Objecting Claimants who invested in one or more of the Partnerships whose claims are dealt with by this Motion is annexed to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration") as Exhibit 2. The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in the Partnerships, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. Most of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Partnership account files as contained in the books and records of BLMIS.

7. The Objections to Determination filed on behalf of Objecting Claimants associated with The Whitman Partnership, The Petito Investment Group or Harwood Family Partnership were filed by Helen Chaitman of Becker & Poliakoff LLP. Objections to

Determination filed on behalf of at least two Objecting Claimants associated with Lucky Company were filed by Michael S. Pollok of Marvin and Marvin, PLLC while the remaining Objecting Claimants associated with Lucky Company filed *pro se* Objections to Determination. To clarify attorney representation issues, on September 19, 2013 we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both those occasions that she did not represent any of the Objecting Claimants in connection with the Partnerships' discovery.

### Service of Requests for Admission and Other Discovery

8. I caused discovery to be served on Objecting Claimants either through counsel, or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

9. Prior to Ms. Chaitman's clarification of her representation status, I caused discovery to be served on Objecting Claimants claiming customer status through Harwood Family Partnership, by sending discovery to Ms. Chaitman. A copy of the complete discovery as sent, with cover letter and certificate of service, is attached as Exhibit 1. No response was received to any of this discovery.

10. Because Ms. Chaitman clarified that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, as well as Interrogatories and Requests for Production, were ultimately served on all the Objecting Claimants personally. None of the Requests for Admission (nor any of the other discovery) as to The Whitman

3

4

Partnership, Lucky Company, or the Harwood Family Partnership was responded to, and one response was received as to The Petito Investment Group. The response the Trustee received to the Interrogatories or Requests for Admission are attached *infra*.

4

### *Pro Se* Responses To Interrogatories and Requests for Admission

11. Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Robert and Barbara Mayer, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

### Represented Objecting Claimants Who Failed to Respond to Requests for Admission

12. Attached hereto as Exhibits 3 and 4 are true and correct copies of two sets of Requests for Admission (including certificates of service and cover letters) that were served on Objecting Claimants through counsel, for which the Trustee received no responses. These requests for admission relate to Lucky Company Objecting Claimants Alan Hayes and Wendy Wolosoff-Hayes (Exhibit 3, claim numbers 003166 and 003178) and relate to the Harwood Family Partnership Objecting Claimants (Exhibit 4, claim numbers 010429, 010430, 010431, 010432, 010433, 100161, 100162, 100163, 100164, 100165, 100179, 100180, 100181, 100182 and 100183). Thirteen of the actual Requests for Admission in the two sets are identical, but the Becker and Poliakoff LLP set had three additional Requests for Admission not present in the other set. The defined terms in each are changed for the particular claims and Objecting Claimants.

### *Pro Se* Objecting Claimants Who Failed To Respond To Requests For Admission

13. Attached hereto as Exhibit 5 is a chart of other Objecting Claimants who did not respond to the Requests for Admission served upon them. The Objecting Claimants who received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to the Trustee's notice of determination of claim, or (2) Objecting Claimants whose objections to determination had been filed by counsel.

5

14. There were four sets of Requests for Admission sent to Objecting Claimants in their discovery packages, one set for each account which are distinguished by variations in the "RFA Type" column of the Exhibit 5 chart.

15. The Whitman Partnership Objecting Claimants each received a package with eight identical numbered Requests for Admission (RFA Type "1" in the Exhibit 5 chart).

16. The Lucky Company Objecting Claimants received a discovery package with thirteen numbered Requests for Admission that were identical from one package to another (RFA Type "2" in the Exhibit 5 chart).

17. The Petito Investment Group Objecting Claimants each received a package with twelve identical numbered Requests for Admission (RFA Type "3" in the Exhibit 5 chart).

18. The Harwood Family Partnership Objecting Claimants received a package with fifteen identical numbered Requests for Admission (RFA Type "4" in the Exhibit 5 chart).

19. Examples of the four types of Requests for Admission discussed in the four immediately preceding paragraphs are attached as Exhibit 6 (Bernard Whitman, 1 on chart); Exhibit 7 (Roberta Tarshis, 2 on chart); Exhibit 8 (James Reynolds, 3 on chart) and Exhibit 9 (Messrs. Lowell Harwood and Craig Harwood, 4 on chart). Exhibits 6 through 9 each contain the cover letter and Requests for Admission as sent, but omit the other enclosures referenced in the cover letter.

20. The cover letters sent to the various Objecting Claimants in the Exhibit 5 chart had other relevant variations (date, addressee, claim number, due date for responses, references to the dates and docket numbers of objections) that are not directly relevant to the requests for admission themselves.

6

21. Given there are voluminous Requests for Admission and that there is no variation other than as mentioned in this declaration, the Trustee is offering to provide these documents on request rather than attaching them to this declaration.

22. Attached as Exhibit 10 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in Exhibit 5.

### Miscellaneous Exhibits

23. Attached as Exhibit 11 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships (ECF No. 8734).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2015

New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111