Jonathan L. Flaxer
Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

*Counsel to Defendants Myra Perlen Revocable Trust, Myra Perlen, and Stuart Perlen*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | : | |
| v. | : | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | (Substantively Consolidated) |
| Defendant. | : | |

-------------------------------------------------------------X

In re

BERNARD L. MADOFF,

                Debtor.

-------------------------------------------------------------X

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : | Adv. Pro. No. 10-05078 (SMB) |
| Plaintiff, | : | |
| v. | : | |
| MYRA PERLEN REVOCABLE TRUST, MYRA PERLEN, individually and in her capacity as Trustee of the Myra Perlen Revocable Trust, and STUART PERLEN, in his capacity as Trustee of the Myra Perlen Revocable Trust, | : | |
| Defendants. | : | |

-------------------------------------------------------------x

2327218.1

## ANSWER
### (Jury Demanded)

Myra Perlen Revocable Trust (the "**Trust**"), Myra Perlen, individually and in her capacity as Trustee of the Myra Perlen Revocable Trust, and Stuart Perlen, in his capacity as Trustee of the Myra Perlen Revocable Trust, defendants (the "**Defendants**") in the above-captioned adversary proceeding, by and through their counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, as and for his answer to the complaint (the "**Complaint**") of Irving H. Picard, as Trustee (the "**Trustee**" or "**Plaintiff**") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("**BLMIS**"), states as follows:

### NATURE OF PROCEEDING

1.      As the Complaint speaks for itself, Paragraph 1 of the Complaint contains no allegations as to which a response by the Defendants is required.

2.      As the Complaint speaks for itself, Paragraph 2 of the Complaint contains no allegations as to which a response by the Defendants is required.

3.      As the Complaint speaks for itself, Paragraph 3 of the Complaint contains no allegations as to which a response by the Defendants is required.

### JURISDICTION AND VENUE

4.      Defendants admit the allegations pertaining to the SIPA Proceeding and District Court Proceeding contained in Paragraph 4 of the Complaint, and responds that the remaining allegations of Paragraph 4 state legal conclusions as to which no response is required.

5.      Paragraph 5 of the Complaint states legal conclusions as to which no response is required.

6.      Paragraph 6 of the Complaint states legal conclusions as to which no response is required.

2327218.1

**PARTIES**

7.  Defendant Trust admits the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant Myra Perlen admits that she maintains a residence in Boca Raton, FL, and otherwise denies the allegations contained in Paragraph 8 of the Complaint.

9.  Defendant Stuart Perlen admits the allegations contained in Paragraph 9 of the Complaint.

**BACKGROUND, THE TRUSTEE AND STANDING**

10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint.

2327218.1

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the Trustee's process of marshaling assets or whether such assets will be sufficient to reimburse the customers of BLMIS contained in Paragraph 17 of the Complaint, and responds that the remaining allegations of Paragraph 17 of the Complaint state legal conclusions as to which no response is required.

18. Paragraph 18 of the Complaint states legal conclusions as to which no response is required.

19. Paragraph 19 of the Complaint states legal conclusions as to which no response is required.

20. Defendants deny the allegation set forth in Paragraph 20(a) of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20 of the Complaint, and responds that the remaining allegations also state legal conclusions as to which no response is required.

## THE FRAUDULENT PONZI SCHEME

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint.

4

2327218.1

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint.

## THE TRANSFERS

36. Defendant Trust admits that it had an account known as No. 1P0012, and the Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint.

38. Defendant Trust admits that it received monies totaling $3,769,969 from BLMIS during the ninety days prior to the Filing Date, and Defendants otherwise deny the remaining allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states legal conclusions as to which no response is required.

43. Paragraph 43 of the Complaint states legal conclusions as to which no response is required.

## CUSTOMER CLAIMS

44. Defendants admit the allegations of Paragraph 44 of the Complaint.

45. Defendants admit the allegations of Paragraph 45 of the Complaint.

46. Defendants admit the allegations of Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of the Complaint

6

## **COUNT ONE**

48. Defendants admit, deny, and respond to the allegations of Paragraph 48 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 47 of the Complaint.

49. Paragraph 49 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

50. Paragraph 50 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

51. Paragraph 51 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

52. Paragraph 52 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

53. Paragraph 53 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

54. Paragraph 54 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

55. Paragraph 55 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

56. Paragraph 56 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

57. Paragraph 57 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

2327218.1

## COUNT TWO

58. Defendants admit, deny, and respond to the allegations of Paragraph 58 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 57 of the Complaint.

59. Defendants admit the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

## COUNT THREE

64. Defendants admit, deny, and respond to the allegations of Paragraph 64 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 63 of the Complaint.

65. Paragraph 65 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

66. Paragraph 66 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

67. Paragraph 67 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

68. Paragraph 68 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

8

2327218.1

69. Paragraph 69 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

70. Paragraph 70 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

71. Paragraph 71 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

72. Paragraph 72 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

## COUNT FOUR

73. Defendants admit, deny, and respond to the allegations of Paragraph 73 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 72 of the Complaint.

