**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM DECEMBER 1, 2014 THROUGH MARCH 31, 2015</u>**

Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $178,476.75 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $2,607.73 for the period from December 1, 2014 through March 31, 2015 (the "Compensation Period"). In support of the Application, Young Conaway respectfully submits as follows:

300362716.1

300362716.1

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Since November 29, 2010, Young Conaway has served as special counsel for the Trustee.

4.      On December 21, 2010, this Court entered an order approving the Trustee's motion for authority to retain Young Conaway as special counsel *nunc pro tunc* to November 29, 2010.

5.      The Trustee's motion to retain Young Conaway established a fee arrangement pursuant to which Young Conaway agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY YOUNG CONAWAY

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows.

7. Young Conaway has represented the Trustee in connection with certain litigation matters in which Baker & Hostetler LLP and Windels Marx Lane & Mittendorf, LLP, are conflicted from representing the Trustee.

8. The legal services performed by Young Conaway on behalf of the Trustee during the time period covered by this Application involve the following adversary actions filed against: (i) the Estate of Silvia W. Lock and Northern Trust Bank, N.A.; (ii) Melvin B. Nessel and Northern Trust Bank, N.A; (iii) Crédit Agricole (Suisse), S.A. and Crédit Agricole S.A., a/k/a Banque du Crédit Agricole; (iv) Crédit Agricole Corporate and Investment Bank d/b/a Credit Agricole Private Banking Miami, f/k/a Calyon S.A. d/b/a Credit Agricole Miami Private Bank, Successor in Interest to Credit Lyonnais S.A.; (v) Barfield Nominees Limited, and Northern Trust Corporation; Caseis Bank Luxembourg and Caceis Bank; and (vi) Intesa Sanpaolo SpA, Eurizon Capital SGR SpA, Eurizon Low Volatility f/k/a Nextra Low Volatility, Eurizon Low Volatility II f/k/a Nextra Low Volatility II, Eurizon Low Volatility PB f/k/a Nextra Low Volatility PB, Eurizon Medium Volatility f/k/a Nextra Medium Volatility, Eurizon Medium Volatility II f/k/a Nextra Medium Volatility II, Eurizon Total Return f/k/a Nextra Total Return; and Ken-Wen Family Limited Partnership, Kenneth W. Brown, in his capacity as General Partner of the Ken-Wen Family Limited Partnership, Wendy Brown, and RBC Centura Bank.

9. The services rendered by Young Conaway in connection with the aforementioned matters include, but are not limited to, reviewing various documents, participating in informal discovery, and participating in settlement negotiations and discussions with opposing counsel.

### III. COMPENSATION REQUESTED

10. The Application demonstrates how Young Conaway has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11. Young Conaway has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Young Conaway has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Matthew B. Lunn.

12. From December 1, 2014 through March 31, 2015, Young Conaway provided a total of 641 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $198,307.50 and the total blended rate for professional services was $309.37/hour. After the 10% discount, the total amount of fees incurred is $178,476.75 and the total blended rate is $278.43/hour. Young Conaway has agreed to a further holdback of 20% of its fees in the amount of $35,695.35, resulting in the present request for compensation in the amount of $142,781.40.

13. A breakdown of the total number of hours performed by each Young Conaway timekeeper is provided on **Exhibit A** annexed hereto.

14. Young Conaway seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $2,607.73. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV. <u>GENERAL MATTERS</u>

15. All of the professional services for which compensation is requested herein were performed by Young Conaway for and on behalf of the Trustee and not on behalf of any other person or entity.

16. No agreement or understanding exists between Young Conaway and any other person for sharing compensation received in connection with this case nor has any other person

or entity agreed to provide Young Conaway with compensation for the legal services described herein.

17. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

18. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Young Conaway (*see* SIPA § 78fff-3(b)(2)).

19. The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

20. Therefore, with respect to this Application, Young Conaway requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts

recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Young Conaway expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Young Conaway respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Young Conaway for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $19,830.75); (b) a holdback of 20% (in the amount of $35,695.35) pending final approval of Young Conaway's fees in this case, in the aggregate amount of $142,781.40, for professional services rendered to the Trustee from December 1, 2014 through March 31, 2015;

c. Allowing payment to Young Conaway in the amount of $2,607.73 for reimbursement of expenses incurred by Young Conaway from December 1, 2014 through March 31, 2015; and

        d.        Granting Young Conaway such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 22, 2015

Young Conaway Stargatt & Taylor, LLP

By: *s/Matthew Lunn*
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Fax: (302) 571-1253

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF YOUNG CONAWAY FOR SERVICES RENDERED
## FOR THE PERIOD DECEMBER 1, 2014 THROUGH MARCH 31, 2015

| ATTORNEY/ PARAPROFESSIONAL | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| John T. Dorsey | $630.00 | 0.3 | $189.00 |
| Craig D. Grear | $540.00 | 1.00 | $630.00 |
| Matthew B. Lunn | $425.00 | 43.4 | $23,467.00 |
| Michael Neiburg | $285.00 | 15.2 | $4,378.00 |
| Mary Dugan | $325.00 | 119.40 | $38,805.00 |
| Justin P. Duda | $275.00 | 442.4 | $127,327.00 |
| Debbie Laskin | $240.00 | 2.3 | $552.00 |
| Anupa Smit | $215.00 | 1.5 | $322.50 |
| Thomas Hartzell | $175.00 | 8.2 | 1,435.00 |
| Melissa Romano | $165.00 | 7.2 | $1,188.00 |
| Karen Luongo | $140.00 | 0.1 | $14.00 |
|  |  |  |  |
| Total: | $309.37 | 641.0 | $198,307.50 |
| Total minus 10% Discount | $278.43 |  | $178,476.75 |
| **Total Net of 20% Holdback:** | **$222.75** |  | **$142,781.40** |

# EXHIBIT B

## EXPENSE SUMMARY OF YOUNG CONAWAY
## FOR THE INTERIM PERIOD OF
## DECEMBER 1, 2014 THROUGH MARCH 31, 2015

| EXPENSES | AMOUNTS |
|---|---|
| Reproduction Charges | $1,414.10 |
| Computerized Legal Research | $13.66 |
| Teleconference/Video Conference | $29.59 |
| Docket Retrieval/Searches | $104.90 |
| Federal Express | $127.02 |
| Air/Rail Travel | $574.00 |
| Secretary of State | $12.00 |
| Filing Fee | $25.00 |
| Delivery | $180.00 |
| Postage | $67.46 |
| Litigation Support/Scan | $60.00 |
| | |
| **Total Expenses Requested:** | **$2,607.73** |

300362716.1

300362716.1