**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF RITTER & RITTER ADVOKATUR AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM DECEMBER 1, 2014 THROUGH MARCH 31, 2015**

Michael Ritter, together with other members and associates at the law firm of Ritter & Ritter Advokatur (collectively, "Ritter & Ritter"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $3,704.82 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from December 1, 2014 through March 31, 2015 (the "Compensation Period").

In support of the Application, Ritter & Ritter respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on January 15, 2013, Ritter & Ritter has served as special counsel for the Trustee.

4. On January 31, 2013, this Court entered an order approving the Trustee's motion for authority to retain Ritter & Ritter as special counsel to the Trustee with regard to matters pertaining to Lichtenstein.

5. The Trustee's motion to retain Ritter & Ritter established a fee arrangement pursuant to which Ritter & Ritter agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY RITTER & RITTER

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      Ritter & Ritter continued to advise the Trustee in BLMIS-related proceedings involving Liechtenstein-domiciled defendants.

### III. COMPENSATION REQUESTED

8.      The Application demonstrates how Ritter & Ritter has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9.      Ritter & Ritter has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Ritter & Ritter has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Michael Ritter, involving others only when necessary.

10.     From December 1, 2014 through March 31, 2015, Ritter & Ritter provided a total of 7.7 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $4,116.47 and the total blended rate for professional services was $534.61/hour.  After the 10% discount, the total amount of fees incurred is $3,704.82 and the total blended rate is $481.15/hour.  Ritter & Ritter has agreed to a further holdback of 20% of its fees in the amount of $740.96 resulting in the present request for compensation in the amount of $2,963.86.

11.     A breakdown of the total number of hours performed by each Ritter & Ritter timekeeper is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

12.     All of the professional services for which compensation is requested herein were performed by Ritter & Ritter for and on behalf of the Trustee and not on behalf of any other person or entity.

3

13. No agreement or understanding exists between Ritter & Ritter and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Ritter & Ritter with compensation for the legal services described herein.

14. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Ritter & Ritter (*see* SIPA § 78fff-3(b)(2)).

16. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

4

17. Therefore, with respect to this Application, Ritter & Ritter requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Ritter & Ritter expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Ritter & Ritter respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $3,704.82, of which $2,963.86 is to be paid currently and $740.96 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Ritter & Ritter to the Trustee from December 1, 2014 through March 31, 2015; and

c. Granting Ritter & Ritter such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 22, 2015

RITTER & RITTER

By: _s/Michael Ritter_____
Michael Ritter
Ritter & Ritter Advokatur
Im Mühleholz 1
Postfach 1622
FL - 9490 Vaduz
Telephone : +423 239 73 73

5

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF RITTER & RITTER FOR SERVICES RENDERED
## FOR THE PERIOD FROM DECEMBER 1, 2014 THROUGH MARCH 31, 2015

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Michael Ritter | $534.61 | 7.7 | $4,116.47 |
|  |  |  |  |
| Total: | $531.61 | 7.7 | $4,116.47 |
| Total minus 10% Discount | $481.15 |  | $3,704.82 |
| **Total Net of 20% Holdback:** |  |  | **$2,963.86** |