**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SPIZZ COHEN & SERCHUK, P.C. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED INCURRED FROM DECEMBER 1, 2014 THROUGH APRIL 10, 2015 AS WELL AS REIMBURSEMENT OF FEES PREVIOUSLY HELD BACK BY SIPC**

Spizz Cohen & Serchuk, P.C. ("SCS"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $10,817.10 for the period from December 1, 2014 through April 10, 2015 (the "Compensation Period"). Moreover, because SCS has ceased to act as special counsel to the Trustee, it seeks payment of the 20% holdback applied to its fees from the commencement of its retention as special counsel beginning on October 1, 2014. The total amount withheld

during that period is $781.83. In support of the Application, SCS respectfully submits as follows:

## I. BACKGROUND

1.  On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA, and, by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.  The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.  Beginning on October 1, 2014, SCS has served as special counsel for the Trustee.

4.  On November 12, 2014, this Court entered an order approving the Trustee's motion for authority to retain SCS as special counsel *nunc pro tunc* as of October 1, 2014.

5.  The Trustee's motion to retain SCS established a fee arrangement pursuant to which SCS agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SPIZZ COHEN & SERCHUK, P.C.

6.  The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. SCS provided the Trustee with legal advice regarding New York trusts and estates law, including New York Surrogate's Court practice and procedures and Rule 25 of the Federal Rules of Civil Procedure related to substituting proper parties for deceased defendants.

### III. COMPENSATION REQUESTED

8. The Application demonstrates how SCS has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9. SCS has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, SCS has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Paul Karan.

10. From December 1, 2014 through April 10, 2015,[1] SCS provided a total of 20.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $12,019.00 and the total blended rate for professional services was $595.00/hour. After the 10% discount, the total amount of fees incurred is $10,817.10 and the total blended rate is $535.50/hour. SCS had agreed to a further holdback of 20% of its fees until such time as its retainer to act as special counsel to the Trustee was terminated. Because that retainer ended, SCS respectfully submits its fees for work performed during this period should not be reduced further.

---

[1] SCS ceased operations on April 10, 2015. This fee application is filed on its behalf by Perry Cohen, the former managing partner of Spizz Cohen & Serchuk P.C. Mr. Cohen remains authorized to act on behalf of Spizz Cohen & Serchuk P.C.

3

Furthermore, because that retainer ended, SCS now also seeks reimbursement in this Application, of the amount previously held back, totaling $781.83. Accordingly, the present request for fees, including the holdback, is in the amount of $11,598.93

11. A breakdown of the total number of hours performed by each SCS timekeeper is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

12. All of the professional services for which compensation is requested herein were performed by SCS for and on behalf of the Trustee and not on behalf of any other person or entity.

13. No agreement or understanding exists between SCS and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide SCS with compensation for the legal services described herein.

14. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of SCS (*see* SIPA § 78fff-3(b)(2)).

16. The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17. Therefore, with respect to this Application, SCS requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). SCS expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, SCS respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $10,817.10, as payment for professional services rendered by SCS to the Trustee from December 1, 2014 through April 10, 2015; and

c. Allowing payment of the 20% previously held back from its fees, per agreement with the Trustee, in the amount of $781.83; and

    d.    Awarding SCS such other and further relief as this Court deems just and proper.

Dated: July 22, 2015

Respectfully submitted,

Spizz Cohen & Serchuk, P.C.

By: /s/
Perry Cohen,
Tarter Krinsky & Drogen LLP
1350 Broadway
New York, NY 10018
Telephone: 212-216-8000
Fax: 212-216-8001

On Behalf of,
Spizz Cohen & Serchuk, P.C.
425 Park Avenue
New York, New York 10022
Telephone: 212-754-9400
Fax: 212-754-6262

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF THE SPIZZ COHEN & SERCHUK, L.P. FOR SERVICES RENDERED
## FOR THE PERIOD DECEMBER 1, 2014 THROUGH APRIL 10, 2015

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
|  |  |  |  |
| Paul Richard Karan | $595.00 | 20.2 | $12,019.00 |
|  |  |  |  |
| Total: | $595.00 | 20.2 | $12,019.00 |
| Total minus 10% Discount | $535.50 |  | $10,817.10 |
| Holdback Return |  |  | $781.83 |
| **Total Plus Holdback Return** |  |  | **$11,598.93** |