UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**FIRST AND FINAL APPLICATION OF GOLDSTEIN & RUSSELL, P.C. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED INCURRED FROM FEBRUARY 2, 2015 THROUGH JUNE 30, 2015**

Goldstein & Russell, P.C., special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $133,848.00 for the period from February 2, 2015 through June 30, 2015 (the "Compensation Period"). In support of the Application, Goldstein & Russell respectfully submits as follows:

## I. BACKGROUND

1.  On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the

liquidation of the business of the Debtor in accordance with SIPA, and, by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.Beginning on February 2, 2015, Goldstein & Russell has served as special counsel for the Trustee.

4.On February 13, 2015, this Court entered an order approving the Trustee's motion for authority to retain Goldstein & Russell as special counsel *nunc pro tunc* as of February 2, 2015.

5.The Trustee's motion to retain Goldstein & Russell established a fee arrangement pursuant to which Goldstein & Russell agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY GOLDSTEIN & RUSSELL, P.C.

6.The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.Goldstein & Russell provided the Trustee with legal advice regarding filing a petition for certiorari with the United States Supreme Court and preparing the petition for same.

## III. COMPENSATION REQUESTED

8.The Application demonstrates that Goldstein & Russell has added value to the Debtor's estate and advanced the Debtor's SIPC liquidation proceeding.

9. Goldstein & Russell has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Goldstein & Russell has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the matter to one partner, Thomas C. Goldstein.

10. From February 2, 2015 through June 30, 2015, Goldstein & Russell provided a total of 165.6 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $148,720.00 and the total blended rate for professional services was $898.07/hour. After the 10% discount, the total amount of fees incurred is $133,848.00 and the total blended rate is $808.26/hour. Goldstein & Russell agreed to a further holdback of 20% of its fees until such time as its retainer to act as special counsel to the Trustee is terminated. Because that retainer has concluded, Goldstein & Russell respectfully submits that its fees for work performed during this period should not be subject to any holdback.

11. A breakdown of the total number of hours performed by each Goldstein & Russell timekeeper is provided on **Exhibit A** annexed hereto.

## IV. GENERAL MATTERS

12. All of the professional services for which compensation is requested herein were performed by Goldstein & Russell for and on behalf of the Trustee and not on behalf of any other person or entity.

13. No agreement or understanding exists between Goldstein & Russell and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Goldstein & Russell with compensation for the legal services described herein.

3

14. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Goldstein & Russell (*see* SIPA § 78fff-3(b)(2)).

16. The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17. Therefore, with respect to this Application, Goldstein & Russell requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Goldstein & Russell expects that SIPC's recommendation shall be filed with this Court separately.

4

**WHEREFORE**, Goldstein & Russell respectfully requests that this Court enter an Order:

a.  Granting this Application; and

b.  Allowing and awarding $133,848.00, and waiving the 20% holdback ordinarily imposed in light of the termination of Goldstein & Russell's retention for professional services rendered by Goldstein & Russell to the Trustee from February 2, 2015 through June 30, 2015; and

c.  Awarding Goldstein & Russell such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 22, 2015

Goldstein & Russell, P.C.

By: *s/Thomas C. Goldstein*
Thomas C. Goldstein
Goldstein & Russell, P.C.
7475 Wisconsin Ave, Suite 850
Bethesda, Maryland 20814
Telephone: (202) 362-0636
Fax: (866) 574-2033

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF THE GOLDSTEIN & RUSSELL, P.C. FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 2, 2015 THROUGH JUNE 30, 2015

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Thomas C. Goldstein | $1,100.00 | 82 | $90,200.00 |
| Tejinder Singh | $700.00 | 83.6 | $58,520.00 |
|  |  |  |  |
| Total: | $898.07 | 165.6 | $148,720.00 |
| **Total minus 10% Discount** | **$808.26** |  | **$133,848.00** |