Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15TH Street, N.W., Suite 800
Washington, DC  20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor | |

**RECOMMENDATION OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF SECOND AND FINAL APPLICATION OF**
**SPIZZ COHEN & SERCHUK, P.C. FOR COMPENSATION**

Spizz Cohen & Serchuk, P.C. ("Spizz" or "Counsel"), Special Counsel to Irving H.

Picard, Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceeding

of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), has filed its second and final Application ("Application") for allowance of compensation and reimbursement of expenses under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Application.

The grounds for this recommendation are as follows:

1. The Application involves the period from December 1, 2014 through April 10, 2015 ("Compensation Period"). As detailed in the Application, Spizz rendered services to the administration of the estate during this time which included legal advice to the Trustee regarding New York trusts and estates law. Spizz ceased operating as special counsel on April 10, 2015.

2. SIPC, by its staff, has carefully evaluated the Application for compensation. This has included analyzing the detailed report of time spent and services rendered as set forth in the application and the exhibit thereto. The detailed report of services reflects a total of 20.2 hours expended by Counsel in the performance of its duties. In reviewing the Application, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee (b)(5), the relevant sections of the Bankruptcy Code, and the Administration Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the application substantially complies with the applicable law and this District's Administrative Order.

Based upon an average discounted hourly rate of $535.50, Counsel asserts the discounted reasonable value of its services is $10,817.10. To reach this discounted amount, Counsel had agreed with SIPC to discount its normal billing rates by 10% which resulted in a voluntary reduction during the Compensation Period of $1,201.90. Counsel has ceased to act as special

counsel for the Trustee. Accordingly, Counsel seeks payment of the 20% holdback applied to its earlier fee applications in the amount of $781.83. Thus, Counsel seeks payment of current fees and holdback totaling $11,598.93.

3. Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA §5(b)(5)(C), 15 U.S.C. §78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC</u>. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

4. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA §5(b)(5)(E), 15 U.S.C. §78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

5. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Eighteenth Application of Trustee and Baker and Hostetler LLP at 77, ¶281.) Thus, any allowances for fees and expenses of Counsel will be paid

by SIPC without any recoupment by SIPC.  Furthermore, there is no difference between the amount requested by Counsel and the amount recommended by SIPC.  Consequently, SIPA provides that this Court shall award Counsel the amount recommended by SIPC.

6. SIPC supports the Application of Counsel for (i) fees in the amount of $10,817.10 for services during the Compensation Period and (ii) payment of the 20% holdback applied to Counsel's prior fee applications in the amount of $781.83, for a combined total of $11,598.93.

7. WHEREFORE, SIPC respectfully recommends that: (i) final compensation in the amount of $10,817.10 for services during the Compensation Period and (ii) payment of the holdback applied to Counsel's prior fee applications in the amount of $781.83, as sought by Counsel with no reimbursement of expenses, be allowed.

                                                  Respectfully submitted,

Of Counsel:  
KEVIN H. BELL  
Senior Associate General Counsel  
 For Dispute Resolution  
E-mail: kbell@sipc.org  

      /s/Josephine Wang_____  
JOSEPHINE WANG  
General Counsel  
SECURITIES INVESTOR  
 PROTECTION CORPORATION  
805 15TH Street, N.W.  
Suite 800  
Washington, D.C.  20005-2215  
Telephone: (202) 371-8300  
Facsimile:  (202) 371-6728  
E-mail: jwang@sipc.org  

Date:  July 23, 2015  
       Washington, D.C.