**SEEGER WEISS LLP**
Parvin K. Aminolroaya
77 Water Street, 26th Floor
New York, NY 10005
Tel: (212) 584-0700
Fax: (212) 584-0799
Email: paminolroaya@seegerweiss.com

*Attorneys for Elbert R. Brown Trust, Viola Brown Trust,*
*Do Stay Inc., Elbert Brown, in his capacities as creator*
*and Trustee of the Elbert R. Brown Trust, and individually*
*as beneficiary of the Elbert R. Brown Trust, and Viola Brown,*
*in her capacities as creator and Trustee of the Viola Brown*
*Trust, and individually as beneficiary of the Viola Brown Trust.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05398 (B) |
| Plaintiff, | |
| v. | |
| ELBERT R. BROWN TRUST; VIOLA BROWN TRUST; | |

DO STAY INC.;

ELBERT BROWN, in his capacities as CREATOR and TRUSTEE of the ELBERT R. BROWN TRUST, and INDIVIDUALLY as BENEFICIARY of the ELBERT R. BROWN TRUST; and

VIOLA BROWN, in her capacities as CREATOR and TRUSTEE of the VIOLA BROWN TRUST, and INDIVIDUALLY as BENEFICIARY of the VIOLA BROWN TRUST,

                    Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE TRUSTEE'S "OBLIGATIONS" AND SUBSEQUENT TRANSFEREE CLAIMS

## **TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ................................................................................... 1

II.  FACTS ........................................................................................................................... 3

    A.   Madoff's Fraud and Defendants' Loss ................................................................ 3

    B.   Procedural Posture .............................................................................................. 4

III. ARGUMENT ................................................................................................................. 7

    A.   Legal Standards .................................................................................................. 7

    B.   The Trustee Fails to State a Claim to Avoid Obligations ................................... 8

    **C.**  The Trustee's Subsequent Transfer Claims Should Be Dismissed ..................... 9

        1.   The Trustee's Subsequent Transfer Allegations Are Insufficiently Pled ........................................................................................................ 10

        2.   The Trustee Cannot Convert Subsequent Transferees Into Beneficiaries of an Initial Transfer ........................................................ 11

IV.  CONCLUSION ........................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alnwick v. European Micro Holdings, Inc.*,
  281 F. Supp. 2d 629 (E.D.N.Y. 2003) ..................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................7

*Balaber-Strauss v. Sixty-Five Brokers (In re Churchill Mortg. Inv. Corp.)*,
  256 B.R. 664 (Bankr. S.D.N.Y. 2000) .................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................7

*Fannie Mae v. Olympia Mortg. Corp.*,
  No. 04-4971, 2006 U.S. Dist. LEXIS 70175 (E.D.N.Y. Sept. 28, 2006) .................................8

*Picard v. Flinn Invs., Inc.*,
  463 B.R. 280 (S.D.N.Y. 2011) .............................................................................................4

*Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*,
  458 B.R. 87 (Bankr. S.D.N.Y. 2011) ...................................................................................7

*Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*,
  440 B.R. 243 (Bankr. S.D.N.Y. 2010) .................................................................................3

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
  531 B.R. 439 (Bankr. S.D.N.Y. 2015) ............................................................................ 9-11

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*
  773 F.3d 411 (2d Cir. 2014) .............................................................................................2, 7

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
  No. 12-0115 (S.D.N.Y.) ........................................................................................................5

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*,
  476 B.R. 715 (S.D.N.Y. 2012 ........................................................................................2, 5, 6

*SIPC v. Ida Fishman Revocable Trust*,
  No. 14-1128, 2015 U.S. LEXIS 4232 (June 22, 2015), .....................................................2, 6

**Statutes**

28 U.S.C. Section 158(d) ................................................................................................................4

Bankruptcy Code § 544(b). ............................................................................................................4

Bankruptcy Code § 548(a). ..................................................................................................... *passim*

Securities Investor Protection Act .......................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 9(b) .....................................................................................................................2, 7

