# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Kathryn M. Zunno
direct dial: 212.589.4653
kzunno@bakerlaw.com

July 28, 2015

**VIA ECF AND HAND DELIVERY**

Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Picard v. Cohmad Securities Corp., et al.*, Adv. Pro. No. 09-01305 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, Esq., the Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC and estate of Bernard L. Madoff (together, "BLMIS"). We respectfully request a conference with the Court, pursuant to Local Rule 7007-1(b) and Your Chambers Rules, to address Defendants Alvin and Carole Delaires' (the "Delaires") failure to participate in discovery. Specifically, for more than one year, Delaires' counsel has frustrated the Trustee's good faith efforts to meet and confer regarding the Delaires' responses and objections to the Trustee's First Set of Requests for the Production of Documents (the "Requests"), and the Delaires' failure to produce any documents in response to the Requests or to identify which documents will be withheld based on their objections. Delaires' counsel has largely ignored the Trustee's requests to meet and confer.

      The Trustee served his Requests on December 22, 2011, and the Delaires served written responses and objections on August 15, 2012. At that time, the reference to the Bankruptcy Court was withdrawn on various threshold issues in the BLMIS liquidation, including those that affect this case. By letter dated April 28, 2014, the Trustee addressed each of the Delaires' objections to the Requests and asked to meet and confer. Delaires' counsel never provided a written response to the Trustee's April 28 letter and the Trustee spent the next seven months trying to schedule a meet and confer with him. Delaires' counsel repeatedly failed to respond to our emails and telephone calls or commit to dates for the meet and confer.

Judge Stuart M. Bernstein
July 28, 2015
Page 2

The parties finally met and conferred telephonically on November 25, 2014, and again on January 8, 2015. During the November 25 call, Delaires' counsel indicated that the Delaires have only a few boxes of hard copy documents that may be responsive to the Requests, which were being held at his office. Delaires' counsel also represented that he believed the Delaires' objections to the Requests were made only to preserve their rights, but requested time to re-review the hard copy documents to determine whether they would withhold any from production.

During the January 8 call, Delaires' counsel informed us that many of the Delaires' documents contain their personal financial information. Delaires' counsel again stated that he did not anticipate withholding any documents based on objections, but expressed concern over producing the Delaires' documents to other Defendants in this case. Delaires' counsel said he would review the Litigation Protective Order, which governs confidentiality designations in this case. We agreed to a follow-up call on January 22, 2015 at 11:00 a.m., but when we called Delaires' counsel, he was not available. Delaires' counsel did not respond to the Trustee's subsequent two emails and two telephone calls attempting to reschedule.

The Trustee made additional efforts to resolve this discovery dispute in letters to Delaires' counsel dated February 12, 2015 and March 16, 2015, emails to Delaires' counsel dated April 3, 2015, April 28, 2015, May 28, 2015, May 29, 2015, June 15, 2015, and July 8, 2015, and by telephone messages left for Delaires' counsel on April 20, 2015, April 22, 2015, and April 28, 2015. Of these *eleven* attempts to contact Delaires' counsel, the only responses the Trustee received were: (1) a letter from Delaires' counsel dated February 23, 2015, in which he claimed that the parties still needed to address the Delaires' objections to the Requests (despite the Trustee's efforts to meet and confer on the Requests and Delaires' counsel previously representing that the objections were made primarily for preservation purposes); and (2) an email from Delaires' counsel dated May 28, 2015, in which he asked the Trustee for proposed dates and times for a meet and confer (despite the Trustee already proposing numerous dates and times for such a meet and confer since the Trustee's April 28, 2014 letter). The Trustee nevertheless proposed dates and times to Delaires' counsel in his May 29, June 15, and July 8 emails, but Delaires' counsel did not respond.

The Delaires' failure to cooperate has frustrated the Trustee's efforts to resolve this dispute and necessitated the Trustee to seek the Court's intervention. The Trustee respectfully seeks this Court's assistance with regard to the Delaires' failure to: (i) meet and confer with the Trustee; (ii) produce documents that are responsive to the Trustee's Requests; and (iii) identify documents, if any, that the Delaires are withholding (along with the basis for doing so). Per your Honor's Chamber Rules, we request a conference to resolve these issues. There is a different Cohmad-related discovery matter currently scheduled for a hearing before your Honor on August 18, 2015. We are available for a conference on that date, or an alternate date that is convenient for your Honor. Lastly, enclosed as Exhibits A and B are the Trustee's Requests and the Delaires' responses, respectively.

Judge Stuart M. Bernstein
July 28, 2015
Page 3

Respectfully,

_____
Kathryn M. Zunno

Enclosures

cc:  Karin Scholz Jenson (via ECF and email)
     Esterina Giuliani (via ECF and email)
     All counsel of record (via ECF and email)
     Ms. Jane M. Delaire, *pro se* (via email)
     Mr. Edward H. Kohlschreiber, *pro se* (via First Class Mail)