# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Adv. Pro. No. 08-01789 (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Index No. 08-01789 (BRL) |
| Plaintiff, | |
| v. | |
| COHMAD SECURITIES CORPORATION, et al., | Adv. Pro. No. 09-01305 (BRL) |
| Defendants. | |

## ALVIN DELAIRE'S RESPONSES AND OBJECTIONS TO TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant Alvin Delaire ("Defendant"), by and through his counsel, hereby submits the following responses and objections to Trustee Irving H. Picard's First Set of Requests for the Production of Documents (the "Requests").

## GENERAL RESPONSES AND OBJECTIONS

Defendant objects generally to the Requests to the extent specified below. All of the responses to individual requests that follow are made subject to these General Objections.

1.      Defendant objects to the Requests to the extent that they purport to seek

information and/or the production of documents, or portions thereof, that are protected from

discovery by the attorney-client privilege, the attorney work-product doctrine, or any other

applicable privilege.  Inadvertent disclosure of such documents shall not constitute waiver of the

applicable privilege, and Defendant reserves any right to recall such document(s) produced

through inadvertence.

2.      Defendant objects to the Requests to the extent that they purport to seek

documents that are not relevant to the claims or the defenses in this action or reasonably

calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to the Requests to the extent that they are vague, ambiguous,

overbroad, unduly burdensome, oppressive, and harassing, or seek cumulative or duplicative

information.

4.      Defendant objects to the Requests, including but not limited to the Definitions and

Instructions, to the extent that they purport to seek documents not in Defendant's possession,

custody, or control, and Defendant disclaims any obligation to produce such documents.

5.      Defendant objects to the Requests to the extent they seek information that is

already in the possession of Trustee Irving H. Picard ("Plaintiff"), publicly available, or which is

otherwise readily accessible to Plaintiff.

6.      Defendant objects to the Requests to the extent that they seek disclosure of trade

secrets, proprietary business information, or other private, confidential information.  Defendant

also objects to the Requests to the extent they seek proprietary and otherwise confidential

information belonging to any third party, if such third party information is in Defendant's

possession, custody, or control and is subject to non-disclosure agreements.

7.     Defendant objects to the Requests to the extent they seek disclosure of information that is protected from disclosure by applicable law, and because production of this information could violate certain privacy rights.

8.     Defendant objects to the Requests, including, but not limited to Instruction No. 3, to the extent that they might seek to require Defendant to produce substantive metadata or search electronic archives; back-up tapes, discs or drives; deleted data; optical platter disks; or legacy data from obsolete systems for responsive documents.  These types of media are not reasonably accessible and would entail undue burden and expense to restore or otherwise search.

9.     Defendant objects to the Requests, including the Definitions, Instructions and Manner of Production contained therein, to the extent that they purport to impose requirements and obligations in excess of those required or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.

10.     All objections regarding electronically-stored information ("ESI") are subject to the obligation of the parties to meet and confer and develop protocols for the production of ESI, and Defendant objects to the Requests to the extent they require repetitive searches of electronic records or would require production of ESI prior to the development of a satisfactory protocol.

11.     Defendant objects to the Requests to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.

12.     Defendant objects to the Requests to the extent they purport to call for the production of documents or information not created by Defendant in the usual course of business and, in particular, to the extent the Requests purport to require Defendant to create documents or information including, but not limited to, compiling or condensing information from his records.

13.     Defendant objects to the Requests to the extent that they seek "all documents" related to or referring to certain time periods, events, transactions, or subjects because such requests are overly broad, subject Defendant to undue burden and expense, and seek to impose obligations on Defendant beyond what is required by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

14.     Defendant objects to the definition of the various entities on the ground that it is overly broad.  Defendant will construe various entities to mean only the named entity and its employees.

15.     Defendant objects to the definition of "Defendant," "You," and "Your" to the extent that it is defined to include Defendant's agents and representatives, whose identities may not be readily identifiable from a search of documentary records. Defendant will construe "Defendant," "You," and "Your" to include only Alvin Delaire.

16.     Defendant objects to Definition 19 on the ground that it is overly broad. Defendant will construe references to any person that is not a natural person and is not otherwise defined in the Requests to mean the specified person and employees of that person.

17.     Defendant objects to Instruction No. 2 to the extent that it would require Defendant to conduct searches of media not in his possession, custody, or control.

