# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br><br>Debtor. | No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION |
| IRVING H. PICARD, Trustee for the Liquidation<br>of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>J. EZRA MERKIN, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-1182 (BRL) |

## TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO THE FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS J. EZRA MERKIN AND GABRIEL CAPITAL CORPORATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure and all applicable Local Civil Rules, Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and Bernard L. Madoff ("Madoff"), by and through his counsel, Baker & Hostetler LLP, hereby responds to The Defendant J. Ezra Merkin's First Request for the Production of Documents and Things (the "Requests") served on January 14, 2011, by The Defendant J. Ezra Merkin and Gabriel Capital Corporation ("Merkin" or "Gabriel" or "Defendant") as follows:

## GENERAL OBJECTIONS

The Trustee sets forth the following General Objections which are hereby fully incorporated into each and every numbered response:

1.      The Trustee submits these responses subject to all applicable laws and the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this District and this Court.  The Trustee will respond to these Requests consistent with these rules.

2.      The Trustee objects to the Requests to the extent that production of the documents sought would violate the Protective Order entered on February 16, 2010, in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No. 08-01789 (BRL) (the "Protective Order"), or any amendments to or subsequent orders that may be entered in this case, and/or any other applicable federal or state law.

3.      The Trustee objects to the Requests to the extent they call for documents already within the Defendant's possession.  Specifically, the Trustee objects to producing documents that were previously produced by the Defendant to the SEC or the New York Attorney General, including, without limitation, documents bates numbered GCC-SEC 0000001- 260255 and GCC-NYAG 0000960-276295.

4.      The Trustee objects to Requests seeking documents concerning communications between the Trustee and the Securities Investor Protection Corporation ("SPIC"), and/or any regulator or governmental agency, including, without limitation, the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), the Federal Bureau of Investigations ("FBI"), the United States Attorney's Office ("USAO") for the Southern District of New York, or any grand jury, on the grounds that such communications are deemed confidential and are protected by the attorney-client privilege, the common interest

2

privilege, the investigatory privilege, and/or the bankruptcy crimes investigation privilege. In addition, the Trustee objects to the production of any such communications on the grounds that they are protected under the work product doctrine.

5.      Specifically, the Trustee objects to any Request that seeks documents that are protected by the investigatory privilege, as that privilege was articulated in *In re Adler, Coleman Clearing Corp., Fiero Bros, Inc. v. Mishkin*, 1999 WL 1747410 (S.D.N.Y. 1999). The investigatory privilege is "a qualified common law privilege protecting civil, as well as criminal law-enforcement investigatory files from civil discovery." *In re Adler* at 3. The Trustee is a SIPA Trustee with quasi-governmental law enforcement duties and obligations to locate and recover the assets of BLMIS and distribute those assets to injured investors. The Trustee and his retained professionals have created millions of documents during the course of this investigation analyzing and assessing potential claims that the Trustee may bring to recover assets. These files are shielded from discovery in civil litigation by the investigatory privilege.

6.      Furthermore, the Trustee objects to any Request that seeks documents that are protected by the bankruptcy crimes investigation privilege, as that privilege was articulated in *In re Stockbridge Funding Corp.*, 153 B.R. 654 (S.D.N.Y. 1993). The bankruptcy crimes investigation privilege extends the law enforcement privilege to bankruptcy trustees, protecting investigatory materials that relate to crimes or potential crimes committed by insolvent debtors, in this instance BLMIS. The Trustee's investigation and liquidation of BLMIS has required an intensive review of the mechanism by which Bernard Madoff perpetuated a $65 billion Ponzi scheme. The materials covered by the bankruptcy crimes privilege extend beyond the communications to the federal enforcement agencies regarding the criminal conduct to include witnesses, evidence and information gathered in the investigation.

3

7.    The Trustee objects to any Request that seeks the production of documents that include any information that is of a private and sensitive nature, the disclosure of which would violate the rights of privacy, secrecy and/or confidentiality that belongs to others, and/or that would otherwise violate any existing confidentiality agreements.

8.    The Trustee objects to producing documents that are being held under the control of the FBI at the Lipstick Building and/or in a Queens, New York warehouse facility, on the ground that they are not readily accessible to the Trustee. The Trustee also objects to producing any other documents that are not reasonably accessible to the Trustee.

9.    The Trustee objects to the implication, in certain Requests, that BLMIS or Madoff made any actual trades or investments on behalf of the Defendant. Based on the Trustee's investigation, they did not. All Requests that seek information about "trades," "investments," or the like, will be interpreted to mean "purported trades" or "purported investments."

10.    The Trustee objects to many of these Requests, as set forth in more detail below, on the ground that the burden or expense of producing the information called for outweighs the likely benefit, considering the needs of the case and the importance of the Request in resolving the issues. In considering the elevated burdens that a Trustee faces in producing information, the Eastern District has noted that "[t]he purpose of discovery is to uncover facts, not to pose insuperable barriers to the assertion of a cause of action by a trustee in bankruptcy who is necessarily handicapped by lack of first hand knowledge." *Lipshie v. Cablevision of Brookline*, 102 B.R. 304, 311 (E.D.N.Y. 1989) (denying motion to compel for better answers to Interrogatories from a trustee because he answered to the best of his ability). The Trustee also responds that he is still in the process of marshalling information concerning BLMIS. That

4

information is contained in a variety of sources, and the Trustee has been largely without
guidance from BLMIS employees and Madoff.

11.    The Trustee is in possession of a massive document collection of BLMIS data,
hosted in multiple databases and currently consisting of more than 27,900,000 documents (3.5
terabytes of data), exclusive of third-party documents.  In addition to the electronic data, the
databases include millions of pages of scanned documents; the searchable text of this data set
may suffer from the issues inherent in any collection of documents that have been through the
optical character recognition process.  The Trustee further responds that given the complex
nature and massive data universe he is dealing with in this case, guaranteeing that all potentially
relevant documents have been located is virtually impossible.  Accordingly, any response
indicating that documents will be produced is subject to an agreement among the parties as to the
appropriate search mechanisms, including appropriate terms and parameters, and methods that
will be utilized in gathering responsive documents.  In addition, to the extent an agreement for a
reasonable production is reached by the Trustee and Defendant, the Trustee will likely seek to
employ sampling techniques and seek cost shifting as appropriate.  Any production will be on a
rolling basis.

12.    The Trustee objects to these Requests to the extent they seek information that
could be obtained by a more appropriate mode of discovery, is redundant or duplicative of
information already obtained, is premature, is unnecessarily cumulative, and/or is more easily
obtained from some other source that is more convenient, less burdensome, or less expensive,
such as other Defendants.  The Trustee further objects to any Request that seeks information
already in Defendant's possession, is otherwise publicly available or is primarily or exclusively
within Defendant's possession, custody, or control.

5

13.    The Trustee objects to any Request that improperly seeks documents concerning a legal or expert conclusion rather than a factual allegation and to the extent the Request is premature.

14.    In addition, the Trustee objects to any Requests that require him to provide responses or documents regarding the relationship and/or knowledge of documents, matters, persons and/or entities over whom the Trustee has no control, and with whom the Trustee does not have a relationship.  The Trustee is not a party with personal knowledge.  Furthermore, to the extent any Request calls for documents produced by a third party under confidentiality restrictions and/or in the context of the Trustee's investigations under Rule 2004, the Trustee will not produce any such document unless the confidentiality restrictions have been lifted by the producing party or the Court, and the document(s) is one that the Trustee has relied on or will rely upon in connection with this case.  In that case, production will be made after confidentiality concerns are addressed and in a rolling basis up until time of trial as reliance is determined Furthermore, Defendant is on notice that the Trustee cannot and will not authenticate any documents received by any third-party.  Rather Defendant should seek its own third party discovery..

15.    The Trustee further objects to any Request seeking information that is irrelevant, immaterial and/or unnecessary in the prosecution or defense of the action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

16.    The Trustee responds to the Requests subject to, and without waiving, the right to change, modify, supplement or clarify the objections and responses contained herein at any time before trial.  These responses are made without prejudice to the Trustee's right to produce at trial, or otherwise, subsequently discovered evidence.

17.     Providing a document in response to a Request does not mean that the Trustee admits that the document or the information contained therein is relevant, material, competent, or admissible. The Trustee does not waive his objection to the Request pursuant to which the information was produced. The Trustee specifically reserves the right to object on any grounds to the introduction of any documents produced or any information contained therein for any reason, including without limitation the relevancy, admissibility or materiality of the information, or that the document Requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

18.     The Trustee's specific objections or lack thereof should not be construed to mean that documents responsive to such Request exist. Similarly, the statement that the Trustee will produce documents in response to any particular Request should not be construed to mean that any such documents exist rather that efforts will be made to search the universe of documents in connection with that particular Request.

19.     Nothing in these responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work product doctrine, the common interest privilege, the investigatory or bankruptcy crimes investigation privileges and/or any other privilege, doctrine, or immunity. In the event that a document or information, subject to the foregoing privileges and protections, is produced, the production of such document or information is purely inadvertent and unintended and is not in any way a waiver of the applicable privilege or other protection from disclosure. The Trustee reserves the right to seek the return of any inadvertently produced documents.

