# EXHIBIT D

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

    In the Matter

        of                          Case No.

                                    1-08-01789

    SIPC V. MADOFF,

                    Debtor.

------------------------------------x

                           August 6, 2009

                           United States Custom House

                           One Bowling Green

                           New York, New York 10004

    In Re First Application for Interim Professional Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred for Baker & Hostetler LLP, et al.

B E F O R E:

                HON. BURTON R. LIFLAND,

                          U.S. Bankruptcy Judge

1   Bankruptcy Court litigation, especially in connection with
2   the foreign countries, and we have made a number of
3   appearances in the District Court at Judge Stanton's
4   request in connection with the SEC action.
5              With respect to my fees, Your Honor, I
6   would like the record to note that I have voluntary reduced
7   my fees by 10 percent.  That is a reduction of about
8   $84,000, Your Honor.  As I indicated there is a deferral
9   of about $150,000 in the laboring case.
10             Also, I did not bill for, I wrote off
11  approximately 176 hours, which is about another $123,000.
12  So in seeking the $759,228.75, and the approval of payment
13  of $607,383, I submit, Your Honor, those are reasonable
14  requests under the circumstances of this proceeding.
15             As noted at paragraph 33 of my application
16  and contrary to the implication of certain objections that
17  have been filed with the Court and before the press, the
18  amounts that will be rewarded either today or at another
19  time are going to be turned over to Baker Hostetler, the
20  firm of which I am a partner.  I want to emphasize I will
21  not retain any portion of the award.
22             I previously reported and can tell you
23  again that the general estate has been and will continue to
24  be insufficient to meet the costs of administration
25  including legal fees.  Thus, under all appropriate