**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JUDY L. KAUFMAN, as a tenant in common,<br><br>LISA D. KAVA, as a tenant in common,<br><br>NEAL S. KAUFMAN, as a tenant in common,<br><br>JENNIFER SPRING MCPHERSON,<br><br>        Defendants. | Adv. Pro. No. 10-04527 (SMB) |

## STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS

   The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated

liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L.

Madoff, individually ("Madoff"), and defendants Judy L. Kaufman, as a tenant in common, Lisa

D. Kava, as a tenant in common, Neal S. Kaufman, as a tenant in common, as a tenant in

300350196

common ("Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, the Trustee's Complaint in this adversary proceeding alleges that BLMIS and/or Madoff made certain initial transfers (the "Initial Transfers") to or for the benefit of Defendants relating to an account Defendants held at BLMIS and/or with Madoff as tenants in common with each other and others;

**WHEREAS**, in Counts One and Two of the Trustee's Complaint, the Trustee seeks to avoid and recover from Defendants the Initial Transfers or the value thereof pursuant to, *inter alia*, sections 544, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code");

**WHEREAS**, Defendants raise certain defenses to the Trustee's claims in the Complaint;

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this Stipulation to avoid unnecessary litigation over discovery disputes in the interest of efficiency; and

**WHEREAS**, upon execution and entry of this Stipulation, the Trustee agrees to forego service of subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions where Defendants held accounts that received funds from BLMIS.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. Defendants maintained account 1CM100 at BLMIS (the "1CM100 Account") as tenants in common with each other and others in the name of Judy L. Kaufman et al. TIC.

2. Exhibit B to the Trustee's Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects the complete history of the transactions affecting the principal balance calculation of the 1CM100 Account.

3. Over the life of the 1CM100 Account, one or more of Defendants withdrew $1,800,000, which consisted of $1,133,700 in principal and $666,300 in excess of principal.

4. Between December 11, 2006 and December 11, 2008, one or more of the Defendants withdrew from the 1CM100 Account $200,000 in excess of principal.

5. By executing this Stipulation, Defendants in no way concede or admit liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA, or any other applicable law.

6. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to Defendants, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

7. This Stipulation is without prejudice to Defendants to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above.

Dated: New York, New York
July 30, 2015

| | |
|---|---|
| *s/ Marc. H. Hirschfield* | *s/ Jeffrey T. Scott* |
| **BAKER & HOSTETLER LLP** | **SULLIVAN & CROMWELL LLP** |
| 45 Rockefeller Plaza | 125 Broad Street |
| New York, NY 10111 | New York, New York 10004 |
| Telephone: (212) 589-4200 | Telephone: (212) 558-4346 |
| Facsimile: (212) 589-4201 | Facsimile: |
| David J. Sheehan | Jeffrey T. Scott |
| Email: dsheehan@bakerlaw.com | Email: scottj@sullcrom.com |
| Marc E. Hirschfield | Patrick B. Berarducci |
| Email: mhirschfield@bakerlaw.com | Email: berarduccip@sullcrom.com |
| Oren J. Warshavsky | |
| Email: owarshavsky@bakerlaw.com | *Attorneys for Defendants* |
| Tatiana Markel | |
| Email: tmarkel@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

SO ORDERED this 6<u>th</u> day of <u>August</u>, 2015.

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4