**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>Defendants. | Adv. Pro. No. 09-01182 (SMB)<br><br>Civil Case No. ______________ |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S**
**<u>MOTION TO WITHDRAW THE REFERENCE</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................1

BACKGROUND ....................2

A. The SIPA Liquidation ....................2

B. The Merkin Action ....................3

ARGUMENT ....................8

I. Standard for Withdrawal of the Reference ....................8

II. The Relevant *Orion* Factors Favor Withdrawal ....................9

A. The Trial of the Trustee's Claims Will Be Heard by the District Court ....................9

B. Because the District Court Must Ultimately Resolve Any Potential Motions for Summary Judgment, Withdrawal of the Reference Now Achieves Efficiency and Reduces Costs to the Parties ....................11

C. The other *Orion* factors are not implicated here ....................13

CONCLUSION ....................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antioch Co. Litig. Trust v. Morgan*,
No. 10-cv-156, 2012 WL 5845003 (S.D. Ohio Nov. 19, 2012) ....................11

*In re Bernard L. Madoff Inv. Secs LLC*,
773 F.3d 411 (2d Cir. 2014)....................6

*Dev. Specialists, Inc. v. Akin Gump*,
462 B.R. 457 (S.D.N.Y. 2011)....................9, 13

*In re EMS Fin. Svcs., LLC*,
491 B.R. 196 (E.D.N.Y. 2013) ....................13

*Executive Benefits Ins. Agency v. Arkison*,
134 S. Ct. 2165 (2014)....................9

*Geron v. Levine (In re Levine)*,
No. 11-cv-9101 (PAE), 2012 WL 310944 (S.D.N.Y. Feb. 1, 2012) ....................12, 13

*Granfinanciera, S.A. v. Nordberg*,
492 U.S. 33 (1989)....................12

*Kirschner v. Agoglia*,
476 B.R. 75 (S.D.N.Y. 2012)....................12

*LightSquared Inc. v. Deere & Co.*,
No. 13-cv-8157 (RMB), 2014 WL 345270 (S.D.N.Y. Jan. 31, 2014)....................9, 14

*In re Lyondell Chemical Co.*,
467 B.R. 712 (S.D.N.Y. 2012)....................12

*M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*,
No. 08-CV-1982, 2008 WL 2596322 (S.D.N.Y. June 26, 2008) ....................14

*In re Madoff Sec.*,
490 B.R. 46 (S.D.N.Y. 2013)....................8

*In re Madoff Secs.*,
No. 12-mc-115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ....................6

*Nisselson v. Salim*,
No. 12-cv-92 (PGG), 2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013) ....................11

*Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*),
4 F.3d 1095 (2d Cir. 1993)....................8, 9, 13

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Picard v. Greiff*,
476 B.R. 715 (S.D.N.Y. 2012)....................6

*Picard v. Ida Fishman Revocable Trust*,
No. 14-1129, 2015 WL 1228518 (June 22, 2015);....................6

*Picard v. Katz*,
462 B.R. 447 (S.D.N.Y. 2011)....................5

*Picard v. Katz*,
No. 11-cv-3605 (JSR), 2011 WL 7267859 (S.D.N.Y. July 5, 2011)....................5

*Picard v. Merkin*,
440 B.R. 243 (Bankr. S.D.N.Y. 2010)....................4

*Picard v. Merkin*,
515 B.R. 117 (Bankr. S.D.N.Y. 2014)....................6

*Picard v. Merkin*,
No. 09-01182, 2014 WL 6879064 (Bankr. S.D.N.Y. Dec. 4, 2014)....................7

*Picard v. Merkin*,
No. 11-mc-0012 (KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011)....................5

*Rescap Liquidating Trust v. PHH Mortg. Corp.*,
518 B.R. 259 (S.D.N.Y. 2014)....................8

*In re Residential Capital, LLC*,
No. 14-cv-6015 (RA), 2015 WL 739829 (S.D.N.Y. Feb. 20, 2015)....................8

*S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*,
94 F.3d 755 (2d Cir. 1996)....................8

*Sec. Investor Prot. Corp. v. Ida Fishman Revocable Trust*,
No. 14-1128, 2015 WL 1206353 (June 22, 2015)....................6

