# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 11, 2015

Jonathan B. New
direct dial: 212.589.4650
jnew@bakerlaw.com

**VIA ECF AND E-MAIL**
**[BERNSTEIN.CHAMBERS@NYSB.USCOURTS.GOV]**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:    Picard v. Mendelow, et al., Adv. Pro. No. 10-04283 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investments Securities LLC under the Securities Investor Protection Act, 15 U.S.C.§§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), with respect to continuing discovery disputes in the above-referenced proceeding.  Defendants in the above-referenced adversary proceeding have failed to comply with their obligations to adequately respond to the Trustee's Interrogatory Requests and Requests for Production of Documents.  Although the parties have conferred several times, they have been unable to resolve these disputes by agreement.

      By way of background, in this action the Trustee seeks to avoid and recover approximately $20 million in lifetime transfers to the Defendants on the basis that they had actual knowledge of fraud.  The Defendants answered the Complaint on November 14, 2014, and the parties subsequently entered into a Case Management Order on January 23, 2015.  (See Dkt. Nos. 60-65, 69).  The Trustee served Requests for Production ("RFPs") and Interrogatories on May 14, 2015 (collectively, the "Discovery Requests").  The Defendants served responses to the Discovery Requests July 10, 2015.

      Defendants have failed to provide specific responses and/or objections to any of the individual Interrogatories or Requests for Production.  Instead, Defendants have generally objected to the Discovery Requests on the grounds, among others, that "they seek information that is not relevant to the parties claims or defenses and admissible or reasonably calculated to lead to the discovery of admissible evidence."  Defendants have only agreed to provide

Honorable Stuart M. Bernstein
August 11, 2015
Page 2

documents "sufficient to evidence each of the transfers within the two years of the filing of the bankruptcy petition." Defendants' Responses and Objections to Interrogatories, Pg. 2.

Defendants base their blanket refusal to respond to the Discovery Requests on their pending partial Motion for Judgment on the Pleadings [Dkt. Nos. 60-65], despite the fact that they have neither sought nor received an order staying discovery. Rather, they assume that their motion will prevail and that, therefore, any discovery requests concerning matters other than the existence of the two-year transfers are irrelevant and "frivolous." The Trustee recently filed an opposition brief and expects that the motion will be denied in its entirety.

When a party unjustifiably refuses to participate in discovery, the Federal Rules confer upon the Court the authority to compel the recalcitrant party to comply. *See* Fed. R. Civ. P. 37. Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests a conference with the Court to resolve the ongoing disputes arising out of Defendants' continued failures. Such a conference will undoubtedly assist the Trustee in completing the discovery to which he is entitled to in these proceedings, and will hopefully obviate the need for discovery-related motion practice.

Sincerely,

*/s/ Jonathan B. New*


Jonathan B. New




cc:    Lisa Solbakken, Esq.
       Stanley Arkin, Esq.