# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 12, 2015

Jimmy Fokas
direct dial: 212.589.4272
jfokas@bakerlaw.com

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Securities Investor Protection Corporation v. Bernard L.
      Madoff Investment Securities LLC;  Adv. Pro. No. 08-01789 (SMB); *Picard v.
      Avellino (In re BLMIS),* Case No. 10-05421 (SMB)

Dear Judge Bernstein:

At oral argument on July 29, 2015, the Court requested that the parties to the above-referenced adversary proceeding submit supplemental memoranda on the issue of whether the Trustee may recover fraudulent transfers made by Bernard L. Madoff Investment Securities ("BLMIS") prior to its change in corporate form in 2001 from a sole proprietorship to a limited liability company. Hr'g Tr. July 29, 2015 at 34-38.

The Trustee is authorized to recover all transfers made by BLMIS, including those made prior to 2001 when it converted from a sole proprietorship to a limited liability company because: (1) the District Court Order commencing this proceeding expressly authorized the Trustee to act on behalf of the "debtor," which has a special meaning under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and (2) this Court's Order substantively consolidating the individual chapter 7 estate of Bernard L. Madoff into this liquidation proceeding of BLMIS under SIPA expressly authorized the Trustee to recover transfers made by BLMIS prior to its formation as a limited liability company.  The Trustee is not, as Defendants contend, seeking to avoid transfers made by a non-debtor entity.  Instead, the Trustee, on behalf of the substantively consolidated debtors of Madoff and BLMIS, is exercising the avoidance and recovery powers vested in him through these two Orders, SIPA, and the Bankruptcy Code.

August 12, 2015
Page 2

### A.    The District Court's Order Appointed the Trustee for the Liquidation of the "Member" Broker-Dealer of SIPC, and BLMIS Has Always Been the Same "Member"

Under SIPA, a SIPA Trustee "has the same powers and title with respect to the debtor and the property of the debtor," as a trustee in a case under title 11 of the United States Code, including the right "to recover any property transferred by the debtor which, except for such transfer, would have been customer property if and to the extent that such transfer is voidable or void under the provisions of title 11."  SIPA §§ 78fff-1(a) and (c)(3).[1]

Critically, the term "debtor" has a special definition in SIPA liquidation proceedings: "a member of SIPC with respect to whom an application for a protective decree has been filed under section 78eee(a)(3) of this title."[2]  SIPA § 78*lll*(5).  The "members" of SIPC include "all persons registered as broker-dealers" with the Securities and Exchange Commission ("SEC") under section 78*o*(b) of Title 15.  SIPA § 78ccc(a)(2)(A).

On December 15, 2008, SIPC filed an application in the United States District Court for the Southern District of New York seeking a protective decree under SIPA § 78eee that the customers of one of its member broker-dealers, Bernard L. Madoff Investment Securities LLC, were in need of protection under SIPA.  Application of the Securities Investor Protection Corporation at ¶ 2, *SIPC v. BLMIS*, No. 08-civ-10791 (LLS) (S.D.N.Y. Dec. 15, 2008), ECF No. 5.

The District Court granted SIPC's application, entering an Order that the customers of Bernard L. Madoff Investment Securities LLC were in need of the protection afforded by SIPA.  Order at 2, *SIPC v. BLMIS*, No. 08-civ-10791 (LLS) (S.D.N.Y. Dec. 15, 2008), ECF No. 4 (the "District Court Order").  The District Court Order appointed Irving Picard as Trustee, with all the duties and powers of a trustee as prescribed in SIPA.  *Id.*  Under SIPA § 78eee(b)(2), the District Court had exclusive jurisdiction over the "debtor" and its property.

Previously, this Court found that the SIPC "member" at issue in this liquidation proceeding–BLMIS–was continually the same registered broker-dealer, despite Madoff's change in business

---

[1] A SIPA liquidation is conducted in accordance with the Bankruptcy Code, but where these two statutory schemes are not consistent, SIPA governs.  SIPA § 78fff(b).

[2] This differs from the Bankruptcy Code, which provides that a "debtor" is an individual, a partnership, or a corporation.  *See* 11 U.S.C. §§ 109(a) and 101(41).

August 12, 2015
Page 3

form.[3] The Form-BD Application for Broker-Dealer Registration submitted to the SEC by Madoff in connection with the change in business form of BLMIS in 2001 expressly identified that it was an amendment to an existing broker-dealer's registration – not a new application of a separate broker-dealer seeking to register with the SEC.[4] *Id.* Indeed, the SEC registration number of BLMIS always remained 8-8132. *See* Declaration of Kevin H. Bell, Exs. A and B, *SIPC v. BLMIS*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. June 6, 2014), ECF No. 6928. Thus, BLMIS was at all relevant times only one registered broker-dealer "member" of SIPC. Pursuant to the District Court Order, the Trustee is the duly appointed trustee of the liquidation of that member "debtor," regardless of the business form that member may have taken over time. *See* SIPA § 78*lll*(5).

