

**SECURITIES INVESTOR PROTECTION CORPORATION**
1667 K STREET N.W. SUITE 1000
WASHINGTON, D.C. 20006
(202) 371-8300
WWW.SIPC.ORG

OFFICE OF THE GENERAL COUNSEL

August 12, 2015

**VIA FEDERAL EXPRESS**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
 for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

**RE:  Picard v. Avellino (In re BLMIS),**
        **Case No. 10-05421-smb (Bankr. S.D.N.Y.)**

Dear Judge Bernstein:

On July 29, 2015, at a hearing in the above-referenced matter (the "Hearing"), Your Honor requested letter briefs regarding the authority of Irving H. Picard, as Trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities, LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), to avoid and recover transfers made to the defendants in this adversary proceeding ("Defendants") by Bernard L. Madoff ("Bernard L. Madoff" or "Madoff"), a sole proprietorship and registered broker-dealer that changed its business form and became BLMIS. The Securities Investor Protection Corporation ("SIPC") writes in further support of the position of the Trustee in this matter.

As noted at the Hearing, this Court previously considered evidence, submitted by SIPC, regarding the corporate form of BLMIS in the context of inter-account transfers. *See Memorandum Decision Affirming Application of the Trustee's Inter-Account Method to the Determination of Transfers between BLMIS Accounts*, dated December 8, 2014 (Case No. 08-1789, ECF No. 8680) ("*Inter-Account Transfers Decision*"). In that matter, SIPC submitted the

supporting Declaration of Kevin H. Bell[1] which attached the following documents from the Securities and Exchange Commission ("SEC"): (1) an attestation by the SEC stating that as of January 19, 1960, Bernard L. Madoff, Registrant Number 8-8132, was registered as a broker-dealer with the SEC; and (2) Form BD Amendment, dated January 12, 2001, filed by BLMIS, SEC Registrant Number 8-8132. On the Form BD Amendment, BLMIS states that "[e]ffective January 1, 2001, predecessor [sole proprietorship Bernard L. Madoff] will transfer to successor all of predecessor's assets and liabilities, related to predecessor's business." *See* Bell Declaration, Exhibit B. In the *Inter-Account Transfers Decision*, this Court considered the evidence in the Bell Declaration and found that "Madoff has always been a member of SIPC, and the incorporation of BLMIS as a limited liability company continued his business without change . . . . Thus, nothing has changed since 1960 except for the business form that Madoff used to conduct his Ponzi scheme." *Inter-Account Transfers Decision*, at 25. The debtor in this liquidation proceeding is that same continuous SIPC member. SIPA §§ 78*lll*(5) and 78ccc(a)(2)(A). *See also* Application of the Securities Investor Protection Corporation, *SIPC v. BLMIS*, NO. 08-cv-10791 (LLS) (S.D.N.Y. Dec. 15, 2008), ECF No. 5.

Many of the brokerages liquidated under SIPA in SIPC's early history were sole proprietorships. In those instances, because the brokerage had chosen to do business as a sole proprietor, its business assets, as well as the personal assets of the proprietor, were subject to liquidation. *See, e.g.*, *SEC v. Wick*, 360 F. Supp. 312, 316 (N.D. Ill. 1973) ("[S]ince Robert E. Wick's choice of business was a sole proprietorship, he must now accept the liability concomitant with that business form, as recognized under the bankruptcy laws . . . . [T]rustee J. Kirk Windle shall henceforth deal with both the business and personal assets available to him in accord with the applicable bankruptcy laws, so that both the personal and business liabilities of the defendant can be fairly adjudicated."). Similarly, in *In re Lewellyn*, 26 B.R. 246 (Bankr. S.D. Iowa 1982), where assets had been extensively commingled, the court substantively consolidated the individual bankruptcy with the liquidation under SIPA of the brokerage that was a solely owned corporation. *Id.* at 253-54, *citing Wick*, 360 F. Supp. 312.

Courts have also consolidated SIPA liquidations with the bankruptcies of non-SIPC member affiliates due to the interrelationship of the debtors in perpetrating the fraud. For example, this Court has authorized the substantive consolidation of a company subject to a SIPA proceeding with a non-debtor entity when both entities were conducting the fraudulent scheme. *See In re Park South Securities, LLC*, No. 03-8024A (RDD) (Bankr. S.D.N.Y.), *Order Substantively Consolidating the Assets and Liabilities of Eberhard Investment Associates, Inc. with the Estate of Park South Securities, LLC, in Liquidation, September 10, 2003*, ECF No. 27, attached hereto as Exhibit A. Likewise, in *In re New Times Securities Services, Inc.*, Case No.

