# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re                                :     No. 03-8024A (RDD)

PARK SOUTH SECURITIES, LLC,              (SIPA Liquidation)

        Debtor.                  :

-----------------------------------------------------X

### ORDER SUBSTANTIVELY CONSOLIDATING THE ASSETS AND LIABILITIES OF EBERHARD INVESTMENT ASSOCIATES, INC. WITH THE ESTATE OF PARK SOUTH SECURITIES, LLC IN LIQUIDATION

THIS MATTER having been presented to the Court upon the joint motion ("Motion") of the Securities Investor Protection Corporation ("SIPC") and Irving H. Picard ("Trustee"), as Trustee for the liquidation of Park South Securities, LLC ("Park South"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., dated July 24, 2003 [Doc. #22] for entry of an Order (a) pursuant to section 105(a), title 11, United States Code ("Bankruptcy Code"), section 78fff(b) of SIPA and Rule 1015 of the Federal Rules of Bankruptcy Procedure, substantively consolidating the assets and liabilities of Eberhard Investment Associates, Inc. ("EIA") with the estate of Park South and (b) pursuant to section 78eee(b)(1)(B) and (b)(2)(B) of SIPA staying EIA's involvement in all other proceedings in any court or any federal or state agency pending a final determination of the Motion; and the Court having considered the moving papers, the Objection of Todd Eberhard and Eberhard Investment Associates, Inc., by their attorneys [Doc. #26] (which injunction was previously granted), the evidence presented and the arguments of counsel at a hearing on the Motion held on September 10, 2003; and based upon

the record of all proceedings in this matter, the Court makes the following findings and conclusions:

1. Notice of the Motion and the hearing thereon was given to (a) the Securities and Exchange Commission ("SEC"), (b) all parties in interest who have filed a notice of appearance or request to receive notices and pleadings in the Park South liquidation proceeding, (c) all unsatisfied customer claimants of Park South, (d) the known general creditors of Park South, (e) EIA, through its Receiver, (f) the known creditors of EIA, and (g) parties in interest who filed a request to receive notices and pleadings in the action commenced in the United States District Court for the Southern District of New York by the SEC, assigned Docket No. 03 CV 813 (RMB), against EIA, among others ("SEC Action"), and such notice is adequate and sufficient under the circumstances, and no further notice of the relief requested in the Motion or the relief granted hereunder need be given.

2. No creditor of Park South or EIA has objected to the Motion, which is supported by the Receiver. The only objection to the Motion was filed by Eberhard and EIA (the "Objection")

3. On February 5, 2003, the SEC commenced the SEC Action against defendants Todd M. Eberhard ("Eberhard"), Park South, EIA, and a relief defendant, Stone House Capital Partners, LP. By Order dated February 13, 2003, the Honorable Richard M. Berman, U.S.D.J. for the Southern District of New York, granted the SEC's request for a temporary restraining order and other intermediate relief, including the appointment of a temporary receiver for Park South and EIA ("February 13 Order"), which was amended by Order dated April 18, 2003, to expand the receivership to include the assets of Todd Eberhard.

2

#707829 v1
104300-48559

4. The February 13 Order further granted the Receiver "all rights and powers" that EIA has "to manage, control, and operate its business . . . ." (February 13 Order ¶VI). That Order further provides that the Receiver may, "[i]f appropriate, file for relief and protection under the Federal Bankruptcy Code, on behalf of EIA . . . after notice to all parties in this action[.]" (February 13 Order ¶VI(i)).

5. Upon the Debtor's Motion, insofar as it sought the entry of an Order staying the receivership and EIA's involvement in all other proceedings, as to which relief the Receiver for EIA consented, by Order dated July 25, 2003 [Doc. # 24], this Court stayed all judicial and administrative proceedings against EIA and its property pending a final determination of the Motion.

6. On February 10, 2003, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with the application of SIPC filed before that Court asserting that Park South's customers were in need of the protections afforded to them under SIPA. By Order dated February 10, 2003, among other relief, the Court in the SEC Action placed Park South in a liquidation proceeding under SIPA, which was removed to this Court.

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and section 78eee(b)(4) of SIPA. Venue in this district of the case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

8. Substantive consolidation of the assets and liabilities of EIA with the estate of Park South is appropriate for the reasons stated by the Court at the hearing, including the historical and current unity of interest between Park South and EIA, the transfer and commingling of assets and the intertwined financial affairs generally between the two entities,

#707829 v1
104300-48559

the current financial condition of EIA and the estimated cost of the separate administration of EIA and Park South, and as more fully set forth in the Declaration of John La Perla ("La Perla Decl.") and the testimony of Mr. La Perla and the Trustee.

