# Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                             :
                                                   :
NEW TIMES SECURITIES SERVICES, INC.,               :   Case No. 800-8178 (SB) SIPA
                                                   :
                                  Debtor.          :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER SUBSTANTIVELY CONSOLIDATING THE ESTATES OF NEW TIMES SECURITIES SERVICES, INC. AND NEW AGE FINANCIAL SERVICES, INC.

Upon the Motion ("Motion") of James W. Giddens, ("Trustee"), as Trustee for the liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa-lll, of the business of New Times Securities Services, Inc. ("NTSSI") for entry of an order, pursuant to Section 105(a) of Title 11, United States Code ("Bankruptcy Code"), Section 78fff(b) of SIPA, and Rule 1015 of the Federal Rules of Bankruptcy Procedure, substantively consolidating the NTSSI estate with the estate created by the receivership instituted by the U.S. Securities and Exchange Commission ("SEC") over New Age Financial Services, Inc. and related corporate entities ("New Age"); and a hearing on the Motion having been held on November 27, 2000 and based upon the record thereof, the Court makes the following findings and conclusions:

A.   Notice of the Motion and the hearing thereon was given to Richard L. Stone ("Receiver"), as temporary receiver of New Age, the Securities Investor Protection Corporation ("SIPC"), the SEC, counsel for a purported class of NTSSI creditors, all parties in interest filing a notice of appearance or request to receive notices and pleadings in this proceeding, unsatisfied claimants in this proceeding, and known creditors of New Age as

W6-506024_1.DOC

APR 18 '02 11:55 FR HUGHES HUBBARD 13F    212 837 6281 TO 10143272000112023 P.03/06
08-01789-cgm    Doc 10961-2    Filed 08/12/15    Entered 08/12/15 14:16:47    Exhibit B
Pg 3 of 6

2

designated by the Receiver pursuant to this Court's Scheduling Order dated November 6, 2000, and such notice is adequate and sufficient under the circumstances and no further notice of the relief requested in the motion or the relief granted hereunder need be given.

B. On February 17, 2000, the SEC filed a complaint in the United States District Court for the Eastern District of New York ("District Court") against William Goren ("Goren"), New Age and NTSSI, seeking, inter alia, (a) a preliminary and permanent injunction enjoining Goren and New Age; (b) disgorgement, prejudgment interest and civil penalties from Goren and New Age; (c) disgorgement from NTSSI as a relief defendant because of its receipt of illicit proceeds from the unlawful conduct of Goren and New Age; (d) an asset freeze with respect to the assets of Goren, New Age and NTSSI; (e) an accounting; and (f) the appointment of a temporary receiver for New Age and NTSSI for all of their property and assets wherever situated.

C. On February 18, 2000, the District Court (Platt, J.) entered a preliminary injunction order which, inter alia, (a) appointed Richard L. Stone as temporary receiver for NTSSI and New Age, (b) directed and empowered the Receiver to take possession and control of all property of whatever nature or description that was owned, directly or indirectly, by NTSSI and New Age; and (c) directed Goren to transfer, and to continue to transfer as he acquires or obtains, any interest in all his funds, real property, motor vehicles, securities, and interests in NTSSI and New Age to the Receiver.

D. By application dated May 16, 2000, SIPC sought a protective decree placing NTSSI into liquidation pursuant to SIPA, in the context of the SEC's pending receivership proceeding. On May 18, 2000, Judge Platt granted SIPC's application and entered a protective decree (the "Protective Decree") which, inter alia, (a) appointed James W. Giddens as

W6-506024_1.DOC

APR-01-02 11:56 FROM-HUGHES HUBBARD 13F 0212/937 6201 TO-10147270001 T-223 P.04/06
08-01789-cgm Doc 10961-2 Filed 08/12/15 Entered 08/12/15 14:16:47 Exhibit B
Pg 4 of 6

3

Trustee of NTSSI; (b) appointed Hughes Hubbard & Reed LLP as counsel to the Trustee; (c) issued various stays to preserve the property of the NTSSI and its customers; and (d) removed this case to this Court.

E. Pursuant to § 78eee(b)(2)(B)(i) of SIPA and paragraph IV of the Protective Decree, this SIPA proceeding stayed and superseded the SEC receivership proceeding as to NTSSI but not as to New Age or Goren. Pursuant to § 78lll(7) of SIPA, the "filing date" of this proceeding relates back to the February 17, 2000 filing date of the SEC proceeding.

F. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157 and 1334 and the standing general order of reference of cases to bankruptcy judges, as well as § 78eee(b)(4) of SIPA. Venue in this district of this case and the within motion is proper pursuant to 28 U.S.C. § 1408 and 1409. This motion is a core proceeding under 28 U.S.C § 157(b)(2)(A), (E) and (O).

G. The Receiver is authorized under the preliminary injunction order to file for relief and protection for New Age under the Bankruptcy Code and to take such other actions as the District Court shall deem just and appropriate under the circumstances. The effectiveness of this Order is dependent upon the Receiver's obtaining authorization from the District Court to consent to substantive consolidation of New Age pursuant to the terms hereof.

H. Substantive consolidation as proposed in the Motion is appropriate based upon the extensive interrelationships among NTSSI and New Age, the course of dealings and expectations of creditors, and the consent of the SEC, SIPC and the Receiver, as more fully set forth in the Motion.

W6-506024_1.DOC

I. The benefits of the proposed substantive consolidation outweigh any harm to creditors of either estate and, as more fully set forth in the Motion, the proposed substantive consolidation will insure the equitable treatment of all such creditors.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is GRANTED and shall become effective upon the District Court's authorization of the Receiver to consent to the Motion.

2. The assets and liabilities of NTSSI and New Age will be pooled, all intercompany liabilities, guaranties and claims of New Age and NTSSI shall be canceled and the combined estate will be administered by the Trustee in accordance with SIPA and the Bankruptcy Code under the jurisdiction of this Court.

3. The Trustee is authorized to receive for the benefit of the combined estate an assignment of any assets and claims (but not the liabilities) of Goren which are subject to the SEC receivership in connection with the Receiver's discharge by the District Court following his distribution of proceeds of Goren's receivership estate and payment of court-approved fees and expenses from such estate. Claims against the combined estate shall be reduced by creditors' receipt of distributions from the Receiver with respect to such claims.

4. For purposes of determining "customer" claims under SIPA, the "debtor" shall include NTSSI and New Age for claims arising after April 19, 1995, the date that NTSSI became an SEC registered-broker dealer and SIPC member. To be eligible for "customer" status and SIPC advances under SIPA, written proof of a customer claim must be received by the Trustee on or before the December 1, 2000 bar date in this proceeding and otherwise meet the conditions of the SIPA statute.

W6-506024_1.DOC

5

5. The Trustee is authorized to pursue claims on behalf of the consolidated estate and the fund of customer property as the representative of New Age, NTSSI and their combined estate, as the bailee of the fund of customer property of the combined estate, as subrogee and assignee of creditors claims, including claims assigned by the Receiver.

6. The Trustee is authorized, without further order of this Court, to take such actions and sign such documents as may be necessary to implement and effectuate this Order.

Dated: Central Islip, New York
November 27, 2000

/s/
Hon. Stan Bernstein
United States Bankruptcy Judge

W6-506024_1.DOC