Exhibit C

FILED

2001 NOV 29 PM 3: 55

D. WEBB, CLERK
U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: | ) ADV. CASE NO. 01-1027 |
| | ) |
| DONAHUE SECURITIES, INC., | ) SIPA LIQUIDATION |
| | ) |
| DEBTOR. | ) HON. JEFFERY P. HOPKINS |





**ORDER SUBSTANTIVELY CONSOLIDATING**
**THE ESTATES OF DONAHUE SECURITIES, INC.**
**AND S.G. DONAHUE & COMPANY, INC.**

Upon the Motion ("Motion") of Douglas S. Tripp ("Trustee"), as Trustee for the liquidation of

Donahue Securities, Inc. ("DSI") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §

78aaa-lll, and the Securities Investor Protection Corporation ("SIPC") for entry of an order, pursuant

to Section 105(a) of Title 11, United States Code ("Bankruptcy Code"), Section 78fff(b) of SIPA and

Rule 1015 of the Federal Rules of Bankruptcy Procedure, substantively consolidating the DSI

estate with the estate created by the receivership instituted by the U.S. Securities and Exchange

Commission ("SEC") over S.G. Donahue & Company, Inc. ("SGDC"); and a hearing on the Motion

having been held on November 29, 2001 and based upon the record thereof, the Court makes the

following findings and conclusions:

1.      Notice of the Motion and the hearing thereon was given to Michael Barrett as the

receiver of SGDC (the "Receiver"), the SEC, and all parties in interest filing a notice of

appearance or request to receive notices and pleadings in this proceeding, the Tax Free Bond

Fund Claimants (as defined in the Motion), all unsatisfied customer claimants, the known

general creditors of DSI and the known creditors of SGDC as designated by the Receiver, and

such notice is adequate and sufficient under the circumstances and no further notice of the relief

requested in the motion or the relief granted hereunder need be given.

2.      On February 26, 2001, SIPC filed an Application with the United States District

Court for the Southern District of Ohio (the "District Court") asserting the customers of DSI were

in need of the protections afforded to them under the SIPA; Case No. C-1-01-117.  By Order

dated March 6, 2001 (the "SIPA Liquidation Order"), entered by the District Court, Douglas S. Tripp was appointed Trustee for the liquidation of the Debtor, and Frost Brown Todd LLC was appointed counsel to the Trustee.

3.     On March 6, 2001, the District Court entered an Order appointing Michael Barrett as Receiver for SGDC and Stephen G. Donahue ("Donahue") in the case of Securities and Exchange Commission v. Stephen G. Donahue, et al., Case No. C-1-01-116. Ulmer & Berne LLP was appointed counsel for the Receiver.

4.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157 and 1334 and section 78eee(b)(4) of SIPA. Venue in this district of this case and the within motion is proper pursuant to 28 U.S.C. § 1408 and 1409. This motion is a core proceeding under 28 U.S.C § 157(b)(2)(A), (E) and (O).

5.     Substantive consolidation as proposed in the Motion is appropriate based upon the extensive interrelationships among DSI and SGDC, the course of dealings and expectations of customers and creditors, and the consent of the Receiver, as more fully set forth in the Motion.

6.     The benefits of the proposed substantive consolidation outweigh any harm to customers or creditors of either estate and, as more fully set forth in the Motion, the proposed substantive consolidation will insure the equitable treatment of all such creditors.

**NOW, THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

A.     The Motion is **GRANTED** in its entirety.

B.     The assets and liabilities of DSI and SGDC will be pooled, all intercompany liabilities, guaranties and claims of DSI and SGDC shall be canceled and the combined estate will be administered by the Trustee in accordance with SIPA and the Bankruptcy Code under the jurisdiction of this Court.

C.     The Trustee is authorized to receive for the benefit of the combined estate an assignment of any assets and claims (but not the liabilities) of Donahue which are subject to the

-2-

SEC receivership in connection with the Receiver's discharge by the District Court following his distribution of proceeds of Donahue's receivership estate and payment of court approved fees and expenses from such estate. Claims against the combined estate shall be reduced by creditors' receipt of distributions from the Receiver with respect to such claims.

D.    For purposes of determining "customer" claims under SIPA, the "debtor" shall include DSI and SGDC for all customer claims. To be eligible for "customer" status and SIPC advances under SIPA, written proof of a customer claim must have been received by the Trustee on or before the September 30, 2001 bar date in this proceeding and otherwise meet the conditions of the SIPA statute.

E.    The Trustee is authorized to pursue claims on behalf of the consolidated estate and the fund of customer property as the representative of DSI, SGDC and their combined estate, as the bailee of the fund of customer property of the combined estate, and as subrogee and assignee of creditors claims, including claims assigned by the Receiver.

F.    The Trustee is authorized, without further order of this Court, to take such actions and sign such documents as may be necessary to implement and effectuate this Order.

G.    The case caption for all pleadings in this proceeding is hereby restyled to read as follows:

| | |
|---|---|
| **IN RE:** | **)    ADV. CASE NO. 01-1027** |
| | **)    (Substantively Consolidated)** |
| **DONAHUE SECURITIES, INC. and** | **)** |
| **S.G. DONAHUE & COMPANY, INC.,** | **)    SIPA LIQUIDATION** |
| | **)** |
| | **)    HON. JEFFERY P. HOPKINS** |
| **DEBTORS.** | **)** |

H.    The Clerk of Court is hereby directed to take such actions as may be necessary

to implement and effectuate this change in the case caption upon the Court's docket.


Dated: November __, 2001
       Cincinnati, Ohio

Honorable Jeffery P. Hopkins
United States Bankruptcy Judge

CINlibrary/1101109.3

**ENTERED**
U. S. BANKRUPTCY COURT

NOV 3 0 2001

SOUTHERN DISTRICT OF OHIO
BY_____
        DEPUTY CLERK

Cc:  D. Tripp
     M. Barrett
     R. Baysten
     M. Dahlen
     D. Lutz
     L. Dorr
     UsT

     11/30/01

-4-