Alex Reisen
Direct Dial: (212) 333-0258
E-mail: areisen@arkin-law.com
750 Lexington Avenue
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

**A** **ARKIN**
**SOLBAKKEN LLP**

August 13, 2015

VIA: ECF and E-MAIL

Honorable Stuart M. Bernstein
United States Bankruptcy Court, SDNY
One Bowling Green
New York, NY 10004-1408

> Re:     *Picard v. Mendelow et al.*, Adv. Pro. No.  10-04283 (SMB)

Dear Judge Bernstein:

We are counsel to Defendants in the above-captioned matter, and write in response to Plaintiff's letter dated August 11, 2015.  For the reasons set forth below, we ask that any discovery conference to be scheduled take place on October 28, 2015 – a date upon which an appearance with the Court is already scheduled in connection with motion practice that will obviate the discovery issues Plaintiff now raises.

### I.     Background

On May 14, 2015, Plaintiff served 568 discovery requests.  It is undisputed that at the time these requests were drafted and served, Plaintiff had not reviewed the thousands of pages of material that was already in its possession for approximately 6 years.  It is also undisputed that these 568 requests cover a period of 54 years and do not account for recent changes in law that indisputably would serve to limit their breadth and/or scope.

Initially, Plaintiff took the position that it "will not engage in a discussion about the law and the facts."  However, the Plaintiff has recently confirmed that it is unable to articulate any non-frivolous claim to which the disputed discovery requests are relevant.

### II.     The Conference Should be Scheduled On or After October 28, 2015

Plaintiff's statement of Defendants' position is not accurate.  As an initial matter, Plaintiff states that "Defendants have failed to provide specific responses and/or objections to any of the individual Interrogatories or Requests for Production."  To the contrary, Defendants are happy to do so and have repeatedly offered to do so for Plaintiff.[1]

---

[1]     As Defendants wrote to Plaintiff on July 29: "in the spirit of cooperation our clients are prepared to provide particularized responses and/or objections."  Further, as Defendants wrote to Plaintiff on July 31: "your letter completely ignores the fact that, in our most recent correspondence of July 29 (below), we made a proposal that would include producing documents and providing particularized responses and objections to your interrogatories."

Honorable Stuart M. Bernstein
August 13, 2015
Page 2

Plaintiff also states that the basis of Defendants' position is "their pending partial Motion for Judgement on the Pleadings." To the contrary, the basis of Defendants' position is that the disputed discovery request are not relevant to any non-frivolous claim. Indeed, Plaintiff repeatedly declined to articulate a basis that it is not required to withdraw its complaint in its current form. For example, during Defendants' meet-and-confer call with Plaintiff on May 26, 2015, Defendants stated their understanding that the sole discoverable information remaining in this case are the amounts and nature of the so-called two-year transfers. Plaintiff refused to engage or substantively respond to Defendants' understanding, expressly stating it would not engage in a discussion about the law and the facts.

As the Court is aware, the legal landscape relevant to Plaintiff's claims has changed dramatically since this case was commenced. Specifically, as the parties agree, a prerequisite to Plaintiff's requesting the disputed discovery is an allegation of subjective actual knowledge of the facts of the BLMIS fraud, including but not limited to an allegation that said individual had "actual knowledge that there were no actual securities transactions being conducted" by BLMIS. *SIPC v. BLMIS*, 2013 WL 1609154, at *4 (S.D.N.Y. April 15, 2013) (Rakoff, J.); *see also Picard v. Merkin*, 515 B.R. 117, 139-40 (Bankr. S.D.N.Y. 2014) (Bernstein, J.).[2] Nothing of the sort is set forth by the Plaintiff's pleading in this case.[3]

---

Defendants' initial attempt to streamline its responses and objections to Plaintiff's 568 discovery demands was solely intended to save costs for the parties while avoiding any potential prejudice.

[2]      Indeed, in *Merkin*, this Court found "actual knowledge" insufficiently pled even on allegations far more specific and direct than those made here. *Id.* (emphasis added). In short, the Plaintiff's allegations against Merkin (*unlike the allegations here*) set forth facts suggesting actual notice of numerous indicia of fraud. *Id.* As specific and substantiated as the Merkin allegations were, however, this Court nonetheless held that they *did "not imply the level of certainty or absence of substantial doubt associated with actual knowledge"* – and thus that the Merkin complaint "fail[ed] to plausibly allege that Merkin had actual knowledge of Madoff's Ponzi scheme." *Id.* at 141. The same result follows here.

