DAY PITNEY LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 297-5800
Thomas D. Goldberg (TG-7251)
Margarita Y. Ginzburg (MG-6240)
E-mail: tgoldberg@daypitney.com
E-mail: mginzburg@daypitney.com

*Attorneys for Defendant Edmond A. Gorek*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04623 (SMB) |
| Plaintiff, | **ANSWER AND** |
| v. | **AFFIRMATIVE DEFENSES** |
| EDMOND A. GOREK, | **JURY TRIAL DEMANDED** |
| Defendant. | |

91019597.9

## NATURE OF PROCEEDING

Defendant Edmond A. Gorek ("Defendant Gorek"),[1] by his attorneys Day Pitney LLP, respectfully submits this Answer to the Complaint (the "Complaint") filed by Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and states as follows:

1.      Defendant Gorek neither admits nor denies the allegations of Paragraph 1 of the Complaint as these allegations purport to state conclusions of law or arguments as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint and on that basis denies each and every allegation contained therein.

2.      Defendant Gorek neither admits nor denies the allegations of Paragraph 2 of the Complaint as these allegations purport to state conclusions of law or arguments as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint as they relate to another defendant and on that basis denies each and every allegation contained therein.  Defendant Gorek further denies the allegations in Paragraph 2 of the Complaint to the extent they relate to him.

3.      Defendant Gorek admits that Defendant Gorek received certain transfers from, and made certain transfers to, BLMIS, and leaves Plaintiff to his proofs.  Defendant Gorek further states that he neither admits nor denies the remaining allegations of Paragraph 3 of the Complaint as these allegations purport to state conclusions of law as to which no response is

---

[1] NTC & Co. LLP was dismissed as a Defendant pursuant to a stipulation and order dated May 11, 2011.

required; insofar as a response is required, Defendant Gorek denies knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and

therefore leaves Plaintiff to his proof.

4.      Defendant Gorek neither admits nor denies the allegations of Paragraph 4 of the

Complaint as these allegations purport to state conclusions of law as to which no response is

required; insofar as a response is required, Defendant Gorek denies knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and

therefore leaves Plaintiff to his proof.

## **JURISDICTION AND VENUE**

5.      Defendant Gorek neither admits nor denies the allegations of Paragraph 5 of the

Complaint as these allegations purport to state conclusions of law as to which no response is

required; insofar as a response is required, Defendant Gorek denies knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and

therefore leaves Plaintiff to his proof.  Defendant Gorek further (i) denies that this Court either

has jurisdiction over, or the constitutional authority to enter a final judgment in, this adversary

proceeding; (ii) expressly does not consent to this Court's jurisdiction over non-core matters; (iii)

expressly does not consent to the entry of final orders or judgments by the bankruptcy judge if it

is determined that the bankruptcy judge cannot enter final orders or judgments consistent with

Article III of the U.S. Constitution; (iv) demands a trial by jury before the United States District

Court for the Southern District of New York (the "District Court"); (v) does not consent to a jury

trial being held before this Court; and (vi) reserves the right to seek withdrawal of the reference

of some or all of this matter to the District Court.

6.      Defendant Gorek neither admits nor denies the allegations of Paragraph 6 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek denies the allegations of Paragraph 6 and (i) expressly does not consent to this Court's jurisdiction over noncore matters; (ii) expressly does not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution; (iii) demand a trial by jury before the District Court for the Southern District of New York; (iv) does not consent to a jury trial being held before this Court; and (v) reserves the right to seek withdrawal of the reference of some or all of this matter to the District Court.

7.      Defendant Gorek neither admits nor denies the allegations of Paragraph 7 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek denies the allegations of Paragraph 7 of the Complaint.

## DEFENDANTS

8.      Defendant Gorek neither admits nor denies the allegations set forth in Paragraph 8 of the Complaint as these allegations are not directed against Defendant Gorek, such that no response is required; insofar as a response is required, Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore leaves Plaintiff to his proof.

9.      Defendant Gorek admits that he maintains his residence in Greenwich, Connecticut and that he held a BLMIS account in the name of "NTC & Co. FBO Edmond A Gorek M.D." Defendant Gorek denies knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of Paragraph 9 of the Complaint and therefore leaves Plaintiff to his proof.

## BACKGROUND, THE TRUSTEE AND STANDING

10.     Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore leaves Plaintiff to his proof, but, with regard to the SEC complaint and the criminal complaint filed against Bernard Madoff, respectfully refers to those documents for the contents thereof.  Defendant Gorek neither admits nor denies the allegations of the footnote to Paragraph 10 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek denies the allegations contained therein.

11.     Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore leaves Plaintiff to his proof and respectfully refers to Judge Stanton's order for the contents thereof.

