DAY PITNEY LLP
7 Times Square
New York, NY 10036
Telephone: (212) 297-5800
Thomas D. Goldberg (TG-7251)
Margarita Y. Ginzburg (MG-6240)
E-mail: tgoldberg@daypitney.com
E-mail: mginzburg@daypitney.com

*Attorneys for Defendants Edmond A. Gorek and Marguerite M. Gorek*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,  <br><br>    Plaintiff-Applicant,  <br>v.  <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,  <br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)  <br><br>SIPA LIQUIDATION  <br><br>(Substantively Consolidated) |
| In re:  <br><br>BERNARD L. MADOFF,  <br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,  <br><br>    Plaintiff,  <br>v.  <br><br>EDMOND A. GOREK, as an individual and as a joint tenant, and MARGUERITE M. GOREK, as an individual and as a joint tenant,  <br><br>    Defendants. | Adv. Pro. No. 10-04797 (SMB)  <br><br>**ANSWER AND AFFIRMATIVE DEFENSES**  <br><br>**<u>JURY TRIAL DEMANDED</u>** |

91682833.9

## NATURE OF PROCEEDING

Defendants Edmond A. Gorek and Marguerite M. Gorek (collectively, the "Defendants"), by their attorneys Day Pitney LLP, respectfully submit this Answer to the Complaint (the "Complaint") filed by Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and state as follows:

1. Defendants deny the allegations of Paragraph 1 of the Complaint that they received avoidable transfers from BLMIS. As for the remainder of the allegations, Defendants neither admit nor deny the allegations of Paragraph 1 of the Complaint as these allegations purport to state conclusions of law or arguments as to which no response is required; insofar as a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint and therefore leave Plaintiff to his proof.

2. Defendants admit that Defendants received certain transfers from, and made certain transfers to, BLMIS, and leave Plaintiff to his proof. Defendants further state that they neither admit nor deny the remaining allegations of Paragraph 2 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore leave Plaintiff to his proof.

3. Defendants neither admit nor deny the allegations of Paragraph 3 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny knowledge or information sufficient

91682833.9

to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore leave Plaintiff to his proof.

## JURISDICTION AND VENUE

4. Defendants neither admit nor deny the allegations of Paragraph 4 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore leave Plaintiff to his proof. Defendants further (i) deny that this Court either has jurisdiction over, or the constitutional authority to enter a final judgment in, this adversary proceeding; (ii) expressly do not consent to this Court's jurisdiction over non-core matters; (iii) expressly do not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution; (iv) demand a trial by jury before the United States District Court for the Southern District of New York (the "District Court"); (v) do not consent to a jury trial being held before this Court; and (vi) reserve the right to seek withdrawal of the reference of some or all of this matter to the District Court.

5. Defendants neither admit nor deny the allegations of Paragraph 5 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny the allegations of Paragraph 5 and (i) expressly do not consent to this Court's jurisdiction over noncore matters; (ii) expressly do not consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S. Constitution; (iii) demand a trial by jury before the District Court for the Southern District

of New York; (iv) do not consent to a jury trial being held before this Court; and (v) reserve the right to seek withdrawal of the reference of some or all of this matter to the District Court.

6. Defendants neither admit nor deny the allegations of Paragraph 6 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny the allegations of Paragraph 6 of the Complaint.

## DEFENDANTS

7. Defendants admit that they maintain their residence in Greenwich, Connecticut and that they held a BLMIS account in the name of "Dr Edmond A Gorek and Marguerite M Gorek J/T WROS."

## BACKGROUND, THE TRUSTEE AND STANDING

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore leave Plaintiff to his proof, but, with regard to the SEC complaint and the criminal complaint filed against Bernard Madoff, Defendants respectfully refer to those documents for the contents thereof. Defendants neither admit nor deny the allegations of the footnote to Paragraph 8 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny the allegations contained therein.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to Judge Stanton's order for the contents thereof.

91682833.9

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to SIPC's application for the contents thereof.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to Judge Stanton's order for the contents thereof.

12. Defendants neither admit nor deny the allegations of Paragraph 12 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to the Bankruptcy Court's orders for the contents thereof.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to the relevant court transcripts for the contents thereof.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to the relevant court transcript for the contents thereof.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint that the Trustee is in the process of marshalling BLMIS' assets, that the liquidation of BLMIS' assets is well underway, and that such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested over the years, and therefore leave Plaintiff to his proof. As to all other

allegations contained in Paragraph 15 of the Complaint, Defendants state that these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint and therefore leave Plaintiff to his proof.

16. Defendants neither admit nor deny the allegations of Paragraph 16 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint and therefore leave Plaintiff to his proof.

17. Defendants neither admit nor deny the allegations of Paragraph 17 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint and therefore leave Plaintiff to his proof.

18. Defendants neither admit nor deny the allegations of Paragraph 18 of the Complaint and each subpart thereof as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and therefore leave Plaintiff to his proof.

## THE FRAUDULENT PONZI SCHEME

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore leave Plaintiff to his proof.

20. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and therefore leave Plaintiff to his proof.

21. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and therefore leave Plaintiff to his proof.

