*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
 *and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
 *in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantially Consolidated) |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04588 (SMB) |

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants AMY PINTO LOME REVOCABLE TRUST,  U/A/D 5/22/03; AMY

PINTO LOME, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome

Revocable Trust u/a/d 5/22/03; and LEONARD D. LOME,  in his capacity as Trustee for the

Amy Pinto Lome Revocable Trust u/a/d 5/22/03 ( "The Defendant Parties"); as and for their

Answer to the Complaint (the "Complaint")[1] filed against them in this case by Plaintiff Irving H.

Picard ("Plaintiff" or "Trustee"), as Trustee for the liquidation of the business of Bernard Madoff

Investment Securities LLC ("Madoff Securities") under the Securities Investor Protection Act,

15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[2] and the substantively consolidated estate of Bernard L.

Madoff individually ("Madoff"), state to the Court as follows:

### NATURE OF PROCEEDINGS

1.     The Defendant Parties state that the allegations of paragraph 1 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Complaint.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

2

required, the Defendant Parties denies that they received any avoidable transfers from Madoff

Securities and deny knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 1, and on that basis deny the allegations.

2.      The Defendant Parties state that the allegations of paragraph 2 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2, and on that basis deny the allegations, except admits

that the Defendant Parties received certain transfers from, and made certain transfers to,

Madoff Securities during the two years prior to the Filing Date.

3.      The Defendant Parties state that the allegations of paragraph 3 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties admits that paragraph 3 purports to summarize the action

commenced by the Complaint, but denies that the Trustee is entitled to any relief of any kind

against the Defendant Parties and deny knowledge or information sufficient to form a belief as

to the truth of any remaining allegations of paragraph 3, and on that basis deny the allegations.

## JURISDICTION AND VENUE

4.      The Defendant Parties state that the allegations of paragraph 4 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 4.

5.      The Defendant Parties state that the allegations of paragraph 5 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations contained in paragraph 5.

6.      The Defendant Parties state that the allegations of paragraph 6 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 6, and on that basis deny the allegations.

**DEFENDANTS**

7.      The Defendant Parties admits the allegations in paragraph 7.

8.      The Defendant Parties admits the allegations in paragraph 8.

9.      The Defendant Parties admits the allegations of paragraph 9.

**BACKGROUND, THE TRUSTEE AND STANDING**

10.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 10, and on that basis deny the allegations.

11.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 11, and on that basis deny the allegations.

12.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 12, and on that basis deny the allegations.

13.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 13, and on that basis deny the allegations.

14.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 14, and on that basis deny the allegations.

15.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 15, and on that basis deny the allegations.

16.      The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 16, and on that basis deny the allegations.

17.      The Defendant Parties deny knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 17, that the Trustee is in the process of

marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well

underway, and that such assets will not be sufficient to reimburse the customer of Madoff

Securities for the billions of dollars that they invested over the years. As to all other

allegations contained in paragraph 17 of the Complaint, the Defendant Parties state that those

allegations are legal conclusions or arguments as to which no response is required and, to the

extent a response is required, deny those allegations on information and belief.

18.    The Defendant Parties state that the allegations of paragraph 18 are legal

conclusions or arguments as to which no response is required. To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 18, and on that basis deny the allegations.

19.    The Defendant Parties state that the allegations of paragraph 19 are legal

conclusions or arguments as to which no response is required. To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 19, and on that basis deny the allegations.

20.    The Defendant Parties state that the allegations of paragraph 20 are legal

conclusions or arguments as to which no response is required. To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 20, and on that basis deny the allegations.

## THE FRAUDULENT PONZI SCHEME

21.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 21, and on that basis deny the allegations,

except admits, upon information and belief, that Madoff Securities was a securities broker-

dealer registered with the SEC and SIPC.

22.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis deny the allegations.

23.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis deny the allegations.

24.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis deny the allegations, except admits that The Defendant Parties typically received monthly statements and trading confirmations from Madoff Securities showing the securities that were held in, or had been traded through, the Account.

25.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis deny the allegations.

26.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis deny the allegations.

27.     The Defendant Parties deny that any monies sent to Madoff Securities were used to enrich the Defendant Parties and that the Defendant Parties had any knowledge of the Madoff Securities Ponzi scheme, to the extent such scheme existed (which the Defendant Parties do not at this time concede).  The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and on that basis deny the allegations.

28.     The Defendant Parties state that the allegations of paragraph 28 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis deny the allegations.

29.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis deny the allegations, except admits that The Defendant Parties received certain transfers from, and made certain transfers to, Madoff Securities.

