*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for Defendants:*
*IRVING J. PINTO 1996 GRANTOR RETAINED*
*ANNUITY TRUST; IRVING J. PINTO 1994*
*GRANTOR RETAINED ANNUITY TRUST;*
*SIDNEY KAPLAN, in his/her capacity as Trustee*
*of the Irving J. Pinto 1996 Grantor Retained*
*Annuity Trust and the Irving J. Pinto 1994*
*Grantor Retained Annuity Trust; ESTATE OF IRVING*
*J.PINTO; and JAMIE PINTO, in his capacity as*
*Personal Representative of the Estate of Irving J. Pinto.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF, | |

|  |  |
|---|---|
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>v.<br><br>IRVING J. PINTO 1996 GRANTOR RETAINED ANNUITY TRUST; IRVING J. PINTO 1994 GRANTOR RETAINED ANNUITY TRUST; SIDNEY KAPLAN, in his/her capacity as Trustee of the Irving J. Pinto 1996 Grantor Retained Annuity Trust and the Irving J. Pinto 1994 Grantor Retained Annuity Trust; ESTATE OF IRVING J.PINTO; and JAMIE PINTO, in his capacity as Personal Representative of the Estate of Irving J. Pinto,<br><br>    Defendants. | Adv. Pro. No. 10-04744 (SMB) |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants IRVING J. PINTO 1996 GRANTOR RETAINED ANNUITY TRUST;

IRVING J. PINTO 1994 GRANTOR RETAINED ANNUITY TRUST; SIDNEY KAPLAN, in

his/her capacity as Trustee of the Irving J. Pinto 1996 Grantor Retained Annuity Trust and the

Irving J. Pinto 1994 Grantor Retained Annuity Trust; ESTATE OF IRVING J.PINTO; and

JAMIE PINTO, in his capacity as Personal Representative of the Estate of Irving J. Pinto, ( "The

Defendant Parties"); as and for their Answer to the Complaint (the "Complaint")[1] filed against

them in this case by Plaintiff Irving H. Picard ("Plaintiff" or "Trustee"), as Trustee for the

liquidation of the business of Bernard Madoff Investment Securities LLC ("Madoff Securities")

under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[2] and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Complaint.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), state to the

Court as follows:

## NATURE OF PROCEEDINGS

1.      The Defendant Parties state that the allegations of paragraph 1 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties denies that they received any avoidable transfers from Madoff

Securities and deny knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 1, and on that basis deny the allegations.

2.      The Defendant Parties state that the allegations of paragraph 2 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2, and on that basis deny the allegations, except admits

that the Defendant Parties received certain transfers from, and made certain transfers to,

Madoff Securities during the two years prior to the Filing Date.

3.      The Defendant Parties state that the allegations of paragraph 3 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties admits that paragraph 3 purports to summarize the action

commenced by the Complaint, but denies that the Trustee is entitled to any relief of any kind

against the Defendant Parties and deny knowledge or information sufficient to form a belief as

to the truth of any remaining allegations of paragraph 3, and on that basis deny the allegations.

## JURISDICTION AND VENUE

4.      The Defendant Parties state that the allegations of paragraph 4 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 4.

5.      The Defendant Parties state that the allegations of paragraph 5 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations contained in paragraph 5.

6.      The Defendant Parties state that the allegations of paragraph 6 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 6, and on that basis deny the allegations.

## DEFENDANTS

7.      The Defendant Parties admits the allegations in paragraph 7.

8.      The Defendant Parties admits the allegations in paragraph 8.

9.      The Defendant Parties deny the allegations of paragraph 9. Irving J. Pinto is

deceased. *See* Stipulation for Substitution of Defendant and Order, No. 10-04744 (SMB)

(S.D.N.Y. March 31, 2014) (Docket No. 33).

10.     Admit.

## BACKGROUND, THE TRUSTEE AND STANDING

11.     The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 11, and on that basis deny the allegations.

12.     The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 12, and on that basis deny the allegations.

13.     The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 13, and on that basis deny the allegations.

14.     The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 14, and on that basis deny the allegations.

15.    The Defendant Parties deny knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 15, and on that basis deny the allegations.

16.    The Defendant Parties deny knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 16, and on that basis deny the allegations.

17.    The Defendant Parties deny knowledge and information sufficient to form a
belief as to the truth of the allegations of paragraph 17, and on that basis deny the allegations.

