DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for America-Israel Cultural Foundation, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05058 (SMB) |
| Plaintiff, | |
| - against - | ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES |
| AMERICA-ISRAEL CULTURAL FOUNDATION, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

Defendant, America-Israel Cultural Foundation, Inc., by and through its undersigned counsel, submits this Answer and Affirmative Defenses to the Complaint dated December 2, 2010 (the "Complaint") filed by Irving Picard ("Plaintiff" or "Trustee") as Trustee of Bernard L. Madoff Investment Securities ("BLMIS") as set forth below.

To the extent any allegation is not specifically admitted, it is expressly denied.   No response is required to the various headings or subheadings throughout the Complaint.   To the extent that responses are required to the various headings or subheadings, however, all are denied.

1.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, except expressly denies that this adversary proceeding arises from a Ponzi scheme, but admits that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refers the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.   Defendant denies that it received avoidable transfers from BLMIS.

2.      Paragraph 2 consists of characterizations and legal conclusions to which no response is required.   To the extent a response is required, Defendant expressly denies that it was a beneficiary of a Ponzi scheme, it received other people's money or avoidable transfers and that any payments it received are fictitious profits or recoverable by the Trustee.

3.      Defendant admits that Plaintiff purports to have brought this action under 15 U.S.C. §§ 78 fff(b),78 fff-1(a),78 fff-2(c) and 78 fff-2(c)(3), section 105(a), 544, 548(a), 550 and 551 of Title 11 of the United states Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act New York Debtor and Creditor Law § 270 et seq. (McKinney 2001) ("DCL"), and other applicable law, but denies that Plaintiff is entitled to any relief against the Defendant pursuant to the cited provisions or otherwise.   Defendant further denies that Defendant incurred fraudulent obligations or received fraudulent conveyances in connection with certain transfers by BLMIS and that Plaintiff is entitled to set aside, avoid or recover any transfers from BLMIS. Defendant respectfully refers the Court to the Order of the United States District Court for the

84647189\V-1

Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code; and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.  On June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129, and thus section 546(e) of the Bankruptcy Code applies to this proceeding.

4.      Defendant admits that Plaintiff commenced this adversary proceeding "in the same Court before which the main SIPA proceeding, No. 08-01789 (BRL) is pending, but denies that the Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, 15 U.S.C. §§ 78 eeee(b)(2)(A).  The remaining allegations of Paragraph 4 consist of legal conclusion to which no response is required.  To the extent a response is required, Defendant respectfully refers this Court to the docket of proceedings in the United States District Court for an accurate account of the reference of this adversary proceeding.

5.      Paragraph 5 of the Complaint consists of conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegation contained in Paragraph 5, does not consent to the entry of a final judgment by the Bankruptcy Court, and respectfully refers all questions of law to the appropriate court.  Defendant demands a jury trial.

6.      Paragraph 6 of the Complaint consists of conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegation contained in Paragraph 6 and respectfully refers all questions of law to the appropriate court.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint with respect to its formation, location, and its BLMIS account.

84647189\V-1

8.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admits that on information and belief, Madoff was arrested on December 11, 2008, and refers the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein.  The footnote to Paragraph 8 consists of a legal conclusion to which no response is required.

9.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and refers the Court to the referenced order for the complete contents therein.

10.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and refers the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

11.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and all of its subparts, and refers the Court to the referenced order for the complete contents therein.

12.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and refers the Court to the referenced orders for the complete contents therein.

13.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and refers the Court to the Plea Allocution for the complete contents therein.

84647189\V-1

14.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and refers the Court to the referenced Plea Allocution for the complete contents therein.

15.     Paragraph 15 of the Complaint consists of a series of legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint consists of legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint consists of legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint consists of legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and each sub part in Paragraph 18 of the Complaint.  Given the rulings described above, Defendant expressly denies that the Trustee has the power to avoid and recover transfers under section 544, 547, 548(a)(1(B) and applicable state law.

19.     Defendant admits that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC but Defendant denies knowledge and

84647189\V-1

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint

20.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.    Defendant admits that it received monthly statements but Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint.  To the extent that Plaintiff relies on Madoff's Plea Allocution, Defendant respectfully refers the court to the Plea Allocution for the complete contents therein.

