PRYOR CASHMAN LLP
Richard Levy, Jr.
David C. Rose
Eric D. Dowell
7 Times Square
New York, New York  10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No. 08-1789 (SMB) |
| | : | |
| Plaintiff-Applicant, | : | SIPA LIQUIDATION |
| | : | |
| - against - | : | (Substantively Consolidated) |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | : |
| | : |
| BERNARD L. MADOFF, | : |
| | : |
| Debtor. | : |

-------------------------------------------------------------x

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 10-05239 (SMB) |
| - against - | : | |
| | : | <u>JURY TRIAL DEMANDED</u> |
| ROBERT FRIED and JOANNE FRIED, individually and in their capacities as joint tenants with rights of survivorship, | : | |
| | : | |
| | : | ECF Case |
| Defendants. | : | |

-------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Robert Fried and Joanne Fried ("Defendants"), by the undersigned attorneys, Pryor Cashman LLP, answer the Amended Complaint ("Complaint") of plaintiff Irving H. Picard ("Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), which was filed during the time that the reference of this adversary proceeding had been withdrawn to the United States District Court for the Southern District of New York (S.D.N.Y. Case No. 11-5156 (JSR), ECF No. 4, filed January 25, 2012), as follows:[1]

## NATURE OF PROCEEDING

1.      Defendants state that the allegations of paragraph 1 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and on that basis deny each and every allegation contained therein.

2.      Defendants admit that they received certain transfers from and made certain transfers to their account at Madoff Securities during the six years prior to the Filing Date, but state that only the transfers made during the two years prior to the Filing Date may be the subjects of claims for avoidance in this adversary proceeding under applicable law and governing jurisprudence.  *See* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015) ("*Fishman Judgment*").  Defendants further state that the remaining allegations of paragraph 2 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 2 of the Complaint and on that basis deny each

---

[1]      Capitalized terms not otherwise defined have the meanings given in the Complaint.

and every allegation contained therein.

3.       Defendants state that the allegations of paragraph 3 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants state that the Trustee has no claims under the New York Fraudulent Conveyance Act, *see* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015), and Defendants otherwise lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

4.       Defendants state that the allegations of paragraph 4 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants state that the reference of the adversary proceeding was partially withdrawn by the District Court and later returned to the Bankruptcy Court, and that Defendants otherwise lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and on that basis deny each and every allegation contained therein.

5.       Defendants state that the allegations of paragraph 5 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and on that basis deny each and every allegation contained therein.  Defendants further state that the claims remaining in this adversary proceeding after the *Fishman* Judgment are not core proceedings and that the Bankruptcy Court lacks the constitutional and/or statutory power to enter final judgment on such claims.  Plaintiff

does not consent to the entry of final judgment by, or jury trial in, the Bankruptcy Court on such claims.

6.      Defendants state that the allegations of paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and on that basis deny each and every allegation contained therein.

### DEFENDANTS

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

### BACKGROUND, THE TRUSTEE AND STANDING

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.  Defendants do not concede the truth or admissibility of any such filings, orders and/or proceedings.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding.  Defendants do not concede the truth or admissibility of any such allocutions, filings, orders and/or proceedings.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding, the criminal action against Bernard L. Madoff, and the SIPA Proceeding.  Defendants do not concede the truth or

admissibility of any such filings, orders and/or proceedings.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding. Defendants do not concede the truth or admissibility of any such filings, orders and/or proceedings.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding. Defendants do not concede the truth or admissibility of any such filings, orders and/or proceedings.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal proceeding against Bernard L. Madoff.  Defendants do not concede the truth or admissibility of any such filings, orders and/or proceedings.

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.  Defendants do not concede the truth or admissibility of any such filings, orders and/or proceedings.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint that the Trustee is in the process of marshaling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well

underway, and that such assets will not be sufficient to reimburse the customers of Madoff Securities for the billions of dollars that they invested over the years. As to all other allegations contained in paragraph 15 of the Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations on information and belief.

16.    Defendants state that the allegations of paragraph 16 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint and on that basis deny each and every allegation contained therein.

17.    Defendants state that the allegations of paragraph 17 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and on that basis deny each and every allegation contained therein.

18.    Defendants state that the allegations of paragraph 18 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and on that basis deny each and every allegation contained therein.

## THE FRAUDULENT PONZI SCHEME

19.    Defendants admit, on information and belief, that Madoff Securities was a securities broker-dealer registered with the SEC and SIPC. Defendants lack knowledge or

information sufficient to form a belief as to the remaining allegations contained in paragraph 19 of the Complaint and on that basis deny each and every allegation contained therein.

20.     Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and on that basis deny each and every allegation contained therein.

