**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*For the Substantively Consolidated SIPA Liquidation*
*Of Bernard L. Madoff Investment Securities LLC*
*And the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br><br>          v.<br><br>RAR ENTREPRENEURIAL FUND, LTD., et al.,<br><br>                              Defendants. | Adv. Pro. No. 10-04352 (SMB) |

## TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO APPEAL

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

RELEVANT BACKGROUND ...................................................................................4

LEGAL STANDARD.................................................................................................8

ARGUMENT ...........................................................................................................11

    I.      DEFENDANTS CANNOT SATISFY THE STANDARD FOR
            OBTAINING INTERLOCUTORY REVIEW...................................................11

         A.      Defendants Have Not Identified A Controlling Question Of Law ...........11

         B.      There Are No Substantial Grounds For Difference Of Opinion................12

               1.      The Bankruptcy Court Correctly Held That The Trustee Is Not
                      A  Government Actor....................................................................13

               2.      Defendants' State Actor Arguments Are Unsustainable ...............18

         C.      An Immediate Appeal Will Not Advance The Ultimate Termination
               Of The Litigation ......................................................................................20

CONCLUSION.........................................................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Abel v. Shugrue (In re Ionosphere Clubs)*, 179 B.R. 24 (S.D.N.Y. 1995)...................................... 8

*Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813 (1986) ................................................................. 18

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) ........................................................ 14

*Application of Exec. Sec. Corp.*, 702 F. 2d 406 (2d Cir. 1983). ................................................. 16

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125 (S.D.N.Y. 2005)
................................................................................................................................................ 13

*Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590 (S.D.N.Y. 2009) ...................... 10, 13

*Bishop v. Best Buy, Co.*, No. 08 Civ. 8427 (LBS), 2011 WL 4011449 (S.D.N.Y. Sept. 8, 2011) 13

*Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine,* 520 U.S. 564 (1997)................. 6

*Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009)..................................................... 18

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ................................................................ 13

*Flaherty v. Filardi,* No. 03 Civ. 2167 (LTS) (HBP), 2007 WL 1827841 (S.D.N.Y. June 26, 2006)
................................................................................................................................................ 20

*Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281 (2d Cir. 1996)................................................. 9

*German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385 (S.D.N.Y. 1995) ......................... 9

*Handelman v. Weiss*, 368 F.Supp. 258 (S.D.N.Y. 1973)...................................................... 14, 15

*In re Adelphia Commc'ns. Corp.*, 333 B.R. 649 (S.D.N.Y. 2005). ............................................... 9

*In re Adelphia Commc'ns. Corp.*, 333 B.R. 649 (S.D.N.Y. 2005).................................... 9, 10, 11

*In re Ames Dep't Stores, Inc.*, No. 01-42217 (REG), 2002 WL 511556 (S.D.N.Y. Apr. 03, 2002)
................................................................................................................................................ 9

*In re Bell & Beckwith,* 93 B.R. 569 (Bankr.N.D.Ohio 1988) ............................................... 7, 17

*In re Buspirone Patent Litig.*, 210 F.R.D. 43 (S.D.N.Y. 2002) .................................................... 8

*In re Levine*, No. 94–44257, 2004 WL 764709 (S.D.N.Y. Apr.9, 2004) ...................................... 9

*In re Lloyd Sec.*,163 B.R. 242 (Bankr. E.D. Pa. 1994) .............................................................. 15

*In re MTBE Prods. Liab. Litig.,* No. MDL 1358 (SAS), 2005 WL 39918 (S.D.N.Y. Jan. 6, 2005)
................................................................................................................................................ 20

*In re Pam Am Corp.*, 159 B.R. 396 (S.D.N.Y. 1993) ................................................................... 9

*In re S. African Apartheid Litig.,* 624 F. Supp. 2d 336 (S.D.N.Y. 2009) ................................... 20

*In re S. African Apartheid Litig.,* No. 02 MDL 1499 (SAS), 2009 WL 5177981 (S.D.N.Y. Dec. 31, 2009) ........................................................................................................................ 10

*In re Sept. 11 Litig.*, Misc. No. 21-97(AKH), 2003 WL 22251325 (S.D.N.Y. Oct. 1, 2003) ........ 8

*In re T.R. Acquisition Corp.,* No. M47 (DAB), No. 95-B-41322 (PBA), 1997 WL 51500 (S.D.N.Y. Feb. 6, 1997) ...................................................................................................... 8, 9

*Koehler v. Bank of Bermuda Ltd*., 101 F.3d 863 (2d Cir. 1996).................................................... 8

*Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305, 12 Civ. 2197 (LTS) (HBP), 2014 WL 2109903 (S.D.N.Y. Apr. 11, 2014)............................................................................. 10

*Murray v. UBS Sec., LLC,* No. 12 Civ. 5914 (KPF), 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014)8

*Natale v. Town of Ridgefield.* 170 F. 3d 258 (2d Cir. 1999)......................................................... 14

*Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341 (S.D.N.Y. 2012) ..... 13

*Picard v. Flinn Inv., LLC,* 463 B.R. 280 (S.D.N.Y. 2011) ............................................................ 5

*Quinn v. Altria Grp., Inc.*, No. 07 Civ. 8783 (LTS) (RLE), 2008 WL 3518462 (S.D.N.Y. Aug. 1, 2008) ........................................................................................................................ 10

*Rochin v. California*, 342 U.S. 165 (1952) .................................................................................. 13

*S.E.C. v. Credit Bancorp, Ltd.,* 103 F.Supp.2d 223 (S.D.N.Y. 2000) ......................................... 13

*S.E.C. v. Straub*, No. 11 Civ. 9645 (RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 05, 2013)........... 20

