**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>    v.<br><br>THE MITTLEMANN FAMILY FOUNDATION,<br><br>    Defendant. | Adv. Pro. No. 10-04638 (SMB) |

**STIPULATION AND ORDER AGREEING TO APPLY DECISION IN
THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING**

**WHEREAS**, on December 1, 2010, the plaintiff, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), commenced the above-captioned adversary proceeding in the Bankruptcy Court against

defendant The Mittlemann Family Foundation (the "Defendant," together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS**, on January 17, 2014, Defendant moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on February 14, 2014, a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS**, on April 22, 2014, the Parties sought and received permission from the Court to proceed to mediation and mutually selected Melanie L. Cyganowski to act as Mediator in this matter;

**WHEREAS**, on June 5-6, 2014, the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

**WHEREAS**, on September 22, 2014, Defendant renewed its motion to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, the Defendant is neither a party to, nor has joined in the Omnibus Proceedings;

**WHEREAS**, the Defendant's motion to dismiss and renewed motion to dismiss (the "Motions") incorporate all the arguments set forth by similarly situated defendants in the Omnibus Proceedings;

**WHEREAS**, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)]; and

**WHEREAS**, on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this proceeding.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned herein, that:

1. The Decision rendered in the Omnibus Proceeding applies equally to this Adversary Proceeding and such Decision disposes of the Motions filed herein. In all respects, the Motions are denied.

2. Pursuant to the Supreme Court Decision, Counts Two, Three, Four, Five, and Six of the Complaint are hereby dismissed with prejudice.

3. This Stipulation has no effect on Count One of the Complaint.

4. Defendant shall file its answer to the Complaint on or before thirty days following the entry of this order. The Adversary Proceeding will move forward thereafter on a schedule to be established by further order of the Court after consultation among the parties in accordance with the applicable rules of procedure.

5.   This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated as of: August 17, 2015

By: /s/ Nicholas Cremona
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**AKERMAN, LLP**

By: */s/ Michael I. Goldberg*
Michael I. Goldberg (MG0869)
Las Olas Center II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: 954.463.2700
Facsimile: 954.463.2224
Email: michael.goldberg@akerman.com

*Attorney for Defendant The Mittlemann Family Foundation*

SO ORDERED

Dated: New York, New York
August 18th, 2015

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE