UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>v.<br><br>A & G GOLDMAN PARTNERSHIP, a New York Partnership; GERALD GOLDMAN, as General Partner of A & G Goldman Partnership and individually; and ALAN GOLDMAN, as General Partner of A & G Goldman Partnership and individually,<br><br>    Defendants. | Adv. Pro. No. 10-04421 (SMB) |

**STIPULATION AND ORDER AGREEING TO APPLY DECISION IN
THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING**

    **WHEREAS**, on November 30, 2010, the plaintiff, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"),

commenced the above-captioned adversary proceeding in the Bankruptcy Court against defendants A & G Goldman Partnership, a New York Partnership; Gerald Goldman, as General Partner of A & G Goldman Partnership and individually; and Alan Goldman, as General Partner of A & G Goldman Partnership and individually (the "Defendants," together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS**, on January 17, 2014, Defendants moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on February 14, 2014, a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS**, on April 22, 2014, the Parties sought and received permission from the Court to proceed to mediation and mutually selected Melanie L. Cyganowski to act as Mediator in this matter;

**WHEREAS**, on June 16, 2014, the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

**WHEREAS**, on September 22, 2014, Defendants renewed their motion to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, the Defendants are neither a party to, nor have joined in the Omnibus Proceedings;

**WHEREAS**, the Defendants' motion to dismiss and renewed motion to dismiss (the "Motions") incorporate all the arguments set forth by similarly situated defendants in the Omnibus Proceedings;

**WHEREAS**, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)]; and

**WHEREAS**, on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this proceeding.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned herein, that:

1. The Decision rendered in the Omnibus Proceeding applies equally to this Adversary Proceeding and such Decision disposes of the Motions filed herein.

2. As to Count Seven in the Complaint seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of the Bankruptcy Code, applicable provisions of SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law (the "Subsequent Transferee Count"), the Motions are granted with respect to the Subsequent Transferee Count and such count is hereby dismissed without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made

3

applicable hereto by Federal Rule of Bankruptcy Procedure 7015, and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code.

3. In all other respects, the Motions are denied.

4. Pursuant to the Supreme Court Decision, Counts Two, Three, Four, Five, and Six of the Complaint are hereby dismissed with prejudice.

4. This Stipulation has no effect on Count One of the Complaint.

5. Defendants shall file their answer to Count One of the Complaint on or before thirty days following the entry of this order. The Adversary Proceeding will move forward thereafter on a schedule to be established by further order of the Court after consultation among the parties in accordance with the applicable rules of procedure.

6. This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated as of: August 20, 2015

| | |
|---|---|
| By: /s/ Nicholas Cremona<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111-0100<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas Cremona<br>Email: ncremona@bakerlaw.com<br><br>Of Counsel:<br>**BAKER & HOSTETLER LLP**<br>811 Main Street, Suite 1100<br>Houston, Texas 77002-5018<br>Telephone: 713.751.1600<br>Facsimile: 713.751.1717<br>Dean D. Hunt<br>Email: dhunt@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | **AKERMAN, LLP**<br><br>By: */s/ Michael I. Goldberg*<br>Michael I. Goldberg (MG0869)<br>Las Olas Center II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: 954.463.2700<br>Facsimile: 954.463.2224<br>Email: michael.goldberg@akerman.com<br><br>*Attorney for Defendant A & G Goldman Partnership, a New York Partnership; Gerald Goldman, as General Partner of A & G Goldman Partnership and individually; and Alan Goldman, as General Partner of A & G Goldman Partnership and individually* |

| | |
|---|---|
| Dated: New York, New York<br><u>August 21st</u>, 2015 | SO ORDERED<br>/s/ STUART M. BERNSTEIN<br>HONORABLE STUART M. BERNSTEIN<br>UNITED STATES BANKRUPTCY JUDGE |