# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 28, 2015

Karin S. Jenson
direct dial: 212.589.4266
kjenson@bakerlaw.com

**VIA ECF AND HAND DELIVERY**

Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Picard v. Cohmad Sec. Corp., et al.*, Adv. Pro. No. 09-01305 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, Esq., the Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff ("Madoff") (together, "BLMIS").  We write in response to the August 25, 2015 letter submitted by Defendant Jonathan Greenberg ("Greenberg") and in advance of the continued September 1, 2015 hearing on Greenberg's Motion for a Protective Order and to Quash Two Subpoenas Under Fed. R. Civ. P. 45 (ECF No. 323) ("Greenberg's Motion") concerning the Trustee's document requests served on JPMorgan Chase, N.A. and Citibank, N.A. (the "Subpoenaed Records").

      The Trustee has not, as Greenberg contends in his August 25 letter to the Court, "grossly mischaracterized the case law" or otherwise acted "deceptive[ly]" at any point throughout the dispute over the Subpoenaed Records.[1]  During the August 18, 2015 hearing, the Trustee's counsel advised the Court that the Trustee seeks to recover transfers made more than six years before December 12, 2008 (the "Filing Date") based on "the discovery rule and surviving motions to dismiss on actual knowledge."  (Hr'g Tr. 24:24-25:2.)  The Trustee's counsel further stated that the Hon. Burton R. Lifland found, in this adversary proceeding, that the Trustee "adequately pled the discovery rule on the face of the complaint."[2]  (*Id.* 25:16-18); *see Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC) (Cohmad I)*, 454 B.R. 317 (Bankr. S.D.N.Y. 2011).  On August 21, 2015, in accordance with the Court's directive at the hearing, the Trustee submitted a copy of *Cohmad I* to the Court.  The Trustee also

---

[1] Greenberg also accused the Trustee of improperly using tax returns that Greenberg provided to the Trustee, on the ground that they were provided in the context of settlement negotiations in 2009.  (H'rg Tr. 24:2-6.)  However, in 2012, Greenberg specifically identified these documents as responsive to the Trustee's First Set of Requests for the Production of Documents, without any restriction on their use.

[2] Greenberg did not move to dismiss the Complaint; he answered the Complaint on December 1, 2009.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Judge Stuart M. Bernstein
August 28, 2015
Page 2

submitted a copy of the Hon. Jed S. Rakoff's decision finding that the Trustee's First Amended Complaint (the "Complaint") filed in this adversary proceeding "sufficiently allege[s] actual knowledge of, and indeed participation in, every aspect of Madoff's Ponzi scheme . . . ." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.) (Cohmad II)*, No. 12 MC 115(JSR), 2013 WL 1609154, at *6 (S.D.N.Y. Apr. 15, 2013).

With respect to the *Cohmad* defendants who withdrew the reference (including Greenberg),[3] Judge Rakoff found that the Complaint sufficiently alleges "actual knowledge," which would negate applicability of the "safe harbor" provision of Section 546(e) of the Bankruptcy Code to the Trustee's claims. *Cohmad II*, at *5-6. Accordingly, the Trustee is not limited in his Complaint to claims for two-year fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code; rather, the Trustee may avoid and recover transfers to the full extent of the law, including through state fraudulent conveyance claims. *Id.* Fraudulent conveyance claims under the New York Debtor and Creditor Law (the "NYDCL") are subject to New York's "discovery rule," which allows the Trustee to seek transfers beyond six years if he can show "that during the period various transfers were made, Madoff's fraud was . . . not discovered, and could not have been discovered with reasonable diligence, by at least one unsecured creditor . . . ." *Cohmad I*, 454 B.R. at 338 (citing N.Y. C.P.L.R. 213(8), 203(g) (McKinney 2004)). In *Cohmad I*, Judge Lifland found that the Trustee has sufficiently pled his claim to recover fraudulent conveyances made more than six years before the Filing Date. *Id.*

Greenberg's contention that Judge Rakoff's and Judge Lifland's decisions are not relevant because they addressed motions to dismiss misses the point, which is that the decisions put discovery about transfers beyond the six-year period squarely within the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1). The Trustee's claim for transfers beyond the six-year period has been found to be facially sufficient, is live and proceeding to trial. The Trustee is entitled to discovery relating to that claim. *See, e.g.*, *Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 236 (Bankr. S.D.N.Y. 2011) (finding that the Trustee was entitled to discovery into his subsequent transfer claims after adequately stating a claim for relief).

Greenberg seems to misunderstand the applicability of New York's discovery rule, arguing that his bank records would not reveal fraud "concerning a creditor or unsecured creditor" and therefore the records "would [not] be subject to the discovery rule." The Trustee's claim is not a fraud claim against Greenberg but rather a fraudulent conveyance claim under the NYDCL. As this Court noted at the August 18 hearing, the issue here is the transfers fraudulently made by BLMIS, and the Trustee is entitled to discovery on those transfers. (H'rg Tr. 16:8-17:9.)

---

[3] *See Cohmad II*, at *5 n.3 ("The Court's discussion here applies only to those defendants in the Cohmad actions that have moved to withdraw the reference and therefore put their cases before this Court."). Although Greenberg did not join in the consolidated motion to dismiss under Section 546(e) of the Bankruptcy Code, Greenberg withdrew the reference from the Bankruptcy Court to the District Court. *See* Defendant Jonathan Greenberg's Notice of Motion to Withdraw the Reference from the Bankruptcy Court, *Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. Pro. No. 09-01305 (Bankr. S.D.N.Y. Apr. 2, 2012), ECF No. 283; Order at Ex. A ¶ 40, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, Misc. No. 12-115 (JSR) (S.D.N.Y. May 16, 2012), ECF No. 119.

Judge Stuart M. Bernstein
August 28, 2015
Page 3

      The Subpoenaed Records are sought beyond the six-year period in an effort to determine the full universe of transfers and fees received by Greenberg from Defendant Cohmad Securities Corp. ("Cohmad") and/or BLMIS.  Cohmad (co-founded by Madoff) and its registered representatives, including Greenberg, directed billions of dollars to BLMIS. (Compl. ¶ 3.)  Greenberg started at Cohmad in 1986 and received fees for referring accounts to BLMIS.  Greenberg also opened his own investment advisory account with BLMIS in 1993.  Greenberg is in a better position than the Trustee, an outside party, to know the full amount of transfers and fees that he received from BLMIS and/or Cohmad.  However, Greenberg has represented that he does not have in his possession any bank records or other documentation evidencing transfers or fees.  The Trustee is therefore pursuing discovery.

      The Trustee continues in his efforts to meet and confer and narrow the issues prior to the September 1 hearing.  The Trustee will address status and any open issues at the hearing.

Respectfully,

*/s/ Karin S. Jenson*
Karin S. Jenson

cc:    Kathryn M. Zunno (via ECF and email)
       Esterina Giuliani (via ECF and email)
       All counsel of record (via ECF and email)
       Ms. Jane M. Delaire, *pro se* (via email)
       Mr. Edward H. Kohlschreiber, *pro se* (via First Class Mail)