# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | NO. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> FEDERICO CERETTI, et al. <br><br> Defendants. | Adv. Pro. No. 09-01161 (SMB) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
KINGATE GLOBAL FUND, LTD.'S AND KINGATE EURO FUND, LTD.'S
<u>MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT</u>**

On July 18, 2014, Defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (together, the "Kingate Funds") filed a motion, ECF No. 111, and supporting memorandum of law, ECF No. 112, to dismiss all counts as against the Kingate Funds of the Fourth Amended Complaint, filed on March 17, 2014, ECF No. 100, of Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually ("Motion to Dismiss"). .

On October 14, 2014, the Trustee opposed the Motion to Dismiss ECF No. 126, supported by a declaration, ECF No. 127.

On November 25, 2014, the Kingate Funds filed a reply to the Trustee's opposition and in further support of their Motion to Dismiss. ECF No. 147.

On December 17, 2014, this Court conducted a hearing on the Motion to Dismiss.

On August 11, 2015, the Court entered a Memorandum Decision Granting in Part and Denying in Part Defendant Kingate Global Fund, Ltd.'s and Kingate Euro Fund, Ltd.'s Motion to Dismiss the Fourth Amended Complaint, ECF No. 199 ("August 11, 2015 Decision"), that (1) sustained the First Count, Preferential Transfers against the Kingate Funds under 11 U.S.C. §§ 502(d), 547(b), 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (2) sustained the Second Count, Actual Fraudulent Transfer against the Kingate Funds under 11 U.S.C. §§ 502(d), 548(a)(1)(A), 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (3) sustained the Third Count, Constructive Fraudulent Transfer against the Kingate Funds under 11 U.S.C. §§ 502(d), 548(a)(1)(B), 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (4) sustained the Fourth Count, Actual Fraudulent Transfer against the Kingate Funds under New York Debtor and Creditor Law §§ 276, 276-a, 278, and/or 279, and 11 U.S.C. §§ 502(d), 544, 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (5) sustained the

2

Fifth Count, Constructive Fraudulent Transfer against the Kingate Funds under New York Debtor and Creditor Law §§ 273, 278, and/or 279, and 11 U.S.C. §§ 502(d), 544, 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (6) sustained the Sixth Count, Constructive Fraudulent Transfer against the Kingate Funds under New York Debtor and Creditor Law §§ 274, 278, and/or 279, and 11 U.S.C. §§ 502(d), 544, 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (7) sustained the Seventh Count, Constructive Fraudulent Transfer against the Kingate Funds under New York Debtor and Creditor Law §§ 275, 278, and/or 279, and 11 U.S.C. §§ 502(d), 544, 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (8) sustained the Eighth Count, Undiscovered Fraudulent Transfers against the Kingate Funds under New York Civil Practice Law and Rules 203(g) and 213(8), and New York Debtor and Creditor Law §§ 276, 276-a, 278, and/or 279, 11 U.S.C. §§ 502(d), 544, 550(a), 551, and 15 U.S.C. § 78fff-2(c)(3); (9) sustained the Eleventh Count, Equitable Subordination of Claims against the Kingate Funds; (10) dismissed the Tenth Count, Objection To and Disallowance of Customer Claims against the Kingate Funds; and (11) dismissed the Twelfth Count, Equitable Disallowance of Claims against the Kingate Funds.

For the reasons set forth in the Court's August 11, 2015 Decision, which is incorporated herein and made a part hereof, it is hereby **ORDERED** that:

1. As to the First Count (Preferential Transfers against the Kingate Funds); the Second Count (Actual Fraudulent Transfer against the Kingate Funds); the Third Count (Constructive Fraudulent Transfer against the Kingate Funds); the Fourth Count (Actual Fraudulent Transfer against the Kingate Funds); the Fifth Count (Constructive Fraudulent Transfer against the Kingate Funds); the Sixth Count (Constructive Fraudulent Transfer against the Kingate Funds); the Seventh Count (Constructive Fraudulent Transfer against the Kingate Funds); the Eighth Count (Undiscovered Fraudulent Transfers against the Kingate Funds), and

3

the Eleventh Count (Equitable Subordination of Claims against the Kingate Funds), the Motion to Dismiss is **DENIED**.

2. As to the Tenth Count (Disallowance of Customer Claims against the Kingate Funds) and the Twelfth Count (Equitable Disallowance of Claims against the Kingate Funds), the Motion to Dismiss is **GRANTED**.

3. The Kingate Funds must file their answers to the Fourth Amended Complaint within 40 days of entry of this order.

4. The Kingate Funds and the Trustee must comply with Fed. R. Civ. P. 26(f), and a pre-trial conference before the Court is scheduled for October 28, 2015.


Dated: August 21, 2015
      New York, New York

                                                                                     __/s/Stuart M. Bernstein__
                                                                                     HON. STUART M. BERNSTEIN
                                                                                     UNITED STATES BANKRUPTCY JUDGE