| | |
|---|---|
| **BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, NY 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Nicholas J. Cremona<br>Dean D. Hunt | Presentment Date: September 11, 2015 at 12:00 PM<br><br>Objections Due: September 8, 2015 |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL O. JAFFE,<br><br>Defendant. | Adv. Pro. No. 10-04425 (SMB) |

**OBJECTION OF IRVING H. PICARD, TRUSTEE, TO NOTICE OF PRESENTMENT OF AN ORDER GRANTING APPLICATION TO WITHDRAW AS COUNSEL, AND ACCOMPANYING DECLARATION OF HELEN DAVIS CHAITMAN**

Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits this Objection to Notice of Presentment of an Order Granting Application to Withdraw as Counsel and Accompanying Declaration of Helen Davis Chaitman filed on September 4, 2015. *See* Dkt. No. 50.

### I.    SUMMARY OF ARGUMENT

The Trustee objects to the withdrawal of Becker & Poliakoff as counsel in this adversary proceeding because it will disrupt the prosecution of this adversary proceeding and cause unnecessary delay. Additionally, the Trustee objects because the Declaration of Helen Davis Chaitman in Support of an Application on Consent for an Order to Withdraw as Counsel (the "Declaration"), on which the withdrawal is based, contains misstatements of fact that are material to the circumstances surrounding Becker & Poliakoff's withdrawal, including the Trustee's consent to the application, the facts surrounding notification of the Trustee of Defendant's death and that granting the application will not cause delay or disrupt the case.

### II.    BACKGROUND

In July 2015, counsel for the Trustee discovered that Defendant Manuel Jaffe had died in June 2013. Counsel for Defendant, Becker & Poliakoff, filed pleadings on behalf of Defendant in 2013, 2014 and 2015, none of which inform the Court or the Trustee that Mr. Jaffe was

2

deceased.[1] On July 21, 2015, counsel for the Trustee wrote to counsel for Defendant, Ms. Chaitman, informing her that it had come to the Trustee's attention that Defendant was deceased and requesting further information relating to Defendant's residence and probate estate.[2] Ms. Chaitman did not respond. Counsel for the Trustee followed up on August 3, 2015, but again, Ms. Chaitman did not respond.[3]

An Answer was filed on behalf of the deceased Defendant on August 13, 2015. *See* Dkt. 49 at ¶ 9. The Answer states that "Defendant is deceased and the Trustee is aware as per email from Marie L. Carlisle to Helen Davis Chaitman dated July 21, 2015." *Id.* Defendant's Answer asserts affirmative defenses that the Trustee failed to substitute the proper party for the deceased defendant and the Trustee is pursuing this action against the incorrect party. *See id.* at p. 26.

On August 20, 2015, counsel for the Trustee again contacted Ms. Chaitman seeking information about the deceased Defendant.[4] Ms. Chaitman responded that she did not have that information.[5] Counsel for the Trustee asked Ms. Chaitman to provide the Trustee with the name of the party to substitute for deceased Defendant, and Ms. Chaitman responded that she was in Europe and would focus on this when she returned on September 15.[6]

---

[1] Becker & Poliakoff filed pleadings on Defendant's behalf following his death in June 2013 without any mention to the Court that Defendant is deceased, including: (1) Stipulation Extending Time to Respond, August 19, 2013, in which Counsel agreed to notify the Trustee of the death of any Defendant within five business days of the date upon which counsel first learns of such Defendants' passing. *See* Dkt. 32; (2) Motion to Dismiss Adversary Proceeding and Omnibus Memorandum of Law in Support of Motions to Dismiss in October and November 2014. *See* Dkts. 33 and 34; (3) Reply Declaration of Helen Davis Chaitman and Reply Memorandum of Law in Support of Motions to Dismiss in February 2014. *See* Dkts. 43 and 44; (4) April 24, 2015 Application to Extend Time to File Writ for Certiorari relating to recovery of Time Based Damages, *Marsha Peshkin v. Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,* No. 15-95, in the United States Supreme Court; and (5) July 19, 2015 Petition for Writ of Certiorari, *Marsha Peshkin v. Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*, No. 15-95, in the United States Supreme Court.
[2] *See* Email from Marie Carlisle to Helen Chaitman dated July 21, 2015, attached hereto as part of Exhibit A.
[3] *See* Email from Marie Carlisle to Helen Chaitman dated August 3, 2015, attached hereto as part of Exhibit A.
[4] *See* Email from Farrell Hochmuth to Helen Chaitman dated August 20, 2015, attached hereto as part of Exhibit A.
[5] *See* Email from Helen Chaitman to Ms. Hochmuth dated August 20, 2015, attached hereto as part of Exhibit A.
[6] *See* Email from Farrell Hochmuth to Helen Chaitman dated Monday August 31, 2015, attached hereto as Exhibit B.

3

Now, less than a month after filing an Answer on behalf of Defendant and asserting affirmative defenses regarding the death of Defendant, Becker & Poliakoff seeks to withdraw from this case.

