DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>- against -<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>- against -<br><br>ALVIN GINDEL REVOCABLE TRUST, a Florida trust, and ALVIN GINDEL, in his capacity as trustee of the Alvin Gindel Revocable Trust and individually as settlor and beneficiary thereof,<br><br>Defendants. | Adv. Pro. No. 10-04925 (SMB)<br><br>ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES<br><br>JURY TRIAL DEMANDED |

Defendants, Alvin Gindel Revocable Trust (the "Gindel Trust") and Alvin Gindel, in his capacity as settlor and trustee of the Gindel Trust (collectively, with the Gindel Trust, the "Defendants"), by and through their undersigned counsel, submit this Answer and Affirmative

Defenses to the Amended Complaint dated January 25, 2012 (the "Amended Complaint") filed by Irving Picard ("Plaintiff" or "Trustee") as Trustee of Bernard L. Madoff Investment Securities ("BLMIS") in the United States District Court for the Southern District of New York (11 Civ. 07645) [Dkt. No. 8] as follows: To the extent any allegation is not specifically admitted, it is expressly denied. No response is required to the various headings or subheadings throughout the Amended Complaint. To the extent that responses are required to the various headings or subheadings, however, all are denied.

1.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, except expressly denies that this adversary arises from a Ponzi scheme, but admits that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refers the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.

2.      Paragraph 2 consists of characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny that they were beneficiaries of a Ponzi scheme, received other people's money or avoidable transfers and that any payments they may have received are fictitious profits or recoverable by the Trustee. Pursuant to the Order of the United States Bankruptcy Court for the Southern District of New York, described below, the claims against the Subsequent Transferee Defendant have been dismissed.

3.      Defendants admit that Plaintiff purports to have brought this action under 15 U.S.C. §§ 78 fff(b), 78 fff-1(a), 78 fff-2(c) and 78 fff-2(c)(3), section 105(a), 544, 548(a), 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act New York Debtor and Creditor Law § 270 et seq. (McKinney 2001) ("DCL"), and other applicable law, but denies that Plaintiff is entitled to any relief against the Defendants

pursuant to the cited provisions or otherwise. Defendants further deny that Defendants incurred fraudulent obligations or received fraudulent conveyances in connection with certain transfers by BLMIS and that Plaintiff is entitled to set aside, avoid or recover any transfers from BLMIS. Defendants respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC 01115(JSR)) dismissing the Trustee's claims that seek avoidance of (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code and (c) actual and constructive fraudulent conveyances under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code. On June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129, and thus section 546(e) of the Bankruptcy Code applies to this proceeding. In addition, pursuant to the Order of the Bankruptcy Court dated July 16, 2015, the Trustee's claims to avoid obligations and against Subsequent Transferee Defendants, as defined in the Amended Complaint, have been dismissed.

4. Defendants admit that Plaintiff commenced this adversary proceeding "in the same Court before which the main SIPA proceeding, No. 08-01789 (BRL) is pending", but deny that the Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, 15 U.S.C. §§ 78 eeee(b)(2)(A). The remaining allegations of Paragraph 4 consist of legal conclusion to which no response is required. To the extent a response is required, Defendants respectfully refer this Court to the docket of proceedings in the United States District Court for an accurate account of the reference of this adversary proceeding.

5. Paragraph 5 of the Amended Complaint consists of conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegation contained in Paragraph 5, do not consent to the entry of a final judgment by the Bankruptcy

Court, and respectfully refer all questions of law to the appropriate court. Defendants demand a jury trial.

6. Paragraph 6 of the Amended Complaint consists of conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegation contained in Paragraph 6 and respectfully refer all questions of law to the appropriate court.

7. Defendant, Gindel Trust, admits that it is a trust formed under Florida law and that it held an account with BLMIS.

8. Defendant, Alvin Gindel, admits the allegations in Paragraph 8 of the Amended Complaint.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 9 consists of a legal conclusion to which no response is required.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint, and refer the Court to the referenced order for the complete contents therein.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint, and refer the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint, and refer the Court to the referenced order for the complete contents therein.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint, and refer the Court to the referenced orders for the complete contents therein.

14. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint, and refer the Court to the Plea Allocution for the complete contents therein.

15. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint, and refer the Court to the referenced Plea Allocution for the complete contents therein.

