UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN 1973 MASTERS VACATION FUND, BULL MARKET FUND, AND STRATTHAM PARTNERS**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In 1973 Masters Vacation Fund, Bull Market Fund, And Strattham Partners (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1M0114 held by the 1973 Masters Vacation Fund; 1B0081 held by the Bull Market Fund; and 1ZB262 held by Strattham Partners (collectively, the "Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

300368832.2                              2

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Partnerships and its Account. In the case of the Bull Market Fund and Strattham Partners, each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Partnership. The 1973 Masters Vacation Fund did not file a customer claim.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 48 claims filed by Objecting Claimants that invested in one or more of the Partnerships and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants (where applicable), the Account-holding Partnership in which the Objecting Claimants invested, and the Partnership Account number. Each of the claims

identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants and the claim numbers.

13. Bull Market Fund and Strattham Partners each filed a claim related to its Account, and sought a distribution from the fund of customer property for its Account. The 1973 Masters Vacation Fund did not.

14. A letter of determination was sent to the Bull Market Fund denying their customer claims on the grounds that they were net winners, *i.e.*, that they had withdrawn more money from BLMIS than had been deposited in their BLMIS Account. A letter of determination was not sent to Strattham Partners. Its claim is currently "deemed determined" because of outstanding litigation to recover transfers under section 502(d) of the Bankruptcy Code.

15. Attached hereto as Exhibit 4 is a true and correct copy of the November 30, 2008 BLMIS account statement for the 1973 Masters Vacation Fund account.

16. Attached hereto as Exhibit 5 is a true and correct copy of the BLMIS customer file for the 1973 Masters Vacation Fund account.

17. Attached hereto as Exhibit 6 is a true and correct copy of claim 001205, filed with the Trustee by Peter Barbato, an investor in the 1973 Masters Vacation Fund, with attachments including a Schedule K-1 tax form as filed, and a letter to investors of 1973 Masters Vacation Fund from "Jerry" Horowitz dated July 17, 1993.

18. Attached hereto as Exhibit 7 is a true and correct copy of claim 002412, filed with the Trustee by Catherine Harrold, an investor in the 1973 Masters Vacation Fund, with attachments including a Schedule K-1 tax form as filed.

19. Attached hereto as Exhibit 8 is a true and correct copy of claim 002744, filed with the Trustee by Robert Girschick, an investor in the 1973 Masters Vacation Fund, with attachments including a Schedule K-1 tax form as filed.

20. Attached hereto as Exhibit 9 is a true and correct copy of claim 002870, filed with the Trustee by Evan Harrell, an investor in the 1973 Masters Vacation Fund, with attachments including a Schedule K-1 tax form as filed.

21. Attached hereto as Exhibit 10 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Bull Market Fund account.

22. Attached hereto as Exhibit 11 is a true and correct copy of the BLMIS customer file for the Bull Market Fund with select portions omitted.

23. Attached hereto as Exhibit 12 is a true and correct copy of claim 005559, filed with the Trustee by Debra Blum, an investor in the Bull Market Fund, with attachments including a Schedule K-1 tax form as filed.

24. Attached hereto as Exhibit 13 is a true and correct copy of claim 011370, filed with the Trustee by Barry and Diane Katz Revocable Trust, an investor in Bull Market Fund, with attachments including the Bull Market Fund partnership agreement dated September 29, 1986.

25. Attached hereto as Exhibit 14 is a true and correct copy of the November 30, 2008 BLMIS account statement for the Strattham Partners account.

26. Attached hereto as Exhibit 15 is a true and correct copy of the BLMIS customer file for the Strattham Partners account.

27. Attached hereto as Exhibit 16 is a true and correct copy of claim 006054, filed with the Trustee by Stephen Millsaps, an investor in Strattham Partners.

28. Attached hereto as Exhibit 17 is a true and correct copy of claim 001911, filed with the Trustee by Christopher and Marie Altieri, investors in Strattham Partners.

29. Attached hereto as Exhibit 18 is a true and correct copy of claim 005172, filed with the Trustee by Seven Out Partners, investors in Strattham Partners. Claim 005172 includes a copy of the "Partnership Agreement of Strattham Partners" dated as of July 3, 1995.

30. Attached hereto as Exhibit 19 is a true and correct copy of claim 005505, filed with the Trustee by Arlene Mortimer, an investor in Strattham Partners.

31. The Accounts were in the names of their respective Partnerships, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[2] The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

[INTENTIONALLY LEFT BLANK]

---

[2] Some Claimants may have held accounts in their own names, in addition to investing in the Partnerships. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in the Partnerships.

300360657

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2015
New York, New York

/s/ *Vineet Sehgal*
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, NY 10022