Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
Telephone:  (212) 696 – 1999
Facsimile:  (212) 566 – 4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)
Raquel Kraus, Esq. (RK9556)

*Attorneys for Defendant*
*Robin Geoffrey Swaffield*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| | : | |
| Plaintiff-Applicant, | : | No. 08-01789 (SMB) |
| | : | |
| v. | : | |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
| | : | Adv. Pro. No. 10-04966 (SMB) |
| BERNARD L. MADOFF, | : | |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------X

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ONESCO INTERNATIONAL, LTD., IMPACT DESIGNS LIMITED, TELFORD LIMITED, GARY ALBERT, Individually and in his capacity As shareholder of IMPACT DESIGNS LIMITED, ROBIN GEOFFREY SWAFFIELD, and KEN LITVAK, | : |

|                          | :   |
| ------------------------ | --- |
| Defendants.              | :   |

------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Robin Geoffrey Swaffield ("Defendant") by and through his attorneys, Lax & Neville LLP, responds to Plaintiff Irving H. Picard's Complaint dated December 14, 2011, as follows, upon knowledge as to himself and his own acts and upon information and belief as to all other matters:

## NATURE OF PROCEEDING

1.      Defendant admits that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refers the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.  To the extent a response is required, Defendant expressly denies receipt of avoidable transfers, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 1.

2.      Paragraph 2 consists of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 consists of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 3.

2

## JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 that this Court has jurisdiction over this adversary proceeding are legal conclusions to which no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in Paragraph 4 of the Amended Complaint), the SIPA Proceeding (as defined in Paragraph 4 of the Amended Complaint and in the criminal action against Bernard L. Madoff).

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or arguments as to which no response is required.

## DEFENDANT

7.      Defendant admits that Gary Albert held a BLMIS account and states that Gary Albert passed away several years ago.  Defendant admits that Gary Albert was a shareholder of Onesco International Ltd, but denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 7.

8.      Defendant admits that Onesco International Ltd. held a BLMIS account, but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in the first, second, and third sentences of Paragraph 8.  Defendant denies the remaining allegations of Paragraph 8.

9.      Defendant admits the allegations of Paragraph 9.

10.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.    Defendant admits the allegations of Paragraph 11.

12.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

## BACKGROUND, THE TRUSTEE AND STANDING

13.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 13 consists of a legal conclusion to which no response is required.

14.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and refers the Court to the referenced order for the complete contents therein.

15.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

4

19.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    Paragraph 20 consists of a series of legal conclusions and/or arguments as to which no response is required.    To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    Paragraph 21 consists of a series of legal conclusions and/or arguments as to which no response is required.    To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Paragraph 22 consists of a series of legal conclusions and/or arguments as to which no response is required.    To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.    Paragraph 18 consists of a series of legal conclusions and/or arguments as to which no response is required.    To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

## THE FRAUDULENT PONZI SCHEME

24.    Defendant admits, upon information and belief, that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC, and admits that at certain times BLMIS had an office at 885 Third Avenue, New York, New York.  Defendant

denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendant denies receiving and monthly statements, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27. To the extent that Plaintiff relies on Madoff's Plea Allocution for the allegations in Paragraph 27, Defendant refers the Court to the referenced plea allocution for the complete contents therein.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Paragraph 30 consists of certain legal conclusions and/or arguments for which no response is required. To the extent a response is required, Defendant denies that any monies sent to BLMIS were used to enrich Defendant and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31. Paragraph 31 consists of certain legal conclusions and/or arguments for which no response is required. To the extent a response is required, Defendant denies that any monies sent

to BLMIS were used to enrich Defendant and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

## THE ACCOUNT AGREEMENTS

39.     Defendant did not maintain an account with BLMIS and never received any monthly statements from BLMIS, but admits that certain defendants in this action maintained accounts with BLMIS.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.

40.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40.    Defendant never maintained an account with BLMIS, and denies making any deposits or withdrawals from any BLMIS account.

## THE OBLIGATIONS

41.    The allegations in paragraphs 41-43 of the Amended Complaint were dismissed in the entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this Adversary Proceeding.    Defendant therefore makes no answer to Paragraphs 41-43 of the Amended Complaint.

42.    See response to Paragraph 41.

43.    See response to Paragraph 41.

## THE TRANSFERS

44.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Defendant states that the allegations of Paragraph 46 of the Amended Complaint are legal conclusions or arguments as to which no response is required.    To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 46 of the Amended Complaint.

8

47.    Defendant states that the allegations of Paragraph 47 of the Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 47 of the Amended Complaint.

48.    Defendant denies receiving any transfer from any BLMIS account.

49.    Defendant states that the allegations of Paragraph 49 of the Amended Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 49 of the Amended Complaint.

50.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.  Defendant further states that Paragraph 50 does not make any allegation against any Defendant.

51.    The allegations contained in Paragraph 51 are legal conclusions for which no response is required.

## CUSTOMER CLAIMS

52.    Defendant admits the allegations contained in Paragraph 52 of the Amended Complaint.

53.    Defendant admits the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendant admits the allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendant admits the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Defendant admits the allegations contained in Paragraph 56 of the Amended Complaint.

57.    Defendant admits the allegations contained in Paragraph 57 of the Amended Complaint.

58.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint, and refers the Court to the filings, orders and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.  Defendant does not concede the truth or admissibility of any such allocutions, filings, orders and/or proceedings.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

59.    Defendant responds to Paragraph 59 of the Amended Complaint as he has responded to the allegations incorporated by reference therein.

60.    Paragraph 60 consists of certain legal conclusions and/or arguments for which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form and belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint, except Defendant denies receiving any transfers from any BLMIS accounts.

