**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018-6314
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
Brendan M. Scott

*Attorneys for Richard J. Helfman Life Insurance*
*Trust Dtd 12/30/89, Susan Helfman in her capacity*
*as Trustee of the Richard J. Helfman Life Insurance*
*Trust dtd 12/30/89 and Stephen Helfman in his*
*capacity as Trustee of the Richard J. Helfman*
*Life Insurance Trust dtd 12/30/89*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendants. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD J. HELFMAN LIFE INSURANCE TRUST DTD 12/30/89; SUSAN HELFMAN, | Adv. Pro. No. 10-4636 (SMB) |

individually and in her capacity as Trustee of the
Richard J. Helfman Life Insurance Trust dtd
12/30/89; and STEPHEN HELFMAN, individually
and in his capacity as Trustee of the Richard J.
Helfman Life Insurance Trust dtd 12/30/89,

                    Defendants.

## ANSWER WITH AFFIRMATIVE DEFENSES

Richard J. Helfman Life Insurance Trust Dtd 12/30/89 ("RJH Trust"), Susan Helfman in

her capacity as Trustee of the Richard J. Helfman Life Insurance Trust dtd 12/30/89 and Stephen

Helfman in his capacity as Trustee of the Richard J. Helfman Life Insurance Trust dtd 12/30/89

(collectively, the "Defendants"), by their undersigned attorneys, hereby respond to the

complaint, filed on December 1, 2010 [Docket Entry No. 1](the "Complaint"), filed by Irving H.

Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Plaintiff")

in the above captioned adversary proceeding, and respectfully avers as follows:

## Preliminary Statement

All Counts against asserted against Susan Helfman, individually and Stephen Helfman,

individually have been dismissed in accordance with the terms of the Order Granting in Part and

Denying in Part Defendants' Motions to Dismiss, dated July 16, 2015 [Docket Entry No. 34]

("July 16, 2015 Order").  For that reason, neither Susan Helfman nor Stephen Helfman are

required to submit an answer to the Complaint in their individual capacities.

1.     Paragraph 1 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants are without

sufficient knowledge or information to form a belief as to the allegations contained in paragraph

1 and on that basis deny each and every allegation contained therein and respectfully refer all

questions of law to the appropriate Court.

2

2.     Paragraph 2 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

3.     Defendants deny that RJH Trust received other peoples' money, and admits that the RJH Trust received certain transfers from BLMIS since December 11, 2002.  The remaining allegations of paragraph 3 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 3 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

## JURISDICTION AND VENUE

4.     Paragraph 4 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 4 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

5.     Paragraph 5 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint and respectfully refer all questions of law to the appropriate Court.

6.      Paragraph 6 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 6 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

## DEFENDANTS

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

10.     Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 10 and on that basis deny each and every allegation contained therein.

11.     Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 11 and on that basis deny each and every allegation contained therein.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis deny each and every allegation contained therein.

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis deny each and every allegation contained therein.

14.     Paragraph 14 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 14 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and on that basis deny each and every allegation contained therein.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and on that basis deny each and every allegation contained therein.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint that the Trustee is in the process of marshalling BLMIS's assets, that the liquidation of BLMIS's assets is well underway, and that such assets will not be sufficient to reimburse the customer of BLMIS for the billions of dollars that they invested over the years.  The remaining allegations contained in paragraph 17 of the Complaint are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations upon information and belief.

18.     Paragraph 18 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 18 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

5

19.     Paragraph 19 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 19 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

20.     Paragraph 20 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 20 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

## THE FRAUDULENT PONZI SCHEME

21.     Defendants admits that BLMIS was a securities broker-dealer registered with the SEC and SIPC.  However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24.     Defendants admit that the RJH Trust received account statements from BLMIS. However, Defendants are without sufficient knowledge or information to form a belief as to the

6

truth of the remaining allegations contained in paragraph 24 of the Complaint and on that basis

deny each and every allegation contained therein.

