**MILBERG LLP**
Matthew A. Kupillas
Joshua E. Keller
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
mkupillas@milberg.com

*Counsel for Kathleen Albert and Steven Braun*
*as Personal Representatives of the Estate of*
*Gary Albert*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04966 (BRL) |
| Plaintiff, | |
| v. | |
| ONESCO INTERNATIONAL, LTD., IMPACT DESIGNS LIMITED, TELFORD LIMITED, GARY ALBERT, Individually and in his capacity as shareholder of IMPACT DESIGNS LIMITED, ROBIN GEOFFREY SWAFFIELD, and KEN LITVAK, | |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Kathleen Albert and Steven Braun, as personal representatives of the estate of

Gary Albert ("Defendants")[1] by and through their attorneys, Milberg LLP, responds to Plaintiff

Irving H. Picard's Amended Complaint dated December 2, 2011 as follows, upon knowledge as

to itself and its own acts and upon information and belief as to all other matters:

## NATURE OF PROCEEDING

1.    Defendants admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes

and respectfully refers the Court to a copy of the transcript of the United States District Court for

Southern District of New York dated March 12, 2009 and other filings and pleadings in that case

for the complete contents therein.  To the extent a response is required, Defendants deny

knowledge or information sufficient to form a belief as to the truth of the other allegations of

Paragraph 1.

2.    Paragraph 2 consists of certain legal conclusions and/or arguments as to which no

response is required. To the extent a response is required, Defendants expressly deny that they

were beneficiaries of a Ponzi scheme, they received other people's money or avoidable transfers,

and that any payments they received are fictitious profits or recoverable by the Trustee. Further,

Defendants state that they not required to provide a response to the allegations of this paragraph

regarding "Subsequent Transfers", as the Trustee's claims regarding "Subsequent Transfers"

have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants'

Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at

---

[1] The Trustee's initial complaint was filed against Gary Albert, individually and in his capacity as shareholder of Impact Designs Ltd. and Onesco International Ltd.  On May 12, 2012, Gary Albert passed away.  On August 13, 2012, the Trustee moved for substitution of Kathleen Albert and Steven Braun as defendants in this action, in their capacity as personal representatives of Mr. Albert's estate.  The Trustee's motion was unopposed by Kathleen Albert or Steven Braun, and has not yet been ruled on by the Court.  For purposes of this Answer, Kathleen Albert and Steven

page 3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 2.

3.      Paragraph 3 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants expressly deny that they were beneficiaries of a Ponzi scheme, they received other people's money or avoidable transfers, and that any payments they received are fictitious profits or recoverable by the Trustee. Defendants deny knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 3.

### JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 that this Court has jurisdiction over this adversary proceeding are legal conclusions to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4, and refer the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in Paragraph 4 of the Amended Complaint), the SIPA Proceeding (as defined in Paragraph 4 of the Amended Complaint) and in the criminal action against Bernard L. Madoff.

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or arguments as to which no response is required.

### DEFENDANTS

---

Braun, in their capacity as personal representatives of Mr. Albert's estate, are referred to as "Defendants".

7.     Defendants admit that Gary Albert held a BLMIS account in the name "Gary Albert", with the account address reported in Aspen, Colorado; that Gary Albert was a shareholder of Onesco International Ltd. until 2009; and that Gary Albert was a shareholder of Impact Designs Limited until May 2005.  Defendants deny the remaining allegations of Paragraph 7.

8.     Defendants admit Onesco International Ltd. held a BLMIS account in the name "Onesco International Ltd, c/o Gary Albert" with an address reported in Aspen, Colorado; that Onesco International Ltd. was the parent corporation of Impact Designs Limited; and that Onesco International Ltd. was a corporation formed under the laws of Hong Kong.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.     Defendants admit that Impact Designs Limited held a BLMIS account in the name "Impact Designs Limited" with an address reported in Hong Kong; that Impact Designs Limited's principal place of business was Hong Kong; and that Impact Designs Limited was a corporation formed under the laws of Hong Kong.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

## BACKGROUND, THE TRUSTEE AND STANDING

3

13.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 8 consists of a legal conclusion to which no response is required.

