Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
Telephone:  (212) 696 – 1999
Facsimile:  (212) 566 – 4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)
Raquel Kraus, Esq. (RK9556)

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                                            :          SIPA LIQUIDATION
                                                               :
            Plaintiff-Applicant,                       :          No. 08-01789 (SMB)
                                                               :
            v.                                                  :
                                                               :
BERNARD L. MADOFF INVESTMENT      :
SECURITIES, LLC,                                     :
                                                               :
            Defendant.                                   :
------------------------------------------------------------X
In re:                                                          :
                                                               :          Adv. Pro. No. 10-05169 (SMB)
BERNARD L. MADOFF,                             :
                                                               :
            Debtor.                                        :
------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation   :
Of Bernard L. Madoff Investment Securities LLC   :
                                                               :
            Plaintiff,                                       :
                                                               :
            v.                                                  :
                                                               :
FAIRFIELD PAGMA ASSOCIATES, LP, a New   :
York limited partnership, SEYMOUR              :
KLEINMAN, ESTATE OF MARJORIE               :
KLEINMAN aka MARJORIE HELENE            :
KLEINMAN,  FAIRFOX, LLC, a New York      :
limited liability company, and SEYFAIR, LLC,   :
a New York limited liability company,              :

```
                                              :
              Defendants.                     :
----------------------------------------------------------X
```

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Fairfield Pagma Associates, LP, Seymour Kleinman,[1] Estate of Marjorie Kleinman aka Marjorie Helene Kleinman and Bonnie Joyce Kansler as executor of the Estate of Marjorie Kleinman,[2] Fairfox, LLC and Seyfair, LLC ("Defendants") by and through their attorneys, Lax & Neville LLP, respond to Plaintiff Irving H. Picard's Complaint dated November 12, 2010, as follows, upon knowledge as to themselves and their own acts and upon information and belief as to all other matters:

## NATURE OF PROCEEDING

1.      Defendants admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refers the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.  To the extent a response is required, Defendants expressly deny receipt of avoidable transfers, and deny knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 1.

2.      Paragraph 2 consists of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

---

[1] Mr. Seymour Kleinman passed away September 8, 2015.
[2] Mrs. Marjorie Kleinman passed away on October 26, 2014.  Pursuant to the Stipulation for Substitution of Defendants and Order, dated April 7, 2015, The Estate of Marjorie Kleinman aka Marjorie Helene Kleinman and Bonnie Joyce Kansler as executor of The Estate of Marjorie Kleinman aka Marjorie Helene Kleinman, have been substituted into the action in place of Marjorie Kleinman, deceased.

3.      Paragraph 3 consists of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 that that this Court has jurisdiction over this adversary proceeding are legal conclusions to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4, and refer the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in Paragraph 4 of the Complaint), the SIPA Proceeding (as defined in Paragraph 4 of the Complaint and in the criminal action against Bernard L. Madoff.

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or arguments as to which no response is required.

## DEFENDANT

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants deny the allegations of Paragraph 8.

9.      Defendants state that Defendants Fairfox, LLC and Seyfair, LLC were limited liability companies formed under the laws of the state of New York and were general partners of Defendant Partnership, but both Defendant Fairfox, LLC and Defendant Seyfair, LLC have been dissolved.  Defendants deny the remaining allegations of Paragraph 9.

## BACKGROUND, THE TRUSTEE AND STANDING

10.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 10 consists of a legal conclusion to which no response is required.

11.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and refer the Court to the referenced order for the complete contents therein.

12.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Paragraph 17 consists of a series of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    Paragraph 18 consists of a series of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    Paragraph 19 consists of a series of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.    Paragraph 20 consists of a series of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

## THE FRAUDULENT PONZI SCHEME

21.    Defendants admit, upon information and belief, that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC, and admits that at certain times BLMIS had an office at 885 Third Avenue, New York, New York.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.  To the extent that Plaintiff relies on Madoff's Plea Allocution for the allegations in Paragraph 24, Defendants refer the Court to the referenced plea allocution for the complete contents therein.

25.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.    Paragraph 27 consists of certain legal conclusions and/or arguments for which no response is required.  To the extent a response is required, Defendants deny that any monies sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28.    Paragraph 28 consists of certain legal conclusions and/or arguments for which no response is required.  To the extent a response is required, Defendants deny that any monies sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

## THE TRANSFERS

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Defendants admit that deposits and withdrawals were made from the Fairfield Pagma Associates, LP account at BLMIS.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint, except they admit that certain transfers were made to and from the Fairfield Pagma Associates, LP account at BLMIS during the six years prior to the Filing Date, but state that only the transfers made during the two years prior to the Filing Date may be the subjects of claims for avoidance in this adversary proceeding under applicable law and governing jurisprudence.  *See* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust*, 773 F.3d 411 (2d Cir. 2014), *cert denied,* 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).

39.    Defendants state that the allegations of Paragraph 39 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint except that Defendants admit that certain transfers were made to and from the Fairfield Pagma Associates, LP account at BLMIS during the six year period and the two year period prior to the Filing Date, but state that only the transfers made during the two years prior to the Filing Date may be the subjects of claims for avoidance in this adversary proceeding under applicable law and governing jurisprudence.  *See* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust*, 773 F.3d 411 (2d Cir. 2014), *cert denied,* 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).

40.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.  Defendants further state that Paragraph 40 does not make any allegation against any Defendants.

41.    The allegations contained in Paragraph 41 are legal conclusions for which no response is required.

## CUSTOMER CLAIMS

42.    Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and refer the Court to the filings, orders and proceedings in the District Court Proceeding and in the criminal action against

Bernard L. Madoff. Defendants do not concede the truth or admissibility of any such allocutions, filings, orders and/or proceedings.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

46.     Defendants respond to Paragraph 46 of the Complaint as they have responded to the allegations incorporated by reference therein.

