**MILBERG LLP**
Matthew A. Kupillas
Joshua E. Keller
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

*Attorneys for the William M. Woessner Family Trust, the Sheila A. Woessner Family Trust,
William M. Woessner, individually, and as Trustee of the William M. Woessner Family Trust and
the Sheila A. Woessner Family Trust, and Sheila A. Woessner, individually, and as Trustee of the
William M. Woessner Family Trust and the Sheila A. Woessner Family Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04741 (SMB) |
| Plaintiff, | |
| v. | |
| WILLIAM M. WOESSNER FAMILY TRUST, SHEILA A. WOESSNER FAMILY TRUST, WILLIAM M. WOESSNER individually, and as Trustee of the William M. Woessner Family Trust and the Sheila A. Woessner Family Trust, | |

SHEILA A. WOESSNER, individually, and as
Trustee of the William M. Woessner Family Trust
and the Sheila A. Woessner Family Trust, and
ELIZABETH WOESSNER,

Defendant.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants the William M. Woessner Family Trust, the Sheila A. Woessner Family

Trust, William M. Woessner, in his individual capacity as the owner of a BLMIS account in the

name, "NTC & Co. FBO William M. Woessner", and as Trustee of the William M. Woessner

Family Trust and the Sheila A. Woessner Family Trust, and Sheila A. Woessner, as Trustee of

the William M. Woessner Family Trust and the Sheila A. Woessner Family Trust ("Defendants")

by and through their attorneys, Milberg LLP and Seeger Weiss LLP, respond to Plaintiff Irving

H. Picard's Amended Complaint dated December 2, 2011, which was filed in this adversary

proceeding while the reference had been withdrawn to the District Court (S.D.N.Y. Case No. 11-

cv-04503 (JSR)), ECF No. 4,[1] as follows, upon knowledge as to themselves and their own acts

and upon information and belief as to all other matters:

## NATURE OF PROCEEDING

1.      Defendants admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes

and respectfully refers the Court to a copy of the transcript of the United States District Court for

Southern District of New York dated March 12, 2009 and other filings and pleadings in that case

for the complete contents therein. To the extent a response is required, Defendants deny

knowledge or information sufficient to form a belief as to the truth of the other allegations of

Paragraph 1.

2.      Paragraph 2 consists of certain legal conclusions and/or arguments as to which no

response is required. To the extent a response is required, Defendants expressly deny that they

were a beneficiaries of a Ponzi scheme, they received other people's money or avoidable

---

[1] Defendants William M. Woessner and Sheila A. Woessner state that they are not required to provide a response to the Amended Complaint to the extent they are named as Subsequent Transferee Defendants, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

transfers, and that any payments they received are fictitious profits or recoverable by the Trustee.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the other

allegations of Paragraph 2.  In addition, William M. Woessner and Sheila A. Woessner, the

Subsequent Transferee Defendants, state that they are not required to provide a response to the

Amended Complaint to the extent they are named as Subsequent Transferee Defendants, as the

Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order

Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in

Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.  Accordingly, the definition of

"Defendants" does not include William M. Woessner or Sheila A. Woessner as Subsequent

Transferee Defendants, and, thus, does not include William M. Woessner and Sheila A.

Woessner to the extent they are named as beneficiaries of the William M. Woessner Family

Trust or the Sheila A. Woessner Family Trust.

3.      Paragraph 3 consists of certain legal conclusions and/or arguments as to which no

response is required. To the extent a response is required, Defendants expressly deny that they

were beneficiaries of a Ponzi scheme, they received other people's money or avoidable transfers,

and that any payments they received are fictitious profits or recoverable by the Trustee.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the other

allegations of Paragraph 3.

### JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 that this Court has jurisdiction over this adversary

proceeding are legal conclusions to which no response is required.  Defendants deny knowledge

or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4,

and refer the Court and the parties to the filings, orders, and proceedings in the District Court

Proceeding (as defined in Paragraph 4 of the Amended Complaint), the SIPA Proceeding (as

defined in Paragraph 4 of the Amended Complaint) and in the criminal action against Madoff.

