FREJKA PLLC
Elise S. Frejka
Jason S. Rappaport
733 Third Avenue – 15th Floor
New York, New York 10017
Telephone: (212) 641-0800

*Attorneys for Stuart M. Stein*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05259 (SMB) |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR SISKIND; LINDA SOHN; NEAL GOLDMAN; DOUGLAS ELLENOFF; ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; | |

TRUST U/T/A 8/20/90; and EVELYN FISHER,
individually, and in her capacity as Trustee for
TRUST U/W/O DAVID L. FISHER and TRUST
U/T/A 8/20/90,

        Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Stuart M. Stein ("Stein"), by and through his attorneys, Frejka PLLC, respectfully

submits this Answer to the Amended Complaint (the "Complaint") filed by Plaintiff Irving H.

Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC ("Madoff Securities").[1]  To the extent any allegation is not

specifically admitted, it is expressly denied.  No response is required to the various headings or

subheadings throughout the Complaint.  To the extent that responses are required to the various

headings or subheadings, however, all are denied.

1.        Stein states that the allegations of paragraph 1 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Stein is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1 of the Complaint and on that basis denies each and every

allegation contained therein.

2.        Stein admits that, as one of the administrators of the Stanley I. Lehrer and Stuart

M. Stein, J/T WROS Account (the "Account"), the Account received certain transfers from, and

made certain transfers to, Madoff Securities during the six years prior to the Filing Date.  Stein

further states that the remaining allegations of paragraph 2 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

required, Stein is without knowledge or information sufficient to form a belief as to the

remaining allegations contained in paragraph 2 of the Complaint and on that basis denies each

and every allegation contained therein.

3.      Paragraph 3 of the Complaint relates to a claim that has been dismissed by the

Bankruptcy Court.

4.      Stein admits that the Trustee purports to have brought this action under 15 U.S.C.

§§ 78fff(b), 78fff-1(a), 78fff-2(c) and 78fff-2(c)(3), section 105(a), 544, 548(a), 550 and 551 of

title 11 of the United States Code (the "Bankruptcy Code"), the New York Fraudulent

Conveyance Act New York Debtor and Creditor Law § 270 et seq. (McKinney 2001), and other

applicable law, but denies that the Trustee is entitled to any relief against Stein pursuant to the

cited provisions or otherwise.  Stein further denies that he received fraudulent conveyances in

connection with certain transfers by BLMIS and that the Trustee is entitled to set aside, avoid or

recover any transfers from BLMIS.  Stein respectfully refers the Court to the Order of the United

States District Court for the Southern District of New York dated May 22, 2012 (Case No 12 MC

01115 (JSR)) dismissing the Trustee's claims that seek avoidance of (a) preferences under

section 547 of the Bankruptcy Code; (b) constructive fraudulent transfers under section

548(a)(1)(B) of the Bankruptcy Code; and (c) actual and constructive fraudulent conveyances

under provisions of New York Debtor & Creditor Law incorporated by section 544(b) of the

Bankruptcy Code.  On June 22, 2015, the Supreme Court of the United States denied certiorari of

the Trustee's appeal of SIPC v. Ida Fishman Revocable Trust, 14-1128 and Picard v. Ida

Fishman Revocable Trust, 14-1129, and thus section 546(e) of the Bankruptcy Code applies to

this proceeding.  In addition, pursuant to the Order of the Bankruptcy Court dated July 16, 2015,

the Trustee's claims to avoid obligations and claims against Subsequent Transferee Defendants, as defined in the Complaint, have been dismissed.

5.     Stein states that the allegations of paragraph 5 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and on that basis denies each and every allegation contained therein.

6.     Stein states that the allegations of paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and on that basis denies each and every allegation contained therein.  Stein does not consent to the entry of final orders or judgments by the Bankruptcy Court.

7.     Stein states that the allegations of paragraph 7 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint and on that basis denies each and every allegation contained therein.

8.     Stein admits that he is a resident of the State of Florida and that he was an administrator of the Account with an account address reported as White Plains, New York but states that the remaining allegations of paragraph 8 of the Complaint are legal conclusions or arguments as to which no response is required.

9.      Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

11.     Paragraph 11 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

12.     Paragraph 12 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

13.     Paragraph 13 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

14.     Paragraph 14 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

15.     Paragraph 15 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

16.     Paragraph 16 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

17.     Paragraph 17 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

18.     Paragraph 18 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

19.     Paragraph 19 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

20.     Paragraph 20 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

21.     Paragraph 21 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

22.     Paragraph 22 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

23.     Paragraph 23 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

24.     Paragraph 24 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

25.     Paragraph 25 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

26.     Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

27.     Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding.

