

P. GREGORY SCHWED
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4815
Main    212.407.4000
Fax     212.937.4689
gschwed@loeb.com

Via ECF and email (bernstein.chambers@nysb.uscourts.gov)

September 24, 2015

Honorable Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Re:   SIPC v. Bernard L. Madoff Investment Securities LLC, (Adv. Pro. No.
      08-01789) (SMB) – Picard v. Cohen (Adv. Pro. No. 10-04311 (SMB))

Dear Judge Bernstein:

The undersigned attorneys represent former customers ("Customers") of debtor, Bernard L. Madoff Investment Securities LLC. The Trustee brought adversary proceedings against Customers, in which he seeks to avoid prior transfers to Customers, either as initial or subsequent transferees. The Trustee has repeatedly conceded that Customers acted in good faith when they received the transfers at issue. All Customers have asserted in their respective answers one or more defenses raising legal issues common to the defenses asserted in the above-referenced *Cohen* adversary proceeding.

Pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Section 6(A) of the Litigation Procedures Order (Dkt No. 3141, dated November 10, 2010), Customers seek leave to file a motion to intervene as defendants in the *Cohen* adversary proceeding for the purpose of addressing the common legal issues that transcend the *Cohen* case and apply equally to their own pending adversary proceedings. Specifically, Customers want to be heard on two critical common legal issues raised in *Cohen*. The first is the scope of the "value" defense under Section 548(c), which permits a Customer to retain amounts that can be shown to have provided value to the debtor at the time of each alleged transfer under substantive non-bankruptcy law, including defense theories involving the satisfaction of antecedent debts or obligations; the adjustment of "value" conferred by Customers to reflect "constant dollars" or inflation; and the effect of unavoidable obligations incurred by the Debtor. The second issue is the availability and, if allowed, the rate and computation of prejudgment interest if a money judgment is entered against a defendant in an adversary proceeding.

Under the Federal Rules of Civil Procedure, a motion to intervene under Rule 24 is the proper procedural vehicle for Customers to seek leave to address common legal issues that vitally affect multiple cases. Customers recognize that this Court and the District Court have already addressed the scope of the value defense in prior proceedings. Each of those rulings, however, was made in the context of a preliminary motion to dismiss. Customers believe that the *Cohen* case will be the first instance where the Court will address the defense on its merits at trial. Likewise, Customers believe that the prejudgment interest question has not been litigated in



these proceedings. Because these issues transcend the individual case and will affect Customers' own adversary proceedings, Customers seek to be heard on these issues now, at a point where their input could affect the outcome.

Further, if the *Cohen* case becomes the lead case to test the scope of the value defense or the prejudgment interest question in the Madoff proceedings, Customers wish to be heard with all the rights of a party in the district court and the court of appeals. The Second Circuit has reiterated that, regardless of the court's own views of the merits of the issue on which intervention is sought, the right to be heard on such an issue at a meaningful time is independent of the merits of the legal issues presented. *See Oneida Indian Nation v. New York*, 732 F.2d 261, 265 (2d Cir. 1984) ("[E]xcept for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention.") (citations omitted).

Customers recognize that Mr. Cohen and the Trustee will need to make a specific factual record as to how much the value defense permits him to reduce the Trustee's claims. Customers ask for no role in the development of that factual record. Thus, intervention will not delay the trial of this case, which would presumably unfold as planned in the August 28 Revised Joint Pretrial Order. Dkt. No. 11154. Customers' request is limited to the opportunity to be involved in any pre-trial or post-trial briefing, and related oral argument, where the merits of the common legal issues are addressed by the Court.

The Second Circuit has made clear that, even when a pending litigation may not directly bind the proposed intervenor, intervention as of right is required if "there is a substantial likelihood that the claims and interests of the proposed intervenors … may be adversely affected at least by principles of stare decisis, arising out of the final judgment to be entered in this case." *Oneida*, 732 F.2d at 265. Customers note that the amount in controversy in the *Cohen* matter is only $1.1 million. Thus, practical limitations on the resources of a single defendant may prevent or limit the effort that such a defendant can devote to these discrete issues. By contrast, Customers have many millions at stake on these two issues and are heavily motivated to vigorously pursue a final resolution. A final decision by this Court (and the appellate courts) made without Customers' participation could functionally impair Customers' ability to pursue the "value" defense in their cases. In the context presented here, intervention is appropriate.

Customers only recently learned of the *Cohen* case trial setting, and promptly thereafter requested the parties' consent to intervention on the two issues outlined above. Although the defendant has consented – indeed, welcomes Customers' intervention – both the Trustee and SIPC refused to do so. The Trustee's main expressed reason for refusing is that the "facts and circumstances" of the *Cohen* defendant's case may not be "uniform" with respect to all Customers seeking to intervene. While the specific facts of each adversary proceeding may differ, the relevant legal issues for any good-faith defendant do not. Customers accordingly view as mere pretext the Trustee's contention that the scope of the legal defenses or the treatment of prejudgment interest could conceptually differ from one good-faith defendant to another.



For all these reasons, intervention is fully warranted, both as of right under Bankruptcy Rule 7024(a)(2) and permissively under Rule 7024(b)(1)(B). Customers are prepared to brief these issues on an expedited basis to suit the Court's schedule. Moreover, intervention will promote efficient judicial administration by allowing these common issues to be addressed on a unified, rather than piecemeal, basis. Intervention is consistent with the consolidated briefing of other key issues affecting multiple defendants, such as the application of the "securities contract/settlement payment" defense of Bankruptcy Code Section 546(e) and the question of the Trustee's standing. Indeed, Judge Rakoff previously recognized that "value" defense issues merited consolidated proceedings. This efficient and equitable practice should be continued here.

