**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01513 (SMB) |
| Plaintiff, | |
| v. | |
| CITIVIC NOMINEES LTD., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**TRUSTEE'S MOTION FOR LEAVE TO FILE AN AMENDED**
**COMPLAINT ADDING EUROCLEAR BANK, S.A./N.V. AS A DEFENDANT**

## I. INTRODUCTION

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), individually, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by his undersigned counsel, seeks leave under Rule 7015 of the Federal Rules of Bankruptcy Procedure and Rule 15 of the Federal Rules of Civil Procedure to file an Amended Complaint, a copy of which is attached as Exhibit A to the Trustee's Notice of Motion and Motion for Entry of Order Granting Motion for Leave to File an Amended Complaint Adding Euroclear S.A./N.V. as a Defendant. The original complaint names Citivic Nominees Ltd. ("Citivic") as the sole defendant. Following additional investigation, the Trustee now has a good faith basis to believe Citivic was acting on behalf of Euroclear Bank, S.A./N.V. ("Euroclear") with respect to the transfers the Trustee seeks to recover in this action. As such, the Trustee seeks to amend his complaint to name Euroclear as a defendant.

## II. STANDARD

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading upon leave of the court and provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Furthermore, on a motion for leave to amend, a court need not decide the merits of a proposed claim "but merely satisfy itself that it is colorable and not frivolous." *Sumitomo Electric Research Triangle, Inc. v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y 1986).

Under Rule 15 of the Federal Rules of Civil Procedure, an amendment adding a party to a

complaint after the statute of limitations has run relates back to a timely-filed complaint if: (1) the amendment asserts a claim arising from the same "conduct, transaction or occurrence" in the original complaint; and (2) within the time period provided by Rule 4(m) for serving the summons and complaint, the party to be added (i) "received such notice of the action that it will not be prejudiced in defending on the merits" and (ii) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B–C).

In deciding whether to grant leave to amend, the applicable standard is whether: (i) the party seeking the amendment has not unduly delayed; (ii) the party seeking the amendment is acting in good faith; (iii) the opposing party will be prejudiced; and (iv) the amendment will be futile:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman,* 371 U.S. at 182.

### III. DISCUSSION

The Trustee has acted in good faith and without undue delay in seeking leave to file the Amended Complaint. The Trustee has worked relentlessly in investigating one of the largest financial frauds in U.S. history. As part of this investigation, the Trustee has collected and examined millions of documents. Using these documents, the Trustee has traced transfers of

2

customer property[1] from BLMIS to various Madoff feeder funds and their investors.

On June 12, 2012, the Trustee filed the complaint against Citivic to recover approximately $59,720,400 million in subsequent transfers of customer property. The Trustee alleged that BLMIS initially transferred a portion of the customer property to Fairfield Sentry Limited ("Fairfield Sentry"), a BLMIS feeder fund created and managed by Fairfield Greenwich Group ("FGG") that maintained accounts with BLMIS's investment advisory business. Fairfield Sentry subsequently transferred a portion of that customer property to defendant Citivic.[2]

On March 5, 2013, Citivic made a representative available to the Trustee for an informal interview, during which Citivic represented it acted as a conduit with respect to the transfers it received from Fairfield Sentry. Citivic represented that it acted as special depositary on behalf of Euroclear, and all redemption proceeds from Fairfield Sentry were transferred directly to Euroclear. Further, Citivic's representative informed the Trustee it notified Euroclear of the instant suit on or about the date of Citivic's receipt of suit.

On June 17, 2013, Trustee's counsel served Euroclear with a Subpoena for Rule 2004 Examination seeking documents related to the beneficial owners of Fairfield Sentry, Fairfield Sigma Limited, and/or Fairfield Lambda Limited (collectively, the "Fairfield Funds") shares held in Citivic's name.

On July 24, 2013, Euroclear made its first of three document productions in response to the Trustee's Rule 2004 subpoena. In its initial response, Euroclear indicated it would "continue

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

[2] The Trustee's original complaint included a count for the recovery of a subsequent transfer Citivic received from Kingate Global Fund Ltd., another BLMIS feeder fund. On June 25, 2015, this Court entered a so ordered stipulation dismissing without prejudice this count. (ECF No. 50.)

3

to communicate with [the Trustee] with respect to the list of 'Madoff Feeder Funds Identified for Euroclear.'"

On February 14, 2014, Euroclear made its second production of documents to the Trustee, which according to Euroclear, was responsive to the list produced by the Trustee of "Madoff Feeder Funds Identified for Euroclear."

After numerous discussions back and forth between the Trustee's counsel and Euroclear's counsel, on March 27, 2014, Euroclear made its third and final production of documents. In the cover letter to this production, Euroclear stated that:

> [The Trustee's] February email also requested that Euroclear produce a list of Euroclear's clients with holdings in Fairfield Sentry and Fairfield Sigma that held those holdings through Citivic. After discussion with my client, I report to you that there is no such list, nor could Euroclear generate a list of such clients for the relevant time period.

