# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 28, 2015

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**
**(BERNSTEIN.CHAMBERS@NYSB.USCOURTS.GOV)**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

  Re: *Picard v. 1096-1100 River Road Associates, LLC, et al.*, Adv. Pro. No. 10-05390

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff. We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), with respect to the failure of the defendants in the above-referenced adversary proceeding to comply with this Court's order issued on August 24, 2015 directing the defendants to serve discovery ("Discovery Order," ECF No. 51).

On December 1, 2014, the Trustee served the Trustee's initial disclosures; on March 11, 2015, the Trustee served the Trustee's First Set of Interrogatories ("Interrogatories"); and on June 29, 2015, the Trustee served the Trustee's First Set of Requests for Admission ("RFAs") and First Set of Requests for the Production of Documents ("RFPs"). Defendants did not serve initial disclosures or respond to the Trustee's discovery before the deadline for completion of fact discovery on July 29, 2015. On August 24, 2015, after a hearing, the Court entered the Discovery Order requiring defendants to serve initial disclosures on September 4, 2015 and serve responses to the Trustee's Interrogatories, RFAs, and RFPs by September 18, 2015.

Honorable Stuart M. Bernstein
September 28, 2015
Page 2

On September 18, 2015, defendants served responses to the RFAs ("RFA Responses") (enclosed). To date, defendants have not served initial disclosures or responded to the Trustee's RFPs or Interrogatories, as directed in the Discovery Order.

Defendants' RFA Responses are wholly insufficient. In the RFA Responses, defendants deny each of the Trustee's requests on the ground that BLMIS customer statements are "bogus" and "cannot in in [sic] good faith be relied upon." (*See, e.g.*, Response to RFAs Nos. 1-4.) These denials do not respond to the substance of the request as required by Fed. R. Civ. P. 36(a)(4), made applicable to this proceeding by Fed. R. Bankr. P. 7036. The RFA Responses also make clear that defendants have failed to make a reasonable inquiry concerning the Trustee's requests.

The Trustee's counsel attempted to confer with counsel for defendants in a good faith effort to resolve the matter by agreement without the intervention of the Court, as required by this Court's Local Rules and your Honor's Chambers' Rules. On September 10, 2014, Trustee's counsel emailed defendants' counsel to remind them that the initial disclosures were due on September 4. However, as of today, defendants' counsel has failed to serve initial disclosures or any other written responses to the Trustee's discovery requests as directed by the Court, except for the deficient RFA Responses.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests a conference with the Court to request permission to bring a motion (1) under Fed. R. Civ. P. 36(a)(6), for an order directing that the matters addressed by the RFAs be admitted, and (2) under Fed. R. Civ. P. 37(b)(2)(A), for sanctions against defendants for failure to comply with the Discovery Order. We are requesting that the RFAs be admitted because we plan to move for summary judgment in this matter.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona

Enclosure

cc:   Marc Hirschfield
      Richard Abrahamsen
      Peter Shapiro
      Edward Jacobs
      Ferve Ozturk

**ENCLOSURE**

**Abrahamsen Law Firm, LLC**
**515 Madison Ave**
**6th Floor**
**New York, NY 10022**
**201-840-5660**
**201-840-5663 –fax-**

Attorney for Fred A. Daibes

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SECURITIES INVESTOR PROTECTION
CORPORATION                                                                  Adv. Pro. No. 08-01789 (SMB)

       Plaintiff-Applicant,
                                                SIPA LIQUIDATION

v.

BERNARD L. MADOFF                                                      (Substantively Consolidated)

       Debtor.

_____

In re:

Bernard L. Madoff,

       Debtor

_____

IRVING H. PICARD, Trustee for the
Liquidation Of Bernard L. Madoff
Investment Securities LLC,

       Plaintiff,                                                                          Adv. Pro. No. 10-05390 (SMB)
v.

1096-1100 River Road Associates, LLC;
Fred A. Daibes, LLC;                                                            Response to Request for Admissions
Fred A. Daibes

_____

1. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

2. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

3. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

4. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

5. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

6. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

7. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

8. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

9. Defendant denies the allegations of paragraph 9 in good faith.

10. Defendant denies the allegations of paragraph 10 in good faith.

11. Defendant denies the allegations of paragraph 11 in good faith.

12. Defendant denies the allegations of paragraph 12 in good faith.

Dated: September 18, 2015

**s/ Richard Abrahamsen**
**Richard Abrahamsen Esq.**
**515 Madison Ave, 6th Floor**
**New York, NY 10022**
**201-840-5660**
**201-840-5663(fax)**
**rja.attorney@gmail.com**