# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 28, 2015

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   Adv. Pro. No. 10-04918 (SMB); *Irving H. Picard v. Ellen Bernfeld*
      Adv. Pro. No. 10-05143 (SMB); *Irving H. Picard v. Marilyn Bernfeld Trust*
      Adv. Pro. No. 10-04841 (SMB); *Irving H. Picard v. Michael A. Bellini and Judith Bellini*

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, with respect to a discovery dispute in the above-referenced adversary proceedings.

    The Trustee intends to move for an order compelling Defendants to submit Initial Disclosures, discovery responses, and to produce documents responsive to the Trustee's discovery requests.

    Pursuant to the parties' agreed upon Case Management Notices, attached as Exhibit A, Defendants' Initial Disclosures were due August 27, 2014. Despite numerous written conferrals, copies of which are attached as Exhibit B, on September 23, 2014, December 4, 2014, January 12, 2015, January 14, 2015, January 28, 2015, June 24, 2015, July 8, 2015, August 10, 2015, and September 1, 2015, Defendants have yet to comply with their discovery obligations. In fact, defense counsel has ignored most of

Honorable Stuart M. Bernstein
September 28, 2015
Page 2

our letters and e-mails and failed to return many of our calls and voicemails. Defense counsel did agree on January 12, 2015 to tender Defendants' Initial Disclosures, but to date, has failed to do so.

On July 6, 2015, the Trustee served Requests for Admission, Interrogatories, and Requests for Production in Adv. Pro. No. 10-04918, responses to which were due on August 10, 2015. On July 14, the Trustee served Requests for Admission, Interrogatories, and Requests for Production in Adv. Pro. Nos. 10-05143 and 10-04841, responses to which were due on August 13, 2015. On August 5, 2015, counsel requested a 51 day extension to respond to the Trustee's discovery requests. We followed up on August 7, 2015 and again on August 10, 2015, explaining that we were not inclined to grant the requested extension given upcoming fact discovery deadlines, but would extend until September 4, 2015. We reminded counsel of this deadline on September 1, 2015 via email, to which he responded that he was "working on it" and recognized that "we are beyond the standard due dates." Notwithstanding, as of the date of this correspondence, Defendants have yet to respond to any of the Trustee's discovery requests.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests a conference with the Court to request permission to bring a motion (1) compelling Defendants to respond to all discovery propounded by the Trustee and (2) under Fed. R. Civ. P. 36(a)(6) and as incorporated by Bankruptcy Rule 7036, for an order directing that the matters addressed by the Requests for Admission be admitted so that the Trustee may move for summary judgment.

                         Respectfully submitted,

                         */s/ Nicholas J. Cremona*
                         Nicholas J. Cremona

Enclosures

cc:  Timothy Wedeen
      Wedeen & Kavanaugh
      19 Phelps Avenue, 3rd Floor
      Tenefly, NJ 07670
      timothy.wedeen@gmail.com