**Holder, Casey**

| | |
|---|---|
| **From:** | Holder, Casey |
| **Sent:** | Tuesday, September 23, 2014 8:50 AM |
| **To:** | timothy.wedeen@gmail.com |
| **Cc:** | Smith, Rachel M.; Nunes, Titus |
| **Subject:** | Adv. Pro. Nos. 10-04841 (Picard v. Michael A. Bellini); 10-04918 (Picard v. Ellen Bernfeld); 10-04841 (Picard v. Michael A. Bellini) |

Good Morning Mr. Wedeen,

As you are aware, pursuant to the Case Management Notices filed in the above referenced matters, initial disclosures were to be served on or before August 27, 2014. We provided you with the Trustee's disclosures on August 22, but to date have not received any disclosures from your clients. If you sent them and we somehow missed them, please let me know when and to whom they were sent so I can locate them. If not, we request that you provide us copies of your clients' disclosures as soon as possible.

Additionally, we are prepared to produce documents pertaining to the above referenced matters upon receipt of executed copies of the Non-Disclosure Agreements and Undertaking and Consent to Be Bound to Litigation Protective Order previously provided. Upon receipt of these signed documents, we will forward to you the Trustee's initial document production.

Best regards,
Casey

**Web site**

T 713.276.1614
F 713.751.1717
www.bakerlaw.com

**Casey Holder**
cholder@bakerlaw.com

BakerHostetler
811 Main Street
Suite 1100
Houston, TX 77002-6111

**BakerHostetler**

1

# Exhibit B

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

December 4, 2014

**Via Email and First Class Mail**

Timothy Wedeen
Wedeen & Kavanagh
19 Phelps Avenue, 3rd Floor
Tenefly, NJ 07670
Timothy.weeden@gmail.com

Re:   Adv. Pro. No. 10-04918 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Ellen Bernfeld*; Adv. Pro. No. 10-05143 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Marilyn Bernfeld Trust, et. al.*; Adv. Pro. No. 10-04841 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Michael A. Bellini and Judith Bellini*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

This letter is to serve as a reminder that the Trustee has not yet received Defendants' Initial Disclosures in the above referenced adversary proceedings. Pursuant to the parties' Case Management Notice, Initial Disclosures were due on August 27, 2014. The Trustee's Initial Disclosures were provided to counsel on August 22, 2014, reminding counsel that the Trustee has not yet received executed copies of the Non-Disclosure Agreement and Undertaking and Consent to Be Bound to the Litigation Protective Order, both of which are required before the Trustee's initial document production may be forwarded. We have not received these documents, the disclosures, or any communication as to status.

Please be advised that we are prepared to produce documents pertaining to these adversary proceedings upon receipt of executed copies of the enclosed Non-Disclosure Agreement and Undertaking and Consent to Be Bound to Litigation Protective Order. Upon receipt of the same, we will forward to you the Trustee's initial document production.

Timothy Wedeen
December 4, 2014
Page 2

      Before taking further action as provided for by the Local Rules of the United States Bankruptcy Court or seeking court intervention, we are extending, as a professional courtesy, this reminder of your client's obligation to provide Initial Disclosures.

      If you have previously sent the disclosures and accompanying documents, please let us know when you sent them and to whom they were addressed so we may locate them.

      If you have any questions regarding any of the above, please feel free to contact me or Rachel Smith at 713.646.1386.

      Regards,

      Dean D. Hunt

Enclosures

## Holder, Casey

| | |
|---|---|
| **From:** | Holder, Casey |
| **Sent:** | Monday, January 12, 2015 3:57 PM |
| **To:** | 'timothy.wedeen@gmail.com' |
| **Cc:** | Hunt, Dean D.; Smith, Rachel M.; Hochmuth, Farrell; Pector, Michelle |
| **Subject:** | FW: Adv. Pro. Nos. 10-04918, 10-05143, and 10-04841 - Overdue Initial Disclosures |
| **Attachments:** | Adv. Pro. Nos. 10-04918, 10-05143, 10-04841 - Conferral Letter to Counsel re Overdue Initial Disclosures - 4 Dec 2014.pdf; Non Disclosure Agreement for E-Data Room 1.pdf; Undertaking and Consent to Be Bound by the LPO.PDF |

Good Afternoon Mr. Wedeen,

Pursuant to our telephone conversation earlier today, I am forwarding my previous correspondence to you relating to Adv. Pro. No. 10-04918, 10-05143, and 10-04841.

