**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
S. Jeanine Conley

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br><br>       v.<br><br>S. DONALD FRIEDMAN, individually and in his capacity as a beneficiary of an Individual Retirement Account, SAUNDRA FRIEDMAN, BROADWAY-ELMHURST CO. LLC, and ARI FRIEDMAN,<br><br>           Defendants. | Adv. Pro. No. 10-05395 (SMB) |

## SEVENTH AMENDED CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), and Defendants S. Donald Friedman, Saundra Friedman, Broadway-Elmhurst Co. LLC and Ari Friedman (collectively, the "Parties" and each individually, a "Party") hereby submit the following Seventh Amended Case Management Plan (the "Plan"), pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Bankruptcy Rules 7016 and 7026.[1]

1. Status of Pleadings.

    (a) Defendants have answered the Amended Complaint.

2. Discovery Plan.

    (a) Initial Disclosures: The Parties served Initial Disclosures required under Rule 26 on **June 24, 2011**. The Trustee served Amended Initial Disclosures on **March 1, 2012**. The Trustee has also made available additional documents relating to BLMIS's insolvency and BLMIS's fraud, as set forth in the Initial Disclosures, in E-Data Room 1, as defined in the Order Establishing Expanded Access to Electronic Data Room 1 entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on January 12, 2012, attached hereto as Exhibit A.

    (b) Subjects On Which Discovery May Be Needed: The Parties contemplate that discovery will be needed on all liability and recovery issues, and that fact and expert discovery will be needed.

    (c) Document Demands: The deadline for document demands expired on **March 14, 2014**. Requests for documents were served on various dates.

---

[1] The Parties have complied with all discovery deadlines that antedate the filing date of this Seventh Amended Case Management Plan.

2

(d) <u>Interrogatories</u>: Interrogatories pursuant to Local Rule 7033-1(a) were served on **September 19, 2011**. Contention based interrogatories pursuant to Local Rule 7033-1(c) were served on **January 17, 2012**.

(e) <u>Requests for Admission</u>: The deadline for Requests for Admission related to fact discovery expired on **May 7, 2015**. Requests for Admission related to fact discovery were served on various dates. The Parties may serve Requests for Admissions related to expert discovery, if any, on or before **April 1, 2016**.

(f) <u>Experts</u>: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **November 5, 2015**. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **January 6, 2016**. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur on or before **February 5, 2016**. The foregoing restriction shall not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by **March 11, 2016**.

(g) <u>Depositions</u>: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date as set forth below. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under the Federal Rules of Civil Procedure, although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to reasonable extensions of

3

the seven (7) hour limit as appropriate, and failing agreement any Party may make an application to the Court for an extension of that time limit.

The Parties may take depositions of fact witnesses during the period for fact discovery after Parties' Initial Disclosures have been made. To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of Defendants' expert and fact witnesses shall occur at such place as the Parties shall mutually agree.

4

   (h) <u>Discovery Cut-Off</u>: The fact discovery deadline expired on **April 9, 2015**.

   (i) <u>Limitations on Discovery Imposed under the Federal and/or Local Rules</u>: Limitations on written discovery will be governed consistently with the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

 3. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on June 6, 2011 and attached hereto as Exhibit B, shall govern the disclosure of confidential information in this proceeding.

 4. <u>Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action</u>. This Seventh Amended Case Management Plan may be further amended by order of the Court or upon mutual agreement by the Parties.

 5. <u>Summary Judgment Motion</u>:  Parties contemplating to file a motion for summary judgment agree to notify the Court no later than **April 29, 2016**.

 6. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

 7. <u>Next Conference</u>. The Parties shall appear before the Court on **October 28, 2015**, at 10:00 a.m.

 8. <u>Parties and Counsel</u>. The following Parties join in this proposed Seventh Amended Plan, through their counsel.

 9. <u>Entry of Seventh Amended Plan</u>. Upon entry, this Seventh Amended Plan amends and supersedes any prior Case Management Orders in all respects.

Dated:  September 28, 2015
   New York, New York

| **BAKER & HOSTETLER LLP** | **MOSES & SINGER LLP** |
|---|---|
| By:  /s/ S. Jeanine Conley <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone:  (212) 589-4200 <br> Facsimile:  (212) 589-4201 <br> David J. Sheehan <br> Email:  dsheehan@bakerlaw.com <br> Marc E. Hirschfield <br> Email:  mhirschfield@bakerlaw.com <br> S. Jeanine Conley <br> Email:  jconley@bakerlaw.com <br><br> *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* | By:   /s/ Kent Kolbig <br> 405 Lexington Avenue <br> New York, New York 10174 <br> Telephone:  (212) 554-7800 <br> Facsimile:  (212) 554-7700 <br> Mark N. Parry <br> Email:  mparry@mosessinger.com <br> Kent Kolbig <br> Email:  kkolbig@mosessinger.com <br><br> *Attorneys for Defendants S. Donald Friedman, individually and in his capacity as a beneficiary of an Individual Retirement Account, Saundra Friedman, Broadway-Elmhurst Co. LLC, and Ari Friedman* |

So Ordered this 28th day of September, 2015.

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE