William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800

*Attorneys for the Public Institution for Social Security*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff,<br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br>              v.<br><br>THE PUBLIC INSTITUTION FOR SOCIAL SECURITY,<br><br>                              Defendants. | Adv. Pro. No. 12-01002 (SMB) |

**REPLY SUPPLEMENTAL MEMORANDUM OF LAW IN
SUPPORT OF PUBLIC INSTITUTION FOR SOCIAL SECURITY'S
MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**

The Public Institution for Social Security ("PIFSS"), by and through undersigned counsel files this Reply Supplemental Memorandum of Law (i) in support of PIFFS's motion to dismiss this adversary proceeding on extraterritoriality grounds and (ii) in opposition to the motion of Irving H. Picard (the "Trustee"), Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for leave to amend his complaint against PIFFS to include certain proffered allegations pertaining to the extraterritoriality issue.[1] PIFFS adopts and incorporates herein by reference the arguments made on behalf of all Transferee Defendants in the Transferee Defendant Memo of Law and the Transferee Defendant Reply and files this Reply Supplemental Memo of Law to address the Trustee's PIFFS-specific allegations in the Proffered Allegations and the Trustee Supplemental PIFFS Memo of Law.

### Argument

The Trustee's newly-proffered allegations against PIFFS pertaining to extraterritoriality fail to satisfy the standard that Judge Rakoff established in his Extraterritoriality Decision to survive PIFFS's motion to dismiss. Specifically, nothing in the Proffered Allegations creates a plausible inference that the transfers the Trustee seeks to recover from PIFFS were domestic transfers. To the contrary, notwithstanding the Proffered Allegations, the complaint still alleges that the subsequent transfers at issue were sent by Fairfield Sentry (a BVI entity that initiated transfers to its investors from an Irish bank account)[2] to PIFFS (a Kuwaiti entity that did not

---

[1] *See* Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Defendant the Public Institution for Social Security [Adv. Pro. ECF No. 77] (the "Proffered Allegations") and Trustee's Supplemental Memorandum of Law In Opposition to Defendant the Public Institution for Social Security's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints [Adv. Pro. ECF No. 76] (the "Trustee Supplemental PIFFS Memo of Law"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality [Adv. Pro. ECF No. 64] (the "Transferee Defendant Memo of Law") and the Reply Consolidated Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss based on Extraterritoriality (the "Transferee Defendant Reply"), filed substantially concurrent herewith.

[2] *See* Transferee Defendant Reply at § II.B.2.

2

receive any transfers from Fairfield Sentry in the United States). Because the Trustee's complaint fails to allege that any transfer to PIFFS occurred in the United States, under Judge Rakoff's ruling, the Trustee cannot use section 550(a) of the Bankruptcy Code to recover any transfer made by Fairfield Sentry to PIFFS and his complaint should be dismissed.

Recognizing that he cannot establish a domestic transfer in accordance with Judge Rakoff's ruling, the Trustee instead seeks to change the standard by proffering allegations about connections the <u>parties to the transfer</u> have to the United States. Specifically the Proffered Allegations merely state the following:[3]

- That PIFFS has a U.S. affiliate– Wafra Investment Advisory Group, Inc. ("<u>Wafra</u>") – that acts as PIFFS' investment advisor with respect to U.S.-based investments and that Wafra conducted due diligence and provided advisory services in the U.S. with respect to PIFFS's investment in Fairfield Sentry;[4]

- That PIFFS knew that Fairfield Sentry and BLMIS purported to invest in the U.S. securities markets;[5]

- That PIFFS made its investment in Fairfield Sentry by transferring funds <u>to</u> Fairfield Sentry's bank account in New York;[6]

- The purported reason PIFFS redeemed a portion of its investment in Fairfield Sentry;[7] and

- That Fairfield Sentry – through its managers and operations – had a significant presence in the United States.[8]

As explained in much greater detail in the Transferee Defendant Reply, none of the aforementioned allegations come close to addressing the matter at issue: that the alleged

---

[3] For the avoidance of doubt, PIFFS does not hereby admit to anything the Trustee states in his complaint or Proffered Allegations.

[4] *See* Proffered Allegations at ¶¶ 4-7.

[5] *See id.* at ¶¶ 8-11.

[6] *See id.* at ¶¶ 12-13.

[7] *See id.* at ¶¶ 14-17.

[8] *See id.* at ¶¶ 18-42.

3

transfers that the Trustee seeks to recover from PIFFS occurred outside of the United States. Tellingly, while the Trustee alleges that PIFFS transferred money <u>to</u> a New York correspondent account when making its investments in Fairfield Sentry, there are no allegations that Fairfield Sentry used a U.S.-based account to initiate transfers to PIFFS or that PIFFS received such transfers in a U.S.-based account. Regardless of whether the BVI transferor or the Kuwaiti transferee have connections with the United States, if the transfer occurred outside of the United States it cannot be recovered under section 550(a) of the Bankruptcy Code.

## Conclusion

The purported transfers that the Trustee seeks to recover from PIFFS are "transfers made abroad between a foreign transferor and a foreign transferee."[9] Because the Trustee's proposed amendments to his complaint against PIFFS fail to allege a domestic transfer, such amendments are futile to defeat PIFFS's motion to dismiss on extraterritoriality grounds. Accordingly, PIFFS respectfully requests that this Court deny the Trustee's motion to amend his complaint and grant PIFFS's motion to dismiss.

Dated: September 30, 2015  
       New York, New York

Respectfully submitted,

GOODWIN PROCTER LLP

/s/ Gregory W. Fox  
William P. Weintraub  
Gregory W. Fox  
The New York Times Building  
620 Eighth Avenue  
New York, New York 10018  
T: 212-813-8800  
E: wweintraub@goodwinprocter.com  
E: gfox@goodwinprocter.com

*Attorneys for the Public Institution for Social Security*

---

[9] *See* Extraterritoriality Decision, 523 B.R. 222, 225.

## CERTIFICATE OF SERVICE

I, Gregory W. Fox, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 30, 2015.

/s/   Gregory W. Fox
Gregory W. Fox