**Debevoise & Plimpton LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6386

*Attorneys for Thema Fund Limited, Hermes International Fund Limited, and Lagoon Investment Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>THEMA FUND LIMITED, HERMES INTERNATIONAL FUND LIMITED and LAGOON INVESTMENT LIMITED, as Trustee of LAGOON INVESTMENT TRUST,<br><br>Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF THEMA FUND LIMITED, HERMES INTERNATIONAL FUND LIMITED AND LAGOON INVESTMENT LIMITED, AS TRUSTEE, IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendants Thema Fund Limited ("Thema Fund"), Hermes International Fund Limited ("Hermes Fund") and Lagoon Investment Limited ("Lagoon Ltd.)," as Trustee of Lagoon Investment Trust ("Lagoon Trust") (and together with Thema Fund and Hermes Fund, the "Transferee Defendants"), respectfully submit this supplemental reply memorandum of law in further support of their motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. The Transferee Defendants adopt and incorporate in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] including the arguments and grounds relating to the checked boxes for the Defendants in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons stated in the Consolidated Supplemental Reply and below, (1) the Trustee's Amended Complaint against the Transferee Defendants filed December 5, 2010 (the "Complaint") should be dismissed as to them because it contains no allegations that the alleged transfers from Thema Wise Investments Ltd. ("Thema Wise") or from Lagoon Ltd. (together with Thema Wise, the "Transferor Defendants") to the Transferee Defendants occurred in the United States, and (2) the Trustee's motion for leave to amend should be denied on the

---

[1] The term "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

ground of futility because the Proposed Amended Complaint[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers to the Transferee Defendants occurred in the United States.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of certain Defendants (including the Transferee Defendants) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id*. at 232 n.4 (emphasis added). Judge Rakoff then remanded the adversary proceedings against the moving Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id*. at 232.

In the Complaint, the Trustee seeks to recover transfers that the Transferee Defendants allegedly received from the Transferor Defendants. However, the Complaint nowhere specifies the amounts or dates of the transactions that the Transferee Defendants allegedly received. *See* Complaint ¶ 352. Instead, the Complaint alleges that (i) the alleged transferors – Lagoon Ltd. and Thema Wise -- are British Virgin Islands ("BVI") corporations (Complaint ¶¶ 63, 65); and

---

[3] The term "Proposed Amended Complaint" refers to the Trustee's proposed Second Amended Complaint Pertaining to the Extraterritoriality Issue As to Defendants filed on June 26, 2015.

2

(ii) that two of the transferees – Thema Fund and Hermes Fund – are investment funds organized under the laws of the British Virgin Islands, while the third – Lagoon Trust – is a professional fund recognized in the British Virgin Islands. Complaint ¶¶ 62, 64, 68.[4] As such, the Trustee has conceded that all of the relevant parties to the transfers at issue are foreign entities located outside of the United States.

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers to Thema Fund, Hermes Fund and Lagoon Trust occurred in the United States. Indeed, since the respective transferors and transferees are identified as foreign entities, the Trustee affirmatively alleges facts that demonstrate extraterritoriality, not plausibly refute it. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee also should not be permitted to amend the Complaint because the proposed amendments, as set forth in the Proposed Amended Complaint, would be futile in meeting his obligation to plead domestic transfers. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be those showing that the transfers he seeks to recover occurred within the United States. The Proposed Amended Complaint contains no such allegations.[6]

---

[4] As the Complaint makes clear, transferors Thema Wise and Lagoon Ltd., had accounts with BLMIS, while transferees Thema Fund, and Hermes Fund and Lagoon Trust, invested in those respective funds. Complaint ¶¶ 63, 238, 241.

[5] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to the Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints filed on June 26, 2015.

[6] The Complaint named Geo Currencies Ltd., S.A., ("Geo") a Panamanian entity, as a defendant that purportedly received "direct and/or indirect transfers" from BLMIS. Complaint ¶ 67. Presumably because the Trustee realizes that Geo received no transfers, it has omitted Geo from the Proposed Amended Complaint.

3

While the Proposed Amended Complaint contains new allegations, none of the additions come close to alleging that Thema Fund, Hermes Fund or Lagoon Trust received transfers in the United States. The Trustee alleges that the Transferor Defendants opened BLMIS accounts in the U.S. and executed documents in the U.S. authorizing BLMIS to trade securities for the foreign alleged transferors. Proposed Amended Complaint ¶¶ 44, 75. These account opening activities are far removed from any alleged subsequent transfers to the Transferee Defendants. The Proposed Amended Complaint also alleges that the transfers to Lagoon Ltd., Hermes Fund, Thema Wise and Thema Fund "never entered" their home jurisdictions in BVI. But saying where the transfers *did not occur* does not meet the Trustee's burden to allege where the transfers *did occur*. *See* Proposed Amended Complaint ¶¶ 43, 74.

On the essential element whether the transfers to Thema Fund, Hermes Fund and Lagoon Trust were domestic, the Proposed Amended Complaint is silent. The Trustee does not allege that Lagoon Ltd or Thema Wise, which are BVI entities, made any transfers to the Transferee Defendants from a bank account in the United States. Nor does the Trustee allege that the Transferee Defendants received any funds from the Transferor Defendants in United States bank accounts, an allegation that would be equally suspect as they also are foreign entities. Indeed, Exhibit A documents that the transfers from BLMIS to the Transferor Defendants were made into foreign accounts, supporting the conclusion that any subsequent transfers originated abroad.

In fact, the Trustee implicitly admits defeat on establishing that the transfers were domestic when he acknowledges that "some" defendants (such as Hermes Fund and Thema Fund) obtained transfers from non-U.S. based Feeder Funds, but then dismissing the completely foreign nature of these transfers as "largely irrelevant." *See* Trustee's Main Memorandum, p. 31.

---

The Complaint is otherwise bereft of any details about transfers involving Geo; thus, the Complaint should also be dismissed with prejudice as against it.

4

That concession is further reinforced by the Trustee's focus in his brief on 19 categories of non-transfer allegations summarized in the appended chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred, and no further elaboration is necessary here. In sum, the Proposed Amended Complaint is no less deficient than the Complaint in meeting the Trustee's burden to establish domestic transfers to the Transferee Defendants.

**Conclusion**

The Transferee Defendants respectfully request that the Court dismiss the Trustee's Complaint against them with prejudice and without leave to amend, and that the motion for leave to amend be likewise denied.

Dated:  New York, New York
        September 30, 2015

                                                   DEBEVOISE & PLIMPTON LLP

                                                   /s/ Joseph P. Moodhe
                                                   Joseph P. Moodhe
                                                   Shannon R. Selden
                                                   919 Third Avenue
                                                   New York, New York 10022
                                                   Telephone: (212) 909-6000

                                                   *Attorneys for Thema Fund Limited, Hermes*
                                                   *International Fund Limited, and Lagoon Investment*
                                                   *Limited, as Trustee of Lagoon Investment Trust*

5