UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>        v.<br><br>ARDEN ASSET MANAGEMENT INC., ARDEN ASSET MANAGEMENT LLC, ARDEN ENDOWMENT ADVISERS, LTD., AND ARDEN PACIFIC PARTNERS LIMITED,<br><br>        Defendants. | Adv. Proc. No. 12-01023 (BRL) |

**ARDEN ENDOWMENT ADVISERS, LTD.'S SUPPLEMENTAL REPLY
MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE
TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Arden Endowment Advisers, Ltd. ("Arden Endowment") submits this supplemental reply memorandum in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. As set forth in the Consolidated Supplemental Reply, which Arden Endowment adopts and incorporates by reference herein,[1] and in further detail below, the Trustee's complaint against Arden Endowment dated January 12, 2012 (the "Arden Complaint") should be dismissed, and the Trustee's motion for leave to amend should be denied as futile.

## PRELIMINARY STATEMENT

The Trustee's Supplemental Memorandum[2] fails to establish, as it must, that either (1) the Arden Complaint contains a "plausible inference that the transfer occurred domestically," see Extraterritoriality Decision at 232 n.4,[3] or (2) the Trustee's Proffer[4] as to Arden Endowment contains "specific facts suggesting a domestic transfer," *see id.* Instead, the Trustee's Supplemental Memorandum and the Proffer are littered with irrelevant allegations and arguments that both ignore the law of the case – the Extraterritoriality Decision – and have nothing to do with the location of the alleged transfers at issue in the Arden Complaint. The Trustee effectively asks this Court to ignore the most basic principles of corporate law and the existence of foreign liquidation proceedings of Fairfield Sentry Ltd. ("Fairfield Sentry") and Kingate Global Fund Ltd. ("Kingate Global"). The Court should decline to do so. Arden

---

[1] *See* Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints dated September 30, 2015 (the "Consolidated Supplemental Reply").

[2] *See* Trustee's Supplemental Memorandum of Law in Opposition to Arden Endowment Advisers, Ltd.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints dated June 26, 2015 (the "Trustee's Supplemental Memorandum").

[3] *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R.222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").

[4] *See* Trustee's Proferred Allegations Pertaining to the Extraterritoriality Issue as to Arden Endowment Advisers, Ltd. dated June 26, 2015 (the "Proffer").

Endowment's motion to dismiss should be granted, and the Trustee's motion for leave to amend should be denied as futile.

## I.

### THE ARDEN COMPLAINT SHOULD BE DISMISSED BECAUSE IT CONTAINS NO PLAUSIBLE INFERENCE THAT THE TRANSFER OCCURRED DOMESTICALLY

On the face of the Arden Complaint, there is no plausible inference of a domestic transfer. Indeed, the Trustee seeks to recover alleged subsequent transfers from Fairfield Sentry and Kingate Global, "British Virgin Islands ('BVI') companies that are in liquidation in the BVI," *see* Arden Complaint ¶ 2, to, among others, Arden Endowment, "a Cayman Islands company maintaining a registered address of 227 Elgin Avenue, Grand Cayman, Cayman Islands," *see id.* ¶ 26.[5] The Trustee makes no attempt in his Supplemental Memorandum to argue that the Arden Complaint contains allegations of a domestic transfer. Thus, the Trustee admits, by his silence, that those allegations are insufficient. For this simple reason, Arden Endowment's motion to dismiss should be granted.

## II.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND THE ARDEN COMPLAINT SHOULD BE DENIED AS FUTILE

The Trustee obdurately asserts that he can set forth the requisite "specific facts suggesting a domestic transfer" as to not only Arden Endowment, *but more than one hundred other subsequent transferee defendants*. The Proffer falls far short of the requisite standard set forth in the Extraterritoriality Decision. Amendment is futile.

---

[5] In the Arden Complaint, the Trustee does not in fact allege that Arden Endowment received *any* transfers from Fairfield Sentry. *See* Arden Complaint ¶¶ 46-47. Arden Endowment, formerly an offshore fund of hedge funds, was closed and distributed all of its assets to investors in October 2011.

2

As an initial matter, the Trustee must do more than "set forth facts plausibly alleging a transfer that has *domestic elements*," *see* Trustee's Main Memorandum at 6-7 (emphasis added),[6] and must instead "put forth specific facts suggesting a *domestic transfer*" occurred. Extraterritoriality Decision at 232 n.4 (emphasis added). Few, if any, of the Trustee's proffered allegations relate, as they must, to the location of the alleged transfer. Those that do not relate to the location of the alleged transfer should be ignored.

