HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone (212) 918-3000
Facsimile (212) 918-3100

*Attorneys for Defendants Barclays Bank (Suisse) S.A., Barclays Bank S.A., and Barclays Private Bank & Trust Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | |
| | : | |
| Plaintiff-Applicant, | : | No. 08-01789 (SMB) |
| v. | : | |
| | : | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | |
| | : | (Substantively Consolidated) |
| Defendant. | : | |

-----------------------------------------------------------------x

In re:

BERNARD L. MADOFF,

                Debtor.

-----------------------------------------------------------------x

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC, and Bernard L. Madoff,

                Plaintiff,            Adv. Pro. No. 11-02569 (SMB)
    v.

BARCLAYS BANK (SUISSE) S.A.,
BARCLAYS BANK S.A., and BARCLAYS
PRIVATE BANK & TRUST LIMITED,

                Defendants.

-----------------------------------------------------------------x

**SUPPLEMENTAL REPLY OF DEFENDANTS BARCLAYS BANK (SUISSE) S.A., BARCLAYS BANK S.A. AND BARCLAYS PRIVATE BANK & TRUST LIMITED IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN <u>OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND</u>**

September 30, 2015

Pursuant to paragraph 8 of the Scheduling Order,[1] Defendants Barclays Bank (Suisse) S.A. ("BarSuisse"), Barclays Bank S.A. ("Barclays Spain"), and Barclays Private Bank & Trust Limited ("Barclays Jersey" and, together with BarSuisse and Barclays Spain, the "Barclays Defendants") respectfully submit this supplemental reply memorandum in further support of their motion to dismiss the Trustee's Complaint based on extraterritoriality and in opposition to the Trustee's motion for leave to amend. The Barclays Defendants also fully join in the arguments set forth in the Reply Consolidated Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality (the "Consolidated Reply").

**Statement of Facts**

As the Trustee necessarily acknowledges in his Complaint (ECF No. 1) and again in his Proffered Allegations as to the Barclays Defendants (the "Proffered Allegations") (ECF No. 82): BarSuisse is a Swiss *société anonyme*; Barclays Spain is a Spanish *sociedad anónima*; Barclays Jersey is a Jersey registered private company; and the Barclays Defendants operate from offices in Geneva, Madrid and St. Helier, respectively. Complaint ¶¶ 22-24; Proffered Allegations ¶ 1.

The Trustee's object in this proceeding is to recover alleged "subsequent transfers of BLMIS customer property collectively made to the Barclays Defendants." Proffered Allegations ¶ 1. The Trustee claims that the Barclays Defendants received such transfers—specifically, "redemption payments," *id*. ¶¶ 14-19—from Fairfield Sentry and Fairfield Sigma, companies

---

[1] The "Scheduling Order" is the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Dec. 10, 2014, in *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB) (Bankr. S.D.N.Y.), ECF No. 8800. Unless otherwise noted, all ECF citations in this memorandum refer to *Picard v. Barclays Bank (Suisse) S.A. et al.*, No. 11-02569 (SMB) (Bankr. S.D.N.Y.). The definitions of capitalized terms contained in the Consolidated Reply apply to those terms as used in this memorandum.

organized under the laws of the British Virgin Islands which are now in liquidation there.[2]

In an effort to show that transfers made by Fairfield Sentry to the Barclays Defendants were "predominantly domestic under the standard set forth in the Extraterritoriality Decision,"[3] the Trustee proffers 61 numbered paragraphs of allegations that he proposes to include in an amended complaint. Only 25 of these (¶¶ 1-2, 6-28) relate to any of the Barclays Defendants; the remainder concern only Fairfield Sentry and/or Fairfield Sigma.[4] The Proffered Allegations referring to the Barclays Defendants relate to: (1) their affiliation with Barclays Bank PLC, a London-based financial institution organized under the laws of England and Wales[5] (¶¶ 7-9), (2) their alleged use of a Barclays Bank PLC bank account in New York to effect U.S. dollar-denominated transfers (¶¶ 12-19); (3) BarSuisse's alleged execution of a Fairfield Sentry subscription agreement containing New York choice of law and jurisdiction provisions (¶¶ 20-21); (4) the alleged "due diligence" visits to New York of London-based employees of Barclays Bank PLC (¶¶ 22-24); and (5) Barclays Jersey's alleged appointment as trustee for four family trusts which held a single account at BLMIS and filed customer claims with the Trustee through Barclays Jersey (¶¶ 25-28).

---

[2] Complaint ¶ 2.

[3] Trustee's Supplemental Memorandum of Law in Opposition to Barclays Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints [sic] (ECF No. 81). The *Extraterritoriality Decision* is *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014).

[4] These allegations are substantively identical to those made against all Transferee Defendants that allegedly received transfers from the Fairfield Funds. As explained in Point II(B)(2) of the Consolidated Reply, the Trustee's Proffered Allegations about the U.S. operations of those feeder funds are not relevant to the location of the subsequent transfers at issue here.

