**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
Rex Lee
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global*
*Fund Ltd. and Kingate Euro Fund Ltd.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> FEDERICO CERETTI, *et al.* <br><br> Defendants. | Adv. Pro. No. 09-1161 (SMB) |

## ANSWER AND JURY DEMAND OF DEFENDANTS
## KINGATE GLOBAL FUND LIMITED AND KINGATE EURO FUND LIMITED

Defendants Kingate Global Fund Limited (In Liquidation) ("Kingate Global") and Kingate Euro Fund Limited (In Liquidation) ("Kingate Euro", and, collectively with Kingate Global, the "Kingate Funds" or "Funds"), by their undersigned attorneys, answer the allegations set forth in each paragraph of the Fourth Amended Complaint (the "Complaint" or "FAC") filed by plaintiff Irving Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee" or "Plaintiff") as follows:

## Preliminary Statement

The Kingate Funds are investment funds that invested in BLMIS over a span of 14 years. Their investments were made on behalf of, and using money provided to them by, innocent investors that had no knowledge of the fraud. As recognized by the U.S. Department of Justice, investors in the Kingate Funds were among Madoff's *victims*. The Kingate Funds did not have a close relationship with BLMIS or Bernard Madoff. They were not established or run by Madoff. They did not share common personnel or otherwise have any basis to know that Madoff was running a Ponzi scheme in which BLMIS did not actually perform any trading of securities.

Most important, the Kingate Funds did not profit in any sense from Madoff's scheme. Far from it, the Kingate Funds—and through them, their innocent investors—lost hundreds of millions of dollars by investing in BLMIS. Overall, the Funds invested over $1.7 billion in BLMIS. Like many other BLMIS investors whom the Trustee has not sued, the Kingate Funds withdrew over time a portion of the amounts they had invested, primarily to fund redemption requests from their own investors. Notwithstanding those withdrawals, the Funds were crippled by Madoff's fraud. According to the Trustee's own numbers, the Kingate Funds' net losses were approximately $800 million. Because of the losses they suffered from the fraud, the Kingate Funds are now in liquidation.

By any measure, the Kingate Funds lost an enormous amount of money by having invested in BLMIS, a result that proves that the Trustee's theory is completely illogical. Common sense says that a Ponzi scheme benefits non-insider investors only if they get in first and then get out early before the house of cards falls. If, as the Trustee contends, the Funds actually knew that BLMIS was not in the business of trading securities, they would have redeemed their investments fully and not kept a significant portion of it invested for **over 14 years** just to end up among the largest net creditors of BLMIS. Given the massive losses the Kingate Funds suffered, the notion that the Funds were in on the fraud is unsustainable.

Moreover, the Trustee's claims turn the equities upside down. Even though the Kingate Funds were among Madoff's largest casualties, the Trustee—who stands in BLMIS's shoes—now seeks to "claw back" the Funds' withdrawals and subordinate the Funds' claims (so that the Kingate Funds are last in line to collect money, which means they would get nothing). This "blame the victim" approach serves no legitimate purpose and, if successful, would only ensure that the Ponzi scheme's victimization of the Kingate Funds and their innocent investors is complete. The Trustee should not be permitted to inflict further harm on the Kingate Funds and their investors, and his claims against them should be rejected in their entirety.

## <u>Nature of the Proceeding</u>[1]

1.      Admit that Madoff operated a Ponzi scheme. Deny that the Kingate Funds had any involvement in perpetrating that scheme. The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the

---

[1]   In this Answer, the Kingate Funds repeat the headings used by the Trustee in the Complaint. In doing so, the Kingate Funds do not waive any defenses or agree or admit that the Complaint's headings are accurate or substantiated. To the extent any response to the headings is required, the Kingate Funds deny the substance of the headings used by the Trustee.

2

Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 1 of the Complaint.

2.      Admit that Kingate Global was incorporated in 1994, and that a new class of shares of Kingate Global was first offered in 1995, the proceeds of which were invested exclusively in Madoff.  Further admit that Kingate Euro was incorporated in 2000, and sold subscriptions denominated in Euros, the proceeds of which were invested in Madoff.  The Kingate Funds deny all remaining allegations of paragraph 2 of the Complaint.

3.      Admit that the Kingate Funds deposited a combined total of approximately $1.73 billion with BLMIS, and over time withdrew approximately $926 million from BLIMIS.  The remainder of paragraph 3 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 3 of the Complaint.

4.      Admit that Kingate Global retained Kingate Management Limited ("KML") as a manager in 1994.  Admit that, over time, the Kingate Funds paid hundreds of millions of dollars to KML in management fees.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 4 of the Complaint.

5.      Admit that the Kingate Funds' managers appointed FIM Limited and later FIM Advisers (collectively, "FIM") as consultants with respect to the Kingate Funds.  Admit, on information and belief, that Ceretti and Grosso held the majority of ownership interests in FIM. Further admit, on information and belief, that ownership interests in KML were held by trusts,

and that Ceretti and Grosso were beneficiaries of those trusts.  The remainder of the allegations of paragraph 5 assert legal conclusions as to which no answer is required.

6.      Deny the allegations of paragraph 6 of the Complaint.

7.      Deny the allegations of paragraph 7 of the Complaint.

8.      Admit that the Kingate Funds withdrew approximately $926 million from their accounts at BLMIS, resulting in their suffering net losses of more than $800 million.  Admit that the Trustee purports to bring this action to recover certain transfers from BLMIS.  The Kingate Funds deny all remaining allegations of paragraph 8 of the Complaint.

## Jurisdiction and Venue

9.      Paragraph 9 asserts legal conclusions as to which no answer is required.

10.     Paragraph 10 asserts legal conclusions as to which no answer is required.  For purposes of clarification, the Kingate Funds do not consent to the entry of final orders or judgment by this Court to the extent such consent is required.

11.     Paragraph 11 asserts legal conclusions as to which no answer is required.

12.     Admit that this is an adversary proceeding and that the Trustee purports to assert claims pursuant to the listed statutes.

## Background, the Trustee and Standing

13.     Admit the allegations of paragraph 13 of the Complaint.

14.     The allegations of paragraph 14 refer to an order of the District Court, and the Kingate Funds respectfully refer to that order for its contents.

15.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, to the extent the allegations in that paragraph refer to publicly filed documents, respectfully refer to those documents for their true content.

4

16.    The allegations of paragraph 16 refer to an order of the District Court, and the Kingate Funds respectfully refer to that order for its contents.

17.    The allegations of paragraph 17 refer to two orders of this Court, and the Kingate Funds respectfully refer to those orders for their true contents.

18.    The allegations of paragraph 18 refer to two publicly filed documents, and the Kingate Funds respectfully refer to those documents for their true contents.

