WILMER CUTLER PICKERING HALE and DORR, LLP
250 Greenwich Street
7 World Trade Center
New York, NY 10007
Telephone: (212) 230 8800
Facsimile:  (212) 230 8888

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                       :
        Plaintiff,                                                      SIPA Liquidation
        v.                                                  :    No. 08-01789 (SMB)
                                                               (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT       :
SECURITIES LLC,
                                                   :
        Defendant.
------------------------------------------------------------ x
In re
                                                   :
BERNARD L. MADOFF,
                                                   :
        Debtor.
                                                   :
------------------------------------------------------------ x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,                                    :    Adv. Pro. No. 12-01046 (SMB)

        Plaintiff,                                         :

        v.                                                  :

SNS BANK N.V., and                                 :
SNS GLOBAL CUSTODY B.V.,

        Defendants.
                                                   :
------------------------------------------------------------ x

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN
SUPPORT OF SNS BANK N.V.'S AND SNS GLOBAL CUSTODY B.V.'S
MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION
TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

SNS Bank N.V. and SNS Global Custody B.V. (collectively, "SNS") respectfully submit this supplemental reply memorandum of law pursuant to the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery [Case No. 08-01789 (SMB), ECF No. 8800] (the "Extraterritoriality Briefing Order").

For the reasons set forth in the Reply Consolidated Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, dated September 30, 2015 (the "Consolidated Brief") and herein: (1) the Trustee's existing complaint against SNS (the "SNS Complaint") must be dismissed pursuant to Judge Rakoff's July 7, 2014 decision on the defendants' consolidated motion to dismiss based on the extraterritoriality issue, *SIPC v. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"),[1] and (2) the Trustee's proposed amendments to the SNS Complaint—as set forth in the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to the SNS Defendants [Adv. Pro No. 12-01046, ECF No. 78] (the "Proffered Allegations")—should be denied as futile, because they fail to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from the Fairfield Funds to SNS occurred domestically.[2]

**THE EXTRATERRITORIALITY DECISION MANDATES DISMISSAL OF**
**THE SNS COMPLAINT**

Judge Rakoff held in the Extraterritoriality Decision that, in determining whether the Trustee's claims seek an impermissible extraterritorial application of section 550(a) of the Bankruptcy Code, the focus must be "on the property transferred and the fact of its transfer." Extraterritoriality Decision, 513 B.R. at 227 (quotations omitted). Judge Rakoff concluded that,

---

[1] SNS participated in the consolidated proceedings in which Judge Rakoff rendered the Extraterritoriality Decision.
[2] SNS joins in the Consolidated Brief and in any other supplemental brief to the extent the statements and arguments therein are applicable to SNS or otherwise support the dismissal of the claims against SNS.

"to the extent the Trustee's complaints allege that both the transferor and the transferee reside outside the United States, there is no plausible inference that the transfer[s] occurred domestically." *Id.* at 233 n.4. It is undisputed that the transfers that are the subject of the SNS Complaint occurred between foreign entities that reside outside the United States. *See* Extraterritoriality Order, Ex. A. Accordingly, because the Trustee has not alleged facts giving rise to a plausible inference that the transfers he seeks to avoid occurred domestically, the Extraterritoriality Decision compels the dismissal of the SNS Complaint.

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE BASIS OF FUTILITY

Facing this certain prospect of dismissal, the Trustee submits the Proffered Allegations in a half-hearted attempt to suggest purported connections of SNS to the United States that are not in fact relevant to the central inquiry required here. The Trustee asserts no new facts *regarding the locus of redemptions* that, under the inquiry driving Judge Rakoff's Extraterritoriality Decision, should challenge dismissal. While the Trustee apparently hopes that scattershot alleged U.S. connections will cloud the inquiry into the extraterritorial nature of the transfers, for the reasons described in the Consolidated Brief, they have no relevance to the merits of the Trustee's claims, let alone have the requisite focus on the "property transferred" and on the "fact of its transfer" that Judge Rakoff held determines whether a domestic transfer to which section 550(a) could apply occurred.[3]

Of the 59 paragraphs of Proffered Allegations, the only allegations pertaining to the actual transfers—and therefore the only allegations that could even possibly be relevant—are the

