WILMER CUTLER PICKERING HALE and DORR, LLP
250 Greenwich Street
7 World Trade Center
New York, NY 10007
Telephone: (212) 230 8800
Facsimile:   (212) 230 8888

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                 :
           Plaintiff,                                                  SIPA Liquidation
          v.                                                 :        No. 08-01789-SMB
                                                           (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT                                 :
SECURITIES LLC,
                                               :
           Defendant.
------------------------------------------------------------ x
In re
                                               :
BERNARD L. MADOFF,
                                               :
           Debtor.
                                               :
------------------------------------------------------------ x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,                                              :    Adv. Pro. No. 12-01209-SMB

           Plaintiff,                                         :

         v.                                                  :

BSI AG, individually and as successor in                     :
interest to BANCO DEL GOTTARDO
                                             :
------------------------------------------------------------ x

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF
BSI AG'S MOTION TO DISMISS BASED ON EXTRATERRITORIALITY,
<u>AND IN OPPOSITION TO THE TRUSTEE'S MOTION TO AMEND</u>**

BSI AG ("BSI") respectfully submits this supplemental reply memorandum of law pursuant to the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery [Case No. 08-01789–SMB, ECF No. 66], on behalf of itself and as successor to Banca Del Gottardo.

## ARGUMENT

BSI joins in the arguments set forth in the Reply Consolidated Supplemental Memorandum of Law In Support of Transferee Defendants' Motion To Dismiss Based on Extraterritoriality dated September 30, 2015, which demonstrate why the Trustee's existing complaint against BSI should be dismissed, and why the Trustee's proposed amendments to that complaint should be denied as futile. BSI also joins in any other supplemental briefs to the extent they are supportive of dismissal of the claims against BSI.

BSI makes the following points in response to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to BSI [Adv. Pro. No. 12-01209, ECF No. 77] (the "Proffered Allegations):

*First*, the Trustee's Proffered Allegations do not assert any new facts regarding the redemptions transferred to BSI that meaningfully address the conclusions in Judge Rakoff's decision on extraterritoriality. *SIPC v. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014)(the "Extraterritoriality Decision"). Instead, the Proffered Allegations focus on the supposed "purpose" of BSI's investments in the Fairfield Funds; on BSI's purported "use of U.S. personnel" to interact with "Fairfield Greenwich Group;" and on agreements providing that BSI's "subscription payments" be sent to a New York correspondent bank account, and that BSI "would be subject to U.S. laws and to jurisdiction in the U.S. courts." See Proffered Allegations ¶¶ 6-7, 9; 16-22; 15; and 10-11.

2

Even if these allegations were accurate,[1] they do not state any new facts *regarding the redemptions* transferred to BSI, which Judge Rakoff has already decided must be the focus of the analysis in determining the extraterritorial application of Section 550(a)(2) of the Bankruptcy Code. As a result, these allegations are plainly insufficient to change Judge Rakoff's conclusion that the redemptions were "thoroughly foreign subsequent transfers" that created "no plausible inference" of domestic transfers as a matter of law. *Id.* at 228, 233.

*Second,* the Trustee does not allege that the Fairfield Funds Sigma made any transfers *from* a bank account in the United States; to the contrary he alleges that Fairfield Sigma was a euro-denominated fund, and that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints [Case No. 08-01789-SMB, ECF No. 10287], n.88 ("Trustee's Opposition Mem")("Investors wired funds to Fairfield's account at Citco Bank in Ireland ….").

Instead, the Trustee alleges only that BSI's redemptions were *received into* a correspondent bank account at HSBC USA (without stating whether any such payments were then forwarded to Europe). Proffered Allegations ¶ 14. Even if these allegations were accurate,[2] Judge Rakoff has already held that "the use of correspondent banks in the United States" does not make the foreign transfers domestic. Extraterritoriality Decision, 513 B.R. at 228 n.1.

---

[1]  The Court need not address these inaccuracies for purposes of the motion to dismiss. However, the futility of the Trustee's Proffered Allegations is underscored by BSI's readiness to submit as evidence, if necessary and at the appropriate time, the facts set forth in the accompanying declaration of Fernando Poretti, which facts correct some of the Trustee's errors.

[2]  Addressing these errors is again not necessary for the motion to dismiss. However, BSI is prepared to show, if necessary and at the appropriate time, that the redemption payments in fact were concluded by transfers from Citco Bank Nederland, N.V. (the Custodian Bank for the Fairfield Funds) in The Netherlands to BSI in Switzerland. *See* accompanying declaration of Fernando Poretti. This also underscores the futility of the Trustee's Proffered Allegations.

