**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 412-9550
Facsimile:  (212) 964-9200

*Attorneys for Defendant Banque Cantonale Vaudoise*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01694 (SMB) |
| Plaintiff, | |
| v. | |
| BANQUE CANTONALE VAUDOISE, | |
| Defendant. | |

**BANQUE CANTONALE VAUDOISE'S SUPPLEMENTAL REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO**
**DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO**
**THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Banque Cantonale Vaudoise ("BCV") respectfully submits this supplemental reply memorandum of law in further support of BCV's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. BCV also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the 11 checked boxes for BCV in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against BCV filed on June 6, 2012 (the "Complaint") must be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to BCV occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the BCV Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers occurred in the United States.

---

[1]     The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2]     The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3]     The term "BCV Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Banque Cantonale Vaudoise filed on June 26, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the

consolidated motion to dismiss of the Transferee Defendants (including BCV) based on

extraterritoriality.  *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513

B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision").  Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the
> plausible inference that" the transfer occurred "within the United
> States." (citation omitted)  *Here, to the extent that the Trustee's
> complaints allege that both the transferor and the transferee reside
> outside of the United States, there is no plausible inference that the
> transfer occurred domestically.*  Therefore, unless the Trustee can put
> forth specific facts suggesting a domestic transfer, his recovery
> actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied).  Judge Rakoff then remanded the adversary proceedings

against BCV and the other Transferee Defendants to this Court "for further proceedings

consistent with this Opinion and Order."  *Id.* at 232.

In his Complaint against BCV, the Trustee seeks to recover one subsequent transfer in the

amount of $9,769,927 that BCV allegedly received in May 2007 from Fairfield Sentry.

Complaint, ¶ 2.  The Complaint alleges that Fairfield Sentry—the purported transferor—is "a

BVI company" that is "currently in liquidation in the British Virgin Islands."  Complaint, ¶ 2.

With respect to BCV—the purported transferee—the Trustee alleges:

> Defendant BCV is a *société anonyme de droit public* (*i.e.*, a
> corporation organized under public law) that maintains a place of
> business at Place St-François 14, 1003 Lausanne, Switzerland.  The
> Canton of Vaud is Defendant BCV's majority shareholder, with
> 66.95% of the share capital.

Complaint, ¶ 22.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfer from Fairfield Sentry at issue occurred in the United States.  Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the BCV Proffer, would be futile.  The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States.  The BCV Proffer contains no such allegations.

The BCV Proffer contains 43 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, or information disclosed in the Fairfield Sentry private placement memoranda, or the terms and conditions of the Fairfield Sentry subscription agreements.  Only 12 of the 43 paragraphs even mention BCV (BCV Proffer ¶¶ 1, 4, 5, 8, 9, 11, 13-18), and only one paragraph—consisting of a single sentence—provides *any* information about the alleged subsequent transfers to BCV: "BCV invested in Fairfield Sentry through Citco Global Custody N.V. [a Dutch company with offices in Dublin, Ireland] and, as a result, BCV received the transfers through Citco Bank Dublin's correspondent bank account at HSBC in New York" (BCV Proffer ¶ 14).

On the dispositive issue of where the alleged transfers from Fairfield Sentry occurred,

---

[4]   The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Banque Cantonale Vaudoise's Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint, filed on June 26, 2015.

the BCV Proffer is deliberately silent.  The Trustee does not and cannot allege that Fairfield

Sentry made the transfers from a bank account in the United States because the Trustee knows

that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch.  *See*

Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws

of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI.

Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . .").  And, as Judge

Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as

the correspondent account of Citco Bank Dublin at HSBC in New York) to process dollar-

denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer.

513 B.R. at 228 n.1.

Simply stated, none of the allegations in the BCV Proffer, singly or in combination,

give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to

BCV occurred in the United States.  The Trustee has made the same or similar allegations in all

or nearly all of the 88 proceedings currently before the Court and assigned each allegation to

one or more of 19 categories presented in the Trustee's Chart.  The Consolidated Supplemental

Reply addresses each of the 19 categories and shows why they are not relevant to the

dispositive issue of where the transfers occurred.  BCV adopts and relies on the arguments set

forth in the Consolidated Supplemental Reply and therefore will not separately address the

allegations in the BCV Proffer or the 11 categories the Trustee has checked off in the Chart for

BCV.

4

**Conclusion**

BCV respectfully requests that the Court dismiss the Trustee's Complaint against BCV with prejudice and without leave to amend.  The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to BCV occurred in the United States.  The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the BCV Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: New York, New York
        September 30, 2015

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP


/s/ John F. Zulack
John F. Zulack
One Liberty Plaza
New York, New York  10006
Telephone:  (212) 412-9500

*Attorneys for Defendant Banque Cantonale
Vaudoise*