**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> *Plaintiff-Applicant*, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br> *Defendant.* | Adv. Proc. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re <br><br> BERNARD L. MADOFF, <br><br> *Debtor.* | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> *Plaintiff*, <br> v. <br><br> BANQUE SYZ & CO., SA, <br><br> *Defendant.* | Adv. Pro. No. 11-02149 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF
BANQUE SYZ SA IN SUPPORT OF ITS MOTION TO
DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION
TO TRUSTEE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Under the Scheduling Order,[1] Defendant Banque Syz SA ("**Syz**")[2] submits this memorandum of law in further support of its motion to dismiss Count One of the Complaint[3] and in opposition to the Trustee's request for leave to amend the Complaint. Syz fully joins in the arguments set forth in the Reply Memorandum.

**Facts**

In the Complaint, the Trustee alleged that Syz is a Société Anonyme formed under the laws of, and located in, Switzerland, Compl. ¶ 23, that Syz made investments in various so-called "feeder funds" of BLMIS, including Kingate Global Fund Ltd., Kingate Euro Fund Ltd., Fairfield Sentry Limited and Fairfield Sigma Limited (collectively, the "**Feeder Funds**"), *id.* ¶ 6,[4] and that payments Syz received from the Feeder Funds were funded by withdrawals the Feeder Funds made from their brokerage accounts at BLMIS, *id.*

The Trustee now adds Proffered Allegations in a proposed amended complaint to show that the transfers between Syz and the Feeder Funds were "predominantly domestic." Proffered Allegations ¶ 4. The Proffered Allegations consist of 82 numbered paragraphs. Only the first 21

---

[1] The "**Scheduling Order**" is this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Dec. 10, 2014, *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-1879 (Bankr. S.D.N.Y.), ECF No. 8800. Unless otherwise noted, all ECF citations in this memorandum refer to *Picard v. Banque Syz*, Adv. Proc. No. 11-02149 (Bankr. S.D.N.Y.), and the definitions of capitalized terms in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality ("**Reply Memorandum**"), filed contemporaneously herewith, apply to this memorandum.

[2] Following commencement of this adversary proceeding, Syz changed its name from Banque Syz & Co. SA to Banque Syz SA.

[3] Complaint (the "**Complaint**"), ECF No. 1. Count Two of the Complaint seeks to disallow, under section 502(d) of the Bankruptcy Code, the customer claim that Syz allegedly filed in the BLMIS SIPA liquidation and is not subject to the instant motion to dismiss.

[4] The Trustee now alleges that each of the Feeder Funds is an offshore fund located in the British Virgin Islands. *See* Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Banque Syz & Co., SA ¶¶ 26, 47, 58 ("**Proffered Allegations**"), ECF No. 88.

paragraphs relate to Syz.[5] These concern (1) the "purpose" of Syz's investment with the Feeder Funds, *see id.* ¶¶ 5–12, (2) choice-of-law and venue provisions in the Fairfield Sentry subscription agreements, *id.* ¶¶ 13–15, (3) Syz's purported understanding of the "ultimate risk" of a BLMIS bankruptcy in the United States, *id.* ¶¶ 16–17, and (4) Syz's use of a U.S. bank account to effect dollar-denominated transfers, *id.* ¶¶ 18–21.

Within those 21 paragraphs, the Trustee also alleges Syz invested "substantial" amounts directly with BLMIS in a "Banque Syz Direct Account" starting in 2007, Proffered Allegations ¶ 8, after it spent a decade pursuing investment opportunities with BLMIS, *id.* ¶¶ 5–6, that Bernard Madoff was "personally responsible for introducing [Syz's] direct account," *id.* ¶ 9, and that Eric Syz, one of Syz's co-founders, was "one of a select group of individuals included in Madoff's personal telephone contact list …." *Id.*

The Trustee also claims that Syz subjected itself to U.S. law by signing "Banque Syz Direct Account" agreements with BLMIS. *See id.* ¶ 15. The Trustee alleges that Syz "sought to utilize the protections provided by SIPC in the U.S. bankruptcy process, by filing a Customer Claim with the Trustee in connection with its Banque Syz Direct Account," *id.* ¶ 17, and argues that Syz should not be able to invoke extraterritoriality while "seeking to participate in the Trustee's distributions from the fund of customer property." Supplemental Memorandum of Law in Opposition to Banque Syz's Motion to Dismiss at 5, ECF No. 87.

