**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for Bordier & Cie SA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01695 (SMB) |
| Plaintiff, | |
| v. | |
| BORDER & CIE, | |
| Defendant. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF BORDIER & CIE
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON
EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S
MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Bordier & Cie ("Bordier") respectfully submits this supplemental reply memorandum of law in further support of Bordier's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. Bordier also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the 11 checked boxes for Bordier in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Bordier filed on June 6, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry"), Kingate Global Fund Ltd. ("Kingate Global") and Kingate Euro Fund Ltd. ("Kingate Euro") to Bordier at issue in the Complaint occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry, Fairfield Sigma Limited ("Fairfield Sigma"), Kingate Global or Kingate Euro occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Bordier & Cie filed on June 27, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Bordier) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against Bordier and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Bordier, the Trustee seeks to recover subsequent transfers in the amount of $8,204,307 that Bordier allegedly received from Fairfield Sentry, Kingate Global and Kingate Euro. Complaint, ¶ 2. The Complaint alleges that Fairfield Sentry, Kingate Global and Kingate Euro—the purported transferors—"are British Virgin Islands ("BVI") companies that are in liquidation in the BVI." Complaint, ¶ 2. With respect to Bordier—the purported transferee—the Trustee alleges that "Defendant Bordier is a Swiss private bank that maintains a place of business at Rue de Hollande 16, CH-1204 Geneva, Switzerland." Complaint, ¶ 21.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Bordier & Cie's Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint, filed on June 27, 2015.

alleged transfers from Fairfield Sentry, Kingate Global and Kingate Euro at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer seeks to recover subsequent transfers in the total amount of $8,832,527 that Bordier allegedly received from Fairfield Sentry ($7,928,454), Kingate Global ($134,959), Kingate Euro ($140,894), and Fairfield Sigma Limited ("Fairfield Sigma") ($628,220), another euro-denominated fund and BVI company currently in liquidation in the BVI (Proffer ¶¶ 1, 53, 54). The Proffer contains 89 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry and Fairfield Sigma had their principal operations in the United States and that the operations of Kingate Global and Kingate Euro were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Only 15 of the 89 paragraphs even mention Bordier (Proffer ¶¶ 1, 4, 5, 11-18, 25-28). *The Proffer provides no information about the alleged subsequent transfers from Fairfield Sigma, Kingate Global or Kingate Euro,* and only two paragraphs provide any information about the alleged subsequent transfers from Fairfield Sentry (*see* Proffer ¶ 27 ("Bordier used a bank account at Brown

3

Brother Harriman in New York bank to receive transfers from Fairfield Sentry."); and ¶ 28 ("Additionally, Bordier made redemption requests wherein it instructed that certain redemption payments from Fairfield Sentry be made to another account at UBS AG in Stamford, Connecticut.")).

On the dispositive issue of where the transfers from the respective funds occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sigma or Kingate Euro made any transfers from a bank account in the United States because Fairfield Sigma and Kingate Euro were euro-denominated funds. The Trustee also does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). The Trustee similarly knows that Kingate Global's bank accounts were offshore given that he alleges in other proceedings that subscribers were directed to send subscription moneys through correspondent bank accounts "for ultimate deposit in Kingate Global's bank account."[5] And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry, Fairfield

---

[5] *See, e.g.,* Proffered Allegations ¶ 20, *Picard v. Lombard Odier Darier Hentsch & Cie,* No. 12-01693 (SMB) (Bankr. S.D.N.Y. dated June 27, 2015).

4

Sigma, Kingate Global or Kingate Euro to Bordier occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. Bordier adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not separately address the allegations in the Proffer or the 11 categories the Trustee has checked off in the Chart for Bordier.

## Conclusion

Bordier & Cie respectfully requests that the Court dismiss the Trustee's Complaint against it with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry, Kingate Global or Kingate Euro to Bordier & Cie occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry, Fairfield Sigma, Kingate Global or Kingate Euro occurred in the United States.

Dated: New York, New York
September 30, 2015

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP

/s/ John F. Zulack
John F. Zulack
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9500

*Attorneys for Defendant Bordier & Cie SA*

5