**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>LIGHTHOUSE INVESTMENT PARTNERS LLC, d/b/a LIGHTHOUSE PARTNERS, LIGHTHOUSE SUPERCASH FUND LIMITED, and LIGHTHOUSE DIVERSIFIED FUND LIMITED,<br><br>      Defendants. | Adv. Pro. No. 11-02762 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF LIGHTHOUSE INVESTMENT PARTNERS LLC, d/b/a LIGHTHOUSE PARTNERS, LIGHTHOUSE SUPERCASH FUND LIMITED, and LIGHTHOUSE DIVERSIFIED FUND LIMITED IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT[1]**

---

[1] Terms used herein are as defined in prior briefing on this motion or in the consolidated briefing served contemporaneously therewith.

NY1370173.1
215795-10001

Defendants Lighthouse Investment Partners LLC, d/b/a Lighthouse Partners, Lighthouse Supercash Fund Limited ("Lighthouse Supercash"),[2] and Lighthouse Diversified Fund ("Lighthouse Diversified" and collectively with Lighthouse Supercash, "Lighthouse") respectfully submit this supplemental reply memorandum of law in further support of Lighthouse's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. Lighthouse also adopts and incorporates in full the arguments and grounds set forth in the Consolidated Supplemental Reply submitted contemporaneously herewith. The arguments set forth therein will not be repeated here other than for context.

The Trustee's Complaint against Lighthouse (the "Complaint") must be dismissed because it contains no allegations that transfers from Fairfield Sentry to Lighthouse at issue in the Complaint occurred in the United States. The Trustee's motion for leave to amend should be denied as futile because the facts set forth in the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Lighthouse, filed on June 26, 2015 (the "Proffer"), are legally insufficient to satisfy the Trustee's burden to show that the transfers took place in the United States.

At issue on this motion is the location of the transfer from Fairfield Sentry to Lighthouse. In his July 7, 2014 ruling, Judge Rakoff could not have been clearer: it is the location of the

---

[2] Despite the Trustee's allegation, on unidentified information and belief, Lighthouse Partners is not a transferee. Declaration of David Pollok, dated September 30, 2015 ("Pollok Dec."), ¶ 2. In his Supplemental Memorandum of Law in opposition to the motion to dismiss the complaint herein, filed June 26, 2015, the Trustee claims, erroneously, at footnote 6, that Lighthouse Supercash has not moved to dismiss the complaint on grounds of extraterritoriality and that Lighthouse Supercash is located in Florida. Both of those propositions are untrue. The Complaint is silent as to the company's country of incorporation. As set forth in the Pollok Dec. (¶ 4), Lighthouse Supercash was a British Virgin Islands entity at the time of the transfers. To be clear, the Trustee has brought a single complaint seeking to void two sets of transfers. The defendants in that action have moved to dismiss that Complaint, in its entirety.

NY1370173.1
215795-10001

transfer that determines whether or not the transfer can be voided. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014). Judge Rakoff's ruling, and its legal implications, are discussed fully in the Consolidated Supplemental Reply.

In his Complaint against Lighthouse, the Trustee seeks to void $11,165,251 in transfers that Lighthouse allegedly received from Fairfield Sentry. Complaint, ¶ 2. The Complaint alleges that Fairfield Sentry is a company established pursuant to the laws of the British Virgin Islands (*id.*), as was Lighthouse Diversified (Pollok Dec., ¶ 4; it re-domiciled to the Cayman Islands in 2006; *see* Complaint ¶ 23). The Complaint makes no allegation as to the country of establishment of Lighthouse Supercash, but it too is a foreign entity, having been established originally pursuant to the laws of the BVI (it too re-domiciled to Cayman in 2006). Pollok Dec., ¶ 4 ; Ex. B.

Importantly, however, the existing Complaint sets forth no factual averment regarding the location of the transfers. As Judge Rakoff ruled, the burden of pleading that the transfers took place in the United States falls on the Trustee. Accordingly, the Trustee's existing Complaint is legally deficient and must be dismissed pursuant to Judge Rakoff's ruling.

Also at issue on this motion is whether the Trustee should be permitted to amend his Complaint to set forth the facts recited in the Proffer. Lighthouse recognizes that such leave is liberally granted – indeed FRCP 15(a)(2) so requires – but nonetheless respectfully urges that this is one of the rare circumstances in which this Court should deny leave to amend. Simply put, were the Trustee to amend the Complaint herein and set forth the factual averments set forth in the Proffer, dismissal of such an amended complaint would be inevitable. Thus, leave to amend should be denied because the proposed amendments would be futile.

As addressed in the Consolidated Supplemental Reply, the Trustee's Amended Complaint would have to set forth facts showing that the transfers he seeks to void occurred

2

within the United States. The Proffer is conspicuously devoid of such factual averments. Rather, the Trustee undertakes a somewhat holistic analysis of the overall circumstances, seizing, improperly, on Judge Rakoff's reference to "the location of the transfers *as well as the component events of those transactions*" (Trustee's Supplemental Memorandum of Law at 1, quoting 513 B.R. at 227, emphasis added) as an excuse to do so. As addressed in the Consolidated Supplemental Reply, the antecedent to the phrase "those transactions" in the above quotation is "the transfers," and not the overall operations of the transferor and the transferee. The transfers, when judged by their component events, took place outside of the United States.

