**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    *Plaintiff-Applicant*,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    *Defendant*. | Adv. Proc. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>    *Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    *Plaintiff*,<br>  v.<br><br>TRINCASTAR CORPORATION,[1]<br><br>    *Defendant*. | Adv. Pro. No. 11-02731 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF
TRINCASTAR CORPORATION IN SUPPORT OF ITS MOTION TO
DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION
TO TRUSTEE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

---

[1] Inadvertently misspelled in the Complaint as "Trincaster Corporation."

Under the Scheduling Order,[2] Trincastar Corporation ("**Trincastar**") submits this memorandum of law in further support of its motion to dismiss the Trustee's complaint[3] and in opposition to the Trustee's request for leave to amend the Complaint. Trincastar fully joins in the arguments set forth in the Reply Memorandum.

**Facts**

In the Complaint, the Trustee alleged that Trincastar was a corporation with a principal point of contact in Switzerland, Compl. ¶ 20, that Fairfield Sentry Limited ("**Fairfield Sentry**") was a British Virgins Islands ("**BVI**") company, *id.* ¶ 2, and that payments Trincastar received from Fairfield Sentry were funded by withdrawals Fairfield Sentry made from its brokerage accounts at BLMIS, *see id.* ¶¶ 5, 32.

The Trustee now adds Proffered Allegations[4] in a proposed amended complaint to show that the transfers between Trincastar and Fairfield Sentry were "predominantly domestic." Proffered Allegations ¶ 3. The Proffered Allegations consist of 48 numbered paragraphs. Only the first 23 paragraphs relate to Trincastar.[5] These concern (1) the "purpose" of Trincastar's investment with the Feeder Funds, *see id.* ¶¶ 8–14, (2) Trincastar's use of a U.S. bank account to effect dollar-denominated transfers, *id.* ¶¶ 15–19, and (3) due diligence of Fairfield Sentry, *id.* ¶¶ 20–23.

---

[2] The "**Scheduling Order**" is this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Dec. 10, 2014, *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-1879 (Bankr. S.D.N.Y.), ECF No. 8800. Unless otherwise noted, all ECF citations in this memorandum refer to *Picard v. Trincastar Corporation*, No. 11-02731 (Bankr. S.D.N.Y.), and the definitions of capitalized terms in the Reply Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality ("**Reply Memorandum**"), filed contemporaneously herewith, apply to this memorandum.

[3] Complaint ("**Complaint**"), ECF No. 1.

[4] The "**Proffered Allegations**" are the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Trincastar Corporation, ECF No. 77.

[5] The remaining allegations relate solely Fairfield Sentry, *see* Proffered Allegations ¶¶ 24–48, and are addressed in the Reply Memorandum.

The Trustee alleges in the Proffered Allegations that Trincastar was organized and registered in the British Virgins Islands, *id.* ¶ 4, but "[a]t all relevant times, Trincastar was 100% owned and operated by affiliates of Credit Suisse Group AG ('**CS Group**') and its principal operating subsidiary Credit Suisse AG ('**CS AG**')," and that both CS Group and CS AG "had a significant base of operations in the United States, including thousands of U.S. employees, billions of dollars in domestic assets and a headquarters in New York." *Id.* ¶ 7. The Trustee alleges that Trincastar relied on due diligence conducted by New York-based employees of CS Group and CS AG. *Id.* ¶¶ 20–23. The Trustee also alleges Trincastar "has no real presence [in BVI] and never had more than a statutorily-required registered office, care of a trust corporation at a BVI P.O. Box," *id.* ¶ 4, was not authorized to "carry on business with persons resident in the [BVI]," *id.* ¶ 5, and has no employees of its own, *id.* ¶ 6. But the Trustee has not alleged that Trincastar has any presence in the U.S., despite any connection with CS Group or CS AG. And the Trustee has not alleged, in the Complaint or the Proffered Allegations, that Trincastar or Fairfield Sentry are anything other than foreign entities.

**Argument**

For the reasons set forth in the Reply Memorandum, none of the Proffered Allegations, singly or in combination, alleges a domestic transfer within the meaning of the Extraterritoriality Decision. Here, Trincastar briefly addresses the Trustee's allegations about Trincastar's relationship with CS Group and CS AG.

None of the Trustee's allegations about CS Group's and CS AG's contacts with the United States connect Trincastar to the U.S. or create any plausible inference that any subsequent transfers from Fairfield Sentry to Trincastar were domestic transfers. Thus, none of the Trustee's allegations regarding CS Group or CS AG adds anything to the extraterritoriality analysis.

2

**Conclusion**

For the foregoing reasons and for the reasons set forth in the Reply Memorandum, the Court should dismiss the Trustee's Complaint against Trincastar and deny his request for leave to amend his Complaint.

Dated:   New York, New York
         September 30, 2015

By: /s/Richard Levin
JENNER & BLOCK LLP
919 Third Avenue 38th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Richard Levin
Email: rlevin@jenner.com

*Attorneys for Trincastar Corporation*