**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>*Plaintiff-Applicant*,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>*Defendant*. | Adv. Proc. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>*Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>*Plaintiff*,<br>v.<br><br>UBS AG, UBS (LUXEMBOURG) S.A., UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A., RELIANCE INTERNATIONAL RESEARCH LLC, RELIANCE MANAGEMENT (GIBRALTAR) LIMITED, LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS, as represented by their Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, in their capacities as liquidators and representatives of LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS, and LANDMARK INVESTMENT FUND IRELAND,<br><br>*Defendants*. | Adv. Pro. No. 10-05311 (SMB) |

### SUPPLEMENTAL REPLY MEMORANDUM OF M&B CAPITAL ADVISERS SOCIEDAD DE VALORES IN SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Under the Scheduling Order,[1] Defendant M&B Capital Advisers Sociedad de Valores, S.A. ("**M&B**") submits this memorandum of law in further support of its motion to dismiss Counts Two, Four, Eleven, and Eighteen of the Complaint[2] and in opposition to the Trustee's request for leave to amend the Complaint. M&B fully joins in the arguments set forth in the Reply Memorandum.

### Facts

In the Complaint, the Trustee alleged that M&B is a securities broker-dealer organized and existing under the laws of Spain, Compl. ¶ 40, that M&B formed the Luxembourg Investment Fund-U.S. Equity Plus sub-fund (the "**Luxembourg Fund**"), *id.* ¶ 45, that M&B launched and served as investment manager for Landmark Investment Fund Ireland ("**Landmark Ireland**," and together with the Luxembourg Fund, the "**Foreign Transferors**"), *id.*, and that fees M&B received from the Luxembourg Fund and Landmark Ireland were funded by withdrawals the Foreign Transferors made from their brokerage accounts at BLMIS, *see id.* ¶¶ 2, 202.

---

[1] The "**Scheduling Order**" is this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Dec. 10, 2014, *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-1879 (Bankr. S.D.N.Y.), ECF No. 8800. Unless otherwise noted, all ECF citations in this memorandum refer to *Picard v. UBS AG*, Adv. Proc. No. 10-05311 (Bankr. S.D.N.Y.), and the definitions of capitalized terms in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality ("**Reply Memorandum**"), filed contemporaneously herewith, apply to this memorandum.

[2] Complaint (the "**Complaint**"), ECF No. 1-1. The remaining Counts in the Complaint are not subject to the instant motion to dismiss.

The Trustee now proposes an Amended Complaint[3] to show that the transfers between M&B and the Foreign Transferors were "predominantly domestic." Supp. Mem. at 1.[4] The proposed Amended Complaint consists of 352 numbered paragraphs. To the extent the Amended Complaint concerns M&B, it addresses (1) M&B's organization and incorporation in Spain, Am. Compl. ¶¶ 53, 76–77; (2) M&B's role in creating, managing, and advising the Luxembourg Fund and Landmark Ireland, see Supp. Mem. at 2–4 (citing Am. Compl. ¶¶ 5, 8, 42, 75–78, 88–92, 94–96, 100–02, 127, 233, 266–68, 272, 277, 293, 304); (3) "communication with New York" by M&B's employees or agents, Am. Compl. ¶¶ 40, 96, 101–03, 140, 199–201, 203, 291; see Supp. Mem. at 4−5; and (4) the subsequent transfers from the Foreign Transferors to M&B, Am. Compl. ¶¶ 120–28, 301, 304.[5]

In the Amended Complaint, the Trustee alleges that the Luxembourg Fund was a Luxembourg corporation structured as "*société d'investissement à capital variable*" in Luxembourg, Am. Compl. ¶¶ 41–42, that the Luxembourg Fund "wholly invested" with BLMIS throughout its life, id. ¶ 94, and that the UBS Defendants and Reliance Group Defendants[6]—not M&B—delegated custodial authority for the Luxembourg Fund to BLMIS, id. ¶¶ 8, 266–268, 272, 277. Similarly, the Trustee alleges that Landmark Ireland was an Irish corporation with an office in Ireland, see Am. Compl. ¶¶ 45, that because an M&B principal executed Landmark Ireland's BLMIS account agreements on behalf of Landmark Ireland, "M&B [rather than Landmark

