**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for Defendant Banque Privée Espírito Santo S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 11-02571 (SMB) |
| Plaintiff, | |
| v. | |
| BANQUE PRIVÉE ESPIRITO SANTO S.A, f/k/a Compagnie Bancaire Espirito Santo S.A., | |
| Defendant. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF BANQUE PRIVÉE**
**ESPIRITO SANTO S.A. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**
**BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S**
**MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Banque Privée Espírito Santo S.A. ("Espírito Santo") respectfully

submits this supplemental reply memorandum of law in further support of Espírito Santo's

motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for

leave to amend his complaint.  Espírito Santo also adopts and incorporates in full the

arguments and grounds supporting dismissal without leave to amend set forth in the

Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the 9

checked boxes for Espírito Santo in the so-called "United States Connections Summary Chart"

(the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1)

the Trustee's Complaint against Espírito Santo filed on September 1, 2011 (the "Complaint")

must be dismissed because it contains no allegations that the alleged subsequent transfers from

Fairfield Sentry Limited ("Fairfield Sentry") to Espírito Santo at issue in the Complaint

occurred in the United States and (2) the Trustee's motion for leave to amend should be denied

on the ground of futility because the Espírito Santo Proffer[3] submitted by the Trustee in

response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving

rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry or

Fairfield Sigma Limited ("Fairfield Sigma") occurred in the United States.

---

[1]      The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental
Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on
September  30, 2015.

[2]      The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the
Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion
for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3]      The term "Espírito Santo Proffer" refers to the Trustee's Proffered Allegations Pertaining to the
Extraterritoriality Issue As to Banque Privée Espírito Santo S.A filed on June 29, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the

consolidated motion to dismiss of the Transferee Defendants (including Espírito Santo) based

on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513

B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the
> plausible inference that" the transfer occurred "within the United
> States." (citation omitted) *Here, to the extent that the Trustee's
> complaints allege that both the transferor and the transferee reside
> outside of the United States, there is no plausible inference that the
> transfer occurred domestically.* Therefore, unless the Trustee can put
> forth specific facts suggesting a domestic transfer, his recovery
> actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings

against Espírito Santo and the other Transferee Defendants to this Court "for further proceedings

consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Espírito Santo, the Trustee seeks to recover subsequent transfers

in the amount of $11,426,745 that Espírito Santo allegedly received from Fairfield Sentry.

Complaint, ¶ 2. The Complaint alleges that Fairfield Sentry—the purported transferor—is "a

BVI company" that is "currently in liquidation in the British Virgin Islands." Complaint, ¶ 2.

With respect to Espírito Santo—the purported transferee—the Trustee alleges that it "is a Swiss

limited company located at Avenue Général-Guisan 70 A, 1009 Pully, Switzerland." Complaint,

¶ 21.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the

existing Complaint contains sufficient allegations to give rise to a plausible inference that the

---

[4]    The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in
Opposition to Banque Privée Espírito Santo S.A.'s Motion to Dismiss Based on Extraterritoriality and in Further
Support of the Trustee's Motion for Leave to Amend the Complaint, filed on June 29, 2015.

alleged transfers from Fairfield Sentry at issue in the Complaint occurred in the United States.

Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Espírito Santo Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Espírito Santo Proffer contains no such allegations.

The Espírito Santo Proffer seeks to recover subsequent transfers in the amount of $11,426,745 that Espírito Santo allegedly received from Fairfield Sentry (Espírito Santo Proffer ¶ 1) and subsequent transfers in the amount of $1,723,897 that Espírito Santo allegedly received from Fairfield Sigma Limited ("Fairfield Sigma"), a euro-denominated fund and BVI company currently in liquidation in the BVI (Espírito Santo Proffer ¶¶ 1, 46-47). The Espírito Santo Proffer contains 54 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry and Fairfield Sigma had their principal operations in the United States, or information disclosed in the Fairfield Sentry and Fairfield Sigma private placement memoranda, or the terms and conditions of the Fairfield Sentry and Fairfield Sigma subscription agreements. Only 15 of the 54 paragraphs even mention Espírito Santo (Espírito Santo Proffer ¶¶ 1, 4, 5, 8, 9, 11, 13-21). *The Espírito Santo Proffer provides no information about the alleged subsequent transfers from Fairfield Sigma, the euro-denominated fund,* and only one paragraph provides any information about the alleged subsequent transfers from

3

Fairfield Sentry, the U.S. dollar-denominated fund: "Espírito Santo received the Fairfield

Sentry transfers through its agent Euroclear's bank account at The Bank of New York in New

York" (Espírito Santo Proffer ¶ 17).

On the dispositive issue of where the transfers from Fairfield Sentry and Fairfield

Sigma occurred, the Espírito Santo Proffer is deliberately silent.  The Trustee does not and

cannot allege that Fairfield Sigma made any transfers from a bank account in the United States

because Fairfield Sigma was a euro-denominated fund.  The Trustee also does not and cannot

allege that Fairfield Sentry made any transfers from a bank account in the United States

because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV,

Dublin Branch.  *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was

organized under the laws of the BVI, none of its investors' subscriptions or redemptions

flowed through the BVI.  Investors wired funds to Fairfield's account at Citco Bank in Ireland

. . . .").  And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of

U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank

Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to

satisfy his burden of pleading a domestic transfer.  513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Espírito Santo Proffer, singly or in

combination, give rise to a plausible inference that the alleged subsequent transfers from

Fairfield Sentry and Fairfield Sigma to Espírito Santo occurred in the United States.  The

Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings

currently before the Court and assigned each allegation to one or more of 19 categories

presented in the Trustee's Chart.  The Consolidated Supplemental Reply addresses each of the

19 categories and shows why they are not relevant to the dispositive issue of where the

4

transfers occurred.  Espírito Santo adopts and relies on the arguments set forth in the

Consolidated Supplemental Reply and therefore will not separately address the allegations in

the Espírito Santo Proffer or the 9 categories the Trustee has checked off in the Chart for

Espírito Santo.

## Conclusion

Banque Privée Espírito Santo S.A respectfully requests that the Court dismiss the

Trustee's Complaint against it with prejudice and without leave to amend.  The Complaint

should be dismissed because it contains no allegations that any alleged subsequent transfers from

Fairfield Sentry to Banque Privée Espírito Santo S.A occurred in the United States.  The

Trustee's motion for leave to amend should be denied on the ground of futility because the

allegations in the Espírito Santo Proffer with respect to "extraterritoriality" do not give rise to a

plausible inference that the alleged subsequent transfers from Fairfield Sentry and Fairfield

Sigma occurred in the United States.

Dated: New York, New York
      September 30, 2015

 

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP


/s/ John F. Zulack
John F. Zulack
One Liberty Plaza
New York, New York  10006
Telephone:  (212) 412-9500

*Attorneys for Defendant Banque Privée
Espírito Santo S.A*

5