UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>v.<br><br>LIGHTHOUSE INVESTMENT PARTNERS LLC, d/b/a LIGHTHOUSE PARTNERS, LIGHTHOUSE SUPERCASH FUND LIMITED, and LIGHTHOUSE DIVERSIFIED FUND LIMITED,<br><br>      Defendants. | Adv. Pro. No. 11-02762 (SMB) |

## DECLARATION OF DAVID POLLOK[1]

**DAVID POLLOK** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

---

[1] Terms used herein are as defined in briefing on the motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint.

NY1370379.1
215795-10001

1.	I am the General Counsel of Lighthouse Investment Partners LLC ("Lighthouse Partners") and submit this declaration, on personal knowledge except as stated otherwise, in opposition to the Trustee's motion for leave to amend his complaint and in support of the motion of Defendants Lighthouse Partners, Lighthouse Supercash Fund Limited ("Lighthouse Supercash"), and Lighthouse Diversified Fund ("Lighthouse Diversified" and collectively with Lighthouse Supercash, "Lighthouse") to dismiss based on extraterritoriality. As to events occurring prior to 2007, when I began my tenure at Lighthouse Partners, the basis of my statements herein is information I have obtained through a review of Lighthouse's documents.

2.	Lighthouse Partners is an investment manager. I am aware that the Trustee has alleged in his complaint in this action (the "Complaint") (¶¶ 44, 46) that each of the two Lighthouse funds that received transfers from Fairfield Sentry subsequently transferred some or all of those funds to Lighthouse Partners. The Trustee makes this allegation on information and belief but does not reveal, in the Complaint or the Proffer, the information on which he relies or the basis of the belief. Other than the payment of modest management fees, for which services were rendered, there were no such transfers.

3.	Contrary to the position taken by the Trustee on these motions, both of the two Lighthouse funds seek dismissal of the single Complaint brought against them and Lighthouse Partners and oppose as futile the Trustee's request for leave to amend his Complaint.

4.	Both of the two Lighthouse funds were initially established under the laws of the British Virgin Islands. In 2006, each (along with other funds) were re-domiciled to the Cayman Islands. Attached hereto are true copies of the following exhibits documenting those facts:

> a. Exhibit A: Memorandum of Association and Articles of Association of Lighthouse Diversified;
>
> b. Exhibit B: Memorandum of Association and Articles of Association of Lighthouse Supercash;

2

    c. Exhibit C: Certificate of Incorporation showing name change from Lighthouse Supercash to Lighthouse Low Volatility Fund Limited;

    d. Exhibit D: Excerpt from the Cayman Islands Gazette, dated January 24, 2006, showing registration of several entities, including Lighthouse, as Cayman entities (formerly BVI entities) effective January 3, 2006

    e. Exhibit E: Certificates of Registration by of Continuation of Lighthouse Low Volatility Fund Limited and Lighthouse Diversified.

5.    As evidenced above, Lighthouse Supercash changed its name in 2003 to Lighthouse Low Volatility Fund Limited.

6.    All of the Defendants herein have been in good standing in their country of origin throughout their existence, including the period of time referred to in the Complaint. The Trustee's conclusory claim that the Lighthouse funds were "shells" notwithstanding, we have been diligent in ensuring that all corporate formalities were observed and all corporate responsibilities were properly acquitted. There is, of course, significant documentary evidence to support the preceding sentence, but since the Trustee has not offered any factual basis for his conclusory statement, I have not burdened the Court with those documents. Should the Court desire, however, I am prepared to do so.

7.    Attached hereto as Exhibit F is a true copy of what was represented by the Trustee as a Fairfield subscription agreement, submitted by the Trustee as Exhibit 3 to the Declaration of Thomas L. Long, in Adv. Proc.11-02732 [Dkt. No. 17].

8.    Attached hereto as Exhibit G is a true copy of a form of Share Application Form for subscription to shares of Fairfield Sentry Limited, found in Lighthouse's files.

9.    Attached hereto as Exhibit H is a true copy of what was represented by the Trustee as a Fairfield Private Placement Memorandum, submitted by the Trustee as Ex. 1 to the Supplemental Declaration of Thomas L. Long in Adv. Proc. 11-02732 [Dkt No. 46].

10. Attached hereto as Exhibit I is a true copy of an Information Memorandum supplied to Lighthouse by Fairfield.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Palm Beach Gardens, Florida, on September 30, 2015.

Dated: Palm Beach Gardens, Florida
September 30, 2015

_____
David Pollok

NY1370379.1