Martin Flumenbaum
Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
mflumenbaum@paulweiss.com
aehrlich@paulweiss.com
*Attorneys for Defendant Inter Investissements S.A. (f/k/a Inter Conseil S.A.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>OREADES SICAV represented by its Liquidator INTER INVESTISSEMENTS S.A., INTER INVESTISSEMENTS S.A. (f/k/a INTER CONSEIL S.A.), BGL BNP PARIBAS S.A., and BNP PARIBAS SECURITIES SERVICES S.A.,<br><br>                    Defendants. | Adv. Pro. No. 10-05120 (SMB) |

**DEFENDANT INTER INVESTISSEMENTS S.A.'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN FURTHER OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ..................................................................................................................................... 1

CONCLUSION .................................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Absolute Activist Value Master Fund Ltd.* v. *Ficeto*,
    677 F.3d 60 (2d Cir. 2012)..................................................................................................4

*In re Maxwell Commc'n Corp.*,
    186 B.R. 807 (S.D.N.Y. 1995), *aff'd*, 93 F.3d 1036 (2d Cir. 1996) .........................................4

*Morrison* v. *Nat'l Australia Bank Ltd*,
    561 U.S. 247 (2010)................................................................................................................4

*Parkcentral Global Hub Ltd.* v. *Porsche Auto. Holdings SE*,
    763 F.3d 198 (2d Cir. 2014)...................................................................................................4

*SIPC* v. *Bernard L. Madoff Inv. Sec. LLC*,
    513 B.R. 222 (S.D.N.Y. 2014)........................................................................................ *passim*

**Statutes**

Bankruptcy Code § 550(a), 11 U.S.C. § 550(a).........................................................................1, 5

Defendant Inter Investissements S.A. (f/k/a Inter Conseil S.A.) ("Inter") respectfully submits this supplemental memorandum of law in further support of its motion to dismiss based on extraterritoriality and in further opposition to the Trustee's motion for leave to amend the complaints.[1] Inter hereby adopts and incorporates by reference the arguments set forth in Transferee Defendants' Reply Consolidated Supplemental Memorandum of Law, and submits this memorandum to address the Trustee's proffered extraterritoriality allegations and the arguments made in his supplemental memorandum of law, as pertains to Inter.

The Trustee's Complaint should be dismissed and his motion for leave to amend denied because the Trustee has failed to allege specific facts that the purported subsequent transfers to Luxembourg-based Inter from Luxembourg-based Oréades SICAV ("Oréades") occurred within the United States. Neither the Complaint nor the proffered allegations contain a single fact concerning the location of the subsequent transfers the Trustee seeks to recover, let alone specific facts suggesting that those transfers were domestic in nature. Instead, the Trustee ignores his pleading obligations under Judge Rakoff's July 7, 2014 Opinion and Order (the "Order") and other controlling precedent and focuses on irrelevant and extraneous factors that have no bearing on the location of the transfers. His attempt to re-write the legal standard should be rejected, and the claim against Inter should be dismissed with prejudice.

## ARGUMENT

In the Order, Judge Rakoff held that "section 550(a) [of the Bankruptcy Code] does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers." *SIPC* v. *Bernard L.*

---

[1] This supplemental memorandum of law in no way waives or abandons any jurisdictional or other defenses available to Inter, all of which Inter expressly preserves.

*Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 (S.D.N.Y. 2014). Judge Rakoff further held that "to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically." *Id*. at 232 n.4. Thus, "unless the Trustee can put forth *specific* facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed." *Id.* (emphasis added). Judge Rakoff remanded the adversary proceedings—including the instant action—to this Court "for further proceedings consistent with [the] Opinion and Order." *Id.* at 232.

