**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for Banque Lombard Odier & Cie SA
f/k/a Lombard Odier Darier Hentsch & Cie*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOMBARD ODIER DARIER HENTSCH & CIE,<br><br>Defendant. | Adv. Pro. No. 12-01693 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF BANQUE LOMBARD ODIER & CIE SA IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Banque Lombard Odier & Cie SA, f/k/a Lombard Odier Darier Hentsch & Cie ("Lombard"), respectfully submits this supplemental reply memorandum of law in further support of Lombard's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. Lombard also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the 9 checked boxes for Lombard in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Lombard filed on June 6, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited ("Fairfield Sigma") and Kingate Global Fund Ltd. ("Kingate Global") to Lombard at issue in the Complaint occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry or Fairfield Sigma or Kingate Global occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Lombard Odier Darier Hentsch & Cie filed on June 27, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Lombard) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against Lombard and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Lombard, the Trustee seeks to recover subsequent transfers in the amount of $179,432,380 that Lombard allegedly received from Fairfield Sentry, Fairfield Sigma and Kingate Global. Complaint, ¶ 2. The Complaint alleges that Fairfield Sentry, Fairfield Sigma and Kingate Global—the purported transferors—"are British Virgin Islands ("BVI") companies that are in liquidation in the BVI." Complaint, ¶ 2. With respect to Lombard—the purported transferee—the Trustee alleges that it "is a Swiss limited partnership that maintains a place of business at Rue de la Corraterie 11, 1204 Geneva, Switzerland." Complaint, ¶ 21.

2

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers from Fairfield Sentry, Fairfield Sigma and Kingate Global at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer seeks to recover subsequent transfers in the total amount of $179,244,631: subsequent transfers in the amount of $93,608,655 that Lombard allegedly received from Fairfield Sentry (Proffer ¶ 1); subsequent transfers in the amount of $1,280,007 that Lombard allegedly received from Fairfield Sigma, a euro-denominated fund (Proffer ¶¶ 1, 48); and subsequent transfers in the amount of $84,355,969 that Lombard allegedly received from Kingate Global (Proffer ¶ 1). The Proffer contains 82 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry and Fairfield Sigma had their principal operations in the United States and that Kingate Global's operations were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Lombard Odier Hentsch & Cie's Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint, filed on June 27, 2015.

3

terms and conditions of the funds' respective subscription agreements. Only 14 of the 82 paragraphs even mention Lombard (Proffer ¶¶ 1, 5, 9, 12, 13, 15-23). Only two paragraphs provide any information about the alleged subsequent transfers (*see* Proffer ¶ 21 ("Lombard . . . used New York bank accounts to receive the transfers."); and ¶ 22 ("Lombard received some of the its [sic] Fairfield Sentry and Kingate Global transfers at its Citibank account and others through correspondent bank accounts at HSBC Bank USA in New York.")).

On the dispositive issue of where the transfers from Fairfield Sentry, Fairfield Sigma and Kingate Global occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sigma made any transfers from a bank account in the United States because Fairfield Sigma was a euro-denominated fund. The Trustee also does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). The Trustee similarly knows that Kingate Global's accounts were all offshore given that he alleges that subscribers were directed to send subscription moneys through correspondent bank accounts "for ultimate deposit in Kingate Global's bank account." (Proffer ¶ 20). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

4

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry, Fairfield Sigma or Kingate Global to Lombard occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. Lombard adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not separately address the allegations in the Proffer or the 9 categories the Trustee has checked off in the Chart for Lombard.

## Conclusion

Banque Lombard Odier & Cie SA respectfully requests that the Court dismiss the Trustee's Complaint against it with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry, Fairfield Sigma or Kingate Global to Banque Lombard Odier & Cie SA occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: New York, New York
      September 30, 2015

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP


/s/ John F. Zulack
John F. Zulack
One Liberty Plaza
New York, New York  10006
Telephone:  (212) 412-9500

*Attorneys for Defendant Banque Lombard
Odier & Cie SA, f/k/a Lombard Odier Darier
Hentsch & Cie*