**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for Société Générale Private Banking (Lugano-Svizzera) S.A,*
*f/k/a SG Private Banking (Lugano-Svizzera) S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), *et al.* | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF**
**SOCIÉTÉ GÉNÉRALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A.**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON**
**EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S**
**MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Société Générale Private Banking (Lugano-Svizzera) S.A., f/k/a SG Private Banking (Lugano-Svizzera) S.A. ("SG Lugano"), respectfully submits this supplemental reply memorandum of law in further support of SG Lugano's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. SG Lugano also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the 12 checked boxes for SG Lugano in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against SG Lugano filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") and Fairfield Sigma Limited ("Fairfield Sigma"), to SG Lugano at issue in the Complaint occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry and Fairfield Sigma occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Societe Generale Private Banking (Suisse) S.A. et al. filed on June 29, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including SG Lugano) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against SG Lugano and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against SG Lugano, the Trustee seeks to recover subsequent transfers that SG Lugano allegedly received from Fairfield Sentry and Fairfield Sigma. Complaint, ¶ 9, 73, 74. The Complaint alleges that Fairfield Sentry and Fairfield Sigma—the purported transferors—are British Virgin Islands ("BVI") companies that are in liquidation in the BVI. Complaint, Exhibit A (Amended Complaint in *Picard v. Fairfield Sentry Limited, et al.,* No. 09-01239 (SMB)), ¶¶ 22, 32, 51).[4] With respect to SG Lugano—the purported transferee—the Trustee alleges that "SG Lugano is a *société anonyme* organized under the laws of Switzerland, and its registered address is Viale Stefano Franscini 22, CH-6901 Lugano, Switzerland." Complaint, ¶ 9.

---

[4] Exhibit A is incorporated by reference into the Complaint. Complaint, ¶ 67.

2

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer seeks to recover subsequent transfers that SG Lugano allegedly received from Fairfield Sentry and Fairfield Sigma (Proffer ¶ 2). The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry and Fairfield Sigma, together with a related fund not at issue here (Fairfield Lambda Limited), had their principal operations in the United States, and that the operations of another fund not at issue here (Kingate Global Fund Ltd.) were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Only 2 of the 95 paragraphs specifically mention SG Lugano (Proffer ¶¶ 8, 22). Another 14 of the 95 paragraphs use terms or phrases such as "Defendants," "Fairfield Invested Defendants" and "Societe Generale group of companies" to

---

[5] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints, filed on June 29, 2015.

3

refer to SG Lugano indirectly with some or all of the other named defendants with respect to *allegations concerning investments in Fairfield Sentry, Fairfield Sigma and other funds not at issue here, including allegations concerning due diligence, rather than with respect to the transfers whose location is relevant to this motion* (Proffer ¶¶ 4, 12-15, 17, 18, 20, 21, 24-28). Only a single sentence in paragraph 22 provides any information about the alleged subsequent transfers allegedly made to SG Lugano (*see* Proffer ¶ 22 ("SG Lugano received redemptions into an account in the name of Euroclear at the Bank of New York in New York.")).

On the dispositive issue of where the transfers occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sigma made any transfers from a bank account in the United States because that fund was denominated in Euros (Proffer ¶ 58). The Trustee also does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings

4

currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. SG Lugano adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the 12 categories the Trustee has checked off in the Chart for SG Lugano.

## Conclusion

SG Lugano respectfully requests that the Court dismiss the Trustee's Complaint as against it with prejudice and without leave to amend. The Complaint against SG Lugano should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry or Fairfield Sigma to SG Lugano occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: New York, New York
       September 30, 2015

                                                   FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

                                                   /s/ John F. Zulack
                                                   John F. Zulack
                                                   One Liberty Plaza
                                                   New York, New York 10006
                                                   Telephone: (212) 412-9500

                                                   *Attorneys for Defendant Société Générale Private Banking (Lugano-Svizzera) S.A, f/k/a SG Private Banking (Lugano-Svizzera) S.A.*

5