**CHALOS & CO, P.C.**
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: (516) 714-4300
Facsimile: (516) 750-9051

*Attorneys for Defendant First Gulf Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION          Adv. Pro. No. 08-01789 (SMB)
CORPORATION,

               Plaintiff,                 SIPA Liquidation

     v.                              (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.
------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

               Debtor.
------------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation   Adv. Pro. No. 11-02541 (SMB)
Of Bernard L. Madoff Investment Securities, LLC,

               Plaintiff,

     v.

FIRST GULF BANK,

               Defendant.
------------------------------------------------------------------x

**FIRST GULF BANK'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON**
**EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION**
**FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant, First Gulf Bank ("First Gulf"), respectfully submits this supplemental reply memorandum of law in further support of First Gulf's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint (the "Motion"). First Gulf also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1]; specifically, the arguments and grounds relating to the ten (10) checked boxes pertaining to First Gulf set forth in the "Extraterritoriality Defendants' United States Connections Summary Chart" (the "Summary Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons set forth in the Consolidated Supplemental Reply and herein, First Gulf respectfully submits that the Complaint against First Gulf filed by the Trustee on August 18, 2011 (the "Complaint") must be dismissed in its entirety because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to First Gulf that are at issue in the Complaint occurred in the United States. Additionally, the Trustee's motion for leave to amend the Complaint should be denied on the ground of futility, as the Proffer[3] submitted by the Trustee in response to the Motion fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry occurred in the United States.

---

[1] As used herein, the term "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] As used herein, the term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints, Adv. No. 08-1789 (SMB) (June 26, 2015) (ECF No. 10287) and Adv. No. 11-02541 (SMB) (June 27, 2015) (ECF No. 52).

[3] As used herein, the term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to First Gulf Bank, Adv. No. 11-02541 (SMB) (June 27, 2015) (ECF No. 54).

1

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, District Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants[4] based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). In the Extraterritoriality Decision, Judge Rakoff held:

> [I]t is the Trustee's obligation to alleged "facts giving rise to the plausible inference that" the transfer occurred "within the United States." *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n. 4 (emphasis added) (internal citations omitted). Judge Rakoff then remanded the adversary proceedings subject to the Extraterritoriality Decision to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In the Complaint against First Gulf, the Trustee seeks to recover two (2) subsequent transfers, in the aggregate amount of USD 11,532,393.00, which First Gulf allegedly received in 2008 from Fairfield Sentry, as follows:

| Date | Amount |
|---|---|
| June 7, 2008 | USD 2,626,363.00 |
| October 15, 2008 | USD 8,906,030.00 |

**Total: USD 11,532,393.00**

---

[4] First Gulf was not a party to the original Motion to Dismiss, as it was filed prior to First Gulf being served with the Complaint. Notwithstanding, as per the Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Adv. No. 11-02541 (SMB) (December 10, 2014) (ECF No. 8698) and Exhibit "B" thereto, First Gulf (with the Trustee's agreement) is deemed to have joined in the Extraterritoriality Motion.

*See* Complaint, ¶ 2 and Exhibit D.  The Complaint alleges that Fairfield Sentry – the transferor – is a "BVI company" that is "currently in liquidation in the British Virgin Islands".  Complaint, ¶ 2.  With respect to First Gulf – the transferee –, the Trustee alleges that "Defendant First Gulf is a United Arab Emirates bank that maintains a business address of First Gulf Bank Building, Al Halidiya Street, Abu Dhabi, United Arab Emirates.  Defendant First Gulf maintains a mailing address of P.O. Box 6316, Abu Dhabi, United Arab Emirates."  Complaint, ¶ 21.  It is clear from the Extraterritoriality Decision that since the Complaint alleges that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.  513 B.R. at 232 n. 4.

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers from Fairfield Sentry at issue occurred in the United States.  Accordingly, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee's motion for leave to amend the Complaint should be denied because the proposed amendments, as set forth in the Proffer, would be futile.  Based on District Judge Rakoff's clear and unambiguous holding in the Extraterritoriality Decision, the <u>only</u> allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers the Trustee seeks to recover occurred within the United States.  No such allegations are contained in the Proffer.  Indeed, only one (1) paragraph in the Proffer provides <u>any</u> information

---

[5] As used herein, the term "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to First Gulf Bank's Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint, Adv. No. 11-02541 (SMB) (June 27, 2015) (ECF No. 53).

3

about the alleged subsequent transfers (*see* Proffer, ¶ 11 ("First Gulf used a bank account at the Bank of New York in New York in order to receive both such payments . . .")). As discussed in detail in the Consolidated Supplemental Reply, this is wholly insufficient to render the payments at issue "domestic transfers." *See* Extraterritoriality Decision, 513 B.R. at 228 n.1 (citing *Cedeno v. Intech Group, Inc.*, 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010), *aff'd* 457 Fed. Appx. 35 (2d Cir. 2012) (dismissing a RICO claim as impermissibly extraterritorial where "[t]he scheme's contacts with the United States . . . were limited to the movement of funds into and out of U.S.-based bank accounts")); *see also In re Maxwell Communication Corp.*, 186 B.R. 807, 817 n.5 (S.D.N.Y. 1995), *aff'd* 93 F.3d 1036 (2d Cir. 1996), which was discussed at length by Judge Rakoff in the Extraterritoriality Decision and which concluded that the transfers to defendant Barclays were extraterritorial despite being made to Barclays' own New York branch.

On the issue of where the transfers from Fairfield Sentry occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n. 88 ("[A]lthough Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). Additionally, as Judge Rakoff expressly ruled in the Extraterritoriality Decision, the Trustee's allegations concerning the use of correspondent banks located in New York to process dollar-denominated transfers is not "sufficient to make these foreign transfers domestic." 513 B.R. at 228 n. 1.

Simply stated, none of the allegations in the Proffer give rise to a "plausible inference" that the alleged subsequent transfers from Fairfield Sentry to FGB occurred in the United States.

4

The Trustee has made the same or similar allegations in all or nearly all of the eighty-eight (88) proceedings currently before the Court, and assigned each allegation to one (1) or more of nineteen (19) categories presented in the Trustee's Summary Chart. The Consolidated Supplemental Reply addresses each of these nineteen (19) categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. First Gulf adopts and relies on the legal arguments set forth in the Consolidated Supplemental Reply and therefore will not separately address the allegations in the Proffer or the ten (10) categories the Trustee has checked off in the Summary Chart for First Gulf.[6]

## CONCLUSION

First Gulf respectfully requests that the Court dismiss the Trustee's Complaint against First Gulf with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to First Gulf occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

**[SIGNATURES APPEAR ON NEXT PAGE]**

---

[6] For the avoidance of doubt, First Gulf denies that any of the categories checked off in the Summary Chart for First Gulf are sufficient to render these extraterritorial transfers "domestic" and, indeed, denies these allegations altogether.

Dated: Oyster Bay, New York
       September 30, 2015

                           **CHALOS & CO, P.C.**

                           <u>/s/ George M. Chalos</u>
                           George M. Chalos
                           Kerri M. D'Ambrosio
                           55 Hamilton Avenue
                           Oyster Bay, New York 11771
                           Telephone: (516) 714-4300
                           Facsimile: (516) 750-9051
                           Email:  gmc@chaloslaw.com
                                        kdambrosio@chaloslaw.com