**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for Lyxor Premium Fund and*
*Société Générale S.A. sued as Trustee for Lyxor Premium Fund*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), *et al.* | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF**
**LYXOR PREMIUM FUND AND SOCIÉTÉ GÉNÉRALE S.A., SUED AS TRUSTEE**
**FOR LYXOR PREMIUM FUND, IN FURTHER SUPPORT OF THEIR MOTION TO**
**DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE**
**TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendants Lyxor Premium Fund and Société Générale S.A., sued as Trustee for Lyxor Premium Fund (collectively, the "Lyxor Premium Defendants"), respectfully submit this supplemental reply memorandum of law in further support of their motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. The Lyxor Premium Defendants also adopt and incorporate in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the checked boxes for Lyxor Premium Fund and for "Société Générale S.A., as Trustee for Lyxor Premium Fund" in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against the Lyxor Premium Defendants filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry Limited ("Fairfield Sentry") to the Lyxor Premium Defendants occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfer occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Societe Generale Private Banking (Suisse) S.A. et al. filed on June 29, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including the Lyxor Premium Defendants) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against the Lyxor Premium Defendants and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint, the Trustee seeks to recover a single subsequent transfer in the amount of $8,580,866 that Lyxor Premium Fund and/or Société Générale S.A., as Trustee for Lyxor Premium Fund, allegedly received from Fairfield Sentry on or about July 16, 2003. Complaint, ¶¶ 18, 19, 73; and Exhibit E thereto. The Complaint alleges that Fairfield Sentry—the purported transferor—is a British Virgin Islands ("BVI") company currently in liquidation in the BVI. Complaint, Exhibit A (Amended Complaint in *Picard v. Fairfield Sentry Limited, et al.,* No. 09-01239 (SMB)), ¶¶ 22, 32).[4] With respect to the Lyxor Premium Defendants—the purported transferee—the Trustee alleges as follows:

---

[4] Exhibit A is incorporated by reference into the Complaint. Complaint, ¶ 67.

2

> 18.     Lyxor Premium [Fund] is a unit trust organized under the laws of Ireland, and its registered address is c/o Lyxor Asset Management (Ireland) Limited at International Financial Service Centre, 3rd Floor, Dublin 1, Ireland.
>
> 19.     [Société Générale S.A.] is the trustee for Lyxor Premium [Fund], and is named in this Complaint solely in its capacity as trustee. [Société Générale S.A.] is a *société anonyme* organized under the laws of France, and its corporate headquarters is at 29 Boulevard Haussmann, 75009 Paris, France.

Complaint, ¶¶ 18-19.

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfer from Fairfield Sentry he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry and related funds had their principal operations in the United States, and that the operations of another fund, Kingate Global Fund Ltd., were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or

---

[5] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints, filed on June 29, 2015.

3

the terms and conditions of the funds' respective subscription agreements. Only 2 of the 95 paragraphs specifically mention Lyxor Premium Fund (Proffer ¶¶ 10, 32),[6] and there are no allegations directed to Société Générale S.A. in its alleged capacity as Trustee of Lyxor Premium Fund. Another 14 of the 95 paragraphs use terms or phrases such as "Defendants," "Fairfield Invested Defendants" and "Societe Generale group of companies" to refer to the Lyxor Premium Defendants indirectly with some or all of the other named defendants with respect to *allegations concerning investments in Fairfield Sentry and other funds, including allegations concerning due diligence, rather than with respect to the alleged transfer whose location is relevant to this motion* (Proffer ¶¶ 4, 12-15, 17, 18, 20, 21, 24-28). The Proffer provides no information about the alleged subsequent transfer from Fairfield Sentry to the Lyxor Premium Defendants.

On the dispositive issue of where the transfer occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made the transfer from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated

---

[6] Paragraph 10 alleges that Lyxor Premium Fund's operations and investment portfolio were "managed and operated in the United States by Lyxor Asset [Management Inc.]," a U.S. entity. This naked assertion, without supporting factual content, is not a factual allegation that must be accepted as true on this motion. To the contrary, it is precisely the type of "legal conclusion couched as a factual allegation" that the Supreme Court has held to be insufficient to state a claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Paragraph 32 alleges that Lyxor Premium Fund "has filed forms with the SEC in connection with its dealings in the U.S." This allegation has no relevance to where the transfer at issue occurred and cannot raise any plausible inference that the transfer occurred in the United States.

4

transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfer from Fairfield Sentry to the Lyxor Premium Defendants occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply shows that the 19 categories are not relevant to the dispositive issue of where the transfers occurred. The Lyxor Defendants will not further address the allegations in the Proffer or the categories the Trustee has checked off in the Chart for them (13 for Lyxor Premium Fund and 14 for Société Générale S.A. as Trustee for Lyxor Premium Fund) other than to point out that the Proffer does not allege that Société Générale S.A. used a New York City office (or any U.S. office) in connection with the transfer from Fairfield Sentry at issue here and therefore there is no basis for the check mark in category 19 of the Trustee's Chart for Société Générale S.A as Trustee of Lyxor Premium Fund.

**Conclusion**

The Lyxor Premium Defendants respectfully request that the Court dismiss the Trustee's Complaint as against them with prejudice and without leave to amend. The Complaint against the Lyxor Premium Defendants should be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfer occurred in the United States.

5

Dated: New York, New York
September 30, 2015

        FLEMMING ZULACK WILLIAMSON
        ZAUDERER LLP

        /s/ John F. Zulack
        John F. Zulack
        One Liberty Plaza
        New York, New York 10006
        Telephone: (212) 412-9500

*Attorneys for Defendant Lyxor Premium Fund and Defendant Société Générale S.A. sued as Trustee for Lyxor Premium Fund*