WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Tel.: (212) 382-3300
Fax: (212) 382-0050
Frederick R. Kessler

*Attorneys for Defendant*
*Fairfield Investment Fund Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>                Defendants. | Adv. Pro. No. 09-01239 (SMB)<br><br>**FAIRFIELD INVESTMENT FUND LIMITED'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY** |

Defendant Fairfield Investment Fund Limited ("FIFL") submits this Supplemental Reply Memorandum of Law in response to FIFL-specific allegations and arguments of the trustee (the "Trustee") for the liquidation of the estates of Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BLMIS") concerning FIFL's motion to dismiss the claims to recover subsequent transfers and the Trustee's motion to amend, based on the presumption against extraterritoriality.[1]  For the reasons set forth herein, such claims against FIFL should be dismissed with prejudice.[2]

As set forth in the Opening and Consolidated Reply Memoranda, (i) FIFL's motion to dismiss based on extraterritoriality should be granted because the Trustee makes no effort to defend the operative Amended Complaint, (ii) the Trustee's motion for leave to file his PSAC against FIFL should be denied with prejudice as futile, given that the Trustee cannot carry his "obligation to allege 'facts giving rise to the plausible inference that' the transfer[s] occurred 'within the United States,'" *SIPC v. Madoff*, 513 B.R. 222, 225-28, 232 & n.4 (S.D.N.Y. 2014) (the "*Extraterritoriality Decision*") (quoting *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012)), and (iii) Judge Rakoff's ruling on comity requires dismissal of

---

[1] On this motion only, FIFL accepts as true all well-pleaded factual allegations in the Trustee's Amended Complaint, dated July 20, 2010, Adv. Pro. No. 09-1239 (ECF 23) (the "Amended Complaint" or "Am. Compl."), *see id.* Counts 4, 7, 10, 13, 16, 19, 22 and 25, and the Trustee's Proffered Second Amended Complaint, dated June 26, 2015, Adv. Pro. No. 08-01789 (ECF 10293), Adv. Pro. No. 09-1239 (ECF 187) (the "PSAC"), *see id.* Count 1, but reserves its other rights, including its right to oppose any motion to add allegations concerning FIFL's good faith.

[2] FIFL hereby incorporates the Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, dated December 31, 2014, Adv. Pro. No. 08-01789 (ECF 8903), Adv. Pro. No. 09-01239 (ECF 174) (the "Opening Memorandum"), and the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, dated September 30, 2015 (the "Consolidated Reply Memorandum"), in response to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints, dated June 26, 2015, Adv. Pro. No. 08-01789 (ECF 10287), Adv. Pro. No. 09-01239 (ECF 185) (the "Tr. Mem."), and the Trustee's Supplemental Memorandum of Law in Opposition to the Fairfield Defendants' Motions to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaint, dated June 26, 2015, Adv. Pro. No. 08-01789 (ECF 10292), Adv. Pro. No. 09-01239 (ECF 186) (the "Tr. Fairfield Mem."), at 16-18.  FIFL also hereby incorporates the FG Foreign Defendants' Supplemental Reply Memorandum of Law in Further Support of Their Motion to Dismiss Based on Extraterritoriality, dated September 30, 2015, to the extent relevant to FIFL.

1

the Amended Complaint against FIFL and renders futile the PSAC against FIFL.

As set forth below, FIFL's motion to dismiss should also be granted and the Trustee's motion to amend should also be denied because the Trustee's specific allegations and arguments concerning FIFL fail to create a plausible inference that transfers to FIFL were domestic. In this case, Judge Rakoff has held that "section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor." *Extraterritoriality Decision*, 513 B.R. at 232. ***Because the Trustee alleges that FIFL is a British Virgin Islands ("BVI") transferee that received transfers from a BVI transferor (Fairfield Sentry Limited ("Fairfield Sentry")), the transfers are presumptively extraterritorial and the claims against FIFL should be dismissed with prejudice unless the Trustee pleads specific facts suggesting the transfers were domestic, which he does not do***.[3]

In an effort to circumvent Judge Rakoff's holding, the Trustee cites 19 categories of proffered allegations concerning the Transferee Defendants.[4] FIFL-specific reasons why they fail to satisfy the Trustee's burden of pleading domestic transfers are outlined below.

