**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, DC 20036
Tel: (202) 429-3000
Facsimile: (202) 261-0658

*Attorneys for Meritz Fire & Marine Insurance Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> MERITZ FIRE & MARINE INSURANCE CO. LTD., <br><br> Defendant. | Adv. Pro. No. 11-02539 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF MERITZ FIRE & MARINE INSURANCE CO., LTD.: (I) IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY, (II) IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT AND THE TRUSTEE'S PROFFERED ALLEGATIONS PERTAINING TO THE EXTRATERRITORIALITY ISSUE AS TO MERITZ FIRE & MARINE INSURANCE CO., LTD.**
**[ADV. PROC. ECF NOS. 80, 81; ECF NOS. 10415, 10416]**

Defendant Meritz Fire & Marine Insurance Co., Ltd. ("Meritz") respectfully submits this supplemental reply memorandum of law in further support of Meritz's motion to dismiss based on extraterritoriality and in opposition to the Trustee's supplemental memorandum in support of his motion for leave to amend his complaint[1] and the trustee's proffered allegations[2] with respect to his motion to amend complaint. Meritz adopts, joins and incorporates fully, the Consolidated Supplemental Reply[3], filed contemporaneously herewith.

For the reasons shown in the Consolidated Supplemental Reply and below, (i) the Trustee's Complaint [Adv. Proc. ECF # 1] against Meritz filed on August 18, 2011 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") and Meritz was a domestic transfer, and (ii) the Trustee's motion for leave to amend the complaint should be denied on the ground of futility because the Trustee's Proffer fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfer between Fairfield Sentry and Meritz occurred in the United States.

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Meritz) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). The Extraterritoriality Decision is the law of the case and directs that this Court dismiss the Complaint. Judge Rakoff held:

---

[1] Trustee's Supplemental Memorandum of Law in Opposition To Meritz's Motion to Dismiss Based on Extraterritoriality and In Further Support of Trustee's Motion for Leave to Amend Complaints [Adv. Proc. ECF No. 80; ECF No. 10415] (the "Trustee's Supplement").

[2] Trustee's Proffered Allegations Pertaining To the Extraterritoriality Issue as to Meritz [Adv. Proc. ECF No. 81; ECF No. 10416] ("Trustee's Proffer")

[3] Reply Consolidated Memorandum of Law In Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality (the "Consolidated Supplemental Reply")

1

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" that the transfer occurred "within the United States." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012). Here, to the extent that the Trustee's complaints allege that both the transferor and transferee reside outside the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n. 4. The Trustee has failed to make such a showing and his proffered allegations do not establish any plausible inference that the subsequent transfer was a domestic transfer.

**A.    Complaint Must Be Dismissed Under The Extraterritoriality Decision.**

The Trustee does not argue that the current Complaint suggests a domestic transfer. The Complaint alleges that "Meritz received subsequent transfers from Fairfield Sentry" and seeks to recover those transfers. Complaint ¶¶ 2, 33, 44 & 47. The Complaint alleges that Fairfield Sentry is a "BVI Company." Complaint ¶ 2; *see also* 513 B.R. at 225 ("Fairfield Sentry is a British Virgin Islands ('BVI') company"). The Trustee admits that Meritz is not a domestic entity: Meritz, is a Korean public limited company maintaining its business at 825-2 Yeoksam-Dong, Gangnam-Gu, Seoul, 150878, Republic of Korea. Complaint ¶ 21. Moreover, the Fairfield Sentry transfer that the Trustee seeks to recover from Meritz was made by Citco Fund Services (Europe) B.V., which is located in the Netherlands from Citco Bank Nederland NV Dublin Branch to Standard Chartered First Bank Korea Limited in Seoul, Korea. Therefore, the transfer that the Trustee seeks to recover was between two foreign entities.

Judge Rakoff concluded that "the relevant transfers and transferees are predominantly foreign: foreign feeder funds transferring assets abroad to their foreign customers and other foreign transferees" and that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers and thus would require an extraterritorial application of section 550(a)." 513 B.R. at 227-28. Judge Rakoff concluded that the "Trustee's recovery claims are dismissed to the

2

extent that they seek to recover purely foreign transfers." 513 B.R. at 232. The Trustee does not assert that the current Complaint contains sufficient specific allegations suggesting a domestic transfer rather than a foreign transfer. Therefore, the current Complaint should be dismissed. Consolidated Reply pp. 3-7.

**B.      The Trustee's Motion for Leave To Amend Should Be Denied.**

The Trustee's motion for leave to amend should be denied because the proposed amendments, as supported by the Trustee's Proffer, would be futile because the Trustee's Proffer contains no allegations that create a plausible inference that the subsequent transfer occurred within the United States.

1.      *Proposed Allegations That Fairfield Sentry's Principal Place of Business Was in New York Is Irrelevant.*

The Trustee's Proffer contains 45 paragraphs, the bulk of which relate to the Trustee's theory that Fairfield Sentry had its principal place of business in New York because it was operated by affiliates, such as FGG, in New York City. Trustee's Proffer ¶¶ 21-45. As more fully explained in the Consolidated Reply, pp. 20-23, the operations of affiliates of Fairfield Sentry are not relevant to where the transfer between Fairfield Sentry and Meritz occurred. The only question is whether the transfer between Fairfield Sentry and Meritz occurred in the United States. These proffered allegations fail to address or create a plausible inference that it did.

