**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Zeb Landsman
zlandsman@beckerglynn.com
Jordan E. Stern
jstern@beckerglynn.com

*Attorneys for The Sumitomo Trust and Banking Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| *v.* | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | Case No. 09-11893 (SMB) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| *v.* | Adv. Pro. No. 11-02573 (SMB) |
| THE SUMITOMO TRUST AND BANKING CO, LTD., | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW OF THE SUMITOMO TRUST AND
BANKING CO., LTD., IN FURTHER SUPPORT OF ITS MOTION TO
DISMISS THE COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 1

    A.    The Majority of Proffered Allegations Are Unrelated to Sumitomo or the Transfer ................................................................. 2

    B.    The Proffered Allegations That Mention Sumitomo Do Not Support the Trustee's Motion ........................................................................................ 2

        (1)    *New York Office* ......................................................................................... 2

        (2)    *Subscription Agreement, Investment Due Diligence, and "Relationship" with Feeder Funds* ............................................................... 2

        (3)    *New York Banks* ......................................................................................... 3

CONCLUSION ................................................................................................................................. 3

i

**INTRODUCTION**

This is the separate reply memorandum of The Sumitomo Trust and Banking Co., Ltd. ("Sumitomo"), in further support of its motion to dismiss the Trustee's complaint.[1] The Trustee acknowledges that Sumitomo is a bank "organized under the laws of Japan" with a registered address in Tokyo. *Proffer* ¶ 2.[2] Sumitomo joins the supplemental reply memorandum ("*Consolidated Reply*") authored by the firms Sullivan & Cromwell LLP and Sullivan & Worcester LLP.

The Trustee's opposition ("Opposition") to the dismissal motion fails to say anything particular about Sumitomo. We therefore rely entirely on the *Consolidated Reply* in support of dismissal and say nothing more about it here. This separate reply instead explains why the arguments raised in the *Consolidated Reply* are also sufficient to defeat the Trustee's motion to amend. Although the Trustee submits proposed allegations that name Sumitomo particularly, they are substantively identical to those made against many other Transferee Defendants. None of them alleges that the subject transaction was domestic. The Trustee's case should come to an end.

**ARGUMENT**

THE COURT SHOULD DENY THE TRUSTEE'S MOTION TO
AMEND BECAUSE THE AMENDMENT WOULD BE FUTILE

The Trustee admits the core similarities among its allegations against the Transferee Defendants: it groups roughly a thousand allegations into 19 simple categories. (*See* Exhibit 2-B of its Opposition). Each of these categories is directly addressed by the

---

[1] Pursuant to the order of the Court dated December 10, 2014 (the "*Scheduling Order*"), the Transferee Defendants are entitled to submit a consolidated supplemental reply memorandum and each individual Transferee Defendant against whom the Trustee made any specific argument is entitled to file separate reply. *Scheduling Order* at 8.
[2] The "*Proffer*" refers to the "Trustee's Proffered Allegations pertaining to the Extraterritorial Issue as to The Sumitomo Trust and Banking Co., Ltd.," dated June 27, 2015 (ECF No. 76).

*Consolidated Reply*. Thirteen of them (the "*Sumitomo Allegations*") apply to Sumitomo, as well as to a huge majority of the Transferee Defendants. (Exhibit 2-A).

    A.    The Majority of Proffered Allegations Are
Unrelated to Sumitomo or the Transfer

The Trustee proffers 48 allegations against Sumitomo. But nearly half (*Sumitomo Allegations* 24-48) concern Fairfield Sentry, not Sumitomo. As the *Consolidated Reply* makes clear (Point II(B)(1), (2), and (4)), these allegations about Fairfield Sentry are irrelevant. Nothing in *Sumitomo Allegations* 24-48, therefore, supports the Trustee's motion.[3]

    B.    The Proffered Allegations That Mention Sumitomo
Do Not Support the Trustee's Motion

        (1)    *New York Office*

*Sumitomo Allegations* 5-6 concern the existence of Sumitomo's New York office. Point B(6) of the *Consolidated Reply* shows why these allegations have nothing to do with the location of the subject transfers. Adding these allegations to the complaint would not improve the Trustee's claim.

        (2)    *Subscription Agreement, Investment Due
Diligence, and "Relationship" with Feeder Funds*

*Sumitomo Allegations* 7-20 concern the Fairfield Sentry subscription agreement, supposed due diligence performed by Sumitomo before it invested in a B.V.I. company (Fairfield Sentry), and Sumitomo's relationship with the so-called feeder funds. But Points B(3), B(4), B(5), B(8), and B(11) of the *Consolidated Reply* confirm that these allegations, even if true, are disconnected from the location of the transfers. They do not support a factual inference that the transfers were domestic.

---

[3] *Sumitomo Allegations* 1-4 are introductory and specify the amount of the transfer.

2

(3) *New York Banks*

*Sumitomo Allegations* 21-23 address the use by Sumitomo of a U.S. dollar denominated New York bank account. Point B(7) of the *Consolidated Reply* demonstrates why the use of such accounts by foreign banks (here, Sumitomo) does not convert a foreign transfer to a domestic one. As the *Consolidated Reply* explains, Judge Rakoff rejected the Trustee's contention in *Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*. 513 B.R. 222, 228 n.1 (S.D.N.Y. 2014).

## CONCLUSION

The Trustee offers no opposition to the motion to dismiss. Its proposed new allegations would not cure the existing defects. For the reasons stated here, the *Consolidated Reply*, and the other submissions, Sumitomo respectfully requests that the Court dismiss the complaint and deny the Trustee's motion to amend.

Dated: September 30, 2015
      New York, New York

           BECKER, GLYNN, MUFFLY, CHASSIN &
           HOSINSKI LLP

           By: _____
           Zeb Landsman
           Jordan Stern
           299 Park Ave.
           New York, New York 10171
           (212) 888-3033
           zlandsman@beckerglynn.com
           jstern@beckerglynn.com