UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

            Plaintiff-Applicant,      Adv. Pro. No. 08-01789 (BRL)

   v.

                                   SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                           (Substantively Consolidated)

            Defendant.

------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

            Debtor.

------------------------------------------------------------x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC, and Bernard L. Madoff,

            Plaintiff,              Adv. Pro. No. 11-02570 (BRL)

   v.

BANCA CARIGE S.P.A.,

            Defendant.

------------------------------------------------------------x

**REPLY SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION OF BANCA CARIGE S.P.A.
TO DISMISS BASED ON EXTRATERRITORIALITY**

David J. Mark
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
*Attorneys for Defendant Banca Carige S.p.A.*

Defendant Banca Carige S.p.A ("Carige") respectfully submits this supplemental reply memorandum of law in further support of Carige's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint.  Carige also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1], in particular the arguments and grounds relating to the 8 checked boxes for Carige in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Carige filed on September 1, 2011 (the "Complaint") must be dismissed because it does not plausibly allege that any alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to Carige occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Carige Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers occurred in the United States.

## I. THE COMPLAINT MUST BE DISMISSED UNDER THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Carige) based on extraterritoriality.  *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R.

---

[1]   The term "Consolidated Supplemental Reply" refers to the *Reply Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality* filed on September 30, 2015.

[2]   The term "Trustee's Main Memorandum" refers to the *Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints* filed on the consolidated docket on June 26, 2015 (ECF No. 10287).

[3]   The term "Carige Proffer" refers to the *Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Banca Carige S.P.A.* filed on the adversary docket on June 27, 2015 (ECF No. 75).

222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (citation omitted) (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against Carige and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Carige, the Trustee seeks to recover one subsequent transfer in the amount of $10,532,489 that Carige allegedly received in October 2007 from Fairfield Sentry. Complaint ¶ 2 and Exhibit C. The Complaint alleges that Fairfield Sentry—the transferor—is "a BVI company" that is "currently in liquidation in the British Virgin Islands." Complaint ¶ 2. With respect to Carige—the transferee—the Trustee alleges:

> Defendant Carige was an Italian bank and part of the Banca Carige Group, which provides banking and financial services throughout Italy.

Complaint ¶ 3.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfer from Fairfield Sentry at issue occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

---

[4] The "Trustee's Supplemental Memorandum" refers to the *Trustee's Supplemental Memorandum of Law in Opposition to Banca Carige S.P.A.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint* filed on the adversary docket on June 27, 2015 (ECF No. 74).

2

## II. THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Carige Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code section 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Carige Proffer contains no such allegations.

The Carige Proffer contains 39 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, or information disclosed in the Fairfield Sentry private placement memoranda, or the terms and conditions of the Fairfield Sentry subscription agreements. Only 14 of the 39 paragraphs even mention Carige (Carige Proffer ¶¶ 1-14), and only two paragraphs provide *any* information about the alleged subsequent transfers to Carige: "New York was the specific situs selected by Carige for receiving its redemption payments from Fairfield Sentry. . . . Specifically, Carige used a bank account at Wachovia Bank in New York in order to . . . receive such payments (the "U.S. Account"), which account was in Carige's own name." (Carige Proffer ¶ 12) and "Carige designated such use of this U.S. Account in its Fairfield Sentry subscription agreement and redemption payments." (Carige Proffer ¶ 13.)

On the dispositive issue of where the transfers from Fairfield Sentry occurred, the Carige Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made the transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum at 20 n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired

3

funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the Carige account at Wachovia Bank in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Carige Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to Carige occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. Carige adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not separately address the allegations in the Carige Proffer or the 8 categories the Trustee has checked off in the Chart for Carige.

**CONCLUSION**

Carige respectfully requests that the Court dismiss the Trustee's Complaint against Carige with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to Carige occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Carige Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: New York, New York
September 30, 2015

Respectfully submitted,

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
By:  /s/ David J. Mark
David J. Mark
1633 Broadway
New York, New York 10019
(212) 506 – 1700
   *Attorneys for Defendant Banca Carige S.p.A*