**BAKER & MCKENZIE LLP**

David W. Parham *(admitted pro hac vice)*
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone No.:  (214) 978-3000
Facsimile No.:  (214) 978-3099

*Attorneys for Defendant*
*Cathay Life Insurance Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION            :
CORPORATION,                              :
                                          :
                Plaintiff-Applicant,    :    Adv. Pro. No. 08-01789 (BRL)
    v.                                  :
                                          :    SIPA LIQUIDATION
BERNARD L. MADOFF INVESTMENT              :
SECURITIES LLC,                           :    (Substantively Consolidated)
                                          :
                Defendant.              :
----------------------------------------------------------------x
In re:                                    :
                                          :
BERNARD L. MADOFF,                        :
                                          :
                Debtor.                 :
----------------------------------------------------------------x
IRVING H. PICARD, Trustee for the         :
Liquidation of Bernard L. Madoff Investment :
Securities LLC, and Bernard L. Madoff,    :
                                          :
                Plaintiff,              :    Adv. Pro. No. 11-02568 (BRL)
    v.                                  :
                                          :
CATHAY LIFE INSURANCE CO., LTD.,          :
                                          :
                                          :
                Defendant.              :
----------------------------------------------------------------x

**CATHAY LIFE INSURANCE CO., LTD.'S**
**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**BASED ON EXTRATERRITORIALITY AND IN OPPOSITION**
<u>**TO TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS**</u>

1

Defendant Cathay Life Insurance Co., Ltd. ("Cathay") respectfully submits this supplemental reply memorandum of law in further support of Cathay's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. Cathay also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1], in particular the arguments and grounds relating to the nine checked boxes for Cathay in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Cathay filed on September 1, 2011 (the "Complaint") must be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to Cathay occurred in the United States, or, alternatively because the doctrine of international comity precludes application of 11 U.S.C. 550(a) in this scenario; and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Cathay Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers occurred in the United States.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed in the consolidated docket on September 30, 2015 [ECF 11542].

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Cathay Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Cathay Life Insurance Co., Ltd. filed on June 27, 2015.

1

consolidated motion to dismiss of the Transferee Defendants (including Cathay) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against Cathay and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Cathay, the Trustee seeks to recover subsequent transfers in the total amount of $24,496,799, comprised of $2,225,458 and $22,271,340 that Cathay allegedly received in August 2005 and November 2008, respectively, from Fairfield Sentry. Complaint, ¶ 42, Exh. D. The Complaint alleges that Fairfield Sentry—the transferor—is "a BVI company" that is "currently in liquidation in the British Virgin Islands." Complaint, ¶ 2. With respect to Cathay—the transferee—the Trustee alleges, "Defendant Cathay Insurance provides group and individual insurance products. Defendant Cathay Insurance is organized and exists under the laws of Taiwan and maintains a place of business at 296 Ren-Ai Road, Sec. 4, Taipei, 10639 Taiwan." Complaint, ¶ 22.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfer from Fairfield Sentry at issue occurred in the United States. Therefore, the

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Cathay Life Insurance Co. Ltd.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint filed on June 27, 2015.

Complaint should be dismissed under the Extraterritoriality Decision.

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Cathay Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Cathay Proffer contains no such allegations.

The Cathay Proffer contains 47 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, or information disclosed in the Fairfield Sentry private placement memoranda, or the terms and conditions of the Fairfield Sentry subscription agreements. Only 20 of the 47 paragraphs (*i.e.*, less than half) even mention Cathay (Cathay Proffer ¶¶ 1-2, 5-22), and only one paragraph provides *any* information about the alleged subsequent transfers to Cathay: "Cathay also used an account at JPMorgan in New York to receive transfers from Fairfield Sentry. In its Fairfield Sentry subscription agreement, Cathay directed that all Cathay redemptions be sent to a JPMorgan account in New York only. Cathay used this account to receive $24,496,799 in redemption payments." (Cathay Proffer ¶ 22).[5]

On the dispositive issue of where the transfers from Fairfield Sentry occurred, the Cathay Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made the transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's

---

[5] In fact the subscription agreement named only "JP Morgan Chase Bank," and this bank was JPMorgan London. However, for purposes of this Motion to Dismiss only, the allegations should be taken as true.

3

Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of Citco Bank Dublin at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Cathay Proffer, singly or in combination, gives rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to Cathay occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. Cathay adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not separately address the allegations in the Cathay Proffer or the nine categories the Trustee has checked off in the Chart for Cathay.

### COMITY ALSO PRECLUDES THE TRUSTEE'S RECOVERY

Even if the Transfers were found to be sufficiently domestic so as to avoid dismissal, this Adversary Proceeding should be precluded on the basis of international comity, in particular the choice of law principles referred to as "comity of nations," as set forth in the Consolidated Supplemental Reply and in keeping with Judge Rakoff's direction. Judge Rakoff found that the BVI had a greater interest in determining the avoidability of redemption payments based on the facts that Fairfield Sentry is in a BVI liquidation proceeding and that the BVI courts have

already ruled that Fairfield Sentry may not recover redemption payments made to its customers under certain common law theories. 513 B.R. at 232. He further found that the Trustee, a creditor in the BVI proceedings, should not be able to reach around those proceedings to claim assets from parties with whom it had no direct relationship. *Id.* Nothing in the Trustee's Supplemental Memorandum or Cathay Proffer controverts those findings or provides any basis for not following Judge Rakoff's direction.

## CONCLUSION

Cathay respectfully requests that the Court dismiss the Trustee's Complaint against Cathay with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to Cathay occurred in the United States, or, alternatively because the doctrine of international comity precludes application of 11 U.S.C. 550(a) in this scenario. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Cathay Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: September 30, 2015
       Dallas, Texas

Respectfully submitted,

**BAKER & MCKENZIE LLP**

/s/ David W. Parham
David W. Parham (*admitted pro hac vice*)
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone No.: (214) 978-3000
Facsimile No.: (214) 978-3099

*Attorneys for Defendant
Cathay Life Insurance Co., Ltd.*

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties having appeared in the above cause by ECF/electronic mail in accordance with Rule 5, Federal Rules of Civil Procedure, on this 30th day of September 2015.

/s/ David W. Parham
David W. Parham