**FOLEY HOAG LLP**
Daniel Schimmel
1540 Broadway, 23rd Floor
New York, New York 10036
Telephone: (646) 927-5500
Facsimile:   (646) 927-5599
dschimmel@foleyhoag.com

*Attorney for Defendants Caceis Bank Luxembourg and Caceis Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 11-02758 (SMB) |
| Plaintiff, | |
| v. | |
| CACEIS BANK LUXEMBOURG and CACEIS BANK, | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF DEFENDANTS CACEIS BANK LUXEMBOURG AND CACEIS BANK FRANCE IN SUPPORT OF**
<u>**MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**</u>

Defendants Caceis Bank Luxembourg and Caceis Bank France, formerly known as Caceis Bank (collectively "Caceis"), by their undersigned counsel, respectfully submit this supplemental reply memorandum of law in accordance with the Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, *SIPC v. Madoff*, No. 08-01789, Adv. Pro. ECF No. 86.

**PRELIMINARY STATEMENT**

On July 6, 2014, Judge Rakoff issued an Opinion and Order in a consolidated proceeding focusing on whether section 550(a)(2) of the Bankruptcy Code applies extraterritorially to allow the Trustee to recover foreign transfers, as the Trustee seeks to do in the Complaint. *SIPC v. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014) (the "*Extraterritoriality Decision*"). Judge Rakoff held that all of the Trustee's recovery claims should be "dismissed to the extent that they seek to recover purely foreign transfers" and remanded to this Court for further proceedings consistent with the Opinion. *Id.* at 232.

Judge Rakoff focused his analysis on the Trustee's Complaint against Caceis as a representative example of a complaint that improperly seeks to recover foreign transfers. While the Opinion provides ground rules for the analysis of other similar complaints on remand, it thoroughly analyzes the Trustee's allegations against Caceis and holds that the Complaint must be dismissed. The Trustee's arguments in the Supplemental Memorandum[1] are essentially generic to all defendants and the Consolidated Reply[2] disposes of them. To the limited extent

---

[1] Trustee's Supplemental Memorandum of Law in Opposition to the Caceis' Motion to Dismiss Based on Extraterritoriality and in Further Support of Motion for Leave to Amend the Complaint. (Adv. Pro. ECF No. 98) ("Supplemental Memo").

[2] *See* Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality (ECF No. 11542; Adv. Pro. ECF No. 101) (filed simultaneously herewith).

the Supplemental Memo purports to raise any issues not fully addressed in the Consolidated Reply, Caceis hereby replies.

## ARGUMENT

**I.     JUDGE RAKOFF'S OPINION REQUIRES DISMISSAL OF THIS ACTION WITH PREJUDICE.**

The Complaint must be dismissed based on Judge Rakoff's conclusion that section 550 does not apply extraterritorially to foreign transfers and the Court's alternative ruling that the Trustee's claim is barred by principles of international comity. Among other things, Judge Rakoff concluded that, in this adversary proceeding against Caceis, "the relevant transfers and transferees are predominantly foreign: foreign feeder funds transferring assets abroad to their foreign customers and other foreign transferees. *See, e.g.*, CACEIS Compl. ¶ 2, ECF No. 1." *Id.*

Judge Rakoff also concluded that, because section 550(a) does not apply extraterritorially, and because so applying that statute would offend international comity, the Trustee must plead facts "giving rise to the plausible inference that' the transfers occurred within the United States." *Id.* at 232 n.4 (quoting *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012)). Judge Rakoff's analysis makes clear that the Trustee cannot satisfy this requirement with respect to Caceis:

> Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.

*Id.*

Fairfield and Harley (the transferors) and Caceis (the alleged transferee) are located abroad. *See id.* at 225 (citing CACEIS Compl. ¶¶ 2, 3, 22-25). Accordingly, the Trustee's recovery claims against Caceis must be dismissed.

2

II.  **THE TRUSTEE'S PROFFERED ALLEGATIONS FAIL TO CREATE A PLAUSIBLE INFERENCE THAT THE ALLEGED SUBSEQUENT TRANSFERS WERE DOMESTIC.**

To avoid dismissal required under Judge Rakoff's decision, the Trustee has added additional detail to his existing allegations, none of which changes the extraterritoriality analysis. *See* Trustee's Proffered Allegations Pertaining to Extraterritoriality Issue as to the Caceis Defendants, (Adv. Pro. ECF No. 99) (cited hereinafter as "P.A."). In the Supplemental Memo, the Trustee alleges that (1) Caceis knowingly and purposely invested with the BLMIS Feeder Funds to profit from New York-based BLMIS; (2) the Fairfield Funds were controlled, operated, and managed from New York; (3) the majority of the transfers to Caceis were made utilizing New York-based bank accounts; (4) the transfers from the BLMIS Feeder Funds were made pursuant to domestic subscription agreements; (5) additional component events of the transactions show that the transfers were predominantly domestic; and (6) Caceis previously sought to utilize the Bankruptcy Code's protections under section 546(e). See Supplemental Memo at 4-10. All of these allegations are generic to numerous transferee defendants and none (either alone or in combination) creates a "plausible inference that the relevant transfers were domestic" under Judge Rakoff's decision. Some of this "new" detail against Caceis was already pleaded in the Complaint, considered by Judge Rakoff, and found deficient. *Compare* CACEIS Compl. ¶ 6 (alleging that the Caceis defendants "knowingly invested funds to be invested with New York-based BLMIS through the Feeder Funds" and "knowing received subsequent transfers from BLMIS by withdrawing money from the feeder funds"), *with* P.A. ¶¶ 21-51 (allegations that the Caceis defendants knowingly and purposely invested in the BLMIS feeder funds in order to profit from BLMIS in New York); *compare* CACEIS Compl. ¶ 7 (alleging that Caceis "entered, or caused their agent to enter, into subscription agreements with Fairfied Sentry under which they submitted to New York jurisdiction, sent copies of agreements to FGG's New York

