**Allen & Overy LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile:  (212) 610-6399
*Attorneys for ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.),<br><br>　　　　Defendant. | Adv. Pro. No. 10-05354 (SMB) |

**SUPPLEMENTAL MEMORADUM OF LAW
IN SUPPORT OF ABN AMRO BANK N.V.'S
<u>MOTION TO DISMISS BASED ON EXTRATERRITORIALITY</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

   I.    THE TRUSTEE'S ORIGINAL AMENDED COMPLAINT SHOULD BE
        DISMISSED BECAUSE IT ALLEGES NO SPECIFIC FACTS SUGGESTING
        A DOMESTIC TRANSFER ..........................................................................................2

   II.   THE TRUSTEE'S MOTION TO AMEND SHOULD BE DENIED
        BECAUSE THE PROPOSED AMENDMENTS WOULD BE FUTILE ...........................2

       A.    The Proffered Allegations Pertaining to the Principal Place of Business
             of the Rye Portfolio Funds, RBS/ABN's Knowledge that BLMIS
             Invested in the U.S., and the Conduct of the New York Employees
             of RBS/ABN do not Relate to the Location of the Transfers that the
             Trustee Seeks to Recover .......................................................................................3

       B.    The Proffered Allegations Pertaining to the Utilization of a U.S. Bank are
             Insufficient to Transform a Foreign Transfer into a Domestic Transfer .................4

CONCLUSION ................................................................................................................................5

i

**TABLE OF AUTHORITIES**

**CASES**

Cedeno v. Intech Grp., Inc.,
    733 F. Supp. 2d 471 (S.D.N.Y. 2010), aff'd, 457 F. App'x 35 (2d Cir. 2012)..........................5

In re Maxwell Commnc'n Corp.,
    186 B.R. 807 (S.D.N.Y. 1995)......................................................................................4, 5

Loginovskaya v. Batratchenko,
    764 F.3d 266 (2d Cir. 2014).........................................................................................3, 4

Morrison v. Nat'l Australia Bank Ltd.,
    130 S. Ct. 2869 (2010)....................................................................................................4

Norex Petroleum Ltd. v. Access Indus., Inc.,
    540 F. Supp. 2d 438 (S.D.N.Y. 2007), aff'd, 631 F.3d 29 (2d Cir. 2010)................................5

SIPC v. Madoff,
    513 B.R. 222 (S.D.N.Y. 2014).................................................................................2, 3, 4, 5

**STATUTES**

11 U.S.C. § 550(a)(2)..................................................................................................2, 5

Defendant ABN AMRO Bank N.V., presently known as The Royal Bank of Scotland, N.V. ("RBS/ABN"), submits this supplemental memorandum of law in support of its motion to dismiss based on extraterritoriality.[1]

## PRELIMINARY STATEMENT

This recovery action arises out of the Ponzi scheme carried out by Bernard L. Madoff through Bernard L. Madoff Investment Securities LLC ("BLMIS"). RBS/ABN was not a customer of BLMIS and had no relationship with either Bernard Madoff or BLMIS. As a result, the Trustee has no claim to recover funds transferred from BLMIS to RBS/ABN, a transaction for which one of the parties — BLMIS — resided within the United States. The Trustee is instead seeking to recover funds that RBS/ABN, a Dutch bank, allegedly received from its participation in an entirely foreign swap with two Cayman Island companies, Rye Select Broad Market Portfolio Limited ("Rye Portfolio Limited") and Rye Select Broad Market XL Portfolio ("Rye Portfolio Limited XL," collectively, the "Rye Portfolio Funds"). As part of that swap, Rye Portfolio Limited XL provided RBS/ABN with collateral in exchange for leveraged returns based on the performance of Rye Portfolio Limited, a BLMIS feeder fund. RBS/ABN, in order to hedge its exposure, entered into subscription agreements to invest in Rye Portfolio Limited, which RBS/ABN subsequently partially redeemed. (See Rye Proposed Am. Compl. ¶¶ 21-22.)

The Trustee now seeks to recover two subsequent transfers: (1) the collateral payments made from Rye Portfolio Limited XL to RBS/ABN, and (2) RBS/ABN's partial redemption of its subscription agreements with Rye Portfolio Limited. These transfers, between foreign transferors (the Rye Portfolio Funds) and a foreign transferee (RBS/ABN), are entirely extraterritorial in

---

[1] RBS/ABN adopts all of the arguments set forth in the Transferee Defendants' consolidated supplemental memoranda in support of their motion to dismiss based on extraterritoriality. The definitions of all capitalized terms and abbreviations in those memoranda apply. In addition, this memorandum will refer to the Trustee's proffered new allegations specific to this proceeding (10-5354) as the "Rye Proposed Am. Compl."

nature.[2] Per Judge Rakoff's holding in <u>SIPC v. Madoff</u>, 513 B.R. 222 (S.D.N.Y. 2014) (the "<u>Extraterritoriality Decision</u>"), the Trustee has no claim under section 550(a)(2) of the Bankruptcy Code, 11 U.S.C. § 550(a)(2), to recover for such non-domestic transfers. Accordingly, RBS/ABN respectfully requests that this Court dismiss the Trustee's original complaint, deny the Trustee's motion to amend his complaint as futile and dismiss this matter with prejudice.

