**Allen & Overy LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
*Attorneys for ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.), and ABN AMRO BANK (SWITZERLAND) AG (F/K/A ABN AMRO BANK (SCHWEIZ))<br><br>Defendants. | Adv. Pro. No. 11-02760 (SMB) |

**SUPPLEMENTAL MEMORADUM OF LAW
IN SUPPORT OF ABN AMRO BANK N.V.'S
<u>MOTION TO DISMISS BASED ON EXTRATERRITORIALITY</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

   I.     THE TRUSTEE'S ORIGINAL COMPLAINT SHOULD BE DISMISSED
         BECAUSE IT ALLEGES NO SPECIFIC FACTS SUGGESTING
         A DOMESTIC TRANSFER BETWEEN RBS/ABN AND HARLEY................................2

   II.    THE TRUSTEE'S MOTION TO AMEND SHOULD BE DENIED
         BECAUSE THE PROPOSED AMENDMENTS WOULD BE FUTILE ...........................2

         A.     The Proffered Allegations Pertaining to Harley's Principal Place of
                Business and the New York Employees of RBS/ABN are Irrelevant
                Because they do not Relate to the Location of the Transfers that the
                Trustee Seeks to Recover...................................................................................3

         B.     The Proffered Allegations Pertaining to the Utilization of a U.S. Bank are
                Insufficient to Transform a Foreign Transfer into a Domestic Transfer .................4

   III.   IN THE ALTERNATIVE, CONCERNS OF INTERNATIONAL COMITY
         REQUIRE THAT THE TRUSTEE'S CLAIMS BE DISMISSED AND HIS
         MOTION TO AMEND DENIED AS FUTILE.................................................................5

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

Cedeno v. Intech Grp., Inc.,
  733 F. Supp. 2d 471 (S.D.N.Y. 2010), aff'd, 457 F. App'x 35 (2d Cir. 2012)..........................4

In re Maxwell Commnc'n Corp.,
  186 B.R. 807 (S.D.N.Y. 1995)...............................................................................................4, 5

In re Maxwell Commc'n Corp.,
  93 F.3d 1036 (2d Cir. 1996)......................................................................................................5

Loginovskaya v. Batratchenko,
  764 F.3d 266 (2d Cir. 2014).................................................................................................3, 4

Morrison v. Nat'l Australia Bank Ltd.,
  130 S. Ct. 2869 (2010)..............................................................................................................4

Norex Petroleum Ltd. v. Access Indus., Inc.,
  540 F. Supp. 2d 438 (S.D.N.Y. 2007), aff'd, 631 F.3d 29 (2d Cir. 2010)................................4

SIPC v. Madoff,
  513 B.R. 222 (S.D.N.Y. 2014)..................................................................................1, 2, 3, 4, 5

## STATUTES

11 U.S.C. § 550(a)(2)..................................................................................................1, 2, 5

Defendant ABN AMRO Bank N.V., presently known as The Royal Bank of Scotland, N.V. ("RBS/ABN"),[1] submits this supplemental memorandum of law in support of its motion to dismiss based on extraterritoriality.[2]

## PRELIMINARY STATEMENT

This recovery action arises out of the Ponzi scheme carried out by Bernard L. Madoff through Bernard L. Madoff Investment Securities LLC ("BLMIS"). RBS/ABN was not a customer of BLMIS and had no relationship with either Bernard Madoff or BLMIS. As a result, the Trustee has no claim to recover funds transferred from BLMIS to RBS/ABN, a transaction for which one of the parties — BLMIS — resided within the United States. The Trustee is instead seeking to recover funds that RBS/ABN, a Dutch bank, allegedly received from Harley International (Cayman) Limited ("Harley"), a Cayman Islands company. These subsequent transfers, between a foreign transferor (Harley) and a foreign transferee (RBS/ABN), are entirely extraterritorial in nature. Neither the Trustee's original complaint nor his proposed amended complaint alleges any facts to the contrary.

Per Judge Rakoff's holding in SIPC v. Madoff, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"), the Trustee has no claim under section 550(a)(2) of the Bankruptcy Code, 11 U.S.C. § 550(a)(2), to recover for the non-domestic transfers between RBS/ABN and Harley. This Court should dismiss the Trustee's original complaint, deny the Trustee's motion to amend his complaint as futile and dismiss this matter with prejudice.

