**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for SG Audace Alternatif*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), *et al.* | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF
SG AUDACE ALTERNATIF IN FURTHER SUPPORT OF ITS MOTION TO
DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO
THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant SG Audace Alternatif ("SG Audace") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. SG Audace also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the checked boxes for SG Audace in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against SG Audace filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry Limited ("Fairfield Sentry") to SG Audace at issue in the Complaint occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfer occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Societe Generale Private Banking (Suisse) S.A. et al. filed on June 29, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including SG Audace) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against SG Audace and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint, the Trustee seeks to recover a single subsequent transfer in the amount of $1,223,229 that SG Audace allegedly received from Fairfield Sentry on or about July 16, 2003. Complaint, ¶¶ 16, 73; and Exhibit E thereto. The Complaint alleges that Fairfield Sentry—the purported transferor—is a British Virgin Islands ("BVI") company currently in liquidation in the BVI. Complaint, Exhibit A (Amended Complaint in *Picard v. Fairfield Sentry Limited, et al.,* No. 09-01239 (SMB)), ¶¶ 22, 32).[4] With respect to SG Audace—the purported transferee—the Trustee alleges as follows:

> SG Audace is a *fonds commun de placement* organized under the laws of France, and its registered address is c/o Lyxor Asset Management S.A. at 17 Cours Valmy, 92987 Paris La Défense, France.

---

[4] Exhibit A is incorporated by reference into the Complaint. Complaint, ¶ 67.

2

Complaint, ¶ 16.

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfer at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfer from Fairfield Sentry he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry and related funds had their principal operations in the United States, and that the operations of another fund, Kingate Global Fund Ltd., were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Only 1 of the 95 paragraphs specifically mention SG Audace (Proffer ¶ 10).[6] Another 14 of the 95 paragraphs use terms or phrases such as "Defendants," "Fairfield Invested Defendants" and "Societe

---

[5] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints, filed on June 29, 2015.

[6] Paragraph 10 alleges that SG Audace's operations and investment portfolio were "managed and operated in the United States by Lyxor Asset [Management Inc.]," a U.S. entity. This naked assertion, without supporting factual content, is not a factual allegation that must be accepted as true on this motion. To the contrary, it is precisely the type of "legal conclusion couched as a factual allegation" that the Supreme Court has held to be insufficient to state a claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).

3

Generale group of companies" to refer to SG Audace indirectly with some or all of the other named defendants with respect to *allegations concerning investments in Fairfield Sentry and other funds, including allegations concerning due diligence, rather than with respect to the alleged transfer whose location is relevant to this motion* (Proffer ¶¶ 4, 12-15, 17, 18, 20, 21, 24-28). The Proffer provides no information about the alleged subsequent transfer from Fairfield Sentry to SG Audace, except a conclusory "information and belief" allegation that SG Audace, as one of the "remaining Fairfield Invested Defendants", used a bank account at the New York branch of Societe Generale, S.A. to receive the redemption payment (Proffer ¶ 22).

On the dispositive issue of where the transfer occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made the transfer from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfer from Fairfield Sentry to SG Audace occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation

4

to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. SG Audace adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the 13 categories the Trustee has checked off for it in the Chart.

## Conclusion

SG Audace Alternatif respectfully requests that the Court dismiss the Trustee's Complaint as against it with prejudice and without leave to amend. The Complaint against SG Audace Alternatif should be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfer occurred in the United States.

Dated: New York, New York
September 30, 2015

                    FLEMMING ZULACK WILLIAMSON
                    ZAUDERER LLP


                    /s/ John F. Zulack
                    John F. Zulack
                    One Liberty Plaza
                    New York, New York  10006
                    Telephone:  (212) 412-9500

                    *Attorneys for Defendant SG Audace Alternatif*