**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for Société Générale Private Banking (Suisse) SA*
*f/k/a SG Private Banking Suisse S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), *et al.* | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF SOCIÉTÉ GÉNÉRALE PRIVATE BANKING (SUISSE) SA IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Société Générale Private Banking (Suisse) SA, f/k/a SG Private Banking Suisse S.A. ("SG Suisse"), respectfully submits this supplemental reply memorandum of law in further support of SG Suisse's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. SG Suisse also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the checked boxes for SG Suisse in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against SG Suisse filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited ("Fairfield Sigma"), Fairfield Lambda Limited ("Fairfield Lambda") and Kingate Global Fund Ltd. ("Kingate Global") to SG Suisse at issue in the Complaint occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry, Fairfield Sigma, Fairfield Lambda or Kingate

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Societe Generale Private Banking (Suisse) S.A. et al. filed on June 29, 2015.

Global occurred in the United States.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including SG Suisse) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against SG Suisse and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against SG Suisse, the Trustee seeks to recover subsequent transfers that SG Suisse allegedly received from Fairfield Sentry, Fairfield Sigma, Fairfield Lambda and Kingate Global. Complaint, ¶¶ 8, 73-75, 83. The Complaint alleges that Fairfield Sentry, Fairfield Sigma, Fairfield Lambda and Kingate Global—the purported transferors—are British Virgin Islands ("BVI") companies that are in liquidation in the BVI. Complaint, Exhibit A (Amended Complaint in *Picard v. Fairfield Sentry Limited, et al.,* No. 09-01239 (SMB)), ¶¶ 22, 32, 51, 56); and Exhibit J (Third Amended Complaint in *Picard v. Ceretti, et al.,* No. 09-001161 (SMB)), ¶¶ 57, 64).[4] With respect to SG Suisse—the purported transferee—the Trustee alleges

---

[4]    Exhibits A and J are incorporated by reference into the Complaint. Complaint, ¶¶ 67, 77.

2

that "SG Suisse is a *société anonyme* organized under the laws of Switzerland, and has its principal office at Rue de la Corraterie 6, CH-1211 Geneva, Switzerland, and a representative office at 701 Brickell Avenue, Suite 2410, Miami, Florida 3313." Complaint, ¶ 8.

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer seeks to recover subsequent transfers that SG Suisse allegedly received from Fairfield Sentry, Fairfield Sigma, Fairfield Lambda and Kingate Global (Proffer ¶ 2). The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry, Fairfield Sigma and Fairfield Lambda had their principal operations in the United States and that Kingate Global's operations were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Only 4 of the 95

---

[5] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints, filed on June 29, 2015.

3

paragraphs specifically mention SG Suisse (Proffer ¶¶ 2, 8, 22, 23).  Another 15 of the 95 paragraphs use terms or phrases such as "Defendants," "Fairfield Invested Defendants," "Kingate Invested Defendants" and "Societe Generale group of companies" to refer to SG Suisse indirectly with some or all of the other named defendants with respect to *allegations concerning investments in the Fairfield Funds and Kingate Global, including allegations concerning due diligence, rather than with respect to the transfers whose location is relevant to this motion* (Proffer ¶¶ 4, 12-18, 20, 21, 24-28).  Only two paragraphs provide any information about the alleged subsequent transfers allegedly made to SG Suisse (*see* Proffer ¶¶ 22, 23 (SG Suisse used a bank account at the New York branch of Societe Generale, S.A. to receive redemption payments).

On the dispositive issue of where the transfers occurred, the Proffer is deliberately silent.  The Trustee does not and cannot allege that Fairfield Sigma or Fairfield Lambda made any transfers from a bank account in the United States because those funds were denominated in Euros and Swiss Francs, respectively (Proffer ¶¶ 58, 59).  The Trustee also does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch.  *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI.  Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . .").  The Trustee similarly knows that Kingate Global's bank accounts were offshore given that he alleges that subscribers were directed to send subscription moneys through correspondent bank accounts for ultimate deposit in Kingate Global's bank accounts.  (Proffer ¶ 24).  And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of

4

U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. SG Suisse adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the 13 categories the Trustee has checked off in the Chart for SG Suisse, other than to point out that neither the Complaint nor the Proffer alleges that the Miami representative office of SG Suisse had any connection to the transfers at issue and therefore there is no basis for the check mark for SG Suisse in category 19 of the Trustee's Chart.

## Conclusion

SG Suisse respectfully requests that the Court dismiss the Trustee's Complaint as against it with prejudice and without leave to amend. The Complaint against SG Suisse should be dismissed because it contains no allegations that any alleged subsequent transfers occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: New York, New York
September 30, 2015

5

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP

<u>/s/ John F. Zulack</u>
John F. Zulack
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9500

*Attorneys for Defendant Société Générale Private Banking (Suisse) SA f/k/a SG Private Banking Suisse S.A.*

6