KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022

*Attorneys for Defendants Barfield Nominees
Limited and Northern Trust Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>          v.<br><br>BARFIELD NOMINEES LIMITED and NORTHERN TRUST CORPORATION,<br><br>          Defendants. | Adv. Pro. No. 12-01669 (SMB) |

**REPLY MEMORANDUM OF LAW OF BARFIELD NOMINEES LIMITED'S
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON
EXTRATERRITORIALITY AND IN OPPOSITION TO
THE TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS**

Defendant Barfield Nominees Limited ("Barfield") respectfully submits this reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the motion of Irving H. Picard (the "Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for leave to file an amended complaint in this adversary proceeding. In light of Judge Rakoff's guidance and existing authority of the Second Circuit and Supreme Court, Barfield respectfully submits that the Trustee's Proposed Complaint is a futile attempt to resuscitate its claims.

## FACTUAL BACKGROUND

Barfield is a Guernsey limited company. (Proposed Complaint ¶ 5.)[1] There is no allegation that Barfield operated from the United States and indeed, Barfield's offices are located in Guernsey. (Complaint filed on May 25, 2012 (the "Original Complaint"), ¶ 23.)

Fairfield Sentry Limited ("Fairfield"), Kingate Euro Fund Ltd., and Kingate Global Fund Ltd. (together, "Kingate") were organized under the laws of the British Virgin Islands ("BVI"). (Proposed Complaint ¶¶ 61, 85, 109.) Fairfield and Kingate invested in BLMIS, and Barfield invested in Fairfield and Kingate. (*Id.* ¶ 16.)

In this case, the Trustee seeks to recover the total sum of the 26 transfers, i.e., $70,083,978 (the "Transfers"). The Trustee alleges that Fairfield transferred funds to Barfield on six occasions for a total amount of $16,178,329. (*See* Exhibit C to the Original Complaint.) The Trustee also alleges that Kingate made 20 transfers to Barfield for a total amount of $53,905,649.[2] (Exhibit F to the Original Complaint.) The Trustee is silent about the location of 12 of the Transfers. As for the remaining 14 Transfers, the best that the Trustee can assert is that

---

[1] The facts contained herein are recited as alleged by the Trustee in the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Barfield (the "Proposed Complaint").

[2] The Kingate transfers, with the Fairfield transfers are herein defined as the "Transfers."

Barfield used a correspondent bank account in the United States to receive 14 of the 26 Transfers (Proposed Complaint ¶¶ 48, 51.) The Trustee also makes vague allegations that Fairfield and Kingate "utilized" bank accounts in the United States to "effectuate" the Transfers, but does not allege the location of the bank account from which the Transfers originated. (*Id.* ¶¶ 50, 53.)

In sum, the Transfers were from two foreign companies (Fairfield and the Kingate entities) to another foreign company (Barfield), and there is no allegation identifying the location of the Transfers' origin nor is there an allegation of the Transfers' ultimate destinations.

## ARGUMENT

The Trustee makes no effort to argue that his operative Complaint could withstand scrutiny under Judge Rakoff's ruling in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Instead, the Trustee seeks leave to amend his complaint to add additional allegations. The Trustee's effort is futile.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Thus, "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

To determine whether the Trustee's use of section 550(a) to recover transfers among foreign entities is an extraterritorial application of the statute, Judge Rakoff instructed that this Court should evaluate whether "the transfer of property to a subsequent transferee" is foreign, "not the relationship of that property to a perhaps-distant debtor." Extraterritoriality Decision, 513 B.R. at 227. Judge Rakoff held that where "both the transferor and the transferee reside outside of the United States, *there is no plausible inference that the transfer occurred*

(2)

*domestically.*" *Id.* at 232 n.4 (emphasis added). Judge Rakoff mandates dismissal in these cases "unless the Trustee can put forth specific facts suggesting a domestic transfer."[3] *Id.*

There is nothing to suggest that these Transfers are domestic within the meaning of Judge Rakoff's decision. The Transfers at issue were made from Fairfield and Kingate to Barfield, all of which are foreign entities organized abroad. The Transfers are not alleged to have originated from the United States nor are the Transfers alleged to have been ultimately received in the United States. Indeed, in evaluating a similar transaction – between Fairfield itself and Harley International (Cayman) Limited (both foreign entities), on the one hand, and CACEIS Bank Luxembourg (a third foreign entity), on the other – Judge Rakoff held that the application of section 550(a) to *that* transaction would be inappropriately extraterritorial. *Id.* at 225-26.

