GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for UBS AG, UBS (Luxembourg) SA,
UBS Fund Services (Luxembourg) SA, and
UBS Third Party Management Company SA*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, *et al.*, <br><br> Defendants. | Adv. Pro. No. 10-04285 (SMB) |

**UBS DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE
<u>TRUSTEE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>**

Defendants UBS AG, UBS (Luxembourg) SA ("UBSL"), UBS Fund Services (Luxembourg) SA ("UBSFSL"), and UBS Third Party Management Company S.A. ("UBS ManCo") (collectively, the "UBS Defendants") respectfully submit this supplemental reply memorandum in further support of their motion to dismiss based on extraterritoriality and in opposition to the motion for leave to amend by plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff.

## PRELIMINARY STATEMENT

The Trustee's First Amended Complaint ("FAC") and proposed Second Amended Complaint ("SAC") do not sufficiently plead specific facts showing that the subsequent transfers allegedly received by the UBS Defendants are domestic under the standard set forth in *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "*Extraterritoriality Decision*"). Each of the subsequent transfers that are the subject of the Trustee's claims against the UBS Defendants was made by a foreign transferor to a foreign transferee, and took place entirely outside the United States. Accordingly, they are outside the application of section 550(a)(2) of the Bankruptcy Code.

As explained in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality (the "Consolidated Reply"), filed concurrently herewith and incorporated by reference herein, the Trustee wrongly focusses his attention on the (alleged) events leading to the transfers at issue, and the (alleged) reasons for the transfers, rather than on the only issue that matters – *where the transfers occurred*. On that critical issue, the Trustee is utterly silent, and either avoids pleading the relevant facts concerning the transfers to the UBS Defendants or ignores his own allegations that demonstrate the foreign nature of the transfers at issue. But Judge Rakoff's decision is clear:

The burden is on the Trustee to *affirmatively plead* facts showing that the transfers to the UBS Defendants took place in the United States, and the Trustee's evasive silence on that issue thus requires dismissal. *Extraterritoriality Decision*, 513 B.R. at 232 n.4 (holding that "unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed").

Because both the FAC and the SAC fail to satisfy the Trustee's burden, the Trustee's claims against the UBS Defendants should be dismissed, and his motion for leave to amend should be denied.

## ARGUMENT

## THE TRANSFERS AT ISSUE OCCURRED OUTSIDE THE UNITED STATES

Each of UBSL, UBSFSL, and UBS ManCo (the "Luxembourg Entities") is "a Luxembourg limited liability company incorporated as a *société anonyme*" and has its "registered office" in Luxembourg. SAC ¶¶ 43-45. The Trustee does not – and could not – allege that any of them has any offices in the United States. The Luxembourg Entities are wholly owned subsidiaries of UBS AG, which is "a Swiss public company with registered and principal offices" in Switzerland. *Id.* ¶ 42.

The Trustee seeks to recover approximately $97 million in subsequent transfers allegedly received by the UBS Defendants, consisting of:

- transfers made to the Luxembourg Entities in the form of service fees by three investment funds (together, the "Foreign Funds") located outside the United States: (1) Luxalpha SICAV ("Luxalpha"), (2) Groupement Financier Ltd. ("Groupement

2

Financier"), and (3) Groupement Financier Levered Ltd. ("Groupement Levered");[1] and

- transfers made to UBS AG by its wholly owned Luxembourg subsidiaries, UBSL and UBSFSL, in the form of dividends.

SAC ¶ 297. Luxalpha and Groupement Financier allegedly received fraudulent transfers from BLMIS, a portion of which was allegedly subsequently transferred to the Luxembourg Entities either directly or through Groupement Levered. *Id.* ¶¶ 280-84, 288-89, 297.

Thus, the transfers were made by foreign entities to foreign entities, and the Trustee alleges no facts – nor could he – that suggest that the transfers were either sent from or received in the United States. Indeed, the only hint that the Trustee gives as to the location of any of the relevant subsequent transfers is his allegation that, before transferring money to the Luxembourg Entities, Luxalpha received funds from BLMIS at "Luxalpha's bank account at [UBSL]." SAC ¶ 173; *see also* Trustee's Supplemental Memorandum of Law in Opposition to the UBS Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints ("Trustee's Suppl. Mem.") at 6. It follows, therefore, that the subsequent transfers at issue here were made from that bank account – located in

---

[1] Luxalpha was a "Luxembourg-based UCITS fund," "authorized under Luxembourg law," with its registered office in Luxembourg. SAC ¶¶ 55, 56. Luxalpha is currently in liquidation in the District Court of Luxembourg. *Id.* ¶ 56. Groupement Financier was an investment fund "organized under the laws of the British Virgin Islands ('BVI')" with its registered office in the BVI. *Id.* ¶ 61. The Trustee makes no allegation at all about where Groupement Levered was incorporated or headquartered, though he treats it as essentially indistinguishable from Groupement Financier, and thus the only fair inference is that it was likewise incorporated under BVI law with its registered office in the BVI. Certainly, the Trustee has not met his burden of pleading facts suggesting that Groupement Levered is located in the United States.

