UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FULLERTON CAPITAL PTE. LTD.,<br><br>Defendant. | Adv. Pro. No. 12-01004 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF FULLERTON CAPITAL PTE. LTD. IN SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION <u>FOR LEAVE TO AMEND HIS COMPLAINT</u>**

ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

*Attorneys for Fullerton Capital Pte. Ltd.*

Defendant Fullerton Capital Pte. Ltd. ("Fullerton") respectfully submits this supplemental reply memorandum of law in support of Fullerton's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his Complaint. Fullerton also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the 10 checked boxes for Fullerton in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons set forth in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Fullerton filed on January 5, 2012 ("Complaint" or "Compl.") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to Fullerton at issue in the Complaint occurred in the United States, and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry occurred in the United States.

### THE COMPLAINT MUST BE DISMISSED UNDER THE EXTRATERRITORIALITY DECISION

On July 6, 2014, Judge Rakoff entered an Opinion and Order in which he decided the

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015. The capitalized terms used herein are the same as those defined in the Consolidated Supplemental Reply.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Fullerton Capital Pte Ltd. filed on June 27, 2015.

consolidated motion to dismiss of the Transferee Defendants (including Fullerton) based on extraterritoriality. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (citation omitted; emphasis supplied). Judge Rakoff then returned the adversary proceedings against Fullerton and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Fullerton, the Trustee seeks to recover subsequent transfers in the amount of $10,290,445 that Fullerton allegedly received from Fairfield Sentry. Compl. ¶ 2. The Complaint alleges that Fairfield Sentry "is a British Virgin Islands ('BVI') company that is in liquidation in the BVI." Compl. ¶ 2. With respect to Fullerton—the transferee—the Trustee alleges that it "is a Singapore limited private company with its head office located at 60B Orchard Road, #06-18 Tower 2, The Atrium@Orchard, Singapore 238891." Compl. ¶ 22.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers from Fairfield Sentry at issue in the Complaint occurred in the United States.

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Fullerton Capital Pte Ltd.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint filed on June 27, 2015.

Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.[5]

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a)(2) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer seeks to recover a subsequent transfer in the amount of $10,290,445 that Fullerton allegedly received from Fairfield Sentry.[6] Proffer ¶ 2. The Proffer contains 48 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, the information disclosed in its private placement memorandum, or the terms and conditions of its subscription agreements. Fullerton is not mentioned in even half of the paragraphs of the Proffer. *See* Proffer ¶¶ 18, 20, 22, 24-48. Only two paragraphs provide any information about the alleged subsequent transfers. *See* Proffer ¶¶ 10-11 (alleging that Fullerton asked to and did receive a transfer from Fairfield Sentry into a U.S. bank account).

On the dispositive issue of where the transfer from Fairfield Sentry occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that

---

[5] Indeed, there are no material differences in the allegations relevant to extraterritoriality between the Complaint and the Trustee's complaint against CACEIS Bank Luxembourg and CACEIS Bank, which Judge Rakoff held must be dismissed under *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010), and principles of international comity. *See* Extraterritoriality Decision, 513 B.R. at 225-26.

[6] The Proffer alleges a single subsequent transfer, not subsequent "transfers" referenced in the Complaint. *Compare* Proffer ¶ 2, *with* Compl. ¶ 2.

- 3 -

Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, at 21 n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff already has ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York, or Fullerton's alleged account at Bank of New York, Proffer ¶ 11) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. Extraterritoriality Decision, 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfer from Fairfield Sentry to Fullerton occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and demonstrates why they are not relevant to the dispositive issue of where the transfers occurred. Fullerton adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore need not separately address further the allegations in the Proffer or the 10 categories the Trustee has checked off in the Chart for Fullerton.

## **CONCLUSION**

Fullerton respectfully requests that the Court dismiss the Trustee's Complaint against Fullerton with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to

- 5 -

Fullerton occurred in the United States.  The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to extraterritoriality do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: New York, New York
       September 30, 2015

                        ARNOLD & PORTER LLP

                        /s/ Kent A. Yalowitz
                        Kent A. Yalowitz
                        399 Park Avenue
                        New York, New York  10022
                        Telephone:  (212) 715-1000

                        *Attorneys for Defendant Fullerton Capital Pte. Ltd.*