**DENTONS US LLP**
D. Farrington Yates
Reid L. Ashinoff
Justin N. Kattan
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700

*Attorneys for EFG Bank S.A.*
*EFG Bank (Monaco) S.A.M.,*
*and EFG Bank & Trust Ltd. (Bahamas)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>   v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>EFG BANK S.A., f/k/a EFG Private Bank S.A., EFG BANK (MONACO) S.A.M. f/k/a EFG Eurofinancière d'Investissements S.A.M., and EFG BANK & TRUST (BAHAMAS) LIMITED, as successor-in-interest to Banco Atlántico (Bahamas) Bank & Trust Limited,<br><br>       Defendants. | Adv. Pro. No. 12-01690 (SMB)<br><br>**SUPPLEMENTAL REPLY MEMORANDUM OF EFG BANK S.A., EFG BANK (MONACO) S.A.M., AND EFG BANK & TRUST (BAHAMAS) LTD. IN FURTHER SUPPORT OF THE TRANSFEREE DEFENDANTS' MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION TO AMEND COMPLAINTS** |

EFG Bank S.A. ("EFG Bank"), EFG Bank (Monaco) S.A.M. ("EFG Monaco"), and EFG Bank & Trust (Bahamas) Ltd. ("EFG Bahamas," collectively, the "EFG Defendants") respectfully submit this supplemental reply memorandum of law in further support of the Transferee Defendants' Motion To Dismiss Based on Extraterritoriality (the "Motion To Dismiss"), and in opposition to the Trustee's Motion To Amend Complaints (the "Motion To Amend").[1]

## PRELIMINARY STATEMENT

Unable to refute the plain fact that the transfers *out* of the foreign feeder funds to the foreign EFG Defendants were inherently extraterritorial transactions to which §550 of the Bankruptcy Code cannot apply, the Trustee attempts in its Supplemental Memorandum[2] and Proffered Allegations to obfuscate the issue by focusing on domestic elements of the EFG Defendants' initial investment *into* the foreign feeder funds for further investment in BLMIS, and on the BLMIS fraud generally.[3] The Reply Consolidated Supplemental Memorandum of Law In Support of Transferee Defendants' Motion To Dismiss Based on Extraterritoriality (the

---

[1] By filing this Supplemental Reply, the EFG Defendants do not waive, and expressly reserve all rights, remedies, and defenses, including without limitation, all defenses based on lack of personal jurisdiction and insufficiency of process. Moreover, this Supplemental Reply is not intended to be an inclusive statement of the facts or agreements underlying the EFG Defendants' defenses, and nothing set forth in, or otherwise omitted from, this Supplemental Reply, should be construed as an admission or concession with respect to any question of fact or law in these or any other proceedings. The EFG Defendants expressly reserve the right to deny, contest, or otherwise challenge the original Complaint and the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to EFG Defendants (the "Proffered Allegations") at a later date, if necessary.

[2] The "Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend the Complaint filed on June 26, 2015.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality [D.I. 8903].

1

"Consolidated Reply Memorandum"), which the EFG Defendants expressly adopt and incorporate herein by reference, squarely addresses why the additional Proffered Allegations have no bearing on the Court's section 550(a) inquiry: *i.e.*, were the **redemption** payments from the foreign feeder funds to the foreign EFG Defendants domestic or foreign transfers.

The Trustee does not and cannot dispute that the only allegations contained in its original Complaint against the EFG Defendants that relate to the location of the transfers at issue are that both the transferor feeder funds and the EFG Defendants are foreign entities. (Complaint, ¶¶2, 25-27). Hoping to elude that dispositive fact, the Trustee's latest submissions focus on allegations that the EFG Defendants conducted due diligence related to their feeder fund investments and met with BLMIS and feeder fund executives through a U.S.-based affiliate and U.S.-based advisors, and used U.S. bank accounts in connection with their feeder-fund investments. Yet it is indisputable that Judge Rakoff was well aware of, *inter alia*, the foreign feeder funds' U.S. connections, the pre-transaction due diligence conducted in New York, and various transferees' use of U.S. bank accounts and affiliates. Judge Rakoff nonetheless ruled that none of those facts bear on the location of the transfers at issue.

Stripped of these irrelevant allegations and arguments, the Trustee cannot contest—and in fact the Complaint filed against the EFG Defendants and the Proffered Allegations **concede**— that "both the transferor and the [EFG Defendant] transferee[s] reside outside of the United States," and therefore "there is no plausible inference that the transfer[s] occurred domestically." *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 n.4 (S.D.N.Y.2014) (the "*Extraterritoriality Decision*"). Thus the Trustee's Complaint against the EFG Defendants does not allege facts sufficient to state a plausible claim that the transfers at

2

issue were domestic, and therefore it must be dismissed, and the Trustee's proposal to amend its Complaint against the EFG Defendants to include such allegations would be futile.

