**Flemming Zulack Williamson Zauderer LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 412-9550
Facsimile: (212) 964-9200

*Attorneys for SocGen Nominees (UK) Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), *et al.* | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF
SOCGEN NOMINEES (UK) LIMITED IN FURTHER SUPPORT OF ITS MOTION
TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO
THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant SocGen Nominees (UK) Limited ("SG UK") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. SG UK also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply,[1] in particular the arguments and grounds relating to the checked boxes for SG UK in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against SG UK filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to SG UK occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfers occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Societe Generale Private Banking (Suisse) S.A. et al. filed on June 29, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including SG UK) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against SG UK and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint, the Trustee seeks to recover two subsequent transfers that SG UK allegedly received from Fairfield Sentry in 2004. Complaint, ¶¶ 10, 73; and Exhibit E thereto. The Complaint alleges that Fairfield Sentry—the purported transferor—is a British Virgin Islands ("BVI") company currently in liquidation in the BVI. Complaint, Exhibit A (Amended Complaint in *Picard v. Fairfield Sentry Limited, et al.,* No. 09-01239 (SMB)), ¶¶ 22, 32).[4] With respect to SG UK—the purported transferee—the Trustee alleges as follows:

> SG UK is a limited company organized under the laws of the United Kingdom, and its registered address is c/o Group Legal at SG House, 41 Tower Hill, London, United Kingdom, EC3N 4SG.

Complaint, ¶ 10.

---

[4] Exhibit A is incorporated by reference into the Complaint. Complaint, ¶ 67.

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers at issue in the Complaint occurred in the United States.  Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile.  The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers from Fairfield Sentry he seeks to recover occurred within the United States.  The Proffer contains no such allegations.

The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry and related funds had their principal operations in the United States, and that the operations of another fund, Kingate Global Fund Ltd., were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements.  Only 1 of the 95 paragraphs specifically mentions SG UK (Proffer ¶ 8 ("[Société Générale] is or was at all relevant times the parent or ultimate parent of . . . SG UK . . . .")).  Another 14 of the 95 paragraphs use terms or phrases such as "Defendants," "Fairfield Invested Defendants" and "Societe Generale group of companies" to refer to SG UK indirectly with some or all of the other named defendants with respect to *allegations concerning investments in Fairfield Sentry*

---

[5] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend  Complaints, filed on June 29, 2015.

3

*and other funds, including allegations concerning due diligence, rather than with respect to the alleged transfers whose location is relevant to this motion* (Proffer ¶¶ 4, 12-15, 17, 18, 20, 21, 24-28).  The Proffer provides no information about the alleged subsequent transfer from Fairfield Sentry to SG UK, except a conclusory "information and belief" allegation that SG UK, as one of the "remaining Fairfield Invested Defendants", used a bank account at the New York branch of Societe Generale, S.A. to receive redemption payments (Proffer ¶ 22).

On the dispositive issue of where the transfers occurred, the Proffer is deliberately silent.  The Trustee does not and cannot allege that Fairfield Sentry made the transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch.  *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI.  Investors wired funds to Fairfield's account at Citco Bank in Ireland  . . . .").  And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of U.S. accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer.  513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to SG UK occurred in the United States.  The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart.  The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the

4

dispositive issue of where the transfers occurred.  SG UK adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the 12 categories the Trustee has checked off for it in the Chart.

### Conclusion

SocGen Nominees (UK) Limited respectfully requests that the Court dismiss the Trustee's Complaint as against it with prejudice and without leave to amend.  The Complaint against SocGen Nominees (UK) Limited should be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry to SocGen Nominees (UK) Limited occurred in the United States.  The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated:  New York, New York
        September 30, 2015

                                              FLEMMING ZULACK WILLIAMSON
                                              ZAUDERER LLP

                                              /s/ John F. Zulack
                                              John F. Zulack
                                              One Liberty Plaza
                                              New York, New York  10006
                                              Telephone:  (212) 412-9500

                                              *Attorneys for Defendant SocGen Nominees (UK) Limited*

5