**MCKOOL SMITH, P.C.**
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

*Counsel for Bank Julius Baer & Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
SECURITIES INVESTOR PROTECTION : Adv. Pro. No. 08-1789 (SMB)
CORPORATION, :
: SIPA LIQUIDATION
Plaintiff-Applicant, :
: (Substantively Consolidated)
v. :
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
Defendant. :
------------------------------------------------------------X
In re: :
:
BERNARD L. MADOFF, :
:
Debtor. :
------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation : Adv. Pro. No. 11-2922 (SMB)
of Bernard L. Madoff Investment Securities LLC, :
and Bernard L. Madoff, :
:
Plaintiff, :
:
v. :
:
BANK JULIUS BAER & CO. LTD., :
:
Defendant. :
------------------------------------------------------------X

**SUPPLEMENTAL REPLY OF BANK JULIUS BAER & CO. LTD.**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**
**BASED UPON EXTRATERRITORIALITY AND**
**IN OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT**

1124107

Defendant Bank Julius Baer & Co. Ltd. ("BJB") respectfully submits this supplemental reply in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. BJB also joins and incorporates in full the consolidated reply in support of the transferee defendants' motion to dismiss based upon extraterritoriality (the "Consolidated Reply").[1]

In his ruling on extraterritoriality, which addressed motions to dismiss the Trustee's claims to recover subsequent transfers from numerous defendants, including BJB, Judge Rakoff held that "the relevant transfers and transferees are predominantly foreign: foreign feeder funds transferring assets abroad to their foreign customers and other foreign transferees." *SIPC v. Bernard L. Madoff Inv. Secs., Inc.*, 513 B.R. 222, 227 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). That is certainly the case with respect to BJB, as the alleged transfers were made by British Virgin Island funds to BJB, a Swiss financial institution. Judge Rakoff further held that unless the Trustee put forth specific facts suggesting a domestic transfer, the recovery actions must be dismissed. *Id.* at 232 n. 4. Despite his attempts, the Trustee has failed to meet that burden, as his newly proffered allegations with respect to BJB (Adv. No. 11-2922) ("Proffered Allegations") [ECF No. 74], have virtually nothing to do with the subsequent transfers at issue. For the reasons set forth in the Consolidated Reply and below, the Trustee's complaint against BJB[2] should be dismissed, and the Trustee's motion for leave to amend should be denied.

The Trustee does not even attempt to argue that the existing Complaint survives the

---

[1] The Consolidated Reply refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, filed on September 30, 2015, in accordance with the Order Concerning Further Proceedings on Extraterritoriality Motion (the "Order") entered in *SIPC v. BLMIS (In re Madoff Sec.)*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 10, 2014) [ECF No. 8800], as modified. In accordance with the Order, BJB does not waive, and expressly reserves, all rights, remedies and defenses, including, without limitation, all defenses based on lack of personal jurisdiction and all defenses that may be asserted under Fed. Rule of Civ. Proc. 12(b), made applicable by Fed. R. Bankr. Proc. 7012. BJB does not waive its rights to have final orders entered by the U.S. District Court for the Southern District of New York. Nor does BJB waive or release its rights to (i) move to withdraw the reference or (ii) request a jury trial.

[2] *See* Complaint against *Bank Julius Baer & Co. Ltd.* (Adv. Proc. No. 11-2922 (SMB) (the "Complaint") [ECF No. 1].

Extraterritoriality Decision and, therefore it must be dismissed. The Trustee's motion for leave to amend should also be denied because the amendment would be futile. None of the Proffered Allegations contain specific facts that would render "these otherwise thoroughly foreign subsequent transfers" into domestic ones. *Extraterritoriality Decision*, 513 B.R. at 228. Indeed, the Trustee's proffer primarily contains allegations about the background and operations of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Fairfield Funds, none of which concern BJB in particular. The allegations that do relate specifically to BJB have almost nothing to do with the actual transfers the Trustee seeks to recover.

## I.     The Existing Complaint Should Be Dismissed

In the single count Complaint, the Trustee seeks to recover from BJB over $37 million in subsequent transfers allegedly received from three Madoff feeder funds, namely Fairfield Sentry, Fairfield Sigma, and Fairfield Lambda (collectively, the "Fairfield Funds"). Complaint, ¶2. Fairfield Sentry invested directly with BLMIS, while Fairfield Sigma and Fairfield Lambda invested in Fairfield Sentry. *Id.* According to the Complaint, Fairfield Sentry is a British Virgin Islands ("BVI") company that is in liquidation in the BVI, as are Fairfield Sigma and Fairfield Lambda. *Id.* The Trustee alleges that "BJB is a Swiss limited company engaged in private client banking and maintaining a place of business at Bahnhofstrasse 36, 8001 Zurich, Switzerland." Complaint, ¶21. Accordingly, the alleged transfers were made either from a BVI fund to a Swiss bank or from one BVI fund to another BVI fund and then to a Swiss bank. In both cases, the transfers between foreign entities are precisely the type of transactions Judge Rakoff held were extraterritorial. *Extraterritoriality Decision*, 513 B.R. at 227-228. The Trustee does not dispute that the existing Complaint lacks the allegations necessary to give rise to a plausible inference that the transactions occurred within the United States and, therefore, the Extraterritoriality Decision mandates that the Complaint be dismissed.

