SIDLEY AUSTIN LLP
Alan M. Unger
Bryan Krakauer (*pro hac vice*)
Andrew P. Propps
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
aunger@sidley.com
bkrakauer@sidley.com
apropps@sidley.com

*Attorneys for KBC Investments Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>KBC INVESTMENTS LIMITED,<br><br>    Defendant. | Adv. Pro. No. 11-02761 (SMB) |

**KBC INVESTMENTS LIMITED'S SUPPLEMENTAL REPLY**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
<u>**DISMISS BASED ON EXTRATERRITORIALITY**</u>

Defendant KBC Investments Ltd. ("KBC") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss all claims against it and in opposition to the Trustee's motion for leave to amend his complaint. KBC incorporates in full the arguments set forth in the *Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality* (Adv. Pro. No. 08-01789 (SMB), ECF No. 11542; Adv. Pro. No. 11-02761 (SMB), ECF No. 66) (the "Defendants' Supplemental Reply Memorandum").

For the reasons explained in the Defendants' Supplemental Reply Memorandum and below, the Trustee's Complaint should be dismissed, with prejudice and without leave to amend, because (1) the Complaint contains no allegations giving rise to a plausible inference that the alleged subsequent transfers from Harley International (Cayman) Ltd. ("Harley") to KBC occurred in the United States, and so the Trustee's recovery under section 550(a) of title 11 of the United States Code (the "Bankruptcy Code") would require an impermissible extraterritorial application of that section, (2) the allegations contained in the *Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Defendant KBC Investments Limited* (ECF No. 62) (the "Proffer") do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States, and so amendment would be futile, and (3) the principles of comity require dismissal.

## ARGUMENT

**I.    The Existing Claims to Recover Subsequent Transfers from KBC should be dismissed.**

Judge Rakoff, determining the Transferee Defendants' (including KBC) consolidated motion to dismiss based on extraterritoriality, held:

> [I]t is the Trustee's obligation to allege facts giving rise to the plausible inference that the transfer occurred within the United States. Here, to the extent that the

> Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*SIPC v. Madoff*, 513 B.R. 222, 232 n.4 (S.D.N.Y. 2014) (the "*Extraterritoriality Decision*") (internal quotations omitted).

In his Complaint, the Trustee seeks to recover over $110 million that KBC allegedly received as a subsequent transferee from Harley. Complaint ¶ 2. The Complaint alleges that Harley was "organized under the laws of the Cayman Islands." The Complaint also alleges that KBC "is a private limited company and a subsidiary of KBC Bank NV and is located at 111 Old Broad Street, London, EC2N 1AP, United Kingdom." Complaint ¶ 21. Thus, the Trustee's Complaint alleges that both the transferor (Harley) and the transferee (KBC) "reside outside of the United States." *Extraterritoriality Decision*, 513 B.R. at 232 n.4.

In neither his *Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints* (ECF No. 60) (the "Memorandum") nor his *Supplemental Memorandum of Law in Opposition to Defendant KBC Investments Limited's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints* (ECF No. 61) (the "Supplemental Memorandum") does the Trustee even attempt to show that his Complaint against KBC meets the requirements set forth by Judge Rakoff. In neither filing does he demonstrate that the allegations in the Complaint give rise to a plausible inference that the transfer occurred domestically. 513 B.R. at 532 n.4. Therefore, the Trustee has not satisfied his burden, and for the reasons explained in the Section I of the Defendants' Supplemental Reply Memorandum, the Complaint should be dismissed in its entirety.

II. **The Trustee's Motion to Amend Should be Denied Because the Proposed Amendments Would be Futile.**

The Trustee's proffered allegations show that amending his Complaint would be futile, and the Trustee should not be permitted to amend. The Trustee's Complaint can only survive dismissal if he makes allegations sufficient to show that his claims do not depend on the extraterritorial application of section 550(a) of the Bankruptcy Code – which would be allegations that suggest that the transfer or transfers from Harley to KBC that he seeks to recover occurred within the United States. Even if the Trustee were to amend his Complaint by adding the allegations in the Proffer, his claims still would require the extraterritorial application of section 550(a).[1]

