**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

    v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

        Defendant.

SIPA Liquidation
No. 08-01789-SMB
(Substantively Consolidated)

------------------------------------------------x

In re

BERNARD L. MADOFF,

        Debtor.

------------------------------------------------x

IRVING H. PICARD, Trustee for the Liquidation of Bernard L.
Madoff Investment Securities LLC,

        Plaintiff,

    v.

STANDARD CHARTERED FINANCIAL SERVICES
(LUXEMBOURG) S.A., as represented by its liquidator Hanspeter
Krämer, f/k/a AMERICAN EXPRESS FINANCIAL SERVICES
(LUXEMBOURG) S.A. and f/k/a AMERICAN EXPRESS BANK
(LUXEMBOURG) S.A., *et al.*,

        Defendants.

Adv. No. 12-01565-SMB

------------------------------------------------x

**STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A.'s**
**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**
**AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND**

September 30, 2015

## PRELIMINARY STATEMENT

Standard Chartered Financial Services (Luxembourg) S.A. ("SCFS"), formerly American Express Financial Services (Luxembourg) S.A., respectfully submits this supplemental reply in support of its motion to dismiss all claims against it under Section 550(a) of the Bankruptcy Code. SCFS adopts and incorporates the arguments set forth in the Transferee Defendants' Reply Consolidated Supplemental Memorandum ("Transferee Defendants' Reply"), including all arguments for dismissal on the basis of comity. The Trustee has failed to plead facts in the complaint in this adversary proceeding, or in his further proffer of proposed allegations,[1] that could give rise to a plausible inference that any alleged transfers from Fairfield Sentry Ltd. ("Sentry"), Fairfield Sigma Ltd. ("Sigma") or Kingate Global Fund Ltd. ("Kingate") to SCFS occurred within the United States.

## ARGUMENT

### I.   The Trustee's Complaint and Proffer Fail To Plead That Any of the Alleged Transfers to SCFS from Sentry, Sigma or Kingate Occurred Within the United States.

As Judge Rakoff held, "it is the Trustee's obligation to allege 'facts giving rise to the plausible inference that' the transfer occurred 'within the United States'" and "to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically." *SIPC* v. *Madoff*, 513 B.R. 222, 232 n.4 (S.D.N.Y. 2014) (the "*Extraterritoriality Decision*"). Here, the Trustee's complaint fails to create any plausible inference that any alleged transfers that SCFS received from Sentry, Sigma or Kingate occurred within the United States. To the contrary, the

---

[1]   *See* Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to SCFS (the "Trustee's Proffer" or "Tr. Proffer"), *Picard* v. *Standard Chartered Financial Services (Luxembourg) S.A.*, Adv. No. 12-1565-SMB (Bankr. S.D.N.Y. June 27, 2015), ECF No. 91.

Trustee's allegations establish that all of the alleged transfers to SCFS were foreign. Moreover, the additional allegations in the Trustee's Proffer do not address the location of the transfers that SCFS allegedly received, and therefore cannot save the Trustee's claims to recover those transfers. The Trustee's claims to recover transfers from SCFS must be dismissed and the Trustee's proposed amendments would be futile.

A.    **All Claims Against SCFS Must Be Dismissed Because the Complaint Fails To Allege That Any Alleged Transfers from Sentry, Sigma or Kingate to SCFS Occurred Domestically.**

As an initial matter, the current complaint against SCFS must be dismissed under Judge Rakoff's *Extraterritoriality Decision* because "[h]ere, the relevant transfers and transferees are predominately foreign:  foreign feeder funds transferring assets abroad to their foreign customers and other foreign transferees." 513 B.R. at 227. Specifically, according to the Trustee's own allegations, Sentry and Kingate "are . . . British Virgin Islands ('BVI') companies that are in liquidation in the BVI."[2] (Compl. ¶ 2, ECF No. 1.) Further, the Trustee alleges that those foreign feeder funds made transfers to SCFS, a Luxembourg *société anonyme* organized and incorporated under the laws of Luxembourg, and in liquidation in that country. (Compl. ¶ 24.) Because the Trustee's allegations establish that both the transferors and the transferee resided abroad, the Trustee's claims to recover those transfers from SCFS would require an impermissible extraterritorial application of Section 550(a)(2). 513 B.R. at 227. The Trustee's Supplemental Memorandum of Law in Opposition to SCFS's Motion to Dismiss ("Tr. Supp. Mem.") does not argue otherwise, and thus all claims against SCFS pleaded in the current complaint must be dismissed.

---

[2]    The Trustee does not seek to recover transfers from Sigma in the current complaint, although he adds allegations concerning Sigma transfers in the Trustee's Proffer.

