Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 12-01211 (SMB) |
| v. | |
| UNION SECURITIES INVESTMENT TRUST CO., LTD., UNION USD GLOBAL ARBITRAGE FUND, UNION USD GLOBAL ARBITRAGE A FUND, and UNION ARBITRAGE STRATEGY FUND, | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF THE UNION SECURITIES DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendants Union Securities Investment Trust Co., Ltd. ("**USITC**"), Union USD Global Arbitrage Fund ("**Union Global Fund**"), Union USD Global Arbitrage A Fund ("**Union Global A Fund**"), and Union Arbitrage Strategy Fund ("**Union Strategy Fund**," and together with USITC, Union Global Fund and Union Global A Fund, the "**Union Securities Defendants**") respectfully submit this supplemental reply memorandum of law in further support of the *Consolidated Supplemental Memorandum Of Law In Support Of The Transferee Defendants' Motion To Dismiss Based On Extraterritoriality Motion*, dated December 31, 2014 [Adv. Pro. 12-1211 Dk. 55] and in opposition to the Trustee's motion for leave to amend his complaint against the Union Securities Defendants. The Union Securities Defendants also adopt and incorporate, in full, the arguments and grounds supporting dismissal without leave to amend set forth in the *Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality* (the "**Consolidated Reply**"),[1] filed concurrently herewith, including the arguments and grounds in opposition to the Trustee's Memorandum of Law, specifically as they relate to the 9 checked boxes for the Union Securities Defendants in the so-called "United States Connections Summary Chart" (the "**Chart**") attached as Exhibit 2 to the Trustee's Memorandum of Law.

For the reasons stated in the Consolidated Reply and herein, (1) the Trustee's Complaint against the Union Securities Defendants, filed on March 23, 2012 (the "**Complaint**") must be dismissed because it contains no allegations that any of the alleged subsequent transfers from Fairfield Sentry Limited ("**Fairfield Sentry**") to the Union Securities Defendants occurred in the United States, and (2) the Trustee's motion for leave to amend the Complaint should be denied on the ground of futility because the *Trustee's Proffered Allegations Pertaining to the*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Reply.

*Extraterritoriality Issue as to the Union Securities Defendants*, dated June 27, 2015 [Adv. Pro. 12-1211 Dk. 66] (the "**Proffer**") likewise fails to plead facts giving rise to a plausible inference that any of the alleged subsequent transfers occurred in the United States. In short, the Trustee has failed, in either instance, to satisfy his burden.

## THE COMPLAINT MUST BE DISMISSED

On July 7, 2014, the United States District Court for the Southern District of New York, Judge Rakoff, entered an Opinion and Order on the Transferee Defendants consolidated motion to dismiss based on extraterritoriality, in which the Union Securities Defendants joined. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "**Extraterritoriality Decision**"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) ***Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.*** Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id*. at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against the Union Securities Defendants and the other Transferee Defendants to this Court "for further proceedings consistent with [the Extraterritoriality Decision]." *Id*. at 232.

In his Complaint against the Union Securities Defendants, the Trustee seeks to recover subsequent transfers in the amount of $17,206,126 that the Union Securities Defendants allegedly received from Fairfield Sentry. Complaint, ¶ 2. The Complaint alleges that Fairfield Sentry, the transferor, is "a BVI company" that is "currently in liquidation in the British Virgin Islands." Complaint, ¶ 2. With respect to the Union Securities Defendants, as alleged transferees, the Trustee alleges that USITC is a "Taiwanese limited company" that maintains a

place of business in Taiwan, and that each of the Funds are "a fund managed by Defendant USITC," and that each "is a Taiwanese corporate entity having its registered address" in Taiwan. Complaint, ¶ 22.

The Trustee's Memorandum of Law makes no attempt to show that the Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers from Fairfield Sentry to the Union Securities Defendants at issue occurred in the United States. Rather, the Complaint establishes that both the alleged transferor and alleged transferees exist only outside of the United States. Therefore, the Complaint should be dismissed in accordance with the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend the Complaint because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of section 550(a) of title 11 of the United States Code (the "**Bankruptcy Code**") would be allegations showing that the subsequent transfers sought to be recovered in the Complaint occurred within the United States. The Proffer contains no such allegations.

The Proffer contains 44 paragraphs, the vast majority of which relate to (i) the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, (ii) information disclosed in the Fairfield Sentry private placement memoranda, or (iii) the terms and conditions of the Fairfield Sentry subscription agreements, none of which relate to where the alleged transfers occurred. Only 16 of the 44 paragraphs even mention the Union Securities Defendants (Proffer ¶¶ 1-3, 6-18), and only one paragraph includes information regarding the alleged subsequent transfers to the Union Securities Defendants. Specifically, paragraph 15 of the

-3-

Proffer states that "[t]he Union Securities Defendants also used a correspondent account at JP Morgan in New York to receive transfers from Fairfield Sentry . . . The Union Securities Defendants used this account repeatedly . . . to receive $17,277,211 in redemption payments from Fairfield Sentry." (Proffer ¶15). However, as outlined in the Consolidated Reply and below, this lone allegation is not sufficient to establish the existence of a single transfer that, even if avoidable, occurred within the United States.

On the dispositive issue of where the transfers from Fairfield Sentry occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made the transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Memorandum of Law, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of JP Morgan in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to the Union Securities Defendants occurred in the United States to satisfy the Trustee's burden under the law and, specifically, in accordance with the Extraterritoriality Decision.

The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Reply addresses each of the 19

categories and shows why they are not relevant to the dispositive issue of where the transfers occurred.  Because the Union Securities Defendants are included in the Trustee's Chart, the Union Securities Defendants adopt and rely on the arguments set forth in the Consolidated Reply and will not otherwise separately address the allegations in the Proffer or the 9 categories attributed to the Union Securities Defendants in the Trustee's Chart.

## CONCLUSION

The Union Securities Defendants respectfully request that the Court dismiss the Trustee's Complaint against them with prejudice and without leave to amend.  The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to the Union Securities Defendants occurred in the United States.  In addition, the Union Securities Defendants respectfully request that the Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Union Securities Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: September 30, 2015
New York, New York

By: */s/ Malani J. Cademartori*
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701
Email:  mcademartori@sheppardmullin.com
            bwolfe@sheppardmullin.com

*Attorneys for Union Securities Investment Trust Co., Ltd.,
Union USD Global Arbitrage Fund, Union USD Global
Arbitrage A Fund, and Union Arbitrage Strategy Fund*