**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

-----------------------------------------------------------------X

In re:

BERNARD L. MADOFF

                Debtor.

-----------------------------------------------------------------X

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                Plaintiff,

    v.

SCHRODER & CO. BANK AG,

                Defendant.

-----------------------------------------------------------------X

Adv. Pro. No. 08-1789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 12-1210 (BRL)

**SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE TRUSTEE'S
OPPOSITION TO SCHRODER & CO. BANK AG'S MOTION TO DISMISS AND IN
OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND THE
COMPLAINT AGAINST SCHRODER & CO. BANK AG**

ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Tel:  (212) 596-9000
Fax:  (212) 596-9090

*Attorneys for Defendant
Schroder & Co. Bank AG*

Pursuant to the Court's December 10, 2014 Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Defendant Schroder & Co. Bank AG ("Schroder Bank") submits this reply memorandum in further support of its motion to dismiss the Complaint on extraterritoriality grounds, and in opposition to the Trustee's motion for leave to amend his Complaint against Schroder Bank.[1]

## PRELIMINARY STATEMENT

Schroder Bank is a Swiss *Aktiengesellschaft* headquartered in Zurich, Switzerland, where it is a licensed bank. *See* Compl. ¶ 22.[2] Prior to disclosure of the Madoff fraud in December 2008, Schroder Bank invested on behalf of certain clients in four Madoff feeder funds, all of which were incorporated and had registered addresses in the British Virgin Islands (the "Feeder Funds"). The Trustee's Complaint seeks to recover alleged redemption payments – deemed subsequent transfers by the Trustee – made to Schroder Bank by the Feeder Funds.

The Complaint fails on extraterritoriality grounds because the challenged transfers were from foreign transferors to a foreign transferee, and no alleged facts plausibly suggest that the transfers were domestic. Indeed, the Trustee concedes the point by failing to argue otherwise. Accordingly, the existing Complaint should be dismissed. Similarly, the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Schroder & Co. Bank AG (cited herein as the "Proffered Allegations" or "PA"), submitted by the Trustee in support of his motion

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality (the "Consolidated Supplemental Memorandum").

[2] As shown by Exhibit 2-A to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaint ("Exhibit 2-A"), the parties agree that Schroder Bank is not a U.S. citizen, and that Schroder Bank did not use a U.S. affiliate, agent, or office in connection with its investment in the Feeder Funds. *See* Ex. 2-A p. 9, Columns 10, 11, 18, 19.

to amend the Complaint, do not plausibly allege that the challenged transfers were domestic. As discussed below, the Proffered Allegations fail for the fundamental reason, among others, that they do not concern the *location of the transfers*, but instead address extraneous matters that have no bearing on extraterritoriality. *See* Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, filed herewith (the "Consolidated Reply") at § II.A. Therefore, the requested amendment would be futile, and leave to amend should be denied.

## BACKGROUND

The Trustee filed his Complaint against Schroder Bank on March 23, 2012, alleging that he is entitled, pursuant to section 550(a)(2) of the Bankruptcy Code, to recover approximately $30.4 million in subsequent transfers allegedly made to Schroder Bank by the Feeder Funds. On December 31, 2014, Schroder Bank and other Transferee Defendants filed the Consolidated Supplemental Memorandum in this Court in support of their consolidated motion to dismiss the Trustee's complaints based on Judge Rakoff's decision in *SIPC v. Bernard L. Madoff Investment Securities, LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). That decision held that section 550(a) of the Bankruptcy Code does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor, and that the Trustee has the burden of plausibly alleging that the challenged transfers were domestic. *Id.* at 232 n.4.

## ARGUMENT

As noted above, the Trustee makes no argument that the existing Complaint satisfies the Trustee's burden of pleading domestic transfers. He thus effectively concedes that the Complaint should be dismissed. Moreover, the Court should deny leave to amend because the Proffered

Allegations, as discussed further below, do not plausibly allege that the challenged transfers were domestic.

