**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue
New York, New York 10022
Phone: (212) 446-2300
Fax: (212) 446-2350

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| -V- | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| -V- | Adv. Pro. No. 12-01512 (SMB) |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LLC, | |
| Defendant. | |

**SUPPLEMENTAL MEMORANDUM OF ZCM ASSET HOLDING COMPANY (BERMUDA) LIMITED IN REPLY TO THE TRUSTEE'S OPPOSITION TO THE MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**

ZCM Asset Holding Company (Bermuda) Limited ("ZCM AH Bermuda") respectfully submits this reply to the Trustee's opposition to the motion to dismiss based on

extraterritoriality. Judge Rakoff's holdings concerning the transfers in the CACEIS case establish that the transfers to ZCM AH Bermuda were predominantly foreign and are not subject to extraterritorial application of the U.S. Bankruptcy Code. Judge Rakoff held that:

1. Predominantly foreign transfers are not subject to extraterritorial application of the U.S. Bankruptcy Code. SIPC v. BLMIS, 513 B.R. 222, 231 (S.D.N.Y. 2014).

2. A transfer is predominantly foreign if it is from a foreign feeder fund to a foreign transferee even if the funds are transferred through a U.S. correspondent bank account. Id. at 227-228.

3. In order to recover from foreign subsequent transferees under Section 550, the Trustee must show that the transaction was predominantly domestic. Id. at 232, n. 4.

Judge Rakoff specifically found that transfers similar to those made to ZCM AH Bermuda were "predominantly foreign: foreign feeder funds transferring assets abroad to their foreign customers and other foreign transferees." Id. at 227.

Faced with those holdings, the Trustee now proffers allegations against ZCM AH Bermuda that attempt to establish domestic contacts based entirely on activities of entities other than ZCM AH Bermuda. Even if those proffered allegations are accepted as true for purposes of this motion, the Trustee cannot meet his burden of alleging that the transfers to ZCM AH Bermuda were predominantly domestic.

*First*, ZCM AH Bermuda was the recipient of the redemption payments, not any affiliated entity or servicing agent. The Trustee is unable to allege that ZCM AH Bermuda itself had any domestic presence or engaged in domestic activity in relation to the redemption payments at issue. Absent any such allegations, the Trustee focuses extensively on the activity of entities other than ZCM AH Bermuda and implies that such activity—by parties other than the transferee and unrelated to the transfer of funds at issue—should be a basis for treating the

2

foreign transfers as domestic. Activities of an affiliate or servicing agent years before the transfers at issue have no bearing on whether the transfers were domestic transfers.

The Trustee alleges, for example, that Zurich Capital Markets Inc. ("Zurich Capital Markets") negotiated and executed operational documents and received communications from Fairfield Sentry on behalf of ZCM AH Bermuda. But the Trustee does not allege that Zurich Capital Markets was ever a party to the transactions with Fairfield Sentry or was ever a recipient of the redemption payments at issue. The Fairfield Sentry transfers were made outside the United States by a BVI fund to a Bermuda corporation participating in the fund and are governed by BVI law concerning the participant's right to retain those redemption payments.

*Second*, the Trustee attempts to treat ZCM AH Bermuda as engaging in activities in New York through its servicing agent. The Trustee proffers an allegation that, after BNP Paribas S.A. acquired certain assets of Zurich Capital Markets in 2003, BNP Paribas Securities Corp. became the servicing agent and made redemption requests on behalf of ZCM AH Bermuda. The location of the servicing agent has no bearing on the extraterritorial nature of the transfers to ZCM AH Bermuda. ZCM AH Bermuda was at all times a foreign corporation separate from its servicing agent. The servicing agent was never a recipient of the redemption payments at issue.

*Third*, the Trustee relies on the use by ZCM AH Bermuda of a U.S. correspondent bank account to receive dollar denominated redemption payments from Fairfield Sentry. Judge Rakoff held, however, that the use of a U.S. correspondent bank account is not sufficient to convert a predominantly foreign transaction into a domestic transaction. 513 B.R. at 227, n.1. Further, the transfers made in connection with the redemption payments at issue confirm that the payments were predominantly foreign transactions. Fairfield Sentry and Kingate Global each arranged for their foreign fund administrators to make the redemption payments by transferring

3

funds from foreign bank accounts, and the Trustee does not allege otherwise.  The Trustee's proffered allegations disregard the core fact that the source of each transfer at issue in this case was a foreign entity and a foreign bank account.

*Fourth*, the Trustee suggests that the Subscription Agreements between Fairfield Sentry and ZCM AH are relevant to his claims and stresses that they are governed by New York law and contain a consent to U.S. jurisdiction.  The Privy Council has held, however, that BVI law controls the relationship between Fairfield Sentry and its shareholders and interpretation of the governing Fairfield Sentry articles of incorporation and by-laws.  Fairfield Sentry Ltd. (in liquidation) v. Migani, [2014] UK PC, 2014 WL 1219748.  The Privy Council, applying BVI law, determined that the Subscription Agreements have no bearing on a fund participant's right to receive and retain redemptions.  The Privy Council decision at ¶ 10 holds that the Subscription Agreements serve a limited purpose, listing certain acknowledgements and representations and warranties that have no bearing on a subscriber's right to receive and retain a redemption payment.  The Privy Council decision at ¶ 20 emphasizes that the Fairfield Fund's Articles of Association (particularly Articles 9, 10 and 11) control a subscriber's right to receive and retain a redemption payment and that those provisions are governed by BVI law.  Judge Rakoff observed that, "the BVI courts have already determined that Fairfield Sentry could not reclaim transfers made to its customers under certain common-law theories—a determination in conflict with what the Trustee seeks to accomplish here." Id. at 232; see Ackerman v. Ackerman, 676 F.2d 898, 903-06 (2d Cir. 1992) (enforcing English judgment based on principles of comity).

*Fifth*, the Trustee makes an extensive presentation concerning the U.S. contacts and activities of Fairfield Sentry and BLMIS.  The Trustee's proffered allegation in ¶ 28 is misleading in suggesting that Fairfield is subject to a U.S. liquidation proceeding.  The Fairfield

4

liquidation is pending in the BVI, and the U.S. proceeding is only ancillary to that main proceeding. In any event, Judge Rakoff clearly found that Fairfield Sentry is a foreign corporation subject to foreign liquidation proceedings. Specifically, Judge Rakoff held that Fairfield was a foreign transferor and that the allegation that Fairfield made a transfer to a foreign defendant creates "no plausible inference that the transfer occurred domestically." 513 B.R. at 232 n. 4. That should be dispositive of the Trustee's attempt to portray Fairfield as a U.S. entity. Further, Judge Rakoff held that the activities of BLMIS in New York are irrelevant to whether Section 550 of the Bankruptcy Code can be applied to predominantly foreign transfers from a foreign feeder fund to a foreign transferee. In this case, a foreign transferor made the redemption payments at issue to a foreign transferee and the transferee's right to retain those payments is governed by BVI law. Nothing in the proffered allegations changes those fundamental and dispositive facts.

September 30, 2015
New York, New York

By:    /s/ Jack G. Stern
BOIES, SCHILLER & FLEXNER LLP
Alan B. Vickery
Jack G. Stern
David W. Ata
575 Lexington Avenue
New York, New York 10022
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Defendant ZCM Asset Holding Company (Bermuda) LLC*