KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022

*Attorneys for Defendant Lloyds TSB Bank plc
(now known as Lloyds Bank plc)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Debtor. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>LLOYDS TSB BANK PLC,<br><br>       Defendant. | Adv. Pro. No. 12-01207 (SMB) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF LLOYDS TSB BANK PLC'S MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND <u>OPPOSITION TO THE TRUSTEE'S MOTION TO AMEND COMPLAINTS</u>**

Defendant Lloyds TSB Bank plc, now known as Lloyds Bank plc ("Lloyds") respectfully submits this reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the motion of Irving H. Picard (the "Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") for leave to file an amended complaint in this adversary proceeding. Lloyds also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply.[1]

## THE COMPLAINT MUST BE DISMISSED UNDER THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Lloyds) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis added). Judge Rakoff then remanded the adversary proceedings against Lloyds and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

---

[1] The term "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

In the "Existing Complaint" filed March 22, 2012, the Trustee seeks to recover $11,183,410 (the "Transfers") transferred to Lloyds by Fairfield Sentry Limited ("Fairfield Sentry") and Fairfield Sigma Limited ("Fairfield Sigma," and together with Fairfield Sentry, "Fairfield"). The Existing Complaint correctly alleges that Fairfield Sentry and Fairfield Sigma – the transferors – "are British Virgin Islands ('BVI') companies that are in liquidation in the BVI." (Existing Complaint ¶ 2.) With respect to Lloyds, the Trustee correctly alleges that it is a public limited company organized under the laws of the United Kingdom. (Existing Complaint ¶ 23.)

The Trustee's Supplemental Memorandum[2] does not even attempt to show that the Existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers from Fairfield to Lloyds at issue occurred in the United States. The Transfers at issue have virtually no nexus to the United States. These Transfers were made from foreign transferors (Fairfield) to a foreign transferee (Lloyds). The Trustee makes no allegation that the Transfers originated from the United States. The Trustee also does not allege that the destination of the Transfers was in the United States. Therefore, the Existing Complaint should be dismissed pursuant to Judge Rakoff's holding in the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proposed Complaint,[3] would be futile.[4] The only allegations that would be

---

[2] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Lloyds' Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint filed on June 27, 2015.

[3] The "Proposed Complaint" is the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Lloyds.

(2)

sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. *See* Extraterritoriality Decision, 513 B.R. at 232 n.4 (where "both the transferor and the transferee reside outside of the United States, *there is no plausible inference that the transfer occurred domestically*. . . . unless the Trustee can put forth specific facts suggesting a domestic transfer.") (emphasis added). The Proposed Complaint contains no such allegations. The Transfers at issue, as alleged in the Proposed Complaint, were made from Fairfield to Lloyds, both foreign entities organized abroad.

More specifically, as to the origination of the Transfers, the Trustee does not and cannot allege that Fairfield made the transfers *from* a bank account in the United States. Indeed, the only references to the location of Fairfield's bank accounts in the Proposed Complaint show that the accounts were located with Citco Bank Nederland NV, Dublin Branch. (*See* Proposed Complaint at ¶¶ 45, 64.) And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of Citco Bank Dublin at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. Extraterritoriality Decision, 513 B.R. at 228 n.1. Not surprisingly, in evaluating a similar transaction – between Fairfield and Harley International (Cayman) Limited (both foreign entities), on the one hand, and CACEIS Bank Luxembourg (a third foreign entity), on the other – Judge Rakoff held that the application of section 550(a) to *that* transaction would be inappropriately extraterritorial. *Id.* at 225-26.

---

[4] "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Thus, "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

The Trustee also does not allege that Lloyds *received* the Transfers in the United States. Instead, the Trustee states that "correspondent account[s]" (Opp. at 4), held by Lloyds' agents and affiliates, were located in the United States.[5] The Trustee alleges that Lloyds "utilized" these accounts "to receive" redemption payments. (*See* Proposed Complaint ¶¶ 31-34.) But the Trustee never alleges that Lloyds *actually received* redemption payments in the United States, nor does the Trustee allege that the ultimate destination of the Transfers was domestic.[6] As Judge Rakoff made clear, it is not "sufficient" that "some of the defendants here allegedly use[] correspondent banks in the United States to process dollar-denominated transfers." Extraterritoriality Decision, 513 B.R. at 228 n.1.

The Trustee's other allegations concerning, for example, Fairfield's other contacts with the United States, and Lloyds' alleged due diligence and other activities in the United States, do not rescue the faulty pleading. Judge Rakoff made clear that the focus of this inquiry should be on "the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor." Extraterritoriality Decision, 513 B.R. at 227. These types of alleged U.S. contacts were considered by Judge Rakoff and rejected as irrelevant to the question of where the Transfers occurred. The same reasoning applies with equal force to the allegations in the Proposed Complaint. *See* Consolidated Supplemental Reply at 20-23.

---

[5]    The Trustee also alleges that "subscription payments from Lloyds to Fairfield Sentry *flowed through* an account [in New York]." (Opp. at 4. (emphasis added).) However, subscription payments made from Lloyds to Fairfield are not the focus of this analysis. The subscription payments were made from Lloyds to Fairfield; the Transfers, on the other hand, were made *from* Fairfield *to* Lloyds.

[6]    With respect to Transfers made to Lloyds in Geneva, there is no allegation at all that *any* U.S. bank account was used in the name of Lloyds to receive funds.

(4)

## CONCLUSION

For the reasons set forth above, the Trustee's motion for leave to amend its complaint should be denied and Lloyds' motion to dismiss the operative complaint should be granted.

Dated:   New York, New York
         September 30, 2015

                                        KATTEN MUCHIN ROSENMAN LLP

                                        By:   s/ Anthony L. Paccione
                                              Anthony L. Paccione
                                              anthony.paccione@kattenlaw.com
                                              Mark T. Ciani
                                              mark.ciani@kattenlaw.com
                                              575 Madison Avenue
                                              New York, NY 10022-2585
                                              (212) 940-8800

                                              *Attorneys for Defendant Lloyds TSB Bank plc (now known as Lloyds Bank plc)*