Eric Fishman
Samuel S. Cavior
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Attorneys for Falcon Private Bank Ltd.*
*(f/k/a AIG Privat Bank AG)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>  Defendant. | SIPA LIQUIDATION<br>No. 08-01789 (SMB)<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>  Plaintiff,<br>  v.<br><br>FALCON PRIVATE BANK LTD. (f/k/a AIG Privat Bank AG),<br><br>  Defendant. | Adv. Pro. No. 11-02923 (SMB) |

**FALCON PRIVATE BANK LTD.'S SUPPLEMENTAL REPLY MEMORANDUM**
**OF LAW IN FURTHER SUPPORT OF TRANSFEREE DEFENDANTS' MOTION**
**TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO**
**THE TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant Falcon Private Bank Ltd. f/k/a AIG Privat Bank AG ("Falcon") respectfully submits this supplemental reply memorandum in further support of the consolidated Extraterritoriality Motion and in opposition to the Trustee's motion for leave to amend his complaint in the above-captioned adversary proceeding (the "Complaint"). Falcon adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Reply—in particular the arguments and grounds relating to the 13 categories checked for Falcon in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Memorandum.[1]

For the reasons set forth in the Consolidated Reply and below, Falcon respectfully requests that the Court (1) dismiss the Complaint with prejudice because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry and Fairfield Sigma to Falcon occurred in the United States, and (2) deny the Trustee's motion for leave to amend for futility because the Trustee's *Proffered Allegations Pertaining to the Extraterritoriality Issues As to Falcon Private Bank Ltd.* ("Proffer")[2] likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfers occurred in the United States.

**The Complaint Must Be Dismissed
Under the Extraterritoriality Decision**

On July 7, 2014, Judge Rakoff entered the Extraterritoriality Decision, in which he held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the *Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality*, filed contemporaneously herewith ("Consolidated Reply").

[2] Case No. 08-01789 (SMB), Dkt. No. 10370; Adv. Proc. No. 11-02923 (SMB), Dkt. No. 83.

1

> forth specific facts suggesting a domestic transfer, his recovery actions
> seeking foreign transfers should be dismissed.

*Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 n.4 (S.D.N.Y. 2014) (emphasis added). Judge Rakoff then remanded to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In the Complaint, the Trustee seeks to recover $38,745,471 in subsequent transfers that Falcon allegedly received from Fairfield Sentry and Fairfield Sigma (Compl. ¶ 2). The Complaint alleges that Fairfield Sentry "is a British Virgin Islands ('BVI') company that is in liquidation in the BVI" and that "Fairfield Sigma is also in liquidation in the BVI" (*Id.*). With respect to Falcon—the subsequent transferee—the Trustee alleges that it "is a Swiss *aktiengesellschaft* operating as a private bank and maintaining a place of business at Pelikanstrasse 37, 8021 Zurich, Switzerland" (*Id.*, ¶ 22).

Neither the Trustee's Memorandum nor the Trustee's *Supplemental Memorandum of Law in Opposition to Defendant's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion For Leave to Amend Complaints* ("Trustee's Supplemental Memorandum")[3] even attempt to show that the remaining allegations in the existing Complaint give rise to a plausible inference that the alleged transfers occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### The Trustee's Motion For Leave to Amend Should Be Denied For Futility

The Trustee should not be permitted to amend the Complaint because the proposed amendments, as set forth in the Proffer, would be futile. Simply stated, none of the proffered allegations, singly or in combination, gives rise to a plausible inference that any of the alleged

---

[3] Case No. 08-01789 (SMB), Dkt. No. 10369; Adv. Proc. No. 11-02923 (SMB), Dkt. No. 82.

subsequent transfers from BVI feeder funds, out of their Citco accounts in Ireland, to a Swiss bank such as Falcon, are transfers that occurred in the United States.

The Trustee tries to imply that subsequent transfers to Falcon were domestic by alleging that in addition to investing in Fairfield Sentry and Fairfield Sigma, Falcon also invested in Ascot Fund Limited, a feeder fund managed by a New York-based manager,[4] and that Falcon allegedly did so in order to profit from New York-based BLMIS's domestic conduct (Proffer ¶¶ 8, 14; Tr. Supp. Mem. at 3). But those allegations are wholly irrelevant—and not simply because investment transactions ultimately leading up to the subsequent transfers in question (rather than the subsequent transfers themselves) are irrelevant for the reasons given in the Consolidated Reply. Even assuming that Falcon actually invested in Ascot,[5] the Trustee makes no allegation that investments in one feeder fund (Ascot) were connected in any way to the transfers from other feeder funds (Fairfield Sentry and Fairfield Sigma) that he seeks to recover.

