UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                               Plaintiff-Applicant,<br><br>                v.<br><br>BERNARD L MADOFF INVESTMENT SECURITIES LLC,<br><br>                                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>                                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                                  Plaintiff,<br><br>                v.<br><br>UNIFORTUNE ASSET MANAGEMENT SGR SPA, and UNIFORTUNE CONSERVATIVE FUND,<br><br>                                  Defendants. | Adv. Pro. No. 11-02553 (SMB) |

**REPLY MEMORANDUM OF LAW OF UNIFORTUNE ASSET MANAGEMENT SGR SPA AND UNIFORTUNE CONSERVATIVE FUND IN SUPPORT OF MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND**

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendants Unifortune Asset Management SGR SPA and Unifortune Conservative Fund*

Pursuant to Paragraph 8 of this Court's December 10, 2014 Order ("Order"), Defendants, Unifortune Asset Management SGR SPA ("UAM") and Unifortune Conservative Fund ("UCF") (collectively, "Unifortune"), respectfully submit this reply memorandum of law in support of their motion to dismiss based on extraterritoriality ("MTD"), and in opposition to the Trustee's motion to amend ("MTA").  Unifortune joins in the arguments set forth in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality submitted on behalf of all defendants.

As the Trustee acknowledges (*see* Order ¶ K, Exhibit A, p.15), UAM, an asset management firm, and UCF, a fund it managed that invested a portion of its assets in Fairfield Sentry and Fairfield Sigma, are organized under the law of Italy.  Unifortune is organized under Italian law and Italy is the location in which UAM's and UCF's offices are located, and in which its operations occur.   In his August 25, 2011 complaint (*see* ¶¶ 21-22), and his June 26, 2015 Proffered Allegations relating to Unifortune ("PAs"), the Trustee does not allege any fact indicating that Unifortune has any U.S. presence or activity or that would otherwise render it a domestic transferee within the meaning of the July 6, 2014 Opinion and Order of the District Court ("Extraterritoriality Opinion").

The Trustee's Proffered Allegations ("PAs") relating to Unifortune consist of 54 numbered paragraphs, only 13 of which (PAs 1-2, 4-5, 11, 14-21) refer in any way to Unifortune (or, equivalently, to "Defendants").  While purporting to bear upon whether the "transfers and components events of the transactions are domestic" (PAs, at 2),  the PAs are concerned either with events having nothing to do with the redemption transactions themselves (*see* PAs ¶¶ 11-13 (choice of law/venue provisions); PA ¶ 14

(U.S. correspondent bank of Irish bank to which Fairfield Sentry *subscription* payments paid); PAs ¶¶ 17-20 (participation in three informational meetings in the U.S. with representatives of the Fairfield Greenwich Group)), or with circumstances that the District Court has held to be to be irrelevant to the assessment of whether the transfers were domestic or foreign (*see* PAs ¶¶ 15-16 (transfer of Fairfield Sentry redemption payments through U.S. banks)), *see* Extraterritoriality Opinion at 8 n.1. Unifortune joins in the Joint Brief's arguments showing that these allegations have no bearing upon whether the alleged transferors – Fairfield Sentry/Sigma – and Unifortune were domestic entities. Proffered allegation ¶ 21 states that "a portion of the transfers received by [UCF] stemmed from a letter agreement with FGG in NY through which [UCF] received retrocession fees" in the form of "shares in Fairfield Sentry." Whether or not this is true as to a portion of the challenged transfers, it does not alter the fact that when Unifortune redeemed those retroceded Fairfield Sentry shares later (or any of its other shares, for that matter), the transferor and transferee of the redemption payments were foreign entities, whose transactions have been held to fall outside the scope of 11 U.S.C. § 550(a).

Unifortune also notes that even if the above-referenced PAs had any bearing upon the evaluation of this motion, the PAs relating to the banks to/through which subscription/redemption payments passed relate solely to Fairfield Sentry. Hence, even if this Court were to consider them sufficient to establish that the redemptions from Fairfield Sentry were domestic, dismissal of the claims directed against redemptions from Fairfield Sigma, a euro-denominated fund, would still be warranted.

Conclusion

For the foregoing reasons and the reasons set forth in the Joint Brief, defendants respectfully request that the MTD be granted and the MTA be denied.

September 30, 2015

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

s/David Greenwald
David Greenwald
A member of the Firm

825 Eighth Avenue
New York, NY 10019
(212) 474-1922
dgreenwald@cravath.com

*Attorneys for Defendants*
*Unifortune Asset Management SGR SPA*
*and Unifortune Conservative Fund*