**CHAFFETZ LINDSEY LLP**

505 Fifth Avenue, 4th Floor
New York, NY 10017
Tel. (212) 257-6960
Fax (212) 257-6950
www.chaffetzlindsey.com

*Attorneys for SIX SIS AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA Liquidation (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01195 (SMB) |
| Plaintiff, | **DEFENDANT SIX SIS AG'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY** |
| v. | |
| SIX SIS AG, | |
| Defendant. | |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

I.      Judge Rakoff's Opinion and Order Requires Dismissal of the Trustee's Complaint ........................................................................................................................ 3

II.     The Trustee's Proffered Allegations Do Not Give Rise to a Plausible Inference that the Transfers from the Funds to SIX SIS AG Occurred within the United States. .................................................................................................................................. 4

CONCLUSION ............................................................................................................................. 5

Pursuant to the Court's Scheduling Order,[1] Defendant SIX SIS AG respectfully submits this reply memorandum in further support of its motion to dismiss the operative complaint against SIX SIS AG in this adversary proceeding (the "Complaint") on extraterritoriality grounds.

## INTRODUCTION

The Complaint must be dismissed without leave to amend because it is evident on the face of the Trustee's pleading that the subsequent transfers he seeks to recover from SIX SIS AG are foreign and therefore outside the purview of Bankruptcy Code section 550(a) under Judge Rakoff's July 7, 2014 Opinion and Order, *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC,* 513 B.R. 222 (S.D.N.Y. 2014) (the "Opinion and Order").

As the Trustee readily acknowledges, SIX SIS AG is a corporation organized under the laws of Switzerland.  Compl. ¶ 22.  It is a custodial institution charged with providing "safe custody and administration of securities in Switzerland and abroad" on behalf of its clients. Compl. ¶ 3.  The subsequent transfers the Trustee seeks to recover were made from three foreign funds: (i) Fairfield Sentry Limited ("Fairfield Sentry"), on occasion through Fairfield Sigma Limited ("Fairfield Sigma"); (ii) Kingate Global Fund Ltd. ("Kingate Global"); and (iii) Kingate Euro Fund Ltd. ("Kingate Euro") (together, the "Funds").  Compl. ¶ 2.  The Funds are all British Virgin Islands ("BVI") entities and are all in liquidation there.  Compl. ¶ 2.  The recipient of these transfers—SIX SIS AG—is likewise a foreign entity.  Under the District Court's Opinion and Order, the Complaint must be dismissed.

The Trustee's attempt to plead around the Opinion and Order by moving to amend the Complaint and submitting Proffered Allegations Pertaining to the Extraterritoriality Issue as to

---

[1]    All capitalized terms not otherwise defined herein are as defined in the Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, dated December 31, 2014 (Dkt. # 68).

SIX SIS AG (the "Proffered Allegations"; Dkt. # 79) is unavailing.  Nothing in the Proffered

Allegations even arguably gives rise to a plausible inference that the transfers occurred within

the United States.[2]  Accordingly, the Trustee's motion for leave to amend should be denied.

## ARGUMENT

The Trustee has not alleged (and cannot allege) any facts to overcome Judge Rakoff's

unequivocal conclusion in his Opinion and Order that "the subsequent transfers that the Trustee

seeks to recover here [including the transfers to SIX SIS AG] *are foreign transfers* and thus

would require an extraterritorial application of section 550(a)"—but that "section 550(a) does not

apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a

foreign transferee from a foreign transferor."  513 B.R. at 228, 232 (emphasis added).[3]  On that

basis, the District Court remanded the matter to this Court with instructions to dismiss claims

"alleg[ing] that both the transferor and the transferee reside outside of the United States  . . .

unless the Trustee can put forth specific facts suggesting a domestic transfer."  *Id.* at 232 & n.4.

This reply addresses only those allegations and arguments in the Trustee's Proffered

Allegations and in his Supplemental Memorandum of Law in Opposition to SIX SIS AG's

Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion

for Leave to Amend the Complaint filed in this adversary proceeding (the "Supplemental

---

[2]     The Trustee's Proffered Allegations contain a number of factual inaccuracies.  In particular, the Trustee has expressly acknowledged in a stipulation dated September 25, 2015 that—contrary to the Proffered Allegations—"SIX SIS AG was not the recipient of the Additional Kingate Global Subsequent Transfers" in the amount of $7,891,893, and that "[t]he Trustee will not include in an amended complaint, if any, against SIX SIS AG any claims for the Additional Kingate Global Subsequent Transfers."  So Ordered Stipulation Regarding Certain Subsequent Transfers from Kingate Global Fund Ltd. Referenced in the Trustee's Proffered Allegations, at 2 (Dkt. # 82).

[3]     As Judge Rakoff explained, the relevant statutory inquiry is "first, whether the factual circumstances at issue require an extraterritorial application of the relevant statutory provision; and second, if so, whether Congress intended for the statute to apply extraterritorially."  513 B.R. at 226 (citing *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255-73 (2010) and *In re Maxwell Commc'n Corp.,* 186 B.R. 807, 816 (S.D.N.Y. 1995)).

Memorandum of Law"; Dkt. # 78) that are specific to SIX SIS AG.[4]  Those allegations and

arguments fail for the following reasons.

