Scott M. Berman
Christopher L. McCall
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, New York 10036
Telephone:   (212) 833-1100
E-mail:      sberman@fklaw.com
             cmccall@fklaw.com

*ATTORNEYS FOR DEFENDANT PIERRE DELANDMETER*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS EUROPE LIMITED, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS PARTNERS (SUISSE) SA, ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAITRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator | Adv. Pro. No. 10-04285 (SMB) |

3133853.4

| |
|---|
| MAITRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAITRE ALAIN RUKAVINA and PAUL LAPLUME, MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, ROGER HARTMANN, RALF SCHROETER, RENE EGGER, ALAIN HONDEQUIN, HERMANN KRANZ, BERND (a/k/a, BERNARD) STIEHL, GROUPEMENT FINANCIER LTD.,<br>        Defendants. |

**REPLY MEMORANDUM OF LAW OF PIERRE DELANDMETER IN FURTHER SUPPORT OF HIS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS**

3133853.4

Defendant Pierre Delandmeter ("Delandmeter") respectfully submits this reply memorandum of law in further support of his motion to dismiss based on extraterritoriality and in opposition to the motion of Irving H. Picard (the "Trustee") for leave to file a second amended complaint in this adversary proceeding ("PSAC"). Delandmeter also adopts and incorporates, as if set forth fully herein, the arguments and grounds supporting dismissal without leave to amend set forth in the Reply Memorandum of Law of the Access Defendants, dated September 30, 2015 (the "Access ET Reply"), and the Consolidated Supplemental Reply.[1]

## PRELIMINARY STATEMENT

The Trustee seeks to recover purported transfers received by Delandmeter, a foreign national. Simply stated, neither the Amended Complaint filed on August 17, 2011 (the "Amended Complaint") nor the PSAC sets forth any detail regarding where the transfers occurred, and certainly does not make any plausible allegation that the transfer of fees to Delandmeter was made from the United States or to the United States. Consequently, (i) the Trustee's Amended Complaint as against Delandmeter must be dismissed; and (ii) the Trustee's motion for leave to amend as against Delandmeter should be denied.[2]

## FACTUAL BACKGROUND

The relevant factual background concerning the Access Defendants, Groupement Financier Ltd. ("Groupement"), Groupement Levered, and Luxalpha SICAV ("Luxalpha") are set forth in the Access ET Reply. To avoid unnecessary duplication, Delandmeter incorporates that discussion by reference.

---

[1] The term "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] Delandmeter has also moved to dismiss the Amended Complaint for lack of personal jurisdiction. *See* Docket Entries 98-101. That motion is fully briefed and *sub judice*.

1

3133853.4

Delandmeter is alleged to be a citizen of Belgium. PSAC ¶ 53. Delandmeter was a director of Access defendants Access Management Luxembourg S.A. ("AML") and Access Partners S.A. ("Access Partners"), each of which is a Luxembourg limited liability company incorporated as a *societe anonyme, see id.* ¶¶ 48, 49, and non-party Access International Advisors Inc. ("AIA Inc."), a New York corporation. *See id.* ¶ 50. Delandmeter was a "Legal Advisor" to foreign funds Groupement and Groupement Levered, and a "Director and Legal Advisor" to Luxalpha, a Luxembourg entity. *Id.* ¶¶ 53, 55.

Delandmeter is alleged to have received approximately $350,000 in subsequent transfers from Luxalpha in connection with legal services provided to Luxalpha, and an unspecified amount of subsequent transfers from Groupement in connection with legal services provided to it. *Id.* ¶ 292. The Trustee further alleges "upon information and belief" that a portion of the subsequent transfers received by AIA Ltd., AIA LLC, AP (Lux), and AML (f/k/a AIA (Lux)) were subsequently transferred to Delandmeter. *Id.*

In sum, the Trustee's allegations on their face demonstrate that Delandmeter was a foreign national who received foreign transfers from foreign investment funds and entities. As to the purported transfers which are alleged "upon information and belief" to have come from US-based AIA LLC, there are absolutely no allegations as to where those transfers occurred. Indeed, there are no allegations that any of the transfers ever touched U.S. soil, not at their origination points and not at their destinations.

## ARGUMENT

**The Amended Complaint Must be**
**Dismissed Under the Extraterritoriality Decision**

On July 7, 2014, Judge Rakoff decided the consolidated motion to dismiss of the Transferee Defendants (including the Access Defendants) based on extraterritoriality. *Secs.*

*Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y.2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied).[3] Judge Rakoff then remanded the adversary proceedings against the Access and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

The Trustee makes no effort to argue that the current operative Amended Complaint could withstand scrutiny under Judge Rakoff's ruling in the Extraterritoriality Decision. Nor could he. There are no facts suggesting that any of the transfers alleged to have been received by Delandmeter are domestic. The transfers alleged were made <u>from</u> foreign entities to Delandmeter, a foreign national. As to the purported transfers which are alleged "upon information and belief" to have come from US-based AIA LLC, there are absolutely no allegations as to where those transfers occurred. Because the transfers are neither alleged to originate from the United States nor sent to the United States, the Amended Complaint should be dismissed under the Extraterritoriality Decision.

