**CHAFFETZ LINDSEY LLP**
505 Fifth Avenue, 4th Floor
New York, NY 10017
Tel. (212) 257-6960
Fax (212) 257-6950
www.chaffetzlindsey.com

*Attorneys for Kingate Management Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF <br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> FEDERICO CERETTI, et al., <br><br> Defendants. | Adv. Pro. No. 09-1161 (SMB) <br><br> **DEFENDANT KINGATE MANAGEMENT LIMITED'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY** |

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

    I.      The Alleged Domestic Connections between the Fictional "Kingate Enterprise" and the United States Are Irrelevant to the Question of Whether the Subsequent Transfers from the Kingate Funds to KML Were Domestic Transfers. ................... 2

    II.     International Comity Bars the Trustee's Claims. ...................................................... 4

CONCLUSION ......................................................................................................................... 5

Defendant Kingate Management Limited ("KML") respectfully submits this supplemental memorandum of law in support of the Transferee Defendants' motion to dismiss based on extraterritoriality and joins Defendants' Consolidated Reply.[1]

## INTRODUCTION

Despite the clarity of Judge Rakoff's July 7, 2014 Opinion and Order,[2] the Trustee seeks to apply the U.S Bankruptcy Code extraterritorially to recover management fees paid by two foreign Madoff feeder funds, Kingate Global Fund and Kingate Euro Fund (together, the "Kingate Funds"), to their foreign manager, KML. In so doing, he misconstrues the Opinion and Order, and then trots out every possible connection, however tenuous or irrelevant, linking his claims with the United States. But Judge Rakoff has already decided that none of those ostensible connections is sufficient to turn what was purely foreign transfer of management fees from one foreign entity to another into a domestic transfer subject to the Bankruptcy Code.

Further, Judge Rakoff concluded that "even if the presumption against extraterritoriality were rebutted, the Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity." 513 B.R. at 231. Under a clear application of the District Court's Opinion and Order, the complaint as to KML should be dismissed.

## ARGUMENT

The Trustee seeks to recover approximately $300 million in subsequent transfers from the Kingate Funds to the "Management Defendants," including KML. (Compl. ¶¶ 253-54). The Kingate Funds are organized under the laws of the British Virgin Islands ("BVI") (Compl. ¶¶ 38, 40) and are in liquidation there. (Compl. ¶ 43). KML is organized under the laws of Bermuda (Compl. ¶ 44) and is in liquidation there.

---

[1] Reply Consol. Supp. Mem. of Law in Support of Transferee Defs.' Mot. to Dismiss Based on Extraterritoriality, dated September 30, 2015.

[2] *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014) (the "Opinion and Order").

1

The Trustee argues that this Court must look past Judge Rakoff's Opinion and Order to "consider the economic reality of the Transfers" (Supp. Mem. 4-5, ECF No. 195) and find that, because "[t]he component events *in this proceeding* are domestic," the subsequent transfers from the Kingate Funds to KML are somehow domestic. (Supp. Mem. 18 (emphasis added)). But the relevant "component events" do not include, as the Trustee argues, every event having some connection, however minor or remote, to the transfers. It is the transfers themselves that matter. The Trustee alleges no facts that even suggest that the transfers from the Kingate Funds to KML occurred domestically.

Further, the Trustee ignores Judge Rakoff's holding that "even if the presumption against extraterritoriality were rebutted, the Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity." 513 B.R. at 231. That holding is particularly pertinent here, where (i) KML itself is in liquidation in Bermuda and (ii) the Kingate Funds have brought claims against KML in Bermuda to recover the *exact same transfers*.

> **I.    The Alleged Domestic Connections between the Fictional "Kingate Enterprise" and the United States Are Irrelevant to the Question of Whether the Subsequent Transfers from the Kingate Funds to KML Were Domestic Transfers.**

To try to connect purely foreign transfers to the United States, the Trustee groups several defendants (including the Kingate Funds and KML) into a fictional entity he calls the "Kingate Enterprise." He then lists every possible connection between the so-called Kingate Enterprise and the United States. These connections are irrelevant to the situs of the transfers from the Kingate Funds to KML.

The Trustee relies heavily on the fact that the Kingate Funds invested their assets with BLMIS in New York, and therefore delivered subscription agreements governed by New York law to BLMIS, delegated investment management authority and custody of the Kingate Funds'

2

assets to BLMIS, and received funds from BLMIS. (Supp. Mem. at 5-12). The same facts were presented to Judge Rakoff.[3] He held that "[a]lthough the chain of transfers originated with Madoff Securities in New York, that fact is insufficient to make the recovery of . . . otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a)." 513 B.R. at 228.

