KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022

*Attorneys for Defendant Zeus Partners Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VIZCAYA PARTNERS LIMITED, BANQUE JACOB SAFRA (GIBRALTAR) LTD. a/k/a BANK J SAFRA LIMITED, SIAM CAPITAL MANAGEMENT, ASPHALIA FUND LIMITED, and ZEUS PARTNERS LIMITED,<br><br>　　　　Defendants. | Adv. Pro. No. 09-01154 (BRL) |

**REPLY MEMORANDUM OF LAW OF ZEUS PARTNERS LIMITED'S
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON
EXTRATERRITORIALITY AND IN OPPOSITION TO
<u>THE TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

Defendant Zeus Partners Limited ("Zeus") respectfully submits this reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the motion of Irving H. Picard (the "Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for leave to file a second amended complaint in this adversary proceeding (the "Proposed Complaint"). In light of Judge Rakoff's guidance and existing authority of the Second Circuit and Supreme Court, Zeus respectfully submits that the Trustee's Proposed Complaint is a futile attempt to resuscitate its claims.

## FACTUAL BACKGROUND

Vizcaya Partners Limited ("Vizcaya") and Zeus are limited companies incorporated in the British Virgin Islands. (Proposed Complaint ¶¶ 3, 6.)[1] Vizcaya was an investor in BLMIS, and Zeus was one of Vizcaya's shareholders. (*Id.* ¶¶ 1, 6.) Both Vizcaya and Zeus are alleged to have operated abroad, and to have been managed by a common director, Gerard F. Vila. (*Id.* ¶¶ 47, 49.) Neither Vizcaya nor Zeus operated from New York. (*Id.* ¶¶ 56, 112.)

Vizcaya invested with BLMIS over $327 million and withdrew money on only two occasions: (1) $30 million on August 29, 2008; and (2) $150 million on October 31, 2008 (collectively, the "Transfers"). (*Id.* ¶¶189-190; *see also* Exhibit B to Proposed Complaint.) At the direction of Vizcaya's shareholders, including Zeus (which had in turn received redemption requests from Bank Jacob Safra (Suisse) SA ("Safra (Suisse)")), Vizcaya withdrew $180 million and subsequently transferred $103 million to Zeus.[2] (Proposed Complaint ¶ 194.) The Transfers were made from one foreign company (Vizcaya) to another foreign company (Zeus) at the direction of a third foreign company (Safra (Suisse)). There is no allegation that the Transfers ever touched U.S. soil – not at their origination points and not at their destinations.

---

[1] The facts contained herein are recited as alleged by the Trustee in the Proposed Complaint.

[2] The allegation in the Proposed Complaint that Zeus received $108 million is simply wrong.

## ARGUMENT

The Trustee makes no effort to argue that his operative Amended Complaint could withstand scrutiny under Judge Rakoff's ruling in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Instead, the Trustee seeks leave to amend his complaint to add additional allegations. The Trustee's effort is futile.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Thus, "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

To determine whether the Trustee's use of section 550(a) to recover transfers among foreign entities is an extraterritorial application of the statute, Judge Rakoff directed that this Court should evaluate whether "the transfer of property to a subsequent transferee" is foreign, "not the relationship of that property to a perhaps-distant debtor." Extraterritoriality Decision, 513 B.R. at 227. Judge Rakoff held that where "both the transferor and the transferee reside outside of the United States, *there is no plausible inference that the transfer occurred domestically.*" *Id.* at 232 n.4 (emphasis added). Judge Rakoff mandates dismissal in these cases "unless the Trustee can put forth specific facts suggesting a domestic transfer."[3] *Id.*

---

[3] Judge Rakoff's ruling is consistent with pre-existing Supreme Court and Second Circuit authorities. As explained in the Reply Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, the Supreme Court and the Second Circuit have repeatedly instructed that whether or not a claim would require an impermissible extraterritorial application of a statute depends on the "focus" of the statute, here, the Transfers at issue. *See* Transferee Reply Brief at 10-18 (citing Supreme Court and Second Circuit cases).

Here, there are no facts alleged that come close to demonstrate that the Transfers are domestic. The Transfers at issue were made from Vizcaya to Zeus at the direction of Safra (Suisse), all three foreign entities, organized and operated abroad. The Transfers are alleged neither to originate from the United States nor to have transferred to the United States. There are no alleged domestic components of the transactions.

Nevertheless, the Trustee advances three irrelevant reasons to establish that its Proposed Complaint is not futile. None withstands scrutiny. First, the Trustee argues that BLMIS's business activity in New York should be imputed to Vizcaya and Zeus, rendering the Transfers between Vizcaya and Zeus domestic. (Opp. at 4.)[4] The Trustee does not (and cannot) argue that BLMIS, Vizcaya, and Zeus are altar-egos of one another, but merely that BLMIS's activities were the only activities "generating profit for Zeus" and BLMIS "controlled all investment advisory, management, and custodial functions for Vizcaya and, because they worked in tandem, for Zeus." (*Id.* at 4, 5.) As a factual matter, BLMIS was not generating profit for Zeus nor was it performing duties as an investment advisor, manager, or custodian; rather, BLMIS was depositing Zeus's funds in a checking account and using those funds to finance a Ponzi scheme.

