William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: wsushon@omm.com

*Attorneys for the Credit Suisse Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br>v.<br><br>Credit Suisse AG, et al.,<br><br>Defendants. | Adv. Pro. No. 11-02925 (SMB) |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br>v.<br><br>Credit Suisse AG (as successor-in-interest to Clariden Leu AG and Bank Leu AG),<br><br>Defendants. | Adv. Pro. No. 12-01676 (SMB) |

**CREDIT SUISSE DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**

## PRELIMINARY STATEMENT[1]

The Credit Suisse Defendants adopt and incorporate by reference the Consolidated Reply and write separately to address arguments raised in the Opposition Addenda. Judge Rakoff has made clear that the only thing that matters in the extraterritoriality inquiry is where the transfers occurred, which is where the parties to the transfer are incorporated. The parties to the challenged transfers to the Credit Suisse Defendants are all indisputably incorporated abroad. The Trustee's proffered allegations concerning other issues—such as domestic business activities of the Credit Suisse Defendants' affiliates, BLMIS's location, the feeder funds' management's location, and the use of domestic bank accounts to accomplish the transfers—have no bearing on this question, and Judge Rakoff has already rejected them as a basis for concluding that transfers are domestic. The Trustee's motion for leave to amend his claims against the Credit Suisse Defendants should therefore be denied as futile and the complaints against them dismissed.

## ARGUMENT

### I. THE OPERATIVE COMPLAINTS FAIL TO PLEAD FACTS RAISING A PLAUSIBLE INFERENCE THAT THE SUBSEQUENT TRANSFERS TO THE CREDIT SUISSE DEFENDANTS OCCURRED IN THE UNITED STATES.

As explained in Part I of the Consolidated Reply, the Trustee makes no effort to show that his existing complaints plead sufficient facts to survive a motion to dismiss as the Court's

---

[1] In this memorandum, (i) the "Credit Suisse Defendants" are Credit Suisse AG; Credit Suisse AG, Nassau Branch; Credit Suisse AG, Nassau Branch Wealth Management; Credit Suisse AG, Nassau Branch LATAM Investment Banking; Credit Suisse Wealth Management Limited; Credit Suisse (Luxembourg) SA; Credit Suisse International Limited; Credit Suisse Nominees (Guernsey) Limited; Credit Suisse London Nominees Limited; Credit Suisse (UK) Limited; and Credit Suisse AG (as successor-in-interest to Clariden Leu AG and Bank Leu AG); (ii) the "Actions" are Adversary Proceedings 11-02925 and 12-01676; (iii) the "Opposition Addenda" is the Trustee's opposition addenda directed at the Credit Suisse Defendants; (iv) the "Proffered Allegations" are the Trustee's proffered allegations against the Credit Suisse Defendants; (v) the "Consolidated Memorandum" is the Transferee Defendants' consolidated memorandum of law in support of their motion to dismiss the Trustee's claims based on extraterritoriality; (vi) the "Consolidated Reply" is the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015; and (vii) "BLMIS" is Bernard L. Madoff Investment Securities LLC. Unless otherwise specified, all emphasis is added and all quotation marks and internal citations are omitted.

December 10, 2014 Order (as amended) requires:

> On or before 81 days from the date of this Order, the Trustee and SIPC may each file a consolidated supplemental memorandum of law opposing the dismissal of the Listed Counts . . . plus additional addenda, not to exceed five pages each, detailing the reasons why the Listed Counts against specific Transferee Defendants, or any portion thereof, should not be dismissed.[2]

Instead, with the exception of a non-substantive allegation concerning the funds in which the Credit Suisse Defendants were shareholders,[3] the Trustee relies entirely on allegations in his proffered amendments.[4] This tacit admission that the existing complaints are deficient mandates dismissal.[5]

## II. THE COURT SHOULD DENY THE TRUSTEE'S REQUEST FOR LEAVE TO AMEND BECAUSE THE PROPOSED AMENDMENTS ARE FUTILE.

As discussed in greater detail in Part II of the Consolidated Reply, the Trustee's motion for leave to amend should be denied as futile because the proffered allegations do not give rise to a plausible inference that the transfers occurred within the United States.[6] Judge Rakoff made clear that the relevant question in determining whether the transfers occurred domestically is "the location of the transfers as well as the component events of those transactions," which are the locations of the transferor and transferee as determined by their place of incorporation.[7] Thus, to

---

[2] Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (Dec. 10, 2014). The "Listed Counts" appear in Exhibits A and B to the Order and "identify the counts, or parts thereof, asserted in the adversary proceeding against that defendant (a) to recover one or more subsequent transfers made by a transferor that is neither a citizen of, nor an entity organized under the laws of, the United States (b) pursuant to 11 U.S.C. § 550(a)(2)." *See id.* ¶ N.

[3] Trustee's Memorandum of Law in Opposition 2, No. 11-02925 (SMB) (S.D.N.Y. Jun. 29, 2015) (ECF No. 73); Trustee's Memorandum of Law in Opposition 2, No. 12-01676 (SMB) (S.D.N.Y. Jun. 29, 2015) (ECF No. 58).

[4] *See Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 851 n.16 (S.D.N.Y. 2000) (holding that parties may not assert new facts in submissions on motion to dismiss).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[6] *See Absolute Activist Master Fund v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (holding that requests for leave to amend should be denied only if the amendment would be futile.).

