**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for ABN AMRO Fund Services
(Isle Of Man) Nominees Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff, | Adv. Pro. No. 12-01697 (SMB) |
| Plaintiff, | |
| v. | |
| ABN AMRO FUND SERVICES (ISLE OF MAN) NOMINEES LIMITED, f/k/a Fortis (Isle of Man) Nominees Limited, PLATINUM ALL WEATHER FUND LIMITED, and ODYSSEY, | |
| Defendants. | |

**ABN AMRO FUND SERVICES (ISLE OF MAN) NOMINEES LIMITED'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN REPLY TO
TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINTS**

**TABLE OF CONTENTS**

**Page**

BACKGROUND ................................................................................................................................1

ARGUMENT ....................................................................................................................................2

I.  THE OPERATIVE COMPLAINT MUST BE DISMISSED ................................................2

II. AMENDMENT IS FUTILE BECAUSE THE TRUSTEE'S PROFFERED ALLEGATIONS FAIL TO RAISE A PLAUSIBLE INFERENCE THAT THE TRANSFERS WERE DOMESTIC ................................................................................2

    A.  The Proffered Allegations Make Clear that ABN Isle of Man is Foreign ...................3

    B.  The District Court Has Already Ruled That the Fairfield Funds Were Foreign Transferors ................................................................................3

    C.  The Proffered Allegations Have Not Raised A Plausible Inference that the Transfers Occurred Domestically ................................................................................4

        1.  The Subsequent Transfers Were Transferred Abroad, except for Incidental Contact with Correspondent Bank Accounts in the U.S. .................4

        2.  That ABN Isle of Man Had the Knowledge or Intent to Invest in BLMIS is Irrelevant to the Location of the Transfers ..............................................5

    D.  The Choice-of-Law and Venue Provisions in the Fairfield Funds' Subscription Agreements with the Fairfield Funds Do Not Apply to the Transfers at Issue. ................................................................................5

CONCLUSION ................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Cedeno v. Initech Group, Inc.*,
    733 F. Supp. 2d 471 (S.D.N.Y. 2010) ................................................................................... 4

*Fagan v. Republic of Austria*,
    No. 08-Civ-6715, 2011 WL 1197677 (S.D.N.Y. Mar. 25, 2011) ............................................. 3

*Picard v. CACEIS Bank Lux.*,
    Adv. Pro. No. 11-02758-SMB (Bankr. S.D.N.Y. Oct. 6, 2011) ............................................... 3

*Sec. Investor Prot. Corp. v. Bernard Madoff Inv. Sec. LLC (In re BLMIS)*,
    513 B.R. 222 (S.D.N.Y. 2014) ....................................................................................... *passim*

### STATUTES

31 U.S.C. § 5318A(e)(1)(B) ................................................................................................... 4

Defendant ABN AMRO Fund Services (Isle of Man) Nominees Limited ("ABN Isle of Man") respectfully submits this memorandum in reply to the Trustee's Opposition Brief.[1] ABN Isle of Man adopts and incorporates by reference the arguments made in the Consolidated Brief.[2]

## BACKGROUND

Irving H. Picard (the "Trustee"), trustee for the estate of Bernard L. Madoff Investment Securities LLC ("BLMIS"), seeks through this adversary proceeding to recover $122,216,748 that was allegedly transferred from Fairfield Sentry and Fairfield Sigma (together, the "Fairfield Funds") to ABN Isle of Man, $120,937,982 of which was allegedly received in bank accounts held by Defendants Platinum All Weather Fund Limited ("Platinum") and Odyssey (together with ABN Isle of Man, the "Defendants"). Proffer ¶¶ 1, 39-40. This proceeding is among those for which the District Court withdrew the reference, and is governed by the opinion and order in *Sec. Investor Prot. Corp. v. Bernard Madoff Inv. Sec. LLC (In re BLMIS)*, 513 B.R. 222 (S.D.N.Y. 2014).

As described in the Consolidated Brief, the District Court held that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers and thus would require an extraterritorial application of section 550(a)." *Id.* at 228. Further holding that "the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers," *id.* at 232, the District Court remanded, instructing that "to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible interference that the transfer occurred domestically." *Id.* at 232 n.4.

---

[1] The term "Opposition Brief" shall mean the Trustee's Supplemental Memorandum of Law in Opposition to ABN AMRO Fund Services (Isle of Man) Nominees Limited's, Platinum All Weather Fund Limited's, and Odyssey's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints, ECF No. 97.

