William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York  10036
Telephone:  (212) 326-2000
Facsimile:   (212) 326-2061
E-mail:  wsushon@omm.com

*Attorneys for the Credit Suisse Fund Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |
| IRVING H. PICARD,<br><br>     Plaintiff,<br>  v.<br><br>Solon Capital, Ltd.,<br><br>     Defendant. | Adv. Pro. No. 12-01025 (SMB) |
| IRVING H. PICARD,<br><br>     Plaintiff,<br>  v.<br><br>Mistral (SPC),<br><br>     Defendant. | Adv. Pro. No. 12-01273 (SMB) |

| | |
|---|---|
| IRVING H. PICARD,<br><br>       Plaintiff,<br> v.<br><br>Zephyros Limited,<br><br>       Defendant. | Adv. Pro. No. 12-01278 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF SOLON CAPITAL, LTD., MISTRAL (SPC), AND ZEPHYROS LIMITED IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**

# PRELIMINARY STATEMENT[1]

The Credit Suisse Fund Defendants adopt and incorporate by reference the Consolidated Reply and write separately to address arguments raised in the Opposition Addendum. Judge Rakoff has made clear that the only thing that matters in the extraterritoriality inquiry is where the transfers occurred, which is where the parties to the transfer are incorporated. The parties to the challenged transfers to the Credit Suisse Fund Defendants are all indisputably incorporated abroad. The Trustee's proffered allegations concerning other issues—such as the Credit Suisse Fund Defendants' management's location and the use of domestic bank accounts to accomplish the transfers—have no bearing on this question, and Judge Rakoff has already rejected them as a basis for concluding that transfers are domestic. The Trustee's motion for leave to amend his claims against the Credit Suisse Fund Defendants should therefore be denied as futile and the complaints against them dismissed.

## ARGUMENT

**I.    THE OPERATIVE COMPLAINTS FAIL TO PLEAD FACTS RAISING A PLAUSIBLE INFERENCE THAT THE SUBSEQUENT TRANSFERS TO THE CREDIT SUISSE FUND DEFENDANTS OCCURRED IN THE UNITED STATES.**

As explained in Part I of the Consolidated Reply, the Trustee makes no effort to show that his existing complaints plead sufficient facts to survive a motion to dismiss as the Court's December 10, 2014 Order (as amended) requires:

---

[1] In this memorandum, (i) the "Credit Suisse Fund Defendants" are Solon Capital, Ltd., Mistral (SPC), and Zephyros Limited; (ii) the "Actions" are Adversary Proceedings 12-01025, 12-01273, and 12-01278; (iii) the "Opposition Addenda" is the Trustee's opposition addenda directed at the Credit Suisse Fund Defendants; (iv) the "Proffered Allegations" are the Trustee's proffered allegations against the Credit Suisse Fund Defendants; (v) the "Consolidated Memorandum" is the Transferee Defendants' consolidated memorandum of law in support of their motion to dismiss the Trustee's claims based on extraterritoriality; (vi) the "Consolidated Reply" is the Transferee Defendants' Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015; and (vii) "BLMIS" is Bernard L. Madoff Investment Securities LLC. Unless otherwise specified, all emphasis is added and all quotation marks and internal citations are omitted.

1

> On or before 81 days from the date of this Order, the Trustee and SIPC may each file a consolidated supplemental memorandum of law opposing the dismissal of the Listed Counts . . . plus additional addenda, not to exceed five pages each, detailing the reasons why the Listed Counts against specific Transferee Defendants, or any portion thereof, should not be dismissed.[2]

Instead, the Trustee relies entirely on allegations in his proffered amendment.[3] This tacit admission that the existing complaints are deficient mandates dismissal.[4]

## II. THE COURT SHOULD DENY THE TRUSTEE'S REQUEST FOR LEAVE TO AMEND BECAUSE THE PROPOSED AMENDMENTS ARE FUTILE.

As discussed in greater detail in Part II of the Consolidated Reply, the Trustee's motion for leave to amend should be denied as futile because the proffered allegations do not give rise to a plausible inference that the transfers occurred within the United States. Judge Rakoff made clear that the relevant question in determining whether the transfers occurred domestically is "the location of the transfers as well as the component events of those transactions"—which are the locations of the transferor and transferee as determined by their place of incorporation.[5] Thus, to recover a transfer under 11 U.S.C. § 550(a)(2), a complaint must plead that either the transferor or transferee was incorporated under the laws of one of the United States.

