KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022

*Attorneys for the RBC Foreign Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Debtor. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>ROYAL BANK OF CANADA, GUERNROY LIMITED, ROYAL BANK OF CANADA (CHANNEL ISLANDS) LIMITED, ROYAL BANK OF CANADA TRUST COMPANY (JERSEY) LIMITED, ROYAL BANK OF CANADA (ASIA) LIMITED, ROYAL BANK OF CANADA (SUISSE) S.A., RBC DOMINION SECURITIES INC., and RBC ALTERNATIVE ASSETS, L.P.,<br><br>        Defendant. | Adv. Pro. No. 12-1699 (SMB) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE RBC FOREIGN DEFENDANTS' MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND OPPOSITION TO THE TRUSTEE'S MOTION TO AMEND COMPLAINTS**

Defendants Royal Bank of Canada ("RBC"), Guernroy Limited ("Guernroy"), Royal Bank of Canada (Channel Islands) Limited ("RBC-CI"); Royal Bank of Canada Trust Company (Jersey) Limited ("RBC (Jersey)"), Royal Bank of Canada (Asia) Limited ("RBC (Asia)"), Royal Bank of Canada (Suisse) S.A. ("RBC (Suisse)"), and RBC Dominion Securities Inc. ("RBC-DS," and, together with RBC, RBC-CI, RBC (Jersey), RBC (Asia), and RBC (Suisse), the "RBC Foreign Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss based on extraterritoriality and in opposition to the motion of Irving H. Picard (the "Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for leave to file an amended complaint in this adversary proceeding. In light of Judge Rakoff's guidance and existing authority of the Second Circuit and Supreme Court, the RBC Foreign Defendants respectfully submit that the Trustee's Proposed Complaint is a futile attempt to resuscitate his claims.

### FACTUAL BACKGROUND

Seven of the eight RBC entities sued by the Trustee in this action are, by the Trustee's own pleading, admittedly foreign entities.[1] In fact, six of the eight RBC entities named as defendants, Guernoy, RBC-CI, RBC (Jersey), RBC (Asia), RBC (Suisse), and RBC DS, have no offices in the United States, whether in the form of branch offices, agencies, or otherwise. The RBC Foreign Defendants are alleged to have received transfers from various so-called Madoff feeder funds including Fairfield Sentry Limited ("Fairfield"), Kingate Euro Fund Ltd.

---

[1] The Trustee also brings suit against RBC Alternative Assets, L.P. ("RBC Alternative Assets"). RBC Alternative Assets is not seeking dismissal at this stage as this motion relates only to entities that invested in offshore feeders funds and the Trustee alleges only transfers between RBC Alternative Assets and onshore funds. However, RBC Alternative Assets does not concede the truth of the allegations against it and reserves its right to raise a defense based on the extraterritoriality of transfers it received.

("Kingate") and/or various Rye entities.[2]  The RBC Foreign Defendants invested in the Funds which in turn deposited assets with BLMIS for the purpose of allowing it to make securities trades on behalf of the Funds.  (*See* Proposed Complaint ¶ 16.)[3]  The RBC Foreign Defendants, who are the movants here, are all organized abroad with principal places of business and registered offices in foreign locations.  (Original Complaint ¶¶ 10-16.)  The Funds are also strikingly foreign.  Fairfield and Kingate were organized under the laws of the British Virgin Islands ("BVI").  (Proposed Complaint ¶¶ 51, 104.)  Rye Select Portfolio was organized under the laws of the Cayman Islands.  (Proposed Complaint ¶ 73.)

