**Bond, Schoeneck & King, PLLC**
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100

*Attorneys for OFI MGA Alpha Palmares (f/k/a Oval Alpha Palmares)*
*Oval Palmares Europlus and UMR Select Alternatif*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re: BERNARD L. MADOFF, Debtor.<br>IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br><br><br>Plaintiff,<br>v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), *et al.*<br><br>Defendants. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br><br><br><br><br><br><br>Adv. Pro. No. 12-01677 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF OFI MGA ALPHA PALMARES (F/K/A OVAL ALPHA PALMARES), OVAL PALMARES EUROPLUS AND UMR SELECT ALTERNATIF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

2569043.1 9/30/2015

Defendants OFI MGA Alpha Palmares (f/k/a Oval Alpha Palmares) ("OFI"), Oval Palmares Europlus ("Palmares") and UMR Select Alternatif ("UMR") respectfully submit this supplemental reply memorandum of law in further support of the motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. OFI, Palmares and UMR also adopt and incorporate in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1], in particular the arguments and grounds relating to the checked boxes for OFI, Palmares and UMR in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against OFI, Palmares and UMR filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry Limited ("Fairfield Sentry") to OFI, Palmares or UMR occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfers occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Societe Generale Private Banking (Suisse) S.A. et al. filed on June 29, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

In Judge Rakoff's Opinion and Order deciding the consolidated motion to dismiss of the Transferee Defendants based on extraterritoriality, he held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted)  *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.*  Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 n.4 (S.D.N.Y.2014) (the "Extraterritoriality Decision") (emphasis supplied).  Judge Rakoff then remanded the adversary proceedings against the Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint, the Trustee seeks to recover subsequent transfers that OFI, Palmares and UMR allegedly received from Fairfield Sentry.  Complaint, ¶¶ 22, 23, 24, 73; and Exhibit E thereto.  The Complaint alleges that Fairfield Sentry, the purported transferor, is a British Virgin Islands ("BVI") company currently in liquidation in the BVI.  Complaint, ¶ 67, Exhibit A (Amended Complaint in *Picard v. Fairfield Sentry Limited, et al.,* No. 09-01239 (SMB), ¶¶ 22, 32).  The Trustee alleges that OFI and Palmares are each a *fonds commun de placement* organized under the laws of France with an address in Paris, France.  Complaint, ¶¶ 22, 23.  The Trustee alleges that UMR is a fund of funds organized under the laws of France with an address in Paris, France.  Complaint, ¶ 24.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

**THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY**

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry, Fairfield Sigma and a related fund had their principal operations in the United States, and that the operations of Kingate Global and a related fund were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Only 2 of the 95 paragraphs specifically mention OFI and UMR (Proffer ¶ 8, 22) and only one paragraph mentions Palmares (Proffer ¶ 8). The only information provided about the alleged subsequent transfers from Fairfield Sentry is the allegation that OFI and UMR used a bank account at the New York branch of Societe Generale, S.A. to receive those redemption payments (Proffer ¶ 22).

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint filed on June 29, 2015.

3

On the dispositive issue of where the transfers occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made the transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to OFI, Palmares and/or UMR occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue of where the transfers occurred. OFI, Palmares and UMR adopt and rely on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the 11 categories the Trustee has checked off for them in the Chart.

4

## CONCLUSION

OFI, Palmares and UMR respectfully request that the Court dismiss the Trustee's Complaint as against them with prejudice and without leave to amend. The Complaint against OFI, Palmares and UMR should be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated: September 30, 2015

BOND, SCHOENECK & KING, PLLC

BY:     *s/Brian J. Butler*
      Brian J. Butler
      Joseph Zagraniczny
      Sara C. Temes
One Lincoln Center
Syracuse, New York  13202
Telephone:  315-218-8000
Facsimile:   315-218-8100
Email:  bbutler@bsk.com
Email:  zagranj@bsk.com
Email:  temess@bsk.com

*Attorneys for Defendants Ofi MGA Alpha Palmares (f/k/a Oval Alpha Palmares) Oval Palmares Europlus and UMR Select Alternatif*