# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 30, 2015

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-2304

Re:    *Picard v. Rabin*, Adv. Pro. No. 10-04675 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

I write on behalf of Irving H. Picard, the Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff, in regard to the above-referenced adversary proceeding and Defendant Stuart J. Rabin's ("Mr. Rabin") request for an extension to the expert discovery deadlines and other corresponding deadlines in the adversary proceeding. The Trustee does not agree with any further extensions or delays in this proceeding, and will explain why any further extension is unwarranted and not judicially efficient.

There was no agreement between the Trustee and Defendant Rabin that all deadlines in this adversary proceeding would be kept on the same timeline as the two other adversary proceedings handled by former colleagues that are now affiliated with a different law firm, Adv. Pro. Nos. 10-04488 and 10-04350 (the "South Ferry proceedings"), and that any extension of deadlines in one case based on its issues should apply automatically to all other cases. The Trustee at the request of defense counsel and as a courtesy has for certain issues agreed to put cases being handled by one law firm on a similar track. However, the Trustee has never agreed to keep cases of different factual and procedural postures on the same track merely because they are handled by the same law firm. All cases are considered on an individual basis and decisions are based upon the facts and circumstances of each case. At times the Rabin case has been on the same track as the South Ferry cases for purposes of administrative ease and tracking, however, as the legal and factual issues diverged the cases no longer proceeded on the same track. For example, Rabin is a single defendant case with no subsequent transferee issues. The South Ferry cases are multiple party cases with significant subsequent transferee issues. In the South Ferry

Hon. Stuart M. Bernstein
September 30, 2015
Page 2

proceedings, neither the defendants nor the discovery issues are similar to Defendant Rabin's proceeding.

In fact, the only thing the Rabin and South Ferry cases had in common was the representation by K&L Gates LLP, and currently they are not even represented by the same firm since the South Ferry cases moved from K&L Gates LLP to Baker & McKenzie LLP with the change of firms by Richard A. Kirby and Laura K. Clinton. The argument that the defendants in all three proceedings should have their cases coordinated because they were represented by the same law firm in the past should not be the basis for delaying cases, and no reasonable prejudice can be claimed by the defendant that proceeds with their case first.

The current adversary proceeding relating to Mr. Rabin does not share the same claims or discovery issues that have justified the extensions in the South Ferry cases. Specifically, the South Ferry cases have been extended to resolve the subsequent transferee discovery issues in the respective proceedings. In contrast, Mr. Rabin's adversary proceeding contains no named subsequent transferee defendants or outstanding subsequent transferee discovery issues to resolve. As such, this adversary proceeding contains less disputed issues than the South Ferry proceedings, and it would be judicially efficient to proceed on the current schedule with Mr. Rabin's proceeding without any further delay.

Despite Mr. Rabin's position, this Court has made clear several times that it is not appropriate to stay these adversary proceedings on the basis of pending appellate issues. The Trustee has endeavored to adhere to those prior directives from this Court, and disagrees with Mr. Rabin's attempt to use the pending inter-account transfer appeal as the basis for further delay in this proceeding.

The Trustee has proceeded with disclosure of his case-in-chief experts and served the expert reports as required by the Third Amended Case Management Notice which has been in place since December 31, 2014. Defendant's current request for a four month extension is without basis and unreasonable under the circumstances, and the Trustee rejected it as a result of the delay and prejudice that would result. Notwithstanding the nature of Defendant's request, the Trustee is willing to provide a 30-day extension of the current date in order to avoid burdening the Court with this request. If Defendant's counsel is not amenable and the Court believes a hearing on this matter is necessary, we respectfully request that the hearing on this dispute be scheduled for the October 28 omnibus hearing date along with two other similar matters presently scheduled pursuant to Local Bankruptcy Rule 7007-1(b).

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona

cc (via email):
    Sarah Kenney, Esq.

300370220.8