**Dorothy Heyl (DH 1601)**
**Stacey J. Rappaport (SR 9973)**
**MILBANK, TWEED, HADLEY & McCLOY LLP**
28 Liberty Street
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
*Attorneys for LGT Bank (Switzerland) Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 12-01577(BRL) |
| UBS DEUTSCHLAND AG as successor in interest to Dresdner Bank LateinAmerika AG, and LGT BANK (SWITZERLAND) LTD. as successor in interest to Dresdner Bank (Schweiz) AG, | |
| Defendant. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF**
**LGT BANK (SWITZERLAND) LTD. IN SUPPORT OF ITS MOTION TO DISMISS**
**BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S**
**MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant LGT Bank (Switzerland) Ltd. ("LGT") respectfully submits this supplemental reply memorandum of law in support of its motion to dismiss the complaint filed against it in this adversary proceeding, in accordance with Judge Rakoff's order in *SIPC v. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Decision").[1] Judge Rakoff directed this Court to dismiss those complaints that "allege that both the transferor and the transferee reside outside of the United States . . . unless the Trustee can put forth specific facts suggesting a domestic transfer." *Id*. at 232 n.4. Neither the complaint against LGT, nor the additional allegations proffered in support of amending the complaint, "put forth specific facts suggesting" that the alleged transfers at issue occurred in the United States. Accordingly, for the reasons explained below and in the two consolidated briefs submitted on behalf of LGT and others,[2] which LGT incorporates herein and adopts in relevant part, the complaint against LGT must be dismissed, with prejudice and without leave to amend.

## PROCEDURAL BACKGROUND

LGT is one of numerous foreign financial institutions that Irving Picard, Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), has brought against alleged subsequent transferees of proceeds pursuant to Section 550(a) of Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 550(a) (the "Transferee Defendants"). In his complaint against LGT, filed on May 4, 2012, the Trustee alleged no facts suggesting that such transfers

---

[1] This Motion is not intended to be a waiver of LGT's rights or defenses, including, but not limited to, any defense or objection relating to personal jurisdiction, and all rights and defenses of LGT Vaduz are expressly reserved.

[2] "Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality," submitted on December 31, 2014 ("Main Consolidated Brief"); and "Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality," submitted on September 30, 2015 ("Reply Consolidated Brief").

occurred in the United States. LGT moved for withdrawal of the reference in order to join in consolidated briefing on five issues, including extraterritoriality. In an order issued on May 11, 2013,[3] Judge Rakoff ruled that LGT would be covered by his order directing consolidated briefing on "Extraterritorial Issues."[4] Thereafter, Judge Rakoff ruled on the Extraterritorial Issues, holding that the Trustee's Section 550(a) claims against Transferee Defendants, including LGT, "would constitute an extraterritorial application of the statute." Decision at 226. Judge Rakoff remanded the adversary proceedings against Transferee Defendants, including LGT, to this Court "for further proceedings consistent with this Opinion and Order." Decision at 232.

LGT is one of the Transferee Defendants participating in the consolidated briefing on Extraterritoriality Issues before this Court, as reflected in the December 10, 2014 Scheduling Order.[5] Specifically, LGT is listed in Appendix A of the Scheduling Order, with its place of business in Switzerland, and participated in the Main Consolidated Brief, which urged this Court to dismiss proceedings against Transferee Defendants, including LGT, on the basis of the Decision.

On June 27, 2015, the Trustee filed an omnibus brief opposing the Transferee Defendants' motion to dismiss, accompanied by a summary chart on which LGT appears (the "Chart"). The Chart purports to list numerous "United States connections of Defendants' transfers." The Trustee also filed a supplemental brief in this adversary proceeding pertaining only to LGT[6] (as well as a separate brief pertaining to co-defendant UBS Deutschland AG).

---

[3]  No. 12 Misc. 115, ECF No. 468 (S.D.N.Y. May 11, 2013), Item 33 on attached list.

[4]  No. 12 Misc. 115, ECF No. 167 (S.D.N.Y. June 7, 2012).

[5]  The "Scheduling Order" is this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Dec. 10, 2014, ECF 8800.

[6]  "Trustee's Supplemental Memorandum of Law in Opposition to Defendant LGT Bank (Switzerland) Ltd. AG's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints," June 26, 2015 ("LGT Supplemental Brief").

Filed with the briefs were Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to the Dresdner Defendants ("Proffered Allegations"). The Trustee argues in the LGT Supplemental Brief, at p. 1, that the Proffered Allegations "plead facts evidencing the subsequent transfers received by [LGT] are predominantly domestic under the standard set forth in the Extraterritoriality Decision."

## RELEVANT ALLEGATIONS

The Complaint alleges that LGT was an investor in two foreign investment funds, Fairfield Sentry Limited ("Fairfield") and Kingate Euro Fund, Ltd. (Kingate) (Compl. at ¶ 2). The Complaint contains these allegations bearing on whether the subsequent transfers were domestic or not:

- LGT is a Swiss limited company that maintains a place of business in Basel, Switzerland. It is a successor in interest to Dresdner Bank (Schweiz) AG ("Dresdner") (a Swiss banking entity). In February 2010, Dresdner merged into LGT. (Compl. ¶ 23). At the time of the subsequent transfers, Dresdner was a subsidiary of one of Germany's largest banking institutions (Compl. ¶ 3).

