**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Abu Dhabi Investment Authority*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | SIPA Liquidation <br><br> No. 08-01789 (BRL) <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard Madoff, <br><br> Plaintiff, <br><br> v. <br><br> ABU DHABI INVESTMENT AUTHORITY, <br><br> Defendant. | Adv. Pro. No. 11-02493 (BRL) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF ABU DHABI INVESTMENT AUTHORITY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Abu Dhabi Investment Authority ("ADIA") respectfully submits this supplemental reply memorandum of law in further support of ADIA's motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. ADIA also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1], in particular the arguments and grounds relating to the 9 checked boxes for ADIA in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons set forth in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against ADIA filed on August 11, 2011 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to ADIA at issue in the Complaint occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Abu Dhabi Investment Authority filed on June 27, 2015.

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including ADIA) based on extraterritoriality. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted) *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis supplied). Judge Rakoff then remanded the adversary proceedings against ADIA and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against ADIA, the Trustee seeks to recover subsequent transfers in the amount of $300,000,000 that ADIA allegedly received from Fairfield Sentry. Complaint, ¶ 2. The Complaint alleges that Fairfield Sentry—the transferor—is a British Virgin Islands ("BVI") company currently in liquidation in the BVI. Complaint, ¶ 2. With respect to ADIA—the transferee—the Trustee alleges that it "is a sovereign wealth fund that is wholly owned by the Emirate of Abu Dhabi and maintains its principal executive office at 211 Corniche Street, Abu Dhabi, United Arab Emirates. As such, the Trustee has conceded that all of the relevant parties to the transfers at issue are foreign entities located outside of the United States.

2

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfers from Fairfield Sentry at issue in the Complaint occurred in the United States. Indeed, since the respective transferors and transferees are identified as foreign entities, the Trustee affirmatively alleges facts that demonstrate extraterritoriality, not plausibly refute it. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend the Complaint because the proposed amendments, as set forth in the Proffer, would be futile in meeting his obligation to plead domestic transfers. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer seeks to recover subsequent transfers in the total amount of $300,000,000 that ADIA allegedly received from Fairfield Sentry (Proffer ¶ 2). The Proffer contains 50 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, or information disclosed in Fairfield Sentry's private placement memoranda, or the terms and conditions of Fairfield Sentry's subscription agreements. Less than half of the 50 paragraphs even mention ADIA (Proffer ¶¶ 1, 2, 6-25), and only 6 paragraphs (Proffer ¶¶ 6-11) provide any information about the alleged subsequent

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Defendant Abu Dhabi Investment Authority's Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints filed on June 27, 2015.

3

transfers (*see, e.g.,* Proffer ¶ 8 ("In March 2005, ADIA completed a standardized Fairfield Sentry form entitled "Redemption Request Form Instructions," and directed a $200 million redemption payment from Fairfield Sentry to ADIA's Tampa, Florida bank account at JPMorgan."); and ¶ 22 ("ADIA directed its $100 million Fairfield Sentry redemption payment to a New York HSBC Bank USA correspondent bank account, as was required by Holdings' subscription agreement.")).

On the dispositive issue of whether the transfers from Fairfield Sentry to ADIA were domestic, the Proffer is silent. The Trustee does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, n.88 ("[A]though Fairfield Sentry was organized under the laws of the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). As Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfers from Fairfield Sentry to ADIA occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows why they are not relevant to the dispositive issue

4

of where the transfers occurred, and no further elaboration is necessary here.  In sum, the allegations set forth in the Proffer are no less deficient than the Complaint in meeting the Trustee's burden to establish domestic transfers to the Transferee Defendants.

## Conclusion

ADIA respectfully requests that the Court dismiss the Trustee's Complaint against it with prejudice and without leave to amend.  The Complaint should be dismissed because it contains no allegations that any alleged subsequent transfers from Fairfield Sentry to ADIA occurred in the United States.  The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

Dated:  New York, New York
September 30, 2015

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

/s/ Eric M. Kay
Peter E. Calamari
Marc L. Greenwald
Eric M. Kay

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone No.:  (212) 849-7000

*Attorneys for Abu Dhabi Investment Authority*

5