JONES DAY
222 East 41st Street
New York, New York 10006
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Defendant Quilvest Finance Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>QUILVEST FINANCE LTD.,<br><br>                    Defendant. | Adv. Pro. No. 11-02538 (SMB) |

DEFENDANT QUILVEST FINANCE LTD.'S SUPPLEMENTAL REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO
THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

Defendant Quilvest Finance Ltd. ("Quilvest Finance") respectfully submits this supplemental reply memorandum in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint.

For reasons set forth below and in the Consolidated Supplemental Reply,[1] (1) the Trustee's Complaint against Quilvest Finance [Docket No. 1] must be dismissed based upon Judge Rakoff's July 2014 extraterritoriality ruling because it contains no allegations to support a conclusion that alleged subsequent transfers from Fairfield Sentry Limited ("Fairfield Sentry") to Quilvest Finance were domestic transfers; (2) the Trustee's motion for leave to amend should be denied because the Trustee has not alleged facts giving rise to a plausible inference that alleged subsequent transfers from Fairfield Sentry to Quilvest Finance were domestic transfers; and (3) the Trustee's Complaint must be dismissed without leave to amend based upon the international comity holding in the extraterritoriality ruling, a decision that included a direct reference to a foreign proceeding in which Quilvest Finance is a party and that Judge Rakoff recognized to be "in conflict with what the Trustee seeks to accomplish" in this action.

## THE TRUSTEE'S COMPLAINT MUST BE DISMISSED
## UNDER THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order deciding the consolidated motion to dismiss of the Transferee Defendants (including Quilvest Finance) based on extraterritoriality. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision"). There, Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the*

---

[1] The "Consolidated Supplemental Reply" refers to the accompanying Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, dated September 30, 2015.

1

> *United States*, there is no plausible inference that the transfer
> occurred domestically. Therefore, unless the Trustee can put forth
> specific facts suggesting a domestic transfer, his recovery actions
> seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (citation omitted and emphasis added). Judge Rakoff remanded the adversary proceedings against Quilvest Finance and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order." *Id.* at 232.

In his Complaint against Quilvest Finance, the Trustee seeks to recover thirty-five subsequent transfers totaling $37,800,115 that Quilvest Finance allegedly received between February 2003 and March 2007 from Fairfield Sentry. (Compl., ¶¶ 2, 40, 44 and Ex. D.) The Complaint alleges that Fairfield Sentry—the transferor—is "a BVI company" that is "currently in liquidation in the British Virgin Islands." (Compl., ¶ 2.) With respect to Quilvest Finance—the transferee—the Trustee alleges that Quilvest Finance:

> is a British Virgin Islands registered entity whose registered office
> is at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola VG
> 1110, British Virgin Islands. Defendant Quilvest is a subsidiary of
> Quilvest S.A., a Luxembourg société anonyme.

(Compl., ¶ 21.) Thus, the Trustee alleges that Fairfield Sentry and Quilvest Finance are both foreign entities without facts suggesting that relevant subsequent transfers occurred domestically.

The Trustee nowhere argues in his Supplemental Memorandum[2] that the Complaint contains allegations giving rise to a plausible inference that alleged subsequent transfers at issue were domestic, and the Complaint should be dismissed under the Extraterritoriality Decision.

### THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as

---

[2] The Trustee's "Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Quilvest Finance Ltd.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints, filed on June 27, 2015 [Docket No. 72].

2

set forth in his Proffer,[3] would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfers he seeks to recover occurred within the United States. The allegations of the Proffer are insufficient to meet this requirement.

Most allegations in the Proffer relate to allegations about Fairfield Sentry's relationships with its customers, that Quilvest Finance or affiliated entities allegedly engaged in activities in or directed at the United States, and that Quilvest Finance allegedly knew investments in Fairfield Sentry would be invested in the United States. Out of 50 paragraphs in the Proffer, only 12 mention Quilvest Finance and only one alleges information about subsequent transfers. (*See* Proffer ¶¶ 1, 2, 5-12, 15-19, 21-25.) There, the Trustee alleges that "Quilvest Finance also used its affiliate in Switzerland's account at JPMorgan in New York to receive transfers from Fairfield Sentry. In the Fairfield Sentry subscription agreements Quilvest Finance completed, Quilvest Finance directed that all redemptions and payments be sent to this JPMorgan account in New York only. Quilvest Finance utilized this account repeatedly—at least 36 times over a five year period—to receive $38,030,707 in redemption proceeds from Fairfield Sentry." (Proffer ¶ 25.)

