SHEARMAN & STERLING LLP
801 Pennsylvania Avenue, Suite 900
Washington, DC 20004-2634

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff,<br><br>　　　　　　　Plaintiff<br><br>　　v.<br><br>INTELIGO BANK LTD. PANAMA BRANCH, f/k/a BLUBANK LTD. PANAMA BRANCH,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 11-02763 (SMB) |

**INTELIGO BANK LTD.'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S <u>MOTION FOR LEAVE TO AMEND HIS COMPLAINT</u>**

Defendant Inteligo Bank Ltd. ("Inteligo") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss based on extraterritoriality. Inteligo adopts and incorporates in full the arguments set forth in the Consolidated Supplemental Reply,[1] in particular the arguments relating to the 11 checked boxes for Inteligo in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2] For the reasons shown in the Consolidated Supplemental Reply and below, the Trustee's Complaint against Inteligo filed on October 6, 2011 (the "Complaint") must be dismissed, and the Trustee's motion for leave to amend must be denied as futile, because (i) the Trustee fails, either in his Complaint or Proffer,[3] to satisfy his obligation to plead facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry Limited and Fairfield Sigma Limited (the "Fairfield Funds") to Inteligo occurred domestically, and (ii) principles of international comity independently foreclose the Trustee's claims.

## ARGUMENT

**I.    THE COMPLAINT MUST BE DISMISSED UNDER THE EXTRATERRITORIALITY DECISION**

On July 6, 2014, Judge Rakoff ruled that "it is the Trustee's obligation to allege 'facts giving rise to the plausible inference that' the transfer occurred 'within the United States'" and that, "to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred

---

[1] "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015. (Adv. Pro. No. 08-01789, ECF No. 10287.)

[3] "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Inteligo Bank Ltd. filed in the above-captioned action on June 26, 2015. (Adv. Pro. No. 11-02763, ECF No. 76.)

domestically." *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232, n.4 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").

That ruling requires dismissal of the Trustee's Complaint against Inteligo. The Trustee seeks to recover subsequent transfers that Inteligo allegedly received from 2003 to 2008 from the Fairfield Funds. (Complaint Exhs. D, E.) The Complaint alleges that Fairfield Sentry is "a BVI company" "currently in liquidation in the British Virgin Islands" (*Id*. ¶ 2), and that Fairfield Sigma "is also in liquidation in the BVI." (*Id.*) The Complaint alleges that Inteligo—the transferee—"is a company incorporated under the laws of the Republic of Panama." (*Id*. ¶ 22.) The salient allegations in the Complaint are substantively indistinguishable from those that were considered by Judge Rakoff when he ruled that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers" and that "the presumption against extraterritorial application of federal statutes has not been rebutted here." Extraterritoriality Decision at 228, 231. The Trustee's Supplemental Memorandum[4] does not even attempt to argue that the Complaint, unamended, can survive. The Complaint should therefore be dismissed.

## II.   THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart.[5] As explained in the Consolidated

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Inteligo Bank Ltd.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint filed on June 26, 2015. (Adv. Pro. No. 11-02763, ECF No. 75.)

[5] The Trustee asserts that he has made allegations against Inteligo falling within categories that are numbered 1-8, 12-13, and 15 in his Chart. (Chart at p. 7 (Adv. Pro No. 11-02763).)

2

Supplemental Reply, none of these allegations, singly or in combination, can save the Trustee's Complaint from dismissal under the Extraterritoriality Decision and other applicable law.

The Proffer cites a litany of extraneous factors of no relevance to the inquiry. Specifically, the Proffer alleges that: (i) the Fairfield Funds had operations in the United States (Proffer ¶¶ 31-32, 44-46; Chart Item No. 1); (ii) Inteligo's subscription agreements with the Fairfield Funds contained New York choice-of-law and venue provisions (Proffer ¶¶ 9-10; Chart Item Nos. 2-3); (iii) Inteligo knew—from Fairfield memoranda and its own due diligence—that its funds would be largely managed by BLMIS in New York and used to purchase U.S. securities (Proffer ¶¶ 5-8; Chart Item Nos. 4-7); (iv) Inteligo performed due diligence on BLMIS and the Fairfield Funds in New York (Proffer ¶¶ 18-19; Chart Item No. 8); (v) Inteligo utilized a New York correspondent bank account in connection with the transfers (Proffer ¶¶ 14-17; Chart Item No. 12); and (vi) Inteligo entered a fee-sharing agreement with, and received incentive fees from, an entity related to the Fairfield Funds (Proffer ¶¶ 11-12; Chart Item Nos. 13, 15). Virtually all of these proffered allegations are unrelated to the transfers at issue.[6] And, as explained in the Consolidated Supplemental Reply, none undermine the conclusion that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers." Extraterritoriality Decision at 228.[7]

