**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036
Tel. (212) 698-3500
Fax (212) 698-3599
*Attorneys for Orbita Capital
Return Strategy Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> ORBITA CAPITAL RETURN STRATEGY LIMITED, <br><br> Defendant. | Adv. Pro. No. 11-02537 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF ORBITA CAPITAL
RETURN STRATEGY LIMITED IN FURTHER SUPPORT OF ITS MOTION
TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION
TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Orbita Capital Return Strategy Limited ("Orbita") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. Orbita also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1], in particular the arguments and grounds relating to the 10 checked boxes for Orbita in the so-called "Extraterritoriality Defendants' United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Orbita filed on August 18, 2011 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry Limited ("Fairfield Sentry") to Orbita occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfer occurred in the United States.

### THE COMPLAINT MUST BE DISMISSED UNDER
### THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Orbita) based on

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

1

extraterritoriality.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").  Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted)  *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.*  Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis added).  Judge Rakoff then remanded the adversary proceedings against Orbita and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order."  *Id.* at 232.

In his Complaint, the Trustee seeks to recover one subsequent transfer in the amount of $30,662,226 that Orbita allegedly received from Fairfield Sentry on or about February 16, 2005.  Compl. ¶¶ 2, 40-42, 44, and Exhibit C thereto.  The Complaint alleges that Fairfield Sentry—the purported transferor—"is currently in liquidation in the British Virgin Islands."  Compl. ¶ 2.  With respect to Orbita—as purported transferee—the Trustee alleges:  "When Defendant Orbita received the subsequent transfers of BLMIS Customer Property, Defendant Orbita was a company incorporated in the Cayman Islands."  Compl. ¶ 3.

The Trustee's Supplemental Memorandum[4] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfer at issue in the Complaint occurred in the United States.  Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

---

[3]    The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Defendant Orbita Capital Return Strategy Limited filed on June 27, 2015.

[4]    The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Defendant Orbita Capital Return Strategy Limited's Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed on June 27, 2015.

**THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE
DENIED ON THE GROUND OF FUTILITY**

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfer he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer contains 49 paragraphs, the vast majority of which relate to the Trustee's new theory that Fairfield Sentry had its principal operations in the United States, information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Indeed, 27 of the 49 paragraphs discuss the history, structure, and management of Fairfield Sentry, without a single reference to Orbita (Proffer ¶¶ 3-4, 25-49). Another 20 of the 49 paragraphs refer to Orbita with respect to *allegations concerning investments in Fairfield Sentry, including allegations concerning due diligence, rather than with respect to the alleged transfer whose location is relevant to this motion* (Proffer ¶¶ 2, 6-24). The Proffer provides *no* information about the alleged subsequent transfer from Fairfield Sentry to Orbita; the Trustee only alleges that "[b]ut for Orbita Capital's intent to profit from activities in New York, Orbita Capital would not have received the transfer from Fairfield Sentry" (Proffer ¶ 5).

On the dispositive issue of where the transfer from Fairfield Sentry occurred, the Proffer is deliberately silent. The Trustee does not and cannot allege that Fairfield Sentry made any transfers from a bank account in the United States because the Trustee knows that Fairfield Sentry's account was at Citco Bank Nederland NV, Dublin Branch. *See* Trustee's Main Memorandum, 20-21 n.88 ("[A]though Fairfield Sentry was organized under the laws of

3

the BVI, none of its investors' subscriptions or redemptions flowed through the BVI. Investors wired funds to Fairfield's account at Citco Bank in Ireland . . . ."). And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts (such as the correspondent account of Fairfield Sentry's bank, Citco Bank Dublin, at HSBC in New York) to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer. 513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfer from Fairfield Sentry to Orbita occurred in the United States. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart. The Consolidated Supplemental Reply addresses each of the 19 categories and shows that none of them are relevant to the dispositive issue of where the transfer occurred. Orbita adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the 10 categories the Trustee has checked off for it in the Chart.

## Conclusion

Orbita respectfully requests that the Court dismiss the Trustee's Complaint against it with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that the alleged subsequent transfer from Fairfield Sentry occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfer occurred in the United States.

Dated: New York, New York
September 30, 2015

DECHERT LLP

By: /s/ *Gary J. Mennitt*
    Gary J. Mennitt
    Daphne T. Ha
1095 Avenue of the Americas
New York, New York 10036
Tel. (212) 698-3500
Fax (212) 698-3599
gary.mennitt@dechert.com
daphne.ha@dechert.com

*Attorneys for Defendant Orbita Capital Return Strategy Ltd.*

5