SHEARMAN & STERLING LLP
801 Pennsylvania Avenue, Suite 900
Washington, DC 20004-2634

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff,<br><br>     Plaintiff<br><br>  v.<br><br>BANCO ITAÚ EUROPA LUXEMBOURG S.A., and BANCO ITAÚ EUROPA INTERNATIONAL,<br><br>     Defendant. | Adv. Pro. No. 12-01019 (SMB) |

**BANCO ITAÚ EUROPA LUXEMBOURG S.A.'S SUPPLEMENTAL REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**
**BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S**
<u>**MOTION FOR LEAVE TO AMEND HIS COMPLAINT**</u>

Defendant Banco Itaú Europa Luxembourg S.A. ("Banco Itaú") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss based on extraterritoriality. Banco Itaú adopts and incorporates in full the arguments set forth in the Consolidated Supplemental Reply,[1] in particular the arguments relating to the 12 checked boxes for Banco Itaú in the so-called "United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2] For the reasons shown in the Consolidated Supplemental Reply and below, the Trustee's Complaint against Banco Itaú filed on January 12, 2012 (the "Complaint") must be dismissed, and the Trustee's motion for leave to amend must be denied as futile, because (i) the Trustee fails, either in his Complaint or Proffer,[3] to satisfy his obligation to plead facts giving rise to a plausible inference that any alleged subsequent transfers from Fairfield Sentry Limited, Fairfield Sigma Limited, and Kingate Global Fund Limited (the "Feeder Funds") to Banco Itaú occurred domestically, and (ii) principles of international comity independently foreclose the Trustee's claims.

## ARGUMENT

### I. THE COMPLAINT MUST BE DISMISSED UNDER THE EXTRATERRITORIALITY DECISION

On July 6, 2014, Judge Rakoff ruled that "it is the Trustee's obligation to allege 'facts giving rise to the plausible inference that' the transfer occurred 'within the United States'" and that, "to the extent that the Trustee's complaints allege that both the transferor and the transferee

---

[1] "Consolidated Supplemental Reply" refers to the Consolidated Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Opposition to the Trustee's Motion for Leave to Amend His Complaints filed on September 30, 2015.

[2] "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015. (Adv. Pro. No. 08-01789, ECF No. 10287.)

[3] "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue As to Banco Itaú Europa Luxembourg S.A. filed in the above-captioned action on June 27, 2015. (Adv. Pro. No. 12-01019, ECF No. 83.)

1

reside outside of the United States, there is no plausible inference that the transfer occurred domestically." *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232, n.4 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").

That ruling requires dismissal of the Trustee's Complaint against Banco Itaú. The Trustee seeks to recover subsequent transfers that Banco Itaú allegedly received from 2001 to 2008 from the Feeder Funds. (Complaint Exhs. C, F, I.) The Complaint alleges that transferees Fairfield Sentry and Kingate Global "are both British Virgin Islands ('BVI') companies that are in liquidation in the BVI." (*Id.* ¶ 2.) The Complaint alleges that Banco Itaú, the transferee, " is a Luxembourg *société anonyme* that maintains a place of business . . . [in] Luxembourg." (*Id.* ¶ 23.) The salient allegations in the Complaint are substantively indistinguishable from those that were considered by Judge Rakoff when he ruled that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers" and that "the presumption against extraterritorial application of federal statutes has not been rebutted here." Extraterritoriality Decision at 228, 231. The Trustee's Supplemental Memorandum[4] does not even attempt to argue that the Complaint, unamended, can survive. The Complaint should therefore be dismissed.

## II. THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one

---

[4] The "Trustee's Supplemental Memorandum" refers to the Trustee's Supplemental Memorandum of Law in Opposition to Banco Itaú Europa Luxembourg S.A.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint filed on June 27, 2015. (Adv. Pro. No. 12-01019, ECF No. 82.)

2

or more of 19 categories presented in the Trustee's Chart.[5] As explained in the Consolidated Supplemental Reply, none of these allegations, singly or in combination, can save the Trustee's Complaint from dismissal under the Extraterritoriality Decision and other applicable law.

The Proffer cites a litany of extraneous factors of no relevance to the inquiry. Specifically, the Proffer alleges that: (i) the Feeder Funds had operations in the United States (Proffer ¶¶ 40-42, 57-60, 78; Chart Item No. 1); (ii) Banco Itaú's subscription agreements with the Fairfield Funds contained New York choice-of-law and venue provisions (Proffer ¶¶ 9, 20-22; Chart Item Nos. 2-3); (iii) Banco Itaú knew—from the funds' memoranda and its own due diligence—that its investments would largely be managed by BLMIS in New York and used to purchase U.S. securities (Proffer ¶¶ 9-16, 23-26; Chart Item Nos. 4-7); (iv) Banco Itaú used agents and affiliates in the U.S. to conduct due diligence on BLMIS and manage its relationship with Fairfield (Proffer ¶ 8; Chart Item No. 9-11, 13); and (v) Banco Itaú utilized a New York correspondent bank account in connection with the Fairfield Sentry transfers (Proffer ¶¶ 27-29; Chart Item No. 12.) Virtually all of these proffered allegations are unrelated to the transfers at issue.[6] And, as explained in the Consolidated Supplemental Reply, none undermine the conclusion that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers." Extraterritoriality Decision at 228.[7]

---

[5] The Trustee asserts that he has made allegations against Banco Itaú falling within categories that are numbered 1-7 and 9-13 in his Chart. (Chart at p. 8 (Adv. Pro No. 12-01019).)

