**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036
Tel. (212) 698-3500
Fax (212) 698-3599
*Attorneys for Bank Audi S.A.M.-*
*Audi Saradar Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |
| In re: BERNARD L. MADOFF, Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (*f/k/a* SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND | |

L.P. (*f/k/a* SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (*f/k/a* SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND (*f/k/a* SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (*f/k/a* SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee for Lyxor Premium Fund; SOCIETE GENERALE BANK & TRUST S.A.; OFI MGA ALPHA PALMARES (*f/k/a* Oval Alpha Palmares); OVAL PALMARES EUROPLUS; UMR SELECT ALTERNATIF; and BANK AUDI S.A.M.- AUDI SARADAR GROUP (*f/k/a* Dresdner Bank Monaco S.A.M.);

                Defendants.

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF BANK AUDI S.A.M.- AUDI SARADAR GROUP IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON EXTRATERRITORIALITY AND IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Defendant Bank Audi S.A.M.- Audi Saradar Group (*f/k/a* Dresdner Bank Monaco S.A.M.) ("Bank Audi") respectfully submits this supplemental reply memorandum of law in further support of its motion to dismiss based on extraterritoriality and in opposition to the Trustee's motion for leave to amend his complaint. Bank Audi also adopts and incorporates in full the arguments and grounds supporting dismissal without leave to amend set forth in the Consolidated Supplemental Reply[1], in particular the arguments and grounds relating to the nine checked boxes for Bank Audi in the so-called "Extraterritoriality Defendants' United States Connections Summary Chart" (the "Chart") attached as Exhibit 2 to the Trustee's Main Memorandum.[2]

For the reasons shown in the Consolidated Supplemental Reply and below, (1) the Trustee's Complaint against Bank Audi filed on May 30, 2012 (the "Complaint") must be dismissed because it contains no allegations that the alleged subsequent transfer from Kingate Global Fund, Ltd. ("Kingate Global") to Bank Audi occurred in the United States and (2) the Trustee's motion for leave to amend should be denied on the ground of futility because the Proffer[3] submitted by the Trustee in response to the motion likewise fails to satisfy the Trustee's burden of pleading facts giving rise to a plausible inference that the alleged transfer occurred in the United States.

---

[1] The term "Consolidated Supplemental Reply" refers to the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed on September 30, 2015.

[2] The term "Trustee's Main Memorandum" refers to the Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints filed in the consolidated docket on June 26, 2015.

[3] The term "Proffer" refers to the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Societe Generale Private Banking (Suisse) S.A., et al. filed on June 29, 2015.

1

## THE COMPLAINT MUST BE DISMISSED UNDER
## THE EXTRATERRITORIALITY DECISION

On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the consolidated motion to dismiss of the Transferee Defendants (including Bank Audi) based on extraterritoriality.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").  Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted)  *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.*  Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4 (emphasis added).  Judge Rakoff then remanded the adversary proceedings against Bank Audi and the other Transferee Defendants to this Court "for further proceedings consistent with this Opinion and Order."  *Id.* at 232.

In his Complaint, the Trustee seeks to recover one subsequent transfer in the amount of $605,509 that Bank Audi allegedly received from Kingate Global.  Compl. ¶¶ 25, 83, 101-04, and Exhibit M thereto.  The Complaint alleges that Kingate Global—the purported transferor—is "organized under the laws of the British Virgin Islands" that is "currently in liquidation" in the BVI.  Compl. Ex. J (Third Amended Complaint in *Picard v. Ceretti, et al.*, No. 09-1161 (SMB)), ¶¶ 57, 64.[4]  With respect to Bank Audi—as purported transferee—the Trustee alleges:  "Bank Audi is a *société anonyme* organized under the laws of Monaco, and its registered address is Villa de Lotus, 24 Boulevard des Moulins, Monte Carlo, Monaco."  Compl. ¶ 25.

---

[4]    Exhibit J is incorporated by reference into the Complaint.  Compl. ¶ 77.

2

The Trustee's Supplemental Memorandum[5] does not even attempt to show that the existing Complaint contains sufficient allegations to give rise to a plausible inference that the alleged transfer at issue in the Complaint occurred in the United States. Therefore, the Complaint should be dismissed under the Extraterritoriality Decision.

