**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CARDINAL MANAGEMENT, INC., and DAKOTA GLOBAL INVESTMENTS, LTD.,<br><br>　　　　　Defendants. | Adv. Pro. No. 10-4287 |

**SUPPLEMENTAL REPLY MEMORANDUM OF
<u>DAKOTA GLOBAL INVESTMENTS, LTD.</u>**

　　　Defendant Dakota Global Investments, Ltd. (in liquidation) ("Dakota") respectfully submits this supplemental memorandum of law in support of its consolidated motion to dismiss based on extraterritoriality. Dakota also adopts and incorporates the arguments in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality (the "Consolidated Reply").

**Relevant Background**

Dakota is a private mutual fund organized under the laws of the British Virgin Islands. (Compl. ¶ 19.) Cardinal Management Inc. (in receivership) ("Cardinal") is an international business company organized under the laws of St. Lucia with its principal place of business in St. Lucia. (*Id.* ¶ 18.) Cardinal maintained an account with Bernard L. Madoff Investment Securities LLC ("BLMIS"). (*Id.*)

During the two years prior to the collapse of BLMIS, Cardinal withdrew approximately $28 million from its account with BLMIS. (*Id.* ¶ 2.) It is alleged that those funds were subsequently transferred to Dakota. (*Id.* ¶ 96.) In this action, the Trustee of BLMIS is seeking to recover those funds from Dakota solely as a subsequent transferee of Cardinal. (*See id.* Counts Two & Nine.) There are no other claims against Dakota in this action.

**Argument**

**I.    CLAIMS AGAINST DAKOTA SHOULD BE DISMISSED BECAUSE ALLEGED TRANSFERS FROM CARDINAL TO DAKOTA TOOK PLACE OUTSIDE THE UNITED STATES.**

The alleged transfers to Dakota were transfers from a British Virgin Islands company to a St. Lucia company. They took place outside of the United States. Based on the consolidated Extraterritoriality Decision,[1] such transfers are not subject to the avoidance provisions of the Bankruptcy Code. Accordingly, the subsequent transferee claims against Dakota (Counts Two and Nine) should be dismissed.

**II.    THE TRUSTEE'S PROPOSED AMENDMENTS TO THE COMPLAINT WOULD BE FUTILE.**

The Trustee has proffered additional allegations concerning Cardinal and Dakota in an attempt to avoid dismissal of the claims against Dakota. None of the new allegations suggests

---

[1] Unless otherwise indicated, capitalized terms in this memorandum of law are defined in the Consolidated Reply.

that the alleged transfers to Dakota took place in the United States. At most, they suggest that Cardinal and Dakota had a close relationship and that Dakota knowingly used Cardinal as a vehicle for investing in BLMIS. The new allegations do not change the facts that (1) Dakota and Cardinal are separate legal entities and (2) the alleged transfers from Cardinal to Dakota took place outside the United States. Even if these new allegations were added to the Complaint, the subsequent transferee claims against Dakota still would be dismissed based on the Extraterritoriality Decision.

In addition to the foregoing, Dakota adopts and incorporates the arguments in the Consolidated Reply that proposed allegations by the Trustee do not support the inference that the alleged transfers were domestic. Specifically relevant to Dakota are the arguments concerning knowledge that funds would be invested in the United States (Section II.B.4), due diligence (Section II.B.5), use of United States bank accounts (Section II.B.7) and affiliation with a feeder fund (Section II.B.11).

## Conclusion

For all the foregoing reasons, the Trustee's claims against Dakota (Counts Two and Nine) should be dismissed.

Dated:   New York, New York
         September 30, 2015

        CLIFFORD CHANCE US LLP

        by  s/ Jeff E. Butler
           Jeff E. Butler

        31 West 52nd Street
        New York, New York 10019
        Tel:  (212) 878-8000

        *Attorneys for Cardinal Management, Inc. and Dakota Global Investments, Ltd.*