Pamela A. Miller
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: pmiller@omm.com

*Attorneys for Defendants Merrill Lynch Banc (Suisse) S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,　　　　　Plaintiff-Applicant,　　v.　BERNARD L. MADOFF INVESTMENT SECURITIES LLC,　　　　　Defendant. | SIPA Liquidation　No. 08-01789-SMB　(Substantively Consolidated) |
| In re:　BERNARD L. MADOFF,　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment securities LLC,　　　　　Plaintiff,　　v.　MERRILL LYNCH BANC (SUISSE) S.A.　　　　　Defendant. | Adv. Pro. No. 11-02910 (SMB) |

**DEFENDANT MERRILL LYNCH BANC (SUISSE) S.A.'S REPLY**
**MEMORANDUM IN SUPPORT OF DISMISSAL WITH PREJUDICE**

# INTRODUCTION[1]

Defendant MLBS adopts and incorporates by reference the Consolidated Reply and writes separately to address the Trustee's MLBS Memorandum and Proffer. Judge Rakoff has made clear that the only relevant question in the extraterritoriality inquiry is where the transfers occurred, which is where the parties are incorporated.[2] The Trustee has acknowledged—as it must—that both the transferor and the transferee are foreign entities. That should be the end of the inquiry, and this action should be dismissed.

Ignoring the crux of Judge Rakoff's Extraterritoriality Decision, the Trustee's Consolidated Opposition focuses only on facts irrelevant to the key question of where the transfers occurred. The Trustee ignores the operative complaint and bases its arguments against MLBS entirely on newly-proffered allegations, which seek to establish a (legally irrelevant) nexus between the transferring parties and the United States. But even accepting all of the Trustee's proffered allegations as true would not lead to a different outcome. The Trustee does not, and cannot, deny that the transfers did not occur in the United States. Because the proffered allegations are futile, the Court should deny the Trustee's motion to amend and dismiss the complaint against MLBS with prejudice.

---

[1] The "MLBS Complaint" is the operative complaint (Docket 1); the "MLBS Proffer" is the Trustee's proffered allegations against MLBS (Docket 74); the "MLBS Memorandum" is the Trustee's supplemental opposition memorandum against MLBS (Docket 73); the "Consolidated Memorandum" is the Transferee Defendants' consolidated memorandum of law in support of their motion to dismiss the Trustee's claims based on extraterritoriality (Docket 63); the "Consolidated Opposition" is the Trustee's memorandum of law in opposition to the Transferee Defendants' motion to dismiss filed on June 30, 2015 (Docket 72); the "Consolidated Reply" is the Transferee Defendants' consolidated reply memorandum of law filed on September 30, 2015; the "Fairfield Funds" are Fairfield Sentry and Fairfield Sigma; "BLMIS" is Bernard L. Madoff Investment Securities LLC; the "Extraterritoriality Decision" is *SIPC v. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014); "MLBS" is Merrill Lynch Banc (Suisse) S.A.; and "ML & Co." is Merrill Lynch & Company. Unless otherwise specified, all emphasis is added, and all quotation marks and internal citations are omitted.

[2] Extraterritoriality Decision at 233 n. 4 ("[U]nless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.").

# ARGUMENT

## I. The Trustee's complaint must be dismissed.

On July 7, 2014, Judge Rakoff entered an Opinion and Order directing the bankruptcy court to dismiss claims against the Transferee Defendants to the extent that they seek to recover purely foreign transfers.[3]  Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted)  *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.*  Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.[4]

As the judge made clear, the relevant question in determining whether the transfers occurred domestically is "the location of the transfers," *i.e.*, the locations of the transferor and transferee as determined by their place of incorporation.[5]  Thus, to state a claim for recovery under Section 550(a), the Trustee's complaint must plead that either the transferor or the transferee was incorporated under the laws of the United States.  The MLBS Complaint clearly alleges that both Fairfield and MLBS are incorporated overseas.[6]

## II. The Trustee's motion for leave to amend should be denied for futility.

Instead of attempting to salvage the MLBS Complaint, the Trustee relies only on its proffered allegations against MLBS.  But these proffered allegations ignore Judge Rakoff's holding:  Only allegations that the *transfers at issue here* occurred within the United States would satisfy the Trustee's pleading burden.[7]  Instead, the Trustee attempts to establish a nexus between the transferring parties and the United States by arguing that (i) the Fairfield Funds

---

[3] *Id.*
[4] *Id.*
[5] *Id.* at 227, 233 n. 4.
[6] MLBS Complaint ¶¶ 2, 23.
[7] Extraterritoriality Decision at 233 n. 4.

