**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, et al.,<br><br>Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**TRUST DEFENDANTS' REPLY IN SUPPORT OF THE CONSOLIDATED**
**SUPPLEMENTAL MOTION TO DISMISS BASED ON EXTRATERRITORIALITY**

September 30, 2015

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 2

BACKGROUND .................................................................................................................. 2

    **(A)**    The SIPA Trustee Sues the Kingate Funds—but not the Trust Defendants—in New York in 2009 ........................................................ 2

    **(B)**    The Funds Enter Liquidation in 2009 and Sue the Trust Defendants in Bermuda in 2010 ......................................................................................... 3

    **(C)**    The SIPA Trustee Initiates Proceedings Against the Trust Defendants in the Southern District of New York in 2011 ........................................... 4

    **(D)**    In 2012, the SIPA Trustee Seeks to Enjoin the Funds' Bermuda Action Against the Trust Defendants ............................................................. 5

    **(E)**    The District Court's Decision in these Proceedings ............................................. 6

ARGUMENT ........................................................................................................................ 7

I.    THE CLAIMS AGAINST THE TRUST DEFENDANTS MUST BE DISMISSED UNDER THE DISTRICT COURT'S DECISION. .................................... 7

    **(A)**    The SIPA Trustee Has Not Met His Burden of Pleading Facts Giving Rise to a Plausible Inference That The Subsequent Transfers He Seeks To Recover Occurred Within the United States. .................................................... 7

    **(B)**    The SIPA Trustee's Complaint Against The Trust Defendants Should Be Dismissed on Comity Grounds. ............................................................ 9

# **TABLE OF AUTHORITIES**

### Cases

*Absolute Activist Value Master Fund Ltd.* v. *Ficeto*,
    677 F.3d 60 (2d Cir. 2012)...................................................................................7

*Hart v. Anderson*,
    No. 77 Civ. 2680, 1981 U.S. Dist. LEXIS 12772 (S.D.N.Y. Apr. 24, 1981).....................4

*In re Elevator Antitrust Litig.*,
    No. 04 CV 1178 (TPG), 2006 U.S. Dist. LEXIS 34517 (S.D.N.Y. May 30, 2006) ...........9

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
    713 F. Supp. 2d 286 (S.D.N.Y. 2010) ...................................................................9

*Lunts v. Rochester City Sch. Dist.*,
    515 F. App'x. 11 (2d Cir. 2013).............................................................................9

*Schechter v. Dep't of Revenue (In re Markos Gurnee P'ship.)*,
    182 B.R. 211 (Bankr. N.D. Ill. 1995) .....................................................................4

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    490 B.R. 46 (S.D.N.Y. 2013)................................................................................2

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    513 B.R. 222 (S.D.N.Y. 2014),................................................................ 6, 7, 8, 10

*Thomas v. Egan*,
    1 F. App'x. 52 (2d Cir. 2001)................................................................................9

*Walden v. Fiore*,
    134 S. Ct. 1115 (U.S. 2014)..................................................................................1

*Weizmann Inst. of Sci. v. Neschis*,
    229 F. Supp. 2d 234 (S.D.N.Y. 2002) ...................................................................3

*Whiting v. Hudson Trust Co.*,
    138 N.E. 33 (N.Y. 1923).......................................................................................4

### Statutes

Bankruptcy Code, 11 U.S.C. § 550(a)(2) ..............................................................1, 7

### Rules

Fed. R. Civ. P. 8....................................................................................................9

Pursuant to the Court's Scheduling Order,[1] the Trust Defendants[2] submit this reply memorandum of law in support of the Transferee Defendants' Consolidated Supplemental Motion to Dismiss Based on Extraterritoriality. Dec. 31, 2014, ECF No. 158 (the "Motion to Dismiss," hereinafter cited as "MTD"). The SIPA Trustee asserts claims against the Trust Defendants pursuant to section 550(a)(2) of the Bankruptcy Code, 11 U.S.C. § 550(a)(2). Under the established law of this case, those claims must be dismissed. Section 550(a)(2) does not apply to subsequent transfers made by a foreign transferor to a foreign transferee outside the United States, and the Complaint against the Trust Defendants does not satisfy the SIPA Trustee's burden of pleading that the subsequent transfers he seeks to recover occurred within the United States. For the reasons that follow, and for the reasons set forth in the Consolidated Reply filed on behalf of all Extraterritoriality Defendants, which are incorporated by reference herein, the Complaint against the Trust Defendants should be dismissed.[3]

