# EXHIBIT B

# IN THE SUPREME COURT OF BERMUDA

## COMMERCIAL COURT

### No. 409 of 2009

**BETWEEN**

(1) HERMES INTERNATIONAL FUND LIMITED
(2) ~~LAGOON INVESTMENT LIMITED~~

Plaintiffs

and

(1) BANK OF BERMUDA LIMITED
(2) HSBC SECURITIES SERVICES (BERMUDA) LIMITED

Defendants

## RE-RE-AMENDED GENERALLY ENDORSED WRIT OF SUMMONS

ELIZABETH II, by the Grace of God, of the United Kingdom of Great Britain and Northern Ireland and of Our other Realms and Territories, Queen, Head of the Commonwealth, Defender of the Faith.

To :   BANK OF BERMUDA LIMITED
of:    6 Front Street
       Hamilton HM 11
       BERMUDA

And to: HSBC SECURITIES SERVICES
        (BERMUDA) LIMITED
of:    6 Front Street
       Hamilton HM 11
       BERMUDA

WE COMMAND YOU that within fourteen days after the service of this Writ on you, inclusive of the day of such service, you do cause an appearance to be entered for you in an action at the suit of HERMES INTERNATIONAL FUND LTD. and take notice that in default of your so doing the Plaintiff may proceed therein and judgment may be given in your absence.

**WITNESS** the Honourable Mr. Richard W. Ground, O.B.E., Q.C., Chief Justice of Our said Court, the 30th day of November in the year of our Lord Two Thousand and ~~nine ten~~ nine.

N.B.   - This Writ is to be served within twelve calendar months from the date thereof, or, if renewed, within six calendar months from the date of the last renewal, including the day of such date, and not afterwards -

The defendant may appear hereto by entering an appearance, either personally or by attorney, at the office of the Registrar of the Supreme Court, 113 Front Street, Hamilton.

If the Defendant enters an appearance they must also deliver a defence within fourteen days from the last day of the time limited for appearance unless such time is extended by the Court as a Judge, otherwise judgment may be entered against them without notice, unless they have in the meantime been served with a Summons for judgment.

**The Plaintiff's claim is** ~~under and~~ **pursuant to:-**

(1) a written agreement ("the 1992 Administration Agreement") dated 27 April 1992 between (and/or which governed the relationship between) the Plaintiffs and the First Defendant and by which the First Defendant was appointed and/or acted as administrator of the Plaintiffs and assumed liability to the Plaintiffs for the acts and omissions of itself and of its servants, agents and delegates (including, in the events which have happened, HSBC Securities Services (Luxembourg) SA ("HSBCSSL")) and

(2) a written agreement ("the 2003 Administration Agreement") dated 28 October 2003 between (and/or which governed the relationship between) the Plaintiffs and the Second Defendant (formerly known as Management International (Bermuda) Ltd) and by which the Second Defendant was appointed and/or acted as administrator of the Plaintiffs and assumed liability to the Plaintiffs for the acts and omissions of itself and of its servants, agents and delegates (including, in the events which have happened, HSBC Fund Services (Luxembourg) SA and HSBCSSL).

~~Further or alternatively, the Plaintiffs' claim is that:~~

~~(3) as administrator in the period from 27 April 1992 to 28 October 2003, the First Defendant owed contractual and/or tortious and/or fiduciary duties to the Plaintiffs; and~~

~~(4) as administrator in the period from 28 October 2003 on, the Second Defendant owed contractual and/or tortious and/or fiduciary duties to the Plaintiffs.~~

**The Plaintiff's claim against the First Defendant:**

~~1. Damages for breaches of the 1992 Administration Agreement and/or negligence comprising and/or in respect of acts and omissions of the First Defendant and HSBCSSL in the period from 27 April 1992 to 28 October 2003;~~

~~2. Further or alternatively, and by reason of the First Defendant's said liability pursuant to the 1992 Administration Agreement, an indemnity in respect of the losses suffered and to be suffered by the Plaintiffs by reason of the said acts and omissions of the First Defendant and HSBCSSL;~~

