CLEARY GOTTLIEB STEEN & HAMILTON LLP
Carmine D. Boccuzzi, Jr.
Samuel L. Raymond
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
*Attorneys for Citibank (Switzerland) AG*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff,<br><br>    -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br><br>SIPA Liquidation<br><br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>               Plaintiff,<br><br>    -against-<br><br>CAPRICE INTERNATIONAL GROUP INC., CITIBANK (SWITZERLAND) LTD., ERIC SCHIFFER D/B/A DESERT ROSE LTD, PINE CLIFFS INVESTMENT LIMITED AND CENARD INVESTMENTS LTD,<br><br>               Defendants. | Adv. Pro. No. 12-01700 (SMB)<br><br><br><br>**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF CITIBANK (SWITZERLAND) AG'S MOTION TO DISMISS BASED ON EXTRATERRITORIALITY** |

Citibank (Switzerland) AG ("Citi Switzerland AG") submits this supplemental reply brief in support of its motion to dismiss the Trustee's Complaint ("Compl.")[1] and in opposition to the Trustee's motion for leave to amend.

## PRELIMINARY STATEMENT

The principles set forth in *SIPC v. BLMIS*, 513 B.R. 222 (S.D.N.Y. 2014), require dismissal of the Trustee's sole claim against Citi Switzerland AG (Compl., Count One). Section 550(a)(2) of the Bankruptcy Code does not apply to the subsequent transfers from the Bermudan entity ZCM Asset Holding Company (Bermuda) LLC ("ZCM") to the Swiss entity Citi Switzerland AG, because those transfers were foreign. Indeed, those transfers themselves followed the offshore transfers from BVI entity Fairfield Sentry Limited ("Fairfield Sentry") to ZCM. The Trustee's Complaint, Proffered Allegations Pertaining to the Extraterritoriality Issue ("Proffered Allegations"), and Supplemental Memorandum do not, and cannot, plead facts that would demonstrate—contrary to the facts and common sense—that the transfers from ZCM in Bermuda to Citi Switzerland AG in Switzerland were domestic. The Trustee's Complaint should be dismissed and his motion for leave to amend denied as futile.

## ARGUMENT

Where, as here, "the relevant transfers and transferees are predominantly foreign," in that they involve "foreign feeder funds transferring assets abroad to . . . other foreign transferees," the transfers are beyond the reach of Bankruptcy Code Section 550. *SIPC v. BLMIS*

---

[1] This reply supplements the Reply Consolidated Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality ("Consolidated Reply"), also being filed today. Citi Switzerland AG joins and incorporates by reference the Consolidated Reply. The Trustee's Supplemental Memorandum of Law in Opposition to Citibank (Switzerland) Ltd.'s Motion to Dismiss is referred to herein as the "Tr.'s Supp. Mem." Citi Switzerland AG expressly reserves all other available defenses, including that of personal jurisdiction. Order Concerning Further Proceedings on Extraterritoriality Mot. 10–11, Adv. Pro. No. 12-1700, Dkt. No. 57 (Bankr. S.D.N.Y. Dec. 18, 2014).

("*Extraterritoriality Decision*"), 513 B.R. at 227.  ZCM is a Bermuda limited company that maintains its place of business in Bermuda.  Compl. ¶ 23.  Citi Switzerland AG is a Swiss limited company that maintains its place of business in Switzerland.  *Id.* ¶ 25.  The transfers at issue here were allegedly received by Citi Switzerland AG from ZCM, after ZCM allegedly received the money from Fairfield Sentry, itself a BVI entity.  *Id.* ¶¶ 2, 48; Proffered Allegations ¶ 3.  Thus, as the transfers from ZCM to Citi Switzerland AG were "predominantly foreign" and the Trustee fails to meet his "obligation to allege facts giving rise to the plausible inference that the [otherwise thoroughly foreign] transfer[s] occurred within the United States," those transfers must be held to be outside his clawback powers.  *Extraterritoriality Decision*, 513 B.R. at 232 & n.4 (citation omitted).

As an initial matter, the Trustee's repeated references to separate, direct investments by Citi Switzerland AG with Fairfield Sentry[2] do not help him, as he himself acknowledges that those "direct investments with the [Fairfield Sentry] fund *are not the subject of this action*." Tr.'s Supp. Mem. 1 n.2 (emphasis added).  The transfers from Fairfield Sentry to Citi Switzerland AG are the subject of claims by the liquidators of Fairfield Sentry under common law and BVI statutory law theories.  *Fairfield Sentry Ltd. et al. v. Citibank (Switzerland) AG, et al.*, Adv. Pro. No. 10-03640 (Bankr. S.D.N.Y.).  Those separate investments do nothing to render domestic the transfers from ZCM to Citi Switzerland AG at issue here.

The Trustee otherwise offers four familiar arguments, none of which succeeds.

---

[2] Tr.'s Supp. Mem. 3, 4, Proffered Allegations ¶¶ 10, 11, 12, 13 (referring to Citi Switzerland AG's subscription agreements with Fairfield Sentry); Tr.'s Supp. Mem. 3 (references to Citi Switzerland AG's alleged expectations that U.S. law would apply to its direct investments); Proffered Allegations ¶¶ 7, 9 (allegations about the "purpose" of Citi Switzerland AG's investments referencing direct investments with Fairfield Sentry); Proffered Allegations ¶¶ 16, 17 (referring to bank accounts connected to Citi Switzerland AG's direct investments with Fairfield Sentry).

