**Freshfields Bruckhaus Deringer US LLP**
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for Tensyr Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 09-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff, | Adv. Pro. No. 10-05353 (SMB) |
| Plaintiff, | |
| v. | |
| NATIXIS, NATIXIS CORPORATE & INVESTMENT BANK (f/k/a IXIS CORPORATE & INVESTMENT BANK), NATIXIS FINANCIAL PRODUCTS, INC., BLOOM ASSET HOLDINGS FUND, AND TENSYR LIMITED, | |
| Defendants. | |

**TENSYR LIMITED'S SUPPLEMENTARY REPLY MEMORANDUM OF LAW IN SUPPORT OF THE EXTRATERRITORIALITY DEFENDANTS' MOTION TO DISMISS, AND IN OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO AMEND**

Pursuant to the Scheduling Order,[1] defendant Tensyr Limited (**Tensyr**) submits this reply memorandum of law in support of the Transferee Defendants' Consolidated Supplemental Motion To Dismiss Based on Extraterritoriality, No. 12-mc-115 (JSR) (S.D.N.Y. Jul. 13, 2012) ECF No. 234.   Tensyr hereby joins in and incorporates the arguments made in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion To Dismiss Based on Extraterritoriality, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. Sep. 30, 2015), ECF No. 11542 (**Reply**).   Tensyr writes briefly to address the Trustee's allegations as to Tensyr.

## PRELIMINARY STATEMENT

As demonstrated in the Transferee Defendants' Moving Papers and in the Reply, to survive dismissal on the basis of extraterritoriality, the Trustee must allege facts sufficient to support the plausible inference that the transfers received by Tensyr, a company incorporated and headquartered in Jersey, from Fairfield Sentry Limited (**Sentry**), a British Virgin Islands registered investment fund (the **Challenged Transfers**), occurred in the United States.  *See* Br. at 9-10; Reply at 8-10.   The Trustee fails to do so.   The Trustee does not, because he cannot, allege (or propose allegations) that either Tensyr or Sentry were organized in the United States or that the Challenged Transfers originated in, or were made to, the United States.

Unable to allege facts to support a plausible inference that the Challenged Transfers occurred in the United States, the Trustee instead resorts to a grab bag of proposed allegations concerning Tensyr's use of a correspondent bank account and service providers in the United States.   These proposed allegations do nothing to save the Trustee's fatally defective complaint because, as a matter of law, they cannot convert a foreign transfer into a domestic one.

---

[1]   Capitalized terms not defined herein have the meaning assigned to them in the Consolidated Supplemental Memorandum Of Law In Support of the Transferee Defendants' Motion To Dismiss Based on Extraterritoriality, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. Dec. 31, 2014), ECF No. 8903 (**Br.**).   References to the **Proffer** refer to the Proffered Allegations Pertaining to the Extraterritoriality Issue as to Natixis S.A., Bloom Asset Holdings Fund, and Tensyr Limited, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. Jun. 27, 2015), ECF No. 10388.   For the purpose of this motion only Tensyr accepts as true the allegations in the Trustee's Complaint and Proffer.

Consequently, the Trustee's complaint should be dismissed as against Tensyr and his proposed motion to amend denied as futile.

## ARGUMENT

**A.  The Trustee's Existing Complaint Fails To Allege The Existence of Domestic Transfers And Should Be Dismissed**

The Trustee's original Complaint against Tensyr contains no allegations to support a plausible inference that the alleged transfers Tensyr received from Sentry occurred in the United States.  *See* Compl. ¶¶ 223-236; *see also* Reply at 3-5.  Acknowledging the obvious, the Trustee does not defend the sufficiency of his existing complaint, relying instead solely on a completely new set of proffered allegations.  *See* Trustee's Supplemental Mem. Of Law In Opp. To the Mot. To Dismiss Based On Extraterritoriality Filed By Natixis S.A., Bloom Asset Holdings Fund, and Tensyr Limited, and In Further Supp. of Trustee's Mot. For Leave to Amend, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 27, 2015), ECF No. 10387 (*Tr. Opp.*).  The Trustee's existing Complaint should accordingly be dismissed.

