**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01305 (SMB) |
| v. | |
| COHMAD SECURITIES CORPORATION, *et. al.*, | |
| Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT JONATHAN GREENBERG'S MOTION FOR LEAVE TO APPEAL**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT BACKGROUND ...................................................................................................3

I.     THE TRUSTEE'S COMMENCEMENT OF THE ADVERSARY
PROCEEDING AGAINST GREENBERG AND OTHER DEFENDANTS
TO AVOID AND RECOVER FRAUDULENT TRANSFERS THEY
RECEIVED FROM BLMIS ...................................................................................3

II.    THE FRAUDULENT TRANSFER CLAIMS AGAINST GREENBERG
ARE LIVE AND RIPE FOR DISCOVERY ..........................................................5

III.   THE TRUSTEE IS ENTITLED TO SEEK DISCOVERY ON HIS VIABLE
CLAIMS FOR THE FRAUDULENT TRANSFERS GREENBERG
RECEIVED..............................................................................................................7

     A.    Greenberg Did Not Produce Documents Sufficient To Show All
Fraudulent Transfers He Received.............................................................7

     B.    The Trustee Serves Rule 45 Subpoenas To Banks To Identify And
Trace Transfers Originating From BLMIS ................................................7

IV.   THE BANKRUPTCY COURT DENIES GREENBERG'S MOTION TO
QUASH AND ENTERS THE DISCOVERY ORDER...........................................7

     A.    The August 18, 2015 Hearing On Greenberg's Motion To Quash.............8

     B.    The September 1, 2015 Hearing And Subsequent Discovery Order
Denying Greenberg's Motion To Quash....................................................9

V.    GREENBERG SEEKS LEAVE TO APPEAL THE BANKRUPTCY
COURT'S DISCOVERY ORDER .......................................................................11

LEGAL STANDARDS .............................................................................................................12

ARGUMENT .............................................................................................................................13

I.     GREENBERG'S MOTION DOES NOT SATISFY THE STANDARDS
FOR OBTAINING INTERLOCUTORY REVIEW .............................................13

     A.    Greenberg Has Not Identified Any Controlling Question Of Law For
The District Court To Decide ...................................................................14

     B.    There Is No Substantial Ground For Difference Of Opinion On The
Bankruptcy Court's Discovery Order Finding That The Trustee Is
Entitled To Bank Records To Support His Fraudulent Transfer Claims ...16

**TABLE OF CONTENTS**
**(continued)**

                                                                                    **Page**

    C.    Interlocutory Review Of The Bankruptcy Court's Discovery Order
        Will Not Advance The Ultimate Termination Of This Litigation .............18

II.    GREENBERG DOES NOT SET FORTH ANY EXCEPTIONAL
    CIRCUMSTANCES WARRANTING INTERLOCUTORY APPEAL
    BECAUSE NONE EXIST ....................................................................................21

CONCLUSION...........................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
    333 B.R. 649 (S.D.N.Y. 2005) ........................................................................................14

*In re Adelphia Commc'ns Corp.*,
    Nos. 02-41729(REG), 07 Civ. 9999(NRB), 2008 WL 361082 (S.D.N.Y. Feb.
    7, 2008) ............................................................................................................................12

*In re Ames Dep't Stores, Inc.*,
    No. 01-42217(REG), 2002 WL 511556 (S.D.N.Y. Apr. 3, 2002) ...........................14

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
    426 F. Supp. 2d 125 (S.D.N.Y. 2005) ...........................................................................16

*Atlantic City Elec. Co. v. A. B. Chance Co.*,
    313 F.2d 431 (2d Cir. 1963) ..........................................................................................20

*Bild v. Konig*,
    No. 09-CV-5576 (ARR), 2011 WL 4007895 (E.D.N.Y. Sept. 8, 2011) .................19

*Bogan v. Nw. Mut. Life Ins. Co.*,
    144 F.R.D. 51 (S.D.N.Y. 1992) .....................................................................................12

*Chennareddy v. Dodaro*,
    No. 87-3538 (EGS), 2010 WL 3025164 (D.D.C. July 22, 2010) ...........................15

*Convolve, Inc. v. Compaq Comput. Corp.*,
    No. 00 Civ. 5141(GBD), 2006 WL 2788234 (S.D.N.Y. Sept. 27, 2006) ...............15

*David v. Signal Int'l., LLC*,
    37 F. Supp. 3d 836 (E.D. La. 2014) .............................................................................19

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*,
    159 B.R. 396 (S.D.N.Y. 1993) .......................................................................................13

*Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.)*,
    No. M-47(GBD), 2007 WL 120458 (S.D.N.Y. Jan. 17, 2007) ...............................15

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014) .....................................................................1, 12

*Flor v. BOT Fin. Corp. (In re Flor)*,
    79 F.3d 281 (2d Cir. 1996) .......................................................................................12, 17

*Franzon v. Massena Mem'l Hosp.*,
    189 F.R.D. 220 (N.D.N.Y. 1999) ..................................................................................19

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Graham v. Mukasey*,
608 F. Supp. 2d 56 (D.D.C. 2009) ...................................................................................13, 16

*Gulino v. Bd. of Educ.*,
234 F. Supp. 2d 324 (S.D.N.Y. 2002)........................................................................................13

*Hart v. Rick's Cabaret Int'l, Inc.*,
73 F. Supp. 3d 382 (S.D.N.Y. 2014)...................................................................................17, 18

*Hoffenberg v. Cohen (In re Towers Fin. Corp.)*,
164 B.R. 719 (S.D.N.Y. 1994).................................................................................................15

*Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*,
233 F. Supp. 2d 16 (D.D.C. 2002) ...........................................................................................17

*Kittay v. Fowler (In re Stockbridge Funding Corp.)*,
No. 91 C 10069 (FGC), 1993 WL 205225 (S.D.N.Y. June 8, 1993) ..........................19, 20, 21

*Koehler v. Bank of Berm. LTD*,
101 F.3d 863 (2d Cir. 1996)......................................................................................................12

*Mae v. Hurst*,
No. 1:13CV399 LG-JCG, 2014 WL 4955528 (S.D. Miss. Oct. 1, 2014) *aff'd*,
No. 14-60864, 2015 WL 3463001 (5th Cir. June 2, 2015).......................................................16

*McNeil v. Aquilos*,
820 F. Supp. 77 (S.D.N.Y. 1993)................................................................................................1

*In re MF Global Holdings Ltd.*,
No. 11-15059 (MG), 2012 WL 1438262 (Bankr. S.D.N.Y. Apr. 25, 2012) ...........................11

