# George G. and Linda G. Pallis

69 Spring Brook Road
Springfield, NJ 07081
email: gpallis@comcast.net

September 27, 2015



Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111
Att: David J. Shehan, Esq.

Dear Mr. Sheehan:

Subject: Objection to Trustee's Motion Doc 11311 Filed 9/15/15
SIPC V. Bernard L. Madoff Investment Securities LLC
Adv. Pro No. 08-01789 (SMB) SIPA Liquidation

We are filing this objection to the referenced motion seeking to affirm the Trustee's determination denying claims of claimants holding interests in the 1973 Masters Vacation Fund. Our objection is based on the following facts:

- The Argument stated on page 17 of this Motion states that the definition of customer includes "any person who has deposited cash with the debtor for the purpose of purchasing securities." We have previously submitted, and do so again at this time, copies of checks payable to Bernard L. Madoff in the amounts of $30,000 on 1/28/2003, $25,000 on 1/4/2003, and $25,000 on 7/20/2005. Our claim is for deposits totaling $85,000, including an initial deposit of $5,000 sometime in 1991. Note that the copy of the check dated 1/28/2003 includes the endorsement by Bernard L. Madoff with a confirmation of deposit in Chase Manhattan Bank, account number 140081703. These check were not made payable to the 1973 Masters Vacation Fund.

- Page 14 of this Motion ((Section E. The Customers Decisions, subsection 1. The Initial Feed Fund Motion) cites 1-12 *Collier on Bankruptcy* 12.12 (16th ed. 2012) which states "{A} claimant will not be entitled to customer protection under SIPA unless the debtor actually receives the claimant's cash or securities; the debtor must actually have some into possession on control." The copies of the checks provided are evidenced that the deposits made were received by the debtor, and did come into his possession or control. As such, we are seeking protection under SIPA.

- Page 15 of this Motion, under Section E, subsection 3 Other Customer Motions, cites the Court's review of "customer" status, including denial because the claimants "were not known to BLMIS..." We submit that BLMIS did have knowledge of us through their acceptance and deposit of the cash offered for investment.

Therefore, we ask that you consider the above statements and supporting evidence and acknowledge us as customers of BLMIS for the purpose of SIPA protection.

Sincerely,

*/s/ George J. Pallis*          */s/ Linda J. Pallis*

George G. Pallis                 Linda G. Pallis

Cc:   Clerk of the United States Bankruptcy Court
      Honorable Stuart M. Bernstein
      Kevin H. Bell and Nathanael Kelley – Securities Investor Protection Corporation