UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION                  :       Adv. Pro. No. 08-01789 (SMB)
CORPORATION,                                    :
                                                :       SIPA Liquidation
                        Plaintiff-Applicant,    :       (Substantively Consolidated)
        v.                                      :
                                                :
BERNARD L. MADOFF NVESTMENT                     :
SECURITIES LLC,                                 :
                                                :
                        Defendant.              :
------------------------------------------------------------x
In re:                                          :       Adv. Pro. No. 12-01216 (SMB)
                                                :
BERNARD L. MADOFF,                              :
                                                :
                        Debtor.                 :
                                                :
------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities LLC, :
                                                :
                        Plaintiff,              :
        v.                                      :
                                                :
BANK HAPOALIM B.M. and BANK                     :
HAPOALIM (SWITZERLAND) LTD.,                    :
                                                :
                        Defendants.             :
------------------------------------------------------------x

### BANK HAPOALIM B.M.'S AND BANK HAPOALIM (SWITZERLAND) LTD.'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS BASED ON EXTRATERRITORIALITY

September 30, 2015

HERBERT SMITH FREEHILLS NEW YORK LLP
*Attorneys for Bank Hapoalim B.M. and Bank Hapoalim (Switzerland) Ltd.*
450 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: (917) 542-7600
Fax: (917) 542-7601

Of Counsel:

Scott S. Balber
Jonathan C. Cross
Benjamin Mills

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................ 1

**ARGUMENT** ............................................................................................................. 1

    I.   THE TRUSTEE CANNOT PLAUSIBLY ALLEGE THAT THE
        TRANSFERS ARE DOMESTIC ........................................................... 1

    II.  NONE OF THE TRUSTEE'S ALLEGATIONS CAN
        TRANSFORM THESE PREDOMINANTLY FOREIGN
        TRANSFERS INTO DOMESTIC TRANSFERS ..................................... 2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Baldewein Co. v. Tri–Clover, Inc.*,
   606 N.W.2d 145 (Wis. 2000) ........................................................................................... 4

*Bimel–Walroth Co. v. Raytheon Co.*,
   796 F.2d 840 (6th Cir. 1986) ........................................................................................... 4

*Gravquick A/S v. Trimble Navigation Int'l*,
   323 F.3d 1219 (9th Cir. 2003) ......................................................................................... 4

*Kolbe v. Trudel*,
   945 F. Supp. 1268 (D. Ariz. 1996) ................................................................................. 4

*Morrison v. Nat'l Australia Bank*,
   561 U.S. 247 (2010) ........................................................................................................ 2

*Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*,
   892 F.2d 355 (4th Cir. 1989) ........................................................................................... 4

*Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   513 B.R. 222 (S.D.N.Y. 2014) ("*SIPC*") ............................................................ 1, 2, 3, 4

*Sherwood Invs. Overseas Ltd. v. The Royal Bank of Scotland*,
   6:10-ap-00158-KSJ, 2015 WL 4486470 (Bankr.M.D. Fl. July 22, 2015) .................. 3, 5

**STATUTES**

Section 550 of the Bankruptcy Code, 11 U.S.C. § 550(a)(2) .............................................. passim

Bank Hapoalim B.M. ("Hapoalim B.M.") and Bank Hapoalim (Switzerland), Ltd. ("Hapoalim Switzerland") (collectively, the "Hapoalim Defendants") respectfully submit this memorandum of law as a supplement to the Consolidated Reply Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality.

## PRELIMINARY STATEMENT

The Trustee seeks to invoke section 550 of the Bankruptcy Code, 11 U.S.C. § 550(a)(2), to recover assets that were allegedly transferred to the Hapoalim Defendants from Fairfield Sentry Limited ("Fairfield Sentry") and Kingate Global Fund Ltd. ("Kingate") (collectively, the "Feeder Funds"). As the Trustee's complaint alleges, the Feeder Funds and the Hapoalim Defendants are all foreign entities. The Trustee's complaint against Hapoalim is squarely barred by the District Court's prior rulings in this case, notably, that Section 550 "does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor." *Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 (S.D.N.Y. 2014) ("*SIPC*"). Because the transfers to the Hapoalim Defendants from the Feeder Funds (the "Transfers") were undeniably between a foreign transferor and a foreign transferee, this court should grant the Hapoalim Defendants' motion to dismiss.

