**TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP**
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
*Counsel for Defendant*
*Odyssey Alternative Strategy Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 12-01697 (BRL) |
| v. | |
| ABN AMRO FUND SERVICES (ISLE OF MAN) NOMINEES LIMITED, f/k/a Fortis (Isle Of Man) Nominees Limited, PLATINUM ALL WEATHER FUND LIMITED, and ODYSSEY, | |
| Defendants. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS AS AGAINST ODYSSEY ON EXTRATERRITORIALITY**

Transferee Defendant Odyssey Alternative Strategies Fund, Ltd. ("Odyssey") submits this Supplemental Reply Memorandum of Law in Further Support of the Transferee Defendants'[1] Motion to Dismiss based on Extraterritoriality, in which Odyssey joins and incorporates by reference herein.

## ARGUMENT

In his Extraterritoriality Decision, Judge Rakoff held that "the application of section 550(a)(2) here would constitute an extraterritorial application of the statute, and (2) Congress did not clearly intend such an application." *SIPC v. Madoff*, 513 B.R. 222, 226 (S.D.N.Y. 2014). Judge Rakoff then directed this Court to dismiss those complaints filed by the Trustee that "allege that both the transferor and the transferee reside outside of the United States . . . unless the Trustee can put forth specific facts suggesting a domestic transfer." *Id.* at 232 n.4. The Trustee has failed to proffer such facts in his proposed additional allegations (Adv. Pro. No. 12-01679, ECF No. 98) (the "Additional Allegations"), or in the Operative Complaint and, as a result, his complaint against Odyssey must be dismissed.

Nowhere in his Additional Allegations does the Trustee allege that any of the alleged transfers between Fairfield Sentry and Odyssey, both based in the BVI, occurred within the United States. The Trustee's lone allegation aimed at providing some domestic nexus for these alleged transfers (i.e. that Odyssey used a U.S. bank account) has already been rejected by Judge Rakoff in the Extraterritoriality Decision. In light of the Extraterritoriality Decision, the clear deficiencies in the Operative Complaint and the Trustee's failure to remedy these deficiencies in

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality, filed on September 30, 2015 (ECF No. 11542, the "Consolidated Reply Memorandum").

his Additional Allegations, we respectfully request this Court to dismiss the Operative Complaint with prejudice.

**Odyssey and Fairfield Sentry are Foreign Entities**

As the Trustee acknowledges, "Odyssey is an alternative strategy investment fund organized under the laws of the BVI, with a registered address at 33-37 Athol Street, Douglas, Isle of Man, IM1 1AF." (Additional Allegations ¶ 7.) Neither the Operative Complaint, nor the Additional Allegations contain any allegations that Odyssey maintains offices or does business in the United States. The Trustee also concedes that the Fairfield Funds were "incorporated in the BVI" and Judge Rakoff himself noted in the Extraterritoriality Decision that "Fairfield Sentry is a British Virgin Islands company." *SIPC v. Madoff*, 513 B.R. at 225. Therefore, any transfers which are alleged to have occurred between Fairfield Sentry and Odyssey were subsequent transfers "made abroad between a foreign transferor and a foreign transferee." *See id.*

**The Additional Allegations Fail to Present Specific Facts Suggesting a Domestic Transfer**

The Trustee attempts to manufacture a domestic nexus for the alleged transfer between Fairfield Sentry and Odyssey by alleging that Odyssey used a bank account at Brown Brothers Harriman & Co. in New York to receive transfers from Fairfield Sentry.[2] (Additional Allegations ¶ 40.) However, as Judge Rakoff made clear in his Extraterritoriality Decision, the mere fact that a transfer between two foreign entities did, at some point, pass through a U.S. bank account, is insufficient to make such an otherwise foreign subsequent transfer into a

---

[2] In addition to the Trustee's assertions regarding Odyssey's alleged use of this bank account, he makes certain other allegations regarding alleged due diligence, negotiations and marketing activities by Odyssey. (Additional Allegations ¶¶ 10, 27-29.) As set forth in the Consolidated Reply Memorandum at pages 26-33, these allegations are irrelevant under the Extraterritoriality Decision and do nothing to alter the conclusion that the alleged transfers from Fairfield Sentry to Odyssey were entirely foreign and beyond the reach of the Trustee's powers under section 550(a)(2).

2

domestic one. *SIPC v. Madoff*, 513 B.R. at 227. In concluding that the transfers between foreign feeder funds like Fairfield Sentry and foreign customers like Odyssey were "predominately foreign," Judge Rakoff expressly rejected the notion that such a transfer may be deemed domestic merely because it passed through a New York bank account at some point in time. *Id.* at 227. In support of this conclusion, Judge Rakoff cited *In re Midland Euro Exch. Inc.*, in which the Bankruptcy Court for the Central District of California noted that "the parties agree that allowing the Trustee to proceed with his claims would result in extraterritorial application of § 548" because the funds in question "originated from a bank account in London" and "ended up in another bank account in England," despite the fact that they were "transferred through a bank account in New York." 347 B.R. 708, 716. The Trustee's one allegation of a domestic nexus is therefore squarely refuted by Judge Rakoff in the Extraterritoriality Decision. The Trustee is thus left with nothing more than an extraterritorial transfer between two entities residing outside the United States and cannot carry his burden under the Extraterritoriality Decision. In short, the Additional Allegations fail to cure the fatal defects inherent in the Trustee's claims against Odyssey and the Operative Complaint must be dismissed.

3

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Consolidated Reply Memorandum, all claims by the Operative Complaint should be dismissed and the Trustee's request to amend denied.

Dated: September 30, 2015
      New York, New York

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

By:   /s/ Ralph A. Siciliano
Ralph A. Siciliano
Richard W. Trotter
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6718
Facsimile: (212) 937-2408
*Attorneys for Odyssey Alternative Strategy Fund, Ltd.*

4