# Exhibit 51

January 22, 1996

Mr. Frank DiPascali
Bernard L. Madoff & Co.
885 Third Avenue
New York, NY 10022

Dear Mr. DiPascali,

In connection with our annual audit now being conducted by our independent auditors, BDO Seidman, 330 Madison Avenue, New York, NY 10017, please send directly to them, a copy of the monthly account statements for the attached list of accounts, as of the close of business December 31, 1995. Thank you for your assistance in this matter.

Very truly yours,

Michael E. Autera, Jr.
Controller

The attached statements
are correct:

_____
Authorized Signature

**Confidential**

**GCC-P 0040405**

# Exhibit 52

February 15, 1999

Frank Di Pascali
Bernard L. Madoff Investments
885 Third Ave
New York,  NY     10022

Dear Mr. Di Pascali,

Please arrange to have the December 31, 1998 monthly statements for the following accounts
Sent via courier to our auditors at:

**Ms. Samina Merchant**
**BDO Seidman, LLP**
**330 Madison Ave.,  4th Floor**
**New York,   NY    10017**
**212-885-8000**

Accounts:

1-FN005-3-0   (Ascot Fund Ltd)
1-FN005-4-0   (Ascot Fund Ltd.)
1-A0058-3-0   (Ascot Partners L.P.)
1-A0058-4-0   (Ascot Partners L.P.)

Very truly yours,

Michael E. Autera, Jr.
Chief Financial Officer

**Confidential**

# Exhibit 53

February 7, 2000

Frank Di Pascali
Bernard L. Madoff Investments
885 Third Ave
New York, NY 10022

Dear Mr. Di Pascali,

Please arrange to have the December 31, 1999 monthly statements for the following accounts sent via courier to our auditors at:

**BDO Seidman, LLP**
**Attn: Ms. Irina Khayms**
**330 Madison Ave., 4th Floor**
**New York, NY 10017**
**212-885-7400**

The accounts are as follows:

1-FN005-3-0  (Ascot Fund Ltd.)
1-FN005-4-0  (Ascot Fund Ltd.)
1-A0058-3-0  (Ascot Partners L.P.)
1-A0058-4-0  (Ascot Partners L.P.)

If there are any questions, please do not hesitate to call Andrew Gordon at (212) 838-7200 ext. 110.

Thank you in advance for your assistance in this matter.

Very truly yours,


Michael E. Autera, Jr.
Chief Financial Officer

**Confidential**

# Exhibit 54

January 14, 2005

Mr. Frank DiPascali
Bernard L. Madoff & Co.
885 Third Avenue
New York, NY 10022

Dear Mr. DiPascali:

  Our auditors, BDO Seidman, LLP, located at 330 Madison Avenue, New York, New York 10017, are engaged in an audit of our financial statements. In connection therewith, please send BDO Seidman, LLP copies of your regular statements maintained on behalf of Ariel Fund Ltd., Gabriel Capital, L.P., Amber Fund Ltd., Ascot Fund Ltd. and Ascot Partners, L.P. for the period ending December 31, 2004.

  Please mail your reply in the enclosed stamped, addressed envelope directly to BDO Seidman, LLP, 330 Madison Avenue, New York, New York 10017, Attention: Bernard DaSalla.

  If you have any questions, please call Michael Achilarre at 212-838-7200, ext. 111. Thank you.

Very truly yours,

Michael E. Autera, Jr.
Chief Financial Officer

**Confidential**

# Exhibit 55

# GABRIEL CAPITAL GROUP

450 Park Avenue
New York, NY 10022
TELEPHONE 212 838-7200
FACSIMILE 212 838-9603

January 12, 2006

Mr. Frank DiPascali
Bernard L. Madoff & Co.
885 Third Avenue
New York, NY 10022

Dear Mr. DiPascali:

Our auditors, BDO Seidman, LLP, located at 330 Madison Avenue, New York, New York 10017, are engaged in an audit of our financial statements. In connection therewith, please send BDO Seidman, LLP copies of your regular statements maintained on behalf of Ariel Fund Ltd., Gabriel Capital, L.P., Ascot Fund Ltd., and Ascot Partners, L.P. for the period ending December 31, 2005.

