**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br><br>　　　　　　　　　　　　Defendants. | Adv. Pro. No. 10-05257 (SBM) |

**STIPULATION AND ORDER AGREEING TO APPLY DECISION IN THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING**

　　　　**WHEREAS**, on December 6, 2010, the plaintiff, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), commenced the above-captioned adversary proceeding in the Bankruptcy Court against defendants Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick (the "Defendants," together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS,** on January 13, 2012, Defendants moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on February 3, 2012, the Trustee filed an Amended Complaint against the Defendants;

**WHEREAS,** on February 17, 2012, Defendants again moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure

**WHEREAS**, on February 14, 2014, a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS**, on April 22, 2014, the Parties sought and received permission from the Court to proceed to mediation and mutually selected Robert J. Rosenberg to act as Mediator in this matter;

**WHEREAS**, on July 9, 2014, the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on August 25, 2014, Defendants renewed their motion to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

**WHEREAS**, the Defendants were neither a party to, nor joined in the Omnibus Proceedings;

**WHEREAS**, the Defendants' motions to dismiss and renewed motion to dismiss (the "Motions") incorporate all the arguments set forth by similarly situated defendants in the Omnibus Proceedings;

**WHEREAS**, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)]; and

**WHEREAS,** on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust,* 14-1128 and *Picard v. Ida Fishman Revocable Trust,* 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this Adversary Proceeding.

Accordingly, it is hereby **ORDERED** that:

1. The Decision rendered in the Omnibus Proceeding applies equally to this Adversary Proceeding and such Decision disposes of the Motions filed herein.

2. In accordance with the Supreme Court Decision, Counts Two, Three, Four, Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen and Seventeen of the Amended Complaint are hereby dismissed with prejudice.

3. As to counts in the Amended Complaint in which the Trustee sought to avoid obligations pursuant to sections 548(a)(1) and 544 of the Bankruptcy Code, applicable provisions of SIPA including sections 78fff(b) and 78fff-1(b) and New York Debtor and Creditor Law (the "Obligations Counts"), the Motions are granted with respect to the Obligations Counts and such counts are hereby dismissed.

4. Except for the dismissal of the Obligations Counts as set forth in paragraph 3, this Stipulation has no effect on Counts One and Seven of the Amended Complaint.

5. Defendants shall file their answers to the Amended Complaint on or before thirty (30) days after this Stipulation is so-ordered by the Court. The Adversary Proceeding will move forward thereafter on schedules to be established by further order of the Court after consultation among the parties in accordance with the applicable rules of procedure.

6. This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated: October 9, 2015

/s/  *Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehand@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Christa C. Turner
Email: cturner@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

/s/  *Robert A. Rich*
Hunton & Williams LLP
200 Park Avenue
52nd Floor
New York, NY 10166
Phone: (212) 309-1132
Fax: (212) 309-1884
Peter S. Partee, Sr.
Email: PPartee@hunton.com
Robert A. Rich
Email: RRich2@hunton.com

*Attorneys for Defendants*

SO ORDERED

Dated: New York, New York

October 9th, 2015

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE