| | |
|---|---|
| **UNITED STATES BANKRUPCTY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **Hearing Date:** Dec. 16, 2015<br>**Response Date:** Dec. 8, 2015 |

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>              Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>              Plaintiff,<br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR SISKIND; LINDA SOHN; NEAL GOLDMAN; DOUGLAS ELLENOFF; ELAINE STEIN ROBERTS; NEUBERGER BERMAN LLC, as former custodian of an Individual Retirement Account for the benefit of ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; NTC & CO. LLP, as former custodian of an Individual Retirement Account for the benefit of EUNICE CHERVONY; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; TRUST U/T/A 8/20/90; and EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90,<br><br>              Defendants. | Adv. Pro. No. 10-05259 (SMB) |

# MEMORANDUM OF LAW OF DEFENDANTS NEAL M. GOLDMAN, LINDA SOHN AND THE FISHER DEFENDANTS IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## MINTZ & GOLD LLP

Steven G. Mintz
Terence W. McCormick
600 Third Avenue
25th Floor
New York, NY 10016
Tel: (212) 696-4848
*mintz@mintzandgold.com*
*mccormick@mintzandgold.com*

*Attorneys for Defendants*
*Neal M. Goldman, Linda Sohn and the*
*Fisher Defendants*

Dated: October 9, 2015

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 2

ARGUMENT ......................................................................................................................... 4

    THE AMENDED COMPLAINT FAILS SUFFICIENTLY TO
    PLEAD CLAIMS AGAINST GOLDMAN, SOHN, AND THE
    FISHER DEFENDANTS ............................................................................................... 4

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal,
  129 S. Ct. 1937, 1949 (2009)...................................................................................5

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, 570 (2007).........................................................................................5

Gowan v. Amaranth LLC (In re Dreier LLP),
  452 B.R. 451, 464 (Bankr. S.D.N.Y. 2011).............................................................7

Johnson v. Rowley,
  569 F.3d 40, 43-44 (2d Cir. 2009) ...........................................................................5

Picard v. Cohmad Sec. Corp.,
  454 B.R. 317, 340 (Bankr. S.D.N.Y. 2011).............................................................7

Picard v. Madoff
  (In re Bernard L. Madoff Inv. Sec. LLC), 458 B.R. 87 (Bankr. S.D.N.Y. 2011)........6, 7

Securities Investor Protection Corp. v. Stratton Oakmont, Inc.,
  234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999).............................................................7

See Ellison v. American Image Motor Co., Inc.,
  36 F. Supp. 2d 628 (S.D.N.Y. 1999) .......................................................................7

Sellers v. M.C. Floor Crafters, Inc.,
  842 F.2d 639, 642 (2d Cir. 1988) ............................................................................4

**STATUTES**

11 U.S.C. § 546(e)............................................................................................................3

Bankruptcy Rule 7009......................................................................................................5

Bankruptcy Rule 7012................................................................................................1, 4

F.R.C.P. 9(b).....................................................................................................................7

Fed. R. Bankr. P. 7007 .....................................................................................................4

Fed. R. Bankr. P. 7012(b) ................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2, 4

Fed. R. Civ. P. 12(c) ...................................................................................................... 1, 4

Fed. R. Civ. P. 12(h)(2) ..................................................................................................... 4

Fed. R. Civ. P. 12(i) .......................................................................................................... 4

Fed. R. Civ. P. 7(a) ........................................................................................................... 4

Fed. R. Civ. P. 9(b) ........................................................................................................... 5

Rule 12(c) ...................................................................................................................... 4, 5

Rule 12(i) .......................................................................................................................... 4

Rule 9(b) ........................................................................................................................... 5

section 546(e) ................................................................................................................... 1

**INTRODUCTION**

Defendants Neal M. Goldman ("Goldman"), Linda Sohn ("Sohn"), Trust U/W/O David L. Fisher, Trust U/T/A 8/20/90, and Evelyn Fisher, individually and in her capacity as Trustee for Trust U/W/O David L. Fisher and Trust U/T/A 8/20/90 (the "Fisher Defendants," and together with Goldman and Sohn, "Defendants") respectfully submit this memorandum of law in support of their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), made applicable through Bankruptcy Rule 7012.

