# EXHIBIT 1

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 08-01789-smb

4   - - - - - - - - - - - - - - - - - - - - - - - - - x

5   SECURITIES INVESTMENT PROTECTION CORPORATION,

6          Plaintiff,

7   v.

8   BERNARD L. MADOFF INVESTMENT SECURITIES,

9   LLC, ET AL.,

10          Defendants.

11  - - - - - - - - - - - - - - - - - - - - - - - - - x

12  Adv. Case No. 10-04311-smb

13  In the Matter of:

14  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF

15  BERNAND L. MADOFF,

16          Plaintiff,

17  v.

18  ANDREW COHEN, ET AL.,

19          Defendants,

20  - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22

23

24

25

Page 2

1          United States Bankruptcy Court

2          One Bowling Green

3          New York, New York

4

5          September 30, 2015

6          10:06 a.m.

7

8

9   B E F O R E :

10  HON STUART M. BERNSTEIN

11  U.S. BANKRUPTCY JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    Conference regarding certain parties' request to intervene

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sherri L. Breach

Page 4

1    A P P E A R A N C E S :

2    BAKERHOSTETLER

3         Attorneys for Trustee, Irving Picard

4         45 Rockefeller Plaza

5         New York, New York 10111

6

7    BY:  NICHOLAS J. CREMONA, ESQ.

8         KEITH R. MURPHY, ESQ.

9

10   PRYOR CASHMAN, LLP

11        Attorneys for Defendants

12        7 Times Square

13        New York, New York 10036

14

15   BY:  RICHARD LEVY, JR., ESQ.

16

17   SECURITIES INVESTOR PROTECTION CORPORATION

18        Attorneys for SiPC

19        1667 K. Street N.W, Suite 1000

20        Washington, D.C. 20006

21

22   BY:  KEVIN H. BELL, ESQ.

23

24

25

Page 5

1   LOEB & LOEB, LLP

2        Attorneys for various defendants

3        345 Park Avenue

4        New York, New York 10154

5

6   BY:  P. GREGORY SCHWED, ESQ.

7

8   BAKER & MCKENZIE, LLP

9        Attorneys for Defendants

10       815 Connecticut Avenue, N.W.

11       Washington, D.C. 20006

12

13  BY:  RICHARD A. KIRBY, ESQ.

14

15  LEWIS MCKENNA

16       Attorneys for Andrew Cohen

17       82 East Allendale Road, Suite 6

18       Saddle River, New Jersey 07458

19

20  BY:  PAUL LEWIS, ESQ.

21

22

23

24

25

Page 6

```
1              P R O C E E D I N G S

2              THE COURT:  Please be seated.

3              Madoff.

4              MR. SCHWED:  Good morning, Your Honor.  Greg

5    Schwed of Loeb & Loeb representing various defendants in the

6    adversary proceeding brought by the trustee.

7              We're here under the litigation procedures order

8    on a preliminary conference with respect to our request to

9    move to -- for a very limited intervention in a -- in the

10   pending adversary against Mr. Andrew Cohen.  I say limited

11   because we're not seeking to intervene with respect to any

12   of the trial proceedings or Mr. Cohen's attorney's

13   presentation of facts unique to his case.

14             We feel our hand has been forced because, for

15   reasons known to the trustee and his counsel, it appears as

16   if Mr. Cohen's case is going to be the first case on which

17   final judgments will be entered on two critical issues for

18   our clients.  And the issues involve hundreds of millions of

19   dollars of potential swing.

20             The Cohen case itself is a very small case in the

21   scheme of --

22             THE COURT:  Not to Mr. Cohen.

23             MR. SCHWED:  Not to Mr. Cohen, but, again, he is

24   an individual client and the exigencies of representing an

25   individual in a case like this are very taxing.  And Mr.
```

Page 7

1   Cohen's attorneys are here and they can explain the kind of

2   pressure that's on to resolve this type of case.

3           One of the factors under a Rule 24 intervention is

4   whether the interests are adequately represented by the

5   existing defendant.  And this is in no way impugning Mr.

6   Cohen's counsel who are excellent, but, again, these are

7   complex issues.  They are both ones where many different

8   questions can be raised about them.  And when it goes up to

9   the -- both to the District Court and to the Circuit Court

10  -- so essentially two levels of potential appeal -- it's

11  really not fair either to Mr. Cohen's counsel or to us to

12  expect Mr. Cohen and his counsel to raise and fully amplify

13  and discuss all these issues.

14          But --

15          THE COURT:  What issues do you want to intervene

16  on?

17          MR. SCHWED:  Sure.  One issue is the value issue.

18  And --

19          THE COURT:  That's been -- that's been decided in

20  three different cases.

21          MR. SCHWED:  Your Honor, quite under -- I

22  understand that.  And our client was involved in Judge --

23  the Judge Rakoff decision.  So -- and quite thoroughly and

24  with a very thoughtful opinion, as was Your Honor's.  We

25  weren't involved in the June 2nd or the proceedings that led

Page 8

1    to Your Honor's June 2nd opinion.  There's no question that

2    that issue has been decided.

3            THE COURT:  So what is there to intervene on?

4            MR. SCHWED:  The -- it's really to preserve our

5    rights in the Second Circuit where ultimately this issue, we

6    would be hoping to get the Second Circuit to take a fresh

7    look at it.  And that would be --

8            THE COURT:  I understand that.  But why can't you

9    raise that in your own cases?

10           MR. SCHWED:  Well, we could.

11           THE COURT:  You think I'm going to decide value

12   for a fourth time now?

13           MR. SCHWED:  No, Your Honor.  I mean, for -- as

14   far as we're concerned if Your Honor simply said denied on

15   the basis of the June 2nd opinion and Judge Rakoff's prior

16   opinion, that would be fine.

17           THE COURT:  But how does that help you?

18           MR. SCHWED:  It --

19           THE COURT:  You're going to appeal a judgment in

20   Mr. Cohen's case?

21           MR. SCHWED:  If we're allowed to intervene we

22   would be a party who is entitled to have that issue decided

23   by the Second Circuit.

24           You see, Your Honor, I think it's a very pragmatic

25   issue.

Page 9

1          THE COURT:  I understand the importance of the

2     issue, but I'm certainly not going to decide it a fourth

3     time in the context of Mr. Cohen's case.  I assume it's been

4     raised in your own cases, and when, as and if your cases are

5     tried and you lose, you can raise that issue.

6          MR. SCHWED:  But, Your Honor, I think the -- what

7     we're looking at is we're trying to look at this

8     realistically and I think that's what Rule 24 really

9     requires, which is as a practical matter what will happen if

10    this pure issue of law -- and that's the way it was framed

11    and decided by Judge Rakoff and I believe Your Honor --

12          THE COURT:  Did anybody seek interlocutory leave

13    to appeal Judge Rakoff's decisions to the --

14          MR. SCHWED:  We did --

15          THE COURT:  -- Second Circuit?

16          MR. SCHWED:  -- seek, Your Honor --

17          THE COURT:  And what happened?

18          MR. SCHWED:  -- if he denies interlocutory appeal.

19    So what our concern is, it's a very practical one.  If this

20    goes up to the Second Circuit and it's -- and Mr. Lewis, Mr.

21    Cohen's counsel, has said he certainly plans to appeal it.

22    Unless we have --

23          THE COURT:  Well, he hasn't lost yet.

24          MR. SCHWED:  Pardon.

25          THE COURT:  He hasn't lost yet.

Page 10

1          MR. SCHWED:  He has not lost yet, but, again,

2     we're trying to speak, you know, realistically here.

3     Assuming he does lose on the issue and he goes up on appeal,

4     we won't have a seat at the table there.  The trustee has

5     been able to select this case and pick off and over -- I

6     won't say overmatch because Mr. Cohen's counsel are

7     excellent.  But a case where the stakes are very minimal,

8     relatively speaking, and now instead of embracing the chance

9     to have a fair fight with our group of five law firms who

10    have a lot at stake, the trustee is trying to stiff arm us

11    and make it an unfair fight.

12          And there's case law, by the way, that -- in the

13    Rule 24 context which says that that's just inappropriate

14    from the Seventh Circuit saying that -- I can even read you

15    an excerpt from it.  It's -- this is from Security Insurance

16    Company versus Shipawright (ph), a Seventh Circuit case from

17    1995.  The Court said the insurance company opposed

18    LaSalle's petition to intervene because it wanted a quick,

19    unopposed adjudication.  It wanted to play the Washington

20    Generals and get out of town with a quick win.  The District

21    Court wisely allowed a more worthy opponent to get into and

22    onto the Court.  The Washington Generals were the Harlem

23    Globetrotters traditional patsy opponents.

24          Again, this is not to say that that's the case

25    with Mr. Cohen's counsel, but they're obviously in -- not in

1   a position to throw the types of resources --

2            THE COURT:  Can I ask a question?

3            MR. SCHWED:  Yes.

4            THE COURT:  Suppose that trial was scheduled in

5   Bayou (ph) --

6            MR. SCHWED:  In --

7            THE COURT:  -- in Bayou Ponzi Scheme case --

8            MR. SCHWED:  Yes.

9            THE COURT:  -- and the same issue arose, would you

10  have the right to intervene in that case?

11           MR. SCHWED:  Well, it's possible.  I mean, the

12  standards under 24 -- and we can go through those.  I mean,

13  I'm -- we're prepared to file the motion.  But I'm certainly

14  happy to just go through the standards.

15           Basically, under 24(a)(2), which would be our

16  primary desire, intervention of right --

17           THE COURT:  You're arguing that you have an

18  intervention as a matter of right?

19           MR. SCHWED:  Both, Your Honor, both intervention

20  of right and permissive.  I'm happy to go through it.

21           THE COURT:  What statute gives you the right to

22  (indiscernible)?

23           MR. SCHWED:  I'm sorry.

24           THE COURT:  What's the basis of your intervention

25  as a matter of right?

Page 12

1          MR. SCHWED:  Okay.  Let's start with the rule,

2     which reads, "On timely motion the Court must permit anyone

3     to intervene who claims an interest relating to the property

4     or transaction that's the subject of the action."

5          Well, that language was changed in the 1966

6     amendments to the rules to make it quite broad.  And the --

7     both the secondary treatises and the Second Circuit itself

8     have said that's -- if you have an interest, and those

9     interests can be environmental interests.  I mean, there's

10    just all kinds of questions as to whether a party actually

11    has Article 3 standing to intervene, and yet in public

12    interest cases that's construed broadly.

13          Here, it's just a flat out monetary interest.  We

14    have hundreds of millions of dollars potentially riding on

15    the resolution of these two issues.

16          THE COURT:  But you have your -- I come back to

17    this.  You have your own cases in which you can raise these

18    arguments if you lose.  So why do you have to intervene in

19    this case other than to get a faster track to the Second

20    Circuit?

21          MR. SCHWED:  Because I think as a practical matter

22    if this goes to the Second Circuit -- and let's just say for

23    the sake of argument we could have made a difference had we

24    been there, and the Second Circuit --

25          THE COURT:  That's a big assumption.

1          MR. SCHWED:  Pardon?

2          THE COURT:  That's a big assumption.

3          MR. SCHWED:  It's a huge assumption.  We're not so

4    arrogant as to say that's --

5          THE COURT:  I'll hear from Cohen's counsel as to

6    why he can't adequately represent his client's interests on

7    this.  But go ahead.

8          MR. SCHWED:  All a fair point.  But on that

9    assumption if it's decided as it was by Judge Rakoff as a

10   matter of law, then it will apply to us as a matter of stare

11   decisis.  And we mentioned -- in other words, it will really

12   be game over, you know.  In the real world there won't -- it

13   won't matter that we didn't have a seat at the table in the

14   Second Circuit because the trustee would be able to say with

15   complete justification, well, you know, here it is.  Here

16   are the facts.  Value, just as Judge Rakoff --

17         THE COURT:  But that's stare decisis.  If you

18   raise the same arguments that Mr. Cohen raises and Mr. Cohen

19   lost on those arguments, why should you have another shot at

20   that?

21         MR. SCHWED:  Well, the point --

22         THE COURT:  You said you could do a better job

23   (indiscernible) arguments and that's the basis for

24   intervention?

25         MR. SCHWED:  Your Honor, that's -- the case law

Page 14

1    supports that.  That's one of the criteria under --

2              THE COURT:  Okay.  How do I --

3              MR. SCHWED:  -- Rule --

4              THE COURT:  -- determine whether the existing

5    parties -- and maybe this goes to the merits of the motion,

6    but I'm curious how I determine whether the existing parties

7    adequately represent your interests on the question that

8    you've identified?

