# EXHIBIT 8

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 21, 2015 12:21 PM
**To:** Gregory Schwed
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof; Rollinson, James H.; Wang, Ona Theresa
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

FRE 408 - SETTLEMENT COMMUNICATION

Greg,

As an initial matter, you have not provided us with the defendants and corresponding cases for whom your group seeks intervention so we are unable to fully evaluate the scope of your request. As a result, we must presume that the "usual group" includes all those defendants that have already participated in the antecedent debt proceedings before Judge Rakoff and again in the omnibus good faith proceeding before Judge Bernstein. Moreover, Pryor Cashman and Dentons also participated in consolidated briefing on this same exact issue before Judge Rakoff in the Greiff matter. Judge Bernstein has already indicated that these same defendants were likely bound by the Greiff decision and should have been estopped from rearguing in the motion to dismiss proceeding. Clearly, as a result, those same parties are all now bound by the Judge's June 2 decision on the antecedent debt issue and should not be permitted to reargue that exact same issue yet again, and presuming it is even briefed here, it will be in the context of the facts and circumstances of Andrew Cohen's relationship with BLMIS. Similarly, with respect to whether prejudgment interest is appropriate in the context of the Cohen case is within Judge Bernstein's discretion based on the facts and circumstances of Mr. Cohen's case, which is certainly not uniform to all defendants seeking to join, whoever they may be.

Notwithstanding, the request is also inconsistent with Judge Bernstein's numerous statements on the record that these adversary proceedings simply cannot all proceed at the same pace otherwise the Court will be unable to issue a ruling unless every last defendant has been heard on that issue. These cases simply cannot move forward in that fashion given the varying procedural postures of all the cases seeking to join.

In addition, the request is premature since Judge Bernstein has not indicated that any briefing on antecedent debt, prejudgment interest, or any issue for that matter, will be required in the context of the Andrew Cohen trial. At a minimum, the parties should determine how the Judge intends to proceed before we can evaluate whether your request is even ripe.

These are some of the reasons why the Trustee believes your request is inappropriate at this time and withholds his consent.

The Trustee obviously reserves the right to assert additional arguments in opposition to your intervention motion to the extent you decide to file it at this time.

Lastly, in response to your message, the Trustee is generally available to have a conference with the Court tomorrow if that works for your collective schedules, however, we reiterate our request for the list of relevant defendants/cases so we can fully evaluate the scope of your request in advance of our chambers conference.

Best regards,

Nick

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Sunday, September 20, 2015 9:12 AM
**To:** Cremona, Nicholas
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof; Rollinson, James H.; Wang, Ona Theresa
**Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Nick,

Can we inquire as to your reasons?  As I mentioned, we would not be asking to interfere with the Cohen trial or its schedule, so there would be no prejudice to the Trustee.  And unified briefing, in the name of efficiency and consistent results, has been the practice on many major legal issues (such as Section 546(e) and "value" before Judge Rakoff) that affect many defendants.

Sent from my iPhone

On Sep 18, 2015, at 3:53 PM, Cremona, Nicholas <ncremona@bakerlaw.com> wrote:

> Greg,
>
> The trustee does not consent to the filing of your prospective intervention motion and intends to oppose it. I suggest that we coordinate with Chambers next week so your group can request the Court's prior approval to file your motion consistent with section 6.A of the Avoidance Procedures set forth in the Litigation Procedures Order.  We can coordinate a schedule with the Court as the Judge deems appropriate.
>
> **Nicholas J. Cremona** | **BakerHostetler**
> 45 Rockefeller Plaza | New York, NY 10111-0100
> T 212.589.4682 | F 212.589.4201
> ncremona@bakerlaw.com
>
> ---
>
> **From:** Gregory Schwed [mailto:gschwed@loeb.com]
> **Sent:** Thursday, September 17, 2015 7:16 PM
> **To:** Cremona, Nicholas; Rollinson, James H.; Wang, Ona Theresa
> **Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
> **Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)
>
> Nick,
>
> We had a chance to confer with the group and, as I mentioned in the voicemail I just left, the parties who would be seeking intervention are defendants in either all or a substantial portion of the currently active litigations being handled by Baker & McKenzie, Dentons, Elise Frejka, Loeb & Loeb, Pryor Cashman and Milberg.  Of course, the full list will be annexed to the motion.  I trust that's helpful for your purposes.

2

Please let us know as soon as you can whether the Trustee intends to oppose or not oppose the motion. Particularly if you are planning to oppose, we should discuss, at your soonest convenience, a mutually acceptable briefing schedule.

If you have any questions or otherwise wish to discuss the matter, please let me know.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenur
New York, NY 10154
212-407-4815


Sent from my iPhone

On Sep 14, 2015, at 11:13 AM, Gregory Schwed <gschwed@loeb.com> wrote:

> **Nick,**
>
> **Given that today and tomorrow are Rosh Hashana and several members of our group are observant, our response to your requests will likely be later in the week.**
>
> **Greg Schwed**
> **Loeb & Loeb LLP**
> **345 Park Avenue**
> **New York, NY 10154**
> **Tel: 212-407-4815**
> **Fax: 212-937-4689**
>
> **From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
> **Sent:** Monday, September 14, 2015 9:59 AM
> **To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
> **Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
> **Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)
>
> Greg,
>
> We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.
>
> We look forward to hearing from you.
>
> Thank you,
> Nick

3

**Nicholas J. Cremona** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).

The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.

These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.

We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)

Defendant has consented to such an intervention.

Needless to say, I'm happy to discuss the matter or provide more information, at your request.

**Greg Schwed**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: 212-407-4815**
**Fax: 212-937-4689**

---

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.