**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:     (212) 589-4200
Facsimile:     (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Heather R. Wlodek
Email: hwlodek@bakerlaw.com

Hearing Date: November 18, 2015
Hearing Time: 10:00 A.M. (EST)
Objection Deadline: November 11, 2015

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**NOTICE OF HEARING AND SUPPLEMENTAL FILING IN FURTHER SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER APPROVING SIXTH ALLOCATION OF PROPERTY TO THE FUND OF CUSTOMER PROPERTY AND AUTHORIZING SIXTH INTERIM DISTRIBUTION TO CUSTOMERS**

Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L.

Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff

("Madoff"), respectfully submits this Notice of Hearing and Supplemental Filing (the "Supplemental Filing") in Further Support of the Trustee's Motion for an Order Approving Sixth Allocation of Property to the Fund of Customer Property and Authorizing Sixth Interim Distribution to Customers ("Sixth Allocation Motion"), ECF No. 9807, and the Affidavit of Vineet Sehgal in support, ECF No. 9808, pursuant to SIPA §§ 78*lll*(4), 78fff(a)(1)(B), 78fff-2(b), and 78fff-2(c)(1), and Rule 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order: (1) approving the sixth allocation of property ("Sixth Allocation") to the fund of customer property ("Customer Fund"); and (2) authorizing a sixth pro rata interim distribution ("Sixth Interim Distribution") to customers whose claims for customer protection under SIPA have been allowed for amounts exceeding the SIPA statutory advance limits and which have not already been satisfied by the first, second, third, fourth, and fifth pro rata interim distributions.   In support of this Notice of Hearing and Supplemental Filing in Further Support of the Sixth Allocation Motion, and upon the accompanying affidavit of Vineet Sehgal ("Sehgal Aff."), the Trustee alleges and represents as follows:

## BACKGROUND

1.      On April 15, 2015, the Trustee filed the Sixth Allocation Motion, seeking approval to release approximately $1.249 billion held in reserve and distribute approximately $904 million to customers with allowed claims.  Sixth Allocation Motion, ECF No. 9807.  These funds became available for distribution following the decision of the United States Court of Appeals for the Second Circuit on the "time-based damages" issue.  *In re Bernard L. Madoff Inv. Sec. LLC,* 779 F.3d 74 (2d Cir. Feb. 20, 2015) (the "Time-Based Damages Decision").

2.      The Trustee could not distribute these funds until the time limit to file a petition for certiorari with the United States Supreme Court expired with no petition being filed or a final, non-appealable order was entered on the Time-Based Damages Decision.

3.      At the time the Trustee filed his Sixth Allocation Motion, no petitions for certiorari had been filed on the Time-Based Damages Decision.  The time period to file a petition for certiorari was due to expire on May 21, 2015.  The hearing date on the Sixth Allocation Motion was set for May 28, 2015, which would permit the hearing to go forward if no petitions for certiorari were filed by the May 21 deadline.  The Trustee indicated in his Sixth Allocation Motion that the hearing may not be able to go forward if a petition for certiorari was filed.  *See* Sixth Allocation Motion at ¶ 8.

4.      A group of claimants represented by Helen Davis Chaitman, Esq., moved for an extension of time within which to file a petition for certiorari with the Supreme Court.  The Supreme Court granted that request on April 28, 2015, extending the time to file a petition for certiorari to July 20, 2015.  *Marsha Peshkin v. Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,* No. 14A1099 (2015).

5.      Following the extension of time to file the petition for a writ of certiorari, the Trustee filed a notice of adjournment of the hearing on the Sixth Allocation Motion, adjourning the hearing from May 28, 2015 to July 29, 2015.  ECF No. 10037.  The purpose of the adjournment was to allow the extended time period within which to file a petition for certiorari to expire.  If no petition was filed, the Trustee would seek the Court's approval to allocate and distribute funds from the fund of customer property, as outlined in the Trustee's Sixth Allocation Motion.

6.      On July 20, 2015, the group of claimants represented by Helen Chaitman filed a petition for a writ of certiorari with the Supreme Court.  Accordingly, the hearing on the Trustee's Sixth Allocation Motion was adjourned *sine die*, pending the determination of the petition for a writ of certiorari by the Supreme Court.

