**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK PLC, et al.,<br><br>Defendants. | **CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 09-01364 (SMB) |

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated

liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities

Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff

individually, by and through his undersigned counsel, and defendants Alpha Prime Fund Ltd.

("Alpha Prime") and Alpha Prime Asset Management ("APAM" together with Alpha Prime and

the Trustee, the "Parties"), by and through their undersigned counsel, hereby submit the

following proposed case management plan pursuant to Federal Rules of Civil Procedure 16 and

26, as incorporated into Federal Rules of Bankruptcy Procedure 7016 and 7026.

      1.     Status of Pleadings.

          a.  On December 5, 2010, the Trustee filed an amended complaint (the

"Amended Complaint"), naming sixty-one defendants, including Alpha Prime and APAM.

          b.  Defendants Alpha Prime, APAM, Senator Fund SPC, Carruba Asset

Management, Regulus Asset Management, and Tereo Trust Company Limited answered the

Trustee's amended complaint.

          c.  On May 27, 2011, Alpha Prime and Senator Fund asserted cross-claims

against defendants HSBC Bank Bermuda Limited, HSBC Holdings plc, HSBC Institutional

Trust Services (Bermuda) Limited, HSBC Securities Services (Bermuda) Limited, HSBC

Securities Services (Luxembourg) S.A., and Bank of Bermuda (Luxembourg) S.A. (the "HSBC

Cross-Claim Defendants").  On December 8, 2014, Alpha Prime and Senator Fund amended

their cross-claims.  The HSBC Cross-Claim Defendants moved to dismiss the cross-claims on

February 17, 2015, and the motion was heard on June 24, 2015.

          d.  Many of the defendants, including the HSBC Cross-Claim Defendants,

HSBC Bank plc, HSBC Institutional Trust Services (Ireland) Ltd, HSBC Securities Services

(Ireland) Ltd., HSBC Bank (Cayman Islands) Ltd., HSBC Private Bank Holdings (Suisse) S.A.,

HSBC Private Bank (Suisse) S.A., and HSBC Fund Services (Luxembourg) S.A., joined in a

consolidated motion to dismiss the Trustee's claims under section 550 of the Bankruptcy Code,

based on extraterritoriality.  In connection with his opposition to the extraterritoriality motion,

the Trustee submitted a proposed second amended complaint.  The moving defendants' reply

was filed on September 30, 2015.

e.   Through settlements and voluntary dismissals, the Trustee has dismissed

his claims against several of the defendants named in the Amended Complaint: UniCredit S.p.A.,

UniCredit Bank Austria AG, Primeo Fund, Herald (Lux) SICAV, Herald Fund SPC, Senator

Fund SPC, Pioneer Alternative Management Ltd., Equus Asset Management Partners L.P.,

Genevalor, Benbassat et Cie, Cape Investment Advisors Ltd., Aurelia Fund Management Ltd.,

Aurelia Asset Management Partners, Alberto Benbassat, Stephane Benbassat, the Estate of Mario

Benbassat, Roberto Nespolo, David T. Smith, Laurent Mathysen-Gerst, Vladimir Stepczynski,

Jean-Marc Wenger, Pascal Cattaneo, and Olivier Ador.

2.      Proposed Discovery Plan

a.   Initial Disclosures.  The Parties do not propose any changes in the form or

requirements for disclosures under Federal Rule 26(a)(1).  Except as provided in paragraph 2.a,

the Parties agree that they shall serve initial disclosures on or before **December 20, 2015**.

b.   Subjects On Which Discovery May Be Needed.  The Parties contemplate

that discovery will be needed on all liability and damages issues with respect to the Trustee's

claims and Alpha Prime's and APAM's defenses, including but not limited to, claims of

imputation.  The Parties further contemplate that fact and expert discovery will be needed.

c.   Discovery Cut-Off.  All fact discovery is to be completed **two-hundred

ten days** after the last-issued decision by the Court on: (1) whether SIPA and/or the Bankruptcy

Code as incorporated by SIPA applies extraterritorially (*see generally* Order Concerning Further

Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Plead and

for Limited Discovery, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800 (Dec. 10, 2014)) and (2)

any other motion to dismiss pursuant to Fed. R. Civ. P. 12.

3

       d.  <u>Amendment of Pleadings and Joinder of Parties</u>. The Trustee moved for leave to amend his complaint on August 28, 2014 and submitted a proposed Second Amended Complaint on June 26, 2015.  The anticipated amendment seeks to clarify and supplement the allegations relating to the fraudulent transfers defendants received.

       e.  <u>Depositions</u>.  All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date.  Depositions shall proceed concurrently, with no party having priority.  The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions that cannot be concluded within this time limit.  The Parties will attempt in good faith to agree to reasonable extensions of the time limits as appropriate, and failing agreement any party may make application to the Court for an extension of those time limits.

To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions.  The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.  Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties

4

may agree.  Depositions of Alpha Prime's and APAM's witnesses shall be conducted at a location agreed upon by the Parties.

      f.   Limitations On Discovery Imposed Under Federal Rules and/or Local Rules.  Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause.  The Parties agree that the limitation on the number of depositions permitted under Federal Rule 30(a)(2)(A)(i) will not apply, and that they will work in good faith to identify the requisite number of each Party's deponents and depositions following service of the Parties' Initial Disclosures.

      g.   Manner of Production of Discovery Materials.  The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format.  Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the defendants.

3.   Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action.  The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4.   Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting As Settlement Judge. The Parties have participated in court-ordered mediation, and engaged in some settlement discussions which are still ongoing. The Parties will notify the Court if they believe a settlement conference would be productive.

5.      <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of</u>

<u>This Matter</u>.  The Parties are not aware of any other matter that may add to the just and

expeditious disposition of this matter.

6.      <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at

the conclusion of all discovery to schedule a final pre-trial conference and trial date.

7.      <u>Next Conference</u>.  The Parties shall appear before the Court on October 28, 2015.

8.      <u>Parties and Counsel</u>.  The following Parties join in this proposed case

management plan through their counsel.


Date:   New York, New York
        October 21, 2015


*s/ Oren J. Warshavsky*                         *s/ Todd E. Duffy*
**Baker & Hostetler LLP**                       **DuffyAmedeo LLP**
45 Rockefeller Plaza, 11th Floor                275 Seventh Avenue, 7th Floor
New York, New York 10111                        New York, New York 10001
Telephone: (212) 589-4200                       Telephone: (212) 729-5832
Facsimile: (212) 589-4201                       Facsimile: (212) 208-2437
Oren J. Warshavsky                              Todd E. Duffy
Email: owarshavsky@bakerlaw.com                 Email: tduffy@duffyamedeo.com
Geoffrey A. North                               Douglas A. Amedeo
Email: gnorth@bakerlaw.com                      Email: damedeo@duffyamedeo.com

*Attorneys for plaintiff Irving H. Picard,*     *Attorneys for defendants Alpha Prime Fund Ltd.,*
*trustee for the Substantively Consolidated*    *and Alpha Prime Asset Management*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the estate of*
*Bernard L. Madoff*


So Ordered This 21st Day of October, 2015


                                /s/ STUART M. BERNSTEIN
                                Honorable Stuart M. Bernstein
                                United States Bankruptcy Judge


6