# EXHIBIT "C"

# PICARD AFFIDAVIT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>THYBO ASSET MANAGEMENT LIMITED and THYBO STABLE FUND LTD.<br><br>       Defendants. | Adv. Pro. No. 09-01365 (SMB) |

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND AMONG THE TRUSTEE AND THYBO ASSET MANAGEMENT LIMITED AND THYBO STABLE FUND LTD.**

STATE OF NEW YORK )
          )
COUNTY OF NEW YORK )

Irving H. Picard, being duly sworn, hereby attests as follows:

  1.  I am the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the

motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") by and among the Trustee, on the one hand, and Thybo Asset Management Limited ("TAM") and Thybo Stable Fund Ltd. ("TSF") (TAM and TSF collectively, the "Defendants"), on the other hand.

2.  I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3.  All capitalized terms not defined herein have the meaning ascribed to them in the Agreement submitted as Exhibit A to the Motion.

4.  I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The Agreement furthers the interest of BLMIS customers by recovering $46,600,000, which equates to seventy-five percent of the total alleged fraudulent transfers prior to the Filing Date. The Trustee will allow the TSF Net Equity Customer Claim in full, plus 88% of the amount of the Settlement Payment. The Agreement also resolves the claims raised by the Trustee against the Defendants, and their subsequent transferees, as to this adversary proceeding, and it avoids likely lengthy, burdensome, and expensive litigation regarding the claims and defenses in this matter.

5.  Given the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the claims against the Defendants.

_____
IRVING H. PICARD

Sworn to before me this 22nd day of October, 2015.

_____
Notary Public

SONYA M. GRAHAM
State of New York
GR6133214
Westchester County
Expires: 9/12/20__

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2017

- 2 -

300370534.1