**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | NO. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-1161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, ET AL. | |
| Defendants. | |

# CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually, and Defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (the "Defendants," and collectively with the Trustee, the "Parties," and each individually, a "Party") hereby submit the following Case Management Plan in accordance with Fed. R. Civ. P. 26, applicable under Fed. R. Bankr. P. 7026, as follows:

1. <u>Motion to Dismiss</u>.  On August 11, 2015, this Court entered a Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss the Fourth Amended Complaint [ECF No. 199].  On August 21, 2015, the Court entered the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Fourth Amended Complaint (the "August 21 Order") [ECF No. 200].

2. <u>Motion for Leave to Appeal</u>.  On September 9, 2015, the Defendants filed a Motion for Leave to Appeal the August 21 Order (the "Motion for Leave") before the U.S. District Court for the Southern District of New York (Civ. Pro. No. 15-7086, ECF No. 3-6), supported by the declaration of their counsel and appended Exhibits A through C.  On September 23, 2015, the Trustee filed a Memorandum of Law in Opposition to the Motion (Civ. Pro. No. 15-7086, ECF No. 7).  On September 30, 2015, the Defendants filed a Reply Memorandum of Law in further support of their Motion (Civ. Pro. No. 15-7086, ECF No. 8).  The Motion for Leave is docketed in the District Court but no district judge has been assigned.

3. <u>Answer</u>.  On September 30, 2015, the Defendants filed their Answer and Affirmative Defenses to the Fourth Amended Complaint requesting a jury trial.

2

4. <u>Defendants' Request for a Consensual Stay of Discovery</u>. In light of Defendants' Motion for Leave and the restrictions on proceedings and discovery against all other subsequent transferee defendants in this action under this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery [No. 08-01789-SMB ECF No. 8800], Defendants requested that the Trustee agree to a stay of discovery. The Trustee declined. However, the Parties are continuing to confer regarding the prospect of conducting a mediation at some time.

5. <u>Discovery Plan</u>.

    a. Initial Disclosures: the Trustee served his Initial Disclosures upon Defendants in accordance with Fed. R. Civ. P. 26(a) and Fed. R. Bankr. P. 7026 on October 7, 2015. The Defendants served their Initial Disclosures upon the Trustee in accordance with Fed. R. Civ. P. 26(a) and Fed. R. Bankr. P. 7026 on October 14, 2015.

    b. Subjects on Which Discovery May Be Needed: the Parties contemplate that discovery will be needed on the following:

        (1) amount invested by the Defendants in BLMIS;

        (2) amount of the initial transfers made from BLMIS to the Defendants;

        (3) avoidability and recovery of the initial transfers;

        (4) whether the investment advisory business at BLMIS was a Ponzi scheme;

        (5) whether the investment advisory business at BLMIS was a fraud;

        (6) whether BLMIS was insolvent;

        (7) account activity in the Defendants' customer accounts with BLMIS;

3

      (8)    principal balance calculation in the Defendants' customer accounts on the BLMIS Filing Date;

      (9)    whether quantitative and qualitative evidence in the Defendants' customer statements and trade confirmations showed that BLMIS did not engage in any securities trades;

      (10)    whether the Defendants were sophisticated professionals experienced in the securities industry and finance;

      (11)    whether the Defendants' managers, consultants and administrator regularly reviewed and analyzed the customer statements and trade confirmations;

      (12)    whether the Defendants' managers, consultants and administrator knew that BLMIS had not engaged in any securities trades;

      (13)    whether the Defendants acted in good faith when they withdrew from BLMIS a portion of the amounts that they invested in BLMIS;

      (14)    whether the Defendants' net losses from investing in BLMIS harmed other customers of BLMIS; and

      (15)    the Defendants' affirmative defenses.

c.    Fact and expert discovery will be needed.

d.    Document Requests: Requests for documents may be served as required until September 15, 2016.

      (1)    The Trustee served the Defendants with requests for the production of documents on October 7, 2015.

e.    Interrogatories:

      (1)    In accordance with Local Bankr. R. 7033-1(a), the Parties may serve interrogatories from February 1, 2016, up to and including July 1, 2016.

