# EXHIBIT A

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3
4  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
5  In the Matter of:
6
7  SECURITIES INVESTMENTS,          Case No. 08-1789(SMB)
8
9           Debtor.
10 - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11
12                 U.S. Bankruptcy Court
13                 One Bowling Green
14                 New York, New York
15
16
17                 February 14, 2014
18                 11:01 AM
19
20
21
22
23 B E F O R E :
24 HON STUART M. BERNSTEIN
25 U.S. BANKRUPTCY JUDGE

Page 2

1    Hearing re:   Conference Re:   Request for Consolidated

2    Briefing in Madoff (08-1789) in connection with Dkt. Nos.

3    5641, 5644, and 5648.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:   Dawn South

```
 1   A P P E A R A N C E S :

 2   DENTONS US LLP

 3        Attorney for Defendants

 4        1221 Avenue of the Americas

 5        New York, NY 10020-1089

 6

 7   BY:  CAROLE NEVILLE, ESQ.

 8

 9   K&L GATES LLP

10        Attorney for Defendants

11        1601 K Street NW

12        Washington, D.C. 20006-1600

13

14   BY:  RICHARD A. KIRBY, ESQ.

15

16   LOEB & LOEB LLP

17        Attorneys for Defendants

18        345 Park Avenue

19        New York, NY 10154

20

21   BY:  P. GREGORY SCHWED, ESQ.

22        DANIEL B. BESIKOF, ESQ.

23

24

25
```

Pg 5 of 11

**Page 4**

```
 1   BECKER & POLIAKOFF, LLP
 2        Attorney for Defendants
 3        45 Broadway
 4        8th Floor
 5        New York, NY 10006
 6
 7   BY:  JULIE GORCHKOVA, ESQ.
 8
 9   PRYOR CASHMAN LLP
10        Attorney for Defendants
11        7 Times Square
12        New York, NY 10036-6569
13
14   BY:  RICHARD LEVY, JR., ESQ.
15
16   BAKER HOSTETLER
17        Attorneys for the Trustee
18        45 Rockefeller Plaza
19        New York, NY 10111
20
21   BY:  DAVID J. SHEEHAN, ESQ.
22        NICHOLAS J. CREMONA, ESQ.
23        EDWARD J. JACOBS, ESQ.
24
25
```

212-267-6868          www.veritext.com          516-608-2400

```
 1   SECURITIES INVESTOR PROTECTION CORPORATION
 2        Attorney for SIPC
 3        805 15th St., N.W.
 4        Suite 800
 5        Washington, D.C. 20005-2215
 6
 7   BY:  KEVIN H. BELL, ESQ.
 8
 9   WINDELS MARX LANE & MITTENDORF, LLP
10        Counsel of Record for the Trustee
11        156 West 56th Street
12        New York, NY 10019
13
14   BY:  ALAN NISSELSON, ESQ.
15        KIM M. LONGO, ESQ.
16
17   MILBERG LLP
18        Attorney for Defendants
19        One Pennsylvania Plaza
20        New York, NY 10119
21
22   BY:  JOSHUA E. KELLER, ESQ.
23
24
25
```

Page 6

```
 1   KRAMER LEVIN NAFTALIS & FRANEKEL LLP
 2        Attorneys for Defendants
 3        1177 Avenue of the Americas
 4        New York, NY 10036
 5
 6   BY:  ELISE S. FREJKA, ESQ.
 7        PHILIP BENTLEY, ESQ.
 8
 9   SCHULTE ROTH & ZABEL LLP
10        Attorney for Defendants
11        919 Third Avenue
12        New York, NY 10022
13
14   BY:  JENNIFER M. OPHEIM, ESQ.
15
16   BRYAN CAVE LLP
17        Attorney for Defendants
18        1290 Avenue of the Americas
19        New York, NY 10104-3300
20
21   BY:  THOMAS J. SCHELL, ESQ.
22
23
24
25
```

