**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; WENDY BROWN; and RBC CENTURA BANK, <br> Defendants. | Adv. Pro. No. 10-04468 (SMB) |

## TRUSTEE'S REQUEST FOR A CERTIFICATE OF DEFAULT

To:    CLERK OF THE COURT
       UNITED STATES BANKRUPTCY COURT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, by and through his counsel, Young Conaway Stargatt & Taylor, LLP, respectfully requests that the Clerk of the Court issue a Certificate of Default against defendant Kenneth W. Brown, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 7055-1 for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court file and from the attached Affidavit.

01:17879895.2

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Trustee's Motion in its entirety and provide for such other relief as this Court deems just and proper.

Dated: October 30, 2015

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By:  /s/ Matthew B. Lunn
Matthew B. Lunn
Justin P. Duda
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Email: mlunn@ycst.com

*Attorneys for Plaintiff Irving H. Picard,
Trustee for the Liquidation of Bernard L.
Madoff Investment Securities LLC*

**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; WENDY BROWN; and RBC CENTURA BANK,<br>          Defendants. | Adv. Pro. No. 10-04468 (SMB) |

## AFFIDAVIT SUPPORTING THE TRUSTEE'S REQUEST
## FOR A CERTIFICATE OF DEFAULT

STATE OF DELAWARE      )
                                   ) ss:
COUNTY OF NEW CASTLE    )

Matthew B. Lunn, being duly sworn, hereby attests as follows:

1.     I am a member of the Bar of this Court and a partner at the firm of Young Conaway Stargatt & Taylor, LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the estate of Bernard L. Madoff, individually.  I submit this affidavit in support of the Trustee's application for a certificate of default from the Clerk pursuant to Bankruptcy Rule 7055 of the Federal Rules of Bankruptcy and Local Bankruptcy Rule 7055-1.

2.     On November 12, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Ken-Wen Family Limited Partnership ("Ken-Wen"), Kenneth W. Brown, in his capacity as a general partner of Ken-Wen ("Mr. Brown" or the "Defaulting Defendant"), Wendy Brown ("Ms. Brown") and RBC Centura Bank ("RBC," and together with Ken-Wen, Mr. Brown and Ms. Brown, the "Defendants").  (Dkt. No. 1).  The Complaint asserted claims pursuant to sections 78fff(b), 78FFF-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and other applicable law, seeking the

avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of Ken-Wen. (*Id.*).

3.    On January 13, 2011, the Clerk of this Court issued a summons upon the Defendants. (Dkt. No. 3).

4.    On January 20, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, timely served the summons and Complaint upon Mr. Brown. An Affidavit of Service evidencing proper and timely service was filed with the Court. (Dkt. No. 4). A true and correct copy of the Affidavit of Service is attached hereto as Exhibit A.

5.    On February 4, 2011, the Clerk of this Court issued a second summons. (Dkt. No. 5).

6.    Pursuant to the Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order (the "Case Management Order") governing the litigation of certain avoidance actions, including the Adversary Proceeding, the time by which the Defaulting Defendant could answer or otherwise move with respect to the Complaint was set to expire on April 5, 2011. (*See* Dkt. No. 5).

7.    On March 11, 2011, the Trustee filed a notice (Dkt. No. 7) extending the time by which the Defaulting Defendant could answer or otherwise move with respect to the Complaint to July 5, 2011.

8.    On July 25, 2011, the Trustee and the Defaulting Defendant stipulated and agreed that: (i) the time by which the Defaulting Defendant may answer or otherwise respond to the Complaint would be September 30, 2011; (ii)  any defenses based on

insufficiency of process or insufficiency of service of process of the summons and Complaint would be waived; and (iii) pursuant to the Case Management Order, pleadings in the Adversary Proceeding would be served on the Defaulting Defendant by e-mail service to his attorney Jeffery Bernfeld at Bernfeld, DeMatteo & Bernfeld, LLP. (Dkt. No. 10).

9.      The Trustee and the Defaulting Defendant entered into a number of additional stipulations extending the time by which the Defaulting Defendant may answer or otherwise respond to the Complaint through and including May 31, 2013 (Dkt. Nos. 15, 19, 21, 22, 23, 24, 25, 27, and 29).

10.     Upon motion of the Defaulting Defendant, among others, on January 24, 2014, the Court entered an order setting February 17, 2014 as the time by which the Defaulting Defendant shall answer, move or otherwise respond to the Complaint.  (Dkt. No. 38).

11.     On February 18, 2014, the Defaulting Defendant, along with Ken-Wen and Ms. Brown, filed a motion to dismiss the Complaint and supporting memorandum of law (the "Motion to Dismiss").  (Dkt. No. 41).

12.     On June 2, 2015, the Court entered its *Memorandum Decision Regarding Omnibus Motions to Dismiss* (Dkt. No. 56), which, among other things, set forth the Court's decision to deny the Motion to Dismiss as it applies to the Defaulting Defendant.

13.     On July 16, 2015, the Court entered its *Order Granting in Part and Denying in Part Defendants' Motions to Dismiss* (Dkt. No. 59) (the "MTD Order"), which set September 18, 2015 as the date by which the Defaulting Defendant must file his answer to the Complaint.

