**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Christa C. Turner
*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>v.<br><br>STANLEY GORDON BENNETT III 1988 TRUST, and STANLEY GORDON BENNETT III individually and in his capacity as settlor and trustee of the Stanley Gordon Bennett III 1988 Trust,<br><br>          Defendants. | Adv. Pro. No. 10-05021 |

**STIPULATION AND ORDER AGREEING TO APPLY DECISION IN THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING**

**WHEREAS**, on December 2, 2010, the plaintiff, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*., and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), commenced the above-captioned adversary proceeding in the Bankruptcy Court against defendants Stanley Gordon Bennett III 1988 Trust, and Stanley Gordon Bennett III individually and in his capacity as settlor and trustee of the Stanley Gordon Bennett III 1988 Trust (the "Defendants," together with the Trustee, the "Parties") (the "Adversary Proceeding");

**WHEREAS**, on February 14, 2014, a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

**WHEREAS**, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

**WHEREAS,** on April 17, 2014, Defendants moved to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, on May 19, 2014, the Parties sought and received permission from the Court to proceed to mediation and mutually selected Francis G. Conrad to act as Mediator in this matter;

**WHEREAS**, on August 26, 2014, the mediation concluded with the Parties unable to reach an amicable resolution despite repeated efforts at mediation;

**WHEREAS**, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

2

**WHEREAS**, on September 25, 2014, Defendants renewed their motion to dismiss the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, the Defendants were neither a party to, nor joined in the Omnibus Proceedings;

**WHEREAS**, the Defendants' motion to dismiss and renewed motion to dismiss (the "Motions") incorporate all the arguments set forth by similarly situated defendants in the Omnibus Proceedings;

**WHEREAS**, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)]; and

**WHEREAS,** on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust,* 14-1128 and *Picard v. Ida Fishman Revocable Trust,* 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this Adversary Proceeding.

Accordingly, it is hereby **ORDERED** that:

1.    The Decision rendered in the Omnibus Proceeding applies equally to this Adversary Proceeding and such Decision disposes of the Motions filed herein.

2.    Pursuant to the Supreme Court Decision, Counts Two, Three, Four, Five, and Six, of the Complaint are hereby dismissed with prejudice.

3.    As to the count in the Complaint seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of the Bankruptcy Code, applicable

provisions of SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law (the "Subsequent Transferee Count"), the Motions are granted with respect to the Subsequent Transferee Count and such count is hereby dismissed from the Complaint without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015, and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code.

4.      In all other respects, the Motions are denied.

5.      This Stipulation has no effect on Count One of the Complaint.

6.      The Clerk of the Court is hereby directed to amend the caption to remove certain parties, as reflected on Exhibit A to this Stipulation.

7.      Defendants shall file their answer to the Complaint on or before forty-five (45) days of the entry of this Order.  The Adversary Proceeding will move forward thereafter on schedules to be established by further order of the Court after consultation among the parties in accordance with the applicable rules of procedure.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

9.      This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated:   November 4, 2015

/s/      *Nicholas J. Cremona*                          /s/  *Raquel Kraus*                              
Baker & Hostetler LLP                          1450 Broadway, 35th Floor
45 Rockefeller Plaza                           New York, NY 10018
New York, NY 10111                             Telephone: 212.696.1999
Telephone: (212) 589-4200                      Facsimile: 212.566.4531
Facsimile: (212) 589-4201                      Barry R. Lax
David J. Sheehan                               Email: blax@laxneville.com
Email: dsheehand@bakerlaw.com                  Brian J. Neville
Nicholas J. Cremona                            Email: bneville@laxneville.com
Email:  ncremona@bakerlaw.com                  Raquel Kraus
Christa C. Turner                              Email: rkraus@laxneville.com
Email: cturner@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*       *Attorneys for Defendants*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

Dated: New York, New York              /s/ STUART M. BERNSTEIN 
       November 4th, 2015              HONORABLE STUART M. BERNSTEIN
                                       UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Christa C. Turner
*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05021 (SMB) |
| v. | |
| STANLEY GORDON BENNETT III 1988 TRUST, and STANLEY GORDON BENNETT III in his capacity as settlor and trustee of the Stanley Gordon Bennett III 1988 Trust, | |
| Defendants. | |