Stanley S. Arkin (SA-1373)
Lisa C. Solbakken
Alex Reisen
ARKIN SOLBAKKEN LLP
750 Lexington Avenue, 25th Floor
New York, New York 10022
(212) 333-0200
sarkin@arkin-law.com
*Attorneys for FGLS Equity LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
SECURITIES INVESTOR PROTECTION : SIPA LIQUIDATION
CORPORATION, :
: Index No. 08-01789
Plaintiff : (SMB)
:
vs. :
:
BERNARD L. MADOFF INVESTMENT SECURITIES : **OBJECTION TO**
LLC, et al., : **TRUSTEE'S**
: **DETERMINATION OF**
Defendants, : **CLAIM**
:
:
------------------------------------------------------------------------x

FGLS Equity LLC ("FGLS") hereby objects to the Notice of Trustee's Determination of Claim dated October 7, 2015 (the "Determination Letter") and states as follows:

**BACKGROUND FACTS**

1. FGLS holds an account with Bernard L. Madoff Investment Securities LLC ("BLMIS"), bearing BLMIS Account No. 1F0178 (the "Account").

2. According to the Trustee, during the period from November 1, 2002 through November 24, 2008, FGLS deposited a total of $22,794,075 into the Account and withdrew a total of $16,195,000 from the Account. However, the Trustee is crediting the Account with

deposits of only $19,645,000 because the Trustee has assigned no value to a transfer (the "Transfer") made from another BLMIS account (the "Transferor Account") in the amount of $3,149,075.

3. It is important to note that this Transfer was a true arms-length transaction, rather than the mere shuffling of funds among accounts belonging to the same individual or entity.

4. FGLS sent a SIPC claim to the Trustee for the Account asserting a claim for $12,245,897.63 based upon its final BLMIS statement.

5. In the Determination Letter, the Trustee allowed FGLS's claim in the amount of $3,450,000, ignoring the full amount of the Transfer and ignoring all appreciation in the Account. *See* Exhibit A hereto.

6. The Determination Letter attaches a table ("Table 1") listing each deposit and withdrawal. In relevant part, Table 1 reads as follows:

| DEPOSITS | | | |
|---|---|---|---|
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 11/1/2002 | TRANS FROM 1ZA54230 | $3,149,075.00 | $0.00 |

*See* Exhibit A at 4.

7. The Determination Letter does not specify the basis for the Trustee's decision not to credit the Account with the $3,149,075 Transfer from the Transferor Account. In particular, the Determination Letter does not allege that the Transferor Account consisted only of fictitious profits or that there was no actual net investment in the Transferor Account sufficient to cover the Transfer.

**GROUNDS FOR OBJECTION**

8. The Trustee has failed to state a basis in the Determination Letter for the position it has taken. Thus, the Trustee has not complied with the requirement that an

2

> objection to a claim should . . . meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses.

Collier on Bankruptcy ¶ 3007.01(3) (15th ed.); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (S.D.N.Y. Jan. 13, 2003).

9. In particular, last year this Court issued a decision approving the Trustee's so-called "Inter-Account Method" for the treatment of transfers from one BLMIS customer account to another BLMIS customer account. *See SIPC v. BLMIS LLC*, 522 B.R. 41, 62 (Bankr. S.D.N.Y. 2014) (the "Inter-Account Method Decision"). In this decision, the Court made clear that (i) the Trustee first uses the Net Investment Method to determine the actual net investment in the Transferor Account (excluding fictitious profits), and (ii) then credits the transferee account (in this case, FGLS's account) with a transfer in that amount. *See id.* at 47-48.

10. For example, if the Transferor Account had an account balance of $10 million, computed under the Net Investment Method, this would be enough to cover the entire $3,149,075 transfer, and FGLS's account would be credited with the full $3,149,075. If, on the other hand, the Transferor Account had an account balance of only $2 million computed under the Net Investment Method, then FGLS's account would receive credit for only $2 million.

11. However, the Determination Letter does not specify – or even mention – the account balance of the Transferor Account, and nowhere alleges that it contained entirely of fictitious profits or provides any other basis for assigning zero value to the Transfer. The Determination Letter thus fails to allege the basis for disallowing, in its entirety, this portion of FGLS's claims.

12. To the extent the Transferor Account contained some net investment amount, then the FGLS Account should be credited with a transfer in that amount. *Inter-Account Method Decision*, 522 B.R. at 47-48.

13. FGLS also adopts and incorporates the same arguments raised by the "Objecting Claimants" in their objections to the motion underlying the Inter-Account Method Decision. *See Inter-Account Method Decision*, 522 B.R. at 53-62 (describing and rejecting arguments). While FGLS recognizes that this Court has considered and rejected these arguments, FGLS respectfully adopts those arguments for purposes of preserving its rights on appeal.

14. For example – among other things – the Determination Letter fails to comply with the Court order dated December 23, 2008, which directs the Trustee to satisfy customer claims and to deliver securities in accordance with "the Debtor's books and records" – as BLMIS's customer account statements are reflective of "the Debtor's books and records" by which the Trustee is bound, absent proof that FGLS did not have a "legitimate expectation" that the balance on the Account statement represented its property.

15. Further, application of the Inter-Account Method to a transfer occurring more than two years prior to the BLMIS SIPA liquidation proceeding violates the statutory two-year reach-back period for fraudulent transfers set forth in Bankruptcy Code § 548(a)(1)(A).

16. The Inter-Account Method also prioritizes form over substance, as it treats economically identical transactions differently – penalizing customers who received funds by direct inter-account transfers, but not customers who received the same funds by way of a separate withdrawal and deposit.

4

17. These arguments, and other arguments previously raised by the "Objecting Claimants" (as set forth in the *Inter-Account Method Decision*), are hereby incorporated into this Opposition for purposes of preserving FGLS's rights.

18. For these reasons, FGLS respectfully submits that it is entitled to an order compelling the Trustee and SIPC to have its claim recognized in the amount of $12,245,897.63, consistent with its final statements.

19. Further, as the Trustee was indisputably aware of its obligation to "make clear which facts are disputed" and to "allege facts necessary to [its position]," but nonetheless wholly declined to do so, FGLS respectfully requests that this Court dismiss the Trustee's objection without leave to amend.

Dated: New York, New York
November 5, 2015

ARKIN SOLBAKKEN LLP

By: /s/ *Stanley S. Arkin*
Stanley S. Arkin (SA-1373)
Lisa C. Solbakken
Alex Reisen
Arkin Solbakken LLP
750 Lexington Avenue – 25th Floor
New York, New York 10022
(212) 333-0200
*Attorneys for FGLS Equity LLC*