Peter S. Partee, Sr.
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1100

*Attorneys for the Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick, <br><br> Defendants. | Adv. Pro. No. 10-05257 (SMB) |

## <u>DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT</u>

Defendants Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick,

individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant;

Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr.,

as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as

personal representative of the Estate of Lorraine Zraick, ("Defendants"); as and for their Answer

to the Amended Complaint [DE 15] (the "Complaint")[1] filed against them in this case by

Plaintiff Irving H. Picard ("Plaintiff" or "Trustee"), as Trustee for the liquidation of the business

of Bernard Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of

Bernard L. Madoff individually ("Madoff"), state to the Court as follows:

## NATURE OF PROCEEDINGS

1.      Defendants state that the allegations of paragraph 1 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, the

Defendants deny that they received any avoidable transfers from BLMIS and deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1,

and on that basis deny the allegations.

2.      Defendants state that the allegations of paragraph 2 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, the

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 2, and on that basis deny the allegations.

3.      Defendants state that the allegations of paragraph 3 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, the

Defendants deny that they received any avoidable transfers from BLMIS and deny knowledge or

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Complaint.

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3, and on that basis deny the allegations.

4.      Defendants state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendants admit that paragraph 3 purports to summarize the action commenced by the Complaint, but denies that the Trustee is entitled to any relief of any kind against the Defendants.

## JURISDICTION AND VENUE

5.      Defendants state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Defendants state that the allegations of paragraph 6 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in paragraph 6.

7.      Defendants admit the allegations of paragraph 7 of the Complaint.

## DEFENDANTS

8.      Defendants admit the allegations of paragraph 8 that Edward A. Zraick, Jr. holds a BLMIS account in the name "Edward A. Zraick, Jr. and Nancy Zraick TIC," with an account address reported as Brooklyn, New York, and that Mr. Zraick also holds a BLMIS account in the name "Edward A. Zraick, Jr., Patricia DeLuca, Karen M. Rich TIC," with the account address reported as Brooklyn, New York.  Defendants admit the allegation of paragraph 8 that Edward A. Zraick, Jr. maintains his residence in Brooklyn, New York.  Defendants deny the allegation that "Edward A. Zraick, Jr. received subsequent transfers of avoidable transfers to the 1Z0035 Defendants."

9.    Defendants admit the allegations in paragraph 9.

10.    Defendants admit the allegations of paragraph 10 that Patricia Zraick DeLuca holds a BLMIS account in the name "Edward A. Zraick, Jr., Patricia DeLuca, Karen M. Rich TIC," with the account address reported as Brooklyn, New York.  Defendants admit the allegation of paragraph 10 that Patricia Zraick DeLuca maintains her residence in Brooklyn, New York.  Defendants deny the allegation that "Patricia Zraick DeLuca received subsequent transfers of avoidable transfers to the 1Z0035 Defendants."

11.    Defendants admit the allegations of paragraph 11 that Karen M. Rich holds a BLMIS account in the name "Edward A. Zraick, Jr., Patricia DeLuca, Karen M. Rich TIC," with the account address reported as Brooklyn, New York.  Defendants admit the allegation of paragraph 10 that Karen M. Rich maintains her residence in Brooklyn, New York.  Defendants deny the allegation that "Karen M. Rich received subsequent transfers of avoidable transfers to the 1Z0035 Defendants."

12.    Defendants admit that Lorraine Zraick was a former BLMIS account holder who died on or about October 28, 2003, that prior to her death Lorraine Zraick held a BLMIS Account in the name of "Lorraine Zraick" with an account address reported as Brooklyn, New York, and that after her death, the funds in her account, as reported by BLMIS, were transferred to another BLMIS account in the name "Estate of Lorraine Zraick."  Defendants deny the other allegations in paragraph 12.

13.    Defendants admit that the Estate of Lorraine Zraick held a BLMIS account in the name of "Estate of Lorraine Zraick", with an account address reported as Brooklyn, New York, but deny that the Estate of Lorraine Zraick received avoidable transfers from BLMIS.

14.    Defendants deny the allegations in paragraph 14.

4

## BACKGROUND, THE TRUSTEE AND STANDING

15.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the factual allegations of paragraph 15, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

16.     Defendants assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

17.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the factual allegations of paragraph 17, and further assert that the filings, orders, and proceedings in the District Court Proceeding are legal documents that speak for themselves.

