**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Keith R. Murphy
Jessie A. Kuhn

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>    v.<br><br>THE M&B WEISS FAMILY LIMITED PARTNERSHIP OF 1996 C/O MELVYN I. WEISS,<br><br>BERSHAD INVESTMENT GROUP LP, | Adv. Pro. No. 10-04241 (SMB) |

| | |
|---|---|
| MELVYN I. WEISS, individually and in his capacity as a Joint Tenant,<br><br>DAVID J. BERSHAD,<br><br>BARBARA J. WEISS, individually and in her capacity as a Joint Tenant,<br><br>STEPHEN A. WEISS,<br><br>LESLIE WEISS and<br><br>GARY M. WEISS,<br><br>                                    Defendants. | |

## CASE MANAGEMENT PLAN

Plaintiff and Defendants Bershad Investment Group LP and David J. Bershad (the "Bershad Defendants" and collectively with Plaintiff, the "Parties") hereby submit the following Proposed Case Management Plan, pursuant to Fed. R. Civ. P. 16 and 26, as incorporated into Bank. R. 7016 and 7026:

1. Status of Pleadings.

    a. The Bershad Defendants have answered the Complaint.

2. Amendment of Pleadings and Joinder of Parties.

    At this time, the Parties do not contemplate any amendments to the pleadings or joinder of additional parties.

3. Discovery Plan.

    a. Initial Disclosures. The Parties do not propose any changes in the form, or requirements for disclosures under Rule 26(a). The Parties agree that they shall serve initial disclosures on or before November 25, 2015.

b. <u>Subjects On Which Discovery May Be Needed.</u>  The Parties contemplate that discovery will be needed on all liability and damages issues, and that fact and expert discovery will be needed.

c. <u>Document Demands</u>.  Requests for documents may be served as required. The deadline for any document request is January 22, 2016.

d. <u>Interrogatories</u>.  Interrogatories pursuant to Local Rule 7033-1(a) for identification and damage calculation purposes may be served at any time but no later than December 23, 2015. Interrogatories pursuant to Local Rule 7033-1(b), if any, may be served no later than November 20, 2015. Contention based interrogatories pursuant to Local Rule 7033-1(c), if any, may be served no later than November 20, 2015.

e. <u>Requests to Admit</u>.  Requests to Admit, if any, must be served by February 19, 2016.

f. <u>Experts</u>.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before May 23, 2016.  Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before June 23, 2016. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence.  All experts may be deposed,

but such depositions must occur on or before August 23, 2016. The foregoing restriction shall not include amendments to expert reports in light of new evidence as required by Fed. R. Civ. P. 26.

g. Depositions. All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date in paragraph 3(h) below. Depositions shall proceed concurrently, with no party having priority. The Parties will endeavor to conclude the majority of depositions within the 7 hours provided by the Federal Rules, although several Parties anticipate that there will be a number of depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to reasonable extensions of the 7 hour limit as appropriate, and failing agreement any party may make application to the Court for an extension of that time limit.

h. Discovery Cut-Off. All fact discovery is to be completed on or before March 23, 2016.

i. Limitations On Discovery Imposed Under The Federal and/or Local Rules. Consistent with the Federal Rules of Civil Procedure and this Court's Local Rules, subject to subsequent agreement of the Parties or application to the Court for good cause, the Parties agree to the following limits on discovery: (i) Interrogatories: each party may serve on any other party a maximum of twenty-five (25), including all discrete subparts; (ii) Requests for Production of Documents: unlimited; (iii) Requests for Admissions: unlimited; (iv) Depositions: unlimited.

4. Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action. The Parties do not presently believe that any such modifications are

appropriate or necessary, and will contact the Court if their belief in this regard changes.

5. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting As Settlement Judge</u>.  The Parties have engaged in very preliminary settlement discussions, but believe it would be premature to schedule a settlement conference.

6. <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter</u>.  The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

7. <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to establish a schedule for summary judgment briefing or to schedule a final pre-trial and trial date.

[*The Remainder of this Page is Intentionally Left Blank*]

8. <u>Parties and Counsel</u>. The following parties join in this Case Management Plan, through their counsel, if applicable:

Dated: New York, New York
        November 6, 2015

| BAKER & HOSTETLER LLP | GIBBONS P.C. |
|---|---|
| By: /s/ *Keith R. Murphy* <br> David J. Sheehan <br> Keith R. Murphy <br> Jessie A. Kuhn <br> 45 Rockefeller Plaza <br> New York, NY 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br><br> *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | By: */s/ Jonathan S. Liss* <br> Michael R. Griffinger <br> Jonathan S. Liss <br> One Pennsylvania Plaza, 37th Floor <br> New York, New York 10119-3701 <br> Telephone: (212) 613-2000 <br> Facsimile: (212) 290-2018 <br> --and-- <br> One Gateway Center <br> Newark, New Jersey 07102-5310 <br> Telephone: (973) 596-4500 <br> Facsimile: (973) 639-6237 <br><br> *Attorneys for Bershad Defendants* |

So Ordered This 6<u>th</u> Day of November, 2015

                                                   /s/ STUART M. BERNSTEIN
                                                   HONORABLE STUART M. BERNSTEIN
                                                   UNITED STATES BANKRUPTCY JUDGE