# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

November 9, 2015

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL
(BERNSTEIN.CHAMBERS@NYSB.USCOURTS.GOV)**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. 1096-1100 River Road Associates, LLC, et al.*, Adv. Pro. No. 10-05390

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff.

We write in response to the letter filed by the defendants in the above-referenced adversary proceeding (the "*River Road* Proceeding") on November 6, 2015 (ECF No. 61) (the "Letter Objection") objecting to the Trustee's Notice of Settlement of an Order and Proposed Order (ECF No. 57). The Proposed Order is in connection with a bench ruling by this Court on October 28, 2015 granting the Trustee's request to have the matters addressed in the Trustee's First Set of Requests for Admission (the "RFAs") deemed admitted in light of the defendants' violation of an earlier order entered by this Court on August 24, 2015. (ECF No. 51.) That order directed the defendants to serve initial disclosures by September 4, 2015 and respond to the Trustee's written discovery by September 18, 2015.

As discussed below, the Letter Objection misrepresents the parties' communications and is without merit. This letter sets out (1) the history of the parties' communications regarding this issue, and (2) the Trustee's responses to the merits of the Letter Objection.

Honorable Stuart M. Bernstein
November 9, 2015
Page 2

### I. HISTORY OF THE PARTIES' COMMUNICATIONS

As set forth in the letters filed by the Trustee with this Court on August 6, 2015 and September 28, 2015 (ECF Nos. 48 and 54, respectively), there is a long history of non-responsiveness by the defendants.

#### A. Pre-Trial Conference Adjournments and Communications Between the Parties Before the Discovery Order

The Trustee filed his complaint against the defendants on December 9, 2010. (ECF No. 1.) The court issued a summons and notice of pre-trial conference (the "PTC") set for May 25, 2011. (ECF No. 3.) The PTC was adjourned while the SIPA case and discovery were proceeding. (ECF Nos. 7, 11, 17, 26, 28, 30, 32, 44, 52, 55.) On October 5, 2015, the Trustee filed a notice adjourning the PTC scheduled for October 28, 2015 to November 18, 2015. (ECF No. 55.) The PTC was subsequently adjourned again to January 27, 2016. (ECF No. 59.)

In connection with the Trustee's complaint, despite eight extensions of time to answer or otherwise respond, the defendants failed to file an answer or other response by September 14, 2012, which was the date of the last agreed-to extension. The Clerk of this Court entered defaults against the defendants on July 16, 2014. (ECF Nos. 35-37.) At the defendants' request, the Trustee subsequently agreed to vacate these defaults and did so by stipulation on August 5, 2014. (ECF No. 40.) Pursuant to a case management notice entered on November 12, 2014 (ECF No. 42), the Trustee served the Trustee's Initial Disclosures on December 1, 2014. The defendants failed to serve initial disclosures at this time. In addition to several telephone messages, the Trustee's counsel emailed defendants' counsel on January 13, 2015 to inquire as to the defendants' failure to serve initial disclosures, but we did not receive any response.

In accordance with the case management notice, on March 11, 2015, the Trustee also served the Trustee's First Set of Interrogatories ("Interrogatories"), and on June 29, 2015, the Trustee served the First Set of Requests for the Production of Documents ("RFPs"), as well as his RFAs. The Trustee served three sets of RFAs, one on each defendant. Pursuant to an amended case management notice filed on July 7, 2015 (ECF No. 46), fact discovery closed on July 29, 2015. The defendants did not serve initial disclosures by that deadline, nor had they responded to the Trustee's discovery.

After multiple failed attempts to communicate with defendants' counsel, including a letter dated July 20, 2015 informing counsel of the deficiencies, the Trustee filed the August 6, 2015 letter with this Court requesting a discovery conference. (ECF No. 48.) On August 24, 2015, after a conference, the Court entered an order (the "Discovery Order") requiring defendants to serve initial disclosures on September 4, 2015, and serve responses to the Trustee's Interrogatories, RFAs, and RFPs by September 18, 2015. (ECF No. 51.)

