**Enclosure: October 28, 2015 Conference Transcript pp. 1-4, 115-122**

Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   - - - - - - - - - - - - - - - - - - - x
 4   SECURITIES INVESTOR PROTECTION
 5   CORPORATION
 6   v.                                  CASE NO. 08-01789-smb
 7   BERNARD L. MADOFF INVESTMENT
 8   SECURITIES, LLC, et al,
 9          Debtors.
10   - - - - - - - - - - - - - - - - - - - x
11   IRVING H. PICARD, TRUSTEE FOR THE
12   LIQUIDATION OF BERNARD L. MADOFF,
13          Plaintiff,                    ADV. PROC.
14   v                                    CASE NO. 10-051430-smb
15   MARILYN BERNFELD TRUST, ET AL.,
16          Defendants.
17   - - - - - - - - - - - - - - - - - - - x
18   IRVING H. PICARD, TRUSTEE FOR THE
19   LIQUIDATION OF BERNARD L. MADOFF,
20          Plaintiff,                    Adv. Proceeding
21   v                                    CASE NO. 10-05390-smb
22   1096-1100 RIVER ROAD ASSOCIATION,
23          Defendant.
24   - - - - - - - - - - - - - - - - - - - x
25
```

Page 2

```
 1   - - - - - - - - - - - - - - - - - - - x
 2   IRVING H. PICARD, TRUSTEE FOR THE
 3   LIQUIDATION OF BERNARD L. MADOFF,
 4           Plaintiff,              ADV. PROCEEDING
 5   v                               CASE NO. 10-04283-smb
 6   MENDELOW, ET AL.,
 7           Defendants.
 8   - - - - - - - - - - - - - - - - - - - x
 9   IRVING H. PICARD, TRUSTEE FOR THE
10   LIQUIDATION OF BERNARD L. MADOFF,
11           Plaintiff,              ADV. PROCEEDING
12   v                               CASE NO. 10-05286-smb
13   LEGACY CAPITAL, LTD., ET AL.,
14           Defendants.
15   - - - - - - - - - - - - - - - - - - - x
16                   U.S. Bankruptcy Court
17                   One Bowling Green
18                   New York, New York
19                   October 28, 2015
20                   10:02 AM
21   B E F O R E :
22   HON. STUART M. BERNSTEIN
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO:   Unidentified
```

Page 3

1  Adversary proceeding: 10-05143-smb Irving H. Picard, Trustee
2  for the Liquidation of Bernard L. Madoff Investment
3  Securities LLC, and Bernard L. Madoff v. Marilyn Bernfeld
4  Trust et al Discovery Conference Pursuant to Local
5  Bankruptcy Rule 7007-l(b) (also applies to Adv. P. Nos. 10-
6  5143 & 10-4841)
7
8  Discovery Conference Pursuant to Local Bankruptcy Rule 7007-
9  1 (b)
10
11 Adversary proceeding: 10-04283-smb Picard, as Trustee for
12 the Liquidation of Bernard v. Mendelow et al
13 Discovery Conference pursuant to Local Bankruptcy Local
14 7007-1 (b)
15
16 Defendants' Motion for Judgment on the Pleadings
17
18 Adversary proceeding: 10-05286-smb Irving H. Picard, Trustee
19 for the Liquidation of Bernard v. Legacy Capital Ltd. et al
20 Defendant Khronos Motion to Dismiss
21
22 Defendant Legacy Capital's Motion to Dismiss
23
24
25

```
 1   Adversary proceeding: 08-01789-smb Securities Investor
 2   Protection Corporation v. Bernard L. Madoff Investment
 3   Securities, LLC. et al
 4   Trustees Motion and Memorandum to Affirm His Determinations
 5   Denying Claims of Claimants' Holding Interests in 1973
 6   Masters Vacation Fund, Bull Market Fund, and Strattham
 7   Partners
 8
 9   Adversary proceeding: 10-04283-smb Picard, as Trustee for
10   the Liquidation of Bernard v. Mendelow et al
11   Pre-Trial Conference
12
13   Adversary proceeding: 10-05286-smb Irving H. Picard, Trustee
14   for the Liquidation of Bernard L. Madoff Investment
15   Securities LLC, and Bernard L. Madoff v. Legacy Capital Ltd.
16   et al
17   Pre-Trial Conference
18
19
20
21
22
23
24
25
```

1    disconnect the lines?
