**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Seanna R. Brown
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
George Klidonas
Stephanie A. Ackerman

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: December 16, 2015
Hearing Time: 10:00 a.m. (EST)
Objections Due: December 1, 2015
Objection Time: 4:00 p.m. (EST)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**<u>TRUSTEE'S FOURTH OMNIBUS MOTION TO OVERRULE OBJECTIONS OF CLAIMANTS WHO INVESTED MORE THAN THEY WITHDREW</u>**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by this combined motion and memorandum of law (the

"Motion"), asks this Court to overrule the thirty-three (33) objections ("Objections") filed by or on behalf of claimants ("Claimants") that withdrew less money from BLMIS than they deposited and are thus, in the parlance of this case, net losers, and affirm the Trustee's claims calculation. The claims ("Claims") and Objections at issue in this Motion are listed on Exhibit A to Vineet Sehgal's Declaration in support of the Motion, in alphabetical order.[1] Exhibit B to Vineet Sehgal's Declaration in support of this Motion lists the Claims and the related Objections by BLMIS account number, in alphanumeric order.

**PRELIMINARY STATEMENT**

The Trustee, with the assistance of his professionals, has reviewed the Objections and has determined that the grounds relied upon in the Objections have now been finally resolved in the Trustee's favor. Specifically, the Objections dispute the Trustee's methodology for calculating claims and assert that: (i) the Trustee's determination of net equity based on cash in/cash out (the "Net Investment Method") was improper; and/or (ii) the adjustments to net equity should be made to account for the length of time customers were invested with BLMIS (the "Time-Based Damages Adjustment") (the Net Investment Method and the Time-Based Damages Adjustment are collectively referred to as the "Net Equity Arguments").

The courts have agreed with the Trustee's determination relating to the Net Investment Method[2] and the Time-Based Damages Adjustment,[3] and the United States Supreme Court has declined to address these issues.[4] Thus, the Net Equity Arguments have been finally decided and

---

[1] The Trustee has included 100 objections in this Motion in compliance with Federal Rule of Bankruptcy Procedure 3007(e)(6).

[2] *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011).

[3] *In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74 (2d Cir. 2015).

[4] The Supreme Court denied claimants' petitions for writ of *certiorari*. *Velvel v. Picard*, 133 S. Ct. 25 (2012) (affirming net investment method); *Ryan v. Picard*, 133 S. Ct. 24 (2012) (same); *Peshkin v. Picard*, 2015 WL

*continued on next page…*

Claimants are not entitled to any adjustment to their net equity claim on these grounds. The Trustee has included within the scope of the Fourth Omnibus Motion, Objections that raise challenge to the Net Investment Method, or Time-Based Damages Adjustment, or both and has excluded any claim that raised objections based on: (i) the Trustee's calculation of inter-account transfers; (ii) profit withdrawal transactions; and (iii) fact-specific arguments relating to a customer.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to §§ 78eee(b)(2) and 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., ("SIPA"),[5] and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

The basic facts of the BLMIS fraud are widely known and have been recounted in numerous decisions. *See, e.g., In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231 (2d Cir. 2011); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 393–94 (S.D.N.Y. 2010). On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS, captioned *SEC v. Madoff*, No. 1:08-cv-10791-LLS, 2008 WL 5197070 (S.D.N.Y. filed Dec. 11, 2008), alleging fraud through the investment advisor activities of BLMIS. The SEC consented to the consolidation of its case with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application under SIPA § 78eee(a)(4) alleging that because of its insolvency, BLMIS needed SIPA

*…continued from previous page*

4468041 (U.S. Oct. 5, 2015) (rejecting adjustments for time-based damages).

[5] Subsequent references to SIPA shall omit "15 U.S.C."

protection. The District Court appointed the Trustee under SIPA § 78eee(b)(3) and removed the proceeding to this Court under SIPA § 78eee(b)(4).

Under SIPA, the Trustee is responsible, among other things, for recovering and distributing customer property to a broker's customers, assessing claims, and liquidating other assets of the firm for the benefit of the estate and its creditors. A SIPA trustee has the general powers of a bankruptcy trustee, in addition to the powers granted by SIPA. SIPA § 78fff-1(a). The statutory framework for the satisfaction of customer claims in a SIPA liquidation proceeding provides that "customers," as defined in SIPA § 78*lll*(2), share pro rata in "customer property," defined in SIPA § 78*lll*(4), to the extent of their "net equity," defined in SIPA § 78*lll*(11).

For each customer with a valid net equity claim, if the customer's share of customer property does not make her whole, SIPC advances funds to the SIPA trustee up to the amount of the customer's net equity, not to exceed $500,000 (the amount applicable to this case). SIPA § 78fff-3(a). It is the customer's burden to demonstrate he or she is entitled to customer status. *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("[I]t is well-established in the Second Circuit that a claimant bears the burden of proving that he or she is a 'customer' under SIPA.").

