UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**FINAL APPLICATION OF TAYLOR WESSING AS SPECIAL COUNSEL TO THE TRUSTEE FOR REIMBURSEMENT OF FEES PREVIOUSLY HELD BACK BY SIPC**

Taylor Wessing, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application, as Taylor Wessing has ceased to act as special counsel to the Trustee, for release of fees previously held back ("Holdback") from the commencement of its retention as special counsel beginning on December 7, 2010. The total amount withheld during that period is $4,778,247.44.

**I. BACKGROUND**

1.     On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the


liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on November 4, 2010, Taylor Wessing has served as special counsel for the Trustee.

4. On December 7, 2010, this Court entered an order approving the Trustee's motion for authority to retain Taylor Wessing as special counsel to the Trustee in matters pertaining to the United Kingdom.

5. The Trustee's motion to retain Taylor Wessing established a fee arrangement pursuant to which Taylor Wessing agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. RELEASE OF THE HOLDBACK

6. For prior compensation periods, the amount of the Holdback for Taylor Wessing's fees is $4,778,247.44.

7. Taylor Wessing will no longer act as special counsel for the Trustee following the determination of this Application.

8. Hence, Taylor Wessing seeks a release of the entire Holdback upon the consent and approval of SIPC.

9. SIPC has advised that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $4,778,247.44 for Taylor Wessing.

10. Hence, Taylor Wessing respectfully requests that this Court authorize the release of the Holdback payment to Taylor Wessing in the amount of $4,778,247.44, as approved by SIPC.

### III. GENERAL MATTERS

11. All of the professional services for which compensation is requested herein were performed by Taylor Wessing for and on behalf of the Trustee and not on behalf of any other person or entity save for services in connection with the MSIL engagement where a joint litigation agreement[1] exists between the Trustee and the liquidator of MSIL.

12. No agreement or understanding exists between Taylor Wessing and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Taylor Wessing with compensation for the legal services described herein.

13. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

---

[1] The Trustee filed the Motion of the Trustee for Authorization to Enter into Joint Litigation Agreement (Dkt. 3254) on November 29, 2010, seeking, among other relief, authorization to enter into a joint litigation agreement (the "Litigation Agreement") with the liquidators of MSIL. On December 7, 2010, this Court entered the Order Authorizing Trustee to Enter into Joint Litigation Agreement (Dkt. 3306), authorizing the Trustee to enter into the Litigation Agreement.

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

14. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Taylor Wessing (*see* SIPA § 78fff-3(b)(2)).

15. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

16. Therefore, with respect to this Application, Taylor Wessing requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Taylor Wessing expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Taylor Wessing respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Releasing $4,778,247.44 to Taylor Wessing from the Holdback; and

   c. Granting Taylor Wessing such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 23, 2015   Taylor Wessing LLP

By: _s/David de Ferrars_
 David de Ferrars
 5 New Street Square
 London EC4A 3TW
 Telephone: +44 (0)20 7300 7000
 Fax: +44 (0)20 7300 7100

# EXHIBIT A

## SUMMARY OF INTERIM COMPENSATION FOR TAYLOR WESSING

| | |
|---|---|
| Holdback for Prior Compensation Period: | $4,778,247.44 |
| Release of the Holdback | $4,778,247.44 |
| **Total to be Paid** | **$4,778,247.44** |