**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF MUNARI GIUDICI MANIGLIO PANFILI E ASSOCIATI AS SPECIAL COUNSEL TO THE TRUSTEE FOR A RELEASE OF A PORTION OF FEES PREVIOUSLY HELD FOR THE PRIOR COMPENSATION PERIODS**

Munari Giudici Maniglio Panfili E Associati ("MGMP"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the consolidated liquidation under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff, submits this Application for release of a portion of the previously held back legal fees ("Holdback") in the amount of $5,721.49 for previous compensation periods.

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the

Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.       The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.       Beginning on March 21, 2013, MGMP has served as special counsel for the Trustee.

4.       On April 8, 2013, this Court entered an order approving the Trustee's motion for authority to retain MGMP as special counsel to the Trustee in matters pertaining to Italy *nunc pro tunc* to March 21, 2013.

5.       The Trustee's motion to retain MGMP established a fee arrangement pursuant to which MGMP agreed to a fee reduction in the amount of 10%.  MGMP also agreed to an additional holdback of fees in the amount of 20%.

## II.  RELEASE OF THE HOLDBACK

6.       For prior compensation periods, the amount of the Holdback for MGMP's fees is $17,337.84.  MGMP seeks a release of the Holdback in the amount of $5,721.49 upon the support of SIPC.

7.       SIPC has advised that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $5,721.49 for MGMP.

8.       Hence, MGMP respectfully requests that this Court authorize the release of the Holdback payment to MGMP in the amount of $5,721.49, as supported by SIPC.

### III.  GENERAL MATTERS

9.      All of the professional services for which compensation is requested herein were performed by MGMP for and on behalf of the Trustee and not on behalf of any other person or entity.

10.      No agreement or understanding exists between MGMP and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide MGMP with compensation for the legal services described herein.

11.      Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

12.      To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of MGMP (*see* SIPA § 78fff-3(b)(2)).

13.      The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of

the Trustee.   Accordingly, any fees and expenses allowed by this Court will be paid from

advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

14.     Therefore, with respect to this Application, MGMP requests that consistent with

section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC."

*See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  MGMP expects that SIPC's

recommendation shall be filed with this Court separately.


**WHEREFORE**, MGMP respectfully requests that this Court enter an Order:

a.     Granting this Application; and

b.     Releasing $5,721.49 to MGMP from the Holdback for Prior Compensation
       Periods; and

c.     Granting MGMP such other and further relief as the Court deems just and proper.

Respectfully submitted,


Dated: November 23, 2015                    MGMP


By:   _s/Paulo Giudici_
      Paolo Giudici
      Largo San Giuseppe 3-23b
      I-16121
      Genova ,Italy
      Telephone: +(39) 010565529

## <u>EXHIBIT A</u>

## <u>SUMMARY OF INTERIM COMPENSATION FOR MUNARI</u>

|  | TOTAL COMPENSATION |
|---|---|
| Holdback for Prior Compensation Period | $17,337.84 |
| Release of the Holdback | $5,721.49 |
| **Total to be Paid** | **$5,721.49** |