# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jimmy Fokas
direct dial: 212.589.4272
jfokas@bakerlaw.com

November 24, 2015

**VIA ECF AND FIRST CLASS MAIL**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Wiener*, Adv. Pro. No. 10-04293 (SMB)
      *Picard v. Wiener Family Ltd. P'ship*, Adv. Pro. No. 10-04323 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the estate of Bernard L. Madoff. We write in response to the November 19, 2015 letter filed by the defendants in the above-referenced adversary proceedings requesting a conference with the Court regarding their objections to the Trustee's Rule 45 subpoenas for the defendants' bank records.

      The facts in these cases are not complicated and relate to specifically alleged transfers to and from certain of the defendants' BLMIS accounts. The complaints in each adversary proceeding contain detailed allegations of these transfers in the form of an exhibit ("Exhibit B") attached to the respective complaints.[1] The defendants had the initial opportunity to avoid discovery into these transfers by admitting the relevant allegations in their answers. The defendants, however, denied those allegations. As such, on October 28, 2015 and November 3, 2015, the Trustee served Rule 45 subpoenas on banks which, based on the Trustee's examination of BLMIS' books and records, the Trustee believes received transfers from the relevant BLMIS accounts.

---

[1] Attached hereto as Exhibit 1 is the Exhibit B to the complaint filed in the *Picard v. Wiener* adversary proceeding and attached hereto as Exhibit 2 is the Exhibit B to the complaint filed in the *Picard v. Wiener Family Ltd. P'ship* adversary proceeding.

The Honorable Stuart M. Bernstein
November 24, 2015
Page 2

       The Trustee endeavors to make discovery as efficient and narrowly tailored as possible. To that end, when the defendants initially objected to the subpoenas, the Trustee asked during a meet and confer, followed up by letter dated November 13, 2015 (attached hereto as Exhibit 3), if they would stipulate as to the initial and any possible subsequent transfers. The defendants did not respond to the Trustee's request and instead submitted the letter requesting the conference.[2] Accordingly, where—as here—the transfers apparently are in dispute, the Trustee is entitled to bank records that confirm receipt of those transfers.

       As the Trustee explained to the defendants by telephone and letter, the bank records are relevant to these adversary proceedings and discoverable pursuant to the Litigation Procedures Order ("LPO") dated November 10, 2010.[3] In addition to their relevance to the defendants' receipt of the initial transfers between December 11, 2006 and December 11, 2008 (the "Two Year Period") as expressly contemplated by the LPO in § 4(G), the records are also relevant to any potential subsequent transfer of funds by defendants. The LPO permits discovery into "the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason." LPO § 4(G)(i). The Trustee is seeking the bank records for approximately 12 months beyond the Two Year Period—through December 31, 2009—because the Trustee believes that is a reasonable period of time in which the Trustee may trace and determine potential liability for any subsequent transfers.

       The defendants' objections to the subpoenas are without merit. First, the defendants mischaracterize the June 2, 2014 Decision on the Omnibus Motion to Dismiss (the "Omnibus Decision")[4] in claiming that the Trustee is barred from seeking <u>any</u> discovery into subsequent transfers. The Omnibus Decision held that the Trustee failed to allege certain claims against subsequent transferee defendants with requisite particularity.[5] Nothing in the Omnibus Decision bars the Trustee from forever recovering on these subsequent transferee claims, as defendants claim. Nor does anything in that decision bar the Trustee from seeking discovery regarding possible subsequent transfers from the remaining initial transferee defendants.

       Second, the Trustee is not engaging in a "fishing expedition." Each and every bank targeted by the subpoenas was identified in BLMIS' books and records as having received transfers. On November 16, 2015, the Trustee produced such books and records to the

---

[2] *See* Letter Requesting Conference, *Picard v. Wiener*, Adv. Pro. No. 10-04293 (SMB) (ECF No. 39), and *Picard v. Wiener Family Ltd. P'ship*, Adv. Pro. No. 10-04323 (SMB) (ECF No. 39).

[3] *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, Adv. Pro. No. 08-01789 (SMB) (ECF No. 3141). The LPO governs these actions pursuant to the Notices of Applicability that were filed on November 26, 2010 in *Picard v. Wiener*, Adv. Pro. No. 10-04293 (SMB) (ECF No. 2), and *Picard v. Wiener Family Ltd. P'ship*, Adv. Pro. No. 10-04323 (SMB) (ECF No. 2).

[4] *Picard v. Wiener*, Adv. Pro. No. 10-04293 (SMB) (ECF No. 27); *Picard v. Wiener Family Ltd. P'ship*, Adv. Pro. No. 10-04323 (SMB) (ECF No. 27).

[5] *See id.* at 49-53. Consistent with the Omnibus Decision, the Trustee dismissed the subsequent transfer claims in the *Picard v. Wiener Family Ltd. P'ship* adversary proceeding because they did not rise to the standard articulated by this Court. (ECF No. 30). However, the subsequent transfer claims remain in the *Picard v. Wiener* adversary proceeding and were not dismissed in that action.

The Honorable Stuart M. Bernstein
November 24, 2015
Page 3

defendants in each action. Moreover, as discussed above, the subpoenas are reasonably tailored in seeking records solely for the Two Year Period and a reasonable amount of time thereafter so that the Trustee may have the ability to trace subsequent transfers.

Third, the Trustee is cognizant of the fact that bank records may contain sensitive information. For that reason, the Trustee explicitly asked the defendants to state their position as to whether they would stipulate to the transfers, and also voluntarily disclose by date, recipient and amount any possible subsequent transfer. As stated in the Trustee's November 13, 2015 letter, the Trustee may not require all of the bank records if the defendants stipulated to the transfers as discussed above. The defendants ignored the Trustee's offer, and instead, prematurely requested the Court's intervention. The Trustee would not object to the designation of these bank records as "Confidential" under the June 6, 2011 Litigation Protective Order, provided that information relating to the amount, receipt and date of initial or subsequent transfers, and the identity of the transferees, contained in the records is expressly not confidential pursuant to Paragraph 4(e) of the Litigation Protective Order.[6]

For all of these reasons, the Trustee is entitled to the subpoenaed bank records, and respectfully requests an order denying defendants' objections. The defendants should not be allowed to wholesale deny all of the Trustee's allegations as to transfers, on the one hand, and then improperly oppose the Trustee's efforts to seek relevant discovery concerning those facts, on the other. If the Court is inclined to schedule an informal conference between the parties, we ask that the conference be scheduled on the next omnibus hearing date, December 16, 2015, if convenient for the Court.

Respectfully submitted,

*s/ Jimmy Fokas*

Jimmy Fokas


cc:    Ernest E. Badway, Esq. (via ECF and email)
       Lauren J. Talan, Esq. (via ECF and email)

---

[6] Because these bank records are being sought in innocent investor cases, they are not required to be placed in the Trustee's Third-Party Data Rooms pursuant to the Orders governing those Data Rooms.