# EXHIBIT 3

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

Jimmy Fokas
direct dial: 212.589.4272
jfokas@bakerlaw.com

November 13, 2015

**VIA EMAIL AND FIRST CLASS MAIL**

Lauren J. Talan, Esq.
Fox Rothschild LLP
75 Eisenhower Parkway
Suite 200
Roseland, New Jersey 07068-1600

Re:   Document Subpoenas; *Picard v. Wiener*, Adv. Pro. No. 10-04293 (SMB) (Bankr. S.D.N.Y. 2010) and *Picard v. Wiener Family Limited Partnership*, Adv. Pro. No. 10-04323 (SMB) (Bankr. S.D.N.Y. 2010)

Dear Ms. Talan:

We write in response to your November 11, 2015 email maintaining the defendants' objections to the Trustee's subpoenas served in the above-referenced adversary proceedings. We reiterate the position we took during our November 10, 2015 meet and confer that the bank and retirement account records subpoenaed by the Trustee are relevant to the Trustee's claims in these actions and proper under the November 10, 2010 Litigation Procedures Order (the "LPO"), which articulates the permissible scope of discovery in these adversary proceedings. As an initial matter, we remind you of our willingness expressed during the meet and confer, to enter into fact stipulations concerning all of the relevant account activity reflected on the Exhibit Bs to the Complaints, as well as the defendants' voluntary disclosure of subsequent transfers that may have occurred between December 11, 2006 and December 31, 2009. Please let us know specifically whether you are willing to stipulate on these issues, as a stipulation may obviate the need for much of the outstanding discovery, and thereby moot any dispute that we have with respect to these Rule 45 subpoenas.

Absent a stipulation, however, your objections to the Rule 45 subpoenas are without merit. Under the plain terms of the LPO, the Trustee is entitled to discovery into "the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason." LPO § (4)(G)(i). Nothing in Judge Bernstein's June 2, 2015 Decision on the Omnibus Motion to Dismiss suggests otherwise. The Court did not hold, as you seem to suggest, that the Trustee is not permitted to bring claims for subsequent transfers; it held that the Trustee asserted a number of such claims in certain cases without the requisite particularity. The fact that these subsequent transfer claims did not survive the pleading stage of those adversary proceedings does not mean that the Trustee may not take

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Lauren J. Talan, Esq.
November 13, 2015
Page 2

any discovery into subsequent transfers from the defendants in each case. Indeed, the plain language of the LPO, as discussed above, entitles the Trustee to such discovery.

Your objection to the applicable period included in the subpoenas similarly lacks merit.[1] Given that the Trustee is expressly entitled to discovery into subsequent transfers, it follows that any subsequent transfers of funds initially withdrawn between December 11, 2006 and December 11, 2008 may have occurred outside of this two year window. To that end, the Trustee has extended the applicable period of the subpoenas by a reasonable period of approximately 12 months beyond the revelation of the fraud at Bernard L. Madoff Investment Securities LLC ("BLMIS") in order to determine if any such transfers occurred during this period. We believe that discovery into any subsequent transfers made up to approximately one year beyond the two year window is narrowly tailored and more than reasonable.

We further disagree with your objection that the subpoenas served in the 10-04293 matter are vague because they do not include account numbers. As an initial matter, the subpoenas served by the Trustee on The Bank of New York Mellon and Pershing LLC include account numbers. The subpoenas served on Wells Fargo Bank and J.P. Morgan Chase are based upon BLMIS books and records that detail transfers made from Mr. Wiener's BLMIS account directly into accounts at these banks. The fact that the Trustee does not currently have the specific account numbers does not make it any less certain that BLMIS transferred funds to these banks for the benefit of Mr. Wiener.

Finally, with respect to your objection to the Pershing LLC subpoena on the grounds that it targets "personal" accounts, the Trustee is entitled to discovery relating to any bank account that received transfers (initial or subsequent) from BLMIS, regardless of whether it is a "personal" bank account. BLMIS's books and records and other documents that the Trustee will produce to the defendants in the normal course of discovery provide the Trustee with a reasonable basis to believe that each subpoenaed bank received one or more transfers from the BLMIS accounts at issue in these cases. That Mr. Wiener might have received transfers from BLMIS into a personal bank account does not insulate him or any other defendant from discovery into the transfers that he received.

Please let us know whether the defendants are willing to stipulate to the accuracy of the Exhibit Bs to the Complaints and voluntarily stipulate as to any subsequent transfers. We are confident that if the defendants refuse to stipulate, the Court will overrule these objections to the production of plainly relevant records. As you are aware, the Court recently compelled the production of similar discovery in another of the Trustee's actions. *See* Transcript of Hearing

---

[1] Indeed, your citation to Section 549 of the Bankruptcy Code bears no relevance to these adversary proceedings or the fraudulent transfers at issue.

Lauren J. Talan, Esq.
November 13, 2015
Page 3

Held August 18, 2015, *Picard v. Cohmad Secs. Corp.*, Adv. Pro. No. 09-01305 (SMB) (Bankr. S.D.N.Y. 2009) (ECF No. 348).

Sincerely,

Jimmy Fokas


cc:    Ernest E. Badway, Esq. (via email)