# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Geraldine E. Ponto
direct dial: 212.589.4690
gponto@bakerlaw.com

December 2, 2015

**VIA EMAIL**

The Honorable Stuart M. Bernstein
U. S. Bankruptcy Judge
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY  10004-1408

> Re:    *Picard v. Ceretti, Adv. No. 09-01161 (SMB)*

Dear Judge Bernstein:

We write in our capacity as counsel to Trustee Irving H. Picard, plaintiff in the above-referenced proceeding, to request a discovery-related conference before the Court under Local Rule 7007-1(b), and Your Honor's chambers rules. The issue is the Kingate Funds' refusal to produce documents that the Funds contend contain confidential shareholder information that the June 6, 2011 Litigation Protective Order, ¶4(e) Trustee excludes from the definition of "Confidential Material."

The Trustee and the Kingate Funds agreed upon a Case Management Plan that was so ordered by the Court on October 27, 2015 [ECF 227].  On October 5, 2015, the Trustee served the Funds with written Initial Disclosures and the Trustee's First Set of Document Requests ("Requests").  On October 14, 2015, the Funds served the Trustee with their Initial Disclosures. A copy of the Funds' Initial Disclosures is enclosed with this letter.  On November 6, 2015, the Funds served the Trustee with (1) Kingate Euro Fund's Responses and Objections to the Trustee's First Set of Document Requests; and (2) Kingate Global Fund's Responses and Objections to the Trustee's First Set of Document Requests.  A copy of the Funds' responses is enclosed with this letter.

The Funds have indicated they have hundreds of thousands of documents that are responsive to the Trustee's Requests, and they concede that not all of these documents contain shareholder information. To date, the Trustee has produced documents to the Funds and authorized their access to the Trustee's data rooms, but the Funds have not produced any documents in response to the Trustee's Requests due to the shareholder confidentiality issue.

The Honorable Stuart M. Bernstein
December 2, 2015
Page 2


The Trustee has advised the Funds that the identity of transferees, such as the Funds' shareholders, is not confidential, and that a modification of the June 6, 2011 Litigation Protective Order requires a stipulation with the Trustee or an order of this Court.

Counsel for the respective parties have exchanged rounds of correspondence on this issue, but have been unable to reach a resolution. On November 30, we advised the Funds that we would request a discovery-related conference before Your Honor concerning this matter.

We ask that the Court schedule an informal conference at the Court's convenience and we will follow up with Your Honor's clerk by telephone.

Respectfully,

*s/* Geraldine E. Ponto
Geraldine E. Ponto

Enclosures

Copy (w/encls.) to:    Robert S. Loigman
                       Lindsay M. Weber
                       Rex Lee
                       David J. Sheehan
                       Karin S. Jenson
                       Gonzalo S. Zeballos

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
Rex Lee
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Telecopier:  (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global*
*Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 09-1161 (SMB) |
| FEDERICO CERETTI, *et al.* | |
| Defendants. | |

**DEFENDANTS KINGATE GLOBAL FUND LIMITED AND**
**KINGATE EURO FUND LIMITED'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Joint Liquidators for defendants Kingate Global Fund Limited ("Kingate Global") and Kingate Euro Fund Limited ("Kingate Euro" and, together with Kingate Global, the "Kingate Funds" or "Funds"), by their undersigned attorneys, provide the following initial disclosures.

These initial disclosures are based on information reasonably available to the Kingate Funds at this time.  The Kingate Funds may amend or supplement these disclosures based upon their continuing investigations and discovery pursuant to Federal Rule of Civil Procedure 26(e). The Funds do not waive their right to object to any discovery request or other proceeding related to the subject matter of these disclosures based on competency, privilege, relevancy, materiality, hearsay or any other proper ground for objection.

## I.    Witnesses

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), the Kingate Funds presently believe that, in addition to the individuals identified by the Trustee in his initial disclosures, the following individuals are likely to have discoverable information that the Funds may use to support their claims and/or defenses in this action:

Irving Picard

Bernard Madoff

David Kugel

Peter Madoff

The Funds identify these individuals at this time as they are likely to have information relating to the business activities of Bernard L. Madoff Investment Securities LLC ("BLMIS"), the Funds' investments in and redemptions from BLMIS, and/or transfers by BLMIS to the Funds.

2

## II.    **Documents**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), the Kingate Funds presently believe that the following documents in their possession, custody or control are likely to contain discoverable information that the Funds may use to support their claims and defenses in this action.  The Funds base this disclosure on information reasonably available to them at this time.  By disclosing the following categories of documents, the Funds do not waive any objections that they have or may have to producing these documents.  A significant portion of these documents were provided to the Funds by other entities and have not been reviewed by the Funds.

1.    Documents that the Funds produced to the Trustee in response to the Trustee's prior Rule 2004 subpoena.  These documents include articles of association; FIM quarterly reports; FIM monthly analyst reports; BLMIS account statements; board minutes; Bank of Bermuda account statements; Kingate Management Limited administration agreements; and BLMIS customer agreements.

2.    Documents provided to the Funds by their former Directors.

3.    Documents provided to the Funds by their registered agent, which include the Funds' quarterly reports, certain resolutions and articles of association.

4.    Documents provided to the Funds by their administrator, which include information relating to subscriptions, redemptions, NAV calculations, and communications pertaining to these topics.

5.    Documents provided to the Funds by Bank of Bermuda, which include bank statements and payment confirmations.

6.    Documents provided to the Funds by Tremont (Bermuda) Limited, which include information relating to the Funds' financial statements, fact sheets for the Funds, and various communications.

7.    Documents provided to the Funds by Kingate Management Limited, which include largely electronic information.

8.    Documents provided to the Funds and produced to the Trustee by FIM pursuant to an order under the UK Cross Border Insolvency Regulations.

9.    The Funds have also received documents from Kingate Management Limited, FIM, and the Trust Defendants in connection with the Funds' legal proceedings in Bermuda involving these and related parties.  These documents, which include some documents provided to the Funds in connection with items 7 and 8, above,

3

were produced to the Funds under Bermuda law.  The Funds are not permitted to use these documents in any other proceeding, including this one, without an order from the Bermuda court or consent of the producing parties.

### III.   Damages

The Kingate Funds do not seek damages in this action.  The Funds may seek their attorneys' fees and costs incurred in defending this lawsuit in an amount yet to be determined.  The Funds do seek allowance of their claims against the BLMIS Estate.  The Funds expressly reserve the right to supplement their response pursuant to Federal Rule of Civil Procedure 26(e) as their investigation continues.

### IV.   Insurance Agreements

The Kingate Funds are not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: New York, New York
      October 14, 2015

            QUINN EMANUEL URQUHART &
              SULLIVAN, LLP

        By:   /s/ Robert S. Loigman
              Susheel Kirpalani
              Robert S. Loigman
              Rex Lee
              Lindsay M. Weber

              51 Madison Avenue, 22nd Floor
              New York, New York  10010
              (212) 849-7000

              *Counsel to Joint Liquidators of Kingate*
              *Global Ltd. and Kingate Euro Ltd.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
Rex Lee
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global*
*Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-1161 (SMB) |
| v. | |
| FEDERICO CERETTI, *et al.* | |
| Defendants. | |

**DEFENDANT KINGATE EURO FUND LIMITED'S RESPONSES AND**
**OBJECTIONS TO THE TRUSTEE'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, the Joint Liquidators for defendant Kingate Euro Fund Limited ("Kingate Euro"), by their undersigned counsel, respond and object as follows to the First Request for the Production of Documents (the "Requests") propounded by plaintiff Irving Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee" or "Plaintiff") as follows:

## GENERAL OBJECTIONS

1.      Kingate Euro objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection from disclosure, including any privacy right afforded to Kingate Euro or it investors.  The inadvertent disclosure of any information or document that is privileged or otherwise protected from disclosure will not waive such privilege, protection or privacy right.

2.      Kingate Euro objects to the Requests to the extent they purport to impose on Kingate Euro any obligations beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court.

3.      Kingate Euro objects to the Requests to the extent they seek discovery beyond the limits of or different from that permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court.

4.      To the extent any definition does not comport with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of this Court, or the ordinary meaning of the word itself, Kingate Euro will follow the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court, or apply

2

the ordinary meaning of the word.  References below to terms defined in the Requests do not mean that Kingate Euro agrees with the definitions of those terms.

5.          Kingate Euro objects to the Instructions to the extent they purport to require Kingate Euro to do more than produce documents.

6.          Kingate Euro objects to the Requests to the extent they are so vague, ambiguous or confusing as not to be susceptible to a reasoned interpretation or response.

7.          Kingate Euro objects to the Requests to the extent they fail to identify with reasonable particularity the information sought.

8.          Kingate Euro objects to the Requests to the extent they are overly broad, overly expansive, oppressive or unduly burdensome and would thus impose upon Kingate Euro an unreasonable burden of inquiry or unreasonable costs.

9.          Kingate Euro objects to the Requests to the extent they contain legal conclusions or characterize certain information, allegations or ideas as undisputed fact.

