# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

November 30, 2015

**VIA ECF**
The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v Wiener*, Adv. Pro. No. 10-04293
      *Picard v Wiener Fam. Ltd. Partnership*, Adv. Pro. No. 10-04323

Dear Judge Bernstein:

      We are counsel to the defendants in over 100 adversary proceedings brought by Irving H. Picard as Trustee of Bernard L. Madoff Investment Securities LLC. We respectfully request the right to be heard on the pending dispute in the above adversary proceeding as to whether the Trustee is entitled to subpoena defendants' bank records.

      The Trustee seeks to serve Rule 45 subpoenas for bank records in several of our cases and we have contested the Trustee's right to do so. We have tried to resolve this through a meet and confer. However, counsel for the Trustee has been unavailable and we are now aware that this issue has been put before the Court in the above adversary proceeding. Therefore, pursuant to Local Rule 7007-1(b), we are requesting an informal conference with the Court to permit us to be heard on this issue.

      In its June 2, 2015 Order deciding Defendants' Motion to Dismiss, this Court dismissed the Trustee's claims against subsequent transferees because they did not comply with the applicable pleading requirements. We believe that the Trustee is using Rule 45 to serve subpoenas in the various adversary proceedings as a fishing expedition so that he can obtain the discovery he needs in order to properly frame claims against subsequent transferees. However, it is indisputably improper for the Trustee to use discovery in order to obtain the facts necessary to frame a complaint against third parties. *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)(bank subpoena quashed as improper fishing expedition). *Cf. In re Petition of Austin*, No. 13mc252, 2013 WL 5255125, at *1 [S.D.N.Y. July 16, 2013].

      In our cases, we see no reason for the subpoenas, other than to obtain information concerning subsequent transferees. Absent a judgment, the Trustee can have no legitimate interest in how defendants spent their money. *See Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 U.S. Dist. LEXIS 23179 [S.D.N.Y. Dec. 23, 2003].

{000011911 1 }

CHAITMAN LLP

The Honorable Stuart M. Bernstein
November 30, 2015
Page 2

      For the above reasons, we ask that the Court quash the Trustee's subpoenas seeking bank records unless there is an actual dispute as to the amount paid to or by Madoff, in which event all other information should be redacted by the defendants.

      Respectfully,

      */s/ Helen Davis Chaitman*

      Helen Davis Chaitman

HDC:leb

cc:  *Via ECF Email:*
     Ernest E. Badway, Esq.
     Lauren J. Talan, Esq.
     Jimmy Fokas, Esq.

{000011911 1 }