# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

December 3, 2015

**VIA ECF AND FIRST CLASS MAIL**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Wiener, Adv. Pro. No. 10-04293 (SMB)*
      *Picard v. Wiener Family Ltd. P'ship, Adv. Pro. No. 10-04323 (SMB)*

Dear Judge Bernstein:

We write in further opposition to Ms. Chaitman's ongoing request to be heard in connection with the scheduled discovery hearing in the above-referenced matters and, specifically, to refute Ms. Chaitman's false assertions in her December 2, 2015 letter concerning objections to bank subpoenas.

Ms. Chaitman's claim that the Trustee has been "unavailable" for a meet and confer is demonstrably false. In two of the cases identified in the December 2, 2015 letter, Adv. Pro. Nos. 10-04377 (Carol Nelson, et al.) and 10-04658 (Carol Nelson), there are no outstanding subpoenas for defendants' bank records. The Trustee did notice a subpoena for bank records of a third party custodial account maintained on behalf of a defendant, but that subpoena was withdrawn upon the objection of counsel on September 1, 2015 (*see* Ex. A).[1] However, the Trustee notes that the defendants in these two proceedings denied all relevant transfers in response to the Trustee's requests for admissions, and otherwise served deficient discovery responses. Notwithstanding those blanket denials to the admissions, which the Trustee maintains are improper, counsel for the Trustee proposed fact stipulations to the defendants on October 16, 2015 (*see* Exs. B & C) and followed up on November 20, 2015 (*see* Ex. D). The Trustee has not yet received any response to the proposed stipulations. We scheduled a telephonic meet and

---

[1] Ms. Chaitman erroneously attaches to her December 2, 2015 letter email correspondence from Ms. Smith, subject "APN 10-04653 – Carol Nelson – JPM subpoena" regarding this withdrawn subpoena in support of her false assertion that she has complied with Local Rule 7007-1. The Trustee reserves all rights to later re-serve a modified version of this subpoena.

The Honorable Stuart M. Bernstein
December 3, 2015
Page 2

confer on December 2, 2015 to discuss these and the defendants' other discovery deficiencies, but Ms. Chaitman's colleague cancelled the meet and confer the night before (*see* Ex. E).

Additionally, in the two other proceedings referenced in the December 2, 2015 letter, Adv. Pro. No. 10-04293 (Gunther K. Unflat) and 10-04898 (Helene Saren-Lawrence), none of the noticed subpoenas for defendants' bank records at issue have even been served. The Trustee has agreed to hold any noticed subpoena for defendants' bank records in abeyance to give the defendants the opportunity to either admit the relevant transfers in response to requests for admissions, or otherwise enter into a fact stipulation that may obviate the need for much of the remaining discovery, including the bank subpoenas.[2]

As such, the Trustee believes that judicial intervention on the issue of bank subpoenas is premature at this time, particularly because there are currently no outstanding subpoenas to dispute. However, if the Court is inclined to schedule an informal conference or otherwise allow Ms. Chaitman to participate in the discovery conference currently scheduled on December 16, 2015, then the Trustee respectfully reserves all rights to request all such relief as the Court may deem just and proper, including a ruling that that defendants' bank records are discoverable.[3]

Specifically, in the *Nelson* proceedings, the Trustee further requests permission to file a motion to: (i) compel responses to outstanding requests for production in the Nelson proceedings (*see* Ex. F); and (ii) challenge the sufficiency of the defendants' blanket denials of the Trustee's requests for admissions concerning transfers pursuant to Federal Rule of Civil Procedure 36(a)(6) (*see* Ex. G). The Trustee further reserves all rights to seek all such additional relief as may be appropriate under Federal Rule of Civil Procedure 37(c)(2).

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs


cc:    Helen Davis Chaitman, Esq. (via ECF and email)
       Ernest E. Badway, Esq. (via ECF and email)
       Lauren J. Talan, Esq. (via ECF and email)

---

[2] The Trustee served discovery in Adv. Pro. No. 10-04898 (Helene Saren-Lawrence) on October 23, 2015, and at Ms. Chaitman's request, the response deadline has been extended until December 11, 2015. The parties have not yet exchanged any discovery requests in Adv. Pro. No. 10-04293 (Gunther K. Unflat).

[3] The cases cited in Ms. Chaitman's November 30, 2015 letter are inapposite. None of those cases were decided in the bankruptcy context, nor did they involve a governing procedures order that expressly permitted the discovery at issue. Paragraph 4(G) of the Litigation Procedures Order dated November 10, 2010 expressly permits discovery concerning initial and subsequent transfers. *See Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, Adv. Pro. No. 08-01789 (SMB) (ECF No. 3141).

# EXHIBIT A

**Muranovic, Sanja**

| | |
|---|---|
| **From:** | Smith, Rachel M. |
| **Sent:** | Tuesday, September 01, 2015 2:33 PM |
| **To:** | 'BDklein@wlrk.com'; Yavitz, Noah B. (NBYavitz@wlrk.com) |
| **Cc:** | Chaitman, Helen Davis (hchaitman@bplegal.com); Sirota, Valerie; Cremona, Nicholas; Hunt, Dean D.; Hochmuth, Farrell; Jacobs, Edward J.; Muranovic, Sanja |
| **Subject:** | Picard v. Nelson, Adv. Pro. No. 10-04658 |

Dear Ben and Noah,

Please be advised that the Trustee's August 13, 2015 Subpoena to JP Morgan Chase Bank in the above-referenced adversary proceeding is hereby withdrawn.

Best regards,

Rachel Smith

**Rachel Smith | BakerHostetler**
811 Main Street | Suite 1100 | Houston, TX 77002-6111
T 713.646.1386 | F 713.751.1717
rsmith@bakerlaw.com

1

# EXHIBIT B

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

October 16, 2015

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04377 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson, individually, etc., et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed for your consideration and execution is a Stipulation as to Undisputed Transfers, with attached Declarations. Your clients' execution of the Declarations will enable the parties to significantly streamline discovery.

Please notify us in no later than two weeks if Defendants will execute the Declarations. If Defendants execute the Declarations, we will not serve additional Rule 45 subpoenas on financial institutions and will withdraw previously served, but not yet answered, subpoenas to financial institutions related to relevant accounts.

