WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Kim M. Longo
John J. Tepedino

Hearing Date: Jan. 27, 2016 at 10:00 a.m.
Objection Deadline: Jan. 20, 2016 at 5:00 p.m.

*Special Counsel to Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>           Plaintiff,<br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR SISKIND; LINDA SOHN; NEAL GOLDMAN; DOUGLAS ELLENOFF; ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT | Adv. Pro. No. 10-05259 (SMB) |

|  |  |
|---|---|
| COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; TRUST U/T/A 8/20/90; and EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90,<br><br>Defendants. |  |

**MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULES 15 AND 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AS INCORPORATED BY RULES 7015 AND 7021 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, GRANTING THE TRUSTEE LEAVE TO FILE A SECOND AMENDED COMPLAINT AND FOR RELATED RELIEF**

**Table of Contents**

BACKGROUND AND NATURE OF THE RELIEF SOUGHT ................................................... 1

ARGUMENT ..................................................................................................................................... 6

    The Trustee Has Satisfied the Legal Standard for Amending ............................................ 6

    The Legal Standard for Adding and Dropping Parties Is Met ........................................... 8

    The Claims Sought to be Added or Amended are Timely .................................................. 9

CONCLUSION ................................................................................................................................. 10

i

# Table of Authorities

**Cases**

*A.V.E.L.A. Inc. v. Estate of Monroe*, 34 F.Supp.3d 311 (S.D.N.Y. 2014) ..................................... 8

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ........................................................ 7, 8

*Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408 (S.D.N.Y. 2008) ........... 8

*E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006) ....................... 4

*Foman v. Davis*, 371 U.S. 178 (1962) ..................................................................................... 6, 7

*Glint Factors, Inc. v. Schnapp*, 126 F.2d 207 (2d Cir. 1942) ......................................................... 7

*Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721 (Bankr. S.D.N.Y. 2008) ................................................................. 9

*Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346 (Bankr. S.D. Ind. 2009) ........ 9

*Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251 (D. Kan. 2014) ......... 4

*Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F.Supp. 2d 376 (D. Conn. 2008) ............... 4

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26 (S.D.N.Y. 2013) 9, 10

*Siegel v. Converters Transp., Inc.*, 714 F.2d 213 (2d Cir. 1983) ................................................... 7

*Zahra v. Town of Southold,* 48 F.3d 674 (2d Cir. 1995) ................................................................ 6

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971) .......................................... 6

**Statutes/Rules**

Fed. R. Bankr. P. 15 ....................................................................................................................... 6

Fed. R. Bankr. P. 21 ....................................................................................................................... 8

Fed. R. Civ. P. 15(a)(2) .................................................................................................................. 6

Fed. R. Civ. P. 21 ........................................................................................................................... 8

11 U.S.C. § 546(a) .................................................................................................................... 9, 10

11 U.S.C. § 550(f) .......................................................................................................................... 9

**Other**

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (3d ed. 1971) ............ 7

Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), by his undersigned counsel, files this Memorandum of Law in support of the Trustee's motion (the "Motion") seeking leave under Rules 7015 and 7021 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rules 15 and 21 of the Federal Rules of Civil Procedure ("FRCP") to file a Second Amended Complaint and for Related Relief in the above-captioned adversary proceeding (the "Adversary Proceeding"), wherein the Trustee (A) adds further specificity to his claims for recovery of subsequent transfers pursuant to section 550(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") against certain current defendants, consistent with the prior rulings of this Court, (B) brings subsequent transfer claims against an additional defendant, and (C) updates and conforms certain other allegations.

## BACKGROUND AND NATURE OF THE RELIEF SOUGHT

In this Adversary Proceeding, the Trustee seeks to avoid and recover, pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, fictitious profits in the amount of $4,955,500.00 transferred to the defendants in the two years prior to the commencement of the BLMIS liquidation.

The Trustee filed a Complaint in this case on December 6, 2010, and, pursuant to FRCP 15(a)(1), an Amended Complaint on December 10, 2010 (the "Amended Complaint").

