UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
           :
KINGATE GLOBAL FUND LIMITED and  :
KINGATE EURO FUND LIMITED,        :
           :      15-CV-7086 (JPO)
           :
         Appellants,:       ORDER
           :
     -v-          :
           :
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
           :
         Appellee.  :
           :
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       The bankruptcy trustee of Bernard L. Madoff Investment Securities LLC ("BLMIS") brought this action to avoid and recover $825 million in transfers from BLMIS to Appellants Kingate Global Fund Limited and Kingate Euro Fund Limited ("the Funds"). On August 21, 2015, the United States Bankruptcy Court for the Southern District of New York granted in part and denied in part the Funds' motion to dismiss. On September 9, 2015, the Funds moved in this Court for leave to appeal that decision. *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8004. That motion is denied.

       Courts in this district generally apply the standards from 28 U.S.C. § 1292(b) when determining whether to grant leave to appeal from an interlocutory bankruptcy order. *See Enron Corp. v. Springfield Assocs., LLC (In re Enron Corp.)*, No. M-47, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006). Accordingly, the appellant must show that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

1

litigation." 28 U.S.C. § 1292(b). The decision whether to review an interlocutory order of a bankruptcy court, however, is ultimately within the discretion of the district court. *Gibson v. Kassover (In re Kassover)*, 343 F.3d 91, 94 (2d Cir. 2003); *see United States v. Huron Consulting Grp., Inc.*, No. 09 Civ. 1800, 2011 WL 2017322, at *1 (S.D.N.Y. May 16, 2011). Interlocutory appeals are generally disfavored and are granted only in "exceptional circumstances," because they "prolong judicial proceedings, add delay and expense to litigants, [and] burden appellate courts." *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996); *see Huron Consulting Grp.*, 2011 WL 2017322, at *1.

To avoid or recover the transfers from BLMIS, the Trustee must show that the transferee—the Funds—acted lacking objective good faith. (Order at 26-27.) This Court has held that the absence of objective good faith means that the transferee had "actual knowledge that there were no actual securities transactions being conducted" by Madoff. *SIPC v. BLMIS*, No. 12 Misc. 115, 2013 WL 1609154, at *3-4 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*").

The Bankruptcy Court determined that the Complaint adequately pleaded the Funds' actual knowledge. The Funds challenge that ruling in two respects. First, they argue that the facts pleaded fall short of showing actual knowledge by the Funds' investment managers. Second, they argue that the managers' knowledge or misconduct should not be imputed to the Funds.

Neither of these arguments involves a controlling question of law as to which there is a substantial question. In neither case do the parties dispute the applicable legal standard. The Funds argue only that the collection of facts pleaded fails to meet that standard. As to the first argument, the Funds contend that the facts pleaded show that the Funds' investment managers "should have done more investigation" and "should have been aware that Madoff was engaged in some form of unspecified misconduct," but not actual knowledge. (Dkt. No. 4 at 20.) The

parties agree that this issue turns on the application of *Cohmad* to the Complaint's extensive factual allegations.  As to the second argument, the Funds contend that the managers acted to defraud the corporation and increase their personal fees, rather than to defraud others for the benefit of the corporation.  The parties agree that this issue turns on the application of the New York Court of Appeals' decision in *Kirschner v. KPMG LLP*, 15 N.Y.3d 446 (N.Y. 2010), to the Complaint's allegations about the Funds' operations and managers' actions.  These are not pure legal questions which the Court could decide "quickly and cleanly without having to study the record," but rather are questions of the application of law to alleged facts which are unfit for interlocutory review.  *Lehman Bros. Special Fin. Inc. v. BNY Corp. Trustee Servs. Ltd. (In re Lehman Bros. Holdings Inc.)*, 442 B.R. 403, 406 (S.D.N.Y. 2009); *see Gramercy Advisers, LLC v. Coe*, No. 13-CV-9069, 2014 WL 5847442, at *4 (S.D.N.Y. Nov. 12, 2014).

       The questions at issue are not transformed into pure questions of law because the appeal is from denial of a motion to dismiss.  In general, challenges to the sufficiency of a pleading "are not generally the appropriate subjects of interlocutory review, as a reversal . . . at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter." *In re Facebook, Inc. IPO Secs. and Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (quoting *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002)); *see Gramercy Advisers*, 2014 WL 587442, at *4.  The Funds try to differentiate this case from a run-of-the-mill attempt to obtain interlocutory review of a denial of a motion to dismiss by reference to equitable factors like the length and scope of this litigation.  After review of the parties submissions, however, the Court concludes that those equitable factors do not constitute exceptional circumstances in this case justifying interlocutory review.  Accordingly, even if the Funds' arguments were understood to raise pure issues of law, the Court would deny the motion in its discretion.

The Funds' motion for leave to appeal is DENIED. The Clerk of Court is directed to close the motion at docket number 3 and to terminate this matter.

SO ORDERED.

Dated: December 4, 2015
New York, New York

_____
J. PAUL OETKEN
United States District Judge