11/16/2015

ADV. PRO NO. 08 1789 (SMB)
SIPA LIQUIDATION

APPENDIX A #44

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION CORPORATION,

    Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

    Defendant.

In re:

BERNARD L. MADOFF,

    Debtor.

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

    Plaintiff,

v.

NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of DAVID GROSS; DAVID GROSS and IRMA GROSS Individually and as Joint Tenants,

    Defendants.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

AWAITING THE COURTS RESPONSE

Adv. Pro. No. 10-4667 (BRL)

AS PER TRUSTEE

ATT: HON STUART M BERNSTEIN
UNITED STATE BANKRUPTCY JUDGE

ORDER ENFORCING AUTOMATIC STAY AND ISSUING PRELIMINARY INJUNCTION


DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496

Upon consideration of the Motion for Enforcement of the Automatic Stay and Issuance of a Preliminary Injunction (the "Motion")[1] in the above-captioned adversary proceeding by Irving H. Picard, trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-lll and the estate of Bernard L. Madoff, individually; and upon the accompanying the Notice of the Motion; Memorandum of Law; the Declaration of Jessie A. Kuhn; the Declaration of Maurice J. Cohn; the Declaration of Richard G. Spring; and all of the pleadings and prior proceedings in this and related actions; and upon the hearing held on December 4, 2013; and after due deliberation of the foregoing;

THE COURT HEREBY FINDS AND DETERMINES THAT:

1. This Court has jurisdiction to grant the relief effected by this order.
2. The FINRA Action is violative of the automatic stay provisions of Bankruptcy Code § 362(a), SIPA § 78eee(b)(2)(B)(i) and at least one of the related orders entered by the United States District Court for the Southern District of New York dated December 15, 2008, December 18, 2008, and February 9, 2009.
3. The Trustee will suffer irreparable harm if the FINRA Action continues.
4. The Trustee has shown a strong probability of success on the merits.
5. The FINRA Action threatens the Court's jurisdiction and the administration of the estate, and an injunction is necessary to preserve and protect the estate.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Motion is granted.


**DAVID GROSS**
**7248 BALLANTRAE CT.**
**BOCA RATON, FL 33496**

---

[1] All terms not otherwise defined herein will be given the meaning ascribed to them in the Motion.

2. Pursuant to section 105(a) of the Bankruptcy Code, Defendant David Gross is hereby preliminarily enjoined from proceeding with the FINRA Action against Cohmad Securities Corp., Maurice J. Cohn and Richard G. Spring (collectively, the "Cohmad Defendants"), until the completion of the Trustee's action in Picard v. Cohmad Securities Corp., et al., Adv. Pro. No. 09-1305 (BRL), including the satisfaction by the Cohmad Defendants of any settlement or judgment obtained by the Trustee.

3. This Court shall retain exclusive jurisdiction over the implementation and interpretation of this Order.

*PLEASE ADVISE ABOUT ITEM THE UNDERLINE ABOVE*



**DAVID GROSS**
**7248 BALLANTRAE CT.**
**BOCA RATON, FL 33496**

Dated: December 4, 2013
New York, New York
at 10:28AM

/s/ Burton R. Lifland
_____
Burton R. Lifland
United States Bankruptcy Judge



U.S. Securities and Exchange Commission

U.S. SECURITIES AND EXCHANGE COMMISSION

Litigation Release No. 21095 / June 22, 2009

Securities and Exchange Commission v. Cohmad Securities Corporation, Maurice J. Cohn, Marcia B. Cohn, and Robert M. Jaffe, (S.D.N.Y. Civil No. 09-5680)

SEC CHARGES MADOFF SOLICITORS WITH FRAUD

The Securities and Exchange Commission today charged Cohmad Securities Corporation, a New York-based broker-dealer, as well as its chairman Maurice J. Cohn, chief operating officer Marcia B. Cohn, and registered representative Robert M. Jaffe alleging that they collectively raised billions of dollars from investors for Bernard L. Madoff's Ponzi scheme.

In a complaint filed in U.S. District Court for the Southern District of New York, the SEC charged the defendants for actively marketing investment opportunities with Madoff while knowingly or recklessly disregarding facts indicating that Madoff was operating a fraud. The SEC previously charged Madoff and Bernard L. Madoff Investment Securities LLC (BMIS) as well as their auditors with committing securities fraud through a Ponzi scheme perpetrated on advisory and brokerage customers of BMIS.

The SEC's complaint against the Cohmad defendants alleges that while bringing investors to Madoff, they ignored and even participated in many suspicious practices that clearly indicated Madoff was engaged in fraud. For example, the SEC's complaint alleges that the Cohns and Cohmad filed false Forms BD and FOCUS reports that concealed Cohmad's primary business of bringing in investors for BMIS. This referral business comprised as much as 90 percent of Cohmad's revenue in some years, brought in more than 800 accounts, and billions of dollars into BMIS' advisory business, for which BMIS paid them more than $100 million.

DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496



The SEC's complaint also alleges that the compensation arrangement between BMIS and Cohmad indicated fraudulent conduct at BMIS. Cohmad was paid an annual percentage of the funds its representatives (except Jaffe) brought into BMIS offset by any withdrawals from those investor accounts. This compensation arrangement indicated to Cohmad and the Cohns that BMIS was not providing any real returns to investors. For example, where the client's principal investment had been $10,000, Cohmad stopped receiving fees if a client withdrew $15,000 from an account, even if under BMIS' management the account had purportedly grown to $100,000. In Cohmad's internal records, such an account was designated with a negative $5,000 number.

The SEC alleges that Jaffe also participated in Madoff's fraud by soliciting investors and bringing more than $1 billion into BMIS. The Complaint alleges, among other things, that Madoff compensated Jaffe with outsized returns in Jaffe's personal accounts that he knew, or was reckless in not

The Securities and Exchange Commission today charged Cohmad Securities Corporation, a New York-based broker-dealer, as well as its chairman Maurice J. Cohn, chief operating officer Marcia B. Cohn, and registered representative Robert M. Jaffe alleging that they collectively raised billions of dollars from investors for Bernard L. Madoff's Ponzi scheme.

In a complaint filed in U.S. District Court for the Southern District of New York, the SEC charged the defendants for actively marketing investment opportunities with Madoff while knowingly or recklessly disregarding facts indicating that Madoff was operating a fraud. The SEC previously charged Madoff and Bernard L. Madoff Investment Securities LLC (BMIS) as well as their auditors with committing securities fraud through a Ponzi scheme perpetrated on advisory and brokerage customers of BMIS.

The SEC's complaint against the Cohmad defendants alleges that while bringing investors to Madoff, they ignored and even participated in many suspicious practices that clearly indicated Madoff was engaged in fraud. For example, the SEC's complaint alleges that the Cohns and Cohmad filed false Forms BD and FOCUS reports that concealed Cohmad's primary business of bringing in investors for BMIS. This referral business comprised as much as 90 percent of Cohmad's revenue in some years, brought in more than 800 accounts, and billions of dollars into BMIS' advisory business, for which BMIS paid them more than $100 million.

The SEC's complaint also alleges that the compensation arrangement between BMIS and Cohmad indicated fraudulent conduct at BMIS. Cohmad was paid an annual percentage of the funds its representatives (except Jaffe) brought into BMIS offset by any withdrawals from those investor accounts. This compensation arrangement indicated to Cohmad and the Cohns that BMIS was not providing any real returns to investors. For example, where the client's principal investment had been $10,000, Cohmad stopped receiving fees if a client withdrew $15,000 from an account, even if under BMIS' management the account had purportedly grown to $100,000. In Cohmad's internal records, such an account was designated with a negative $5,000 number.

The SEC alleges that Jaffe also participated in Madoff's fraud by soliciting investors and bringing more than $1 billion into BMIS. The Complaint alleges, among other things, that Madoff compensated Jaffe with outsized returns in Jaffe's personal accounts that he knew, or was reckless in not



DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496



http://www.sec.gov/litigation/litreleases/2009/lr21005...



**DAVID GROSS**
**7248 BALLANTRAE CT.**
**BOCA RATON, FL 33496**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 16, 2013

VIA FEDERAL EXPRESS

direct dial: 212.589.4624
owarshavsky@bakerlaw.com

Mr. David Gross
7248 Ballantrae Court
Boca Raton, Florida 33496-1422

Re:    *Picard v. Cohmad Securities Corp., et al.*, Adv. Pro. No. 09-01305 (BRL)

Dear Mr. Gross,

We write on behalf of Irving H. Picard, Esq. (the "Trustee"), in connection with the above referenced matter. On July 9, 2013, we wrote to you regarding the FINRA arbitration you commenced against Cohmad Securities Corporation, Maurice Cohn, and Richard Spring (the "Cohmad Defendants") seeking to recover monies lost through your BLMIS accounts.

As explained in our prior correspondence, we hope that you will agree to stay your action pending the outcome of the Trustee's action against the Cohmad Defendants. However, if we do not hear from you by July 22, 2013, we will have no choice but to move to enjoin your FINRA arbitration.

Please contact us at your earliest convenience to discuss this matter further.

