**quinn emanuel** trial lawyers | los angeles

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7444**

WRITER'S INTERNET ADDRESS
**robertloigman@quinnemanuel.com**

December 8, 2015

**BY ECF, CHAMBER'S EMAIL, AND HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court,
Southern District of New York
One Bowling Green
New York, New York 10006

Re: *SIPC v. Bernard L. Madoff Inv. Secs. LLC*, No. 08-1789 (SMB), *Picard v. Ceretti, et al.*, Adv. Proc. No. 09-1161 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

We represent the Joint Liquidators of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (the "Kingate Funds"), and write in response to the December 2, 2015 letter from the Trustee's counsel requesting a conference with the Court. In the letter, the Trustee asserts that the Kingate Funds have refused to produce documents that contain confidential shareholder information. That is not accurate. To the contrary, the Joint Liquidators are now seeking directions from the BVI Court to produce the very documents requested by the Trustee.

As the Trustee knows, the Joint Liquidators are court-appointed officials, who are subject to the supervision of the BVI Court and charged with the liquidation of the Kingate Funds. The Kingate Funds were placed into liquidation shortly after commencement of this SIPA proceeding because they invested nearly all of their assets in BLMIS. The Kingate Funds are victims of Madoff's fraud and substantial "net losers" under the Trustee's methodology.

Many of the Trustee's document requests call for the Kingate Funds to produce documents that contain confidential personal information about the Funds' shareholders, including names, addresses, account numbers, and other information. The Trustee does not dispute that. As fiduciaries who are subject to BVI law, the Joint Liquidators are properly concerned that, if they produce such information to the Trustee, they will be held accountable for breaching (a) confidentiality obligations under BVI law, which restrict the disclosure of such information to third parties, and (b) provisions in the Kingate Funds' agreements with their shareholders pursuant to which the Funds agreed to maintain the confidentiality of such information.

As the Joint Liquidators indicated to the Trustee—before the Trustee submitted his letter seeking a discovery conference—the Joint Liquidators are now taking steps to obtain directions from the BVI Court so that they *can* produce such information to the Trustee. Specifically, on November 30, 2015, the Joint Liquidators filed an application with the BVI Court requesting authority to produce the documents to the Trustee. The Joint Liquidators' counsel in BVI is taking steps to expedite the BVI Court's consideration of that application.

While the Joint Liquidators dispute many of the Trustee's assertions regarding the relevance and confidentiality of the requested documents, the Joint Liquidators have nonetheless sought directions to produce the documents to the Trustee to avoid the need for time consuming and expensive motion practice. At the same time, if the Joint Liquidators were to produce the requested information to the Trustee *before* obtaining authorization from the BVI Court, they would be exposing both the Kingate Funds and themselves to liability were that court to determine that they had breached confidentiality restrictions. The only sensible course of action under such circumstances was to seek directions from the BVI Court and, in the event directions are issued permitting production of the documents—as the Joint Liquidators have requested—to then produce the documents without risking sanctions for doing so. The Trustee's implicit suggestion that the Kingate Funds should be compelled to produce the documents is thus without basis and premature.

As we have advised the Trustee's counsel, while the application is pending before the BVI Court, the Kingate Funds will produce to the Trustee those documents in its possession that do not risk disclosure of confidential shareholder information. We expect the Funds will begin producing these documents before the conference with the Court. This will be in addition to the approximately 7000 pages that the Funds produced to the Trustee in response to earlier discovery requests. Likewise, the Funds have also submitted an application to the Bermuda Court to enable their production of a different set of documents (which are not at issue in the Trustee's December 2 letter). These documents were produced to the Funds by various parties, including the manager defendants, in connection with proceedings that the Funds commenced against those parties in Bermuda. Pursuant to rules applicable to actions in Bermuda, the Funds are not free to turn those documents over to the Trustee. Yet, in an effort to make these documents available to the Trustee, the Funds have requested leave from the Bermuda Court to do so.

In any event, we understand that the Court has granted the Trustee's request for a conference, and that the conference is now scheduled for December 17, 2015, at 3:00 p.m. For the reasons noted above, and as we will explain in further detail at the conference, we respectfully submit that the Joint Liquidators already have taken the appropriate steps to preclude the need for any discovery motions with respect to their production.

Respectfully submitted,

/s/ Robert S. Loigman
Robert S. Loigman

cc:    Counsel for Trustee (via ECF and email)