Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone: 202-371-8300
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, ) | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, ) | SIPA Liquidation |
| v. ) | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, ) | |
| Defendant ) | |
| IN RE: ) | |
| BERNARD L. MADOFF, ) | |
| Debtor ) | |

**RECOMMENDATION OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF APPLICATION OF OSBORNE & OSBORNE, P.A., FOR**
**A RELEASE OF A PORTION OF FEES PREVIOUSLY HELD FOR THE**
**PRIOR COMPENSATION PERIODS**

Osborne & Osborne, P.A. ("Osborne" or "Counsel"), Special Counsel to Irving H. Picard,

Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of

08-01789-cgm   Doc 12207   Filed 12/09/15   Entered 12/09/15 12:44:25   Main Document
Pg 2 of 4

Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff

("Madoff"), has filed its Application ("Application") for a release of a portion of the previously

held back legal fees ("Holdback") as interim compensation under the Securities Investor

Protection Act, 15 U.S.C. section 78eee et seq. ("SIPA).  Pursuant to section 5(b)(5)(C) of SIPA,

15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Application.

The grounds for this recommendation are as follows:

1.      The Application seeks a release of a portion of the Holdback.  The amount of

Holdback for Osborne is $535.41.  Osborne seeks a release of Holdback in the amount of

$176.69.    The Application does not seek an allowance of interim compensation nor

reimbursement of expenses for the period of April 1, 2015 through July 31, 2015.

2.      SIPC, by its staff, has carefully evaluated the Application for a release of a

portion of the Holdback.  In reviewing the Application, SIPC considered the requirements and

standards for an application set forth in 15 U.S.C. §78eee (b)(5), the relevant sections of the

Bankruptcy Code, and the Administrative Order re Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases.  SIPC

believes that the application substantially complies with the applicable law and this District's

Administrative Order.

3.      Generally, SIPC has no objection to the release of a portion of the Holdback for

prior Compensation Periods, as the Court may deem appropriate once the liquidation proceeding

has progressed to a point where operational and significant work has been performed, and upon

consideration of the potential hardship to the applicant.  In this liquidation proceeding, Osborne

has performed significant work in the claims and liquidation processes, and substantial progress

has been achieved.

4.      Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court

shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney

for such a trustee, in connection with a liquidation proceeding."  SIPA §5(b)(5)(C), 15 U.S.C.

§78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for

allowances of compensation and reimbursement in SIPA cases.  The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B),
> SIPC shall file its recommendation with respect to such allowances with the court
> prior to the hearing on such application and shall, if it so requests, be allowed
> reasonable time after such hearing within which to file a further recommendation.
> In any case in which such allowances are to be paid by SIPC without reasonable
> expectation of recoupment thereof as provided in this chapter and there is no
> difference between the amounts requested and the amounts recommended by
> SIPC, the court shall award the amounts recommended by SIPC.  In determining
> the amount of allowances in all other cases, the court shall give due consideration
> to the nature, extent, and value of the services rendered, and shall place
> considerable reliance on the recommendation of SIPC. [emphasis added].

5.      In a SIPA proceeding, administrative costs and expenses, which include trustee

and counsel fees and expenses, are to be borne by the general estate.  SIPA §5(b)(5)(E), 15

U.S.C. §78eee(b)(5)(E).  To the extent the estate is not sufficient, SIPC advances funds for their

payment.  SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-

3(b)(2).

6.      In this case, the Court has been advised that the Trustee has "no reasonable

expectation that the general estate will be sufficient to make any distribution to general creditors

or pay any administrative expenses."  (Nineteenth Application of Trustee and Baker & Hostetler

LLP at 84, ¶290.)  Thus, any allowances for fees and expenses of Counsel will be paid by SIPC

without any recoupment by SIPC.  Furthermore, there is no difference between the amount

requested by Counsel and the amount recommended by SIPC.  Consequently, SIPA provides that

this Court shall award Counsel the amount recommended by SIPC.

3

7.      Resolution of the matters set forth in paragraph 1 above will delay the completion

of this proceeding.  SIPC respectfully submits that a release of a portion of the Holdback is

appropriate at this time in order to avoid undue hardship.  An interim allowance does not involve

a determination as to the actual reasonable value of the services in question.  It is merely a

payment on account of the final allowance and does not imply that the Court or SIPC has

approved the value which Osborne has placed on its services.  The amount sought does not

exceed the sum the Court might reasonably award as final compensation for the services

rendered. Accordingly, SIPC supports the Application.

WHEREFORE, SIPC respectfully recommends that a release of a portion of the

Holdback for prior Compensation Periods in the amount of $176.69, as sought by Counsel, be

allowed.

Respectfully submitted,


Of Counsel:                                    __/s/Josephine Wang_____
KEVIN H. BELL                                  JOSEPHINE WANG
Senior Associate General Counsel               General Counsel
 For Dispute Resolution                        SECURITIES INVESTOR
E-mail: kbell@sipc.org                          PROTECTION CORPORATION
                                               1667 K Street, N.W., Suite 1000
                                               Washington, D.C.  20006
                                               Telephone: (202) 371-8300
                                               Facsimile:  (202) 223-1679
                                               E-mail: jwang@sipc.org


Date:  December 9, 2015
       Washington, D.C.