# BakerHostetler

Baker&Hostetler LLP

PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

James H. Rollinson
direct dial: 216.861.7075
jrollinson@bakerlaw.com

December 9, 2015

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408

Re:   Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC,
      Adv. Pro. No. 08-01789 (SMB) — Picard v. Shapiro, et al., Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), in his capacity as the trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff (the "Liquidation Proceeding") in the above-referenced adversary proceeding (the "Adversary Proceeding") against Stanley Shapiro and certain members of his family (the "Defendants").  On November 25, 2015, this Court issued a Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss the Trustee's Second Amended Complaint (the "Decision" (Liquidation Proceeding, ECF No. 12130)), and directing the parties to settle an order implementing the Decision.  Pursuant to Local Bankruptcy Rule 9074-1, the parties are required, within fourteen days of the issuance of the Decision, to submit a proposed order.  Counsel for the respective parties have met and conferred in good faith to try to prepare a proposed order to jointly submit for the Court's consideration.  Although we agree on most points, we disagree on three areas.  We enclose herewith a proposed order on behalf of the Trustee (the "Trustee's Proposed Order").

The first area of dispute concerns whether the Court concluded in the Decision that the Trustee has alleged sufficient facts in the Second Amended Complaint (the "SAC") to impute Stanley

Honorable Stuart M. Bernstein
December 9, 2015
Page 2

Shapiro's knowledge to his two children, David Shapiro and Leslie Shapiro Citron, in connection with the two BLMIS accounts (Nos. 1SH028 and 1SH030) held by trusts respectively established for their benefit (the "David Trust" and the "Leslie Trust"). The Trustee submits that the Court reached this very conclusion. *See, e.g.,* Decision at 22 ("The SAC alleges facts supporting the conclusion that Stanley was the agent with respect to each of the Core Accounts.") and at 23 ("Other allegations add additional support to the conclusion that Stanley was the agent for the holders of S&R, Leslie Trust and David Trusts."). *See* Trustee's Proposed Order at ¶¶ 5(b)&(c), 7(d)&(e).

The parties dispute whether the Court concluded that the Trustee must determine and allow the two customer claims filed on behalf the Children's Trusts (the "Customer Claims"). As a threshold matter, the determination of the Customer Claims is subject to the Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Approving Other Relief (the "Claims Procedure Order" (Liquidation Proceeding, ECF No. 12)). The Claims Procedures Order, *inter alia*, authorizes the Trustee to satisfy, within the limits provided by SIPA, customer claims which agree with the books and records of BLMIS, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. § 78fff-2(b), *provided that the Trustee believes that no reason exists for not satisfying such claims and accounts. (Id.* at 5). The Defendants' notion that the Trustee should be required to allow and satisfy the Customer Claims at this stage is inappropriate as it disregards the Claims Procedures Order and attempts to supplant the authority and discretion granted to the Trustee under that order. *See* Trustee's Proposed Order at ¶ 11. Moreover, each Customer Claim seeks the value or the securities reflected on the last account statement.

Further, the Trustee alleges in the SAC that Stanley and Renee Shapiro largely, if not completely, funded these particular accounts (Nos. 1C1345 (formerly 1C1327) and 1S0540) largely, if not completely, with subsequent transfers of fictitious profits they received in connection with their BLMIS accounts. *See* SAC at ¶¶ 43, 46. Moreover, the Trustee has abundant evidence supporting this allegation, such as numerous cancelled checks (in the amount of either $10,000 or $12,000) from the Shapiros' personal checking account as well as a letter from Kenneth Citron supplementing one of the Customer Claims in which he identifies that the source of the funds deposited with BLMIS were a series of gifts (the amount of $10,000 and $12,000). In the Decision, the Court specifically dismissed the Trustee's subsequent transferee claim (Count VIII of the SAC) "without prejudice", thereby providing the Trustee with the opportunity to reassert this claim either during or after the close of discovery.

Finally, the parties disagree on whether the Court dismissed all claims, outside of the subsequent transfer claim, with prejudice. This is unlikely given that the Federal Rules of Civil Procedure provide that unless an order of dismissal states otherwise, the dismissal is without prejudice. *See, e.g.,* Fed. R. Civ. P. 41(a)(2). Nevertheless, we request that the Court clarify this last area.

