

LAX & NEVILLE LLP
BARRY R. LAX
BRIAN J. NEVILLE

SANDRA P. LAHENS
RAQUEL KRAUS

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

December 9, 2015

**VIA FEDERAL EXPRESS**

Hon. Stuart Bernstein
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Courtroom 723
New York, NY 10004-1408

      Re:    *Picard vs. Stanley Shapiro et al.*
               *Adv. Pro. No. 10-ap-5383*

Your Honor:

      This firm represents Defendants Stanley Shapiro, individually, as general partner of S&R Investment Co., as trustee for LAD Trust, as trustee for David Shapiro 1989 Trust, as amended, and as trustee for Leslie Shapiro 1985 Trust, as amended, Renee Shapiro, individually, as general partner of S&R Investment Co., as trustee for LAD Trust, as trustee for David Shapiro 1989 Trust, as amended, and as Trustee for Leslie Shapiro 1985 Trust, as amended, S&R Investment Co., LAD Trust, David Shapiro, individually and as trustee for Trust F/B/O [W.P.S.] & [J.G.S.], Rachel Shapiro, David Shapiro 1989 Trust, Trust F/B/O [W.P.S.] & [J.G.S.], Leslie Shapiro Citron, Leslie Shapiro 1985 Trust, Trust F/B/O [A.J.C.], [K.F.C.], and [L.C.C.], as amended, and Kenneth Citron, individually and as trustee for Trust F/B/O [A.J.C.], [K.F.C.], and [L.C.C.], as amended, (collectively referred to herein as "Defendants") in the above referenced adversary proceeding. Pursuant to the Court's Memorandum Decision dated November 25, 2015 (the "Decision") regarding Defendants' Motion to Dismiss, enclosed please find Defendants' Proposed Counter-Order. Counsel for the respective parties have met and conferred in good faith and are submitting separate Proposed Orders as we have been unable to reach agreement on several aspects of the Proposed Order.

      i.    **Counts II through VII**

      The Court dismissed Leslie Shapiro Citron, David Shapiro and Kenneth Citron from Counts II through VII of the Second Amended Complaint ("SAC") when it stated the following on page 30 of its Decision: **"[t]he motion to dismiss Counts II through VII is granted as to the Citrons, Leslie and David but is otherwise denied."** This ruling is unambiguous and dispositive for these three defendants. Regardless, Irving H. Picard, the trustee ("Trustee"), is refusing to incorporate the Court's well-reasoned decision in the Proposed Order. His Proposed Order includes Leslie Shapiro Citron and David Shapiro as defendants in Counts II through VII in direct contravention to the Decision. The Trustee argues that Stanley Shapiro's alleged knowledge is imputed to Leslie Shapiro Citron and David Shapiro through two trusts, the Leslie

1450 BROADWAY, 35TH FLOOR, NEW YORK, NY 10018   T: 212.696.1999, F: 212.566.4531
INTERNATIONAL SQUARE, 1875 EYE STREET, NW, SUITE 500, WASHINGTON, DC 20006   T: 202.792.0101

LAXNEVILLE.COM



Shapiro 1985 Trust (the "Leslie Trust") and the David Shapiro 1989 Trust (the "David Trust"). (*See* pages 1-2 of Trustee's letter dated December 9, 2015 (ECF No. 60)). However, the Court specifically stated that "[a]s trustee, [Stanley Shapiro's] knowledge is imputed to the trusts," not to these three individuals as they were dismissed from Counts II through VII (*See* pages 23 and 30 of Decision). Without seeking to amend the SAC, making a motion to re-argue, or sufficiently pleading that Leslie Shapiro Citron and David Shapiro, individually, received initial and/or subsequent transfers from the Leslie Trust and David Trust, the Trustee is attempting to overcome these significant legal hurdles through inappropriately naming these two defendants in Counts II through VII.

