**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, NY  10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Tracy Cole
Ona T. Wang
M. Elizabeth Howe
David M. McMillan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>MAGNIFY INC., et al.,<br><br>                    Defendants. | Adv. Pro. No. 10-05279 (SMB) |

<u>SIXTH AMENDED CASE MANAGEMENT PLAN</u>

Plaintiff Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of

Bernard L. Madoff individually ("Madoff"), and Defendants Magnify, Inc. ("Magnify"), Strand

International Investments Ltd. ("Strand"), Premero Investments Ltd. ("Premero"), Yair Green

("Green"), the Yeshaya Horowitz Association ("Yeshaya"), and Express Enterprises Inc.

("Express") (the Trustee, together with the Defendants, are collectively referred to herein as the

"Parties") hereby submit the following Proposed Sixth Amended Case Management Plan,

pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Bankruptcy Rules

7016 and 7026.

1.      Status of Pleadings.

        a.      All of the current Defendants have answered the Amended Complaint.

        b.      On June 7, 2012, the Trustee filed a Notice of Voluntary Dismissal of

Osnat Dodelson, dismissing Dodelson from the above-captioned adversary proceeding without

prejudice.

        c.      On June 6, 2014, the Trustee filed a Notice of Voluntary Dismissal of

R.H. Book LLC and Robert H. Book (collectively, the "Book Defendants") dismissing these

defendants from the above-captioned adversary proceeding with prejudice.

        d.      On February 5, 2015, the Trustee filed a Notice of Voluntary Dismissal of

Kurt Brunner, dismissing Brunner from the above-captioned adversary proceeding without

prejudice.

        e.      On November 6, 2015, the Trustee and Special Situations Cayman Fund,

L.P. ("Situations"), filed an amended stipulation dismissing Situations from the above-captioned

adversary proceeding with prejudice. The amended stipulation was so-ordered on November 9, 2015.

       2.     Discovery Plan.

       a.     <u>Initial Disclosures</u>: The Parties do not propose any changes in the form of, or requirements for, disclosures under Rule 26(a). Initial Disclosures required under Federal Rule 26 were served by the Trustee and by Defendants Magnify, Strand, Premero, Green, Yeshaya, Express, and the Book Defendants on **May 7, 2012**, and by Defendant Situations on **May 8, 2012**. On **September 5, 2012**, the Trustee served Amended Initial Disclosures on all Defendants. For those of the Defendants who held BLMIS accounts (including Magnify, Strand, Premero, and Yeshaya; collectively, the "Accountholder Defendants"), as well as those of the Defendants alleged to be principals of the Accountholder Defendants (Green and Brunner, who deny these allegations), the Trustee produced the account documents related to the Accountholder Defendants' investments with BLMIS including account opening documents, correspondence with the customer, account statements, and documents related to deposits into and withdrawals from the Accountholder Defendants' BLMIS accounts. For the remaining Defendants (including Express, Situations, and former defendants Dodelson and the Book Defendants; collectively, the "Recipient Defendants"), the Trustee produced correspondence directly related to withdrawals from BLMIS allegedly received by the Recipient Defendants, account statements for the BLMIS account(s) from which the funds were withdrawn, and other relevant documents related to deposits and withdrawals from which the funds were withdrawn. The Trustee has also made available additional documents, as set forth in the Initial Disclosures, in "E-Data Room 1," as defined in the Order Establishing Expanded Access to Electronic Data Room 1 entered in the above-captioned case (Adv. Pro. No. 08-01789

-3-

(SMB)) on January 12, 2012.  The Trustee has provided access to E-Data Room 1 to the

Accountholder Defendants, Express, Brunner, and Green.  Upon the Defendants' request, the

Trustee will also make available additional documents in the "Third-Party Data Rooms," as

defined in the Order Establishing Procedures for Third-Party Data Rooms entered in the above-

captioned case (Adv. Pro. No. 08-01789 (BRL)) on September 17, 2013.  The Trustee has

provided access to the Third-Party Data Rooms to the Accountholder Defendants, Express and

Green.

    b.  <u>Subjects on Which Discovery May be Needed</u>:  The Parties contemplate

that discovery will be needed on all issues relating to the commencement of the BLMIS Ponzi

scheme and relating to the avoidance and recovery of the transfers described in the Amended

Complaint, and that fact and expert discovery will be needed.

