# BakerHostetler

**Baker&Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

December 10, 2015

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:    *Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC,* Adv. Pro. No.
       08-01789 (SMB) – *Picard v. Cohen* (Adv. Pro. No. 10-04311) (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation
proceedings of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L.
Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA").

We write to address the improper filing of a memorandum of law yesterday in the docket for the main
liquidation proceeding (Adv. Pro. No. 08-01789, ECF No. 12224) and the Andrew H. Cohen adversary
proceeding (the "Cohen Proceeding") (Adv. Pro. No. 10-04311, ECF No. 73) in direct contravention of
your Honor's prior rulings and orders.  The "Memorandum of Law (Provisional) of Intervenor-Customers
on Value Defense Issues" was filed by defendants ("Movants") in 57 avoidance actions commenced by
the Trustee, by which Movants sought to intervene in the Cohen Proceeding regarding certain purported
"value" defenses under Bankruptcy Code Section 548(c).

At a conference held on September 30, 2015, your Honor granted the Movants' request for leave to file
their motion to intervene, but withheld judgment as to whether the Movants may actually intervene in the
Cohen Proceeding, stating, "Look, you can make your motion.  I think you're going to be hard-pressed to
convince me that you have any further right to be heard, at least in this Court on the antecedent debt
issue."  Transcript, Conference Regarding Certain Parties' Request to Intervene at 44:25-45:3, *Picard v.
Cohen,* No. 10-04311 (SMB) (Bank. S.D.N.Y. Sept. 30, 2015).  As a result, the Movants filed their motion
to intervene on October 9, 2015 in the Cohen Proceeding (ECF Nos. 61-62), the Trustee filed his
opposition brief on October 29, 2015 (ECF Nos. 65-66), and in turn, the Movants filed their reply papers
on November 11, 2015 (ECF No. 69).  While this Court has yet to rule on the Movants' motion to

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Hon. Stuart M. Bernstein
December 10, 2015
Page 2

intervene, at no point at time did this Court permit the Movants to file the memorandum of law in the
interim.

Furthermore, on October 14, 2015, this Court entered its Post-Trial Scheduling Order in the Cohen
Proceeding, making clear that only the parties to the Cohen Proceeding were permitted to make
submissions by certain dates—the Trustee by November 12, 2015 and December 31, 2015, and Mr. Cohen
by December 9, 2015. The Post-Trial Scheduling Order explicitly states that "no further submissions shall
be permitted except upon order of the Court." Post-Trial Scheduling Order, *Picard v. Cohen,* No. 10-
04311 (SMB) (Bankr. S.D.N.Y. Oct. 14, 2015), ECF No. 63. These dates were also previously articulated
at the trial held before this Court on October 14, 2015, and did not provide for any submissions by the
Movants. *See* Transcript, Hearing Re: Trial at 26:5-28:8, *Picard v. Cohen,* No. 10-04311 (SMB) (Bank.
S.D.N.Y. Oct. 14, 2015).

The Movants' filing is also in direct violation of Your Honor's Chamber Rules and Local Rule 5070-1
requiring that any moving party must contact Chambers to obtain a hearing date before filing and serving
a motion, cross-motion, application or any other request for relief, especially if such briefing is not already
permitted by the Court.

Through the filing of this memorandum of law, the Movants have taken it upon themselves to overrule the
Trustee's objections and usurp this Court's authority to determine whether the defendants in 57 separate
and distinct adversary proceedings should be heard as parties or *amici* in the Cohen Proceeding. The
filing is particularly cavalier and entirely inappropriate because it is nothing more than a collateral attack
on the law of this case—for which this Court previously determined that "[t]hose moving defendants that
participated in the withdrawal of the reference of the antecedent debt/value issue have had their day in
court and Judge Rakoff's decisions are law of the case." *Sec. Investor Prot. Corp. v. Bernard L. Madoff
Inv. Sec. LLC (In re Madoff Sec.)*, 531 B.R. 439, 466 (Bankr. S.D.N.Y. 2015). *See also Picard v. Stanley
Shapiro,* Adv. Pro. No. 10-05383, 2015 WL 7568376, at *12-13 (SMB) (Bankr. S.D.N.Y. Nov. 25, 2015)
(ruling defendants' "value" arguments were previously foreclosed by Judge Rakoff; stating that
defendants "cannot collaterally attack Judge Rakoff's reference order in this Court.") citing *In re Madoff
Sec.,* 499 B.R. 416 (S.D.N.Y. 2013). The Movants have supplanted the judgment of this Court with their
own and unilaterally determined that the relief sought in their intervention motion—currently *sub judice*—
should be granted.

Accordingly, we respectfully request this Court to strike and remove the memorandum of law from the
docket as improperly filed. We are available to discuss the foregoing at the Court's convenience.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):

Hon. Stuart M. Bernstein
December 10, 2015
Page 3

       David J. Sheehan
       Keith R. Murphy
       Kevin H. Bell
       P. Gregory Schwed
       Richard A. Kirby
       Matthew A. Kupillas
       Carole Neville
       Richard Levy