# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 15, 2015

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF AND HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. 1096-1100 River Road Associates, LLC, et al.,* Adv. Pro. No. 10-05390

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff.

We write to provide an update on the above-referenced proceeding in advance of the hearing scheduled before this Court on December 16, 2015 at 10:30 a.m. On December 11, 2015, just days before the hearing, the Defendants responded to the Trustee's interrogatories ("Interrogatory Responses") and produced some documents.

These recent responses are in line with a pattern of late and incomplete discovery responses by the Defendants. As this Court is aware, the Defendants failed to serve discovery responses by the July 29, 2015 fact discovery deadline in the case management notice. When directed by the Court to comply with extended discovery deadlines at an August 20, 2015 hearing, they disregarded the order and served only an insufficient set of responses ("RFA Responses") to the Trustee's requests for admissions (the "RFAs"). The Court scheduled a hearing on October 28, 2015 to address these deficiencies. Defendants' counsel did not appear at the hearing, but regardless, Defendants had already missed both the deadline in the Federal Rules of Civil Procedure and the Court-ordered deadline. At that hearing, this Court held that the Defendants' RFA Responses were insufficient and deemed the RFAs admitted. Defendants later sent

Honorable Stuart M. Bernstein
December 15, 2015
Page 2

a November 6, 2015 letter to Chambers stating they had no notice of the October 28 hearing and raising an improper objection to the RFAs. The Court scheduled the December 16 hearing to address Defendants' objection.

Now, just days before the December 16 hearing, the Defendants served Interrogatory Responses purporting to deny liability on all claims and produced approximately 80 documents. The Trustee maintains that all of the responses are deficient. The Interrogatory Responses are not made under oath and are not signed by the Defendants or their counsel, as required by Fed. R. Civ. P. 33(b). They come nine months after the Trustee served interrogatories on March 11, 2015. Likewise, the document production is limited, and does not include bank account statements requested by the Trustee to show Defendants' receipt of transfers from BLMIS despite Defendants' representation in the Interrogatory Responses that certain bank statements were produced. The document production comes just shy of six months after the Trustee served document requests on June 29, 2015.

The ongoing discovery misconduct has prejudiced the Trustee by limiting the sources available to show the transfers at issue took place and to respond to the defenses in the Defendants' answer to the complaint. The Defendants have not cured the deficiencies in the RFA Responses noted by this Court at the October 28 hearing. They also have never filed initial disclosures. And this is a case where the Trustee agreed in 2014 to vacate default judgment entered against the Defendants in good-faith reliance on the Defendants' assurances that they would participate in the case.

The Defendants' belated discovery responses are too little, too late. The RFAs were deemed admitted under the plain language of Fed. R. Civ. P. 36(a)(3) and the September 18th RFA Responses were deemed deficient by the Court at the October 28 hearing. Defendants should not be permitted yet another opportunity to flout the authority of this Court. The Trustee is preparing a summary judgement motion and renews his request for an order deeming the RFAs admitted and permission to seek all sanctions permissible under Fed. R. Civ. P. 37, including attorney's fees, preclusion of evidence, and default judgment.

Attached to this letter as exhibits are copies of the Trustee's interrogatories (Exhibit A), the Interrogatory Responses (Exhibit B), the RFAs (Exhibit C), the RFA Responses (Exhibit D), the Trustee's document requests (Exhibit E), and a chart prepared by the Trustee summarizing the Defendants' document production by category (Exhibit F).

Honorable Stuart M. Bernstein
December 15, 2015
Page 3

Respectfully submitted,

*/s/ Keith R. Murphy*

Keith R. Murphy


cc:    Richard Abrahamsen
        Joseph Pasquale
        Edward J. Jacobs
        Ferve E. Ozturk
        Peter Shapiro
        Jacqlyn Rovine