# **EXHIBIT A**

08-01789-cgm    Doc 12262-1    Filed 12/15/15    Entered 12/15/15 12:33:07    Exhibit A
Pg 1 of 12

Document2

**EXHIBIT A**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Oren J. Warshavsky
Marc E. Hirschfield
Peter B. Shapiro
Jacqlyn R. Rovine

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>1096-1100 RIVER ROAD ASSOCIATES, LLC; FRED A. DAIBES, LLC; and FRED A. DAIBES,<br><br>Defendants. | Adv. Pro. No. 10-05390 (SMB) |

1

**TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANTS 1096-1100 RIVER ROAD ASSOCIATES, LLC, FRED A. DAIBES, LLC, AND FRED A. DAIBES**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Defendants 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes respond in writing to the interrogatories set forth herein (the "Interrogatory" or "Interrogatories") and deliver the same to the office of Baker Hostetler LLP, c/o Marc E. Hirschfield, 45 Rockefeller Plaza, New York, New York 10111 within 30 days.

**DEFINITIONS**

1.  The definitions and rules of construction in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.  "Account" or "Accounts" means the BLMIS Accounts set forth in Exhibit A to the Complaint and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary and whether directly or indirectly.

3.  "Applicable Period" means the period beginning on January 1, 1998 through the present.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5. "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

6. "Defendants" means 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes.

7. "Identify," "Identity," and "Identification," when used with reference to an occasion or instance on which an event, act, or omission occurred, mean to state the date and place of such occasion or instance, to describe the nature of the event, act, or omission and to provide the identification of such Person involved in any way in such event, act, or omission.

8. "Identify," "Identity," and "Identification" when used in reference to a payment or to a transfer of property, mean to set forth:

    a.    the date, or dates, of the payment or transfer;

    b.    the amount of the payment or transfer;

    c.    the method of payment or other transfer (*i.e.*, check, cash, cashier's check, wire transfer, etc.);

    d.    the payor and payee of the payment or transfer;

3

   e. if the payment or other transfer was by negotiable instrument, such as by check, state the indorser of the instrument and the date the instrument was cashed or deposited.

9. "Subsequent Transfer" means any transfer of Customer Property (as defined by SIPA § 78*lll*(4) conveyed by any Defendant to another Person, or any transfer of Customer Property conveyed to another Person or entity prior to being transferred to any Defendant.

10. "Transfer" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Defendant by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law. *See* 11 U.S.C. § 101(54); N.Y. Debt. & Cred. Law § 270. "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Defendant.

11. "You" or "Your" means 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes in any capacity, and/or anyone acting on behalf of 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes, including any predecessor-in-interest.

12. For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Interrogatories.

13. Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency,

representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## INSTRUCTIONS FOR INTERROGATORIES

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1. If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

2. If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

3. All Interrogatories, unless otherwise stated, are to be answered with respect to the Applicable Period.

4. If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

5. If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

6. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

# INTERROGATORIES

1. Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**


2. Provide Your legal name, the type of entity You are, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, members and/or owners, the percent of beneficial interest in the Accounts of each of the current and former officers, members and/or owners, Your current and former business addresses, and Your current and former principal places of business.

**ANSWER:**


3. Describe how You first learned of or were introduced to BLMIS.

**ANSWER:**


4. For each BLMIS Account in which You hold or have ever held an interest, describe Your reasons for opening and investing in the Account and the circumstances of establishing the Account.

**ANSWER:**


5. Identify the reasons for each Transfer.

6

**ANSWER:**

6.Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

7.Identify: (a) each Person who ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person received; and (c) the date(s) on which each Person received such money.

**ANSWER:**

8.Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

9.To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

10. Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

11. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a. state all facts upon which You base the denial or affirmative defense;

    b. state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c. Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

12. Identify any action You, or anyone acting on Your behalf, took, if any, to investigate or inquire about BLMIS, including, but not limited to, when each action was taken, the Person who took the action and/or directed the action be taken, the reason each action was taken at that particular time (as opposed to earlier or later), whether a particular piece of information prompted the action, any action taken by BLMIS in (or in response to) the action taken, and the results and/or conclusions of such action.

**ANSWER:**

13. Identify all meetings You, or someone acting on Your behalf, attended where an employee or representative of BLMIS was present and describe the substance of the communications that occurred during each meeting.

**ANSWER:**

14. Identify any Persons to whom You paid any management fees, performance fees, or any other fees in connection with the Accounts. For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

**ANSWER:**

Dated:  March 11, 2015

        /s/ Peter B. Shapiro
        David J. Sheehan
        Email:  dsheehan@bakerlaw.com
        Oren J. Warshavsky
        Email: owarshavsky@bakerlaw.com
        Marc E. Hirschfield
        Email: mhirschfield@bakerlaw.com
        Peter B. Shapiro
        Email: pshapiro@bakerlaw.com
        Jacqlyn R. Rovine
        Email: jrovine@bakerlaw.com
        BAKER & HOSTETLER LLP
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: 212.589.4200
        Fax: 212.589.4201

        *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the following was served this 11th day of March, 2015 by electronic mail and First Class mail upon the following:

>Richard J. Abrahamsen
>Abrahamsen Law Firm, LLC
>515 Madison Avenue
>6th Floor
>New York, NY 10022
>rja.attorney@gmail.com

                                    /s/ Peter B. Shapiro
                                    *An Attorney for Irving H. Picard, Trustee*
                                    *for the Substantively Consolidated SIPA*
                                    *Liquidation of Bernard L. Madoff*
                                    *Investment Securities LLC and the Estate of*
                                    *Bernard L. Madoff*