# **EXHIBIT B**

Abrahamsen Law Firm, LLC
515 Madison Ave
6th Floor
New York, NY 10022
201-840-5660
201-840-5663 fax
Attorney for Fred A. Daibes
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF | (Substantively Consolidated) |
| Debtor | |

---

In re:
Bernard L. Madoff,

      Debtor

---

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05390 (SMB) |
| v. | |
| 1096-1100 River Road Associates, LLC; Fred A. Daibes, LLC; Fred A. Daibes | Response to Request for Interrogatories |

---

1. Defendant Fred A. Daibes as an individual and in a representative capacity for the other two defendant legal entities: Fred A. Daibes LLC and 1096 - 1100 River Road Associates, LLC. The defendants also had the assistance of

counsel and other persons who assisted under the cloak of attorney client confidentiality.

2. Fred A. Daibes is an individual Mr. Daibes he had no individual interest in any accounts as defined. His business address is 1000 Portside, Edgewater, New Jersey.

    Fred A. Daibes LLC was formed under the laws of the State of New Jersey. Fred A. Daibes is its current member and officer. Fred A. Daibes LLC has an address of 1000 Portside, Edgewater, NJ 07020. Fred A. Daibes, LLC had a nominal interest in an "account" as defined subject to the Bank of America and Guardian Trust agreements and the AEGON agreements described herein and produced. 1096-1100 River Road Associates LLC 1000 Portside, Edgewater, New Jersey 07020 was formed under the laws of the State of New Jersey. Fred A. Daibes is its current officer and member. 1096-1100 River Road Associates had nominal interest in an account so defined subject to the Bank of America agreements and Guardian Trust agreements and the AEGON agreements described herein.

3. Defendants became aware of BLMIS through a referral by William Stein who is now deceased.

4. All the BLMIS accounts referenced in the complaint were not the accounts of the defendants. No defendant had any direct dealings or transactions with BLMIS and no defendant received a "Transfer" as defined by the interrogatories. The Bank of America and Guardian Trust, FSB, as trustee, conducted any relevant transactions with BLMIS, pursuant to and subject to the Pledge Agreement dated January 7, 2007 and other related documents produces pursuant to the request to produce documents. BLMIS had at the time a

history of generating favorable rate of return approximately 10% per annum. Bank of America, Guardian Trust and AEGON had dominion and control over the funds and effected the deposits and withdrawals.

Fred A. Daibes individually never had a BLMIS account described in plaintiffs complaint.

Fred A. Daibes, LLC never had a BLMIS account. Fred A. Daibes LLC had a nominal interest in an account so defined, # 1-CM566-3-0, without dominion or control over the funds. Money was deposited with the Bank of America and its Trustee Guardian Trust FSB who established any accounts and who dealt directly with BLMIS.

1096-1100 River Road Associates, LLC never had a BLMIS account. 1096 -1100 River Road Associates had a nominal interest in an account # 1-G0385-3-0 without dominion or control over funds transferred to Bank of America and its Trustee Guardian Trust FSB. These facts are confirmed by the documents produced. These funds were loan proceeds and collateral for a loan. The funds totaling $50,000,000 were wired by TransAmerica Life Insurance Company (hereinafter TransAmerica) and AEGON USA Realty Advisors, Inc. 4333 Edgewood Road, N.E. Cedar RapidsIowa52499-5433(hereinafter AEGON) Any funds transferred from AEGON to Bank of America the Trustee Guardian were at no relevant time under the dominion and control of any defendant including 1096-1100 River Road Associates, LLC but were subject to numerous agreements and documents. The money that was deposited and withdrawn was at all relevant times subject to and at the direction of AEGON and the Bank of America and Guardian Trust.

Defendants had no dominion and control over the funds. The transfer was made to Guardian as trustee pursuant to the terms of the AEGON and Bank of America agreements. The transfers were for the benefit of AEGON and Bank of America. The entire deposit plus any after acquired proceeds were subject to AEGON's security interest and dominion and control. Bank of America and AEGON caused the funds to be transferred to Merrill Lynch as set forth in the documents produced. By definition a "transfer" means a payment made by BLMIS. BLMIS had no direct dealings with Defendants and made no transfer to the defendants.

5. There was a total of $54,550,000 of deposits made through Bank of America and Guardian in the Fred A. Daibes LLC account since 1998. These sums are considered principal. There was a total sum of $54,000,000 withdrawn in multiple transfers over the years from this account. The transfers were received by Bank of America and Guardian. The reason for these multiple transactions cannot be specifically recalled. None of these monies withdrawn were net profits as alleged in the complaint. This account lost $550,000 in principal as reflected on the documents produced.

There were $50,000,000 deposited with the Bank of America by wire transfer from AEGON which was deposited in the BLMIS account wherein 1096-1100 River Road Associates had a nominal interest without dominion and control. These funds were loan proceeds and collateral and were deposited and withdrawn in accordance with the trust and loan documents. $52,985,178 was withdrawn and transferred to

Bank of America and Guardian Trust in accordance with the controlling documents of AEGON. The reason was to comply with the requirements of the loan.

6. Unknown persons at BLMIS may have had knowledge of the transfers. Persons at the Bank of America and the Trustee Bank of America, FSB also had knowledge of the Transfer. These defendants have no direct or personal knowledge of these transfers. Persons at AEGON had knowledge of the transfers.

Any transfer from BLMIS to Bank of America and Guardian Trust FSB wherein 1096-1100 had any interest was undertaken either at the direction of TransAmerica and AEGON or subject to their control. AEGON had sole dominion and control over the funds.

On information and belief the transfers were by wire transfer. Some amounts and dates appear to be consistent with the ledger labeled Exhibit B annexed to the Complaint. The Payor was BLMIS to Bank of America and Guardian Trust. Contrary to plaintiffs allegations the Fred A. Daibes LLC account was a net loser. The amounts of deposits and withdrawals from BLMIS are not accurate and are inconsistent with the records produced.

7. Bank of America and Guardian Trust FSB was, on information and belief, the sole recipient of any transfers from BLMIS.

8. This interrogatory is objected to as being burdensome and too broad. The transfers are multiple and could be for

myriad of purposes. It is not clear what is meant by benefit.

Fred A. Daibes was not a transferee and had no account at BLMIS.

Fred A. Daibes LLC deposited through Bank of America and Guardian FSB from 1999 through 2008 in multiple installments a total of $54,550,000 and there were multiple withdrawals totaling $54,000,000. The account was therefore a net loser. There was adequate consideration for any transfer and the transactions is not avoidable.

1096 -1100 River Road Associates had a nominal interest in an account wherein loan proceeds of $50,000,000 were deposited through Bank of America and Guardian Trust, FSB the Bank of America , Guardian Trust and AEGON in BLMIS. Defendant paid $7,207,408.83 in fees to AEGON and Bank of America Guardian Trust during this time. AEGON and Bank of America received $52,985,178. AEGON and Bank of America benefited from the funds.

9. These defendants were not the recipients of transfers and were not transferees.

Defendant Fred A. Daibes had no BLMIS accounts.

Defendant 1096-1100 River Road Associates had no dominion and control over the subject of any transfers. The funds were transferred to Bank of America and Guardian Trust FSB were subject to the sole dominion and control of TransAmerica and AEGON and the funds were used in accordance with their control and instructions accordance with the agreements.

Fred A. Daibes LLC and the account wherein he held a nominal interest was a net loser and did not receive a return of his principal. When the Ponzi scheme was revealed the account was practically worthless and $550,000 of deposits was lost and no net profits had been withdrawn.

10. Objection. This interrogatory is overly broad. Defendants have provided documents in their possession related to BLMIS accounts and the AEGON and Bank of America and Guardian Trust documents. Defendants have also produced account information relating to the Merrill Lynch account. Should Plaintiff require more specific information based upon these submissions, Defendants shall produce relevant information related to Plaintiff's claims. As phrased, the interrogatory is objectionable requesting all bank account information for a long period of years.

This interrogatory is objected to as overly broad. No defendant had direct dealings with BLMIS.

Fred A. Daibes objects to this interrogatory because he never had a BLMIS Account.

The account or accounts at Bank of America and Guardian Trust FSB were the recipient of any transfers from BLMIS that may be relevant to this matter. The documents in defendants related thereto have been produced. The account of 1096-1100 River Road Associates was opened at the direction or with the permission of TransAmerica Life Insurance Co. and/or AEGON. An account at Merrill Lynch #725-02178 in the name of 1089-1100 River Road Associates LLC which was at all times was

pledged to TransAmerica and AEGON and under their dominion and control.

Fred A. Daibes LLC had bank accounts at and had a nominal interest in BLMIS accounts subject to agreements with Bank of America.

The account wherein 1096-1100 River Road Associates had a nominal interest the account was opened and closed in accordance with the requirements of the AEGON, Bank of America and Guardian Trust agreements.

11. The allegations as to the accounts and defendants in the complaint and the schedules annexed were not factually accurate. Fred A. Daibes had no accounts. The schedule attached to the complaint was not accurate as it related to the other defendants. The complaint and attachments overstated withdrawals and understated deposits.

There were no net profits received from the Fred A. Daibes LLC account as alleged. There was still $550,000 in principal in excess of received withdrawals in December 2008. There were no improper transfers. The account was a net loser.

The complaint and schedules also understated deposits and overstated withdrawals received for the account in which 1096-1100 River Road had a nominal interest. The entity had no dominion and control over the funds. Bank of America, Guardian Trust and AEGON had dominion and control. Defendants were not transferees. The defendants caused to be paid $7,207,048.83 in connection with the $50,000,000 deposited over which it had no dominion and control. At the

direction of the entities who had dominion and control over the funds, $52,985,178 was withdrawn. Bank of America and Guardian Trust and AEGON benefitted.

The documents produced relating to the TransAmerica AEGON transaction, the Bank of America transaction and the statement produced support this answer.

12.   None

13.   None

14.   Fees totaling $1,059,164.43 were paid to the Bank of America between 12/27/06 and 9/28/08. The nature of the fees is defined by the documents produced.

Fees were paid by 1096-1100 River Road Associates, LLC between 2/1/2007 and 10/07/2008 to Aegon USA Realty Advisors, Inc. in connection with the funds in the account wherein the entity had a nominal interest. The payments total $6,147,884. The monthly amount paid was $292,416.67.