**<u>EXHIBIT C</u>**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |

|  |  |
|---|---|
| v. | |
| 1096-1100 RIVER ROAD ASSOCIATES, LLC; FRED A. DAIBES, LLC; and FRED A. DAIBES; | |
| Defendants. | |

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT 1096-1100 RIVER ROAD ASSOCIATES, LLC

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that defendant 1096-1100 River Road Associates, LLC respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Peter B. Shapiro, 45 Rockefeller Plaza, New York, New York 10111 within 30 days of the date set forth below.

## <u>DEFINITIONS</u>

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" means BLMIS Account No. 1G0385, as set forth on Exhibit A to the Complaint and any other BLMIS account in which any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary.

3.      "Applicable Period" means the period from June 26, 2007 to the present.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

5.      "Complaint" means the complaint and any amended complaint filed by the

Trustee in this adversary proceeding.

6.      "Defendants" means 1096-1100 River Road Associates, LLC, Fred A. Daibes,

LLC, and Fred A. Daibes.

7.      "Subsequent Transfer" means any transfer of Customer Property (as defined in

SIPA §78*lll*(4)) conveyed, transmitted, paid, and/or remitted by or on behalf of any Defendant to

another Person, or any transfer conveyed, transmitted, paid, and/or remitted to another Person or

entity prior to being transferred to or on behalf of any Defendant.

8.      "Transfer(s)" means any conveyance, transmittal, disposition, remittance,

payment, or payments made by BLMIS during the Applicable Period to or on behalf of

Defendants by any means including, but not limited to, cash, funds, property, or other value

conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal

from an Account, or by any other manner as set forth under section 101(54) of the Bankruptcy

Code or section 270 of the New York Debtor & Creditor Law.  *See* 11 U.S.C. § 101(54); N.Y.

Debt. & Cred. Law § 270.  "Transfer" also includes, but is not limited to, payments or

conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Defendants.

9.      "You" or "Your" means 1096-1100 River Road Associates, LLC in any capacity, and/or anyone acting on behalf or for the benefit of 1096-1100 River Road Associates, LLC, including any predecessors-in-interest.

10.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to these Requests.

11.      Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes, but is not limited to, any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## REQUESTS FOR ADMISSION

1.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

3.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

5.      Admit that over the life of the Account, $56,249,486 was withdrawn from the Account.

4

6.      Admit that, of the $56,249,486 that was withdrawn from the Account, $50,000,000 consisted of principal.

7.      Admit that, of the $56,249,486 that was withdrawn from the Account, $6,249,486 was in excess of principal.

8.      Admit that $6,249,486 more was withdrawn from the Account than was deposited into the Account.

9.      Admit that between December 11, 2006 and December 11, 2008, $6,249,486 was withdrawn from the Account in excess of principal.

10.     Admit that the Account was initially funded by an inter-account transfer from BLMIS account number 1CM660.

Dated:   June 29, 2015

/s/ Peter B. Shapiro

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 29th day of

June, 2015 by electronic mail and First Class mail upon the following:

Richard J. Abrahamsen
Abrahamsen Law Firm, LLC
515 Madison Ave., 6th Floor
New York, New York 10022
rja.attorney@gmail.com

*/s/ Ferve E. Ozturk*
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |

v.

1096-1100 RIVER ROAD ASSOCIATES, LLC;
FRED A. DAIBES, LLC; and FRED A. DAIBES;

Defendants.

---

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT FRED A. DAIBES, LLC

---

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that defendant Fred A. Daibes, LLC respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Peter B. Shapiro, 45 Rockefeller Plaza, New York, New York 10111 within 30 days of the date set forth below.

## <u>DEFINITIONS</u>

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" means BLMIS Account No. 1CM566, as set forth on Exhibit A to the Complaint and any other BLMIS account in which any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary.

3.      "Applicable Period" means the period from January 28, 1999 to the present.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Complaint" means the complaint and any amended complaint filed by the Trustee in this adversary proceeding.

6.      "Defendants" means Fred A. Daibes, LLC, 1096-1100 River Road Associates, LLC, and Fred A. Daibes.

7.      "Subsequent Transfer" means any transfer of Customer Property (as defined in SIPA §78*lll*(4)) conveyed, transmitted, paid, and/or remitted by or on behalf of any Defendant to another Person, or any transfer conveyed, transmitted, paid, and/or remitted to another Person or entity prior to being transferred to or on behalf of any Defendant.

8.      "Transfer" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Defendants by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from an Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law. *See* 11 U.S.C. § 101(54); N.Y. Debt. & Cred. Law § 270. "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Defendants.

9.      "You" or "Your" means Fred A. Daibes, LLC in any capacity, and/or anyone acting on behalf or for the benefit of Fred A. Daibes, LLC, including any predecessors-in-interest.

10.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to these Requests.

11.     Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes, but is not limited to, any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## <u>REQUESTS FOR ADMISSION</u>

1.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

3.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

5.      Admit that over the life of the Accounts, $56,450,000 was withdrawn from the Account.

6.      Admit that, of the $56,450,000 that was withdrawn from the Account, $54,550,000 consisted of principal.

7.      Admit that, of the $56,450,000 that was withdrawn from the Account, $1,900,000 was in excess of principal.

8.      Admit that $1,900,000 more was withdrawn from the Account than was deposited into the Account.

9.      Admit that between December 11, 2006 and December 11, 2008, $1,900,000 was withdrawn from the Account in excess of principal.

10.     Admit that You received Subsequent Transfers that were initially Transferred by BLMIS to 1096-1100 River Road Associates.

11.     As to each of the Subsequent Transfers You admit having received above, admit that You did not provide anything of value to Defendant 1096-1100 River Road Associates LLC in exchange for the portion of any Transfer You received.

12.     As to each of the Subsequent Transfers, admit that You received the Subsequent Transfers indirectly from BLMIS.

Dated:   June 29, 2015

/s/ Peter B. Shapiro
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 29th day of June, 2015 by electronic mail and First Class mail upon the following:

Richard J. Abrahamsen
Abrahamsen Law Firm, LLC
515 Madison Ave., 6th Floor
New York, New York 10022
rja.attorney@gmail.com

*/s/ Ferve E. Ozturk*
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |

v.

1096-1100 RIVER ROAD ASSOCIATES, LLC;
FRED A. DAIBES, LLC; and FRED A. DAIBES;

Defendants.

**TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
FRED A. DAIBES**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Fred A. Daibes respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Peter B. Shapiro, 45 Rockefeller Plaza, New York, New York 10111, within 30 days of the date set forth below.

## <u>DEFINITIONS</u>

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1CM566 and 1G0385, as set forth on Exhibit A to the Complaint and any other BLMIS account in which any Defendant has or had any interest in any capacity, whether individually, collectively, or as a fiduciary, and whether directly or indirectly.

3.      "Applicable Period" means the period between January 28, 1999 to the present.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6.      "Defendants" means Fred A. Daibes, 1096-1100 River Road Associates, LLC, and Fred A. Daibes, LLC.

7.      "Subsequent Transfer" means any transfer of Customer Property (as defined by SIPA §78*lll*(4)) conveyed, transmitted, paid, and/or remitted by or on behalf of any Defendant to another Person, or any transfer conveyed, transmitted, paid, and/or remitted to another Person or entity prior to being transferred to or on behalf of any Defendant.

8.      "Transfer" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Defendants by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from an Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law.  *See* 11 U.S.C. § 101(54); N.Y. Debt. & Cred. Law § 270. "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Defendants.

9.      "You" or "Your" means Fred A. Daibes in any capacity, and/or anyone acting on behalf or for the benefit of Fred A. Daibes, including any predecessors-in-interest.

10.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to these Requests.

11.     Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes, but is not limited to, any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## REQUESTS FOR ADMISSION

1.      Admit that You are a member of Fred A. Daibes, LLC.

2.      Admit that You are a member of 1096-1100 River Road Associates, LLC.

3.      Admit that You received funds from Fred A. Daibes, LLC.

4.      Admit that You received funds from 1096-1100 River Road Associates, LLC.

5.      Admit that You received funds originating from the Accounts.

6.      Admit that You received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

7.      As to each of the Subsequent Transfers You admit having received above, admit that You did not provide anything of value to Defendant Fred A. Daibes, LLC or 1096-1100 River Road Associates, LLC in exchange for the portion of any Transfer You received.

8.      As to each of the Subsequent Transfers, admit that You received the Subsequent Transfers indirectly from BLMIS.

Dated:   June 29, 2015

*/s/ Peter B. Shapiro*
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 29th day of

June, 2015 by Electronic and First Class mail upon the following:

*/s/ Ferve E. Ozturk*
**Attorneys for Irving H. Picard, Trustee for**
**the Substantively Consolidated SIPA**
**Liquidation of Bernard L. Madoff**
**Investment Securities LLC and the Estate of**
**Bernard L. Madoff**