# **EXHIBIT D**

**Abrahamsen Law Firm, LLC**
**515 Madison Ave**
**6th Floor**
**New York, NY 10022**
**201-840-5660**
**201-840-5663 –fax-**

Attorney for Fred A. Daibes

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SECURITIES INVESTOR PROTECTION
CORPORATION                                              Adv. Pro. No. 08-01789 (SMB)

      Plaintiff-Applicant,
                                                                           SIPA LIQUIDATION
v.

BERNARD L. MADOFF                                    (Substantively Consolidated)

      Debtor.

_____

In re:

Bernard L. Madoff,

      Debtor

_____

IRVING H. PICARD, Trustee for the
 Liquidation Of Bernard L. Madoff
Investment Securities LLC,

      Plaintiff,                                            Adv. Pro. No. 10-05390 (SMB)
v.

1096-1100 River Road Associates, LLC;
Fred A. Daibes, LLC;                                        Response to Request for Admissions
Fred A. Daibes

_____

1. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

2. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

3. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

4. Defendant must in good faith deny that the attachment to the complaint accurately reflects a complete listing. There is a lack of detail in the exhibit and principal balance calculations based upon bogus statements that are not considered reliable for any purpose cannot in in good faith be relied upon.

5. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

6. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

7. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

8. Defendants must in good faith deny the statement as to accounts and statements are bogus and therefore cannot be relied upon.

9. Defendant denies the allegations of paragraph 9 in good faith.

10.    Defendant denies the allegations of paragraph 10 in good faith.

11.    Defendant denies the allegations of paragraph 11 in good faith.

12.    Defendant denies the allegations of paragraph 12 in good faith.

Dated: September 18, 2015            **s/ Richard Abrahamsen**
                                     **Richard Abrahamsen Esq.**
                                     **515 Madison Ave, 6th Floor**
                                     **New York, NY 10022**
                                     **201-840-5660**
                                     **201-840-5663(fax)**
                                     **rja.attorney@gmail.com**