**EXHIBIT E**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |

v.

1096-1100 RIVER ROAD ASSOCIATES, LLC;
FRED A. DAIBES, LLC; and FRED A. DAIBES,

                    Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 1096-1100 RIVER ROAD ASSOCIATES, LLC

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that 1096-1100 River Road Associates, LLC produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Peter B. Shapiro, 45 Rockefeller Plaza, New York, New York 10111 within 30 days.

## DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means the BLMIS Accounts set forth in Exhibit A to the Complaint and/or any other BLMIS account in which any Defendant has any interest in any capacity, whether individually or as a fiduciary and whether directly or indirectly.

3.      "Applicable Period" means the period between and including June 26, 2007 through December 31, 2009.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Cohmad" means Cohmad Securities Corporation, any parent, subsidiary, affiliate, division, predecessor, successor, owner, principal, member, officer, director, shareholder, manager, employee, agent or representative thereof, including, without limitation, Maurice "Sonny" Cohn, Marcia Cohn, Milton Cohn, Marilyn Cohn, Robert Jaffe, and Bernard L. Madoff.

6.      "Cohmad Representative" means employees of Cohmad, as well as all FINRA registered representatives, including without limitation, Maurice "Sonny" Cohn, Marcia Cohn, Robert Jaffe, Stanley Mervin Berman, Richard Spring, Alvin "Sonny" Delaire, Jonathan Greenberg, Cyril Jalon, Morton Kurzrok, Linda Schoenheimer McCurdy, and Rosalie Buccellato.

7.      "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

8.      "Defendants" mean 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes.

9.      "Subsequent Transfer" means any transfer of Customer Property (as defined by SIPA § 78*lll*(4)) conveyed by any Defendant to another Person, or any transfer of Customer Property conveyed to another Person or entity prior to being transferred to any Defendant.

10.     "Transfer" or "Transfers" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Defendant(s) by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law.  *See* 11 U.S.C. § 101(54); N.Y. Debt. & Cred. Law § 270.  "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Defendant(s).

11.     "You" or "Your" means 1096-1100 River Road Associates, LLC in any capacity, and/or anyone acting on 1096-1100 River Road Associates, LLC's behalf, including any predecessor-in-interest.

12.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

13.     Reference to any Person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## **INSTRUCTIONS**

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.    All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.    Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employee, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.    You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.    Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies

and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If a Request calls for information Concerning a Transfer, Subsequent Transfer, redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent Transfer, redemption, or withdrawal.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      state the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) and the factual basis for the claim.

10.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.     All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character

Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database load files and production media structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a Confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:    Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      <u>Emails and attachments, and other email account-related Documents</u>:  All

Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft

Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each document in such a manner as to make the

Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.      <u>Documents and data created or stored in or by structured electronic databases</u>:

With the exclusion of email and email account-related Documents and data, all Documents and

accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the Trustee to reasonably manage and import those Documents

into a useable, coherent database.  Documents must be accompanied by reasonably detailed

documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive

file(s), table(s), and field level schemas include:

    a.      XML format file(s);

    b.      Microsoft SQL database(s);

    c.      Access database(s); and/or

    d.      fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated

or stored in software such as Microsoft Excel or other commercially available spreadsheet

programs, as well as any multimedia files such as audio or video, shall be produced in their

native format, along with an accompanying placeholder image in tiff format indicating a native

file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the

relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents Concerning BLMIS, including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

2.      All Documents Concerning the Accounts, including Documents reflecting or Concerning management fees, administrative fees, performance fees or any other fees paid to any Person in connection with the Accounts.

3.      All Document Concerning Cohmad, including without limitation, Documents that refer or relate to meetings with or Concerning Cohmad or the Cohmad Representatives.

4.      All Documents Concerning any Transfers or Subsequent Transfers to You or to any Defendant.

5.      All Documents Concerning any money You received that You understood, believed, or suspected came from the Accounts.

6.      All Documents Concerning Your use, disbursement, or Subsequent Transfer to any Person of any portion of any Transfer.

7.      All Documents Concerning money, property, or anything else of value provided to or received from any other Defendant during the Applicable Period.

8.      All Documents that evidence any value of services and/or products provided to or received from any other Defendant in exchange for any money or other value during the Applicable Period.

9.      All Documents Concerning bank accounts or brokerage accounts, used by You during the Applicable Period, including, but not limited to, Documents reflecting account numbers, account holders and signatories, monthly statements, historical account balance information, incoming and outgoing wire transfer records, copies of checks deposited or drawn on any account, correspondence, and account maintenance Documents including account opening Documents, account closing Documents, and account background Documents.

10.      All Documents You contend support any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

11.      All Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

12.      All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

13.     All organizational Documents relating to You or any entity that is affiliated with

or otherwise related to You through common or affiliated management or otherwise, including,

but not limited to, articles of incorporation; limited partnership, limited liability company or trust

agreements; memoranda of association and articles of association; or any Document with an

equivalent function, each as originally constituted and as amended or otherwise modified

through the date of Your response.


Date:  June 29, 2015


_/s/ Ferve E. Ozturk_____
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas Cremona
Email:  ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of the foregoing was served this 29th day of

June, 2015 by electronic and First Class mail upon the following:

Richard J. Abrahamsen
Abrahamsen Law Firm, LLC
515 Madison Ave., 6th Floor
New York, New York 10022
rja.attorney@gmail.com

*/s/ Ferve E. Ozturk*
*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |

v.

1096-1100 RIVER ROAD ASSOCIATES, LLC;
FRED A. DAIBES, LLC; and FRED A. DAIBES,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRED A. DAIBES LLC

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Fred A. Daibes LLC produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Peter B. Shapiro, 45 Rockefeller Plaza, New York, New York 10111 within 30 days.

## DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means the BLMIS Accounts set forth in Exhibit A to the Complaint and/or any other BLMIS account in which any Defendant has any interest in any capacity, whether individually or as a fiduciary and whether directly or indirectly.

3.      "Applicable Period" means the period between and including January 28, 1999 through December 31, 2009.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Cohmad" means Cohmad Securities Corporation, any parent, subsidiary, affiliate, division, predecessor, successor, owner, principal, member, officer, director, shareholder, manager, employee, agent or representative thereof, including, without limitation, Maurice "Sonny" Cohn, Marcia Cohn, Milton Cohn, Marilyn Cohn, Robert Jaffe, and Bernard L. Madoff.

6.      "Cohmad Representative" means employees of Cohmad, as well as all FINRA registered representatives, including without limitation, Maurice "Sonny" Cohn, Marcia Cohn, Robert Jaffe, Stanley Mervin Berman, Richard Spring, Alvin "Sonny" Delaire, Jonathan Greenberg, Cyril Jalon, Morton Kurzrok, Linda Schoenheimer McCurdy, and Rosalie Buccellato.

7.      "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

8.      "Defendants" mean 096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, and Fred A. Daibes.

9.      "Subsequent Transfer" means any transfer of Customer Property (as defined by

SIPA § 78*lll*(4)) conveyed by any Defendant to another Person, or any transfer of Customer

Property conveyed to another Person or entity prior to being transferred to any Defendant.

10.      "Transfer" or "Transfers" means any conveyance, transmittal, disposition,

remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf

of Defendant(s) by any means including, but not limited to, cash, funds, property, or other value

conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal

from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy

Code or section 270 of the New York Debtor & Creditor Law.  *See* 11 U.S.C. § 101(54); N.Y.

Debt. & Cred. Law § 270.  "Transfer" also includes, but is not limited to, payments or

conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of

Defendant(s).

11.      "You" or "Your" means Fred A. Daibes, LLC in any capacity, and/or anyone

acting on Fred A. Daibes, LLC's behalf, including any predecessor-in-interest.

12.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and

proper nouns shall be construed and interpreted according to their context to give proper

meaning and consistency to the Requests.

13.      Reference to any Person that is not a natural person and is not otherwise defined

herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency,

representative office, predecessor, successor, principal, member, director, officer, shareholder,

manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## **<u>INSTRUCTIONS</u>**

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules

7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.      All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employee, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If a Request calls for information Concerning a Transfer, Subsequent Transfer, redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent Transfer, redemption, or withdrawal.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      state the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) and the factual basis for the claim.

10.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## **MANNER OF PRODUCTION**

1.     All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database load files and production media structure</u>:  Database load files shall

consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in

the case of paper Documents), custodian or Document source information; and (ii) an Opticon

(".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level

folder named "Data," images shall be provided within a root level "Images" folder containing

reasonably structured subfolders, and searchable text files shall be provided in a single root-level

"Text" folder.  If any of the Documents produced in response to these Requests are designated as

confidential pursuant to the Litigation Protective Order, in addition to marking the Documents

with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a Confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information

(where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data

or materials created, stored, or displayed on electronic or electro-magnetic media shall be

produced in the order in which the Documents are or were stored in the ordinary course of

business, including all reasonably accessible metadata, custodian or Document source

information, and searchable text as to allow the Trustee, through a reasonable and modest effort,

to fairly, accurately, and completely access, search, display, comprehend, and assess the

Documents' true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:  All

Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft

Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each document in such a manner as to make the

Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.      Documents and data created or stored in or by structured electronic databases:

With the exclusion of email and email account-related Documents and data, all Documents and

accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the Trustee to reasonably manage and import those Documents

into a useable, coherent database.  Documents must be accompanied by reasonably detailed

documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive

file(s), table(s), and field level schemas include:

a.      XML format file(s);

b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

6.      Spreadsheets, multimedia, and non-standard file types:  All Documents generated

or stored in software such as Microsoft Excel or other commercially available spreadsheet

programs, as well as any multimedia files such as audio or video, shall be produced in their

native format, along with an accompanying placeholder image in tiff format indicating a native

file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the

relative file path to each native file on the production media.  To the extent the party has other

file types that do not readily or easily and accurately convert to tiff and searchable text, the party

may elect to produce those files in native format subject to the other requirements listed herein.

Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents Concerning BLMIS, including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

2.      All Documents Concerning the Accounts, including Documents reflecting or Concerning management fees, administrative fees, performance fees or any other fees paid to any Person in connection with the Accounts.

3.      All Document Concerning Cohmad, including without limitation, Documents that refer or relate to meetings with or Concerning Cohmad or the Cohmad Representatives.

4.      All Documents Concerning any Transfers or Subsequent Transfers to You or to any Defendant.

5.      All Documents Concerning any money You received that You understood, believed, or suspected came from the Accounts.

6.      All Documents Concerning Your use, disbursement, or Subsequent Transfer to any Person of any portion of any Transfer.

7.      All Documents Concerning any real or personal property You received that You understood, believed, or suspected was purchased with money that came from the Accounts.

8.      All Documents Concerning money, property, or anything else of value provided to or received from any other Defendant during the Applicable Period.

9.      All Documents that evidence any value of services and/or products provided to or received from any other Defendant in exchange for any money or other value during the Applicable Period.

10.     All Documents Concerning bank accounts or brokerage accounts, used by You during the Applicable Period, including, but not limited to, Documents reflecting account numbers, account holders and signatories, monthly statements, historical account balance information, incoming and outgoing wire transfer records, copies of checks deposited or drawn on any account, correspondence, and account maintenance Documents including account opening Documents, account closing Documents, and account background Documents.

11.     All Documents You contend support any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

12.     All Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

13.     All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

14.     All organizational Documents relating to You or any entity that is affiliated with

or otherwise related to You through common or affiliated management or otherwise, including,

but not limited to, articles of incorporation; limited partnership, limited liability company or trust

agreements; memoranda of association and articles of association; or any Document with an

equivalent function, each as originally constituted and as amended or otherwise modified

through the date of Your response.

Date: June 29, 2015

*/s/ Ferve E. Ozturk_____*
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas Cremona
Email:  ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 29th day of

June, 2015 by electronic and First Class mail upon the following:

Richard J. Abrahamsen
Abrahamsen Law Firm, LLC
515 Madison Ave., 6th Floor
New York, New York 10022
rja.attorney@gmail.com

*/s/ Ferve E. Ozturk*
*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05390 (SMB) |
| Plaintiff, | |

|  | |
|---|---|
| v. | |
| 1096-1100 RIVER ROAD ASSOCIATES, LLC; FRED A. DAIBES, LLC; and FRED A. DAIBES, | |
| Defendants. | |

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRED A. DAIBES

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Fred A. Daibes produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Peter B. Shapiro, 45 Rockefeller Plaza, New York, New York 10111 within 30 days.

## <u>DEFINITIONS</u>

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means the BLMIS Accounts set forth in Exhibit A to the Complaint and/or any other BLMIS account in which any Defendant has any interest in any capacity, whether individually or as a fiduciary and whether directly or indirectly.

3.      "Applicable Period" means the period between and including January 28, 1999 through December 31, 2009.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

5.    "Cohmad" means Cohmad Securities Corporation, any parent, subsidiary,

affiliate, division, predecessor, successor, owner, principal, member, officer, director,

shareholder, manager, employee, agent or representative thereof, including, without limitation,

Maurice "Sonny" Cohn, Marcia Cohn, Milton Cohn, Marilyn Cohn, Robert Jaffe, and Bernard L.

Madoff.

6.    "Cohmad Representative" means employees of Cohmad, as well as all FINRA

registered representatives, including without limitation, Maurice "Sonny" Cohn, Marcia Cohn,

Robert Jaffe, Stanley Mervin Berman, Richard Spring, Alvin "Sonny" Delaire, Jonathan

Greenberg, Cyril Jalon, Morton Kurzrok, Linda Schoenheimer McCurdy, and Rosalie

Buccellato.

7.    "Complaint" means the complaint filed by the Trustee in this adversary

proceeding.

8.    "Defendants" mean 096-1100 River Road Associates, LLC, Fred A. Daibes, LLC,

and Fred A. Daibes.

9.    "Subsequent Transfer" means any transfer of Customer Property (as defined by

SIPA § 78*lll*(4)) conveyed by any Defendant to another Person, or any transfer of Customer

Property conveyed to another Person or entity prior to being transferred to any Defendant.

10.     "Transfer" or "Transfers" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Defendant(s) by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law. *See* 11 U.S.C. § 101(54); N.Y. Debt. & Cred. Law § 270. "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Defendant(s).

11.     "You" or "Your" means Fred A. Daibes in any capacity, and/or anyone acting on Fred A. Daibes's behalf.

12.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

13.     Reference to any Person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## <u>INSTRUCTIONS</u>

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.     All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employee, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are

called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (iii) if such Documents constitute routing slips,

transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents

should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or

otherwise appended Documents that are referenced in, attached to, included with, or are a part of

the requested Documents.

8.      If a Request calls for information Concerning a Transfer, Subsequent Transfer,

redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the

account name and number for the account the funds were transferred from and to, method of

transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent

Transfer, redemption, or withdrawal.

9.      If any Document, or any part thereof, is not produced based on a claim of

attorney-client privilege, work-product protection, or any other privilege, then in answer to such

Request or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      state the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including
            information about such Persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) and the factual basis for the claim.

10.     Documents should not contain redactions unless such redactions are made to

protect information subject to the attorney-client privilege and/or work product doctrine.  In the

event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in

the case of paper Documents), custodian or Document source information; and (ii) an Opticon

(".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level

folder named "Data," images shall be provided within a root level "Images" folder containing

reasonably structured subfolders, and searchable text files shall be provided in a single root-level

"Text" folder.  If any of the Documents produced in response to these Requests are designated as

confidential pursuant to the Litigation Protective Order, in addition to marking the Documents

with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a Confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information

(where applicable).

       3.      <u>Electronic Documents and data, generally</u>:  Documents and other responsive data

or materials created, stored, or displayed on electronic or electro-magnetic media shall be

produced in the order in which the Documents are or were stored in the ordinary course of

business, including all reasonably accessible metadata, custodian or Document source

information, and searchable text as to allow the Trustee, through a reasonable and modest effort,

to fairly, accurately, and completely access, search, display, comprehend, and assess the

Documents' true and original content.

       4.      <u>Emails and attachments, and other email account-related Documents</u>:  All

Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft

Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each document in such a manner as to make the

Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.      Documents and data created or stored in or by structured electronic databases:

With the exclusion of email and email account-related Documents and data, all Documents and

accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the Trustee to reasonably manage and import those Documents

into a useable, coherent database.  Documents must be accompanied by reasonably detailed

documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive

file(s), table(s), and field level schemas include:

    a.      XML format file(s);

    b.      Microsoft SQL database(s);

    c.      Access database(s); and/or

    d.      fixed or variable length ASCII delimited files.

6.      Spreadsheets, multimedia, and non-standard file types:  All Documents generated

or stored in software such as Microsoft Excel or other commercially available spreadsheet

programs, as well as any multimedia files such as audio or video, shall be produced in their

native format, along with an accompanying placeholder image in tiff format indicating a native

file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the

relative file path to each native file on the production media.  To the extent the party has other

file types that do not readily or easily and accurately convert to tiff and searchable text, the party

may elect to produce those files in native format subject to the other requirements listed herein.

Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents Concerning BLMIS, including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

2.      All Documents Concerning the Accounts, including Documents reflecting or Concerning management fees, administrative fees, performance fees or any other fees paid to any Person in connection with the Accounts.

3.      All Document Concerning Cohmad, including without limitation, Documents that refer or relate to meetings with or Concerning Cohmad or the Cohmad Representatives.

4.      All Documents Concerning any Transfers or Subsequent Transfers to You or to any Defendant.

5.      All Documents Concerning any money You received that You understood, believed, or suspected came from the Accounts.

6.      All Documents Concerning Your use, disbursement, or Subsequent Transfer to any Person of any portion of any Transfer.

7.      All Documents Concerning any real or personal property You received that You understood, believed, or suspected was purchased with money that came from the Accounts.

8.      All Documents Concerning money, property, or anything else of value provided to or received from any other Defendant during the Applicable Period.

9.      All Documents that evidence any value of services and/or products provided to or received from any other Defendant in exchange for any money or other value during the Applicable Period.

10.      All Documents Concerning bank accounts or brokerage accounts, used by You during the Applicable Period, including, but not limited to, Documents reflecting account numbers, account holders and signatories, monthly statements, historical account balance information, incoming and outgoing wire transfer records, copies of checks deposited or drawn on any account, correspondence, and account maintenance Documents including account opening Documents, account closing Documents, and account background Documents.

11.      All Documents You contend support any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

12.      All Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

13.      All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

Date:  June 29, 2015

__/s/ Ferve E. Ozturk_____

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas Cremona
Email:  ncremona@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 29th day of

June, 2015 by electronic and First Class mail upon the following:


Richard J. Abrahamsen
Abrahamsen Law Firm, LLC
515 Madison Ave., 6th Floor
New York, New York 10022
rja.attorney@gmail.com



/s/ Ferve E. Ozturk

*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*