**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01703 (SMB) |
| Plaintiff, | |
| v. | |
| ALIX TOUB, LISINA DELLA SCHIAVA, MARISA BROWN, ARIANE SODI, FIRST TRUST CORPORATION, TTEE, FBO WALTER M. NOEL, JR., NOEL FAMILY LLC, NOEL 2001 TRUST, NOEL 2004 FAMILY TRUST, WALTER M. NOEL, JR. CHILDREN'S TRUST, DECEMBER 12, 1994/WALTER M. NOEL, JR. 1999 IRREVOCABLE TRUST, WALTER AND MONICA NOEL FAMILY FOUNDATION, AND WALTER M. NOEL IRA, | |
| Defendants. | |

## STIPULATION FURTHER STAYING ACTION

IT IS HEREBY STIPULATED AND AGREED, by and between Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and, together with BLMIS, the "Debtors") on the one hand, and Alix Toub, Lisina Della Schiava, Marisa Brown, Ariane Sodi, First Trust Corporation, Trustee, FBO Walter M. Noel, Jr., Noel Family LLC, Noel 2001 Trust, Noel 2004 Family Trust, Walter M. Noel, Jr. Children's Trust, December 12, 1994/Walter M. Noel, Jr. 1999 Irrevocable Trust, Walter M. Noel IRA, and Walter and Monica Noel Family Foundation (the "Defendants"), on the other hand, in each case by and through their respective attorneys, as follows:

1. On December 11, 2008 (the "Filing Date"),[1] the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors. The Complaint alleged, among other things, that the Debtors engaged in fraud through investment advisor activities at BLMIS.

2. On December 15, 2008, the District Court entered the Protective Decree pursuant to SIPA, which, in pertinent part:

   (a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

   (b) Appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (c) Removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Court"), pursuant to section 78eee(b)(4) of SIPA.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under section 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." 15 U.S.C. § 78*lll*(7)(B). Thus, even though the application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

3. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order [Docket No. 252] substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

4. The Trustee asserts that pursuant to SIPA section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the Bankruptcy Code in addition to the powers granted pursuant to SIPA section 78fff(b). Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA.

5. The Trustee asserts that under SIPA he is charged with the responsibility to marshal and liquidate the assets of BLMIS, and to recover customer property for distribution to BLMIS' customers in satisfaction of allowed customer claims. The Trustee further asserts that the assets he has collected to date will be insufficient to reimburse all of the customers of BLMIS for the billions of dollars that they invested over the years, and consequently, the Trustee must use his authority under SIPA and the Bankruptcy Code to pursue recovery from BLMIS Transferees who received preferences and/or fraudulent transfers.

6. The Trustee asserts that he has recovery claims against the Defendants related to preferential or fraudulent transfers made by BLMIS which allegedly were subsequently transferred to the Defendants (the "Subsequent Transfer Recovery Claims") and has filed the present adversary action (the "Recovery Action") to do so. The Defendants do not admit or concede the validity of the Subsequent Transfer Recovery Claims.

7. The Trustee asserts that he is required, pursuant to section 550 of the United States Bankruptcy Code, to file any actions to recover subsequently transferred property,

including the Subsequent Transfer Recovery Claims, within one year of the avoidance of the initial transfer or such recovery actions may be time-barred.

8. The Trustee filed an adversary action against certain defendants including but not limited to Fairfield Sentry Limited, Greenwich Sentry LLP, and Greenwich Sentry Partners LLP seeking to avoid and recover alleged transfers from BLMIS to Fairfield Sentry Limited, Greenwich Sentry LLP and Greenwich Sentry Partners LLP. The Trustee's avoidance and recovery claims against Fairfield Sentry Limited were resolved through a settlement approved by the United States Bankruptcy Court for the Southern District of New York by entries on June 9 and 10, 2011 and a consent judgment entered on July 13, 2011. The Trustee's avoidance and recovery claims against Greenwich Sentry LLP and Greenwich Sentry Partners LLP were resolved through a settlement approved by the United States Bankruptcy Court for the Southern District of New York by an entry on July 8, 2011 and a finalization of the Greenwich Sentry LLP and Greenwich Sentry Partners LLP Chapter 11 Reorganization and consent judgment entered on April 17, 2012.

9. The Trustee filed the present Recovery Action on June 6, 2012. After consultation with representatives of some of the Defendants, the Trustee delayed service of process on the Defendants.

10. The Trustee and the Defendants believe that it is in their mutual best interests to continue the stay of the Recovery Action on the terms set forth in this Stipulation.

11. Accordingly, on February 25, 2013, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered a stipulation and order staying the present action up to and including July 31, 2013 (the "Original Stay Period"), and granting the parties the right to further extend the Original Stay Period by consensual stipulation without

further or additional approval of the Bankruptcy Court. On July 29, 2013 the Trustee and the Defendants agreed to further stay the present Recovery Action to and including December 31, 2013. On December 20, 2013 the Trustee and the Defendants agreed to further stay the present Recovery Action to and including June 30, 2014. On June 27, 2014 the Trustee and the Defendants agreed to further stay the present Recovery Action to and including December 31, 2014. On December 16, 2014 the Trustee and the Defendants agreed to further stay the present Recovery Action to and including June 30, 2015. On June 26, 2015 (as revised July 1, 2015) the Trustee and the Defendants agreed to further stay the present Recovery Action to and including December 24, 2015.

12.   The Trustee and the Defendants agree to further stay the present Recovery Action to and including June 21, 2016 (the "Stay Period").

13.   Nothing herein shall be deemed as any admission of wrongdoing, liability or culpability of any kind by the Defendants.

14.   It is the intent of the parties that this Stipulation and the Stay Period provided hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has such jurisdiction as of the filing of the Recovery Action, to adjudicate any claim, action or proceeding relating to or arising out of the Subsequent Transfer Recovery Claims. The parties to this Stipulation reserve all rights and defenses they may have, and entry into this Stipulation shall not impair or otherwise affect any such rights and defenses, including, without limitation, challenges to service and personal jurisdiction, except that the Defendants agree not to assert any right or defense based on the Trustee's non-prosecution of this action and the Trustee agrees not to assert any right or defense based on Defendants' non-participation in

any motion to dismiss based on extraterritoriality, failure to state a claim, or otherwise during the Stay Period.

15. This Stipulation is without prejudice to the right of the parties to further extend the Stay Period (a) by consensual stipulation without further or additional approval of the Court, or, if such stipulation is not forthcoming, (b) by on Order of the Court after the filing of a motion by the Trustee or Defendants upon appropriate notice to the other parties to the present action.

16. This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subjects covered herein, and no modification of, or amendment to this Stipulation shall be valid unless in writing and signed by the parties.

17. All notices under this Stipulation shall be provided as follows:

<u>As to the Trustee:</u>
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Attn: David Sheehan and
Thomas Long

<u>As to the Defendants:</u>
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Attn: Mark G. Cunha and
Peter E. Kazanoff

18. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York.

19. This Stipulation may be executed in any number of counterparts and by the parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document.

20. The parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute concerning this Stipulation, without prejudice to or waiver of any right to contest jurisdiction or authority of the Bankruptcy Court with respect to any other aspect of the Recovery Action.

Dated: New York, New York
December 15, 2015

<div style="display: flex;">

*s / Peter E. Kazanoff*
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Fax: (212) 455-2502
Mark G. Cunha
Email: mcunha@stblaw.com
Peter E. Kazanoff
Email: pkazanoff@stblaw.com

*Attorneys for Defendants for the Limited Purpose of this Stipulation Only*

*s/ Thomas L. Long*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Thomas L. Long
Email: tlong@bakerlaw.com
Mark A. Kornfeld
Email: mkornfeld@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

</div>