Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696 – 1999
Facsimile: (212) 566 – 4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)
Raquel Kraus, Esq. (RK9556)

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| | : | |
| Plaintiff-Applicant, | : | No. 08-01789 (BRL) |
| | : | |
| v. | : | |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------X

In re:                                                                :

BERNARD L. MADOFF,                                  :

       Debtor.                                              :

---------------------------------------------------------------X

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | : | Adv. Pro. No. 10-ap-5021 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STANLEY GORDON BENNETT III 1988 TRUST, STANLEY GORDON BENNETT III, individually and in his capacity as settlor and trustee of the Stanley Gordon Bennett III 1988 Trust, | : | |

1

|  Defendants. | : |
|---|---|

-----------------------------------------------------------------X

## DEFENDANTS' ANSWER

Defendants Stanley Gordon Bennett III 1988 Trust, and Stanley Gordon Bennett III, individually and in his capacity as settlor and trustee of the Stanley Gordon Bennett III 1988 Trust ("Defendants"), by and through their attorneys, Lax & Neville LLP, respond to Plaintiff Irving H. Picard's Complaint dated November 12, 2010, as follows, upon knowledge as to themselves and their own acts and upon information and belief as to all other matters:

## NATURE OF PROCEEDING

1. Defendants admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refers the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein. To the extent a response is required, Defendants expressly deny receipt of avoidable transfers, and deny knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 1.

2. Paragraph 2 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. Paragraph 3 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4.      The allegations of Paragraph 4 that that this Court has jurisdiction over this adversary proceeding are legal conclusions to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4, and refer the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in Paragraph 4 of the Complaint), the SIPA Proceeding (as defined in Paragraph 4 of the Complaint and in the criminal action against Bernard L. Madoff.

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or arguments as to which no response is required.

**DEFENDANT**

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants admit the allegations of Paragraph 8.

**BACKGROUND, THE TRUSTEE AND STANDING**

9.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, except admit that on information and belief, that Madoff was arrested on December 11, 2008, and refer the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 9 consists of a legal conclusion to which no response is required.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and refer the Court to the referenced order for the complete contents therein.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 11.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Paragraph 16 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Paragraph 17 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Paragraph 18 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge

and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Paragraph 19 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

## THE FRAUDULENT PONZI SCHEME

20. Defendants admit, upon information and belief, that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC, and admits that at certain times BLMIS had an office at 885 Third Avenue, New York, New York. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendants admit that they received monthly statements but Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23. To the extent that Plaintiff relies on Madoff's Plea Allocution for the allegations in Paragraph 23, Defendants refer the Court to the referenced plea allocution for the complete contents therein.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Paragraph 26 consists of certain legal conclusions and/or arguments for which no response is required. To the extent a response is required, Defendants deny that any monies sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. Paragraph 27 consists of certain legal conclusions and/or arguments for which no response is required. To the extent a response is required, Defendants deny that any monies sent to BLMIS were used to enrich Defendants and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

## **THE TRANSFERS**

35. Defendants admit that they maintained an account with BLMIS, and that Defendants received periodic customer statements, confirmations and other communications from BLMIS. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36. Defendants admit that they made deposits to and received withdrawals from their BLMIS account. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint, except they admit that they received certain transfers from, and made certain transfers to, their account at BLMIS during the six years prior to the Filing Date, but state that only the transfers made during the two years prior to the Filing Date may be the subjects of claims for avoidance in this adversary proceeding under applicable law and governing jurisprudence. *See* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust*, 773 F.3d 411 (2d Cir. 2014), *cert denied,* 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).

38. Defendants state that the allegations of Paragraph 38 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint

7

except that Defendants admit that they received certain transfers from, and made certain transfers to, their account at BLMIS during the six year period and the two year period prior to the Filing Date, but state that only the transfers made during the two years prior to the Filing Date may be the subjects of claims for avoidance in this adversary proceeding under applicable law and governing jurisprudence. *See* 11 U.S.C. § 546(e); *Picard v. Ida Fishman Revocable Trust*, 773 F.3d 411 (2d Cir. 2014), *cert denied,* 135 S. Ct. 2858 *and* 135 S. Ct. 2859 (2015).

39.  The allegations of Paragraph 39 of the Complaint were dismissed in their entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this Adversary Proceeding (ECF No. 47). Defendants therefore make no answer to Paragraph 39.

40.  The allegations of Paragraph 40 of the Complaint were dismissed in their entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLP,* 521 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in this Adversary Proceeding (ECF No. 47). Defendants therefore make no answer to Paragraph 40.

41.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint. Defendants further state that Paragraph 42 does not make any allegation against any Defendants. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 41 of the Complaint.

42.  The allegations contained in Paragraph 42 are legal conclusions for which no response is required.

## CUSTOMER CLAIMS

43. Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

## COUNT ONE

### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

47. Defendants respond to Paragraph 47 of the Complaint as they have responded to the allegations incorporated by reference therein.

48. Paragraph 48 consists of certain legal conclusions and/or arguments for which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form and belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, except admit that Defendants received certain transfers from BLMIS during the two years prior to the Filing Date.

49. Defendants state that the allegations of Paragraph 49 of the Complaint are legal conclusions or arguments for which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

50. The allegations contained in Paragraph 50 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. The allegations contained in Paragraph 51 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 51.

52. The allegations contained in Paragraph 52 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 52.

## COUNT TWO

## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

**Note for Answer to Count Two**: This count was dismissed in its entirety pursuant to the Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceeding to This Adversary Proceeding, dated November 4, 2015. Accordingly, Defendants make no answer to Paragraphs 53-61 of the Complaint.

## COUNT THREE

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Three**: This count was dismissed in its entirety pursuant to the Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceeding to This Adversary Proceeding, dated November 4, 2015. Accordingly, Defendants make no answer to Paragraphs 62-66 of the Complaint.

## COUNT FOUR

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Four**: This count was dismissed in its entirety pursuant to the Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceeding to This Adversary Proceeding, dated November 4, 2015. Accordingly, Defendants make no answer to Paragraphs 67-72 of the Complaint.

## COUNT FIVE

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Five**: This count was dismissed in its entirety pursuant to the Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceeding to This Adversary Proceeding, dated November 4, 2015. Accordingly, Defendants make no answer to Paragraphs 73-78 of the Complaint.

## COUNT SIX

## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

**Note for Answer to Count Six**: This count was dismissed in its entirety pursuant to the Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceeding to This Adversary Proceeding, dated November 4, 2015. Accordingly, Defendants make no answer to Paragraphs 79-84 of the Complaint.

## COUNT SEVEN

## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§544, 548, 550(a) AND 551

**Note for Answer to Count Seven**:  This count was dismissed in its entirety pursuant to the Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceeding to This Adversary Proceeding, dated November 4, 2015.  Accordingly, Defendants make no answer to Paragraphs 85-90 of the Complaint.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, Defendants request entry of judgment against Plaintiff Trustee as follows, for:

(i) Dismissal of the Complaint in its entirety with prejudice, on the merits;

(ii) All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii) Such other and further relief as the Court deems proper.

Dated:  December 16, 2015
        New York, New York

                              **LAX & NEVILLE LLP**

                              By: */s/ Brian J. Neville*_____
                                   Brian J. Neville, Esq. (BN8251)
                                   1450 Broadway, 35th Floor
                                   New York, NY 10018
                                   Telephone:  (212) 696-1999
                                   Facsimile:  (212) 566 – 4531

                                   *Attorneys for Defendants*