# EXHIBIT K

08-01789-cgm Doc 12291-11 Filed 12/18/15 Entered 12/18/15 17:51:23 Exhibit K Pg 1 of 7

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

July 24, 2009

Susanne S. Marshall

Dear Ms. Marshall:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB417 designated as Claim Number 000402:

Your claim for a credit balance of $22,408.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $30,000.00, which is the amount of money you deposited with BLMIS for the purchase of securities, less zero ($0.00) withdrawals, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300023928.1

MWPTAP01021007

| – Table 1 – | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 2/21/2002 | TRANS FROM 1ZA89530 | $105,813.70 | $30,000.00 |
| 4/23/2002 | TRANS FROM 1ZA89530 | $105.48 | $0.00 |
| **Total Deposits:** | | $105,919.18 | $30,000.00 |
| **WITHDRAWALS** | | | |
| **Total Withdrawals:** | | $0.00 | $0.00 |
| **Total deposits less withdrawals:** | | $105,919.18 | $30,000.00 |

As reflected in Table 1, certain of the transfers into your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has looked at accounts based on a money in/money out analysis (i.e., has the investor deposited more or less then he or she withdrew from BLMIS). The Trustee uses this analysis to determine which part of an account's balance is made up of deposits of principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of deposited principal determined to be remaining in the customer's account.

The Trustee's staff has analyzed whether transfers from one account to another account have involved principal and/or fictitious profits. The available principal in the former account has been transferred to and credited in the transferee account. The reason that the adjusted amount of transferred deposits in Table 1 is less than the purported transferred amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount reflected on your account statement and the adjusted transferred amount is the amount of fictitious gain that was transferred to your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

Your **ALLOWED CLAIM** of $30,000.00 will be satisfied in the following manner:

The enclosed **RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **RELEASE AND ASSIGNMENT**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $30,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the

grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after July 24, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

> *[signature]*
> Irving H. Picard

> Trustee for the Liquidation of the Business of
> Bernard L. Madoff Investment Securities LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

---

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that SUSANNE S. MARSHALL, located at ███████████████████████████████ (hereinafter referred to as the "Assignor") in consideration of the payment of $30,000.00 to satisfy her claim for customer protection (the "Customer Claim", having been designated Claim #000402) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for herself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1ZB417, the "BLMIS Account"), which gave rise to the allowed Customer Claim for securities filed by

300023935.1

MWPTAP01021010

Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $30,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated July 24, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may

MWPTAP01021011

have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
Susanne S. Marshall

Sworn and subscribed before me this
_____ day of _____, 2009.

_____
Notary Public

300023935.1

3

MWPTAP01021012