Dentons US LLP  
Carole Neville  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 768-6700  
Facsimile: (212) 768-6800  
carole.neville@dentons.com  

Hearing Date: January 27, 2016  
Hearing Time: 10:00 a.m. (EST)  
Objections Due: January 5, 2016  
Objection Time: 4:00 p.m. (EST)  

*Attorneys for Elliott J. Goldstein MD PC*  
*Money Purchase Pension Trust*  
*Elliott Goldstein*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                Plaintiff, <br><br>v. <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation |

**OBJECTION TO TRUSTEE'S SEVENTH OMNIBUS MOTION TO DISALLOW CLAIMS AND OVERRULE OBJECTIONS OF CLAIMANTS**

The Elliott J. Goldstein MD PC Money Purchase Pension Trust (the "Goldstein Pension Trust "), through its counsel, hereby objects to the Trustee's Seventh Omnibus Motion To Disallow Claims and Overrule Objections of Claimants based upon the following:

**BACKGROUND**

1. In or about December 1993, Elliott Goldstein opened an account (Account No. 1-CM255-3 and 1-CM255-4) with Bernard L. Madoff Investment Securities LLC ("Madoff") in the name of the Elliott J. Goldstein MD PC Money Purchase Pension Trust (the "Goldstein Pension Trust Account"). The Goldstein Pension Trust is a "customer" of Madoff, as defined by the Securities Investor Protection Act ("SIPA").

2. From the creation of the Goldstein Pension Trust Account, the Goldstein Pension Trust received regular communications from Madoff, including monthly statements, trade confirmations, and quarterly portfolio management reports. However, the Goldstein Pension Trust did not retain documentation of the transactions in its account from its creation.

3. The Goldstein Pension Trust Account's final Madoff statement dated November 30, 2008 (the "Final Madoff Statement") shows that the Goldstein Pension Trust owned securities with a market value of $13,172,848 in the Goldstein Pension Trust Account. A copy of the Final Madoff Statement is annexed to the Goldstein Pension Trust Customer Claim (defined below).

4. On December 11, 2008, an action was commenced against Madoff by the Securities & Exchange Commission in the United States District Court for the Southern District of New York. On December 15, 2008, this liquidation proceeding was commenced pursuant to the SIPA. *See* Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("Trustee"), charged, *inter alia*, with overseeing the liquidation of Madoff and processing customer claims for money pursuant to SIPA. *Id.*; 15 U.S.C. § 78fff-1(a).

5. On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to Madoff customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12].

6. On or about June 10, 2009, the Goldstein Pension Trust timely filed a claim for the Goldstein Pension Trust Account for securities (the "Goldstein Pension Trust Customer Claim") based on the November 30, 2008 Final Madoff Statement in the amount of

$13,172,848. Claim No. 7981.[1] A copy of the Goldstein Pension Trust Customer Claim with the Final Madoff Statement is attached hereto as Exhibit A. In addition, the Goldstein Pension Trust included documentation of the transactions establishing a net equity claim. Specifically, the claim documented $2,079,914.96 in deposits and $1,530,000 in withdrawals.

7. On October 19, 2009, the Trustee sent the Goldstein Pension Trust a Determination Letter rejecting the Goldstein Pension Trust Customer Claim and stating that the Goldstein Pension Trust is not entitled to a payment because (a) no securities were purchased for the Goldstein Pension Trust Account and (b) the Goldstein Pension Trust Account does not have a positive net equity because more funds had been withdrawn than deposited into the account. The schedule attached to the Determination Letter (attached hereto as Exhibit B) included four additional transactions that were not included in the Goldstein Pension Trust Customer Claim: a withdrawal on 1/3/1996 for $150,000; a withdrawal on 12/24/1996 for $150,000; a withdrawal on 12/4/2000 for $200,000 and a withdrawal on 10/1/2008 for $100,000. These additional transactions put the account in a negative position of slightly more than $50,000.

8. On or about November 18, 2009, the Goldstein Pension Trust filed its objection to the Determination Letter. [Dkt. No. 895]

9. The Goldstein Pension Trust has recovered the documentation for the withdrawal transaction in 2008. However, it does not have a record of the other additional withdrawals listed by the Trustee on the Determination Letter.

## GROUNDS FOR OBJECTION

10. In the Goldstein Pension Trust's objection to the Trustee's Determination Letter, it objected to the determination on the grounds that the Trustee's calculation of the net equity

---

[1] A duplicate claim was given the number 009493.

had not been documented: "[the Determination Letter] includes an exhibit, which purportedly calculates the money deposited less subsequent withdrawals without any supporting documentation, that is completely unsubstantiated and incorrect.  To the extent that the Trustee's "'reconciliation'" differs from the Goldstein Pension Trust Customer Claim, the Trustee should produce evidence supporting his "'reconciliation.'"  The Trustee has not produced the documentation substantiating his calculation.

11. In fact, claimants have learned that the Trustee has no third party documents (trading or banking records) supporting his contentions regarding withdrawals and deposits prior to 1998.  He relies in all instances for the pre 1998 time period primarily on the BLMIS statements, which for purposes of asserting a customer claim, the Trustee disavows as unreliable and false.

12. Accordingly, the Trustee has not established grounds for disallowing the Goldstein Pension Trust Customer Claim.

## RELIEF REQUESTED

For the reasons stated herein, the Trustee's Seventh Omnibus Objection to Claims should be overruled and the Goldstein Pension Trust Customer Claim should be allowed unless and until the Trustee can produce competent evidence of the alleged additional withdrawals.

Dated: December 21, 2015                    DENTONS US LLP

                                            By:   /s/ Carole Neville
                                                  Carole Neville
                                                  1221 Avenue of the Americas
                                                  New York, New York 10020
                                                  Telephone:  (212) 768-6700
                                                  Facsimile:  (212) 768-6800

                                                  *Attorneys for Elliott J. Goldstein MD PC*
                                                  *Money Purchase Pension Trust*
                                                  *Elliott Goldstein*

## CERTIFICATE OF SERVICE

    I, Carole Neville, hereby certify that on December 21, 2015 I caused a true and correct copy of the foregoing **Objection to Trustee's Seventh Omnibus Motion** on behalf of Elliott J. Goldstein MD PC Money Purchase Pension Trust to be filed electronically with the Court and served upon the parties in this action who receive electronic service through CM/ECF, and served by hand upon:

        David J. Sheehan, Esq.
        Jorian L. Rose, Esq.
        Baker & Hostetler LLP
        45 Rockefeller Plaza
        New York, NY 10111

                                    */s/ Carole Neville*
                                    Carole Neville