**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Keith R. Murphy, Esq.
Nicholas J. Cremona, Esq.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Presentment Date: December 28, 2015 at 12:00 PM

Objections due: December 23, 2015

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC and the Estate of Bernard L. Madoff,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID GROSS and IRMA GROSS Individually and as Joint Tenants,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 10-04667 (SMB) |

**RESPONSE OF IRVING H. PICARD, TRUSTEE, TO NOTICE OF PRESENTMENT OF AN ORDER GRANTING DEFENDANTS TIME TO RETAIN NEW COUNSEL, AND ACCOMPANYING DECLARATION OF HELEN DAVIS CHAITMAN**

Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities, LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits this Response to the Notice of Presentment of an Order Granting Defendants Time to Retain New Counsel, and Accompanying Declaration of Helen Davis Chaitman, filed on December 17, 2015.

## I. BACKGROUND

1. On December 1, 2010, the Trustee filed a Complaint against David and Gross and Irma Gross as Joint Tenants ("Defendants"). Adv. Pro. No. 10-04667 at Dkt. No. 1.[1]

2. On April 1, 2011, Helen Davis Chaitman and Peter W. Smith of Becker & Poliakoff LLP filed a Notice of Appearance on behalf of the Defendants. Dkt. No. 6.

3. On August 13, 2015, Ms. Chaitman filed an Answer to the Complaint on behalf of the Defendants. Dkt. No. 57.

4. On October 5, 2015, Ms. Chaitman, now of Chaitman LLP, filed a Notice of Appearance on behalf of the Defendants. Dkt. No. 61.

5. On November 9, 2015, Becker & Poliakoff LLP, Ms. Chaitman's former firm, filed a Notice of Presentment of an Order Granting Application to Withdraw as Counsel. Dkt. No. 62. The Court entered an Order granting the Application to Withdraw on November 23, 2015. Dkt. No. 63.

---

[1] The Complaint was also filed against NTC & Co. LLP ("NTC"). Dkt. No. 1. The parties stipulated to the dismissal of NTC without prejudice on May 11, 2011. Dkt. No. 10.

6. On December 17, 2015, approximately two months after filing a notice of appearance through Chaitman LLP, Ms. Chaitman filed a Notice of Presentment of an Order Granting Defendants Time to Retain New Counsel ("Notice of Presentment"), seeking to withdraw from this adversary proceeding. Ms. Chaitman's grounds for withdrawing from the case are that the "Defendants have never retained Chaitman LLP as their counsel and Chaitman LLP does not choose to represent the Defendants." Dkt. No. 67-1 (Chaitman Declaration).

## II. SUMMARY OF POSITION

7. The Notice of Presentment raises two issues of concern for the Trustee. First, the Trustee at this time is unsure of which clients have actually retained Ms. Chaitman and Chaitman LLP. Because Ms. Chaitman filed a notice of appearance in this case, as well as over 100 others, and because Ms. Chaitman now takes the position that she is not counsel for the Defendants and did not have an engagement agreement with them, it is unclear which Defendants have actually retained Chaitman LLP. The Trustee is in the midst of discovery in these cases, and must receive an accurate listing of defendants and adversary proceedings in which Ms. Chaitman and Chaitman LLP are counsel.

8. Second, the Trustee is concerned that the sudden withdrawal of Ms. Chaitman, after more than four years of representing the Defendants, and after Becker & Poliakoff had formally withdrawn as counsel, is fundamentally unfair to the Defendants.

## III. THE TRUSTEE REQUESTS A CURRENT LIST OF CHAITMAN LLP'S CLIENTS

9. The Trustee's initial disclosure procedures allow the recipient to have confidential access to certain electronic files based on whom the recipient represents. Because of Ms. Chaitman's request to withdraw from this case despite her notice of appearance on behalf of the Defendants, based on her position that she was never retained, the Trustee has no way of knowing whom

3

Chaitman LLP actually and currently represents. The Trustee is concerned that he is unable to depend on Chaitman LLP's notices of appearance, or whether she will gain access to confidential information on behalf of or in connection with defendants she does not actually represent.

10. Rather than speculate as to which clients Chaitman LLP actually represents, the Trustee requests a detailed listing from Chaitman LLP of its current clients and corresponding adversary proceedings. The absence of that list may unnecessarily delay adversary proceedings in which Chaitman LLP has filed notices of appearance.

### IV.    CHAITMAN LLP'S PROPOSED WITHDRAWAL WILL POTENTIALLY DELAY AND DISRUPT THIS ADVERSARY PROCEEDING

11. Ms. Chaitman and counsel for the Trustee were before this Court on December 16, 2015, and Mr. Gross appeared by telephone to participate in a conference in this adversary proceeding. The Court advised Mr. Gross that he must go through his counsel to address the Trustee's adversary proceeding.

12. The Trustee advised the Court during that conference that there is a case management order in place, that the parties are in discovery, and that initial disclosures were due in five days, on December 21, 2015. The day following that conference, Ms. Chaitman filed her motion to withdraw as counsel, stating that she was not retained and chooses not to represent the Defendants.

13. Ms. Chaitman has represented the Defendants since April 1, 2011 when she entered an appearance through her previous firm, Becker & Poliakoff LLP. When Ms. Chaitman left Becker & Poliakoff she took with her all of the Madoff matters she was handling. Becker & Poliakoff filed notices of withdrawal in those matters, including this adversary proceeding. When Ms. Chaitman left Becker & Poliakoff, she continued to represent the Defendants, and filed a notice of appearance through her new firm, Chaitman LLP.

4

14. The Trustee believes that Ms. Chaitman has been collecting fees from the Defendants from the outset of this adversary proceeding. Moreover, there have been no representations made that the Defendants have failed to pay Ms. Chaitman at any time during the four years she has represented them.

15. The Trustee recognizes that the attorney-client relationship is ultimately between Ms. Chaitman and the Defendants. Nevertheless, after more than four years of representation, it seems fundamentally unfair that the Defendants are suddenly abandoned on the eve of the commencement of their discovery obligations.[2]

Dated: New York, New York
December 23, 2015

*/s/ Keith R. Murphy*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
Keith R. Murphy, Esq.
Nicholas J. Cremona, Esq.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

---

[2] The Trustee does not object to, and will consent to, the requested 30-day extension of the deadlines in this matter.

5