**CHAITMAN LLP**　　　　　　　　　　　　　　　Hearing Date: January 27, 2016
Helen Davis Chaitman　　　　　　　　　　　　Time: 10:00 a.m.
465 Park Avenue
New York, New York 10022　　　　　　　　　　Objection Due: January 13,2016
(888) 759-1114
hchaitman@chaitmanllp.com

*Attorneys for Aaron Blecker*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　Debtor. | |

## AARON BLECKER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE TO ALLOW HIS SIPC CLAIM

{00017422 1 }

**Statement of Facts**

Aaron Blecker is 104 years old. He opened a Madoff account in 1986. In sum, he deposited $200,000 with Madoff and never withdrew any money. Over the life of his investment, he paid the Internal Revenue Service over $900,000 on the capital gains that Madoff reported. In 2009, he filed a SIPC claim with the Trustee for $2,625,435.95 representing the balance on his last statement from Bernard L. Madoff Investment Securities LLC. He is still waiting for the Trustee to allow his claim for the $200,000 he invested.

The Trustee refused to allow his claim on the pretext that Blecker had invested only $200,000 and had withdrawn, prior to 1998, $261,633.94. When Blecker demanded that the Trustee produce the front and back of the checks evidencing the alleged withdrawals, the Trustee claimed it was Blecker's burden to prove that he did not receive the checks and the Trustee had no obligation to produce them. Blecker explained that he did not have bank records pre-dating 1998. Ultimately, after litigation was instituted, the Trustee admitted that he did not have Madoff's cancelled checks predating 1998. When Blecker demanded that the Trustee produce letters from Blecker to Madoff requesting withdrawals in the 1980's and 1990's, the Trustee admitted that he has no such letters.

The basis on which the Trustee claims that Blecker withdrew funds from his account are entries from the 1980's and 1990's which state, for example:

9/13/1984    CHECK HOUSEHOLD INTL        ($5,654.50)

The Trustee deposed Blecker and produced no document from Blecker requesting that Madoff send checks to him. Madoff has given a declaration explaining that he never transferred funds to customers who did not submit a written request for such

funds and that, when he received such letters, he always retained them. This makes perfect sense: no investment advisor would send funds to a customer who had invested through the investment advisor without specific instructions to do so. And, in the 1980's and 1990's, there were no recorded phone lines. Any investment advisor would have insisted upon a written request for a withdrawal. Thus, if Blecker had requested withdrawals, the Trustee would have the original letter requesting any such withdrawal.

These facts are set forth in the sworn statements of Aaron Blecker dated May 20, 2014 (ECF #6761) and the Declaration of Bernard L. Madoff sworn to on November 17, 2015. Based on these sworn statements, we ask the Court to order the Trustee to immediately pay to Blecker the sum of $200,000 with interest in view of the Trustee's wrongful refusal to pay Blecker's claim in a timely manner.

## LEGAL ARGUMENT

Under 15 U.S.C. §78fff-2(b), the Trustee is required to "promptly discharge . . . all obligations of the debtor" including the obligation to pay the debtor the balance in his account. The Trustee waited until 2014 to reveal, under pressure, that he had construed the ambiguous entries on Blecker's 1980 – 1990 statements as withdrawals even though Madoff had never received a request for a withdrawal from Blecker and even though, but for these ambiguous entries, even the Trustee acknowledged that Blecker took no withdrawals from his account.

## CONCLUSION

We ask that the Court order the Trustee to immediately pay to Blecker the $200,000 that should have been paid to him in 2009 – with interest in view of the Trustee's improper conduct.

Dated: December 28, 2015  
New York, New York

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*  
Helen Davis Chaitman  
465 Park Avenue  
New York, New York 10022  
(888) 759-1114  
hchaitman@chaitmanllp.com

*Attorneys for Aaron Blecker*