**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

December 29, 2015

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 08-01789 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff.

      On December 28, 2015, Helen Chaitman, Esq. filed a document entitled Notice of Motion for an Order Compelling the Trustee to Allow Aaron Blecker's SIPC Claim with various attachments (the "Motion").  ECF No. 12319.  The Motion states that opposition papers are due on January 13, 2016 and that a hearing is scheduled before this Court on January 27, 2016.

      The Trustee has numerous bases on which to oppose the relief requested, as the Motion is not founded in law or fact.  However, the Trustee submits that the Motion should be stricken from the docket as it was improperly filed in violation of two orders of this Court.

      First, the Motion violates this Court's order of December 23, 2008 (the "Claims Procedures Order").  ECF No. 12.  That order sets forth the framework for the filing, determination, and adjudication of claims in this proceeding.  Relevant to the instant dispute, the Claims Procedures Order provides that where a claimant files an objection to the Trustee's determination of a customer claim, the Trustee must obtain a hearing date and notify the claimant thereof.  Order at 6-7.  These procedures have been consistently approved and utilized in SIPA cases since SIPA's enactment in 1970.  *See Peskin v. Picard*, 413 B.R. 137, 143 n.9 (Bankr. S.D.N.Y. 2009) (citing SIPA cases).

Stuart M. Bernstein
December 29, 2015
Page 2

Rather than adhere to the Claims Procedures Order, Mr. Blecker seeks to jump the line by way of his Motion. This Court should require Mr. Blecker to follow the claims determination process mandated by the Claims Procedures Order. *See Peskin*, 413 B.R. at 144.[1] Otherwise, the adjudication of claims disputes could become unwieldy and unfair to those customers who adhere to the Claims Procedures Order. *Id.* at 143-46.

Second, the Motion violates the procedures "so ordered" by this Court regarding the litigation of the profit withdrawal issue (the "Profit Withdrawal Scheduling Order"), ECF No. 10266, which order is an amplification of the Claims Procedures Order. The Profit Withdrawal Scheduling Order establishes a coordinated process whereby all parties in interest can be heard on the issue of the Trustee's treatment of profit withdrawal transactions. The Trustee filed his motion and supporting legal memorandum on July 14, 2015 and has made substantial initial and supplemental expert disclosures in support of his motion, as contemplated by the Profit Withdrawal Scheduling Order.

Although the Motion carefully avoids any reference to profit withdrawal transactions, Ms. Chaitman has filed several documents with this Court on behalf of Mr. Blecker indicating that the nature of his claims dispute is the Trustee's treatment of profit withdrawal transactions in his account. *See, e.g.*, Customers' Memorandum of Law in Opposition to the Trustee's Method for Valuing Inter-Account Transfers at 4-6, ECF No. 6708; Objection to the Trustee's Motion for Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, ECF No. 9507. To permit Mr. Blecker, whose claims dispute undoubtedly revolves around the profit withdrawal issue, to litigate his claims issue outside of the Profit Withdrawal Scheduling Order only invites other claimants to disregard the procedures established by this Court for the coordinated resolution of the profit withdrawal issue. Although Ms. Chaitman objected on behalf of Mr. Blecker to the Trustee's initial motion on scheduling of the profit withdrawal issue, ECF No. 9357, that motion was subsequently withdrawn. ECF No. 10016. Mr. Blecker did not object to the Trustee's amended motion on scheduling of the profit withdrawal issue, ECF No. 10017, prior to entry of the Profit Withdrawal Scheduling Order. ECF No. 10266. And since that time, Mr. Blecker has indicated through Ms. Chaitman that he will litigate the profit withdrawal issue. See Exhibit A attached hereto. Accordingly, Mr. Blecker should not be permitted to litigate his claims dispute outside of the procedures already established by this Court.[2]

---

[1] Counsel for Mr. Blecker represented the plaintiffs in *Peskin v. Picard*, in which this Court previously denied an attempt to circumvent the Claims Procedures Order. 413 B.R. at 143-46.

[2] In addition to his participation in the profit withdrawal proceedings, Mr. Blecker is a party to an appeal of this Court's inter-account transfer decision, which also impacts the adjudication of his claim. Order Affirming Application of the Trustee's Inter-Account Method to the Determination of Transfers Between BLMIS Accounts, ECF No. 8857. The appeal is sub judice before Judge Engelmayer of the Southern District of New York. *In re Bernard L. Madoff Inv. Sec. LLC*, No. 15-cv-01236 (S.D.N.Y.).

Stuart M. Bernstein
December 29, 2015
Page 3

      For the foregoing reasons, the Motion should be stricken or, in the alternative, the opposition deadline and hearing date for the Motion should be adjourned to coincide with the schedule set by this Court in the Profit Withdrawal Scheduling Order.

      The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,


*/s/ David J. Sheehan*

David J. Sheehan


cc:    Helen Davis Chaitman, Esq.
       Kevin H. Bell, Esq.
       Seanna R. Brown, Esq.
       Nicholas J. Cremona, Esq.
       Amy E. Vanderwal, Esq.