# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

December 30, 2015

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC,* No. 08-01789 (SMB)
             <u>Motion of Aaron Blecker for Determination of Claim</u>

Dear Judge Bernstein:

      I write on behalf of Aaron Blecker in response to the December 29, 2015 letter from David J. Sheehan, counsel for the Trustee, regarding the motion of Aaron Blecker for determination of his claim, returnable January 27, 2016. For the reasons set forth herein, I urge the Court to hear and determine Mr. Blecker's motion.

    **1.**    **SIPA requires that customer claims be promptly paid.**

      The SIPA statutory scheme requires the Trustee to promptly satisfy customer claims:

> In order to provide for **prompt** payment and satisfaction of net equity claims of customers of the debtor, SIPC shall advance to the trustee such moneys, not to exceed $500,000 for each customer, as may be required to pay or otherwise satisfy claims for the amount by which the net equity of each customer exceeds his ratable share of customer property . . .

SIPA § 78fff–3(a) (emphasis added).

      There is nothing in the Claims Procedure Order which does, or could, negate the statutory mandate. The Claims Procedure Order simply provides that the Trustee must obtain a hearing date on any objection to his determination of a claim. Surely, it is not a reasonable interpretation of the Order that the Trustee can wait seven or eight years to obtain a hearing date.

    **2.**    **Mr. Blecker's claim is clear on its face**

      Mr. Blecker has a very simple claim for $200,000 which should have been paid to him in 2009 when he was 98 years old. He is now 104 years old and his claim has still not been paid.

{00017614 1 }

CHAITMAN LLP

Honorable Stuart M. Bernstein
December 30, 2015
Page 2

Mr. Blecker's motion is based upon facts which the Trustee cannot refute, despite having taking Mr. Blecker's deposition on July 1, 2014 – 18 months ago. See Exhibit A hereto. Mr. Blecker testified in his deposition that he never withdrew any money from his Madoff accounts over the entire life of the accounts, since the 1980's. The Trustee has not produced a single letter from Mr. Blecker in which Mr. Blecker requested a withdrawal and the Trustee does not have a single cancelled check evidencing a distribution to Mr. Blecker.

As the declaration of Mr. Madoff makes clear, Mr. Madoff did not send checks to customers unless they asked for checks to be sent to them, in writing. Mr. Madoff explains that in the 1980's and 1990's – the period when the Trustee claims Mr. Blecker received distributions – there were no recorded phone lines and, therefore, he would never send money to a customer without a written request. His declaration states that he retained all such letters and the Trustee has not produced a single letter from Mr. Blecker requesting a withdrawal.

Thus, the simple factual record before the Court compels the payment of Mr. Blecker's $200,000 claim. It is truly absurd for the Trustee to argue, eight years after his appointment as Trustee, that Mr. Blecker – at the age of 104 – is seeking "to jump the gun."

3.     **The profit withdrawal issue is a red herring**

Mr. Blecker may not be alive by the time the profit withdrawal issue is determined. Moreover, on that issue, the Trustee is relying, not on facts, but on reams of "experts" reports because he does not have the facts to support his methodology. However, the complex issues raised by the profit withdrawal methodology are not applicable here. Based solely on the declarations of Mr. Blecker and Mr. Madoff, Mr. Blecker is indisputably entitled to payment of his claim of $200,000.

For these reasons, we ask that the Court hear the motion on January 27th. If the Trustee can convince the Court that Mr. Blecker's claim cannot be determined absent consideration of experts' reports, so be it. But at least Mr. Blecker would have been given his day in court. At the age of 104, and after waiting eight years, surely he is entitled to that.

Yours respectfully,

/s/ *Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encl.

cc:    *Via ECF and Email:*
        David J. Sheehan, Esq.
        Kevin H. Bell, Esq.

{00017614 1 }