# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 30, 2015

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   Adv. Pro. No. 10-04658 (SMB); *Picard v. Carol Nelson*; and Adv. Pro. No. 10-04377 (SMB); *Picard v. Carol Nelson and Stanley Nelson, JTWROS.*

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, with respect to a discovery dispute in the above-referenced adversary proceedings.

      Despite numerous written letters and two telephonic conferrals,[1] Defendants have yet to comply with their discovery obligations and cure the deficiencies repeatedly outlined to their counsel. In light of the upcoming December 30, 2015 deadline for the close of fact discovery, which Defendants' counsel reassured us would not need to be extended, Defendants' failure to cure these deficiencies can no longer be deferred.

**A.    Defendants' Deficient Responses to Requests for Admissions**

      Pursuant to Federal Rule of Civil Procedure 36(a)(6), the Trustee seeks an order regarding the sufficiency of both Defendants' responses to the Trustee's Requests for

---

[1] True and correct copies of the Trustee's conferral letters dated October 22, 2015, November 20, 2015, December 11, 2015, and December 28, 2015 are attached as **Exhibit A.**

Honorable Stuart M. Bernstein
December 30, 2015
Page 2

Admission.[2] With only two exceptions, Defendants deny each of the Trustee's requests. In Interrogatory responses Defendants state that their denials are based on "personal knowledge," yet they cannot identify specific documents or facts to support their denials when asked to clarify their responses. Despite voluminous productions of account records by the Trustee, Defendants' bank records by their own financial institutions, and access to documents maintained in connection with their own accounts, Defendants claim that they cannot admit to the transfers because they lack the necessary "documentation." As such, the Trustee seeks an order from the Court finding the responses deficient, and further deeming the requests admitted.[3]

**B.     Defendants' Failure to Produce Initial Disclosure Documents**

The Trustee also respectfully requests an order compelling Defendants to produce documents responsive to the Trustee's First[4] and Second[5] Set of Document Requests, which call for the production of documents that Defendants' themselves disclosed in their original written Initial Disclosures. Instead, counsel now claims that the disclosure of those documents may have been a mistake, but that Defendants' accountant may have responsive documents. Defendants' failure to produce the accounting records is particularly troubling given that Defendants have an obligation to preserve and produce documents within their custody or control, including documents over which they have a "right, authority, or practical ability to obtain from a non-party to the action." *Bank of New York v. Meridian BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997). Here, Defendants have control over accounting records from the accountants disclosed by Defendants as having knowledge of the facts at issue in these cases, and they should be produced. Moreover, Carol Nelson wholly failed to respond to the Trustee's Second Set of Document Requests in Adv. Pro. No. 10-04658.

Similarly, Defendants have not provided a reasonable response to the Trustee's interrogatory request[6] seeking information as to what efforts, if any, they took to preserve the documents in light of the Trustee's two previous preservation requests.

---

[2] True and correct copies of the Defendants' Responses to the Trustee's First Sets of Requests for Admission are attached as **Exhibit B.**

[3] Trustee's counsel proposed fact stipulations to Defendants on October 16, 2015 and followed up on November 20, 2015. True and correct copies of the Trustee's letters offering stipulations dated October 16, 2015 and November 20, 2015 are attached hereto as **Exhibit C.** Trustee received no response to the proposed stipulations, despite having extended additional time for review until December 28, 2015, when Defendants' counsel, Helen Davis Chaitman, informed the Trustee that her clients will not agree to the stipulations.

[4] True and correct copies of Defendants' July 29, 2015 Responses to the Trustee's First Set of Document Requests are attached as **Exhibit D**.

[5] True and correct copies of Defendants' December 28, 2015 Responses to the Trustee's Second Set of Document Requests in Adv. Pro. No. 10-04377 are attached as **Exhibit E**.

[6] True and correct copies of Defendants' October 12, 2015 Responses to the Trustee's Second Set of Interrogatories are attached as **Exhibit F**.

Honorable Stuart M. Bernstein
December 30, 2015
Page 3

### C. Defendants' Refusal to Cure Inconsistences

Finally, the Trustee seeks an order compelling Defendants to cure the inconsistencies between Defendant Carol Nelson's Answer to the Trustee's Complaint in Adv. Pro. No. 10-04658 and her responses to the Trustee's Requests for Admission. Her Answer admits that a particular BLMIS account was held in the name of Carol Nelson yet her response to the Requests for Admission denies that same fact. We have asked that she explain the inconsistency and she offers no explanation and refuses to amend her response.

In light the foregoing, the Trustee respectfully requests a conference with the Court to resolve these discovery issues.

Respectfully submitted,

 */s/ Nicholas J. Cremona*
Nicholas J. Cremona

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
  Leslie Treff (ltreff@chaitmanllp.com)
  Chaitman, LLP
  465 Park Avenue
  New York, New York 10022