# EXHIBIT B

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>                    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                              Plaintiff,<br><br>                    v.<br><br>CAROL NELSON,<br><br>                              Defendant. | Adv. Pro. No. 10-04658 (SMB) |

## CAROL NELSON'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS

Carol Nelson (the "Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, responds and

objects to the First Set of Requests for Admissions (the "Requests") of trustee Irving H. Picard

{N0076319 }

(the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as

overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.    Responding Party has not completed discovery.    Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.    Responding Party sets them out here to avoid repeating them in response to each individual Request.    Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

### RESPONSES AND OBJECTIONS

1.    Admit that Account No. 1ZA283 was maintained in Your name.

**Response:**    **Admitted.**

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZA283.

**Response:     Denied.**

3.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZA283.

**Response:     Denied.**

4.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZA283.

**Response:     Denied.**

5.      Admit that Column 5 of Exhibit 13 to the Complaint accurately reflects the withdrawals from Account No. 1ZA283.

**Response:     Denied.**

6.      Admit that, over the life of Account No. 1ZA283, $2,700,000 was withdrawn from Account No. 1ZA283.

**Response:     Denied.**

7.      Admit that, of the $2,700,000 withdrawn from Account No. 1ZA283, $1,000,000 consisted of principal.

**Response:     Denied.**

8.      Admit that, of the $2,700,000 withdrawn from Account No. 1ZA283, $1,700,000 was in excess of principal.

**Response:     Denied.**

9.      Admit that $1,700,000 more was withdrawn from Account No, 1ZA283 than was deposited into Account No, 1ZA283.

**Response:    Denied.**

10.    Admit that, between December 11, 2006 and December 11, 2008, $255,000 in excess of principal was withdrawn from Account No. 1ZA283.

**Response:    Denied.**

11.    Admit that, between December 11, 2002 and December 11, 2008, $895,000 in excess of principal was withdrawn from Account No. 1ZA283.

**Response:    Denied.**

12.    Admit that Account No. 1ZR265 was maintained in the name of NTC & Co. FBO Carol Nelson.

**Response:**

13.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZR265.

**Response:    Denied.**

14.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZR265.

**Response:    Denied.**

15.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZR265.

**Response:    Denied.**

16.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No, 1ZR265.

**Response:    Denied.**

17.    Admit that, over the life of Account No. 1ZR265, $860,135 was withdrawn

from Account No. 1ZR265.

**Response:    Denied.**

18.    Admit that, of the $860,135 withdrawn from Account No, 1ZR265, $458,388 consisted of principal.

**Response:    Denied.**

19.    Admit that, of the $860,135 withdrawn from Account No. 1ZR265, $401,748 was in excess of principal.

**Response:    Denied.**

20.    Admit that, $401,748 more was withdrawn from Account No. 1ZR265 than was deposited into Account No, 1ZR265.

**Response:    Denied.**

21.    Admit that, between December 11, 2006 and December 11, .2008, $200,077 in excess of principal was withdrawn from Account No. 1ZR265.

**Response:    Denied.**

22.    Admit that, between December 11, 2002 and December 11, 2008, $401,748 in excess of principal was withdrawn from Account No. 1ZR265.

**Response:    Denied.**

Dated:    New York, New York
          July 29, 2015

**BECKER & POLIAKOFF LLP**

By:    */s/ Helen Davis Chaitman*

       Helen Davis Chaitman
       45 Broadway
       New York, New York 10006
       (212) 599-3322
       hchaitman@bplegal.com

       *Attorneys for Defendant Carol Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          July 29, 2015                           */s/ Helen Davis Chaitman*

{N0076319 }

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>             v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                              Plaintiff,<br><br>             v.<br><br>CAROL NELSON,<br><br>                              Defendant. | Adv. Pro. No. 10-04658 (SMB) |

## <u>CAROL NELSON'S AMENDED RESPONSE TO</u>
## <u>TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS</u>

Carol Nelson (the "Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, incorporating the

General Objections set forth in Responding Party's Responses to the First Set of Requests for

Admissions of trustee Irving H. Picard, amends her response to Request for Admission No. 12

as follows:

**<u>AMENDED RESPONSE</u>**

12.    Admit that Account No. 1ZR265 was maintained in the name of NTC & Co.

FBO Carol Nelson.

**Amended Response:**        **Denied.**


Dated:    New York, New York                **BECKER & POLIAKOFF LLP**
          September 1, 2015


                            By:      */s/ Helen Davis Chaitman*_____

                                     Helen Davis Chaitman
                                     45 Broadway
                                     New York, New York 10006
                                     (212) 599-3322
                                     hchaitman@bplegal.com

                                     *Attorneys for Defendant Carol Nelson*

## CERTIFICATE OF SERVICE

     I hereby certify that on September 1, 2015 a true and correct copy of the foregoing was

served by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:   New York, New York
           September 1, 2015                      */s/ Helen Davis Chaitman*     

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>        Plaintiff,<br><br>    v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant,<br><br>        Defendants. | Adv. Pro. No. 10-04377 (SMB) |

## CAROL NELSON'S OBJECTIONS AND RESPONSES TO
## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS

  Carol Nelson (the "Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, responds and

objects to the First Set of Requests for Admissions (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{N0076486 }                                    2

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1.    Admit that Account No. 1ZA284 was maintained in the name of Carol Nelson

and Stanley Nelson JTWROS.

    **Response:    Admitted.**

    2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. lZA284.

    **Response:    Denied.**

    3.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZA284,

    **Response:    Denied.**

    4.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZA284.

    **Response:    Denied.**

    5.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1ZA284.

    **Response:    Denied.**

    6.    Admit that, over the life of Account No. 1ZA284, $11,955,000 was withdrawn from the Account.

    **Response:    Denied.**

    7.    Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $5,550,000 consisted of principal.

    **Response:    Denied.**

    8.    Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $6,405,000 was in excess of principal,

    **Response:    Denied.**

9.      Admit that $6,405,000 more was withdrawn from Account No, 1ZA284 than was deposited into Account No, 1ZA284.

**Response:      Denied.**

10.      Admit that, between December 11, 2006 and December 11, 2008, $2,610,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:      Denied.**

11.      Admit that, between December 11, 2002 and December 11, 2008, $6,405,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:      Denied.**

12.      Admit that all funds withdrawn from Account No. 1ZA284 were deposited into a bank account held by You and/or Stanley Nelson.

**Response:      Denied.**

13.      Admit that all funds withdrawn from Account No. 1ZA284 were for the benefit of You and/or Stanley Nelson.

**Response:      Denied.**


Dated:   New York, New York
         July 29, 2015

                                                **BECKER & POLIAKOFF LLP**

                                                By:    */s/ Helen Davis Chaitman*        

                                                       Helen Davis Chaitman
                                                       45 Broadway
                                                       New York, New York 10006
                                                       (212) 599-3322
                                                       hchaitman@bplegal.com

                                                       *Attorneys for Defendants Carol Nelson*
                                                       *and Stanley Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          July 29, 2015                              */s/ Helen Davis Chaitman*

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                          Plaintiff-Applicant,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                        Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                        Plaintiff,<br><br>            v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant,<br><br>                        Defendants. | Adv. Pro. No. 10-04377 (SMB) |

## STANLEY NELSON'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS

Stanley Nelson (the "Responding Party"), by and through his attorneys, and pursuant to

Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and 7036 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, responds and

{N0076527 }

objects to the First Set of Requests for Admissions (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.    Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.    Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.    Responding Party objects to the Requests to the extent they call for legal conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.   Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1.      Admit that Account No. 1ZA284 was maintained in the name of Carol Nelson

and Stanley Nelson JTWROS.

**Response:**    **Admitted.**

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1ZA284.

**Response:**    **Denied.**

3.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1ZA284.

**Response:**    **Denied.**

4.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1ZA284.

**Response:**    **Denied.**

5.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1ZA284.

**Response:**    **Denied.**

6.    Admit that, over the life of Account No. 1ZA284, $11,955,000 was withdrawn from the Account.

**Response:**    **Denied.**

7.    Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $5,550,000 consisted of principal.

**Response:**    **Denied.**

8.    Admit that, of the $11,955,000 withdrawn from Account No. 1ZA284, $6,405,000 was in excess of principal.

**Response:**    **Denied.**

9.    Admit that $6,405,000 more was withdrawn from Account No, 1ZA284 than was deposited into Account No. 1ZA284.

**Response:    Denied.**

10.    Admit that, between December 11, 2006 and December 11, 2008, $2,610,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:    Denied.**

11.    Admit that, between December 11, 2002 and December 11, 2008, $6,405,000 in excess of principal was withdrawn from Account No. 1ZA284.

**Response:    Denied.**

12.    Admit that all funds withdrawn from Account No. 1ZA284 were deposited into a bank account held by You and/or Stanley Nelson.

**Response:    Denied.**

13.    Admit that all funds withdrawn from Account No. 1ZA284 were for the benefit of You and/or Carol Nelson.

**Response:    Denied.**

Dated:    New York, New York
       July 29, 2015

**BECKER & POLIAKOFF LLP**

By:    */s/ Helen Davis Chaitman*

Helen Davis Chaitman
45 Broadway
New York, New York 10006
(212) 599-3322
hchaitman@bplegal.com

*Attorneys for Defendants Carol Nelson
and Stanley Nelson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:   New York, New York
         July 29, 2015                          */s/ Helen Davis Chaitman*

{N0076527 }