# EXHIBIT C

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

October 16, 2015

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04377 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson, individually, etc., et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed for your consideration and execution is a Stipulation as to Undisputed Transfers, with attached Declarations. Your clients' execution of the Declarations will enable the parties to significantly streamline discovery.

Please notify us in no later than two weeks if Defendants will execute the Declarations. If Defendants execute the Declarations, we will not serve additional Rule 45 subpoenas on financial institutions and will withdraw previously served, but not yet answered, subpoenas to financial institutions related to relevant accounts.

If you have any questions, please contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and for*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>          Plaintiff,<br><br>      v.<br><br>CAROL NELSON, individually and as joint tenant; | Adv. Pro. No. 10-04377 (SMB) |

and STANLEY NELSON, individually and as joint
tenant,

                              Defendants.

## STIPULATION AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated
liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L.
Madoff, individually ("Madoff"), and defendants Carol Nelson, individually and as joint tenant,
and Stanley Nelson, individually and as joint tenant ("Defendants"), by and through their
respective, undersigned counsel (collectively, the "Parties"), state as follows:

WHEREAS, as set forth in the Trustee's Complaint in this adversary proceeding,
BLMIS or Madoff made certain initial transfers to or for the benefit of Carol Nelson and Stanley
Nelson, relating to an account held at BLMIS or with Madoff (the "Initial Transfers");

WHEREAS, the Trustee seeks to avoid and recover the Initial Transfers or their value as
fraudulent;

WHEREAS, Defendants raise certain defenses to the Trustee's claims in the Complaint;
and

WHEREAS, the Parties are entering into this Stipulation in the interest of efficiency with
respect to this Adversary Proceeding;

NOW, THEREFORE, the Parties stipulate as follows:

1.      Defendants will execute the Joint Declaration of Carol Nelson and Stanley
Nelson, attached hereto as Exhibit 1 (the "Declaration").

2.      Upon execution of the Declaration and this Stipulation, the Trustee will not serve
additional Rule 45 subpoenas on financial institutions and will withdraw all previously served,

2

but not yet answered, subpoenas on financial institutions that received funds from BLMIS or Madoff related to the account that is the subject of this Adversary Proceeding.

3.    By executing this Stipulation, Defendants do not concede or admit liability and the Trustee does not waive any claims under Bankruptcy Code sections 548, 550, or any other applicable section of the Bankruptcy Code, SIPA, or any other applicable law.

4.    This Stipulation is without prejudice to the Trustee asserting claims to avoid or recover any additional or other transfers to Defendants or any other person or entity, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

5.    This Stipulation is without prejudice to the Defendants to oppose any further claims asserted by the Trustee with respect to additional or other transfers described in paragraph 4 above.

Dated:      New York, New York
            _____ __, 2015

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**CHAITMAN, LLP**
465 Park Avenue
New York, NY 10022
Telephone: (908) 303-4568
Facsimile: (888) 759-1114
Helen Davis Chaitman
Email: hchaitman@chaitmanllp.com
Leslie Treff
Email: ltreff@chaitmanllp.com

*Attorneys for Defendants Carol Nelson, individually and as joint tenant, and Stanley Nelson, individually and as joint tenant*

3

# Exhibit 1

## JOINT DECLARATION OF CAROL NELSON AND STANLEY NELSON

We, Carol Nelson and Stanley, declare:

1. Our names are Carol Nelson and Stanley Nelson (individually and collectively, "We"). We are each over the age of twenty-one (21). We are each under no legal disability and are fully competent to make this Joint Declaration.

2. We maintained investment advisory Account No. 1ZA284 (the "Account") with Bernard L. Madoff Investment Securities LLC as joint tenants with right of survivorship. We were the only persons or entities who made deposits into or withdrawals from the Account.

3. We opened the Account on December 8, 1992 with a deposit of $1,500,000.00.

4. In total, We deposited $5,550,000.00 into the Account.

5. In total, We withdrew $11,955,000.00 from the Account.

6. As of April 8, 2003, We had deposited $5,050,000.00 into the Account.

7. As of April 8, 2003, We had withdrawn $5,345,000.00 from the Account.

8. After April 8, 2003, We only made one more deposit into the Account. We made the last deposit into the Account on January 17, 2008, when We deposited $500,000.00.

9. After April 8, 2003, We withdrew $6,610,000.00 from the Account.

10. We made the last withdrawal from the Account on November 24, 2008, when We withdrew $100,000.00.

11. We withdrew $2,610,000.00 from the Account between December 11, 2006 and the date of the last withdrawal.

12. We each declare under penalty of perjury of the laws of the United States of America (28 U.S.C. Section 1746) that the foregoing is true and correct.

Dated:     New York, New York
           _____, 2015

                              _____
                              Carol Nelson

                              _____
                              Stanley Nelson

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

October 16, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04658 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed for your consideration and execution is a Stipulation as to Undisputed Transfers, with attached Declaration. Your client's execution of the Declaration will enable the parties to significantly streamline discovery.

Please notify us in no later than two weeks if Defendant will execute the Declaration. If Defendant executes the Declaration, we will not serve additional Rule 45 subpoenas on financial institutions and will withdraw previously served, but not yet answered, subpoenas to financial institutions related to relevant accounts.

If you have any questions, please contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and for*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

## STIPULATION AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendant Carol Nelson ("Defendant"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in the Trustee's Complaint in this adversary proceeding, BLMIS or Madoff made certain initial transfers to or for the benefit of Carol Nelson, relating to two accounts held at BLMIS or with Madoff (the "Initial Transfers");

**WHEREAS**, the Trustee seeks to avoid and recover the Initial Transfers or their value as fraudulent;

**WHEREAS,** Defendant raises certain defenses to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties are entering into this Stipulation in the interest of efficiency with respect to this Adversary Proceeding;

**NOW**, **THEREFORE**, the Parties stipulate as follows:

1.      Defendant will execute the Declaration of Carol Nelson Regarding Account No. 1ZA283 and Declaration of Carol Nelson Regarding Account No. 1ZR265 attached hereto as Exhibit 1 and Exhibit 2, respectively (the "Declarations").

2.      Upon execution of the Declarations and this Stipulation, the Trustee will not serve additional Rule 45 subpoenas on financial institutions and will withdraw all previously served, but not yet answered, subpoenas on financial institutions that received funds from BLMIS or Madoff related to the accounts that are the subject of this Adversary Proceeding.

2

3.     By executing this Stipulation, Defendant does not concede or admit liability and the Trustee does not waive any claims under Bankruptcy Code sections 548, 550, or any other applicable section of the Bankruptcy Code, SIPA, or any other applicable law.

4.     This Stipulation is without prejudice to the Trustee asserting claims to avoid or recover any additional or other transfers to Defendant or any other person or entity, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

5.     This Stipulation is without prejudice to the Defendant to oppose any further claims asserted by the Trustee with respect to additional or other transfers described in paragraph 4 above.

Dated:     New York, New York
           _____, 2015


**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

**CHAITMAN, LLP**
465 Park Avenue
New York, NY 10022
Telephone: (908) 303-4568
Facsimile: (888) 759-1114
Helen Davis Chaitman
Email: hchaitman@chaitmanllp.com
Leslie Treff
Email: ltreff@chaitmanllp.com

*Attorneys for Defendant Carol Nelson*

# Exhibit 1

### DECLARATION OF CAROL NELSON REGARDING ACCOUNT NO. 1ZA283

I, Carol Nelson, declare:

1. My name is Carol Nelson.  I am over the age of twenty-one (21).  I am under no legal disability and I am fully competent to make this Declaration.

2. I maintained investment advisory Account No. 1ZA283 with Bernard L. Madoff Investment Securities LLC.  I was the only person or entity who made deposits into or withdrawals from Account No. 1ZA283.

3. I opened Account No. 1ZA283 on or around December 8, 1992 with a deposit of $1,000,000.00.  No other deposits were made into Account No. 1ZA283.

4. In total, I withdrew $2,700,000.00 from Account No. 1ZA283.

5. The total amount I had withdrawn from Account No. 1ZA283 as of April 9, 1999 equaled $1,005,000.00.

6. The last withdrawal from Account No. 1ZA283 occurred on or around November 18, 2008, when I withdrew $25,000.00.

7. I withdrew $255,000.00 from Account No. 1ZA283 between December 11, 2006 and the date of the last withdrawal.


Dated:         New York, New York
               _____, 2015


                              _____
                              Carol Nelson

# Exhibit 2

## <u>DECLARATION OF CAROL NELSON REGARDING ACCOUNT NO. 1ZR265</u>

I, Carol Nelson, declare:

1. My name is Carol Nelson.  I am over the age of twenty-one (21).  I am under no legal disability and I am fully competent to make this Declaration.

2. NTC & Co., including its predecessors- and successors-in-interest, maintained investment advisory Account No. 1ZR265 with Bernard L. Madoff Investment Securities LLC for my benefit.  All of the deposits into and withdrawals from Account No. 1ZR265 were made at my direction and for my benefit.

3. I opened Account No. 1ZR265 on or around August 15, 1996 with a deposit of $434,473.57.

4. Including the initial deposit referenced in Paragraph 3 above, I deposited a total of $458,387.92 into Account No. 1ZR265 by April 29, 1999.  No other deposits were made into Account No. 1ZR265.

5. In total, I withdrew $860,135.42 from Account No. 1ZR265.

6. On or around January 5, 2005, I withdrew $300,000.00 from Account No. 1ZR265. Following that withdrawal, the total amount I had withdrawn from Account No. 1ZR265 equaled $460,000.00.

7. The last withdrawal from Account No. 1ZR265 occurred on or about December 31, 2007, when I withdrew $100,025.00.

8. I withdrew $200,077.42 from Account No. 1ZR265 between December 11, 2006 and the date of the last withdrawal.

9. I declare under penalty of perjury of the laws of the United States of America (28 U.S.C. Section 1746) that the foregoing is true and correct.


Dated:          New York, New York
                _____, 2015


                                _____
                                Carol Nelson

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

November 20, 2015

**<u>VIA EMAIL AND FIRST CLASS MAIL</u>**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

> Re:   Adv. Pro. No. 10-04377 (SMB); *Picard v. Carol Nelson, individually and as joint tenant, et al.*;
>
>   Adv. Pro. No. 10-04658 (SMB); *Picard v. Carol Nelson*

Dear Counsel:

We write again to address your clients' discovery deficiencies that were previously detailed in our October 22, 2015 letter. We invited a meet and confer, but received no response. Also, in an effort to streamline discovery matters, we sent you Stipulations as to Undisputed Transfers on October 16, 2015 for consideration. We received no response.

In view of the approaching December 7, 2015 close of discovery deadline, please remedy the discovery deficiencies by no later than November 30, 2015 as follows:

1. Respond to the Trustee's Second Set of Requests for Production;

2. Verify the responses to the Trustee's Second Set of Interrogatories;

3. Explain the steps taken to preserve the documents identified in Defendants' Initial Disclosures as being in their possession and control, but which they no longer have despite having received the enclosed document preservation letters through their former counsel on March 24, 2011 and April 14, 2011; and

November 20, 2015
Page 2

4. Provide the basis for the blanket denials to all of the Trustee's Requests for Admission. For example, in her Answer in APN 10-0658, Defendant Carol Nelson admits the allegations in Paragraph 9 of the Trustee's Complaint – including the names in which both of the relevant BLMIS accounts were maintained. Yet, she denies Trustee's RFA No. 12 asking her to admit that Account No. 1ZR265 was maintained in the name of NTC & Co. FBO Carol Nelson. She does not explain the basis for her denial, except to say it is based on her "personal knowledge."

If you do not intend to remedy the discovery responses or provide an acceptable Stipulation, we request a telephonic conference to discuss the deficiencies next week. Please let us know if we need to take that step.

Regards,

Dean D. Hunt w/p

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

# Baker Hostetler

Baker&Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5018

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

March 24, 2011

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

Juliana Oliveira
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Re:    Adv. Pro. No. 10-04377 (BRL); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson, individually and as joint tenant, and Stanley Nelson, individually and as joint tenant*; In the United States Bankruptcy Court for the Southern District of New York

Dear Ms. Oliveira:

We received notice that you are counsel for Carol Nelson, individually and as joint tenant. Please be advised your client is not to destroy, conceal, or alter any paper or electronic files or any other electronically generated or stored information on computers or storage media that your client may have in her possession, custody, or control that may be related to this matter. Carol Nelson, individually and as joint tenant is under a legal duty to preserve, retain, and protect all possibly relevant evidence. Relevant evidence may include: all communications with Bernard L. Madoff Investment Securities LLC ("BLMIS") and any employees or principals of BLMIS; account statements and trade confirmations; Carol Nelson, individually and as joint tenant's financial records evidencing transfers to or from BLMIS, including any subsequent transfers; any research or due diligence Carol Nelson, individually and as joint tenant performed prior to investing; documents regarding any referrals or introductions to BLMIS; documents regarding Carol Nelson, individually and as joint tenant's finances. Failure to do so may constitute spoliation of evidence and may subject her to legal claims for damages or evidentiary and monetary sanctions.

Specifically, Carol Nelson, individually and as joint tenant is instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic evidence with respect to the above-referenced case, and is further instructed to take reasonable efforts to preserve such data. In addition, your client is instructed not to pack, compress, purge or otherwise dispose of files or parts of files unless a true and correct copy of such files is made. To meet this burden, she is instructed by way of example and not limitation to:

Juliana Oliveira
March 24, 2011
Page 2

- preserve and retain all electronic data in any format, media, or location relating to the above-referenced case, including data on floppy disks, zip disks, CDs, DVDs, thumb drives, hard drives, tapes, PDAs, cell phones, memory cards/sticks, or electronic voice mail;

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve e-mail, including webmail such as Gmail, Yahoo or Hotmail, and information about e-mail (including message contents, header information and logs of e-mail system usage);

- preserve word processing files, including prior drafts, "deleted" files, and file fragments;

- preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

- prevent others with access to relevant files from deleting or overwriting any electronic data related to this case; and

- take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly relating to the above-referenced case.

We are willing to conduct an early meet and confer session with you to discuss the sources of Carol Nelson, individually and as joint tenant's data and the steps that will need to be taken to preserve that data. We are also willing to coordinate with Carol Nelson, individually and as joint tenant on the preservation, collection and processing of relevant data.

Sincerely,

Dean D. Hunt

DDH/ks

# Baker Hostetler

Baker&Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5018

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

April 14, 2011

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

Philip Bentley
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Re:    Adv. Pro. No. 10-04658 (BRL); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. NTC & Co., LLP, as former custodian of an Individual Retirement Account for the benefit of Carol Nelson, and Carol Nelson*; In the United States Bankruptcy Court for the Southern District of New York

Dear Mr. Bentley:

We received notice that you are counsel for Carol Nelson. Please be advised your client is not to destroy, conceal, or alter any paper or electronic files or any other electronically generated or stored information on computers or storage media that your client may have in her possession, custody, or control that may be related to this matter. Carol Nelson is under a legal duty to preserve, retain, and protect all possibly relevant evidence. Relevant evidence may include: all communications with Bernard L. Madoff Investment Securities LLC ("BLMIS") and any employees or principals of BLMIS; account statements and trade confirmations; Carol Nelson's financial records evidencing transfers to or from BLMIS, including any subsequent transfers; any research or due diligence Carol Nelson performed prior to investing; documents regarding any referrals or introductions to BLMIS; documents regarding Carol Nelson's finances. Failure to do so may constitute spoliation of evidence and may subject her to legal claims for damages or evidentiary and monetary sanctions.

Specifically, Carol Nelson is instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic evidence with respect to the above-referenced case, and is further instructed to take reasonable efforts to preserve such data. In addition, your client is instructed not to pack, compress, purge or otherwise dispose of files or parts of files unless a true and correct copy of such files is made. To meet this burden, she is instructed by way of example and not limitation to:

- preserve and retain all electronic data in any format, media, or location relating to the above-referenced case, including data on floppy disks, zip disks, CDs, DVDs, thumb drives, hard drives, tapes, PDAs, cell phones, memory cards/sticks, or electronic voice mail;

*Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa
Denver    Houston    Los Angeles    New York    Orlando    Washington, DC*

Philip Bentley
April 14, 2011
Page 2

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve e-mail, including webmail such as Gmail, Yahoo or Hotmail, and information about e-mail (including message contents, header information and logs of e-mail system usage);

- preserve word processing files, including prior drafts, "deleted" files, and file fragments;

- preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

- prevent others with access to relevant files from deleting or overwriting any electronic data related to this case; and

- take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly relating to the above-referenced case.

We are willing to conduct an early meet and confer session with you to discuss the sources of Carol Nelson's data and the steps that will need to be taken to preserve that data. We are also willing to coordinate with Carol Nelson on the preservation, collection and processing of relevant data.

Sincerely,

Dean D. Hunt

DDH/ks

# Baker Hostetler

Baker&Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5018

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

March 24, 2011

Juliana Oliveira
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Re:    Adv. Pro. No. 10-04377 (BRL); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson, individually and as joint tenant, and Stanley Nelson, individually and as joint tenant*; In the United States Bankruptcy Court for the Southern District of New York

Dear Ms. Oliveira:

We received notice that you are counsel for Stanley Nelson, individually and as joint tenant.  Please be advised your client is not to destroy, conceal, or alter any paper or electronic files or any other electronically generated or stored information on computers or storage media that your client may have in his possession, custody, or control that may be related to this matter.  Stanley Nelson, individually and as joint tenant is under a legal duty to preserve, retain, and protect all possibly relevant evidence.  Relevant evidence may include: all communications with Bernard L. Madoff Investment Securities LLC ("BLMIS") and any employees or principals of BLMIS; account statements and trade confirmations; Stanley Nelson, individually and as joint tenant's financial records evidencing transfers to or from BLMIS, including any subsequent transfers; any research or due diligence Stanley Nelson, individually and as joint tenant performed prior to investing; documents regarding any referrals or introductions to BLMIS; documents regarding Stanley Nelson, individually and as joint tenant's finances.  Failure to do so may constitute spoliation of evidence and may subject him to legal claims for damages or evidentiary and monetary sanctions.

Specifically, Stanley Nelson, individually and as joint tenant is instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic evidence with respect to the above-referenced case, and is further instructed to take reasonable efforts to preserve such data.  In addition, your client is instructed not to pack, compress, purge or otherwise dispose of files or parts of files unless a true and correct copy of such files is made. To meet this burden, he is instructed by way of example and not limitation to:

Juliana Oliveira
March 24, 2011
Page 2

- preserve and retain all electronic data in any format, media, or location relating to the above-referenced case, including data on floppy disks, zip disks, CDs, DVDs, thumb drives, hard drives, tapes, PDAs, cell phones, memory cards/sticks, or electronic voice mail;

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve e-mail, including webmail such as Gmail, Yahoo or Hotmail, and information about e-mail (including message contents, header information and logs of e-mail system usage);

- preserve word processing files, including prior drafts, "deleted" files, and file fragments;

- preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

- prevent others with access to relevant files from deleting or overwriting any electronic data related to this case; and

- take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly relating to the above-referenced case.

We are willing to conduct an early meet and confer session with you to discuss the sources of Stanley Nelson, individually and as joint tenant's data and the steps that will need to be taken to preserve that data. We are also willing to coordinate with Stanley Nelson, individually and as joint tenant on the preservation, collection and processing of relevant data.

Sincerely,

Dean D. Hunt

DDH/ks