# EXHIBIT D

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION |
| Defendant. | (Substantively Consolidated) |

In re:

BERNARD L. MADOFF,

               Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

## CAROL NELSON'S RESPONSES AND OBJECTIONS TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Carol Nelson ("Responding Party"), by and through her attorneys, and pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds

and objects to the First Set of Requests for Production of Documents (the "Requests") of

trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    All Documents identified in Your Initial Disclosures, dated July 15, 2014,

including, but not limited to:

    a)   Documents Concerning the transactions identified in the Complaint and the

        Defendant's affirmative and other defenses to the claims and causes of action

        asserted in the Complaint;

    b)   Account statements for the BLMIS Accounts;

    c)   Communications with Madoff Securities; and

    d)   Documents reflecting payments made to taxing authorities.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

2.    All Documents and Communications between You and any other Person Concerning the Accounts or investments with BLMIS.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

3.    All Documents Concerning BLMIS's return on investments.

**Responding Party is not possession of any documents responsive to this Request.**

4.    All Documents Concerning any meetings that You and/or any Person acting on Your behalf attended with a representative of BLMIS or anyone purporting to act on behalf of BLMIS.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

5.    All Documents Concerning the Accounts.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

6.    All Documents Concerning any Transfers.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

7.    All Documents Concerning any Subsequent Transfers.

**Response:        Responding Party is not possession of any documents responsive to this Request.**

8.    All Documents Concerning any deposits into the Accounts.

**Response:        Responding Party is not possession of any documents responsive to this Request.**

9.    All Documents Concerning any withdrawals from the Accounts.

**Response:        Responding Party is not possession of any documents responsive to this Request.**

10.    All Documents Concerning any money You received from the Accounts.

**Response:        Responding Party is not possession of any documents responsive to this Request.**

11.    All Documents Concerning any knowledge of or involvement with the Accounts by any of Your accountants or auditors, including all Documents Concerning the Accounts which were created for, by or that were sent to, or received from any such accountants or auditors.

**Response:        Responding Party is not possession of any documents responsive to this Request.**

12.    All Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts.

**Response:        Responding Party is not possession of any documents responsive to this Request.**

13.    All Documents Concerning any bank accounts and/or brokerage accounts, used by You during the Applicable Period, that received Transfers from the Accounts or were used to make deposits into the Account, including, but not limited to, Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC, NTC & Co., LLP, and/or J.P. Morgan Chase Bank, N.A., including Documents reflecting account numbers, account holders and signatories, monthly statements,

incoming and outgoing wire transfer records, copies of checks deposited or drawn on any account, correspondence, and account maintenance documents including account opening documents and account closing documents Concerning such Transfer or deposit.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

14.    All Documents You contend support any denials of fact or affirmative defenses asserted in Your Answer to the Complaint.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

15.    All Documents supporting the eighteenth affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's recovery is subject to "set-off or other equitable adjustment" to the extent that transfers were made to satisfy tax obligations.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

16.    A copy of Your state and/or federal tax filings, including, but not limited to, income tax returns, and/or gift tax returns.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

17.    All Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to Stanley Nelson and/or NTC & Co. LLP, who were identified in Your Initial Disclosures, dated July 15, 2014, as individuals or entities with knowledge.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

18.    All Documents Concerning any of Your accounts held at NTC & Co., LLP.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

19.    All Documents exchanged between You and NTC & Co., LLP.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

20.    All Documents You identified, reviewed, prepared, or consulted in responding to

discovery in this matter.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

Dated:    New York, New York                              **BECKER & POLIAKOFF LLP**
          July 29, 2015

                                        By:    */s/ Helen Davis Chaitman* _____

                                               Helen Davis Chaitman
                                               45 Broadway
                                               New York, New York 10006
                                               (212) 599-3322
                                               hchaitman@bplegal.com

                                               *Attorneys for Defendant Carol Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          July 29, 2015                         */s/ Helen Davis Chaitman*

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                 Plaintiff-Applicant,<br><br>                   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                 Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                 Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                                 Plaintiff,<br><br>                   v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant,<br><br>                                 Defendants. | Adv. Pro. No. 10-04377 (SMB) |

## CAROL NELSON'S RESPONSES AND OBJECTIONS TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Carol Nelson ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds

{N0076484 }

and objects to the First Set of Requests for Production of Documents (the "Requests") of

trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent

that it purports to impose any requirement or discovery obligation greater than or different from

those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent

it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of

documents that are not relevant to any parties' claims or defenses, and not reasonably calculated

to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of

(i) legal theories, legal opinions, mental impressions or other information of Responding Parties'

counsel, (ii) any information protected by any privilege, including, without limitation, the

attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or

(iii) any other available and valid grounds for withholding information or documents from

production, including, without limitation, the attorney work product doctrine.  Nothing contained

in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of

documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal

conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of

proprietary and/or confidential information.

{N0076484 }                                          2

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS TO TRUSTEE'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents identified in Your Initial Disclosures, dated July 15, 2014, including, but not limited to:

a) Documents Concerning the transactions identified in the Complaint and the Defendants' affirmative and other defenses to the claims and causes of action asserted in the Complaint;

b) Account statements for the BLMIS Accounts;

c) Communications with Madoff Securities; and

d) Documents reflecting payments made to taxing authorities.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

2.    All Documents and Communications between You and any other Person Concerning the Accounts or investments with BLMIS.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

3.    All Documents Concerning BLMIS's return on investments.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

4.    All Documents Concerning any meetings that You, Stanley Nelson, and/or any Person acting on Your behalf attended with a representative of BLMIS or anyone purporting to act on behalf of BLMIS.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

5.    All Documents Concerning the Accounts.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

6.      All Documents Concerning any Transfers.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

7.      All Documents Concerning any Subsequent Transfers.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

8.      All Documents Concerning any deposits into the Accounts.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

9.      All Documents Concerning any withdrawals from the Accounts.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

10.      All Documents Concerning any money You and/or Stanley Nelson received from the Accounts.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

11.      All Documents Concerning any knowledge of or involvement with the Accounts by any of Your or Stanley Nelson's accountants or auditors, including all Documents Concerning the Accounts which were created for, by or that were sent to, or received from any such accountants or auditors.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

12.      All Documents Concerning how You and/or Stanley Nelson used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts.

**Response:      Responding Party is not possession of any documents responsive to this Request.**

13.      All Documents Concerning any bank accounts and/or brokerage accounts, used

by You and/or Stanley Nelson during the Applicable Period, that received Transfers from the Accounts or were used to make deposits into the Account, including, but not limited to, J.P. Morgan Chase Bank, N.A., including Documents reflecting account numbers, account holders and signatories, monthly statements, incoming and outgoing wire transfer records, copies of checks deposited or drawn on any account, correspondence, and account maintenance documents including account opening documents and account closing documents Concerning such Transfer or deposit.

**Response:** **Responding Party is not possession of any documents responsive to this Request.**

14.    All Documents You contend support any denials of fact or affirmative defenses asserted in Your Answer to the Complaint.

**Response:** **Responding Party is not possession of any documents responsive to this Request.**

15.    All Documents supporting the eighteenth affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's recovery is subject to "set-off or other equitable adjustment" to the extent that transfers were made to satisfy tax obligations.

**Response:** **Responding Party is not possession of any documents responsive to this Request.**

16.    A copy of Your and/or Stanley Nelson's state and/or federal tax filings, including, but not limited to, income tax returns, and/or gift tax returns.

**Response:** **Responding Party is not possession of any documents responsive to this Request.**

17.    All Documents Concerning the Accounts that are maintained by any Person or entity, that may have discoverable information.

**Response:** **Responding Party is not possession of any documents responsive to this Request.**

18.    All Documents Concerning any of accounts held at NTC & Co., LLP for You and/or Stanley Nelson.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

19.    All Documents exchanged between You and/or Stanley Nelson and NTC & Co., LLP.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

20.    All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

Dated:    New York, New York                    **BECKER & POLIAKOFF LLP**
         July 29, 2015

                                        By:    */s/ Helen Davis Chaitman*

                                               Helen Davis Chaitman
                                               45 Broadway
                                               New York, New York 10006
                                               (212) 599-3322
                                               hchaitman@bplegal.com

                                               *Attorneys for Defendants Carol Nelson
                                               and Stanley Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          July 29, 2015                        */s/ Helen Davis Chaitman*

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION |
| | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant, | |
| Defendants. | |

## STANLEY NELSON'S RESPONSES AND OBJECTIONS TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Stanley Nelson ("Responding Party"), by and through his attorneys, and pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the

Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds

and objects to the First Set of Requests for Production of Documents (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.    Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.    Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.    Responding Party objects to the Requests to the extent they call for legal conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.     Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.     Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.     Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

### RESPONSES AND OBJECTIONS

1.     All Documents identified in Your Initial Disclosures, dated July 15, 2014,

including, but not limited to:

    a)   Documents Concerning the transactions identified in the Complaint and the

         Defendants' affirmative and other defenses to the claims and causes of

         action asserted in the Complaint;

    b)   Account statements for the BLMIS Accounts;

    c)   Communications with Madoff Securities; and

    d)   Documents reflecting payments made to taxing authorities.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

2.    All Documents and Communications between You and any other Person Concerning the Accounts or investments with BLMIS.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

3.    All Documents Concerning BLMIS's return on investments.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

4.    All Documents Concerning any meetings that You, Carol Nelson, and/or any Person acting behalf of You and/or Carol Nelson attended with a representative of BLMIS or anyone purporting to act on behalf of BLMIS.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

5.    All Documents Concerning the Accounts.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

6.    All Documents Concerning any Transfers.

**Response:**    **Responding Party is not possession of any documents responsive to this Request.**

7.    All Documents Concerning any Subsequent Transfers.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

8.    All Documents Concerning any deposits into the Accounts.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

9.    All Documents Concerning any withdrawals from the Accounts.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

10.    All Documents Concerning any money You and/or Carol Nelson received from the Accounts.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

11.    All Documents Concerning any knowledge of or involvement with the Accounts by any of Your or Carol Nelson's accountants or auditors, including all Documents Concerning the Accounts which were created for, by or that were sent to, or received from any such accountants or auditors.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

12.    All Documents Concerning how You and/or Carol Nelson used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

13.    All Documents Concerning any bank accounts and/or brokerage accounts, used by You and/or Carol Nelson during the Applicable Period, that received Transfers from the Accounts or were used to make deposits into the Account, including, but not limited to, J.P. Morgan Chase Bank, N.A., including Documents reflecting account numbers, account holders

and signatories, monthly statements, incoming and outgoing wire transfer records, copies of checks deposited or drawn on any account, correspondence, and account maintenance documents including account opening documents and account closing documents Concerning such Transfer or deposit.

    **Response:**   **Responding Party is not possession of any documents responsive to this Request.**

    14.   All Documents You contend support any denials of fact or affirmative defenses asserted in Your Answer to the Complaint.

    **Response:**   **Responding Party is not possession of any documents responsive to this Request.**

    15.   All Documents supporting the eighteenth affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's recovery is subject to "set-off or other equitable adjustment" to the extent that transfers were made to satisfy tax obligations.

    **Response:**   **Responding Party is not possession of any documents responsive to this Request.**

    16.   A copy of Your and/or Carol Nelson's state and/or federal tax filings, including, but not limited to, income tax returns, and/or gift tax returns.

    **Response:**   **Responding Party is not possession of any documents responsive to this Request.**

    17.   All Documents Concerning the Accounts that are maintained by any Person or entity that may have discoverable information.

    **Response:**   **Responding Party is not possession of any documents responsive to this Request.**

    18.   All Documents Concerning any of accounts held at NTC & Co., LLP for You and/or Carol Nelson.

    **Response:**   **Responding Party is not possession of any documents responsive to this Request.**

19.    All Documents exchanged between You and/or Carol Nelson and NTC & Co., LLP.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

20.    All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

**Response:    Responding Party is not possession of any documents responsive to this Request.**

Dated:    New York, New York          **BECKER & POLIAKOFF LLP**
              July 29, 2015

                                          By:    _/s/ Helen Davis Chaitman_

                                                 Helen Davis Chaitman
                                                 45 Broadway
                                                 New York, New York 10006
                                                 (212) 599-3322
                                                 hchaitman@bplegal.com

                                                 *Attorneys for Defendants Carol Nelson
                                                 and Stanley Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served

by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          July 29, 2015                              /s/ Helen Davis Chaitman

{N0076497 }