# EXHIBIT E

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>        Plaintiff-Applicant, <br>    v. <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>        Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br>        Plaintiff, <br>    v. <br><br> CAROL NELSON, individually and as joint tenant; and STANLEY ENLSON, individually and as joint tenant, <br><br>        Defendants. | Adv. Pro. No. 10-04377 (SMB) |

**CAROL NELSON'S OBJECTIONS AND RESPONSES TO**
**TRUSTEE'S SECOND SET OF DOCUMENT DEMANDS**

    Carol Nelson ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the

{00017538 1 }

Second Set of Document Demands (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{00017538 1 }                                                    2

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES

1. All Communications and Documents that You exchanged with any accountant and/or financial advisor relating to the Account, including, but not limited to, Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

**Response:** Responding party has no such documents in her possession.

2. All Documents and Communications You received from Steven B. Mendelow and/or Richard Oppenheim Associates, LLP concerning any services they provided, directly or indirectly to You relating to the Account, including, without limitation, financial statements, analysis and/or reports, profit and loss statements, and tax returns whether filed, amended, unfiled or in draft form and all supporting schedules and work papers, journal entries and trial balances.

**Response:** Responding party has no such documents in her possession.

3. All documents reflecting any Communications between You and Steven B. Mendelow and/or Richard Oppenheim Associates, LLP regarding BLMIS and/or the Account.

**Response:** Responding party has no such documents in her possession.

4. All customer statements for the Account, including without limitation, duplicate statements that You received from BLMIS or provided to Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

**Response:** Responding party has no such documents in her possession.

5. All Documents relating to Your response to Trustee's Interrogatory No. 2, including, but not limited to, Documents held by Steven B. Mendelow.

**Response:** Responding party has no such documents in her possession.

{00017538 1}                                4

6. All Documents relating to Your response to Trustee's Interrogatory No. 10, including, but not limited to, Documents held by Richard Oppenheim Associates, LLP.

**Response:** Responding party has no such documents in her possession.

Dated: December 28, 2015

| | |
|---|---|
| New York, New York<br>December 28, 2015 | CHAITMAN LLP<br><br>By: *[signature]*<br>Helen Davis Chaitman<br><br>465 Park Avenue<br>New York, New York 10022<br>(908) 303-4568<br>hchaitman@chaitmanllp.com<br><br>*Attorneys for Carol Nelson and Stanley Nelson* |

{00017538 1}                                        5

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by electronic mail upon:

>Marie L. Carlisle, Esq.
>mcarlisle@bakerlaw.com
>Dean Hunt, Esq.
>dhunt@bakerlaw.com
>Baker & Hostetler LLP
>811 Main Street
>Suite 1100
>Houston, TX 77002-6111

Dated:   December 28, 2015
           New York, New York                        */s/ Helen Davis Chaitman*

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>        Plaintiff,<br>    v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY ENLSON, individually and as joint tenant,<br><br>        Defendants. | Adv. Pro. No. 10-04377 (SMB) |

### STANLEY NELSON'S OBJECTIONS AND RESPONSES TO TRUSTEE'S SECOND SET OF DOCUMENT DEMANDS

Stanley Nelson ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the

{00017539 1 }

Second Set of Document Demands (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.  Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.  Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.  Responding Party objects to the Requests to the extent they call for legal conclusions.

6.  Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{00017539 1}                                                2

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

{00017539 1 }                                           3

## RESPONSES

1. All Communications and Documents that You exchanged with any accountant and/or financial advisor relating to the Account, including, but not limited to, Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

**Response:** Responding party has no such documents in his possession.

2. All Documents and Communications You received from Steven B. Mendelow and/or Richard Oppenheim Associates, LLP concerning any services they provided, directly or indirectly to You relating to the Account, including, without limitation, financial statements, analysis and/or reports, profit and loss statements, and tax returns whether filed, amended, unfiled or in draft form and all supporting schedules and work papers, journal entries and trial balances.

**Response:** Responding party has no such documents in his possession.

3. All documents reflecting any Communications between You and Steven B. Mendelow and/or Richard Oppenheim Associates, LLP regarding BLMIS and/or the Account.

**Response:** Responding party has no such documents in his possession.

4. All customer statements for the Account, including without limitation, duplicate statements that You received from BLMIS or provided to Steven B. Mendelow and/or Richard Oppenheim Associates, LLP.

**Response:** Responding party has no such documents in his possession.

5. All Documents relating to Your response to Trustee's Interrogatory No. 2, including, but not limited to, Documents held by Steven B. Mendelow.

**Response:** Responding party has no such documents in his possession.

{00017539 1}                                 4

6. All Documents relating to Your response to Trustee's Interrogatory No. 10, including, but not limited to, Documents held by Richard Oppenheim Associates, LLP.

**Response:** Responding party has no such documents in his possession.

Dated: December 28, 2015

New York, New York
December 28, 2015

CHAITMAN LLP

By: /s/ Helen Davis Chaitman

Helen Davis Chaitman

465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Carol Nelson and Stanley Nelson*

{00017539 1}                    5

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served by electronic mail upon:

>Marie L. Carlisle, Esq.
>mcarlisle@bakerlaw.com
>Dean Hunt, Esq.
>dhunt@bakerlaw.com
>Baker & Hostetler LLP
>811 Main Street
>Suite 1100
>Houston, TX 77002-6111

Dated:   December 28, 2015
            New York, New York                        */s/ Helen Davis Chaitman*