# EXHIBIT F

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　　　　　Plaintiff-Applicant,<br>　　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br>　　　　　　　　　Plaintiff,<br>　　　v.<br>CAROL NELSON,<br>　　　　　　　　　Defendant. | Adv. Pro. No. 10-04658 (SMB) |

**CAROL NELSON'S OBJECTIONS AND RESPONSES TO**
**TRUSTEE'S SECOND SET OF INTERROGATORIES**

　　　　Carol Nelson ("Responding Party"), by and through her attorneys, and pursuant to Rules

26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules

of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the

Second Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee" or the

"Propounding Party") as follows:

## **GENERAL OBJECTIONS**

1.  Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.  Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.  Responding Party objects to the Requests to the extent they call for legal conclusions.

6.  Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

**RESPONSES**

**12.** For each denial made in Your Responses to the Trustee's First Set of Requests for Admission, please describe the factual basis supporting the denial.

**Response:** Each denial is based upon Responding Party's personal knowledge.

13. Identify all steps you have taken to preserve responsible Documents pursuant to the preservation letters sent to your counsel on April 15, 2011 and July 20, 2014.

**Response:** Responding party has not disposed of any Documents since her receipt of the aforesaid letters.

| | |
|---|---|
| New York, New York<br>October 12, 2015 | CHAITMAN LLP |
| | By: */s/ Helen Davis Chaitman*<br>Helen Davis Chaitman |
| | 465 Park Avenue<br>New York, New York 10022<br>(908) 303-4568<br>hchaitman@chaitmanllp.com |
| | *Attorneys for Carol Nelson* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2015 a true and correct copy of the foregoing was served by electronic mail and USPS First Class mail upon:

> BAKER & HOSTETLER
> David J. Sheehan
> 45 Rockefeller Plaza
> New York, NY 10111
> dsheehan@bakerlaw.com

Dated:  New York, New York
        October 12, 2015                         */s/ Helen Davis Chaitman*

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                  Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                  Plaintiff,<br>v.<br><br>CAROL NELSON, individually and as joint tenant; STANLEY NELSON, individually and as joint tenant,<br>                  Defendant. | Adv. Pro. No. 10-04377 (SMB) |

**CAROL NELSON'S OBJECTIONS AND RESPONSES TO
TRUSTEE'S SECOND SET OF INTERROGATORIES**

       Carol Nelson ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the Second Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee" or the

"Propounding Party") as follows:

## GENERAL OBJECTIONS

1.  Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.  Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.  Responding Party objects to the Requests to the extent they call for legal conclusions.

6.  Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{00011615 1 }                                                 2

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## **RESPONSES**

**12.**  For each denial made in Your Responses to the Trustee's First Set of Requests for Admission, please describe the factual basis supporting the denial.

**Response:** Each denial is based upon Responding Party's personal knowledge.

13.  Identify all steps you have taken to preserve responsible Documents pursuant to the preservation letters sent to your counsel on April 15, 2011 and July 20, 2014.

**Response:**  Responding party has not disposed of any Documents since her receipt of the aforesaid letters.

| | |
|---|---|
| New York, New York<br>October 12, 2015 | CHAITMAN LLP<br><br>By:  */s/ Helen Davis Chaitman*<br>     Helen Davis Chaitman<br><br>465 Park Avenue<br>New York, New York 10022<br>(908) 303-4568<br>hchaitman@chaitmanllp.com<br><br>*Attorneys for Carol Nelson* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2015 a true and correct copy of the foregoing was served by electronic mail and USPS First Class mail upon:

> BAKER & HOSTETLER
> David J. Sheehan
> 45 Rockefeller Plaza
> New York, NY 10111
> dsheehan@bakerlaw.com

Dated:   New York, New York
         October 12, 2015                    */s/ Helen Davis Chaitman*

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendant Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>       Plaintiff,<br><br>  v.<br><br>CAROL NELSON, individually and as joint tenant; STANLEY NELSON, individually and as joint tenant<br><br>       Defendant. | Adv. Pro. No. 10-04377 (SMB) |

**STANLEY NELSON'S OBJECTIONS AND RESPONSES TO
TRUSTEE'S SECOND SET OF INTERROGATORIES**

  Stanley Nelson ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the Second Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee" or

{00011617 1 }

the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{00011617 1 }                                         2

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

**12.** For each denial made in Your Responses to the Trustee's First Set of Requests for Admission, please describe the factual basis supporting the denial.

**Response:** Each denial is based upon Responding Party's personal knowledge.

13. Identify all steps you have taken to preserve responsible Documents pursuant to the preservation letters sent to your counsel on April 15, 2011 and July 20, 2014.

**Response:** Responding party has not disposed of any Documents since his receipt of the aforesaid letters.

New York, New York  
October 12, 2015

CHAITMAN LLP

By: */s/ Helen Davis Chaitman*  
Helen Davis Chaitman

465 Park Avenue  
New York, New York 10022  
(908) 303-4568  
hchaitman@chaitmanllp.com

*Attorneys for Stanley Nelson*

# **CERTIFICATE OF SERVICE**

    I hereby certify that on October 12, 2015 a true and correct copy of the foregoing was served by electronic mail and USPS First Class mail upon:

>BAKER & HOSTETLER
>David J. Sheehan
>45 Rockefeller Plaza
>New York, NY 10111
>dsheehan@bakerlaw.com

Dated:   New York, New York
           October 12, 2015                                   */s/ Helen Davis Chaitman*