# CHAITMAN LLP

465 PARK AVENUE
NEW YORK, NY 10022
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

December 30, 2015

<u>VIA ECF AND EMAIL</u>

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:  *Irving H. Picard, Trustee v. Carol and Stanley Nelson,* Adv. Pro. No. 10-04377 (SMB)
 *Irving H. Picard, Trustee v. Carol Nelson,* Adv. Pro. No. 10-04658 (SMB)
 <u>Request for discovery conference</u>

Dear Judge Bernstein:

I write on behalf of Carol and Stanely Nelson ("the Nelsons") to request a discovery conference to resolve certain discovery disputes that I have been unable to resolve with the Trustee. I apologize that I am forced to burden the Court with these issues.

**The Trustee's refusal to properly respond to interrogatories**

On October 5, 2015, the Trustee purported to respond to interrogatories served upon him by the Nelsons. The responses are annexed hereto as Exhibit A. The responses are inadequate in the following respects:

**Interrogatory No. 1:** This interrogatory seeks the amount of money that Madoff/BLMIS transferred from the 703 Account to the non-investment advisory divisions of Madoff's business from January 1, 1990 through December 11, 2008. The interrogatory seeks a simple response of a sum of money. We have reason to believe that the Trustee has already calculated this amount but, in any event, the Trustee can easily do so. Instead, the Trustee asserts all kinds of baseless objections.

**Interrogatory No. 2:** This interrogatory seeks the amount of money that Madoff/BLMIS transferred from the non-investment advisory divisions of Madoff's business to the 703 account from January 1, 1990 through December 11, 2008. Again, this is a simple calculation which we believe the Trustee has already made but, in any event, he can easily make. Instead, the Trustee asserts the same baseless objections as he asserted to Interrogatory No. 1.

{00017617 2 }

CHAITMAN LLP

Honorable Stuart M. Bernstein
December 30, 2015
Page 2

**The Trustee's refusal to produce documents**

On October 5, 2015, the Trustee provided responses to a document demand served upon him by the Nelsons. The responses are annexed hereto as Exhibit B. The response are inadequate in the following respects:

**Request No. 2:** This request seeks "All Documents utilized by the Trustee and all documents provided to third parties relating to the Trustee's efforts to sell the BLMIS trading operations." The Trustee has refused to comply with this request on the grounds that the request is unduly burdensome, that the documents are irrelevant, and that the information is privileged. None of these objections is meritorious. The Nelsons contend that the legitimate trading operations of Madoff constituted approximately 90% of Madoff's operations, when measured by trading volume, revenues, and number of employees. For example, I am informed that BLMIS employed approximately 200 people of whom 188 worked in the legitimate trading operation and only 12 worked in the illegitimate investment advisory business. The legitimate business constituted the single largest securities trader in the world, executing trades, at times, equal to 10% of the daily volume on the New York Stock Exchange.

Whether it is appropriate to deem an entity a "Ponzi scheme" (a finding upon which the Trustee's right to recover depends) requires the Trustee to prove that the debtor lacked any legitimate business operations. *See In re Dreier LLP*, Adv. Pro. No. 10-03493 (SMB), 2014 WL 47774, *14 (Bankr. S.D.N.Y. Jan. 3, 2014) (denying summary judgment that law firm was a Ponzi scheme). *See also, In re Taneja*, 2012 WL 3073175 at *4-10; *In re Rose*, 425 B.R. at 152-53; *In re Pearlman*, 440 B.R. at 575; *In re Dreier LLP*, 2014 WL 47774, *14. The documents the Nelsons requested were prepared by the Trustee and constitute his representations to third parties as to the nature, scope and value of the non-fraudulent aspects of BLMIS' business. There is no legitimate basis for the Trustee to withhold these documents.

**Request No. 3:** This request includes all of the debtor's financial statements including, without limitation, balance sheets, income statements and cash flow statements from BLMIS from 1990 to 2008. The Trustee refuses to comply with this request, claiming it is unduly burdensome and that the documents are irrelevant. These are not credible or meritorious objections.

**Request No. 5:** This request asks for all Documents between NTC and the Trustee and his counsel. NTC is the successor to FISERV which was the trustee on all IRA accounts established by Madoff. Initially, the Trustee sued NTC and the Nelsons but, after the complaint was served, the Trustee entered into a secret agreement with NTC pursuant to which it dropped NTC as a defendant. Since NTC was the direct transferee of Ms. Nelson's IRA account, any documents evidencing communications between the Trustee and NTC are relevant and discoverable.

{00017617 2 }

# CHAITMAN LLP

Honorable Stuart M. Bernstein
December 30, 2015
Page 3

    Again, I apologize for burdening the Court with these issues but the Nelsons are entitled to this discovery and I have been unable to obtain the Trustee's compliance with these demands.

Yours respectfully,

/s/ *Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encl.

cc:    *Via ECF and Email:*
      Marie L. Carlisle (mcarlisle@bakerlaw.com)
      Dean D. Hunt (dhunt@bakerlaw.com)

{00017617 2 }