# EXHIBIT A

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of Bernard
L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>CAROL NELSON, individually and joint tenant; and STANLEY NELSON, individually and joint tenant, | Adv. Pro. No. 10-04377 (SMB) |

|  |  |
|---|---|
| Defendants. |  |

**TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all applicable Local Civil Rules of the United States Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to Defendants' First Set of Interrogatories ("Interrogatories") served on September 1, 2015 by Defendants.

## GENERAL OBJECTIONS

The Trustee sets forth the following General Objections, which are hereby fully incorporated into each and every numbered response:

1. The Trustee objects to these Interrogatories to the extent that they seek to enlarge and/or expand the scope of discovery as set forth by the Federal Rules, the Bankruptcy Rules and the Local Rules. The Trustee will respond to these Interrogatories consistent with these rules.

2. The Trustee objects to the Interrogatories to the extent that the information sought would violate the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No.

2

08-01789 (SMB) (the "Protective Order"), or any amendments thereto or subsequent orders that may be entered in this case, and/or any other applicable federal or state law.

3.  The Trustee objects to the Interrogatories to the extent they seek information concerning communications between the Trustee and the Securities Investor Protection Corporation ("SIPC"), and/or any regulator or governmental agency, including, without limitation, the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), the Federal Bureau of Investigations ("FBI"), the United States Attorney's Office ("USAO") for the Southern District of New York, or any grand jury, on the ground that such communications are deemed confidential and are protected by the attorney-client privilege or the common interest doctrine. In addition, the Trustee objects to the production of any such information on the ground that it is protected by the work product doctrine.

4.  Nothing in these responses is intended to be or may be construed as a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, and/or any other privilege, doctrine, or immunity. In the event that a document or information subject to the foregoing privileges and protections is produced, the production of such document or information is purely inadvertent and unintended and shall not be deemed a waiver of any applicable privilege or protection with respect to such information or any other information or subject matter. The Trustee reserves the right to seek the return of any inadvertently produced documents.

5.  The Trustee objects to any Interrogatories that seek the production of documents or information that is of a private or sensitive nature, the disclosure of which would violate the rights of privacy, secrecy and/or confidentiality that belong to others, and/or that would otherwise violate any existing confidentiality agreements. To the extent any Interrogatory calls

3

for documents or information produced by a third party under confidentiality restrictions and/or in the context of the Trustee's investigations under Bankruptcy Rule 2004, the Trustee will not produce any such documents or information unless the confidentiality restrictions have been lifted by the producing party or the Court, and the Trustee has relied on or will rely upon the information in connection with this case. In that instance, production will be made after confidentiality concerns are addressed on a supplemental basis up until the time of trial as reliance is determined.

6. The Trustee objects to many of these Interrogatories, as set forth in more detail below, to the extent they are overbroad, unduly burdensome, unnecessarily expansive and seek documents or information available through other modes of discovery or within the possession of Defendants, and the burden of responding outweighs the benefit considering the needs of the case, prior discovery, and the importance of the issues in the litigation.

7. The Trustee is in possession of a massive document collection of BLMIS data, currently consisting of more than 28.8 million documents (4.0 terabytes of data), exclusive of third-party documents. In addition to the electronic data, the collection includes millions of pages of scanned documents; the searchable text of this data set may suffer from the issues inherent in any collection of documents that have been through the optical character recognition process. Production of all responsive documents and/or information in connection with many of the Interrogatories below would result in an inundation of irrelevant and duplicative material that would not merit the undue burden to locate, identify, and produce. The Trustee has collected and produced the core substantive records that BLMIS maintained for the Account as part of his Initial Disclosures (the "Initial Disclosure Documents"), which collectively address the narrow factual issues relevant to this adversary proceeding. The Initial Disclosure Documents

4

specifically contain the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis.

8. The Trustee objects to these Interrogatories to the extent they seek information that could be obtained by a more appropriate mode of discovery, is redundant or duplicative of information already obtained, is premature, is unnecessarily cumulative, and/or is more easily obtained from some other source that is more convenient, less burdensome, or less expensive, such as Defendants or third parties. The Trustee further objects to any Interrogatory that seeks information that is otherwise publicly available, or is primarily or exclusively within Defendant's possession, custody, or control.

9. The Trustee objects to any Interrogatory that improperly seeks documents or information concerning a legal conclusion rather than a factual allegation.

10. The Trustee objects to any Interrogatory that improperly seeks documents or information concerning an expert conclusion rather than a factual allegation on the basis that any such Interrogatory is premature.

11. The Trustee objects to any Interrogatory that requires him to provide responses or documents regarding the relationship and/or knowledge of documents, matters, persons and/or

5

entities over whom the Trustee has no control, and with whom the Trustee does not have a relationship. The Trustee is not a party with personal knowledge.

12. The Trustee objects to the Interrogatories to the extent that they prematurely seek to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

13. The Trustee objects to any Interrogatory seeking documents or information that is irrelevant, immaterial, and/or unnecessary in the prosecution or defense of the action, and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

14. The Trustee objects to any Interrogatory that seeks information outside the scope of permissible discovery pursuant to Paragraph 4.G of this Court's Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amended the February 16, 2010 Protective Order, which was entered into on November 10, 2010.

15. The Trustee responds to the Interrogatories subject to, and without waiving, the right to change, modify, supplement, or clarify the objections and responses contained herein at any time before trial. These responses are made without prejudice to the Trustee's right to produce at trial, or otherwise, subsequently discovered evidence.

16. The foregoing General Objections are incorporated by reference into each and all of the following responses. By setting forth specific objections below, the Trustee does not, and does not intend to, limit or restrict these General Objections; however, the Trustee may reiterate specific objections to any of the Interrogatories below without waiver of any objection not specifically stated.

**SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. The Trustee objects to the "Definitions" and "Instructions" to the extent they deviate from, conflict with, or impose a greater obligation than the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

2. The Trustee objects to the term "Account" as vague and ambiguous and states that, for purposes of his Responses, he will interpret the word "Account" to mean BLMIS Account No. 1ZA284 held by Carol and Stanley Nelson.

3. The Trustee objects to the definition of "BLMIS" as on the ground that it is overbroad, vague and ambiguous. "BLMIS" should include Bernard L. Madoff, individually, Bernard L. Madoff Investment Securities, a sole proprietorship, and Bernard L. Madoff Investment Securities LLC. "BLMIS" operated three business units: (i) a market making business; (ii) a proprietary trading business; and (iii) an investment advisory business (the "IA Business"). The Trustee's responses to these Interrogatories are limited to the IA Business because Defendants maintained a BLMIS Account Number with the IA Business.

4. The Trustee objects to the terms "Trustee" and "You" as overbroad and unduly burdensome to the extent they would apply to anyone other than the Trustee and to the extent they would apply to the Trustee in any capacity other than his role as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

Subject to and without waiving the General Objections above, each and every one of which is incorporated into each and every response below, and subject to the Trustee's right to amend and supplement these responses as discovery continues, the Trustee objects and responds to the individual Interrogatories as follows:

7

**INTERROGATORY NO. 1**

From January 1, 1990, through December 11, 2008, how much money from BLMIS' 703 Account was transferred, directly or indirectly, to the non-investment advisory divisions of Madoff's business? Produce all documents from which you derived your answers.

**RESPONSE**

The Trustee objects to Interrogatory No. 1 on the ground that it is vague and ambiguous with respect to the phrase "non-investment advisory divisions."

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Interrogatory to the extent that it seeks documents or information that is irrelevant, immaterial, and/or unnecessary in the prosecution or defense of the action, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

The Trustee further objects to this Interrogatory on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the answer to this Interrogatory may be determined through documents relating to BLMIS's fraud and insolvency located in E-Data Room1. On June 23, 2014, the Trustee provided defense

counsel with the credentials necessary to access E-Data Room 1, as well as a user guide explaining how it is organized. The user guide for E-Data Room 1 details the contents of E-Data Room 1 and the items not included in E-Data Room 1.

**INTERROGATORY NO. 2**

From January 1, 1990, through December 11, 2008, how much money from the BLMIS' non-investment advisory divisions of Madoff's business was transferred to BLMIS' 703 Account? Produce all documents from which you derived your answers.

**RESPONSE**

The Trustee objects to Interrogatory No. 2 on the ground that it is vague and ambiguous with respect to the phrase "non-investment advisory divisions."

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Interrogatory to the extent that it seeks documents or information that is irrelevant, immaterial, and/or unnecessary in the prosecution or defense of the action, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

The Trustee further objects to this Interrogatory on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

Subject to and without waiving the foregoing general and specific objections, the Trustee

states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the answer to this Interrogatory may be determined through documents relating to BLMIS's fraud and insolvency located in E-Data Room1. On June 23, 2014, the Trustee provided defense counsel with the credentials necessary to access E-Data Room 1, as well as a user guide explaining how it is organized. The user guide for E-Data Room 1 details the contents of E-Data Room 1 and the items not included in E-Data Room 1.

**INTERROGATORY NO. 3**

Set forth in detail the complete factual basis to support your position that every time "PW" appears on any Madoff account statement, a check was made out by Madoff to the account holder and cashed by the account holder. Included in this response should be the name of every person from whom you obtained information concerning the PW entries on Madoff account statements. Produce all documents reflecting your discussions with such persons and all documents evidencing or relating to PW transactions.

**RESPONSE**

The Trustee objects to Interrogatory No. 3 on the ground that it is vague and ambiguous with respect to the phrase "set forth in detail the complete factual basis." The Trustee will construe this phrase as seeking the factual basis of the referenced assertion.

The Trustee further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. It would be extremely burdensome to identify and produce "all documents" reflecting discussions regarding or relating to PW transactions, as well as to name "every" person from whom the Trustee obtained information concerning the PW entries on Madoff account statements.

The Trustee further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. As written, this Interrogatory seeks information regarding account holders not named in this adversary proceeding.

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Interrogatory on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Interrogatory to the extent that it seeks information and documents that are more appropriately obtained directly from the Defendants themselves or from a third party.

The Trustee further objects to this Interrogatory to the extent it seeks the production of documents. Such a request is more appropriately addressed by a request for production.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the answer to this Interrogatory may be determined through the Initial Disclosure Documents that the Trustee produced to Defendants on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by

11

BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that relate to the Account and are responsive to this Interrogatory, to the extent that any such documents exist.

**INTERROGATORY NO. 4**

Set forth in detail the complete factual basis to support your position that Madoff was paying profits or dividends to any account holders, which were reflected as "profit withdrawals" on account statements. Identify and produce all documents concerning the facts on which you base your contention and identify each person with whom you spoke concerning PW transactions.

**RESPONSE**

The Trustee objects to Interrogatory No. 4 on the ground that it is vague and ambiguous with respect to the phrase "set forth in detail the complete factual basis." The Trustee will construe this phrase as seeking the factual basis of the assertion referenced.

The Trustee further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. It would be extremely burdensome for the Trustee to "identify and produce all documents" and to identify "each person" with whom someone representing the Trustee may have spoken.

The Trustee further objects to this Interrogatory to the extent it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Interrogatory on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Interrogatory to the extent it seeks the production of documents. Such a request is more appropriately addressed by a request for production.

The Trustee further objects to this Interrogatory to the extent that it seeks information and documents that are more appropriately obtained directly from the Defendants themselves or from a third party.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the answer to this Interrogatory may be determined through the Initial Disclosure Documents that the Trustee produced to Defendants on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. Because the

production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that relate to the Account and are responsive to this Interrogatory, to the extent that any such documents exist.

**INTERROGATORY NO. 5**

Identify all expert witnesses on whose findings or opinions you have relied in forming your positions that PW transactions include payments to account holders. State the substance of the facts and opinion as to which each expert is expected to testify, along with a summary of the grounds for each such opinion.

**RESPONSE**

The Trustee objects to Interrogatory No. 5 on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Notice. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules and any applicable Court orders.

**INTERROGATORY NO. 6**

Identify and produce all documents relating to the Accounts referencing a "PW" transaction.

**RESPONSE**

The Trustee objects to Interrogatory No. 6 on the ground that it is overbroad and unduly burdensome. It would be extremely burdensome for the Trustee to "identify and produce all documents relating to the Accounts referencing a "PW" transaction.

14

The Trustee further objects to this Interrogatory to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Interrogatory on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Interrogatory as overbroad and unduly burdensome to the extent that it calls for the Trustee to "identify ... all documents" that he produces. The Trustee will produce responsive documents pursuant to a non-objectionable document request and such documents are identified upon production. It would be burdensome for the Trustee to separately identify such documents by creating a separate list or chart, and the Trustee has no obligation to do so.

The Trustee further objects to this Interrogatory to the extent it seeks the production of documents. Such a request is more appropriately addressed by a request for production.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that, pursuant to Rule 33(d) of the Federal Rules and Rule 7033 of the Bankruptcy Rules, the answer to this Interrogatory may be determined through Initial Disclosure Documents that the Trustee produced to Defendants on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents

and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that relate to the Account and are responsive to this Interrogatory, to the extent that any such documents exist.

Dated: October 5, 2015

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

**BAKER & HOSTETLER LLP**

*/s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

16

## VERIFICATION

STATE OF NEW YORK      )
                                              )
COUNTY OF NEW YORK  )

I, Irving H. Picard, as the Court-appointed Trustee of the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, hereby state that the foregoing Responses and Objections to Interrogatories ("Interrogatory Responses") have been assembled and prepared by my counsel. I sign for purposes of being bound by the foregoing Interrogatory Responses, but further state that as the Trustee, I have no personal knowledge of the facts and information herein. The Interrogatory Responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these Interrogatory Responses. Consequently, I reserve the right to make changes to the Interrogatory Responses if at any time it appears that an error or omission has been made therein or if additional or more accurate information becomes available.

Dated: October 5, 2015

_____
Irving H. Picard

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of October, 2015 by electronic mail/First class mail upon the following:

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, NY 10022
Email: helendavischaitman@gmail.com

_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 5th day of October, 2015 by electronic and First Class mail upon the following:

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, NY 10022
Email: helendavischaitman@gmail.com

Valerie Sirota
Becker & Poliakoff
45 Broadway, 8th Floor
New York, NY 10006
Email: vsirota@becker-poliakoff.com

                                                                                                  _____
*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*