# EXHIBIT B

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |

Defendants.

## TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§78aaa, *et. seq.* ("SIPA"), and the Estate of Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to Defendants' First Set of Requests for Documents (the "Request") served on September 1, 2015.

## GENERAL OBJECTIONS

The Trustee sets forth the following General Objections, which are hereby fully incorporated into the numbered response:

1.      The Trustee objects to the Request to the extent that it seeks to enlarge and/or expand the scope of discovery as set forth by the Federal Rules, Bankruptcy Rules, and Local Rules. The Trustee will respond to the Request consistent with these rules.

2.      The Trustee objects to the Request to the extent that production of any documents sought would violate the Protective Order entered on June 6, 2011, in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No. 08-01789 (SMB) (the "Protective Order"), or any amendments to or subsequent orders

that may be entered in this case, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

3.      The Trustee objects to this Request to the extent it seeks documents concerning communications between the Trustee and the Securities Investor Protection Corporation ("SIPC"), and/or any regulator or governmental agency, including, without limitation, the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), the Federal Bureau of Investigation ("FBI"), the United States Attorney's Office ("USAO") for the Southern District of New York, or any grand jury, on the grounds that such communications are deemed confidential and are protected by the attorney-client privilege, the common interest privilege, and/or the work product doctrine.

4.      Nothing in this response is intended to be or may be construed as a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, and/or any other privilege, doctrine, or immunity. In the event that a document or information subject to the foregoing privileges and protections is produced, the production of such document or information is purely inadvertent and unintended and shall not be deemed a waiver of any applicable privilege or protection with respect to such information or any other information or subject matter. The Trustee reserves the right to seek the return of any inadvertently produced documents.

5.      The Trustee objects to any Request that seeks the production of documents that include any information that is of a private and sensitive nature, the disclosure of which would violate the rights of privacy, secrecy and/or confidentiality that belong to others, and/or that would otherwise violate any existing confidentiality agreements. To the extent the Request calls for document(s) produced by a third party under confidentiality restrictions and/or in the context

3

of the Trustee's investigations under Bankruptcy Rule 2004, the Trustee will not produce any such document(s) unless the confidentiality restrictions have been lifted by the producing party or the Court.

6.     The Trustee objects to producing documents that are being held under the control of the FBI, including documents housed in a Queens, New York warehouse facility, on the grounds that they are not readily accessible to the Trustee. The Trustee also objects to producing any other documents that are not reasonably accessible to the Trustee.

7.     The Trustee objects to this Request to the extent it seeks information that could be obtained by a more appropriate mode of discovery, is redundant or duplicative of information already obtained, is premature, is unnecessarily cumulative, and/or is more easily obtained from some other source that is more convenient, less burdensome, or less expensive, such as Defendants or third parties. The Trustee further objects to any Request that seeks information already in Defendants' possession, is otherwise publicly available, or is primarily or exclusively within Defendants' possession, custody, or control.

8.     The Trustee is in possession of a massive document collection of BLMIS data, currently consisting of more than 28.8 million documents (4.0 terabytes of data), exclusive of third-party documents. In addition to the electronic data, the collection includes millions of pages of scanned documents; the searchable text of this data set may suffer from the issues inherent in any collection of documents that have been through the optical character recognition process. Accordingly, any response indicating that documents will be produced is subject to an agreement among the parties as to the appropriate search mechanisms, including appropriate terms and parameters, and methods that will be utilized in gathering responsive documents. In addition, to the extent an agreement for a reasonable production is reached by the Trustee and

4

Defendants, the Trustee will likely seek to employ sampling techniques and seek cost shifting as appropriate. Any production will be on a rolling basis.

9.    The Trustee objects to this the Request to the extent that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of this information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable case management orders.

10.    The Trustee objects to any Request that improperly seeks documents concerning a legal conclusion rather than a factual allegation.

11.    The Trustee objects to any Request that improperly seeks documents concerning an expert conclusion rather than a factual allegation on the basis that any such Request is premature.

12.    The Trustee objects to any Request that requires him to provide responses or documents regarding the relationship and/or knowledge of documents, matters, persons and/or entities over whom the Trustee has no control, and with whom the Trustee does not have a relationship. The Trustee is not a party with personal knowledge.

13.    Certain of the Trustee's objections and responses refer the Defendants to documents the Trustee has made available for inspection in the Madoff Trustee Proof of Fraud and Insolvency Data Room ("E-Data Room 1"), which contains documents relating to BLMIS's fraud and insolvency. Pursuant to the Order dated November 10, 2010, (1) Establishing litigation case management procedures for avoidance actions and (2) Amending the February 16, 2010 Protective Order issued by the U.S. Bankruptcy Court, and as modified by the Order Establishing Expanded Access to Electronic Data Room 1, entered on January 12, 2012, access

to E-Data Room 1 was granted to counsel of record for Defendants in this adversary proceeding. Included in E-Data Room 1 is certain core information that relates to: the financial condition of BLMIS; the operations of BLMIS, including the Ponzi scheme; customer account documents and correspondence with BLMIS; other internal records of BLMIS; transfers of money to, from, and within BLMIS, and regulatory disclosures made by BLMIS.

14.     The Trustee responds to the Request subject to, and without waiving, the right to change, modify, supplement or clarify the objections and responses contained herein at any time before trial. These responses are made without prejudice to the Trustee's right to produce at trial, or otherwise, subsequently discovered evidence.

15.     The Trustee's specific objections or lack thereof should not be construed to mean that documents responsive to such Request exist. Similarly, the statement that the Trustee will produce documents in response to any particular Request should not be construed to mean that any such documents exist, but rather that efforts will be made to search the universe of documents in connection with that particular Request.

16.     Subject to the objections and limitations set forth herein, the Trustee will produce, on a rolling basis, responsive and reasonably accessible documents from the records of BLMIS that existed as of December 11, 2008, unless otherwise specifically indicated in the responses below.

17.     The foregoing General Objections are incorporated by reference into the following response. By setting forth specific objections below, the Trustee does not, and does not intend to, limit or restrict these General Objections; however, the Trustee may reiterate specific objections to the document request below without waiver of any objection not specifically stated.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      The Trustee objects to the "Definitions and Instructions" to the extent they deviate from, conflict with, or impose a greater obligation than the Federal Rules, Bankruptcy Rules, and/or the Local Rules.

2.      The Trustee objects to the term "Account" as vague and ambiguous and states that, for purposes of his Responses, the Trustee will interpret "Account" to mean BLMIS Account No. 1ZA284 held by Carol Nelson and Stanley Nelson.

3.      The Trustee objects to the definition of "BLMIS" on the ground that it is overbroad, vague and ambiguous.  "BLMIS" should include Bernard L. Madoff, individually, Bernard L. Madoff Investment Securities, a sole proprietorship, and Bernard L. Madoff Investment Securities LLC.  "BLMIS" operated three business units:  (i) a market making business; (ii) a proprietary trading business; and (iii) an investment advisory business (the "IA Business").  The Trustee's responses to these Requests are limited to the IA Business because Defendants maintained a BLMIS Account Number with the IA Business.

4.      The Trustee objects to the terms "Trustee" or "You" as overbroad and unduly burdensome to the extent they would apply to anyone other than the Trustee, and also to the extent they would apply to the Trustee in any capacity other than his role as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC.

## SPECIFIC OBJECTIONS AND RESPONSE TO DEFENDANTS' REQUEST

Subject to and without waiving the General Objections above, each and every one of which is incorporated into each and every response below, and subject to the Trustee's right to amend and supplement these responses as discovery continues, the Trustee objects and responds to the individual Requests as follows:

**REQUEST NO. 1**

All Documents reflecting stock purchase and sale records and stock positions held by BLMIS for the entire period from December 11, 2002 through December 11, 2008 for all of its customers, including its market making.

**RESPONSE**

The Trustee objects to Request No. 1 as overly broad and unduly burdensome to the extent that it seeks documents that are not related to the Defendant or to this Adversary Proceeding.

The Trustee further objects to this Request as overbroad and unduly burdensome to the extent that it seeks "all documents reflecting" stock purchase and sale records and stock positions for six years.

The Trustee further objects to this Request as overbroad and unduly burdensome to the extent that it does not distinguish between documents that contain substantive information and documents that are solely duplicative or of a procedural or administrative nature and have marginal or no relevance to the issues in dispute.

The Trustee further objects to this Request as vague and ambiguous with respect to the phrase "reflecting stock purchase and sale records and stock positions held by BLMIS," in particular because BLMIS was operating as a Ponzi scheme and no such purchases or sales were made.

The Trustee further objects to this Request to the extent that it prematurely seeks the production of expert material well in advance of the deadline for the disclosure of such material as provided in the Court-approved Case Management Order. The Trustee will make the

appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, Bankruptcy Rules, and any applicable case management orders.

Subject to and without waiving the forgoing general and specific objections, the Trustee states that no responsive documents exist.

## REQUEST NO. 2

All Documents utilized by the Trustee and all documents provided to third parties relating to the Trustee's efforts to sell the BLMIS trading operations.

## RESPONSE

The Trustee objects to this Request as overly broad and unduly burdensome. It would be extremely burdensome for the Trustee to produce "all" documents responsive to this Request.

The Trustee further objects to this Request on the grounds that it seeks documents that are irrelevant, immaterial, and/or unnecessary in the prosecution or defense of the action, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. The Trustee's recovery effort has no bearing on the issues relevant to this litigation, which concern whether or not Defendants received certain financial transfers originating from BLMIS for value.

The Trustee further objects to this Request to the extent that it seeks privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

Subject to and without waiving the foregoing objections, the Trustee states that updated information relating to the Trustee's efforts to recover money on behalf of the BLMIS victims' fund is made publicly available at www.madofftrustee.com.

## REQUEST NO. 3

All financial statements, including, without limitation, balance sheets, income statements

and cash flow statements, from BLMIS from 1990 to 2008.

**RESPONSE**

      The Trustee objects to Request No. 3 as overly broad and unduly burdensome. It would be extremely burdensome for the Trustee to identify "all" documents responsive to this Request irrespective of substantive relevance or usefulness to any party, as this Request appears to target every single BLMIS financial record and customer statement in its database. The Trustee is in possession of a massive document collection of BLMIS data currently consisting of more than 28.8 million documents (4.0 terabytes of data), exclusive of third-party documents, and producing "all" documents responsive to this Request would result in an inundation of irrelevant and duplicative material that would not merit the undue burden to locate, identify, and produce. The Trustee has collected and produced the core substantive records that BLMIS maintained for the Accounts as part of his Initial Disclosure Documents, which collectively address the narrow factual issues relevant to this adversary proceeding. In addition, documents related to BLMIS's fraud and insolvency are available in E-Data Room 1.

      The Trustee further objects to this Request on the grounds that it seeks documents neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. On its face, this Request seeks documents that are not related to the Defendants or to this Adversary Proceeding.

      The Trustee further objects to this Request on the grounds that it prematurely seeks the production of expert material well in advance of the deadline for the disclosure of such material as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

Subject to and without waiving the foregoing objections, the Trustee states that documents responsive to this Request were previously produced with the Initial Disclosure Documents on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. In addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records related to the Account. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis.

The Trustee further states that documents responsive to this Request are located in E-Data Room 1, which contains documents relating to BLMIS's fraud and insolvency. On June 23, 2014, defense counsel was provided with the credentials necessary to access E-Data Room 1, as well as a user guide explaining how it is organized.

**REQUEST NO. 4**

All tax returns for BLMIS from 1990 to 2008.

**RESPONSE**

The Trustee objects to Request No. 4 as overly broad and unduly burdensome on the grounds that it seeks documents that are not related to the Defendants or to this Adversary Proceeding.

The Trustee further objects to this Request to the extent that it seeks documents that are

11

irrelevant, immaterial, and/or unnecessary in the prosecution or defense of the action, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

The Trustee further objects to this Request on the grounds that it prematurely seeks the production of expert material well in advance of the deadline for the disclosure of such material as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that he will produce responsive, non-privileged documents as they are located and to the extent they exist.

**REQUEST NO. 5**

All Documents between NTC and the Trustee or his counsel.

**RESPONSE**

The Trustee objects to Request No. 5 as overly broad and unduly burdensome on the grounds that it seeks documents that are not related to the Defendant or to this Adversary Proceeding.

The Trustee further objects to this Request on the ground that it seeks documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, the Trustee states that his counsel served a Federal Rule of Civil Procedure 45 Subpoena on Fiserv, Inc., formerly known as NTC & Co., and copies of the documents produced by Fiserv, Inc. in response to the Subpoena were previously produced to Defendant on May 6, 2015.

The Trustee further refers Defendant to the Stipulation and Order for Voluntary Dismissal of NTC & Co., LLP Without Prejudice, which was filed in this proceeding on May 10, 2011.

## REQUEST NO. 6

All Documents which relate in any way to the Trustee's position that every time "PW" appears on the Account statements, a check was made out by BLMIS to the Account Holders and cashed by the Account Holders.

## RESPONSE

The Trustee objects to Request No. 6 on the grounds that it is overbroad and unduly burdensome. It would be extremely burdensome for the Trustee to produce "all documents" evidencing PW transactions.

The Trustee further objects to this Request to the extent it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Request on the grounds that it prematurely seeks the production of expert material well in advance of the deadline for the deadline of disclosure of such material as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Request to the extent that it seeks documents that are more appropriately obtained directly from the Defendants themselves or a third party.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that documents responsive to this Request were previously produced with the Initial

13

Disclosure Documents on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. In addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records related to the Account. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that are responsive to this Request, to the extent that any such documents exist.

## REQUEST NO. 7

All Documents evidencing or relating to the Trustee's or his counsel's interviews of former BLMIS/Madoff employees concerning the transactions denoted as "PW" on **any** account statements of Madoff (not simply the Account statements).

## RESPONSE

The Trustee objects to Request No. 7 on the ground that it is overbroad and unduly burdensome. It would be extremely burdensome for the Trustee to provide "all documents" reflecting interviews regarding every time "PW" appears on "any account statements of Madoff."

The Trustee further objects to this Request to the extent it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that there are no documents responsive to this Request.

## REQUEST NO. 8

With respect to each PW entry on the Account statements, all Documents evidencing Madoff's purchase of the securities on the Account Holder's behalf.

## RESPONSE

The Trustee objects to Request No. 8 on the grounds that "evidencing Madoff's purchase of the securities on the Account Holder's behalf" is vague and ambiguous, in particular because BLMIS was operating as a Ponzi scheme and no such purchases or sales were made.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that there are no documents responsive to this Request.

## REQUEST NO. 9

All Documents relating to the Accounts referencing a "PW" transaction.

## RESPONSE

The Trustee objects to Request No. 9 on the grounds that it is vague and ambiguous as to whether "referencing a 'PW' transaction" is modifying the phrase "all documents" or "the Accounts."

The Trustee further objects to this Request to the extent that it seeks information concerning the Trustee's investigation or otherwise privileged information, including information produced by the attorney-client privilege, and/or the common interest and/or work

product doctrines.

The Trustee further objects to this Request on the grounds that it prematurely seeks the production of expert material well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Request to the extent that it seeks documents that are more appropriately obtained directly from the Defendants themselves or a third party.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that documents responsive to this Request were previously produced with the Initial Disclosure Documents that the Trustee produced to Defendants on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. In addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records related to the Account. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that are responsive to this Request, to the extent that any such documents exist.

**REQUEST NO. 10**

All Documents used, identified, or reviewed by You in Your responses to Defendants'

First Set of Interrogatories to the Trustee.

**RESPONSE**

The Trustee objects to Request No. 10 to the extent it seeks information concerning the

Trustee's investigation or otherwise privileged information, including information protected by

the attorney-client privilege, and/or the common interest and/or work product doctrines.

Subject to and without waiving the foregoing general and specific objections, the Trustee

states that documents responsive to this Request were previously produced with the Initial

Disclosure Documents that the Trustee produced to Defendant on July 15, 2014.  The Initial

Disclosure documents specifically include the following documents: (1) the customer account

file maintained by BLMIS for relevant accounts, which typically includes account opening and

closing documents and any applicable customer correspondence; (2) customer statements for

relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction

Reports for relevant accounts, which contain the transaction history for the relevant accounts.  In

addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records

related to the Account.   Because the production was voluminous, the documents were

accompanied by a detailed cover letter explaining the categories of documents contained in the

production, as well as detailed appendices that identify the specific document types on a

document-by-document basis.  Information responsive to this Request is also included in the

Trustee's complaint and exhibits thereto.

The Trustee further responds that he reviewed documents located in E-Data Room 1,

which contains documents relating to BLMIS's fraud and insolvency, and documents produced

by JPMorgan Chase Bank, N.A. and Fiserv, Inc. in this adversary proceeding. On June 23, 2014,

defense counsel was provided with the credentials necessary to access E-Data Room 1, as well as

a user guide explaining how it is organized. On May 1, 2015 and May 6, 2015, defense counsel

was provided with copies of the documents from JPMorgan Chase Bank, N.A. and Fiserv, Inc.,

respectively.

**REQUEST NO. 11**

Copies of all Madoff/BLMIS cancelled checks to the Account holders (front and back)

for all Accounts from inception.

**RESPONSE**

The Trustee objects to Request No. 11 on the ground that it is overbroad and unduly

burdensome to the extent it seeks "all cancelled checks" for all Accounts from inception.

The Trustee further objects to this Request on the grounds that it prematurely seeks the

production of expert material well in advance of the deadline for the disclosure of such

information as provided in the Court-approved Case Management Order. The Trustee will make

the appropriate disclosures during the expert disclosure process in accordance with the Federal

Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Request to the extent that it seeks documents that are

more appropriately obtained directly from the Defendant herself or a third party.

Subject to and without waiving the foregoing general and specific objections, the Trustee

states that documents responsive to this Request were previously produced with the Initial

Disclosure Documents that the Trustee produced to Defendant on July 15, 2014. The Initial

Disclosure documents specifically include the following documents: (1) the customer account

file maintained by BLMIS for relevant accounts, which typically includes account opening and

closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. In addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records related to the Account. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that are responsive to this Request, to the extent that any such documents exist.

The Trustee further responds that documents responsive to this Request are located in E-Data Room 1, which contains documents relating to BLMIS's fraud and insolvency. On June 23, 2014, defense counsel was provided with the credentials necessary to access E-Data Room 1, as well as a user guide explaining how it is organized.

## REQUEST NO. 12

Copies of all Madoff/BLMIS cancelled checks to any account holder evidencing a "PW" distribution to the account holder.

## RESPONSE

The Trustee objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome. It would be extremely burdensome for the Trustee to identify and produce "all Madoff/BLMIS cancelled checks" to "any account holder" that evidence a "PW distribution."

The Trustee further objects to this Request on the grounds that it seeks documents neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Cancelled checks relating to accounts not at issue in this

19

adversary proceeding have no bearing on the issues relevant to the litigation, which concern whether or not Defendants received certain financial transfers originating from BLMIS for value.

The Trustee further objects to this Request on the grounds that it prematurely seeks the production of expert material well in advance of the deadline for the disclosure of such information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

The Trustee further objects to this Request to the extent that it seeks documents that are more appropriately obtained directly from the Defendants themselves or a third party.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that documents responsive to this Request were previously produced with the Initial Disclosure Documents that the Trustee produced to Defendants on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. In addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records related to the Account. Because the production was voluminous, the documents were accompanied by a detailed cover letter explaining the categories of documents contained in the production, as well as detailed appendices that identify the specific document types on a document-by-document basis. Moreover, the Trustee will produce additional documents that are responsive to this Request, to the extent that any such documents exist.

**REQUEST NO. 13**

All Documents supporting the Trustee's contention that the Account has a negative net equity.

**RESPONSE**

The Trustee objects to Request No. 13 as vague and ambiguous with respect to the phrase "negative net equity."

The Trustee further objects to this Request to the extent it seeks information concerning the Trustee's investigation or otherwise privileged information, including information protected by the attorney-client privilege, and/or the common interest and/or work product doctrines.

The Trustee further objects to this Request on the grounds that it prematurely seeks the production of expert material well in advance of the deadline for the disclosure of such material as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable Court orders.

Subject to and without waiving the foregoing general and specific objections, the Trustee states that documents responsive to this Request were previously produced with the Initial Disclosure Documents that the Trustee produced to Defendants on July 15, 2014. The Initial Disclosure documents specifically include the following documents: (1) the customer account file maintained by BLMIS for relevant accounts, which typically includes account opening and closing documents and any applicable customer correspondence; (2) customer statements for relevant accounts; and (3) Portfolio Management and/or Portfolio Management Transaction Reports for relevant accounts, which contain the transaction history for the relevant accounts. In addition, the Initial Disclosure Documents contain BLMIS bank statements and financial records

related to the Account.    Because the production was voluminous, the documents were

accompanied by a detailed cover letter explaining the categories of documents contained in the

production, as well as detailed appendices that identify the specific document types on a

document-by-document basis.  Additional responsive information may be located in Exhibit B to

the Trustee's complaint.

Dated: October 5, 2015

**BAKER & HOSTETLER LLP**

Of Counsel:

*/s/ Nicholas J. Cremona*
45 Rockefeller Plaza

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of

October, 2015 by electronic mail/First class mail upon the following:

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, NY 10022
Email: helendavischaitman@gmail.com

_An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff_