# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

December 30, 2015

**VIA ECF AND EMAIL**

Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Helen Saren-Lawrence, Adv. Pro. No. 10-04898 (SMB)*

Dear Judge Bernstein:

     We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the estate of Bernard L. Madoff. We write in response to the December 30, 2015 letter filed by the defendant in connection with the above-referenced adversary proceeding requesting a discovery conference with the Court to address the defendant's request to redact "personal and confidential information" from bank records that are responsive to the Trustee's Rule 45 Subpoena served on JPMorgan & Chase Bank.

     First, as Defendant concedes in her letter, the bank records are plainly relevant and discoverable under Fed. R. Civ. P. 26. This is particularly true where, as here, the defendant has refused to admit to the initial transfers at issue. *See* Exhibit A, *Helene Saren-Lawrence's Objections and Responses to Trustee's First Set of Requests for Admission*.

     Second, Defendant also concedes in her letter that the Trustee is entitled to information reflecting transfers to and from BLMIS. However, the governing Litigation Protective Order ("LPO") goes beyond that, holding that information reflecting transfers from BLMIS *and* subsequent transfers is not confidential pursuant to Paragraph 4(e) of the LPO. *See* LPO at ¶ 4(e), *SIPC v. BLMIS*, Adv. Pro. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 6, 2011), ECF No. 4137. It cannot be left to defendants to determine what in bank records constitutes an initial or subsequent transfer and therefore what the Trustee may see. Further, if the bank records are designated confidential under the LPO, the Trustee would treat all information in the bank records not covered by Paragraph 4(e) in accordance with the provisions of the LPO, which

Judge Stuart M. Bernstein
December 30, 2015
Page 2

control the disclosure of confidential information. *Id.* at ¶ 10. Accordingly, the LPO obviates the legitimacy of any objections to the production based on privacy concerns.

Third, this Court has previously rejected an identical request from a defendant to redact bank records prior to the Trustee receiving them in *Picard v. Cohmad*, Adv. Pro. No. 09-1305. *See* Exhibit B, *Transcript on Hearing re: Motion to Quash Subpoena*, dated September 1, 2015, at 22. The transcript of this proceeding was brought to the attention of opposing counsel, but apparently did not convince her not to bring the instant application. *See* Exhibit B.

We respectfully request that the Court reject the Defendants' request and reaffirm the holding in *Cohmad* that the Trustee is entitled to receive unredacted bank records directly from the banks. *See* Exhibit C, *Order Denying Defendant Jonathan Greenberg's Motion for a Protective Order and to Quash Two Subpoenas Under Fed. R. Civ. P. 45*.

Respectfully submitted,

/s/ Edward J. Jacobs

Edward J. Jacobs

300377608.3