# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 31, 2015

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    Adv. Pro. No. 10-04898 (Helene Saren-Lawrence)

Dear Judge Bernstein:

We write in further response to letters submitted by the Defendant on December 30 and 31, 2015, and specifically, in response to Defendant's allegation that the Trustee is improperly seeking discovery on subsequent transfers through his Rule 45 bank subpoenas.

The Trustee seeks the bank records from Defendant here to confirm the initial transfers, because the Defendant has asserted a blanket denial to each and every alleged transaction associated with her BLMIS account.

In light of the December 16, 2015 hearing in the *Wiener* matters, the Trustee narrowed the subpoenas at issue here specifically to avoid any dispute on the subsequent transfer discovery issue. At that hearing, the Court confirmed that—at a minimum—the Trustee was entitled to Defendant's bank records for the relevant period. Similarly, this Court also affirmed the Trustee's right to un-redacted bank records in *Picard v. Cohmad*, Adv. Pro. No. 09-1305. *See* Exhibit A, *Transcript on Hearing re: Motion to Quash Subpoena*, dated September 1, 2015, at 22. While the Trustee maintains that the November 10, 2011 Procedures Order expressly permits discovery into the "identity" of possible subsequent transfers in all cases subject to that order, the subpoenas at issue here are confined to only the period necessary to confirm the initial transfers. Consistent with the Court's directive at the *Wiener* hearing, the Trustee expects the scope of permissible subsequent transfer discovery to be briefed separately in that case, and is proceeding accordingly.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

December 31, 2015
Page 2

      The Trustee further states that the Defendant could avoid the production of her bank records by complying with her obligation under Federal Rule of Civil Procedure 36. Here, the Defendant has both refused to admit to any transfers (*see* Exhibit B), and failed to respond to the transfer stipulation offered by the Trustee on December 4, 2015 (*see* Exhibit C). As counsel well-knows, we have offered to withdraw the instant Rule 45 subpoenas upon receipt of either adequate admissions as to the transfers and/or a transfer stipulation. The Trustee would like to confine the burden of discovery on all parties to only those factual matters that are in dispute.

      The Trustee has provided the Defendant with all of her relevant BLMIS account statements and BLMIS' bank transfer documents. In addition, the Defendant uniquely has possession, custody, and control over her own financial records. Given that, there simply is no justification or excuse for the Defendant to assert blanket denials to the transfers, as she has done so here.[1]

      Accordingly, the Trustee respectfully maintains that the Defendant has no legitimate basis to demand the redaction of subpoenaed bank records for these reasons and the reasons further set forth in his December 30, 2015 letter.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

---

[1] The Trustee maintains that, consistent with his current application in the *Nelson* proceedings involving the same counsel, Adv. Pro. Nos. 10-04377 (Dkt #43) and 10-04658 (Dkt #45), the Defendant's blanket denials of the Trustee's Requests for Admissions here are in violation of Federal Rule of Civil Procedure 36. The Trustee is currently seeking a meet and confer on that and other discovery deficiencies in this case, and reserves all rights.

300377663.2