# EXHIBIT B


CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendant Helene Saren-Lawrence*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>       Plaintiff,<br><br>  v.<br><br>HELENE SAREN-LAWRENCE,<br><br>       Defendant. | Adv. Pro. No. 10-04898 (SMB) |

**HELENE SAREN-LAWRENCE'S OBJECTIONS AND RESPONSES TO**
**TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION**

  Helene Saren-Lawrence ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Admission (the "Requests") of trustee Irving H. Picard (the "Trustee"

or the "Propounding Party") as follows:

## GENERAL OBJECTIONS

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad

and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

**RESPONSES**

1. Admit that Account No. 1ZA620 was maintained in Your name.

Admitted.

2. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

Denied.

3. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

Denied.

4. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

Denied.

5. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

Denied.

6. Admit that, over the life of the Account, $1,608,000 was withdrawn from the Account.

Denied.

7. Admit that, of the $1,608,000 withdrawn over the life of the Account, $893,291 consisted of principal.

Denied.

8. Admit that, of the $1,608,000 withdrawn over the life of the Account, $714,709 was withdrawn in excess of principal.

Denied.

9. Admit that, between December 11, 2006 and December 11, 2008, $261,000 in excess of principal was withdrawn from the Account.

{00016923 1}                                    4

Denied.

10. Admit that the customer statements You received from BLMIS reflect the deposits You made into the Account.

Admitted.

11. Admit that the customer statements You received from BLMIS reflect the withdrawals You made from the Account.

Admitted.

12. Admit that You made each deposit into the Account.

Admitted.

13. Admit that You made each withdrawal from the Account.

Admitted.

14. Admit that each deposit into the account was made at Your direction.

Admitted.

15. Admit that each withdrawal from the Account was made at Your direction.

Admitted.

Dated:  New York, New York  
        December 10, 2015

CHAITMAN LLP

By: */s/ Helen Davis Chaitman*  
Helen Davis Chaitman

465 Park Avenue  
New York, New York 10022  
(908) 303-4568  
hchaitman@chaitmanllp.com

*Attorneys for Helene Saren-Lawrence*

{00016923 1 }  5

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2015 I caused a true and correct copy of the foregoing to be served by electronic mail and Federal Express upon:

> BAKER & HOSTETLER
> Casey E. Holder
> 811 Main Street, Suite 1100
> Houston, Texas 77002-6111
> cholder@bakerlaw.com

Dated:  New York, New York
December 10, 2015                             */s/ Helen Davis Chaitman*