# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 31, 2015

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Adv. Pro. Nos. 10-04377 (Carol Nelson, et al.) and 10-04658 (Carol Nelson)*

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the estate of Bernard L. Madoff.  We write in opposition to the discovery relief requested in the Defendants' letter, filed on December 30, 2015, in connection with the above-referenced adversary proceedings.

First, Defendants only articulated the issues outlined in their letter on a telephone call with the Trustee's counsel on December 28, 2015.  Before Defendants filed their letter, we informed Defendants' counsel, Helen Davis Chaitman, that we were considering all of the requests.  *See* Exhibit A.  Accordingly, Defendants acted in violation of Local Rule 7007-1 and this Court's Chambers Rules requiring a good faith meet and confer prior to submitting a discovery dispute to the Court.

Second, it is axiomatic that Defendants cannot compel what has already been produced. Section 4.C of the Avoidance Procedures Order (Dkt #3141) permits the Trustee to provide a summary report, in addition to the underlying documentation in an electronic data room.  The Trustee has retained an expert witness Bruce Dubinsky to offer an opinion relating to BLMIS's

December 31, 2015
Page 2

fraud and insolvency.[1]  All of the documents relied upon in connection with this report, to the extent technically feasible, are contained in E-Data Room 1.  Defendants plainly have not familiarized themselves with the contents of E-Data Room 1, even though its creation was intended to maximize the availability of these materials to litigants, while at the same time easing the Trustee's production burden.

**Documents Related to BLMIS Trading Operations (Request No. 2).**  As the Court is aware, there were no trading operations in BLMIS's Investment Advisory business, and therefore, there are no responsive documents regarding the Trustee's sale of the "trading operations."  To the extent that Defendants are referring to House 5, the valuation of that operation and its connection to BLMIS's fraud and insolvency are discussed in great detail in the forthcoming Dubinsky expert report.  The specific documents related to House 5's operations, which are responsive to this request, are contained in a folder in E-Data Room 1 labelled BLMIS OPERATIONAL DOCUMENTS.  Beyond these documents, the Trustee objects to the search, review, and production of any additional materials as marginally relevant, cumulative, and/or redundant of what is already in E-Data Room 1.

**BLMIS'S Financial Statements (Request No. 3).**  BLMIS's annual financial statements are contained in E-Data Room 1.  Defendants can access these documents in the following folder tree:  FINANCIALS/BLMIS FINANCIAL STATEMENTS.  The FINANCIALS folder also contains a subfolder called BLMIS GENERAL LEDGERS.

**Amount of Cash Transfers To/From 703 Account (Interrogatory Nos. 1 & 2).**  As permitted by Federal Rule of Civil Procedure 33(d), the Trustee responded to these interrogatory requests by referring counsel to E-Data Room 1.  *See* Exhibit B, *Trustee Irving H. Picard's Responses and Objections to Defendant's First Set of Interrogatories*, at 9-10.  This is particularly appropriate where the burden of performing the requested calculations is equal to both parties, as contemplated by Rule 33(d).  E-Data Room 1 contains, in a clearly labelled folder, BLMIS JPMorgan Chase 703 account statements under "FINANCIALS,"  in addition to folders for all of BLMIS's other financial accounts.  While Mr. Dubinsky discusses the flow of monies between BLMIS's various operations in his report, Defendants have all of the underlying data necessary to do their own analysis as well.

**Documents between NTC and the Trustee.**  The Trustee stands on his objections to this request, particularly that it is outside the scope of discovery pursuant to Federal Rule of Civil Procedure 26.  Defendants fail to make any showing of relevance, beyond the vague assertion that "NTC was the direct transferee of Ms. Nelson's IRA account."  However, even if true, the Trustee's communications with NTC regarding dismissal or any other issue have no bearing whatsoever on whether Ms. Nelson and/or other Defendants are liable for the transfers at issue.

---

[1] Pursuant to the operative case management orders in these cases, expert disclosures have not yet been made and are due by March 3, 2016 (10-04377, Dkt No. 37 and 10-4658, Dkt. No. 38).  However, Mr., Dubinsky's report was served on Ms. Chaitman on August 7, 2015 in Adv. Pro. No. 10-05130, *Picard v. Barbara Kotlikoff Harman*.

300377623.4

December 31, 2015
Page 3

      Accordingly, the Trustee respectfully requests that the Court deny all of the relief sought by Defendants.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

300377623.4