# Exhibit A

| | |
|---|---|
| **From:** | Carlisle, Marie L. |
| **Sent:** | Wednesday, December 30, 2015 11:22 AM |
| **To:** | 'Helen Chaitman' |
| **Cc:** | Smith, Rachel M.; Muranovic, Sanja; Hunt, Dean D. |
| **Subject:** | RE: Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658 |

Helen,

I write to memorialize our call Monday regarding various discovery issues in the above-referenced cases, and in response to your email below.  We were surprised to learn that you intended to raise numerous discovery issues two days before the close of fact discovery.  Rather, as you know, we have been attempting to discuss with you the Defendants' discovery deficiencies, which we have detailed in numerous letters, for several months now.  When we were finally able to speak on the phone on December 10, 2015 about those issues, your colleague was completely unprepared to substantively address any of the concerns we raised.  Now, in response to our intention to seek judicial intervention, and with only a couple of hours' notice prior to the call, you raised numerous objections to the Trustee's discovery responses.  Of those, some are not relevant to this case; others we believed were previously resolved; and others still, were raised for the first time.  While we will make every effort to respond to all of your concerns, we do not believe that defendants' delay in raising the issues the day before the expiration of fact discovery warrants an extension.

Below are the issues that were discussed Monday:

Defendants' Discovery Deficiencies

1. The Defendants' disclosed documents in their Initial Disclosures that they failed to produce.  You did not have an explanation as to why the documents were disclosed but not produced, other than the Defendants no longer possess the documents or it was a mistake by prior counsel.
2. The Defendants served blanket denials in response to all of the Trustee's Requests for Admissions.  We stated that these are improper.  You stated that the Defendants are not in a position to admit due to a "lack of documents," and would not reconsider their position.
3. As to the Trustee's proposed transfer stipulation, you stated that Defendants will not stipulate to the transfers in this case, for the reasons stated immediately above.
4. Defendant Ms. Nelson provided responses to the Trustee's Requests for Admissions that contradict her Answer in Adv. Pro. No. 10-04658, including a request concerning the name in which a particular BLMIS account was held.  You offered no explanation for the inconsistency, again suggesting it was a mistake by prior counsel.

Trustee's Discovery Responses

1. You requested production of marketing materials and other documents provided by the Trustee to third parties in connection with the sale of House 5.  We asked why you believe such documents are relevant, and you stated that they go to insolvency of BLMIS.  We will consider your position.
2. You asked for production of documents concerning PW transactions.  We stated that there are no PW transactions at issue in these cases.  You stated you would confirm your agreement.
3. You asked for the total amount of funds transferred from the BLMIS 703 account to the House 5 account, and vice versa.  We stated that the documents underlying any such calculation and analysis have been provided in E-Data Room 1, and further, this is a direct subject of our forthcoming expert

1

report.  You stated that we were obligated to provide this information now.  We will consider your request.
4. You asked for annual financial statements of BLMIS. We responded that that they are in E-Data Room 1.  You stated that you are entitled to an additional production.  We will consider your request.
5. You asked for documents reflecting stock positions and sales from December 11, 2002 through December 11, 2008.  We stated that we stand by our response, as written, that no responsive documents exist for BLMIS.
6. You asked for communications between NTC, a dismissed defendant, and the Trustee's counsel. We asked why you believed these are discoverable and relevant to any remaining claims.  Despite the fact that you did not have a clear response, we will consider your request.

Please let us know if any of the above is inconsistent with your understanding.  With respect to the issues you raised yesterday regarding the Trustee's discovery responses, we will confer internally and get back to you.  With respect to the Defendant's discovery deficiencies, we believe we are at an impasse and intend to seek judicial intervention.

Marie

---

**From:** Helen Chaitman [mailto:hchaitman@chaitmanllp.com]
**Sent:** Monday, December 28, 2015 4:14 PM
**To:** Carlisle, Marie L.
**Cc:** Smith, Rachel M.; Muranovic, Sanja; Hunt, Dean D.
**Subject:** RE: Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658

Marie:  Confirming our meet and confer this afternoon, you said you would get back to me about some of the issues I raised.  Once you do, I will file a motion to compel so that Judge Bernstein can decide the issues on which we cannot agree.  Obviously, to the extent Judge Bernstein orders compliance – by either side – that will extend the discovery period.  If you disagree, please let me know immediately.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

---

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Monday, December 28, 2015 1:56 PM
**To:** Helen Chaitman <hchaitman@chaitmanllp.com>; Leslie Treff <ltreff@chaitmanllp.com>
**Cc:** Smith, Rachel M. <rsmith@bakerlaw.com>; Muranovic, Sanja <smuranovic@bakerlaw.com>; Hunt, Dean D. <dhunt@bakerlaw.com>
**Subject:** RE: Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658

Here is the dial in for the call at 4 eastern:

Dial in number: 866-468-2930
Conference Code: 7136461388

2

**From:** Helen Chaitman [mailto:hchaitman@chaitmanllp.com]
**Sent:** Monday, December 28, 2015 12:49 PM
**To:** Carlisle, Marie L.; Leslie Treff
**Cc:** Smith, Rachel M.; Muranovic, Sanja; Hunt, Dean D.
**Subject:** RE: Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658

4 is fine.  It's actually all of the documents requests because, as to some, you refused to produce the documents; as to most, you said we should search the E-Data room.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Monday, December 28, 2015 1:35 PM
**To:** Helen Chaitman <hchaitman@chaitmanllp.com>; Leslie Treff <ltreff@chaitmanllp.com>
**Cc:** Smith, Rachel M. <rsmith@bakerlaw.com>; Muranovic, Sanja <smuranovic@bakerlaw.com>; Hunt, Dean D. <dhunt@bakerlaw.com>
**Subject:** RE: Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658

Helen,

Does 4 pm eastern today work for you?  If so, I will send around dial in information.  Also, in advance of the call, can you please provide me with additional information about which of Defendants' document requests you want to discuss?

Thanks,

Marie

**From:** Helen Chaitman [mailto:hchaitman@chaitmanllp.com]
**Sent:** Monday, December 28, 2015 9:41 AM
**To:** Carlisle, Marie L.; Leslie Treff
**Cc:** Smith, Rachel M.; Muranovic, Sanja; Hunt, Dean D.
**Subject:** RE: Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658

Marie:  Leslie Treff's mother had a stroke and then died and this fell through the cracks.  I will try to get you your responses by the end of the day today.  However, I would like to set up a meet and confer today to resolve the Trustee's refusal to comply with some of our document demands.  Please let me know what time works for you.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Monday, December 28, 2015 10:32 AM

3

**To:** Helen Chaitman <hchaitman@chaitmanllp.com>; Leslie Treff <ltreff@chaitmanllp.com>
**Cc:** Smith, Rachel M. <rsmith@bakerlaw.com>; Muranovic, Sanja <smuranovic@bakerlaw.com>; Hunt, Dean D. <dhunt@bakerlaw.com>
**Subject:** Picard v. Nelsons, Adv. Pro. Nos. 10-04377 and 10-04658

Counsel,

Attached please find correspondence in the above referenced proceedings.

Thanks,

Marie

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are

present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.