**BAKER & McKENZIE**

Baker & McKenzie LLP

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

January 06, 2016

**By ECF, and Chambers' Email**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
  Southern District of New York
One Bowling Green
New York, New York 10004

Re:     *Picard v. Estate of Doris Pearlman*, Adv. P. No. 10-04504 (SMB)

Dear Judge Bernstein:

On behalf of the defendants in the *Pearlman* matter, and consistent with Local Rule 7007-1(a) and your Honor's Chambers Rules, we write to request a conference with the Court regarding third-party fact discovery issued Monday by the Trustee in violation of the parties' agreement and a mere five days before the fact discovery cutoff in this case. We have conferred with counsel for the Trustee and have been unable to resolve the dispute. We request that the Court schedule a conference so that we may request leave to file a motion to quash the Trustee's third party subpoenas, which are enclosed herewith.

This adversary proceeding concerns a Madoff Securities account held by Doris Pearlman, who is now deceased. The current complaint, which the Trustee amended following Mrs. Pearlman's death in 2011, names Ms. Pearlman's Estate and her daughters who serve as its personal representatives, asserts claims against her daughters who serve as the trustees of Mrs. Pearlman's revocable trust, and asserts claims against Ms. Pearlman's widower and her two daughters in their personal capacities as subsequent transferees (collectively, the Pearlmans).

Mr. DiNatale was Ms. Pearlman's accountant throughout all relevant periods and remains the accountant for the Estate, facts which were clearly disclosed to the Trustee in February 2015 as part of initial disclosures. In May 2015, we provided the Trustee with Mr. DiNatale's declaration regarding Ms. Pearlman's financial estate planning during relevant periods. In response, the Trustee asserted that he needed to conduct further discovery before fully evaluating the claims in the case.

Accordingly, beginning in May 2015, the Trustee issued several rounds of written discovery to the Pearlmans. On the eve of the close of fact discovery on November 9, 2015, he noted the individual depositions of Mrs. Pearlman's daughters in their multiple capacities and her widower, apparently choosing not to depose Mr. DiNatale. At no time did the Trustee request that the Estate or its representatives produce a Rule 30(b)(6) witness. In order to accommodate the deponents' schedules and to wrap up the outstanding discovery, the parties agreed to extend the fact discovery deadline. The

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

Pearlmans' consent to that extension was explicitly conditioned on it being limited to the-then pending discovery, and the Trustee acknowledged the agreed limitation to "outstanding discovery" in contemporary correspondence. Thus, a revised case management statement was issued extending fact discovery to January 11, 2016.

Following the depositions in early December, the Trustee complained that Ms. Pearlman's daughters did not have detailed knowledge of the complicated financial transactions involving her accounts, the financial planning that she did before her death, and the status of the Estate. Rather, they testified they rely, as did Ms. Pearlman, on Mr. DiNatale and other professional advisors for such matters.[1] On Monday, January 4, 2016, on the eve of the revised discovery cutoff and in direct violation of the parties' agreement, the Trustee attempted to serve a subpoena[2] on Mr. DiNatale compelling his deposition on January 11, 2015.

At the same time, the Trustee attempted to serve Mr. DiNatale with document production subpoenas regarding four business organizations, one of which was the subject of prior written discovery by the Trustee. The subpoenas purport to require Mr. DiNatale, who is not custodian of the corporate records and who lives and works in Pittsburgh, to produce materials in New York on Monday.[3]

The Pearlmans object to this discovery. The subpoenas do not provide a reasonable time for compliance, are unduly burdensome, and the Trustee has provided no justification for their late issuance other than his own mistaken assumptions. The Pearlman respectfully request that the Court schedule a conference so that they may request leave to move to quash.

Respectfully,

Baker & McKenzie

By: ___/s/ Richard A. Kirby___
   Richard A. Kirby
   Counsel for the Pearlman Parties

Encl.
cc:   Dean Hunt, Farrell Hochmuth, Rachel Smith, Baker & Hostetler LLP
      (by ECF and email)
      Kevin Bell, SIPC (by ECF and email)

---

[1] Again, these witnesses were deposed as individuals, not as Rule 30(b)(6) deponents, and they testified consistent with their personal knowledge.
[2] The Pearlmans do not concede that service was proper.
[3] The Pearlmans note that there are a variety of technical issues with the subpoenas that they would address in their papers, should the Court grant leave to file a motion to quash.