

# BakerHostetler

RECEIVED
JAN 05 2016
By_____

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

December 29, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA FIRST CLASS AND ELECTRONIC MAIL**
Richard Kirby (richard.kirby@bakermckenzie.com)
Laura Clinton (laura.clinton@bakermckenzie.com)
Baker & McKenzie LLP
815 Connecticut Ave, N.W.
Washington, DC 20006

Re:    Adv. Pro. No. 10-04504 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. the Estate of Doris Pearlman, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

As indicated in our letter of Monday, December 21, 2015, it has come to our attention that DHJ Associates, L.P., Inverness Investments, L.P., DP Management, LLC, and Laurel Investment Partnership may have documents relating to Defendants' BLMIS account in the above-referenced adversary proceeding. Specifically, because these entities may have relevant information regarding Defendants' BLMIS accounts or received transfers on Defendants' behalf, the Trustee intends to serve subpoenas for the production of documents on these entities. The subpoenas, copies of which are enclosed herewith, will be served on or about December 31, 2015. The subpoenas will require production of documents by 5:00 P.M. ET on January 11, 2016 to Kim Longo of Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York, 10019. The documents will in turn be produced to you upon receipt.

Should you have questions regarding any of the above, please feel free to call me or Rachel M. Smith at (713) 646-1386.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosure

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York _____

SECURITIES INVESTOR PROTECTION CORPORATION,

               Plaintiff-Applicant,

   v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

               Defendant.

In re Bernard L. Madoff Investment Securities, LLC
               Debtor

*(Complete if issued in an adversary proceeding)*

Irving H. Picard, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities, LLC
               Plaintiff
          v.
Doris M. Pearlman, et al.
               Defendant

Case No. 08-01789 (SMB)
          (Substantively Consolidated)

Chapter SIPA

Adv. Proc. No. 10-04504 (SMB)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Inverness Investments, LP

c/o Emanuel DiNatale

BDO USA, LLP

339 Sixth Ave., 8th Floor

To: Pittsburgh, PA 15222

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Windels Marx Lane & Mittendorf, LLP<br>Attn: Kim M. Longo<br>156 West 56th Street<br>New York, New York<br>Telephone: 212-237-1124<br>Email: klongo@windelsmarx.com | _____, 2015 at 5:00 PM EST |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |


American LegalNet, Inc.
www.FormsWorkFlow.com

B257 (Form 257 – Subpoena for Rule 45 Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)
08-01789-cgm    Doc 12369-1    Filed 01/06/16    Entered 01/06/16 12:05:20    Letter
from Baker & Hostetler dated December 29    2015    Pg 3 of 57

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____, 2015 _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff _____, who issues or requests this subpoena, are:

Windels Marx Lane & Mittendorf, LLP
Attn: Kim M. Longo
156 West 56th Street
New York, New York
Telephone: 212-237-1124
Email: klongo@windelsmarx.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B257 (Form 257 - Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B257 (Form 257 – Subpoena to Produce Documents, Information or Objects or to Permit Inspection in Bankruptcy Case or Adversary Proceeding) (Page 5)

08-01789-cgm    Doc 12369-1    Filed 01/06/16    Entered 01/06/16 12:05:20    Letter
from Baker & Hostetler dated December 29, 2015    Pg 5 of 57

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**
**TO SUBPOENA TO INVERNESS INVESTMENTS, L.P.**

**DEFINITIONS**

1.      The rules of construction and definitions in Civil Rule 26.3 of the Local Civil

Rules of the United States District Court for the Southern District of New York and this Court

(the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), are hereby incorporated by reference.  All defined terms, including those

defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means those accounts held at Bernard L. Madoff

Investment Securities, LLC in the name of, for the benefit of, or on behalf of Doris M. Pearlman

(whose Social Security Number is xxx-xx-3193), including, but not limited to, BLMIS Account

Nos. 1P0099 and 1P0063.

3.      "Applicable Period" means the period between and including December 11, 2006

and the date on which the Estate of Doris Pearlman became insolvent.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

5.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and

proper nouns shall be construed and interpreted according to their context to give proper

meaning and consistency to the Requests for Production of Documents set forth herein (the

"Request" or "Requests").

6.      Reference to any "Person" that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

7.      "You," "Your" or "Inverness Investments, L.P." means Inverness Investments, L.P. and any and all affiliates, including any parents, subsidiaries, or predecessors- or successors-in-interest and/or anyone acting on behalf of Inverness Investments, L.P..

## INSTRUCTIONS

Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.      All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, that were created during or that relate or refer to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.

Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

(a)     Identify the type, title and subject matter of the Document;

(b)     State the place, date, and manner of preparation of the Document;

(c)     Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

(d)     Identify the legal privilege(s) and the factual basis for the claim.

9.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.   In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.   In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.   Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.      All Documents produced to the Trustee should be copies and produced in hard-copy form, separated by Document, organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Organizational Documents Concerning the Inverness Investments, L.P., including but not limited Documents reflecting its purpose, value, directors, officers, general and or limited partners, shareholders, distributees and/or beneficiaries.

2.      Documents Concerning money or exchanged between from Doris Pearlman or the Estate of Doris Pearlman, any bank or investment account maintained for Doris Pearlman, the Estate of Doris Pearlman, the Doris M. Pearlman Revocable Trust, and any of its amended trust instruments, and You during the Applicable Period.

3.      Documents Concerning the transfer of BLMIS funds directly or indirectly to, through or from You.

4.      Documents Concerning disbursement of Inverness Investments, L.P.'s assets to Heidi Pearlman or any trust, bank or other instrument or entity created or maintained for Heidi Pearlman's benefit, including, but not limited to Heidi Pearlman's bank and investment accounts, the 2008 Irrevocable Trust of Heidi Pearlman, the Doris M. Pearlman Revocable Trust, Laurel Investment Partnership, DHJ Associates, L.P., and DP Management, LLC during the Applicable Period.

5.      Documents Concerning disbursement of Inverness Investments, L.P.'s assets to Jill Beth Pearlman or any trust, bank or other instrument or entity created or maintained for Jill Beth Pearlman's benefit, including, but not limited to Jill Beth Pearlman's bank and investment

accounts, the 2008 Irrevocable Trust or Jill Beth Pearlman, Doris M. Pearlman Revocable Trust, Laurel Investment Partnership, DHJ Associates, L.P., and DP Management, LLC during the Applicable Period.

6.      Documents reflecting the relationships between Inverness Investments, L.P. and any of the following: DHJ Associates, L.P., Laurel Investment Partnership, DP Management, LLC, Doris Pearlman, Heidi Pearlman, Jill Pearlman, and any trusts, partnerships or other entities created by Doris Pearlman for the benefit of the Estate of Doris Pearlman, any trust under which Doris Pearlman served as Grantor, or under which Heidi Pearlman or Jill Pearlman are or were at any time beneficiaries or distributees.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>      Plaintiff,<br><br>   v.<br><br>ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary,<br><br>      Defendants. | Adv. Pro. No. 10-04504 (SMB) |

## CERTIFICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY PURSUANT TO FED. R. EVID. 902(11) BY INVERNESS INVESTMENTS, L.P.

The undersigned declarant hereby stipulates, declares, certifies, verifies and states the following:

1.  I am _____ [Name], _____ [Title] at Inverness Investments, L.P. ("Inverness") and have served in that position since _____ [Date].

2.  On _____ [Date], Inverness produced documents (the "Documents") pursuant to a subpoena served by Plaintiff in the above-captioned litigation (the "Litigation"). Based on my position as _____ [Title] at Inverness, I am generally familiar with the contents of the Documents and the circumstances under which they were created, received and maintained.

3.  The Documents were contained in Inverness's files and/or created by Inverness and were produced in this Litigation pursuant to subpoena.

4.  The Documents are a complete production of all Inverness records which are responsive to the Plaintiff's subpoena.  After a diligent search, Inverness certifies that it does not have in its possession any additional responsive documents, whether maintained within or outside of its retention period.

5.  The Documents are duplicate copies of domestic (United States) business records, created by Inverness in the normal course of Inverness's regularly conducted business activity as a regular practice, at or near the time of the occurrence so stated in the records by, or from information transmitted by, a person with knowledge of the contents of such matters discussed therein.

6.  The Documents have been kept and maintained by Inverness in Inverness's files in the normal course of Inverness's record-keeping as records of regularly conducted business activity.

7.  The Documents have been relied upon by Inverness and I have no reason to question that they are not what they purport to be.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Declarant

_____
Printed Name of Declarant

_____

Title of Declarant

_____

_____
Company Address

_____
Date of Declaration

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York _____

SECURITIES INVESTOR PROTECTION CORPORATION,

  Plaintiff-Applicant,

  v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

  Defendant.

In re  Bernard L. Madoff Investment Securities, LLC _____
  Debtor

*(Complete if issued in an adversary proceeding)*

Irving H. Picard, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities, LLC _____
  Plaintiff
  v.
Doris M. Pearlman, et al. _____
  Defendant

Case No.  08-01789 (SMB) _____
  (Substantively Consolidated)

Chapter  SIPA _____

Adv. Proc. No.  10-04504 (SMB) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

DHJ Associates, L.P.

c/o Emanuel DiNatale

BDO USA, LLP

339 Sixth Ave., 8th Floor

To: Pittsburgh, PA 15222 _____

  *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| PLACE<br>Windels Marx Lane & Mittendorf, LLP<br>Attn: Kim M. Longo<br>156 West 56th Street<br>New York, New York<br>Telephone: 212-237-1124<br>Email: klongo@windelsmarx.com | DATE AND TIME<br>_____, 2015 at 5:00 PM EST |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |


American LegalNet, Inc.
www.FormsWorkFlow.com

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____, 2015

            CLERK OF COURT

                                 OR

_____      _____

   *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff _____, who issues or requests this subpoena, are:
Windels Marx Lane & Mittendorf, LLP
Attn: Kim M. Longo
156 West 56th Street
New York, New York
Telephone: 212-237-1124
Email: klongo@windelsmarx.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

08-01789-cgm   Doc 12369-1   Filed 01/06/16   Entered 01/06/16 12:05:20   Letter
from Baker & Hostetler dated December 29   2015   Pg 19 of 57

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A
## TO SUBPOENA TO DHJ ASSOCIATES, L.P.

### DEFINITIONS

1.      The rules of construction and definitions in Civil Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means those accounts held at Bernard L. Madoff Investment Securities, LLC in the name of, for the benefit of, or on behalf of Doris M. Pearlman (whose Social Security Number is xxx-xx-3193), including, but not limited to, BLMIS Account Nos. 1P0099 and 1P0063.

3.      "Applicable Period" means the period between and including December 11, 2006 and the date on which the Estate of Doris M. Pearlman became insolvent.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

6.      Reference to any "Person" that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

7.      "You," "Your" or "DHJ Associates, L.P." means DHJ Associates, L.P. and any and all affiliates, including any parents, subsidiaries, or predecessors- or successors-in-interest and/or anyone acting on behalf of DHJ Associates, L.P..

## INSTRUCTIONS

Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.      All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, that were created during or that relate or refer to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.

Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.    Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.    Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

(a)    Identify the type, title and subject matter of the Document;

(b)    State the place, date, and manner of preparation of the Document;

(c)    Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

(d)    Identify the legal privilege(s) and the factual basis for the claim.

9.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.    To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of. In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.      All Documents produced to the Trustee should be copies and produced in hard-copy form, separated by Document, organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Organizational Documents Concerning DHJ Associates, L.P., including but not limited Documents reflecting its purpose, value, directors, officers, general and or limited partners, shareholders, distributees and/or beneficiaries.

2.      Documents Concerning money or property exchanged between Doris Pearlman or the Estate of Doris Pearlman, any bank or investment account maintained for Doris Pearlman, the Estate of Doris Pearlman, the Doris M. Pearlman Revocable Trust, and any of its amended trust instruments, and You during the Applicable Period.

3.      Documents Concerning the transfer of BLMIS funds directly or indirectly to, through or from You.

4.      Documents Concerning disbursement of DHJ Associates, L.P.'s assets to Heidi Pearlman or any trust, bank or other instrument or entity created or maintained for Heidi Pearlman's benefit, including, but not limited to Heidi Pearlman's bank and investment accounts, the 2008 Irrevocable Trust of Heidi Pearlman, the Doris M. Pearlman Revocable Trust, Laurel Investment Partnership, Inverness Investments, L.P., and DP Management, LLC during the Applicable Period.

5.      Documents Concerning disbursement of DHJ Associates, L.P.'s assets to Jill Beth Pearlman or any trust, bank or other instrument or entity created or maintained for Jill Beth Pearlman's benefit, including, but not limited to Jill Beth Pearlman's bank and investment

accounts, the 2008 Irrevocable Trust or Jill Beth Pearlman, Doris M. Pearlman Revocable Trust, Laurel Investment Partnership, Inverness Investments, L.P., and DP Management, LLC during the Applicable Period.

6.     Documents reflecting the relationships between DHJ Associates, L.P. and any of the following: Laurel Investment Partnership, Inverness Investments, L.P., DP Management, LLC, Doris Pearlman, Heidi Pearlman, Jill Pearlman, and any trusts, partnerships or other entities created by Doris Pearlman for the benefit of the Estate of Doris Pearlman, any trust under which Doris Pearlman served as Grantor, or under which Heidi Pearlman or Jill Pearlman are or were at any time beneficiaries or distributees.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04504 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary, | |
| Defendants. | |

## CERTIFICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY PURSUANT TO FED. R. EVID. 902(11) BY DHJ ASSOCIATES, L.P.

The undersigned declarant hereby stipulates, declares, certifies, verifies and states the following:

1.    I am _____ [Name], _____ [Title] at DHJ Associates, L.P. ("DHJ") and have served in that position since _____ [Date].

2.    On _____ [Date], DHJ produced documents (the "Documents") pursuant to a subpoena served by Plaintiff in the above-captioned litigation (the "Litigation"). Based on my position as _____ [Title] at DHJ, I am generally familiar with the contents of the Documents and the circumstances under which they were created, received and maintained.

3.    The Documents were contained in DHJ's files and/or created by DHJ and were produced in this Litigation pursuant to subpoena.

4.    The Documents are a complete production of all DHJ records which are responsive to the Plaintiff's subpoena. After a diligent search, DHJ certifies that it does not have in its possession any additional responsive documents, whether maintained within or outside of its retention period.

5.    The Documents are duplicate copies of domestic (United States) business records, created by DHJ in the normal course of DHJ's regularly conducted business activity as a regular practice, at or near the time of the occurrence so stated in the records by, or from information transmitted by, a person with knowledge of the contents of such matters discussed therein.

6.    The Documents have been kept and maintained by DHJ in DHJ's files in the normal course of DHJ's record-keeping as records of regularly conducted business activity.

7.    The Documents have been relied upon by DHJ and I have no reason to question that they are not what they purport to be.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Signature of Declarant


_____
Printed Name of Declarant


_____
Title of Declarant

_____

_____
Company Address

_____
Date of Declaration

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in A Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

SECURITIES INVESTOR PROTECTION CORPORATION,

        Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

        Defendant.

| | |
|---|---|
| In re Bernard L. Madoff Investment Securities, LLC <br>           Debtor | Case No. 08-01789 (SMB) <br> (Substantively Consolidated) |
| *(Complete if issued in an adversary proceeding)* | Chapter SIPA |
| Irving H. Picard, Trustee for the Liquidation of <br> Bernard L. Madoff Investment Securities, LLC <br>           Plaintiff | Adv. Proc. No. 10-04504 (SMB) |
|     v. | |
| Doris M. Pearlman, et al. <br>           Defendant | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Laurel Investment Partnership

c/o Emanuel DiNatale

BDO USA, LLP

339 Sixth Ave., 8th Floor

To: Pittsburgh, PA 15222 _____

                *(Name of person to whom the subpoena is directed)*

☒  *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   |See Attachment A|

| PLACE <br> Windels Marx Lane & Mittendorf, LLP <br> Attn: Kim M. Longo <br> 156 West 56th Street <br> New York, New York <br> Telephone: 212-237-1124 <br> Email: klongo@windelsmarx.com | DATE AND TIME <br> _____, 2015 at 5:00 PM EST |
|---|---|

☐  *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |


American LegalNet, Inc.
www.FormsWorkFlow.com

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____, 2015

CLERK OF COURT

OR

_____               _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff _____, who issues or requests this subpoena, are:

Windels Marx Lane & Mittendorf, LLP
Attn: Kim M. Longo
156 West 56th Street
New York, New York
Telephone: 212-237-1124
Email: klongo@windelsmarx.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

08-01789-cgm   Doc 12369-1   Filed 01/06/16   Entered 01/06/16 12:05:20   Letter from Baker & Hostetler dated December 29 — 2015   Pg 34 of 57

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**
**TO SUBPOENA TO LAUREL INVESTMENT PARTNERSHIP**

**DEFINITIONS**

1.    The rules of construction and definitions in Civil Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.    "Account" or "Accounts" means those accounts held at Bernard L. Madoff Investment Securities, LLC in the name of, for the benefit of, or on behalf of Doris M. Pearlman (whose Social Security Number is xxx-xx-3193), including, but not limited to, BLMIS Account Nos. 1P0099 and 1P0063.

3.    "Applicable Period" means the period between and including December 11, 2006 and the date on which the Estate of Doris M. Pearlman became insolvent.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

6.    Reference to any "Person" that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

7.    "You," "Your" or "Laurel Investment Partnership" means Laurel Investment Partnership and any and all affiliates, including any parents, subsidiaries, or predecessors- or successors-in-interest and/or anyone acting on behalf of Laurel Investment Partnership.

## INSTRUCTIONS

Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.    All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.    Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, that were created during or that relate or refer to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.    You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.

Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

      (a)    Identify the type, title and subject matter of the Document;

      (b)    State the place, date, and manner of preparation of the Document;

      (c)    Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

      (d)    Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.      All Documents produced to the Trustee should be copies and produced in hard-copy form, separated by Document, organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Organizational Documents Concerning the Laurel Investment Partnership, including but not limited Documents reflecting its purpose, value, directors, officers, general and or limited partners, shareholders, distributees and/or beneficiaries.

2.      Documents Concerning money or property exchanged between Doris Pearlman or the Estate of Doris Pearlman, any bank or investment account maintained for Doris Pearlman, the Estate of Doris Pearlman, the Doris M. Pearlman Revocable Trust, and any of its amended trust instruments, and You during the Applicable Period.

3.      Documents Concerning the transfer of BLMIS funds directly or indirectly to, through or from You, including Your Account Number 848-07H31, during the Applicable Period.

4.      Documents Concerning disbursement of Laurel Investment Partnership's assets to Heidi Pearlman or any trust, bank or other instrument or entity created or maintained for Heidi Pearlman's benefit, including, but not limited to Heidi Pearlman's bank and investment accounts, the 2008 Irrevocable Trust of Heidi Pearlman, the Doris M. Pearlman Revocable Trust, DP Management, LLC, Inverness Investments, L.P., and DHJ Associates, L.P. during the Applicable Period.

5.      Documents Concerning disbursement of Laurel Investment Partnership's assets to Jill Beth Pearlman or any trust, bank or other instrument or entity created or maintained for Jill

Beth Pearlman's benefit, including, but not limited to Jill Beth Pearlman's bank and investment accounts, the 2008 Irrevocable Trust or Jill Beth Pearlman, Doris M. Pearlman Revocable Trust, DP Management, LLC, Inverness Investments, L.P., and DHJ Associates, L.P. during the Applicable Period.

6.      Documents reflecting the relationships between Laurel Investment Partnership and any of the following: DHJ Associates, L.P., Inverness Investments, L.P., DP Management, LLC, Doris Pearlman, Heidi Pearlman, Jill Pearlman, and any trusts, partnerships or other entities created by Doris Pearlman for the benefit of the Estate of Doris Pearlman, any trust under which Doris Pearlman served as Grantor, or under which Heidi Pearlman or Jill Pearlman are or were at any time beneficiaries or distributees.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04504 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary, | |
| Defendants. | |

<u>**CERTIFICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED
ACTIVITY PURSUANT TO FED. R. EVID. 902(11) BY
LAUREL INVESTMENT PARTNERSHIP**</u>

The undersigned declarant hereby stipulates, declares, certifies, verifies and states the following:

1.   I am _____ [Name], _____ [Title] at Laurel Investment Partnership, ("Laurel") and have served in that position since _____ [Date].

2.   On _____ [Date], Laurel produced documents (the "Documents") pursuant to a subpoena served by Plaintiff in the above-captioned litigation (the "Litigation"). Based on my position as _____ [Title] at Laurel, I am generally familiar with the contents of the Documents and the circumstances under which they were created, received and maintained.

3.   The Documents were contained in Laurel's files and/or created by Laurel and were produced in this Litigation pursuant to subpoena.

4.   The Documents are a complete production of all Laurel records which are responsive to the Plaintiff's subpoena. After a diligent search, Laurel certifies that it does not have in its possession any additional responsive documents, whether maintained within or outside of its retention period.

5.   The Documents are duplicate copies of domestic (United States) business records, created by Laurel in the normal course of Laurel's regularly conducted business activity as a regular practice, at or near the time of the occurrence so stated in the records by, or from information transmitted by, a person with knowledge of the contents of such matters discussed therein.

6.   The Documents have been kept and maintained by Laurel in Laurel's files in the normal course of Laurel's record-keeping as records of regularly conducted business activity.

7.   The Documents have been relied upon by Laurel and I have no reason to question that they are not what they purport to be.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Declarant


_____
Printed Name of Declarant

_____

Title of Declarant

_____

_____
Company Address

_____
Date of Declaration

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

SECURITIES INVESTOR PROTECTION CORPORATION,

      Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

      Defendant.

In re Bernard L. Madoff Investment Securities, LLC
             Debtor

Case No. 08-01789 (SMB)
(Substantively Consolidated)

*(Complete if issued in an adversary proceeding)*

Irving H. Picard, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities, LLC
             Plaintiff
              v.
Doris M. Pearlman, et al.
             Defendant

Chapter SIPA

Adv. Proc. No. 10-04504 (SMB)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

DP Management, LLC

c/o Emanuel DiNatale

BDO USA, LLP

339 Sixth Ave., 8th Floor

To: Pittsburgh, PA 15222

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Windels Marx Lane & Mittendorf, LLP<br>Attn: Kim M. Longo<br>156 West 56th Street<br>New York, New York<br>Telephone: 212-237-1124<br>Email: klongo@windelsmarx.com | _____, 2015 at 5:00 PM EST |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |


American LegalNet, Inc.
www.FormsWorkFlow.com

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____, 2015

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff _____, who issues or requests this subpoena, are:

Windels Marx Lane & Mittendorf, LLP
Attn: Kim M. Longo
156 West 56th Street
New York, New York
Telephone: 212-237-1124
Email: klongo@windelsmarx.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

08-01789-cgm    Doc 12369-1    Filed 01/06/16    Entered 01/06/16 12:05:20    Letter
from Baker & Hostetler dated December 29    2015    Pg 47 of 57

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkflow.com

08-01789-cgm    Doc 12369-1    Filed 01/06/16    Entered 01/06/16 12:05:20    Letter
from Baker & Hostetler dated December 29 , 2015    Pg 48 of 57

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**
**TO SUBPOENA TO DP MANAGEMENT, LLC**

**DEFINITIONS**

1.      The rules of construction and definitions in Civil Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are hereby incorporated by reference.   All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means those accounts held at Bernard L. Madoff Investment Securities, LLC in the name of, for the benefit of, or on behalf of Doris M. Pearlman (whose Social Security Number is xxx-xx-3193), including, but not limited to, BLMIS Account Nos. 1P0099 and 1P0063.

3.      "Applicable Period" means the period between and including December 11, 2006 and the date on which the Estate of Doris Pearlman became insolvent.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

6.      Reference to any "Person" that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

7.      "You," "Your" or "DP Management, LLC" means DP Management, LLC and any and all affiliates, including any parents, subsidiaries, or predecessors- or successors-in-interest and/or anyone acting on behalf of DP Management, LLC.

## INSTRUCTIONS

Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.      All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, that were created during or that relate or refer to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.

Page 2

Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

      (a)      Identify the type, title and subject matter of the Document;

      (b)      State the place, date, and manner of preparation of the Document;

      (c)      Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

      (d)      Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.      To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.      All Documents produced to the Trustee should be copies and produced in hard-copy form, separated by Document, organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Organizational Documents Concerning DP Management, LLC, including but not limited Documents reflecting its purpose, value, directors, officers, general and or limited partners, shareholders, distributees and/or beneficiaries.

2.      Documents Concerning money or property exchanged between Doris Pearlman or the Estate of Doris Pearlman, any bank or investment account maintained for Doris Pearlman, the Estate of Doris Pearlman, the Doris M. Pearlman Revocable Trust, and any of its amended trust instruments, and You during the Applicable Period.

3.      Documents Concerning the transfer of BLMIS funds directly or indirectly to, through or from You.

4.      Documents Concerning disbursement of DP Management, LLC's assets to Heidi Pearlman or any trust, bank or other instrument or entity created or maintained for Heidi Pearlman's benefit, including, but not limited to Heidi Pearlman's bank and investment accounts, the 2008 Irrevocable Trust of Heidi Pearlman, the Doris M. Pearlman Revocable Trust, Laurel Investment Partnership, Inverness Investments, L.P., and DHJ Associates, L.P. during the Applicable Period.

5.      Documents Concerning disbursement of DP Management, LLC's assets to Jill Beth Pearlman or any trust, bank or other instrument or entity created or maintained for Jill Beth Pearlman's benefit, including, but not limited to Jill Beth Pearlman's bank and investment

Page 5

accounts, the 2008 Irrevocable Trust or Jill Beth Pearlman, Doris M. Pearlman Revocable Trust, Laurel Investment Partnership, Inverness Investments, L.P., and DHJ Associates, L.P. during the Applicable Period.

5.    Documents reflecting the relationships between DP Management, LLC and any of the following: DHJ Associates, L.P. Inverness Investments, L.P., Laurel Investment Partnership, Doris Pearlman, Heidi Pearlman, Jill Pearlman, and any trusts, partnerships or other entities created by Doris Pearlman for the benefit of the Estate of Doris Pearlman, any trust under which Doris Pearlman served as Grantor, or under which Heidi Pearlman or Jill Pearlman are or were at any time beneficiaries or distributees.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04504 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary, | |
| Defendants. | |

## CERTIFICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY PURSUANT TO FED. R. EVID. 902(11) BY DP MANAGEMENT, LLC

The undersigned declarant hereby stipulates, declares, certifies, verifies and states the following:

1.    I am _____ [Name], _____ [Title] at DP Management, LLC, ("DP") and have served in that position since _____ [Date].

2.    On _____ [Date], DP produced documents (the "Documents") pursuant to a subpoena served by Plaintiff in the above-captioned litigation (the "Litigation"). Based on my position as _____ [Title] at DP, I am generally familiar with the contents of the Documents and the circumstances under which they were created, received and maintained.

3.    The Documents were contained in DP's files and/or created by DP and were produced in this Litigation pursuant to subpoena.

4.    The Documents are a complete production of all DP records which are responsive to the Plaintiff's subpoena. After a diligent search, DP certifies that it does not have in its possession any additional responsive documents, whether maintained within or outside of its retention period.

5.    The Documents are duplicate copies of domestic (United States) business records, created by DP in the normal course of DP's regularly conducted business activity as a regular practice, at or near the time of the occurrence so stated in the records by, or from information transmitted by, a person with knowledge of the contents of such matters discussed therein.

6.    The Documents have been kept and maintained by DP in DP's files in the normal course of DP's record-keeping as records of regularly conducted business activity.

7.    The Documents have been relied upon by DP and I have no reason to question that they are not what they purport to be.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Declarant

_____
Printed Name of Declarant

_____
Title of Declarant

_____

_____
Company Address

_____
Date of Declaration