# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

January 7, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   Adv. Pro. No. 10-04504 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Estate of Doris Pearlman, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and write in response to Defendants' January 6, 2016 letter requesting permission to move to quash certain third party discovery served by the Trustee. For the reasons set forth below, the request should be denied.

At issue is discovery directed to entities that were set up by deceased Defendant Doris Pearlman to distribute funds for the benefit of the individual subsequent transferee Defendants in the form of Rule 45 subpoenas and the deposition of Defendants' accountant, Emanuel DiNatale ("DiNatale").

Defendants do not contend that the discovery is irrelevant. Instead, their concerns relate to timing.

Although the discovery at issue was timely served, the only reason for the Trustee's alleged delay in issuing the subpoenas was the desire to avoid them altogether. However, in response to earlier-served discovery, the Defendants denied a number of the Trustee's requests for admission on relevant transfers and the relevant BLMIS account history. (*see* Exhibits A-D). Further, Defendants served two sworn declarations that made numerous factual allegations challenging the Trustee's claims

January 7, 2016
Page 2

concerning the receipt of subsequent transfers and the Trustee's ability to trace. (*see* Exhibits E-F). In the months that followed, the parties engaged in document discovery.

On December 9, 2015, the Trustee deposed Defendants Heidi and Jill Pearlman, specifically in their multiple capacities as Personal Representatives of the Defendant Estate of Doris Pearlman, as co-trustees of the Defendant Doris M. Pearlman Revocable Trust, and as individual subsequent transfer beneficiaries. (*see* Exhibits G-H). Unfortunately, both deponents disclaimed either knowledge or memory of the most basic operations of the Estate and Trust they legally represent. Instead, each pointed to their accountant, DiNatale, as the person with relevant knowledge.

The Trustee believes that this testimony was deficient, as set forth in letters to opposing counsel on December 21, 29, and 30, 2015, and a telephone conference on January 4, 2015. (*see* Exhibits I-K). Had the deposed Defendants been able to provide testimony about topics relevant to the Trust and Estate entities of which they are legally entrusted, the Trustee could have avoided the third party discovery currently in dispute. Accordingly, Defendants' argument that the Trustee should have burdened third parties with a deposition and document subpoenas rather than deposing Defendants themselves rings hollow.

Each of the four document subpoenas and DiNatale's deposition notice are timely. They were all served and are returnable within the current discovery period. If the Defendants require more time to schedule the deposition than the current period allows, the Trustee is amenable to a reasonable accommodation. In fact, the Trustee has previously extended subpoena return dates and twice agreed to extend discovery response deadlines at Defendants' request. There is no reason the Trustee should be denied the same professional courtesy here.

In light of the foregoing, the Trustee respectfully requests that the Court deny the relief sought by the Defendants in its entirety. We have been advised that DiNatale left the country on vacation after being advised by Defendants' counsel that motion practice would likely delay his January 11, 2016 deposition date. As such, we are further willing to postpone the deposition to accommodate Mr. DiNatale's travel arrangements.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP