# EXHIBIT  B

**K&L Gates LLP**
1601 K Street N.W.
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100
Richard A. Kirby
Email: richard.kirby@klgates.com
Laura K. Clinton
Email: laura.clinton@klgates.com
Joanne M. Hepburn
Email: joanne.hepburn@klgates.com

*Attorneys for Defendants the Estate of Doris*
*M. Pearlman, the Doris M. Pearlman*
*Revocable Trust, Heidi Pearlman, Jill Beth*
*Pearlman and Marvin A. Goldenberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro, No. 10-04504 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity | |

as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary,

Defendants.

---

## DEFENDANT JILL PEARLMAN'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT JILL PEARLMAN

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, the Case Management Notice (Case No. 08-01789, Dkt. No. 3141), and the Litigation Protective Order (Case No. 08-01789, Dkt. No. 4137) that govern discovery in this action, Defendant Jill Pearlman ("Pearlman" or "Defendant"), by and through her attorneys, K&L Gates LLP, objects and responds to the Trustee's First Set of Requests for Admission to Defendant Jill Pearlman, dated May 27, 2015 (the "Requests for Admission") as follows.

## GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into each of Pearlman's specific responses to each Request for Admission.

1.      Pearlman objects to the Requests for Admission to the extent that they seek to impose a burden upon Pearlman beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy, and the Local Civil Rules of the United States District Court

for the Southern District of New York.

2.      Pearlman objects to the Requests for Admission to the extent that they call for the identification or production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, the settlement/mediation privilege, Fed. R. Civ. P. 26(b)(3), or Fed. R. Civ. P. 26(b)(4), or that are otherwise privileged or protected under applicable law.  Pearlman will not produce any such privileged or protected information in response to the Requests for Admission, and any inadvertent production of such information is not intended to be and shall not be deemed as a waiver of these privilege(s) or protection(s).

3.      Pearlman objects to the Requests for Admission to the extent that they seek the identification of information that is not in the possession, custody, or control of Pearlman.

4.      Pearlman objects to the Trustee's definition of the term "Applicable Period" as overly broad, unduly burdensome, and inconsistent with the rulings of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court.  Pearlman will not provide responses for any time period prior to December 11, 2006.

5.      Pearlman objects to the Trustee's definition of the term "Defendant" as overly broad and unduly burdensome.  Pearlman is only responding on behalf of herself, and not on behalf of any other person or entity.

6.      Pearlman objects to the Trustee's definition of the term "Subsequent Transfer" as overly broad, as assuming facts not in evidence, and to the extent it seeks information outside Pearlman's custody or control.  Pearlman has no knowledge as to what, if any, portion of any transfer of funds she received may have been derived from Customer Property, as defined by SIPA §78*lll*(4), and objects to any assumption that any portion of the funds she received from Doris Pearlman are traceable to Doris Pearlman's BLMIS account.

3

7.    Pearlman objects to the Trustee's definition of the term "Transfer" as overly broad, unduly burdensome, and inconsistent with the rulings of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court to the extent it incorporates the definition of "Applicable Period." Pearlman will not provide responses for any time period prior to December 11, 2006.

8.    Pearlman does not waive, and specifically reserves her right to challenge the relevancy, materiality, or admissibility of any information provided in response to any request.

9.    Pearlman reserves the right to modify or supplement any and all of her objections and responses to the Requests for Admission as additional information is obtained or becomes available or known to Pearlman.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

Pearlman incorporates by reference each of the foregoing General Objections in her objections below to the individually numbered Requests for Admission propounded by the Trustee. Subject to and without waiving the foregoing objections, Pearlman further objects and responds to the individually numbered Requests for Admission as follows:

1.    Admit that the Account was maintained in the name of Doris M. Pearlman.

**RESPONSE**:  Admit.

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

**RESPONSE**: Deny.

3.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

**RESPONSE**: Deny.

4.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

**RESPONSE**:  Pearlman admits that Exhibit B to the Complaint accurately reflects the deposits made into the Account between 2003 and 2008.  Pearlman otherwise denies the Request.

5.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

**RESPONSE**:  Pearlman admits that Exhibit B to the Complaint accurately reflects the withdrawals made from the Account between 2003 and 2008.  Pearlman is unable to admit or deny the accuracy of Column 5 for the period 2000 through 2002 due to a lack of records.  Therefore, Pearlman denies the remainder of the Request.

6.      Admit that, over the life of the Account, $4,142,407 was withdrawn from the Account.

**RESPONSE**: Pearlman is unable to admit or deny this Request for Admission due to a lack of records for the period 2000 through 2002, and therefore denies the Request.

7.      Admit that, of the $4,142,407 that was withdrawn from the Account, $1,641,673 consisted of principal.

**RESPONSE**:  Deny.


8.      Admit that, of the $4,142,407 withdrawn from the Account, $2,462,734 was in excess of principal.

**RESPONSE**:  Deny.


9.      Admit that between December 11, 2002 and December 11, 2008, $2,462,734 in excess of principal was withdrawn from the Account.

**RESPONSE**:  Deny.


10.     Admit that between December 11, 2006 and December 11, 2008, $1,004,407 in excess of principal was withdrawn from the Account.

**RESPONSE**:  Deny.


11.     Admit that You received funds from Doris M. Pearlman during the Applicable Period.

**RESPONSE**:  Consistent with the General Objections, Pearlman objects to this request to the extent it seeks information for the period prior to December 11, 2006. Pearlman admits that she received $50,000.00 from Doris M. Pearlman after December 11, 2006.

12.    Admit that You did not provide anything of value to Doris M. Pearlman in exchange for any portion of any Subsequent Transfer You received from the Account.

**RESPONSE**:  Consistent with the General Objections, Pearlman objects to this request to the extent it seeks information for the period prior to December 11, 2006. Pearlman admits that she did not provide anything of value to Doris M. Pearlman in exchange for the $50,000.00 she received from Doris M. Pearlman after December 11, 2006.

13.    As to each of the Subsequent Transfers, admit that You received the Subsequent Transfers indirectly from BLMIS.

**RESPONSE**:  Deny.

14. Admit that You are a trustee of the Doris M. Pearlman Revocable Trust.

**RESPONSE**:  Admit.

15.    Admit that the Doris M. Pearlman Revocable Trust received funds from Doris M. Pearlman.

**RESPONSE**:  Admit.

16.    Admit that the Doris M. Pearlman Revocable Trust did not provide anything of value to Doris M. Pearlman in exchange for any portion of any Subsequent Transfer the Doris M. Pearlman Revocable Trust received from the Account.

**RESPONSE**:  Consistent with the General Objections, Pearlman objects to this request to the extent it seeks information for the period prior to December 11, 2006. Pearlman admits

that the Trust did not provide anything of value to Doris M. Pearlman in exchange for transfers

received after December 11, 2006.


17.    Admit that You are a beneficiary of the Doris M. Pearlman Revocable Trust.

**RESPONSE**:  Admit.


Dated:   August 28, 2015

/s/ Richard A. Kirby
Richard A. Kirby
Email: richard.kirby@klgates.com
**K&L GATES LLP**
1601 K Street N.W.
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100

Laura K. Clinton
Email: laura.clinton@klgates.com
Joanne M. Hepburn
Email: joanne.hepburn@klgates.com
925 4th Ave., Suite 2900
Seattle, WA 98104
Tel: 206-623-7580
Fax: 206-623-7022

*Attorneys for Defendants the Estate of Doris
M. Pearlman, the Doris M. Pearlman
Revocable Trust, Heidi Pearlman, Jill Beth
Pearlman and Marvin A. Goldenberg*