# EXHIBIT C

**K&L Gates LLP**
1601 K Street N.W.
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100
Richard A. Kirby
Email: richard.kirby@klgates.com
Laura K. Clinton
Email: laura.clinton@klgates.com
Joanne M. Hepburn
Email: joanne.hepburn@klgates.com

*Attorneys for Defendants the Estate of Doris M. Pearlman, the Doris M. Pearlman Revocable Trust, Heidi Pearlman, Jill Beth Pearlman and Marvin A. Goldenberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity | Adv. Pro, No. 10-04504 (SMB) |

| | |
|---|---|
| as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary,<br><br>                          Defendants. | |

## DEFENDANT THE ESTATE OF DORIS M. PEARLMAN'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT THE ESTATE OF DORIS M. PEARLMAN

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, the Case Management Notice (Case No. 08-01789, Dkt. No. 3141), and the Litigation Protective Order (Case No. 08-01789, Dkt. No. 4137) that govern discovery in this action, Defendant the Estate of Doris M. Pearlman ("Estate" or "Defendant"), by and through its attorneys, K&L Gates LLP, objects and responds to the Trustee's First Set of Requests for Admission to Defendant the Estate of Doris M. Pearlman, dated May 27, 2015 (the "Requests for Admission") as follows.

### GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into each of the Estate's specific responses to each Request for Admission.

1. The Estate objects to the Requests for Admission to the extent that they seek to impose a burden upon the Estate beyond those set forth in the Federal Rules of Civil Procedure,

2

the Federal Rules of Bankruptcy, and the Local Civil Rules of the United States District Court for the Southern District of New York.

2. The Estate objects to the Requests for Admission to the extent that they call for the identification or production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, the settlement/mediation privilege, Fed. R. Civ. P. 26(b)(3), or Fed. R. Civ. P. 26(b)(4), or that are otherwise privileged or protected under applicable law. The Estate will not produce any such privileged or protected information in response to the Requests for Admission, and any inadvertent production of such information is not intended to be and shall not be deemed as a waiver of these privilege(s) or protection(s).

3. The Estate objects to the Requests for Admission to the extent that they seek the identification of information that is not in the possession, custody, or control of the Estate.

4. The Estate objects to the Trustee's definition of the term "Applicable Period" as overly broad, unduly burdensome, and inconsistent with the rulings of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court. The Estate will not provide responses for any time period prior to December 11, 2006.

5. The Estate objects to the Trustee's definition of the term "Defendant" as overly broad and unduly burdensome. The Estate is only responding on behalf of itself, and not on behalf of any other person or entity.

6. The Estate objects to the Trustee's definition of the term "Subsequent Transfer" as overly broad, as assuming facts not in evidence, and to the extent it seeks information outside the Estate's custody or control. The Estate has no knowledge as to what, if any, portion of any transfer of funds it received may have been derived from Customer Property, as defined by SIPA §78*lll*(4), and objects to any assumption that any portion of the funds it received from Doris

3

Pearlman are traceable to Doris Pearlman's BLMIS account.

7.     The Estate objects to the Trustee's definition of the term "Transfer" as overly broad, unduly burdensome, and inconsistent with the rulings of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court to the extent it incorporates the definition of "Applicable Period." The Estate will not provide responses for any time period prior to December 11, 2006.

8.     The Estate does not waive, and specifically reserves its right to challenge the relevancy, materiality, or admissibility of any information provided in response to any request.

9.     The Estate reserves the right to modify or supplement any and all of its objections and responses to the Requests for Admission as additional information is obtained or becomes available or known to the Estate.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

The Estate incorporates by reference each of the foregoing General Objections in its objections below to the individually numbered Requests for Admission propounded by the Trustee. Subject to and without waiving the foregoing objections, the Estate further objects and responds to the individually numbered Requests for Admission as follows:

1.     Admit that the Account was maintained in the name of Doris M. Pearlman.

**RESPONSE**: Admit.

2.     Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

**RESPONSE**: Deny.

4

3. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

**RESPONSE**: Deny.

4. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

**RESPONSE**: The Estate admits that Exhibit B to the Complaint accurately reflects the deposits made into the Account between 2003 and 2008. The Estate otherwise denies the Request.

5. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

**RESPONSE**: The Estate admits that Exhibit B to the Complaint accurately reflects the withdrawals made from the Account between 2003 and 2008. The Estate is unable to admit or deny the accuracy of Column 5 for the period 2000 through 2002 due to a lack of records. Therefore, the Estate denies the remainder of the Request.

6. Admit that, over the life of the Account, $4,142,407 was withdrawn from the Account.

**RESPONSE**: The Estate is unable to admit or deny this Request for Admission due to a lack of records for the period 2000 through 2002, and therefore denies the Request.

5

7. Admit that, of the $4,142,407 that was withdrawn from the Account, $1,641,673 consisted of principal.

**RESPONSE**: Deny.

8. Admit that, of the $4,142,407 withdrawn from the Account, $2,462,734 was in excess of principal.

**RESPONSE**: Deny.

9. Admit that between December 11, 2002 and December 11, 2008, $2,462,734 in excess of principal was withdrawn from the Account.

**RESPONSE**: Deny.

10. Admit that between December 11, 2006 and December 11, 2008, $1,004,407 in excess of principal was withdrawn from the Account.

**RESPONSE**: Deny.

Dated: August 28, 2015

*/s/ Richard A. Kirby*
Richard A. Kirby
Email: richard.kirby@klgates.com
**K&L GATES LLP**
1601 K Street N.W.
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100

Laura K. Clinton
Email: laura.clinton@klgates.com
Joanne M. Hepburn
Email: joanne.hepburn@klgates.com

6

925 4th Ave., Suite 2900
Seattle, WA 98104
Tel: 206-623-7580
Fax: 206-623-7022

*Attorneys for Defendants the Estate of Doris M. Pearlman, the Doris M. Pearlman Revocable Trust, Heidi Pearlman, Jill Beth Pearlman and Marvin A. Goldenberg*