# EXHIBIT D

**K&L Gates LLP**
1601 K Street N.W.
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100
Richard A. Kirby
Email: richard.kirby@klgates.com
Laura K. Clinton
Email: laura.clinton@klgates.com
Joanne M. Hepburn
Email: joanne.hepburn@klgates.com

*Attorneys for Defendants the Estate of Doris M. Pearlman, the Doris M. Pearlman Revocable Trust, Heidi Pearlman, Jill Beth Pearlman and Marvin A. Goldenberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                  Plaintiff,<br><br>              v.<br><br>ESTATE OF DORIS PEARLMAN; DORIS M. PEARLMAN REVOCABLE TRUST, in its capacity | Adv. Pro, No. 10-04504 (SMB) |

| | |
|---|---|
| as a subsequent beneficiary; HEIDI PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; JILL BETH PEARLMAN, in her capacity as Personal Representative of the Estate of Doris Pearlman, in her capacity as co-trustee of the Doris M. Pearlman Revocable trust, and in her capacity as subsequent beneficiary; MARVIN A. GOLDENBERG, in his capacity as a subsequent beneficiary,<br><br>                    Defendants. | |

**DEFENDANT THE DORIS M. PEARLMAN REVOCABLE TRUST'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT THE DORIS M. PEARLMAN REVOCABLE TRUST**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, the Case Management Notice (Case No. 08-01789, Dkt. No. 3141), and the Litigation Protective Order (Case No. 08-01789, Dkt. No. 4137) that govern discovery in this action, Defendant the Doris M. Pearlman Revocable Trust ("Trust" or "Defendant"), by and through its attorneys, K&L Gates LLP, objects and responds to the Trustee's First Set of Requests for Admission to Defendant the Doris M. Pearlman Revocable Trust, dated May 27, 2015 (the "Requests for Admission") as follows.

## GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into each of the Trust's specific responses to each Request for Admission.

1. The Trust objects to the Requests for Admission to the extent that they seek to impose a burden upon the Trust beyond those set forth in the Federal Rules of Civil Procedure,

2

the Federal Rules of Bankruptcy, and the Local Civil Rules of the United States District Court for the Southern District of New York.

2. The Trust objects to the Requests for Admission to the extent that they call for the identification or production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, the settlement/mediation privilege, Fed. R. Civ. P. 26(b)(3), or Fed. R. Civ. P. 26(b)(4), or that are otherwise privileged or protected under applicable law. The Trust will not produce any such privileged or protected information in response to the Requests for Admission, and any inadvertent production of such information is not intended to be and shall not be deemed as a waiver of these privilege(s) or protection(s).

3. The Trust objects to the Requests for Admission to the extent that they seek the identification of information that is not in the possession, custody, or control of the Trust.

4. The Trust objects to the Trustee's definition of the term "Applicable Period" as overly broad, unduly burdensome, and inconsistent with the rulings of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court. The Trust will not provide responses for any time period prior to December 11, 2006.

5. The Trust objects to the Trustee's definition of the term "Defendant" as overly broad and unduly burdensome. The Trust is only responding on behalf of itself, and not on behalf of any other person or entity.

6. The Trust objects to the Trustee's definition of the term "Subsequent Transfer" as overly broad, as assuming facts not in evidence, and to the extent it seeks information outside the Trust's custody or control. The Trust has no knowledge as to what, if any, portion of any transfer of funds it received may have been derived from Customer Property, as defined by SIPA §78*lll*(4), and objects to any assumption that any portion of the funds it received from Doris

3

Pearlman are traceable to Doris Pearlman's BLMIS account.

7.  The Trust objects to the Trustee's definition of the term "Transfer" as overly broad, unduly burdensome, and inconsistent with the rulings of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court to the extent it incorporates the definition of "Applicable Period." The Trust will not provide responses for any time period prior to December 11, 2006.

8.  The Trust does not waive, and specifically reserves its right to challenge the relevancy, materiality, or admissibility of any information provided in response to any request.

9.  The Trust reserves the right to modify or supplement any and all of its objections and responses to the Requests for Admission as additional information is obtained or becomes available or known to the Trust.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

The Trust incorporates by reference each of the foregoing General Objections in its objections below to the individually numbered Requests for Admission propounded by the Trustee. Subject to and without waiving the foregoing objections, the Trust further objects and responds to the individually numbered Requests for Admission as follows:

1.  Admit that the Trust received funds from Doris M. Pearlman during the Applicable Period.

    **RESPONSE**: Consistent with the General Objections, the Trust objects to this request to the extent it seeks information for the period prior to December 11, 2006. The Trust admits that it received funds from Doris M. Pearlman after December 11, 2006.

4

2. As to each of the Subsequent Transfers, admit that the Trust received Subsequent Transfers indirectly from BLMIS.

**RESPONSE**: Deny.

3. Admit that Heidi Pearlman was a Trustee of the Trust.

**RESPONSE**: Admit.

4. Admit that Heidi Pearlman was a beneficiary of the Trust.

**RESPONSE**: Admit.

5. Admit that Jill Beth Pearlman was a Trustee of the Trust.

**RESPONSE**: Admit.

6. Admit that Jill Beth Pearlman was a beneficiary of the Trust.

**RESPONSE**: Admit.

7. Admit that Heidi Pearlman, as a beneficiary of the Trust, received funds that originated in the Account.

**RESPONSE**: Deny.

8. Admit that Jill Beth Pearlman, as a beneficiary of the Trust, received funds that originated in the Account.

**RESPONSE**: Deny.

Dated:   August 28, 2015

*/s/ Richard A. Kirby*
Richard A. Kirby
Email: richard.kirby@klgates.com
**K&L GATES LLP**
1601 K Street N.W.
Washington, DC 20006
Tel: 202-778-9000
Fax: 202-778-9100

Laura K. Clinton
Email: laura.clinton@klgates.com
Joanne M. Hepburn
Email: joanne.hepburn@klgates.com
925 4th Ave., Suite 2900
Seattle, WA 98104
Tel: 206-623-7580
Fax: 206-623-7022

*Attorneys for Defendants the Estate of Doris M. Pearlman, the Doris M. Pearlman Revocable Trust, Heidi Pearlman, Jill Beth Pearlman and Marvin A. Goldenberg*

6