# EXHIBIT I

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

December 21, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA FIRST CLASS AND ELECTRONIC MAIL**

Richard Kirby (richard.kirby@bakermckenzie.com)
Laura Clinton (laura.clinton@bakermckenzie.com)
Baker & McKenzie LLP
815 Connecticut Ave, N.W.
Washington, DC 20006

Re:  Adv. Pro. No. 10-04504 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Estate of Doris Pearlman, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

We have received and reviewed the transcripts from the depositions of Heidi and Jill Beth Pearlman. At the start of each of their depositions both Heidi and Jill Pearlman confirmed their understanding that they had been sued in their individual capacities as well as their capacities as Personal Representatives of the Estate of Doris Pearlman (the "Estate") and as Trustees of the Doris M. Pearlman Revocable Trust (the "Trust"). In addition, they each confirmed that they were prepared to testify in these capacities. Notwithstanding these sworn representations, both Heidi and Jill Pearlman, claimed a lack of knowledge regarding a number of the most basic aspects of their roles as Personal Representative and Trustee as well as, among other topics, estate assets and administration. In this regard, both deponents stated that Ray Parker[1] and Emanuel DiNatale are the more appropriate sources for the information sought because their mother relied on Mr. Parker and Mr. DiNatale in her estate planning as did they in administering the dictates set forth in her will and in the various trusts and other entities she created for their benefit.

Given that the Estate and the Trust, are legal fictions which can only speak through personal representatives and trustees recognized by law, we did not anticipate needing any additional fact witness depositions; however, in light of Heidi and Jill's testimony

---

[1] Reserving our right to challenge any privilege assertions as they may relate to Mr. Ray Parker's role in administering the estate, we at this time, are pursuing supplemental discovery from Mr. Emanuel DiNitale only.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

referring to Mr. DiNatale as having knowledge of and access to documents relating to various aspects of their mother's affairs, please note we intend to serve a subpoena for the deposition of Mr. DiNatale to take place in early January 2016. We will be in touch with you soon with potential dates.

It is also clear from Defendants' deposition testimony that Laurel Investment Partnership, Inverness Investments, L.P., and DHJ Associates, L.P., which were created for Heidi and Jill Pearlman's benefit, may possess information relating to the flow of transfers from BLMIS to Doris Pearlman's estate, and its beneficiaries. As such, be advised that we intend to formally notice and serve Rule 45 subpoenas on these entities shortly. Please advise if you have authority to accept service of the same.

If you have any questions, please feel free to call me, Rachel Smith at (713) 646-1386, or Farrell Hochmuth at (713) 646-1383.

Regards,

*Dean D. Hunt w/pm*

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures