EUNICE CHERVONY LEHRER

7333 Morocca Lake Drive

Delray Beach, FL 33446

Tel. (561) 4552856

Cell. (847) 858 7724

Appearing Pro Se

Hearing Date: Jan. 27, 2016 at 10:00 a.m.
Objection Deadline: Jan. 20, 2016 at 5:00 p.m.



RECEIVED
JAN 11 2016
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR SISKIND; LINDA SOHN; NEAL GOLDMAN; DOUGLAS ELLENOFF; ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; ELAINE S. STEIN; ELAINE S. STEIN REVOCABLE TRUST; JAMAT | Adv. Pro. No. 10-05259 (SMB) |

| COMPANY, LLC; THE MESTRO COMPANY; TRUST U/W/O DAVID L. FISHER; TRUST U/T/A 8/20/90; and EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/W/O DAVID L. FISHER and TRUST U/T/A 8/20/90, <br><br>Defendants. | |
|---|---|

**DECLARATION OF EUNICE CHERVONY LEHRER IN SUPPORT OF HER OBECTION TO NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER GRANTING THE TRUSTEE LEAVE TO FILE A SECOND AMENDED COMPLAINT**

I respectfully refer the Court to paragraph 4 of the Declaration of Kim M. Longo executed December 7, 2015 which states that on December 1, 2004 Windels Marx circulated a copy of the proposed Second Amended Complaint " by e-mail to counsel for each of the currently existing defendants \*\*\*" Though I previously appeared pro se when I served my Answer to the Amended Complaint, no such e-mail or other communication on the subject was addressed to me. Accordingly this is my first opportunity to voice my objection.

I do object to my being included as a defendant in the proposed Second Amended Complaint (Proposed Complaint). Among the attachments to that Proposed Complaint, Exhibit J details withdrawals made by me totaling $128,000 which are described as "subsequent transfers". What is omitted, of which the Trustee and his various counsel have had full knowledge, is that my cash deposits into the Joint Tenancy Account totaled $1,525,173. Simply stated, my deposits exceeded my withdrawals by $1,397,000.

The details of my cash deposits, each of which are identified by date, (column 1), by Amount as Reported in Customer Statement (columns 3 & 4) in Exhibit B attached to the Proposed Complaint are shown below. The Proposed Complaint is Exhibit A in the Trustee's moving papers. These are the dates and dollar amounts:

6/23/03   $800,000.

8/4/03     500,000.

7/19/05    50,000.

9/8/08     175,173.


Total     $ 1,525,173.

The specified cash deposits and withdrawals were for and from my IRA account. The records of the Lehrer & Stein Joint Venture, including its income tax documents specified that the identified funds were for my IRA account with appropriate custodians.

It is my perception and claim that throughout this litigation, in which I should not have been named as a defendant to begin with, or that on the Trustee's review of the facts, the action against me should have been withdrawn. I have been needlessly harassed. The Trustee asserts that "the relief sought will cause

no undue prejudice". That statement is not relevant to me. I have been forced to spend money on legal fees, which I can ill afford. I have been subjected to worry and concern about what the Trustee will do in his needless pursuit after funds which I no longer have. Will he seek to attach my social security payments which are my primary source of income? I am stating emphatically that I will be unduly prejudiced if the Proposed Complaint is permitted to reinstate me as a subsequent transferee defendant.

The Trustee recites Rule 21 of the FRCP as authority for the court "at any time, on just terms, to add or drop a party". I am requesting that the Court should regard this declaration as a:

### Motion To Drop Me As A Party To This Proceeding.

It is my observation and view that for the past six years the Trustee has been diligent in pursuit of funds from some who were complicit in the most massive Ponzi scheme in recent history. He has also successfully dealt with and settled with feeder funds who solicited investors, channeled funds into the Ponzi scheme and earned fees and commissions for doing so. A distinction has to be made between those participants and the Lehrer & Stein Joint Venture which started in about 1978 with partners in a law firm who shared an "investment opportunity" and further shared it with family members.

Consider that for their almost thirty years of participation, during which there has never been a hint of complicity, no administrator of the Joint Venture ever took a fee, commission or even reimbursement of expenses for accommodating their fellow investors. In the history of the Joint Venture the only fees ever paid were to Certified Public Accountants who reviewed the trading slips and monthly statements and prepared and filed income tax documents.

The Trustee purports to have the equities on his side by asserting that the transfers were

"to the detriment of defrauded innocent customers whose money was consumed by the Ponzi scheme."

What he ignores is that I am a "defrauded, innocent customer whose money was consumed by the Ponzi scheme."

I have stated that the Trustee and his various counsel had full knowledge as to my cash deposits. I will describe the most significant of those communications.

The first communication was in my SIPC filing with the Trustee in March, 2009 where documentation was provided showing the cash deposits of $800,000. ,$500,000. , and $175,173.37. The withdrawal of $83,000. was included but lack of access to records at the time caused an omission of withdrawals of $30,000. and $15,000. Total withdrawals were less than my last cash deposit.

The second communication was initiated by my then counsel, Helen Davis Chaitman by letter to the Trustee dated February 1, 2011 in which she listed the deposits totaling $1,475,173.37, noted a withdrawal of $83,000. ( admittedly omitting the other withdrawals of $30,000. and $15,000.) but specifically stating that I was a "net loser" and requesting that the action against me should be discontinued.

That letter was not responded to but somehow it was suggested that the request for discontinuance should be formalized as a Hardship Application. This brought on the third set of communications which were with Thomas Wearsch, a Baker & Hostetler LLP partner based in Cleveland, Ohio, to whom the

Trustee had assigned the responsibility of reviewing Hardship Applications. I submitted my application for hardship which contained all of my numbers plus numerous other financial data. This initiated a comedy of errors with Mr. Wearsch orchestrating the comedy. I faxed him all of the relevant documents which he then denied receiving. I then sent a new set of the documents by overnight mail. On receipt of those Mr. Wearsch advised that he couldn't talk to me because I had been represented by counsel. After my counsel granted permission for him to speak with me he advised that he would review my application and then "reach out to me". Though four years has elapsed I am still waiting for his response. He never has acted on my Hardship Application. I have no doubt that Mr. Wearsch billed for all of his time shuffling my paper work and accomplishing nothing.

The Amended Complaint dated December 10, 2010 grouped all of the named defendants as "Subsequent Transferee Defendants" without differentiating among them as to amounts for which they were allegedly liable. In its Omnibus Decision dated June 2, 2015, entered June 16, 2015 this Court found "barebones allegations of subsequent transfer" to be insufficient. As a result, the Amended Complaint was dismissed as against me. In his Proposed Complaint the Trustee has alleged more specificity insofar as withdrawals are attributed to separate subsequent transferees. I admit to the stated withdrawals of $83,000. ,$30,000. , and $15,000. totaling $125,000. but point out that my deposits of $800,000. , $500,000. , $50,000. , and $175,173. totaling $1,525,173 exceeded those withdrawals by $1,397, 173. Obviously I am a "net loser". Accordingly I should not be included as a defendant in the Proposed Complaint.

To summarize, the action against me was previously dismissed. Through a Proposed Second Amended Complaint the Trustee seeks to reinstate me as a defendant. I am objecting to being reinstated on the grounds that I withdrew less than I deposited making me, in the Trustee's language in this case, "a net loser". Accordingly, any Proposed Complaint should exclude me as a defendant.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on the    day of January, 2016 at Delray Beach, Florida.

*Eunice Chervony Lehrer*
Eunice Chervony Lehrer

NOTARY

SUBSCRIBED AND SWORN TO BEFORE ME BY EUNICE CHERVONY LEHRER THIS

___4___ Day of January, 2016

Notary Seal

NOTARY PUBLIC    Palm Beach County, Florida

My Commission Expires: 3/8/15

LILLIAN I SAAVEDRA
Notary Public - State of Florida
Commission # FF 186119
My Comm. Expires Mar 8, 2019
Bonded through National Notary Assn.