**MILBERG LLP**
Matthew A. Kupillas
Joshua E. Keller
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
mkupillas@milberg.com
jkeller@milberg.com

*Counsel for Gerald Blumenthal*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04582 (SMB) |
| Plaintiff, | |
| v. | |
| GERALD BLUMENTHAL, | |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Gerald Blumenthal ("Defendant") by and through his attorneys, Milberg LLP,

Seeger Weiss LLP, and Tripp Scott, respond to Plaintiff Irving H. Picard's Amended Complaint

dated December 2, 2011, which was filed in this adversary proceeding while the reference had

been withdrawn to the District Court (S.D.N.Y. Case No. 11-cv-4293 (JSR), ECF No. 24, as

follows, upon knowledge as to himself and his own acts and upon information and belief as to all

other matters:

## NATURE OF PROCEEDING

1.    Defendant admits that Bernard L. Madoff ("Madoff") pled guilty to certain crimes

and respectfully refers the Court to a copy of the transcript of the United States District Court for

Southern District of New York dated March 12, 2009 and other filings and pleadings in that case

for the complete contents therein.  To the extent a response is required, Defendant denies

knowledge or information sufficient to form a belief as to the truth of the other allegations of

Paragraph 1.

2.    Paragraph 2 consists of certain legal conclusions and/or arguments as to which no

response is required. To the extent a response is required, Defendant expressly denies that he was

a beneficiary of a Ponzi scheme, he received other people's money or avoidable transfers, and

that any payments he received are fictitious profits or recoverable by the Trustee. Defendant

denies knowledge or information sufficient to form a belief as to the truth of the other allegations

of Paragraph 2.

3.    Paragraph 3 consists of certain legal conclusions and/or arguments as to which no

response is required. To the extent a response is required, Defendant expressly denies that he was

a beneficiary of a Ponzi scheme, he received other people's money or avoidable transfers, and

that any payments he received are fictitious profits or recoverable by the Trustee. Defendant

1

denies knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 3.

## JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 that this Court has jurisdiction over this adversary proceeding are legal conclusions to which no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in Paragraph 4 of the Amended Complaint), the SIPA Proceeding (as defined in Paragraph 4 of the Amended Complaint) and in the criminal action against Madoff.

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or arguments as to which no response is required.

## DEFENDANT

7.      Defendant admits to the allegations of Paragraph 7.

## BACKGROUND, THE TRUSTEE AND STANDING

8.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, except admits that on information and belief, that Madoff was arrested on December 11, 2008, and refers the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein. The footnote to Paragraph 8 consists of a legal conclusion to which no response is required.

9.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and refers the Court to the referenced order for the complete contents therein.

10.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and refers the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

11.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and refers the Court to the referenced order for the complete contents therein.

12.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 12, and refers the Court to the referenced orders for the complete contents therein.  The second sentence of Paragraph 12 consists of a legal conclusion to which no response is required.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and refers the Court and the parties to the filings, orders and proceedings in the criminal action against Madoff.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and refers the Court and the parties to the filings, orders and proceedings in the criminal action against Frank DiPascali.

15.     Paragraph 15 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16.     Paragraph 16 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17.     Paragraph 17 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18.     The allegations of Paragraph 18 that (a) the Trustee has standing to bring the claims alleged in the Amended Complaint, (b) SIPC statutorily cannot fully reimburse all customers for all of their losses, (c) the Trustee, as bailee of customer property, can sue on behalf of the customer bailors, and (d) the Trustee has the power and authority to avoid obligations and to avoid and recover transfers, are legal conclusions to which no response is required. Defendant denies that he received "Customer Property" as defined in 15 U.S.C. §78*lll*(4), denies that BLMIS incurred losses as a result of the claims set forth in the Amended Complaint, and denies that BLMIS' customers were injured as a result of the conduct detailed in the Amended Complaint. As to all other allegations of Paragraph 18, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

## THE FRAUDULENT PONZI SCHEME

19.     Defendant admits that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC, and admits that at certain times BLMIS had an office at 885 Third Avenue, New York, New York. Defendant denies knowledge and

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.     Defendant admits that he received monthly statements but Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22.  To the extent that Plaintiff relies on the Madoff's Plea Allocution for the allegations in Paragraph 22, Defendant refers the Court to the referenced plea allocution for the complete contents therein.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Paragraph 25 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies that any monies sent to BLMIS were used to enrich Defendant and denies knowledge and information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 25.

26.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 and refers the Court to the referenced Uniform Application for Investment Advisor Registration for the complete contents therein.

32.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33.      Paragraph 33 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33.

## THE ACCOUNT AGREEMENTS

34.      Defendant admits that an account with Account No. 1B0166 was maintained with BLMIS, and that Defendant received periodic customer statements, confirmations and other communications from BLMIS.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 and the footnote to Paragraph 34.

35.      Defendant admits that he made deposits to and received withdrawals from his BLMIS account.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35.

## THE OBLIGATIONS

36.     Defendant states that he is not required to provide a response to the allegations in Paragraph 36, as the Trustee's claims regarding "Obligations" have been dismissed by the Court. *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendant further states that the allegations of Paragraph 36 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36.

37.     Defendant states that he is not required to provide a response to the allegations in Paragraph 37, as the Trustee's claims regarding "Obligations" have been dismissed by the Court. *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendant further states that the allegations of Paragraph 37 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37.

38.     Defendant states that he is not required to provide a response to the allegations in Paragraph 38, as the Trustee's claims regarding "Obligations" have been dismissed by the Court. *See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in Adv. Pro. No. 08-01789 (SMB), at page 59.  Defendant further states that the allegations of Paragraph 38 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38.

## THE TRANSFERS

39.     Defendant states that he is not required to provide a response to the allegations in Paragraph 39 concerning transfers other than the "Two-Year Transfers", as the Trustee's claims regarding the "Six Year Transfers" have been dismissed by the Court.  Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.   Furthermore, Paragraph 39 consists of certain legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth the allegations set forth in paragraph 39 of the Amended Complaint, except admits that Defendant received certain transfers from BLMIS during the two years prior to the Filing Date.

40.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.  To the extent a response is required, Defendant denies that he received other people's money.

41.     Defendant states that he is not required to provide a response to the allegations in Paragraph 41, as the Trustee's claims regarding the "Six Year Transfers" have been dismissed by the Court.  Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the

8

Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the

Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of

the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

Defendant further states that the allegations of Paragraph 41 are legal conclusions to which no

response is required.

42.    The allegations of Paragraph 42 are legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations of Paragraph 42.

43.    Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 43.  Defendant further states that the allegations of

Paragraph 43 concerning the Trustee's reservation of rights are legal conclusions to which no

response is required.

44.    The allegations of Paragraph 44 are legal conclusions to which no response is

required.

## CUSTOMER CLAIM

45.    Defendant admits the allegations of Paragraph 45.

46.    Defendant admits the allegations of Paragraph 46.

47.    Defendant admits the allegations of Paragraph 47.

48.    Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 48 concerning the Trustee's intent to pursue resolution of

the Customer Claim (as defined in Paragraph 45 of the Amended Complaint) and any related

objection to the Trustee's determination of said claim.  To the extent that Plaintiff relies on the

Claims Procedures Order (as defined in this Paragraph) for the allegations in Paragraph 48,

Defendant refers the Court to the referenced Claims Procedures Order for the complete contents

therein.

## RESPONSE TO COUNT ONE
## FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

49.     In response to Paragraph 49, Defendant repeats each and every response

contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     Paragraph 50 consists of certain legal conclusions and/or arguments as to which

no response is required. To the extent a response is required, Defendant denies knowledge and

information sufficient to form a belief as to the truth the allegations set forth in Paragraph 50 of

the Amended Complaint, except admits that Defendant received certain transfers from BLMIS

during the two years prior to the Filing Date.

51.     The allegations of Paragraph 51 are legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations of Paragraph 51.

52.     The allegations of Paragraph 52 are legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     The allegations of Paragraph 53 are legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations of Paragraph 53.

54.     Defendant states that he is not required to provide a response to the allegations in

Paragraph 54, as the Trustee's claims regarding "Obligations" have been dismissed by the Court.

*See* Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 in

Adv. Pro. No. 08-01789 (SMB), at page 59.

55.    The allegations of Paragraph 55 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 55.

## RESPONSE TO COUNT TWO
## FRAUDULENT TRANSFERS AND OBLIGATIONS - 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551

56.    Defendant states that he is not required to provide a response to the allegations of Paragraph 56, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

57.    Defendant states that he is not required to provide a response to the allegations of Paragraph 57, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

58.    Defendant states that he is not required to provide a response to the allegations of Paragraph 58, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

59.     Defendant states that he is not required to provide a response to the allegations of Paragraph 59, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

60.     Defendant states that he is not required to provide a response to the allegations of Paragraph 60, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

61.     Defendant states that he is not required to provide a response to the allegations of Paragraph 61, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

62.     Defendant states that he is not required to provide a response to the allegations of Paragraph 62, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

63.     Defendant states that he is not required to provide a response to the allegations of Paragraph 63, as Count Two of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

64.     Defendant states that he is not required to provide a response to the allegations of

Paragraph 64, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

65.     Defendant states that he is not required to provide a response to the allegations of

Paragraph 65, as Count Two of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

**RESPONSE TO COUNT THREE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND**
**CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551**

66.     Defendant states that he is not required to provide a response to the allegations of

Paragraph 66, as Count Three of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

67.     Defendant states that he is not required to provide a response to the allegations of Paragraph 67, as Count Three of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

68.     Defendant states that he is not required to provide a response to the allegations of Paragraph 68, as Count Three of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

69.     Defendant states that he is not required to provide a response to the allegations of Paragraph 69, as Count Three of the Amended Complaint has been dismissed by the Court.

15

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

70.    Defendant states that he is not required to provide a response to the allegations of

Paragraph 70, as Count Three of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT FOUR
## FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

71.    Defendant states that he is not required to provide a response to the allegations of

Paragraph 71, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

72.     Defendant states that he is not required to provide a response to the allegations of

Paragraph 72, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

73.     Defendant states that he is not required to provide a response to the allegations of

Paragraph 73, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

74.     Defendant states that he is not required to provide a response to the allegations of

Paragraph 74, as Count Four of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

75.    Defendant states that he is not required to provide a response to the allegations of Paragraph 75, as Count Four of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

76.    Defendant states that he is not required to provide a response to the allegations of Paragraph 76, as Count Four of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT FIVE
## FRAUDULENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

77.    Defendant states that he is not required to provide a response to the allegations of Paragraph 77, as Count Five of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

78.    Defendant states that he is not required to provide a response to the allegations of Paragraph 78, as Count Five of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

79.    Defendant states that he is not required to provide a response to the allegations of Paragraph 79, as Count Five of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

80.     Defendant states that he is not required to provide a response to the allegations of Paragraph 80, as Count Five of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

81.     Defendant states that he is not required to provide a response to the allegations of Paragraph 81, as Count Five of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

82.     Defendant states that he is not required to provide a response to the allegations of Paragraph 82, as Count Five of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## RESPONSE TO COUNT SIX
## FRAUDULENT TRANSFERS AND OBLIGATIONS - NEW YORK DEBTOR AND
## CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

83.    Defendant states that he is not required to provide a response to the allegations of

Paragraph 83, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

84.    Defendant states that he is not required to provide a response to the allegations of

Paragraph 84, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

85.    Defendant states that he is not required to provide a response to the allegations of

Paragraph 85, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

21

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

86.    Defendant states that he is not required to provide a response to the allegations of Paragraph 86, as Count Six of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

87.    Defendant states that he is not required to provide a response to the allegations of Paragraph 87, as Count Six of the Amended Complaint has been dismissed by the Court. Defendant respectfully refers the Court to the Order of the United States District Court for the Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, and (iii) actual and constructive fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

88.    Defendant states that he is not required to provide a response to the allegations of Paragraph 88, as Count Six of the Amended Complaint has been dismissed by the Court.

Defendant respectfully refers the Court to the Order of the United States District Court for the

Southern District of New York dated May 22, 2012 (Case No. 12 MC 01115 (JSR)) dismissing

Plaintiff's claims that seek avoidance of (i) preferences under section 547 of the Bankruptcy

Code, (ii) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code,

and (iii) actual and constructive fraudulent conveyances under provisions of the New York

Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses.  By designating the

following as "defenses," Defendant (i) does not undertake the burden of proof as to any defense,

(ii) maintains that Plaintiff must prove his *prima facie* case and every element of every claim

against Defendant, in accordance with the appropriate standards of proof.

As set forth in Defendant's responses to Counts Two through Six of the Amended

Complaint, pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P.

54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, Docket No. 109 in

*Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* No. 12-

MC-0115 (JSR) (S.D.N.Y. April 27, 2012), the claims asserted in Counts Two through Six have

been dismissed against the Defendant, and the only claim remaining is that in Count One,

pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).  In the event that future legal developments

alter the claims available to the Trustee in the Amended Complaint, Defendant hereby raises

each and every available defense at law, in equity, or otherwise, including (without limitation) all

federal and state statutes, laws, rules, and/or regulations.

In addition, Defendant adopts, and incorporates by reference, any and all other defenses asserted or to be asserted by any other defendant or party-in-interest in any other proceeding or matter in this bankruptcy case to the extent such party is similarly situated.

Defendant reserves and asserts all affirmative defenses available under applicable federal or state law and/or rule of procedure, including the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, New York Debtor and Creditor Law, and New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this proceeding.

These defenses are set forth cumulatively and in the alternative.

Defendant reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

### First Affirmative Defense

The Amended Complaint fails to state any claims against Defendant upon which relief can be granted, and, accordingly, the Amended Complaint should be dismissed.

### Second Affirmative Defense

The claims against Defendant is barred, in whole or in part, by the doctrines of waiver, estoppel (including, without limitation, equitable estoppel and/or judicial estoppel), *in pari delicto,* unclean hands, laches, and/or consent.

### Third Affirmative Defense

The claims against Defendant are barred in whole or part by res judicata, claim preclusion, collateral estoppel, and/or issue preclusion.

## Fourth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are subject to set-off and/or recoupment.

## Fifth Affirmative Defense

The Amended Complaint does not comply with Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, and *Ashcroft v. lqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) because, among other things, it fails to describe each specific alleged transfer and its recipients, and each subsequent transfer and its recipients, and improperly combines allegations as to all defendants.

## Sixth Affirmative Defense

The Amended Complaint is barred, in whole or in part, because the Trustee has failed to plead, with sufficient particularity and factual support, all of the elements of an avoidance claim under any of the following: (i) 11 U.S.C. § 548(a)(1)(A); (ii) 11 U.S.C. § 548(a)(1)(B); or (ii) 11 U.S.C. § 544 and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law.

## Seventh Affirmative Defense

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Amended Complaint under *Stern v. Marshall,* 131 S. Ct. 2594 (2011), and its progeny. Defendant does not concede that the claims asserted in the Amended Complaint are core proceedings, and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court.  Defendant further demands a trial by jury, and does not consent to trial by jury in the Bankruptcy Court.

### Eighth Affirmative Defense

The alleged transfers are exempt from avoidance, in whole or in part, under 11 U.S.C. § 546(e), because (i) each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract; and/or (ii) each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

### Ninth Affirmative Defense

The Trustee lacks standing to sue on his claims.

### Tenth Affirmative Defense

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

### Eleventh Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor were not made from property of the Debtor.

### Twelfth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor are not avoidable and/or recoverable because the funds at issue were held in trust or constructive trust by BLMIS, or by BLMIS as bailee for Defendant, and were not property of the estate in which BLMIS had a legal interest.

### Thirteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are not

avoidable and/or recoverable because the funds, in whole or in part, were held in constructive

trust solely for the benefit of the Internal Revenue Service and/or state tax authorities.


### Fourteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, Defendant was mere

conduits with respect to any transfers allegedly made by the Debtor.

### Fifteenth Affirmative Defense

The claims against Defendant are barred, in whole or in part, to the extent that they

were not filed within the applicable statutes of limitation.

### Sixteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, the claims are barred to

the extent that the alleged transfers were earmarked as funds provided to the Debtor for the

purpose of paying a specific indebtedness to the Internal Revenue Service and/or state tax

authorities.

### Seventeenth Affirmative Defense

The Amended Complaint fails to state a claim on which relief can be granted because

it fails to properly plead the elements required for the avoidance of BLMIS's obligations.

Without an action to avoid BLMIS's obligations to pay what is owed to the customer under

state law, any alleged transfers were all made on account of antecedent debts.  To the extent

the Trustee has pled the avoidance of obligations, he is not authorized under governing

statutes to pursue such avoidance claims.

### Eighteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

### Nineteenth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by 11 U.S.C. § 548(c).  They are thus not avoidable or recoverable as against Defendant under 11 U.S.C. §§ 548 and 550.

### Twentieth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant alleged to have been a subsequent transferee, were taken for value, in good faith, and without knowledge of voidability, as provided by 11 U.S.C. § 550(a). Accordingly, the alleged transfers are not avoidable or recoverable as against any such Defendant under 11 U.S.C. §§ 548 and 550.\

### Twenty-first Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendant under 11 U.S.C. §§ 544 and 550 or sections 272 through 276 of the New York Debtor and Creditor Law.

28

### Twenty-second Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law. Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendant under 11 U.S.C. §§ 544 and 550 or sections 272 through 276 of the New York Debtor and Creditor Law.

### Twenty-third Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendant, are subject to setoff or equitable adjustment because Defendant received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to customers, under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### Twenty-fourth Affirmative Defense

The claims are barred, in whole or part, for failure to properly account for the time value of money, through (among other things) an interest adjustment to principal deposits.

### Twenty-fifth Affirmative Defense

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### Twenty-sixth Affirmative Defense

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

### Twenty-seventh Affirmative Defense

The claims are barred because they fail to sufficiently trace the funds that are the subject of the alleged transfers from BLMIS to the Defendant.

### Twenty-eighth Affirmative Defense

The claims are barred, in whole or part, for failure to properly credit inter-account transfers.

### Twenty-ninth Affirmative Defense

Without admitting the allegations in the Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are subject to setoff or equitable adjustment because the alleged transfers were made to pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue. The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.,* based on, among other things, the amount of the funds and/or income generated in brokerage accounts.  Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements. Defendant relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.* and IRC §§ 1 *et seq.* and 641 *et seq.*

### Thirtieth Affirmative Defense

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

### Thirty-first Affirmative Defense

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and, accordingly, N.Y. CPLR 5001 and 5004 do not apply.

### Thirty-second Affirmative Defense

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendant would be entitled to set off any such amount by, among other things, the amount of interest Defendant should have realized on their principal that was held by BLMIS.

### Thirty-third Affirmative Defense

Recovery of attorneys' fees from Defendant is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

### Thirty-fourth Affirmative Defense

The claims, including the claim seeking an assignment of any of Defendant's income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

### Thirty-fifth Affirmative Defense

Plaintiff is barred from seeking any assignment of any of Defendant's income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

### Thirty-sixth Affirmative Defense

Plaintiff is barred from seeking any assignment of any of Defendant's income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendant is not permitted to set off any damages awarded to Plaintiff.

### Thirty-seventh Affirmative Defense

Plaintiff cannot recover on his claims because he cannot demonstrate that the Debtor was insolvent at the time of the transfers in question.

### Thirty-eighth Affirmative Defense

Defendant expressly reserves the right to set forth additional defenses as such come to light in the course of discovery.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant requests entry of judgment against Plaintiff Trustee as follows, for:

(i)       Dismissal of the Amended Complaint in its entirety with prejudice, on the merits;

(ii)     All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)    Such other and further relief as the Court deems proper.


Dated: January 15, 2016          **MILBERG LLP**
       New York, New York


                                 s/ Joshua E. Keller
                                 _____
                                 Matthew A. Kupillas
                                 Joshua E. Keller
                                 One Pennsylvania Plaza
                                 New York, NY 10119
                                 Telephone: (212) 594-5300
                                 Facsimile: (212) 868-1229
                                 Email: mkupillas@milberg.com
                                 jkeller@milberg.com

                                 **SEEGER WEISS LLP**
                                 Stephen A. Weiss
                                 Parvin K. Aminolroaya
                                 77 Water Street, 26th Floor
                                 New York, NY 10005
                                 Telephone: (212) 584-0700
                                 Facsimile:  (212) 584-0799
                                 Email: sweiss@seegerweiss.com
                                 PAminolroaya@seegerweiss.com

                                 **TRIPP SCOTT**
                                 Charles M. Tatelbaum
                                 110 Southeast 6 Street
                                 Fort Lauderdale, Florida 33301
                                 E-mail: cmt@TrippScott.com
                                 Tel.: (954) 525-7500
                                 Fax:  (954) 761-8475
                                 Email: cmt@TrippScott.com

                                 *Counsel for Gerald Blumenthal*