UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN BLACK RIVER ASSOCIATES LP, MOT FAMILY INVESTORS LP, ROTHSCHILD FAMILY PARTNERSHIP, AND OSTRIN FAMILY PARTNERSHIP**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2.  In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Black River Associates LP, MOT Family Investors LP, Rothschild Family Partnership, and Ostrin Family Partnership (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected four BLMIS accounts held by the following: 1CM795 held by Black River Associates, LP; 1M0083 held by MOT Family Investors LP; 1ZA600 held by Rothschild Family Partnership; and 1ZB511 held by Ostrin

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

300378729.1                                              2

Family Partnership (collectively, the "Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Partnerships and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Partnership.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 34 claims and 33 objections filed by Objecting Claimants that invested in one or more of the Partnerships and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-holding Partnership in

which the Objecting Claimants invested, and the Partnership Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, identifying the date and results of the Trustee's claim determinations, as well as the dates that the objections were filed with the Court, and also lists the Objecting Claimants and the claim numbers.

13. The Partnerships each filed one or more claims related to its Account, and sought a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to the Partnerships, allowing their customer claims on the grounds that they were net losers, *i.e.*, that they had deposited more money into BLMIS than had been withdrawn from their BLMIS Account. Specifically, the Trustee allowed the claim of: (i) Black River Associates LP in the amount of $8,966,598.45; (ii) MOT Family Investors LP in the amount of $14,146,108.10; (iii) Rothschild Family Partnership in the amount of $14,142,792.28; and (iv) Ostrin Family Partnership in the amount of $2,681,500.00. Thus far, the following distributions have been made by the Trustee: (i) $5,616,699.74 to Black River Associates LP; (ii) $8,572,335.12 to MOT Family Investors LP; (iii) $8,570,442.98 to Rothschild Family Partnership; and (iv) $2,030,171.17 to Ostrin Family Partnership.

15. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Black River Associates LP.

16. Attached hereto as Exhibit 5 is a true and correct copy of claim 006048, filed with the Trustee by the Black River Associates LP.

17. Attached hereto as Exhibit 6 is a true and correct copy of the BLMIS customer file for MOT Family Investors.

18. Attached hereto as Exhibit 7 is a true and correct copy of claim 003543, filed with the Trustee by Joan B. Epstein.

19. Attached hereto as Exhibit 8 is a true and correct copy of the BLMIS customer file for Rothschild Family Partnership.

20. Attached hereto as Exhibit 9 is a true and correct copy of the BLMIS customer file for the Ostrin Family Partnership.

21. The Accounts were in the names of their respective Partnerships, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[2] The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2016
New York, New York

*/s/ Vineet Sehgal*

———————————————
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022

---

[2] Some Claimants may have held accounts in their own names, in addition to investing in the Partnerships. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in the Partnerships.

300360657

300378729.1     5