**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN BLACK RIVER ASSOCIATES LP, MOT FAMILY INVESTORS, LTD, ROTHSCHILD FAMILY PARTNERSHIP, AND OSTRIN FAMILY PARTNERSHIP**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In Black River Associates LP, MOT Family Investors, Ltd, Rothschild Family Partnership, and Ostrin Family Partnership (the

"Motion"), the Trustee selected four BLMIS accounts (collectively, the "Accounts"): 1CM795 held by Black River Associates LP; 1M0083 held by MOT Family Investors LP; 1ZA600 held by Rothschild Family Partnership; and, 1ZB511 held by Ostrin Family Partnership (collectively, the "Partnerships").

4. A list of Objecting Claimants who invested in one or more of the Partnerships whose claims are dealt with by this Motion is annexed as Exhibit 2 to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who invested in the Partnerships, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. All but three of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Partnership account files as contained in the books and records of BLMIS.

7. The Objections to Determination filed on behalf of all of the Objecting Claimants associated with Black River Associates LP were filed by Eric F. Saltzman.

8. Objections to Determination filed on behalf of Objecting Claimants Michael Epstein and Joan B. Epstein associated with MOT Family Investors LP were filed by Helen Chaitman of Becker & Poliakoff, LLP. The remaining Objecting Claimant associated with the MOT Family Investors LP, Rosalind Sabella Clark, filed a *pro se* Objection to Determination. To clarify attorney representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff, LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both those occasions that she did not represent any of the Objecting Claimants associated with MOT Family Investors LP in connection with the Partnerships' discovery.

9. The Objection to Determination filed on behalf of one of the Objecting Claimants associated with the Rothschild Family Partnership was filed by Stephen A. Weiss of Seeger Weiss LLP and Jonathan M. Landers of Milberg LLP. The remaining Objecting Claimants associated with the Rothschild Family Partnership filed *pro se* Objections to Determination.

10. The Objection to Determination filed on behalf of two of the Objecting Claimants associated with the Ostrin Family Partnership was filed by Helen Chaitman of Becker & Poliakoff, LLP. Prior to service of discovery, Ms. Chaitman clarified that she did not represent any of the Objecting Claimants associated with the Ostrin Family Partnership for purposes of discovery. The remaining Objecting Claimants associated with the Ostrin Family Partnership filed *pro se* Objections to Determination.

**Service of Requests for Admission and Other Discovery**

11. I caused discovery to be served on Objecting Claimants either through counsel, or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records,

3

all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

12. Prior to Ms. Chaitman's October 4, 2013 clarification of her representation status, I caused discovery to be served on Objecting Claimants claiming customer status through MOT Family Investors LP, by sending discovery to Ms. Chaitman. A copy of the complete discovery as sent, with cover letter and certificate of service, is attached as Exhibit 1.

13. Because Ms. Chaitman clarified that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, as well as Interrogatories and Requests for Production, were ultimately served on those Objecting Claimants personally.

14. No responses to the Requests for Admission (nor any of the other discovery) as to the Black River Associates LP, Rothschild Family Partnership, or Ostrin Family Partnership were received. The responses the Trustee received to the Interrogatories and Requests for Admission associated with the MOT Family Investors LP are attached *infra*.

### *Pro Se* **Responses To Interrogatories and Requests for Admission**

15. Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Michael Epstein, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

16. Attached hereto as Exhibit 3 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Joan B. Epstein, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

17. Attached hereto as Exhibit 4 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Rosalind Sabella Clark, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

4

08-01789-cgm    Doc 12455    Filed 01/15/16    Entered 01/15/16 19:04:10    Main Document
            Pg 5 of 7

**Documents Produced**

18.     Attached hereto as Exhibit 5 are true and correct copies of the documents produced to the Trustee in response to requests for production to Joan B. Epstein including the MOT Family Investors LP Offeree Questionnaire and Subscription Agreement and various correspondence related to Ms. Epstein's investment in MOT Family Investors LP.

19.     Attached hereto as Exhibit 6 are true and correct copies of the documents produced to the Trustee in response to requests for production to Rosalind Sabella Clark including checks to and from MOT Family Investors LP.

**Represented Objecting Claimants Who Failed to Respond to Requests for Admission**

20.     Attached hereto as Exhibit 7 is a true and correct copy of Requests for Admission (including certificate of service and cover letter) that was served on Objecting Claimants through counsel, for which the Trustee received no responses.  These requests for admission relate to Rothschild Family Partnership Objecting Claimant, Michale Dancer (claim number 008984).

***Pro Se* Objecting Claimants Who Failed To Respond To Requests For Admission**

21.     Attached hereto as Exhibit 8 is a chart of other *pro se* Objecting Claimants who did not respond to the Requests for Admission served upon them.  The Objecting Claimants who received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to the Trustee's notice of determination of claim, or (2) Objecting Claimants whose objections to determination had been filed by counsel.

22.     The individual Requests for Admission served on the Objecting Claimants each include twelve essentially identical requests.  Additional requests for admission were included

where necessary to clarify information such as the Objecting Claimant's partnership status, role in the partnership, and/or the legal construct of the partnership.

23. Attached hereto as Exhibit 9 is a true and correct copy of the cover letter and requests for admission received by the Black River Associates LP Objecting Claimants.

24. Attached hereto as Exhibit 10 are true and correct copies of the cover letters and requests for admissions received by the Rothschild Family Partnership Objecting Claimants.

25. Attached hereto as Exhibit 11 are true and correct copies of the cover letters and requests for admissions received by the Ostrin Family Partnership Objecting Claimants.

26. The cover letters sent to the Objecting Claimants in the Exhibit 8 chart had other relevant variations (date, addressee, claim number, due date for responses, references to the dates and docket numbers of objections) that are not directly relevant to the requests for admission themselves.

27. Attached as Exhibit 12 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in the Exhibit 8 chart.

### Miscellaneous Exhibits

28. Attached hereto as Exhibit 13 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships (ECF No. 8734).

29. Attached hereto as Exhibit 14 is Judge Engelmayer's January 14, 2016 Opinion and Order affirming this Court's Inter-Account Transfer Decision. *See In re Bernard L. Madoff Inv. Sec. LLC,* No. 15 Civ. 01151 (PAE) (S.D.N.Y. Jan. 14, 2016) (ECF No. 37).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2016
New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
