**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 19, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  Pursuant to Local Bankruptcy rule 7007-1 and your Honor's Chambers Rules, we write to request the opportunity to be heard on additional discovery disputes in the conference currently scheduled for January 27, 2016, in the above-referenced adversary proceeding as Defendant has refused to participate in discovery in the case, ignored basic obligations under the applicable rules, and thwarted every attempt the Trustee has made to obtain basic discovery on the relevant transfers, as summarized below:[1]

**A.    Defendant's Failure to Produce Documents.**  The Trustee respectfully requests an order compelling Defendant to produce documents identified in her initial disclosures and other categories of documents requested by the Trustee.  In her initial disclosures (*see* Exhibit B), Defendant stated that she had documents or information relating to the transactions at issue in her possession on which she intends to rely at trial.  However, she has not produced any of those documents to the Trustee.  Additionally, Defendant has failed to produce any documents with her responses to the Trustee's Requests for Production of Documents, which were served on December 10, 2015 (*see* Exhibit C).  In response to many requests, she stated that "to the extent such documents exist and predate December 11, 2008 they will be produced."  To others, she

---

[1] *See* Ex. A, the January 6, 2016 letter from Dean Hunt to Helen Davis Chaitman outlining Defendant's discovery deficiencies.

January 19, 2016
Page 2

stated that "[a]ll such documents will be produced." Defendant's responses are improper as they do not clearly indicate whether or not she has responsive documents. Moreover, her responses do not comply with the 2015 amendments to Federal Rule of Civil Procedure 34(b)(2)(B), which require that a responding party either produce the documents at the time specified in the request or specify when responsive documents will be produced. Nor do the Defendant's responses state with specificity what documents are being withheld due to objections, as further required by Rule 34.

B.  **Defendant's Deficient Responses to the Trustee's Requests for Admission.** Pursuant to Federal Rule of Civil Procedure 36(a)(6), the Trustee also seeks an order deeming the Defendant's insufficient responses to the Requests for Admission admitted. The Defendant's responses to the Trustees Requests for Admission, served on December 10, 2015, are both improper and inconsistent. (*See* Exhibit D) The Defendant denied all of the requests concerning the transfers and amounts at issue. However when asked to explain her denials in Interrogatory No. 22 (34), Defendant improperly responded that she "has no factual basis to admit the specific request," even though she has personal knowledge about the initial transfers at issue, the Trustee has produced account records, and Defendant has access to bank records from her own financial institutions, and documents maintained in connection with her own account.[2] As such, the Trustee seeks an order from the Court finding the responses deficient, and further deeming the requests admitted.

C.  **Defendant's Deficient Responses to Interrogatories.** The Trustee also seeks an order compelling Defendant to supplement her responses to the Trustee's Interrogatories and to verify such responses. As with the Trustee's other requests, Defendant failed to provide proper responses to the Trustee's First Set of Interrogatories. (*See* Exhibit E at Nos. 10 (22) and 12 (24).) In particular, Defendant made wholesale, unsubstantiated objections that, incredibly, assert that the Trustee is not entitled to information regarding the transfers at issue. (*See* Exhibit E at Nos. 3 (15), 4 (16), and 9 (21).) The Defendant further asserted several interrogatory responses that are flatly contradicted by responses provided to certain requests for admissions or requests for production. (*Id.* at Nos. 5 (17), 13 (25), and 14 (26).) Defendant further incorrectly responded to Interrogatory No. 15 by stating it was a legal argument. Finally, the responses served in the Trustee are unverified, in violation of the requirements of Rule 33.

D.  **Defendant's Refusal to Comply with the Trustee's Notice of Deposition.** Finally, opposing counsel has refused to make the Defendant available for a deposition. (*See* Exhibit F, the January 12-15, 2016 email exchange between Marie Carlisle and Helen Davis Chaitman.) The Trustee is entitled to take testimony from Defendant concerning relevant transfers, especially in light of Defendant's refusal to provide any discovery as outlined above. Accordingly, the Trustee seeks an order compelling her availability for a deposition.

---

[2] The Defendant incorrectly identified this request as Interrogatory No. 34. Defendant's responses do not follow the numbering scheme as the requests were served. All references to the numbered discovery requests herein include both the original numbering in the Trustee's Requests and the numbering used by Defendant in her responses.

January 19, 2016
Page 3

In light of the foregoing, the Trustee respectfully requests that the Court hear these discovery disputes at the conference previously scheduled for January 27, 2016 in this adversary proceeding.

Respectfully submitted,

*/s/ Edward J Jacobs*
Edward J. Jacobs

Enclosures

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
   Leslie Treff (ltreff@chaitmanllp.com)
   Chaitman, LLP
   465 Park Avenue
   New York, New York 10022