# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 26, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to in further response to letters submitted by Defendant Helene Saren-Lawrence on December 30 and 31, 2015 and January 1, 2016 [Dkts. 36, 38, and 40].

Specifically, we write to notify the Court that, first, counsel for Defendant has interfered with a third-party subpoena served by the Trustee on one of Defendant's banks, Valley National Bank, by instructing the bank to both withhold responsive documents and redact information before producing documents to the Trustee.  We first learned of defense counsel's interference when counsel for Valley National Bank produced responsive documents but advised that defense counsel, Helen Davis Chaitman, had only given "permission" for the limited production. *See* Ex. A.

Defendant's interference with the Trustee's subpoena occurred notwithstanding the facts that:  (i) Defendant has not specifically objected to this subpoena (*see* Dkt. 36, 38 and 40); (ii) Defendant has failed to comply with Federal Rule of Civil Procedure 45 by first obtaining an order quashing all or part of the subpoena; (iii) the Trustee previously advised defense counsel that the Court has denied a defendant the right to have bank records redacted prior to production to the Trustee; and (iv) the parties are scheduled to address these subjects with the Court on Wednesday, January 27, 2016 with respect to a different bank subpoena served in this proceeding.

January 26, 2016
Page 2

Second, the Trustee is equally concerned that the Defendant appears to have failed in her duty to take reasonable steps to preserve documents relevant to this adversary proceeding. Defendant's duty to preserve arose, at the latest, with the filing of the Trustee's complaint in December 2010. As an added measure, on June 27, 2011, the Trustee served Defendant with a preservation demand that included these exact documents. *See* Ex. B. However, counsel for Valley National Bank advised counsel for the Trustee responsive bank records "no longer exist" for Defendant's account prior to 2007. As the Court is aware, Defendant —in addition to disputing the transfers at issue—has taken the position that she is not obligated to produce documents, appear for depositions, or otherwise participate in discovery. [*See* Dkt. 41]. Defendant also refused to admit to the Trustee's requests for admissions on the stated basis that she has no documents concerning the transfers—notwithstanding that her accountant and bank just produced some—and that the Trustee's records of the transfers are unreliable. *See* Dkt. 41 ("The defendant is not in a position to confirm the transfers between herself and Madoff for the life of her account because she does not have the records and, clearly, she cannot rely upon Madoff's records."). In light of the apparent dispute over the facts of the transfers, Defendant's failure to preserve her financial records for the full relevant period is prejudicial to the Trustee. This is particularly troubling because, upon information and belief, Defendant's husband is currently an Executive Vice President with Valley National Bank and has worked there since 2001.

In light of the above, the Trustee respectfully requests the following relief: (i) an order prohibiting both the Defendant and her counsel from further improper interference with respondents to the Trustee's third-party bank subpoenas; (ii) an order affirming the Trustee's right to receive a full set of all documents responsive to his bank subpoenas for the relevant period free of improper redactions; (iii) an order deeming Defendant's responses to requests for admissions insufficient and compelling other discovery, as set forth in the Trustee's January 19, 2016 letter [*See* Dkt.41]; and (iv) an order authorizing the Trustee to take discovery about the normal retention periods for records at Valley National Bank, the steps taken to preserve Defendant's bank records, and the circumstances under which Defendant's responsive bank records came to "no longer exist" at Valley National Bank.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Leslie Treff (ltreff@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022