**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**Presentment Date: February 5, 2016 at 12:00 PM**

**Objections Due: February 5, 2016 at 11:00 AM**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                    Plaintiff, <br>          v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br>                    Plaintiff, <br> v. <br><br> MANUEL O. JAFFE, <br><br>                    Defendant. | Adv. Pro. No. 10-04425 (SMB) |

**TRUSTEE'S MOTION TO ENLARGE TIME TO SUBSTITUTE THE PROPER PARTY
FOR DECEASED DEFENDANT MANUEL O. JAFFE
PURSUANT TO FEDERAL RULE OF BANKRUPTCY 9006(b)**

Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully moves this Court pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure ("Rule 9006(b)") for an enlargement of time to substitute the proper party for deceased defendant Manuel O. Jaffe. Such substitution of parties is pursuant to Fed. R. Civ. P. 25 ("Rule 25"), made applicable to this adversary proceeding by Rule 7025 of the Federal Rules of Bankruptcy Procedure ("Rule 7025").

### I.   BACKGROUND

In 2010, the Trustee commenced this action against Defendant Manuel O. Jaffe. In July 2015, counsel for the Trustee discovered that Manuel Jaffe had died in June 2013. Trustee's counsel notified Defendant's counsel, Helen Chaitman, that despite pleadings having been filed on behalf of Manuel Jaffe for two years in two different courts with no indication he was deceased, it appeared Defendant had died. The Trustee attempted on multiple occasions to obtain information from Ms. Chaitman regarding the proper party to substitute for Manuel Jaffe, but Ms. Chaitman failed to provide such information. An Answer was filed on behalf of the deceased Defendant on August 13, 2015, again failing to identify the proper party to substitute for Mr. Jaffe. *See* Dkt. 49 at ¶ 9. On September 4, 2015, Ms. Chaitman filed a Notice of Presentment of an Order Granting Application to Withdraw as Counsel. *See* Dkt. 50. On

November 18, 2015, Ms. Chaitman's prior law firm, Becker and Poliakof,[1] filed a Suggestion of Death with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), giving the parties 90 days to substitute parties pursuant to Rule 25, through February 16, 2016. *See* Dkt. 55. On December 1, 2015, this Court entered an order granting Becker & Poliakoff's Application to Withdraw as Counsel. *See* Dkt. 56. No other counsel has appeared on behalf of Defendant.

On November 13, 2015, the Trustee filed a Petition for Formal Adjudication of Intestacy, Determination of Heirs, and Formal Appointment of Personal Representative for Manuel Jaffe in the Fourth Judicial District Court of Hennepin County, Minnesota (the "Probate Court").[2] Subsequent to the filing of the Trustee's Petition, counsel for the adult children of deceased Defendant Manuel Jaffe, Phillip Jaffe and Colette Jaffe, contacted the Trustee to provide updated factual information regarding the deceased Defendant and his estate and to discuss the appointment of a personal representative. On December 14, 2015, the Probate Court heard the Trustee's Petition. Deceased Defendant's son, Phillip Jaffe, appeared and objected to the Trustee's Petition and the individual proposed by the Trustee to be appointed as the Personal Representative. The Probate Court continued the hearing until January 14, 2016. Prior to the hearing, the Trustee filed an Amended Petition for Formal Adjudication of Intestacy, Determination of Heirs, and Formal Appointment of Personal Representative, as Manuel Jaffe's will nominated his children, Phillip and Colette, as Personal Representatives. At the January 14, 2016 hearing, deceased Defendant's son Phillip Jaffe objected to the opening of probate on the

---

[1] Ms. Chaitman left the law firm of Becker & Poliakof in September of 2015, subsequent to the filing of the application to withdraw in this proceeding. Her current firm did not appear in this case and thus, Becker & Poliakof remained as counsel of record until the Court granted the application to withdraw on December 1, 2015.

[2] That matter is *In Re: Estate of Manuel Oscar Jaffe*, Court File No. 27-PA-PR-15-1442, in the District Court of the Fourth Judicial District, County of Hennepin, State of Minnesota.

grounds that the Probate Court lacks jurisdiction over the Trustee's claim. The Probate Court set forth a briefing schedule on this issue and set it for hearing on April 12, 2016, well after the current deadline to substitute parties in this proceeding pursuant to Rule 25.

Therefore, as of the date of this motion, no letters testamentary have been issued and no personal representative has been appointed by the Probate Court and such will not occur until April 12, 2016, at the earliest, necessitating an enlargement of time to substitute the proper party.

## II.     ARGUMENT

Rule 9006(b)(1) provides:

> When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P 9006(b)(1). Here, Rule 25, as made applicable to this adversary proceeding by Rule 7025, requires a motion for substitution of parties to be made within ninety days of the service of a statement of death. Fed. R. Civ. P. 25(a)(1); see Fed. R. Bankr. P. 7025 ("Rule 25 F.R.Civ.P. applies in adversary proceedings."). In this case, the 90-day period expires on February 16, 2016. Therefore, this motion is made "before the expiration of the period originally prescribed . . ." and is an "act [] required . . . to be done at or within a specified period . . . ." Fed. R. Bankr. P. 9006(b)(1). Consequently, Rule 9006(b) permits this Court to enlarge time.

No administrator or letters testamentary have been issued in Manuel Jaffe's probate matter. Thus, the Trustee requests the enlargement of time to provide sufficient time for the Trustee to substitute proper parties in the action for Defendant.

### III. CONCLUSION

For the reasons set forth above, the Trustee respectfully requests this Court order an enlargement of time to July 31, 2016 for the Trustee to substitute the proper party for deceased Defendant Manuel O. Jaffe.

Dated: New York, New York
January 28, 2016

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

By: By: */s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*