**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | SIPA LIQUIDATION |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | Index No. 08-01789 (SMB) |
| | : | |
| Debtor. | : | |
| | : | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : | Adv. Pro. No. 10-04283 (SMB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| STEVEN B. MENDELOW, NANCY MENDELOW, CARA MENDELOW, PAMELA CHRISTIAN, C&P ASSOCIATES, LTD., and C&P ASSOCIATES, INC., | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------------x

## DECLARATION OF ALEX REISEN

Alex Reisen, an attorney duly authorized to practice in the courts of the State of New York and this Court, hereby declares upon penalty of perjury:

1. I am an attorney with the law firm Arkin Solbakken LLP, counsel for Defendants in the above-captioned matter. I submit this Declaration in opposition to the Trustee's Motion to File an Amended Complaint (the "Motion").

2. In support of the Motion, the Trustee claims that "Defendants' gamesmanship . . . induced the Trustee to forego his opportunity to amend the Complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B)." *See* Trustee's Brief at 17.

3. As set forth below, this is untrue.

4. For several years, the Trustee and Defendants regularly stipulated to extend Defendants' time to respond to the Trustee's Complaint. *See, e.g.*, Docket Nos. 41-58.

5. The Trustee, however, declined to extend Defendants' due date to respond to the Complaint beyond November 14, 2014. *See* Exhibit A (which is a true and correct copy of an email from the Trustee's counsel).

6. Accordingly, Defendants filed their Answers to the Complaint on November 14, 2014.

7. There was no intent (by filing Answers and then a motion for judgment on the pleadings as opposed to a motion to dismiss, or otherwise) to cause the Trustee to lose his automatic right to file an amended complaint.

8. The Second Circuit issued its decision in the *Fishman* case affirming the applicability of the 546(e) safe harbor on December 8, 2014. *See* Second Circuit Case. No. 12-2557, Dkt. No. 411.

9. This is over 21 days after the response date upon which the Trustee insisted, *and after the Trustee's automatic amendment opportunity expired*.

10. At this time, the Trustee was indisputably aware of controlling law that rendered the Trustee's pleading infirm.

11. Nonetheless, the Trustee did not seek to amend his Complaint – and in fact confirmed in a case management order that the Trustee had no intention to do so. *See* Docket

No. 69, Section 1 (The Scheduling Order, dated January 23, 2015 and drafted by the Trustee's counsel, states that "the Parties do not contemplate any amendments to the pleadings.").

12. Thereafter, at a meeting at Defendants' counsel's offices on February 12, 2015, attended by Trustee's counsel Jonathan New, Robertson Beckerlegge and Robyn Feldstein of Baker & Hostetler LLP, I stated to Mr. New, Mr. Beckerlegge, and Ms. Feldstein that, based on the Second Circuit's affirmance of the applicability of the 546(e) safe harbor, all claims other than the Trustee's first count were no longer viable.

13. At this February 12, 2015 meeting, I stated to Mr. New, Mr. Beckerlegge, and Ms. Feldstein that Defendants would move for a judgement on the pleadings if the parties were unable to settle the case.

14. At that time, the Trustee again took the position (as it did before this Court at the last appearance on October 28, 2015) that the Trustee's Complaint was sufficient.

15. This was over the objection of Defendants, who repeatedly pointed out the waste of resources in connection with proceeding to motion and arguing on obviously infirm allegations. *See, e.g.*, Exhibit B (a true and correct copy of Defendants' letter to this Court rearticulating Defendants' position that further discovery is "not relevant to any non-frivolous claim").

16. Following the parties' (ultimately unsuccessful) attempts to settle the case, on May 14, 2015 Defendants moved for a judgment on the pleadings. *See* Docket No. 73.

17. In its opposition to this motion, the Trustee made clear for the first time that he intended to seek leave to add allegations of "actual knowledge" to his pleading.

18. The Trustee filed the instant Motion for leave to amend his pleadings on December 30, 2015. *See* Docket No. 87.

3

08-01789-cgm    Doc 12577    Filed 02/01/16    Entered 02/01/16 20:00:15    Main Document
                                        Pg 4 of 4

Dated: New York, New York
February 1, 2016

Respectfully submitted,

By: /s/ *Alex Reisen*

   Alex Reisen
Arkin Solbakken LLP
750 Lexington Avenue, 25th Fl.
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350