# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 2, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Gertrude E. Alpern Revocable Trust, et al.*, Adv. Pro. No. 10-04327 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to the blatant mischaracterizations of a chambers conference that occurred on January 27, 2016 as set forth in Ms. Helen Davis Chaitman's letter, which is curiously dated January 26, 2016, but was not filed until February 1, 2016.

      As an initial matter, the scope of the representation we presented at the January 27, 2016 conference was that we would hold the subpoenas for cases handled by Ms. Chaitman in abeyance for 30 days from the Trustee's service of requests for admissions to provide the Defendants an opportunity to admit to the relevant transfers and relevant account activity.  Further, as Ms. Chaitman well-knows, we informed the Court that as a general practice in all of our cases, our practice is to serve both requests for admissions and draft transfer fact stipulations in the hopes of narrowing or avoiding—to the fullest extent possible—discovery on uncontested matters.  In the instant case, the Trustee promptly informed the subpoenaed banks to hold the subpoenas in abeyance on January 28, 2016—the day after the conference—to provide the Defendants an opportunity to make admissions.  *See* Ex. A.  Accordingly, Ms. Chaitman's letter should be disregarded in its entirety as moot.

      Ms. Chaitman falsely accuses counsel for the Trustee of contradicting the representation discussed above, which was made at the January 27, 2016 chambers conference regarding an entirely different adversary proceeding, by serving the contested subpoenas.  Yet, both the

February 2, 2016
Page 2

subpoenas at issue—and indeed Ms. Chaitman's letter itself—are dated the day prior to the conference, January 26, 2016. Accordingly, the result is an accusation that the Trustee violated an agreement that had not yet occurred. We find it unfortunate that instead of picking up the phone to ask counsel for the Trustee whether the January 26, 2016 subpoenas were being held in abeyance in light of the January 27th agreement, Ms. Chaitman instead chose to burden both the Trustee and the Court with these baseless accusations.

Moreover, Ms. Chaitman's statement that "[i]f the defendant admitted to the transfers, then the Trustee would not be allowed to serve subpoenas on banks" is completely inaccurate. Rather, we represented that, in a good faith effort to minimize the discovery burden on all parties, we would evaluate the need for Rule 45 bank records if the Defendants admitted to the transfers and net equity in order to determine _if_ they could be withdrawn in whole or in part. As the Court noted at the conference, the bank records may be relevant in some instances to certain affirmative defenses, in addition to transfers, and thereby independently discoverable. To be clear, it is the Trustee's position that under the applicable Federal Rules of Civil Procedure, we are entitled to relevant bank records from Defendants regardless of whether Defendants stipulate as to any particular facts.

We further reject Ms. Chaitman's assertion that the Trustee is prohibited from obtaining the bank records for initial transferees on the basis that they may contain evidence of subsequent transfers. The Court rejected this argument during the January 27, 2016 conference. In addition to being relevant to the Trustee's claims on initial transfers, the subpoenaed records are also relevant to the Defendants' affirmative defenses. *See, e.g.*, Dkt No. 72 at 16 (setoff for taxes paid).

Finally, Ms. Chaitman grossly misrepresents the Trustee's representations concerning the general timing of service of Rule 45 bank subpoenas. We represented to Ms. Chaitman and the Court that we would be serving Rule 45 bank subpoenas at the earliest possible convenience in all active cases in order to prevent the ongoing possible destruction of relevant evidence. This is particularly warranted in light of the possible spoliation issues discussed with the Court concerning at least one Defendant's apparent failure to preserve relevant bank records from 2006. As the Court noted, the Defendants have been on notice of the litigation, and therefore had a duty to preserve relevant records. The Trustee will accordingly pursue all appropriate rights and remedies in any case where a Defendant has failed to preserve such records as required by law.

Accordingly, the Trustee respectfully requests that the Court disregard Ms. Chaitman's January 26, 2016 (filed February 1, 2016) letter. While the Trustee notes that this is not the first time that Ms. Chaitman has flouted the Court's rules by filing a frivolous letter without first speaking with the Trustee in good faith, we are particularly concerned that in the instant application Ms. Chaitman is using her misrepresentations of a chambers conference to pursue baseless punitive measures against counsel. Accordingly, for clarity of the record and the protection of the parties, the Trustee respectfully requests that the Court conduct all future hearings involving Ms. Chaitman on the record.

February 2, 2016
Page 3

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Leslie Treff (ltreff@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022