# BakerHostetler

**Baker&Hostetler** LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

February 2, 2016

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Gertrude E. Alpern Revocable Trust, et al.*, Adv. Pro. No. 10-04327 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to bring to the Court's attention Ms. Helen Davis Chaitman's improper interference with subpoenas issued by the Trustee in the above-referenced action.

At the January 27, 2016 chambers conference in *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB), we noted that Ms. Chaitman had improperly obstructed the Trustee's attempt to subpoena discoverable and relevant records from a third party financial institution. *See* Dkt No. 44.  Specifically, Ms. Chaitman had instructed the bank to:  (i) withhold responsive documents; and (ii) make certain improper redactions.  As such, we asked that the Court order Ms. Chaitman to refrain from interfering with any of the Trustee's subpoenas.

In response, the Court indicated that Ms. Chaitman's communications with the subpoenaed parties was improper, and instructed Ms. Chaitman to seek relief from the Court to the extent that she needs to address any issues or concerns with respect to any subpoena served by the Trustee.

Ms. Chaitman has again improperly interfered with a subpoena served by the Trustee, this time in the above-referenced matter.  *See* Ex. A.  In particular, the Trustee is concerned that Ms. Chaitman continues to mischaracterize the Court's directives at the January 27, 2016

February 2, 2016
Page 2

conference in *Saren-Lawrence*, this time to a third party that the Trustee has subpoenaed. Specifically, Ms. Chaitman instructed the bank that:

> We have written to Judge Bernstein this morning requesting the opportunity to file a motion to hold the Trustee's counsel in contempt for serving these subpoena before any discovery has been served on the defendants. Please confirm that JPMorgan Chase will not produce any documents to the Trustee without sufficient notice to me so that I can seek judicial relief.

*See id.* Further, Ms. Chaitman ignores the fact that the Trustee complied with the Court's directive and instructed the bank to hold the subpoena in abeyance before she contacted the bank, as acknowledged by the bank itself. *See id.* Ms. Chaitman's conduct is outrageous both in that it directly contradicts a directive from this Court and is potentially prejudicial to the Trustee.

Unfortunately, Ms. Chaitman's ongoing conduct in this proceeding, *Saren-Lawrence*, and *Picard v. Barbara Roth*[1] is both potentially prejudicial to the Trustee and is interfering with the Trustee's ability to efficiently and fairly mange his cases. At a minimum, the Trustee believes that the Court should formally censure Ms. Chaitman's willful violation of its January 27, 2016 directive in the *Saren-Lawrence* conference that such communications with parties subpoenaed by the Trustee are improper. The Trustee also requests a formal order prohibiting Ms. Chaitman from improperly communicating with any subpoenaed parties in any adversary proceeding brought by the Trustee.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosure

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Leslie Treff (ltreff@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022

---

[1] Ms. Chaitman is engaging in similar misconduct in *Picard v. Barbara Roth, et al.*, Adv. Pro. No. 10-04324 (SMB). The Trustee will file a separate letter in that action.