# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 2, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Barbara Roth, et al.*, Adv. Pro. No. 10-04324 (SMB)

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to bring to the Court's attention Ms. Helen Davis Chaitman's improper interference with subpoenas issued by the Trustee in the above-referenced action.

    At the January 27, 2016 chambers conference in *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB), we noted that Ms. Chaitman had improperly obstructed the Trustee's attempt to subpoena discoverable and relevant records from a third party financial institution.  *See* Dkt No. 44.  Specifically, Ms. Chaitman had instructed the bank to:  (i) withhold responsive documents; and (ii) make certain improper redactions.  As such, we asked that the Court order Ms. Chaitman to refrain from interfering with any of the Trustee's subpoenas.

    In response, the Court indicated that Ms. Chaitman's communications with the subpoenaed parties was improper, and instructed Ms. Chaitman to seek relief from the Court to the extent that she needs to address any issues or concerns with respect to any subpoena served by the Trustee.

    Ms. Chaitman has again improperly interfered with a subpoena served by the Trustee, this time in the above-referenced matter.  *See* Ex. A.  In particular, the Trustee is concerned that Ms. Chaitman continues to mischaracterize the Court's directives at the January 27, 2016

February 2, 2016
Page 2

conference in *Saren-Lawrence*, this time to a third party that the Trustee has subpoenaed. Specifically, Ms. Chaitman instructed the bank that:

> Baker & Hostetler has no right to subpoena bank records unless and until it serves discovery on the defendants and the defendants did not admit to transfers to and from Madoff in the years covered by the bank records.

*See id.* Further, Ms. Chaitman ignores the fact that the Trustee complied with the Court's directive and instructed the bank to hold the subpoena in abeyance before she contacted the bank, as acknowledged by the bank itself. *See id.* Ms. Chaitman's conduct is outrageous both in that it directly contradicts a directive from this Court and is potentially prejudicial to the Trustee. We also take umbrage at Ms. Chaitman's characterization of the Trustee's attempt to obtain the most basic discovery in the matter by serving a routine subpoena as "highly improper."

Unfortunately, Ms. Chaitman's ongoing conduct in this proceeding, *Saren-Lawrence*, and *Picard v. Gertrude E. Alpern Revocable Trust, et al.*[1] is both potentially prejudicial to the Trustee and is interfering with the Trustee's ability to efficiently and fairly mange his cases. At a minimum, the Trustee believes that the Court should formally censure Ms. Chaitman's willful violation of its January 27, 2016 directive in the *Saren-Lawrence* conference that such communications with parties subpoenaed by the Trustee are improper. The Trustee also requests a formal order prohibiting Ms. Chaitman from improperly communicating with any subpoenaed parties in any adversary proceeding brought by the Trustee.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosure

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Leslie Treff (ltreff@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022

---

[1] Ms. Chaitman is engaging in similar misconduct in *Picard v. Gertrude E. Alpern Revocable Trust, et al.*, Adv. Pro. No. 10-04327 (SMB). The Trustee will file a separate letter in that action.