**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>STANLEY SHAPIRO, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**[vA] [JOINT PROPOSED] ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS
THE TRUSTEE'S SECOND AMENDED COMPLAINT**

On August 28, 2014, Defendants Stanley Shapiro and Renee Shapiro, individually, as general partners of S&R Investment Co. ("S&R"), as trustees of the LAD Trust, as trustees of the David Shapiro 1989 Trust, as amended (the "David Trust"), and as trustees of the Leslie Shapiro 1985 Trust, as amended (the "Leslie Trust"), S&R, the LAD Trust, the David Trust, the Leslie Trust, David Shapiro, individually and as trustee of the Trust F/B/O [W.P.S.] & [J.G.S.] (the "Shapiro Children's Trust"), Rachel Shapiro, the Shapiro Children's Trust, Leslie Shapiro Citron

and Kenneth Citron, individually and as trustees of the Trust F/B/O [A.J.C], [K.F.C.] & [L.C.C.] (the "Citron Children's Trust," and together with the Shapiro Children's Trust, the "Children's Trusts"), and the Citron Children's Trust (collectively, the "Defendants") filed a motion (the "Motion to Dismiss"), together with a memorandum and a declaration in support (ECF Nos. 37, 38 & 39), wherein they moved to dismiss all eleven (11) counts of the Second Amended Complaint (ECF No. 33) of Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually (the "Liquidation Proceedings"). The Trustee opposed the Motion to Dismiss on October 23, 2014 (ECF No. 40). On December 1, 2014, the Defendants filed a reply in support of the Motion to Dismiss (ECF No. 43). This Court heard the Motion to Dismiss on March 5, 2015.

On November 25, 2015, this Court entered a Memorandum of Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss the Trustee's Second Amended Complaint (the "Decision") (Liquidation Proceedings, ECF No. 12130), wherein the Court largely denied the Motion to Dismiss with respect to Count I, granted in part and denied in part the Motion to Dismiss with respect to Counts II through VII, and granted the Motion to Dismiss with respect to Counts VIII through XI.

For the reasons set forth in the Decision, which is incorporated herein and made a part of hereof, it is hereby ORDERED that:

1. As to **Count I**, the Motion to Dismiss is **DENIED** with respect to:

    (a) S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received on or after December 11, 2006 in connection with Account No. 1SH014 (formerly 103013) and Account No. 1SH172;

2

    (b)    David Shapiro, individually, with respect to transfers of fictitious profits he received on or after December 11, 2006 in connection with Account No. 1S0306 (formerly 1SH027 and 103047);

    (c)    Leslie Citron Shapiro, individually, with respect to transfers of fictitious profits she received on or after December 11, 2006 in connection with Account No. 1SH171; and

    (d)    Leslie Shapiro Citron and Kenneth Citron, jointly, with respect to transfers of fictitious profits they received on or after December 11, 2006 in connection with Account No. 1C1251 (formally 1SH029);

2.    As to **Count I**, the Motion to Dismiss is otherwise **GRANTED**;

3.    As to **Counts II** through **VII**, the Motion to Dismiss is **DENIED** with respect to:

    (a)    S&R and Stanley Shapiro and Renee Shapiro, individually and as general partners of S&R, with respect to all transfers they received in connection with Account Nos. 103009, 103039, 103058, 103069, 1SH014 (formerly 103013), and 1SH172;

    (b)    Stanley Shapiro, individually and as trustee of the Stanley Shapiro Trust, with respect to all transfers he received in connection with Accounts Nos. 103033 (formerly 103043) and 103047;

    (c)    The LAD Trust, and Stanley Shapiro and Renee Shapiro, as trustees of the LAD Trust, with respect to all transfers they received in connection with Account No. 103012 (formerly 103034);

    (d)    The David Trust and Stanley Shapiro and Renee Shapiro, as trustees of the David Trust, with respect to transfers received in connection with Account Nos. 1SH027 (formerly 103047) and 1SH028;

    (e)    The Leslie Trust and Stanley Shapiro and Renee Shapiro, as trustees of the Leslie Trust, in connection with Account Nos. 1SH029 (formerly 103046) and 1SH030; and

    (f)    Stanley Shapiro and Renee Shapiro, as custodians of David Shapiro and Leslie Shapiro, with respect to all transfers they received in connection with Account Nos. 103029 (formerly 103048) and 103046;

4.    As to **Count II** through **VII**, the Motion to Dismiss is otherwise **GRANTED;**

5. As to **Count VIII,** the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE;**

6. As to **Counts IX, X, and XI**, the Motion to Dismiss is **GRANTED;**

7. Since all claims against Rachel Shapiro and the Children's Trusts have been dismissed, the caption will be amended to reflect the dismissal of Rachel Shapiro and the Children's Trusts as Defendants in this matter;

8. Defendants Stanley Shapiro, Renee Shapiro, S&R, the LAD Trust, the David Trust, the Leslie Trust, David Shapiro, Leslie Shapiro Citron, and Kenneth Citron (collectively, the "Remaining Defendants") must file their answers to the Second Amended Complaint within thirty (30) days of this Order; and

9. The Trustee and the Remaining Defendants must comply with Federal Rule of Civil Procedure 26(f) and schedule a conference with the Court no later than sixty (60) days of this Order.

Dated: February ___, 2016
New York, New York

                                                              _____
                                                              HONORABLE STUART M. BERNSTEIN
                                                              UNITED STATES BANKRUPTCY JUDGE