**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br> Plaintiff, <br><br> v. <br><br> GERTRUDE E. ALPERN REVOCABLE TRUST, et al., <br><br> Defendants. | Adv. Pro. No. 10-04327 (SMB) |

**DECLARATION IN SUPPORT OF MOTION FOR SANCTIONS**
**AGAINST THE TRUSTEE FOR UNLAWFULLY SERVING SUBPOENAE ON BANKS**
**IN THIS AND SEVERAL OTHER CASES**

I, HELEN DAVIS CHAITMAN, declare pursuant to 28 U.S.C. § 1746, that the following is true based upon my personal knowledge and documents I possess:

1. It is indisputable, and the Court has so held in these proceedings, that the Trustee is not entitled to take discovery in order to frame a viable complaint against subsequent transferees. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1954 (2009)("because Iqbal's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"); *KBL Corp. v.*

{00018274 1}                                       1

*Arnouts,* 646 F.Supp.2d 335, 346 n. 6 (S.D.N.Y.2009) (Koeltl, D.J.); *Thule AB v. Advanced Accessory Holdings Corp.,* 09 Civ. 0091(PKC), 2010 WL 1838894 at *4 (S.D.N.Y. May 4, 2010) (Castel, D.J.) (same), *reconsideration granted on other grounds,* 2010 WL 2287012 (S.D.N.Y. June 1, 2010); *DD v. Lincoln Hall,* 09 Civ. 860(CS)(LMS), 09 Civ. 861(CS)(LMS), *359 2010 WL 695027 at *2 (S.D.N.Y. Feb. 19, 2010) (Seibel, D.J.) (same); *Podany v. Robertson Stephens, Inc.,* 350 F.Supp.2d 375, 378 (S.D.N.Y.2004) (Lynch, D.J.) *Zurich American Ins. Co. v. Dah Sing Bank, Ltd.,* 03 Civ. 7778(DLC), 2004 WL 1328215 at *8 (S.D.N.Y. June 15, 2004) (Cote, D.J.).

2. In order to circumvent this law, after this Court dismissed the Trustee's claims against subsequent transferees by its July 16, 2015 order, the Trustee has served subpoenae on defendants' banks in this and other adversary proceedings, with the sole purpose of procuring evidence to allow him to assert viable claims against subsequent transferees.

3. On January 27, 2016, this Court held an *in camera* conference to address, *inter alia*, my objection to the subpoena the Trustee served on Valley National Bank. In that conference, attended by me on behalf of the Defendant and by, I believe, seven attorneys from Baker & Hostetler LLP (together, the "Trustee's counsel"), I explained my concern that the Trustee's counsel were serving subpoenae on banks in order to illegally obtain evidence of subsequent transferees. In response, the Trustee's counsel denied my contention and insisted that they only needed to serve subpoenae on banks in situations where defendants did not admit to transfers into and out of their Madoff accounts.

4. I explained that I was aware of instances where the Trustee's counsel had served subpoenae in cases where discovery had not yet begun and the defendants had not been given an opportunity to admit or deny transfers into and out of their Madoff accounts. Indeed, on January 26, 2016, I had received an email from David Proano, Esq., of Baker & Hostetler, enclosing nine

subpoenae on banks calling for the production of the entire bank records of defendants in nine cases in which no discovery has yet been served by the Trustee's counsel. Lest there be any doubt as to the Trustee's intentions, the subpoenae call for the production of records through December 31, **2009**. See, e.g., the Subpoena attached hereto as Exhibit 1, Attachment A Para. 3.

5. Lest there be any doubt as to the Trustee's intentions, the subpoenae call for the production of records through December 31, **2009**. See a sample subpoena included in Exh. 1 hereto. Obviously, if the issue were simply to obtain proof of transfers to and from Madoff, the subpoenae would have called for bank records through December 11, **2008**.

6. As the Court will recall, at the conference, the Trustee's counsel unanimously insisted that no such subpoenae had been served before the Trustee had served discovery in the case. Yet, Mr. Proano's email had been cc'd to Nicholas Cremona, Brett Wall, Jason Perdion, Gretchen Lange, and Darren Crook. See Exh. 1 hereto.

7. The January 27th conference concluded, on this issue, by an agreement that the Trustee's counsel would only serve subpoenae on banks in cases where the defendant did not admit to the transfers to and from Madoff during the period covered by the bank subpoenae.

8. On January 26, 2016, I had informed Mr. Proano, and all the cc's on his email, that the subpoenae were improper because the Court had ruled in the *Wiener* case that the Trustee is only entitled to serve subpoenae on banks to the extent that the defendants deny transfers to and from their Madoff accounts. I asked Mr. Proano to attend the conference with the Court on January 27th – the very next day. *See* Exh. 2 hereto.

9. Contrary to the representation made by the Trustee's counsel to the Court and to me on January 27, 2016, the nine bank subpoenae were served on defendants in cases where the Trustee had not yet served any discovery.

{00018274 1}                                3

10. I learned of this on January 31, 2016 from one of my clients. I immediately wrote to the Court and asked for a conference.

11. The Trustee's counsel has not been honest with this Court. At the January 27, 2016 conference, the Trustee's counsel clearly stated that they needed the defendants to admit the transfers to and from Madoff and, absent such admission, they had no alternative but to subpoena bank records. This is untrue. As stated in the July 14, 2015 Declaration of the Trustee's expert, Lisa Collura (at ¶ 19), the Trustee is in possession of all of Madoff's bank records from December 1998 on. Hence, the Trustee can prove every transfer to and from Madoff by every defendant through his own records. His counsel's claim that he needs to subpoenae the defendants' bank records is a dishonest pretext for obtaining evidence to support claims against subsequent transferees.

12. The appropriate sanction is dismissal with prejudice of the complaint in each action in which such bank subpoenae have been served.

13. The statements made herein are true based upon my personal knowledge.

February 8, 2016

/s/ *Helen Davis Chaitman*

## CERTIFICATE OF SERVICE

I, Helen Davis Chaitman, hereby certify that I caused a true and correct copy of the foregoing document with exhibits to be served upon the parties in this action who receive electronic service through CM/ECF and by electronic mail and by hand delivery upon:

> BAKER & HOSTETLER
> David J. Sheehan
> 45 Rockefeller Plaza
> New York, NY 10111
> dsheehan@bakerlaw.com
>
> WINDELS MARX
> Karen M. Cullen
> 156 West 56th Street
> New York, NY 10019
> kcullen@windelsmarx.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York　　　　　　**CHAITMAN LLP**
　　　　　February 8, 2016

By:   */s/ Helen Davis Chaitman*
　　　Helen Davis Chaitman
　　　hchaitman@chaitmanllp.com
　　　465 Park Avenue
　　　New York, New York 10022
　　　Phone & Fax: 888-759-1114

　　　*Attorneys for Roberta Schwartz Trust, Jonathan Schwartz, as beneficiary of the Gertrude E. Alpern Revocable Trust, and Roberta Schwartz, as beneficiary of the Gertrude E. Alpern Revocable Trust, as settler and beneficiary of the Roberta Schwartz Trust, and in her capacity as trustee of the Robert Schwartz Trust*

{00018274 1 }　　　　　　　　　　5