**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 9, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Gertrude E. Alpern Revocable Trust, et al.*, Adv. Pro. No. 10-04327 (SMB);
       *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB);
       *Picard v. Barbara Roth, et al.*, Adv. Pro. No. 10-04324 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to the Declaration and purported motion to sanction the Trustee filed on February 8, 2016 (the Declarations), which is procedurally defective, rife with false accusations, and unnecessarily inflammatory.  *See Alpern,* Dkt. Nos. 89 and 90; *Saren-Lawrence*, Dkt. Nos. 48 and 49.  Ms. Chaitman's ongoing conduct—designed to impede the Trustee's discovery efforts and undermine this Court's authority and ability to adjudicate cases in a fair and orderly manner—is an abuse of process that must be sanctioned.  *See DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 136 (2d Cir. 1998) ("[T]he record reflects a pattern of behavior which could reasonably be construed as a bad faith effort to thwart plaintiffs' discovery efforts.").[1]

      As an initial matter, the Trustee's position is that the subpoenaed bank records are *prima facie* relevant and discoverable to both the Trustee's allegations concerning transfers and the

---

[1] The Trustee further objects that Ms. Chaitman improperly and haphazardly files letters in cases where the issues raised are inapplicable and/or not properly before the Court.  Ms. Chaitman conflates the relevant periods of the subpoenas served in *Alpern* and *Saren-Lawrence*, as the *Saren-Lawrence* subpoena does not seek documents for 2009.  *See* Ex. A.  Furthermore, even though Ms. Chaitman's defective motion was filed in *Saren Lawrence*, none of the subpoenas discussed therein are relevant to that proceeding.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

February 9, 2016
Page 2

Defendants' affirmative defenses. On affirmative defenses specifically, each of the Defendants in these proceedings have asserted a right of set off for taxes paid on BLMIS account statements in the relevant period, which presumably will be reflected in bank records from 2009. *See Alpern* Dkt. No. 72 at 24; *Saren-Lawrence*, Dkt. No. 31 at 16; and *Roth*, Dkt. No. 46 at 21. The parties explicitly discussed these considerations in chambers on January 27, 2016 in *Saren-Lawrence*,[2] and the Court advised that the records are discoverable and specifically rejected the Defendant's objections based on the possibility that the subpoenaed records may reveal subsequent transfers. Additionally, Ms. Chaitman raised objections to subpoenas served in *Alpern*, which, at that time, were not properly before the Court. Without conceding a right to the discovery, we advised that we would hold the *Alpern* subpoenas in abeyance for 30 days pending the Defendant's responses to requests for admissions in an attempt to narrow the scope of discovery. We also informed the Court that—in an effort to preserve evidence to the fullest extent possible—all bank subpoenas would be served at the earliest possible convenience. The relevant financial institutions were instructed to hold the subpoenas in abeyance the next day. *See Alpern* Dkt. No. 83.[3]

Rather than cooperating as instructed by the Court, Ms. Chaitman now attempts to exploit the Trustee's attempts to avoid discovery disputes by filing the instant applications and her letter seeking permission to file a baseless motion to hold counsel for the Trustee in contempt. *See Alpern* Dkt. No. 81. In light of these circumstances, the Trustee withdraws any and all such offers to Ms. Chaitman. Instead, we respectfully submit that Ms. Chaitman's censurable conduct following the January 27, 2016 chambers conference underscores the need for an immediate order confirming the Trustee's right to Defendants' bank records relating to transfers and/or affirmative defenses asserted for all relevant periods. The Trustee further respectfully submits that Ms. Chaitman's conduct rises to the standard for contempt. *See, e.g.*, *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Further, in all three of the above-referenced proceedings—and notwithstanding an unambiguous directive from the Court—Ms. Chaitman has purposefully and knowingly misrepresented the Court's directives to the subpoenaed parties in an effort to deprive the Trustee of basic discovery and obstruct the judicial process. This is evidenced by Ms. Chaitman's own written communications with the subpoenaed financial institutions, two of which occurred <u>after</u> the Court unambiguously instructed Ms. Chaitman not to further contact such parties at the January 27, 2016 chambers conference. *See Alpern* Dkt. No. 87 and *Roth* Dkt. No. 53; *see also Saren-Lawrence* Dkt. No. 44. Ms. Chaitman's Declarations and the demonstrably false allegations and misrepresentations in her emails to the banks demonstrate Ms. Chaitman's pattern of conduct to deliberately impede discovery and to usurp the Court's authority.

---

[2] The Trustee is filing a separate letter in *Saren-Lawrence* requesting further relief specific to that case in light of developments that have occurred since the January 27, 2016 chambers conference, including an order compelling the production of subpoenaed bank records that still have not been produced on account of Ms. Chaitman's improper obstruction of that subpoena.

[3] Ms. Chaitman's supplemental declarations submitted on February 9, 2016 (*see Alpern,* Dkt. No. 90 and *Saren-Lawrence*, Dkt. No. 49) continue to mischaracterize the Trustee's conduct. The subpoena referenced in the supplemental declarations has a return date of March 25, 2016—45 days from the date of service, and nearly two weeks after the responses and objections to the Trustee's Requests for Admission are due. *See* Ex. B.

February 9, 2016
Page 3

Accordingly, sanctions are warranted. *See Fox Indus., Inc. v. Gurovich*, 2006 WL 2882580, at *8 (E.D.N.Y. Oct. 6, 2006) ("[T]he Court finds that [defendant's] letters to non-parties directing them not to respond to the subpoenas are 'clear evidence' of his bad faith and vexatious behavior, evincing a deliberate effort to usurp the authority of the court.").

For all of the above reasons, the Trustee respectfully requests the following: (1) an order confirming the Trustee's right to the subpoenaed bank records in *Alpern*, *Roth*, and *Saren-Lawrence*; (2) an order striking the instant purported motions for sanctions filed in *Alpern* and *Saren-Lawrence*, (3) a finding of contempt against Ms. Chaitman for willfully violating the Court's unambiguous order by willfully and improperly contacting subpoenaed parties to obstruct their compliance; (4) sanctions in the form of costs and fees incurred as a result of having to seek relief for Ms. Chaitman's misconduct described above, and (5) all other relief requested in the Trustee's applications currently pending before the Court, and which the Court deems just and proper.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022