**BakerHostetler**

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

February 9, 2016

Marie L. Carlisle
direct dial: 713.646.1388
mcarlisle@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    Picard v. Helene Saren-Lawrence, Adv. Pro. No. 10-04898 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to update the Court on developments occurring since our January 27, 2016 chambers conference and to request further relief pursuant to Federal Rule of Civil Procedure 37 in light of Defendant's ongoing obstruction of discovery and other misconduct.[1]

During the January 27, 2016 chambers conference, we discussed, *inter alia*, Defendant's improper obstruction of Valley National Bank's compliance with a subpoena served by the Trustee in addition to Defendant's refusal to comply with basic discovery obligations (*see* Dkt. Nos. 41 and 45), the Court advised that the Defendant's discovery responses were deficient and instructed Defendant to provide amended responses within seven days of the conference. The Court further stated that the Defendant could rest on her outright denials of all of the Trustee's requests for admissions regarding the transfers at issue, but in light of discovery obtained from Defendant's accountant confirming those transfers, the Defendant may be liable for costs and fees pursuant to Federal Rule of Civil Procedure 37(c)(2) should she refuse to amend the denials.

---

[1] My colleague, Edward Jacobs, filed a separate letter today regarding Ms. Chaitman's defective and improper Declarations in support of a purported motion to sanction the Trustee filed on February 8 and 9, 2016, which are not only factually false and procedurally defective, but discuss subpoenas that were not even served in this matter. *See* Dkt. No. 48 and 49. The Declarations are based on gross distortions of the record, are vexatious in nature, and appear to be brought merely for purposes of harassment and delay.

February 9, 2016
Page 2

On February 3, 2016, Defendant served amended discovery responses that remain deficient. *See* Ex. A (amended responses to interrogatory requests); Ex. B (amended responses to requests for admissions). Specifically, in her amended responses to requests for admissions, the Defendant appears to admit that certain unspecified records of her own accountant confirm some of the Trustee's allegations as to transfers (leaving it to the Trustee to guess as to which transfers are admitted), yet still <u>denies</u> all of the relevant requests. *See* Ex. B.

Additionally, the Affidavit as to Non-Retention of Madoff Records provided by Defendant is inadequate (*see* Ex. C), as it fails to explain the disposition of documents attached to Claim No. 000950 filed by Defendant on January 26, 2009, including why those documents were not produced by her accountant in response to the Trustee's subpoena. Nor does it provide an explanation as to why Defendant did not instruct her accountant or her financial institutions, including Valley National Bank, to preserve records relevant to this case as instructed by the Trustee's June 27, 2011 preservation letter. To the contrary, Defendant specifically admits that she did not instruct her bank or her accountant to retain records and, thus, did not comply with her obligation to preserve documents in this proceeding. This conduct has allowed relevant documents to be potentially destroyed by Valley National Bank and by her accountant.

Following receipt of the incomplete responses on February 3, it was clear that factual issues remain. Thus, by letter dated February 5, 2016, the Trustee informed Defendant that Valley National Bank must produce all responsive documents in un-redacted form, yet none have yet been produced. *See* Ex. D. The Trustee further requested dates on which Defendant is available for deposition to discuss the issues outlined above, yet Defendant has failed to respond. *See id.*

In light of the foregoing, the Trustee respectfully requests: (1) an order compelling Defendant to withdraw her improper objections to Valley National Bank and end her obstruction of the bank's compliance with the subpoena; (2) an order that Defendant failed to preserve bank records relevant to the Trustee's claims; (3) an order compelling Defendant to appear for deposition within 14 days of entry of the order; (4) sanctions in the form of costs and fees incurred in having to seek relief for Ms. Chaitman's misconduct in interfering with this subpoena and improperly requesting sanctions against the Trustee; and (5) all other relief the Court deems just and proper.

Respectfully submitted,

  */s/ Marie L. Carlisle*
Marie Carlisle

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022