**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>      Debtor. | |
| SUSANNE STONE MARSHALL, ADELE FOX, MARSHA PESHKIN, and RUSSELL OASIS,<br><br>      Plaintiffs,<br><br>  v.<br><br>CAPITAL GROWTH COMPANY; DECISIONS, INC.; FAVORITE FUNDS; JA PRIMARY LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP; JEMW PARTNERSHIP; JF PARTNERSHIP; JFM INVESTMENT COMPANIES; JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER; BARBARA PICOWER, individually, and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower; and IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Defendants. | Adv. Pro. No. 15-01293 (SMB)<br><br>**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE** |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT: THE FOX PLAINTIFFS' MOTION SHOULD BE DENIED .............................3

I. Judicial Notice Is Not Warranted ........................................................................................3

    A. The Doctrine of Judicial Notice Is Inappropriate to Prove Material Facts in Dispute ..................................................................................................................3

    B. Judicial Notice Is Especially Inappropriate Given the Egregious Circumstances Here ...............................................................................................5

II. If the Court Does Not Strike the New Material, a Surreply Is Warranted .........................7

    A. The Trustee Should Be Permitted to Respond .......................................................7

    B. The Trustee Followed the Proper Procedure .........................................................7

    C. The Fox Plaintiffs Were Not Prejudiced by the Trustee's Filing ...........................8

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. S.S. Owners Mut. Prot. and Indemn. Ass'n, Inc. v. Am. Boat Co., LLC*,
   No. 11-CV-6804, 2012 WL 32352 (S.D.N.Y. Jan. 6, 2012) ............................................................ 7

*Cerasani v. Sony Corp.*,
   991 F. Supp. 343 (S.D.N.Y. 1998) ................................................................................................ 4

*DeMasi v. Benefico*,
   567 F. Supp. 2d 449 (S.D.N.Y. 2008) ........................................................................................... 4

*Global Network Commc'ns, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006) ..................................................................................................... 2, 4

*Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*,
   11-cv-3130, 2012 WL 4049955 (S.D.N.Y. Sept. 14, 2012) .......................................................... 8

*Hansen v. Wwebnet, Inc.*,
   No. 1:14-cv-2263, 2015 WL 4605670 (S.D.N.Y. July 31, 2015) ................................................. 4

*J.J.J. Properties, Inc. v. Travelers Indemn. Co.*,
   No. 07-cv-01356, 2008 WL 2735865 (S.D.N.Y. July 7, 2008) .................................................... 8

*Marshall v. Madoff*,
   No. 15-mc-56, 2015 WL 2183939 (S.D.N.Y. May 11, 2015) ...................................................... 6

*Picard v. Marshall*,
   511 B.R. 375 (Bankr. S.D.N.Y. 2014) .......................................................................................... 8

*Pony Pal, LLC v. Claire's Boutiques, Inc.*,
   No. 05-cv-2355, 2006 WL 2827642 (S.D.N.Y. Oct. 2, 2006) ...................................................... 8

*In re Residential Capital, LLC*,
   No. 12-12020, 2014 WL 340027 (Bankr. S.D.N.Y. Jan. 30, 2014) ........................................... 2, 7

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*,
   687 F. Supp. 2d 381 (S.D.N.Y. 2010) .......................................................................................... 7

*Roe v. Johnson*,
   334 F. Supp. 2d 415 (S.D.N.Y. 2004) .......................................................................................... 4

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*,
   496 B.R. 713 (Bankr. S.D.N.Y. 2013) .......................................................................................... 4

*Standard Fire Ins. Co. v. Knowles*,
   133 S. Ct. 1345 (2013) .................................................................................................................. 6

# TABLE OF AUTHORITIES
### continued

**Page(s)**

*Tolliver v. McCants*,
 05-CV-10804, 2009 WL 1473445 (S.D.N.Y. May 26, 2009) ................................................... 2

*Toure v. Cent. Parking Sys. of New York*,
 No. 05-cv-5237, 2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007) ............................................. 7

*United States v. I.B.M.*,
 66 F.R.D. 383 (S.D.N.Y. 1975) ............................................................................................... 7

*XL Specialty Ins. Co. v. Lakian*,
 No. 14-cv-5225, 2015 WL 273660 (S.D.N.Y. Jan. 15, 2015) ................................................. 8

**Rules**

Fed. R. Evid. 201(b) ................................................................................................................ 4, 5

The Trustee[1] respectfully submits this Memorandum of Law pursuant to the Order to Show Cause, issued by this Court on February 1, 2016, to address why his January 28, 2016 surreply letter in the above-captioned matter (ECF No. 33) should not be stricken.

## PRELIMINARY STATEMENT

The Picower Parties paid $7.2 billion in early 2011 to settle the Trustee's claims. Since before that settlement was entered, the Fox Plaintiffs have tried and failed to state an independent claim against Mr. Picower, a BLMIS customer, whom they have not alleged interacted with any other customer or took any particular action other than with respect to his own accounts. The Fox Plaintiffs' efforts to circumvent the Permanent Injunction against claims that are duplicative or derivative of the settled claims have been rejected in this Court, in the United States District Court for the Southern District of New York, in the Court of Appeals for the Second Circuit, in the United States District Court for the Southern District of Florida, in the Court of Appeals for the Eleventh Circuit, in the United States District Court for the District of Delaware, and in the Court of Appeals for the Third Circuit.

Now, the Fox Plaintiffs have engaged in an eleventh hour bit of sensationalism designed to keep their *Fox III* complaint alive and apparently set the stage for a revived bid to obtain Mr. Madoff's deposition. The Fox Plaintiffs submitted with their January 14, 2016 reply a declaration their counsel obtained on November 17, 2015 (the "Madoff Declaration") in an unrelated matter. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. filed Dec. 28, 2015), ECF No. 12319 (the "Blecker Matter").

---

[1] Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Trustee's Memorandum of Law in Opposition to Motion for Declaratory Judgment. (ECF No. 25.)

Having put the Madoff Declaration at issue on reply, the Fox Plaintiffs now seek to deny the Trustee a surreply. They argue that: (1) the Trustee should not be permitted a surreply because the Court can simply take judicial notice of the Madoff Declaration; and (2) procedurally, the Trustee should not have addressed the merits of his surreply at the same time he sought permission to file one, and a surreply needs to be made by motion and not by letter.

As to judicial notice, a court cannot take judicial notice of the contents of a filing in one case for purposes of proving facts in another case. *See, e.g.*, *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). In addition, the request for judicial notice is all the less appropriate here given the egregious facts, as counsel appears to have used one client's case—Mr. Blecker's—to advance the case of another, the Fox Plaintiffs. The Madoff Declaration, which concerns withdrawals of purported profits from BLMIS, includes a gratuitous reference to Mr. Picower that has absolutely nothing to do with the Blecker Matter.

Even assuming, *arguendo*, that the Court could take judicial notice of the Madoff Declaration, that would not entitle the Fox Parties to rob the Trustee of an opportunity to respond to it. Indeed, given their introduction of new "evidence" on reply, the law is clear that the Madoff Declaration should be stricken or the Trustee should be allowed a surreply. *See, e.g.*, *Tolliver v. McCants*, 05-CV-10804, 2009 WL 1473445, at *3 (S.D.N.Y. May 26, 2009) (refusing to consider evidence submitted for first time in reply brief); *In re Residential Capital, LLC*, No. 12-12020, 2014 WL 340027, at *1 (Bankr. S.D.N.Y. Jan. 30, 2014) (granting leave to file a surreply given that debtors' reply raised new evidence).

With respect to the procedural issue, the Trustee responded to the Fox Plaintiffs' belated introduction of the Madoff Declaration with a short letter asking that, to the extent the Court considers the new evidence and argument improperly submitted on reply, it consider the Trustee's letter. That letter contained the procedural and substantive reasons explaining why the

2

Madoff Declaration should be stricken or a surreply should be warranted. Because the Trustee views the Madoff Declaration as an improper sideshow that is irrelevant to the question of whether *Fox III* states an independent claim, the Trustee did not request to delay oral argument. He did offer in that letter to engage in formal briefing within the timeframe of the scheduled hearing, should the Court so desire.

Asking the Court to elevate form over substance, the Fox Plaintiffs condemn the Trustee for having requested relief through a letter. The Fox Plaintiffs assert that the Trustee's response was "inexcusable," ignoring their own conduct in obtaining the Madoff Declaration in another action and introducing it here for the first time on reply. There was nothing improper about the letter, and attempting to distract the Court from the real issue here—whether *Fox III* states an independent claim—will not help the Fox Plaintiffs' case.

The Court should not countenance the Fox Plaintiffs' gamesmanship. Their motion, brought by way of an order to show cause, should be denied and the Trustee's surreply letter should be considered by the Court.

## ARGUMENT

## THE FOX PLAINTIFFS' MOTION SHOULD BE DENIED

**I.    Judicial Notice Is Not Warranted**

    **A.    The Doctrine of Judicial Notice Is Inappropriate to Prove Material Facts in Dispute**

The Fox Plaintiffs contend that the Madoff Declaration is a "sworn statement, which this Court is required to accept at this stage of the proceedings" and that "makes clear that Picower had the ability to influence the actions of Madoff." (Plaintiffs' Reply Memorandum of Law ("Pls. Reply Br.") at 3.) They urge the Court to take judicial notice of it in determining whether the *Fox III* complaint states non-derivative claims. (*Id.* at 5.) But the Fox Plaintiffs' request that this Court take judicial notice of the Madoff Declaration under Fed. R. Evid. 201(b) is improper

3

based on the plain language of that rule: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Pursuant to Rule 201(b), it is settled law that when courts take judicial notice of documents filed in other actions, it is not for the truth of the matter asserted, but instead to establish the fact of such litigation and related filings.[2] *See, e.g.*, *Global Network Commc'ns*, 458 F.3d at 157 (declining to consider extraneous documents to establish material disputed fact). Indeed, courts have recognized that they are not permitted to take judicial notice of the truth of statements in affidavits filed in earlier litigation that may bear upon a disputed material fact in another proceeding. *See, e.g.*, *Hansen v. Wwebnet, Inc.*, No. 1:14-cv-2263, 2015 WL 4605670, at *3 n.1 (S.D.N.Y. July 31, 2015) (court was not permitted on a motion to dismiss to take judicial notice of a material disputed fact); *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 457 n.6 (S.D.N.Y. 2008) (declining to consider on a motion to dismiss affidavit from earlier state court action for truth of the matters asserted).[3]

Even if an individual averring to facts in an affirmation could be a "source[] whose accuracy cannot reasonably be questioned," that source is not Mr. Madoff. In fact, the usefulness of Mr. Madoff's testimony as *disputed* evidence for a factfinder has been rejected by at least one court, given that Mr. Madoff "is a convicted fraudster." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, 496 B.R. 713, 723 (Bankr. S.D.N.Y. 2013); *see* Fed. R. Evid. 201(b).

---

[2] This conclusion is not altered by the fact that the Madoff Declaration was recently featured in an ABC News special about Mr. Madoff. (*See* ABC NEWS SPECIALS, *Bernie Madoff: After the Fall*, http://abc.tv/1Q5vwTV (last visited Feb. 10, 2016) ("ABC After the Fall Special").) *See Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 n.3 (S.D.N.Y. 1998) (taking judicial notice of widespread press coverage of a criminal trial not for truth of matter asserted but to determine defamation action).

[3] *Roe v. Johnson*, 334 F. Supp. 2d 415 (S.D.N.Y. 2004), cited by the Fox Plaintiffs, is not to the contrary. There, the defendants submitted complaints filed by the plaintiffs in prior actions and opinions issued in those actions to establish the fact of those litigations and filings, and not for the truth of the facts stated in them. Similarly, here, the Court may take notice of the fact of the *filing* of the Madoff Declaration, but not its contents.

4

### B. Judicial Notice Is Especially Inappropriate Given the Egregious Circumstances Here

Counsel for the Fox Plaintiffs, Helen Chaitman, is also counsel for Aaron Blecker, a 104-year-old BLMIS customer. In the Blecker Matter, Mr. Blecker is challenging the Trustee's determination that "profit withdrawals" reflected on his customer statement indicate distributions to him from BLMIS. (*See* Notice of Motion for an Order Compelling the Trustee to Allow Aaron Blecker's SIPC Claim, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. filed Dec. 28, 2015), ECF No. 12319.) Ms. Chaitman, as counsel for Mr. Blecker, obtained Mr. Madoff's Declaration on November 17, 2015, and submitted it in the Blecker Matter. (*Id.*)

In his Declaration, Mr. Madoff makes an assertion, unsupported by the books and records of BLMIS, that BLMIS only sent checks to customers who requested withdrawals in writing. In a seven-paragraph declaration, the following *non sequitur* is inexplicably sandwiched between Mr. Madoff's statement that the absence of a written customer withdrawal request in BLMIS's files indicates that the customer would not have received any checks (Madoff Dec. ¶ 3), and his statement that it would be unfair for the Trustee to argue that Mr. Madoff's word is not credible (*id.* ¶ 5): "Post 1990, I was put under enormous financial pressure by Jeffry Picower, who created the fraud I perpetrated and who was, by far, the primary beneficiary of the fraud. In order to raise money, I began to defraud my customers but I never sent checks to customers who did not request withdrawals in writing." (*Id.* ¶ 4.) In the succeeding paragraph, after asserting that the Trustee should take his word for it, Mr. Madoff states that the Trustee and the government have relied on Mr. DiPascali's testimony even though Mr. DiPascali was the person who "after Picower and me, bore most responsibility for the fraud we perpetrated." (*Id.* ¶ 5.)

These references to Mr. Picower have nothing whatsoever to do with the Blecker Matter. It is unclear whether Mr. Blecker knew that his case was being used to advance another of his counsel's cases.[4] What does seem apparent is that counsel knew that she would use the Madoff Declaration on reply in this action, in which the Trustee filed his brief on December 18, 2015. It is difficult to envision a contrary scenario.[5]

On reply, the Fox Plaintiffs seem to indicate that they should be entitled to Mr. Madoff's deposition,[6] as they state: "Plaintiffs have had no chance to question Madoff on whether and how Picower controlled his fraudulent activities . . . ." (Pls. Reply Br. at 6; *see also* Plaintiffs' Memorandum of Law in Support of Motion for Declaratory Judgment at 4.) But not only was it the Fox Plaintiffs' counsel who obtained the Madoff Declaration, Ms. Chaitman has consistently represented that she speaks to Mr. Madoff.[7]

Thus, if there were any evidence of any control person or other liability, counsel for the Fox Plaintiffs would have obtained it by now.

---

[4] It is irrelevant that counsel have brought the *Fox III* action as a proposed class action. As the United States Supreme Court has made abundantly clear, counsel do not represent putative class members unless and until a class is certified. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013).

[5] The Madoff Declaration was also aired on television recently, apparently for its sensationalistic effect. (*See* ABC After the Fall Special.)

[6] The Fox Plaintiffs' efforts to obtain Mr. Madoff's deposition have been denied by Judge John G. Koeltl and other courts. *Marshall v. Madoff*, No. 15-mc-56, 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015) (citing Order Dated January 21, 2015, *Dusek v. JP Morgan Chase & Co.*, No. 14-cv-184 (M.D. Fla.) (ECF No. 69); and Transcript of Civil Case for Motion Conference, *Cent. Laborers Pension Fund v. Dimon*, No. 14-cv-1041 (S.D.N.Y.) (ECF No. 13), at 6.)

[7] *See* Transcript of January 22, 2015 Teleconference, *In re Marshall*, 15-MC-0001 (D. Del.) at 13:23–25 (Fox Plaintiffs' counsel representing to Delaware District Court that he has interviewed Madoff); *see also* Helen Davis Chaitman & Lance Gotthoffer, JPMADOFF: THE UNHOLY ALLIANCE BETWEEN AMERICA'S BIGGEST BANK AND AMERICA'S BIGGEST CROOK, *http://jpmadoff.com* (last visited Dec. 18, 2015), chapter 2 (stating Fox Plaintiffs' counsel has had "numerous" telephone conversations with Madoff); ABC NEWS, *The Madoff Victim Who Talks to Bernie in Jail*, (Feb. 1, 2016), http://bit.ly/ChaitmanBLM (last visited Feb. 10, 2016) (stating Fox Plaintiffs' counsel has had phone calls with Madoff over the last six years).

6

**II.     If the Court Does Not Strike the New Material, a Surreply Is Warranted**

    **A.     The Trustee Should Be Permitted to Respond**

In light of the Fox Plaintiffs' introduction of new "evidence" and arguments thereon, the Trustee should be given the opportunity to respond if the Court does not strike the Madoff Declaration and related arguments. *See, e.g.*, *Am. S.S. Owners Mut. Prot. and Indemn. Ass'n, Inc. v. Am. Boat Co., LLC*, No. 11-CV-6804, 2012 WL 32352, at *1 (S.D.N.Y. Jan. 6, 2012) (granting leave to file a surreply given that reply brief put forth new arguments); *Residential Capital,* 2014 WL 340027, at *1 (granting leave to file a surreply given that debtors' reply raised new evidence); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (granting application to consider surreply to respond to affidavit attached to reply); *Toure v. Cent. Parking Sys. of New York*, No. 05-cv-5237, 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007) (accepting surreply filed to respond to declarations and other evidence submitted on reply).

    **B.     The Trustee Followed the Proper Procedure**

As to the procedural aspect of the Trustee's submission, the Fox Plaintiffs cite *United States v. I.B.M.*, 66 F.R.D. 383 (S.D.N.Y. 1975), a case in which the proper procedure was described as a letter to the court "identifying the new issue to which it seeks to reply, and specifying the basis for its belief that that issue is a material one" prior to submitting reply papers. *Id.* at 384–85. Here, the Trustee submitted a letter to the court identifying a new issue and new "evidence" to which he had not had the opportunity to reply, and he specified the basis for his belief that the new information is *not* material despite being characterized that way by the Fox Plaintiffs. He then requested that the Court either ignore the new issue, consider the letter along with the new issue, or grant permission to file a formal surreply to the extent the Court

7

believed it was warranted. In essence, the Trustee's letter was an explanation as to why the new material was irrelevant to the question of whether the Fox Plaintiffs stated an independent claim.

To the extent that there was additional argument beyond that, numerous courts have approved a request for a surreply that was accompanied by the surreply itself.[8] *See, e.g., Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 11-cv-3130, 2012 WL 4049955, at \*6 (S.D.N.Y. Sept. 14, 2012) (granting motion for leave to file surreply that was attached as exhibit to motion when reply brief raised new material issues); *Pony Pal, LLC v. Claire's Boutiques, Inc.*, No. 05-cv-2355, 2006 WL 2827642, at \*1 n.1 (S.D.N.Y. Oct. 2, 2006) (granting motion for leave to file surreply that was attached to motion); *XL Specialty Ins. Co. v. Lakian*, No. 14-cv-5225, 2015 WL 273660, at \*1 n.1 (S.D.N.Y. Jan. 15, 2015) (granting motion for leave to file surreply that was attached to motion given the court's interest in considering all meritorious arguments), *rev'd and remanded on other grounds*, No. 15-495, 2015 WL 8124033 (2d Cir. Dec. 8, 2015). Thus, this Court has discretion to accept the Trustee's letter as a surreply brief.

### C. The Fox Plaintiffs Were Not Prejudiced by the Trustee's Filing

Finally, it is difficult to see how there could be prejudice to the Fox Plaintiffs by virtue of the Trustee's surreply. *See J.J.J. Properties, Inc. v. Travelers Indemn. Co.*, No. 07-cv-01356, 2008 WL 2735865, at \*4 n.1 (S.D.N.Y. July 7, 2008) (finding that considering surreply will not prejudice plaintiff where reply contained new evidence not yet presented to court). Even if the Madoff Declaration and arguments related to it were stricken, there would be no prejudice to the Fox Plaintiffs, as *Fox III* is not based on that Declaration. Indeed, the only prejudice here would

---

[8] This procedure is also consistent with Your Honor's individual rule regarding scheduling pursuant to Southern District of New York Bankruptcy Court Local Rule 5070–1. Your Honor's rule requires parties to contact the Court for a hearing date prior to filing a "request for relief requiring a hearing." The request and the letter were submitted by a direct litigant in the context of briefing for a matter already scheduled for hearing. The Trustee was not seeking a separate hearing on his request to file a surreply, which is a briefing matter that can be resolved on the papers. Thus, the Trustee believes that his filing of the letter was wholly in line with Your Honor's individual rules and Local Rule 5070-1. These facts also differentiate the Trustee's surreply letter from the Fox Plaintiffs' letter motion for discovery, where the Court had already held that the Fox Plaintiffs had no procedural or substantive right to discovery. *See Picard v. Marshall*, 511 B.R. 375 (Bankr. S.D.N.Y. 2014).

be to the Trustee and the Picower Parties, were they precluded from responding to the Fox Plaintiffs' improper filing on reply.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Plaintiffs' motion to strike by way of order to show cause be denied, and the Trustee's letter be permitted to serve as his surreply should the Court permit the Fox Plaintiffs to rely on the Madoff Declaration.

Dated: February 10, 2016
New York, New York

Respectfully submitted,

By: */s/ David J. Sheehan*
David J. Sheehan
dsheehan@bakerlaw.com
Deborah H. Renner
drenner@bakerlaw.com
Tracy L. Cole
tcole@bakerlaw.com
Keith R. Murphy
kmurphy@bakerlaw.com
Amy E. Vanderwal
avanderwal@bakerlaw.com
Ferve E. Ozturk
fozturk@bakerlaw.com
Samuel M. Light
slight@bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

9