# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

February 17, 2016

**BY ECF and E-mail**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      **Re:**    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* **Adv. Pro. No. 08-01789-SMB**
              **February 24, 2016: Motion of Aaron Blecker**

Dear Judge Bernstein:

      In connection with the motion of Aaron Blecker to compel the Trustee to pay his SIPC claim, I wanted to point out to the Court that Mr. Blecker's original declaration seeking payment of his SIPC claim is on the Court Docket 08-01789 at ECF 6761 and enclosed for Your Honor's convenience.

      Yours respectfully,

      */s/ Helen Davis Chaitman*

      Helen Davis Chaitman

HDC:leb
Encls.

cc:    David Sheehan, Esq. (*by ECF E-mail: dsheehan@bakerlaw.com*)
       Kevin Bell, Esq. (*by ECF and E-mail: kbell@sipc.org*)

{00018417 1 }

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | DECLARATION IN OPPOSITION TO THE TRUSTEE'S MOTION TO AFFIRM APPLICATION OF THE NET INVESTMENT METHOD TO THE DETERMINATION OF CUSTOMER TRANSFERS BETWEEN BLMIS ACCOUNTS |

I, AARON BLECKER, declare pursuant to 28 U.S.C. § 1746, that the following is true based upon personal knowledge and documents I possess:

1.      I was born on July 27, 1910 and will be 103 on July 27, 2014, by which time I hope that this Court will recognize the validity of my claim against Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2.      I opened an account with Bernard L. Madoff in 1986, Account No. No. 1B0022, in 1986 with a $50,000 deposit. Thereafter, I deposited another $50,000 in 1986 and in 1992 I deposited $100,000. At some point, the account number for this account was changed by BLMIS to 1B0156-3-0.

3.     In 1997, another account was opened in the name of Arthur and
Sofie Blecker, No. 1B0157-3-0, but in 2007 the account in my name and my joint
account with my wife were consolidated into the Aaron Blecker Revocable Trust,
No. 1B0156-3-0.  I continued my account when Madoff formed Bernard L.
Madoff Investment Securities LLC ("BLMIS") on December 4, 2000

4.     No funds were ever withdrawn by me or by my wife from BLMIS
and the value of my account as of November 30, 2008 was $2,625,435.95.  Of
course, in each year that we had these BLMIS accounts, we paid taxes on the
declared profits at short-term capital gains rates.  Thus, in rough numbers, the
appreciation in the BLMIS accounts was $2,425,435.95 and, at a 40% tax rate, we
paid the Internal Revenue Service ("IRS") $970,174.40.

5.     The only refund I was able to obtain from the IRS was for
$$235,276.37 representing the taxes I had paid on my alleged profits in the last
five years I had the BLMIS account.

6.     I filed a SIPC claim for $2,625,435.95, my last statement balance.
See Exhibit A.

7.     By letter dated October 19, 2009, the Trustee denied my Claim No.
003907 on the theory that I had deposited $200,000 and withdrawn
$261,633.94.   A copy of the Trustee's October 19, 2009 Determination Letter is
annexed hereto as Exhibit B.

8.     The alleged withdrawals were reflected on my statements as checks
written to various Fortune 500 companies whose stocks were listed in my
statements.  The amounts were odd amounts such as $4,248.04 on April 7, 1987.
See Exhibit B at 4.  For example, one page of such "withdrawals" is this:

| | | | |
|---|---|---|---|
| 9/13/1984 | CHECK HOUSEHOLD INTL | ($5,654.50) | |
| 10/31/1984 | CHECK KATY INDUSTRIES | ($5,818.54) | |
| 1/8/1985 | CHECK ETHYL | ($11,085.00) | |
| 2/22/1985 | CHECK ATLANTIC RICHFIELD | ($8,839.87) | |
| 4/25/1985 | CHECK AMR CORP | ($10,403.43) | |
| 6/11/1985 | CHECK INTERCO | ($7,371.58) | |
| 8/8/1985 | CHECK ASSOC DRY GOODS | ($11,095.17) | |
| 9/26/1985 | CHECK TEXTRON | ($6,484.27) | |
| 11/12/1985 | CHECK VIACOM | ($8,829.20) | |
| 1/15/1986 | CHECK WOOLWORTH | ($11,096.11) | |
| 3/17/1986 | CHECK WETTERAU | ($10,392.02) | |
| 5/27/1986 | CHECK FMC | ($10,313.75) | |
| 7/14/1986 | CHECK GTE CORP | ($7,773.88) | |
| 8/21/1986 | CHECK INTERCO | ($6,929.43) | |
| 10/15/1986 | CHECK SUN | ($8,842.64) | |
| 11/24/1986 | CHECK TRW | ($7,805.00) | |
| 2/5/1987 | CHECK HOLIDAY CORP | ($11,090.00) | |
| 4/7/1987 | CHECK ANHEUSER BUSCH | ($11,786.82) | |
| 6/10/1987 | CHECK TRANSCO CO | ($10,393.61) | |
| 8/21/1987 | CHECK AGS COMPUTERS | ($11,037.61) | |
| 10/26/1987 | CHECK GROLIER | ($11,717.22) | |
| 1/26/1988 | CHECK | ($10,396.92) | |
| 3/24/1988 | CHECK ADVANCED SYSTEMS | ($11,087.09) | |
| 5/25/1988 | CHECK INTERCO | ($11,778.76) | |
| 8/8/1988 | CHECK AMFAC | ($10,400.46) | |
| 10/12/1988 | CHECK COMPAQ COMPUTERS | ($11,048.11) | |
| 12/5/1988 | CHECK PNC FINL | ($8,832.87) | |
| 2/3/1989 | CHECK GENERAL CINEMA | ($10,400.48) | |
| 4/11/1989 | CHECK | ($11,090.99) | |
| 6/20/1989 | CHECK DURR FILLAUER MED | ($11,739.06) | |
| 8/15/1989 | CHECK INLAND | ($10,398.73) | |
| 10/20/1989 | CHECK AMERICAN MAIZE | ($11,062.73) | |
| 12/11/1989 | CHECK COLUMBIA PICTURES | ($8,840.00) | |
| 2/16/1990 | CHECK WESTINGHOUSE | ($10,347.18) | |
| 4/20/1990 | CHECK SEAGULL | ($11,089.81) | |
| 6/25/1990 | CHECK SUN MICROSYSTEMS | ($11,759.92) | |
| 8/28/1990 | CHECK IMMUNEX | ($10,393.02) | |
| 11/5/1990 | CHECK AMERICAN FILM | ($11,094.75) | |
| 12/27/1990 | CHECK PFIZER | ($11,960.08) | |
| 3/7/1991 | CHECK MEDCO | ($14,130.22) | |
| 5/13/1991 | CHECK XOMA | ($13,172.52) | |
| 7/11/1991 | CHECK HEALTH SOUTH | ($12,364.06) | |

9.    Anyone looking at this list of "withdrawals" would recognize that these were not payments to me as the account holder. I swear that none of the alleged withdrawals was received by me or my wife.

10.    Of course, these checks appeared on my BLMIS statements and I understood that the checks written to numerous Fortune 500 companies represented the purchase of securities in my account because, in fact, my statements showed that I owned the securities of these various companies.

11.    I challenged the Trustee's conclusion that these checks represented distributions to me. See Exhibit C hereto.

12.    On November 11, 2010, the Trustee sent me another Determination Letter claiming, this time, that my total deposits were $377,350.33 and my total withdrawals were $843,877.06. See Exhibit D hereto.

13.    I did not keep bank records going back 20 years; nor did my banks. I therefore demanded that the Trustee produce to me the original cancelled checks evidencing these alleged withdrawals because I am certain that I can establish from the backs of these checks that the funds were never received by me. The Trustee has refused to provide these documents to me and has taken the position that it is my burden to prove that the funds were not received by me, even though the payees on these checks are Fortune 500 companies and not a single check was made payable to me or to my wife.

14.    As I understand the law, the Trustee is a fiduciary of BLMIS customers like myself. I cannot understand how a fiduciary can withhold from me the original BLMIS cancelled checks to these various corporations which will

show, indisputably, that I never received the payments made to the various corporations shown as payees.

15.     If the Trustee does not have the cancelled checks, then surely he has absolutely no basis in law or in fact to claim that these checks, made payable to Fortune 500 companies, were withdrawals by me.

16.     The Trustee has caused me a great injustice and I ask this Court to rectify it.

17.     I declare under penalty of perjury that the aforesaid facts are true and correct.


_____

Aaron Blecker

# EXHIBIT A

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _516- 466 0095_

HOME: _____

Account Number:   1B0022
AARON BLECKER
50 GRIST MILL LANE
GREAT NECK, NY 11023

Taxpayer I.D. Number (Social Security No.)

_____

(If incorrect, please change)

NOTE:   BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

*************************************************************************

1.     Claim for money balances as of December 11, 2008 :
    a.     The Broker owes me a Credit (Cr.) Balance of          $_____
    b.     I owe the Broker a Debit (Dr.) Balance of              $_____

502180406                                    1

c.    If you wish to repay the Debit Balance,
      please insert the amount you wish to repay and
      attach a check payable to "Irving H. Picard, Esq.,
      Trustee for Bernard L. Madoff Investment Securities LLC."
      If you wish to make a payment, **it must be enclosed**
      with this claim form.                                    $ _____

d.    If balance is zero, insert "None."                       _N͟O͟N͟E͟_

2.    Claim for securities as of December 11, 2008:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _Yes_ | |
| b. | I owe the Broker securities | | _No_ |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | _See Statement attached_ | | |
| | _5/31/07 · See Letter 753, 107.40_ | | |
| | _I never withdrew_ | | |
| | _any funds_ | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406                              2

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | No |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | No |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | No |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | No |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | No |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | No |

9.  Have you or any member of your family
    ever filed a claim under the Securities
    Investor Protection Act of 1970? if
    so, give name of that broker.     _____   *No*

Please list the full name and address of anyone assisting you in the
preparation of this claim form: *My Son Robert Bleckar*
*15 Bayberry Ridge, Roslyn N. 11576*

If you cannot compute the amount of your claim, you may file an estimated claim. In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _*Feby 2nd, 2009*_  Signature _*Aaron Bleckar*_

Date _____  Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet. If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AARON BLECKER
REV TRUST U/A/D 3/15/07
50 GRIST MILL LANE
GREAT NECK  NY  11023

11/30/08          1

1-80156-3-0      ******8745

| BOUGHT (RECEIVED IN/OUT) | SOLD (DELIVERED OUT/IN) | SYM | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | 153,467.64 | |
| 1,430 | | 2109 | WAL-MART STORES INC | 55.820 | 79,843.90 | |
| 935 | | 2612 | INTERNATIONAL BUSINESS MACHS | 87.270 | 81,634.45 | |
| 3,465 | | 6435 | EXXON MOBIL CORP | 72.880 | 252,667.20 | |
| 3,795 | | 6937 | INTEL CORP | 14.510 | 55,216.45 | |
| 1,815 | | 11263 | JOHNSON & JOHNSON | 59.540 | 108,209.70 | |
| 2,475 | | 15589 | J P MORGAN CHASE & CO | 38.530 | 95,460.75 | |
| 1,320 | | 19914 | COCA COLA CO | 44.660 | 59,003.20 | |
| 770 | | 24340 | MCDONALDS CORP | 55.370 | 42,664.90 | |
| 1,430 | | 28566 | MERCK & CO | 28.450 | 40,783.50 | |
| 5,225 | | 32892 | MICROSOFT CORP | 21.810 | 114,166.25 | |
| 2,640 | | 37218 | ORACLE CORPORATION | 17.300 | 45,777.00 | |
| 1,045 | | 50166 | PEPSICO INC | 56.410 | 58,989.45 | |
| 605 | | 50694 | APPLE INC | 100.280 | 60,995.90 | |
| 4,455 | | 54522 | PFIZER INC | 16.940 | 75,655.70 | |
| 1,045 | | 55024 | ABBOTT LABORATORIES | 54.610 | 57,108.45 | |
| 1,980 | | 58848 | PROCTER & GAMBLE CO | 64.080 | 126,957.40 | |
| 715 | | 59350 | AMGEN INC | 59.150 | 42,323.20 | |
| 1,375 | | 63174 | PHILLIP MORRIS INTERNATIONAL | 43.600 | 60,005.00 | |
| 3,300 | | 63676 | BANK OF AMERICA | 21.590 | 71,379.00 | |
| 1,100 | | 67500 | QUALCOMM INC | 33.770 | 37,191.00 | |
| 1,375 | | 68002 | CITIGROUP INC | 32.630 | 44,889.25 | |
| 625 | | 71826 | SCHLUMBERGER LTD | 49.480 | 40,854.00 | |
| 1,980 | | 72328 | COMCAST CORP | 16.510 | 32,768.80 | |
| | | | CL A | | | |
| | | | CONTINUED ON PAGE  2 | | | |

RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

08-01789-smb  Doc 12676-1  Filed 02/05/16  Entered 02/05/16 15:23:40  Exhibit A
Pg 13 of 38

| | | BERNARD L. MADOFF INVESTMENT SECURITIES LLC New York □ London | 885 Third Avenue New York, NY 10022 (212) 230-2424 800 334-1343 Fax (212) 838-4061 | Affiliated with Madoff Securities International Limited 12 Berkeley Street Mayfair, London W1J 8DT Tel 020 7493 6222 |

AARON BLECKER
REV. TRUST U/A/D 3/15/07

50 GRIST MILL LANE
GREAT NECK          NY  11023

11/30/08          2

1-B0156-3-0          ******8745

| BOUGHT RECEIVED IN | SOLD DELIVERED OR OUT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 3,905 | | 76152 | AT&T INC | 27 | 105,591.00 | |
| 990 | | 76654 | CONOCOPHILLIPS | 52,510 | 52,023.90 | |
| 660 | | 80478 | UNITED PARCEL SVC INC CLASS B | 52,040 | 34,372.40 | |
| 4,015 | | 80980 | CISCO SYSTEMS INC | 16,730 | 67,330.95 | |
| 1,155 | | 84806 | U S BANCORP | 29,530 | 34,153.15 | |
| 375 | | 85302 | CHEVRON CORP | 272,395 | 101,021.25 | |
| 660 | | 89130 | UNITED TECHNOLOGIES CORP | 53,160 | 35,111.60 | |
| 6,985 | | 89632 | GENERAL ELECTRIC CO | 19,630 | 137,394.55 | |
| 1,870 | | 93456 | VERIZON COMMUNICATIONS | 30,410 | 56,940.70 | |
| 165 | | 94956 | GOOGLE | 331,500 | 55,677.00 | |
| 2,310 | | 97102 | WELLS FARGO & CO NEW | 29,800 | 68,930.00 | |
| 1,650 | | 98284 | HEWLETT PACKARD CO | 34,900 | 57,651.00 | |
| | 2,475,000 | 20395 | U S TREASURY BILL DUE 2/12/2009 | 99,936 | | 2,473,416.00 |
| | | | 2/12/2009 | | | |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/28/08 | DIV | | 78.19 |
| | 65,835 | 15493 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 65,835.00 |
| 37,356 | | 26862 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 37,356.00 | |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 4.59 |
| | | | CONTINUED ON PAGE    5 | | | |

RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AARON BLECKER
REV TRUST U/A/D 3/15/07

50 GRIST MILL LANE
GREAT NECK          NY   11023

11/30/08          3.

1-80156-3-0          *******8745

| BOUGHT (RECEIVED OR LONG) | SOLD (DELIVERED OR SHORT) | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | 37,356 | 50102 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | | 37,356.00 |
| 200,000 | | 54149 | U.S. TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 199,852.00 | |
| 2,288 | | 59143 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 2,288.00 | |
| | | | NEW BALANCE | | 307,137.01 | |
| | | | SECURITY POSITIONS | MKT. BRIEF | | |
| 3,905 | | | AT&T INC | 28.560 | | |
| 1,045 | | | ABBOTT LABORATORIES | 52.390 | | |
| 715 | | | AMGEN INC | 55.540 | | |
| 605 | | | APPLE INC | 92.670 | | |
| 3,300 | | | BANK OF AMERICA | 16.250 | | |
| 1,375 | | | CHEVRON CORP | 79.010 | | |
| 4,015 | | | CISCO SYSTEMS INC | 16.540 | | |
| 3,275 | | | CITIGROUP INC | 8.290 | | |
| 1,520 | | | COCA COLA CO | 46.970 | | |
| 1,980 | | | COMCAST CORP CL A | 17.340 | | |
| 990 | | | CONOCOPHILLIPS | 52.580 | | |
| 3,465 | | | EXXON MOBIL CORP | 80.250 | | |
| 6,985 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | CONTINUED ON PAGE    4 | | | |

RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AARON BLECKER
REV TRUST U/A/D 3/15/07

50 GRIST MILL LANE
GREAT NECK          NY   11023

11/30/08          4

1-80156-3-0          *******8745

| BOUGHT (INCL. DIVIDEND REC'D) | SOLD (INCL. DIVIDEND PAID) | TAX | DESCRIPTION | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|
| 165 | | | GOOGLE | 292,960 | |
| 1,650 | | | HEWLETT PACKARD CO | 35,280 | |
| 3,455 | | | INTEL CORP | 51,800 | |
| 435 | | | INTERNATIONAL BUSINESS MACHS | 81,600 | |
| 2,475 | | | J.P. MORGAN CHASE & CO | 31,660 | |
| 1,815 | | | JOHNSON & JOHNSON | 58,580 | |
| 170 | | | MCDONALDS CORP | 26,450 | |
| 1,430 | | | MERCK & CO | 20,720 | |
| 5,225 | | | MICROSOFT CORP | 20,220 | |
| 2,640 | | | ORACLE CORPORATION | 16,090 | |
| 1,045 | | | PEPSICO INC | 24,700 | |
| 1,455 | | | PFIZER INC | 10,450 | |
| 1,375 | | | PHILLIP MORRIS INTERNATIONAL | 42,160 | |
| 1,980 | | | PROCTER & GAMBLE CO | 64,350 | |
| 1,100 | | | QUALCOMM INC | 33,570 | |
| 825 | | | SCHLUMBERGER LTD | 50,740 | |
| 2,288 | | | FIDELITY SPARTAN | 1 | |
| | | | U S TREASURY MONEY MARKET | | |
| 155 | | | USBANCORP | 26,980 | |
| 660 | | | UNITED PARCEL SVC INC | 51,600 | |
| | | | CLASS B | | |
| 200,000 | | | U S TREASURY BILL | 99,971 | |
| | | | DUE 09/26/2009 | | |
| | | | 9/26/2009 | | |
| 660 | | | UNITED TECHNOLOGIES CORP | 48,530 | |
| | | | | | |
| | | | CONTINUED ON PAGE   5 | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

AARON BLECKER
REV TRUST U/A/D 3/15/07
50 GRIST MILL LANE
GREAT NECK          NY  11023

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| 11/30/08 | 5 |

| 1-B0156-3-0 | *******8745 |

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRAN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 1,870 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| 1,430 | | | WAL-MART STORES INC | 55.880 | | |
| 2,310 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG                    SHORT | | | |
| | | | 2,625,435.05 | | | |

RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

| MADF | **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London | 885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061 | Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222 |

AARON BLECKER
REV TRUST U/A/D 3/15/07
50 GRIST MILL LANE
GREAT NECK          NY  11023

| 11/30/08 | 6 |

| 1-B0156-3-0 | *******8745 |

| BOUGHT | SOLD | TBX | | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | **YEAR-TO-DATE SUMMARY** | | | |
| | | | DIVIDENDS | | | 17,307.09 |
| | | | GROSS PROCEEDS FROM SALES | | | 14,498,890.87 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# EXHIBIT B

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Aaron Blecker
50 Grist Mill Lane
Great Neck, New York 11023

Dear Mr. Blecker:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1B0022 designated as Claim Number 003907:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $261,633.94), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $200,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($61,633.94) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

2

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York  10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 9/22/1986 | CHECK | $50,000.00 | $50,000.00 |
| 9/24/1986 | CHECK | $50,000.00 | $50,000.00 |
| 12/16/1992 | CHECK | $100,000.00 | $100,000.00 |
| **Total Deposits:** | | $200,000.00 | $200,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 11/24/1986 | CHECK TRW | ($2,806.51) | ($2,806.51) |
| 2/5/1987 | CHECK HOLIDAY CORP | ($4,002.50) | ($4,002.50) |
| 4/7/1987 | CHECK ANHEUSER BUSCH | ($4,248.04) | ($4,248.04) |
| 6/10/1987 | CHECK TRANSCO CO | ($3,744.78) | ($3,744.78) |
| 8/21/1987 | CHECK AGS COMPUTERS | ($3,976.71) | ($3,976.71) |
| 10/26/1987 | CHECK GROLIER | ($4,197.55) | ($4,197.55) |
| 1/26/1988 | CHECK BRISTOL MYERS | ($3,737.56) | ($3,737.56) |
| 3/30/1988 | CHECK ADVANCED SYSTEMS | ($3,998.88) | ($3,998.88) |
| 5/25/1988 | CHECK INTERCO | ($4,244.88) | ($4,244.88) |
| 8/8/1988 | CHECK AMFAC | ($3,751.97) | ($3,751.97) |
| 10/12/1988 | CHECK COMPAQ COMPUTERS | ($3,967.83) | ($3,967.83) |
| 12/5/1988 | CHECK PNC FINL | ($3,166.93) | ($3,166.93) |
| 2/3/1989 | CHECK GENERAL CINEMA | ($3,686.89) | ($3,686.89) |
| 4/11/1989 | CHECK PHELPS | ($3,993.35) | ($3,993.35) |
| 6/20/1989 | CHECK DURR FILLAUER MED | ($4,205.41) | ($4,205.41) |
| 8/18/1989 | CHECK INLAND | ($3,753.39) | ($3,753.39) |
| 10/20/1989 | CHECK AMERICAN MAIZE | ($3,990.11) | ($3,990.11) |
| 12/13/1989 | CHECK FOR ?? | ($5,187.29) | ($5,187.29) |
| 2/16/1990 | CHECK WESTINGHOUSE | ($3,682.26) | ($3,682.26) |
| 4/20/1990 | CHECK SEAGULL | ($4,001.00) | ($4,001.00) |
| 6/25/1990 | CHECK SUN MICROSYSTEMS | ($4,228.00) | ($4,228.00) |
| 8/28/1990 | CHECK IMMUNEX | ($3,728.16) | ($3,728.16) |
| 11/5/1990 | CHECK AMERICAN FILM | ($4,003.50) | ($4,003.50) |
| 12/27/1990 | CHECK PFIZER | ($3,168.16) | ($3,168.16) |
| 3/7/1991 | CHECK MEDCO | ($3,742.71) | ($3,742.71) |
| 5/13/1991 | CHECK XOMA | ($3,495.60) | ($3,495.60) |
| 7/11/1991 | CHECK HEALTH SOUTH | ($3,230.02) | ($3,230.02) |
| 7/17/1991 | CXL CHECK 07/11/91 | $3,230.02 | $3,230.02 |
| 7/17/1991 | CHECK HEALTH SOUTH | ($3,230.02) | ($3,230.02) |
| 7/22/1991 | CHECK LIBERTY NATL | ($360.82) | ($360.82) |
| 9/5/1991 | CHECK THERMO | ($2,992.58) | ($2,992.58) |
| 11/13/1991 | CHECK CHAMBERS | ($3,474.14) | ($3,474.14) |

| | | | |
|---|---|---|---|
| 12/27/1991 | CHECK PHL CORP | ($2,451.50) | ($2,451.50) |
| 3/5/1992 | CHECK LIEBERT | ($3,969.02) | ($3,969.02) |
| 4/28/1992 | CHECK FLEET NORSTAR | ($2,606.03) | ($2,606.03) |
| 6/16/1992 | CHECK PEP BOYS | ($2,627.74) | ($2,627.74) |
| 8/21/1992 | CHECK HOME DEPOT | ($3,929.33) | ($3,929.33) |
| 10/6/1992 | CHECK TIME WARNER | ($2,629.25) | ($2,629.25) |
| 11/12/1992 | CHECK AL LABS | ($1,097.03) | ($1,097.03) |
| 1/6/1993 | CHECK STATE STREET | ($2,678.07) | ($2,678.07) |
| 2/18/1993 | CHECK AMERICAN BRANDS | ($4,378.59) | ($4,378.59) |
| 3/17/1993 | CHECK MBNA | ($3,753.00) | ($3,753.00) |
| 5/20/1993 | CHECK DSC COMM | ($7,999.38) | ($7,999.38) |
| 6/28/1993 | CHECK SOUTHWESTERN BELL | ($3,511.00) | ($3,511.00) |
| 8/23/1993 | CHECK ANADARKO | ($6,554.68) | ($6,554.68) |
| 9/28/1993 | CHECK ENRON | ($3,251.37) | ($3,251.37) |
| 11/4/1993 | CHECK SNAPPLE | ($3,505.00) | ($3,505.00) |
| 12/14/1993 | CHECK HUFFY | ($5,634.06) | ($5,634.06) |
| 2/8/1994 | CHECK AMERITECH | ($2,504.50) | ($2,504.50) |
| 4/15/1994 | CHECK COMCAST | ($7,019.53) | ($7,019.53) |
| 5/19/1994 | CHECK AUTOZONE | ($1,250.12) | ($1,250.12) |
| 6/22/1994 | CHECK GEN ELECTRIC | ($2,256.12) | ($2,256.12) |
| 8/11/1994 | CHECK GEN MOTORS | ($4,904.17) | ($4,904.17) |
| 9/19/1994 | CHECK CATERPILLAR | ($2,012.50) | ($2,012.50) |
| 11/14/1994 | CHECK HUDSON FOODS | ($4,134.50) | ($4,134.50) |
| 12/14/1994 | CHECK AUTO DESK | ($2,264.00) | ($2,264.00) |
| 2/7/1995 | CHECK PACIFIC | ($2,517.75) | ($2,517.75) |
| 3/14/1995 | CHECK ALUMINUM | ($2,784.00) | ($2,784.00) |
| 5/15/1995 | CHECK HOME DEPOT | ($7,062.51) | ($7,062.51) |
| 6/16/1995 | CHECK MICRON | ($1,265.00) | ($1,265.00) |
| 7/27/1995 | CHECK KULICKE & SOFFA | ($5,678.84) | ($5,678.84) |
| 9/13/1995 | CHECK TEXAS INSTRUMENT | ($1,768.75) | ($1,768.75) |
| 10/18/1995 | CHECK SAFEGUARD | ($2,280.63) | ($2,280.63) |
| 11/15/1995 | CHECK APPLIED MATERIALS | ($2,535.00) | ($2,535.00) |
| 1/4/1996 | CHECK DEERE & CO | ($1,018.62) | ($1,018.62) |
| 2/14/1996 | CHECK FED NAT'L MORTGAGE | ($2,794.50) | ($2,794.50) |
| 4/4/1996 | CHECK GEN MOTORS CORP | ($4,585.67) | ($4,585.67) |
| 5/23/1996 | CHECK CENTOCOR | ($3,808.16) | ($3,808.16) |
| 6/26/1996 | CHECK COCA COLA | ($3,822.75) | ($3,822.75) |
| 7/30/1996 | CHECK CHRYSLER CORP | ($1,788.00) | ($1,788.00) |
| 9/5/1996 | CHECK SAFEGUARD | ($3,838.25) | ($3,838.25) |
| 10/7/1996 | CHECK HERSHEY FOODS | ($257.87) | ($257.87) |
| 10/16/1996 | CHECK JONES APPAREL | ($2,293.75) | ($2,293.75) |
| 11/12/1996 | CHECK NEWBRIDGE NETWORKS | ($2,818.62) | ($2,818.62) |
| 12/17/1996 | CHECK FIRST USA | ($2,301.25) | ($2,301.25) |
| 2/19/1997 | CHECK DEAN WITTER | ($4,092.50) | ($4,092.50) |
| 3/26/1997 | CHECK NATIONS BANK | ($2,310.50) | ($2,310.50) |
| 4/24/1997 | TRANS TO 1B015630 | ($206,528.75) | $0.00 |
| 4/29/1997 | CHECK PHILIP MORRIS | ($2,323.00) | ($2,323.00) |

5

| | | | |
|---|---|---|---|
| **Total Withdrawals:** | | ($468,162.69) | ($261,633.94) |
| **Total deposits less withdrawals:** | | ($268,162.69) | ($61,633.94) |

6

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON BLECKER | **AFFIDAVIT OF** AARON BLECKER |
| Plaintiff, | |
| -against- | Bankruptcy Case No. 08-1789 Claim #003907 |
| IRVING H. PICARD, TRUSTEE FOR LIQUIDATION OF THE BUSINESS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC | **Hon. Burton R. Lifland** |
| Defendants. | |

STATE OF NEW YORK      )
                                              : ss.:
COUNTY OF NASSAU    )

AARON BLECKER, being duly sworn deposes and says:

    1.    On February 23, 2009 I submitted my claim to Irving H. Picard, Esq. for reimbursement for my losses in Bernard Madoff Investment Securities (BMIS). In the letter accompanying my claim form, (See Attachment A) I explained that I had established two accounts – one in my name, Aaron Blecker, and subsequently a second account jointly with my wife, Arthur and Sofie (sic) Blecker, investing hundreds of thousands of dollars in each. I also explained that in 2007 I was forced by Madoff to merge those accounts into one. Other than transfers within the system **I have never withdrawn any money from any Madoff account.**

2.   Thus I filed three claims – one for the Aaron Blecker account, one for the
Arthur and Sofie Blecker account, and in case the trustee refused to compensate me for
each account and treated the two as one, contingently I submitted a claim for $500,000
for the one trust account established in 2007 established from the forced merger of the
other two, which had grown to $2.6 million at the time of the discovery of Madoff's
fraud. (See flow chart.)

3. Confident that SIPC would return at least my initial investment as I had never
withdrawn any money, and hopeful that they would pay me quickly as I am 98 years old,
I was surprised and distressed when by letter of  October 19, 2009, Irving H. Picard
denied my claim for the Aaron Blecker account on the ground that not only were no
securities ever purchased for my account contrary to Madoff's statements over the years,
but also that I had transferred $206,000 from my account, and also supposedly
additionally withdrawn $261,633.94 – more than my initial investment.  Further, the
denial stated that I had "taken" $61,633.94 from other customers.  The trustee attached a
detailed list of "withdrawals" from my account, stating that they were "checks" issued to
me. (Attachment B)

In short, my claim was denied because the trustee believed that more money had
been withdrawn than deposited from the account they reference as 1B0022.  Again, that
is incorrect. **In fact I have never received any money from any Madoff account nor
directed that any money be sent from any account to any third party.** Therefore my
claim for restitution should be honored.

08-01789-smb    Doc 6761-3    Filed 05/20/14    Entered 05/20/14 13:32:40    Exhibit C
Pg 4 of 7

# Account Flowchart



**Funding [(1)]:**
1986: $50,000
1986: $50,000
1992: $100,000
Total: $200,000

A. Blecker
Account # 1B0022
Est. 1986

**Total Withdrawals:**
$0

Transfer $206,528.78

Transfer?

**Funding:**
?

Aaron Blecker
Account # 1B0156-3-0
Est. 1997

Arthur & Sofie Blecker
Account # 1B0157-3-0
Est. 1997

Transfer in 2007
$753,107.40

Transfer in 2007
$1,480,131.54

Aaron Blecker Rev. Trust
Account # 1B0156-3-0
Est. 3/15/07

Value at last statement
November 2008:
**$2,625,435.95**

(1) Per Trustee Statement

**4. Factual Background.**

The trustee's denial is based upon two assertions.

A. That $200,000 was invested in account 1B0022 and $206538.78 was transferred out of that account

B. That checks totaling $61,633.94 were paid out of that account on my behalf

As noted **I have never received directly or indirectly any money back.**

A. Did I receive a payment of $206,538.75?

1. I now realize that part of confusion has resulted from changes in the account numbers. My original account, and the one for which the trustee has denied a claim is 1B0022. He is correct that there should be no money paid from that account as amounts in that account were transferred to two different accounts - one for me Aaron Blecker, and a separate joint account, presumably as per his records, established in 1997.

2. As the following chart shows, I established an account 1B0022 in 1986 and augmented my investment in 1992. Then in 1997 two separate accounts were established with different numbers. (Athur and Aaron are the same person)  By 2007, as one of the accounts had less than one million dollars, I was forced by Madoff to merge those accounts into one. Other than transfers within the system **I have never withdrawn any money from any Madoff account.**

B. What happened to the $61,633 allegedly paid out of account 1B0022 on my behalf?

The trustee's records show checks totaling that amount paid out to public companies. These are public companies with which I have never had a relationship and to which I never authorized payments. Therefore, I have to assume that these were entries that were part of the larger fraud and cover-up.

Recently I did find statements from 1995 (but not other years). These monthly statements did note entries for the checks in question. (see Attachment C for March, 1995) These statements had many complex entries and I focused on the summary valuations, thinking they were all part of the normal investment process for securities being purchased and sold. Since I never suspected fraud, it did not occur to me that they could be false entrees.

C. Procedure going forward

The trustee's records are probably better than mine. I do not know exactly how much I invested in Madoff over the years which grew to $2.6 million by November 2008. I would appreciate help in tracing all of this. Perhaps the Trustee is denying my claim for account B-0022 because he intends to accept my claims for reimbursement on the successor accounts. If so, he has not so indicated.

**So this is to formally request a hearing.** But in advance of that, I hope the Court orders the Trustee to use its access to the records to help clarify the flow of funds from all of the accounts, and to verify that there are no records showing requests on my part

for the money allegedly paid to various corporations.

I would very much appreciate the Court's help in quickly recovering at least my actual

investment up to $500,000 per account.

AARON BLECKER

Sworn to before me this
16th day of November, 2009

Notary Public

YVONNE DUMMETTE
Notary Public, State of New York
No. 01DU6169927
Qualified in Queens County
Commission Expires July 02, 2011

08-01789-smb Doc 2676-1 Filed 05/10/14 Entered 05/10/14 15:23:40 Exhibit D
Pg 32 of 38

# EXHIBIT D

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 11, 2010

Daniel Evan Clarkson
direct dial: 212.847.2835
dclarkson@bakerlaw.com

Aaron Blecker
50 Gristmill Lane
Great Neck, NY 11023-1813

Re:    **Bernard L. Madoff Investment Securities LLC (BLMIS)**
       **Bankr.S.D.N.Y., No. 08-1789 (BRL)**
       **Account Names:  Arthur Blecker and Sofie Blecker JT/WROS; Aaron**
              **Blecker Rev. Trust U/A/D 3/15/07; Aaron Blecker**
       **Account Numbers:  1B0157; 1B0156; 1B0022**
       **Claim Numbers:  003906; 003900; 003907**

Dear Mr. Blecker:

        We are in receipt of your most recent objection dated October 19, 2010, which
you filed in response to Notice of Trustee's Determination for Account No. 1B0157
dated September 29, 2010. We have also received your objections to the Notices of
Trustee's Determination for Account No. 1B0156 dated May 10, 2010 and 1B0022 (the
"1B0022 Determination") dated October 19, 2009 (together, the "Objections").

        Each of the claims you filed with the Trustee was denied because the money
you withdrew from each of your accounts equaled or exceeded the amount of money
deposited into the account. In the Objections, you claim that you never withdrew any
funds from any of your accounts with BLMIS. However, according to the books and
records of BLMIS, numerous withdrawals were made from Account No. 1B0022, which
led to that account being overdrawn by $61,633.94. These withdrawals are reflected in
the itemization of deposits and withdrawals included in the 1B0022 Determination.
More importantly, these withdrawals are confirmed by the monthly BLMIS statements
sent to you for this account, which we have enclosed as Exhibit A. We have found
nothing in BLMIS' books and records indicating that you questioned any of the
statements in writing at or close to the time you received them.

        In accordance with the money in/money out methodology, the Trustee will only
give credit for an inter-account transfer where the transferor account had sufficient
principal to effectuate the transfer. Since there was no remaining principal in Account
No. 1B0022, the transfer from that account to Account No. 1B0156 on April 24, 1997

Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa
Denver    Houston    Los Angeles    New York    Orlando    Washington, DC

Aaron Blecker
November 11, 2010
Page 2

was adjusted to zero.

We have also enclosed as Exhibit B an itemization of deposits and withdrawals for Account No. 1B0023, entitled Arthur and Sofie Blecker JT/WROS, the predecessor account which was used to fund Account No. 1B0157. As you can see, withdrawals were made from the former account as well. Similar to Account No. 1B0022 discussed above, this account was overdrawn due to the numerous withdrawals. Since the account had no remaining principal, the transfer from this account to Account No. 1B0157 on April 24, 1997 was adjusted to zero.

Since Account Nos. 1B0156 and 1B0157 were funded solely with transfer deposits from accounts which had no remaining principal, neither of these accounts ever had any principal. Therefore, the Trustee denied your claims for these accounts.

In regard to your request for a hearing, to date, no hearings have been scheduled on specific objections to the Trustee's claims determinations other than a hearing to determine the meaning of "net equity" under the Securities Investor Protection Act (SIPA) that was held on February 2, 2010 and a hearing on the Customer issue held on October 19, 2010 for those claimants that invested in feeder funds. After this Court's Order of March 8, 2010, in which it upheld the Trustee's methodology for determining net equity, and taking into account appeals of that decision as authorized by the Second Circuit on June 16, 2010, as well as any decision regarding the Customer issue, we will consider how to proceed with the many objections that we have received. That will occur in due course with respect to your objections to the above-referenced claims, which will be handled under the same procedures as other objections filed in this case.

Should you have further questions, please feel free to contact me.

Sincerely,

Daniel Evan Clarkson

Enclosures

## Account Information

Account Number: **1B0023**   Name: **ARTHUR BLECKER**
**& SOFIE BLECKER J/T WROS**

### Table 1
### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 3/31/1981 | ALIX: 3/31/1981 Equity | $42,350.33 | $42,350.33 |
| 2/18/1983 | TRANS FROM A & A | $35,000.00 | $35,000.00 |
| 9/16/1983 | CHECK PFD SER D CONV $7.75 | $70,000.00 | $70,000.00 |
| 9/16/1983 | CHECK PFD SER D CONV $7.75 | $30,000.00 | $30,000.00 |
| 10/12/1984 | CHECK | $100,000.00 | $100,000.00 |
| 10/9/1990 | CHECK | $100,000.00 | $100,000.00 |
| **Total Deposits:** | | $377,350.33 | $377,350.33 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 4/16/1981 | CHECK | ($1,574.11) | ($1,574.11) |
| 6/19/1981 | CHECK | ($1,693.58) | ($1,693.58) |
| 8/6/1981 | CHECK | ($1,189.49) | ($1,189.49) |
| 10/6/1981 | CHECK | ($1,798.73) | ($1,798.73) |
| 11/24/1981 | CHECK | ($1,249.39) | ($1,249.39) |
| 1/6/1982 | CHECK | ($1,190.63) | ($1,190.63) |
| 3/2/1982 | CHECK | ($1,573.63) | ($1,573.63) |
| 5/3/1982 | CHECK | ($1,675.90) | ($1,675.90) |
| 6/18/1982 | CHECK | ($1,349.22) | ($1,349.22) |
| 8/24/1982 | CHECK | ($1,585.01) | ($1,585.01) |
| 10/19/1982 | CHECK | ($1,691.63) | ($1,691.63) |
| 12/16/1982 | CHECK | ($1,797.01) | ($1,797.01) |
| 2/15/1983 | CHECK | ($1,567.10) | ($1,567.10) |
| 4/14/1983 | CHECK | ($1,486.25) | ($1,486.25) |
| 4/22/1983 | CHECK | ($1,693.25) | ($1,693.25) |
| 6/7/1983 | CHECK | ($2,170.94) | ($2,170.94) |
| 7/21/1983 | CHECK | ($2,319.25) | ($2,319.25) |
| 9/23/1983 | CHECK | ($3,287.75) | ($3,287.75) |
| 11/16/1983 | CHECK | ($4,984.72) | ($4,984.72) |
| 1/5/1984 | CHECK | ($5,319.99) | ($5,319.99) |
| 3/8/1984 | CHECK | ($7,531.23) | ($7,531.23) |
| 5/9/1984 | CHECK BRISTOL MYERS | ($6,651.28) | ($6,651.28) |
| 7/17/1984 | CHECK CSX CORP | ($7,089.00) | ($7,089.00) |

CONFIDENTIAL

| | | | |
|---|---|---|---|
| 9/13/1984 | CHECK HOUSEHOLD INTL | ($5,654.50) | ($5,654.50) |
| 10/31/1984 | CHECK KATY INDUSTRIES | ($5,818.54) | ($5,818.54) |
| 1/8/1985 | CHECK ETHYL | ($11,085.00) | ($11,085.00) |
| 2/22/1985 | CHECK ATLANTIC RICHFIELD | ($8,839.87) | ($8,839.87) |
| 4/25/1985 | CHECK AMR CORP | ($10,403.43) | ($10,403.43) |
| 6/11/1985 | CHECK INTERCO | ($7,371.58) | ($7,371.58) |
| 8/8/1985 | CHECK ASSOC DRY GOODS | ($11,095.17) | ($11,095.17) |
| 9/26/1985 | CHECK TEXTRON | ($6,484.27) | ($6,484.27) |
| 11/12/1985 | CHECK VIACOM | ($8,829.20) | ($8,829.20) |
| 1/15/1986 | CHECK WOOLWORTH | ($11,096.11) | ($11,096.11) |
| 3/17/1986 | CHECK WETTERAU | ($10,392.02) | ($10,392.02) |
| 5/27/1986 | CHECK FMC | ($10,313.75) | ($10,313.75) |
| 7/14/1986 | CHECK GTE CORP | ($7,773.88) | ($7,773.88) |
| 8/21/1986 | CHECK INTERCO | ($6,929.43) | ($6,929.43) |
| 10/15/1986 | CHECK SUN | ($8,842.64) | ($8,842.64) |
| 11/24/1986 | CHECK TRW | ($7,805.00) | ($7,805.00) |
| 2/5/1987 | CHECK HOLIDAY CORP | ($11,090.00) | ($11,090.00) |
| 4/7/1987 | CHECK ANHEUSER BUSCH | ($11,786.82) | ($11,786.82) |
| 6/10/1987 | CHECK TRANSCO CO | ($10,393.61) | ($10,393.61) |
| 8/21/1987 | CHECK AGS COMPUTERS | ($11,037.61) | ($11,037.61) |
| 10/26/1987 | CHECK GROLIER | ($11,717.22) | ($11,717.22) |
| 1/26/1988 | CHECK | ($10,396.92) | ($10,396.92) |
| 3/24/1988 | CHECK ADVANCED SYSTEMS | ($11,087.09) | ($11,087.09) |
| 5/25/1988 | CHECK INTERCO | ($11,778.76) | ($11,778.76) |
| 8/8/1988 | CHECK AMFAC | ($10,400.46) | ($10,400.46) |
| 10/12/1988 | CHECK COMPAQ COMPUTERS | ($11,048.11) | ($11,048.11) |
| 12/5/1988 | CHECK PNC FINL | ($8,832.87) | ($8,832.87) |
| 2/3/1989 | CHECK GENERAL CINEMA | ($10,400.48) | ($10,400.48) |
| 4/11/1989 | CHECK | ($11,090.99) | ($11,090.99) |
| 6/20/1989 | CHECK DURR FILLAUER MED | ($11,739.06) | ($11,739.06) |
| 8/15/1989 | CHECK INLAND | ($10,398.73) | ($10,398.73) |
| 10/20/1989 | CHECK AMERICAN MAIZE | ($11,062.73) | ($11,062.73) |
| 12/11/1989 | CHECK COLUMBIA PICTURES | ($8,840.00) | ($8,840.00) |
| 2/16/1990 | CHECK WESTINGHOUSE | ($10,347.18) | ($10,347.18) |
| 4/20/1990 | CHECK SEAGULL | ($11,089.81) | ($11,089.81) |
| 6/25/1990 | CHECK SUN MICROSYSTEMS | ($11,759.92) | ($11,759.92) |
| 8/28/1990 | CHECK IMMUNEX | ($10,393.02) | ($10,393.02) |
| 11/5/1990 | CHECK AMERICAN FILM | ($11,094.75) | ($11,094.75) |
| 12/27/1990 | CHECK PFIZER | ($11,960.08) | ($11,960.08) |
| 3/7/1991 | CHECK MEDCO | ($14,130.22) | ($14,130.22) |
| 5/13/1991 | CHECK XOMA | ($13,172.52) | ($13,172.52) |
| 7/11/1991 | CHECK HEALTH SOUTH | ($12,364.06) | ($12,364.06) |

CONFIDENTIAL

| 7/17/1991 | CXL CHECK 07/11/91 | $12,364.06 | $12,364.06 |
|---|---|---|---|
| 7/17/1991 | CHECK HEALTH SOUTH | ($12,364.06) | ($12,364.06) |
| 7/22/1991 | CHECK LIBERTY NATL | ($1,375.28) | ($1,375.28) |
| 9/5/1991 | CHECK THERMO | ($11,312.11) | ($11,312.11) |
| 11/13/1991 | CHECK CHAMBERS | ($13,180.47) | ($13,180.47) |
| 12/27/1991 | CHECK PHL CORP | ($9,241.95) | ($9,241.95) |
| 3/5/1992 | CHECK LIEBERT | ($15,053.00) | ($15,053.00) |
| 4/28/1992 | CHECK FLEET NORSTAR | ($9,877.30) | ($9,877.30) |
| 6/16/1992 | CHECK PEP BOYS | ($10,000.40) | ($10,000.40) |
| 8/21/1992 | CHECK HOME DEPOT | ($15,049.19) | ($15,049.19) |
| 10/6/1992 | CHECK TIME WARNER | ($9,918.75) | ($9,918.75) |
| 11/12/1992 | CHECK AL LABS | ($4,124.69) | ($4,124.69) |
| 1/6/1993 | CHECK STATE STREET | ($10,542.89) | ($10,542.89) |
| 2/18/1993 | CHECK AMERICAN BRANDS | ($8,275.59) | ($8,275.59) |
| 3/17/1993 | CHECK MBNA | ($7,090.00) | ($7,090.00) |
| 5/20/1993 | CHECK DSC COMM | ($15,115.80) | ($15,115.80) |
| 6/28/1993 | CHECK SOUTHWESTERN BELL | ($6,617.37) | ($6,617.37) |
| 8/23/1993 | CHECK ANADARKO | ($12,389.99) | ($12,389.99) |
| 9/28/1993 | CHECK ENRON | ($6,152.37) | ($6,152.37) |
| 11/4/1993 | CHECK SNAPPLE | ($6,623.50) | ($6,623.50) |
| 12/14/1993 | CHECK HUFFY | ($10,627.77) | ($10,627.77) |
| 2/8/1994 | CHECK AMERITECH | ($4,737.75) | ($4,737.75) |
| 4/15/1994 | CHECK COMCAST | ($13,284.52) | ($13,284.52) |
| 5/19/1994 | CHECK AUTOZONE | ($2,372.50) | ($2,372.50) |
| 6/22/1994 | CHECK GEN ELECTRIC | ($4,270.00) | ($4,270.00) |
| 8/11/1994 | CHECK GEN MOTORS | ($9,264.56) | ($9,264.56) |
| 9/19/1994 | CHECK CATERPILLAR | ($3,808.00) | ($3,808.00) |
| 11/14/1994 | CHECK HUDSON FOODS | ($7,840.79) | ($7,840.79) |
| 12/14/1994 | CHECK AUTO DESK | ($4,284.50) | ($4,284.50) |
| 2/7/1995 | CHECK PACIFIC | ($4,759.62) | ($4,759.62) |
| 3/14/1995 | CHECK ALUMINUM | ($5,252.50) | ($5,252.50) |
| 5/15/1995 | CHECK HOME DEPOT | ($13,358.99) | ($13,358.99) |
| 6/16/1995 | CHECK MICRON | ($2,393.00) | ($2,393.00) |
| 7/27/1995 | CHECK KULICKE & SOFFA | ($10,757.27) | ($10,757.27) |
| 9/13/1995 | CHECK TEXAS INSTRUMENT | ($3,343.75) | ($3,343.75) |
| 10/18/1995 | CHECK SAFEGUARD | ($4,305.00) | ($4,305.00) |
| 11/15/1995 | CHECK APPLIED MATERIALS | ($4,786.25) | ($4,786.25) |
| 1/4/1996 | CHECK DEERE & CO | ($1,916.62) | ($1,916.62) |
| 2/14/1996 | CHECK FED NAT'L MORTGAGE | ($5,278.62) | ($5,278.62) |
| 4/4/1996 | CHECK GEN MOTORS CORP | ($8,655.86) | ($8,655.86) |
| 5/23/1996 | CHECK CENTOCOR | ($7,224.80) | ($7,224.80) |
| 6/26/1996 | CHECK COCA COLA | ($7,227.25) | ($7,227.25) |
| 7/30/1996 | CHECK CHRYSLER CORP | ($3,370.00) | ($3,370.00) |

CONFIDENTIAL

| | | | |
|---|---|---:|---:|
| 9/5/1996 | CHECK SAFEGUARD | ($7,231.50) | ($7,231.50) |
| 10/7/1996 | CHECK HERSHEY FOODS | ($487.00) | ($487.00) |
| 10/16/1996 | CHECK JONES APPAREL | ($4,341.25) | ($4,341.25) |
| 11/12/1996 | CHECK NEWBRIDGE NETWORKS | ($5,306.87) | ($5,306.87) |
| 12/17/1996 | CHECK FIRST USA | ($4,346.87) | ($4,346.87) |
| 2/19/1997 | CHECK DEAN WITTER | ($7,735.00) | ($7,735.00) |
| 3/26/1997 | CHECK NATIONS BANK | ($4,371.00) | ($4,371.00) |
| 4/24/1997 | TRANS TO 1B015730 | ($389,846.73) | $0.00 |
| 4/29/1997 | CHECK PHILIP MORRIS | ($4,380.50) | ($4,380.50) |
| **Total Withdrawals:** | | ($1,233,723.79) | ($843,877.06) |
| | | | |
| **Total deposits less withdrawals:** | | ($856,373.46) | ($466,526.73) |

CONFIDENTIAL