**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan, Esq.
Nicholas J. Cremona, Esq.
Edward J. Jacobs, Esq.
Dean D. Hunt, Esq.
Rachel M. Smith, Esq.
Marie L. Carlisle, Esq.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04898 (SMB) |
| Plaintiff, | |
| v. | |
| HELENE SAREN-LAWRENCE, | |
| Defendant. | |

300381595.7

**MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S MOTION TO COMPEL VALLEY NATIONAL BANK TO COMPLY WITH SUBPOENA PURSUANT TO FED. R. CIV. P. 45**

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this memorandum in support of his motion to compel compliance with a subpoena served on third party Valley National Bank pursuant to Fed. R. Civ. P. 45 (the "Motion"), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 9016.

**PRELIMINARY STATEMENT**

The Trustee respectfully requests that the Court enter an order compelling Valley National Bank to produce documents responsive to the Trustee's Rule 45 subpoena. This order is necessary, as described further below, because the bank records sought are plainly discoverable under the Federal Rules of Civil Procedure and are relevant to both the claims and defenses at issue in this adversary proceeding. Moreover, an order compelling compliance with the subpoena is additionally necessary because the Defendant and her counsel's purposeful interference with the subpoena – in violation of a Court order[1] – has resulted in the bank's failure to produce relevant documents. In addition, in an effort to circumvent this Court's instruction, counsel for the Defendant now also purports to represent James Lawrence, who is the Defendant's husband and also a senior executive at Valley National Bank. As a direct result of defense counsel's inappropriate interference with Valley National Bank's compliance with the

---

[1] The Trustee will separately request permission to file a motion for contempt against the Defendant in connection with this violation of the Court's order.

1

subpoena, Valley National Bank has now adopted Ms. Chaitman's representation that producing unredacted documents is improper and is refusing to produce documents.

## PROCEDURAL HISTORY

The Trustee filed a complaint against Defendant Helene Saren-Lawrence in 2010 to recover avoidable transfers made by BLMIS to the Defendant. (Dkt. No. 1.) The Defendant filed an answer to the Trustee's complaint on March 15, 2015, then filed an amended answer to the Complaint on June 25, 2015, after retaining new counsel. (*See* Dkt. Nos. 21, 27, 30.)

The Defendant's Amended Answer contained blanket denials of nearly all of the Trustee's allegations, including receipt of the transfers, with the exception of a few ministerial matters, and asserted forty two (42) affirmative defenses. (*See* Dkt. No. 30.) Specifically, the Defendant asserted affirmative defenses that implicate the Defendant's payment of unspecified funds to unspecified taxing authorities and/or other unspecified third parties. (Dkt. No. 30, ¶ 16, "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities.")

On October 23, 2015, the Trustee served Requests for Admission, Requests for Production, and Interrogatories on the Defendant. The Trustee's Requests for Admission asked the Defendant to admit to receipt of the transfers from BLMIS during the relevant two-year period, as alleged in the Complaint, to which the Defendant responded by serving blanket denials to each request that related to the transfers and amounts at issue. (*See* Dkt. No. 42, Ex. D.) The Defendant served amended responses to the Trustee's Requests for Admissions on February 3, 2016, which similarly denied all of the transfer-related requests. (*See* Dkt. No. 51, Ex. B.) The

Defendant also served responses to the Trustee's Interrogatories that stated that the Trustee is not entitled to information regarding the transfers at issue. (*See* Dkt. No. 42, Ex. E, *see* Dkt. No. 51, Ex. A.)

After providing notice to counsel on December 23, 2015, the Trustee served a Rule 45 subpoena on Valley National Bank seeking the Defendant's bank records. (Dkt. No. 50, Ex. A.) Disputes arose over the subpoena and the parties filed letters requesting relief on various discovery issues. In her January 1, 2016 letter to the Court, the Defendant took the position that she "is not in a position to confirm the transfers between herself and Madoff for the life of her account because she does not have the records and, clearly, she cannot rely upon Madoff's records." (Dkt. No. 40.)

On January 25, 2016, two days before the hearing on the bank subpoena, counsel for Valley National Bank sent a letter to the Trustee stating that, at defense counsel's request, the bank was making only a partial production of its documents responsive to the subpoena (*see* Dkt. No. 45, Ex. A), and further, one of the documents produced would contain redactions. (*See* Dkt. No. 45.) The Trustee requested to be heard at the January 27, 2016 conference regarding defense counsel's improper interference with the subpoena. (*Id.*) The Defendant responded by letter to this Court seeking permission to file a motion for contempt against counsel for the Trustee for serving a subpoena on an unrelated case on January 26, 2016, one day prior to the January 27, 2016 discovery conference. (*See Picard v. Alpern, et al.*, Adv. Pro. No. 10-04327 (SMB), Dkt. No. 81.)

During the January 27, 2016 conference, the Court advised the Defendant's counsel to file a motion for a protective order instead of communicating directly with the targets of the Trustee's subpoenas and to serve amended responses to the Trustee's discovery requests. On

3

February 5, 2016, the Trustee's counsel informed the Defendant that Valley National Bank must produce all responsive documents directly to the Trustee without redactions. (Dkt. No. 51, Ex. C.) Instead of filing a motion for a protective order, defense counsel filed a declaration in support of a motion for sanctions against the Trustee for serving bank subpoenas, but did not actually file the motion. (Chaitman Decl., Feb. 8, 2016, Dkt. No. 48.) In the declaration, defense counsel took the position that "the Trustee is in possession of all of Madoff's bank records from December 1998 on. Hence, the Trustee can prove every transfer to and from Madoff by every defendant through his own records." (*Id.* at ¶ 11.)

At a February 11, 2016 discovery hearing on the contempt motion and related matters, Defendant's counsel withdrew that motion and the Court instructed her to refrain from communicating with parties under subpoena. (*See* Disc. Conf. Hr'g Tr. 17:24-18:7; 14:18-24, Feb. 11, 2016; Dkt. No. 56.) The Court subsequently entered an order on February 19, 2016 prohibiting defense counsel and her firm from communicating with recipients of the Trustee's subpoenas. (Dkt. No. 56.)

The Trustee contacted Valley National Bank and requested that it comply with the Trustee's subpoena and make a complete, un-redacted production of all responsive documents directly to the Trustee. (*See* Letter from Ms. Cullen to Mr. Kamski, dated Feb. 18, 2016, attached hereto as Exhibit A.) The Trustee contacted Valley National Bank's in-house counsel twice, on February 18, 2016, and again on February 22, 2016, to request confirmation that Valley National Bank intended to produce documents to the Trustee by the return date (*see* Ex. A, and Email chain between Ms. Chaitman, Ms. Cullen, and Mr. Kamski, dated February 22, 2016, attached hereto as Exhibit B), but Valley National Bank did not respond to the Trustee.

4

This Court entered an order on February 19, 2016 (the "Order") prohibiting defense counsel – Helen Davis Chaitman – "from communicating or otherwise interfering with any third party regarding it compliance with any pending or forthcoming subpoena issued by the Trustee." (Dkt. No. 56.) On February 22, 2016, Ms. Chaitman communicated with Valley National Bank's in-house counsel and instructed that they should refrain from producing responsive documents pursuant to the Trustee's subpoena. "Under Judge Bernstein's order, Valley National Bank should not be producing any documents until Judge Bernstein rules on the issue." (Ex. B.) On the same day, February 22, 2016, Ms. Chaitman informed the Trustee that she now represents the Defendant's husband, who is not a party to this litigation, but is, upon information and belief, a senior executive at Valley National Bank. (*See* Email from Ms. Chaitman to Ms. Carlisle, dated February 22, 2016, attached hereto as Exhibit C.) The next day, on February 23, 2016, Ms. Chaitman again contacted Valley National Bank's in-house counsel and advised "pending completion of a conference with the Court, compliance with the subpoenae (*sic*) is stayed pursuant to court order." (Email from Ms. Chaitman to Ms. Cullen and Mr. Kamski, dated February 23, 2016, attached hereto as Exhibit D.)

Later on February 23, 2016, Valley National Bank's outside counsel contacted the Trustee and advised that Valley National Bank would not comply with the subpoena and that a production of unredacted documents would be improper ("It is equally clear that the Trustee's request for an additional document production consisting of undredacted account information at this time is improper") (*see* Email from Mr. Glickman to Ms. Cullen, dated February 23, 2016, attached hereto as Exhibit E.)

The Court noted during the February 11, 2016, hearing that subpoenaed parties must, in the absence of a protective order, produce documents in response to Rule 45 subpoenas and that

5

the Trustee has standing to move to compel production. (*See* Disc. Conf. Hr'g Tr. 14:2-15:16.)

Consistent with the Court's directives that the Trustee file a motion to compel production (*see* Disc. Conf. Hr'g Tr. 15:9-15), the Trustee now brings the instant motion to compel the production of documents by Valley National Bank in accordance with his Rule 45 subpoena.

## ARGUMENT

The crux of the factual matters underlying the Trustee's claims in this case concern the transfers of funds to and from the Defendant's subpoenaed bank accounts, one of which is specifically at issue here—the Defendant's account at Valley National Bank. Given the Defendant's dispute of the transfers in the Amended Answer, responses to Requests for Admission, and the Defendant's affirmative defenses regarding alleged tax payments made by the Defendant, the records implicated by the subpoena to Valley National Bank are relevant to the Trustee's identification and tracing of the avoidable transfers received by the Defendant from BLMIS. The discovery sought from Valley National Bank is neither overbroad nor disproportionate. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

### I. VALLEY NATIONAL BANK HAS NOT ASSERTED ANY VALID OBJECTION TO COMPLIANCE

Counsel for Valley National Bank indicated by email, dated January 25, 2016, that the sole basis for its refusal to make a full and complete production of documents responsive to the subpoena is the objections asserted by defense counsel. (*See* Dkt. No. 45, Ex. A.) However, Federal Rule of Civil Procedure 45 does not authorize an affected party to object to a subpoena to a third party. Rather, an affected party's sole remedy is to move for an order quashing or modifying a subpoena, but only on the grounds that it seeks documents that contain "confidential research, development, or commercial information," which is not the case with the documents subject to the Trustee's subpoena to Valley National Bank. *See* Rule 45(d)(3)(B). In any event,

6

at the parties' January 27, 2016 chambers conference and then again at the February 11, 2016 discovery hearing, the Court invited the Defendant to file a motion seeking an order to quash the subpoena, but the Defendant has not done so. (*See* Disc. Conf. Hr'g Tr. 13:12-22.)

Moreover, the Court has issued an order prohibiting defense counsel from communicating with third parties under subpoena about any pending or future subpoena served by the Trustee. (Dkt. No. 56; Disc. Conf. Hr'g Tr. 14:18-24.) Pursuant to this prohibition, Valley National Bank's withholding or redacting responsive documents at defense counsel's direction is improper. *Fox Indus., Inc. v. Gurovich*, No. CV03-5166(TCP) (WDW), 2006 WL 2882580, at *8-9 (E.D.N.Y. Oct. 6, 2006) (sanctioning defendant's counsel who "took matters into his own hands and directed the non-parties not to respond" to Rule 45 subpoenas and finding that such conduct "constituted an abuse of process"); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-201S F, 2011 WL 3359998, at *3 (W.D.N.Y. Aug. 3, 2011) (fining plaintiff's counsel for "improper interference" when he caused subpoenaed party's non-compliance with defendant's Rule 45 subpoena); *Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788, 795 (E.D. Pa. 2012) ("Nowhere in the Rule [45] is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command."). Accordingly, Valley National Bank[2] should be compelled to make a full and complete production of documents responsive to the subpoena.

---

[2] The bank records are in the possession, custody or control of the account holder defendant, as she has the legal right and practical ability to obtain the documents directly from the bank upon request. 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2210, at n.4 (3d ed.) ("[D]ocuments are considered to be under the party's control when it has the right, authority, or practical ability to obtain them from a nonparty.") (citing *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179 (S.D.N.Y. 2007)); *Babaev v. Grossman*, No. CV03-5076, 2008 WL 4185703, at *3 (E.D.N.Y. Sept. 8, 2008) (adverse inference against defendants who failed to produce despite "sufficient control over their bank records to obtain them"). Consequently, the court may instead compel the defendant to produce the records in lieu of the banks. *Babaev*, 2008 WL 4185703, at *3 ("[A]lthough the plaintiffs could have subpoenaed the records from the bank, they were not required to do so if the defendants had control over them."). In fact, that would be the most just

7

## II. THE SUBPOENAED RECORDS ARE DISCOVERABLE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

The scope of what is discoverable in adversary proceedings is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable through Federal Rule of Bankruptcy Procedure 7026(b)(1). That Rule states, unless otherwise limited by court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

First, the Trustee seeks records through Federal Rule of Civil Procedure 45 from the Defendant's bank to confirm information that the Defendant disputes -- the dates and amounts of transfers that the Defendant received from BLMIS, directly or indirectly. Particularly in the context of a SIPA avoidance action, the Trustee is plainly entitled to this information. *See Picard v. Chais*, 445 B.R. 206, 236 (Bankr. S.D.N.Y. 2011) (stating that the Trustee "is an outsider to these transactions and will need discovery to identify the specific [transfers] . . . by date, amount and the manner in which they were effected"); *In re Livecchi*, Adv. Pro. No. 11-02027, 2014 WL 6668886, at *4, 12 (W.D.N.Y. Nov. 20, 2014) (noting that the bankruptcy trustee evidenced transfers to the defendants through bank records obtained by issuing third-party subpoenas).

Defendant argues that the subpoenaed records may reveal subsequent transfers, and therefore the discovery is prohibited since there are no subsequent transferee counts in this action

---

outcome here because the documents were requested in party discovery, (*see* Dkt. No. 42, Ex. C), and the Defendant is essentially arguing her discovery dispute through the third-party banks as proxies, at the banks' time and expense.

and a party may not take discovery to frame a complaint. (Dkt. No. 46.) This argument entirely misses the mark. The records are discoverable because, as explained above, they are directly relevant under Rule 26 to the existing claims and defenses in the action. Accordingly, the Defendant's argument fails.[3]

Second, the complete, unredacted subpoenaed records are relevant—and in fact critical—to prove or disprove the factual basis of several of the Defendant's affirmative defenses. For example, the Defendant avers that: "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities." (Dkt. No. 30, ¶ 16.) While the Defendant maintains that this defense concerns alleged set off rights on certain taxes paid to the Internal Revenue Service, (*see* Disc. Conf. Hr'g Tr. 7-9), the Court itself noted that the Defendant has failed to provide any factual basis for this defense either in her Amended Answer or in any of her discovery responses. Accordingly, until or unless the Defendant withdraws this and related affirmative defenses with prejudice, the Trustee is entitled to test whether the Defendant made any payments to BLMIS, the Internal Revenue Service or

---

[3] In any event, the Trustee reserves the right to argue that he is entitled to discovery as to the identity of persons who may be ultimately liable for transfers from BLMIS, whether they are named defendants in any given action or not. *See* Order Establishing Litig. Case Mgmt. Procedures for Avoidance Actions at Ex. A, § 4(G)(i), *Sec. Inv. Protection Corp. v. Bernard L. Madoff Investment Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Nov. 10, 2010), ECF No. 3141 (Trustee entitled to seek through discovery in avoidance actions information regarding "the identity of other persons or entities that may be liable for the transfers at issue, whether as *subsequent transferees* or for some other reason") (emphasis added). *See also In re Global Crossing*, 385 B.R. 52, 83 n.108 (Bankr. S.D.N.Y. 2008) (opining that a principle "instructive to the bankruptcy community" is that an estate should "bring[] suit against the apparent transferees early enough to permit the estate to *learn in discovery*" information that reveals who "to name [as] the *ultimate beneficiaries* of avoidable transfers") (emphasis added). Even if the Court disagrees, the Trustee is also entitled to the same information pursuant to Bankruptcy Rule 2004. However, the Court need not reach this issue in the instant dispute as it is an alternate ground for relevance under Rule 26, and not presently before the Court.

other taxing authority, or any other party that may be claimed as a set off to the transfers the Trustee seeks to avoid.

Third, the bank records sought are important to resolving critical issues in the case – the Defendant's receipt of the transfers and whether BLMIS documents are sufficient to establish those transfers. The Defendant disputes the transfers in both the Defendant's Amended Answer (*see* Dkt. No. 30) and in response to the Trustee's Requests for Admissions (*see* Dkt. No. 51, Ex. B). Further, she claims she has no transfer-related documents of her own[4] and, depending on the circumstances, claims that either the Trustee can prove the transfers through BLMIS documents or that she cannot rely on Madoff's records. *Compare* Chaitman Decl., ¶ 11, Feb. 8, 2016, Dkt. No. 48 ("[T]he Trustee can prove every transfer to and from Madoff by every defendant through his own records") with Dkt. No. 41 ("The defendant is not in a position to confirm the transfers between herself and Madoff for the life of her account because she does not have the records and, clearly, she cannot rely upon Madoff's records."). (Chaitman Decl., ¶ 11, Feb. 8, 2016, Dkt. No. 48.) Given the inconsistency of these positions, the third-party records are important.[5]

Under these circumstances, it is therefore demonstrably untenable that the Defendant should be allowed to withhold the precise evidence which would definitively disprove her denials and invalidate her additional affirmative defenses.

---

[4] The Defendant submitted an Affidavit as to Non-Retention of Madoff Records, which is inadequate, and may evidence spoliation of relevant discovery. (*See* Dkt. No. 51, Ex. C.) The Affidavit fails to explain the disposition of documents attached to Claim No. 000950 filed by Defendant on January 26, 2009, including why those documents were not produced by her accountant in response to the Trustee's subpoena. Nor does it provide an explanation as to why Defendant did not instruct her accountant or her financial institutions, including Valley National Bank, to preserve records relevant to this case. The Trustee reserves all rights to seek appropriate sanctions once Valley National Bank makes a full production in response to the pending subpoena.

[5] The Trustee agrees that in Avoidance Actions as defined by the Litigation Procedures Order (*see SIPC v. BLMIS*, Adv. Pro. No. 08-1789 (SMB), ECF No. 4137), the debtor's books and records are sufficient proofs of his claims and he will prevail at trial on that evidence alone. However, the subpoenaed bank records are nonetheless discoverable, especially where, as here, the Defendant disputes the Trustee's factual claims and raises other defenses that similarly implicate the subpoenaed records.

### III. THE LITIGATION PROTECTIVE ORDER ADEQUATELY PROTECTS THE DEFENDANT'S PRIVACY

While evidence of relevant transfers is not confidential pursuant to the express language of paragraph 4(e) of the June 6, 2011 Litigation Protective Order ("LPO"), the Trustee is nonetheless sensitive to the fact that for any litigant, financial records may reflect sensitive and private information. *See SIPC v. BLMIS*, Adv. Pro. No. 08-1789 (SMB), ECF No. 4137. Accordingly, the Trustee is willing to accept the subpoenaed production as designated "Confidential" pursuant to the LPO, which would prevent the public disclosure of any information contained therein, provided that the Trustee is free to use as not confidential and without restriction the material in the documents that falls within paragraph 4(e). Therefore, it would be improper to withhold relevant documents on the basis of confidentiality when a protective order is in place that more than adequately protects any confidentiality. *See In re Penthouse Exec. Club Compensation Litig.*, No. 10 CV 1145, 2012 WL 1511772, at *1 (Bankr. S.D.N.Y. Apr. 30, 2012); *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 2012 WL 2108220, at *3 (S.D.N.Y. June 11, 2012).

### IV. THE DEFENDANT IS NOT ENTITLED TO UNILATERALLY REDACT DISCOVERABLE INFORMATION

Defendant's position that she should be able to redact purported irrelevant information contained in the subpoenaed records is improper and without legal support. First, Defendant has been inconsistent—at best—in her own unilateral assessment of what is "relevant." For example, in an email to Valley National Bank in which she inappropriately interferes with judicial process by purporting to instruct the bank as how to respond to the Trustee's subpoena, defense counsel claims that "[i]n the case of Valley National Bank, I am informed that there are no transfers to and from Madoff. Therefore, upon receiving such a representation from the Bank, you are not entitled to any documents in response to your subpoena." (Email from Ms. Chaitman

11

to Ms. Cullen, dated Jan. 20, 2016, attached hereto as Exhibit F.) This baseless assertion was quickly refuted by the bank itself, which responded that it had indeed located records showing such transfers. (*See* Dkt. No. 45, Ex. A.) Accordingly, the Trustee does not believe that defense counsel's unilateral censorship of potentially relevant information is appropriate or reliable. In fact, Courts frown upon such redactions precisely for these reasons. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege"); *see also In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context")).

Simply put, the Trustee is entitled to know and trace the full universe of the relevant transfers. Additionally, without full and unfettered access to the bank records for the relevant period, the Trustee would also be prejudiced in that he would have no means by which to confirm, test, or refute any factual basis for the Defendant's affirmative defenses concerning expenditures of funds from her account.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion.

Dated: February 23, 2016
New York, NY

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com
Rachel M. Smith, Esq.
Email: rsmith@bakerlaw.com
Marie L. Carlisle, Esq.
Email: mcarlisle@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Edward J. Jacobs*
David J. Sheehan, Esq.
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona, Esq.
Email: ncremona@bakerlaw.com
Edward J. Jacobs, Esq.
Email: ejacobs@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*