**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 23, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB);

Dear Judge Bernstein:

     We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to respectfully request permission to move the Court for an order finding defendant's counsel, Helen Davis Chaitman, in contempt for violating the February 19, 2016 order (the "February 19 Order") this Court entered prohibiting Ms. Chaitman "from communicating or otherwise interfering with any third party regarding its compliance with any pending or forthcoming subpoena issued by the Trustee."  *See* Dkt. No. 56.

     On February 22, 2016 (*see* Ex. A) and again today (*see* Ex. B), Ms. Chaitman emailed William Kamski, in-house counsel for Valley National Bank, in an apparent effort to instruct the bank to withhold compliance with the subpoena.  This is a clear and unambiguous violation of the February 19 Order.[1]

---

[1] We note that Ms. Chaitman is taking the position that she may object to any subpoena in any case beyond the two in which the February 19 Order was entered and immediately effectuate, pursuant to that order, an automatic stay on the subpoenas.  *See* Exs. A and B.  Unless clarified by the Court, we understand the language in the February 19 Order concerning stays pending hearings to apply only to future subpoenas served in the two matters in which that order was entered.  Furthermore, we do not believe that the February 19 Order applies to effectuate any stay on the subpoena at issue in the instant case, since the parties already had two conferences with the Court concerning the subpoena, and at the February 11, 2016 conference, the Court explicitly authorized the Trustee to file a motion to compel Valley National Bank, which we are filing separately today.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

February 23, 2016
Page 2

      Also on February 22, 2016, Ms. Chaitman informed the Trustee that she now represents Defendant's husband, James Lawrence, in connection with the same subpoena. *See* Ex. C. Mr. Lawrence is not a defendant in this adversary proceeding, and Ms. Chaitman's attempts to use his representation to force a third conference with the Court on the same objections to the subpoena that have already been raised twice appears to be another attempt by Ms. Chaitman to circumvent the February 19 Order. As we have previously informed the Court, we are disturbed by the fact that Mr. Lawrence is an Executive Vice President with Valley National Bank, which raises the specter of impropriety. As proof of the obstruction of judicial procedure and willful disregard of the February 19 Order that has occurred, outside counsel for Valley National Bank contacted us today adopting the position of Ms. Chaitman, the Defendant, and the Defendant's husband. *See* Ex. D. Specifically, outside counsel asserted that the production of un-redacted records would be "improper." *Id.*

      Ms. Chaitman's violation of the order prohibiting her communication with a subpoenaed bank regarding compliance with the subpoena compels a finding of contempt. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058-63 (2d Cir. 1995) (articulating standard and affirming contempt order). As such, the Trustee respectfully requests permission to move the Court accordingly and seek all appropriate relief, including the costs associated with filing the requested motion.

      In addition, the circumstances of Ms. Chaitman and her client's conduct also entitle the Trustee to costs and fees associated with having to bring his motion to compel against Valley National Bank. The Trustee will also seek such fees in that motion.

      While the Trustee does not believe a hearing is necessary, counsel to the Trustee will appear in person or provide additional information as directed by the Court.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022

     Barry J. Glickman, Esq. (bglickman@zeklaw.com)
     Zeichner Ellman & Krause LLP
     1211 Avenue of the Americas
     New York, New York 10036