# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

February 25, 2016

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Gertrude E. Alpern Revocable Trust, et al.*, Adv. Pro. No. 10-04327 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to respectfully request permission to move the Court for an order finding defendants' counsel, Helen Davis Chaitman, in contempt for violating this Court's February 19, 2016 order (the "February 19 Order") that prohibits Ms. Chaitman "from communicating or otherwise interfering with any third party regarding its compliance with any pending or forthcoming subpoena issued by the Trustee."  *See* Dkt. No. 95.

On February 24, 2016 and again on February 25, 2016, Ms. Chaitman emailed Adam Hunt, outside counsel for Capital One Bank, in a direct effort to obstruct the banks' compliance with subpoenas issued both in the above-referenced case and *Picard v. Herbert Barbanel, et. al*, Adv. Pro. No. 10-04321.[1]  *See* Ex. A.  Ms. Chaitman, in addition to falsely instructing the bank that the subpoena is stayed, appears to have further asked for a meet and confer directly with the bank.  *See id.*  This is a clear and unambiguous willful violation of the February 19 Order.

---

[1] The February 19 Order was not entered in *Picard v. Barbanel*, but this subpoena was discussed and pending at the time that Ms. Chaitman raised objections to all pending bank subpoenas served by the Trustee across all cases to the Court at both the January 27, 2016 chambers conference in *Picard v. Saren-Lawrence,* and at the February 11, 2016 hearing in the above-referenced case.

*Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Costa Mesa     Denver
Houston     Los Angeles     New York     Orlando     Philadelphia     Seattle     Washington, DC*

February 25, 2016
Page 2


Accordingly, Ms. Chaitman's violation of the order prohibiting her communication with a subpoenaed bank regarding compliance with the subpoena compels a finding of contempt. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058-63 (2d Cir. 1995) (articulating standard and affirming contempt order).  As such, the Trustee respectfully requests permission to move the Court accordingly and seek all appropriate relief, including the fees and costs associated with filing the requested motion.  In addition, the Trustee intends to move for fees and costs associated with having to compel compliance with the subpoenas.

While the Trustee does not believe a hearing is necessary, counsel to the Trustee will appear in person or provide additional information as directed by the Court.  Otherwise, we respectfully request permission to move forward with the motion for contempt.


Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosure

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022