**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

Hearing Date: March 23, 2016
Hearing Time: 10:00 a.m.

Objection Date: March 9, 2016

*Attorneys for Defendants on Exhibit A
to Notice of Motion*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>            Plaintiff,<br>v.<br><br>DEFENDANTS LISTED ON EXHIBIT A TO NOTICE OF MOTION<br><br>            Defendant. | |

**DECLARATION IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THE COMPLAINTS PURSUANT TO FED. R. CIV. P. 37(b). 41(b) BASED UPON THE TRUSTEE'S WRONGFUL CONDUCT AND TO QUASH SUBPOENA AND FOR THE <u>ENTRY OF A PROTECTIVE ORDER</u>**

I, HELEN DAVIS CHAITMAN, declare pursuant to 28 U.S.C. § 1746, that the following

{00018703 3}                                                     1

is true based upon my personal knowledge and documents I possess:

1. On January 27, 2016, this Court held a chambers conference with counsel for the Trustee and with me on behalf of several of my clients whose bank records the Trustee had subpoenaed on or about January 25, 2016. The cases in which the Trustee had subpoenaed the bank accounts of my clients, of which I am aware, are the following:

| Case | Docket No. | Bank Subpoenaed |
|---|---|---|
| *Picard v. Robert Roman* | Adv. Pro. No. 10-04292 | Citibank |
| *Picard v. Joan Roman* | Adv. Pro. No. 10-04302 | Citibank |
| *Picard v. Barbanel* | Adv. Pro. No. 10-04321 | Capital One Bank<br>HSBC USA Inc. |
| *Picard v. Alpern* | Adv. Pro. No. 10-04327 | Capital One Bank<br>J.P. Morgan Chase<br>HSBC USA Inc.<br>Wells Fargo Bank<br>Firstbank<br>PNC Bank |
| *Picard v. Roth* | Adv. Pro. No. 10-04324 | Bank of America<br>J.P. Morgan Chase |
| *Picard v. David Shapiro Nominee* | Adv. Pro. No. 10-04328 | Bank of America<br>J.P.Morgan Chase |
| *Picard v. David Shapiro Nominee 2* | Adv. Pro. No. 10-04325 | Bank of America<br>J.P.Morgan Chase |
| *Picard v. David Shapiro Nominee 3* | Adv. Pro. No. 10-04314 | Bank of America<br>J.P. Morgan Chase |
| *Picard v. David Shapiro Nominee 4* | Adv. Pro. No. 10-04305 | Bank of America<br>J.P.Morgan Chase<br>Wells Fargo Bank |
| *Picard v. Saren-Lawrence* | Adv. Pro. No. 10-04898 | Valley National Bank |
| *Picard v. Wilenitz/Berezin* | Adv. Pro. No. 10-04995 | Citigroup, Inc. |

2. The purpose of the conference, *inter alia,* was to discuss my request to file a motion for a protective order quashing the subpoenae on the grounds that the Trustee was wrongfully seeking discovery in order to obtain the facts necessary to state a claim against subsequent transferees; the documents sought were irrelevant; and the documents sought were confidential. The conference was attended by six or seven attorneys from Baker & Hostetler LLP on behalf of the Trustee.

{00018703 3 }                                    2

3. As admitted by Edward J. Jacobs, Esq. of Baker & Hostetler LLP, the Trustee's counsel made a representation to the Court and to me at the conference:

> that we would hold the subpoenas for cases handled by Ms. Chaitman in abeyance for 30 days from the Trustee's service of requests for admissions to provide the Defendants an opportunity to admit to the relevant transfers and relevant account activity. Further, as Ms. Chaitman well-knows, we informed the Court that as a general practice in all of our cases, our practice is to serve both requests for admissions and draft transfer fact stipulations in the hopes of narrowing or avoiding – the fullest extent possible – discovery on uncontested matters. In the instant case, the Trustee promptly informed the subpoenaed banks to hold the subpoenas in abeyance on January 28, 2016 – the day after the conference – to provide the Defendants an opportunity to make admissions.

See February 2, 2016 letter from Mr. Jacobs (Docket 10-04327 at ECF #82), annexed hereto as Exh. 1.

4. At a hearing before the Court on February 11, 2016, the Court authorized me to file a motion for a protective order with respect to the subpoenae served by the Trustee on defendants' banks. The Court's recollection of the chambers conference was as follows:

> THE COURT: Okay. I thought he said that was his practice. Subpoenas may have gone out but his intention was to serve the subpoenas and then hold compliance in abeyance to give the party an opportunity, you or anybody else, an opportunity to either enter into a stipulation of facts, admit in response to notices of admission or at least narrow the area of dispute.

See Transcript dated February 11, 2016 at 6:9-15, annexed hereto as Exh. 2.

5. At the end of the argument on February 11, 2016 the Court ruled as follows:

> THE COURT: But they're concerned about spoliation that's arisen with respect to one of the banks. It has nothing to do with you. But they can't get bank records prior to 2007 from one of the banks. And it's important, I think, that they put the banks on notice to preserve the records. My understanding of what occurred was that whether or not they served the subpoenas, they were free to serve

{00018703 3}                                3

> the subpoenas for the reason I just stated but they would not seek
> to enforce those subpoenas against the third parties before
> they gave the defendant in a particular case an opportunity to
> either admit in one form -- to admit in one form or another
> that the transfers were the transfers as alleged in the
> complaint. And to the extent there were affirmative defenses
> that implicated the bank records or the defendant was unable to
> admit a particular transfer, then they're free to go ahead.
> Well, they're free to go ahead anyway but their representation
> was they didn't. But they're not going to give up control of
> the timing of the case. **So they'll serve the subpoena. They'll
> wait 30 days after they serve the -- deliver the proposed
> stipulation or request for admission. And, you know, if they
> don't like what they get, I supposed they'll tell you they're
> going to go forward with it and then you can argue about
> whether or not they should go forward with it.**

*See* Exh. 2 at 14:24 - 15:21; emphasis added.

6. Thus, the Court's clear order was that the Trustee could serve subpoenae on banks but then had to "wait 30 days after they serve the – deliver the proposed stipulation or request for admission."

7. The Trustee has flatly violated that order. On February 18, 2016, the Trustee emailed letters to two banks demanding compliance with the Trustee's subpoenae by February 25, 2016 requiring production of the bank records of the following defendants: *Roth,* the *Shapiro cases, Alpern, Saren-Lawrence, Barbanel,* and *Wilenitz/Berezin.* See Exh. 3.

8. The Trustee demanded compliance with its subpoenae by February 25, 2016 even though the Trustee has not served any discovery demands in the four *Shapiro* cases; the Trustee did not serve requests to admit in the *Roth* case until February 12, 2016; the Trustee did not serve requests to admit in the *Barbanel* case until February 12, 2016; and the Trustee did not serve requests to admit in the *Alpern Revocable Trust* case until February 10, 2016. See Exhs. 4, 5 and 6 annexed hereto.

9. Similarly, the Trustee demanded compliance by February 25, 2016 with his

{00018703 3 }                                  4

subpoenae on a bank used by Robert and Joan Roman even though the Trustee did not serve requests to admit on the Romans until February 12, 2016. See Exhs. 7 and 8 annexed hereto. Thus, their responses are not due until March 11, 2016.

10. On February 19, 2016, this Court entered an order prohibiting me from interfering with a third party's compliance with a subpoena. However, the Court ordered that:

> In the event of a dispute, the parties should first confer in good faith, and if they cannot resolve their dispute, promptly advise the Court and request a conference. Pending the completion of the conference, compliance with the subpoena will be stayed as to the disputed disclosures, and if practical, the third party shall comply with the balance of the subpoena.

11. The Trustee has insisted upon compliance by February 24, 2016 by Valley National Bank with his subpoena for all of the bank records of Helene Saren-Lawrence despite the fact that Ms. Saren-Lawrence admitted all transfers into and out of the account from January 1, 2001 on (see Exh. 9 annexed hereto, response to Request # 1) and despite the fact that the subpoenaed accounts are joint accounts with Ms. Saren-Lawrence's husband, James Lawrence, who has been the sole source of support for the couple since December 2006. *See* the accompanying declaration of James Lawrence dated February 23, 2016.

12. On February 24, 2016, I wrote to the Trustee's counsel and requested a meet and confer with respect to each of the subpoenae the Trustee has served. See Exh. 10. Under the February 19, 2016 order, that stayed enforcement of the subpoenae and I requested that the Trustee's counsel so inform all the banks. To the best of my knowledge, the Trustee's counsel has ignored my request and ignored this Court's February 19, 2016 order.

The statements made herein are true based upon my personal knowledge.

February 25, 2016

/s/ *Helen Davis Chaitman*

{00018703 3 }                                    5