# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

February 29, 2016

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB)
              *Picard v. Alpern*, Adv. Pro. No. 10-04327 (SMB)
              *Picard v. Barbanel,* Adv. Pro. No. 10-04321 (SMB)
              *Picard v. Robert Roman,* Adv. Pro. No. 10-04292 (SMB)
              *Picard v. Joan Roman,* Adv. Pro. No. 10-04302 (SMB)
              *Picard v. Barbanel,* Adv. Pro. No. 10-04321 (SMB)
              *Picard v. Roth,* Adv. Pro. No. 10-04324 (SMB)
              *Picard v. David Shapiro,* Adv. Pro. No. 10-04328 (SMB)
              *Picard v. David Shapiro,* Adv. Pro. No. 10-04325 (SMB)
              *Picard v. David Shapiro,* Adv. Pro. No. 10-04314 (SMB)
              *Picard v. David Shapiro,* Adv. Pro. No. 10-04305 (SMB)

**Court Conference on March 1, 2016 at 10:00 a.m.**

Dear Judge Bernstein:

      I write to address the Trustee's proposed contempt motion against me, and to request permission to file a cross-motion to hold the Trustee's counsel in contempt for (a) violating this Court's February 19, 2016 Order (the "Order"), (b) violating this Court's February 11, 2016 Order, and (c) breaching a representation made to the Court and to me in chambers on January 26, 2016. I ask for discovery and an evidentiary hearing.

      The indisputable facts, summarized in this Letter, show that it is the Trustee's counsel, not I, who have repeatedly flouted this Court's orders. The Order provides as follows:

> In accordance with the Bench Ruling, as incorporated herein, all attorneys and other individuals employed by Chaitman LLP are hereby prohibited from communicating or otherwise interfering with any third party regarding **its compliance with** any pending or forthcoming subpoena issued by the Trustee. **In the event of a dispute, the parties should first confer in good faith, and if they**

{00018787 1 }

**CHAITMAN LLP**

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel, Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898, 10-04327, 10-04321, 10-04292, 10-04302, 10-04321, 10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
2

> **cannot resolve their dispute, promptly advise the Court and request a conference. Pending the completion of the conference, compliance with the subpoena will be stayed as to the disputed disclosures, and if practical, the third party shall comply with the balance of the subpoena.**

The Order clearly contemplates informing subpoenaed parties if there was an objection to the subpoena; that the parties were obligated to meet and confer in the event of a dispute; and that if the parties could not resolve their dispute, compliance with the subpoena would be stayed as to the disputed disclosures, and if practical, the third party would comply with the balance of the subpoena.[1] There is no way partial compliance could occur without informing the subpoenaed party that there was a dispute about the subpoena that would have to be resolved before production of the disputed material. As set forth below, what the Trustee's proposed motion reduces to is that the Trustee's counsel has a complete license to violate the Court's orders, but I am in contempt if I simply inform counsel for a subpoenaed bank of the substance of the Order when the Trustee's counsel is flagrantly violating it. There can be no contempt based on the act of merely informing subpoenaed parties that the Trustee is asking them to do something that would violate a court order.

### I. The Trustee – not I – violates the Order in numerous cases

The basis for the Trustee's proposed contempt motion derives from the following series of events.

#### A. The Saren-Lawrence case

1. At 3:20 p.m. on February 22, 2016, I emailed Marie Carlisle of Baker & Hostetler LLP ("B&H"), explaining that I had been retained by James Lawrence, the husband of defendant Helene Saren-Lawrence, and that I was writing to request a meet and confer, in accordance with the Order, with respect to the Trustee's subpoena on Valley National Bank ("Valley National") because the Trustee had already received financial statements and checks from Valley National showing all of Ms. Saren-Lawrence's transfers to and from Madoff. (*See* February 23, 2016 letter from Edward J. Jacobs of B&H to the Court, ECF No. 59, Ex. A). All that remained were confidential and completely irrelevant financial transactions involving Ms. Saren-Lawrence and James Lawrence. I ended the email by asking that Ms. Carlisle copy me on her communication with Valley National Bank "so that I am assured that you have advised them that, pending the

---

[1] With respect to the Order's stay effect pending a dispute between the parties, this was plainly contemplated by the parties and this Court's February 11, 2016 Order. (*See* Transcript 15:16-21 February 11, 2016) ("So they'll serve the subpoena. They'll wait 30 days after they serve the . . . proposed stipulation or request for admission. And, you know, if they don't like what they get, I supposed they'll tell you they're going to go forward with it and then **you can argue about whether or not they should go forward with it.**") (emphasis added).

{00018787 1 }

**CHAITMAN LLP**

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel,
Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898,
10-04327, 10-04321, 10-04292, 10-04302, 10-04321,
10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
3

completion of the [Court] conference, compliance with the subpoena is stayed." (*See id.*, Ex. A at 3). This request was fully compliant with the Order.

2. In violation of the Order, B&H did not respond to my request to meet and confer.

3. Instead, at 6:38 p.m. on the same day, February 22, 2016, I was cc'd on an email from the Trustee's counsel, Karen Cullen of Windels Marx, to Valley National's in-house counsel demanding that he let her know whether Valley National will produce the full and unredacted records from the accounts of Mr. Lawrence and Ms. Saren-Lawrence. (*See id.*, Ex. A at 1). This email was a direct violation of the Order because compliance with the subpoena was stayed once I requested a meet and confer, as I did three hours and 18 minutes earlier.

4. At 7:01 p.m., I responded to all on Karen Cullen's email explaining that my 3:20 p.m. email to the Trustee's counsel stayed compliance with the subpoena pending a conference with the Court, pursuant to the Order. I explained that I would be seeking relief from the Court the next day. (*See id.*, Ex. A at 1).

Thus, clearly, it was the Trustee's counsel who violated the Order, not I. If informing Valley National's in-house counsel of the terms of the Order constitutes a contempt in the Court's view, I apologize to the Court. I had no intention to violate the Court's order and the plain reading of the Order makes clear that it would be necessary to communicate with the subpoenaed party that there was a dispute that would have to be resolved by the Court. I did not initiate any communication with Valley National's counsel. I simply was pointing out to everyone on Ms. Cullen's email what the Order required because, obviously, Ms. Cullen was violating the Order.

B. The Alpern and Barbanel cases

1. On February 18, 2016, Karen Cullen wrote to counsel for Capital One Bank, FirstBank, and Wells Fargo demanding compliance with the Trustee's subpoenas in the *Alpern* and *Barbanel* cases by November 25. The email to Capital One Bank was cc'd to Kim Longo. (*See* Ex. 1 hereto).

2. On February 24, 2016, I responded to all on the email as follows:

> I am requesting a meet and confer with respect to this subpoena which, pursuant to Judge Bernstein's February 19, 2016 order, stays compliance with the outstanding subpoena. Please comply with Judge Bernstein's order, Karen.

(*See* Ex. 2 hereto).

3. On February 25, 2016 at 2:20 p.m., Kim Longo wrote to counsel for Capital One Bank claiming that my request for a meet and confer was improper and that it did not stay

**CHAITMAN LLP**

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel,
Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898,
10-04327, 10-04321, 10-04292, 10-04302, 10-04321,
10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
4

compliance with the subpoena.  (*See* Ex. 1 hereto).  This was an outright violation of the Order.

    4.        On February 25, 2016 at 2:25 p.m., I cc'd all parties on Ms. Longo's email as follows:

> I respectfully disagree.  The February 19th order is clear on its face.  In any event, we will be filing a motion for a protective order before tomorrow morning.

(*See* Ex. 1 hereto).

    5.        The Trustee's counsel was also pressing JPMorgan Chase to produce documents in the *Alpern* case and, on February 25, 2016 at 5:03 p.m. I was cc'd on an email to various attorneys at B&H that these documents would be produced after 3 p.m. the following day.  At 5:07 p.m. I wrote to all parties to the email:

> In accordance with Judge Bernstein's February 19, 2016 order, compliance with the subpoena is stayed because I requested a meet and confer with the Trustee's counsel to narrow the subpoena (which they declined) and I will be filing, tomorrow morning, a motion to quash the subpoena.

(*See* Ex. 3 hereto).

Again, if these communications, in the Court's view, violate the Order, I apologize to the Court.  However, in the face of the flagrant violations of the Order by the Trustee's counsel, I felt I had an obligation to the Court and to my clients to inform the banks' counsel that compliance with the subpoena had been stayed pursuant to the Order.

On February 25, 2016, I emailed David Proano, Nick Cremona, Edward Jacobs, Maximillian Shifrin, Gretchen Lange, and Darren Crook, requesting a meet and confer on the *Barbanel* and *Alpern* subpoenas.  On February 25, 2016, Mr. Proano responded:

> We already conferred with you and held multiple conferences with the Court, which have all concluded, on your objections to our Rule 45 subpoenas.  The Court invited you to file your motions for protective orders, but you have not done so.  Accordingly, we are not holding any of these subpoenas in abeyance.

(*See* Ex. 4 hereto).

Mr. Proano's response is a patent violation of the Order.  Moreover, it is false: we never conferred concerning the two subpoenas the Trustee served in the *Barbanel* case.  Nor did we ever confer concerning the six subpoenas the Trustee served in the *Alpern* case.

{00018787 1 }

**CHAITMAN LLP**

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel,
Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898,
10-04327, 10-04321, 10-04292, 10-04302, 10-04321,
10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
5

C.   The Shapiro, Roman, and Roth cases

On February 24, 2016, I sent emails to David Proano *et al.* requesting that we meet and confer concerning the two subpoenas the Trustee served in the *Roman* cases; the two subpoenas the Trustee served in the *Roth* case; and the eight subpoenas the Trustee served in the *Shapiro* cases. Mr. Proano's response in each of these cases was to refuse to meet and confer with me. (*See* Ex. 5 hereto). Again, this is a patent violation of the Order.

**II.   Other actions of contempt by the Trustee**

A.   The Trustee is abusing Fed. R. Civ. P. 45

On July 16, 2015, this Court dismissed the Trustee's "barebones allegations" against subsequent transferees because those claims were not pled with the specificity required to satisfy the Federal Rules of Civil Procedure. *See Picard v. Weiner,* Adv. Pro. No. 10-04323, Order, July 16, 2015; s*ee also In Re Madoff*, Memorandum Decision on Omnibus Motion to Dismiss, June 2 at 50-53. Shortly thereafter, the Trustee commenced a fishing expedition for the information that would be necessary to state claims against subsequent transferees by serving expansive subpoenas on defendants' banks. This is in direct violation of clearly established law. *See Ashcroft v. Iqbal,* 556 U.S. 662, 687 (2009) ("Because the Respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) ("[T]hat the plaintiff might be able to 'piece together' the elements of a claim after discovery is insufficient to justify leave to amend. Discovery is unwarranted where it would function as a 'fishing expedition for evidence in search of a theory that has yet to be asserted.'") (quoting *In re Alper Holdings, Inc.,* 398 B.R. 736, 754 (S.D.N.Y.2008)); *Thule AB v. Advanced Accessory Holdings Corp.,* 2010 WL 1838894, at *4 (S.D.N.Y. May 4, 2010) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") *reconsideration granted on other grounds,* 2010 WL 2287012 (S.D.N.Y. June 1, 2010); *DD v. Lincoln Hall*, 2010 WL 69502, at *12 (S.D.N.Y. Feb. 19, 2010) ("Plaintiffs' argument that their claims should be stayed pending discovery would contravene *Iqbal'*s command that mere conclusions are insufficient to 'unlock the doors of discovery.'").

Thus, it is indisputable that the Trustee has no right to the records he seeks.[2]

---

[2] Lest there be any doubt as to the Trustee's intentions, the subpoenas call for the production of records through December 31, **2009**. (*See, e.g.*, Ex. 6 hereto). Obviously, if the issue were simply to obtain proof of transfers to and from Madoff – and not subsequent transfers – the subpoenas would have called for bank records through December 11, **2008**.

{00018787 1 }

**CHAITMAN LLP**

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel,*
*Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898,
10-04327, 10-04321, 10-04292, 10-04302, 10-04321,
10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
6

B. <u>The Trustee has disavowed his own representations to counsel and this Court, and has violated this Court's February 11, 2016 Order</u>

This Court held an *in camera* conference on January 26, 2016 to address, *inter alia*, my objection to the subpoena served on Valley National which seeks the personal bank records of the defendant in *Picard v. Helen Saren-Lawrence*, Adv. Pro. No. 10-04898. In that conference, attended by me and by, I believe, seven attorneys from B&H on behalf of the Trustee, I explained my concern that the Trustee was serving subpoenas on banks in order to illegally obtain evidence against subsequent transferees. I explained that I was aware of instances where the Trustee's counsel had served subpoenas in cases where discovery had not yet begun and the defendants had not been given an opportunity to admit or deny transfers into and out of their Madoff accounts. Indeed, on January 26, 2016, I had received an email from David Proano, enclosing nine subpoenas on banks calling for the production of the entire bank records of defendants in cases in which no discovery had even been served by the Trustee's counsel.

In response, the Trustee's counsel denied my contention that they were seeking evidence of subsequent transfers and insisted that they only needed to serve subpoenas on banks in situations where defendants did not admit to transfers into and out of their Madoff accounts. Accordingly, the Trustee represented that he "would hold the subpoenas for cases handled by Ms. Chaitman in abeyance for 30 days from the Trustee's service of requests for admissions to **provide the Defendants an opportunity to admit to the relevant transfers and relevant account activity.**" (*See Picard v. Saren*-Lawrence, Adv. Pro. 08-1789, ECF No. 49, Ex. 1) (emphasis added). While this representation was not incorporated into an order, it was a representation by counsel in the presence of the Court and, as is commonly understood, such representations are treated as absolutely binding.

The Court obviously recognized that the bank subpoenas would be unnecessary if the defendants admitted to the transfers during the period covered by the bank records because, during a February 11, 2016 conference in open court, the Court stated the agreement in chambers as follows: "[the Trustee's] intention was to serve the subpoenas and then **hold compliance in abeyance to give the party an opportunity, you [Defendant] or anybody else, an opportunity to either enter into a stipulation of facts, admit in response to notices of admission or at least narrow the area of dispute."** (*See* Transcript 6:10-15 February 11, 2016; emphasis added). In my experience, a statement like this by the Court constitutes an order, but, obviously, the Trustee's counsel did not consider themselves bound by it. In fact, the Trustee has moved forward with subpoenae in cases where the defendants (a) have not been served with discovery, (b) have not yet responded to discovery, and (c) in cases where defendants have conceded the deposits and withdrawals during the period covered by the bank records.

**CHAITMAN LLP**

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel,
Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898,
10-04327, 10-04321, 10-04292, 10-04302, 10-04321,
10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
7

### 1. The Trustee seeks compliance in cases where defendants have admitted the transfers

In *Picard v. Saren-Lawrence*, the defendant does **not** dispute the Trustee's records of deposits and withdrawals for the period from 2001 to the present to the extent they are consistent with the records subpoenaed from defendant's accountant, Friedman LLP, (*see* Helene Saren-Lawrence's Amended Responses to Plaintiff's Requests for Admissions, February 3, 2016 ¶¶ 1-5, 10-15, ECF No. 51, Ex. B), and (b) Valley National has produced redacted bank records evidencing **all** transfers to and from Defendant's account and Bernard L. Madoff Investment Securities, LLC ("BLMIS") between January 2007 and December 2008. (*See* ECF No. 45, Ex. A).[3] Thus, there is no legitimate purpose for the Trustee to seek enforcement of its subpoena. The Trustee is doing so only to obtain information about subsequent transfers – which he is prohibited by law from doing.

### 2. The Trustee seeks compliance with in cases where defendants have not had an opportunity to admit or deny the transfers

The Trustee has further violated this Court's order by demanding compliance with Subpoenas before providing certain defendants an opportunity to admit or deny the relevant transfers. For example, on February 18, 2016, the Trustee emailed letters to the subpoenaed banks in the *Shaprio, Barbanel, Roth, and Alpern* cases demanding compliance with the subpoenas by February 25, 2016. The Trustee demanded compliance with the Subpoenas by February 25, 2016 even though the Trustee (a) had not even served any discovery demands in the four *Shapiro* cases; (b) did not serve requests to admit in the *Roth* and *Barbanel* cases until February 12, 2016; and (c) did not serve requests to admit in the *Alpern* case until February 10, 2016. Moreover, the Trustee has in his possession all of Madoff's bank records from December 1998 on. Thus, he doesn't need the defendants' bank records; he can prove the transfers from his own records. (*See* Declaration of Lisa Collura, July 14, 2015 ¶ 19).

Thus, it is the Trustee who has violated this Court's orders and proceeded in a totally illegal fashion.

### C.   Legal standard for contempt

"All courts . . . have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order." *In re McLean Indus., Inc.*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) (citing cases). "A court is justified in holding a party in civil contempt when: (1) the court's order was 'clear and unambiguous;' (2) the proof of noncompliance is clear and convincing; and (3) the party has failed

---

[3] Valley National, as per its routine destruction policies, does not have records relating to Defendant's accounts prior to January 2007.

# CHAITMAN LLP

Honorable Stuart M. Bernstein
*Irving H. Picard v. Saren-Lawrence, Alpen, Barbanel,*
*Roman, Roth, Shapiro,* Adv. Pros. Nos. 10, 04898,
10-04327, 10-04321, 10-04292, 10-04302, 10-04321,
10-04324, 10-04328, 10-04325, 10-04314, 10-04305
February 29, 2016
8

to make reasonably diligent efforts to comply. *ACLI Gov't Sec., Inc. v. Rhoades*, 989 F. Supp. 462, 465 (S.D.N.Y. 1997) *aff'd,* 159 F.3d 1345 (2d Cir. 1998). In civil contempt cases, the aggrieved party may institute the action. *See, e.g.*, *In re Magwood*, 785 F.2d 1077, 1081 (D.C. Cir. 1986). "The complaining party controls the course of the proceeding." *See* Wright & Miller, Federal Practice & Procedure, § 2960 (3d ed.) ("Wright & Miller"). An evidentiary hearing is generally appropriate in connection with contempt proceedings. *See, e.g.*, *id.* § 707 (4th ed.).

Thus, I request to take discovery from the Trustee and his counsel, and to hold an evidentiary hearing with respect to my requested cross-motion to hold the Trustee's counsel in contempt.

The Trustee has created a circus in this Court because he is unhappy that the Court dismissed the subsequent transferee claims and he is abusing his subpoena power to obtain evidence to support such claims. This is a clear violation of law and the Trustee's counsel have compounded this violation by repeated acts of contempt of this Court's orders.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman Esq.

HDC/gmd
Encls.

cc:    Edward Jacobs: ejacobs@bakerlaw.com, counsel for the Trustee
       David J. Sheehan: dsheehan@bakerlaw.com, counsel for Trustee
       Barry J. Glickman: bglickman@zeklaw.com, counsel for Valley National Bank
       Karen Cullen: kcullen@windelsmarx.com, counsel for Counter-Defendant Irving H. Picard, Irving: rpicard@bakerlaw.com, Trustee

{00018787 1 }