# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 29, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658 (SMB);
        *Picard v. Carol Nelson, et al.*, Adv. Pro. No. 10-04377 (SMB);
        *Picard v. Russell L. Dusek*, Adv. Pro. No. 10-04644 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to respectfully request permission to move the Court for a protective order pursuant to Fed. R. Civ. P. 26(c) prohibiting the defendants' attempted discovery into the Trustee's compensation structure.  Given the nature, spirit, and history of the requests at issue, a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) and (3) is particularly appropriate.

      On February 22 and 23, 2016, the defendants in the above-referenced cases served interrogatories on the Trustee (the "Interrogatories"),[1] most of which pertain exclusively to the Trustee's compensation structure.  *See* Ex. A.  The requests relate to a frivolous and unsubstantiated argument asserted by Ms. Chaitman that this Court has rejected and two additional judges have found to be both frivolous and irrelevant to any claim or defense at issue in the Trustee's avoidance actions.  *See* Mem. And Order, *In re Bernard L. Madoff Inv. Sec. LLC*, No. 15 Civ. 06564 (GBD) (S.D.N.Y. Feb. 11, 2016), ECF No. 12; July 28, 2011 Oral

---

[1] The Trustee notes that the requests served in Adversary Proceeding Nos. 10-04658 and 10-04377 are untimely and the defense to which they relate, however frivolous, is not even asserted in the respective Answers.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

February 29, 2016
Page 2

Argument Tr. at 12:02-32, *Irving H Picard v. Greiff*, No. 11 Civ. 03775 (S.D.N.Y. July 28, 2011), ECF No. 17; Mem. Dec Regarding Omnibus Mots. To Dismiss, *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. June 2, 2015), ECF No. 10089.

      Notwithstanding these prior findings, Ms. Chaitman nevertheless continues to pursue harassing discovery into these irrelevant claims.

      On February 29, 2016, counsel for the Trustee conferred with Ms. Chaitman in an attempt to resolve the dispute without burdening the Court. We communicated our position and requested that the defendants withdraw the Interrogatories in their entirety. Ms. Chaitman refused our request, and we believe that any further conferral efforts with Ms. Chaitman on this issue will be futile.

      Consequently, we respectfully request permission to file a motion for a protective order prohibiting any discovery whatsoever into the Trustee's compensation structure, as well as the recovery of all costs and fees associated with filing the motion. While the Trustee does not believe a hearing is necessary, counsel to the Trustee will appear in person or provide additional information as directed by the Court.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022