**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04898 (SMB) |
| Plaintiff, | |
| v. | |
| HELENE SAREN-LAWRENCE, | |
| Defendant. | |

## OBJECTION TO NOTICE OF SETTLEMENT OF ORDER AND COUNTER-PROPOSED ORDER

Plaintiff Irving H. Picard, as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff (the "Trustee"), respectfully objects to the proposed form of order ("Proposed Order") submitted by defendant Helene Saren-Lawrence ("Defendant").

The Proposed Order submitted by Defendant significantly expands the Court's bench ruling by attempting to apply it beyond the instant adversary proceeding. The Trustee's counsel did not understand the Court's prohibition on further communications with subpoenaed parties to apply in any adversary proceeding other than the above-captioned matter. The Trustee by necessity must be able to communicate with subpoenaed parties across his cases in connection with the day-to-day management of his subpoenas, and there is no evidence before the Court that any such past communications have been improper.

This interpretation is consistent with the Court's directive at the March 1, 2016 hearing that, "[w]ith respect to Valley National Bank, only in the Sarah Lawrence [sic] case the discovery is stayed pending a resolution of the motions that's actually going to be heard on March 23rd." *See* March 1, 2016 Hearing Transcript, at 14:21. It is also consistent with the fact that the Court held the hearing only in the above-captioned adversary proceeding in response to a request submitted only by Ms. Saren-Lawrence. Accordingly, the Trustee respectfully requests that the Court enter the order in, and limit it to, the *Saren-Lawrence* matter. Attached hereto as Exhibit A is the Trustee's proposed order.

| | |
|---|---|
| Dated: March 3, 2016<br>New York, NY | **BAKER & HOSTETLER LLP** |
| Of Counsel: | By: */s/ Edward J. Jacobs*<br>David J. Sheehan, Esq.<br>Email: dsheehan@bakerlaw.com |
| **BAKER & HOSTETLER LLP**<br>811 Main, Suite 1100<br>Houston, Texas 77002-6111<br>Telephone: (713) 751-1600<br>Facsimile: (713) 751-1717<br>Dean D. Hunt, Esq.<br>Email: dhunt@bakerlaw.com<br>Rachel M. Smith, Esq.<br>Email: rsmith@bakerlaw.com<br>Marie L. Carlisle, Esq.<br>Email: mcarlisle@bakerlaw.com | Nicholas J. Cremona, Esq.<br>Email: ncremona@bakerlaw.com<br>Edward J. Jacobs, Esq.<br>Email: ejacobs@bakerlaw.com<br>45 Rockefeller Plaza<br>New York, NY 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |

300383199.1