**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01161 (SMB) |
| v. | |
| FEDERICO CERETTI, *et al.*, | |
| Defendants. | |

**DECLARATION OF ANTHONY M. GRUPPUSO, ESQ. IN SUPPORT OF TRUSTEE'S APPLICATION BY ORDER TO SHOW CAUSE FOR ENTRY OF AN ORDER COMPELLING DEFENDANTS KINGATE GLOBAL FUND, LTD. AND KINGATE EURO FUND, LTD. TO PRODUCE DOCUMENTS**

Anthony M. Gruppuso, Esq. hereby declares as follows:

1. I am a member of the Bar of the State of New York and this Court, and counsel at Baker & Hostetler LLP, attorneys for the Trustee.

2. I am fully familiar with the facts set forth herein based either upon my own personal knowledge or information conveyed to me that I believe to be true. I make this Declaration in support of the Trustee's application by order to show cause for entry of an order compelling defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (collectively, the "Funds") to produce documents (the "Application").

3. For the Court's convenience and ease of reference, a true and correct copy of the following documents are attached:

   A. Attached hereto as **Exhibit A** is a true and correct copy of the Trustee's First Set of Requests for Production of Documents and Things to Defendant Kingate Global Fund, Ltd. dated October 7, 2015, and a true and correct copy of the Trustee's First Set of Requests for Production of Documents and Things to Defendant Kingate Euro Fund, Ltd. dated October 7, 2015.

   B. Attached hereto as **Exhibit B** is a true and correct copy of Defendant Kingate Global Fund Limited's Responses and Objections to the Trustee's First Requests for Production dated November 6, 2015, and a true and correct copy of Defendant Kingate Euro Fund Limited's Responses and Objections to the Trustee's First Requests for Production dated November 6, 2015.

   C. Attached hereto as **Exhibit C** is a true and correct copy of a letter from Karin S. Jenson, Esq. to Robert S. Loigman, Esq. dated October 5, 2015.

   D. Attached hereto as **Exhibit D** is a true and correct copy of a letter from Lindsay M. Weber, Esq. to Karin S. Jenson, Esq. dated October 13, 2015.

   E. Attached hereto as **Exhibit E** is a true and correct copy of a letter from Karin S. Jenson, Esq. to Lindsay M. Weber, Esq. dated November 12, 2015.

1

F.  Attached hereto as **Exhibit F** is a true and correct copy of a letter from Lindsay M. Weber, Esq. to Karin S. Jenson, Esq. dated November 23, 2015.

G.  Attached hereto as **Exhibit G** is a true and correct copy of a letter from Karin S. Jenson, Esq. to Lindsay M. Weber, Esq. dated November 24, 2015.

H.  Attached hereto as **Exhibit H** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. the Honorable Stuart M. Bernstein dated December 2, 2015.

I.  Attached hereto as **Exhibit I** is a true and correct copy of a letter from Robert S. Loigman, Esq. to the Honorable Stuart M. Bernstein dated December 8, 2015.

J.  Attached hereto as **Exhibit J** is a true and correct copy of an email from Geraldine E. Ponto, Esq. to Rex Lee, Esq. dated December 11, 2015.

K.  Attached hereto as **Exhibit K** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. to Robert S. Loigman, Esq. dated December 17, 2015.

L.  Attached hereto as **Exhibit L** is a true and correct copy of a letter from Lindsay M. Weber, Esq. to Geraldine E. Ponto, Esq. dated December 23, 2015, without attachments.

M.  Attached hereto as **Exhibit M** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. to Lindsay M. Weber, Esq. dated January 5, 2016.

N.  Attached hereto as **Exhibit N** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. to Lindsay M. Weber, Esq. dated January 7, 2016.

O.  Attached hereto as **Exhibit O** is a true and correct copy of a series of emails exchanged on January 8, 2016 and January 11, 2016.

P.  Attached hereto as **Exhibit P** is a true and correct copy of a letter from Lindsay M. Weber, Esq. to Geraldine E. Ponto, Esq. dated January 11, 2016.

Q.  Attached hereto as **Exhibit Q** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. to Robert E. Loigman, Esq. dated January 19, 2016.

2

R.      Attached hereto as **Exhibit R** is a true and correct copy of a letter from Robert S. Loigman, Esq. to Geraldine E. Ponto, Esq. dated January 20, 2016.

S.      Attached hereto as **Exhibit S** is a true and correct copy of an email from Geraldine E. Ponto, Esq. to Robert S. Loigman, Esq. dated January 20, 2016.

T.      Attached hereto as **Exhibit T** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. to the Honorable Stuart M. Bernstein dated January 22, 2016.

U.      Attached hereto as **Exhibit U** is a true and correct copy of a letter from Robert S. Loigman, Esq. to the Honorable Stuart M. Bernstein dated January 26, 2016.

V.      Attached hereto as **Exhibit V** is a true and correct copy of a letter from Geraldine E. Ponto, Esq. to the Honorable Stuart M. Bernstein dated January 26, 2016.

W.      Attached hereto as **Exhibit W** is a true and correct copy of the Litigation Protective Order entered in Adv. Pro. No. 08-01789 on June 6, 2011.

X.      Attached hereto as **Exhibit X** are true and correct copies of the Agreement between Kingate Global Fund, Ltd. and Kingate Management Limited purportedly dated as of November 1994, and First Amendment to the Kingate Global Fund, Ltd. Management Agreement dated as of March 1, 1995.

Y.      Attached hereto as **Exhibit Y** is a true and correct copy of the Manager Agreement dated as of May 1, 2000 between Kingate Management Limited and Kingate Euro Fund, Ltd.

Z.      Attached hereto as **Exhibit Z** is a true and correct copy of the Co-Manager Agreement dated as of July 1, 2004 between Kingate Management Limited and Kingate Global Fund, Ltd.

AA.      Attached hereto as **Exhibit AA** is a true and correct copy of the Management Agreement dated as of January 1, 2006 between Kingate Management Limited and Kingate Global Fund, Ltd.

BB.      Attached hereto as **Exhibit BB** are true and correct copies of the Administration Agreement between Kingate Global Fund, Ltd., Kingate Management Limited and Hemisphere Management Limited purportedly dated as of November 1994 (and as Bates stamped KGFSAC0000593 through KGFSAC0000601), and First Amendment to the Kingate Global Fund, Ltd. Administration Agreement dated as of March 1, 1995.

CC.      Attached hereto as **Exhibit CC** is a true and correct copy of the Kingate Global Fund, Ltd. and Kingate Management Limited and Hemisphere Management Limited Restated and Amended Administration Agreement dated May 1, 2000.

DD.      Attached hereto as **Exhibit DD** is a true and correct copy of the Kingate Euro Fund, Ltd. and Kingate Management Limited and Hemisphere Management Limited Administration Agreement dated May 1, 2000.

EE.      Attached hereto as **Exhibit EE** is a true and correct copy of the Amended and Restated Administration Agreement between Kingate Global Fund, Ltd. and Kingate Management Limited and BISYS Hedge Fund Services Limited dated June 1, 2007.

FF.      Attached hereto as **Exhibit FF** is a true and correct copy of the Amended and Restated Administration Agreement between Kingate Euro Fund, Ltd. and Kingate Management Limited and BISYS Hedge Fund Services Limited dated June 1, 2007.

GG.      Attached hereto as **Exhibit GG** is a true and correct copy of the Registrar Agreement between Kingate Global Fund, Ltd., Kingate Management Limited and Hemisphere Management Limited made as of May 1, 2000.

HH.      Attached hereto as **Exhibit HH** is a true and correct copy of the Registrar Agreement between Kingate Euro Fund, Ltd., Kingate Management Limited and Hemisphere Management Limited made as of May 1, 2000.

II.      Attached hereto as **Exhibit II** is a true and correct copy of the Custodian Agreement between Kingate Global Fund, Ltd. and The Bank of Bermuda Limited and Kingate Management Limited made as of March 1, 1994.

JJ.      Attached hereto as **Exhibit JJ** is a true and correct copy of the Custodian Agreement between Kingate Euro Fund, Ltd. and The Bank of Bermuda Limited made as of May 1, 2000.

KK.      Attached hereto as **Exhibit KK** is a true and correct copy of the Kingate Management Limited and FIM Limited Distribution Agreement relating to Kingate Global Fund, Ltd. dated April 23, 2001.

LL.      Attached hereto as **Exhibit LL** is a true and correct copy of the Kingate Management Limited and FIM Limited Distribution Agreement relating to Kingate Euro Fund, Ltd. dated April 23, 2001.

MM.      Attached hereto as **Exhibit MM** are true and correct copies of the Kingate Management Limited and Kingate Global Fund, Ltd. and FIM Limited Consulting Services Agreement made as of December 1, 1995, and Amendment to Consulting Services Agreement between Kingate

4

    Management Limited and Kingate Global Fund, Ltd. and FIM Limited effective December 1, 1995.

NN. Attached hereto as **Exhibit NN** are true and correct copies of the Kingate Management Limited and FIM Limited Consulting Services Agreement relating to Kingate Global Fund, Ltd. dated April 23, 2001, and Deed of Novation between Kingate Management Limited, FIM Limited, and FIM Advisers LLP relating to Kingate Global Fund, Ltd. dated July 29, 2005.

OO. Attached hereto as **Exhibit OO** are true and correct copies of the Kingate Management Limited and FIM Limited Consulting Services Agreement relating to Kingate Euro Fund, Ltd. dated April 23, 2001, and Deed of Novation between Kingate Management Limited, FIM Limited, and FIM Advisers LLP relating to Kingate Euro Fund, Ltd. dated July 29, 2005.

PP. Attached hereto as **Exhibit PP** is a true and correct copy of the Queen's Bench decision dated November 22, 1990, *Prudential Assurance Co. v. Fountain Page, Ltd.* [1991] 1 W.L.R. 756 (QB).

QQ. Attached hereto as **Exhibit QQ** is a true and correct copy of the Court of Appeal decision dated May 23, 1997, *Mahon v. Rahn & Ors* [1998] Q.B. 424.

RR. Attached hereto as **Exhibit RR** is a true and correct copy of the House of Lords decision dated October 29, 1998, *Taylor v. Director of the Serious Fraud Office* [1999] 2 A.C. 177 (HL).

4. The attorneys for the Trustee have conferred with the attorneys for Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. in a good faith effort to resolve by agreement the issues raised by the Application without the intervention of the Court and have been unable to reach an agreement.

5. On or about October 7, 2015, the Trustee served his First Set of Requests for Production of Documents and Things to Defendant Kingate Global Fund, Ltd. and his First Set of Requests for Production of Documents and Things to Defendant Kingate Euro Fund, Ltd. (collectively, the "Requests").

6. On or about November 6, 2015, the Trustee was served with Defendant Kingate Global Fund Limited's Responses and Objections to the Trustee's First Requests for Production

5

and Defendant Kingate Euro Fund Limited's Responses and Objections to the Trustee's First Requests for Production. Among other things, the Funds objected to producing responsive documents on the basis of confidentiality obligations they purportedly owed to their shareholders under contract and/or the law of the British Virgin Islands.

7. The Funds thereafter advised counsel for the Trustee that the Funds had brought an application and commenced proceedings in a court of the British Virgin Islands for directions concerning those purported confidentiality obligations.

8. On March 1, 2016, the Funds delivered to the Trustee an order (dated February 5, 2016 and entered February 26, 2016) and note of judgment (dated February 5, 2016) issued by the BVI court that purported to provide the Funds with such directions. The order and note of judgment are consistent with and support the relief sought by the Trustee through his Application, namely, that this Court should enter an order compelling the Funds to produce all documents responsive to the Requests by a date certain.

9. The Trustee is making the Application by order to show cause because the Funds have received directions from the BVI court and have not stated a date certain by which they would produce all responsive documents as required by Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure.

10. No application for similar relief has been made.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: March 2, 2016
      New York, New York

                                                    /s/ *Anthony M. Gruppuso*
                                                        Anthony M. Gruppuso

6