# EXHIBIT E

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 12, 2015

Karin Scholz Jenson
direct dial: 212.589.4266
kjenson@bakerlaw.com

**BY E-MAIL**

Lindsay M. Weber
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Fl.
New York, NY  10010

RE:   *Picard v. Ceretti et al.,*
      *Adv. No. 09-01161 (SMB)*

Dear Lindsay:

    This will follow up on certain aspects of your letter dated October 13, 2015, our meet and confer of October 22, 2015, and the November 6, 2015 Kingate Funds' responses and objections to the Trustee's document requests.

    Your November 6 responses/objections to the Trustee's document requests generally indicate that, subject to the Funds' objections, the Funds will produce responsive documents that can be located after a reasonable search.  Previously, in your October 13 letter,  you had already provided information about the categories of documents in the Funds' possession[1] that were voluntarily produced to the Funds by their directors, Bison, Citi Hedge, Bank of Bermuda, Tremont, KML, FIM, and PwC (the "Voluntary Production").   You confirmed that these documents have already been collected by the Funds as part of the Joint Liquidators' (or their counsel's) efforts to investigate claims in connection with the Funds' investments in BLMIS. You indicated a willingness to reproduce this Voluntary Production to the Trustee, provided that the Funds resolved questions relating to the disclosure of certain shareholder information.

---

[1] This letter does not address the documents that are subject to the application to the Bermuda Supreme Court that were produced to the Funds by KML, FIM, the Trust defendants, and PricewaterhouseCoopers ("PwC") in that litigation ("Bermuda Production").

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Lindsay M. Weber
November 12, 2015
Page 2

Your October 13 letter further requests "a complete explanation" as to why shareholder information is relevant to the Trustee's claims against the Funds. As you know, on October 20, 2015, we provided that information to you, and it is repeated below:

**Relevance of Shareholder Information to Trustee**

1.    The Kingate Funds put their shareholders front and center in the narrative of their defense. For example, the Preliminary Statement of the Kingate Funds' Answer, etc. claims that the Kingate Funds' "investments were made on behalf of, and using money provided to them by, innocent investors that had no knowledge of the fraud" and that "the Kingate Funds—and through them, their innocent investors—lost hundreds of millions of dollars by investing in BLMIS."

The affirmative defenses set forth in the Kingate Funds' Answer emphasize the role of their investors, such as:

a.    the Twentieth Defense states that the "money received by the Kingate Funds from BLMIS was money that was intended to be used to pay and/or cover redemptions made by the Kingate Funds' investors"

b.    the Thirty-Third Defense states that the "Kingate Funds and their investors are victims of the Madoff fraud and any claims against them should be dismissed as unconscionable and in violation of public policy"

c.    in ¶ 5(b)(15) of the Case Management Report the Kingate Funds state that discovery will be needed on their affirmative defenses. In light of the above, therefore, the Trustee is entitled to discovery on the following:

i.    details concerning the Kingate Funds' investors that fully redeemed before the Filing Date, including, without limitation, the amount and timing of those redemptions;

ii.    the representations made by the Kingate Funds when soliciting investment dollars from their investors and related investment strategy; and

iii.    whether any of the non-Fund Defendants in this proceeding were investors in the Kingate Funds, and, therefore, are not innocent investors based upon the allegations in the Fourth Amended Complaint.

2.    The shareholders have information that would assist the Trustee, according to his mandate and duty, in tracing initial transfers from BLMIS to subsequent transferees. Knowing the who, what, where, when, and why of the transfers received by Kingate shareholders is important to the Trustee's recovery efforts and mandate, and we have limited information about the identity of all subsequent transferees (and subsequent transfers) from the Kingate Funds. Judge Bernstein has acknowledged and endorsed the Trustee's approach in other matters ("If they can recover those transfers from [the initial transferee], they're entitled to see whether [the initial transferee] transferred that money to [a subsequent transferee], because then they can recover it from the [a

Lindsay M. Weber
November 12, 2015
Page 3

subsequent transferee]." (*Picard v. Cohmad et. al*, September 1, 2015 hearing on Defendant Jonathon Greenberg's Motion to Quash Two Subpoenas.]

3.    The June 6, 2011 Litigation Protective Order, which governs in this matter, specifically contemplates that the identities of initial or subsequent transferees and the amount, receipt, and date of each transfer is discoverable and indeed, expressly not confidential, as set forth in Paragraph 4(e).  [ECF 4137]

4.    Communications with Fund shareholders is evidence of the Funds' (and its directors') knowledge of BLMIS.  For example, the Funds' response to shareholder questions and disclosures about BLMIS is highly relevant.  These include documents both before and after December 2008, as documents from both time periods may reveal what the Funds understood, what they say they knew, what they say they did in terms of disclosures and due diligence, and what public and private steps they took in light of the collapse of BLMIS.

5.    The shareholders are potential witnesses to be deposed in discovery about topics such as what the Funds told them about BLMIS, what was communicated in writing, what if anything was withheld, and what fees if any were charged, among others.

During our October 22, 2015 meet and confer, we asked that you provide specific information about what shareholder information you claim is confidential and is precluding production of the documents to the Trustee; how you are identifying it; the legal authority upon which you base your withholding of the information; who is reviewing the Voluntary Production for allegedly protected shareholder information (and in what country the Voluntary Production is being reviewed for such purpose); and how you intend to resolve those concerns.  You were unable to answer those questions completely during that conference.  As we advised on the call, we are willing to work with the Funds to resolve these concerns and facilitate the production of the Voluntary Production to the Trustee, assuming that you are now in a position to provide the information that we require to make informed decisions.  Please advise.

Your cooperation and prompt response would be appreciated.

Sincerely,

Karin S. Jenson

Copy to:        Robert S. Loigman
                Rex Lee
                David J. Sheehan
                Geraldine E. Ponto
                John Burke
                Gonzalo Zeballos
                James Sherer
                Michelle Usitalo