# EXHIBIT F

# EXHIBIT F

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7277**

WRITER'S INTERNET ADDRESS
**lindsayweber@quinnemanuel.com**

November 23, 2015

VIA E-MAIL

Karin Jenson, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re:   *Picard v. Ceretti et al.*
      Adv. Pro No. 09-01161 (SMB)

Dear Karin:

We write in response to your letter dated November 12, 2015 regarding production of documents containing confidential shareholder information.

To begin, we appreciate your identification of reasons why the Trustee believes shareholder information is relevant to his claims against the Kingate Funds in these proceedings. While we certainly do not agree with your stated positions and fully reserve our rights in that respect, we anticipate that your detailed explanation will assist the Funds in trying to obtain the authorization they need to facilitate production of documents to the Trustee. We address the Funds' proposal to overcome the confidentiality restrictions in place with respect to this information in more detail below.

Turning to the questions you raise at the end of your November 12 letter, you first ask us to identify what specific shareholder information is confidential and what is precluding its production. As we explained in our letter dated October 13 and again during our October 22 meet and confer, the Funds' subscription agreements preclude them from sharing with "non-affiliated third parties" non-public shareholder information, including names, addresses, phone numbers, or similar identifying or contact information. The shareholder agreements do allow the Funds to disclose such information of individuals if "required by law (such as to respond to a subpoena)," but it is our understanding that this exception will be read narrowly and permit disclosure only insofar as is "reasonably necessary." *See Ali Shipping Corporation v Shipyard Trogir*, [1999] 1 WLR 314 (CA). In addition, BVI law—whose common law is based very largely on English common law—imposes on the Funds a duty of confidentiality which precludes them from revealing shareholder information, without the consent of the shareholders,

Karin Jenson, Esq.
November 23, 2015

or under compulsion of law, or as is reasonably necessary to protect their own interests. *See Tournier v National Provincial and Union Bank of England*, [1924] 1KB 461 (CA). The relevant authorities indicate that compulsion of law may not include foreign (i.e., US) law, and the protection of own interests exception has also been interpreted narrowly. *See, eg.*, *Chase Manhattan Bank NA v FDC Co Ltd*, [1985] 2 HKC 470, which has been cited in English cases. In light of these restrictions, the Joint Liquidators are not able to provide confidential shareholder information at this time.

The Joint Liquidators do, however, wish to work cooperatively with the Trustee to efficiently resolve this issue so as not to delay discovery. To that end, the Joint Liquidators are prepared to make an application to the BVI court for permission to disclose shareholder information to the Trustee, or in the alternative, permission to expend resources to redact confidential shareholder information, in the event disclosure of such information is not authorized. The Joint Liquidators are preparing that application. While we cannot predict the outcome of the application, we are hopeful that it will obviate the need for motion practice in the US proceedings.

In order to increase the prospects of the Joint Liquidators obtaining the authorization needed to produce shareholder information to the Trustee, enhanced confidentiality protections may assist. In that regard, at our October 1 meet and confer, we discussed the possibility of keeping documents containing confidential investor information out of the Trustee's third party data rooms. Can we represent to the BVI court that the Trustee would agree to that restriction if the court permits production of shareholder information? Additionally, would the Trustee agree to limit use of confidential shareholder information produced by the Funds to the claims in the pending litigation between the Trustee and the Funds as those claims now stand? Absent such an agreement, the BVI court might be concerned that the Trustee is attempting to use discovery in the pending adversary proceeding as a fact finding exercise for the possible assertion of claims against non-parties, such as shareholders in the Funds. These types of concessions would (a) make the application more palatable, in our understanding, to the BVI court, and (b) reduce the likelihood that shareholders will voice objections to the Joint Liquidators' application, thereby improving the chances of an expedited resolution of this issue.

Finally, you ask us to explain how we are identifying confidential shareholder information and who is conducting the review. To identify confidential shareholder information, the Funds and their English counsel ran searches of investor names, and iterations of investor names, across their population of relevant documents being stored electronically. Documents captured by the search were then reviewed for accuracy. The Funds are now identifying documents that can be produced without risking the disclosure of shareholder information for more prompt production to the Trustee. With respect to your question regarding the location in which these documents are being reviewed, we do not see the relevance of that information.

Karin Jenson, Esq.
November 23, 2015

   To the extent you believe it would be useful to have another meet and confer on the issues raised herein we can generally make ourselves available. We look forward to your response and reserve all rights.

Sincerely,

*[signature]*

Lindsay Weber

cc:  David J. Sheehan, Esq.
   Geraldine E. Ponto, Esq.
   John Burke, Esq.
   Gonzalo Zeballos, Esq.
   James Sherer, Esq.
   Michelle Usitalo, Esq.
   Robert S. Loigman, Esq.
   Rex Lee, Esq.

3