# EXHIBIT J

| | |
|---|---|
| **From:** | Ponto, Geraldine E. |
| **Sent:** | Friday, December 11, 2015 5:36 PM |
| **To:** | Rex Lee; Robert Loigman; Lindsay Weber |
| **Cc:** | Sheehan, David J.; Jenson, Karin Scholz; Sherer, James A.; Usitalo, Michelle R. |
| **Subject:** | RE: Picard v. Ceretti, et al. Adv. Pro. No. 09-1161- Trustee's Responses and Objections to RFPs/Kingate Funds' Responses/Objections to Trustee's RFPs |

Rex,

We also would like to meet and confer with you concerning the Kingate Funds' responses and objections to the Trustee's First Set of Requests for Production. For example, the Funds have stated 22 general objections that you maintain apply to each of the Trustee's Requests in addition to specific objections. For example, the Kingate Funds' General Objection #20 objects to each Request "to the extent they seek information regarding specific shareholders in [the Kingate Funds], as production of such information may require the Joint Liquidators of [the Kingate Funds] to breach their obligations under BVI law and/or provisions included in agreements with shareholders." The Kingate Funds' General Objection # 21 objects to each Request "to the extent they seek information provided to [the Kingate Funds] by other defendants in this case in connection with [the Kingate Funds'] legal proceedings in Bermuda, as production of such information may require the Joint Liquidators of [the Kingate Funds] to breach their obligations under Bermuda law and/or agreements with these producing parties." You apply these General Objections 20 and 21 to the documents regarding the formation and structure of the defendant Kingate Funds, their officers and directors, the written agreements with their agents retained in connection with the Funds' business dealings with BLMIS, reports to the Funds' board regarding BLMIS performance, the Funds' financial statements, and auditor reports. You apply those General Objections to producing documents regarding the Funds' bank accounts, documents with Tremont, among others, and documents with regulatory and governmental bodies. Of course, these are just a handful of examples. Your responses do not tell us when you will produce those documents.

So that the Trustee can understand the bona fides of the Kingate Funds' General Objections, please provide: (1) a copy of the shareholder agreements underlying General Objection # 20, referencing specific provision(s) creating the purported obligation at issue; and (2) identify the producing parties in the Bermuda Action and the specific terms purportedly binding on the Funds that underlies General Objection # 21.

In light of the requirement for specificity under the amendments to the Federal Rules, which apply to pending cases, and to enable us to narrow issues please provide the following information: (1) the specific Requests as to which the Kingate Funds are asserting General Objection #20 or General Objection #21; (2) as to the Requests identified in answer to (1), whether the Kingate Funds are withholding from production documents responsive to each such Request based on the assertion of General Objection #20 or General Objection #21; (3) the type of documents being withheld from production; and (4) when you will produce responsive documents.

Unfortunately, December 14, after 2:30 does not work for us. We could be available on Tuesday, December 15, 2015, at either 11:00 a.m. or if that is inconvenient for you, 2:00 p.m. that day. Please advise your preference.

Thanks and enjoy the weekend.

1

Gerry

```
My Bio    Web site    vCard

T 212.589.4690        Geraldine E. Ponto
F 212.589.4201        gponto@bakerlaw.com
www.bakerlaw.com
                      BakerHostetler
                      45 Rockefeller Plaza
                      New York, NY 10111-0100

            BakerHostetler
```

**From:** Rex Lee [mailto:rexlee@quinnemanuel.com]
**Sent:** Friday, December 11, 2015 3:42 PM
**To:** Usitalo, Michelle R.; Robert Loigman; Lindsay Weber
**Cc:** Sheehan, David J.; Ponto, Geraldine E.; Jenson, Karin Scholz; Sherer, James A.
**Subject:** RE: Picard v. Ceretti, et al. Adv. Pro. No. 09-1161- Trustee's Responses and Objections to RFPs

Gerry:

Are you available to meet and confer on Monday regarding the Trustee's responses and objections to our document requests? We are free after 2:30. In particular, we would like to discuss the following:

First, in response to our requests seeking information underlying the allegations in the Trustee's complaint (*see, e.g.,* Request Nos. 7, 22, 48, 49, 50, among others), you indicate that the Trustee will not make any specific production in response to these requests and that responsive information is included among the many documents contained in the various data rooms. We would like to understand the basis of this response. Particularly with respect to the documents supporting the Trustee's allegations in the complaint, we do not see how it is appropriate to require the Funds to find these documents on their own in the various data rooms (which would also require them to guess as to what the Trustee relied on). Since the Trustee already has the documents he used to allege his claims against the Funds, these documents should be produced so that the Funds can understand the basis of the Trustee's allegations. Moreover, to the extent the Trustee intends to use any other documents that are specific to the claims in this case, those documents should be produced as well, and the Funds should not be required to canvass the data rooms for anything the Trustee may potentially use. Although the Trustee's response to Request No. 69 indicates that he will produce documents on which he may rely to support his claims or defenses, that response is at odds with the Trustee's position noted above that the Funds have to locate those documents on their own. Therefore, we would like clarification on the Trustee's position on producing the documents that support his allegations or on which he otherwise intends to rely in this case.

Second, regarding Request No. 75, you agree to produce expert reports that were submitted in adversary proceedings related to this SIPA liquidation but you state that you will not do so until expert discovery. What is the reason for the delay? Since these reports already exist, there is no burden to the Trustee in producing them now.

We look forward to speaking with you.

Thanks,
**Rex Lee**
*Of Counsel*

2

Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7163 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
rexlee@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Usitalo, Michelle R. [mailto:musitalo@bakerlaw.com]
**Sent:** Monday, December 07, 2015 10:19 PM
**To:** Robert Loigman <robertloigman@quinnemanuel.com>; Rex Lee <rexlee@quinnemanuel.com>; Lindsay Weber <lindsayweber@quinnemanuel.com>
**Cc:** Sheehan, David J. <dsheehan@bakerlaw.com>; Ponto, Geraldine E. <gponto@bakerlaw.com>; Jenson, Karin Scholz <kjenson@bakerlaw.com>; Sherer, James A. <jsherer@bakerlaw.com>
**Subject:** Picard v. Ceretti, et al. Adv. Pro. No. 09-1161- Trustee's Responses and Objections to RFPs

Attached please find the Trustee's Responses and Objections to the Kingate Funds' November 6, 2015 First Requests for Production to the Trustee and Appendices A-F.

Best,
Michelle

| My Bio | Web site | vCard |
|---|---|---|
| T 212.847.2849<br>F 212.589.4201<br>www.bakerlaw.com | Michelle Usitalo<br>musitalo@bakerlaw.com<br><br>BakerHostetler<br>45 Rockefeller Plaza<br>New York, NY 10111-0100<br><br>**BakerHostetler** | |

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are

3

present in this email, or any attachment, that have arisen as a result of e-mail transmission.

4