# EXHIBIT M

# BakerHostetler

Baker&Hostetler LLP

PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

Geraldine E. Ponto
direct dial: 212.589.4690
gponto@bakerlaw.com

January 5, 2016

**BY E-MAIL**

Lindsay M. Weber, Esq.
Quinn Emanuel
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601

Dear Lindsay:

We have carefully considered the responses in your December 23, 2015 letter ("December 23 letter") to the specific questions we posed to the Kingate Funds on December 17, 2015. Your responses are equivocal and evasive, and, particularly at this stage of the proceeding, detrimental to progress in document discovery to the Trustee. We have graphically shown you that the document production you made was approximately 6% of the over 284,000 documents you informed us you had received voluntarily from third parties. Among that 6% were many duplicates. That is a miniscule start and unacceptable. Our questions were intended to clarify facts, but your December 23 letter riddles more facts than it clarifies. For example, on October 13, 2015, you informed us the voluntary production in the Funds' possession consists of 283,000 documents. Your December 23 letter, without explanation, reduced that number to 260,000 documents. You claim that you applied the search terms listed on the December 23 letter appendix to the 260,000 documents to exclude documents potentially containing purported confidential shareholder information, netting 170,000 documents. You then searched the 170,000 documents for hits on 899 targeted shareholder names. This resulted in some number, which would appear to be 44,000 hits. But elsewhere you state that you wholesale excluded 109,000 documents from the 170,000 searched, which you "pulled from the Funds' production" based upon undisclosed document categories that might contain purported confidential shareholder information. We tried to work with your math, but found it to be sketchy. As stated above, this is merely one example of ambiguous information that begs more questions. And for the Funds to "endeavor" to get us a further production "in the near future," as your December 23 letter concludes, of course, not only tells us nothing, but also is not consistent with the Joint Liquidators' and their U.S. counsel's obligations under applicable court rules.

Lindsay M. Weber, Esq.
January 5, 2016
Page 2

To resolve the open questions, we would like to meet and confer with you by telephone on Tuesday, January 12, 2016, at 2:00 p.m., or Wednesday, January 13, 2016, at 11:00 a.m. As we have in the past, we will provide you with an agenda for discussion in advance of the meeting. If either of these dates is inconvenient, please provide us with an alternate date and time next week.

As you requested in your December 23 letter, we have ceased reviewing the limited documents you produced, but have not received the replacement production you promised us 14 days ago.

Finally, you have previously informed us that the Trustee's counsel may not attend the January 26 hearing on the Liquidators' discovery-related application before the BVI court because the court file is sealed. It is our understanding that with the Liquidators' consent, the BVI court would allow the attendance of the Trustee's counsel. By this letter we request that you inform us in writing by no later than January 8, 2016 whether the Joint Liquidators consent to having the Trustee's legal counsel attend that hearing. Thank you.

Sincerely,

*Geraldine E. Ponto*

Geraldine E. Ponto

Copy:  Robert S. Loigman
       Rex Lee.
       David J. Sheehan
       Gonzalo S. Zeballos
       Michelle R. Usitalo