# EXHIBIT Q

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Geraldine E. Ponto
direct dial: 212.589.4690
gponto@bakerlaw.com

January 19, 2016

**BY E-MAIL**

Robert E. Loigman, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Fl.
New York, NY 10010

Re:    *Picard v. Ceretti et al.,*
       *Adv. No. 09-01161 (SMB)*

Dear Bob:

This will respond to the Kingate Funds' request that the Trustee consent to maintain as confidential information the Funds have designated as confidential shareholder information, which is, or may be, included in the "Voluntary Production" of documents in the possession, custody, or control of the Funds.

Because you have informed us the Funds have included within their definition of confidential shareholder information certain information that expressly is not confidential under paragraph 4(e) of the June 6, 2011 Litigation Protective Order ("LPO"), we informed you that, consistent with the LPO, we were unable to accommodate your request to exclude the entirety of the Voluntary Production from that requirement.

Discovery has been ongoing for over three months, however, and the shareholder information is the reason the Funds have withheld production to the Trustee of over 90% of such documents in the Funds' possession, custody, or control. The delay is hindering the progress of the U.S. litigation. You have not acted on our requests during numerous Rule 26(f) conferences to produce to the Trustee on a rolling basis additional documents that do not contain confidential information, and you admit you have withheld such documents. And you have not acted on our suggestion that, to enhance the prospects of your obtaining foreign court approval, you seek a letter of assistance from the U.S. Bankruptcy Court. Instead, you have insisted that the Trustee excuse the Funds' noncompliance with the Federal Rules in providing us with some certainty concerning when we might expect to receive further documents responsive to the Trustee's

Robert E. Loigman, Esq.
January 19, 2016
Page 2

requests pending rulings from foreign courts, and agree to except the Funds from strict compliance with the LPO in a way that, case-wide, we have not done to date.

This standstill is unacceptable, and you cannot assure us of a positive resolution in the near future. You have represented to us, however, that the Trustee's consent to maintain the confidentiality of the Voluntary Production in the U.S. litigation would make the Funds' application to the BVI Court, as you put it, "more palatable," and further might reduce objections. Based on those representations and subject to your mutual agreement as set forth below, we propose that the Funds and the Trustee stipulate to maintain as confidential certain shareholder information contained in the Voluntary Production, including information that otherwise would not be confidential under paragraph 4(e) of the LPO, such as shareholder names or identifying information. "Shareholder information," as you defined it in your November 23, 2016 letter means shareholder names, addresses, phone numbers, and other contact information. Excluded from this commitment are (i) the names and other identifying information of nominees who hold shares for institutions or individuals in the Kingate Funds; (ii) names and other identifying information of named defendants in the above-referenced Adversary Proceeding 09-0611, and any other pending avoidance and/or recovery proceeding commenced by the Trustee concerning BLMIS, (iii) the names of plaintiff shareholders in any class action litigations who voluntarily disclose their identities, and (iv) the names of shareholders and other shareholder information the Trustee obtains through discovery in any other BLMIS-related proceeding. To be clear, the Trustee is not conceding that the "shareholder information" defined above is confidential. And the Trustee is not agreeing to restrict any of his rights under the Federal Rules, the LPO, or other applicable law, except with respect to treating certain shareholder information in the Voluntary Production as confidential. Consistent with the LPO, the stipulation would have to be so ordered by the Bankruptcy Court. Based upon the Bankruptcy Court's comments at our status conference, we believe such an order would be promptly entered.

Under this proposal, the Trustee and the Funds will be bound by all provisions of the LPO, including those concerning documents designated as confidential. The Third-Party Data Room Orders require the Trustee to place all productions in the Third-Party Data Room, but because they will be in the Confidential Third-Party Data Room, they cannot be viewed by others without Quinn Emanuel's consent. The Trustee views this as a temporary means of facilitating document discovery and reserves all of his rights under the LPO to seek dedesignation of the documents in the future

You have further asked us to consent to the Funds' counsel representing to the BVI Court that the Trustee consents to treat the documents as confidential. In return for our consent to maintain the confidentiality of the Voluntary Production, as set forth above, we ask that you consent to allow us to speak for ourselves. We are concerned that the BVI Court may well inquire about the treatment of confidential information under the LPO, or naturally have follow-up questions concerning the Trustee's consent. We have not been given a copy of the Funds' application and do not know the scope of the hearing scheduled by the BVI Court, or what might arise. Only the Trustee's counsel has the experience to respond accurately to questions concerning the requirements under, and exceptions made to, the LPO in the U.S. Only the Trustee's counsel

Robert E. Loigman, Esq.
January 19, 2016
Page 3

could speak fully and accurately on the Trustee's behalf and thereby avoid unresolved questions potentially necessitating further protracted BVI Court proceedings.

We had proposed that the Funds consent to allow the Trustee's counsel to attend the January 26 hearing before the BVI Court, and you declined. You explained why you declined, but we believe there is a way to satisfy your concerns. The Trustee's counsel could remain outside the BVI Court's chambers or courtroom, as the case may be, and not be privy to appearances by shareholders, if any, or hear arguments in support of, or in opposition to, the Funds' application. The Funds' counsel would call the Trustee's counsel to address the BVI Court solely with respect to advising that Court of the Trustee's commitment in this matter, and, of course, responding to any questions the BVI Court may have. Trustee's counsel would then leave chambers or the courtroom. The Funds' counsel would commit not to speak for the Trustee or about his consent to maintain the Voluntary Production as confidential.

We believe this affords a reasonable compromise, and look forward to hearing from you at your earliest opportunity so that we can start drafting the stipulation.

Sincerely,

*Geraldine E. Ponto*
Geraldine E. Ponto
Partner


Copy: Rex Lee
      Lindsay Weber
      David J. Sheehan
      Gonzalo S. Zeballos
      Karin S. Jenson