# EXHIBIT U

08-01789-cgm    Doc 12768-21    Filed 03/04/16    Entered 03/04/16 10:49:19    Exhibit U
Pg 1 of 3

## quinn emanuel trial lawyers | los angeles

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7444**

WRITER'S INTERNET ADDRESS
**robertloigman@quinnemanuel.com**

January 26, 2016

**BY ECF, CHAMBER'S EMAIL, AND HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court,
Southern District of New York
One Bowling Green
New York, New York 10006

  Re: *SIPC v. Bernard L. Madoff Inv. Secs. LLC*, No. 08-1789 (SMB), *Picard v. Ceretti, et al.*, Adv. Proc. No. 09-1161 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

  We represent the Joint Liquidators (the "JLs") of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (the "Kingate Funds"), and write regarding the Trustee's January 22, 2016 letter. While we have no objection to changing the type of conference scheduled for January 27, 2016, and understand that the Court has granted the Trustee's request, we write to update the Court on events since our last discovery conference on December 18, 2015.

  The JLs are court-appointed officials who take their discovery obligations very seriously, and have been working diligently to produce to the Trustee documents that they received from other parties, including other defendants in this case. Many of these are claimed by third parties to be confidential under the laws of BVI, or are restricted from disclosure under the laws of Bermuda. To enable a complete production of those documents, the JLs have applied to the courts in both of those jurisdictions, for directions to produce documents containing confidential shareholder information (in BVI), and to permit production notwithstanding the implied undertaking to the Court that attaches to documents obtained from Defendants on discovery in litigation (in Bermuda).

  While the Trustee has been critical of the speed of these proceedings, the JLs have pushed hard for expedited resolution. The JLs' applications in BVI are set for hearing today, and they have submitted detailed supporting arguments to the BVI Court. Without that Court's directions, the JLs would be *personally* liable to objecting shareholders if they produced documents containing confidential information. If, however, the directions are obtained, the JLs

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

will be able to produce a complete set of unredacted documents to the Trustee, which will benefit *both* the Kingate Funds (by avoiding the need for a very extensive and expensive redaction process) and the Trustee (by providing him with a full set of documents).

To date, more than 40 shareholders have indicated objections to the JLs' BVI applications. While we do not know how many of them will show up in court to object in person, it appears that some will seek an adjournment to a later date to allow for the submission of evidence. Unfortunately, the Trustee has complicated the process. His counsel has repeatedly requested the JLs' consent to appear in court at the BVI hearing. The JLs do not object to that request (to the limited extent specified by the Trustee), but the prospect of the Trustee's participation at the hearing has made many shareholders even more nervous about disclosure of their identities, and counsel for many have strongly objected.[1]

In Bermuda, the Funds have applied to enable production of documents obtained by the JLs in that litigation. That process is moving forward as well. Responses to the JLs' application are due on January 29, and the hearing is scheduled for March 18 following submission of reply papers.

Notwithstanding the pending BVI and Bermuda applications, the JLs have made efforts to provide the Trustee with more discovery, and are this week preparing to produce additional documents to the Trustee. These include documents collected from the Kingate Funds' directors and outside auditors.

Finally, it is worth bearing in mind that the Trustee initially filed this action in 2009. While the Trustee asserts that any delay in discovery is particularly disruptive because the case has been pending so long, exactly the opposite is true. Giving the JLs time to comply with governing law in the jurisdictions that appointed them will have no material effect on these long-pending cases. The parties did not proceed to motion practice for five years after the complaint was filed. And we advised the Trustee that documents possessed by the Kingate Funds were subject to confidentiality issues as long ago as February 2010, when those issues could have been resolved.

Respectfully submitted,

/s/ Robert S. Loigman
Robert S. Loigman

cc: Counsel for Trustee (via ECF and email)

---

[1] Additionally, for several months, we have suggested that if the Trustee were to agree that documents that may contain shareholder information be treated as confidential in this proceeding, suitable directions are more likely to be obtained from the BVI Court. Just this past week, the Trustee offered a stipulation providing for such confidential treatment (on a limited basis) subject to various agreements by the Kingate Funds. The parties were unable to reach agreed terms in that stipulation, and the Trustee has refused to permit the JLs to share any versions of that stipulation with the BVI Court.