# EXHIBIT V

08-01789-cgm    Doc 12768-22    Filed 03/04/16    Entered 03/04/16 10:49:19    Exhibit V
Pg 1 of 4

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Geraldine E. Ponto
direct dial: 212.589.4690
gponto@bakerlaw.com

January 26, 2016

BY E-MAIL & FEDERAL EXPRESS

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: SIPC v. Bernard L. Madoff Inv. Secs. LLC, No. 08-1789 (SMB), Picard v. Ceretti, et al., Adv. Pro. No. 09-1161 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

We are counsel to Irving H. Picard ("Trustee"), plaintiff in the above-referenced proceeding. This letter concerns the discovery-related status conference scheduled for January 27, 2016, and, in particular, the letter sent to the Court by Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (the "Kingate Funds") in connection with tomorrow's conference.

During the conference, we will update the Court on the status of discovery. In that regard, we note that the Kingate Funds entered into a Case Management Plan filed on October 27, 2015 [ECF No. 227], in which they agreed to a fact discovery cutoff date of December 15, 2016. Without more progress on document discovery to the Trustee now, that date is in jeopardy, and this proceeding could continue without resolution for several years into the future.

In the Funds' January 26, 2016 letter to the Court, they claim the Trustee "has been critical of the speed of [the BVI and Bermuda] . . . proceedings." That is not so. In fact, we have no knowledge of what is transpiring in the BVI, except we have been told of today's hearing and that shareholders have expressed objections. We have not received a copy of the papers filed, or been notified that the hearing might be continued before seeing the Funds' letter to the Court. It would not surprise us, however, if that is the result. Nor have we criticized the Funds' efforts made before the foreign courts. Obviously, the Funds do not control either the process or the outcomes there. In fact, our experience with foreign courts informs our knowledge that

The Honorable Stuart M. Bernstein
January 26, 2016
Page 2

contested matters, such as this, often take at least a year or more to wind their way through the appellate process.

Our concern is with the progress of more substantial document discovery to the Trustee in the U.S. avoidance and recovery action, and to ensure the foreign court proceedings are not determinative here. There is no assurance there will be favorable rulings abroad. And we do not know whether even a favorable ruling would conflict with the Funds' obligations under the federal rules and discovery-related orders in this proceeding. We do not know what specific relief was sought in the BVI application, or how it may or could be adjusted in favor of objectors' concerns abroad. The Trustee has a genuine concern that what the Funds can produce and when cannot hinge on what ultimately happens in the foreign courts.

On December 2, 2015, by letter to this Court in response to the Trustee's request for a discovery-related conference before the Court, the Funds indicated "while the application is pending before the BVI Court, the Kingate Funds will produce to the Trustee those documents in its possession that do not 'risk' disclosure of confidential shareholder information."

On December 14, 2015, the Funds produced approximately 6% of the approximate 260,000 documents constituting the so-called "Voluntary Production." In the cover letter with that production, the Funds' counsel informed the Trustee "We hope to supplement this production upon resolution of the Joint Liquidators' application to the BVI Court requesting directions to produce confidential shareholder information to the Trustee." At that time, the Funds put the Trustee on notice that a further production, hopefully, would await a resolution in the BVI.

Since then, in correspondence and during Rule 26(f) conferences, the Funds have acknowledged that they have withheld at least 107,000 of documents falling into categories that run the risk of containing CSI. Those documents include the Funds' directors documents. The Funds have questioned the relevance of PwC documents, yet in arguments made to the U.S. District Court for the Southern District of New York, seeking its assistance in obtaining discovery from PwC US and a managing director there, the Funds argued the discovery they sought is "highly relevant." [In re the Application of MacKellar et al. for judicial assistance pursuant to 28 U.S.C. § 1782, 14 Misc 00182, ECF No. 2, at 7]. Yet the Funds withheld all such documents from production to the Trustee on relevancy and not confidentiality grounds.

For several months the Funds, without a motion and the opportunity for the Trustee to formally respond, but with the cooperation of the Trustee, have tacitly sought and obtained an extension of their discovery obligations under the federal rules and discovery-related orders of this Court. No one disputes the Funds are court-appointed officials. But the Funds are the initial transferees of some $926,000 from BLMIS. The Funds are seeking to recover approximately $800,000 as claimants of BLMIS. While this avoidance action is pending, the Trustee is reserving funds for that claim—funds that otherwise could be distributed to the allowed claims of customers.

300379519.1

The Honorable Stuart M. Bernstein
January 26, 2016
Page 3

   Now, in their January 26 letter, in response to the Trustee's request for a second discovery-related conference before this Court, the Funds inform the Court and the Trustee that they "are this week preparing to produce additional documents to the Trustee." We await that production and a report on the outcome of the BVI hearing. The Funds also advise the Court that objectors to the Funds' application in the BVI could result in an adjournment of that hearing for the submission of evidence.

   The Trustee does not consent to an indefinite extension of the Funds' compliance with applicable court rules and orders here. Without production of the documents in the Funds' possession, custody, or control, the Trustee seeks leave to file before this Court a motion to compel the production of such documents.

   The consideration of the Court is greatly appreciated.

Respectfully submitted,

*/s/ Geraldine E. Ponto*

Geraldine E. Ponto

cc:   Robert S. Loigman, *via e-mail*
   Lindsay M. Weber, *via e-mail*
   Rex Lee, *via e-mail*
   David J. Sheehan, *via e-mail*
   Karin S. Jenson, *via e-mail*
   Gonzalo S. Zeballos, *via e-mail*

300379519.1