**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
|          Plaintiff-Applicant, | SIPA LIQUIDATION |
|     v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
|         Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
|         Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. Nos.:<br>10-04292 (SMB)<br>10-04302 (SMB)<br>10-04321 (SMB)<br>10-04327 (SMB)<br>10-04324 (SMB) |
|         Plaintiff,<br>    v. | 10-04328 (SMB)<br>10-04325 (SMB)<br>10-04314 (SMB) |
| DEFENDANTS LISTED ON EXHIBIT A TO NOTICE OF MOTION, | 10-04305 (SMB)<br>10-04995 (SMB) |
|         Defendants. | 10-04898 (SMB) |

**DECLARATION OF KARIN S. JENSON IN SUPPORT OF TRUSTEE'S
OPPOSITION TO DEFENDANTS' ORDER TO SHOW CAUSE FOR TEMPORARY
RESTRAINING ORDER AND STAY OF ENFORCEMENT OF SUBPOENAS**

I, KARIN S. JENSON, hereby declare as follows:

      1.  I am an attorney representing Irving H. Picard, Esq. (the "Trustee"), as trustee for

the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment

Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§

78aaa *et seq.*, and the estate of Bernard L. Madoff ("Madoff," and together with BLMIS, each a "Debtor" and collectively, the "Debtors").

2. I submit this declaration in support of the Trustee's Memorandum of Law in Opposition to Defendants' Order to Show Cause for Temporary Restraining Order and Stay of Enforcement of Subpoenas (the "TRO Motions").

3. On March 3, 2016 at approximately 5:43 p.m., Defendants filed their TRO Motions in 11 cases in which Defendants are represented by Ms. Helen Davis Chaitman.[1] The TRO Motions seek a temporary restraining order to restrain the Trustee from enforcing his bank subpoenas pending this Court's ruling on March 23, 2016 or using subpoenaed bank records to frame a complaint against subsequent transferees.

4. On March 4, 2016, hours before the Court scheduled a hearing on the TRO Motions, I contacted defense counsel in an effort to reach a compromise that would have obviated the need for the Court to hear the TRO Motions. I offered that if she withdrew the TRO Motions, the Trustee would defer all activity with respect to bank subpoenas on *all* of Ms. Chaitman's cases until after the March 23, 2016 hearing concerning Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 37(b), 41(b), and Cross-Motion to Quash and for Protective Order (the "Protective Order Motions") filed in these same 11 cases, at which time all arguments from both sides would be heard and resolved. *See* **Exhibit A.**

5. Ms. Chaitman rejected the offer.

6. On March 4, 2016 at approximately 3:30 p.m. the Court entered an Order setting the hearing date on the TRO Motions for March 9, 2016 at 10:00 a.m.

---

[1] *Picard v. Saren-Lawrence*, *Picard v. Alpern*, *Picard v. Barbanel*, *Picard v. Joan Roman*, *Picard v. Robert Roman* (collectively, "Romans"), *Picard v. Roth*, *Picard v. Shapiro Nominee*, *Picard v. Shapiro Nominee #2*, *Picard v. Shapiro Nominee #3*, *Picard v. Shapiro Nominee #4* (collectively, the "Shapiro Nominee Cases"), and *Picard v. Trust U/Art Fourth O/W/O Israel Wilenitz, et al.* ("Wilenitz").

7. The Trustee will continue to defer all activity with respect to bank subpoenas in the 11 cases.

8. In six of the cases, the Trustee has served and Defendants have answered Requests for Admission ("RFAs"), but they have not admitted the transfers and also raise affirmative defenses of set off. A list of these cases and the relevant dates of responses to the RFAs and the substance of their affirmative defenses and responses are attached hereto as **Exhibit B.**

9. In the four Shapiro Nominee Cases where the Trustee has not served RFAs, the delay was due to the death of the initial transferee (who is the same in all four cases). The Trustee has or will extend the deadlines for the relevant banks to respond to the subpoenas until after the March 23, 2016 hearing. Those four cases are listed on **Exhibit C** attached hereto.

10. In the remaining case, Ms. Chaitman has filed a Notice of Presentment of an Order Granting Application to Withdraw as Counsel because her client "has not responded to any of [defense counsel's] emails or phone calls." Given the situation, the Trustee has granted an extension on responses to the RFAs. That case is listed on **Exhibit D** attached hereto.

11. An edited version and a blackline comparison of the chart that Ms. Chaitman submitted to the Court on March 7, 2016 are attached hereto as **Exhibit E**.

12. I declare that the foregoing is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed on: March 8, 2016
New York, New York

By: _____
KARIN S. JENSON

3