**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; WENDY BROWN; and RBC CENTURA BANK,<br><br>Defendants. | Adv. Pro. No. 10-04468 (SMB) |

01:18382721.1

**STIPULATION AND ORDER**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the substantively consolidated estate of Bernard L. Madoff individually, by and through his counsel, Young Conaway Stargatt & Taylor, LLP, and defendant PNC Bank, National Association, as successor in interest to RBC Centura Bank (the "Defendant," and together with the Trustee, the "Parties"), by and through its counsel, hereby stipulate and agree to the following:

1. On November 12, 2010, the Trustee filed a complaint (the "Complaint") commencing the above-captioned adversary proceeding (the "Adversary Proceeding") against the Defendant, among others.

2. On January 17, 2014, the Defendant filed and served an answer to the Complaint.

3. The other defendants in the Adversary Proceeding, and defendants in other similar adversary proceedings, but not the Defendant, filed motions to dismiss (the "Motions to Dismiss") the relevant complaints or amended complaints filed against them by the Trustee.

4. On June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss for reasons set forth in its *Memorandum Decision Regarding Omnibus Motions to Dismiss* (the "Decision") [Docket No. 10089 in Adv. Pro. No. 08-01789 (SMB)], which included, among other things, a dismissal without prejudice of certain counts seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of title 11 of the United States Code (the "Bankruptcy Code"), applicable provisions of SIPA including section 78*fff*-2(c)(3).

5. In accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(ii), and Federal Rule of Civil Procedure 41(a)(1), the Parties hereby stipulate to a dismissal of the

Trustee's claims against the Defendant, without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015, and/or (ii) the Trustee's rights under section 550(f) of the Bankruptcy Code.

6.   The Trustee shall be permitted to reinstate his claims, as alleged in the Complaint, or as may be amended, against the Defendant, but no later than 60 days after the close of the Adversary Proceeding.

7.   This stipulation shall operate as, and is, a tolling agreement between the Trustee and the Defendant, and Defendant hereby expressly waives all defenses based on statute of limitations, laches, waiver, estoppel and any other time-based defense or right due to the passage of time.  Any such time-based defense or right is hereby specifically waived, and Defendant shall not have the benefit of such defense or right, except that Defendant shall retain, and nothing herein shall preclude it from asserting, such other defenses that existed as of the date of the Complaint.

8.   Nothing herein shall affect the Trustee's claims in the Adversary Proceeding against any defendant other than the Defendant, and the Trustee hereby preserves all his rights and claims against any defendant other than the Defendant.

9.   Upon the dismissal of the Defendant, the caption of the Adversary Proceeding is hereby amended to delete the Defendant from the caption.  The amended caption of the Adversary Proceeding shall appear as indicated in **Exhibit A** hereto.

10.   The provisions of this Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

11.   This Stipulation may be signed by the Parties in any number of counterparts, each

01:18382721.1

3

of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

Dated: March 15, 2016

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KATTEN MUNCHIN ROSENMAN LLP** |
| By: */s/ Matthew B. Lunn* <br> Matthew B. Lunn <br> Justin P. Duda <br> Rockefeller Center <br> 1270 Avenue of the Americas, Suite 2210 <br> New York, New York 10020 <br> Telephone: (212) 332-8840 <br> Facsimile: (212) 332-8855 <br> Email: *mlunn@ycst.com* <br> Email: *jduda@ycst.com* <br><br> *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* | By: */s/ Mark T. Ciani* <br> Anthony L. Paccione <br> Mark T. Ciani <br> 575 Madison Avenue <br> New York, New York 10022-2585 <br> Telephone: (212) 940-8579 <br> Facsimile: (212) 894-5549 <br> Email: *anthony.paccione@kattenlaw.com* <br> Email: *mark.ciani@kattenlaw.com* <br><br> *Attorneys for Defendant PNC Bank, National Association, as successor in interest to RBC Centura Bank* |
| | SO ORDERED <br><br> /s/ STUART M. BERNSTEIN <br> HON. STUART M. BERNSTEIN <br> UNITED STATES BANKRUPTCY JUDGE |
| Dated: March 15th, 2016 <br> New York, New York | |

# **EXHIBIT A**

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>              Plaintiff,<br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and WENDY BROWN,<br><br>              Defendants. | Adv. Pro. No. 10-04468 (SMB) |

01:18382721.1