Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
Telephone:  (212) 696 – 1999
Facsimile:  (212) 566 – 4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :          SIPA LIQUIDATION
                                        :
          Plaintiff-Applicant,          :          No. 08-01789 (BRL)
                                        :
          v.                            :
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES, LLC,                        :
                                        :
          Defendant.                    :

---------------------------------------------------------------X

In re:                                  :
                                        :          Adv. Pro. No. 10-05383 (SMB)
BERNARD L. MADOFF,                      :
                                        :
          Debtor.                       :          **ANSWER**

---------------------------------------------------------------X

IRVING H. PICARD, Trustee for the Liquidation   :
Of Bernard L. Madoff Investment Securities LLC, :
                                                :
          Plaintiff,                            :
                                                :
          v.                                    :
                                                :
STANLEY SHAPIRO, individually, as general       :
partner of S&R Investment Co., as trustee for LAD :
Trust, as trustee for David Shapiro 1989 Trust, as :
amended, and as trustee for Leslie Shapiro 1985 :
Trust, as amended,                              :
                                                :
RENEE SHAPIRO, individually, as general partner :
of S&R Investment Co., as trustee for LAD Trust, :

as trustee for David Shapiro 1989 Trust, as                        :
amended, and as trustee for Leslie Shapiro 1985      :
Trust, as amended,                                                       :
                                                                                    :
S&R INVESTMENT CO.,                                             :
                                                                                    :
LAD TRUST,                                                               :
                                                                                    :
DAVID SHAPIRO                                                       :
                                                                                    :
DAVID SHAPIRO 1989 TRUST, as amended,       :
                                                                                    :
LESLIE SHAPIRO CITRON ,                                   :
                                                                                    :
LESLIE SHAPIRO 1985 TRUST, as amended,         :
                                                                                    :
KENNETH CITRON,                                                  :
                                                                                    :
                                                                                    :
                Defendants.                                               :
-------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Stanley Shapiro and Renee Shapiro, Stanley & Rachel Investment Co. ("S&R"), David Shapiro 1989 Trust, as amended (the "David Trust"), Leslie Shapiro 1985 Trust, as amended (the "Leslie Trust"), LAD Trust, David Shapiro, Leslie Shapiro Citron, and Kenneth Citron (collectively referred to herein as "Defendants"),[1] by and through their attorneys, Lax & Neville LLP,  respond to Plaintiff Irving H. Picard's Second Amended Complaint as follows, upon knowledge as to themselves and their own acts and upon information and belief as to all other matters:

## INTRODUCTION

1.         Defendants admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refer the Court to a copy of the transcript of the United States District Court for

---

[1] All Defendants besides Mr. Shapiro will be collectively referred to as the "Family Defendants."

1

the Southern District of New York, dated March 12, 2009, and other filings and pleadings in that case for the complete contents therein.

2.     Paragraph 2 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the certain amounts, their origins, and "Madoff's Ponzi scheme."  Defendants otherwise deny the allegations of paragraph 2.

3.     Defendants admit that Shapiro invest with BLMIS, that the Shapiros and Madoffs socialized and that Shapiro was a part-time employee of BLMIS by 1995.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that Shapiro first invested with BLMIS in the 1960s.  Defendants otherwise deny the allegations in Paragraph 3.

4.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations that the reported value of the Core Accounts plummeted during 2002 and that BLMIS reported fabricated short sales in revised backdated account statements for the Core Accounts.  Defendants otherwise deny the allegations of Paragraph 4.

5.     Paragraph 5 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5, except that the allegation that Shapiro had knowledge of the facts alleged is denied.

6.     Paragraph 6 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that Shapiro had made

2

handwritten notes on account statements from 2002 and 2003. Defendants otherwise deny the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.    Paragraph 7 consists of certain legal conclusions and/or arguments to which no response is required.

8.    Paragraph 8 consists of certain legal conclusions and/or arguments to which no response is required.

9.    Paragraph 9 consists of certain legal conclusions and/or arguments to which no response is required.

10.    Paragraph 10 consists of certain legal conclusions and/or arguments to which no response is required.

## BACKGROUND, THE TRUSTEE, AND STANDING

11.    Defendants admit the allegations of Paragraph 11.

12.    Paragraph 12 consists of certain legal conclusions and/or arguments to which no response is required. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

## THE PONZI SCHEME

15.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Paragraph 24 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Paragraph 25 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     Paragraph 26 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     Paragraph 27 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.     Paragraph 29 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

## THE DEFENDANTS

30.     Defendants admit the allegations of Paragraph 30.

31.     Defendants admit the allegations of Paragraph 31, except that Defendants deny Shapiro managed and controlled all of the business and other affairs of S&R.

32.     Defendants admit the allegations of Paragraph 32.

33.     Defendants admit the allegations of Paragraph 33.

34.     Defendants admit the allegations of Paragraph 34.

35.     Defendants admit the allegations of Paragraph 35.

36.     The allegations of Paragraph 36 were dismissed in their entirety by this Court in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Trustee's Second Amended Complaint ("Order"), ¶ 2-11.

37.     The allegations of Paragraph 37 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

## THE DEFENDANTS' BLMIS ACCOUNTS

38.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.     Defendants admit that Shapiro opened and Shapiro and S&R held BLMIS accounts.  Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     Defendants admit that S&R held BLMIS accounts.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the certain numbered accounts, addresses, transfers, that any account was opened with "a transfer of fictitious profits," or that certain accounts were opened on certain dates or that particular accounts were held by S&R.  Defendants otherwise deny the allegations of Paragraph 40.

41.     Defendants admit that the Shapiros held BLMIS accounts individually and as trustees.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations that the Shapiros held "numerous" BLMIS accounts or that the certain numbered accounts were held by the Shapiros.  Defendants otherwise deny the allegations of Paragraph 41.

42.     Defendants admit that David Shapiro held BLMIS accounts.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the certain numbered accounts, addresses, transfers, or that any account was opened with "a transfer of fictitious profits." Defendants otherwise deny the allegations of Paragraph 42.

43.    The allegations of Paragraph 43 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

44.    Defendants admit that Leslie Shapiro Citron held BLMIS accounts.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the certain numbered accounts, addresses, transfers, or that any account was opened with "a transfer of fictitious profits."  Defendants otherwise deny the allegations of Paragraph 44.

45.    Defendants admit that Kenneth Citron and Leslie Shapiro Citron held a BLMIS account and that Kenneth Citron held a BLMIS account.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the certain numbered accounts, opening dates, addresses, transfers, or that any account was opened with "a transfer of fictitious profits."

46.    The allegations of Paragraph 46 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

## THE BLMIS ACCOUNTS

47.    Paragraph 47 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48.    The allegation of the last sentence of Paragraph 48 was dismissed by this Court in its Order, ¶ 2-11.  Paragraph 48 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding Bongiorno and otherwise deny the allegations of Paragraph 48.

49.     Defendants admit that Shapiro met Madoff and invested with BLMIS. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding Bongiorno and when Shapiro began investing with BLMIS. Defendants otherwise deny the allegations of Paragraph 49.

50.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding "acute business sense" or "significant role." Defendants otherwise admit the allegations of Paragraph 50.

51.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the allegations of Paragraph 51.

52.     Defendants admit that Shapiro was a part-time employee with BLMIS, was paid a salary and received healthcare coverage. Defendants deny that Shapiro was a proprietary trader. Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Defendants admit that Shapiro was not registered to trade securities. Defendants otherwise deny the allegations of Paragraph 53.

54.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     Defendants admit that Konigsberg sent Shapiro schedules of unrealized gains and losses in the Core Accounts. Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 56, except that Defendants deny that Shapiro met often with Madoff to discuss the accounts.

57.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57, except that Defendants deny that Shapiro spoke frequently with Bongiorno regarding the Core Accounts.

58.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

60.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 61.

62.     Defendants admit that Shapiro requested and received distributions from the Accounts.  Defendants otherwise deny the allegations of Paragraph 62.

63.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations that he sent a certain hand-written letter.  Defendants otherwise deny the allegations of Paragraph 63.

64.     Paragraph 64 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 64, except that Defendants deny that Shapiro "knowingly engaged in fraud" or committed tax fraud.

65.     Defendants deny the allegations of Paragraph 65.

66.     Paragraph 66 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 68

69.     Paragraph 69 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 70, except that Defendants deny Shapiro was "at it again" or knew that "S&R reportedly held many securities with unrealized gains which BLMIS could purport to sell to realize a gain of $360,000."

71.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 71.

72.     Paragraph 72 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 72.

73.     Paragraph 73 consists of certain legal conclusions and/or arguments to which no response is required.  Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding short sale and tax liability.  Defendants otherwise deny the allegations of Paragraph 73.

74.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.     Paragraph 76 consists of certain legal conclusions and/or arguments to which no response is required.  Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 77, except that Defendants deny that Shapiro met with Bongiorno and Konigsberg or "devised a scheme" to restore the value of the Core Accounts.

78.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 78.

79.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 79.

80.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 82, except that Defendants deny that Shapiro "did [his] part" or assisted in any concealment of fraud.

83.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 86, except that Defendants deny that Shapiro "devised another plan with Madoff and Bongiorno."

87.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

88.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

92.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93.    Defendants deny the allegations of Paragraph 93.

94.    The allegation of the last sentence of Paragraph 94 was dismissed in its entirety by this Court in its Order, ¶ 2-11.  Paragraph 94 consists of certain legal conclusions and/or

arguments to which no response is required.  To the extent a response is required, Defendants

deny the allegations of Paragraph 94.

94.    95.    The allegations of Paragraph 95 were dismissed by this Court in its Order, ¶ 2-11.

To the extent any allegation was not dismissed by this Court, Defendants deny the allegation.

96.    The allegations of Paragraph 96 were dismissed by this Court in its Order, ¶ 2-11.

To the extent any allegation was not dismissed by this Court, Defendants admit that Shapiro

formed S&R, the David Trust, and the Leslie Trust, and served as general partner of S&R and

trustee for the David Trust and the Leslie Trust.   Defendants otherwise deny the allegations of

Paragraph 96.

97.     The allegations of Paragraph 97 were dismissed by this Court in its Order, ¶ 2-

11.  To the extent the allegations were not dismissed, Defendants deny knowledge and

information sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98.    The allegations of Paragraph 98 were dismissed by this Court in its Order, ¶ 2-11.

To the extent the allegations were not dismissed, Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 98.

99.    The allegations of Paragraph 99 were dismissed by this Court in its Order, ¶ 2-11.

To the extent the allegations were not dismissed, Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 99.

100.    The allegations of Paragraph 100 were dismissed by this Court in its Order, ¶ 2-

11.  To the extent the allegations were not dismissed, Defendants deny knowledge and

information sufficient to form a belief as to the truth of the allegations of Paragraph 100.

101.    The allegations of Paragraph 101 were dismissed by this Court in its Order, ¶ 2-11.  To the extent the allegations were not dismissed, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102.    The allegations of Paragraph 102 were dismissed by this Court in its Order, ¶ 2-11.  To the extent the allegations were not dismissed, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 102.

103.    The allegations of Paragraph 103 were dismissed by this Court in its Order, ¶ 2-11.  To the extent the allegations were not dismissed, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104.    The allegations of Paragraph 104 were dismissed by this Court in its Order, ¶ 2-11.  To the extent the allegations were not dismissed, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 104.

105.    The allegations of Paragraph 105 were dismissed by this Court in its Order, ¶ 2-11.  To the extent the allegations were not dismissed, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 105.

## THE TRANSFERS

106.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 106.

107.    Paragraph 107 consists of certain legal conclusions and/or arguments to which no response is required.

108.    Paragraph 108 consists of certain legal conclusions and/or arguments to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109.     As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 109 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Paragraph 109 consists of certain legal conclusions and/or arguments to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.     The allegations of Paragraph 110 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

111.     The allegations of Paragraph 111 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

112.     Paragraph 112 consists of certain legal conclusions and/or arguments to which no response is required.

113.     Paragraph 113 consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT ONE

114.     Defendants respond to Paragraph 114 as they have responded to the allegations incorporated by reference herein.

115.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 115.

116.     Paragraph 116 consists of certain legal conclusions and/or arguments to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 116.

117.    Paragraph 117 consists of certain legal conclusions and/or arguments to which no response is required.   To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 117.

118.    Paragraph 118 consists of certain legal conclusions and/or arguments to which no response is required.

119.    Paragraph 119 consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT TWO

120.    Defendants respond to Paragraph 120 as they have responded to the allegations incorporated by reference herein.

121.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.    Paragraph 122 consists of certain legal conclusions and/or arguments to which no response is required.

123.    Paragraph 123 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 123.

124.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 124.

125.    Paragraph 125 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 125.

126.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 126.

127.     Paragraph 127 consists of certain legal conclusions and/or arguments to which no response is required.

128.     Except as to S&R, Stanley Shapiro and Renee Shapiro, the allegations of Paragraph 128 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Paragraph 128 consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT THREE

129.      Defendants respond to Paragraph 129 as they have responded to the allegations incorporated by reference herein.

130.     Paragraph 130 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 130.

131.     Paragraph 131 consists of certain legal conclusions and/or arguments to which no response is required.

132.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 132.

133.     As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 133 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  The Defendants otherwise deny the allegations of Paragraph 133.

134.     As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 134 were dismissed in their entirety by this Court in its Order, ¶ 2-11.   Paragraph

134 otherwise consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT FOUR

135.    Defendants respond to Paragraph 135 as they have responded to the allegations incorporated by reference herein.

136.    Paragraph 136 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 136.

137.    Paragraph 137 consists of certain legal conclusions and/or arguments to which no response is required.

138.    Paragraph 138 consists of certain legal conclusions and/or arguments to which no response is required.

139.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 139.

140.    As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 140 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Paragraph 140 otherwise consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT FIVE

141.    Defendants respond to Paragraph 141 as they have responded to the allegations incorporated by reference herein.

142.    Paragraph 142 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 142.

143.    Paragraph 143 consists of certain legal conclusions and/or arguments to which no response is required.

144.    Paragraph 144 consists of certain legal conclusions and/or arguments to which no response is required.

145.    Paragraph 145 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 145.

146.    As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 146 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Paragraph 146 otherwise consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT SIX

147.    Defendants respond to Paragraph 147 as they have responded to the allegations incorporated by reference herein.

148.    Paragraph 148 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 148.

149.    Paragraph 149 consists of certain legal conclusions and/or arguments to which no response is required.

150.     Paragraph 150 consists of certain legal conclusions and/or arguments to which no response is required.

151.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 151.

152.     As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 152 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Paragraph 152 otherwise consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT SEVEN

153.     Defendants respond to Paragraph 153 as they have responded to the allegations incorporated by reference herein.

154.     Paragraph 154 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154.

155.     Paragraph 155 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155.

156.     Paragraph 156 consists of certain legal conclusions and/or arguments to which no response is required.

157.     Paragraph 157 consists of certain legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 157.

158.    As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 158 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Defendants otherwise deny the allegations of Paragraph 158.

159.    As to Kenneth Citron, David Shapiro, and Leslie Shapiro Citron, the allegations of Paragraph 159 were dismissed in their entirety by this Court in its Order, ¶ 2-11.  Paragraph 159 otherwise consists of certain legal conclusions and/or arguments to which no response is required.

## COUNT EIGHT

160.    Defendants respond to Paragraph 160 as they have responded to the allegations incorporated by reference herein.

161.    The allegations of Paragraph 161 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

162.    The allegations of Paragraph 162 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

163.    The allegations of Paragraph 163 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

164.    The allegations of Paragraph 164 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

165.    The allegations of Paragraph 165 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

166.    The allegations of Paragraph 166 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

## COUNT NINE

167.    Defendants respond to Paragraph 167 as they have responded to the allegations incorporated by reference herein.

168.    The allegations of Paragraph 168 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

169.    The allegations of Paragraph 169 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

170.    The allegations of Paragraph 170 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

171.    The allegations of Paragraph 171 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

## COUNT TEN

172.    Defendants respond to Paragraph 172 as they have responded to the allegations incorporated by reference herein.

173.    The allegations of Paragraph 173 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

174.    The allegations of Paragraph 174 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

175.    The allegations of Paragraph 175 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

176.    The allegations of Paragraph 176 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

177.    The allegations of Paragraph 177 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

## COUNT ELEVEN

178.    Defendants respond to Paragraph 178 as they have responded to the allegations incorporated by reference herein.

179.    The allegations of Paragraph 179 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

180.    The allegations of Paragraph 180 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

181.    The allegations of Paragraph 181 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

182.    The allegations of Paragraph 182 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

183.    The allegations of Paragraph 183 were dismissed in their entirety by this Court in its Order, ¶ 2-11.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *See Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by, *inter alia,* (a) failing to describe each specific transfer and its recipients,

and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because the Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amount of transfers he seeks to avoid.

### FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because the Trustee's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because the Trustee's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, *in pari delicto*, unclean hands, laches and/or issue preclusion.

### SIXTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendants may have received, Defendants are not liable because they provided "fair consideration" for such transfers and received such transfers in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendants may have received, Defendants are not liable because they gave equivalent value in exchange for such transfers.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendants may have received, Defendants are not liable because they lacked actual fraudulent intent.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction under *Stern v. Marshall*, 564 U.S. 2 (2011), and its progeny. Defendants do not concede that the claims asserted in the Second Amended Complaint are core proceedings, and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury, and do not consent to trial by jury in the Bankruptcy Court.

## TENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfers under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of Section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

## TWELVTH AFFIRMATIVE DEFENSE

There can be no liability to a recipient of alleged transfers who, as a matter of law or contact, was required to transfer any portion of the funds to a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, the claims are barred to the extent that the alleged transfers were earmarked as funds provided to the Debtor for the purpose of paying a specific indebtedness to the Internal Revenue Service.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for withdrawals they were compelled by law to make.

## FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

## SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, were taken for value and in good faith, as provided by 11 U.S.C. § 548(c).  Thus, they are not avoidable or recoverable as against Defendants under 11 U.S.C. §§ 548 and 550.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendants under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

## NINETEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by any Defendants, are subject to setoff or equitable adjustment because Defendants received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to customers, under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and

interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited into the account at Madoff Securities.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to six years before the Filing Date.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred because they fail to sufficiently trace the funds that are the subject of the alleged transfers from BLMIS to the Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, for failure to properly credit inter-account transfers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendants, are subject to setoff or equitable adjustment because the alleged transfers were made to pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue.  The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.*, based on, among other things, the amount of the funds and/or income generated in brokerage accounts. Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements.  Defendants relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.,* 1 *et seq.,* and 641 *et seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and accordingly, N.Y. CPLR 5001 and 5004 do not apply.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendants would be entitled to set off any such amount by, among other things, the amount of interest Defendants should have realized on their principal that was held by BLMIS.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendants is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## THIRTIETH AFFIRMATIVE DEFENSE

The claims, including the claim seeking an assignment of any of Defendants' income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

## THIRTY-FIRSTAFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendants' income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendants are not permitted to set off any damages awarded to the Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to set forth additional defenses as such come to light in the course of discovery.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property in which BLMIS had a legal interest.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, by the doctrines and principles of res judicata, collateral estoppel, and/or issue preclusion.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Second Amended Complaint (which is denied), any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants, and therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against Defendants under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against either Defendant, in whole or part, because the alleged transfers and/or Defendant's property is exempt from recovery by Plaintiff.

### FORTIETH AFFIRMATIVE DEFENSE

The claims should be dismissed due to Defendants' justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and SIPC, to oversee and monitor the activities and business of BLMIS.

## FORTY-FIRSTAFFIRMATIVE DEFENSE

The claims are barred by intervening or superseding events, factors, occurrences, or conditions over which Defendants had no control.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover were legally compelled under State and federal securities laws.

## <ins>JURY DEMAND</ins>

Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, Defendants request entry of judgment against Plaintiff Trustee as follows, for:

(i)    Dismissal of the Second Amended Complaint in its entirety with prejudice, on the merits;

(ii)   All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)  Such other and further relief as the Court deems proper.

Dated: March 16, 2016
      New York, New York

**LAX & NEVILLE LLP**

By: /s/ Barry R. Lax
1450 Broadway, 35th Floor
New York, New York 10018
Telephone:  212.696.1999
Facsimile:  212.566.4531
Barry R. Lax
Email:  blax@laxneville.com
Brian J. Neville
Email:  bneville@laxneville.com

*Attorneys for Defendants*