**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN ARTICLE THIRD TRUST, PALMER FAMILY TRUST, MAGGIE FAUSTIN, THE ESTATE OF THEODORE SCHWARTZ AND THE MILLER TRUST PARTNERSHIP**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2.      In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Article Third Trust, Palmer Family Trust, Maggie Faustin, Estate of Theodore Schwartz and the Miller Trust Partnership (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected five BLMIS accounts held by the following: 1A0137 held by the Article Third Trust, 1EM144 held by the Palmer Family Trust, 1J0034 held by the Maggie Faustin, 1S0286 held by the Estate of Theodore Schwarz, and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

1ZA260 held by the Miller Trust Partnership (collectively, the "Trusts"), which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to be Beneficiaries.[2]

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Trust and/or Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Trusts. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Trusts and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Trust or Grantor.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 18 claims and 7 objections filed by Objecting Claimants who claim to be Beneficiaries of one or more of the Trust accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the

---

[2] The term "Beneficiaries" includes all remaindermen and beneficiaries of the Trusts. In addition, for ease of reference it includes partners of the Miller Trust Partnership, who were originally beneficiaries of the predecessor entity, the Miller Living Trust.

3

Court, the lawyers originally representing the Objecting Claimants, the Account-holding Trust to which the Objecting Claimants claim a right, and the Trust BLMIS Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the the date and results of the Trustee's claim determinations, and the date each objection was filed .

13. The Trusts each filed one or more claims related to its Account, and sought a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to the Miller Trust Partnership , allowing its customer claim in the amount of $185,000.00 on the grounds that it was a net loser, *i.e.*, that it had deposited more money into BLMIS than had been withdrawn from its BLMIS Account. A letter of determination was sent to each of the Palmer Family Trust, the Estate of Theodore Schwartz, and Maggie Faustin denying their customer claims on the grounds that they were net winners, *i.e.*, that they had withdrawn more money from their BLMIS Accounts than had been deposited.

15. A letter of determination was not sent to the Article Third Trust because although it was a net loser, the Article Third claim is deemed determined pending the resolution of a pending adversary proceeding filed by the Trustee.

16. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for the Article Third Trust.

17. Attached hereto as Exhibit 5 is a true and correct copy of claim 000385, filed with the Trustee by the Article Third Trust.

18. Attached hereto as Exhibit 6 is a true and correct copy of the BLMIS customer file for the Palmer Family Trust.

19. Attached hereto as Exhibit 7 is a true and correct copy of claim 004451, filed with the Trustee by the Palmer Family Trust.

20. Attached hereto as Exhibit 8 is a true and correct copy of claim 0012917, filed with the Trustee by Ryan Murray.

21. Attached hereto as Exhibit 9 is a true and correct copy of the BLMIS customer file for the Maggie Faustin account.

22. Attached hereto as Exhibit 10 is a true and correct copy of claim 001321, filed with the Trustee by Maggie Faustin.

23. Attached hereto as Exhibit 11 is a true and correct copy of the BLMIS customer file for the Estate of Theodore Schwartz.

24. Attached hereto as Exhibit 12 is a true and correct copy of claim 000793, filed with the Trustee by the Estate of Theodore Schwartz.

25. Attached hereto as Exhibit 13 is a true and correct copy of the BLMIS customer file for the Miller Trust Partnership.

26. Attached hereto as Exhibit 14 is a true and correct copy of claim 002293, filed with the Trustee by the Miller Trust Partnership.

27. Attached hereto as Exhibit 15 is a true and correct copy of claim 009171, filed with the Trustee by the Alice G. Miller Exemption Trust.

28. The Accounts were in the names of their respective Trust, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto.[3] The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2016
New York, New York

*/s/ Vineet Sehgal*
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022

---

[3] Some Claimants may have held accounts in their own names, in addition to investing in the Trusts. Such accounts, to the extent they exist, were not included in the claims specified in Exhibits 2 and 3. The Trustee's Motion only deals with the claims of Objecting Claimants insofar as they invested, directly or indirectly in the Partnerships.