**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN ARTICLE THIRD TRUST, PALMER FAMILY TRUST, MAGGIE FAUSTIN, THE ESTATE OF THEODORE SCHWARTZ AND THE MILLER TRUST PARTNERSHIP**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of the Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In Article Third Trust, Palmer Family Trust, Maggie Faustin, Estate of Theodore Schwartz, and the Miller Trust Partnership

(the "Motion"), the Trustee selected five BLMIS accounts (collectively, the "Accounts"): 1A0137 held by the Article Third Trust, 1EM144 held by the Palmer Family Trust, 1J0034 held by Maggie Faustin, 1S0286 held by the Estate of Theodore Schwarz, and 1ZA260 held by the Miller Trust Partnership (collectively, the "Trusts").

4. A list of Objecting Claimants who are Beneficiaries[1] of one or more of the Trusts whose claims are dealt with by this Motion is annexed as Exhibit 2 to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants who are Beneficiaries of one of the Trusts, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. All but one of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Trust account files as contained in the books and records of BLMIS.

---

[1] The term "Beneficiaries" includes all remaindermen and beneficiaries of the Trusts. In addition, for ease of reference it includes partners of the Miller Trust Partnership, who were originally beneficiaries of the predecessor entity, the Miller Living Trust.

2

7. The Objection to Determination filed on behalf of the Objecting Claimants associated with the Article Third Trust was filed by Steven R. Schlesinger of Jaspan Schlesinger LLP. The Objections to Determination filed on behalf of the Objecting Claimants associated with the Palmer Family Trust and the Miller Trust Partnership were filed by Helen Chaitman of Becker & Poliakoff LLP. The Objection to Determination filed on behalf of the Objecting Claimants associated with the account held by Maggie Faustin was filed by Marjory Cajoux, Esq. The remaining objecting claimant associated with the Estate of Theodore Schwartz filed a *pro se* Objection to Determination.

8. Objections to Determination filed on behalf of Objecting Claimants associated with the Palmer Family Trust and the Miller Trust Partnership were filed by Helen Davis Chaitman of Becker & Poliakoff, LLP. To clarify attorney representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both those occasions that she did not represent any of the Objecting Claimants in connection with the Trusts' discovery.

### Service of Requests for Admission and Other Discovery

9. I caused discovery to be served on Objecting Claimants through counsel, in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

10. Prior to Ms. Chaitman's October 4, 2013 and December 2, 2013 clarification of her representation status, I caused discovery to be served on Objecting Claimants claiming

3

customer status through the Miller Trust Partnership, by sending discovery to Ms. Chaitman. A copy of the complete discovery as sent, with cover letter and certificate of service, is attached hereto as Exhibit 1.

11. Because Ms. Chaitman clarified that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, Interrogatories, and Requests for Production, were ultimately served on those Objecting Claimants personally.

12. Responses to the Requests for Admission, Interrogatories, and Requests for Production, were received from Ronald Joseph and Marie Elsie Joseph, the Objecting Claimants claiming an interest in the Maggie Faustin account and are attached *infra*. No responses to the Requests for Admission (nor any of the other discovery) was received from any of the other Objecting Claimants.

### *Pro Se* Responses To Interrogatories and Requests for Admission

13. Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Ronald Joseph and Marie Elsie Joseph, a copy of the cover letter, and a copy of the Trustee's certificate of service for the discovery requests.

### Documents Produced

14. Attached hereto as Exhibit 3 are true and correct copies of certain of the documents produced to the Trustee in response to requests for production to Ronald Joseph and Marie Elsie Joseph.

### Represented Objecting Claimants Who Failed to Respond to Requests for Admission

15. Attached hereto as Exhibit 4 is a true and correct copy of Requests for Admission (including certificate of service and cover letter) that was served on Objecting Claimants through

4

counsel, for which the Trustee received no responses. These requests for admission relate to Article Third Trust Objecting Claimants (claim number 008921).

### *Pro Se* Objecting Claimants Who Failed To Respond To Requests For Admission

16. Attached hereto as Exhibit 5 is a chart of other Objecting Claimants who did not respond to the Requests for Admission served upon them. The Objecting Claimants who received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to the Trustee's notice of determination of claim, or (2) Objecting Claimants whose objections to determination had been filed by counsel.

17. There were four sets of Requests for Admission sent to Objecting Claimants in their discovery packages, one set sent to both the Article Third Trust and Miller Trust Partnership, another for both the Estate of Theodore Schwartz and Maggie Faustin Objecting Claimants, and two sets sent to Palmer Family Trust Objecting Claimants. These are distinguished by variations in the "RFA Type" column of the Exhibit 5 chart. Twelve of the actual Requests for Admission in the sets are substantively identical.

18. The Article Third Trust and Miller Trust Partnership Objecting Claimants each received a package with thirteen identical numbered Requests for Admission (RFA Type "1" in the Exhibit 5 chart).

19. The Theodore Schwartz and Maggie Faustin Objecting Claimants received a discovery package with twelve numbered Requests for Admission that were identical from one package to another. (RFA Type "2" in the Exhibit 5 chart).

20. The Palmer Family Trust Objecting Claimants received a discovery package with fifteen numbered Requests for Admission that were identical from one package to another with the exception of Boyer Palmer, Trustee, who received a discovery package with thirteen.

5

21. Examples of the four types of Requests for Admission discussed in the four immediately preceding paragraphs are attached as Exhibit 6 (Martin Miller Living Trust, 1 on chart); Exhibit 7 (Leonard P. Schwartz, 2 on chart); Exhibit 8 (Blake Palmer, 3 on the chart); and Exhibit 9 (Boyer Palmer, 4 on the chart). Exhibits 6 through 9 each contain the cover letter and Requests for Admission as sent, but omit the other enclosures referenced in the cover letter.

22. The cover letters sent to the various Objecting Claimants in the Exhibit 5 chart had other relevant variations (date, addressee, claim number, due date for responses, references to the dates and docket numbers of objections) that are not directly relevant to the requests for admission themselves.

23. Given there are voluminous Requests for Admission and that there is no variation other than as mentioned in this declaration, the Trustee is offering to provide these documents on request rather than attaching them to this declaration.

24. Attached as Exhibit 10 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in the Exhibit 5 chart.

*Intentionally Left Blank*

**Miscellaneous Exhibits**

25.     Attached hereto as Exhibit 11 are selected pages of the transcript of the hearing held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships (ECF No. 8734).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2016
          New York, New York

                                        */s/ Stephanie Ackerman*
                                        Stephanie Ackerman
                                        Baker & Hostetler LLP
                                        45 Rockefeller Plaza
                                        New York, New York 10111