UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>                    Plaintiff,<br><br>    v.<br><br>THE ESTATE OF GLADYS C. LURIA, et al.,<br><br>                  Defendants. | Adv. Pro. No. 10-05283 (SMB) |

**STIPULATION AND ORDER (i) APPLYING DECISION IN THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING; (ii) DISMISSING DEFENDANTS CARL T. FISHER, THE TRUST U/A VIII OF THE WILL OF GLADYS C. LURIA F/B/O CARL T. FISHER, AND JOAN FISHER WITHOUT PREJUDICE; (iii) DISMISSING COUNTS TWO, THREE, FOUR, FIVE, SIX, SEVEN AND EIGHT; and (iv) SUBSTITUTING PERSONAL REPRESENTATIVE OF ESTATE INTO ACTION**

        WHEREAS, on December 6, 2010, Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against several defendants (the "Defendants"), including Carl T. Fisher and the Trust U/A VIII of the Will of Gladys C. Luria F/B/O Carl T.

Fisher (collectively, the "Carl Fisher Defendants") and Joan Fisher, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on February 14, 2014, a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

WHEREAS, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

WHEREAS, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

WHEREAS, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)];

WHEREAS, Defendants in this Adversary Proceeding are neither a party to, nor have joined in, the Omnibus Proceedings;

WHEREAS, the Trustee and Defendants in this Adversary Proceeding wish to apply the Decision to this Adversary Proceeding;

WHEREAS, on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this Adversary Proceeding;

2

WHEREAS, this Adversary Proceeding seeks, *inter alia*, to avoid and recover transfers from BLMIS to Gladys C. Luria and the Estate of Gladys C. Luria as accountholders of BLMIS Account Nos. 1L0057 and 1L0121;

WHEREAS, on March 20, 2012, Peter B. Madoff executed a document resigning as executor of the Estate of Gladys C. Luria; and

WHEREAS, on February 13, 2013, the Surrogate's Court of the County of New York, State of New York, granted Letters of Administration CTA authorizing Richard C. Yeskoo to administer the Estate of Gladys C. Luria as its personal representative, subject to the jurisdiction and supervision of that court.

IT IS HEREBY stipulated and agreed between the Trustee and Defendants as follows:

1. The Decision rendered in the Omnibus Proceedings applies equally to this Adversary Proceeding.

2. Pursuant to the Supreme Court Decision, Counts Two, Three, Four, Five, and Six of the Complaint are hereby dismissed with prejudice.

3. As to Count Seven in the Complaint seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of the Bankruptcy Code, applicable provisions of SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law, such Count is hereby dismissed without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015, and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code.

4. Count Eight of the Complaint is hereby dismissed without prejudice.

5. This Stipulation and Order has no effect on Count One of the Complaint.

6. Pursuant to Federal Rule of Civil Procedure 41(a), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7041(a), the Trustee's claims against the Carl Fisher Defendants and Joan Fisher are dismissed without prejudice.

7. Richard C. Yeskoo, in his capacity as personal representative of the Estate of Gladys C. Luria, is hereby substituted into this action in place of Peter B. Madoff, in his capacity as executor of the Estate of Gladys C. Luria, and the complaint shall be deemed so amended.

8. As a result of the dismissal of Count Seven without prejudice, the Carl Fisher Defendants and Joan Fisher are dismissed without prejudice. The caption of the Adversary Proceeding is hereby amended to delete the Carl Fisher Defendants and Joan Fisher from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

9. This Stipulation and Order may be signed by counsel for the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

4

10. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date:   March 23, 2016

By: /s/ *Nicholas J. Cremona*　　　　　　
Nicholas J. Cremona
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*

By: /s/ *Richard C. Yeskoo*　　　　　　
Richard C. Yeskoo
YESKOO HOGAN & TAMLYN, LLP
139 South Street
New Providence, NJ 07974
Telephone: (908)-464-8300

*Attorneys for Defendants*

SO ORDERED:

By:**/s/ STUART M. BERNSTEIN**　　　　Date: **March 23rd, 2016**　　　　　　　　　
　　HON. STUART M. BERNSTEIN
　　UNITED STATES BANKRUPTCY JUDGE