# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 28, 2016

Jason S. Oliver
direct dial: 212.589.4649
joliver@bakerlaw.com

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Picard v. Legacy Capital Ltd. and Khronos LLC, Adv. Pro. No. 10-05286 (SMB)

Dear Judge Bernstein:

We represent Irving Picard, as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the estate of Bernard L. Madoff in the above-referenced adversary proceeding.  This letter responds to the March 28, 2016 letter submitted by Eric B. Fisher of Binder & Schwartz on behalf of the defendants.

*Background*

On March 14, 2016, this Court issued a Memorandum Decision Regarding Motions To Dismiss the Trustee's Amended Complaint (the "Decision") directing the parties to settle an order on notice implementing the Decision.  Pursuant to Local Bankruptcy Rule 9074-1, the parties are required to submit a proposed order within fourteen days of the issuance of the Decision.

On March 22, 2016, defendants' counsel circulated a proposed order, requesting Trustee's counsel's response by Friday morning.  On Thursday, March 24, 2016, Trustee's counsel responded with a revised proposed order.   Counsel for the parties met and conferred the following day to try to work out an order on consent to jointly submit for the Court's consideration.  During the teleconference, we expressed our disagreement with the defendants' contention that the Decision dismissed with prejudice certain claims in the Trustee's amended complaint.  We also described a similar disagreement that occurred in the *Shapiro* case (Adv. Pro. No. 10-05383), in which this Court clarified that its decision was without prejudice.  Finally,

Honorable Stuart M. Bernstein
March 28, 2016
Page 2

Trustee's counsel indicated its willingness to agree that, in the event leave to amend is sought, Khronos LLC would not be named as a defendant in this action. Defendants' counsel concluded the meeting by indicating they would consider the Trustee's arguments and communicate over the weekend whether they would agree to submit a joint proposed order to the Court.

Trustee's counsel received no further communication from defendants' counsel until this morning, when defendants submitted their proposed order to the Court. Accordingly, we enclose herewith, as Exhibit A, a proposed order on behalf of the Trustee (the "Trustee's Proposed Order").[1] For ease of reference, we also enclose, as Exhibit B, a redline of the Trustee's Proposed Order against the defendants' proposed order.

## *Summary of Trustee's Position*

The Decision's dismissal of the Trustee's claims against Legacy Capital Ltd. and Khronos LLC should be without prejudice. The Decision did not fully dispose of all of the Trustee's claims against the defendants, and the case law is clear that a partial disposition of claims is not final. *See, e.g.*, *Cinerama, Inc. v. Sweet Music, S. A.*, 482 F.2d 66, 69 (2d Cir. 1973) (district court cannot characterize a partial disposition of a claim as final and has no basis to sever plaintiff's claim for principal from its claim for prejudgment interest and render a final judgment only as to claim for principal); *Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 382 (3d Cir. 1994) (ruling as to an affirmative defense to a counterclaim when the counterclaim has not been adjudicated cannot be final); *City of New York v. Milhelm Attea & Bros.*, No. 06 Civ. 03620 (CBA)(VMS), 2012 WL 4959502, at *2 (E.D.N.Y. Oct. 17, 2012) (an order that has yet to assess damages "requires a court to do more than 'execute the judgment' and is not a final decision on the claim").

Moreover, courts have broad discretion in deciding whether to dismiss with or without prejudice and whether to grant leave to amend. *See, e.g.*, *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.") (internal citation and quotations omitted); *Telemaque v. Marriott Int'l, Inc.*, No. 14 Civ. 6336 (ER), 2016 WL 406384, at *10 (S.D.N.Y. Feb. 2, 2016) (granting motion to dismiss, and granting plaintiff leave to file a second amended complaint to address pleading deficiencies). Further, under Federal Rule of Civil Procedure 54(b), an interlocutory order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, where some claims survive a motion to dismiss, the court has the discretion to allow amendment even with respect to claims it has dismissed. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011).

---

[1] The Trustee's Proposed Order differs only slightly with the proposed order we forwarded to defendants' counsel on Thursday, March 24, 2016. It now clarifies the Trustee's right to avoid and recover fictitious profits transferred to *or for the benefit of* Legacy Capital.

Honorable Stuart M. Bernstein
March 28, 2016
Page 3

Further, the contention that the Trustee's failure to respond to the defendants' "argument" regarding dismissal with prejudice in their moving papers constitutes a waiver of the point is without merit. The purported argument comprised one sentence at the end of the defendants' respective preliminary statements based on inapposite cases involving "wholly speculative" RICO complaints that had either already been dismissed without prejudice or failed to meet the Rule 9(b) standard. *See Benedict v. Amaducci*, No. 92 Civ. 5239 (KMW), 1995 WL 702444, at *9 (S.D.N.Y. Nov. 28, 1995); *Jeanette Coquette Co. v. Hartford Fire Ins. Co.*, No. 93 CIV. 4418 (KMW), 1995 WL 363864, at *5 (S.D.N.Y. June 19, 1995). The authority on which defendants rely for the proposition that the Trustee waived his ability to contest the point is similarly out of place as the cases involved a plaintiff failing to oppose a motion to dismiss or parties abandoning their own claims.

### *Trustee's Request*

For the foregoing reasons, the Trustee respectfully requests that the Court enter the Trustee's Proposed Order. If this Court is not inclined to do so, the Trustee requests, in the alternative, that (i) the parties be given an additional week to negotiate and jointly submit an order on consent; and/or (ii) the Court agree to a short briefing schedule so that the parties may fully set forth the bases for their respective positions. We informed defendants' counsel that we intended to make this request and they do not object.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

/s/ Jason S. Oliver

Jason S. Oliver


Attachments

cc:   Eric B. Fisher (via email)
      Nicholas F. Kajon (via email)
      Barry Seidel (via email)

300386294.3