| | |
|---|---|
| **Baker & Hostetler LLP** <br> 45 Rockefeller Plaza <br> New York, NY 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br> David J. Sheehan <br> Nicholas J. Cremona <br> Dean D. Hunt <br> Farrell A. Hochmuth | Hearing Date: April 27, 2016 at 10:00 a.m. <br> Objections Due: April 20, 2016 at 5:00 p.m. |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br> (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> DORADO INVESTMENT COMPANY; MARSHALL D. MILLER, in his capacity as a General Partner of Dorado Investment Company; DAVID J. MILLER, in his capacity as a General Partner of Dorado Investment Company; STEVEN L. MILLER, in his capacity as a General Partner of Dorado Investment Company; and SUSAN MILLER, in her capacity as a General Partner of Dorado Investment Company, | Adv. Pro. No. 10-04333 (SMB) |

Defendants.

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENTS BY AND AMONG THE TRUSTEE AND DORADO INVESTMENT COMPANY, THE PHILEONA FOUNDATION, MARSHALL D. MILLER, DAVID J. MILLER, STEVEN L. MILLER, AND SUSAN MILLER**

TO:  THE HONORABLE STUART M. BERNSTEIN
     UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78*aaa-lll* ("SIPA")[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in two agreements (the "First Agreement" and "Second Agreement", and collectively, the "Agreements")[2] by and among the Trustee on the one hand, and Dorado Investment Company ("Dorado"); The Phileona Foundation ("Phileona"); Marshall D. Miller, in his capacities as a General Partner of Dorado and the Manager of Phileona; David J. Miller, in his capacity as a General Partner of Dorado; Steven L. Miller, in his capacity as a General Partner of Dorado; and Susan Miller, in her capacity as a General Partner of Dorado, on the other hand. Dorado and Marshall D. Miller,

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] A copy of the First Agreement is attached hereto as Exhibit A, and a copy of the Second Agreement is attached as Exhibit B.

- 2 -

David J. Miller, Steven Miller and Susan Miller, each in his or her capacity as a General Partner of Dorado, shall be referred to herein as "Defendants," and together with Phileona and Marshall D. Miller, in his capacity as the Manager of Phileona, the "Transferees." Trustee and Transferees shall be hereinafter referred to collectively as the "Settlement Parties."

In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Trustee commenced an action against Defendants in this adversary proceeding to recover fraudulent transfers regarding Dorado's BLMIS Account No. 1D0026 (the "Dorado Account"). The Trustee's action seeks the recovery of transfers aggregating $30,245,640 (the "Transfers").

Trustee and Defendants filed stipulations in this adversary proceeding giving Trustee the authority to file an amended complaint alleging that Phileona is a subsequent transferee of some or all of the Transfers.

Trustee and Defendants agreed to submit the matter to mediation, and engaged in two mediation sessions in 2015. Following the mediation sessions and several rounds of negotiations, the Settlement Parties ultimately reached a consensual resolution. The Settlement Parties entered into the Agreements, which together represent a good faith, complete settlement of all disputes among the Settlement Parties related to this adversary proceeding and all subsequent transfer claims the Trustee may have against Phileona related to the Dorado Account (the "Subsequent Transfer Claims"). By the Agreements, the Trustee will recover from the Transferees 100% of the fraudulent transfers that he sought to avoid and recover from Defendants, aggregating $30,245,640. The Trustee's settlement with the Transferees will obtain a significant, direct monetary benefit for the estate. The Trustee therefore respectfully requests

that the Court approve this settlement.

## BACKGROUND

*The Commencement of the BLMIS Liquidation Proceeding*

1. On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). In the complaint, the Commission alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

   a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;
   b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
   c. removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating Madoff's Chapter 7 estate with the BLMIS SIPA proceeding.

---

[3] In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. *See* section 78*lll*(7)(B) of SIPA.

*Defendants' BLMIS Account*

5. On or about November 3, 1992, Marshall D. Miller and David J. Miller, on behalf of Dorado, opened the Dorado Account with BLMIS. Within the two-year period prior to the Filing Date, Defendants withdrew from the Dorado Account a total of $30,245,640 in fictitious profits (as defined above, the "Transfers").

6. No customer claim was filed on behalf of the Dorado Account.

*The Trustee's Claims Against the Transferees*

7. On November 30, 2010, the Trustee filed a complaint (the "Complaint") commencing this adversary proceeding against the Defendants, seeking to avoid and recover the Transfers under 11 U.S.C. §§ 544, 548, 550, and 551, SIPA § 78fff-(2)(c)(3), and the New York Debtor and Creditor Law §§ 270–281 ("Avoiding Power Claims").

8. The Defendants have disputed any liability to the BLMIS estate for the Transfers. Following the commencement of the adversary proceeding, Defendants filed an answer to the Complaint on January 20, 2011, which was amended on November 13, 2014.

9. The Settlement Parties agree that some or all of the Transfers were subsequently transferred to Phileona, a 501(c)(3) charitable organization of which Defendants are trustees and directors.

10. Trustee and Defendants filed a Stipulation to Amendment on November 12, 2014 (ECF No. 48 in Adv. Pro. No. 10-04333) and a Stipulation to Amendment of Trustee's Complaint on November 24, 2015 (ECF No. 58 in Adv. Pro. No. 10-04333), which collectively gave Trustee the authority to file an amended complaint alleging that Phileona is a subsequent transferee of some or all of the Transfers.

*The Phileona Allowed Claim*

11. Phileona held its own BLMIS account, designated BLMIS Account No. 1P0053 (the "Phileona Account"). On or about March 2, 2009, Marshall D. Miller, on behalf of Phileona, filed a customer claim (assigned claim number 004344) based on the Phileona Account. The Trustee allowed this claim in the amount of $35,653,004 (the "Phileona Allowed Claim").

12. To date, the Trustee has distributed $17,899,379.01 to Phileona on account of the Phileona Allowed Claim (the "Phileona Satisfied Amount"), including funds advanced by SIPC pursuant to section 78fff-3(a)(1) of SIPA and the Trustee's first through fifth *pro rata* interim distributions of recoveries from the customer fund to eligible BLMIS customers.

13. In addition to the Phileona Satisfied Amount, on or about December 4, 2015, the Trustee allocated $2,945,651.19 to Phileona for the Trustee's sixth interim distribution of customer property on account of the Phileona Allowed Claim (the "Sixth Interim Distribution"). Phileona agreed to forgo receipt of the Sixth Interim Distribution pending settlement discussions relating to this adversary proceeding.

## SETTLEMENT DISCUSSIONS AND THE TRUSTEE'S INVESTIGATION

14. In connection with this litigation, the Trustee has conducted a comprehensive investigation relating to the Transfers to Defendants and subsequent transfers of the Transfers to Phileona. The Defendants have cooperated with the Trustee and facilitated the investigation by providing information the Trustee has requested. The Trustee's investigation included, but was not limited to, review and analysis of BLMIS records, written discovery, substantial review of third-party records and documents, meetings with the Defendants' counsel, and depositions of Defendants' accountants.

15. In an effort to directly address the underlying claims and issues among the Settlement Parties, on March 23, 2015, the Trustee and Defendants (the "Mediation Parties") entered into a mediation agreement with Melanie L. Cyganowski, establishing protocols for a mediation.

16. On April 9 and July 30, 2015, the Mediation Parties engaged in mediation, and presented their respective claims, evidence and defenses. The Mediation Parties failed to reach a settlement by the end of these two sessions, but continued to engage in discussions until March 2016.

17. On March 31, 2016, the Settlement Parties executed the Agreements wherein they agreed to settle the matters at issue in this adversary proceeding on the terms summarized below.

## OVERVIEW OF THE AGREEMENTS

18. The principal terms and conditions of the Agreements are generally as follows (as stated above, the Agreements are attached as Exhibit A and Exhibit B and may be reviewed for a complete recitation of their terms).[4] Defendants and Phileona shall pay or cause to be paid to Trustee a total of $30,245,640 (the "Settlement Payment"), in accordance with the following terms and payment schedule.

    a. As provided in the First Agreement:

        i. Within thirty (30) days of the Bankruptcy Court's approval of the Agreements by an order that is no longer subject to appeal, review or rehearing by any court of competent jurisdiction (the "Approval Date"), Phileona shall repay to the Trustee the Phileona Satisfied

---

[4] Terms not otherwise defined shall have the meaning ascribed to them in the Agreements. In the event of any inconsistency between the summary of the terms provided in this section and the terms of the Agreements, the Agreements shall prevail.

- 7 -

    Amount, which has been previously distributed to Phileona on account of the Phileona Allowed Claim, in the amount of $17,899,379.01 (the "Initial Settlement Payment");

b.  As provided in the Second Agreement:

  ii.  Immediately upon the Approval Date, Phileona shall assign to the Trustee the Sixth Interim Distribution on account of the Phileona Allowed Claim, in the amount of $2,945,651.19;

  iii.  Transferees shall pay to Trustee $9,400,609.80, in annual installment payments of $2,350,152.45 (the "Annual Installment Payments"), with the first due within 60 days of the Approval Date (the "Initial Annual Installment Date"), and the remaining three due on the anniversary of the Initial Annual Installment Date in each of the following three years.

  iv.  Phileona shall immediately assign to Trustee any and all distributions made on account of the Phileona Allowed Claim during the three years following the Initial Annual Installment Date, unless and until the Settlement Payment has been received in full by Trustee. Each Annual Installment Payment shall be reduced by any distributions made on account of the Phileona Allowed Claim and received by the Trustee in the prior year. If the Trustee distributes more than $2,350,152.45 in any given year, the next scheduled Annual Installment Payment by Transferees will be satisfied, and the excess will reduce the following scheduled

- 8 -

        Annual Installment Payment. After the full Settlement Payment has been received by the Trustee, the right to any further distributions on account of the Phileona Allowed Claim shall revert to Phileona;

  v.  As soon as practicable after the Approval Date and receipt by the Trustee of the Initial Settlement Payment, the Settlement Parties shall submit to the Court a stipulation requesting dismissal of this adversary proceeding without prejudice as against the Defendants, with Trustee and Defendants each bearing their own costs, attorneys' fees, and expenses, subject only to Trustee's right to re-open the Adversary Proceeding to seek entry of Judgment pursuant to a Stipulation for Entry of Judgment for any uncured failure of the Transferees to perform their obligations under the terms of the Second Agreement;

c.  As provided in both Agreements:

  vi.  The Trustee shall seek approval of the Agreements before the Court; and

  vii.  The Transferees shall release, acquit, and discharge the Trustee, and the Trustee shall release, acquit, and discharge the Transferees, subject to certain exceptions.

## RELIEF REQUESTED

19. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit C approving the Agreements.

## LEGAL BASIS

20. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

21. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

22. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

    a.    the probability of success in the litigation;

- 10 -

   b. the difficulties associated with collection;

   c. the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

   d. the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at \*22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

  23. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. at 594. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

  24. The Agreements further the interest of BLMIS customers by recovering 100% of the Transfers and, as a result, bring in significant funds that will benefit the customer property estate. The Agreements also resolve all claims between the Settlement Parties, including the Subsequent Transfer Claims against Phileona, and avoid the cost and delay of what could otherwise be lengthy and contentious litigation. (Affidavit of the Trustee in Support of the Motion (the "Picard Affidavit")). A true and accurate copy of the Picard Affidavit is attached as

Exhibit D.

## CONCLUSION

25. The Trustee believes that the terms of the Agreements fall well above the lowest point in the range of reasonableness. The Agreements resolve the claims raised by the Trustee against the Transferees as to this adversary proceeding, and avoid likely lengthy, burdensome, and expensive litigation regarding the claims and defenses in this matter. The Trustee also believes that the Agreements represent a fair and reasonable compromise of the Avoiding Power Claims and the Subsequent Transfer Claims. Because the Agreements are well within the "range of reasonableness" and confer a significant monetary benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreements.

## NOTICE

26. In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the United States Attorney for the Southern District of New York; and (iii) Cozen O'Connor, 33 South Sixth Street, Suite 4640, Minneapolis, MN 55402, Attn: Thomas G. Wallrich. Notice of this Motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit C granting the relief requested in the Motion.

| | |
|---|---|
| Dated:  New York, New York<br>April 1, 2016 | Respectfully submitted, |
| Of Counsel: | */s/ Nicholas J. Cremona* |
| **BAKER & HOSTETLER LLP**<br>811 Main Street, Suite 1100<br>Houston, Texas 77002-0518<br>Telephone: 713.751.1600<br>Facsimile: 713.751.1717<br>Dean D. Hunt<br>Email: dhunt@bakerlaw.com<br>Farrell A. Hochmuth<br>Email: fhochmuth@bakerlaw.com | **BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111-0100<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |