# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

April 6, 2016

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Trust U/ART Fourth O/W/O Israel Wilenitz, et al.*, Adv. Pro. No. 10-04995 (*"Wilenitz"*)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  Pursuant to Local Bankruptcy Rule 7007-1 and your Honor's Chambers Rules, we write to request a conference with the Court or, in the alternative, permission to file a motion for a protective order with respect to disproportional discovery requests by the Defendants in the above-captioned matter, which are attached as Exhibit A.[1]

These requests were served by Defendants' counsel Helen Davis Chaitman on March 6, 2016, and she has advised that she intends to serve them in all approximately 100 of her cases. The Trustee will timely file his responses and objections on Friday, April 8, 2016, and will respond with information specific to *Wilenitz*.  In addition, the Trustee previously produced approximately 1,900 documents specific to *Wilenitz,* including the account opening documents, correspondence, and bank statements, on April 1, 2016.

However, the Trustee seeks a protective order with respect to several of the requests, which are objectionable for two main reasons.  First, the requests seek documents and information that have no relevance to *Wilenitz*, including requests seeking information about every other BLMIS customer, information concerning claimants holding allowed claims and

---

[1] The Trustee seeks a protective order prohibiting each and every request with the exception of Request No. 13.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

April 6, 2016
Page 2

what they have been paid (and the Defendants do not hold allowed claims), information concerning claims traders, and information concerning the Trustee's compensation.  Second, the requests seek information and documents which are cumulative to what is in the Trustee's E-Data Room 1, such as information relating to whether BLIMS was a Ponzi scheme.  E-Data Room 1 contains approximately five million documents relating to the operations of and fraud at BLMIS.  The purpose of E-Data Room 1 is to provide defendants with direct access to certain BLMIS records to relieve the burden on the Trustee of having to search for generic information about BLMIS in every matter.  It also prevents defendants from shifting the burden of investigating their own case theories to the Trustee.  Ms. Chaitman has not requested access to E-Data Room 1 in *Wilenitz* and has done limited searches in E-Data Room 1 in her other matters.  As to other requests, such as information relating to the Trustee's standing, Ms. Chaitman has not articulated a specific reason or good-faith basis as to why discovery is necessary.

       The parties conferred about the requests, but were unable to reach agreement as to how they could be more narrowly tailored.  Given that Ms. Chaitman indicates that she will serve them in approximately 100 cases, the Trustee respectfully requests the Court's intervention.

Respectfully submitted,

 */s/ Edward J Jacobs*
Edward J. Jacobs

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022