**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>THE ESTATE OF MARK D. MADOFF and ANDREW H. MADOFF, individually and as Executor of the Estate of Mark D. Madoff.<br><br>Defendants. | Adv. Pro. No. 09-01503 (SMB) |

**DECLARATION OF DAVID J. SHEEHAN IN SUPPORT OF THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER UNDER SECTION 6513 OF THE NEW YORK CIVIL PRACTICE LAW AND RULES EXTENDING THE NOTICE OF PENDENCY FILED AGAINST CERTAIN REAL PROPERTY IN NEW YORK COUNTY OWNED BY DEFENDANT ANDREW H. MADOFF**

DAVID J. SHEEHAN, being duly sworn, deposes and says:

1. I am a partner with the law firm of Baker & Hostetler LLP, counsel to Irving H. Picard (the "Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") and the consolidated estate of Bernard L. Madoff ("Madoff").

2. I respectfully submit this Declaration in support of the Trustee's motion for an order extending the notice of pendency, attached hereto as Exhibit A (the "Notice of Pendency"), filed on defendant Andrew H. Madoff's real property located at 433 East 74th Street, Apartment 5A, New York, New York 10021-3901, also known as Lot 1109, Block 1469 (the "433 East 74th Street Property").[1]

3. Unless the Court grants the relief requested in the Trustee's Motion, the Notice of Pendency will lapse on June 1, 2016, prior to the resolution of this adversary proceeding, thereby enabling the transfer of the 433 East 74th Street Property without notice of the litigation surrounding the property.

[1] Andrew Madoff passed away on September 3, 2014. Thereafter, the Trustee and Martin Flumenbaum, Executor of deceased defendant Andrew Madoff's estate, entered into several stipulations extending the Trustee's time to substitute Mr. Flumenbaum, and Andrew Madoff's estate, for Andrew Madoff in this proceeding while the parties engaged in settlement discussions, with the most recent stipulation extending the Trustee's time to substitute to April 8, 2016. ECF No. 227. The parties have agreed to submit a stipulation to be so ordered by this Court to substitute the proper parties into this action.

4. I have personal knowledge of the facts stated herein except where the basis is otherwise identified.

**The Underlying Action**

5. On October 2, 2009, the Trustee commenced the above-captioned adversary proceeding against Andrew Madoff, Mark Madoff, Peter Madoff and Shana Madoff.[2] The Trustee alleged, among other things, that certain transfers of Customer Property (as defined by SIPA § 78*lll*(4)) from BLMIS and/or Madoff were used to purchase property for the above-referenced defendants, including the 433 East 74th Street Property.[3] Specifically, Madoff purported to "loan" Andrew Madoff at least $4,485,000 pursuant to a "promissory note" in 2008 for the purchase of the 433 East 74th Street property. That money, however, was wired directly to Andrew Madoff's real estate agents and lawyers from the BLMIS 703 Account. The Trustee has not discovered any evidence that this "loan" was ever serviced or repaid. In his pleadings, the Trustee seeks, among other things, a constructive trust over the properties, including the 433 East 74th Street Property, that were purchased with transfers of Customer Property.[4]

6. The Trustee filed an Amended Complaint on November 7, 2011 and a Second Amended Complaint on May 4, 2012, which included additional Madoff family member defendants (namely, the current and former spouses of Andrew Madoff and Mark Madoff), as well as additional avoidable and recoverable initial and subsequent transfers.

[2] ECF No. 1.
[3] *Id*. at ¶¶ 94, 210, p. 67.
[4] ECF No. 64 at ¶¶ 5, 102, 210-214, p. 64; ECF No. 113 at ¶¶ 1, 112, 225-229, p. 75.

7. On July 10, 2012, the Trustee directed the New York County Clerk's Office to file, record, and index the Notice of Pendency against the 433 East 74th Street Property.[5]

8. In the intervening time since the filing and indexing of the Notice of Pendency, the Trustee has actively participated in both the prosecution and attempted resolution of this action. Specifically, the Trustee has:

(a) litigated motions to withdraw the reference from this Court as well as other motions concerning the Trustee's standing to assert common law claims against the current and former spouses of Andrew Madoff and Mark Madoff;[6]

(b) sought leave from this Court to file a third amended complaint, currently pending before this Court;[7]

(c) engaged in discovery, including providing defendants' counsel with access to an electronic data room containing over four million documents[8] and produced over eight hundred thousand pages of documents;[9] and

(d) engaged in settlement negotiations (and in fact, resolved and/or discontinued his claims against all defendants except for Andrew Madoff and Mark Madoff). [10]

---

[5] Ex. A.

[6] *See In re Madoff Secs. (Trustee's Stern v. Marshall Consol. Briefing)*, 12-mc-0115 (JSR), ECF No. 141 (S.D.N.Y.) (Trustee's consolidated briefing in opposition to motion of former defendant Deborah Madoff and others, to withdraw the reference of this action and others to the Bankruptcy Court); *In re Madoff Secs. (Trustee's SLUSA/Standing Consol. Briefing)*, 12 Misc. 00115 (JSR), ECF No. 342 (S.D.N.Y.) (Trustee's consolidated briefing in opposition to motion of former defendants Stephanie Mack, Deborah Madoff, and others, to withdraw the reference of this action and others to the Bankruptcy Court); *see also In re Madoff Secs. (Stern v. Marshall Decision)*, 490 B.R. 46 (S.D.N.Y. 2013); *In re Madoff Secs. (SLUSA/Standing Decision)*, 987 F.Supp.2d 311 (S.D.N.Y. 2013).

[7] ECF Nos. 184, 185.

[8] *See Picard v. Igoin et al.*, Adv. Pro. No. 10-04336 (SMB), ECF No. 30 at 21 n.14 (Bankr. S.D.N.Y.) ("As part of the many adversary proceedings pending before this court, the Trustee has created a virtual data room containing over four million documents . . .")

[9] ECF No. 185 at 8.

9. The fact that this adversary proceeding remains ongoing more than three and a half years from the filing of the Notice of Pendency is not due to any delay by the Trustee. Rather, the litigation was essentially held in abeyance after the Trustee filed the Second Amended Complaint while the parties waited for District Court rulings on legal issues affecting this proceeding, including the applicability of sections 502(d), 546(e), and 550(a) of the Bankruptcy Code, the measure and burden of proving "value" and "good faith" under section 548(c), the impact of the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and the Trustee's standing to assert common law claims against third parties, including the widows and former spouses of Andrew Madoff and Mark Madoff, on behalf of the debtors' estate and their creditors.[11]

10. While the parties awaited these rulings, the Trustee engaged in discovery and actively negotiated with the remaining defendants in an effort to resolve his claims against them. Indeed, this proceeding has been settled and/or discontinued against all defendants except for the Madoff brothers.

11. The Trustee made significant efforts this past year to reach a final resolution with the Madoff brothers but negotiations have recently ended as a settlement was unable to be reached.

*…continued from previous page*

[10] *See* Peter Madoff Consent Judgment (ECF No. 145), Shana Madoff Dismissal (ECF No. 148), Susan Elkin Dismissal (ECF No. 177), Deborah Madoff Dismissal (ECF No. 183), and Stephanie Mack Dismissal (ECF No. 211).

[11] *See* Section IV(A) in Trustee's Mem. of Law In Supp. of Mot. For Leave to File a Third Am. Compl. (ECF No. 185 at 5-6.).

12. Pursuant to section 6513 of the New York Civil Practice Law and Rules ("NY CPLR § 6513"), the Notice of Pendency on the 433 East 74th Street Property was scheduled to expire on July 10, 2015. The parties entered into two separate six-month extensions of the Notice of Pendency, both so ordered by this Court, which ultimately extended the Notice of Pendency to June 1, 2016.[12] The Trustee caused these stipulated orders to be filed, recorded, and indexed with the New York County Clerk's Office.

13. To avoid the burden of additional motion practice, on March 30, 2016, the Trustee requested that the defendants agree to stipulate to a further extension of the Notice of Pendency. Defendants did not respond the Trustee's request. *See* Exhibit B.

14. The Trustee is now compelled to move this Court to extend the Notice of Pendency prior to its June 1, 2016 expiration.

**The Relief Requested**

15. To ensure that he preserves all rights in this action pertaining to the 433 East 74th Street Property, the Trustee respectfully requests that this Court issue an order extending the Notice of Pendency for an additional three-year period from the date the order is entered.

16. In light of the current Notice of Pendency's expiration on June 1, 2016, the Trustee would request that such order be issued before June 1, 2016 and that the New York County Clerk's Office be instructed to file, index, and record such extension expeditiously (before the June 1st date).

[12] ECF Nos. 221 & 226.

17. For the reasons noted above, I submit that the Trustee has demonstrated good cause for an extension of the Notice of Pendency under NY CPLR § 6513. I further submit that granting the requested relief is necessary and in the best interest of the equitable administration of the BLMIS estate.

Date: April 6, 2016
New York, New York

BAKER & HOSTETLER LLP

BY: *__/s/ David J. Sheehan__*

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*