# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

April 11, 2016

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:    *Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC,* Adv.
       Pro. No. 08-01789 (SMB) – *Picard v. Cohen* (Adv. Pro. No. 10-04311) (SMB) ("Cohen
       Proceeding")

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively
consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the
consolidated estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C.
§ 78aaa *et seq.* ("SIPA").

We write to address a letter filed on April 7, 2016, on the docket for the main liquidation
proceeding (ECF No. 13049) and in the Cohen Proceeding (ECF No. 84) purporting to provide
supplemental authority.  The letter was filed by defendants ("Movants") in a multitude of
avoidance actions commenced by the Trustee, which Movants have sought leave to intervene in
the Cohen Proceeding regarding certain purported "value" defenses under Bankruptcy Code
Section 548(c).

As an initial matter, Movants' letter is improper given that this Court has not yet ruled on
Movants' motion to intervene in the Cohen Proceeding.  At a conference held on September 30,
2015, your Honor granted the Movants' request for leave to file their motion to intervene, but
withheld judgment as to whether the Movants may actually intervene in the Cohen Proceeding,
stating, "Look, you can make your motion.  I think you're going to be hard-pressed to convince
me that you have any further right to be heard, at least in this Court on the antecedent debt
issue."  Transcript, Conference Regarding Certain Parties' Request to Intervene at 44:25-45:3,
*Picard v. Cohen,* No. 10-04311 (SMB) (Bank. S.D.N.Y. Sept. 30, 2015).  As a result, the
Movants filed their motion to intervene on October 9, 2015 in the Cohen Proceeding (ECF No.

Hon. Stuart M. Bernstein
April 11, 2016
Page 2

61-62), the Trustee filed his opposition brief on October 29, 2015 (ECF No. 65-66), and in turn, the Movants filed their reply papers on November 11, 2015 (ECF No. 69).   Notwithstanding the fact that this Court has not yet ruled on the intervention request, Movants first filed an unauthorized "provisional brief" on the antecedent debt issue and are now seeking to supplement that filing.

Setting aside the impropriety of the filing, the case identified by Movants does nothing to further their cause.  In *Janvey v. Golf Channel Inc.*, No. 15-0489, __ S.W.3d __, slip op. (Tex. Apr. 1, 2016) ("*Golf Channel*"), the Supreme Court of Texas considered the value defense under the Texas Uniform Fraudulent Transfer Act (TUFTA), specifically in light of the unique definition of "reasonably equivalent value" which, unlike in the model Uniform Fraudulent Transfer Act, defines the term to include consideration having value from a marketplace perspective.  Given this definition, the court determined that a good faith defense could be available for certain payments made by Stanford International Bank Limited to the Golf Channel in exchange for media advertising services that the Golf Channel provided pursuant to a contract between the two entities.

While Movants stretch in an attempt to distill general principles from *Golf Channel* (likely because the facts are completely distinguishable),[1] the case has no relevance here where the District Court has provided a mandate with respect to the treatment of antecedent debt in this liquidation. Judge Rakoff has determined that defendants like the Movants are not entitled to retain fictitious profits they received from BLMIS under Section 548(c) of the Bankruptcy Code because such transfers do not constitute the "satisfaction of . . . antecedent debt" within the meaning of the statute.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 499 B.R. 416, 424 (S.D.N.Y. 2013) (the "*Antecedent Debt Decision*"); *see also Picard v. Shapiro,* Adv. Pro. No. 10-05383 (SMB), 2015 WL 7568376, at *12-13 (Bankr. S.D.N.Y. Nov. 25, 2015) (ruling defendants' "value" arguments that the transfers satisfied the antecedent debts arising from their state and federal law claims were previously foreclosed by Judge Rakoff, stating that defendants "cannot collaterally attack Judge Rakoff's reference order in this Court.") (citing *generally Antecedent Debt Decision*, 499 B.R. 416).  Indeed, in a summary order, a copy of which is enclosed herewith, the Second Circuit recently affirmed a district court decision finding that "fair consideration" is not present in the context of a Ponzi scheme.[2]  *Silverman v. Cullin*, No. 15-1341, 2016 WL 423800 (2d Cir. Feb. 4, 2016).  The Second Circuit observed that the "prevailing view in the district and bankruptcy courts in this Circuit" agreed with this approach.  *Id.*, citing *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 462-64 (Bankr. S.D.N.Y. 2015) ("*Omnibus Good Faith Decision*").

---

[1] One of many important distinctions is that *Golf Channel* did not involve a proceeding under SIPA and, as such, there was, of course, no priority estate for customers.

[2] Section 273 of the New York Debtor and Creditor Law provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."  Fair consideration has consistently been equated to reasonably equivalent value.

Hon. Stuart M. Bernstein
April 11, 2016
Page 3

   Unlike the advertising services provided by the Golf Channel, it is well-settled in this Circuit and in these proceedings that there can be no value for fictitious profits.  This long-standing rule has been upheld in SIPA liquidations as well as in non-SIPA bankruptcy proceedings.  As this Court emphasized, "every circuit court to address this issue has concluded that an investor's profits from a Ponzi scheme are not 'for value.'" *Omnibus Good Faith Decision*, 531 B.R. at 462 (citing *Greiff*, 476 B.R. at 724).[3] *See also Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Group, LLC),* 439 B.R. 284, 337 (S.D.N.Y.2010) ("[V]irtually every court to address the question has held unflinchingly that to the extent that investors have received payments in excess of the amounts they have invested, those payments are voidable as fraudulent transfers.") (internal quotation marks and citations omitted); *Picard v. Cohmad Sec. Corp. (In re BLMIS),* 454 B.R. 317, 333 (Bankr. S.D.N.Y. 2011); *Gowan v. The Patriot Grp., LLC (In re Dreier LLP ),* 452 B.R. 391, 440 n.44 (Bankr.S.D.N.Y.2011).

   Accordingly, Movants' reliance on *Golf Channel* is misplaced.  We are available to discuss the foregoing at the Court's convenience.

   The Securities Investor Protection Corporation ("SIPC") has authorized the Trustee to represent to the Court that SIPC joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):
   David J. Sheehan
   Kevin H. Bell
   P. Gregory Schwed
   Richard A. Kirby
   Matthew A. Kupillas
   Carole Neville
   Richard Levy

---

[3] *See e.g., Donell v. Kowell*, 533 F.3d 762, 771–72 (9th Cir.), *cert. denied*, 555 U.S. 1047 (2008); *Scholes v. Lehmann*, 56 F.3d 750, 757 (7th Cir.), *cert. denied*, 516 U.S. 1028 (1995); and *Sender v. Buchanan (In re Hedged–Invs. Assocs., Inc.*), 84 F.3d 1286, 1290 (10th Cir.1996).