**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>　　　　Plaintiff,<br>　v.<br><br>ROBERT AND ALYSE KLUFER FAMILY TRUST "A", et al.,<br><br>　　　　Defendants | Adv. Pro. No. 10-04313 (SMB) |

**STIPULATION AND ORDER: (i) APPLYING DECISION IN THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING; (ii) DISMISSING ALL DEFENDANTS FROM COUNTS TWO THROUGH SIX OF THE COMPLAINT; AND (iii) DISMISSING DEFENDANTS NANCY GREENGRASS, JANE SHRAGE, MAXWELL GREENGRASS, NATALIE GREENGRASS, DAMIEN CAVE, MICHAEL SHRAGE, ROSS HABER, AND REED HABER FROM COUNTS ONE AND SEVEN OF THE COMPLAINT**

WHEREAS, on November 26, 2010 Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*., and the substantively consolidated estate of Bernard L. Madoff under Chapter Seven of the United States Bankruptcy Code (the "Bankruptcy Code"), commenced the above-captioned adversary proceeding (this "Adversary Proceeding") against the Robert and Alyse Klufer Family Trust "A" (the "Klufer Family Trust"), Alyse Klufer, Donald I. Altman and Lewis S. Sandler, in their capacities as

trustees of the Klufer Family Trust, Elisabeth Klufer, Nancy Greengrass, Jane Shrage, Maxwell Greengrass, Natalie Greengrass, Damien Cave, Michael Shrage, Ross Haber (formerly named as R.H.$_1$), and Reed Haber (formerly named as R.H.$_2$) (the "Defendants") in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, on February 14, 2014, a hearing was held before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Bankruptcy Court;

WHEREAS, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

WHEREAS, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

WHEREAS, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Omnibus Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)];

WHEREAS, the Defendants are neither a party to, nor have joined in, the Omnibus Proceedings;

WHEREAS, neither Donald I. Altman nor Lewis S. Sandler nor any counsel on either's behalf has appeared or contacted the Trustee or his counsel in this Adversary Proceeding;

WHEREAS, the Trustee and Elisabeth Klufer, Nancy Greengrass, Jane Shrage, Maxwell Greengrass, Natalie Greengrass, Damien Cave, Michael Shrage, Ross Haber, and Reed Haber (collectively, the "Represented Defendants") wish to apply the Omnibus Decision to this

Adversary Proceeding;

WHEREAS, on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this Adversary Proceeding;

WHEREAS, the Trustee seeks in this Adversary Proceeding to avoid and recover certain initial and subsequent transfers made in connection with BLMIS Account No. 1K0095 (the "Account");

WHEREAS, Defendants Nancy Greengrass, Maxwell Greengrass, Natalie Greengrass, Ross Haber, and Reed Haber (the "Hardship Defendants") each received certain subsequent transfers of avoidable transfers made by BLMIS on or after December 11, 2006 in connection with the Account, while Defendants Jane Shrage, Damien Cave, and Michael Shrage did not receive any such subsequent transfers during said period;

WHEREAS, the Hardship Defendants submitted hardship applications (the "Hardship Applications") to the Trustee requesting that the Trustee agree to dismiss them entirely from this Adversary Proceeding.  In support of the Hardship Applications, the Hardship Defendants supplied, under the penalty of perjury, financial statements and certain other information and materials; and

WHEREAS, in reliance on the representations made by the Hardship Defendants in the Hardship Applications and other information and/or materials supplied by the Hardship Defendants in support of the Hardship Applications, the Trustee has, in the exercise of his due and deliberate discretion, determined to dismiss the Hardship Defendants from this Adversary Proceeding;

IT IS HEREBY agreed and stipulated between the Trustee and the Represented Defendants as follows:

1. The Decision rendered in the Omnibus Proceedings applies equally to this Adversary Proceeding.

2. Pursuant to the Supreme Court Decision, Counts Two, Three, Four, Five, and Six of the Complaint are hereby dismissed with prejudice as to all of the Defendants.

3. Pursuant to Federal Rule of Civil Procedure 41(a), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7041(a), Defendants Jane Shrage, Damien Cave, and Michael Shrage are dismissed with prejudice from Counts One and Seven of the Complaint.

4. Each of the Hardship Defendants hereby affirms, under penalty of perjury, that all representations made by him or her in his or her Hardship Application and all information contained in other materials provided by him or her to the Trustee are true and correct, and each Hardship Defendant hereby understands and acknowledges that the Trustee has relied upon the Hardship Application and related materials in exercising his discretion to dismiss the Hardship Defendants from this Adversary Proceeding.

5. Each of the Hardship Defendants hereby agrees that to the extent it is subsequently determined that he or she deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with his or her Hardship Application, (i) the Trustee shall have the right to reinstitute the Adversary Proceeding against him or her and/or pursue other remedies available to the Trustee, (ii) this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's reinstitution or commencement of such action or claims or the Trustee's pursuit of other remedies, and (iii) notwithstanding section 546(a) of the Bankruptcy Code, he or she hereby

agrees to waive any statute of limitations defense in any such actions or claims or the Trustee's pursuit of other remedies.

6.   Pursuant to Federal Rule of Civil Procedure 41(a), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7041(a), and subject to paragraph 5 hereof, Counts One and Seven are dismissed against the Hardship Defendants without prejudice.

7.   The caption of the Adversary Proceeding is hereby amended to remove Defendants Jane Shrage, Damien Cave, Michael Shrage, Nancy Greengrass, Maxwell Greengrass, Natalie Greengrass, Ross Haber, and Reed Haber from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

8.   This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date:  April 12, 2016

By:  /s/ *Nicholas Cremona*
   Nicholas J. Cremona
   BAKER & HOSTETLER LLP
   45 Rockefeller Plaza
   New York, New York
   Telephone: (212) 589-4200
   Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

By:  /s/ *Steven G. Storch*
   Steven G. Storch
   STORCH AMINI & MUNVES PC
   2 Grand Central Tower
   140 East 45th Street, 25th Floor
   New York, New York 10017
   Telephone: (212) 490-4100
   Fax (212) 490-4208

*Attorney for the Represented Defendants*

Pg 6 of 7

**SO ORDERED:**

**By: /s/ STUART M. BERNSTEIN**          Date: **April 12th, 2016**
    **HON. STUART M. BERNSTEIN**
    **UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT A**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>ROBERT AND ALYSE KLUFER FAMILY TRUST "A",<br><br>ALYSE JOEL KLUFER, as Trustee of the Robert and Alyse Klufer Family Trust "A",<br><br>DONALD I. ALTMAN, as Trustee of the Robert and Alyse Klufer Family Trust "A",<br><br>LEWIS SANDLER, as Trustee of the Robert and Alyse Klufer Family Trust "A", and<br><br>ELISABETH KLUFER,<br><br>            Defendants. | Adv. Pro. No. 10-04313 (SMB) |