**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*For the Substantively Consolidated SIPA Liquidation*
*Of Bernard L. Madoff Investment Securities LLC*
*And the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>            Plaintiff,<br>     v.<br><br>RAR ENTREPRENEURIAL FUND, LTD., et al.,<br><br>            Defendants. | Adv. Pro. No. 10-04352 (SMB) |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>   Plaintiff,<br>  v.<br><br>RUSSEL L. DUSEK,<br><br>   Defendant. | Adv. Pro. No. 10-04644 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>   Plaintiff,<br>  v.<br><br>CAROL NELSON,<br><br>   Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>   Plaintiff,<br>  v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant,<br><br>   Defendant. | Adv. Pro. No. 10-04377 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO MOVANTS'
MOTION FOR LEAVE TO APPEAL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

RELEVANT BACKGROUND ...................................................................................3

    A.    Repeated Unsuccessful Efforts By Movants' Counsel To Litigate The Compensation Issue ...................................................................................3

    B.    The First Motion for Leave ...................................................................5

    C.    The Second Motion for Leave ...............................................................7

LEGAL STANDARD ...............................................................................................9

ARGUMENT ...........................................................................................................11

    I.    MOVANTS RAR AND OASIS LACK STANDING ...........................................11

    II.    MOVANTS CANNOT SATISFY THE STANDARD FOR OBTAINING INTERLOCUTORY REVIEW ...................................................................13

        A.    Movants Have Not Identified Any Controlling Question Of Law For The District Court To Decide ...............................................................14

        B.    There Is No Substantial Ground For Difference Of Opinion On The Bankruptcy Court's Discovery Order Finding That Movants Are Barred From Discovery On Trustee's Fees And Compensation ...............16

        C.    Interlocutory Review Of The Bankruptcy Court's Discovery Order Will Not Advance The Ultimate Termination Of This Litigation ............18

    III.    MOVANTS DO NOT SET FORTH ANY EXCEPTIONAL CIRCUMSTANCES WARRANTING INTERLOCUTORY APPEAL BECAUSE NONE EXIST ...................................................................21

    IV.    THE DISTRICT COURT SHOULD SANCTION MOVANTS' COUNSEL FOR FILING OF SECOND MOTION FOR LEAVE ......................21

CONCLUSION ........................................................................................................25

## TABLE OF AUTHORITIES

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125 (S.D.N.Y. 2005) ................................................................................................................... 16

*Bild v. Konig*, No. 09-CV-5576, 2011 WL 4007895 (E.D.N.Y. Sept. 8, 2011) .......................... 19

*Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590 (S.D.N.Y. 2009) ...................... 11, 18

*Bishop v. Best Buy, Co.*, No. 08 Civ. 8427, 2011 WL 4011449 (S.D.N.Y. Sept. 8, 2011) .......... 18

*Bogan v. Nw. Mut. Life Ins. Co.*, 144 F.R.D. 51 (S.D.N.Y. 1992) ................................................ 9

*Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine,* 520 U.S. 564 (1997)................. 5

*Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)........................................................................... 22

*Chennareddy v. Dodaro*, No. 87-3538, 2010 WL 3025164 (D.D.C. July 22, 2010)................... 15

*Convolve, Inc. v. Compaq Comput. Corp.*, No. 00 Civ. 5141 (GBD), 2006 WL 2788234 (S.D.N.Y. Sept. 27, 2006)......................................................................................... 15

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.),* 159 B.R. 396 (S.D.N.Y. 1993) ................................................................................................................... 10

*DLC Mgmt. Corp. v. Town of Hyde Park,* 163 F.3d 124 (2d Cir.1998) ....................................... 22

*Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.)*, No. M-47 (GBD), 2007 WL 120458 (S.D.N.Y. Jan. 17, 2007)............................................................................... 14

*Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281 (2d Cir. 1996)............................................. 9, 16

*Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220 (N.D.N.Y. 1999) ........................................ 19

*Gonzalez v. Musso,* No. 08-CV-3026 , 2008 WL 3194179 (E.D.N.Y. Aug. 6, 2008) ................. 12

*Graham v. Mukasey*, 608 F.Supp.2d 56 (D.D.C. 2009)............................................................... 16

*Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382 (S.D.N.Y. 2014) ............................... 16, 18

*Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719 (S.D.N.Y. 1994) ....................... 15

*In re Adelphia Commc'ns Corp.*, Nos. 02-41729, 07 Civ. 9999, 2008 WL 361082 (S.D.N.Y. Feb. 7, 2008) ........................................................................................................ 9

*In re Adelphia Commc'ns. Corp.*, 333 B.R. 649 (S.D.N.Y. 2005)............................. 10, 11, 13, 14

*In re Ames Dep't Stores, Inc.*, No. 01-42217, 2002 WL 511556 (S.D.N.Y. Apr. 3, 2002).... 10, 14

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524 (S.D.N.Y. 2014) .......... 9

*In re Madoff Sec.,* No. 15 Civ. 06564 (GBD), 2016 WL 690834 (S.D.N.Y. Feb. 11, 2016) .... 1, 2, 13, 23

*In re MF Global Holdings Ltd.*, No. 11-15059, 2012 WL 1438262 (Bankr. S.D.N.Y. Apr. 25, 2012) ............................................................................................................................ 8

*In re MTBE Prods. Liab. Litig.*, No. MDL 1358, 2005 WL 39918 (S.D.N.Y. Jan. 6, 2005). ...... 18

*In re Refco Inc.*, 505 F.3d 109 (2d Cir. 2007)................................................................................ 12

*In re S. African Apartheid Litig.,* 624 F. Supp. 2d 336 (S.D.N.Y. 2009) ...................................... 20

*In re S. African Apartheid Litig.,* No. 02 MDL 1499, 2009 WL 5177981 (S.D.N.Y. Dec. 31, 2009) ....................................................................................................................... 11, 16

*In re Salant Corp.*, 176 B.R. 131 (S.D.N.Y. 1994) ...................................................................... 13

*In re Worldcom, Inc.,* Nos. 02–13533, M-47, 2005 WL 1208519 (S.D.N.Y. May 19, 2005)...... 10

*Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16 (D.D.C. 2002) ........ 17

*Kabro Assocs., LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.),* 111 F.3d 269 (2d Cir. 1997) ............................................................................................................................. 12

*Kane v. Johns-Manville Corp.,* 843 F.2d 636 (2d Cir. 1988) .................................................. 12, 13

*Kittay v. Fowler (In re Stockbridge Funding Corp.)*, No. 91 C 10069, 1993 WL 205225 (S.D.N.Y. June 8, 1993)................................................................................................ 19, 20

*Koehler v. Bank of Berm. LTD*, 101 F.3d 863 (2d Cir. 1996)........................................................ 9

*Link v. Wabash R. Co.*, 370 U.S. 626 (1962) ............................................................................... 22

*Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305, 12 Civ. 2197, 2014 WL 2109903 (S.D.N.Y. Apr. 11, 2014)................................................................................................... 11

*Mae v. Hurst*, No. 13 Civ. 399, 2014 WL 4955528 (S.D. Miss. Oct. 1, 2014) ............................ 15

*Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, No. 05-60006, 2006 WL 3409088 (S.D.N.Y. Nov. 16, 2006) ........................................... 12

*Midfirst Bank v. Johnston*, 13 MC 49, 2014 WL 694943 (N.D. Ohio Feb. 21, 2014) .................. 9

*Midfirst Bank v. Johnston*, No. 5:13-mc-49, 2014 WL 694943 (N.D. Ohio Feb. 21, 2014)........ 15

*Murray v. UBS Sec., LLC*, No. 12 Civ. 5914, 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014).......... 9

*Pawlak v. U.S. Dep't of Educ. (In re Pawlak)*, 520 B.R. 177 (D. Md. 2014)........................... 9, 15

*Picard v. Flinn Inv., LLC,* 463 B.R. 280 (S.D.N.Y. 2011) ............................................................. 5

*Quinn v. Altria Grp., Inc.*, No. 07 Civ. 8783, 2008 WL 3518462 (S.D.N.Y. Aug. 1, 2008) ....... 10

*Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980) ................................................................. 22

*S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223 (S.D.N.Y. 2000) ....................................... 16

*S.E.C. v. Gruss*, No. 11 Civ. 2420, 2012 WL 3306166 (S.D.N.Y. Aug. 13, 2012)..................... 18

*S.E.C. v. Straub*, No. 11 Civ. 9645, 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013)....................... 18

*Schiavone v. United States*, 766 F.2d 70 (2d Cir. 1985)................................................................ 12

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 499 B.R. 416

    (S.D.N.Y.2013) ................................................................................................................... 5, 18

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 531 B.R. 439

    (Bankr. S.D.N.Y. 2015) ................................................................................................ 5, 6, 17

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* No. M-47,

    2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010) ............................................................ 4

*Stout v. Ill. Farmers Ins. Co.*, 882 F. Supp. 776 (S.D. Ind. 1994) ................................................. 21

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-*

    *CIO,* 948 F.2d 1338 (2d Cir. 1991).......................................................................................... 21

*Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85 (2d Cir. 1992) .............. 18

*Williston v. Eggleston*, 410 F. Supp. 2d 274 (S.D.N.Y. 2006) .................................................... 11

### **Statutes**

28 C.F.R. § 9.9(c)......................................................................................................................... 24

28 U.S.C. § 1292(b) ................................................................................................................. passim

28 U.S.C. § 1927.................................................................................................................... 21, 22

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to movants RAR Entrepreneurial Fund, Ltd. ("RAR"), Russell Oasis ("Oasis"), Carol Nelson, individually and as joint tenant, Stanley Nelson, individually and as joint tenant, and Russell L. Dusek's (collectively, "Movants")[1] motion for leave (the "Second Motion for Leave") to appeal the Order of the Bankruptcy Court (Hon. Stuart M. Bernstein) Implementing the Court's March 17, 2016 Bench Ruling Granting Protective Order (the "Discovery Order"). *See* Adv. Pro. No. 08-01789 (SMB), ECF Nos. 12912, 13010.

## PRELIMINARY STATEMENT

Movants' counsel has spent the last seven years making meritless arguments regarding the Trustee's fees and compensation in this liquidation proceeding. She has been unsuccessful at every turn, even being reprimanded by District Court Judge Rakoff for making serious allegations about the Trustee with no factual basis or support. Tr. of Oral Argument at 12:1-25, *Picard v. Greiff*, No. 11 Civ. 3775 (JSR), July 28, 2011. More recently, District Court Judge Daniels denied leave to appeal the Bankruptcy Court's ruling denying Movants' motions to dismiss on their argument that the Trustee's purported compensation violated defendants' right to due process of law (the "First Motion for Leave"). *See In re Madoff Sec.*, No. 15 Civ. 06564 (GBD), 2016 WL 690834, at *1 (S.D.N.Y. Feb. 11, 2016).

These repeated failures and admonitions had no effect, however, as Movants' counsel recently again sought to insert questions regarding the Trustee's compensation into discovery

---

[1] As discussed below, Movants RAR and Oasis are not named in the Discovery Order and therefore lack standing to seek to appeal the Order.

1

requests made in three adversary proceedings being litigated in the Bankruptcy Court, where the only issue is the receipt of fictitious profits by defendants in the two years prior to the commencement of the BLMIS liquidation.  Judge Bernstein properly determined that such questions were intrusive and inappropriate and entered the Discovery Order, which is now the subject of this Second Motion for Leave.  *See* Tr. of Hearing re: Discovery Conference, at 10:7-11, *In re Madoff Sec.,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. March 17, 2016).

Movants' disagreement with the Bankruptcy Court's Discovery Order, which barred Movants from seeking discovery on the Trustee's fees and compensation, is not an appropriate basis for an interlocutory appeal.  No "exceptional circumstances" exist here to warrant departure from "the basic policy of postponing appellate review until after the entry of a final judgment," and the Second Motion for Leave should be denied.  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–30 (S.D.N.Y. 2014) (quoting *McNeil v. Aquilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993)).

The District Court has already held that issues related to the Trustee's compensation cannot satisfy the standard for leave to appeal.  *See In re Madoff Sec.,* 2016 WL 690834, at *1. The standard is even further beyond reach here where the Bankruptcy Court's decision was one related to discovery.  Interlocutory appeals of discovery rulings are strongly disfavored.  First*, discovery disputes, such as the one at issue here, do not present "controlling questions of law." 28 U.S.C. § 1292(b).  Indeed, the supposed "controlling question" set forth in the Second Motion for Leave represents nothing more than Movants' disagreement with the Bankruptcy Court's Discovery Order limiting the scope of factual discovery.  Instead of attempting to identify a controlling question of law, Movants' merely re-argue their purported due process claims yet again.

2

Second, without any controlling question of law, there is no ground—let alone a "substantial" one—for "difference of opinion." 28 U.S.C. § 1292(b). In granting the Trustee's motion for a protective order and entering the Discovery Order, the Bankruptcy Court considered the procedural posture of the cases and several applicable rulings by both the District Court and Bankruptcy Court. All of the Trustee's claims against Movants are live and proceeding to trial. Movants have not provided any new arguments or case law in support of their claims that the Trustee's compensation has somehow violated their due process rights.

Third, as courts have routinely found, allowing an interlocutory review of a discovery ruling does not "materially advance the ultimate termination of the litigation." *Id.* Even if the Discovery Order was reversed on appeal, the Trustee's fraudulent transfer claims against Movants would still remain *in their entirety*. Finally, Movants do not even attempt to set forth any "exceptional circumstances" warranting an interlocutory appeal of the Discovery Order, and none exist.

For all of these reasons, the Second Motion for Leave should be denied. Further, because Movants' counsel continues to re-litigate the same issues, without any factual basis, seeking only to delay proceedings, the Trustee respectfully requests the District Court impose sanctions to make it clear that such frivolous litigation practices will not be tolerated.

## **RELEVANT BACKGROUND**

### A.    **Repeated Unsuccessful Efforts By Movants' Counsel To Litigate The Compensation Issue**

The issues raised in the Second Motion for Leave have been considered and rejected numerous times before. Movants' arguments were first heard—and rejected—years ago by the Bankruptcy Court, this Court, and the Second Circuit when BLMIS customers—represented by, among others, Movants' counsel—sought leave to appeal the August 6, 2009 *Order Approving*

*Applications for Allowance of Interim Compensation for Services Rendered and Reimbursements of Expenses*, arguing that the Trustee was not disinterested based on his purported "quasi-governmental" stature.  None of the courts found merit to the argument.[2]

Movants' counsel next raised the compensation issue before the District Court on a motion to withdraw the reference filed in *Picard v. Greiff,* No. 11 Civ. 3775 (JSR).  There, counsel argued that the action should be withdrawn to determine whether the Trustee's alleged financial stake in his "quasi-governmental" decisions violated the Defendants' due process rights.  *See* Defendants' Memorandum of Law in Support of Motion For Mandatory Withdrawal of the Reference, *Picard v. Greiff,* No. 11 Civ. 3775 (JSR) (S.D.N.Y. June 2, 2011), ECF No. 1-1.  Defendants' counsel asserted that because the Trustee receives as compensation from his law firm an undisclosed amount and/or a percentage of the fees paid by the Securities Investor Protection Corporation ("SIPC"), he had a financial interest in deciding to pursue adversary proceedings against BLMIS customers. Counsel further argued that the Trustee's stake in his "quasi-governmental decisions" constituted a violation of Defendants' right to due process of law.  *Id.*  When this argument was addressed before District Court Judge Rakoff at oral arguments, the District Court reprimanded counsel for making serious allegations about the Trustee's compensation with no factual basis.  *See* Tr. of Oral Argument at 12:1-25, *Picard v. Greiff*, No. 11 Civ. 3775 (JSR), July 28, 2011.  *See also* Section III, *infra*.

The District Court ultimately declined to withdraw the reference on this basis, stating that counsel did "not raise any issues that are not familiar to bankruptcy courts called upon to assess

---

[2] *See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010), *appeal denied*, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010); Order Approving Applications For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.) (entered Dec. 14, 2010, ECF No. 3474).

alleged 'conflicts' in the representation of parties before them." *Picard v. Flinn Inv., LLC,* 463 B.R. 280, 288 (S.D.N.Y. 2011). However, as the Bankruptcy Court previously concluded, the District Court could not have determined that the Trustee had Article III standing to recover fraudulent transfers of customer property in a subsequent decision addressing antecedent debt without rejecting counsel's due process arguments. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 531 B.R. 439, 461 (Bankr. S.D.N.Y. 2015) (the "*Omnibus Good Faith Decision*") citing *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* 499 B.R. 416, 420 (S.D.N.Y.2013) ("*Antecedent Debt Decision*")); *see also Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine,* 520 U.S. 564, 606 (1997) (Scalia J., dissenting) (observing that counsel in an earlier case had unquestionably raised an argument in its briefs and during oral argument, "and the Court could not have reached the disposition it did without rejecting it.").

Even so, counsel for Movants raised this issue yet again before the Bankruptcy Court, moving to dismiss their clients' adversary proceedings on this basis, among others. Counsel essentially recited the same arguments and case law they cited three years prior in their motion to withdraw the reference. *See* Defendants' Omnibus Memorandum of Law in Support of Motions to Dismiss, *Picard v. RAR Entrepreneurial Fund, Ltd., et al.,* Adv. Pro. No. 10-04352 (SMB) (Bankr. S.D.N.Y. November 1, 2013), ECF No. 49. As discussed below, that argument was again rejected by the Bankruptcy Court.

## B.    The First Motion for Leave

On June 2, 2015, the Bankruptcy Court granted in part and denied in part Defendants' Motions to Dismiss for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss. *See Omnibus Good Faith Decision,* 531 B.R. at 460. Judge Bernstein specifically considered and rejected Movants' argument that SIPC was a quasi-governmental

agency, that the Trustee was therefore a quasi-governmental actor, and that his compensation

constituted a financial interest in quasi-governmental decision making. The Bankruptcy Court

held that SIPC was not a governmental agency, but rather a not-for-profit corporation whose

members include brokers and dealers. *Id.* at 458-459. The Court further determined that the

Trustee was not a decision-maker for SIPC and has no financial stake in the outcome of any

litigation he pursues. *Id.* Indeed, the Court noted that the Trustee and his firm are entitled to

reasonable compensation like any other trustee and his counsel. *Id.* citing SIPA § 78eee(b)(5)(A)

("The court shall grant reasonable compensation for services rendered and reimbursement for

proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee, in

connection with a liquidation proceeding") and 11 U.S.C. § 330(a)(1) (authorizing bankruptcy

court to award "reasonable compensation for actual, necessary services" and "reimbursement for

actual, necessary expenses," *inter alia*, to the trustee and his professionals). By defendants'

logic, "any ordinary bankruptcy trustee would similarly violate a defendant's due process rights."

*Id.* at 459, n.18. Finally, the Court found all of the cases cited by the defendants in connection

with this argument to be distinguishable because those cases involved bias by an adjudicator.

Here, the Trustee investigates claims and commences litigation, but a judge adjudicates the

claims at issue. *Id.* at 459-60.

On July 30, 2015, on behalf of defendants in *Picard v. RAR Entrepreneurial Fund, Ltd.,

et al*, Adv. Pro. No. 10-04352 (SMB), Movants' counsel, Helen Davis Chaitman, Esq., ("Ms.

Chaitman") then of Becker & Poliakoff LLP, and now of Chaitman LLP, filed a motion for leave

to appeal the Omnibus Good Faith Decision (as defined above, the "First Motion for Leave")

solely on the compensation issue. *See* No. 08-01789 (SMB) (Bankr. S.D.N.Y. July 30, 2015),

ECF Nos. 10905, 10906, 10907. On August 17, 2015, the Trustee filed his memorandum of law

in opposition to First Motion for Leave. *See* No. 08-01789 (SMB) (Bankr. S.D.N.Y. July 30, 2015), ECF Nos. 11090, 11091.

On February 11, 2016, District Court Judge George B. Daniels denied the First Motion for Leave, ruling that "Movants have failed to show that the Bankruptcy Court's 'order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Madoff Sec.,* 2016 WL 690834, at *2 (citing 28 U.S.C. § 1292).

## C.   The Second Motion for Leave

On February 29, 2016, consistent with these prior decisions, the Trustee sought a protective order prohibiting Movants in the three above-captioned adversary proceedings from pursuing any discovery concerning the compensation or fees of the Trustee. *See Picard v. Dusek,* Adv. Pro. No. 10-04644 (SMB), ECF No. 44, *Picard v. Carol Nelson,* Adv. Pro. No. 10-04658 (SMB), ECF No. 50, and *Picard v. Carol Nelson, et al.,* Adv. Pro. No. 10-04377 (SMB), ECF No. 48.[3]   At a hearing on the discovery issues, Judge Bernstein observed that the discovery sought by Movants was both intrusive and irrelevant. *See* Tr. of Hearing re: Discovery Conference, at 10:7-11, *In re Madoff Sec.,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. March 17, 2016).

On March 17, 2016, the Court entered an order stating that the defendants in the three adversary proceedings were "prohibited from serving or pursuing any discovery relating to the compensation, fees, or payments that the Trustee receives from his law firm, or any agreements or arrangements relating thereto." *See* Order Implementing Court's March 17, 2016 Bench

---

[3] Movants RAR and Oasis were not involved in these proceedings.

Ruling Granting Protective Order, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. March 18,

2016), ECF No. 12912 (the "Discovery Order").

On March 31, 2016, on behalf of Movants including RAR and Oasis, Chaitman LLP filed

the Second Motion for Leave to appeal the Discovery Order, pursuant to 28 U.S.C. § 158(a) and

Federal Rule of Bankruptcy Procedure 8004.[4]  *See* No. 08-01789 (SMB) (Bankr. S.D.N.Y.

March 30, 2016), ECF No. 13010.  In the Second Motion for Leave, Movants argue that the

discovery they were denied was necessary to allow them to create a factual record to purportedly

respond to Judge Daniels' decision with respect to the First Motion for Leave.  Unabashedly, the

Argument section of the Second Motion for Leave repeats, almost verbatim, the Argument

section from the First Motion for Leave.

To date, the District Court clerk has not yet opened a docket for this matter in the District

Court.  It appears that Movants failed to file the requisite civil cover sheet with the Second

Motion for Leave and Notice of Appeal as required under the Bankruptcy Court's Procedural

Guidelines and Policies on Appeals.  For this reason, the Trustee has filed this Opposition with

the Bankruptcy Court.  The Second Motion for Leave, however, is not properly before the

Bankruptcy Court because only the District Court may grant leave to appeal under

§ 158(a)(3).  *See In re MF Global Holdings Ltd.*, No. 11-15059, 2012 WL 1438262, at *3

(Bankr. S.D.N.Y. Apr. 25, 2012) ("Of course, it is for the district court to determine . . . whether

the standards for discretionary review of an interlocutory order have been satisfied.").[5]

---

[4] Movants also cite Federal Rule of Bankruptcy Procedure 8003, but that Rule only applies to appeals as of right and is not operative here.  *See* 28 U.S.C. § 158(a)(1)–(a)(2) (enumerating limited bases for appeals as of right, none of which include the interlocutory review of an order resolving a discovery dispute); *see also* Fed. R. Bankr. P. 8003(a)(1).

[5] Moreover, the Trustee believes that this appeal should be directed to Judge Daniels, as his decision on this same issue was issued just two months ago. However, absent the civil cover sheet filing by Movants, the Trustee has nothing to which to connect the appeal.

## LEGAL STANDARD

Consistent with the "basic tenet of federal law to delay appellate review until a final judgment has been entered," the district court may grant leave to appeal only in exceptional circumstances. *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914, 2014 WL 1316472, at *3 (S.D.N.Y. Apr. 1, 2014) (quoting *Koehler v. Bank of Berm. LTD*, 101 F.3d 863, 865 (2d Cir. 1996)). *See also Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996). Interlocutory appeals are "strongly disfavored" because they "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decision on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (quoting *In re Adelphia Commc'ns Corp.*, Nos. 02-41729, 07 Civ. 9999, 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008)).

This rationale is particularly applicable in the context of orders resolving discovery disputes, where allowing their immediate appeal "would only disrupt court proceedings and clog the appellate courts with matters more appropriately managed by the court familiar with the parties and their controversy." *Pawlak v. U.S. Dep't of Educ. (In re Pawlak)*, 520 B.R. 177, 184–85 (D. Md. 2014); *Bogan v. Nw. Mut. Life Ins. Co.*, 144 F.R.D. 51, 55 (S.D.N.Y. 1992) ("Interlocutory appeals from discovery rulings are not favored, and ordinarily tend to delay litigation and add to the burdens of the appellate courts with little justification."). Challenges to a bankruptcy court's resolution of a discovery dispute, therefore, do not present the exceptional circumstances warranting interlocutory review, and motions seeking such relief should not be granted. *See e.g., Midfirst Bank v. Johnston*, 13 MC 49, 2014 WL 694943, at *4 (N.D. Ohio Feb. 21, 2014) (finding that a party's disagreement with the court's resolution of a discovery dispute, "without more, does not provide a pathway for an interlocutory appeal").

9

District courts generally apply the standards set forth in 28 U.S.C. § 1292(b) when determining whether to grant leave to appeal from an interlocutory bankruptcy order. *See, e.g., Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.),* 159 B.R. 396, 401 (S.D.N.Y. 1993) ("28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal, provides the standard for determining whether leave to appeal from an interlocutory bankruptcy order should be granted"); *In re T.R. Acquisition Corp.,* No. M47, No. 95-B-41322, 1997 WL 51500, at *1 (S.D.N.Y. Feb. 6, 1997).

Movants, therefore, must establish that the Discovery Order: (1) "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" *and* (3) "that an immediate appeal from the [Order] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

A "controlling question of law" is one in which reversal of the bankruptcy court would terminate the action, or at a minimum, determination of the issue would materially affect the outcome of the litigation. *In re Ames Dep't Stores, Inc.,* No. 01-42217 (REG), 2002 WL 511556, at *2 (S.D.N.Y. Apr. 3, 2002) (citing 28 U.S.C. § 1292(b)). The "question" of law must refer to a "pure" question of law that the reviewing court could decide "quickly and cleanly without having to study the record." *In re Adelphia Commc'ns Corp.,* 333 B.R. 649, 658 (S.D.N.Y. 2005) (citing *In re Worldcom, Inc.,* Nos. 02–13533, M-47., 2005 WL 1208519, at *10 (S.D.N.Y. May 19, 2005)). Interlocutory appeals are not appropriate in circumstances where a party simply disagrees with the court's interpretation of the law. *See Quinn v. Altria Grp., Inc.,* No. 07 Civ. 8783, 2008 WL 3518462, at *3 (S.D.N.Y. Aug. 1, 2008).

"Substantial grounds for difference of opinion" exist where the issue is difficult and of first impression. *See Lloyd v. J.P. Morgan Chase & Co.,* Nos. 11 Civ. 9305, 12 Civ. 2197, 2014

WL 2109903 at *5 (S.D.N.Y. Apr. 11, 2014) (citing *Casey v. Long Island R. Co.*, 406 F.3d 142,

145 (2d Cir. 2005)). There must be genuine doubt as to the correct applicable standard relied on

in the orders below. *Adelphia*, 333 B.R. at 658. It is not sufficient that there is merely a strong

disagreement on an issue between the adverse parties. *Lloyd*, 2014 WL 2109903 at *5.

Finally, the section 1292(b) criteria are conjunctive. Even where a party has moved to

certify an issue for interlocutory appeal that would be case dispositive, courts repeatedly have

denied such motions. *See Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 593-95

(S.D.N.Y. 2009); *In re S. African Apartheid Litig.,* No. 02 MDL 1499, 2009 WL 5177981, at *2

(S.D.N.Y. Dec. 31, 2009); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276-78 (S.D.N.Y. 2006)

(denying 1292(b) certification where non-movants conceded that the issue presented a

controlling question of law and that the interlocutory appeal could terminate the litigation,

despite the fact that the Second Circuit had not established a unified approach to the issue). To

be clear, a "district judge has unfettered discretion to deny certification of an order for

interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b)

are met." *Huron*, 2011 WL 2017322, at *1 (citations and internal quotation marks omitted); *see*

*also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.*), 987 F.

Supp. 2d 309, 311 (S.D.N.Y. 2013) (quoting *Gulino v. Bd. of Educ.,* 234 F. Supp. 2d 324, 325

(S.D.N.Y. 2002)).

## ARGUMENT

## I.    MOVANTS RAR AND OASIS LACK STANDING

As an initial matter, Movants RAR and Oasis (Adv. Pro. No. 10-04352) lack standing to

move for leave to appeal because neither is a "person aggrieved." RAR and Oasis are not named

parties to the Discovery Order. The only movants affected by the Discovery Order are Carol

Nelson, individually and as joint tenant, Stanley Nelson, individually and as joint tenant, and

Russell L. Dusek (Adv Pro. Nos. 10-04377, 10-04644, 10-04658), all of whom are named in the

Discovery Order.  Without standing, the District Court should dismiss the Second Motion for

Leave as to RAR and Oasis immediately.  *See, e.g.*, *Schiavone v. United States*, 766 F.2d 70, 75

(2d Cir. 1985).

In order to appeal a bankruptcy court order, "an appellant must be a person aggrieved."

*In re Victory Markets, Inc.*, 195 B.R. 9, 15 (N.D.N.Y. 1996) (citations and internal quotations

omitted).  To be "aggrieved," the appellant must have been "directly and adversely affected

pecuniarily by the challenged ruling of the bankruptcy court."  *Masonic Hall & Asylum Fund v.

Official Comm. of Unsecured Creditors (In re Refco Inc.)*, No. 05-60006, 2006 WL 3409088, at

*4 (S.D.N.Y. Nov. 16, 2006); *see also Erdheim v. Thaler (In re Erdheim),* 173 F.3d 844 (2d Cir.

1999) (2d Cir. Mar. 15, 1999) (affirming order dismissing appeal where appellant was not an

"aggrieved person"); *Kane v. Johns-Manville Corp.,* 843 F.2d 636, 642 (2d Cir. 1988) (A person

who seeks to appeal an order of the bankruptcy court must be "directly and adversely affected

pecuniarily" by it); *Gonzalez v. Musso,* No. 08-CV-3026, 2008 WL 3194179, at *1 (E.D.N.Y.

Aug. 6, 2008) (citing *Kane,* 843 F.2d at 642 n.2) ("[T]he standing limitation in bankruptcy

appeals is more exacting than" the constitutional case or controversy requirement imposed by

Article III, for under the constitutional "injury in fact" test, the injury need not be financial).

"This standard 'reflects the understandable concern that if appellate standing is not limited,

bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who

are indirectly affected by every bankruptcy court order.'"  *See Kabro Assocs., LLC v. Colony

Hill Assocs. (In re Colony Hill Assocs.),* 111 F.3d 269, 273 (2d Cir. 1997) (quoting *Kane,* 843

F.2d at 642).[6]

---

[6] RAR and Oasis are also not parties-in-interest, a requirement that is necessary but not sufficient for appellate
standing.  *See In re Refco Inc.*, 505 F.3d 109, 120 (2d Cir. 2007) (party-in-interest standing is necessary precondition

RAR are Oasis are not "persons aggrieved" by the Discovery Order because they are not

parties directly and adversely affected pecuniarily by that Order.  Specifically, RAR and Oasis

have no direct pecuniary interest in the interrogatories served in the three separate actions subject

to, and part of, the Discovery Order.  When a party has no direct pecuniary interest to challenge a

bankruptcy court order, it similarly waives the right to challenge the issue on appeal.  Thus, with

respect to RAR and Oasis, the Second Motion for Leave should be denied for lack of standing.

## II.  MOVANTS CANNOT SATISFY THE STANDARD FOR OBTAINING INTERLOCUTORY REVIEW

In the Discovery Order, consistent with prior decisions of this and other courts, the

Bankruptcy Court granted the Trustee's Motion for a protective order prohibiting Movants from

pursuing any discovery that relates to compensation or fees of the Trustee and his counsel.

Dissatisfied with the outcome of this routine discovery ruling, and seeking to delay the ongoing

litigation further, Movants decided to file the Second Motion for Leave, arguing that the

Discovery Order is in direct conflict with Judge Daniels's ruling on the First Motion for Leave

because it barred Movants from putting together the "settled factual record" or the documents

relating to the Trustee's fees and compensation that was needed for interlocutory appeal on

Movants' due process arguments.  However, Movants wholly misinterpreted Judge Daniels's

ruling, which was limited to determining whether there was any controlling question of law that

the District Court could determine "quickly and cleanly."  *Adelphia*, 333 B.R. at 658.  Nowhere

in Judge Daniels's ruling did he address the actual merits of Movants' arguments other than to

observe that another District Court judge expressed "serious doubts" about Movants' allegations.

*In re Madoff Sec.,* 2016 WL 690834, at *1.  Nowhere did Judge Daniels address whether the

---

for appellate standing); *In re Salant Corp.*, 176 B.R. 131, 134 (S.D.N.Y. 1994) ("[M]erely being a party in interest is insufficient to confer appellate standing.").

documents Movants sought in discovery were appropriate or material to the actual litigation at hand.  Instead, Judge Daniels ruled that Movants' position was entirely fact dependent, not predicated on any "pure legal issues," and accordingly, could not qualify for appellate review at that stage of the proceedings.  *Id.*

This Second Motion for Leave is simply a carbon copy of the First Motion for Leave, but is even less worthy of appellate review because it is nothing more than a challenge to the Bankruptcy Court's Discovery Order directing Movants not to seek discovery on the Trustee's fees and compensation.  As a result, (i) the Discovery Order does not involve any controlling questions of law; (ii) without any controlling question of law, there cannot be any ground—let alone a substantial one—for a difference of opinion; and (iii) an immediate appeal from the Discovery Order would not materially advance the ultimate termination of the litigation.  The exceptional circumstances that warrant leave to appeal are non-existent, and the Second Motion for Leave must be denied.

## A.    Movants Have Not Identified Any Controlling Question Of Law For The District Court To Decide

A "controlling question of law" is one in which reversal of the bankruptcy court would terminate the action, or at a minimum, materially affect the outcome of the litigation.  *In re Ames Dep't Stores, Inc.*, No. 01-42217, 2002 WL 511556, at *2 (S.D.N.Y. Apr. 3, 2002) (citing 28 U.S.C. § 1292(b)).  The "question" of law must refer to a "pure" question of law that the reviewing court could decide "quickly and cleanly without having to study the record." *Adelphia*, 333 B.R. at 658 (internal citation omitted).  Questions concerning discovery disputes, like those at issue here, are not "controlling question[s] of law" sufficient to satisfy the requirements of Section 1292(b).  *See, e.g., Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.)*, No. M-47 (GBD), 2007 WL 120458, at *3 (S.D.N.Y. Jan. 17, 2007) ("Whether to grant

Enron the opportunity to conduct discovery was a matter that rested within the sound discretion

of the bankruptcy judge, and it does not present a controlling question of law."); *Convolve, Inc.*

*v. Compaq Comput. Corp.*, No. 00 Civ. 5141 (GBD), 2006 WL 2788234, at *2–3 (S.D.N.Y.

Sept. 27, 2006) (denying leave to appeal where the order did not involve a controlling question

of law, but only a pre-trial discovery dispute that was fact dependent and within the lower court's

discretion); *Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 721 (S.D.N.Y. 1994)

(finding that a question concerning the appropriate scope of discovery should be "left to the

sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy

judge").[7]

The Second Motion for Leave does not contain a single—let alone "pure"—question of

law.  Rather, it attempts to re-argue the very same points Movants made in the First Motion for

Leave (which Judge Daniels properly denied), and reveals nothing more than their disagreement

with the Bankruptcy Court's resolution of the parties' dispute concerning the scope of discovery.

In these circumstances, an interlocutory appeal is entirely unwarranted.  *See, e.g.*, *Chennareddy

v. Dodaro*, No. 87-3538, 2010 WL 3025164, at *3 (D.D.C. July 22, 2010) (denying leave to

appeal discovery orders because the moving parties failed to demonstrate a controlling question

of law, but instead "simply reiterated their position that they are entitled to discovery and

expressed continuing disagreement with [the orders]"); *Mae v. Hurst*, No. 13 Civ. 399, 2014 WL

4955528, at *2 (S.D. Miss. Oct. 1, 2014) *aff'd*, No. 14-60864, 2015 WL 3463001 (5th Cir. June

2, 2015) (finding the defendants failed to show a controlling question of law where they

"disagree[d] with the [c]ourt's application of discovery principles to their request for

---

[7] *See also Pawlak*, 520 B.R. at 183 (movant failed to meet this factor when "[r]eversal of . . . two orders compelling
discovery would simply narrow the time frame for which [the party] must produce responsive documents, not decide
the adversary proceeding as a matter of law"); *Midfirst Bank*, 2014 WL 694943, at *3 ("Indeed, motions for leave to
appeal discovery orders from bankruptcy courts are generally denied for want of controlling issues of law.").

information" and this disagreement "turns on the facts of the case and should be reviewed by the appellate court in the ordinary course"); *Graham v. Mukasey*, 608 F.Supp.2d 56, 57–58 (D.D.C. 2009) (movant failed to satisfy first two factors of Section 1292(b) where he only showed "continued disagreement with the trial court's decision").[8]  Moreover, a reversal of the Discovery Order that barred discovery of the Trustee's fees and compensation would not materially affect the outcome of the litigation, let alone dispose of the adversary proceedings against Movants as a matter of law, because the Trustee's fraudulent transfer claims against Movants would remain *in their entirety*.

> **B.    There Is No Substantial Ground For Difference Of Opinion On The Bankruptcy Court's Discovery Order Finding That Movants Are Barred From Discovery On Trustee's Fees And Compensation**

For there to be "substantial ground for difference of opinion" under Section 1292(b), there must be "substantial doubt that the district court's order was correct." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129–30 (S.D.N.Y. 2005) (internal quotation omitted).  The moving party must show that there is conflicting authority on the issue, *Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014), and the district court must "analyze the strength of the arguments in opposition to the challenged ruling." *In re S. African Apartheid Litig.*, No. 02 MDL 1499, 2009 WL 5177981, at *2 (S.D.N.Y. Dec. 31, 2009) (internal citation omitted) (quoting *In re Flor*, 79 F.3d at 284) ).  There must be more than "some level of disagreement among the courts" for Section 1292(b) to be satisfied.  *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).  It is plainly obvious that because there are no controlling issues of law involved in this Motion, there can be no substantial ground

---

[8] Movants also argues that an appeal from the Discovery Order will affect "hundreds of clawback suits pending in the bankruptcy court."  (Second Motion For Leave at 25.)  Such an assertion, however, is well beyond the express terms and scope of the Discovery Order, which is limited only to Movants.

for a difference of opinion concerning them.  Movants noticeably have not provided any

authority to support that there is disagreement over the correctness of Judge Bernstein's

Discovery Order.  On this basis alone, the Second Motion for Leave should be denied.  *See, e.g.,*

*Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 23–24 (D.D.C. 2002)

(denying leave to appeal discovery orders and stating that "[i]f an argument . . . is without

support in existing case law, then the questions of law raised thereby are neither substantial nor

controlling for the purposes of § 1292(b) analysis")

There is no legitimate basis for any difference of opinion, let alone a substantial one,

regarding the Discovery Order.  To the contrary, the Discovery Order is consistent with other

determinations in these proceedings and elsewhere.  Indeed, the issues Movants argue are

implicated by the Discovery Order are not novel and certainly have no place in this litigation, as

proven over and over again.

In the First Motion for Leave, Movants wrongly asserted that SIPC is a quasi-

governmental agency and that the Trustee acts as SIPC's decision-maker, thus making him into a

quasi-governmental official.  From this incorrect premise, Movants then asserted that the

Trustee's compensation, allegedly received as a percentage of his law firm's billings, constitute a

financial interest in his quasi-governmental decision-making. Thus, Movants argued, that the

Trustee's decision to commence avoidance actions against them was financially-driven and a

violation of Movants' due process rights.  However, Movants' arguments have been rejected

repeatedly by the Bankruptcy Court, this Court, and the Second Circuit.  Indeed, none of the

courts that have considered it have found any merit to the argument.[9]

---

[9] *See e.g., In re Madoff Sec.,* No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010), *appeal denied*, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010) (rejecting arguments the Trustee was not disinterested based on his purported "quasi-governmental" stature; *Omnibus Good Faith Decision,* 531 B.R. at 458-459 (finding that SIPC" is not a government agency, it is a non-profit corporation" and the Trustee "has no financial stake in any

Movants set forth no relevant conflicting authority to create substantial doubt that the

Discovery Order is correct.  Movants fail to show how the Trustee's fees and compensation—

regardless of the actual dollar amount Movants sought to obtain through discovery—has any

relevance to the current litigation and/or violated their due process rights.  Instead, they repeat

the same arguments previously rejected by this Court and others, which is insufficient under

section 1292(b).  *See Bilello*, 603 F. Supp. 2d at 594  (movant failed to meet this factor where the

cases cited were already distinguished by the court in its opinion); *Bishop v. Best Buy, Co.*, No.

08 Civ. 8427, 2011 WL 4011449, at *14 (S.D.N.Y. Sept. 8, 2011) (party failed to meet the

second requirement of section 1292(b) where it only offered arguments rejected on the initial

motion).

### C.    Interlocutory Review Of The Bankruptcy Court's Discovery Order Will Not Advance The Ultimate Termination Of This Litigation

The Second Motion for Leave should be denied outright because interlocutory appeal of

the Discovery Order would not materially advance the resolution of this litigation, which courts

have found to be the "most important" factor.  *See S.E.C. v. Straub*, No. 11 Civ. 9645, 2013 WL

4399042, at *2 (S.D.N.Y. Aug. 5, 2013) (quoting *S.E.C. v. Gruss*, No. 11 Civ. 2420, 2012 WL

3306166, at *4 (S.D.N.Y. Aug. 13, 2012)); *In re MTBE Prods. Liab. Litig.*, No. MDL 1358,

2005 WL 39918, at *3 (S.D.N.Y. Jan. 6, 2005).  An interlocutory appeal should not be certified

where, as here, "many of the same . . . issues . . . would still have to be litigated . . . ."  *Hart*, 73

F. Supp. 3d at 393  (quoting *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d

85, 88 (2d Cir. 1992)).

---

outcome of any litigation he pursues") and 461 (citing *Antecedent Debt Decision,* 499 B.R. at 420) (noting that the
District Court could not have determined that the Trustee had Article III standing to recover fraudulent transfers of
customer property in its subsequent *Antecedent Debt Decision* without rejecting counsel for Movants' due process
arguments).

In addition to Movants' efforts to distract this Court with issues already resolved, the

Second Motion for Leave only addresses a discovery order—not a motion to dismiss or a motion

for summary judgment. Therefore, even if the Discovery Order was reversed and the Trustee

had to respond to Movants' interrogatories, the Trustee's fraudulent transfer claims against

Movants would still remain *in their entirety*, the Trustee would continue pursuing discovery on

these claims, and these claims would proceed to trial. In such circumstances, courts have

routinely denied motions seeking leave for interlocutory appeal of discovery orders, and the

District Court should do so here. *See, e.g.*, *Kittay v. Fowler (In re Stockbridge Funding Corp.)*,

No. 91 C 10069, 1993 WL 205225, at *6 (S.D.N.Y. June 8, 1993) (finding that although a

discovery order would "affect the scope of evidence at trial," an appeal from the order would not

materially advance the proceedings because the trustee's counterclaims "would still remain in

their entirety" and the case would still "proceed to trial as to all the claims"); *Bild v. Konig*, No.

09-CV-5576, 2011 WL 4007895, at *4 (E.D.N.Y. Sept. 8, 2011) ("Even if both of the court's

rulings were reversed on appeal, on remand, plaintiff's . . . claim would still proceed to summary

judgment and, potentially, to trial based upon other evidence adduced during discovery . . . .");

*Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 225 (N.D.N.Y. 1999) (movants failed to

meet this factor where they sought "to appeal an Order with respect to discovery, not an issue

that is likely to hasten the litigation"); *David v. Signal Int'l., LLC*, 37 F. Supp. 3d 836, 839 (E.D.

La. 2014) ("As a non-dispositive order, the reversal or affirmance of a discovery order would

seldom (if ever) eliminate the need for trial.").[10]

---

[10] Such appeals should also be denied in cases where, as here, there are numerous defendants and the potential for several more discovery disputes prior to summary judgment or trial. *See, e.g.*, *Atlantic City Elec. Co. v. A. B. Chance Co.*, 313 F.2d 431, 434 (2d Cir. 1963) ("[T]o permit appellate review of this kind of discretionary discovery order, merely an intermediate step in these complex cases, would thwart rather than effectuate the purpose of 1292(b) to 'materially advance the ultimate termination of the litigation.'").

Moreover, even if reversal of the Discovery Order would somehow substantially narrow the scope of discovery—which it would not—Movants have failed to cite a single case that permitted an interlocutory appeal of a discovery order on this basis. To the contrary, discovery orders issued in civil cases on the grounds of relevancy are not appropriate for interlocutory appeal. *See, e.g.*, *In re Stockbridge Funding Corp.*, 1993 WL 205225, at *6 (finding movant had failed to demonstrate how the ruling at issue "differ[ed] from the discovery orders routinely issued in civil actions which limit the discovery of the parties on various grounds such as privilege and relevancy"). As the court found in *In re Stockbridge Funding Corp.* when denying the movant's motion for leave to appeal a discovery ruling, "[s]uch rulings are made frequently under circumstances in which the party seeking the discovery considers the discovery to be important to its case and such rulings can often involve difficult legal and factual determinations upon which reasonable minds may differ." *Id.* However, "[t]o allow an interlocutory appeal every time a difficult discovery ruling of some importance is made would clearly lead to undue delay and disruption." *Id.*

With respect to the hundreds of other cases commenced by the Trustee in 2010 and still being litigated today, Movants' meritless appeal may lead to delays that could impede the Trustee's efforts to reach settlements, conclude cases, and bring funds into the estate for the benefit of the defrauded customers of BLMIS who hold valid claims. As one Court in this District explained, "[a]s memories fade and relevant actors pass away, discovery becomes more difficult and plaintiffs lose their chance for relief" and that is reason enough to decline certification. *In re S. African Apartheid Litig.,* 624 F. Supp. 2d 336, 342 (S.D.N.Y. 2009). To be clear, Movants' only purpose is to postpone the day upon which they will have to return customer property comprising their fictitious profits to the estate to be distributed to those

customers who suffered losses of invested principal. Such delay tactics should not be

countenanced.

### III. MOVANTS DO NOT SET FORTH ANY EXCEPTIONAL CIRCUMSTANCES WARRANTING INTERLOCUTORY APPEAL BECAUSE NONE EXIST

In addition to the Second Motion for Leave's failure to meet the applicable statutory

standards under Section 1292(b), Movants do not even attempt to argue that there are any

exceptional circumstances warranting an interlocutory appeal of the Discovery Order. Any such

argument would fail. "The fact that current practices of discovery are sometimes burdensome

and painful, often forcing parties to reveal facts or circumstances they would rather not, is no

justification to allow discovery orders to be prematurely appealed . . . ." *Stout v. Ill. Farmers*

*Ins. Co.*, 882 F. Supp. 776, 777–78 (S.D. Ind. 1994).

### IV. THE DISTRICT COURT SHOULD SANCTION MOVANTS' COUNSEL FOR FILING OF SECOND MOTION FOR LEAVE

Given that Movants essentially re-filed the First Motion for Leave—repeating the exact

same false allegations that have been previously rejected by the Bankruptcy Court, the District

Court, and the Second Circuit—the Trustee is left with no choice but to request the imposition of

costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and the District Court's inherent power.

Under Section 1927, the District Court may require "any attorney [that]. . . multiplies the

proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

By its terms, Section 1927 "looks to unreasonable and vexatious multiplications of proceedings;

and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory

tactics." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,*

*AFL-CIO,* 948 F.2d 1338, 1344-45 (2d Cir. 1991). "An award under § 1927 is proper when the

attorney's actions are so completely without merit as to require the conclusion that they must

have been undertaken for some improper purpose such as delay." *Id.* (citation omitted). Furthermore, awards pursuant to Section 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards. *Id.*

In the alternative, the District Court may sanction Movants' improper conduct through its "inherent power." Indeed, the District Court has "well-acknowledged inherent power to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980). The District Court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). The imposition of sanctions pursuant to the District Court's inherent power requires a showing that "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45 (citations omitted). There must be clear evidence that the party subject to sanctions conducted litigation in a fashion intended to harass its adversary, delay the proceedings or to effect some other improper purpose. *See DLC Mgmt. Corp. v. Town of Hyde Park,* 163 F.3d 124, 136 (2d Cir.1998). Moreover, the fact that there may be a statute or rule which provides a mechanism for imposing sanctions of a particular variety for a specific type of abuse does not limit a court's inherent power to fashion sanctions, even in situations similar or identical to those contemplated by the statute or rule. *Chambers,* 501 U.S. at 45-46.

Movants' counsel should be sanctioned under either Section 1927 or pursuant to the District Court's inherent power given the frivolous nature of the Second Motion for Leave. Despite the fact that counsel for Movants has been repeatedly chastised for putting forth inflammatory and baseless allegations regarding the compensation received by the Trustee,

counsel for Movants persist in making these same, false allegations in the Second Motion for

Leave without any good faith basis for doing so.  Indeed, at oral argument earlier in the

liquidation proceedings, the District Court asked counsel for Movants, Ms. Chaitman, about the

basis for Movants' allegations regarding the Trustee's fees:

> **The Court:**  What is the basis for these allegations?
>
> **Ms. Chaitman:**  Your Honor, the basis is that I have been informed by a personal friend of Mr. Picard that he was compensated –
>
> **The Court:**  Who?
>
> **Ms. Chaitman:**  A lawyer in New Jersey.
>
> **The Court:**  Who?
>
> **Ms. Chaitman:**  You know, unfortunately I can't remember his name, but let me finish. What happened was he told me Mr. Picard was compensated on the basis of 33 to 50 percent of the billing Baker & Hostetler collected.
>
> **The Court:**  Did you have any other basis?
>
> **Ms. Chaitman:** No.  When we argued –
>
> **The Court:**  So wait a minute, let me just – forgive me for interrupting, but on the basis of some hearsay comment from someone who may or may not have had personal knowledge, and who must be so little known to you that you can't even remember his name, you made an allegation of unethical or biased approach by Mr. Picard?  That seems an awfully weak read to make such an allegation.

*In re Madoff Sec.,* 2016 WL 690834, at *2. n.1 (citing July 28, 2011 Oral Argument Tr. at

12:02–32, *Picard v. James Greiff,* No. 11 Civ. 03775 (S.D.N.Y. July 28, 2011), ECF No. 17).

Judge Daniels highlighted this exchange in his denial of the First Motion for Leave, noting that

"a different Court in this District has expressed serious doubts about the source of similar

23

allegations about Trustee's compensation made by Movants' attorney in another matter." *Id.* at *2.[11]

Yet, Movants moved forward in filing the Second Motion for Leave, and did so in bad faith. Indeed, the Second Motion for Leave is essentially the First Motion for Leave, for which counsel for Movants only made slight factual revisions to relate to the Discovery Order.[12] Counsel for Movants also did not bother to present any new authority to contradict either the Bankruptcy Court's authority to enter the Discovery Order or prior determinations by the Bankruptcy Court, this Court, and the Second Circuit. Instead, it appears that the sole purpose of the Second Motion for Leave was to simply further delay these proceedings and to prevent the recovery and return of fictitious profits to the estate for distribution to those customers who have waited over six years to have their lost principal returned to them. Accordingly, the Trustee seeks the imposition of costs and attorneys' fees.

---

[11] In addition, despite having been specifically directed to the website for the victims fund in prior briefings, and therefore knowing that their assertions are completely false, Movants continue to claim that the Trustee was retained by the Government to assist in distributing forfeited funds to BLMIS victims under the process of remission or mitigation. *See* Second Motion for Leave at 12-13. To the contrary and as Movants well know, the Government long ago retained Richard C. Breeden as special master to assist in administering the remission or mitigation process. *See About the Special Master,* The Department of Justice Asset Forfeiture Distribution Program's Madoff Victim Fund, at http://www.madoffvictimfund.com/About_ Richard_Breeden.shtml (last visited April 14, 2016); *see also* 28 C.F.R. § 9.9(c). Mr. Breeden has no affiliation with the Trustee or Baker & Hostetler LLP. It is the Department of Justice—not the Trustee—that will make determinations relating to the forfeiture funds, and those funds will not be distributed under SIPA.

[12] In fact, counsel for Movants has never provided support for her inflammatory allegations, nor as noted herein, are they even relevant. For example, counsel for Movants cannot even decide what proportion of fees the Trustee must have received. Over the course of the BLMIS liquidation, counsel has variously proposed returns of 33% to 50%, before apparently settling on 15%. *See* Second Motion For Leave at 7.

## CONCLUSION

For the reasons discussed above, the Trustee respectfully requests that the Second Motion

for Leave be denied in its entirety.


Date:   April 14, 2016                                    By: */s/ David J. Sheehan*
        New York, New York

                                           **BAKER & HOSTETLER LLP**
    45 Rockefeller Plaza
    New York, New York 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email:  dsheehan@bakerlaw.com
    Nicholas J. Cremona
    Email:  ncremona@bakerlaw.com
    Keith R. Murphy
    Email:  kmurphy@bakerlaw.com
    Amy E. Vanderwal
    Email:  avanderwal@bakerlaw.com
    Anat Maytal
    Email:  amaytal@bakerlaw.com

    *Attorneys for Irving H. Picard, Trustee for the*
    *Substantively Consolidated SIPA Liquidation*
    *of Bernard L. Madoff Investment Securities*
    *LLC and the Estate of Bernard L. Madoff*