**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| MADOFF SECURITIES | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04352 (SMB) |
| Plaintiff, | Adv. Pro. No. 10-04377 (SMB) |
| v. | Adv. Pro. No. 10-04644 (SMB) |
| DEFENDANTS LISTED ON EXHIBIT A ATTACHED TO THE NOTICE OF MOTIONS FOR LEAVE TO APPEAL, | Adv. Pro. No. 10-04658 (SMB) |
| Defendants. | |

**MEMORANDUM OF LAW OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO APPEAL**

SECURITIES INVESTOR PROTECTION CORPORATION
1667 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone:  (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

PRELIMINARY STATEMENT ................................................................................................1

THE NATURE AND PURPOSES OF A SIPA PROCEEDING ................................................2

LEGAL STANDARD................................................................................................................5

ARGUMENT .............................................................................................................................8

    A.  There Are No Controlling Questions of Law for This Court to Decide ....................9

    B.  There Are No Substantial Grounds For Difference Of Opinion.............................10

    C.  Interlocutory Review Will Not Terminate Any Litigation Connected
        With The BLMIS SIPA Liquidation Proceeding......................................................13

CONCLUSION.........................................................................................................................15

# TABLE OF AUTHORITIES

**CASES:**                                                                                                    **PAGE**

*In re Adorn Glass & Venetian Blind Corp.,*
    2005 WL 3481325 (S.D.N.Y. 2005)..................................................................8

*Bank Brussels Lambert v. Coan (In re AroChem Corp.),*
    176 F.3d 610 (2d Cir. 1999)..........................................................................6

*In re Bell & Beckwith,* 93 B.R. 569 (Bankr. N.D. Ohio 1988) ......................................5

*In re Bernard L. Madoff Securities LLC*, 2016 WL 690834 (S.D.N.Y. 2016) ............1, 9

*In re BLMIS,* 2010 WL 3260074 (S.D.N.Y. Aug. 6, 2010)......................................5, 14

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.),*
    159 B.R. 396 (S.D.N.Y. 1993).....................................................................6

*Ellsworth v. Myers (In re Cross Media Marketing Corp.),*
    2007 WL 2743577 (S.D.N.Y. 2007)............................................................10

*Enron Corp. v. Springfield Assocs, LLC (In re Enron Corp.),*
    2006 WL 2548592 (S.D.N.Y. 2006)..........................................................7, 8

*Exchange National Bank of Chicago v. Wyatt*, 517 F.2d 453 (2d Cir. 1975)...............14

*First Federal Savings & Loan Assoc. of Lincoln v. Bevill, Bresler &*
    *Schulman, Inc. (Matter of Bevill, Bresler & Schulman, Inc.),*
    59 B.R. 353 (D.N.J.), *appeal dismissed*, 802 F.2d 445 (3d Cir. 1986)............14

*Flor v. Bot Financial Corp. (In re Flor),* 79 F.3d 281 (2d Cir. 1996).......................7, 8

*Fox v. Bank Mandiri (In re Perry H. Koplik & Sons, Inc.),*
    377 B.R. 69 (S.D.N.Y. 2007)................................................................. 6-7, 8

*Freeman v. NBC, Inc.,* 1993 WL 524858 (S.D.N.Y. 1993).......................................8

*Gibson v. Kassover (In re Kassover)*, 343 F.3d 91 (2d Cir. 2003) .................................6

*Handelman v. Weiss*, 368 F. Supp. 258 (S.D.N.Y. 1973)...........................................11

*Kennedy & Assocs. Inc. v. Wordcom, Inc. (In re Worldcom, Inc.),*
    2009 WL 2215296 (S.D.N.Y. 2009).........................................................6, 7

## TABLE OF AUTHORITIES
### (cont.)

**CASES:**                                                                                 **PAGE**

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*,
    921 F.2d 21 (2d Cir. 1990)..................................................................7

*Koehler v. Bank of Bermuda, Ltd*., 101 F.3d 863 (2d Cir. 1996) ....................................8

*Law Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.)*,
    356 B.R. 585 (S.D.N.Y. 2007).........................................................6, 7

*In re Lloyd Securities, Inc.*, 163 B.R. 242 (Bankr. E.D. Pa. 1994),
    *aff'd in part, rev'd in part on other grounds*,
    183 B.R. 386 (E.D. Pa. 1995), *aff'd*, 75 F.3d 853 (3d Cir. 1996)............................. 11-12

*In re Madoff*, 2010 WL 3260074 (S.D.N.Y. 2010)........................................................14

*In re Marketxt Holdings Corp.*, 2009 WL 1286130 (S.D.N.Y. 2009)...........................................7

*MCI Worldcom Communications v. Communications Network Int'l*
    *(In re Worldcom, Inc.)*, 2006 WL 3592954 (S.D.N.Y. 2006)..............................................7

*McKenny v. McGraw (In re Bell & Beckwith)*,
    104 B.R. 842 (Bankr. N.D. Ohio 1989), *aff'd*, 937 F.2d 1104 (6th Cir. 1991) .................14

*Picard v. Chais (In re BLMIS)*, 445 B.R. 206 (Bankr. S.D.N.Y. 2011) .........................................3

*SEC v Oxford Sec., Ltd.*, 486 F.2d 1396 (2d Cir. 1973) ...........................................................2, 15

*SIPC v. Barbour*, 421 U.S. 412 (1975)...............................................................................2, 12

*SIPC v. BLMIS*, 516 B.R. 18 (S.D.N.Y. 2014) ......................................................................9

*SIPC v. BLMIS*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015) ....................................................3, 10, 11

*SIPC v. BLMIS*, 987 F. Supp. 2d 309 (S.D.N.Y. 2013).............................................................6, 7

*SIPC v. Morgan Kennedy & Co.*, 533 F.2d 1314 (2d Cir.),
    *cert. den. sub. nom., Trustees of the Reading Body Works, Inc. v. SIPC*,
    426 U.S. 936 (1976)..................................................................................5

*Transport Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth.*,
    358 F. Supp. 2d 347 (S.D.N.Y. 2005).................................................................8

# TABLE OF AUTHORITIES
### (cont.)

**STATUTES AND RULES:**                                      **PAGE**

Federal Rule of Bankruptcy Procedure

2014(a) ..................................................................................................4
8004......................................................................................................6

Securities Investor Protection Act, as amended, 15 U.S.C. §

78ccc(a)(1) ...........................................................................................5
78ccc(a)(2)(A)......................................................................................2
78ddd(c) ...............................................................................................2
78eee(a)(1) ...........................................................................................2
78eee(a)(3)(A).......................................................................................2
78eee(b)(3)..................................................................................2, 4, 13
78eee(b)(4)............................................................................................2
78eee(b)(5)(A) ......................................................................................4
78eee(b)(5)(C).....................................................................................12
78eee(b)(6)............................................................................................4
78fff......................................................................................................3
78fff-1(a)..............................................................................................5
78fff-1(b)..............................................................................................5
78fff-2(c)(3) ..........................................................................................3
78fff-3 ..................................................................................................3
78fff-3(b)..............................................................................................4
78fff(e)..................................................................................................4

United States Bankruptcy Code, 11 U.S.C. §

327(a) ...................................................................................................4
330(a)(1) .............................................................................................13
503(b)(2) .............................................................................................13
504(b)(1) .............................................................................................13
507(a)(2) ...............................................................................................4
726.......................................................................................................4

28 U.S.C. §

158(a)(3) ...............................................................................................5
1292(b).................................................................................................6

## TABLE OF AUTHORITIES
### (cont.)

**LEGISLATIVE MATERIALS:**                                                                **PAGE**

S. Rep. No. 95-763 (1978) ...............................................................................................5

U.S. CONST. art. I, § 8, cl. 3 and cl. 4 .......................................................................14


**PUBLICATIONS AND TREATISES:**

A Message from SIPA Trustee Irving H. Picard,
        www.madofftrustee.com/trustee-message-24.html (last visited April 12, 2016) ..................5

The Madoff Recovery Initiative,
        http://www.madofftrustee.com/recoveries-04.html (last visited April 12, 2016)............. 4-5

10 *Collier on Bankruptcy* ¶ 8004.08 (16th ed. 2016) ...................................................................6

The Securities Investor Protection Corporation ("SIPC") submits this response in opposition to the motion ("Motion")[1] for leave to appeal the Order of the Bankruptcy Court implementing its March 17, 2016 Bench Ruling granting a protective order to the Trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") in this proceeding under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA").[2]

## PRELIMINARY STATEMENT

The Motion is the second attempt by Movants — defendants in adversary actions initiated by the Trustee — for leave to appeal the Bankruptcy Court's denial of their motion to dismiss the Trustee's complaints against them on the ground that the Trustee's interest in the fees paid to his law firm allegedly violates Movants' due process rights. (Mov. Br. 1-2). The prior attempt was denied by the District Court on February 11, 2016.[3] The current Motion is merely an edited version of the first attempt with the added gloss of a further denial by the Bankruptcy Court of Movants' continuing attempts, both in the District Court and the Bankruptcy Court, to derail the Trustee's obligations under SIPA. Those obligations include the duty of the Trustee to pursue Movants for the avoidance and recovery of fraudulent transfers for the benefit of all BLMIS customers with allowed customer claims.

The fabrication of baseless assertions by Movants — that the Trustee is a quasi-governmental official, that the Trustee is a "decision-maker" for SIPC, that the Trustee is also the special master appointed by the United States Department of Justice to distribute forfeited

---

[1]  The Movants are listed on Exhibit A ("Movants") to the Notice of the Motion. References herein to the Movants' Memorandum of Law and the supporting Helen Davis Chaitman correspondingly are to "Mov. Br." and to "Chaitman Dec."

[2]  For convenience, references hereafter to provisions of SIPA shall omit "15 U.S.C."

[3]  *In re Bernard L. Madoff Investment Securities LLC*, 2016 WL 690834 (S.D.N.Y. 2016)

funds through the Madoff Victims Fund — mixed with the continuing allegations regarding percentage of compensation purportedly received by the Trustee (for which the counsel for Movants has been chastised by the District Court as noted and quoted by Judge Daniels in his February 11, 2016 denial of Movants' earlier almost identical Motion) lead to a fatally flawed Motion that should be denied.

## THE NATURE AND PURPOSES OF A SIPA PROCEEDING

SIPA was enacted in 1970 to address the "failure or instability of a significant number of brokerage firms." *SIPC v. Barbour,* 421 U.S. 412, 415 (1975).  The Supreme Court noted that prior to SIPA, customers of a brokerage firm that fell into insolvency often "found their cash and securities on deposit either dissipated or tied up in lengthy bankruptcy proceedings." *Id.* SIPA created SIPC, a non-profit, private membership corporation established "for the purposes *inter alia,* of providing financial relief to the customers of failing broker-dealers with whom they had left cash or securities on deposit." *Id.* at 413.  Congress required most registered U.S. broker-dealers to become members of SIPC and to pay assessments used to fund SIPC's investor protection measures.  SIPA §§ 78ccc(a)(2)(A), 78ddd(c).

Upon learning from the Securities and Exchange Commission and industry self-regulatory organizations that a SIPC-member firm "is in or is approaching financial difficulty," SIPA § 78eee(a)(1), and after determining that the member firm "has failed or is in danger of failing to meet its obligations to customers," SIPA § 78eee(a)(3)(A), SIPC may file an action for a protective decree in federal district court.  If the court grants SIPC's application, the court must appoint a trustee, *see SEC v Oxford Sec., Ltd.*, 486 F.2d 1396 (2d Cir. 1973), and order the proceeding removed to bankruptcy court. SIPA § 78eee(b)(3), (4).

The SIPA trustee then oversees the liquidation proceeding of the member firm, returning any customer cash and securities on deposit with the failed broker-dealer.  SIPA § 78fff.  If the failed broker-dealer's funds prove inadequate to pay all customers claims, SIPC itself must cover any shortfalls up to the statutory limits.  SIPA § 78fff-3.  When there is a shortfall in making customers whole, in other words, customer property is not sufficient to pay in full allowable customer claims, the SIPA trustee may exercise an ordinary trustee's powers under the Bankruptcy Code to avoid and recover fraudulent transfers of customer property for the benefit of customers. SIPA § 78fff-2(c)(3).  In this liquidation proceeding, the Bankruptcy Court has held that the Trustee has prudential standing, that is, "established Article III standing" under this SIPA section. *See Picard v. Chais (In re BLMIS)*, 445 B.R. 206, 238 (Bankr. S.D.N.Y. 2011); *SIPC v. BLMIS*, 531 B.R. 439, 448-449 (Bankr. S.D.N.Y. 2015).

On December 15, 2008, the District Court issued the Protective Order which appointed the Trustee and Counsel and removed the BLMIS liquidation proceeding to the Bankruptcy Court.  Public outcry was loud and media coverage about Madoff's deception and this BLMIS liquidation proceeding was extensive during the latter days of 2008.  On December 23, 2008, the Bankruptcy Court issued an order setting the timelines for publication of notices, mailing of claim forms and filing of declarations of disinterestedness.   ("Claims Procedures Order") [BLMIS, ECF. No. 12]. On January 2, 2009, the Trustee and his counsel filed with the Bankruptcy Court their declarations of disinterestedness. (BLMIS, ECF No. 24).  That same day, pursuant to the Claims Procedure Order (BLMIS, ECF No. 12), the Trustee caused, *inter alia*, notice of the disinterestedness hearing to be published in several major newspapers and to be mailed.  On February 4, 2009, after this notice and a hearing, the Bankruptcy Court entered an Order Regarding Disinterestedness of BLMIS Trustee and Counsel to the BLMIS Trustee

3

(BLMIS, ECF No. 69), finding the Trustee and Counsel to be disinterested pursuant to SIPA

section 78eee(b)(6), section 327(a) of the Bankruptcy Code, and Federal Rule of Bankruptcy

Procedure 2014(a).   In spite of the broad notice given and the widespread notoriety of the case,

no objection was filed before the hearing and no objector appeared at the hearing. No motion for

leave to appeal the Order was filed.

Every trustee in a SIPA case (other than SIPC when serving as trustee) is entitled to

reasonable compensation for his or her services.  SIPA § 78eee(b)(5)(A).  The fact that fees may

be paid out of SIPC advances where the general estate is insufficient is expressly provided by

statute (SIPA §78fff-3(b)) and does not mean that due process rights have been violated.  Rather,

customers and creditors of the failed broker-dealer are benefitted by the availability of SIPC

funds to compensate the trustee who otherwise might not be able to administer the liquidation,

including pursuing recoveries, for their benefit.   Moreover, SIPA specifically provides that in a

SIPA proceeding, the "persons appointed as trustee and as attorney for the trustee may be

associated with the same firm."  SIPA § 78eee(b)(3).

In this BLMIS liquidation proceeding, ***not one penny*** of the billions of dollars recovered

by the Trustee for customers has been or will be used to pay any fees or administrative expenses.

All such fees and expenses are paid with SIPC advances to the Trustee after extensive and

exhaustive review by SIPC, as contemplated by SIPA, and after further review by the Court,

upon notice and opportunity for hearing.[4]  The Trustee has recovered more than $11.123 billion

for the benefit of customers with allowed claims. *See* The Madoff Recovery Initiative,

---

[4]      SIPA § 78fff(e) provides that all costs and expenses of administration shall be borne by the Debtor's general
estate "to the extent it is sufficient therefore…," and that "the priorities of distribution from the general estate shall
be as provided in section 726 of title 11."   The section further provides that "[a]ll funds advanced by SIPC to a
trustee for such costs and expenses of administration shall be recouped from the general estate under section
507(a)(2) of title 11."

http://www.madofftrustee.com/recoveries-04.html (last visited April 12, 2016). Through the

Sixth Interim Distribution earlier this year, the Trustee has distributed 57.064 cents on every

dollar of each allowable claim to customers with such allowed claims, meaning that any

customer with an allowed claim of up to $1,163,087, has been paid in full. *See* A Message from

SIPA Trustee Irving H. Picard, www.madofftrustee.com/trustee-message-24.html (last visited

April 12, 2016).  The Trustee reported he has reserved additional substantial sums pending the

outcome of litigation and other recoveries.  *See* www.madofftrustee.com/distributions-16.html

(last visited April 12, 2016).

SIPC is not a federal agency.  It is a non-profit corporation.  S*ee* SIPA § 78ccc(a)(1).  In

fact, SIPC and SIPA Trustees have distinct, and different, responsibilities and roles.  *Cf.*, SIPA §

78fff-1(a) and (b) (setting out the powers and duties of a SIPA trustee), with S. Rep. No. 95-763,

at 11 (1978) (SIPC is charged with the administration of SIPA and is an advisor to the court, the

initiator of the liquidation proceeding, and an overseer of funds in the liquidation proceeding).

The Trustee does not make decisions for SIPC. On occasion, SIPC and SIPA trustees have

disagreed.  *See SIPC v. Morgan Kennedy & Co.,* 533 F.2d 1314 (2d Cir.), *cert. den. sub. nom.,*

*Trustees of the Reading Body Works, Inc. v. SIPC*, 426 U.S. 936 (1976); *In re Bell & Beckwith,*

93 B.R. 569 (Bankr. N.D. Ohio 1988).  In sum, there is no merit to Movants' contentions.  For

good reason, a similar constitutional due process argument by Counsel for the Movants has been

considered and properly rejected by this District Court. *In re BLMIS,* 2010 WL 3260074, at *1-2

(S.D.N.Y. Aug. 6, 2010).

## LEGAL STANDARD

The appealability of an interlocutory order of the bankruptcy court is governed by 28

U.S.C. § 158(a)(3), which provides that an immediate appeal may be taken only with leave of the

federal district court for the district in which the bankruptcy court that issues the Order sits.[5]

Because neither Section 158(a) nor the Bankruptcy Code or Rules provide standards for

evaluating a motion for leave to appeal, the decision whether to grant leave is committed to the

discretion of the district court.  *See, e.g.*, *Gibson v. Kassover* (*In re Kassover*), 343 F.3d 91 (2d

Cir. 2003); *Kennedy & Assocs. Inc. v. Wordcom, Inc. (In re Worldcom, Inc.)*, 2009 WL 2215296

at *3 (S.D.N.Y. 2009).   In exercising this discretion, district courts, including this Court,

generally apply the standards set forth in 28 U.S.C. § 1292(b)[6] when determining whether to

grant leave to appeal from interlocutory orders entered by the bankruptcy courts.  *See, e.g.*, *SIPC

v. BLMIS*, 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013); *Worldcom*, 2009 WL 2215296, at *3; *Law

Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.)*, 356 B.R. 585, 592-93 (S.D.N.Y.

2007); *Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.),* 159 B.R. 396, 401

(S.D.N.Y. 1993).  *See also 10 Collier on Bankruptcy* ¶ 8004.08 (16th ed. 2016).

Under these standards, the party seeking leave to take an interlocutory appeal has the

burden to demonstrate exceptional circumstances sufficient to "overcome the general aversion to

piecemeal appeals" and to "justify a departure from the basic policy of postponing appellate

review until after the entry of a final judgment." *Bank Brussels Lambert v. Coan (In re AroChem

Corp.),* 176 F.3d 610, 619 (2d Cir. 1999); *Flor v. Bot Financial Corp. (In re Flor)*, 79 F.3d 281,

284 (2d Cir. 1996); *Fox v. Bank Mandiri (In re Perry H. Koplik & Sons, Inc.),* 377 B.R. 69, 73-

---

[5]    The procedure for seeking leave to appeal is set forth in Bankruptcy Rule 8004.  <u>See</u> Fed. R. Bankr. P. 8004.

[6]    Section 1292(b) states, in pertinent part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order…

28 U.S.C. § 1292(b).

74 (S.D.N.Y. 2007). The discretionary grant of a permissive interlocutory appeal is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation and is not intended as a general vehicle to provide early review. *See, e.g., Enron Corp. v. Springfield Assocs, LLC (In re Enron Corp.),* 2006 WL 2548592, at * 3 (S.D.N.Y. 2006). In this regard, the Second Circuit has stressed that the power to grant interlocutory review should not be "liberally construed." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24-25 (2d Cir. 1990); *SIPC v. BLMIS*, 987 F. Supp. 2d at 311; *MCI Worldcom Communications v. Communications Network Int'l (In re Worldcom, Inc.),* 2006 WL 3592954, at * 2 (S.D.N.Y. 2006).

Consistent with these limitations, interlocutory appeal is permitted only where the order appealed from (1) involves a controlling question of law, (2) over which there is substantial ground for difference of opinion, and where (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See*, *e.g., SIPC v. BLMIS*, 987 F. Supp. 2d at 311; *Worldcom,* 2009 WL 2215496, at * 3; *Koplik*, 377 B.R. at 73; *Calpine*, 356 B.R. at 593. In regard to the first prong of this test, the "controlling question of law" must first and foremost be just that – a question of law. *See, e.g., Koplik*, 377 B.R. at 73-74; *Enron*, 2006 WL 2548592, at * 4. It cannot involve a question of fact, or even a question requiring the application of the appropriate law to the relevant facts. *See In re Marketxt Holdings Corp.,* 2009 WL 1286130, at * 1 (S.D.N.Y. 2009) ("[W]here, as here, the question presented entails application of a well-accepted legal standard to complex factual predicates, no such controlling issue of law exists"); *Koplik*, 377 B.R. at 73-74; *Ellsworth v. Myers (In re Cross Media Marketing Corp.),* 2007 WL 2743577, at * 2 (S.D.N.Y. 2007); *Enron*, 2006 WL 2548592, at * 4. Rather, it must be a "pure question of law that the reviewing court could decide quickly and cleanly *without having to study*

*the record*," *e.g.,* a question concerning the applicable legal standard. *Koplik*, 377 B.R. at 74 (emphasis added, citation and quotation marks omitted); *Enron*, 2006 WL 2548592, at * 4; *Freeman v. NBC, Inc.,* 1993 WL 524858, at * 2 (S.D.N.Y. 1993).

The second prong of the test is equally stringent. A "substantial ground for a difference of opinion" concerning the propriety of a Bankruptcy Court's resolution of a question exists only if there is "substantial doubt" that the Court's Order was correct. *See, e.g., Enron*, 2006 WL 2548592, at * 4; *In re Adorn Glass & Venetian Blind Corp.,* 2005 WL 3481325, at * 5 (S.D.N.Y. 2005). The fact that the issue is one of first impression in the Second Circuit, that there is conflicting case law outside the Circuit, or that there is strong disagreement among the parties is not, in and of itself, sufficient to create "substantial doubt." *See, e.g., Enron*, 2006 WL 2548592, at * 4; *Adorn Glass*, 2005 WL 3481325, at *5. To ascertain whether such doubt exists, the reviewing court must examine the strength of the opposition to the challenged ruling and determine whether those arguments create truly *substantial* doubt as to the propriety of that ruling. *See, e.g., Flor*, 79 F.3d at 284; *Enron*, 2006 WL 2548592, at * 4.

As for the third prong of the test, an immediate appeal is considered to advance the ultimate termination of the litigation if that "appeal promises to advance the time for trial or to shorten the time required for trial." *See, e.g., Koplik*, 377 B.R. at 74; *Transport Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005). *See also, Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) (interlocutory appeal is "reserved for those cases where an immediate appeal may avoid protracted litigation").

## **ARGUMENT**

For the reasons stated below, Movants have failed to satisfy any of the prerequisites for leave to take an interlocutory appeal of the Bankruptcy Court's March 17, 2016 Order "which

prohibits Movants from taking any discovery regarding the [BLMIS] Trustee's Compensation…" (Mov. Br. at 1). As the District Court stated earlier in this SIPA liquidation, "[t]his is just the latest attempt by one party or another in these complicated proceedings to seek interlocutory appeal of some ruling adverse to that particular party." *SIPC v. BLMIS*, 516 B.R. 18, 25 (S.D.N.Y. 2014).

The purported question Movants identifies is hardly a "controlling question of law," and in fact is not a question of law. Movants' position requires acceptance of assumed, but disputed, factual predicates. It simply cannot be determined "quickly and cleanly" solely from the record. Moreover, not only is there no "substantial ground for difference of opinion" concerning whether the Bankruptcy Court resolved the "question" correctly, there is no doubt that it did so. Finally, granting Movants leave to appeal not only will not advance the ultimate termination of any litigation in the BLMIS SIPA proceeding, but will delay it.

### A. There Are No Controlling Questions Of Law For This Court To Decide

Movants have failed to identify, much less establish, that there is a controlling question of law that can be determined "quickly and cleanly without having to study the record." *Koplik,* 377 B.R. at 74. Movants' predicate for their Motion is fact-intensive and therefore not appropriate to be raised on a motion seeking interlocutory review. This District Court already has ruled on the earlier and extremely similar motion that the "Movants have not presented a pure question of law appropriate for interlocutory appeal." *In re Bernard L. Madoff Securities LLC*, 2016 WL 690834, at * 2 (S.D.N.Y. 2016). Nothing has changed. Movants have raised more factual issues, some not real, some already discredited.

Movants even go so far as to continue to assert incorrectly that the Trustee is the special master for the Madoff Victim Fund ("MV Fund") administered by the Department of Justice.

The Bankruptcy Court exposed this falsehood as "patently wrong" and as "based on an incorrect assumption." *SIPC v. BLMIS*, 531 B.R. 439, 453 (Bankr. S.D.N.Y. 2015).   Nevertheless, Movants continue to peddle this falsehood as part of their ill-conceived invention of facts despite the Bankruptcy Court's clear identification of Richard C. Breeden as the Special Master for the MV Fund, *id.* at 454, and despite the Bankruptcy Court having directed Movants to Special Master Breeden's MV Fund website (www.madoffvictimfund.com). *Id.*

Movants also wrongly assert that SIPC is a quasi-governmental agency, that the Trustee acts as SIPC's decision maker, that the Trustee is a quasi-governmental figure as MV Fund Special Master, and that the Trustee has a financial stake in the adversary proceedings.

None of these "issues" is a question of law.   On the contrary, each of them requires uncritical acceptance of the Movants' persistent, but wholly erroneous and unsupported, factual assertions that the Trustee is a quasi-governmental official whose receipt of compensation violates Movants' right to due process.   Obviously, neither SIPC nor the Trustee agree with Movants' assertions, and both vigorously disputed in the Bankruptcy Court the accuracy of the assertions and their relevance to the Trustee's compensation.   Thus, the "issues" identified by Movants - to the extent that they are cognizable issues at all - are *factual,* not legal.   They clearly are not issues that this Court "could decide quickly and cleanly without having to study the record" and, as such, are not ripe for interlocutory review.   *See Cross Media Marketing*, 2007 WL 2743577, at* 2.

## B.   <u>There Are No Substantial Grounds For Difference of Opinion</u>

Not only are there no "substantial grounds for difference of opinion" concerning the Bankruptcy Court's resolution of the "issues" raised by Movants, there is no doubt that the Bankruptcy Court was right and that Movants are not.   Movants argue that the Bankruptcy

Court's ruling was wrong on the grounds that somehow the Trustee is inherently conflicted by virtue of allegedly being (i) a quasi-governmental officer and (ii) the Special Master for the MV Fund. (Mov. Br. at 14). Yet, Movants offer no persuasive authority in support.

Thus, Movants assert the Bankruptcy Court's ruling is in direct conflict with "controlling authority" because in *Handelman v. Weiss*, 368 F. Supp. 258, 263 (S.D.N.Y. 1973), the District Court held that "[t]he attorney for SIPC is in many ways a representative of governmental interests." *Id.* However, *Handelman* is not controlling authority and more importantly, is not in conflict with the Bankruptcy Court's March 17, 2016 Order and its earlier Order and decision, *SIPC v. BLMIS*, 531 B.R. at 458. Indeed, the *Handelman* court, surprisingly quoted by Movants (Mov. Br. at 15), stated that "Congress created SIPC, a non-profit corporation… SIPC is not a federal agency…" 368 F. Supp. at 363. These statements are entirely consistent with the challenged orders of the Bankruptcy Court and its related decision.

Moreover, *Handelman* is not helpful to Movants. In *Handelman*, a member of a law firm was appointed to represent a SIPA trustee. Acting for that SIPA trustee, an associate with that same law firm participated in the deposition of former officers and directors of the failed broker-dealer in the SIPA liquidation proceeding. The associate left the law firm, formed his own law practice, and agreed to represent certain customers of the failed broker-dealer in litigation against the failed broker-dealer. The *Handelman* court found that the former associate's representation of the SIPA trustee, followed by his new firm's representation of the former customers "created at the very least, the appearance of impropriety." *Id.* at 263. In short, *Handelman* is irrelevant to the matter at hand.

Movants' mention of *In re Lloyd Securities, Inc.*, 163 B.R. 242 (Bankr. E.D. Pa. 1994), *aff'd in part, rev'd in part on other grounds,* 183 B.R. 386 (E.D. Pa. 1995), *aff'd,* 75 F.3d 853

11

(3d Cir. 1996), is similarly unavailing.  Instead, the *Lloyd* court makes clear that SIPC is "not a governmental agency… it cannot take advantage of the implicit deference which must be accorded to federal agencies' interpretations of their own pertinent statutory schemes and operative administrative regulations." *Id*. at 253.

Movants' reliance upon *SIPC v. Barbour*, 421 U.S. at 420, is equally puzzling.  SIPA clearly mandates SIPC's obligations to be scrutinized by the SEC, to report to Congress and the President, and to make available its books and records to the SEC and Comptroller General. *Barbour* references to SIPA do not support Movants' assertion that the Order is irreconcilable with *Barbour*.

Finally, Movants' reference to Congress, particularly to Congressman Scott Garrett of the House Subcommittee on Capital Markets, Insurance, and Government-Sponsored Enterprises, also offers no support.  Movants have attached SIPC's September 13, 2013 response to the Subcommittee's August 30, 2013 letter to SIPC as Exhibit L to the Declaration of Helen Davis Chaitman (Chaitman Dec. L).  Of particular relevance to the Motion is SIPC's response to the Subcommittee's Request No. 10. *See* Chaitman Dec. L at 8.  SIPC's Response addresses many statements in the Motion. For purposes of clarity, SIPC's Response is presented here in full:

> The aggregate amount paid for professional services by the Trustee and his counsel is provided in the response to Request No. 8 above.
>
> Pursuant to a methodology developed, and refined, since the inception of SIPC, the legal department of the Corporation reviews all time and billing records of any trustee and counsel designated by SIPC and appointed by the courts.  This procedure has been followed in the BLMIS case.  SIPC has reviewed all of Mr. Picard's time records for which he has sought compensation, and all time records by the legal professionals at Baker & Hostetler.  In the course of its review, SIPC staff has questioned services rendered and/or amounts billed, and where appropriate, adjustments to amounts sought have been made.
>
> Fee applications filed by SIPA trustees and their counsel are public.  Pursuant to 15 U.S.C. 78eee(b)(5)(C), SIPC has filed a Recommendation with the Bankruptcy

Court with respect to each fee application by the Trustee and counsel in the BLMIS case. SIPC is satisfied that the work for which compensation has been court-approved has been necessary and appropriate. The Bankruptcy Court has made its own independent assessments and has agreed. The very few objections to the fee applications in this high profile case have been overruled by the Bankruptcy Court and its rulings upheld by the District Court.

SIPC has not asked for the details of how Baker & Hostetler divides the fees paid to the Trustee and counsel. Under 15 U.S.C. 78eee(b)(3), "[t]he persons appointed as trustee and as attorney for the trustee may be associated with the same firm." Furthermore, while sharing of compensation generally is prohibited in bankruptcy, sharing is allowed between members of a professional association or partnership. See 11 U.S.C. § 504(b)(1), 503(b)(2) and 330(a)(1). See also Bankruptcy Rule 2016 (excluding from a fee application "details of any agreement by the applicant for the sharing of compensation as a member… of a firm of lawyers…"). Given the fact that SIPC has very closely reviewed the work done and the billings, how the fees are divided is not relevant to whether the work was done correctly and efficiently.

It should be noted that an extensive review of SIPC's fee review procedures, among other topics, was conducted by the SEC's Office of Compliance Inspections and Examinations and Division of Market Regulation, and that a report thereon was issued on April 30, 2003. A number of recommendations respecting fee review were made by the SEC staffs in their report. All of the recommendations were adopted and implemented by SIPC. The SEC did not recommend that SIPC seek access to information as to how fees are shared between a trustee and counsel.

No due process violations flow from the appointment of SIPA trustees by federal district courts, much less from the court-ordered compensation of such trustees.

## C. Interlocutory Review Will Not Terminate Any Litigation Connected With the BLMIS SIPA Liquidation Proceedings

Finally, granting the Movants leave to appeal would not in any way advance the termination of any litigation connected with the BLMIS liquidation. On the contrary, it would force the BLMIS estate to incur additional fees and costs to defend against frivolous actions and would require the Trustee to divert time, attention, and resources away from the recovery of property for customers who have yet to be satisfied in full, in addition to wasting the resources of

the Court.  In short, granting the Movants' motion would impede, not materially advance, the termination of the BLMIS liquidation and connected litigation, including the Trustee's pursuit of assets.

At bottom, the fee structure of which the Movants complain, namely, that SIPA trustees are to be compensated from the debtor's general estate and if insufficient, from funds advanced by SIPC, and that trustees and their counsel may be associated with the same firm, are measures expressly provided in SIPA.  With good reason, grounded as it is in both the commerce and bankruptcy powers, U.S. CONST. art. I, § 8, cl. 3 and cl 4, SIPA consistently has withstood constitutional challenge.  *Exchange National Bank of Chicago v. Wyatt*, 517 F.2d 453, 459 (2d Cir. 1975).  *See First Federal Savings & Loan Assoc. of Lincoln v. Bevill, Bresler & Schulman, Inc. (Matter of Bevill, Bresler & Schulman, Inc.*), 59 B.R. 353, 377 (D.N.J.) ("SIPA, as amended, does not violate the Due Process Clause of the Fifth Amendment"), *appeal dismissed*, 802 F.2d 445 (3d Cir. 1986); *McKenny v. McGraw* (*In re Bell & Beckwith*), 104 B.R. 842, 860 (Bankr. N.D. Ohio 1989) (As SIPA is "a public program designed to adjust the benefits and burdens of economic life to promote the common good … the Court finds that SIPA is not unconstitutional under the Fifth Amendment."), *aff'd*, 937 F.2d 1104 (6th Cir. 1991).  No different outcome is warranted here, given the important public interest purposes served by SIPA, the opportunities afforded by SIPA to challenge the disinterestedness of SIPA trustees and compensation sought by them, and finally, the many safeguards surrounding the allowance of compensation to trustees, through the review by both SIPC and the Court of fee applications, and the opportunity of creditors to object, upon notice and hearing.

The arguments made by the Movants are not novel.  They have been raised before in this liquidation proceeding and failed.  *See In re Madoff*, 2010 WL 3260074, at *4 (S.D.N.Y. 2010)

(rejecting the same due process argument as raised here), *citing SEC v. Oxford Securities, Ltd*, 486 F.2d 1396 (2d Cir. 1973).

If the suits brought by the Trustee lack merit, the Movants will have the opportunity to prove that in the proceedings. Their Motion now is no more than a transparent attempt by the Movants to delay and derail the suits against them. The valuable time and resources of this Court should not continue to be wasted.

## **CONCLUSION**

For all of the aforementioned reasons, the Motion for Leave to Appeal should be denied.


Dated:  April 14, 2016
Washington, D.C.

Respectfully submitted,

JOSEPHINE WANG
General Counsel


__*/s/Kevin H. Bell*_____
KEVIN H. BELL
Senior Associate General Counsel for Dispute
Resolution

SECURITIES INVESTOR PROTECTION
CORPORATION
1667 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org