## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | |
| | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | (Substantively Consolidated) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro. No. 10-04898 (SMB) |
| Plaintiff, | Appeal No. _____ |
| v. | |
| HELENE SAREN-LAWRENCE, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO APPEAL AND FOR A STAY PENDING APPEAL

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com

*Attorneys for Defendant Helene Saren-Lawrence and James Lawrence*

{00019493 1 }

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... i

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................................... 3

    I.    The Trustee is using Fed. R. Civ. P. 45 to circumvent Rule 8 pleading standards............. 3

    II.   Valley National produced all records relevant to this litigation ......................................... 4

    III.  The Trustee served requests for admissions and Defendant admitted all relevant transfers................................................................................................................................. 5

    IV.  The Trustee has all records that evidence transfers from BLMIS to Defendant ............... 5

    V.   The Discovery Motions and the Bankruptcy Court's Order................................................ 6

LEGAL STANDARD.................................................................................................... 7

ARGUMENT ................................................................................................................. 8

    I.    The Order presents a controlling question of law ............................................................. 8

    II.   There are substantial grounds for difference of opinion as to whether the Order was correct ................................................................................................................................. 8

            A.    Movants have standing to challenge the production of their personal financial records on grounds of relevancy ................................................... 9

            B.    The Order conflicts with Rule 26 because it unreasonably violates constitutionally protected privacy interests in personal and confidential bank records ............................................................................................ 12

            C.    The Order violates the Supreme Court mandate barring discovery to frame a complaint ..................................................................................... 13

            D.    The Order conflicts with authority limiting the use of Federal Rule of Bankruptcy Procedure 2004 when an adversary proceeding is commenced ....................................................................................... 14

    III.  An immediate appeal from the Order could significantly affect the conduct of the action.. .............................................................................................................................. 15

    IV.  An immediate appeal from the Order is warranted given its impact on hundreds of other actions ............................................................................................................................... 15

CONCLUSION............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Communications Corp.*,
    333 B.R. 649 (S.D.N.Y. 2005)......................................................................................7

*In re Akanmu*,
    502 BR 124 (Bankr. E.D.N.Y. 2013).........................................................................14

*In re Alper Holdings, Inc.*,
    398 B.R. 736 (S.D.N.Y.2008)....................................................................................14

*Arias-Zeballos v. Tan*,
    2007 WL 210112 (S.D.N.Y. Jan. 25, 2007) ............................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................13

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013).........................................................................8

*Carey v. Berisford Metals Corp.*,
    1991 WL 44843 (S.D.N.Y. Mar. 28, 1991) .............................................................10

*Chazin v. Lieberman*,
    129 F.R.D. 97 (S.D.N.Y. 1990) ................................................................................10

*DD v. Lincoln Hall*,
    2010 WL 69502 (S.D.N.Y. Feb. 19, 2010)..............................................................14

*Eisemann v. Greene*,
    1998 WL 164821 (S.D.N.Y.1998).............................................................................11

*In re Enron Corp.*,
    281 B.R. 836 (Bankr. S.D.N.Y. 2002) ......................................................................15

*In re Facebook, Inc.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014).........................................................................8

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    2006 WL 2642192 (S.D.N.Y. Sept. 13, 2006)........................................................12

*German v. Fed. Home Loan Mortgage Corp.*,
    896 F. Supp. 1385 (S.D.N.Y. 1995)............................................................................7

*Glatt v. Fox Searchlight Pictures Inc.*,
2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) ......................................................................8

*In re Glitnir banki hf.*,
2011 WL 3652764 (Bankr. S.D.N.Y. Aug. 19, 2011) ...........................................................12

*Haber v. ASN 50th St., LLC*,
272 F.R.D. 377 (S.D.N.Y. 2011) .........................................................................................13

*KBL Corp. v. Arnouts*,
646 F. Supp. 2d 335 (S.D.N.Y. 2009) ..................................................................................13

*Kirschner v. Klemons*,
2005 WL 1214330 (S.D.N.Y.  May 19, 2005) .....................................................................13

*Klinghoffer v. S.N.C.*,
921 F.2d 21 (2d Cir. 1990) ...................................................................................................15

*Koch v. Greenberg*,
2009 WL 2143634 (S.D.N.Y. 2009) .....................................................................................13

*Kramer v. Lockwood Pension Services, Inc.*,
653 F. Supp. 2d 354 (S.D.N.Y. 2009) ..................................................................................16

*McVane v. Federal Deposit Ins. Corp.*,
44 F.3d 1127 (2d Cir. 1995) .................................................................................................12

*Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*,
591 F.2d 174 (2d Cir. 1979) .................................................................................................15

*Primavera Familienstifung v. Askin*,
139 F.Supp.2d 567 (S.D.N.Y.2001) .......................................................................................8

*Romea v. Heiberger & Assocs.*,
988 F. Supp. 715 (S.D.N.Y. 1998) .......................................................................................15

*Sec. Investor Prot. Corp. v Bernard L. Madoff Inv. Sec. LLC (In Re Madoff Sec.)*,
531 B.R. 439 (Bankr. S.D.N.Y. 2015) .............................................................................3, 13

*SEC v. Credit Bancorp, Ltd.*,
103 F. Supp. 2d 223 (S.D.N.Y. 2000) ..................................................................................15

*Sierra Rutile Limited v. Katz*,
1994 WL 185751 (S.D.N.Y.1994) ........................................................................................11

*Solow v. Conseco, Inc.*,
2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) .........................................................................10

*Syposs v. United States*,
    181 F.R.D. 224 (W.D.N.Y. 1998)......................................................................11

*Thule AB v. Advanced Accessory Holdings Corp.*,
    2010 WL 1838894 (S.D.N.Y. May 4, 2010) ........................................................14

*Young v. Paramount Comm'ns Inc.*,
    186 B.R. 803 (S.D.N.Y. 1995).............................................................................7

**Statutes**

28 U.S.C. § 158(a) .........................................................................................................1

28 U.S.C. § 1292(b) .......................................................................................................7


**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................3, 6, 13, 14

Fed. R. Civ. P. 8(a) .....................................................................................................13

Fed. R. Civ. P. 26 ................................................................................................ *passim*

Fed. R. Civ. P. 26(b)(1)........................................................................................9, 10, 11

Fed. R. Civ. P. 26(b)(2)(C) ...........................................................................................9

Fed. R. Civ. P. 45 ................................................................................................ *passim*

Fed. R. Civ. P. 45(c)(3)(B)(i)........................................................................................11

Fed. R. Bank.  P. 2004 ........................................................................................ *passim*

Fed. R. Bank. P. 8003…………………………………………………………………...1

Fed. R. Bank. P. 8004…………………………………………………………………...1

Pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure 8003 and 8004, Defendant Helene Saren-Lawrence (the "Defendant") and her non-defendant husband, James Lawrence (collectively, the "Movants"), submit this memorandum of law in support of their motion (the "Motion") for leave to appeal the April 4, 2016 Order of the Bankruptcy Court (Bernstein, J.) (the "Order," attached to the Declaration of Helen Davis Chaitman as Exhibit A), implementing the Bankruptcy Court's March 23, 2016 bench ruling compelling Valley National Bank to comply with the Trustee's subpoena of Movants' joint bank account records, which consist primarily of James Lawrence's personal and confidential financial records having no relevance to the Trustee's claims against Defendant other than to allow the Trustee to go on a fishing expedition for information to which he would be entitled if, and only if, he obtains a judgment against Defendant and Defendant fails to pay that judgment.

The Order is unprecedented and irreconcilable with established law. The Bankruptcy Court suggested that the Trustee may circumvent the prohibition against taking discovery to frame a complaint through the use of *ex parte* discovery under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") even though the Complaint has been filed. Unless corrected, the Order will be applied to hundreds of parties in scores of similar cases currently in the early stages of discovery in the Bankruptcy Court.

The Bankruptcy Judge granted a fourteen (14) day stay from the entry of the Order so that Movants could appeal. Movants request that this Court also enter a stay pending appeal in order to prevent irreparable harm.

## PRELIMINARY STATEMENT

On January 7, 2016, the SIPC Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC, Irving H. Picard (the "Trustee"), served a subpoena *duces tecum* on Valley

National Bank ("Valley National") demanding the unredacted and unlimited production of Defendant's bank records from December 1, 1992 to December 11, 2008 (the "Subpoena") purportedly to establish transfers to and from Defendant's Madoff account.  (*See* ECF[1] No. 50, Ex. A, attached to Chaitman Dec. at Ex. B).  Movants maintain a joint account at Valley National and the overwhelming majority of the bank records relate only to the personal financial transactions of James Lawrence and are, therefore, entirely irrelevant to the Trustee's claims against Defendant.

Valley National produced, in response to the Subpoena, redacted records showing all transfers between Defendant and Madoff, thus fulfilling the Trustee's legitimate inquiry.  The only information not produced is information reflecting Movants' personal financial information, which the Trustee has no legitimate right to.  It is fundamental that a litigant is not entitled to take discovery in order to frame a complaint for post-judgment relief and yet that is precisely what the Bankruptcy Court is allowing the Trustee to do.  Thus, compliance with the Subpoena would result in the production of only personal and confidential financial records to which the Trustee is not entitled.

The Order is based upon a flawed Rule 26 analysis because the Court refused to consider Movants' relevancy challenge to the Subpoena.  The Bankruptcy Court started from the incorrect premise that Movants lacked standing to challenge the Subpoena on grounds of relevance – despite the fact that the subpoenaed records contain Movants' personal financial records.  But this is simply incorrect and inconsistent with well-established law.  The Bankruptcy Court conflated Movants' threshold responsibility under Article III to establish standing with the Bankruptcy Court's obligation under Rule 26 to protect against irrelevant and unreasonably burdensome

---

[1]  All ECF references in this Memorandum are to *Picard v. Saren-Lawrence*, Adv. Pro. No. 10-04898 (Bankr. S.D.N.Y.).

discovery.  The Bankruptcy Court's flawed analysis is inconsistent with the law and, unless

corrected, will be applied in every adversary proceeding brought by the Trustee.

Perhaps even more erroneous was the Bankruptcy Court's suggestion that the Trustee may

use secret, *ex parte* discovery pursuant to Rule 2004 to subpoena the bank records of defendants

in all of the clawback actions in order to frame viable complaints against subsequent transferees.

This is contrary to clearly established law.  Accordingly, the Motion should be granted to correct

errors that impact hundreds of cases pending in the Bankruptcy Court.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**I.**     **The Trustee is using Fed. R. Civ. P. 45 to circumvent Rule 8 pleading standards**

On December 2, 2010, the Trustee filed an adversary proceeding against Defendant seeking

the avoidance of alleged fictitious profits transferred from BLMIS to Defendant, an innocent

investor in the Bernard L. Madoff Ponzi scheme.  (*See* ECF No. 1, attached to Chaitman Dec. as

Exhibit C).   In December 2010, the Trustee filed approximately 1,000 similar adversary

proceedings against innocent customers of Madoff and against alleged subsequent transferees of

Madoff customers.

On June 2, 2015, by omnibus memorandum, the Bankruptcy Court dismissed the Trustee's

claims against subsequent transferees in numerous adversary proceedings, finding the Trustee's

"barebones allegations" unsupported by sufficient factual information to satisfy the Federal Rule

of Civil Procedure 8 pleading standard.  *See Sec. Investor Prot. Corp. v Bernard L. Madoff Inv.*

*Sec. LLC (In Re Madoff Sec.)*, 531 B.R. 439, 472-74 (Bankr. S.D.N.Y. 2015).  The Trustee then

commenced a fishing expedition for the information that would be necessary to state claims against

subsequent transferees by serving expansive subpoenas on the defendants' banks.   While the

Trustee originally pretended he needed the subpoenaed information to establish transfers to and

from Madoff, it soon became apparent that he was pressing for production even in cases – as in this case – where there is no dispute as to the transfers to and from Madoff because, for example, in this case Valley National produced all records of such transfers.

## II.    <u>Valley National produced all records relevant to this litigation</u>

On January 7, 2016, the Trustee served the Subpoena on Valley National, demanding the unredacted and unlimited production of Movants' personal bank records from December 1, 1992 to December 11, 2008.  (*See* Chaitman Dec. Ex. B).  The bank account that is the subject of the Subpoena is a joint account owned by both Defendant and James Lawrence.  (*See* Declaration of James Lawrence, February 22, 2016 ¶ 2).   Valley National's records for the subpoenaed account go back only to January 2007.  Since December 2006, only Mr. Lawrence – not Defendant – has been employed and therefore nearly all of the deposits in the subpoenaed Valley National account are derived solely from Mr. Lawrence's own – entirely-non-Madoff-related – activities.  (*See id.* ¶ 2-3).

On January 25, 2016, Valley National produced bank records – bank statements, deposited items, and checks – evidencing ***all*** transfers to and from Movants' account and BLMIS between January 2007 and December 2008.  (*See* ECF No. 45, Ex. A, attached to Chaitman Dec. as Ex. D).[2]  Thus, there are no additional records that Valley National can produce that would be relevant to the Trustee's claims against Defendant.  The only use of the remaining bank records would be to frame complaints against subsequent transferees, but this is plainly impermissible.   During a

---

[2]  Valley National, as per its routine destruction policies, does not have records relating to Movants' accounts prior to January 2007.  Valley National was able to retrieve only monthly statements for January 2007 through June 2007 but was able to retrieve statements, deposited items and checks for the period July 2007 through December 2008.  (*See* Chaitman Dec. Ex. D).

March 1, 2016 conference, this Court stayed compliance with the Subpoena pending further court order.

### III.    The Trustee served requests for admissions and Defendant admitted all relevant transfers

On a series of occasions, the Trustee represented that he "would hold the subpoenas for cases handled by Ms. Chaitman in abeyance for 30 days from the Trustee's service of requests for admissions to **provide the Defendants an opportunity to admit to the relevant transfers and relevant account activity**." (*See* ECF No. 49, Ex. 1, attached to Chaitman Dec. as Ex. E) (emphasis added). The Bankruptcy Court, during a February 11, 2016 conference, articulated this understanding of the Trustee's agreement as follows: "[the Trustee's] intention was to serve the subpoenas and then **hold compliance in abeyance to give the party an opportunity, you [Defendant] or anybody else, an opportunity to either enter into a stipulation of facts, admit in response to notices of admission or at least narrow the area of dispute."** (*See* February 11, 2016 Transcript at 6:10-15, attached to Chaitman Dec. as Ex. F) (emphasis added). On February 3, 2016, Defendant served Amended Responses to the Trustee's Requests for Admissions ("RFAs"), which clearly state that Defendant does **not** dispute the Trustee's records of deposits and withdrawals for the period from 2001 to the present to the extent they are consistent with the records subpoenaed from Defendant's accountant, Friedman LLP. (*See* ECF No. 51, Ex. B ¶¶ 1-5, 10-15, attached to Chaitman Dec. as Ex. G).

### IV.    The Trustee has all records that evidence transfers from BLMIS to Defendant

The Trustee admits that he has records of all transfers between BLMIS and Defendant's Valley National bank account. (*See* Declaration of Lisa Collura, July 14, 2015 ¶ 19, attached to Chaitman Dec. as Ex. H). Indeed, the Trustee himself states that "the debtor's books and records are sufficient proof of his claims and he will prevail at trial on that evidence alone." (ECF No. 58

at 10 n. 5, attached to Chaitman Dec. as Ex. I). In addition, of course, Valley National has produced

all of its records relating to transfers between Defendant and BLMIS. Thus, there is no remaining

legitimate reason to compel production of Valley National's records.

Nonetheless, even after (a) Valley National has produced all records relevant to this case,

(b) Defendant has admitted all transfers from 2001 to the present, and (c) the Trustee has all records

sufficient to prove his case, the Trustee informed Valley National on February 18, 2016 and

February 22, 2016 that it must comply with the Subpoena by February 24, 2016.

**V.       The Discovery Motions and the Bankruptcy Court's Order**

On February 23, 2016, the Trustee filed a motion to compel Valley National to comply

with the Subpoena. (ECF No. 57). On February 25, 2016, Movants filed a Motion to Quash and

for a Protective Order (ECF No. 63) (together, with the Trustee's Motion to Compel, the

"Discovery Motions"). On March 3, 2016, Movants filed an Order to Show Cause requesting a

stay of compliance with the Subpoena until the Discovery Motions were resolved. (ECF No. 75).

On March 23, 2016, the Bankruptcy Court heard oral argument on the Discovery Motions

and made a bench ruling denying Movants' motion and granting the Trustee's motion. The

Bankruptcy Court started with the legally incorrect premise that "a party lacks standing to

challenge subpoenas issued to non-parties on grounds of relevancy or undue burden." (*See* March

23, 2016 Transcript at 57:21-23, attached to Chaitman Dec. as Ex. J). The Court therefore

determined that Movants lacked standing to argue that the Trustee was seeking to circumvent Rule

8 by using the Subpoena to obtain evidence of subsequent transferees (*see id.* at 57:5-58:3, 60:11-

13)[3] – even though such evidence is completely irrelevant to, and unsupported by, the allegations

---

[3] (*See also* Transcript at 57:5-10) ("[T]he defendants cannot quash the subpoenas on the basis that
the bank disclosures might [reveal subsequent transfer information]. They argue that the

in the Complaint. From this mistaken premise, the Bankruptcy Court conducted an entirely flawed analysis, citing only Rule 45 and ignoring Rule 26, which does not blindly permit discovery into irrelevant information. On the contrary, under Rule 26, courts must weigh – on their own initiative – the competing considerations contained in Rule 26 to evaluate whether, for what reason, to what extent, and under what circumstances an intrusion into Movants' constitutionally protected privacy interests is justified. The Bankruptcy Court also suggested that, in any event, Rule 2004 could be used to obtain information relating to subsequent transferees and therefore concerns about improper discovery were potentially overstated. (*See id.* at 19:11-20:10, 23:3-14, 42:16-45-7, 27:9-28:13). This, as well, was a clear error of law.

## **LEGAL STANDARD**

District courts generally apply the standards set forth in 28 U.S.C. § 1292(b) when determining whether to exercise their discretion to grant leave to appeal from an interlocutory order of the Bankruptcy Court. *See, e.g.*, *In re Adelphia Communications Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005). A court may exercise its discretion to grant leave to appeal where the order: (1) "involves a controlling question of law," (2) as to "which there is a substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Young v. Paramount Comm'ns Inc.*, 186 B.R. 803, 806 (S.D.N.Y. 1995). The granting of a permissive interlocutory appeal is particularly appropriate "where appellate review might avoid protracted and expensive litigation," *see German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995), or where a party will have no meaningful opportunity to appeal after the entry of a final order.

---

information is irrelevant, either because the complaint did not assert a subsequent transfer claim, or if they did, the claim was dismissed.").

## ARGUMENT

### I.    The Order presents a controlling question of law

In determining whether a controlling question of law exists, the district court should consider whether reversal "could significantly affect the conduct of the action" or if "the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 570 (S.D.N.Y.2001)).  The Order presents the following controlling questions of law:

> 1.  Whether a person whose private financial records are subpoenaed has standing to challenge the subpoena on relevancy grounds; and
>
> 2.  Whether a bankruptcy trustee can circumvent the clear law barring discovery in order to obtain the facts necessary to frame a complaint through the use of Rule 2004 discovery **after the trustee has already filed the complaint.**

### II.    There are substantial grounds for difference of opinion as to whether the Order was correct

"A substantial ground for difference of opinion exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression. . . .'" *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 539 (S.D.N.Y. 2014) (citation omitted); *id.* at 533 (finding that substantial ground for difference of opinion existed given "conflicting authority on the issue"); *Capitol Records, LLC v. Vimeo, LLC*,  972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).  In this case, the law clearly establishes that the Bankruptcy Court erroneously determined that Movants could not challenge the Subpoena on grounds of relevancy.  As a result, the Bankruptcy Court conducted an improper analysis and is thereby compelling the production of a huge universe of entirely irrelevant and duplicative information while invading Movants' constitutionally protected privacy interests without regard to why that information is being sought.  In addition, the law is clear that

the Trustee cannot take discovery to frame a complaint against a subsequent transferee after he has filed the Complaint.

A.    <u>Movants have standing to challenge the production of their personal financial records on grounds of relevancy</u>

The Bankruptcy Court acknowledged that Movants have standing to object to the Subpoena of their personal financial information on "privacy grounds," (March 23, 2016 Transcript at 59:1-2), but held that Movants "lack standing to challenge subpoenas issued to non-parties on grounds of relevancy or undue burden." (*Id.* at 57:21-23). Therefore, according to the Bankruptcy Court, Movants **"lack standing to quash subpoenas . . . on the theory that the bank records contained irrelevant subsequent transfer information."** (*See id.* at 57:25-58:3) (emphasis added).

This finding is in conflict with established law because the Court conflated <u>Movants' threshold burden</u> to establish standing <u>with</u> the <u>Court's obligation</u>, once finding that standing is established, to weigh the relevancy of the total universe of the subpoenaed records, pursuant to the guidelines outlined by Federal Rule of Civil Procedure 26, against the massive intrusion into Movants' constitutionally protected privacy interests, and to otherwise sensibly control the scope of discovery under Rule 26. It is self-evident that the lesser the relevance of the documents being sought, the lesser is the justification for any intrusion into Movants' personal privacy interests. This is precisely why Rule 26 requires courts to make this inquiry.

As an initial matter, the Court must *sua sponte* prevent discovery into irrelevant information because irrelevant information is outside the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may [only] obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense . . . .") (emphasis added). Under Federal Rule of Civil Procedure 26(b)(2)(C), "**on motion or on its own, the court must limit** the frequency or extent of discovery otherwise allowed . . . if **it** determines that the proposed discovery is outside the scope permitted

by Rule 26(b)(1)." (emphasis added). Likewise, Federal Rule of Civil Procedure 26(b)(1) further

provides that **"on motion or on its own, the court must limit**" discovery if it determines that "the

discovery sought is unreasonably cumulative or duplicative." *Id.* (emphasis added).

Thus, the plain text of Federal Rule of Civil Procedure 26 indicates that the Court conflated

Movants' threshold standing requirement with the Court's obligation to limit irrelevant,

burdensome, and cumulative discovery. The Trustee is seeking irrelevant information and trial

courts are plainly required to police this. Thus, the Bankruptcy Court did not follow the directive

in Rule 26 to put sensible limitations on discovery into irrelevant information. Instead, the

Bankruptcy Court resorted to a flawed and cursory standing analysis to deny Movants' challenge.

Once it was established that Movants had standing to challenge the Subpoena, Rule 26

necessarily required the Court to weigh the relevancy of the documents being sought and to limit

the scope of discovery accordingly. *See Solow v. Conseco, Inc.,* 2008 WL 190340, at *4 (S.D.N.Y.

Jan. 18, 2008) ("Having determined that Macklowe has standing to object to the subpoena, the

next inquiry requires weighing the relevance or probative value of the documents being sought

against the privacy interests Macklowe has asserted."); *Carey v. Berisford Metals Corp.*, 1991

WL 44843, at *8 (S.D.N.Y. Mar. 28, 1991) (weighing the relevancy of information sought, as part

of a Rule 26 analysis, after considering party's argument that subpoena served on non-party bank

seeking financial records was "irrelevant, unduly burdensome and personally intrusive" and

ultimately limiting discovery into only relevant information); *Chazin v. Lieberman*, 129 F.R.D.

97, 98 (S.D.N.Y. 1990) (first considering whether defendants had standing to challenge subpoenas

served on third-party banks seeking financial records relating to defendants and their families, and

then, after finding that standing was established, considering defendants' relevancy objection to

the subpoenas and "impos[ing] limitations on the subpoenas so as to restrict their scope to material

that pertains to the acts specified in the complaint").

Moreover, the Bankruptcy Court ignored Rule 26 entirely in its standing analysis, and cited

only Rule 45 as grounds for challenging a third-party subpoena, (*see* March 23, 2016 Transcript

at 57:11-58:3), even though the "reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is

subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."

*Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) (citing *Eisemann v. Greene,* 1998

WL 164821, at *2 (S.D.N.Y.1998) (granting motion to quash on ground that requested information

was of "doubtful and tangential relevance")); *see also Sierra Rutile Limited v. Katz,* 1994 WL

185751, at *2 (S.D.N.Y.1994) (Fed. R. Civ. P. 45(c)(3)(B)(i) allows the court to quash, modify or

condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly

harmful disclosures of confidential information).

The Bankruptcy Court thus plainly erred when it failed to confront Movants' challenge that

the Subpoenas were seeking a vast amount of irrelevant information – for the improper purpose of

framing a complaint against subsequent transferees – and to seriously consider whether, therefore,

there is a legitimate justification for the Subpoena's intrusion into Movants' privacy interests.  Had

the Court not erred in its analysis, it should have limited discovery because there is plainly no

legitimate purpose for the Subpoena.[4]

---

[4] To the extent the Bankruptcy Court found the records relevant to Defendant's affirmative defense
of a tax offset, Defendant has already indicated that she would produce whatever documents are
relevant to this defense.  It is Defendant's obligation to produce these documents during discovery
or forfeit this affirmative defense.  Moreover, the Bankruptcy Court correctly noted that Defendant
is "no longer asserting this defense for any period after 2003, because the government granted . . .
relief [for those years]."  (*See* March 23, 2016 Transcript at 58:12-15).  Valley National only has
records from 2007 to 2008 and therefore _no_ document that would be produced in response to the
Subpoena would be relevant to this affirmative defense.

B.    The Order conflicts with Rule 26 because it unreasonably violates constitutionally protected privacy interests in personal and confidential bank records

Individuals have a constitutionally protected privacy right to prevent "disclosure of personal matters." *McVane v. Federal Deposit Ins. Corp.,* 44 F.3d 1127, 1136 (2d Cir. 1995) (citations omitted).  This constitutional right includes protection of bank records to prevent unwarranted intrusions" into their personal lives.  *See, e.g.*, *Arias-Zeballos v. Tan*, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (citing cases).  Subpoenas demanding bank records should be quashed when they seek information that is irrelevant to pending claims.  *See, id.*, at *2 (quashing subpoena seeking financial records relating to claim that was stricken from complaint); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) ("To permit Citigroup to obtain, through a subpoena to a non-party, documents that we have already determined irrelevant would permit it to circumvent our prior decision.").

Even subpoenas of relevant bank records should be quashed or modified when their relevance is outweighed by the intrusion they impose on personal privacy interests.  *See* Fed. R. Civ. P. 26, 45 (relevant considerations cited *supra*).  Thus, "[w]hen a subpoena seeks the production of an individual's personal financial information, **the court** must balance the relevance of the information sought against the intrusion into the affected individual's privacy interests." *In re Glitnir banki hf.,* 2011 WL 3652764, at * 5 (Bankr. S.D.N.Y. Aug. 19, 2011) (granting, in part, motion to quash subpoena of husband and wife's personal financial information) (emphasis added).

Here, Rules 26 and 45 plainly protect Movants' constitutional privacy interest.  The Subpoena will result in the production of a vast universe of irrelevant personal financial information even when: (a) Valley National has already produced to the Trustee all records evidencing transfers to and from BLMIS from Defendant's subpoenaed accounts, (b) Defendant

has not disputed the Trustee's records of deposits and withdrawals for the period from 2001 on, to the extent they are not inconsistent with the records subpoenaed from Defendant's accountant, Friedman LLP, and (c) the Trustee has all records that would evidence transfers to and from BLMIS and Defendant's bank account.

Thus, there is no legitimate justification for the Order. *See* Fed. R. Civ. P. 26 (district court "**must** limit the frequency or extent of discovery otherwise permitted if . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive") (emphasis added); *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (quashing subpoena as duplicative of other discovery requests); *Koch v. Greenberg*, 2009 WL 2143634, at *3-6 (S.D.N.Y. 2009) (modifying subpoena requests to the extent they were irrelevant or unnecessarily duplicative of other requests); *Kirschner v. Klemons,* 2005 WL 1214330 (S.D.N.Y., May 19, 2005) (quashing three subpoenas of experts as seeking irrelevant or redundant information).

C.    The Order violates the Supreme Court mandate barring discovery to frame a complaint

The Bankruptcy Court ignored the Supreme Court mandate that a party cannot use discovery to obtain the facts necessary to frame a complaint. By omnibus memorandum opinion dated June 2, 2015, the Bankruptcy Court held that the Trustee's "barebones allegations of subsequent transfer are insufficient" to meet Federal Rule of Civil Procedure 8(a), and they would be dismissed. *See In Re Madoff Sec.*, 531 B.R. 439, 472-74. The Trustee now attempts to use the subpoena power conferred by Fed. R. Civ. P. 45 as an end-run around Rule 8's pleading standards.

But the Trustee is not permitted to take discovery in order to frame a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("Because the Respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *KBL Corp. v. Arnouts*, 646

F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) ("[T]hat the plaintiff might be able to 'piece together'

the elements of a claim after discovery is insufficient to justify leave to amend. Discovery is

unwarranted where it would function as a 'fishing expedition for evidence in search of a theory

that has yet to be asserted.'") (quoting *In re Alper Holdings, Inc.,* 398 B.R. 736, 754

(S.D.N.Y.2008)); *Thule AB v. Advanced Accessory Holdings Corp.,* 2010 WL 1838894, at *4

(S.D.N.Y. May 4, 2010) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions.") *reconsideration granted on other grounds,* 2010 WL

2287012 (S.D.N.Y. June 1, 2010); *DD v. Lincoln Hall*, 2010 WL 69502, at *12 (S.D.N.Y. Feb.

19, 2010) ("Plaintiffs' argument that their claims should be stayed pending discovery would

contravene *Iqbal*'s command that mere conclusions are insufficient to 'unlock the doors of

discovery.'"). Thus, the Order, which permits the Trustee to obtain evidence to frame complaints

against subsequent transferees, is an attempted end-run around Federal Rule of Civil Procedure 8

and the mandates of the Supreme Court.

D.    <u>The Order conflicts with authority limiting the use of Federal Rule of Bankruptcy
      Procedure 2004 when an adversary proceeding is commenced</u>

The Bankruptcy Court suggested that the Trustee may use Rule 2004 to take *ex parte*

discovery of the clawback defendants' bank accounts in order to obtain the information necessary

to frame complaints against subsequent transferees. (*See* March 23, 2016 Transcript at 27:9-28:8).

But such discovery is absolutely impermissible once a complaint has been filed. Rule 2004 cannot

be used to "add flesh to the bare bones of his complaint," when such discovery was available to

him pre-litigation. *See e.g. In re Akanmu,* 502 BR 124, 137 (Bankr. E.D.N.Y. 2013) ("[T]he

Trustee cannot avoid dismissal of a formulaic, general, fact-free pleading by arguing that he needs

discovery to add flesh to the bare bones of his complaint. This is particularly so given that . . . the

trustee could have obtained discovery prior to the commencement of this case pursuant to

Bankruptcy Rule 2004 to investigate the factual underpinning of his claims."). It is a "well recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Thus, the Bankruptcy Court clearly erred in suggesting that the Trustee use secret, *ex parte* discovery to circumvent Movants' rights.

### III.    An immediate appeal from the Order could significantly affect the conduct of the action

Ordinarily, the remedy for a subpoenaed party not wishing to comply with a subpoena and "wishing to appeal" is "to refuse to answer and subject himself to . . . contempt." *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 591 F.2d 174, 175 (2d Cir. 1979). That contempt order would be immediately appealable. This option is not available for Movants here because it is highly unlikely that Valley National would risk contempt to permit review of the Order. Thus, Movants should be permitted leave to appeal because they have no other ability to challenge the Subpoena. Moreover, because the Bankruptcy Court suggested that the Trustee use secret, *ex parte* discovery of defendants' bank accounts, Defendant will not know what other discovery the Trustee is taking.

### IV.    An immediate appeal from the Order is warranted given its impact on hundreds of other actions

In exercising its discretion, the Court should also "consider the system-wide costs and benefits of allowing the appeal." *Klinghoffer v. S.N.C.*, 921 F.2d 21, 24 (2d Cir. 1990); *see also SEC v. Credit Bancorp, Ltd.,* 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) (court should consider whether issue has "precedential value for a large number of cases") (internal citations omitted); *Romea v. Heiberger & Assocs.,* 988 F. Supp. 715, 717 (S.D.N.Y. 1998) (interlocutory appeal was appropriate where question of law had "broad applicability" and was "of considerable

importance").   An immediate appeal is particularly appropriate where other pending cases will require resolution of similar issues.   *See Kramer v. Lockwood Pension Services, Inc.*, 653 F. Supp. 2d 354, 397-98 (S.D.N.Y. 2009).

The Order conflicts with clearly established law by holding that third-party subpoenas cannot be challenged on grounds of relevancy.  The Order does so by suggesting that the Trustee may use secret, *ex parte* discovery in hundreds of pending adversary proceedings.   These determinations are legal questions of broad applicability and considerable importance. Interlocutory relief is justified under these circumstances.

## CONCLUSION

Movants respectfully request that this Court grant leave to appeal and enter an order staying compliance with the Subpoena pending appeal.

New York, New York                                    **CHAITMAN LLP**
Dated: April 15, 2016

By:      /s/  *Helen Davis Chaitman*
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Helene Saren-Lawrence and James Lawrence*