Peter S. Partee, Sr.
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Telephone: (212) 309-1132

*Counsel for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　Plaintiff-Applicant,<br>　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　　Plaintiff,<br>　　v.<br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br>　　　　　Defendants. | Adv. Pro. No. 10-05257 (SMB)<br><br>**Hearing Date:** T.B.D. |

**ZRAICK DEFENDANTS' MOTION
FOR ENTRY OF AN ORDER (A) CLARIFYING THAT DEFENDANTS
MAY COMMUNICATE WITH THEIR FINANCIAL INSTITUTIONS; AND
(B) DESIGNATING ANY BANK RECORDS PRODUCED IN
<u>RESPONSE TO THE TRUSTEE'S SUBPOENAS AS CONFIDENTIAL</u>**

# **TABLE OF CONTENTS**

Page

I. Preliminary Statement……………………………………………………………………… 1

II. Background…………………………………………………………………………… 3

III. Jurisdiction, Venue and Predicates for Relief.………………………………………………… 3

IV. Relief Requested………………………………………………………………………… 3

V. Basis for Relief Requested……………………………………………………………… 4

    A. The Defendants are Permitted to Communicate with their Banks Regarding the Subpoenas………………................................................. 4

        1. The Feb 19 Order is not Applicable to this Dispute; if it was, the Trustee Would be in Contempt……………............................................… 4

        2. The Gramm-Leach-Bliley Act Prohibits the Banks from Disclosing the Personal Financial Information without Defendants' Consent....................… 5

    B. Any Personal Financial Information that is Disclosed Should be Deemed Confidential ……………………………………................................................. 6

VI. Notice……………………………………………………………………………….. 7

VII. No Prior Request………………………………………………………………………… 7

VIII. Conclusion……………………………………………………………………………… 8

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068 (S.D.N.Y. Jan. 24, 2007) ............................. 7

*Marks v. Glob. Mortg. Grp., Inc.,* 218 F.R.D. 492 (S.D. W. Va. 2003) .......................................... 6

*McVane v. FDIC (In re McVane)*, 44 F.3d 1127 (2d Cir. 1995). ..................................................... 6

*Union Planters Bank, N.A. v. Gavel,* Case No. 02-1224, 2003 U.S. Dist. LEXIS 3820
   (E.D. La. Mar. 11, 2003), ............................................................................................................ 6

*Union Planters Bank, N.A. v. Gavel,* Case No. 369 F.3d 457 (5th Cir. 2004). ................................ 6

### **STATUTES**

15 U.S.C. § 6801(a) ........................................................................................................................ 5

15 U.S.C. § 6802(b) ........................................................................................................................ 2

15 U.S.C. § 6802(e) ........................................................................................................................ 5

Defendants Edward A. Zraick, Jr, Nancy Zraick, Patricia DeLuca and Karen Rich, by and through their undersigned counsel, hereby move (the "Motion") for the entry of an order (a) clarifying that Defendants may communicate with their current or former financial institutions (collectively, the "Banks") regarding Fed. R. Civ. P. 45 subpoenas (the "Subpoenas") served upon them by Plaintiff Irving H. Picard, as Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"); and (b) designing as confidential all documents produced by the Banks in response to the Subpoenas. In support of this Motion, Defendants respectfully represents as follows:

### I. Preliminary Statement

1. Defendants are admitted "good faith" customers of BLMIS that have lost substantially all of their inheritance as a result of the BLMIS SIPA case, and have aggregate alleged exposure to the estate of less than $300,000. The Trustee, in connection with his prosecution of a fraudulent transfer action against these individuals, has served Subpoenas on the Banks demanding all documents concerning the Defendants' accounts, including all of their monthly bank statements and other private financial information, regardless of whether those documents have any connection with BLMIS (collectively, the "Personal Financial Information").

2. In response to the Subpoenas, Defendants advised the Trustee that they would avail themselves of their right under federal law to decline granting permission of the release of Personal Financial Information to the Trustee. Specifically, the Gramm-Leach-Bliley Act, 15 U.S.C. 6801, *et seq.* (the "GLBA") provides that, with certain exceptions, a financial institution may not disclose any nonpublic personal information about a consumer to a nonaffiliated third party unless that consumer opts out of such protection. *See* 15 U.S.C. § 6802(b). The Defendants further reserved their right to communicate their intention to the Banks.

3. The Trustee in response sent to Defendants a copy of this Court's order, entered in a separate adversary proceeding, prohibiting counsel for the defendant in that proceeding from communicating with subpoenaed parties prior to a Court conference on the non GLBA-related disputes at issue. *See* Order, Adv. Pro. No. 10-04989, ECF 56 (February 19, 2016) (the "Feb 19 Order"), a true and correct copy of which is annexed hereto as **Exhibit 1**. Apparently believing that any communications by the Defendants to their Banks in this action would amount to a violation of the Feb 19 Order, Trustee's counsel threatened that if Defendants contravened the order by communicating with the Banks, the Trustee would "act accordingly." *See* Apr. 15, 2016 Email From M. Shifrin, a true and correct copy of which is annexed hereto as **Exhibit 2**.

4. Defendants submit that the Trustee misinterprets the Court's Feb 19 Order, and that no law or prior order of this Court prohibits Defendants from communicating with the Banks regarding the Subpoenas or otherwise. Nevertheless, given the Trustee's latest threat directed at the Defendants, Defendants request an order clarifying that no previous order of this Court bars the Defendants from communicating with the Banks.

5. Additionally, Defendants on March 6, 2016 raised with the Trustee an objection to service of the Subpoenas prior to entry of a reasonable confidentiality order aimed to protect the Personal Financial Information to the extent the Banks disclose such information notwithstanding the GLBA. The Trustee on April 15, 2016 agreed in principle that any responses to the Subpoenas will be deemed confidential, subject to a stipulation to be negotiated, but went forward with service of those Subpoenas. Given (a) past difficulties in obtaining the Trustee's consent even to the most straightforward stipulations and forms of order, and (b) the Trustee's refusal to hold service of the Subpoenas until a stipulation is finalized, the Defendants request such relief be ordered as part of the resolution of this Motion.

2

## II. Background

6.  This adversary proceeding is one of approximately 1,000 adversary proceedings related to the SIPA liquidation of BLMIS, Adv. Pro. No. 08-01789.

7.  On December 6, 2010, the Trustee filed his complaint (as amended, the "Complaint") against the Defendants commencing this adversary proceeding.

8.  On October 9, 2015, the Court entered a stipulated order [ECF 43] dismissing certain of the Trustee's claims in accordance with the Court's June 2, 2015 Memorandum Decision Regarding Omnibus Motions to Dismiss.

9.  On November 6, 2015, Defendants filed their Answer to the Complaint [ECF 44].

10. On March 4, 2016, the Trustee provided notice to the Defendants of his intention to serve Subpoenas on certain of the Defendants' Banks.

## III. Jurisdiction, Venue and Predicates for Relief

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.)*. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicate for the relief requested herein is sections 105(a) of title 11 of the United States Code.

## IV. Relief Requested

13. By this Motion, Defendants request entry of an order, substantially in the form attached hereto as **Exhibit 4** (the "Proposed Order") (a) clarifying that Defendants may communicate with their Banks regarding the Subpoenas served upon them by the Trustee; and (b) designing as confidential any documents produced by the Banks in response to the Subpoenas.

## V. Basis for Requested Relief

**A. The Defendants are Permitted to Communicate with their Banks Regarding the Subpoenas.**

**1. The Feb 19 Order is not Applicable to this Dispute; if it were, the Trustee Would be in Contempt.**

14. The Trustee apparently believes that the Court's Feb 19 Order and related rulings, entered in an adversary proceeding to which the Defendants are not parties, precludes the Defendants from communicating with the Banks regarding the Defendants' rights under the GLBA or otherwise. They do not.

15. The Feb 19 Order states clearly that it prohibits certain communications only from attorneys and employees of "Chaitman LLP" (defendants' counsel in other proceedings). It does not apply to Defendants' counsel.

16. If the Feb 19 Order did apply here, it is the *Trustee*, not Defendants, that would be in violation of such order. While prohibiting certain communications to subpoenaed parties, the Feb 19 Order simultaneously stayed compliance with subpoenas pending completion of a court conference on any disputed issues. *See* Feb 19 Order at 2 ("Pending the completion of the conference, compliance with the subpoena will stayed as to the disputed disclosures"). Upon hearing the Trustee's threat to take action if Defendants attempted to communicate with their Banks, the undersigned requested that the Trustee hold service of the Subpoenas pending completion of a court conference. The Trustee refused. *See* Email Correspondence dated April 15, 2016, a true and correct copy of which is annexed as **Exhibit 3**. A stay of the Subpoenas pending a court conference is especially warranted here given that this proceeding raises GLBA issues that, upon information and belief, have yet to be litigated in other BLMIS-related adversary proceedings.

4

    **2.**     **The Gramm-Leach-Bliley Act Prohibits the Banks from Disclosing the Personal Financial Information without Defendants' Consent.**

17. Defendants have conferred in good faith with the Trustee, and there remains a dispute as to the applicability of the GLBA in connection with the Subpoenas. While the issue is not directly before the Court, Defendants submit that the GLBA prohibits the Banks from responding to the Subpoenas without Defendants' consent.

18. The GLBA imposes strict duties upon financial institutions such as the Banks with respect to the privacy of customer information. *See* 15 U.S.C. § 6801(a) ("It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."). Under the GLBA, financial institutions may not disclose nonpublic personal information to nonaffiliated third parties except in very limited circumstances, which include to:

> comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation subpoena or summons by Federal, State, or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.

15 U.S.C. § 6802(e)(8).

19. While the Trustee argues that the term "judicial process" in section 6802(e)(8) of the GLBA should be stretched to include responses to the Subpoenas, reviewing that section as a whole reveals otherwise. Where Congress intended to carve-out compliance with a subpoena it said so explicitly, as illustrated by the prior clause of section 6802(e)(8) which does address a "***subpoena*** or summons," but only one issued by "Federal, State or local authorities." Further, even if the Court were to interpret the term "judicial process" as including a "subpoena," Plaintiff's subpoenas are not issued by governmental regulatory authorities having jurisdiction

5

over those financial institutions, as suggested by the clause following the term "judicial process," but instead have been issued by Plaintiff's counsel in a civil action among private parties. Accordingly, the statute affords no exception to disclosure in the circumstance of these Subpoenas.

20. The Trustee will point to a handful of cases from other jurisdictions in which courts have interpreted section 6802(e)(8) to except responses to subpoenas. However, those courts have done so based on conflicting interpretations of section 6802(e)(8). *See, e.g., Marks v. Glob. Mortg. Grp., Inc.,* 218 F.R.D. 492, 496 (S.D. W. Va. 2003) (disagreeing with magistrate judge's interpretation that responses to a private party subpoena fell under the language permitting disclosure "to comply with Federal, State, or local laws, rules, and other applicable requirements," but affirming decision on grounds of the "judicial process" exception). At least one court has granted an injunction preventing enforcement of a subpoena requesting non-public information on the basis of the GLBA. *See Union Planters Bank, N.A. v. Gavel,* Case No. 02-1224, 2003 U.S. Dist. LEXIS 3820, at *26 (E.D. La. Mar. 11, 2003), *vacated and remanded on other grounds*, 369 F.3d 457 (5th Cir. 2004).

21. The issue appears to be one of first impression in the Second Circuit. The Defendants submit that the Court should follow the statutory text in holding that the GLBA precludes the Banks from disclosing Defendants' Personal Financial Information.

B. **Any Personal Financial Information That is Disclosed Should be Deemed Confidential.**

22. Individuals such as the Defendants have certain constitutionally protected privacy rights, including the "individual interest in avoiding disclosure of personal matters." *McVane v. FDIC (In re McVane)*, 44 F.3d 1127, 1136 (2d Cir. 1995). Accordingly, courts have found that individuals, whose banking records are subpoenaed, have a "privacy interest in their personal

6

financial affairs that gives them standing to move to quash a subpoena" served on a non-party financial institution. *See, e.g., Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068, at *3 (S.D.N.Y. Jan. 24, 2007) (citing cases).

23. Although Defendants believe the Banks will refrain from disclosing the Personal Financial Information in accordance with GLBA, to the extent any such information is disclosed it must be treated with strict confidentiality. Defendants requested that the Trustee stipulate to treatment of their Personal Financial Information as confidential as early as March 6, 2016. Only on April 15, 2016 did the Trustee agreed in principle to such treatment, subject to a stipulation to be negotiated. The undersigned prepared and shared a draft stipulated protective order with counsel for the Trustee immediately upon that agreement in principle, and as of this writing the undersigned has yet to receive any comments from Trustee's counsel. Given the past difficulty Defendants have had in settling even the most straight-forward forms of order with Trustee's counsel, and the Trustee's refusal to hold the Subpoenas until such a stipulation is signed, Defendants out of an abundance of caution request that the Court simply order that relief as part of the resolution of this Motion.

### VI. Notice

24. A copy of this Motion has been provided to counsel for the Trustee.

### VII. No Prior Request

25. Defendants have made no prior request for the relief sought herein to this or any other court.

7

## VIII.  Conclusion

WHEREFORE, Defendants respectfully request entry of an order, substantially in the form of the Proposed Order, (a) clarifying that Defendants may communicate with their Banks regarding the Subpoenas served upon them by the Trustee; (b) designing as confidential all documents produced by the Banks in response to the Subpoenas; and (c) granting such other and further relief in favor of Defendants as may be just or proper.

Dated: New York, New York
       April 18, 2016

**HUNTON & WILLIAMS LLP**

*/s/   Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
200 Park Avenue
New York, New York  10166
Telephone:  (212) 309-1000
Email:  rrich2@hunton.com

*Counsel for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca and Karen M. Rich*