Peter S. Partee, Sr.
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Telephone: (212) 309-1132

*Counsel for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br><br>Defendants. | Adv. Pro. No. 10-05257 (SMB)<br><br>**Hearing Date:** N/A |

**ZRAICK DEFENDANTS' MOTION TO SHORTEN NOTICE
AND FOR EXPEDITED HEARING ON MOTION
FOR ENTRY OF AN ORDER (A) CLARIFYING THAT DEFENDANTS
MAY COMMUNICATE WITH THEIR FINANCIAL INSTITUTIONS; AND
(B) DESIGNATING ANY BANK RECORDS PRODUCED IN
RESPONSE TO THE TRUSTEE'S SUBPOENAS AS CONFIDENTIAL**

Defendants Edward A. Zraick, Jr, Nancy Zraick, Patricia DeLuca and Karen Rich, by and through their undersigned counsel, hereby move (the "Motion"), on an *ex parte* basis, for the entry of an order, the proposed form of which is annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), shortening the notice period and scheduling an expedited hearing (the "Hearing") on the *Zraick Defendants' Motion for Entry of an Order (A) Clarifying that Defendants may Communicate with their Financial Institutions, and (B) Designating any Bank Records Produced in Response to the Trustee's Subpoenas as Confidential* (the "Motion for Protective Order").[1] In support of this Motion, Defendants rely on the Declaration of Robert A. Rich (the "Rich Declaration"), a true and complete copy of which is annexed hereto as **Exhibit B**. In further support of this Motion, Defendants respectfully represents as follows:

**I.    Preliminary Statement**

1.    Defendants are admitted "good faith" customers of BLMIS that have lost substantially all of their inheritance as a result of this SIPA case, and have aggregate alleged exposure to the estate of less than $300,000.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion for Protective Order.

2. The Trustee has served Subpoenas on the Defendants' Banks requesting access to their Personal Financial Information. In response, Defendants stated their intention to avail themselves of their right under federal law to decline the Banks permission to release that information, in accordance with the Gramm-Leach-Bliley Act, 15 U.S.C. 6801, *et seq.* (the "GLBA"), and to communicate that intention to the Banks. The Trustee, in response, threatened to take action against the Defendants should they do so, suggesting that this Court already has prohibited such communications. The Trustee also refused to hold service of the Subpoenas (which at that time had not yet been served) pending a Court conference on the dispute.

3. The Defendants have contemporaneously herewith filed their Motion for Protective Order, which if granted would make clear that Defendants are permitted to communicate with the Banks regarding the GLBA and otherwise in connection with the Subpoenas. However, the Trustee already has served the Subpoenas, and the Motion for Protective Order would provide no relief to the Defendants if the Trustee were to gain access to the Personal Financial Information pending its consideration.

4. Accordingly, Defendants respectfully request that the Court shorted notice and schedule an expedited hearing on the Motion for Protective Order at the Court's very earliest convenience.

## II. Background

5. On December 6, 2010, Plaintiff Irving H. Picard, as Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), filed his complaint (as amended, the "Complaint") against the Defendants commencing this adversary proceeding.

6. On November 6, 2015, Defendants filed their Answer to the Complaint [ECF 44].

3

7.      On March 4, 2016, the Trustee provided notice to the Defendants of his intention to serve Fed. R. Civ. P. 45 subpoenas (the "Subpoenas") on certain of the Defendants' current or former financial institutions (the "Banks") demanding all documents concerning the Defendants' accounts, including all of their monthly bank statements and other private financial information, regardless of whether those documents have any connection with BLMIS (collectively, the "Personal Financial Information").

8.      In response to the Subpoenas, Defendants advised the Trustee that they would avail themselves of their right under federal law to decline granting permission of the release of Personal Financial Information in accordance with the Gramm-Leach-Bliley Act, 15 U.S.C. 6801, *et seq.* (the "GLBA"). The GLBA provides that, with certain exceptions, a financial institution may not disclose any nonpublic personal information about a consumer to a nonaffiliated third party unless that consumer opts out of such protection. *See* 15 U.S.C. § 6802(b). The Defendants reserved their right to communicate their intention to the Banks. The Defendants further objected to the Trustee's service of the Subpoenas until an appropriate confidentiality order was in place.

9.      In a response dated April 12, 2016, Trustee's counsel sent to Defendants a copy of this Court's order, entered in a separate adversary proceeding, prohibiting counsel for the defendant in that proceeding from communicating with subpoenaed parties prior to a Court conference on the non GLBA-related disputes at issue. *See* Order, Adv. Pro. No. 10-04989, ECF 56 (February 19, 2016) (the "Feb 19 Order").[2] Apparently believing that any communications by the Defendants to their Banks in this action would amount to a violation of the Feb 19 Order, Trustee's counsel, for the first time, threatened that if Defendants contravened the order by

---

[2] A true and correct copy of the Feb 19 Order which is annexed to the Motion for Protective Order as **Exhibit 1**.

4

communicating with the Banks, the Trustee would "act accordingly." *See* Apr. 15, 2016 Email From M. Shifrin.[3]

10. Given that threat and the parties' dispute as to the applicability of the GLBA, Defendants suggested that a conference with the Court was appropriate, and requested that the Trustee hold service of the Subpoenas pending that Court conference. The Trustee refused, stating that it is "[Defendants'] burden to raise with the Court."[4]

11. Defendants have contemporaneously herewith filed their Motion for Protective Order, which seeks to clarify that Defendants are permitted to communicate with their Banks regarding the GLBA and otherwise with respect to the Subpoenas. However, Trustee's counsel indicated that service of the Subpoenas was effectuated on April 15, 2016, over the Defendants' objection and request for a Court conference, thereby necessitating this Motion for an expedited hearing on the Motion for Protective Order.

### III. Jurisdiction, Venue and Predicates for Relief

12. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.)*. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13. The predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(b).

### IV. Relief Requested

14. By this Motion, and based on the Rich Declaration, Defendants request entry of an order scheduling an expedited hearing on the Motion for Protective Order at the Court's

---

[3] A true and correct copy of the April 15, 2016 correspondence is annexed to the Motion for Protective Order as **Exhibit 2**.

[4] *See* Motion for Protective Order, Exhibit 2.

5

earliest the convenience (the "Hearing"), and shortening notice so that the Motion for Protective Order may be heard at the Hearing.

### V. Basis for Requested Relief

15. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period for the Hearing. Local Bankruptcy Rule 9077-1(b) authorizes the Court to enter an order to shorten notice upon an *ex parte* motion for cause shown.

16. Through the Motion for Protective Order, Defendants seek clarification that no prior orders of this Court prohibit their communication with the Banks in connection with the Subpoenas, and that the Trustee's threats to take action against the Defendants in connection with such communications are baseless.

17. The Trustee already has served the Subpoenas over the Defendants' request to hold service pending a Court conference on these issues. Accordingly, if the Morton for Protective Order is heard on normal 14 days' notice, the Trustee already may have obtained access to the Personal Financial Information, rendering the motion moot. Accordingly, sufficient cause exists for an expedited hearing and to shorten the notice period with respect to the Motion for Protective Order.

### VI. Notice

18. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Nevertheless, notice of this Motion has been provided to Trustee's counsel via ECF filing and e-mail.

### VII. No Prior Request

19. Defendants have made no prior request for the relief sought herein to this or any other court.

WHEREFORE, Defendants respectfully request entry of an order, in substantially the form of the Proposed Order, (a) granting the relief requested herein; and (b) granting such other and further relief as the Court may deem just or proper.

Dated: New York, New York
April 18, 2016

**HUNTON & WILLIAMS LLP**

*/s/   Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
200 Park Avenue
New York, New York  10166
Telephone:  (212) 309-1000
Email:  rrich2@hunton.com

*Counsel for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca and Karen M. Rich*

7