**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt
Farrell A. Hochmuth

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and for the Estate of Bernard L.
Madoff*

**Hearing Date: April 27, 2016 at 10:00am**
**Response Due: April 22, 2016 at 5:00pm**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>ELLEN BERNFELD,<br><br>       Defendant. | Adv. Pro. No. 10-04918 (SMB) |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05143 (SMB) |
| Plaintiff, | |
| v. | |
| MARILYN BERNFELD TRUST; HERBERT BERNFELD RESIDUARY TRUST, in its own capacity and as a partner of H&E Company – A Partnership and Bernfeld Joint Venture – A Partnership; H&E COMPANY – A PARTNERSHIP; BERNFELD JOINT VENTURE – A PARTNERSHIP; MARILYN BERNFELD, in her capacity as a partner of H&E Company – A Partnership and Bernfeld Joint Venture – A Partnership, and as Trustee for the Marilyn Bernfeld Trust and the Herbert Bernfeld Residuary Trust; ELLEN BERNFELD, in her capacity as a partner of H&E Company – A Partnership and Bernfeld Joint Venture – A Partnership; and THOMAS BERNFELD, in his capacity as a partner of Bernfeld Joint Venture – A Partnership, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04841 (SMB) |
| Plaintiff, | |
| v. | |
| MICHAEL A. BELLINI, individually and as a joint tenant; and JUDITH BELLINI, individually and as a joint tenant, | |
| Defendants. | |

# TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF CONSOLIDATED MOTION FOR SANCTIONS

**Table of Contents**

PRELIMINARY STATEMENT ...........................................................................................2

PROCEDURAL HISTORY AND STATEMENT OF FACTS......................................................2

ARGUMENT ...............................................................................................................6

    I.     STANDARD FOR THE IMPOSITION OF SANCTIONS...................................6

    II.    DEFENDANTS WILLFULLY FAILED TO COMPLY WITH THE
           FEDERAL RULES AND THIS COURT'S ORDER WITH NO
           JUSTIFIABLE EXCUSE.........................................................................8

    III.   NO LESSER SANCTION WOULD BE EFFICACIOUS ..................................10

    IV.   THE DURATION OF DEFENDANTS' NONCOMPLIANCE WITH THE
           FEDERAL RULES AND THIS COURT'S ORDER SUPPORTS THE
           IMPOSITION OF SANCTIONS ...........................................................11

    V.    DEFENDANTS' COMPLETE DISREGARD JUSTIFIES DEFAULT ...............11

    VI.   DEFENDANTS SHOULD BE HELD IN CONTEMPT.....................................12

    VII.  THE TRUSTEE IS ENTITLED TO RECOVER ATTORNEYS' FEES AND
           COSTS ASSOCIATED WITH THE DEFENDANTS' DISCOVERY
           DEFICIENCIES.................................................................................13

CONCLUSION............................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009).................................................11

*Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38 (S.D.N.Y. 1992) ........................................6

*Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849 (2d Cir. 1995)..........................................10

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir.
1979) ........................................................................................................................................7

*Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512 (S.D.N.Y. 2009)...............12, 13

*Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991) ...............................9, 11, 12

*Embuscado v. DC Comics*, 347 Fed. App'x 700 (2d Cir. 2009)....................................................11

*Georgiadis v. First Boston Corp.*, 167 F.R.D. 24 (S.D.N.Y. 1996) ..............................................11

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).............10

*Int'l Mining Co., Inc. v. Allen and Co., Inc.*, 567 F. Supp. 777 (S.D.N.Y. 1983) .........................7

*King v. Allied Vision, Ltd.*, 65 F. 3d 1051 (2d Cir. 1995).............................................................13

*Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606 (HBP), 2006 WL 2266312 (S.D.N.Y. Aug. 4, 2006)
..................................................................................................................................................12

*Local Union No. 40 of the Intern'l Ass'n of Bridge v. Car-Wi Constr.*, 88 F. Supp. 3d 250
(S.D.N.Y. 2015) .......................................................................................................................8

*New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989)...........................13

*Nieves v. City of New York*, 208 F.R.D. 531 (S.D.N.Y. 2002) ................................................7, 10

*Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176 (2d Cir. 2008) ...........................11

*Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248 (S.D.N.Y. 2012).....................................14

*Starbrite Waterproofing Co., Inc. v. AIM Constr. & Contracting Grp.*, 164 F.R.D. 378 (S.D.N.Y.
1996) ....................................................................................................................................8, 9

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1988) ...........................................6, 7

*Worldcom Commc'ns, Inc. v. Gamma Commc'ns Grp., Inc.*, 204 F.R.D. 259 (S.D.N.Y. 2001)
...............................................................................................................................................9, 10

**Rules**

Fed. R. Civ. P. 37(b)(2)......................................................................................................6, 10, 14

Fed. R. Civ. P. 37(d)(2)......................................................................................................................6

Irving H. Picard (the "Trustee"), trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of the Trustee's consolidated motion for sanctions (the "Motion") against the following Defendants in three adversary proceedings:

(1) Ellen Bernfeld ("Defendant Ellen Bernfeld");[1]

(2) The Marilyn Bernfeld Trust; H&E Company – A Partnership; Bernfeld Joint Venture – A Partnership; the Herbert Bernfeld Residuary Trust, in its own capacity and as a partner of H&E Company – A Partnership and Bernfeld Joint Venture – A Partnership; Marilyn Bernfeld in her capacity as a partner of H&E Company – A Partnership and Bernfeld Joint Venture – A Partnership, and as Trustee for the Marilyn Bernfeld Trust and the Herbert Bernfeld Residuary Trust; Ellen Bernfeld, individually and in her capacity as a partner of H&E Company individually and in her capacity as a partner of H&E Company – A Partnership and Bernfeld Joint Venture – A Partnership; and Thomas Bernfeld, in his capacity as a partner of Bernfeld Joint Venture – A Partnership (together, the "Bernfeld Trust Defendants");[2]

(3) Michael A. Bellini and Judith Bellini, individually and as a joint tenants (together, the "Bellini Defendants").[3]

Collectively, Ellen Bernfeld, the Bernfeld Trust Defendants and the Bellini Defendants will be referred to as "Defendants."

---

[1] Adversary Proceeding Number 10-04918 (the "Ellen Bernfeld Proceeding").
[2] Adversary Proceeding Number 10-05143 (the "Bernfeld Trust Proceeding").
[3] Adversary Proceeding Number 10-04841 (the "Bellini Proceeding").

## PRELIMINARY STATEMENT

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Federal Bankruptcy Rule 7037, the Trustee moves for sanctions against Defendants based on their continuing failure to participate in discovery and for violation of the Court's Order dated November 3, 2015 entered in each of the relevant adversary proceedings (the "Orders"). (Ellen Bernfeld Proceeding Dkt. No. 17; Bernfeld Trust Proceeding Dkt. No. 19; Bellini Proceeding Dkt. No. 24). Defendants' complete lack of participation in these Adversary Proceedings, even after this Court's Order directing that they respond to discovery, demonstrates that Defendants will continue to ignore the duties imposed upon them by the Federal Rules of Civil Procedure, the Order and this Court. Accordingly, sanctions are the appropriate remedy here, in light of Defendants' willful discovery violations and prolonged lack of participation.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The Trustee filed a complaint on December 1, 2010 against the Bellini Defendants and on December 2, 2010, two separate complaints against the remaining Defendants (the "Complaints") asserting claims pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 547, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., and other applicable law. (Dkt. No. 1 in each Adversary Proceeding). The Complaints seek to avoid and recover fraudulent transfers that occurred between December 11, 2006 and December 11, 2008, plus pre-judgment interest; to preserve such transfers for the benefit of the Debtors' estates; to disallow the Defendants' customer claims; and for other related relief pursuant to applicable provisions of SIPA and the Bankruptcy Code. *Id.*

In February 2011, the Clerk of this Court issued summonses upon the Defendants, and in accordance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, Defendants were duly served with the respective summons and Complaint. On January 12, 2012, Timothy Wedeen

filed a Notice of Appearance on behalf of the Bellini Defendants (Bellini Proceeding Dkt. Nos.

13-14), and on February 11, 2012, he filed a Notice of Appearance on behalf of Ellen Bernfeld

(Ellen Bernfeld Proceeding Dkt. No. 8) and the Bernfeld Trust Defendants (Bernfeld Trust

Proceeding Dkt. No. 9). Ellen Bernfeld filed her Answer on May 2, 2014. (Ellen Bernfeld

Proceeding Dkt. No. 11). The Bellini Defendants filed an Answer on May 2, 2014. (Bellini

Proceeding Dkt. No. 18). The Bernfeld Trust Defendants filed an Answer on May 5, 2014.

(Bernfeld Trust Proceeding Dkt. Nos. 12-13).

The Case Management Notices required that Initial Disclosures be provided by August

27, 2014, and established October 9, 2015 as the deadline for the completion of fact discovery in

each of the three cases. (Ellen Bernfeld Proceeding Dkt. No. 12; Bernfeld Trust Proceeding Dkt.

No. 14; Bellini Proceeding Dkt. No. 19). The Trustee provided his Initial Disclosures in each of

the three cases on August 22, 2014, and reminded defense counsel, Mr. Timothy Wedeen, that

the Trustee was prepared to produce documents upon receipt of executed copies of a Non-

Disclosure Agreement and an Undertaking and Consent to Be Bound to the Litigation Protective

Order. *See* Ex. A. Counsel did not respond to this letter and did not provide Initial Disclosures by

the agreed deadline. On September 23, 2014, the Trustee reminded counsel of the Defendants'

obligation to provide Initial Disclosures. Again, counsel did not respond. *See* Ex. B. The Trustee

made additional conferral attempts on December 4, 2014, January 12, 2015, January 14, 2015,

January 28, 2015, June 24, 2015, July 8, 2015, August 10, 2015, and September 1, 2015. *See*

Exs. C-J. Despite the Trustee's efforts to confer with Mr. Wedeen in an effort to resolve these

outstanding issues, Defendants failed to comply with their discovery obligations. Mr. Wedeen

ignored the majority of the Trustee's correspondence and failed to return numerous phone calls

and voicemails. On January 12, 2015, Mr. Wedeen verbally agreed to tender Initial Disclosures, but then failed to do so.

The Trustee served his First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for the Production of Documents on Ellen Bernfeld on July 6, 2015, responses to which were due August 10, 2015. *See* Ex. K. The Trustee served his First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for the Production of Documents on the Bellini Defendants and the Bernfeld Trust Defendants on July 14, 2015, responses to which were due August 13, 2015. *See* Exs. L–M. On August 5, 2015, counsel requested a 51-day extension to respond. The Trustee agreed to grant an extension to September 4, 2015, but no longer, in light of the fact discovery deadlines in the cases. The Trustee reminded counsel of this deadline on September 1, 2015, to which he responded that he was "working on it" and recognized that "we are beyond the standard due dates." *See* Ex. N.

After numerous attempts by Trustee's counsel to confer with Defendants' counsel in a good faith effort to resolve the discovery deficiencies without judicial intervention, the Trustee sought assistance from the Court by letter dated September 28, 2015 seeking a conference concerning the Defendants' failure to comply with their discovery obligations. On the eve of the conference, Defendants finally propounded their bare-bones Initial Disclosures, but Defendants still did not respond to the Trustee's discovery. Following a hearing on October 28, 2015, this Court issued Orders on November 3, 2015, deeming admitted the Trustee's First Requests for Admission and compelling Defendants to respond to the Trustee's First Set of Interrogatories and the Trustee's First Set of Requests for the Production of Documents by December 1, 2015. (Ellen Bernfeld Proceeding Dkt. No. 17; Bernfeld Trust Proceeding Dkt. No. 19; Bellini Proceeding Dkt. No. 24).

Defendants did not respond to either the Trustee's First Set of Interrogatories or Trustee's First Set of Requests for the Production of Documents by the Court-ordered deadline.

On December 2, 2015, counsel for the Trustee reminded Mr. Wedeen of the Court-ordered response deadline, to which he responded, "I had it for 12/31! Are you sure about the date?" *See* Ex. O. Counsel for the Trustee provided Mr. Wedeen copies of the Orders, but Mr. Wedeen did not respond. Counsel for the Trustee again contacted Mr. Wedeen on December 7, 2015, reminding him of his client's obligation to respond and highlighting that the close of fact discovery was rapidly approaching. *See* Ex. P. Mr. Wedeen again failed to respond.

The Trustee filed a second letter request with this Court on December 11, 2015 seeking a conference to request permission to bring a motion under Fed. R. Civ. P. 37(b)(2)(A), and for an order (1) directing that the facts and allegations pled in the Trustee's Complaint are established for the purposes of this proceeding, (2) striking Defendants' Answers, (3) rendering a default judgment against Defendants, and (4) treating as contempt of court the failure to obey the November 3, 2015 Order. Mr. Wedeen finally contacted counsel for the Trustee on December 15, 2015, stating that he believed he had until the end of the month to respond to the discovery requests, despite being provided copies of the Orders on December 2. *See* Ex. Q. Mr. Wedeen requested that the Trustee stipulate to an extension of the fact discovery deadline by 30 days, which was rejected. The Trustee's requested conference was scheduled for January 27, 2016.

On January 13, 2016, Mr. Wedeen stated that he had been diagnosed with a serious but non-life-threatening medical issue that required him to significantly reduce his schedule. He requested an adjournment of 30 days or to the date of the next omnibus hearing. The Trustee agreed to adjourn the conference to February 27, 2016. *See* Ex. R.

On February 17, 2016, Mr. Wedeen sought an additional adjournment because of his health issues, which the Trustee rejected. *See Ex. S.* Mr. Wedeen then filed a letter with the Court requesting an adjournment, but the Court determined that absent medical evidence attesting to counsel's inability to attend the conference, which Mr. Wedeen did not and has not provided, the Court would not adjourn the conference unless all parties consent. (Ellen Bernfeld Proceeding Dkt. No. 19; Bernfeld Trust Proceeding Dkt. No. 21; Bellini Proceeding Dkt. No. 26). The conference proceeded as scheduled, and the Trustee was granted permission to file this Motion. *See* Disc. Conf. Hr'g Tr. 54:21-55:6, Feb. 24, 2016. Ex. T.

## ARGUMENT

### I.   STANDARD FOR THE IMPOSITION OF SANCTIONS

Federal Rule of Civil Procedure 37(b)(2) enables a court to impose sanctions on a party who fails to comply with a court's discovery order. Rule 37(d)(2) provides that sanctions may be imposed against a party that "fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request." These sanctions may include "rendering a default judgment against the disobedient party" or "treating as contempt of court the failure to obey any order . . ." Fed. R. Civ. P. 37(b)(2)(A)(vi)-(vii). Sanctions issued under this Rule are designed to serve three main purposes:

1. Obtaining compliance with a specific discovery order;
2. Ensuring that parties do not benefit from their own failure to comply with the court's order; and
3. Providing a general deterrent both for the case at hand and for other parties in other cases.

*Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992), citing *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

Furthermore, FRCP 37(b)(2)(C) provides that "the court <u>must</u> order the disobedient party,

the attorney advising that party, or both to pay the reasonable expenses, including attorney's

fees, caused by the failure, unless the failure was substantially justified or other circumstances

make an award of expenses unjust." (emphasis added).

The Second Circuit, in affirming a decision to impose sanctions under Rule 37, stated as

follows:

> In holding as we do, we wish to emphasize the importance we place on a party's
> compliance with discovery orders. Such compliance is necessary to the integrity
> of our judicial process. A party who flouts such orders does so at his peril. If one
> suggests that our decision today is strong medicine, that is precisely what it is
> intended to be.

*Update Art*, 843 F.2d at 71. Moreover, gross professional negligence in which counsel should

have understood his duties to the court and neglects those duties, "the full range of sanctions may

be marshalled." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d

1062, 1068 (2d Cir. 1979). "A litigant chooses counsel at his peril, and here, as in countless other

contexts, counsel's disregard of his professional responsibilities can lead to extinction of his

client's claim." *Id.* (internal citations omitted).

The court has discretion to impose the most appropriate sanction after considering the

entire record. *See Int'l Mining Co., Inc. v. Allen and Co., Inc.*, 567 F. Supp. 777, 789 (S.D.N.Y.

1983) (determining that plaintiff's failure to produce documents or supply adequate answers to

interrogatories without justifiable excuse warranted dismissal of complaint). Factors used in

determining the most appropriate sanction for discovery misconduct include:

1. The willfulness of the non-compliant party or the reason for non-compliance;
2. The efficacy of lesser sanctions;
3. The duration of the period of non-compliance; and
4. Whether the non-compliant party was warned of the consequences of non-compliance.

*Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). Although dismissal or the

rendering of a default judgment may seem harsh, courts will impose such sanctions if the

circumstances warrant.

## II.    DEFENDANTS WILLFULLY FAILED TO COMPLY WITH THE FEDERAL RULES AND THIS COURT'S ORDER WITH NO JUSTIFIABLE EXCUSE

The first factor to consider is the willfulness of Defendants in their failure to comply with the Federal Rules and the Court's Orders, and their reasons, if any, for noncompliance. Defendants repeatedly ignored discovery deadlines despite the Trustee's grant of several extensions of time to respond. Defendants' lack of participation in discovery led to the Trustee seeking the assistance of the Court, where Orders were entered compelling Defendants to reply to the Trustee's discovery requests. Still, Defendants ignored the Court's Orders and to this day have not responded to the Trustee's discovery. When a party has the ability to comply but does not do so, that behavior is willful. *Local Union No. 40 of the Intern'l Ass'n of Bridge v. Car-Wi Constr.*, 88 F. Supp. 3d 250, 264 (S.D.N.Y. 2015) ("In other words, we gave an order and defendants had the ability to comply, but they purposely chose not to do so for reasons all their own and without first asking permission from this court. Without our resorting to the dictionary, this seems as good a definition of 'willful' as any.").

A "pattern of dilatory conduct" and complete disregard for discovery obligations justifies the striking of Defendants' Answers and the entry of a default judgment. *Starbrite Waterproofing Co., Inc. v. AIM Constr. & Contracting Grp.*, 164 F.R.D. 378, 379 (S.D.N.Y. 1996). In *Starbrite*, defendants failed to respond to plaintiff's discovery requests despite the Federal Rules, two discovery conferences, and a court order mandating compliance. *Id.* The court noted that severe sanctions should be imposed only for serious violations of discovery orders before emphasizing that defendants' egregious conduct warranted the striking of their answer. *Id.* at 381. By failing to participate in discovery, defendants "frustrated the intent of the Federal Rules of Civil Procedure that discovery proceed 'free from the time-consuming and costly process of court

8

intervention.'" *Id.* (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.

1991)). Defendants also failed to comply with the court's order and "engaged in other

obstructionist conduct and made repeated frivolous objections." *Id.* The court concluded that the

defendants had acted willfully and in bad faith, struck defendants' answer, entered judgment in

the amount requested in the complaint plus interest, and awarded attorneys' fees and costs for

plaintiff's efforts to obtain compliance, including the letters and telephone calls, the discovery

conferences, and the motion for sanctions.

Similarly, Defendants here have willfully failed to comply with the Federal Rules and

with this Court's Orders and have offered no justifiable excuse for their noncompliance. The

Discovery Order mandated compliance by December 1, 2015. When counsel was reminded of

this obligation on December 2, 2015, he responded that he believed he had until December 31,

2015 to respond, but it is now April and Defendants have still not responded to the discovery.

Counsel's failure to review the Order is not a legitimate reason to disobey, and continue to

operate in complete disregard of, a Court Order, especially where counsel filed a notice of

appearance accepting service of all documents filed on the ECF system. *See* Local Rule 9021-1;

(Ellen Bernfeld Proceeding Dkt. No. 8; Bernfeld Trust Proceeding Dkt. No. 9; Bellini

Proceeding Dkt. Nos. 13 and 14). Moreover, counsel's alleged health issues arose after the date

of compliance in the Court Order and well after the deadlines under the Case Management

Notice, and therefore cannot excuse his noncompliance before that time.

"Courts do not look favorably upon parties that fail to respond to court orders or remain

silent in the face of repeated discovery requests." *Worldcom Commc'ns, Inc. v. Gamma

Commc'ns Grp., Inc.*, 204 F.R.D. 259, 262 (S.D.N.Y. 2001). In *Worldcom*, because the

defendants failed to respond to the plaintiffs' discovery requests and failed to comply with court

orders, the court imposed the harshest available sanctions—striking the answer and entering a default judgment. *Id.* Defendants here have frustrated the intent of the Federal Rules and forced the Trustee to seek this Court's assistance, which has only increased the time and costs spent on this matter. Defendants should be held in contempt, their Answers should be stricken, and a default judgement should be entered in the Trustee's favor.

## III.    NO LESSER SANCTION WOULD BE EFFICACIOUS

Defendants have completely disengaged from the discovery process and have refused to meaningfully participate in litigation, even in the face of a Court Order mandating compliance. This has set the tone for this entire action. *See Worldcom*, 204 F.R.D. at 260 ("Throughout the course of this action, defendants have proved to be altogether uncooperative adversaries."). Despite the Trustee's multiple attempts to engage the Defendants in discovery and several extensions of time to respond, Defendants have made clear that they will not participate.

The purpose of Rule 37 sanctions is to obtain compliance with a particular order, serve as a general deterrent in this and other cases, and to prevent a party from profiting from its own failure to comply. *Nieves*, 208 F.R.D. at 535. Any sanctions must be just and must be related to the claim at issue in the discovery order. Fed. R. Civ. P. 37(b)(2); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Here, not only have Defendants failed to comply with the Federal Rules, they have ignored direction in a Court Order.

No sanction short of a default judgment is likely to be efficacious. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) ("Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. . . .Defendants rolled the dice on the district court's tolerance for deliberate obstruction and, and they lost."). Here, Defendants should have responded to the Trustee's Discovery Requests in August 2015. It is now April 2016 and, despite some assurances that responses were forthcoming, the Trustee has received nothing

10

but excuses. A finding of contempt, striking the Defendants' Answers, and entry of a default judgment are appropriate sanctions.

## IV.   THE DURATION OF DEFENDANTS' NONCOMPLIANCE WITH THE FEDERAL RULES AND THIS COURT'S ORDER SUPPORTS THE IMPOSITION OF SANCTIONS

The third factor to consider is the duration of non-compliance. Durations of even a few months have weighed in favor of dispositive sanctions. *See, e.g.*, *Embuscado v. DC Comics*, 347 Fed. App'x 700, 701 (2d Cir. 2009) (three months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (six months); *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (seven months). Here, responses to the Trustee's Discovery Requests were due in August 2015. Defendants have served no discovery and still have not responded to the Trustee's Discovery Requests.

The Trustee has made numerous efforts to communicate with Defendants to remind them of their discovery obligations and to confer regarding discovery deficiencies, but Defendants have mostly ignored those communications. Responses are still outstanding despite a Court Order mandating compliance and a letter from the Trustee requesting permission to file a motion for sanctions under Rule 37. The amount of time Defendants have spent evading their obligations to this Court emphasizes that severe sanctions are appropriate in this case.

## V.   DEFENDANTS' COMPLETE DISREGARD JUSTIFIES DEFAULT

Courts also consider whether the non-compliant party has been warned of the consequences of non-compliance. Although warnings are customary, the Second Circuit "has never considered warnings an absolute condition precedent." *Daval Steel Prods.*, 951 F.2d at 1366. Rather, the Court examines the whole record to determine whether the non-compliant party's disregard for a court order justifies the sanctions imposed. The Second Circuit "decline[s]

11

to hobble the necessary discretion of district courts to control discovery by imposing a further requirement of formal and specific warnings before imposing Rule 37(b)(2) sanctions, bearing in mind that . . . such sanctions can only be imposed for violation of a specific, previously entered order." *Id.*

Here, clear evidence exists that the Defendants violated the specific, previously entered Orders requiring them to respond to the Trustee's Discovery Requests by December 1, 2015. At the February 25, 2016, discovery conference with this Court, discussing for the third time Defendants' discovery deficiencies, this Court warned counsel that failure to fully respond to the Trustee's Discovery Requests could result in the entry of a default judgment. *See* Disc. Conf. Hr'g Tr. 54:3-16, Feb. 24, 2016. Ex. T.

Defendants' and their attorney's complete disregard of the Federal Rules and this Court's Orders justifies a finding of contempt, the striking of Defendants' Answers, and entry of a default judgment.

## VI.    DEFENDANTS SHOULD BE HELD IN CONTEMPT

The "power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 515 (S.D.N.Y. 2009) (quoting *Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606 (HBP), 2006 WL 2266312, at *8 (S.D.N.Y. Aug. 4, 2006)). The conduct does not have to be willful to find a person in contempt. *Id.* "[C]ivil contempt sanction[s] may . . . serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Id.* (quoting *New York State Nat'l*

12

*Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)).[4]

This Court's Orders, requiring responses to the Trustee's Discovery Requests by a date certain, are clear and unambiguous. A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed" regarding what action is required. *King v. Allied Vision, Ltd.*, 65 F. 3d 1051, 1058 (2d Cir. 1995). The Orders do exactly that in requiring Defendants to respond to the Trustee's Discovery Requests by December 1, 2015. (Ellen Bernfeld Proceeding Dkt. No. 17; Bernfeld Trust Proceeding Dkt. No. 19; Bellini Proceeding Dkt. No. 24).

Defendants' noncompliance with those Orders is clear and convincing, as the Trustee has yet to receive responses to any discovery requests. There is no evidence of any attempt, diligent or otherwise, by Defendants to comply with the Orders, nor has any justifiable excuse for noncompliance been provided. Despite multiple attempts by the Trustee to remind Defendants of their obligation to respond to his Discovery Requests, Defendants continue to violate this Court's Orders to respond. This Court should hold Defendants in contempt for their failure to comply with this Court's Order.

## VII.    THE TRUSTEE IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS ASSOCIATED WITH THE DEFENDANTS' DISCOVERY DEFICIENCIES

As a consequence of Defendants' inaction, the Trustee has been forced to expend significant resources attempting to communicate with Defendants, analyzing Defendants' wrongful conduct, and preparing and prosecuting this motion. A party who fails to comply with a

---

[4] In *Cordius*, the defendant failed to produce documents identified at a deposition despite a court order to do so, and the plaintiff moved for contempt under Rule 37. The court determined that its motion to produce outstanding discovery by a date certain was clear an unambiguous and that defendant's noncompliance was clear based in part on the accompaniment of additional responsive documents with his opposition to the motion. Finally, defendant failed to explain his noncompliance, "which suggests a lack of diligence to reasonably comply." *Id.* at 517. The court noted that although the responsive production may have been made, defendant cannot remedy his noncompliance with late production only after the filing of a motion for contempt. *Id.*

court order, its attorney, or both, must pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the non-compliance was justified or an award of expenses would be unjust. Fed. R. Civ. P. 37(b)(2)(C). Because Defendants have failed to comply with this Court's Orders without justification, an award of expenses and fees is proper. *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 255 (S.D.N.Y. 2012).

The Trustee seeks attorneys' fees caused by Defendants' violation of this Court's Order, including fees for:

- Correspondence to defense counsel regarding Defendants' obligation to comply with this Court's Orders;

- Preparation for the discovery conference regarding Defendants' failure to comply with this Court's Orders;

- Preparation and prosecution of this motion; and

- Other relevant services necessary to address Defendants' lack of participation in discovery in violation of this Court's Orders.

If the Court determines that the Trustee is entitled to the reasonable and necessary expenses caused by Defendants' failure to comply with this Court's Orders, the Trustee will submit a detailed summary of the fees and expenses supported by counsel's declaration.

## CONCLUSION

The requested sanctions are appropriate and necessary. Not only have Defendants failed to timely respond to the Trustee's discovery requests as served, they have willfully disregarded this Court's Order and have demonstrated a complete indifference in responding to the discovery requests. Defendants should not be permitted to benefit from their utter refusal to participate in discovery and ignore a Court order, and other parties should be discouraged from engaging in the same behavior.

For the foregoing reasons, the Trustee respectfully requests that the Court strike Defendants' Answers, enter default judgment in favor of the Trustee, hold the Defendants in contempt of Court, and award the Trustee attorneys' fees and costs associated with Defendants' lack of participation and violation of the Orders.

Respectfully submitted,

Dated: New York, New York
     April 18, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: /s/ *Nicholas J. Cremona*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and for the Estate of Bernard*
*L. Madoff*