# EXHIBIT C

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

December 4, 2014

**Via Email and First Class Mail**

Timothy Wedeen
Wedeen & Kavanagh
19 Phelps Avenue, 3rd Floor
Tenefly, NJ 07670
Timothy.weeden@gmail.com

Re:    Adv. Pro. No. 10-04918 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Ellen Bernfeld*; Adv. Pro. No. 10-05143 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Marilyn Bernfeld Trust, et. al.*; Adv. Pro. No. 10-04841 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Michael A. Bellini and Judith Bellini*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

This letter is to serve as a reminder that the Trustee has not yet received Defendants' Initial Disclosures in the above referenced adversary proceedings. Pursuant to the parties' Case Management Notice, Initial Disclosures were due on August 27, 2014. The Trustee's Initial Disclosures were provided to counsel on August 22, 2014, reminding counsel that the Trustee has not yet received executed copies of the Non-Disclosure Agreement and Undertaking and Consent to Be Bound to the Litigation Protective Order, both of which are required before the Trustee's initial document production may be forwarded. We have not received these documents, the disclosures, or any communication as to status.

Please be advised that we are prepared to produce documents pertaining to these adversary proceedings upon receipt of executed copies of the enclosed Non-Disclosure Agreement and Undertaking and Consent to Be Bound to Litigation Protective Order. Upon receipt of the same, we will forward to you the Trustee's initial document production.

Timothy Wedeen
December 4, 2014
Page 2

Before taking further action as provided for by the Local Rules of the United States Bankruptcy Court or seeking court intervention, we are extending, as a professional courtesy, this reminder of your client's obligation to provide Initial Disclosures.

If you have previously sent the disclosures and accompanying documents, please let us know when you sent them and to whom they were addressed so we may locate them.

If you have any questions regarding any of the above, please feel free to contact me or Rachel Smith at 713.646.1386.

Regards,

Dean D. Hunt

Enclosures