# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>   Plaintiff,<br>  v.<br><br>Helene Saren-Lawrence,<br>Gertrude E. Alpern Revocable Trust, et al.,<br>Herbert Barbanel, et al.,<br>Robert Roman,<br>Joan Roman,<br>Barbara Roth,<br>David Shapiro Nominee, et al.,<br>David Shapiro Nominee # 2, et al.,<br>David Shapiro Nominee # 3, et al.<br>David Shapiro, et al., and<br>Trust U/Art Fourth O/W/O Israel Wilenitz, et al.,<br><br>   Defendants. | Adv. Pro. Nos.:<br><br>10-04898 (SMB)<br>10-04327 (SMB)<br>10-04321 (SMB)<br>10-04292 (SMB)<br>10-04302 (SMB)<br>10-04324 (SMB)<br>10-04328 (SMB)<br>10-04325 (SMB)<br>10-04314 (SMB)<br>10-04305 (SMB)<br>10-04995 (SMB) |

**ORDER IMPLEMENTING THE COURT'S MARCH 23, 2016 BENCH RULING
(i) DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
37(b), 41(b), AND CROSS-MOTION TO QUASH AND FOR PROTECTIVE ORDER; (ii)
DENYING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND STAY OF ENFORCEMENT OF SUBPOENAS; AND (iii) GRANTING THE
TRUSTEE'S MOTION TO COMPEL**

THIS MATTER having come before the Court on the request of counsel for the Defendants in the above-referenced adversary proceedings and on the request of Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff in the above-captioned matters with respect to (i) the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b), 41(b), and Cross-Motion to Quash and for Protective Order, dated February 25, 2016 in the case *Picard v. Saren-Lawrence* [ECF Nos. 63-64] and February 26, 2016 in the cases *Picard v. Alpern* [ECF Nos. 101-102]; *Picard v. Barbanel* [ECF Nos. 55-56]; *Picard v. Joan Roman* [ECF Nos. 58-59]; *Picard v. Robert Roman* [ECF Nos. 57-58]; *Picard v. Roth* [ECF Nos. 58-59]; *Picard v. David Shapiro Nominee* [ECF Nos. 48-49]; *Picard v. David Shapiro Nominee #2* [ECF Nos. 48-49]; *Picard v. David Shapiro Nominee #3* [ECF Nos. 52-53]; *Picard v. David Shapiro Nominee #4* [ECF Nos. 53-54], and *Picard v. Wilenitz* [ECF Nos. 46-47] (the "Defendants' Motion to Quash and Dismiss"); (ii) the Defendants' Motion for Temporary Restraining Order and Stay of Enforcement of Subpoenas dated March 3, 2016 in the case *Picard v. Saren-Lawrence* [ECF Nos. 75-76] and March 4, 2016 in the cases *Picard v. Alpern* [ECF Nos. 107-108]; *Picard v. Barbanel* [ECF Nos. 61-62]; *Picard v. Joan Roman* [ECF Nos. 64-65]; *Picard v. Robert Roman* [ECF Nos. 63-64]; *Picard v. Roth* [ECF Nos. 63-64]; *Picard v. David Shapiro Nominee* [ECF Nos. 54-55]; *Picard v. David Shapiro Nominee #2* [ECF Nos. 54-55]; *Picard v. David Shapiro Nominee #3* [ECF Nos. 58-59]; *Picard v. David Shapiro Nominee #4* [ECF Nos. 59-60], and

*Picard v. Wilenitz* [ECF Nos. 50-51] (the "Defendants' TRO Motions," collectively referred to with the Defendants' Motion to Quash and Dismiss as the "Defendants' Motions"); and (iii) the Trustee's Motion to Compel Valley National Bank to Comply with Subpoena Pursuant to Fed. R. Civ. P. 45, dated February 23, 2016 in the case *Picard v. Saren-Lawrence* [ECF Nos. 57-58], and the Court having held a hearing on March 23, 2016 at 11:00 a.m. at which all parties were present; and the Court having heard argument from the parties present at the hearing; and the Court having directed the Trustee to submit an order consistent with the bench ruling during the hearing, as set forth in the transcript from the hearing, it is hereby:

1. ORDERED, that the Defendants' Motions are denied ~~in their entirety~~ **except that all documents produced pursuant to this Order will be treated as confidential as provided by the June 6, 2011 Litigation Protective Order**, and it is further **[SMB:4/4/16]**

2. ORDERED, that the Trustee's motion to compel Valley National Bank to comply with the Subpoena Pursuant to Fed. R. Civ. P. 45, in the case *Picard v. Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB), is granted and Valley National Bank must make its document production to the Trustee directly, without redactions, and it is further

3. ORDERED, that the banks subject to the Trustee's subpoenas in the cases *Picard v. Alpern*, Adv. Pro. No. 10-04327 (SMB), *Picard v. Barbanel*, Adv. Pro. No. 10-04321 (SMB), *Picard v. Joan Roman*, Adv. Pro. No. 10-04302 (SMB), and *Picard v. Robert Roman*, Adv. Pro. No. 10-04292 (SMB), must comply with the subpoenas and make their document productions directly to the Trustee, without redactions, and it is further

4. ORDERED, that the served subpoenas to banks in the cases *Picard v. Roth*, Adv. Pro. No. 10-04324 (SMB), *Picard v. David Shapiro Nominee*, Adv. Pro. No. 10-04328 (SMB), *Picard v. David Shapiro Nominee # 2*, Adv. Pro. No. 10-04325 (SMB), *Picard v. David Shapiro*

3

*Nominee # 3*, Adv. Pro. No. 10-04314 (SMB), *Picard v. David Shapiro Nominee #4*, Adv. Pro. No. 10-04305 (SMB), will be held in abeyance for a period of approximately thirty (30) days to permit the parties to attempt to consensually resolve these matters and these matters will be addressed, to the extent necessary, at a hearing scheduled for April 27, 2016, and the banks under subpoena in these matters shall preserve all documents responsive to the subpoena, and it is Further

5. ORDERED, that the Defendants in *Picard v. Wilenitz, et al.*, Adv. Pro. No. 10-04995 (SMB), will produce to the Trustee all bank records in their possession, custody, or control, within thirty (30) days, during which time the bank subpoenas will be held in abeyance to permit the parties to attempt to consensually resolve these matters and these matters will be addressed, to the extent necessary, at a hearing scheduled for April 27, 2016, and the banks under subpoena in these matters shall preserve all documents responsive to the subpoena, and it is further

6. ORDERED, that this Court shall retain jurisdiction over all matters relating to the enforcement, implementation, and interpretation of this Order, and it is further

7. ORDERED, that the Clerk of the Court shall enter this Order in each of the above-captioned cases, and it is further

8. ORDERED, that the effectiveness of this Order shall be stayed for a period of fourteen (14) days from the date of entry.

Dated: April 4, 2016
      New York, New York

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge

4