# EXHIBIT F

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Lead Case No. 08-01789-smb; Adv. Proc. No. 10-04327-smb
 4   - - - - - - - - - - - - - - - - - - - - -x
 5   In the Matters of:
 6   SECURITIES INVESTOR PROTECTION CORPORATION,
                Plaintiff,
 7   v.
 8   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,
                Defendant.
 9   - - - - - - - - - - - - - - - - - - - - -x
10   BERNARD L. MADOFF,
11              Debtor.
     - - - - - - - - - - - - - - - - - - - - -x
12
     IRVING H. PICARD, Trustee for the Liquidation
13   of Bernard L. Madoff Investment Securities LLC
                Plaintiff,
14   v.
15   GERTRUDE E. ALPERN REVOCABLE TRUST, et al.,
                Defendants.
16   - - - - - - - - - - - - - - - - - - - - -x
17              United States Bankruptcy Court
18              One Bowling Green
19              New York, New York
20
21              February 11, 2016
22              10:09 AM
23   B E F O R E:
24   HON. STUART M. BERNSTEIN
25   U.S. BANKRUPTCY JUDGE
```

|      |                                                                              |
|------|------------------------------------------------------------------------------|
|      | Page 2                                                                       |
| 1    |                                                                              |
| 2    | 10:00 AM 10-04327-smb                                                        |
| 3    | Ch 11                                                                        |
| 4    | Irving H. Picard, Trustee for the Liquidation of Bernard L.                  |
| 5    | Madoff Investment Securities LLC v. Gertrude E. Alpern                       |
| 6    | Revocable Trust, et al.                                                      |
| 7    |                                                                              |
| 8    | HEARING re Conference re Request to File Contempt Motion                     |
| 9    |                                                                              |
| 10   |                                                                              |
| 11   |                                                                              |
| 12   |                                                                              |
| 13   |                                                                              |
| 14   |                                                                              |
| 15   |                                                                              |
| 16   |                                                                              |
| 17   |                                                                              |
| 18   |                                                                              |
| 19   |                                                                              |
| 20   |                                                                              |
| 21   |                                                                              |
| 22   |                                                                              |
| 23   |                                                                              |
| 24   |                                                                              |
| 25   | Transcribed by:  Lisa Beck                                                   |

```
 1   A P P E A R A N C E S :
 2   BAKER HOSTETLER
 3        Attorneys for Irving H. Picard, Trustee for the
 4          Liquidation of Bernard L. Madoff Investment
 5          Securities LLC
 6        45 Rockefeller Plaza
 7        New York, NY 10111
 8
 9   BY:  EDWARD J. JACOBS, ESQ.
10
11   WINDELS, MARX, LANE & MITTENDORF, LLP
12        Attorneys for Irving H. Picard, Trustee for the
13          Liquidation of Bernard L. Madoff Investment
14          Securities LLC
15        156 West 56th Street
16        New York, NY 10019
17
18   BY:  KIM M. LONGO, ESQ.
19
20
21
22
23
24
25
```

```
 1   CHAITMAN LLP

 2        Attorneys for Roberta Schwartz Trust, Jonathan Schwartz,

 3         as beneficiary of the Gertrude E. Alpern Revocable Trust,

 4         and Roberta Schwartz, as beneficiary of the Gertrude E.

 5         Alpern Revocable Trust, as settler and beneficiary of the

 6         Roberta Schwartz Trust, and in her capacity as trustee of

 7         the Robert Schwartz Trust

 8        465 Park Avenue

 9        New York, NY 10022

10

11   BY:  HELEN DAVIS CHAITMAN, ESQ.

12

13   SCHULTE ROTH & ZABEL LLP

14        Attorney for Picower Defendants

15        919 Third Avenue

16        New York, NY 10022

17

18   BY:  MARCY R. HARRIS, ESQ.

19

20

21

22

23

24

25
```

Page 5

1                P R O C E E D I N G S

2            THE COURT:  Madoff?

3            MR. JACOBS:  What would you like to take first, Your

4    Honor?

5            THE COURT:  I'll do the conference on -- the

6    discovery conference first.

7        (Pause)

8            THE COURT:  Go ahead.

9            MS. CHAITMAN:  Good morning, Your Honor.

10           THE COURT:  Good morning.

11           MS. CHAITMAN:  Helen Davis Chaitman for the

12   defendants in the Helene-Saren Lawrence case and in the Alpern

13   Trust case.

14           I'd like to suggest, Your Honor, that you permit us

15   to do this by motion because I know you've gotten a large

16   number of submissions.  And this involves the defendants in the

17   great number of cases.  And I think that the issue really is

18   whether the trustee is trying to circumvent the rule against

19   taking discovery in order to obtain information to file a

20   viable complaint.  And he's using the subpoena for that

21   purpose.  And I believe that the record shows that that's what

22   he's doing.

23           He clearly has violated the representation that he

24   admits he made in chambers which is that in all of my cases,

25   although I don't see why my cases should be treated

Page 6

1  differently, but in all of my cases, Baker & Hostetler would
2  not serve subpoena --
3           THE COURT:  That's not what he said.
4           MS. CHAITMAN:  Well, that's what he said in his
5  letter he said.  He admitted in his letter that they
6  represented that they -- in my cases, they would not serve bank
7  subpoena unless and until they served discovery and gave the
8  defendants an opportunity to admit or deny transfers.
9           THE COURT:  Okay.  I thought he said that was his
10 practice.  Subpoenas may have gone out but his intention was to
11 serve the subpoenas and then hold compliance in abeyance to
12 give the party an opportunity, you or anybody else, an
13 opportunity to either enter into a stipulation of facts, admit
14 in response to notices of admission or at least narrow the area
15 of dispute.
16          So, for example, I saw in one of your responses, you
17 couldn't say anything about before 2001 because you just didn't
18 have the records, you said.  So in that area, maybe he's
19 entitled to look at bank records before 2001.
20          MS. CHAITMAN:  Right.  Okay.  That was exactly what
21 made sense to me, Your Honor.  I mean, he did make the
22 representation that in my cases, they would not serve subpoena.
23 The very next day they did.  But aside from that, they -- if
24 the purpose is to confirm transfers, which is what, in the
25 Wiener case, they expressed it was and what they expressed in

Page 7

1   chambers the reason for serving the subpoena was, to confirm
2   transfers, then the issue is, okay, if the defendants are able
3   to admit transfers within certain years, then they don't need
4   bank records for those years.  And they only need bank records
5   for other years.
6            In yesterday's submissions, they said, we have
7   another reason because I pointed out if it was simply to
8   confirm transfers which is the representation they made to you
9   in chambers, and to me, then they don't need records after
10  Madoff confessed.
11           THE COURT:  But I thought you were asserting -- all
12  of your defendants asserted as an element of damages, your
13  damages that you had paid taxes.
14           MS. CHAITMAN:  But nobody --
15           THE COURT:  Did you pay -- nobody paid taxes in 2009?
16           MS. CHAITMAN:  Nobody paid taxes after 2003 because
17  they got refunds.  When Congress clarified -- had the IRS
18  clarify the theft loss in March of 2009, people were permitted
19  to get a theft loss going back five years.  They could recover
20  a refund of all taxes paid on Madoff income for five years.  So
21  no --
22           THE COURT:  Are you affirming those defenses then?
23  As long as the defenses are out there, they're entitled to take
24  discovery.
25           MS. CHAITMAN:  The defenses are out there --

Page 8

1     THE COURT:  I mean, I guess counterclaims or setoff
2  site.  Maybe "defenses" isn't the right word.
3     MS. CHAITMAN:  If I can clarify, Your Honor.  Just as
4  with transfers, if they admit transfers going back to 2001,
5  then the only bank subpoena should be before 2001 because
6  they're conceding the transfers the trustee contends after
7  that.  Similarly, with the taxes --
8     THE COURT:  I read your responses.  I'm not so sure
9  that that characterizes the responses to the motion to admit.
10    MS. CHAITMAN:  The -- but the -- with the taxes, Your
11 Honor, if they don't claim that they took -- they paid taxes
12 because they got the refunds from 2003 on, then you can't
13 justify subpoenaing bank records --
14    THE COURT:  I understand.  But don't you still have
15 that defense in the case?
16    MS. CHAITMAN:  Only for pre-2003 taxes.  In other
17 words, let's say that someone started their account in 1980.
18 Yes.  We're claiming that from 1980 through 2002, they paid
19 taxes to the federal government and their applicable state and
20 local taxes, of course.
21    THE COURT:  So the defenses are just seeking taxes
22 paid before 2003?
23    MS. CHAITMAN:  Before 2003 because we got the
24 refunds.
25    THE COURT:  Is that what they say?  Is that what you

1  say in your answer or is that what you're saying now?

2              MS. CHAITMAN:  This only came in yesterday and I

3  didn't file an answer to that.  The refunds covered five years

4  from --

5              THE COURT:  Maybe the answer is simply to withdraw --

6  make clear and withdraw the claims for the tentative taxes

7  applied after 2003 or whatever the date is.

8              MS. CHAITMAN:  With respect to the answers that we --

9  the amended discovery responses, we've explained that we're not

10 claiming taxes after 2003 because we got the tax rate.

11             THE COURT:  All right.  You want to make a motion, in

12 essence, for a protective order?

13             MS. CHAITMAN:  For a protective order with respect to

14 all of these cases because I think that what the trustee is

15 really doing is trying to get evidence of subsequent transfers

16 and they're not entitled to do that from the Supreme Court

17 cases down.

18             THE COURT:  Let me hear from Mr. Jacobs.

19             MR. JACOBS:  Good morning, Your Honor.  Edward Jacobs

20 for the trustee.

21             I first feel compelled just to note for the record

22 that we take exception to even have to be here today on a

23 hearing for contempt against one of our attorneys for merely

24 attempting to obtain discovery --

25             THE COURT:  I didn't even ask.  Are you going forward

1   with that contempt hearing?

2               MS. CHAITMAN:  No.  I want to go forward with a

3   motion for a protective order and a clarification that --

4               THE COURT:  What about your contempt motion?

5               MS. CHAITMAN:  Your Honor, they've admitted what they

6   represented in chambers and they violated that.  I don't

7   care --

8               THE COURT:  No, no, no.

9               MS. CHAITMAN:  -- to hold them in contempt.

10              THE COURT:  My understanding is your contempt motion

11  is directed at an attorney that served subpoenas a day before

12  we had the chambers conference allegedly in violation of an

13  order that was issued during the chambers conference.  Isn't

14  that what you're alleging?

15              MS. CHAITMAN:  What I allege, Your Honor, is that I

16  had told Ms. Cullen of Windels Marx that we were meeting with

17  Your Honor the very next day.  I had received a phone call from

18  the in-house attorney at Valley National Bank who asked me

19  whether it was proper for her to be insisting on compliance

20  that day and I explained to him that we had a conference with

21  the Court the very next day.

22              THE COURT:  No.  But you're seeking contempt.  It

23  connotes a violation of an order.  So what was the order that

24  was violated?

25              MS. CHAITMAN:  It was the -- what she was -- first of

1  all, I'm not pressing the contempt at this point. I simply

2  want a protective order with respect to bank subpoena for all

3  of my clients in all of the cases.

4        THE COURT: All right. Let me hear what you have to

5  say. I understand you don't want to be here and you shouldn't

6  have to be here. What else?

7        MR. JACOBS: Thank you, Your Honor. The situation

8  we're dealing with with respect to Ms. Chaitman -- and I would

9  say the defendants but she purports to speak for an

10 unidentified group of defendants that, unfortunately, we are

11 still having issues today identifying even though we were

12 before this Court on January 27th and Ms. Chaitman represented

13 that she would give us a full and complete list of those

14 clients. We still have numerous discrepancies. We have asked

15 her for clarification twice now and she has not responded.

16       I just want to note for the record that we have

17 document productions. We would like to serve in all of those

18 cases that require first a consent and undertaking to be bound

19 by the litigation protective order to be signed. And also, a

20 nondisclosure agreement to access the documents in e-data room

21 1 before we can make the production under the relevant orders

22 in the case.

23       Ms. Chaitman's delay in clarifying those

24 discrepancies is preventing us from producing those documents I

25 contend she'll attempt to use that against us in the future.

1   I'd like to note that for the record.

2               THE COURT:  Okay.  Noted.  Let's get back to the
3   issue.

4               MR. JACOBS:  I object to a motion to file a
5   protective order on bank records, Your Honor.  This is basic
6   discovery that is relevant in this case.

7               THE COURT:  Then how could I say she can't file a
8   motion?

9               MR. JACOBS:  I -- well then, I request that Your
10  Honor hear the motion today and reject it --

11              THE COURT:  You know, you have a tendency to litigate
12  on letters here.  She wants to make a motion for a protective
13  order.  She may have an issue with standing under Rule 45
14  regarding relevance.  She certainly has a right to make a
15  motion on behalf of her individual clients relating to privacy
16  concerns.

17              MR. JACOBS:  Okay.

18              THE COURT:  Sure.  How can I say she can't make that
19  motion?

20              MR. JACOBS:  If Your Honor would like to hear a
21  motion, we'd be happy to respond to it.  Can we --

22              THE COURT:  So she'll make the motion.

23              MR. JACOBS:  Can we ask for clarification in which
24  case Ms. Chaitman will be making that motion because we do
25  object to her sending frivolous letters to the Court purporting

Page 13

1 to object to subpoenas on unspecified cases.

2 　　　　THE COURT: Well, that's not the way you object to a

3 subpoena. Your subpoenas are out there. They have to be

4 complied with and if there's not compliance, there are

5 consequences for that in the absence of a protective order or

6 an order quashing the subpoena.

7 　　　　MR. JACOBS: Then, Your Honor, can we set a schedule

8 for that briefing 'cause we -- unfortunately, we're concerned

9 about the delay here.

10 　　　　THE COURT: You can go forward with your subpoenas --

11 　　　　MR. JACOBS: Okay.

12 　　　　THE COURT: -- in the absence of a protective order.

13 That's --

14 　　　　MR. JACOBS: The problem is, Your Honor, as you might

15 be aware, we submitted letters on this separate issue. Ms.

16 Chaitman continues to communicate with the subpoenaed banks

17 misrepresenting what the Court has --

18 　　　　THE COURT: I specifically told you on January 27th

19 don't communicate with the banks regarding compliance or non-

20 compliance with the subpoenas. If you have a problem, first

21 take it up with counsel. And if you don't get satisfaction,

22 you can write a letter to me and we'll have a conference. And

23 I'll order you not to do it today and you can settle an order

24 on that.

25 　　　　MR. JACOBS: Okay.

Page 14

```
 1              THE COURT:  That's the only issue I'm deciding today
 2   because it's clear cut and it's just, you know, a
 3   memorialization of what was said in chambers.
 4              MR. JACOBS:  Okay.  So, Your Honor, I think the
 5   situation we'll be faced with is that because Ms. Chaitman has
 6   communicated with those banks, several of them have now told us
 7   that they will not comply with the subpoena until she
 8   affirmatively removes her objection.  So --
 9              THE COURT:  There's ways to do it.
10              MR. JACOBS:  So --
11              THE COURT:  Make a motion to compel compliance.
12              MR. JACOBS:  Then we will quickly proceed with a
13   motion to compel against the banks if that's the Court's
14   directive.
15              THE COURT:  Go ahead.
16              MR. JACOBS:  Thank you, Your Honor.
17              MS. CHAITMAN:  Just to clarify for the record, Your
18   Honor, the only bank that I communicated with was the general
19   counsel of Valley National Bank.  I have no idea what the
20   contention is.  But I would ask Your Honor to simply enforce
21   the representation that Baker admits they made in chambers on
22   January 27th which is that they would not serve subpoenas in my
23   cases.
24              THE COURT:  But they're concerned about spoliation
25   that's arisen with respect to one of the banks.  It has nothing
```

Page 15

1  to do with you.  But they can't get bank records prior to 2007
2  from one of the banks.  And it's important, I think, that they
3  put the banks on notice to preserve the records.
4           My understanding of what occurred was that whether or
5  not they served the subpoenas, they were free to serve the
6  subpoenas for the reason I just stated but they would not seek
7  to enforce those subpoenas against the third parties before
8  they gave the defendant in a particular case an opportunity to
9  either admit in one form -- to admit in one form or another
10 that the transfers were the transfers as alleged in the
11 complaint.  And to the extent there were affirmative defenses
12 that implicated the bank records or the defendant was unable to
13 admit a particular transfer, then they're free to go ahead.
14 Well, they're free to go ahead anyway but their representation
15 was they didn't.  But they're not going to give up control of
16 the timing of the case.  So they'll serve the subpoena.
17 They'll wait 30 days after they serve the -- deliver the
18 proposed stipulation or request for admission.  And, you know,
19 if they don't like what they get, I supposed they'll tell you
20 they're going to go forward with it and then you can argue
21 about whether or not they should go forward with it.
22           MS. CHAITMAN:  Okay.
23           MR. JACOBS:  Your Honor, may I respond very briefly?
24 Since our integrity was called into question, your
25 representation of my representation of the conference is

1  correct.  I just want to state for the record we believe we
2  have an absolute right to those bank records.  Whether or not
3  the defendants admit, what we represented was that we would
4  like to narrow the scope of discovery to just what's in
5  dispute.  So it is very possible if defendants tell us they're
6  admitting to certain transfers or withdrawing affirmative
7  defenses or clarifying what those affirmative defenses are, we
8  may consider withdrawing the bank subpoenas and other
9  discovery.  And that's always been the case.  But in terms of
10  our path going forward, we are going to file our motion to
11  compel.  We are going to continue to serve our bank subpoenas
12  because evidence is being destroyed.  And we will set our
13  subpoenas for 45 days, a return date 45 days out from when we
14  served requests for admissions.  But we're not going to be
15  inclined to give extensions because we did exactly what we
16  represented we would do for Ms. Chaitman and we were rewarded
17  with a letter seeking contempt.
18         So I just want to state for the record that that
19  representation is, in my view, given the developments of today,
20  off the table.  We need to move these cases along.
21         THE COURT:  All right.
22         MR. JACOBS:  Thank you.
23         THE COURT:  Yes?
24         MS. LONGO:  Your Honor, just very quickly.  Hi.  Kin
25  Longo for Windels Marx.  Just in light of this being an issue

Page 17

1   with respect to Windels Marx, we just wanted to clarify for the
2   record that the motion to withdraw -- the motion to seek
3   contempt as to Karen Cullen is officially withdrawn.
4              THE COURT:  I don't know if it's been withdrawn.  Is
5   it withdrawn?
6              MS. CHAITMAN:  Yes.
7              THE COURT:  Okay.  It's withdrawn.
8              MS. LONGO:  Thank you.
9              THE COURT:  You can write a letter asking the Court
10  to withdraw -- asking us to withdraw it.
11       (Whereupon, these proceedings were concluded at 10:23
12  a.m.)

Page 18

I N D E X

R U L I N G S

| | DESCRIPTION | PAGE | LINE |
|---|---|---|---|
| | Record so ordered as to Ms. Chaitman not communicating with banks regarding compliance or non-compliance | 13 | 23 |

Page 19

1      C E R T I F I C A T I O N

2

3   I, Lisa Beck, certify that the foregoing transcript is a true

4   and accurate record of the proceedings.

5   Lisa Beck
    Digitally signed by Lisa Beck
    DN: cn=Lisa Beck, o, ou,
    email=digital1@veritext.com, c=US
    Date: 2016.02.17 12:26:35 -05'00'

6   _____

7   Lisa Beck (CET**D 486)

8   AAERT Certified Electronic Transcriber

9

10

11  Veritext Legal Solutions

12  330 Old Country Road

13  Suite 300

14  Mineola, NY 11501

15

16

17  Date:   February 16, 2016

18

19

20

21

22

23

24

25