# EXHIBIT G

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendant Helene Saren-Lawrence*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>        Plaintiff,<br>   v.<br><br>HELENE SAREN-LAWRENCE,<br><br>        Defendant. | Adv. Pro. No. 10-04898 (SMB) |

**HELENE SAREN-LAWRENCE'S OBJECTIONS AND AMENDED RESPONSES TO TRUSTEE'S FIRST REQUESTS TO ADMIT**

    Helene Saren-Lawrence ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Admission (the "Requests") of trustee Irving H. Picard (the "Trustee"

{00018190 2 }

or the "Propounding Party") as follows:

## **GENERAL OBJECTIONS**

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad

{00018190 2 }  2

and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES

1. Admit that Account No. 1ZA620 was maintained in Your name.

**Admitted.**

2. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

**Admitted to the extent that Exhibit B is consistent with the records covering the period from January 1, 2001 through December 11, 2008, with the records produced by Friedman LLP, Responding Party's accountant during that period; otherwise denied because Responding Party has no basis on which to admit and she leaves the Trustee to his proofs. However, Responding Party points out that the records of the Trustee and the records of Friedman LLP are inconsistent in three ways: (a) The Trustee shows a deposit on January 25, 2002 for $65,000 and Friedman LLP shows a deposit in 2002 for $65,011. (b) The Trustee shows a deposit on November 23, 2007 for $68,291 and Friedman LLP does not show that deposit. (c) Friedman shows a deposit in 2007 of $43,963 which is not shown on Exhibit B. Compare MADC0598_00000002 with 10-04898_F&TP_0000205.**

3. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

**Admitted to the extent that Exhibit B covers the period from January 1, 2001 through December 11, 2008 and is not inconsistent with the records produced by Friedman LLP, Responding Party's accountant during that period; otherwise denied because Responding Party has no basis on which to admit and she leaves the Trustee to his proofs.**

4. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

**Admitted to the extent that Exhibit B covers the period from January 1, 2001**

{00018190 2 }                                               4

10-04898-smb    Doc 91-2    Filed 02/09/16    Entered 02/09/16 13:45:28    Exhibit B
Pg 5 of 9

**through December 11, 2008, and is consistent with the records produced by Friedman LLP, Responding Party's accountant during that period; otherwise denied because Responding Party has no basis on which to admit and she leaves the Trustee to his proofs. Responding Party points out that Exhibit B shows she made a deposit on November 23, 2007 for $68,291 which is not reflected in Friedman's records and that the Trustee shows a deposit on January 25, 2002 for $65,000 and Friedman LLP shows a deposit in 2002 for $65,011.**

5.  Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

**Admitted to the extent that Exhibit B covers the period from January 1, 2001 through December 11, 2008, and is consistent with the records produced by Friedman LLP; otherwise denied because Responding Party has no basis on which to admit and she leaves the Trustee to his proofs.**

6.  Admit that, over the life of the Account, $1,608,000 was withdrawn from the Account.

**Denied because Responding Party has no basis on which to admit and she leaves the Trustee to his proofs.**

7.  Admit that, of the $1,608,000 withdrawn over the life of the Account, $893,291 consisted of principal.

**Denied. Responding Party contends that all of the funds in the Account consisted of "principal."**

8.  Admit that, of the $1,608,000 withdrawn over the life of the Account, $714,709 was withdrawn in excess of principal.

{00018190 2 }                                              5

**Denied. Responding Party contends that all of the funds in the Account consisted of "principal."**

9. Admit that, between December 11, 2006 and December 11, 2008, $261,000 in excess of principal was withdrawn from the Account.

**Denied. Responding Party contends that all of the funds in the Account consisted of "principal."**

10. Admit that the customer statements You received from BLMIS reflect the deposits You made into the Account.

**Admitted to the extent the statements are consistent with the records produced by Friedman LLP but otherwise denied and Responding Party leaves the Trustee to his proofs.**

11. Admit that the customer statements You received from BLMIS reflect the withdrawals You made from the Account.

**Admitted to the extent the statements are consistent with the records produced by Friedman LLP but otherwise denied and Responding Party leaves the Trustee to his proofs.**

12. Admit that You made each deposit into the Account.

**Admitted.**

13. Admit that You made each withdrawal from the Account.

**Admitted that no one, other than Responding Party, was authorized to make withdrawals from the Account. However, for the period pre-dating the records of Friedman LLP, Responding Party has no way of knowing whether someone, other than herself, made withdrawals from the Account.**

{00018190 2 } 6

14. Admit that each deposit into the account was made at Your direction.

**Admitted.**

15. Admit that each withdrawal from the Account was made at Your direction.

**Admitted to the extent that the withdrawals are consistent with the records of Friedman LLP. Otherwise, Responding Party has no way of knowing whether someone, other than herself, made withdrawals from the Account.**

| | |
|---|---|
| New York, New York<br>February 3, 2016 | CHAITMAN LLP<br><br>s/s Helen Davis Chaitman<br><br>465 Park Avenue<br>New York, New York 10022<br>(908) 303-4568<br>hchaitman@chaitmanllp.com<br><br>*Attorneys for Helene Saren-Lawrence* |

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

The undersigned hereby certifies that she has read the foregoing Amended Objections and Responses to the Trustee's First Requests to Admit and that the responses contained therein are true and correct to the best of her knowledge, information and belief.

_____
Helene Saren-Lawrence

SWORN to before me this 1st day of
February 2016

_____
Notary Public

My Commission Expires

DENISE O. DAVIS
Notary Public State of New York
No 01DA6070447
Qualified in New York County
Commission Expires Mar. 4 20 18

{00017499 1 }

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2016 a true and correct copy of the foregoing was served by electronic mail and UPS upon:

> BAKER & HOSTETLER
> David J. Sheehan
> 45 Rockefeller Plaza
> New York, NY 10111
> dsheehan@bakerlaw.com

Dated: New York, New York
February 3, 2016                                         */s/ Helen Davis Chaitman*