# EXHIBIT I

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan, Esq.
Nicholas J. Cremona, Esq.
Edward J. Jacobs, Esq.
Dean D. Hunt, Esq.
Rachel M. Smith, Esq.
Marie L. Carlisle, Esq.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04898 (SMB) |
| Plaintiff, | |
| v. | |
| HELENE SAREN-LAWRENCE, | |
| Defendant. | |

300381595.7

other taxing authority, or any other party that may be claimed as a set off to the transfers the Trustee seeks to avoid.

Third, the bank records sought are important to resolving critical issues in the case – the Defendant's receipt of the transfers and whether BLMIS documents are sufficient to establish those transfers. The Defendant disputes the transfers in both the Defendant's Amended Answer (*see* Dkt. No. 30) and in response to the Trustee's Requests for Admissions (*see* Dkt. No. 51, Ex. B). Further, she claims she has no transfer-related documents of her own[4] and, depending on the circumstances, claims that either the Trustee can prove the transfers through BLMIS documents or that she cannot rely on Madoff's records. *Compare* Chaitman Decl., ¶ 11, Feb. 8, 2016, Dkt. No. 48 ("[T]he Trustee can prove every transfer to and from Madoff by every defendant through his own records") with Dkt. No. 41 ("The defendant is not in a position to confirm the transfers between herself and Madoff for the life of her account because she does not have the records and, clearly, she cannot rely upon Madoff's records."). (Chaitman Decl., ¶ 11, Feb. 8, 2016, Dkt. No. 48.) Given the inconsistency of these positions, the third-party records are important.[5]

Under these circumstances, it is therefore demonstrably untenable that the Defendant should be allowed to withhold the precise evidence which would definitively disprove her denials and invalidate her additional affirmative defenses.

---

[4] The Defendant submitted an Affidavit as to Non-Retention of Madoff Records, which is inadequate, and may evidence spoliation of relevant discovery. (*See* Dkt. No. 51, Ex. C.) The Affidavit fails to explain the disposition of documents attached to Claim No. 000950 filed by Defendant on January 26, 2009, including why those documents were not produced by her accountant in response to the Trustee's subpoena. Nor does it provide an explanation as to why Defendant did not instruct her accountant or her financial institutions, including Valley National Bank, to preserve records relevant to this case. The Trustee reserves all rights to seek appropriate sanctions once Valley National Bank makes a full production in response to the pending subpoena.

[5] The Trustee agrees that in Avoidance Actions as defined by the Litigation Procedures Order (*see SIPC v. BLMIS*, Adv. Pro. No. 08-1789 (SMB), ECF No. 4137), the debtor's books and records are sufficient proofs of his claims and he will prevail at trial on that evidence alone. However, the subpoenaed bank records are nonetheless discoverable, especially where, as here, the Defendant disputes the Trustee's factual claims and raises other defenses that similarly implicate the subpoenaed records.

10