UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole | **CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-04285 (SMB) |

> beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, GROUPEMENT FINANCIER LTD.,
>
> Defendants.

Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, and Luxalpha SICAV, Groupement Financier Ltd., UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA f/k/a Access International Advisors (Luxembourg) SA, Access Partners SA, Patrick Littaye, Claudine Magon de la Villehuchet, Theodore Dumbauld and Pierre Delandmeter, by and through their undersigned counsel (the Trustee and the defendants will be referred to collectively as the "Parties"), hereby submit the following proposed Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into the Federal Rules of Bankruptcy Procedure 7016 and 7026.

1. Status of Pleadings.

    a. On November 23, 2010, the Trustee filed a Complaint in this adversary proceeding.

2

b. On June 17, 2011, Defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A.(the "UBS Defendants") filed a motion pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of this action to the Bankruptcy Court. Defendants Access International Advisors Europe Limited, Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners (Suisse) SA, Access Partners SA, Pierre Delandmeter, Groupement Financier Ltd., Patrick Littaye, Claudine Magon de la Villehuchet (individually as the sole beneficiary under the Will of Thierry Magon de la Villehuchet (a/k/a Rene Thierry de la Villehuchet)), Theodore Dumbauld, and Luxalpha SICAV joined the UBS Defendants' motion to withdraw the reference.

c. On July 11, 2011, the Trustee consented to withdrawal of the reference of this action.

d. On August 1, 2011, the UBS Defendants and Defendant Theodore Dumbauld filed with the district court to which this action was assigned following withdrawal of the reference, *Picard v. UBS AG*, 11 Civ. 4212 (CM) (S.D.N.Y.) (the "District Court"), motions to dismiss certain common-law claims asserted in the Complaint, and Defendants Access International Advisors Europe Limited, Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners (Suisse) SA, Access Partners SA, Pierre Delandmeter, Groupement Financier Ltd., Patrick Littaye, Claudine Magon de la Villehuchet (individually as the sole beneficiary under the Will of Thierry Magon de la Villehuchet (a/k/a Rene Thierry de la Villehuchet)) (together with the UBS Defendants and Defendant Dumbauld, the "Common-Law Motion Defendants") filed a Joinder to the UBS Defendants' motion to dismiss.

  e. On August 17, 2011, the Trustee filed an Amended Complaint with the District Court (ECF Doc. No. 23 in Case No. 11 Civ. 4212 (CM) (S.D.N.Y.)).

  f. By order entered on September 7, 2011, the District Court deemed the Common-Law Motion Defendants' motions to dismiss to be directed to the Trustee's Amended Complaint.

  g. On November 1, 2011, the District Court issued a Decision and Order that granted the Common-Law Motion Defendants' motions, dismissed Counts 12 through 28 of the Amended Complaint, and directed that the remaining claims at issue in the Amended Complaint be returned to the Bankruptcy Court for further proceedings.[1]

  h. On April 27, 2012, defendants Luxalpha SICAV, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access International Advisors Ltd., Access International Advisors Europe Limited., Access Management Luxembourg SA f/k/a Access International Advisors (Luxembourg) SA, Access Partners SA, Access Partners (Suisse) SA, Pierre Delandmeter, Ralf Schroeter, Rene Egger, Alain Hondequin and Hermann Kranz moved to dismiss the Trustee's claims based on lack of personal jurisdiction. Luxalpha SICAV also moved to dismiss on the basis of *forum non conveniens*. The motions were fully briefed and the parties appeared for a hearing before the Bankruptcy Court on December 19, 2012. The Bankruptcy Court converted the hearing to a

---

[1] On December 1, 2011, the Trustee filed a notice of appeal from the November 1, 2011 Decision and Order. On December 5, 2011, the District Court directed the Clerk of Court to enter, and on December 7, 2011 the Clerk of Court entered, a final judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing Counts 12 through 28 of the Amended Complaint. On June 20, 2013, the United States Court of Appeals for the Second Circuit (the "Second Circuit") issued a Decision affirming the District Court's November 1, 2011 Decision and Order. On October 9, 2013, the Trustee filed with the Supreme Court of the United States a Petition for a writ of certiorari to the Second Circuit seeking review of the Second Circuit's Decision affirming the District Court's November 1, 2011 Decision and Order. On June 30, 2014, the Supreme Court issued an Order denying the Trustee's Petition for a writ of certiorari.

4

Rule 16 conference, at which the Court directed the parties to meet and confer to narrow the issues presented by the motions.

    i. Through the meet and confer process, defendant UBS (Luxembourg) SA withdrew its motion to dismiss for lack of personal jurisdiction, and the Trustee agreed to voluntarily dismiss his claims against certain of the moving defendants, including Access Partners (Suisse) SA, Access International Advisors Europe Limited, Ralf Schroeter, Rene Egger, Alain Hondequin, and Hermann Kranz. The remaining moving defendants' motions to dismiss for lack of personal jurisdiction and *forum non conveniens* were not resolved through the meet and confer process. Those motions remain pending.

    j. The Trustee also voluntarily dismissed his claims against defendants Roger Hartmann and Bernd Stiehl, neither of whom had moved to dismiss.

    k. In 2014, defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access International Advisors Ltd., Access Management Luxembourg SA f/k/a Access International Advisors (Luxembourg) SA, Access Partners SA, Patrick Littaye and Pierre Delandmeter joined in a consolidated motion to dismiss the Trustee's claims under section 550 of the Bankruptcy Code, based on extraterritoriality. On August 28, 2014, the Trustee moved for leave to amend the Amended Complaint, and on June 26, 2015 he submitted a proposed Second Amended Complaint in this action. Briefing on the extraterritoriality motion was completed on September 30, 2015 and the Bankruptcy Court conducted a hearing on the motions on December 16, 2015. The Bankruptcy Court has not yet issued a ruling on the Trustee's application to file the proposed Second Amended Complaint in this action.

l.  Pursuant to the Bankruptcy Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, dated December 10, 2014, the Bankruptcy Court will schedule further proceedings on the Trustee's motion for leave to amend following its decision on the extraterritoriality motion.  The Defendants' time to respond to the Amended Complaint in this action has been extended until 30 days after the earlier of the filing of a Second Amended Complaint or an order denying the Trustee leave to file a Second Amended Complaint.

2.  Discovery Plan

a.  Initial Disclosures.  The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1).  The Parties agree that they shall serve initial disclosures no later than **forty-five days** after entry of this Case Management Plan.

b.  Amendment of Pleadings and Joinder of Parties.  The Trustee moved for leave to amend his complaint on August 28, 2014 and submitted a proposed Second Amended Complaint on June 26, 2015.  The proposed amendment seeks to clarify and supplement the allegations concerning the fraudulent transfers defendants received.

c.  Subjects On Which Discovery May Be Needed.  The Parties contemplate that discovery will be needed on all liability and damages issues with respect to the Trustee's claims and the Parties' defenses.  The Parties further contemplate that fact and expert discovery will be required.

d.  Document Demands.  Requests for documents may be served as required and to the extent consistent with Federal Rule of Civil Procedure 26(b), until **sixty days** prior to the Discovery Cut-Off date identified in paragraph 2(i).

6

e. <u>Interrogatories</u>. Interrogatories pursuant to Local Rule 7033-1 may be served at any time, but not later than **sixty days** prior to the Discovery Cut-Off date.

f. <u>Requests To Admit</u>. Requests to Admit, if any, must be served no later than **sixty days** prior to the Discovery Cut-Off date.

g. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **sixty days** after the Discovery Cut-Off date. Any party adverse to the party-proponent of a claim that intends to offer expert testimony in response to the expert testimony disclosed by the party-proponent of the claim, or otherwise in defense of a claim, must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **one hundred twenty days** after the Discovery Cut-Off date. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than **one hundred fifty days** after the Discovery Cut-Off date. All experts may be deposed, but such depositions must occur within **one hundred eighty days** after the Discovery Cut-Off date. The foregoing restriction shall not include amendments to expert reports in light of new evidence as required by Fed. R. Civ. P. 26.

h. <u>Depositions</u>. All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date. Depositions shall proceed concurrently, with no party having priority. To the extent the deposition of any fact witness noticed by the Trustee raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate

such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

      i.   <u>Discovery Cut-Off</u>. All fact discovery is to be completed **two hundred ten** days after the last-issued decision by this Court on: (1) whether SIPA and/or the Bankruptcy Code as incorporated by SIPA applies extraterritorially (see generally Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Plead and for Limited Discovery, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800 (Dec. 10, 2014); and (2) any other motions to dismiss pursuant to Fed. R. Civ. P. 12. The parties acknowledge that because they may undertake discovery pursuant to international treaties and conventions, and that the timing for such discovery can be unpredictable, the discovery schedule may be extended as necessary.

      j.   <u>Limitations on Discovery Imposed Under Federal Rules and/or Local Rules</u>. Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

      k.   <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure

8

in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties.

   l. <u>Privilege and Work Product</u>:  The Parties do not, at this time, anticipate any issues regarding claims of privilege or work product protection as trial-preparation materials. Nothing in this Case Management Plan is meant to supersede the protective order in this action governing inadvertent production and related issues.

  3. <u>Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action</u>.  The parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

  4. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled and Whether the Parties Will Stipulate to the Trial Judge Acting as Settlement Judge</u>. Some of the Parties have engaged in some settlement discussions, but have been unable to reach agreement thus far.  The Parties will notify the Court if they believe a settlement conference would be productive.

  5. <u>Any Other Matter That May Add to the Just and Expeditious Disposition of This Matter</u>.  The Parties are not aware of any other matter that may add to the just and expeditious disposition of this matter.

  6. <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule additional proceedings, including motions for summary judgment, a final pre-trial conference and trial date.

  7. <u>Next Conference</u>.  The Parties will contact the Court to schedule the next conference as necessary.

8. <u>Parties and Counsel</u>.  The following parties join in this case management plan through their counsel.

Date:   New York, New York
       April ___, 2016

                      BAKER & HOSTETLER LLP

                      By:    _____

                          David J. Sheehan
                          dsheehan@bakerlaw.com
                          Oren J. Warshavsky
                          owarshavsky@bakerlaw.com

                      45 Rockefeller Plaza
                      New York, New York 10111
                      Telephone: 212.589.4200
                      Facsimile: 212.589.4201

                      *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

GIBSON, DUNN & CRUTCHER LLP

By: _____
    Marshall R. King
    mking@gibsondunn.com
    Gabriel Herrmann
    gherrmann@gibsondunn.com

200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants UBS AG, UBS (Luxembourg) SA, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company SA*

KATTEN MUCHIN ROSENMAN LLP

By: _____
    Anthony Paccione
    anthony.paccione@kattenlaw.com
    Brian Muldrew
    brian.muldrew@kattenlaw.com

575 Madison Avenue
New York, New York 10022-2585
Telephone: 212.940.8800
Facsimile: 212.940.8774

*Attorneys for Defendants Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners SA, Patrick Littaye, Claudine Magon de la Villehuchet, and Groupement Financier Ltd.*

PORZIO BROMBERG & NEWMAN P.C.

By: _____
Brett S. Moore
bsmoore@pbnlaw.com

156 West 56th Street, Suite 803
New York, New York  10019-3800
Telephone:  212.265.6888
Facsimile:  212.957.3983

*Attorneys for Defendants Luxalpha SICAV as represented by its Liquidators Maître Alain Rukavina and Paul Laplume, Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha SICAV*


SHER TREMONTE LLP

By: _____
Robert Knuts
rknuts@shertremonte.com

80 Broad Street, Suite 1301
New York, New York  10004
Telephone:  212.202.2638
Facsimile:  212.202.4156

*Attorneys for Defendant Theodore Dumbauld*


FRIEDMAN, KAPLAN, SEILER & ADELMAN LLP

By: _____
Scott Berman
sberman@fklaw.com
Chris McCall
cmccall@fklaw.com

7 Times Square
New York, New York 10036
Telephone:  212.833.1120
Facsimile:  212.373.7920

*Attorneys for Defendant Pierre Delandmeter*

12

So Ordered This _____ Day of _____, 2016

_____
Honorable Stuart M. Bernstein
United States Bankruptcy Judge