# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 18, 2016

Karin S. Jenson
direct dial: 212.589.4266
kjenson@bakerlaw.com

**VIA FEDERAL EXPRESS, ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408

Re:   *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-04285 (SMB) (the "Luxalpha Action")
      *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-05311 (SMB) (the "LIF Action")

Dear Judge Bernstein:

We represent Irving Picard (the "Trustee"), as trustee for the liquidation of the business Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff.  We write on behalf of all parties to the Luxalpha and LIF Actions, which the parties have agreed should be coordinated for scheduling purposes, and which are scheduled for initial pre-trial conferences before Your Honor on April 27, 2016, at 10:00 a.m.

The parties have met and conferred in accordance with Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), and are unable to agree about the course of proceedings in these actions.  Accordingly, the parties would like to keep the appearance before Your Honor on April 27, 2016, but for a status conference instead of the initial pre-trial conference.  The parties will elaborate on their positions at the status conference, but the essence of the disagreement is as follows.

The Trustee believes that it is appropriate to move the Luxalpha and LIF Actions forward by setting a schedule for and commencing discovery at this time.  The cases have been pending since late 2010.  Many of the events underlying the claims and defenses took place more than ten years ago.  The Trustee believes that further delaying the commencement of discovery would unduly prejudice his ability to prosecute his claims: with the passage of time, there is the threat that evidence of those underlying events will be lost.  The Federal Rules of Civil Procedure permit discovery to proceed now while the defendants' motions to dismiss for extraterritoriality, lack of personal jurisdiction, and *forum non conveniens* are pending in order to avoid such undue

prejudice. None of the motions provide a basis for discovery to be held in abeyance and none will dispose of all of the Trustee's claims. Accordingly, the Trustee believes that discovery is necessary.

The defendants believe that it is premature and wasteful to commence discovery at present, given the pendency of the extraterritoriality motion, the unresolved nature of the Trustee's motion for leave to amend his complaints, and numerous jurisdictional and merits-based grounds for dismissal that the defendants have raised and/or intend to raise in anticipated motion practice on the pleadings, following the resolution of the extraterritoriality motion. They believe that the rationale for holding discovery in abeyance pending resolution of those issues is equally applicable, if not more so, now than it was when the parties agreed on numerous occasions that discovery should await resolution of those issues. If there is a desire to make progress while we await Your Honor's decision on extraterritoriality, the defendants have proposed that (a) the parties move forward now with briefing on the other Rule 12 motions that have been deferred pending resolution of the extraterritoriality motion and motion to amend, or (b) in the alternative, the parties be permitted to pursue document discovery overseas by letters of request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

Notwithstanding the parties' disagreement on this fundamental issue, they have discussed and agreed upon the form of a Case Management Plan for each case at such time as its entry becomes appropriate.[1] Copies of the proposed plans are enclosed. The parties' agreement to the form of these plans is without prejudice to any objections they might have to any particular discovery that may be propounded (including some defendants' position that any discovery from overseas sources should proceed first via the Hague Convention, rather than the Federal Rules), and without waiver of any jurisdictional or other defenses they may have.

Respectfully submitted,

*/s/ Karin S. Jenson*

Karin S. Jenson


cc:

Marshall R. King
Gibson Dunn & Crutcher LLP
Email: mking@gibsondunn.com

Brett S. Moore
Porzio Bromberg & Newman P.C.
Email: bsmoore@pbnlaw.com

---

[1] As of this writing, two defense counsel are awaiting client approval on this point.

Page 3

Anthony Paccione
Brian Muldrew
Katten Muchin Rosenman LLP
Email: anthony.paccione@kattenlaw.com
Email: brian.muldrew@kattenlaw.com

Scott M. Berman
Friedman Kaplan Seiler & Adelman LLP
Email: sberman@fklaw.com

Robert Knuts
Sher Tremonte LLP
Email: rknuts@shertremonte.com

Richard Levin
Carl N. Wedoff
Jenner & Block LLP
Email: rlevin@jenner.com
Email: cwedoff@jenner.com

Mark J. Hyland
Michael B. Weitman
Seward & Kissel LLP
Email: hyland@sewkis.com
Email: weitman@sewkis.com

Thomas J. Hall
Stacey Trimmer
Chadbourne & Parke LLP
Email: thall@chadbourne.com
Email: strimmer@chadbourne.com