UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UBS AG, UBS (LUXEMBOURG) S.A., UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A., RELIANCE INTERNATIONAL RESEARCH LLC, RELIANCE MANAGEMENT (GIBRALTAR) LIMITED, LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS, as represented by their Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, in their capacities as liquidators and representatives of LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS, and LANDMARK INVESTMENT FUND IRELAND,<br><br>　　　　Defendants. | **CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-05311 (SMB) |

Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, and defendants Luxembourg Investment Fund ("LIF") and Luxembourg Investment Fund U.S. Equity Plus ("LIF-USEP"), Landmark Investment Fund Ireland, UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Reliance International Research LLC, and Reliance Management (Gibraltar) Limited, by and through their undersigned counsel (the Trustee and the defendants will be referred to collectively as the "Parties"), hereby submit the following proposed Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into the Federal Rules of Bankruptcy Procedure 7016 and 7026.

1. Status of Pleadings.

   a. On December 7, 2010, the Trustee filed a Complaint in this adversary proceeding.

   b. On June 17, 2011, Defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A. (the "UBS Defendants") filed a motion pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of this action to the Bankruptcy Court.

   c. On July 11, 2011, Messrs. Paul Laplume and Alain Rukavina, Court-Appointed Liquidators for Defendant LIF, filed in the District Court a joinder to the UBS Defendants' motion to withdraw the reference.

2

    d. On July 11, 2011, the Trustee voluntarily dismissed certain of his claims, which the District Court deemed to be an amendment of the Complaint as of right pursuant to Fed. R. Civ. P. 15 (*see* ECF Doc. No. 10 in Case No. 11 Civ. 4213 (CM) (S.D.N.Y. July 19, 2011)).

    e. By Order entered on July 27, 2011, the District Court (McMahon, J.) granted the motion to withdraw the reference as to the UBS Defendants only, and denied withdrawal of the reference as to any other party.

    f. By Stipulation and Order entered on March 12, 2012, the District Court ordered the remaining claims against the UBS Defendants be returned to the Bankruptcy Court for further proceedings.

    g. On April 27, 2012, defendants LIF, LIF-USEP, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., M&B Capital Advisers Sociedad de Valores, S.A., M&B Capital Advisers Gestión SGIIC, S.A., Reliance Management (Gibraltar) Limited, and Reliance Management (BVI) Limited moved to dismiss the Trustee's claims based on lack of personal jurisdiction.  LIF and LIF-USEP also moved to dismiss on the basis of *forum non conveniens*.  The motions were fully briefed and the parties appeared for a hearing before the Bankruptcy Court on December 19, 2012.  The Bankruptcy Court converted the hearing to a Rule 16 conference, at which the Court directed the parties to meet and confer to narrow the issues presented by the motions.

    h. Through the meet and confer process, defendant UBS (Luxembourg) SA withdrew its motion to dismiss for lack of personal jurisdiction, and the Trustee agreed to voluntarily dismiss his claims against certain of the moving defendants, including M&B Capital Advisers Holding, S.A., M&B Capital Advisers Gestión SGIIC, S.A., JB Capital Markets Sociedad de Valores, S.A. (f/k/a M&B Capital Markets Sociedad de Valores, S.A.), Francisco

3

Javier Botin-Sanz de Sautuola O'Shea, Guillermo Morenes Mariategui, and Reliance Management (BVI) Limited. The remaining moving defendants' motions to dismiss for lack of personal jurisdiction and *forum non conveniens* were not resolved through the meet and confer process. Those motions remain pending.

      i. In 2014, defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., M&B Capital Advisers Sociedad de Valores, S.A., and Reliance Management (Gibraltar) Limited joined in a consolidated motion to dismiss the Trustee's claims under section 550 of the Bankruptcy Code, based on extraterritoriality. On August 28, 2014, the Trustee moved for leave to amend his Complaint, and on June 26, 2015 he submitted a proposed Amended Complaint in this action. Briefing on the extraterritoriality motion was completed on September 30, 2015 and the Bankruptcy Court conducted a hearing on the motions on December 16, 2015. The Bankruptcy Court has not yet issued a ruling on the Trustee's application to file the proposed Amended Complaint in this action.

      j. Pursuant to the Bankruptcy Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, dated December 10, 2014, the Bankruptcy Court will schedule further proceedings on the Trustee's motion for leave to amend following its decision on the extraterritoriality motion. The Defendants' time to respond to the Complaint in this action has been extended until 30 days after the earlier of the filing of an Amended Complaint or an order denying the Trustee leave to file an Amended Complaint.

    2.    <u>Discovery Plan</u>

    a. <u>Initial Disclosures</u>.  The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1).  The Parties agree that they shall serve initial disclosures no later than **forty-five days** after entry of this Case Management Plan.

    b. <u>Amendment of Pleadings and Joinder of Parties</u>.  The Trustee moved for leave to amend his complaint on August 28, 2014 and submitted a proposed Amended Complaint on June 26, 2015.  The proposed amendment seeks to clarify and supplement the allegations concerning the fraudulent transfers defendants received.

    c. <u>Subjects On Which Discovery May Be Needed</u>.  The Parties contemplate that discovery will be needed on all liability and damages issues with respect to the Trustee's claims and the Parties' defenses.  The Parties further contemplate that fact and expert discovery will be required.

    d. <u>Document Demands</u>.  Requests for documents may be served as required and to the extent consistent with Federal Rule of Civil Procedure 26(b), until **sixty days** prior to the Discovery Cut-Off date identified in paragraph 2(i).

    e. <u>Interrogatories</u>.  Interrogatories pursuant to Local Rule 7033-1 may be served at any time, but not later than **sixty days** prior to the Discovery Cut-Off date.

    f. <u>Requests To Admit</u>.  Requests to Admit, if any, must be served no later than **sixty days** prior to the Discovery Cut-Off date.

    g. <u>Experts</u>.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **sixty days** after the Discovery Cut-Off date.  Any party adverse to the party-proponent of a claim that intends to offer

expert testimony in response to the expert testimony disclosed by the party-proponent of the claim, or otherwise in defense of a claim, must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **one hundred twenty days** after the Discovery Cut-Off date.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than **one hundred fifty days** after the Discovery Cut-Off date.  All experts may be deposed, but such depositions must occur within **one hundred eighty days** after the Discovery Cut-Off date.  The foregoing restriction shall not include amendments to expert reports in light of new evidence as required by Fed. R. Civ. P. 26.

      h.    <u>Depositions</u>.  All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date.  Depositions shall proceed concurrently, with no party having priority.  To the extent the deposition of any fact witness noticed by the Trustee raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions.  The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

      i.    <u>Discovery Cut-Off</u>.  All fact discovery is to be completed **two hundred ten days** after the last-issued decision by this Court on: (1) whether SIPA and/or the Bankruptcy Code as incorporated by SIPA applies extraterritorially (see generally Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Plead and

6

for Limited Discovery, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800 (Dec. 10, 2014); and (2) any other motions to dismiss pursuant to Fed. R. Civ. P. 12. The parties acknowledge that because they may undertake discovery pursuant to international treaties and conventions, and that the timing for such discovery can be unpredictable, the discovery schedule may be extended as necessary.

j. <u>Limitations on Discovery Imposed Under Federal Rules and/or Local Rules</u>. Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

k. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties.

l. <u>Privilege and Work Product</u>: The Parties do not, at this time, anticipate any issues regarding claims of privilege or work product protection as trial-preparation materials. Nothing in this Case Management Plan is meant to supersede the protective order in this action governing inadvertent production and related issues.

3. _Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action_.  The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4. _Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled and Whether the Parties Will Stipulate to the Trial Judge Acting as Settlement Judge_.  Some of the Parties have engaged in some settlement discussions, but have been unable to reach agreement thus far.  The Parties will notify the Court if they believe a settlement conference would be productive.

5. _Any Other Matter that May Add to the Just and Expeditious Disposition of This Matter_.  The Parties are not aware of any other matter that may add to the just and expeditious disposition of this matter.

6. _Trial_.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule additional proceedings, including motions for summary judgment, a final pre-trial conference and trial date.

7. _Next Conference_.  The Parties will contact the Court to schedule the next conference as necessary.

8. _Parties and Counsel_.  The following parties join in this case management plan through their counsel.

Date:  New York, New York
       April ___, 2016

**BAKER & HOSTETLER LLP**

By: _____

    David J. Sheehan
    dsheehan@bakerlaw.com
    Oren J. Warshavsky
    owarshavsky@bakerlaw.com
    Geoffrey A. North
    gnorth@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*


**GIBSON, DUNN & CRUTCHER LLP**

By: _____

    Marshall R. King
    mking@gibsondunn.com
    Gabriel Herrmann
    gherrmann@gibsondunn.com

200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A.*

**PORZIO BROMBERG & NEWMAN P.C.**

By: _____

    Brett S. Moore
    bsmoore@pbnlaw.com

156 West 56th Street, Suite 803
New York, New York 10019
Telephone: (212) 265-6888
Facsimile: (212) 957-3983

*Attorneys for Defendants Luxembourg Investment Fund and Luxembourg Investment Fund U.S. Equity Plus as represented by their Liquidators Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxembourg Investment Fund and Luxembourg Investment Fund U.S. Equity Plus*

**SEWARD & KISSEL LLP**

By: _____

    Mark J. Hyland
    hyland@sewkis.com
    Michael B. Weitman
    weitman@sewkis.com

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1486
Facsimile: (212) 480-8421

*Attorneys for Defendant Reliance International Research, LLC*

**CHADBOURNE & PARKE LLP**

By: _____

Thomas J. Hall
thall@chadbourne.com

1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Attorneys for Landmark Investment Fund Ireland*

So Ordered This \_\_\_\_\_ Day of _____, 2016

_____
Honorable Stuart M. Bernstein
United States Bankruptcy Judge