# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 20, 2016

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Edward A. Zraick Jr., et al.*, Adv. Pro. No. 10-05257 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to the two motions (the "Motions") filed by the Defendants in the above-referenced case on April 18, 2016 seeking, *inter alia*, an order permitting defense counsel to communicate with third-party banks regarding Defendants' objections, pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. 6801, *et seq.* (the "GLBA"), to certain subpoenas issued to the banks by the Trustee.[1]  Consistent with instructions received from the Court, the Trustee limits this response to Defendants' substantive objections under the GLBA.[2]

---

[1] Defendants filed the Motions in violation of Local Rule 7007 and this Court's individual Chambers rules requiring a moving party to request a conference on any discovery dispute and obtain permission from the Court prior to filing any discovery motion.  The Trustee submits this response in letter form in an effort to comply with this Court's requirements, but the Trustee will put this letter response in the form of a brief if the Court prefers.

[2] The Trustee will not specifically address here the numerous mischaracterizations in Defendants' motion papers, given that they are irrelevant to the substantive issue for which the Court specifically requested a response from the Trustee.  It is sufficient to note that the Trustee only advised defense counsel that parties should not raise objections to subpoenas directly with the subpoena targets and should instead seek appropriate relief from the Court, as this Court has noted on numerous occasions in other adversary proceedings.  Contrary to representations in the Motions, the Trustee never communicated to defense counsel that they were bound by the February 19 Order in the *Saren-Lawrence* matter, nor did the Trustee ever "threaten" a motion for contempt if opposing counsel communicated with the third-party banks.

Honorable Stuart M. Bernstein
April 20, 2016
Page 2

The plain language of the GLBA makes clear that the statute does not apply here. As Defendants recognize, the GLBA's requirement that financial institutions notify their clients and provide them with an opportunity to opt out prior to disclosing their records to a third party is subject to the exceptions articulated in 15 U.S.C. § 6802(e)(8). Specifically, an exception to notification applies when disclosure is required:

> to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; *or to respond to judicial process* or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.

15 U.S.C. § 6802(e)(8) (emphasis added). Accordingly, notification is not required when a bank is requested to "respond to judicial process," which every court analyzing the provision has interpreted to include civil discovery obligations. *See, e.g., Loef v. First American Title Ins. Co.*, No. 2:08–cv–311–GZS, 2012 WL 9535, *1 (D. Maine. Jan. 11, 2012) (collecting cases and noting that "the few courts considering this issue uniformly have held that the provision of documents in response to an authorized subpoena meets the exception codified at 15 U.S.C. § 6802(e)(8)"); *RQ Construction, Inc. v. Ecolite Concrete U.S.A.*, 2010 WL 3069198,*2 (S.D. Cal. Aug. 4, 2010) (denying motion to quash Rule 45 subpoena and noting that "a financial institution does not violate the act if it provides the information in response to judicial process, including civil discovery"); *Marks v. Global Mortg. Group, Inc.*, 218 F.R.D. 492, 496 (S.D.W.Va.2003) (same). Defendants do not cite a single case holding that civil discovery obligations are not contemplated by the "judicial process" exception articulated in 6802(e)(8).[3]

Instead, Defendants rely on an already-rejected textual argument that the "judicial process" exception only applies in circumstances involving "government regulatory authorities having jurisdiction over the financial institution." However, as explained by the *Marks* court, the two phrases are "syntactically separate and distinct," and the "judicial process" exception is thus "independent from, and in addition to, the exception permitting disclosure to comply with a government regulatory investigation." 218 F.R.D. at 496. As the courts have uniformly recognized, the *Marks* court's interpretation of this provision is the correct one, and the Trustee submits that the Court should apply it here.

Because the express language of Section 6802(e)(8) of the GLBA exempts the bank's disclosure requirements concerning the Defendants' bank records, Defendants' argument that they should be able to communicate with the banks regarding their GLBA-related objection is

---

[3] Defendants' reliance on the vacated decision of *Union Planters Bank Nat. Ass'n v. Salih*, No. Civ. A. 02-1224, 2003 WL 1193671 (E.D. La. March 12, 2003) is misplaced, as the court in that case did not consider the specific exceptions contained in Section 6802(e)(8).

Honorable Stuart M. Bernstein
April 20, 2016
Page 3

moot and without merit. As this Court has recognized, the correct protocol for a party objecting to a Rule 45 subpoena is to seek redress directly with the Court. Because Defendants have raised no other legitimate objections for the Court to consider, the relief sought should be rejected in its entirety.

Given the weight of authority against Defendants' position, the Trustee respectfully requests that the Court deny Defendants' application without any additional briefing and order full compliance with the subpoenas. As we communicated in writing to defense counsel even prior to the filing of the Motions, the Trustee will accept the third-party productions designated as confidential under the June 2, 2011 Litigation Protective Order, and thus Defendants' confidentiality concerns are moot.[4] In addition, the Trustee requests that the Court specifically deny Defendants' requests to directly contact subpoenaed third parties. Unauthorized interference by defendants providing contrary legal direction to subpoena recipients has caused delay and confusion in these cases in the past. Requests of this nature should be directed to this Court.

The Securities Investor Protection Corporation ("SIPC") has authorized the Trustee to represent to the Court that SIPC joins in this letter.

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin


cc: Keith R. Murphy

Robert A. Rich
Peter S. Partee
Hunton & Williams LLP
200 Park Avenue
New York, New York 10166

---

[4] The Trustee does not believe designating the financial records as confidential requires any additional stipulation by the parties, as the Litigation Protective Order already applies to this and every other adversary proceeding.

300387994.4