**CHAITMAN LLP**
Helen Davis Chaitman, Esq.
Gregory M. Dexter, Esq.
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com
*Attorneys for Defendants Listed on*
*Exhibit A annexed to Notice of Appeal*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>Adv. Pro. No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON EXHIBIT A ANNEXED TO NOTICE OF APPEAL,<br><br>Defendants. | Adv. Pro. Nos.<br>10-04352 (SMB)<br>10-04377 (SMB)<br>10-04644 (SMB)<br>10-04658 (SMB)<br><br>Appeal Nos.<br>16-cv-02792<br>16-cv-02804<br>16-cv-02806<br>16-cv-02807 |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAVE TO APPEAL

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

I. The Trustee and SIPC fundamentally misunderstand the substance of Movants' challenge to the Trustee's compensation structure ........ 4

II. All Movants have standing ........ 6

CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*,
2012 WL 1589597 (S.D.N.Y. May 7, 2012) ....................3

*Estee Lauder, Inc. v. Fragrance Counter, Inc.*,
189 F.R.D. 269 (S.D.N.Y. 1999) ....................4

*Gorman v. Polar Electro, Inc.*,
124 F. Supp. 2d 148 (E.D.N.Y. 2000) ....................3

*In Re Madoff Sec.*,
531 B.R. 439 (Bankr. S.D.N.Y. 2015) ....................1, 7

*Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*,
2014 WL 5525237 (S.D.N.Y. Oct. 27, 2014) ....................2, 3

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986) ....................8

*Sibley v. Choice Hotels Int'l, Inc.*,
304 F.R.D. 125 (E.D.N.Y. 2015) ....................4

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*,
948 F.2d 1338 (2d Cir. 1991) ....................8

*Young v. Paramount Comm'ns Inc.*,
186 B.R. 803 (S.D.N.Y. 1995) ....................3

**Statutes**

11 U.S.C § 326 ....................5

11 U.S.C. § 326(a) ....................5, 6

11 U.S.C. § 330 ....................5

11 U.S.C. § 330(a)(1) ....................4, 5

11 U.S.C. § 330(a)(3)(C) ....................5

11 U.S.C. § 330(a)(3)(D) ....................5

11 U.S.C. § 330(a)(4)(A)(i) ....................5

11 U.S.C. § 330(a)(4)(A)(ii)(I) ....................5

11 U.S.C. § 330(a)(4)(A)(ii)(II) ....................5

11 U.S.C. § 330(a)(7) ....................5

15 U.S.C. § 78eee ....................6

28 U.S.C. § 1927 ....................7, 8

**Other Authorities**

Fed. R. Civ. P. 8(c) ....................4

Fed. R. Civ. P. 12(f) ....................2

Defendants RAR Entrepreneurial Fund, Ltd., Carol Nelson, individually and as joint tenant, Stanley Nelson, individually and as joint tenant, and Russell L. Dusek (the "Movants") submit this reply memorandum of law in further support of their motion (the "Motion") for leave to appeal the Order of the Bankruptcy Court (Bernstein, C.J.) Implementing the Bankruptcy Court's March 17, 2016 Bench Ruling Granting Protective Order entered on March 18, 2016 on the 08-01789 (SMB) docket (ECF No. 12912) (the "March 17, 2016 Order").[1]

**PRELIMINARY STATEMENT**

In their answers to the Trustee's complaints, Movants assert the affirmative defense that the Trustee's compensation structure denies Movants their right to due process of law. (*See, e.g.*, *Picard v. Dusek,* Adv. Pro. No. 10-04644, Answer at 22, ECF No. 42) ("The Trustee's prosecution of these claims is a denial of Defendant's rights to due process of law because the Trustee is a quasi-governmental officer and he has an economic interest in each litigation because he receives at least 15% of all legal fees paid to Baker & Hostetler LLP.").

The Trustee never moved to strike this affirmative defense. And Judge Daniels has held that discovery is necessary to support it. (*See RAR Entrepreneurial Fund, Ltd.*, No. 15-cv-06564, ECF No. 12, Chaitman Decl., Ex. B) ("[T]here is no settled factual record for this Court to consider on the issue of the Trustee's compensation.").[2] Nevertheless, the March 17, 2016 Order prevents Movants from taking any discovery to obtain the facts to support this affirmative defense.

---

[1] Movant Russell Oasis was mistakenly added as a party to this Motion, but he successfully moved to have the complaint against him dismissed. He is no longer a party to these proceedings. *See In Re Madoff Sec.*, 531 B.R. 439, 472-74 (Bankr. S.D.N.Y. 2015) (the "June 2, 2015 Decision") (Chaitman Declaration, Ex. A).

[2] All exhibit references in this Reply Memorandum of Law, unless otherwise indicated, are to the March 31, 2016 Declaration of Helen Davis Chaitman. (*See In Re Madoff,* 08-01789, ECF No. 13011).

(Chaitman Decl., Ex. D). The Trustee's arguments in opposition to the Motion, and the March 17, 2016 Order itself, demonstrate fundamental misunderstandings of the framework of the Federal Rules of Civil Procedure as well as Movants' substantive challenge to the Trustee's compensation structure. The Motion presents a controlling question of law that should be resolved on appeal and none of the arguments raised by the Trustee or SIPC demand a contrary result.

Movants have a right to take discovery to develop the factual record necessary to support their affirmative defenses. *See, e.g.*, *Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*, 2014 WL 5525237, at *3 (S.D.N.Y. Oct. 27, 2014) ("As long as the defense is in the case – and plaintiffs do not purport to seek relief under Fed. R. Civ. P. 12(f), which authorizes a motion to strike affirmative defenses – the defendant is entitled to seek relevant discovery in support of that defense."). Indeed, the Trustee himself recently took this position, successfully, in a separate adversary proceeding in the Madoff liquidation. (*See Saren-Lawrence*, Adv. Pro. No. 10-04898, ECF No. 83 at 21) ("[I]t would be improper for Defendants to maintain the defense but at the same time, deny the Trustee basic discovery concerning its factual underpinnings . . . .").

Rather than allowing Movants to develop that factual record, the March 17, 2016 Order precludes it and operates, effectively, as a procedurally inappropriate *sua sponte* order striking Movants' affirmative defense even though the Trustee never made such a motion and Movants never had an opportunity to contest it. As a result, Movants are now placed in a procedural quagmire that can be easily resolved if this Court grants leave to appeal.

The March 17, 2016 Order presents a controlling question of law that is appropriate for interlocutory review. There is no fact-intensive inquiry as the Trustee suggests. At the March 17, 2016 hearing, Judge Bernstein indicated that he entered the March 17, 2016 Order because he previously found that he denied Movants' due process challenge **"merely as a matter of law."**

(*See* March 17, 2016 Transcript at 9:20, Ex. E) (emphasis added). Indeed, Judge Bernstein entered this Order because he "do[esn't] think it matters whether or not Mr. Picard gets a percentage ultimately in the fees that are paid to . . . Baker Hostetler." (*Id.* at 9:21-23). Stated otherwise, the Order was entered because Judge Bernstein had found that **"[a]s a matter of law[,] [the Trustee's compensation structure] is irrelevant."** (*Id.* at 10:19-20); (*see also id.* at 10:3-7) (Judge Bernstein stated that the "bottom line" is that, even if the Trustee is compensated in the manner as alleged by Movants, Judge Bernstein "do[esn't] see a due process violation.").

Since Judge Daniels found that the factual record was incomplete on Movants' due process defense, Judge Bernstein was bound by that finding. Yet, he ignored it. Movants respectfully request that this Court grant interlocutory review of the March 17, 2016 Order.

## ARGUMENT

Leave to appeal should be granted where an order (1) "involves a controlling question of law," (2) as to "which there is a substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Young v. Paramount Comm'ns Inc.*, 186 B.R. 803, 806 (S.D.N.Y. 1995). Judge Daniels' only ground for denying the motion for leave to file an interlocutory appeal was that the factual record was not "settled," and thus there was no "controlling question of law." Thus, Judge Bernstein should not have prevented Movants from taking discovery to complete the factual record. *See Mon Chong Loong Trading Co.*, 2014 WL 5525237, at *3 ("As long as the defense is in the case . . . the defendant is entitled to seek relevant discovery in support of that defense."); *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2012 WL 1589597, at *5 (S.D.N.Y. May 7, 2012) ("Because the deposition categories . . . relate to these affirmative defenses, a protective order is not warranted . . . ."); *Gorman v. Polar Electro, Inc.*, 124 F. Supp. 2d 148, 149 (E.D.N.Y.

2000) (permitting discovery because it was "directly related . . . to an affirmative defense raised by the defendants"); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999) (finding that affirmative defense was colorable and therefore denying motion to strike and for a protective order).[3]

## I. The Trustee and SIPC fundamentally misunderstand the substance of Movants' challenge to the Trustee's compensation structure

The Trustee and SIPC go to great lengths[4] to justify the Trustee's compensation structure, but these arguments represent a fundamental misunderstanding of Movants' challenge. At this stage of the litigation, Movants simply challenge Judge Bernstein's denial of their right to take discovery of the Trustee's compensation structure so that there will be a complete factual record before the District Court. Until there is a complete factual record, the Court is not in a position to evaluate the merits of Movants' due process challenge. Movants believe that the full factual record will prove that, given the Trustee's compensation structure, the Trustee had every economic motivation to litigate and engender enormous fees for his firm, even if the litigation he institutes is meritless. This is Movants' due process challenge.

The Trustee, in opposing Movants' challenge, points to 11 U.S.C. § 330(a)(1), which governs compensation for a bankruptcy trustee and his counsel in non-SIPA proceedings, to show that non-SIPA trustees and their counsel may be awarded "reasonable compensation for actual

---

[3] Moreover, Movants have met their pleading burden. *See Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015) ("[A] defendant must only 'affirmatively state' an affirmative defense pursuant to Rule 8(c) and need not meet the *Twombly/Iqbal* plausibility standard.") Movants are entitled to proceed on their due process challenge.

[4] Because this Memorandum is only in support of leave to appeal, and not on the merits of an appeal, Movants will more thoroughly address all of the Trustee's substantive allegations regarding his compensation if leave to appeal is granted. Given the page limitations of this Reply, Movants cannot address all of the Trustee's substantive arguments here, nor must they for leave to be granted.

necessary services" and "reimbursements for actual, necessary expenses." (Trustee Mem. at 6) (citing 11 U.S.C. § 330(a)(1)). But a closer review of Section 330(a)(1) and the statutes it cross-references prove Movants' precise point: under Section 330, the compensation of a non-SIPA bankruptcy trustee and his counsel is closely tied to the success of the litigations the trustee institutes and contains other sensible cross-checks to ensure that the compensation is reasonable.

Indeed, Section 330 lists numerous factors that the bankruptcy court must consider in determining the appropriate fee, including, but not limited to (a) "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case," *id.* at § 330(a)(3)(C), and "whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed." *Id.* at § 330(a)(3)(D). Section 330 further prohibits compensation for "unnecessary duplication of services," *id.* at § 330(a)(4)(A)(i), for services that were "not reasonably likely to benefit the debtor's estate," *id.* at § 330(a)(4)(A)(ii)(I), and for services that were "not necessary to the administration of the case." *Id.* at § 330(a)(4)(A)(ii)(II).

Section 330 also provides a cross-reference to Section 326 by providing that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." (*See* 11 U.S.C. § 330(a)(7)). Section 326 imposes what is essentially sliding-scale contingency arrangement whereby a non-SIPA trustee is compensated based on a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." (*See* 11 U.S.C. § 326(a)).[5]

---

[5] The trustee is paid after he renders such services in an amount not to exceed 25 percent on the first $5,000 or less disbursed or turned over, 10 percent on any amount in excess of $5,000 but not in excess of $50,000 disbursed or turned over, 5 percent on any amount in excess of $50,000 but

The statutory scheme in SIPA, as outlined in 15 U.S.C. § 78eee, contains no similar cross-checks to ensure that the Trustee's compensation is reasonably tied to the success of the litigations he institutes and the manner in which he conducts them. Although 15 U.S.C. § 78eee suggests that the Court may evaluate the reasonableness of a trustee's fee, the Trustee has successfully argued to the Bankruptcy Court that it cannot do so once SIPC has approved it. Thus, SIPC, which appointed the Trustee, can control the Trustee's compensation and that of his law firm.

This is exactly what Movants are challenging in this Motion. The controlling issue of law is whether SIPA's compensation provision violates Movants' due process rights. Movants must be permitted to seek discovery to establish this affirmative defense because it has not been stricken.

## II. <u>All Movants have standing</u>

The Trustee argues that RAR Entrepreneurial Fund ("RAR") lacks standing to move for leave to appeal because it was not a named party in the March 17, 2016 Order. (Trustee's Mem. at 11-13). The Trustee's argument is a perfect illustration of the Trustee's conduct in multiplying litigation in these proceedings. RAR asserted the due process affirmative defense in its answer. RAR was the appellant in the motion before Judge Daniels. There cannot be any doubt that Judge Bernstein intended the March 17, 2016 Order to apply in all of the almost 100 cases in which Movants' counsel has asserted the due process affirmative defense.

Moreover, the Trustee himself has regarded a decision in one clawback case to be applicable to others, when it suits his purposes. (*See, e.g.*, No. 08-01789, Motion for Clarification, ECF No. 13125). For example, as explained by a defendant in an entirely different adversary proceeding, the Trustee did so just recently:

---

not in excess of $1,000,000, and 3 percent or less on all amounts over $1,000,000. (*See* 11 U.S.C. § 326(a)).

> In a response dated April 12, 2016, Trustee's counsel sent to Defendants a copy of this Court's order, entered in a separate adversary proceeding, prohibiting counsel for the defendant in that proceeding from communicating with subpoenaed parties prior to a Court conference on the non GLBA-related disputes at issue. . . . Apparently believing that any communications by the Defendants to their Banks in this action would amount to a violation of the Feb 19 Order, Trustee's counsel, for the first time, threatened that if Defendants contravened the order by communicating with the Banks, the Trustee would "act accordingly." *Id.*

The Trustee filed approximately 1,000 virtually identical "clawback" complaints against innocent victims of Madoff's fraud. Obviously a ruling in one case is going to be applied in substantively identical cases. *See, e.g.*, June 2, 2015 Decision, 531 B.R. at 474 (dismissing complaint against Russell Oasis and stating, "[t]he Court leaves it to the parties in the first instance to determine whether this ruling requires the dismissal of the subsequent transfer claim in the specific case. If they agree, the disposition should be incorporated into a dismissal order. If they cannot agree, they should arrange a conference with the Court."). The Trustee's approach to the standing issue, and to how discovery in these adversary should be conducted, illustrates exactly why his compensation structure violates Movants' due process rights. The Trustee's proposed procedure would result in an incredible waste of judicial resources and would allow the Trustee to litigate precisely the same issues in hundreds of different cases. By requiring Movants' due process challenge to be made in each adversary proceeding as it arises, as the Trustee suggests should occur, it is the Trustee who "multiples the proceedings . . . unreasonably and vexatiously." *See* 28 U.S.C. § 1927.

Moreover, the Trustee cannot argue, on the one hand, that RAR lacks standing to file this Motion and, on the other, that the undersigned should be sanctioned for challenging the Trustee's compensation structure in this Motion on behalf of the non-RAR movants, none of whom were parties listed in the previous motion before Judge Daniels. According to the Trustee, an aggrieved

party only has standing to challenge the Trustee's compensation structure when, and only when, a protective order is entered preventing the disclosure of the Trustee's compensation in *that* aggrieved party's limited and specific adversary proceeding – and not in any other. Movants' counsel can make the same motion in the scores of cases in which the due process defense has been asserted, but how does that advance the legitimate interests of the parties or the Court?

Movants would not burden the Court with a request for sanctions against the Trustee and Movants respectfully suggest that the Trustee's request for sanctions against Movants is frivolous. Under 28 U.S.C. § 1927, a court has discretion to impose sanctions only when an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991). "Bad faith is the touchstone of an award under this statute." *Id.* Movants cannot be sanctioned under 28 U.S.C. § 1927 because this Motion is not made for an improper purpose such as delay and it is made in good faith. The Motion has merit and leave to appeal should be granted.[6]

---

[6] Obviously Movants should not be sanctioned under this Court's inherent power. As has been stated by the Second Circuit, sanctions through the court's inherent power require an exacting showing that cannot be made here:

> To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both "'clear evidence' that the challenged actions 'are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes'" and 'a high degree of specificity in the factual findings of [the] lower courts.'

*Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (citations omitted) (second and third alterations in original). Movants should not be sanctioned for pursuing colorable defenses asserted for proper purposes.

**CONCLUSION**

Movants respectfully request that this Court grant the Motion for leave to appeal the March 17, 2016 Order.

New York, New York
Dated: April 21, 2016

**CHAITMAN LLP**

By: /s/ Helen Davis Chaitman
Helen Davis Chaitman, Esq.
Gregory M. Dexter, Esq.
465 Park Avenue
New York, New York 10022
(888)759-1114
*hchaitman@chaitmanllp.com*
*gdexter@chaitmanllp.com*

*Attorneys for Defendants listed on Exhibit A annexed to Notice of Appeal*