UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :          Adv. Proc. No. 08-01789 (SMB)
                                        :
                        Plaintiff,      :          SIPA Liquidation
                                        :
            – against –                 :          (Substantively Consolidated)
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES LLC,                         :
                                        :
                        Defendant.      :

------------------------------------------------------------X

IRVING H. PICARD, Trustee for the       :
Liquidation of Bernard L. Madoff        :
Investment Securities LLC,              :
                                        :
                        Plaintiff,      :          Adv. Proc. No. 10-04311(SMB)
                                        :
            – against –                 :
                                        :
ANDREW H. COHEN,                        :
                                        :
                        Defendant.      :

------------------------------------------------------------X

## MEMORANDUM DECISION DENYING MOTION TO INTERVENE OR TO PARTICIPATE AS *AMICUS CURIAE*

**A P P E A R A N C E S :**

BAKER & HOSTETLER LLP
*Attorneys for Plaintiff*
45 Rockefeller Plaza
New York, New York 10111

     David J. Sheehan, Esq.
     Nicholas J. Cremona, Esq.
     James H. Rollinson, Esq.
        Of Counsel

LEWIS & McKENNA
*Attorneys for Defendant*
82 E. Allendale Road
Saddle River, New Jersey 07458

      Paul Z. Lewis, Esq.
      Gregory S. Goett, Esq.
          Of Counsel

LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
      Gregory Schwed, Esq.
          Of Counsel

      – and –

BAKER & MCKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, District of Columbia 20006

      Richard A. Kirby, Esq.
          Of Counsel

      – and –

MILBERG LLP
One Pennsylvania Plaza, 49th Floor
New York, New York 10119

      Matthew A. Kupillas, Esq.
          Of Counsel

      – and –

DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089

      Carole Neville, Esq.
          Of Counsel

      – and –

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036

      Richard Levy, Jr., Esq.
          Of Counsel

*Attorneys for Proposed Intervenors*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

By a separate decision of this date, the Court issued post-trial proposed findings

of fact and conclusions of law (the "Recommendation") recommending that the District

Court enter a final judgment in favor of the plaintiff, Irving H. Picard ("Trustee"),

Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") and against the defendant Andrew H. Cohen, in the sum of $1,143,461. A few

days before the trial, the defendants in fifty-seven adversary proceedings (the "Proposed

Intervenors") initiated by the Trustee moved to intervene as a matter of right or by

permission, or alternatively, to participate as *amicus curiae* in this adversary

proceeding. (*Memorandum of Law in Support of Motion to Intervene on Limited*

*Common Legal Issues*, dated Oct. 9, 2015 (the "*Motion*") (ECF Doc. # 61).) In the

aggregate, they are represented by five law firms: Loeb & Loeb LLP (the "Loeb

Defendants"), Milberg LLP (the "Milberg Defendants"), Pryor Cashman LLP (the "Pryor

Defendants"), Baker & McKenzie LLP (the "Baker Defendants")[1] and Dentons US LLP

(the "Dentons Defendants").

This was not your typical intervention motion. The Proposed Intervenors did not

seek to augment the factual record, but rather, wanted to argue (or more accurately,

reargue) in favor of the antecedent debt/value defense discussed in the

Recommendation. With a few exceptions, each Proposed Intervenor participated in one

or more of three prior omnibus proceedings involving the antecedent debt/value issue,

---

[1]     The Baker Defendants were formerly represented by K&L Gates LLP. The attorney responsible
for the matter at K&L moved to Baker, and Baker assumed the representation. This opinion refers to this
group as the Baker Defendants without regard which firm was representing them at the time.

either directly or by joinder in the motions filed by other defendants.[2]  In addition, several of the Proposed Intervenors moved unsuccessfully to certify an interlocutory appeal from the *Antecedent Debt Decision*.

The *Declaration of Nicholas J. Cremona, Pursuant to 28 U.S.C § 1746, in Support of Trustee's Memorandum of Law in Opposition to Movants' Motion to Intervene*, dated Oct. 29, 2015 ("*Cremona Declaration*") (ECF Main Case Doc. # 11927)[3], at Exhibit B, includes a breakdown of the prior proceedings in which each Proposed Intervenor participated.

1.    All but one of the twenty-two Dentons Defendants, America-Israel Cultural Foundation (Adv. Proc. No. 10-05058), participated in the *Greiff* decision, and that defendant participated in the *Antecedent Debt Decision*, the motion to certify an interlocutory appeal from the *Antecedent Debt Decision* and the *Omnibus Good Faith Decision*.

2.    All sixteen of the Milberg Defendants were parties to the *Greiff* decision, and fourteen of the sixteen also participated in the *Omnibus Good Faith Decision*.  Two Milberg Defendants, Gary Albert (Adv. Proc. No. 10-04966) and the Joseph S. Popkin Revocable Trust (Adv. Proc. No. 10-4712), were parties to the *Omnibus Good Faith Decision* as well as the *Greiff Decision* and the *Antecedent Debt Decision*.

---

[2]    The prior proceedings and the decisions arising therefrom are discussed at length in the Recommendation.  I assume familiarity with the proceedings and refer to the corresponding decisions as defined in the Recommendation.

[3]    "ECF Main Case" refers to the electronic docket in Adv. Proc. No. 08-01789.

3.      All but one of the Pryor Defendants, Stanley Plesent (Adv. Proc. No. 10-04375), were parties to the *Greiff* decision, and Plesent was party to the *Antecedent Debt Decision* and the motion to certify an interlocutory appeal from that decision.  In addition, five of the Pryor Defendants also participated in the *Omnibus Good Faith Decision*.

4.      The six Loeb Defendants were parties to the *Antecedent Debt Decision* and the motion to certify an interlocutory appeal from that decision.

5.      Of the five Baker Defendants, only one, Lowery (Adv. Proc. No. 10-04387), was a party to any of the antecedent debt/value decisions.   Richard Kirby, Esq., the attorney at Baker that represents these defendants, had successfully moved to withdraw the reference on the antecedent debt/value defense on behalf of five clients, including Lowery.  (*See Order,* dated May 10, 2012, Ex. A, Nos. 67, 155, 176, 178, 179 (ECF (DC) Doc. # 107.)[4]  There is no explanation for why the other four Baker Defendants sat on the sidelines and did not participate in the any of the prior proceedings.  In any event, their counsel has taken advantage of the chance to make all of his arguments in support of the antecedent debt/value defense which are the same for every defendant.

The Recommendation explains how the prior omnibus proceedings resulted in adverse determinations to the participating defendants regarding the antecedent debt/value issue.  They resulted in interlocutory orders and the District Court denied the motion to certify an appeal from the *Antecedent Debt Decision*.  Consequently, the

---

[4]      "ECF (DC) Doc" refers to the electronic docket relating to the District Court's case number 12-MC-115.

5

Proposed Intervenors other than the four Baker Defendants have already had their day in court and must await a final judgment in their cases before asking the Second Circuit to decide the question.  The four Baker Defendants can still raise the antecedent debt/value issue in their own cases, but given the history of the case, the prospects for success are not good in this Court and, probably, the District Court.

The Proposed Intervenors now seek to succeed where the motion to certify the interlocutory appeal failed.  They want to bypass their own cases, intervene in Cohen's adversary proceeding, and appeal an adverse final judgment to the Second Circuit.  They have also raised the specter that they will seek to intervene in every trial that precedes their own for the same reason.  Their *Motion* is denied for the reasons that follow.

## DISCUSSION

### A.    Intervention as of Right

#### 1.    Introduction

Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"), made applicable to this adversary proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure, governs intervention.  Rule 24(a) addresses intervention as a matter of right, and provides, in pertinent part:

> On timely motion, the court must permit anyone to intervene who:
> . . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) file a timely application, (2) show an interest relating to the property or transaction

6

that is the subject matter of the action, (3) demonstrate that the ability to protect that interest may be impeded or impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *United States v. State of New York,* 820 F.2d 554, 556 (2d Cir.1987); *accord New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992); *accord Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128 (2d Cir. 2001). The inquiry under Rule 24(a)(2) is a flexible one, 6 DANIEL R. COQUILLETTE, ET AL., MOORE'S FEDERAL PRACTICE §24.03[1][b], at 24-23 (3d ed. 2015) ("MOORE"), and the factors should "be read not discretely, but together." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984). "A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention." *Id.* Nevertheless, the movant must make some showing as to each element because the "[f]ailure to satisfy any one of these requirements is sufficient grounds to deny the application." *United States v. State of New York,* 820 F.2d at 556; *accord Credit Suisse Sec. (USA) LLC v. Tracy*, No. 14 Civ. 8568 (NRB), 2015 WL 170241, at *3 (S.D.N.Y. Jan. 8, 2015), *aff'd*, 812 F.3d 249 (2d Cir. 2016); *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 487 (S.D.N.Y. 2011).

The plaintiff argues that the Proposed Intervenors have failed to satisfy all four elements.

## 2. Timeliness

"Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known

of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. State of New York*, 820 F.2d at 557. The most significant criterion "is whether the delay in moving for intervention has prejudiced any of the existing parties." *Hartford Fire Ins. Co. v. Mitlof,* 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (quoting *United States v. Int'l Bus. Machs. Corp.,* 62 F.R.D. 530, 541–42 (S.D.N.Y.1974)).

The *Motion* is timely, although the reasons for its timeliness cut against granting it. With the exceptions noted, the Proposed Intervenors have unsuccessfully litigated the antecedent debt/value once, twice, and in some cases, three times. They do not expect a different outcome here, and possibly, in the District Court. (*Motion* at 1-2 ("Customers recognize that prior decisions by the District Court and this Court in the motion to dismiss context have held that customer-defendants are entitled to assert the "value" defense only in the amount of the net nominal dollars deposited.").) Having already presented their arguments to this Court and the District Court without success, they are looking for a shortcut to the Second Circuit. They cannot get that review through their own cases because their cases are not ready for trial. (*See id.* at 2 ("Customers seek to be heard before this Court decides the issue as a threshold to further review, in order to assure that all relevant theories of the defense and related matters are considered at all levels.").) If the Court grants intervention and the District Court adopts the Recommendation and enters a final judgment against Cohen, they will appeal that judgment to the Second Circuit and bypass their own adversary proceedings.

The District Court previously refused to expedite Second Circuit review when

8

Judge Rakoff denied the motion to certify the *Antecedent Debt Decision* for interlocutory appeal. *SIPC v. BLMIS* (*In re BLMIS*), 987 F. Supp. 2d 309 (S.D.N.Y. 2013). Several of the Proposed Intervenors, including all the Loeb Defendants, participated in those proceedings. (*Cremona Declaration*, Ex. B.) The *Motion* represents an effort to succeed where the certification motion failed. In addition, the Proposed Intervenors are now contemplating filing the same intervention motion in another trial ready adversary proceeding, *Picard v. Auerbach Revocable Trust* (*In re BLMIS*), Adv. Proc. No. 10-04891. On February 22, 2016, they wrote to the Court requesting a conference to address "how our clients may be heard on those common legal issues, which transcend the *Auerbach* case and apply equally to their adversary proceedings and the many other actions brought by the Trustee against innocent customers." (*Letter from Richard Levy, Jr., Esq., et al. to the Court*, dated Feb. 22, 2016 (ECF Adv. Proc. No. 10-04891 Doc. # 57).) The common issues included the antecedent debt/value defense. (*Id.*) The Proposed Intervenors went on to state that they "would prefer not to have to seek formal intervention each time an adversary proceeding against another innocent customer reaches the point of being scheduled for trial," because it adds considerable legal expense and duplication of effort, and proposed that the Court establish procedures to address common issues." (*Id.*) They seem to have forgotten that they already participated in one or more omnibus motions that addressed common issues, including the antecedent debt/value defense.

Nevertheless, the *Motion* is timely under the criteria discussed above. The Proposed Intervenors had no reason to seek to intervene prior to trial, or more aptly, the post-trial briefing. They did not participate in the development of the evidentiary

record, and their admitted goal is to argue the antecedent debt/value defense before the

Second Circuit regardless of who prevails in the District Court.  Nor is there prejudice to

the Trustee since he must address the same arguments made by Cohen.  Accordingly,

although the Proposed Intervenors admit that their intervention motion in this and

other trial ready cases will add "considerable legal expense and duplication of effort,"

the Court concludes that the *Motion* is not untimely.

### 3.    Interest

A proposed intervenor does not have to assert a property interest, but rather "an

interest relating to the property or transaction which is the subject of the action."

*Brennan v. New York City Bd. of Educ.*, 260 F.3d at 130 (quoting Rule 24(a)(2)).[5]  "The

'interest' required by Rule 24(a)(2) has never been defined with particular precision,"

*Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995), but at a

minimum, it must be a "significantly protectable interest," *Donaldson v. United States*,

400 U.S. 517, 531 (1971), that is direct and substantial.  *Washington Elec. Coop., Inc. v.*

*Mass. Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir.1990).  "An interest that is

remote from the subject matter of the proceeding, or that is contingent upon the

occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."

*United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (quoting

*Washington Elec. Coop.,* 922 F.2d at 97.)  "A claim based only on an indirect economic

---

[5]      The Proposed Intervenors argue that "relating to" as used in Rule 24(a)(2) should be read broadly
because *Picard v. Ida Fishman Revocable Trust* (*In re BLMIS*), 773 F.3d 411 (2d Cir. 2014), *cert. denied,*
135 S. Ct. 2859 (2015) read the phrase "related to" in Bankruptcy Code § 546(e) expansively.  (*Motion* at
8-9.)  The *Ida Fishman* Court was interpreting a phrase in the context of a statute.  Its reading of "related
to" does not bear on the interpretation of a similar phrase used in Rule 24, especially in light of the ample
Second Circuit precedent interpreting Rule 24(a)(2).

effect of some action is rarely considered the same as a protectable right or interest

sufficient to justify intervention."  6 MOORE § 24.03[2][b], at 24-32.

The Proposed Intervenors do not have a "significantly protectable interest" in the

transaction that is the subject matter of the Trustee's adversary proceeding against

Cohen.  The adversary proceeding seeks to claw back the fictitious profits that Cohen

withdrew from his own BLMIS account.  The Proposed Intervenors do not have an

interest in that account.  Furthermore, a determination adverse to Cohen will not result

in a judgment against the Proposed Intervenors, or one that will bind the Proposed

Intervenors.  Instead, they conflate the separate requirements under Rule 24(a)(2) that

they have an interest and that their interest may be impeded or impaired.  Their

conclusion: they are entitled to intervene as of right because an adverse judgment

against Cohen will impair their ability to defend their own actions based on *stare

decisis*.[6]  (*Motion* at 7 ("The Second Circuit further has held that even when a pending

action may not directly bind a proposed intervenor, intervention as of right is required if

'there is a substantial likelihood that the claims and interests of the proposed

intervenors . . . may be adversely affected at least by principles of *stare decisis*, arising

out of the final judgment to be entered in this case.'" (quoting *Oneida Indian Nation of

Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984)).)

If *stare decisis* were the sole criteria under Rule 24(a)(2), there would be an

intervention free for all.  Any person whose interests might be impaired or impeded by

---

[6]        *Stare decisis* refers to "[t]he doctrine of precedent, under which a court must follow earlier
judicial decisions when the same points arise in litigation."  BLACK'S LAW DICTIONARY 1626 (10th ed.
2014).

an adverse decision in an unrelated litigation could intervene as of right. There are many Ponzi scheme bankruptcies pending around the nation, including the Southern District of New York, that raise the same antecedent debt/value issue asserted by the Proposed Intervenors. For example, in *Bayou Group*, the Bankruptcy Court rejected the defendants' arguments that the payment of fictitious profits constituted the satisfaction of an antecedent debt for contractual or statutory interest, *Bayou Superfund, LLC v. WAM Long/Short Fund II, L.P.* (*In re Bayou Grp., LLC*), 362 B.R. 624, 635 (Bankr. S.D.N.Y. 2007), or value under Bankruptcy Code § 548(c). *See Bayou Accredited Fund, LLC v. Redwood Growth Partners, L.P.* (*In re Bayou Group, LLC*), 396 B.R. 810, 843 (Bankr. S.D.N.Y. 2008), *aff'd in part and rev'd in part on other grounds*, 439 B.R. 284 (S.D.N.Y. 2010).

Under their theory of Rule 24(a), the Proposed Intervenors would have the absolute right to intervene in the *Bayou Group* fraudulent transfer litigations and appeal an adverse decision to the Second Circuit because its ruling on these legal issues would be *stare decisis* on the District and Bankruptcy Courts in the Circuit. 18 MOORE § 134.02[2] at 134-26.2. ("[T]he doctrine of stare decisis applies to other courts owing obedience to that court."). An adverse ruling on the antecedent debt/value issue by the Second Circuit in the *Bayou Group* case would have the same effect on the Proposed Intervenors as an adverse ruling by that Court in Cohen's case.[7]

---

[7]    In fact, the Court posed this exact hypothetical to the Proposed Intervenors at oral argument, and their counsel for the Loeb Defendants acknowledged the possibility of their right to intervene:

    THE COURT:    Can I ask a question?

    MR. SCHWED: Yes.

    THE COURT:    Suppose that trial was scheduled in Bayou (ph) --

Furthermore, the numerous authorities they cite, (*see Motion* at 6-9; *Reply Memorandum of Law In Support of Motion to Intervene on Limited Common Legal Issues*, dated Nov. 11, 2015 ("*Reply*"), at 8-10 (ECF Doc. # 69)), do not hold that the effect of *stare decisis* gives them a significantly protectable direct and substantial interest relating to the transaction that is the subject of the Cohen lawsuit.  In each case, the interest requirement was undisputed or separately satisfied, and the courts discussed *stare decisis*, if at all, in connection with the other requirements of Rule 24(a)(2).  For example, in *Stone v. First Union Corp.*, 371 F.3d 1305 (11th Cir. 2004) and *United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988), the parties agreed that the proposed intervenors had an interest relating to the property or transaction that was the subject of the action, *Stone,* 371 F.3d at 1309, or there was "no question that the applicants have an interest relating to the facility which is the subject of the action." *Oregon*, 839 F.2d at 637.  The portions of the opinions cited by the Proposed Intervenors addressed whether *stare decisis* might impede or impair those interests, a separate question.  *Stone*, 370 F.3d at 1309-10; *Oregon*, 839 F.2d at 638-39.  Likewise, in *Hooker*, 749 F.2d 968, which involved an environmental suit brought by the Government, the principal dispute concerned the adequacy of representation.  *See id.* at

---

MR. SCHWED:  In --

THE COURT:    -- in Bayou Ponzi Scheme case --

MR. SCHWED:  Yes.

THE COURT:     -- and the same issue arose, would you have the right to intervene in that case?

MR. SCHWED:  Well, it's possible. I mean, the standards under 24 -- and we can go through those. I mean, I'm -- we're prepared to file the motion. But I'm certainly happy to just go through the standards.

(*Declaration of Gregory Schwed in Support of Motion to Intervene on Limited Common Legal Issues*, dated Oct. 9, 2015, Ex. 1, at 11:2-14 (ECF Doc. # 62-1).)

975.  The Court concluded that representation was adequate because the Government was suing on behalf of its citizens, *id.* at 984, and "a greater showing that representation is inadequate should be required."  *Id.* at 985.[8]  Similarly, in *Oneida Indian Nation of Wisconsin v. State of New York*, 732 F.2d 261 (2d Cir. 1984), the proposed intervenors asserted a direct interest in the ownership of the very land that was the subject of the civil action, and the District Court had concluded that they alleged a sufficient interest in the subject land.  *Id.* at 264.  The District Court nevertheless denied intervention but the Second Circuit reversed ruling "there is a substantial likelihood that the claims and interests of the proposed intervenors concerning the disputed lands may be adversely affected at least by principles of *stare decisis,* arising out of the final judgment to be entered in this case."  *Id.* at 265.

The *Oneida Nation* Court cited *New York Pub. Interest Research Grp., Inc. v. Regents of the Univ. of the State of New York*, 516 F.2d 350 (2d Cir. 1975), another authority mentioned by the Proposed Intervenors.  There, a group of pharmacists sought to intervene in an action seeking to enjoin the enforcement of a regulation that prohibited the advertisement of prescription drug prices.  The Court first concluded that the proposed intervenors had an interest in the transaction because the same regulation affected their economic interests as well as the profession and the way that pharmacists conducted their business.  *Id.* 351-52.  The Court then ruled that the "**disposition of the action may as a practical matter impair or impede their ability to protect their interests**"

---

[8]      The intervenors in *Hooker* raised the possibility of *stare decisis* in connection with their argument that a judgment in the main action would impair or impede their ability to prosecute their own actions.  *Hooker*, 749 F.2d at 973, 974.

because of "the possible stare decisis effect of an adverse decision." *Id.* at 352.

In *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154 (S.D.N.Y. 2000), the plaintiff-insurer ("Hartford") brought a declaratory judgment action against its insureds and additional insureds, arguing that it had no duty to defend or indemnify the defendants for liability arising out of a marine accident.  The additional insureds (the "Nyack Defendants") had their own policy with Reliance, but the Hartford policy provided their primary insurance coverage.  The District Court granted Reliance's motion to intervene as a right, stating that Reliance "clearly has an interest in the determination of whether or not Hartford is obligated to defend, and, if necessary, indemnify the Nyack Defendants." *Id.* at 160.  If the Hartford policy is not void, Hartford, must provide the defense, and the limits of that policy must be exhausted before Reliance was obligated to cover any judgments.  Conversely, if the Hartford policy is void, Reliance alone must bear the costs.  *Id.*

*Del. Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500 (S.D.N.Y. 2015) concerned a dispute relating to the allocation of cash collateral payments among three groups of lien creditors.  One of the lien agents brought a contract action to determine the appropriate method of allocation.  The complaint named the agent for one of the other groups of lien holders, but apparently, the third group of lien holders was not made a party.  The District Court granted the intervention motion, without opposition, made by two members of the latter group.  The District Court stated that they had significant interests relating to the appropriate method for allocating the cash collateral payments and no other party represented their interests, or could adequately advocate their position.  *Id.* at 510.

15

In *N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08 CV 8781 (HB),  2010 WL 5222127 (S.D.N.Y. Dec. 22, 2010), the plaintiffs commenced a class action for violations of the federal securities laws relating to misstatements and omissions in seventy-four sets of similar offering documents pertaining to certain mortgage-backed securities.  The plaintiffs had only made purchases in response to six of the offerings, and the District Court dismissed the claims relating to the other offerings based on lack of standing.  *Id.* at *1.  The District Court subsequently granted the motion to intervene by those who had purchased pursuant to the other offerings because the intervenors' claims arose out of the same transaction or occurrence that was the subject of the pending action, the various offerings had common misstatements and omissions, and although the proposed intervenors did not have an interest in the property that was then the subject matter of the action (the claims relating to their offerings had been dismissed for lack of standing), they had a "direct, substantial and legally protectable" interest relating to the transaction that was the subject of the action. *Id.* at *4 (citation and internal quotation marks omitted).

Finally, *Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967) is wholly inapposite. There, a Wisconsin bank challenged the Comptroller of the Currency's impending action to authorize a rival bank to open a nearby branch allegedly in violation of federal and state law.  The Commissioner of Banks of the State of Wisconsin ("Commissioner") sought unsuccessfully to intervene in the District Court, but the Circuit Court reversed. Addressing intervention as of right, the Court concluded that the Commissioner had an interest in the transaction.  The Court observed that it would not apply Rule 24 literally to atypical cases such as the one before it because such administrative cases "vary from

the norm." *Id.* at 700 (quoting *Textile Workers Union of Am. v. Allendale Co.*, 226 F.2d

765, 767 (D.C. Cir. 1955)).  The Commissioner was seeking to intervene to promote a

state policy, and "a state official directly concerned in effectuating the state policy has an

'interest' in a legal controversy involving the Comptroller which concerns the nature and

protection of the state policy." *Id.*

In short, the Proposed Intervenors' contention that the *stare decisis* effect of an

adverse judgment in *Cohen* gives them an interest relating to the transaction in *Cohen*

lacks merit.

### 4.    Impairment or Impediment

The Proposed Intervenors have also failed to demonstrate that the disposition of

the *Cohen* matter "may as a practical matter impede or impair [their] ability to protect

[their] interest[s]" because they do not have interests relating to the property or

transaction that is the subject matter of this action.  Furthermore, the District Court

previously rejected Cohen's antecedent debt/value defense in the *Antecedent Debt*

*Decision,* and this Court has refused to permit Cohen to reargue the merits of that

decision.  In fact, virtually all of the Proposed Intervenors, and all of the law firms

representing the Proposed Intervenors, have raised and lost the antecedent debt/value

argument in this Court, the District Court, or both.  Thus, the rejection of their

antecedent debt/value defense is already *stare decisis* and in most instances law of the

case.  A recommendation by this Court or a final judgment by the District Court that is

adverse to Cohen will not change that.

Instead, the Proposed Intervenors are concerned with the *stare decisis* effect of a

Second Circuit decision in *Cohen* on their own cases. The Proposed Intervenors have not supported their argument that this concern allows them to intervene in *Cohen* on an issue that has already been decided against them in their own cases in order to enable them to appeal to Second Circuit in Cohen's case.

### 5.    Lack of Adequate Representation

Finally, the applicant must demonstrate that its interest will not be adequately represented. As stated, the Proposed Intervenors have failed to show that they have interests within the meaning of Rule 24(a)(2) relating to the transaction that is the subject of the *Cohen* adversary proceeding. But even if they did, they have failed to satisfy this factor.

Although the burden of showing such an inadequacy is minimal, *Washington Elec. Coop.,* 922 F.2d at 98, the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179 (2d Cir. 2001); *accord Wash. Elec. Coop.,* 922 F.2d at 98; *U.S. Postal Serv. v. Brennan,* 579 F.2d 188, 191 (2d Cir.1978). "So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented." *Natural Res. Def. Council v. New York State Dep't of Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir. 1987); *see Delaware Trust*, 534 B.R. at 509 ("As to the final requirement, adequacy, a proposed intervenor's interests cannot be 'identical' to those of other parties, and cannot be adequately represented by another party.").

18

"Where there is an identity of interest, . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter,* 250 F.3d at 179-80.  To rebut the presumption, the movant must provide evidence of collusion, adversity of interest, nonfeasance or incompetence. *Id.* at 180; *St. John's Univ. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) (summary order) ("'[W]hen there is an identify of interest between a putative intervenor and an existing party to the action,' a 'presumption of adequate representation' attaches in the absence of 'evidence of collusion, adversity of interest, nonfeasance, or incompetence.'") (quoting *Butler,* 250 F.3d at 180); *accord Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK); 2011 WL 2150450, at *4 (S.D.N.Y. May 21, 2011).  Courts outside the Second Circuit have also considered whether the proposed intervenors' interests "are sufficiently different in kind or degree from those of the named party," *B. Fernández & Hnos.*, *Inc.* v. *Kellogg USA*, *Inc.*, 440 F.3d 541, 546 (1st Cir. 2006), and when absentee parties will be affected or may be bound, "Courts have held that asymmetry in the intensity of the interest can prevent a named party from representing the interests of the absentee." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 675 (6th Cir. 2004) (construing Rule 19(b)).

The Proposed Intervenors have asserted the same antecedent debt/value defenses as Cohen, and they and Cohen desire the same outcome.  Cohen has vigorously defended this action and pressed the antecedent debt/value defense in this adversary proceeding.[9]  The Proposed Intervenors do not "impugn the competence or diligence of

---

[9]    Cohen says he supports the intervention because he has limited means to continue the fight, including post-trial proceedings and subsequent appeals.  (*Defendant Andrew H. Cohen's Post-Trial Proposed Findings of Fact and Conclusions of Law*, dated Dec. 9, 2015, at 9 (ECF Doc. # 74.)  Thus far,

Mr. Cohen's counsel," (*Motion* at 11), and do not accuse Cohen's counsel of collusion, adversity of interest, nonfeasance or incompetence. Instead, they contend that they have a greater economic incentive and ability to continue the battle. [10] (*Id.* at 10-11).

The plaintiff is suing Cohen for more than $1 million which may not seem like much to the Proposed Intervenors but, I suspect, is a great deal to Cohen. He has a substantial incentive to keep fighting. The Proposed Intervenors have aggregated their claims in order to prosecute another omnibus argument, but they have not shown that the interest of any Proposed Intervenor is any greater than Cohen's. And although Cohen's counsel has accrued substantial, unpaid legal fees, he has not shown the slightest inclination to withdraw or abandon his zealous advocacy of Cohen's interests. Finally, they have not identified any arguments that Cohen has failed or refused to make.

Accordingly, I conclude that the Proposed Intervenors have failed to show that their own interests are inadequately represented.

## B.    Permissive Intervention

Rule 24(b) governs permissive intervention. It provides in pertinent part:

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

---

however, he has zealously defended the Trustee's action.

[10]    The Proposed Intervenors accuse the Trustee of selecting Cohen's case to try first because Cohen, in their view, is a weaker adversary. This was one of approximately 1,000 fraudulent transfer adversary proceedings commenced by the Trustee. The *Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order*, dated Nov. 10, 2010 ("*Litigation Procedures Order*") (ECF Main Case No. 3141) governs the procedures for all of the adversary proceedings, and ultimately, determines when they are trial ready. The Cohen case proceeded to trial more quickly than those against the Proposed Intervenors because it was trial ready under terms of the *Litigation Procedures Order* while the adversary proceedings involving the Proposed Intervenors' are not.

. . . .

  (B) has a claim or defense that shares with the main action a common question of law or fact.

. . . .

  (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

For the reasons stated, the Proposed Intervenors' motion is timely, and they and Cohen share the same antecedent debt/value defense. This, however, is the initial inquiry, not the final one, and the decision to permit intervention under Rule 24(b) is committed to the Court's discretion. *See Washington Elec. Coop.,* 922 F.2d at 98 ("Reversal of a denial of permissive intervention is only appropriate where the district court exceeds its broad discretion."). In exercising its discretion, the Court may consider additional relevant factors, including "'the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (quoting *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.,* 797 F.2d 85, 89 (2d Cir. 1986)); *accord Delaware Trust*, 534 B.R. at 509; *see* 6 MOORE § 24.10[2][b], at 24-66 ("In deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive.").

The Proposed Intervenors have had several opportunities to present their antecedent debt/value arguments, those arguments have been rejected, and hearing

them again will not add value to the disposition of the antecedent debt/value defense in this Court. In addition, because they and Cohen share the same interests, intervention is unnecessary to protect their rights. *See H.L. Hayden Co.,* 797 F.2d at 88-89. Accordingly, the Court declines in the exercise of its discretion to permit the Proposed Intervenors to intervene.

### C.    Participation as *Amicus Curiae*

In the alternative, the Proposed Intervenors seek to participate in this adversary proceeding as *amicus curiae.* "An *amicus* is not a party to the litigation, but participates only to assist the court." *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of N. Y., Inc. v. The Port Auth. of N. Y. and N. J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011). "While there is certainly no requirement that *amici* be totally disinterested, 'the partiality of an *amicus* is a factor to consider in deciding whether to allow participation.'" *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (quoting *Waste Mgmt. of Pennsylvania, Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995)). The decision whether to permit a person to appear as *amicus curiae* is committed to the Court's discretion. *Id.*

In *Picard v. Greiff,* Judge Rakoff denied a similar motion and the same rationale supports the denial of the Proposed Intervenors' alternative request. There, Greiff filed an omnibus motion on behalf of 313 defendants to withdraw the reference, *inter alia*, on whether the Trustee's alleged financial stake in the litigations he commenced violated the defendants' due process rights. (ECF 11 Civ. 3775 Doc. # 1, at 15-17.) Lawrence Velvel

moved to file an *amicus* brief in Greiff's adversary proceeding on the issue. Noting that Velvel was a defendant in his own adversary proceeding brought by the Trustee, Judge Rakoff denied the motion because Velvel "could not provide the Court with 'neutral assistance in analyzing the issues before it.'" *Id.* (quoting *In re Baldwin–United Corp.,* 607 F. Supp. 1312, 1327 (S.D.N.Y. 1985)).[11]

Here, the Proposed Intervenors are defendants in their own adversary proceedings in which they have raised the antecedent debt/value defense. They have also participated in one or more omnibus proceedings in which they have raised the defense. They cannot provide the Court with neutral assistance on the issue, and moreover, Cohen's counsel has shown that he is capable of litigating the question as well as they can.

Accordingly, the Proposed Intervenors' alternative request to participate as *amicus curiae* is denied.

Submit order.

Dated:        New York, New York
              April 25, 2016

                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Court

---

[11] The District Court ultimately withdrew the reference in *Greiff* on the antecedent debt/value and Bankruptcy Code § 546(e) safe harbor issues, (*Order*, dated Sept. 15, 2011 (ECF 11 Civ. 3775 No. 19)), and rendered the *Greiff* decision discussed in the Recommendation. This Court subsequently rejected the due process argument highlighted by Greiff in his motion to withdraw the reference. *Omnibus Good Faith Decision*, 531 B.R. at 458-60. Velvel settled with the Trustee and the adversary proceeding against Velvel was dismissed by stipulation. (*Picard v. Velvel*, Adv. Proc. No. 10-05412 (ECF Doc. # 27).)