# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 25, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to Defendant's April 21, 2016 request, seeking substantive relief in the form of a letter ("Letter Request"), for an additional stay of this Court's April 4, 2016 Order in the above case compelling compliance with the Trustee's subpoena to Valley National Bank ("Order").

The Defendant's request should be denied.  The Letter Request states that the basis is that no district court judge had yet been assigned. However, the request for a stay must first be made to the bankruptcy court.  *See* Fed.R.Bankr.P. 8007(a)(1).  The Court's prior stay expired by its terms on April 18th, and the Defendant's request is untimely.  The Defendant's appeal to the District Court for the Southern District of New York was subsequently assigned to District Judge Carter under the civil action number of 16-CV-3006.  To the extent that Defendant plans to seek a stay from the District Court of the Order, such an attempt would be futile, as "district courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained."  *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014).

Moreover, to the extent that Defendant is seeking an additional stay from this Court, the Trustee's position is that such a stay would be improper under the present circumstances.  This

April 25, 2016
Page 2

Court already provided Defendant with a 14-day stay so that Defendant could seek additional relief from either this Court or the District Court. Defendant waited until the 13th day of this Court's stay to move the District Court for relief in a case where no judge had been assigned. While the Defendant's motion to the District Court contains boilerplate language requesting a stay from the District Court, no grounds for the appropriateness of such a stay are stated.

Regardless of whether a request for a stay pending interlocutory appeal is requested from this Court or from the District Court, the Defendant must satisfy an extremely high burden to demonstrate the appropriateness of a stay, particularly given that interlocutory appeals are disfavored in this jurisdiction. *See In re Madoff Securities*, Case No. 1:12-mc-00115(JSR) Memorandum Decision, (S.D.N.Y. July 17, 2014) (copy attached). The standard for determining whether a stay is appropriate is:  1)  whether the movant will suffer irreparable injury absent a stay, 2)  whether a party will suffer substantial injury if a stay is issued, 3)  whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and 4)  the public interests that may be affected." *In re BGI, Inc.*, 504 B.R. at 762. Defendant has failed to articulate any basis that would allow any court to determine whether that standard has been met.

This dispute centers around a standard subpoena for financial records in a bankruptcy avoidance action where discovery requests to Defendant seeking the same information have been unsuccessful.  Accordingly, it would be inappropriate to further delay the progress of this case pending any interlocutory appeal on a discovery dispute, and the Trustee opposes any further stay of the proceedings.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosure


cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Gregory Dexter (gdexter@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022