UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
        Plaintiff,                   :
                                     :        12-mc-115 (JSR)
        -v-                          :
                                     :        MEMORANDUM ORDER
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
        Defendant.                   :
------------------------------------x
In re:                               :
                                     :
MADOFF SECURITIES                    :
------------------------------------x
PERTAINS TO:                         :
                                     :
Consolidated Proceedings on the      :
"Good Faith" Standard                :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

On April 27, 2014, this Court issued an Opinion and Order regarding the "good faith" standard and pleading burden to be applied by the Bankruptcy Court in a SIPA proceeding invoking sections 548(c) and 550(b) of the Bankruptcy Code. See Opinion and Order, No. 12-mc-115, ECF No. 524. Thereafter, the Securities Investor Protection Corporation ("SIPC") and Irving Picard (the "Trustee"), i.e., the trustee appointed under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-78lll, to administer the estate of Bernard L. Madoff Investment Securities LLC, moved for a certification under 28 U.S.C. § 1292(b) permitting interlocutory appeal of that Opinion and Order. See Fed. R. App. P.

1

5(a)(3), Fed. R. Civ. P. 59, Fed. R. Bankr. P. 9023. Both sides then briefed the issue in detail. Having carefully reviewed these submissions, the Court denies the motion.

This is just the latest attempt by one party or another in these complicated proceedings to seek interlocutory appeal of some ruling adverse to that particular party. As the Court has consistently noted in denying such motions, the "final judgment rule" is a critical component of the federal system of justice, adding immensely to its efficiency. While district courts therefore retain "'unfettered discretion to deny certification' of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met," Gulino v. Bd. of Educ., 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (quoting Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)), here they are not in fact met.

The criteria for certification for interlocutory appeal under § 1292(b) are that the district judge "be of the opinion" (i) that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (ii) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Second Circuit has cautioned that in applying these criteria, "it continues to be true that only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment.'" Klinghoffer v. S.N.C. Achille Lauro,

921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)) (internal brackets omitted).

Here, in the cases affected by the Opinion and Order, there are innumerable factual aspects that require resolution in the first instance by the Bankruptcy Court, and an appeal of the narrow legal question here at issue — essentially, a question of who has the initial burden of pleading good faith or the lack thereof — will delay rather than hasten the termination of the litigation. See 28 U.S.C. 1292(b). Moreover, as a practical matter, experience in the Madoff Trustee's own cases shows that when the Trustee has even a modest basis for claiming that a transferee took a transfer without good faith, he is fully capable of so pleading. See, e.g., Proposed Third Amended Complaint, Picard v. Estate of Mark D. Madoff, Adv. Pro. No. 09-1503, ECF No. 185 (Bankr. S.D.N.Y. filed July 15, 2014). Conversely, if any complaint were to be dismissed by the Bankruptcy Code for failure to adequately plead a lack of good faith, that would ordinarily result in a final judgment that the Trustee could then appeal. Thus, the real controversy is over whether, in fact, the Trustee possesses in any given case affected by the Opinion and Order even that modest evidence that would enable the Trustee to adequately plead a lack of good faith — a matter that should be resolved in the first instance in the Bankruptcy Court if these cases are not to languish indefinitely.

Accordingly, for the foregoing reasons, the motion to certify the April 27, 2014 Opinion and Order for interlocutory appeal is

hereby denied. The Clerk is directed to close item number 544 on the docket.

SO ORDERED.

Dated: New York, NY
July 17, 2014

_____
JED S. RAKOFF, U.S.D.J.