UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    :
                                                          :
BERNARD L. MADOFF INVESTMENT                              :
SECURITIES LLC,                                           :   Adv. Proc. No. 08-01789 (SMB)
                                                          :   SIPA LIQUIDATION
                        Debtor.                           :
------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation             :
of Bernard L. Madoff Investment Securities LLC,           :
                                                          :
                        Plaintiff,                        :
                                                          :   Adv. Proc. No. 10-05257 (SMB)
EDWARD A. ZRAICK, Jr., individually and as                :
joint tenant, et al.,                                     :
                                                          :
                        Defendants.                       :
------------------------------------------------------------X

## ORDER

The defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen Rich (collectively, the "Defendants") have moved to clarify their rights in connection with subpoenas served by the plaintiff, Irving H. Picard (the "Trustee") in this adversary proceeding to avoid and recover fraudulent transfers (the "*Motion*"). The Defendants did not attach the subpoenas to the *Motion* or describe them in any detail. Based upon the Court's experience with the many litigations brought by the Trustee, I assume he is seeking records from the Defendants' banks (the "Banks") relating to their deposits and withdrawals. The *Motion* seeks entry of an order (1) stating that Defendants may communicate with the Banks to avail themselves of their rights under the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, *et seq.* ("GLBA"), and (2) designating any bank records produced pursuant to the subpoenas as confidential. The Defendants did not identify any other reasons why the subpoenas should not be enforced. The Trustee responded to

the *Motion* by letter dated Apr. 20, 2016 [ECF Doc. # 51] ("*Trustee Response*").  The Court held

a chambers conference on Apr. 21, 2016, and took the *Motion* under advisement.

## DISCUSSION

The GLBA requires a financial institution to give its customers notice and an opportunity to opt out of disclosure before releasing "any nonpublic personal information to a nonaffiliated third party."  GLBA § 6802(b).  This limitation is subject to several exceptions.  GLBA § 6802(e)(8) allows the disclosure of nonpublic personal information

> to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or *to respond to judicial process* or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.

GLBA § 6802(e)(8) (emphasis added).  Courts interpreting this exception, including district courts in this Circuit, have uniformly ruled that the "judicial process" exception under § 6802(e)(8) "permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request."  *Marks v. Global Mortg. Grp.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003); *accord Loef v. First Am. Title Ins. Co.*, No. 2:08-cv-311 (GZS), 2012 WL 95305, at *1 (D. Me. Jan. 11, 2012) ("[T]he few courts considering this issue uniformly have held that the provision of documents in response to an authorized subpoena meets the exception codified at 15 U.S.C. § 6802(e)(8)." (collecting cases)); *see also Mas, Inc. v. Nocheck, LLC*, No. 10–cv–13147 (SJM), 2011 WL 1135367, at *4 (E.D. Mich. Mar. 28, 2011) ("judicial process" exception under GLBA covers discovery requests in civil litigation); *Strom v. Nat'l Enter. Sys., Inc.*, No. 09–CV–72A(F) (LGF), 2010 WL 1533383, at *5 (W.D.N.Y. Apr. 15, 2010) ("[A]lthough the Act requires financial institutions within its scope to protect non-public

2

consumer information, 15 U.S.C. § 6801(b), no provision of the Act purports to restrict discovery of affected businesses in a federal civil case. Particularly, 15 U.S.C. § 6802(e)(8) authorizes financial institutions to disclose non-public, private information in response to 'court process.'"); *Barkley v. Olympia Mortg. Co.*, Nos. 04-CV-875 (RJD)(KAM), 2007 WL 656250, at *20 (E.D.N.Y. Feb. 27, 2007) (stating that GLBA § 6802(e)(8) permits disclosure in response to bank discovery at issue); *N. Trust Co. v. MS Sec., Inc.*, Nos. 05 C 3370 & 05 C 3373 (JBM), 2006 WL 1843369, at *5 n. 4 (N.D. Ill. June 30, 2006) ("Section 6801(c)(8) [*sic*] allows for disclosure of private financial information in response to 'judicial process,' which includes the discovery proceedings in civil actions.").

The defendants have identified one outlier decision that they imply reached a different conclusion, but it did not. In *Union Planters Bank, N.A. v. Gavel*, No. Civ. A. 02-1224 (GTP), 2003 WL 1193671 (E.D. La. Mar. 12, 2003), *vacated & remanded on other grounds*, 369 F.3d 457 (5th Cir. 2004), the plaintiff sued in federal court to enjoin the enforcement of state court subpoenas seeking private consumer financial information relating to the forced placement of flood insurance. The district court granted the injunction ruling, *inter alia*, that the plaintiff was likely to succeed on the merits because the GLBA prohibited the disclosure of nonpublic personal information without the consent of the customer to which it pertained. *Id.* at *7. Furthermore, the fraud exception, *see* 15 U.S.C. § 6802(e)(3), the only exception the court considered, did not apply. *Id.* at *8.

*Union Planters* did not address the "judicial process" exception to the GLBA, (*see Marks*, 218 F.R.D. at 495 n. 3), and the district court decision was, in any event, vacated. Accordingly, *Union Planters* does not support the Defendants' position. Based on the case law cited above that addressed the "judicial process" exception, the Court concludes that the GLBA

3

does not require the Defendants' consent to the disclosure of their personal information by the Banks in response to the Trustee's subpoenas. Hence, the Defendants are not entitled to interfere with the enforcement of the subpoenas by informing the Banks that they do not consent to disclosure or otherwise directing the Banks not to comply with the subpoenas. The Trustee has agreed to accept the discovery from the Banks with a confidential designation under the *Litigation Protective Order*, dated June 6, 2011, (*Trustee Response* at 3), and this agreement provides the Defendants with the second form of relief sought in the *Motion*.

So ordered.

Dated: New York, New York
April 25, 2016

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge

TO:

HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, New York 10166

Attention: Robert A. Rich, Esq.

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111

Attention: David J. Sheehan, Esq.