**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**MOTION AND MEMORANDUM OF LAW FOR AUTHORIZATION TO DEPOSE
ANNETTE BONGIORNO AND JOANN CRUPI REGARDING
<u>THE PROFIT WITHDRAWAL ISSUE</u>**

Pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff Irving H. Picard, as trustee ("Trustee") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq*., for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his

application for orders authorizing the depositions of Annette Bongiorno ("Bongiorno") and Joann Crupi ("Crupi") on the profit withdrawal issue.[1]

## BACKGROUND

When this Court raised the issue of whether BLMIS employee testimony could shed light on the profit withdrawal issue, the Trustee identified Bongiorno and Crupi as BLMIS employees whose testimony would be particularly helpful on that topic. Bongiorno and Crupi regularly handled BLMIS investment advisory accounts, customer requests, and the flow of customer funds into and out of BLMIS. They oversaw daily bookkeeping for customer funds and the procedures and tasks carried out by other BLMIS employees under their supervision.

Since the collapse of BLMIS, Bongiorno and Crupi were indicted by the United States and were ultimately convicted for their conduct while employed at BLMIS. They appealed their convictions to the United States Court of Appeals for the Second Circuit. On April 20, 2016, the Second Circuit issued a summary order affirming the District Court's judgment. In light of the Second Circuit's affirmance, the Trustee now seeks to depose Bongiorno and Crupi on the limited issue of the profit withdrawal transactions. Because Bongiorno and Crupi are incarcerated,[2] the Trustee seeks authorization from this Court for the depositions under Fed. R. Civ. P. 30(a)(2)(B).

    A.    <u>Bongiorno and Crupi's Employment at BLMIS and Subsequent Convictions</u>

Annette Bongiorno worked in the investment advisory business of BLMIS for over thirty-five years. According to her testimony at the criminal trial, Bongiorno started working with customer accounts as early as the 1970s. Bongiorno is likely to have knowledge of the BLMIS

---

[1] The Trustee's treatment of profit withdrawal transactions is set forth in the July 14, 2015 Memorandum of Law in Support of Trustee's Motion Affirming Treatment of Profit Withdrawal Transactions and the declarations filed in support. ECF Nos. 10660-10664.

[2] Bongiorno is currently incarcerated in Federal Correctional Institute Coleman located in Sumterville, Florida. Crupi is currently incarcerated in Federal Prison Camp in Alderson, West Virginia.

2

books and records, including the computer system, from her work at BLMIS. Bongiorno handled customer communications for the investment advisory business, maintained customer files regarding their accounts, and dealt with customer requests. Throughout the 1970s until 2008, Bongiorno oversaw activity in various customer accounts and served as a point of contact for many BLMIS customers. *United States v. Bongiorno*, No. 10-cr-228 (S.D.N.Y.) (LTS), Sentencing Tr. at 15:1-12 (Dec. 9, 2014).

Joann Crupi worked for BLMIS in the investment advisory business for twenty-five years, beginning in 1983. Like Bongiorno, Crupi worked in the investment advisory business on the seventeenth floor of the Lipstick Building and, among other things, oversaw activity in the investment advisory accounts. *United States v. Crupi*, No. 12-cr-228 (S.D.N.Y.) (LTS), Sentencing Tr. 9:15-25 (Dec. 15, 2014). Crupi was responsible for balancing the bank account BLMIS used to carry out the fraud, which included tallying the checks and wires in and out that flowed between BLMIS and customer accounts every day.

On November 17, 2010, the United States Attorney for the Southern District of New York filed a criminal complaint charging Bongiorno and Crupi with conspiracy, securities fraud, falsifying records of a broker-dealer, falsifying records of an investment adviser and tax evasion. Both were found guilty in a trial by jury. The District Court entered Bongiorno's conviction on December 17, 2014 and Crupi's conviction on December 31, 2014. Bongiorno and Crupi appealed their convictions, which were affirmed by to the Second Circuit on April 20, 2016. Summary Order, *United States v. Bonventre*, No. 14-4714 (2d Cir. Apr. 20, 2016).

The Trustee has litigation pending in this Court against Bongiorno and Crupi for receipt of avoidable transfers from BLMIS. *See Picard v. Annette Bongiorno*, Adv. Pro. No. 10-04215

3

(Bankr. S.D.N.Y.) (SMB); *Picard v. Jo Ann Crupi*, Adv. Pro. No. 10-04216 (Bankr. S.D.N.Y.) (SMB).

      B.      <u>Profit Withdrawal Litigation</u>

Profit withdrawals are a subset of transactions reflected on BLMIS customer statements. After careful review of the BLMIS books and records in accordance with SIPA, the Trustee has determined that profit withdrawal transactions are debits from BLMIS customer accounts and are accordingly treated as reductions to net equity claims under SIPA.

The profit withdrawal litigation is one in a series of omnibus proceedings concerning the Trustee's net investment method to calculate net equity under SIPA, which this Court upheld and was subsequently affirmed by the Second Circuit on direct appeal. *See Sec. Inv'r Prot. Corp. v. BLMIS (In re BLMIS)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010); *In re BLMIS*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 8, 2011). After the net investment method was upheld, the Trustee instituted an omnibus procedure to seek approval from this Court for his treatment of inter-account transfers between two BLMIS accounts where no new funds entered or left BLMIS. *See* Trustee's Motion Affirming Application of Net Investment Method to Determination of Customer Transfers Between BLMIS Accounts, ECF No. 6084. During the inter-account transfer proceeding, counsel for Aaron Blecker argued that profit withdrawal transactions were improperly treated as a reduction to his net equity. *See* Customers' Memorandum of Law in Opposition to the Trustee's Method for Valuing Inter-Account Transfers 4-6, ECF No. 6708. This Court upheld the Trustee's treatment of inter-account transfers. *Sec. Inv'r Prot. Corp. v. BLMIS (In re Madoff)*, 522 B.R. 41, 47 (Bankr. S.D.N.Y. 2014). In its ruling on inter-account transfers, this Court did not directly address Mr. Blecker's specific argument concerning the subset of profit withdrawal transactions.

4

Following the inter-account transfer litigation, the Trustee sought to implement an omnibus process to litigate the profit withdrawal issue. This Court entered an order providing for a discovery and briefing schedule on July 2, 2015 and the parties began litigating the issue under the terms of the scheduling order. *See* Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, ECF No. 10266.

At a February 24, 2016 hearing on a motion brought by Mr. Blecker, this Court raised the issue of deposing BLMIS employees, asking "Has anyone taken the deposition of a person who worked the Madoff Securities and might know what these profit withdrawals mean?" Hearing Tr. 13:5-8 (Feb. 26, 2016). Counsel for Mr. Blecker subsequently moved to depose Bernard Madoff. While that motion was pending, the Trustee sought permission to amend the schedule for litigation of the profit withdrawal issue in order to permit depositions of BLMIS employees other than Mr. Madoff who may have knowledge of the profit withdrawal issue. *See* Motion for Order Amending Schedule of Litigation of Profit Withdrawal Issue, ECF No. 12865. The Trustee specifically identified Bongiorno and Crupi in the motion as employees who may have relevant knowledge on that topic. On April 5, 2016, the Court entered an order amending the schedule for litigation of the profit withdrawal issue, permitting a ninety-day extension to the close of discovery. *See* Order Amending Schedule of Litigation of Profit Withdrawal Issue, ECF No. 13038. This Court also entered an order granting the deposition of Mr. Madoff regarding the profit withdrawal transactions on April 8, 2016. *See* Order Granting Deposition of Bernard L. Madoff with Certain Limitations, ECF No. 13060.

At the time of the Trustee's motion to extend the schedule for litigation of the profit withdrawal issue, Bongiorno and Crupi's appeal to the Second Circuit on their convictions was

5

pending. Now that the Second Circuit has ruled on their appeal, the Trustee seeks to depose them on the profit withdrawal issue.

## ARGUMENT

The deposition of a person confined in prison may only be taken with leave of court on such terms as the court prescribes. Fed R. Civ. P. 30(a)(2); *see Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990). In considering a motion for leave to depose an incarcerated deponent, the court considers the limitations placed on discovery as outlined in Rule 26(b)(2), which permits limitations on depositions in three narrow circumstances: (1) the deposition requested is unreasonably cumulative or duplicative, or if the information sought is obtainable from some other more convenient source; (2) the party seeking the deposition has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2), 30(a)(2). Unless a party objecting to a requested deposition can show that the deposition meets one of the three circumstances outlined in Rule 26(b)(2), the court should grant leave to depose the incarcerated witness. *See Houghtaling v. Tirado-Montes*, No. 803-CV-2733, 2008 WL 2385511, at *1 (M.D. Fla. June 9, 2008).

This Court should grant this Motion because Bongiorno and Crupi's testimony is likely to be highly relevant on the issues raised in the profit withdrawal litigation. Other than Mr. Frank DiPascali, who is deceased, there are few employees that would have more knowledge than Bongiorno and Crupi on the issues related to profit withdrawals. On a daily basis, Bongiorno and Crupi worked on the investment advisory accounts, including handling customer requests, the flow of customer funds, and checks to customers. As the BLMIS employees who both carried out the day-to-day tasks with respect to investment advisory accounts and oversaw investment advisory accounts for decades, Bongiorno and Crupi are well-positioned to testify on the profit withdrawal issue.

The limitations provided in Rule 26(b)(2) do not apply here as the discovery sought is not unreasonable or duplicative.  Bongiorno and Crupi were key, longstanding BLMIS employees who are believed to have had different responsibilities and handled different customer accounts during their time at BLMIS.  Testimony based upon such longstanding involvement with BLMIS operations cannot be obtained from a more convenient, less expensive or less burdensome source because Bongiorno and Crupi are uniquely positioned to testify on both the daily maintenance and customer communications associated with the investment advisory accounts, as well as the work of the many other investment advisory employees they supervised.  Although other employees may have knowledge on these topics, it is unlikely that they will have the breadth of knowledge that Bongiorno and Crupi will have.  Thus, it is not likely that there are better sources for the information relevant to these issues.  Finally, the Trustee's request to depose Bongiorno and Crupi is timely, given that their convictions were affirmed by the Second Circuit on April 20.

The Trustee does not believe that these depositions are unusually burdensome or excessive as the Trustee seeks limited testimony from Bongiorno and Crupi only on profit withdrawal transactions and related issues.[3]  Their testimony at the depositions will not be used in the pending adversary proceedings against Bongiorno and Crupi.  Given the length of their employment and their likely knowledge of information highly relevant to the profit withdrawal issue, the benefits of deposing them far outweigh any burden or expense.  No other form of discovery can replicate the firsthand knowledge of these key BLMIS employees responsible for overseeing the procedures and day-to-day tasks of the investment advisory business, Bongiorno and Crupi.

---

[3] The Trustee may seek to depose Bongiorno and Crupi in the future on issues other than the profit withdrawal litigation at the appropriate juncture.

7

## **CONCLUSION**

For the above reasons, the Trustee respectfully requests that the Court grant leave to depose Bongiorno and Crupi on the limited issue of profit withdrawal transactions, as specified in the attached proposed orders.

Dated: New York, New York
      May 2, 2016

Respectfully submitted,

*/s/ Seanna R. Brown*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Amanda E. Fein
Email: afein@bakerlaw.com

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Fax: 212.589.4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*