UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>    Plaintiff,<br><br> v.<br><br>MARJA LEE ENGLER, as trustee of the Mendel J. Engler Revocable Trust Under Agreement and Restatement Dated July 8, 1993, as trustee of the Marja Lee Engler 2003 Grantor Retained Annuity Trust, and in her individual capacity;<br><br>THE MENDEL J. ENGLER REVOCABLE TRUST UNDER AGREEMENT AND RESTATEMENT DATED JULY 8, 1993;<br><br>and THE MARJA LEE ENGLER 2003 GRANTOR RETAINED ANNUITY TRUST,<br><br>    Defendants. | Adv. Pro. No. 10-04935 (SMB) |

**STIPULATION AND ORDER: (i) APPLYING DECISION IN THE OMNIBUS PROCEEDINGS TO THIS ADVERSARY PROCEEDING; (ii) DISMISSING DEFENDANT MARJA LEE ENGLER 2003 GRANTOR RETAINED ANNUITY TRUST AND DEFENDANT MARJA LEE ENGLER SOLELY IN HER CAPACITY AS TRUSTEE OF THE MARJA LEE ENGLER 2003 GRANTOR RETAINED ANNUITY TRUST; AND (iii) DISMISSING COUNTS <u>TWO, THREE, FOUR, FIVE, AND SIX</u>**

WHEREAS, on December 2, 2010, Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against several defendants (the "Defendants"), including the Marja Lee Engler 2003 Grantor Retained Annuity Trust and Marja Lee Engler in her capacity as Trustee of the Marja Lee Engler 2003 Grantor Retained Annuity Trust, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on April 25, 2011, NTC & Co. LLP was voluntarily dismissed from the Adversary Proceeding without prejudice by stipulation and order [ECF No. 6];

WHEREAS, on February 14, 2014, a hearing was held before the Bankruptcy Court to address the most efficient manner of litigating common legal issues and coordinating common and consolidated discovery in the hundreds of adversary proceedings pending before the Court;

WHEREAS, on February 21, 2014, the Bankruptcy Court entered the Case Management Order Regarding Certain Pending Motions to Dismiss (the "Omnibus Proceedings");

WHEREAS, on September 17, 2014, a hearing was held before the Bankruptcy Court to consider the common legal issues in the Omnibus Proceedings;

WHEREAS, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss in the Omnibus Proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)];

WHEREAS, Defendants in this Adversary Proceeding are neither a party to, nor have joined in, the Omnibus Proceedings;

WHEREAS, the Trustee and Defendants in this Adversary Proceeding wish to apply the Decision to this Adversary Proceeding;

WHEREAS, on June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this Adversary Proceeding;

WHEREAS, this Adversary Proceeding seeks, *inter alia*, to avoid and recover transfers from BLMIS to the Marja Lee Engler 2003 Grantor Retained Annuity Trust as accountholder of BLMIS Account No. 1E0165;

IT IS HEREBY stipulated and agreed between the Trustee and Defendants as follows:

1. The Decision rendered in the Omnibus Proceedings applies equally to this Adversary Proceeding.

2. Pursuant to the Supreme Court Decision, Counts Two, Three, Four, Five, and Six of the Complaint are hereby dismissed with prejudice.

3. This Stipulation and Order has no effect on Counts One or Seven of the Complaint.

4. Pursuant to Federal Rule of Civil Procedure 41(a), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7041(a), the Trustee's claims against the Marja Lee Engler 2003 Grantor Retained Annuity Trust and Marja Lee Engler solely in her capacity as Trustee of the Marja Lee Engler 2003 Grantor Retained Annuity Trust are dismissed without prejudice.

5. The caption of the Adversary Proceeding is hereby amended to delete the Marja Lee Engler 2003 Grantor Retained Annuity Trust and Marja Lee Engler in her capacity as Trustee of the Marja Lee Engler 2003 Grantor Retained Annuity Trust from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

6. This Stipulation and Order may be signed by counsel for the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

7. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date: May 3, 2016

By: /s/ *Nicholas J. Cremona*  
Nicholas J. Cremona  
BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Fax: (212) 589-4201  

*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*

By: /s/ *Heather L. Marx*  
Heather L. Marx.  
COZEN O'CONNOR  
33 S. 6th Street  
Suite 4640  
Minneapolis, MN 55402  
Telephone: (612) 260-9000  

*Attorneys for Defendants*

SO ORDERED:

By:/s/ STUART M.BERNSTEIN          Date: May 3rd, 2016
    HON. STUART M. BERNSTEIN
    UNITED STATES BANKRUPTCY JUDGE

4