**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**STIPULATED SCHEDULING ORDER (BRAIN CROSS CLAIM)**

This matter came before the Court on April 27, 2016 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order establishing a briefing schedule and setting a hearing date regarding the Trustee's determination of the Brian Ross Claim, as more fully set forth in the Scheduling Motion (ECF No. 13048); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, et seq., the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Scheduling Motion.

15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation **and the Trustee having represented that Brian Ross consents to the scheduling Order**, it is hereby: **[SMB : 5/4/16]**

~~**ORDERED**, that the relief requested in the Scheduling Motion is granted; and it is further~~ **[SMB: 5/4/16]**

**ORDERED**, that the parties comport with the following schedule, unless the parties agree otherwise:

**Discovery**

a. The Parties may serve Requests for the Production of Documents, Requests for Admission, and Interrogatories ("Discovery Requests") within thirty (30) days of the entry of the Scheduling Order.

b. The Parties shall provide responses to any Discovery Requests within forty-five (4) days of such requests (the "Response Deadline").

c. The Parties shall exchange affidavits or declarations along with any supporting documentation they intend to rely upon in support of their Motion and/or Memorandum of Law within forty-five (4) days of the Response Deadline, and either a statement that they intend to rely only on such affidavits or declarations at the hearing or a list of witnesses that will testify at the hearing.

d. Fact discovery shall be completed by July 31, 2016.

e. All discovery contemplated herein shall be produced pursuant to and governed by the Litigation Protective Order entered on June 6, 2011 in the matter of Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al., Adv. Pro. No. 08-01789 (BRL), ECF No. 4137 (the "Litigation Protective Order"), or any amendments to or subsequent orders that may be entered, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

f. In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

**Motion Practice**

g. On or before August 29, 2016, the Trustee shall file a Motion combined with a Memorandum of Law for an Order to Affirm the Trustee's Determination Regarding the Brian Ross Claim (the "Brian Ross Customer Motion").

h. On or before August 29, 2016, SIPC may file a brief with respect to the Brian Ross Claim.

i. On or before September 12, 2016, Ross may file a brief in opposition with respect to the Brian Ross Claim.

j. On or before September 26, 2016, the Trustee may file any reply papers.

k. On or before September 26, 2016, SIPC may file any reply papers.

**Court Hearings**

l. The Court shall hear the Brian Ross Customer Motion on October 26, 2016 **(the "Hearing Date")**, **at 10:00 a.m. but the Court will not take evidence on that date. [SMB: 5/4/16]**

m. The parties shall enter into a stipulated joint pre-trial order that identifies stipulated facts and any open factual or legal issues and will file the joint pre-trial order no less than fourteen (14) days before the Hearing Date.

**Service**

n. The Brian Ross Customer Motion shall be served on all parties included on the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Anat Maytal, Esq.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York  
      May 4th, 2016

/s/ STUART M. BERNSTEIN  
HONORABLE STUART M. BERNSTEIN  
UNITED STATES BANKRUPTCY JUDGE