# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

May 4, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Laura Ann Smith Revocable Living Tr.*, Adv. Pro. No. 10-05184 (SMB)
      *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352 (SMB)
      *Picard v. Wilenitz et al.*, Adv. Pro. No. 10-04995 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to Mr. Dexter's May 2, 2016 letter on behalf of Defendants in the above-referenced actions,[1] and in further support of our April 6, 2016 letter in *Picard v. Wilenitz* [ECF No. 63] seeking permission to file a motion for a protective order on certain discovery served by Defendants.

**I.     The Trustee's Request for Leave to File a Motion for a Protective Order in *Wilenitz***

In *Wilenitz,* the discovery served by Defendants is outside the scope of Federal Rule of Civil Procedure 26 and, in some instances, was clearly served for the improper purpose of harassment. *See* Exhibit A, the Trustee's written responses and objections, and in particular, Nos. 10-12.

---

[1] The Trustee is represented by Windels Marx Lane & Mittendorf in connection with *Picard v. Roger Rechler Revocable Trust,* Adv. Pro. No. 10-04474 (SMB) and *Picard v. Reckson Generation et al.*, Adv. Pro. No. 10-05135 (SMB). It is our understanding that a response to Mr. Dexter's May 2, 2016 letter will be filed separately in those matters.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

May 4, 2016
Page 2

In this litigation, the Trustee has already produced virtually all possible relevant discovery to the Defendant that is non-objectionable. This includes approximately 1,900 records concerning the alleged transfers and an additional approximately four million records provided in a searchable electronic data room ("E-Data Room 1") that are relevant to BLMIS's fraud and insolvency. Given the nature of the strict liability transfer avoidance claims asserted by the Trustee in this case, issues of relevancy ought to be very straightforward.

Nonetheless, the requests at issue are overwhelmingly focused on several purported "affirmative defenses" regarding the Trustee's standing and due process that this Court explicitly rejected in its omnibus decision on the motions to dismiss, in which this Defendant participated. *See* Mem. Dec. Regarding Omnibus Motions to Dismiss, as entered in *Picard v. Wilenitz, et al.*, Adv. Pro. No. 10-04995 (SMB), [ECF No. 36]. Even putting these concerns aside, these requests are facially objectionable on other grounds and most have no possible relevance to the *Wilenitz* case. *See* Ex. A.

Most egregiously, the Defendant continues to pursue discovery that this Court specifically prohibited in three cases—information concerning the Trustee's compensation from his firm.[2] Given the clear and unambiguous prior orders of this Court and additional courts in which defense counsel has pressed this same issue, there can be no possible good faith basis on which it has again been asserted here. Accordingly, the Trustee respectfully asserts he will be entitled to sanctions under 28 U.S.C. § 1927 and/or the Court's inherent powers in connection with having to re-litigate these same issues. *See, e.g., Siderpali, S.P.A. v. Judal Industries, Inc.*, 833 F. Supp. 1023 (S.D.N.Y. 1993) (same, and noting that "court is empowered to hold an attorney who multiplies the proceedings in any case unreasonably and vexatiously personally liable for excess costs, expenses, and attorney's fees incurred as a result of his or her improper conduct.") (internal quotations omitted); *cf. Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995) (discussing standard for sanctions under 28 U.S.C. § 1927, and noting that "resubmitting a motion that had previously been denied" justifies sanctions).

As such, the Trustee respectfully requests permission to move this Court for a protective order on these requests.

**II.     Subpoenas for Bank Records in *RAR* and *Laura Ann Smith* Cases**

Chaitman LLP is again burdening the Court with the same objections to bank subpoenas that counsel raised on behalf of different defendants—and this Court squarely rejected—at the March 23, 2016 conference. *See, e.g.*, *Picard v. Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB) [ECF No. 91]. Chaitman LLP is needlessly and improperly multiplying and duplicating

---

[2] Undeterred, and notwithstanding Judge Daniels' recent rejection of Ms. Chaitman's motion for leave to appeal this Court's rejection of an affirmative defense raising due process rights, for which the discovery concerning the Trustee's compensation was originally sought, Ms. Chaitman has nonetheless <u>again</u> sought leave to appeal the exact same issue, this time under the guise of seeking leave to appeal this Court's March 18, 2016 Order granting a protective order over this specific discovery. *Picard v. Dusek*, Adv. Pro. No. 10-04644 (SMB) [ECF No. 50], *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB) [ECF No. 51]; *Picard v. Nelson, et al.*, Adv. Pro. No. 10-04377 (SMB) [ECF No. 49]. That motion was assigned to Judge Pauley and is set for oral argument on May 12, 2016.

May 4, 2016
Page 3

litigation by seeking to re-litigate the exact same issues again.  In fact, Chaitman LLP has already burdened this Court with multiple motions on these exact same issues in prior cases, including motions to quash, motions to dismiss, and motions for temporary and permanent injunctions, all of which were rejected by this Court.  *See id.*  There are no different circumstances present in the instant cases that would enable the Defendants to argue in good faith that any different conclusion should be reached here.

Further, we are not aware of any applicable rule requiring the Trustee to hold the subpoenas in abeyance pending the resolution of a party objection.  In fact, the Court explicitly stated in those cases that: "the banks were required to comply with the subpoenas, to which they did not object on their own account absent a protective order."  *See Saren-Lawrence*, March 23, 2016 Hearing Tr. 54:10-16 [ECF No. 91].  While we defer to any further instruction from the Court, we believe that any stay of the subpoenas would be particularly inappropriate under the circumstances here and particularly given the ongoing destruction of relevant bank records due to the passage of time.

Therefore, the Trustee respectfully requests that the Court deny all relief requested in Mr. Dexter's May 2, 2016 letter and instead, permit the Trustee to file a motion for a protective order in *Wilenitz* for the reasons described above and in the Trustee's April 6, 2016 letter.  The Trustee is available for a conference if the Court deems it appropriate under the circumstances and in light of the Court's March 23, 2016 ruling.

Respectfully submitted,

  */s/ Edward J Jacobs*
Edward J. Jacobs

Enclosure

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Gregory M. Dexter (gdexter@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022