**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>       Debtor. | |

**THE PICOWER PARTIES' RESPONSE TO THE TRUSTEE'S ORDER TO SHOW CAUSE**
**CONCERNING THE PROPOSED DEPOSITIONS OF**
**ANNETTE BONGIORNO AND JOANN CRUPI**
**ON THE PROFIT WITHDRAWAL ISSUE**

                       SCHULTE ROTH & ZABEL LLP
                       William D. Zabel
                       Marcy Ressler Harris
                       Michael Kwon
                       Jennifer M. Opheim
                       Mark D. Richardson
                       919 Third Avenue
                       New York, New York  10022
                       (212) 756-2000

                       *Attorneys for the Picower Parties*

The Picower Parties,[1] as parties in interest in the above-captioned SIPA proceeding, respectfully submit this Response to the Order to Show Cause (ECF No. 13194) as to why the Court should not issue orders authorizing the depositions of Annette Bongiorno ("Ms. Bongiorno") and Joann Crupi ("Ms. Crupi") on the Profit Withdrawal Issue and seeking other related relief (the "Order to Show Cause") brought by Irving H. Picard (the "Trustee") as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Estate of Bernard L. Madoff ("Mr. Madoff").

The Picower Parties do not oppose the Trustee's request to depose Ms. Bongiorno and Ms. Crupi. Rather, the Picower Parties submit this Response to prevent Chaitman LLP, or any other counsel authorized to attend the depositions, from seeking facts at the depositions related to the Picower Parties to frame a new complaint against the Picower Parties or for any other purpose as it relates to the Picower Parties.

As this Court is aware, for the past six years, Helen Davis Chaitman, Esq., now at Chaitman LLP, counsel to some of the Participating Claimants, has tried unsuccessfully to assert class action claims against the Picower Parties, all of which have been barred by this Court's Permanent Injunction enjoining claims against the Picower Parties that are duplicative or derivative of claims the Trustee brought or could have brought against the Picower Parties that the Picower Parties settled with the Trustee.[2] During those years, Ms. Chaitman also has tried unsuccessfully to obtain discovery, including the deposition of Bernard Madoff, to uncover facts

---

[1] The "Picower Parties" refers to Capital Growth Company, Decisions Incorporated, Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, JAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLN Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower, P.C., The Picower Foundation, The Picower Institute of Medical Research, The Trust f/b/o Gabrielle H. Picower, Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

[2] The "Permanent Injunction" refers to the Order entered by this Court on January 13, 2011 in *Picard v. Picower*, Adv. Pro. No. 09-01197 (Bankr. S.D.N.Y. Jan. 13, 2011), ECF No. 43.

1

to state a non-derivative claim against the Picower Parties. Five Courts have addressed Ms. Chaitman's discovery requests, including this Court, and all five Courts have refused to permit her pre-action discovery related to the Picower Parties.[3]

Recently, in an Order granting a motion filed by Chaitman LLP on behalf of certain BLMIS customers to take the deposition of Mr. Madoff concerning the Profit Withdrawal Issue (the "Madoff Deposition Motion"), this Court imposed a number of limitations on the scope and use of Mr. Madoff's deposition to prevent Chaitman LLP, or anyone else, from using Mr. Madoff's deposition as a means of obtaining pre-action discovery concerning the Picower Parties. (*See* ECF Nos. 12892,12893 & 13060.) Chaitman LLP did not oppose those limitations at any time – not in motion practice, at oral argument related to the Order, or when the Order was settled. (*See* ECF Nos. 12929 & 13027.)

In the instant Order to Show Cause, the Trustee seeks to depose Ms. Bongiorno and Ms. Crupi on the same Profit Withdrawal Issue for which the Court authorized Mr. Madoff's deposition. Accordingly, if the Court authorizes the depositions of Ms. Bongiorno and Ms. Crupi, the Picower Parties respectfully request that the Court impose the same limitations on the scope and use of those depositions as it imposed in connection with Mr. Madoff's deposition, for the same reasons set forth in the Picower Parties' and the Trustee's Responses to the Madoff Deposition Motion (*see* ECF Nos. 12892 & 12893). The Picower Parties are submitting with this Response Proposed Orders reflecting those same limitations, and counsel to the Trustee has advised that the Trustee consents to the entry of the Picower Parties' Proposed Orders.

---

[3] *See Marshall v. Capital Growth Co.*, Case No. 10-80252 (S.D. Fla.) ECF No. 58; *Picard v. Marshall*, Adv. Pro. No. 14-01840 (Bankr. S.D.N.Y.), ECF No. 55; *Picard v. Marshall*, No. 14-01840 (SMB), 2014 WL 5486279 (Bankr. S.D.N.Y. Oct. 30, 2014); *In re Marshall*, Case No. 15-mc-00001-LPS, 2015 WL 849302 (D. Del. Feb. 25, 2015); *In re Marshall*, No. 15-1590 (3d Cir. Apr. 6, 2015); *Marshall v. Madoff*, No. 15 mc 56 (JGK), 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015).

2

WHEREFORE, if the Court authorizes the depositions of Ms. Bongiorno and Ms. Crupi on the Profit Withdrawal Issue, the Picower Parties respectfully request that the Court enter the Proposed Orders submitted by the Picower Parties (i) directing that Ms. Bongiorno and Ms. Crupi must receive an instruction at the start of their depositions that their answers are to be limited to BLMIS's profit withdrawal transactions and issues related thereto; (ii) limiting counsels' scope of inquiry to BLMIS's profit withdrawal transactions and issues related thereto; (iii) prohibiting any inquiry about Jeffry M. Picower, the Picower Parties or their agents, the Picower Parties' BLMIS accounts, or Mr. Madoff's statements concerning Jeffry M. Picower contained in the Madoff Declaration dated November 17, 2015 (ECF No. 12319-2); (iv) directing that the deposition testimony of Ms. Bongiorno and Ms. Crupi shall be used only to resolve pending litigation concerning the Profit Withdrawal Issue; (v) prohibiting the use of testimony from the depositions of Ms. Bongiorno and Ms. Crupi in any other proceedings for any reason, including to support any claims or to address or resolve any issues other than the Profit Withdrawal Issue, including in any proceedings that may be brought by any persons or entities against Barbara Picower, the Picower Parties or their agents, or any related person or entity; (vi) designating the entire transcripts of the depositions of Ms. Bongiorno and Ms. Crupi confidential until compliance with the Proposed Orders has been confirmed in accordance with the procedures set forth therein; and (vii) directing that any violations of either Order may result in sanctions.

| | |
|---|---|
| Dated: New York, New York<br>May 4, 2016 | **SCHULTE ROTH & ZABEL LLP**<br><br>By: /s/ Marcy R. Harris<br>    William D. Zabel<br>    Marcy Ressler Harris<br>    Michael Kwon<br>    Jennifer M. Opheim<br>    Mark D. Richardson<br>919 Third Avenue<br>New York, New York  10022<br>(212) 756-2000<br><br>*Attorneys for the Picower Parties* |