**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>            Plaintiff-Applicant, <br><br>            v. <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>            Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN WILLIAM PRESSMAN, INC., WILLIAM PRESSMAN, INC. ROLLOVER ACCOUNT, AND AGL LIFE ASSURANCE COMPANY**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in AGL Life Assurance Company Separate Account VL84, William M. Pressman, Inc. and William Pressman Inc. Rollover (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1A0160 held by AGL Life Assurance Company Separate Account VL84, 1ZA733 held by William M. Pressman, Inc., and 1ZA734 held by William Pressman Inc.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

Rollover (collectively, the "Corporations"), which accounts (the "Accounts") are listed on Exhibit 1.

7.  At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8.  If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Corporate and/or Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Corporations. The results of that review are set out on Exhibits 2 and 3.

9.  Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's investment in one of the Corporations and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Corporation or Grantor.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 18 claims and 4 objections filed by Objecting Claimants who claim to hold an interest in one or more of the Corporation accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-

3

holding Corporation to which the Objecting Claimants claim a right, and the Corporation BLMIS Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. William Pressman Inc. and AGL each filed one claim related to its Account, and sought a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to each of the AGL Life Assurance Company Separate Account VL84 and William M. Pressman, Inc., denying their customer claims on the grounds that they were net winners, *i.e.*, that they had withdrawn more money from their BLMIS Accounts than had been deposited.

15. A letter of determination was not sent to William Pressman Inc. Rollover because it did not file a claim with the Trustee.

16. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for William M. Pressman, Inc.

17. Attached hereto as Exhibit 5 is a true and correct copy of claim 003837, filed with the Trustee by William M. Pressman, Inc.

18. Attached hereto as Exhibit 6 is a true and correct copy of claim 003840, filed with the Trustee by Harriet Barbuto.

19. Attached hereto as Exhibit 7 is a true and correct copy of claim 003845, filed with the Trustee by Alice Jacobs.

4

20. Attached hereto as Exhibit 8 is a true and correct copy of the November 30, 2008 statement for William M. Pressman, Inc.

21. Attached hereto as Exhibit 9 is a true and correct copy of the BLMIS customer file for William Pressman Inc. Rollover.

22. Attached hereto as Exhibit 10 is a true and correct copy of claim 015441, filed with the Trustee by Debra Tamblyn.

23. Attached hereto as Exhibit 11 is a true and correct copy of claim 015444, filed with the Trustee by William Pressman.

24. Attached hereto as Exhibit 12 is a true and correct copy of the November 30, 2008 statement for William Pressman Inc. Rollover.

25. Attached hereto as Exhibit 13 is a true and correct copy of the BLMIS customer file for AGL Life Assurance Company Separate Account VL84.

26. Attached hereto as Exhibit 14 is a true and correct copy of claim 012425, filed with the Trustee by AGL Life Assurance Company Separate Account VL84.

27. Attached hereto as Exhibit 15 is a true and correct copy of claim 012419, filed with the Trustee by AGL Life Assurance Company on behalf of AGL Life Assurance Company Separate Account VL84 FBO VL300723.

28. Attached hereto as Exhibit 16 is a true and correct copy of claim 012420, filed with the Trustee by AGL Life Assurance Company on behalf of AGL Life Assurance Company Separate Account VL84 FBO VL300724.

29. Attached hereto as Exhibit 17 is a true and correct copy of claim 012421, filed with the Trustee by AGL Life Assurance Company on behalf of AGL Life Assurance Company Separate Account VL84 FBO VL300725.

30. Attached hereto as Exhibit 18 is a true and correct copy of claim 012422, filed with the Trustee by AGL Life Assurance Company on behalf of AGL Life Assurance Company Separate Account VL84 FBO VL300726.

31. Attached hereto as Exhibit 19 is a true and correct copy of claim 012423, filed with the Trustee by AGL Life Assurance Company on behalf of AGL Life Assurance Company Separate Account VL84 FBO VL300727.

32. Attached hereto as Exhibit 20 is a true and correct copy of claim 012424, filed with the Trustee by AGL Life Assurance Company on behalf of AGL Life Assurance Company Separate Account VL84 FBO VL300728.

33. Attached hereto as Exhibit 21 is a true and correct copy of the November 30, 2008 statement for AGL Life Assurance Company.

34. Attached hereto as Exhibit 22 is a true and correct copy of a letter from William Pressman to the Trustee as submitted as part of Claim 003836.

35. The Accounts were in the names of their respective Corporations, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

*[INTENTIONALLY LEFT BLANK]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2016
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022