UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S
MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN
WILLIAM PRESSMAN INC., WILLIAM PRESSMAN INC. ROLLOVER
ACCOUNT, AND AGL LIFE ASSURANCE COMPANY**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an associate with Baker & Hostetler LLP,  counsel to Irving H. Picard,

trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §

78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff").

2.      I am fully familiar with this case and the facts set forth herein.

3.      For purposes of the Trustee's Motion And Memorandum To Affirm His

Determinations Denying Claims Of Claimants Holding Interests In William Pressman Inc.,

William Pressman Inc. Rollover Account, and AGL Life Assurance Company (the "Motion"),

the Trustee selected three BLMIS accounts (collectively, the "Accounts"): 1ZA733 held by

William M. Pressman Inc.; and 1ZA734 held by William Pressman Inc. Rollover Account, and

1A0160 held by AGL Life Assurance Co. Separate Account VL 84; (collectively, the

"Corporations").

4.      A list of Objecting Claimants associated with one or more of the Corporations

whose claims are dealt with by this Motion is annexed as Exhibit 2 to the Declaration of Vineet

Sehgal filed in support of the Motion (the "Sehgal Declaration").  The Motion addresses all

outstanding docketed objections that have been filed to date by Objecting Claimants associated

with one or more of the Corporations, details of which objections are contained in Sehgal

Declaration Exhibits 2 and 3.

5.      I supervised the service of discovery, including Requests for Admission, by the

Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration.  I also

personally reviewed and caused to be entered into our system each response to Requests for

Admission or to Interrogatories that were received by our office.  Most of the Objecting

Claimants failed to respond.

6.      During the course of my work on this matter, and to properly prepare and serve

discovery, I personally reviewed hundreds of documents, including the claims filed by the

Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and

the respective objections to the Trustee's notices of determination of claims filed by the

Objecting Claimants, in addition to reviewing the Trust account files as contained in the books

and records of BLMIS.

7.      The Objections to Determination filed on behalf of the Objecting Claimants

associated with the William M. Pressman Inc. and William Pressman Inc. Rollover accounts

were filed by Helen Chaitman of Becker & Poliakoff LLP.  To clarify attorney representation

issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both occasions that she did not represent any of the Objecting Claimants in connection with the Trustee's discovery requests.

8.      No responses to the Requests for Admission (nor any of the other discovery) as to AGL were received. The responses the Trustee received to the Interrogatories and Requests for Admission associated with Pressman Inc. and Pressman Rollover are attached *infra*.

### Service of Requests for Admission and Other Discovery

9.      I caused discovery to be served on Objecting Claimants through counsel or in a *pro se* capacity using contact details from the claims, or objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

### *Pro Se* Responses To Interrogatories and Requests for Admission

10.     Attached hereto as Exhibit 1 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Harriet Barbuto as well as a copy of the cover letter and of the Trustee's certificate of service for the discovery requests.

11.     Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Alice Jacobs as well as a copy of the cover letter and of the Trustee's certificate of service for the discovery requests.

12.     Attached hereto as Exhibit 3 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Debra Tamblyn as well as a copy of the cover letter and of the Trustee's certificate of service for the discovery requests.

**Documents Produced**

13.     Attached hereto as Exhibit 4 is a true and correct copy of the documents produced

to the Trustee in response to requests for production to Harriet Barbuto.

14.     Attached hereto as Exhibit 5 are true and correct copies of the documents

produced to the Trustee in response to requests for production to Debra Tamblyn.

*Pro Se* **Objecting Claimants Who Failed To Respond To Requests For Admission**

15.     Attached hereto as Exhibit 6 is a chart of Objecting Claimants who did not

respond to the Requests for Admission served upon them. The Objecting Claimants who

received these requests were either (1) Objecting Claimants who had filed a *pro se* objection to

the Trustee's notice of determination of claim; or, (2) Objecting Claimants whose objections to

determination had been filed by counsel.

16.     Each of the Objecting Claimants received ten (10) substantively identical

Requests for Admission in their discovery packages.  All but one of the Pressman Rollover

Objecting Claimants, received three additional requests for admission.  These two sets are

distinguished by variations in the "RFA Type" column of the Exhibit 6 chart.

17.     The Pressman Inc., AGL, and all but one Pressman Rollover Objecting Claimant

received a package with thirteen identical numbered Requests for Admission (RFA Type "1" in

the Exhibit 6 chart).

18.     One Pressman Rollover Objecting Claimant received a package with ten (10) of

the thirteen (13) Requests for Admission (RFA Type "2" in the Exhibit 6 chart).

19.     Examples of the two types of Requests for Admission discussed in the four

immediately preceding paragraphs are attached as Exhibit 7 (Alice Jacobs, 1 on chart) and

4

Exhibit 8 (William Pressman, 2 on chart).  Exhibits 7 and 8 each contain the cover letter and

Requests for Admission as sent, but omit the other enclosures referenced in the cover letter.

20.     The cover letters sent to the various Objecting Claimants in the Exhibit 6 chart

had other relevant variations (date, addressee, claim number, due date for responses, references

to the dates and docket numbers of objections) that are not directly relevant to the requests for

admission themselves.

21.     Given there are voluminous Requests for Admission and that there is no variation

other than as mentioned in this declaration, the Trustee is offering to provide these documents on

request rather than attaching them to this declaration.

22.     Attached as Exhibit 9 is a complete set of the Certificates of Service applicable to

the Requests for Admission served on the Objecting Claimants listed in the Exhibit 6 chart.

### Miscellaneous Exhibits

23.     Attached hereto as Exhibit 10 are selected pages of the transcript of the hearing

held February 25, 2015 regarding Trustee's Motion And Memorandum To Affirm His

Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates,

General Partnerships (ECF No. 8734).

24.     Attached hereto as Exhibit 11 is a true and correct copy of the September 5, 2014

letter received by the Trustee from AGL in response to his requests for discovery.

25.     Attached hereto as Exhibit 12 is a true and correct copy of the results of an entity

search and name change history for AGL Life Assurance Company on the Pennsylvania

Secretary of State website.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on May 4, 2016
   New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111