# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

May 6, 2016

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

**VIA ECF**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB) - Trustee Profit Withdrawal Motion

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. We write in response to Norman Blum's ("Blum") letter dated May 5, 2016 requesting a conference with the Court in order to request leave to file a motion to quash the notices of deposition served by the Trustee seeking testimony from four former BLMIS employees who worked in the BLMIS investment advisory business: Winnifer Jackson, Dorothy Khan, Alethea Mui, and Joann Sala.

    Blum requests a conference on two bases, neither of which should be countenanced by this Court. First, Blum suggests that no depositions of former BLMIS employees are permitted without further leave of Court. Second, Blum argues that any such depositions are outside the scope of the profit withdrawal issue. Because the Court has already addressed these issues in prior motion practice in the profit withdrawal litigation, the Court need not hold any further hearings on these topics.

    As to the first issue, Blum argues that before the Trustee could serve deposition notices on non-incarcerated former BLMIS employees, the Trustee was required to file a motion under the terms of the scheduling order this Court entered in June 2015. Order, ECF No. 10266. But the Trustee has already filed such motion, Blum has already objected, and the Court has entered an order superseding the prior order that Blum relies upon.

Hon. Stuart M. Bernstein, U.S.B.J.
May 6, 2016
Page 2

      In April, the Trustee filed a motion seeking a ninety-day extension of discovery deadlines in the profit withdrawal litigation for the explicit purpose of permitting the Trustee "the opportunity to seek to depose BLMIS employees with knowledge of the Profit Withdrawal Issue." Motion for Order Amending Schedule of Litigation of Profit Withdrawal Issue at 2, ECF No. 12865. In his reply, the Trustee further reiterated that while the parties were waiting for the convictions of Ms. Bongiorno and Ms. Crupi to become final, "the parties can depose Mr. Madoff pursuant to this Court's order and determine whether any other employees have relevant information and if so, depose them." Trustee's Reply at 5-6, ECF No. 13016. Over Blum's objection, ECF No. 12997, the Court granted the relief sought in the Trustee's motion and extended the discovery period by ninety days. Order Amending Schedule of Profit Withdrawal Litigation, ECF No. 13038. Thus, no further leave of Court is required for the Trustee to depose non-incarcerated former BLMIS employees.

      As to the second issue of whether these depositions are outside the scope of this proceeding, Blum's position borders on frivolous. As this Court has remarked several times, depositions of individuals with personal knowledge of BLMIS books and records are relevant and could be helpful to determining the profit withdrawal issues before the Court.[1] The Trustee has noticed the depositions of four non-incarcerated former BLMIS employees who are likely to have personal knowledge of issues relating to the profit withdrawal transactions. Such depositions are plainly permissible discovery on the profit withdrawal issue and the Trustee has appropriately noticed those depositions within the discovery period approved by the Court.

      These depositions are all the more necessary because the two BLMIS employees who are likely to have the most knowledge of profit withdrawals —Ms. Bongiorno and Ms. Crupi—may invoke their Fifth Amendment rights at any deposition.[2] The Trustee plans to depose employees who worked with Ms. Bongiorno and Ms. Crupi who may be able to provide similar testimony regarding profit withdrawals. It is difficult to understand what precisely about this particular discovery Blum takes issue with, especially because he has not objected to the depositions of Mr. Madoff, Ms. Bongiorno or Ms. Crupi occurring within the same time frame.

      In short, the Court suggested that the parties explore whether BLMIS employees with personal knowledge of BLMIS books and records could shed light on the profit withdrawal issues before the Court. The Trustee filed a motion to accommodate that discovery and the Court granted the motion. The Trustee has now set about doing exactly what he said he was going to do when he sought relief from the Court in April: depose former BLMIS employees. No further hearings or motions are necessary on these issues.

---

[1] *See* Hr'g. Tr. at 30:14-19 (Feb. 24, 2016) ("I would think that some of you would just want to take the deposition of somebody who knew what [profit withdrawals] were . . . it seems to me that's the best evidence of what they are."); *see also* Hr'g Tr. at 12:9-11 (Apr. 4, 2015) ("[I]f there's someone who has personal knowledge of how BLMIS kept these records, it would be helpful in understanding the issue.").

[2] On May 3, 2016, Ms. Bongiorno and Ms. Crupi, along with their co-defendants, sought an extension to May 16, 2016 to file a petition for rehearing *en banc* with the Second Circuit. *See United States v. O'Hara*, No. 14-4717 (2d Cir. May 3, 2016), ECF No. 404.

Hon. Stuart M. Bernstein, U.S.B.J.
May 6, 2016
Page 3

      However, in the event that your Honor believes a motion for leave is required, we respectfully request that the Court consider this letter as a motion for leave to depose former non-incarcerated BLMIS employees, including Winnifer Jackson, Dorothy Khan, Alethea Mui, and Joann Sala.

      The Securities Investor Protection Corporation ("SIPC") has authorized the Trustee to state that SIPC joins the Trustee in this letter.

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown
Partner

cc:    Richard A. Kirby, Esq.
       Helen Davis Chaitman, Esq.