**BAKER & MCKENZIE**

Baker & McKenzie LLP

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

Asia Pacific
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

Europe, Middle East
& Africa
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

Latin America
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

North America
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

May 9, 2016

**By ECF, and Chambers' Email**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the Southern District of
New York
One Bowling Green
New York, New York 10004

Re:  *SIPA v. Bernard L. Madoff Investment Securities LLC,* Adv. Pro. No. 08-01789
  **Trustee Profit Withdrawal Motion**

Dear Judge Bernstein:

On behalf of Norman Blum, a Participating Claimant, we write to formally object to the Trustee's request that the Court consider his letter as a motion for leave to take an unknown number of depositions of unidentified potential fact witnesses. *See* May 6, 2016 letter, ECF 13254, at 3 (requesting leave "to depose former nonincarcerated BLMIS employees," including *but not limited to* the four deponents at issue).

Plainly, the Trustee is trying to bypass normal motion practice; the request appears calculated to deprive Participating Claimants of any opportunity to respond to the merits of the Trustee's proposal. More fundamentally, the letter makes no showing of good cause for the depositions, the standard for amending the governing Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue ("Order"). ECF 10266 (6/25/15), at ¶ 20 (Order may only be modified for good cause shown).

The Trustee admittedly did not take into account any testimony of former employees when calculating the effect of profit withdrawal transactions: "the Trustee has determined …[the] treatment of profit withdrawal transactions, in a fair manner and to his satisfaction based on the books and records of BLMIS … [and] the Trustee's position is and has been that the Court can affirm the Trustee's treatment of profit withdrawal transactions on the basis of the expert disclosures and the briefing …" Trustee Reply in Further Support of Motion for Extension of Scheduling on PW Issue (ECF 13016) at 4.

The Court's inquiry about former employees does not alter this fact. Indeed, the Trustee makes no representation by proffer or otherwise that the testimony of these witnesses is in any way relevant to his profit withdrawal motion. He has thus not provided good cause for the belated depositions of numerous BLMIS employees beyond the scope of the limited discovery permitted by the Court on the Trustee PW motion, or excused his failure to make timely notice of their testimony as per the prior order of the Court.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

Hon. Stuart M. Bernstein, U.S.B.J.
May 9, 2016
Page 2

   This tactic should not be endorsed by the Court, and Mr. Blum renews his request for a conference on these issues.

Respectfully,

Baker & McKenzie

By:    /s/ Richard A. Kirby
      Richard A. Kirby

cc:    Seanna Brown, Baker & Hostetler LLP (by ECF and email)
        Kevin Bell, SIPC (by ECF and email)
        Helen Chaitman (by ECF and email)