**Presentment Date and Time: May 16, 2016 at 12:00 p.m. (EDT)**
**Objection Date and Time: May 16, 2016 at 11:30 a.m. (EDT)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                    Plaintiff, <br><br>         v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br> BERNARD L. MADOFF, <br>                    Debtor. | |

### THE PICOWER PARTIES' MOTION FOR THE ENTRY OF AN ORDER SETTING CERTAIN LIMITATIONS ON DEPOSITIONS TAKEN ON THE PROFIT WITHDRAWAL ISSUE

TO THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE:

The Picower Parties,[1] as parties in interest in the above-captioned SIPA proceeding, respectfully submit this Motion for Entry of an Order Setting Certain Limitations on Depositions Taken on the Profit Withdrawal Issue (the "Motion"), and represent as follows:

### **INTRODUCTION**

By this Motion, the Picower Parties seek the same limitations on any deposition taken in connection with the Profit Withdrawal Issue (defined below) as the Court imposed on the depositions of Bernard L. Madoff ("Madoff"), Annette Bongiorno ("Bongiorno") and Joann

---

[1] The "Picower Parties" refers to Capital Growth Company, Decisions Incorporated, Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, JAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLN Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower, P.C., The Picower Foundation, The Picower Institute of Medical Research, The Trust f/b/o Gabrielle H. Picower, Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

Crupi ("Crupi"). The limitations were imposed to prevent parties from conducting discovery on the Profit Withdrawal Issue in order to identify facts to use in framing additional complaints against the Picower Parties. The Picower Parties submit this Motion at this juncture because it has come to our attention that the Trustee has noticed several additional depositions of BLMIS employees. To avoid having to seek court intervention each and every time a party seeks discovery on the Profit Withdrawal Issue, the Picower Parties respectfully request that the Court enter the Proposed Order submitted herewith imposing the same limitations on any additional depositions (or declarations) related to the Profit Withdrawal Issue as this Court imposed on the depositions of Mr. Madoff, Ms. Bongiorno and Ms. Crupi.

## BACKGROUND

On June 25, 2015, the Court entered an Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue (ECF No. 10266), which was amended on April 5, 2016 (ECF No. 13038) (collectively, the "Profit Withdrawal Scheduling Order") to resolve a dispute between Irving H. Picard (the "Trustee") as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Estate of Bernard L. Madoff ("Mr. Madoff") and certain Participating Claimants[2] over the Trustee's treatment of "profit withdrawals" and other similar transactions as reflected on BLMIS customer account statements (the "Profit Withdrawal Issue").

On March 9, 2016, Chaitman LLP, on behalf of certain Participating Claimants, filed a Motion for an Order Authorizing the Deposition of Bernard L. Madoff (ECF No. 12799), seeking to depose Mr. Madoff on the Profit Withdrawal Issue (the "Madoff Deposition Motion"). In response, the Picower Parties and the Trustee sought certain limitations on the scope and use

---

[2] The term "Participating Claimants" is defined in paragraph 5 of the Order Establishing Schedule for Limited Discovery and Briefing on the Profit Withdrawal Issue, ECF No. 10266.

2

of Mr. Madoff's deposition. (*See* ECF Nos. 12892 & 12893.) Those limitations were sought because, for the past six years, Helen Davis Chaitman, Esq., now at Chaitman LLP, has tried to obtain discovery to uncover facts to state a non-derivative claim against the Picower Parties that is not barred by this Court's Permanent Injunction[3] enjoining claims that are duplicative or derivative of claims the Trustee brought or could have brought against the Picower Parties.[4] (*See id.*) The proposed limitations were designed to prevent Chaitman LLP, or any counsel, from seeking facts at a deposition related to the Profit Withdrawal Issue to frame a new complaint against the Picower Parties or for any other purpose as it relates to the Picower Parties. Neither Chaitman LLP, nor any other counsel or party, opposed those limitations at any time – not in motion practice, at oral argument on the Madoff Deposition Motion, or when the Order granting that motion was settled. (*See* ECF Nos. 12929 & 13027.)

On April 8, 2016, the Court entered an Order Authorizing the Deposition of Bernard L. Madoff With Certain Limitations, granting the Madoff Deposition Motion and also granting the Picower Parties' and Trustee's requests for limitations on the scope of use of Madoff's deposition. (ECF No. 13060.)

On May 2, 2016, the Trustee filed a Motion for Authorization to Depose Annette Bongiorno and Joann Crupi Regarding the Profit Withdrawal Issue (the "Bongiorno/Crupi Deposition Motion"). (ECF Nos. 13192-13194.) The Picower Parties filed a Response thereto requesting that the same limitations be imposed on the depositions of Ms. Bongiorno and Ms. Crupi as this Court imposed on Mr. Madoff's deposition. (ECF No. 13217.) The Trustee and

---

[3] The "Permanent Injunction" refers to the Order entered by this Court on January 13, 2011 in *Picard v. Picower*, Adv. Pro. No. 09-01197 (Bankr. S.D.N.Y. Jan. 13, 2011), ECF No. 43.

[4] *See Marshall v. Capital Growth Co.*, Case No. 10-80252 (S.D. Fla.) ECF No. 58; *Picard v. Marshall*, Adv. Pro. No. 14-01840 (Bankr. S.D.N.Y.), ECF No. 55; *Picard v. Marshall*, No. 14-01840 (SMB), 2014 WL 5486279 (Bankr. S.D.N.Y. Oct. 30, 2014); *In re Marshall*, Case No. 15-mc-00001-LPS, 2015 WL 849302 (D. Del. Feb. 25, 2015); *In re Marshall*, No. 15-1590 (3d Cir. Apr. 6, 2015); *Marshall v. Madoff*, No. 15 mc 56 (JGK), 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015).

3

SIPC consented to those limitations, and no objections were filed. (*See* ECF Nos. 13217 & 13222.) On May 6, 2016, the Court entered Orders granting the Bongiorno/Crupi Deposition Motion and imposing the limitations proposed by the Picower Parties and SIPC. (ECF Nos. 13240 & 13241.)

On May 3, 2016, while the Bongiorno/Crupi Deposition Motion was pending, the Trustee noticed the depositions of four additional BLMIS employees in connection with the Profit Withdrawal Issue (the "Additional Depositions"). On May 5, 2016, counsel to one of the Participating Claimants filed a letter to the Court objecting to the Additional Depositions. (ECF No. 13238.)

## **ARGUMENT**

The Picower Parties take no position concerning whether the Additional Depositions should be permitted. However, if the Additional Depositions are permitted, the Picower Parties seek to prevent discovery on the Profit Withdrawal Issue from being used as pre-action discovery in order to frame a complaint against them. As this Court is aware, over the past six years, there have been six attempts to sue the Picower Parties in connection with Mr. Madoff's Ponzi scheme. This Court has enjoined the first five attempts as barred by the Permanent Injunction, and the Picower Parties' and Trustee's applications to enjoin the sixth attempt is pending decision. During those six years, Ms. Chaitman has made numerous attempts to take pre-action discovery of Mr. Madoff, the Trustee, Barbara Picower, and others, in a search for facts to state a non-derivative claim against the Picower Parties. All of Ms. Chaitman's discovery requests have been rejected as improper.

In light of that long history, the Picower Parties requested that the depositions of Mr. Madoff, Ms. Bongiorno and Ms. Crupi be limited to the Profit Withdrawal Issue and that the transcripts of those depositions could not be used against the Picower Parties. The Court granted

4

the Picower Parties' request for those limitations without any objections. For the same reasons that limitations were imposed on those depositions, the Picower Parties respectfully request that the same limitations be imposed on any additional depositions (or other discovery) taken in connection with the Profit Withdrawal Issue, as set forth in the Proposed Order submitted herewith.

Counsel to the Trustee has advised that the Trustee and SIPC consent to the entry of the Picower Parties' Proposed Order.

## **CONCLUSION**

For the foregoing reasons, the Picower Parties respectfully request that the Court enter the Proposed Order submitted herewith (i) directing that any witness deposed in connection with the Profit Withdrawal Issue (each a "Profit Withdrawal Deponent") must receive an instruction at the start of the deposition that his or her answers are to be limited to BLMIS's profit withdrawal transactions and issues related thereto; (ii) limiting counsels' scope of inquiry to BLMIS's profit withdrawal transactions and issues related thereto; (iii) prohibiting any inquiry about Jeffry M. Picower, the Picower Parties or their agents, the Picower Parties' BLMIS accounts, or Madoff's statements concerning Jeffry M. Picower contained in the Madoff Declaration dated November 17, 2015 (ECF No. 12319-2); (iv) directing that the deposition testimony of any Profit Withdrawal Deponent shall be used only to resolve pending litigation concerning the Profit Withdrawal Issue; (v) prohibiting the use of testimony from any Profit Withdrawal Deponent in any other proceedings for any reason, including to support any claims or to address or resolve any issues other than the Profit Withdrawal Issue, including in any proceedings that may be brought by any persons or entities against Barbara Picower, the Picower Parties or their agents, or any related person or entity; (vi) designating the entire transcripts of the depositions of any Profit Withdrawal Deponent confidential until compliance with the

5

Proposed Order has been confirmed in accordance with the procedures set forth therein; and (vii) directing that any violations of the Proposed Order may result in sanctions.

| | |
|---|---|
| Dated: New York, New York<br>May 9, 2016 | **SCHULTE ROTH & ZABEL LLP**<br><br>By: /s/ Marcy R. Harris<br>    William D. Zabel<br>    Marcy Ressler Harris<br>    Michael Kwon<br>    Jennifer M. Opheim<br>    Mark D. Richardson<br>919 Third Avenue<br>New York, New York  10022<br>(212) 756-2000<br><br>*Attorneys for the Picower Parties* |