**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 08-1789 (SMB) |
| | : | |
| v. | : | SIPA LIQUIDATION |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC | : | (substantively consolidated) |
| | : | |
| Defendant. | : | |
| | : | |
| In re: | : | |
| | : | |
| BERNARD MADOFF, | : | |
| | : | |
| Debtor. | : | |
| | : | Adv. No. 10-04311 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of: Bernard L. Madoff Investment Securities LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW H. COHEN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---------------------------------------------------------------------------X

**DECLARATION OF GREGORY SCHWED IN SUPPORT OF MOTION
TO INTERVENE ON LIMITED COMMON LEGAL ISSUES**

I, Gregory Schwed, hereby declare under 17 U.S.C. § 1746 as follows:

1.      I am an attorney licensed to practice law in the State of New York and am
admitted to practice in the Southern District of New York.  I am a Partner in the Bankruptcy
Department at Loeb & Loeb LLP.

2.      This declaration is made in support of the Motion of various customer/defendants
("Customers") in avoidance actions brought by the above referenced trustee ("Trustee") to
intervene in the above-referenced adversary proceeding.[1]  If called as a witness, I could and
would testify to the following, from personal knowledge, except as otherwise indicated:

3.      Upon information and belief, Customers are defendants in 57 adversary
proceedings brought by the Trustee; these complaints seek to avoid and recover, in the aggregate,
about  $197 million distributed to Customers by Madoff Securities.

4.      Upon information and belief, all Customers are "good faith" defendants – that is,
the Trustee has never alleged that any of them had any knowledge or notice of the fraud
perpetrated by Madoff Securities and its principal, Bernard Madoff.

5.      Customers asked the Trustee to consent to the proposed intervention, and
provided the Trustee with the information he requested about the nature and number of proposed
intervenors.  The Trustee declined to consent.  A preliminary hearing was held on September 30,
at which Court allowed Customers to file this motion to intervene.

6.      A true and correct copy of the uncorrected transcript of the "conference regarding
certain parties' request to intervene" held before the Court on September 30, 2015 is attached
hereto as **Exhibit 1.**

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in
the Memorandum of Law in support of the Motion.

7.      A true and correct copy of an email dated September 11, 2015 from Gregory

Schwed of Loeb & Loeb to various attorneys at BakerHostetler is attached hereto as **Exhibit 2**.

8.      A true and correct copy of an email dated September 14, 2015 from Nicholas

Cremona at BakerHostetler to Gregory Schwed is attached hereto as **Exhibit 3**.

9.      A true and correct copy of an email dated September 14, 2015 from Gregory

Schwed to Nicholas Cremona is attached hereto as **Exhibit 4**.

10.      A true and correct copy of an email dated September 17, 2015 from Gregory

Schwed to Nicholas Cremona is attached hereto as **Exhibit 5**.

11.      A true and correct copy of an email dated September 18, 2015 from Nicholas

Cremona to Gregory Schwed is attached as **Exhibit 6**.

12.      A true and correct copy of an email dated September 20, 2015 from Gregory

Schwed to Nicholas Cremona is attached hereto as **Exhibit 7.**

13.      A true and correct copy of an email dated September 21, 2015 from Nicholas

Cremona to Gregory Schwed is attached hereto as **Exhibit 8**.

14.      A true and correct copy of a letter dated September 24, 2015 from Gregory

Schwed to Bankruptcy Judge Stuart M. Bernstein is attached hereto as **Exhibit 9.** (also Dkt. No.

56).

15.      A true and correct copy of a letter dated September 25, 2015 from Nicholas

Cremona to Bankruptcy Judge Stuart M. Bernstein is attached hereto as **Exhibit 10** (also Dkt.

No. 57).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 9, 2015
       New York, New York.

                              _/s/  Gregory Schwed_____
                                        Gregory Schwed

NY1372192.1

# EXHIBIT 1

```
                                              Page 1

 1    UNITED STATES BANKRUPTCY COURT

 2    SOUTHERN DISTRICT OF NEW YORK

 3    Case No. 08-01789-smb

 4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

 5    SECURITIES INVESTMENT PROTECTION CORPORATION,

 6              Plaintiff,

 7    v.

 8    BERNARD L. MADOFF INVESTMENT SECURITIES,

 9    LLC, ET AL.,

10              Defendants.

11    - - - - - - - - - - - - - - - - - - - - - - - - - - x

12    Adv. Case No. 10-04311-smb

13    In the Matter of:

14    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF

15    BERNAND L. MADOFF,

16              Plaintiff,

17    v.

18    ANDREW COHEN, ET AL.,

19              Defendants,

20    - - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22

23

24

25
```

1              United States Bankruptcy Court

2              One Bowling Green

3              New York, New York

4

5              September 30, 2015

6              10:06 a.m.

7

8

9    B E F O R E :

10   HON STUART M. BERNSTEIN

11   U.S. BANKRUPTCY JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1    Conference regarding certain parties' request to intervene

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sherri L. Breach

10-04321-smb    Doc 62-2    Filed 10/05/16    Entered 10/05/16 18:44:53    Exhibit 1
Pg 8 of 53

Page 4

```
1    A P P E A R A N C E S :

2    BAKERHOSTETLER

3         Attorneys for Trustee, Irving Picard

4         45 Rockefeller Plaza

5         New York, New York 10111

6

7    BY:  NICHOLAS J. CREMONA, ESQ.

8         KEITH R. MURPHY, ESQ.

9

10   PRYOR CASHMAN, LLP

11        Attorneys for Defendants

12        7 Times Square

13        New York, New York 10036

14

15   BY:  RICHARD LEVY, JR., ESQ.

16

17   SECURITIES INVESTOR PROTECTION CORPORATION

18        Attorneys for SiPC

19        1667 K. Street N.W, Suite 1000

20        Washington, D.C. 20006

21

22   BY:  KEVIN H. BELL, ESQ.

23

24

25
```

1    LOEB & LOEB, LLP

2         Attorneys for various defendants

3         345 Park Avenue

4         New York, New York 10154

5

6    BY:  P. GREGORY SCHWED, ESQ.

7

8    BAKER & MCKENZIE, LLP

9         Attorneys for Defendants

10        815 Connecticut Avenue, N.W.

11        Washington, D.C. 20006

12

13   BY:  RICHARD A. KIRBY, ESQ.

14

15   LEWIS MCKENNA

16        Attorneys for Andrew Cohen

17        82 East Allendale Road, Suite 6

18        Saddle River, New Jersey 07458

19

20   BY:  PAUL LEWIS, ESQ.

21

22

23

24

25

Page 6

                    P R O C E E D I N G S

1

2           THE COURT:  Please be seated.

3           Madoff.

4           MR. SCHWED:  Good morning, Your Honor.  Greg

5   Schwed of Loeb & Loeb representing various defendants in the

6   adversary proceeding brought by the trustee.

7           We're here under the litigation procedures order

8   on a preliminary conference with respect to our request to

9   move to -- for a very limited intervention in a -- in the

10  pending adversary against Mr. Andrew Cohen.  I say limited

11  because we're not seeking to intervene with respect to any

12  of the trial proceedings or Mr. Cohen's attorney's

13  presentation of facts unique to his case.

14          We feel our hand has been forced because, for

15  reasons known to the trustee and his counsel, it appears as

16  if Mr. Cohen's case is going to be the first case on which

17  final judgments will be entered on two critical issues for

18  our clients.  And the issues involve hundreds of millions of

19  dollars of potential swing.

20          The Cohen case itself is a very small case in the

21  scheme of --

22          THE COURT:  Not to Mr. Cohen.

23          MR. SCHWED:  Not to Mr. Cohen, but, again, he is

24  an individual client and the exigencies of representing an

25  individual in a case like this are very taxing.  And Mr.

Page 7

1    Cohen's attorneys are here and they can explain the kind of

2    pressure that's on to resolve this type of case.

3            One of the factors under a Rule 24 intervention is

4    whether the interests are adequately represented by the

5    existing defendant.  And this is in no way impugning Mr.

6    Cohen's counsel who are excellent, but, again, these are

7    complex issues.  They are both ones where many different

8    questions can be raised about them.  And when it goes up to

9    the -- both to the District Court and to the Circuit Court

10   -- so essentially two levels of potential appeal -- it's

11   really not fair either to Mr. Cohen's counsel or to us to

12   expect Mr. Cohen and his counsel to raise and fully amplify

13   and discuss all these issues.

14           But --

15           THE COURT:  What issues do you want to intervene

16   on?

17           MR. SCHWED:  Sure.  One issue is the value issue.

18   And --

19           THE COURT:  That's been -- that's been decided in

20   three different cases.

21           MR. SCHWED:  Your Honor, quite under -- I

22   understand that.  And our client was involved in Judge --

23   the Judge Rakoff decision.  So -- and quite thoroughly and

24   with a very thoughtful opinion, as was Your Honor's.  We

25   weren't involved in the June 2nd or the proceedings that led

Page 8

1    to Your Honor's June 2nd opinion.  There's no question that

2    that issue has been decided.

3            THE COURT:  So what is there to intervene on?

4            MR. SCHWED:  The -- it's really to preserve our

5    rights in the Second Circuit where ultimately this issue, we

6    would be hoping to get the Second Circuit to take a fresh

7    look at it.  And that would be --

8            THE COURT:  I understand that.  But why can't you

9    raise that in your own cases?

10            MR. SCHWED:  Well, we could.

11            THE COURT:  You think I'm going to decide value

12    for a fourth time now?

13            MR. SCHWED:  No, Your Honor.  I mean, for -- as

14    far as we're concerned if Your Honor simply said denied on

15    the basis of the June 2nd opinion and Judge Rakoff's prior

16    opinion, that would be fine.

17            THE COURT:  But how does that help you?

18            MR. SCHWED:  It --

19            THE COURT:  You're going to appeal a judgment in

20    Mr. Cohen's case?

21            MR. SCHWED:  If we're allowed to intervene we

22    would be a party who is entitled to have that issue decided

23    by the Second Circuit.

24            You see, Your Honor, I think it's a very pragmatic

25    issue.

1          THE COURT:  I understand the importance of the

2     issue, but I'm certainly not going to decide it a fourth

3     time in the context of Mr. Cohen's case.  I assume it's been

4     raised in your own cases, and when, as and if your cases are

5     tried and you lose, you can raise that issue.

6          MR. SCHWED:  But, Your Honor, I think the -- what

7     we're looking at is we're trying to look at this

8     realistically and I think that's what Rule 24 really

9     requires, which is as a practical matter what will happen if

10    this pure issue of law -- and that's the way it was framed

11    and decided by Judge Rakoff and I believe Your Honor --

12         THE COURT:  Did anybody seek interlocutory leave

13    to appeal Judge Rakoff's decisions to the --

14         MR. SCHWED:  We did --

15         THE COURT:  -- Second Circuit?

16         MR. SCHWED:  -- seek, Your Honor --

17         THE COURT:  And what happened?

18         MR. SCHWED:  -- if he denies interlocutory appeal.

19    So what our concern is, it's a very practical one.  If this

20    goes up to the Second Circuit and it's -- and Mr. Lewis, Mr.

21    Cohen's counsel, has said he certainly plans to appeal it.

22    Unless we have --

23         THE COURT:  Well, he hasn't lost yet.

24         MR. SCHWED:  Pardon.

25         THE COURT:  He hasn't lost yet.

Page 10

1          MR. SCHWED:  He has not lost yet, but, again,

2     we're trying to speak, you know, realistically here.

3     Assuming he does lose on the issue and he goes up on appeal,

4     we won't have a seat at the table there.  The trustee has

5     been able to select this case and pick off and over -- I

6     won't say overmatch because Mr. Cohen's counsel are

7     excellent.  But a case where the stakes are very minimal,

8     relatively speaking, and now instead of embracing the chance

9     to have a fair fight with our group of five law firms who

10    have a lot at stake, the trustee is trying to stiff arm us

11    and make it an unfair fight.

12          And there's case law, by the way, that -- in the

13    Rule 24 context which says that that's just inappropriate

14    from the Seventh Circuit saying that -- I can even read you

15    an excerpt from it.  It's -- this is from Security Insurance

16    Company versus Shipawright (ph), a Seventh Circuit case from

17    1995.  The Court said the insurance company opposed

18    LaSalle's petition to intervene because it wanted a quick,

19    unopposed adjudication.  It wanted to play the Washington

20    Generals and get out of town with a quick win.  The District

21    Court wisely allowed a more worthy opponent to get into and

22    onto the Court.  The Washington Generals were the Harlem

23    Globetrotters traditional patsy opponents.

24          Again, this is not to say that that's the case

25    with Mr. Cohen's counsel, but they're obviously in -- not in

Page 11

1    a position to throw the types of resources --

2              THE COURT:  Can I ask a question?

3              MR. SCHWED:  Yes.

4              THE COURT:  Suppose that trial was scheduled in

5    Bayou (ph) --

6              MR. SCHWED:  In --

7              THE COURT:  -- in Bayou Ponzi Scheme case --

8              MR. SCHWED:  Yes.

9              THE COURT:  -- and the same issue arose, would you

10   have the right to intervene in that case?

11             MR. SCHWED:  Well, it's possible.  I mean, the

12   standards under 24 -- and we can go through those.  I mean,

13   I'm -- we're prepared to file the motion.  But I'm certainly

14   happy to just go through the standards.

15             Basically, under 24(a)(2), which would be our

16   primary desire, intervention of right --

17             THE COURT:  You're arguing that you have an

18   intervention as a matter of right?

19             MR. SCHWED:  Both, Your Honor, both intervention

20   of right and permissive.  I'm happy to go through it.

21             THE COURT:  What statute gives you the right to

22   (indiscernible)?

23             MR. SCHWED:  I'm sorry.

24             THE COURT:  What's the basis of your intervention

25   as a matter of right?

1:00-04821-smb   Doc 16287-2   Filed 05/09/16   Entered 05/09/16 21:44:53   Exhibit 1
Pg 16 of 55

Page 12

1          MR. SCHWED:  Okay.  Let's start with the rule,

2     which reads, "On timely motion the Court must permit anyone

3     to intervene who claims an interest relating to the property

4     or transaction that's the subject of the action."

5          Well, that language was changed in the 1966

6     amendments to the rules to make it quite broad.  And the --

7     both the secondary treatises and the Second Circuit itself

8     have said that's -- if you have an interest, and those

9     interests can be environmental interests.  I mean, there's

10    just all kinds of questions as to whether a party actually

11    has Article 3 standing to intervene, and yet in public

12    interest cases that's construed broadly.

13          Here, it's just a flat out monetary interest.  We

14    have hundreds of millions of dollars potentially riding on

15    the resolution of these two issues.

16          THE COURT:  But you have your -- I come back to

17    this.  You have your own cases in which you can raise these

18    arguments if you lose.  So why do you have to intervene in

19    this case other than to get a faster track to the Second

20    Circuit?

21          MR. SCHWED:  Because I think as a practical matter

22    if this goes to the Second Circuit -- and let's just say for

23    the sake of argument we could have made a difference had we

24    been there, and the Second Circuit --

25          THE COURT:  That's a big assumption.

08-01789-cgm    Doc 16287-2 Filed 10/05/16 Entered 10/05/16 21:31:59    Exhibit B
1:16-04821-smb    Doc 6-2 Filed 10/05/13 Entered 10/05/13 18:44:33    Exhibit 1
Pg 17 of 101
Pg 174 of 193

1          MR. SCHWED:  Pardon?

2          THE COURT:  That's a big assumption.

3          MR. SCHWED:  It's a huge assumption.  We're not so

4    arrogant as to say that's --

5          THE COURT:  I'll hear from Cohen's counsel as to

6    why he can't adequately represent his client's interests on

7    this.  But go ahead.

8          MR. SCHWED:  All a fair point.  But on that

9    assumption if it's decided as it was by Judge Rakoff as a

10   matter of law, then it will apply to us as a matter of stare

11   decisis.  And we mentioned -- in other words, it will really

12   be game over, you know.  In the real world there won't -- it

13   won't matter that we didn't have a seat at the table in the

14   Second Circuit because the trustee would be able to say with

15   complete justification, well, you know, here it is.  Here

16   are the facts.  Value, just as Judge Rakoff --

17         THE COURT:  But that's stare decisis.  If you

18   raise the same arguments that Mr. Cohen raises and Mr. Cohen

19   lost on those arguments, why should you have another shot at

20   that?

21         MR. SCHWED:  Well, the point --

22         THE COURT:  You said you could do a better job

23   (indiscernible) arguments and that's the basis for

24   intervention?

25         MR. SCHWED:  Your Honor, that's -- the case law

1    supports that.  That's one of the criteria under --

2              THE COURT:  Okay.  How do I --

3              MR. SCHWED:  -- Rule --

4              THE COURT:  -- determine whether the existing

5    parties -- and maybe this goes to the merits of the motion,

6    but I'm curious how I determine whether the existing parties

7    adequately represent your interests on the question that

8    you've identified?

9              MR. SCHWED:  Well, I can -- I think I can help a

10   little bit.  I mean, there's case law -- again, we'll cite

11   this if we're permitted to file a brief.  The Glancey (ph)

12   versus Toutman (ph) case, 373 F.3d 656 from the Sixth

13   Circuit in 2004.  The Court ruled that an existing party did

14   not adequately represent the absentee, the proposed

15   intervener, because, among other things, the existing party

16   would have a similar interest in fighting to invalidate it,

17   but the intense -- "the intense (indiscernible) interests

18   differs from the absentee because the absentee controls 500

19   times more shares."

20              THE COURT:  So it's just a numbers game?

21              MR. SCHWED:  No.  It's really -- again, it's a

22   practical consideration.  And the word practical is used in

23   the statute that -- let's assume that it was a $50,000 case

24   for Mr. Cohen instead and he really -- Mr. Cohen had said,

25   I've already spent $10,000 defending this.  I really -- I

Page 15

1   just don't want you guys to go up there and spend another

2   nickel on this whole crazy value and prejudgment interest

3   stuff.  I can't afford it.  I'm only being sued for $50,000.

4                   THE COURT:  But it's a million dollar case and he

5   appears to be fighting it.

6                   MR. SCHWED:  Here's -- Your Honor, that's --

7   you're right.  And that's -- but one of the criteria is

8   indeed adequacy of representation and there is case law also

9   from the First Circuit is to show that inadequate

10  representation is that his interests are sufficiently

11  different "in kind or degree from those of the named

12  parties."

13                  So, again, we're sort of at a loss to understand

14  why the trustee doesn't want a fair fight on this.  This

15  issue --

16                  THE COURT:  You know, you keep saying that, but it

17  is a fair fight.  The trustee brought a case and Mr. Cohen

18  has defended it strenuously.  So why isn't that a fair

19  fight?

20                  MR. SCHWED:  Well, for one thing, in this case we

21  have a pattern of having consolidated briefing on issues

22  that affect all --

23                  THE COURT:  So why wasn't this raised in the

24  consolidated briefing?  Well, actually, the antecedent debt

25  issue was raised several times, but let me move on to the

Page 16

1    interest issue.

2              MR. SCHWED:  Sure.

3              THE COURT:  Why wasn't that raised in the

4    consolidated briefing?  And what is it that you want to

5    brief?

6              MR. SCHWED:  Well, Your Honor, I think our

7    position -- and we -- we don't believe this issue has been

8    decided yet in this case.  It's an important issue.  We

9    don't think there are meaningful differences among good

10   faith defendants.  And, by the way, Mr. Cohen --

11             THE COURT:  Are you going to argue that as a

12   matter of law the trustee cannot recover prejudgment

13   interest against a good faith defendant?

14             MR. SCHWED:  Your Honor, I don't actually --

15             THE COURT:  Or are you going to argue that under

16   the facts and circumstances of each particular case maybe he

17   can, maybe he can't?

18             MR. SCHWED:  Your Honor, I confess I have not

19   thoroughly looked at this issue.

20             THE COURT:  Well --

21             MR. SCHWED:  But I -- but in answer --

22             THE COURT:  Let me -- because if it's a facts and

23   circumstances issue, then it depends on the facts of each

24   particular case.

25             MR. SCHWED:  Well, but does it in the same -- if

Page 17

1   you have a good faith defendant, what are the meaningful

2   facts?  The meaningful facts are when the transfer occurred

3   and do you measure interest from the date of the transfer or

4   from the date that the complaint was filed, and what's the

5   interest rate.

6           Now we don't believe those facts are -- there may

7   be individual -- obviously, there are differences in facts

8   in terms of did one defendant get its payment in 2006 and

9   the other in 2008.  Those are distinctions without

10  differences.  They're not meaningful, we don't believe, for

11  the inquiry about prejudgment interest.

12          What is -- what is meaningful is, are these good

13  faith defendants, and all of our clients are good faith

14  defendants.  Mr. Cohen is a good faith defendant.  And then

15  essentially legal issues:  Do you measure interest from the

16  date of the transfer in setting with the good faith

17  defendant or from the date of the demand; is it appropriate

18  in this setting to ask for prejudgment interest at all from

19  a good faith defendant; and what interest rate do you use.

20  It's difficult for us to see what different criteria would

21  apply here.

22          I mean, you can say, yes.  These defendants are

23  different because they got their money in 2004 and you --

24  these other guys got their money in 2006.  But how does that

25  have any effect on the legal principles that drive whether

Page 18

1    or not to grant prejudgment interest.  We don't see it.  And

2    certainly the trustee hasn't raised any point to that

3    effect.

4              And, in fact, the only case we cite in letter that

5    I sent to -- that our group sent to the Court was the Oneida

6    Nations case, a Second Circuit case from 1984.  There were

7    only two issues that we cited that case for and the trustee

8    doesn't address either one of them.  The first was that the

9    stare decisis effect of an appellate case is by itself

10   sufficient grounds for intervention of right.  That's --

11             THE COURT:  But this case I'm just going to report

12   and recommend.  It's not going to have any stare decisis

13   effect.  Objections can be filed in the District Court and

14   which they novo review.  So there's no stare decisis effect.

15             MR. SCHWED:  But if we don't at least preserve our

16   rights to intervene at the Bankruptcy Court level, there's a

17   good chance that at the District Court level, let alone the

18   Second Circuit level they'll say, sorry, you have to have

19   preserved your rights at all level or you -- levels or you

20   waive it.

21             THE COURT:  So if I deny your motion, haven't you

22   preserved your right?  Then you can seek to -- for leave to

23   intervene when, as and if there are objections and responses

24   to it, proposed findings of fact and conclusions of law.

25             MR. SCHWED:  Well, Your Honor, we would prefer

08-01789-cgm Doc 16287-2 Filed 05/09/16 Entered 05/09/16 21:31:59 Exhibit B
10-04321-smb Doc 62 Filed 10/05/18 Entered 10/05/18 14:33:59 Exhibit 1
Pg 23 of 101
Pg 20 of 59

Page 19

1    that we have the right to intervene.  We think that's the

2    right ruling under the circumstances.

3              THE COURT:  All right.  Let me hear from --

4              MR. SCHWED:  Certainly.

5              MR. CREMONA:  Your Honor, if I may --

6              THE COURT:  Wait.  Let me hear everybody from this

7    side.

8              MR. CREMONA:  Well, Your Honor, if I may, that was

9    a lot of ground covered.  I would like to rebut some of

10   those points before everyone gets an opportunity to speak if

11   --

12             THE COURT:  Well --

13             MR. CREMONA:  -- Your Honor --

14             THE COURT:  Well, then you're going to be up and

15   down.  Let me hear --

16             MR. CREMONA:  I --

17             THE COURT:  -- if anybody has anything to add.

18             MR. KIRBY:  Go ahead.  You -- please.  You're

19   counsel.

20             MR. LEWIS:  Yes, Your Honor.  I am counsel for

21   Andrew Cohen.  And we join in this request for intervention.

22             THE COURT:  All right.  Tell me why you can't

23   adequately represent the interests of your client, I guess,

24   and everybody else on --

25             MR. LEWIS:  I don't --

Page 20

1                THE COURT:  -- this (indiscernible).

2                MR. LEWIS:  I don't think -- I think this whole

3        thing is a tactical attempt on the part of the trustee.  My

4        client --

5                THE COURT:  It sounds like a tactical attempt to

6        get to the Second Circuit on the first case by everybody

7        else.  That's what it sounds like.

8                MR. LEWIS:  So we're going to be the test case.

9                My client, okay --

10               THE COURT:  Well, some -- I told you when you --

11       the first time you came here, somebody's got to be first.

12               MR. LEWIS:  Someone's going to be first.

13               THE COURT:  Right.

14               MR. LEWIS:  Someone has to be first in all the

15       other issues, Your Honor.  Okay.  But on all --

16               THE COURT:  Well, a lot of those --

17               MR. LEWIS:  -- the other issues like --

18               THE COURT:  -- a lot of those issues --

19               MR. LEWIS:  -- the two-year issue --

20               THE COURT:  A lot of those issues have been

21       decided.  I'm not going to --

22               MR. LEWIS:  Yes.  They have been decided, but

23       they've been decided by collective consolidated briefs as

24       Your Honor has indicated.  This way --

25               THE COURT:  Okay.  But --

Page 21

1              MR. LEWIS:  -- this way, Your Honor, we are going

2       to be the only person, okay, the only party.  We're going to

3       go up to the -- we're going to go up to Judge Rakoff.  Judge

4       Rakoff is going to give us a decision on the value and then

5       we go to the Second Circuit --

6              THE COURT:  You got the -- you got his decision on

7       value.

8              MR. LEWIS:  Fine.  But we have -- but we have to

9       wind our way through the Court.

10             THE COURT:  I understand all that.  But tell me

11      why you can't adequately represent everybody's interest on

12      the --

13             MR. LEWIS:  We --

14             THE COURT:  -- question of whether or not

15      fictitious profits are --

16             MR. LEWIS:  We've been representing --

17             THE COURT:  Will you let me finish?

18             MR. LEWIS:  I'm sorry, Your Honor.  I'm sorry,

19      Your Honor.

20             THE COURT:  Tell me why you can't adequately

21      represent the interests of everybody on the question of

22      whether the payment of fictitious profits are supported by

23      consideration, antecedent debt or otherwise.

24             MR. LEWIS:  Okay.  Let me explain.  We've been

25      representing Andrew Cohen since the case began.  Okay.  We

1    have been -- we have charged him approximately $25,000 in

2    five years of litigation.  Okay.  We are now looking at

3    proceedings that are probably going to be in the hundreds of

4    thousands of dollars.  We don't -- he doesn't have the

5    capacity to do that.  Not only have we tried to --

6              (Phone rings)

7              MR. LEWIS:  I'm sorry, Your Honor.

8              Not only do we not have the capacity, he hasn't

9    even paid that money.

10             And these people -- these people from the trustee,

11   they understand that.  We went through this mediation.  They

12   know the condition he is in.  Yes, he has some money, but he

13   worked for it.  He worked for Madoff.  He worked on the

14   trading desk.  He's a good faith defendant.  He left the

15   company back in 2002.  He wanted to go into a different

16   lifestyle.  He really was not working in any kind of money-

17   making occupation.  All he is right now is an adjunct

18   professor on a part-time basis in a university down in

19   Virginia.

20             He doesn't have the wherewithal and we don't have

21   the wherewithal to spend a quarter of a million dollars or

22   something in that range from here on in all the way up to

23   the Second Circuit.  I don't think it's fair to us.  I don't

24   think it's fair to Mr. Schweb's client or the other 20

25   clients that are listed or the other hundreds of clients

Page 23

1    that are involved because when we go up to the Second

2    Circuit, these issues are going to be stare decisis with

3    these people.  And that's --

4                THE COURT:  Well, it will be more than that

5    depending on how the Second Circuit decides it.

6                MR. LEWIS:  It will be worth -- well --

7                THE COURT:  Because that's stare decisis to the

8    Second Circuit.  The Second Circuit is reviewing the

9    decision of the District Court.

10               MR. LEWIS:  They're -- yes.  They're reviewing the

11   decision and what they -- and the holding of Judge Rakoff is

12   going to be what's at issue.

13               (Phone ringing)

14               MR. LEWIS:  I'm sorry, Your Honor.

15               THE COURT:  Would you turn off your phone, please?

16               MR. LEWIS:  Yes.  I certainly will.  I don't even

17   know why it's on.

18               THE COURT:  Go ahead.

19               MR. LEWIS:  All right.  So I -- I -- these issues

20   are going to be -- the issue that we're going to be

21   deciding, that's going to be decided for us, is going to be

22   decided by the Second Circuit.  We're the first one.  Okay.

23   Do you think the Second Circuit is going to make different

24   decisions for different people on the question of antecedent

25   debts or value or taxes or any of these --

Page 24

1           THE COURT:  Probably --

2           MR. LEWIS:  -- offsets?

3           THE COURT:  Probably not on the legal issues.

4           MR. LEWIS:  Why not?  The legal issue is whether

5    this -- it's only principal is value or whether there are

6    other offsets under state law that are in question here.

7    And we're entitled to make those things.

8           So what am I -- what am I going to do during the

9    trial?  We're going to offer proof.  They're going to deny

10   it.  I understand, Your Honor.  We're going to go up to

11   Judge Rakoff.  He may go through the same proceeding.  I

12   don't know exactly what kind of proceeding he's going to

13   have.  And then I'm going to go to the Second Circuit.  And

14   I don't know how long we can go on with this case.  I mean,

15   but we will.  We now will because we'll do it for them as

16   well as for ourselves.

17          THE COURT:  Well, are they going to pay you to do

18   it?

19          MR. LEWIS:  Will they what?

20          THE COURT:  Are they going to pay you to do it?

21   What's going to --

22          MR. LEWIS:  No.  No one has --

23          THE COURT:  -- (indiscernible) --

24          MR. LEWIS:  No one has said they're going to pay

25   me anything.

Page 25

1          THE COURT:  All right.

2          MR. LEWIS:  In fact, it may work the other way.

3    But --

4          THE COURT:  Your clients are going to pay them?

5          MR. LEWIS:  Maybe.  I don't know.  But we -- it's

6    ridiculous that these people cannot intervene when all the

7    other issues, all the other issues have been decided and

8    argued on a collective basis allowing the group of

9    defendants in this case to have a common voice.  There are

10   common issues in this.

11         THE COURT:  But they want to intervene at least on

12   the antecedent debt issue on which they've already been

13   heard.  So what's -- what would the purpose be of their

14   intervening on the antecedent debt issue other than to have

15   an immediate right to appeal, if that's the case from an

16   adverse judgment by the District Court because I can't enter

17   a final judgment --

18         MR. LEWIS:  They'll --

19         THE COURT:  -- in this.

20         MR. LEWIS:  They'll be able to participate at --

21   in the proceedings before Judge Rakoff which may be fairly

22   limited.  I understand that.  But the -- Judge Rakoff,

23   actually, he said he -- there were several issues that he

24   didn't even address because he hadn't withdrawn the

25   reference.  So those issues may -- may come up before Judge

Page 26

1    Rakoff depending on how he feels about that.

2            I understand that the overwhelming argument is

3    that this is SIPA.  This isn't bankruptcy.  This is SIPA.

4    So we -- we take principal and that's the only offset you

5    can get.  That's not the only offset for people who've --

6    who are the victims of fraud in New York State.  And we are

7    the victims of fraud.  And my client is the victim of fraud.

8    And my client doesn't have the money because (indiscernible)

9    what he had is gone.  His pension fund, he worked for this

10   company.  This was his pension fund.  This is the only money

11   he was going to have.

12           THE COURT:  All right.  Thank you.

13           Mr. Kirby.

14           MR. KIRBY:  Thank you, Your Honor.  Richard Kirby

15   from now Baker & McKenzie.  Thank you, Your Honor.

16           There are two issues that I would like to

17   emphasize here.  The group is seeking to intervene on a

18   common legal issue, which is a point that we raised back in

19   February of 2014.  And what we said to Your Honor at that

20   time, and you may recall the hearing that was -- I think it

21   was on Valentine's Day of 2014, that we raised the issue

22   because it was important to the group that we be heard on

23   common issues.

24           At that time the trustee agreed that on common

25   legal issues they should be heard.  We're seeking a right to

Page 27

1    inter -- to file a motion to intervene, both -- and brief

2    the issue of our right to intervene both under intervention

3    of right as Mr. Schweb identified for the Court and under

4    24(b), permissive intervention because of a common legal

5    issue.

6              And the two common legal issues are the question

7    of value.  With all due respect, Your Honor, I think it

8    needs to be reconsidered in light of --

9              THE COURT:  I'm not going to reconsider it unless

10   you show me that there's a -- some authority that has since

11   been decided.

12             MR. KIRBY:  Okay.  Your Honor --

13             THE COURT:  But you don't have to argue that now.

14   I'm just --

15             MR. KIRBY:  I'm not going to argue the point now

16   --

17             THE COURT:  I'm just telling you -- let me just

18   stop you.  I just re-read my decision.

19             MR. KIRBY:  Right.

20             THE COURT:  I spent 16 pages talking about

21   antecedent debt and I'm just not going to reconsider that

22   unless something new has been decided that's highly

23   persuasive or mandatory authority.

24             MR. KIRBY:  Okay.

25             THE COURT:  So you've had your day in court on

1    that.

2         MR. KIRBY:  All right.  With due respect then,

3    Your Honor, this case, as you said, is going to be on post-

4    findings of fact and conclusions of law.  We'll go to a

5    District Judge.  It will not be before Judge Rakoff and the

6    reason is, is because the trustee has taken the position

7    that on other issues in which Judge Rakoff has withdrawn the

8    reference, he was the judge of original jurisdiction and,

9    therefore, it's going to go to a different district Judge.

10   We want to be parties to that proceeding.  The first step in

11   that process is to seek leave to intervene here now so that

12   we have an opportunity to be heard before a different

13   district judge on an issue that is an issue of first

14   impression.

15         Now this is an issue of first impression in the

16   SIPA case.  And the issues are very different from issues --

17   case like Bayou and Dunell (ph), and the reason is, is

18   because these were customers that were broker/dealer,

19   conceded good faith customers of a broker/dealer.

20         And, therefore, we think that we should be

21   entitled to at least file that motion.  You should consider

22   it in due course.  We would do it on a timely basis so that

23   we can be heard if -- at the trial.  We're prepared to file

24   the -- that motion by the end of the week if the Court asks

25   for it on that kind of schedule so you will have an

1   opportunity to consider the motion.

2   THE COURT:  Now how many motions are going to be

3   filed, like how many briefs am I going to get on this issue?

4   MR. KIRBY:  There's going to be one consolidated

5   brief from our group that would --

6   THE COURT:  So I'm not going to get another 20 or

7   30 briefs like I got on the omnibus motion?

8   MR. KIRBY:  Your Honor, we reached out to all of

9   the members of the common defense group that we are aware of

10  and it will be a single brief on the question of -- on the

11  question of intervention, which is the first step in the

12  process because we think we're entitled to be a party before

13  the District Court on a common legal issue.  And we think --

14  and if the case -- and if we cannot persuade the District

15  Court to -- then we think that we're entitled to be heard

16  before the circuit as a party.

17  I just want to emphasize something on the issue of

18  interest, prejudgment interest which the Court raised a

19  question about.  That's not an issue that has been decided

20  in this case.  There are two, what I view fundamental legal

21  issues on that question, the question of interest rate, and

22  the timing.  Everything else is going to be a factual issue.

23  Okay.

24  But the interest rate, whether that interest rate

25  is, as the trustee claims, the New York State rate, we're

Page 30

1    seeking the federal post-judgment interest rate which is

2    what's -- you know, we think is the proper answer to that

3    question, and the timing as to whether it comes from the

4    date of the demand or some earlier prompt.  Those are issues

5    that are -- will be a first impression.  We also think it

6    would affect everybody and it's a common issue.

7             And so we go back to the issue -- go back to the

8    point that we raised back in February 2014.  We ask the

9    Court for an opportunity to be heard on common legal issues.

10            THE COURT:  All right.  Let me --

11            MR. KIRBY:  Thank you.

12            THE COURT:  Let me hear (indiscernible).

13            MR. LEVY:  I'm sorry, Your Honor.  I have one

14   point to add to Mr. Kirby's comments.  Richard Levy from

15   Pryor Cashman.

16            We've all been involved in cases in which there

17   has been numerous avoidance actions brought by a trustee.

18   I've been involved in plenty.  I'm sure Your Honor is aware

19   of plenty in which a common set of procedures is established

20   at the outset so that common issues will be handled on a

21   common basis in order --

22            THE COURT:  Which has been done in this case.

23            MR. LEVY:  It has not been done here, Your Honor.

24   It's been done on an ad hoc basis by motions to various

25   courts.  It hasn't been done before you.

1          Back in 2010 when the trustee was before Judge

2     Lifland and establishing the litigation procedures order

3     before any of us was a party to this proceeding, there were

4     questions in the proceeding before Judge Lifland about

5     whether or not matters should proceed on a consolidated

6     basis.  I would like to read to you Mark Hirschfield, Mr.

7     Cremona's partner, his comment to Judge Lifland near the end

8     of the hearing because I think it's telling about the

9     trustee's position here.

10          "One thing is" -- and this was in the hearing that

11    was held on November 10th, 2010 at pages 50 and 51:

12          "One thing in terms of the coordination of

13    briefing and whatnot, there's nothing in these procedures

14    that prevents a group of defendants from getting together to

15    file a common motion or a common briefing on these issues.

16    And, in fact, we agree that might make sense.  We may use

17    that ourselves on certain issues with regard to summary

18    judgments.

19          "So these procedures don't preclude it.  And we

20    think if they want to do it that will be fine to file common

21    motions to dismiss or common summary judgment motions or

22    likeness."

23          That's exactly what we're asking --

24          THE COURT:  You're not seeking to file a motion to

25    dismiss or a summary judgment --

10-04321-smb    Doc 623-2    Filed 10/05/18    Entered 10/05/18 18:44:53    Exhibit 1
Pg 36 of 51

Page 32

1              MR. LEVY:  We are asking --

2              THE COURT:  -- you're asking to --

3              MR. LEVY:  -- to participate in --

4              THE COURT:  -- you're seeking to --

5              MR. LEVY:  -- dispositive proceedings, Your Honor.

6              THE COURT:  Let me finish.  You're seeking to

7    intervene in somebody else's trial that's about to go

8    forward.

9              MR. LEVY:  That's exactly right, Your Honor --

10             THE COURT:  It's different.

11             MR. LEVY:  -- on dispositive issues.  And, in

12   fact, Your Honor, we have different twists to the antecedent

13   debt issues that have been raised previously and will be

14   raised hopefully in the next proceedings.  We'll get into

15   those in the intervention motion.  But there are twists that

16   neither Your Honor nor any other court has yet ruled upon.

17   And we think it's appropriate that we have an opportunity

18   and that they be heard so that they can be addressed on a

19   consolidated basis.

20             THE COURT:  Why weren't they raised previously?

21             MR. LEVY:  Your Honor, nobody has addressed the

22   issue of whether or not an obligation owed by the debtor

23   that existed before 2002 that is beyond the reach of any

24   avoidance statute, how that obligation is treated in the

25   context of a defendant's defense that it constitutes value.

Page 33

1    Nobody has address that issue.  You haven't.  Judge Rakoff

2    didn't.  No other judge has.

3            THE COURT:  But does that issue arise in Mr.

4    Cohen's case?

5            MR. LEVY:  It will, Your Honor.

6            THE COURT:  I thought -- I thought that all of the

7    transfers occurred in 2007 or 2008.

8            MR. CREMONA:  If I may, Your Honor, there are no

9    obligations counts present in the complaint in the Andrew

10   Cohen case.  Those issues will not arise.  It's --

11           MR. LEVY:  If there was --

12           MR. CREMONA:  That's irrelevant to that

13   proceeding.

14           MR. LEVY:  If there was an account opened prior to

15   an avoidance period and it constitutes an obligation and

16   it's beyond the reach of an avoidance, what is its effect,

17   Your Honor?  That --

18           THE COURT:  What is --

19           MR. LEVY:  What is the effect, Your Honor, of that

20   obligation?  That is an issue that must be decided.

21           THE COURT:  I don't think I understand you right.

22           All right.  Let me hear from the trustee at this

23   point.

24           MR. CREMONA:  Thank you, Your Honor.  Nicholas

25   Cremona, BakerHostetler on behalf of the trustee.

Page 34

1          At the outset I would say thank you, Your Honor,

2     for accommodating us on such short notice.  A lot of ground

3     was covered so I would appreciate a little latitude in

4     responding.

5          One of the things that my colleague, Mr. Levy,

6     just raised is a transcript from the November 10, 2010

7     hearing.  I would like to give Your Honor a copy if you

8     would like because I think it's relevant to some of the

9     things that Mr. Levy just said, some of which are that this

10    was done on an ad hoc basis.  It was done, you know, without

11    participation of these folks and these guys weren't in the

12    case yet.

13         I think you can, just by perusing the transcript,

14    see that Greg Schwed and Loeb & Loeb were present.  SNR

15    Denton was present.  Milberg, LLP also present, here a

16    signatory to the letter was present at that hearing.

17         I also would point out to Your Honor that at

18    Docket Number 3109, Greg Schweb filed an objection to those

19    procedures.

20         Similarly at Docket 3112, a Ms. Nevel (ph) of SNR

21    Denton, also a signatory to this letter, objected to those

22    procedures.

23         And lastly at Docket Number 3113, Mr. Landers (ph)

24    of Milberg, LLP filed an objection to those procedures.  And

25    part of that objection, Mr. Landers and Milberg attached

1 competing avoidance procedures.

2    So to say that this was done on an ad hoc basis

3 without the input of many parties is just untrue.  And Judge

4 Lifland, after careful consideration, entered that order and

5 those procedures, taking into account the various arguments

6 made by parties and tailored those procedures to reflect

7 those concerns.

8    So -- and I think we -- you know, to say that that

9 was entered lightly is just not true.  And the fact of the

10 matter is that was entered at a time when we had a thousand

11 avoidance actions and it was contemplated as a way to

12 administer those cases in a fashion that would work and,

13 frankly, Your Honor, it has worked.

14    And when I went back to look at the transcript

15 from the 2/14 hearing, as Mr. Kirby pointed out, at that

16 point in time we were discussing having 800 avoidance

17 actions.  As we stand here right now today we have 515 and

18 that's as a result of those very procedures that they now

19 seek to circumvent that are working quite well and have

20 allowed us to resolve over 300 cases --

21    THE COURT:  Well, they're not seeking to

22 circumvent the procedures.  They're just seeking leave to

23 intervene in the trial and that's the issue before me.

24    MR. CREMONA:  Well, Your Honor, respectfully --

25    THE COURT:  They're following procedure.  They're

Page 36

1    --

2          MR. CREMONA:  Well, respectfully, though, the

3    procedure is that the cases should proceed on their own

4    track as Your Honor also said at 2/14, and that would mean

5    that each case should complete discovery, go to mediation,

6    have a failed mediation and then be scheduled for trial.

7          I would like to also address, which I took umbrage

8    with two statements by my colleagues that we've handpicked

9    this case.  That's just flat untrue, Your Honor.  The cases

10   have proceeded at a pace under the procedures.

11         Mr. Cohen, unlike my other colleagues, chose not

12   to file multiple motions and did not get three prior bites

13   at the apple.  His case proceeded as -- on parallel tracks.

14   He completed discovery before them.  They've delayed their

15   cases.  That's why they're not going first.  That's the

16   result of them participating in Rife (ph) in 2012 and that's

17   Milberg, Pryor Cashman and Denton.

18         All of those cases, as Your Honor noted in your

19   good faith opinion on June 2 -- as you said you talked

20   extensively -- are bound by the law of the case on

21   antecedent debt.  But yet they want a fourth bite at the

22   apple now today.

23         So all of those parties participated in -- on

24   multiple funds again in the antecedent debt matter and then

25   again in the omnibus proceeding before you.

1          I think it's also important to focus on, I took a

2     look at the 57 cases that they're seeking to join to this

3     proceeding.  They are at various procedural postures, 26 of

4     which were party to your omnibus proceeding, just answered

5     either in August or September; 20 of them don't even have a

6     case management order on file.  They're not in discovery.

7          Now this brings us back to our conversation that

8     we had on 2/14/14 when --

9          THE COURT:  Valentine's Day.

10          MR. CREMONA:  -- Your Honor said -- what's that?

11          THE COURT:  Valentine's Day.

12          MR. CREMONA:  Exactly.  When Your Honor said this

13     case simply can't proceed at the pace of the slowest case.

14     That is precisely what your -- I would assume you were

15     concerned about.  We're here 18 months later and we have

16     cases that are in the (indiscernible) stages trying to

17     dictate the pace of the case that's been trial ready since

18     March.

19          THE COURT:  Well, they're not going to intervene

20     in the trial of the case.

21          MR. CREMONA:  But -- sorry.

22          THE COURT:  So -- and that's -- and that I

23     wouldn't allow.  They just want to intervene and essentially

24     what -- it probably would be post-trial briefing depending

25     on the outcome on limited issues.

1    MR. CREMONA: Just to touch on that, Your Honor, I

2    think, as Your Honor already noted, we're not revisiting

3    antecedent debt so that eliminates the one issue --

4         THE COURT: But Mr. Levy thinks we are.

5         MR. CREMONA: Well, as Your Honor pointed out, I

6    think he's had three opportunities to raise these unique

7    twists that he eludes to that no one else knows about and

8    hasn't done so at this point. I would argue they're waived.

9         And I would argue if he wants to raise them, then

10   he has to put forth 57 different factual scenarios that

11   would demonstrate why the antecedent debt law of the case

12   doesn't apply. And if he wants to do that, that would cause

13   an inordinate amount of prejudice and delay to the trustee

14   and the net loser victims, and I don't think he can do it in

15   the manner he's saying by one consolidated brief.

16        And that brings me to -- Your Honor, to the

17   prejudgment interest issue which I would like to focus on

18   something that Your Honor said. It is a -- I mean, as Your

19   Honor noted in the Telegin (ph) case, it is a factual

20   determine -- it's based -- whether a prejudgment interest is

21   appropriate in a case is based on the facts and

22   circumstances of that particular case.

23        My understanding is that Your Honor would

24   consider, among other things, whether that defendant was

25   unjustly enriched and whether it -- a future factor would be

1    whether it would promote settlement.

2          Now those facts and circumstances as to Mr. Cohen

3    and what he did with the transfers from BLMIS and whether he

4    invested that and made $2 million that we don't know about

5    would be relevant to that determination in that particular

6    case.  And unless these folks want to put forth 57 other

7    scenarios --

8          THE COURT:  Well --

9          MR. CREMONA:  -- then how can we --

10          THE COURT:  No.  I wouldn't allow that.  But as I

11   understand it, they want to intervene and argue that as a

12   matter of law, for example, you must -- you can only collect

13   the federal judgment rate, not the New York State interest

14   rate, which would apply to all cases regardless of the

15   outputs.

16          MR. CREMONA:  I understand that point, Your Honor.

17   I think the -- there's another problem with that.

18          THE COURT:  Let me ask you a question.  Are you

19   going to seek -- do you care about interest in this case?

20          MR. CREMONA:  My -- you just took the point from

21   me, Your Honor, is I think it's completely premature.  We

22   haven't discussed whether we would brief that, whether it's

23   -- if it is relevant and if we get to that point.  But we're

24   not there yet.  So I think that also belies their request

25   which is premature.

1          And if I could, Your Honor, I would just also

2     touch upon the fact -- well, I also want to focus on one

3     other transcript that -- where we had the same discussion

4     with Mr. Kirby and Your Honor on 4/9 when they last tried to

5     intervene on the discreet issue of SIPA 78fff(2)(c)(3).  And

6     Your Honor said to Mr. Kirby, "Issues will arise at every

7     turn."  I have a copy of that transcript and I'm happy to

8     furnish it to the parties.  "Issues will arise at every

9     turn.  Where does it stop?"

10         So here we are, you know, a year and a half later

11    and where does it stop, Your Honor?  I mean, there always

12    are going to be issues that have to be decided and unless

13    you are precluded from deciding an issue until the last

14    defendant is heard on that issue, these cases can't move

15    forward.

16         And, again, I'm back to allowing them to proceed

17    at -- the way they have under the procedures that are in

18    place has resulted in a tremendous amount of progress and

19    allowed us to make significant recoveries for the net loser

20    victims.  And to -- to turn that litigation procedures on --

21    order on its head now would do tremendous damage to that and

22    severe prejudice to those victims, which I think is a factor

23    that Your Honor should consider in -- under permissive

24    intervention under 7824.

25         So, again, I think one of the factors that was --

1  one of the things we did not hear and Your Honor asked and I

2  still did not hear how their interests are not adequately

3  protected or preserved by Mr. Cohen's counsel.  And, in

4  fact, I think Mr. Lewis even admitted they're going to take

5  this all the way to the Second Circuit.  So why aren't they

6  adequately protected and preserved.  Unless they're going to

7  raise something that's entirely different factually that

8  would require a factual record, then they are adequately

9  protected.

10          And if they're not and if what they want to do is,

11  in fact, do that, then we will be severely prejudiced

12  because even as Your Honor knows, we may get one brief that

13  deals with 57 different cases, but from your experience with

14  the omnibus proceeding, that delayed matters extensively in

15  terms of having to deal with 230 motions as opposed to what

16  we started out with, 45.

17          And back to what Mr. Kirby said on 2/14, what we

18  talked about there on a consolidated briefing actually did

19  happen.  That happened in your omnibus good faith proceeding

20  to wrap things up once and for all.  But yet again that

21  wasn't good enough.  The ruling isn't what they want, so

22  they want to reconsider the issue yet again.  And I would

23  submit to Your Honor we can't have a fourth reconsideration

24  of antecedent debt.

25          THE COURT:  My sense is, at least from Mr. Schweb

Page 42

1    said, not necessarily what Mr. Levy said, that they're not

2    really looking for reconsideration so much as a fast track

3    to the Second Circuit.

4              MR. CREMONA:  Again, Your Honor --

5              THE COURT:  The question is whether that is an

6    appropriate reason to intervene.

7              MR. CREMONA:  Is that not a procedurally improper

8    mechanism as you noted.  Again, if there's any gamesmanship

9    going on it seems that to try to make that happen as opposed

10   to letting these cases proceed at pace.

11             Another factor that they didn't address is they're

12   not prejudiced in any way whereas we would be tremendously

13   prejudiced.  They, as you said, have had their day in court

14   on antecedent debt.  They will have their day in court in

15   their various adversary proceedings on prejudgment interest

16   and they can say why it is or isn't appropriate in that

17   particular case to the extent we aren't able to resolve

18   those cases through the procedures that are in place,

19   through an effective mediation or otherwise.  And I would

20   submit that those procedures should made -- be maintained.

21             And just -- I mean, in closing, Your Honor, I

22   think there are -- if I could just look at my notes because

23   there was a lot of ground covered.

24        (Pause)

25             MR. CREMONA:  You know, and there was a fairness

Page 43

1   issue raised, Your Honor.  You know, I would again say

2   what's not fair here is to prevent further delay and allow

3   -- and preventing us to allow a return to net loser victims.

4   That's where the prejudice lies.

5           In closing, I would just say that as I mentioned

6   the litigation procedures orders were -- order was entered

7   after careful consideration by this Court.  It has resulted

8   in tremendous progress in moving this case forward.  I think

9   to allow these defendants to circumvent or to change the

10  nature of it is to allow them to supplant the judgment of

11  this Court --

12          THE COURT:  But they're not changing the nature of

13  it.  They're just looking to in -- for leave to intervene.

14          MR. CREMONA:  Well, they're skipping all the

15  processes that are embedded in the order.  They're saying,

16  we don't think we should go through discovery.  We don't

17  think we should go through mediation.  We think we should

18  fast track the case to the Second Circuit.

19          THE COURT:  Well, they still have to try the facts

20  of their cases.

21          All right.  I got it.

22          MR. CREMONA:  Thank you, Your Honor.

23          THE COURT:  Let me hear from Mr. Bell.

24          MR. BELL:  Your Honor, Kevin Bell for the

25  Securities Investor Protection Corporation.  In the words of

Page 44

1   Lawrence Peter Berra (ph), déjà vu all over again, you know,

2   Valentine's Day 2014, back in September, October and

3   November 2010, at the appellate argument before Judge

4   Englemeier (ph) 13 days ago. When will it stop?

5           We have one case that's ready for trial. You

6   asked if we go back to that transcript on Valentine's Day

7   2014. You asked the question of Mr. Cremona, when will it

8   end. You know, we're going to go to the lowest common

9   denominator. We have 57 cases. I'm glad Mr. Schweb put a

10  dollar to them. The trustee has 514 good faith cases where

11  he's seeking about $1.15 billion. To money you have said in

12  the Merkin (ph) decision essentially strict liability.

13  We've had antecedent debt three or four times decided.

14          Clearly, this is $1.15 billion that the trustee

15  doesn't have to give to those poor folks who didn't get

16  their money back. This is all fictitious profits these

17  folks have. People didn't get their principal. Today is

18  day 2,486 in the Madoff saga and it's 2,486 days that these

19  folks do not have the fictitious profits that the clients of

20  these lawyers have. There are 57 cases. Some of them

21  haven't even moved to a case management order.

22          Your Honor, SiPC supports the trustee's position.

23          THE COURT: All right. Thank you.

24          I've heard enough.

25          Look, you can make your motion. I think you're

Page 45

1   going to be hard-pressed to convince me that you have any

2   further right to be heard, at least in this Court on the

3   antecedent debt issue.  I don't know what you have in mind,

4   Mr. Levy.  If you have something to say, I'll hear it

5   obviously.

6            MR. LEVY:  Thank you, Your Honor.

7            THE COURT:  And I don't think that Rule 24 is

8   intended to give you a fast track to the Second Circuit

9   where you have your own case and can litigate your own

10  issues.

11           I'm not going to enter a final judgment in this

12  case.  I'm just going to make recommendations to the

13  District Court unless Mr. Cohen changes his mind and

14  consents to the entry of the final judgment.

15           But, you know, you can make your motion.  I'm not

16  going to permit anybody to ask any questions or intervene in

17  a trial proceeding.  This is really a post-trial issue.

18           Another point that nobody raised, which you should

19  bear in mind, is if an issue doesn't arise in the Cohen

20  case, or Mr. Cohen for some reason decides to wait either

21  expressly or implicitly by not raising it, I'm not going to

22  hear other parties on that issue.  It's not going to be

23  decided.  So bear that in mind.

24           And maybe particularly on the interest issue it

25  makes sense to see what issues the trustee does raise.  The

1   trustee may decide, you know what, the interest doesn't

2   matter in this case. They're telling me the guy doesn't

3   have a million dollars anyway, so it doesn't make a

4   difference if I get a judgment for a million dollars or two

5   million dollars or three million dollars. So I'm not going

6   to decide that issue if that's the track the trustee takes.

7           But go ahead and make your motion. As I say, it

8   doesn't have to be decided before the trial anyway because

9   the trial is going to go forward unless the case is settled.

10          MR. CREMONA: Your Honor, we just wanted to

11  understand the timing because we're obviously under

12  compressed timing.

13          THE COURT: It's not going to effect the trial.

14  At most it will affect post-trial proceedings, and I really

15  have to know what the issues that are raised and are going

16  to be decided in the trial before I even consider what they

17  can intervene in.

18          MR. CREMONA: I fully understand that, Your Honor.

19  I don't necessarily think that it's right, but I'm just

20  thinking how do we deal with that effectively while we're on

21  trial or preparing for trial.

22          THE COURT: Well, you try your case.

23          MR. CREMONA: And then we'll just -- we'll deal

24  with this entirely post-trial?

25          THE COURT: Yeah. You try your case and Mr. Cohen

Page 47

1    may win, in which case all of this is academic, or Mr.

2    Cohen, as I said, may decide to waive issues in which case I

3    won't hear particular issues.  You may decide not to press

4    certain issues.  And I -- as I said, I have a serious

5    question about whether Rule 24 is -- which is obviously

6    designed at least in the case of the antecedent debt issue

7    to get a fast track to the Second Circuit is an appropriate

8    use of Rule 24 because once the issues have been decided,

9    they've been decided and there's no need to intervene on

10   those particular issues.

11           MR. CREMONA:  Understood.  Thank you, Your Honor.

12           THE COURT:  Okay.  Thank you.

13      (Chorus of thank you)

14      (Whereupon, proceedings concluded at 10:53 a.m.)

15

16

17

18

19

20

21

22

23

24

25

1                C E R T I F I C A T I O N

2

3    I, Sherri L. Breach, certify that the foregoing transcript

4    is a true and accurate record of the proceedings.

5

6    **Sherri L**          Digitally signed by Sherri L Breach
                            DN: cn=Sherri L Breach, o, ou,
7    **Breach**            email=digital1@veritext.com, c=US
                            Date: 2015.10.01 12:20:03 -04'00'

8    Sherri L. Breach

9    AAERT Certified Electronic Reporter & Transcriber CERT*D-397

10

11

12   Date:   September 30, 2015

13

14

15

16

17

18

19

20

21

22   Veritext Legal Solutions

23   330 Old Country Road

24   Suite 300

25   Mineola, NY 11501

08-01789-cgm    Doc 16287-2    Filed 10/05/16    Entered 10/05/16 21:33:59    Exhibit B
10-04321-smb    Doc 162-2    Filed 10/05/16    Entered 10/05/16 21:33:59    Exhibit 1
Pg 53 of 101

[& - asking]                                                                    Page 1

| & | |
| --- | --- |
| **&** 5:1,8 6:5 26:15 34:14 48:9 | |

| 0 | |
| --- | --- |
| **07458** 5:18 | |
| **08-01789** 1:3 | |

| 1 | |
| --- | --- |
| **1.15** 44:11,14 | |
| **10** 34:6 | |
| **10,000** 14:25 | |
| **10-04311** 1:12 | |
| **1000** 4:19 | |
| **10036** 4:13 | |
| **10111** 4:5 | |
| **10154** 5:4 | |
| **10:06** 2:6 | |
| **10:53** 47:14 | |
| **10th** 31:11 | |
| **11501** 48:25 | |
| **13** 44:4 | |
| **16** 27:20 | |
| **1667** 4:19 | |
| **18** 37:15 | |
| **1966** 12:5 | |
| **1984** 18:6 | |
| **1995** 10:17 | |

| 2 | |
| --- | --- |
| **2** 11:15 36:19 39:4 40:5 | |
| **2,486** 44:18,18 | |
| **2/14** 35:15 36:4 41:17 | |
| **2/14/14** 37:8 | |
| **20** 22:24 29:6 37:5 | |
| **20006** 4:20 5:11 | |
| **2002** 22:15 32:23 | |
| **2004** 14:13 17:23 | |
| **2006** 17:8,24 | |
| **2007** 33:7 | |
| **2008** 17:9 33:7 | |
| **2010** 31:1,11 34:6 44:3 | |
| **2012** 36:16 | |
| **2014** 26:19,21 30:8 44:2,7 | |

| 2015 | 2:5 48:12 |
| --- | --- |
| **230** 41:15 | |
| **24** 7:3 9:8 10:13 11:12,15 27:4 45:7 47:5,8 | |
| **25,000** 22:1 | |
| **26** 37:3 | |
| **2nd** 7:25 8:1,15 | |

| 3 | |
| --- | --- |
| **3** 12:11 40:5 | |
| **30** 2:5 29:7 48:12 | |
| **300** 35:20 48:24 | |
| **3109** 34:18 | |
| **3112** 34:20 | |
| **3113** 34:23 | |
| **330** 48:23 | |
| **345** 5:3 | |
| **373** 14:12 | |
| **397** 48:9 | |

| 4 | |
| --- | --- |
| **4/9** 40:4 | |
| **45** 4:4 41:16 | |

| 5 | |
| --- | --- |
| **50** 31:11 | |
| **50,000** 14:23 15:3 | |
| **500** 14:18 | |
| **51** 31:11 | |
| **514** 44:10 | |
| **515** 35:17 | |
| **57** 37:2 38:10 39:6 41:13 44:9,20 | |

| 6 | |
| --- | --- |
| **6** 5:17 | |
| **656** 14:12 | |

| 7 | |
| --- | --- |
| **7** 4:12 | |
| **7824** 40:24 | |
| **78fff** 40:5 | |

| 8 | |
| --- | --- |
| **800** 35:16 | |
| **815** 5:10 | |
| **82** 5:17 | |

| a | |
| --- | --- |
| **a.m.** 2:6 47:14 | |
| **aaert** 48:9 | |
| **able** 10:5 13:14 25:20 42:17 | |
| **absentee** 14:14,18 14:18 | |
| **academic** 47:1 | |
| **accommodating** 34:2 | |
| **account** 33:14 35:5 | |
| **accurate** 48:4 | |
| **action** 12:4 | |
| **actions** 30:17 35:11 35:17 | |
| **ad** 30:24 34:10 35:2 | |
| **add** 19:17 30:14 | |
| **address** 18:8 25:24 33:1 36:7 42:11 | |
| **addressed** 32:18,21 | |
| **adequacy** 15:8 | |
| **adequately** 7:4 13:6 14:7,14 19:23 21:11 21:20 41:2,6,8 | |
| **adjudication** 10:19 | |
| **adjunct** 22:17 | |
| **administer** 35:12 | |
| **admitted** 41:4 | |
| **adv** 1:12 | |
| **adversary** 6:6,10 42:15 | |
| **adverse** 25:16 | |
| **affect** 15:22 30:6 46:14 | |
| **afford** 15:3 | |
| **ago** 44:4 | |
| **agree** 31:16 | |
| **agreed** 26:24 | |
| **ahead** 13:7 19:18 23:18 46:7 | |
| **al** 1:9,18 | |
| **allendale** 5:17 | |
| **allow** 37:23 39:10 43:2,3,9,10 | |
| **allowed** 8:21 10:21 35:20 40:19 | |

| a (cont.) | |
| --- | --- |
| **allowing** 25:8 40:16 | |
| **amendments** 12:6 | |
| **amount** 38:13 40:18 | |
| **amplify** 7:12 | |
| **andrew** 1:18 5:16 6:10 19:21 21:25 33:9 | |
| **answer** 16:21 30:2 | |
| **answered** 37:4 | |
| **antecedent** 15:24 21:23 23:24 25:12 25:14 27:21 32:12 36:21,24 38:3,11 41:24 42:14 44:13 45:3 47:6 | |
| **anybody** 9:12 19:17 45:16 | |
| **anyway** 46:3,8 | |
| **appeal** 7:10 8:19 9:13,18,21 10:3 25:15 | |
| **appears** 6:15 15:5 | |
| **appellate** 18:9 44:3 | |
| **apple** 36:13,22 | |
| **apply** 13:10 17:21 38:12 39:14 | |
| **appreciate** 34:3 | |
| **appropriate** 17:17 32:17 38:21 42:6,16 47:7 | |
| **approximately** 22:1 | |
| **argue** 16:11,15 27:13,15 38:8,9 39:11 | |
| **argued** 25:8 | |
| **arguing** 11:17 | |
| **argument** 12:23 26:2 44:3 | |
| **arguments** 12:18 13:18,19,23 35:5 | |
| **arm** 10:10 | |
| **arose** 11:9 | |
| **arrogant** 13:4 | |
| **article** 12:11 | |
| **asked** 41:1 44:6,7 | |
| **asking** 31:23 32:1,2 | |

[asks - concerned]

asks 28:24
assume 9:3 14:23
37:14
assuming 10:3
assumption 12:25
13:2,3,9
attached 34:25
attempt 20:3,5
attorney's 6:12
attorneys 4:3,11,18
5:2,9,16 7:1
august 37:5
authority 27:10,23
avenue 5:3,10
avoidance 30:17
32:24 33:15,16 35:1
35:11,16
aware 29:9 30:18

**b**

b 2:9 27:4
back 12:16 22:15
26:18 30:7,7,8 31:1
35:14 37:7 40:16
41:17 44:2,6,16
baker 5:8 26:15
bakerhostetler 4:2
33:25
bankruptcy 1:1 2:1
2:11 18:16 26:3
based 38:20,21
basically 11:15
basis 8:15 11:24
13:23 22:18 25:8
28:22 30:21,24 31:6
32:19 34:10 35:2
bayou 11:5,7 28:17
bear 45:19,23
began 21:25
behalf 33:25
belies 39:24
believe 9:11 16:7
17:6,10
bell 4:22 43:23,24
43:24
bernand 1:15
bernard 1:8

bernstein 2:10
berra 44:1
better 13:22
beyond 32:23 33:16
big 12:25 13:2
billion 44:11,14
bit 14:10
bite 36:21
bites 36:12
blmis 39:3
bound 36:20
bowling 2:2
breach 3:25 48:3,8
brief 14:11 16:5
27:1 29:5,10 38:15
39:22 41:12
briefing 15:21,24
16:4 31:13,15 37:24
41:18
briefs 20:23 29:3,7
brings 37:7 38:16
broad 12:6
broadly 12:12
broker 28:18,19
brought 6:6 15:17
30:17

**c**

c 4:1 6:1 40:5 48:1,1
capacity 22:5,8
care 39:19
careful 35:4 43:7
case 1:3,12 6:13,16
6:16,20,20,25 7:2
8:20 9:3 10:5,7,12
10:16,24 11:7,10
12:19 13:25 14:10
14:12,23 15:4,8,17
15:20 16:8,16,24
18:4,6,6,7,9,11 20:6
20:8 21:25 24:14
25:9,15 28:3,16,17
29:14,20 30:22 33:4
33:10 34:12 36:5,9
36:13,20 37:6,13,13
37:17,20 38:11,19
38:21,22 39:6,19
42:17 43:8,18 44:5

44:21 45:9,12,20
46:2,9,22,25 47:1,2
47:6
cases 7:20 8:9 9:4,4
12:12,17 30:16
35:12,20 36:3,9,15
36:18 37:2,16 39:14
40:14 41:13 42:10
42:18 43:20 44:9,10
44:20
cashman 4:10 30:15
36:17
cause 38:12
cert 48:9
certain 3:1 31:17
47:4
certainly 9:2,21
11:13 18:2 19:4
23:16
certified 48:9
certify 48:3
chance 10:8 18:17
change 43:9
changed 12:5
changes 45:13
changing 43:12
charged 22:1
chorus 47:13
chose 36:11
circuit 7:9 8:5,6,23
9:15,20 10:14,16
12:7,20,22,24 13:14
14:13 15:9 18:6,18
20:6 21:5 22:23
23:2,5,8,8,22,23
24:13 29:16 41:5
42:3 43:18 45:8
47:7
circumstances
16:16,23 19:2 38:22
39:2
circumvent 35:19
35:22 43:9
cite 14:10 18:4
cited 18:7
claims 12:3 29:25

clearly 44:14
client 6:24 7:22
19:23 20:4,9 22:24
26:7,8
client's 13:6
clients 6:18 17:13
22:25,25 25:4 44:19
closing 42:21 43:5
cohen 1:18 5:16
6:10,20,22,23 7:12
13:18,18 14:24,24
15:17 16:10 17:14
19:21 21:25 33:10
36:11 39:2 45:13,19
45:20 46:25 47:2
cohen's 6:12,16 7:1
7:6,11 8:20 9:3,21
10:6,25 13:5 33:4
41:3
colleague 34:5
colleagues 36:8,11
collect 39:12
collective 20:23
25:8
come 12:16 25:25
comes 30:3
comment 31:7
comments 31:14
common 25:9,10
26:18,23,24 27:4,6
29:9,13 30:6,9,19
30:20,21 31:15,15
31:20,21 44:8
company 10:16,17
22:15 26:10
competing 35:1
complaint 17:4 33:9
complete 13:15
36:5
completed 36:14
completely 39:21
complex 7:7
compressed 46:12
conceded 28:19
concern 9:19
concerned 8:14
37:15

[concerns - dunell]

**concerns** 35:7
**concluded** 47:14
**conclusions** 18:24
  28:4
**condition** 22:12
**conference** 3:1 6:8
**confess** 16:18
**connecticut** 5:10
**consents** 45:14
**consider** 28:21 29:1
  38:24 40:23 46:16
**consideration** 14:22
  21:23 35:4 43:7
**consolidated** 15:21
  15:24 16:4 20:23
  29:4 31:5 32:19
  38:15 41:18
**constitutes** 32:25
  33:15
**construed** 12:12
**contemplated** 35:11
**context** 9:3 10:13
  32:25
**controls** 14:18
**conversation** 37:7
**convince** 45:1
**coordination** 31:12
**copy** 34:7 40:7
**corporation** 1:5
  4:17 43:25
**counsel** 6:15 7:6,11
  7:12 9:21 10:6,25
  13:5 19:19,20 41:3
**country** 48:23
**counts** 33:9
**course** 28:22
**court** 1:1 2:1 6:2,22
  7:9,9,15,19 8:3,8,11
  8:17,19 9:1,12,15
  9:17,23,25 10:17,21
  10:22 11:2,4,7,9,17
  11:21,24 12:2,16,25
  13:2,5,17,22 14:2,4
  14:13,20 15:4,16,23
  16:3,11,15,20,22
  18:5,11,13,16,17,21
  19:3,6,12,14,17,22

20:1,5,10,13,16,18
  20:20,25 21:6,9,10
  21:14,17,20 23:4,7
  23:9,15,18 24:1,3
  24:17,20,23 25:1,4
  25:11,16,19 26:12
  27:3,9,13,17,20,25
  27:25 28:24 29:2,6
  29:13,15,18 30:9,10
  30:12,22 31:24 32:2
  32:4,6,10,16,20
  33:3,6,18,21 35:21
  35:25 37:9,11,19,22
  38:4 39:8,10,18
  41:25 42:5,13,14
  43:7,11,12,19,23
  44:23 45:2,7,13
  46:13,22,25 47:12
**courts** 30:25
**covered** 19:9 34:3
  42:23
**crazy** 15:2
**cremona** 4:7 19:5,8
  19:13,16 33:8,12,24
  33:25 35:24 36:2
  37:10,12,21 38:1,5
  39:9,16,20 42:4,7
  42:25 43:14,22 44:7
  46:10,18,23 47:11
**cremona's** 31:7
**criteria** 14:1 15:7
  17:20
**critical** 6:17
**curious** 14:6
**customers** 28:18,19

**d**

**d** 6:1 48:9
**d.c.** 4:20 5:11
**damage** 40:21
**date** 17:3,4,16,17
  30:4 48:12
**day** 26:21 27:25
  37:9,11 42:13,14
  44:2,6,18
**days** 44:4,18
**deal** 41:15 46:20,23

**dealer** 28:18,19
**deals** 41:13
**debt** 15:24 21:23
  25:12,14 27:21
  32:13 36:21,24 38:3
  38:11 41:24 42:14
  44:13 45:3 47:6
**debtor** 32:22
**debts** 23:25
**decide** 8:11 9:2 46:1
  46:6 47:2,3
**decided** 7:19 8:2,22
  9:11 13:9 16:8
  20:21,22,23 23:21
  23:22 25:7 27:11,22
  29:19 33:20 40:12
  44:13 45:23 46:8,16
  47:8,9
**decides** 23:5 45:20
**deciding** 23:21
  40:13
**decision** 7:23 21:4,6
  23:9,11 27:18 44:12
**decisions** 9:13
  23:24
**decisis** 13:11,17
  18:9,12,14 23:2,7
**defendant** 7:5 16:13
  17:1,8,14,17,19
  22:14 38:24 40:14
**defendant's** 32:25
**defendants** 1:10,19
  4:11 5:2,9 6:5
  16:10 17:13,14,22
  25:9 31:14 43:9
**defended** 15:18
**defending** 14:25
**defense** 29:9 32:25
**degree** 15:11
**delay** 38:13 43:2
**delayed** 36:14 41:14
**demand** 17:17 30:4
**demonstrate** 38:11
**denied** 8:14
**denies** 9:18
**denominator** 44:9

**denton** 34:15,21
  36:17
**deny** 18:21 24:9
**depending** 23:5
  26:1 37:24
**depends** 16:23
**designed** 47:6
**desire** 11:16
**desk** 22:14
**determination** 39:5
**determine** 14:4,6
  38:20
**dictate** 37:17
**difference** 12:23
  46:4
**differences** 16:9
  17:7,10
**different** 7:7,20
  15:11 17:20,23
  22:15 23:23,24 28:9
  28:12,16 32:10,12
  38:10 41:7,13
**differs** 14:18
**difficult** 17:20
**discovery** 36:5,14
  37:6 43:16
**discreet** 40:5
**discuss** 7:13
**discussed** 39:22
**discussing** 35:16
**discussion** 40:3
**dismiss** 31:21,25
**dispositive** 32:5,11
**distinctions** 17:9
**district** 1:2 7:9
  10:20 18:13,17 23:9
  25:16 28:5,9,13
  29:13,14 45:13
**docket** 34:18,20,23
**doesn't** 18:8
**dollar** 15:4 44:10
**dollars** 6:19 12:14
  22:4,21 46:3,4,5,5
**drive** 17:25
**due** 27:7 28:2,22
**dunell** 28:17

**[déjà - ground]**

| | | | g |
|---|---|---|---|
| déjà 44:1 | exigencies 6:24 | fictitious 21:15,22 | |
| | existed 32:23 | 44:16,19 | g 6:1 |
| **e** | existing 7:5 14:4,6 | fight 10:9,11 15:14 | game 13:12 14:20 |
| e 2:9,9 4:1,1 6:1,1 | 14:13,15 | 15:17,19 | gamesmanship 42:8 |
| 48:1 | expect 7:12 | fighting 14:16 15:5 | generals 10:20,22 |
| earlier 30:4 | experience 41:13 | file 11:13 14:11 | getting 31:14 |
| east 5:17 | explain 7:1 21:24 | 27:1 28:21,23 31:15 | give 21:4 34:7 44:15 |
| effect 17:25 18:3,9 | expressly 45:21 | 31:20,24 36:12 37:6 | 45:8 |
| 18:13,14 33:16,19 | extensively 36:20 | filed 17:4 18:13 | gives 11:21 |
| 46:13 | 41:14 | 29:3 34:18,24 | glad 44:9 |
| effective 42:19 | extent 42:17 | final 6:17 25:17 | glancey 14:11 |
| effectively 46:20 | | 45:11,14 | globetrotters 10:23 |
| either 7:11 18:8 | **f** | findings 18:24 28:4 | go 11:12,14,20 13:7 |
| 37:5 45:20 | f 2:9 48:1 | fine 8:16 21:8 31:20 | 15:1 19:18 21:3,3,5 |
| electronic 48:9 | f.3d 14:12 | finish 21:17 32:6 | 22:15 23:1,18 24:10 |
| eliminates 38:3 | fact 18:4,24 25:2 | firms 10:9 | 24:11,13,14 28:4,9 |
| else's 32:7 | 28:4 31:16 32:12 | first 6:16 15:9 18:8 | 30:7,7 32:7 36:5 |
| eludes 38:7 | 35:9 40:2 41:4,11 | 20:6,11,11,12,14 | 43:16,17 44:6,8 |
| embedded 43:15 | factor 38:25 40:22 | 23:22 28:10,13,15 | 46:7,9 |
| embracing 10:8 | 42:11 | 29:11 30:5 36:15 | goes 7:8 9:20 10:3 |
| emphasize 26:17 | factors 7:3 40:25 | five 10:9 22:2 | 12:22 14:5 |
| 29:17 | facts 6:13 13:16 | flat 12:13 36:9 | going 6:16 8:11,19 |
| englemeier 44:4 | 16:16,22,23 17:2,2 | focus 37:1 38:17 | 9:2 16:11,15 18:11 |
| enriched 38:25 | 17:6,7 38:21 39:2 | 40:2 | 18:12 19:14 20:8,12 |
| enter 25:16 45:11 | 43:19 | folks 34:11 39:6 | 20:21 21:1,2,3,4 |
| entered 6:17 35:4,9 | factual 29:22 38:10 | 44:15,17,19 | 22:3 23:2,12,20,20 |
| 35:10 43:6 | 38:19 41:8 | following 35:25 | 23:21,21,23 24:8,9 |
| entirely 41:7 46:24 | factually 41:7 | forced 6:14 | 24:9,10,12,13,17,20 |
| entitled 8:22 24:7 | failed 36:6 | foregoing 48:3 | 24:21,24 25:4 26:11 |
| 28:21 29:12,15 | fair 7:11 10:9 13:8 | forth 38:10 39:6 | 27:9,15,21 28:3,9 |
| entry 45:14 | 15:14,17,18 22:23 | forward 32:8 40:15 | 29:2,3,4,6,22 36:15 |
| environmental 12:9 | 22:24 43:2 | 43:8 46:9 | 37:19 39:19 40:12 |
| esq 4:7,8,15,22 5:6 | fairly 25:21 | four 44:13 | 41:4,6 42:9 44:8 |
| 5:13,20 | fairness 42:25 | fourth 8:12 9:2 | 45:1,11,12,16,21,22 |
| essentially 7:10 | faith 16:10,13 17:1 | 36:21 41:23 | 46:5,9,13,15 |
| 17:15 37:23 44:12 | 17:13,13,14,16,19 | framed 9:10 | good 6:4 16:9,13 |
| established 30:19 | 22:14 28:19 36:19 | frankly 35:13 | 17:1,12,13,14,16,19 |
| establishing 31:2 | 41:19 44:10 | fraud 26:6,7,7 | 18:17 22:14 28:19 |
| et 1:9,18 | far 8:14 | fresh 8:6 | 36:19 41:19,21 |
| everybody 19:6,24 | fashion 35:12 | fully 7:12 46:18 | 44:10 |
| 20:6 21:21 30:6 | fast 42:2 43:18 45:8 | fund 26:9,10 | grant 18:1 |
| everybody's 21:11 | 47:7 | fundamental 29:20 | green 2:2 |
| exactly 24:12 31:23 | faster 12:19 | funds 36:24 | greg 6:4 34:14,18 |
| 32:9 37:12 | february 26:19 30:8 | furnish 40:8 | gregory 5:6 |
| example 39:12 | federal 30:1 39:13 | further 43:2 45:2 | ground 19:9 34:2 |
| excellent 7:6 10:7 | feel 6:14 | future 38:25 | 42:23 |
| excerpt 10:15 | feels 26:1 | | |

**[grounds - kevin]**

**grounds** 18:10
**group** 10:9 18:5
  25:8 26:17,22 29:5
  29:9 31:14
**guess** 19:23
**guy** 46:2
**guys** 15:1 17:24
  34:11

**h**

**h** 1:14 4:22
**half** 40:10
**hand** 6:14
**handled** 30:20
**handpicked** 36:8
**happen** 9:9 41:19
  42:9
**happened** 9:17
  41:19
**happy** 11:14,20
  40:7
**hard** 45:1
**harlem** 10:22
**head** 40:21
**hear** 13:5 19:3,6,15
  30:12 33:22 41:1,2
  43:23 45:4,22 47:3
**heard** 25:13 26:22
  26:25 28:12,23
  29:15 30:9 32:18
  40:14 44:24 45:2
**hearing** 26:20 31:8
  31:10 34:7,16 35:15
**held** 31:11
**help** 8:17 14:9
**highly** 27:22
**hirschfield** 31:6
**hoc** 30:24 34:10
  35:2
**holding** 23:11
**hon** 2:10
**honor** 6:4 7:21 8:13
  8:14,24 9:6,11,16
  11:19 13:25 15:6
  16:6,14,18 18:25
  19:5,8,13,20 20:15
  20:24 21:1,18,19
  22:7 23:14 24:10

26:14,15,19 27:7,12
28:3 29:8 30:13,18
30:23 32:5,9,12,16
32:21 33:5,8,17,19
33:24 34:1,7,17
35:13,24 36:4,9,18
37:10,12 38:1,2,5
38:16,18,19,23
39:16,21 40:1,4,6
40:11,23 41:1,12,23
42:4,21 43:1,22,24
44:22 45:6 46:10,18
47:11
**honor's** 7:24 8:1
**hopefully** 32:14
**hoping** 8:6
**huge** 13:3
**hundreds** 6:18
  12:14 22:3,25

**i**

**identified** 14:8 27:3
**immediate** 25:15
**implicitly** 45:21
**importance** 9:1
**important** 16:8
  26:22 37:1
**impression** 28:14
  28:15 30:5
**improper** 42:7
**impugning** 7:5
**inadequate** 15:9
**inappropriate**
  10:13
**indicated** 20:24
**indiscernible** 11:22
  13:23 14:17 20:1
  24:23 26:8 30:12
  37:16
**individual** 6:24,25
  17:7
**inordinate** 38:13
**input** 35:3
**inquiry** 17:11
**insurance** 10:15,17
**intended** 45:8
**intense** 14:17,17

**inter** 27:1
**interest** 12:3,8,12
  12:13 14:16 15:2
  16:1,13 17:3,5,11
  17:15,18,19 18:1
  21:11 29:18,18,21
  29:24,24 30:1 38:17
  38:20 39:13,19
  42:15 45:24 46:1
**interests** 7:4 12:9,9
  13:6 14:7,17 15:10
  19:23 21:21 41:2
**interlocutory** 9:12
  9:18
**intervene** 3:1 6:11
  7:15 8:3,21 10:18
  11:10 12:3,11,18
  18:16,23 19:1 25:6
  25:11 26:17 27:1,2
  28:11 32:7 35:23
  37:19,23 39:11 40:5
  42:6 43:13 45:16
  46:17 47:9
**intervener** 14:15
**intervening** 25:14
**intervention** 6:9 7:3
  11:16,18,19,24
  13:24 18:10 19:21
  27:2,4 29:11 32:15
  40:24
**invalidate** 14:16
**invested** 39:4
**investment** 1:5,8
**investor** 4:17 43:25
**involve** 6:18
**involved** 7:22,25
  23:1 30:16,18
**irrelevant** 33:12
**irving** 1:14 4:3
**issue** 7:17,17 8:2,5
  8:22,25 9:2,5,10
  10:3 11:9 15:15,25
  16:1,7,8,19,23
  20:19 23:12,20 24:4
  25:12,14 26:18,21
  27:2,5 28:13,13,15
  29:3,13,17,19,22

30:6,7 32:22 33:1,3
33:20 35:23 38:3,17
40:5,13,14 41:22
43:1 45:3,17,19,22
45:24 46:6 47:6
**issues** 6:17,18 7:7
  7:13,15 12:15 15:21
  17:15 18:7 20:15,17
  20:18,20 23:2,19
  24:3 25:7,7,10,23
  25:25 26:16,23,25
  27:6 28:7,16,16
  29:21 30:4,9,20
  31:15,17 32:11,13
  33:10 37:25 40:6,8
  40:12 45:10,25
  46:15 47:2,3,4,8,10

**j**

**j** 4:7
**jersey** 5:18
**job** 13:22
**join** 19:21 37:2
**jr** 4:15
**judge** 2:11 7:22,23
  8:15 9:11,13 13:9
  13:16 21:3,3 23:11
  24:11 25:21,22,25
  28:5,5,7,8,9,13 31:1
  31:4,7 33:1,2 35:3
  44:3
**judgment** 8:19
  25:16,17 30:1 31:21
  31:25 39:13 43:10
  45:11,14 46:4
**judgments** 6:17
  31:18
**june** 7:25 8:1,15
  36:19
**jurisdiction** 28:8
**justification** 13:15

**k**

**k** 4:19
**keep** 15:16
**keith** 4:8
**kevin** 4:22 43:24

**kind** 7:1 15:11 22:16 24:12 28:25
**kinds** 12:10
**kirby** 5:13 19:18 26:13,14,14 27:12 27:15,19,24 28:2 29:4,8 30:11 35:15 40:4,6 41:17
**kirby's** 30:14
**know** 10:2 13:12,15 15:16 22:12 23:17 24:12,14 25:5 30:2 34:10 35:8 39:4 40:10 42:25 43:1 44:1,8 45:3,15 46:1 46:15
**known** 6:15
**knows** 38:7 41:12

**l**

**l** 1:8,15 3:25 48:3,8
**landers** 34:23,25
**language** 12:5
**lasalle's** 10:18
**lastly** 34:23
**latitude** 34:3
**law** 9:10 10:9,12 13:10,25 14:10 15:8 16:12 18:24 24:6 28:4 36:20 38:11 39:12
**lawrence** 44:1
**lawyers** 44:20
**leave** 9:12 18:22 28:11 35:22 43:13
**led** 7:25
**left** 22:14
**legal** 17:15,25 24:3 24:4 26:18,25 27:4 27:6 29:13,20 30:9 48:22
**letter** 18:4 34:16,21
**letting** 42:10
**level** 18:16,17,18,19
**levels** 7:10 18:19
**levy** 4:15 30:13,14 30:23 32:1,3,5,9,11 32:21 33:5,11,14,19

34:5,9 38:4 42:1 45:4,6
**lewis** 5:15,20 9:20 19:20,25 20:2,8,12 20:14,17,19,22 21:1 21:8,13,16,18,24 22:7 23:6,10,14,16 23:19 24:2,4,19,22 24:24 25:2,5,18,20 41:4
**liability** 44:12
**lies** 43:4
**lifestyle** 22:16
**lifland** 31:2,4,7 35:4
**light** 27:8
**lightly** 35:9
**likeness** 11:22
**limited** 6:9,10 25:22 37:25
**liquidation** 1:14
**listed** 22:25
**litigate** 45:9
**litigation** 6:7 22:2 31:2 40:20 43:6
**little** 14:10 34:3
**llc** 1:9
**llp** 4:10 5:1,8 34:15 34:24
**loeb** 5:1,1 6:5,5 34:14,14
**long** 24:14
**look** 8:7 9:7 35:14 37:2 42:22 44:25
**looked** 16:19
**looking** 9:7 22:2 42:2 43:13
**lose** 9:5 10:3 12:18
**loser** 38:14 40:19 43:3
**loss** 15:13
**lost** 9:23,25 10:1 13:19
**lot** 10:10 19:9 20:16 20:18,20 34:2 42:23
**lowest** 44:8

**m**

**m** 2:10
**madoff** 1:8,15 6:3 22:13 44:18
**maintained** 42:20
**making** 22:17
**management** 37:6 44:21
**mandatory** 27:23
**manner** 38:15
**march** 37:18
**mark** 31:6
**matter** 1:13 9:9 11:18,25 12:21 13:10,10,13 16:12 35:10 36:24 39:12 46:2
**matters** 31:5 41:14
**mckenna** 5:15
**mckenzie** 5:8 26:15
**mean** 8:13 11:11,12 12:9 14:10 17:22 24:14 36:4 38:18 40:11 42:21
**meaningful** 16:9 17:1,2,10,12
**measure** 17:3,15
**mechanism** 42:8
**mediation** 22:11 36:5,6 42:19 43:17
**members** 29:9
**mentioned** 13:11 43:5
**merits** 14:5
**merkin** 44:12
**milberg** 34:15,24,25 36:17
**million** 15:4 22:21 39:4 46:3,4,5,5
**millions** 6:18 12:14
**mind** 45:3,13,19,23
**mineola** 48:25
**minimal** 10:7
**monetary** 12:13
**money** 17:23,24 22:9,12,16 26:8,10 44:11,16

**months** 37:15
**morning** 6:4
**motion** 11:13 12:2 14:5 18:21 27:1 28:21,24 29:1,7 31:15,24 32:15 44:25 45:15 46:7
**motions** 29:2 30:24 31:21,21 36:12 41:15
**move** 6:9 15:25 40:14
**moved** 44:21
**moving** 43:8
**multiple** 36:12,24
**murphy** 4:8

**n**

**n** 4:1 6:1 48:1
**n.w** 4:19
**n.w.** 5:10
**named** 15:11
**nations** 18:6
**nature** 43:10,12
**near** 31:7
**necessarily** 42:1 46:19
**need** 47:9
**needs** 27:8
**neither** 32:16
**net** 38:14 40:19 43:3
**nevel** 34:20
**new** 1:2 2:3,3 4:5,5 4:13,13 5:4,4,18 26:6 27:22 29:25 39:13
**nicholas** 4:7 33:24
**nickel** 15:2
**noted** 36:18 38:2,19 42:8
**notes** 42:22
**notice** 34:2
**november** 31:11 34:6 44:3
**novo** 18:14
**number** 34:18,23

**numbers** 14:20
**numerous** 30:17
**ny** 48:25

**o**

**o** 2:9 6:1 48:1
**objected** 34:21
**objection** 34:18,24
  34:25
**objections** 18:13,23
**obligation** 32:22,24
  33:15,20
**obligations** 33:9
**obviously** 10:25
  17:7 45:5 46:11
  47:5
**occupation** 22:17
**occurred** 17:2 33:7
**october** 44:2
**offer** 24:9
**offset** 26:4,5
**offsets** 24:2,6
**okay** 12:1 14:2 20:9
  20:15,25 21:2,24,25
  22:2 23:22 27:12,24
  29:23 47:12
**old** 48:23
**omnibus** 29:7 36:25
  37:4 41:14,19
**once** 41:20 47:8
**oneida** 18:5
**ones** 7:7
**opened** 33:14
**opinion** 7:24 8:1,15
  8:16 36:19
**opponent** 10:21
**opponents** 10:23
**opportunities** 38:6
**opportunity** 19:10
  28:12 29:1 30:9
  32:17
**opposed** 10:17
  41:15 42:9
**order** 6:7 30:21
  31:2 35:4 37:6
  40:21 43:6,15 44:21
**orders** 43:6

**original** 28:8
**outcome** 37:25
**outputs** 39:15
**outset** 30:20 34:1
**overmatch** 10:6
**overwhelming** 26:2
**owed** 32:22

**p**

**p** 4:1,1 5:6 6:1
**pace** 36:10 37:13,17
  42:10
**pages** 27:20 31:11
**paid** 22:9
**parallel** 36:13
**pardon** 9:24 13:1
**park** 5:3
**part** 20:3 22:18
  34:25
**participate** 25:20
  32:3
**participated** 36:23
**participating** 36:16
**participation** 34:11
**particular** 16:16,24
  38:22 39:5 42:17
  47:3,10
**particularly** 45:24
**parties** 3:1 14:5,6
  15:12 28:10 35:3,6
  36:23 40:8 45:22
**partner** 31:7
**party** 8:22 12:10
  14:13,15 21:2 29:12
  29:16 31:3 37:4
**patsy** 10:23
**pattern** 15:21
**paul** 5:20
**pause** 42:24
**pay** 24:17,20,24
  25:4
**payment** 17:8 21:22
**pending** 6:10
**pension** 26:9,10
**people** 22:10,10
  23:3,24 25:6 26:5
  44:17

**period** 33:15
**permissive** 11:20
  27:4 40:23
**permit** 12:2 45:16
**permitted** 14:11
**person** 21:2
**persuade** 29:14
**persuasive** 27:23
**perusing** 34:13
**peter** 44:1
**petition** 10:18
**ph** 10:16 11:5 14:11
  14:12 28:17 34:20
  34:23 36:16 38:19
  44:1,4,12
**phone** 22:6 23:13
  23:15
**picard** 1:14 4:3
**pick** 10:5
**place** 40:18 42:18
**plaintiff** 1:6,16
**plans** 9:21
**play** 10:19
**plaza** 4:4
**please** 6:2 19:18
  23:15
**plenty** 30:18,19
**point** 13:8,21 18:2
  26:18 27:15 30:8,14
  33:23 34:17 35:16
  38:8 39:16,20,23
  45:18
**pointed** 35:15 38:5
**points** 19:10
**ponzi** 11:7
**poor** 44:15
**position** 11:1 16:7
  28:6 31:9 44:22
**possible** 11:11
**post** 28:3 30:1
  37:24 45:17 46:14
  46:24
**postures** 37:3
**potential** 6:19 7:10
**potentially** 12:14
**practical** 9:9,19
  12:21 14:22,22

**pragmatic** 8:24
**precisely** 37:14
**preclude** 31:19
**precluded** 40:13
**prefer** 18:25
**prejudgment** 15:2
  16:12 17:11,18 18:1
  29:18 38:17,20
  42:15
**prejudice** 38:13
  40:22 43:4
**prejudiced** 41:11
  42:12,13
**preliminary** 6:8
**premature** 39:21,25
**prepared** 11:13
  28:23
**preparing** 46:21
**present** 33:9 34:14
  34:15,15,16
**presentation** 6:13
**preserve** 8:4 18:15
**preserved** 18:19,22
  41:3,6
**press** 47:3
**pressed** 45:1
**pressure** 7:2
**prevent** 43:2
**preventing** 43:3
**prevents** 31:14
**previously** 32:13,20
**primary** 11:16
**principal** 24:5 26:4
  44:17
**principles** 17:25
**prior** 8:15 33:14
  36:12
**probably** 22:3 24:1
  24:3 37:24
**problem** 39:17
**procedural** 37:3
**procedurally** 42:7
**procedure** 35:25
  36:3
**procedures** 6:7
  30:19 31:2,13,19
  34:19,22,24 35:1,5

[procedures - schwed]

35:6,18,22 36:10
40:17,20 42:18,20
43:6
**proceed** 31:5 36:3
37:13 40:16 42:10
**proceeded** 36:10,13
**proceeding** 6:6
24:11,12 28:10 31:3
31:4 33:13 36:25
37:3,4 41:14,19
45:17
**proceedings** 6:12
7:25 22:3 25:21
32:5,14 42:15 46:14
47:14 48:4
**process** 28:11 29:12
**processes** 43:15
**professor** 22:18
**profits** 21:15,22
44:16,19
**progress** 40:18 43:8
**promote** 39:1
**prompt** 30:4
**proof** 24:9
**proper** 30:2
**property** 12:3
**proposed** 14:14
18:24
**protected** 41:3,6,9
**protection** 1:5 4:17
43:25
**pryor** 4:10 30:15
36:17
**public** 12:11
**pure** 9:10
**purpose** 25:13
**put** 38:10 39:6 44:9

**q**

**quarter** 22:21
**question** 8:1 11:2
14:7 21:14,21 23:24
24:6 27:6 29:10,11
29:19,21,21 30:3
39:18 42:5 44:7
47:5
**questions** 7:8 12:10
31:4 45:16

**quick** 10:18,20
**quite** 7:21,23 12:6
35:19

**r**

**r** 2:9 4:1,8 6:1 48:1
**raise** 7:12 8:9 9:5
12:17 13:18 38:6,9
41:7 45:25
**raised** 7:8 9:4 15:23
15:25 16:3 18:2
26:18,21 29:18 30:8
32:13,14,20 34:6
43:1 45:18 46:15
**raises** 13:18
**raising** 45:21
**rakoff** 7:23 9:11
13:9,16 21:3,4
23:11 24:11 25:21
25:22 26:1 28:5,7
33:1
**rakoff's** 8:15 9:13
**range** 22:22
**rate** 17:5,19 29:21
29:24,24,25 30:1
39:13,14
**reach** 32:23 33:16
**reached** 29:8
**read** 10:14 27:18
31:6
**reads** 12:2
**ready** 37:17 44:5
**real** 13:12
**realistically** 9:8
10:2
**really** 7:11 8:4 9:8
13:11 14:21,24,25
22:16 42:2 45:17
46:14
**reason** 28:6,17 42:6
45:20
**reasons** 6:15
**rebut** 19:9
**recall** 26:20
**recommend** 18:12
**recommendations**
45:12

**reconsider** 27:9,21
41:22
**reconsideration**
41:23 42:2
**reconsidered** 27:8
**record** 41:8 48:4
**recover** 16:12
**recoveries** 40:19
**reference** 25:25
28:8
**reflect** 35:6
**regard** 31:17
**regarding** 3:1
**regardless** 39:14
**relating** 12:3
**relatively** 10:8
**relevant** 34:8 39:5
39:23
**report** 18:11
**reporter** 48:9
**represent** 13:6 14:7
14:14 19:23 21:11
21:21
**representation** 15:8
15:10
**represented** 7:4
**representing** 6:5,24
21:16,25
**request** 3:1 6:8
19:21 39:24
**require** 41:8
**requires** 9:9
**resolution** 12:15
**resolve** 7:2 35:20
42:17
**resources** 11:1
**respect** 6:8,11 27:7
28:2
**respectfully** 35:24
36:2
**responding** 34:4
**responses** 18:23
**result** 35:18 36:16
**resulted** 40:18 43:7
**return** 43:3
**review** 18:14

**reviewing** 23:8,10
**revisiting** 38:2
**richard** 4:15 5:13
26:14 30:14
**ridiculous** 25:6
**riding** 12:14
**rife** 36:16
**right** 11:10,16,18
11:20,21,25 15:7
18:10,22 19:1,2,3
19:22 20:13 22:17
23:19 25:1,15 26:12
26:25 27:2,3,19
28:2 30:10 32:9
33:21,22 35:17
43:21 44:23 45:2
46:19
**rights** 8:5 18:16,19
**ringing** 23:13
**rings** 22:6
**river** 5:18
**road** 5:17 48:23
**rockefeller** 4:4
**rule** 7:3 9:8 10:13
12:1 14:3 45:7 47:5
47:8
**ruled** 14:13 32:16
**rules** 12:6
**ruling** 19:2 41:21

**s**

**s** 4:1 6:1
**saddle** 5:18
**saga** 44:18
**sake** 12:23
**saying** 10:14 15:16
38:15 43:15
**says** 10:13
**scenarios** 38:10
39:7
**schedule** 28:25
**scheduled** 11:4 36:6
**scheme** 6:21 11:7
**schweb** 27:3 34:18
41:25 44:9
**schweb's** 22:24
**schwed** 5:6 6:4,5,23
7:17,21 8:4,10,13

**[schwed - toutman]**                                                       Page 9

8:18,21 9:6,14,16
9:18,24 10:1 11:3,6
11:8,11,19,23 12:1
12:21 13:1,3,8,21
13:25 14:3,9,21
15:6,20 16:2,6,14
16:18,21,25 18:15
18:25 19:4 34:14
seat 10:4 13:13
seated 6:2
second 8:5,6,23
9:15,20 12:7,19,22
12:24 13:14 18:6,18
20:6 21:5 22:23
23:1,5,8,8,22,23
24:13 41:5 42:3
43:18 45:8 47:7
secondary 12:7
securities 1:5,8 4:17
43:25
security 10:15
see 8:24 17:20 18:1
34:14 45:25
seek 9:12,16 18:22
28:11 35:19 39:19
seeking 6:11 26:17
26:25 30:1 31:24
32:4,6 35:21,22
37:2 44:11
select 10:5
sense 31:16 41:25
45:25
sent 18:5,5
september 2:5 37:5
44:2 48:12
serious 47:4
set 30:19
setting 17:16,18
settled 46:9
settlement 39:1
seventh 10:14,16
severe 40:22
severely 41:11
shares 14:19
sherri 3:25 48:3,8
shipawright 10:16

short 34:2
shot 13:19
show 15:9 27:10
side 19:7
signatory 34:16,21
significant 40:19
similar 14:16
similarly 34:20
simply 8:14 37:13
single 29:10
sipa 26:3,3 28:16
40:5
sipc 4:18 44:22
sixth 14:12
skipping 43:14
slowest 37:13
small 6:20
smb 1:3,12
snr 34:14,20
solutions 48:22
somebody 32:7
somebody's 20:11
someone's 20:12
sorry 11:23 18:18
21:18,18 22:7 23:14
30:13 37:21
sort 15:13
sounds 20:5,7
southern 1:2
speak 10:2 19:10
speaking 10:8
spend 15:1 22:21
spent 14:25 27:20
square 4:12
stages 37:16
stake 10:10
stakes 10:7
stand 35:17
standards 11:12,14
standing 12:11
stare 13:10,17 18:9
18:12,14 23:2,7
start 12:1
started 41:16
state 24:6 26:6
29:25 39:13

statements 36:8
states 1:1 2:1
statute 11:21 14:23
32:24
step 28:10 29:11
stiff 10:10
stop 27:18 40:9,11
44:4
street 4:19
strenuously 15:18
strict 44:12
stuart 2:10
stuff 15:3
subject 12:4
submit 41:23 42:20
sued 15:3
sufficient 18:10
sufficiently 15:10
suite 4:19 5:17
48:24
summary 31:17,21
31:25
supplant 43:10
supported 21:22
supports 14:1 44:22
suppose 11:4
sure 7:17 16:2
30:18
swing 6:19

**t**

t 48:1,1
table 10:4 13:13
tactical 20:3,5
tailored 35:6
take 8:6 26:4 41:4
taken 28:6
takes 46:6
talked 36:19 41:18
talking 27:20
taxes 23:25
taxing 6:25
telegin 38:19
tell 19:22 21:10,20
telling 27:17 31:8
46:2
terms 17:8 31:12
41:15

test 20:8
thank 26:12,14,15
30:11 33:24 34:1
43:22 44:23 45:6
47:11,12,13
thing 15:20 20:3
31:10,12
things 14:15 24:7
34:5,9 38:24 41:1
41:20
think 8:11,24 9:6,8
12:21 14:9 16:6,9
19:1 20:2,2 22:23
22:24 23:23 26:20
27:7 28:20 29:12,13
29:15 30:2,5 31:8
31:20 32:17 33:21
34:8,13 35:8 37:1
38:2,6,14 39:17,21
39:24 40:22,25 41:4
42:22 43:8,16,17,17
44:25 45:7 46:19
thinking 46:20
thinks 38:4
thoroughly 7:23
16:19
thought 33:6,6
thoughtful 7:24
thousand 35:10
thousands 22:4
three 7:20 36:12
38:6 44:13 46:5
throw 11:1
time 8:12 9:3 20:11
22:18 26:20,24
35:10,16
timely 12:2 28:22
times 4:12 14:19
15:25 44:13
timing 29:22 30:3
46:11,12
today 35:17 36:22
44:17
told 20:10
touch 38:1 40:2
toutman 14:12

**town**  10:20
**track**  12:19 36:4
  42:2 43:18 45:8
  46:6 47:7
**tracks**  36:13
**trading**  22:14
**traditional**  10:23
**transaction**  12:4
**transcribed**  3:25
**transcriber**  48:9
**transcript**  34:6,13
  35:14 40:3,7 44:6
  48:3
**transfer**  17:2,3,16
**transfers**  33:7 39:3
**treated**  32:24
**treatises**  12:7
**tremendous**  40:18
  40:21 43:8
**tremendously**  42:12
**trial**  6:12 11:4 24:9
  28:23 32:7 35:23
  36:6 37:17,20,24
  44:5 45:17,17 46:8
  46:9,13,14,16,21,21
  46:24
**tried**  9:5 22:5 40:4
**true**  35:9 48:4
**trustee**  1:14 4:3 6:6
  6:15 10:4,10 13:14
  15:14,17 16:12 18:2
  18:7 20:3 22:10
  26:24 28:6 29:25
  30:17 31:1 33:22,25
  38:13 44:10,14
  45:25 46:1,6
**trustee's**  31:9 44:22
**try**  42:9 43:19
  46:22,25
**trying**  9:7 10:2,10
  37:16
**turn**  23:15 40:7,9
  40:20
**twists**  32:12,15 38:7
**two**  6:17 7:10 12:15
  18:7 20:19 26:16
  27:6 29:20 36:8

46:4
**type**  7:2
**types**  11:1

**u**

**u.s.**  2:11
**ultimately**  8:5
**umbrage**  36:7
**understand**  7:22
  8:8 9:1 15:13 21:10
  22:11 24:10 25:22
  26:2 33:21 39:11,16
  46:11,18
**understanding**
  38:23
**understood**  47:11
**unfair**  10:11
**unique**  6:13 38:6
**united**  1:1 2:1
**university**  22:18
**unjustly**  38:25
**unopposed**  10:19
**untrue**  35:3 36:9
**use**  17:19 31:16
  47:8

**v**

**v**  1:7,17
**valentine's**  26:21
  37:9,11 44:2,6
**value**  7:17 8:11
  13:16 15:2 21:4,7
  23:25 24:5 27:7
  32:25
**various**  5:2 6:5
  30:24 35:5 37:3
  42:15
**veritext**  48:22
**versus**  10:16 14:12
**victim**  26:7
**victims**  26:6,7 38:14
  40:20,22 43:3
**view**  29:20
**virginia**  22:19
**voice**  25:9
**vu**  44:1

**w**

**wait**  19:6 45:20
**waive**  18:20 47:2
**waived**  38:8
**want**  7:15 15:1,14
  16:4 25:11 28:10
  29:17 31:20 36:21
  37:23 39:6,11 40:2
  41:10,21,22
**wanted**  10:18,19
  22:15 46:10
**wants**  38:9,12
**washington**  4:20
  5:11 10:19,22
**way**  7:5 9:10 10:12
  16:10 20:24 21:1,9
  22:22 25:2 35:11
  40:17 41:5 42:12
**we've**  21:16,24
  30:16 36:8 44:13
**week**  28:24
**went**  22:11 35:14
**whatnot**  31:13
**wherewithal**  22:20
  22:21
**who've**  26:5
**win**  10:20 47:1
**wind**  21:9
**wisely**  10:21
**withdrawn**  25:24
  28:7
**word**  14:22
**words**  13:11 43:25
**work**  25:2 35:12
**worked**  22:13,13,13
  26:9 35:13
**working**  22:16
  35:19
**world**  13:12
**worth**  23:6
**worthy**  10:21
**wouldn't**  39:10
**wrap**  41:20

**x**

**x**  1:4,11,20

**y**

**yeah**  46:25
**year**  20:19 40:10
**years**  22:2
**york**  1:2 2:3,3 4:5,5
  4:13,13 5:4,4 26:6
  29:25 39:13

# EXHIBIT 2

**From:** Gregory Schwed
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** 'jrollinson@bakerlaw.com'; 'ncremona@bakerlaw.com'; 'owang@bakerlaw.com'
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).

The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.

These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.

We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)

Defendant has consented to such an intervention.

Needless to say, I'm happy to discuss the matter or provide more information, at your request.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Tel: 212-407-4815
Fax: 212-937-4689

# EXHIBIT 3

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 14, 2015 9:59 AM
**To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.

We look forward to hearing from you.

Thank you,
Nick


**Nicholas J. Cremona | BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com


**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

**We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).**

**The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.**

**These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.**

**We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or**

**exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)**

**Defendant has consented to such an intervention.**

**Needless to say, I'm happy to discuss the matter or provide more information, at your request.**

**Greg Schwed**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: 212-407-4815**
**Fax: 212-937-4689**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

10-04321-smb    Doc 62-4    Filed 10/09/13    Entered 10/09/13 18:44:55    Exhibit 4
Pg 1 of 5

# EXHIBIT 4

**From:** Gregory Schwed
**Sent:** Monday, September 14, 2015 2:13 PM
**To:** 'Cremona, Nicholas'; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Nick,

Given that today and tomorrow are Rosh Hashana and several members of our group are observant, our response to your requests will likely be later in the week.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Tel: 212-407-4815
Fax: 212-937-4689

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 14, 2015 9:59 AM
**To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.

We look forward to hearing from you.

Thank you,
Nick

Nicholas J. Cremona | BakerHostetler
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa

1

**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

**We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).**

**The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.**

**These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.**

**We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)**

**Defendant has consented to such an intervention.**

**Needless to say, I'm happy to discuss the matter or provide more information, at your request.**

**Greg Schwed
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Tel: 212-407-4815
Fax: 212-937-4689**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

# EXHIBIT 5

**From:** Gregory Schwed
**Sent:** Thursday, September 17, 2015 7:16 PM
**To:** Cremona, Nicholas; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Nick,

We had a chance to confer with the group and, as I mentioned in the voicemail I just left, the parties who would be seeking intervention are defendants in either all or a substantial portion of the currently active litigations being handled by Baker & McKenzie, Dentons, Elise Frejka, Loeb & Loeb, Pryor Cashman and Milberg. Of course, the full list will be annexed to the motion. I trust that's helpful for your purposes.

Please let us know as soon as you can whether the Trustee intends to oppose or not oppose the motion. Particularly if you are planning to oppose, we should discuss, at your soonest convenience, a mutually acceptable briefing schedule.

If you have any questions or otherwise wish to discuss the matter, please let me know.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenur
New York, NY 10154
212-407-4815

Sent from my iPhone

On Sep 14, 2015, at 11:13 AM, Gregory Schwed <gschwed@loeb.com> wrote:

> **Nick,**
>
> **Given that today and tomorrow are Rosh Hashana and several members of our group are observant, our response to your requests will likely be later in the week.**
>
> **Greg Schwed**
> **Loeb & Loeb LLP**
> **345 Park Avenue**
> **New York, NY 10154**
> **Tel: 212-407-4815**
> **Fax: 212-937-4689**
>
> **From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
> **Sent:** Monday, September 14, 2015 9:59 AM
> **To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
> **Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com;
> Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K

(Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.

We look forward to hearing from you.

Thank you,
Nick


**Nicholas J. Cremona** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

**We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).**

**The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.**

**These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.**

**We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)**

**Defendant has consented to such an intervention.**

**Needless to say, I'm happy to discuss the matter or provide more information, at your request.**

**Greg Schwed**
**Loeb & Loeb LLP**

**345 Park Avenue**
**New York, NY 10154**
**Tel: 212-407-4815**
**Fax: 212-937-4689**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached
to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person
responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution
or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify the sender. Please destroy the original transmission and
its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT 6

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Friday, September 18, 2015 3:52 PM
**To:** Gregory Schwed
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof; Rollinson, James H.; Wang, Ona Theresa
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

The trustee does not consent to the filing of your prospective intervention motion and intends to oppose it. I suggest that we coordinate with Chambers next week so your group can request the Court's prior approval to file your motion consistent with section 6.A of the Avoidance Procedures set forth in the Litigation Procedures Order.  We can coordinate a schedule with the Court as the Judge deems appropriate.


**Nicholas J. Cremona** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Thursday, September 17, 2015 7:16 PM
**To:** Cremona, Nicholas; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Nick,

We had a chance to confer with the group and, as I mentioned in the voicemail I just left, the parties who would be seeking intervention are defendants in either all or a substantial portion of the currently active litigations being handled by Baker & McKenzie, Dentons, Elise Frejka, Loeb & Loeb, Pryor Cashman and Milberg.  Of course, the full list will be annexed to the motion.  I trust that's helpful for your purposes.

Please let us know as soon as you can whether the Trustee intends to oppose or not oppose the motion.  Particularly if you are planning to oppose, we should discuss, at your soonest convenience, a mutually acceptable briefing schedule.

If you have any questions or otherwise wish to discuss the matter, please let me know.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenur
New York, NY 10154
212-407-4815

Sent from my iPhone

On Sep 14, 2015, at 11:13 AM, Gregory Schwed <gschwed@loeb.com> wrote:

**Nick,**

**Given that today and tomorrow are Rosh Hashana and several members of our group are observant, our response to your requests will likely be later in the week.**

**Greg Schwed**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: 212-407-4815**
**Fax: 212-937-4689**

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 14, 2015 9:59 AM
**To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com;
Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K
(Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.

We look forward to hearing from you.

Thank you,
Nick


**Nicholas J. Cremona** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com


**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com;
Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K
(Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).

The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.

These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.

We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)

Defendant has consented to such an intervention.

Needless to say, I'm happy to discuss the matter or provide more information, at your request.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Tel: 212-407-4815
Fax: 212-937-4689

---

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying

or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT 7

**From:** Gregory Schwed
**Sent:** Sunday, September 20, 2015 9:12 AM
**To:** Cremona, Nicholas
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof; Rollinson, James H.; Wang, Ona Theresa
**Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Nick,

Can we inquire as to your reasons?  As I mentioned, we would not be asking to interfere with the Cohen trial or its schedule, so there would be no prejudice to the Trustee.  And unified briefing, in the name of efficiency and consistent results, has been the practice on many major legal issues (such as Section 546(e) and "value" before Judge Rakoff) that affect many defendants.

Sent from my iPhone

On Sep 18, 2015, at 3:53 PM, Cremona, Nicholas <ncremona@bakerlaw.com> wrote:

> Greg,
>
> The trustee does not consent to the filing of your prospective intervention motion and intends to oppose it. I suggest that we coordinate with Chambers next week so your group can request the Court's prior approval to file your motion consistent with section 6.A of the Avoidance Procedures set forth in the Litigation Procedures Order.  We can coordinate a schedule with the Court as the Judge deems appropriate.
>
>
> **Nicholas J. Cremona** | **BakerHostetler**
> 45 Rockefeller Plaza | New York, NY 10111-0100
> T 212.589.4682 | F 212.589.4201
> ncremona@bakerlaw.com

> **From:** Gregory Schwed [mailto:gschwed@loeb.com]
> **Sent:** Thursday, September 17, 2015 7:16 PM
> **To:** Cremona, Nicholas; Rollinson, James H.; Wang, Ona Theresa
> **Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
> **Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

> Nick,

> We had a chance to confer with the group and, as I mentioned in the voicemail I just left, the parties who would be seeking intervention are defendants in either all or a substantial portion of the currently active litigations being handled by Baker & McKenzie, Dentons, Elise Frejka, Loeb & Loeb, Pryor Cashman and Milberg.  Of course, the full list will be annexed to the motion.  I trust that's helpful for your purposes.

Please let us know as soon as you can whether the Trustee intends to oppose or not oppose the motion.  Particularly if you are planning to oppose, we should discuss, at your soonest convenience, a mutually acceptable briefing schedule.

If you have any questions or otherwise wish to discuss the matter, please let me know.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenur
New York, NY 10154
212-407-4815

Sent from my iPhone

On Sep 14, 2015, at 11:13 AM, Gregory Schwed <gschwed@loeb.com> wrote:

> **Nick,**
>
> **Given that today and tomorrow are Rosh Hashana and several members of our group are observant, our response to your requests will likely be later in the week.**
>
> **Greg Schwed**
> **Loeb & Loeb LLP**
> **345 Park Avenue**
> **New York, NY 10154**
> **Tel: 212-407-4815**
> **Fax: 212-937-4689**

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 14, 2015 9:59 AM
**To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.

We look forward to hearing from you.

Thank you,
Nick

**Nicholas J. Cremona** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com);
ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com);
Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

**We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).**

**The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.**

**These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.**

**We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)**

**Defendant has consented to such an intervention.**

**Needless to say, I'm happy to discuss the matter or provide more information, at your request.**

**Greg Schwed**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: 212-407-4815**
**Fax: 212-937-4689**

---

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT 8

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 21, 2015 12:21 PM
**To:** Gregory Schwed
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof; Rollinson, James H.; Wang, Ona Theresa
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

FRE 408 - SETTLEMENT COMMUNICATION

Greg,

As an initial matter, you have not provided us with the defendants and corresponding cases for whom your group seeks intervention so we are unable to fully evaluate the scope of your request. As a result, we must presume that the "usual group" includes all those defendants that have already participated in the antecedent debt proceedings before Judge Rakoff and again in the omnibus good faith proceeding before Judge Bernstein. Moreover, Pryor Cashman and Dentons also participated in consolidated briefing on this same exact issue before Judge Rakoff in the Greiff matter. Judge Bernstein has already indicated that these same defendants were likely bound by the Greiff decision and should have been estopped from rearguing in the motion to dismiss proceeding. Clearly, as a result, those same parties are all now bound by the Judge's June 2 decision on the antecedent debt issue and should not be permitted to reargue that exact same issue yet again, and presuming it is even briefed here, it will be in the context of the facts and circumstances of Andrew Cohen's relationship with BLMIS. Similarly, with respect to whether prejudgment interest is appropriate in the context of the Cohen case is within Judge Bernstein's discretion based on the facts and circumstances of Mr. Cohen's case, which is certainly not uniform to all defendants seeking to join, whoever they may be.

Notwithstanding, the request is also inconsistent with Judge Bernstein's numerous statements on the record that these adversary proceedings simply cannot all proceed at the same pace otherwise the Court will be unable to issue a ruling unless every last defendant has been heard on that issue. These cases simply cannot move forward in that fashion given the varying procedural postures of all the cases seeking to join.

In addition, the request is premature since Judge Bernstein has not indicated that any briefing on antecedent debt, prejudgment interest, or any issue for that matter, will be required in the context of the Andrew Cohen trial. At a minimum, the parties should determine how the Judge intends to proceed before we can evaluate whether your request is even ripe.

These are some of the reasons why the Trustee believes your request is inappropriate at this time and withholds his consent.

The Trustee obviously reserves the right to assert additional arguments in opposition to your intervention motion to the extent you decide to file it at this time.

Lastly, in response to your message, the Trustee is generally available to have a conference with the Court tomorrow if that works for your collective schedules, however, we reiterate our request for the list of relevant defendants/cases so we can fully evaluate the scope of your request in advance of our chambers conference.

Best regards,

Nick

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Sunday, September 20, 2015 9:12 AM
**To:** Cremona, Nicholas
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof; Rollinson, James H.; Wang, Ona Theresa
**Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Nick,

Can we inquire as to your reasons?  As I mentioned, we would not be asking to interfere with the Cohen trial or its schedule, so there would be no prejudice to the Trustee.  And unified briefing, in the name of efficiency and consistent results, has been the practice on many major legal issues (such as Section 546(e) and "value" before Judge Rakoff) that affect many defendants.

Sent from my iPhone

On Sep 18, 2015, at 3:53 PM, Cremona, Nicholas <ncremona@bakerlaw.com> wrote:

> Greg,
>
> The trustee does not consent to the filing of your prospective intervention motion and intends to oppose it. I suggest that we coordinate with Chambers next week so your group can request the Court's prior approval to file your motion consistent with section 6.A of the Avoidance Procedures set forth in the Litigation Procedures Order.  We can coordinate a schedule with the Court as the Judge deems appropriate.
>
>
> **Nicholas J. Cremona** | **BakerHostetler**
> 45 Rockefeller Plaza | New York, NY 10111-0100
> T 212.589.4682 | F 212.589.4201
> ncremona@bakerlaw.com
>
> ---
> **From:** Gregory Schwed [mailto:gschwed@loeb.com]
> **Sent:** Thursday, September 17, 2015 7:16 PM
> **To:** Cremona, Nicholas; Rollinson, James H.; Wang, Ona Theresa
> **Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com); ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com); Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
> **Subject:** Re: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)
>
> Nick,
>
> We had a chance to confer with the group and, as I mentioned in the voicemail I just left, the parties who would be seeking intervention are defendants in either all or a substantial portion of the currently active litigations being handled by Baker & McKenzie, Dentons, Elise Frejka, Loeb & Loeb, Pryor Cashman and Milberg.  Of course, the full list will be annexed to the motion.  I trust that's helpful for your purposes.

Please let us know as soon as you can whether the Trustee intends to oppose or not oppose the motion. Particularly if you are planning to oppose, we should discuss, at your soonest convenience, a mutually acceptable briefing schedule.

If you have any questions or otherwise wish to discuss the matter, please let me know.

Greg Schwed
Loeb & Loeb LLP
345 Park Avenur
New York, NY 10154
212-407-4815

Sent from my iPhone

On Sep 14, 2015, at 11:13 AM, Gregory Schwed <gschwed@loeb.com> wrote:

> **Nick,**
>
> **Given that today and tomorrow are Rosh Hashana and several members of our group are observant, our response to your requests will likely be later in the week.**
>
> **Greg Schwed**
> **Loeb & Loeb LLP**
> **345 Park Avenue**
> **New York, NY 10154**
> **Tel: 212-407-4815**
> **Fax: 212-937-4689**

**From:** Cremona, Nicholas [mailto:ncremona@bakerlaw.com]
**Sent:** Monday, September 14, 2015 9:59 AM
**To:** Gregory Schwed; Rollinson, James H.; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com);
ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com);
Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** RE: Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

Greg,

We are in receipt of your email and are considering your request. We expect to provide a response later this week. In the meantime, it would be helpful for the Trustee if you could identify the defendants on whose behalf you are seeking to intervene and the particular cases you are seeking to join to the Cohen proceeding. In addition, it would also be helpful if you could identify the similarly situated counsel you have been in contact with, the defendants they represent and which cases they are seeking to join to this proceeding to assist us in considering the scope of your request.

We look forward to hearing from you.

Thank you,
Nick

**Nicholas J. Cremona** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4682 | F 212.589.4201
ncremona@bakerlaw.com

---

**From:** Gregory Schwed [mailto:gschwed@loeb.com]
**Sent:** Friday, September 11, 2015 2:22 PM
**To:** Rollinson, James H.; Cremona, Nicholas; Wang, Ona Theresa
**Cc:** Paul Z. Lewis - Lewis & McKenna (PLewis@lewismckenna.com);
ggoett@lewismckenna.com; Richard A Kirby (richard.kirby@bakermckenzie.com);
Clinton, Laura K (Laura.Clinton@bakermckenzie.com); Daniel B. Besikof
**Subject:** Madoff – Picard v. Cohen - Adv. No. 10-04311 (SMB)

**We represent various good-faith defendants in avoidance actions brought by the Trustee.  It's recently come to our attention that the above-referenced adversary proceeding is scheduled for trial on October 14-16, 2015.  See Revised Joint Pretrial Order dated August 28, 2015 (Dkt. No.  11154; 080-1789-SMB).**

**The Pretrial Order indicates that the issues to be tried include the applicability and nature of (1) the "value" defense and (2) prejudgment interest, if any.**

**These are issues that vitally affect our clients (and many other good-faith defendants).  On behalf of our clients (and speaking for certain other similarly situated counsel who we have been in contact with), we ask if the Trustee would consent to our motion to intervene in this case.**

**We would seek to intervene only for the limited purpose of having an opportunity to brief these legal issues.  Our intervention would have no effect on the trial schedule, or the trial witnesses or exhibits.  (According to the Pretrial Order, it appears as if any briefing would take place only after the trial itself.)**

**Defendant has consented to such an intervention.**

**Needless to say, I'm happy to discuss the matter or provide more information, at your request.**

**Greg Schwed**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: 212-407-4815**
**Fax: 212-937-4689**

---

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT 9



**P. GREGORY SCHWED**
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4815
Main 212.407.4000
Fax 212.937.4689
gschwed@loeb.com

Via ECF and email (bernstein.chambers@nysb.uscourts.gov)

September 24, 2015

Honorable Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

     Re:    SIPC v. Bernard L. Madoff Investment Securities LLC, (Adv. Pro. No.
            08-01789) (SMB) – Picard v. Cohen (Adv. Pro. No. 10-04311 (SMB))

Dear Judge Bernstein:

The undersigned attorneys represent former customers ("Customers") of debtor, Bernard L.
Madoff Investment Securities LLC. The Trustee brought adversary proceedings against
Customers, in which he seeks to avoid prior transfers to Customers, either as initial or
subsequent transferees. The Trustee has repeatedly conceded that Customers acted in good faith
when they received the transfers at issue. All Customers have asserted in their respective
answers one or more defenses raising legal issues common to the defenses asserted in the above-
referenced *Cohen* adversary proceeding.

Pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and
Section 6(A) of the Litigation Procedures Order (Dkt No. 3141, dated November 10, 2010),
Customers seek leave to file a motion to intervene as defendants in the *Cohen* adversary
proceeding for the purpose of addressing the common legal issues that transcend the *Cohen* case
and apply equally to their own pending adversary proceedings. Specifically, Customers want to
be heard on two critical common legal issues raised in *Cohen*. The first is the scope of the
"value" defense under Section 548(c), which permits a Customer to retain amounts that can be
shown to have provided value to the debtor at the time of each alleged transfer under substantive
non-bankruptcy law, including defense theories involving the satisfaction of antecedent debts or
obligations; the adjustment of "value" conferred by Customers to reflect "constant dollars" or
inflation; and the effect of unavoidable obligations incurred by the Debtor. The second issue is
the availability and, if allowed, the rate and computation of prejudgment interest if a money
judgment is entered against a defendant in an adversary proceeding.

Under the Federal Rules of Civil Procedure, a motion to intervene under Rule 24 is the proper
procedural vehicle for Customers to seek leave to address common legal issues that vitally affect
multiple cases. Customers recognize that this Court and the District Court have already
addressed the scope of the value defense in prior proceedings. Each of those rulings, however,
was made in the context of a preliminary motion to dismiss. Customers believe that the *Cohen*
case will be the first instance where the Court will address the defense on its merits at trial.
Likewise, Customers believe that the prejudgment interest question has not been litigated in



these proceedings. Because these issues transcend the individual case and will affect Customers' own adversary proceedings, Customers seek to be heard on these issues now, at a point where their input could affect the outcome.

Further, if the *Cohen* case becomes the lead case to test the scope of the value defense or the prejudgment interest question in the Madoff proceedings, Customers wish to be heard with all the rights of a party in the district court and the court of appeals. The Second Circuit has reiterated that, regardless of the court's own views of the merits of the issue on which intervention is sought, the right to be heard on such an issue at a meaningful time is independent of the merits of the legal issues presented. *See Oneida Indian Nation v. New York*, 732 F.2d 261, 265 (2d Cir. 1984) ("[E]xcept for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention.") (citations omitted).

Customers recognize that Mr. Cohen and the Trustee will need to make a specific factual record as to how much the value defense permits him to reduce the Trustee's claims. Customers ask for no role in the development of that factual record. Thus, intervention will not delay the trial of this case, which would presumably unfold as planned in the August 28 Revised Joint Pretrial Order. Dkt. No. 11154. Customers' request is limited to the opportunity to be involved in any pre-trial or post-trial briefing, and related oral argument, where the merits of the common legal issues are addressed by the Court.

The Second Circuit has made clear that, even when a pending litigation may not directly bind the proposed intervenor, intervention as of right is required if "there is a substantial likelihood that the claims and interests of the proposed intervenors … may be adversely affected at least by principles of stare decisis, arising out of the final judgment to be entered in this case." *Oneida*, 732 F.2d at 265. Customers note that the amount in controversy in the *Cohen* matter is only $1.1 million. Thus, practical limitations on the resources of a single defendant may prevent or limit the effort that such a defendant can devote to these discrete issues. By contrast, Customers have many millions at stake on these two issues and are heavily motivated to vigorously pursue a final resolution. A final decision by this Court (and the appellate courts) made without Customers' participation could functionally impair Customers' ability to pursue the "value" defense in their cases. In the context presented here, intervention is appropriate.

Customers only recently learned of the *Cohen* case trial setting, and promptly thereafter requested the parties' consent to intervention on the two issues outlined above. Although the defendant has consented – indeed, welcomes Customers' intervention – both the Trustee and SIPC refused to do so. The Trustee's main expressed reason for refusing is that the "facts and circumstances" of the *Cohen* defendant's case may not be "uniform" with respect to all Customers seeking to intervene. While the specific facts of each adversary proceeding may differ, the relevant legal issues for any good-faith defendant do not. Customers accordingly view as mere pretext the Trustee's contention that the scope of the legal defenses or the treatment of prejudgment interest could conceptually differ from one good-faith defendant to another.



For all these reasons, intervention is fully warranted, both as of right under Bankruptcy Rule 7024(a)(2) and permissively under Rule 7024(b)(1)(B).  Customers are prepared to brief these issues on an expedited basis to suit the Court's schedule.  Moreover, intervention will promote efficient judicial administration by allowing these common issues to be addressed on a unified, rather than piecemeal, basis.  Intervention is consistent with the consolidated briefing of other key issues affecting multiple defendants, such as the application of the "securities contract/settlement payment" defense of Bankruptcy Code Section 546(e) and the question of the Trustee's standing.  Indeed, Judge Rakoff previously recognized that "value" defense issues merited consolidated proceedings.  This efficient and equitable practice should be continued here.

Counsel for the Customers are available for further discussion of the matter with the Court, and can submit such other information as may be helpful for the disposition of this request.

Respectfully submitted,

P. Gregory Schwed*
Partner

BAKER & MCKENZIE LLP*

By:  /s/
    Richard A. Kirby – Tel:  (202) 452-7020
    Email:  richard.kirby@bakermckenzie.com

MILBERG LLP*

By:  /s/
    Matthew A. Kupillas – Tel:  (212) 613-5697
    Email:  mkupillas@milberg.com

DENTONS*

By:  /s/
    Carole Neville – Tel:  (212) 768-6889
    Email:  carole.neville@dentons.com

PRYOR CASHMAN LLP*

By:  /s/
    Richard Levy Jr. – Tel:  (212) 326-0886
    Email:  rlevy@pryorcashman.com

cc:  Nicholas Cremona, Esq. (ncremona@bakerlaw.com)
    Baker & Hostetler
    (Counsel for the Trustee)

    Kevin Bell, Esq. (SIPC) (kbell@sipc.org)

    Paul Z. Lewis, Esq. (PLewis@lewismckenna.com)
    Lewis & McKenna
    (Counsel for defendant, Andrew Cohen)

*See Annex A for list of clients and adversary proceedings.

# ANNEX A

## ADVERSARY CASES HANDLED BY LOEB & LOEB LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Kenneth Evenstad Trust, et al. | 10-4342 |
| Picard v. Kenneth Evenstad Trust, et al. | 10-4933 |
| Picard v. Mark Evenstad Trust, et al. | 10-4512 |
| Picard v. MBE Preferred Ltd Partnership, et al. | 10-4952 |
| Picard v. Serene Warren Trust, et al. | 10-4514 |
| Picard v. SEW Preferred Ltd Partnership, et al. | 10-4945 |

## ADVERSARY CASES HANDLED BY BAKER & McKENZIE LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Lanx | 10-4384 |
| Picard v. Lowery | 10-4387 |
| Picard v. South Ferry | 10-4488 |
| Picard v. South Ferry | 10-4350 |
| Picard v. ZWD | 10-4374 |

## ADVERSARY CASES HANDLED BY DENTONS US LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Alvin Gindel Revocable Trust, et al. | 10-4925 |
| Picard v. America-Israel Cultural Foundation | 10-5058 |
| Picard v. BAM L.P., et al. | 10-4401 |
| Picard v. Barbara Berson | 10-4415 |
| Picard v. Estate of Jack Shurman, et al. | 10-5028 |
| Picard v. Eugene J. Ribakoff 2006 Trust, et al. | 10-5085 |
| Picard v. Laura E. Giggenheimer Cole | 10-4882 |
| Picard v. Sidney Cole | 10-4672 |
| Picard v. The Federica Ripley French Revocable Trust, et al. | 10-5424 |
| Picard v. James Greiff | 10-4357 |
| Picard v. Harold Hein | 10-4861 |
| Picard v. Toby T. Hobish, et al. | 10-5236 |
| Picard v. Ida Fishman Revocable Trust, et al. | 10-4777 |
| Picard v. Joel I. Gordon Revocable Trust | 10-4615 |
| Picard v. Lapin Children LLC | 10-5209 |
| Picard v. David Markin, et al. | 10-5224 |

| | |
|---|---|
| Picard v. Stanley Miller | 10-4921 |
| Picard v. The Murray Family Trust, et al. | 10-4510 |
| Picard v. Neil Reger Profit Sharing Keogh, et al. | 10-5424 |
| Picard v. Rose Gindel Trust, et al. | 10-4401 |
| Picard v. S&L Partnership, et al. | 10-4702 |
| Picard v. Barry Weisfeld | 10-4332 |

## ADVERSARY CASES HANDLED BY MILBERG LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Gary Albert | 10-4966 |
| Picard v. Aspen Fine Arts Co. | 10-4335 |
| Picard v. Gerald Blumenthal | 10-4582 |
| Picard v. Norton A. Eisenberg | 10-04576 |
| Picard v. Elbert R. Brown Trust, et al. | 10-5398 |
| Picard v. The Estate of Ira S. Rosenberg, et al. | 10-4978 |
| Picard v. P. Charles Gabriele | 10-4724 |
| Picard v. Stephen R. Goldenberg | 10-04946 |
| Picard v. Ruth E. Goldstein | 10-04725 |
| Picard v. The Joseph S. Popkin Revocable Trust, et al. | 10-4712 |
| Picard v. Potamkin Family Foundation I, Inc. | 10-5069 |
| Picard v. Mitchell Ross | 10-4723 |
| Picard v. Richard Roth | 10-5136 |
| Picard v. Jonathan Sobin | 10-4540 |
| Picard v. Harold A. Thau | 10-4951 |
| Picard v. The William M. Woessner Family Trust, et al. | 10-4741 |

## ADVERSARY CASES HANDLED BY PRYOR CASHMAN LLP

| Case Name | Docket Number |
|---|---|
| Picard v. Patrice M. Auld, et al. | 10-4343 |
| Picard v. Bernard Marden Profit Sharing Plan, et al. | 10-5429 |
| Picard v. Abraham J. Goldberg, et al. | 10-5439 |
| Picard v. Charlotte Marden Irrevocable Trust, et al. | 10-5118 |
| Picard v. James P. Marden, et al. | 10-4341 |
| Picard v. Marden Family Limited Partnership, et al. | 10-4348 |
| Picard v. Murray Pergament Trust, et al. | 10-5194 |
| Picard v. Stanley Plesent | 10-4375 |

# EXHIBIT 10

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

September 25, 2015

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:     *Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC,* Ad. Pro. No. 08-01789 (SMB) – *Picard v. Cohen* (Adv. Pro. No. 10-04311) (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA").

We write in response to a letter dated September 24, 2015 submitted to Your Honor by Loeb & Loeb LLP, Baker & McKenzie LLP, Milberg LLP, Dentons US LLP, and Pryor Cashman LLP on behalf of certain defendants in adversary proceedings ("Defendants"). Defendants seek leave under the Litigation Procedures Order (ECF No. 3141), to move to intervene as defendants in the *Cohen* adversary proceeding ("Request to Intervene") on two legal issues: (1) the scope of the "value defense" under Section 548(c) of the Bankruptcy Code and (2) the availability and the rate and computation of prejudgment interest if a money judgment is entered against a defendant. As discussed below, Defendants are and have been more than fairly and adequately heard or represented on legal issues affecting their cases. If granted, the Request to Intervene would result in a procedurally improper motion that would cause prejudice and delay to both the Trustee and the net loser victims.

As a threshold matter, the Request to Intervene is improper because it is predicated on the false premise that there is a "value" defense in fictitious profits cases – which there is not – and that such issue will be briefed yet again in the context of this or any other adversary proceeding to recover fictitious profits. These Defendants have unsuccessfully litigated the "value" issue numerous times already in this liquidation proceeding starting as early as June 24, 2011 as grounds for withdrawal of the reference to the

Hon. Stuart M. Bernstein
September 25, 2015
Page 2

Bankruptcy Court,[1] and were subsequently raised again in motions to dismiss beginning in November 11, 2011.[2] The District Court considered and rejected every single "value" defense articulated in the Request to Intervene in two prior decisions.  First, in *Picard v. Greiff*, 476 B.R. 715, 725 (S.D.N.Y. 2012), which resolved motions to dismiss filed by the same Defendants represented by three of the signatories to the Request to Intervene, namely Milberg LLP, Dentons, and Pryor Cashman LLP; the District Court concluded that transfers from BLMIS that "exceeded the return of defendants' principal, *i.e.*, that constituted profits, were not 'for value.'"  Subsequently, Judge Rakoff considered and rejected each and every one of the "value" arguments raised by these Defendants – all of whom participated in the consolidated proceeding in the District Court – a second time when that Court held any such claims "did not provide value as against the BLMIS customer property estate under SIPA." *In re Madoff Sec.*, 499 B.R. 416, at 422 n. 6 (S.D.N.Y. 2013) ("Antecedent Debt Decision"). Notwithstanding, these very same Defendants – for the third time – asserted the exact same arguments in the Omnibus Good Faith Motions to Dismiss before this Court.  Defendants improperly assert that the value analyses exhausted by this Court and the District Court could not have been sufficiently substantive but in Your Honor's decision issued on June 2, 2015, this Court made matters unequivocally clear when it held that "[t]hose moving defendants that participated in the withdrawal of the reference of the antecedent debt/value issue have had their day in court and Judge Rakoff's decisions are law of the case."[3]

As for the prejudgment interest issue, Your Honor has recognized that such interest is generally available in avoidance actions, and whether it is appropriate in any case such as the *Cohen* matter, is based on the specific facts and circumstances of that case, and is within the full discretion of the Court.  *See e.g., In re Teligent, Inc.,* 380 B.R. 324, 344 (Bankr. S.D.N.Y. 2008) (Bernstein, C.J.) (citing *Hechinger Inv. Co. of Del., Inc. v. Universal Forest Prods., Inc. (In re Hechinger Inv. Co. of Del., Inc.),* 489 F.3d 568, 579–80 (3d Cir. 2007)).  These Defendants have no standing to argue whether prejudgment interest is appropriate in the *Cohen* case, under those unique facts to be demonstrated at trial, which include transfers from Mr. Cohen's BLMIS accounts and what Mr. Cohen may have done with the proceeds of such transfers.  Since these Defendants will not be bound by any finding of this Court concerning prejudgment interest based on those unique facts and circumstances determined at trial, they will likewise not be prejudiced in any way.  Indeed, these Defendants will have their day in court to argue whether any such prejudgment interest is appropriate in their individual adversary proceedings consistent with the Litigation Procedures Order, *i.e.*, after discovery and mediation of their individual case.

To grant the Request to Intervene would mean the *Cohen* case— a case that is trial ready under the Litigation Procedures Order—"can't move any faster than the slowest case," especially given that some of

---

[1] *See e.g., Picard v. Blumenthal,* No. 11- Civ-04293 (JSR) (S.D.N.Y. June 24, 2011), ECF No. 2 (Milberg LLP); *Picard v. Goldman,* No. 11-Civ-04959 (JSR) (S.D.N.Y. July 19, 2011), ECF No. 2 (Pryor Cashman LLP); *Picard v. Hein,* No. 11- Civ-04936 (JSR) (S.D.N.Y. July 19, 2011), ECF No. 1-1 (Dentons).

[2] *See e.g., Picard v. Blumenthal,* No. 11- Civ-04293 (JSR) (S.D.N.Y. Nov. 11, 2011), ECF No. 15-1 (Milberg LLP); *Picard v. Goldman,* No. 11- Civ-04959 (JSR) (S.D.N.Y. Jan. 4, 2014), ECF No. 24 (Pryor Cashman LLP); *Picard v. Hein,* No. 11-Civ-04936 (JSR) (S.D.N.Y. Jan. 4, 2014), ECF No. 19 (Dentons).

[3] *In re Madoff Sec.,* 531 B.R. 439, 466 (Bankr. S.D.N.Y. 2015) ("Omnibus Good Faith Decision") citing *Antecedent Debt Decision*, 499 B.R. at 430.

Defendants' cases have not yet entered discovery.[4] This would further prevent Your Honor from deciding any issue until every last defendant is heard on any particular issue. As Your Honor has previously noted on the record several times, it is simply not feasible for a case of this magnitude to efficiently proceed in that manner.

The trial in *Cohen* has been scheduled so that the Trustee may make a factual record proving the elements of his claim under Bankruptcy Code section 548(a)(1)(A), and for Mr. Cohen to have the opportunity to challenge the Trustee's proof. This is not a forum for Mr. Cohen, or any of the Defendants, to raise frivolous legal arguments that have been foreclosed by the law of this case. This is especially true for Mr. Cohen, who participated in the consolidated briefings and is bound by the Antecedent Debt Decision. *See Omnibus Good Faith Decision,* 531 B.R. at 466 citing *Antecedent Debt Decision*, 499 B.R. at 430 (noting the mandate from the District Court concerning the "value" issues). The Trustee submits that to allow the Request to Intervene will facilitate an abuse of the judicial process and cause unnecessary delay and prejudice. Indeed, it would highly prejudicial to the Trustee's trial preparation to have to engage in an immediate and compressed briefing schedule at this late stage to address the merits of the Request to Intervene.

In addition, to be clear, the Revised Joint Pretrial Order in the *Cohen* matter establishing the trial schedule was not only filed in the adversary proceeding (ECF No. 55), but also in the main bankruptcy docket as of August 28, 2015 (ECF No. 11154). In addition, the notices of the final pre-trial conference were similarly filed in the main bankruptcy docket on April 29, 2015, May 18, 2015, and again on July 15, 2015 (ECF Nos. 9897, 10011, 10668). Rather than promptly making the Request to Intervene immediately after any one of these filings, Defendants waited until nearly two weeks before trial. In short, the Request to Intervene seeks to circumvent the Litigation Procedures Order, which was put in place to provide for the orderly administration of the adversary proceedings and prevent such an abuse of process. Likewise, the Request to Intervene completely disregards the law of this case as recognized by this Court.

For all these reasons, the Trustee submits there is no basis to intervene in the *Cohen* matter before this Court. We are available to discuss any questions regarding the foregoing.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):
        David J. Sheehan
        Kevin H. Bell

---

[4] *See* Hearing Re: Conference Re: Request for Consolidated Briefing, at 41:8-15, *In re Madoff Sec.,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 14, 2014).

Hon. Stuart M. Bernstein
September 25, 2015
Page 4

        P. Gregory Schwed
        Richard A. Kirby
        Matthew A. Kupillas
        Carole Neville
        Richard Levy