74. Paragraph 74 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

75. Paragraph 75 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

76. Paragraph 76 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

77. Paragraph 77 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

## COUNT FIVE

78. Defendants admit, deny, and respond to the allegations of Paragraph 78 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 77 of the Complaint.

79. Paragraph 79 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

80. Paragraph 80 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

81. Paragraph 81 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

82. Paragraph 82 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

83. Paragraph 83 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

## COUNT SIX

84. Defendants admit, deny, and respond to the allegations of Paragraph 84 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 83 of the Complaint

85. Paragraph 85 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

86. Paragraph 86 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

87. Paragraph 87 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

88. Paragraph 88 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

89. Paragraph 89 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

## COUNT SEVEN

90. Defendants admit, deny, and respond to the allegations of Paragraph 90 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 89 of the Complaint

91. Paragraph 91 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

92. Paragraph 92 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

93. Paragraph 93 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

94. Paragraph 94 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

95. Paragraph 95 contains no allegations as to which a response by Defendants is required because this Count has been dismissed.

2327218.1

## COUNT EIGHT

96. Defendants admit, deny, and respond to the allegations of Paragraph 96 of the Complaint as they admitted, denied, or responded to the allegations contained in Paragraphs 1 to 95 of the Complaint

97. Defendants deny the allegations of Paragraph 97 of the Complaint.

98. Defendants deny the allegations of Paragraph 98 of the Complaint.

99. Defendants deny the allegations of Paragraph 99 of the Complaint.

100. Defendants deny the allegations of Paragraph 100 of the Complaint.

101. Defendants deny the allegations of Paragraph 101 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

102. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

103. The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

104. The Trustee's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

105. The transfers alleged in the Complaint may not be avoided or recovered because the alleged transfers do not involve property of the estate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

106. The transfers alleged in the Complaint may not be avoided or recovered because each such transfer satisfies an antecedent debt owed to Defendants.

2327218.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

107.    The transfers alleged in the Complaint may not be avoided or recovered because reasonably equivalent value was given in exchange for such transfers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

108.    The transfers alleged in the Complaint may not be avoided or recovered because fair consideration was given in exchange for such transfers.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

109.    The transfers alleged in the Complaint may not be avoided or recovered because Defendants acted in good faith and without fraudulent intent.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

110.    The transfers alleged in the Complaint may not be avoided or recovered because any transfers from BLMIS are settlement payments within the meaning of section 546(e) of the Bankruptcy Code.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

111.    The transfers alleged in the Complaint may not be avoided or recovered because the Trustee is not entitled to any recovery by virtue of section 550(b) and (e) of the Bankruptcy Code.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

112.    Defendants hereby assert all of its rights to set-off, recoupment, credits, or other equitable rights.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

113.    The Court lacks jurisdiction or power to finally determine this adversary proceeding or to decide any contested matter which would have the effect of determining this

adversary proceeding. Defendants do not consent to the entry of a final order or judgment by the Court.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

114. The Trustee's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, and/or *in pari delicto*.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

115. The transfers alleged in the Complaint may not be avoided or recovered because, pursuant to section 548(c) of the Bankruptcy Code, Defendants have a lien on and may retain the transfers at issue to the extent that Defendants gave value and acted in good faith.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

116. The Trustee's claims are not ripe because he has failed to demonstrate that the conditions of 15 U.S.C. section 78fff-2(c)(3) have been met.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

117. Defendants are a victim of BLMIS's fraud and any claims against them should be dismissed as against public policy.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

118. As Defendants did not participate in any wrongful conduct of any kind or nature whatsoever, it is inequitable to proceed against Defendants unless and until the Trustee has exhausted his remedies against other parties that engaged in wrongful conduct in respect to BLMIS.

## RESERVATION OF RIGHTS

119. In asserting the foregoing affirmative defenses, Defendants do not assume the burden of proof on any issue that would otherwise rest on the Trustee.

2327218.1

120. Defendants reserve the right to amend this Answer to assert additional defenses, or to amend its present defenses, when and if, in the course of discovery or preparation for trial it becomes appropriate to assert or amend such affirmative defenses.

## JURY DEMAND

121. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 9015 of the Federal Rule of Bankruptcy Procedure, Defendants demand a trial by jury as to all issues which may be heard by a jury.

**WHEREFORE**, Defendants respectfully request that the Court enter an order dismissing the Complaint in its entirety with prejudice, awarding to Defendants costs incurred in defending this action, and for such further relief as the Court deems just and proper.

Dated: New York, New York
July 17, 2015

**GOLENBOCK EISEMAN ASSOR BELL
 & PESKOE LLP**
437 Madison Avenue
New York, New York 10022
(212 907-7300


By:  /s/ Jonathan L. Flaxer
       Jonathan L. Flaxer

*Counsel to Defendants Myra Perlen Revocable Trust, Myra Perlen, and Stuart Perlen*

15

2327218.1