Fed. R. Civ. P. 12(b) .......................................................................................................................1

Fed. R. Bankr. P. 7009 ...................................................................................................................7

Fed. R. Bankr. 7012 .......................................................................................................................1

**Other Authorities**

Collier on Bankruptcy § 548 (16th ed. 2012) .................................................................................8

## II.   PRELIMINARY STATEMENT

Defendants Elbert R. Brown Trust ("Elbert Brown Trust"), Viola Brown Trust, Do Stay, Inc. ("Do Stay"), Elbert Brown, in his capacities as creator and trustee of the Elbert R. Brown Trust, and individually as beneficiary of the Elbert R. Brown Trust, and Viola Brown, in her capacities as creator and trustee of the Viola Brown Trust, and individually as beneficiary of the Viola Brown Trust (collectively, "Defendants") submit this memorandum of law in support of their Motion to Dismiss the Trustee's "Obligations" and Subsequent Transferee Claims (set forth in the Trustee's Amended Complaint) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure).  This lawsuit is one of more than approximately 1,000 actions commenced in late 2010 by Irving H. Picard, as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA").  In this case, the Trustee seeks to avoid and recover certain amounts that Defendants, customers of BLMIS and innocent victims of the fraud, allegedly withdrew from their BLMIS account.  The Trustee also seeks to avoid certain unspecified "obligations" that BLMIS and/or Bernard L. Madoff ("Madoff") incurred to the Defendants.  In addition, the Trustee seeks to avoid certain unspecified subsequent transfers that were purportedly withdrawn from the Elbert Brown Trust, Viola Brown Trust, and Do Stay Accounts for the benefit of Defendants Elbert Brown and Viola Brown ("Subsequent Transferee Defendants").

The Trustee's Amended Complaint (the "Complaint")[1] asserts avoidance claims under various provisions of the Bankruptcy Code and New York's Debtor & Creditor Law.  However, as a result of proceedings in the District Court and the Second Circuit Court of Appeals, the

---

[1] A copy of the Complaint is attached hereto as Exhibit 1.  All citations herein to "¶ ___" refer to the Complaint.

Trustee's only remaining claims are those against Defendants under Bankruptcy Code Section 548(a)(1)(A) for avoidance and recovery of actual fraudulent transfers during the two-year "reach back" period, for the avoidance of the unspecified obligations owed to Defendants, subsequent transfer claims under Section 550(a)(2), and for disallowance of related account customer claims under 502(d). *SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("The Court concludes . . . that § 546(e) bars the Trustee from pursuing the claims here made under § 548(a)(1)(B) and § 544."); *SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 773 F.3d 411, 417 (2d Cir. 2014) ("[W]e conclude that § 546(e) shields these transfers from avoidance because they were 'made in connection with a securities contract,' and were also 'settlement payment[s].'"). In light of the rulings by the District Court and the Second Circuit, and the Supreme Court's recent denial of the Trustee's and SIPC's petitions for a writ of certiorari (*see SIPC v. Ida Fishman Revocable Trust*, No. 14-1128, 2015 U.S. LEXIS 4232 (June 22, 2015)), the Trustee and Defendants have entered into a stipulation (Dkt. No. 38) which provides for the voluntary dismissal of all claims against Defendants except for those claims (set forth in Counts Two, Eight and Nine of the Complaint) brought under Section 548(a)(1)(A), 550(a)(2) and 502(d) of the Bankruptcy Code.

    Defendants now move to dismiss the Trustee's claims for the avoidance of unspecified "obligations" and subsequent transferee claims. As discussed below, the Trustee's claims to avoid "obligations" BLMIS owed Defendants should be dismissed because, as this Court has already determined (in connection with motions to dismiss filed by other Madoff customer-defendants), those claims fail to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Similarly, the Trustee's subsequent transferee claims should be

2

dismissed consistent with the Court's prior holding that the claims are legally insufficient.

## III.   FACTS

### A.   Madoff's Fraud and Defendant's Loss

Defendants Elbert Brown Trust, Viola Brown Trust and Do Stay are former customers of BLMIS. ¶¶ 40-41. BLMIS was a securities broker-dealer registered with the Securities and Exchange Commission ("SEC") and regulated under the Securities Exchange Act, and it was a member of the Securities Investor Protection Corporation ("SIPC"). ¶ 25. BLMIS operated three lines of business -- an investment advisory operation, a market making operation, and a proprietary trading operation.[2] *Id.*

Defendants Elbert Brown Trust and Viola Brown Trust opened their BLMIS accounts prior to March 1981, *see* Exhibit B to Complaint. Defendant Do Stay opened the BLMIS account at issue in 1997. *See id.* Thereafter, Defendants received monthly BLMIS account statements and trade confirmations reflecting purported trades in listed securities. ¶ 28. Unaware that BLMIS was a fraud, Defendants Elbert R. Brown Trust, Viola Brown Trust, and Do Stay periodically withdrew money from their BLMIS accounts. *See* Exhibit B to Complaint.

In December 2008, Madoff's fraud was exposed, and it was revealed that the brokerage account statements and trade confirmations that BLMIS sent its customers were fraudulent. ¶ 14. Instead of investing customer deposits, BLMIS used this money to prop up its "legitimate"

---

[2] Although the Trustee alleges that BLMIS operated as a Ponzi scheme, ¶ 31, the Complaint alleges that only the investment advisory operation was a fraud. ¶¶ 25-39. Moreover, the Trustee previously confirmed that BLMIS's other business lines were "largely involved in legitimate trading with institutional counterparties." Decl. of Joseph Looby ¶ 28, *SIPC v. Bernard L. Madoff Inv. Sec. LLC*., Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. July 9, 2009) (ECF No. 451). In particular, the Trustee's forensic accountant acknowledged that "neither of these business units would have been viable without the fraudulent IA Business, the proceeds of which were used to sustain those business operations from at least 2007 forward." *Id*. ¶ 27. At this stage in the case, there has been no discovery regarding whether and to what extent BLMIS was operating as a Ponzi scheme or when the fraudulent activities.

business lines and to pay amounts owed to other customers. ¶ 31. The Trustee acknowledges that the Defendants were innocent victims of BLMIS's fraud. ¶¶ 25-39 (describing Madoff's "intentional misrepresentations" and efforts to conceal his fraud).[3]

BLMIS's fraud resulted in significant losses to Defendants. Nonetheless, the Trustee seeks to recover from Defendants $1,112,000 in alleged fraudulent transfers during the two-year reach back period.

### B.    Procedural Posture

On December 11, 2008, BLMIS was placed into liquidation pursuant to SIPA. ¶ 14. The Trustee was thereafter appointed to administer the liquidation of BLMIS under SIPA. ¶¶ 15-19, 22. Exercising the avoidance powers of a bankruptcy trustee conferred by SIPA (¶ 22), the Trustee commenced the action against Defendants in the Bankruptcy Court, among hundreds of similar actions against innocent transferee defendants, to recover certain alleged fictitious profits BLMIS paid, asserting claims for two-year constructive and actual fraudulent transfers under Section 548(a)(1)(A)-(B) of the Bankruptcy Code and six-year actual and constructive fraudulent conveyances under New York's Debtor & Creditor Law, made applicable to bankruptcy trustees by Section 544(b) of the Bankruptcy Code.

On July 25, 2011, Defendants filed a Motion for Mandatory Withdrawal of the Reference (ECF No. 10) pursuant to 28 U.S.C. Section 158(d), urging that certain arguments to be raised on a motion to dismiss implicated significant issues of federal non-bankruptcy law. On November 27, 2011, the District Court withdrew the reference on several issues. *See Picard v. Flinn Invs.,*

---

[3] *Balaber-Strauss v. Sixty-Five Brokers (In re Churchill Mortg. Inv. Corp.)*, 256 B.R. 664, 673 (Bankr. S.D.N.Y. 2000) ("It is important here to note what the Trustee does not allege. There is no allegation in the complaints and no claim by the Trustee that the Brokers had any knowledge of the Ponzi scheme."); *Compare Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 243, 256 (Bankr. S.D.N.Y. 2010) (noting that complaint was "replete" with allegations that transfers were received in bad faith with knowledge of the alleged fraud).

4

*Inc.*, 463 B.R. 280, 288 (S.D.N.Y. 2011) (Rakoff, J.). Thereafter, Defendants filed a Motion to Dismiss in the District Court, raising arguments within the scope of the reference withdrawal, including arguments that Section 546(e) barred certain of the Trustee's claims and that Section 548(c) was a defense to avoidance because BLMIS's account statements, which constituted enforceable securities entitlements under Article 8 of the Uniform Commercial Code, created an antecedent debt under federal and state law BLMIS's satisfaction of which could not be avoided.

On December 2, 2011, the Trustee amended his initial complaint to expand his claims to seek avoidance of obligations BLMIS owed Defendants, presumably to undercut Defendants' Section 548(c) defense premised on the argument that BLMIS's account statements were enforceable obligations forming an antecedent debt. ¶¶ 42-44. Consistent with the initial complaint, the Complaint seeks to recover all withdrawals from Defendants The Elbert R. Brown Trust's, Viola Brown Trust's and Do Stay's BLMIS accounts during the two-year reach back period, to the extent that (according to the Trustee) Defendants did not give "value" to BLMIS for those withdrawals. ¶¶ 44, 58-67. The Trustee continued to calculate the "value" given by Defendants Elbert Brown Trust, Viola Brown Trust and Do Stay as the difference between all deposits over the life of the account, less all withdrawals over the life of the account -- including withdrawals preceding the statutory reach back period. *See* Exhibit B to Complaint. The Trustee alleges that any amounts withdrawn in excess of total deposits are recoverable to the extent such withdrawals occurred during the two-year reach back period. *Id*.

The motion to dismiss proceeded before the District Court, which ultimately ruled that Section 546(e) limits the Trustee's claims to the avoidance of actual fraudulent transfers during the two-year reach back period under Section 548(a)(1)(A). *SIPC v. Bernard L. Madoff Inv. Sec. LLC (Picard v. Greiff)*, 476 B.R. 715, 722 (S.D.N.Y. 2012). Accordingly, the Trustee's

5

constructive fraudulent transfer claims under Section 548(a)(1)(B) and state law avoidance claims were dismissed. *Id.*; *see also* Final Judgment, No. 12-0115 (S.D.N.Y. entered May 16, 2012) (ECF No.109). However, the District Court rejected the argument that BLMIS's account statements created an antecedent debt the satisfaction of which could not be avoided under Section 548(c).[4] *Greiff*, 476 B.R. at 723-28. The District Court described that this ruling applied "*very narrowly*, reaching only this unusual kind of 'creditor' whose claims to profits depend upon enforcing fraudulent representations." *Id*. at 727 (emphasis added). The District Court left open whether Defendants could establish a Section 548(c) defense based on other theories. *Id*. at 727 n.10 ("The defendants might well establish, for example, that under a 'constant dollar' approach, Madoff Securities owed them a reasonable return of interest on their investment.").

The Trustee filed an appeal of the District Court's ruling concerning the impact of Section 546(e), and on December 8, 2014, the Second Circuit issued a decision affirming the District Court's ruling. *SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 773 F.3d at 417. The Trustee and SIPC subsequently filed petitions for writs of certiorari with the Supreme Court asking the Court to hear an appeal of the Second Circuit's ruling; the Supreme Court denied those petitions on June 22, 2015. *See SIPC v. Ida Fishman Revocable Trust*, No. 14-1128, 2015 U.S. LEXIS 4232 (June 22, 2015).

To reflect these rulings, the parties entered into a stipulation which provides for the dismissal, with prejudice, of all claims against Defendants except for the Trustee's claims asserted pursuant to Section 548(a)(1)(A), which seek the avoidance and recovery of transfers allegedly received by Defendants within the two-year lookback period, the avoidance of

---

[4] If this ruling is appealed and reversed, it will dispose of the Trustee's claims in their entirety.

6

unspecified "obligations" that Madoff allegedly owed to Defendants, and the avoidance of alleged subsequent transfers. *See* Dkt. No. 38. Defendants now seek dismissal of the Trustee's "obligations" and subsequent transferee claims for the reasons described herein.

## IV. ARGUMENT

### A. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

While a court must accept as true all of the factual allegations in the complaint, this "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 9(b) (made applicable through Fed. R. Bankr. P. 7009) applies to claims for actual fraudulent transfers. *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87, 106 (Bankr. S.D.N.Y. 2011). To satisfy the Rule 9(b) pleading standard, a bankruptcy trustee must plead facts sufficient "to provide detailed notice of fraud claims to defending parties." *Id.* "Such is not the case here where opacity, rather than particularity, best describes the allegations." *Id.*

7

### B.  The Trustee Fails to State a Claim to Avoid Obligations

The Trustee amended his initial complaint to add an allegation that "[t]o the extent that BLMIS or Madoff incurred obligations to the Defendants in connection with the Account Documents or any statements or representations made by BLMIS or Madoff, such obligations . . . are avoidable."  ¶ 42; *see also* ¶¶ 43-44.   However, the Trustee's "obligations" claims fail, because the Trustee's allegations are not sufficiently pled.[5]

On the most basic level, the Trustee's allegations are deficient because they fail to identify the purportedly avoidable fraudulent obligations.  Instead, the Complaint contains only vague and generalized allegations that "[t]o the extent BLMIS or Madoff incurred obligations" to Defendants, "such obligations . . . are avoidable . . . ."  ¶ 42; *see also* ¶¶ 43-44 (containing similarly vague references to obligations).  Although the Trustee sets forth the date and amount of each purportedly avoidable *transfer*, no such information is included regarding purportedly avoidable *obligations*.  *See* Exhibit B to Amended Complaint (listing the dates and amounts of all allegedly avoidable transfers).

"At a minimum, the complaint must be sufficiently specific to give the defendant full notice of the claims that are being asserted and to allow the defendant to prepare an adequate answer, with affirmative defenses and counterclaims."  Collier on Bankruptcy ("Collier") § 548.11[1][a][ii] (16th ed. 2012); *see also Fannie Mae v. Olympia Mortg. Corp.*, No. 04-4971, 2006 U.S. Dist. LEXIS 70175, at *33 (E.D.N.Y. Sept. 28, 2006) (dismissing claims because complaint "does not identify how many transfers plaintiff is challenging or the specific dates and

---

[5] Because the Complaint does not identify the "obligations" the Trustee seeks to avoid, Defendants are unable to ascertain all potential defenses to the Trustee's claims.  If the Trustee identifies the particular obligations he seeks to avoid, Defendants reserve the right to file an additional motion to dismiss those claims.

8

amounts of those transfers"); *Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 646 (E.D.N.Y. 2003) (same).

Defendants cannot ascertain from the Complaint what obligations the Trustee seeks to avoid or what defenses may apply. Accordingly, these claims must be dismissed as insufficiently pleaded.

Indeed, this Court has already addressed the sufficiency of the Trustee's "obligations" claims. On June 2, 2015, the Court issued a Memorandum Decision ruling on numerous motions to dismiss that had been filed by other innocent BLMIS customers who were being sued by the Trustee. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015) (the "Omnibus Decision"). In the Omnibus Decision, the Court addressed the arguments raised by various defendants who sought the dismissal of the Trustee's claims to avoid obligations. The Court ruled that because the Trustee's complaints "fail to identify any specific obligation to be avoided beyond a reference to those incurred 'in connection with' the Account Documents or statements or misrepresentations made by BLMIS or Madoff", the Trustee's obligations claims do not meet the pleading requirements of the Federal Rules of Civil Procedure and must be dismissed. *Id.* at 475-77.

The allegations concerning "obligations" in the Trustee's Complaint against Defendants are identical -- word-for-word -- to the allegations that the Court found to be inadequate in the Omnibus Decision. *Compare* Complaint at ¶¶ 42-44 (setting forth the Trustee's "obligations" allegations against Defendants) to Omnibus Decision at 475-76 (quoting the "obligations" allegations in the *RAR Complaint*). Accordingly, the Court should dismiss the Trustee's "obligations" claims against Defendants for the same reasons that the Court dismissed the Trustee's "obligations" claims in the Omnibus Decision.

9

### C. The Trustee's Subsequent Transfer Claims Should Be Dismissed

The Trustee's subsequent transfer claims must be dismissed because they are insufficiently pled and they conflate important distinctions between subsequent transferees and beneficiaries of an initial transfer.

#### 1. The Trustee's Subsequent Transfer Allegations Are Insufficiently Pled

This Court has already held in similar BLMIS avoidance actions that the Trustee's threadbare allegations of subsequent transferee liability are insufficient to state a claim. In the Omnibus Decision, the Court held that subsequent transfer claims were insufficient because they lacked the "'vital statistics'" *i.e.*, "'the who, *when*, and *how much*' of the purported transfers to establish an entity as a subsequent transferee of the funds" and the claim that "the subsequent transferee defendants have ownership interests in the initial transferees is insufficient to plead a subsequent transferee claim." Omnibus Decision, 473-74. (internal citations omitted; emphasis added).

The Trustee's subsequent transfer allegations here are just as deficient as those that were dismissed in the Omnibus Decision. There, the Trustee's amended complaint in *Picard v. RAR Entrepreneurial Fund*, *Ltd*., Adv. P. No. 10-04352, Doc. #26) ("RAR Am. Complaint),[6] merely alleged that "'on information and belief, some or all of the Transfers were subsequently transferred by [Defendants] to [the three individual defendants]" without alleging any sort of estimate of the purported subsequent transfer, or when or how such transfer occurred. Omnibus Decision at 473. Here, the Trustee's subsequent transfer claims are similarly speculative and lacking in factual detail. ¶ 4. The Amended Complaint does not identify any dates or amounts

---

[6] In addition to the RAR Am. Complaint, the Court conducted a random review of approximately 230 pleadings and concluded that the subsequent transfer allegations in those complaints suffered from the same deficiencies as the RAR Am. Complaint.

10

of any alleged subsequent transfers, let alone any details about how the transfers purportedly occurred. Moreover, aside from general identification of the Defendants, the Complaint does not link any specific Defendant to any specific alleged initial or subsequent transfer(s).[7]

### 2. The Trustee Cannot Convert Subsequent Transferees Into Beneficiaries of an Initial Transfer

In addition to the pleading deficiencies described above, the Complaint deliberately blurs Section 550(a)'s distinctions regarding subsequent transferees and beneficiaries of an initial transfer. Section 550(a)(1) permits the Trustee to assert avoidance claims against the initial transferee *and* an entity for whose benefit the initial transfer was made. 11 U.S.C. § 550(a)(1). This section provides a means for the Trustee to hold either of those targets liable for the entirety of the avoided initial transfer (but subject to the Section 548(c) defense, for example). Section 550(a)(2) provides for recovery from a subsequent transferee. *See* 11 U.S.C. § 550(a)(2). Unlike an initial transferee, a subsequent transferee may be liable *only for the particular amount of the subsequent transfer traced to it*, subject to its own variant of a "good faith" defense. *See* 11 U.S.C. § 550(a) (limiting recovery to the "property transferred"); 11 U.S.C. § 550(b)(2) (providing that the trustee cannot recover from a subsequent transferee who took in good faith).

The Trustee attempts to bypass the protections afforded subsequent transferees by pleading that they *may* be beneficiaries of the initial transfer:[8]

> To the extent funds transferred from BLMIS were for the benefit of the Subsequent Transferee Defendants, Subsequent Transferee Defendants are the

---

[7] The Amended Complaint's allegation that "[u]pon information and belief, transfers from [initial transferees] were regularly withdrawn to the joint bank account, or otherwise for the benefit, of [subsequent transferees]" similarly lacks "vital statistics," Omnibus Decision at 473, and is insufficient to state a subsequent transferee claim.

[8] "The quintessential example of the entity who benefits from the initial transfer is a guarantor of the debtor . . . . He or she is relieved of the obligation to pay the lender -- which is the benefit -- while the lender receives the money." *SIPC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 314 Bankr. S.D.N.Y. 1999).

11

>  initial transferees of such transfers and are included in the definition of Defendants for purposes of the allegations herein.

¶ 4.

These allegations fail because a *later recipient* of an initial transfer is a subsequent transferee, not an initial transferee or a beneficiary of the initial transfer. *See* Omnibus Decision at 474 (quoting *Bonded Fin. Servs. v. European Am. Bank*, 838 F.2d 890, 895 (7th Cir. 1988)) ("The structure of [11 U.S.C. § 550(a)(1) and § 550(a)(2)] separates initial transferees and beneficiaries, on the one hand, from 'immediate or mediate transferee[s],' on the other . . . the defendants are either transferees or persons for whose benefit the transfers were made; they can't be both."); *Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544, 548 (9th Cir. 1991) ("A subsequent transferee cannot be an entity for whose benefit the initial transfer was made, even if the subsequent transferee actually receives a benefit from the initial transfer.").

Moreover, the Trustee fails to allege any facts supporting this speculative assertion that the funds were, in fact, transferred for the benefit of the Subsequent Transferee Defendants, such as the basis for the beneficiary status or which transfers were purportedly received. Omnibus Decision at 474 (in BLMIS avoidance action with nearly identical allegations, dismissing claims that allege initial transfers and assert in "conclusory fashion" that the subsequent transferee defendants received subsequent transfers); *Gowan v. Novator Credit Mgmt. (In re Dreier LLP)*, 452 B.R. 467, 478 (Bankr. S.D.N.Y. 2011) (dismissing as "conclusory and speculative" claims that an alleged subsequent transferee was also a beneficiary). The implication of the Trustee's assertion is that any benefit, however indirect or incidental, is sufficient to transform an entity into a "beneficiary" within the meaning of Section 550(a)(1), and thereby hold it responsible for the entire amount of the initial transfer. To the contrary, "[t]he benefit must be direct, ascertainable and quantifiable and must correspond to, or be commensurate with, the value of the

12

property that was transferred." *Enron Creditors Recovery Corp. v. J.P. Morgan Sec. (In re Enron Creditors Recovery Corp.)*, 407 B.R. 17, 33 (Bankr. S.D.N.Y. 2009), *rev'd on other grounds*, 422 B.R. 423 (S.D.N.Y. 2009).

The Trustee's conclusory, bald assertions lack the needed detail to state a subsequent transferee claim and should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

Dated:   New York, New York
         July 24, 2015

s/ Parvin K. Aminolroaya
SEEGER WEISS LLP
Parvin K. Aminolroaya
paminolroaya@seegerweiss.com
Stephen A. Weiss
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

MILBERG LLP
Matthew A. Kupillas
Matthew Gluck
Joshua E. Keller
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Elbert R. Brown Trust, Viola Brown Trust, Do Stay Inc., Elbert Brown, in his capacities as creator and Trustee of the Elbert R. Brown Trust, and individually as beneficiary of the Elbert R. Brown Trust, and Viola Brown, in her capacities as creator and Trustee of the Viola Brown Trust, and individually as beneficiary of the Viola Brown Trust.*

13

**CERTIFICATE OF SERVICE**

I, Parvin K. Aminolroaya, hereby certify that on July 24, 2015, I caused a true and correct copy of the foregoing document to be filed electronically with the Bankruptcy Court and served upon counsel for parties to this action who receive electronic service through CM/ECF.

*s/ Parvin K. Aminolroaya*