18.     Defendant objects to Instruction Nos. 4 and 8 on the ground that they seek the originals of all responsive documents.  Defendant will retain originals of all responsive documents and produce copies of each such original.

19.     Defendant objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court and seeks documents that are neither relevant to the

claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

20.     Defendant objects to Instruction No. 10 to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.  Defendant will produce a privilege log in accordance with such rules if responsive, privileged documents are withheld from production.

21.     Defendant objects to Instruction Nos. 11, 14 and 16 on the ground that they impose obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

22.     Defendant objects to the Manner of Production section of the Request on ground that it is premature and attempts to unilaterally impose obligations that are properly addressed through the meet-and-confer process.  The parties are obligated to meet and confer to develop protocols for the production of ESI, and Defendant objects to the Manner of Production section to the extent it purports to require that ESI be produced in a particular format before the parties have met, conferred, and developed a satisfactory production protocol.

23.     Defendant objects to the Requests being "continuing" to the extent it imposes obligations beyond those of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.

24.     Defendant objects to the relevant time period identified in the Requests on the grounds that it seeks documents that are neither relevant to the claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the relevant time period identified in the Requests as overly broad and unduly

burdensome. Defendant will meet and confer with Plaintiff in good faith in order to arrive at a mutually agreeable time period for Defendant's response to the Requests.

25.    Defendant reserves the right to supplement any production of documents and to amend or supplement his responses and objections to the Requests if necessary or appropriate.

26.    These Objections and Responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any request or response, and are given without prejudice to Defendant's rights to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any request or response.

27.    Defendant remains willing to discuss with Plaintiff any objection and to work cooperatively to resolve areas of disagreement.

28.    Neither the fact that an objection is interposed to a particular request nor the fact that no objection is interposed necessarily means that responsive information, documents, or statements exist in Defendant's possession, custody, and control.

**Request No. 1:**

All documents and/or communications concerning any securities and/or brokerage license(s) or registration(s) held by You, including without limitation, dates of licenses or registration and current status of licenses or registrations.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 2:**

All documents and/or communications concerning the organization, formation and structure of Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 3:**

All documents and/or communications concerning Your ownership of Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 4:**

All documents and/or communications concerning Your duties and responsibilities at Cohmad, including without limitation, Your duties and responsibilities as Registered Representative.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 5:**

All documents concerning the organization, formation, structure and business of Cohn, Delaire and Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 6:**

All documents concerning Your association, registration and/or employment within the financial industry.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim

or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 7:**

All documents and/or communications concerning Cohmad BLMIS Accounts opened, originated or referred by You.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 8:**

All documents and/or communications concerning Cohmad BLMIS Accounts for which You were listed as the registered representative.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 9:**

All tax returns prepared by or for Defendant.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that there is no compelling need to justify production of tax returns because any relevant information contained in such returns can be readily obtained through other sources.

**Request No. 10:**

All documents concerning Defendant's investment decisions or strategies.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant objects to this request on the ground that the term "investment strategies" as used in this request is vague and ambiguous.

**Request No. 11:**

All documents and/or communications concerning sales strategies of the Cohmad Representatives.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to this request on the ground that the term "sales strategies" as used in this request is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 12:**

All documents and/or communications concerning solicitation of clients or potential clients, rejected or otherwise.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the phrase "solicitation of clients or potential clients" as used in this request is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 13:**

All documents concerning Cohmad BLMIS Accountholder qualifications.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control. Defendant further objects to this request on the ground that the phrase "Cohmad BLMIS Accountholder qualifications" as used in this request, is vague and ambiguous.

**Request No. 14:**

All documents and/or communications concerning the promotion or marketing of Cohmad, BLMIS and/or Madoff.

**Response:**

Defendant objects to this request to the extent it includes promotion or marketing of Cohmad that was unrelated to BLMIS as such promotion or marketing is neither relevant to the claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as overly broad and unduly burdensome to the extent it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the phrase "promotion or marketing" as used in this request is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 15:**

All documents and/or communications concerning accounting firm or accountant referrals for Cohmad BLMIS Accountholders.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control. Defendant objects to this request on the ground that the phrase "accounting firm or accountant referrals for Cohmad BLMIS Accountholders" as used in this request is vague and ambiguous.

**Request No. 16:**

All documents and/or communications concerning any investment account maintained by or for the benefit of Defendant.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 17:**

All documents and/or communications concerning any customer account referred by Cohmad to BLMIS or maintained by Cohmad, including without limitation the Cohmad BLMIS Accounts.

**Response:**

Defendant objects to this request to the extent it seeks information concerning customer accounts "maintained by Cohmad" on the grounds that such information is unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks information from Cohmad customers on the grounds that such information is protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad customers.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 18:**

All documents and/or communications concerning statements and/or trade confirmations for the Cohmad BLMIS Accounts.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 19:**

All documents and/or communications concerning monies, commissions, remuneration and/or other benefits conferred upon You by Cohmad, BLMIS and/or Madoff.

**Response:**

Defendant objects to this request to the extent it seeks information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to the phrase "other benefits" as used in this request as vague and ambiguous.

**Request No. 20:**

All documents and/or communications concerning monies, commissions, remuneration and/or other benefits conferred upon Cohmad's Representatives.

**Response:**

Defendant objects to this request to the extent it seeks information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to the phrases "other benefits" and "conferred upon the Cohmad Representatives" as used in this request as vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 21:**

All documents concerning Defendant's bank accounts or brokerage accounts in which any funds or other consideration was received and/or transferred from and/or provided by BLMIS or Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 22:**

All documents and/or communications concerning Your selection of BLMIS investments.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 23:**

All documents and/or communications concerning selection of BLMIS as an asset manager.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts

**Request No. 24:**

All documents and/or communications concerning any account ever held by Defendant with BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly

broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 25:**

All documents and/or communications concerning any account ever held by Defendant with Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 26:**

All documents and/or communications concerning the performance of BLMIS, including without limitation, any bookkeeping of BLMIS's trades, assets and/or returns.

**Response:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 27:**

All documents and/or communications concerning any inquiry, request for documents, subpoena, investigation, arbitration or litigation concerning Defendant, Cohmad or BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim

or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent that it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody or control.

**Request No. 28:**

All documents concerning any communication and/or agreements between Defendant and any other person concerning Cohmad and/or BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 29:**

All documents concerning communications between Defendant and BLMIS concerning any account held or maintained by BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 30:**

All documents and/or communications concerning any social or personal relationship between Defendant and BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the phrase "any social or personal relationship between Defendant and BLMIS" is vague and ambiguous because it is not possible to have a social or personal relationship with an entity.

**Request No. 31:**

All documents and/or communications concerning any social or personal relationship between Defendant and Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 32:**

All documents and/or communications concerning meetings between Defendant and BLMIS, including, but not limited to, meetings during which other persons were also present.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

**Request No. 33:**

All documents and/or communications relating to Your employment or engagement with Cohmad and/or BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 34:**

All documents and/or communications relating to any training and sale strategies during Your employment or engagement with Cohmad and/or BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that it seeks proprietary business information. Defendant further objects to this request on the ground that the term "training and sale strategies" as used in this request, is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 35:**

All documents and/or communications concerning complaints or questions from investors received by Defendant or Cohmad regarding BLMIS or Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 36:**

All documents and/or communications concerning any instructions given to clients or prospective clients not to contact BLMIS or Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control. Defendant further objects to this request on the grounds that it seeks information protected from disclosure by applicable law and because production of the requested information could violate the privacy rights of Cohmad's customers.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 37:**

All documents and/or communications concerning any efforts by You, Cohmad Representatives and/or Cohmad to analyze the purported trading activity and/or other operations conducted by BLMIS and/or Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 38:**

All documents and/or communications concerning the investment strategies of BLMIS and/or Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to this request on the ground that the term "investment strategies" as used in this request is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 39:**

All documents and/or communications concerning the "Cohmad Cash Database," as defined in the Complaint at Paragraph 69, including, without limitation account payment schedules, statements and/or reports.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control. Defendant further objects to the term "Cohmad Cash Database" as used in this request as vague and ambiguous.

**Request No. 40:**

All documents and/or communications between Defendant and/or the Cohmad Representatives on the one hand and Cohmad BLMIS Accountholders on the other.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 41:**

All documents and/or communications between Defendant and/or the Cohmad Representatives on the one hand and prospective investors in either Cohmad or BLMIS on the other.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to the term "prospective investors" as used in this request as vague and ambiguous.

**Request No. 42:**

All documents and/or communications concerning BLMIS's financial condition, solvency or ability to timely pay its debts.

**Response:**

Defendant objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 43:**

All documents and/or communications concerning any corporate or financial inconsistencies, discrepancies or irregularities concerning BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of information far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to the phrase "inconsistencies, discrepancies or irregularities concerning BLMIS" as used in this request as vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 44:**

All documents and/or communications concerning investigations and/or examinations of BLMIS, including, without limitation, any due diligence, advisory opinions, research, advice or warnings concerning BLMIS or its investments.

**Response:**

Defendant objects to this request to the extent that it requests information unrelated to any claim or defense in this action, and it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney workproduct doctrine. Defendant further objects to this request as vague and ambiguous because it does not specify whether it seeks information concerning investigations and/or examinations by Defendant or by some other person or entity.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 45:**

All documents and/or communications between Defendant and Cohmad's accountants and/or auditors regarding BLMIS and/or Madoff.

**Response:**

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 46:**

All documents and/or communications concerning the disclosure or non-disclosure of BLMIS and/or Madoff in promotion or marketing materials.

**Response:**

Defendant objects to this request to the extent it includes promotion or marketing of Cohmad that was unrelated to BLMIS as such promotion or marketing is neither relevant to the claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as overly broad and unduly burdensome to the extent it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to the phrases "promotion or marketing" and "concerning the disclosure or nondisclosure of BLMIS and/or Madoff" as used in this request as vague and ambiguous. Defendant further objects to this request as duplicative.

**Request No. 47:**

All documents and/or communications concerning any refusal by BLMIS or Madoff to personally meet with clients or prospective investors.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the term "prospective investors" as used in this request is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 48:**

All documents and/or communications concerning industry or market rate of returns on investments during the relevant time period.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 49:**

All documents and/or communications concerning Defendant's receipt and review of BLMIS-related account statements and/or trade confirmations.

**Response:**

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 50:**

All documents and/or communications concerning the clearance of trades by Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the phrase "clearance of trades" as used in this request is vague and ambiguous.

**Request No. 51:**

All documents and/or communications concerning the clearance of trades by or on behalf of BLMIS.

**Response:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the phrase "clearance of trades" as used in this request is vague and ambiguous.

**Request No. 52:**

All documents and/or communications concerning BLMIS's performance that was provided to Cohmad BLMIS Account Holders.

**Response:**

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 53:**

To the extent not previously requested, all documents and/or communications concerning each Transfer, including without limitation the date of the Transfer, the amount of the Transfer, the account name and account number for the account the funds were transferred from, the account name and account number the funds were transferred to, the method of transfer (wire, check, etc.) and the reason for the Transfer.

**Response:**

Defendant objects to this request to the extent it seeks documents already in Plaintiff's possession, custody or control. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 54:**

All documents and/or communications concerning each Subsequent Transfer, including without limitation the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account the funds were transferred from, the account name and account number for the account the funds were transferred to, the method of transfer (wire, check, etc.) and reason for the Subsequent Transfer.

**Response:**

Defendant objects to this request to the extent it seeks documents already in Plaintiff's possession, custody or control. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 55:**

To the extent not previously requested, all documents and/or communications that

support or otherwise are relevant to any of the defenses raised by Defendant in this action, including, without limitation, defenses One through Twenty-Four in Defendant's Answer to the Complaint.

**Response:**

Defendant objects to this request to the extent that it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request because it is premature and purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in his possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 56:**

To the extent not previously requested, all documents and/or communications concerning BLMIS.

**Response:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.  Defendant further objects to this request as duplicative.

**Request No. 57:**

To the extent not previously requested, all documents and/or communications concerning Cohmad.

**Response:**

Defendant object to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.  Defendant further objects to this request as duplicative.

**Request No. 58:**

To the extent not previously requested, all documents and/or communications between Defendant and BLMIS.

**Response:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request as duplicative.

**Request No. 59:**

To the extent not previously requested, all documents and/or communications between Defendant and Cohmad.

**Response:**

Defendant objects to this request on the grounds that it seeks information neither relevant to the claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant further objects to this request as duplicative.

TESSER & COHEN

By:   */s/ Mark A. Blount*
       Mark A. Blount
       John J. Lavin
       184 Main Street
       Chester, New Jersey 07930
       (908) 879-8225
       *mblount@tessercohen.com*
       *jlavin@tessercohen.com*

*Attorneys for Defendant*
*Alvin Delaire*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | )    Adv. Pro. No. 08-01789 (BRL) |
| | ) |
| BERNARD L. MADOFF INVESTMENT | ) |
| SECURITIES LLC, | ) |
| | )    SIPA LIQUIDATION |
| Debtor. | ) |
| | ) |
| | ) |
| IRVING H. PICARD, Trustee for the | )    Index No. 08-01789 (BRL) |
| Liquidation of Bernard L. Madoff Investment | ) |
| Securities LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Adv. Pro. No. 09-01305 (BRL) |
| COHMAD SECURITIES CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CAROLE DELAIRE'S RESPONSES AND OBJECTIONS TO TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant Carole Delaire ("Defendant"), by and through her counsel, hereby submits the following responses and objections to Trustee Irving H. Picard's First Set of Requests for the Production of Documents (the "Requests").

## GENERAL RESPONSES AND OBJECTIONS

Defendant objects generally to the Requests to the extent specified below. All of the responses to individual requests that follow are made subject to these General Objections.

1.       Defendant objects to the Requests to the extent  that they purport to seek

information and/or the production of documents, or portions thereof, that are protected from

discovery by the attorney-client privilege, the attorney work-product doctrine, or any other

applicable privilege.  Inadvertent disclosure of such documents shall not constitute waiver of the

applicable privilege, and Defendant reserves any right to recall such document(s) produced

through inadvertence.

2.       Defendant objects to the Requests to the extent that they purport to seek

documents that are not relevant to the claims or the defenses in this action or reasonably

calculated to lead to the discovery of admissible evidence.

3.       Defendant objects to the Requests to the extent that they are vague, ambiguous,

overbroad, unduly burdensome, oppressive, and harassing, or seek cumulative or duplicative

information.

4.       Defendant objects to the Requests, including but not limited to the Definitions and

Instructions, to the extent that they purport to seek documents not in Defendant's possession,

custody, or control, and Defendant disclaims any obligation to produce such documents.

5.       Defendant objects to the Requests to the extent they seek information that is

already in the possession of Trustee Irving H. Picard ("Plaintiff"), publicly available, or which is

otherwise readily accessible to Plaintiff.

6.       Defendant objects to the Requests to the extent that they seek disclosure of trade

secrets, proprietary business information, or other private, confidential information.  Defendant

also objects to the Requests to the extent they seek proprietary and otherwise confidential

information belonging to any third party, if such third party information is in Defendant's

possession, custody, or control and is subject to non-disclosure agreements.

7.      Defendant objects to the Requests to the extent they seek disclosure of information that is protected from disclosure by applicable law, and because production of this information could violate certain privacy rights.

8.      Defendant objects to the Requests, including, but not limited to Instruction No. 3, to the extent that they might seek to require Defendant to produce substantive metadata or search electronic archives; back-up tapes, discs or drives; deleted data; optical platter disks; or legacy data from obsolete systems for responsive documents.  These types of media are not reasonably accessible and would entail undue burden and expense to restore or otherwise search.

9.      Defendant objects to the Requests, including the Definitions, Instructions and Manner of Production contained therein, to the extent that they purport to impose requirements and obligations in excess of those required or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.

10.     All objections regarding electronically-stored information ("ESI") are subject to the obligation of the parties to meet and confer and develop protocols for the production of ESI, and Defendant objects to the Requests to the extent they require repetitive searches of electronic records or would require production of ESI prior to the development of a satisfactory protocol.

11.     Defendant objects to the Requests to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.

12.     Defendant objects to the Requests to the extent they purport to call for the production of documents or information not created by Defendant in the usual course of business and, in particular, to the extent the Requests purport to require Defendant to create documents or information including, but not limited to, compiling or condensing information from her records.

13.    Defendant objects to the Requests to the extent that they seek "all documents" related to or referring to certain time periods, events, transactions, or subjects because such requests are overly broad, subject Defendant to undue burden and expense, and seek to impose obligations on Defendant beyond what is required by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

14.    Defendant objects to the definition of the various entities on the ground that it is overly broad.  Defendant will construe various entities to mean only the named entity and its employees.

15.    Defendant objects to the definition of "Defendant," "You," and "Your" to the extent that it is defined to include Defendant's agents and representatives, whose identities may not be readily identifiable from a search of documentary records. Defendant will construe "Defendant," "You," and "Your" to include only Carole Delaire.

16.    Defendant objects to Definition 19 on the ground that it is overly broad. Defendant will construe references to any person that is not a natural person and is not otherwise defined in the Requests to mean the specified person and employees of that person.

17.    Defendant objects to Instruction No. 2 to the extent that it would require Defendant to conduct searches of media not in her possession, custody, or control.

18.    Defendant objects to Instruction Nos. 4 and 8 on the ground that they seek the originals of all responsive documents.  Defendant will retain originals of all responsive documents and produce copies of each such original.

19.    Defendant objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court and seeks documents that are neither relevant to the

claims or the defenses in this action nor reasonably calculated to lead to the discovery of

admissible evidence.

20.    Defendant objects to Instruction No. 10 to the extent that it imposes obligations

beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy

Procedure, and the Local Rules of this Court.  Defendant will produce a privilege log in

accordance with such rules if responsive, privileged documents are withheld from production.

21.    Defendant objects to Instruction Nos. 11, 14 and 16 on the ground that they

impose obligations beyond those required by the Federal Rules of Civil Procedure, the Federal

Rules of Bankruptcy Procedure, and the Local Rules of this Court.

22.    Defendant objects to the Manner of Production section of the Request on ground

that it is premature and attempts to unilaterally impose obligations that are properly addressed

through the meet-and-confer process.  The parties are obligated to meet and confer to develop

protocols for the production of ESI, and Defendant objects to the Manner of Production section

to the extent it purports to require that ESI be produced in a particular format before the parties

have met, conferred, and developed a satisfactory production protocol.

23.    Defendant objects to the Requests being "continuing" to the extent it imposes

obligations beyond those of the Federal Rules of Civil Procedure, the Federal Rules of

Bankruptcy Procedure, or the Local Rules of this Court.

24.    Defendant objects to the relevant time period identified in the Requests on the

grounds that it seeks documents that are neither relevant to the claims or the defenses in this

action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant

further objects to the relevant time period identified in the Requests as overly broad and unduly

burdensome.  Defendant will meet and confer with Plaintiff in good faith in order to arrive at a

mutually agreeable time period for Defendant's response to the Requests.

25.    Defendant reserves the right to supplement any production of documents and to

amend or supplement her responses and objections to the Requests if necessary or appropriate.

26.    These Objections and Responses are given without conceding the relevancy,

materiality, or admissibility of the subject matter of any request or response, and are given

without prejudice to Defendant's rights to object to further discovery or to the admission of any

evidence or proof concerning the subject matter of any request or response.

27.    Defendant remains willing to discuss with Plaintiff any objection and to work

cooperatively to resolve areas of disagreement.

28.    Neither the fact that an objection is interposed to a particular request nor the fact

that no objection is interposed necessarily means that responsive information, documents, or

statements exist in Defendant's possession, custody, and control.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

All documents and/or communications concerning the Accounts, including without limitation, account statements, trade confirmations or other summaries or reports of the financial performance, status, value, balance or amount of the Accounts.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 2:**

All documents and/or communications concerning any investment account maintained by or for the benefit of Defendant.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 3:**

All documents and/or communications concerning any bank accounts held by or for the benefit of Defendant.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is overly broad and

unduly burdensome because it seeks discovery of matters far broader in scope than the claims and defenses in this action.

**Request No. 4:**

All financial statements prepared by or for the benefit of Defendant, including without limitation, all drafts, supporting schedules, work papers, journal entries, account ledgers and trial balances.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the terms "work papers" and "trial balances" as used in this request, are vague ambiguous.

**Request No. 5:**

All tax returns prepared by or for Defendant.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that there is no compelling need to justify production of tax returns because any relevant information contained in such returns can be readily obtained through other sources.

**Request No. 6:**

All documents and/or communications concerning the promotion or marketing of Cohmad and/or BLMIS.

**Response:**

Defendant objects to this request to the extent it includes promotion or marketing of Cohman that was unrelated to BLMIS as such promotion or marketing is neither relevant to the claims or the defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as overly broad and unduly burdensome to the extent it seeks discovery of matters far broader in scope than the claims or

defenses in this action. Defendant further objects to this request on the ground that the phrase "promotion or marketing" as used in this request is vague and ambiguous.

**Request No. 7:**

All documents and/or communications concerning Cohmad's and/or BLMIS's offering statements.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request on the ground that the term "offering statements" as used in this request, is vague ambiguous.

**Request No. 8:**

All documents and/or communications concerning any Transfers between Defendant and any person.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant objects to this request on the ground that the phrase "Transfers between Defendant and any person" as used in this request is vague and ambiguous.

**Request No. 9:**

All documents and/or communications concerning any Transfers between Defendant and BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 10:**

All documents and/or communications concerning any Transfers between Defendant and Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant objects to this request on the ground that the phrase "Transfers between Defendant and Cohmad" as used in this request is vague and ambiguous.

**Request No. 11:**

All documents and/or communications concerning Cohmad's and/or BLMIS's compliance with statutory or regulatory obligations.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control. Defendant further objects to this request on the ground that the phrase "compliance with statutory and regulatory obligations" as used in this request is vague and ambiguous.

**Request No. 12:**

All documents and/or communications concerning management fees, administrative fees, performance fees, remuneration and/or benefits paid to any person as a result monies invested in the Accounts.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of

admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 13:**

All documents and/or communications concerning the performance of BLMIS and/or Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 14:**

All documents and/or communications concerning any efforts by You and/or Cohmad to analyze, investigate, evaluate or examine the purported trading activity and/or other operations conducted by BLMIS and/or Madoff.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 15:**

All documents and/or communications concerning the investment strategies of Defendant.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant objects to this request on the ground that the term "investment strategies" as used in this request is vague and ambiguous.

**Request No. 16:**

All documents and/or communications concerning the investment strategies of BLMIS and/or Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action. Defendant further objects to this request to the extent it seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to this request on the ground that the term "investment strategies" as used in this request is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 17:**

All documents and/or communications between Defendant and her representative and/or agent.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 18:**

All documents and/or communications between the Defendant and BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

**Request No. 19:**

All documents and/or communications between the Defendant and Cohmad.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims in this action.

**Request No. 20:**

All documents and/or communications from any accountants, auditors, accounting firms or auditing firms concerning Defendant, Cohmad and/or BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 21:**

To the extent not previously requested, all documents and/or communications concerning each Transfer, including without limitation the date of the Transfer, the amount of the Transfer, the account name and account number for the account the funds were transferred to, the method of transfer (wire, check, etc.) and the reason for the Transfer.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 22:**

All documents and/or communications concerning each Subsequent Transfer, including without limitation the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account the funds were transferred from, the account name and account number for the account the funds were transferred to, the method of transfer (wire, check, etc.) and reason for the Subsequent Transfer.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to any claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad or unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody, or control.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 23:**

All documents and/or communications concerning any inquiry, request for documents, subpoena, investigation, arbitration or litigation concerning Defendant, Cohmad and/or BLMIS.

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request to the extent that it seeks

information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request to the extent it seeks documents that are publicly available or already in Plaintiff's possession, custody or control.

**Request No. 24:**

To the extent not previously requested, all documents and/or communications that support or otherwise are relevant to any and all defenses raised by You in this action, including without limitation those identified as Affirmative Defenses One through Twenty-Four in Your Answer to the Complaint.

**Response:**

Defendant objects to this request to the extent that it seeks information or the production of documents that are protected from discovery by attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request because it is premature and purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 25:**

To the extent not previously requested, all documents that were or should be identified pursuant to Rule 26(a) by or in Defendant's Initial Disclosures.

**Response:**

Subject to and without waiver of the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this request in her possession, custody, or control, if any, that can be located with reasonable efforts.

**Request No. 26:**

To the extent not previously requested, all documents and/or communications concerning BLMIS.

**Response:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request as duplicative.

15

**Request No. 27:**

To the extent not previously requested, all documents and/or communications concerning Cohmad:

**Response:**

Defendant objects to this request on the grounds that it requests information unrelated to Defendant's relationship with BLMIS, any transfer from BLMIS to Defendant or any other claim or defense in this action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks discovery of matters far broader in scope than the claims or defenses in this action. Defendant further objects to this request as duplicative.

TESSER & COHEN

By: _*/s/ Mark A. Blount*_
      Mark A. Blount
      John J. Lavin
      184 Main Street
      Chester, New Jersey 07930
      (908) 879-8225
      *mblount@tessercohen.com*
      *jlavin@tessercohen.com*

*Attorneys for Defendant*
*Carole Delaire*