20.     These responses are based on information available at the present time to the Trustee.

21.    As set forth below, the Trustee contemplates providing certain documents for inspection by "Attorney's Eyes Only" in a virtual data room in a manner to be determined by the Trustee, subject to the Court's authorization. Many of the responses set forth below envision the Court's approval of this virtual data room. Should the Court not approve a virtual data room, the parties will meet and confer to determine how to proceed in connection with the Trustee's document production.

22.    Subject to the objections and limitations set forth herein, the Trustee will produce, on a rolling basis, responsive and reasonably accessible documents from the records of BLMIS that existed as of December 11, 2008, unless otherwise specifically indicated in the responses below.

23.    The foregoing General Objections are incorporated by reference into each and/or all of the following responses. By setting forth specific objections below, the Trustee does not, and does not intend to, limit or restrict these General Objections; however, the Trustee may reiterate specific objections to any of the document requests below without waiver of any objection not specifically stated.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The Trustee objects to the "Definitions" and "Instructions" to the extent they deviate from, conflict with, or impose a greater obligation than the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this District and this Court.

2.    The Trustee objects to Definition Nos. 3 and 4 regarding the terms "BLMIS" and "Trustee" as overbroad, unduly burdensome, vague, ambiguous and on the ground that the definition as applied would impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure. For example, the Trustee objects that the definition would require the

8

Trustee to speculate as to "any predecessor, successor" and "any other person that . . . ever has

acted for or on behalf of Picard or the BLMIS estate." The Trustee also objects to these

definitions on the ground that they imply the Trustee has any personal knowledge of the facts of

this case, Madoff or the enterprise of BLMIS. The Trustee's responses and objections are based

on the books and records of BLMIS.

     3.     The Trustee objects to Definition Nos. 8, 9 and 10 as these Definitions are

overbroad, unduly burdensome, vague, ambiguous and on the grounds that the definitions

applied would impose discovery obligations beyond those set forth in the Federal Rules of Civil

Procedure. For example, the Trustee has no way of knowing who every Ariel or Gabriel

"agent" or "representative" may be.

     4.     The Trustee objects to Definition No. 14 regarding "correspondence" to the extent

that it purports to impose obligations greater than those set forth in the Federal Rules of Civil

Procedure. The Trustee objects to this definition on the grounds that it is unduly burdensome,

overbroad, vague, ambiguous, unnecessarily expansive, lacks specificity and/or seeks

information protected by the attorney-client privilege or work product doctrine, and seeks

information protected by the common interest, investigatory and bankruptcy crimes investigation

privileges. The Trustee further objects to this definition to the extent it would require the Trustee

to search for and produce all documents, including those not reasonably accessible.

     5.     The Trustee objects to Instruction No. 1 which demands that the Trustee produce

"documents, wherever located…whether prepared before or after the SIPA Liquidation was

commenced" to the extent that it purports to impose obligations greater than those set forth in the

Federal Rules of Civil Procedure. The Trustee further objects to this instruction as overbroad

and unduly burdensome. The Trustee also objects to the extent the instruction requires

production of (a) documents that are not within the Trustee's possession, custody, or control and

(b) documents protected by the attorney-client privilege, the work product doctrine, the common

interest privilege, the investigatory and bankruptcy crimes investigation privilege, confidentiality,

court order, immunity and/or protected by any applicable federal or state law.

6.      The Trustee objects to Instruction No. 2 which demands that the Trustee produce

documents "without regard to the physical location" to the extent that it purports to impose

obligations greater than those set forth in the Federal Rules of Civil Procedure.  The Trustee

further objects to this instruction as overbroad and unduly burdensome.  The Trustee also objects

to the extent the instruction requires production of (a) documents that are not within the

Trustee's possession, custody, or control and (b) documents protected by the attorney-client

privilege, the work product doctrine, the common interest privilege, the investigatory and

bankruptcy crimes investigation privilege, confidentiality, court order, immunity and/or

protected by any applicable federal or state law.

7.      The Trustee objects to Instruction No. 4 to the extent it calls for production of

documents as "maintained in the ordinary course of business."  As such, the Trustee cannot

guarantee that the information available to him is as it was "in the ordinary course of business."

In addition, the Trustee objects to the extent the Requests call for production of documents where

the Trustee is unaware of the existence and/or location of such.  The Trustee is a "third-party

outsider to the alleged . . . fraudulent transactions.  As such he must plead and respond to

discovery with secondhand knowledge." *Ramsay v. G.C. Evans Sales and Manufacturing

Company*, 196 B.R. 114, 115 (E.D.N.Y 1989).  The Trustee cannot provide information

concerning the disposition of documents prior to his appointment as Trustee.

8.     The Trustee objects to Instruction Nos. 4, 5 and 6 which demand that the Trustee provide certain information regarding privileged and partially privileged documents.  The Trustee objects on the ground that the instructions exceed what is required under the Federal Rules of Civil Procedure and the Local Rules of this Court.  Furthermore, Local Bankruptcy Rule 7034-1(c) and Local Civil Rule 26.2 which relates to claims of privilege in the context of responding to Requests for production of documents, provides that a privilege log containing detailed information regarding withheld privileged material need not be provided when "divulgence of such information would cause disclosure of the allegedly privileged information ...."  Such is the case here.  Providing the information required by Local Rule 7034-1(c) would necessarily reveal information privileged from disclosure under the attorney-client, bankruptcy crimes investigation and investigatory privileges, as well as the work product doctrine.  Furthermore, divulging such information, in some cases, implicates privileges held by other parties, such as law enforcement agencies.  Moreover, the number of privileged documents responsive to the Requests is voluminous and, in many cases, the Requests are facially inappropriate under the Federal Rules of Civil Procedure because they are specifically directed at obtaining privileged documents.  As such, the Requests are overly overbroad and burdensome, and the burden of preparing a privilege log outweighs the benefit of producing one.

Subject to and without waiver of the General and Specific Objections above, each and every one of which is incorporated into each and every response below, and subject to the Trustee's right to amend and supplement these responses as discovery continues, the Trustee objects and responds to the Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### Document Request No. 1

All documents concerning any of the Defendants.

11

**Response to Request No. 1**

The Trustee repeats and incorporates his General Objections into his response to Request No. 1, particularly Nos. 4, 8, 11, 12, and 14. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, vague, duplicative of other requests, and seeks documents available through other modes of discovery or within the possession of Defendants in this matter. Further, the Trustee objects to Request No. 1 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 2**

All documents concerning Ascot Fund Ltd.

**Response to Request No. 2**

The Trustee repeats and incorporates his General Objections into his response to Request No. 2, particularly Nos. 4, 8, 11, 12 and 14. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, vague, duplicative, cumulative of other discovery requests in the litigation, and seeks documents available through

other modes of discovery or within the possession of Defendants. Further, the Trustee objects to Request No. 2 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 3**

All documents concerning the Transfers.

**Response to Request No. 3**

The Trustee repeats and incorporates his General Objections into his response to Request No. 3, particularly Nos. 8, 11 and 12. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome and seeks documents available through other modes of discovery or within the possession of Defendants. Further, the Trustee objects to Request No. 3 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will produce non-privileged customer statements and BLMIS customer files for each account, which were in existence as of December 11, 2008, within his custody, possession, or control, if any, responsive to this request, as well as an updated recapitulation of the Ascot, Ariel and Gabriel accounts and bank records within the Trustee's custody, possession, or control, if any, responsive to this request.

## Document Request No. 4

All documents concerning communications between BLMIS and any of the Defendants.

## Response to Request No. 4

The Trustee repeats and incorporates his General Objections into his response to Request No. 4, particularly Nos. 8, 11 and 12. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome and seeks documents available through other modes of discovery or within the possession of Defendants. Further, the Trustee objects to Request No. 4 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

14

**Document Request No. 5**

All Account Agreements or other contracts between BLIMS and Defendants.

**Response to Request No. 5**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 5, particularly Nos. 8, 11 and 12. The Trustee further objects to this request on the grounds

that it is overbroad and unduly burdensome and seeks documents available through other modes

of discovery or within the possession of Defendants.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will produce non-privileged documents within his custody, possession, or control, if any,

that are responsive to this request.


**Document Request No. 6**

All documents concerning any contribution to or withdrawal from any of the Defendant

Funds' BLMIS accounts.

**Response to Request No. 6**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 6, particularly Nos. 8, 11 and 12. The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome, cumulative of other discovery requests in the litigation

and seeks documents available through other modes of discovery or within the possession of

Defendants. Further, the Trustee objects to Request No. 6 to the extent it seeks documents that

were prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

15

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will produce non-privileged documents within his custody, possession, or control.

## Document Request No. 7

All documents upon which the Trustee may rely to attempt to establish that BLMIS made

each of the Transfers with actual intent to hinder, delay, or defraud some or all of BLMIS's then

existing or future creditors.

## Response to Request No. 7

The Trustee repeats and incorporates his General Objections into his response to Request

No. 7, particularly Nos. 4, 8, 11, 14 and 21. The Trustee further objects to this request on the

grounds that it is overbroad, unduly burdensome and unnecessarily expansive in that the entirety

of BLMIS's Investment Advisory ("IA") operations constituted a Ponzi scheme and involved the

creation and perpetuation of a fraud. Further, the Trustee objects to Request No. 7 to the extent

it seeks documents that were prepared by the Trustee's retained professionals as part of the

Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the

attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges

and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

evidence BLMIS's fraud.

16

**Document Request No. 8**

All documents upon which the Trustee may rely to attempt to establish that BLMIS was insolvent at the time each of the Transfers were made or became insolvent as a result of the Transfers.

**Response to Request No. 8**

The Trustee repeats and incorporates his General Objections into his response to Request No. 8, particularly Nos. 4, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and unnecessarily expansive in that the entirety of BLMIS's IA operations constituted a Ponzi scheme and was continuously insolvent. Further, the Trustee objects to Request No. 8 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that evidence the insolvency of BLMIS during the relevant time period.

**Document Request No. 9**

All documents upon which the Trustee may rely to attempt to establish that, at the time each of the Transfers was made, BLMIS was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with BLMIS was an unreasonably small capital.

17

**Response to Request No. 9**

The Trustee repeats and incorporates his General Objections into his response to Request No. 9, particularly Nos. 4, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 9 because it improperly seeks documents concerning a legal conclusion rather than a factual allegation. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

**Document Request No. 10**

All documents upon which the Trustee may rely to attempt to establish that, at the time each of the Transfers was made, BLMIS intended to incur, or believed that it would incur, debts that would be beyond BLMIS's ability to pay as such debts matured.

**Response to Request No. 10**

The Trustee repeats and incorporates his General Objections into his response to Request No. 10, particularly Nos. 4, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 10 because it improperly seeks

documents concerning a legal conclusion rather than a factual allegation or calls for speculation. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.


**Document Request No. 11**

All documents upon which the Trustee may rely to attempt to establish that BLMIS received less than a reasonably equivalent value in exchange for each of the Transfers.

**Response to Request No. 11**

The Trustee repeats and incorporates his General Objections into his response to Request No. 11, particularly Nos. 4, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. Further, the Trustee objects to Request No. 11 because it improperly seeks documents concerning a legal conclusion rather than a factual allegation. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

## Document Request No. 12

All documents upon which the Trustee may rely to attempt to establish that BLMIS did not receive fair consideration for each of the Transfers.

## Response to Request No. 12

The Trustee repeats and incorporates his General Objections into his response to Request No. 12, particularly Nos. 4, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and cumulative of other discovery requests in this litigation. Further, the Trustee objects to Request No. 12 because it improperly seeks documents concerning a legal conclusion rather than a factual allegation and seeks documents within the possession of Defendants. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

## Document Request No. 13

Documents sufficient to show that the 90-Day Transfer enabled Ascot to receive more than it would receive if this case was a case under chapter 7 of the Bankruptcy Code, the transfer had not been made and Ascot received payment of such debt to the extent provided by provisions of the Bankruptcy Code.

## Response to Request No. 13

The Trustee repeats and incorporates his General Objections into his response to Request No. 13, particularly Nos. 4, 8 and 21. The Trustee further objects to this request on the grounds that it is seeks documents within the possession of Defendants. Further, the Trustee objects to Request No. 13 because it improperly seeks documents concerning a legal conclusion rather than a factual allegation. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

## Document Request No. 14

All pleas or allocutions in connection with BLMIS entered by individuals, including but not limited to BLMIS officers, employees, agents or investors.

**Response to Request No. 14**

The Trustee repeats and incorporates his General Objections into his response to Request No. 14. The Trustee further objects to this request on the grounds that it is unduly burdensome, unnecessarily expansive and seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee.

**Document Request No. 15**

Documents sufficient to show the aggregate assets and liabilities of BLMIS customer accounts on each day that the Transfers were made.

**Response to Request No. 15**

The Trustee repeats and incorporates his General Objections into his response to Request No. 15, particularly Nos. 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and unnecessarily expansive. Further, the Trustee objects to Request No. 15 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

## Document Request No. 16

Documents sufficient to show (sic), and all documents upon which the Trustee may rely to attempt to establish, that "at all relevant times hereto, the liabilities of BLMIS were billions of dollars greater than the assets of BLMIS," as alleged in Paragraph 30 of the Second Amended Complaint.

## Response to Request No. 16

The Trustee repeats and incorporates his General Objections into his response to Request No. 16, particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive and cumulative of other requests in this litigation. Further, the Trustee objects to Request No. 16 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

## Document Request No. 17

Documents sufficient to show, from January 1, 2002 through December 31, 2008, the daily balance or value of the "703 Account" referenced in Paragraph 45 of the DiPascali SEC Complaint.

**Response to Request No. 17**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 17, particularly Nos. 11 and 21. The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome and unnecessarily expansive. Further, the Trustee

objects to Request No. 17 to the extent it seeks documents that are neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this Request.

**Document Request No. 18**

Documents sufficient to show the actual value of each of the Defendant Funds' BLMIS

accounts on each day that the Transfers were made.

**Response to Request No. 18**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 18. The Trustee further objects to this request on the grounds that it is unduly burdensome,

vague, confusing and ambiguous in that BLMIS's IA operations constituted a Ponzi scheme,

funds were not segregated and the accounts had no "actual value" on any specific day. Further,

the Trustee objects to Request No. 18 to the extent it seeks documents that are neither relevant to

the claims and defenses in this action nor reasonably calculated to lead to the discovery of

admissible evidence.

24

Thus, based on the objections and responses listed above, there are no documents responsive to this request that are in the Trustee's possession, custody, or control.

## Document Request No. 19

All documents concerning the allegation of Paragraph 21 of the Complaint that "Madoff assured clients and regulators that he conducted trades on the over-the-counter market, after hours."

## Response to Request No. 19

The Trustee repeats and incorporates his General Objections into his response to Request No. 19, particularly Nos. 2, 4, 7, 8, 11, 12 and 14. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 20

All documents concerning the Trustee's investigation, as referenced in Paragraph 22 of the Complaint, into whether the BLMIS "IA Business ever purchased or sold any of the options that Madoff claimed on customer statements to have purchased."

**Response to Request No. 20**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 20, particularly Nos. 4, 8 and 21. The Trustee further objects to this request on the grounds

that it is unduly burdensome. The Trustee also objects to this request to the extent it seeks

documents that were prepared by the Trustee's retained professionals as part of the Trustee's

investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-

client, common interest, investigatory and bankruptcy crimes investigation privileges and work

product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request.

**Document Request No. 21**

All communications prior to December 11, 2008 between BLMIS and any third party,

including but not limited to prospective and current investors or their agents, government

agencies, finance industry professionals, and journalists, concerning the "split-strike conversion"

strategy.

**Response to Request No. 21**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 21, particularly Nos. 4, 8, 11 and 14. The Trustee further objects to this request on the

grounds that it is overbroad, unduly burdensome, vague and seeks documents available through

other modes of discovery. Further, the Trustee objects to Request No. 21 to the extent it seeks

documents that are neither relevant to the claims and defenses in this action nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 22**

All documents concerning the allegation of Paragraph 46 of the Complaint that "[t]he

Transfers were, in part, false and fraudulent payments of nonexistent profits supposedly earned

in the Accounts ('Fictitious Profits')."

**Response to Request No. 22**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 22, particularly Nos. 3, 4, 8, 11 and 21. Plaintiff further objects to this request on the

grounds that it is cumulative of other discovery requests in the litigation, improperly seeks

documents concerning a legal conclusion rather than a factual allegation and seeks documents

within the possession of Defendants. The Trustee further objects to this request to the extent it

seeks documents that were prepared by the Trustee's retained professionals as part of the

Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the

attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges

and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. See also Response to Request No. 7.

## Document Request No. 23

All documents evidencing or tracing BLMIS's or Madoff's use of the money deposited by the Defendant Funds into their respective BLMIS accounts.

## Response to Request No. 23

The Trustee repeats and incorporates his General Objections into his response to Request No. 23, particularly Nos. 8 and 11. The Trustee further objects to this request on the grounds that it is unduly burdensome, vague and confusing in that the entirety of BLMIS's IA operations constituted a Ponzi scheme and all monies received were comingled and used in connection with the scheme. Further, the Trustee objects to Request No. 23 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

## Document Request No. 24

All documents concerning whether any of the monies contributed by the Defendant Funds to their BLMIS accounts were paid to other BLMIS investors.

## Response to Request No. 24

The Trustee repeats and incorporates his General Objections into his response to Request No. 24, particularly Nos. 8 and 11. The Trustee further objects to this request on the grounds that it is unduly burdensome, vague and confusing in that the entirety of BLMIS's IA operations constituted a Ponzi scheme and all monies received were comingled and used in connection with

the scheme. Further, the Trustee objects to Request No. 24 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

## Document Request No. 25

The Uniform Application for Investment Adviser Registration ("the Application") filed by BLMIS in or about January 2008, and all communications with Defendants or any other BLMIS customer concerning the Application.

## Response to Request No. 25

The Trustee repeats and incorporates his General Objections into his response to Request No. 25, particularly Nos. 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, duplicative of Request No. 4 and seeks documents available through other modes of discovery or within the possession of Defendants. Further, the Trustee objects to Request No. 25 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will produce the Uniform Application for Investment Adviser Registration (the "Application") if it is within his custody, possession, or control. Additionally, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

**Document Request No. 26**

The Form ADV filed by BLMIS with the SEC in 2006.

**Response to Request No. 26**

The Trustee repeats and incorporates his General Objections into his response to Request No. 26. The Trustee further objects to this request on the grounds that it seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will produce the Form ADV filed by BLMIS with the SEC in 2006, if it is within the Trustee's custody, possession, or control.


**Document Request No. 27**

All documents concerning the Trustee's allegation that Defendants cooperated in or facilitated the BLMIS fraud.

**Response to Request No. 27**

The Trustee repeats and incorporates his General Objections into his response to Request No. 27, particularly Nos. 3 and 4. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, duplicative, cumulative of other requests in this litigation and seeks documents that are in the possession of Defendants. Further, the Trustee objects to Request No. 27 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine. The Trustee also objects to the characterization of the complaint and the Defendant's restatement of the allegations.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 28

All documents upon which the Trustee may rely to attempt to establish that Defendants

"knew or should have known that Madoff's IA Business was predicated on fraud," as alleged in

Paragraph 44 of the Complaint.

## Response to Request No. 28

The Trustee repeats and incorporates his General Objections into his response to Request

No. 28, particularly Nos. 3, 4, 12 and 21. The Trustee further objects to this request on the

grounds that it is overbroad, unduly burdensome, duplicative, cumulative of other discovery

requests in the litigation and seeks documents available through other modes of discovery or

within the possession of Defendants in this matter. Further, the Trustee objects to Request No.

28 to the extent it improperly seeks documents concerning a legal conclusion rather than a

factual allegation. The Trustee also objects to Request No. 28 to the extent it seeks documents

that were prepared by the Trustee's retained professionals as part of the Trustee's investigation

and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

The Trustee notes that his investigation is still ongoing and, as such, a request is premature.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

**Document Request No. 29**

All "financial industry press reports" or articles concerning BLMIS or Madoff created prior to December 11, 2008.

**Response to Request No. 29**

The Trustee repeats and incorporates his General Objections into his response to Request No. 29. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and vague. Further, the Trustee objects to Request No. 29 because it seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee.

**Document Request No. 30**

All documents concerning the allegation of Paragraph 44(b) of the Complaint that Madoff "avoided questions about his IA Business operations" or "was consistently vague in responding to any such questions."

**Response to Request No. 30**

The Trustee repeats and incorporates his General Objections into his response to Request No. 30, particularly Nos. 2, 4, 7, 8, 11, 12 and 14. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore,

protected by the attorney-client, common interest, investigatory and bankruptcy crimes
investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the
Trustee will produce non-privileged documents available to the Trustee and within his custody,
possession, or control, subject to an agreement among the parties as to the appropriate search
terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 31**

All documents concerning the allegation of Paragraph 44(b) of the Complaint that
Madoff "operated with no transparency."

**Response to Request No. 31**

The Trustee repeats and incorporates his General Objections into his response to Request
No. 31, particularly Nos. 2, 4, 7, 8, 11, 12 and 14. The Trustee further objects to this request on
the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request
to the extent it seeks documents that were prepared by the Trustee's retained professionals as
part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore,
protected by the attorney-client, common interest, investigatory and bankruptcy crimes
investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the
Trustee will produce non-privileged documents available to the Trustee and within his custody,
possession, or control, subject to an agreement among the parties as to the appropriate search
terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 32**

All documents concerning the allegation of Paragraph 44(b) of the Complaint that Madoff "instructed Defendants not to inform their investors that BLMIS was their money manager."

**Response to Request No. 32**

The Trustee repeats and incorporates his General Objections into his response to Request No. 32, particularly Nos. 2, 4, 7, 8, 11 and 12. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 33**

All documents concerning or evidencing the allegation of Paragraph 44(c) of the Complaint that it "was and is customary in the industry for hedge fund and fund of funds investors" to provide customers with "electronic real-time online access to their accounts."

**Response to Request No. 33**

The Trustee repeats and incorporates his General Objections into his response to Request No. 33, particularly Nos. 4, 8, 13 and 14. The Trustee further objects to this request on the

grounds that it improperly seeks documents concerning a legal or expert conclusion rather than a factual allegation. Further, the Trustee objects to Request No. 33 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 34

All documents concerning the allegation of Paragraph 44(c) of the Complaint that "the use of paper confirmations created after the fact was critical to Madoff's ability to perpetuate his Ponzi scheme."

## Response to Request No. 34

The Trustee repeats and incorporates his General Objections into his response to Request No. 34, particularly Nos. 2, 4, 7, 8, 11 and 12. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 35

All documents concerning the allegation of Paragraph 44(d) of the Complaint that BLMIS functioned as an "investment manager" for any of the Defendants.

## Response to Request No. 35

The Trustee repeats and incorporates his General Objections into his response to Request No. 35, particularly Nos. 2, 4, 7, 8, 11 and 12. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 36**

All documents concerning the allegation of Paragraph 44(e) of the Complaint that the

investment returns reported by BLMIS for the Defendants' accounts "could not be reproduced by

other skilled hedge fund managers."

**Response to Request No. 36**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 36, particularly Nos. 2, 4, 7, 8, 11, 12, 13 and 14. The Trustee further objects to this request

on the grounds that it is overbroad and unduly burdensome. The Trustee further objects to this

request on the grounds that it improperly seeks documents concerning a legal or expert

conclusion rather than a factual allegation. The Trustee also objects to this request to the extent

it seeks documents that were prepared by the Trustee's retained professionals as part of the

Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the

attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges

and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 37**

All documents concerning the allegation of Paragraph 44(e) of the Complaint that the

[sic]"those managers who attempted to employ the split-strike conversion strategy purportedly

used by BLMIS consistently failed even to approximate [BLMIS's] results."

**Response to Request No. 37**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 37, particularly Nos. 2, 4, 7, 8, 11, 12 and 14. The Trustee further objects to this request on

the grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request

to the extent it seeks documents that were prepared by the Trustee's retained professionals as

part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore,

protected by the attorney-client, common interest, investigatory and bankruptcy crimes

investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 38**

All documents concerning the allegation of Paragraph 44(f) of the Complaint that

"Defendants received far higher purported annual rates of return on their investments with

BLMIS . . . as compared to the interest rates BLMIS could have paid to commercial lenders

during the relevant time period."

**Response to Request No. 38**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 38, particularly Nos. 2, 4, 7, 8, 11 and 12. The Trustee further objects to this request on the

grounds that it is overbroad and unduly burdensome. The Trustee also objects to this request to

the extent it seeks documents that were prepared by the Trustee's retained professionals as part

of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by

the attorney-client, common interest, investigatory and bankruptcy crimes investigation

privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.


**Document Request No. 39**

All documents concerning the "Trustee's investigation" of instances in which

Defendants' account statements allegedly "displayed trades purportedly executed at a price

outside the daily price range," as referenced in Paragraph 44(h) of the Complaint, including but

not limited to all documents evidencing instances in which Defendants' account statements

displayed trades for securities purportedly executed at a price outside the daily price range for

the securities at issue.

**Response to Request No. 39**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 39, particularly Nos. 4, 12 and 21. The Trustee further objects to this request to the extent

that it seeks publicly available documents obtainable through other modes of discovery that are

equally accessible to Defendants as to the Trustee and documents that are within the possession

of Defendants. Further, the Trustee objects to Request No. 39 to the extent it seeks documents

that were prepared by the Trustee's retained professionals as part of the Trustee's investigation

and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request.


**Document Request No. 40**

All documents concerning the allegation of Paragraph 44(h) of the Complaint that alleged

instances in which Defendants' account statements displayed trades purportedly executed at a

price outside the daily price range "should have caused a sophisticated hedge fund manager like

Merkin to independently verify the trades with the public exchanges and demand more

transparency into the operations of BLMIS."

**Response to Request No. 40**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 40, particularly Nos. 4, 13 and 21. The Trustee further objects to this request on the grounds

that it seeks publicly available documents obtainable through other modes of discovery that are

equally accessible to Defendants as to the Trustee and documents that are within the possession

of Defendants. Further, the Trustee objects to Request No. 40 to the extent it improperly seeks

documents concerning a legal or expert conclusion rather than a factual allegation. The Trustee

also objects to this request to the extent it seeks documents that were prepared by the Trustee's

retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud

and are, therefore, protected by the attorney-client, common interest, investigatory and

bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that
are responsive to this Request.

## Document Request No. 41

All documents concerning the allegation that BLMIS represented to the Defendants that it
purchased options in the over-the-counter market.

## Response to Request No. 41

The Trustee repeats and incorporates his General Objections into his response to Request
No. 41, particularly Nos. 3 and 4. The Trustee further objects to this request on the grounds that
it is cumulative of other discovery requests in this litigation and to the extent that it seeks
documents that are within the possession of Defendants. Further, the Trustee objects to Request
No. 41 to the extent it seeks documents that were prepared by the Trustee's retained
professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are,
therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes
investigation privileges and work product doctrine. The Trustee also objects to the
characterization of the complaint and the Defendant's restatement of the allegations.

Subject to and without waiver of the foregoing Specific and General objections, the
Trustee will produce non-privileged documents available to the Trustee and within his custody,
possession, or control, subject to an agreement among the parties as to the appropriate search
terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 42

All documents concerning the "option volume BLMIS reported to its customers,"
including but not limited to all documents in which BLMIS reported the total option volume for
all customers to Defendants or to any other customer.

## Response to Request No. 42

The Trustee repeats and incorporates his General Objections into his response to Request
No. 42, particularly Nos. 3, 8, 11, 14 and 21. The Trustee further objects to this request on the
grounds that it is overbroad, unduly burdensome, unnecessarily expansive and seeks documents
within the possession of Defendants. Further, the Trustee objects to Request No. 42 to the extent
it seeks documents that were prepared by the Trustee's retained professionals as part of the
Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the
attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges
and work product doctrine. The Trustee also objects to the characterization of the complaint and
the Defendant's restatement of the allegations.

Subject to and without waiver of the foregoing Specific and General Objections, the
Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21
that will contain non-privileged documents within his custody, possession, or control, if any, that
are responsive to this Request.

## Document Request No. 43

All documents concerning each instance, as alleged in Paragraph 44(i) of the Complaint,
that "the option volume BLMIS reported" for the Defendant Funds "was simply impossible if
those options had been exchange-traded."

**Response to Request No. 43**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 43, particularly Nos. 3, 8, 11, 13 and 21.  The Trustee further objects to this request on the

grounds that it is duplicative and cumulative of other discovery requests in this litigation.

Further, the Trustee objects to Request No. 43 to the extent that it improperly seeks documents

concerning a legal or expert conclusion rather than a factual allegation and seeks publicly

available documents obtainable through other modes of discovery that are equally accessible to

Defendants as to the Trustee and documents that are within the possession of Defendants.  The

Trustee also objects to this request to the extent it seeks documents that were prepared by the

Trustee's retained professionals as part of the Trustee's investigation and evaluation of the

Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory

and bankruptcy crimes investigation privileges and work product doctrine.  The Trustee also

objects to the characterization of the complaint and the Defendant's restatement of the

allegations.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this Request.


**Document Request No. 44**

All documents, including but not limited to reports, analyses or opinions prepared by the

Trustee's retained professionals, concerning the allegation of Paragraph 44 (j) of the Complaint

that the absence of costs from trading options in the over-the-counter market, "together with

BLMIS's representation that it was trading in the OTC market, should have prompted a

sophisticated hedge fund manager like Merkin to request verification of the trades and demand

more transparency into the operations of BLMIS."

**Response to Request No. 44**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 44, particularly Nos. 4, 13, and 14. The Trustee further objects to this request on the

grounds that it improperly seeks documents concerning a legal or expert conclusion rather than a

factual allegation. Further, the Trustee objects to Request No. 44 to the extent that it seeks

documents that were prepared by the Trustee's retained professionals as part of the Trustee's

investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-

client, common interest, investigatory and bankruptcy crimes investigation privileges and work

product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 45**

All documents, including but not limited to reports, analyses or opinions prepared by the

Trustee's retained professionals, concerning the allegation of Paragraph 44 (k) of the Complaint

that BLMIS's "statements to investors reflected a consistent ability to trade stocks near their

monthly highs and lows to generate consistent and unusual profits" and that "no experienced

investment professional could have reasonably believed that this could have been accomplished

legitimately."

**Response to Request No. 45**

The Trustee repeats and incorporates his General Objections into his response to Request
No. 45, particularly Nos. 4, 13, 14 and 21. The Trustee further objects to this request on the
grounds that it improperly seeks documents concerning a legal or expert conclusion rather than a
factual allegation. Further, the Trustee objects to Request No. 45 to the extent that it seeks
documents that were prepared by the Trustee's retained professionals as part of the Trustee's
investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-
client, common interest, investigatory and bankruptcy crimes investigation privileges and work
product doctrine. The Trustee also objects to the characterization of the complaint and the
Defendant's restatement of the allegations.

Subject to and without waiver of the foregoing Specific and General Objections, the
Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21
that will contain non-privileged documents within his custody, possession, or control, if any, that
are responsive to this Request.

**Document Request No. 46**

All documents concerning the allegation in Paragraph 44(k) of the Complaint that
Defendants requested BLMIS to generate losses.

**Response to Request No. 46**

The Trustee asserts that an error was made as to that particular allegation. As such, no
documents will be provided in response to this request at this time and the Trustee reserves his
right to amend the complaint at the appropriate time.

**Document Request No. 47**

All documents concerning the allegation in Paragraph 44(I) of the Complaint that BLMIS "reputedly ran the world's largest hedge fund."

**Response to Request No. 47**

The Trustee repeats and incorporates his General Objections into his response to Request No. 47. The Trustee further objects to this request on the grounds that it seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee and documents that are within the possession of Defendants.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 48**

All documents concerning that Defendants believed or had reason to believe that BLMIS ran the world's largest hedge fund prior to December 11, 2008.

**Response to Request No. 48**

The Trustee repeats and incorporates his General Objections into his response to Request No. 48, particularly Nos. 3, 12 and 21. The Trustee further objects to this request on the grounds that it calls for speculation and is redundant or duplicative, cumulative of other discovery requests in the litigation premature and/or is better or more easily obtained from some other source that is more convenient, less burdensome, or less expensive. Further, Plaintiff objects to this request to the extent it seeks publicly available documents obtainable through other modes of

discovery that are equally accessible to Defendants as to the Trustee and documents that are within the possession of Defendants.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 49**

Documents sufficient to show whether BLMIS was or was not a hedge fund.

**Response to Request No. 49**

The Trustee repeats and incorporates his General Objections into his response to Request No. 49, particularly Nos. 3 and 21. The Trustee further objects to this request to the extent that it seeks documents that are within the possession of Defendants.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

**Document Request No. 50**

All documents, including but not limited to reports, analyses or opinions prepared by the Trustee or his retained professionals, concerning the allegation in Paragraph 44(l) of the Complaint that "[n]o experienced investment professional could have reasonably believed it possible for" Friehling & Horowitz "to have competently audited an entity the size of BLMIS."

47

**Response to Request No. 50**

The Trustee repeats and incorporates his General Objections into his response to Request No. 50, particularly Nos. 3, 4, 8, 13 and 14.  The Trustee further objects to this request to the extent that it improperly seeks documents concerning a legal or expert conclusion rather than a factual allegation and seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee.  Further, the Trustee objects to Request No. 50 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 51**

All documents concerning the allegation contained in Paragraph 44(m) of the Complaint that Defendants' "role" was to "funnel money to BLMIS."

**Response to Request No. 51**

The Trustee repeats and incorporates his General Objections into his response to Request No. 51, particularly Nos. 3, 4 and 8.  The Trustee further objects to this request on the grounds that it seeks documents that are within the possession of Defendants.  Further, the Trustee objects to Request No. 51 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are,

therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine. The Trustee also objects to the characterization of the complaint and the Defendant's restatement of the allegations.

Subject t  and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 52

All documents concerning the allegation of Paragraph 44(p) of the Complaint that "many banks, industry advisors and insiders who made an effort to conduct reasonable due diligence flatly refused to deal with BLMS and Madoff because they had serious concerns that their IA Business operations were not legitimate," including but not limited to documents sufficient to identify all "banks, industry advisors and insiders" referred to in Paragraph 44(p) of the Complaint, all documents concerning the due diligence concerning BLMIS conducted by such "banks, industry advisors and insiders," and all documents concerning the allegation that such "banks, industry advisors and insiders" had "serious concerns that the IA Business operations were not legitimate."

## Response to Request No. 52

The Trustee repeats and incorporates his General Objections into his response to Request No. 52, particularly Nos. 2, 3, 4, 7, 8 and 14. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 52 to the extent it seeks publicly available documents and documents available through other modes of discovery that are equally

accessible to Defendants as to the Trustee and documents that are within the possession of

Defendants. The Trustee also objects to this request to the extent it seeks documents that were

prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to the foregoing, the Trustee will produce non-privileged documents available to

the Trustee and within his custody, possession, or control, subject to an agreement among the

parties as to the appropriate search terms and methods that will be utilized for the purpose of

gathering responsive documents.


**Document Request No. 53**

All documents concerning the allegation of Paragraph 44(r) of the Complaint that

"highly-regarded Wall Street professionals . . . warned Defendants that Madoff did not appear to

be legitimate."

**Response to Request No. 53**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 53, particularly Nos. 2, 3, 7, 8 and 14. The Trustee further objects to this request on the

grounds that it is cumulative of other discovery requests in the litigation. Further, the Trustee

objects to Request No. 53 to the extent it seeks publicly available documents and documents

available through other modes of discovery that are equally accessible to Defendants as to the

Trustee and documents that are within the possession of Defendants. The Trustee also objects to

this request to the extent it seeks documents that were prepared by the Trustee's retained

professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are,

therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes

investigation privileges and work product doctrine. The Trustee also objects to the characterization of the complaint and the Defendant's restatement of the allegations.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 54

All documents concerning the allegation of Paragraph 44(s) of the Complaint that "Defendants misled investors as to Madoff's role in the operation of the funds, and in fact sought to conceal that role."

## Response to Request No. 54

The Trustee repeats and incorporates his General Objections into his response to Request No. 54, particularly Nos. 2, 3, 4, 7 and 8. The Trustee further objects to this request on the grounds that it is seeks documents that are within the possession of Defendants. Further, the Trustee objects to Request No. 54 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 55**

All documents concerning the allegations of Paragraph 44(t) of the Complaint that

"Defendants enjoyed unusually intimate access to Madoff" or that "Merkin and Madoff were

friends."

**Response to Request No. 55**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 55, particularly Nos. 2, 3, 4, 7, 8 and 12.  The Trustee further objects to this request on the

grounds that it is cumulative of other discovery requests in this litigation and seeks documents

that are within the possession of Defendants.  Further, the Trustee objects to Request No. 55 to

the extent it seeks documents that were prepared by the Trustee's retained professionals as part

of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by

the attorney-client, common interest, investigatory and bankruptcy crimes investigation

privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.


**Document Request No. 56**

All documents concerning Victor Teicher, including but not limited to all documents

purporting to show that Merkin had a "close working relationship" with Teicher.

**Response to Request No. 56**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 56, particularly Nos. 2, 4, 7, 8 and 12.  The Trustee further objects to this request on the

grounds that it is cumulative of other discovery requests in this litigation and seeks documents that are within the possession of Defendants.  Further, the Trustee objects to Request No. 56 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will produce non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.

### Document Request No. 57

All documents evidencing whether the Defendants or any other BLMIS customer knew the actual total number of customer accounts at BLMIS, the actual aggregate net investment principal contributed to BLMIS by customers, or the aggregate purported value of all BLMIS customer accounts.

### Response to Request No. 57

The Trustee repeats and incorporates his General Objections into his response to Request No. 57, particularly Nos. 2, 3, 4, 7, 8, 11, 12, and 14.  The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, calls for speculation and to the extent that it seeks documents within the possession of Defendants.  Further, the Trustee objects to Request No. 57 on the grounds that it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's

investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 58**

All documents concerning redemptions by BLMIS customers based on any of the purported "indicia of irregularity" alleged in Paragraph 44 of the Complaint, including all subparts of Paragraph 44.

**Response to Request No. 58**

The Trustee repeats and incorporates his General Objections into his response to Request No. 58, particularly Nos. 2, 4, 7, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, vague, confusing, calls for speculation and is cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 58 to the extent it seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee and documents that are within the possession of Defendants. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 59**

All documents concerning whether any BLMIS prospective or existing customer had knowledge of the purported "indicia of irregularity" alleged in Paragraph 44 of the Complaint, including all subparts, or whether such customer believed that such "indicia of irregularity" suggested that BLMIS was conducting a fraud or Ponzi scheme.

**Response to Request No. 59**

The Trustee repeats and incorporates his General Objections into his response to Request No. 59, particularly Nos. 2, 4, 7, 8, 11, 14 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, vague, confusing, calls for speculation and is cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 59 to the extent it seeks publicly available documents obtainable through other modes of discovery that are equally accessible to Defendants as to the Trustee and documents that are within the possession of Defendants. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore,

55

protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 60**

Documents sufficient to identify the unsecured creditors of BLMIS who are referred to in Paragraph 100 of the Complaint, and all documents concerning such creditors.

**\*Response to Request No. 60**

The Trustee repeats and incorporates his General Objections into his response to Request No. 60, particularly No. 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, vague and ambiguous. Further, the Trustee objects to Request No. 60 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request.


## Document Request No. 61

All documents concerning the allegation in Paragraph 100 of the Second Amended

Complaint that the BLMIS fraud was not reasonably discoverable by at least one unsecured

creditor of BLMIS.

## Response to Request No. 61

The Trustee repeats and incorporates his General Objections into his response to Request

No. 61, particularly No. 21. The Trustee further objects to this request on the grounds that it is

overbroad, unduly burdensome, unnecessarily expansive, vague and ambiguous. Further, the

Trustee objects to Request No. 61 to the extent it seeks documents that are neither relevant to the

claims and defenses in this action nor reasonably calculated to lead to the discovery of

admissible evidence. The Trustee also objects to this request to the extent it seeks documents

that were prepared by the Trustee's retained professionals as part of the Trustee's investigation

and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request.

**Document Request No. 62**

All documents, including but not limited to reports, analyses or opinions of professionals retained by the Trustee, concerning due diligence of BLMIS performed by Defendants.

**Response to Request No. 62**

The Trustee repeats and incorporates his General Objections into his response to Request No. 62, particularly Nos. 2, 3, 4, 7 and 8. The Trustee further objects to this request on the grounds that it seeks documents within the possession of Defendants. Further, the Trustee objects to Request No. 62 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 63**

All documents concerning the allegation that Defendants were on inquiry notice of the fraudulent purpose of any of the Transfers.

**Response to Request No. 63**

The Trustee repeats and incorporates his General Objections into his response to Request No. 63, particularly Nos. 2, 4, 7, 8, 12 and 21. The Trustee further objects to this request to the extent it improperly seeks documents concerning a legal conclusion rather than a factual allegation. Further, the Trustee objects to Request No. 63 to the extent it seeks documents that

were prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request. Also, the Trustee will produce non-privileged documents

available to the Trustee and within his custody, possession, or control, subject to an agreement

among the parties as to the appropriate search terms and methods that will be utilized for the

purpose of gathering responsive documents.

### Document Request No. 64

All other documents upon which the Trustee may rely to attempt to establish that a

diligent investigation concerning BLMIS would have discovered the fraudulent purpose of any

of the Transfers.

### Response to Request No. 64

The Trustee repeats and incorporates his General Objections into his response to Request

No. 64, particularly Nos. 4, 8, 13, 14 and 21. The Trustee further objects to this request on the

grounds that it is overbroad and unduly burdensome. Further, the Trustee objects to Request No.

64 to the extent it improperly seeks documents concerning a legal or expert conclusion rather

than a factual allegation. The Trustee also objects to the request to the extent it seeks documents

that were prepared by the Trustee's retained professionals as part of the Trustee's investigation

and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request.  Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 65

All documents, including but not limited to reports, analyses or opinions of the Trustee or his retained professionals, concerning whether the Defendants, defendants in any other adversary proceeding in this SIPA Liquidation, or any other BLMIS customers could have or should have discovered the BLMIS Ponzi scheme.

## Response to Request No. 65

The Trustee repeats and incorporates his General Objections into his response to Request No. 65, particularly Nos. 4, 8, 13, 14 and 21.  The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome.  Further, the Trustee objects to Request No. 65 to the extent it improperly seeks documents concerning a legal or expert conclusion rather than a factual allegation.  The Trustee also objects to the request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 66**

All documents, including but not limited to reports, analyses or opinions of the Trustee or his retained professionals, concerning whether any regulatory or other government agency could have or should have discovered the BLMIS Ponzi scheme.

**Response to Request No. 66**

The Trustee repeats and incorporates his General Objections into his response to Request No. 66, particularly Nos. 4, 8, 13 and 21. The Trustee further objects to this request on the grounds that it is overbroad and unduly burdensome. Further, the Trustee objects to Request No. 66 to the extent it improperly seeks documents concerning a legal or expert conclusion rather than a factual allegation. The Trustee also objects to the request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement

among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 67

All documents concerning the discovery, prior to December 11, 2008, by any person or entity of either the BLMIS Ponzi scheme or the fraudulent purpose of any payment by BLMIS.

## Response to Request No. 67

The Trustee repeats and incorporates his General Objections into his response to Request No. 67, particularly Nos. 4, 8 and 14. The Trustee further objects to this request on the grounds that it is overbroad, vague and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 67 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 68

All documents concerning any inquiry, investigation, examination, audit or review of BLMIS, or requests for documents or information submitted to BLMIS, prior to December 11, 2008, by the SEC, SIPC, any other governmental or quasi-governmental entity, any existing or prospective BLMIS customer or such customer's agent, any private investigator, journalist or financial industry professional, or any other third party.

**Response to Request No. 68**

     The Trustee repeats and incorporates his General Objections into his response to Request No. 68, particularly Nos. 4, 8, 11 and 14. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 68 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

     Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 69**

     All documents concerning BLMIS's efforts or steps to respond to or mislead any person or entity listed in Request No. 69, including but not limited to all documents created to avoid detection of BLMIS's conduct during third party inquiries, reviews or examinations, as described in Paragraphs 54 and 60 of the DiPascali SEC Complaint.

**Response to Request No. 69**

     The Trustee repeats and incorporates his General Objections into his response to Request No. 69, particularly Nos. 4, 8, 11, and 14. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, vague and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 69 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are,

therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 70**

All documents concerning all pre-December 11, 2008 interviews, telephone calls, on-site visits or other communications with Madoff or other BLMIS associates, officers, or employees by the SEC, SIPC, or any other governmental or quasi-governmental entity, including but not limited to BLMIS documents concerning anticipated questions and BLMIS's responses.

**Response to Request No. 70**

The Trustee repeats and incorporates his General Objections into his response to Request No. 70, particularly Nos. 4, 8 and 11. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 70 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 71**

All documents constituting or concerning the SEC OCIE document request to BLMIS dated January 6, 2004 and BLMIS's response thereto dated January 16, 2004.

**Response to Request No. 71**

The Trustee repeats and incorporates his General Objections into his response to Request No. 71, particularly Nos. 4, 8 and 11. The Trustee further objects to this request on the grounds that it seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 71 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 72**

The BLMIS books and records created in or around 2004 at Madoff's request pertaining to a subset of IA Business clients, as described in Paragraphs 22 and 23 of the DiPascali Information.

**Response to Request No. 72**

The Trustee repeats and incorporates his General Objections into his response to Request No. 72, particularly Nos. 4, 8 and 11. The Trustee further objects to this request on the grounds that it is unduly burdensome, vague and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 72 to the extent it seeks documents that

are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 73**

All documents concerning the "phony computer trading platform" identified in Paragraph 25 of the DiPascali Information.

**Response to Request No. 73**

The Trustee repeats and incorporates his General Objections into his response to Request No. 73, particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, calls for speculation and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 73 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

66

**Document Request No. 74**

The books and records relating to a subset of IA Business clients created in or around 2005 in connection with an SEC review of BLMIS's broker-dealer operations as described in Paragraph 24 of the DiPascali Information, including but not limited to, the trade blotters purportedly reflecting trading activities of such IA Business clients making it appear that certain of the counterparties of BLMIS were European financial institutions.

**Response to Request No. 74**

The Trustee repeats and incorporates his General Objections into his response to Request No. 74, particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 74 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 75**

All documents concerning any inquiry, investigation, examination, audit or review

concerning BLMIS by the "European Accounting Firm" referenced in Paragraphs 26 and 29 of

the DiPascali Information, including but not limited to all documents concerning any steps taken

by BLMIS to mislead such European Accounting Firm.

**Response to Request No. 75**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 75, particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the

grounds that it is overbroad, unduly burdensome, vague and seeks documents available through

other modes of discovery. Further, the Trustee objects to Request No. 75 to the extent it seeks

documents that are neither relevant to the claims and defenses in this action nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request. Also, the Trustee will produce non-privileged documents

available to the Trustee and within his custody, possession, or control, subject to an agreement

among the parties as to the appropriate search terms and methods that will be utilized for the

purpose of gathering responsive documents.


**Document Request No. 76**

The fake DTC Reports referenced in Paragraph 60(c) of the DiPascali SEC Complaint.

## Response to Request No. 76

The Trustee repeats and incorporates his General Objections into his response to Request No. 76, particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 76 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

## Document Request No. 77

All documents concerning the "phantom computer trading platform" referenced in Paragraph 61(e) of the DiPascali Complaint.

## Response to Request No. 77

The Trustee repeats and incorporates his General Objections into his response to Request No. 77, particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, calls for speculation, cumulative of other discovery requests in the litigation and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 77 to the extent it seeks documents that

69

are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21 that will contain non-privileged documents within his custody, possession, or control, if any, that are responsive to this request. Also, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 78**

All documents constituting or reflecting communications prior to December 11, 2008 between the SEC, SIPC, or any other governmental or quasi-governmental entity, on the one hand, and any other individual or entity, on the other hand, concerning the legitimacy of or potential fraud by BLMIS or Madoff.

**Response to Request No. 78**

The Trustee repeats and incorporates his General Objections into his response to Request No. 78, particularly Nos. 4, 8, 11 and 14. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and seeks documents available through other modes of discovery. Further, the Trustee objects to Request No. 78 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 79**

All documents evidencing any inquiry, investigation, examination or review concerning

Avellino & Bienes by the SEC, SIPC, or any other governmental or quasi-governmental entity.

**Response to Request No. 79**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 79 particularly Nos. 4, 8, 11 and 21. The Trustee further objects to this request on the

grounds that it is overbroad, unduly burdensome and seeks documents available through other

modes of discovery. Further, the Trustee objects to Request No. 75 to the extent it seeks

documents that are neither relevant to the claims and defenses in this action nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will, with Court approval, provide a data room as set forth in General Objection No. 21

that will contain non-privileged documents within his custody, possession, or control, if any, that

are responsive to this request. Also, the Trustee will produce non-privileged documents

available to the Trustee and within his custody, possession, or control, subject to an agreement

among the parties as to the appropriate search terms and methods that will be utilized for the

purpose of gathering responsive documents.

**Document Request No. 80**

All reports, analyses or opinions prepared by the Trustee or his retained professionals

concerning (a) the Defendants; (b) the claims and defenses asserted in this adversary proceeding;

(c) BLMIS's purported split-strike conversion strategy; (d) whether BLMIS' purported returns were feasible; (e) total amount of investor losses, both in terms of lost principal and fictitious profits; (f) BLMIS's efforts to conceal the fraud; (g) BLMIS's assets and liabilities; (h) BLMIS's solvency at all relevant times; or (i) any of the allegations set forth in Paragraph 44 of the Complaint.

**Response to Request No. 80**

The Trustee repeats and incorporates his General Objections into his response to Request No. 80. The Trustee further objects to this request on the grounds that it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

**Document Request No. 81**

All reports, summaries, analyses or opinions prepared by the Trustee or his retained professionals in connection with the Trustee's investigation of the "feeder funds that had BLMIS accounts" referenced in Paragraph 63 of the Trustee's Fourth Interim Report.

**Response to Request No. 81**

The Trustee repeats and incorporates his General Objections into his response to Request No. 81. The Trustee further objects to this request on the grounds that it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

**Document Request No. 82**

All documents concerning communications, interviews or meetings by the Trustee or his

retained professionals with the SEC, FBI, the Department of Justice, the Office of the United

States Attorney or SIPC concerning: (a) any of the Defendants or Defendants' BLMIS accounts,

(b) this adversary proceeding or the claims and defenses asserted therein, (c) claims by the

Trustee against BLMIS redeeming investors; (d) any investigation, inquiry or examination

concerning BLMIS by the SEC or any other governmental agency, person or entity conducted

prior to December 11, 2008, (e) whether any person or entity discovered or could have

discovered the BLMIS Ponzi scheme or fraudulent purpose of any transfer from BLMIS, or (f)

the Trustee's decision to assert claims against investors for the avoidance and recovery of

withdrawals of investment principal as opposed to fictitious profits.

**Response to Request No. 82**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 82.  The Trustee further objects to this request on the grounds that it is seeks documents that

were prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

**Document Request No. 83**

All documents concerning communications, interviews or meetings by the Trustee or his

retained professionals with (a) BLMIS investors, (b)  current or former BLMIS officers,

employees, agents, or auditors (including Friehling & Horowitz), (c) Madoff's family members

or associates, (d) officers or employees of BLMIS "feeder funds," including but not limited to

those funds who have been named as defendants in other adversary proceedings, (e) regulatory

agencies, including the SEC, concerning BLMIS, or (f) law enforcement agencies, including FBI

and the U.S. Attorney's Office, concerning the BLMIS fraud or Defendants, but not including

BLMIS investors' claims asserted in the SIPA Liquidation.

**Response to Request No. 83**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 83. The Trustee further objects to this request on the grounds that it is seeks documents that

were prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.


**Document Request No. 84**

All reports, analyses, summaries, memoranda or opinions prepared by any law

enforcement, regulatory or other government or quasi-government agency, including but not

limited to the SEC, FBI, DOJ or SIPC, concerning BLMIS.

**Response to Request No. 84**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 84 particularly Nos. 4, 8 and 11. The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome, duplicative and cumulative of other discovery requests

in the litigation. Further, the Trustee objects to Request No. 84 to the extent it seeks documents

that are neither relevant to the claims and defenses in this action nor reasonably calculated to

lead to the discovery of admissible evidence. The Trustee also objects to this request to the

extent it seeks documents that were prepared by the Trustee's retained professionals as part of

the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by

the attorney-client, common interest, investigatory and bankruptcy crimes investigation

privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the

Trustee will produce non-privileged documents available to the Trustee and within his custody,

possession, or control, subject to an agreement among the parties as to the appropriate search

terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 85**

All adversary proceeding complaints filed by the Trustee in this SIPA Liquidation.

**Response to Request No. 85**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 85, particularly Nos. 2, 7 and 12. The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome and unnecessarily expansive. Further, the Trustee

objects to Request No. 85 to the extent it seeks documents that are neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence. The Trustee also objects to this request to the extent it seeks publicly available

documents obtainable through other modes of discovery that are equally accessible to

Defendants as to the Trustee. The Trustee further objects to the extent the Protective Order and

confidentiality agreements preclude disclosure of non-publicly available complaints.

**Document Request No. 86**

All transcripts of any testimony, deposition or interview taken in connection with this

SIPA Liquidation, including but not limited to any deposition taken in any adversary proceeding

or taken pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

**Response to Request No. 86**

      The Trustee repeats and incorporates his General Objections into his response to Request

No. 86, particularly Nos. 2, 7, and 14.  The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome and unnecessarily expansive.  Further, the Trustee

objects to Request No. 86 to the extent it seeks documents that are neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  The Trustee also objects to this request to the extent it seeks documents that were

prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the common interest,

investigatory and bankruptcy crimes investigation privileges and work product doctrine.


**Document Request No. 87**

      All transcripts or notes of any testimony, deposition, or interview of Madoff or other

former BLMIS officers, employees, or agents concerning BLMIS.

**Response to Request No. 87**

      The Trustee repeats and incorporates his General Objections into his response to Request

No. 87, particularly  Nos. 2, 4, 5 and 14.  The Trustee further objects to this request on the

grounds that it is overbroad, unduly burdensome, unnecessarily expansive, duplicative and

cumulative of other discovery requests in the litigation.  Further, the Trustee objects to Request

No. 87 to the extent it seeks documents that are neither relevant to the claims and defenses in this

action nor reasonably calculated to lead to the discovery of admissible evidence.  The Trustee

also objects to this request to the extent it seeks documents that were prepared by the Trustee's

retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud

and are, therefore, protected by the attorney-client, common interest, investigatory and

bankruptcy crimes investigation privileges and work product doctrine.

Subject to the foregoing, the Trustee will meet and confer with Defendant to narrow the

request to a set of deposition transcripts that are reasonably calculated to lead to admissible

evidence in this adversary proceeding and which may be disclosed pursuant to the existing

Protective Order and confidentiality agreements.


**Document Request No. 88**

All subpoenas or other formal or informal requests for documents issued by the Trustee

pursuant to Rules 2004 or 9016 of the Federal Rules of Bankruptcy Procedure, Rule 45 of the

Federal Rules of Civil Procedure, or otherwise.

**Response to Request No. 88**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 88, particularly Nos. 2, 4, 5 and 7. The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome and unnecessarily expansive. Further, the Trustee

objects to Request No. 88 to the extent it seeks documents that are neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence. The Trustee also objects to this request to the extent it seeks documents that were

prepared by the Trustee's retained professionals as part of the Trustee's investigation and

evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common

interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

## Document Request No. 89

All requests for production of documents propounded by all parties in all other adversary
proceedings commenced by the Trustee in this SIPA Liquidation.

## Response to Request No. 89

The Trustee repeats and incorporates his General Objections into his response to Request
No. 89, particularly Nos. 2, 5, 7 and 14.  The Trustee further objects to this request on the
grounds that it is overbroad, unduly burdensome and unnecessarily expansive.  Further, the
Trustee objects to Request No. 89 to the extent it seeks documents that are neither relevant to the
claims and defenses in this action nor reasonably calculated to lead to the discovery of
admissible evidence.

## Document Request No. 90

All documents produced to or by defendants in other adversary proceedings in this SIPA
Liquidation, BLMIS customers or other third parties relating to whether any third person, entity
or party: (a) knew or should have known that Madoff's IA Business was predicated on fraud; (b)
was on notice of any indicia of irregularity and fraud at BLMIS; (c) conducted reasonable due
diligence of Madoff or BLMIS; or (d) cooperated with or assisted Madoff or others at BLMIS in
perpetuating or concealing the fraud.

## Response to Request No. 90

The Trustee repeats and incorporates his General Objections into his response to Request
No. 90, particularly Nos. 2, 5, 7, 11 and 14.  The Trustee further objects to this request on the
grounds that it is overbroad, unduly burdensome, unnecessarily expansive, duplicative and
cumulative of other discovery requests in the litigation.  Further, the Trustee objects to Request
No. 90 to the extent it improperly seeks documents concerning a legal conclusion rather than a

factual allegation and seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Trustee also objects to this request to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

Subject to and without waiver of the foregoing Specific and General objections, the Trustee will produce non-privileged documents available to the Trustee and within his custody, possession, or control, subject to an agreement among the parties as to the appropriate search terms and methods that will be utilized for the purpose of gathering responsive documents.

**Document Request No. 91**

All documents received from the New York Attorney General concerning Defendants.

**Response to Request No. 91**

The Trustee repeats and incorporates his General Objections into his response to Request No. 91. The Trustee further objects to this request on the ground that it is duplicative and cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 91 to the extent it seeks documents protected by the common interest, investigatory and bankruptcy crimes investigation privileges. The Trustee also objects to this request as it seeks documents already in Defendant's possessions, including documents with Bates numbers GCC-SEC 0000001- 260255 and GCC-NYAG 0000960-276295.

**Document Request No. 92**

All documents provided by the Trustee to third parties in connection with the Trustee's sale of the BLMIS market making business.

**Response to Request No. 92**

The Trustee repeats and incorporates his General Objections into his response to Request No. 92, particularly Nos. 2 and 7. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and unnecessarily expansive. Further, the Trustee objects to Request No. 92 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 93**

All documents provided by the Trustee to third parties in connection with the Trustee's sale of the BLMIS proprietary trading business.

**Response to Request No. 93**

The Trustee repeats and incorporates his General Objections into his response to Request No. 93, particularly Nos. 2 and 7. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome and unnecessarily expansive. Further, the Trustee objects to Request No. 93 to the extent it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 94**

All proofs of claim and pleadings concerning the claims "In Litigation" referenced on the Trustee's website as of January 14, 2011.

**Response to Request No. 94**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 94, particularly Nos. 2, 7 and 14.  The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome, unnecessarily expansive and seeks publicly available

documents that are equally accessible to Defendants as to the Trustee.  Further, the Trustee

objects to Response 94 to the extent it seeks documents that are neither relevant to the claims and

defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.


**Document Request No. 95**

All proofs of claim concerning the claims "Remaining to Determine" referenced on the

Trustee's website as of January 14, 2011.

**Response to Request No. 95**

The Trustee repeats and incorporates his General Objections into his response to Request

No. 95, particularly Nos. 2, 7 and 14.  The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome and unnecessarily expansive.  Further, the Trustee

objects to Request No. 95 to the extent it seeks documents that are neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence.


**Document Request No. 96**

Exhibits 4 through 82 to the Declaration of David J. Sheehan in Support of the Trustee's

Motion to Affirm Trustee's Determination Denying Claims of Claimants Without BLMIS

Accounts in Their Names, Namely, Investors in Feeder Funds, filed in this SIPA Liquidation on

June 11, 2010.

81

**Response to Request No. 96**

      The Trustee repeats and incorporates his General Objections into his response to Request

No. 96, particularly Nos. 2 and 7.  The Trustee further objects to this request on the grounds that

it seeks documents that are neither relevant to the claims and defenses in this action nor

reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiver of the foregoing Specific and General Objections, the

Trustee will produce non-privileged documents within his custody, possession, or control, if any,

concerning Defendants that are responsive to this request.


**Document Request No. 97**

      All other documents upon which the Trustee relied in preparing the original Complaint,

the First Amended Complaint or the Second Amended Complaint in this adversary proceeding.

**Response to Request No. 97**

      The Trustee repeats and incorporates his General Objections into his response to Request

No. 97, particularly Nos. 4 and 11.  The Trustee further objects to this request on the grounds

that it is overbroad, unduly burdensome, unnecessarily expansive, duplicative and cumulative of

other discovery requests in the litigation.  Further, the Trustee objects to Request No. 97 to the

extent it seeks documents that were prepared by the Trustee's retained professionals as part of

the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by

the attorney-client, common interest, investigatory and bankruptcy crimes investigation

privileges and work product doctrine.

**Document Request No. 98**

All other documents upon which the Trustee may rely in support of any of its allegations or claims set forth in the Complaint or in defense against any affirmative defense raised in the Answer filed by any of the Defendants.

**Response to Request No. 98**

The Trustee repeats and incorporates his General Objections into his response to Request No. 98, particularly Nos. 4 and 8. The Trustee further objects to this request on the grounds that it is overbroad, unduly burdensome, unnecessarily expansive, premature, and duplicative and cumulative of other discovery requests in the litigation. Further, the Trustee objects to Request No. 98 to the extent it seeks documents that were prepared by the Trustee's retained professionals as part of the Trustee's investigation and evaluation of the Madoff fraud and are, therefore, protected by the attorney-client, common interest, investigatory and bankruptcy crimes investigation privileges and work product doctrine.

**Document Request No. 99**

All documents produced to any other defendant in this adversary proceeding, to the extent not otherwise produced in response to the foregoing requests.

**Response to Request No. 99**

The Trustee has not produced any documents to any of the Merkin Defendants or Defendant Funds. To the extent the Trustee produces documents to any Defendant in this matter, he will produce such documents to all Defendants in this matter.

Dated: New York, New York
    March 15, 2011

Of Counsel:

Baker & Hostetler LLP
1900 East Ninth Street, Suite 3200
Cleveland, Ohio  44114-3485
Telephone: (216) 632-0200
Facsimile: (216) 696-0740
Louis A. Colombo
Email: lcolombo@bakerlaw.com
Joseph F. Hutchinson, Jr.
Email: jhutchinson@bakerlaw.com
Kelly S. Burgan
Email: kburgan@bakerlaw.com
David E. Kitchen
Email: dkitchen@bakerlaw.com

/s/ David A. Cdlamw

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Marc D. Powers
Email: mpowers@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and Bernard L. Madoff*