*Solutia Inc. v. FMC Corp.*,
No. 04-civ.-2842 (WHP), 2004 WL 1661115 (S.D.N.Y. July 27, 2004)....................12

*Stern v. Marshall*,
131 S. Ct. 2594 (2011)....................1, 8, 9, 12

*Thaler v. Parker*,
525 B.R. 582 (E.D.N.Y. 2014)....................8

*In re The VWE Group, Inc.*,
359 B.R. 441 (S.D.N.Y. 2007)....................9

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Wellness Int'l v. Sharif*,
135 S. Ct. 1932 (2015) .......... 9

**Statutes**

11 U.S.C. § 105(a) .......... 7

11 U.S.C. § 544(b)(1) .......... 7

11 U.S.C. § 546(e) .......... 4, 5, 6

11 U.S.C. § 548 .......... 1

11 U.S.C. § 548(a)(1)(A) .......... 5, 7

11 U.S.C. § 548(a)(1)(B) .......... 7

11 U.S.C. § 548(c) .......... 4, 5

11 U.S.C. § 550 .......... 1, 7

28 U.S.C. § 157(a) .......... 8

28 U.S.C. § 157(b) .......... 8

28 U.S.C. § 157(b)(2)(H) .......... 9

28 U.S.C. § 157(c) .......... 8

28 U.S.C. § 157(d) .......... 1, 8

28 U.S.C. § 157(e) .......... 9

**Rules**

Fed. R. Bankr. P. 2002 .......... 7

Fed. R. Bankr. P. 5011(a) .......... 1

Fed. R. Bankr. P. 9019 .......... 7

Fed. R. Bankr. P. 9033(b) .......... 12

Fed. R. Civ. P. 54(b) .......... 7

Local Bankruptcy Rule 5011-1 .......... 1

Local Bankruptcy Rule 7056-1(a) .......... 7

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*,[1] and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), respectfully submits this memorandum of law in support of the Trustee's motion (the "Motion") to withdraw the reference to the Bankruptcy Court under 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), and Local Bankruptcy Rule 5011-1 in the above-captioned adversary proceeding (the "Merkin Action").

## PRELIMINARY STATEMENT

This adversary proceeding involves the recovery of $280 million in fraudulent transfers under sections 548 and 550 of the Bankruptcy Code. Discovery closed on July 17, 2015.[2] Thus, this case is trial-ready and withdrawal of the reference to the District Court is now proper.

Under *Stern v. Marshall*, the Bankruptcy Court cannot enter a final judgment—whether on summary judgment or after a trial—as to defendants J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC") (together with Merkin, the "Merkin Defendants"), and Ascot Fund Limited ("Ascot Fund") in this case. None of these Defendants have filed claims in the liquidation proceeding. The Merkin Defendants and Ascot Fund have demanded a jury trial and the Merkin Defendants have indicated they will not consent to a jury trial in the Bankruptcy Court. Therefore, there is no dispute that the District Court will preside over any trial of this matter. With fact and expert discovery complete as of July 17 (except for one deposition

---

[1] For convenience, all subsequent references to SIPA shall omit "15 U.S.C."

[2] One expert deposition was extended beyond the July 17, 2015 discovery deadline by agreement of the parties. This deposition will occur on August 17, 2015. The only other issues that remain outstanding are three applications pending before the mediator appointed by the Bankruptcy Court to resolve discovery disputes, Judge Melanie Cyganowski. These applications are fully briefed and oral argument was held on February 3, 2015. On July 29, 2015, the Trustee wrote to Judge Cyganowski and respectfully requested that she issue her rulings expeditiously as discovery in the case had closed.

scheduled for August 17), and the motions to dismiss having streamlined this case as to those issues that must be tried, the case is ready for trial and withdrawal is appropriate.

Potential summary judgment motions by Defendants should not prevent withdrawal of the reference at this time. Even if they filed such motions, the Bankruptcy Court may only issue a report and recommendation to the District Court for its own *de novo* review of the report, the summary judgment motions, and underlying evidence. In certain cases, it makes sense to maintain the reference when a case may be dismissed on summary judgment and a trial before this Court is unlikely. But the Bankruptcy Court here has already indicated on multiple occasions that this case is not likely to be resolved on summary judgment. Thus, *de novo* review of the Bankruptcy Court's findings and a trial before the District Court of the claims that remain are all but certain, particularly because the central dispute in this case is a classic issue of fact: whether Defendants were "willfully blind" to the fact that Madoff was engaged in fraudulent activity.

In these circumstances, judicial economy and efficiency are best served by withdrawal of the reference now, so that any summary judgment motions can be decided by the same court that will ultimately preside over the trial of the claims that remain. And if no summary judgment motions are filed, a trial date can be set and this matter can be resolved in the most expeditious manner possible.

## BACKGROUND

### A. The SIPA Liquidation

This liquidation proceeding was commenced following an application by the Securities Investor Protection Corporation on December 15, 2008 by order of District Judge Louis L.

Stanton, who referred the case to the Bankruptcy Court.[3] On December 23, 2008, Bankruptcy Judge Burton R. Lifland entered a Claims Procedures Order, which directed customers and other creditors to file claims with the Trustee by July 2, 2009.[4] Under that order, defendants Gabriel Capital L.P. ("Gabriel"), Ariel Fund Limited ("Ariel"), and Ascot Partners, L.P. ("Ascot Partners") filed customer claims in the BLMIS SIPA proceeding on March 3, 2009.[5] Defendants Merkin, GCC and Ascot Fund did not file customer claims nor any other claims in the liquidation proceeding.

Following his appointment, the Trustee conducted an extensive investigation of the claims of the debtor. To fulfill his statutory duties, the Trustee brought over one thousand avoidance actions to avoid and recover BLMIS's preferential and fraudulent transfers for ratable distribution to BLMIS customers with allowed claims. The Trustee's suits can be broadly divided as against "good faith" and "bad faith" transferees. The Trustee seeks the return of fictitious profits from good faith transferees but is seeking the return of principal in addition to any fictitious profits that were withdrawn by transferees who he alleges lacked good faith. The Merkin Action falls into the latter category.

**B. The Merkin Action**

The Trustee commenced the Merkin Action on May 7, 2009. On December 23, 2009, the Trustee filed an amended complaint against Merkin, GCC, Ariel, Gabriel, and Ascot Partners to

---

[3] Order, *SIPC v. Bernard L. Madoff Inv. Sec.*, No. 08-1789 (SMB) (Bankr. S.D.N.Y. Dec. 15, 2008), ECF No. 1.

[4] Order, *SIPC v. Bernard L. Madoff Inv. Sec.*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 23, 2008), ECF No. 12.

[5] *See* Gotthoffer Decl. in Support of Motion by Defendants Ariel Fund Limited and Gabriel Capital L.P. to Dismiss the Second Am. Compl., *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Jan. 25, 2010), ECF No. 57 at Exs. J, K; Defendant Ascot Partners, L.P.'s Answer to the Second Am. Compl., *Picard v. Merkin*, Adv. Pro. No. 09-1182 (SMB) (Bankr. S.D.N.Y. Dec. 17, 2010), ECF No. 96 at ¶ 40.

avoid and recover preferential and fraudulent transfers under federal and state law and to disallow the claims filed by Ariel, Gabriel, and Ascot Partners. Answers were filed in December 2010, and all three contained demands for a jury trial.[6] The Merkin Defendants filed a motion to dismiss on January 25, 2010, raising various arguments under the Bankruptcy Code.[7] Defendants Ariel and Gabriel also moved to dismiss under, *inter alia*, section 546(e) of the Bankruptcy Code.[8]

Bankruptcy Judge Lifland found that the Trustee adequately pleaded his claims for actual and constructive fraudulent transfers under the Bankruptcy Code and New York's Debtor & Creditor Law. *Picard v. Merkin*, 440 B.R. 243 (Bankr. S.D.N.Y. 2010). The Bankruptcy Court rejected arguments that the Trustee's claims should be dismissed under the "good faith transferee defense" of section 548(c) of the Bankruptcy Code because it found that those issues should be determined at trial. *Id.* at 255. The Bankruptcy Court also rejected arguments that section 546(e) should apply at the pleading stage to bar the Trustee's claims. *Id*. at 266-67. The Trustee's claims for general partner liability as to Merkin survived. *Id.* at 268-69.

On August 31, 2011, District Judge Kimba M. Wood denied an interlocutory appeal of Judge Lifland's ruling, finding that there were no "substantial grounds for differences of

---

[6] Answer of Bart M. Schwartz, as Receiver of Defendants Gabriel Capital, L.P. and Ariel Fund Limited, to the Trustee's Second Amended Complaint at 1, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Dec. 16, 2010), ECF No. 94; Answer and Affirmative Defenses of Defendants J. Ezra Merkin and Gabriel Capital Corporation at 1, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Dec. 17, 2010), ECF No. 95; Defendant Ascot Partners L.P.'s Answer to Second Amended Complaint of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC at 1, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Dec. 17, 2010), ECF No. 96.

[7] *See* Memorandum of Law in Support of Defendants J. Ezra Merkin's and Gabriel Capital Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Jan. 25, 2010), ECF No. 54.

[8] Memorandum of Law in Support of Motion by Defendants Ariel Fund Ltd. and Gabriel Capital L.P. to Dismiss the Second Amended Complaint, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Jan. 25, 2010), ECF No. 56.

opinion" with respect to each of the legal rulings that were challenged. *See generally Picard v. Merkin*, No. 11-mc-0012 (KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011). Judge Wood analyzed the Trustee's claims for actual and constructive fraudulent transfers under both the Bankruptcy Code and New York Debtor & Creditor Law. For the Trustee's claims of actual fraudulent transfers under the Bankruptcy Code, the District Court agreed that the Trustee does not need to plead whether the recipient of a fraudulent transfer possessed any fraudulent intent. *Id*. at *4-5. The District Court also agreed with the Bankruptcy Court's finding that the Trustee adequately pleaded fraudulent intent of the transferee-defendants, a requirement to recover fraudulent transfers under New York state law. The District Court analyzed the defenses under section 548(c) and section 546(e) and found no error in the Bankruptcy Court's rulings. *Id.* at *13.

Meanwhile, defendants to a separate avoidance action by the Trustee, *Picard v. Katz*, filed a motion to withdraw the reference, which was granted by the District Court. *Picard v. Katz*, No. 11-cv-3605 (JSR), 2011 WL 7267859, at *1 (S.D.N.Y. July 5, 2011). Thereafter, the District Court granted a motion to dismiss in *Katz*, holding section 546(e) precluded the Trustee's avoidance claims except those under section 548(a)(1)(A) of the Bankruptcy Code. *Picard v. Katz*, 462 B.R. 447, 452-53 (S.D.N.Y. 2011). Numerous defendants to other avoidance actions followed with their own motions to withdraw the reference, including Defendants to the Merkin Action.[9]

[9] These motions were part of a consolidated proceeding, whereby overlapping issues raised by various parties to the Trustee's adversary proceedings were addressed. *See* Order, *In re Madoff Sec.*, No. 12–mc-115 (JSR) (S.D.N.Y. May 16, 2012), ECF No. 119 (withdrawing reference as to Ariel & Gabriel); Order at 36, *In re Madoff Sec.*, No. 12-mc-115 (JSR) (S.D.N.Y. July 12, 2012), ECF No. 244 (withdrawing reference as to Merkin & GCC).

The District Court applied its prior *Katz* ruling regarding section 546(e) in *Picard v. Greiff*, 476 B.R. 715, 718 (S.D.N.Y. 2012). While *Greiff* was pending, the District Court separately heard the legal issue of whether section 546(e) applied to defendants who also allegedly acted in bad faith. On April 15, 2013, the District Court ruled that section 546(e) does not apply to transfers from BLMIS if the Trustee can show that an initial or subsequent transferee had actual knowledge of Madoff's fraud and that it was the Trustee's burden to plead such facts (the "Actual Knowledge Decision"). *In re Madoff Secs.*, No. 12-mc-115 (JSR), 2013 WL 1609154, at *3-4 (S.D.N.Y. Apr. 15, 2013). The Second Circuit affirmed the *Greiff* decision on December 8, 2014, *In re Bernard L. Madoff Inv. Secs LLC*, 773 F.3d 411 (2d Cir. 2014) and subsequent petitions for certiorari were denied. *Picard v. Ida Fishman Revocable Trust*, No. 14-1129, 2015 WL 1228518 (June 22, 2015); *Sec. Investor Prot. Corp. v. Ida Fishman Revocable Trust*, No. 14-1128, 2015 WL 1206353 (June 22, 2015).

Following the Actual Knowledge Decision, the Trustee filed a third amended complaint in the Merkin Action on August 30, 2013 to include allegations related to actual knowledge and willful blindness.[10] Defendants thereafter sought dismissal of the Trustee's claims based in part on the Actual Knowledge Decision.[11] On August 12, 2014, Bankruptcy Judge Stuart M. Bernstein held that the Trustee did not sufficiently plead "actual knowledge," but did meet the pleading standard for "willful blindness." *Picard v. Merkin*, 515 B.R. 117, 141, 146 (Bankr.

---

[10] *See* Third Amended Complaint, *Picard v. Merkin*, No. 09-01182 (Bankr. S.D.N.Y. Aug. 30, 2013), ECF No. 151.

[11] *See, e.g.*, Memorandum of Law in Support of Defendants J. Ezra Merkin's and Gabriel Capital Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint at 15-23, ECF No. 166; Memorandum of Law in Support of Motion of Bart M. Schwartz, as Receiver of Defendants Ariel Fund Limited and Gabriel Capital, L.P. to Dismiss the Third Amended Complaint at 24-26, ECF No. 161; Memorandum of Law in Support of Defendant Ascot Fund Limited's Notice of Motion to Dismiss the Third Amended Complaint and to Sever at 7-11, ECF No. 183.

S.D.N.Y. 2014). Thus, the Bankruptcy Court denied the motions to dismiss the Trustee's actual fraudulent transfer claims brought under Bankruptcy Code section 548(a)(1)(A), recovery claims under section 550 for initial and subsequent transfers, general partner liability claims, and equitable subordination. The Bankruptcy Court granted the motions as to the Trustee's claims under section 548(a)(1)(B), section 544(b)(1), and the N.Y.D.C.L., as well as the claims disallowance counts. The Trustee sought leave to appeal the partial dismissal under Federal Rule of Civil Procedure 54(b), which was denied on December 4, 2014. *Picard v. Merkin*, No. 09-01182, 2014 WL 6879064 (Bankr. S.D.N.Y. Dec. 4, 2014).

Since that time, the Trustee settled his claims against Ariel and Gabriel.[12] Fact discovery closed on January 30, 2015 and expert discovery closed on July 17, 2015.[13] Under the Ninth Amended Case Management Plan[14] and Local Bankruptcy Rule 7056-1(a), any party that wishes to make a motion for summary judgment must submit a letter request for a pre-motion conference with the Bankruptcy Court by August 14, 2015. However, the Bankruptcy Court has indicated on numerous occasions that the Trustee's claims that remain following its decision on the motion to dismiss are not ripe for summary judgment practice.[15] Thus, other than a potential summary judgment motion by the remaining Defendants, no issues remain prior to trial. Accordingly, the Trustee's Motion should be granted for the reasons set forth below.

---

[12] Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement Between the Trustee and Gabriel Capital, L.P., Ariel Fund Ltd., and Bart M. Schwartz As the Appointed Receiver of Gabriel Capital, L.P. and Ariel Fund Ltd., *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. June 23, 2015), ECF No. 270.

[13] *See* Ninth Amended Case Management Plan at 2, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Apr. 23, 2015), ECF No. 264. As noted above in footnote 2, there is one extant deposition scheduled for August 17, 2015.

[14] *Id.* at 3.

[15] *See infra*, notes 18-21.

## ARGUMENT

### I. Standard for Withdrawal of the Reference

In the Southern District of New York, all matters related to or arising under title 11 are automatically referred to the Bankruptcy Court. Amended Standing Order of Reference, No. 12-mc-00032, M10-468 (S.D.N.Y. Feb. 1, 2012); *see* 28 U.S.C. § 157(a). However, this automatic reference may be withdrawn "for cause." 28 U.S.C. § 157(d); *In re Residential Capital, LLC*, No. 14-cv-6015 (RA), 2015 WL 739829, at *3 (S.D.N.Y. Feb. 20, 2015). When ruling on a motion to withdraw the reference for cause, courts consider the following factors: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) delay and costs to the parties; (4) uniformity of bankruptcy administration; (5) forum shopping; and (6) other related factors (collectively, the "Orion Factors"). *See Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993); *Rescap Liquidating Trust v. PHH Mortg. Corp.*, 518 B.R. 259, 263 (S.D.N.Y. 2014) (citing *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996)). The party seeking withdrawal bears the burden of establishing "cause." *See Thaler v. Parker*, 525 B.R. 582, 585 (E.D.N.Y. 2014).

Prior to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), courts have generally considered the first *Orion* factor of whether a claim is core or non-core to be a threshold issue. *See Rescap*, 518 B.R. at 263. Following *Stern*, however, courts consider whether the Bankruptcy Court has the authority, consistent with Article III of the Constitution, to enter a final order with respect to the claims at issue, in tandem with its consideration of whether a claim is statutorily core. *See* 28 U.S.C. § 157(b), (c); *Stern v. Marshall*, 131 S. Ct. 2594; *Rescap*, 518 B.R. at 263-64; *accord In re Madoff Sec.*, 490 B.R. 46, 57 (S.D.N.Y. 2013). In certain circumstances, the parties may

consent to the final adjudication of claims by the Bankruptcy Court. *See Wellness Int'l v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015).

## II. The Relevant *Orion* Factors Favor Withdrawal

### A. The Trial of the Trustee's Claims Will Be Heard by the District Court

Withdrawal of the reference is appropriate now as the District Court will preside over the trial of the Trustee's claims and the case is trial-ready. Discovery closed on July 17, 2015. The Merkin Defendants and Ascot Fund did not file claims against the BLMIS estate. The Trustee's claims against the Merkin Defendants and Ascot Fund are treated as non-core[16] and thus cannot be finally determined by the Bankruptcy Court. The Merkin Defendants and Ascot Fund have made jury demands and the Merkin Defendants will not consent to a jury trial in the Bankruptcy Court.[17]

In these circumstances, the trial cannot proceed in the Bankruptcy Court because the Bankruptcy Court lacks the constitutional authority to adjudicate the Trustee's claims and is not statutorily empowered to conduct a jury trial absent the consent of the parties. 28 U.S.C. § 157(e); *Dev. Specialists, Inc. v. Akin Gump*, 462 B.R. 457, 467-70 (S.D.N.Y. 2011). This fact, coupled with the jury demand by all Defendants, tips the scale in favor of withdrawal of the reference. *See LightSquared Inc. v. Deere & Co.*, No. 13-cv-8157 (RMB), 2014 WL 345270, at *5 (S.D.N.Y. Jan. 31, 2014); *see also In re The VWE Group, Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007) ("Under *Orion*, the court's finding that the claim is non-core coupled with the defendants'

[16] The avoidance and recovery of fraudulent transfers are statutorily core claims. *See* 28 U.S.C. § 157(b)(2)(H). Under *Stern* and its progeny, however, statutorily "core" claims that cannot be resolved in conjunction with the determination of a party's proof of claim are treated as "non-core." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173 (2014).

[17] *See* Memorandum of Law In Support Of Motion Of Defendants J. Ezra Merkin And Gabriel Capital Corporation To Withdraw The Reference To The Bankruptcy Court at 2, No. 12-cv-02933 (S.D.N.Y. Apr. 13, 2012), ECF No. 2 ("The Merkin Defendants do not consent to a jury trial before the Bankruptcy Court.").

jury demand is sufficient cause to withdraw the reference."). Thus, because discovery closed on July 17 and the District Court will preside over the trial in this case in any event, the interests of judicial economy and efficiency would be served by withdrawing the reference now.

This is particularly true because the claims that remain to be tried are not ripe for summary judgment, as recognized on several occasions by the Bankruptcy Court. At a hearing in October 2014, the Bankruptcy Court commented:

> This doesn't sound like a case that's ripe for summary judgment . . . if the issue is what . . . you know, what Merkin knew[18]. . . It's just disputed evidence . . . I wouldn't grant summary judgment in a case where somebody says he knew and another person says he didn't.[19] I'm not going to try this case through depositions. If they have evidence that suggests that he was willfully blind and you have evidence that suggests that he wasn't or that what they say the people said they didn't say I'm not going to decide that on the motion for summary judgment.[20]

More recently, the Bankruptcy Court reiterated that it did not "know if this is the type of case where summary judgment is going to make a lot of sense."[21]

Indeed, the crux of this case—Merkin's willful blindness and whether it can be imputed to the remaining Defendants—is riddled with questions of fact that will require testimony at trial. The other claims for general partner liability, imputation, and equitable subordination are claims that must be resolved on the basis of the same factual evidence that relates to willful blindness. Each of these claims present classic fact issues that cannot be determined in a vacuum on summary judgment, as recognized by the Bankruptcy Court.

---

[18] Hr'g Tr. Oct. 2, 2014, at 31:15-19, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2014), ECF No. 241.

[19] *Id.*, at 41:13-17.

[20] *Id.*, at 41:22-42:2.

[21] Hr'g Tr. May 7, 2015, at 7:7-11, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. May 8, 2015), ECF No. 265.

Aside from summary judgment, there is nothing left for the Bankruptcy Court to resolve. Discovery closed on July 17, 2015. Courts have withdrawn the reference at the close of discovery to streamline the issues for trial.[22] *See Antioch Co. Litig. Trust v. Morgan*, No. 10-cv-156, 2012 WL 5845003, at *2 (S.D. Ohio Nov. 19, 2012) (finding "it makes good sense to withdraw the reference at the close of fact discovery, so that this Court can define the scope of facts and issues to be tried.").

**B. Because the District Court Must Ultimately Resolve Any Potential Motions for Summary Judgment, Withdrawal of the Reference Now Achieves Efficiency and Reduces Costs to the Parties**

Just as any trial and judgment on the Trustee's claims must be had in the District Court, any grant of summary judgment must also be entered by the District Court. The Merkin Defendants have indicated that they intend to move for summary judgment.[23] But the Bankruptcy Court cannot grant that relief as to the Merkin Defendants because they did not file claims in the liquidation proceeding.[24] Courts in this district have found that bankruptcy courts may not enter final judgments as to such claims unless they are "necessarily resolved in ruling on a creditor's proof of claim." *See Nisselson v. Salim*, No. 12-cv-92 (PGG), 2013 WL 1245548, at

[22] The three applications that remain pending with the discovery mediator should not prevent withdrawal of the reference now. Those applications have been pending since February 2015 and should not delay this case from going to trial. If the Court were to withdraw the reference, the Court could direct the discovery mediator to issue her rulings as part of the pretrial procedures before this Court.

[23] Memorandum of Law in Support of Defendants J. Ezra Merkin and Gabriel Capital Corporation to Withdraw the Reference to the Bankruptcy Court at 2, 4, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Apr. 2, 2012), ECF No. 125; *see also* Hr'g Tr. Oct. 2, 2014 at 42:4-5, *Picard v. Merkin*, No. 09-01182 ("we do think that we will have a summary judgment motion").

[24] Should Ascot Fund also move for summary judgment, similar arguments would apply to them as they similarly did not file a claim against the BLMIS estate.

*5 (S.D.N.Y. Mar. 25, 2013); *see also Kirschner v. Agoglia*, 476 B.R. 75, 79, 81 (S.D.N.Y. 2012) (citing *Stern*, 131 S. Ct. at 2611-18)).[25]

In these circumstances, judicial economy would be best served by withdrawal of the reference so that any summary judgment motions can be decided by the same court that will ultimately preside over the trial. *See, e.g., Geron v. Levine (In re Levine)*, No. 11-cv-9101 (PAE), 2012 WL 310944, at *4 (S.D.N.Y. Feb. 1, 2012) ("Because the case would . . . be withdrawn from the Bankruptcy Court for the purposes of trial, efficient use of judicial resources counsels in favor of withdrawal before resolution of the summary judgment motions.").

The fact that the Bankruptcy Court may enter a report and recommendation on summary judgment is outweighed here by the significant delay that such procedures will create. *See* Fed. R. Bankr. P. 9033(b) (providing timeline for objections and responses to those objections to the Bankruptcy Court's proposed findings). Any report and recommendation must be reviewed *de novo* by the District Court, meaning that any summary judgment motions would have to be briefed and argued twice before a final decision is entered. Avoiding duplication is a sound basis to withdraw the reference. *See, e.g., Solutia Inc. v. FMC Corp.*, No. 04-civ.-2842 (WHP), 2004 WL 1661115, at *3 (S.D.N.Y. July 27, 2004) (granting withdrawal to avoid "having two courts administer two rounds of briefing and argument on the same issues").

---

[25] Ascot Partners filed a customer claim in this liquidation proceeding. Thus, if Ascot Partners were the only defendant remaining in this adversary proceeding, case law dictates that it would not have a right to a jury trial since the Trustee's claims for avoidance and recovery of fraudulent transfers would necessarily resolve Ascot Partners' customer claim. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57-58 (1989); *In re Lyondell Chemical Co.*, 467 B.R. 712, 725 (S.D.N.Y. 2012). But there is no practical reason to bifurcate the trial such that the Bankruptcy Court hears the claims against Ascot Partners and the District Court hears the claims against the other Defendants. Indeed, the Bankruptcy Court has previously denied a motion to sever one defendant (Ascot Fund) from this action. *See* Hr'g Tr. Apr. 30, 2014 at 44:6, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. May 1, 2014), ECF No. 210.

Given that the issues that remain in the case are highly fact-specific and relate primarily to Merkin's state of mind, a trial on the Trustee's claims is unavoidable. It makes little sense for the Bankruptcy Court to invest significant further resources resolving a motion for summary judgment just to have the case removed to the District Court for *de novo* review and then a trial. For efficiency reasons, district courts may withdraw the reference and bypass the report-and-recommendation procedure. *See e.g., Levine*, 2012 WL 310944, at *4 (in adversary proceeding involving core and non-core claims, finding efficiency would best be served by withdrawing the reference). Doing so here would be an efficient use of judicial resources and avoid delay and significant costs to the parties.

**C. The other *Orion* factors are not implicated here**

The remaining Orion factors—uniformity of bankruptcy administration, forum shopping, and "other related factors"—are neutral. And as discussed above, the Bankruptcy Court lacks final adjudicative authority as to the Merkin Defendants and Ascot Fund, making withdrawal appropriate. Indeed, once the District Court determines that the Bankruptcy Court lacks final adjudicative authority, "the remaining *Orion* considerations will often tend to point toward withdrawal." *Dev. Specialists*, 462 B.R. at 467; *see also In re EMS Fin. Svcs., LLC*, 491 B.R. 196, 205 (E.D.N.Y. 2013) ("In light of the Court's findings that this is a non-core matter, the Court finds that the remaining *Orion* factors weigh in favor of withdrawing the reference in this case.").

The parties do not dispute that the Bankruptcy Court cannot enter a final judgment against the Merkin Defendants and Ascot Fund, and any jury trial must proceed in this Court. Thus, any uniformity or efficiency that could be achieved by keeping this case in the Bankruptcy Court is outweighed by the fact that this case must ultimately be resolved by the District Court. The case has properly remained in the Bankruptcy Court with the Trustee's other fraudulent

transfer actions through the close of discovery, and the benefits of uniformity of bankruptcy administration have been realized to the extent possible, in light of the necessity of conducting trial in the District Court. *See e.g.*, *LightSquared Inc. v. Deere & Co.*, 2014 WL 345270, at *6 (withdrawing reference in non-core proceeding unlikely to negatively impact uniformity of bankruptcy proceeding) (citing *M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*, No. 08-CV-1982, 2008 WL 2596322, at *4 (S.D.N.Y. June 26, 2008)).

## CONCLUSION

The Trustee respectfully requests that the motion to withdraw the reference be granted and such other and further relief as the Court deems proper.

Dated: New York, New York
August 10, 2015

Respectfully submitted,

By: */s/ David J. Sheehan*

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Lan Hoang
lhoang@bakerlaw.com
Seanna R. Brown
sbrown@bakerlaw.com
Brian Song
bsong@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*