Moreover, the District Court Order specifically appointed Irving H. Picard as "trustee for the liquidation of the business of the Defendant." District Court Order at 2. When BLMIS nominally changed business form, it succeeded to all assets and liabilities of the sole proprietorship, and there was no change in ownership or control of that business. Inter Account Decision at 60. Accordingly, as this Court previously found, "the incorporation of BLMIS as a limited liability company continued [Madoff's] business without change." *Id.* Thus, the "business" of Bernard L. Madoff Investment Securities LLC on whose behalf Trustee was

---

[3] As this Court found:

> Madoff has always been a member of SIPC, and the incorporation of BLMIS as a limited liability company continued his business without change. As of January 19, 1960, Bernard L. Madoff, a sole proprietorship, later known as BLMIS, was registered as a broker-dealer with the SEC. (*See* Bell Declaration, Ex. A.) On December 30, 1970, when SIPA was enacted, he automatically became a member of SIPC. *See* SIPA § 78ccc(a)(2)(A) (stating that all brokers or dealers registered under 15 U.S.C. § 78o(b) are required to be SIPC members). The Form BD–Amendment filed on January 12, 2001, stated that "[e]ffective January 1, 2001, predecessor will transfer to successor all of predecessor's assets and liabilities related to the predecessor's business. The transfer will not result in any change in ownership or control." (Bell Declaration, Ex. B at 9–10.) In addition, the amendment checked a "yes" box in answer to a question asking whether the applicant is "succeeding to the business of a currently registered broker-dealer." (Bell Declaration, Ex. B at 5.) Thus, nothing has changed since 1960 except for the business form that Madoff used to conduct his Ponzi scheme.

*Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 522 B.R. 41, 60 (S.D.N.Y. Bankr. 2014) ("Inter Account Decision") (citations and alteration in original).

[4] *See id.*; *see also* Amended Complaint ¶ 102 ("Madoff founded BLMIS in or about 1960 as a sole proprietorship. On January 1, 2001, Madoff continued BLMIS as a sole member limited liability company under the laws of the State of New York. BLMIS's ownership and control did not change since its formation in 1960. During that time, BLMIS had been continually registered with the SEC and remained a SIPC member since its formation in late 1970"), *Picard v. Avellino*, No. 10-05421 (SMB) (Bankr. S.D.N.Y. Nov. 24, 2014), ECF No. 86.

August 12, 2015
Page 4

appointed to act *includes* the business the limited liability company succeeded to from the sole proprietorship.

Accordingly, the District Court Order expressly provides the Trustee with the authority to pursue all fraudulent transfers made by the business of BLMIS, regardless of any nominal changes in the form of the entity through which Madoff operated the Ponzi scheme.

**B.     The Order of this Court Substantively Consolidating the Individual Chapter 7 Estate of Bernard L. Madoff into the SIPA Liquidation Proceeding Expressly Provides the Trustee with Authority to Recover Fraudulent Transfers on Behalf of the Combined Estates**

In addition to the District Court Order, the Order of this Court substantively consolidating the individual chapter 7 estate of Bernard L. Madoff into the SIPA liquidation proceeding *nunc pro tunc* to December 11, 2008 expressly provides that the Trustee is authorized to recover transfers made by BLMIS as a sole proprietorship.

On June 10, 2009, this Court entered a "Consent Order Substantively Consolidating the Estate of Bernard L. Madoff Into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC and Expressly Preserving All Rights, Claims and Powers of Both Estates." *SIPC v. BLMIS*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. June 10, 2009), ECF No. 252 (the "Substantive Consolidation Order"). The Court found that substantive consolidation of the two estates was particularly appropriate given the fact that creditors dealt with Madoff and BLMIS as a single economic unit, as well as the intertwined nature of financial affairs between Madoff and BLMIS, as detailed in the Trustee's moving papers.[5] Substantive Consolidation Order, ¶¶ L and M. In particular, the Court concluded that substantive consolidation would ensure the equitable treatment of all creditors of both estates. *Id.* at ¶ M.

Accordingly, the Substantive Consolidation Order merged the chapter 7 estate of Bernard L. Madoff into the BLMIS SIPA proceeding *nunc pro tunc*, and all assets and liabilities of the two estates were deemed consolidated. The Substantive Consolidation Order further directed that the consolidated proceeding would be administered in accordance with SIPA and the Bankruptcy

---

[5] *See* Trustee's and SIPC's Joint Memorandum of Law in Support of Motion for Substantive Consolidation, *SIPC v. BLMIS*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. May 5, 2009), ECF No. 196; *see also* Affidavit of Michael Slattery, Jr., *SIPC v. BLMIS*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. May 5, 2009), ECF No.197. Some of the more detailed findings and conclusions adopted by the Court in the Substantive Consolidation Order included that from 1960 until 2008, Madoff controlled all of the business activities of BLMIS, first as sole proprietor and subsequently as the sole member and chairman of the limited liability company; that Madoff treated BLMIS's bank accounts as his own and used customers' funds to pay his and his family members' expenses and to fund a lavish lifestyle; and that Madoff and BLMIS failed to adhere to corporate formalities. *See* Substantive Consolidation Order at ¶ L.

August 12, 2015
Page 5

Code. *Id.* at ¶ 3. Finally, the Substantive Consolidation Order expressly preserved all rights, claims and powers of both estates and expressly authorized the SIPA Trustee to act on behalf of the joint estates with respect to the avoidance and recovery of fraudulent transfers:

> The SIPA Trustee is authorized to pursue claims on behalf of the consolidated estate as the representative of and fiduciary for the BLMIS SIPA Proceeding and as subrogee and assignee of creditors' claims for, among other things, the avoidance and recovery of transferred property.

*Id.* at ¶¶ 4 and 7.

The Substantive Consolidation Order's substantive consolidation of estates *nunc pro tunc* to authorize and preserve a trustee's actions to avoid all fraudulent transfers made in the course of a Ponzi scheme – including transfers made by what had previously been a non-debtor entity – is entirely appropriate. *In re Bonham*, 229 F.3d 750, 765 (9th Cir. 2000) (holding bankruptcy court did not err in ordering substantive consolidation *nunc pro tunc* of individual estate of Ponzi scheme orchestrator with corporate businesses, and in preserving trustee's avoidance powers to recover fraudulent transfers made in the course of the scheme to permit the trustee to redistribute them equitably to all of the debtors' creditors); *see also Gray v. O'Neill Properties Group, L.P. (In re Dehon, Inc.)*, 2004 WL 2181669 at *6 (Bankr. D. Mass. Sep. 24, 2004) (finding Plan Administrator's standing to pursue actions to recover fraudulent transfers made by non-debtor entities would be rendered moot by substantive consolidation *nunc pro tunc*). Moreover, SIPA trustees have served as trustees of consolidated estates of a SIPC member and a chapter 7 debtor. *See Matter of Lewellyn*, 26 B.R. 246, 253-54 (Bankr. S.D. Iowa 1982); *see also S.E.C. v. Wick*, 360 F. Supp. 312 (N.D. Ill. 1973) (court finding it appropriate for SIPA trustee to administer both business and personal assets of a sole proprietor debtor).

Thus, the Trustee is expressly authorized by the District Court Order and the Substantive Consolidation Order *nunc pro tunc* to December 11, 2008 to pursue fraudulent transfers made by BLMIS on behalf of both consolidated estates at all relevant times, whether it made such

August 12, 2015
Page 6

transfers during the time it was organized as a limited liability company or at a time when it was organized as a sole proprietorship.[6] Accordingly, the Defendants' motion to dismiss should be denied in its entirety.

Respectfully submitted,

*/s/ Jimmy Fokas*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jimmy Fokas
Email: jfokas@bakerlaw.com
Kathryn M. Zunno
Email: kzunno@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the estate of Bernard L. Madoff*

cc:    Gary A. Woodfield, Esq. (via e-mail:  gwoodfield@haileshaw.com)
       Jonathan Etra, Esq. (via e-mail:  jetra@broadandcassel.com)
       Kevin H. Bell, Esq., Securities Investor Protection Corporation (via e-mail: kbell@sipc.org)

---

[6] The chapter 7 Trustee, Alan Nisselson, has advised that he concurs that the Trustee has the authority to seek to avoid all fraudulent transfers made at any time by BLMIS.  If for any reason the Court concludes that the Trustee is not authorized to recover fraudulent transfers made by BLMIS prior to the time it existed as a limited liability company, but rather that the chapter 7 Trustee of Madoff is the necessary party at interest with respect to transfers made by BLMIS while it was a sole proprietorship, the Trustee would respectfully submit that the Court could grant leave to amend the pleadings formally to add the chapter 7 Trustee as a plaintiff.  *See* Fed. R. Civ. P. 15, 17; *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).