---

[1] Declaration of Kevin H. Bell in Support of the Reply Memorandum of Law of the Securities Investor Protection Corporation in Support of the Trustee's Determinations Regarding Inter-Account Transfers (Case No. 08-1789, ECF No. 6928) ("Bell Declaration").

800-8178 (SB) (Bankr. E.D.N.Y), the court consolidated affiliated entities that were engaged in a Ponzi scheme. *See* Order, dated Nov. 27, 2000, attached hereto as Exhibit B. Similarly, the court in *In re Donahue Securities, Inc.,* Case No. 01-1027 (Bankr. S.D. Ohio), consolidated a SIPA liquidation with the bankruptcy of an affiliated entity because the fraudulent scheme was conducted by both entities. *See* Order, dated November 29, 2001, attached hereto as Exhibit C.

On June 10, 2009, this Court entered an Order substantively consolidating the BLMIS and the Bernard L. Madoff estates. *See* Case No 08-1789, ECF No. 252. SIPC supported this substantive consolidation, and, in adopting that position, SIPC relied on the guidance provided by *Wick,* 360 F. Supp 312, *Lewellyn*, 26 B.R. 246, *Park South Securities*, No. 03-8024A (RDD) (Bankr. S.D.N.Y.), *New Times Securities Services, Inc.*, Case No. 800-8178 (SB) (Bankr. E.D.N.Y), and *In re Donahue Securities, Inc.,* Case No. 01-1027 (Bankr. S.D. Ohio). In the case at hand, as in *Lewellyn*, neither a court nor a trustee could have possibly "unravel[ed] the snarled skein of affairs of the entities." *See* 26 B.R. at 253. As the Trustee and SIPC explained at the time of their joint substantive consolidation motion, the facts and circumstances of the Madoff scheme support the substantive consolidation of the estates of BLMIS and Bernard L. Madoff. *See Memorandum of Law in Support of Joint Motion for Entry of Order Substantively Consolidating the Estate of Bernard L. Madoff into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC*, dated May 5, 2009, Case No. 08-1789-smb, ECF No. 196 ("*Joint Memorandum*"), at 14-19. Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff, agreed. *See Response of Alan Nisselson*, dated June 4, 2009, Case No 08-1789-smb, ECF No. 238, at 7-8 ("[T]he Chapter 7 Trustee has concluded that he has no basis to dispute the factual allegations contained in the SIPA Trustee's Motion papers that corporate funds were used to finance personal expenses of Madoff, his family and select employees; that funds of BLMIS were used to fund millions of dollars in loans to Madoff's family members and selected friends; and that there appeared to be a general disregard of corporate formalities.").

These two estates are also inseparable because BLMIS, in its ostensibly previous business form, was a sole proprietorship and a SIPC member. Bernard L. Madoff and BLMIS's SEC registration number remained 8-8132 from the date of Madoff's initial registration with the SEC in 1960 and notwithstanding the nominal change in corporate form. If Madoff had continued to run his scheme through his sole proprietorship and never converted the sole proprietorship to an LLC, SIPC would have commenced the liquidation as part of Madoff's individual bankruptcy, just as SIPC did in *Wick*, 360 F. Supp. 312. Here, however, as noted in BLMIS's filings with the SEC, Madoff transferred the purported assets *and* liabilities of the sole proprietorship to BLMIS, which inextricably linked the two estates. Notwithstanding the notional change in business form, at all relevant times, "Madoff [was] the sole member of BLMIS and, until his arrest, controlled all its activities as its chairman." *See Joint Memorandum* at 14.

Hon. Stuart M. Bernstein
August 12, 2015
Page 4 of 4

      For all of the foregoing reasons, the Trustee has the authority to bring these fraudulent transfer actions against the Defendants, and the Defendants' motion to dismiss should be denied in its entirety.

      Respectfully submitted,

      */s/ Kevin H. Bell*

      Kevin H. Bell
      Senior Associate General Counsel
       for Dispute Resolution

KHB/pw

cc: All Parties

Encs.