9. The benefits of the proposed substantive consolidation significantly outweigh any harm to customers or creditors of Park South's estate, or the creditors of EIA, and, as more fully set forth in the La Perla Decl. and on the record at the hearing, the proposed substantive consolidation will ensure the equitable treatment of all creditors of the two entities.

**NOW, THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

A. The Motion is granted.

B. The Objection is denied, the objectant lacking standing, for the reasons set forth by the Court on the record of the hearing to object to the Motion.

C. The assets and liabilities of EIA shall hereby be substantially consolidated with and deemed collapsed into Park South's estate, assets and liabilities, and the combined estate will be administered by the Trustee, under the above caption, in accordance with SIPA and the Bankruptcy Code under the jurisdiction of this Court. Without limiting the foregoing, the automatic stay under Section 362 of the Bankruptcy Code shall apply to the property of EIA.

D. The Trustee is authorized to pursue claims on behalf of the consolidated estate as the representative of and fiduciary for EIA, Park South and their consolidated estate, and as subrogee and assignee of creditors' claims, including, without limitation, the avoidance and recovery of property transferred by Eberhard personally, which would have been property of the consolidated debtors but for Eberhard's alleged malfeasance.

4

#707829 v1
104300-48559

  E.  The Trustee is authorized, without further Order of this Court, to take such actions and sign such documents as may be necessary to implement and effectuate this Order.

Dated: New York, New York
   September 10, 2003

            /s/Robert D. Drain
            HONORABLE ROBERT D. DRAIN
            UNITED STATES BANKRUPTCY JUDGE

RECEIVED

SEP 22 2003

OFFICE OF THE GENERAL COUNSEL
S. I. P. C.

#707829 v1
104300-48559

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

In re                                              :    No. 03-8024A (RDD)

PARK SOUTH SECURITIES, LLC              (SIPA Liquidation)

         Debtor.                           :    NOTICE OF ENTRY

------------------------------------------------X

SIRS:

   PLEASE TAKE NOTICE that enclosed with this Notice is a true copy of the ORDER SUBSTANTIVELY CONSOLIDATING THE ASSETS AND LIABILITIES OF EBERHARD INVESTMENT ASSOCIATES, INC. WITH THE ESTATE OF PARK SOUTH SECURITIES, LLC IN LIQUIDATION (the "Order"), which Order was signed by The Honorable Robert D. Drain, United States Bankruptcy Judge, on September 10, 2003, and was duly entered on September 10, 2003, on the electronic docket (Doc. No. 27) maintained for this proceeding by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

   PLEASE TAKE FURTHER NOTICE that the Temporary Restraining Order signed by Judge Drain on July 25, 2003, and entered on the aforementioned docket (Doc. No. 24), is null and void as a result of the Court's entry of the Order.

   PLEASE TAKE FURTHER NOTICE that any action against Park South Securities, LLC, Eberhard Investment Associates, Inc. or their property is subject to the automatic stay provisions of section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). You should review the provisions of the automatic stay and seek the advice of counsel, as necessary, before taking any action that would affect Park South Securities, LLC, Eberhard Investment Associates, Inc. or their property. Willful violators of the automatic stay are subject to court-ordered penalties.

#709121 v1
104300-48560

Dated: Newark, New Jersey
September 17, 2003

        GIBBONS, DEL DEO, DOLAN,
        GRIFFINGER & VECCHIONE, P.C.
        Attorneys for Irving H. Picard,
        Trustee for the Liquidation of
        Park South Securities, LLC

        By: /s/ Geraldine E. Ponto
        Geraldine E. Ponto (GP-2849)
        GIBBONS, DEL DEO, DOLAN,
        GRIFFINGER & VECCHIONE
        A Professional Corporation
        One Riverfront Plaza
        Newark, NJ 07102-5496
        (973) 596-4500

        -and-

        One Pennsylvania Plaza, 37th Floor
        New York, NY 10119-3701
        (212) 649-4700

        -and-

        SECURITIES INVESTOR PROTECTION
        CORPORATION

        By: /s/ Stephen B. Harbeck
        Stephen B. Harbeck (SH-7734)
        General Counsel
        805 Fifteenth Street, N.W.
        Suite 800
        Washington, D.C. 20005-2215
        (202) 371-8300

RECEIVED
SEP 22 2003
OFFICE OF THE GENERAL COUNSEL
S. I. P. C.