More recently, the federal government explicitly stated in its July 2, 2015, SDNY filing in favor of leniency for Paul Konigsberg that: "Konigsberg was unaware of the Ponzi scheme being run out of Madoff Securities." Preet Bharara's Letter to the Court, 10-cr-228, Dkt #1389, at ¶ 2 (The United States Attorney for the SDNY concludes that Konigsberg had absolutely no subjective awareness of Madoff's Ponzi scheme, despite "glaringly fraudulent transactions"; "guaranteed specific rates of investment returns and/or annual commission payments for recruiting other investors to Madoff Securities"; and "backdated transactions they referred to as 'schtup' trades, in most cases purportedly executed in the last month of the year, to generate promised returns."); *see also* Wall Street Journal, "Bernard Madoff's Former Accountant Pleads Guilty Konigsberg Adamant He Was Unaware of Ponzi Scheme" (June 24, 2014) ("Prosecutors said Tuesday that Mr. Konigsberg didn't intend to help defraud Madoff investors . . . ."). As Konigsberg was "unaware of the Ponzi scheme," and Plaintiff comes nowhere close to alleging the Defendants here knew more than the convicted Konigsberg, it is indisputable that the specific, heightened, "actual knowledge" standard is not alleged, and could not non-frivolously be alleged here.

[3]      Nor has Plaintiff ever sought to amend this pleading (nor could it non-frivolously) – having instead represented to the Court that no such motion is forthcoming. *See* Scheduling Order, Dkt. #69. Indeed, in its August 6 opposition to Defendants' motion for judgment on the pleadings, **Plaintiff did not articulate a single additional allegation that it could make in any amended complaint**. *See* Dkt. #79 at 25-29.

Honorable Stuart M. Bernstein
August 13, 2015
Page 3

### III.   Defendants Could Move to Stay Discovery, but Had Hoped to Avoid Unnecessary Motion Practice

      The Federal Rules of Civil Procedure grant the Court broad discretion to control the timing and scope of discovery in the interests of equity and judicial economy. *See, e.g.,* F.R.C.P. 26(b). While we recognize that the Federal Rules do not ordinarily provide for an automatic stay of discovery while dispositive motions are pending, the situation here is far from ordinary. Since the filing of the complaint, the law has changed to such an extent that a number of Plaintiff's claims and/or theories of recovery clearly are no longer viable as a matter of law, and the disposal of those claims would dramatically limit the scope of permissible discovery in this action. Indeed, as Plaintiff acknowledges, Defendants could file a motion to stay discovery – the only reason they have not done so is that they had hoped to save the Court's time and the parties' resources by exploring an amicable resolution or by simply scheduling the discovery conference for on or after October 28.[4]

      As noted, on October 28, 2015, this Court will hear Defendants' partial motion for judgment on the pleadings that will necessarily obviate this discovery dispute. If Defendants prevail on their motion, then it is undisputed that no claims will remain as to which the disputed discovery would be relevant. On the other hand, should Defendants' motion be denied in whole or in part, Defendants concede that the disputed discovery may then be requested (subject to Defendants' remaining objections and applicable discovery rules). The balancing of the burdens clearly favors Defendants: (1) if a stay is granted, Defendants would almost certainly avoid having to respond to Plaintiff's unduly burdensome 568 discovery requests; which outweighs (2) at worst, Plaintiff would receive all the discovery to which it is entitled a few months later than it otherwise would, causing no prejudice. Thus, we respectfully submit that equity and judicial economy would be best served by postponing consideration of these discovery issues until after (or contemporaneously with) resolution of Defendants' motion.

      For all of these reasons, Defendants respectfully request that the requested conference be scheduled for October 28, 2015. Alternatively, should the Court prefer, Defendants would consent to formally moving for a stay of discovery.

Respectfully submitted,

/s/ *Alex Reisen*

cc: Counsel for Plaintiff

Alex Reisen

---

[4]     In addition, Defendants' motion for judgment on the pleadings, as well as the first conference with the Court, were initially scheduled for June 24. However, Plaintiff requested that, due to summer vacation schedules, Defendants grant them an adjournment until the currently-scheduled October 28 date. Had Defendants refused this extension, their motion – which necessarily obviates these discovery disputes – would have been heard on June 24. There would be no need for an additional pre-hearing discovery conference or a threat that Plaintiff could seek massive amounts of patently irrelevant discovery before threshold issues were determined. Defendants should not be punished for granting Plaintiff the courtesy of an extension.