12.     Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore leaves Plaintiff to his proof and respectfully refers to SIPC's application for the contents thereof. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(4)(B) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

13.      Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore leaves Plaintiff to his proof and respectfully refers to Judge Stanton's order for the contents thereof.

14.      Defendant Gorek neither admits nor denies the allegations of Paragraph 14 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore leaves Plaintiff to his proof and respectfully refers to the Bankruptcy Court's orders for the contents thereof.

15.      Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and respectfully refers to the relevant court transcripts for the contents thereof.

16.      Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and respectfully refers to the relevant court transcript for the contents thereof.

17.      Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint that the Trustee is in the process of marshalling BLMIS' assets, that the liquidation of BLMIS' assets is well underway, and that such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested over the years.  As to all other allegations contained in Paragraph 17 of the Complaint, Defendant Gorek states that these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint and therefore leaves Plaintiff to his proof.

18.     Defendant Gorek neither admits nor denies the allegations of Paragraph 18 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and therefore leaves Plaintiff to his proof.

19.     Defendant Gorek neither admits nor denies the allegations of Paragraph 19 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and therefore leaves Plaintiff to his proof.

20.     Defendant Gorek neither admits nor denies the allegations of Paragraph 20 of the Complaint and each subpart as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and therefore leaves Plaintiff to his proof.

## THE FRAUDULENT PONZI SCHEME

21.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore leaves Plaintiff to his proof.

22.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and therefore leaves Plaintiff to his proof.

23.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint and therefore leaves Plaintiff to his proof.

24.     Defendant Gorek admits that he received monthly statements from BLMIS showing the securities that were held in, or had been traded through, his accounts.  Defendant Gorek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of the Complaint and therefore leaves Plaintiff to his proof.

25.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint and therefore leaves Plaintiff to his proof.

26.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint and on and therefore leaves Plaintiff to his proof.

27.     Defendant Gorek denies that any monies sent to BLMIS were used to enrich Defendant Gorek or that Defendant Gorek had any knowledge of the Ponzi scheme, to the extent it existed.  Defendant Gorek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 of the Complaint and therefore leaves Plaintiff to his proof.

28.     Defendant Gorek neither admits nor denies the allegations of Paragraph 28 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint and on and therefore leaves Plaintiff to his proof.

29.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint and therefore leaves Plaintiff to his proof.

30.     Defendant Gorek admits that he received monthly statements from BLMIS and refers to the monthly statements for the full and accurate contents thereof.  Defendant Gorek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 30 of the Complaint and therefore leaves Plaintiff to his proof.

31.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint and therefore leaves Plaintiff to his proof.

32.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint and therefore leaves Plaintiff to his proof.

33.     Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint and therefore leaves Plaintiff to his proof.

34.    Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint and therefore leaves Plaintiff to his proof.

35.    Defendant Gorek neither admits nor denies the allegations of Paragraph 35 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint and therefore leaves Plaintiff to his proof.

## THE TRANSFERS

36.    Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore leaves Plaintiff to his proof, except admits that Defendant Gorek maintained an account with BLMIS, that Defendant NTC was the custodian of that account, that on information and belief the account was a successor account and book entries were made transferring holdings from a predecessor account as set forth in the footnote to Count 36 of the Complaint, and that on information and belief Defendant Gorek executed appropriate Account Agreements.

37.    Defendant Gorek denies the allegations set forth in Paragraph 37 of the Complaint, except admits that Defendant Gorek made contributions to Defendant Gorek's account at BLMIS.  As to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, Defendant Gorek refers to the Account Agreements for the specific terms thereof.

38.    The claims related to the Six Year Transfers were dismissed pursuant to order dated July 16, 2015 and therefore no response is required.  Defendant Gorek neither admits nor denies the allegations of Paragraph 38 of the Complaint as these allegations purport to state

conclusions of law as to which no response is required; insofar as a response is required,

Defendant Gorek is without knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 38 of the Complaint and therefore leaves Plaintiff to his

proof.

39.    The claims related to the Six Year Transfers were dismissed pursuant to order

dated July 16, 2015 and therefore no response is required.  With respect to the Two Year

transfers, Defendant Gorek neither admits nor denies the allegations of Paragraph 39 of the

Complaint as these allegations purport to state conclusions of law as to which no response is

required; insofar as a response is required, Defendant Gorek denies each and every allegation set

forth in Paragraph 39 of the Complaint.

40.    Defendant Gorek admits that certain distributions were made from the Account.

Defendant Gorek denies the remaining allegations of Paragraph 40 of the Complaint.

41.    Defendant Gorek denies the allegations of Paragraph 41 of the Complaint.

42.    Defendant Gorek denies knowledge or information sufficient to form a belief as to

the truth of the allegation of Paragraph 42 of the Complaint that the Trustee's investigation is

ongoing and on that basis denies that allegation.  Defendant Gorek denies that the Trustee may

seek recovery of any transfers not identified in the Complaint.

43.    Defendant Gorek neither admits nor denies the allegations of Paragraph 43 of the

Complaint as these allegations purport to state conclusions of law as to which no response is

required; insofar as a response is required, Defendant Gorek denies each and every allegation set

forth in Paragraph 43 of the Complaint.

## CUSTOMER CLAIM

44.      Defendant Gorek admits the allegation in Paragraph 44 of the Complaint that Defendant Gorek filed a customer claim.

45.      Defendant Gorek admits the allegation in Paragraph 45 of the Complaint that the Trustee issued a Notice of Trustee's Determination of Claim to Defendant Gorek.

46.      Defendant Gorek admits the allegation in Paragraph 46 of the Complaint that Defendant Gorek did not file an objection to the Determination.

47.      Defendant Gorek neither admits nor denies the allegations of Paragraph 47 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and therefore leaves Plaintiff to his proof and respectfully refers to the Claims Procedures Order for the contents thereof.

## COUNT ONE

## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(A)(1)(A), 550(A) AND 551

48.      With respect to Paragraph 48 of the Complaint, Defendant Gorek incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully set forth herein.

49.      Defendant Gorek admits that he received certain distributions identified on Exhibit B to the Complaint within two years before the Filing Date, and denies the remaining allegations of Paragraph 49 of the Complaint.

50.      Defendant Gorek neither admits nor denies the allegations of Paragraph 50 of the Complaint as these allegations purport to state conclusions of law as to which no response is

required; insofar as a response is required, Defendant Gorek denies each and every allegation contained therein.

51.     Defendant Gorek denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and therefore leaves Plaintiff to his proof.

52.     Defendant Gorek denies the allegations of Paragraph 52 of the Complaint.

53.     Defendant Gorek denies the allegations of Paragraph 53 of the Complaint.

## COUNT TWO

## FRAUDULENT TRANSFER - 11 U.S.C. §§ 548(A)(1)(B), 550(A) AND 551

Count 2 against Defendant Gorek was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 54-62 of the Complaint.

## COUNT THREE

## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279 AND 11 U.S.C. §§ 544(B), 550(A) AND 551

Count 3 against Defendant Gorek was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 63-67 of the Complaint.

## COUNT FOUR

## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279 AND 11 U.S.C. §§ 544(B), 550(A) AND 551

Count 4 against Defendant Gorek was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 68-73 of the Complaint.

## COUNT FIVE

### FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279 AND 11 U.S.C. §§ 544(B), 550(A) AND 551

Count 5 against Defendant Gorek was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 74-79 of the Complaint.

## COUNT SIX

### FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279 AND 11 U.S.C. §§ 544(B), 550(A) AND 551

Count 6 against Defendant Gorek was dismissed pursuant to this Court's order dated July 16, 2015  and therefore no response is required to Paragraphs 80-85 of the Complaint.

## COUNT SEVEN

### RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(A) AND 551

Count 7 against Defendant Gorek was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 86-91 of the Complaint, except to the extent that the Trustee purports to challenge Two-Year Transfers under Section 548(a)(1)(A) of the Bankruptcy Code.

86.    With respect to Paragraph 86 of the Complaint, Defendant Gorek incorporates by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully set forth herein.

87.    Defendant Gorek denies the allegations of Paragraph 87 of the Complaint.

88.    Defendant Gorek denies the allegations of Paragraph 88 of the Complaint.

89.    Defendant Gorek denies the allegations of Paragraph 89 of the Complaint.

90.     Defendant Gorek denies the allegations of Paragraph 90 of the Complaint.

91.     Defendant Gorek denies the allegations of Paragraph 91 of the Complaint.

As to the unnumbered "WHEREFORE" paragraph below Paragraph 91 of the Complaint,

Defendant Gorek denies that Plaintiff is entitled to the relief requested and demands strict proof

thereof.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

In further answer to the Complaint, and without assuming the burden of proof where it

otherwise rests with the Trustee, Defendant Gorek states that the Trustee's claims are barred in

whole or in part by the following affirmative or other defenses. Defendant Gorek expressly

reserves his rights to assert additional defenses and amend and/or supplement this Answer and

Affirmative Defenses, and all other pleadings. Defendant Gorek reserves the right to assert all

other defenses that may be revealed during the course of discovery or other investigation, if and

when any such additional defenses become appropriate.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in

the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2)

of the Bankruptcy Code. In the event that subsequent legal developments further alter the claims

available to the Trustee, Defendant Gorek hereby raises each and every defense at law, in equity,

or otherwise, available under any and all federal and state statutes, laws, rules, regulations or

other creations, including common law. Defendant Gorek further adopts and incorporates by

reference any and all other defenses asserted or to be asserted by any other defendant or party-in-

interest to the extent that Defendant Gorek is similarly situated and may properly assert such

defense.

91019597.9

Defendant Gorek reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

### First Defense

The Trustee's claims against Defendant Gorek are barred by the doctrine of *in pari delicto*.

### Second Defense

The Complaint fails to state a claim against Defendant Gorek upon which relief can be granted.

### Third Defense

The Trustee's claims against Defendant Gorek are barred because the Bankruptcy Court lacks subject matter jurisdiction over the action.

### Fourth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, to the extent that the Debtor did not make the alleged transfers with the actual intent to hinder, delay, or defraud any entity.

### Fifth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, because the alleged transfers received by Defendant Gorek were not made in furtherance of a fraudulent scheme.

91019597.9

-16-

### Sixth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, because Defendant acted in good faith, and without any fraudulent intent.

### Seventh Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, to the extent Defendant Gorek received any alleged transfer for value, in good faith, and without knowledge of the voidability of such transfer and/or is the immediate or mediate good faith transferee of such transfer within the meaning of 11 U.S.C. §§ 550(a) and (b).

### Eighth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, by the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code.

### Ninth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, because the Plaintiff has failed to demonstrate the conditions set forth in 15 U.S.C. § 78fff-2(c)(3) in that, upon information and belief, the Trustee will recover enough property to satisfy customer claims.

### Tenth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, because all alleged transfers were made for fair consideration.

### Eleventh Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, because the alleged transfers satisfied an antecedent debt.

### Twelfth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, because the allegedly transferred funds were held by the Debtor in constructive trust or as bailee, and therefore the allegedly transferred funds are not property of the estate.

### Thirteenth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, by the doctrine of setoff, recoupment, credits and/or other equitable adjustment.

### Fourteenth Defense

Even if the Trustee is entitled to the return of a sum equal to some or all of the alleged transfers, which Defendant Gorek denies, the Trustee is not entitled to interest from the date(s) of those alleged transfers.

### Fifteenth Defense

Any recovery herein is subject to a setoff due to the injuries caused to Defendant Gorek through fraud, breach of fiduciary duty, breach of contract, negligent misrepresentation, and willful misconduct by Bernard L. Madoff and BLMIS.

### Sixteenth Defense

Any recovery herein is subject to a setoff due to the injuries caused to Defendant Gorek by the conduct of Bernard L. Madoff and BLMIS.

### Seventeenth Defense

The Trustee's claims against Defendant Gorek are barred, in whole or in part, by the doctrines of ratification, waiver, estoppel and/or laches.

### Eighteenth Defense

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings, and Defendant Gorek does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant Gorek further demands a trial by jury.

### Nineteenth Defense

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

### Twentieth Defense

The Trustee's claims are barred, in whole or in part, because BLMIS was not, upon information and belief, insolvent at the time of the transfers allegedly received by Defendant Gorek, and BLMIS was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

### Twenty-first Defense

The Trustee's claims are barred, in whole or in part, because Plaintiff cannot maintain a fraudulent transfer action against Defendant Gorek, given that Defendant Gorek was among the parties that BLMIS sought to hinder, delay, and defraud.

### Twenty-second Defense

The Trustee is equitably estopped, in whole or in part, from asserting the claims alleged in the Complaint.

### Twenty-third Defense

The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Twenty-fourth Defense

Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits."

### Twenty-fifth Defense

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to Defendant Gorek.

### Twenty-sixth Defense

To the extent Dr. Gorek was a subsequent transferee, he received the transferred funds for value, in good faith, and without knowledge of the voidability of the transfer**.**

### Twenty-seventh Defense

Defendant Gorek hereby asserts all defenses available under federal law and under any applicable state law.  Additional facts may be revealed in discovery or otherwise that support additional defenses presently available, but unknown, to Defendant Gorek.  Defendant Gorek therefore reserves his right to assert additional defenses in the event discovery or investigation reveals additional defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

Defendant Gorek expressly reserves all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery.

## JURY TRIAL DEMANDED

Defendant Gorek demands a trial by jury for all issues so triable.  Defendant Gorek further demands a trial before the District Court.

**WHEREFORE**, Defendant Gorek requests that the Court enter judgment in favor of

Defendant Gorek, award Defendant Gorek his costs, and grant Defendant Gorek such other and

further relief as is just and equitable.


Dated: August 14, 2015          Respectfully submitted,
       New York, New York
                                DAY PITNEY LLP

                                By: _____*/s/ Thomas D. Goldberg*_____
                                    Thomas D. Goldberg
                                    Margarita Y. Ginzburg
                                    7 Times Square
                                    New York, NY 10036
                                    E-mail: tgoldberg@daypitney.com
                                    E-mail: mginzburg@daypitney.com
                                *Attorneys for Defendant Edmond A. Gorek*