22. Defendants admit that they received monthly statements from BLMIS showing the securities that were held in, or had been traded through, their accounts. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 22 of the Complaint and therefore leave Plaintiff to his proof.

23. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint and therefore leave Plaintiff to his proof.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint and therefore leave Plaintiff to his proof.

25. Defendants deny that any monies sent to BLMIS were used to enrich Defendants or that Defendants had any knowledge of the Ponzi scheme, to the extent it existed. Defendants

are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 of the Complaint and therefore leave Plaintiff to his proof.

26. Defendants neither admit nor deny the allegations of Paragraph 26 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint and therefore leave Plaintiff to his proof.

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint and therefore leave Plaintiff to his proof.

28. Defendants admit that they received monthly statements from BLMIS and refer to the monthly statements for the full and accurate contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 28 of the Complaint and therefore leave Plaintiff to his proof.

29. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint and therefore leave Plaintiff to his proof.

30. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint and therefore leave Plaintiff to his proof.

31. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint and therefore leave Plaintiff to his proof.

32. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint and therefore leave Plaintiff to his proof.

33. Defendants neither admit nor deny the allegations of Paragraph 33 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint and therefore leave Plaintiff to his proof.

### **THE TRANSFERS**

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore leave Plaintiff to his proof, except admit that Defendants maintained an account with BLMIS, that on information and belief the account was a successor account and book entries were made transferring holdings from a predecessor account as set forth in the footnote to Count 34 of the Complaint, and that on information and belief Defendants executed appropriate Account Agreements.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint, except admit that Defendants made contributions to Defendants' account at BLMIS. As to the truth of the remaining allegations contained in Paragraph 35 of the Complaint, Defendants refer to the Account Agreements for the specific terms thereof.

36. The claims related to the Six Year Transfers were dismissed pursuant to order dated July 16, 2015 and therefore no response is required. Defendants neither admit nor deny the allegations of Paragraph 36 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants are without

91682833.9

knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint and therefore leave Plaintiff to his proof.

37. The claims related to the Six Year Transfers were dismissed pursuant to order dated July 16, 2015 and therefore no response is required. With respect to the Two Year transfers, Defendants neither admit nor deny the allegations of Paragraph 37 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 38 of the Complaint that the Trustee's investigation is ongoing and therefore leave Plaintiff to his proof. Defendants deny that the Trustee may seek recovery of any transfers not identified in the Complaint.

39. Defendants neither admit nor deny the allegations of Paragraph 39 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint.

## CUSTOMER CLAIM

40. Defendants admit the allegation in Paragraph 40 of the Complaint that Defendants filed a customer claim.

41. Defendants admit the allegation in Paragraph 41 of the Complaint that the Trustee issued a Notice of Trustee's Determination of Claim to Defendants.

42. Defendants admit the allegation in Paragraph 42 of the Complaint that Defendants did not file an objection to the Determination.

91682833.9

43. Defendants neither admit nor deny the allegations of Paragraph 43 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore leave Plaintiff to his proof and respectfully refer to the Claims Procedures Order for the contents thereof.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

44. With respect to Paragraph 44 of the Complaint, Defendants incorporate by reference the responses to the allegations contained in the previous paragraphs of this Answer as if fully set forth herein.

45. Defendants admit that they received certain distributions identified on Exhibit B to the Complaint within two years before the Filing Date, and deny the remaining allegations of Paragraph 45 of the Complaint.

46. Defendants neither admit nor deny the allegations of Paragraph 46 of the Complaint as these allegations purport to state conclusions of law as to which no response is required; insofar as a response is required, Defendants deny each and every allegation contained therein.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and therefore leave Plaintiff to his proof.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

-11-

91682833.9

## COUNT TWO
## FRAUDULENT TRANSFER —11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

Count 2 against Defendants was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 50 - 58 of the Complaint.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279 AND 11 U.S.C. §§ 544(b), 550(a) AND 551

Count 3 against Defendants was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 59 - 63 of the Complaint.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279 AND 11 U.S.C. §§ 544(b), 550(a) AND 551

Count 4 against Defendants was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 64 - 69 of the Complaint.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279 AND 11 U.S.C. §§ 544(b), 550(a) AND 551

Count 5 against Defendants was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 70 - 75 of the Complaint.

## COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279 AND 11 U.S.C. §§ 544(b), 550(a) AND 551

Count 6 against Defendants was dismissed pursuant to this Court's order dated July 16, 2015 and therefore no response is required to Paragraphs 76 - 81 of the Complaint.

As to the unnumbered "WHEREFORE" paragraph below Paragraph 81 of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested and demand strict proof thereof.

-12-

91682833.9

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

In further answer to the Complaint, and without assuming the burden of proof where it otherwise rests with the Trustee, Defendants state that the Trustee's claims are barred in whole or in part by the following affirmative or other defenses. Defendants expressly reserve their rights to assert additional defenses and amend and/or supplement this Answer and Affirmative Defenses, and all other pleadings. Defendants reserve the right to assert all other defenses that may be revealed during the course of discovery or other investigation, if and when any such additional defenses become appropriate.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code. In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

### First Defense

The Trustee's claims against Defendants are barred by the doctrine of *in pari delicto*.

-13-

### Second Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Third Defense

The Trustee's claims against Defendants are barred because the Bankruptcy Court lacks subject matter jurisdiction over the action.

### Fourth Defense

The Trustee's claims against Defendants are barred, in whole or in part, to the extent that the Debtor did not make the alleged transfers with the actual intent to hinder, delay, or defraud any entity.

### Fifth Defense

The Trustee's claims against Defendants are barred, in whole or in part, because the alleged transfers received by Defendants were not made in furtherance of a fraudulent scheme.

### Sixth Defense

The Trustee's claims against Defendants are barred, in whole or in part, because Defendants acted in good faith, and without any fraudulent intent.

### Seventh Defense

The Trustee's claims against Defendants are barred, in whole or in part, to the extent Defendants received any alleged transfer for value, in good faith, and without knowledge of the voidability of such transfer and/or is the immediate or mediate good faith transferee of such transfer within the meaning of 11 U.S.C. §§ 550(a) and (b).

### Eighth Defense

The Trustee's claims against Defendants are barred, in whole or in part, by the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code.

### Ninth Defense

The Trustee's claims against Defendants are barred, in whole or in part, because the Plaintiff has failed to demonstrate the conditions set forth in 15 U.S.C. § 78fff-2(c)(3) in that, upon information and belief, the Trustee will recover enough property to satisfy customer claims.

### Tenth Defense

The Trustee's claims against Defendants are barred, in whole or in part, because all alleged transfers were made for fair consideration.

### Eleventh Defense

The Trustee's claims against Defendants are barred, in whole or in part, because the alleged transfers satisfied an antecedent debt.

### Twelfth Defense

The Trustee's claims against Defendants are barred, in whole or in part, because the allegedly transferred funds were held by the Debtor in constructive trust or as bailee, and therefore the allegedly transferred funds are not property of the estate.

### Thirteenth Defense

The Trustee's claims against Defendants are barred, in whole or in part, by the doctrine of setoff, recoupment, credits and/or other equitable adjustment.

### Fourteenth Defense

Even if the Trustee is entitled to the return of a sum equal to some or all of the alleged transfers, which Defendants deny, the Trustee is not entitled to interest from the date(s) of those alleged transfers.

91682833.9

### Fifteenth Defense

Any recovery herein is subject to a setoff due to the injuries caused to Defendants through fraud, breach of fiduciary duty, breach of contract, negligent misrepresentation, and willful misconduct by Bernard L. Madoff and BLMIS.

### Sixteenth Defense

Any recovery herein is subject to a setoff due to the injuries caused to Defendants by the conduct of Bernard L. Madoff and BLMIS.

### Seventeenth Defense

The Trustee's claims against Defendants are barred, in whole or in part, by the doctrines of ratification, waiver, estoppel and/or laches.

### Eighteenth Defense

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings, and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

### Nineteenth Defense

The claim with respect to the $600,000 distribution made on or about December 22, 2006 is barred because such funds were promptly returned to BLMIS, and therefore there was no diminution of the estate on account of the challenged transfer.

### Twentieth Defense

Defendants are entitled to a credit and offset and against any meritorious claim of the Trustee on account of the $600,000 payment from Defendants to BLMIS on or about January 2, 2007, which represented the reinvestment of funds received from BLMIS less than two weeks earlier.

**Twenty-first Defense**

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

**Twenty-second Defense**

The Trustee's claims are barred, in whole or in part, because BLMIS was not, upon information and belief, insolvent at the time of the transfers allegedly received by Defendants, and BLMIS was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

**Twenty-third Defense**

The Trustee's claims are barred, in whole or in part, because Plaintiff cannot maintain a fraudulent transfer action against Defendants, given that Defendants were among the parties that BLMIS sought to hinder, delay, and defraud.

**Twenty-fourth Defense**

The Trustee is equitably estopped, in whole or in part, from asserting the claims alleged in the Complaint.

**Twenty-fifth Defense**

The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Twenty-sixth Defense**

Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits."

**Twenty-seventh Defense**

Defendants hereby assert all defenses available under federal law and under any applicable state law. Additional facts may be revealed in discovery or otherwise that support

91682833.9

additional defenses presently available, but unknown, to Defendants. Defendants therefore reserve their right to assert additional defenses in the event discovery or investigation reveals additional defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

Defendants expressly reserve all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury for all issues so triable. Defendants further demand a trial before the District Court.

**WHEREFORE**, Defendants request that the Court enter judgment in favor of Defendants, award Defendants their costs, and grant Defendants such other and further relief as is just and equitable.

Dated: August 14, 2015
      New York, New York

Respectfully submitted,

DAY PITNEY LLP

By:   */s/ Thomas D. Goldberg*
    Thomas D. Goldberg
    Margarita Y. Ginzburg
    7 Times Square
    New York, NY 10036
    E-mail: tgoldberg@daypitney.com
    E-mail: mginzburg@daypitney.com

*Attorneys for Defendants Edmond A. Gorek and Marguerite M. Gorek*

91682833.9