30.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis deny the allegations, except admits that The Defendant Parties typically received monthly statements from Madoff Securities.

31.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis deny the allegations.

32.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis deny the allegations.

33.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis deny the allegations.

34.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis deny the allegations.

35.    The Defendant Parties state that the allegations of paragraph 35 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35, and on that basis deny the allegations.

**THE TRANSFERS**

36.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36, and on that basis deny the allegations, except admits that account number #1EM457 (the "Account") was maintained with Madoff

Securities and that The Defendant Parties was party to certain documents in connection with the Account.

37.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37, and on that basis deny the allegations, except (i) admits that certain funds were transmitted to Madoff Securities by wire, check and/or inter-account transfer for application to the Account and the purported conducting of trading activities and (ii) refers the Court to the Account Agreement for the specific terms thereof.

38.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38, and on that basis deny the allegations, except admits that The Defendant Parties received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

39.    The Defendant Parties state that the allegations of paragraph 39 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 39, except admits that The Defendant Parties received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date and the two year period prior to the Filing Date.

40.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40, and on that basis deny the allegations, except admits that certain funds were transferred by The Defendant Parties to one or more of the Subsequent Transferee Defendants.

41.    The Defendant Parties state that the allegations of paragraph 41 are legal conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 41.

42.       The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42, and on that basis deny the allegations, and deny that the Trustee has any right to (i) supplement the information regarding the Transfers, the Subsequent Transfers, and any additional transfers and (ii) seek recovery of such additional transfers.

43.       The Defendant Parties state that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43, and on that basis deny the allegations.

## CUSTOMER CLAIMS

44.       Admit.

45.       Admit.

46.       Admit.

47.       The Defendant Parties state that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47, and on that basis deny the allegations.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

48.       The Defendant Parties repeat, allege, and incorporate by reference Defendants' responses to paragraphs 1 through 47 as if fully set forth herein.

49.       The Defendant Parties state that the allegations of paragraph 49 are legal conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 49.

50.     The Defendant Parties state that the allegations of paragraph 50 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50, and on that basis deny the allegations.

51.     The Defendant Parties state that the allegations of paragraph 51 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 51, and on that basis deny the allegations.

52.     The Defendant Parties state that the allegations of paragraph 52 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52, and on that basis deny the allegations.

53.     The Defendant Parties state that the allegations in paragraph 53 are legal conclusions or arguments to which no response is required. To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 53, and on that basis deny the allegations, and deny that the Trustee has any right to a judgment against Defendants: (a) avoiding and preserving the Two Year Transfers (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from Defendant Parties for the benefit of the estate of BLMIS.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

54.-62.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT THREE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

63.-67.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT FOUR
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

68.-73.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT FIVE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

74.-79.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT SIX
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

80.-85.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT SEVEN
### RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

86.    The Defendant Parties repeat, allege, and incorporate by reference Defendants'

responses to paragraphs 1 through 85 as if fully set forth herein.

87.    The Defendant Parties state that the allegations of paragraph 87 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 87.

88.    The Defendant Parties state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 88, and on that basis deny the allegations.

89.    The Defendant Parties state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 89, and on that basis deny the allegations.

90.    The Defendant Parties state that the allegations of paragraph 90 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 90, and on that basis deny the allegations.

91.    The Defendant Parties state that the allegations in paragraph 91 are legal conclusions or arguments to which no response is required. To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 91, and on that basis deny the allegations, and deny that the Trustee has any right to a judgment against Subsequent Transferee Defendant: (a) avoiding and preserving the Subsequent Transfers (b) directing that the Subsequent Transfers be set aside, and (c) recovering the Subsequent Transfers, or the value thereof, from the Subsequent Transferee Defendant for the benefit of the estate of BLMIS.

## RESPONSE TO PRAYER FOR RELIEF

92.    The Defendant Parties assert that the items contained in the prayer for relief constitute legal conclusions or arguments as to which no response is required.

## DEFENSES

The Defendant Parties assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," the Defendant Parties do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. The Defendant Parties do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against the Defendant Parties.

Under a prior decision applicable to this adversary proceeding, all of the claims alleged in the Complaint have been dismissed other than those seeking to avoid and recover initial and subsequent transfers pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685). In the event that subsequent legal developments further alter the claims available to the Trustee, the Defendant Parties hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.

The Defendant Parties reserve and assert all affirmative defenses available under applicable Federal or State law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

13

## FIRST DEFENSE

93.    The Complaint fails to state a claim against the Defendant Parties upon which relief may be granted.

## SECOND DEFENSE

94.    The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (i) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations, causes of action and requests for relief as to all of the Defendants or Defendant Parties; and (ii) failing to allege facts sufficient to demonstrate that any transfers allegedly made to the Defendant Parties were made with actual intent to hinder, delay or defraud customers of Madoff Securities.

## THIRD DEFENSE

95.    The claims against the Defendant Parties fail for lack of personal jurisdiction.

## FOURTH DEFENSE

96.    The Trustee lacks standing, in whole or in part, to bring the claims asserted.

## FIFTH DEFENSE

97.    The claims set forth in the Complaint are not ripe, and the Trustee lacks standing, because the claims do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

## SIXTH DEFENSE

98.    The transfers are not avoidable and/or recoverable because the funds at issue were held in trust, or as bailee for the Defendant Parties, by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

14

## SEVENTH DEFENSE

99.     To the extent the allegations in the Complaint concerning the alleged Ponzi

scheme perpetrated by Madoff Securities are true,[3] then Madoff Securities acquired by fraud

all of the funds that were the subject of the purported Transfers.  Because Madoff Securities

acquired such funds by fraud, Madoff Securities never acquired legal or beneficial ownership

of the funds, such that the purported Transfers were not comprised of, and did not involve, any

property of Madoff Securities.

## EIGHTH DEFENSE

100.     The Complaint fails to state a claim on which relief can be granted because it

fails to properly plead the elements required for the avoidance of Madoff Securities'

obligations.  Absent an action to avoid Madoff Securities' obligations to pay what is owed to

the customer under state law, the transfers were all made on account of antecedent debts.  To

the extent the Trustee has pled the avoidance of obligations, he is not authorized under

governing statutes to pursue such avoidance claims.

## NINTH DEFENSE

101.     The Complaint is barred, in whole or in part, because the Trustee has failed to

plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of

the Bankruptcy Code with sufficient particularity and factual support.

## TENTH DEFENSE

102.     The Complaint is barred, in whole or in part, because the Trustee has failed to

plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and

---

[3] The Defendant Parties lack knowledge or information sufficient to form a belief with respect to the truth of those allegations, and thus denies those allegations.

sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law

with sufficient particularity and factual support.

### ELEVENTH DEFENSE

103.    The claims are barred in whole or part by waiver and/or laches.

### TWELFTH DEFENSE

104.    The claims are barred in whole or part by applicable limitations periods.

### THIRTEENTH DEFENSE

105.    The claims are barred in whole or part by res judicata, collateral estoppel, and/or

issue preclusion.

### FOURTEENTH DEFENSE

106.    The claims against the Defendant Parties fail for insufficient process and

insufficient service of process.

### FIFTEENTH DEFENSE

107.    The alleged transfers, to the extent they were actually received by the Defendant

Parties, were taken for value and in good faith, as provided by sections 548(c) and

548(d)(2)(A) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against

the Defendant Parties under sections 548 and 550 of the Bankruptcy Code, and the Defendant

Parties is entitled (i) to retain the alleged transfers, (ii) to a lien on the alleged transfers and (iii)

to a reduction in the amount of any liability to the Trustee, in each case to the extent of any

value or consideration provided or caused to be provided by the Defendant Parties to Madoff

Securities.

### SIXTEENTH DEFENSE

108.    The alleged transfers, to the extent they were actually received by the Defendant

Parties alleged to have been a subsequent transferee, were taken for value, in good faith, and

without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code.

They are thus not avoidable or recoverable as against the Defendant Parties alleged to have

been a subsequent transferee under sections 548 and 550 of the Bankruptcy Code.

## SEVENEENTH DEFENSE

109.    The alleged transfers, to the extent they were actually received by the Defendant

Parties, were taken without actual fraudulent intent and for fair consideration, as provided by

section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against the Defendant Parties under sections 544 and 550 of the Bankruptcy

Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## EIGHTEENTH DEFENSE

110.    The alleged transfers, to the extent they were actually received by the Defendant

Parties, were taken for fair consideration and without knowledge of the fraud, as provided by

section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against the Defendant Parties under Sections 544 and 550 of the Bankruptcy

Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## NINETEENTH DEFENSE

111.    The alleged transfers are exempt from avoidance and recovery in whole or part

under section 546(e) of the Bankruptcy Code, including, *inter alia*, because the transfers

(i) were made by or to a stockbroker and/or financial institution, in connection with a securities

contract and/or (ii) constituted a settlement payment made by or to a stockbroker and/or

financial institution.

## TWENTIETH DEFENSE

112.    Each claim for recovery of a fraudulent transfer is barred in whole or in part

(whether by virtue of the "value" defense, setoff or equitable adjustment) because, to the extent

any alleged transfers were actually received by the Defendant Parties, the Defendant Parties received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities for, *inter alia*, (i) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### TWENTY-FIRST DEFENSE

113.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or equitable or other adjustment to the extent that such transfers were, in whole or in part, used by the Defendant Parties to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### TWENTY-SECOND DEFENSE

114.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to the applicable two-year or six-year "reach-back" limitations period.

### TWENTY-THIRD DEFENSE

115.    The claims are barred in whole or part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year "reach-back" limitations period.

### TWENTY-FOURTH DEFENSE

116.    The Trustee's claims against the Defendant Parties are barred because the Trustee suffered no damages proximately caused by the Defendant Parties.

## TWENTY-FIFTH DEFENSE

117.    The Complaint fails to state a claim on which relief can be granted because it

fails to sufficiently trace the funds at issue from Madoff Securities to the individual Defendant

Parties and to sufficiently plead that the Defendant Parties actually received any particular

transfer.

## TWENTY-SIXTH DEFENSE

118.    To the extent any claim relating to any particular transfer is asserted against

more than one of the Defendant Parties, the Trustee would be entitled to, at most, a single

satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of

the Bankruptcy Code and/or under New York law.

## TWENTY-SEVENTH DEFENSE

119.    Recovery of attorneys' fees from the Defendant Parties is not permissible under

sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and

Creditor Law because, *inter alia*, such fees are not a "transfer" or "conveyance" under

applicable law.

## TWENTY-EIGHTH DEFENSE

120.    Even if the Trustee is entitled to the return of some or all of the alleged transfers

sought by the Complaint (which he is not), he is not entitled to interest from the date of each

alleged transfer or any other date.

## TWENTY-NINTH DEFENSE

121.    The Complaint must be dismissed to the extent that, the Defendant Parties are

immune from suit under applicable law and/or the assets of the Defendant Parties are exempt

from attachment, and are not otherwise subject to collection, by creditors of the Defendant

Parties.

19

## THIRTIETH DEFENSE

122.    The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-FIRST DEFENSE

123.    The Trustee's claims are barred, in whole or in part, by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and Madoff Securities) are imputed to the Trustee.

## THIRTY-SECOND DEFENSE

124.    The Trustee's "Net Investment Method" for calculating the Defendant Parties's alleged fraudulent transfer liability should be adjusted to provide the Defendant Parties with a credit for inflation, interest, time value of money, reinvestment during the applicable limitations period, inter-account transfers and other relevant factors.

## THIRTY-THIRD DEFENSE

125.    Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

## THIRTY-FOURTH DEFENSE

126.    The Defendant Parties adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that such defenses may be applicable to the Defendant Parties.

## THIRTY-FIFTH DEFENSE

127.    The Trustee's claims are barred, in whole and/or in part, because Madoff Securities was not, upon information and belief, insolvent at the time of the transfers allegedly received by the Defendant Parties, and Madoff Securities was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

**THIRTY-SIXTH DEFENSE**

128.    The Trustee's claims are barred, in whole and/or in part, because the

enforcement of relief alleged against the Defendant Parties, a victim of the Madoff fraud,

would be unconscionable and a violation of public policy.

**THIRTY-SEVENTH DEFENSE**

129.    The Trustee's claims are barred in whole or in part against the Defendant Parties

to the extent the Defendant Parties did not receive, or acted as a conduit in respect of, the

transfers underlying such claim, and the Complaint insufficiently pleads receipt of the transfers

by the Defendant Parties.

**THIRTY-EIGHTH DEFENSE**

130.    The Claims are barred in whole or in part to the extent they relate to transfers

made to a predecessor owner of the Account, if any.

**RESERVATION OF RIGHTS**

131.    The Defendant Parties hereby give notice that they intend to rely upon any other

defenses that may become available or appear during the pre-trial proceedings based upon

evidence obtained through discovery or otherwise and hereby reserves the right to amend their

Answer and assert any such defenses.

**COUNTERCLAIMS AND CROSS-CLAIMS**

132.    The Defendant Parties expressly reserve all rights with respect to all

counterclaims or cross claims that may be revealed during the course of discovery.

WHEREFORE, the Defendant Parties demand judgment dismissing the Complaint, with

costs.

Dated: August 14, 2015

Respectfully submitted,

/s/ Robert M. McClay
Robert M. McClay #69620
McClay●Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

Dated: August 14, 2015

/s/ Marvin C. Ingber
Marvin C. Ingber #0048859
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001
Telephone:  612-327-8378
Email:  mcingber@comcast.net