18.    The Defendant Parties deny knowledge or information sufficient to form a
belief as to the truth of the allegations in paragraph 18, that the Trustee is in the process of
marshalling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well
underway, and that such assets will not be sufficient to reimburse the customer of Madoff
Securities for the billions of dollars that they invested over the years.  As to all other
allegations contained in paragraph 18 of the Complaint, the Defendant Parties state that those
allegations are legal conclusions or arguments as to which no response is required and, to the
extent a response is required, deny those allegations on information and belief.

19.    The Defendant Parties state that the allegations of paragraph 19 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge or information sufficient to form a belief as to
the truth of the allegations of paragraph 19, and on that basis deny the allegations.

20.    The Defendant Parties state that the allegations of paragraph 20 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge or information sufficient to form a belief as to
the truth of the allegations of paragraph 20, and on that basis deny the allegations.

21.    The Defendant Parties state that the allegations of paragraph 21 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 21, and on that basis deny the allegations.

## THE FRAUDULENT PONZI SCHEME

22.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 22, and on that basis deny the allegations,

except admits, upon information and belief, that Madoff Securities was a securities broker-

dealer registered with the SEC and SIPC.

23.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 23, and on that basis deny the allegations.

24.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 24, and on that basis deny the allegations.

25.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 25, and on that basis deny the allegations,

except admits that The Defendant Parties typically received monthly statements and trading

confirmations from Madoff Securities showing the securities that were held in, or had been

traded through, the Account.

26.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 26, and on that basis deny the allegations.

27.    The Defendant Parties deny knowledge and information sufficient to form a

belief as to the truth of the allegations of paragraph 27, and on that basis deny the allegations.

28.    The Defendant Parties deny that any monies sent to Madoff Securities were

used to enrich the Defendant Parties and that the Defendant Parties had any knowledge of the

Madoff Securities Ponzi scheme, to the extent such scheme existed (which the Defendant

Parties do not at this time concede). The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and on that basis deny the allegations.

29.    The Defendant Parties state that the allegations of paragraph 29 are legal conclusions or arguments as to which no response is required. To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis deny the allegations.

30.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis deny the allegations, except admits that The Defendant Parties received certain transfers from, and made certain transfers to, Madoff Securities.

31.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis deny the allegations, except admits that The Defendant Parties typically received monthly statements from Madoff Securities.

32.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis deny the allegations.

33.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis deny the allegations.

34.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis deny the allegations.

35.    The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35, and on that basis deny the allegations.

36.     The Defendant Parties state that the allegations of paragraph 36 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36, and on that basis deny the allegations.

## THE TRANSFERS

37.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37, and on that basis deny the allegations, except admits that account number #1EM358 and 1EM311 (the "Accounts") were maintained with Madoff Securities and that The Defendant Parties was party to certain documents in connection with the Accounts.

38.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38, and on that basis deny the allegations, except (i) admits that certain funds were transmitted to Madoff Securities by wire, check and/or inter-account transfer for application to the Account and the purported conducting of trading activities and (ii) refers the Court to the Account Agreement for the specific terms thereof.

39.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 39, and on that basis deny the allegations, except admits that The Defendant Parties received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

40.     The Defendant Parties state that the allegations of paragraph 40 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 40, except admits that The Defendant Parties received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date and the two year period prior to the

Filing Date.

41.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41, and on that basis deny the allegations, except admits that certain funds were transferred by The Defendant Parties to one or more of the Subsequent Transferee Defendants.

42.     The Defendant Parties state that the allegations of paragraph 42 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 42.

43.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43, and on that basis deny the allegations, and deny that the Trustee has any right to (i) supplement the information regarding the Transfers, the Subsequent Transfers, and any additional transfers and (ii) seek recovery of such additional transfers.

44.     The Defendant Parties state that the allegations of paragraph 44 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44, and on that basis deny the allegations.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

45.     The Defendant Parties repeat, allege, and incorporate by reference Defendants' responses to paragraphs 1 through 44 as if fully set forth herein.

46.     The Defendant Parties state that the allegations of paragraph 46 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 46.

47.      The Defendant Parties state that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47, and on that basis deny the allegations.

48.      The Defendant Parties state that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 48, and on that basis deny the allegations.

49.      The Defendant Parties state that the allegations of paragraph 49 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49, and on that basis deny the allegations.

50.      The Defendant Parties state that the allegations in paragraph 50 are legal conclusions or arguments to which no response is required. To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50, and on that basis deny the allegations, and deny that the Trustee has any right to a judgment against Defendants: (a) avoiding and preserving the Two Year Transfers (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from Defendant Parties for the benefit of the estate of BLMIS.

**COUNT TWO**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551**

51.-59.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT THREE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

60.-64.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT FOUR
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

65.-70.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT FIVE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

71.-76.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT SIX
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

77.-82.  Dismissed.  *See* Order Granting in Part and Denying in Part Defendants' Motions

to Dismiss, No. 08-01789 (SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).

## COUNT SEVEN
### RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

83.    The Defendant Parties repeat, allege, and incorporate by reference Defendants'

responses to paragraphs 1 through 82 as if fully set forth herein.

84.    The Defendant Parties state that the allegations of paragraph 84 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 84.

85.     The Defendant Parties state that the allegations of paragraph 85 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 85, and on that basis deny the allegations.

86.     The Defendant Parties state that the allegations of paragraph 86 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 86, and on that basis deny the allegations.

87.     The Defendant Parties state that the allegations of paragraph 87 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 87, and on that basis deny the allegations.

88.     The Defendant Parties state that the allegations in paragraph 88 are legal conclusions or arguments to which no response is required. To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 88, and on that basis deny the allegations, and deny that the Trustee has any right to a judgment against Subsequent Transferee Defendant: (a) avoiding and preserving the Subsequent Transfers (b) directing that the Subsequent Transfers be set aside, and (c) recovering the Subsequent Transfers, or the value thereof, from the Subsequent Transferee Defendant for the benefit of the estate of BLMIS.

## RESPONSE TO PRAYER FOR RELIEF

89.     The Defendant Parties assert that the items contained in the prayer for relief constitute legal conclusions or arguments as to which no response is required.

**DEFENSES**

The Defendant Parties assert the following affirmative defenses and reserve the right to
amend this Answer to assert other and further defenses when and if, in the course of its
investigation, discovery, or preparation for trial it becomes appropriate.  By designating these
matters as "defenses," the Defendant Parties do not relieve the Trustee of proving under the
appropriate standard of proof all elements of any claim alleged.  The Defendant Parties do not
undertake any burdens that properly rest upon the Trustee, and do  not suggest either that the
Trustee does not bear the burden of proof as to such matters or that such matters are not elements
that he must establish in order to make out a *prima facie* case against the Defendant Parties.

Under a prior decision applicable to this adversary proceeding, all of the claims alleged in
the Complaint have been dismissed other than those seeking to avoid and recover initial and
subsequent transfers pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code.
*See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, No. 08-01789
(SMB) (S.D.N.Y. July 16, 2015) (Docket No. 10684 and 10685).  In the event that subsequent
legal developments further alter the claims available to the Trustee, the Defendant Parties hereby
raise each and every defense at law, in equity, or otherwise, available under any and all federal
and state statutes, laws, rules, regulations or other creations, including common law.

The Defendant Parties reserve and assert all affirmative defenses available under
applicable Federal or State law, including Federal Rules of Bankruptcy Procedure, Federal Rules
of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local
Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when
and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

**FIRST DEFENSE**

90.    The Complaint fails to state a claim against the Defendant Parties upon which

relief may be granted.

**SECOND DEFENSE**

91.    The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil

Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007) by, *inter alia*, (i) failing to describe each specific transfer and its recipients,

and each subsequent transfer and its recipients, and improperly combining allegations, causes

of action and requests for relief as to all of the Defendants or Defendant Parties; and (ii) failing

to allege facts sufficient to demonstrate that any transfers allegedly made to the Defendant

Parties were made with actual intent to hinder, delay or defraud customers of Madoff

Securities.

**THIRD DEFENSE**

92.    The claims against the Defendant Parties fail for lack of personal jurisdiction.

**FOURTH DEFENSE**

93.    The Trustee lacks standing, in whole or in part, to bring the claims asserted.

**FIFTH DEFENSE**

94.    The claims set forth in the Complaint are not ripe, and the Trustee lacks

standing, because the claims do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The

Trustee has not established that there is a shortfall in customer property.

**SIXTH DEFENSE**

95.    The transfers are not avoidable and/or recoverable because the funds at issue

were held in trust, or as bailee for the Defendant Parties, by Madoff Securities and were not

property of the estate in which Madoff Securities had a legal interest.

**SEVENTH DEFENSE**

96.     To the extent the allegations in the Complaint concerning the alleged Ponzi

scheme perpetrated by Madoff Securities are true,[3] then Madoff Securities acquired by fraud

all of the funds that were the subject of the purported Transfers.  Because Madoff Securities

acquired such funds by fraud, Madoff Securities never acquired legal or beneficial ownership

of the funds, such that the purported Transfers were not comprised of, and did not involve, any

property of Madoff Securities.

**EIGHTH DEFENSE**

97.     The Complaint fails to state a claim on which relief can be granted because it

fails to properly plead the elements required for the avoidance of Madoff Securities'

obligations.  Absent an action to avoid Madoff Securities' obligations to pay what is owed to

the customer under state law, the transfers were all made on account of antecedent debts.  To

the extent the Trustee has pled the avoidance of obligations, he is not authorized under

governing statutes to pursue such avoidance claims.

**NINTH DEFENSE**

98.     The Complaint is barred, in whole or in part, because the Trustee has failed to

plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of

the Bankruptcy Code with sufficient particularity and factual support.

**TENTH DEFENSE**

99.     The Complaint is barred, in whole or in part, because the Trustee has failed to

plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and

---

[3] The Defendant Parties lack knowledge or information sufficient to form a belief with
respect to the truth of those allegations, and thus denies those allegations.

sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law

with sufficient particularity and factual support.

### ELEVENTH DEFENSE

100.    The claims are barred in whole or part by waiver and/or laches.

### TWELFTH DEFENSE

101.    The claims are barred in whole or part by applicable limitations periods.

### THIRTEENTH DEFENSE

102.    The claims are barred in whole or part by res judicata, collateral estoppel, and/or

issue preclusion.

### FOURTEENTH DEFENSE

103.    The claims against the Defendant Parties fail for insufficient process and

insufficient service of process.

### FIFTEENTH DEFENSE

104.    The alleged transfers, to the extent they were actually received by the Defendant

Parties, were taken for value and in good faith, as provided by sections 548(c) and

548(d)(2)(A) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against

the Defendant Parties under sections 548 and 550 of the Bankruptcy Code, and the Defendant

Parties is entitled (i) to retain the alleged transfers, (ii) to a lien on the alleged transfers and (iii)

to a reduction in the amount of any liability to the Trustee, in each case to the extent of any

value or consideration provided or caused to be provided by the Defendant Parties to Madoff

Securities.

### SIXTEENTH DEFENSE

105.    The alleged transfers, to the extent they were actually received by the Defendant

Parties alleged to have been a subsequent transferee, were taken for value, in good faith, and

without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code.

They are thus not avoidable or recoverable as against the Defendant Parties alleged to have

been a subsequent transferee under sections 548 and 550 of the Bankruptcy Code.

## SEVENEENTH DEFENSE

106.    The alleged transfers, to the extent they were actually received by the Defendant

Parties, were taken without actual fraudulent intent and for fair consideration, as provided by

section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against the Defendant Parties under sections 544 and 550 of the Bankruptcy

Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## EIGHTEENTH DEFENSE

107.    The alleged transfers, to the extent they were actually received by the Defendant

Parties, were taken for fair consideration and without knowledge of the fraud, as provided by

section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against the Defendant Parties under Sections 544 and 550 of the Bankruptcy

Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## NINETEENTH DEFENSE

108.    The alleged transfers are exempt from avoidance and recovery in whole or part

under section 546(e) of the Bankruptcy Code, including, *inter alia*, because the transfers

(i) were made by or to a stockbroker and/or financial institution, in connection with a securities

contract and/or (ii) constituted a settlement payment made by or to a stockbroker and/or

financial institution.

## TWENTIETH DEFENSE

109.    Each claim for recovery of a fraudulent transfer is barred in whole or in part

(whether by virtue of the "value" defense, setoff or equitable adjustment) because, to the extent

any alleged transfers were actually received by the Defendant Parties, the Defendant Parties received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities for, *inter alia*, (i) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### TWENTY-FIRST DEFENSE

110.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or equitable or other adjustment to the extent that such transfers were, in whole or in part, used by the Defendant Parties to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### TWENTY-SECOND DEFENSE

111.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to the applicable two-year or six-year "reach-back" limitations period.

### TWENTY-THIRD DEFENSE

112.    The claims are barred in whole or part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year "reach-back" limitations period.

### TWENTY-FOURTH DEFENSE

113.    The Trustee's claims against the Defendant Parties are barred because the Trustee suffered no damages proximately caused by the Defendant Parties.

### TWENTY-FIFTH DEFENSE

114.    The Complaint fails to state a claim on which relief can be granted because it
fails to sufficiently trace the funds at issue from Madoff Securities to the individual Defendant
Parties and to sufficiently plead that the Defendant Parties actually received any particular
transfer.

### TWENTY-SIXTH DEFENSE

115.    To the extent any claim relating to any particular transfer is asserted against
more than one of the Defendant Parties, the Trustee would be entitled to, at most, a single
satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of
the Bankruptcy Code and/or under New York law.

### TWENTY-SEVENTH DEFENSE

116.    Recovery of attorneys' fees from the Defendant Parties is not permissible under
sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and
Creditor Law because, *inter alia*, such fees are not a "transfer" or "conveyance" under
applicable law.

### TWENTY-EIGHTH DEFENSE

117.    Even if the Trustee is entitled to the return of some or all of the alleged transfers
sought by the Complaint (which he is not), he is not entitled to interest from the date of each
alleged transfer or any other date.

### TWENTY-NINTH DEFENSE

118.    The Complaint must be dismissed to the extent that, the Defendant Parties are
immune from suit under applicable law and/or the assets of the Defendant Parties are exempt
from attachment, and are not otherwise subject to collection, by creditors of the Defendant
Parties.

**THIRTIETH DEFENSE**

119.    The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTY-FIRST DEFENSE**

120.    The Trustee's claims are barred, in whole or in part, by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and Madoff Securities) are imputed to the Trustee.

**THIRTY-SECOND DEFENSE**

121.    The Trustee's "Net Investment Method" for calculating the Defendant Parties's alleged fraudulent transfer liability should be adjusted to provide the Defendant Parties with a credit for inflation, interest, time value of money, reinvestment during the applicable limitations period, inter-account transfers and other relevant factors.

**THIRTY-THIRD DEFENSE**

122.    Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

**THIRTY-FOURTH DEFENSE**

123.    The Defendant Parties adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that such defenses may be applicable to the Defendant Parties.

**THIRTY-FIFTH DEFENSE**

124.    The Trustee's claims are barred, in whole and/or in part, because Madoff Securities was not, upon information and belief, insolvent at the time of the transfers allegedly received by the Defendant Parties, and Madoff Securities was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

## THIRTY-SIXTH DEFENSE

125.    The Trustee's claims are barred, in whole and/or in part, because the

enforcement of relief alleged against the Defendant Parties, a victim of the Madoff fraud,

would be unconscionable and a violation of public policy.

## THIRTY-SEVENTH DEFENSE

126.    The Trustee's claims are barred in whole or in part against the Defendant Parties

to the extent the Defendant Parties did not receive, or acted as a conduit in respect of, the

transfers underlying such claim, and the Complaint insufficiently pleads receipt of the transfers

by the Defendant Parties.

## THIRTY-EIGHTH DEFENSE

127.    The Claims are barred in whole or in part to the extent they relate to transfers

made to a predecessor owner of the Account, if any.

## RESERVATION OF RIGHTS

128.    The Defendant Parties hereby give notice that they intend to rely upon any other

defenses that may become available or appear during the pre-trial proceedings based upon

evidence obtained through discovery or otherwise and hereby reserves the right to amend their

Answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

129.    The Defendant Parties expressly reserve all rights with respect to all

counterclaims or cross claims that may be revealed during the course of discovery.

WHEREFORE, the Defendant Parties demand judgment dismissing the Complaint, with

costs.

Dated: August 14, 2015                          Respectfully submitted,

                                                /s/ Robert M. McClay
                                                Robert M. McClay #69620
                                                McClay•Alton, P.L.L.P.
                                                951 Grand Avenue
                                                St. Paul, Minnesota 55105
                                                Telephone: 651-290-0301
                                                Fax: 651-290-2502
                                                Email: law@mcclay-alton.com


Dated: August 14, 2015                          /s/ Marvin C. Ingber
                                                Marvin C. Ingber #0048859
                                                Attorney and Counselor at Law
                                                6705 Apache Road
                                                Edina, Minnesota 55439-1001
                                                Telephone:  612-327-8378
                                                Email:  mcingber@comcast.net