23.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies that any monies sent to BLMIS was used to enrich the Defendant and denies knowledge and information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 26 of the Complaint.

84647189\V-1

27.    Defendant denies knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 27 of the Complaint.

28.    Defendant admits it received monthly statements, but Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint.  Defendant admits it was defrauded.

29.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and refers the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

32.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.    Paragraph 33 of the Complaint consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.    Defendant admits that it maintained a BLMIS account and executed certain documents for BLMIS to initiate securities transactions on it behalf.  Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 34 of the Complaint.

84647189\V-1

35.    Defendant admits it made deposits to and received withdrawals from its BLMIS account.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Complaint.

36.    Paragraph 36 of the Complaint relates to the claim that has been dismissed.

37.    Paragraph 37 of the Complaint relates to the claim that has been dismissed.

38.    Paragraph 38 of the Complaint relates to the claim that has been dismissed.

39.    Paragraph 39 of the Complaint does not consist of any factual allegation for which a response is required.

40.    Paragraph 40 of the Complaint does not consist of any factual allegation for which a response is required.  Defendant incorporates its responses to the previous paragraphs.

41.    Defendant admits that the transactions described in Paragraph 41 of the Complaint occurred within two years of the Filing Date.

42.    Paragraph 42 of the Complaint consists of legal conclusions and/or arguments to which no response is required.

43.    Paragraph 43 of the Complaint consist of legal conclusions and/or arguments to which no response is required.

44.    Paragraph 44 of the Complaint consists of legal conclusions and/or arguments to which no response is required.

45.    Paragraph 45 of the Complaint consists of legal conclusions and/or arguments to which no response is required.

46.    Paragraph 46 of the Complaint does not consist of any factual allegation for which a response is required.  Defendant incorporates its responses to the previous paragraphs.

47.    Paragraph 47 of the Complaint relates to a claim that has been dismissed.

48.    Paragraph 48 of the Complaint relates to a claim that has been dismissed.

84647189\V-1

49.     Paragraph 49 of the Complaint relates to a claim that has been dismissed.

50.     Paragraph 50 of the Complaint relates to a claim that has been dismissed.

51.     Paragraph 51 of the Complaint relates to a claim that has been dismissed.

52.     Paragraph 52 of the Complaint relates to a claim that has been dismissed.

53.     Paragraph 53 of the Complaint relates to a claim that has been dismissed.

54.     Paragraph 54 of the Complaint relates to a claim that has been dismissed.

55.     Paragraph 55 of the Complaint does not consist of any factual allegation for which a response is required.  Defendant incorporates its responses to the previous paragraphs.

56.     Paragraph 56 of the Complaint relates to a claim that has been dismissed.

57.     Paragraph 57 of the Complaint relates to a claim that has been dismissed.

58.     Paragraph 58 of the Complaint relates to a claim that has been dismissed.

59.     Paragraph 59 of the Complaint relates to a claim that has been dismissed.

60.     Paragraph 60 of the Complaint does not consist of any factual allegation for which a response is required.  Defendant incorporates its responses to the previous paragraphs.

61.     Paragraph 61 of the Complaint relates to a claim that has been dismissed.

62.     Paragraph 62 of the Complaint relates to a claim that has been dismissed.

63.     Paragraph 63 of the Complaint relates to a claim that has been dismissed.

64.     Paragraph 64 of the Complaint relates to a claim that has been dismissed.

65.     Paragraph 65 of the Complaint relates to a claim that has been dismissed.

66.     Paragraph 66 of the Complaint does not consist of any factual allegation for which a response is required.  Defendant incorporates its responses to the previous paragraphs.

67.     Paragraph 67 of the Complaint relates to a claim that has been dismissed.

68.     Paragraph 68 of the Complaint relates to a claim that has been dismissed.

69.     Paragraph 69 of the Complaint relates to a claim that has been dismissed.

84647189\V-1

70.     Paragraph 70 of the Complaint relates to a claim that has been dismissed.

71.     Paragraph 71 of the Complaint relates to a claim that has been dismissed.

72.     Paragraph 72 of the Complaint does not consist of any factual allegation for which a response is required.  Defendant incorporates its responses to the previous paragraphs.

73.     Paragraph 73 of the Complaint relates to a claim that has been dismissed.

74.     Paragraph 74 of the Complaint relates to a claim that has been dismissed.

75.     Paragraph 75 of the Complaint relates to a claim that has been dismissed.

76.     Paragraph 76 of the Complaint relates to a claim that has been dismissed.

77.     Paragraph 77 of the Complaint relates to a claim that has been dismissed.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  Defendant does not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendant.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(1) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs.* LLC (In re Madoff Secs.), No. 12-MC-0115 (JSR)

84647189\V-1

(S.D.N.Y. April 27, 2012) (Docket No. 101), as affirmed by the Court of Appeals for the Second

Circuit.

In the event that subsequent legal developments further alter the claims available to the

Trustee, Defendant hereby raises each and every defense at law, in equity, or otherwise, available

under any and all federal and state statutes, laws, rules, regulations or other creations, including

common law.  Defendant further adopts and incorporates by reference any and all other defenses

asserted or to be asserted by any other defendant or party-in-interest to the extent that Defendant

is similarly situated and may properly assert such defense.

Defendant reserves and asserts all affirmative defenses available under applicable federal

or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure,

New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the

right to assert other defenses, cross-claims, and third party claims when and if they become

appropriate in this action.  Defendant further reserves all rights to amend or modify its Answer

accordingly.  Defendant further reserves the right to withdraw defenses that it determines are not

applicable during the course of discovery and other proceedings in this case.

These defenses are set forth cumulatively and in the alternative.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure,

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007) by, inter alia, (a) failing to describe each specific transfer and its recipient, (b) pleading

numerous background allegations and purported legal standards that are not required for the

assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendant

could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that

any transfers allegedly made to Defendant were made with actual intent to hinder, delay or

defraud creditors or customers of BLMIS.

THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the

Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims

are not core proceedings and Defendant does not consent to the entry of a final order and

judgment by the Bankruptcy Court.  Defendant further demands a trial by jury.

FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3)

of SIPA.  The Trustee has not established that there is a shortfall in customer property.

SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in

trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver, equitable estoppel and/or laches.

EIGHTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were

transferred in satisfaction of an antecedent debt.

NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods.

84647189\V-1

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against Defendant under sections 548 and 550 of the Bankruptcy Code.

## TWELFTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to recoupment or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, inter alia, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because Defendant held the funds it received in trust for third parties. Defendant has no liability to Plaintiff for acting as trustee or bailee for the funds.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of in pari delicto, unclean hands or other related equitable defenses.

- 13 -

84647189\V-1

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendant and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Defendant's withdrawals are protected by applicable law regarding religious and/or charitable organizations and treaties between the United states and the State of Israel.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under section 548(a)(1)(A) are barred because Defendant is the party that BLMIS sought to hinder, delay and defraud.

## TWENTIETH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendant is not permissible under sections 544 and 550 of the Bankruptcy Code because such fees are not a "transfer" or "conveyance" under applicable law.

84647189\V-1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Even if the Trustee were entitled to the return of some or all of the transfers, he would not

be not entitled to interest from the date of each alleged transfer.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he cannot prove his calculation of the account

transactions prior to 1998.

WHEREFORE, Defendant demands judgment (a) dismissing each of the claims asserted

in the Complaint; (b) awarding the costs and disbursements of this proceeding, including

reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem

proper.

Dated:  August 17, 2015
      New York, New York

                                  DENTONS US LLP

                                  By:  /s/ Carole Neville
                                  Carole Neville
                                  1221 Avenue of the Americas
                                  New York, New York 10020
                                  Tel:  (212) 768-6700
                                  Fax: (212) 768-6800

                                  *Attorneys for America-Israel Cultural*
                                  *Foundation, Inc.*

84647189\V-1

**CERTIFICATE OF SERVICE**

I, hereby certify that a true and accurate copy of the following was served this 17th day of

August, 2015 by electronic mail and U.S. Mail upon the following:

David J. Sheehan
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com

By: */s/ Carole Neville*
Carole Neville