21.     Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22.     Defendants admit that they received monthly statements and trading confirmation from Madoff Securities showing the securities that were held in, or had been traded through, the Account.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.  With respect to allegations concerning court proceedings, Defendants do not concede the truth or admissibility of any such allocutions, filings, orders and/or proceedings.

23.     Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24.     Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25.     Defendants deny that any monies sent to Madoff Securities were used to enrich the Defendants or that Defendants had any knowledge of the Ponzi scheme, to the extent it

existed.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26.   Defendants state that the allegations of paragraph 26 of the Complaint are legal conclusions or arguments as to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27.   Defendants admit that they received certain transfers from, and made certain transfers to, their account at Madoff Securities.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28.   Defendants admit that they received monthly statements from Madoff Securities. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29.   Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30.   Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.   Defendants lack knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.    Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.    Defendants state that the allegations of paragraph 33 of the Complaint are legal conclusions or arguments as to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

## THE ACCOUNT AGREEMENTS

34.    Defendants admit that they maintained an account with Madoff Securities, and that they, upon information and belief, entered into certain account agreements with Madoff Securities, including, on information and belief, a document entitled Customer Agreement, a document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options, and deny knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York.

35.    Defendants deny the allegations set forth in paragraph 35 of the Complaint, except admit that they made deposits and additions to the Account.   As to the truth of the remaining allegations contained in paragraph 35 of the Complaint, Defendants refer to the Account Agreements for their terms.

## THE OBLIGATIONS

36.     The allegations in paragraphs 36-38 of the Complaint were dismissed in their

entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re*

*Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order

filed in this Adversary Proceeding (ECF No. 40).  Defendants therefore make no answer to

paragraphs 36-38 of the Complaint.

37.     See response to paragraph 36.

38.     See response to paragraph 36.

## THE TRANSFERS

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint,

except admit that they received certain transfers from, and made certain transfers to, their

account at Madoff Securities during the six years prior to the Filing Date, but state that only the

transfers made during the two years prior to the Filing Date may be the subjects of claims for

avoidance in this adversary proceeding under applicable law and governing jurisprudence.  *See*

11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir. 2014), *cert*

*denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).

40.     Defendants state that the allegations of paragraph 40 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants lack knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 40 of the Complaint and on that basis deny each and every

allegation contained therein.

41.     Defendants state that the allegations of paragraph 41 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants deny each and every allegation set forth in paragraph 41 of the Complaint

except Defendants admit that they received certain transfers from, and made certain transfers to,

their account at Madoff Securities during the six year period prior to the Filing Date, but state

that only the transfers made during the two years prior to the Filing Date may be the subjects of

claims for avoidance in this adversary proceeding under applicable law and governing

jurisprudence.  *See* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411

(2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).

42.    Defendants state that the allegations of paragraph 42 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Defendants deny each and every allegation set forth in paragraph 42 of the Complaint,

except Defendants admit that they received certain transfers from, and made certain transfers to,

their account at Madoff Securities during the two year period prior to the Filing Date.

43.    The allegations of paragraph 43 of the Complaint were dismissed in their entirety

pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L.*

*Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this

Adversary Proceeding (ECF No. 40).  Defendants therefore make no answer to paragraph 43.

44.    The allegations of paragraph 44 of the Complaint were dismissed in their entirety

pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L.*

*Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015),, and the ensuing order filed in this

Adversary Proceeding (ECF No. 40).  Defendants therefore make no answer to paragraph 44.

45.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 45 of the Complaint.  Defendants further state that paragraph

45 does not make any allegation against any Defendants.  To the extent a response is required,

Defendants deny each and every allegation set forth in paragraph 45 of the Complaint.

46.     Defendants state that the allegations of paragraph 46 of the Complaint are legal conclusions or arguments as to which no response is required.   To the extent a response is required, Defendants deny each and every allegation set forth in paragraph 46 of the Complaint.

## CUSTOMER CLAIMS

47.     Defendants admit the allegations of paragraph 47 of the Complaint.

48.     Defendants admit the allegations of paragraph 48 of the Complaint.

49.     Defendants admit the allegations of paragraph 49 of the Complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.   Defendants do not concede the truth or admissibility of any such allocutions, filings, orders and/or proceedings.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

51.     Defendants respond to paragraph 51 of the Complaint as they have responded to the allegations incorporated by reference therein.

52.     Defendants state that the allegations of paragraph 52 of the Complaint are legal conclusions or arguments as to which no response is required.   To the extent a response is required, Defendants deny each and every allegation contained therein.

53.     Defendants state that the allegations of paragraph 53 of the Complaint are legal conclusions or arguments as to which no response is required.   To the extent a response is required, Defendants deny each and every allegation contained therein.

54.     Defendants state that the allegations of paragraph 54 of the Complaint are legal

conclusions or arguments as to which no response is required.  The allegations in paragraph 54 concerning Obligations were dismissed in their entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this Adversary Proceeding (ECF No. 40). Defendants therefore make no answer to such allegations.  To the extent a response is required to any remaining allegations, Defendants deny each and every allegation contained therein.

55.    Defendants state that the allegations of paragraph 55 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein.

56.    The allegations in paragraph 56 of the Complaint were dismissed in their entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this Adversary Proceeding (ECF No. 40).  Defendants therefore make no answer to paragraph 56 of the Complaint.

57.    Defendants state that the allegations of paragraph 57 of the Complaint are legal conclusions or arguments as to which no response is required.  The allegations in paragraph 57 concerning Obligations were dismissed in their entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this Adversary Proceeding (ECF No. 40). Defendants therefore make no answer to such allegations.  To the extent a response is required to any remaining allegations, Defendants deny each and every allegation contained therein.

## COUNT TWO
## FRAUDULENT TRANSFERS AND OBLIGATIONS – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

**Note to Answer to Count Two**:  This count was dismissed in its entirety pursuant to prior orders and judgments.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101), *aff'd*, *Picard v. Ida Fishman Revocable Trust, et al.*, 773 F.3d 411 (2d Cir. 2014), *cert denied*, Nos. 14-1128 & 14-1129 (U.S. June 22, 2015). Accordingly, Defendants make no answer to paragraphs 58-67 of the Complaint.

## COUNT THREE
### FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note to Answer to Count Three**:  This count was dismissed in its entirety pursuant to prior orders and judgments.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101), *aff'd*, *Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).  Accordingly, Defendants make no answer to paragraphs 68-72 of the Complaint.

## COUNT FOUR
### FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note to Answer to Count Four**:  This count was dismissed in its entirety pursuant to prior orders and judgments.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101), *aff'd*, *Picard v. Ida Fishman Revocable Trust,* 773

F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015). Accordingly,

Defendants make no answer to paragraphs 73-78 of the Complaint.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note to Answer to Count Five**: This count was dismissed in its entirety pursuant to

prior orders and judgments. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P.

54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot.*

*Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR)

(S.D.N.Y. April 27, 2012) (ECF No. 101), *aff'd, Picard v. Ida Fishman Revocable Trust,* 773

F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015). Accordingly,

Defendants make no answer to paragraphs 79-84 of the Complaint.

## COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note to Answer to Count Six**: This count was dismissed in its entirety pursuant to prior

orders and judgments. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b)

for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v.*

*Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April

27, 2012) (ECF No. 101), *aff'd, Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir.

2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015). Accordingly, Defendants make

no answer to paragraphs 85-90 of the Complaint.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK  DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

**Note to Answer to Count Seven**: This count was dismissed in its entirety pursuant to

prior orders and judgments. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101), *aff'd*, *Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015). Accordingly, Defendants make no answer to paragraphs 91-96 of the Complaint.

## AFFIRMATIVE DEFENSES

### Preliminary Notes to Affirmative Defenses

A.     Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendants do not excuse or relieve the Trustee of his burden of proving under the appropriate standard of proof all elements of any claims remaining after application of the *Fishman* Judgment. Defendants do not undertake or assume any burdens that properly rest with the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case on any claim against Defendants.

B.     Under prior orders and judgments applicable to this Adversary proceeding, all of the claims alleged in the Complaint are barred except for those claims asserted under Section 548(a)(1)(A) of the Bankruptcy Code. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (ECF No. 101), *aff'd*, *Picard v. Ida Fishman Revocable Trust,*

773 F.3d 411 (2d Cir. 2014), *cert denied*, 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).   In

addition, under the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re*

*Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order

filed in this Adversary Proceeding (ECF No. 40), all of the Trustee's allegations and counts in

the Complaint regarding the avoidance of Obligations (as defined in the Complaint), and

transfers allegedly made to, and the alleged liability of, subsequent transferees, were dismissed in

their entirety.

C.    In the event that subsequent legal developments further alter the claims available

to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise,

available under any and all federal and state statutes, laws, rules, regulations or other creations,

including common law.  Defendants further adopt and incorporate by reference any and all other

defenses asserted or to be asserted by any other defendant or party-in-interest in pending

adversary proceedings in the Madoff Securities SIPA liquidation proceeding to the extent that

Defendants are similarly situated and may properly assert such defense.

D.    Defendants reserve and assert all affirmative defenses available under applicable

federal or state law including, without limitation, the Federal Rules of Bankruptcy Procedure,

Federal Rules of Civil Procedure and Local Rules, the New York Uniform Commercial Code

and other applicable law, and reserves the right to assert other defenses, cross-claims, and third

party claims when and if they become appropriate in this action.

E.    The affirmative defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of Madoff Securities.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny, over the final adjudication of the claims remaining in the Complaint after application of the *Fishman* Judgment.  The remaining claims are not core proceedings for which the Bankruptcy court may enter final judgment.  Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury, but do not consent to such a trial in the Bankruptcy Court.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amount of transfers that he seeks to avoid.

## FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe for relief in whole or in part because they do not meet the conditions of Section 78fff-2(c)(3) of SIPA. The Trustee has not established that there will be a shortfall in customer property sufficient to satisfy the full amount of all allowed customer claims.

To the extent that the Trustee may avoid a transfer, he lacks standing to recover such transfer in whole or in part unless customer property is not sufficient to pay in full the amount of all allowed customer claims.

## SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by Madoff Securities and were not property in which Madoff Securities had a legal interest.

## SEVENTH AFFIRMATIVE DEFENSE

Madoff Securities incurred debts and obligations to the Defendants under contract and applicable state and/or federal law. Absent avoidance of Madoff Securities' obligations to the customer under state and/or federal law, the transfers were all made on account of such antecedent debts or obligations established by contract or law, and thereby constituted the satisfaction of an antecedent debts or obligations.

To the extent the Trustee purports to have the power to avoid obligations of Madoff Securities to the customer-Defendant, the Trustee lacks standing or statutory authority under Section 78fff-2(c)(3) to pursue the avoidance of obligations.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfers under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by the doctrines of waiver and/or laches.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods that had run prior to or as of the commencement of the adversary proceeding.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by the doctrines and principles of res judicata, collateral estoppel, and/or issue preclusion.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, and are protected under Section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against such Defendant under Sections 548 and 550 of the Bankruptcy Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for value.  They are thus not avoidable or recoverable as against the Defendants under Sections 548 and 550 of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or equitable adjustment because the Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, and/or on account of obligations owed by Madoff Securities for, *inter alia*, (a) amounts contractually due to customers under New York law or federal law for the balances shown on prior customer account statements

and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## FIFTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly and indirectly attempt to avoid transfers by Madoff Securities to a customer, or inter-account transfers within Madoff Securities, that occurred more than two years before Filing Date which the Trustee cannot directly or indirectly avoid or recover, by the operation of statutes of limitations and statutory reach back periods for the avoidance and recovery of transfers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly and fully credit inter-account transfers.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited into the account at Madoff Securities.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee is not entitled to recover attorneys' fees from any Defendant because such fees are not a "transfer" or "conveyance" under applicable law, and there is no other contractual or statutory basis for such relief under applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer. If the Trustee is entitled to prejudgment interest (which Defendant[s] denies[y], he is only entitled to such interest at the federal rate of interest on judgments.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint (which is denied), any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendant[s] and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of *in pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and BLMIS) are imputed to Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against either Defendant under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against either Defendant, in whole and/or in part, because the alleged transfers and/or Defendant's property is exempt from recovery by Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims should be dismissed due to Defendant's justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and SIPC, to oversee and monitor the activities and business of BLMIS.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Recovery of the Trustee's attorneys' fees from Defendants is not permissible under Section 550 of the Bankruptcy Code because such fees do not constitute a "transfer" under applicable law governing the remaining claims in the Complaint after application of the *Fishman* Judgment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims are barred by intervening or superseding events, factors, occurrence, or conditions over which Defendant had no control.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover were legally compelled under State and federal securities laws.

The withdrawals that the Plaintiff seeks to recover represented payments of obligations of the broker that were legally compelled under State and federal securities laws.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants are not liable for withdrawals they were compelled by law to make.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Bernard L. Madoff Investment Securities LLC was not formed until January 2001. The orders of the District Court and the Bankruptcy Court relating to the consolidation of the estates of Madoff Securities and Bernard L. Madoff as an individual or sole proprietor of his securities business do not confer standing or authority upon the Trustee to avoid or recover, directly or indirectly, fraudulent transfers made prior to that time by Bernard L. Madoff.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

There can be no liability to a recipient of alleged transfers who, as a matter of law or contract, was required to transfer any portion of the funds to a third party.

### JURY TRIAL DEMANDED

Defendants demand a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend and/or supplement this Answer, the Affirmative Defenses, and all other pleadings. Defendant also reserves the right to assert all other defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendants demand judgment (a) dismissing the remaining claims asserted in the Complaint; (b) awarding them the costs and disbursements of this proceeding, including their reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: New York, New York
      August 17, 2015

PRYOR CASHMAN LLP

By:    */s/ Richard Levy, Jr.*
      Richard Levy, Jr.
      David C. Rose
      Eric Dowell
7 Times Square
New York, New York  10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

*Attorneys for Defendants*