*Sec. Investor Prot. Corp. v. Barbour*, 421 U.S. 412 (1975) ........................................................ 15

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 499 B.R. 416 (S.D.N.Y.2013) ...................................................................................................................... 6

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 531 B.R. 439 (Bankr. S.D.N.Y. 2015) ................................................................................................ passim

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*, No. M-47, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010) .................................................... 16

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010) ........................................... 4

*Sec. Investor Prot. Corp. v. Morgan, Kennedy & Co., Inc.,* 533 F.2d 1314 (2d Cir.), *cert. denied*, 426 U.S. 936 (1976)................................................................................................ 17

*Tumey v. Ohio*, 273 U.S. 510 (1927) ........................................................................................... 18

*United States v. Huron Consulting Grp., Inc.*, No. 09 Civ. 1800 (JSR), 2011 WL 2017322 (S.D.N.Y. May 16, 2011)................................................................................................. 8, 10

*Williston v. Eggleston*, 410 F. Supp. 2d 274 (S.D.N.Y. 2006) ..................................................... 10

*Withrow v. Larkin*, 421 U.S. 35 (1975)........................................................................................... 18

*Wolff v. McDonnell*, 418 U.S. 539 (1974) ...................................................................................... 13

## **Statutes**

11 U.S.C. § 330(a)(1)........................................................................................................................ 7

28 C.F.R. § 9.9(c).......................................................................................................................... 19

28 U.S.C. § 1292(b) ................................................................................................................... 9, 13

28 U.S.C. § 158(a) ......................................................................................................................... 8

28 U.S.C. § 158(a)(3)...................................................................................................................... 13

SIPA § 78ccc(a)(1) ......................................................................................................................... 14

SIPA § 78eee(b)(5)(A)..................................................................................................................... 7

SIPA § 78fff-1................................................................................................................................ 17

SIPA § 78fff-2................................................................................................................................ 17

SIPA § 78fff-3................................................................................................................................ 17

SIPA§ 78eee(b)(4) .......................................................................................................................... 17

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") and the estate of Bernard L. Madoff

("Madoff"), respectfully submits this memorandum of law in opposition to Defendants' Motion

Seeking Leave to Appeal the July 16, 2015 order of the Bankruptcy Court (Hon. Stuart M.

Bernstein) denying in part and granting in part the motion to dismiss filed by RAR

Entrepreneurial Fund, Ltd. and Russell Oasis (collectively, "Defendants" and their motion, the

"Motion for Leave") following entry of Judge Bernstein's memorandum decision regarding

omnibus motions to dismiss (the "Order"),  ECF No. 61.

## PRELIMINARY STATEMENT

Defendants' Motion for Leave is founded upon inaccuracies, misapplications of legal

precedent and representations of "facts" that they know are untrue.  Out of this morass,

Defendants strive to justify their request for leave to appeal an interlocutory order of the

Bankruptcy Court, which properly denied Defendants' motion to dismiss, holding that, because

the Trustee is not a state actor, Defendants' due process rights have not been impinged upon.

Defendants have failed to satisfy the applicable standard and their Motion for Leave lacks merit

and should be denied.

Defendants concede they must demonstrate (1) that the Order presents a controlling

question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an

immediate appeal may materially advance the ultimate termination of the litigation.  To begin

with, the Defendants' state actor argument does not raise a controlling question of law, and

therefore the Motion for Leave should be denied.  However, even if Defendants' state actor

argument could be considered a controlling question of law, there is no substantial basis for a

difference of opinion as to that point.  The Bankruptcy Court's holding that the Trustee has

1

standing to bring his avoidance actions because he is not a state actor is premised upon the plain

language of SIPA and is consistent with this Court's treatment of the same issue in these

liquidation proceedings. It is also consistent with other courts' considerations of similar

questions, and moreover, with the Second Circuit's recognition that the Securities Investor

Protection Corporation ("SIPC") is not a governmental agency.

Defendants' arguments for challenging the Bankruptcy Court's finding that the Trustee is

not a state actor are (i) one clause in one sentence in a response to a document request provided

more than four years ago, and (ii) their oft-repeated, but false assertion that the Trustee was

appointed by the Department of Justice as a special master over a fund for victims of the BLMIS

fraud, purportedly giving him quasi-governmental authority. This is an assertion that even the

most cursory review of the victims' fund website proves completely false.[1] Defendants'

continued reliance on the latter assertion, including as a basis for interlocutory appeal here, is

sanctionable because even if by some chance the Defendants were unaware that the Trustee was

not the special master prior to briefing this issue before the Bankruptcy Court, they were made

aware of it in the course of that briefing and were specifically directed to the website for the

victims' fund.[2] It is unconscionable, not to mention unethical, that Defendants continue to make

an argument they know to be patently untrue.

The remainder of the Motion for Leave contains only inflammatory and baseless

allegations regarding compensation supposedly received by the Trustee—for which counsel for

the Defendants has already been chastised by the District Court. Counsel for the Defendants has

made these assertions multiple times in the past, each time without any basis. At oral argument

---

[1] *See About the Special Master,* The Department of Justice Asset Forfeiture Distribution Program's Madoff Victim Fund, at http://www.madoffvictimfund.com/About_Richard_Breeden.shtml (last visited August 13, 2015).
[2] *See e.g.,* Trustee's Memorandum of Law in Opposition to Defendants' Motions to Dismiss at 11-12, *Picard v. RAR Entrepreneurial Fund, Ltd., et al.*, Adv. Pro. No. 10-04352 (SMB) (Bankr. S.D.N.Y. Jan. 17, 2014), ECF No. 54.

earlier in the liquidation proceedings, the District Court asked counsel for Defendants, Ms. Helen

Davis Chaitman, about the basis for Defendants' allegations regarding the Trustee's fees:

> **The Court:** What is the basis for these allegations?
>
> **Ms. Chaitman:** Your Honor, the basis is that I have been informed by a personal friend of Mr. Picard that he was compensated –
>
> **The Court:** Who?
>
> **Ms. Chaitman:** A lawyer in New Jersey.
>
> **The Court:** Who?
>
> **Ms. Chaitman:** You know, unfortunately I can't remember his name, but let me finish. What happened was he told me Mr. Picard was compensated on the basis of 33 to 50 percent of the billing Baker & Hostetler collected.
>
> **The Court:** Did you have any other basis?
>
> **Ms. Chaitman:** No. When we argued –
>
> **The Court:** So wait a minute, let me just – forgive me for interrupting, but on the basis of some hearsay comment from someone who may or may not have had personal knowledge, and who must be so little known to you that you can't even remember his name, you made an allegation of unethical or biased approach by Mr. Picard? That seems an awfully weak read to make such an allegation.[3]

It is also a meritless basis upon which to seek leave to appeal.

Defendants present no relevant authority to contradict either the Order or relevant

determinations by the Bankruptcy Court, this Court and the Second Circuit. The settled rule in

this Circuit is that interlocutory appeals of denials of motions to dismiss are generally

inappropriate because they delay, rather than expedite, the resolution of the lawsuit. Indeed,

given the frivolous nature of the Motion for Leave, the sole purpose appears to be to further

delay these proceedings and to prevent the recovery and return of fictitious profits to the estate

---

[3] Tr. of Oral Argument Re: Motion to Withdraw The Reference to the Bankruptcy Court, at 12:1-25, *Picard v. Greiff*, No. 11 Civ. 3775 (JSR) (S.D.N.Y. July 28, 2011), ECF No. 17. (A copy of the transcript is annexed hereto as Exhibit 1 to the Declaration of Nicholas J. Cremona, dated Aug. 17, 2015 (the "Cremona Declaration")).

for distribution to those customers who have not yet had their lost principal returned to them.  As more time passes without a trial on the Trustee's claims, customers are deprived of their ratable share of their principal investments while Defendants have retained those customers' funds for over six years.

The Order resulted from this Court's  straightforward interpretation of SIPA, and Defendants offer no  basis upon which to undertake the  extraordinary measure of  interlocutory review.  The Motion for Leave should be denied.

## RELEVANT BACKGROUND

The issues raised by Defendants are not novel and have been considered multiple times in these proceedings.  This argument was first heard—and rejected—years ago by the Bankruptcy Court, this Court, and the Second Circuit when BLMIS customers—represented by, among others, Defendants' counsel—sought leave to appeal the August 6, 2009 *Order Approving Applications for Allowance of Interim Compensation for Services Rendered and Reimbursements of Expenses*, arguing that the Trustee was not disinterested based on his purported "quasi-governmental" stature.  None of the courts found merit to the argument.  *See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010), *appeal denied*, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010); Order Approving Applications For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.) (entered Dec. 14, 2010, ECF No. 3474).

Counsel for Defendants next raised the state actor issue before the District Court on a motion to withdraw the reference filed in *Picard v. Greiff,* No. 11 Civ. 3775 (JSR).  There, counsel argued that the action should be withdrawn to determine whether the Trustee's alleged financial stake in his "quasi-governmental" decisions violated the Defendants' due process

rights.  *See* Defendants' Memorandum of Law in Support of Motion For Mandatory Withdrawal

of the Reference, *Picard v. Greiff,* No. 11 Civ. 3775 (JSR) (S.D.N.Y. June 2, 2011), ECF No. 1-

1.  Defendants' counsel asserted that because the Trustee receives as compensation from his law

firm an undisclosed amount and/or a percentage of the fees paid by SIPC, he had a financial

interest in deciding to pursue adversary proceedings against BLMIS customers at a cost to SIPC

of tens of millions of dollars. Counsel further argued that the Trustee's stake in his "quasi-

governmental decisions" constituted a violation of Defendants' right to due process of law.  *Id.*

The Trustee opposed such arguments, explaining in his opposition papers that "no due process

violations flow from the appointment or compensation of the Trustee." Trustee's Memorandum

of Law in Opposition to Defendants' Motion for Mandatory Withdrawal of the Reference at 20,

*Picard v. Greiff,* No. 11 Civ. 3775 (JSR) (S.D.N.Y. July 11, 2011),  ECF No. 11.  When this

argument was addressed before District Court Judge Jed S. Rakoff at oral arguments, the District

Court engaged counsel in the colloquy quoted above, reprimanding counsel from making serious

allegations about the Trustee's compensation with no factual basis.  Tr. of Oral Argument at

12:1-25, *Picard v. Greiff*, No. 11 Civ. 3775 (JSR), July 28, 2011.

      The District Court ultimately declined to withdraw the reference on this basis, stating that

this did "not raise any issues that are not familiar to bankruptcy courts called upon to assess

alleged 'conflicts' in the representation of parties before them."  *Picard v. Flinn Inv., LLC,* 463

B.R. 280, 288 (S.D.N.Y. 2011).  However, as the Bankruptcy Court previously concluded, the

District Court could not have determined that the Trustee had Article III standing to recover

fraudulent transfers of customer property in its subsequent *Antecedent Debt Decision* without

rejecting counsel's due process arguments.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv.*

*Sec. (In re Madoff Sec.),* 531 B.R. 439, 461 (Bankr. S.D.N.Y. 2015) (the "Order" or "*Omnibus*

*Good Faith Decision*") citing *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 499 B.R. 416, 420 (S.D.N.Y.2013) ("*Antecedent Debt Decision*"); *see also Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine,* 520 U.S. 564, 606 (1997) (Scalia J., dissenting) (observing that counsel in an earlier case had unquestionably raised an argument in its briefs and during oral argument, "and the Court could not have reached the disposition it did without rejecting it."). Indeed, the Bankruptcy Court noted further that counsel for the Defendants was a signatory for the underlying brief addressing the issue of Article III standing before the District Court. *Omnibus Good Faith Decision,* 531 B.R. at 461.

Even so, counsel for Defendants raised this issue yet again before the Bankruptcy Court, moving to dismiss their clients' adversary proceedings on this basis, among others. Counsel essentially recited the same arguments and case law they cited three years prior in their motion to withdraw the reference. *See* Defendants' Omnibus Memorandum of Law in Support of Motions to Dismiss, *Picard v. RAR Entrepreneurial Fund, Ltd., et al.,* Adv. Pro. No. 10-04352 (SMB) (Bankr. S.D.N.Y. November 1, 2013), ECF No. 49.

In the Order for which Defendants seek interlocutory review, the Bankruptcy Court ruled Defendants' due process challenge lacked merit. First, the Bankruptcy Court recognized that "SIPC is not a government agency; it is a non-for-profit corporation" that was created by Congress in 1970 "in response to customer losses resulting from stockbroker failures" and its "members include brokers and dealers." *Omnibus Good Faith Decision,* 531 B.R. at 458-59.

Second, while SIPC selects the Trustee, the Bankruptcy Court observed that it is the District Court, not SIPC, that must approve the selection of the Trustee, and the Bankruptcy Court determines whether the Trustee is truly disinterested. *Id.* at 459. The Bankruptcy Court held that the Trustee does not represent SIPC but rather the Madoff estate, and "like any other

6

bankruptcy trustee, decides which avoidance and recovery actions to bring, and whether to settle. The Trustee is not the decision maker for SIPC, and SIPC and the Trustee can and sometimes do disagree on the actions the Trustee takes in the case." *Id.* citing *Sec. Investor Prot. Corp. v. Morgan, Kennedy & Co., Inc.,* 533 F.2d 1314 (2d Cir. 1976) (sustaining SIPC's objection to the trustee's proposed treatment of each beneficiary of a trust as a SIPC customer), *cert. denied*, 426 U.S. 936 (1976); *In re Bell & Beckwith,* 93 B.R. 569, 575–80 (Bankr. N.D. Ohio 1988) (overruling SIPC objections to trustee's proposed settlement).

Third, the Bankruptcy Court found the Trustee "has no financial stake in the outcome of any litigation he pursues. He and his firm are entitled to reasonable compensation like any other trustee and his counsel." *Id.* citing SIPA § 78eee(b)(5)(A) ("The court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding") and 11 U.S.C. § 330(a)(1) (authorizing bankruptcy court to award "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses," *inter alia*, to the trustee and his professionals). The Bankruptcy Court noted that by Defendants' logic, "any ordinary bankruptcy trustee would similarly violate a defendant's due process rights." *Omnibus Good Faith Decision,* 531 B.R. at 459, n.18. For example, in every chapter 7 case, the trustee must decide which cases to prosecute and/or settle, and is compensated for his work "based on a formula dependent on the amount of money he distributes, and the amount he distributes depends on the amount he recovers." *Id.* In addition, a chapter 7 trustee usually is an attorney who retains his own law firm to represent him, and that firm "receives compensation for its actual, necessary services, and the trustee may be entitled to share in the firm's compensation." *Id.* (internal citations omitted).

Finally, the Bankruptcy Court found that Defendants' argument regarding the Trustee's fees "goes well beyond the four corners of the complaints they seek to dismiss," but in any event, "although the Trustee has an interest in the fees awarded to his firm and paid by SIPC, neither he nor his firm have an interest in the outcome of any litigation he brings." *Id.* at 460.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), the district court has jurisdiction to hear appeals of interlocutory orders of the bankruptcy court, provided that the district court grants leave to appeal.  It is well-established however, that leave to appeal is granted only in exceptional circumstances. *See Murray v. UBS Sec., LLC,* No. 12 Civ. 5914 (KPF), 2014 WL 1316472, at *3 (S.D.N.Y. Apr. 1, 2014); *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49 (S.D.N.Y. 2002); *In re T.R. Acquisition Corp.,* No. M47 (DAB), No. 95-B-41322 (PBA), 1997 WL 51500 at *1 (S.D.N.Y. Feb. 6, 1997).  This serves the judicial policy of discouraging interlocutory appeals and avoiding the resulting disruption and delay which is caused by piecemeal litigation. *See T.R. Acquisition Corp.,* 1997 WL 51500 at *1, citing *Abel v. Shugrue (In re Ionosphere Clubs)*, 179 B.R. 24, 28 (S.D.N.Y. 1995).  Indeed, "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Murray,* 2014 WL 1316472 at *3 (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).  "[F]ederal practice is strongly biased against interlocutory appeals.  Appeals from interlocutory orders prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *United States v. Huron Consulting Grp., Inc.*, No. 09 Civ. 1800 (JSR), 2011 WL 2017322, at *1 (S.D.N.Y. May 16, 2011) (quoting *In re Sept. 11 Litig.*, Misc. No. 21-97(AKH), 2003 WL 22251325, at *1 (S.D.N.Y. Oct. 1, 2003)).

District courts generally apply the standards set forth in 28 U.S.C. § 1292(b) when

determining whether to grant leave to appeal from an interlocutory bankruptcy order.  *See, e.g.,*

*In re Pam Am Corp.*, 159 B.R. 396, 401 (S.D.N.Y. 1993) ("28 U.S.C. § 1292(b), which governs

interlocutory appeals from the district courts to the courts of appeal, provides the standard for

determining whether leave to appeal from an interlocutory bankruptcy order should be granted");

*T.R. Acquisition Corp.,* 1997 WL 51500 at *1.

Under section 1292(b), the party seeking leave to appeal must establish that the order

"involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation."  28 U.S.C. § 1292(b).

As noted above, exceptional circumstances are generally required to justify an

interlocutory appeal.  *See Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996);

*In re Adelphia Commc'ns. Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005).  The discretionary grant of

a permissive interlocutory appeal is limited to "extraordinary cases where appellate review might

avoid protracted and expensive litigation."  *In re Levine*, No. 94–44257, 2004 WL 764709 at *2

(S.D.N.Y. Apr.9, 2004) (quoting *German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385,

1398 (S.D.N.Y. 1995)).

A "controlling question of law" is one in which reversal of the bankruptcy court would

terminate the action, or at a minimum, determination of the issue would materially affect the

outcome of the litigation.  *In re Ames Dep't Stores, Inc.*, No. 01-42217 (REG), 2002 WL

511556, at *2 (S.D.N.Y. Apr. 03, 2002) (citation omitted).  The "question" of law must refer to a

"pure" question of law that the reviewing court could decide "quickly and cleanly without having

to study the record."  *Adelphia*, 333 B.R. at 658 (citation omitted).   Interlocutory appeals are not

appropriate in circumstances where a party simply disagrees with the court's interpretation of the law. *See Quinn v. Altria Grp., Inc.*, No. 07 Civ. 8783 (LTS) (RLE), 2008 WL 3518462, at *3 (S.D.N.Y. Aug. 1, 2008).

"Substantial grounds for difference of opinion" exist where the issue is difficult and of first impression. *See Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305, 12 Civ. 2197 (LTS) (HBP), 2014 WL 2109903 at *5, (S.D.N.Y. Apr. 11, 2014) (citation omitted). There must be genuine doubt as to the correct applicable standard relied on in the orders below. *Adelphia*, 333 B.R. at 658. It is not sufficient that there is merely a strong disagreement on an issue between the adverse parties. *Lloyd*, 2014 WL 2109903 at *5.

Finally, the section 1292(b) criteria are conjunctive. Even where a party has moved to certify an issue for interlocutory appeal that would be case dispositive, courts repeatedly have denied such motions. *See Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 593-95 (S.D.N.Y. 2009); *In re S. African Apartheid Litig.*, No. 02 MDL 1499 (SAS), 2009 WL 5177981, at *2 (S.D.N.Y. Dec. 31, 2009); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276-78 (S.D.N.Y. 2006) (denying 1292(b) certification where non-movants conceded that the issue presented a controlling question of law and that the interlocutory appeal could terminate the litigation because there was no substantial ground for a difference of opinion, despite the fact that the Second Circuit had not established a unified approach to the issue). Moreover, a "district judge has unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *Huron*, 2011 WL 2017322, at *1 (citations and internal quotation marks omitted).

## ARGUMENT

### I.   DEFENDANTS CANNOT SATISFY THE STANDARD FOR OBTAINING INTERLOCUTORY REVIEW

Defendants cannot establish that there are substantial grounds for a difference of opinion on a controlling question of law that will advance the termination of the litigation.  Defendants wrongly assert that SIPC is a quasi-governmental agency and that the Trustee acts as SIPC's decision maker thus making him into a quasi-governmental official.  Starting from this incorrect premise, Defendants then assert that the Trustee's compensation, allegedly received as a percentage of his law firm's billings, constitutes a financial interest in his quasi-governmental decision-making.  Thus, Defendants argue, that the Trustee's decision to commence an avoidance action against them was financially-driven and a violation of Defendants' due process rights. Aside from Defendants being factually and legally wrong, the Order does not give rise to the exceptional circumstances necessary to grant the Motion for Leave.

### A.   Defendants Have Not Identified A Controlling Question Of Law

As an initial matter, Defendants have failed to identify a controlling question of law that could be determined "quickly and cleanly" solely from the record.   *Adelphia*, 333 B.R. at 658. Defendants' position is fact dependent and was therefore inappropriate to be raised on a motion to dismiss.  It similarly cannot qualify for appellate review at this stage in the proceedings. Further, as the Bankruptcy Court noted, Defendants' argument regarding the Trustee's fees "goes well beyond the four corners of the complaints they seek to dismiss." *Omnibus Good Faith Decision*, 531 B.R. at 460.

Defendants' argument is based on the assertion that the Trustee receives some financial interest in the fees paid to his law firm.  Defendants' assertions are not predicated on "pure legal issues" that could be resolved based solely on a review of the record.  Contrary to Defendants'

assertions, the Trustee has certainly not conceded that he is a quasi-governmental official, that he

was appointed by the Department of Justice in any capacity, or that he receives a percentage of

the fees paid to Baker & Hostetler. Def's Motion at 10. The Trustee strongly disputes these

baseless assertions, and particularly objects to Defendants' mischaracterization of the Trustee's

comments regarding his compensation. Def's Motion at 4-5. Indeed, the Defendants themselves

cannot decide what proportion of fees they believe the Trustee received. Over the course of the

BLMIS liquidation they have variously proposed returns of 33% to 50%, before now apparently

settling on 15%. Def's Motion at 5. The Trustee previously has made clear that fees awarded

are paid to his law firm and not to him personally.[4] Even putting that aside, for purposes of

Defendants' request for interlocutory appeal, there is no settled factual record for this Court to

consider on appeal. Defendants' bald statement that the only issue is a legal one is thus

incorrect, and the mere fact the Defendants' disagree with the Bankruptcy Court's decision is not

sufficient to support a motion for leave to appeal. *Quinn v. Altria Grp., Inc.*, 2008 WL 3518462,

at *3.

**B.      There Are No Substantial Grounds For Difference Of Opinion**

There is no legitimate basis for any difference of opinion regarding the Bankruptcy

Court's ruling. To the contrary, the Bankruptcy Court simply looked to the plain language and

purpose of SIPA and applied relevant case-law in reaching its decision. Moreover, the Order is

consistent with other determinations in these proceedings and elsewhere.

For there to be "substantial ground for difference of opinion" under section 1292(b), there

must be "substantial doubt that the district court's order was correct." *Aristocrat Leisure Ltd. v.*

---

[4] Tr. of  Hearing In Re: First Application for Interim Professional Compensation for Services Rendered and
Reimbursement of Actual and Necessary Expenses Incurred for Baker & Hostetler LLP, et al., at 14:15-21, *Sec.
Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* Adv. Pro. No. 08-01789 (SMB) (Bankr.
S.D.N.Y. Aug. 6, 2009), ECF No. 381.  (A copy of the transcript is annexed hereto as Exhibit 2 to the Cremona
Declaration).

*Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129-30 (S.D.N.Y. 2005) (internal

quotations omitted). A party cannot meet this standard by merely claiming that the district court

decided an issue of first impression, *Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F.

Supp. 2d 341, 372 (S.D.N.Y. 2012). The district court must "analyze the strength of the

arguments in opposition to the challenged ruling." *In re S. African Apartheid Litig.*, 2009 WL

5177981, at *2. There must be more than "some level of disagreement among the courts" for

section 1292(b) to be satisfied. *S.E.C. v. Credit Bancorp, Ltd.,* 103 F.Supp.2d 223, 227

(S.D.N.Y. 2000). These same rules apply to the consideration of a bankruptcy court order. *See*

28 U.S.C. §§ 158(a)(3), 1292(b).

Defendants set forth no relevant conflicting authority to create substantial doubt that the

Order is correct. Rather, they rehash the same arguments and cases previously rejected by this

Court and others, which is insufficient under section 1292(b). *See Bilello*, 603 F. Supp. 2d at 594

(movant failed to meet this factor where the cases cited were already distinguished by the court

in its opinion); *Bishop v. Best Buy, Co.*, No. 08 Civ. 8427 (LBS), 2011 WL 4011449, at *14

(S.D.N.Y. Sept. 8, 2011) (party failed to meet the second requirement of section 1292(b) where it

only offered arguments rejected on the initial motion).

1.    <u>The Bankruptcy Court Correctly Held That The Trustee Is Not A
Government Actor</u>

As a threshold matter, a due process violation requires "gross" and "arbitrary" action by a

governmental authority. *Rochin v. California*, 342 U.S. 165, 172 (1952) (conduct that "shocks

the conscience" violates substantive due process); *County of Sacramento v. Lewis*, 523 U.S. 833,

845 (1998) ("[t]he touchstone of due process is protection of the individual against arbitrary

action of government") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)).

There can be no due process violation where, as here, the Trustee is not a governmental actor. *Natale v. Town of Ridgefield*. 170 F. 3d 258, 259 (2d Cir. 1999) (only a gross abuse of governmental authority can violate the substantive standards of the due process clause). Thus, even if Defendants could support any claim regarding the Trustee's compensation, which they cannot, it would be irrelevant. Because the Trustee is not a governmental or quasi-governmental authority, his compensation does not implicate Defendants' due process rights. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

The Bankruptcy Court properly determined that SIPC is neither a government agency nor a "quasi-governmental" agency. Indeed, the plain language of SIPA provides that SIPC is <u>not</u> "an agency or establishment of the United States Government," but was established by Congress as a "nonprofit corporation." SIPA § 78ccc(a)(1) ("SIPC shall (A) not be an agency or establishment of the United States government…").

Given the plain statutory language, cases relied upon by Defendants to support their suggestion that SIPC is a governmental agency are unpersuasive. Defendants assert that the Order conflicts with "controlling authority" because the District Court stated in a case decided in 1973, *Handelman v. Weiss*, that "[t]he attorney for SIPC is in many ways a representative of governmental interests." 368 F.Supp. 258, 263 (S.D.N.Y. 1973). However, *Handelman* is not controlling authority, and importantly, it does not conflict with the Order, because the *Handelman* court itself made clear that "Congress created SIPC, a non-profit corporation whose membership consists of registered brokers and dealers, and members of the national securities exchange," which is entirely consistent with the Order. *Id., cf. Omnibus Good Faith Decision*, 531 B.R. at 458. More importantly, the case itself is not instructive here. In *Handelman*, a member of a law firm was appointed to represent the SIPA trustee. An associate of the same

14

firm, Chester Solomon, participated extensively in depositions of the former directors and

officers of the liquidated securities firm on behalf of the SIPA trustee.  Later, Solomon formed

his own firm, and agreed to represent former customers in litigation against the debtor securities

firm.  The *Handelman* court found that Solomon's representation of the SIPA trustee, followed

shortly thereafter by his representation of the former customers, "created, at the very least, the

appearance of impropriety."  *Id*. at 263.  This was only exacerbated by the fact that most of the

information in the complaint Solomon filed on behalf of the former customers was gained during

the very same depositions he conducted while representing the SIPA trustee.  As a result, it

appeared that Solomon would be improperly twice compensated for the same work performed

for both sides of the litigation.  *Id*. at 264.  The case is therefore inapposite.

Defendants also refer to *In re Lloyd Sec*., in which the bankruptcy court stated, SIPC "is .

. . not a totally private body, entirely independent from governmental attachment."  163 B.R.

242, 253 (Bankr. E.D. Pa. 1994), *aff'd in part, rev'd in part on other grounds*, 183 B.R. 386

(E.D.Pa.1995), *aff'd*, 75 F.3d 853 (3d Cir.1996).  No one disputes that SIPC was formed by

Congress and is "statutorily obliged to reimburse the estate of broker dealers for certain claims of

customers," but as the *Lloyd* court makes clear, SIPC is "not a governmental agency . . .  it

cannot take advantage of the implicit deference which must be accorded to federal agencies'

interpretations of their own pertinent statutory schemes and operative administrative

regulations."  *Id.*

*Sec. Investor Prot. Corp. v. Barbour* similarly fails to support Defendants' position. In

that case, the Supreme Court did not find that simply because SIPC does not contemplate an

implied private right of action or is supervised by the SEC, it must be a governmental agency.

421 U.S. 412 (1975).  Instead, the Supreme Court specifically stated that "Congress has

15

chartered the SIPC . . . as a nonprofit corporation" or "a corporate entity to solve a public

problem." *Id*. at 420.  The Supreme Court explained that Congress enacted SIPA after a wave of

brokerage house failures in the late 1960s to protect the assets of investors held by securities

broker-dealers who become insolvent.  *Id*. at 415.  It then simply follows that an implied private

right of action would be in direct odds with that underlying purpose.  *Id*. at 421.  This case has no

bearing on whether SIPA is a government agency, and does not suggest that the Trustee is acting

in a quasi-governmental capacity.  There is ample authority that supports the Trustee's position

as well as the Bankruptcy Court's Order.  In *Application of Exec. Sec. Corp*., for example, the

Second Circuit specifically stated that, though SIPA trustees serve a valuable public interest,

SIPC is not part of the federal government.  702 F. 2d 406, 410 (2d Cir. 1983).

The Trustee also is not the "decision-maker" for SIPC, but is instead an independent

fiduciary appointed by the District Court pursuant to SIPA.  In connection with the District

Court's appointment of the Trustee, due process was afforded through notice and an opportunity

to be heard at the hearing at which the Bankruptcy Court found that the Trustee and his counsel

were disinterested.  *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff

Sec.)*, No. M-47, 2010 U.S. Dist. LEXIS 81492, at *16-17 (S.D.N.Y. Aug. 6, 2010) ("SIPA

requires that a bankruptcy court hold a hearing for the purpose of determining disinterestedness

of the trustee.  Therefore, as a purely legal matter, it is beyond dispute that SIPA affords

creditors due process when a trustee is appointed.").  No objection was filed and no objector

appeared at the disinterestedness hearing.  Because Defendants are factually incorrect with

respect to the Trustee's compensation, it renders irrelevant their assertion that they were not

offered a meaningful opportunity to object because they were supposedly unaware at the time of

the purported financial interest from which the Trustee benefited.

The fact that SIPC and trustees under SIPA are distinct is further evidenced by the fact that SIPC and trustees can, and have, disagreed.  *See, e.g., Morgan, Kennedy,* 533 F.2d 1314 (sustaining SIPC's objection to trustee's determination regarding customer status); *In re Bell & Beckwith*, 93 B.R. 569 (N.D. Ohio 1988) (overruling SIPC's objection to trustee's proposed settlement).

Defendants take the untenable position that an impropriety stems from the Trustee making decisions on behalf of the estate and fulfilling his fiduciary duties.  They attempt to support their position by relying on public statements made by representatives of the SEC and SIPC regarding the Trustee's role, but all that those statements reveal is that the Trustee was fulfilling his statutory roles.  Def's Motion at 13-14.  SIPA, in conjunction with the Bankruptcy Code, obligates the Trustee to, among other things, determine customer claims, marshal estate property through the liquidation of assets, recover improperly transferred assets of the estate, and make distributions to customers and creditors with allowed claims.  *See* SIPA §§ 78fff; 78fff-1, 78fff-2, 78fff-3.  There can be no meaningful dispute over whether it is appropriate for the Trustee to perform his duties as mandated by statute.

Defendants also argue that the Bankruptcy Court's failure to find a conflict of interest by the Trustee is exacerbated by the fact that fees incurred by his counsel are not reviewable by the Bankruptcy Court, and that this somehow supports their request for appellate review.  However, once again, the Bankruptcy Court merely looked to the plain language of the governing statute. The procedure for review and approval of fees in a SIPC liquidation is expressly mandated by SIPA, as enacted by Congress.  Section 78eee(b)(4) provides that the Bankruptcy Court shall approve fees once SIPC has done so.  The fact that the Trustee is acting in accordance with SIPA is not the basis for a constitutional violation.

Finally, the cases relied upon by Defendants, which were easily and properly distinguished by the Bankruptcy Court, do not assist them because not one involves actions taken by a SIPA trustee. Instead, the cases each involve bias by the adjudicator.[5] As the Bankruptcy Court correctly held, here (i) the Trustee is not adjudicating the claims he brings, a judge will make that determination and (ii) neither the Trustee nor his firm have an interest in the outcome of any litigation brought Omnibus Good Faith Decision, 531 B.R. at 459-60. Defendants' cases involving actions taken by receivers are, in addition to being out of date and non-binding, equally irrelevant because they do not involve a SIPA trustee performing his statutory duties. Def's Motion at 14-15. No due process violations flow from the appointment or compensation of the Trustee.

### 2.    Defendants' State Actor Arguments Are Unsustainable

Defendants try to assert two "facts" to support their argument that there are substantial grounds for differing views regarding the Trustee's purported state actor status. First, they reference a sentence in a response to a discovery request made more than four years ago in a different case, and second, they represent to this Court that the Trustee was appointed special master by the Department of Justice over a fund for Madoff victims, a fact they know absolutely to be untrue.

With respect to the discovery response, Defendants refer to a copy of the Trustee's Responses and Objections to the First Set of Requests for Production of Documents, as served on

---

[5] Specifically: (i) election contributions to a judge by a corporation likely to be appearing before him (*Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009)); (ii) whether a state medical board which investigated a doctor could also adjudicate whether the doctor's license could be suspended without a due process violation (*Withrow v. Larkin*, 421 U.S. 35 (1975)); (iii) whether a statute allowing for a trial by the mayor of a village for violations of the Prohibition Act violated due process because the fine payable upon conviction was paid to the village which could be of benefit to the mayor (*Tumey v. Ohio*, 273 U.S. 510 (1927)); and (iv) whether due process was violated when the judge presiding over an action against an insurer for failure to pay a claim had himself filed a class action against an insurance company for failure to pay claims (*Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813 (1986)).

unrelated defendants in *Picard v. Merkin*, Adv. Pro. No. 09-01182 (the "Discovery Response").

Despite Defendants' mischaracterization of it, the Discovery Response was a general objection

to the first set of requests for production of documents of defendants J. Ezra Merkin and Gabriel

Capital Corporation when the *Merkin* litigation was in its early stages.  That Discovery Response

was not part of any submission to any court, and no documents have been withheld from any

production as a result of that general objection.  Moreover, the position asserted in that particular

response was abandoned years ago and is no longer utilized in the Trustee's responses.

Furthermore, the Discovery Response was prepared over four years ago and was served on

March 5, 2011.

More importantly, as discussed above, the Bankruptcy Court, this Court and Second

Circuit have heard and rejected arguments regarding the quasi-governmental nature of SIPC and

a SIPA trustee.  Thus, any statement to the contrary made in a general objection to a document

request by the Trustee in 2011, was and remains a legal nullity, and furthermore was subject to

challenge by the recipient at the time.

Most egregiously, despite having been specifically directed to the website for the victims

fund in the course of briefing below, and therefore knowing that their assertions are completely

false, Defendants continue to claim that the Trustee was retained by the Government to assist in

distributing forfeited funds to BLMIS victims under the process of remission or mitigation as a

basis to support their Motion for Leave.  To the contrary and as Defendants well know, the

Government long ago retained Richard C. Breeden as special master to assist in administering

the remission or mitigation process.[6]  *See* 28 C.F.R. § 9.9(c).  Mr. Breeden has no affiliation with

the Trustee or Baker & Hostetler LLP.  It is the Department of Justice—not the Trustee—that

---

[6] *See supra* n. 1.

will make determinations relating to the forfeiture funds, and those funds will not be distributed

under SIPA.[7]

**C.     An Immediate Appeal Will Not Advance The Ultimate Termination Of The Litigation**

The "most important" criterion for certification under section 1292(b) is whether an

interlocutory appeal will materially advance the ultimate resolution of the litigation. *See S.E.C. v.*

*Straub*, No. 11 Civ. 9645 (RJS), 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 05, 2013); *In re*

*MTBE Prods. Liab. Litig.,* No. MDL 1358 (SAS), 2005 WL 39918, at *3 (S.D.N.Y. Jan. 6,

2005).  An interlocutory appeal "must advance the time for trial or . . . shorten the time required

for trial." *Straub,* 2013 WL 4399042, at *2; *see also Flaherty v. Filardi,* No. 03 Civ. 2167 (LTS)

(HBP), 2007 WL 1827841, at *1 (S.D.N.Y. June 26, 2006).

Defendants' argument that an immediate appeal will advance the ultimate termination of

the litigation is fundamentally flawed, given that this issue has been repeatedly—exhaustively—

addressed and rejected by this Court, the District Court, and the Second Circuit, as discussed at

length above.  With respect to the hundreds of other cases commenced by the Trustee back in

2010, Defendants' meritless appeal may lead to delays that could impede the Trustee's efforts to

reach settlements, conclude cases, and bring funds into the estate for the benefit of the defrauded

customers of BLMIS who hold valid claims.  As one Court in this District explained, "[a]s

memories fade and relevant actors pass away, discovery becomes more difficult and plaintiffs

lose their chance for relief" and that is reason enough to decline certification. *In re S. African*

*Apartheid Litig.,* 624 F. Supp. 2d 336, 342 (S.D.N.Y. 2009).

To be clear, Defendants' only purpose is to postpone the day upon which they will have

to return customer property comprising their fictitious profits to the estate to be distributed to

---

[7] *See id.*

those customers who suffered losses of invested principal.  Such delay tactics should not be

countenanced.

## CONCLUSION

For the reasons discussed above, the Trustee respectfully requests that the Motion for

Leave be denied in its entirety.


Date:    August 17, 2015                         By: */s/ David J. Sheehan*
         New York, New York

                                                 **BAKER & HOSTETLER LLP**
                                                 45 Rockefeller Plaza
                                                 New York, New York 10111
                                                 Telephone: (212) 589-4200
                                                 Facsimile: (212) 589-4201
                                                 David J. Sheehan
                                                 Email:  dsheehan@bakerlaw.com
                                                 Nicholas J. Cremona
                                                 Email:  ncremona@bakerlaw.com
                                                 Keith R. Murphy
                                                 Email: kmurphy@bakerlaw.com
                                                 Amy E. Vanderwal
                                                 Email: avanderwal@bakerlaw.com
                                                 Anat Maytal
                                                 Email: amaytal@bakerlaw.com

                                                 *Attorneys for Irving H. Picard, Trustee for the*
                                                 *Substantively Consolidated SIPA Liquidation*
                                                 *of Bernard L. Madoff Investment Securities*
                                                 *LLC and the Estate of Bernard L. Madoff*

21