### III.  BECKER & POLIAKOFF'S WITHDRAWAL WILL BOTH DELAY AND DISRUPT THIS ADVERSARY PROCEEDING

Permitting withdrawal of Becker & Poliakoff LLP as counsel at this time will disrupt this adversary proceeding and cause unnecessary delay. The complexity of substituting Defendant's estate and personal representative and/or beneficiaries, caused by Becker & Poliakoff's failure to timely notify the Trustee of Defendant's death in 2013, will require time and resources of counsel for the Trustee. This information should be provided by counsel for Defendant and the Trustee should not be required to resolve the issues created by Becker & Poliakoff with Defendant's son whom is not represented by counsel and, as Becker & Poliakoff alleges, is unresponsive.

The deadline for the parties to conduct an Initial Case Conference in this adversary proceeding is September 14, 2015, three days following the date on which Defendant's Application to Withdraw is to be presented to this Court. If Becker & Poliakoff is permitted to withdraw, at a minimum, this deadline must be continued in order to allow substitute counsel to be retained and adequately prepared to discuss the issues involved, the affirmative defenses asserted in Defendant's Answer, and to assess and address the additional complexities caused by Becker & Poliakoff's failure to timely notify the Trustee's counsel of Defendant's death. Such delay is likely to be significant.

Further, now that this Court has been notified of Defendant's death, the Trustee must substitute Defendant's estate, personal representative, beneficiary or other appropriate party. *See* Federal Rule of Civil Procedure 25(a). Becker & Poliakoff's withdrawal would disrupt this

4

process and impact the Trustee's ability to make a timely substitution, despite the Trustee's efforts to obtain such information as soon as Defendant's death was discovered in July.

### IV.   THE DECLARATION OF MS. CHAITMAN IS FACTUALLY INCORRECT

The Trustee also firmly objects to Becker & Poliakoff's withdrawal to the extent that Becker & Poliakoff's Application to Withdraw is based on and supported by the Declaration of Helen Chaitman. The Declaration contains three factually inaccurate statements, each of which is relevant to the withdrawal of Becker & Poliakoff. These misstatements include that counsel for the Trustee does not object to the relief requested, that the Trustee was notified of Defendant's death on July 21, 2015, and that withdrawal of Becker & Poliakoff will not disrupt or unduly delay the adversary proceeding. *See* Decl. at ¶¶ 2, 6 and 7. To the extent that Becker and Poliakoff's Application to Withdraw is supported by these incorrect statements, the Trustee requests that the request to withdraw be denied.

#### a.   THE TRUSTEE DID NOT COMMUNICATE WITH BECKER & POLIAKOFF PRIOR TO FILING THE NOTICE AND DECLARATION

Prior to receiving service by email of Becker & Poliakoff's Notice of Presentment of an Order Granting Application to Withdraw as Counsel,[7] counsel for the Trustee was not aware of Becker & Poliakoff's intent to withdraw. Counsel for the Trustee never communicated to Becker & Poliakoff that "[c]ounsel for the Trustee does not object to the relief requested herein," as stated in the Declaration. *See* Decl. at ¶ 2. That statement is false.

#### b.   THE TRUSTEE NOTIFIED MS. CHAITMAN OF DEFENDANT'S DEATH; BECKER & POLIAKOFF NEVER NOTIFIED THE TRUSTEE

The representation in the Declaration regarding notice to counsel for the Trustee regarding Defendant's death is also false. The Declaration states that "[t]he Trustee was notified

---

[7] Becker & Poliakoff sent counsel for the Trustee service of the Notice, Declaration and Proposed Order after 5 pm on Friday, September 4, 2015, with objections due the next business day, effectively providing counsel for the Trustee less than one business day notice to assert its objections.

5

[of Defendant's death] on July 21, 2015." *See* Decl. at ¶ 6. As set forth above, and admitted in Paragraph 9 of Defendant's Answer, *counsel for the Trustee* notified Becker & Poliakoff of Defendant's death on July 21, 2015, not the other way around. *See* Dkt. 49 at ¶ 9; *see also* Exhibit A. In the two years since Defendant's death, Becker & Poliakoff never advised counsel for the Trustee of the death of Defendant.

### c. **PERMITTING WITHDRAWAL WILL DISRUPT THE ADVERSARY PROCEEDING**

Finally, as explained above, Becker & Poliakoff's statement that this will not disrupt or cause undue delay to this adversary proceeding is also false. Becker & Poliakoff is aware of the issues involved in substituting a party for a deceased defendant, particularly when timely notice of a defendant's death is not provided. Becker & Poliakoff is also aware of the upcoming deadline for conducting an Initial Case Conference in this adversary proceeding. Combined with the allegation in the Declaration that Defendant's son has not been responsive, it is not plausible that withdrawal of Becker & Poliakoff at this time would not disrupt or delay this adversary proceeding.

## V. **CONCLUSION**

For the reasons set forth above, the Trustee respectfully requests that Becker & Poliakoff's Application to Withdraw as Counsel be denied in its entirety.

Dated: New York, New York
      September 8, 2015

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

By: */s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

7