16. Paragraph 16 of the Amended Complaint consists of a series of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and each sub part in Paragraph 19 of the Amended Complaint. Given the

rulings described above, Defendants expressly deny that the Trustee has the power to avoid and recover transfers under section 544, 547, 548(a)(1(B) and applicable state law.

20. Defendants admit that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Amended Complaint. To the extent that Plaintiff relies on the Madoff's Plea Allocution Defendants respectfully refer the Court to the Plea Allocution for the complete contents therein.

24. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Paragraph 26 of the Amended Complaint consists of certain legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 26 of the Amended Complaint.

27. Paragraph 27 of the Amended Complaint consists of certain legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny that any monies sent to BLMIS was used to enrich the Defendants and deny

knowledge and information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendants deny knowledge and information sufficient to form a belief as to the truth of those allegations and all remaining allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendant, Gindel Trust, admits it received monthly statements, but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint and refer the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

33. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Paragraph 34 of the Amended Complaint consists of certain legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendants admit that an account was maintained at BLMIS and that it executed certain documents and received periodic customer statements, confirmations and other

communications from BLMIS. Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 35 of the Amended Complaint.

36. Defendant, Gindel Trust, admits that it opened an account for the purpose of having BLMIS conduct trading activities on its behalf and received a transfer from another BLMIS account. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint relates to the claim that has been dismissed.

38. Paragraph 38 of the Amended Complaint relates to the claim that has been dismissed.

39. Paragraph 39 of the Amended Complaint relates to the claim that has been dismissed.

40. Paragraph 40 of the Amended Complaint relates to a claim that has been dismissed.

41. Paragraph 41 of the Amended Complaint relates to a claim that has been dismissed.

42. Paragraph 42 of the Amended Complaint relates to a claim that has been dismissed.

43. Paragraph 43 of the Amended Complaint relates in part to a claim or claims that has or have been dismissed and/or consists of legal conclusions and/or arguments to which no response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 43 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint relates to a claim that has been dismissed.

45. Paragraph 45 of the Amended Complaint relates to a claim that has been dismissed.

46. Paragraph 46 of the Amended Complaint does not consist of any factual allegation for which a response is required.

47. Paragraph 47 of the Amended Complaint does not consist of any factual allegation for which no response is required. To the extent that any response is required, Defendants deny all allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendants admits the allegations in Paragraph 48 of the Amended Complaint.

49. Defendants admits the allegations in Paragraph 49 of the Amended Complaint.

50. Defendants admits the allegation in Paragraph 50 of the Amended Complaint.

51. Defendants deny information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint. To the extent a response is required, Defendants refer the Court to the referenced Order for the complete contents therein.

52. Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

53. Paragraph 53 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Paragraph 54 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Paragraph 55 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. All references to Obligations in this paragraph relate to a claim that has been dismissed and therefore, require no response. To the extent that

any response is required, Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Paragraph 56 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Paragraph 57 of the Amended Complaint relates to a claim that has been dismissed.

58.     Paragraph 58 of the Amended Complaint consists of legal conclusions and/or arguments to which no response is required. All references to Obligations in this paragraph relate to a claim that has been dismissed and therefore, require no response. To the extent that any response is required, Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Defendants incorporate by reference its answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

60.     Paragraph 60 of the Amended Complaint relates to a claim that has been dismissed.

61.     Paragraph 61 of the Amended Complaint relates to a claim that has been dismissed.

62.     Paragraph 62 of the Amended Complaint relates to a claim that has been dismissed .

63.     Paragraph 63 of the Amended Complaint relates to a claim that has been dismissed.

64.     Paragraph 64 of the Amended Complaint relates to a claim that has been dismissed.

65. Paragraph 65 of the Amended Complaint relates to a claim that has been dismissed.

66. Paragraph 66 of the Amended Complaint relates to a claim that has been dismissed.

67. Paragraph 67 of the Amended Complaint relates to a claim that has been dismissed.

68. Paragraph 68 of the Amended Complaint relates to a claim that has been dismissed.

69. Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

70. Paragraph 70 of the Amended Complaint relates to a claim that has been dismissed.

71. Paragraph 71 of the Amended Complaint relates to a claim that has been dismissed.

72. Paragraph 72 of the Amended Complaint relates to a claim that has been dismissed.

73. Paragraph 73 of the Amended Complaint relates to a claim that has been dismissed.

74. Defendants incorporate by reference their answers and responses to the allegations contained in the previous Paragraphs of the Amended Complaint as if fully set forth herein.

75. Paragraph 75 of the Amended Complaint relates to a claim that has been dismissed.

76. Paragraph 76 of the Amended Complaint relates to a claim that has been dismissed.

77. Paragraph 77 of the Amended Complaint relates to a claim that has been dismissed.

78. Paragraph 78 of the Amended Complaint relates to a claim that has been dismissed.

79. Paragraph 79 of the Amended Complaint relates to a claim that has been dismissed.

80. Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Amended Complaint as if fully set forth herein.

81. Paragraph 81 of the Amended Complaint relates to a claim that has been dismissed.

82. Paragraph 82 of the Amended Complaint relates to a claim that has been dismissed.

83. Paragraph 83 of the Amended Complaint relates to a claim that has been dismissed.

84. Paragraph 84 of the Amended Complaint relates to a claim that has been dismissed.

85. Paragraph 85 of the Amended Complaint relates to a claim that has been dismissed.

86. Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Amended Complaint as if fully set forth herein.

87. Paragraph 87 of the Amended Complaint relates to a claim that has been dismissed.

88. Paragraph 88 of the Amended Complaint relates to a claim that has been dismissed.

89. Paragraph 89 of the Amended Complaint relates to a claim that has been dismissed.

90. Paragraph 90 of the Amended Complaint relates to a claim that has been dismissed.

91. Paragraph 91 of the Amended Complaint relates to a claim that has been dismissed.

92. Defendants incorporate by reference their answers and responses to the previous Paragraphs of the Amended Complaint as if fully set forth herein.

93. Paragraph 93 of the Amended Complaint relates to a claim that has been dismissed.

94. Paragraph 94 of the Amended Complaint relates to a claim that has been dismissed.

95. Paragraph 95 of the Amended Complaint relates to a claim that has been dismissed.

96. Paragraph 96 of the Amended Complaint relates to a claim that has been dismissed.

97. Paragraph 97 of the Amended Complaint relates to a claim that has been dismissed.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendants does not relieve the Trustee of proving under the appropriate standard of

proof all elements of any claim alleged. Defendants do not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendants.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Amended Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(1) of the Bankruptcy Code. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101) as affirmed by the Court of Appeals for the Second Circuit.

In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendants or party-in-interest to the extent that Defendants is similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action. Defendants further reserves all rights to amend or modify his Answer accordingly. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

These defenses are set forth cumulatively and in the alternative.

FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipient, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS, and (e) merely reciting the provisions of the statute in each count.

THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Amended Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury.

FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver, equitable estoppel and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant Gindel Trust received the funds in its account from a third party in good faith, without knowledge of the fraud.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by the Defendants, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against Defendants under sections 548 and 550 of the Bankruptcy Code.

## TWELFTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to recoupment or equitable adjustment because the Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

THIRTEENTH AFFIRMATIVE DEFENSE

Each of the counts alleging a fraudulent transfer is subject to recoupment or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, unclean hands or other related equitable defenses.

FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

SIXTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Amended Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Trustee failed to give proper credit for an inter account transfer.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under section 548(a)(1)(A) are barred because Defendants are the party that BLMIS sought to hinder, delay and defraud.

TWENTIETH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under sections 544 and 550 of the Bankruptcy Code because such fees are not a "transfer" or "conveyance" under applicable law.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Even if the Trustee would be entitled to the return of some or all of the transfers, he would not be not entitled to interest from the date of each alleged transfer.

WHEREFORE, Defendants demand judgment (a) dismissing each of the claims asserted in the Amended Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: September 15, 2015
       New York, New York

DENTONS US LLP

By: /s/ Carole Neville
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, hereby certify that a true and accurate copy of the following was served this 15th day of September, 2015 by electronic mail and U.S. Mail upon the following:

> David J. Sheehan
> BAKER & HOSTETLER LLP
> 45 Rockefeller Plaza
> New York, NY 10111-0100
> Telephone: 212.589.4200
> Facsimile: 212.589.4201
> David J. Sheehan
> Email: dsheehan@bakerlaw.com

By: */s/ Carole Neville*
Carole Neville