61.     Defendant states that the allegations of Paragraph 61 of the Amended Complaint are legal conclusions or arguments for which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

62.     The allegations contained in Paragraph 62 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     The allegations contained in Paragraph 63 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 63.

64.     The allegations contained in Paragraph 64 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 64.

65.     The allegations contained in Paragraph 65 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 65.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

**Note for Answer to Count Two:**  This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order.  All counts in this Amended Complaint other than those seeking to avoid and recover initial transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the

Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to Paragraphs 66-75 of the Amended Complaint.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Three:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order. All counts in this Amended Complaint other than those seeking to avoid and recover initial transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to Paragraphs 76-80 of the Amended Complaint.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Four:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order. All counts in this Amended Complaint other than those seeking to avoid and recover initial transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to Paragraphs 81-86 of the Amended Complaint.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Five:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order. All counts in this Amended Complaint other than those seeking to avoid and recover initial transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the

Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to Paragraphs 87-92 of the Amended Complaint.

## COUNT SIX
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Six:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order. All counts in this Amended Complaint other than those seeking to avoid and recover initial transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to Paragraphs 93-98 of the Amended Complaint.

## COUNT SEVEN
### RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§544, 548, 550(a) AND 551

**Note for Answer to Count Seven:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order, which dismissed the count in this Amended Complaint seeking to recover subsequent transfers pursuant to Section 550(a) of the Bankruptcy Code, applicable provisions of the SIPA including Section 78fff-2(c)(3) and New York Debtor and Creditor Law (the "Subsequent Transfer Count"). Accordingly, Defendant makes no answer to paragraphs 99-104 of the Amended Complaint.

13

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by, *inter alia,* (a) failing to describe each specific transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed because the Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amount of transfers he seeks to avoid.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed because the Trustee's claims are barred by the applicable statute of limitations.

14

## FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed because the Trustee's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, *in pari delicto*, unclean hands, laches and/or issue preclusion.

## SIXTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendant may have received, Defendant is not liable because they provided "fair consideration" for such transfers and received such transfers in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendant may have received, Defendant is not liable because they gave equivalent value in exchange for such transfers.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendant may have received, Defendant is not liable because they lacked actual fraudulent intent.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  Defendant does not concede that the claims asserted in the Amended Complaint are core proceedings, and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendant further demands a trial by jury, and do not consent to trial by jury in the Bankruptcy Court.

## TENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfers under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

## TWELVTH AFFIRMATIVE DEFENSE

There can be no liability to a recipient of alleged transfers who, as a matter of law or contact, was required to transfer any portion of the funds to a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, the claims are barred to the extent that the alleged transfers were earmarked as funds provided to the Debtor for the purpose of paying a specific indebtedness to the Internal Revenue Service.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for withdrawals they were compelled by law to make.

## FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

## SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by 11 U.S.C. § 548(c).  They are thus not avoidable or recoverable as against Defendant under 11 U.S.C. §§ 548 and 550.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant alleged to have been a subsequent transferee, were taken for value and in good faith, and without knowledge of voidability, as provided by 11 U.S.C. § 550(a).  They are thus not avoidable or recoverable as against Defendant under 11 U.S.C. §§ 548 and 550.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.   Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendant under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

## NINETEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New

York Debtor and Creditor Law.    Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendant under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

### TWENTIETH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant, are subject to setoff or equitable adjustment because Defendant received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to customers, under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited into the account at Madoff Securities.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred because they fail to sufficiently trace the funds that are the subject of the alleged transfers from BLMIS to the Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, for failure to properly credit inter-account transfers.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are subject to setoff or equitable adjustment because the alleged transfers were made to pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue.  The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.*, based on, among other things, the amount of the funds and/or income generated in brokerage accounts.  Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements.  Defendant relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.,* 1 *et seq.,* and 641 *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and accordingly, N.Y. CPLR 5001 and 5004 do not apply.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendant would be entitled to set off any such amount by, among other things, the amount of interest Defendant should have realized on their principal that was held by BLMIS.

### THIRTIETH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendant is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims, including the claim seeing an assignment of any of Defendant's income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendant's income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendant's income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendant is not permitted to set off any damages awarded to the Plaintiff.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to set forth additional defenses as such come to light in the course of discovery.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property in which BLMIS had a legal interest.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, by the doctrines and principles of res judicata, collateral estoppel, and/or issue preclusion.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or part, used by the Defendant to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Amended Complaint (which is denied), any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendant, and therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff can't recover on his claims because he can't demonstrate that the Debtor was insolvent at the time of the transfers in question.

### FORTIETH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against Defendant under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against Defendant, in whole or part, because the alleged transfers and/or Defendant's property is exempt from recovery by Plaintiff.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The claims should be dismissed due to Defendant's justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and SIPC, to oversee and monitor the activities and business of BLMIS.

22

### FORTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred by intervening or superseding events, factors, occurrences, or conditions over which Defendant had no control.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover were legally compelled under State and federal securities laws.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover represented payments of obligations of the broker that were legally compelled under State and federal securities laws.

### <u>JURY DEMAND</u>

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant requests entry of judgment against Plaintiff Trustee as follows, for:

(i)     Dismissal of the Amended Complaint in its entirety with prejudice, on the merits;

(ii)    All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)   Such other and further relief as the Court deems proper.

Dated:  September 18, 2015
         New York, New York

**LAX & NEVILLE LLP**

By*: /s/ Brian J. Neville___*
      Brian J. Neville, Esq. (BN8251)
      Raquel Kraus (RK9556)
      1450 Broadway, 35th Floor
      New York, NY 10018
      Telephone:  (212) 696-1999
      Facsimile:  (212) 566 – 4531

      *Attorneys for Defendant*
      *Robin Geoffrey Swaffield*