25.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in paragraph 25 of the Complaint and on that basis deny

each and every allegation contained therein.

26.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in paragraph 26 of the Complaint and on that basis deny

each and every allegation contained therein.

27.    Defendants deny that any monies sent to BLMIS were used to enrich Defendants

or that Defendants had any knowledge of the alleged Ponzi scheme, to the extent it existed.

Further, Defendants are without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations contained in paragraph 27 of the Complaint and on that basis

deny each and every allegation contained therein.

28.    Paragraph 28 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants are without

sufficient knowledge or information to form a belief as to the remaining allegations contained in

paragraph 28 and on that basis deny each and every allegation contained therein and respectfully

refer all questions of law to the appropriate Court.

29.    Defendants admit that the RJH Trust received certain transfers from BLMIS, but

is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations contained in paragraph 29 of the Complaint and on that basis deny each and every

allegation contained therein.

30.     Defendants admit that the RJH Trust received account statements from BLMIS, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained therein.

34.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35.     Paragraph 35 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 35 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

## THE TRANSFERS

36.    Defendants admit that RJH Trust held an account with BLMIS (the "Account")

and admits upon information and belief that RJH Trust entered into certain account agreements

including documents entitled: Customer Agreement; Option Agreement, and Trading

Authorization Limited to Purchases and Sales of Securities and Options (collectively, the

"Account Agreements"), but are without sufficient knowledge or information to form a belief as

to the truth of the remaining allegations contained in paragraph 36 of the Complaint and on that

basis deny each and every allegation contained therein.

37.    Defendants admit that the RJH Trust contributed funds to the Account.  The

remainder of paragraph 37 of the Complaint contains legal conclusions or arguments to which no

response is necessary.  To the extent a response is required, Defendants deny the allegations and

respectfully refer the appropriate Court to the Account Agreements for all matters of

interpretation.

38.    Defendants deny the allegations contained in paragraph 38 of the Complaint,

except admits that the RJH Trust received transfers totaling $1,378,700 during the six years prior

to the Filing Date.

39.    Paragraph 39 of the Complaint contains only legal conclusions or arguments to

which no response is necessary.  To the extent a response is required, Defendants admit that the

RJH Trust received transfers totaling $1,378,700 during the six years prior to the Filing Date and

transfers totaling $390,000 during the two years prior to the Filing Date, deny the remaining

allegations contained in paragraph 39 of the Complaint, and respectfully refer all questions of

law to the appropriate Court.

40.    Paragraph 40 of the Complaint contains legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 40 of the Complaint and specifically refer all questions of law to the appropriate Court.

41.    Paragraph 41 of the Complaint contains only legal conclusions or arguments to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in paragraph 41 and respectfully refer all questions of law to the appropriate Court.

42.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and on that basis deny each and every allegation contained therein.

43.    Paragraph 43 of the Complaint contains no allegations of fact. As such, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

## CUSTOMER CLAIMS

44.    Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.    Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.    Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and on that basis deny each and every allegation contained therein.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548 (a)(1)(A), 550(a) and 551

48.    Paragraph 48 of the Complaint is a mere transitional phrase to which no response is required.  To the extent that a response may be required, Defendants repeats, realleges and incorporates herein by reference each of the foregoing paragraphs.

49.    Defendants admit the allegations contained in paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 50 and respectfully refer all questions of law to the appropriate Court.

51.    Paragraph 51 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 51 and on that basis deny each and every allegation contained therein and respectfully refer all questions of law to the appropriate Court.

52.    Paragraph 52 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 52 and respectfully refer all questions of law to the appropriate Court.

53.    Paragraph 53 of the Complaint contains only legal conclusions or arguments to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 53 and respectfully refer all questions of law to the appropriate Court.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

This cause of action has been dismissed July 16, 2015 Order.  For that reason, no

response to paragraphs 54 through 62 is necessary.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed in accordance with the July 16, 2015 Order.  For

that reason, no response to paragraphs 63 through 67 is necessary.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed in accordance with the July 16, 2015 Order.  For

that reason, no response to paragraphs 68 through 73 is necessary.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

This cause of action has been dismissed in accordance with the July 16, 2015 Order.  For

that reason, no response to paragraphs 74 through 79 is necessary.

## COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

This cause of action has been dismissed in accordance with the July 16, 2015 Order.  For

that reason, no response to paragraphs 80 through 85 is necessary.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

This cause of action has been dismissed in accordance with the July 16, 2015 Order.  For

that reason, no response to paragraphs 86 through 91 is necessary.

## AFFIRMATIVE DEFENSES

In identifying the defenses set forth below, Defendants do not relieve Plaintiff of proving under the appropriate standard of proof all elements of the claims that Plaintiff alleges. Defendants do not undertake any burdens that properly rest upon Plaintiff, and does not suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make out a prima facie case against Defendants. These defenses are set forth cumulatively and in the alternative.

Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other Defendants or party-in-interest to the extent that Defendants are similarly situated and may properly assert such defense.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, (b) pleading numerous background allegations and purported legal standards that are not required for

the assertion of the alleged claims, and (c) pleading numerous factual allegations about which

Defendants could not possibly have knowledge.

## SECOND AFFIRMATIVE DEFENSE

2.      This Court lacks jurisdiction over the final adjudication of the claims asserted in

the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted

claims are not core proceedings and Defendants do not consent to the entry of a final order and

judgment by the Bankruptcy Court.  Defendants further demand a trial by jury.

## THIRD AFFIRMATIVE DEFENSE

3.      The Complaint fails to state a claim on which relief can be granted because it fails

to properly plead the elements required for the avoidance of BLMIS's obligations.  Absent an

action to avoid BLMIS's obligations to pay what is owed to the customer under state law, the

transfers were all made on account of antecedent debts.  To the extent the Trustee has pled the

avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance

claims.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint is barred, in whole and/or in part, because Plaintiff lacks standing

and/or capacity to bring any claims against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

5.      The claims are not ripe because they do not meet the conditions of section 78fff-

2(c)(3) of SIPA.   The Trustee has not established that there is a shortfall in customer property.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint is barred, in whole and/or in part, because BLMIS never had a

legal interest in the allegedly transferred funds and/or any and all such funds were held by

BLMIS in trust or as bailee, and therefore the allegedly transferred funds are not property of the estate.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint is barred, in whole and/or in part, because Plaintiff has failed to plead all of the elements of fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) with sufficient particularity and factual basis.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint is barred, in whole and/or in part, because Plaintiff has failed to plead all of the elements of fraudulent transfer under 11 U.S.C. § 544 and New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a, 278 and/or 279 with sufficient particularity and factual basis.

## NINTH AFFIRMATIVE DEFENSE

9.      The alleged transfers, to the extent they were actually received by Defendants, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against these Defendants under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## TENTH AFFIRMATIVE DEFENSE

10.     The alleged transfers, to the extent they were actually received by Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against Defendants under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole and/or in part, because any and all alleged

transfers received by Defendants from BLMIS were taken for value, in good faith, as provided

by Section 548(c) of the Bankruptcy Code, and without knowledge of any voidability of such

transfers and/or knowledge of the transferor's alleged fraudulent intent.

## TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent one or more of the transfers alleged in the Complaint were made,

the Complaint is barred by 11 U.S.C. § 550 (b)(1) because Defendants took any such transfer for

value, in good faith, and without knowledge of the voidability of the alleged transfers.  Such

transfers are thus not avoidable or recoverable as against these Defendants under sections 548

and 550 of the Bankruptcy Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     To the extent one or more of the transfers alleged in the Complaint were made,

the  Complaint is barred by 11 U.S.C. § 550 (b)(2) because Defendants were an immediate or

mediate good faith transferee of a transferee who took any such transfer for value, in good faith,

and without knowledge of the voidability of the alleged transfers..

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The alleged transfers are exempt from avoidance in whole or part under section

546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker

and/or financial institution, in connection with a securities contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    The alleged transfers are exempt from avoidance in whole or part under section

546(e) of the Bankruptcy Code because each of the transfers constitutes a settlement payment

made by or to a stockbroker and/or financial institution.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint is barred by the doctrine of *forum non conveniens*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The Complaint is barred, in whole and/or in part, based on the doctrines of laches

and/or waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The claims are barred in whole or part by res judicata, collateral estoppel, and/or

issue preclusion.

## NINTEENTH AFFIRMATIVE DEFENSE

19.    The Complaint is barred because the forum in which this action has been

commenced cannot exercise in personam jurisdiction over Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    The Complaint is barred with respect to claims under Section 544(b) of the

Bankruptcy Code by the unclean hands of any creditor who held or holds matured or unmatured

unsecured claims against BLMIS that were and are allowable under Section 502 of the

Bankruptcy Code or that were and are not allowable only under Section 502(e).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    The Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*

and/or the Wagoner rule because, among other things, the acts of its predecessors, agents and

representatives (including Bernard L. Madoff and BLMIS) are imputed to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The alleged transfers are not avoidable as against Defendants or recoverable from

Defendants under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code

and/or under New York law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    The Complaint is barred, in whole and/or in part, because the alleged transfers

and/or Defendants' property is exempt from recovery by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The claims should be dismissed due to Defendants' justifiable reliance on the

activities of governmental and regulatory bodies, such as the Securities and Exchange

Commission and the Securities Investor Protection Corporation, to oversee and monitor BLMIS'

activities.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Each claim for recovery of a fraudulent transfer is subject to setoff or equitable

adjustment because the Defendants received such transfer in good faith, without knowledge of

the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of

obligations owed by BLMIS for, inter alia, (a) amounts contractually due to customers under

New York law for the balances shown on prior customer account statements and related

documents; (b) rescission remedies, including damages and interest for fraud and

18

misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust

enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Each of the counts alleging a fraudulent transfer is subject to setoff or other

equitable adjustment to the extent that such transfers resulted in local, state or federal tax

obligations, which were paid by Defendants, and/or to the extent such transfers were used, in

whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on,

among other things, IRS Form 1099 and other information reported by BLMIS to the Internal

Revenue Service, state and/or local governmental taxing authorities.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Recovery of attorneys' fees from Defendants are not permissible under Sections

544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor

Law because such fees are not a "transfer" or "conveyance" under applicable law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     The claims are barred in whole or part for failure to properly credit inter-account

transfers.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     The claims are barred in whole or part for failure to properly account for the time

value of money through an interest adjustment to principal deposits.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     The Complaint fails to state a claim on which relief can be granted because it fails

to sufficiently trace the funds at issue from BLMIS to Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Even if the Trustee is entitled to the return of some or all of the transfers, he is not

entitled to interest from the date of each alleged transfer.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     The claims are barred by intervening or superseding events, factors, occurrence,

or conditions over which Defendants had no control.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend and/or supplement this Answer, its

Affirmative Defenses, and all other pleadings. Defendants also reserve the right to assert all other

defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendants demands judgment against Plaintiff dismissing the

Complaint with Prejudice, awarding Defendants' attorneys' fees and costs of suit, and such other

relief as the Court deems just and appropriate.

Dated: New York, New York
September 18, 2015

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Brendan M. Scott*
   Tracy L. Klestadt
   Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, NY 10018-6314
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
tklestadt@klestadt.com
bscott@klestadt.com

*Attorneys for Richard J. Helfman Life
Insurance Trust Dtd 12/30/89, Susan
Helfman in her capacity as Trustee of the
Richard J. Helfman Life Insurance Trust dtd
12/30/89 and Stephen Helfman in his
capacity as Trustee of the Richard J.
Helfman Life Insurance Trust dtd 12/30/89*