14.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and refer the Court to the referenced order for the complete contents therein.

15.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and refer the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

16.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and refer the Court to the referenced order for the complete contents therein.

17.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 17, and refer the Court to the referenced orders for the complete contents therein. The second sentence of Paragraph 17 consists of a legal conclusion to which no response is required.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and refer the Court and the parties to the filings, orders and proceedings in the criminal action against Madoff.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and refer the Court and the parties to the filings, orders and proceedings in the criminal action against Frank DiPascali.

20.    Paragraph 20 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21.    Paragraph 21 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21.

22.    Paragraph 22 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23.    The allegations of Paragraph 23 that (a) the Trustee has standing to bring the claims alleged in the Amended Complaint, (b) SIPC statutorily cannot fully reimburse all customers for all of their losses, (c) the Trustee, as bailee of customer property, can sue on behalf of the customer bailors, and (d) the Trustee has the power and authority to avoid obligations and to avoid and recover transfers, are legal conclusions to which no response is required. Defendants deny that they received "Customer Property" as defined in 15 U.S.C. §78*lll*(4), deny that BLMIS incurred losses as a result of the claims set forth in the Amended Complaint, and deny that BLMIS' customers were injured as a result of the conduct detailed in the Amended

Complaint.  As to all other allegations of Paragraph 23, Defendants deny knowledge or

information sufficient to form a belief as to the truth of those allegations.

## THE FRAUDULENT PONZI SCHEME

24.     Defendants admit that BLMIS was a broker-dealer registered with the Securities

& Exchange Commission and a member of SIPC, and admit that at certain times BLMIS had an

office at 885 Third Avenue, New York, New York.  Defendants deny knowledge and

information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 24.

25.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 25.

26.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 26.

27.     Defendants admit that they received monthly statements but Defendants deny

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

set forth in Paragraph 27.  To the extent that Plaintiff relies on the Madoff's Plea Allocution for

the allegations in Paragraph 27, Defendants refer the Court to the referenced plea allocution for

the complete contents therein.

28.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 28.

29.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 29.

30.     Paragraph 30 consists of certain legal conclusions and/or arguments as to which

no response is required. To the extent a response is required, Defendants deny that any monies

sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 30.

31.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and refers the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

37.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

38.     Paragraph 38 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38.

## THE ACCOUNT AGREEMENTS

39.     Defendants admit that an account with Account No. 1CM015 was maintained with BLMIS, and that Gary Albert received periodic customer statements, confirmations and

7

other communications from BLMIS relating to that account. Defendants further admit that an account with Account No. 1FR121 was maintained with BLMIS, and that Onesco International Ltd. received periodic customer statements, confirmations and other communications from BLMIS relating to that account. Defendants further admit that an account with Account No. 1FN062 was maintained with BLMIS, and that Impact Designs Limited received periodic customer statements, confirmations and other communications from BLMIS relating to that account. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39.

40.    Defendants admit that Gary Albert made deposits to BLMIS account 1CM015 and/or received inter-account transfers from other BLMIS accounts. Defendants further admit that Onesco International Ltd. made deposits to BLMIS account 1FR121 and/or received inter-account transfers from other BLMIS accounts. Defendants further admit that Impact Designs Limited made deposits to BLMIS account 1FN062 and/or received inter-account transfers from other BLMIS accounts. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40.

## THE OBLIGATIONS

41.    Defendants state that they are not required to provide a response to the allegations in Paragraph 41, as the Trustee's claims regarding "Obligations" have been dismissed by the Court. *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59. Defendants further state that the allegations of Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41.

8

42.     Defendants state that they are not required to provide a response to the allegations in Paragraph 42, as the Trustee's claims regarding "Obligations" have been dismissed by the Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendants further state that the allegations of Paragraph 42 are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42.

43.     Defendants state that they are not required to provide a response to the allegations in Paragraph 43, as the Trustee's claims regarding "Obligations" have been dismissed by the Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendants further state that the allegations of Paragraph 43 are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42.

## THE TRANSFERS

44.     Defendants state that they are not required to provide a response to the allegations in Paragraph 40 concerning transfers other than the "Two Year Transfers", as the Trustee's claims regarding the "Six Year Transfers" have been dismissed by the Court.  Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor &

Creditor Law incorporated by section 544(b) of the Bankruptcy Code.   Furthermore, Paragraph 44 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth the allegations set forth in Paragraph 44 of the Amended Complaint, except admit that Gary Albert and Onesco International Ltd. received certain transfers from BLMIS during the two years prior to the Filing Date.

45.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.  To the extent a response is required, Defendants deny that they received other people's money.

46.      Defendants state that they are not required to provide a response to the allegations in Paragraph 42, as the Trustee's claims regarding the "Six Year Transfers" have been dismissed by the Court.  Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code. Defendants further state that the allegations of Paragraph 46 are legal conclusions to which no response is required.

47.      The allegations of Paragraph 47 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48.      Defendants state that they are not required to provide a response to the allegations of this paragraph, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

49.    Defendants state that they are not required to provide a response to the allegations

of this paragraph, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

50.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 50.  Defendants further state that the allegations of

Paragraph 50 concerning the Trustee's reservation of rights are legal conclusions to which no

response is required.

51.    The allegations of Paragraph 51 are legal conclusions to which no response is

required.

## CUSTOMER CLAIMS

52.    Defendants admit the allegations of Paragraph 52.

53.    Defendants admit the allegations of Paragraph 53.

54.    Defendants deny the allegations of Paragraph 54, and refer the Court to the

objection filed on April 9, 2010 in Adv. Pro. No. 08-01789 (SMB) [Dkt. No. 2192].

55.    Defendants admit the allegations of Paragraph 55.

56.    Defendants admit the allegations of Paragraph 56.

57.    Defendants admit the allegations of Paragraph 57.

58.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 58 concerning the Trustee's intent to pursue resolution of

the customer claims and any related objection to the Trustee's determination of said claims.  To

the extent that Plaintiff relies on the Claims Procedures Order (as defined in this Paragraph) for

the allegations in Paragraph 58, Defendants refer the Court to the referenced Claims Procedures

Order for the complete contents therein.

**RESPONSE TO COUNT ONE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(A), 550(a)**
**AND 551**

59.     In response to Paragraph 59, Defendant repeats each and every response

contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Paragraph 60 consists of certain legal conclusions and/or arguments as to which

no response is required. To the extent a response is required**,** Defendants deny knowledge and

information sufficient to form a belief as to the truth the allegations set forth in Paragraph 60 of

the Amended Complaint, except admits that Gary Albert and Onesco International Ltd. received

certain transfers from BLMIS during the two years prior to the Filing Date.

61.     The allegations of Paragraph 61 are legal conclusions to which no response is

required.  To the extent a response is required, Defendants deny the allegations of Paragraph 61.

62.     The allegations of Paragraph 62 are legal conclusions to which no response is

required.  To the extent a response is required, Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63.     The allegations of Paragraph 63 are legal conclusions to which no response is

required.  To the extent a response is required, Defendants deny the allegations of Paragraph 63.

64.     Defendants state that they are not required to provide a response to the allegations

in Paragraph 64, as the Trustee's claims regarding "Obligations" have been dismissed by the

Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2,

2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.

12

65.     The allegations of Paragraph 65 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 65.

**<u>RESPONSE TO COUNT TWO</u>**
**<u>FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(B), 550(a)</u>**
**<u>AND 551</u>**

66.     Defendants state that they are not required to provide a response to the allegations of Paragraph 66, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

67.     Defendants state that they are not required to provide a response to the allegations of Paragraph 67, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

68.     Defendants state that they are not required to provide a response to the allegations of Paragraph 68, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

69.    Defendants state that they are not required to provide a response to the allegations of Paragraph 69, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

70.    Defendants state that they are not required to provide a response to the allegations of Paragraph 70, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

71.    Defendants state that they are not required to provide a response to the allegations of Paragraph 71, as Count Two of the Amended Complaint has been dismissed by the Court.

14

Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

72.    Defendants state that they are not required to provide a response to the allegations of Paragraph 72, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

73.    Defendants state that they are not required to provide a response to the allegations of Paragraph 73, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

74.     Defendants state that they are not required to provide a response to the allegations of Paragraph 74, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

75.     Defendants state that they are not required to provide a response to the allegations of Paragraph 75, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

**RESPONSE TO COUNT THREE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

76.     Defendants state that they are not required to provide a response to the allegations of Paragraph 76, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

77.      Defendants state that they are not required to provide a response to the allegations of Paragraph 77, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

78.      Defendants state that they are not required to provide a response to the allegations of Paragraph 78, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

79.      Defendants state that they are not required to provide a response to the allegations of Paragraph 79, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

80.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 80, as Count Three of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

**RESPONSE TO COUNT FOUR**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND**
**551**

81.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 81, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

82.     Defendants state that they are not required to provide a response to the allegations
of Paragraph 82, as Count Four of the Amended Complaint has been dismissed by the Court.
Defendants respectfully refer the Court to the Order of the United States District Court for the
Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing
Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy
Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,
and (iii) actual and constructive fraudulent conveyances under provisions of the New York
Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

83.     Defendants state that they are not required to provide a response to the allegations
of Paragraph 83 as Count Four of the Amended Complaint has been dismissed by the Court.
Defendants respectfully refer the Court to the Order of the United States District Court for the
Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing
Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy
Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,
and (iii) actual and constructive fraudulent conveyances under provisions of the New York
Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

84.     Defendants state that they are not required to provide a response to the allegations
of Paragraph 84, as Count Four of the Amended Complaint has been dismissed by the Court.
Defendants respectfully refer the Court to the Order of the United States District Court for the
Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing
Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy
Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

85.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 85, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

86.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 86, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

87.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 87, as Count Five of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

88.    Defendants state that they are not required to provide a response to the allegations of Paragraph 88, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

89.    Defendants state that they are not required to provide a response to the allegations of Paragraph 89, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

90.    Defendants state that they are not required to provide a response to the allegations of Paragraph 90, as Count Five of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

91.      Defendants state that they are not required to provide a response to the allegations of Paragraph 91, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

92.      Defendants state that they are not required to provide a response to the allegations of Paragraph 92, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND
## CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

93.    Defendants state that they are not required to provide a response to the allegations of Paragraph 93, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

94.    Defendants state that they are not required to provide a response to the allegations of Paragraph 94, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

95.    Defendants state that they are not required to provide a response to the allegations of Paragraph 95, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

96.     Defendants state that they are not required to provide a response to the allegations of Paragraph 96, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

97.     Defendants state that they are not required to provide a response to the allegations of Paragraph 97, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

98.     Defendants state that they are not required to provide a response to the allegations of Paragraph 98, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

**RESPONSE TO COUNT SEVEN**
**RERCOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a) AND 551**

99.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 99, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

100.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 100, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

101.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 101, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

102.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 102, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

103.    Defendants state that they are not required to provide a response to the allegations of Paragraph 103, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04966 (SMB) [Dkt. No. 83], at page 3.

## AFFIRMATIVE DEFENSES

Defendants hereby asserts the following affirmative defenses.  By designating the following as "defenses," Defendants (i) do not undertake the burden of proof as to any defense, (ii) maintain that Plaintiff must prove his *prima facie* case and every element of every claim against Defendants, in accordance with the appropriate standards of proof.

As set forth in Defendants' responses to Counts Two through Six of the Amended Complaint, pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, Docket No. 109 in *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012), the claims asserted in Counts Two through Six have been dismissed against Defendants, and the only claim remaining is that in Count One, pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).  In the event that future legal developments alter the claims available to the Trustee in the Amended Complaint, Defendants hereby raise each and every available defense at law, in equity, or otherwise, including (without limitation) all federal and state statutes, laws, rules, and/or regulations.

In addition, Defendants adopt, and incorporates by reference, any and all other defenses asserted or to be asserted by any other defendant or party-in-interest in any other proceeding or matter in this bankruptcy case to the extent such party is similarly situated.

Defendants reserve and assert all affirmative defenses available under applicable federal or state law and/or rule of procedure, including the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, New York Debtor and Creditor Law, and New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this proceeding.

These defenses are set forth cumulatively and in the alternative.

Defendants reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

### First Affirmative Defense

The Amended Complaint fails to state any claims against Defendants upon which relief can be granted, and, accordingly, the Amended Complaint should be dismissed.

### Second Affirmative Defense

The claims against Defendants are barred, in whole or in part, by the doctrines of waiver, estoppel (including, without limitation, equitable estoppel and/or judicial estoppel), *in pari delicto,* unclean hands, laches, and/or consent.

### Third Affirmative Defense

The claims against Defendants are barred in whole or part by res judicata, claim preclusion, collateral estoppel, and/or issue preclusion.

### Fourth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are subject to set-off and/or recoupment.

### Fifth Affirmative Defense

The Amended Complaint does not comply with Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, and *Ashcroft v. lqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) because, among other things, it fails to describe each specific alleged transfer and its recipients, and each subsequent transfer and its recipients, and improperly combines allegations as to all defendants.

### Sixth Affirmative Defense

The Amended Complaint is barred, in whole or in part, because the Trustee has failed to plead, with sufficient particularity and factual support, all of the elements of an avoidance claim under any of the following: (i) 11 U.S.C. § 548(a)(1)(A); (ii) 11 U.S.C. § 548(a)(1)(B); or (ii) 11 U.S.C. § 544 and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law.

### Seventh Affirmative Defense

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Amended Complaint under *Stern v. Marshall,* 131 S. Ct. 2594 (2011), and its progeny. Defendants do not concede that the claims asserted in the Amended Complaint are core proceedings, and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury, and does not consent to trial by jury in the Bankruptcy Court.

### Eighth Affirmative Defense

The alleged transfers are exempt from avoidance, in whole or in part, under 11 U.S.C. § 546(e), because (i) each of the transfers was made by or to a stockbroker and/or financial

institution, in connection with a securities contract; and/or (ii) each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

### Ninth Affirmative Defense

The Trustee lacks standing to sue on his claims.

### Tenth Affirmative Defense

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

### Eleventh Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor were not made from property of the Debtor.

### Twelfth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor are not avoidable and/or recoverable because the funds at issue were held in trust or constructive trust by BLMIS, or by BLMIS as bailee for Defendants, and were not property of the estate in which BLMIS had a legal interest.

### Thirteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are not avoidable and/or recoverable because the funds, in whole or in part, were held in constructive trust solely for the benefit of the Internal Revenue Service and/or state tax authorities.

### Fourteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, Defendants were mere conduits with respect to any transfers allegedly made by the Debtor.

### Fifteenth Affirmative Defense

The claims against Defendants are barred, in whole or in part, to the extent that they were not filed within the applicable statutes of limitation.

### Sixteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, the claims are barred to the extent that the alleged transfers were earmarked as funds provided to the Debtor for the purpose of paying a specific indebtedness to the Internal Revenue Service and/or state tax authorities.

### Seventeenth Affirmative Defense

The Amended Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of BLMIS's obligations. Without an action to avoid BLMIS's obligations to pay what is owed to the customer under state law, any alleged transfers were all made on account of antecedent debts. To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

### Eighteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

### Nineteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, were taken for

value and in good faith, as provided by 11 U.S.C. § 548(c).  They are thus not avoidable or

recoverable as against Defendants under 11 U.S.C. §§ 548 and 550.

### Twentieth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be

made by the Debtor, to the extent they were actually received by any Defendant alleged to have

been a subsequent transferee, were taken for value, in good faith, and without knowledge of

voidability, as provided by 11 U.S.C. § 550(a). Accordingly, the alleged transfers are not

avoidable or recoverable as against any such Defendants under 11 U.S.C. §§ 548 and 550.\

### Twenty-first Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to

be made by the Debtor, to the extent they were actually received by any Defendant, were taken

for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the

New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or

recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or sections 272 through

276 of the New York Debtor and Creditor Law.

### Twenty-second Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to

be made by the Debtor, to the extent they were actually received by any Defendant, were taken

without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the

New York Debtor and Creditor Law. Accordingly, the alleged transfers are not avoidable or

recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or sections 272 through

276 of the New York Debtor and Creditor Law.

### Twenty-third Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, are subject to setoff or equitable adjustment because Defendant received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to customers, under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### Twenty-fourth Affirmative Defense

The claims are barred, in whole or part, for failure to properly account for the time value of money, through (among other things) an interest adjustment to principal deposits.

### Twenty-fifth Affirmative Defense

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### Twenty-sixth Affirmative Defense

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

### Twenty-seventh Affirmative Defense

The claims are barred because they fail to sufficiently trace the funds that are the subject of the alleged transfers from BLMIS to the Defendant.

32

## Twenty-eighth Affirmative Defense

The claims are barred, in whole or part, for failure to properly credit inter-account transfers.

## Twenty-ninth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are subject to setoff or equitable adjustment because the alleged transfers were made to pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue. The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.,* based on, among other things, the amount of the funds and/or income generated in brokerage accounts.  Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements. Defendants relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.* and IRC §§ 1 *et seq.* and 641 *et seq.*

## Thirtieth Affirmative Defense

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

## Thirty-first Affirmative Defense

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and, accordingly, N.Y. CPLR 5001 and 5004 do not apply.

33

### Thirty-second Affirmative Defense

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendants would be entitled to set off any such amount by, among other things, the amount of interest Defendants should have realized on their principal that was held by BLMIS.

### Thirty-third Affirmative Defense

Recovery of attorneys' fees from Defendants is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### Thirty-fourth Affirmative Defense

The claims, including the claim seeking an assignment of any of Defendants' income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

### Thirty-fifth Affirmative Defense

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

### Thirty-sixth Affirmative Defense

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendants are not permitted to set off any damages awarded to Plaintiff.

34

### Thirty-seventh Affirmative Defense

Plaintiff cannot recover on his claims because he cannot demonstrate that the Debtor was insolvent at the time of the transfers in question.

### Thirty-eighth Affirmative Defense

Defendants expressly reserve the right to set forth additional defenses as such come to light in the course of discovery.

### JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, Defendants request entry of judgment against Plaintiff Trustee as follows, for:

(i)     Dismissal of the Amended Complaint in its entirety with prejudice, on the merits;

(ii)    All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)   Such other and further relief as the Court deems proper.


Dated: September 18, 2015                    **MILBERG LLP**
       New York, New York


                                             s/ Matthew A. Kupillas
                                             Matthew A. Kupillas
                                             Joshua E. Keller
                                             One Pennsylvania Plaza
                                             New York, NY 10119
                                             Telephone: (212) 594-5300
                                             Facsimile: (212) 868-1229
                                             mkupillas@milberg.com

35

**SEEGER WEISS LLP**
Stephen A. Weiss
Parvin K. Aminolroaya
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Counsel for Kathleen Albert and Steven Braun
as Personal Representatives of the Estate of
Gary Albert*

711058v1