47.     Paragraph 47 consists of certain legal conclusions and/or arguments for which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form and belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, except admit that certain transfers were made to and from the Fairfield Pagma Associates, LP account at BLMIS during the two years prior to the Filing Date.

48.     Defendants state that the allegations of Paragraph 48 of the Complaint are legal conclusions or arguments for which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

49.     The allegations contained in Paragraph 49 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50.

51.     The allegations contained in Paragraph 51 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 51.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

**Note for Answer to Count Two:**  This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order.  All counts in this Complaint other than those seeking to avoid and recover initial and subsequent transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed.  Accordingly, Defendant makes no answer to paragraphs 52-60 of the Complaint.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Three:**  This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order.  All counts in this Complaint other than those seeking to avoid and recover initial and subsequent transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed.  Accordingly, Defendant makes no answer to paragraphs 61-65 of the Complaint.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Four:**  This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order.  All counts in this Complaint other than those seeking to avoid and recover initial and subsequent transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of

the Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to paragraphs 66-71 of the Complaint.

### COUNT FIVE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Five:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order. All counts in this Complaint other than those seeking to avoid and recover initial and subsequent transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to paragraphs 72-77 of the Complaint.

### COUNT SIX
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Six:** This count was dismissed in its entirety pursuant to the Court's July 16, 2015 Order. All counts in this Complaint other than those seeking to avoid and recover initial and subsequent transfers pursuant to Sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code have been dismissed. Accordingly, Defendant makes no answer to paragraphs 78-83 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), by, *inter alia,* (a) failing to describe each specific transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

## THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amount of transfers he seeks to avoid.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Trustee's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Trustee's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, *in pari delicto*, unclean hands, laches and/or issue preclusion.

## SIXTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendants may have received, Defendants are not liable because they provided "fair consideration" for such transfers and received such transfers in good faith.

12

## SEVENTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendants may have received, Defendants are not liable because they gave equivalent value in exchange for such transfers.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendants may have received, Defendants are not liable because they lacked actual fraudulent intent.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.   Defendants do not concede that the claims asserted in the Complaint are core proceedings, and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury, and do not consent to trial by jury in the Bankruptcy Court.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfers under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

## TWELVTH AFFIRMATIVE DEFENSE

There can be no liability to a recipient of alleged transfers who, as a matter of law or contact, was required to transfer any portion of the funds to a third party.

### THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the claims are barred to the extent that the alleged transfers were earmarked as funds provided to the Debtor for the purpose of paying a specific indebtedness to the Internal Revenue Service.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for withdrawals they were compelled by law to make.

### FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, were taken for value and in good faith, as provided by 11 U.S.C. § 548(c).  They are thus not avoidable or recoverable as against Defendants under 11 U.S.C. §§ 548 and 550.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants alleged to have been a subsequent transferee, were taken for value and in good faith, and without knowledge of voidability, as provided by 11 U.S.C. § 550(a).  They are thus not avoidable or recoverable as against Defendants under 11 U.S.C. §§ 548 and 550.

14

### EIGHTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law. Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

### NINETEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law. Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

### TWENTIETH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants, are subject to setoff or equitable adjustment because Defendants received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to customers, under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and

15

misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust

enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, for failure to properly account for the time value

of money through an interest or other adjustment to the amounts of principal deposited into the

account at Madoff Securities.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred because they fail to sufficiently trace the funds that are the subject

of the alleged transfers from BLMIS to the Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, for failure to properly credit inter-account

transfers.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any transfers alleged to be made by

the Debtor, to the extent they were actually received by the Defendants, are subject to setoff or

equitable adjustment because the alleged transfers were made to pay estate and/or income taxes

based on the value of assets and statements of gains and income reflected in the BLMIS account at issue. The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.*, based on, among other things, the amount of the funds and/or income generated in brokerage accounts. Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements. Defendants relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.,* 1 *et seq.,* and 641 *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and accordingly, N.Y. CPLR 5001 and 5004 do not apply.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendants would be entitled to set off any such amount by, among other things, the amount of interest Defendants should have realized on their principal that was held by BLMIS.

17

## THIRTIETH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims, including the claim seeing an assignment of any of Defendants' income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendants are not permitted to set off any damages awarded to the Plaintiff.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to set forth additional defenses as such come to light in the course of discovery.

18

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property in which BLMIS had a legal interest.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, by the doctrines and principles of res judicata, collateral estoppel, and/or issue preclusion.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint (which is denied), any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants, and therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff can't recover on his claims because he can't demonstrate that the Debtor was insolvent at the time of the transfers in question.

### FORTIETH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against Defendants under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against either Defendant, in whole or part, because the alleged transfers and/or Defendant's property is exempt from recovery by Plaintiff.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The claims should be dismissed due to Defendants' justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and SIPC, to oversee and monitor the activities and business of BLMIS.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred by intervening or superseding events, factors, occurrences, or conditions over which Defendants had no control.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover were legally compelled under State and federal securities laws.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover represented payments of obligations of the broker that were legally compelled under State and federal securities laws.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, Defendants request entry of judgment against Plaintiff Trustee as follows, for:

(i)     Dismissal of the Complaint in its entirety with prejudice, on the merits;

(ii)    All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)   Such other and further relief as the Court deems proper.

Dated:  September 18, 2015
        New York, New York

                            **LAX & NEVILLE LLP**

                    By: */s/ Brian J. Neville*
                        Brian J. Neville, Esq. (BN8251)
                        Raquel Kraus (RK9556)
                        1450 Broadway, 35th Floor
                        New York, NY 10018
                        Telephone:  (212) 696-1999
                        Facsimile:  (212) 566 – 4531

                        *Attorneys for Defendants*