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or

arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or

arguments as to which no response is required.

## **DEFENDANTS**

7.      Defendant the William M. Woessner Family Trust admits the allegations of

Paragraph 7.

8.      Defendant the Sheila A. Woessner Family Trust admits the allegations of

Paragraph 8.

9.      As to the Subsequent Transferee allegations of Paragraph 9, no response is

required as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the

Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered

July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.  Defendant William M.

Woessner, in his individual capacity as the owner of a BLMIS account in the name, "NTC  &

Co. FBO William M. Woessner", and in his capacity as Trustee of the William M. Woessner

Family Trust and the Sheila A. Woessner Family Trust, admits to the remaining allegations of

Paragraph 9.

10.     As to the Subsequent Transferee allegations of Paragraph 10, no response is

required as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the

Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered

July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.  Defendant Sheila A.

Woessner, in her capacity as Trustee of the Sheila A. Woessner Family Trust and the William M.

Woessner Family Trust, admits to the remaining allegations of Paragraph 10.

11.    No response to Paragraph 11 is required because "Defendants", as that term is

defined herein, do not include Defendant Elizabeth Woessner.

## BACKGROUND, THE TRUSTEE AND STANDING

12.    Defendants deny knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 12, except admit that on information and belief, that

Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in

the various referenced actions relating to Madoff and BLMIS for the complete contents therein.

The footnote to Paragraph 12 consists of a legal conclusion to which no response is required.

13.    Defendants deny knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 13, and refer the Court to the referenced order for

the complete contents therein.

14.    Defendants deny knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 14, and refer the Court to the filings and pleadings

in the various actions relating to Madoff and BLMIS for the complete contents therein.

15.    Defendants deny knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 15, and refer the Court to the referenced order for

the complete contents therein.

16.    Defendants deny knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in the first sentence of Paragraph 16, and refer the Court to the

referenced orders for the complete contents therein.  The second sentence of Paragraph 16

consists of a legal conclusion to which no response is required.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and refer the Court and the parties to the filings, orders and proceedings in the criminal action against Madoff.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and refer the Court and the parties to the filings, orders and proceedings in the criminal action against Frank DiPascali.

19.    Paragraph 19 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.    Paragraph 20 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21.    Paragraph 21 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21.

22.    The allegations of Paragraph 22 that (a) the Trustee has standing to bring the claims alleged in the Amended Complaint, (b) SIPC statutorily cannot fully reimburse all customers for all of their losses, (c) the Trustee, as bailee of customer property, can sue on behalf of the customer bailors, and (d) the Trustee has the power and authority to avoid obligations and to avoid and recover transfers, are legal conclusions to which no response is required.

5

Defendants deny that they received "Customer Property" as defined in 15 U.S.C. §78*lll*(4), deny

that BLMIS incurred losses as a result of the claims set forth in the Amended Complaint, and

deny that BLMIS' customers were injured as a result of the conduct detailed in the Amended

Complaint.  As to all other allegations of Paragraph 22, Defendants deny knowledge or

information sufficient to form a belief as to the truth of those allegations.

### THE FRAUDULENT PONZI SCHEME

23.    Defendants admit that BLMIS was a broker-dealer registered with the Securities

& Exchange Commission and a member of SIPC, and admits that at certain times BLMIS had an

office at 885 Third Avenue, New York, New York.  Defendants deny knowledge and

information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 23.

24.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 24.

25.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 25.

26.    Defendants admit that they received monthly statements but Defendants deny

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

set forth in Paragraph 26.  To the extent that Plaintiff relies on the Madoff's Plea Allocution for

the allegations in Paragraph 26, Defendants refer the Court to the referenced plea allocution for

the complete contents therein.

27.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 27.

28.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.      Paragraph 29 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny that any monies sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 29.

30.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 and refer the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

36.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37.    Paragraph 37 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

## THE ACCOUNT AGREEMENTS

38.    Defendants admit that accounts with Account Nos. 1CM191 and 1CM275 were maintained with BLMIS, and that the respective accountholders of those accounts received periodic customer statements, confirmations and other communications from BLMIS.  As to allegations in Paragraph 38 regarding account with Account No. 1ZB479, no response is required because "Defendants", as that term is defined herein, do not include Defendant Elizabeth Woessner. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38.

39.    Defendants admit that there were deposits made to and withdrawals from BLMIS account with Account Nos. 1CM191 and 1CM275.  As to allegations in Paragraph 39 regarding account with Account No. 1ZB479, no response is required because "Defendants", as that term is defined herein, do not include Defendant Elizabeth Woessner. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39.

## THE OBLIGATIONS

40.    Defendants state that they are not required to provide a response to the allegations in Paragraph 40, as the Trustee's claims regarding "Obligations" have been dismissed by the Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendants further state that the allegations of Paragraph 40 are legal conclusions to which no response is required.   To the extent a response

is required, Defendants deny knowledge and information sufficient to form a belief as to the truth

of the remaining allegations set forth in Paragraph 40.

41.    Defendants state that they are not required to provide a response to the allegations

in Paragraph 41, as the Trustee's claims regarding "Obligations" have been dismissed by the

Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2,

2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendant further states that the allegations

of Paragraph 41 are legal conclusions to which no response is required.   To the extent a response

is required, Defendants deny knowledge and information sufficient to form a belief as to the truth

of the remaining allegations set forth in Paragraph 41.

42.    Defendants state that they are not required to provide a response to the allegations

in Paragraph 42, as the Trustee's claims regarding "Obligations" have been dismissed by the

Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2,

2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendants further state that the allegations

of Paragraph 42 are legal conclusions to which no response is required.   To the extent a response

is required, Defendants deny knowledge and information sufficient to form a belief as to the truth

of the remaining allegations set forth in Paragraph 42.

## THE TRANSFERS

43.    Defendants state that they are not required to provide a response to the allegations

in Paragraph 43 concerning transfers other than the "Two-Year Transfers", as the Trustee's

claims regarding the "Six Year Transfers" have been dismissed by the Court.  Defendants

respectfully refer the Court to the Order of the United States District Court for the Southern

District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's

claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii)

constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii)

actual and constructive fraudulent conveyances under provisions of the New York Debtor &

Creditor Law incorporated by section 544(b) of the Bankruptcy Code.   As to allegations in

Paragraph 43 regarding account with  Account No. 1ZB479, no response is required because

"Defendants", as that term is defined herein, do not include Defendant Elizabeth Woessner.

Furthermore, Paragraph 43 consists of certain legal conclusions and/or arguments as to which no

response is required. To the extent a response is required, Defendants deny knowledge and

information sufficient to form a belief as to the truth the allegations set forth in paragraph 43 of

the Amended Complaint, except admit that the respective accountholders of the accounts with

Account Nos. 1CM191 and 1CM275 received certain transfers from BLMIS during the two

years prior to the Filing Date.

44.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 44.  To the extent a response is required, Defendants deny

that they received other people's money.

45.    Defendants state that they are not required to provide a response to the allegations

in Paragraph 45, as the Trustee's claims regarding the "Six Year Transfers" have been dismissed

by the Court.  Defendant respectfully refers the Court to the Order of the United States District

Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR))

dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the

Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the

Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of

the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

As to allegations in Paragraph 45 regarding account with Account No. 1ZB479, no response is

required because "Defendants", as that term is defined herein, do not include Defendant

Elizabeth Woessner.  Defendants further state that the allegations of Paragraph 45 are legal

conclusions to which no response is required.

46.    The allegations of Paragraph 46 are legal conclusions to which no response is

required.  To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47.    Defendants state that they are not required to provide a response to Paragraph 47,

as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See*

Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16,

2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.  Furthermore, Defendants state

that they are not required to provide a response to the allegations in Paragraph 47 concerning

transfers other than the "Two-Year Transfers", as the Trustee's claims regarding the "Six Year

Transfers" have been dismissed by the Court.  Defendants respectfully refer the Court to the

Order of the United States District Court for the Southern District of New York dated May 22,

2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i)

preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers

under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent

conveyances under provisions of the New York Debtor & Creditor Law incorporated by section

544(b) of the Bankruptcy Code.

48.    Defendants state that they are not required to provide a response to Paragraph 48,

as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See*

Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16,

2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.  Furthermore, Defendants state

that they are not required to provide a response to the allegations in Paragraph 48 concerning

11

transfers other than the "Two-Year Transfers", as the Trustee's claims regarding the "Six Year

Transfers" have been dismissed by the Court.  Defendants respectfully refer the Court to the

Order of the United States District Court for the Southern District of New York dated May 22,

2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i)

preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers

under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent

conveyances under provisions of the New York Debtor & Creditor Law incorporated by section

544(b) of the Bankruptcy Code.  In addition, the allegations of Paragraph 48 are legal

conclusions to which no response is required.

    49.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 49.  Defendants further state that the allegations of

Paragraph 49 concerning the Trustee's reservation of rights are legal conclusions to which no

response is required.

    50.    The allegations of Paragraph 50 are legal conclusions to which no response is

required.

## CUSTOMER CLAIMS

    51.    The Trust Defendants deny the allegations of Paragraph 51 to the extent that the

allegations characterize the customer claim filed on or about March 5, 2009, which was

designated as Claim #006829, as an "additional customer claim."  The Trust Defendants admit

the remaining allegations of Paragraph 51.

    52.    Defendant William M. Woessner denies the allegations of Paragraph 52 to the

extent the allegations characterize the customer claim filed on or about March 5, 2009, which

was designated as Claim #006608, as an additional customer claim.   Defendant William M.

Woessner admits the remaining allegations of Paragraph 52.

      53.    Defendant William M. Woessner admits the allegations of the first sentence of

Paragraph 53.  The Trust Defendants admit the allegations of the second sentence of Paragraph

53.

      54.    The Trust Defendants deny the allegations of Paragraph 54.

      55.    Defendant William M. Woessner admits the allegations of Paragraph 55.

      56.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 56 concerning the Trustee's intent to pursue resolution of

the Family Trusts Customer Claims and the NTC & Co. Customer Claims (as defined in

Paragraphs 51 and 52 of the Amended Complaint, respectively) and any related objection to the

Trustee's determination of said claims.  To the extent that Plaintiff relies on the Claims

Procedures Order (as defined in this Paragraph) for the allegations in Paragraph 56, Defendants

refer the Court to the referenced Claims Procedures Order for the complete contents therein.

### RESPONSE TO COUNT ONE
### FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

      57.    In response to Paragraph 57, Defendants repeats each and every response

contained in Paragraphs 1 through 56.

      58.    Paragraph 58 consists of certain legal conclusions and/or arguments as to which

no response is required.  To the extent a response is required, Defendants deny knowledge and

information sufficient to form a belief as to the truth the allegations set forth in Paragraph 58 of

the Amended Complaint, except admit that the respective accountholders of the accounts with

Account Nos. 1CM191 and 1CM275 received certain transfers from BLMIS during the two years prior to the Filing Date.

59.     The allegations of Paragraph 59 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 59.

60.     The allegations of Paragraph 60 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.     The allegations of Paragraph 61 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 61.

62.     Defendants state that they are not required to provide a response to the allegations in Paragraph 62, as the Trustee's claims regarding "Obligations" have been dismissed by the Court.  *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.

63.     The allegations of Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 63.

## RESPONSE TO COUNT TWO
## FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

64.     Defendants state that they are not required to provide a response to the allegations of Paragraph 64, as Count Two of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

14

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

65.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 65, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

66.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 66, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

67.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 67, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,
and (iii) actual and constructive fraudulent conveyances under provisions of the New York
Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

68.     Defendants state that they are not required to provide a response to the allegations
of Paragraph 68, as Count Two of the Amended Complaint has been dismissed by the Court.
Defendants respectfully refer the Court to the Order of the United States District Court for the
Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing
Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy
Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,
and (iii) actual and constructive fraudulent conveyances under provisions of the New York
Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

69.     Defendants state that they are not required to provide a response to the allegations
of Paragraph 69, as Count Two of the Amended Complaint has been dismissed by the Court.
Defendants respectfully refer the Court to the Order of the United States District Court for the
Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing
Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy
Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,
and (iii) actual and constructive fraudulent conveyances under provisions of the New York
Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

70.     Defendants state that they are not required to provide a response to the allegations
of Paragraph 70, as Count Two of the Amended Complaint has been dismissed by the Court.
Defendants respectfully refer the Court to the Order of the United States District Court for the
Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

71.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 71, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

72.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 72, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

73.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 73, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

**RESPONSE TO COUNT THREE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

74.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 74, as Count Three of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

75.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 75, as Count Three of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

76.     Defendants state that they are not required to provide a response to the allegations of Paragraph 76, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

77.     Defendants state that they are not required to provide a response to the allegations of Paragraph 77, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

78.     Defendants state that they are not required to provide a response to the allegations of Paragraph 78, as Count Three of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

<u>**RESPONSE TO COUNT FOUR**</u>
<u>**FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND**</u>
<u>**CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND**</u>
<u>**551**</u>

79.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 79, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

80.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 80, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

81.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 81, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

82.     Defendants state that they are not required to provide a response to the allegations of Paragraph 82, as Count Four of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

83.     Defendants state that they are not required to provide a response to the allegations of Paragraph 83, as Count Four of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

84.    Defendants state that they are not required to provide a response to the allegations of Paragraph 84, as Count Four of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

85.    Defendants state that they are not required to provide a response to the allegations of Paragraph 85, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

86.    Defendants state that they are not required to provide a response to the allegations of Paragraph 86, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

87.      Defendants state that they are not required to provide a response to the allegations of Paragraph 87, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

88.      Defendants state that they are not required to provide a response to the allegations of Paragraph 88, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

89.      Defendants state that they are not required to provide a response to the allegations of Paragraph 89, as Count Five of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

90.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 90, as Count Five of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND
## CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

91.    Defendants state that they are not required to provide a response to the allegations

of Paragraph 91, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

92.     Defendants state that they are not required to provide a response to the allegations of Paragraph 92, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

93.     Defendants state that they are not required to provide a response to the allegations of Paragraph 93, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

94.     Defendants state that they are not required to provide a response to the allegations of Paragraph 94, as Count Six of the Amended Complaint has been dismissed by the Court. Defendants respectfully refer the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

95.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 95, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

96.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 96, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendants respectfully refer the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a) AND 551

97.     Defendants state that they are not required to provide a response to the allegations

of Paragraph 97, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed

by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

98.    Defendants state that they are not required to provide a response to the allegations of Paragraph 98, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

99.    Defendants state that they are not required to provide a response to the allegations of Paragraph 99, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

100.    Defendants state that they are not required to provide a response to the allegations of Paragraph 100, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

101.    Defendants state that they are not required to provide a response to the allegations of Paragraph 101, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

102.    Defendants state that they are not required to provide a response to the allegations of Paragraph 102, as the Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16, 2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses.  By designating the

following as "defenses," Defendants (i) do not undertake the burden of proof as to any defense,

(ii) maintain that Plaintiff must prove his *prima facie* case and every element of every claim

against Defendants, in accordance with the appropriate standards of proof.

As set forth in Defendants' responses to Counts Two through Six of the Amended

Complaint, pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P.

54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, Docket No. 109 in

*Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-

MC-0115 (JSR) (S.D.N.Y. April 27, 2012), the claims asserted in Counts Two through Six have

been dismissed against the Defendants, and the only claim remaining is that in Count One,

pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).  Further, as set forth in response to Count

Seven, Trustee's claims regarding "Subsequent Transfers" have been dismissed by the Court.

*See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss entered July 16,

2015 in Adv. Pro. No. 10-04741 (SMB) [Dkt. No. 47], at page 3.  In the event that future legal

developments alter the claims available to the Trustee in the Amended Complaint, Defendants

hereby raise each and every available defense at law, in equity, or otherwise, including (without

limitation) all federal and state statutes, laws, rules, and/or regulations.

In addition, Defendants adopt, and incorporate by reference, any and all other defenses

asserted or to be asserted by any other defendant or party-in-interest in any other proceeding or

matter in this bankruptcy case to the extent such party is similarly situated.

Defendants reserve and assert all affirmative defenses available under applicable federal

or state law and/or rule of procedure, including the Federal Rules of Bankruptcy Procedure, the

28

Federal Rules of Civil Procedure, New York Debtor and Creditor Law, and New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this proceeding.

These defenses are set forth cumulatively and in the alternative.

Defendants reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

## First Affirmative Defense

The Amended Complaint fails to state any claims against Defendants upon which relief can be granted, and, accordingly, the Amended Complaint should be dismissed.

## Second Affirmative Defense

The claims against Defendants are barred, in whole or in part, by the doctrines of waiver, estoppel (including, without limitation, equitable estoppel and/or judicial estoppel), *in pari delicto,* unclean hands, laches, and/or consent.

## Third Affirmative Defense

The claims against Defendants are barred in whole or part by res judicata, claim preclusion, collateral estoppel, and/or issue preclusion.

## Fourth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are subject to set-off and/or recoupment.

## Fifth Affirmative Defense

The Amended Complaint does not comply with Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, and *Ashcroft v. lqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544 (2007) because, among other things, it fails to describe each specific alleged transfer and its recipients, and each subsequent transfer and its recipients, and improperly combines allegations as to all defendants.

### Sixth Affirmative Defense

The Amended Complaint is barred, in whole or in part, because the Trustee has failed to plead, with sufficient particularity and factual support, all of the elements of an avoidance claim under any of the following: (i) 11 U.S.C. § 548(a)(1)(A); (ii) 11 U.S.C. § 548(a)(1)(B); or (ii) 11 U.S.C. § 544 and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law.

### Seventh Affirmative Defense

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Amended Complaint under *Stern v. Marshall,* 131 S. Ct. 2594 (2011), and its progeny. Defendants do not concede that the claims asserted in the Amended Complaint are core proceedings, and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendants further demand a trial by jury, and do not consent to trial by jury in the Bankruptcy Court.

### Eighth Affirmative Defense

The alleged transfers are exempt from avoidance, in whole or in part, under 11 U.S.C. § 546(e), because (i) each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract; and/or (ii) each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

### Ninth Affirmative Defense

The Trustee lacks standing to sue on his claims.

30

**Tenth Affirmative Defense**

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

**Eleventh Affirmative Defense**

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor were not made from property of the Debtor.

**Twelfth Affirmative Defense**

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor are not avoidable and/or recoverable because the funds at issue were held in trust or constructive trust by BLMIS, or by BLMIS as bailee for Defendants, and were not property of the estate in which BLMIS had a legal interest.

**Thirteenth Affirmative Defense**

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are not avoidable and/or recoverable because the funds, in whole or in part, were held in constructive trust solely for the benefit of the Internal Revenue Service and/or state tax authorities.

**Fourteenth Affirmative Defense**

Without admitting the allegations in the Amended Complaint, Defendants were mere conduits with respect to any transfers allegedly made by the Debtor.

**Fifteenth Affirmative Defense**

The claims against Defendants are barred, in whole or in part, to the extent that they were not filed within the applicable statutes of limitation.

### Sixteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, the claims are barred to the extent that the alleged transfers were earmarked as funds provided to the Debtor for the purpose of paying a specific indebtedness to the Internal Revenue Service and/or state tax authorities.

### Seventeenth Affirmative Defense

The Amended Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of BLMIS's obligations. Without an action to avoid BLMIS's obligations to pay what is owed to the customer under state law, any alleged transfers were all made on account of antecedent debts. To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

### Eighteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

### Nineteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, were taken for value and in good faith, as provided by 11 U.S.C. § 548(c). They are thus not avoidable or recoverable as against Defendants under 11 U.S.C. §§ 548 and 550.

32

### Twentieth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by 11 U.S.C. § 550(a). Accordingly, the alleged transfers are not avoidable or recoverable as against any such Defendant under 11 U.S.C. §§ 548 and 550.

### Twenty-first Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or sections 272 through 276 of the New York Debtor and Creditor Law.

### Twenty-second Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law. Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or sections 272 through 276 of the New York Debtor and Creditor Law.

### Twenty-third Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, are subject to

setoff or equitable adjustment because Defendants received such transfers in good faith, without

knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on

account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to

customers, under New York law for the balances shown on prior customer account statements

and related documents; (ii) rescission remedies, including damages and interest for fraud and

misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust

enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### Twenty-fourth Affirmative Defense

The claims are barred, in whole or part, for failure to properly account for the time value

of money, through (among other things) an interest adjustment to principal deposits.

### Twenty-fifth Affirmative Defense

The claims are barred, in whole or part, because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### Twenty-sixth Affirmative Defense

The claims are barred, in whole or part, because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to two years before the Filing

Date.

### Twenty-seventh Affirmative Defense

The claims are barred because they fail to sufficiently trace the funds that are the subject

of the alleged transfers from BLMIS to the Defendants.

### Twenty-eighth Affirmative Defense

The claims are barred, in whole or part, for failure to properly credit inter-account

transfers.

34

### Twenty-ninth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are subject to setoff or equitable adjustment because the alleged transfers were made to pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue. The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.,* based on, among other things, the amount of the funds and/or income generated in brokerage accounts. Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements. Defendants relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.* and IRC §§ 1 *et seq.* and 641 *et seq.*

### Thirtieth Affirmative Defense

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

### Thirty-first Affirmative Defense

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and, accordingly, N.Y. CPLR 5001 and 5004 do not apply.

### Thirty-second Affirmative Defense

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendants would be entitled to set off any such amount by, among other things, the amount of interest Defendants should have realized on their principal that was held by BLMIS.

### Thirty-third Affirmative Defense

Recovery of attorneys' fees from Defendants is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### Thirty-fourth Affirmative Defense

The claims, including the claim seeking an assignment of any of Defendants' income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

### Thirty-fifth Affirmative Defense

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

### Thirty-sixth Affirmative Defense

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendants are not permitted to set off any damages awarded to Plaintiff.

36

## Thirty-seventh Affirmative Defense

Plaintiff cannot recover on his claims because he cannot demonstrate that the Debtor was

insolvent at the time of the transfers in question.

## Thirty-eighth Affirmative Defense

Defendants expressly reserve the right to set forth additional defenses as such come to

light in the course of discovery.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, Defendants request entry of judgment against Plaintiff Trustee as

follows, for:

(i)        Dismissal of the Amended Complaint in its entirety with prejudice, on the

merits;

(ii)       All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)      Such other and further relief as the Court deems proper.


Dated: September 18, 2015            **MILBERG LLP**
       New York, New York


                                     s/ Joshua E. Keller
                                     _____
                                     Matthew A. Kupillas
                                     Joshua E. Keller
                                     One Pennsylvania Plaza
                                     New York, NY 10119
                                     Telephone: (212) 594-5300
                                     Facsimile: (212) 868-1229
                                     mkupillas@milberg.com
                                     jkeller@milberg.com

**SEEGER WEISS LLP**
Stephen A. Weiss
Parvin K. Aminolroaya
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for the William M. Woessner Family
Trust, the Sheila A. Woessner Family Trust,
William M. Woessner, individually, and as
Trustee of the William M. Woessner Family
Trust and the Sheila A. Woessner Family Trust,
and Sheila A. Woessner, individually, and as
Trustee of the William M. Woessner Family
Trust and the Sheila A. Woessner Family Trust*