28.     Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

29.    Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and refers the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

30.    Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and refers the Court to the filings, orders, and proceedings in the SIPA Proceeding.

31.    Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and refers the Court to the filings, orders, and proceedings in the criminal action against Bernard L. Madoff.

32.    Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and refers the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali.

33.    Stein denies that the Trustee will be unable to satisfy the claims described in subparagraphs (A) through (D) of SIPA section 78fff-2(c)(1) and is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 33 of the Complaint and on that basis denies each and every allegation.

34.    Stein states that the allegations of paragraph 34 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and on that basis denies each and every allegation contained therein.

35.    Stein states that the allegations of paragraph 35 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is

required, Stein is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 35 of the Complaint and on that basis denies each and every

allegation contained therein.

36.    Stein states that the allegations of paragraph 36 of the Complaint are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, Stein is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 36 of the Complaint and on that basis denies each and every

allegation contained therein.

37.    Stein admits that Madoff Securities was a securities broker-dealer registered with

the SEC and SIPC.  Stein is without knowledge or information sufficient to form a belief as to

the remaining allegations contained in paragraph 37 of the Complaint and on that basis denies

each and every allegation contained therein.

38.    Stein is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 38 of the Complaint and on that basis denies each and every

allegation contained therein.

39.    Stein is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 39 of the Complaint and on that basis denies each and every

allegation contained therein.

40.    Stein admits that the Account received monthly statements and trading

confirmation from Madoff Securities showing the securities that were held in, or had been traded

through, the Account.  Stein is without knowledge or information sufficient to form a belief as to

the remaining allegations contained in paragraph 40 of the Complaint and on that basis denies

each and every allegation contained therein.

41.     Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint and on that basis denies each and every allegation contained therein.

42.     Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint and on that basis denies each and every allegation contained therein.

43.     Stein denies that any monies sent to Madoff Securities were used to enrich Stein or that Stein had any knowledge of the Ponzi scheme, to the extent it existed.  Stein is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 43 of the Complaint and on that basis denies each and every allegation contained therein.

44.     Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint and on that basis denies each and every allegation contained therein.

45.     Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint and on that basis denies each and every allegation contained therein.

46.     Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint and on that basis denies each and every allegation contained therein.

47.     Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint and on that basis denies each and every allegation contained therein.

48.     Stein states that the allegations of paragraph 48 of the Complaint are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, Stein is without knowledge or information sufficient to form a belief as to the
allegations contained in paragraph 48 of the Complaint and on that basis denies each and every
allegation contained therein.

49.     Stein is without knowledge or information sufficient to form a belief as to the
allegations contained in paragraph 49 of the Complaint and on that basis denies each and every
allegation contained therein.

50.     Stein is without knowledge or information sufficient to form a belief as to the
allegations contained in paragraph 50 of the Complaint and on that basis denies each and every
allegation contained therein.

51.     Stein states that the allegations of paragraph 51 of the Complaint are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, Stein is without knowledge or information sufficient to form a belief as to the
allegations contained in paragraph 51 of the Complaint and on that basis denies each and every
allegation contained therein.

52.     Stein admits that on or about April 21, 1992 he became one of the administrators
of the Account and that Madoff Securities changed the name of the account to "Stanley I. Lehrer
and Stuart M. Stein, J/T WROS" and is otherwise without knowledge or information sufficient to
form a belief as to the allegations contained in paragraph 52 of the Complaint and on that basis
denies each and every allegation contained therein.

53.     Stein admits that, upon information and belief, certain account agreements were
entered into with Madoff Securities, including a document entitled Customer Agreement, a

document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options, and denies knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff Securities' headquarters at 885 Third Avenue, New York, New York as set forth in paragraph 53 of the Complaint.

54.      Stein admits that contributions were made to the Account.  As to the truth of the remaining allegations contained in paragraph 54 of the Complaint, Stein is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint and on that basis denies each and every allegation contained therein.

55.      Stein denies the allegations set forth in paragraph 55 of the Complaint, except admits that the Account received certain transfers from, and made certain transfers to, Madoff Securities during the six years prior to the Filing Date.

56.      Paragraph 56 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

57.      Stein states that the allegations of paragraph 57 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation set forth in paragraph 57 of the Complaint, except admits that the Account received certain transfers from, and made certain transfers to, Madoff Securities during the two year period prior to the Filing Date.

58.      Paragraph 58 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

59.      Stein states that the allegations of paragraph 59 of the Complaint are legal conclusions or arguments as to which no response is required.

60.     Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.  To the extent a response is required, Stein denies each and every allegation set forth in paragraph 60 of the Complaint.

61.     Stein states that the allegations of paragraph 61 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Stein admits the allegations of paragraph 62 of the Complaint.

63.     Stein admits the allegations of paragraph 63 of the Complaint.

64.     Stein admits the allegations of paragraph 64 of the Complaint.

65.     Stein denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and refers the Court to the Claims Procedures Order for the terms thereof.

66.     Stein responds to paragraph 66 of the Complaint as he has responded to the allegations incorporated by reference therein.

67.     Stein states that the allegations of paragraph 67 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation contained therein.

68.     Stein states that the allegations of paragraph 68 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation contained therein.

69.     Stein states that the allegations of paragraph 69 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation contained therein.

70.    Stein states that the allegations of paragraph 70 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation contained therein.

71.    Stein states that the allegations of paragraph 71 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Stein denies each and every allegation contained therein.

72.    Paragraph 72 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

73.    Paragraph 73 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

74.    Paragraph 74 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

75.    Paragraph 75 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

76.    Paragraph 76 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

77.    Paragraph 77 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

78.    Paragraph 78 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

79.    Paragraph 79 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

80.     Paragraph 80 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

81.     Paragraph 81 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

82.     Paragraph 82 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

83.     Paragraph 83 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

84.     Paragraph 84 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

85.     Paragraph 85 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

86.     Paragraph 86 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

87.     Paragraph 87 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

88.     Paragraph 88 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

89.     Paragraph 89 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

90.     Paragraph 90 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

91.     Paragraph 91 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

92.     Paragraph 92 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

93.     Paragraph 93 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

94.     Paragraph 94 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

95.     Paragraph 95 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

96.     Paragraph 96 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

97.     Paragraph 97 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

98.     Paragraph 98 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

99.     Paragraph 99 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

100.     Paragraph 100 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

101.     Paragraph 101 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

102.    Paragraph 102 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

103.    Paragraph 103 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

104.    Paragraph 104 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

105.    Paragraph 105 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

106.    Paragraph 106 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

107.    Paragraph 107 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

108.    Paragraph 108 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

109.    Paragraph 109 of the Complaint relates to a claim that has been dismissed by the Bankruptcy Court.

## AFFIRMATIVE DEFENSES

Stein asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of his investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," Stein does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  Stein does not undertake any burdens that properly rest upon the Trustee, and does not suggest either that the Trustee does not bear the burden of proof as to

such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against Stein.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101). In the event that subsequent legal developments further alter the claims available to the Trustee, Stein hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Stein further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that Stein is similarly situated and may properly assert such defense.

Stein reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Stein could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Stein were made with actual intent to hinder, delay or defraud creditors or customers of Madoff Securities.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and Stein does not consent to the entry of a final order and judgment by the Bankruptcy Court.  Stein further demands a trial by jury.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

## SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations. Absent an action to avoid Madoff Securities' obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts. To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver and/or laches.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by Stein, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code. They are thus

not avoidable or recoverable as against Stein under sections 548 and 550 of the Bankruptcy

Code.

### TWELVTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff or equitable

adjustment because Stein received such transfer in good faith, without knowledge of the alleged

fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed

by Madoff Securities for, *inter alia*, (a) amounts contractually due to customers under New York

law for the balances shown on prior customer account statements and related documents; (b)

rescission remedies, including damages and interest for fraud and misrepresentation pursuant to

federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach

of fiduciary duty; and/or (f) money had and received.

### THIRTEENTH AFFIRMATIVE DEFENSE

Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable

adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations

imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and

other information reported by Madoff Securities to the Internal Revenue Service, state and/or

local governmental taxing authorities.

### FOURTHEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly credit inter-account

transfers.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Even if the transfers were avoidable, the transfers may not be recovered as Stein is not the initial transferee of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

In his capacity as one of the administrators of the Account, Stein was a mere conduit and not the initial transferee of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

## NINTHEETH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to setoff or equitable adjustment because the Trustee failed to name Stanley Lehrer in his personal capacity even though Stanley Lehrer received transfers from the Account in the amount of $2,303,000 during the two years prior to the Filing Date.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to Stein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Stein is not permissible because such fees are not a "transfer" or "conveyance" under applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Even if the Trustee is entitled to the return of some or all of the transfers, he is not

entitled to interest from the date of each alleged transfer.

**WHEREFORE**, Stein demands judgment (a) dismissing each of the claims asserted in

the Complaint; (b) awarding the costs and disbursements of this proceeding, including

reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem

proper.

Dated:  New York, New York
          September 18, 2015

**FREJKA PLLC**


By:  /s/ Elise S. Frejka
       Elise S. Frejka
       Jason S. Rappaport
       733 Third Avenue - 15th Floor
       New York, New York 10017
       Telephone: (212) 641-0800

       *Attorneys for Stuart M. Stein*