Counsel for the Customers are available for further discussion of the matter with the Court, and can submit such other information as may be helpful for the disposition of this request.

Respectfully submitted,

P. Gregory Schwed*
Partner

BAKER & MCKENZIE LLP*

By: /s/
    Richard A. Kirby – Tel: (202) 452-7020
    Email: richard.kirby@bakermckenzie.com

MILBERG LLP*

By: /s/
    Matthew A. Kupillas – Tel: (212) 613-5697
    Email: mkupillas@milberg.com

DENTONS*

By: /s/
    Carole Neville – Tel: (212) 768-6889
    Email: carole.neville@dentons.com

PRYOR CASHMAN LLP*

By: /s/
    Richard Levy Jr. – Tel: (212) 326-0886
    Email: rlevy@pryorcashman.com

cc: Nicholas Cremona, Esq. (ncremona@bakerlaw.com)
    Baker & Hostetler
    (Counsel for the Trustee)

    Kevin Bell, Esq. (SIPC) (kbell@sipc.org)

    Paul Z. Lewis, Esq. (PLewis@lewismckenna.com)
    Lewis & McKenna
    (Counsel for defendant, Andrew Cohen)

*See Annex A for list of clients and adversary proceedings.

# ANNEX A

### ADVERSARY CASES HANDLED BY LOEB & LOEB LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Kenneth Evenstad Trust, et al. | 10-4342 |
| Picard v. Kenneth Evenstad Trust, et al. | 10-4933 |
| Picard v. Mark Evenstad Trust, et al. | 10-4512 |
| Picard v. MBE Preferred Ltd Partnership, et al. | 10-4952 |
| Picard v. Serene Warren Trust, et al. | 10-4514 |
| Picard v. SEW Preferred Ltd Partnership, et al. | 10-4945 |

### ADVERSARY CASES HANDLED BY BAKER & McKENZIE LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Lanx | 10-4384 |
| Picard v. Lowery | 10-4387 |
| Picard v. South Ferry | 10-4488 |
| Picard v. South Ferry | 10-4350 |
| Picard v. ZWD | 10-4374 |

### ADVERSARY CASES HANDLED BY DENTONS US LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Alvin Gindel Revocable Trust, et al. | 10-4925 |
| Picard v. America-Israel Cultural Foundation | 10-5058 |
| Picard v. BAM L.P., et al. | 10-4401 |
| Picard v. Barbara Berson | 10-4415 |
| Picard v. Estate of Jack Shurman, et al. | 10-5028 |
| Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 10-5085 |
| Picard v. Laura E. Giggenheimer Cole | 10-4882 |
| Picard v. Sidney Cole | 10-4672 |
| Picard v. The Federica Ripley French Revocable Trust, et al. | 10-5424 |
| Picard v. James Greiff | 10-4357 |
| Picard v. Harold Hein | 10-4861 |
| Picard v. Toby T. Hobish, et al. | 10-5236 |
| Picard v. Ida Fishman Revocable Trust, et al. | 10-4777 |
| Picard v. Joel I. Gordon Revocable Trust | 10-4615 |
| Picard v. Lapin Children LLC | 10-5209 |
| Picard v. David Markin, et al. | 10-5224 |

| Case Name | Docket Number |
|---|---|
| Picard v. Stanley Miller | 10-4921 |
| Picard v. The Murray Family Trust, et al. | 10-4510 |
| Picard v. Neil Reger Profit Sharing Keogh, et al. | 10-5424 |
| Picard v. Rose Gindel Trust, et al. | 10-4401 |
| Picard v. S&L Partnership, et al. | 10-4702 |
| Picard v. Barry Weisfeld | 10-4332 |

### ADVERSARY CASES HANDLED BY MILBERG LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Gary Albert | 10-4966 |
| Picard v. Aspen Fine Arts Co. | 10-4335 |
| Picard v. Gerald Blumenthal | 10-4582 |
| Picard v. Norton A. Eisenberg | 10-04576 |
| Picard v. Elbert R. Brown Trust, et al. | 10-5398 |
| Picard v. The Estate of Ira S. Rosenberg, et al. | 10-4978 |
| Picard v. P. Charles Gabriele | 10-4724 |
| Picard v. Stephen R. Goldenberg | 10-04946 |
| Picard v. Ruth E. Goldstein | 10-04725 |
| Picard v. The Joseph S. Popkin Revocable Trust, et al. | 10-4712 |
| Picard v. Potamkin Family Foundation I, Inc. | 10-5069 |
| Picard v. Mitchell Ross | 10-4723 |
| Picard v. Richard Roth | 10-5136 |
| Picard v. Jonathan Sobin | 10-4540 |
| Picard v. Harold A. Thau | 10-4951 |
| Picard v. The William M. Woessner Family Trust, et al. | 10-4741 |

### ADVERSARY CASES HANDLED BY PRYOR CASHMAN LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Patrice M. Auld, et al. | 10-4343 |
| Picard v. Bernard Marden Profit Sharing Plan, et al. | 10-5429 |
| Picard v. Abraham J. Goldberg, et al. | 10-5439 |
| Picard v. Charlotte Marden Irrevocable Trust, et al. | 10-5118 |
| Picard v. James P. Marden, et al. | 10-4341 |
| Picard v. Marden Family Limited Partnership, et al. | 10-4348 |
| Picard v. Murray Pergament Trust, et al. | 10-5194 |
| Picard v. Stanley Plesent | 10-4375 |