The Trustee subsequently conducted an exhaustive examination of the 78,810 total pages of documents produced by Euroclear, and found that he could not determine the identity of Euroclear's clients with holdings in Fairfield Sentry that held those holdings through Citivic. As a result, the Trustee now seeks leave to amend his complaint to add Euroclear as a defendant because the Trustee's investigation reveals it received subsequent transfers of BLMIS customer property from Fairfield Sentry.

Accordingly, the Trustee has acted in good faith and without undue delay in seeking leave to file his Amended Complaint. *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (upholding leave to amend pleading four years after complaint was filed). The amendment would allow the Trustee to seek recovery of customer property from a subsequent transferee, states claims upon which relief can be granted, and would not otherwise be futile. *See Kaster v. Modification Sys., Inc.*, 731 F.2d 1014, 1018 (2d Cir. 1984) ("That [an]

4

amendment[] would not serve any purpose is a valid ground to deny a motion for leave to amend.")

Euroclear will not suffer any prejudice. Citivic has not answered the complaint, and no discovery has occurred in this action. The pre-trial conference in this matter is scheduled for March 30, 2016, over six months from the time of this filing. (ECF No. 55.) Euroclear has been represented by counsel in connection with this matter since at least 2013, has been on notice of the action almost immediately after it was filed, and has already expended resources producing documents. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (determining prejudice based on whether amendment would significantly delay the resolution or require opponent to expend significant additional resources to conduct discovery and prepare for trial). While consolidated briefing on the extraterritoriality territoriality issue is nearly complete, the Court could include Euroclear in the briefing, or review individual briefing contemporaneously with the consolidated briefing as it recently indicated it would do for the Bureau of Labor Insurance, a defendant in a different adversary proceeding. *See* Transcript of Oral Argument on Motion for Judgment on the Pleadings at 20, *Picard v. Bureau of Labor Ins.*, No. 11-02732 (BRL) (Bankr. S.D.N.Y. July 29, 2015), ECF No. 99.

The original complaint and the proposed Amended Complaint rely upon the same facts, conduct, and transfers of customer property at issue. Upon information and belief, Citivic acted on behalf of Euroclear, and according to Citivic, Euroclear was the beneficial owner of Citivic's Fairfield Sentry shares, and received the transfers at issue directly from Fairfield Sentry. As discussed above, the Trustee initially brought suit only against Citivic, and not Euroclear, due to the mistaken belief that Citivic was the account holder of record in Fairfield Sentry's administrative records. Only after suit was filed was the Trustee made aware that Citivic

5

purportedly acted as a conduit on behalf of Euroclear. *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (where both complaints are premised upon same facts and conduct, additional defendant was mistakenly omitted from original complaint and the additional defendant is not prejudiced by the delay, the amended complaint may 'relate back' to a timely filed complaint and escape the statute of limitations); *see also Randall's Island Family Golf Ctrs. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs.)*, 2002 Bankr. LEXIS 1247, at *9 (Bankr. S.D.N.Y. Nov. 8, 2002) (Bernstein, J.) ("The focus is on the plaintiff's knowledge at the time of the original pleading.")

Citivic provided Euroclear with actual notice of the Trustee's action at the time it was served with the complaint, which was within the time period set forth in Federal Rule 4(m). *See Singletary v. Pennsylvania Depart. of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) ("Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means.") Euroclear purportedly directed Citivic's actions with respect to the transfers. As a result, Euroclear had knowledge since the outset of the case that it was the proper defendant and will suffer no prejudice as a result. *See Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2498 (2010) (holding amendment of complaint to correctly identify defendant related back where defendant knew or should have known it was the appropriate defendant).

Finally, upon being granted leave to file an Amended Complaint naming Euroclear as a defendant and effectuating service of process on Euroclear, the Trustee shall dismiss Citivic as a defendant in this action. Citivic has indicated that it has no objection to the Trustee's motion.

6

## IV.   CONCLUSION

Accordingly, for the reasons stated above, the Trustee respectfully requests that the Court grant him leave to file the attached Amended Complaint Adding Euroclear Bank, S.A./N.V. as a defendant.

Dated: September 25, 2015  
New York, New York

*/s/* Thomas L. Long  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone:  (212) 589-4200  
Facsimile:  (212) 589-4201  
David J. Sheehan  
Thomas L. Long  
Catherine E. Woltering

**Baker & Hostetler LLP**  
Capital Square  
65 E. State St., Suite 2100  
Columbus, Ohio 43215-4260  
Telephone:  (614) 228-1541  
Facsimile:  (614) 462-2616  
Brian R. Noethlich

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA*  
*Liquidation of Bernard L. Madoff Investment*  
*Securities LLC and estate of Bernard L.*  
*Madoff*