Please let me know if you have any questions or concerns.

Best regards,
Casey

---

**From:** Holder, Casey
**Sent:** Thursday, December 04, 2014 12:59 PM
**To:** 'timothy.wedeen@gmail.com'
**Cc:** Hunt, Dean D.; Smith, Rachel M.; Hochmuth, Farrell
**Subject:** Adv. Pro. Nos. 10-04918, 10-05143, and 10-04841 - Overdue Initial Disclosures

Mr. Wedeen,

Please see the attached correspondence relating to Adv. Pro. Nos. 10-04918, 10-05143, and 10-04841. A hard copy of the same is being sent to your office.

Please let me know if you have any questions or concerns.

Best regards,
Casey



| My Bio | Web site | vCard |
|---|---|---|
| T  713.276.1614<br>F  713.751.1717<br>www.bakerlaw.com | **Casey Holder**<br>cholder@bakerlaw.com<br><br>BakerHostetler<br>811 Main Street<br>Suite 1100<br>Houston, TX 77002-6111 | |

# Holder, Casey

| | |
|---|---|
| **From:** | Holder, Casey |
| **Sent:** | Wednesday, January 14, 2015 9:08 AM |
| **To:** | 'timothy.wedeen@gmail.com' |
| **Subject:** | Adv. Pro. Nos. 10-04918, 10-05143, and 10-04841 - Overdue Initial Disclosures |

Hi Mr. Wedeen,

This message is to confirm that you received my previous email on Monday, January 12, regarding overdue Initial Disclosures in the above referenced matters as well as outstanding forms that need to be signed before the Trustee can produce documents in these matters.

Please confirm that you received this message. Please let me know if you have any questions.

Best regards,
Casey



| My Bio | Web site | vCard |
|---|---|---|
| T 713.276.1614  F 713.751.1717  www.bakerlaw.com | **Casey Holder**  cholder@bakerlaw.com  BakerHostetler  811 Main Street  Suite 1100  Houston, TX 77002-6111 | |

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

January 28, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA EMAIL AND FIRST CLASS MAIL**
Timothy Wedeen (Timothy.weeden@gmail.com)
Wedeen & Kavanagh
19 Phelps Avenue, 3rd Floor
Tenefly, NJ 07670

Re:   Adv. Pro. No. 10-04918 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Ellen Bernfeld*; Adv. Pro. No. 10-05143 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Marilyn Bernfeld Trust, et. al.*; Adv. Pro. No. 10-04841 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Michael A. Bellini and Judith Bellini*: In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Pursuant to Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court of the Southern District of New York, this letter represents another attempt to confer with you regarding your clients' failure to tender Initial Disclosures in the above-referenced adversary proceeding.

Defendants' Initial Disclosures were due on August 27, 2014.  Despite, prior conferral attempts on September 23, 2014, December 4, 2014, and January 9, 2015, Defendants continue to ignore their discovery obligations.  Likewise, despite your verbal representation to my colleague, Casey Holder, on January 12, 2015 that Defendants would provide Initial Disclosures, we have yet to receive the disclosures or the executed Non-Disclosure Agreement and Undertaking and Consent to be Bound to the Litigation Protective Order.  Defendants' failure to tender Initial Disclosures is a violation of their legal obligations under the Federal Rules of Civil Procedure and the Local Rules of the Bankruptcy Court.

Before resorting to Court intervention as provided for by Judge Bernstein's Chambers' Rules and by the Local Rules, we request that Defendants tender Initial Disclosures to my office by no later than the close of business on Wednesday, February 4, 2015.

Mr. Wedeen
VIA EMAIL AND FIRST CLASS MAIL
Page 2

I look forward to your prompt cooperation in resolving this discovery issue. To the extent you have any questions regarding the above, please contact either me or Rachel Smith at 713-751-1600.

Sincerely,

Dean Hunt

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

June 24, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**_Via Email: Timothy.weeden@gmail.com_**
**_And First Class Mail_**
Timothy Wedeen
Wedeen & Kavanagh
19 Phelps Avenue, 3rd Floor
Tenefly, NJ 07670

Re:   Adv. Pro. No. 10-04918 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Ellen Bernfeld*; Adv. Pro. No. 10-05143 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Marilyn Bernfeld Trust, et. al.*; Adv. Pro. No. 10-04841 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Michael A. Bellini and Judith Bellini*: In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Under Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court, this letter is another attempt to confer with you regarding your clients' failure to tender Initial Disclosures.

Defendants' Initial Disclosures were due on August 27, 2014. Despite prior conferral attempts, copies of which are enclosed, on September 23, 2014, December 4, 2014, January 9, 2015, and January 28, 2015, and several phone calls to your office, Defendants continue to ignore their discovery obligations. On January 12, 2015 you told Casey Holder that Defendants would provide Initial Disclosures. We have not received the disclosures or the executed Non-Disclosure Agreement and Undertaking and Consent to be Bound to the Litigation Protective Order.

Seeking to avoid Court intervention under Judge Bernstein's Chambers' Rules and the Local Rules, please send the Initial Disclosures by Wednesday, August 1, 2015.

Sincerely,

Dean Hunt

Enclosures

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

## Holder, Casey

| | |
|---|---|
| **From:** | Holder, Casey |
| **Sent:** | Wednesday, July 08, 2015 8:20 AM |
| **To:** | 'Timothy Wedeen' |
| **Subject:** | RE: Adv. Pro. No. 10-04918 (Picard v. Ellen Bernfeld) Trustee's First Requests for Admission, Interrogatories, and Requests for Production |
| **Attachments:** | Non Disclosure Agreement for E-Data Room 1.pdf; Undertaking and Consent to Be Bound by the LPO.PDF |

That is correct, and Requests for Admission, Interrogatories, and Requests for Production in the remaining two cases is forthcoming.

As a reminder, we have yet to receive Initial Disclosures in any of the three cases, nor have we received signed Non-Disclosure Agreements or Undertaking and Consent to Be Bound documents. We will not be able to produce documents until we have received these documents, which I have attached here for your convenience.

**Casey Holder | BakerHostetler**
811 Main Street | Suite 1100 | Houston, TX 77002-6111
T 713.276.1614 | F 713.751.1717
cholder@bakerlaw.com


**From:** Timothy Wedeen [mailto:timothy.wedeen@gmail.com]
**Sent:** Tuesday, July 07, 2015 6:28 PM
**To:** Holder, Casey
**Subject:** Re: Adv. Pro. No. 10-04918 (Picard v. Ellen Bernfeld) Trustee's First Requests for Admission, Interrogatories, and Requests for Production

Why only for Ellen Bernfeld?  There are two other cases?

On Mon, Jul 6, 2015 at 6:27 PM, Holder, Casey <cholder@bakerlaw.com> wrote:

Dear Counsel:


Enclosed please find the Trustee's First Set of Requests for Admission, Interrogatories, and Requests for Production to Defendant Ellen Bernfeld in the above referenced adversary proceeding. A hard copy of the same is being sent to your attention via first class mail.


Should you have any questions, please let us know.


Best regards,

Casey

1

**Casey Holder** | **BakerHostetler**
811 Main Street | Suite 1100 | Houston, TX 77002-6111
T 713.276.1614 | F 713.751.1717
cholder@bakerlaw.com

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

--
www.NYCMetroLaw.com

Timothy Wedeen
Wedeen & Kavanagh
41 Union Square West, Suite 325
New York, NY   10003
646-963-6808

19 Phelps Avenue, 3rd Floor
Tenafly, NJ   07670
646-963-6808

## Holder, Casey

| | |
|---|---|
| **From:** | Holder, Casey |
| **Sent:** | Monday, August 10, 2015 8:46 AM |
| **To:** | 'Timothy Wedeen' |
| **Cc:** | Hunt, Dean D.; Hochmuth, Farrell; Smith, Rachel M. |
| **Subject:** | RE: Adv. Pro. No. 10-05143 (Picard v. Marilyn Bernfeld Trust et al.) - Trustee's First Requests for Admission, Interrogatories, and Requests for Production |
| **Attachments:** | Non Disclosure Agreement for E-Data Room 1.pdf; Undertaking and Consent to Be Bound by the LPO.PDF |

Mr. Wedeen,

We received your email request for an extension of time to respond to the Trustee's Requests for Admission, Interrogatories, and Requests for Production in Adv. Pro. Nos. 10-05143 (Marilyn Bernfeld Trust), 10-04918 (Ellen Bernfeld), and 10-04841 (Bellini). In follow up to my voicemail on August 7, 2015, to date, we have yet to receive any responsive documents in any of the three matters. Initial Disclosures in all three cases are now nearly a year overdue, despite several emails and phone calls requesting the Initial Disclosures, as well as the Non-Disclosure Agreement and Undertaking and Consent to be Bound (again attached).

Moreover, fact discovery in each of these cases closes in early October. Given your near complete non-responsiveness thus far, we are not inclined to grant an extension of time. If we do not receive the responses to discovery in each case on the dates they are due, we will request a conference with Judge Bernstein. As a reminder, responses in Adv. Pro. No. 10-04918 (Ellen Bernfeld) are due August 10, 2015, and responses in Adv. Pro. Nos. 10-05143 (Marilyn Bernfeld Trust) and 10-04841 (Bellini) are due August 17, 2015.

Best regards,
Casey


**Casey Holder** | **BakerHostetler**
811 Main Street | Suite 1100 | Houston, TX 77002-6111
T 713.276.1614 | F 713.751.1717
cholder@bakerlaw.com


**From:** Timothy Wedeen [mailto:timothy.wedeen@gmail.com]
**Sent:** Wednesday, August 05, 2015 11:56 AM
**To:** Holder, Casey
**Cc:** Hunt, Dean D.; Hochmuth, Farrell; Smith, Rachel M.
**Subject:** Re: Adv. Pro. No. 10-05143 (Picard v. Marilyn Bernfeld Trust et al.) - Trustee's First Requests for Admission, Interrogatories, and Requests for Production

Ms. Holder:

Will you consent to an enlargement of time for my clients to respond to these (including the additional Bernfeld matter)?

Of particular concern are the admissions, which have a strict time limit.

I would request until September 30, 2015, if that is possible.

1

On Tue, Jul 14, 2015 at 11:16 AM, Holder, Casey <cholder@bakerlaw.com> wrote:

Dear Counsel:

Enclosed please find the Trustee's First Set of Requests for Admission, Interrogatories, and Requests for Production to Defendants the Marilyn Bernfeld Trust, the Herbert Bernfeld Residuary Trust, H&E Company – A Partnership, Bernfeld Joint Venture – A Partnership, Marilyn Bernfeld, Ellen Bernfeld, and Thomas Bernfeld in the above referenced adversary proceeding. A hard copy of the same is being sent to your attention via first class mail.

Should you have any questions, please let us know.

Best regards,

Casey

**Casey Holder** | **BakerHostetler**
811 Main Street | Suite 1100 | Houston, TX 77002-6111
T 713.276.1614 | F 713.751.1717
cholder@bakerlaw.com

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

--

www.NYCMetroLaw.com

Timothy Wedeen
Wedeen & Kavanagh
41 Union Square West, Suite 325
New York, NY   10003
646-963-6808

19 Phelps Avenue, 3rd Floor
Tenafly, NJ   07670
646-963-6808

3

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

September 1, 2015

**VIA EMAIL AND FIRST CLASS MAIL**
Timothy Wedeen (Timothy.weeden@gmail.com)
Wedeen & Kavanagh
19 Phelps Avenue, 3rd Floor
Tenefly, NJ 07670

Re:  *Ellen Bernfeld* (Adv. Pro. No. 10-04898), *Marilyn Bernfeld Trust, et.al;* (Adv. Pro. No. 10-05143) and *Michael A. and Judith Bellini* (Adv. Pro. No. 10-04841)

Dear Mr. Weeden:

This letter is a final attempt to get you to provide Initial Disclosures and a reminder that your discovery responses are due on Friday. There will be no further extensions.

We have repeatedly reminded you of your clients' failure to serve Initial Disclosures, which were due in August 2014. We wrote seven times over the past twelve months requesting them. A year has passed and they have not been served.

In July, we served discovery in each case. It was due in August. Then, to accommodate your schedule, we extended the deadline to September 4.

On August 21, Judge Bernstein signed an order compelling similarly situated defendants to serve Initial Disclosures and respond to the Trustee's discovery. The order is attached.

Please respond. If we do not receive responses on Friday, we will call you on Monday to comply with Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court prior to filing a letter with Judge Bernstein seeking an informal conference to discuss the issues.

Sincerely,

Dean Hunt

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 6, 2015

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL
(BERNSTEIN.CHAMBERS@NYSB.USCOURTS.GOV)**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. 1096-1100 River Road Associates, LLC, et al.*, Adv. Pro. No. 10-05390
      (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff.  We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), with respect to defendants' failure to comply with any of their discovery obligations under the Federal Rules of Civil Procedure.

On December 1, 2014, the Trustee served the Trustee's initial disclosures; on March 11, 2015, the Trustee served the Trustee's First Set of Interrogatories; and on June 29, 2015, the Trustee served the Trustee's First Set of Requests for Admission and First Set of Requests for the Production of Documents.  Under the Case Management Notice filed in this proceeding, the deadline for completion of fact discovery was July 29, 2015.  Yet Defendants have neither served initial disclosures nor responded to any of the Trustee's written discovery.

The Trustee's counsel attempted to confer with counsel for defendants in a good faith effort to resolve by agreement the matter without the intervention of the Court, as required by this Court's Local Rules and your Honor's Chambers' Rules.  In addition to several telephone messages, the Trustee's counsel emailed defendants' counsel on January 13, 2015 to inquire as to defendants' failure to serve initial disclosures, but did not receive any response.  On July 20, 2015, the Trustee sent counsel a letter outlining the deficiencies and stating that the Trustee would exercise his rights to remedy the

Honorable Stuart M. Bernstein
August 6, 2015
Page 2

discovery deficiencies absent immediate and complete compliance with defendants' discovery obligations.  Counsel did not respond to this message.  On August 4, 2015 and again on August 5, 2015, the Trustee's counsel telephoned counsel and left additional messages.  Counsel failed to return these calls.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests a conference with the Court to resolve this matter.  Such a conference will assist the Trustee in completing the discovery to which he is entitled in these proceedings, and will hopefully obviate the need for discovery-related motion practice.

Sincerely,

/s/ Edward J. Jacobs


Edward J. Jacobs
Partner


cc:   Ferve Ozturk
      Marc Hirschfield
      Richard Abrahamsen
      Peter Shapiro

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |
| v. | |
| 1096-1100 RIVER ROAD ASSOCIATES, LLC; FRED A. DAIBES, LLC; and FRED A. DAIBES; | |
| Defendants. | |

**ORDER GRANTING ORAL MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**THIS MATTER** having come before the Court on the letter request of Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff, filed on August 6, 2015 [ECF No. 48] (the "Letter Request") seeking a conference concerning the failure of the defendants (the "Defendants") in

the above-captioned adversary proceeding ("the Adversary Proceeding") to serve initial disclosures, serve responses to discovery served by the Trustee, and produce documents requested by the Trustee; and the Court having held a hearing (the "Hearing") on the Letter Request on August 20, 2015 at 11:00 a.m.; and Defendants' counsel having stated at the Hearing that Defendants do not oppose the Letter Request; and the Court having treated the Letter Request as an oral motion for entry of an order compelling Defendants to serve initial disclosures, serve discovery responses, and produce documents and having issued a bench ruling (the "Bench Ruling") at the Hearing; and the Court having granted such motion and having directed the Trustee to submit an order after consultation with Defendants' counsel,

**IT IS HEREBY ORDERED THAT:**

In accordance with the Bench Ruling, as incorporated herein, Defendants shall (1) serve initial disclosures in the Adversary Proceeding by **September 4, 2015**; (2) respond to the Trustee's First Set of Interrogatories, served on March 11, 2015, by **September 18, 2015**; and (3) respond to the Trustee's First Set of Requests for Admission and First Set of Requests for the Production of Documents, each served on June 29, 2015, by **September 18, 2015**.

Dated: August 21st, 2015
      New York, New York

                                           /s/ STUART M. BERNSTEIN

                                           HONORABLE STUART M. BERNSTEIN