The Proffer contains 87 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry had its principal operations in the United States and that Kingate Global's operations were "centered" in New York, or information disclosed in these offshore funds' respective offering documents. *See, e.g.*, Proffer ¶¶ 35-87. None relate to the location of the alleged transfer or to Arden Endowment. Of those allegations that arguably relate to Arden Endowment – but not to the location of any alleged transfer – the Trustee has larded the Proffer with irrelevant allegations about Arden Endowment's investment manager, the due diligence it conducted on Fairfield Sentry and Kingate Global, and the fact that Arden Endowment's investments with Fairfield Sentry and Kingate Global were ultimately placed with BLMIS, a New York-based broker dealer. The latter has of course been rejected by Judge Rakoff as "insufficient to make the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of Section 550(a)." *Id.* at 228; *see also id.* at 227 (concluding that Section 550(a) focuses on "the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor").

Nor do allegations about Arden Endowment's investment manager fare any better. To be clear, Arden Endowment's investment manager did not receive any subsequent

---

[6] *See* Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints dated June 26, 2015 ("Trustee's Main Memorandum").

3

transfers from Fairfield Sentry or Kingate Global, so allegations about its location, employees, and officers are irrelevant.[7] *See, e.g.*, Proffer ¶¶ 7-20. Further, the work Arden Endowment's investment manager undertook at the onset of any investment (i.e., due diligence, negotiating transactions) has nothing to do with the location of the alleged subsequent transfers some years later. *See, e.g.*, *id.* ¶¶ 21-27.

On the dispositive issue of where the alleged subsequent transfers occurred, the Proffer is conspicuously silent. The Trustee does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum at 20-21 n.88 (noting that "[i]nvestors wired funds to Fairfield's account at Citco Bank in Ireland"); *see also* Exhibit 1 to the Supplemental Declaration of Thomas L. Long in Support of the Trustee's Sur-Reply in Opposition, *Picard v. Bureau of Labor Insurance*, No. 11-02732 (SMB) (Bankr. S.D.N.Y. June 9, 2015) (ECF No. 46) (private placement memorandum of Fairfield Sentry which states that Fairfield's custodian bank was Citco Dublin Branch). The Trustee similarly knows that Kingate Global's accounts were all offshore given that he alleges that subscribers were directed to send subscription moneys through correspondent bank accounts "for ultimate deposit in Kingate Global's bank account." Proffer ¶ 33. Nevertheless, as Judge Rakoff has already held in this case, the use of "correspondent banks in the United States to

---

[7] Notwithstanding the allegations of the Arden Complaint (¶¶ 46, 54, 56), neither Arden Asset Management LLC ("Arden LLC") nor Arden Asset Management Inc. ("Arden Inc.") ever invested in Fairfield Sentry or Kingate Global. They never received any transfers, fees, or compensation from Fairfield Sentry or Kingate Global. Further, Arden LLC did not act as Arden Endowment's investment manager at the time it allegedly invested in, or allegedly received transfers from, Kingate Global or Fairfield Sentry. The Trustee has been on notice of these facts since April 2012 when Arden filed its motion to withdraw the reference. *See* ECF No. 10, at 3 nn.3 & 4. The Trustee incorrectly claims in footnote 1 to the Proffer that "Defendants Arden Asset Management Inc. and Arden Asset Management LLC do not challenge the domestic nature of the $8,413,795 in subsequent transfers they received from Fairfield Sentry Limited and Kingate Global Fund Ltd." Proffer at 1 n.1. To the contrary, Arden LLC and Arden Inc. challenge the very *existence* of these transfers, as they never occurred at all. The Trustee was notified by letter dated July 23, 2015 that the alleged transfers were to Arden Endowment and another defunct offshore fund of hedge funds.

4

process dollar-denominated transfers" is not "sufficient to make these foreign transfers domestic." Extraterritoriality Decision at 228 n.1; *see also* Consolidated Supplemental Reply at Section II.B.7.[8]

In sum, none of the allegations in the Proffer give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry or Kingate Global to Arden Endowment occurred in the United States. Any amendment to the Arden Complaint would be futile.

## CONCLUSION

For the foregoing reasons, and those set forth in the Consolidated Supplemental Reply, Arden's motion to dismiss on extraterritoriality should be granted and the Trustee's motion to amend should be denied as futile.

Dated:   New York, New York
         September 30, 2015

                                               SEWARD & KISSEL LLP


                                               /s/ M. William Munno
                                               M. William Munno
                                               Michael B. Weitman
                                               One Battery Park Plaza
                                               New York, New York 10004
                                               (212) 574-1200

                                               *Attorneys for Arden Endowment Advisers, Ltd.*

SK 01320 0093 6819897

---

[8] In a footnote, the Trustee cites *SEC v. Gruss*, but ignores that *Gruss* did not involve any transfers – foreign or domestic – and the SEC's action was against a New York-based Chief Financial Officer for conduct violative of the Investment Advisers Act that occurred in New York. *See* Trustee's Supplemental Memorandum at 3 n.8 (citing *SEC v. Gruss*, No. 11 Civ. 2420, 2012 U.S. Dist. LEXIS 114007 (S.D.N.Y. Aug 13, 2012)).

5