[5] U.K. Companies House Registration of Barclays Bank PLC, available through search of "Barclays Bank PLC" at http://wck2.companieshouse.gov.uk (last visited September 29, 2015).

2

**Argument**

I. **THE EXISTING COMPLAINT SHOULD BE DISMISSED**

The Trustee does not even argue that his Complaint alleges facts giving rise to a plausible inference that the alleged transfers from Fairfield Sentry to the Barclays Defendants occurred in the United States.  The *Extraterritoriality Decision* therefore requires dismissal of the Complaint.  *See also* Consolidated Reply, Point I.

II. **THE MOTION FOR LEAVE TO AMEND SHOULD BE DENIED, AS THE PROFFERED ALLEGATIONS FAIL TO SHOW DOMESTIC TRANSFERS AND ARE THEREFORE FUTILE**

The Trustee's motion for leave to amend should be denied because the amendments, as set forth in the Proffered Allegations, would be futile.  Far from alleging facts satisfying the Trustee's burden of pleading that the alleged subsequent transfers occurred in the United States, the Proffered Allegations consist entirely of assertions immaterial to that issue.

Neither the Barclays Defendants' affiliation with Barclays Bank PLC, the alleged visits of that English bank's employees to New York to conduct "due diligence," nor BarSuisse's alleged execution of a Fairfield Sentry subscription agreement (all of which necessarily long predated the redemption payments at issue) constitute "specific facts suggesting a domestic transfer," as required to avert dismissal under the *Extraterritoriality Decision*, 513 B.R. at 232 n.4.  On the contrary, those Proffered Allegations are irrelevant to the subject of this motion—*i.e.*, the location of the redemption payments.  See also Consolidated Reply, Points II(B)(3), II(B)(5), II(B)(6).

Equally immaterial is the Trustee's allegation that Barclays Jersey acted as trustee for family trusts that invested in BLMIS.  The Trustee fails to allege that those Jersey trusts' BLMIS accounts had anything to do with alleged subsequent transfers made by Fairfield Sentry to

3

Barclays Jersey; by definition, those transfers came from a feeder fund, not from BLMIS. And the Trustee does not seek to recover in this proceeding any amounts those trusts might have received directly from BLMIS. Neither the appointment of Barclays Jersey as trustee of the family trusts nor the trusts' investments in BLMIS (before Fairfield Sentry made the redemption payments now at issue) can convert extraterritorial transfers—from the Irish bank account of a BVI entity[6] to the foreign bank accounts of Swiss, Spanish and Jersey entities—into domestic ones.

The Trustee alleges that the Jersey trusts, through Barclays Jersey, filed customer claims with him. The Trustee does not, however, assert that Barclays Jersey filed a BLMIS customer claim *on its own behalf*. And even if it had done so, the Trustee cannot plausibly allege that filing such a claim, unrelated to the transfers at issue in this proceeding (and after those transfers had been completed), has any bearing on whether transfers between foreign parties are extraterritorial and not domestic. Under the *Extraterritoriality Decision*, it does not. *See also* Consolidated Reply, Point II(B)(12).

The short answer to the Trustee's allegations concerning the Barclays Defendants' alleged use of correspondent bank accounts in New York to accomplish U.S. dollar-denominated transfers is that the District Court has already held that use of such accounts is insufficient "to make these foreign transfers domestic." *Extraterritoriality Decision*, 513 B.R. at 228 n.1.[7] See also Consolidated Reply, Point II(B)(7).

---

[6] *See* Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints (ECF No. 80), p. 20 n.88.

[7] And even if that were not so, at a bare minimum the Trustee's claims against BarSuisse and Barclays Spain seeking recovery of redemption payments from Fairfield Sigma, which the Trustee acknowledges was a Euro-denominated fund (*see, e.g.,* Proffered Allegations ¶¶ 4, 31, 53, 59), must be dismissed as impermissibly extraterritorial. The Trustee has not alleged, and cannot allege, that transfers in Euros from an Irish bank account to accounts elsewhere in Europe even fleetingly touched the U.S.

## **Conclusion**

For the reasons stated above and in the Consolidated Reply, this Court should dismiss the Complaint and deny the Trustee's motion for leave to amend.

Dated: New York, New York
September 30, 2015

Respectfully submitted,

HOGAN LOVELLS US LLP

By: /s/ Marc J. Gottridge
    Marc J. Gottridge
    Benjamin J.O. Lewis
    Erin M. Meyer
875 Third Avenue
New York, New York 10022
Telephone (212) 918-3000
Facsimile (212) 918-3100
marc.gottridge@hoganlovells.com

*Attorneys for Defendants Barclays Bank*
*(Suisse) S.A., Barclays Bank S.A.,*
*and Barclays Private Bank & Trust Limited*

5