19.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, except admit, on information and belief, that Madoff pled guilty at the Plea Hearing.  The Kingate Funds respectfully refer to the transcript from that hearing for its true content.

20.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admit, on information and belief, that Frank DiPascali pled guilty at a plea hearing.  The Kingate Funds respectfully refer to the transcript from that hearing for its true content.

21.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, except admit, on information and belief, that David Kugel pled guilty at a plea hearing.  The Kingate Funds respectfully refer to the transcript from that hearing for its true content.

22.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, except admit, on information and belief, that Peter Madoff is Madoff's brother and pled guilty at a plea hearing.  The Kingate Funds respectfully refer to the transcript from that hearing for its true content.

23.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.  For purposes of clarification, the Kingate Funds did not receive any payout of fictitious profits from Madoff at any time.

## The Ponzi Scheme

24.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint except admit, on information and belief, that BLMIS had an office at 885 Third Avenue, New York, New York.

25.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 25 of the Complaint.

26.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 26 of the Complaint.

27.     The allegations in paragraph 27 of the Complaint refer to statements made by Madoff during a Plea Hearing, and the Kingate Funds respectfully refer to the transcript from that hearing for its true content.

28.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 28 of the Complaint.

29.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 29 of the Complaint.

30.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 30 of the Complaint.

31.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 31 of the Complaint.

## Defendants

32.    The Kingate Funds admit, on information and belief, that Ceretti is an Italian national residing in the United Kingdom.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 32 of the Complaint.

33.    The Kingate Funds admit, on information and belief, that Grosso is an Italian national residing in the United Kingdom.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 33 of the Complaint.

34.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 34 of the Complaint.

35.    The Kingate Funds admit, on information and belief, that Grosso founded FIM Limited in London in 1981.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint, and,

to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 35 of the Complaint.

36.    The Kingate Funds admit, on information and belief, that Ceretti and Grosso co-founded FIM Advisors in 2004.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 36 of the Complaint.

37.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 37 of the Complaint.

38.    Admit the allegations of paragraph 38 of the Complaint.

39.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the contents of BLMIS's records.  The Kingate Funds admit that Kingate Global opened an account with BLMIS on or about July 4, 1994, and that Kingate Global signed a Customer Agreement, Trading Authorization Limited to Purchases and Sales of Securities and Options, and an Option Agreement on varying dates.  Admit that the Kingate Global Account was open when Madoff was arrested on December 11, 2008.  The Kingate Funds deny all remaining allegations of paragraph 39 of the Complaint.

40.    Admit the allegations of paragraph 40 of the Complaint.

41.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the contents of BLMIS's records.  The Kingate Funds admit that Kingate Euro was incorporated in 2000 and assumed the rights to a sub-fund's account at BLMIS to handle investments denominated in Euros.  The Kingate Funds admit that Kingate Global opened an account with

BLMIS designated 1FN086. The Kingate Funds admit that Kingate Euro signed a Customer

Agreement, Option Agreement, and Trading Authorization Limited to Purchases and Sales of

Securities and Options on or about April 27, 2000. The Kingate Funds deny all remaining

allegations of paragraph 41 of the Complaint.

42.    Deny the allegations of paragraph 42 of the Complaint.

43.    Admit the allegations of paragraph 43 of the Complaint. Further aver that, upon

the resignation of Mr. Tacon, the BVI Court and the Bermuda Court appointed Mr. Gwynn

Hopkins to act as liquidator in Mr. Tacon's place.

44.    The Kingate Funds lack knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 44 of the Complaint, and, to the extent an answer is

required, the Kingate Funds deny the allegations of paragraph 44 of the Complaint.

45.    Admit, on information and belief, that KML was owned by trusts, and that Ceretti

and Grosso were the beneficiaries of those trusts. The remainder of the allegations of paragraph

45 assert legal conclusions as to which no answer is required.

46.    Admit the allegations of paragraph 46 of the Complaint.

47.    Deny the allegations of paragraph 47 of the Complaint, except admit that a May 1,

2000 Information Memorandum issued by Kingate Global represented that Kingate Global was

co-managed by KML and described the duties of KML in that capacity.

48.    Admit the allegations of paragraph 48 of the Complaint.

49.    The Kingate Funds lack knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 49 of the Complaint, and, to the extent an answer is

required, the Kingate Funds deny the allegations of paragraph 49 of the Complaint.

50.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 50 of the Complaint.

51.     Admit that FIM Limited provided consultancy services to KML from 1994 to 2005, and that FIM Advisers thereafter provided consultancy services to KML.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 51 of the Complaint.

52.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 52 of the Complaint.

53.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 53 of the Complaint.

54.     The Kingate Funds admit, on information and belief, that El Prela Trust is a trust formed in or about April 1994 under the laws of the Island of Jersey, and that Ceretti and his family members are beneficiaries of El Prela Trust.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 54 of the Complaint.

55.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 55 of the Complaint.

56.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 56 of the Complaint.

57.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 57 of the Complaint.

58.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 58 of the Complaint.

59.    The Kingate Funds admit, on information and belief, that El Prela Trust was one of two owners of the shares of KML.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 59 of the Complaint.

60.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 60 of the Complaint.

61.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 61 of the Complaint.

62.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 62 of the Complaint.

63.     The Kingate Funds admit, on information and belief, that Ashby Trust is a trust formed in or about April 1994 under the laws of the Island of Jersey, and that Grosso and his family members are beneficiaries of Ashby Trust.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 63 of the Complaint.

64.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 64 of the Complaint.

65.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 65 of the Complaint.

66.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 66 of the Complaint.

67.     The Kingate Funds admit, on information and belief, that Ashby Trust was one of two owners of the shares of KML.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 67 of the Complaint.

68.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 68 of the Complaint.

69.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 69 of the Complaint.

70.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 70 of the Complaint.

71.     The Kingate Funds admit, on information and belief, that Ceretti is a beneficial owner of El Prela Trust and Grosso is a beneficial owner of Ashby Trust.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 71 of the Complaint.

72.     The Kingate Funds admit, on information and belief, that Citi Hedge was formerly known as BISYS Hedge Fund Services Limited and Hemisphere Management Limited. The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 72 of the Complaint.

73.     Admit the allegations of paragraph 73 of the Complaint.

74.     The Kingate Funds admit, on information and belief, that Wetherhill founded Hemisphere and was affiliated with the company, and that Wetherhill was a director of the one or both of the Kingate Funds from 1995 until 2009.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 74 of the Complaint.

13

75.    The Kingate Funds admit, on information and belief, that BISYS Group acquired Hemisphere.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 75 of the Complaint.

76.    The Kingate Funds admit, on information and belief, that they entered into agreements dated June 1, 2007 with BISYS with respect to BISYS's services as administrator for the Kingate Funds, and that BISYS's name later changed to Citi Hedge.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 76 of the Complaint.

77.    Paragraph 77 asserts the Trustee's intention regarding nomenclature as to which no answer is required.

78.    Admit the allegations of paragraph 78 of the Complaint.

79.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 79 of the Complaint.

80.    The Kingate Funds admit that Bank of Bermuda served as custodian of the Kingate Funds' bank accounts.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 80 of the Complaint.

81.     The allegations of paragraph 81 assert legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 81 of the Complaint.

82.     The Kingate Funds admit that their funds were intentionally invested with Madoff.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 82 of the Complaint.

83.     Deny the allegations of paragraph 83 of the Complaint.

84.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 84 of the Complaint.

85.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 85 of the Complaint.

86.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 86 of the Complaint.

87.     The Kingate Funds deny that Ceretti and Grosso were acting on their behalf, to the extent Ceretti and/or Grosso had any knowledge of Madoff's fraud.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 87 of the Complaint.

88.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 88 of the Complaint.

89.    The Kingate Funds admit that they invested assets with BLMIS, and that BLMIS is located in New York.  The Kingate Funds deny all the remaining allegations of paragraph 89.

90.    Admit that on or about July 2, 2009, Kingate Global filed Customer Claim No. 015359 and Kingate Euro filed Customer Claim No. 015358.

91.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 91 of the Complaint.

92.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 92 of the Complaint.

**Ceretti's, Grosso's and the Kingate Funds' Role in Madoff's Fraud**

93.    The Kingate Funds admit that shares in the Kingate Funds were issued to European investors.  The Kingate Funds deny all the remaining allegations of paragraph 93.

94.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 94 of the Complaint.

95.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 95 of the Complaint.

96.    The Kingate Funds admit, on information and belief, that Ceretti and Grosso were involved in preparing certain materials used by the Kingate Funds.  The Kingate Funds lack

16

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 96 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 96 of the Complaint.

97.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 97 of the Complaint.

98.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 98 of the Complaint.

99.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 99 of the Complaint.

100.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 100 of the Complaint.

101.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 101 of the Complaint.

102.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 102 of the Complaint.

103.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 103 of the Complaint.

## The Kingate Funds' Multi-Layer Management Structure

104.    Admit that the Kingate Funds were not directly managed by FIM, but rather that FIM acted as a consultant to KML.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 104 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 104 of the Complaint.

105.    Admit, on information and belief, the allegations of paragraph 105 of the Complaint.

106.    Admit that there is an unsigned co-manager agreement between Kingate Global, KML, and Tremont dated 1995, and respectfully refer to that document for its true contents.

107.    Admit that the Kingate Funds paid management fees based on the Kingate Funds' net asset values, that in 1995, those fees totaled 1.5% and were divided by KML and Tremont as co-managers, and that the Kingate Funds did not charge performance fees.  Admit that, in 1995, if KML introduced investors to Kingate Global, Kingate Global paid a fee of 1% of the net assets attributable to those investors to KML and 0.5% of such net assets to Tremont, and that if Tremont introduced investors to Kingate Global, Kingate Global paid a fee of 1% of the net assets attributable to those investors to Tremont and 0.5% of such net assets to KML.  The Kingate Funds deny all remaining allegations in paragraph 107 of the Complaint.

108.    Admit that from 1997 to 2007 the Kingate Funds paid hundreds of millions of dollars in management fees.  The Kingate Funds lack knowledge or information sufficient to

18

form a belief as to the truth of the remaining allegations of paragraph 108 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 108 of the Complaint.

109.    Admit that in years 1996, 2001 and 2008 the Kingate Funds paid millions of dollars in management fees.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 109 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 109 of the Complaint.

110.    Admit that there is a consulting agreement dated December 1, 1995 between Kingate Global, KML, and FIM, and respectfully refer to that document for its true contents. Further admit that FIM Limited was replaced by FIM Advisers in 2005.  The Kingate Funds deny all remaining allegations in paragraph 110 of the Complaint.

111.    Admit that Tremont was not retained as a co-manager of Kingate Euro's assets. The Kingate Funds deny all remaining allegations of paragraph 111 of the Complaint.

112.    Admit that KML and FIM Limited entered into Distribution Agreements of April 23, 2001, appointing FIM Limited as a non-exclusive distributor for each of Kingate Euro and Kingate Global, and respectfully refer to those documents for their true contents.  Further admit that FIM Advisers replaced FIM Limited in 2005.  The Kingate Funds deny all remaining allegations of paragraph 112 of the Complaint.

113.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 113 of the Complaint.

114.    Admit that Kingate Global and KML executed a management agreement dated as of January 1, 2006, and respectfully refer to that document for its true contents.  The remaining allegations of paragraph 114 asserts the Trustee's intention regarding nomenclature as to which no answer is required.

115.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 115 of the Complaint.

116.    Admit that each of Kingate Global and Kingate Euro issued various Information Memoranda, and respectfully refer to those documents for their true contents.

117.    Admit that Kingate Global issued an Information Memorandum dated May 1, 2006, and respectfully refer to that document for its true contents.

118.    Admit that the Kingate Funds entered into various management agreements with KML, and respectfully refer to those documents for their true contents.

**Ceretti, Grosso, the Kingate Funds, the Management Defendants, and Citi Hedge Knowingly Facilitated Madoff's Fraudulent IA Business**

119.    Admit, on information and belief, that investors in the Kingate Funds' knew that the Kingate Funds were exclusively invested with BLMIS, and respectfully refer to the Kingate Funds' Information Memoranda for their true contents.

120.    Admit, on information and belief, that Ceretti sent an e-mail to an investor on or about November 30, 1999 regarding a request for an introduction to Madoff, and respectfully refer to that communication for its true contents.  Further admit, on information belief, that Grosso sent an e-mail to Alessandro Albrighi on or about November 21, 2008, and respectfully refer to that communication for its true contents.  The Kingate Funds deny all remaining allegations of paragraph 120 of the Complaint.

121.    Admit, on information and belief, that in September 2006, there was e-mail correspondence regarding a discrepancy noted by BISYS, and respectfully refer to that communication for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 121 of the Complaint.

122.    Admit that FIM maintained a website stating that FIM Advisers was "a leading alternative investment company," and respectfully refer to that website for its true contents.

123.    Admit that FIM purported to have due diligence and risk management procedures, and that those materials stated that FIM would ensure that underlying managers remained within their own investment limits.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 123 of the Complaint.

124.    Admit that materials prepared by FIM stated that its operational due diligence analyst would analyze "the effectiveness of the systems and procedures used to value the portfolio, the independence of the pricing of the portfolio, the effectiveness of the reconciliations performed, controls over broker and subscription accounts and payments there from."  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 124 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 124 of the Complaint.

125.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 125 of the Complaint.

126.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 126 of the Complaint.

127.    Admit, on information and belief, that in an August 2007 report, certain employees of FIM recommended liquidating an investment, and respectfully refer to that report for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 127 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 127 of the Complaint.

128.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 128 of the Complaint.

129.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 129 of the Complaint.

130.    Admit, on information and belief, that FIM prepared a draft March 2008 Long-Invest report, and respectfully refer to that draft for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 130 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 130 of the Complaint.

131.     Admit, on information and belief, that Salahuddin sent an e-mail to Grosso, Ceretti, and Wetherhill regarding an investor's request for information about Kingate Global, and respectfully refer to that communication for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 131 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 131 of the Complaint.

132.     Admit, on information and belief, that Grosso had e-mail correspondence with investors regarding the Kingate Funds, and respectfully refer to that communication for its true contents.  Further admit, on information and belief, that Grosso had e-mail correspondence with Eric Lazear in November 2008 regarding the Kingate Funds, and respectfully refer to that communication for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 132 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 132 of the Complaint.

133.     Admit, on information and belief, that Lazear sent an e-mail to Grosso in January 2009, after Madoff's fraud was disclosed, regarding due diligence and the Kingate Funds, and respectfully refer to that communication for its true contents.

134.     Admit, on information and belief, that after Madoff's collapse, Lazear sent a December 12, 2008 e-mail, in which he referred to Madoff as a "scam," and respectfully refer to that communication for its true contents.

135.     Deny the allegations of paragraph 135 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint, and, to the extent an

answer is required, the Kingate Funds deny all remaining allegations of paragraph 135 of the Complaint.

136.    Admit, on information and belief, that Grosso sent an e-mail to Wetherhill in February 2008 regarding the extent of work done by PriceWaterhouse Coopers with respect to Madoff, and respectfully refer to that communication for its true contents.  Further admit, on information and belief, that Grosso sent an e-mail to Wetherhill in February 2008 regarding work done by PriceWaterhouse Coopers with respect to Madoff, stating that such questions "should be part of the work done by an auditor," and respectfully refer to that communication for its true contents.

137.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 137 of the Complaint.

138.    Deny the allegations of paragraph 138 with respect to the Kingate Funds.  Admit, on information and belief, that FIM prepared a document regarding a Hedge/MAR 2001 Article on Bernard Madoff, and respectfully refer to that document for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 138 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 138 of the Complaint.

139.    Admit, on information and belief, that FIM prepared a document regarding a Hedge/MAR 2001 Article on Bernard Madoff, and respectfully refer to that document for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 139 of the Complaint, and, to the extent an

answer is required, the Kingate Funds deny all remaining allegations of paragraph 139 of the Complaint.

140.    Admit, on information and belief, that FIM prepared a document regarding a Hedge/MAR 2001 Article on Bernard Madoff, and respectfully refer to that document for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 140 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 140 of the Complaint.

141.    Deny the allegations of paragraph 141 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 141 of the Complaint.

142.    Admit that Citi Hedge acted, at certain times, as administrator for the Kingate Funds, and that Citi Hedge's responsibilities as administrator included determination of the Kingate Funds' net asset value.  The allegations of paragraph 142 appear to refer to an Information Memorandum for Kingate Global, and the Kingate Funds respectfully refer to that document for its true contents.

143.    Admit that, as administrator, Citi Hedge was charged with performing the functions set forth in paragraph 143 of the Complaint.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 143 of the Complaint.

25

144.    Admit, on information on belief, that Tom Healy of Hemisphere sent an e-mail to Grosso in March 2000 discussing Hemisphere's procedures, and respectfully refer to that communication for its true contents.

145.    Admit that from 1997 to 2007 the Kingate Funds paid millions of dollars in fees to Citi Hedge and its predecessors.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 145 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 145 of the Complaint.

## Ceretti, Grosso, the Kingate Funds, the Management Defendants, and Citi Hedge Knew of Impossible Trading Activity at BLMIS

146.    Admit the allegations of the first sentence of paragraph 146 of the Complaint. The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 146 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 146 of the Complaint.

147.    Deny the allegations of paragraph 147 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 147 of the Complaint.

148.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 148 of the Complaint.

149.    Admit that there was a burst in the "dot com" bubble in 2000, a bear market in 2000-2002, and a recession and housing crisis in 2008.  The Kingate Funds deny all remaining allegations of paragraph 149 of the Complaint.

150.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 150 of the Complaint.

151.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 151 of the Complaint.

152.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 152 of the Complaint.

153.    Admit that the May 2008 fact sheet includes a chart, prepared by KML, that compares the Kingate Funds' reported returns to that of other indices, including the S&P 500, and respectfully refer to that document for its true contents.

154.    Deny the allegations of paragraph 154 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 154 of the Complaint.

155.    Deny the allegations of paragraph 155 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 of the Complaint, and, to the extent an

answer is required, the Kingate Funds deny all remaining allegations of paragraph 155 of the Complaint.

156.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 156 of the Complaint.

157.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 157 of the Complaint.

158.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 158 of the Complaint.

159.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 159 of the Complaint.

160.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 160 of the Complaint.

161.    Deny the allegations of paragraph 161 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 161 of the Complaint.

162.    Deny the allegations of paragraph 162 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 162 of the Complaint.

163.    Deny the allegations of paragraph 163 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 163 of the Complaint.

164.    Admit that the Kingate Funds' account statements reported balances of approximately $2.8 billion as of July 2006, and $3.0 billion as of December 2006.  Deny all remaining allegations of paragraph 164 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 164 of the Complaint.

165.    Deny the allegations of paragraph 165 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 165 of the Complaint.

166.    Deny the allegations of paragraph 166 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 166 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 166 of the Complaint.

167.    Deny the allegations of paragraph 167 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 167 of the Complaint.

168.    Deny the allegations of paragraph 168 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 168 of the Complaint.

169.    Admit, on information and belief, that Madoff did not make any trades.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 169 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 169 of the Complaint.

170.    Admit that the Joint Liquidators interviewed Grosso in April 2010, and that Grosso stated that on a monthly basis FIM would conduct an extensive analysis of the Kingate portfolio, which included comparing the prices of the trades with the range of prices of the day in which the trades took place.  Deny all remaining allegations of paragraph 170 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the

Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 170 of the Complaint.

171.    Admit, on information and belief, that KML received BLMIS account statements for the Kingate Funds.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 171 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 171 of the Complaint.

172.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 172 of the Complaint.

173.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 173 of the Complaint.

174.    The Kingate Funds admit that account statements for October 2003 reported purchases of 984,137 shares of Intel Corp for Kingate Global and 240,240 shares for Kingate Euro, with a settlement date of October 7, 2003.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 174 of the Complaint, and to the extent an answer is required, deny all remaining allegations of paragraph 174 with respect to the Kingate Funds.  With respect to the other parties and information alleged, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 174 of the Complaint.

31

175.    Admit the allegations of the first sentence of paragraph 175.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 175 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 175 of the Complaint.

176.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 176 of the Complaint.

177.    Deny the allegations of paragraph 177 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 177 of the Complaint.

178.    Deny the allegations of paragraph 178 of the Complaint.

179.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 179 of the Complaint.

180.    Deny the allegations of the first sentence of paragraph 180 of the Complaint.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 180 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 180 of the Complaint.

181.    Deny the allegations of the first sentence of paragraph 181 of the Complaint.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 181 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 181 of the Complaint.

182.    Deny the allegations of paragraph 182 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 182 of the Complaint.

183.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 183 of the Complaint.

184.    Deny the allegations of paragraph 184 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 184 of the Complaint.

185.    Deny the allegations of paragraph 185 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 185 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 185 of the Complaint.

186.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 186 of the Complaint.

187.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 187 of the Complaint.

188.    Deny the allegations of paragraph 188 with respect to the Kingate Funds.  With respect to the other parties and information alleged, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 188 of the Complaint.

189.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 189 of the Complaint.

190.    Deny the allegations of paragraph 190 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 190 of the Complaint.

191.    Deny the allegations of paragraph 191 with respect to the Kingate Funds.  With respect to the other parties and information alleged, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 191 of the Complaint.

192.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 192 of the Complaint.

193.     Deny the allegations of paragraph 193 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 193 of the Complaint.

194.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 194 of the Complaint.

195.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 195 of the Complaint.

196.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 196 of the Complaint.

197.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 197 of the Complaint.

198.     Deny the allegations of paragraph 198 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198 of the Complaint, and, to the extent an

answer is required, the Kingate Funds deny all remaining allegations of paragraph 198 of the Complaint.

199.    Admit that customers can purchase securities in excess of the cash value of their account by buying on margin.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 199 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 199 of the Complaint.

200.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 200 of the Complaint.

201.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 201 of the Complaint.

202.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 202 of the Complaint.

203.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 203 of the Complaint.

204.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 204 of the Complaint.

205.    Admit, on information and belief, that BLMIS did not charge the Kingate Funds margin interest. Deny all remaining allegations of paragraph 205 with respect to the Kingate Funds. With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 205 of the Complaint.

206.    Deny the allegations of paragraph 206 with respect to the Kingate Funds. With respect to the other parties and information alleged, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 206 of the Complaint.

207.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 207 of the Complaint.

208.    Deny the allegations of paragraph 208 with respect to the Kingate Funds. With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 208 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 208 of the Complaint.

209.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 209 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 209 of the Complaint.

210.    Deny the allegations of paragraph 210 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 210 of the Complaint.

211.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 211 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 211 of the Complaint.

212.    Deny the allegations of paragraph 212 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 212 of the Complaint.

213.    Deny the allegations of paragraph 213 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 213 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 213 of the Complaint.

214.    Admit on information and belief that Grosso sent an e-mail to a KML employee stating that Madoff traded with 25 to 30 counterparties  and that they "comprise the usual suspects."  Deny all remaining allegations of paragraph 214 with respect to the Kingate Funds. With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214 of the Complaint, and, to the

38

extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 214 of the Complaint.

215.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 215 of the Complaint.

216.    Deny the allegations of paragraph 216 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 216 of the Complaint.

217.    Admit that in a 2007 article in InvestHedge, a reporter attributed these statements to Grosso.

218.    Deny the allegations of paragraph 218 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 218 of the Complaint.

219.    Admit, on information and belief, that Ceretti corresponded with a Hemisphere employee in May 2000 regarding concerns that Madoff was both broker and manager.  Deny, on information and belief, that the concerns were voiced by a potential investor.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 219 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 219 of the Complaint.

220.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 220 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of the first sentence of paragraph 220 of the Complaint.  Admit, on information and belief, that FIM prepared an operational due diligence report in 2007 that includes the quoted language, among other statements about Madoff.

221.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 221 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 221 of the Complaint.

222.     Deny the allegations of paragraph 222 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 222 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 222 of the Complaint.

223.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 223 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 223 of the Complaint.

224.     The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 224 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 224 of the Complaint.

225.     Admit, on information and belief, that FIM received notice in June 2008 of a warning from HSBC with respect to Madoff.  Further admit, on information and belief, that

Grosso corresponded with Ceretti and others about the warning, and respectfully refer to that communication for its true contents.

226.    Admit, on information and belief, that FIM had correspondence in November 2008 about issues raised by an analyst about Madoff, and respectfully refer to that communication for its true contents.

227.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 227 of the Complaint.

228.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 228 of the Complaint.

229.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 229 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 229 of the Complaint.

230.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 230 of the Complaint.

231.    Deny the allegations of paragraph 231 with respect to the Kingate Funds.  Admit, on information and belief, that Grosso provided comments on Madoff's trading technology in a November 2008 e-mail, and refer to that document for its true contents.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 231 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 231 of the Complaint.

232.    Deny the allegations of paragraph 232 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 232 of the Complaint.

233.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 233 of the Complaint.

234.    Admit the allegations of paragraph 234 of the Complaint.

235.    Deny the allegations of paragraph 235 with respect to the Kingate Funds.  Admit, on information and belief, that FIM was aware that BLMIS was audited by Friehling & Horowitz. With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 235 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 235 of the Complaint.

236.    Deny the allegations of paragraph 236 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 236 of the Complaint.

237.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 237 of the Complaint.

238.    Deny the allegations of paragraph 238 with respect to the Kingate Funds.  With respect to the other parties, the Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 238 of the Complaint.

239.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 239 of the Complaint.

240.    Admit, on information and belief, that fund managers sometimes charge management fees based on assets under management, and sometimes charge performance fees. The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 240 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 240 of the Complaint.

241.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 241 of the Complaint.

242.    Admit that the Kingate Funds maintained four accounts at Bank of Bermuda under the first three listed account numbers.  Deny that the Kingate Funds maintained an account at Bank Bermuda with the last-listed account number.

243.    Admit that Bank of Bermuda served as the custodian for the Kingate Funds.  The Kingate Funds deny all remaining allegations of paragraph 243.

244.    Admit that the Kingate Funds' accounts at Bank of Bermuda held millions of dollars in December 2008.  The Kingate Funds lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of paragraph 244 of the Complaint, and, to the
extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 244
of the Complaint.

245.    Admit that from 1997 to 2007 the Kingate Funds paid hundreds of thousands of
dollars in fees to Bank of Bermuda.  The Kingate Funds lack knowledge or information
sufficient to form a belief as to the truth of the remaining allegations of paragraph 245 of the
Complaint, and, to the extent an answer is required, the Kingate Funds deny all remaining
allegations of paragraph 245 of the Complaint.

246.    Admit that in 1996, Kingate Global paid thousands of dollars in fees to Bank of
Bermuda.  The Kingate Funds lack knowledge or information sufficient to form a belief as to the
truth of the remaining allegations of paragraph 246 of the Complaint, and, to the extent an
answer is required, the Kingate Funds deny all remaining allegations of paragraph 246 of the
Complaint.

247.    Admit, on information and belief, that Kingate Global withdrew approximately
$384 million of the amount that it invested with BLMIS, and that Kingate Euro withdrew
approximately $541 million of the amount that it invested with BLMIS.  The Kingate Funds
deny all remaining allegations of paragraph 247 of the Complaint.

248.    Paragraph 248 asserts legal conclusions as to which no answer is required.  To the
extent an answer is required, the Kingate Funds deny the allegations of paragraph 248 of the
Complaint.

249.    Admit, on information and belief, that, during the six years preceding the filing
date, Kingate Global withdrew approximately $360 million of the amount that it invested with
BLMIS and Kingate Euro withdrew approximately $465 million of the amount that it invested

with BLMIS.  The remainder of paragraph 249 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 249 of the Complaint.

250.    Admit, on information and belief, that, during the two years preceding the filing date, Kingate Global withdrew approximately $111 million of the amount that it invested with BLMIS and Kingate Euro withdrew approximately $234 million of the amount that it invested with BLMIS.  The remainder of paragraph 250 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 250 of the Complaint.

251.    Admit, on information and belief, that, during the 90 days preceding the filing date, Kingate Global withdrew approximately $100 million of the amount that it invested with BLMIS and Kingate Euro withdrew approximately $155 million of the amount that it invested with BLMIS.  The remainder of paragraph 251 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 251 of the Complaint.

252.    Paragraph 252 asserts the Trustee's intention regarding nomenclature as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 252 of the Complaint.

253.    Admit, on information and belief, that a portion of the money the Kingate Funds paid in management fees came from withdrawals from their accounts at BLMIS.  The remainder of paragraph 253 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 253 of the Complaint.

45

254.    Deny the allegations of paragraph 254 of the Complaint.

255.    Admit, on information and belief, that a portion of the money the Kingate Funds paid in management fees came from withdrawals from their accounts at BLMIS, and that Ceretti and Grosso were the ultimate beneficiaries of certain of those payments.  The remainder of paragraph 255 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny all remaining allegations of paragraph 255 of the Complaint.

256.    Deny the allegations of paragraph 256 of the Complaint.

257.    Deny the allegations of paragraph 257 of the Complaint.

258.    Deny the allegations of paragraph 258 of the Complaint.

259.    Paragraph 259 asserts the Trustee's intention regarding nomenclature as to which no answer is required.

260.    The Kingate Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 260 of the Complaint, and, to the extent an answer is required, the Kingate Funds deny the allegations of paragraph 260 of the Complaint.

261.    Paragraph 261 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 261 of the Complaint.

**FIRST COUNT**

**PREFERENTIAL TRANSFERS**
**11 U.S.C. §§ 502(d), 547(b), 550(a), AND 551**

262.    In response to paragraph 262, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

263.    Admit that the Kingate Funds were creditors and customers of BLMIS.  The remainder of paragraph 263 asserts legal conclusions as to which no answer is required.

264.    Paragraph 264 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 264 of the Complaint.

265.    Paragraph 265 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 265 of the Complaint.

266.    Admit that BLMIS owed money to the Kingate Funds.  The remainder of paragraph 266 asserts legal conclusions as to which no answer is required.

267.    Paragraph 267 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 267 of the Complaint.

268.    Admit that the Kingate Funds withdrew a portion of the amounts that they invested within 90 days of the SIPA filing.  The remainder of paragraph 268 asserts legal conclusions as to which no answer is required.

269.    Paragraph 269 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 269 of the Complaint.

270.    Paragraph 270 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 270 of the Complaint.

271.    Paragraph 271 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 271 of the Complaint.

**SECOND COUNT**

**ACTUAL FRAUDULENT TRANSFER**
**11 U.S.C. §§ 502(d), 548(a)(1)(A), 550(a), AND 551**

272.    In response to paragraph 272, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

273.    Admit that the Kingate Funds withdrew a portion of the amounts that they invested within two years of the SIPA filing.  The remainder of paragraph 273 asserts legal conclusions as to which no answer is required.

274.    Paragraph 274 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 274 of the Complaint.

275.    Paragraph 275 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 275 of the Complaint.

276.    Paragraph 276 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 276 of the Complaint.

277.    Paragraph 277 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 277 of the Complaint.

## THIRD COUNT

## CONSTRUCTIVE FRAUDULENT TRANSFER
### 11 U.S.C. §§ 502(d), 548(a)(1)(B), AND 551

278.    In response to paragraph 278, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

279.    Admit that the Kingate Funds withdrew a portion of the amounts that they invested within two years of the SIPA filing.  The remainder of paragraph 279 asserts legal conclusions as to which no answer is required.

280.    Paragraph 280 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 280 of the Complaint.

281.    Paragraph 281 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 281 of the Complaint.

282.    Paragraph 282 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 282 of the Complaint.

283.    Paragraph 283 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 283 of the Complaint.

284.    Paragraph 284 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 284 of the Complaint.

285.    Paragraph 285 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 285 of the Complaint.

286.    Paragraph 286 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 286 of the Complaint.

## FOURTH COUNT

### ACTUAL FRAUDULENT TRANSFER –
### NEW YORK DEBTOR AND CREDITOR LAW
### §§ 276, 276-a, 278, AND/OR 279, AND 11 §§ U.S.C. 502(d), 544, 550(a), AND 551

287.    In response to paragraph 287, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

288.    Paragraph 288 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 288 of the Complaint.

289.    Paragraph 289 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 289 of the Complaint.

290.    Paragraph 290 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 290 of the Complaint.

291.    Paragraph 291 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 291 of the Complaint.

292.    Paragraph 292 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 292 of the Complaint.

## FIFTH COUNT

### CONSTRUCTIVE FRAUDULENT TRANSFER –
### NEW YORK DEBTOR AND CREDITOR LAW
### §§ 273, 278, AND/OR 279, AND 11 U.S.C. §§ 502(d) 544, 550(a), AND 551

293.    In response to paragraph 293, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

294.    Paragraph 294 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 294 of the Complaint.

295.    Paragraph 295 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 295 of the Complaint.

296.    Paragraph 296 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 296 of the Complaint.

297.    Paragraph 297 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 297 of the Complaint.

298.    Paragraph 298 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 298 of the Complaint.

## SIXTH COUNT

### CONSTRUCTIVE FRAUDULENT TRANSFER –
### NEW YORK DEBTOR AND CREDITOR LAW
### §§ 274, 278, AND/OR 279, AND 11 U.S.C. §§ 502(d), 544, 550(a), and 551

299.    In response to paragraph 299, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

300.    Paragraph 300 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 300 of the Complaint.

301.    Paragraph 301 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 301 of the Complaint.

302.    Paragraph 302 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 302 of the Complaint.

303.    Paragraph 303 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 303 of the Complaint.

304.    Paragraph 304 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 304 of the Complaint.

**SEVENTH COUNT**

**CONSTRUCTIVE FRAUDULENT TRANSFER –
§§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 502(d), 544, 550(a), AND 551**

305.    In response to paragraph 305, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

306.    Paragraph 306 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 306 of the Complaint.

307.    Paragraph 307 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 307 of the Complaint.

308.    Paragraph 308 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 308 of the Complaint.

309.    Paragraph 309 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 309 of the Complaint.

310.    Paragraph 310 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 310 of the Complaint.

## EIGHTH COUNT

### UNDISCOVERED FRAUDULENT TRANSFERS – NEW YORK CIVIL PRACTICE LAW AND RULES 203(g) AND 213(8), AND NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 276-a, AND/OR 279, 11 U.S.C. §§ 502(d), 544, 550(a), AND 551

311.    In response to paragraph 311, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

312.    Paragraph 312 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 312 of the Complaint.

313.    Paragraph 313 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 313 of the Complaint.

314.    Paragraph 314 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 314 of the Complaint.

315.    Paragraph 315 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 315 of the Complaint.

316.    Paragraph 316 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 316 of the Complaint.

## NINTH COUNT

## RECOVERY OF SUBSEQUENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW § 278 AND 11 U.S.C. §§ 550(a) AND 551

317.    In response to paragraph 317, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

318.    Paragraph 318 relates to a Count as to which the Kingate Funds have no interest and therefore no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 318 of the Complaint.

319.    Paragraph 319 relates to a Count as to which the Kingate Funds have no interest and therefore no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 319 of the Complaint.

320.    Paragraph 320 relates to a Count as to which the Kingate Funds have no interest and therefore no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 320 of the Complaint.

321.    Paragraph 321 relates to a Count as to which the Kingate Funds have no interest and therefore no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 321 of the Complaint.

## TENTH COUNT

## OBJECTION TO AND DISALLOWANCE OF CUSTOMER CLAIMS

322.    In response to paragraph 322, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

323.    The allegations of paragraph 323 to not warrant a response, as the Tenth Count has been dismissed pursuant to an order of this Court.

324.    The allegations of paragraph 324 to not warrant a response, as the Tenth Count has been dismissed pursuant to an order of this Court.

325.    The allegations of paragraph 325 to not warrant a response, as the Tenth Count has been dismissed pursuant to an order of this Court.

326.    The allegations of paragraph 326 to not warrant a response, as the Tenth Count has been dismissed pursuant to an order of this Court.

327.    The allegations of paragraph 327 to not warrant a response, as the Tenth Count has been dismissed pursuant to an order of this Court.

## ELEVENTH COUNT

## EQUITABLE SUBORDINATION OF CLAIMS

328.    In response to paragraph 328, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

329.    Paragraph 329 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 329 of the Complaint.

330.    Paragraph 330 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 330 of the Complaint.

331.    Paragraph 331 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 331 of the Complaint.

332.    Paragraph 332 asserts legal conclusions as to which no answer is required.  To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 332 of the Complaint.

333.    Paragraph 333 asserts legal conclusions as to which no answer is required. To the extent an answer is required, the Kingate Funds deny the allegations of paragraph 333 of the Complaint.

## TWELFTH COUNT

## EQUITABLE DISALLOWANCE OF CLAIMS

334.    In response to paragraph 334, the Kingate Funds repeat and incorporate by reference their responses to the previous allegations of the Complaint.

335.    The allegations of paragraph 335 to not warrant a response, as the Twelfth Count has been dismissed pursuant to an order of this Court.

336.    The allegations of paragraph 336 to not warrant a response, as the Twelfth Count has been dismissed pursuant to an order of this Court.

337.    The allegations of paragraph 337 to not warrant a response, as the Twelfth Count has been dismissed pursuant to an order of this Court.

338.    The allegations of paragraph 338 to not warrant a response, as the Twelfth Count has been dismissed pursuant to an order of this Court.

339.    The allegations of paragraph 339 to not warrant a response, as the Twelfth Count has been dismissed pursuant to an order of this Court.

## AFFIRMATIVE AND OTHER DEFENSES

The Kingate Funds assert the following affirmative and other defenses without conceding in any way that they bear the burden of proof as to such matters or that such matters are not elements that the Trustee must establish in order to make out a prima facie case against the Kingate Funds.

The Kingate Funds adopt and incorporate by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that the Kingate Funds may share in such defenses.

The Kingate Funds reserve and assert all affirmative defenses available under applicable federal or state law, including the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice Law and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

### FIRST DEFENSE

The Trustee fails to state a claim against the Kingate Funds upon which relief can be granted.

### SECOND DEFENSE

The Trustee lacks standing and/or capacity to bring any claims against the Kingate Funds.

### THIRD DEFENSE

With respect to allegations of fraud, the Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 9(b), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7009.

### FOURTH DEFENSE

The Trustee's claims against the Kingate Funds are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

The Trustee's claims against the Kingate Funds are barred, in whole or in part, by laches.

58

## SIXTH DEFENSE

The Trustee's claims against the Kingate Funds are barred by the doctrines of waiver, estoppel, and unclean hands.

## SEVENTH DEFENSE

The Trustee's claims are barred by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of his predecessors, agents, and representatives (including Madoff and BLMIS) are imputed on the Trustee.

## EIGHTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent any transfers were intended by BLMIS and the Kingate Funds to be contemporaneous exchanges of new value given to BLMIS and were in fact substantially contemporaneous exchanges of new value, within the meaning of 11 U.S.C. § 547(c)(1).

## NINTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent any transfers alleged by the Trustee were in payment of a debt incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and the Kingate Funds and made in the ordinary course of business or financial affairs of BLMIS and the Kingate Funds or were in payment of a debt incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and the Kingate Funds and made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

## TENTH DEFENSE

The Trustee's claims to avoid transfers by BLMIS to or for the benefit of the Kingate Funds, are barred, in whole or in part, to the extent the Kingate Funds gave subsequent new value to or for the benefit of BLMIS that was not secured by an otherwise unavoidable security

interest and on account of which new value BLMIS did not make an otherwise unavoidable transfer to or for the benefit of the Kingate Funds, within the meaning of 11 U.S.C. § 547(c)(4).

## ELEVENTH DEFENSE

The Trustee has no legal or factual basis for altering any arrangement of any tax refunds sought by Kingate Fund.

## TWELFTH DEFENSE

The Trustee's claims are barred because the Kingate Funds are entitled to a set-off based on BLMIS's misconduct and/or the laws governing the contractual agreements the Kingate Funds had entered into with BLMIS.

## THIRTEENTH DEFENSE

The Trustee's claims are barred, in whole or in part, because any alleged transfer sought to be avoided did not enable the Kingate Funds to receive more than they would have received if BLMIS were in a Chapter 7 proceeding.

## FOURTEENTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent transfers made to the Kingate Funds constituted margin payments or settlement payments made in connection with a securities contract or forward contract, that were made prior to the commencement of this case, within the meaning of 11 U.S.C. § 546(e).

## FIFTEENTH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers were made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of the case, within the meaning of 11 U.S.C. § 546(e).

## SIXTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Kingate Funds received from BLMIS are not property of the estate as such amounts were held by BLMIS in constructive trust or as a bailee for the Kingate Funds.

## SEVENTEENTH DEFENSE

The transfers at issue in the Complaint and any amounts the Kingate Funds received from BLMIS satisfy an antecedent debt for which the Trustee is not entitled to avoid and recover.

## EIGHTEENTH DEFENSE

The Trustee's claims are barred by sections 548(c), 548(d)(2)(A) and 548(d)(2)(B) of the Bankruptcy Code.

## NINETEENTH DEFENSE

The Trustee's claims are barred because the Trustee has failed to allege that the Kingate Funds had actual knowledge of Madoff's fraud or that they willfully blinded themselves of the fraud.

## TWENTIETH DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent the transfers at issue and money received by the Kingate Funds from BLMIS was money that was intended to be used to pay and/or cover redemptions made by the Kingate Funds' investors.

## TWENTY-FIRST DEFENSE

The Trustee's claims are barred because the Trustee has failed to allege that any knowledge or intent on the part of the other defendants named in this proceeding can be imputed to the Kingate Funds.

## TWENTY-SECOND DEFENSE

The payments received by the Kingate Funds were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

## TWENTY-THIRD DEFENSE

The payments received by the Kingate Funds were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.

## TWENTY-FOURTH DEFENSE

The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## TWENTY-FIFTH DEFENSE

The Trustee's equitable subordination claim should be dismissed because the Trustee has failed to allege that the Kingate Funds harmed any other BLMIS customers.

## TWENTY-SIXTH DEFENSE

The Trustee's equitable subordination claim should be dismissed because the Trustee has failed to allege gross and egregious conduct on the part of the Kingate Funds.

## TWENTY-SEVENTH DEFENSE

The Trustee's claims for disallowance should be dismissed because the Trustee has not alleged a legally sufficient avoidance claim, as required by section 502(d) of the Bankruptcy Code.

## TWENTY-EIGHTH DEFENSE

The Trustee's claims are barred because bringing this action is an abuse of his discretion.

## TWENTY-NINTH DEFENSE

The transfers at issue in the Complaint and any amounts the Kingate Funds received from BLMIS are not property of the estate because BLMIS never had a legal interest in the transferred funds.

## THIRTIETH DEFENSE

The Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

## THIRTY-FIRST DEFENSE

The Kingate Funds are informed and believe, and thereon allege, that the Trustee and his predecessors, agents and representatives negligently, consciously, or deliberately withheld information from and impeded the investigation of the Kingate Funds so as to prejudice the Kingate Funds. By these actions, the Trustee has unclean hands and is estopped, barred, and otherwise prohibited from claiming the damages stated in the Complaint.

## THIRTY-SECOND DEFENSE

The Kingate Funds are informed and believe, and thereon allege, that the Trustee and his predecessors, agents, and representatives have engaged in conduct and activities sufficient to constitute a waiver and/or estoppel of the claims set forth in the Complaint.

## THIRTY-THIRD DEFENSE

The Kingate Funds and their investors are victims of the Madoff fraud and any claims against them should be dismissed as unconscionable and in violation of public policy.

## THIRTY-FOURTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because there are inadequate creditor claims supporting the relief sought in the Complaint.

## THIRTY-FIFTH DEFENSE

Avoidance of the transfers against Kingate Funds and recovery of the transfers would be inequitable as compared to the Trustee's treatment of transfers received by similarly situated investors and creditors.

## THIRTY-SIXTH DEFENSE

The Trustee's claims are barred to the extent they have been dismissed by the Court or are based on allegations that have been dismissed by the Court.

## THIRTY-SEVENTH DEFENSE

Any transfers alleged herein are not avoidable under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

The Kingate Funds hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise, and hereby reserve their right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

The Kingate Funds expressly reserve all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery or through the Kingate Funds' independent investigation.

64

## JURY TRIAL DEMANDED

The Kingate Funds request a jury trial for all triable issues raised by the Trustee's

Complaint to the extent allowed by the United States Constitution and the Federal Rules of

Bankruptcy Procedure.

## FINAL ORDER

In accordance with the Order entered by Judge Rakoff in the United States District Court

for the Southern District of New York on January 4, 2013 (Civil Action No. 12-115(JSR),

Docket No. 427), and pursuant to Federal Rule of Bankruptcy Procedure 7012, this Court does

not have jurisdiction to issue a final order or judgment in this adversary proceeding.


[*remainder intentionally left blank*]

65

**WHEREFORE**, having fully answered, the Kingate Funds respectfully request entry of

judgment:

(a) against the Trustee and in favor of the Kingate Funds on all Counts;

(b) dismissing with prejudice all claims against the Kingate Funds;

(c) awarding the Kingate Funds the costs of defending this action, including attorneys'

fees, costs, and disbursements;

(d) allowing the Kingate Funds' SIPA customer claims to the fullest extent permitted by

law; and

(e) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 30, 2015

                QUINN EMANUEL URQUHART &
                  SULLIVAN, LLP

          By:    /s/ Robert S. Loigman
                 Susheel Kirpalani
                 Robert S. Loigman
                 Rex Lee
                 Lindsay M. Weber

                 51 Madison Avenue, 22nd Floor
                 New York, New York  10010
                 (212) 849-7000

                 *Counsel to Joint Liquidators of Kingate*
                 *Global Ltd. and Kingate Euro Ltd.*