---

[3] Indeed, even in selecting the irrelevant facts with which he seeks to paint an inaccurate picture regarding the locus of the transfers, the Trustee ignores contrary facts that are plainly within his knowledge. For example, if required, SNS would, in an appropriate context, be prepared to demonstrate that all redemption requests regarding the alleged subsequent transfers from the Fairfield Funds to SNS were sent from SNS in the Netherlands to Citco in the Netherlands, and Citco's confirmations of those redemption requests were sent from Citco in the Netherlands to SNS in the Netherlands.

allegations of one paragraph concerning SNS's alleged use of U.S. bank accounts in connection with receiving the transfers. *See* Proffered Allegations ¶ 19. But those allegations are not in fact relevant, measured by the standard in the Extraterritoriality Decision. And in any event, those allegations are insufficient to raise a plausible inference that the transfers were domestic, under the standard set by Judge Rakoff, for a number of reasons.

First, the Proffered Allegations do not allege that any of the transfers originated in or from the United States. This is a calculated omission. For example, the Trustee evidently does not allege that Fairfield Sigma or Fairfield Lambda made any transfers *from* a bank account in the United States because, among other things, Fairfield Sigma was a euro-denominated fund and Fairfield Lambda was a Swiss franc-denominated fund. Similarly, the Trustee does not allege that Fairfield Sentry made any transfers *from* a bank account in the United States because, among other things, Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints [Case No. 08-01789-SMB, ECF No. 10287], n.88 ("Investors wired funds to Fairfield's account at Citco Bank in Ireland …."). The transfers, which originated extraterritorially, lack a requisite connection to the United States to be subject to avoidance under section 550(a).

Second, the Trustee does not question that each of the transfers was made to SNS or that SNS is a foreign entity. Instead, the Trustee alleges that U.S. banks were involved in SNS's receipt of certain transfers. However, even assuming these allegations are true (and relevant under the Extraterritoriality Decision, which they are not), the Trustee does not allege that any U.S. bank account was involved in SNS's receipt of transfers from Fairfield Sigma or Fairfield

Lambda. Thus, for this independent reason, the counts of the SNS Complaint that seek to recover transfers made by those entities—which constitute the lion's share of the transfers referenced in the Complaint—must be dismissed.

Third, with respect to the allegedly avoidable transfers received by SNS from Fairfield Sentry, the Trustee does not plead with specificity which of the Fairfield Sentry transfers that are the subject of the SNS Complaint allegedly flowed through which of the bank accounts referenced in the Proffered Allegations. Critically and in addition, even if the Trustee had made such specific allegations, Judge Rakoff has already held that "the use of correspondent banks in the United States" does not make the foreign transfers domestic. Extraterritoriality Decision, 513 B.R. at 228 n.1.[4] The Trustee's attempt to muddy the extraterritoriality analysis by referencing other transfers to SNS beyond those that the Trustee alleges are avoidable is beside the point—as noted above, Judge Rakoff directs the focus on the transfers that the Complaint seeks to avoid.

## CONCLUSION

The Court should dismiss the SNS Complaint on the basis that the Trustee seeks an impermissible extraterritorial application of Section 550(a) of the Bankruptcy Code. Dismissal is appropriate simply because the transferor and a transferee were both plainly residing outside the United States, Extraterritoriality Decision, 513 B.R. at 233 n.4, and the Proffered Allegations do not change that result—there continues to be, no "plausible inference that the transfer[s] occurred domestically." *Id.*

---

[4] The Trustee has alleged that a few of the transfers from Fairfield Sentry were received into SNS's "own" bank accounts in New York. The Court need not resolve the accuracy or inaccuracy of this factual statement for the purposes of this motion to dismiss because Judge Rakoff's conclusion with respect to correspondent bank accounts applies equally to non-correspondent bank accounts, especially where the accounts are used for routing funds to foreign recipients, as here. *See* Consolidated Memorandum at 28-29.

- 5 -

Dated: September 30, 2015

    /s/ *George W. Shuster, Jr.*
George W. Shuster, Jr.
Andrea J. Robinson

WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 100072
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
Email: andrea.robinson@wilmerhale.com
       george.shuster@wilmerhale.com

*Attorneys for SNS Bank N.V. and
SNS Global Custody B.V.*

CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of September, 2015, true and correct copies of the foregoing document was served electronically via the Court's CM/ECF system upon all counsel of record.

Dated: New York, New York
       September 30, 2015

                                        /s/*George W. Shuster, Jr.*
                                        George W. Shuster, Jr.