*Third,* the Trustee has submitted a chart with columns asserting that BSI used a "U.S. affiliate" and a "U.S. Agent" in connection with a "Transaction." Trustee's Opp. Mem. at Ex. 2-A, p 9. The Trustee's generic description in these columns tries to mask the Trustee's own admission that the alleged use of the "U.S. Agent" was <u>not</u> in connection with the redemptions, but instead related to other "transactions" not relevant to the extraterritoriality analysis. *Id.* at Ex-2-B. Similarly, the Trustee alleges that a "U.S. affiliate" was used "in connection with the transfers or transactions at issue," but nothing in the Proffered Allegations against BSI shows that any such U.S. affiliate was used in connection with any redemptions. *Id.*

*Fourth,* the Proffered Allegations contain a number of other random assertions unrelated to redemptions: that BSI had a "wholly-owned subsidiary" in Florida – Genesis Investment Advisors LLC – which in turn allegedly had agreements with a Fairfield entity named Fairfield Greenwich Limited ("FG Limited"); that BSI supposedly received fees from FG Limited "in connection with Fairfield Sentry investments; and that BSI created a company called Thalia SA to manage "relationships" with Fairfield Greenwich Group, and used U.S.-based advisors and met with Fairfield Greenwich Group "in connection with its investments in the Fairfield Funds." Proffered Allegations ¶¶ 12-13, 17-22. While the Trustee apparently hopes that these random U.S. connections will have some obfuscatory effect, they have no relevance to the merits of the Trustee's 550(a)(2) claim, much less have the requisite focus on the "property transferred," and on "the fact of its transfer," for purposes of the extraterritoriality issue. Regardless of any connections of BSI or its affiliates to the US, the redemptions here are, as a matter of law for extraterritoriality purposes, decidedly foreign.

*Finally,* any possible inference of domestic transfers is defeated by the Trustee's own allegations. He confirms in his existing complaint that the "transferors" and "transferees" in this

4

action are foreign: "Fairfield Sentry was a BVI company;" Fairfield Sentry and Fairfield Sigma are "in liquidation in the BVI;" and "BSI is a private bank that maintains a place of business at Palazzo Botta, Viale Franscini 8, 6901 Lugano, Switzerland." Complaint ¶ ¶ 2, 22.[3]  He also incorporates by reference in his Proffered Allegations (¶¶ 8 and 9) the Private Placement Memoranda (collectively "PPM") for the Fairfield Funds,[4] which confirm that the transactions in this case are foreign: The PPM not only provides that the transactions will take place between "non-U.S. Persons"; that is, neither citizens nor residents of the United States, *see* Declaration, Ex. B (Private Placement Memorandum of Fairfield Sentry Limited, as of August 14, 2006), at 11, 13, and that Fairfield Funds will use Investment Managers located in Bermuda, Placement Agents located in the Grand Cayman, an Administrator and Transfer Agent and Depository located in The Netherlands, Auditors located in the Netherlands, and a Custodian Bank located in Ireland. *Id.* at 2, 3, 7 and Fund Directory.  The PPM also expressly confirms that the Fairfield Funds and its representatives are all outside the U.S. for the purpose of, among other things, falling into a "safe harbor" pursuant to which a "non-U.S. corporation [i.e. the Funds] *will not be deemed to be engaged in a U.S. trade or business*." *Id.* at 28 (emphasis added).

In short, the Trustee seeks an impermissible extraterritorial application of Section 550(a) of the Bankruptcy Code.  Dismissal is appropriate because the transferor and a transferee were both plainly residing outside the United States, Extraterritoriality Decision, 513 B.R. at 233 n.4, and the Proffered Allegations against BSI do not change that result because they do not create any "plausible inference that the transfer[s] occurred domestically." *Id.*

---

[3] BSI acquired Banca Del Gottardo ("BDG"), also a Swiss private bank, in 2008.  While the Trustee does not expressly state so in the Complaint, the principal place of business of BDG prior to the acquisition was also in Switzerland.  *See* the accompanying declaration of Fernando Poretti.

[4] Documents incorporated by reference in the Complaint may properly be considered on a motion to dismiss. *See, e.g., The Weinstein Company v. Smokewood Entertainment Group, LLC*, 664 F.Supp.2d 332, 338 (S.D.N.Y. 2009)).

5

Dated: September 30, 2015

/s/ *Charles C. Platt*_____
Charles C. Platt
George W. Shuster, Jr.

WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 100072
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Charles C. Platt
Email: charles.platt@wilmerhale.com
George W. Shuster, Jr.
Email: george.shuster@wilmerhale.com

*Attorneys for BSI AG*

CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of September, 2015, true and correct copies of the foregoing document was served electronically via the Court's CM/ECF system upon all counsel of record.

Dated: New York, New York
        September 30, 2015

                        /s/ *Charles C. Platt*
                        Charles C. Platt