The Trustee has not alleged, in the Complaint or the Proffered Allegations, that Syz or any of the Feeder Funds are anything other than foreign entities.

---

[5] The remaining allegations relate solely to the Feeder Funds, *see* Proffered Allegations ¶¶ 22–82, and are addressed in the Reply Memorandum.

**Argument**

For the reasons set forth in the Reply Memorandum, none of the Proffered Allegations, singly or in combination, alleges a domestic transfer within the meaning of the Extraterritoriality Decision. Here, Syz briefly addresses two of the Trustee's claims that are unique to the Trustee's Proffered Allegations against Syz: *first*, allegations regarding the relationship of Syz and Syz's co-founder with BLMIS and Bernard L. Madoff, and *second*, the allegation that Syz filed a customer claim.

I. **The Trustee's Proffered Allegations Regarding Eric Syz's Contact with BLMIS and Bernard Madoff Do Not Plausibly Allege a Domestic Transfer.**

These Proffered Allegations concerning Eric Syz's personal relationship with Bernard Madoff, his listing in Madoff's personal telephone contact list, Syz's pursuit of investment in BLIMS, and Syz's direct account at BLMIS, even if true, have no bearing on whether the applying Bankruptcy Code section 550(a)(2) to the subsequent transfers themselves would amount to a prohibited extraterritorial application. The Complaint does not seek to recover amounts Syz received directly from BLMIS, the Trustee does not allege that the "Banque Syz Direct Account" was involved in any subsequent transfers between Syz and the Feeder Funds, and any personal relationship does not affect the locations of the subsequent transfers, which by definition did not come from BLMIS. Amending the Complaint to include these allegations adds nothing to the extraterritoriality analysis. The Trustee's request to do so should be denied.

II. **The Trustee's Proffered Allegations Regarding Syz Filing of a Customer Claim Do Not Plausibly Allege a Domestic Transfer.**

The Trustee's allegation that Syz filed a proof of claim, Proffered Allegations ¶ 17, is both misleading and irrelevant. Because the Trustee bases his argument in part on his Proffered Allegation about Syz's proof of claim, Syz now submits a copy as Exhibit A to this Reply. It shows that Syz did filed a claim as sub-custodian for an affiliated custodian of a Cayman

3

Islands fund[6] and thus is not itself "seeking to participate" in customer distributions. And for the reasons set forth in the Reply Memorandum, the Trustee cannot plausibly allege a domestic transfer between Syz and the Feeder Funds based on a customer claim filed long after the transfers, even if Syz had filed the claim for itself.

## Conclusion

For the foregoing reasons and for the reasons set forth in the Reply Memorandum, the Court should dismiss Count One of the Complaint and deny the Trustee's request for leave to amend his Complaint.

Dated: New York, New York
September 30, 2015

By: /s/ Richard Levin
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Richard Levin
Email: rlevin@jenner.com

*Attorneys for Banque Syz SA*

---

[6] *See* Complaint ¶ 83, referencing Claim no. 4677, at 5, ¶ 3 ("As the account holder of record with the Broker [BLMIS], Banque Syz & Co SA (Banque Syz), as sub-custodian of one of its affiliates, Syz & Co. Bank & Trust Ltd, custodian, submits the annexed Customer Claim form on behalf of itself and on behalf of the customer, Isos Fund Limited, a Cayman Island registered fund ("Isos") for whom it is claiming."). A copy of Claim no. 4677 is attached to this Supplemental Memorandum as Exhibit A.

4