Neither the purchase by Lighthouse of its interest in Fairfield Sentry, nor the redemption of that interest by Lighthouse from Fairfield Sentry, occurred in the United States. The subscription agreement by which Lighthouse purchased its interest in Fairfield Sentry consists of a letter, sent by a BVI entity to another BVI entity, in care of its agent, Citco Fund Services (Europe) B.V., in the Netherlands. Paragraph 4 of the subscription agreement specifies how the transfer occurs: "Subscriber should fax and mail an executed, completed copy of this Agreement to the Administrator at the above facsimile number and address, with a copy to the Manager at Fairfield Greenwich (Bermuda) Ltd., 12 Church Street, Suite 606. Hamilton. Bermuda, fax (441) 292-5413."[3] Subscription Agreement, paragraph 4.

Redemption is referred to in the Subscription Agreement (paragraph 9), but the manner in which an investor can submit its interest for redemption is spelled out in the Private Placement Memorandum. The Trustee has referred this Court (Main Mem. at 12, n.46) to the 2006 PPM

---

[3] Because Lighthouse subscribed so long ago, it no longer possesses a copy of its subscription agreement. In another action, the Trustee offered the Court a Fairfield subscription agreement, submitted as Exhibit 3 to the Declaration of Thomas L. Long, submitted in Adv. Proc.11-02732 [Dkt. No. 17], which is submitted herewith as Pollok Dec. Ex. F. We believe that the terms of that agreement are consistent in pertinent part with those of the Lighthouse subscription agreement. A form of "Share Application Form" found in Lighthouse's files is submitted herewith as Pollok Dec. Ex. G.

3

attached as Ex. 1 to the Supplemental Declaration of Thomas L. Long in Adv. Proc. 11-02732 [Dkt No. 46], as do we.  A copy of that PPM is submitted herewith as Pollok Dec., Ex. H.  The Information Memorandum supplied to Lighthouse by Fairfield, which is entirely consistent with the PPM, is submitted herewith as Pollok Dec. Ex. I.  Investors can redeem their shares on the last day of any month "provided that the Fund shall be in receipt of written notice of redemption for at least fifteen (15) calendar days prior to such redemption date."  PPM at 3, 24 (Pollok Dec., Ex. H, 11 and 32 of 62).  The Fund's transfer agent and administrator, to whom the notice would be sent, is, as noted above, Citco Fund Services (Europe), located in the Netherlands.  The Fund itself is a BVI entity and has a BVI address.

The Trustee's Proffer touches on none of these facts.  Rather, it dwells on irrelevancies.  Some of the matters addressed therein have already been rejected as irrelevant by Judge Rakoff, such as the use of a U.S. correspondent bank (Proffer, ¶ 18).  Virtually all of the other allegations most certainly would have been similarly rejected as irrelevant, such as the location of its investment manager (*id.* ¶ 3, 10, 12, ) and that Fairfield Sentry invested in BLMIS (*id.*, *passim*).  That Lighthouse had no employees and is managed by others (*id.,* ¶ ¶ 3,12) is neither relevant nor unusual, since funds usually have no employees and usually have managers.  Neither that fact, nor any other, renders Lighthouse a "shell."  *See id.,* ¶ ¶ 2, 11.[4]  The Trustee carefully tiptoes around the fact that the subscription and redemption occurred outside of the U.S. by noting that "Lighthouse Partners was responsible for requesting and coordinating Lighthouse Diversified's redemptions from Fairfield Sentry" and that the redemption <u>confirmations</u> were sent to Florida.  *Id.* ¶ 15.  Nothing is alleged about where the subscription and redemptions themselves took place, and for good reason, since those acts took place outside of the U.S.

---

[4] There is no allegation of fact in the Complaint or the Proffer, nor could there be, to cast doubt on whether either of the Lighthouse entities was properly formed or operated under BVI (and later Cayman) laws and therefore were proper BVI (and later Cayman) residents.

4

One of the "facts" proffered by the Trustee does not even purport to address the extraterritoriality issue and is inserted, rather blatantly, merely to engender prejudice. That particular averment, however, strongly supports a finding that the Trustee is attempting an unlawful extraterritorial application of the Code. The Trustee proffers that the two Lighthouse funds were established offshore to "reap . . . tax advantages." Proffer, ¶¶ 4, 11. That is correct, but unremarkable. Indeed, Fairfield Sentry specified in its PPM that investors <u>cannot</u> be United States citizens or residents. The restriction on offerees is set forth in several places in the PPM. For example, in the summary section on page 1 it states: "Shares may be offered only to experienced and sophisticated investors who are neither citizens nor residents of the United States ('Non-U.S. Persons') and to a limited number of United States investors that are tax-exempt entities ('U.S. Tax Exempt Investors')." Pollok Dec., Ex. H, at 1 (page number at bottom of the document page). One reason, of course, for the limitation is the very tax motivation that the Trustee found important to include in his Proffer.[5] Thus, the offering was available only to those who reside outside the U.S. – a fact, when coupled with the fact that the transferor also resided outside the U.S., that Judge Rakoff found dispositive.

---

[5] The offerings also were not registered with the SEC and were offered pursuant to an exemption for sales to foreign purchasers.

5

**Conclusion**

For the reasons stated above, Lighthouse respectfully requests that the Court dismiss the Trustee's Complaint against Lighthouse with prejudice and without leave to amend.

Dated: New York, New York
September 30, 2015

        LOEB & LOEB LLP

        By: /s/ Eugene Licker
        345 Park Avenue
        New York, New York 10154
        Telephone: 212.407.4157
        Facsimile: 646.219.7454
        Eugene R. Licker
        Email: elicker@loeb.com

        *Attorneys for Lighthouse Investment Partners LLC, d/b/a Lighthouse Partners, Lighthouse Supercash Fund Limited, and Lighthouse Diversified Fund Limited*