---

[3] The "**Amended Complaint**" is the Trustee's Amended Complaint, ECF No. 221.
[4] The "**Supplemental Memorandum**" is the Trustee's Supplemental Memorandum in Opposition to Defendant M&B's Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint, ECF No. 218.
[5] The Amended Complaint alleges that M&B redeemed proprietary investments from the Foreign Transferors in addition to receipt of investment and management fees, see Am. Compl. ¶ 304, whereas the Complaint simply sought recovery of investment and managements fees, see Comp. ¶ 5. M&B reserves all rights to object to the additional claims on all grounds, including statute of limitations grounds.
[6] "UBS Defendants" and "Reliance Group Defendants" are defined in the Amended Complaint.

2

Ireland] delegated all management authority to BLMIS," *id.* ¶ 102, and worked to ensure that BLMIS would serve as a sub-custodian for Landmark Ireland, *see id.* ¶ 233.

The Trustee has not alleged, in the Complaint or the proposed Amended Complaint, that M&B or the Foreign Transferors are anything other than foreign entities or any facts that would transform the subsequent transfers between foreign entities into domestic transfers.

**Argument**

For the reasons set forth in the Reply Memorandum, none of the allegations in the proposed Amended Complaint, singly or in combination, alleges a domestic transfer to which section 550(a)(2) would apply within the meaning of the Extraterritoriality Decision. Here, M&B briefly addresses two of the Trustee's specific allegations against M&B: *first*, M&B's involvement in organizing and managing the Foreign Transferors, and *second*, the communication "with New York" by M&B, its employees, or agents.

**I.    The Trustee's Proffered Allegations Regarding M&B's Organization of the Luxembourg Fund and Landmark Ireland Do Not Plausibly Allege a Domestic Transfer.**

The Trustee's claims regarding M&B's creation and management of the Foreign Transferors do not allege the transfers M&B received from the Foreign Transferors were domestic transfers.  Instead, the Trustee simply alleges that M&B knew the Foreign Transferors were investing with BLMIS, that M&B delegated management of Landmark Ireland to BLMIS, and that BLMIS was a New York entity.  For the reasons set forth in the Reply Memorandum, M&B's knowledge that the Foreign Transferors invested with BLMIS in the United States has no relevance as to whether the subsequent transfers the Trustee seeks to recover were domestic transfers.  Amending the Complaint to add these allegations would be futile.

3

## II. The Trustee's Allegations Regarding Communications Between New York and M&B Do Not Plausibly Allege a Domestic Transfer.

Allegations in the Amended Complaint concerning "contact with New York" by M&B, its employees, or agents, even if true, have no bearing on whether applying Bankruptcy Code section 550(a)(2) to the subsequent transfers would amount to a prohibited extraterritorial application. The alleged contact between M&B and BLMIS or other New York-based entities or individuals—whether in-person, by telephone, fax, email, or otherwise—does not affect the location of subsequent transfers from the Foreign Transferors to M&B, which by definition did not come from BLMIS. Amending the Complaint to include these allegations adds nothing to the extraterritoriality analysis. The Trustee's request to do so should be denied.

### Conclusion

For the foregoing reasons and for the reasons set forth in the Reply Memorandum, the Court should dismiss Counts Two, Four, Eleven, and Eighteen of the Complaint and deny the Trustee's request for leave to amend his Complaint.

Dated: New York, New York
September 30, 2015

By: /s/Richard Levin
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Richard Levin
Email: rlevin@jenner.com

*Attorneys for M&B Capital Advisers Sociedad de Valores, S.A.*