Neither the Complaint nor the proffered allegations meet this clear standard. As an initial matter, the operative Complaint should be dismissed because it does not allege that the subsequent transfers the Trustee seeks to recover occurred within the United States.[2] The Complaint contains no allegations about the transfers' location—alleging only that Inter, a *société anonyme* "incorporated and organized under the laws of Luxembourg," with a registered office located in Luxembourg, received subsequent transfers from Oréades, a *société d'investissement à capital variable* "incorporated and organized under the laws of Luxembourg," with a registered office in Luxembourg. (Compl. ¶¶ 11, 12, 83, 109–14.) Accordingly, because the Complaint alleges only "that both the transferor [Oréades] and the transferee [Inter] reside outside of the United States, there is no plausible inference that the transfer occurred domestically." 513 B.R. at 232 n.4.

Furthermore, the Trustee's proffered allegations—32 insubstantial paragraphs that still do not address the location of the subsequent transfers at issue—do not save the Trustee's claim against Inter. Thus, the motion for leave to amend the Complaint should be denied because the proposed amendment would be futile.

---

[2] As set forth in Defendants' Consolidated Supplemental Memorandum, the Trustee does not argue that the allegations of the Complaint are sufficient, relying instead on his deficient proffered allegations. Thus, he concedes that the Complaint must be dismissed. (*See* Defs.' Reply, Part I.)

2

In his supplemental brief, the Trustee relies on three allegations that he contends demonstrate that the "transactions" were domestic: (i) Inter was created for the sole purpose of investment with Bernard L. Madoff Investment Securities LLC ("BLMIS") in New York and to profit from the U.S. markets; (ii) Inter entered into an agreement with BLMIS, under which BLMIS agreed to act as the asset manager of Oréades; and (iii) Access International Advisers ("Access") acted as Inter's agent in New York. (Supp. Mem. at 2–5.)[3] But the Trustee's reliance on alleged domestic "component events" that are not in fact the subsequent transfers themselves is contrary to controlling precedent. Moreover, none of these purported facts, alone or in combination, give rise to a plausible inference that the alleged *subsequent* transfers—from Luxembourg-based Oréades to Luxembourg-based Inter—occurred domestically.

*First*, the Trustee's arguments are based on the mistaken premise that he can satisfy his obligation to plead a domestic transfer by alleging that the "legal and economic realities" of the underlying transactions (*i.e.*, investments in BLMIS), not the subsequent transfers themselves, have domestic components. (Supp. Mem. at 1, 5.) This theory is contrary to the Order, which requires the Trustee to allege a *domestic transfer*—a transfer within the United States—to survive dismissal on extraterritoriality grounds. 513 B.R. at 232 n.4. Similarly, relevant Supreme Court and Second Circuit authority makes clear that only allegations concerning the location of the conduct at issue—here, the subsequent transfers, not unrelated

---

[3] These three groups comprise a total of nine duplicative allegations, reflected in Exhibits 2-A and 2-B to the Trustee's opposition brief, on which the Trustee purports to rely to sustain his complaint—namely, that the defendant: (i) knew that assets were placed with a U.S. investment adviser (Col. 4); (ii) knew that assets used to make the transfers or form the basis of the transactions were custodied in the United States (Col. 5); (iii) knew that assets used to make the transfers or form the basis of the transactions were managed, custodied, and/or invested by BLMIS (Col. 6); (iv) knew that assets used to make the transfers or form the basis of the transactions were purportedly invested in U.S. equities, options, and/or Treasurys (Col. 7); (v) conducted due diligence on BLMIS (Col. 9); (vi) used a U.S. agent in connection with the transfers or transactions at issue (Col. 11); (vii) had a relationship with a feeder fund that had significant U.S. connections by virtue of defendant's communications with specific feeder fund offices, sales representatives, agents, employees, and/or other representatives located in the U.S. (Col. 13); (viii) received fees based on BLMIS's performance and/or paid from BLMIS customer property (Col. 14); and (ix) participated in feeder fund management, and/or is an entity created by, or for the benefit of feeder fund management (Col. 16).

3

conduct concerning BLMIS—are relevant to the extraterritoriality determination. *See Morrison v. Nat'l Australia Bank Ltd,* 561 U.S. 247, 266 (2010) ("the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever *some* domestic activity is involved") (emphasis in original); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 68 (2d Cir. 2012) (plaintiff must allege facts "suggesting that irrevocable liability was incurred or title was transferred within the United States" to establish domestic securities transaction); *In re Maxwell Commc'n Corp.*, 186 B.R. 807, 817 (S.D.N.Y. 1995), *aff'd*, 93 F.3d 1036 (2d Cir. 1996) (rejecting claim that alleged preferential transfers were domestic because funds for transfers derived from U.S. assets); *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 216 (2d Cir. 2014) ("minor domestic element" insufficient to render "overwhelmingly foreign transaction" domestic). The Trustee does not cite a single authority to the contrary. (Supp. Mem. at 2 n.4.)

  *Second*, none of the proffered allegations address the critical issue: the actual locations of the subsequent transfers. To the contrary, the Trustee acknowledges that both the transferor and the transferee were foreign—located in, organized in, and incorporated under the laws of Luxembourg. Although the Trustee claims, based on his own say-so, and without specific facts, that Inter's "foreign presence was a sham" and half-heartedly attempts to cast doubt on the legitimacy of Oréades's foreign status (*see* Proffered Allegations ¶¶ 4, 9, 13), he does not and cannot allege that either entity was organized under U.S. law or had any U.S. presence. Nor does he claim that the transfers at issue occurred from or to bank accounts located in the United States, or were funneled through U.S. intermediaries. Thus, because the proffered allegations show that "both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer[s] occurred domestically." 513 B.R. at 232 n.4.

4

*Third*, the proffered allegations do not anywhere refer to the location of the subsequent transfers and thus have no bearing on whether those transfers occurred in the United States. The first two allegations are, at bottom, claims that Inter managed Oréades, knew that Oréades invested with BLMIS, and knew that funds used to make subsequent transfers had been at some point in time invested in the U.S. (Supp. Mem. at 2–4; Opp. Mem., Exs. 2-A & 2-B, Cols. 4–7, 9, 13–14, 16; *see also* Defs' Reply, Part II.B.4–5, 8–9, 11.) These allegations are irrelevant to whether the subsequent transfers occurred domestically. *See* 513 B.R. at 227 (focus of section 550(a) is "transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor"); *id.* at 228 (specifically rejecting Trustee's attempt to convert "thoroughly foreign subsequent transfers" into domestic transfers because chain originated with BLMIS in New York). The third allegation, Inter's alleged use of Access as its agent in the United States, is also insufficient. (Supp. Mem. at 4–5; Opp. Mem., Exs. 2-A & 2-B, Col. 11; *see also* Defs' Reply, Part II.B.6.) The Trustee does not show how the use of such an "agent" creates a plausible inference that transfers between a foreign transferor and a foreign transferee were domestic. To the contrary, the Trustee does not allege that Access received a single transfer the Trustee seeks to recover or that it participated in those transfers in any way.[4]

## **CONCLUSION**

For the foregoing reasons, and those set forth in Transferee Defendants' Reply Consolidated Supplemental Memorandum of Law, we respectfully request that the Court dismiss the Complaint against Inter, with prejudice, and deny the Trustee's motion for leave to amend.

---

[4] To the extent the Trustee's allegations concerning due diligence and receipt of fees (Opp. Mem., Exs. 2-A & 2-B, Cols. 9, 14; Supp. Mem. at 3) are not covered by the above summary allegations, they nonetheless fail for identical reasons. Inter's purported due diligence on BLMIS does not create a plausible inference that the subsequent transfers at issue, which took place long after the initial investment in BLMIS, occurred in the U.S. (*See also* Defs' Reply, Part II.B.5.) Similarly, Inter's alleged receipt of management fees *from Oréades* that may have originated with BLMIS does not somehow render domestic subsequent transfers that allegedly occurred between a Luxembourg-based transferor and a Luxembourg-based transferee. (*Id.*, Part II.B.9.)

Dated: New York, New York
September 30, 2015

    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ Martin Flumenbaum
Martin Flumenbaum
Andrew J. Ehrlich
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
mflumenbaum@paulweiss.com
aehrlich@paulweiss.com

*Attorneys for Defendant Inter Investissements S.A. (f/k/a Inter Conseil S.A.)*