### 1.  U.S. Operations of Affiliates of the Feeder Funds (Ex. 2, Column 1, 13)

The Trustee contends that FIFL received transfers from, and had a "relationship with," Feeder Funds that had principal operations in the U.S. Tr. Mem. Ex. 2-A, at 2 of 15; *id.* Ex. 2-B, Cols. 1, 13. Thus, the Trustee seeks to allege that "[a]ll decisions to approve investments in or redemptions from Fairfield Sentry by FIFL were made by the same FGG New York Personnel

---

[3] The Trustee also seeks to allege two transfers from an entity incorporated in Ireland and then reorganized in the Cayman Islands, Fairfield Greenwich Limited ("FG Limited"), which are similarly doomed. PSAC ¶¶ 246, 253-54 & Ex. 7. Although the Trustee asserts that FIFL did not challenge these two transfers in prior briefing, *see* Tr. Fairfield Mem. at 16 n.2, the operative pleading made no reference to them. *See* Am. Compl. ¶¶ 79-82.

[4] As explained in the Consolidated Supplemental Memorandum, at 10-18, the Trustee's "holistic" analysis contravenes governing precedent, *see*, *e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 258-59 (2010); *Extraterritoriality Decision*, 513 B.R. at 228 & n.1, 232 & n.4.

2

servicing both Fairfield Sentry and FIFL," and that "FIFL received … subsequent transfers of funds that originated with BLMIS," and attaches a chart of transfers to FIFL as Exhibit 7. PSAC ¶¶ 244, 246. In turn, Exhibit 7 alleges that FIFL received most of the transfers at issue from Fairfield Sentry, but also received two transfers from FG Limited. *Id.* Ex. 7. The Trustee also avers that Fairfield Sentry was "BLMIS's largest feeder fund," and that FG Limited was "the investment advisor and/or placement agent for" FIFL. *Id.* ¶¶ 1, 40, 254-55, 257.

These allegations are not relevant to transfer location, and Judge Rakoff implicitly ruled as much by rejecting similar allegations against CACEIS Bank and CACEIS Bank Luxembourg (together, "CACEIS") – "The subsequent transfers were derived from investments with BLMIS made by Fairfield Sentry Limited," Fairfield Sentry was "a Fairfield Greenwich Group ('FGG') managed Madoff feeder fund" and CACEIS "sent copies of [its Fairfield Sentry subscription agreements] to FGG's New York City office," CACEIS Compl. ¶¶ 2, 7 – for extraterritoriality purposes. *See Extraterritoriality Decision*, 513 B.R. at 225-28, 232 & n.4.

### 2.  New York Choice of Law and Venue Provisions in Subscription Agreements (Ex. 2, Columns 2-3)

The Trustee seeks to allege that "FIFL's subscription agreement contained a New York choice of law provision, and provided for venue and jurisdiction for any disputes in New York." PSAC ¶ 243; *see* Tr. Mem. Exs. 2-A at 2 of 15; 2-B, Cols. 2-3. These allegations are irrelevant to transfer location. Indeed, Judge Rakoff examined the complaint against CACEIS, which similarly averred that CACEIS "entered … subscription agreements with Fairfield Sentry under which they submitted to New York jurisdiction," CACEIS Compl. ¶ 7, and did not find such allegations to be relevant. *See Extraterritoriality Decision*, 513 B.R. at 225-28, 232 & n.4.

### 3.  Knowledge that Feeder Funds Invested in U.S. (Ex. 2, Columns 4-7)

The Trustee contends that FIFL knew that assets used to make the transfers were

3

custodied, managed and/or invested (purportedly in U.S. securities) in the U.S. by BLMIS. Tr. Mem. Exs. 2A at 2 of 15; Ex. 2B, Cols. 4-7. In this regard, the Trustee seeks to allege that FIFL – a "fund of funds" that invested an unstated portion of "its assets in Fairfield Sentry" – learned that "(1) a minimum of 95% of Fairfield Sentry's assets were deposited in its BLMIS accounts; (2) BLMIS was a broker-dealer registered with the SEC; [and] (3) BLMIS invested Fairfield Sentry's account assets in U.S. [securities]," and "received subsequent transfers of funds that originated with BLMIS" and passed through Fairfield Sentry. PSAC ¶¶ 238, 246, 451 & Ex. 7.

These allegations do not relate to transfer location. Thus, facing allegations that CACEIS knowingly "direct[ed] funds to be invested with New York-based BLMIS through the Feeder Funds" and "received subsequent transfers from BLMIS by withdrawing money from [them]," CACEIS Compl. ¶ 6, Judge Rakoff held that "under *Morrison*, the transaction being regulated by section 550(a)(2) is the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor." *Extraterritoriality Decision*, 513 B.R. at 227.

### 4. Due Diligence (Ex. 2, Columns 8-9)

The Trustee alleges that "FGG New York Personnel conducted due diligence for FIFL's investments" and directed target funds to "return due diligence questionnaires to FGG's New York headquarters." PSAC ¶ 244; *see* Tr. Mem. Exs. 2-A at 2 of 15; 2-B at Cols 8-9. But BLMIS's deception of its indirect investors (like FIFL), who conducted due diligence before investing, has no bearing on the location of their redemption transfers thereafter.

### 5. Use of U.S. Affiliates, Agents, or Offices (Ex. 2, Columns 10-11, 19)

The Trustee argues that, in connection with the transfers, FIFL used a U.S. affiliate and/ or agent, "including to conduct due diligence, meet with Feeder Fund representatives, execute agreements, or otherwise provide services," and used a U.S. office that it maintained. Tr. Mem.

4

Exs. 2-A at 2 of 15; 2-B at Cols. 10-11, 19.  But the proffered allegations do not support him:

- FIFL was a "BVI … company" with a "BVI registered address."  PSAC ¶¶ 238-39;

- Despite alleging that "FIFL was a shell corporation present in the BVI only on paper" that "had no employees," the Trustee only conclusorily alleges that "FIFL resided in the United States" and contradictorily alleges that FIFL "maintained no offices."  *Id.* ¶¶ 239, 245;

- While undefined "FGG New York Personnel operated and managed FIFL from FGG's New York headquarters" with "FG Advisors serv[ing] as FIFL's investment manager [and] FG Limited serv[ing] as [its] placement agent," FG Limited is a foreign entity.  *Id.* ¶¶ 240, 253-54;

- Citco Fund Services (Europe) B.V. ("Citco Fund Services"), another foreign entity, "provide[d] backroom administrative services and serve[d] as the independent evaluator of FIFL's shares Net Asset Value."  *Id.* ¶ 241;

- "[C]onfirmations" – which the Trustee attached to the Amended Complaint but conspicuously omits from the PSAC – show FIFL's Fairfield Sentry "redemptions" moving from Citco Fund Services in "Amsterdam, The Netherlands," to Citco Global Custody N.V. ("Citco Custody") in "Cork, Ireland."  Am. Compl. ¶ 80 & *id.* Ex. 15; and

- "FIFL maintained bank accounts at [Citco Bank Nederland, N.V. Dublin Branch] and at Union Bancaire Privee in Geneva," and did not use a U.S. bank account.  PSAC ¶ 238 & Ex. 7; Tr. Mem. Exs. 2-A at 2 of 15; 2-B, Col.12.

      **6.**      **Use of U.S. Bank Accounts, Incentive Fees, Affiliation with Feeder Fund, Claims and Defenses in the BLMIS Liquidation, and Defendants are U.S. Citizens (Ex. 2, Columns 12, 15, 16, 17 and 18, respectively)**

The Trustee concedes that these categories, which in any event are irrelevant to transfer location, do not apply to FIFL.  *See* Tr. Mem. Exs. 2-A at 2 of 15; Ex. 2-B, Cols. 12, 15-18.

      **7.**      **Fees Based on BLMIS's Performance or Paid Using BLMIS Customer Property (Ex. 2, Column 14)**

While the Trustee argues that FIFL "received fees based on BLMIS's performance or using [its] customer property," Tr. Mem. Exs. 2-A at 2 of 15; Ex. 2-B, Col. 14, he makes no such allegations.  Nor does the argument comport with his allegations that FIFL was a "fund of funds" "operated and managed" by others.  PSAC ¶¶ 238, 240.

5

Date:  New York, New York
       September 30, 2015

                          WOLLMUTH MAHER & DEUTSCH LLP

                          By:  */s/ Frederick R. Kessler*
                                 Frederick R. Kessler

                          500 Fifth Avenue
                          New York, New York 10110
                          Tel:    (212) 382-3300
                          Fax:   (212) 382-0050

                          *Attorneys for Defendant Fairfield*
                          *Investment Fund Limited*