2.      *BLMIS's Involvement Is Irrelevant.*

Twelve paragraphs of the Trustee's Proffer focus on due diligence purportedly conducted by Meritz in New York[4] with respect to BLMIS' and Meritz' purported knowledge that funds would be invested in the United States and that BLMIS, a domestic entity, was Fairfield Sentry's investment advisor, prime broker, custodian, and that funds deposited with Fairfield Sentry were

---

[4] Meritz did not conduct any due diligence in New York.

3

being directed by BLMIS. Trustee's Supplement pp. 2-4, Trustee's Proffer ¶ 6-17. As more fully discussed in the Consolidated Reply, pp. 27-28, the proffered allegations regarding BLMIS' involvement are irrelevant with respect to whether the subsequent transfer from Fairfield Sentry to Meritz, was a domestic transfer that occurred in the United States. Moreover, as explained in the Consolidated Reply pp. 26-27, the Trustee's assertions that due diligence was conducted in the United States does not support a finding that the subsequent transfer was domestic. Trustee's Supplement p. 3, Trustee's Proffer ¶ 7-11.

Section 550(a) "focuses on 'the property transferred' and the fact of its transfer, not the debtor." 513 B.R. at 227. It is "the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor." *Id.* Judge Rakoff held that "[a]lthough the chain of transfers originated with Madoff Securities in New York, that fact is insufficient to make the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a)." 513 B.R. at 228. Therefore, it is the transfer itself between Fairfield Sentry and Meritz that is at issue, and pursuant to the Extraterritoriality Decision, the fact that BLMIS may have invested the funds in the United States or Meritz' purported knowledge of BLMIS' involvement is irrelevant to whether that transfer was domestic.

3.      *Choice of Law in the Subscription Agreement Is Irrelevant.*

Similarly, the Trustee's assertion that Meritz agreed to be bound by New York law and subject to New York courts as part of its subscription agreement with Fairfield Sentry is beside the point. Trustee's Proffer ¶ 18. As the Trustee's acknowledges, this agreement was with respect to any action "with respect to this Agreement and [Fairfield Sentry]." Trustee's Supplement p. 4. However, this action is not an action brought pursuant to the subscription agreement nor is it brought by Fairfield Sentry. Rather, the instant action is brought by BLMIS pursuant to certain sections of the United States Bankruptcy Code providing for avoidance

4

actions to recover certain transfers. Therefore, this provision of the Subscription Agreement is irrelevant to the Trustee's action. Moreover, as discussed in the Consolidate Reply, pp. 23-25, Judge Rakoff already considered this issue and rejected it. Therefore, the choice of law provision in the subscription agreement is irrelevant to the current litigation.

4. *A New York Bank Account Does Not Establish a Domestic Transfer.*

The Trustee asserts that "Mertz utilized a New York bank account to transfer funds to Fairfield Sentry" and "directed funds to a New York" bank account which funds were then transferred to BLMIS's account in New York. Trustee's Supplement p. 4 and Trustee's Proffer ¶ 19-20. These allegations are focused on the transfer of funds from Meritz to Fairfield Sentry (and then purportedly to BLMIS). However, that is not the transfer at issue: a transfer from Fairfield Sentry to Meritz. Therefore, they are irrelevant to whether the subsequent transfer from Fairfield Sentry to Meritz occurred in the United States. Judge Rakoff held that "the fact that some of the defendants here allegedly used correspondent banks in the United States to process dollar-denominated transfers sufficient to make these foreign transfers domestic." 513 B.R. at 228 n. 1. Therefore, as more fully explained in the Consolidated Reply, pp. 28-89, even if a New York bank account was used, the mere use of a New York bank account to pass funds is insufficient to establish a domestic transaction.

## CONCLUSION

For the foregoing reasons and those stated in the motion to dismiss, the Consolidated Reply, and the prior briefing in this case, Meritz respectfully requests that the Court dismiss the Complaint with prejudice and without leave to amend. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Trustee's Proffer do not give rise to a plausible inference that the alleged subsequent transfers were domestic transfers.

Dated: September 30, 2015

Respectfully submitted,

/s/ Seong J. Kim
**STEPTOE & JOHNSON LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 734-1914
Facsimile:  (310) 734-1915
Seong J. Kim (*Admitted Pro Hac Vice*)
Email:  skim@steptoe.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2015, the Supplemental Reply Memorandum of Law of Meritz Fire & Marine Insurance Co., Ltd.: (i) in Further Support of Its Motion to Dismiss Based on Extraterritoriality and (ii) In Opposition to the Trustee's Motion For Leave to Amend Complaint and the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Meritz Fire & Marine Insurance Co., LTD [Adv. Proc. ECF Nos. 80, 81; ECF Nos. 10415, 10416] was filed with the Clerk of the Court using the Court's CM/ECF system and served to the following parties in the manner indicated:

**1. Overnight Federal Express**:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Catherine E. Woltering

Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
Douglas A. Vonderhaar
Damon M. Durbin

*Attorneys for Irving H. Picard, Trustee*
*for the substantively consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the estate*
*of Bernard L. Madoff*

/s/ Joshua R. Taylor
Joshua R. Taylor
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036