3

City office "), *with* P.A. ¶¶ 52-63 (allegations that the transfers to the Caceis defendants were made pursuant to subscription agreements that were domestic in nature).[3] Others, such as the use of correspondent bank accounts in the United States, are wholly irrelevant in light of Judge Rakoff's holding that such allegations as not sufficient to "make foreign transfers domestic." *See Extraterritoriality Decision*, 513 B.R. at 228 n.1; *see also* P.A. ¶¶ 64-71. The Trustee makes the generic allegation that the repeated use of correspondent accounts takes on greater significance when combined with other facts allegedly making the transfers "predominantly domestic." Supplemental Memo at 8. This does not make sense. For purposes of the extraterritoriality analysis, each transfer that the Trustee is trying to claw back must be evaluated on its own terms. *See Extraterritoriality Decision*, 513 B.R. at 227 (analysis "focuses on the nature of the transaction in which property is transferred"). Further, for the reasons set forth herein and in the consolidated briefing, the Trustee's "many facts" are all irrelevant to plausibly alleging a domestic transfer between the Feeder Funds and Caceis.

The remainder of the Trustee's proffered allegations against Caceis attempt to establish that the center of gravity of the fraud was located in New York, and in particular that BLMIS and the Fairfield and Harley feeder funds were operated, controlled, and managed out of New York. *See* P.A. ¶¶ 74-143. Judge Rakoff, however, already considered the Trustee's claims that the "center of gravity" of the fraud was located in the U.S, including, for example, allegations that "BLMIS, and its Ponzi scheme, were organized, managed, and operated in the U.S., and all of its principals, along with most of its customers and other creditors, were domiciled here." (Memorandum of Law of the Securities Investor Protection Corporation in Opposition to the

---

[3] The Trustee also pleaded in the original complaint that "the CACEIS Defendants are part of the CACEIS group, which maintains an office in New York City." CACEIS Compl. ¶ 7. Judge Rakoff, however, did not consider this allegation to be relevant to his analysis of whether the transfers to Caceis were domestic.

4

Extraterritoriality Defendants' Motion to Dismiss 1-2, 6-10, 24-25, No. 12-mc-115 (S.D.N.Y. Aug. 17, 2012), ECF No. 309); *see also Extraterritoriality Decision*, 513 B.R. at 232 n.4; Consolidated Reply at 7.  Simply put, these allegations do not relate to the location of the *transfers* – the only relevant fact to the resolution of extraterritoriality issue. *See Extraterritoriality Decision*, 513 B.R. at 227.[4]  For these reasons, and for the detailed reasons set forth in the Consolidated Reply, the Trustee's proffered allegations against Caceis fail to create a "plausible inference" of a domestic transfer.  Accordingly, permitting the Trustee to amend his Complaint against Caceis would be futile.[5]

## CONCLUSION

For the reasons set forth herein, the Consolidated Reply, and the Motion to Dismiss, the Complaint against Caceis must be dismissed in its entirety, and the Trustee's motion to amend the Complaint should be denied.

Dated: September 30, 2015    **FOLEY HOAG LLP**

By:   */s/ Daniel Schimmel*
Daniel Schimmel
1540 Broadway, 23rd Floor
New York, New York 10036
Telephone: (646) 927-5500
Facsimile:  (646) 927-5599
dschimmel@foleyhoag.com
*Attorney for Defendants Caceis Bank Luxembourg and Caceis Bank*

---

[4] The argument that Caceis previously sought to use the Bankruptcy Code's protections under section 546(e) is also generic and is irrelevant to any analysis of the transfers themselves.  *See* Consolidated Reply at 33-34.

[5] The Complaint against Caceis expressly admits that Caceis Bank France and Caceis Bank Luxembourg are custodians.  CACEIS Compl. ¶¶ 22-23.  On June 16, 2014, Caceis moved to dismiss based on the Trustee's admission that Caceis is a conduit, not a transferee. (Adv. Pro. ECF No. 52.)  The Trustee's proffered allegations improperly attempt to withdraw this admission, a subject that will be addressed if the Complaint is not dismissed with prejudice.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2015, a true and correct copy of the foregoing document was filed electronically with the Court through the CM/ECF System. Notice of this filing will be sent by e-mail to all parties registered with the Court's electronic filing system.

By: */s/ Daniel Schimmel*
Daniel Schimmel