## ARGUMENT

**I.  THE TRUSTEE'S ORIGINAL AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT ALLEGES NO SPECIFIC FACTS SUGGESTING A DOMESTIC TRANSFER**

The Trustee's original amended complaint fails to allege any "specific facts suggesting a domestic transfer" between the foreign transferors (the Rye Portfolio Funds) and the foreign transferee (RBS/ABN), as mandated by Judge Rakoff's <u>Extraterritoriality Decision</u>, 513 B.R at 232 n.4. That complaint — which the Trustee makes no effort to defend in opposing this motion — should be summarily dismissed.

**II. THE TRUSTEE'S MOTION TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENTS WOULD BE FUTILE**

The Trustee attempts to cure the defects in his original amended complaint by moving to amend his complaint for a second time. The proffered allegations, however, do nothing to alter the fundamentally foreign nature of the transfers at issue. The Trustee purports to identify twelve domestic aspects of the transfers between RBN/ABS and the Rye Portfolio Funds. In fact, these twelve indicia relate to a mere four categories of allegations,[3] none of which gives rise to a

---

[2] The Trustee proffers allegations pertaining to RBS/ABN's swap transaction with two additional funds, Rye Select Broad Market XL Fund, L.P. and Rye Select Broad Market Fund, L.P., both of which are Delaware registered limited partnerships. RBS/ABN believes that these claims are without merit, and will move to dismiss them at a later date. RBS/ABN does not move to dismiss the claims relating to these funds on the basis of extraterritoriality, however, and so the allegations pertaining to these two funds are irrelevant to this motion. (<u>See</u> Consolidated Mot. App. A at 22.)

[3] The Trustee extrapolates (1) into <u>four</u> factors his allegations regarding RBS/ABN's alleged knowledge that the Rye Portfolio Funds used money invested with them to invest in BLMIS in the United States; and (2) into <u>five</u> factors his

2

plausible inference that the subsequent transfers occurred domestically. Specifically, the Trustee makes allegations pertaining to: (1) the Rye Portfolio Funds' principal place of business (Column 1); (2) RBS/ABN's knowledge that BLMIS purported to invest assets in the United States (Columns 4-7); (3) New York employees of RBS/ABN conducting negotiations, due diligence, and a credit review on Madoff funds (Columns 8-11 and 19); and (4) the utilization of a U.S. bank account (Column 12).[4] The first three do not pertain in any way to the location of the transfers that the Trustee seeks to recover and so are irrelevant; the fourth pertains to a factor explicitly deemed insufficient by Judge Rakoff and controlling law to transform a foreign transfer into a domestic one. The Trustee thus fails to meet his burden to "put forth specific facts suggesting a <u>domestic transfer</u>." <u>Extraterritoriality Decision</u>, 513 B.R. at 232 n.4 (emphasis added). His motion to amend should be denied as futile.

      **A.    The Proffered Allegations Pertaining to the Principal Place of Business of the Rye Portfolio Funds, RBS/ABN's Knowledge that BLMIS Invested in the U.S., and the Conduct of New York Employees of RBS/ABN do not Relate to the Location of the Transfers that the Trustee Seeks to Recover**

The first three categories of proffered allegations are irrelevant because they do not address the location of the actual transfers that the Trustee seeks to recover.

First, the Trustee asserts that the Rye Portfolio Funds had their principal place of business in New York. (Rye Proposed Am. Compl. ¶¶ 71-96.) The law in this Circuit is clear, however, that allegations pertaining to a party's principal operations do not transform a foreign transaction into a domestic one. <u>Cf.</u> <u>Loginovskaya v. Batratchenko</u>, 764 F.3d 266, 274-75 (2d Cir. 2014) (dismissing as extraterritorial claims asserted against an entity based in New York). Otherwise,

---

allegations pertaining to New York employees of RBS/ABN conducting negotiations, due diligence, and credit reviews. In each instance, this quadruple and quintuple counting all refer to the same underlying allegations and will therefore be addressed as one category each.

[4] The parentheticals refer to the chart attached to the Trustee's Memorandum as Exhibit 2-A.

3

"any transaction with a United States corporation would constitute a domestic transaction," a rule that the Second Circuit "reject[ed] . . . because it would expand Morrison's transaction test beyond the scope of the 'conduct and effects' test with which Morrison dispensed." Id. at 274 n.9.

Second, the Trustee alleges that RBS/ABN knew that BLMIS was the account manager and that BLMIS purported to invest Rye Portfolio Limited's assets in U.S. equities and Treasury Securities. (Rye Proposed Am. Compl. ¶¶ 26-28, 54-55.) Such allegations do not address whether the subsequent transfers that the Trustee seeks to recover occurred in the United States, and so are immaterial. Cf. In re Maxwell Commnc'n Corp., 186 B.R. 807, 812-14 (S.D.N.Y. 1995) (holding that the transfers at issue were extraterritorial even though Maxwell had used the loans that were repaid to purchase businesses in the United States).

Third, and similarly, the Trustee alleges that RBS/ABN maintained a New York branch and that employees of this branch conducted negotiations, due diligence, and a credit review in connection with the transfers. (Rye Proposed Am. Compl. ¶¶ 50-52, 59.) These allegations, at most, relate to RBS/ABN's investment in the Rye Portfolio funds; they do not address the location of the subsequent transfers to RBS/ABN that the Trustee now seeks to recover. The Extraterritoriality Decision is unambiguous on this point: foreign transfers are not considered domestic simply because "a significant portion of the fraudulent conduct occurred in the United States." Extraterritoriality Decision, 513 B.R. at 228 (citing Morrison v. Nat'l Australia Bank Ltd., 130 S. Ct. 2869, 2886 (2010)).

> **B.** **The Proffered Allegations Pertaining to the Utilization of a U.S. Bank Are Insufficient to Transform a Foreign Transfer into a Domestic Transfer**

The Trustee's last category of proffered allegations relates to RBS/ABN's utilization of a U.S. bank account in connection with the transfers from the Rye Portfolio Funds. (Rye Proposed Am. Compl. ¶¶ 65-68.) Judge Rakoff's Extraterritoriality Decision specifically considered and

4

rejected the sufficiency of this allegation. The Court held that "the fact that some of the defendants here allegedly used correspondent banks in the United States to process dollar-denominated transfers" is not "sufficient to make these foreign transfers domestic." Extraterritoriality Decision, 513 B.R. at 228 n.1. This holding is in accord with both Southern District and Second Circuit law, which is not limited to correspondent banks. Cf. Cedeno v. Intech Group, Inc., 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010) (holding that a claim may be extraterritorial if the contacts with the United States "were limited to the movement of funds into and out of U.S.-based bank accounts"), aff'd, 457 Fed. App'x 35 (2d Cir. 2012); Norex Petroleum Ltd. v. Access Indus., Inc., 540 F. Supp. 2d 438, 444 (S.D.N.Y. 2007), aff'd, 631 F.3d 29, 33 (2nd Cir. 2010) (holding that "[t]he slim contacts" alleged by the plaintiff, including the fact that defendant wired funds through banks in the United States, "are insufficient to support extraterritorial application of the RICO statute"); In re Maxwell, 186 B.R. at 817 (holding that transfers were extraterritorial even though they were made to defendant Barclay's own New York branch).

\* \* \*

None of the Trustee's four categories of proffered allegations creates a plausible inference that the subsequent transfers he seeks to recover occurred within the United States. The motion to amend should be denied as futile.[5]

## CONCLUSION

For the foregoing reasons, RBS/ABN respectfully requests that this Court dismiss the Trustee's original complaint, deny the Trustee's motion to amend his complaint as futile and dismiss this matter with prejudice.

---

[5] In the alternative, concerns of international comity require that the Trustee's claims be dismissed and his motion to amend denied as futile, for the reasons set forth in the Transferee Defendants' consolidated supplemental memoranda in support of their motion to dismiss based on extraterritoriality.

5

Dated: September 30, 2015
      New York, New York

                                      Respectfully submitted,

                                      ALLEN & OVERY LLP

                                      By: /s/ Michael S. Feldberg

                                      Michael S. Feldberg
                                      michael.feldberg@allenovery.com
                                      Geoffrey S. Brounell
                                      geoffrey.brounell@allenovery.com
                                      Alex Corey
                                      alex.corey@allenovery.com
                                      1221 Avenue of the Americas
                                      New York, NY 10020
                                      Telephone: (212) 610-6300
                                      Facsimile:  (212) 610-6399

                                      *Attorneys for Defendant ABN AMRO Bank N.V.*
                                      *(presently known as The Royal Bank of*
                                      *Scotland, N.V.)*