---

[1] ABN AMRO Bank (Switzerland) AG (f/k/a ABN AMRO Bank (Schweiz)) ("ABN Switzerland") is also a defendant in this action. Defendant RBS/ABN is not an affiliate of ABN Switzerland, which is represented by different counsel in this matter.

[2] RBS/ABN adopts all of the arguments set forth in the Transferee Defendants' consolidated supplemental memoranda in support of their motion to dismiss based on extraterritoriality. The definitions of all capitalized terms and abbreviations in those memoranda apply. In addition, this supplemental memorandum will refer to the Trustee's original complaint, proffered allegations, and supplemental opposition memorandum specific to this proceeding (11-2760) as "Harley Compl.," "Harley Proposed Am. Compl.," and "Harley Opp'n Mem.," respectively.

# ARGUMENT

I. **THE TRUSTEE'S ORIGINAL COMPLAINT SHOULD BE DISMISSED BECAUSE IT ALLEGES NO SPECIFIC FACTS SUGGESTING A DOMESTIC TRANSFER BETWEEN RBS/ABN AND HARLEY**

The Trustee's original complaint contains no allegations tying any aspect of the alleged transfers between RBS/ABN and Harley to the United States. Such an omission ends the analysis. Judge Rakoff's Extraterritoriality Decision is unambiguous on the application of Section 550(a)(2) to transfers between a foreign transferor and a foreign transferee:

> To the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

Extraterritoriality Decision, 513 B.R at 232 n.4. Because the Trustee does not even purport to allege any "specific facts suggesting a domestic transfer" between RBS/ABN and Harley in his original complaint, that complaint should be summarily dismissed.

II. **THE TRUSTEE'S MOTION TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENTS WOULD BE FUTILE**

The Trustee attempts to cure the defects in his original complaint by moving to amend. The proffered allegations, however, do nothing to alter the fundamentally foreign nature of the transfers at issue. Even by the Trustee's own — and significantly, erroneous — counting, the transfers between RBS/ABN and Harley contain only five out of nineteen purported indicia of domesticity, the fewest among all of the Transferee Defendants. (Tr. Mem. Ex. 2-A.) And in fact, these five indicia relate to a mere three categories of allegations: (1) Harley's principal place of business (Column 1); (2) New York employees of RBS/ABN conducting due diligence and credit

reviews on Madoff-related funds (Columns 10, 11, and 19);[3] and (3) the utilization of a U.S. bank account (Column 12).[4] The first two do not pertain in any way to the location of the transfers that the Trustee seeks to recover and so are irrelevant; the third pertains to a factor explicitly deemed insufficient by Judge Rakoff and controlling law. The Trustee thus fails to meet his burden to re-plead facts that give rise to a plausible inference that the subsequent transfers he seeks to recover occurred within the United States. His motion to amend should be denied as futile.

### A. The Proffered Allegations Pertaining to Harley's Principal Place of Business and the New York Employees of RBS/ABN are Irrelevant because they do not Relate to the Location of the Transfers that the Trustee Seeks to Recover

The first two categories of proffered allegations are irrelevant because they do not address the location of the actual transfers that the Trustee seeks to recover. The allegations therefore fail to satisfy the Trustee's obligation to "put forth specific facts suggesting a <u>domestic transfer</u>." <u>Extraterritoriality Decision</u>, 513 B.R. at 232 n.4 (emphasis added).

First, the Trustee asserts that "[a]lthough incorporated in the Cayman Islands, Harley was operated and controlled by Fix Asset Management Services Inc., which was incorporated under New York law and headquartered in New York, New York." (Harley Opp'n Mem. 5; Harley Proposed Am. Compl. ¶¶ 26-62.) The law in this Circuit is clear, however, that allegations pertaining to a party's principal operations do not transform a foreign transaction into a domestic one. Cf. <u>Loginovskaya v. Batratchenko</u>, 764 F.3d 266, 274-75 (2d Cir. 2014) (dismissing as extraterritorial claims asserted against an entity based in New York). Otherwise, "any transaction with a United States corporation would constitute a domestic transaction," a rule that the Second

---

[3] The Trustee extrapolates his allegations pertaining to New York employees of RBS/ABN conducting due diligence and credit reviews of Madoff-related funds to fill three separate columns of the chart attached to his Memorandum: Columns 10, 11, and 19. These all refer to the same underlying allegations and will therefore be addressed as one category.

[4] The parentheticals refer to the chart attached to the Trustee's Memorandum as Exhibit 2-A.

3

Circuit "reject[ed] . . . because it would expand Morrison's transaction test beyond the scope of the 'conduct and effects' test with which Morrison dispensed." Id. at 274 n.9.

Second, the Trustee alleges that that RBS/ABN maintained a New York branch and that employees of this branch conducted a credit review and due diligence on Madoff-related funds. (Harley Proposed Am. Compl. ¶¶ 21-22.) These allegations, at most, relate to RBS/ABN's initial investments in Harley and/or Madoff-related funds; they do not address the location of the subsequent transfers from Harley to RBS/ABN that the Trustee now seeks to recover.[5]

### B. The Proffered Allegations Pertaining to the Utilization of a U.S. Bank are Insufficient to Transform a Foreign Transfer into a Domestic Transfer

The Trustee's last category of proffered allegations pertains to RBS/ABN's utilization of a U.S. bank account to receive redemption payments from Harley. (Harley Proposed Am. Compl. ¶¶ 23-25.) Judge Rakoff's Extraterritoriality Decision specifically considered and rejected the sufficiency of this allegation. The Court held that "the fact that some of the defendants here allegedly used correspondent banks in the United States to process dollar-denominated transfers" is not "sufficient to make these foreign transfers domestic." Extraterritoriality Decision, 513 B.R. at 228 n.1. This holding is in accord with both Southern District and Second Circuit law, which is not limited to correspondent banks. Cf. Cedeno v. Intech Group, Inc., 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010) (holding that a claim may be extraterritorial if the contacts with the United States "were limited to the movement of funds into and out of U.S.-based bank accounts"), aff'd, 457 Fed. App'x 35 (2d Cir. 2012); Norex Petroleum Ltd. v. Access Indus., Inc., 540 F. Supp. 2d 438, 444 (S.D.N.Y. 2007), aff'd, 631 F.3d 29, 33 (2nd Cir. 2010) (holding that "[t]he slim contacts" alleged by the plaintiff, including the fact that defendant wired funds through banks in the United States,

---

[5] And in any event, the participation of a New York office does not automatically create an inference that transfers are domestic. Cf. In re Maxwell Commc'n Corp., 186 B.R. 807, 817 n.5 (S.D.N.Y. 1995) (holding that transfers were extraterritorial even though they were made to the defendant's New York branch).

4

"are insufficient to support extraterritorial application of the RICO statute"); In re Maxwell Commc'n Corp., 186 B.R. 807, 817 (S.D.N.Y. 1995) (holding that transfers were extraterritorial even though they were made to defendant Barclay's own New York branch).

\* \* \*

None of the Trustee's proffered allegations creates a plausible inference that the subsequent transfers he seeks to recover occurred within the United States. The motion to amend should be denied as futile.

III. **IN THE ALTERNATIVE, CONCERNS OF INTERNATIONAL COMITY REQUIRE THAT THE TRUSTEE'S CLAIMS BE DISMISSED AND HIS MOTION TO AMEND DENIED AS FUTILE**

In the alternative, the Trustee's use of Section 550(a)(2) to try to reach the transfers between RBS/ABN and Harley should be dismissed on the grounds of comity. Harley is in liquidation in the Cayman Islands. (Harley Compl. ¶ 2.) The Trustee is attempting to circumvent this foreign liquidation proceeding in order to make a claim on behalf of an estate created solely by U.S. statute. See Extraterritoriality Decision, 513 B.R. at 232. RBS/ABN has no direct relationship with this estate, and had no reason to expect that U.S. law would apply to its relationship with Harley. Id. Accordingly, and as Judge Rakoff held in the Extraterritoriality Decision, "'the interests of the affected forums and the mutual interest of all nations in smoothly functioning international law counsel against the application of United States law in the present case.'" Id. (quoting In re Maxwell Commc'n Corp., 93 F.3d 1036, 1053 (2d Cir. 1996)).

## CONCLUSION

For the foregoing reasons, RBS/ABN respectfully requests that this Court dismiss the Trustee's original amended complaint, deny the Trustee's motion to amend his complaint as futile and dismiss this matter with prejudice.

5

Dated: September 30, 2015
New York, New York

        Respectfully submitted,

        ALLEN & OVERY LLP

        By: /s/ Michael S. Feldberg

        Michael S. Feldberg
        michael.feldberg@allenovery.com
        Geoffrey S. Brounell
        geoffrey.brounell@allenovery.com
        Alex Corey
        alex.corey@allenovery.com
        1221 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 610-6300
        Facsimile:  (212) 610-6399

        *Attorneys for Defendant ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*