Nevertheless, the Trustee advances three reasons to establish that its Proposed Complaint is not futile. None withstands scrutiny. The Trustee first argues that BLMIS's conduct in New York demonstrates that the Transfers are "predominantly domestic." (Opp. at 3.)[4] Judge Rakoff made clear, however, that the focus of this inquiry should be on "the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor." Extraterritoriality Decision, 513 B.R. at 227. Accordingly, BLMIS's role as investment advisor, its promise to invest in U.S. equities, options, and Treasuries, and its roles as broker and custodian to *Fairfield* and *Kingate*, are irrelevant to an analysis of a claim seeking to recover

---

[3] Judge Rakoff's ruling is consistent with pre-existing Supreme Court and Second Circuit authorities. As explained in the Reply Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, the Supreme Court and the Second Circuit have repeatedly instructed that whether or not a claim would require an impermissible extraterritorial application of a statute depends on the "focus" of the statute, here, the Transfers at issue. *See* Transferee Reply Brief at 10-18 (citing Supreme Court and Second Circuit cases).

[4] "Opp." refers to The Trustee's Supplemental Memorandum of Law in Opposition to Barfield's Motion to Dismiss and in Further Support of the Trustee's Motion for Leave to Amend Complaints, dated June 29, 2015.

subsequent Transfers from Fairfield and Kingate to *Barfield*. Indeed, as a factual matter, BLMIS was not even generating profit for Barfield nor was it performing duties as an investment advisor, manager, or custodian; rather, BLMIS was depositing Barfield's funds in a checking account and using those funds to finance a Ponzi scheme.

Second, the Trustee looks to Fairfield and Kingate's contacts in New York to suggest that the Transfers are domestic. (Opp. at 4-6.) Specifically, the Trustee asserts that Fairfield and Kingate's affiliates and service providers' operations were located in the United States (*id.* at 4-5), that Barfield communicated with representatives from a Fairfield affiliate located in New York (*id.* at 6), and that Barfield entered subscription agreements with Fairfield, in which it agreed to wire subscription payments to a New York bank account and submit to venue and jurisdiction in New York in connection with disputes arising from the agreements. (*Id.*) But as explained in the Transferee Reply Brief, these facts were considered by Judge Rakoff and rejected as irrelevant to the question of where the Transfers occurred. *See* Transferee Reply Brief at 20-23.

Finally, the Trustee argues that Barfield, Kingate, and Fairfield "utilized domestic bank accounts to . . . make and receive the Transfers." (Opp. at 5.) There is no allegation, however, that Kingate or Fairfield originated the Transfers from the United States; instead, the Trustee engages in verbal gymnastics, alleging that Fairfield and Kingate "utilized" bank accounts in the United States to "effectuate" the Transfers. (Proposed Complaint ¶¶ 50, 53.) Those allegations, however, do not come close to suggesting that a component of the Transfers themselves was domestic.

The Trustee also alleges that Barfield "selected" and "designated" bank accounts in the United States to receive some of the Transfers (Proposed Complaint ¶¶ 48-49, 51-52), but there

(4)

is no allegation that Barfield *actually received* the Transfers in the United States.[5] Moreover, the Trustee only makes these allegations with respect to 14 of the 26 Transfers. The so-called "designated" accounts are, in any event, correspondent bank accounts. As Judge Rakoff made clear, it is not "sufficient" that "some of the defendants here allegedly use[] correspondent banks in the United States to process dollar-denominated transfers." Extraterritoriality Decision, 513 B.R. at 228 n.1.

## CONCLUSION

For the reasons set forth above and in the Transferee Reply Brief, the Trustee's motion for leave to amend its complaint should be denied and Barfield's motion to dismiss the operative complaint should be granted.

Dated:    New York, New York
          September 30, 2015

                                            KATTEN MUCHIN ROSENMAN LLP

                                            By:    s/ Anthony L. Paccione
                                                   Anthony L. Paccione
                                                   anthony.paccione@kattenlaw.com
                                                   Mark T. Ciani
                                                   mark.ciani@kattenlaw.com
                                                   575 Madison Avenue
                                                   New York, NY 10022-2585
                                                   (212) 940-8800

                                                   *Attorneys for Defendants Barfield Nominees Limited and Northern Trust Corporation*

---

[5] Nothing in this memorandum should be construed as an admission that Barfield received the Transfers in a way that would defeat its "mere conduit" or other related defenses.