3

Luxembourg – to the Luxembourg Entities – also located in Luxembourg.[2] The transfers at issue were, therefore, foreign transfers as specified in the *Extraterritoriality Decision*, and outside the scope of section 550 of the Bankruptcy Code.

Rather than addressing the location of the transfers themselves, the Trustee instead identifies a host of irrelevant (alleged) facts, none of which bears on where the transfers occurred. In fact, the Trustee's own words betray him, since he never argues that the transfers *occurred in the United States*, but only that the UBS Defendants received transfers "*Based on Activity That Was Centered* in the United States." Trustee's Suppl. Mem. at 3, 5 (emphasis added); *see also id.* at 9, 10 (alleging receipt of fees "for Activity That Was Centered in the United States"). Where the activity underlying the transfers was "centered" is not the relevant issue under the *Extraterritoriality Decision*. As Judge Rakoff held, "the transaction being regulated by section 550(a)(2) is the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor." 513 B.R. at 227.

The Consolidated Reply thoroughly explains why the factors relied upon by the Trustee fail to establish that the transfers at issue are domestic. Regarding the UBS Defendants specifically:

- It is irrelevant that UBS AG maintains offices in the United States (*see* SAC ¶ 42; Trustee's Suppl. Mem. at 4), where there is no allegation that the transfers at issue were received in those offices, as opposed to UBS AG's headquarters in Switzerland.

---

[2] The transfers allegedly received by UBS AG were even further removed from the United States, allegedly having been subsequently transferred by UBSL and UBSFSL in Luxembourg to their Swiss parent company, UBS AG. The Trustee alleges no facts that would enable tracing of these ordinary dividends from a subsidiary to its parent back to the initial allegedly fraudulent transfers from BLMIS to Luxalpha and Groupement Financier and, more importantly for present purposes, alleges no facts suggesting that these dividends were transferred in the United States.

4

- It is irrelevant that UBSL maintained a correspondent bank account at UBS AG's branch in Stamford, Connecticut, which was used to transmit dollar-denominated subscriptions and redemptions between BLMIS and the Foreign Funds, and between the Foreign Funds and their investors. *See* SAC ¶¶ 96-97, 173; Trustee's Suppl. Mem. at 5, 6, 8, 10, 11. The Trustee makes no allegation that the Connecticut bank account was involved in the *subsequent transfers* from the Foreign Funds to the Luxembourg Entities and, even if he had, Judge Rakoff has already held that the use of "correspondent banks in the United States to process dollar-denominated transfers" is not sufficient to make such transfers domestic for purposes of the extraterritoriality analysis. *Extraterritoriality Decision*, 513 B.R. at 228 n.1.

- It is irrelevant that the UBS Defendants had various communications and contacts with the United States in the course of providing services to the Foreign Funds and that the Luxembourg Entities received fees for such services (*see* Trustee's Suppl. Mem. at 5-11), where those alleged U.S. communications and contacts were not part of the transfers themselves.

Put differently, the *background of* and *reasons for* the transfers – which are the only things the Trustee addresses – are irrelevant to the question of *where* the transfers occurred. As Judge Rakoff held, "[a]lthough the chain of transfers originated with Madoff Securities in New York, that fact is insufficient to make the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a)." *Extraterritoriality Decision*, 513 B.R. at 228.

5

Because the Trustee alleges no facts suggesting that the subsequent transfers themselves took place in the United States, the FAC and SAC fail to state a cognizable claim against the UBS Defendants under section 550 of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons and those stated in the Consolidated Reply, this Court should deny the Trustee's motion for leave to amend and grant the UBS Defendants' motion to dismiss.

Dated:  New York, New York
        September 30, 2015

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Marshall R. King*
    Marshall R. King
    mking@gibsondunn.com
    Gabriel Herrmann
    gherrmann@gibsondunn.com
    200 Park Avenue
    New York, NY  10166-0193
    Telephone:  (212) 351-4000

*Attorneys for Defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A.*