For all of the reasons set forth herein and in the Consolidated Reply Memorandum, the Transferee Defendants' Motion To Dismiss, in which the EFG Defendants expressly join, should be granted.

## BACKGROUND

As the Trustee's original Complaint against the EFG Defendants and its latest Proffered Allegations concede, none of the EFG Defendants are domestic entities:

- EFG Bank is a public limited company incorporated and organized under the laws of Switzerland, with its principal place of business in Switzerland. (Complaint, ¶25; Proffered Allegations, ¶6);

- EFG Monaco is incorporated and organized under the laws of Monaco, with its principal place of business in Monaco. (Complaint, ¶26; Proffered Allegations, ¶7);

- EFG Bahamas is a Bahamian company with its principal place of business in the Bahamas. (Complaint, ¶27; Proffered Allegations, ¶8).

The Trustee has likewise acknowledged that the transferor feeder funds were foreign entities. (*See, e.g.,* Complaint, ¶2; Proffered Allegations, ¶¶90, 112, 123 (admitting that Fairfield Sentry, Sigma, and Lambda, and Kingate were foreign entities)).

The Proffered Allegations reference EFG Capital, a U.S. entity based in Miami that is alleged to be an "indirect subsidiary of EFG International AG," allegedly the parent company of the EFG Defendants (Proffered Allegations, ¶¶9-10). However, the Trustee has not named EFG Capital as a defendant and does not allege that EFG Capital received any of the subsequent transfers that are the sole focus of the Trustee's action under Bankruptcy Code §550. As discussed below, EFG Capital's alleged activities in connection with the EFG Defendants' investments in or redemption requests made to the foreign feeder funds are irrelevant to the

3

question of whether the subsequent transfers between the foreign feeder funds and the EFG Defendants were domestic or foreign.

## ARGUMENT

I. **THE TRUSTEE FAILS TO ALLEGE SPECIFIC FACTS SUGGESTING THAT THE SUBSEQUENT TRANSFERS FROM THE FOREIGN FEEDER FUNDS TO THE EFG DEFENDANTS WERE "DOMESTIC TRANSFERS"**

The Trustee's original Complaint against the EFG Defendants contains no allegations concerning the location of the transfers at issue, other than to acknowledge that all parties involved were foreign. In a futile effort to remedy that failing, the Trustee's Proffered Allegations discuss various domestic aspects of the foreign feeder funds' (and BLMIS's) U.S. operations, and numerous alleged details of, the EFG Defendants' investments into the foreign feeder funds (for subsequent investment by the feeder funds into BLMIS), in the hope that this Court will consider these off-point allegations in lieu of "specific facts suggesting a domestic transfer" from the feeder funds to the EFG Defendants. *Extraterritoriality Decision*, 513 B.R. at 232 n.4. The allegations the Trustee levies against the EFG Defendants are largely the same as those it proffers against the other subsequent transferees—specifically that the foreign feeder funds were, in reality, domestic entities, and that the domestic nexus of the BLMIS fraud itself renders any and all subsequent transfers "domestic," and therefore subject to avoidance under Bankruptcy Code §550. For the reasons discussed at length in the Consolidated Reply Memorandum, the Trustee's attempt at misdirection regarding the BLMIS fraud generally and the foreign feeder funds' operations is without merit, and cannot morph the subsequent transfers between foreign entities at issue into domestic transactions.

While the EFG Defendants need not re-hash the Consolidated Reply Memorandum's arguments, there are two aspects of the Trustee's proffer against the EFG Defendants that warrant brief discussion here. First is the alleged involvement of EFG Capital—a U.S.-based,

4

non-defendant affiliate of the EFG Defendants—in the EFG Defendants' relationship with the foreign feeder funds (and thereafter BLMIS). Second is the Trustee's allegation that EFG Bank and EFG Bahamas used New York bank accounts to receive and process redemptions from the foreign feeder funds. Neither of these proffers contains any new alleged facts relevant to the sole question of whether the subsequent transfers at issue are domestic or foreign.

### A. EFG Capital's Alleged Involvement In The EFG Defendants' BLMIS Investment Is Not Relevant

The Trustee's claim that EFG Capital provided the EFG Defendants with "U.S. coverage" in connection with their BLMIS investments is entirely beside the point. None of these allegations alter the legal and economic reality that no transfers were received by EFG Capital, and that the transfers at issue were from one foreign entity to another, which is the only fact that matters.[4] *See Extraterritoriality Decision*, 513 B.R. at 227 ("under *Morrison*, the transaction being regulated by section 550(a)(2) is the transfer of property to a subsequent transferee").

The Trustee's allegations concerning EFG Capital which relate to the investment in the feeder-funds, not the subsequent redemption transfers made by the foreign feeder funds to the foreign EFG Defendants, are entirely irrelevant. (*See* Consolidated Reply Memorandum § II(B)(5)-(6), (8), (10)) (discussing the reasons why allegations concerning due diligence, use of U.S. agents or affiliates, relationships with feeder funds, and any incentive fees are not germane to the subsequent transfer analysis before the Court). Further, allegations by the Trustee about EFG Capital's performance of ministerial acts, such as signing various documents and collecting third-party research, (Proffered Allegations, ¶¶47-48), are simply not enough to make an

---

[4] Nevertheless, the EFG Defendants could, if it becomes necessary, refute the Trustee's Proffered Allegations, which are in many instances, flat-out wrong.

5

otherwise foreign transfer domestic. (Consolidated Reply Memorandum § II(B)(6); *see also Loginovskaya v. Batrachenko*, 764 F.3d 266, 275 (2d Cir. 2014) (affirming dismissal of Commodity Exchange Act and stating that "actions needed to carry out the transactions" at issue are distinct from "the transactions themselves" for purposes of assessing extraterritoriality); *In re Alstom SA Securities Litig.*, 741 F. Supp. 2d 469, 471-72 (S.D.N.Y. 2010) (dismissing securities fraud class action based on purchases of securities on foreign Euronext exchange, even though plaintiffs' purchases were "initiated in the United States," and rejecting plaintiffs' reliance on "where ministerial pre-purchase activities were directed"). Indeed, none of the Trustee's allegations regarding EFG Capital (or any other alleged U.S. agent) implicate the location of the contested transfers and therefore do not merit consideration here. (Consolidated Reply Memorandum § II(B)(6)) Notably, EFG Capital is not named as a defendant in this action, confirming the Trustee's acknowledgement that EFG Capital did not receive any of the challenged transfers from the feeder funds.

### B. EFG Bank's and EFG Bahamas' Alleged Use of U.S. Correspondent Bank Accounts Does Not Create Domestic Transfers

As set forth in the Consolidated Reply Memorandum, the Trustee's position that the use of U.S. bank accounts (correspondent or otherwise) somehow renders the transfers at issue domestic is not supported by the law of this case, or any other. (*See* Consolidated Reply Memorandum § II(B)(7).) While the Trustee alleges that EFG Bank and EFG Bahamas used U.S. bank accounts to facilitate transfers from the foreign feeder funds, (Proffered Allegations, ¶¶54, 55, 57, 65), the subsequent transfers at issue are not "domestic" simply because such accounts were used.[5]

---

[5] Moreover, the Trustee has not alleged that Defendant EFG Monaco used *any* U.S. bank account to receive or process redemption payments.

6

The use of correspondent accounts is compulsory for institutions engaged in international trade and finance. *See U.S. v. Davidson*, 175 F. App'x 399, 401 n.2 (2d Cir. 2006). Generally, where, as with the EFG Defendants, foreign banks do not maintain U.S. branches, those foreign banks must use U.S. correspondent accounts in order to facilitate dollar-denominated international wires. *See First Merch. Bank OSH, Ltd. v. Vill. Roadshow Pictures*, No. 01 Civ. 8370, 2002 WL 1423063, at *1 n.4 (S.D.N.Y. June 28, 2002); *see also Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries*, No. 03 Civ. 1681, 2004 WL 2199547, at *8 (S.D.N.Y. Sept. 29, 2004). The money that passes through these accounts is not, as a matter of law, the foreign bank's property. *First Merch. Bank*, 2002 WL 1423063, at *1 n.4 ("neither the originator who initiates payment nor the beneficiary who receives it holds title to the funds at the correspondent bank."). Consistent with this precedent, Judge Rakoff expressly stated that the use of correspondent accounts did **not** render foreign transactions domestic. *See Extraterritoriality Decision*, 513 B.R. at 228 n.1. Thus, while the Trustee suggests that EFG Bank and EFG Bahamas took custody of the funds transferred by the foreign feeder funds into their correspondent U.S. bank accounts, those funds merely passed through those accounts to their foreign recipients.

Moreover, even if the accounts at issue were not merely correspondent accounts, both *Cedeno v. Intech Group, Inc.*, 733 F. Supp. 2d 471 (S.D.N.Y. 2010), aff'd, 457 Fed. Appx. 35 (2d Cir. 2012), and *In re Midland Euro Exch. Inc.*, 347 B.R. 708, 715, 717 (Bankr. C.D. Cal. 2006), which Judge Rakoff cited in his decision, make clear that the use of U.S. bank accounts does not make otherwise foreign transfers domestic. (*See* Consolidated Reply Memorandum § II(B)(7); *see also Loginovskaya*, 764 F.3d at 275 (rejecting argument that transfer of funds to bank accounts in New York were relevant for extraterritoriality purposes).

7

### C.    The Trustee Makes No Allegations That Transfers Made To EFG Monaco Were Domestic, And Therefore The Claims Against EFG Monaco Must Be Dismissed

While the Trustee makes a cursory attempt to tie the transfers made to EFG Bank and EFG Bahamas to the United States through those defendants' alleged use of U.S. bank accounts to facilitate redemption payments, the Trustee makes no such allegations concerning the transfers to EFG Monaco. In fact, nothing in the Proffered Allegations speaks to the location of the transfers received by EFG Monaco. Rather, the Trustee makes only a generalized proffer concerning EFG Monaco's alleged use of a U.S. affiliate and/or agent, meetings with Madoff and the feeder-fund employees, and a New York based relationship with the feeder funds. (*See* Proffered Allegations, ¶¶59-65, 78-85.) Therefore, as to EFG Monaco, the Trustee's proffer does not satisfy Judge Rakoff's requirement that it come forward with "***specific facts*** suggesting a domestic transfer."

The Trustee admits that Fairfield Sentry and Kingate were foreign entities. (*See* Complaint, ¶2; Proffered Allegations, ¶¶90, 123); *see also Extraterritoriality Decision*, 513 B.R. at 225-28 (noting that the contested transactions, some of which were transfers from Fairfield Sentry, were "thoroughly foreign"). The Trustee admits that EFG Monaco is a foreign entity. (*See* Complaint, ¶26; Proffered Allegations, ¶ 7.) And the Trustee alleges that EFG Monaco received transfers from Fairfield Sentry and Kingate. (*See* Proffered Allegations, ¶¶58, 78.) The Trustee alleges no facts stating or suggesting that redemptions paid to EFG Monaco were domestic in any respect. Indeed, the Trustee does not even allege that EFG Monaco used U.S. bank accounts to receive the transfers (however deficient such an allegation may be).

## II. THE ALLEGATIONS CONCERNING BANCO ATLÁNTICO ARE NOT SUFFICIENT TO RENDER THE TRANSFERS AT ISSUE DOMESTIC

The Trustee alleges—erroneously—that EFG Group "acquired" Banco Atlántico in 2005 (Proffered Allegations, ¶¶ 11, 21, 42), and that, years earlier, Banco Atlántico had met with Madoff and Fairfield executives, executed subscription agreements with Sentry and Sigma, and directed redemptions from Sentry to U.S. bank accounts. (Proffered Allegations, ¶¶67-69, 73, 77). First of all, for the reasons discussed above and in the Consolidated Reply Memorandum, Banco Atlántico's pre-redemption activities, and alleged use of U.S. bank accounts in connection with feeder fund redemptions, do not make the transfers at issue domestic. (See Consolidated Reply Memorandum §§ II(B)(5)-(8), (10)). Furthermore, even if the Proffered Allegations concerning Banco Atlántico were relevant, if necessary, the EFG Defendants will prove that EFG Bahamas did not "acquire" Banco Atlántico, such that it can be held responsible for Banco Atlántico's conduct in connection with its investment in BLMIS via the foreign feeder funds. Banco Atlántico is still an extant entity, albeit in liquidation. *Fairfield Sentry Ltd. et al. v. Banco Atlántico (Bahamas) Bank & Trust Ltd. et al.*, Adv. Pro. No. 10-03783 (SMB) (Bankr. S.D.N.Y. June 8, 2012) ECF No. 16 (opposition filed in a Fairfield-related adversary proceeding by Banco Atlántico's liquidator stating that same is subject to an ongoing voluntary liquidation commenced by its shareholders).

## CONCLUSION

For all of the reasons set forth above, in the Opening Memorandum, and the Consolidated Reply Memorandum, the EFG Defendants respectfully request that the Court (i) dismiss, with prejudice, the claims against the EFG Defendants, (ii) deny the Trustee's Motion to Amend with respect to the EFG Defendants, and (iii) grant such other and further relief as the Court deems just and proper.

9

Dated: September 30, 2015
New York, New York

**DENTONS US LLP**

 /s/ D. Farrington Yates
D. Farrington Yates
(farrington.yates@dentons.com)
Reid L. Ashinoff
(reid.ashinoff@dentons.com)
Justin N. Kattan
(justin.kattan@dentons.com)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700

*Attorneys for EFG Bank S.A.*
*EFG Bank (Monaco) S.A.M.,*
*and EFG Bank & Trust Ltd. (Bahamas)*