2

**II.     The Trustee's Motion for Leave to Amend the Complaint Should be Denied**

In the Extraterritoriality Decision, Judge Rakoff recognized that "'it is a rare case of prohibited extraterritorial application that lacks <u>all</u> contact with the territory of the United States.'" *Extraterritoriality Decision*, 513 B.R. at 227 (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2884 (2010)).  Therefore, despite the Trustee's assertion, the transfers need not be "purely foreign" and simply alleging some domestic conduct, as the Trustee does here, is not enough.  *Id.*   The Trustee must allege specific facts demonstrating that the transfers themselves were domestic.  The Trustee's proffer as to BJB contains 64 paragraphs of additional allegations, but none contain any details about the transfers or suggest that the specific transfers occurred in the United States.   Indeed, notwithstanding the Proffered Allegations, the transactions remain straightforward transfers between foreign entities.

In the Trustee's Addendum concerning BJB[3], the Trustee argues that the subsequent transfers are not extraterritorial based on the following five allegations: (1) BJB knew the Fairfield Funds invested with BLMIS in New York; (2) BJB agreed to New York law and submitted to the jurisdiction and venue in connection with the investments in the Fairfield Funds; (3) BJB's New York office conducted due diligence on the Fairfield Funds, other Feeder Funds, and BLMIS; (4) BJB utilized New York bank accounts in connection with its Fairfield Sentry investments; and (5) the Fairfield Funds were principally operated in New York.  Trustee's Addendum 2-3.  Yet even if such allegations were true (which BJB assumes solely for the present motions), they do not raise a plausible inference that the subsequent transfers were domestic.  As addressed in detail in the Consolidated Reply, the Trustee's proposed amendments miss the mark, focusing primarily on connections that BLMIS and the Fairfield Funds have to the United States rather than on the transfers the Trustee seeks to recover.  To the extent the

---

[3] *See Addendum to the Trustee's Opposition on the Extraterritoriality Issue for Julius Baer & Co. Ltd.* (Adv. Proc. No. 11-2922 (SMB) (the "Trustee's Addendum") [ECF No. 73].

Trustee's proffer contains allegations about BJB, they relate almost exclusively to what BJB did in advance or at the time of the initial investments in the Fairfield Funds, long before the subsequent transfers were made. The proffer noticeably lacks any detail about how or where the subsequent transfers were conducted.

First, BJB's alleged knowledge that the Fairfield Funds' assets were invested with BLMIS has nothing to do with the location of the transfers. Judge Rakoff expressly held that the fact that "the chain of transfers originated with Madoff Securities in New York…is insufficient to make recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a)." *Extraterritoriality Decision*, 513 B.R. at 228.

Second, that BJB may have entered into subscription agreements governed by New York law similarly has nothing to do with redemptions or where they occurred. *Fairfield Sentry Ltd. (in Liquidation) v. Migani*, [2014] UKPC 9, ¶10, 2014 WL 1219748. Again, Judge Rakoff already considered the same allegation in his review of the CACEIS complaint, and held that the transfers from Fairfield Sentry were extraterritorial even though that complaint alleged that the defendant entered into subscription agreements governed by New York law. *Extraterritoriality Decision*, 513 B.R. at 232; *see also CACEIS Compl.*, No. 11-02758 [ECF No. 1].

Third, BJB's alleged due diligence of Madoff and Madoff feeder funds provides background regarding the decision on whether to invest, but does not bear on the redemptions made years later. Not surprisingly, just as with the other allegations, the Trustee does not allege or argue any specific connection between the due diligence and the subsequent transfers at issue.[4]

Fourth, BJB's alleged use of New York bank accounts is the only allegation that arguably relates to the subsequent transfers, but nevertheless does not give rise to an inference that the

---

[4] The Trustee alleges that BJB invested in other Madoff feeder funds in addition to the Fairfield Funds. Proffered Allegations ¶27. However, the Proffered Allegations are irrelevant as they contain no detail about the alleged investments and the only transfers the Trustee seeks to recover remain those from the Fairfield Funds.

4

transfers occurred in the United States. The allegation only relates to Fairfield Sentry, and, therefore, says nothing about the transfers from Fairfield Sigma or Fairfield Lambda. Proffered Allegations ¶30. Nor does the allegation include specific facts about where any of the transfers originated or ended. Moreover, Judge Rakoff held that the use of U.S. bank accounts, including correspondent accounts, was insufficient to make the foreign transfers domestic. *Extraterritoriality Decision*, 513 B.R. at 228.

Finally, whether the Fairfield Funds were primarily operated in New York is also irrelevant. The Trustee devotes over half of his newly Proffered Allegations to this issue, Proffered Allegations ¶¶31-64, but, as with all of the other allegations, the Trustee fails to demonstrate any link between the background regarding the management and general operations of the Fairfield Funds and the location of the transfers.

The Trustee does not specifically address a single one of the transfers he seeks to recover, how it was initiated or executed, by whom, when, where, or any other detail. Accordingly, the Trustee has failed to put forth specific facts to meet his burden of showing that the transfers are not extraterritorial.

### III. BJB's Motion to Dismiss Should be Granted and the Trustee's Motion for Leave to Amend Should be denied Based on Comity

Even if the Trustees Proffered Allegations did raise a plausible inference that the transfers were domestic, the proposed amendment would still be futile. For the reasons set forth in the Consolidated Reply, the Complaint should be dismissed and the Trustee's motion to amend should be denied on comity grounds.

### CONCLUSION

For the foregoing reasons and the reasons more fully set forth in the Consolidated Reply, BJB's motion to dismiss based on extraterritoriality should be granted, the Trustee's motion for leave to amend should be denied, and the Complaint should be dismissed with prejudice.

5

Dated: New York, New York
September 30, 2015

                        Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:   /s/ Eric B. Halper
John P. Cooney, Jr.
jcooney@mckoolsmith.com
Eric B. Halper
ehalper@mckoolsmith.com
Michael R. Carney
mcarney@mckoolsmith.com
Virginia Weber
vweber@mckoolsmith.com

One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

*Counsel for Bank Julius Baer & Co. Ltd.*

6