The Proffer states that the Trustee seeks to recover alleged subsequent transfers from Harley to KBC in the amount of at least $196 million.[2] The vast majority of the Proffer's 59 paragraphs relate to the Trustee's new theory that Harley had its principal place of business in the United States, KBC's use of affiliates' connections with the United States to manage its investments, KBC's investment activity unrelated to the transfers it allegedly received from BLMIS through Harley, or BLMIS's own activity in the United States. Only two of the 59 paragraphs provide any information about the alleged transfers from Harley to KBC. *See* Proffer ¶¶ 18 (KBC "used New York bank accounts to transfer money to and from Harley."), 20 (KBC "used a[n] HSBC Bank USA account in New York to receive transfers from Harley. Harley redemption confirmations indicate that [KBC] directed all of its Harley redemption payments— totaling four payments over a ten month period—to this HSBC Bank USA account in New

---

[1] Many of the allegations in the Proffer are untrue or misleading; accepting them as true solely for purposes of this motion, however, the allegations do not support a conclusion that the Trustee's recovery of the alleged subsequent transfers from Harley to KBC would not be an extraterritorial application of section 550(a) of the Bankruptcy Code.

[2] Unlike the Complaint, which identified the date of an alleged $110 million transfer from Harley to KBC (Complaint Ex. C), the Proffer does not contain any detail of the date or amount of any particular transfer.

3

York."). The Trustee fails to allege where the transfers from Harley to KBC actually occurred, alleging only that bank accounts in the United States were "used." He never alleges that the funds transferred by Harley to KBC started their journey in the United States or ended their journey in the United States. Under the *Extraterritoriality Decision*, the Trustee's allegation of mere use of correspondent bank accounts in the United States for the processing of dollar-denominated transfers is insufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

None of the Trustee's proffered allegations give rise to a plausible inference that the alleged subsequent transfers from Harley to KBC occurred in the United States. The proffered allegations against KBC – which the Trustee classifies in ten of nineteen categories in his chart annexed to the Memorandum as Exhibit 2 – are the same as or very similar to allegations made in the other adversary proceedings in which this Court is considering a motion to dismiss on the grounds of extraterritoriality. For the reasons explained in Section II of the Defendants' Supplemental Reply Memorandum, none of these nineteen categories is relevant to the determination of where the alleged subsequent transfers occurred, and the addition of each and every proffered allegation will not save the Trustee's Complaint from dismissal. The Trustee's motion for leave to amend the Complaint should be denied.

**III.    The Trustee's Claims Should Be Dismissed, and His Motion to Amend Should Be Denied, Based On Comity.**

Even if extraterritoriality were not a concern as to the Trustee's recovery of the alleged subsequent transfers from Harley to KBC, the principles of comity would require dismissal of the Complaint without leave to amend. Judge Rakoff concluded that "the Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity." *Extraterritoriality Decision*, 513 B.R. at 231. Indeed, "[t]he Second Circuit has

4

previously stated that comity is especially important in the context of the Bankruptcy Code." *Id.* at 231-32 (internal quotation omitted). Judge Rakoff singled Harley out, alongside Fairfield Sentry, as being one of the feeder funds "currently involved in their own liquidation proceedings in their home countries," *id.* at 232, and concluded that such "foreign jurisdictions [here, the Cayman Islands] have a greater interest in applying their own laws than does the United States." *Id.* Judge Rakoff's decision makes clear that this adversary proceeding must be dismissed; to the extent that the Trustee disagrees with Judge Rakoff's decision, he is free to address that disagreement on appeal to the Second Circuit, but this Court is bound by the decision.

For these reasons, and the reasons explained in Section III of the Defendants' Supplemental Reply Memorandum, the Complaint should be dismissed, and the Trustee's Motion to Amend should be denied, based on comity.

## CONCLUSION

KBC respectfully requests that the Court dismiss the Trustee's Complaint against KBC with prejudice and without leave to amend.

Dated: New York, New York
      September 30, 2015

Respectfully submitted,

*/s/ Alan M. Unger*
Alan M. Unger
Bryan Krakauer (*pro hac vice*)
Andrew P. Propps
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
aunger@sidley.com
bkrakauer@sidley.com
apropps@sidley.com

*Attorneys for KBC Investments Ltd.*

5