**B.  Leave To Amend Should Be Denied Because the Trustee's Proffered Allegations Fail To Plausibly Plead That SCFS Received Any Transfers Domestically.**

In addition, the Trustee's proffered amendments would be futile because none of the new allegations would create any inference that the actual transfers the Trustee seeks to recover from SCFS occurred within the United States.  Indeed, most of the Trustee's proffered allegations concerning purported connections to the U.S. are identical or substantially identical to those made against numerous other defendants in other adversary proceedings, and are irrelevant to the question of whether any alleged subsequent transfers to SCFS were domestic for all of the reasons set forth in the Transferee Defendants' Reply.  Moreover, the Trustee's proposed allegations about SCFS's U.S.-based affiliates Standard Chartered International (USA) Ltd. ("SCI") and/or Standard Chartered Bank International (Americas) Ltd. ("SCBI") are also irrelevant.

*First*, the Trustee's allegations that SCI "sponsored" the relationship with Sentry, Sigma and Kingate, and that SCFS "merely provided back-office operations and only nominally held BLMIS Feeder Fund shares" (Tr. Supp. Mem. 2), does not mean that the Trustee can simply ignore that the actual *transfers* he seeks to recover occurred between foreign entities; namely, Sentry, Sigma and Kingate, on the one hand, and  SCFS, on the other.  *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 168-169 (2d Cir. 2015) (holding that extraterritorial conduct of a foreign subsidiary cannot be imputed to a domestic parent company for purposes of determining whether an application of a statute is domestic).

*Second*, the Trustee's suggestion that SCI or SCBI may have received transfers because SCI "use[d] SCFS as the nominee to purchase shares in the BLMIS Feeder Funds as an administrative matter" (Tr. Supp. Mem. 3), finds no support in the Trustee's own proffered allegations.  Instead, the Trustee alleges that SCFS purchased and redeemed feeder fund shares on

behalf of *clients* of SCI's "private banking platform," not for SCI or SCBI themselves.  (Tr. Proffer

¶¶ 17, 35-41.)  None of those private banking clients are alleged to have received transfers in the

U.S.  Indeed, under federal law, SCFS's U.S. affiliates—SCBI and SCI—did not offer securities

within the U.S. because, with limited exception, "no Edge or agreement corporation [like SCBI

and SCI, respectively] . . . may engage in the business of underwriting, distributing, or buying or

selling securities in the United States."  12 C.F.R. § 211.6(a)(6)(iv) (emphasis added).  This is

because Edge Act banks like SCBI have a limited purpose of "engaging in *international or*

*foreign banking* or other international or foreign financial operations  . . . either directly or

through the agency, ownership or control of local institutions in foreign countries."  12 U.S.C.

§ 611 (emphasis added).  *See also Am. Int'l Group, Inc.* v. *Bank of Am. Corp.*, 712 F.3d 775, 779

(2d Cir. 2013) ("[T]he [Edge] Act authorized the creation of banking corporations chartered by

the Federal Reserve Bank . . . which could *engage in offshore banking operations* freed from

regulatory barriers imposed by state banking commissioners that hindered other U.S. banks in

efforts to compete with foreign banks.") (emphasis added).

   Finally, the Trustee's allegations that SCBI clients that invested in Sentry and

Sigma have sued SCBI and SCI in the U.S. do not make the transfers he seeks to recover from

SCFS domestic. (Tr. Proffer ¶ 14.)  Notably, the Trustee fails to mention that each and every one

of those clients who have brought suit in the U.S. is a foreign person or entity, as the pleadings in

those cases and numerous published court opinions make clear.  *See, e.g., Anwar* v. *Fairfield*

*Greenwich Ltd.*, 826 F. Supp. 2d 578, 582-83 (S.D.N.Y. 2011) (dismissing claims brought by

SCBI clients from Mexico and Panama); *Anwar* v. *Fairfield Greenwich Ltd.*, 745 F. Supp. 2d

360, 364, 369 (S.D.N.Y. 2010) (dismissing several claims brought by SCBI clients from Panama,

Spain, the Bahamas, the Dominican Republic and Mexico); *Anwar* v. *Fairfield Greenwich Ltd.*,

742 F. Supp. 2d 367, 370 (S.D.N.Y. 2010) (dismissing claims brought by SCI clients from the

- 4 -

United Arab Emirates and the British Virgin Islands).  Indeed, the fact that all shareholders of Sentry, Sigma and Kingate, including SCFS, are foreign is fully consistent with the foreign feeder funds' restrictions on the distribution of their shares, which the Trustee concedes precluded U.S. taxpayers as shareholders.  (Tr. Proffer ¶ 38.)  In short, none of the Trustee's proffered allegations plead any domestic transfers to SCFS.

## **CONCLUSION**

For the foregoing reasons, SCFS respectfully requests that the Court dismiss with prejudice all counts brought against it, and deny any leave to amend the complaint.

Dated:   New York, New York
             September 30, 2015

**SULLIVAN & CROMWELL LLP**

/s/ Diane L. McGimsey
Sharon L. Nelles
(nelless@sullcrom.com)
125 Broad Street
New York, New York 10004
(212) 558-4000

Diane L. McGimsey
(mcgimseyd@sullcrom.com)
1888 Century Park East
Los Angeles, California 90067
*Admitted pro hac vice*

*Attorneys for Standard Chartered Financial
Services (Luxembourg) S.A.*