### A. The Due Diligence Allegations

The Proffered Allegations do not, as the Trustee contends, show that "Schroder conducted significant due diligence . . . in the United States."[3] To the contrary, the Trustee concedes in Exhibit 2-A that he is *not* alleging any U.S. due diligence by Schroder Bank. *See* Ex. 2-A at p. 9, Column 8. Even if Schroder Bank had conducted any due diligence in the United States, that would be irrelevant to the location of the challenged transfers. In all events, the Trustee's only factual allegation concerning due diligence by Schroder Bank asserts that it "directed" a "U.S.-based due diligence firm" (with offices outside the U.S.) to prepare "investigative reports" on Fairfield Sentry. PA ¶ 14. Neither this nor any other Proffered Allegations plausibly allege that Schroder Bank or anyone on its behalf conducted due diligence in the U.S.

### B. The Bank Account Allegations

The Trustee asserts that correspondent accounts maintained by Fairfield Sentry were used for the fund's receipt of subscription payments. PA ¶ 25. This allegation fails to make a plausible case for multiple reasons, including that it does not even pertain to the transfers at issue, which are redemption payments made *to* Schroder Bank, not subscription payments made *by* Schroder Bank. The Trustee further contends that Schroder Bank used an account it maintained at "Northern Trust in New York" to receive redemption payments from Fairfield Sentry. *Id.* at ¶ 26. The Trustee fails to describe the Northern Trust account as a correspondent account, presumably in an effort to avoid Judge Rakoff's explicit holding that processing a transfer through a U.S.

---

[3] Trustee's Supplemental Memorandum of Law in Opposition to Defendant Schroder & Co. Bank AG's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints, p. 3.

correspondent account does not render the transfer domestic. 513 B.R. at 228 n.1. This omission by the Trustee does not salvage his claim. As discussed in the Consolidated Reply, the conclusion that the transfers to Schroder Bank are extraterritorial would not change even if the Northern Trust account had not been a correspondent account. *See* Consolidated Reply at § II.B.7.

### C.   The Fee Agreement Allegations

The Proffered Allegations contend that "Schroder negotiated with FGG personnel in New York" concerning an agreement under which Schroder Bank would receive a portion of the performance fee charged to Fairfield Fund shareholders. PA ¶ 23. This allegation is irrelevant because it does not concern the location of the transfers. Moreover, like the Proffered Allegations regarding due diligence, it does not allege any domestic activity by Schroder Bank. Instead, the Trustee employs artful phrasing to create the *impression* of U.S. activity, without actually alleging any. For example, the Trustee does not directly allege that any Schroder Bank representatives were in New York when they negotiated with FGG, but that it merely negotiated with FGG personnel who were in New York. Similarly, the allegations that a "U.S.-based FGG partner . . . initiated contact with Schroder" and that "Schroder also met with New York based-FGG personnel. . .", PA ¶ 20, do not allege U.S. activity by Schroder Bank, but merely that the FGG personnel with whom Schroder Bank allegedly had contact were based in the U.S.

### D.   Other Proffered Allegations

The Trustee proffers other allegations against Schroder Bank that, like those discussed above, do not concern the location of the alleged transfers, and which therefore are irrelevant to the extraterritoriality issue. These allegations – similar to those made against numerous other Transferee Defendants – concern such things as the U.S. operations of certain of the Feeder

- 4 -

Funds, the governing law and venue provisions contained in certain subscription agreements, and Schroder Bank's alleged knowledge of BLMIS's purported investment strategy. *See, e.g.*, PA ¶¶ 5, 11, 21, 22. The Consolidated Reply, which Schroder Bank incorporates by reference herein, further demonstrates why these allegations do not plausibly allege that the alleged transfers to Schroder Bank were domestic. *See* Consolidated Reply at §§ II.B.1-5, 7-10.

## CONCLUSION

For the reasons discussed above and in the Consolidated Supplemental Memorandum and the Consolidated Reply, the Court should dismiss the Complaint and deny the Trustee's motion for leave to amend.

Dated: New York, New York
        September 30, 2015

                Respectfully submitted,

                ROPES & GRAY LLP

                By:  /s/ *Robert S. Fischler*
                      Robert S. Fischler
                      Martin J. Crisp

                      1211 Avenue of the Americas
                      New York, New York 10036
                      Telephone: (212) 596-9000
                      Robert.Fischler@ropesgray.com
                      Martin.Crisp@ropesgray.com

                      *Attorneys for Defendant*
                      *Schroder & Co. Bank AG*