The Trustee also argues that Falcon was a direct subsidiary of a U.S. company with a principal office in New York (Proffer ¶ 2; Tr. Supp. Mem. at 2), and that U.S. affiliates did due diligence (Proffer ¶¶ 9, 11, 13, 15-18; Tr. Supp. Mem. at 3). But the due diligence has nothing to do with where subsequent transfers occurred years later, and the mere fact that Falcon had a U.S. parent is entirely irrelevant, particularly where there is no allegation that Falcon and its parent were alter egos. It is well-established that a foreign subsidiary is not rendered domestic simply because of its parent's contacts. *Cf., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850-51 (2011) (holding that North Carolina courts did not have personal jurisdiction over foreign subsidiaries of a U.S. corporation); *Levant Line, S.A. v. Marine Enters. Corp. (In re*

---

[4]  The Trustee neglects to mention that Ascot Fund Limited is a Cayman Islands exempted company.

[5]  The veracity of the Trustee's allegations is not at issue at this time. However, if and when it should become necessary, Falcon would present evidence that it was not Falcon but an affiliate (which Falcon did not control) that invested in Ascot Fund Limited.

3

*Levant Line, S.A.*), 166 B.R. 221, 229 (Bankr. S.D.N.Y. 1994) ("that a corporation is considered 'local'…is not enough to establish personal jurisdiction over the foreign subsidiary…even when the domestic parent is the sole shareholder of the foreign subsidiary."). In fact, regarding the CACEIS case featured as an example in the Extraterritoriality Decision, in which the complaint similarly alleged "the CACEIS Defendants are part of the CACEIS Group, which maintains an office in New York City" (CACEIS Compl. ¶ 7), Judge Rakoff nonetheless considered the subsequent transfers there to be foreign. 513 B.R. at 227.

On the dispositive issue of where the alleged subsequent transfers occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sigma made any transfers from a bank account in the U.S. because Fairfield Sigma was a euro-denominated fund. The Trustee also does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the U.S. because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch (Tr. Mem., n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank *in Ireland*….") (emphasis added)). Instead, the Trustee points to the use of New York correspondent bank accounts, which Judge Rakoff has already held is not sufficient to satisfy the Trustee's burden of pleading a domestic transfer. 513 B.R. at 228 n.1 ("Nor is the fact that some of the defendants here allegedly used correspondent banks in the United States to process dollar-denominated transfers sufficient to make these foreign transfers domestic.").

In sum, the Trustee's case against Falcon is in material respects identical to the case against CACEIS, regarding which Judge Rakoff already found the parties and the subsequent transfers to have been "foreign feeder funds [including Fairfield Sentry and Fairfield Sigma]

4

transferring assets abroad to their foreign customers [the CACEIS defendants]," *id.* at 227, though the Luxembourg and French defendants there allegedly used correspondent banks in New York to receive transfers, sent subscription agreements to New York that provided for New York law and jurisdiction, and had affiliates that maintained an office in New York (see CACEIS Compl. ¶¶ 6, 7).  The allegations proffered now about Falcon do nothing further to raise an inference that the subsequent transfers in question were domestic.  Anything else contained in the Proffer (primarily information about the operations of Fairfield Sentry and Fairfield Sigma, and transactions other than the subsequent transfers in question) is addressed in the Consolidated Reply, which Falcon hereby adopts and relies upon.

### Reservation of Rights

Falcon hereby adopts and incorporates by reference all applicable arguments asserted by similarly situated Transferee Defendants in their respective supplemental reply memoranda to the Trustee's pleadings on the Extraterritoriality Motion, and reserves all substantive and procedural rights and defenses without limitation.

Dated:  September 30, 2015
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　*/s/   Eric Fishman*

　　　　　　　　　　　　　　　　　　　　　Eric Fishman
　　　　　　　　　　　　　　　　　　　　　Samuel S. Cavior

　　　　　　　　　　　　　　　　　　　　　**PILLSBURY WINTHROP**
　　　　　　　　　　　　　　　　　　　　　**SHAW PITTMAN LLP**
　　　　　　　　　　　　　　　　　　　　　1540 Broadway
　　　　　　　　　　　　　　　　　　　　　New York, New York 10036
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 858-1000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 858-1500
　　　　　　　　　　　　　　　　　　　　　*eric.fishman@pillsburylaw.com*
　　　　　　　　　　　　　　　　　　　　　*samuel.cavior@pillsburylaw.com*

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Falcon Private Bank Ltd.*
　　　　　　　　　　　　　　　　　　　　　*(f/k/a AIG Privat Bank AG)*

5