## I.    Judge Rakoff's Opinion and Order Requires Dismissal of the Trustee's Complaint.

The Complaint must be dismissed because the subsequent transfers the Trustee seeks to

recover from SIX SIS AG are indistinguishable from the subsequent transfers to CACEIS Bank

Luxembourg, a Luxembourg entity, and CACEIS Bank, a French entity, (together, "Caceis"),

which Judge Rakoff found were beyond the reach of section 550(a).  He reached that conclusion

on the basis that "the relevant transfers and transferees are predominantly foreign: foreign feeder

funds transferring assets abroad to their foreign customers and other foreign transferees."  513

B.R. at 225, 227.

Precisely like Caceis, SIX SIS AG is a foreign custodian bank, which holds investments

on behalf of its clients.  Compl. ¶ 3.  It has no operations in the United States.  SIX SIS AG did

not invest directly with Madoff or BLMIS; instead it invested in Fairfield Sentry, Fairfield

Sigma, Kingate Global, and Kingate Euro, all of which are organized under the laws of the BVI.

Compl. ¶ 2.  As with Caceis, the Trustee seeks to recover subsequent transfers from these foreign

Funds to SIX SIS AG.  Judge Rakoff's conclusion therefore controls:

> [T]o the extent that the Trustee's complaints allege that both the
> transferor and the transferee reside outside of the United States,
> there is no plausible inference that the transfer occurred
> domestically.  Therefore, unless the Trustee can put forth specific
> facts suggesting a domestic transfer, his recovery actions seeking
> foreign transfers should be dismissed.

---

[4]    Most of the Trustee's allegations and arguments in his supplemental filings in various adversary proceedings
(including the Proffered Allegations here) are virtually identical with one another.  The largely overlapping
nature of the Trustee's supplemental allegations and arguments against individual defendants is made explicit in
Exhibit 2 to the Trustee's main brief (Dkt. # 77-2), which sets out the allegations and arguments common to all
Defendants.  The Trustee's common allegations and arguments fail for all of the reasons discussed in the Reply
Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss
Based on Extraterritoriality ("Defendants' Omnibus Reply"), dated September 30, 2015 (Dkt. # 85).

513 B.R. at 232 n.4.  That ruling requires the dismissal of the Complaint against SIX SIS AG.

II.    **The Trustee's Proffered Allegations Do Not Give Rise to a Plausible Inference that the Transfers from the Funds to SIX SIS AG Occurred within the United States.**

The Proffered Allegations and Supplemental Memorandum of Law allege no facts which—accepted as true for purposes of this Motion—even arguably call into question the foreign nature of the transfers from the foreign transferor Funds to the foreign transferee, SIX SIS AG.  The only "new" allegation the Trustee asserts against SIX SIS AG specifically in the Proffered Allegations is that SIX SIS AG had a bank account in its own name at Brown Brothers Harriman in New York, through which some of the subscriptions and redemptions from the foreign Funds were processed.  Proffered Allegations ¶ 13.  However, Judge Rakoff expressly ruled that such allegations do not create a plausible inference that a transfer is domestic:

> Nor is the fact that some of the defendants here allegedly used correspondent banks in the United States to process dollar-denominated transfers sufficient to make these foreign transfers domestic.

513 B.R. at 228 n.1.  Judge Rakoff rested that conclusion on the holding in *Cedeño v. Intech Group, Inc.,* 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010), that there could be no extraterritorial application of the Racketeer Influenced and Corrupt Organizations Act where "[t]he scheme's contacts with the United States . . . were limited to the movement of funds into and out of U.S.-based bank accounts."  *Accord In re Midland Euro Exch. Inc.*, 347 B.R. 708, 715, 718 (Bankr. C.D. Cal. 2006) (finding that avoidance claims would result in extraterritorial application of 11 U.S.C. § 548 where "[t]he transferor was a Barbados corporation, the transferee was an English corporation, the funds originated from a bank account in London and, although transferred

4

through a bank account in New York, eventually ended up in another bank account in England").[5]

The Trustee's new allegation concerning SIX SIS AG's purported use of a New York bank account is virtually identical to the corresponding allegation against Caceis that Judge Rakoff found to be insufficient.[6]  Accordingly, the Trustee's motion for leave to amend must be denied.

### <u>CONCLUSION</u>

For all of the foregoing reasons and the additional reasons set out in Defendants' consolidated briefing, the Complaint must be dismissed, and leave to amend must be denied.

Dated:        New York, New York
              September 30, 2015

                                    Respectfully Submitted,

                                    /s/ Andreas A. Frischknecht
                                    Peter R. Chaffetz
                                    Andreas A. Frischknecht
                                    Erin E. Valentine

                                    CHAFFETZ LINDSEY LLP
                                    505 Fifth Avenue, 4th Floor
                                    New York, NY 10017
                                    Tel. (212) 257-6960
                                    Fax (212) 257-6950
                                    www.chaffetzlindsey.com

                                    *Attorneys for SIX SIS AG*

---

[5]    As these cases make clear, Judge Rakoff's ruling is not limited to correspondent bank accounts.  Instead, it applies broadly to any subsequent transfers received abroad by a foreign transferee from a foreign transferor—even if processed through a bank account in the United States.  *See* Defendants' Omnibus Reply at 28-29.

[6]    *Compare* Compl. ¶ 7 ("Defendant SIX SIS . . . wired funds to Fairfield Sentry through a bank in New York. Defendant SIX SIS also maintained a bank account in New York where, on information and belief, it received transfers of funds from Fairfield Sentry.") *with* Compl. ¶ 7, *Picard v. Caceis Bank Luxembourg*, No. 11-02758-smb (Bankr. S.D.N.Y. Oct. 6, 2011) (Dkt. # 1) ("Upon information and belief, the CACEIS Defendants . . . wired funds to Fairfield Sentry through a bank in New York.").