---

[3] Judge Rakoff's ruling is consistent with pre-existing Supreme Court and Second Circuit authorities. As explained in the Consolidated Supplemental Reply, the Supreme Court and Second Circuit have repeatedly held that whether a claim would require an impermissible extraterritorial application of a statute depends on the location of the conduct that is the "focus" of the statute, or the "object of the statute's solicitude." Here, the conduct that is the focus is the foreign transfers at issue. *See* Transferee Reply at 10-18 (citing Supreme Court and Second Circuit cases).

3

**The Trustee's Motion for Leave To
Amend Should be Denied as Futile**

Unable to support the Amended Complaint after the Extraterritoriality Decision, the Trustee instead seeks leave to again amend his complaint to add additional allegations. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Thus, "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979). Because the Trustee cannot show that any of the subsequent transfers he seeks to recover occurred within the United States, the Trustee's effort to amend his complaint is futile, and his motion should be denied.

The Trustee advances two reasons to establish that its Proposed Second Amended Complaint is not futile. Neither is availing. First, the Trustee claims that the "Moving Access Defendants directed the creation of Luxalpha and Groupement Financier and serviced these funds for the sole purpose of investment with BLMIS in New York," and that the Access Defendants received fees "as a result of these investments." 6/26/15 Tr. Opp. at 3-4. The Trustee's argument completely misses the point of the Extraterritoriality Decision. Rather than pleading facts sufficient to give rise to a plausible inference that the subject transfers were made within the United States, as he is required to do to satisfy his burden, the Trustee instead focuses on the group-pled Access Defendants (though not Delandmeter's specifically) and their alleged knowledge of the purpose of the feeder funds investment in BLMIS. Because the new allegations within the Proposed Second Amended Complaint say nothing whatsoever concerning the location of the transfers allegedly sent to Delandmeter, the Trustee has failed to meet his burden, and his motion to amend should be held to be futile.

4

3133853.4

Second, the Trustee's focus on a few ancillary contacts Delandmeter purportedly had with the United States also fail to justify the extraterritorial reach of the U.S. bankruptcy laws. The Trustee alleges that Delandmeter "performed work in New York and received transfers based on activity that took place in New York." Opp., p. 12; PSAC, ¶ 292. However, the only direct contact the Trustee can cite are "several occasions" where Delandmeter attended an Access quarterly meeting in person in New York. Opp., p. 12; PSAC, ¶ 83. The Trustee otherwise relies on significantly attenuated contacts with the forum such as "telephone conference" calls and other "communications" that Delandmeter allegedly had with New York, as well as his position as a director of non-party AIA Inc. Opp., pp. 12-13; PSAC, ¶¶ 50, 53, 83-85. The Trustee should not be allowed to misdirect the focus of attention from the dispositive inquiry – namely, where the relevant transfers occurred – to non-relevant ancillary actions allegedly occurring in the United States. The Trustee's vague allegations of these activities has no bearing on whether the transfers that Delandmeter received were domestic or foreign. As explained in the Consolidated Supplemental Reply, similar facts were considered by Judge Rakoff and rejected as irrelevant to the question of where the transfers occurred. *See* Consolidated Supplemental Reply at 5-7. The Trustee's allegations that Delandmeter visited New York, or conducted activities with tangential association with the United States, do not substitute for the allegations that he received subsequent transfers there. Simply stated, none of the allegations in the Proposed Second Amended Complaint, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers to Delandmeter occurred in the United States.

## CONCLUSION

For the reasons set forth above, the Trustee's motion for leave to amend its complaint should be denied and Delandmeter's motion to dismiss the operative Amended Complaint should be granted.

Dated:   New York, New York
         September 30, 2015

                                      Respectfully submitted,

                                      FRIEDMAN KAPLAN SEILER &
                                      ADELMAN LLP

                                      By:   */s/ Scott M. Berman*
                                              Scott M. Berman

                                      **FRIEDMAN, KAPLAN, SEILER &
                                      ADELMAN LLP**
                                      7 Times Square
                                      New York, New York 10036
                                      (212) 833-1120
                                      sberman@fklaw.com

                                      *Attorneys for Defendant*
                                      *Pierre Delandmeter*

3133853.4