Relying on cases about personal jurisdiction, the Trustee also argues that KML had a "presence" in New York because it allegedly appointed BLMIS as its agent to receive investment funds. (Supp. Mem. at 13). But the issue is not whether a transferee of funds has a domestic jurisdictional "presence." The issue is where the *transfer* at issue took place. The Trustee does not, because he cannot, explain how KML's alleged U.S. "presence" makes a transfer of management fees among foreign entities a domestic transfer. Judge Rakoff held that a transfer of funds between two foreign entities is a predominantly foreign transfer, without regard to the multitude of jurisdictions in which those entities might have a "presence."

The Trustee also points out that KML's management fees were calculated based on the Kingate Funds' net asset values, which, in turn, depended on the value of the Funds' investments with BLMIS. (Supp. Mem. at 16). *How* KML's fees were calculated simply has nothing to do with *where* those fees were paid.

Grasping at a final straw, the Trustee argues that transfers of fees from the Kingate Funds to KML were domestic transfers because KML invoked U.S. and New York law to defend itself in a different case long after the transfers took place. (Supp. Mem. at 19). One has nothing to do with the other. It would be some Catch-22 if invoking U.S. law to show that it does not apply

---

[3] Judge Rakoff considered nearly identical allegations in the Trustee's adversary proceeding against CACEIS Bank Luxembourg and CACEIS Bank. The CACEIS Complaint includes allegations that CACEIS benefited from the Fairfield and Harley Funds' investments with BLMIS and that the CACEIS Defendants (i) entered into subscription agreements that were governed by New York law, (ii) sent copies of the agreements to FGG's New York City office, and (iii) wired funds to Fairfield Sentry through a bank in New York. Compl. ¶ 7, *Picard v. Caceis Bank Luxembourg*, No. 11-02758-smb (Bankr. S.D.N.Y. Oct. 6, 2011), ECF. No. 1.

3

created an otherwise non-existent basis for its application. The notion is absurd. Equally absurd is the notion that asserting defenses against claims asserted under domestic law could somehow change the situs of a transfer of funds.

## II. International Comity Bars the Trustee's Claims.

Judge Rakoff held that comity requires dismissal of the Trustee's claims against the subsequent transferee defendants. KML is in liquidation proceedings in Bermuda.[4] Pursuant to the Bermuda Companies Act of 1981 and the Companies Rules of 1982, creditors of KML can file claims against KML in Bermuda. The Bermuda courts will determine whether those creditors are entitled to recovery and will apportion KML's assets accordingly. As Judge Rakoff recognized in the Opinion and Order:

> The Trustee is seeking to use SIPA to reach around such foreign liquidations to make claims to assets . . . . Given the indirect relationship between Madoff Securities and the transfers at issue here, these foreign jurisdictions have a greater interest in applying their own laws than does the United States.

513 B.R. at 232. Judge Rakoff also noted:

> [M]any of the feeder funds are currently involved in their own liquidation proceedings in their home countries. These foreign jurisdictions have their own rules concerning on what bases the recipient of a transfer from a debtor should be required to disgorge it.

*Id*.

The Kingate Funds are in liquidation proceedings in the BVI.[5] On December 22, 2010, they sued KML in Bermuda.[6] Their Statement of Claim alleges breach of contract, breach of duty of

---

[4] By order dated March 2, 2012, the Bermuda Court wound up KML and appointed The Official Receiver of Bermuda, Stephen Lowe, as liquidator. Attached as Exhibit 1 to the Declaration of Ted R. DeBonis, dated September 30, 2015 ("DeBonis Declaration") is a true and correct copy of the order winding up KML.

[5] By orders dated June 4, 2009, the High Court of the BVI appointed liquidators and wound up the Funds.

[6] A true and correct copy of the Writ of Summons is attached as Exhibit 2 to the DeBonis Declaration.

4

care, and unjust enrichment, and the litigation is well along.[7] Ultimately, the Bermuda courts will determine the exact issue before this Court – whether KML is required to disgorge the management fees it was paid.[8] Accordingly, the complaint as to KML should be dismissed on comity grounds.

## CONCLUSION

For all of the foregoing reasons and the additional reasons set out in Defendants' Consolidated Reply, the complaint as to KML should be dismissed.

Dated:     New York, New York
           September 30, 2015

                                    Respectfully submitted,

                                    /s/ Scott W. Reynolds
                                    Scott W. Reynolds
                                    Erin E. Valentine
                                    Theodore R. DeBonis

                                    CHAFFETZ LINDSEY LLP
                                    505 Fifth Avenue, 4th Floor
                                    New York, NY 10017
                                    Tel. (212) 257-6960
                                    Fax (212) 257-6950
                                    www.chaffetzlindsey.com

                                    *Attorneys for Kingate Management Limited*

---

[7] The Funds have filed a number of amendments to the Statement of Claim. A true and correct copy of the operative Re-Re-Re-Amended Statement of Claim dated April 17, 2015 is attached as Exhibit 3 to the DeBonis Declaration.

[8] In the Opinion and Order, Judge Rakoff noted that, with respect to the Fairfield Funds, the BVI court had already issued decisions that are "in conflict with what the Trustee seeks to accomplish here." 513 B.R. at 232.

5