As a legal matter, the argument makes no sense. Judge Rakoff's Extraterritoriality Decision made clear that the determination of whether a transfer is foreign has nothing to do with "the relationship of that property to a perhaps-distant debtor." 513 B.R. at 227; *see also Sherwood Invs. Overseas Ltd., Inc. v. The Royal Bank of Scotland N.V.*, Case No. 6-10-bk-00584-KSJ, 2015 WL 4486470, at *18-22 (M.D. Fla. July 22, 2015) (holding that transfers were extraterritorial even though debtor was in the United States); *Balintulo v. Ford Motor Co.*, 796

---

[4] "Opp." refers to The Trustee's Supplemental Memorandum of Law in Opposition to Zeus' Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints, dated June 26, 2015.

F.3d 160, 168 (2d Cir. 2015). Accordingly, the Trustee's first argument – that BLMIS's conduct is somehow relevant to an evaluation of the subsequent Transfers – ignores Judge Rakoff's holding in the Extraterritoriality Decision.

The Trustee next argues that Safra National Bank of New York ("Safra New York"), among other things, "control[led] investments into Zeus," "monitored Zeus's daily operations," and "revised and negotiated Zeus's corporate documents and reviewed Zeus's performance." (Opp. at 4, 5.) Just as BLMIS's conduct has no relevance to an evaluation of subsequent Transfers at issue, the same is true of Safra New York's conduct. Judge Rakoff clearly held in the Extraterritoriality Decision that "there is no plausible inference that the transfer occurred domestically" when, as here, "both the transferor and the transferee reside outside of the United States." 513 B.R. at 232 n.4. Neither Vizcaya nor Zeus was organized, resided, or operated in New York. It does not matter that an investor of Zeus allegedly did.[5] Indeed, Judge Rakoff instructed that courts should evaluate "the transfer of property to a subsequent transferee," not the relationship between the subsequent transferee and its investors.[6] *Id.* at 227. Here, the Proposed Complaint is devoid of allegations that the Transfers ever touched the United States.[7]

Finally, the Trustee argues that "Zeus acknowledged that the United States Bankruptcy Court was the appropriate forum for substantive adjudication of the Trustee's claims" because

---

[5] Here too the Trustee ignores the fact that Safra New York and Safra (Suisse) are separate legal entities and one's activities cannot be imputed to the other without more.

[6] The Trustee makes other factual assertions that have no relevance to this Court's determination. For example, the Trustee argues that subscriptions into and redemptions from Zeus were made in U.S. dollars and transferred via U.S. banks. (Opp. at 4.) The Trustee similarly argued that a meeting of Zeus's board of directors in New York makes the Transfers domestic. These facts, however, are irrelevant because the focus of the inquiry, as Judge Rakoff instructed, is on the Transfers themselves.

[7] The Trustee alleges that initial transfers were sent from BLMIS to Safra (Suisse) in Connecticut and New York. (Proposed Complaint ¶¶ 189, 190.) But there is no allegation that the Transfers at issue here – from Vizcaya to Zeus – ever touched the United States.

"Zeus consented to the repatriation of the Zeus Funds from Gibraltar to the United States Bankruptcy Court." (Opp. at 5.) This argument is counter-factual; Zeus never waived a defense to argue that the Trustee's was attempting to improperly and extraterritorially apply the U.S. Bankruptcy Code. The Trustee and Zeus agreed, and the Court ordered, that "[o]nce the Default Judgment is vacated as against Zeus, Zeus waives any affirmative defense it may have to improper service of process, *but Zeus retains the ability to otherwise defend itself against the merits of the claims contained within the FAC*." (Stipulation and Order at ¶ 2, Adv. Pro. No. 09-01154, ECF No. 56 (S.D.N.Y. filed November 23, 2010) (emphasis added).) The Stipulation and Order also provided that "[a]ll of Zeus's rights and defenses with respect to the FAC [the operative complaint at the time] are otherwise expressly preserved, including Zeus's right to raise any defenses cognizable under any applicable statute or common law principle, including under the Bankruptcy Code." (*Id.* ¶ 2.) Thus, the Trustee's argument is simply wrong.

## CONCLUSION

For the reasons set forth above, the Trustee's motion for leave to amend its complaint should be denied and Zeus's motion to dismiss the operative complaint should be granted.

Dated:   New York, New York
         September 30, 2015

                                        KATTEN MUCHIN ROSENMAN LLP

                                        By:    s/ Anthony L. Paccione
                                               Anthony L. Paccione
                                               anthony.paccione@kattenlaw.com
                                               Mark T. Ciani
                                               mark.ciani@kattenlaw.com
                                               575 Madison Avenue
                                               New York, NY 10022-2585
                                               (212) 940-8800

                                        *Attorneys for Zeus Partners Limited*