[7] *Picard*, 513 B.R. at 227 (quoting *Maxwell I*, 186 B.R. 807, 817 (S.D.N.Y. 1995)).

recover a transfer under 11 U.S.C. § 550(a)(2), a complaint must plead that either the transferor or transferee was incorporated under the laws of one of the United States.

The proposed amendments cannot in good faith do that, because each of the feeder funds and Credit Suisse Defendants are incorporated abroad.[8] So the Trustee instead proposes a raft of irrelevant new allegations. As explained more fully in Part II.B of the Consolidated Reply, none of these proffered allegations meet Judge Rakoff's standard:

- The allegations that Credit Suisse Defendants submitted to U.S. law and jurisdiction because their subscription agreements expressly provided that their investments would be governed by New York law is not only incorrect,[9] it is irrelevant because the subscription agreements' choice of law provisions have no bearing on where the transfers themselves took place.[10]

- As the Consolidated Reply points out in Part II.B.4, whether the Credit Suisse Defendants "knew and intended that their investments would be transferred to BLMIS in New York to manage and invest in the U.S. securities markets"[11] does not speak to the domestic nature of the transfers. [12]

- The fact that the Credit Suisse Defendants used U.S. affiliates, agents, or offices in connection with the transfers does not plausibly suggest that the transfers themselves were domestic.[13] Whether Credit Suisse Defendants' personnel "regularly met and communicated with the BLMIS Feeder Funds' New York-based managers or representatives"[14] or, with respect to Credit Suisse AG, the

[8] Credit Suisse AG et al. Compl. ¶¶ 8–17; Credit Suisse AG Compl. ¶¶ 8–10.

[9] Certain Credit Suisse Defendants, including Credit Suisse Nominees (Guernsey) Limited and Credit Suisse London Nominees Limited, have limited the applicability of the New York choice-of-law provisions contained in their subscription agreements.

[10] Proffered Allegations against Credit Suisse AG et al., at ¶¶ 18–24; Proffered Allegations against Credit Suisse AG, at ¶¶ 16–22.

[11] Proffered Allegations against Credit Suisse AG et al., at ¶ 13; Proffered Allegations against Credit Suisse AG, at ¶ 12.

[12] Proffered Allegations against Credit Suisse AG et al., at ¶¶ 13–17; Proffered Allegations against Credit Suisse AG, at ¶¶ 12–15.

[13] Proffered Allegations against Credit Suisse AG et al., at ¶¶ 9, 33–39; Proffered Allegations against Credit Suisse AG, at ¶¶ 28–34.

[14] Proffered Allegations against Credit Suisse AG et al., at ¶ 36; Proffered Allegations against Credit Suisse AG, at ¶ 29.

Credit Suisse Defendants' U.S.-based feeder fund investment activities were "coordinated" and "part of the larger CS Group of companies' substantial U.S. operations" do not demonstrate that the subsequent transfers themselves were domestic. [15]

- As the Consolidated Reply explains in Part II.B.5, the fact that the Credit Suisse Defendants "conducted regular and extensive due diligence based in New York"[16] or conducted due diligence "by New York personnel at CS AG's headquarters"[17] with respect to the feeder fund investments has nothing to do with the location of the transfers.

- As the Consolidated Reply points out in Part II.B.7, Judge Rakoff already rejected the argument that the use of U.S. bank accounts, including correspondent bank accounts, to receive redemption payments from the feeder funds demonstrates that the subsequent transfers were domestic .[18]

In short, the new allegations against the Credit Suisse Defendants fail to address the key question—where the transfers at issue themselves took place. Since the Trustee's proffered allegations do not give rise to a plausible inference that the subsequent transfers were domestic, his motion for leave to amend should be denied.

**CONCLUSION**

The Trustee's complaints against the Credit Suisse Defendants cannot survive a motion to dismiss because they fail to plead sufficient facts giving rise to a plausible inference that the challenged transfers occurred in the United States. The Trustee does not satisfy the standard for leave to amend because his proposed amendments likewise fail to satisfy the Trustee's pleading burden. For the foregoing reasons, as well as those in the Consolidated Reply, the Court should dismiss the Trustee's complaints and deny his request for leave to amend.

---

[15] Proffered Allegations against Credit Suisse AG et al., at ¶ 40–44.

[16] Proffered Allegations against Credit Suisse AG et al., at ¶ 32.

[17] Proffered Allegations against Credit Suisse AG, at ¶ 28.

[18] Proffered Allegations against Credit Suisse AG et al., at ¶¶ 25–31; Proffered Allegations against Credit Suisse AG, at ¶¶ 23–27.

Dated: New York, New York
      September 30, 2015                                       Respectfully submitted,

                                                                     By: /s/ William J. Sushon
                                                                          William J. Sushon
                                                                          Daniel S. Shamah
                                                                          O'MELVENY & MYERS LLP
                                                                          Seven Times Square
                                                                          New York, New York  10036
                                                                          Telephone:  (212) 326-2000
                                                                          Facsimile:   (212) 326-2061
                                                                          E-mail: wsushon@omm.com

                                                                          *Attorneys for the Credit Suisse Defendants*