[2] The term "Consolidated Brief" shall mean the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, dated September 30, 2015.

Upon remand, the Trustee filed the Proffered Allegations.[3] The Proffered Allegations do not establish that the transferees were domestic, or alter the Trustee's allegation that the Fairfield Funds were incorporated in the British Virgin Islands ("BVI"). Instead, they relate almost exclusively to the residence of affiliates of the transferors and transferees, or to general awareness about BLMIS and its feeder funds, with no connection to the location of the transfers.

## ARGUMENT

### I. THE OPERATIVE COMPLAINT MUST BE DISMISSED

Because this proceeding was among those for which the District Court withdrew the reference, the Court's decision controls here, and the Trustee's complaint must be dismissed without leave to amend. In his original complaint, the Trustee alleges that ABN Isle of Man is a limited liability company incorporated under the laws of the Isle of Man and located in the Isle of Man. ECF No. 1 ¶ 21. Fairfield Sentry and Fairfield Sigma are each alleged to be BVI companies, in liquidation in the BVI.[4] Because the complaint alleges "that both the transferor and the transferee reside outside of the United States," it does not raise a plausible inference that the transfer was domestic. *Id.* at 232 n.4. Indeed, the Trustee has never argued that his original complaint could survive the District Court's order. Accordingly, it must be dismissed.

### II. AMENDMENT IS FUTILE BECAUSE THE TRUSTEE'S PROFFERED ALLEGATIONS FAIL TO RAISE A PLAUSIBLE INFERENCE THAT THE TRANSFERS WERE DOMESTIC

Further, the Trustee's motion for leave to amend must be denied as futile, because his Proffered Allegations do not raise a plausible inference that the transfers were domestic.

---

[3] The term "Proffered Allegations" or "Proffer" shall mean the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to ABN AMRO Fund Services Nominees Limited, Platinum All Weather Fund Limited, and Odyssey, ECF No. 98.

[4] In addition, Platinum was alleged to be located in the Cayman Islands. ECF No. 1 ¶ 23. The complaint does not include specific allegations regarding the residence of Odyssey, only that it used ABN Isle of Man, an Isle of Man limited liability company, as its agent. *Id.* ¶ 22.

A.  **The Proffered Allegations Make Clear that ABN Isle of Man is Foreign**

In the Proffered Allegations, the Trustee continues to allege that transferee ABN Isle of Man is incorporated and organized under the laws of the Isle of Man, and maintains its address in the Isle of Man.  Proffer ¶ 8.  According to the Proffered Allegations, Platinum maintained an address in and was organized under the laws of the Cayman Islands, Proffer ¶ 6, and Odyssey maintained an address in the BVI and was organized under the laws of the Isle of Man, Proffer ¶ 7.  These allegations are sufficient to find that the transferees were foreign; the District Court found that similar transferees were foreign, relying on allegations that they were organized and maintained places of business in Luxembourg and France, respectively.  *BLMIS*, 513 B.R. at 225; *Picard v. CACEIS Bank Luxembourg*, Adv. Pro. No. 11-02758-SMB (Bankr. S.D.N.Y. Oct. 6, 2011), ECF No. 1 ¶¶ 22-23.

The Trustee tries to avoid the implications of his own allegations by alleging that ABN Isle of Man acted as "part of an integrated network of financial entities" and "collaborated" with a U.S. affiliate.  Proffer ¶ 12.  However, the Trustee has neither asked the Court to disregard the distinctions between ABN Isle of Man and its affiliates, nor pled a basis on which to do so.  *See Fagan v. Republic of Austria*, No. 08-Civ-6715, 2011 WL 1197677, at *18 (S.D.N.Y. Mar. 25, 2011) (holding that "the existence of [a] sister subsidiary" or "the presence of the [corporate group] in New York" did not support general personal jurisdiction).

B.  **The District Court Has Already Ruled That the Fairfield Funds Were Foreign Transferors**

Thirty-three of the 73 paragraphs in the Proffered Allegations are devoted not to the Defendants at all, but to the Trustee's new argument that the Fairfield Funds' principal place of business was in New York, and so they should not be considered foreign transferors.  This is dealt with at length in section II.B.2 of the Consolidated Brief, but it suffices here to note that the

3

District Court has already found that Fairfield Sentry, a BVI company, was a foreign transferor. *BLMIS*, 513 B.R. at 225. Likewise, Fairfield Sigma, a BVI company allegedly managed by the same entity as Fairfield Sentry, was at all relevant times a foreign transferor. Proffer ¶ 5.

### C. The Proffered Allegations Have Not Raised A Plausible Inference that the Transfers Occurred Domestically

#### 1. The Subsequent Transfers Were Transferred Abroad, except for Incidental Contact with Correspondent Bank Accounts in the U.S.

The transfers themselves occurred abroad. The Trustee alleges that the initial transfers from BLMIS were sent to an account held by a Dutch bank at an Irish branch of Citco Bank Nederland, N.V. Proffer ¶ 51. Although the Trustee alleges that Platinum and Odyssey received subsequent transfers in U.S. bank accounts, Proffer ¶¶ 39-40, the District Court held that the use of correspondent accounts in the U.S. did not render a transfer domestic. *BLMIS*, 513 B.R. at 228 n.1. The Trustee cannot avoid that reasoning simply by avoiding the word "correspondent," as the Proffered Allegations plainly describe correspondent accounts: accounts used by foreign financial institutions to receive dollar-denominated funds.[5] *See* 31 U.S.C. § 5318A(e)(1)(B) (defining "correspondent account"). Nor did the District Court's analysis explicitly depend on the use of a *correspondent* account; it relied on *Cedeno v. Initech Group, Inc.*, which held that conduct was extraterritorial despite "the movement of funds into and out of U.S.-based bank accounts[.]" 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010). Notably, the Trustee has not alleged that any subsequent transfers made directly to ABN Isle of Man were received in a U.S. account.

---

[5] The Trustee also argues that the use of U.S. correspondent bank accounts to *subscribe* to Fairfield Sentry, Proffer ¶ 38, supports a finding that the later redemption transfers from Fairfield Sentry to the Defendants were domestic. These allegations are completely untethered from the transfers at issue and not relevant.

      **2.**      <u>That ABN Isle of Man Had the Knowledge or Intent to Invest in BLMIS is Irrelevant to the Location of the Transfers</u>

The Trustee attempts to redefine the definition of "transfer" by proffering a series of allegations that: (1) ABN Isle of Man understood that the Fairfield Funds invested in BLMIS and that BLMIS was based in New York, Proffer ¶¶ 17-19; and (2) that ABN Isle of Man had "regular contact" with New York-based entities unconnected to the Fairfield Funds, Proffer ¶¶ 30-31. However, as discussed in section II.B.4 of the Consolidated Brief, the District Court rejected the argument that the transferees' knowledge or purpose when investing in the feeder funds is relevant.

      **D.**      <u>The Choice-of-Law and Venue Provisions in the Fairfield Funds' Subscription Agreements with the Fairfield Funds Do Not Apply to the Transfers at Issue.</u>

Finally, the Trustee alleges that because the subscription agreements between Defendants and the Fairfield Funds included provisions submitting to New York law, jurisdiction, and venue, the transfers cannot be considered foreign. Proffer ¶ 32. However, the Proffered Allegations reveal that by their very terms, those clauses are limited to disputes "with respect to this Agreement and [the Fairfield Funds]," *not* to the recovery of transfers under SIPA or the Bankruptcy Code. Proffer ¶ 34. Moreover, as demonstrated in section II.B.3 of the Consolidated Brief, the Trustee again ignores that the District Court implicitly rejected this argument when it held the *CACEIS* transfers to be foreign.[6]

## CONCLUSION

For the foregoing reasons and those set forth in the Consolidated Brief, ABN Isle of Man respectfully requests that the Court dismiss the complaint in this proceeding with prejudice.

---

[6] Nor does it matter that ABN Isle of Man or the other Defendants were aware that BLMIS was a member of the Securities Investor Protection Corporation. Proffer ¶¶ 26, 30. *See BLMIS*, 513 B.R. at 227 (rejecting Trustee's argument "that the 'focus' of congressional concern in a SIPA liquidation is the regulation of the SIPC-member broker-dealer").

| | |
|---|---|
| Dated:  September 30, 2015<br>New York, New York | **LATHAM & WATKINS LLP**<br><br>By:  /s/ Christopher R. Harris<br>       Christopher R. Harris<br>       Thomas J. Giblin<br><br>885 Third Avenue<br>New York, New York 10022<br>Telephone:  (212) 906-1200<br>Facsimile:  (751) 751-4864<br>Email: christopher.harris@lw.com<br>Email:  thomas.giblin@lw.com<br><br>*Attorneys for ABN AMRO Fund Services (Isle Of Man) Nominees Limited* |

6