The proposed amendments cannot in good faith do that, because each of the feeder funds and Credit Suisse Fund Defendants are incorporated abroad.[6] So the Trustee instead proposes a raft of irrelevant new allegations. As explained more fully in Part II.B of the Consolidated Reply, none of these proffered allegations meet Judge Rakoff's standard:

---

[2] Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (Dec. 10, 2014). The "Listed Counts" appear in Exhibits A and B to the Order and "identify the counts, or parts thereof, asserted in the adversary proceeding against that defendant (a) to recover one or more subsequent transfers made by a transferor that is neither a citizen of, nor an entity organized under the laws of, the United States (b) pursuant to 11 U.S.C. § 550(a)(2)." *See id.* ¶ N.

[3] *See Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 851 n.16 (S.D.N.Y. 2000) (holding that parties may not assert new facts in submissions on motion to dismiss).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[5] *Picard*, 513 B.R. at 227 (quoting *Maxwell I*, 186 B.R. 807, 817 (S.D.N.Y. 1995)).

[6] Solon Capital Compl. ¶ 5; Mistral Compl. ¶ 8; Zephyros Compl. ¶ 7.

2

- The fact that the Credit Suisse Fund Defendants' investments were made by U.S.-based fund managers or that they knew the feeder funds invested in the U.S. has no bearing on whether the subsequent transfers themselves occurred in the U.S.[7]

- As the Consolidated Reply points out in Part II.B.7, Judge Rakoff already rejected the argument that the use of U.S. bank accounts in the Credit Suisse Fund Defendants' investment activities demonstrates that the subsequent transfers were domestic.[8]

- Similarly, the fact that the Credit Suisse Fund Defendants "relied heavily on New York-based personnel at Credit Suisse" and had "ready access" to U.S.-based "Tremont executives" to perform due diligence and communicate with BLMIS feeder funds also does not plausibly suggest that the transfers were domestic.[9]

In short, the new allegations against the Credit Suisse Fund Defendants fail to address the key question—where the transfers at issue themselves took place. Since the Trustee's proffered allegations are insufficient to give rise to a plausible inference that the subsequent transfers were domestic, his motion for leave to amend should be denied.

## CONCLUSION

The Trustee's complaints against the Credit Suisse Fund Defendants cannot survive a motion to dismiss because they fail to plead sufficient facts giving rise to a plausible inference that the challenged transfers occurred in the United States. The Trustee does not satisfy the standard for leave to amend because his proposed amendments likewise fail to satisfy the Trustee's pleading burden. For the foregoing reasons, as well as those in the Consolidated Reply, the Court should dismiss the Trustee's complaints and deny his request for leave to

---

[7] Proffered Allegations against Solon Capital, at ¶¶ 4–18; Proffered Allegations against Mistral, at ¶¶ 4–15; Proffered Allegations against Zephyros, at ¶¶ 4–15.

[8] Proffered Allegations against Solon Capital, at ¶¶ 19–22; Proffered Allegations against Mistral, at ¶¶ 16–21; Proffered Allegations against Zephyros, at ¶¶ 18–23.

[9] Proffered Allegations against Solon Capital, at ¶ 23; Proffered Allegations against Mistral, at ¶ 22; Proffered Allegations against Zephyros, at ¶24.

3

amend.

Dated: New York, New York
      September 30, 2015   Respectfully submitted,

By: /s/ William J. Sushon
William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile:  (212) 326-2061
E-mail: wsushon@omm.com

*Attorneys for the Credit Suisse Fund Defendants*

4