When carefully analyzed, the only allegation that any of the transfers from the Funds to RBC (the "Transfers") originated from a U.S. bank account appear in the Proposed Complaint at paragraphs 31 and 32.  But even those allegations show that the referenced account is nothing more than a correspondent bank account and, thus, not a relevant factor under Judge Rakoff's Extraterritoriality Decision.  (Proposed Complaint ¶¶ 31, 32.)  Similarly, the Trustee alleges that the RBC Foreign Defendants "used" domestic bank accounts that were not held in their own names[4] in order ultimately "to receive" the Transfers.  (*Id.* ¶ 29.)  Again, there is no allegation that those accounts were anything but correspondent bank accounts and not the place where the

---

[2]    The Rye entities include Rye Select Broad Market Portfolio Limited ("Rye Select Portfolio"), Rye Select Broad Market Fund LP ("Rye Select Broad Market"), and Rye Select Broad Market Prime Fund LP ("Rye Select Prime").  Of the transfers from Rye entities, only transfers made from Rye Select Portfolio are at issue in this motion.  Fairfield, Kingate, and Rye Select Portfolio are collectively defined herein as the "Funds."

[3]    The facts contained herein are recited as alleged by the Trustee in the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to RBC (the "Proposed Complaint") and in the Trustee's complaint filed June 6, 2012 (the "Original Complaint").

[4]    The Trustee alleges that RBC (Suisse) received redemption payments in a bank account held in its name (Proposed Complaint ¶ 29), but this was also a correspondent bank account.

2

RBC Foreign Defendants – none of which, with the exception of RBC, had any presence in the United States – actually received the money.

## ARGUMENT

The Trustee does not argue that his operative Complaint could withstand scrutiny under Judge Rakoff's ruling in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Instead, the Trustee seeks leave to amend his complaint to add allegations. The Trustee's effort is futile.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Thus, "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

To determine whether the Trustee's use of section 550(a) to recover transfers among foreign entities is an extraterritorial application of the statute, Judge Rakoff instructed that this Court should evaluate whether "the transfer of property to a subsequent transferee" is foreign, "not the relationship of that property to a perhaps-distant debtor." Extraterritoriality Decision, 513 B.R. at 227. Judge Rakoff held that where "both the transferor and the transferee reside outside of the United States, *there is no plausible inference that the transfer occurred domestically*." *Id.* at 232 n.4 (emphasis added). Judge Rakoff mandates dismissal in these cases "unless the Trustee can put forth specific facts suggesting a domestic transfer."[5] *Id.*

---

[5] Judge Rakoff's ruling is consistent with pre-existing Supreme Court and Second Circuit authorities. As explained in the Reply Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, in which the RBC Foreign Defendants join, the Supreme Court and the Second Circuit have repeatedly instructed that in determining whether a claim would require an impermissible extraterritorial

3

Here, the Transfers are not domestic under the principles elucidated by Judge Rakoff. The Transfers were made from the Funds, all foreign entities, to the RBC Foreign Defendants, all of which are organized abroad. The Transfers are not alleged to have originated from the United States and the Trustee does not allege the destination of the Transfers, other than to vaguely allege that certain U.S. bank accounts were "used" to receive the Transfers. Indeed, in evaluating a similar transaction – between Fairfield itself and Harley International (Cayman) Limited (both foreign entities), on the one hand, and CACEIS Bank Luxembourg (a third foreign entity), on the other – Judge Rakoff held that the application of section 550(a) to *that* transaction would be inappropriately extraterritorial. *Id.* at 225-26.

Nevertheless, the Trustee advances four reasons to establish that its Proposed Complaint is not futile. None withstands scrutiny. First, the Trustee wrongly focuses on the domestic operations of certain affiliates of the RBC Foreign Defendants. With the exception of RBC, the Trustee does not, because he cannot, allege that any of the RBC Foreign Defendants – RBC-CI, RBC (Jersey), RBC (Asia), RBC (Suisse), and RBC DS – have any office or presence in the United States, whether as a branch, agency, or otherwise. Rather, the Trustee tries to bootstrap unrelated U.S. operations of affiliates of the RBC Foreign Defendants in attempt to plead a U.S. presence. (Proposed Complaint ¶ 5.) However, the Trustee completely ignores all corporate formalities without any showing that piercing the corporate veil is warranted. In addition, the Trustee argues that a U.S. affiliate of the RBC Foreign Defendants "conducted regular and extensive due diligence in New York" and "drove" the investments into the Funds. (Opp. at 3,

---

application of a statute, courts evaluate the "focus" of the statute, here, the Transfers at issue. *See* Transferee Reply Brief at 10-18 (citing Supreme Court and Second Circuit cases).

4

5.)[6] Of course, the Trustee's vague allegations of the activities of an undefined "RBC" group in the United States has no bearing on whether the Transfers from the Funds are domestic or foreign. As explained in the Transferee Reply Brief, these facts were considered by Judge Rakoff and rejected as irrelevant to the question of where the Transfers occurred. *See* Transferee Reply Brief at 20-23. The Trustee then resorts to arguing that because one defendant, RBC, conducts unrelated activities in the United States all of the Transfers made in Canada or the other RBC Foreign Defendants somehow magically become domestic. (Opp. at 6.) This, of course, is not the case as Foreign transfers are not considered domestic simply because "a significant portion of the fraudulent conduct occurred in the United States." *Extraterritoriality Decision*, 513 B.R. at 228

Second, the Trustee argues that BLMIS's conduct in New York demonstrates that the Transfers are "predominantly domestic." (Opp. at 3-4.) Judge Rakoff made clear, however, that the focus of this inquiry should be on "the transfer of property to a subsequent transferee, not the relationship of that property to a perhaps-distant debtor." Extraterritoriality Decision, 513 B.R. at 227. Accordingly, BLMIS's role as investment advisor and its promise to invest in U.S. equities, options, and Treasuries are irrelevant to an analysis of a claim seeking to recover subsequent Transfers from the Funds to the RBC Foreign Defendants.

Third, the Trustee tries to use a jumbled assortment of contacts with New York to suggest that the Transfers are domestic. (Opp. at 4-8.) For example, the Trustee points to side letters, fee agreements, and subscription agreements between the Funds and some RBC-related entity, but those agreements do not alter the loci of the Transfers at issue here. Nor does the fact that

---

[6] "Opp." refers to The Trustee's Supplemental Memorandum of Law in Opposition to Royal Bank of Canada, et. al's Motion to Dismiss and in Further Support of the Trustee's Motion for Leave to Amend Complaints, dated June 29, 2015.

5

the Funds' affiliates and service providers' operations were located in the United States (*id.* at 5-7) or that a Fairfield affiliate located in New York communicated with one or more RBC Foreign Defendants. (*Id.* at 6.) Just as operations of RBC's affiliates in the United States are inconsequential to the extraterritoriality analysis, work performed for or by the Funds in the United States is irrelevant to the foreign or domestic nature of the Transfers at issue.

Finally, the Trustee argues that the RBC Foreign Defendants "used" bank accounts in the United States to receive the Transfers. (Opp. at 4; Proposed Complaint ¶ 29.) There is, however, no allegation that the RBC Foreign Defendants <u>actually received</u> the Transfers in the United States in these accounts (or anywhere else). As the Trustee surely knows, these bank accounts in the United States, insofar as the RBC Foreign Defendants are concerned, are correspondent bank accounts. (Proposed Complaint ¶ 29.) However, as Judge Rakoff made clear, it is not "sufficient" that "some of the defendants here allegedly use[] correspondent banks in the United States to process dollar-denominated transfers." Extraterritoriality Decision, 513 B.R. at 228 n.1.

## CONCLUSION

For the reasons set forth above and in the Transferee Reply Brief, the Trustee's motion for leave to amend its complaint should be denied and the RBC Foreign Defendants' motion to dismiss the operative complaint should be granted.

Dated:   New York, New York
         September 30, 2015

                                        KATTEN MUCHIN ROSENMAN LLP

                                        By:    s/ Anthony L. Paccione
                                        BY:    Anthony L. Paccione
                                               anthony.paccione@kattenlaw.com
                                               Mark T. Ciani
                                               mark.ciani@kattenlaw.com
                                               575 Madison Avenue
                                               New York, NY 10022-2585
                                               (212) 940-8800

6

*Attorneys for the RBC Foreign Defendants*

7