- Funds were transferred by BLMIS to Fairfield and Kingate, two funds formed in the British Virgin Islands (Compl. ¶ 2).

- A portion of the funds transferred to Fairfield and Kingate "were subsequently transferred either directly or indirectly" to Dresdner (now LGT) (Compl. ¶ 35). The place of the alleged transfer is not set forth.

The Proffered Allegations and the Chart contain numerous additional alleged facts relating to the circumstances of Dresdner's 's original investments.[7] Only two of the Proffered Allegations potentially bear on the place of the alleged subsequent transfer:

---

[7] The Proffered Allegations include, *inter alia*: LGT intended to profit from BLMIS in New York( ¶ 9); LGT worked with an employee in New York ( ¶ 24); subscription agreements were to be governed by New York law ( ¶ 25); and New York-based personnel controlled Fairfield's sales and subscriptions ( ¶ 36-39). The Consolidated Reply Brief explains why these peripheral circumstances do not bear on the location of the transfers at issue.

- 3 -

- Dresdner, "a Swiss banking entity specializing in providing investment advisory and private wealth management services," allegedly used a New York HSBC correspondent bank account to receive transfers from Fairfield (Proffered Allegations ¶¶ 11 and 28).

- Fairfield used various Citco entities in Europe, including Citco Bank Nederland, N.V. Dublin Branch for custody (Proffered Allegations ¶ 58).

## ARGUMENT

A.  **The Complaint Should Be Dismissed.**

In the Decision, Judge Rakoff held that under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), the Court must decide whether the Trustee's claims against the Transferee Defendants require an extraterritorial application of Section 550(a). Decision at 226. For this analysis, Judge Rakoff used as an example one of the Transferee Defendants, CACEIS Bank Luxembourg ("CACEIS"). He concluded that the transfers to CACEIS were foreign and the Trustee's claims to recover them would require an extraterritorial application of Section 550(a). The posture of LGT is identical to that of CACEIS. Like CACEIS, LGT is a European financial firm. Decision at 225. Like CACEIS, LGT invested with off-shore feeder funds that are in liquidation and were sued by the Trustee. *Id.* And, as in the case of CACEIS, the Trustee is seeking to recover "thoroughly foreign subsequent transfers." Decision at 228.

Judge Rakoff came to the conclusion that the subsequent transfers to the Transferee Defendants "are foreign transfers and thus would require extraterritorial application of Section 550(a)," even though the chain of transfers originated with Madoff Securities in New York. *Id.* Therefore, for the reasons explained in the Reply Consolidated Brief, pp. 3 through 7, in accordance with the Decision, the Complaint against LGT must be dismissed.

B.  **The Trustee's Motion to Amend Should Be Denied as Futile.**

This Court should exercise its discretion to deny the Trustee's motion for leave to amend the Complaint on the ground that amendment would be futile. *Anderson v. Anderson*, 292 B.R.

496 (W.D.N.Y 2003) (citing *Fomon v. Davis*, 371 U.S. 178 (1962)).  In the Decision, Judge Rakoff stated:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

There are only two specific proffered allegations against LGT concerning the location of the transfers.  Neither of these two proffered allegations alleges "specific facts" giving rise to a plausible inference that the transfers from the two foreign feeder funds occurred within the United States.  The remaining proffered allegations are irrelevant to the location of the transfers for the reasons set forth in the Reply Consolidated Brief at pp. 18-30, and thus do not give rise to the necessary plausible inference.

First, the allegation that LGT used a New York HSBC correspondent bank account to receive transfers from Fairfield does not give rise to such an inference.  Judge Rakoff has already ruled that the use by Transferee Defendants to process dollar-denominated transfers is not sufficient to make foreign transfers domestic (Decision at 228 n.1), noting that "simply alleging that some domestic conduct occurred cannot support a claim of domestic application." Decision at 227.  See also Reply Consolidated Brief at 28-29.  Second, the allegation that Fairfield used an Irish branch of Citco suggests that the subsequent transfers indeed occurred abroad.  Thus amending the Complaint to add the Proffered Allegations would not render the subsequent transfers subject to Section 550(a).

## CONCLUSION

For all of the foregoing reasons, the Court should grant LGT's motion to dismiss the Complaint, with prejudice and without leave to amend.

- 5 -

Dated: New York, New York
September 30, 2015

Respectfully submitted,

MILBANK, TWEED, HADLEY & McCLOY LLP

By: <u>/s/ Dorothy Heyl</u>

    Stacey J. Rappaport (srappaport@milbank.com)
    Dorothy Heyl (dheyl@milbank.com)
    28 Liberty Street
    New York, New York 10005-1413
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219

    *Attorneys for Defendant LGT Bank*
    *(Switzerland) Ltd.*

- 6 -