On the issue of from where subsequent transfers by Fairfield Sentry occurred, the Proffer says nothing. The Trustee does not allege that Fairfield Sentry made any transfers from a bank account in the United States and the Trustee admits elsewhere that Fairfield Sentry's account was outside the United States at Citco Bank Nederland NV, Dublin Branch. (*See* Trustee's Main Mem., 20-21 n.88.)[4] And, as Judge Rakoff has already ruled, allegations regarding the use of

---

[3] The Trustee's "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Quilvest Finance Ltd. filed on June 27, 2015 [Docket No. 73].

[4] The "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015 [Docket No. 71].

3

bank accounts in the United States to process dollar-denominated transfers are not sufficient to make a foreign transfer domestic. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. at 228. The Trustee's proffered allegation that Quilvest Finance directed that dollar-denominated redemptions be through a Swiss affiliate's account at JPMorgan does not give rise to an inference that subsequent transfers from Fairfield Sentry to Quilvest Finance were domestic.

The Trustee's claims in this action seek to recover alleged subsequent transfers from Fairfield Sentry to Quilvest Finance—both entities organized in the British Virgin Islands—and none of the allegations in the Proffer, either individually or in combination, give rise to a plausible inference that the alleged subsequent transfers occurred in the United States.

The Trustee has made similar allegations in this and in the other proceedings currently before the Court, grouping allegations in one or more of 19 categories presented in the Trustee's "United States Connections Summary Chart" (the "Chart") that is Exhibit 2 to the Trustee's Main Memorandum. The Consolidated Supplemental Reply addresses these 19 categories—including the nine allegedly applicable to Quilvest Finance—and shows how the Trustee's arguments are insufficient to convert the foreign subsequent transfers at issue here into domestic ones. Quilvest Finance adopts and relies on the arguments set forth in the Consolidated Supplemental Reply, and will not separately address the allegations in the Proffer or the categories the Trustee identifies in the Chart as allegedly applicable to Quilvest Finance.

### THE TRUSTEE'S COMPLAINT SHOULD ALSO BE DISMISSED WITHOUT LEAVE TO AMEND ON INTERNATIONAL COMITY GROUNDS

In the Extraterritoriality Decision, Judge Rakoff's alternatively held that international comity requires dismissal of the Trustee's claims against the Transferee Defendants who allegedly received subsequent transfers from Fairfield Sentry. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. at 231-32. Judge Rakoff's decision applies with full force to the

4

Trustee's claims against Quilvest Finance, which is named as a defendant in those BVI Fairfield Sentry liquidation proceedings. *See Fairfield Sentry Ltd. (in Liquidation) v. Migani*, [2014] UKPC 9, 2014 WL 1219748 (Privy Council decision identifying Quilvest Finance as a party).

Judge Rakoff's international comity holding was based, in part, on his recognition that "the BVI courts have already determined that Fairfield Sentry could not reclaim transfers made to its customers under certain common-law theories—a determination in conflict with what the Trustee seeks to accomplish here." *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. at 232. That observation was a direct reference to the BVI proceedings in which Fairfield Sentry asserted claims against Quilvest Finance, among others. *See id.* (citing Decl. of M. Schnabl dated July 13, 2012, Ex. C., No. 12 Misc. 115, ECF No. 236 (S.D.N.Y. filed July 13, 2012) (the Judgment, Eastern Caribbean Court of Appeal, Territory of the Virgin Islands, *Quilvest Fin. Ltd. v. Fairfield Sentry Ltd. (In Liquidation)*, HCVAP 2011/Q41 (entered June 13, 2012)). Thus, Judge Rakoff's international comity holding, while applicable to the Transferee Defendants generally, was based specifically on the conflict between the BVI proceedings to which Quilvest Finance is a party and the claims the Trustee attempts to assert in this action.

Quilvest Finance also adopts and relies on the international comity arguments more fully set forth in the Consolidated Supplemental Reply, all of which require dismissal of the Trustee's Complaint without leave to amend.

## CONCLUSION

For reasons set forth above, in the Consolidated Supplemental Reply, and in the other consolidated submissions of the Transferee Defendants, Quilvest Finance respectfully requests that the Court dismiss the Trustee's Complaint against Quilvest Finance with prejudice and without leave to amend.

5

Dated: New York, New York
September 30, 2015

    /s/ Thomas E. Lynch
Thomas E. Lynch
JONES DAY
222 East 41st Street
New York, NY 10017-6702
(212) 326-3939
telynch@jonesday.com

*Attorneys for Defendant Quilvest Finance Ltd.*