Moreover, even if the type of U.S. activity that the Trustee cites in his Proffer could be legally relevant (which the Consolidated Supplemental Reply establishes is not the case), the proffered allegations do not support the conclusion that there was an appreciable level of such

---

[6] The only exception is the allegation that Inteligo used a New York bank account in connection with the transfers, which Judge Rakoff already squarely ruled is "[in]sufficient to make these foreign transfers domestic." Extraterritoriality Decision at 228, n.1 (quoting, in support of this ruling, case law that had "dismiss[ed] a RICO claim as impermissibly extraterritorial where '[t]he scheme's contacts with the United States, however, were limited to the movement of funds into and out of U.S.-based bank accounts'") (citation omitted).

[7] Indeed, several allegations in the Proffer underscore the foreign nature of the transfers. (*See, e.g.*, Proffer ¶ 24 (Fairfield Sentry is "organized . . . under the International Business Company Act of the Territory of the British Virgin Islands."); *id*. ¶ 45 (Fairfield Sigma was "organized . . . under the BVI International Business Companies Act.").)

3

activity. For example the Trustee alleges that Inteligo conducted "due diligence with respect to its Fair field Fund investments" and that such diligence "took place [in New York]." (Trustee's Supplemental Memorandum, 4; Proffer ¶ 18.) But in support of that conclusion, the Trustee makes a *single* vague allegation that "FGG personnel in New York updated Inteligo with information about the Fairfield Funds." (*Id.* ¶ 19.) The Trustee alleges no domestic conduct on the part of Inteligo employees that could support the conclusion that Inteligo's due diligence efforts were substantially connected to New York. In short, the Trustee's proffered allegations do not come close to alleging the level of U.S. activity that he claims.

### III. THE TRUSTEE'S COMPLAINT SHOULD ALSO BE DISMISSED, AND HIS MOTION TO AMEND DENIED AS FUTILE, UNDER COMITY PRINCIPLES

Even if the Trustee had met his burden of alleging that the transfers at issue were domestic (which he has not), his Complaint against Inteligo and his motion to amend cannot survive in light of Judge Rakoff's separate ruling on comity. Judge Rakoff found that international comity was an additional basis for dismissal that is wholly independent of the deficiencies addressed above. Extraterritoriality Decision at 231 ("[T]he Court further concludes, in the alternative, that *even if the presumption against extraterritoriality were rebutted*, the Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity.") (emphasis added).

Judge Rakoff specifically cited Fairfield Sentry's foreign liquidation proceedings in particular as giving rise to comity concerns that require dismissal of the Trustee's claims:

> As is the case with Fairfield Sentry and Harley, many of the feeder funds are currently involved in their own liquidation proceedings in their home countries. These foreign jurisdictions have their own rules concerning on what bases the recipient of a transfer from a debtor should be required to disgorge it. Indeed, the BVI courts have already determined that Fairfield Sentry could not reclaim transfers made to its customers under certain common-law theories—a determination in conflict with what the Trustee seeks to accomplish here.

4

Extraterritoriality Decision at 232 (internal citation omitted). Judge Rakoff's rationale for a comity dismissal thus applies with special force in this case, given that the Trustee's claims against Inteligo involve transfers from Fairfield Sentry (Complaint ¶ 2) and Fairfield Sigma, which, like Sentry, is involved in liquidation proceedings in its home country (*id.*).[8]

## CONCLUSION

For the foregoing reasons, Inteligo respectfully requests that the Court dismiss the Trustee's Complaint against Inteligo with prejudice and without leave to amend.

Dated: September 30, 2015
New York, New York

                                                Respectfully submitted,

                                                */s/ Heather L. Kafele*
                                                Heather L. Kafele
                                                Shearman & Sterling
                                                801 Pennsylvania Avenue
                                                Suite 900
                                                Washington, DC 20004-2634
                                                hkafele@shearman.com
                                                (202) 508-8097

                                                *Counsel for Defendant Inteligo Bank Ltd.*

---

[8] The Trustee's Supplemental Memorandum relating to Inteligo does not address comity. The arguments on comity in the Trustee's Main Memorandum are flawed for the reasons explained in the Consolidated Supplemental Reply, including because they reflect an impermissible challenge to Judge Rakoff's analysis and conclusions.