[6] The only exception is the allegation that Banco Itaú used a New York bank account in connection with the transfers, which Judge Rakoff already squarely ruled is "[in]sufficient to make these foreign transfers domestic." Extraterritoriality Decision at 228, n.1 (quoting, in support of this ruling, case law that had "dismiss[ed] a RICO claim as impermissibly extraterritorial where '[t]he scheme's contacts with the United States, however, were limited to the movement of funds into and out of U.S.-based bank accounts'") (citation omitted).

[7] Indeed, several allegations in the Proffer underscore the foreign nature of the transfers. (*See, e.g.*, Proffer ¶ 3 (Banco Itaú "is a Luxembourg *société anonyme*" with "a place of business . . . [in] Luxembourg."); *id.* ¶ 34 (Fairfield Sentry is "organized . . . under the International Business Company Act of the Territory of the British Virgin Islands"); *id.* ¶ 55 (Fairfield Sigma was "organized . . . under the BVI International Business Companies Act."); *id.* ¶ 65 (Kingate Global has "a registered address in the BVI").)

3

Moreover, even if the type of U.S. activity that the Trustee cites in his Proffer could be legally relevant (which the Consolidated Supplemental Reply establishes is not the case), the proffered allegations do not support the conclusion that there was an appreciable level of such activity. For example, the Trustee alleges that Banco Itaú conducted due diligence on BLMIS through its U.S. affiliate, Banco Itaú Private Bank ("IPB"), and that IPB "was authorized and directed to conduct due diligence, negotiate transactions, and otherwise act on behalf . . . of Banco Itaú Luxembourg." (Proffer ¶ 8; Chart Item Nos. 9-11.) But the only facts the Trustee pleads to support these conclusions concern two innocuous emails from IPB to Fairfield[8] and one instance in which IPB "corresponded with FGG New York personnel regarding Madoff's role." (*Id*. ¶ 19.) These allegations far fall short of the Trustee's conclusory assertion that Banco Itaú used a U.S. affiliate "to conduct due diligence, meet with Feeder Fund representatives, execute agreements, or otherwise provides services for" Banco Itaú. (Chart Item Nos. 10-11.) Moreover, these communications are the *only* facts the Trustee pleads in attempting to show that Banco Itaú's due diligence efforts had a meaningful U.S. connection. In short, the Trustee's proffered allegations do not come close to alleging the level of U.S. activity that he claims.

**III. THE TRUSTEE'S COMPLAINT SHOULD ALSO BE DISMISSED, AND HIS MOTION TO AMEND DENIED AS FUTILE, UNDER COMITY PRINCIPLES**

Even if the Trustee had met his burden of alleging that the transfers at issue were domestic (which he has not), his Complaint against Banco Itaú and his motion to amend cannot survive in light of Judge Rakoff's separate ruling on comity. Judge Rakoff found that international comity was an additional basis for dismissal that is wholly independent of the deficiencies addressed above. Extraterritoriality Decision at 231 ("[T]he Court further concludes, in the alternative, that *even if the presumption against extraterritoriality were*

---

[8] IPB sent one email "about a delayed subscription" and the other "to confirm a . . . subscription." (*Id*. ¶ 18.)

4

*rebutted*, the Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity.") (emphasis added).

Judge Rakoff specifically cited Fairfield Sentry's foreign liquidation proceedings in particular as giving rise to comity concerns that require dismissal of the Trustee's claims:

> As is the case with Fairfield Sentry and Harley, many of the feeder funds are currently involved in their own liquidation proceedings in their home countries. These foreign jurisdictions have their own rules concerning on what bases the recipient of a transfer from a debtor should be required to disgorge it. Indeed, the BVI courts have already determined that Fairfield Sentry could not reclaim transfers made to its customers under certain common-law theories—a determination in conflict with what the Trustee seeks to accomplish here.

Extraterritoriality Decision at 232 (internal citation omitted). Judge Rakoff's rationale for a comity dismissal thus applies with special force in this case, given that the Trustee's claims against Banco Itaú involve transfers from Fairfield Sentry (Complaint ¶ 2), as well as from Fairfield Sigma and Kingate Global, both of which, like Sentry, are involved in liquidation proceedings in their home countries (*id.*).[9]

## CONCLUSION

For the foregoing reasons, Banco Itaú respectfully requests that the Court dismiss the Trustee's Complaint against Banco Itaú with prejudice and without leave to amend.

Dated: September 30, 2015
      New York, New York

                                      Respectfully submitted,

                                      */s/ Heather L. Kafele*
                                      Heather L. Kafele
                                      Shearman & Sterling
                                      801 Pennsylvania Avenue
                                      Suite 900

---

[9] The Trustee's Supplemental Memorandum relating to Banco Itaú does not address comity. The arguments on comity in the Trustee's Main Memorandum are flawed for the reasons explained in the Consolidated Supplemental Reply, including because they reflect an impermissible challenge to Judge Rakoff's analysis and conclusions.

Washington, DC 20004-2634
hkafele@shearman.com
(202) 508-8097

*Counsel for Defendant Banco Itaú
Europa Luxembourg, S.A.*