## THE TRUSTEE'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ON THE GROUND OF FUTILITY

The Trustee should not be permitted to amend because the proposed amendments, as set forth in the Proffer, would be futile. The only allegations that would be sufficient to show that the Trustee's claims do not depend on an extraterritorial application of Bankruptcy Code § 550(a) would be allegations showing that the subsequent transfer he seeks to recover occurred within the United States. The Proffer contains no such allegations.

The Proffer contains 95 paragraphs, the vast majority of which relate to the Trustee's new theories that Fairfield Sentry Limited ("Fairfield Sentry") and related funds had their principal operations in the United States, and that the operations of Kingate Global and a related fund were "centered" in New York, or information disclosed in the funds' respective private placement memoranda, or the terms and conditions of the funds' respective subscription agreements. Paragraph 15 of the Proffer sets forth that Bank Audi was not invested in Fairfield Sentry, and only 4 of the 94 remaining paragraphs specifically mention Bank Audi (Proffer ¶¶ 2, 9, 19, 23). Another 10 of the 95 paragraphs use terms or phrases such as "Defendants" and "Kingate Invested Defendants" to refer to Bank Audi indirectly with some or all of the other named defendants with respect to *allegations concerning investments in Kingate Global and other*

---

[5] The "Trustee's Supplemental Memorandum" refers to the Supplemental Memorandum of Law in Opposition to Societe Generale Private Banking (Suisse) S.A., et al.'s Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend Complaints filed on June 29, 2015.

3

*funds, including allegations concerning due diligence, rather than with respect to the alleged transfer whose location is relevant to this motion* (Proffer ¶¶ 12-16, 19-21, 24, 27).  The Proffer provides *no* information about the alleged subsequent transfer from Kingate Global to Bank Audi; the Trustee only alleges that Bank Audi used a bank account at the New York branch of Societe Generale, S.A. to receive redemption payments (Proffer ¶ 23).

On the dispositive issue of where the transfer from Kingate Global occurred, the Proffer is deliberately silent.  The Trustee does not and cannot allege that Kingate Global made any transfers from a bank account in the United States because the Trustee knows that Kingate Global's bank accounts were offshore.  Indeed, the Trustee alleges that subscribers were directed to send subscription moneys through correspondent bank accounts for ultimate deposit in Kingate Global's bank accounts.  (Proffer ¶ 24).  And, as Judge Rakoff has already ruled, the Trustee's allegations concerning the use of correspondent accounts to process dollar-denominated transfers are not sufficient to satisfy his burden of pleading a domestic transfer.  513 B.R. at 228 n.1.

Simply stated, none of the allegations in the Proffer, singly or in combination, give rise to a plausible inference that the alleged subsequent transfer from Kingate Global to Bank Audi occurred in the United States.  The Trustee has made the same or similar allegations in all or nearly all of the 88 proceedings currently before the Court and assigned each allegation to one or more of 19 categories presented in the Trustee's Chart.  The Consolidated Supplemental Reply addresses each of the 19 categories and shows that none of them are relevant to the dispositive issue of where the transfer occurred.  Bank Audi adopts and relies on the arguments set forth in the Consolidated Supplemental Reply and therefore will not further address the allegations in the Proffer or the nine categories the Trustee has checked off for it in the Chart.

4

**Conclusion**

Bank Audi respectfully requests that the Court dismiss the Trustee's Complaint against it with prejudice and without leave to amend. The Complaint should be dismissed because it contains no allegations that the alleged subsequent transfer from Kingate Global occurred in the United States. The Trustee's motion for leave to amend should be denied on the ground of futility because the allegations in the Proffer with respect to "extraterritoriality" do not give rise to a plausible inference that the alleged subsequent transfer occurred in the United States.

Dated: New York, New York
       September 30, 2015

DECHERT LLP

By: /s/ *Gary J. Mennitt*
    Gary J. Mennitt
    Daphne T. Ha
1095 Avenue of the Americas
New York, New York 10036
Tel. (212) 698-3500
Fax (212) 698-3599
gary.mennitt@dechert.com
daphne.ha@dechert.com

*Attorneys for Defendant Bank Audi S.A.M.- Audi Saradar Group (f/k/a Dresdner Bank Monaco S.A.M.)*

5