2

operated in New York; (ii) MLBS agreed to New York choice of law and venue provisions in the subscription agreements; (iii) MLBS knew the Fairfield Funds were invested in BLMIS in New York; (iv) MLBS used a correspondent bank account in New York to receive transfers; (v) MLBS filed proofs of claims with the Trustee; (vi) MLBS had a "relationship" with the Fairfield Funds' U.S. office, employees, or other representatives; and (vii) MLBS received fees from the Fairfield Funds as incentive to invest or solicit investments with the Fairfield Funds.[8]

As more fully described in Section II. B. of the Consolidated Reply, all of these allegations are insufficient to create a plausible inference that the *transfers themselves* occurred domestically. Judge Rakoff expressly held that the Trustee must plead more than domestic *elements* of the transfer—he must instead plead domestic *transfers*.[9] The Trustee attempts to circumvent this holding by alleging that other Merrill Lynch entities may have been involved in diligence relating to MLBS's investment. But this limited involvement, even if it were true, would not render subsequent transfers between the Fairfield Funds and MLBS domestic, particularly considering that any diligence would have been performed months before the transfers at issue. The Trustee's allegations that MLBS received incentive fees and filed proofs of claims are similar red herrings.[10] The only relevant inquiry is where the transferring parties are located, and the fact that MLBS entered into a contract with Fairfield and filed a proof of claim in the United States simply has no bearing on the location of either the transferring parties or the operative transfers.

Moreover, Judge Rakoff has already considered—and rejected as insufficient—many of the Trustee's allegations here. For example, Judge Rakoff already considered complaints involving the Fairfield Funds and found "no plausible inference that the transfer occurred

---

[8] Consolidated Opposition, Ex. 2, p. 7.
[9] Extraterritoriality Decision at 233 n. 4.
[10] MLBS Proffer at ¶¶ 26–30, 36–39.

3

domestically."[11] He also considered complaints in which the Trustee alleged that the Transferee Defendants had submitted to New York law or jurisdiction in feeder fund subscription agreements and did not find those allegations to be relevant.[12] Judge Rakoff also held that even if "the chain of transfers originated with Madoff Securities in New York," that allegation is "insufficient to make the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a)."[13] Nor was Judge Rakoff persuaded by the Transferee Defendants' use of "correspondent banks in the United States to process dollar-denominated transfers," which he specifically found insufficient to establish domestic transfers.[14]

On the dispositive issue—whether the transfers took place in the United States—the Trustee has failed to satisfy his burden. The Trustee does not dispute that the Fairfield Funds are British Virgin Island entities or that MLBS is a Swiss corporation. Because all of the Trustee's proffered allegations are irrelevant to the question of whether the subsequent transfers at issue were domestic, the Court should deny the Trustee's motion to amend as futile.

## CONCLUSION

The Trustee's complaint and proffered allegations do not establish a plausible inference that the relevant transfers occurred in the United States. Moreover, the Trustee does not satisfy the standard for leave to amend because any amendment would be futile. For the foregoing reasons, as well as those in the Consolidated Reply, the Court should dismiss the Trustee's complaints and deny his request for leave to amend.

---

[11] Extraterritoriality Decision at 233 n.4
[12] *Id.* at 225–26 (considering the CACEIS complaint).
[13] *Id.* at 228.
[14] *Id.* at 228 n. 1 (citing *Cedeno v. Intech Grp., Inc.*, 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010) (dismissing a RICO claim as impermissibly extraterritorial where "[t]he scheme's contacts with the United States, however, were limited to the movement of funds into and out of U.S.-based bank accounts")).

Dated: New York, New York
      September 30, 2015        Respectfully submitted,

By:  /s/ *Pamela A. Miller*
     Pamela A. Miller
     O'MELVENY & MYERS LLP
     Seven Times Square
     New York, New York 10036
     Telephone: (212) 326-2000
     Facsimile: (212) 326-2061
     E-mail: pmiller@omm.com

*Attorneys for Merrill Lynch Banc (Suisse) S.A.*