---

[1] The "Scheduling Order" is this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, Dec. 10, 2014, ECF No. 156. The Scheduling Order permits the Trust Defendants to move to dismiss on extraterritoriality grounds without prejudice to their defense that this Court lacks personal jurisdiction over them. As the SIPA Trustee confirms in his papers, the Trust Defendants are not present in the United States and did not purposefully avail themselves of U.S. law, so they are not subject to the personal jurisdiction of this Court. *See Walden v. Fiore*, 134 S. Ct. 1115 (U.S. 2014).

[2] The Trust Defendants are the Ashby Trust; the El Prela Trust; Alpine Trustees Limited ("Alpine"), individually and as trustee of the El Prela Trust; Port of Hercules Trustees Limited ("Port of Hercules"), individually and as trustee of the El Prela Trust; First Peninsula Trustees Limited ("First Peninsula"), individually and as trustee of the Ashby Trust; El Prela Group Holding Services Limited ("El Prela Holding"), Ashby Holding Services Limited ("Ashby Holding"), Ashby Investment Services Limited ("Ashby Investment"), and El Prela Trading Investments Limited ("El Prela Trading"). The Ashby Trust and the El Prela Trust are referred to together as the "Trusts." Alpine, Port of Hercules, and First Peninsula are referred to collectively as the "Trustees."

[3] Pursuant to Paragraph 8 of the Scheduling Order, each defendant as to which the Trustee has made any specific arguments is entitled to submit a five-page memorandum responding to those arguments. The nine Trust Defendants collectively submit this single consolidated reply memorandum in lieu of nine separate briefs.

By submitting this memorandum and joining in the Consolidated Reply, the Trust Defendants do not consent to the final adjudication of this matter by the Bankruptcy Court. Pursuant to the District

1

## PRELIMINARY STATEMENT

In this action, the SIPA Trustee seeks to recover subsequent transfers made by foreign transferors to foreign transferees outside the United States. There could be no better example of the extraterritorial overreach that the District Court's decision was designed to prevent. The Trust Defendants are organized outside the United States. As the Complaint makes clear, the purported fraudulent transfers that allegedly flowed "into and out of" the Trust Defendants flowed through accounts in "Monaco, Bermuda, Guernsey, Island of Jersey, and Switzerland." Fourth Am. Compl. ¶ 70, Mar. 17, 2014, ECF No. 100. The SIPA Trustee does not allege a single purported subsequent transfer to the Trust Defendants *from the United States*. All he offers the Court to support his claims are vague conclusions and newly minted arguments about a "Kingate Enterprise." The Complaint's vague theory is precluded by the law of this case.

## BACKGROUND

**(A)   The SIPA Trustee Sues the Kingate Funds—but not the Trust Defendants— in New York in 2009**

On April 17, 2009, the SIPA Trustee initiated an adversary proceeding ("***Adversary Proceeding***") against Kingate Global Fund Limited and Kingate Euro Fund Limited (the "***Funds***"), and certain service providers to the Funds, alleging that the defendants had known of, and profited from, the Madoff fraud. All of the defendants named in the SIPA Trustee's Complaint were non-U.S. entities organized under foreign law, with operations located outside the United States.[4]

---

Court's order dated January 4, 2013, only the District Court has the authority to finally determine the extraterritoriality issue as it applies to the Trust Defendants, and the Trust Defendants expressly reserve and do not waive their rights in this respect. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec, LLC*, 490 B.R. 46, 52, 58 (S.D.N.Y. 2013).

[4]   *See* Compl. ¶¶ 32–33, 38, 40, 44, 49, 50, 54–58, 63–66, 72, 79.

2

### (B) The Funds Enter Liquidation in 2009 and Sue the Trust Defendants in Bermuda in 2010

Shortly after the SIPA Trustee commenced proceedings against the Funds in the Southern District of New York, the Funds entered liquidation proceedings in the British Virgin Islands ("**BVI**") and Bermuda.[5] On June 4, 2009, the Eastern Caribbean Supreme Court of the High Court of Justice of the Virgin Islands appointed Joint Liquidators for the Funds. Shortly thereafter, the Funds were put into liquidation in Bermuda, and the same Joint Liquidators were appointed there in addition to a local insolvency practitioner. On December 22, 2010, the Joint Liquidators initiated a suit against some of the Trust Defendants seeking the return of fees paid by the Funds based on grounds of unjust enrichment and retention of title or equitable proprietary claims, and against other defendants, breach of contract, tortious breach of duties of care, and/or negligent misstatement (the "**Bermuda Action**"). *See* Declaration of Andrew Witts ("Witts Decl.") ¶ 3, 6, Ex. A, Re-Re-Re-Amended Statement of Claim, Apr. 17, 2015.[6] On March 14, 2012, the Joint Liquidators added the remaining Trust Defendants—Ashby Investment, El Prela Trading and Alpine—as defendants. The Bermuda Action essentially concerns the same pool of assets at issue in these proceedings. They are now well underway. Pleadings and discovery have concluded and certain legal issues have been determined. *See* Witts Decl. ¶¶ 7–10.

---

[5] Kingate Management Limited ("KML"), also a Defendant in this proceeding, entered liquidation in Bermuda on March 2, 2012. Compl. ¶ 48.

[6] The Court may properly consider the Witts Declaration on a motion to dismiss because it summarizes a related, foreign proceeding. *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 244 n.14 (S.D.N.Y. 2002) (court can take judicial notice of documents filed in a foreign proceeding to establish the fact of such litigation and related filings).

3

### (C) The SIPA Trustee Initiates Proceedings Against the Trust Defendants in the Southern District of New York in 2011

On May 20, 2011—some two years after the commencement of liquidation proceedings in Bermuda and the filing of this Adversary Proceeding, and after the commencement of the Bermuda Action—the SIPA Trustee amended his complaint in these proceedings to add various claims against the Trust Defendants for the first time. *See* Third Am. Compl., ECF No 32.

As the SIPA Trustee alleges, all of the Trust Defendants are non-U.S. entities. The Trusts have no legal personality and are therefore not proper defendants in these proceedings. *See Hart v. Anderson*, No. 77 Civ. 2680, 1981 U.S. Dist. LEXIS 12772 at *10 n.10 (S.D.N.Y. Apr. 24, 1981) ("Under New York law, the trust as an entity cannot be sued."); *Whiting v. Hudson Trust Co.*, 138 N.E. 33, 37 (N.Y. 1923) (Cordozo, J.) (an estate has no "separate existence," and is not a legal person; the "only legal person" is the trustee); *see also Schechter v. Dep't of Revenue (In re Markos Gurnee P'ship.)*, 182 B.R. 211, 215 (Bankr. N.D. Ill. 1995) ("[T]he estate created by a trust agreement or a will is not a legal person, and so has no capacity to sue or be sued"). Nevertheless, they are both organized under foreign law, with alleged operations outside the United States, Compl. ¶¶ 54–58, 63–66,[7] and should, therefore, be treated as non-U.S. entities. The Trustees are also non-U.S. entities[8] and are not alleged to have been established or owned by the Funds, KML or the Trusts' beneficiaries.[9]

---

[7] The El Prela Trust and the Ashby Trust were both formed in 1994 under the laws of the Island of Jersey; both are now governed by BVI law. Compl. ¶¶ 54, 63. Ashby Holding, Ashby Investment, El Prela Holding and El Prela Trading are organized under the laws of the BVI with registered offices in Tortola, BVI. They are administered from Monaco. *See id.* ¶¶ 55–66.

[8] Alpine and First Peninsula are incorporated under the laws of Liberia with registered offices in Monrovia, Liberia. Compl. ¶¶ 57, 66. Port of Hercules is incorporated under the laws of the BVI with a registered office in Tortola, BVI. The Trustees are administered from Monaco. *Id.* ¶ 58. First Peninsula acts as trustee to the Ashby Trust. *Id.* ¶ 66. Alpine acted as trustee of the El Prela Trust

4

**(D)    In 2012, the SIPA Trustee Seeks to Enjoin the Funds' Bermuda Action Against the Trust Defendants**

On October 22, 2012—almost two years after the start of the Bermuda Action—the SIPA Trustee commenced a separate proceeding against the Funds asking this Court to enjoin the Bermuda Action (the "***Injunction Proceeding***"). *Picard v. Kingate Funds*, Adv. Pro. No. 12-01920 (SMB) (Bankr. S.D.N.Y.), ECF No. 1 (Trustee's Compl.). The Trust Defendants were not named as parties to the Injunction Proceeding. On February 18, 2014, the Funds moved to dismiss the Injunction Proceeding, arguing, *inter alia*, that the SIPA Trustee could not establish that the funds that it is seeking to claw back in the Adversary Proceeding were initially transferred by BLMIS to the Funds. Inj. Proc., Mem. in Supp. of Opp.'n to Trustee's Appl. for Enforcement of Automatic Stay and Inj., 9, Feb. 18, 2014, ECF. No. 24. In response to the Funds' motion, the SIPA Trustee sought leave to amend his pleadings in the Injunction Proceeding. In moving papers filed in March 2014, the SIPA Trustee argued forcefully in favor of an injunction based on the similarity between the actions pending in Bermuda and the Southern District of New York:

> As the [SIPA] Trustee has in the Avoidance Action, the Joint Liquidators have sued the following individuals and entities: Ceretti, Grosso, FIM, the Investment Company Defendants, Kingate Management, and the Trust Defendants . . . The Avoidance Defendants sued by the [SIPA] Trustee in the Avoidance Action are the Bermuda Defendants sued by the Joint Liquidators in the Bermuda

---

from 1994 to 2006. *Id*. ¶ 57. Port of Hercules has acted as trustee of the El Prela Trust from 2006 to the present. *Id*. ¶ 58.

9    The SIPA Trustee suggests in his Supplemental Memorandum of Law in Opposition ("Suppl. Mem.") that the Trustees were formed by the Trust beneficiaries, *see* Suppl. Mem. at 9–10, but makes no such allegation in his Complaint because he cannot. The Trustees are not owned by the Trust beneficiaries and are not alleged in the Complaint to have been formed when the Funds were established. *See* Compl. ¶¶ 39, 41, 69. Insofar as the Complaint's allegations are inconsistent with the description of those allegations in the Supplemental Memorandum, the Supplemental Memorandum's "allegations" should be disregarded. The SIPA Trustee is not permitted to re-plead his deficient Complaint under the guise of motion practice. *See infra* note 10.

5

> Action. And as the [SIPA] Trustee has in the Avoidance Action, the Joint Liquidators seek to recover from the Bermuda Defendants the same management fees transferred by the Kingate Funds to Kingate Management and the same dividends subsequently transferred to the Trust Defendants.
>
> *See* Inj. Proc., Trustee's Mem. in Supp. of Mot. for Leave to File Am. Compl., 3, 5–6, Mar. 25, 2014, ECF. No. 29.

On August 14, 2014, the SIPA Trustee dismissed the Injunction Proceeding voluntarily. *See* Inj. Proc., Notice of Dismissal, Aug. 14, 2014, ECF. No. 56.

### (E) The District Court's Decision in these Proceedings

The background to the District Court's Decision is set out in detail in the Motion to Dismiss and the Omnibus Reply on behalf of all Extraterritoriality Defendants. *See* MTD at 4–16. On July 7, 2014, Judge Rakoff entered an Opinion and Order in which he decided the Defendants' consolidated motion to dismiss, *Sec. Inv'r Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014), holding that:

> [I]t is the [SIPA] Trustee's obligation to allege 'facts giving rise to the plausible inference that' the transfer occurred 'within the United States.' *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 69 (2d Cir. 2012). Here, to the extent that the [SIPA] Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically. Therefore, unless the [SIPA] Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id*. at 232 n.4.

Judge Rakoff also concluded that, "in the alternative, . . . even if the presumption against extraterritoriality were rebutted, the SIPA Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity." *Id*. at 231. He explained that where transferors, such as Fairfield Sentry Limited ("**Sentry**") and Harley

6

International (Cayman) Limited ("**Harley**"), are involved in liquidation proceedings in their home countries (the BVI and Cayman Islands respectively), those jurisdictions have a "greater interest in applying their own laws." *Id*. at 232.

Judge Rakoff remanded the adversary proceedings to this Court "for further proceedings consistent with this Opinion and Order." *Id.*

## ARGUMENT

### I. THE CLAIMS AGAINST THE TRUST DEFENDANTS MUST BE DISMISSED UNDER THE DISTRICT COURT'S DECISION.

#### (A) The SIPA Trustee Has Not Met His Burden of Pleading Facts Giving Rise to a Plausible Inference That the Subsequent Transfers He Seeks to Recover Occurred Within the United States.

Because Judge Rakoff has determined that 11 U.S.C. § 550(a)(2) does not apply extraterritorially, the SIPA Trustee bears the burden of alleging that the subsequent transfers he seeks to recover occurred in the United States. "[I]t is the [SIPA] Trustee's obligation to allege 'facts giving rise to the plausible inference that' the transfer occurred 'within the United States.'" 513 B.R. at 232 n.4 (citation omitted). *See also Absolute Activist Value Master Fund Ltd.* v. *Ficeto*, 677 F.3d 60 (2d Cir. 2012). The SIPA Trustee has wholly failed to meet this burden in respect of the Trust Defendants.

The Trust Defendants are all alleged to be foreign subsequent transferees, organized and residing outside the United States. And as the Complaint makes clear, any subsequent transfers that they allegedly received from BLMIS were made by foreign transferors outside the United States. Indeed, all of the funds that allegedly flowed "into and out of" the Trust Defendants are alleged to have passed through accounts in "Monaco, Bermuda, Guernsey, Island of Jersey, and Switzerland." Compl. ¶ 70. The SIPA Trustee specifies only a handful of

7

specific purported subsequent transfers involving the Trust Defendants, all of which are alleged to have taken place outside of the United States. *Id.* ¶ 256.

The generic allegation that "[t]he Ceretti and Grosso Companies routinely received funds originating from New York and derived substantial revenue from such funds," *id.* ¶ 86, does not satisfy the requirement identified by Judge Rakoff. As the SIPA Trustee's Opposition makes clear, this allegation is not that money was transferred from New York to the Trust Defendants; the SIPA Trustee only alleges that money was transferred from New York to the Funds overseas, to some other overseas entity and, ultimately, to the Trust Defendants. Suppl. Mem. at 8–9. Because this allegation does not state, as it must, that any of the purported subsequent transfers that the SIPA Trustee is seeking to recover from the Trust Defendants came directly from the United States, it does not satisfy even the most basic pleading requirements set forth by Judge Rakoff. 513 B.R. at 232 n.4.[10]

Nor is the Complaint saved by the SIPA Trustee's flawed effort to lump all of the Kingate entities into a fictitious "Kingate Enterprise." This transparent attempt to attribute the purported domestic contacts of some entities to entities that lack domestic contacts altogether was raised for the first time in the Opposition—and appears *nowhere* in the Complaint. Even if this theory is considered by the Court—and given that it does not appear anywhere in the

---

[10] The allegation that Ashby Holding made a single transfer to New York does not alter this analysis. *See* Compl. ¶ 86. The question of whether or not a transfer challenged under Section 550 is extraterritorial turns on the source of the challenged transfer; that the recipient may subsequently transfer the funds that it receives into the United States is immaterial. *See* 513 B.R. at 232 n.4. More basically, the Complaint does *not* allege that this single transfer is a challenged subsequent transfer, was made with funds that originally came from BLMIS, that any of the other Trust Defendants made similar transfers, or that this single transfer renders otherwise foreign transfers domestic ones. This allegation, therefore, is entirely irrelevant.

8

Complaint, it should not be[11]—it cannot be given any weight. Allegations that make no distinction among individual defendants and fail to describe the particular activities of each are insufficient to survive a motion to dismiss. *See In re Elevator Antitrust Litig.*, No. 04 CV 1178 (TPG), 2006 U.S. Dist. LEXIS 34517, at *7 (S.D.N.Y. May 30, 2006) (dismissing claims where misconduct was alleged "in entirely general terms without any specification of any particular activities by any particular defendant"), *aff'd*, 502 F.3d 47; *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 713 F. Supp. 2d 286, 297 (S.D.N.Y. 2010) ("Repeating the assertion that the [defendants] 'agreed' and characterizing the conduct as a horizontal conspiracy . . . does not, without more, pass muster under *Twombly*.").[12]

### (B)  The SIPA Trustee's Complaint Against the Trust Defendants Should Be Dismissed on Comity Grounds.

Judge Rakoff has made it clear that, "even if the presumption against extraterritoriality were rebutted, the SIPA Trustee's use of section 550(a) to reach these foreign transfers would be precluded by concerns of international comity." 513 B.R. at 231. Where parties to these proceedings are already involved in proceedings abroad, those jurisdictions have a much stronger interest in applying their own laws. *Id.* at 232. The SIPA Trustee cannot be permitted to "reach around such foreign liquidations in order to make claims to assets on behalf

---

[11]  *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x. 11, 13 (2d Cir. 2013); *Thomas v. Egan*, 1 F. App'x. 52, 54 (2d Cir. 2001) ("A claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim.").

[12]  The Court should disregard Exhibit 2 to the SIPA Trustee's Opposition to the Motion to Dismiss Based on Extraterritoriality. The boxes checked as to the Trust Defendants in Exhibit 2 bear no relation to the allegations in the Complaint and are a sloppy attempted end-run around Fed. R. Civ. P. 8. For instance, despite what Exhibit 2 says, the Trust Defendants are not alleged to have had any knowledge of the particulars of the BLMIS transactions. *See, e.g.*, Compl. at 33 (omitting Trust Defendants from defendants that allegedly had knowledge of BLMIS), are not alleged to have conducted due diligence on BLMIS, and are not alleged to have used a U.S. affiliate to conduct business. Exhibit 2 is, therefore, not an accurate summary of the Complaint or its allegations.

9

of the . . . estate;" indeed the Trust Defendants had "no reason to expect that U.S. law would apply" to the claims at issue in this case. *Id.*

Even if the Court determines that the alleged transfers to the Trust Defendants were not extraterritorial (and the allegations in the Complaint make clear that they were), the Complaint against the Trust Defendants should nevertheless be dismissed in favor of the Funds' liquidation proceeding and the Bermuda Action. As the SIPA Trustee has acknowledged, the Funds and Kingate Management Limited, the alleged source of purported subsequent transfers to the Trust Defendants, are in liquidation in Bermuda.[13] And the Bermuda Action concerns the same pool of assets at issue in these proceedings, and it involves the same defendants, all of which are organized under foreign law.[14] Moreover, the court in the Bermuda Action has already decided some of the controlling legal issues in that case, applying Commonwealth law, the law that governed the Funds and their relationships with their investors and managers. Given the overlap between the proceedings in Bermuda and the United States, and the interest of Bermuda in having the law that governed the Funds applied to all purported subsequent transfers, this Court should dismiss the claims against the Trust Defendants both on comity of courts and comity of nations grounds, both of which apply to the Trust Defendants. *See* Omnibus Reply at 38–41.

## CONCLUSION

For the foregoing reasons, the Trust Defendants respectfully request that the Court dismiss the Complaint with prejudice; and grant such other relief as may be just and proper.

---

[13] S*ee* Suppl. Mem. at 7 n. 50; *see also* Compl. ¶¶ 43, 48.

[14] *See* Inj. Proc., Trustee's Letter to J. Bernstein, Mar. 26, 2014, ECF No. 32 ("[The] Bermuda Action also seeks to recover the property that the [SIPA] Trustee in the Avoidance Action alleges is customer property.").

Dated: September 30, 2015　　　　Respectfully submitted,
　　　　　New York, NY

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

*/s/ Timothy P. Harkness*
Timothy P. Harkness
601 Lexington Avenue
New York, NY 10022
Phone: (212) 277–4000
Fax: (212) 277–4001
timothy.harkness@freshfields.com

*Attorneys for the Trust Defendants*

11