~~2A. Further or alternatively, compensation and/or damages for breaches of fiduciary duty comprising and/or in respect of acts and omissions of the First Defendant and HSBCSSL in the period from 27 April 1992 to 28 October 2003;~~

~~3.~~    1. ~~In the case of the First Plaintiff only.~~ Is for payment of the amount by which the fees paid (in the period from 27 April 1992 to 28 October 2003) to the First Defendant (for acting as administrator) were overpaid, such amount having been paid under a mistake of fact and/or for a consideration which has wholly failed and/or being recoverable as money had and received by the First Defendant to the use of the ~~First~~ Plaintiff;

**And the Plaintiff's claim against the Second Defendant:**

~~4.    Damages for breaches of the 2003 Administration Agreement and/or negligence comprising and/or in respect of acts and omissions of the Second Defendant, HSBC Fund Services (Luxembourg) SA and HSBCSSL in the period from 28 October 2003 to 11 December 2008;~~

~~5.    Further or alternatively, and by reason of the Second Defendant's said liability pursuant to the 2003 Administration Agreement, an indemnity in respect of the losses suffered and to be suffered by the Plaintiffs by reason of the said acts and omissions of the Second Defendant, HSBC Fund Services (Luxembourg) SA and HSBCSSL;~~

~~5A.    Further or alternatively, compensation and/or damages for breaches of fiduciary duty comprising and/or in respect of acts and omissions of the Second Defendant, HSBC Fund Services (Luxembourg) SA and HSBCSSL, in the period from 28 October 2003 to 11 December 2008;~~

~~6.~~    1. ~~In the case of the First Plaintiff only,~~ Is for payment of the amount by which the fees paid (in the period from 28 October 2003 to 11 December 2008) to the Second Defendant (for acting as administrator) were overpaid, such amount having been paid under a mistake of fact and/or for a consideration which has wholly failed and/or being recoverable as money had and received by the Second Defendant to the use of the ~~First~~ Plaintiff;

**And the Plaintiff~~s~~ claim~~s~~ against both Defendants:**

~~7.~~    2. In respect of all sums awarded to the Plaintiff~~s~~, interest in restitution or as damages including compound interest, or interest pursuant to the Interest and Credit Charges (Control) Act 1975 for such period(s) and at such rate(s) as the Court shall think fit;

~~8.~~   3. All necessary accounts and enquiries;

~~9.~~   4. Costs;

~~10.~~  5. Further or other relief.


DATED the 30th day of November, 2009

**AMENDED** the 2nd day of December, 2009

RE-AMENDED the 26th day November, 2010

RE-RE-AMENDED the 14th day of March, 2011

_____
COX HALLETT WILKINSON LIMITED
~~"Milner House",~~
~~18 Parliament Street~~
~~Hamilton HM 12~~
Cumberland House
9th Floor
1 Victoria Street
Hamilton HM 11
Attorneys for the Plaintiff~~s~~

IN THE SUPREME COURT OF BERMUDA
CIVIL JURISDICTION
2009  : No. 409

BETWEEN:

(1) HERMES INTERNATIONAL FUND LIMITED
(2) LAGOON INVESTMENT LIMITED

Plaintiff

-v-

(1) BANK OF BERMUDA LIMITED
(2) HSBC SECURITY SERVICES
(BERMUDA) LIMITED

Defendant

---

**RE-RE-AMENDED** GENERALLY ENDORSED
WRIT OF SUMMONS

---

COX HALLETT WILKINSON LIMITED
*Barristers & Attorneys*
"Milner House"
18 Parliament Street
Hamilton
Cumberland House
1 Victoria Street
Hamilton HM 11
Attorneys for the Plaintiffs
DRK/sj



SUPREME COURT BERMUDA
2011 MAR 14 AM 10: 53

This Writ was served by me on the _____ day of _____, 2011

Indorsed on the _____ day of _____, 2011

the undersigned, on the Defendant at

---

**Process Server**

---

This Writ was issued by Messrs. Cox Hallett Wilkinson, "Milner House", 18 Parliament Street, Hamilton, Bermuda, Attorneys for the Plaintiff whose address for service is the same

The Registered office of the Plaintiff is at Romasco Place, Wickhams Cay 1, Road Town, Tortola, British Virgin Island