2

*First*, the Trustee argues that Citi Switzerland AG should have expected that U.S. law would govern the transfers, based on the "subscription agreements" between ZCM and Citi Switzerland AG, on the one hand, and Fairfield Sentry on the other.  Tr.'s Supp. Mem. 3, Factors 2–3; Proffered Allegations ¶¶ 12–14.  Again, any subscription agreement between Citi Switzerland AG and Fairfield Sentry is the subject of the BVI liquidators' separate claims concerning transfers not at issue here.  And the Trustee offers no plausible allegation as to how a ZCM-Fairfield Sentry subscription agreement renders the transfers from ZCM to Citi Switzerland AG domestic.  The subscription agreements in any event did not govern the redemptions by ZCM out of Fairfield Sentry, which were instead governed by Fairfield Sentry's BVI law-governed Articles of Association.  *Fairfield Sentry Ltd. (in Liquidation) v. Migani*, [2014] UKPC 9 (appeal taken from BVI), 2014 WL 1219748; *see also* Consolidated Reply 24–25.  The Trustee otherwise pleads no facts about the ZCM-Citi Switzerland AG relationship that would support the conclusion that transfers between those non-U.S. entities were not foreign.

*Second*, the Trustee argues that Citi Switzerland AG's "entire purpose" was to invest in Bernard L. Madoff Investment Securities ("BLMIS"), and that "the Transfers from ZCM came from Fairfield Sentry," and thus from BLMIS.  Tr.'s Supp. Mem. 2, Factors 4–7.  But the *Extraterritoriality Decision* is clear that the focus of the extraterritoriality analysis is on the location of the "transfers," not the "relationship of that property to a perhaps-distant debtor." 513 B.R. at 227.  Nor is it an answer for the Trustee to argue that an offshore transfer between foreign entities ZCM and Citi Switzerland AG is rendered domestic by a purportedly domestic transfer that occurred previously.  *See id.* at 228 ("Although the chain of transfers originated with Madoff Securities in New York, that fact is insufficient to make the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a).").

3

*Third*, the *Extraterritoriality Decision* forecloses the Trustee's argument, Tr.'s Supp.

Mem. 4, Factor 1, that the place of operations of Fairfield Sentry is relevant to whether these

subsequent transfers are domestic.  513 B.R. at 232 n.4; *see also* Consolidated Reply 20–23.

*Finally*, while the Trustee proffers the allegation that Citi Switzerland AG received the

transfers from ZCM at a bank account in New York, Proffered Allegations ¶ 16, the Trustee does

not allege that the transfers ended in the U.S.,[3] which means he has failed to allege sufficiently

that the transfers were domestic.  *See, e.g.*, *Extraterritoriality Decision*, 513 B.R. at 227–28

(stating that a transfer is foreign even when the money was "transferred through a bank account

in New York") (citation omitted); Consolidated Reply 28–29.   Judge Rakoff also held, contra

the Trustee's argument, *see* Tr.'s Supp. Mem. 4; Proffered Allegations ¶ 17, that transfers are

foreign even if a defendant "used correspondent banks in the United States to process dollar-

denominated transfers."  *Id.* at 228 n.1; *see also* Consolidated Reply 28–29.

The Trustee otherwise argues that the transfers from ZCM to Citi Switzerland AG should

be treated as domestic because, in his view, the transfers from Fairfield Sentry to ZCM were

domestic.  *See* Tr.'s Supp. Mem. 4; Proffered Allegations ¶¶ 14–15.  Putting aside that the

Trustee has not demonstrated why, under the *Extraterritoriality Decision*, the transfers from

Fairfield Sentry to ZCM qualify as domestic, there is no authority for the argument that they

render the later foreign transfers from ZCM to Citi Switzerland AG domestic.  This is just a

replay of the Trustee's failed argument that the transfers originated with BLMIS, and is

foreclosed by Second Circuit decisions holding that antecedent elements are irrelevant to the

situs for extraterritoriality purposes.  *See* Consolidated Reply 10–13.  The *Extraterritoriality*

---

[3]  The Trustee did not cite as relevant Factor 12, "Defendant utilized U.S. bank account to receive
transfers," on his chart.  This further supports the conclusion that any U.S. account used by Citi
Switzerland AG does not relate to the transfers at issue here.

*Decision* applies with particular force to the transfers to Citi Switzerland AG: both BLMIS and Fairfield Sentry are "distant" from the transfers received from ZCM. 513 B.R. at 227.

In the alternative, the Trustee's claims should be dismissed on grounds of comity. *See* Consolidated Reply 33–36, 40. The BVI, where liquidation proceedings for Fairfield Sentry have already commenced, rather than the United States, has a greater interest in applying its own law to these transfers than does the United States. *Id.* In fact, the liquidators of Fairfield Sentry have sued to recover some of these transfers from Fairfield Sentry to ZCM. *See Fairfield Sentry Ltd. (in Liquidation) v. Zurich Cap. Mkts. Co., et al*., Adv. Pro. No. 10-03634 (Bankr. S.D.N.Y.).

## CONCLUSION

The Trustee has failed to plead that the transfers to Citi Switzerland AG occurred within the United States. The BVI has a greater interest than the United States in applying its law. The Court should dismiss the Trustee's claim with prejudice and deny his motion for leave to amend as futile.

Dated: New York, New York
          September 30, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By*:* /s/ Carmine D. Boccuzzi, Jr.
        Carmine D. Boccuzzi, Jr.
        Samuel L. Raymond

One Liberty Plaza
New York, New York 10006
(212) 225-2000
(212) 225-3999 (facsimile)
cboccuzzi@cgsh.com

*Attorneys for Citibank (Switzerland) AG*

5