**B.  The Trustee's Proposed Allegations Do Not Support A Plausible Inference That Tensyr Received Domestic Transfers And The Trustee's Motion To Amend Should Therefore Be Denied As Futile**

As shown in the Transferee Defendants' Moving Papers and in the Reply, under Judge Rakoff's direction in this case, as well as controlling Supreme Court and Second Circuit precedent, to survive dismissal on the basis of extraterritoriality the Trustee must plead facts sufficient to establish a plausible inference that the *transfer* he seeks to claw back occurred in the United States.  *See* Br. at 6-7; Reply at 10-18.  Merely alleging that *conduct* related to those transfers occurred in the United States is insufficient to discharge the Trustee's duty. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 227-28 (S.D.N.Y. 2014) (to prevail on a Section 550 claim, Trustee must establish existence of domestic transfers); *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 266-70 (2010) (abolishing the "conduct and effects" test in favor of a transaction test to determine whether a claim is barred by the presumption against extraterritoriality); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 66-67 (2d

2

Cir. 2012) (applying transaction test to dismiss claims despite allegations of substantial US-based conduct).

Not only do the Trustee's proffered allegations fail to establish a domestic transfer, they actually demonstrate the opposite. The Subscription Agreement, on which the Trustee relies heavily in the Proffer, *see* Proffer ¶¶ 28, 32, 104, 105, 107, 108, shows that redemption payments to Tensyr were made from a bank in Dublin to a bank in Belgium. *See* Ex. A. (Subscription Agreement, dated Dec. 18, 2006) at 10 (redemption transfers made to Tensyr's account at Bank of New York, Brussels Branch); Proffer ¶ 128 (only Sentry account alleged by Trustee was held at "Citco Bank Dublin").[2] This alone forecloses the Trustee's claims against Tensyr.

The Trustee's remaining allegations concerning Tensyr's use of correspondent bank accounts and its relationship with Fairfield Greenwich Limited (*FG*) also fail to convert the "thoroughly foreign" transfers from Sentry to Tensyr into domestic ones. *SIPC*, 513 B.R. at 228.

1.    Use of a Correspondent Account Does Not Establish A Domestic Transfer

The Trustee's sole attempt to plead the existence of a domestic transfer from Sentry to Tensyr is the makeweight assertion that it used New York-based correspondent accounts to effectuate the transfer, *see* Tr. Opp. at 13; Proffer ¶ 107. But, as Judge Rakoff has already held, the use of a correspondent account does not suffice to convert a foreign transfer into a domestic one. *See* Reply at 28-29; *SIPC*, 513 B.R. at 228, n. 1; *see also Norex Petroleum Ltd. v. Access Indus., Inc.*, 540 F. Supp. 2d 438, 444 (S.D.N.Y. 2007) (use of US bank accounts to wire funds insufficient to establish domestic activity for purposes of extraterritoriality analysis), *aff'd* 631 F.3d 29 (2d Cir. 2010).

Nor is Judge Rakoff's holding surprising. The overwhelming majority of dollar denominated transactions around the world pass through a US-based correspondent accounts. Indeed, to hold otherwise would place innumerable dollar-denominated transfers made anywhere

---

[2]    The Court can consider the Subscription Agreement because it is relied on and incorporated by reference into the Proffer. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (on motion to dismiss, court can consider documents incorporated in a complaint). Cited exhibits are attached to the Declaration of David Y. Livshiz, dated September 30, 2015.

in the world within the territorial reach of Section 550—an absurd result not contemplated by the statute. *See E.I.C., Inc. v. Bank of Virginia*, 166 Cal.Rptr. 317, 320 (Cal. Ct. App. 1980) (noting that "most banks of any size" maintain correspondent accounts). Accordingly, the Trustee's invocation of correspondent accounts does not support the inference that the Challenged Transfers were domestic.[3]

2.    Tensyr's Relationship With FG Does Not Establish A Domestic Transfer

The Trustee otherwise asserts that transfers received by Tensyr, which is incorporated and has its principal place of business in Jersey, are domestic because Tensyr was managed by FG in New York. *See* Tr. Opp. at 8; Proffer ¶¶ 25-33, 97-108. The Trustee's argument fails. As a threshold matter, far from establishing that Tensyr was managed by FG, the Trustee's allegations merely establish that Tensyr had "appointed" FG to provide "specific" services to Tensyr. *See* Proffer ¶¶ 28. The Trustee cites no authority, and none exists, to support the argument that the use of a US based service provider turns a foreign transaction into a domestic one. *Cf. Absolute Activist*, 677 F.3d at 68 (use of a US-based broker does not establish a domestic securities transaction). In any event, the operative test is not where one of the parties to the transaction is "managed," but where the transaction itself takes place. *See Loginovskaya v. Batratchenko*, 764 F.3d 266 (2d Cir. 2014) (dismissing claims as extraterritorial despite allegation that defendant was a U.S. citizen managing investment funds based in New York).

Finally, the Trustee's argument that the transfers are domestic because FG made the redemption decisions in New York, *see* Tr. Opp. at 13; Proffer ¶¶ 28, 32, 104, is also without merit. Just as the location where an investment decision was made has no bearing on whether the subsequent securities transaction is domestic or foreign, *see Absolute Activist*, 677 F.3d at 68-

---

[3]    Consistent with the "everything-but-the-kitchen-sink" strategy the Trustee has otherwise adopted, the Trustee alleges that Tensyr transferred funds to FG's New York-based account. *See* Tr. Opp. at 8; Proffer ¶ 106. This allegation is entirely beside the point, as the Trustee does not seek to recover transfers from Tensyr to FG, but rather from Sentry to Tensyr. Moreover, the Trustee's allegation demonstrates the glaring contrast between Tensyr's transfers to FG—which *were* received in the United States—and Sentry's transfers to Tensyr, which *were not*. *Compare* Proffer ¶ 106 (transfers directed to FG's account in NY) *with id*. ¶ 107 (no allegation that transfers were made from, or received in, the United States).

4

69 (the dispositive fact for extraterritoriality analysis is where the transaction took place, not where the investment decision was made), where a redemption request is made has no bearing on whether the resulting transfer is domestic or foreign.

In any event, under the law governing Sentry's redemptions, the redemption request became binding only once Sentry's Europe-based administrator received, processed, and recorded the redemption request—all of which took place in Europe. *See Fairfield Sentry Ltd. (in Liquidation) v. Migani*, [2014] UKPC 9 (appeal taken from B.V.I.), ¶ 12 (2014 WL 1219748) ("on receipt" of a redemption request, Sentry shall "redeem" shares) (internal citations omitted). Accordingly, Sentry incurred the irrevocable obligation to make the challenged transfers in the Netherlands, where the redemption requests were received, not in New York, where FG allegedly made the redemption decision. *See Absolute Activist*, 677 F.3d at 68. The Trustee's proffered allegations accordingly fail and his motion to amend should be denied as futile.[4]

## CONCLUSION

For the foregoing reasons, as well as those discussed in the Reply, Tensyr respectfully requests that the Court dismiss with prejudice the complaint against Tensyr.

Dated: New York, New York   FRESHFIELDS BRUCKHAUS DERINGER US LLP
September 30, 2015

By:   /s/ David Y. Livshiz

Timothy P. Harkness, Esq.
David Y. Livshiz, Esq.

---

[4]   The Trustee's assertion that Tensyr is a joint venture between Natixis and FG, *see* Proffer ¶¶ 8, 25, 33, 68, 97, is both incorrect as a matter of law and irrelevant to the extraterritoriality analysis. As a threshold matter, the Trustee has failed to plead facts to support his joint venture theory because the Proffer is devoid of any well-pled allegation that Natixis and FG agreed to share in Tensyr's losses, a condition that is the *sine qua non* of a joint venture. *See Zeising v. Kelly*, 152 F. Supp. 2d 335, 347-48 (S.D.N.Y. 2001) (absence of an allegation that two parties intended to share loses is "fatal to the establishment of a joint venture"). In any event, even if Tensyr were such a joint venture (and it is not), it would be of no moment since the fact that a foreign entity has domestic shareholders does not transform the foreign entity (*i.e.* Tensyr) into a domestic one and therefore cannot convert a foreign transfer into a domestic one. *See Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (existence of a domestic parent does not support jurisdiction against foreign subsidiary).

601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
timothy.harkness@freshfields.com
david.livshiz@freshfields.com
*Attorneys for Tensyr Limited*