*Midfirst Bank v. Johnston*,
No. 5:13-mc-49, 2014 WL 694943 (N.D. Ohio Feb. 21, 2014) ........................................13, 15

*In re MTBE Prods. Liab. Litig.*,
No. MDL 1358 (SAS), 2005 WL 39918 (S.D.N.Y. Jan. 6, 2005)...........................................18

*Murray v. UBS Sec., LLC*,
No. 12 Civ. 5914, 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014)...............................................12

*Pawlak v. U.S. Dep't of Educ. (In re Pawlak)*,
520 B.R. 1775 (D. Md. 2014) .............................................................................................12, 15

*Olvera v. Bareburger Grp. LLC* ,
73 F. Supp. 3d 201 (S.D.N.Y. 2014).........................................................................................18

*Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*,
445 B.R. 206 (Bankr. S.D.N.Y. 2011) .....................................................................................18

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*,
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) ........................................................................ *passim*

*In re S. African Apartheid Litig.*,
    No. 02 MDL 1499 (SAS), 2009 WL 5177981 (S.D.N.Y. Dec. 31, 2009) ............................17

*S.E.C. v. Credit Bancorp, Ltd.*,
    103 F. Supp. 2d 223 (S.D.N.Y. 2000) ...................................................................................17

*S.E.C. v. Gruss*,
    No. 11 Civ. 2420 (RJS), 2012 WL 3306166 (S.D.N.Y. Aug. 13, 2012) .................................18

*S.E.C. v. Straub*,
    No. 11 Civ. 9645 (RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 05, 2013) .................................18

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
    No. 12 MC 115(JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ............................ *passim*

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
    987 F. Supp. 2d 309 (S.D.N.Y. 2013) ...................................................................................13

*In re Sept. 11 Litig.*,
    Misc. No. 21-97, 2003 WL 22251325 (S.D.N.Y. Oct. 1, 2003) ............................................12

*Stout v. Ill. Farmers Ins. Co.*,
    882 F. Supp. 776 (S.D. Ind. 1994) ........................................................................................21

*In re T.R. Acquisition Corp.*,
    No. M47 (DAB), 1997 WL 51500 (S.D.N.Y. Feb. 6, 1997) ...........................................12, 13

*United States v. Huron Consulting Grp., Inc.*,
    No. 09 Civ. 1800, 2011 WL 2017322 (S.D.N.Y. May 16, 2011) .........................................12

*Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*,
    964 F.2d 85 (2d Cir. 1992) .....................................................................................................18

*Williston v. Eggleston*,
    410 F. Supp. 2d 274 (S.D.N.Y. 2006) ...................................................................................13

**Statutes**

11 U.S.C. § 546 .............................................................................................................................6

28 U.S.C. § 158 ...........................................................................................................................11

28 U.S.C. § 1292 .................................................................................................................. *passim*

## TABLE OF AUTHORITIES
### (continued)

Page(s)

**Rules**

Fed. R. Bankr. P. 8003 ...........................................................................................................11

Fed. R. Bankr. P. 8004 .......................................................................................................11, 12

Fed. R. Civ. P. 26................................................................................................................5, 18

Fed. R. Civ. P. 45................................................................................................................7, 15

N.Y. C.P.L.R. 203.....................................................................................................................6

N.Y. C.P.L.R. 213.....................................................................................................................6

Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of

the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities

Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated estate of

Bernard L. Madoff ("Madoff") individually, by his undersigned counsel, respectfully submits

this memorandum of law ("Opposition") in opposition to Defendant Jonathan Greenberg's

("Greenberg") Motion for Leave to Appeal ("Motion") the Bankruptcy Court's September 2,

2015 Order Denying Defendant Jonathan Greenberg's Motion for a Protective Order and to

Quash Two Subpoenas Under Fed. R. Civ. P. 45, ECF No. 347 ("Discovery Order").

## PRELIMINARY STATEMENT

Greenberg's disagreement with the Bankruptcy Court's Discovery Order directing the

production of documents is not an appropriate basis for an interlocutory appeal.  No "exceptional

circumstances" exist here to warrant departure from "the basic policy of postponing appellate

review until after the entry of a final judgment,"[1] and the Motion should be denied.

The Trustee commenced an adversary proceeding against Greenberg and others in the

Bankruptcy Court to avoid and recover fraudulent transfers in connection with Madoff's

notorious Ponzi scheme, and tracing transfers of funds from BLMIS to defendants is at the core

of this proceeding.  The crux of the Motion is Greenberg's challenge to the Bankruptcy Court's

Discovery Order denying Greenberg's motion for a protective order and to quash subpoenas

("Motion to Quash") that the Trustee served on two third-party financial institutions seeking

bank records that are relevant to the Trustee's identification of the fraudulent transfers Greenberg

received.

---

[1] *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–30 (S.D.N.Y. 2014) (quoting *McNeil v. Aquilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993)).

Under these circumstances, there is simply no basis for granting the Motion, particularly when interlocutory appeals of discovery rulings are strongly disfavored. *First*, discovery disputes, such as the one at issue here, do not present "controlling questions of law."[2] Indeed, the supposed "controlling question" set forth in the Motion represents nothing more than Greenberg's disagreement with the Bankruptcy Court's Discovery Order directing third parties to comply with a subpoena. *Second*, without any controlling question of law, there is no ground—let alone a "substantial" one—for "difference of opinion."[3] In denying the Motion to Quash and entering the Discovery Order, the Bankruptcy Court closely considered the procedural posture of this case and several applicable rulings by both the District Court and Bankruptcy Court. All of the Trustee's claims against Greenberg are live and proceeding to trial. The Trustee is entitled to receive bank records to support his fraudulent transfer claims against Greenberg, and Greenberg has not cited any authority to the contrary. *Third*, as courts have routinely found, allowing an interlocutory review of a discovery ruling does not "materially advance the ultimate termination of the litigation."[4] Even if the Discovery Order was reversed on appeal, the Trustee's fraudulent transfer claims against Greenberg would still remain *in their entirety*. *Finally*, Greenberg does not even attempt to set forth any "exceptional circumstances" warranting an interlocutory appeal of the Discovery Order, and none exist.

For all of these reasons, the Motion should be denied.

---

[2] 28 U.S.C. § 1292(b).

[3] *Id.*

[4] *Id.*

## RELEVANT BACKGROUND

**I.    THE TRUSTEE'S COMMENCEMENT OF THE ADVERSARY PROCEEDING
AGAINST GREENBERG AND OTHER DEFENDANTS TO AVOID AND
RECOVER FRAUDULENT TRANSFERS THEY RECEIVED FROM BLMIS**

The Trustee's claims against Greenberg arise from his efforts to recover funds in the

aftermath of Madoff's Ponzi scheme.  Madoff, who is currently serving a 150-year prison

sentence, admitted that he "operated a Ponzi scheme through the investment advisory [("IA")]

side of [BLMIS]."[5]  Madoff also admitted that BLMIS never invested customers' funds in the

securities it claimed to have purchased for its IA customers and the reported gains were entirely

fictitious.[6]  The money received from BLMIS' customers was used primarily to make

distributions or payments to other customers when those customers sought to redeem principal or

fictitious profits.[7]

As part of the Trustee's efforts to identify and recover assets stolen in Madoff's fraud, on

October 8, 2009, the Trustee filed his First Amended Complaint (the "Amended Complaint")

against Cohmad Securities Corp. ("Cohmad"), its registered representatives (the "Cohmad

Representatives"), including Greenberg, and other defendants to avoid and recover fraudulent

transfers they received directly or indirectly from BLMIS under various provisions of the

Bankruptcy Code and the New York Debtor & Creditor Law ("NYDCL").[8]

---

[5] Transcript of Plea Hearing at 23:15–17, *United States v. Madoff*, No. 09–CR–213 (S.D.N.Y. Mar. 12, 2009), ECF No. 57.

[6] *Id*. at 24:9–22.

[7] *Id.* at 24:17–22.

[8] First Am. Compl., ECF No. 82 [hereinafter "Am. Compl."].

From Greenberg, the Trustee seeks: (1) funds Greenberg withdrew from his BLMIS IA account that he maintained for more than eight years;[9] and (2) fees he received from BLMIS and/or Cohmad for referring accounts into the Ponzi scheme.[10]  Greenberg was a registered representative of Cohmad—a company co-founded by Madoff in 1985,[11] whose primary business was recruiting customers for the Ponzi scheme and funneling their money into BLMIS.[12]  By the time Madoff's Ponzi scheme collapsed, Cohmad and the Cohmad Representatives, including Greenberg, directed billions of dollars to BLMIS, accounting for approximately 20% of BLMIS' active customer accounts.[13]  Greenberg held his position with Cohmad for over twenty years (from 1986 to the collapse of the fraud) and received fees for referring at least 55 accounts to BLMIS.[14]  For most of the Cohmad Representatives, including Greenberg, BLMIS would transmit money directly to Cohmad, which would in turn make payments to the Cohmad Representatives.[15]  Thus, some of the referral fee transfers were paid from BLMIS to Cohmad and then subsequently transferred by Cohmad to Greenberg and other defendants.  The Cohmad Representatives, including Greenberg, received more than $110 million of customer property for referring customers into the Ponzi scheme.

---

[9] According to the Trustee's investigation to date, Greenberg withdrew over $651,000 from his IA account, over $450,000 of which constituted fictitious profits—that is, money stolen from other customers in Madoff's Ponzi scheme.

[10] *See* Def. Jonathan Greenberg's Answer with Affirmative Defenses ¶¶ 17, 24, 59, ECF No. 93 [hereinafter "Greenberg's Answer"].

[11] Am. Compl. ¶¶ 3, 17.

[12] *Id.* ¶ 5.

[13] *Id.*

[14] *Id.* ¶¶ 17, 59, 90 & Exs. 4, 6; Greenberg's Answer ¶ 59.

[15] *Id.* ¶¶ 59, 191.

## II.    THE FRAUDULENT TRANSFER CLAIMS AGAINST GREENBERG ARE LIVE AND RIPE FOR DISCOVERY

Based on the procedural posture of the case and the two rulings described below, the Trustee's claims for the full history of fraudulent transfers Greenberg (as well as the other defendants) received directly or indirectly from BLMIS, including those he received more than six years before December 11, 2008 (the "Filing Date"), are viable and squarely within the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1).  There are no motions to dismiss or dispositive motions pending.  While other defendants in this proceeding moved to dismiss the Amended Complaint (which was denied), Greenberg answered the Amended Complaint on December 1, 2009.[16]

Further, the Trustee has survived not one, but two, motions to dismiss in this adversary proceeding.  In 2011, Bankruptcy Judge Lifland found, in denying certain defendants' motion to dismiss, that the Trustee sufficiently pled his fraudulent transfer claims under both the Bankruptcy Code and the NYDCL, including those to avoid and recover "actual fraudulent transfers from the Defendants *made more than six years* before the Filing Date pursuant to New York's 'discovery rule.'"[17]

In 2013, after certain defendants withdrew the reference, including Greenberg,[18] District Court Judge Rakoff found that the Amended Complaint "sufficiently allege[d]" the defendants'

---

[16] *See* Greenberg's Answer.

[17] *Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)* (*Cohmad I*), 454 B.R. 317, 338 (Bankr. S.D.N.Y. 2011) (emphasis added).

[18] *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)* (*Cohmad II*), No. 12 MC 115(JSR), 2013 WL 1609154, at *5 n.3 (S.D.N.Y. Apr. 15, 2013) ("The Court's discussion here applies only to those defendants in the Cohmad actions that have moved to withdraw the reference and therefore put their cases before this Court.").  Although Greenberg did not join in the consolidated motion to dismiss under Section 546(e) of the Code, Greenberg withdrew the reference from the Bankruptcy Court to the District Court.  *See* Def. Jonathan Greenberg's Notice of Mot. to Withdraw the Reference from the Bankr. Ct., ECF No. 283; Order at Ex. A ¶ 40, *Sec.*

*(continued on next page)*

5

"actual knowledge of, and indeed participation in, every aspect of Madoff's Ponzi scheme,"
which precludes the application of the "safe harbor" defense of Section 546(e) of the Bankruptcy
Code[19] to the Trustee's claims.[20]  As such, the Trustee may avoid and recover transfers to the full
extent of the law, including through state law fraudulent conveyance claims.[21]  Fraudulent
conveyance claims under the NYDCL are subject to New York's "discovery rule," which allows
the Trustee to seek transfers beyond six years if he can show "that during the period various
transfers were made, Madoff's fraud was . . . not discovered, and could not have been discovered
with reasonable diligence, by at least one unsecured creditor . . . ."[22]  As noted above, Judge
Lifland already decided that the Trustee has met his burden of making such a showing.
Therefore, at this stage, the Trustee is entitled to discovery on all of his fraudulent transfer claims
alleged in the Amended Complaint.

---

*Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, Misc. No. 12-115 (JSR) (S.D.N.Y.
May 16, 2012), ECF No. 119.

[19] Section 546(e) states:

> Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not
> avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title,
> made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker,
> financial institution, financial participant, or securities clearing agency, or that is a transfer made
> by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker,
> financial institution, financial participant, or securities clearing agency, in connection with a
> securities contract, as defined in section 741(7) . . . that is made before the commencement of the
> case, except under section 548(a)(1)(A) of this title.

[20] *Cohmad II*, 2013 WL 1609154, at *5–6.

[21] *Id.* at *6.

[22] *Cohmad I*, 454 B.R. at 338 (citing N.Y. C.P.L.R. 213(8), 203(g) (McKinney 2004)).

### III.    THE TRUSTEE IS ENTITLED TO SEEK DISCOVERY ON HIS VIABLE CLAIMS FOR THE FRAUDULENT TRANSFERS GREENBERG RECEIVED

#### A.    Greenberg Did Not Produce Documents Sufficient To Show All Fraudulent Transfers He Received

The Trustee served his First Set of Requests for the Production of Documents to Greenberg on December 22, 2011, which sought, among other things, documents evidencing transfers Greenberg received from BLMIS or Cohmad.  Greenberg objected and further stated that he has *no* documents in his possession, custody, or control that are responsive to that request.  While Greenberg ultimately made a small production of documents, he did not produce documents sufficient to show the transfers he received directly from BLMIS and/or as subsequent transfers from Cohmad.

#### B.    The Trustee Serves Rule 45 Subpoenas To Banks To Identify And Trace Transfers Originating From BLMIS

Based on the Trustee's investigation to date, Greenberg maintained one or more accounts at Citibank, N.A. and JPMorgan Chase N.A. and, on June 18, 2015, the Trustee served subpoenas on both banks for Greenberg's bank records, pursuant to Federal Rule of Civil Procedure 45 (the "Subpoenas").  The Subpoenas requested bank records from the date Greenberg opened his BLMIS IA account (1993) to one year after the collapse of BLMIS (2009).

### IV.    THE BANKRUPTCY COURT DENIES GREENBERG'S MOTION TO QUASH AND ENTERS THE DISCOVERY ORDER

On July 9, 2015, Greenberg filed his Motion to Quash alleging, among other things, that the "information sought in the Subpoenas is Greenberg's personal, confidential financial

information and has no relation whatsoever to the allegations against Greenberg, or any other

party in the matter."[23]

### A.    The August 18, 2015 Hearing On Greenberg's Motion To Quash

On August 18, 2015, following a full briefing on Greenberg's Motion to Quash, the

parties appeared for a hearing before Judge Bernstein.  Greenberg initially represented to Judge

Bernstein that he was not being sued as a subsequent transferee, but rather as a "Cohmad broker"

for "receiving compensation from his employer."[24]  Judge Bernstein explained that the Trustee's

case against Greenberg is a "transfer case[]," and that compensation payments to Greenberg,

made by BLMIS or Cohmad, are transfers.[25]

Judge Bernstein stated that the Trustee has a "living subsequent transfer claim" and "is

entitled . . . to follow the money to the subsequent transferees, who are defendants in this

action."[26]  Judge Bernstein further explained that "the only way that the [T]rustee can confirm

what transfers there were is to look at the bank records."[27]  Judge Bernstein stated that "the

bottom line . . . is the [T]rustee is entitled to inquire the transfers within six years of the

bankruptcy from Cohmad or BLMIS."[28]  Judge Bernstein requested additional information

regarding the Trustee's ability to seek records for transfers beyond six years and indicated that

Greenberg should "make a representation or stipulation regarding all the transfers that were

---

[23] Mem. of Law in Support of Def. Jonathan Greenberg's Mot. for a Protective Order and To Quash Two Subpoenas Under Fed. R. Civ. P. 45 at 2, ECF No. 323-1.

[24] *See* Hr'g Tr. 16:8–14, Aug. 18, 2015, ECF No. 348 [hereinafter Aug. Hr'g].

[25] *Id.* at 16:20–18:6.

[26] *Id.* at 18:18–22.

[27] *Id.* at 22:7–9.

[28] *Id.* at 24:15–17.

he

received," noting that Greenberg has that knowledge, not the Trustee.[29]  The Court adjourned the hearing until September 1, 2015.

In response to the Court's directive, on August 21, 2015, the Trustee provided Judge Bernstein with copies of Judge Lifland's and Judge Rakoff's decisions (*Cohmad I* and *Cohmad II*, respectively).  These decisions support the viability of the Trustee's claims to avoid and recover the fraudulent transfers defendants received more than six years before the Filing Date.[30] The parties each subsequently submitted a letter to Judge Bernstein regarding these two decisions.[31]  The Trustee also attempted to negotiate a stipulation with Greenberg as to the transfers, which would have obviated the Trustee's need for the information sought by the Subpoenas.  But Greenberg outright refused to consider the Trustee's proposal.[32]

### B.    The September 1, 2015 Hearing And Subsequent Discovery Order Denying Greenberg's Motion To Quash

At the September 1, 2015 hearing, Judge Bernstein reiterated that the Trustee is "entitled to the discovery" on his fraudulent transfer claims that were upheld by Judge Lifland in *Cohmad I*.[33]  Judge Bernstein explained that he did not have a motion to dismiss pending before him, but instead "a discovery issue regarding claims that are validly in the case."[34]  After the Trustee informed Judge Bernstein of the parties' failed meet and confer attempts,[35] Judge Bernstein

---

[29] *Id.* at 25:13–26:24.

[30] *See* August 21, 2015 Letter to Judge Bernstein From Esterina Giuliani, ECF No. 340.

[31] August 25, 2015 Letter to Judge Bernstein From Ernest Edward Badway, ECF No. 342; August 28, 2015 Letter to Judge Bernstein From Karin S. Jenson, ECF No. 343.

[32] *See* Hr'g Tr. 3:19–5:14, 10:4–11:15, Sept. 1, 2015, ECF No. 349 [hereinafter Sept. Hr'g].

[33] *Id.* at 19:10; *see id.* at 13:9–16, 15:4–16:1, 17:4–15.

[34] *Id.* at 16:13–14.

[35] *See id.* at 3:19–5:14, 10:4–11:5.

noted that, even if the Trustee has Cohmad's records, Greenberg's unwillingness to stipulate to

the transfers he received from Cohmad places the amounts reflected on those records in

dispute.[36]  Greenberg also denied that he ever held an IA account with BLMIS, despite

previously admitting this fact in his answer to the Amended Complaint.[37]  Judge Bernstein

stated: "[A]s I said last time, I will direct or I will permit the Trustee to enforce the subpoena

over all the documents in confidence, except that any records relating to transfers, either by

BLMIS or Cohmad, to Mr. Greenberg will not be confidential."[38]  Greenberg's counsel asked

Judge Bernstein to reconsider, or for reargument on, his ruling, but Judge Bernstein denied that

request.[39]  Upon Greenberg's request for a stay so he could seek an appeal of the Bankruptcy

Court's ruling, Judge Bernstein granted a fourteen-day stay of the Discovery Order.[40]

On September 2, 2015, Judge Bernstein entered the Discovery Order denying

Greenberg's Motion to Quash.[41]  The Discovery Order states, among other things: (1) "The

Trustee is entitled to discovery regarding fraudulent transfers and conveyances made on or prior

to [the Filing Date], including those made more than six years before the Filing Date, for the

reasons stated on the record and considering the decisions in *Cohmad I* and *Cohmad II*;" and (2)

> Citibank and JP Morgan shall make their document productions in response to the
> Subpoenas to the Trustee directly, who shall provide copies of the documents
> produced to [Greenberg's] counsel and keep all records relating to Greenberg

---

[36] *Id.* at 14:15–24.

[37] *See* Def. Jonathan Greenberg's Answer with Affirmative Defenses ¶ 24, ECF No. 93 (admitting that Greenberg maintained an account at BLMIS until 2001).

[38] Sept. Hr'g at 21:22–22:21.

[39] *Id.* at 22:6–19.

[40] *Id.* at 3–6.

[41] Order Denying Def. Jonathan Greenberg's Mot. for a Protective Order and to Quash Two Subpoenas Under Fed. R. Civ. P. 45 ¶ 1, ECF No. 347 [hereinafter Order].

produced in response to the Subpoenas in confidence until the resolution of any
privacy issues raised by Greenberg; provided, however, that information relating
to the amount, receipt and date of initial or subsequent transfers, and the identity
of the transferees, contained in the records is expressly not confidential pursuant
to Paragraph 4(e) of the June 6, 2011 Litigation Protective Order (ECF 4137).[42]

## V.    GREENBERG SEEKS LEAVE TO APPEAL THE BANKRUPTCY COURT'S DISCOVERY ORDER

On September 16, 2015, Greenberg filed with the Bankruptcy Court the Notice of Appeal

and present Motion, pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure

8004.[43]  The District Court clerk has not yet opened a docket for this matter in the District

Court.[44]  For this reason, the Trustee has filed this Opposition with the Bankruptcy Court.  The

Motion, however, is not properly before the Bankruptcy Court because only the District Court

may grant leave to appeal under § 158(a)(3).  *See In re MF Global Holdings Ltd*., No. 11-15059

(MG), 2012 WL 1438262, at *3 (Bankr. S.D.N.Y. Apr. 25, 2012) ("Of course, it is for the

district court to determine . . . whether the standards for discretionary review of an interlocutory

order have been satisfied.").

While Greenberg provided notice in the Motion of a scheduled October 14, 2015 hearing

before the Bankruptcy Court ("Hearing"), he is not entitled to oral argument on the Motion

---

[42] *Id.* ¶ 3.  The Bankruptcy Court entered the Litigation Protective Order (the "LPO") on June 6, 2011, after allowing time for objections and holding a hearing on the Trustee's February 1, 2011 Motion for Entry of Litigation Protective Order.  *See* Litigation Protective Order, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, Adv. Pro. No. 08-1789 (BRL) (Bankr. S.D.N.Y. June 6, 2011), ECF No. 4137.  Paragraph 4(e) of the LPO provides that the following information will not be treated as confidential: "information sufficient to identify an individual or entity as a BLMIS customer or initial transferee of BLMIS, or as an immediate or mediate transferee of a BLMIS customer or initial transferee of BLMIS, information sufficient to identify BLMIS account numbers, amounts of withdrawals, redemptions, or transfers from and between BLMIS accounts, and immediate or mediate transfers from a BLMIS customer or initial transferee of BLMIS."  *Id.* ¶ 4(e).

[43] Greenberg also cites Federal Rule of Bankruptcy Procedure 8003, but that Rule only applies to appeals as of right and is not appropriate here.  *See* 28 U.S.C. § 158(a)(1)–(a)(2) (enumerating limited bases for appeals as of right, none of which include the interlocutory review of an order resolving a discovery dispute); *see also* Fed. R. Bankr. P. 8003(a)(1).

[44] It appears that Greenberg failed to file the requisite civil cover sheet with the Motion and Notice of Appeal, as required under the Bankruptcy Court's Procedural Guidelines and Policies on Appeals.

absent an order from the District Court.  *See* Fed. R. Bankr. P. 8004(c)(3) ("The motion and any response . . . are submitted without oral argument unless the district court or BAP orders otherwise.").  The Trustee will file a letter with the Bankruptcy Court requesting that the Hearing be removed from its calendar.

## LEGAL STANDARDS

Consistent with the "basic tenet of federal law to delay appellate review until a final judgment has been entered,"[45] leave to appeal may be granted only in exceptional circumstances.[46]  Interlocutory appeals are "strongly disfavored" because they "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decision on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions."[47]  This rationale is particularly applicable in the context of orders resolving discovery disputes, where allowing their immediate appeal "would only disrupt court proceedings and clog the appellate courts with matters more appropriately managed by the court familiar with the parties and their controversy."[48]  Challenges to a bankruptcy court's resolution of a discovery dispute, therefore, do not present the exceptional circumstances warranting

---

[45] *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914, 2014 WL 1316472, at *3 (S.D.N.Y. Apr. 1, 2014) (quoting *Koehler v. Bank of Berm. LTD*, 101 F.3d 863, 865 (2d Cir. 1996)).

[46] *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996); *Murray*, 2014 WL 1316472, at *3; *In re T.R. Acquisition Corp.*, No. M47 (DAB), 1997 WL 51500, at *1 (S.D.N.Y. Feb. 6, 1997); *In re Facebook, Inc.,* 986 F. Supp. 2d at 529–30.

[47] *United States v. Huron Consulting Grp., Inc.*, No. 09 Civ. 1800, 2011 WL 2017322, at *1 (S.D.N.Y. May 16, 2011) (quoting *In re Sept. 11 Litig.*, Misc. No. 21-97, 2003 WL 22251325, at *1 (S.D.N.Y. Oct. 1, 2003)); *see also In re Facebook, Inc.,* 986 F. Supp. 2d at 530 (quoting *In re Adelphia Commc'ns Corp.*, Nos. 02-41729(REG), 07 Civ. 9999(NRB), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008)).

[48] *Pawlak v. U.S. Dep't of Educ. (In re Pawlak)*, 520 B.R. 177, 184–85 (D. Md. 2014); *Bogan v. Nw. Mut. Life Ins. Co.*, 144 F.R.D. 51, 55 (S.D.N.Y. 1992) ("Interlocutory appeals from discovery rulings are not favored, and ordinarily tend to delay litigation and add to the burdens of the appellate courts with little justification.").

interlocutory review, and motions seeking such relief should not be granted where, as here, the

movant simply disagrees with the outcome.[49]

In considering whether to exercise their discretion to grant leave to appeal from an

interlocutory bankruptcy court order, courts generally apply the standards set forth in 28 U.S.C.

§ 1292(b) ("Section 1292(b)").[50]  Greenberg, therefore, must establish that the Discovery Order:

(1) "involves a controlling question of law;" (2) "as to which there is substantial ground for

difference of opinion;" *and* (3) "that an immediate appeal from the [Order] may materially

advance the ultimate termination of the litigation."[51]  Even if each of the elements under Section

1292(b) is met, a district court has "unfettered discretion" to deny interlocutory appeal from a

bankruptcy court order.[52]

## ARGUMENT

## I.    GREENBERG'S MOTION DOES NOT SATISFY THE STANDARDS FOR OBTAINING INTERLOCUTORY REVIEW

In the Discovery Order, the Bankruptcy Court denied Greenberg's Motion to Quash the

Trustee's subpoenas to two banks seeking records that are relevant to his fraudulent transfer

---

[49] *Midfirst Bank v. Johnston*, No. 5:13-mc-49, 2014 WL 694943, at *4 (N.D. Ohio Feb. 21, 2014) (finding that a party's disagreement with the court's resolution of a discovery dispute, "without more, does not provide a pathway for an interlocutory appeal"); *Graham v. Mukasey*, 608 F. Supp. 2d 56, 57 (D.D.C. 2009) ("A movant must do more than show continued disagreement with the trial court's decision.").

[50] *See, e.g., Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*,159 B.R. 396, 401 (S.D.N.Y. 1993) (explaining that "28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal, provides the standard for determining whether leave to appeal from an interlocutory bankruptcy order should be granted"); *In re T.R. Acquisition Corp.*, 1997 WL 51500, at *1 (same).

[51] 28 U.S.C. § 1292(b); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276–78 (S.D.N.Y. 2006) (denying Section 1292(b) certification where the movant failed to satisfy one of the three factors).

[52] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013) (quoting *Gulino v. Bd. of Educ.*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002)).

claims. Dissatisfied with the outcome of this routine discovery ruling, Greenberg manufactures

the following supposed "controlling question of law:"

> (1) [W]hether a court can require third-parties to *comply with a subpoena* and
> order that *requires the production of documents* that contain a defendant's
> personal, confidential bank account records, where (i) a complaint fails to alleged
> [sic] any claims against the defendant in his individual capacity and (ii) the
> information sought can be obtained through another party.[53]

By its express language, Greenberg's question presents nothing more than a challenge to

the Bankruptcy Court's Discovery Order mandating third parties to comply with subpoenas and

produce documents to the Trustee. Accordingly, (i) the Discovery Order does not involve any

controlling questions of law; (ii) without any controlling question of law, there cannot be any

ground—let alone a substantial one—for a difference of opinion; and (iii) an immediate appeal

from the Discovery Order would not materially advance the ultimate termination of the litigation.

The exceptional circumstances that warrant leave to appeal are non-existent, and Greenberg's

Motion must be denied.

### A.    Greenberg Has Not Identified Any Controlling Question Of Law For The District Court To Decide

A "controlling question of law" is one in which reversal of the bankruptcy court would

terminate the action, or at a minimum, materially affect the outcome of the litigation. *In re Ames

Dep't Stores, Inc.*, No. 01-42217(REG), 2002 WL 511556, at *2 (S.D.N.Y. Apr. 3, 2002)

(citation omitted). The "question" of law must refer to a "pure" question of law that the

reviewing court could decide "quickly and cleanly without having to study the record." *In re

Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (citation omitted). Questions

concerning discovery disputes, like those at issue here, are not "controlling questions of law"

---

[53] Def. Jonathan Greenberg's Mot. Leave to Appeal ("Motion") at 6 (emphasis added), *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, Adv. Pro. No. 09-1305 (SMB) (Bankr. S.D.N.Y. Sept. 16, 2015), ECF No. 350.

sufficient to satisfy the requirements of Section 1292(b).  *See, e.g.*, *Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.)*, No. M-47(GBD), 2007 WL 120458, at *3 (S.D.N.Y. Jan. 17, 2007) ("Whether to grant Enron the opportunity to conduct discovery was a matter that rested within the sound discretion of the bankruptcy judge, and it does not present a controlling question of law."); *Convolve, Inc. v. Compaq Comput. Corp.*, No. 00 Civ. 5141(GBD), 2006 WL 2788234, at *2–3 (S.D.N.Y. Sept. 27, 2006) (denying leave to appeal where the order did not involve a controlling question of law, but only a pre-trial discovery dispute that was fact dependent and within the lower court's discretion).[54]

Greenberg's purported "controlling question of law" set forth above does not contain a single—let alone "pure"—question of law.  Rather, it attempts to re-argue the very same points Greenberg made in support of the Motion to Quash[55] (which the Bankruptcy Court properly denied) and reveals nothing more than his disagreement with the Bankruptcy Court's resolution of the parties' dispute concerning the scope of discovery.  In these circumstances, an interlocutory appeal is entirely unwarranted.  *See, e.g.*, *Chennareddy v. Dodaro*, No. 87-3538 (EGS), 2010 WL 3025164, at *3 (D.D.C. July 22, 2010) (denying leave to appeal discovery orders because the moving parties failed to demonstrate a controlling question of law, but instead "simply reiterated their position that they are entitled to discovery and expressed continuing

---

[54] *See also Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 721 (S.D.N.Y. 1994) (finding that a question concerning the appropriate scope of discovery should be "left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge"); *Pawlak*, 520 B.R. at 183 (movant failed to meet this factor when "[r]eversal of . . . two orders compelling discovery would simply narrow the time frame for which [the party] must produce responsive documents, not decide the adversary proceeding as a matter of law"); *Midfirst Bank*, 2014 WL 694943, at *3 ("Indeed, motions for leave to appeal discovery orders from bankruptcy courts are generally denied for want of controlling issues of law.").

[55] *See* Mem. of Law in Support of Def. Jonathan Greenberg's Mot. For a Protective Order and to Quash Two Subpoenas Under Fed. R. Civ. P. 45 at 2–6, ECF No. 323-1 (setting forth similar arguments that the Trustee is not entitled to the subpoenaed bank records because the Trustee's complaint did not allege claims against Greenberg in his individual capacity, the bank records included private and confidential information, and the information sought by the subpoenas could be obtained from alternative sources).

disagreement with [the orders]"); *Mae v. Hurst*, No. 1:13CV399 LG-JCG, 2014 WL 4955528, at

*2 (S.D. Miss. Oct. 1, 2014) *aff'd*, No. 14-60864, 2015 WL 3463001 (5th Cir. June 2, 2015)

(finding the defendants failed to show a controlling question of law where they "disagree[d] with

the [c]ourt's application of discovery principles to their request for information" and this

disagreement "turns on the facts of the case and should be reviewed by the appellate court in the

ordinary course"); *Graham v. Mukasey*, 608 F.Supp.2d 56, 57–58 (D.D.C. 2009) (movant failed

to satisfy first two factors of Section 1292(b) where he only showed "continued disagreement

with the trial court's decision").[56]  Moreover, a reversal of the Discovery Order that mandated

production of documents to the Trustee would not materially affect the outcome of the litigation,

let alone dispose of the adversary proceeding against Greenberg as a matter of law, because the

Trustee's fraudulent transfer claims against Greenberg would remain *in their entirety*.[57]

> **B.    There Is No Substantial Ground For Difference Of Opinion On The
> Bankruptcy Court's Discovery Order Finding That The Trustee Is Entitled
> To Bank Records To Support His Fraudulent Transfer Claims**

For there to be "substantial ground for difference of opinion" under Section 1292(b),

there must be "substantial doubt that the district court's order was correct."  *Aristocrat Leisure

Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129–30 (S.D.N.Y. 2005) (internal

---

[56] Greenberg also argues that this appeal implicates "hundreds of other similarly situated defendants in this matter." (Def.'s Mot. 6.)  Such an allegation, however, is beyond the express terms and scope of the Discovery Order. Indeed, no other defendants in this adversary proceeding moved to quash any of the numerous subpoenas served by the Trustee on various banks seeking bank records, and the Discovery Order is limited only to Greenberg and the Greenberg-related bank records sought specifically by the two Subpoenas.

[57] In his purported "controlling question of law," Greenberg references the capacity in which the Trustee sued him, that the subpoenaed information supposedly can be obtained elsewhere, and the alleged confidentiality of his bank records (Def.'s Mot. 6); however, such issues do not change the fundamental flaw in the Motion—it presents nothing more than his disagreement with the Discovery Order that mandated third parties to comply with the Subpoenas, which is simply inappropriate for interlocutory appeal.  Further, as to the alleged confidentiality of Greenberg's bank records, the Bankruptcy Court has already considered and resolved this issue by directing the Trustee to hold in confidence any information contained in the subpoenaed bank records that does not relate to the fraudulent transfers at issue.  Order ¶ 3.

quotation omitted).  The moving party must show that there is conflicting authority on the issue,

*Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014), and the district court

must "analyze the strength of the arguments in opposition to the challenged ruling."  *In re S.*

*African Apartheid Litig.*, No. 02 MDL 1499 (SAS), 2009 WL 5177981, at *2 (S.D.N.Y. Dec. 31,

2009) (internal citation omitted) (quoting *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284

(2d Cir. 1996)).  There must be more than "some level of disagreement among the courts" for

Section 1292(b) to be satisfied.  *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227

(S.D.N.Y. 2000).  It is axiomatic that because there are no controlling issues of law involved in

this Motion, there can be no substantial ground for a difference of opinion concerning them.

Greenberg noticeably has not cited any cases to support that there is disagreement or doubt, let

alone *substantial* doubt, over the correctness of Judge Bernstein's Order.  On this basis alone, the

Motion should be denied.  *See, e.g., Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233

F. Supp. 2d 16, 23–24 (D.D.C. 2002) (denying leave to appeal discovery orders and stating that

"[i]f an argument . . . is without support in existing case law, then the questions of law raised

thereby are neither substantial nor controlling for the purposes of § 1292(b) analysis")

        Greenberg does not—and cannot—cite any case law supporting that Judge Bernstein's

Discovery Order was incorrect.  Judge Bernstein carefully considered and applied the legal

precedent in this case in finding that the Trustee is entitled to seek bank records related to his

fraudulent transfer claims against Greenberg, including those for transfers made more than six

years before the Filing Date, which were upheld in *Cohmad I* and *Cohmad II*, described above.[58]

Indeed, challenges to the sufficiency of the Trustee's pleadings are generally inappropriate for

interlocutory review.

---

[58] *See* Sept. Hr'g at 13:9–16:14, 15:3–16:1, 17:4–5.

Moreover, Greenberg's argument that *Cohmad I* and *Cohmad II* do not support the

Discovery Order because they addressed motions to dismiss (and not discovery motions) reflects

a fundamental misunderstanding of the Trustee's fraudulent transfer claims and the import of

these decisions.  *Cohmad I* and *Cohmad II* place discovery about the fraudulent transfers

Greenberg received, including those received prior to the six years before the Filing Date,

squarely within the scope of permissible discovery under Federal Rule of Civil Procedure

26(b)(1).  *See, e.g.*, *Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 236

(Bankr. S.D.N.Y. 2011) (finding that the Trustee was entitled to discovery into his subsequent

transfer claims after adequately stating a claim for relief); *see also Olvera v. Bareburger Grp.

LLC*, 73 F. Supp. 3d 201, 208 (S.D.N.Y. 2014) ("Although plaintiffs may ultimately fail to prove

[their claims], they have pled enough facts to survive a motion to dismiss, and are thus entitled to

test their claims in discovery.").

## C.    Interlocutory Review Of The Bankruptcy Court's Discovery Order Will Not Advance The Ultimate Termination Of This Litigation

The Motion should be denied outright because interlocutory appeal of the Discovery

Order would not materially advance the resolution of this litigation, which courts have found to

be the "most important" factor.  *See S.E.C. v. Straub*, No. 11 Civ. 9645 (RJS), 2013 WL

4399042, at *2 (S.D.N.Y. Aug. 5, 2013) (quoting *S.E.C. v. Gruss*, No. 11 Civ. 2420 (RJS), 2012

WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012)); *In re MTBE Prods. Liab. Litig.*, No. MDL 1358

(SAS), 2005 WL 39918, at *3 (S.D.N.Y. Jan. 6, 2005).  An interlocutory appeal should not be

certified where, as here, "many of the same . . . issues . . . would still have to be litigated . . . ."

*Hart*, 73 F. Supp. 3d at 393 (quoting *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*,

964 F.2d 85, 88 (2d Cir. 1992).

As Judge Bernstein stated, the Trustee's fraudulent transfer claims in the Amended

Complaint are "validly in this case" after surviving not one—but two—motions to dismiss.[59]

Judge Bernstein further noted that he did not have a motion to dismiss or a motion for summary

judgment pending before him, but only "a discovery issue."[60]  Therefore, even if the Discovery

Order was reversed and the Subpoenas were quashed, the Trustee's fraudulent transfer claims

against Greenberg would still remain *in their entirety*, the Trustee would continue pursuing

discovery on these claims, and these claims would proceed to trial.  In such circumstances, courts

have routinely denied motions seeking leave for interlocutory appeal of discovery orders, and the

Court should do so here.  *See, e.g.*, *Kittay v. Fowler (In re Stockbridge Funding Corp.)*, No. 91 C

10069 (FGC), 1993 WL 205225, at *6 (S.D.N.Y. June 8, 1993) (finding that although a

discovery order would "affect the scope of evidence at trial," an appeal from the order would not

materially advance the proceedings because the trustee's counterclaims "would still remain in

their entirety" and the case would still "proceed to trial as to all the claims"); *Bild v. Konig*, No.

09-CV-5576 (ARR), 2011 WL 4007895, at *4 (E.D.N.Y. Sept. 8, 2011) ("Even if both of the

court's rulings were reversed on appeal, on remand, plaintiff's . . . claim would still proceed to

summary judgment and, potentially, to trial based upon other evidence adduced

during  discovery . . . ."); *Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 225 (N.D.N.Y.

1999) (movants failed to meet this factor where they sought "to appeal an Order with respect to

discovery, not an issue that is likely to hasten the litigation"); *David v. Signal Int'l., LLC*, 37 F.

---

[59] *Id.* at 16:10–14

[60] *Id.*

Supp. 3d 836, 839 (E.D. La. 2014) ("As a non-dispositive order, the reversal or affirmance of a

discovery order would seldom (if ever) eliminate the need for trial.").[61]

Greenberg's arguments in favor of this factor are unconvincing. Greenberg's claim that

"an immediate appeal from the [Discovery Order] will advance the proceeding in the adversary

proceeding because a decision in favor of Greenberg will allow the parties to focus their

discovery on relevant issues"[62] ignores the irrefutable conclusion that the bank records sought

*are relevant* to the Trustee's fraudulent transfer claims—a point that Judge Bernstein made clear

on several occasions. Indeed, Judge Bernstein already addressed Greenberg's faulty assessment

of the Trustee's claims during the August 18 hearing on the Motion to Quash, when he noted that

this was a "transfer case []"and the "[T]rustee is entitled . . . to follow the money to the

subsequent transferees, who are defendants in this action."[63] Moreover, even if reversal of the

Discovery Order would somehow substantially narrow the scope of discovery—which it would

not—Greenberg has failed to cite a single case that permitted an interlocutory appeal of a

discovery order on this basis. To the contrary, discovery orders issued in civil cases on the

grounds of relevancy are not appropriate for interlocutory appeal. *See, e.g.*, *In re Stockbridge

Funding Corp.*, 1993 WL 205225, at *6 (finding movant had failed to demonstrate how the

ruling at issue "differ[ed] from the discovery orders routinely issued in civil actions which limit

the discovery of the parties on various grounds such as privilege and relevancy"). As the court

---

[61] Such appeals should also be denied in cases where, as here, there are numerous defendants and the potential for
several more discovery disputes prior to summary judgment or trial. *See, e.g.*, *Atlantic City Elec. Co. v. A. B.
Chance Co.*, 313 F.2d 431, 434 (2d Cir. 1963) ("[T]o permit appellate review of this kind of discretionary discovery
order, merely an intermediate step in these complex cases, would thwart rather than effectuate the purpose of
1292(b) to 'materially advance the ultimate termination of the litigation.'").

[62] Def.'s Mot. 7–8.

[63] Aug. Hr'g at 16:15–22; 18:6–22.

found in *In re Stockbridge Funding Corp.* when denying the movant's motion for leave to appeal

a discovery ruling, "[s]uch rulings are made frequently under circumstances in which the party

seeking the discovery considers the discovery to be important to its case and such rulings can

often involve difficult legal and factual determinations upon which reasonable minds may

differ." *Id.* "To allow an interlocutory appeal every time a difficult discovery ruling of some

importance is made would clearly lead to undue delay and disruption." *Id.*

      Greenberg's only other argument is the conclusory statement that an immediate appeal

from the Discovery Order "will expedite hearings and resolution of the substantive

proceedings."[64]  But reversal of the Discovery Order would not impact the Trustee's claims

against Greenberg, the discovery schedule entered in this case,[65] or the rate at which this case is

proceeding to trial.

## II.  GREENBERG DOES NOT SET FORTH ANY EXCEPTIONAL CIRCUMSTANCES WARRANTING INTERLOCUTORY APPEAL BECAUSE NONE EXIST

      In addition to the Motion's failure to meet the applicable statutory standards under

Section 1292(b), Greenberg does not even attempt to argue that there are any exceptional

circumstances warranting an interlocutory appeal of the Discovery Order.  Any such argument

would fail.  "The fact that current practices of discovery are sometimes burdensome and painful,

often forcing parties to reveal facts or circumstances they would rather not, is no justification to

allow discovery orders to be prematurely appealed . . . ."  *Stout v. Ill. Farmers Ins. Co.*, 882 F.

Supp. 776, 777–78 (S.D. Ind. 1994).

---

[64] Def.'s Mot. 8.

[65] *See* Case Management Plan, ECF No. 77.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Motion be denied in its entirety.

Dated: September 30, 2015
      New York, New York

**BAKER & HOSTETLER LLP**

By:    /s/ *Kathryn M. Zunno*

David J. Sheehan, Esq.
Email: dsheehan@bakerlaw.com
Kathryn M. Zunno
Email: kzunno@bakerlaw.com
Karin S. Jenson
Email: kjenson@bakerlaw.com
Esterina Giuliani
Email: egiuliani@bakerlaw.com
Elizabeth M. Schutte
Email: eschutte@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*