## ARGUMENT

### I. The Trustee Cannot Plausibly Allege that the Transfers Are Domestic

Section 550 does not extend extraterritorially, and thus the Trustee must allege facts giving rise to the plausible inference that the Transfers occurred within the United States. *SIPC* 513 B.R. at 232 n.4. However, there can be no plausible inference that the Transfers occurred domestically where the Trustee alleges "that both the transferor and the transferee reside outside

1

of the United States." *Id.* That is precisely the case here, and the Trustee's complaint against the Hapoalim Defendants must be dismissed.

Both the Trustee's original complaint (Dk. #1) (the "Complaint") and its proffered allegations regarding the Hapoalim Defendants (Dk. # 84) (the "Proffer") acknowledge that the transferors, the Feeder Funds, and the transferees, the Hapoalim Defendants, all reside outside the United States. The Trustee does not dispute that Fairfield Sentry and Kingate Global are corporations organized under the laws of the British Virgin Islands (*see* Proffer at ¶¶ 34, 58 Complaint at ¶ 2). Nor does the Trustee dispute that Hapoalim B.M. is an Israeli entity, and that Hapoalim Switzerland is a Swiss entity (Complaint at ¶¶23-24). The Trustee is seeking to recover assets that were transferred from the Feeder Funds to the Hapoalim Defendants (Complaint at ¶¶ 42, 50, 52). The Trustee's own allegations make clear that the transfers here are not subject to Section 550 because they are "predominantly foreign: foreign feeder funds transferring assets abroad to their foreign customers." *SIPC*, 513 B.R. at 227.

## II.    None of the Trustee's Allegations Can Transform these Predominantly Foreign Transfers into Domestic Transfers

Notwithstanding the undeniably foreign nature of the Transfers, the Trustee argues that the Transfers are in fact domestic, because of the various connections that the Feeder Funds and the Hapoalim Defendants purportedly have with the United States. The Trustee's position entirely misapprehends the Supreme Court's extraterritoriality jurisprudence and the District Court's prior rulings in this case.

The degree to which foreign transferees and transferors come into contact with the United States is not the relevant inquiry in an extraterritoriality analysis. *See Morrison v. Nat'l Australia Bank*, 561 U.S. 247, 266 (2010) ("[T]he presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever *some* domestic activity is

2

involved in the case."). It is not akin to a personal jurisdiction analysis. Instead, the proper focus is on the nature and circumstances of the Transfers themselves. *See SIPC*, 513 B.R. at 227. When, as here, a transfer is made by a foreign transferor abroad to a foreign transferee, that transfer is outside the reach of Section 550, regardless of the transferee's or transferor's business activity in or connection with the United States. Courts have found Section 550 inapplicable even where the US contacts of the parties to the transfer were far more substantial than are alleged here. *See SIPC*, 513 B.R. at 227-28; *see also Sherwood Invs. Overseas Ltd. v. The Royal Bank of Scotland*, 6:10-ap-00158-KSJ, 2015 WL 4486470, at *19-20 (Bankr.M.D. Fl. July 22, 2015) (holding that transfers from transferor's foreign bank account to a foreign transferee are extraterritorial, notwithstanding that transferor's authorized representative resided in and directed trades from the U.S., the transferor maintained its books and records in the U.S., and transferor's subsidiary operated in the U.S.).

The Trustee first argues that the Transfers are not extraterritorial because the "purpose" of the Hapoalim Defendants' relationship with the Feeder Funds was to invest in BLMIS. *See* Trustee's Supplemental Memorandum of Law In Opposition to Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of the Trustee's Motion for Leave to Amend the Complaint ("Op. Br." at 2-3). The District Court has already addressed—and rejected—this argument. The fact that assets transferred from a foreign transferor to a foreign transferee originated with BLMIS in the United States "is insufficient to make the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic application of section 550(a)." *SIPC*, 513 B.R. at 228.

The Trustee next argues that the Transfers were domestic because the Hapoalim Defendants "purposefully and repeatedly" used the U.S. banking system by maintaining U.S. bank accounts to receive redemption payments from the Feeder Funds. *See* Op. Br. at 3-4. This argument fails because the District Court has held that a foreign transferee's use of a U.S. bank

3

account to process dollar-denominated BLMIS proceeds does not suffice "to make these foreign transfers domestic." SPIC, 513 B.R. at 228 n.1.

The Trustee also argues that because the Hapoalim Defendants signed subscription agreements that contained a New York choice of law provision, they "had every expectation" that U.S. law would apply to all of their transactions with the Feeder Funds. *See* Op. Br. at 3. This argument fails because parties cannot, simply by agreement, render an Act of Congress applicable to conduct which Congress did not choose to place within the scope of U.S. law. The Trustee overlooks the well-settled rule that "when a law contains geographical limitations on its application . . . courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." *Gravquick A/S v. Trimble Navigation Int'l*, 323 F.3d 1219 (9th Cir. 2003) (citing *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 358 (4th Cir. 1989); *Bimel–Walroth Co. v. Raytheon Co.*, 796 F.2d 840, 842–43 (6th Cir. 1986); *Baldewein Co. v. Tri–Clover, Inc.*, 606 N.W.2d 145, 153 (Wis. 2000)); *see also Kolbe v. Trudel*, 945 F. Supp. 1268, 1270 (D. Ariz. 1996). Even if the Feeder Funds and the Hapoalim Defendants all agreed that the choice of law clause allowed the Transfers to be governed by the Bankruptcy Code, that agreement could not overcome the extraterritorial limits of Section 550. Moreover, the Trustee's suggestion that a party's "expectation" about forum or choice of law can make an otherwise foreign transfer into a domestic one is bereft of legal support and misapprehends the relevant inquiry, which is the scope of conduct which Congress has made subject to Section 550, not the "expectations" of parties. Only Congress, not private parties, can extend the jurisdictional reach of a federal statute, such as Section 550.[1]

---

[1] The Trustee's argument also fails because the district court in *SIPC* held that transfers between a foreign feeder fund and its foreign client were extraterritorial, notwithstanding the fact that the foreign client had entered into a subscription agreement with the foreign feeder fund in which it submitted to New York jurisdiction. *See* Consolidated Reply Brief, at 25-26.

4

Finally, the Trustee argues that the Transfers are domestic because "significant elements of the Hapoalim Defendants' BLMIS-related business were conducted" by Hapoalim branches located in the United States. The Trustee points to due diligence allegedly conducted by Hapoalim Securities USA, Inc. and Hapoalim B.M.'s Chicago and Miami branches regarding Primeo Select Fund, another foreign feeder fund. *See* Op. Br. at 4-5. This is a *non sequitur* argument. The Trustee does not allege that either Hapoalim Securities or the Chicago or Miami branches were involved in the Transfers in any way. Nor did the Transfers involve Primeo Select Fund, which is not alleged to have any relationship to the Feeder Funds. The Hapoalim Defendants' corporate presence in the United States—a presence that is unrelated to the Transfers—cannot transform foreign transfers into domestic transfers. *See Sherwood*, 2015 WL 4486470, at *21 ("The Court also will not disregard the presumption [against extraterritoriality] because [the foreign transferor] has bank branches in the United States. The focus is where the precise Transfers occurred and the events surrounding the Transfers.").

Dated:  New York, New York
       September 30, 2015

Respectfully submitted,

HERBERT SMITH FREEHILLS NEW YORK LLP

By: _____
    Scott S. Balber

450 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: (917) 542-7600
Fax: (917) 542-7601

*Attorneys for Bank Hapoalim B.M. and Bank Hapoalim (Switzerland) Ltd.*