Please mail your reply in the enclosed stamped, addressed envelope directly to BDO Seidman, LLP, 330 Madison Avenue, New York, New York 10017 Attention: Richard Lanigan.

If you have any questions, please call Michael Achilarre at 212-838-7200 ext. 111. Thank you.

Very Truly Yours,

Michael E. Autera, Jr.
Chief Financial Officer

**Confidential**

**GCC-P 0404843**

# Exhibit 56

**From:** George Duch

**Sent:** Tue, 30 Oct 2007 21:10:14 GMT

**To:** Achilarre, Michael

**Subject:** Confirms mailed in 2006.

---

<<(XVI-2) Cerberus Confirm Mailed.pdf>> Mi <<(XV-2) Ariel Confirms Mailed.pdf>> ke <<(XVI-1) 2006 Gabriel Confirms Mailed.pdf>> ,

These are the confirmations that we mailed out in 2006.

Regards

George Duch
Financial Services
BDO Seidman, LLP
330 Madison Avenue
New York, NY 10017
212-885-8000 (Office)
212-885-8060 (Direct)
212-697-4997 (Fax)
gduch@bdo.com

Please read the following disclaimer if the above communication includes tax advice.  If it does not include tax advice, please disregard the following information in bold.

To ensure compliance with Treasury Department regulations, we wish to inform you that, unless expressly stated otherwise in this communication (including any attachments) any tax advice that may be contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any

**Confidential**

# Exhibit 57

**From:**   J. Ezra Merkin
**Sent:**   Sun, 09 Feb 2003 19:17:21 GMT
**To:**    FERRO, NAOMI
**CC:**    J. Ezra Merkin
**Subject:** Odds and Ends

---

1) Somethibg we tried to do a long while ago: Please call up to Dan Forman's sc'y at YU and ask her for another copy of the book that was distributed to each YU Trustee just before his / her first Board meeting. The book contains helpful material re YU and mine never arrived. (At the time, they claimed it was sent to the Atlantic Beach address. It ain't there neither.)

2) Please set up a date with Bernard Madoff for a visit from me and Gedale Horowitz. Each of the other two are expecting you to call to set up a time at everyone's convenience.

3) By co-ordinating with Jerry Hochbaum's office, set up an Inv. Comm. meeting for his group and Mik weiss, Morris smith, and me, in our conference room. Each of these gentlemen is expecting to hear from you on the subject. From Morris' perspective, you may try for the same day as the next YU Inv Comm meeting, if there is one. See (4), next.At some point we cannot wait for the next YU date to get scheduled.

4) We do need another YU meeting resonably soon (not super urgently). Please try to talk to the folks in Socol's office to scgedule the next three dates now, so that I can book the appropriate presentations. Three should take us into June / July, I think.

5) Please mail Shelby White at home the teo most recent G'b'l lp letters, and LHzns letter of mid Dec., 2002, and its original think piece(s) and the LHzns rtecord. Organize it ligically and include a cover note, or an English card, that tlls her tha I am sending along information on three different funds, as she and I discussed recently on the telephone.

6) Pleae mail to Dr. Henry Kaufman in his office the exact package as above, with a note, perhaps on an English card, that tells him the same thing we are telling shelby, except that he and I discussed it recently in his office.

**Confidential**

# Exhibit 58

# GABRIEL CAPITAL GROUP

450 Park Avenue
New York, NY 10022
TELEPHONE 212 838-7200
FACSIMILE  212 838-9603

January 2, 2007

Mr. Frank DiPascali
Bernard L. Madoff & Co.
885 Third Avenue
New York, NY 10022

Dear Mr. DiPascali:

      Our auditors, BDO Seidman, LLP, located at 330 Madison Avenue, New York, New York 10017, are engaged in an audit of our financial statements.  In connection therewith, please send BDO Seidman, LLP copies of your regular statements maintained on behalf of Ariel Fund Ltd., Gabriel Capital, L.P., Ascot Fund Ltd., and Ascot Partners, L.P. for the period ending December 31, 2006.

      Please mail your reply in the enclosed stamped, addressed envelope directly to BDO Seidman, LLP, 330 Madison Avenue, New York, New York 10017 Attention: George Duch.

      If you have any questions, please call Michael Achilarre at 212-838-7200 ext. 111. Thank you.

Very Truly Yours,

Michael E. Autera, Jr.
Chief Financial Officer

(6)

**Confidential**

**GCC-P 0138895**

# Exhibit 59

January 2, 2008

Mr. Frank DiPascali
Bernard L. Madoff & Co.
885 Third Avenue
New York, NY 10022

Dear Mr. DiPascali:

Our auditors, BDO Seidman, LLP, located at 330 Madison Avenue, New York, New York 10017, are engaged in an audit of our financial statements. In connection therewith, please send BDO Seidman, LLP copies of your regular statements maintained on behalf of Ariel Fund Ltd., Gabriel Capital, L.P., Ascot Fund Ltd., and Ascot Partners, L.P. for the period ending December 31, 2007.

Please mail your reply in the enclosed stamped, addressed envelope directly to BDO Seidman, LLP, 330 Madison Avenue, New York, New York 10017 Attention: George Duch.

If you have any questions, please call Michael Achilarre at 212-838-7200 ext. 111. Thank you.

Very Truly Yours,

Michael E. Autera, Jr.
Chief Financial Officer

**Confidential**                                                              **GCC-P 0115302**

# Exhibit 60



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

STATEMENT OF FINANCIAL CONDITION
OCTOBER 31, 2003

**Affiliated with:**
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. 020-7493-6222

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**
NOTES TO STATEMENT OF FINANCIAL CONDITION
OCTOBER 31, 2003

Our audited Statement of Financial Condition filed pursuant to S.E.C. rule 17a-5, dated October 31, 2003, is available for examination and copying at our office and at the Securities and Exchange Commission in New York, New York.

**NOTE 1 – NATURE OF BUSINESS AND ORGANIZATION**
Bernard L. Madoff Investment Securities LLC (the "Company") is a registered broker/dealer with the Securities and Exchange Commission and a member of the National Association of Securities Dealers, Inc. The Company has been executing securities transactions since 1960.

**NOTE 2 – SIGNIFICANT ACCOUNTING POLICIES**
Cash and cash equivalents consist of cash and highly liquid investments not held for resale with maturities, when purchased, of three months or less.

Securities borrowed and securities loaned are recorded at the amount of cash collateral advanced or received in connection with the transactions. Securities borrowed transactions require the Company to provide the counterparty with cash collateral whereas the Company receives cash collateral in securities loaned transactions. The amount of cash collateral required to be deposited is an amount in excess of the market value of the securities borrowed or loaned. It is the Company's policy to monitor the market value of the securities on a daily basis with additional collateral obtained or refunded as necessary.

Assets, liabilities, and income statement accounts denominated in foreign currencies are translated at fiscal year-end rates of exchange. Gains or losses resulting from foreign currency transactions are included in net income.

Proprietary securities transactions in regular-way trades are recorded on the trade date, as if they had settled. Profit and loss arising from all securities transactions entered into for the account and risk of the Company are recorded on a trade date basis. Customers' securities transactions are reported on a settlement date basis with related commission income and expenses reported on a trade date basis. Securities owned or sold but not yet purchased are stated at quoted market values, with resulting unrealized gains and losses included in results of operations.

The process of preparing financial statements in conformity with generally accepted accounting principles requires the use of estimates and assumptions regarding certain types of assets, liabilities, revenues and expenses. Such estimates primarily relate to unsettled transactions and events as of the date of the financial statements. Accordingly, upon settlement, actual results may differ from estimated amounts.

The Company is engaged in various trading and brokerage activities whose counterparties primarily include broker-dealers, banks and other financial institutions. In the event counterparties do not fulfill their obligations, the Company may be exposed to risk. The risk of default depends on the creditworthiness of the counterparty or issuer of the instrument. It is the Company's policy to review, as necessary, the credit standing of each counterparty.

Furniture and equipment are stated at cost, less accumulated depreciation. Depreciation is provided on the MACRS method over the estimated useful life of the asset, generally five or seven years.

Membership in exchange is recorded at cost.

**NOTE 3 – REGULATORY REQUIREMENTS**
The Company is subject to the Securities and Exchange Commission Uniform Net Capital rule 15c3-1. The Company has elected to compute its Net Capital requirement under the Alternative Method. At October 31, 2003, under this method, the Company's Net Capital was $876,237,000. The required Net Capital was $1,000,000 thereby leaving capital in excess of all requirements of $375,327,000.

**NOTE 4 – COMMITMENTS AND CONTINGENT LIABILITIES**
The Company leases certain office space under non-cancelable operating leases which expire in 2007. The aggregate lease and rental commitment payable for the entire term of the lease is $12,037,000.

The Company has no pending lawsuits against it.

CONFIDENTIAL

GCC-P 0393305

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

## STATEMENT OF FINANCIAL CONDITION
## OCTOBER 31, 2003

### ASSETS

| | |
|---|---:|
| Cash and cash equivalents | $149,278,000 |
| Cash segregated in compliance with federal and other regulations | 1,476,000 |
| Securities borrowed | 245,055,000 |
| Receivable from brokers, dealers and others | 32,982,000 |
| U.S. government and federal agency obligations owned, at market value | 89,046,000 |
| Other securities owned, at market value | 375,525,000 |
| Furniture, fixtures, equipment and leasehold improvements (net of accumulated depreciation) | 8,720,000 |
| Membership in exchange | 2,293,000 |
| **TOTAL ASSETS** | **$904,375,000** |

### LIABILITIES AND MEMBER'S EQUITY

| | |
|---|---:|
| Payable to brokers, dealers and others | $11,063,000 |
| Securities sold, but not yet purchased, at market value | 407,856,000 |
| Accounts payable, accrued expenses, taxes and other liabilities | 7,456,000 |
| **TOTAL LIABILITIES** | **$426,375,000** |
| **MEMBER'S EQUITY** | **478,000,000** |
| **TOTAL LIABILITIES AND MEMBER'S EQUITY** | **$904,375,000** |

### INDEPENDENT AUDITORS' REPORT

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, New York 10022

Gentlemen:

We have audited the accompanying statement of financial condition of Bernard L. Madoff Investment Securities LLC (the "Company") as of October 31, 2003. The financial statement is the responsibility of the Company's management. Our responsibility is to express an opinion on the financial statement based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statement is free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statement. An audit also includes assessing the accounting principles used and significant estimates made by the Company's management, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the statement of financial condition presents fairly, in all material respects, the financial position of Bernard L. Madoff Investment Securities LLC at October 31, 2003, in conformity with accounting principles generally accepted in the United States of America.

*Friehling & Horowitz*
Friehling & Horowitz, CPA's, P.C.

New City, New York
December 10, 2003

See Notes to Financial Statement

# Exhibit 61

# BERNARD L. MADOFF
## INVESTMENT SECURITIES LLC

## REPORT

## OCTOBER 31, 2003

FRIE LIN? HORD ITZ CR & R

CONFIDENTIAL

GCC-P 0393307

BERNARD L. MADOFF INVESTMENT SECURITIES LLC

INDEPENDENT AUDITORS' REPORT ON

INTERNAL CONTROL

YEAR ENDED OCTOBER 31, 2003

FRIEHLING & HOROWITZ
CERTIFIED PUBLIC ACCOUNTANTS

CONFIDENTIAL

## INDEPENDENT AUDITORS' REPORT ON INTERNAL CONTROL

Gentlemen:

In planning and performing our audit of the financial statements of Bernard L. Madoff Investment Securities LLC (the "Company"), for the fiscal year ended October 31, 2003, we considered its internal control, including control activities for safeguarding securities, in order to determine our auditing procedures for the purpose of expressing our opinion on the financial statements and not to provide assurance on the internal control.

Also, as required by rule 17a-5(g)(1) of the Securities and Exchange Commission (SEC), we have made a study of the practices and procedures followed by the Company, including tests of compliance with such practices and procedures that we considered relevant to the objectives stated in rule 17a-5(g), in the following:

1. Making the periodic computations of aggregate debits and net capital under rule 17a-3(a)(11) and the reserve required by rule 15c3-3(e)

2. Making the quarterly securities examinations, counts, verifications, and comparisons, and the recordation of differences required by rule 17a-13

3. Complying with the requirements for prompt payment for securities under Section 8 of Federal Reserve Regulation T of the Board of Governors of the Federal Reserve System

4. Obtaining and maintaining physical possession or control of all fully paid and excess margin securities of customers as required by rule15c3-3

The management of the Company is responsible for establishing and maintaining a system of internal control and the practices and procedures referred to in the preceding paragraph. In fulfilling this responsibility, estimates and judgements by management are required to assess the expected benefits and related costs of controls, and of the practices and procedures referred to in the preceding paragraph, and to assess whether those practices and procedures can be expected to achieve the SEC's above-mentioned objectives. Two of the objectives of internal control and the practices and procedures are to provide management with reasonable but not absolute assurance that assets for which the Company has responsibility are safeguarded against loss from unauthorized use or disposition, and that transactions are executed in accordance with management's authorization and recorded properly to permit the preparation of financial statements in accordance with generally accepted accounting principles. Rule 17a-5(g) lists additional objectives of the practices and procedures listed in the preceding paragraph.

Because of inherent limitations in internal control or the practices and procedures referred to above, error or fraud may occur and not be detected. Also, projection of any evaluation of them to future periods is subject to the risk that they may become inadequate because of changes in conditions or that the effectiveness of their design and operation may deteriorate. Our consideration of internal control would not necessarily disclose all matters in internal control that

**FRIEHLING & HOROWITZ**
CERTIFIED PUBLIC ACCOUNTANTS

CONFIDENTIAL

might be material weaknesses under standards established by the American Institute of Certified Public Accountants. A material weakness is a condition in which the design or operation of the specific internal control components does not reduce to a relatively low level the risk that error or fraud in amounts that would be material in relation to the financial statements being audited may occur and not be detected within a timely period by employees in the normal course of performing their assigned functions. However, we noted no matters involving internal control, including control activities for safeguarding securities, that we consider to be material weaknesses as defined above.

We understand that practices and procedures that accomplish the objectives referred to in the second paragraph of this report are considered by the SEC to be adequate for its purposes in accordance with the Securities Exchange Act of 1934 and related regulations, and that practices and procedures that do not accomplish such objectives in all material respects indicate a material inadequacy for such purposes. Based on this understanding and on our study, we believe that the Company's practices and procedures were adequate at October 31, 2003 to meet the SEC's objectives.

This report is intended solely for the information and use of the Company's management, the SEC, the National Association of Securities Dealers, Inc. and other regulatory agencies that rely on rule 17a-5(g) under the Securities Exchange Act of 1934 in their regulation of registered brokers and dealers, and is not intended to be and should not be used by anyone other than these specified parties.

Friehling & Horowitz, CPA's, P.C.

New City, New York
December 10, 2003

FRIEHLING & HOROWITZ
CERTIFIED PUBLIC ACCOUNTANTS