**PRELIMINARY STATEMENT**

This motion for judgment on the pleadings seeks to apply that part of the Court's decision on the Omnibus Motion to Dismiss (the "Omnibus Decision") that concerned subsequent transfer liability (ECF Doc. 138, at 49-53), as well as the Order entered thereunder on July 16, 2015 (ECF Doc. 143), to the claims asserted against the Defendants here, whom the Amended Complaint identifies as "Subsequent Transferee Defendants."

As the Court held in the Omnibus Decision, the Trustee's allegations of subsequent transfer liability are fatally flawed because they fail to state the "'necessary vital statistics—the who, when, and how much' of the purported transfers" that the Subsequent Transferee Defendants are said to have received. (Omnibus Decision at 50). Because the Amended Complaint here contains only "barebones allegations of subsequent transfer" (id.) that this Court has already held to be insufficient, and the Supreme Court has refused to review the dismissal of the remaining claims under section 546(e), all claims against Defendants Goldman, Sohn, and the Fisher Defendants should be dismissed at this time consistent with the Omnibus Decision and the Court's Order of July 16, 2015.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendants are not alleged to have had any knowledge of Madoff's crimes and are sued solely as Subsequent Transferee Defendants, due to their alleged receipt of "Subsequent Transfers" originally made from the Bernard L. Madoff Investment Securities LLC ("BLMIS") Joint Tenancy Account identified in the Amended Complaint ("Am. Compl.,") at ¶¶ 3, 52-58.  (A true and correct copy of the Amended Complaint is attached as Exhibit 1 to the accompanying Declaration of Terence W. McCormick).

Defendants will not reiterate the already familiar genesis of this action at length. Briefly, the Trustee filed an Amended Complaint on December 6, 2010.  The Amended Complaint alleges that BLMIS established the Joint Tenancy Account in the name of "Stanley I. Lehrer and Stuart M. Stein, J/T WROS" (the "Joint Tenancy Account"), which was allegedly the initial transferee of certain transfers from BLMIS (id., ¶¶ 52-54).  The Trustee identifies a number of Defendants as "Subsequent Transferee Defendants," including the Defendants on this motion (Goldman, Sohn, and the Fisher Defendants). These Defendants filed their Answer on June 2, 2014.  Certain other defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and this Court granted their motions, in part, in the Omnibus Decision, which was entered on June 16, 2015.

In pertinent part, the Court held in the Omnibus Decision that:

> The barebones allegations of subsequent transfer are insufficient. They lack the "vital statistics," and the fact that the subsequent transferee defendants have ownership interests in the initial transferees is insufficient to plead a subsequent transfer claim. Dreier, 452 B.R. at 480 (subsequent transferee claims based on such transferees' positions in the corporate structure insufficient to meet pleading standard).

2

Omnibus Decision at 51.

Consistent with this Court's observations in the Omnibus Decision, the Trustee makes no discernable allegations of transfers from the Joint Tenancy Account to Goldman, Sohn, or the Fisher Defendants, or the connection between the Joint Tenancy Account and these Defendants, or a connection between initial transfers and the "Subsequent Transfers" for which these Defendants are said to be liable. Instead, the Amended Complaint only alleges that "[u]pon information and belief, some or all of the Transfers were subsequently transferred by Lehrer, Stein and/or the Subsequent Transferee Defendants to one or more of the Subsequent Transferee Defendants (collectively, the "Subsequent Transfers"). (Id., ¶ 58). As to Goldman, Sohn, and the Fisher Defendants, the Amended Complaint merely seeks to recover the Subsequent Transfers, and includes no specific allegation against them as to any initial transfer. (Am. Compl., ¶¶ 104-109).

The District Court had already separately dismissed most of the claims in this action pursuant to 11 U.S.C. § 546(e) (the "Six Year Claims"). The District Court's decision to dismiss the Six Year Claims was subsequently affirmed by the Second Circuit, and the United States Supreme Court denied a writ of certiorari on June 22, 2015. This Court subsequently entered an order dismissing those counts on July 16, 2015. [ECF Doc. 143]. To the extent the Trustee's Amended Complaint still purports to assert Six Year Claims against the Defendants, those claims are no longer properly in the case.

In addition to dismissing the Six Year Claims, the Court also dismissed the remainder of the claims as to the moving Subsequent Transferee Defendants, without prejudice to the Trustee's further amending his pleading. However, as of the date of this

3

motion, the Trustee has not moved to amend his pleading. Defendant Stuart Stein (who is not sued as a Subsequent Transferee Defendant) filed an Answer on September 18, 2015. Therefore, the pleadings are now closed, and the instant motion for judgment on the pleadings is timely.

## ARGUMENT

### THE AMENDED COMPLAINT FAILS SUFFICIENTLY TO PLEAD CLAIMS AGAINST GOLDMAN, SOHN, AND THE FISHER DEFENDANTS

Under Rule 12(c), made applicable to this adversary proceeding by Bankruptcy Rule 7012, a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c); see Fed. R. Civ. P. 12(h)(2) (after pleadings are closed, a motion to dismiss for failure to state a claim may be brought as a motion for judgment on the pleadings); see generally Fed. R. Bankr. P. 7012(b). The pleadings are closed when, as here, the plaintiff has filed a complaint and the defendants have filed answers. Fed. R. Civ. P. 7(a); see Fed. R. Bankr. P. 7007. Rule 12(i) further provides that "a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). Where the Rule 12(c) motion does not involve any disputed factual issue, there is no reason to defer decision until trial. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988) ("Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.").

In deciding a Rule 12(c) motion, the court should employ the "same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." Johnson v. Rowley, 569 F.3d

4

40, 43-44 (2d Cir. 2009) (internal quotation marks and citation omitted).  Accordingly, to survive a Rule 12(c) motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Further, as to any allegations sounding in fraud, the complaint must satisfy the particularity requirements of Rule 9(b), made applicable to adversary proceedings by Bankruptcy Rule 7009. Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

At the outset, it should be stressed that the Amended Complaint concedes the good faith of Goldman, Sohn, and the Fisher Defendants.  There is no allegation whatsoever that they (or any of the other Defendants) were complicit in Madoff's fraud.

In the Omnibus Decision, this Court held that the Trustee's boilerplate assertion of Subsequent Transfers—just like those against Goldman, Sohn, and the Fisher Defendants— were insufficient to support a claim for subsequent transfer liability.  The Court held, in relevant part:

> The barebones allegations of subsequent transfer are insufficient. They lack the "vital statistics," and the fact that the subsequent transferee defendants have ownership interests in the initial transferees is insufficient to plead a subsequent transfer claim. Dreier, 452 B.R. at 480 (subsequent transferee claims based on such transferees' positions in the corporate structure insufficient to meet pleading standard).

Omnibus Decision at 51.

Similarly, in <u>Picard v. Madoff</u> (In re Bernard L. Madoff Inv. Sec. LLC), 458 B.R. 87 (Bankr. S.D.N.Y. 2011), the court held that subsequent transfer claims lacking "even a modicum of specificity" must be dismissed. <u>Id</u>. at 120.  There, the Court observed that:

> While the Complaint's failure to indicate specific amounts does not in and of itself warrant dismissal of the Subsequent Transfer claims, its failure to provide even a modicum of specificity with respect to the Subsequent Transfers so as to put the Defendants on notice as to which ones the Trustee seeks to recover does so warrant.

<u>Id</u>. (internal citations omitted; emphasis added).

Similarly, and for the same reasons identified by this Court in the Omnibus Decision, this Court should dismiss the Trustee's claims against Goldman, Sohn, and the Fisher Defendants.  The Amended Complaint does not identify any dates or amounts of any alleged Subsequent Transfers, let alone any details about how the transfers to Goldman, Sohn, or the Fisher Defendants purportedly occurred. (Am. Compl. ¶¶ 3, 104-109.).  <u>See also</u> <u>Picard v. Madoff</u>, 458 B.R. at 119 (dismissing Trustee's complaint to the extent it "merely allege[d] that '[o]n information and belief, some or all of the transfers were subsequently transferred by one or more [of the Defendants] to another Family Defendant, either directly or indirectly' without providing any sort of estimate of the amount of the purported Subsequent Transfer, or when or how such Transfer occurred").  And because the Trustee has not proceeded to amend his pleading as the Court invited him to do in the July 16, 2015 Order, the Court should now dismiss the action against these Defendants altogether.

The Amended Complaint does not link any specific Defendant to any specific alleged initial or subsequent transfer(s).  Moreover, in cases where fraud is asserted, the failure to

6

distinguish among defendants—which the Trustee has not attempted to do in the Amended Complaint—requires dismissal.  See Securities Investor Protection Corp. v. Stratton Oakmont, Inc., 234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999) ("[W]here a case involves multiple defendants, F.R.C.P. 9(b) requires that the complaint allege facts specifying each defendant's contribution to the fraud, identifying which defendant is responsible for which act") (citing See Ellison v. American Image Motor Co., Inc., 36 F. Supp. 2d 628 (S.D.N.Y. 1999).  The allegations pertaining to the Subsequent Transferee Defendants are conclusory, bald assertions that lack "any sort of estimate of the amount of the purported [s]ubsequent [t]ransfer, or when or how such [t]ransfer occurred." Madoff, 458 B.R. at 119.  Absent the necessary specific details, the Trustee's subsequent transferee claims are legally insufficient.  See Gowan v. Amaranth LLC (In re Dreier LLP), 452 B.R. 451, 464 (Bankr. S.D.N.Y. 2011) ("[T]he complaint [must] contain the '**necessary vital statistics** -- the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds.").  The details missing here are critical because a subsequent transferee will only be liable for the property of the estate that it wrongfully received. Picard v. Cohmad Sec. Corp., 454 B.R. 317, 340 (Bankr. S.D.N.Y. 2011).

To the extent that the Trustee has alleged that the Subsequent Transferee Defendants should be deemed *initial* transferees on the ground that the funds transferred from BLMIS were for the benefit of the Subsequent Transferee Defendants (Am. Compl., ¶ 3), this Court has already rejected the Trustee's theory, holding that defendants "are either transferees or persons for whose benefit the transfers were made; they can't be both.  Futhermore, they are either subsequent transferees or initial transferees." (Omnibus Decision at 53).  Here,

7

Goldman, Sohn, and the Fisher Defendants are by definition Subsequent Transferee Defendants. Therefore, the reasoning of the Omnibus Decision mandates that they be dismissed from this action.

## CONCLUSION

For the reasons stated herein, Goldman, Sohn, and the Fisher Defendants respectfully request that the Court enter an order dismissing the Amended Complaint as against these Defendants, with prejudice, and grant such other and further relief as may be just and proper.

Dated: New York, New York
       October 9, 2015

**MINTZ & GOLD LLP**

/s/ Terence W. McCormick
Steven G. Mintz
Terence W. McCormick
600 Third Avenue
25th Floor
New York, N.Y. 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
mintz@mintzandgold.com
mccormick@mintzandgold.com
*Attorneys for Defendants*
*Neal M. Goldman, Linda Sohn*
*and the Fisher Defendants*

8