9              MR. SCHWED:  Well, I can -- I think I can help a

10   little bit.  I mean, there's case law -- again, we'll cite

11   this if we're permitted to file a brief.  The Glancey (ph)

12   versus Toutman (ph) case, 373 F.3d 656 from the Sixth

13   Circuit in 2004.  The Court ruled that an existing party did

14   not adequately represent the absentee, the proposed

15   intervener, because, among other things, the existing party

16   would have a similar interest in fighting to invalidate it,

17   but the intense -- "the intense (indiscernible) interests

18   differs from the absentee because the absentee controls 500

19   times more shares."

20             THE COURT:  So it's just a numbers game?

21             MR. SCHWED:  No.  It's really -- again, it's a

22   practical consideration.  And the word practical is used in

23   the statute that -- let's assume that it was a $50,000 case

24   for Mr. Cohen instead and he really -- Mr. Cohen had said,

25   I've already spent $10,000 defending this.  I really -- I

Page 15

1   just don't want you guys to go up there and spend another

2   nickel on this whole crazy value and prejudgment interest

3   stuff.  I can't afford it.  I'm only being sued for $50,000.

4                THE COURT:  But it's a million dollar case and he

5   appears to be fighting it.

6                MR. SCHWED:  Here's -- Your Honor, that's --

7   you're right.  And that's -- but one of the criteria is

8   indeed adequacy of representation and there is case law also

9   from the First Circuit is to show that inadequate

10  representation is that his interests are sufficiently

11  different "in kind or degree from those of the named

12  parties."

13               So, again, we're sort of at a loss to understand

14  why the trustee doesn't want a fair fight on this.  This

15  issue --

16               THE COURT:  You know, you keep saying that, but it

17  is a fair fight.  The trustee brought a case and Mr. Cohen

18  has defended it strenuously.  So why isn't that a fair

19  fight?

20               MR. SCHWED:  Well, for one thing, in this case we

21  have a pattern of having consolidated briefing on issues

22  that affect all --

23               THE COURT:  So why wasn't this raised in the

24  consolidated briefing?  Well, actually, the antecedent debt

25  issue was raised several times, but let me move on to the

Page 16

1    interest issue.

2            MR. SCHWED:  Sure.

3            THE COURT:  Why wasn't that raised in the

4    consolidated briefing?  And what is it that you want to

5    brief?

6            MR. SCHWED:  Well, Your Honor, I think our

7    position -- and we -- we don't believe this issue has been

8    decided yet in this case.  It's an important issue.  We

9    don't think there are meaningful differences among good

10   faith defendants.  And, by the way, Mr. Cohen --

11           THE COURT:  Are you going to argue that as a

12   matter of law the trustee cannot recover prejudgment

13   interest against a good faith defendant?

14           MR. SCHWED:  Your Honor, I don't actually --

15           THE COURT:  Or are you going to argue that under

16   the facts and circumstances of each particular case maybe he

17   can, maybe he can't?

18           MR. SCHWED:  Your Honor, I confess I have not

19   thoroughly looked at this issue.

20           THE COURT:  Well --

21           MR. SCHWED:  But I -- but in answer --

22           THE COURT:  Let me -- because if it's a facts and

23   circumstances issue, then it depends on the facts of each

24   particular case.

25           MR. SCHWED:  Well, but does it in the same -- if

Page 17

1    you have a good faith defendant, what are the meaningful

2    facts?  The meaningful facts are when the transfer occurred

3    and do you measure interest from the date of the transfer or

4    from the date that the complaint was filed, and what's the

5    interest rate.

6           Now we don't believe those facts are -- there may

7    be individual -- obviously, there are differences in facts

8    in terms of did one defendant get its payment in 2006 and

9    the other in 2008.  Those are distinctions without

10   differences.  They're not meaningful, we don't believe, for

11   the inquiry about prejudgment interest.

12          What is -- what is meaningful is, are these good

13   faith defendants, and all of our clients are good faith

14   defendants.  Mr. Cohen is a good faith defendant.  And then

15   essentially legal issues:  Do you measure interest from the

16   date of the transfer in setting with the good faith

17   defendant or from the date of the demand; is it appropriate

18   in this setting to ask for prejudgment interest at all from

19   a good faith defendant; and what interest rate do you use.

20   It's difficult for us to see what different criteria would

21   apply here.

22          I mean, you can say, yes.  These defendants are

23   different because they got their money in 2004 and you --

24   these other guys got their money in 2006.  But how does that

25   have any effect on the legal principles that drive whether

Page 18

1    or not to grant prejudgment interest.  We don't see it.  And

2    certainly the trustee hasn't raised any point to that

3    effect.

4              And, in fact, the only case we cite in letter that

5    I sent to -- that our group sent to the Court was the Oneida

6    Nations case, a Second Circuit case from 1984.  There were

7    only two issues that we cited that case for and the trustee

8    doesn't address either one of them.  The first was that the

9    stare decisis effect of an appellate case is by itself

10   sufficient grounds for intervention of right.  That's --

11             THE COURT:  But this case I'm just going to report

12   and recommend.  It's not going to have any stare decisis

13   effect.  Objections can be filed in the District Court and

14   which they novo review.  So there's no stare decisis effect.

15             MR. SCHWED:  But if we don't at least preserve our

16   rights to intervene at the Bankruptcy Court level, there's a

17   good chance that at the District Court level, let alone the

18   Second Circuit level they'll say, sorry, you have to have

19   preserved your rights at all level or you -- levels or you

20   waive it.

21             THE COURT:  So if I deny your motion, haven't you

22   preserved your right?  Then you can seek to -- for leave to

23   intervene when, as and if there are objections and responses

24   to it, proposed findings of fact and conclusions of law.

25             MR. SCHWED:  Well, Your Honor, we would prefer

Page 19

```
1    that we have the right to intervene.  We think that's the

2    right ruling under the circumstances.

3              THE COURT:  All right.  Let me hear from --

4              MR. SCHWED:  Certainly.

5              MR. CREMONA:  Your Honor, if I may --

6              THE COURT:  Wait.  Let me hear everybody from this

7    side.

8              MR. CREMONA:  Well, Your Honor, if I may, that was

9    a lot of ground covered.  I would like to rebut some of

10   those points before everyone gets an opportunity to speak if

11   --

12             THE COURT:  Well --

13             MR. CREMONA:  -- Your Honor --

14             THE COURT:  Well, then you're going to be up and

15   down.  Let me hear --

16             MR. CREMONA:  I --

17             THE COURT:  -- if anybody has anything to add.

18             MR. KIRBY:  Go ahead.  You -- please.  You're

19   counsel.

20             MR. LEWIS:  Yes, Your Honor.  I am counsel for

21   Andrew Cohen.  And we join in this request for intervention.

22             THE COURT:  All right.  Tell me why you can't

23   adequately represent the interests of your client, I guess,

24   and everybody else on --

25             MR. LEWIS:  I don't --
```

Page 20

1          THE COURT:  -- this (indiscernible).

2          MR. LEWIS:  I don't think -- I think this whole

3    thing is a tactical attempt on the part of the trustee.  My

4    client --

5          THE COURT:  It sounds like a tactical attempt to

6    get to the Second Circuit on the first case by everybody

7    else.  That's what it sounds like.

8          MR. LEWIS:  So we're going to be the test case.

9          My client, okay --

10         THE COURT:  Well, some -- I told you when you --

11   the first time you came here, somebody's got to be first.

12         MR. LEWIS:  Someone's going to be first.

13         THE COURT:  Right.

14         MR. LEWIS:  Someone has to be first in all the

15   other issues, Your Honor.  Okay.  But on all --

16         THE COURT:  Well, a lot of those --

17         MR. LEWIS:  -- the other issues like --

18         THE COURT:  -- a lot of those issues --

19         MR. LEWIS:  -- the two-year issue --

20         THE COURT:  A lot of those issues have been

21   decided.  I'm not going to --

22         MR. LEWIS:  Yes.  They have been decided, but

23   they've been decided by collective consolidated briefs as

24   Your Honor has indicated.  This way --

25         THE COURT:  Okay.  But --

Page 21

1           MR. LEWIS:  -- this way, Your Honor, we are going

2      to be the only person, okay, the only party.  We're going to

3      go up to the -- we're going to go up to Judge Rakoff.  Judge

4      Rakoff is going to give us a decision on the value and then

5      we go to the Second Circuit --

6           THE COURT:  You got the -- you got his decision on

7      value.

8           MR. LEWIS:  Fine.  But we have -- but we have to

9      wind our way through the Court.

10          THE COURT:  I understand all that.  But tell me

11     why you can't adequately represent everybody's interest on

12     the --

13          MR. LEWIS:  We --

14          THE COURT:  -- question of whether or not

15     fictitious profits are --

16          MR. LEWIS:  We've been representing --

17          THE COURT:  Will you let me finish?

18          MR. LEWIS:  I'm sorry, Your Honor.  I'm sorry,

19     Your Honor.

20          THE COURT:  Tell me why you can't adequately

21     represent the interests of everybody on the question of

22     whether the payment of fictitious profits are supported by

23     consideration, antecedent debt or otherwise.

24          MR. LEWIS:  Okay.  Let me explain.  We've been

25     representing Andrew Cohen since the case began.  Okay.  We

Page 22

1    have been -- we have charged him approximately $25,000 in

2    five years of litigation.  Okay.  We are now looking at

3    proceedings that are probably going to be in the hundreds of

4    thousands of dollars.  We don't -- he doesn't have the

5    capacity to do that.  Not only have we tried to --

6                (Phone rings)

7                MR. LEWIS:  I'm sorry, Your Honor.

8                Not only do we not have the capacity, he hasn't

9    even paid that money.

10               And these people -- these people from the trustee,

11   they understand that.  We went through this mediation.  They

12   know the condition he is in.  Yes, he has some money, but he

13   worked for it.  He worked for Madoff.  He worked on the

14   trading desk.  He's a good faith defendant.  He left the

15   company back in 2002.  He wanted to go into a different

16   lifestyle.  He really was not working in any kind of money-

17   making occupation.  All he is right now is an adjunct

18   professor on a part-time basis in a university down in

19   Virginia.

20               He doesn't have the wherewithal and we don't have

21   the wherewithal to spend a quarter of a million dollars or

22   something in that range from here on in all the way up to

23   the Second Circuit.  I don't think it's fair to us.  I don't

24   think it's fair to Mr. Schweb's client or the other 20

25   clients that are listed or the other hundreds of clients

Page 23

1    that are involved because when we go up to the Second

2    Circuit, these issues are going to be stare decisis with

3    these people.  And that's --

4                THE COURT:  Well, it will be more than that

5    depending on how the Second Circuit decides it.

6                MR. LEWIS:  It will be worth -- well --

7                THE COURT:  Because that's stare decisis to the

8    Second Circuit.  The Second Circuit is reviewing the

9    decision of the District Court.

10               MR. LEWIS:  They're -- yes.  They're reviewing the

11   decision and what they -- and the holding of Judge Rakoff is

12   going to be what's at issue.

13               (Phone ringing)

14               MR. LEWIS:  I'm sorry, Your Honor.

15               THE COURT:  Would you turn off your phone, please?

16               MR. LEWIS:  Yes.  I certainly will.  I don't even

17   know why it's on.

18               THE COURT:  Go ahead.

19               MR. LEWIS:  All right.  So I -- I -- these issues

20   are going to be -- the issue that we're going to be

21   deciding, that's going to be decided for us, is going to be

22   decided by the Second Circuit.  We're the first one.  Okay.

23   Do you think the Second Circuit is going to make different

24   decisions for different people on the question of antecedent

25   debts or value or taxes or any of these --

Page 24

1           THE COURT:  Probably --

2           MR. LEWIS:  -- offsets?

3           THE COURT:  Probably not on the legal issues.

4           MR. LEWIS:  Why not?  The legal issue is whether

5    this -- it's only principal is value or whether there are

6    other offsets under state law that are in question here.

7    And we're entitled to make those things.

8           So what am I -- what am I going to do during the

9    trial?  We're going to offer proof.  They're going to deny

10   it.  I understand, Your Honor.  We're going to go up to

11   Judge Rakoff.  He may go through the same proceeding.  I

12   don't know exactly what kind of proceeding he's going to

13   have.  And then I'm going to go to the Second Circuit.  And

14   I don't know how long we can go on with this case.  I mean,

15   but we will.  We now will because we'll do it for them as

16   well as for ourselves.

17          THE COURT:  Well, are they going to pay you to do

18   it?

19          MR. LEWIS:  Will they what?

20          THE COURT:  Are they going to pay you to do it?

21   What's going to --

22          MR. LEWIS:  No.  No one has --

23          THE COURT:  -- (indiscernible) --

24          MR. LEWIS:  No one has said they're going to pay

25   me anything.

Page 25

1          THE COURT:  All right.

2          MR. LEWIS:  In fact, it may work the other way.

3    But --

4          THE COURT:  Your clients are going to pay them?

5          MR. LEWIS:  Maybe.  I don't know.  But we -- it's

6    ridiculous that these people cannot intervene when all the

7    other issues, all the other issues have been decided and

8    argued on a collective basis allowing the group of

9    defendants in this case to have a common voice.  There are

10   common issues in this.

11         THE COURT:  But they want to intervene at least on

12   the antecedent debt issue on which they've already been

13   heard.  So what's -- what would the purpose be of their

14   intervening on the antecedent debt issue other than to have

15   an immediate right to appeal, if that's the case from an

16   adverse judgment by the District Court because I can't enter

17   a final judgment --

18         MR. LEWIS:  They'll --

19         THE COURT:  -- in this.

20         MR. LEWIS:  They'll be able to participate at --

21   in the proceedings before Judge Rakoff which may be fairly

22   limited.  I understand that.  But the -- Judge Rakoff,

23   actually, he said he -- there were several issues that he

24   didn't even address because he hadn't withdrawn the

25   reference.  So those issues may -- may come up before Judge

1    Rakoff depending on how he feels about that.

2              I understand that the overwhelming argument is

3    that this is SIPA.  This isn't bankruptcy.  This is SIPA.

4    So we -- we take principal and that's the only offset you

5    can get.  That's not the only offset for people who've --

6    who are the victims of fraud in New York State.  And we are

7    the victims of fraud.  And my client is the victim of fraud.

8    And my client doesn't have the money because (indiscernible)

9    what he had is gone.  His pension fund, he worked for this

10   company.  This was his pension fund.  This is the only money

11   he was going to have.

12             THE COURT:  All right.  Thank you.

13             Mr. Kirby.

14             MR. KIRBY:  Thank you, Your Honor.  Richard Kirby

15   from now Baker & McKenzie.  Thank you, Your Honor.

16             There are two issues that I would like to

17   emphasize here.  The group is seeking to intervene on a

18   common legal issue, which is a point that we raised back in

19   February of 2014.  And what we said to Your Honor at that

20   time, and you may recall the hearing that was -- I think it

21   was on Valentine's Day of 2014, that we raised the issue

22   because it was important to the group that we be heard on

23   common issues.

24             At that time the trustee agreed that on common

25   legal issues they should be heard.  We're seeking a right to

Page 27

1   inter -- to file a motion to intervene, both -- and brief

2   the issue of our right to intervene both under intervention

3   of right as Mr. Schweb identified for the Court and under

4   24(b), permissive intervention because of a common legal

5   issue.

6           And the two common legal issues are the question

7   of value.  With all due respect, Your Honor, I think it

8   needs to be reconsidered in light of --

9           THE COURT:  I'm not going to reconsider it unless

10  you show me that there's a -- some authority that has since

11  been decided.

12          MR. KIRBY:  Okay.  Your Honor --

13          THE COURT:  But you don't have to argue that now.

14  I'm just --

15          MR. KIRBY:  I'm not going to argue the point now

16  --

17          THE COURT:  I'm just telling you -- let me just

18  stop you.  I just re-read my decision.

19          MR. KIRBY:  Right.

20          THE COURT:  I spent 16 pages talking about

21  antecedent debt and I'm just not going to reconsider that

22  unless something new has been decided that's highly

23  persuasive or mandatory authority.

24          MR. KIRBY:  Okay.

25          THE COURT:  So you've had your day in court on

Page 28

1    that.

2         MR. KIRBY:  All right.  With due respect then,

3    Your Honor, this case, as you said, is going to be on post-

4    findings of fact and conclusions of law.  We'll go to a

5    District Judge.  It will not be before Judge Rakoff and the

6    reason is, is because the trustee has taken the position

7    that on other issues in which Judge Rakoff has withdrawn the

8    reference, he was the judge of original jurisdiction and,

9    therefore, it's going to go to a different district Judge.

10   We want to be parties to that proceeding.  The first step in

11   that process is to seek leave to intervene here now so that

12   we have an opportunity to be heard before a different

13   district judge on an issue that is an issue of first

14   impression.

15        Now this is an issue of first impression in the

16   SIPA case.  And the issues are very different from issues --

17   case like Bayou and Dunell (ph), and the reason is, is

18   because these were customers that were broker/dealer,

19   conceded good faith customers of a broker/dealer.

20        And, therefore, we think that we should be

21   entitled to at least file that motion.  You should consider

22   it in due course.  We would do it on a timely basis so that

23   we can be heard if -- at the trial.  We're prepared to file

24   the -- that motion by the end of the week if the Court asks

25   for it on that kind of schedule so you will have an

1    opportunity to consider the motion.

2         THE COURT:  Now how many motions are going to be

3    filed, like how many briefs am I going to get on this issue?

4         MR. KIRBY:  There's going to be one consolidated

5    brief from our group that would --

6         THE COURT:  So I'm not going to get another 20 or

7    30 briefs like I got on the omnibus motion?

8         MR. KIRBY:  Your Honor, we reached out to all of

9    the members of the common defense group that we are aware of

10   and it will be a single brief on the question of -- on the

11   question of intervention, which is the first step in the

12   process because we think we're entitled to be a party before

13   the District Court on a common legal issue.  And we think --

14   and if the case -- and if we cannot persuade the District

15   Court to -- then we think that we're entitled to be heard

16   before the circuit as a party.

17        I just want to emphasize something on the issue of

18   interest, prejudgment interest which the Court raised a

19   question about.  That's not an issue that has been decided

20   in this case.  There are two, what I view fundamental legal

21   issues on that question, the question of interest rate, and

22   the timing.  Everything else is going to be a factual issue.

23   Okay.

24        But the interest rate, whether that interest rate

25   is, as the trustee claims, the New York State rate, we're

Page 30

1   seeking the federal post-judgment interest rate which is

2   what's -- you know, we think is the proper answer to that

3   question, and the timing as to whether it comes from the

4   date of the demand or some earlier prompt.  Those are issues

5   that are -- will be a first impression.  We also think it

6   would affect everybody and it's a common issue.

7           And so we go back to the issue -- go back to the

8   point that we raised back in February 2014.  We ask the

9   Court for an opportunity to be heard on common legal issues.

10          THE COURT:  All right.  Let me --

11          MR. KIRBY:  Thank you.

12          THE COURT:  Let me hear (indiscernible).

13          MR. LEVY:  I'm sorry, Your Honor.  I have one

14  point to add to Mr. Kirby's comments.  Richard Levy from

15  Pryor Cashman.

16          We've all been involved in cases in which there

17  has been numerous avoidance actions brought by a trustee.

18  I've been involved in plenty.  I'm sure Your Honor is aware

19  of plenty in which a common set of procedures is established

20  at the outset so that common issues will be handled on a

21  common basis in order --

22          THE COURT:  Which has been done in this case.

23          MR. LEVY:  It has not been done here, Your Honor.

24  It's been done on an ad hoc basis by motions to various

25  courts.  It hasn't been done before you.

Page 31

1        Back in 2010 when the trustee was before Judge

2    Lifland and establishing the litigation procedures order

3    before any of us was a party to this proceeding, there were

4    questions in the proceeding before Judge Lifland about

5    whether or not matters should proceed on a consolidated

6    basis.  I would like to read to you Mark Hirschfield, Mr.

7    Cremona's partner, his comment to Judge Lifland near the end

8    of the hearing because I think it's telling about the

9    trustee's position here.

10        "One thing is" -- and this was in the hearing that

11    was held on November 10th, 2010 at pages 50 and 51:

12        "One thing in terms of the coordination of

13    briefing and whatnot, there's nothing in these procedures

14    that prevents a group of defendants from getting together to

15    file a common motion or a common briefing on these issues.

16    And, in fact, we agree that might make sense.  We may use

17    that ourselves on certain issues with regard to summary

18    judgments.

19        "So these procedures don't preclude it.  And we

20    think if they want to do it that will be fine to file common

21    motions to dismiss or common summary judgment motions or

22    likeness."

23        That's exactly what we're asking --

24        THE COURT:  You're not seeking to file a motion to

25    dismiss or a summary judgment --

Page 32

1          MR. LEVY:  We are asking --

2          THE COURT:  -- you're asking to --

3          MR. LEVY:  -- to participate in --

4          THE COURT:  -- you're seeking to --

5          MR. LEVY:  -- dispositive proceedings, Your Honor.

6          THE COURT:  Let me finish.  You're seeking to

7  intervene in somebody else's trial that's about to go

8  forward.

9          MR. LEVY:  That's exactly right, Your Honor --

10         THE COURT:  It's different.

11         MR. LEVY:  -- on dispositive issues.  And, in

12  fact, Your Honor, we have different twists to the antecedent

13  debt issues that have been raised previously and will be

14  raised hopefully in the next proceedings.  We'll get into

15  those in the intervention motion.  But there are twists that

16  neither Your Honor nor any other court has yet ruled upon.

17  And we think it's appropriate that we have an opportunity

18  and that they be heard so that they can be addressed on a

19  consolidated basis.

20         THE COURT:  Why weren't they raised previously?

21         MR. LEVY:  Your Honor, nobody has addressed the

22  issue of whether or not an obligation owed by the debtor

23  that existed before 2002 that is beyond the reach of any

24  avoidance statute, how that obligation is treated in the

25  context of a defendant's defense that it constitutes value.

Page 33

1    Nobody has address that issue.  You haven't.  Judge Rakoff

2    didn't.  No other judge has.

3              THE COURT:  But does that issue arise in Mr.

4    Cohen's case?

5              MR. LEVY:  It will, Your Honor.

6              THE COURT:  I thought -- I thought that all of the

7    transfers occurred in 2007 or 2008.

8              MR. CREMONA:  If I may, Your Honor, there are no

9    obligations counts present in the complaint in the Andrew

10   Cohen case.  Those issues will not arise.  It's --

11             MR. LEVY:  If there was --

12             MR. CREMONA:  That's irrelevant to that

13   proceeding.

14             MR. LEVY:  If there was an account opened prior to

15   an avoidance period and it constitutes an obligation and

16   it's beyond the reach of an avoidance, what is its effect,

17   Your Honor?  That --

18             THE COURT:  What is --

19             MR. LEVY:  What is the effect, Your Honor, of that

20   obligation?  That is an issue that must be decided.

21             THE COURT:  I don't think I understand you right.

22             All right.  Let me hear from the trustee at this

23   point.

24             MR. CREMONA:  Thank you, Your Honor.  Nicholas

25   Cremona, BakerHostetler on behalf of the trustee.

Page 34

1          At the outset I would say thank you, Your Honor,

2    for accommodating us on such short notice.  A lot of ground

3    was covered so I would appreciate a little latitude in

4    responding.

5          One of the things that my colleague, Mr. Levy,

6    just raised is a transcript from the November 10, 2010

7    hearing.  I would like to give Your Honor a copy if you

8    would like because I think it's relevant to some of the

9    things that Mr. Levy just said, some of which are that this

10   was done on an ad hoc basis.  It was done, you know, without

11   participation of these folks and these guys weren't in the

12   case yet.

13         I think you can, just by perusing the transcript,

14   see that Greg Schwed and Loeb & Loeb were present.  SNR

15   Denton was present.  Milberg, LLP also present, here a

16   signatory to the letter was present at that hearing.

17         I also would point out to Your Honor that at

18   Docket Number 3109, Greg Schweb filed an objection to those

19   procedures.

20         Similarly at Docket 3112, a Ms. Nevel (ph) of SNR

21   Denton, also a signatory to this letter, objected to those

22   procedures.

23         And lastly at Docket Number 3113, Mr. Landers (ph)

24   of Milberg, LLP filed an objection to those procedures.  And

25   part of that objection, Mr. Landers and Milberg attached

Page 35

1    competing avoidance procedures.

2          So to say that this was done on an ad hoc basis

3    without the input of many parties is just untrue.  And Judge

4    Lifland, after careful consideration, entered that order and

5    those procedures, taking into account the various arguments

6    made by parties and tailored those procedures to reflect

7    those concerns.

8          So -- and I think we -- you know, to say that that

9    was entered lightly is just not true.  And the fact of the

10   matter is that was entered at a time when we had a thousand

11   avoidance actions and it was contemplated as a way to

12   administer those cases in a fashion that would work and,

13   frankly, Your Honor, it has worked.

14         And when I went back to look at the transcript

15   from the 2/14 hearing, as Mr. Kirby pointed out, at that

16   point in time we were discussing having 800 avoidance

17   actions.  As we stand here right now today we have 515 and

18   that's as a result of those very procedures that they now

19   seek to circumvent that are working quite well and have

20   allowed us to resolve over 300 cases --

21         THE COURT:  Well, they're not seeking to

22   circumvent the procedures.  They're just seeking leave to

23   intervene in the trial and that's the issue before me.

24         MR. CREMONA:  Well, Your Honor, respectfully --

25         THE COURT:  They're following procedure.  They're

1      --

2              MR. CREMONA:  Well, respectfully, though, the

3      procedure is that the cases should proceed on their own

4      track as Your Honor also said at 2/14, and that would mean

5      that each case should complete discovery, go to mediation,

6      have a failed mediation and then be scheduled for trial.

7              I would like to also address, which I took umbrage

8      with two statements by my colleagues that we've handpicked

9      this case.  That's just flat untrue, Your Honor.  The cases

10     have proceeded at a pace under the procedures.

11             Mr. Cohen, unlike my other colleagues, chose not

12     to file multiple motions and did not get three prior bites

13     at the apple.  His case proceeded as -- on parallel tracks.

14     He completed discovery before them.  They've delayed their

15     cases.  That's why they're not going first.  That's the

16     result of them participating in Rife (ph) in 2012 and that's

17     Milberg, Pryor Cashman and Denton.

18             All of those cases, as Your Honor noted in your

19     good faith opinion on June 2 -- as you said you talked

20     extensively -- are bound by the law of the case on

21     antecedent debt.  But yet they want a fourth bite at the

22     apple now today.

23             So all of those parties participated in -- on

24     multiple funds again in the antecedent debt matter and then

25     again in the omnibus proceeding before you.

Page 37

1    I think it's also important to focus on, I took a

2    look at the 57 cases that they're seeking to join to this

3    proceeding.  They are at various procedural postures, 26 of

4    which were party to your omnibus proceeding, just answered

5    either in August or September; 20 of them don't even have a

6    case management order on file.  They're not in discovery.

7    Now this brings us back to our conversation that

8    we had on 2/14/14 when --

9    THE COURT:  Valentine's Day.

10   MR. CREMONA:  -- Your Honor said -- what's that?

11   THE COURT:  Valentine's Day.

12   MR. CREMONA:  Exactly.  When Your Honor said this

13   case simply can't proceed at the pace of the slowest case.

14   That is precisely what your -- I would assume you were

15   concerned about.  We're here 18 months later and we have

16   cases that are in the (indiscernible) stages trying to

17   dictate the pace of the case that's been trial ready since

18   March.

19   THE COURT:  Well, they're not going to intervene

20   in the trial of the case.

21   MR. CREMONA:  But -- sorry.

22   THE COURT:  So -- and that's -- and that I

23   wouldn't allow.  They just want to intervene and essentially

24   what -- it probably would be post-trial briefing depending

25   on the outcome on limited issues.

Page 38

1          MR. CREMONA:  Just to touch on that, Your Honor, I

2    think, as Your Honor already noted, we're not revisiting

3    antecedent debt so that eliminates the one issue --

4          THE COURT:  But Mr. Levy thinks we are.

5          MR. CREMONA:  Well, as Your Honor pointed out, I

6    think he's had three opportunities to raise these unique

7    twists that he eludes to that no one else knows about and

8    hasn't done so at this point.  I would argue they're waived.

9          And I would argue if he wants to raise them, then

10   he has to put forth 57 different factual scenarios that

11   would demonstrate why the antecedent debt law of the case

12   doesn't apply.  And if he wants to do that, that would cause

13   an inordinate amount of prejudice and delay to the trustee

14   and the net loser victims, and I don't think he can do it in

15   the manner he's saying by one consolidated brief.

16         And that brings me to -- Your Honor, to the

17   prejudgment interest issue which I would like to focus on

18   something that Your Honor said.  It is a -- I mean, as Your

19   Honor noted in the Telegin (ph) case, it is a factual

20   determine -- it's based -- whether a prejudgment interest is

21   appropriate in a case is based on the facts and

22   circumstances of that particular case.

23         My understanding is that Your Honor would

24   consider, among other things, whether that defendant was

25   unjustly enriched and whether it -- a future factor would be

Page 39

1    whether it would promote settlement.

2          Now those facts and circumstances as to Mr. Cohen

3    and what he did with the transfers from BLMIS and whether he

4    invested that and made $2 million that we don't know about

5    would be relevant to that determination in that particular

6    case.  And unless these folks want to put forth 57 other

7    scenarios --

8          THE COURT:  Well --

9          MR. CREMONA:  -- then how can we --

10         THE COURT:  No.  I wouldn't allow that.  But as I

11   understand it, they want to intervene and argue that as a

12   matter of law, for example, you must -- you can only collect

13   the federal judgment rate, not the New York State interest

14   rate, which would apply to all cases regardless of the

15   outputs.

16         MR. CREMONA:  I understand that point, Your Honor.

17   I think the -- there's another problem with that.

18         THE COURT:  Let me ask you a question.  Are you

19   going to seek -- do you care about interest in this case?

20         MR. CREMONA:  My -- you just took the point from

21   me, Your Honor, is I think it's completely premature.  We

22   haven't discussed whether we would brief that, whether it's

23   -- if it is relevant and if we get to that point.  But we're

24   not there yet.  So I think that also belies their request

25   which is premature.

Page 40

1          And if I could, Your Honor, I would just also

2     touch upon the fact -- well, I also want to focus on one

3     other transcript that -- where we had the same discussion

4     with Mr. Kirby and Your Honor on 4/9 when they last tried to

5     intervene on the discreet issue of SIPA 78fff(2)(c)(3).  And

6     Your Honor said to Mr. Kirby, "Issues will arise at every

7     turn."  I have a copy of that transcript and I'm happy to

8     furnish it to the parties.  "Issues will arise at every

9     turn.  Where does it stop?"

10          So here we are, you know, a year and a half later

11     and where does it stop, Your Honor?  I mean, there always

12     are going to be issues that have to be decided and unless

13     you are precluded from deciding an issue until the last

14     defendant is heard on that issue, these cases can't move

15     forward.

16          And, again, I'm back to allowing them to proceed

17     at -- the way they have under the procedures that are in

18     place has resulted in a tremendous amount of progress and

19     allowed us to make significant recoveries for the net loser

20     victims.  And to -- to turn that litigation procedures on --

21     order on its head now would do tremendous damage to that and

22     severe prejudice to those victims, which I think is a factor

23     that Your Honor should consider in -- under permissive

24     intervention under 7824.

25          So, again, I think one of the factors that was --

Page 41

1   one of the things we did not hear and Your Honor asked and I

2   still did not hear how their interests are not adequately

3   protected or preserved by Mr. Cohen's counsel.  And, in

4   fact, I think Mr. Lewis even admitted they're going to take

5   this all the way to the Second Circuit.  So why aren't they

6   adequately protected and preserved.  Unless they're going to

7   raise something that's entirely different factually that

8   would require a factual record, then they are adequately

9   protected.

10          And if they're not and if what they want to do is,

11   in fact, do that, then we will be severely prejudiced

12   because even as Your Honor knows, we may get one brief that

13   deals with 57 different cases, but from your experience with

14   the omnibus proceeding, that delayed matters extensively in

15   terms of having to deal with 230 motions as opposed to what

16   we started out with, 45.

17          And back to what Mr. Kirby said on 2/14, what we

18   talked about there on a consolidated briefing actually did

19   happen.  That happened in your omnibus good faith proceeding

20   to wrap things up once and for all.  But yet again that

21   wasn't good enough.  The ruling isn't what they want, so

22   they want to reconsider the issue yet again.  And I would

23   submit to Your Honor we can't have a fourth reconsideration

24   of antecedent debt.

25          THE COURT:  My sense is, at least from Mr. Schweb

Page 42

1   said, not necessarily what Mr. Levy said, that they're not

2   really looking for reconsideration so much as a fast track

3   to the Second Circuit.

4           MR. CREMONA:  Again, Your Honor --

5           THE COURT:  The question is whether that is an

6   appropriate reason to intervene.

7           MR. CREMONA:  Is that not a procedurally improper

8   mechanism as you noted.  Again, if there's any gamesmanship

9   going on it seems that to try to make that happen as opposed

10  to letting these cases proceed at pace.

11          Another factor that they didn't address is they're

12  not prejudiced in any way whereas we would be tremendously

13  prejudiced.  They, as you said, have had their day in court

14  on antecedent debt.  They will have their day in court in

15  their various adversary proceedings on prejudgment interest

16  and they can say why it is or isn't appropriate in that

17  particular case to the extent we aren't able to resolve

18  those cases through the procedures that are in place,

19  through an effective mediation or otherwise.  And I would

20  submit that those procedures should made -- be maintained.

21          And just -- I mean, in closing, Your Honor, I

22  think there are -- if I could just look at my notes because

23  there was a lot of ground covered.

24      (Pause)

25          MR. CREMONA:  You know, and there was a fairness

Page 43

1    issue raised, Your Honor.  You know, I would again say

2    what's not fair here is to prevent further delay and allow

3    -- and preventing us to allow a return to net loser victims.

4    That's where the prejudice lies.

5         In closing, I would just say that as I mentioned

6    the litigation procedures orders were -- order was entered

7    after careful consideration by this Court.  It has resulted

8    in tremendous progress in moving this case forward.  I think

9    to allow these defendants to circumvent or to change the

10   nature of it is to allow them to supplant the judgment of

11   this Court --

12        THE COURT:  But they're not changing the nature of

13   it.  They're just looking to in -- for leave to intervene.

14        MR. CREMONA:  Well, they're skipping all the

15   processes that are embedded in the order.  They're saying,

16   we don't think we should go through discovery.  We don't

17   think we should go through mediation.  We think we should

18   fast track the case to the Second Circuit.

19        THE COURT:  Well, they still have to try the facts

20   of their cases.

21        All right.  I got it.

22        MR. CREMONA:  Thank you, Your Honor.

23        THE COURT:  Let me hear from Mr. Bell.

24        MR. BELL:  Your Honor, Kevin Bell for the

25   Securities Investor Protection Corporation.  In the words of

Page 44

1   Lawrence Peter Berra (ph), déjà vu all over again, you know,

2   Valentine's Day 2014, back in September, October and

3   November 2010, at the appellate argument before Judge

4   Englemeier (ph) 13 days ago.  When will it stop?

5        We have one case that's ready for trial.  You

6   asked if we go back to that transcript on Valentine's Day

7   2014.  You asked the question of Mr. Cremona, when will it

8   end.  You know, we're going to go to the lowest common

9   denominator.  We have 57 cases.  I'm glad Mr. Schweb put a

10  dollar to them.  The trustee has 514 good faith cases where

11  he's seeking about $1.15 billion.  To money you have said in

12  the Merkin (ph) decision essentially strict liability.

13  We've had antecedent debt three or four times decided.

14       Clearly, this is $1.15 billion that the trustee

15  doesn't have to give to those poor folks who didn't get

16  their money back.  This is all fictitious profits these

17  folks have.  People didn't get their principal.  Today is

18  day 2,486 in the Madoff saga and it's 2,486 days that these

19  folks do not have the fictitious profits that the clients of

20  these lawyers have.  There are 57 cases.  Some of them

21  haven't even moved to a case management order.

22       Your Honor, SiPC supports the trustee's position.

23       THE COURT:  All right.  Thank you.

24       I've heard enough.

25       Look, you can make your motion.  I think you're

Page 45

1    going to be hard-pressed to convince me that you have any

2    further right to be heard, at least in this Court on the

3    antecedent debt issue.  I don't know what you have in mind,

4    Mr. Levy.  If you have something to say, I'll hear it

5    obviously.

6              MR. LEVY:  Thank you, Your Honor.

7              THE COURT:  And I don't think that Rule 24 is

8    intended to give you a fast track to the Second Circuit

9    where you have your own case and can litigate your own

10   issues.

11             I'm not going to enter a final judgment in this

12   case.  I'm just going to make recommendations to the

13   District Court unless Mr. Cohen changes his mind and

14   consents to the entry of the final judgment.

15             But, you know, you can make your motion.  I'm not

16   going to permit anybody to ask any questions or intervene in

17   a trial proceeding.  This is really a post-trial issue.

18             Another point that nobody raised, which you should

19   bear in mind, is if an issue doesn't arise in the Cohen

20   case, or Mr. Cohen for some reason decides to wait either

21   expressly or implicitly by not raising it, I'm not going to

22   hear other parties on that issue.  It's not going to be

23   decided.  So bear that in mind.

24             And maybe particularly on the interest issue it

25   makes sense to see what issues the trustee does raise.  The

Page 46

1   trustee may decide, you know what, the interest doesn't

2   matter in this case.  They're telling me the guy doesn't

3   have a million dollars anyway, so it doesn't make a

4   difference if I get a judgment for a million dollars or two

5   million dollars or three million dollars.  So I'm not going

6   to decide that issue if that's the track the trustee takes.

7          But go ahead and make your motion.  As I say, it

8   doesn't have to be decided before the trial anyway because

9   the trial is going to go forward unless the case is settled.

10         MR. CREMONA:  Your Honor, we just wanted to

11  understand the timing because we're obviously under

12  compressed timing.

13         THE COURT:  It's not going to effect the trial.

14  At most it will affect post-trial proceedings, and I really

15  have to know what the issues that are raised and are going

16  to be decided in the trial before I even consider what they

17  can intervene in.

18         MR. CREMONA:  I fully understand that, Your Honor.

19  I don't necessarily think that it's right, but I'm just

20  thinking how do we deal with that effectively while we're on

21  trial or preparing for trial.

22         THE COURT:  Well, you try your case.

23         MR. CREMONA:  And then we'll just -- we'll deal

24  with this entirely post-trial?

25         THE COURT:  Yeah.  You try your case and Mr. Cohen

Page 47

1    may win, in which case all of this is academic, or Mr.

2    Cohen, as I said, may decide to waive issues in which case I

3    won't hear particular issues.  You may decide not to press

4    certain issues.  And I -- as I said, I have a serious

5    question about whether Rule 24 is -- which is obviously

6    designed at least in the case of the antecedent debt issue

7    to get a fast track to the Second Circuit is an appropriate

8    use of Rule 24 because once the issues have been decided,

9    they've been decided and there's no need to intervene on

10   those particular issues.

11              MR. CREMONA:  Understood.  Thank you, Your Honor.

12              THE COURT:  Okay.  Thank you.

13        (Chorus of thank you)

14        (Whereupon, proceedings concluded at 10:53 a.m.)

15

16

17

18

19

20

21

22

23

24

25

Page 48

1                    C E R T I F I C A T I O N

2

3    I, Sherri L. Breach, certify that the foregoing transcript

4    is a true and accurate record of the proceedings.

5

6    Sherri L               Digitally signed by Sherri L Breach
                            DN: cn=Sherri L Breach, o, ou,
                            email=digital1@veritext.com, c=US
     Breach                 Date: 2015.10.01 12:20:03 -04'00'
7

8    Sherri L. Breach

9    AAERT Certified Electronic Reporter & Transcriber CERT*D-397

10

11

12   Date:   September 30, 2015

13

14

15

16

17

18

19

20

21

22   Veritext Legal Solutions

23   330 Old Country Road

24   Suite 300

25   Mineola, NY 11501

| & | | | |
|---|---|---|---|
| **&** 5:1,8 6:5 26:15 34:14 48:9 | **2015** 2:5 48:12 **230** 41:15 **24** 7:3 9:8 10:13 11:12,15 27:4 45:7 47:5,8 | **a** | **allowing** 25:8 40:16 **amendments** 12:6 **amount** 38:13 40:18 **amplify** 7:12 |

| 0 |
|---|
| **07458** 5:18 **08-01789** 1:3 |

**2015** 2:5 48:12
**230** 41:15
**24** 7:3 9:8 10:13
  11:12,15 27:4 45:7
  47:5,8
**25,000** 22:1
**26** 37:3
**2nd** 7:25 8:1,15

| 1 |
|---|
| **1.15** 44:11,14 **10** 34:6 **10,000** 14:25 **10-04311** 1:12 **1000** 4:19 **10036** 4:13 **10111** 4:5 **10154** 5:4 **10:06** 2:6 **10:53** 47:14 **10th** 31:11 **11501** 48:25 **13** 44:4 **16** 27:20 **1667** 4:19 **18** 37:15 **1966** 12:5 **1984** 18:6 **1995** 10:17 |

| 3 |
|---|
| **3** 12:11 40:5 **30** 2:5 29:7 48:12 **300** 35:20 48:24 **3109** 34:18 **3112** 34:20 **3113** 34:23 **330** 48:23 **345** 5:3 **373** 14:12 **397** 48:9 |

| 4 |
|---|
| **4/9** 40:4 **45** 4:4 41:16 |

| 5 |
|---|
| **50** 31:11 **50,000** 14:23 15:3 **500** 14:18 **51** 31:11 **514** 44:10 **515** 35:17 **57** 37:2 38:10 39:6 41:13 44:9,20 |

| 6 |
|---|
| **6** 5:17 **656** 14:12 |

| 7 |
|---|
| **7** 4:12 **7824** 40:24 **78fff** 40:5 |

| 8 |
|---|
| **800** 35:16 **815** 5:10 **82** 5:17 |

| 2 |
|---|
| **2** 11:15 36:19 39:4 40:5 **2,486** 44:18,18 **2/14** 35:15 36:4 41:17 **2/14/14** 37:8 **20** 22:24 29:6 37:5 **20006** 4:20 5:11 **2002** 22:15 32:23 **2004** 14:13 17:23 **2006** 17:8,24 **2007** 33:7 **2008** 17:9 33:7 **2010** 31:1,11 34:6 44:3 **2012** 36:16 **2014** 26:19,21 30:8 44:2,7 |

**a**

**a.m.** 2:6 47:14
**aaert** 48:9
**able** 10:5 13:14
  25:20 42:17
**absentee** 14:14,18
  14:18
**academic** 47:1
**accommodating**
  34:2
**account** 33:14 35:5
**accurate** 48:4
**action** 12:4
**actions** 30:17 35:11
  35:17
**ad** 30:24 34:10 35:2
**add** 19:17 30:14
**address** 18:8 25:24
  33:1 36:7 42:11
**addressed** 32:18,21
**adequacy** 15:8
**adequately** 7:4 13:6
  14:7,14 19:23 21:11
  21:20 41:2,6,8
**adjudication** 10:19
**adjunct** 22:17
**administer** 35:12
**admitted** 41:4
**adv** 1:12
**adversary** 6:6,10
  42:15
**adverse** 25:16
**affect** 15:22 30:6
  46:14
**afford** 15:3
**ago** 44:4
**agree** 31:16
**agreed** 26:24
**ahead** 13:7 19:18
  23:18 46:7
**al** 1:9,18
**allendale** 5:17
**allow** 37:23 39:10
  43:2,3,9,10
**allowed** 8:21 10:21
  35:20 40:19

**allowing** 25:8 40:16
**amendments** 12:6
**amount** 38:13 40:18
**amplify** 7:12
**andrew** 1:18 5:11
  6:10 19:21 21:25
  33:9
**answer** 16:21 30:2
**answered** 37:4
**antecedent** 15:24
  21:23 23:24 25:12
  25:14 27:21 32:12
  36:21,24 38:3,11
  41:24 42:14 44:13
  45:3 47:6
**anybody** 9:12 19:17
  45:16
**anyway** 46:3,8
**appeal** 7:10 8:19
  9:13,18,21 10:3
  25:15
**appears** 6:15 15:5
**appellate** 18:9 44:3
**apple** 36:13,22
**apply** 13:10 17:21
  38:12 39:14
**appreciate** 34:3
**appropriate** 17:17
  32:17 38:21 42:6,16
  47:7
**approximately** 22:1
**argue** 16:11,15
  27:13,15 38:8,9
  39:11
**argued** 25:8
**arguing** 11:17
**argument** 12:23
  26:2 44:3
**arguments** 12:18
  13:18,19,23 35:5
**arm** 10:10
**arose** 11:9
**arrogant** 13:4
**article** 12:11
**asked** 41:1 44:6,7
**asking** 31:23 32:1,2

[asks - concerned]                                                    Page 2

**asks** 28:24
**assume** 9:3 14:23
    37:14
**assuming** 10:3
**assumption** 12:25
    13:2,3,9
**attached** 34:25
**attempt** 20:3,5
**attorney's** 6:12
**attorneys** 4:3,11,18
    5:2,9,16 7:1
**august** 37:5
**authority** 27:10,23
**avenue** 5:3,10
**avoidance** 30:17
    32:24 33:15,16 35:1
    35:11,16
**aware** 29:9 30:18

**b**

**b** 2:9 27:4
**back** 12:16 22:15
    26:18 30:7,7,8 31:1
    35:14 37:7 40:16
    41:17 44:2,6,16
**baker** 5:8 26:15
**bakerhostetler** 4:2
    33:25
**bankruptcy** 1:1 2:1
    2:11 18:16 26:3
**based** 38:20,21
**basically** 11:15
**basis** 8:15 11:24
    13:23 22:18 25:8
    28:22 30:21,24 31:6
    32:19 34:10 35:2
**bayou** 11:5,7 28:17
**bear** 45:19,23
**began** 21:25
**behalf** 33:25
**belies** 39:24
**believe** 9:11 16:7
    17:6,10
**bell** 4:22 43:23,24
    43:24
**bernand** 1:15
**bernard** 1:8

**bernstein** 2:10
**berra** 44:1
**better** 13:22
**beyond** 22:23 33:16
**big** 12:25 13:2
**billion** 44:11,14
**bit** 14:10
**bite** 36:21
**bites** 36:12
**blmis** 39:3
**bound** 36:20
**bowling** 2:2
**breach** 3:25 48:3,8
**brief** 14:11 16:5
    27:1 29:5,10 38:15
    39:22 41:12
**briefing** 15:21,24
    16:4 31:13,15 37:24
    41:18
**briefs** 20:23 29:3,7
**brings** 37:7 38:16
**broad** 12:6
**broadly** 12:12
**broker** 28:18,19
**brought** 6:6 15:17
    30:17

**c**

**c** 4:1 6:1 40:5 48:1,1
**capacity** 22:5,8
**care** 39:19
**careful** 35:4 43:7
**case** 1:3,12 6:13,16
    6:16,20,20,25 7:2
    8:20 9:3 10:5,7,12
    10:16,24 11:7,10
    12:19 13:25 14:10
    14:12,23 15:4,8,17
    15:20 16:8,16,24
    18:4,6,6,7,9,11 20:6
    20:8 21:25 24:14
    25:9,15 28:3,16,17
    29:14,20 30:22 33:4
    33:10 34:12 36:5,9
    36:13,20 37:6,13,13
    37:17,20 38:11,19
    38:21,22 39:6,19
    42:17 43:8,18 44:5

44:21 45:9,12,20
    46:2,9,22,25 47:1,2
    47:6
**cases** 7:20 8:9 9:4,4
    12:12,17 30:16
    35:12,20 36:3,9,15
    36:18 37:2,16 39:14
    40:14 41:13 42:10
    42:18 43:20 44:9,10
    44:20
**cashman** 4:10 30:15
    36:17
**cause** 38:12
**cert** 48:9
**certain** 3:1 31:17
    47:4
**certainly** 9:2,21
    11:13 18:2 19:4
    23:16
**certified** 48:9
**certify** 48:3
**chance** 10:8 18:17
**change** 43:9
**changed** 12:5
**changes** 45:13
**changing** 43:12
**charged** 22:1
**chorus** 47:13
**chose** 36:11
**circuit** 7:9 8:5,6,23
    9:15,20 10:14,16
    12:7,20,22,24 13:14
    14:13 15:9 18:6,18
    20:6 21:5 22:23
    23:2,5,8,8,22,23
    24:13 29:16 41:5
    42:3 43:18 45:8
    47:7
**circumstances**
    16:16,23 19:2 38:22
    39:2
**circumvent** 35:19
    35:22 43:9
**cite** 14:10 18:4
**cited** 18:7
**claims** 12:3 29:25

**clearly** 44:14
**client** 6:24 7:22
    19:23 20:4,9 22:24
    26:7,8
**client's** 13:6
**clients** 6:18 17:13
    22:25,25 25:4 44:19
**closing** 42:21 43:5
**cohen** 1:18 5:16
    6:10,20,22,23 7:12
    13:18,18 14:24,24
    15:17 16:10 17:14
    19:21 21:25 33:10
    36:11 39:2 45:13,19
    45:20 46:25 47:2
**cohen's** 6:12,16 7:1
    7:6,11 8:20 9:3,21
    10:6,25 13:5 33:4
    41:3
**colleague** 34:5
**colleagues** 36:8,11
**collect** 39:12
**collective** 20:23
    25:8
**come** 12:16 25:25
**comes** 30:3
**comment** 31:7
**comments** 30:14
**common** 25:9,10
    26:18,23,24 27:4,6
    29:9,13 30:6,9,19
    30:20,21 31:15,15
    31:20,21 44:8
**company** 10:16,17
    22:15 26:10
**competing** 35:1
**complaint** 17:4 33:9
**complete** 13:15
    36:5
**completed** 36:14
**completely** 39:21
**complex** 7:7
**compressed** 46:12
**conceded** 28:19
**concern** 9:19
**concerned** 8:14
    37:15

[concerns - dunell]

**concerns** 35:7
**concluded** 47:14
**conclusions** 18:24
  28:4
**condition** 22:12
**conference** 3:1 6:8
**confess** 16:18
**connecticut** 5:10
**consents** 45:14
**consider** 28:21 29:1
  38:24 40:23 46:16
**consideration** 14:22
  21:23 35:4 43:7
**consolidated** 15:21
  15:24 16:4 20:23
  29:4 31:5 32:19
  38:15 41:18
**constitutes** 32:25
  33:15
**construed** 12:12
**contemplated** 35:11
**context** 9:3 10:13
  32:25
**controls** 14:18
**conversation** 37:7
**convince** 45:1
**coordination** 31:12
**copy** 34:7 40:7
**corporation** 1:5
  4:17 43:25
**counsel** 6:15 7:6,11
  7:12 9:21 10:6,25
  13:5 19:19,20 41:3
**country** 48:23
**counts** 33:9
**course** 28:22
**court** 1:1 2:1 6:2,22
  7:9,9,15,19 8:3,8,11
  8:17,19 9:1,12,15
  9:17,23,25 10:17,21
  10:22 11:2,4,7,9,17
  11:21,24 12:2,16,25
  13:2,5,17,22 14:2,4
  14:13,20 15:4,16,23
  16:3,11,15,20,22
  18:5,11,13,16,17,21
  19:3,6,12,14,17,22

20:1,5,10,13,16,18
  20:20,25 21:6,9,10
  21:14,17,20 23:4,7
  23:9,15,18 24:1,3
  24:17,20,23 25:1,4
  25:11,16,19 26:12
  27:3,9,13,17,20,25
  27:25 28:24 29:2,6
  29:13,15,18 30:9,10
  30:12,22 31:24 32:2
  32:4,6,10,16,20
  33:3,6,18,21 35:21
  35:25 37:9,11,19,22
  38:4 39:8,10,18
  41:25 42:5,13,14
  43:7,11,12,19,23
  44:23 45:2,7,13
  46:13,22,25 47:12
**courts** 30:25
**covered** 19:9 34:3
  42:23
**crazy** 15:2
**cremona** 4:7 19:5,8
  19:13,16 33:8,12,24
  33:25 35:24 36:2
  37:10,12,21 38:1,5
  39:9,16,20 42:4,7
  42:25 43:14,22 44:7
  46:10,18,23 47:11
**cremona's** 31:7
**criteria** 14:1 15:7
  17:20
**critical** 6:17
**curious** 14:6
**customers** 28:18,19

**d**

**d** 6:1 48:9
**d.c.** 4:20 5:11
**damage** 40:21
**date** 17:3,4,16,17
  30:4 48:12
**day** 26:21 27:25
  37:9,11 42:13,14
  44:2,6,18
**days** 44:4,18
**deal** 41:15 46:20,23

**dealer** 28:18,19
**deals** 41:13
**debt** 15:24 21:23
  25:12,14 27:21
  32:13 36:21,24 38:3
  38:11 41:24 42:14
  44:13 45:3 47:6
**debtor** 32:22
**debts** 23:25
**decide** 8:11 9:2 46:1
  46:6 47:2,3
**decided** 7:19 8:2,22
  9:11 13:9 16:8
  20:21,22,23 23:21
  23:22 25:7 27:11,22
  29:19 33:20 40:12
  44:13 45:23 46:8,16
  47:8,9
**decides** 23:5 45:20
**deciding** 23:21
  40:13
**decision** 7:23 21:4,6
  23:9,11 27:18 44:12
**decisions** 9:13
  23:24
**decis** 13:11,17
  18:9,12,14 23:2,7
**defendant** 7:5 16:13
  17:1,8,14,17,19
  22:14 38:24 40:14
**defendant's** 32:25
**defendants** 1:10,19
  4:11 5:2,9 6:5
  16:10 17:13,14,22
  25:9 31:14 43:9
**defended** 15:18
**defending** 14:25
**defense** 29:9 32:25
**degree** 15:11
**delay** 38:13 43:2
**delayed** 36:14 41:14
**demand** 17:17 30:4
**demonstrate** 38:11
**denied** 8:14
**denies** 9:18
**denominator** 44:9

**denton** 34:15,21
  36:17
**deny** 18:21 24:9
**depending** 23:5
  26:1 37:24
**depends** 16:23
**designed** 47:6
**desire** 11:16
**desk** 22:14
**determination** 39:5
**determine** 14:4,6
  38:20
**dictate** 37:17
**difference** 12:23
  46:4
**differences** 16:9
  17:7,10
**different** 7:7,20
  15:11 17:20,23
  22:15 23:23,24 28:9
  28:12,16 32:10,12
  38:10 41:7,13
**differs** 14:18
**difficult** 17:20
**discovery** 36:5,14
  37:6 43:16
**discreet** 40:5
**discuss** 7:13
**discussed** 39:22
**discussing** 35:16
**discussion** 40:3
**dismiss** 31:21,25
**dispositive** 32:5,11
**distinctions** 17:9
**district** 1:2 7:9
  10:20 18:13,17 23:9
  25:16 28:5,9,13
  29:13,14 45:13
**docket** 34:18,20,23
**doesn't** 18:8
**dollar** 15:4 44:10
**dollars** 6:19 12:14
  22:4,21 46:3,4,5,5
**drive** 17:25
**due** 27:7 28:2,22
**dunell** 28:17

[déjà - ground]

**déjà** 44:1

**e**

e  2:9,9 4:1,1 6:1,1
  48:1
**earlier**  30:4
**east**  5:17
**effect**  17:25 18:3,9
  18:13,14 33:16,19
  46:13
**effective**  42:19
**effectively**  46:20
**either**  7:11 18:8
  37:5 45:20
**electronic**  48:9
**eliminates**  38:3
**else's**  32:7
**eludes**  38:7
**embedded**  43:15
**embracing**  10:8
**emphasize**  26:17
  29:17
**englemeier**  44:4
**enriched**  38:25
**enter**  25:16 45:11
**entered**  6:17 35:4,9
  35:10 43:6
**entirely**  41:7 46:24
**entitled**  8:22 24:7
  28:21 29:12,15
**entry**  45:14
**environmental**  12:9
**esq**  4:7,8,15,22 5:6
  5:13,20
**essentially**  7:10
  17:15 37:23 44:12
**established**  30:19
**establishing**  31:2
**et**  1:9,18
**everybody**  19:6,24
  20:6 21:21 30:6
**everybody's**  21:11
**exactly**  24:12 31:23
  32:9 37:12
**example**  39:12
**excellent**  7:6 10:7
**excerpt**  10:15

**exigencies**  6:24
**existed**  32:23
**existing**  7:5 14:4,6
  14:13,15
**expect**  7:12
**experience**  41:13
**explain**  7:1 21:24
**expressly**  45:21
**extensively**  36:20
  41:14
**extent**  42:17

**f**

f  2:9 48:1
**f.3d**  14:12
**fact**  18:4,24 25:2
  28:4 31:16 32:12
  35:9 40:2 41:4,11
**factor**  38:25 40:22
  42:11
**factors**  7:3 40:25
**facts**  6:13 13:16
  16:16,22,23 17:2,2
  17:6,7 38:21 39:2
  43:19
**factual**  29:22 38:10
  38:19 41:8
**factually**  41:7
**failed**  36:6
**fair**  7:11 10:9 13:8
  15:14,17,18 22:23
  22:24 43:2
**fairly**  25:21
**fairness**  42:25
**faith**  16:10,13 17:1
  17:13,13,14,16,19
  22:14 28:19 36:19
  41:19 44:10
**far**  8:14
**fashion**  35:12
**fast**  42:2 43:18 45:8
  47:7
**faster**  12:19
**february**  26:19 30:8
**federal**  30:1 39:13
**feel**  6:14
**feels**  26:1

**fictitious**  21:15,22
  44:16,19
**fight**  10:9,11 15:14
  15:17,19
**fighting**  14:16 15:5
**file**  11:13 14:11
  27:1 28:21,23 31:15
  31:20,24 36:12 37:6
**filed**  17:4 18:13
  29:3 34:18,24
**final**  6:17 25:17
  45:11,14
**findings**  18:24 28:4
**fine**  8:16 21:8 31:20
**finish**  21:17 32:6
**firms**  10:9
**first**  6:16 15:9 18:8
  20:6,11,11,12,14
  23:22 28:10,13,15
  29:11 30:5 36:15
**five**  10:9 22:2
**flat**  12:13 36:9
**focus**  37:1 38:17
  40:2
**folks**  34:11 39:6
  44:15,17,19
**following**  35:25
**forced**  6:14
**foregoing**  48:3
**forth**  38:10 39:6
**forward**  32:8 40:15
  43:8 46:9
**four**  44:13
**fourth**  8:12 9:2
  36:21 41:23
**framed**  9:10
**frankly**  35:13
**fraud**  26:6,7,7
**fresh**  8:6
**fully**  7:12 46:18
**fund**  26:9,10
**fundamental**  29:20
**funds**  36:24
**furnish**  40:8
**further**  43:2 45:2
**future**  38:25

**g**

g  6:1
**game**  13:12 14:20
**gamesmanship**  42:8
**generals**  10:20,22
**getting**  31:14
**give**  21:4 34:7 44:15
  45:8
**gives**  11:21
**glad**  44:9
**glancey**  14:11
**globetrotters**  10:23
**go**  11:12,14,20 13:7
  15:1 19:18 21:3,3,5
  22:15 23:1,18 24:10
  24:11,13,14 28:4,9
  30:7,7 32:7 36:5
  43:16,17 44:6,8
  46:7,9
**goes**  7:8 9:20 10:3
  12:22 14:5
**going**  6:16 8:11,19
  9:2 16:11,15 18:11
  18:12 19:14 20:8,12
  20:21 21:1,2,3,4
  22:3 23:2,12,20,20
  23:21,21,23 24:8,9
  24:9,10,12,13,17,20
  24:21,24 25:4 26:11
  27:9,15,21 28:3,9
  29:2,3,4,6,22 36:15
  37:19 39:19 40:12
  41:4,6 42:9 44:8
  45:1,11,12,16,21,22
  46:5,9,13,15
**good**  6:4 16:9,13
  17:1,12,13,14,16,19
  18:17 22:14 28:19
  36:19 41:19,21
  44:10
**grant**  18:1
**green**  2:2
**greg**  6:4 34:14,18
**gregory**  5:6
**ground**  19:9 34:2
  42:23

**[grounds - kevin]**

grounds 18:10
group 10:9 18:5
  25:8 26:17,22 29:5
  29:9 31:14
guess 19:23
guy 46:2
guys 15:1 17:24
  34:11

**h**

h 1:14 4:22
half 40:10
hand 6:14
handled 30:20
handpicked 36:8
happen 9:9 41:19
  42:9
happened 9:17
  41:19
happy 11:14,20
  40:7
hard 45:1
harlem 10:22
head 40:21
hear 13:5 19:3,6,15
  30:12 33:22 41:1,2
  43:23 45:4,22 47:3
heard 25:13 26:22
  26:25 28:12,23
  29:15 30:9 32:18
  40:14 44:24 45:2
hearing 26:20 31:8
  31:10 34:7,16 35:15
held 31:11
help 8:17 14:9
highly 27:22
hirschfield 31:6
hoc 30:24 34:10
  35:2
holding 23:11
hon 2:10
honor 6:4 7:21 8:13
  8:14,24 9:6,11,16
  11:19 13:25 15:6
  16:6,14,18 18:25
  19:5,8,13,20 20:15
  20:24 21:1,18,19
  22:7 23:14 24:10

26:14,15,19 27:7,12
  28:3 29:8 30:13,18
  30:23 32:5,9,12,16
  32:21 33:5,8,17,19
  33:24 34:1,7,17
  35:13,24 36:4,9,18
  37:10,12 38:1,2,5
  38:16,18,19,23
  39:16,21 40:1,4,6
  40:11,23 41:1,12,23
  42:4,21 43:1,22,24
  44:22 45:6 46:10,18
  47:11
honor's 7:24 8:1
hopefully 32:14
hoping 8:6
huge 13:3
hundreds 6:18
  12:14 22:3,25

**i**

identified 14:8 27:3
immediate 25:15
implicitly 45:21
importance 9:1
important 16:8
  26:22 37:1
impression 28:14
  28:15 30:5
improper 42:7
impugning 7:5
inadequate 15:9
inappropriate
  10:13
indicated 20:24
indiscernible 11:22
  13:23 14:17 20:1
  24:23 26:8 30:12
  37:16
individual 6:24,25
  17:7
inordinate 38:13
input 35:3
inquiry 17:11
insurance 10:15,17
intended 45:8
intense 14:17,17

inter 27:1
interest 12:3,8,12
  12:13 14:16 15:2
  16:1,13 17:3,5,11
  17:15,18,19 18:1
  21:11 29:18,18,21
  29:24,24 30:1 38:17
  38:20 39:13,19
  42:15 45:24 46:1
interests 7:4 12:9,9
  13:6 14:7,17 15:10
  19:23 21:21 41:2
interlocutory 9:12
  9:18
intervene 3:1 6:11
  7:15 8:3,21 10:18
  11:10 12:3,11,18
  18:16,23 19:1 25:6
  25:11 26:17 27:1,2
  28:11 32:7 35:23
  37:19,23 39:11 40:5
  42:6 43:13 45:16
  46:17 47:9
intervener 14:15
intervening 25:14
intervention 6:9 7:3
  11:16,18,19,24
  13:24 18:10 19:21
  27:2,4 29:11 32:15
  40:24
invalidate 14:16
invested 39:4
investment 1:5,8
investor 4:17 43:25
involve 6:18
involved 7:22,25
  23:1 30:16,18
irrelevant 33:12
irving 1:14 4:3
issue 7:17,17 8:2,5
  8:22,25 9:2,5,10
  10:3 11:9 15:15,25
  16:1,7,8,19,23
  20:19 23:12,20 24:4
  25:12,14 26:18,21
  27:2,5 28:13,13,15
  29:3,13,17,19,22

30:6,7 32:22 33:1,3
  33:20 35:23 38:3,17
  40:5,13,14 41:22
  43:1 45:3,17,19,22
  45:24 46:6 47:6
issues 6:17,18 7:7
  7:13,15 12:15 15:21
  17:15 18:7 20:15,17
  20:18,20 23:2,19
  24:3 25:7,7,10,23
  25:25 26:16,23,25
  27:6 28:7,16,16
  29:21 30:4,9,20
  31:15,17 32:11,13
  33:10 37:25 40:6,8
  40:12 45:10,25
  46:15 47:2,3,4,8,10

**j**

j 4:7
jersey 5:18
job 13:22
join 19:21 37:2
jr 4:15
judge 2:11 7:22,23
  8:15 9:11,13 13:9
  13:16 21:3,3 23:11
  24:11 25:21,22,25
  28:5,5,7,8,9,13 31:1
  31:4,7 33:1,2 35:3
  44:3
judgment 8:19
  25:16,17 30:1 31:21
  31:25 39:13 43:10
  45:11,14 46:4
judgments 6:17
  31:18
june 7:25 8:1,15
  36:19
jurisdiction 28:8
justification 13:15

**k**

k 4:19
keep 15:16
keith 4:8
kevin 4:22 43:24

[kind - number]

**kind** 7:1 15:11 22:16 24:12 28:25
**kinds** 12:10
**kirby** 5:13 19:18 26:13,14,14 27:12 27:15,19,24 28:2 29:4,8 30:11 35:15 40:4,6 41:17
**kirby's** 30:14
**know** 10:2 13:12,15 15:16 22:12 23:17 24:12,14 25:5 30:2 34:10 35:8 39:4 40:10 42:25 43:1 44:1,8 45:3,15 46:1 46:15
**known** 6:15
**knows** 38:7 41:12

**l**

**l** 1:8,15 3:25 48:3,8
**landers** 34:23,25
**language** 12:5
**lasalle's** 10:18
**lastly** 34:23
**latitude** 34:3
**law** 9:10 10:9,12 13:10,25 14:10 15:8 16:12 18:24 24:6 28:4 36:20 38:11 39:12
**lawrence** 44:1
**lawyers** 44:20
**leave** 9:12 18:22 28:11 35:22 43:13
**led** 7:25
**left** 22:14
**legal** 17:15,25 24:3 24:4 26:18,25 27:4 27:6 29:13,20 30:9 48:22
**letter** 18:4 34:16,21
**letting** 42:10
**level** 18:16,17,18,19
**levels** 7:10 18:19
**levy** 4:15 30:13,14 30:23 32:1,3,5,9,11 32:21 33:5,11,14,19

34:5,9 38:4 42:1 45:4,6
**lewis** 5:15,20 9:20 19:20,25 20:2,8,12 20:14,17,19,22 21:1 21:8,13,16,18,24 22:7 23:6,10,14,16 23:19 24:2,4,19,22 24:24 25:2,5,18,20 41:4
**liability** 44:12
**lies** 43:4
**lifestyle** 22:16
**lifland** 31:2,4,7 35:4
**light** 27:8
**lightly** 35:9
**likeness** 31:22
**limited** 6:9,10 25:22 37:25
**liquidation** 1:14
**listed** 22:25
**litigate** 45:9
**litigation** 6:7 22:2 31:2 40:20 43:6
**little** 14:10 34:3
**llc** 1:9
**llp** 4:10 5:1,8 34:15 34:24
**loeb** 5:1,1 6:5,5 34:14,14
**long** 24:14
**look** 8:7 9:7 35:14 37:2 42:22 44:25
**looked** 16:19
**looking** 9:7 22:2 42:2 43:13
**lose** 9:5 10:3 12:18
**loser** 38:14 40:19 43:3
**loss** 15:13
**lost** 9:23,25 10:1 13:19
**lot** 10:10 19:9 20:16 20:18,20 34:2 42:23
**lowest** 44:8

**m**

**m** 2:10
**madoff** 1:8,15 6:3 22:13 44:18
**maintained** 42:20
**making** 22:17
**management** 37:6 44:21
**mandatory** 27:23
**manner** 38:15
**march** 37:18
**mark** 31:6
**matter** 1:13 9:9 11:18,25 12:21 13:10,10,13 16:12 35:10 36:24 39:12 46:2
**matters** 31:5 41:14
**mckenna** 5:15
**mckenzie** 5:8 26:15
**mean** 8:13 11:11,12 12:9 14:10 17:22 24:14 36:4 38:18 40:11 42:21
**meaningful** 16:9 17:1,2,10,12
**measure** 17:3,15
**mechanism** 42:8
**mediation** 22:11 36:5,6 42:19 43:17
**members** 29:9
**mentioned** 13:11 43:5
**merits** 14:5
**merkin** 44:12
**milberg** 34:15,24,25 36:17
**million** 15:4 22:21 39:4 46:3,4,5,5
**millions** 6:18 12:14
**mind** 45:3,13,19,23
**mineola** 48:25
**minimal** 10:7
**monetary** 12:13
**money** 17:23,24 22:9,12,16 26:8,10 44:11,16

**months** 37:15
**morning** 6:4
**motion** 11:13 12:2 14:5 18:21 27:1 28:21,24 29:1,7 31:15,24 32:15 44:25 45:15 46:7
**motions** 29:2 30:24 31:21,21 36:12 41:15
**move** 6:9 15:25 40:14
**moved** 44:21
**moving** 43:8
**multiple** 36:12,24
**murphy** 4:8

**n**

**n** 4:1 6:1 48:1
**n.w** 4:19
**n.w.** 5:10
**named** 15:11
**nations** 18:6
**nature** 43:10,12
**near** 31:7
**necessarily** 42:1 46:19
**need** 47:9
**needs** 27:8
**neither** 32:16
**net** 38:14 40:19 43:3
**nevel** 34:20
**new** 1:2 2:3,3 4:5,5 4:13,13 5:4,4,18 26:6 27:22 29:25 39:13
**nicholas** 4:7 33:24
**nickel** 15:2
**noted** 36:18 38:2,19 42:8
**notes** 42:22
**notice** 34:2
**november** 31:11 34:6 44:3
**novo** 18:14
**number** 34:18,23

**numbers** 14:20
**numerous** 30:17
**ny** 48:25

**o**

**o** 2:9 6:1 48:1
**objected** 34:21
**objection** 34:18,24
  34:25
**objections** 18:13,23
**obligation** 32:22,24
  33:15,20
**obligations** 33:9
**obviously** 10:25
  17:7 45:5 46:11
  47:5
**occupation** 22:17
**occurred** 17:2 33:7
**october** 44:2
**offer** 24:9
**offset** 26:4,5
**offsets** 24:2,6
**okay** 12:1 14:2 20:9
  20:15,25 21:2,24,25
  22:2 23:22 27:12,24
  29:23 47:12
**old** 48:23
**omnibus** 29:7 36:25
  37:4 41:14,19
**once** 41:20 47:8
**oneida** 18:5
**ones** 7:7
**opened** 33:14
**opinion** 7:24 8:1,15
  8:16 36:19
**opponent** 10:21
**opponents** 10:23
**opportunities** 38:6
**opportunity** 19:10
  28:12 29:1 30:9
  32:17
**opposed** 10:17
  41:15 42:9
**order** 6:7 30:21
  31:2 35:4 37:6
  40:21 43:6,15 44:21
**orders** 43:6

**original** 28:8
**outcome** 37:25
**outputs** 39:15
**outset** 30:20 34:1
**overmatch** 10:6
**overwhelming** 26:2
**owed** 32:22

**p**

**p** 4:1,1 5:6 6:1
**pace** 36:10 37:13,17
  42:10
**pages** 27:20 31:11
**paid** 22:9
**parallel** 36:13
**pardon** 9:24 13:1
**park** 5:3
**part** 20:3 22:18
  34:25
**participate** 25:20
  32:3
**participated** 36:23
**participating** 36:16
**participation** 34:11
**particular** 16:16,24
  38:22 39:5 42:17
  47:3,10
**particularly** 45:24
**parties** 3:1 14:5,6
  15:12 28:10 35:3,6
  36:23 40:8 45:22
**partner** 31:7
**party** 8:22 12:10
  14:13,15 21:2 29:12
  29:16 31:3 37:4
**patsy** 10:23
**pattern** 15:21
**paul** 5:20
**pause** 42:24
**pay** 24:17,20,24
  25:4
**payment** 17:8 21:22
**pending** 6:10
**pension** 26:9,10
**people** 22:10,10
  23:3,24 25:6 26:5
  44:17

**period** 33:15
**permissive** 11:20
  27:4 40:23
**permit** 12:2 45:16
**permitted** 14:11
**person** 21:2
**persuade** 29:14
**persuasive** 27:23
**perusing** 34:13
**peter** 44:1
**petition** 10:18
**ph** 10:16 11:5 14:11
  14:12 28:17 34:20
  34:23 36:16 38:19
  44:1,4,12
**phone** 22:6 23:13
  23:15
**picard** 1:14 4:3
**pick** 10:5
**place** 40:18 42:18
**plaintiff** 1:6,16
**plans** 9:21
**play** 10:19
**plaza** 4:4
**please** 6:2 19:18
  23:15
**plenty** 30:18,19
**point** 13:8,21 18:2
  26:18 27:15 30:8,14
  33:23 34:17 35:16
  38:8 39:16,20,23
  45:18
**pointed** 35:15 38:5
**points** 19:10
**ponzi** 11:7
**poor** 44:15
**position** 11:1 16:7
  28:6 31:9 44:22
**possible** 11:11
**post** 28:3 30:1
  37:24 45:17 46:14
  46:24
**postures** 37:3
**potential** 6:19 7:10
**potentially** 12:14
**practical** 9:9,19
  12:21 14:22,22

**pragmatic** 8:24
**precisely** 37:14
**preclude** 31:19
**precluded** 40:13
**prefer** 18:25
**prejudgment** 15:2
  16:12 17:11,18 18:1
  29:18 38:17,20
  42:15
**prejudice** 38:13
  40:22 43:4
**prejudiced** 41:11
  42:12,13
**preliminary** 6:8
**premature** 39:21,25
**prepared** 11:13
  28:23
**preparing** 46:21
**present** 33:9 34:14
  34:15,15,16
**presentation** 6:13
**preserve** 8:4 18:15
**preserved** 18:19,22
  41:3,6
**press** 47:3
**pressed** 45:1
**pressure** 7:2
**prevent** 43:2
**preventing** 43:3
**prevents** 31:14
**previously** 32:13,20
**primary** 11:16
**principal** 24:5 26:4
  44:17
**principles** 17:25
**prior** 8:15 33:14
  36:12
**probably** 22:3 24:1
  24:3 37:24
**problem** 39:17
**procedural** 37:3
**procedurally** 42:7
**procedure** 35:25
  36:3
**procedures** 6:7
  30:19 31:2,13,19
  34:19,22,24 35:1,5

35:6,18,22 36:10
40:17,20 42:18,20
43:6
**proceed** 31:5 36:3
37:13 40:16 42:10
**proceeded** 36:10,13
**proceeding** 6:6
24:11,12 28:10 31:3
31:4 33:13 36:25
37:3,4 41:14,19
45:17
**proceedings** 6:12
7:25 22:3 25:21
32:5,14 42:15 46:14
47:14 48:4
**process** 28:11 29:12
**processes** 43:15
**professor** 22:18
**profits** 21:15,22
44:16,19
**progress** 40:18 43:8
**promote** 39:1
**prompt** 30:4
**proof** 24:9
**proper** 30:2
**property** 12:3
**proposed** 14:14
18:24
**protected** 41:3,6,9
**protection** 1:5 4:17
43:25
**pryor** 4:10 30:15
36:17
**public** 12:11
**pure** 9:10
**purpose** 25:13
**put** 38:10 39:6 44:9

**q**

**quarter** 22:21
**question** 8:1 11:2
14:7 21:14,21 23:24
24:6 27:6 29:10,11
29:19,21,21 30:3
39:18 42:5 44:7
47:5
**questions** 7:8 12:10
31:4 45:16

**quick** 10:18,20
**quite** 7:21,23 12:6
35:19

**r**

**r** 2:9 4:1,8 6:1 48:1
**raise** 7:12 8:9 9:5
12:17 13:18 38:6,9
41:7 45:25
**raised** 7:8 9:4 15:23
15:25 16:3 18:2
26:18,21 29:18 30:8
32:13,14,20 34:6
43:1 45:18 46:15
**raises** 13:18
**raising** 45:21
**rakoff** 7:23 9:11
13:9,16 21:3,4
23:11 24:11 25:21
25:22 26:1 28:5,7
33:1
**rakoff's** 8:15 9:13
**range** 22:22
**rate** 17:5,19 29:21
29:24,24,25 30:1
39:13,14
**reach** 32:23 33:16
**reached** 29:8
**read** 10:14 27:18
31:6
**reads** 12:2
**ready** 37:17 44:5
**real** 13:12
**realistically** 9:8
10:2
**really** 7:11 8:4 9:8
13:11 14:21,24,25
22:16 42:2 45:17
46:14
**reason** 28:6,17 42:6
45:20
**reasons** 6:15
**rebut** 19:9
**recall** 26:20
**recommend** 18:12
**recommendations**
45:12

**reconsider** 27:9,21
41:22
**reconsideration**
41:23 42:2
**reconsidered** 27:8
**record** 41:8 48:4
**recover** 16:12
**recoveries** 40:19
**reference** 25:25
28:8
**reflect** 35:6
**regard** 31:17
**regarding** 3:1
**regardless** 39:14
**relating** 12:3
**relatively** 10:8
**relevant** 34:8 39:5
39:23
**report** 18:11
**reporter** 48:9
**represent** 13:6 14:7
14:14 19:23 21:11
21:21
**representation** 15:8
15:10
**represented** 7:4
**representing** 6:5,24
21:16,25
**request** 3:1 6:8
19:21 39:24
**require** 41:8
**requires** 9:9
**resolution** 12:15
**resolve** 7:2 35:20
42:17
**resources** 11:1
**respect** 6:8,11 27:7
28:2
**respectfully** 35:24
36:2
**responding** 34:4
**responses** 18:23
**result** 35:18 36:16
**resulted** 40:18 43:7
**return** 43:3
**review** 18:14

**reviewing** 23:8,10
**revisiting** 38:2
**richard** 4:15 5:13
26:14 30:14
**ridiculous** 25:6
**riding** 12:14
**rife** 36:16
**right** 11:10,16,18
11:20,21,25 15:7
18:10,22 19:1,2,3
19:22 20:13 22:17
23:19 25:1,15 26:12
26:25 27:2,3,19
28:2 30:10 32:9
33:21,22 35:17
43:21 44:23 45:2
46:19
**rights** 8:5 18:16,19
**ringing** 23:13
**rings** 22:6
**river** 5:18
**road** 5:17 48:23
**rockefeller** 4:4
**rule** 7:3 9:8 10:13
12:1 14:3 45:7 47:5
47:8
**ruled** 14:13 32:16
**rules** 12:6
**ruling** 19:2 41:21

**s**

**s** 4:1 6:1
**saddle** 5:18
**saga** 44:18
**sake** 12:23
**saying** 10:14 15:16
38:15 43:15
**says** 10:13
**scenarios** 38:10
39:7
**schedule** 28:25
**scheduled** 11:4 36:6
**scheme** 6:21 11:7
**schweb** 27:3 34:18
41:25 44:9
**schweb's** 22:24
**schwed** 5:6 6:4,5,23
7:17,21 8:4,10,13

8:18,21 9:6,14,16
9:18,24 10:1 11:3,6
11:8,11,19,23 12:1
12:21 13:1,3,8,21
13:25 14:3,9,21
15:6,20 16:2,6,14
16:18,21,25 18:15
18:25 19:4 34:14
seat 10:4 13:13
seated 6:2
second 8:5,6,23
9:15,20 12:7,19,22
12:24 13:14 18:6,18
20:6 21:5 22:23
23:1,5,8,8,22,23
24:13 41:5 42:3
43:18 45:8 47:7
secondary 12:7
securities 1:5,8 4:17
43:25
security 10:15
see 8:24 17:20 18:1
34:14 45:25
seek 9:12,16 18:22
28:11 35:19 39:19
seeking 6:11 26:17
26:25 30:1 31:24
32:4,6 35:21,22
37:2 44:11
select 10:5
sense 31:16 41:25
45:25
sent 18:5,5
september 2:5 37:5
44:2 48:12
serious 47:4
set 30:19
setting 17:16,18
settled 46:9
settlement 39:1
seventh 10:14,16
severe 40:22
severely 41:11
shares 14:19
sherri 3:25 48:3,8
shipawright 10:16

short 34:2
shot 13:19
show 15:9 27:10
side 19:7
signatory 34:16,21
significant 40:19
similar 14:16
similarly 34:20
simply 8:14 37:13
single 29:10
sipa 26:3,3 28:16
40:5
sipc 4:18 44:22
sixth 14:12
skipping 43:14
slowest 37:13
small 6:20
smb 1:3,12
snr 34:14,20
solutions 48:22
somebody 32:7
somebody's 20:11
someone's 20:12
sorry 11:23 18:18
21:18,18 22:7 23:14
30:13 37:21
sort 15:13
sounds 20:5,7
southern 1:2
speak 10:2 19:10
speaking 10:8
spend 15:1 22:21
spent 14:25 27:20
square 4:12
stages 37:16
stake 10:10
stakes 10:7
stand 35:17
standards 11:12,14
standing 12:11
stare 13:10,17 18:9
18:12,14 23:2,7
start 12:1
started 41:16
state 24:6 26:6
29:25 39:13

statements 36:8
states 1:1 2:1
statute 11:21 14:23
32:24
step 28:10 29:11
stiff 10:10
stop 27:18 40:9,11
44:4
street 4:19
strenuously 15:18
strict 44:12
stuart 2:10
stuff 15:3
subject 12:4
submit 41:23 42:20
sued 15:3
sufficient 18:10
sufficiently 15:10
suite 4:19 5:17
48:24
summary 31:17,21
31:25
supplant 43:10
supported 21:22
supports 14:1 44:22
suppose 11:4
sure 7:17 16:2
30:18
swing 6:19

**t**

t 48:1,1
table 10:4 13:13
tactical 20:3,5
tailored 35:6
take 8:6 26:4 41:4
taken 28:6
takes 46:6
talked 36:19 41:18
talking 27:20
taxes 23:25
taxing 6:25
telegin 38:19
tell 19:22 21:10,20
telling 27:17 31:8
46:2
terms 17:8 31:12
41:15

test 20:8
thank 26:12,14,15
30:11 33:24 34:1
43:22 44:23 45:6
47:11,12,13
thing 15:20 20:3
31:10,12
things 14:15 24:7
34:5,9 38:24 41:1
41:20
think 8:11,24 9:6,8
12:21 14:9 16:6,9
19:1 20:2,2 22:23
22:24 23:23 26:20
27:7 28:20 29:12,13
29:15 30:2,5 31:8
31:20 32:17 33:21
34:8,13 35:8 37:1
38:2,6,14 39:17,21
39:24 40:22,25 41:4
42:22 43:8,16,17,17
44:25 45:7 46:19
thinking 46:20
thinks 38:4
thoroughly 7:23
16:19
thought 33:6,6
thoughtful 7:24
thousand 35:10
thousands 22:4
three 7:20 36:12
38:6 44:13 46:5
throw 11:1
time 8:12 9:3 20:11
22:18 26:20,24
35:10,16
timely 12:2 28:22
times 4:12 14:19
15:25 44:13
timing 29:22 30:3
46:11,12
today 35:17 36:22
44:17
told 20:10
touch 38:1 40:2
toutman 14:12

**[town - york]**

| | | |
|---|---|---|
| **town** 10:20 | 46:4 | |
| **track** 12:19 36:4 | **type** 7:2 | |
| 42:2 43:18 45:8 | **types** 11:1 | |
| 46:6 47:7 | | |

**town** 10:20
**track** 12:19 36:4
  42:2 43:18 45:8
  46:6 47:7
**tracks** 36:13
**trading** 22:14
**traditional** 10:23
**transaction** 12:4
**transcribed** 3:25
**transcriber** 48:9
**transcript** 34:6,13
  35:14 40:3,7 44:6
  48:3
**transfer** 17:2,3,16
**transfers** 33:7 39:3
**treated** 32:24
**treatises** 12:7
**tremendous** 40:18
  40:21 43:8
**tremendously** 42:12
**trial** 6:12 11:4 24:9
  28:23 32:7 35:23
  36:6 37:17,20,24
  44:5 45:17,17 46:8
  46:9,13,14,16,21,21
  46:24
**tried** 9:5 22:5 40:4
**true** 35:9 48:4
**trustee** 1:14 4:3 6:6
  6:15 10:4,10 13:14
  15:14,17 16:12 18:2
  18:7 20:3 22:10
  26:24 28:6 29:25
  30:17 31:1 33:22,25
  38:13 44:10,14
  45:25 46:1,6
**trustee's** 31:9 44:22
**try** 42:9 43:19
  46:22,25
**trying** 9:7 10:2,10
  37:16
**turn** 23:15 40:7,9
  40:20
**twists** 32:12,15 38:7
**two** 6:17 7:10 12:15
  18:7 20:19 26:16
  27:6 29:20 36:8

**u**

**u.s.** 2:11
**ultimately** 8:5
**umbrage** 36:7
**understand** 7:22
  8:8 9:1 15:13 21:10
  22:11 24:10 25:22
  26:2 33:21 39:11,16
  46:11,18
**understanding**
  38:23
**understood** 47:11
**unfair** 10:11
**unique** 6:13 38:6
**united** 1:1 2:1
**university** 22:18
**unjustly** 38:25
**unopposed** 10:19
**untrue** 35:3 36:9
**use** 17:19 31:16
  47:8

**v**

**v** 1:7,17
**valentine's** 26:21
  37:9,11 44:2,6
**value** 7:17 8:11
  13:16 15:2 21:4,7
  23:25 24:5 27:7
  32:25
**various** 5:2 6:5
  30:24 35:5 37:3
  42:15
**veritext** 48:22
**versus** 10:16 14:12
**victim** 26:7
**victims** 26:6,7 38:14
  40:20,22 43:3
**view** 29:20
**virginia** 22:19
**voice** 25:9
**vu** 44:1

**w**

**wait** 19:6 45:20
**waive** 18:20 47:2
**waived** 38:8
**want** 7:15 15:1,14
  16:4 25:11 28:10
  29:17 31:20 36:21
  37:23 39:6,11 40:2
  41:10,21,22
**wanted** 10:18,19
  22:15 46:10
**wants** 38:9,12
**washington** 4:20
  5:11 10:19,22
**way** 7:5 9:10 10:12
  16:10 20:24 21:1,9
  22:22 25:2 35:11
  40:17 41:5 42:12
**we've** 21:16,24
  30:16 36:8 44:13
**week** 28:24
**went** 22:11 35:14
**whatnot** 31:13
**wherewithal** 22:20
  22:21
**who've** 26:5
**win** 10:20 47:1
**wind** 21:9
**wisely** 10:21
**withdrawn** 25:24
  28:7
**word** 14:22
**words** 13:11 43:25
**work** 25:2 35:12
**worked** 22:13,13,13
  26:9 35:13
**working** 22:16
  35:19
**world** 13:12
**worth** 23:6
**worthy** 10:21
**wouldn't** 39:10
**wrap** 41:20

**x**

**x** 1:4,11,20

**y**

**yeah** 46:25
**year** 20:19 40:10
**years** 22:2
**york** 1:2 2:3,3 4:5,5
  4:13,13 5:4,4 26:6
  29:25 39:13