7.      On October 5, 2015, the Supreme Court denied the petition for certiorari, paving

the way for the Trustee to request authorization from the Court to make a sixth, significant

distribution to customers of more than $1.18 billion—up to 8.186% of each customer's allowed

claim amount.   Accordingly, the Trustee is making this Supplemental Filing and has requested a

hearing date from the Court on the Sixth Allocation Motion, which has been set for **November

18, 2015 at 10:00 a.m.**

8.      Thus, by way of this Supplemental Filing and the Sixth Allocation Motion, the

Trustee seeks to distribute approximately $1.18 billion.   The proposed distribution will be paid

on claims relating to 1,063 BLMIS accounts.   The average payment amount to those 1,063

BLMIS accounts will be $1,110,423.34.   *See* Sehgal Aff. ¶ 16.   Twenty payments will go to

claimants who qualified for hardship status under the Trustee's claims Hardship Program.   *See*

Sehgal Aff. ¶ 18.   If approved, and when combined with the SIPC payments and the amounts

from the First through Fifth Interim Distributions, 1,264 BLMIS accounts will be fully satisfied

(all accounts with a net equity of up to $1,161,193.87).   *See* Sehgal Aff. ¶ 16.

9.      If the Sixth Allocation Motion is approved, and when combined with the prior

five distributions, the Trustee will have distributed more than $8.3 billion from the Customer

Fund to BLMIS customers or up to 56.988% of each customer's allowed claim.   *See* Sehgal Aff.

¶ 19.

### SUPPLEMENTAL SIXTH ALLOCATION MOTION FIGURES

10.      To date, the Trustee has received 16,519 claims.   *See* Sehgal Aff. ¶ 4.   As of the

filing of the Sixth Allocation Motion in April, the Trustee had determined 16,397 claims and 122

claims were categorized as "deemed determined," meaning that the Trustee has litigation

pending against those claimants.   *See* Sixth Allocation Motion at ¶ 14. The complaints filed by

the Trustee in those litigations set forth the express grounds for disallowance of customer claims

under section 502(d) of the Bankruptcy Code. Accordingly, such claims will not be allowed until the avoidance action is resolved by settlement or otherwise and any judgment rendered against the claimant in the avoidance action is satisfied.

11.    Since the Sixth Allocation Motion was filed in April, the Trustee has determined an additional 13 claims, bringing the total number of claims determined to 16,410. *See* Sehgal Aff. ¶ 4.  These 13 additional claims relate to 11 accounts. There are 109 claims that are currently classified as "deemed determined." *See* Sehgal Aff. ¶ 5.

12.    As set forth in the Sixth Allocation Motion, the Trustee set a Time-Based Damages reserve and allocated such reserve to the Customer Fund as part of the total amount allocated to the Customer Fund in the Second through Fifth Allocations and Interim Distributions.  Of the total amount allocated to the Customer Fund from the First through the Fifth Allocations, the Trustee reserved $1,444,937,833.62 for Time-Based Damages. *See* Sehgal Aff. ¶ 7.  In the Sixth Allocation Motion, the Trustee sought to re-allocate that amount, plus an additional $3,779,791.64 that was added to the Time-Based Damages reserve, for a total of $1,448,717,625.26 to be allocated to the Customer Fund in the Sixth Allocation Motion.  The Trustee also sought to maintain a general reserve of $200,000,000.00.  Thus, the amount available for distribution as of the date of the filing of the Sixth Allocation Motion was $1,248,717,625.26. *See* Sehgal Aff. ¶ 7.

13.    In addition to the recoveries reported in the Sixth Allocation Motion, as of September 30, 2015, the Trustee has recovered $345,472,293.08 as a result of settlements, interest income, and other miscellaneous recoveries. *See* Sehgal Aff. ¶ 7.  The more significant settlements that have been reached since the filing of the Sixth Allocation Motion were in the below adversary proceedings, resulting in the recovery of approximately $268 million:

- *Picard v. Plaza Investments International Limited, et al.*, Adv. Pro. No. 10-04284 (Bankr. S.D.N.Y.) (SMB) (ECF No. 82);

- *Picard v. Defender Ltd.*, Adv. No. 10-05229 (Bankr. S.D.N.Y.) (SMB) (ECF No. 116);

- *Picard v. J. Ezra Merkin*, Adv. No. 09-01182 (BRL) (Bankr. S.D.N.Y.) (ECF No. 270) (settlements with defendants Ariel Fund Ltd. and Gabriel Capital LP).

14.     Also available for distribution is $1,829,950.00, derived from a release from the net equity reserve.  *See* Sehgal Aff. ¶ 8.  The net equity reserve is maintained for certain settlements containing a clause stating if the Trustee's definition of Net Equity is altered by the courts, the claims relating to those settlements will be re-determined accordingly.[1]  After a review of the terms of these settlements, the Trustee and his professionals determined that the reserve related to three accounts does not need to be maintained and can be released for distribution.

15.     Also available for distribution is $9,197,955.40, derived from adjustments made following the Bankruptcy Code section 546(e) ruling.  *See* Sehgal Aff. ¶ 9.  The Trustee reached agreements with certain accountholders to return preference payments to those accountholders if a final court order issued concluding that section 546(e) applies to this SIPA liquidation. Following the denial of the petition for certiorari by the Supreme Court on the Second Circuit's decision upholding the application of section 546(e), *Picard v. Ida Fishman Revocable Trust*, 773 F.3d 411 (2d Cir. 2014), *cert. denied*, 135 S.Ct. 2858 (2015), the Trustee re-determined certain accounts in accordance with those agreements.

---

[1] *See, e.g.,* Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers at ¶ 58 n.13, 08-1789 (SMB) (Bankr. S.D.N.Y. July 26, 2012), ECF No. 4930.

16.     The re-determinations resulted in three adjustments for each account. First, the Trustee credited the preference payments to the accountholders in the amount of $18,847,496.86. Second, the Trustee reduced their allowed claim amount by the same amount that was credited to them. Third, the Trustee calculated the difference in distribution payments for each account as to the first through fifth distributions between their prior allowed claim amount and their re-determined claim amount. Because their re-determined claim amount was lower than their prior claim amount, those accountholders needed to refund the BLMIS estate $9,810,591.00. The Trustee offset this payment against the credit amount of $18,847,496.86 and refunded $9,036,905.86 to these claimants. Of the $9,810,591.00 credit to the BLMIS estate, $9,197,955.40 is available for the sixth distribution and $612,635.60 will be returned to SIPC. The $612,635.60 relates to a decrease in the amount of the SIPC advance to which the accountholders were entitled in the amount of $344,660.66; and an increase in SIPC's subrogation payment in the amount of $267,974.94 related to these accounts. *See* Sehgal Aff. ¶ 9.

17.     Of the total recoveries since the Sixth Allocation Motion, $102,287,153.38 was used for catch-up payments for recently-determined accounts to bring those accounts up to the 48.802% (cumulative first through fifth interim distribution percentage) distributed to all accounts on their allowed amount. *See* Sehgal Aff. ¶ 10.

18.     The Trustee wishes to maintain the $200,000,000 general reserve requested in the Sixth Allocation Motion.

19.     Therefore, the total amount available for the Sixth Interim Distribution is now $1,502,930,670.36, a difference of $254,213,045.10 from the amount ($1,248,717,625.26) available on the filing date of the Sixth Allocation Motion. *See* Sehgal Aff. ¶ 12. Through the

Sixth Allocation Motion, the Trustee allocated $10,551,459,551.74 to the customer fund.  The

Trustee seeks approval to allocate the additional $345,472,293.08 that has been recovered since

that time.  A chart summarizing this information is below:

| Description | Amount |
|---|---|
| **ORIGINAL SIXTH ALLOCATION MOTION** | |
| Amount Allocated in Allocation Motions 1 through 5 | $10,551,459,551.74 |
| Amount Re-Allocated in Sixth Allocation Motion | $1,448,717,625.26 |
| General Reserve | ($200,000,000.00) |
| **Amount Available for Distribution in Sixth Allocation Motion** | **$1,248,717,625.26** |
| | |
| Numerator | $1,248,717,625.26 |
| Denominator | $18,141,936,238.30 |
| **Distribution %** | **6.883%** |
| | |
| **UPDATES IN SUPPLEMENTAL FILING** | |
| Amount Available for Distribution from Sixth Motion | $1,248,717,625.26 |
| Additional Recoveries to be Allocated | $345,472,293.08 |
| Catch-Up Distribution for Newly-Determined Accounts | ($102,287,153.38) |
| Amount Available from Net Equity Reserve | $1,829,950.00 |
| Amount Available from 546(e) Ruling | $9,197,955.40 |
| **Amount Available for Distribution** | **$1,502,930,670.36** |
| | |
| Numerator | $1,502,930,670.36 |
| Denominator | $18,358,218,522.68 |
| **Distribution %** | **8.186%** |

20.     As of September 30, 2015, the Trustee's Net Investment Method denominator is

$18,358,218,522.68.  *See* Sehgal Aff. ¶ 13.  To determine the percentage of each allowed

customer net equity claim that can be satisfied from the Customer Fund, the Net Customer Fund

is divided by the Denominator, resulting in the following percentage:

$$\frac{\$1,502,930,670.36 \text{ (Net Customer Fund)}}{\$18,358,218,522.68 \text{ (Denominator)}} = 8.186\%$$

21.     Of the $1,502,930,670.36 numerator, $1,180,380,014.84 will be distributed as

part of the Sixth Interim Distribution to allowed accounts, and SIPC subrogation for allowed

accounts in the amount of $36,212,744.51 will be released to SIPC. For deemed determined accounts, $286,211,009.04 will be reserved, bringing the total deemed determined reserve related to 1 through 6 interim distributions to $1,992,498,532.04. *See* Sehgal Aff. ¶ 14.

22.    If approved, a total of 1,063 accounts will receive a distribution up to 8.186% of their net equity claims. Of these 1,063 accounts, 101 will become fully satisfied, bringing the total of fully satisfied account holders to 1,264 (962 accounts will remain partially satisfied and will be entitled to participate in future distributions). *See* Sehgal Aff. ¶ 16.

23.    The numbers contained herein are based on recoveries as of September 30, 2015 and claims allowed as of September 30, 2015. The Form SIPC 17 completed by the Trustee each month lists all of the recoveries and assets in the Trustee's possession. In the Trustee's Form SIPC 17 for the period ending on September 30, 2015, attached hereto as Exhibit A, the Trustee reports that he has recovered approximately $10.9 billion.[2] These funds were primarily derived from the following sources: (a) the transfer of BLMIS bank accounts to the BLMIS estate; (b) pre-litigation and litigation settlements; (c) customer preference recoveries; (d) the sale of assets; (e) refunds; and (f) earnings on the Trustee's investment and money market accounts.

24.    The relief requested by the Trustee in this Supplemental Filing and the Sixth Allocation Motion are consistent with the policy and purposes underlying SIPA and are in the best interests of the customers of BLMIS, the Estate, and its creditors.

25.    To the extent additional settlements are reached and/or become final prior to the entry of an order on the Sixth Allocation Motion, the Trustee will allocate and distribute those recoveries in accordance with the formula set forth herein.

---

[2] In addition, the Trustee has in his possession a *de minimis* amount of unliquidated assets.

## NOTICE OF HEARING

26.     Notice is hereby given that a hearing will be held on the Trustee's Sixth Allocation Motion on **November 18, 2015 at 10:00 a.m.** before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004.

## MISCELLANEOUS

27.     Pursuant to Bankruptcy Rules 2002(a)(6), 2002(f)(8), and 2002(h), the Trustee has given notice of the hearing on the Trustee's Motion by first class mail, postage prepaid, to all claimants that filed a claim.  Pursuant to the Order Establishing Notice Procedures (ECF No. 4650), the Trustee has given notice of the hearing on the Trustee's Motion via email and/or U.S. Mail to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all persons who have filed notices of appearance in the BLMIS proceeding.  The Trustee believes that no further notice need be given of this or any further matter in the proceeding.

28.     The Sixth Interim Distribution will be made to all record holders as of November 18, 2015.

## <u>CONCLUSION</u>

The Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit B, approving: (i) the proposed Sixth Allocation of Property to the Customer Fund and to the General Estate; (ii) the proposed Sixth Interim Distribution of the Customer Fund; and (iii) granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      October 20, 2015

Respectfully submitted,

*/s/ David J. Sheehan* _____
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Heather R. Wlodek
Email: hwlodek@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*