      (2)    In accordance with Local Bankr. R. 7033-1(b), the Parties may serve interrogatories from March 15, 2016, up to and including November 15, 2016, provided they are (i) a more practical method of obtaining the information sought than a request for production or a deposition, or (ii) ordered by the Court, as required by Local Bankr. R. 7033-1(b).

        (3)    In accordance with Local Bankr. R. 7033-1(c), the Parties may serve contention-based interrogatories from April 4, 2016, up to and including November 15, 2016.

  f.    Requests for Admission: The Parties may serve Requests for Admission on or before February 28, 2017.

  g.    Limitations: Limitations on written discovery will be governed by the Fed. R. Civ. P. and the Court's Local Rules, subject to amendment by agreement of the Parties, or application for good cause to, and order of, the Court.

  h.    Experts: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before March 31, 2017. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before June 30, 2017. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except upon prior express permission of the Court, upon application made no later than 10 days after June 30, 2017. All experts may be deposed, but such depositions must occur on or before August 31, 2017. The deadline for expert depositions will not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by September 30, 2017.

  i.    Depositions: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date in paragraph 5(j) below.

        Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under the Fed. R. Civ. P., although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party may apply to the Court for an extension of that time limit. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures and that the number of depositions may exceed ten (10).

j.    Discovery Cut-Off: All fact discovery, other than requests for admissions and responses thereto, must be completed on or before December 15, 2016.

k.    Document Production Protocol: The Parties intend to enter into a protocol for the production of electronically stored information (ESI). The Parties may produce discovery, including initial disclosures, on a CD-ROM, or other similar electronic format. Information and documents produced or made available electronically shall be in the form in which the producing Party possesses such documents, and shall where available:

(1)    be text searchable;

(2)    provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;

6

  (3) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

  (4) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee; and

  (5) provide additional formats of production, metadata, or native documents if requested by a Party.

The Parties shall meet and confer first in a good-faith attempt to resolve any dispute, or thereafter comply with Local Bankr. R. 7007-1 to resolve the dispute.

6. <u>Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action</u>.  The Parties do not presently believe any modifications are appropriate or necessary, and will contact the Court if this should change.

7. <u>Prospects for Settlement, including whether a Settlement Conference should be Scheduled</u>.  The Parties believe that it would be premature to schedule a settlement conference at this time.

8. <u>Summary Judgment Briefing</u>.  Any party desiring to make a motion for summary judgment must comply with Local Bankr. R. 7056-1(a) by January 15, 2018.

9. <u>Any other Matter that may add to the Just and Expeditious Disposition of this Matter</u>.  The Parties are not presently aware of any other matter that would add to the just and expeditious disposition of this proceeding.

10. <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and trial date.  Defendants have demanded a jury trial for all issues so triable.

11. <u>Next Conference</u>.  The Parties shall appear before the Court on October 28, 2015 at 10:00 a.m. for a pre-trial conference.

12. <u>Parties and Counsel</u>.  The following Parties join in this Case Management Plan, through their counsel.

Dated: October 26, 2015
New York, New York

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BAKER & HOSTETLER LLP |
|---|---|
| BY: *s/ Robert S. Loigman*<br>Susheel Kirpalani<br>susheelkirpalani@quinnemanuel.com<br>Robert S. Loigman<br>robertloigman@quinnemanuel.com<br>Rex Lee<br>rexlee@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>(212) 849-7000 | BY: *s/ David J. Sheehan*<br>David J. Sheehan<br>dsheehan@bakerlaw.com<br>Geraldine E. Ponto<br>gponto@bakerlaw.com<br>Michelle R. Usitalo<br>musitalo@bakerlaw.com<br>45 Rockefeller Plaza<br>New York, New York 10111<br>(212) 589-4200 |
| *Attorneys for Joint Liquidators of Kingate Global, Ltd. and Kingate Euro, Ltd.* | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff* |

So Ordered this <u>26th</u> day of <u>October</u>, 2015.

          /s/ STUART M. BERNSTEIN
          HONORABLE STUART M. BERNSTEIN
          UNITED STATES BANKRUPTCY JUDGE