Page 11

1  into that category which we would like to brief on a common
2  briefing schedule.
3         Now I know that Ms. Chaitman (ph) has a number --
4  128 motions to dismiss pending before Your Honor, and those
5  raise a number of the same issues as our motions to dismiss,
6  so we think it makes some sense to coordinate the 200 or so
7  briefs on virtually the same issues.
8         I think that pretty much describes what our
9  thinking is.  Coordination really has been the benchmark of
10 this case right from the get go.
11        The defense group -- our defense group has really
12 not only coordinated amongst ourselves but tried to
13 coordinate with all the other outside counsel to -- to make
14 sure that everybody had a chance to be heard on the -- on
15 the most important issues, and we think that that practice
16 should continue.
17        What we were thinking is that if there was a
18 consolidated docket like Judge Rakoff had you could see
19 where a motion came on or something came on in discovery so
20 that if people knew that that issue affected them they could
21 intervene or notify the Court that they wanted to
22 participate in the briefing on that.
23        So there are some issues I think we could identify
24 right off the top of our heads which we think could be
25 jointly briefed and others which may come up as the briefing

```
 1   Circuit right now.  546(e) and the inflation adjustment.
 2   Those with the two issues.
 3              THE COURT:  All right.  Yes.
 4              MR. SCHWED:  If I might just the mechanical
 5   question it seemed as if there is one question which both
 6   sides agree upon and that's the master docket which we have
 7   discussed in the past and I think there was general
 8   agreement but it's not happened.  I don't know if it
 9   requires a perfunctory order from the Court or how it should
10   be done to make it happen so there are dual entries
11   essentially --
12              THE COURT:  Uh-huh.
13              MR. SCHWED:  -- individual adversary proceedings,
14   and a master calendar, but that would go a long way toward I
15   think addressing some of the problems we've raised here.
16              I defer to Your Honor obviously in terms of the
17   best way to handle that.
18              THE COURT:  Well it seems to me that's the easiest
19   thing to deal with, because even if you can't have a
20   consolidated docket the trustee could send out an email
21   blast to everybody saying these motions were filed in these
22   cases go look at the docket sheets.
23              MR. SCHWED:  That would be fine as well, Your
24   Honor.
25              THE COURT:  That's an easy one, but the problem I
```

1    have with -- yes, sir.

2            MR. KIRBY:  Just one quick point.

3            On the issue of discovery we think it is a much

4    broader issue that we need to coordinate on than the issue

5    identified by Mr. Sheehan.

6            THE COURT:  All right.  Let me deal with the

7    motions and the consolidated motions.

8            I mean in principal I don't disagree with you,

9    Ms. Neville, but the problem is I have 1,000 cases that have

10   to be tried and maybe another 1,000 claims objections, or

11   whatever the number is, that have to be resolved, and what

12   you're really suggesting and what caught my ear is when you

13   said don't try the case, it's scheduled for trial, is then

14   all these proceedings can't move any faster than the slowest

15   case.  So if somebody calls up and they say, oh, I can't be

16   in town I need an extension, I have to -- I'm going away on

17   a vacation with my kids that slows everything up.

18           If you can come up with a proposal which makes

19   sense I'll certainly hear it, but right now I have a pending

20   motion to dismiss, it's been out there for a while,

21   apparently you found out about it because I suspect that

22   what was contributed to writing the letter that I got and my

23   intention is to decide that motion.  It doesn't stop people

24   from making other motions and raising arguments that I

25   haven't considered.

```
 1              If I decide it one way based on a certain argument
 2    and you make the same argument it's probably going to be
 3    decided the same way, but I don't know of any better way to
 4    deal with and start to try these 1,000 cases.
 5              MS. NEVILLE:  Well, Your Honor, I think there are
 6    two different things --
 7              THE COURT:  I mean the bottom line is I'm not
 8    going stay anything.
 9              MS. NEVILLE:  There are two different things here.
10    One is the consolidated briefing and the other is the things
11    -- the cases moving to trial.
12              In the consolidated briefing if you gave us two
13    more weeks we would intervene and Ms. Chaitman --
14              THE COURT:  You haven't even told me what issues
15    you want to brief.
16              MS. NEVILLE:  -- or put our motions on the
17    calendar, because we've got -- our motions have been pending
18    since last March.  So that we at least can move in lock stop
19    with Ms. Chaitman.  That isn't stopping the trial, that is
20    just moving 10 or more issues together with almost 200
21    cases.
22              THE COURT:  Uh-huh.
23              MS. NEVILLE:  So that's one thing I would ask Your
24    Honor.
25              I can't really speak to the trial issues since
```