4

14.     On September 18, 2015, Defendants Ken-Wen and Ms. Brown filed a joint answer to the Complaint, but no answer was filed by or on behalf of the Defaulting Defendant.   Counsel for the Trustee has reached out to counsel for the Defaulting Defendant regarding the fact that the Defaulting Defendant has not answered the Complaint.

15.     As of the date hereof, the Defaulting Defendant has not filed an answer to the Complaint.

16.     Upon information and belief, the Defaulting Defendant is neither an infant nor incompetent.

17.     On October 26, 2015, I utilized the Servicemembers Civil Relief Act Centralized Verification Service to perform a search on the Department of Defense Manpower Data Center (DMDC).   Upon searching the information data banks of DMDC, the DMDC does not possess any information indicating that Mr. Brown is currently on active duty as to all branches of the Military.

18.     In connection with the preparation of this Affidavit, on October 22, 2015, counsel for the Trustee learned that the Defaulting Defendant commenced, on February 14, 2013, a case (the "Brown Bankruptcy") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court").   On March 3, 2015, the Florida Bankruptcy Court confirmed a chapter 11 plan of reorganization (the "Brown Plan") in the Brown Bankruptcy.   (Brown Bankruptcy Dkt. No. 420).   The Brown Plan went effective on April 30, 2015 (the "Effective Date").   (Brown Bankruptcy Dkt. No. 500).   Pursuant to the Brown Plan, upon

the Effective Date, the automatic stay under section 362 of the Bankruptcy Code ceased to
operate in the Brown Bankruptcy.

19.    Despite the fact that the Trustee is a known creditor of Mr. Brown,[1] the
Trustee and his counsel have never been provided notice of the Brown Bankruptcy, nor
any matter involved therein, including, but not limited, to the Brown Plan or any bar date
for the filing of proofs of claim.

20.    I declare under penalty of perjury that the foregoing is true and accurate to
the best of my knowledge, information and belief.

Matthew B. Lunn

Sworn to before me this
30th day of October, 2015

Notary Public    MELISSA L. ROMANO
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires June 5, 2018

---

[1] Mr. Brown listed the Adversary Proceeding in his response to Question 4, regarding suits and administrative
proceedings, in his Statements of Financial Affairs filed in the Brown Bankruptcy (Brown Bankruptcy Dkt. No. 25).

6

# **EXHIBIT A**

Affidavit of Service

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

------------------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiff-Applicant,

     v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

------------------------------------------------------------------

In re:

BERNARD L. MADOFF,

               Debtor.

Case No. 09-11893 (BRL)

------------------------------------------------------------------

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

               Plaintiff,

Adv. Pro. No. 10-04468 (BRL)

     v.

KEN-WEN FAMILY LIMITED PARTNERSHIP;
KENNETH W. BROWN, in his capacity as a
General Partner of the Ken-Wen Family Limited
Partnership; WENDY BROWN,; and RBC
CENTURA BANK,

               Defendants.

------------------------------------------------------------------

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                        )   ss:
COUNTY OF NEW YORK  )

I, Emily E. Holley declare:

    1.      I am over the age of 18 years and not a party to these chapter 11 cases.

    2.      I am employed by Donlin, Recano & Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

300108860

3.  On the 20th day of January, 2011, I caused a true and accurate copy of the:

    (i)  "Complaint", along with the relevant exhibits (Docket No. 1); and the

    (ii)  "Notice of Applicability of the Order Approving Case Management Procedures for Avoidance Actions" (Docket No. 2); and the

    (iii)  "Summons and Notice of Pretrial Conference in An Adversary Proceeding" (Docket No. 3); and the

    (iv)  "Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order" dated November 11, 2010; and the

    (v)  "Avoidance Action Executive Summary Letter dated December 20, 2010"; and the

    (vi)  "Amended Notice of Omnibus Avoidance Action Hearing Dates",

to be served upon the parties listed on Exhibit 1, attached hereto, via First Class US Mail.

4.  Said documents were securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class Mail.

5.  I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed this 20th day of January, 2011 at New York, New York.

By _____
Emily E. Holley

Sworn before me this
20th day of January, 2011

_____
Notary Public

ROBERT ROTMAN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02RO6211735
COMM. EXP. September 21, 2013

300108860

**Adv Pro No: 10-04468 (BRL)**
**Exhibit 1**
**Redacted Version**

---

KEN-WEN FAMILY LIMITED PARTNERSHIP

    KEN-WEN FAMILY LIMITED PARTNERSHIP
    PALM BEACH FLORIDA 33480

    000685 004438

    KEN-WEN FAMILY LIMITED PARTNERSHIP
    LANTANA FLORIDA 33462

    000685 008603

---

KENNETH W. BROWN

    KENNETH W. BROWN
    LANTANA FLORIDA 33462

    001866 008602

---

WENDY BROWN

    WENDY BROWN
    LAKE WORTH FLORIDA 33462

    001867 004440

---

RBC CENTURA BANK

    RBC CENTURA BANK
    SEATTLE WASHINGTON 98101

    004439 009861