18.     The "Protective Decree" is a legal document that speaks for itself and, therefore, Defendants deny allegations inconsistent with this legal document.  To the extent further response to paragraph 18 is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

19.     The "orders" referenced in paragraph 19 are legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with those legal documents. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 19.  To the extent further response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     The allegations in paragraph 20 refer to information contained in legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 20 is required, Defendants deny

knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and refer the Court to the filings, orders and proceedings in the criminal action against Bernard L. Madoff.

21.      The allegations in paragraph 21 refer to information contained in legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with such legal documents.  To the extent further response to paragraph 21 is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 that the Trustee is in the process of marshalling BLMIS' assets, that the liquidation of BLMIS' assets is well underway, and that such assets will not be sufficient to reimburse the customers of BLMIS for the billions they invested with BLMIS over the years.  As to all other allegations contained in paragraph 22, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations.

23.      Defendants state that the allegations of paragraph 23 are legal conclusions or arguments as to which no response is required.  To the extent further response to paragraph 23 is required, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis deny such allegations.

24.      Defendants state that the allegations of paragraph 24 are legal conclusions or arguments as to which no response is required.

25.    Defendants state that the allegations of paragraph 25 and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained in paragraph 25.

## THE FRAUDULENT PONZI SCHEME

26.    Defendants admit that BLMIS was a securities broker-dealer registered with the SEC and SIPC.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and on that basis deny such allegations.

27.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27, and on that basis deny such allegations.

28.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28, and on that basis deny such allegations.

29.    Defendants admit that they received periodic statements and trading confirmations from BLMIS showing the securities that were held in, or had been traded through, the Accounts.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, and on that basis deny such allegations.

30.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30, and on that basis deny such allegations.

31.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31, and on that basis deny such allegations.

32.    Defendants deny that any monies sent to BLMIS were used to enrich Defendants or that Defendants had any knowledge of a fraudulent scheme, to the extent one existed.  To the extent Plaintiff is alleging that Defendants are "investors" in BLMIS, Defendants deny that

characterization.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32, and on that basis deny such allegations.

33.    Defendants state that the allegations of paragraph 33 are legal conclusions or arguments as to which no response is required.  To the extent Plaintiff is alleging that Defendants are "investors" in BLMIS, Defendants deny that characterization.  To the extent further response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33, and on that basis deny such allegations.

34.    To the extent Plaintiff is alleging that Defendants are "investors" in BLMIS, Defendants deny that characterization.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 34, and on that basis deny such allegations.

35.    Defendants admit that they received statements from BLMIS.  To the extent Plaintiff is alleging that Defendants are "investors" in BLMIS, Defendants deny that characterization.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 35, and on that basis deny such allegations.

36.    To the extent Plaintiff is alleging that Defendants are "investors" in BLMIS, Defendants deny that characterization. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 36, and on that basis deny such allegations.

37.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37, and on that basis deny such allegations.

38.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 38, and on that basis deny such allegations.

39.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39, and on that basis deny such allegations.

40.     Defendants state that the allegations of paragraph 40 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40, and on that basis deny such allegations.

## THE ACCOUNT AGREEMENTS

41.     Defendants admit that they maintained accounts with BLMIS, and that they entered into certain account agreements with BLMIS, but deny knowledge and information sufficient to form a belief as to the contents of BLMIS' records and as to whether the Account Agreements were executed or delivered to BLMIS  at BLMIS' headquarters at 885 Third Avenue, New York, New York.

42.     Defendants deny the allegations in paragraph 42 except admit that Defendants made deposits into the Accounts.  As to the truth of the remaining allegations contained in paragraph 42, Defendants refer to the Account Agreements for the specified terms.

## THE OBLIGATIONS

43.     Defendants state that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43, and on that basis deny the allegations.

44.     Defendants state that the allegations of paragraph 44 are legal conclusions or arguments as to which no response is required.  To the extent a response is required Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44, and on that basis deny the allegations.

45.    Defendants state that the allegations of paragraph 45 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45, and on that basis deny the allegations.

### THE TRANSFERS

46.    Defendants deny the allegations set forth in paragraph 46.

47.    Defendants deny the allegations set forth in paragraph 47.

48.    Defendants state that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 48, and on that basis deny the allegations.

49.    Defendants state that the allegations of paragraph 49 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49, and on that basis deny the allegations.

50.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50, and on that basis deny the allegations.

51.    Defendants state that the allegations of paragraph 51 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 51, and on that basis deny the allegations.

52.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52, and on that basis deny the allegations.

53.     Defendants state that the allegations of paragraph 53 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 53.

## CUSTOMER CLAIMS

54.     Defendants admit the allegations of paragraph 54.

55.     The orders referenced in paragraph 55 are legal documents that speak for themselves and, therefore, Defendants deny allegations inconsistent with those legal documents. To the extent further response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55.

## COUNT ONE
## FRAUDULENT TRANSFERS AND OBLIGATIONS – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551
### (1Z0020 Defendants)

This cause of action has been dismissed to the extent it seeks avoidance of "obligations" in accordance with the  *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

56.     Defendants respond to paragraph 56 as they have responded to the allegations incorporated by reference therein.

57.      Defendants state that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

58.     Defendants state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

59.     Defendants state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

60.     Defendants state that the allegations of paragraph 60 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

61.     Defendants state that the allegations of paragraph 61 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

62.     Defendants state that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT TWO**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551**
**(1Z0020 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

63.     Defendants respond to paragraph 63 as they have responded to the allegations incorporated by reference therein.

64.     Defendants state that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

65.    Defendants state that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

66.    Defendants state that the allegations of paragraph 66 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

67.    Defendants state that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

68.    Defendants state that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

69.    Defendants state that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

70.    Defendants state that the allegations of paragraph 70 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

71.    Defendants state that the allegations of paragraph 71 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

72.     Defendants state that the allegations of paragraph 72 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## COUNT THREE
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
### (1Z0020 Defendants)

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

73.     Defendants respond to paragraph 73 as they have responded to the allegations incorporated by reference therein.

74.     Defendants state that the allegations of paragraph 74 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

75.     Defendants state that the allegations of paragraph 75 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

76.     Defendants state that the allegations of paragraph 76 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

77.     Defendants state that the allegations of paragraph 77 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

### COUNT FOUR
### FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND
### CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
### (1Z0020 Defendants)

This cause of action has been dismissed with prejudice in accordance with the

*Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary*

*Proceeding* [DE 43].

78.     Defendants respond to paragraph 78 as they have responded to the allegations

incorporated by reference therein.

79.     Defendants state that the allegations of paragraph 79 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny such allegations.

80.     Defendants state that the allegations of paragraph 80 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny such allegations.

81.     Defendants state that the allegations of paragraph 81 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny such allegations.

82.     Defendants state that the allegations of paragraph 82 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny such allegations.

83.     Defendants state that the allegations of paragraph 83 are legal conclusions or

arguments as to which no response is required.  To the extent a response is required, Defendants

deny such allegations.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
### (1Z0020 Defendants)

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

84.     Defendants respond to paragraph 84 as they have responded to the allegations incorporated by reference therein.

85.     Defendants state that the allegations of paragraph 85 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

86.     Defendants state that the allegations of paragraph 86 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

87.     Defendants state that the allegations of paragraph 87 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

88.     Defendants state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

89.     Defendants state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551
### (1Z0020 Defendants)

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

90.    Defendants respond to paragraph 90 as they have responded to the allegations incorporated by reference therein.

91.    Defendants state that the allegations of paragraph 91 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

92.    Defendants state that the allegations of paragraph 92 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

93.    Defendants state that the allegations of paragraph 93 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

94.    Defendants state that the allegations of paragraph 94 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

95.    Defendants state that the allegations of paragraph 95 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## COUNT SEVEN
### FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551
### (1Z0037 Defendants)

This cause of action has been dismissed to the extent it seeks avoidance of "obligations" in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

96.     Defendants respond to paragraph 96 as they have responded to the allegations incorporated by reference therein.

97.     Defendants state that the allegations of paragraph 97 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

98.     Defendants state that the allegations of paragraph 98 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

99.     Defendants state that the allegations of paragraph 99 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

100.     Defendants state that the allegations of paragraph 100 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

101.     Defendants state that the allegations of paragraph 101 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

102.    Defendants state that the allegations of paragraph 102 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## COUNT EIGHT
## FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551
### (1Z0037 Defendants)

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

103.    Defendants respond to paragraph 103 as they have responded to the allegations incorporated by reference therein.

104.    Defendants state that the allegations of paragraph 104 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

105.    Defendants state that the allegations of paragraph 105 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

106.    Defendants state that the allegations of paragraph 106 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

107.    Defendants state that the allegations of paragraph 107 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

108.     Defendants state that the allegations of paragraph 108 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

109.      Defendants state that the allegations of paragraph 109 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

110.     Defendants state that the allegations of paragraph 110 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

111.     Defendants state that the allegations of paragraph 111 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

112.     Defendants state that the allegations of paragraph 112 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT NINE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0037 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

113.     Defendants respond to paragraph 113 as they have responded to the allegations incorporated by reference therein.

114.    Defendants state that the allegations of paragraph 114 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

115.    Defendants state that the allegations of paragraph 115 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

116.    Defendants state that the allegations of paragraph 116 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

117.    Defendants state that the allegations of paragraph 117 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT TEN**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0037 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

118.    Defendants respond to paragraph 118 as they have responded to the allegations incorporated by reference therein.

119.    Defendants state that the allegations of paragraph 119 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

120.    Defendants state that the allegations of paragraph 120 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

121.    Defendants state that the allegations of paragraph 121 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

122.    Defendants state that the allegations of paragraph 122 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

123.    Defendants state that the allegations of paragraph 123 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT ELEVEN**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274,
278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0037 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

124.    Defendants respond to paragraph 124 as they have responded to the allegations incorporated by reference therein.

125.    Defendants state that the allegations of paragraph 125 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

126.    Defendants state that the allegations of paragraph 126 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

127.    Defendants state that the allegations of paragraph 127 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

128.    Defendants state that the allegations of paragraph 128 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

129.    Defendants state that the allegations of paragraph 129 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT TWELVE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0037 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

130.    Defendants respond to paragraph 130 as they have responded to the allegations incorporated by reference therein.

131.    Defendants state that the allegations of paragraph 131 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

132.    Defendants state that the allegations of paragraph 132 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

133.    Defendants state that the allegations of paragraph 133 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

134.    Defendants state that the allegations of paragraph 134 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

135.    Defendants state that the allegations of paragraph 135 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT THIRTEEN**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0035 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

136.    Defendants respond to paragraph 136 as they have responded to the allegations incorporated by reference therein.

137.    Defendants state that the allegations of paragraph 137 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

138.    Defendants state that the allegations of paragraph 138 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

139.    Defendants state that the allegations of paragraph 139 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

140.    Defendants state that the allegations of paragraph 140 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT FOURTEEN**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0035 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

141.    Defendants respond to paragraph 141 as they have responded to the allegations incorporated by reference therein.

142.    Defendants state that the allegations of paragraph 142 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

143.    Defendants state that the allegations of paragraph 143 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

144.    Defendants state that the allegations of paragraph 144 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

145.    Defendants state that the allegations of paragraph 145 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

146.    Defendants state that the allegations of paragraph 146 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT FIFTEEN**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0035 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

147.    Defendants respond to paragraph 147 as they have responded to the allegations incorporated by reference therein.

148.    Defendants state that the allegations of paragraph 148 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

149.    Defendants state that the allegations of paragraph 149 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

150.    Defendants state that the allegations of paragraph 150 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

151.    Defendants state that the allegations of paragraph 151 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

152.    Defendants state that the allegations of paragraph 152 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT SIXTEEN**
**FRAUDULENT TRANSFERS AND OBLIGATIONS – NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**
**(1Z0035 Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

153.    Defendants respond to paragraph 153 as they have responded to the allegations incorporated by reference therein.

154.    Defendants state that the allegations of paragraph 154 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

155.    Defendants state that the allegations of paragraph 155 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

156.    Defendants state that the allegations of paragraph 156 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

157.    Defendants state that the allegations of paragraph 157 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

158.    Defendants state that the allegations of paragraph 158 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**COUNT SEVENTEEN**
**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a) AND 551**
**(Subsequent Transferee Defendants)**

This cause of action has been dismissed with prejudice in accordance with the *Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* [DE 43].

159.    Defendants respond to paragraph 159 as they have responded to the allegations incorporated by reference therein.

160.    Defendants state that the allegations of paragraph 160 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

161.    Defendants state that the allegations of paragraph 161 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

162.    Defendants state that the allegations of paragraph 162 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

163.    Defendants state that the allegations of paragraph 163 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

164.    Defendants state that the allegations of paragraph 164 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## RESPONSE TO PRAYER FOR RELIEF

Defendants state that the items contained in the prayer for relief constitute legal conclusions or arguments as to which no response is required.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," the Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  Defendants do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against the Defendants.

Defendants reserve and assert all affirmative defenses available under applicable Federal or State law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and

reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (i) failing to describe each specific transfer and its recipients, and improperly combining allegations, causes of action and requests for relief as to multiple Defendants; (ii) failing to allege facts sufficient to demonstrate that any transfers allegedly made to the Defendants were made with actual intent to hinder, delay or defraud customers of BLMIS; (iii) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims; and (iv) pleading numerous factual allegations about which Defendants could not possibly have knowledge.

## SECOND DEFENSE

The claims against the Defendants fail for lack of personal jurisdiction.

## THIRD DEFENSE

The Court may not issue a final adjudication of the claims asserted in the Complaint under Article III of the Constitution, as confirmed by *Stern v. Marshall*, 131 S.Ct. 63 and its progeny. The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by this Court. Defendants further demand a trial by jury.

## FOURTH DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted, including, without limitation, because the claims do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

## FIFTH DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust, or as bailee for the Defendants, by BLMIS and were not property of the estate in which BLMIS had a legal interest.

## SIXTH DEFENSE

The Complaint fails to state a claim on which relief can be granted because the transfers were made on account of antecedent debts.

## SEVENTH DEFENSE

The claims are barred in whole or part by waiver and/or laches.

## EIGHTH DEFENSE

The claims are barred in whole or part by applicable limitations periods.

## NINTH DEFENSE

The claims are barred in whole or part by *res judicata*, collateral estoppel, and/or issue preclusion.

## TENTH DEFENSE

The alleged transfers, to the extent they were actually received by the Defendants, were taken for value and in good faith, as provided by sections 548(c) and 548(d)(2)(A) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against the Defendants under sections 548 and 550 of the Bankruptcy Code, and the Defendants are entitled (i) to retain the alleged transfers, (ii) to a lien on the alleged transfers and (iii) to a reduction in the amount of any liability to the Trustee, in each case to the extent of any value or consideration provided or caused to be provided by the Defendants.

## ELEVENTH DEFENSE

The alleged transfers, to the extent they were actually received by the Defendants, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against the Defendants under sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## TWELFTH DEFENSE

The alleged transfers, to the extent they were actually received by the Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or recoverable as against the Defendants under Sections 544 and 550 of the Bankruptcy Code or sections 272 through 276 of the New York Debtor and Creditor Law.

## THIRTEENTH DEFENSE

Each claim for recovery of a fraudulent transfer is barred in whole or in part (whether by virtue of the "value" defense, setoff or equitable adjustment) because, to the extent any alleged transfers were actually received by the Defendants, the Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, *inter alia*, (i) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

**FOURTEENTH DEFENSE**

Each of the counts alleging a fraudulent transfer is subject to defense, setoff or equitable

or other adjustment to the extent that such transfers were, in whole or in part, used by the

Defendants to satisfy tax obligations imposed on so-called "fictitious profits" based on

information reported to governmental taxing authorities.

**FIFTEENTH DEFENSE**

The claims are barred in whole or part because they depend upon calculations that

improperly attempt to avoid transfers that occurred prior to the applicable two-year "reach-back"

limitations period.

**SIXTEENTH DEFENSE**

The claims are barred in whole or part for failure to properly credit deposits into

Defendants' accounts.

**SEVENTEENTH DEFENSE**

To the extent any claim relating to any particular transfer is asserted against more than

one of the Defendants, the Trustee would be entitled to, at most, a single satisfaction of such

claim pursuant to the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code

and/or under New York law.

**EIGHTEENTH DEFENSE**

The Trustee is not entitled to an award of interest because of the operation of waiver,

estoppel, and other equitable doctrines.

**NINETEENTH DEFENSE**

The Trustee's claims are barred in whole or in part for failure to properly account for the

time value of money through an interest or inflation adjustment to principal deposits.

## TWENTIETH DEFENSE

The Complaint fails to state claim upon which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to each Defendant.

## TWENTY-FIRST DEFENSE

The Trustee's claims are barred, in whole and/or in part, because BLMIS was not, upon information and belief, insolvent at the time of the transfers allegedly received by the Defendants, and BLMIS was not, upon information and belief, rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

## TWENTY-SECOND DEFENSE

The alleged transfers are exempt from avoidance in whole or in part under section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract.

## TWENTY-THIRD DEFENSE

Even if the transfers were avoidable, the transfers may not be recovered to the extent Defendants are not the initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

Dated:  November 6, 2015                    Respectfully submitted,

                                            /s/ Robert A. Rich
                                            Hunton & Williams LLP
                                            200 Park Avenue
                                            New York, New York 10166
                                            Phone: (212) 309-1132
                                            Fax: (212) 309-1884
                                            Robert A. Rich
                                            Email: RRich2@hunton.com
                                            Peter S. Partee, Sr.
                                            Email: PPartee@hunton.com

                                            *Attorneys for Defendants*

99997.032244 EMF_US 57812017v4