Honorable Stuart M. Bernstein
November 9, 2015
Page 3

### B. The RFA Responses and Communications Between the Parties After the Discovery Order

The defendants did not serve initial disclosures on September 4, 2015, in violation of the Discovery Order. On September 10, 2015, the Trustee's counsel emailed defendants' counsel to remind them that the initial disclosures were due on September 4.

The defendants also failed to respond to the RFPs or Interrogatories by the Court-ordered deadline on September 18, 2015. The defendants did, however, serve responses to the RFAs (the "RFA Responses"). The RFA Responses are wholly insufficient. For example, it is unclear which defendant is responding to which set of RFAs. Moreover, the RFA Responses do not comply with Fed. R. Civ. P. 36(a)(4) because they do not fairly respond to the substance of the matters addressed in the RFAs.

In the September 18, 2015, cover email to the RFA Responses, defendants' counsel Richard Abrahamsen represented that he would serve initial disclosures and responses to the Interrogatories and RFPs by "next week." The following week passed and the defendants did not produce any discovery.

As a result, on September 28, 2015, the Trustee filed another letter with the Court requesting permission to bring a motion (1) under Fed. R. Civ. P. 36(a)(6), for an order directing that the matters addressed by the RFAs be admitted, and (2) under Fed. R. Civ. P. 37(b)(2)(A), for sanctions against the defendants for failure to comply with the Discovery Order. (ECF No. 54.) On September 29, 2015, Chambers contacted the Trustee to schedule the conference and proposed October 28, 2015 as a date. Later that day, Ferve Ozturk of Baker & Hostetler LLP called Mr. Abrahamsen's office to determine if Mr. Abrahamsen was available on October 28. Joseph Pasquale, an associate of Mr. Abrahamsen, told Ms. Ozturk that Mr. Abrahamsen was available on October 28.

The Trustee accordingly confirmed the discovery conference with Chambers for October 28. On October 5, as noted above, the Trustee filed a notice adjourning the PTC scheduled for October 28 to November 18. (ECF No. 55.) This notice did not adjourn the discovery conference. In the Letter Objection, Mr. Abrahamsen states that "[a]t no point was defendant notified that a hearing regarding discovery would be conducted on October 28, 2015 or on any other day." As discussed above, this is not correct.

### C. The Court Issued a Bench Ruling at the October 28 Discovery Conference that the Matters Addressed in the RFAs Should be Deemed Admitted

At the October 28 discovery conference, this Court reviewed the RFAs and RFA Responses and concluded that the RFA Responses were insufficient and the matters addressed in the RFAs should be deemed admitted. (*See* October 28, 2015 Conference Transcript ("Tr."), relevant part enclosed, at 115:14 – 122:7.) Defendants' counsel did not appear at the conference. The Court held that:

Honorable Stuart M. Bernstein
November 9, 2015
Page 4

> [the RFAs] are very specific and they're not key[ed] to the account statements. They're key[ed], which [the defendants] are claiming are bogus, they are key[ed] to the schedules that the trustee has prepared, and one would think that an investor would know how much money they put in and how much they put out. Or if they weren't, at least be in a position to say, look, I no longer have my personal records and I can't answer these questions, which is not what the substance of the responses are. Simply the responses are all the same, that the account statements are bogus, but the request doesn't go to the account statements, they go to the schedule[] that the trustee has prepared, and just specifically ask him, admit that you took it, put in this much or admit that you took out this much. So on second thought I will deem these admissions -- the responses are wholly insufficient in light of the request and based upon the insufficiency of the responses, and also based upon the failure to even appear at this conference to defend the responses, I'll deem the admissions [admitted].

(Tr. at 118:25 - 119:19.) Accordingly, the Court issued a bench ruling (the "Bench Ruling") that the matters addressed in the RFAs should be deemed admitted and directed the Trustee to settle an order accordingly. (Tr. at 119, 122.) The Court also granted the Trustee's request for permission to bring a motion against the defendants for discovery sanctions and further invited the Trustee to bring a motion for summary judgment based on the deemed-admitted RFAs. (Tr. at 117.)

## II.     THE COURT SHOULD NOT REVISIT ITS CONCLUSION THAT THE RFA RESPONSES ARE INSUFFICIENT

In the Letter Objection, the defendants object to the Proposed Order on the grounds that (1) "defendant in a timely manner properly denied the requests," and (2) "[t]here has been no showing that the denials do no [sic] fairly in a timely manner [sic]."

As to the first point, the Trustee served RFAs on each of the three defendants but only received one response, apparently from Fred A. Daibes, LLC.[1] Accordingly, the remaining defendants—Fred A. Daibes and 1096-1100 River Road Associates, LLC— have not responded to the RFAs and under Fed. R. Civ. P. 36(a)(3), those RFAs are deemed admitted.

As to the second point, and as the Court concluded at the October 28 conference, the RFA Responses that were filed are wholly insufficient. In the RFA Responses, defendants deny each of the Trustee's requests on the ground that BLMIS customer statements are "bogus" and "cannot in in [sic] good faith be relied upon." (*See, e.g.*, Response to RFAs Nos. 1-4.) The Court properly held that these denials do not respond to the substance of the requests as required by Fed. R. Civ. P. 36(a)(4). In addition, the

---

[1] Each set of RFAs had a different number of requests and the content of the requests varied between defendants. Based on the number and content of the RFA Responses, it appears that defendant Fred A. Daibes, LLC is responding to the RFAs directed at it. In addition, in their Letter Objection, defendants attach as an exhibit the RFAs to Fred A. Daibes, LLC.

Honorable Stuart M. Bernstein
November 9, 2015
Page 5

RFA Responses also make clear that defendants have failed to make a reasonable inquiry concerning the Trustee's requests. Therefore, even as to Responses that were served, they are not sufficient to prevent the Court's ruling of admission.

The defendants request that the Court re-review its bench ruling because "these issues must be fully fleshed out." The Trustee and the Court have provided the defendants with multiple opportunities to respond to their obligations. Mr. Abrahamsen failed to appear at the October 28 conference despite being on notice of the conference, and while he now states that he believed the conference was adjourned due to the adjournment of the PTC on October 5, this is countered by Mr. Pasquale's call with Ms. Ozturk on September 29. Moreover, the defendants' repeated failures to address their discovery obligations took place well *before* the conference, and therefore the Court should not belatedly accept the defendants' objection to the Proposed Order.

Finally, in their Letter Objection, the defendants set forth certain objections to the RFAs. Beyond the fact that a letter to the Court is an improper response vehicle to discovery requests, the defendants had their opportunity to object or otherwise respond to the RFAs in a procedurally proper manner before the July 29, 2015 fact discovery deadline and again, by the September 18, 2015 deadline set by this Court in the Discovery Order. The defendants should not be given a pass in light of their multiple failures. The Trustee incurs significant professional time and expense to follow up repeatedly, and to then need to seek the Court's intervention in order to get timely and complete discovery responses. The Court should reject the defendants' late and procedurally improper objections.

Based on the foregoing, we respectfully request that the Court deny the Letter Objection and enter the Proposed Order submitted by the Trustee. Further delay would prejudice the Trustee's ability to move for summary judgment in this matter, which has already been delayed based upon the defendants' failure to participate in discovery.

Respectfully submitted,

*/s/ Keith R. Murphy*

Keith R. Murphy

cc:  Richard Abrahamsen
     Joseph Pasquale
     Edward J. Jacobs
     Ferve E. Ozturk
     Peter Shapiro
     Jacqlyn Rovine