2            THE COURT:  I'm sorry, I can't -- it's just coming
3    in a little garbled.
4            PHONE OPERATOR:  May I disconnect the lines?  May
5    I disconnect?
6            THE COURT:  Oh, is there anybody on the line in
7    relation to the conference, relating to Picard versus 1096-
8    1100 River Road Associates?
9            PHONE OPERATOR:  No, Your Honor, there's no one on
10   the line.
11           THE COURT:  Then you can disconnect the line,
12   thank you.
13           PHONE OPERATOR:  Then have a good day, bye-bye.
14           THE COURT:  All right.  Go ahead.
15           MS. OZTURK:  Good morning, Your Honor, my name is
16   Ferve Ozturk and I represent the Trustee in the Picard v
17   1096-1100 River Road Associates case.
18           I'm here before you today to request similar
19   relief to my colleague in the Bernfeld case.  We're
20   requesting permission to file a motion to deem the matters
21   and the Trustee's request for admissions to the defendants
22   admitted.
23           THE COURT:  You know, all I got was the
24   admissions, I didn't see what the questions were, what the
25   requests were.

```
 1              MS. OZTURK:  I can hand over a copy of the --
 2              THE COURT:  So in order to determine whether or
 3   not the response is reasonable, I'd have to take a look at
 4   the questions.
 5              MS. OZTURK:  Certainly.  Would you like our copy
 6   of those now?
 7              THE COURT:  I'll take them now, but have you
 8   received any response to your letter?
 9              MS. OZTURK:  No.  We've received no response.
10              May I approach the bench?
11              THE COURT:  Is there anyone here today on 1096-
12   1100 River Road Associates, representing the defendants?
13        (No response)
14              THE COURT:  The record should reflect there's no
15   response.  Did anybody say they were coming?
16              MS. OZTURK:  No.  Mr. Abramson's associate told me
17   that this date was fine for Mr. Abramson.
18              So, Judge, you'll see there's three sets of
19   requests for admissions.  We served one on each of the
20   defendants.  We received only one response.  It's unclear
21   which defendant is responding to which request for
22   admission.
23              THE COURT:  Don't they have to be signed by
24   somebody?
25              MS. OZTURK:  No, we -- they --
```

1           THE COURT:  It's signed by the attorney, but he

2     doesn't say who he's signing it for?

3           MS. OZTURK:  No.  He represents that he's the

4     attorney for a friend Davies (ph) apparently is the

5     individual, but there's no signature from the defendant,

6     Parhe (ph).

7           THE COURT:  Who represents 1096-1100 River Road?

8           MS. OZTURK:  Mr. Abramson has appeared as attorney

9     of counsel for all the three defendants, 1096 River Road,

10    Fred Davies LLC.

11          THE COURT:  Let me ask you this, and I asked in

12    the last case, are the admissions sufficient to make a

13    motion for summary judgment?  This is a fictitious profits

14    case?

15          MS. OZTURK:  Yes, it's a good faith fictitious

16    profits case, and yes, the admissions are sufficient to --

17          THE COURT:  Why don't you do this, and really, I

18    mean, you can do this with all the cases.  Make a motion for

19    summary judgment, based on the admissions and whatever else

20    you have obviously, and let them come in and explain why the

21    admission shouldn't be deemed admissions.  I'm just a little

22    uncomfortable to deal with this with nobody here, and not

23    having reviewed the questions, and you know, next time it

24    would be helpful, if you write me one of these letters, to

25    send me the discovery as to which things no response or the

Page 118

1    case of this one, send me the requests, so I can read
2    together.  Usually they repeat the requests, and then they
3    put in the answer, but they didn't do it in this case.
4            MS. OZTURK:  Certainly.  In this case, there is
5    only one response, it's not clear which defendant is
6    responding.
7            THE COURT:  Well, if I assume it's a response for
8    all the defendants, you're still saying it's insufficient,
9    right?
10           MS. OZTURK:  Yes, that it's insufficient under
11   Rule 36.
12           THE COURT:  I'm looking at some of these requests,
13   and they're pretty specific in terms of the amount of money
14   that was withdrawn.
15           MS. OZTURK:  The request for admissions asks for
16   admissions concerning the trustee's -- you know, the first
17   (indiscernible) the trustee's exhibit to the complaint,
18   which sets out the amount of the transfers --
19           THE COURT:  Right.
20           MS. OZTURK:  -- deposits and withdrawals.  And you
21   know as for Mr. Davies himself, we allege he's a subsequent
22   transferee and we ask in our admissions that he received
23   subsequent transfers.
24           THE COURT:  Yeah, you know, on second thought, I'm
25   looking through these request for admissions.  They're very

1  specific and they're not key to the account statements.

2  They're key, which they're claiming are bogus, they are key

3  to the schedules that the trustee has prepared, and one

4  would think that an investor would know how much money they

5  put in and how much they put out.  Or if they weren't, at

6  least be in a position to say, look, I no longer have my

7  personal records and I can't answer these questions, which

8  is not what the substance of the responses are.  Simply the

9  responses are all the same, that the account statements are

10  bogus, but the request doesn't go to the account statements,

11  they go to the schedulings that the trustee has prepared,

12  and just specifically ask him, admit that you took it, put

13  in this much or admit that you took out this much.

14         So on second thought I will deem these admissions

15  -- the responses are wholly insufficient in light of the

16  request and based upon the insufficiency of the responses,

17  and also based upon the failure to even appear at this

18  conference to defend the responses, I'll deem the admissions

19  (indiscernible).  You can submit an order on that.

20         MS. OZTURK:  Thank you, Your Honor.

21         THE COURT:  All right.

22         MS. OZTURK:  We're also seeking sanctions.  You'll

23  recall the last time we were here before the Court, the

24  Court entered an order compelling discovery.  Defendants

25  violated that order.  They were directed by this Court to

Page 120

1  serve initial disclosures on September 4th and responses to
2  the trustee's interrogatories, request for admissions, and
3  document requests on September 18.
4           On September 18, we received the one set of
5  insufficient responses to our RFAs and nothing else.  We
6  haven't had any communication with the counsel since then.
7           Your Honor put --
8           THE COURT:  What kind of sanctions are you
9  seeking?
10          MS. OZTURK:  We're seeking two types of sanctions.
11 First, we would ask for an order precluding the defendants
12 from introducing any documents or witnesses to controvert
13 the trustee's claims at the summary judgment stage.  We
14 believe that that order would be supported by the rules.
15 There's several grounds for that.
16          THE COURT:  Where do you ask for that in your
17 letter?  I just see a general request for sanctions under
18 37(b)(2)(A), sanctions against the defendants for failure to
19 comply with discovery order and that provision you cite as a
20 host of sanctions.
21          MS. OZTURK:  That's right, Your Honor.  You know,
22 we're ready to proceed today here as a conference and then
23 bring a motion setting out the --
24          THE COURT:  You can make a motion for sanctions.
25 Why don't you make a motion for summary judgment and see

1  what occurs as a possibility, I'm not suggesting you have to
2  do that, let's just see why the defendants aren't doing very
3  much to defend this case anyway.
4           MS. OZTURK:  Right.  The --
5           THE COURT:  You're free to make a motion to compel
6  discovery, I just wouldn't strike the answer, or preclude
7  anything in response to the letter, which is not even
8  clearly requested.
9           MS. OZTURK:  Understood, Your Honor.  We're also
10 seeking attorney's fees and expenses.
11          THE COURT:  Same motion, it's a form of sanctions,
12 it's the same motion.  If you want to make a motion to
13 compel discovery and seek or rather to seek sanctions under
14 Rule 37, make a motion, but just make clear what it is
15 you're seeking.
16          MS. OZTURK:  Okay.  That's understood.
17          THE COURT:  And obviously the basis for it.
18          MS. OZTURK:  Okay.
19          THE COURT:  All right.
20          MS. OZTURK:  I can argue it here, but.
21          THE COURT:  I'm not going to do it in response to
22 a letter.  That's a little different from simply asking for
23 (indiscernible) admissions which is what the rule says
24 anyway.
25          MS. OZTURK:  Certainly.

Page 122

1  THE COURT: That's it.
2  MS. OZTURK: Thank you, Your Honor.
3  THE COURT: Thank you. You can submit an order on
4  the other one. Actually, no, settle an order on your
5  adversary.
6  All right. Thank you very much.
7  MS. OZTURK: Thank you, Your Honor.
8  (Proceedings concluded at 12:26 PM)
9  * * * * *