On December 23, 2008, this Court entered a Claims Procedures Order. *See* ECF No. 12. Pursuant to that order, the Trustee determines claims eligible for customer protection under SIPA, claimants may object to the Trustee's determination of a claim by filing an objection in this Court, and the Trustee requests a hearing date for the objection and notifies the objecting claimant thereof. *Id.*

**NET EQUITY DECISION**

Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the "dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date." Furthermore, section 78fff-2(b) of SIPA provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

On this basis, the Trustee determined that net equity claims should be calculated based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts (the "Net Investment Method"). Some claimants argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 customer statements (the "Last Customer Statement Method").

The Last Customer Statement Method was rejected and the Trustee's use of the Net Investment Method was upheld by this Court. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 134-35 (Bankr. S.D.N.Y. 2010) *aff'd*, 654 F.3d 229 (2d Cir. 2011). The Bankruptcy Court certified an immediate appeal of its decision pursuant to 28 U.S.C. § 158(d)(2), which the United States Court of Appeals for the Second Circuit granted. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 234 (2d Cir. 2011). The Bankruptcy Court's decision was affirmed by the United States Court of Appeals for the Second Circuit. *Id.* at 235-36. On June 25, 2012, the United States Supreme Court denied certiorari, and thus a final order has issued upholding the Trustee's

use of the Net Investment Method. *Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012).

**TIME-BASED DAMAGES DECISION**

Certain Claimants also filed Objections seeking to adjust the Trustee's net equity calculation to allow credit for Time-Based Damages. To address these Objections, following the United States Supreme Court decision denying *certiorari* on the Net Investment Method, the Trustee filed a motion (ECF No. 4920) for an order requesting approval for a briefing schedule regarding the question of whether customer claims should be recalculated with an adjustment for Time-Based Damages. There were numerous theories of law that claimants raised, all of which sought some increase in their customer claims based upon the amount of time they invested with BLMIS. Most commonly, they sought an increase in their claims based on the time they were invested with BLMIS using the New York prejudgment rate of 9% per annum, lost opportunity cost damages, or the consumer price index to take inflation into account.[6]

The Bankruptcy Court upheld the Trustee's determination that no adjustment for Time-Based Damages Adjustment could be made under SIPA. *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744, 754 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74 (2d Cir. 2015), *cert. denied sub nom. Peshkin v. Picard* (U.S. Oct. 5, 2015). The Bankruptcy Court ruled that, as a matter of law, SIPA did not permit Time-Based Damages to net equity. *Id.*

The Bankruptcy Court certified an immediate appeal of its decision pursuant to 28 U.S.C. § 158(d)(2), which the Second Circuit granted. *In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d

[6] The Trustee is using "Time-Based Damages" as an umbrella term to describe all of these grounds.

74, 78-79 (2d Cir. 2015) *cert. denied sub nom*. *Peshkin v. Picard* (U.S. Oct. 5, 2015). The Second Circuit affirmed the Bankruptcy Court's decision, holding that SIPA did not permit Time-Based Damages Adjustment to "net equity" claims for customer property and that such an adjustment would have gone beyond scope of SIPA's intended protections and was inconsistent with SIPA's statutory framework. *Id.* at 78-79.

On October 5, 2015, the United States Supreme Court denied *certiorari*, and thus a final order has been issued, upholding the Trustee's approach with respect to Time-Based Damages. *Peshkin v. Picard*, 2015 WL 4468041 (U.S. Oct. 5, 2015).

## RELIEF REQUESTED

By this Motion, the Trustee seeks to have the Court affirm the Trustee's determination of the Claims in accordance with the Net Investment Method and without a Time-Based Damages Adjustment. Claimants are identified on Exhibit A (by Claimant name) and Exhibit B (by BLMIS account number) to the Sehgal Declaration under the heading "*Claims and Objections to be Finally Determined and Overruled*" (collectively, the "Claims and Objections").

## THE OBJECTIONS SHOULD BE OVERRULED

Upon review of the accounts underlying the Claims, the Trustee allowed the Claimants' claims up to the value of their net equity, in accordance with the Net Investment Method and without a Time-Based Damages Adjustment, under SIPA § 78*lll*(11). The Trustee, with the assistance of his professionals, reviewed each of the Objections to determine the basis for disputing the Trustee's determination. Each Objection challenged the Net Investment Method or sought a Time-Based Damages Adjustment, or both. Because these issues have now been finally determined, there is no remaining basis on which to object. The Trustee's denial of the Claims should be affirmed and the Objections should be overruled.

**NOTICE**

Notice of this motion has been provided by U.S. mail, postage prepaid, or email to (i) all Claimants listed on Exhibit A to the Sehgal Declaration attached hereto (and their counsel) whose objections are pending before this Court; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required. In addition, the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
November 12, 2015

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email : avanderwal@bakerlaw.com
George Klidonas
Email : gklidonas@bakerlaw.com
Stephanie A. Ackerman
Email: sackerman@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*