10.          Kingate Euro objects to every Request that is duplicative of other Requests.

11.          Kingate Euro objects to the Requests to the extent they seek information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Kingate Euro's decision to provide any document requested, notwithstanding the objectionable nature of any Request, is not a concession that the produced information is relevant, material or admissible in these or any other proceedings.  Kingate Euro reserves all objections regarding the relevance and admissibility of these responses and all forthcoming production(s) by Kingate Euro as evidence in these or any other proceedings.

12.          Kingate Euro objects to the Requests to the extent they require the disclosure of trade secrets or confidential or proprietary information or documents.

3

13.     Kingate Euro objects to the Requests to the extent they require Kingate Euro to provide documents that are not in its possession, custody or control.

14.     Kingate Euro objects to any form of production of electronically-stored information that imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court.

15.     All responses and forthcoming production(s) of documents are made subject to these objections and are based solely on the information known to Kingate Euro at the time these responses are served. Kingate Euro reserves the right to revise, supplement or clarify any objection, response or production at any time, and to use at trial in this action information or documents later determined to have been responsive to these Requests.

16.     Kingate Euro reserves the right to object to further discovery into the subject matter of the Requests.

17.     Statements below to the effect that records shall be produced does not necessarily mean that any such records actually exist.

18.     Kingate Euro objects to each and every Request that is subject to the "Applicable Period" on the ground that the time period for production is overbroad and unduly burdensome and seeks information more than one year after the disclosure of the fraud at issue. Kingate Euro will not search for documents created on or after May 8, 2009, when orders were issued placing Kingate Euro in provisional liquidation.

19.     Kingate Euro objects to the instructions in the "Manner of Production" to the extent they impose an unreasonable burden. Kingate Euro will produce any documents (and available metadata) in formats that are reasonably available and after conferring with the Trustee.

20.    Kingate Euro objects to the Requests to the extent they seek information regarding specific shareholders in Kingate Euro, as production of such information may require the Joint Liquidators of Kingate Euro to breach their obligations under BVI law and/or provisions included in agreements with shareholders.

21.    Kingate Euro objects to the Requests to the extent they seek information provided to Kingate Euro by other defendants in this case in connection with Kingate Euro's legal proceedings in Bermuda, as production of such information may require the Joint Liquidators of Kingate Euro to breach their obligations under Bermuda law and/or agreements with these producing parties. Kingate Euro is applying to the Bermuda court to permit production of such documents to the Trustee.

22.    Each of the foregoing general objections is incorporated into each and every specific response set forth below. Notwithstanding the specific response to any Request, Kingate Euro does not waive any of its general objections. Kingate Euro may repeat a general objection below for emphasis or for some other reason, and the failure to repeat a general objection shall not be construed as a waiver of any general objection to the Requests.

## RESPONSES TO DOCUMENT REQUEST

### REQUEST FOR PRODUCTION NO. 1:

All Documents relevant to any claim or defense asserted in the Action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects on the grounds that the Request is vague, ambiguous, and fails to identify with reasonable particularity the information sought. Kingate Euro also objects to the extent this Request is duplicative of other Requests.

5

Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

## I.    FORMATION AND STRUCTURE

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning the formation of KEF, including but not limited to articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and organizational charts, and any other Documents reflecting formation and governance of KEF, as originally constituted and as amended or otherwise modified.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents sufficient to identify KEF's principal place(s) of business, business address(es), and the name(s) and address(es) of KEF's registered agent(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to its general objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents sufficient to identify all members of KEF's Board of Directors, by year, including but not limited to Documents reflecting their titles, responsibilities, membership on any subcommittees or working groups, tenures, and any changes thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its general objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning the formation, authority, and acts of KEF's Board of Directors, including but not limited to all Documents concerning: (i) the authority possessed by KEF's Board of Directors; (ii) KEF's Board of Directors' exercise of its authority, including but not limited to any such exercise of authority concerning KEF's investments, KEF's investments with BLMIS, and KEF's selection and engagement of BLMIS and all other service providers; (iii) any and all resolutions, orders, directives, or instructions issued by KEF's Board of Directors; (iv) any and all meetings of KEF's Board of Directors, including but not limited to agendas, notes, minutes, Documents considered by, distributed to, or created by KEF's Board of Directors  before, during, or after any and all such meetings, and all drafts of such Documents; (v) all Communications to, from, or among KEF's Board of Directors or any individual Director(s); (vi) the manner in which the Directors were chosen, elected, or appointed to the Board; and (vii) the compensation of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents sufficient to identify all of KEF's personnel, executives, officers, directors, employees, agents, and/or representatives, including but not limited to their position, title, responsibilities, dates of service, and supervisors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents sufficient to show the telephone numbers and email addresses assigned to all KEF's directors, officers, and employees, including but not limited to all employer-issued cell phone numbers.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**II.    CONTRACTUAL RELATIONSHIPS**

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any agreement or contract, whether oral or written, to which KEF is a party or a beneficiary, including but not limited to all Documents concerning:  (i) Manager Agreement dated as of May 1, 2000 between Kingate Management Limited and Kingate Euro Fund, Ltd.; (ii) Kingate Management Limited and FIM Limited Consulting Services Agreement relating to Kingate Euro Fund, Ltd. dated April 23, 2001; (iii) Deed of Novation between Kingate Management Limited, FIM Limited, and FIM Advisers LLP relating to Kingate Euro, Ltd. dated July 29, 2005; (iv) Kingate Management Limited and FIM Limited Distribution Agreement relating to Kingate Euro Fund, Ltd. dated April 23, 2001; (v) Kingate Euro Fund, Ltd. and Kingate Management Limited and Hemisphere Management Limited Administration Agreement dated May 1, 2000; (vi) Amended and Restated Administration Agreement between Kingate Euro Fund, Ltd. and Kingate Management Limited and Bisys Hedge Fund Services Limited dated June 1, 2007; (vii) Custodian Agreement made on May 1, 2000 between Kingate Euro Fund, Ltd. and The Bank of Bermuda Limited; and (viii) Registrar Agreement between Kingate Euro Fund, Ltd., Kingate Management Limited and Hemisphere Management Limited made as of May 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Kingate Euro will negotiate in good faith to narrow the scope of this request and produce non-privileged documents responsive to the narrowed request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any agreement or contract, whether oral or written, by, between, or among any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Kingate Euro also objects to this Request to the extent it seeks information that is not in Kingate Euro's possession, custody, or control.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**III.    DUE DILIGENCE AND INVESTMENT ACTIVITY**

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning KEF's operations, requirements, policies, and procedures concerning Risk Management, due diligence, know-your-customer, suspicious activity investigation and reporting, and any other Regulatory compliance policies and procedures.  This Request includes all manuals or guidelines for such operations, requirements, policies, and procedures, as well as all Documents sufficient to determine the date and substance of any changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning KEF's due diligence processes, including but not limited to the standards and practices employed to investigate, monitor, and oversee the activities and investments of sub-advisers, unaffiliated managers, or third-party funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it is duplicative of other Requests.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning KEF's methods, protocols, practices and procedures for conducting due diligence on any existing investment or any prospective investment opportunity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it is duplicative of other Requests.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning any inquiry, investigation, or due diligence conducted by KEF on any existing investment or potential investment, including but not limited to all Documents reviewed or created as part of that inquiry, investigation, or due diligence, due diligence reports or questionnaires, prospectuses, offering memoranda, private placement memoranda, advertisements, brochures, website postings, website addresses, presentations, pamphlets, pitch books, performance records, term sheets, and marketing or executive summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the grounds that it (i) seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) is duplicative of other Requests.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

10

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any potential or actual investment with, or related to, BLMIS, including but not limited to all Documents concerning: (i) due diligence conducted on BLMIS; (ii) any opinions, research, or advice concerning any actual or potential investment with BLMIS; (iii) any marketing materials of BLMIS, including but not limited to any private placement memoranda, offering memoranda, tear sheets, or prospectuses; (iv) any monthly, quarterly, or annual performance reports or summaries of BLMIS; (v) any monthly, quarterly, or annual risk or risk management reports of BLMIS; (vi) any portfolio management reports of BLMIS; (vii) any monthly, quarterly, or annual strategy reviews of BLMIS; (viii) SEC Form(s) ADV or 13F, or any amendments thereto, filed or submitted by BLMIS and any other Regulatory filings for BLMIS; (ix) any analysis, discussion, review, simulation, or replication of the split- strike conversion investment strategy purportedly executed by BLMIS or any trade purportedly executed under that strategy, including the volumes of and prices at which BLMIS purportedly purchased or sold securities, the identity of counterparties to trades purportedly executed by BLMIS, and trading activity inconsistent with the split-strike conversion strategy; (x) the management team or management structure of BLMIS; (xi) any investigation, background check, or similar review of the professional experience, education, or other credentials of any BLMIS employee; (xii) the identity or nature of BLMIS's clients or investors; (xiii) the assets under management of BLMIS, including but not limited to the amount of such assets, the growth of such assets, and the percentage of such assets attributable to particular, or groups of, clients or investors; (xiv) any of BLMIS's accountants, auditors, accounting firms, or auditing firms, including but not limited, to David G. Friehling or Friehling & Horowitz, CPAs, P.C.; (xv) fees or commissions charged by BLMIS; (xvi) risk models; (xvii) pricing models; (xviii) qualitative or quantitative analyses; (xix) periodic portfolio analyses; (xx) benchmarking analyses; (xxi) performance attribution analyses; (xxii) peer analyses; (xxiii) systematic v. non-systematic return analyses; (xxiv) regression analyses; (xxv) reverse-engineering analyses; (xxvi) risk-adjusted analyses; (xxvii) style-adjusted analyses; (xxviii) scenario analyses; (xxix) drawdown analyses; (xxx) correlation analyses; (xxxi) alpha analyses; (xxxii) comparisons, reviews, or analyses of performance during periods of market stress or market downturn; (xxxiii) the volatility or expected volatility of BLMIS's performance; (xxxiv) any "scatter diagrams" or histograms created or used to analyze the performance of BLMIS; (xxxv) the Sharpe ratio for BLMIS; and (xxxvi) the Sortino ratio for BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning any assessment of, or due diligence conducted on, KGF, KEF, BLMIS, or any Feeder Fund, by any Person, including but not limited to all Documents concerning: (i) due diligence questionnaires; (ii) any opinions, research, or advice concerning

any actual or potential investment with KEF; (iii) any KEF marketing materials, including but not limited to any private placement memoranda, offering memoranda, tear sheets, or prospectuses; (iv) any KEF monthly, quarterly, or annual performance reports or summaries; (v) any KEF monthly, quarterly, or annual risk or risk management reports; (vi) any KEF portfolio management reports; (vii) any KEF monthly, quarterly, or annual strategy reviews; (viii) KEF's Regulatory filings; (ix) risk models; (x) pricing models; (xi) qualitative or quantitative analyses; (xii) periodic portfolio analyses; (xiii) benchmarking analyses; (xiv) performance attribution analyses; (xv) peer analyses; (xvi) systematic v. non-systematic return analyses; (xvii) regression analyses; (xviii) reverse-engineering analyses; (xix) risk-adjusted analyses; (xx) style-adjusted analyses; (xxi) scenario analyses; (xxii) drawdown analyses; (xxiii) correlation analyses; (xxiv) alpha analyses; (xxv) comparisons, reviews, or analyses of performance during periods of market stress or market downturn; (xxvi) the volatility or expected volatility of KEF's performance; (xxvii) any "scatter diagrams" or histograms created or used to analyze KEF's performance; (xxviii) KEF's assets under management, including but not limited to the amount of such assets, the growth of such assets, and the percentage of such assets attributable to particular, or groups of, clients or investors; (xxix) the Sharpe ratio for KEF; and (xxx) the Sortino ratio for KEF.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the grounds that it (i) seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) seeks information that is not in Kingate Euro's possession, custody, or control in that it requests information concerning "due diligence" conducted by any one in the world. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 16:

All Documents concerning the investment activity of KGF, KEF, BLMIS, or any Feeder Fund that relate to the following subjects: (i) the performance of KEF's investment with BLMIS; (ii) the NAV of KEF, including its calculation; (iii) KEF's assets under management; (iv) KEF's investment strategies, including the development, marketing, or execution of any investment strategy; (v) all account statements issued by KEF to any Person; (vi) trade confirmations or other memorialization of purported trades made by, or on behalf of, KEF; (vii) the identification (or lack thereof) of any counterparty to any trades purportedly executed by, or on behalf of, KEF and any attempts to ascertain any such counterparty's identity; (viii) any review, discussion, or analysis of any options purportedly purchased or sold by, or on behalf of, KEF; (ix) any review, analysis, or statement of prices at which KEF, or any Person acting on

behalf of KEF, purportedly purchased or sold securities; and (x) any efforts to verify the securities positions purportedly held by BLMIS for the KEF Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the grounds that it (i) seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) seeks information that is not in Kingate Euro's possession, custody, or control. Subject to the foregoing objections, Kingate Euro will negotiate in good faith to narrow the scope of this request and produce non-privileged documents responsive to the narrowed request.

## IV.    FINANCIAL AND ACCOUNTING RECORDS

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the accounting or recordation of KEF's financial performance and activity, including but not limited to all general ledgers, journals, trial balances, reconciliations, statements of cash flow, balance sheets, and profit-and-loss statements, and KEF's financial statements, whether audited or unaudited, including but not limited to audited annual statements, unaudited quarterly and other interim statements, and draft statements, including all related work papers, notes, schedules, and exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request to the extent the inclusion of "work papers" is intended to seek such documents created by Kingate Euro's outside auditors. To the extent this Request does so, Kingate Euro refers to its response and objections to Request No. 19. Otherwise, subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

13

**REQUEST FOR PRODUCTION NO. 18:**

KEF's foreign and domestic tax returns or other tax reporting Documentation, whether filed, unfiled, or in draft form, and all supporting schedules, work papers, journal entries, and trial balances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning services provided to KEF by PricewaterhouseCoopers, including but not limited to all Documents sent to or received from PricewaterhouseCoopers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Euro will produce its engagement letters with PricewaterhouseCoopers, audited financial statements, and documents sent to or received from PricewaterhouseCoopers, to the extent permitted.

**V.    SUBSCRIPTIONS & REDEMPTIONS**

**REQUEST FOR PRODUCTION NO. 20:**

All Documents provided to, received from, or concerning any and all actual or potential investors, subscribers, or shareholders in KEF, including but not limited to information

14

memoranda, offering memoranda, private placement memoranda, and all other Documents of a similar type concerning the solicitation of investment or subscription in KEF; account opening Documents, investment advisory or management contracts, consent forms, trading authorizations, authorizations to purchase and sell securities, investment contracts, option agreements, and subscription agreements; and all Documents concerning that certain (i) Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated October 6, 2008, (ii) Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated September 22, 2008, (iii) Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated August 1, 2007, (iv) Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated May 1, 2006, (v)  Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated May 1, 2004, (vi) Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated January 15, 2003, (vii)  Kingate Euro Fund, Ltd. Amended and Restated Information Memorandum dated January 1, 2002, and (viii) Kingate Euro Fund, Ltd. Information Memorandum dated May 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning your receipt of funds from any Person for purposes of investment or subscription in KEF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning (i) any and all actual or proposed withdrawals of funds from KEF and (ii) any and all actual or proposed redemption of shares or partnerships interests in KEF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Euro

will produce non-privileged, responsive documents that can be located after a reasonable search.

## VI.    BANK ACCOUNTS

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning any and all accounts, whether for deposit, credit, investment or any other purpose, maintained by KEF, in KEF's name, or by any Person on KEF's behalf, with any bank, financial institution, or depository trust corporation during the Applicable Period, including but not limited to all statements of account, signature cards, account-opening Documents, periodic reconciliations, deposit slips, withdrawal slips, check registers, canceled checks, wire transfer requests, and wire transfer confirmations.  This Request includes all such Documents concerning account number 010-503324-512 and account number 010-503324-511 maintained in KEF's name, or on its behalf, with Bank Bermuda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the

ground that it seeks information that is neither relevant to any claim or defense in this litigation

nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can

be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning any and all accounts, whether for deposit, credit, investment or any other purpose, maintained by any Defendant in its own name, or by another on such Defendant's behalf, with any bank, financial institution, or depository trust corporation during the Applicable Period, including but not limited to:    (i) Bank Bermuda; (ii) HSBC- Monaco

Bank; (iii) Fortis Bank- Guernsey; (iv) Fortis Bank-Channel Islands; (v) Lombard Odier Darier Hentsch, Geneva; (vi) Bank of NT Butterfield & Sons; (vii) Clariden Leu AG-Zurich; and JPMorgan Chase Bank, N.A. Documents responsive to this Request include, but are not limited to, all statements of account, signature cards, periodic reconciliations, deposit slips, withdrawal slips, check registers, canceled checks, wire transfer requests, wire transfer confirmations, and all other records reflecting cash activity. This Request includes all such Documents concerning (i) account number 010-424174-561 and account number 010-427174-564 maintained in KGF's name, or on its behalf, with Bank Bermuda and (ii) a certain demand deposit account maintained in KML's name, or on its behalf, with Bank Bermuda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

## VII.    CUSTOMER ACCOUNTS AND TRANSFERS

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning any and all accounts, including but not limited to the KGF Account or the KEF Account, whether for deposit, credit, investment or any other purpose, maintained by KEF, in KEF's name, or by any Person on KEF's behalf, with BLMIS, including but not limited to all sub-advisory agreements, solicitation agreements, trading authorizations, trading directives, margin agreements, authorizations to purchase and sell securities, investment contracts, option agreements, subscription agreements, and limited partnership agreements, customer account statements, statements of NAV, calculations of NAV, trade confirmations, portfolio statements, deposit records, withdrawal records, and all other records of investment or cash activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

17

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning any and all Initial Transfers, including but not limited to all Documents concerning any of the following: (i) the date of each such Initial Transfer, (ii) the amount of each such Initial Transfer, (iii) the account name and account number for the account from which the funds were transferred, (iv) the account name and account number for the account to which the funds were transferred, (v) the method of transfer, (vi) the reason for each such Initial Transfer, and (vii) the disposition of each such Initial Transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning any and all Transfers from, between, or among any and all of the accounts referred to in Requests ##23 through 26.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request to the extent it seeks confidential information relating to Kingate Euro's investors. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning each and every request made to BLMIS to withdraw moneys from the KGF Account or the KEF Account, including but not limited to consideration of the timing and amount of such request, the decision to make such request, and all Communications concerning such request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning each and every deposit made into the KGF Account or the KEF Account, including but not limited consideration of the timing and amount of such deposit, the decision to make such deposit, and all Communications concerning such deposit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning any review or analysis undertaken to trace monies transferred from any of the accounts referred to in Requests ##23 through 26.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or any other privilege or protection from disclosure. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents reviewed or relied upon in connection with the analyses attached at Exhibits J & K of the Declaration of Robert S. Loigman in Support of Opposition of Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. to Trustee's Application for Enforcement of Automatic Stay and Injunction, filed on or about February 8, 2014 in *Picard v. Kingate Global Fund, Ltd.*, Adv. Proc. No. 12-01920 (SMB).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege and as attorney work product.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents concerning management fees, administrative fees, performance fees, or any other fees or commissions charged by, or paid to, KML, BLMIS, FIM Advisers, FIM Limited, Citi Hedge, and any other Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Euro also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or any other privilege or protection from disclosure. Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**VIII.  BLMIS**

**REQUEST FOR PRODUCTION NO. 33:**

All Documents concerning BLMIS, including but not limited to all Documents concerning any of the following:  (i) Documents received from or sent to BLMIS; (ii) Documents received from or sent to any Defendant concerning BLMIS or KEF's investments with BLMIS; (iii) any contact, meeting, or attempt to contact or meet with BLMIS or with any BLMIS employee; (iv) all Communications between KEF and BLMIS including but not limited to transcripts or audio recordings of any such telephone calls; (v) all Communications between KEF and any Person concerning BLMIS, including but not limited to transcripts or audio recordings of any such telephone calls; (vi) any agreement or contract, whether oral or written, to which BLMIS is a party; (vii) all Communications with any BLMIS Employee; and (viii) all Documents received from or sent to any Feeder Fund, the Depository Trust & Clearing Corporation, and the Options Clearing Corporation concerning BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request to the

extent it seeks confidential information relating to Kingate Euro's investors. Subject to the

foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can

be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents created on or after December 11, 2008, concerning: (i) the public
disclosure that a Ponzi scheme operated out of BLMIS; (ii) the arrest, confession, plea,
conviction, or sentencing of either Bernard L. Madoff or of any employee of BLMIS; and (iii) all
meetings held by KEF's Board of Directors or KEF's committees, sub-committees or working
groups in which BLMIS's Ponzi scheme was a subject or topic or was mentioned or referenced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome. Kingate Euro also objects to this Request to the

extent it seeks information that is protected by the attorney client privilege or any other privilege

or protection from disclosure. In addition, Kingate Euro objects to this Request on the ground

that it seeks information that is neither relevant to any claim or defense in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing

objections, Kingate Euro will produce non-privileged, responsive documents from December 11,

2008, through June 4, 2009, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents created on or after December 11, 2008, concerning: (i) any review or
modification of KGF's due diligence process; (ii) any self-critical analysis; (iii) any investigation
or review that KGF conducted of itself; and (iv) any Communications with any shareholder or
prospective shareholder of KGF concerning (a) subscriptions or redemptions in KGF, (b) the
NAV of KGF, (c) the effect on KGF of the arrest of Bernard L. Madoff or the commencement of
liquidation proceedings against BLMIS, or (d) KGF's actions subsequent to the arrest of Bernard
L. Madoff or the commencement of liquidation proceedings against BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome. Kingate Euro also objects to this Request to the

extent it seeks information that is protected by the attorney client privilege or any other privilege

or protection from disclosure.  In addition, Kingate Euro objects to this Request on the ground

that it seeks information that is neither relevant to any claim or defense in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing

objections, Kingate Euro will produce non-privileged, responsive documents from December 11,

2008, through June 4, 2009, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

36.    All Documents concerning: (i) any analysis or discussion of execution prices,
performance, or returns of BLMIS; (ii) any analysis or discussion of the feasibility or
impossibility of the purported returns and trades of, BLMIS; (iii) Cambridge Associates LLC;
(iv) Robert Rosenkranz or Acorn Partners; (v) Oswald Gruebel; (vi) Jim Vos or Aksia, LLC; (vii)
David Giampaolo or Pi Capital; (viii) Neil Chelo or Benchmark Plus Partners; (ix) Albourne
Partners; (x) Bayou Group, LLC, Bayou Fund, Bayou Hedge Fund Group, Bayou Management,
LLC, Samuel Israel III, or any of their respective affiliates; (xi) Michael Ocrant; (xii) Erin
Arvedlund; (xiii) Noreen Harrington; (xiv) Michael Markov, (xv) Gil Berman; (xvi) Edward
Thorp; (xvii) Harry Markopolos; (xviii) Chris Cutler; (xix) Eric Lazear; (xx) the article in the
May 7, 2001 issue of Barron's entitled "Don't Ask, Don't Tell:  Bernie Madoff is so secretive, he
even asks his investors to keep mum"; (xxi) the article in the December 16, 1992 issue of the
Wall Street Journal entitled "Wall Street Mystery Features a Big Board Rival"; (xxii) the May
2001 MAR/Hedge newsletter entitled "Madoff Tops Charts; Skeptics Ask How"; and (xxiii) any
actual, potential, or suspected fraud, Ponzi scheme, or illegal activity (including front running), at
BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the

ground that it seeks information that is neither relevant to any claim or defense in this litigation

nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can

be located after a reasonable search.

## IX.    SPECIFIC INDIVIDUALS AND ENTITIES

## REQUEST FOR PRODUCTION NO. 37:

37.    All Documents concerning any of the following:  (i) Manzke; (ii) Fairfield Greenwich (Bermuda), Ltd.; (iii) Fairfield Sentry Ltd.; (iv) Amit Vijayvergia; (v) Andres Piedrahita; (vi) Shazieh Salahuddin; (vii) Eric Lazear; (viii) Tremont (Bermuda) Limited; (ix) Tremont Advisers; (x) Tremont Group Holdings, Inc.; (xi) Tremont Partners, Inc.; (xii) Hemisphere Management Limited; (xiii) Christopher Wetherhill; (xiv) Island Storm, Ltd.; (xv) Phillip A. Evans; (xvi) Frank Walters; (xvii) Michael Tannenbaum; (xviii) the law firm of Tannenbaum Helpern Syracuse & Hirschtritt LLP; (xix) MN Services; (xx) UBP; (xxi) M Invest; (xxii) Robert Johnson; (xxiii) BNP Paribas; (xxiv) Barry E. Breen; (xxv) Moore Stephens International Services (BVI) Limited; (xxvi) Moore Stephens Services SAM; (xxvii) Hamilton Trust Co. Ltd.; (xxviii) Hamilton Nominees Ltd.; (xxix) Fenton Trust; (xxx) FIM Long-Invest Fund EUR & USD; (xxxi) Dancrest Global Equity Fund; (xxxii) Levco Debt Opportunity Fund & Levco Alternative Fund; (xxxiii) FIM Relative Value Fund; (xxxiv) Five Balanced Fund (Bermuda); (xxxv) Five Balanced Fund (Cayman Islands); (xxxvi) Victoria Global Fund; (xxxvii) FDVG Low Volatility Investments & FDVG Equity Investments; (xxxviii) Silver Shield Fund (Bermuda); or (xxxix) Silver Shield Fund (Cayman Islands).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

In addition to its general objections, Kingate Euro objects to this Request on the grounds that it is over broad and unduly burdensome and fails to identify with particularity the information sought.  Kingate Euro also objects to this Request to the extent it seeks confidential information relating to Kingate Euro's investors.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

## X.    INVESTIGATIONS & LITIGATION

## REQUEST FOR PRODUCTION NO. 38:

All Documents concerning any civil, criminal, or other legal proceedings, such as arbitration, including but not limited to the Bermuda Action and the BVI Proceedings, and any criminal investigation, commenced by or against KEF or any other Defendant, in any jurisdiction, whether foreign or domestic, whether threatened or filed, including but not limited to, any pleadings, motions, correspondence, Documents and discovery produced, deposition transcripts (including exhibits), hearing transcripts, witness statements taken or given by any party/witness or produced in discovery, and orders, rulings, and judgments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the grounds that it seeks (i) information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) information protected by the attorney client privilege and as attorney work product.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning any Communications between KEF and any governmental, Regulatory, or law enforcement entity or official in any jurisdiction, whether foreign or domestic, concerning BLMIS, including but not limited to all Documents received from or sent to any such entity or official.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to its general objections, Kingate Euro objects to this Request to the extent it seeks information that is protected by any privilege or protection from disclosure, including any confidentiality protections afforded to communications with governmental agencies.  Subject to the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning any Communications between KEF and any governmental, Regulatory, or law enforcement entity or official in any jurisdiction, whether foreign or domestic, concerning any Defendant, including but not limited to all Documents received from or sent to any such entity or official.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to its general objections, Kingate Euro objects to this Request to the extent it seeks information that is protected by any privilege or protection from disclosure, including any confidentiality protections afforded to communications with governmental agencies.  Subject to

the foregoing objections, Kingate Euro will produce non-privileged, responsive documents that

can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning any and all payments or consideration made by or received by
KEF after December 11, 2008, in connection with KEF's investment with BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the

grounds that it seeks information that is neither relevant to any claim or defense in this litigation

nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the

foregoing objections, Kingate Euro will produce non-privileged, responsive documents that can

be located after a reasonable search and relate to payments or consideration exchanged between

Kingate Euro and BLMIS.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning any claims filed or actions taken (whether legal, equitable, or
otherwise) to recoup or recover any damages or losses KEF alleges to have sustained as a result
of KEF's investment with BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its general objections, Kingate Euro objects to this Request on the ground

that it is over broad and unduly burdensome. Kingate Euro also objects to this Request on the

grounds that it seeks (i) information that is neither relevant to any claim or defense in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii)

information protected by the attorney client privilege and as attorney work product.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications with, and all Documents submitted by or on behalf of any investor,
subscriber, or shareholder in KEF to, Richard C. Breeden, his attorneys, his accountants, or any

25

other representative of Mr. Breeden or the Madoff Victim Fund created under the Department of Justice Asset Forfeiture Distribution Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to its general objections, Kingate Euro objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Euro also objects to this Request on the grounds that it seeks (i) information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) confidential information relating to Kingate Euro's investors.

Dated: New York, New York
       November 6, 2015

QUINN EMANUEL URQUHART &
     SULLIVAN, LLP

By:    /s/ Robert S. Loigman
       Susheel Kirpalani
       Robert S. Loigman
       Rex Lee
       Lindsay M. Weber

       51 Madison Avenue, 22nd Floor
       New York, New York  10010
       (212) 849-7000

       *Counsel to Joint Liquidators of Kingate
       Global Fund Ltd. and Kingate Euro Fund
       Ltd.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
Rex Lee
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Telecopier:  (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global
Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 09-1161 (SMB) |
| FEDERICO CERETTI, *et al.* | |
| Defendants. | |

**DEFENDANT KINGATE GLOBAL FUND LIMITED'S RESPONSES AND**
**OBJECTIONS TO THE TRUSTEE'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, the Joint Liquidators for defendant Kingate Global Fund Limited ("Kingate Global"), by their undersigned counsel, respond and object as follows to the First Request for the Production of Documents (the "Requests") propounded by plaintiff Irving Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee" or "Plaintiff") as follows:

## GENERAL OBJECTIONS

1.       Kingate Global objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection from disclosure, including any privacy right afforded to Kingate Global or it investors.  The inadvertent disclosure of any information or document that is privileged or otherwise protected from disclosure will not waive such privilege, protection or privacy right.

2.       Kingate Global objects to the Requests to the extent they purport to impose on Kingate Global any obligations beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court.

3.       Kingate Global objects to the Requests to the extent they seek discovery beyond the limits of or different from that permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court.

4.       To the extent any definition does not comport with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of this Court, or the ordinary meaning of the word itself, Kingate Global will follow the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court, or apply

2

the ordinary meaning of the word.  References below to terms defined in the Requests do not mean that Kingate Global agrees with the definitions of those terms.

5.      Kingate Global objects to the Instructions to the extent they purport to require Kingate Global to do more than produce documents.

6.      Kingate Global objects to the Requests to the extent they are so vague, ambiguous or confusing as not to be susceptible to a reasoned interpretation or response.

7.      Kingate Global objects to the Requests to the extent they fail to identify with reasonable particularity the information sought.

8.      Kingate Global objects to the Requests to the extent they are overly broad, overly expansive, oppressive or unduly burdensome and would thus impose upon Kingate Global an unreasonable burden of inquiry or unreasonable costs.

9.      Kingate Global objects to the Requests to the extent they contain legal conclusions or characterize certain information, allegations or ideas as undisputed fact.

10.      Kingate Global objects to every Request that is duplicative of other Requests.

11.      Kingate Global objects to the Requests to the extent they seek information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Kingate Global's decision to provide any document requested, notwithstanding the objectionable nature of any Request, is not a concession that the produced information is relevant, material or admissible in these or any other proceedings. Kingate Global reserves all objections regarding the relevance and admissibility of these responses and all forthcoming production(s) by Kingate Global as evidence in these or any other proceedings.

3

12.     Kingate Global objects to the Requests to the extent they require the disclosure of trade secrets or confidential or proprietary information or documents.

13.     Kingate Global objects to the Requests to the extent they require Kingate Global to provide documents that are not in its possession, custody or control.

14.     Kingate Global objects to any form of production of electronically-stored information that imposes obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the local rules of this Court.

15.     All responses and forthcoming production(s) of documents are made subject to these objections and are based solely on the information known to Kingate Global at the time these responses are served.  Kingate Global reserves the right to revise, supplement or clarify any objection, response or production at any time, and to use at trial in this action information or documents later determined to have been responsive to these Requests.

16.     Kingate Global reserves the right to object to further discovery into the subject matter of the Requests.

17.     Statements below to the effect that records shall be produced does not necessarily mean that any such records actually exist.

18.     Kingate Global objects to each and every Request that is subject to the "Applicable Period" on the ground that the time period for production is overbroad and unduly burdensome and seeks information more than one year after the disclosure of the fraud at issue. Kingate Global will not search for documents created on or after May 8, 2009, when orders were issued placing Kingate Global in provisional liquidation.

19.        Kingate Global objects to the instructions in the "Manner of Production" to the extent they impose an unreasonable burden.  Kingate Global will produce any documents (and available metadata) in formats that are reasonably available and after conferring with the Trustee.

20.        Kingate Global objects to the Requests to the extent they seek information regarding specific shareholders in Kingate Global, as production of such information may require the Joint Liquidators of Kingate Global to breach their obligations under BVI law and/or provisions included in agreements with shareholders.

21.        Kingate Global objects to the Requests to the extent they seek information provided to Kingate Global by other defendants in this case in connection with Kingate Global's legal proceedings in Bermuda, as production of such information may require the Joint Liquidators of Kingate Global to breach their obligations under Bermuda law and/or agreements with these producing parties.  Kingate Global is applying to the Bermuda court to permit production of such documents to the Trustee.

22.        Each of the foregoing general objections is incorporated into each and every specific response set forth below.  Notwithstanding the specific response to any Request, Kingate Global does not waive any of its general objections.  Kingate Global may repeat a general objection below for emphasis or for some other reason, and the failure to repeat a general objection shall not be construed as a waiver of any general objection to the Requests.

## RESPONSES TO DOCUMENT REQUEST

### REQUEST FOR PRODUCTION NO. 1:

All Documents relevant to any claim or defense asserted in the Action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Global also objects on the grounds that the

5

Request is vague, ambiguous, and fails to identify with reasonable particularity the information sought.  Kingate Global also objects to the extent this Request is duplicative of other Requests.

Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## I.    FORMATION AND STRUCTURE

### REQUEST FOR PRODUCTION NO. 2:

All Documents concerning the formation of KGF, including but not limited to articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and organizational charts, and any other Documents reflecting formation and governance of KGF, as originally constituted and as amended or otherwise modified.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 3:

All Documents sufficient to identify KGF's principal place(s) of business, business address(es), and the name(s) and address(es) of KGF's registered agent(s).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Subject to its general objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 4:

All Documents sufficient to identify all members of KGF's Board of Directors, by year, including but not limited to Documents reflecting their titles, responsibilities, membership on any subcommittees or working groups, tenures, and any changes thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its general objections, Kingate Global will produce non-privileged, responsive

documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning the formation, authority, and acts of KGF's Board of
Directors, including but not limited to all Documents concerning: (i) the authority possessed by
KGF's Board of Directors; (ii) KGF's Board of Directors' exercise of its authority, including but
not limited to any such exercise of authority concerning KGF's investments, KGF's investments
with BLMIS, and KGF's selection and engagement of BLMIS and all other service providers;
(iii) any and all resolutions, orders, directives, or instructions issued by KGF's Board of
Directors; (iv) any and all meetings of KGF's Board of Directors, including but not limited to
agendas, notes, minutes, Documents considered by, distributed to, or created by KGF's Board of
Directors  before, during, or after any and all such meetings, and all drafts of such Documents;
(v) all Communications to, from, or among KGF's Board of Directors or any individual
Director(s); (vi) the manner in which the Directors were chosen, elected, or appointed to the
Board; and (vii) the compensation of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate

Global will produce non-privileged, responsive documents that can be located after a reasonable

search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents sufficient to identify all of KGF's personnel, executives, officers,
directors, employees, agents, and/or representatives, including but not limited to their position,
title, responsibilities, dates of service, and supervisors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate

Global will produce non-privileged, responsive documents that can be located after a reasonable

search.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents sufficient to show the telephone numbers and email addresses assigned to all KGF's directors, officers, and employees, including but not limited to all employer-issued cell phone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate

Global will produce non-privileged, responsive documents that can be located after a reasonable

search.

**II.    CONTRACTUAL RELATIONSHIPS**

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any agreement or contract, whether oral or written, to which KGF is a party or a beneficiary, including but not limited to all Documents concerning: (i) Co-Manager Agreement between Tremont (Bermuda) Limited and Kingate Global Fund, Ltd.; (ii) Letter agreement dated January 16, 2006 between Kingate Global Fund, Ltd. and Tremont (Bermuda) Limited terminating Co-Manager Agreement as of December 31, 2005; (iii) First Amendment to the Kingate Global Fund, Ltd. Management Agreement dated as of March 1, 1995 between Kingate Global Fund, Ltd. and Kingate Management Limited; (iv) Kingate Global Fund, Ltd. and Kingate Management Limited and Tremont (Bermuda) Limited Co-Management Agreement; (v) Co-Manager Agreement dated as of July 1, 2004 between Kingate Management Limited and Kingate Global Fund, Ltd.; (vi) Management Agreement dated as of January 1, 2006 between Kingate Management Limited and Kingate Global Fund, Ltd.; (vii) Tremont (Bermuda) Limited and Kingate Management Limited and Kingate Global Fund, Ltd. Consulting Services Agreement made as of February 24, 1994; (viii) Kingate Management Limited and Kingate Global Fund, Ltd. and FIM Limited Consulting Services Agreement made as of December 1, 1995; (ix) Amendment to Consulting Services Agreement between Kingate Management Limited and Kingate Global Fund, Ltd. and FIM Limited effective December 1, 1995; (x) Kingate Management Limited and FIM Limited Consulting Services Agreement relating to Kingate Global Fund, Ltd. dated April 23, 2001; (xi) Kingate Management Limited and FIM Limited Consulting Services Agreement relating to Kingate Global Fund, Ltd. dated April 29, 2001; (xii) Deed of Novation between Kingate Management Limited, FIM Limited, and FIM Advisers LLP relating to Kingate Global Fund, Ltd. dated July 29, 2005; (xiii) Kingate Management Limited and FIM Limited Distribution Agreement relating to Kingate Global Fund, Ltd. dated April 24, 2001; (xiv) Administration Agreement between Kingate Global Fund, Ltd., Kingate Management Limited, and Hemisphere Management Limited; (xv) First Amendment to the Kingate Global Fund, Ltd. Administration Agreement dated as of March 1, 1995; (xvi) Kingate Global Fund, Ltd. and Kingate Management Limited and Hemisphere Management Limited Restated and Amended Administration Agreement dated May 1, 2000; (xvii) Amended

and Restated Administration Agreement between Kingate Global Fund, Ltd. and Kingate Management Limited and Bisys Hedge Fund Services Limited dated June 1, 2007; (xviii) Custodian Agreement between Kingate Global Fund, Ltd., The Bank of Bermuda Limited, and Kingate Management Limited; (xix) Custodian Agreement between Kingate Global Fund, Ltd. and The Bank of Bermuda Limited and Kingate Management Limited made as of March 1, 1994; and (xx) Registrar Agreement between Kingate Global Fund, Ltd., Kingate Management Limited and Hemisphere Management Limited made as of May 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Kingate Global will negotiate in good faith to narrow the scope of this request and produce non-privileged documents responsive to the narrowed request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any agreement or contract, whether oral or written, by, between, or among any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Kingate Global also objects to this Request to the extent it seeks information that is not in Kingate Global's possession, custody, or control.  Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

### III.    DUE DILIGENCE AND INVESTMENT ACTIVITY

### REQUEST FOR PRODUCTION NO. 10:

All Documents concerning KGF's operations, requirements, policies, and procedures concerning Risk Management, due diligence, know-your-customer, suspicious activity investigation and reporting, and any other Regulatory compliance policies and procedures. This Request includes all manuals or guidelines for such operations, requirements, policies, and procedures, as well as all Documents sufficient to determine the date and substance of any changes.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 11:

All Documents concerning KGF's due diligence processes, including but not limited to the standards and practices employed to investigate, monitor, and oversee the activities and investments of sub-advisers, unaffiliated managers, or third-party funds.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it is duplicative of other Requests. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 12:

All Documents concerning KGF's methods, protocols, practices and procedures for conducting due diligence on any existing investment or any prospective investment opportunity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it is duplicative of other Requests. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning any inquiry, investigation, or due diligence conducted by KGF on any existing investment or potential investment, including but not limited to all Documents reviewed or created as part of that inquiry, investigation, or due diligence, due diligence reports or questionnaires, prospectuses, offering memoranda, private placement memoranda, advertisements, brochures, website postings, website addresses, presentations, pamphlets, pitch books, performance records, term sheets, and marketing or executive summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the grounds that it (i) seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) is duplicative of other Requests. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any potential or actual investment with, or related to, BLMIS, including but not limited to all Documents concerning: (i) due diligence conducted on BLMIS; (ii) any opinions, research, or advice concerning any actual or potential investment with BLMIS; (iii) any marketing materials of BLMIS, including but not limited to any private placement memoranda, offering memoranda, tear sheets, or prospectuses; (iv) any monthly, quarterly, or annual performance reports or summaries of BLMIS; (v) any monthly, quarterly, or annual risk or risk management reports of BLMIS; (vi) any portfolio management reports of BLMIS; (vii) any monthly, quarterly, or annual strategy reviews of BLMIS; (viii) SEC Form(s) ADV or 13F, or any amendments thereto, filed or submitted by BLMIS and any other Regulatory filings for

11

BLMIS; (ix) any analysis, discussion, review, simulation, or replication of the split-strike conversion investment strategy purportedly executed by BLMIS or any trade purportedly executed under that strategy, including the volumes of and prices at which BLMIS purportedly purchased or sold securities, the identity of counterparties to trades purportedly executed by BLMIS, and trading activity inconsistent with the split-strike conversion strategy; (x) the management team or management structure of BLMIS; (xi) any investigation, background check, or similar review of the professional experience, education, or other credentials of any BLMIS employee; (xii) the identity or nature of BLMIS's clients or investors; (xiii) the assets under management of BLMIS, including but not limited to the amount of such assets, the growth of such assets, and the percentage of such assets attributable to particular, or groups of, clients or investors; (xiv) any of BLMIS's accountants, auditors, accounting firms, or auditing firms, including but not limited, to David G. Friehling or Friehling & Horowitz, CPAs, P.C.; (xv) fees or commissions charged by BLMIS; (xvi) risk models; (xvii) pricing models; (xviii) qualitative or quantitative analyses; (xix) periodic portfolio analyses; (xx) benchmarking analyses; (xxi) performance attribution analyses; (xxii) peer analyses; (xxiii) systematic v. non-systematic return analyses; (xxiv) regression analyses; (xxv) reverse-engineering analyses; (xxvi) risk-adjusted analyses; (xxvii) style-adjusted analyses; (xxviii) scenario analyses; (xxix) drawdown analyses; (xxx) correlation analyses; (xxxi) alpha analyses; (xxxii) comparisons, reviews, or analyses of performance during periods of market stress or market downturn; (xxxiii) the volatility or expected volatility of BLMIS's performance; (xxxiv) any "scatter diagrams" or histograms created or used to analyze the performance of BLMIS; (xxxv) the Sharpe ratio for BLMIS; and (xxxvi) the Sortino ratio for BLMIS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 15:

All Documents concerning any assessment of, or due diligence conducted on, KGF, KEF, BLMIS, or any Feeder Fund, by any Person, including but not limited to all Documents concerning: (i) due diligence questionnaires; (ii) any opinions, research, or advice concerning any actual or potential investment with KGF; (iii) any KGF marketing materials, including but not limited to any private placement memoranda, offering memoranda, tear sheets, or prospectuses; (iv) any KGF monthly, quarterly, or annual performance reports or summaries; (v) any KGF monthly, quarterly, or annual risk or risk management reports; (vi) any KGF portfolio management reports; (vii) any KGF monthly, quarterly, or annual strategy reviews; (viii) KGF's Regulatory filings; (ix) risk models; (x) pricing models; (xi) qualitative or quantitative analyses; (xii) periodic portfolio analyses; (xiii) benchmarking analyses; (xiv) performance attribution analyses; (xv) peer analyses; (xvi) systematic v. non-systematic return analyses; (xvii) regression analyses; (xviii) reverse-engineering analyses; (xix) risk-adjusted analyses; (xx) style-adjusted

analyses; (xxi) scenario analyses; (xxii) drawdown analyses; (xxiii) correlation analyses; (xxiv) alpha analyses; (xxv) comparisons, reviews, or analyses of performance during periods of market stress or market downturn; (xxvi) the volatility or expected volatility of KGF's performance; (xxvii) any "scatter diagrams" or histograms created or used to analyze KGF's performance; (xxviii) KGF's assets under management, including but not limited to the amount of such assets, the growth of such assets, and the percentage of such assets attributable to particular, or groups of, clients or investors; (xxix) the Sharpe ratio for KGF; and (xxx) the Sortino ratio for KGF.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the grounds that it (i) seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) seeks information that is not in Kingate Global's possession, custody, or control in that it requests information concerning "due diligence" conducted by any one in the world. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 16:

All Documents concerning the investment activity of KGF, KEF, BLMIS, or any Feeder Fund that relate to the following subjects: (i) the performance of KGF's investment with BLMIS; (ii) the NAV of KGF, including its calculation; (iii) KGF's assets under management; (iv) KGF's investment strategies, including the development, marketing, or execution of any investment strategy; (v) all account statements issued by KGF to any Person; (vi) trade confirmations or other memorialization of purported trades made by, or on behalf of, KGF; (vii) the identification (or lack thereof) of any counterparty to any trades purportedly executed by, or on behalf of, KGF and any attempts to ascertain any such counterparty's identity; (viii) any review, discussion, or analysis of any options purportedly purchased or sold by, or on behalf of, KGF; (ix) any review, analysis, or statement of prices at which KGF, or any Person acting on behalf of KGF, purportedly purchased or sold securities; and (x) any efforts to verify the securities positions purportedly held by BLMIS for the KGF Account.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the

grounds that it (i) seeks information that is neither relevant to any claim or defense in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) seeks

information that is not in Kingate Global's possession, custody, or control.  Subject to the

foregoing objections, Kingate Global will negotiate in good faith to narrow the scope of this

request and produce non-privileged documents responsive to the narrowed request.

## IV.    FINANCIAL AND ACCOUNTING RECORDS

## REQUEST FOR PRODUCTION NO. 17:

All Documents concerning the accounting or recordation of KGF's financial performance and activity, including but not limited to all general ledgers, journals, trial balances, reconciliations, statements of cash flow, balance sheets, and profit-and-loss statements, and KGF's financial statements, whether audited or unaudited, including but not limited to audited annual statements, unaudited quarterly and other interim statements, and draft statements, including all related work papers, notes, schedules, and exhibits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome.  Kingate Global also objects to this Request to the

extent the inclusion of "work papers" is intended to seek such documents created by Kingate

Global's outside auditors.  To the extent this Request does so, Kingate Global refers to its

response and objections to Request No. 19.  Otherwise, subject to the foregoing objections,

Kingate Global will produce non-privileged, responsive documents that can be located after a

reasonable search.

## REQUEST FOR PRODUCTION NO. 18:

KGF's foreign and domestic tax returns or other tax reporting Documentation, whether filed, unfiled, or in draft form, and all supporting schedules, work papers, journal entries, and trial balances.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning services provided to KGF by PricewaterhouseCoopers, including but not limited to all Documents sent to or received from PricewaterhouseCoopers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce its engagement letters with PricewaterhouseCoopers, audited financial statements, and documents sent to or received from PricewaterhouseCoopers, to the extent permitted.

**V.    SUBSCRIPTIONS & REDEMPTIONS**

**REQUEST FOR PRODUCTION NO. 20:**

All Documents provided to, received from, or concerning any and all actual or potential investors, subscribers, or shareholders in KGF, including but not limited to information memoranda, offering memoranda, private placement memoranda, and all other Documents of a similar type concerning the solicitation of investment or subscription in KGF; account opening Documents, investment advisory or management contracts, consent forms, trading authorizations, authorizations to purchase and sell securities, investment contracts, option agreements, and subscription agreements; and all Documents concerning that certain (i) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated October 6, 2008, (ii)

15

Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated September 22, 2008, (iii) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated August 1, 2007, (iv) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated May 1, 2007, (v) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated May 1, 2006, (vi) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated May 1, 2004, (vii) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated January 15, 2003, (viii) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum dated January 1, 2002, (ix) Kingate Global Fund, Ltd. Information Memorandum dated May 1, 2000, (x) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum as of January 1, 1999, (xi) Kingate Global Fund, Ltd. Amended and Restated Information Memorandum as of September 20, 1998, (xii) Kingate Global Fund, Ltd. Information Memorandum dated December 1, 1995, (xiii) Kingate Global Fund, Ltd. Restated Information Memorandum as of March 1, 1995, and (xiv) Kingate Global Fund, Ltd. Restated Information Memorandum as of March 1, 1995.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning your receipt of funds from any Person for purposes of investment or subscription in KGF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

16

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning (i) any and all actual or proposed withdrawals of funds from KGF and (ii) any and all actual or proposed redemption of shares or partnerships interests in KGF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## VI.    BANK ACCOUNTS

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning any and all accounts, whether for deposit, credit, investment or any other purpose, maintained by KGF, in KGF's name, or by any Person on KGF's behalf, with any bank, financial institution, or depository trust corporation during the Applicable Period, including but not limited to all statements of account, signature cards, account-opening Documents, periodic reconciliations, deposit slips, withdrawal slips, check registers, canceled checks, wire transfer requests, and wire transfer confirmations. This Request includes all such Documents concerning account number 010-424174-561 and account number 010-427174-564 maintained with Bank Bermuda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning any and all accounts, whether for deposit, credit, investment or any other purpose, maintained by any Defendant in its own name, or by another on such

Defendant's behalf, with any bank, financial institution, or depository trust corporation during the Applicable Period, including but not limited to:   (i) Bank Bermuda; (ii) HSBC- Monaco Bank; (iii) Fortis Bank- Guernsey; (iv) Fortis Bank-Channel Islands; (v) Lombard Odier Darier Hentsch, Geneva; (vi) Bank of NT Butterfield & Sons; (vii) Clariden Leu AG-Zurich; and JPMorgan Chase Bank, N.A.  Documents responsive to this Request include, but are not limited to, all statements of account, signature cards, periodic reconciliations, deposit slips, withdrawal slips, check registers, canceled checks, wire transfer requests, wire transfer confirmations, and all other records reflecting cash activity.  This Request includes all such Documents concerning (i) account number 010-503324-512 and account number 010-503324-511 maintained in KEF's name, or on its behalf, with Bank Bermuda and (ii) a certain demand deposit account maintained in KML's name, or on its behalf, with Bank Bermuda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Global also objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**VII.   CUSTOMER ACCOUNTS AND TRANSFERS**

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning any and all accounts, including but not limited to the KGF Account or the KEF Account, whether for deposit, credit, investment or any other purpose, maintained by KGF, in KGF's name, or by any Person on KGF's behalf, with BLMIS, including but not limited to all sub-advisory agreements, solicitation agreements, trading authorizations, trading directives, margin agreements, authorizations to purchase and sell securities, investment contracts, option agreements, subscription agreements, and limited partnership agreements, customer account statements, statements of NAV, calculations of NAV, trade confirmations, portfolio statements, deposit records, withdrawal records, and all other records of investment or cash activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate

Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning any and all Initial Transfers, including but not limited to all Documents concerning any of the following:  (i) the date of each such Initial Transfer, (ii) the amount of each such Initial Transfer, (iii) the account name and account number for the account from which the funds were transferred, (iv) the account name and account number for the account to which the funds were transferred, (v) the method of transfer, (vi) the reason for each such Initial Transfer, and (vii) the disposition of each such Initial Transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning any and all Transfers from, between, or among any and all of the accounts referred to in Requests ##23 through 26.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Global also objects to this Request to the extent it seeks confidential information relating to Kingate Global's investors.  Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning each and every request made to BLMIS to withdraw moneys from the KGF Account or the KEF Account, including but not limited to consideration of the timing and amount of such request, the decision to make such request, and all Communications concerning such request.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning each and every deposit made into the KGF Account or the KEF Account, including but not limited consideration of the timing and amount of such deposit, the decision to make such deposit, and all Communications concerning such deposit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning any review or analysis undertaken to trace monies transferred from any of the accounts referred to in Requests ##23 through 26.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or any other privilege or protection from disclosure. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents reviewed or relied upon in connection with the analyses attached at Exhibits J & K of the Declaration of Robert S. Loigman in Support of Opposition of Kingate

20

Global Fund, Ltd. and Kingate Global Fund, Ltd. to Trustee's Application for Enforcement of Automatic Stay and Injunction, filed on or about February 8, 2014 in *Picard v. Kingate Global Fund, Ltd.*, Adv. Proc. No. 12-01920 (SMB).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege and as attorney work product.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents concerning management fees, administrative fees, performance fees, or any other fees or commissions charged by, or paid to, KML, BLMIS, FIM Advisers, FIM Limited, Citi Hedge, and any other Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome.  Kingate Global also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or any other privilege or protection from disclosure.  Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## VIII.  BLMIS

**REQUEST FOR PRODUCTION NO. 33:**

All Documents concerning BLMIS, including but not limited to all Documents concerning any of the following:  (i) Documents received from or sent to BLMIS; (ii) Documents received from or sent to any Defendant concerning BLMIS or KGF's investments with BLMIS; (iii) any contact, meeting, or attempt to contact or meet with BLMIS or with any BLMIS employee; (iv) all Communications between KGF and BLMIS including but not limited to transcripts or audio recordings of any such telephone calls; (v) all Communications between KGF and any Person concerning BLMIS, including but not limited to transcripts or audio recordings of any such telephone calls; (vi) any agreement or contract, whether oral or written, to which BLMIS is a party; (vii) all Communications with any BLMIS Employee; and (viii) all Documents received from or sent to any Feeder Fund, the Depository Trust & Clearing Corporation, and the Options Clearing Corporation concerning BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request to the extent it seeks confidential information relating to Kingate Global's investors. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents created on or after December 11, 2008, concerning: (i) the public disclosure that a Ponzi scheme operated out of BLMIS; (ii) the arrest, confession, plea, conviction, or sentencing of either Bernard L. Madoff or of any employee of BLMIS; and (iii) all meetings held by KGF's Board of Directors or KGF's committees, sub-committees or working groups in which BLMIS's Ponzi scheme was a subject or topic or was mentioned or referenced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request to the extent it seeks information that is protected by the attorney client privilege or any other privilege or protection from disclosure. In addition, Kingate Global objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents from December 11, 2008, through June 4, 2009, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents created on or after December 11, 2008, concerning: (i) any review or modification of KGF's due diligence process; (ii) any self-critical analysis; (iii) any investigation or review that KGF conducted of itself; and (iv) any Communications with any shareholder or prospective shareholder of KGF concerning (a) subscriptions or redemptions in KGF, (b) the NAV of KGF, (c) the effect on KGF of the arrest of Bernard L. Madoff or the commencement of liquidation proceedings against BLMIS, or (d) KGF's actions subsequent to the arrest of Bernard L. Madoff or the commencement of liquidation proceedings against BLMIS.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome.  Kingate Global also objects to this Request to the

extent it seeks information that is protected by the attorney client privilege or any other privilege

or protection from disclosure.  In addition, Kingate Global objects to this Request on the ground

that it seeks information that is neither relevant to any claim or defense in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing

objections, Kingate Global will produce non-privileged, responsive documents from December

11, 2008, through June 4, 2009, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

36.    All Documents concerning: (i) any analysis or discussion of execution prices,
performance, or returns of BLMIS; (ii) any analysis or discussion of the feasibility or
impossibility of the purported returns and trades of, BLMIS; (iii) Cambridge Associates LLC;
(iv) Robert Rosenkranz or Acorn Partners; (v) Oswald Gruebel; (vi) Jim Vos or Aksia, LLC; (vii)
David Giampaolo or Pi Capital; (viii) Neil Chelo or Benchmark Plus Partners; (ix) Albourne
Partners; (x) Bayou Group, LLC, Bayou Fund, Bayou Hedge Fund Group, Bayou Management,
LLC, Samuel Israel III, or any of their respective affiliates; (xi) Michael Ocrant; (xii) Erin
Arvedlund; (xiii) Noreen Harrington; (xiv) Michael Markov, (xv) Gil Berman; (xvi) Edward
Thorp; (xvii) Harry Markopolos; (xviii) Chris Cutler; (xix) Eric Lazear; (xx) the article in the
May 7, 2001 issue of Barron's entitled "Don't Ask, Don't Tell:  Bernie Madoff is so secretive, he
even asks his investors to keep mum"; (xxi) the article in the December 16, 1992 issue of the
Wall Street Journal entitled "Wall Street Mystery Features a Big Board Rival"; (xxii) the May
2001 MAR/Hedge newsletter entitled "Madoff Tops Charts; Skeptics Ask How"; and (xxiii) any
actual, potential, or suspected fraud, Ponzi scheme, or illegal activity (including front running), at
BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome.  Kingate Global also objects to this Request on the

ground that it seeks information that is neither relevant to any claim or defense in this litigation

nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## IX.    SPECIFIC INDIVIDUALS AND ENTITIES

### REQUEST FOR PRODUCTION NO. 37:

37.    All Documents concerning any of the following:  (i) Manzke; (ii) Fairfield Greenwich (Bermuda), Ltd.; (iii) Fairfield Sentry Ltd.; (iv) Amit Vijayvergia; (v) Andres Piedrahita; (vi) Shazieh Salahuddin; (vii) Eric Lazear; (viii) Tremont (Bermuda) Limited; (ix) Tremont Advisers; (x) Tremont Group Holdings, Inc.; (xi) Tremont Partners, Inc.; (xii) Hemisphere Management Limited; (xiii) Christopher Wetherhill; (xiv) Island Storm, Ltd.; (xv) Phillip A. Evans; (xvi) Frank Walters; (xvii) Michael Tannenbaum; (xviii) the law firm of Tannenbaum Helpern Syracuse & Hirschtritt LLP; (xix) MN Services; (xx) UBP; (xxi) M Invest; (xxii) Robert Johnson; (xxiii) BNP Paribas; (xxiv) Barry E. Breen; (xxv) Moore Stephens International Services (BVI) Limited; (xxvi) Moore Stephens Services SAM; (xxvii) Hamilton Trust Co. Ltd.; (xxviii) Hamilton Nominees Ltd.; (xxix) Fenton Trust; (xxx) FIM Long-Invest Fund EUR & USD; (xxxi) Dancrest Global Equity Fund; (xxxii) Levco Debt Opportunity Fund & Levco Alternative Fund; (xxxiii) FIM Relative Value Fund; (xxxiv) Five Balanced Fund (Bermuda); (xxxv) Five Balanced Fund (Cayman Islands); (xxxvi) Victoria Global Fund; (xxxvii) FDVG Low Volatility Investments & FDVG Equity Investments; (xxxviii) Silver Shield Fund (Bermuda); or (xxxix) Silver Shield Fund (Cayman Islands).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

In addition to its general objections, Kingate Global objects to this Request on the grounds that it is over broad and unduly burdensome and fails to identify with particularity the information sought.   Kingate Global also objects to this Request to the extent it seeks confidential information relating to Kingate Global's investors.   Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## X.    INVESTIGATIONS & LITIGATION

### REQUEST FOR PRODUCTION NO. 38:

All Documents concerning any civil, criminal, or other legal proceedings, such as arbitration, including but not limited to the Bermuda Action and the BVI Proceedings, and any criminal investigation, commenced by or against KGF or any other Defendant, in any jurisdiction, whether foreign or domestic, whether threatened or filed, including but not limited to, any pleadings, motions, correspondence, Documents and discovery produced, deposition

transcripts (including exhibits), hearing transcripts, witness statements taken or given by any party/witness or produced in discovery, and orders, rulings, and judgments.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

In addition to its general objections, Kingate Global objects to this Request on the ground that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the grounds that it seeks (i) information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) information protected by the attorney client privilege and as attorney work product.

## REQUEST FOR PRODUCTION NO. 39:

All Documents concerning any Communications between KGF and any governmental, Regulatory, or law enforcement entity or official in any jurisdiction, whether foreign or domestic, concerning BLMIS, including but not limited to all Documents received from or sent to any such entity or official.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

In addition to its general objections, Kingate Global objects to this Request to the extent it seeks information that is protected by any privilege or protection from disclosure, including any confidentiality protections afforded to communications with governmental agencies. Subject to the foregoing objections, Kingate Global will produce non-privileged, responsive documents that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 40:

All Documents concerning any Communications between KGF and any governmental, Regulatory, or law enforcement entity or official in any jurisdiction, whether foreign or domestic, concerning any Defendant, including but not limited to all Documents received from or sent to any such entity or official.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

In addition to its general objections, Kingate Global objects to this Request to the extent it seeks information that is protected by any privilege or protection from disclosure, including

25

any confidentiality protections afforded to communications with governmental agencies. Subject

to the foregoing objections, Kingate Global will produce non-privileged, responsive documents

that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning any and all payments or consideration made by or received by KGF after December 11, 2008, in connection with KGF's investment with BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the

grounds that it seeks information that is neither relevant to any claim or defense in this litigation

nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the

foregoing objections, Kingate Global will produce non-privileged, responsive documents that

can be located after a reasonable search and relate to payments or consideration exchanged

between Kingate Global and BLMIS.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning any claims filed or actions taken (whether legal, equitable, or otherwise) to recoup or recover any damages or losses KGF alleges to have sustained as a result of KGF's investment with BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome. Kingate Global also objects to this Request on the

grounds that it seeks (i) information that is neither relevant to any claim or defense in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii)

information protected by the attorney client privilege and as attorney work product.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications with, and all Documents submitted by or on behalf of any investor, subscriber, or shareholder in KGF to, Richard C. Breeden, his attorneys, his accountants, or any other representative of Mr. Breeden or the Madoff Victim Fund created under the Department of Justice Asset Forfeiture Distribution Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to its general objections, Kingate Global objects to this Request on the ground

that it is over broad and unduly burdensome.  Kingate Global also objects to this Request on the

grounds that it seeks (i) information that is neither relevant to any claim or defense in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii)

confidential information relating to Kingate Global's investors.

Dated: New York, New York
       November 6, 2015

> QUINN EMANUEL URQUHART &
>      SULLIVAN, LLP
>
> By:    /s/ Robert S. Loigman
>        Susheel Kirpalani
>        Robert S. Loigman
>        Rex Lee
>        Lindsay M. Weber
>
>        51 Madison Avenue, 22nd Floor
>        New York, New York  10010
>        (212) 849-7000
>
>        *Counsel to Joint Liquidators of Kingate*
>        *Global Fund Ltd. and Kingate Euro Fund*
>        *Ltd.*

27