If you have any questions, please contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and for*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; | |

and STANLEY NELSON, individually and as joint
tenant,

                              Defendants.

## STIPULATION AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated

liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L.

Madoff, individually ("Madoff"), and defendants Carol Nelson, individually and as joint tenant,

and Stanley Nelson, individually and as joint tenant ("Defendants"), by and through their

respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in the Trustee's Complaint in this adversary proceeding,

BLMIS or Madoff made certain initial transfers to or for the benefit of Carol Nelson and Stanley

Nelson, relating to an account held at BLMIS or with Madoff (the "Initial Transfers");

**WHEREAS**, the Trustee seeks to avoid and recover the Initial Transfers or their value as

fraudulent;

**WHEREAS**, Defendants raise certain defenses to the Trustee's claims in the Complaint;

and

**WHEREAS**, the Parties are entering into this Stipulation in the interest of efficiency with

respect to this Adversary Proceeding;

**NOW, THEREFORE**, the Parties stipulate as follows:

1.      Defendants will execute the Joint Declaration of Carol Nelson and Stanley

Nelson, attached hereto as Exhibit 1 (the "Declaration").

2.      Upon execution of the Declaration and this Stipulation, the Trustee will not serve

additional Rule 45 subpoenas on financial institutions and will withdraw all previously served,

but not yet answered, subpoenas on financial institutions that received funds from BLMIS or Madoff related to the account that is the subject of this Adversary Proceeding.

3.    By executing this Stipulation, Defendants do not concede or admit liability and the Trustee does not waive any claims under Bankruptcy Code sections 548, 550, or any other applicable section of the Bankruptcy Code, SIPA, or any other applicable law.

4.    This Stipulation is without prejudice to the Trustee asserting claims to avoid or recover any additional or other transfers to Defendants or any other person or entity, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

5.    This Stipulation is without prejudice to the Defendants to oppose any further claims asserted by the Trustee with respect to additional or other transfers described in paragraph 4 above.

Dated:    New York, New York
_____ __, 2015

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**CHAITMAN, LLP**
465 Park Avenue
New York, NY 10022
Telephone: (908) 303-4568
Facsimile: (888) 759-1114
Helen Davis Chaitman
Email: hchaitman@chaitmanllp.com
Leslie Treff
Email: ltreff@chaitmanllp.com

*Attorneys for Defendants Carol Nelson, individually and as joint tenant, and Stanley Nelson, individually and as joint tenant*

3

# Exhibit 1

## JOINT DECLARATION OF CAROL NELSON AND STANLEY NELSON

We, Carol Nelson and Stanley, declare:

1. Our names are Carol Nelson and Stanley Nelson (individually and collectively, "We"). We are each over the age of twenty-one (21). We are each under no legal disability and are fully competent to make this Joint Declaration.

2. We maintained investment advisory Account No. 1ZA284 (the "Account") with Bernard L. Madoff Investment Securities LLC as joint tenants with right of survivorship. We were the only persons or entities who made deposits into or withdrawals from the Account.

3. We opened the Account on December 8, 1992 with a deposit of $1,500,000.00.

4. In total, We deposited $5,550,000.00 into the Account.

5. In total, We withdrew $11,955,000.00 from the Account.

6. As of April 8, 2003, We had deposited $5,050,000.00 into the Account.

7. As of April 8, 2003, We had withdrawn $5,345,000.00 from the Account.

8. After April 8, 2003, We only made one more deposit into the Account. We made the last deposit into the Account on January 17, 2008, when We deposited $500,000.00.

9. After April 8, 2003, We withdrew $6,610,000.00 from the Account.

10. We made the last withdrawal from the Account on November 24, 2008, when We withdrew $100,000.00.

11. We withdrew $2,610,000.00 from the Account between December 11, 2006 and the date of the last withdrawal.

12. We each declare under penalty of perjury of the laws of the United States of America (28 U.S.C. Section 1746) that the foregoing is true and correct.

Dated:      New York, New York
            _____, 2015

                            _____
                            Carol Nelson                                  .

                            _____
                            Stanley Nelson

# EXHIBIT C

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

October 16, 2015

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04658 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed for your consideration and execution is a Stipulation as to Undisputed Transfers, with attached Declaration. Your client's execution of the Declaration will enable the parties to significantly streamline discovery.

Please notify us in no later than two weeks if Defendant will execute the Declaration. If Defendant executes the Declaration, we will not serve additional Rule 45 subpoenas on financial institutions and will withdraw previously served, but not yet answered, subpoenas to financial institutions related to relevant accounts.

If you have any questions, please contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and for*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

## STIPULATION AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendant Carol Nelson ("Defendant"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in the Trustee's Complaint in this adversary proceeding, BLMIS or Madoff made certain initial transfers to or for the benefit of Carol Nelson, relating to two accounts held at BLMIS or with Madoff (the "Initial Transfers");

**WHEREAS**, the Trustee seeks to avoid and recover the Initial Transfers or their value as fraudulent;

**WHEREAS**, Defendant raises certain defenses to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties are entering into this Stipulation in the interest of efficiency with respect to this Adversary Proceeding;

**NOW, THEREFORE**, the Parties stipulate as follows:

1.     Defendant will execute the Declaration of Carol Nelson Regarding Account No. 1ZA283 and Declaration of Carol Nelson Regarding Account No. 1ZR265 attached hereto as Exhibit 1 and Exhibit 2, respectively (the "Declarations").

2.     Upon execution of the Declarations and this Stipulation, the Trustee will not serve additional Rule 45 subpoenas on financial institutions and will withdraw all previously served, but not yet answered, subpoenas on financial institutions that received funds from BLMIS or Madoff related to the accounts that are the subject of this Adversary Proceeding.

2

3.    By executing this Stipulation, Defendant does not concede or admit liability and
the Trustee does not waive any claims under Bankruptcy Code sections 548, 550, or any other
applicable section of the Bankruptcy Code, SIPA, or any other applicable law.

4.    This Stipulation is without prejudice to the Trustee asserting claims to avoid or
recover any additional or other transfers to Defendant or any other person or entity, including
any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing
investigation and through discovery.

5.    This Stipulation is without prejudice to the Defendant to oppose any further
claims asserted by the Trustee with respect to additional or other transfers described in paragraph
4 above.

Dated:    New York, New York
          _____, 2015

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

**CHAITMAN, LLP**
465 Park Avenue
New York, NY 10022
Telephone: (908) 303-4568
Facsimile: (888) 759-1114
Helen Davis Chaitman
Email: hchaitman@chaitmanllp.com
Leslie Treff
Email: ltreff@chaitmanllp.com

*Attorneys for Defendant Carol Nelson*

3

# Exhibit 1

## DECLARATION OF CAROL NELSON REGARDING ACCOUNT NO. 1ZA283

I, Carol Nelson, declare:

1. My name is Carol Nelson. I am over the age of twenty-one (21). I am under no legal disability and I am fully competent to make this Declaration.

2. I maintained investment advisory Account No. 1ZA283 with Bernard L. Madoff Investment Securities LLC. I was the only person or entity who made deposits into or withdrawals from Account No. 1ZA283.

3. I opened Account No. 1ZA283 on or around December 8, 1992 with a deposit of $1,000,000.00. No other deposits were made into Account No. 1ZA283.

4. In total, I withdrew $2,700,000.00 from Account No. 1ZA283.

5. The total amount I had withdrawn from Account No. 1ZA283 as of April 9, 1999 equaled $1,005,000.00.

6. The last withdrawal from Account No. 1ZA283 occurred on or around November 18, 2008, when I withdrew $25,000.00.

7. I withdrew $255,000.00 from Account No. 1ZA283 between December 11, 2006 and the date of the last withdrawal.


Dated:          New York, New York
                _____, 2015


                                    _____
                                    Carol Nelson

# Exhibit 2

## DECLARATION OF CAROL NELSON REGARDING ACCOUNT NO. 1ZR265

I, Carol Nelson, declare:

1. My name is Carol Nelson. I am over the age of twenty-one (21). I am under no legal disability and I am fully competent to make this Declaration.

2. NTC & Co., including its predecessors- and successors-in-interest, maintained investment advisory Account No. 1ZR265 with Bernard L. Madoff Investment Securities LLC for my benefit. All of the deposits into and withdrawals from Account No. 1ZR265 were made at my direction and for my benefit.

3. I opened Account No. 1ZR265 on or around August 15, 1996 with a deposit of $434,473.57.

4. Including the initial deposit referenced in Paragraph 3 above, I deposited a total of $458,387.92 into Account No. 1ZR265 by April 29, 1999. No other deposits were made into Account No. 1ZR265.

5. In total, I withdrew $860,135.42 from Account No. 1ZR265.

6. On or around January 5, 2005, I withdrew $300,000.00 from Account No. 1ZR265. Following that withdrawal, the total amount I had withdrawn from Account No. 1ZR265 equaled $460,000.00.

7. The last withdrawal from Account No. 1ZR265 occurred on or about December 31, 2007, when I withdrew $100,025.00.

8. I withdrew $200,077.42 from Account No. 1ZR265 between December 11, 2006 and the date of the last withdrawal.

9. I declare under penalty of perjury of the laws of the United States of America (28 U.S.C. Section 1746) that the foregoing is true and correct.


Dated:        New York, New York
              _____, 2015


                                        _____
                                        Carol Nelson

# EXHIBIT D

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

November 20, 2015

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

      Re:    Adv. Pro. No. 10-04377 (SMB); *Picard v. Carol Nelson, individually
and as joint tenant, et al.*;

           Adv. Pro. No. 10-04658 (SMB); *Picard v. Carol Nelson*

Dear Counsel:

We write again to address your clients' discovery deficiencies that were previously
detailed in our October 22, 2015 letter.  We invited a meet and confer, but received no
response.  Also, in an effort to streamline discovery matters, we sent you Stipulations as
to Undisputed Transfers on October 16, 2015 for consideration.   We received no
response.

In view of the approaching December 7, 2015 close of discovery deadline, please
remedy the discovery deficiencies by no later than November 30, 2015 as follows:

1. Respond to the Trustee's Second Set of Requests for Production;

2. Verify the responses to the Trustee's Second Set of Interrogatories;

3. Explain the steps taken to preserve the documents identified in Defendants'
   Initial Disclosures as being in their possession and control, but which they no
   longer have despite having received the enclosed document preservation letters
   through their former counsel on March 24, 2011 and April 14, 2011; and

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

November 20, 2015
Page 2

4. Provide the basis for the blanket denials to all of the Trustee's Requests for Admission.  For example, in her Answer in APN 10-0658, Defendant Carol Nelson admits the allegations in Paragraph 9 of the Trustee's Complaint – including the names in which both of the relevant BLMIS accounts were maintained. Yet, she denies Trustee's RFA No. 12 asking her to admit that Account No. 1ZR265 was maintained in the name of NTC & Co. FBO Carol Nelson.  She does not explain the basis for her denial, except to say it is based on her "personal knowledge."

If you do not intend to remedy the discovery responses or provide an acceptable Stipulation, we request a telephonic conference to discuss the deficiencies next week. Please let us know if we need to take that step.

Regards,

Dean D. Hunt w/p/m

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

# EXHIBIT E

## Muranovic, Sanja

| | |
|---|---|
| **From:** | Leslie Treff <ltreff@chaitmanllp.com> |
| **Sent:** | Tuesday, December 01, 2015 6:40 PM |
| **To:** | Carlisle, Marie L. |
| **Cc:** | Helen Chaitman |
| **Subject:** | RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658) |

Marie,

What I would like to do is see what is in the data room and then handle the discovery issues together.

Lets take care of the technical issues first.

Have a good night.

Regards,
Leslie

Leslie Treff
Chaitman LLP
465 Park Avenue
New York, New York 10022
ltreff@chaitmanllp.com
Cell:  (917) 710-4789
Office:  (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Tuesday, December 01, 2015 7:33 PM
**To:** Leslie Treff <ltreff@chaitmanllp.com>
**Cc:** Smith, Rachel M. <rsmith@bakerlaw.com>
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Thanks Leslie. I have reached out to Den to let the vendor know so that they can get started setting that up.  We can certainly push our call back if you would like, however we can also schedule a follow up call to discuss any issues related to the E-Data Room after you have obtained access, that way all of the pending discovery issues are not held up pending resolution of the technical issues.  Please let me know which you would prefer.

Thanks,

Marie

**From:** Leslie Treff [mailto:ltreff@chaitmanllp.com]
**Sent:** Tuesday, December 1, 2015 6:23 PM
**To:** Carlisle, Marie L.
**Cc:** Smith, Rachel M.
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Marie,

I would very much like to view these documents. However, we can accomplish that would be great.

1

My problem now is that I was hoping to view at least some of them prior to our phone call tomorrow and do not how that will be possible. Can we delay the phone call until we have some way to look at these and get to at least catalogue what is there?

Regards,
Leslie

Leslie Treff
Chaitman LLP
465 Park Avenue
New York, New York 10022
ltreff@chaitmanllp.com
Cell: (917) 710-4789
Office: (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Tuesday, December 01, 2015 7:13 PM
**To:** Leslie Treff <ltreff@chaitmanllp.com>
**Cc:** Smith, Rachel M. <rsmith@bakerlaw.com>
**Subject:** FW: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Leslie,

I wanted to touch base with you again regarding this issue.  My last communication from our vendor is that they are still working to try to resolve the issue with viewing the documents in Relativity. In the interim, would you like for us to provide you with an alternative method of accessing the documents through a terminal service?  That option is similar to logging into a Citrix CDS desktop to access Relativity.  It would not be a long term solution, but would allow you a means of accessing the documents until the issue is resolved.

I will probably not be in the office for too much later this evening, but am accessible via email and will do what I can to start the process with our litigation support staff this evening.

Thanks,

Marie

**From:** Schnarre, Nicole
**Sent:** Tuesday, December 1, 2015 12:26 PM
**To:** Carlisle, Marie L.; Villamayor, Den; Leslie Treff
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Telephone Number: 866.468.2930
Password: 2125894689

**From:** Carlisle, Marie L.
**Sent:** Tuesday, December 01, 2015 1:24 PM
**To:** Villamayor, Den; Leslie Treff
**Cc:** Schnarre, Nicole
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

2

She is still having issues.  Can you please re-send a dial in to try to diagnose the issue?

---

**From:** Villamayor, Den
**Sent:** Tuesday, December 1, 2015 12:20 PM
**To:** Leslie Treff; Carlisle, Marie L.
**Cc:** Schnarre, Nicole
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Hi Leslie,

The change has been completed, per our hosting vendor. You will need to restart your browser and log back in.

If you still have document viewer issues, let me know and I can circulate another dial-in to troubleshoot further.

Thank you,

Den

---

**Den Villamayor** | Sr. Litigation Support Coordinator | BakerHostetler

45 Rockefeller Plaza | New York, NY 10111-0100
T 212.847.2877 | F 212.589.4201 | dvillamayor@bakerlaw.com


**From:** Villamayor, Den
**Sent:** Tuesday, December 01, 2015 10:15 AM
**To:** Leslie Treff; Carlisle, Marie L.
**Cc:** Hunt, Dean D.; Muranovic, Sanja; Helen Chaitman; Smith, Rachel M.
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Good Morning Ms. Treff,

I will send an invite for 1pm today. Can you also have a member of your Help Desk or Litigation Support team join the call if I have any technical questions during our call?

Thank you,

Den

Sent from iPhone

---

From: Leslie Treff <ltreff@chaitmanllp.com>
Sent: Tuesday, December 1, 2015 10:11 AM
Subject: RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)
To: Carlisle, Marie L. <mcarlisle@bakerlaw.com>
Cc: Hunt, Dean D. <dhunt@bakerlaw.com>, Muranovic, Sanja <smuranovic@bakerlaw.com>, Helen Chaitman
<hchaitman@chaitmanllp.com>, Smith, Rachel M. <rsmith@bakerlaw.com>, Villamayor, Den
<dvillamayor@bakerlaw.com>

Marie,

I will be happy to do this. Please make it before 3 pm EST.

Thank you,

Leslie

Leslie Treff
Chaitman LLP
465 Park Avenue
New York, New York 10022
ltreff@chaitmanllp.com
Cell: (917) 710-4789
Office: (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Tuesday, December 01, 2015 9:59 AM
**To:** Leslie Treff <ltreff@chaitmanllp.com>
**Cc:** Helen Chaitman <hchaitman@chaitmanllp.com>; Hunt, Dean D. <dhunt@bakerlaw.com>; Smith, Rachel M.
<rsmith@bakerlaw.com>; Villamayor, Den <dvillamayor@bakerlaw.com>; Muranovic, Sanja
<smuranovic@bakerlaw.com>
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Leslie,

I have one our Litigation Support Senior Coordinator, Den Villamayor, that is able to set up a go-to meeting with you
today after 11 am to resolve the technical issues you are having with the data room.  I have copied him on this email as
well.  If you can let us know your availability after that time, he will set up a GoToMeeting and distribute the login
information.

Thanks,

Marie

**From:** Leslie Treff [mailto:ltreff@chaitmanllp.com]
**Sent:** Tuesday, December 1, 2015 8:37 AM
**To:** Carlisle, Marie L.; Muranovic, Sanja
**Cc:** Helen Chaitman; Hunt, Dean D.; Smith, Rachel M.
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Marie,

I tried this again on both Chrome and Firefox and am unable to see any documents. So, it is not my browser—I already
tried two different browsers. Then I went to another computer, and that presents the same problem.

Please advise as we need to view and review these 1000 documents prior to the end of discovery. As I said yesterday, I
followed all the instructions in the manual and quick start guide and nothing is available to view.

Leslie

Leslie Treff
Chaitman LLP
465 Park Avenue
New York, New York 10022
ltreff@chaitmanllp.com
Cell: (917) 710-4789

4

Office: (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Monday, November 30, 2015 6:56 PM
**To:** Leslie Treff <ltreff@chaitmanllp.com>; Muranovic, Sanja <smuranovic@bakerlaw.com>
**Cc:** Helen Chaitman <hchaitman@chaitmanllp.com>; Hunt, Dean D. <dhunt@bakerlaw.com>; Smith, Rachel M.
<rsmith@bakerlaw.com>
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Leslie,

We tested the credentials we provided on November 13th, and they appear to be in full working order.  It appears you
are having technical difficulties on your end with your browser.  To that end, we are happy to put you in touch with one
of our litigation support staff who may be able to help you resolve the issue.  Let us know if that would be helpful.

Thanks,

Marie

**From:** Leslie Treff [mailto:ltreff@chaitmanllp.com]
**Sent:** Monday, November 30, 2015 3:49 PM
**To:** Muranovic, Sanja; Carlisle, Marie L.
**Cc:** Helen Chaitman; Hunt, Dean D.
**Subject:** RE: Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)

Sanja and Marie,

Chaitman LLP completed a new NDA and Undertaking in the above adversary proceedings on October 28, 2015. At that
time, we requested access to all document production for the Nelsons. Mindful that discovery was to be completed in
early December, we asked you to expedite our access to the documents. After more than two weeks passed without
access to the majority of the documents in the E-data room (the only production we had was 17 documents that
included tax returns for the Madoffs), we demanded immediate access. What we first got was just access to the main
portion of the E-data room portal, without any access to documents that allegedly were contained in the E-Data room. It
was only after we attempted to get into the Relativity portion of the site that we were told that another User ID was
required to actually get into the E-data room. Once we received that. It appeared that we were able to get to
approximately 1000 documents that supposedly are there. However, when we attempted to view each document, none
of them appear to be present. No documents loaded and none can be viewed. Despite reading the manual and the quick
start guide, we continue to be unable to view any of the documents that are supposedly contained in the E-data room.
We attempted to view them using various browsers and on various computers and we have not been able to load any
documents.

At this point, we are one week away from the deadline for discovery and no documents have been produced to us.
Please immediately provide us with access to all relevant documents and push the end of fact discovery back to
reasonably accommodate our viewing and reviewing of any such documents.

Thank you,

Leslie Treff

Leslie Treff
Chaitman LLP
465 Park Avenue
New York, New York 10022
ltreff@chaitmanllp.com
Cell:  (917) 710-4789
Office:  (888) 759-1114

**From:** Leslie Treff
**Sent:** Friday, November 13, 2015 8:50 AM
**To:** Muranovic, Sanja (smuranovic@bakerlaw.com) <smuranovic@bakerlaw.com>
**Cc:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Subject:** Need Access to Nelson Documents (APN 10-04377 & APN 10-04658)
**Importance:** High

Sanja,

It is more than two weeks since we complied with Baker Hostetler's request to provide you with a new NDA and Undertaking in the Nelson adversary proceedings (APN 10-04377 & APN 10-04658). Yet, we still have not been provided with access to the E-Data room that has been set up for discovery purposes in these adversary proceedings.

When I sent you these documents, I was assured that access would be provided within a day or two. When we last corresponded on Monday and Tuesday of this week, you said that universal credentials were being provided and that you would check on them. Since then we have heard nothing.

This is now at a critical stage, and if credentials are not provided today, we will have to take further action on this issue.

Your immediate response would be appreciated.

Thank you,

Leslie Treff

Leslie Treff
Chaitman LLP
465 Park Avenue
New York, New York 10022
ltreff@chaitmanllp.com
Cell:  (917) 710-4789
Office:  (888) 759-1114

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of

inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT F

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

## TRUSTEE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CAROL NELSON

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Defendant, Carol Nelson, produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within 30 days.

### DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1ZA283 and 1ZR265, as set forth in Exhibit A to the Complaint and/or any other BLMIS account in which You had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly.

3.      "Applicable Period" means the period between and including January 1, 1992 through December 31, 2009.

2

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    "Complaint" means the complaint filed by the Trustee in this adversary proceeding, and any amendments thereto.

6.    Reference to any "Person" that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

7.    "Richard Oppenheim Associates, LLP" means Richard Oppenheim Associates, LLP and all Persons acting or purporting to act on behalf of Richard Oppenheim Associates, LLP, including, without limitation, Richard Oppenheim, and/or any other employee, representative, or agent of Richard Oppenheim Associates, LLP.

8.    "You" or "Your" means Carol Nelson in any capacity, and/or anyone acting on behalf of Carol Nelson.

9.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## INSTRUCTIONS

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

3

1.    All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.    Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including  all Documents or other materials in the possession, custody, or control of Your current or former employees, officers, directors, trustees, fiduciary, agents, beneficiaries, agents  representatives, consultants, contractors, vendors, banks, accountants, financial institutions or any other fiduciary or third parties, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.    You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.    Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.    Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.    If a Request calls for information Concerning a Transfer, Subsequent Transfer, redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent Transfer, redemption, or withdrawal.

9.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

a.    Identify the type, title and subject matter of the Document;

b.    state the place, date, and manner of preparation of the Document;

5

c.    Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

d.    Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of. In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character

Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.   Database load files and production media structure:   Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL," or branding the media with the word "CONFIDENTIAL," also include a Confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.   Electronic Documents and data, generally:   Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    Emails and attachments, and other email account-related Documents:    All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    Documents and data created or stored in or by structured electronic databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams.    Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.    XML format file(s);

    b.    Microsoft SQL database(s);

    c.    Access database(s); and/or

    d.    fixed or variable length ASCII delimited files.

6.    Spreadsheets, multimedia, and non-standard file types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.    A "Nativelink" entry shall be included in the .dat load file indicating the

8

relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7. <u>"Other" electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Communications and Documents that You exchanged with any accountant and/or financial advisor relating to the Accounts, including, but not limited to, Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

2. All Documents and Communications You received from Steven B. Mendelow and/or Richard Oppenheim Associates, LLP Concerning any services they provided, directly or indirectly to You relating to the Accounts, including, without limitation, financial statements, analysis and/or reports, profit and loss statements, and tax returns whether filed, amended,

9

unfiled or in draft form and all supporting schedules and work papers, journal entries and trial balances.

3.      All Documents reflecting any Communications between You and Steven B. Mendelow and/or Richard Oppenheim Associates, LLP regarding BLMIS and/or the Accounts.

4.      All customer statements for the Accounts, including without limitation, duplicate statements that You received from BLMIS or provided to Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

5.      All Documents relating to Your response to Trustee's Interrogatory No. 2, including, but not limited to, Documents held by Steven B. Mendelow.

6.      All Documents relating to Your response to Trustee's Interrogatory No. 10, including, but not limited to, Documents held by Richard Oppenheim Associates, LLP.

Dated:   August 26, 2015

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 26th day of

August, 2015 by electronic and First Class mail upon the following:

**BECKER & POLIAKOFF**
Helen Davis Chaitman
Valerie Sirota
45 Broadway, 8th Floor
New York, New York 10006
Email: hchaitman@bplegal.com
Email: vsirota@bplegal.com

_An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff_

11

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |
| Defendants. | |

## TRUSTEE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CAROL NELSON

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Defendant, Carol Nelson, produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within 30 days.

### DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

1.      "Account" or "Accounts" means BLMIS Account No. 1ZA284, as set forth in Exhibit A to the Complaint and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly.

2.      "Applicable Period" means the period between and including January 1, 1992 through December 31, 2009.

2

3.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

4.     "Complaint" means the complaint filed by the Trustee in this adversary proceeding, and any amendments thereto.

5.     Reference to any "Person" that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

6.     "Richard Oppenheim Associates, LLP" means Richard Oppenheim Associates, LLP and all Persons acting or purporting to act on behalf of Richard Oppenheim Associates, LLP, including, without limitation, Richard Oppenheim, and/or any other employee, representative, or agent of Richard Oppenheim Associates, LLP.

7.     "You" or "Your" means Carol Nelson in any capacity, including individually and as a joint tenant, and/or anyone acting on behalf of Carol Nelson.

8.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## **INSTRUCTIONS**

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

3

1.     All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including  all Documents or other materials in the possession, custody, or control of Your current or former employees, officers, directors, trustees, fiduciary, agents, beneficiaries, agents  representatives, consultants, contractors, vendors, banks, accountants, financial institutions or any other fiduciary or third parties, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.     You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.    Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.    Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.    If a Request calls for information Concerning a Transfer, Subsequent Transfer, redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent Transfer, redemption, or withdrawal.

9.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

  a.    Identify the type, title and subject matter of the Document;

  b.    state the place, date, and manner of preparation of the Document;

c.    Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

d.    Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of. In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character

Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2. Database load files and production media structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a Confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3. Electronic Documents and data, generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

7

4.    Emails and attachments, and other email account-related Documents:    All
Documents and accompanying metadata created and/or stored in the ordinary course of business
within commercial, off-the-shelf email systems including but not limited to Microsoft
Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,
accompanying metadata, and searchable text files or, alternately, in a format that fairly,
accurately, and completely represents each document in such a manner as to make the
Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    Documents and data created or stored in or by structured electronic databases:
With the exclusion of email and email account-related Documents and data, all Documents and
accompanying metadata created and/or stored in structured electronic databases or files shall be
produced in a format that enables the Trustee to reasonably manage and import those Documents
into a useable, coherent database.    Documents must be accompanied by reasonably detailed
documentation explaining the Documents' content and format including but not limited to data
dictionaries and diagrams.    Some acceptable formats, if and only if provided with definitive
file(s), table(s), and field level schemas include:

    a.    XML format file(s);

    b.    Microsoft SQL database(s);

    c.    Access database(s); and/or

    d.    fixed or variable length ASCII delimited files.

6.    Spreadsheets, multimedia, and non-standard file types:    All Documents generated
or stored in software such as Microsoft Excel or other commercially available spreadsheet
programs, as well as any multimedia files such as audio or video, shall be produced in their
native format, along with an accompanying placeholder image in tiff format indicating a native
file has been produced.    A "Nativelink" entry shall be included in the .dat load file indicating the

8

relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Communications and Documents that You exchanged with any accountant and/or financial advisor relating to the Account, including, but not limited to, Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

2.    All Documents and Communications You received from Steven B. Mendelow and/or Richard Oppenheim Associates, LLP Concerning any services they provided, directly or indirectly to You relating to the Account, including, without limitation, financial statements, analysis and/or reports, profit and loss statements, and tax returns whether filed, amended,

unfiled or in draft form and all supporting schedules and work papers, journal entries and trial balances.

3.    All Documents reflecting any Communications between You and Steven B. Mendelow and/or Richard Oppenheim Associates, LLP regarding BLMIS and/or the Account.

4.    All customer statements for the Account, including without limitation, duplicate statements that You received from BLMIS or provided to Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

5.    All Documents relating to Your response to Trustee's Interrogatory No. 2, including, but not limited to, Documents held by Steven B. Mendelow.

6.    All Documents relating to Your response to Trustee's Interrogatory No. 10, including, but not limited to, Documents held by Richard Oppenheim Associates, LLP.

Dated:  August 26, 2015

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate
of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 26th day of

August, 2015 by electronic and First Class mail upon the following:

**BECKER & POLIAKOFF**
Helen Davis Chaitman
Valerie Sirota
45 Broadway, 8th Floor
New York, New York 10006
Email: hchaitman@bplegal.com
Email: vsirota@bplegal.com

*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

11

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |
| Defendants. | |

## TRUSTEE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STANLEY NELSON

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Defendant, Stanley Nelson, produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within 30 days.

### DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

1.      "Account" or "Accounts" means BLMIS Account No. 1ZA284, as set forth in Exhibit A to the Complaint and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly.

2.      "Applicable Period" means the period between and including January 1, 1992 through December 31, 2009.

2

3.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

4.      "Complaint" means the complaint filed by the Trustee in this adversary

proceeding, and any amendments thereto.

5.      Reference to any "Person" that is not a natural Person and is not otherwise

defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency,

representative office, predecessor, successor, principal, member, director, officer, shareholder,

manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

6.      "Richard Oppenheim Associates, LLP" means Richard Oppenheim Associates,

LLP and all Persons acting or purporting to act on behalf of Richard Oppenheim Associates,

LLP, including, without limitation, Richard Oppenheim, and/or any other employee,

representative, or agent of Richard Oppenheim Associates, LLP.

7.      "You" or "Your" means Stanley Nelson in any capacity, including individually

and as a joint tenant, and/or anyone acting on behalf of Stanley Nelson.

8.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and

proper nouns shall be construed and interpreted according to their context to give proper

meaning and consistency to the Requests.

## INSTRUCTIONS

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules

7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

3

1.    All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.    Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including all Documents or other materials in the possession, custody, or control of Your current or former employees, officers, directors, trustees, fiduciary, agents, beneficiaries, agents representatives, consultants, contractors, vendors, banks, accountants, financial institutions or any other fiduciary or third parties, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.    You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4

4.    Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.    Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.    If a Request calls for information Concerning a Transfer, Subsequent Transfer, redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent Transfer, redemption, or withdrawal.

9.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

    a.    Identify the type, title and subject matter of the Document;

    b.    state the place, date, and manner of preparation of the Document;

c.    Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

d.    Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.    In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

### MANNER OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character

Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a Confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    Electronic Documents and data, generally:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     <u>Emails and attachments, and other email account-related Documents</u>:   All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.     <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams.   Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.     XML format file(s);

      b.     Microsoft SQL database(s);

      c.     Access database(s); and/or

      d.     fixed or variable length ASCII delimited files.

6.     <u>Spreadsheets, multimedia, and non-standard file types</u>:   All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.   A "Nativelink" entry shall be included in the .dat load file indicating the

relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.  "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.  Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All Communications and Documents that You exchanged with any accountant and/or financial advisor relating to the Account, including, but not limited to, Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

2.  All Documents and Communications You received from Steven B. Mendelow and/or Richard Oppenheim Associates, LLP Concerning any services they provided, directly or indirectly to You relating to the Account, including, without limitation, financial statements, analysis and/or reports, profit and loss statements, and tax returns whether filed, amended,

unfiled or in draft form and all supporting schedules and work papers, journal entries and trial balances.

3.    All Documents reflecting any Communications between You and Steven B. Mendelow and/or Richard Oppenheim Associates, LLP regarding BLMIS and/or the Account.

4.    All customer statements for the Account, including, without limitation, duplicate statements that You received from BLMIS and/or provided to Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

5.    All Documents relating to Your response to Trustee's Interrogatory No. 2, including, but not limited to, Documents held by Steven B. Mendelow.

6.    All Documents relating to Your response to Trustee's Interrogatory No. 10, including, but not limited to, Documents held by Richard Oppenheim Associates, LLP.

Dated:  August 26, 2015

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 26th day of

August, 2015 by electronic and First Class mail upon the following:

**BECKER & POLIAKOFF**
Helen Davis Chaitman
Valerie Sirota
45 Broadway, 8th Floor
New York, New York 10006
Email: hchaitman@bplegal.com
Email: vsirota@bplegal.com

*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

11

# EXHIBIT G

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendant Carol Nelson*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff-Applicant,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROL NELSON,<br>　　　　　　　　Defendant. | Adv. Pro. No. 10-04658 (SMB) |

### CAROL NELSON'S AMENDED RESPONSE TO
### TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS

Carol Nelson (the "Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, incorporating the

General Objections set forth in Responding Party's Responses to the First Set of Requests for

Admissions of trustee Irving H. Picard, amends her response to Request for Admission No. 12

as follows:

## AMENDED RESPONSE

12.    Admit that Account No. 1ZR265 was maintained in the name of NTC & Co.

FBO Carol Nelson.

**Amended Response:**        **Denied.**


Dated:    New York, New York                    **BECKER & POLIAKOFF LLP**
          September 1, 2015

                                          By:    _/s/ Helen Davis Chaitman_

                                                 Helen Davis Chaitman
                                                 45 Broadway
                                                 New York, New York 10006
                                                 (212) 599-3322
                                                 hchaitman@bplegal.com

                                                 _Attorneys for Defendant Carol Nelson_

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2015 a true and correct copy of the foregoing was

served by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          September 1, 2015                        */s/ Helen Davis Chaitman*

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295

*Attorneys for Defendant Carol Nelson*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>          Plaintiff,<br><br>     v.<br><br>CAROL NELSON,<br><br>          Defendant. | Adv. Pro. No. 10-04658 (SMB) |

## CAROL NELSON'S OBJECTIONS AND RESPONSES TO
## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS

Carol Nelson (the "Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, responds and

objects to the First Set of Requests for Admissions (the "Requests") of trustee Irving H. Picard

{N0076319 }

(the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.    Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.    Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.    Responding Party objects to the Requests to the extent they call for legal conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.    Responding Party objects to each definition, instruction, and Request as

overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.    Responding Party has not completed discovery.    Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.    Responding Party sets them out here to avoid repeating them in response to each individual Request.    Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Admit that Account No. 1ZA283 was maintained in Your name.

**Response:    Admitted.**

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZA283.

**Response:    Denied.**

3.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZA283.

**Response:    Denied.**

4.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZA283.

**Response:    Denied.**

5.    Admit that Column 5 of Exhibit 13 to the Complaint accurately reflects the withdrawals from Account No. 1ZA283.

**Response:    Denied.**

6.    Admit that, over the life of Account No. 1ZA283, $2,700,000 was withdrawn from Account No. 1ZA283.

**Response:    Denied.**

7.    Admit that, of the $2,700,000 withdrawn from Account No. 1ZA283, $1,000,000 consisted of principal.

**Response:    Denied.**

8.    Admit that, of the $2,700,000 withdrawn from Account No. 1ZA283, $1,700,000 was in excess of principal.

**Response:    Denied.**

9.    Admit that $1,700,000 more was withdrawn from Account No, 1ZA283 than was deposited into Account No, 1ZA283.

**Response:   Denied.**

10.    Admit that, between December 11, 2006 and December 11, 2008, $255,000 in excess of principal was withdrawn from Account No. 1ZA283.

**Response:   Denied.**

11.    Admit that, between December 11, 2002 and December 11, 2008, $895,000 in excess of principal was withdrawn from Account No. 1ZA283.

**Response:   Denied.**

12.    Admit that Account No. 1ZR265 was maintained in the name of NTC & Co. FBO Carol Nelson.

**Response:**

13.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZR265.

**Response:   Denied.**

14.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZR265.

**Response:   Denied.**

15.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZR265.

**Response:   Denied.**

16.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No, 1ZR265.

**Response:   Denied.**

17.    Admit that, over the life of Account No. 1ZR265, $860,135 was withdrawn

from Account No. 1ZR265.

**Response:    Denied.**

18.    Admit that, of the $860,135 withdrawn from Account No, 1ZR265, $458,388 consisted of principal.

**Response:    Denied.**

19.    Admit that, of the $860,135 withdrawn from Account No. 1ZR265, $401,748 was in excess of principal.

**Response:    Denied.**

20.    Admit that, $401,748 more was withdrawn from Account No. 1ZR265 than was deposited into Account No, 1ZR265.

**Response:    Denied.**

21.    Admit that, between December 11, 2006 and December 11, .2008, $200,077 in excess of principal was withdrawn from Account No. 1ZR265.

**Response:    Denied.**

22.    Admit that, between December 11, 2002 and December 11, 2008, $401,748 in excess of principal was withdrawn from Account No. 1ZR265.

**Response:    Denied.**

Dated:    New York, New York
          July 29, 2015

                                        **BECKER & POLIAKOFF LLP**

                              By:    _/s/ Helen Davis Chaitman_

                                     Helen Davis Chaitman
                                     45 Broadway
                                     New York, New York 10006
                                     (212) 599-3322
                                     hchaitman@bplegal.com

                                     _Attorneys for Defendant Carol Nelson_

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com

Dated:   New York, New York
         July 29, 2015                            */s/ Helen Davis Chaitman*

{N0076319 }

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. |  |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br> Plaintiff, <br><br> v. <br><br> CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant, <br><br> Defendants. | Adv. Pro. No. 10-04377 (SMB) |

## CAROL NELSON'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS

Carol Nelson (the "Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, responds and

{N0076486 }

objects to the First Set of Requests for Admissions (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{N0076486 }                              2

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.   Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1.    Admit that Account No. 1ZA284 was maintained in the name of Carol Nelson

and Stanley Nelson JTWROS.

**Response:    Admitted.**

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZA284.

**Response:    Denied.**

3.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZA284,

**Response:    Denied.**

4.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZA284.

**Response:    Denied.**

5.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1ZA284.

**Response:    Denied.**

6.    Admit that, over the life of Account No. 1ZA284, $11,955,000 was withdrawn from the Account.

**Response:    Denied.**

7.    Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $5,550,000 consisted of principal.

**Response:    Denied.**

8.    Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $6,405,000 was in excess of principal,

**Response:    Denied.**

{N0076486 }                                            4

9.     Admit that $6,405,000 more was withdrawn from Account No, 1ZA284 than was deposited into Account No, 1ZA284.

**Response:     Denied.**

10.    Admit that, between December 11, 2006 and December 11, 2008, $2,610,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:     Denied.**

11.    Admit that, between December 11, 2002 and December 11, 2008, $6,405,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:     Denied.**

12.    Admit that all funds withdrawn from Account No. 1ZA284 were deposited into a bank account held by You and/or Stanley Nelson.

**Response:     Denied.**

13.    Admit that all funds withdrawn from Account No. 1ZA284 were for the benefit of You and/or Stanley Nelson.

**Response:     Denied.**


Dated:   New York, New York
         July 29, 2015

                                    **BECKER & POLIAKOFF LLP**

                          By:    */s/ Helen Davis Chaitman*

                                    Helen Davis Chaitman
                                    45 Broadway
                                    New York, New York 10006
                                    (212) 599-3322
                                    hchaitman@bplegal.com

                                    *Attorneys for Defendants Carol Nelson
                                    and Stanley Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          July 29, 2015                          /s/ Helen Davis Chaitman

{N0076486 }

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman  hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br> Plaintiff, <br><br> v. <br><br> CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant, <br><br> Defendants. | Adv. Pro. No. 10-04377 (SMB) |

<u>**STANLEY NELSON'S OBJECTIONS AND RESPONSES TO**</u>
<u>**TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS**</u>

Stanley Nelson (the "Responding Party"), by and through his attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, responds and

{N0076527 }

objects to the First Set of Requests for Admissions (the "Requests") of trustee Irving H. Picard

(the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.    Responding Party objects to each instruction, definition, and Request to the extent

that it purports to impose any requirement or discovery obligation greater than or different from

those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

Court.

2.    Responding Party objects to each instruction, definition, and Request to the extent

it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of

documents that are not relevant to any parties' claims or defenses, and not reasonably calculated

to lead to the discovery of admissible evidence.

3.    Responding Party objects to the Requests to the extent they request disclosure of

(i) legal theories, legal opinions, mental impressions or other information of Responding Parties'

counsel, (ii) any information protected by any privilege, including, without limitation, the

attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or

(iii) any other available and valid grounds for withholding information or documents from

production, including, without limitation, the attorney work product doctrine.  Nothing contained

in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.    Responding Party objects to the Requests to the extent they require production of

documents not within the possession, custody, or control of the Responding Party.

5.    Responding Party objects to the Requests to the extent they call for legal

conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of

proprietary and/or confidential information.

{N0076527 }                              2

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1.    Admit that Account No. 1ZA284 was maintained in the name of Carol Nelson

and Stanley Nelson JTWROS.

**Response:    Admitted.**

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZA284.

**Response:    Denied.**

3.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZA284.

**Response:    Denied.**

4.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZA284.

**Response:    Denied.**

5.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1ZA284.

**Response:    Denied.**

6.      Admit that, over the life of Account No. 1ZA284, $11,955,000 was withdrawn from the Account.

**Response:    Denied.**

7.      Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $5,550,000 consisted of principal.

**Response:    Denied.**

8.      Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $6,405,000 was in excess of principal.

**Response:    Denied.**

{N0076527 }                                            4

9.    Admit that $6,405,000 more was withdrawn from Account No, 1ZA284 than was deposited into Account No. 1ZA284.

**Response:    Denied.**

10.    Admit that, between December 11, 2006 and December 11, 2008, $2,610,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:    Denied.**

11.    Admit that, between December 11, 2002 and December 11, 2008, $6,405,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:    Denied.**

12.    Admit that all funds withdrawn from Account No. 1ZA284 were deposited into a bank account held by You and/or Stanley Nelson.

**Response:    Denied.**

13.    Admit that all funds withdrawn from Account No. 1ZA284 were for the benefit of You and/or Carol Nelson.

**Response:    Denied.**

Dated:    New York, New York
          July 29, 2015

                                    **BECKER & POLIAKOFF LLP**

                          By:    _/s/ Helen Davis Chaitman_

                                 Helen Davis Chaitman
                                 45 Broadway
                                 New York, New York 10006
                                 (212) 599-3322
                                 hchaitman@bplegal.com

                                 *Attorneys for Defendants Carol Nelson
                                 and Stanley Nelson*