On May 11, 2011, this Court entered a Stipulation and Order for Voluntary Dismissal of NTC & Co. LLP Without Prejudice, which, among other things, provided that "[u]pon the dismissal of Defendant, the caption for each of the Proceedings are hereby amended to delete NTC from such caption." (ECF No. 25).

On June 2, 2014, each of the defendants (other than Neuberger Berman LLC, as discussed below), filed either an answer or a motion to dismiss in response to the Amended Complaint.

On June 18, 2014, this Court entered a Stipulation and Order for Voluntary Dismissal of Neuberger Berman LLC Without Prejudice, which, among other things, provided that "[u]pon the dismissal of Defendant, the caption for the Proceeding is hereby amended to delete [Neuberger Berman] from such caption." (ECF No. 107).

On June 2, 2015, this Court denied in part and granted in part the motions to dismiss brought in this and certain other good faith adversary proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Omnibus Decision") (ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)). The Court held that the Trustee had not sufficiently identified the "necessary vital statistics—the who, when, and how much" for certain subsequent transfers alleged by the Trustee.

On June 22, 2015, the Supreme Court of the United States denied certiorari with respect to the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), in which the Trustee contested application of section 546(e) of the Bankruptcy Code to this and other adversary proceedings.

On July 16, 2015, this Court entered an order consistent with the Omnibus Decision and the Supreme Court Decision (the "Consent Order"), which, as relevant to this Adversary Proceeding: (a) dismissed Counts II through VI of the Amended Complaint, which sought avoidance and recovery of initial transfers on grounds other than sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, and (b) dismissed Count VII of the Amended Complaint, which

2

sought to recover subsequent transfers pursuant to section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, solely with respect to those subsequent transferee defendants that had filed motions to dismiss and to which the Omnibus Decision applied—specifically, Arthur J. Feibus, Eunice Chervony Lehrer, Arthur M. Siskind, Elaine Stein Roberts, Jamat Company, LLC, and The Mestro Company (the "Dismissed Defendants") (ECF No. 143 in Adv. Pro. No. 10-05259 (SMB)). The dismissal of Count VII was "without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015, and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code." *Id.*

The dismissal of the subsequent transfer claims in Count VII of the Amended Complaint also applied to defendant Stuart M. Stein, who nevertheless remains in the Adversary Proceeding because the Trustee has also alleged that he received initial transfers of fictitious profits. *Id.*

In accordance with the terms of the Consent Order, on September 18, 2015, Stuart M. Stein filed an answer to the Amended Complaint. (ECF No. 146). A Case Management Notice was thereafter agreed to and filed, setting forth a discovery schedule. (ECF No. 151).

On October 9, 2015, five defendants who were not subject to the Consent Order—Neal M. Goldman, Linda Sohn, Trust U/W/O David L. Fisher, Trust U/T/A 8/20/90, and Evelyn Fisher, individually and in her capacity as Trustee for Trust U/W/O David L. Fisher and Trust U/T/A 8/20/90—filed with this Court a Motion for Judgment on the Pleadings (the "Motion for Judgment") asserting that the Trustee's subsequent transfer allegations against those defendants in the Amended Complaint were insufficient to satisfy the pleading requirements as set forth in the Omnibus Decision. (ECF Nos. 147-149). The Motion for Judgment, previously scheduled to

3

be heard by this Court on December 16, 2015, will by agreement of the parties now be heard on January 27, 2016 so as to coincide with the return date on the Trustee's Motion.[1]

The Trustee files the instant Motion to address issues raised by the Motion for Judgment and in light of the Consent Order and the rulings in the Supreme Court Decision and the Omnibus Decision. As detailed in the proposed Second Amended Complaint, a copy of which is attached as Exhibit A to the Declaration of Kim M. Longo, the Trustee seeks leave to amend his pleading as follows:

1. To reinstate subsequent transfer claims against four of the Dismissed Defendants—Arthur J. Feibus, Eunice Chervony Lehrer, Arthur M. Siskind and Elaine Stein Roberts (together, the "Reinstated Defendants")—in accordance with the provisions of the Consent Order.

2. To add as a defendant in the Adversary Proceeding and to the caption Roni L. Stein (the "New Defendant"), who has been identified by the Trustee as an additional subsequent transferee and who has not previously been named in this action.

3. As to the Reinstated Defendants, the New Defendant, and current defendants Evelyn Fisher (individually and in her capacity as Trustee for Trust u/t/a 8/20/90), Trust u/t/a 8/20/90, Linda Sohn and Neal Goldman, none of whom were subject to the Consent Order (the "Current Subsequent Transfer Defendants"), to amend the Trustee's subsequent transfer allegations to satisfy the requirements for pleading subsequent transfer claims set forth in the Omnibus Decision.

4. To dismiss from the Adversary Proceeding without prejudice and remove from the case caption current defendants Trust u/w/o David L. Fisher, Evelyn Fisher in her capacity as Trustee for Trust u/w/o David L. Fisher, Elaine S. Stein, Elaine S.

---

[1] In light of this Motion by the Trustee to file a Second Amended Complaint, the Trustee will not be filing a substantive response to the Motion for Judgment, which challenges the sufficiency of the existing Amended Complaint. *See*, *e.g.*, *E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 283 (S.D.N.Y. 2006) ("Where, as here, a Rule 15(a) motion for leave to amend is filed in response to a dispositive motion under Rule 12(b) or 12(c) based solely on the pleadings, the motion for leave to amend will be granted unless the amendment would be futile.") (citations omitted); *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F.Supp. 2d 376, 384 (D. Conn. 2008) (where a party seeks to amend a complaint while a motion to dismiss is pending, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave"); *Roco, Inc. v. EOG Res., Inc*., No. 14-1065-JAR-KMH, 2014 WL 5430251, at *12 (D. Kan. 2014) (motion for leave to amend granted and simultaneously pending motion for judgment on the pleadings thus dismissed as moot).

Stein Revocable Trust and Douglas Ellenoff, none of whom were subject to the Consent Order.[2]

For ease of reference, below is a chart setting forth the current procedural posture and specific relief being sought:

|  | **Current Posture** | **Relief Sought by this Motion** |
|---|---|---|
| Stanley I. Lehrer | Named Defendant, as administrator to Initial Transferee Joint Tenancy[3] | None |
| Stuart S. Stein | Named Initial Transferee | None |
| Arthur J. Feibus | Dismissed per Consent Order | Reinstatement as a Subsequent Transferee Defendant; add specificity to allegations |
| Eunice Chervony Lehrer | Dismissed per Consent Order | Reinstatement as a Subsequent Transferee Defendant; add specificity to allegations |
| Arthur M. Siskind | Dismissed per Consent Order | Reinstatement as a Subsequent Transferee Defendant; add specificity to allegations |
| Elaine Stein Roberts | Dismissed per Consent Order | Reinstatement as a Subsequent Transferee Defendant; add specificity to allegations |
| Roni L. Stein | Not previously named as a Defendant | Add as a new Subsequent Transferee Defendant; add to caption |
| Evelyn Fisher, individually and as Trustee for Trust u/t/a 8/20/90 | Named Subsequent Transferee; movant in Motion for Judgment | Add specificity to existing allegations |
| Trust u/t/a 8/20/90 | Named Subsequent Transferee; movant in Motion for Judgment | Add specificity to existing allegations |
| Linda Sohn | Named Subsequent Transferee; movant in Motion for Judgment | Add specificity to existing allegations |
| Neal Goldman | Named Subsequent Transferee; movant in Motion for Judgment | Add specificity to existing allegations |
| Trust u/w/o David L. Fisher | Named Subsequent Transferee; movant in Motion for Judgment | Dismiss without prejudice; remove from caption |
| Evelyn Fisher, as Trustee for Trust u/w/o David L. Fisher | Named Subsequent Transferee; movant in Motion for Judgment | Dismiss without prejudice; remove from caption |
| Elaine S. Stein | Named Subsequent Transferee | Dismiss without prejudice; remove from caption |
| Elaine S. Stein Revocable Trust | Named Subsequent Transferee | Dismiss without prejudice; remove from caption |
| Douglas Ellenoff | Named Subsequent Transferee | Dismiss without prejudice; remove from caption |
| Jamat Company, LLC | Dismissed per Consent Order | Remove from caption |
| The Mestro Company | Dismissed per Consent Order | Remove from caption |

---

[2] The Trustee also seeks to remove from the case caption those defendants previously dismissed by the Trustee, specifically, Jamat Company, LLC and The Mestro Company, and, in accordance with prior stipulations, Neuberger Berman LLC and NTC & Co. LLP.

[3] Lehrer was included in the Complaint filed in this Adversary Proceeding on December 6, 2010 as a defendant and initial transferee of fictitious profits in his individual capacity as well as in his capacity as an administrator. The Trustee's Amended Complaint filed on December 10, 2010 dismissed Lehrer as a defendant in his individual capacity.

5

| | | |
|---|---|---|
| Neuberger Berman LLC | Previously dismissed | None. Will remove from caption, in accordance with prior stipulation. |
| NTC & Co. LLP | Previously dismissed | None. Will remove from caption, in accordance with prior stipulation. |

The amended caption reflecting these changes is set forth in the proposed Second Amended Complaint. Certain other changes have also been made in the proposed Second Amended Complaint, including to the Jurisdiction and Venue, Background, Ponzi Scheme, and Transfer sections. These changes were made for consistency with background and other allegations relevant to, and alleged in, all of the Trustee's cases and to address the Supreme Court Decision regarding section 546(e).

## ARGUMENT

The Trustee submits that the Motion should be granted because the Trustee seeks leave to amend his pleading in good faith, the relief sought will cause no undue prejudice, there has been no undue delay, and the claims sought to be added or amended are timely brought.

<u>The Trustee Has Satisfied the Legal Standard for Amending</u>

Rule 15 of the FRCP, which applies to this Adversary Proceeding under FRBP 7015, allows a party to amend its pleadings upon leave of the court and states that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995).

The Supreme Court has stated that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as

6

the rules require, be freely given." *Foman,* 371 U.S. at 182 (internal quotation marks omitted). This is consistent with well-settled law in this Circuit that Rule 15 is to be liberally construed. *See*, *e.g.*, *Glint Factors, Inc. v. Schnapp*, 126 F.2d 207, 209 (2d Cir. 1942); *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983) (the rule reflects Congress's intention to provide "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities") (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1471, at 359 (3d ed. 1971)).

Indeed, in this Circuit a party may amend its pleadings in the absence of a showing of prejudice or bad faith. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal citation omitted). In the instant case, the Trustee's request to amend is being made in good faith and is not futile, and granting the Motion will not prejudice defendants.

The proposed Second Amended Complaint satisfies the pleading standard for subsequent transfer claims set forth in the Omnibus Decision. The Trustee has amended his pleading to include the additional facts necessary to sustain his claims for recovery of subsequent transfers from the Current Subsequent Transfer Defendants, the New Defendant and the Reinstated Defendants. (*See* Proposed Second Amended Complaint, paragraphs 47 through 48 and Exhibits C through K). To the extent the Trustee believes that, without discovery, he currently lacks sufficient evidence to satisfy the detail concerning subsequent transfers received by a defendant required by the Omnibus Decision, the Motion seeks to dismiss those persons without prejudice.

In addition, there will be no undue prejudice if the Court grants the Trustee leave to file the Second Amended Complaint. Although the existing defendants have filed answers to the Amended Complaint, no exchange of discovery or discovery requests has occurred, and the parties have agreed that fact discovery will not close before April 21, 2017 at the earliest. *See*

7

*Case Management Notice* dated October 12, 2015 (ECF No. 151). The relief sought would therefore not "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *See Block,* 988 F.2d at 350. All defendants will have a full and fair opportunity to conduct discovery on all factual allegations and legal theories asserted in the Second Amended Complaint.

The Legal Standard for Adding and Dropping Parties Is Met

A court may, upon the motion of a party or *sua sponte,* "at any time, on just terms, add or drop a party" pursuant to Rule 21 of the FRCP, which applies to this Adversary Proceeding based on FRBP 7021. Fed. R. Civ. P. 21.

Courts apply the "same standard of liberality" afforded under Rule 15 when an amendment involves the addition of new parties to an action pursuant to Rule 21. *See*, *e.g.*, *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) (plaintiff's motion to file Second Amended Complaint adding a new defendant granted, where plaintiff was "sufficiently diligent in moving to amend", and such relief would not unduly prejudice the defendants, despite that certain discovery might have to be re-done); *A.V.E.L.A. Inc. v. Estate of Monroe*, 34 F.Supp.3d 311, 315-21 (S.D.N.Y. 2014) (defendant's motion to amend counter-claims to add three new parties granted where no undue delay or prejudice existed, despite being filed one week before close of discovery).

The relief sought herein with respect to the Reinstated and New Defendants is in accordance with these Rules and the Consent Order. The Trustee seeks to add the Reinstated Defendants and the New Defendant based on information uncovered in the course of his on-going investigation into Madoff's massive fraud, which implicates hundreds of adversary proceedings and involves the review of millions of documents. During this investigation, the Trustee identified the New Defendant as an additional subsequent transferee of the initial

8

transfers from BLMIS sought to be avoided in this action and has diligently, without delay and in good faith, compiled data sufficient to support his subsequent transfer claims against both the New Defendant and the Reinstated Defendants.

<u>The Claims Sought to be Added or Amended are Timely</u>

Because the claims sought to be added or amended in the Second Amended Complaint are subsequent transfer claims, there is no issue as to the Trustee's timeliness.

The statute of limitations governing recovery actions under section 550(a) of the Bankruptcy Code is "(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed." 11 U.S.C. § 550(f). *See, also*, *Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 746 n.23 (Bankr. S.D.N.Y. 2008) ("[A] recovery action must be brought no later than one year after the avoidance of the transfer or the closing or dismissal, whichever occurs first.").

Because the Court has not yet adjudicated the merits of the Trustee's avoidance claims under section 548(a)(1)(A) of the Bankruptcy Code, the one-year limitations period relevant to subsequent transfer claims in this Adversary Proceeding has not begun to run. *See id*. *See also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 36 (S.D.N.Y. 2013); *Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346, 353 (Bankr. S.D. Ind. 2009) (permitting the trustee to add a named defendant's spouse as a subsequent transferee defendant where no initial transfer had been avoided and more than seven years had elapsed between the commencement of the case and the trustee's filing of an amended complaint).

As Judge Rakoff articulated in the District Court's decision in the BLMIS consolidated proceedings on 11 U.S.C. § 550(a), "a subsequent transferee defendant is entitled to bring a statute-of-limitations defense to avoidance only if the Trustee failed to bring any avoidance

9

action with respect to the initial transfer (against either the initial or subsequent transferee) within section 546(a)'s two-year limitations period." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. at 35. In the instant case, the Trustee filed his Complaint seeking avoidance of relevant initial transfers on December 6, 2010, within Bankruptcy Code section 546(a)'s two-year limitations period.[4]

Given that the subsequent transfer-related claims and allegations against the Current Subsequent Transfer Defendants, New Defendant, and Reinstated Defendants are not time barred, the Trustee need not satisfy the relation back standard under Rule 15(c) of the FRCP.

## **CONCLUSION**

Accordingly, for the reasons stated above, the Trustee respectfully requests that the Court grant him leave to file the proposed Second Amended Complaint and the related relief.

Dated: New York, New York
       December 7, 2015

By: /s/ Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
Kim M. Longo (klongo@windelsmarx.com)
John J. Tepedino (jtepedino@windelsmarx.com)
Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

---

[4] The Trustee filed an Amended Complaint as a matter of course pursuant to FRCP 15(a)(1) four days later, on December 10, 2010, to make administrative amendments and to dismiss Lehrer as a defendant in his individual capacity. Although the Amended Complaint added no new defendants or alleged transfers, it too was filed within the two-year limitation period.