Sincerely,

Oren J. Warshavsky

Enclosure

cc:    Steven Paradise, Esq. (via email)
       Kenneth Lipman, Esq. (via email)
       Helen Chaitman, Esq. (via email)
       Tatiana Markel, Esq. (via email)
       Jessie A. Kuhn, Esq. (via email)

Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa

DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496

knowing, were manufactured by BMIS employees entering fictitious, backdated trades onto trade confirmations and account statements for his personal accounts at BMIS.

The SEC's complaint against the Cohmad defendants specifically alleges that Cohmad violated Section 17(a) of the Securities Act, Sections 10(b), 15(b)(1), 15(b)(7), and 17(a) of the Exchange Act and Rules 10b-5, 15b3-1, 15b7-1 and 17a-3 thereunder and aided and abetted violations of Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-3 thereunder; that the Cohns violated Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder and aided and abetted violations of Sections 10(b), 15(b)(1), 15(b)(7), and 17(a) of the Exchange Act and Rules 10b-5, 15b3-1, 15b7-1 and 17a-3 thereunder and Sections 206(1), 206(2) and 206(4) of the Advisers Act of 1940 and Rule 206(4)-3 thereunder; and that Robert Jaffe violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and aided and abetted violations of Sections 10(b), 15(b)(7), and 17(a) of the Exchange Act and Rules 10b-5, 15b7-1 and 17a-3 thereunder and Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-3 thereunder.

Among other things, the SEC's complaint seeks injunctions, financial penalties and a court order requiring Cohmad, the Cohns, and Jaffe to disgorge their ill-gotten gains.

The SEC acknowledges the assistance of the Trustee for the Securities Investor Protection Corporation. The SEC's investigation is continuing.

For more information see prior litigation release nos. 20834, 20882, and 20959.

> SEC Complaint

http://www.sec.gov/litigation/litreleases/2009/lr21095.htm

Home | Previous Page

Modified: 06/22/2009


DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496

DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496

Cohmad Securities Corporation, Maurice J. Cohn, Marcia B. Cohn, and Robert M. Jaffe: ...    Page 2 of 2

knowing, were manufactured by BMIS employees entering fictitious, backdated trades onto trade confirmations and account statements for his personal accounts at BMIS.

The SEC's complaint against the Cohmad defendants specifically alleges that Cohmad violated Section 17(a) of the Securities Act, Sections 10(b), 15(b)(1), 15(b)(7), and 17(a) of the Exchange Act and Rules 10b-5, 15b3-1, 15b7-1 and 17a-3 thereunder and Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-3 thereunder and aided and abetted violations of Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-3 thereunder; that the Cohns violated Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder and aided and abetted violations of Sections 10(b), 15(b)(1), 15 (b)(7), and 17(a) of the Exchange Act and Rules 10b-5, 15b3-1, 15b7-1 and 17a-3 thereunder and Sections 206(1), 206(2) and 206(4) of the Advisers Act of 1940 and Rule 206(4)-3 thereunder; and that Robert Jaffe violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and aided and abetted violations of Sections 10(b), 15(b)(7), and 17(a) of the Exchange Act and Rules 10b-5, 15b7-1 and 17a-3 thereunder and Sections 206(1), 206(2) and 206 (4) of the Advisers Act and Rule 206(4)-3 thereunder.

Among other things, the SEC's complaint seeks injunctions, financial penalties and a court order requiring Cohmad, the Cohns, and Jaffe to disgorge their ill-gotten gains.

The SEC acknowledges the assistance of the Trustee for the Securities Investor Protection Corporation. The SEC's investigation is continuing.

For more information see prior litigation release nos. 20834, 20889, and 20953.

▶ SEC Complaint

http://www.sec.gov/litigation/litreleases/2009/lr21095.htm

Home | Previous page    Modified: 06/22/2009



**DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 16, 2013

VIA FEDERAL EXPRESS

direct dial: 212.589.4624
owarshavsky@bakerlaw.com

Mr. David Gross
7248 Ballantrae Court
Boca Raton, Florida 33496-1422

Re: *Picard v. Cohmad Securities Corp., et al.*, Adv. Pro. No. 09-01305 (BRL)

Dear Mr. Gross,

We write on behalf of Irving H. Picard, Esq. (the "Trustee"), in connection with the above referenced matter. On July 9, 2013, we wrote to you regarding the FINRA arbitration you commenced against Cohmad Securities Corporation, Maurice Cohn, and Richard Spring (the "Cohmad Defendants") seeking to recover monies lost through your BLMIS accounts.

As explained in our prior correspondence, we hope that you will agree to stay your action pending the outcome of the Trustee's action against the Cohmad Defendants. However, if we do not hear from you by July 22, 2013, we will have no choice but to move to enjoin your FINRA arbitration.

Please contact us at your earliest convenience to discuss this matter further.

Sincerely,

Oren J. Warshavsky

Enclosure

cc: Steven Paradise, Esq. (via email)
Kenneth Lipman, Esq. (via email)
Helen Chaitman, Esq. (via email)
Tatiana Markel, Esq. (via email)
Jessie A. Kuhn, Esq. (via email)

100203104.1



DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 9, 2013

VIA FIRST CLASS MAIL

direct dial: 212.589.4624
owarshavsky@bakerlaw.com

Mr. David Gross
7248 Ballantrae Court
Boca Raton, Florida 33496-1422

Re:   Picard v. Cohmad Securities Corp., et al., Adv. Pro. No. 09-01305 (BRL)

Dear Mr. Gross,

We write on behalf of Irving H. Picard, Esq. (the "Trustee"), in connection with the above referenced matter. We are informed that you commenced a FINRA arbitration against Cohmad Securities Corporation, Maurice Cohn, and Richard Spring (the "Cohmad Defendants") seeking to recover money lost through your BLMIS accounts.

In 2009, the Trustee brought an adversary proceeding against the Cohmad Defendants, among others (the "Cohmad Adversary Proceeding"). That action is pending before the Honorable Burton R. Lifland, U.S.B.J. Your action seeks to recover the same funds from the Cohmad Defendants as the Cohmad Adversary Proceeding. There have been several decisions issued in the BLMIS liquidation, including by the United States Court of Appeals for the Second Circuit, stating that such actions are improper because they allow the BLMIS customer to receive more than his or her fair share of the BLMIS estate. Because the law treats all BLMIS customers as similarly situated, courts have granted the Trustee injunctions against BLMIS customers who have brought such third party actions.

The Court has previously entered orders enjoining other BLMIS customers that brought actions against the Cohmad Defendants. The Trustee has been able to reach an agreement with many of the parties to stay their actions pending the outcome of the Cohmad Adversary Proceeding. We hope to reach a similar agreement with you. This means that you do not have to forgo your claims, but merely wait until the Cohmad Adversary Proceeding ends.

If we cannot reach such an agreement with you, we will have no choice but to proceed against



**DAVID GROSS**
**7248 BALLANTRAE CT.**
**BOCA RATON, FL 33496**

Please contact us at your earliest convenience to discuss this matter further.

Sincerely,

Oren J. Warshavsky

cc: Helen Davis Chaitman, Esq. (via e-mail)
    Steven Paradise, Esq. (via e-mail)
    Kenneth Lipman, Esq. (via e-mail)
    Tatiana Markel, Esq. (via e-mail)
    Jessie Kuhn, Esq. (via e-mail)

Please contact us at your earliest convenience to discuss this matter further.

Sincerely,

Oren J. Warshavsky

cc: Helen Davis Chaitman, Esq. (via e-mail)
Steven Paradise, Esq. (via e-mail)
Kenneth Lipman, Esq. (via e-mail)
Tatiana Markel, Esq. (via e-mail)
Jessie Kuhn, Esq. (via e-mail)



**DAVID GROSS
7248 BALLANTRAE CT.
BOCA RATON, FL 33496**

300293104.1

Sent from my LG Optimus G™, an AT&T 4G LTE smartphone

------ Original message ------
From: Network For Investor Action
Date: 10/22/2015 2:02 PM
To: davidgross63@gmail.com;
Subject: NIAP: Daily News 10-22-15

*[Handwritten annotations:]*
DAVID GROSS
IRMA GROSS
ACCOUNT # 1-CM 404-3-0

DAVID GROSS IRA
ACCOUNT 1-CM 302-3-0

PLEASE INCLUDE ABOVE ACCOUNTS

## NIAP
### Network for Investor Action and Protection

**Daily News Clips**
**October 22nd, 2015**

### NBC New York

#### Madoff Trustee: Allowable Claims Under $1.1 Million to Be All Paid

The trustee recovering money lost by investors with imprisoned financier Bernard Madoff has reported a new milestone, saying a new distribution will mean allowable claims of $1.1 million or less will have been fully reimbursed. Trustee Irving Picard made the announcement Tuesday as he asked a U.S. Bankruptcy Court judge to approve a $1.18 billion distribution to investors.

### ABC News

#### More Money Coming to Madoff Victims

The new headline tonight about Bernie Madoff. The mathser mind of the largest Ponzi scheme in U.S. History. Wiping off the savings of thousands of victims. And many getting their money now back. Brian Ross on where they recovered so much of that money. Reporter: When Bernie Madoff's massive Ponzi scheme was exposed almost seven years ago, his wiped-out investors held out little hope of getting any of their money back. You jerk, you know? How could you,



**DAVID GROSS**
**7248 BALLANTRAE CT.**
**BOCA RATON, FL 33496**

561-483-4543