Honorable Stuart M. Bernstein
December 9, 2015
Page 3

We respectfully request a hearing before Your Honor should Your Honor have any questions regarding the Trustee's proposed order.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ James H. Rollinson
PNC Center
1900 E. 9thh Street, Suite 3200
Cleveland, Ohio 44114
Telephone:  216.861.7075
Facsimile:  216.696.0740
James H. Rollinson
Email:  jrollinson@bakerlaw.com

and

45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Fernando A. Bohorquez, Jr.
Email:  fbohorquez@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>STANLEY SHAPIRO, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**[PROPOSED] ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS
THE TRUSTEE'S SECOND AMENDED COMPLAINT**

On August 28, 2014, Defendants Stanley Shapiro and Renee Shapiro, individually, as general partners of S&R Investment Co. ("S&R"), as trustees of the LAD Trust, as trustees of the David Shapiro 1989 Trust, as amended (the "David Trust"), and as trustees of the Leslie Shapiro 1985 Trust, as amended (the "Leslie Trust"), S&R, the LAD Trust, the David Trust, the Leslie Trust, David Shapiro, individually and as trustee of the Trust F/B/O [W.P.S.] & [J.G.S.] (the "Shapiro Children's Trust"), Rachel Shapiro, the Shapiro Children's Trust, Leslie Shapiro Citron

and Kenneth Citron, individually and as trustees of the Trust F/B/O [A.J.C], [K.F.C.] & [L.C.C.] (the "Citron Children's Trust," and together with the Shapiro Children's Trust, the "Children's Trusts"), and the Citron Children's Trust (collectively, the "Defendants") filed a motion (the "Motion to Dismiss") (ECF No. 37), together with a memorandum and a declaration in support (ECF Nos. 38 & 39), wherein they moved to dismiss all eleven (11) counts of the Second Amended Complaint (ECF No. 33) of Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff, individually (the "Liquidation Proceedings"). The Trustee opposed the Motion to Dismiss on October 23, 2014 (ECF No. 40). On December 1, 2014, the Defendants filed a reply in support of the Motion to Dismiss (ECF No. 43). This Court heard the Motion to Dismiss on March 5, 2015.

On November 25, 2015, this Court entered a Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss the Trustee's Second Amended Complaint (the "Decision") (Liquidation Proceedings, ECF No. 12130), wherein the Court largely denied the Motion to Dismiss with respect to Count I, granted in part and denied in part the Motion to Dismiss with respect to Counts II through VII, and granted the Motion to Dismiss with respect to Counts VIII through XI.

For the reasons set forth in the Decision, which is incorporated herein and made a part of hereof, it is hereby ORDERED that:

1. As to **Count I**, the Motion to Dismiss is **DENIED** with respect to:

   (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received on or after December 11, 2006 in connection with Account No. 1SH014 (formerly

2

   103013), totaling $2,300,000, and Account No. 1SH172, totaling $5,340,000;

  (b) David Shapiro, individually, with respect to transfers of fictitious profits he received on or after December 11, 2006 in connection with Account No. 1S0306 (formerly 1SH027 and 103047), totaling $1,014,121;

  (c) Leslie Citron Shapiro, individually, with respect to transfers of fictitious profits she received on or after December 11, 2006 in connection with Account No. 1SH171, totaling $678,304; and

  (d) Leslie Shapiro Citron and Kenneth Citron, individually and jointly, with respect to transfers of fictitious profits they received on or after December 11, 2006 in connection with Account No. 1C1251 (formerly 1SH029), totaling $143,000;

2. As to **Count I**, the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** with respect to Leslie Shapiro Citron and Kenneth Citron, individually and jointly, with respect to transfers of principal they received on or after December 11, 2006 in connection with Account No. 1C1251, totaling $7,000.

3. As to **Count II**, the Motion to Dismiss is **DENIED** with respect to S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received on or after December 11, 2006 in connection with Account No. 1SH014, totaling $2,300,000, and Account No. 1SH172, totaling $5,340,000;

4. As to **Count II**, the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** with respect to:

  (a) David Shapiro, individually, with respect to all transfers he received on or after December 11, 2006 in connection with Account No. 1S0306;

  (b) Leslie Shapiro Citron, individually, with respect to all transfers she received on or after December 11, 2006 in connection with Account No. 1SH171; and

  (c) Leslie Shapiro Citron and Kenneth Citron, individually, with respect to all transfers they received on or after December 11, 2006 in connection with Account No. 1C1251;

5. As to **Counts III through VI**, the Motion to Dismiss is **DENIED** with respect to:

  (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers received on or after

3

   December 11, 2002 in connection with Account No. 1SH014, totaling $17,350,000, and Account No. 1SH172, totaling $10,240,000;

 (b) The David Trust, Stanley Shapiro and Renee Shapiro, as trustees of the David Trust, and David Shapiro with respect to all transfers received on or after December 11, 2002 in connection with Account No. 1SH028, totaling $1,420,000; and

 (c) The Leslie Trust, Stanley Shapiro and Renee Shapiro, as trustees of the Leslie Trust, and Leslie Shapiro Citron with respect to all transfers received on or after December 11, 2002 in connection with Account No. 1SH030, totaling $2,170,000;

6. As to **Counts III through VI**, the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** with respect to:

 (a) David Shapiro, individually, with respect to all transfers he received on or after December 11, 2002 in connection with Account No. 1S0306;

 (b) Leslie Shapiro Citron, individually, with respect to all transfers she received on or after December 11, 2002 in connection with Account No. 1SH171; and

 (c) Leslie Shapiro Citron and Kenneth Citron, individually, with respect to all transfers they received on or after December 11, 2002 in connection with Account No. 1C1251;

7. As to **Count VII**, the Motion to Dismiss is **DENIED** with respect to:

 (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received in connection with Account Nos. 103009, 103039, 103058, 103069, 1SH014 (formerly 103013), and 1SH172;

 (b) Stanley Shapiro, individually and as trustee of the Stanley Shapiro Trust, with respect to all transfers he received in connection with Accounts Nos. 103033 (formerly 103043) and 103047;

 (c) The LAD Trust, Stanley Shapiro and Renee Shapiro, as trustees of the LAD Trust, David Shapiro, and Leslie Shapiro Citron with respect to all transfers received in connection with Account No. 103012 (formerly 103034);

 (d) The David Trust, Stanley Shapiro and Renee Shapiro, as trustees of the David Trust, and David Shapiro with respect to all transfers received in

4

    connection with Account Nos. 1SH027 (formerly 103047) and 1SH028 (formerly 103065);

    (e)    The Leslie Trust, Stanley Shapiro and Renee Shapiro, as trustees of the Leslie Trust, and Leslie Shapiro Citron with respect to all transfers received in connection with Account Nos. 1SH029 (formerly 103046) and 1SH030 (formerly 103066); and

    (f)    Stanley Shapiro and Renee Shapiro, as custodians of David Shapiro and Leslie Shapiro, David Shapiro, and Leslie Shapiro Citron with respect to all transfers received in connection with Account Nos. 103029 (formerly 103048) and 103046;

8. As to **Count VII**, the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** with respect to:

    (a)    David Shapiro, individually, with respect to all transfers received in connection with Account No. 1S0306;

    (b)    Leslie Shapiro Citron, individually, with respect to all transfers she received in connection with Account No. 1SH171; and

    (c)    Leslie Shapiro Citron and Kenneth Citron, individually, with respect to all transfers they received in connection with Account No. 1C1251;

9. As to **Count VIII,** the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE;**

10. As to **Counts IX, X, and XI,** the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE;**

11. The Trustee is authorized to determine, within the limits of SIPA and pursuant to the Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Approving Other Relief (Liquidation Proceeding, ECF No. 12), those portions of the Customer Claims #005656 and #005116, if any, and Accounts Nos. 1S0540 and 1C1345 (formerly 1C1327), which agree with the books and records of BLMIS, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. §78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying such claims and accounts;

12. Since all claims against Rachel Shapiro and the Children's Trusts have been dismissed, the caption will be amended to reflect their dismissal from this matter;

5

13. Defendants Stanley Shapiro, Renee Shapiro, S&R, the LAD Trust, the David Trust, the Leslie Trust, David Shapiro, Leslie Shapiro Citron, and Kenneth Citron (collectively, the "Remaining Defendants") must file their answers to the Second Amended Complaint within thirty (30) days of this Order; and

14. The Trustee and the Remaining Defendants must comply with Federal Rule of Civil Procedure 26(f) and schedule a conference with the Court no later than sixty (60) days of this Order.

Dated: December ___, 2015
      New York, New York

                                                 HONORABLE STUART M. BERNSTEIN
                                                 UNITED STATES BANKRUPTCY JUDGE