      **ii.**      **<u>Counts IX through XI</u>**

In page 2 of the Trustee's letter to this Court dated December 9, 2015 (ECF No. 60), the Trustee states that "[t]he Defendants' notion that the Trustee should be required to allow and satisfy the Customer Claims at this stage is inappropriate as it disregards the Claims Procedures Order and attempts to supplant the authority and discretion granted to the Trustee under that order." However, on page 42 of the SAC, the Trustee informed this Court that he was seeking "to have the contested and unresolved Customer Claim #13658 and the Related Account Customer Claims #005116 and #005656 adjudicated in this proceeding." Therefore, it was the Trustee that consented to, and requested, this Court's adjudication and jurisdiction over the resolution of these Customer Claims. Now that Counts IX through XI have been decided against him, he cannot take a second bite at the apple.

The Court conducted an in-depth analysis of the three Customer Claims based on the allegations contained in the SAC, and determined that as pled in the SAC, two of the accounts at issue which belong to the Children's Trusts had positive net equity, received no inter-account transfers and were not funded with other customers' money. (*See* pages 32-33 of the Decision). The Court also ruled that the SAC fails to allege that Kenneth Citron and David Shapiro, in their capacities as trustees of the Citron Children's Trust and the Shapiro Children's Trust, respectively, had actual knowledge of or were willfully blind to the BLMIS fraud. *Id.* Therefore, in accordance with *Merkin*, those two accounts should receive SIPA insurance because "unless the customer lacked title to the property entrusted to the broker-dealer because of the customer's fraud or for another reason, there is no basis in equity to disallow his right to his property in a SIPA proceeding." (*See* page 33 of the Decision).

The third customer claim attributed to the Citrons' Account No. 1C1251, customer claim #013658, should be decided through the claims procedure process as the Court did not make any determination regarding that claim from the allegations pled in the SAC. Even though the Court stated "the claim appears to be subject to disallowance on the separate ground that it has negative net equity," it also stated, "[t]o the extent, however, that a positive net equity is attributed to the Citrons' account as a result of the receipt of funds derived without Citrons' knowledge from other customers, the Trustee has not cited any authority to support his argument that their customer claim should be disallowed under equitable principles arising from SIPA." (*See* page 34 of the Decision). Therefore, should the Citrons' account have positive net equity, customer claim #013658 should be allowed, entitled to restitution of principal investments, and entitled to equitable distribution from the BLMIS estate under § 502(b)(1) of the Bankruptcy Code and under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. *Id.*



### iii. Prejudice/Without Prejudice Determination

In its Decision, the Court ruled that "Count VIII is dismissed without prejudice." (*See* page 32 of Decision). Despite the fact that this was the *only* Count that the Court dismissed "without prejudice," the Trustee's Proposed Order inaccurately states that *each* dismissed Count was "without prejudice." If the Court wanted every Count to be dismissed "without prejudice," it would have so stated.

### iv. Complete Disposition of Counts I and II

The Trustee asserted Counts I and II of the SAC against all of the Defendants he identified as "Initial Transferees," including the Leslie Trust and the David Trust. However, pursuant to Exhibit B of the SAC, those two Defendants did not receive any transfers on or after December 11, 2006 in connection with Account Nos. 1SH028 (formerly 103065) and 1SH030 (formerly 103066). Therefore, for clarity and certainty, Defendants included the following Finding in their Proposed Order as to the fact that Counts I and II are no longer being asserted against two of the "Initial Transferee" Defendants, the Leslie Trust and the David Trust: "the Court finds that the Leslie Trust and the David Trust did not receive any transfers on or after December 11, 2006 in connection with Account Nos. 1SH028 (formerly 103065) and 1SH030 (formerly 103066)."

We are available for a hearing before your Honor in order to address any of the outstanding issues. Thank you.

Respectfully Submitted,

*/s/ Barry R. Lax*
Barry R. Lax
Brian J. Neville
LAX & NEVILLE LLP
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: (212) 696-1999
Facsimile: (212) 566 – 4531

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>               Plaintiff,<br><br>          v.<br><br>STANLEY SHAPIRO, *et al.*,<br><br>               Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**[PROPOSED] ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS
THE TRUSTEE'S SECOND AMENDED COMPLAINT**

On August 28, 2014, Defendants Stanley Shapiro and Renee Shapiro, individually, as general partners of S&R Investment Co. ("S&R"), as trustees of the LAD Trust, as trustees of the David Shapiro 1989 Trust, as amended (the "David Trust"), and as trustees of the Leslie Shapiro 1985 Trust, as amended (the "Leslie Trust"), S&R, the LAD Trust, the David Trust, the Leslie Trust, David Shapiro, individually and as trustee of the Trust F/B/O [W.P.S.] & [J.G.S.] (the "Shapiro Children's Trust"), Rachel Shapiro, the Shapiro Children's Trust, Leslie Shapiro Citron

and Kenneth Citron, individually and as trustees of the Trust F/B/O [A.J.C], [K.F.C.] & [L.C.C.] (the "Citron Children's Trust," and together with the Shapiro Children's Trust, the "Children's Trusts"), and the Citron Children's Trust (collectively, the "Defendants") filed a motion (the "Motion to Dismiss"), together with a memorandum and a declaration in support (ECF Nos. 37, 38 & 39), wherein they moved to dismiss all eleven (11) counts of the Second Amended Complaint (ECF No. 33) of Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually (the "Liquidation Proceedings"). The Trustee opposed the Motion to Dismiss on October 23, 2014 (ECF No. 40). On December 1, 2014, the Defendants filed a reply in support of the Motion to Dismiss (ECF No. 43). This Court heard the Motion to Dismiss on March 5, 2015.

On November 25, 2015, this Court entered a Memorandum of Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss the Trustee's Second Amended Complaint (the "Decision") (Liquidation Proceedings, ECF No. 12130), wherein the Court largely denied the Motion to Dismiss with respect to Count I, granted in part and denied in part the Motion to Dismiss with respect to Counts II through VII, and granted the Motion to Dismiss with respect to Counts VIII through XI.

For the reasons set forth in the Decision, which is incorporated herein and made a part of hereof, it is hereby ORDERED and FOUND that:

    1.    As to **Count I**, the Motion to Dismiss is **DENIED WITH PREJUDICE** with respect to:

        (a)    S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received on or after

2

    December 11, 2006 in connection with Account No. 1SH014 (formerly 103013), totaling $2,300,000, and Account No. 1SH172, totaling $5,340,000;

  (b) David Shapiro, individually, with respect to transfers of fictitious profits he received on or after December 11, 2006 in connection with Account No. 1S0306 (formerly 1SH027 and 103047), totaling $1,014,121;

  (c) Leslie Citron Shapiro, individually, with respect to transfers of fictitious profits she received on or after December 11, 2006 in connection with Account No. 1SH171, totaling $678,304; and

  (d) Leslie Shapiro Citron and Kenneth Citron, jointly, with respect to transfers of fictitious profits they received on or after December 11, 2006 in connection with Account No. 1C1251 (formally 1SH029), totaling $143,000;

2. As to **Count I**, the Motion to Dismiss is **GRANTED WITH PREJUDICE** with respect to:

  (a) David Shapiro, individually, with respect to transfers of principal he received on or after December 11, 2006 in connection with Account No. 1S0306;

  (b) Leslie Citron Shapiro, individually, with respect to transfers of principal she received on or after December 11, 2006 in connection with Account No. 1SH171; and

  (c) Leslie Shapiro Citron and Kenneth Citron, jointly, with respect to transfers of principal they received on or after December 11, 2006 in connection with Account No. 1C1251, totaling $7,000;

3. As to **Count I**, the Court finds that the Leslie Trust and the David Trust did not receive any transfers on or after December 11, 2006 in connection with Account Nos. 1SH028 (formerly 103065) and 1SH030 (formerly 103066).

4. As to **Count II**, the Motion to Dismiss is **DENIED** with respect to:

  (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received on or after December 11, 2006 in connection with Account No. 1SH014, totaling $2,300,000, and Account No. 1SH172, totaling $5,340,000;

5. As to **Count II**, the Motion to Dismiss is **GRANTED WITH PREJUDICE** with respect to:

3

   (a) David Shapiro, Leslie Citron Shapiro, and Kenneth Citron.

6. As to **Count II**, the Court finds that the Leslie Trust and the David Trust did not receive any transfers on or after December 11, 2006 in connection with Account Nos. 1SH028 (formerly 103065) and 1SH030 (formerly 103066).

7. As to **Counts III** through **VI**, the Motion to Dismiss is **DENIED** with respect to:

  (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received on or after December 11, 2002 in connection with Account No. 1SH014, totaling $17,350,000, and Account No. 1SH172, totaling $10,240,000;

  (b) The David Trust, Stanley Shapiro and Renee Shapiro, as trustees of the David Trust, with respect to all transfers they received on or after December 11, 2002 in connection with Account No. 1SH028 (formerly 103065), totaling $1,420,000; and

  (c) The Leslie Trust, Stanley Shapiro and Renee Shapiro, as trustees of the Leslie Trust, with respect to all transfers they received on or after December 11, 2002 in connection with Account No. 1SH030 (formerly 103066), totaling $2,170,000.

8. As to **Counts III** through **VI**, the Motion to Dismiss is **GRANTED WITH PREJUDICE** with respect to:

  (a) David Shapiro, Leslie Citron Shapiro, and Kenneth Citron.

9. As to **Count VII**, the Motion to Dismiss is **DENIED** with respect to:

  (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received in connection with Account Nos. 103009, 103039, 103058, 103069, 1SH014 (formerly 103013), and 1SH172;

  (b) Stanley Shapiro, individually and as trustee of the Stanley Shapiro Trust, with respect to all transfers he received in connection with Accounts Nos. 103033 (formerly 103043) and 103047;

  (c) The LAD Trust, Stanley Shapiro and Renee Shapiro, as trustees of the LAD Trust, with respect to all transfers they received in connection with Account No. 103012 (formerly 103034);

  (d) The David Trust, Stanley Shapiro and Renee Shapiro, as trustees of the David Trust, with respect to all transfers they received in connection with Account Nos. 1SH027 (formerly 103047) and 1SH028 (formerly 103065);

    (e)    The Leslie Trust, Stanley Shapiro and Renee Shapiro, as trustees of the Leslie Trust, with respect to all transfers they received in connection with Account Nos. 1SH029 (formerly 103046) and 1SH030 (formerly 103066); and

    (f)    Stanley Shapiro and Renee Shapiro, as custodians of David Shapiro and Leslie Shapiro, with respect to all transfers they received in connection with Account Nos. 103029 (formerly 103048) and 103046;

10. As to **Count VII**, the Motion to Dismiss is **GRANTED WITH PREJUDICE** with respect to:

    (a)    David Shapiro, Leslie Citron Shapiro, and Kenneth Citron.

11. As to **Count VIII,** the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE;**

12. As to **Counts IX, X, and XI**, the Motion to Dismiss is **GRANTED WITH PREJUDICE;**

13. Customer claims #005656 and #005116 are allowed, entitled to restitution of principal investments, and entitled to equitable distribution from the BLMIS estate under § 502(b)(1) of the Bankruptcy Code and under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. To the extent that a positive net equity is attributed to the Citrons' Account No. 1C1251, customer claim #013658 is allowed, entitled to restitution of principal investments, and entitled to equitable distribution from the BLMIS estate under § 502(b)(1) of the Bankruptcy Code and under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*.

14. Since all claims against Rachel Shapiro and the Children's Trusts have been dismissed, the caption will be amended to reflect the dismissal of Rachel Shapiro and the Children's Trusts as Defendants in this matter;

15. Defendants Stanley Shapiro, Renee Shapiro, S&R, the LAD Trust, the David Trust, the Leslie Trust, David Shapiro, Leslie Shapiro Citron, and Kenneth Citron (collectively, the "Remaining Defendants") must file their answers to the Second Amended Complaint within thirty (30) days of this Order; and

16. The Trustee and the Remaining Defendants must comply with Federal Rule of Civil Procedure 26(f) and schedule a conference with the Court no later than sixty (60) days of this Order.

Dated: December ___, 2015
       New York, New York

_____  
HONORABLE STUART M. BERNSTEIN  
UNITED STATES BANKRUPTCY JUDGE