    c.  <u>Document Demands</u>:  Requests for documents may be served as permitted

by the Rules and/or any applicable foreign or international law.  The Trustee served Defendants

Magnify, Yeshaya, Strand, Express, Premero, Green, and Situations with document requests on

**August 17, 2012**.  Defendants Magnify, Yeshaya, Strand, Express, Premero, Green, and Brunner

served the Trustee with document requests on **November 1, 2012**.  Defendants Magnify,

Yeshaya, Strand, Express, Premero and Green served the Trustee with a second set of document

requests on **May 8, 2015.**

    d.  <u>Interrogatories</u>:  The Trustee served Defendants Magnify, Yeshaya,

Strand, Express, Premero and Green with Interrogatories pursuant to Local Rule 7033-1(b), on

**October 7, 2015**.  At counsel for Defendants' request, the Trustee agreed to an extension until

**December 15, 2015** of Defendants' deadline to respond to the Trustee' Interrogatories.

Defendant Magnify, Yeshaya, Strand, Express, Premero and Green's deadline to serve

Interrogatories pursuant to Local Rule 7033-1(b), is also **December 15, 2015.**  Contention based

interrogatories pursuant to Local Rule 7033-1(c), if any, must be served no later than **November**

**4, 2016**.

       e.      <u>Requests for Admission</u>: Requests for Admission, if any, must be served

by **March 25, 2016**, or 30 days after service of a party's answers to interrogatories, whichever is

later.

       f.      <u>Depositions</u>:  All non-expert depositions must be completed by the Fact

Discovery Cut-Off date in paragraph 2(g) below.  Depositions shall proceed concurrently, with

no party having priority.  As to depositions taken in the United States, the Parties will endeavor

to conclude the majority of depositions within the seven (7) hours provided under Rule 30(d)(1),

although the Parties acknowledge that there may be certain depositions that cannot be concluded

within the time limit.  The Parties will agree to reasonable extensions (or reductions) of the seven

(7) hour limit as appropriate, notwithstanding the provisions of Rule 30(d)(1).  The Parties will

endeavor to limit the number of depositions taken by each party to 10, but agree that each Party

may take additional depositions as appropriate without obtaining leave of court, notwithstanding

the provisions of Rule 30(a)(2).

       g.      <u>Fact Discovery Cut-Off</u>: All fact discovery is to be completed on or before

**December 9, 2016**.

       h.      <u>Foreign Discovery</u>:  The Parties anticipate that a significant amount of

discovery will be directed at individuals and entities located outside of the United States.  The

Parties contemplate that all requests directed at the Parties will proceed in the normal course

under the Rules, as supplemented by any applicable Local Rule.  As to requests directed at non-

parties located abroad, the Parties understand that resort to applicable foreign and international

-5-

law, including the Hague Evidence Convention, may be necessary.   The Parties reserve their

right to move the Court as appropriate for an extension of any of the deadlines in this Amended

Case Management Plan to accommodate circumstances that could arise in the course of

international discovery.

    i. <u>Experts</u>:  Every party that intends to offer expert testimony must make the

disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **April 27, 2017**.  Every party that

intends to offer expert testimony in opposition to such disclosures must make the disclosures

required by Fed. R. Civ. P. 26(a)(2) on or before **June 30, 2017**.  No expert testimony (whether

designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of

the opinion covered by the aforesaid disclosures except upon prior express permission of the

Court, application for which must be made no later than 10 days after the date specified in the

immediately preceding sentence.  All experts may be deposed, but such depositions must occur

on or before **September 1, 2017**.  The foregoing restriction shall not affect the Parties' duty to

supplement expert disclosures as required by Fed. R. Civ. P. 26.

    All expert discovery must be completed no less than **60** days before trial.

    j. <u>Limitations on Discovery Imposed under the Federal and/or Local Rules</u>:

Limitations on written discovery will be governed consistent with the Federal Rules of Civil

Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or

application to the Court for good cause.  The Parties agree that they will work in good faith to

identify the requisite number of deponents and depositions necessary following service of the

Parties' Initial Disclosures.  All deadlines set forth herein shall be subject to amendment by

agreement of the Parties or upon application to the Court for good cause shown.

The Parties may produce discovery, including initial disclosures, on a CD-ROM, in E-Data Room 1, or in another similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in E-Data Room 1 or in another medium for review by the defendants. With regard to documents produced electronically, the Parties shall comply with the e-discovery protocol attached as Exhibit 1.

In the event of a discovery dispute between the Parties, the Parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the Parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

Unless the Parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters to the extent discoverable under Federal Rule 26(b)(1) which relate to: (a) the commencement of the BLMIS Ponzi scheme; (b) the calculation of net equity for the Accountholder Defendants' BLMIS accounts; (c) the financial condition of BLMIS; (d) the activities of BLMIS, including both fraudulent conduct, including the Ponzi scheme, and legitimate operations; (e) the Accountholder Defendants' account documents and customer correspondence and interactions with BLMIS, its employees, agents and other investors or customers; (f) interactions between Albert Igoin and BLMIS, its employees, agents, investors and other customers; (g) the internal records of BLMIS; (h) transfers of money by, among, and within BLMIS; (i) the Defendants' good faith or lack thereof, including issues related to the defendants' operations and actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; (j) disclosures made by BLMIS under federal and/or state laws, such

-7-

as disclosures to the SEC; (k) the identity of other persons or entities that may be liable for the

transfers at issue, whether as subsequent transferees or for some other reason; and (l) potential

defenses and cross-claims.

            The Trustee shall make his financial professionals submitting expert

evidence on behalf of the Trustee available for depositions and may coordinate such depositions

in multiple Avoidance Actions to maximize efficiency and use of resources.  The Trustee shall

notify all interested parties of the proposed date, time and location of any such depositions to be

coordinated in multiple Avoidance Actions.  To the extent a deposition is so coordinated, the

limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an

appropriate duration for the deposition.  Depositions of the Trustee are prohibited absent an order

issued by this Court upon a showing of good cause.

            To the extent that the Trustee proffers an expert witness on an issue that is

common to more than one Avoidance Action, the Trustee may coordinate such deposition in

multiple Avoidance Actions to maximize efficiency and use of resources.  The Trustee shall

notify all interested parties of the proposed date, time and location of any such depositions to be

coordinated in multiple Avoidance Actions.  To the extent a deposition is so coordinated, the

limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an

appropriate duration for the deposition.  Depositions of the Trustee are prohibited absent an order

issued by this Court upon a showing of good cause.

            All depositions of the Trustee's fact and expert witnesses shall occur at the

offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other

location as the Parties may agree.  Depositions of Defendants' expert and fact witnesses shall

occur at such place as the Parties shall mutually agree.

3.      <u>Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action</u>.  The Parties do not presently believe that any modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4.      <u>Prospects for Settlement, including whether a Settlement Conference should be Scheduled and whether the Parties will Stipulate to the Trial Judge acting as Settlement Judge</u>. The Trustee has engaged in settlement discussions with certain Parties.  The Parties believe that it would be premature to schedule a settlement conference at this time.

5.      <u>Any other Matter that may add to the Just and Expeditious Disposition of this Matter</u>.  The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

6.      <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

7.      <u>Parties and Counsel</u>.  The following Parties join in this proposed Amended Case Management Plan, through their counsel.

Dated: New York, New York
          December 9, 2015

/s/ *Tracy Cole*                                                    /s/  *Michael Wexelbaum*
Baker & Hostetler LLP                                    Davidoff Hutcher & Citron LLP
45 Rockefeller Plaza                                        605 Third Avenue, 34th Floor
New York, NY 10111                                       New York, NY 10158
Telephone: (212) 589-4200                             Telephone: (212) 557-7200
Facsimile: (212) 589-4201                               Facsimile: (212) 286-1884
David J. Sheehan                                             Michael Wexelbaum
e-mail: dsheehan@bakerlaw.com                   e-mail: mw@dhclegal.com
Tracy Cole                                                       Larry Hutcher
e-mail: tcole@bakerlaw.com                          e-mail: lkh@dhclegal.com
Ona T. Wang
e-mail: owang@bakerlaw.com                      *Attorneys for Defendants Yair Green, Magnify*
M. Elizabeth Howe                                         *Inc., the Yeshaya Horowitz Association, Strand*
e-mail: bhowe@bakerlaw.com                      *International Investments Ltd., Premero*
David M. McMillan                                       *Investments Ltd., and Express Enterprises Inc.*
e-mail: dmcmillan@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and Bernard L.*
*Madoff*

So Ordered this 10 day of December, 2015.


                                        /s/ STUART M. BERNSTEIN_____
                                        HONORABLE STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE